UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., | Case No.: 22-17842-PDR |
|     Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| BANG ENERGY CANADA, INC., | Case No. 22-17844-PDR |
|     Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| JHO INTELLECTUAL PROPERTY HOLDINGS, LLC, | Case No. 22-17845-PDR |
|     Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| JHO REAL ESTATE INVESTMENT, LLC, | Case No. 22-17847-SMG |
|     Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| QUASH SELTZER, LLC, | Case No. 22-17848-SMG |
|     Debtor. | |
| _____/ | |

11582441-1

IN RE:                                              Chapter 11 Case

RAINBOW UNICORN BEV LLC,                            Case No. 22-17849-SMG

     Debtor.

_____/

IN RE:                                              Chapter 11 Case

VITAL PHARMACEUTICALS INTERNATIONAL                 Case No. 22-17850-PDR
SALES, INC.,

     Debtor.

_____/

## DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors")[1], by and through their proposed undersigned counsel, pursuant to sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1015-1(A), 5005-1(G)(1)(a) and 9013-1(C)(14), file this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit "A"** authorizing the joint administration of their chapter 11 cases. In support of this Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Pleadings* (the "<u>First Day Declaration</u>"), which has been filed with the Court on the date hereof and incorporated herein by reference, and respectfully represent as follows:

## Preliminary Statement

1.      The Debtors estimate that, among the seven debtor entities, there exists approximately 10,500 creditors and parties-in-interest in these chapter 11 cases. Joint administration will allow for the efficient and convenient administration of these chapter 11 cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest.  In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court.  The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined herein).  The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion.  The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rule 1015(b) of the Bankruptcy Rules and Local Rules 1015-1(A), 5005-1(G)(1)(a) and 9013-1(C)(14).

11582441-1

**Background**

3.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.     The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

**Relief Requested**

6.     The Debtors seek entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to sections 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 and Local Rules 1015-1(A), 5005-1(G)(1)(a) and 9013-1(C)(14).

7.     The Debtors specifically request that their chapter 11 cases be jointly administered under the case of Vital Pharmaceuticals, Inc. ("VPX").

8.     The Debtors also request that if the cases are initially assigned to different judges, that the cases be transferred to the judge to whom the VPX case was assigned.

**Basis for Relief**

9.     Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Bankruptcy Rule 1015(b).

10.     As described in the First Day Declaration, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  The Debtors operate as an integrated global

11582441-1

business with common ownership and control.  The Debtors also share a number of financial and operational systems.  As a result, many of the motions, hearings and orders that will arise in these cases will affect all of the Debtors.

11.     Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004);  *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982).  While the Debtors constitute separate and distinct entities, the issues that will be addressed in these chapter 11 cases will be related and overlapping.  Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

12.     The Debtors submit that joint administration of their chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

13.     The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course.  Moreover, each creditor may still file its proof of claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be

11582441-1

simplified. Given the foregoing, joint administration of these chapter 11 cases will not give rise to any conflict of interest among the estates in these cases and will allow for a more cost effective and streamlined process.

14.     The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc. The docket of Vital Pharmaceuticals, Inc. (Case No. 22-17842-PDR) should be consulted for all matters affecting this case.

15.     Therefore, a single docket shall be maintained by the Clerk of the Court under the case number of the case designated herein as the "lead case."  Parties in interest shall file all documents (other than proofs of claims, ballots and schedules) in the designated "lead case."

16.     Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates, and other parties-in-interest.

**WHEREFORE**, the Debtors respectfully request entry of an order, in the form annexed hereto as **Exhibit "A**," authorizing the joint administration of these chapter 11 cases for procedural purposes only and granting such other and further relief as is just and equitable.

6

11582441-1

Dated:    October 10, 2022
       Miami, Florida                 Respectfully submitted,

                                        */s/ Jordi Guso*

George A. Davis (*pro hac vice* pending)     Jordi Guso
Tianjiao ("TJ") Li (*pro hac vice* pending)     Florida Bar No. 863580
Brian S. Rosen (*pro hac vice* pending)     Michael J. Niles
Jonathan J. Weichselbaum (*pro hac vice* pending)     Florida Bar No. 107203
**LATHAM & WATKINS LLP**     **BERGER SINGERMAN LLP**
1271 Avenue of the Americas     1450 Brickell Avenue, Suite 1900
New York, NY 10020     Miami, FL 33131
Telephone:  (212) 906-1200     Telephone:  (305) 755-9500
Email:  george.davis@lw.com     Email:  jguso@bergersingerman.com
        tj.li@lw.com                       mniles@bergersingerman.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Jeramy D. Webb (*pro hac vice* pending)
Whit Morley (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jeramy.webb@lw.com
        whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

**<u>EXHIBIT "A"</u>**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., | Case No.: 22-17842-PDR |
| Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| BANG ENERGY CANADA, INC., | Case No. 22-1784-PDR |
| Debtor. | |
| _____/ | |
| IN RE: | Chapter 11 Case |
| JHO INTELLECTUAL PROPERTY HOLDINGS, LLC, | Case No. 22-17845-PDR |
| Debtor. | |
| _____/ | |

| IN RE: | Chapter 11 Case |
|---|---|
| JHO REAL ESTATE INVESTMENT, LLC, | Case No. 22-17847-SMG |
| Debtor. | |
| _____/ | |

| IN RE: | Chapter 11 Case |
|---|---|
| QUASH SELTZER, LLC, | Case No. 22-17848-SMG |
| Debtor. | |
| _____/ | |

| IN RE: | Chapter 11 Case |
|---|---|
| RAINBOW UNICORN BEV LLC, | Case No. 22-17849-SMG |
| Debtor. | |
| _____/ | |

| IN RE: | Chapter 11 Case |
|---|---|
| VITAL PHARMACEUTICALS INTERNATIONAL SALES, INC., | Case No. 22-17850-PDR |
| Debtor. | |
| _____/ | |

## ORDER GRANTING DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

**THIS MATTER** having come before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. ___] (the "Motion")[1] filed by Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital

---

[1]  Any term not explicitly defined herein shall have the meaning ascribed to it in the Motion.

Pharmaceuticals International Sales, Inc. (collectively, the "Debtors")[2], pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(A)(2)(a). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; (vi) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vii) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is

**ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered. The case of Vital Pharmaceutical, Inc., Case No. 22-17842-PDR is designated as the "lead case." Case Nos. 22-17847-SMG, 22-17848-SMG, and 22-17849-SMG are transferred to the undersigned judge.

---

[2] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

3.      A single case docket and court file will be maintained hereafter under the "lead case" number.

4.      Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5.      The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                        Chapter 11 Cases

VITAL PHARMACEUTICALS, INC.,                    Case No. 22-17842-PDR
*et al.*,
                                                              (Jointly Administered)
            Debtors.
_____/

6.      Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed.  Claims filed shall indicate only the case name and number of the case in which the claim is asserted.  Separate claims registers shall be maintained for each case.  Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed.  Schedules and the statement of financial affairs shall be styled and filed in the case name and number of the member case.

7.      Parties may request joint hearings on matters pending in either of the jointly administered cases.

11582533-1                                    4

8.      A docket entry shall be made in each of the Debtors' cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc. The docket of Vital Pharmaceuticals, Inc. (Case No. 22- 17842) should be consulted for all matters affecting this case.

9.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

10.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

11.      The Debtors in Possession shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

12.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

#   #   #

Submitted by:

Jordi Guso, Esq.
BERGER SINGERMAN LLP
*Proposed Local Counsel for Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

6