UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-_____ |
| Debtors. _____/ | (Joint Administration Pending) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND CONSOLIDATED LIST OF THE TOP THIRTY UNSECURED CREDITORS**
**(Expedited Hearing Requested)**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion for entry of an order substantially in the form attached hereto as **Exhibit "A"**, (a) authorizing, but not requiring, the Debtors to (i) file and maintain a consolidated creditor list and mailing matrix (the "Creditor Matrix"), in lieu of a separate creditor list and mailing matrix for each Debtor, and (ii) a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor. In support of this Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* (the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11671743-1

"First Day Declaration") filed on the Petition Date (as defined herein), and respectfully represent as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

3. The statutory predicates for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Bankruptcy Rules 1007, 2002, and 9013-1.

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested

7. By this Motion, the Debtors request entry of an Order authorizing, but not directing, the Debtors to (i) file and maintain a consolidated Creditor Matrix in lieu of a separate creditor list and mailing matrix for each Debtor, and (ii) file a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor.

**Basis for Relief and Applicable Authority**

A. **Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

8. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-2(a) and the *Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices* require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor at the time the petition is filed. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty largest unsecured claims against the debtor.

9. In these cases, authorizing the Debtors to file a consolidated Creditor Matrix, in lieu of a separate creditor list and mailing matrix for each Debtor is warranted. The Debtors operate as an integrated business and share cash management and operational systems. Because the Debtors have thousands of creditors and other parties-in-interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be an unnecessarily burdensome and time consuming task and would greatly increase the risk of error with respect to information already on computer systems maintained by the Debtors and their agents. Moreover, with respect to the top unsecured creditor lists, the Debtors submit that filing separate top 20 unsecured creditor lists for each Debtor—instead of one consolidated list of the Debtors' top 30 unsecured creditors—would be of limited utility and potentially duplicative to an extent, especially in comparison to the time and expense it would cost to compile separate lists when the Debtors' management are trying to facilitate a smooth transition into chapter 11.

10. Instead, the Debtors, in consultation with Stretto, Inc. ("Stretto"), their proposed claims, noticing and solicitation agent, have prepared a single, consolidated list of the Debtors' creditors in electronic format. The Debtors are prepared to make the Creditor Matrix available in

electronic form to any party-in-interest who requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Bankruptcy Court.

**B. Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors.**

11. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors, in lieu of a separate list of the top 20 unsecured creditors of each Debtor.

12. Compiling separate top 20 creditor lists for each individual Debtor would be of limited utility and potentially duplicative to an extent, especially in comparison to the time and expense it would cost to compile separate lists when the Debtors' management are trying to facilitate a smooth transition into chapter 11. Further, the Debtors believe a single, consolidated list of the Debtors' 30 largest unsecured, non-insider creditors will aid the United States Trustee for Region 21 (the "U.S. Trustee") in its efforts to communicate with these creditors. Filing a single consolidated list of the 30 largest unsecured creditors in these chapter 11 cases is therefore appropriate.

13. Courts in various jurisdictions have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g., In re TPC Group Inc., et al.,* Case No. 22-10493 (CTG) (Bankr. D. Del. June 30, 2022); *In re First Guaranty Mortgage Corporation, et al.,* Case No. 22-10584 (CTG) (Bankr. D. Del. June 1, 2022); *In re Frontier Commc'ns. Corp.*, Case No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020)*; In*

re *Pareteum Corp.*, Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022); *In re Creative Hairdressers, Inc., et al.,* Case No. 20-14583-TJC (Bankr. D. Maryland April 27, 2020); *In re Speedcast International Limited, et al.,* Case No. 20-32243 (MI) (Bankr. S.D. Tex. April 23, 2020); *In re MD Helicopters, Inc., et al.,* Case No. 22-10263 (KBO) (Bankr. D. Del. April 20, 2022); *In re Deluxe Entm't Servs. Grp., Inc.*, Case No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019); *In re Patriot National, Inc., et al.*, Case No. 18-10189 (KG) (Bankr. D. Del. Feb. 1, 2018).

