UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]     Case No.: 22-_____

      Debtors.                                          (Joint Administration Pending)

_____/

### DEBTORS' EMERGENCY MOTION  FOR APPROVAL OF FORM OF NOTICE OF COMMENCEMENT AND PROOF OF CLAIM (Emergency Hearing Requested)

#### Statement of Exigent Circumstances

The Debtors respectfully request the Court conduct an emergency hearing on this Motion. The Debtors wish to provide creditors notice of the commencement of these chapter 11 cases and the bar dates for the filing of Proofs of Claim. The Debtors reasonably believe that a hearing to consider the relief requested must be held as soon as the Court's calendar will permit. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through proposed undersigned counsel, file this *Debtors' Emergency Motion for Approval of Form of Notice of Commencement of Cases and Proof of Claim* (the "Motion"). The Motion requests the entry of an order approving the form of notice of the commencement of these

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11594537-4

chapter 11 cases and the Proof of Claim.  In support of this Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") which was filed concurrently herewith, and respectfully represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a) and 502(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002(a)(7), 3003(c)(3), 3018(a), 6003 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4.      On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

### Relief Requested and Basis Therefor

7.      The Debtors respectfully request entry of an order approving the form of notice of commencement of these chapter 11 cases and the Proof Claim Form (as defined below).

11594537-4

A.    **Parties Required to File Proofs of Claim**

8.    The Debtors propose that the bar dates set forth in the form Proof of Claim (collectively, the "Bar Dates") substantially in the same form attached hereto as **Exhibit A** (the "Proof of Claim Form"), apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors (whether secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

> a.    Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules (the "Schedules") and that desires to assert a Claim against the Debtors that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

> b.    Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

> c.    Any Person or Entity whose Claim is not listed in the applicable Debtors' Schedules.

9.    The Debtors request that they retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

10.    The Debtors further request that pursuant to Bankruptcy Rule 3003(c)(2), any

11594537-4

Person or Entity that is required to file a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

**B.**     **Procedures for Filing Proof of Claim**

11.     In providing notice of the Bar Dates, the Debtors will provide to holders of Claims a customized Proof of Claim Form. Subject to Court approval, the Debtors have retained Stretto, Inc. as their official claims and noticing agent (the "Claims and Noticing Agent").  The Debtors propose that for any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the applicable Bar Dates.

12.      If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

13.     The Debtors propose that all persons and entities asserting Claims against more than one Debtor be required to submit a separate Proof of Claim Form with respect to each applicable Debtor.  If persons and entities are permitted to assert Claims against more than one Debtor in a single Proof of Claim Form, the Claims and Noticing Agent may have difficulty maintaining separate Claim registers for each Debtor and all Debtors will be required to object to a Proof of Claim Form that may be applicable to only one of the Debtors.  Likewise, persons and

11594537-4

entities should be required to identify on each Proof of Claim Form the particular Debtor against which their Claim is asserted. Requiring parties to identify the Debtor against which a Claim is asserted will greatly expedite the Debtors' review of Proof of Claim Forms in these cases.  This requirement will not be unduly burdensome on claimants since they know or should know the identity of the Debtor against which they assert a Claim.

14.    In addition, the Debtors propose that all persons and entities asserting Claims against the Debtors be required to file the Proof of Claim Forms in English and in U.S. dollars. If a person or entity does not specify the amount of its Claim in U.S. dollars, the Debtors propose that they reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtors deem another date to be more appropriate.

C.    **Procedures for Providing Notice of Commencement of Chapter 11 Cases and Bar Dates**

15.    The Debtors seek to ensure that all interested parties receive appropriate notice of commencement of these chapter 11 cases and the applicable Bar Dates.   To determine the adequacy of the notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *See In re S.N.A. Nut Co.*, 198 B.R. 541 (Bankr. N.D. Ill. 1996); *In re Dartmoor Homes, Inc.*, 175 B.R. 659 (Bankr. N.D. Ill. 1994); *In re Envirodyne Indus., Inc.*, 206 B.R. 468 (Bankr. N.D. Ill. 1997). As the Court in *S.N.A. Nut* explained:

> When a creditor is unknown to the debtor, publication notice of the claims bar date will satisfy the requirements of due process . . . However, if a creditor is known to the debtor, notice by publication is not constitutionally reasonable and actual notice of the relevant bar dates must be afforded to the creditor.

