UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                      Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                    Case No.: 22-_____

    Debtors.                                            (Joint Administration Pending)

_____/

**DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO (I) CONTINUE
TO ADMINISTER INSURANCE POLICIES AND RELATED AGREEMENTS;
<u>AND (II) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF</u>**
**(Emergency Hearing Requested)**

<u>**Statement of Exigent Circumstances**</u>

The Debtors respectfully request that the Court conduct an emergency hearing on this Motion.  In the operation of their business, the Debtors maintain many insurance policies.  By this Motion, the Debtors seek authority to continue to administer these insurance policies and agreements relating thereto, and, in their discretion, to honor certain obligations in respect thereof. The Debtors reasonably believe that a hearing to consider the relief requested must be held on an emergency basis as soon as the Court's calendar will permit.  The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B) which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "<u>Debtors</u>"), by and through their proposed undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 363(c), file this *Debtors' Emergency Motion for Authorization to (I) Continue to Administer Insurance*

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430), (ii) Bang Energy Canada, Inc. (5454), (iii) JHO Intellectual Property Holdings, LLC (0010), (iv) JHO Real Estate Investment, LLC (9394), (v) Quash Seltzer, LLC (6501), (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Policies and Related Agreements; and (II) Honor Certain Obligations in Respect Thereof* (the "Motion"). The Motion seeks entry of an order, substantially in the form attached hereto, authorizing the Debtors to continue administering insurance policies and agreements relating thereto, and pay certain claims, in the Debtors' discretion, to the extent they become due and payable during the pendency of the Debtors' chapter 11 cases. In support of this Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") which has been filed with the Court on the date hereof and is incorporated herein and respectfully represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 363(c) and 507(a)(5) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1(F).

### Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

2

## Summary of Insurance Policies

**A.    Brown & Brown Insurance – Commercial Insurance Broker**

7.    Brown & Brown Insurance ("B&B") serves as the Debtors' commercial insurance broker, procuring the policies and providing related assistance with regard to all of the insurance policies listed on attached **Exhibit "A."** [2]  In exchange for its services, the Debtors pay B&B a brokerage fee in the amount of $400,000.00 per annum, which is paid in four (4) installments of $100,000.00 each.

**B.    Workers Compensation/Employers Liability Insurance**

8.    As reflected in the *Debtors' Emergency Motion For Order (I) Authorizing Debtors to Pay (A) Certain Prepetition Employee Obligations and (B) Prepetition Withholding Obligations, (II) Authorizing the Debtors to Maintain Employee Benefit Programs, And (III) Directing Banks to Honor Related Prepetition Transfers* (the "Employee Wage/Benefits Motion"), which is being filed concurrently with this Motion, the Debtor, Vital Pharmaceuticals, Inc., administers workers' compensation (Policy No. 71743202) and Employment Practices Liability Insurance ("EPLI") coverage (Policy No. 8261-9808) through Federal Insurance Company ("Chubb").

9.    The term of the EPLI policy is May 31, 2022 through May 31, 2023 and offers unlimited coverage per claim up to a $2,000,000.00 overall aggregate policy limit.  The annual premium for the EPLI policy is $120,083.74.

10.    The workers compensation policy covers all of the employees of the Debtors and offers coverage of $1,000,000.00 for bodily injury resulting from accident or disease for each employee, up to $1,000,000 of aggregate coverage.  The term of the policy is May 31, 2022

---

[2] Exhibit lists each of the policies of insurance maintained by the Debtors and are the subject of this Motion.

11582521-6

through May 31, 2023. The annual premium for the workers compensation policy is $820,149.00.

11.     The Employee Wage/Benefits Motion seeks the Court's authority for ADP to continue to administer the Debtors' payroll and benefits in the ordinary course and for the Debtors to honor and pay all prepetition and post-petition fees, costs, and other obligations to ADP for its services in the ordinary course of business. By way of this Motion, the Debtors seek the same relief because the workers compensation and EPLI policies and coverages are also considered to be commercial insurance policies, and for ADP to be paid for any prepetition and post-petition fees, costs or other obligations to administer those coverages in the ordinary course of business.

**C.      Commercial Automobile Insurance**

12.     The Debtors maintain a Commercial Automobile Policy with Great Northern Insurance Company ("GNIC") (Policy No. 73579631) ("Auto Policy").  The Auto Policy provides coverage for personal injury and physical damage arising from the use of motor vehicles and trucks based on the garaging location of the covered vehicles.

13.     The term of the Auto Policy is May 31, 2022 through May 31, 2023, and the annual premium for the Auto Policy totals $2,378,355.04.

