UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-_____

      Debtors.

                            (Joint Administration Pending)

_____/

**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING THE
PAYMENT OF CERTAIN PRE-PETITION CLAIMS OF, AND HONORING
CERTAIN CONTRACTS, WITH SHIPPERS AND WAREHOUSEMEN**
**Emergency Hearing Requested**

**Basis for Requested Emergency Hearing**

The Debtors respectfully request the Court conduct an emergency hearing on this Motion as it is essential that the Debtors pay the pre-petition claims of the Shippers (defined herein) in order to ensure that they will continue to ship goods to the Debtors. It is important to the Debtors' successful operations that the items in the process of being shipped or presently in the possession of the Shippers are sent to the appropriate locations on time. Any disruptions could impair operations and lower confidence in the Debtors' ability to perform timely and consistently with their contractual and other obligations. Additionally, the Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property

Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev

LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and

through their proposed undersigned counsel, file this motion (the "Motion") seeking the entry

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11594532-6

an order authorizing the payment, in the Debtors' discretion, of certain pre-petition claims of, and honoring of certain contracts with shippers and warehousemen.  In support of the Motion, the Debtors rely on the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") and respectfully represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 363, 1107(a), and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession.  11 U.S.C. §§ 1107(a) and 1108.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

### Relief Requested

7.      By this Motion, the Debtors seek entry of an order authorizing, but not directing the Debtors to pay, in their sole discretion and in the ordinary course of business, as and when due, certain pre-petition claims of the Shippers (as defined in ¶ 8, below); provided, however, that honoring, performing, or exercising of such rights and obligations shall not give rise to

administrative claims solely as a result of the entry of an order providing such authorization and shall not be deemed an assumption of any contract.

8.　　The Debtors are one of the leading manufacturers, distributors and sellers of energy drinks and dietary supplement products in the United States. An integral part of the Debtors' operations is the use of certain domestic and foreign shippers and warehousemen (each a "Shipper" and, collectively, the "Shippers") to ship and deliver their products through established national distribution networks (payments for which services, including any related taxes, are collectively referred to herein as "Shipping Charges").  Transitioning to other shipping vendors and warehousemen could take 60 to 90 days, causing a disruption in the Debtors' operations while jeopardizing quality of the Debtors' products.  A list of the Shippers, the amounts owed to each as of the Petition Date, and the payment terms for each, is attached hereto as **Exhibit "A."**

9.　　The Debtors use several different Shippers throughout the United States.  As reflected on **Exhibit "A,"** as of the Petition Date, the Debtors owe approximately $5,940,559.81 to the Shippers.

10.　　Under applicable state law, including but not limited to, the Uniform Commercial Code, the Shippers may have a lien on goods in their possession that secure the charges or expenses incurred in connection with the transportation of such goods. In addition, pursuant to section 363(e) of the Bankruptcy Code, Shippers, as bailees, may be entitled to adequate protection for a valid possessory lien.

11.　　In the event that, as of the Petition Date, the Shippers have outstanding invoices for goods transported or stored prior to the Petition Date, the Shippers will likely argue that they have possessory liens for transportation or storage costs and may refuse to deliver or release those goods held in their possession until their invoices are paid and their liens are redeemed.

The Shippers may further be unwilling to release the goods in their possession to which they may be entitled to liens since this may result in their claims against the Debtors becoming unsecured.

12.     Moreover, even absent a perfected lien, a Shipper's refusal to deliver the Debtors' goods and supplies would severely disrupt the Debtors' operations and cause the Debtors to lose revenue, future business, and goodwill. Indeed, the Debtors have established an excellent reputation in the industry for meeting delivery schedules and must maintain this reputation in order to maintain their customer base and strengthen the value of the Debtors' businesses. As such, the Debtors seek authority to pay, in their sole discretion, the prepetition claims of the Shippers.

## Authority for Relief

13.     The Court has authority to permit the payment of pre-petition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors and to reach the paramount goal of Chapter 11 of rehabilitation of a debtor.

