UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-_____ |
| Debtors. | (Joint Administration Pending) |

_____/

**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING
DEBTORS TO PAY PREPETITION SALES, USE, TRUST FUND,
PROPERTY, AND OTHER TAXES AND SIMILAR OBLIGATIONS**
(Emergency Hearing Requested)

**Statement of Exigent Circumstances**

The Debtors respectfully request the Court conduct an emergency hearing on this Motion. If the Taxes and Fees (as defined herein) are not paid it is possible that some, if not all, of the Authorities (as defined herein) may, pursuant to section 362(b)(9) of the Bankruptcy Code, cause the Debtors to be audited and subjected to various administrative proceedings. Such audits and administrative proceedings and the accompanying disruption in business activities would materially and adversely affect the Debtors' restructuring efforts and unnecessarily divert the Debtors' attention away from these cases. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property

Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev

LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

through their proposed undersigned counsel, file this motion (the "Motion") seeking entry of an order authorizing, but not directing, the Debtors to pay prepetition sales, use, trust fund, property, and other taxes and similar obligations, as detailed herein, in the ordinary course of the Debtors' businesses.  In addition, the Debtors request that (i) to the extent the Debtors have paid certain taxes which should not have been paid, the Court authorize the Debtors to seek a refund of such taxes, and (ii) to the extent that the Debtors dispute any such prepetition tax, the Court authorize the Debtors to set aside, in a segregated account, funds to pay the subject tax until a final determination is made as to whether the Debtors are obligated to pay the subject tax.  In support of this Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") which has been filed with the Court on the date hereof and is incorporated herein and respectfully represent as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 363(b), 507(a)(8), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

11582623-4

5.     The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested

7.     By this Motion, the Debtors request an order: (i) authorizing, but not directing, the Debtors: (a) to pay, in the Debtors' sole discretion, prepetition sales, use, trust fund, property, and other taxes and similar obligations, as detailed herein, in the ordinary course of the Debtors' businesses; and (b) (i) to seek a refund of any taxes that have been already paid by the Debtors that the Debtors determine, in the exercise of their business judgment, should not have been paid, and (ii) authorizing the Debtors to set aside, in a segregated account, funds to pay any taxes that have not yet been paid by the Debtors but which the Debtors dispute, until a final determination is made as to whether the Debtors are obligated to pay the alleged tax, and (iii) authorizing financial institutions to receive, process, honor and pay all related checks and electronic payment requests, solely to the extent the Debtors have sufficient funds standing to their credit with such financial institutions, and such financial institutions may rely on the representations of the Debtors as to which checks are issued and authorized or wire transfers are made and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtors' instructions.

## Factual Background

8.     In the ordinary course of operating their businesses, the Debtors (a) incur certain sales, use, and trust fund property taxes (collectively, the "Taxes"), and (b) are charged amounts for fees, tolls, trademark and intellectual property licenses, and other similar charges and

3

assessments by various licensing authorities (collectively, the "Fees"). The Debtors remit the Taxes and Fees to various federal, state, and local taxing, licensing and other governmental authorities (collectively, the "Authorities") on a periodic basis (whether monthly, quarterly, or yearly) that are established for each particular Tax or Fee.

9.      As of the Petition Date, the Debtors estimate that they owe the various Authorities approximately $2,717,001.21 in prepetition Taxes and Fees, as described in detail on **Exhibit "A".**[2] As of the Petition Date, it is estimated that there are approximately $850,000.00 of sales and use taxes owed to various taxing authorities. **Exhibit "A"** reflects two-line items indicating the taxing authority as "various" because the Debtors operate and sell products throughout the United States and do not know the exact amount of sales and use taxes owed or which authority the taxes are owed to until these taxes are reconciled. In the ordinary course of business, the Debtors reconcile these sales and use taxes owed and pay the various authorities at the end of the following month. Notwithstanding, the Debtors dispute approximately $1.5 million of these Taxes which represent certain additional sales and use taxes allegedly owed in several states as identified on **Exhibit "A".** The majority of the Debtors' sales are through distributors where a sales tax is not required. There was a discrepancy in the sales and use tax returns that were filed in the respective states that resulted in the assessment of use and sales taxes in several states, which the Debtors believe they would not otherwise owe. The Debtors' global tax manager is