14. Courts in various jurisdictions have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates. *See, e.g., In re TPC Group Inc., et al.,* Case No. 22-10493 (CTG) (Bankr. D. Del. June 30, 2022); *In re First Guaranty Mortgage Corporation, et al.,* Case No. 22-10584 (CTG) (Bankr. D. Del. June 1, 2022); *In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020); *In re Pareteum Corp.*, Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022); *In re Creative Hairdressers, Inc., et al.,* Case No. 20-14583-TJC (Bankr. D. Maryland April 27, 2020); *In re Speedcast International Limited, et al.,* Case No. 20-32243 (MI) (Bankr. S.D. Tex. April 23, 2020); *In re MD Helicopters, Inc., et al.,* Case No. 22-10263 (KBO) (Bankr. D. Del. April 20, 2022); *In re Deluxe Entm't. Servs., Inc.*, No. 19-23774 (RDD) (Bankr. S.D. N.Y. Oct. 9, 2019); *In re Patriot National, Inc., et al.*, Case No. 18-10189 (KG) (Bankr. D. Del. Feb. 1, 2018).

### **Reservation of Rights**

15. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an implication or admission as to the validity of any particular claim against any Debtor or the existence of any lien (contractual, common law, statutory, or otherwise); (b) a waiver of the

11671743-1

Debtors' or any other party-in-interest's rights to dispute any particular claim or lien (contractual, common law, statutory, or otherwise) on any grounds (and all rights to dispute any such claim or lien and to contest the extent, validity, or perfection or seek avoidance of any such lien are expressly reserved); (c) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (d) a promise or requirement to pay any particular claim; (e) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (f) an approval, assumption, adoption, or rejection of, or request or authorization to approve, assume, adopt, or reject, any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (g) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law. If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order in the form attached hereto as **Exhibit "A"** (i) granting this Motion; (ii) authorizing, but not requiring, the Debtors to file and maintain a consolidated Creditor Matrix, in lieu of a separate creditor list and mailing matrix for each Debtor; (iii) authorizing, but not requiring, the Debtors to file a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor; and (iv) granting such other and further relief as the Court deems just and proper.

11671743-1

| | |
|---|---|
| Dated: October 10, 2022<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |

George A. Davis (*pro hac vice* pending)     Jordi Guso
Tianjiao ("TJ") Li (*pro hac vice* pending)     Florida Bar No. 863580
Brian S. Rosen (*pro hac vice* pending)     Michael J. Niles
Jonathan J. Weichselbaum (*pro hac vice* pending)     Florida Bar No. 107203
**LATHAM & WATKINS LLP**     **BERGER SINGERMAN LLP**
1271 Avenue of the Americas     1450 Brickell Avenue, Suite 1900
New York, NY 10020     Miami, FL 33131
Telephone: (212) 906-1200     Telephone: (305) 755-9500
Email: george.davis@lw.com     Email: jguso@bergersingerman.com
       tj.li@lw.com            mniles@bergersingerman.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Jeramy D. Webb (*pro hac vice* pending)
Whit Morley (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: jeramy.webb@lw.com
       whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

11671743-1

**EXHIBIT "A"**

**(Proposed Order)**

11671743-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-_____

    Debtors.                                                            (Joint Administration Pending)
_____/

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND CONSOLIDATED LIST OF THE TOP THIRTY <u>UNSECURED CREDITORS</u>**

**THIS MATTER** came before the Court on October ___, 2022 at _____ a.m./p.m., in Fort Lauderdale, Florida, upon the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11671862-1

*Thirty Unsecured Creditors* [ECF No. _____] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order (a) authorizing, but not requiring, the Debtors to (i) file and maintain a consolidated Creditor Matrix, in lieu of a separate creditor list and mailing matrix for each Debtor; and (ii) a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

    **ORDERED** as follows:

    1.    The Motion is **GRANTED**.

    2.    The Debtors are authorized, but not directed, to file and maintain a consolidated Creditor Matrix, and the requirements under Bankruptcy Code § 521(a)(1), Bankruptcy Rule 1007(a)(1), Local Rule 1007-2 and the *Clerk's Instructions for Preparing, Submitting and Obtaining Services Matrices*, that each Debtor file a separate list of creditors and upload a separate mailing matrix on this Court's electronic filing system are waived.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

3. The Debtors are authorized, but not directed, to file a consolidated list of their top thirty (30) unsecured creditors in lieu of each Debtor filing a list of its top twenty (20) unsecured creditors.

4. As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these chapter 11 cases (the "<u>Claims and Noticing Agent</u>"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated Creditor List and make such consolidated Creditor List available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party in interest's sole cost and expense).

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*