*S.N.A. Nut*, 198 B.R. at 543-544.  The Supreme Court has characterized a "known" creditor as one whose identity is either known or is "reasonably ascertainable by the debtor." *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988).  An "unknown" creditor is

11594537-4

one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

16.    In defining the efforts required to identify "known" creditors, the Bankruptcy Court in *Envirodyne Indus.* stated:

> The debtor is under an obligation to make reasonably diligent efforts to identify creditors and their claims . . . Reasonable diligence depends on the context. The requisite search focuses on the debtor's own books and records . . . It does not require that a debtor engage in impracticable and extended searches . . . in the name of due process . . . It is not the debtor's duty to search out every conceivable or possible creditor and urge that person to make a claim against it.

*Id.*, 206 B.R. at 473-74. As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" *In re The Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock* (*In re Robintech, Inc.*), 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811 (1989)).

17.    The Debtors propose to provide actual written notice of the commencement of these chapter 11 cases and the Bar Dates to all known persons and entities holding Claims for whom the Debtors have an actual deliverable address.

18.    In giving actual notice to known Persons and Entities who may have a Claim, the Debtors propose to give notice of the commencement of these chapter 11 cases and Bar Dates, substantially in the form of the notice attached as **Exhibit B** (the "Bar Date Notice"), in accordance with Bankruptcy Rule 9007, so that the Bar Date Notice is served by first class mail within ten (10) business days after entry of an Order granting this Motion.

11594537-4

**E.**     **Publication Notice of Chapter 11 Bankruptcy Case and Bar Dates**

19.    Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement the notice. Further, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used and the frequency of publication.

20.    In order to provide supplemental notice and notice to creditors for which the Debtors may not have a deliverable address, or unknown creditors, the Debtors also propose to publish the Bar Date Notice twice, (a) first, not more than ten (10) business days after entry of an Order granting this Motion on the Court's docket and (b) second, not later than thirty (30) days prior to the General Bar Date, in the publication listed in **Exhibit "C"** (the "Publication Notice").

21.    The publications listed in **Exhibit "C"** were selected because these publications have broad readership and distribution and will likely reach unknown Persons and Entities that may assert Claims against the Debtors.

22.    The Debtors request that the Court determine that Persons and Entities for which the Debtors have no deliverable mailing address and that may assert a Claim against the Debtors be deemed to have received adequate and sufficient notice by publication which is reasonably calculated under the circumstances to apprise them of the Bar Dates for filing Proof of Claim Forms.

**F.**     **Form of Notice of the Bar Dates**

23.    The Bar Date Notice and the Publication Notice will:

    a.    advise creditors and other parties in interest of the commencement of these chapter 11 cases;

7

b.   advise potential creditors that they must file a Proof of Claim under Bankruptcy Rules 3002(a) and 3003(c)(2);

c.   alert such potential creditors to the consequences of failing to timely file a Proof of Claim as set forth in Bankruptcy Rule 3003(c)(2);

d.   specify the form to be used in filing a Proof of Claim;

e.   set forth the Bar Dates;

f.   set forth the address for filing a Proof of Claim;

g.   specify that Proofs of Claim must be filed with original signatures and not by facsimile; and

h.   specify that separate Proofs of Claim must be filed with respect to each Debtor.

24.    Accordingly, the Bar Date Notice and the Publication Notice will provide creditors with notice of the commencement of these chapter 11 cases and sufficient information to allow them to timely file a properly prepared and executed Proof of Claim.

**WHEREFORE**, the Debtors respectfully request that the Court hear this Motion on an emergency basis and enter an order in the form attached hereto as **Exhibit D,** (i) granting the relief requested in this Motion; and (ii) granting such other relief as the Court deems just and

proper.

Dated: October 10, 2022
     Miami, Florida

George A. Davis (*pro hac vice* pending)
Tianjiao ("TJ") Li (*pro hac vice* pending)
Brian S. Rosen (*pro hac vice* pending)
Jonathan J. Weichselbaum (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Jeramy D. Webb (*pro hac vice* pending)
Whit Morley (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jeramy.webb@lw.com
       whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*

Jordi Guso
Florida Bar No.  863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
       mniles@bergersingerman.com

*Proposed Co-Counsel for the Debtors*

9

11594537-4

## **Exhibit A**

**PROOF OF CLAIM FORM**

11594537-4

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

| Name of Debtors | Case Numbers |
|---|---|
| **VITAL PHARMACEUTICALS, INC.,** *et al.* | **Case No.  22-_____ through 22-_____** (Jointly Administered) |

Indicate Debtor against which you assert a claim by checking the appropriate box below.