**D.      Excess Commercial Auto Liability Insurance Policy**

14.     The Debtors maintain an Excess Commercial Auto Liability Insurance Policy with Chubb (Policy No. 79880264) ("Excess Auto Policy").  The Excess Auto Policy provides additional coverage for the Auto Policy issued by GNIC.

15.     The term of the Excess Auto Policy is May 31, 2022 through May 31, 2023 and the annual premium is $403,233.00.

4

**E.     General Liability Insurance**

16.    The Debtors maintain a General Liability Insurance Policy with Lloyd's of London (Policy No. SBNRT3240722).  The General Liability Insurance Policy was in effect as of the Petition Date.  The policy provides coverage for general liability claims involving bodily injury and property damage per occurrence.

17.    The term of the General Liability Insurance Policy is January 30, 2022 through May 31, 2023 and the annual premium is $798,950.25.

**F.     Commercial Property Insurance**

18.    The Debtors maintain eleven (11) commercial property insurance policies, all in effect as of the Petition Date, with coverage provided by the following:

    a.    Chubb (Policy No. 36058609) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $426,989.00;

    b.    AXIS Surplus Insurance Company (Policy No. EAF66170322) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $73,084.00;

    c.    Arch Specialty Insurance Company (Policy No. ESP101257700) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $58,777.76;

    d.    StarStone National Insurance Company (Policy No. N78980220CSP) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $52,937.65;

    e.    Aspen Specialty Insurance Company (Policy No. PX00RLN22) - The term of this is policy is May 31, 2022 through May 31, 2023 and the annual premium is $37,751.50;

    f.    Landmark American Insurance Company (Policy No. LHD925108) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $135,280.75;

    g.    Lloyd's of London (Policy No. B1180D220658016) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $138,805.80;

      h.      Lexington Insurance Company (Policy No. 01719481600) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $40,040.50;

      i.      Hallmark Insurance Company (Policy No. 73PRX22AE0B).  The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $26,936.50;

      j.      Subscription Policy[3] (Policy No. AMR5874805) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $436,720.00; and

      k.      Subscription Policy[4] (Policy No. MPC0604280) – The term of this policy is May 31, 2022 through May 31, 2023 and the annual premium is $71,141.50.

## G.    Liquor Liability Insurance Policy

19.    The Debtors maintain a Liquor Liability Insurance Policy with Colony Insurance Company ("Colony") (Policy No. 103GL020890300).  The policy provides coverage for liability resulting from the sale of alcohol to individuals.

20.    The term of the Liquor Liability Insurance Policy is April 1, 2022 through April 1, 2023 and the annual premium is $29,951.26.

## H.    Excess Liquor Liability Insurance Policy

21.    The Debtors maintain Excess Liquor Liability Insurance Policies with Navigators Specialty Insurance Company (Policy No. GA22EXCZ0AYA71C) and Colony (Policy No. AR6461767) ("Excess Liquor Policy").  The Excess Liquor Policy provides additional coverage over and above the Liquor Liability Insurance Policy issued by Colony.

---

[3] The Underwriters for this Subscription Policy are (i) Lloyd's of London (14.5%); (ii) GeoVera Specialty Insurance Company (10%); (iii) HDI Global Specialty SE (2.99%); (iv) Indian Harbor Insurance Company (6.5%); (v) Lexington Insurance company (13%); (vi) National Fire & Marine Insurance Company (8.99%); (vii) Old Republic Insurance Company (6%); (viii) QBE Insurance Corporation (10.5%); (ix) Spinnaker Specialty Insurance Company (2%); (x) Steadfast Insurance Company (12%); (xi) Transverse Specialty Insurance Company (11.49%); and (xii) United Specialty Insurance Company (2%).

[4] The Underwriters for this Subscription Policy are (i) Lloyd's of London (10%); and (ii) Mt. Hawley Insurance Company (90%).

22.     The term of the Excess Liquor Policy is April 1, 2022 through April 1, 2023 and the annual premium is $66,005.10.

I.      **Foreign Liability Insurance Policy**

23.     The Debtors maintain a Foreign Liability Insurance Policy with American International Group, Inc. (Policy No. WS11017628) ("Foreign Policy").  The policy provides coverage for general liability from the Debtors' products.

24.     The term of the Foreign Policy is July 1, 2022 through May 31, 2023 and the annual premium is $2,500.00.

J.      **Stock Thru Put/Cargo/Inventory Insurance**

25.     The Debtors maintains a Stock Thru Put/Cargo/Inventory Insurance Policy with Lloyd's of London (Policy No. MC10000075) ("Stock Thru Put Policy").  The policy provides coverage for inventory of all products whether in transit or housed.