14.     Substantially similar relief as that requested here has been granted previously to debtors by courts in this District and others where, like here, it is essential to the debtors' ongoing business operations. *See, e.g., In re Stein Mart, Inc.*, Case No. 3:20-b-2387 (JAF) (Bankr. M.D. Fla. Oct. 9, 2020); *In re Sears Holdings Corporation, et al.,* Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018); *In re Robb & Stucky Limited LLLP,* No. 8:11-bk-2801-CED (Bankr. M.D. Fla. Feb. 24, 2011); *In re Maguire Group Holdings, Inc.,* No. 11-39347-RAM (Bankr. S.D. Fla. Nov. 1, 2011); *In re Gulfstream Intern. Group, Inc., et al.,* No. 10-44131 (Bankr. S.D. Fla. Nov. 4, 2010); and *In re Aloha Airlines, Inc., et al.*, No.  08-00337 (Bankr. D. Haw. March 21, 2008).

15.     Indeed, the "doctrine of necessity" or the "necessity of payment" rule originated in railway cases and was first articulated in *Miltenberger v. Logansport, R. Co.*, 106 U.S. 286

(1882). The doctrine was expanded to non-railroad debtors in a decision by Judge Learned Hand in *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (holding, in a hotel reorganization case, that the court was not "helpless" to apply the rule to supply creditors of non-railroad debtors where the alternative was the cessation of operations).

16.     Today, the rationale for the "necessity of payment" rule – the rehabilitation of a debtor in reorganization cases - is "the paramount policy and goal of Chapter 11."   *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also Monte Vista Lodge v. Guardian Life Ins. Co. of Am.*, 384 F.2d 126, 128 (9th Cir. 1967) (Congress has adopted the policy of promoting debtor rehabilitation through corporate reorganizations); *In re Timberhouse Post and Beam, Ltd.*, 196 B.R. 547, 550 (Bankr. D. Mont. 1996) (stating the "policy behind the Code recognizes that the debtor needs a certain degree of freedom on its road to reorganization so that it might avoid precisely those pitfalls which brought it into bankruptcy initially.") (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 617 (Bankr. S.D.N.Y. 1986)); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("payment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed, however, where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment"); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (court approved payment of pre-petition unsecured claims of tool makers as "necessary to avert a serious threat to the Chapter 11 process"); *In re Just For Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (court found that payment of pre-petition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization").

17.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

18.     The relief requested herein is justified under the foregoing authorities because allowing the Debtors to pay certain limited expenses or honor certain limited contractual obligations that accrued before the Petition Date is critical to maintaining the Debtors' ongoing operations, and granting the relief requested herein will allow the Debtors to continue to operate and therefore preserve and enhance the bankruptcy estates for the benefit of all creditors. Payment of these limited expenses, as requested herein, in the ordinary course of the Debtors' business is, therefore, appropriate and necessary to carry out the rehabilitation of the Debtors under chapter 11 of the Bankruptcy Code.

19.     Here, it is essential that the Debtors pay the pre-petition claims of the Shippers in order to ensure that they will continue to provide the shipping services related to the Debtors' inventory, equipment and personal property necessary to operate their retail restaurant business.

20.     Unless these Shippers are paid promptly, they may refuse to deliver inventory, equipment or other personal property items of the Debtors that are vital to maintaining the Debtors' valuable relationships with their distributors and retailers.

21.     As a result, it is in the best interest of the Debtors' estates, creditors, and other parties in interest if the Debtors are authorized, but not directed, to pay the pre-petition claims of the Shippers.  Absent such payment, the value of the Debtors' estates is likely to suffer substantial diminution.

22.     The relief requested in this Motion contemplates payments to be made to only Shippers who agree to provide services on customary trade terms.  Any Shippers paid pursuant to

this Motion must agree to continue supplying the Debtors with services on the same or better trade terms as governed the relationship prepetition.

<b><u>Reservation of Debtors' Rights</u></b>

23.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

<b><u>Expedited Consideration and Waiver of any Applicable Stay</u></b>

24.    The Debtors respectfully request expedited consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an expedited basis.