---

[2]   As of the Petition Date, the Debtors have also incurred prepetition state and federal payroll and employment-related Taxes in the ordinary course of business and such Taxes are owed (but not yet paid), to the Authorities pursuant to the Debtors' upcoming payroll. The Debtors do not seek authority to collect and pay state and federal employee withholding taxes under this Motion, but rather request such authority as part of the *Debtors' Emergency Motion for Order (I) Authorizing Debtors to Pay (A) Certain Prepetition Employee Obligations and (B) Prepetition Withholding Obligations, (II) Authorizing the Debtors to Maintain Employee Benefit Programs, and (III) Directing Banks to Honor Related Prepetition Transfers*, filed on the Petition Date.

4

working with the various state taxing agencies to file amendments to the sales and use tax returns which should result in the Debtors owing significantly less sales and use taxes. Through this Motion, the Debtors seek only the authorization to pay the Authorities the prepetition amounts described herein in the ordinary course, and only to the extent that the liabilities are assessed against the Debtors on a final basis.

10.     The Debtors believe that many of the Taxes and Fees collected prepetition are not property of the Debtors' estates, and therefore, must be remitted to the Authorities.  Even if certain prepetition Taxes and Fees are not considered to be the property of the Debtors' estates, they may give rise to priority claims by the Authorities.  Moreover, if the Taxes and Fees are not paid, it is possible that some, if not all, of the Authorities may, pursuant to section 362(b)(9) of the Bankruptcy Code, cause the Debtors to be audited and subjected to various administrative proceedings.  Such audits and administrative proceedings and the accompanying disruption in business activities would materially and adversely affect the Debtors' reorganization efforts and unnecessarily divert the Debtors' attention away from these cases.  In the event that such action is taken by the Authorities, the Debtors need the authority of this Court to pay, if necessary, the various Taxes and Fees.

**Authority for Relief**

11.     At least five grounds exist for granting the relief requested in this Motion: (i) the Taxes and Fees are not property of the estates under section 541(d) of the Bankruptcy Code; (ii) all or substantially all of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code; (iii) certain Authorities may have the ability to sue the Debtors' directors and officers for certain unpaid Taxes and Fees, or may assert that the Debtors' officers and directors are guilty of a quasi-criminal offense in connection with the Debtors'

5

failure to make appropriate remittances and thereby seek to hold the officers and directors personally liable for the Taxes and Fees, distracting them from the Debtors' reorganization efforts; (iv) the Bankruptcy Code gives the Debtors authority to remit payment on account of such Taxes and Fees in the ordinary course of business; and (v) section 105(a) of the Bankruptcy Code and the Court's general equitable powers permit the Court to grant the relief sought herein.

12.     Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (a)(2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." *See* 11 U.S.C. § 541(d); *In re Scanlon*, 239 F.3d 1195, 1197 (11th Cir. 2001)(quoting *T&B Scottdale Contractors, Inc. v. United States*, 866 F.2d 1372, 1376 (11th Cir.1989) (quoting 11 U.S.C. § 541(a)(1)); *City of Farrell* v. *Sharon Steel Corp.*, 41 F.3d 92, 95-97 (3d Cir. 1994); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 105 (Bankr. E.D. Pa. 1987).