**(Check only one Debtor per claim form)**

| Name of Debtor | Case Number |
|---|---|
| ☐  Vital Pharmaceuticals, Inc. | Case No. 22-_____ |
| ☐  Bang Energy Canada, Inc. | Case No. 22-_____ |
| ☐  JHO Intellectual Property Holdings, LLC | Case No. 22-_____ |
| ☐  JHO Real Estate Investment, LLC | Case No. 22-_____ |
| ☐  Quash Seltzer, LLC | Case No. 22-_____ |
| ☐  Rainbow Unicorn Bev LLC | Case No. 22-_____ |
| ☐  Vital Pharmaceuticals International Sales, Inc. | Case No. 22-_____ |

Page 1

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:    Identify the Claim

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes.  From whom? _____ |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br><br>Number    Street _____<br><br>City         State      Zip Code<br><br>Contact phone _____<br>Contact email _____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br><br>Number    Street _____<br><br>City         State      Zip Code<br><br>Contact phone _____<br>Contact email _____ |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____    Filed on ____ MM / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.   Who made the earlier filing? _____ |

Page 2

**Part 2:**     **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. **How much is the claim?**

$_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**     $_____

    **Amount of the claim that is secured:**     $_____

    **Amount of the claim that is unsecured:**   $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**    $_____

    **Annual Interest Rate** (when case was filed)_____%

    ☐ Fixed

    ☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* |

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

**Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

Signature _____

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name          Middle name          Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

Contact phone _____          Email _____

**Mail Claim Form to:   Vital Pharmaceuticals, Inc., et al Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or file your claim electronically via the following case website:  https://cases.stretto.com/VitalPharmaceuticals.**

**Exhibit B**

**NOTICE OF CHAPTER 11 BANKRUPTCY CASE AND BAR
DATES FOR THE FILING OF PROOFS OF CLAIM**

11594537-4

INFORMATION to identify the case:

United States Bankruptcy Court, Southern District of Florida        Date cases filed for chapter 11: **10/10/22**

## Official Form 309F1 (For Corporations or Partnerships)
## Notice of Chapter 11 Bankruptcy Case

| Name of Debtor | Other Names Used by the Debtors (if any) | EIN | Case No. |
|---|---|---|---|
| Vital Pharmaceuticals, Inc. | d/b/a Bang Energy<br>d/b/a VPX Sports<br>d/b/a Redline<br>d/b/a Quash Life Lift<br>d/b/a VPX<br>d/b/a VPX/Redline | 65-0668430 | Case No. 22-_____ |
| Bang Energy Canada, Inc. | | 83-4135454 | Case No. 22-_____ |
| JHO Intellectual Property Holdings, LLC | | 82-3700010 | Case No. 22-_____ |
| JHO Real Estate Investment, LLC | | 84-2849394 | Case No. 22-_____ |
| Quash Seltzer, LLC | d/b/a Mixx<br>d/b/a Bang the Fixx<br>d/b/a Bang the Fixx Hard Seltzer<br>d/b/a Fixx Seltzer<br>d/b/a The Fixx Seltzer<br>d/b/a Fixx Hard Seltzer<br>d/b/a The Fixx Hard Seltzer<br>d/b/a Bang Seltzer<br>d/b/a Bang Hard Seltzer | 85-2336501 | Case No. 22-_____ |
| Rainbow Unicorn Bev LLC | | 88-2632254 | Case No. 22-_____ |
| Vital Pharmaceuticals International Sales, Inc. | | 81-0918019 | Case No. 22-_____ |

**For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See box    8 below for more information.)

**You may want to consult an attorney to protect your rights. The bankruptcy clerk's office staff cannot give legal advice. Do not file this notice with any proof of claim or other filing in the case.**

<u>**WARNING TO DEBTOR**</u>: **WITHOUT FURTHER NOTICE OR HEARING THE COURT MAY DISMISS YOUR CASE FOR FAILURE OF THE DEBTOR TO APPEAR AT THE MEETING OF CREDITORS OR FAILURE TO TIMELY FILE REQUIRED SCHEDULES, STATEMENTS OR LISTS.**

| | |
|---|---|
| 1.  Debtors' Full Names: | **Vital Pharmaceuticals, Inc. \*\***<br>**\*\* (See above for full names of all Debtors)** |