26.     The term of the Stock Thru Put Policy is May 30, 2022 through May 30, 2023 and the annual premium is $242,035.00.

K.      **Insurance Premium Financing for the Foregoing Policies**

27.     Through a Premium Finance Agreement with First Insurance Funding dated June 22, 2022 (the "June 2022 Agreement"), the Debtors finance the total amount of premiums for the policies listed above: (i) Workers Compensation/Employers Liability Insurance Policy; (ii)  Auto Policy; (iii) Excess Auto Policy; (iv) General Liability Insurance Policy with Lloyd's of London; (v) Commercial Property Insurance Policy with Federal Insurance Company; (vi) Commercial Property Insurance Policy with AXIS Surplus Insurance Company; (vii) Commercial Property Insurance Policy with Arch Specialty Insurance Company; (viii) Commercial Property Insurance Policy with StarStone National Insurance Company; (ix) Commercial Property Insurance Policy

with Aspen Specialty Insurance Company; (x) Commercial Property Insurance Policy with Landmark America Insurance Company; (xi) Commercial Property Insurance Policy with Lloyd's of London; (xii) Commercial Property Insurance Policy with Lexington Insurance Company; (xiii) Commercial Property Insurance Policy with Hallmark Insurance Company; (xiv) Subscription Policy; (xv) Subscription Policy; (xvi) Liquor Liability Insurance Policy; (xvii) Excess Liquor Policy; (xviii) Foreign Policy; and (xix) Stock Thru Put Policy in the amount of $6,359,727.35, of which the Debtors made an initial down payment of $1,278,989.28 and financed $5,085,564.92, to be paid in nine (9) monthly installments of $549,219.60 each. As part of the Premium Finance Agreement, there is a finance charge of $70,765.24 and documentary stamp tax of $4,826.85.

28.    Prior to the June 2022 Agreement detailed above, the Debtors entered into a financing agreement with First Insurance Funding dated February 23, 2022 (the "February 2022 Agreement") for the General Liability Insurance Policy with Lloyd's of London, of which the Debtors paid four (4) installments of $53,338.44 each ($213,353.76)[5].    The June 2022 Agreement replaced the February 2022 Agreement.    The payments made under the February 2022 Agreement are included in the total premium paid to First Insurance Finance ($6,359,727.35) referenced above.    Copies of the Premium Finance Agreements with First Insurance Funding are attached hereto as **Composite Exhibit "B."**

**L.    Boiler & Machinery Liability Insurance**

29.    The Debtors maintain a Boiler & Machinery Liability Insurance Policy with Travelers Property Casualty Company of America (Policy No. BME10T41004ATIL) ("Machinery Policy").    The policy provides coverage for the Weston and Phoenix locations

---

[5] The February 2022 Agreement consisted of thirteen (13) installments of $53,338.44 each, of which four (4) installments had been paid when the June 2022 Agreement was entered into.

which use pressurized equipment.

30.     The term of the Machinery Policy is May 31, 2022 through May 31, 2023. The annual premium is $5,250.00, which was paid in full by the insured.

**M.    Flood Insurance Policy**

31.     The Debtors maintain a Flood Insurance Policy with Wright National Flood Insurance Company (Policy No. 101152220868 00) ("Flood Policy").    The policy provides flood coverage for the Debtors' premises located at 7705 Staples Dr., Lithia Springs, GA.

32.     The term of the Flood Policy is September 22, 2022 through September 22, 2023. The annual premium is $14,811.00, which was paid in full by the insured.

**N.    D&O Insurance Policy**

33.     On September 30, 2022, the Debtors obtained an Endorsement/Rider to be attached to and form a part of the EPLI policy (Policy No. 8261-9808) through Chubb.    The endorsement provides coverage for omissions, errors, misstatements, neglect or breach of duty.

34.     The term of the D&O policy is September 30, 2022 through September 30, 2023. The annual premium is $76,500.00, which was paid in full by the insured.

**Relief Requested and Basis Therefor**

35.     The Debtors seek authority, in their reasonable business judgment, to (i) continue to administer the insurance policies described herein (collectively, the "Insurance Policies"); and (ii) continue to pay certain claims, deductibles and/or premiums if and to the extent any may become due and payable according to the terms of the Insurance Policies.    The Debtors further request authority to pay certain amounts as they come due under the Insurance Policies in the ordinary course of their businesses, if and to the extent such amounts become due.    For the

11582521-6

reasons set forth below, the Debtors believe that the relief requested is necessary and appropriate under the circumstances.