25.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a)

and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

26.    No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit "B,"** (i) granting this Motion; (ii) authorizing, but not directing, the Debtors, in their sole discretion, to pay the pre-petition obligations owing to the Shippers and otherwise deal with those entities in the ordinary course of business and in accordance with normal pre-petition procedures and agreements; (iii) authorizing, but not directing, the Debtors to continue honoring, performing, and exercising their rights and obligations (whether arising pre-petition or post-petition) under the Shippers contracts in the ordinary course of business; and (iv) granting such other and further relief as is just and proper.

Dated: October 10, 2022
      Miami, Florida

Respectfully submitted,

/s/ Jordi Guso

George A. Davis (*pro hac vice* pending)
Tianjiao ("TJ") Li (*pro hac vice* pending)
Brian S. Rosen (*pro hac vice* pending)
Jonathan J. Weichselbaum (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
       mniles@bergersingerman.com

– and –

Andrew D. Sorkin (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Jeramy D. Webb (*pro hac vice* pending)
Whit Morley (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jeramy.webb@lw.com
          whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

### EXHIBIT "A"
### (LIST OF SHIPPERS)

| Shippers | Estimated Pre-Petition Amount Owed | Payment Terms |
|---|---|---|
| Total Quality Logistics, LLC<br>P.O. Box 634558<br>Cincinnati, OH 45263-4558 | $762,486.44 | 30 days following invoicing |
| XPO Global Forwarding, Inc.<br>27839 Network Place<br>Chicago, IL 60673-1278 | $1,949,393.36 | 30 days following invoicing |
| Direct Connect Logistix, Inc<br>314 West Michigan Street<br>Indianapolis, IN 46202-3204 | $998,294.00 | 45 days following invoicing |
| Priority 1, Inc.<br>1800 E. Roosevelt Rd<br>Little Rock, AR 72206-2516 | $1,396,387.02 | 30 days following invoicing |
| England Logistics Inc<br>4701 W. 2100 S.<br>Salt Lake City, UT 84120-1223 | $366,825.54 | 30 days following invoicing |
| Glen Raven Logistics<br>1831 N. Park Ave.<br>Burlington, NC 27217-1137 | $467,173.45 | 60 days following invoicing |
| **TOTAL** | **$5,940,559.81** | |

**EXHIBIT "B"**
**(PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                 Case No.: 22-_____

    Debtors.                                             (Joint Administration Pending)

_____/

### ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF CERTAIN PRE-PETITION CLAIMS OF, AND HONORING CERTAIN CONTRACTS WITH SHIPPERS AND WAREHOUSEMEN

**THIS MATTER** came before the Court on October ___, 2022, at _____ in Fort Lauderdale, Florida for a hearing (the "Hearing") upon the *Debtors' Emergency Motion for*

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11594529-1

*Order Authorizing Payment of Certain Pre-Petition Claims of, and Honoring Certain Contracts With Shippers and Warehousemen* (the "Motion") [ECF No. ____] filed by the above-captioned debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors") seeking entry of an order authorizing the payment, in the Debtors' discretion, of certain pre-petition claims of, and honoring of certain contracts with, the Shippers.[2] The Court, having considered the Motion, finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) the Court may enter a final order consistent with Article III of the United States Constitution; (e) notice of the Motion and the Hearing was sufficient under the circumstances and no other or further notice need be provided; (f) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and (g) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the Hearing, and being otherwise fully advised in the premises, does for the reasons stated on the record of the Hearing, all of which are incorporated herein; and after due deliberation and sufficient cause appearing therefor, has determined that good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED THAT**:

1.      The Motion is **GRANTED**.

---

[2] All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

2

11594529-1

2.      The Debtors are authorized, but not directed, to pay the pre-petition obligations owing to the Shippers and otherwise deal with those entities in the ordinary course of business and in accordance with normal pre-petition procedures and agreements.

3.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the rights of the Debtors or any party in interest to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

4.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

5.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

#   #   #

Submitted by:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

3

11594529-1