13.     Many of the Taxes and Fees constitute "trust fund" taxes, which the Debtors are required to collect from their customers and hold in trust for payment to the Authorities.  As a result, courts have held that such taxes are not a part of the Debtors' estates.  *See, e.g.*, *Begier* v. *Internal Revenue Serv.*, 496 U.S. 53, 57-60 (1990) (holding that any prepetition payment of "trust fund" taxes is not an avoidable preference since funds are not the debtor's property); *Al Copeland Enters., Inc.* v. *Texas*, 991 F.2d 233, 235-38 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estate); *Shank* v. *Wa. State Dep't of Revenue, Excise Tax Div.*, 792 F.2d 829, 833 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is a "trust

6

fund" tax and not released by bankruptcy discharge).  To the extent these "trust fund" taxes are collected, they are not property of the Debtors' estate under section 541(d) of the Bankruptcy Code.  *See City of Farrell* v. *Sharon Steel Corp.,* 41 F.3d, 95-97 (holding that "trust fund" taxes were held for the governmental authority); *In re Am. Int'l Airways, Inc.*, 70 B.R. at 104-105 (holding that funds segregated by debtor in trust for federal taxes were payable in their entirety to the federal government on account of taxes due). The Debtors, therefore, do not have an equitable interest in the Taxes or Fees.  Accordingly, the Debtors should be able to pay the Taxes and Fees that constitute "trust fund" taxes as they come due and payment of such Taxes and Fees will not prejudice the rights of any of the Debtors' other creditors.

14.     Moreover, claims for some or all of the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code. Section 507(a)(8) of the Bankruptcy Code provides that claims entitled to priority status include unsecured claims of governmental units for: (a) taxes on or measured by income or gross receipts for a taxable year ending on or before the Petition Date, for which a return, if required, is last due, including extensions, after three years prior to the Petition Date, and which is assessed within 240 days before the Petition Date; (b) property taxes incurred before the Petition Date and last payable without penalty after one year before the Petition Date; and (c) taxes required to be collected or withheld and for which the debtor is liable in whatever capacity.  *See* 11 U.S.C. § 507(a)(8)(A), (B) and (C).

15.     Moreover, to the extent that the Taxes and Fees are entitled to priority treatment under section 507(a)(8)(B) of the Bankruptcy Code, the governmental unit also may attempt to assess penalties.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to a penalty related to a claim of a kind specified in section 507(a)(8) and in compensation for actual pecuniary loss).

7

11582623-4

16.     Because certain of the Taxes and Fees likely would be entitled to priority treatment, the Debtors' post-petition payment of prepetition Taxes and Fees will give the Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan and will save the Debtors potential interest expenses, legal expenses and penalties that otherwise might accrue on the Taxes and Fees during these chapter 11 cases.

17.     In addition, and as mentioned above, claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full pursuant to a confirmed plan under section 1129(a)(9)(C) of the Bankruptcy Code.  Thus, payment of the Taxes and Fees at this time only affects the timing of the payment for the vast majority of the amounts at issue and therefore should not unduly prejudice the rights of other creditors.

18.     If the Debtors fail to pay the Taxes and Fees in a timely manner, the Authorities may assert that the Debtors' officers and directors are personally liable for payment of the Taxes and Fees.  *See, e.g., Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 20-21 (2000) (burden of proof with respect to corporate officer's liability when corporation fails to pay use tax to state is not altered by virtue of the corporation's filing for bankruptcy); *U.S. v. Energy Res. Co., Inc*., 495 U.S. 545 (1990) (to the extent that an employer fails to pay income taxes or social security taxes, I.R.C. § 6672 authorizes the government to collect an equivalent sum directly from the employer's officers or employees who are responsible for collecting the tax); *Matter of A&B Heating & Air Conditioning*, 861 F.2d 1538, 1539 n.2 (11th Cir. 1988) ("The Internal Revenue Code imposes personal liability on responsible corporate officers who fail to remit trust fund taxes to the government"); *Brown v. U.S.*, 439 Fed. App'x 772, 776-77 (11th Cir. 2011).  This is the case even if a failure to pay such Taxes and Fees was not a result of malfeasance on their part.  Any litigation related to the failure to pay Taxes and Fees would prove extremely

8

distracting for the Debtors, for the named officers and directors whose attention to the Debtors' reorganization process is required, and for this Court which may be asked to entertain various motions seeking injunctions with respect to the potential non-bankruptcy actions.  Therefore, it is in the best interests of the Debtors' estates to eliminate the possibility of the foregoing distractions.