11594842-4

| 2. **All Other Names Used**<br>  **in the Last 8 Years:** | See above list. | |
| --- | --- | --- |
| 3. **Address** | 1600 N. Park Drive<br>Weston, FL 33326 | |
| 4. **Debtors' attorney**<br>  Name and address | Jordi Guso, Esq.<br>Berger Singerman LLP<br>1450 Brickell Ave., #1900<br>Miami, FL 33131 | Contact phone: (305) 755-9500 |
| 5. **Bankruptcy Clerk's Divisional Office**<br>  **Where Assigned Judge**<br>  **is Chambered** | Federal Building<br>299 E. Broward Blvd., Room 112<br>Ft. Lauderdale, FL 33301 | Hours open 8:30 a.m. – 4:00 p.m.<br>Contact Phone: (954) 769-5700 |
| Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format via CM/ECF at any clerk's office public terminal (at no charge for viewing) or via PACER on the internet accessible at pacer.uscourts.gov (charges will apply). Case filing and unexpired deadline dates can be obtained by calling the Voice Case Information System toll−free at (866) 222−8029. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied   by an adult) to any federal building or courthouse, must present a current,  valid, government issued photo identification (e.g. drivers' license, state identification card, passport, or immigration card.) | | Clerk of Court:  __Joseph Falzone__<br><br>Dated:  _____/22 |
| 6.  **\*MEETING OF CREDITORS\***<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | _____, 2022 at _____<br><br>The meeting may be continued or  adjourned to a later date. If so, the date will be on the court docket. | **\*MEETING WILL BE HELD BY TELEPHONE\***<br><br>**Trustee: Office of the US Trustee**<br>Call in number: _____<br>Participant Code: _____ |
| 7.  **Proof of Claim Deadline**<br><br><br>**When Filing Proofs of Claim:** Claims may be delivered or mailed to:<br><br>**Vital Pharmaceuticals, Inc.,**<br>**et al. Claims Processing**<br>**c/o Stretto**<br>**410 Exchange, Suite 100**<br>**Irvine, CA 92602**<br><br><br>**Proofs of Claim may also be filed electronically via the case website:**<br><br>https://cases.stretto.com/VitalPharmaceuticals | **Deadline for all creditors to file a proof  of claim (except governmental units):**  **Filing deadline:** _____<br><br>**Deadline for governmental units to file a proof of claim:**  **Filing deadline:** _____<br><br>**Deadlines for Filing Proof of  Claim:**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.flsb.uscourts.gov, any bankruptcy clerk's office, on the case website at https://cases.stretto.com/VitalPharmaceuticals, or by calling the toll-free information line at (855) 493-7375 or (949) 996-7720 (International).<br><br>Your claim will be allowed in the amount scheduled  unless:<br>• your claim is designated as *disputed, contingent,* or *unliquidated*;<br>• you file a proof of claim in a different amount;  or<br>• you receive another  notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. You may review the schedules at the bankruptcy clerk's office or online at pacer.uscourts.gov or at the case website of https://cases.stretto.com/VitalPharmaceuticals.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. The deadline for filing objections to claims will be established pursuant to Local Rule 3007−1(B)(1). |

11594842-4

|  | **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing proofs of claim in this notice apply to all creditors. If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline to file a proof of claim. See also box 9 below. |
|---|---|
| **8. Exception to Discharge Deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. Writing a letter to the court or judge is not sufficient. | If § 523 applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for Filing the Complaint:** _____ |
| **9. Creditors with a Foreign Address** | Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 Bankruptcy Case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Option to Receive Notices Served by the Clerk by Email instead of by U.S. Mail** | 1) EBN program open to all parties. Register at the BNC website bankruptcynotices.uscourts.gov, **OR** 2) DeBN program open to debtors only. Register by filing with the Clerk of Court, Local Form "Debtor's Request to Receive Electronically Under DeBN Program". There is no charge for either option. See also Local Rule 9036−1(B) and (C). |
| **12. Translating Services** | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. |
| **13. Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. §1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523 applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline in box 8. |