36.    Section 105(a) of the Bankruptcy Code provides, in relevant part:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

37.    Section 363(c) of the Bankruptcy Code provides, in relevant part:

If the business of the debtor is authorized to be operated under section...1108... of this title [title 11] and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c).

38.    It is essential for the Debtors to maintain the Insurance Policies, which provide a comprehensive range of coverage for the Debtors.  If the Insurance Policies are allowed to lapse, the Debtors will be exposed to substantial liability for any damages resulting to persons or property of the Debtors and others, and the Debtors would have to bear the costs and expenses of defense litigation.  Moreover, maintenance of the Insurance Policies is mandatory under the United States Trustee guidelines and various state and federal laws.

39.    The Debtors' continued operations and restructuring efforts require that the Insurance Policies be maintained on an ongoing and uninterrupted basis.  In maintaining those obligations, it is crucial that the administrative fees paid to providers and the premiums paid for the Insurance Policies, to the extent applicable, are continued and maintained by the Debtors. For example, the risk that eligible claimants will not receive payments with respect to employment-related injuries may have a devastating effect on the financial well-being and morale of the employees, and their willingness to remain in the Debtors' employ.  Departures by

11582521-6

employees at this critical time may result in a severe disruption of the Debtors' businesses to the detriment of all parties in interest.

40. For all the reasons stated in this Motion, maintenance of the Insurance Policies, payment of all premiums and other amounts due, if and to the extent such payments are due from the Debtors, and continuance of the various administration programs serve the best interests of the Debtors' bankruptcy estates and is required by the United States Trustee's guidelines and federal and/or state law as a condition of operations. Consequently, the Court should approve the relief requested in this Motion, which relief has been granted in other chapter 11 cases in this District. *See, e.g., In re American Purchasing Services, LLC d/b/a American Medical Depot, et al.,* Case No. 20-23495-SMG (Bankr. S.D. Fla. Dec. 16, 2020); *In Re Tamarac 10200, LLC, et al.,* Case No. 20-23346-PDR (Bankr. S.D. Fla. Dec. 10, 2020); *In re It'Sugar FL I LLC, et al.,* Case No. 20-20259-RAM (Bankr. S.D. Fla. Sept. 29, 2020); *In re Magnum Construction Management, LLC f/k/a Munilla Construction Management, LLC,* Case No. 19-12821-AJC (Bankr. S.D. Fla. Mar. 7, 2019); *In re Adinath Corp., et al.,* Case No. 15-16885-LMI (Bankr. S.D. Fla. April 21, 2015); *In re Ruden McClosky, P.A.,* Case No. 11-40603 (RBR) (Bankr. S.D. Fla. Dec. 5, 2011) (Ray, J.); *In re Maguire Group Holdings, Inc. et al.,* Case No. 11-39347 (RAM) (Bankr. S.D. Fla. Nov. 30, 2011) (Mark, J.); *In re HearUSA, Inc.,* Case No. 11-23341 (EPK) (Bankr. S.D. Fla. May 20, 2011) (Kimball, J.); *In re Gulfstream Intern. Group, Inc., et al.,* Case No. 10-44131 (JKO) (Bankr. S.D. Fla. Nov. 8, 2010) (Olson, J.); *In re DM Indus., Ltd.,* Case No. 09-15533 (LMI) (Bankr. S.D. Fla. April 10, 2009) (Isicoff, J.).

41. To the extent that any of the Insurance Policies may be deemed executory contracts, the Debtors do not at this time seek authority to assume these contracts. The Debtors request only authorization to continue the programs, pay certain claims in accordance with the

11582521-6

programs, and pay such premiums and administrative expenses, if and to the extent such payments are required of the Debtors, as may be necessary to keep the Insurance Policies in force.

## Reservation of Rights

42.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

43.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**WHEREFORE**, the Debtors respectfully request that the Court hear this Motion on an emergency basis and enter an order in the form attached hereto as **Exhibit "C**," (i) granting the relief requested in this Motion, and (ii) granting such other relief as the Court deems just and proper.