19.    The Court may also authorize the Debtors to pay the Taxes and Fees under section 363(b) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under this section, a court may authorize a debtor to pay certain prepetition claims.  *See In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code); *In re UAL Corp.*, Case No. 02-48191 (Bankr. N.D. Ill. Dec. 9, 2002) (authorizing payment of prepetition claims under section 363 of the Bankruptcy Code as an out-of-the-ordinary-course transaction). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors."  *Ionosphere Clubs*, 98 B.R. at 175.  As discussed above, the Debtors' failure to pay the Taxes and Fees could have a material adverse impact on their ability to operate in the ordinary course of business (resulting in audits, actions against the Debtors' directors and officers or, perhaps, suspended operations).

20.    In addition to the authority granted under section 363 of the Bankruptcy Code, bankruptcy courts have granted relief consistent with the Debtors' request herein under the longstanding "doctrine of necessity" which was first articulated in *Miltenberger* v. *Longansport Ry. Co.*, 106 U.S. 286 (1882).  Modern application of the doctrine of necessity is derived from the inherent equitable powers granted to the bankruptcy court under section 105(a) of the

Bankruptcy Code, which empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." *See* 2 COLLIER ON BANKRUPTCY ¶ 105.01 (16th ed. Rev. 2009). Thus, section 105 of the Bankruptcy Code essentially codifies the bankruptcy court's inherent equitable powers. The relief requested in this Motion is critical to the Debtors' reorganization efforts and is, therefore, justified under section 105(a) of the Bankruptcy Code.

21.    As stated above, the "doctrine of necessity" or the "necessity of payment" rule originated in railway cases and was first articulated in *Miltenberger v. Logansport, R. Co.*, 106 U.S. 286 (1882). The doctrine was expanded to non-railroad debtors in *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945). Today, the rationale for the "necessity of payment" rule - the maintenance of a debtor in bankruptcy cases - is "the paramount policy and goal of Chapter 11." *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989).

22.    The relief requested herein is justified under the foregoing authorities and section 105 because allowing the Debtors to pay certain limited expenses that accrued before the Petition Date is critical to maintaining the Debtors' ongoing operations, and granting the relief requested herein will allow the Debtors to continue to operate and therefore preserve and enhance the bankruptcy estates for the benefit of all creditors. Payment of these prepetition taxes and similar obligations, as requested herein, in the ordinary course of the Debtors' businesses is, therefore, appropriate and necessary to carry out the sale of the Debtors' assets under chapter 11 of the Bankruptcy Code. Courts in this District have granted relief similar to that sought herein. *See, e.g.*, *In re American Purchasing Services, LLC d/b/a American Medical Depot, et al.,* Case No.

11582623-4

20-23495-SMG (Bankr. S.D. Fla. Dec. 16, 2020); *In re Tamarac 10200, LLC, et al.,* Case No. 20-23346-PDR (Bankr. S.D. Fla. Dec. 10, 2020); *In re Miami Air International, Inc.,* Case No. 20-13924-AJC (Bankr. S.D. Fla. Mar. 27, 2020); *In re Ruden McClosky P.A.,* Case No. 11-40603-BKC-RBR (Bankr. S.D. Fla. Nov. 3, 2011); *In re Maguire Group Holdings, Inc., et al.,* Case No. 11-39347-BKC-RAM (Bankr. S.D. Fla. Oct. 31, 2011); *In re Gulfstream International Group, Inc., et al.*, Case No. 10-44131-BKC-JKO (Bankr. S.D. Fla. Nov. 8, 2010).