**<u>Exhibit C</u>**

**PUBLICATION NOTICE**

- The Miami Herald (South Florida)
- The Sun Sentinel (Ft. Lauderdale)
- The Wall Street Journal (National)

**<u>Exhibit D</u>**

**PROPOSED ORDER**

11594537-4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-_____

      Debtors.                                    (Joint Administration Pending)

_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR APPROVAL OF
FORM OF NOTICE OF COMMENCEMENT AND PROOF OF CLAIMS**

      **THIS MATTER** came before the Court on October ___, 2022, at _____

a.m./p.m., in Fort Lauderdale, Florida, upon the *Debtors' Emergency Motion for Approval of*

*Form of Notice of Commencement and Proof of Clam* [ECF No. ___] (the "Motion"), filed by the

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

above-captioned debtors and debtors-in-possession (collectively, the "Debtors").[2]   The Motion

requests the entry of an order approving the form of notice of the commencement of these

chapter 11 cases and the Bar Dates.  The Court, having considered the Motion, finding that: (a)

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant

to 28 U.S.C. § 157(b)(2); (d) it may enter a final order consistent with Article III of the United

States Constitution; (e) notice of the Motion and the Hearing thereon was sufficient under the

circumstances and no other or further notice need be provided; (f) the Court having determined

that the legal and factual bases set forth in the Motion, the First Day Declaration and at the

hearing establish just cause for the relief granted herein, and (g) the Court having heard the

presentation of counsel at the hearing and being otherwise fully advised in the premises, does for

the reasons stated on the record of the hearing, all of which are incorporated herein; and after due

deliberation and sufficient cause appearing therefor, it is

>        **ORDERED** as follows:

>        1.        The relief request in the Motion is **GRANTED**.

>        2.        The Proof of Claim Form substantially in the form attached to the Motion as

**Exhibit A** and the Bar Date Notice, substantially in the form annexed to the Motion as **Exhibit**

**B**, are hereby **APPROVED**.

>        3.        The Bar Dates set forth in the Proof of Claim Form apply to all Persons or

Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding a

Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors (whether

---

[2] Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the Bankruptcy Code and the Bankruptcy Rules.

secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

      a.      Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules (the "<u>Schedules</u>") and that desires to assert a Claim against the Debtors that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

      b.      Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

      c.      Any Person or Entity whose Claim is not listed in the applicable Debtors' Schedules.

4.      The Debtors shall retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any Claim submitted to the Claims and Noticing Agent or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

5.      Pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to submit a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "<u>Unscheduled Claim</u>"); and (b) voting

3

upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 cases in respect of an Unscheduled Claim.

6.      In providing notice of the Bar Dates, the Debtors shall provide to holders of Claims a customized Proof of Claim Form. Subject to Court approval, the Debtors have retained Stretto, Inc. as their official claims and noticing agent (the "Claims and Noticing Agent").  For any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the applicable Bar Dates.

7.      If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

8.      All persons and entities asserting Claims against more than one Debtor are required to submit a separate Proof of Claim Form with respect to each applicable Debtor.

9.      All persons and entities asserting Claims against the Debtors are required to file the Proof of Claim Forms in English and in U.S. dollars.  If a person or entity does not specify the amount of its Claim in U.S. dollars, the Debtors reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtors deem another date to be more appropriate.

10.     The Debtors are authorized to publish the Bar Date Notice in the publications identified on **Exhibit "C"** to the Motion, twice, (a) first, not more than ten (10) business days after the entry of this Order on the Court's docket; and (b) second, not later than thirty (30) days prior to the General Bar Date.

11.     All Persons and Entities for which the Debtors have no deliverable mailing address and that may assert a Claim against the Debtors shall be deemed to have received adequate and sufficient notice by publication which is reasonably calculated under the circumstances to apprise them of the Bar Dates for filing Proof of Claim Forms.

12.     The Debtors shall provide actual written notice of the commencement of these chapter 11 cases and the Bar Dates to all known persons and entities holding Claims for whom the Debtors have an actual deliverable address.

13.     In giving actual notice to known Persons and Entities who may have a Claim, the Debtors shall serve the Bar Date Notice, in accordance with Bankruptcy Rule 9007, so that the Bar Date Notice is served by first class mail within ten (10) business days after entry of this Order.

14.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice in the manner set forth above shall be deemed good and sufficient notice of the Bar Date to known creditors.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

16.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

11595176-1

Submitted by:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

11595176-1