11582521-6

Dated:  October 10, 2022          Respectfully submitted,
       Miami, Florida

/s/ Jordi Guso

George A. Davis (*pro hac vice* pending)          Jordi Guso
Tianjiao ("TJ") Li (*pro hac vice* pending)       Florida Bar No. 863580
Brian S. Rosen (*pro hac vice* pending)           Michael J. Niles
Jonathan J. Weichselbaum (*pro hac vice* pending) Florida Bar No. 107203
**LATHAM & WATKINS LLP**                           **BERGER SINGERMAN LLP**
1271 Avenue of the Americas                        1450 Brickell Avenue, Suite 1900
New York, NY 10020                                 Miami, FL 33131
Telephone:  (212) 906-1200                         Telephone:  (305) 755-9500
Email:  george.davis@lw.com                        Email:  jguso@bergersingerman.com
       tj.li@lw.com                                      mniles@bergersingerman.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Jeramy D. Webb (*pro hac vice* pending)
Whit Morley (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jeramy.webb@lw.com
       whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

13

## EXHIBIT "A"
## (LIST OF INSURANCE POLICIES)

| Insurance Carrier | Policy Type | Policy Number | Policy Period | Approximate Annual Premium |
|---|---|---|---|---|
| Federal Insurance Company | Workers Compensation | 71743202 | 5/31/2022 - 5/31/2023 | $820,149.00 |
| Federal Insurance Company | EPLI | 82619808 | 5/31/2022 - 5/31/2023 | $120,083.74 |
| Federal Insurance Company | D&O | 82619808 | 9/30/2022 - 9/30/2023 | $76,500.00 |
| Great Northern Insurance Company | Business Auto | 73579631 | 5/31/2022 - 5/31/2023 | $2,378,355.04 |
| Federal Insurance Company | Excess Auto Liability | 79880264 | 5/31/2022 - 5/31/2023 | $403,233.00 |
| Navigators Specialty Insurance Company | Excess Liquor | GA22EXCZ0AYA71C | 4/1/2022 - 4/1/2023 | $42,157.50 |
| Colony Insurance Company | Excess Liquor | AR6461767 | 4/1/2022 - 4/1/2023 | $23,847.60 |
| Colony Insurance Company | Liquor Liability | 103GL020890300 | 4/1/2022 - 4/1/2023 | $29,951.26 |
| Wright National Flood Insurance Company | Flood Insurance (GA) | 101152220868 00 | 9/22/2022 - 9/22/2023 | $14,811.00 |
| American International Group, Inc. | Foreign Liability | WS11017628 | 7/1/2022 - 5/31/2023 | $2,500.00 |
| Travelers Property Casualty Company of America | Boiler & Machinery | BME10T41004ATIL | 5/31/2022 - 5/31/2023 | $5,250.00 |
| Lloyd's of London | Stock Thru Put / Cargo / General Liability | MC10000075 | 5/30/2022 - 5/30/2023 | $242,035.00 |
| Lloyd's of London | General Liability | SBNRT3240722 | 1/30/2022 - 5/31/2023 | $798,950.25 |
| Federal Insurance Company | Commercial Property | 36058609 | 5/31/2022 - 5/31/2023 | $426,989.00 |
| Subscription[1] | Commercial Property | AMR5874805 | 5/31/2022 - 5/31/2023 | $436,720.00 |
| Subscription[2] | Commercial Property | MPC0604280 | 5/31/2022 - 5/31/2023 | $71,141.50 |
| AXIS Surplus Insurance Company | Commercial Property | EAF66170322 | 5/31/2022 - 5/31/2023 | $73,084.00 |
| Arch Specialty Insurance Company | Commercial Property | ESP101257700 | 5/31/2022 - 5/31/2023 | $58,777.76 |
| StarStone National Insurance Company | Commercial Property | N78980220CSP | 5/31/2022 - 5/31/2023 | $52,937.65 |
| Aspen Specialty Insurance Company | Commercial Property | PX00RLN22 | 5/31/2022 - 5/31/2023 | $37,751.50 |
| Landmark American Insurance Company | Commercial Property | LHD925108 | 5/31/2022 - 5/31/2023 | $135,280.75 |

| Lloyd's of London | Commercial Property | B1180D220658016 | 5/31/2022 - 5/31/2023 | $138,805.80 |
| Lexington Insurance Company | Commercial Property | 01719481600 | 5/31/2022 - 5/31/2023 | $40,040.50 |
| Hallmark Insurance Company | Commercial Property | 73PRX22AE0B | 5/31/2022 - 5/31/2023 | $26,936.50 |
|  |  |  |  | $6,336,204.61 |
|  |  |  |  |  |

[1] The Underwriters for this Subscription Policy are (i) Lloyd's of London (14.5%); (ii) GeoVera Specialty Insurance Company (10%); (iii) HDI Global Specialty SE (2.99%); (iv) Indian Harbor Insurance Company (6.5%); (v) Lexington Insurance company (13%); (vi) National Fire & Marine Insurance Company (8.99%); (vii) Old Republic Insurance Company (6%); (viii) QBE Insurance Corporation (10.5%); (ix) Spinnaker Specialty Insurance Company (2%); (x) Steadfast Insurance Company (12%); (xi) Transverse Specialty Insurance Company (11.49%); and (xii) United Specialty Insurance Company (2%).