23.    The payment of the Taxes and Fees is necessary to avoid interruption of the Debtors' business activities.  As mentioned above, non-payment of the Taxes and Fees likely would cause taxing and other authorities to conduct audits and administrative proceedings pursuant to section 362(b)(9) of the Bankruptcy Code, which would result in significant administrative burdens.  Prompt and regular payment of the Taxes and Fees will avoid these unnecessary governmental actions.  The timely payment of the Taxes and Fees, therefore, is necessary and in the best interest of the Debtors' estates.

24.    The Debtors also request that banks and financial institutions, when requested by the Debtors in their sole discretion, process, honor and pay all checks, and honor all electronic payment requests related to the prepetition obligations described herein, whether such checks or other requests were submitted prior to or after the Petition Date.  The Debtors further request that all such banks and financial institutions be authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Motion.

25.    For all of the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.  However, nothing in this Motion or the order granting this Motion should be construed

11582623-4

as impairing the Debtors' ability to contest the amounts of any Taxes and Fees allegedly owing to the Authorities.

## Processing of Checks and Electronic Fund Transfers Should Be Authorized

26.    The Debtors have sufficient funds to pay any amounts related to the Taxes and Fees in the ordinary course of business.  Under the Debtors' existing cash management system, the Debtors have made arrangements to readily identify checks or wire transfer requests relating to the Taxes and Fees, as applicable.  The Debtors believe there is minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made.  Thus, the Debtors request that the Court authorize all applicable financial institutions to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the Taxes and Fees, including any automatic withdrawals from the Debtors' accounts.

## The Requirements of Bankruptcy Rule 6003 Are Satisfied

27.    Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For reasons discussed above, authorizing the Debtors, in their sole discretion, to pay the Taxes and Fees accrued prior to the Petition Date and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases.  Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (finding that "immediate and irreparable harm" exists where loss of the business threatens ability to reorganize).  For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course and preserve the ongoing value of the Debtors' operations

12

and maximize the value of their estates for the benefit of all stakeholders. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

**Reservation of Rights**

28.     Nothing contained herein is intended or should be construed as an admission as to the validity of any Tax or Fee against the Debtors, a waiver of the Debtors' right to dispute any Tax or Fee, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their rights to contest any claim related to the Taxes and Fees under applicable non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' right to dispute such claim subsequently.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

29.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**WHEREFORE**, the Debtors respectfully request the Court enter an order, substantially in the form attached hereto as **Exhibit "B"**, (i) authorizing, but not directing, the Debtors to remit and pay the prepetition Taxes and Fees as the Debtors, in their sole discretion, deem necessary, (ii) authorizing financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made relating to the foregoing, and (iii) granting such other and further relief as the Court deems appropriate.

13

Dated:   October 10, 2022
         Miami, Florida

Respectfully submitted,

_/s/ Jordi Guso_____

George A. Davis (*pro hac vice* pending)
Tianjiao ("TJ") Li (*pro hac vice* pending)
Brian S. Rosen (*pro hac vice* pending)
Jonathan J. Weichselbaum (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:   george.davis@lw.com
         tj.li@lw.com
         brian.rosen@lw.com
         jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:   jguso@bergersingerman.com
         mniles@bergersingerman.com

– and –

Andrew D. Sorkin (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:   andrew.sorkin@lw.com

Jeramy D. Webb (*pro hac vice* pending)
Whit Morley (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   jeramy.webb@lw.com
         whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

11582623-4

**<u>EXHIBIT "A"</u>**
**(Taxes and Fees)**

Exhibit "A"