[2] The Underwriters for this Subscription Policy are (i) Lloyd's of London (10%); and (ii) Mt. Hawley Insurance Company (90%).

## COMPOSITE EXHIBIT "B"
## (PREMIUM FINANCE AGREEMENTS)

# NOTICE OF ACCEPTANCE

| LOAN NUMBER | | NOTICE DATE |
|---|---|---|
| XXX - 7867 | | |
| Refer to this number on all correspondence | | |
| CUSTOMER ID | | 6/22/2022 |

**FIRST INSURANCE°**
FUNDING

A WINTRUST COMPANY

**FIRST Insurance Funding**
450 Skokie Blvd, Ste 1000
Northbrook, IL 60062-7917
Phone: (800) 837-2511 Fax: (800) 837-3709
www.firstinsurancefunding.com

| Insured | Agent or Broker |
|---|---|
| 00000822 1 SP  0580<br>**VITAL PHARMACEUTICALS, INC.**<br>**20311 SHERIDAN STREET**<br>**DAVIE, FL 33332** | **BROWN & BROWN OF FLORIDA INC.**<br>**1201 WEST CYPRESS CREEK ROAD SUITE 130**<br>**FORT LAUDERDALE, FL 33309** |

Dear Insured:

We are pleased to receive and process the request to finance additional premium which was recently negotiated through your agent or broker referenced above. The Notice of Acceptance is our official acknowledgement and acceptance of the request.

If this is your first loan with us, the following information may be helpful:

- LOAN NUMBER. Your loan number is indicated above. Please refer to it when calling or writing about your loan.
- PAYMENTS. Unless you elected the coupon book option, you will receive a billing statement approximately 12-15 days before each payment is due. You can choose to receive billing statements by email or regular mail. If your first payment is due soon, your first billing statement will arrive in the next few days. It is important that your payments be received in our office on or before the scheduled due date to ensure uninterrupted coverage. You may pay online or by phone. Our contact
- INQUIRIES. Our toll-free number is listed above. Our Customer Service department is ready to assist you with any questions about your account or other premium finance needs.

*THANK YOU for allowing us to be of service! We appreciate your business.*

This Notice of Acceptance will acknowledge that we agree to finance the additional premium negotiated through the above referenced agent or broker. The insurance company(ies) providing your insurance coverage will be notified that you have entered into this agreement. We will issue payment on your behalf as directed by your agent or broker.

Please review carefully the Loan Summary at right and the Schedule of Policies below. If any of the information does not agree with your records, please notify us immediately.

| LOAN SUMMARY | |
|---|---|
| Total Premiums, Taxes and Fees | $6,359,727.35 |
| Down Payment | $1,278,989.28 |
| Doc. Stamp Tax | $4,826.85 |
| Amount Financed | $5,085,564.92 |
| Finance Charge | $70,765.24 |
| Total of Payments | $5,156,330.16 |
| Annual % Rate | 2.990 % |
| Number of Payments | 9 |
| Payment Amount | (See Schedule) |
| First Due Date | 6/28/2022 |

## SCHEDULE OF POLICIES

| POLICY NUMBER | POLICY EFFECTIVE DATE | INSURANCE COMPANY | COVERAGE TYPE | TERM (MOS.) | PREMIUMS, TAXES & FEES |
|---|---|---|---|---|---|
| SBNRT3240722 | 1/30/2022 | LLOYDS OF LONDON | GL | 16 | $ 798,950.25 |
| 71743202 | 5/19/2022 | FEDERAL INSURANCE COMPANY | WC | 12 | $ 820,149.00 |