| DEBTOR | STATE/ JURISDICTION | NAME AND ADDRESS OF TAXING AUTHORITY/AGENCY | ADDRESS OF TAXING AUTHORITY/AGENCY | LAST FOUR DIGITS OF ACCT # | TYPE OF TAX | ESTIMATED AMOUNT OWED AS PETITION DATE |
|---|---|---|---|---|---|---|
| Vital Pharmaceuticals, Inc. | Various | Various | Various | Various | Sales and Use; Goods & Services Tax** | $475,000.00 |
| Vital Pharmaceuticals, Inc. | TX | Texas Comptroller of Public Accounts | 12345 N. Lamar Blvd., Suite 175, Austin, TX 78753 | | Sales and Use* | $391,082.93 |
| JHO Real Estate Investment, LLC | AZ | Maricopa County Treasurer | P.O. Box 52133, Phoenix, AZ 85072-2133 | Parcel #001Q | Real Property | $343,760.37 |
| Vital Pharmaceuticals, Inc. | AZ | Arizona Department of Revenue | P.O. Box 29085, Phoenix, AZ 85038-9085 | | Sales and Use* | $309,342.91 |
| Quash Seltzer, LLC | Various | | | Various | Sales and Use** | $265,000.00 |
| Vital Pharmaceuticals, Inc. | WA | Washington State Department of Revenue | P.O. Box 47464, Olympia, WA 98504-7464 | | Sales and Use* | $204,640.23 |
| Vital Pharmaceuticals, Inc. | CA | California Department of Tax and Fee Administration | P.O. Box 942879, Sacramento, CA 94279-8062 | | Sales and Use* | $135,860.00 |
| Vital Pharmaceuticals, Inc. | FL | Broward County Tax Collector | 115 S. Andrews Ave. Suite A100, Ft. Lauderdale, FL 33301-1895 | Folio #s 1520 & 6662 | Tangible Personal Property | $120,821.83 |
| Vital Pharmaceuticals, Inc. | NC | North Carolina Department of Revenue | P.O. Box 25000, Raleigh, NC 27640-0700 | | Sales and Use* | $93,255.95 |
| Vital Pharmaceuticals, Inc. | GA | Georgia Department of Revenue | P.O. Box 740317, Atlanta, GA 30374 | | Sales and Use* | $88,908.00 |
| Vital Pharmaceuticals, Inc. | FL | Florida Department of Revenue | 5050 W. Tennessee Street, Tallahassee, FL 32399-0120 | | Sales and Use* | $68,056.20 |
| Vital Pharmaceuticals, Inc. | VA | US Patent Trademark | 600 Dulany Street, Alexandria, VA 22314 | | Trademark licenses | $45,000.00 |
| Vital Pharmaceuticals, Inc. | AL | Alabama Department of Revenue | P.O. Box 327320, Montgomery, AL 36132-7320 | | Sales and Use* | $40,383.52 |
| Vital Pharmaceuticals, Inc. | NJ | New Jersey Division of Revenue and Enterprise Services | P.O. Box 281, Trenton, NJ 08695-0281 | | Sales and Use* | $31,533.56 |
| Vital Pharmaceuticals, Inc. | VA | Virginia Department of Taxation | P.O. Box 1115, Richmond, VA 23218-1115 | | Sales and Use* | $20,062.41 |
| Vital Pharmaceuticals, Inc. | WI | Wisconsin Department of Revenue | P.O. Box 930208, Milwaukee, WI 53293 | | Sales and Use* | $25,268.70 |
| Vital Pharmaceuticals, Inc. | OH | Ohio Department of Taxation | P.O. Box 530, Columbus, OH 43216-0530 | | Sales and Use* | $20,113.07 |
| Vital Pharmaceuticals, Inc. | KY | Kentucky Department of Revenue | 501 High St., Frankfort, KY 40619-0006 | | Sales and Use* | $6,506.01 |
| Vital Pharmaceuticals, Inc. | NY | New York State Department of Taxation and Finance | P.O. Box 15168, Albany, NY 12212-5168 | | Sales and Use* | $5,902.50 |
| Vital Pharmaceuticals, Inc. | FL | Sunpass Operations | P.O. Box 447, Ocoee, FL 34761 | | Tolls | $5,000.00 |
| Vital Pharmaceuticals, Inc. | CT | Connecticut State Department of Revenue | P.O. Box 5030, Hartford, CT 06102-5030 | | Sales and Use* | $3,320.00 |
| Vital Pharmaceuticals, Inc. | NV | Nevada Department of Taxation | P.O. Box 51107, Los Angeles, CA 90051-5407 | | Sales and Use* | $2,201.20 |
| Vital Pharmaceuticals, Inc. | IA | Iowa Department of Revenue | P.O. Box 10330, Des Moines, IA 50306-0330 | Various | Sales and Use* | $1,414.94 |
| Vital Pharmaceuticals, Inc. | CA | 91 Express Lanes | P.O. Box 60939, Anaheim, CA 92817 | | Tolls | $900.00 |
| Vital Pharmaceuticals, Inc. | WV | West Virginia State Tax Department | P.O. Box 11425, Charleston, WV 25339 | | Sales and Use* | $863.35 |
| Vital Pharmaceuticals, Inc. | Switzerland | World Intellectual Property Organization (WIPO) | 34 Chemin des Colombettes 1211 Switzerland | | Intellectual Property | $850.00 |
| Vital Pharmaceuticals, Inc. | MN | Minnesota Department of Revenue | P.O. Box 64622, St. Paul, MN 55164-0622 | Various | Sales and Use* | $780.00 |
| Vital Pharmaceuticals, Inc. | FL | E-Pass Orlando | P.O. Box 720218, Orlando, FL 32872 | | Tolls | $700.00 |
| Vital Pharmaceuticals, Inc. | ME | Maine Revenue Services | P.O. Box 1065, Augusta, ME 04332-1065 | Various | Sales and Use* | $447.30 |
| Vital Pharmaceuticals, Inc. | IL | IL Tollway | P.O. Box 5544, Chicago, IL 60680-5544 | | Tolls | $400.00 |
| Vital Pharmaceuticals, Inc. | ID | Idaho State Tax Commission | 11321 W. Chinden Blvd., Boise, ID 83722-2303 | Various | Sales and Use* | $340.89 |
| Vital Pharmaceuticals, Inc. | CA | TCA Fastrak Tolls | P.O. Box 57011, Irvine, CA 92619-7011 | Various | Tolls | $265.00 |
| TOTAL | | | | | | $2,717,001.21 |