**SEE NEXT PAGE FOR LISTING OF ADDITIONAL POLICY(IES)**



**SCHEDULE OF POLICIES – CONTINUED**              **LOAN NUMBER:    XXX - 95947867**

| POLICY NUMBER | POLICY EFFECTIVE DATE | INSURANCE COMPANY | COVERAGE TYPE | TERM (MOS.) | PREMIUMS, TAXES & FEES |
|---|---|---|---|---|---|
| TBD | 5/19/2022 | LLOYDS OF LONDON | STP | 12 | $ 242,035.00 |
| 73579631 | 5/19/2022 | GREAT NORTHERN INSURANCE CO | AUTO | 12 | $ 2,378,355.04 |
| 79880264 | 5/19/2022 | FEDERAL INSURANCE COMPANY | EXLB | 12 | $ 403,233.00 |
| TBD | 5/19/2022 | FEDERAL INSURANCE COMPANY | CRME | 12 | $ 120,083.74 |
| TBD | 5/19/2022 | INSURANCE CO OF THE STATE OF | PKG FPKG | 12 | $ 2,500.00 |
| AR6461767 | 5/19/2022 | COLONY INSURANCE COMPANY | CGLIQ | 12 | $ 23,847.60 |
| 103GL020890300 | 5/19/2022 | COLONY INSURANCE COMPANY | LIQ | 12 | $ 29,951.26 |
| GA22EXCZ0AYA71C | 5/19/2022 | NAVIGATORS SPECIALTY | CGLIQ | 12 | $ 42,157.50 |
| 36058609 | 5/31/2022 | FEDERAL INSURANCE COMPANY | PROP | 12 | $ 426,989.00 |
| AMR5874805 | 5/31/2022 | LLOYDS OF LONDON | PROP | 12 | $ 436,720.00 |
| TBD | 5/31/2022 | AXIS INSURANCE COMPANY | PROP | 12 | $ 73,084.00 |
| TBD | 5/31/2022 | RLI Insurance Company | PROP | 12 | $ 71,141.50 |
| ESP101257700 | 5/31/2022 | ARCH INSURANCE COMPANY | PROP | 12 | $ 58,777.76 |
| N78980220CSP | 5/31/2022 | COREPOINTE INSURANCE | PROP | 12 | $ 52,937.65 |
| TBD | 5/31/2022 | ASPEN SPECIALTY INSURANCE | PROP | 12 | $ 37,751.50 |
| TBD | 5/31/2022 | HALLMARK INSURANCE COMPANY | PROP | 12 | $ 26,936.50 |
| TBD | 5/31/2022 | LEXINGTON INSURANCE COMPANY | PROP | 12 | $ 40,040.50 |
| LHD925108 | 5/31/2022 | RSUI INDEMNITY COMPANY | PROP | 12 | $ 135,280.75 |
| TBD | 5/31/2022 | LLOYDS OF LONDON | W/H | 12 | $ 138,805.80 |

## NOTICE OF ACCEPTANCE

| LOAN NUMBER |
| --- |
| XXX - ▓▓7867 |
| Refer to this number on all correspondence |
| CUSTOMER ID |



**FIRST INSURANCE®**
FUNDING
A WINTRUST COMPANY

**FIRST Insurance Funding**
450 Skokie Blvd, Ste 1000
Northbrook, IL 60062-7917
Phone: (800) 837-2511 Fax: (800) 837-3709
www.firstinsurancefunding.com

| NOTICE DATE |
| --- |
| 6/22/2022 |

**Insured**

VITAL PHARMACEUTICALS, INC.
20311 SHERIDAN STREET
DAVIE, FL 33332

**Agent or Broker**

BROWN & BROWN OF FLORIDA INC.
1201 WEST CYPRESS CREEK ROAD SUITE 130
FORT LAUDERDALE, FL 33309

## PAYMENT SCHEDULE

| Due Date | Payment Amount |
| --- | --- |
| 6/28/2022 | 549,219.60 |
| 7/28/2022 | 549,219.60 |
| 8/28/2022 | 549,219.60 |
| 9/28/2022 | 549,219.60 |
| 10/28/2022 | 549,219.60 |
| 11/28/2022 | 549,219.60 |
| 12/28/2022 | 549,219.60 |
| 1/28/2023 | 549,219.60 |
| 2/28/2023 | 549,219.60 |


**

(71846224)

YNNNNN 02 02 000822 002600 P

# NOTICE OF ACCEPTANCE

| Loan Number |
| --- |
| XXX - ▮▮ 7867 |
| Refer to this number on all correspondence |
| CUSTOMER ID |
| |

**FIRST INSURANCE** FUNDING
A WINTRUST COMPANY

FIRST Insurance Funding
450 Skokie Blvd, Ste 1000
Northbrook, IL 60062-7917
Phone: (800) 837-2511 Fax: (800) 837-3709
www.firstinsurancefunding.com

| NOTICE DATE |
| --- |
| 2/23/2022 |

**Agent or Broker**

BROWN & BROWN OF FLORIDA INC.
1201 WEST CYPRESS CREEK ROAD SUITE 130
FORT LAUDERDALE, FL 33309

**Insured**

VITAL PHARMACEUTICALS, INC.
DBA VPX SPORTS
20311 SHERIDAN STREET
DAVIE, FL 33332

Dear Insured:

We are pleased to receive and process the Premium Finance Agreement which was recently negotiated through your agent or broker referenced above. The Notice of Acceptance is our official acknowledgement and acceptance of your Premium Finance Agreement. If this is your first loan with us, the following information may be helpful:

- LOAN NUMBER. Your loan number is indicated above. Please refer to it when calling or writing about your loan.
- PAYMENTS. Unless you elected the coupon book option, you will receive a billing statement approximately 12-15 days before each payment is due. You can choose to receive billing statements by email or regular mail. If your first payment is due soon, your first billing statement will arrive in the next few days. It is important that your payments be received in our office on or before the scheduled due date to ensure uninterrupted coverage. You may pay using one of the payment methods described on page 2 of this notice. Our contact information is listed at the top of this notice.
- INQUIRIES. Our toll-free number is listed above. Our Customer Service department is ready to assist you with any questions about your loan or other premium finance needs.

***THANK YOU for allowing us to be of service! We appreciate your business.***

This Notice of Acceptance will acknowledge our acceptance of your Premium Finance Agreement (the "Agreement") which was originated through the above referenced agent or broker. The insurance company(ies) providing your insurance coverage will be notified that you have entered into this Agreement. We will issue payment on your behalf as directed by your agent or broker.

Please review carefully the Loan Summary at right and the Schedule of Policies below. If any of the information does not agree with your records, please notify us immediately.

| LOAN SUMMARY | |
| --- | --- |
| Total Premiums, Taxes and Fees | $798,950.25 |
| Down Payment | $119,872.29 |
| Doc. Stamp Tax | $2,376.85 |
| Amount Financed | $681,454.81 |
| Finance Charge | $11,944.91 |
| Total of Payments | $693,399.72 |
| Annual % Rate | 2.990 % |
| Number of Payments | 13 |
| Payment Amount | $53,338.44 |
| First Due Date | 2/28/2022 |

## SCHEDULE OF POLICIES

| POLICY NUMBER | POLICY EFFECTIVE DATE | INSURANCE COMPANY | COVERAGE TYPE | TERM (MOS.) | PREMIUMS, TAXES & FEES |
| --- | --- | --- | --- | --- | --- |
| TBD | 1/30/2022 | LLOYDS OF LONDON | GL | 16 | $ 798,950.25 |

(66438080)

**<u>EXHIBIT "C"</u>**
**<u>(PROPOSED ORDER)</u>**

11582521-6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-_____

    Debtors.                                         (Joint Administration Pending)

_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
AUTHORIZATION TO (I) CONTINUE TO ADMINISTER INSURANCE
POLICIES AND RELATED AGREEMENTS; AND (II) HONOR
<u>CERTAIN OBLIGATIONS IN RESPECT THEREOF</u>**

**THIS MATTER** having come before the Court for a hearing on October _____, 2022 at

_____ a.m./p.m. in Fort Lauderdale, Florida upon the *Debtors' Emergency Motion for*

*Authorization to (I) Continue to Administer Insurance Policies and Related Agreements; and (II)*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11582671-1

*Honor Certain Obligations in Respect Thereof* [ECF No. __] (the "<u>Motion</u>") filed by the above-captioned debtors-in-possession (the "<u>Debtors</u>").  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

      **ORDERED** as follows:

      1.      The Motion is **GRANTED**, effective as of the Petition Date.

      2.      The Debtors may, in their reasonable business judgment, continue to administer and maintain the Insurance Policies[2] (as described in <u>**Exhibit "A"**</u> to the Motion) post-petition in the ordinary course of their business, including obligations for the payment of (i) premiums, if any; and (ii) certain claims or deductibles if and to the extent they may become due and payable according to the terms of the Insurance Policies.

      3.      To the extent that the Insurance Policies may be deemed executory contracts to which the Debtors are a party, entry of this Order shall not constitute an assumption of those Insurance Policies pursuant to 11 U.S.C. § 365(a).

---

[2]  Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

11582671-1

4.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

5.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' right to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

6.      The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any Insurance Policies.

7.      Notwithstanding the relief granted in this Order, any payment to be made, or authorization obtained, hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral approved by the Court in these chapter 11 cases.

8.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

3

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.     Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final order entered by the Court approving the Debtors' entry into any post-petition debtor in possession financing facility, and any budget or cash flow forecasts in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith (in either case, the "Cash Collateral Order"). To the extent that there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control. For the avoidance of doubt, the Debtors are not authorized to make any payments pursuant to this Order to, or on behalf of, a non-debtor affiliate except as permitted by the Budget (as defined in the Cash Collateral Order).

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

#    #    #

Submitted by:
Jordi Guso, Esq.,
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

4

11582671-1