* Estimated amounts for Sale and Use Taxes are disputed. The Debtor, Vital Pharmaceuticals, is working with the various state agencies to submit corrected returns.

** Estimated accrued balance.

**<u>EXHIBIT "B"</u>**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]      Case No.: 22-_____

      Debtors.                              (Joint Administration Pending)
_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
AUTHORIZATION TO PAY PREPETITION SALES, USE,
TRUST FUND, AND OTHER TAXES AND SIMILAR OBLIGATIONS**

      **THIS MATTER** having come before the Court for a hearing on October ___, 2022 at

_____ a.m./p.m. in Fort Lauderdale, Florida upon the *Debtors' Emergency Motion for*

*Authorization to Pay Prepetition Sales, Use, Trust Fund, and Other Taxes and Similar*

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11582693-1

*Obligations* [ECF No. ____] (the "Motion").[2]  The Motion seeks entry of an order authorizing, but not directing, the Debtors to pay prepetition sales, use, trust fund, property and similar taxes, and related fees.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      The Debtors are authorized, but not directed, to pay prepetition Taxes and Fees.

3.      To the extent the Debtors have paid Taxes which should not have been paid, the Debtors are authorized to seek a refund of such Taxes. Likewise, to the extent the Debtors dispute any prepetition Taxes, the Debtors are authorized to set aside, in a segregated account, funds to pay such Taxes until a final determination is made as to whether the Debtors are obligated to pay such Taxes.

4.      Nothing in this Order precludes the Debtors from (i) contesting, in their sole

---

[2]   All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

discretion, the validity and amount of any Taxes and Fees under applicable bankruptcy or non-bankruptcy law, or (ii) seeking or not seeking approval or assumption of any agreement, contract, or lease under 11 U.S.C. § 365.

5.      All depositories on which checks were drawn in payment of prepetition amounts to the Authorities shall honor such checks as and when presented for payment.

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.,
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

11582693-1