UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-_____

    Debtors.                                 (Joint Administration Pending)

_____/

**DEBTORS' EMERGENCY APPLICATION FOR APPROVAL, ON AN INTERIM AND
FINAL BASIS, OF THE EMPLOYMENT OF JORDI GUSO AND THE LAW
FIRM OF BERGER SINGERMAN LLP AS LOCAL COUNSEL FOR DEBTORS-
IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE**
**(Emergency Hearing Requested)**

**Statement of Exigent Circumstances**

The Debtors respectfully request the Court to consider interim approval
of this Application on an emergency basis.  Without counsel, the
Debtors would be unable to seek the Court orders they require to
operate their businesses. The Debtors believe that withholding approval
of an application for interim retention of counsel for artificial entities
such as corporations and limited liability companies that cannot
represent themselves in federal court would cause immediate and
irreparable harm to the estates.  The Debtors respectfully request that
the Court waive the provisions of Local Rule 9075-1(B), which requires
an affirmative statement that a bona fide effort was made in order to
resolve the issues raised in this Motion, as the relief requested herein is
urgent in nature and does not lend itself to advance resolution.

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property

Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev

LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and

through their proposed undersigned counsel, pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P.

_____

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the
Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy
Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate
Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and
(vii) Vital Pharmaceuticals International Sales, Inc. (8019).

2014(a), 2016 and 6003, and Local Rules 2014-1(A) and 2016-1(A), hereby file this *Debtors' Emergency Application for Approval, on an Interim and Final Basis, of the Employment of Jordi Guso and the Law Firm of Berger Singerman LLP as Local Counsel for Debtors-in-Possession, Effective as of the Petition Date* (the "<u>Application</u>"), seeking approval on an interim and final basis of the employment of the law firm of Berger Singerman LLP ("<u>BSLLP</u>"), to represent the Debtors-in-Possession as local counsel in these chapter 11 cases.  In support of the Application, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>") filed concurrently herewith and incorporated herein and the *Declaration of Jordi Guso, on Behalf of Berger Singerman LLP as Proposed Local Counsel for Debtors-In-Possession, Effective as of the Petition Date* attached hereto as **Exhibit "A"** (the "<u>Guso Declaration</u>"), and respectfully represent the following:

<u>Jurisdiction and Venue</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are section 327(a) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rules 2014-1(A) and 2016-1(A).

<u>Background</u>

4.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6.    For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested

7.    The Debtors believe that it is in the best interests of their estates to retain BSLLP as local counsel in these chapter 11 cases.  The Debtors believe that the attorneys of BSLLP are qualified to practice in this Court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties. The professional services that BSLLP will render include, but are not limited to, the following:

(a)    To give advice to the Debtors with respect to their powers and duties as debtors-in-possession and the continued management of their business operations;

(b)    To advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)    To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these chapter 11 cases;

(d)    To protect the interests of the Debtors in all matters pending before the Court; and

(e)    To represent the Debtors in negotiations with their creditors and in the preparation of a plan.

## Authority for Relief

8.    The Debtors seek retention of BSLLP as their local counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval;

> …may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or

represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

9.      Bankruptcy Rule 2014(a) requires that an application for retention include:

> …specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

10.     For all of the reasons stated in this Application and the First Day Declaration, the Debtors believe that it is in the best interests of their estates to retain BSLLP as general counsel in these chapter 11 cases.

11.     To the best of the Debtors' knowledge, except as disclosed in the Guso Declaration, neither Jordi Guso ("Guso") nor BSLLP has any connection with the creditors or other parties in interest or their respective attorneys.  As set forth in the Guso Declaration, to the best knowledge of Guso, neither Guso nor BSLLP represents any interest adverse to the Debtors.

12.     The Guso Declaration, containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure, is attached and demonstrates that under these circumstances, Guso and BSLLP are disinterested as required by Section 327(a) of the Bankruptcy Code.

13.     BSLLP will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.  Delay in obtaining approval until a final hearing is scheduled will cause immediate and irreparable harm

to the Debtors.

14. The Debtors seek entry of an order, on an interim basis, approving the employment of BSLLP, and scheduling a final hearing to consider the Application. Entry of an interim order will help avoid delay in obtaining approval until a final hearing is scheduled, which would cause immediate and irreparable harm to the Debtors, who would be without counsel for first day hearings. *See In re First NLC Financial Services, LLC,* 382 B.R. 547 (Bankr. S.D. Fla. 2008 (overruling objection of U.S. Trustee to retention of Berger Singerman as proposed counsel for chapter 11 debtor, finding that granting interim relief was proper under Bankruptcy Rule 6003 and agreeing with the CRO's testimony "that without counsel for [the first] 20 days [after the petition date], these cases would be immediately and irreparably harmed," *Id.* at 549).

15. In accordance with Local Rule 2014-1, attached as **Composite Exhibit "B"** are the Berger Singerman engagement letter and the supplemental engagement letter.

16. Accordingly, the Debtors seek to retain Berger Singerman on an interim basis pursuant to Bankruptcy Rule 6003, as such retention of counsel for chapter 11 debtors has been consistently approved in bankruptcy courts across the country including in Florida and this district. *First NLC Financial Services, LLC, supra. accord In re Arrow Air, Inc., et al.*, Nos. 10-28831-AJC, 10-28834-AJC, 2010 WL 6982673 (Bankr. S.D. Fla. July 12, 2010); *In re First Foliage, L.C.*, No. 10-27532-BKC-LMI, 2010 WL 8033344 (Bankr. S.D. Fla. June 23, 2010); *In re Vero Fashion Outlets, LLC*, No. 09-31344-EPK, 2009 WL 7199998 (Bankr. S.D. Fla. October 12, 2009).

**WHEREFORE**, the Debtors respectfully request entry of an order in the form attached hereto as **Exhibit "C"**: (i) approving, on an interim basis, the Debtors' employment of Jordi Guso and the law firm of Berger Singerman LLP, as general counsel to the Debtors in these

chapter 11 cases, effective as of the Petition Date; (ii) scheduling a final hearing on the Application; and (iii) for such other and further relief as the Court deems just and proper.

Dated: October 10, 2022   Respectfully submitted,

         VITAL PHARMACEUTICALS, INC., *et al.*, Debtors
         1600 N. Park Drive
         Weston, FL 33326

         By: /s/ *John C DiDonato*
           John C. DiDonato
           Chief Transformation Officer

Dated: October 10, 2022                     Respectfully submitted,
      Miami, Florida

                                                                   */s/ Jordi Guso*

George A. Davis (*pro hac vice* pending)     Jordi Guso
Tianjiao ("TJ") Li (*pro hac vice* pending)     Florida Bar No. 863580
Brian S. Rosen (*pro hac vice* pending)     Michael J. Niles
Jonathan J. Weichselbaum (*pro hac vice* pending)     Florida Bar No. 107203
**LATHAM & WATKINS LLP**                     **BERGER SINGERMAN LLP**
1271 Avenue of the Americas                  1450 Brickell Avenue, Suite 1900
New York, NY 10020                           Miami, FL 33131
Telephone:  (212) 906-1200                   Telephone:  (305) 755-9500
Email:  george.davis@lw.com                  Email:  jguso@bergersingerman.com
        tj.li@lw.com                           mniles@bergersingerman.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Jeramy D. Webb (*pro hac vice* pending)
Whit Morley (*pro hac vice* pending)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jeramy.webb@lw.com
        whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

## <u>EXHIBIT "A"</u>

**(Guso Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,                    Case No.: 22-_____

    Debtors.                                             (Joint Administration Pending)
_____/

**DECLARATION OF JORDI GUSO ON BEHALF OF
BERGER SINGERMAN LLP, AS PROPOSED LOCAL COUNSEL FOR THE
DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

1.      I am Jordi Guso.  I am an attorney and through my professional association corporation, a member of the law firm of Berger Singerman LLP ("Berger Singerman").  Our firm maintains offices for the practice of law at 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301; 313 North Monroe Street, Suite 301, Tallahassee, FL 32301 and 525 Okeechobee Boulevard, Suite 1250, West Palm Beach, FL 33401.  I am familiar with the matters set forth herein and make this Declaration in support of the *Debtors' Emergency Application for Approval, on an Interim and Final Basis, of the Employment of Jordi Guso and the Law Firm of Berger Singerman LLP as Local Counsel for Debtors-in-Possession, Effective as of the Petition Date* (the "Application").

2.      In support of the Application, I disclose the following:

(a)      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b)      In preparing this Declaration, I and others working with me on these cases reviewed lists of the creditors and interested parties of the Debtors, Vital Pharmaceuticals, Inc., Bang

Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC,

Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc.

(collectively, the "Debtors"), as provided by the Debtors, consisting of the following: (i) the

employees of the Debtors; (ii) the Debtors' accounts payable vendors; (iii) the Debtors' utility

providers; (iv) the secured creditors of the Debtors; (v) the Debtors' taxing authorities; (vi) the

Debtor's insurance providers; (vii) the officers, directors and equity security holders of the Debtors;

(viii) the non-debtor parties to pending litigation matters to which the Debtors are a party; (ix) the

Debtors' landlords and lessors, as well as the results of UCC and judgment lien searches conducted

in Florida (for each of the Debtors) and Delaware (with respect to Debtor, Vital Pharmaceuticals

International Sales, Inc., a Delaware corporation) by a third party in respect of filings against the

Debtors.[1]  I caused our accounting department to compare the information obtained thereby with the

information contained in our law firm's client and adverse party conflict check index system.  The

facts stated in this Declaration as to the relationship between other lawyers in our law firm and the

Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of

the United States Trustee, and those persons and entities who are defined as disinterested persons in

Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict

check index system.  Specifically, I have caused to be (i) conducted a computer search of our firm's

records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii)

disseminated a written request for information to all of the attorneys in our firm regarding

connections to the Debtors and the creditors of the Debtors.  Based upon such search, our firm does

---

[1] From time to time, the Debtors use or retain independent contractors.  Because these are not full time employees, and do not participate in any of the Debtors' employee benefit plans, Berger Singerman's conflict search did not include these independent contractors.

11581416-3

not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman.

3.      Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I am one of the persons who is responsible for the supervision of the department of our firm which keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.      A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

a)      *Vital Pharmaceuticals, Inc.* is listed as one of the Debtors in the instant bankruptcy cases.  Berger Singerman previously represented certain individuals who were adverse to *Vital Pharmaceuticals, Inc.* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman previously represented two non-parties served with discovery in a state court matter commenced against *Vital Pharmaceuticals, Inc.,* pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "State Court Action").  Berger Singerman's representation of the two non-parties in the State Court Action is concluded;

b)      *John H. Owoc* is the Debtors' principal and sole equity holder.  Berger Singerman previously represented an individual who was adverse to *John H. Owoc* in a matter

wholly unrelated to the instant bankruptcy cases. Berger Singerman's representation of the individual has been concluded;

     c)    *Royal Bank of Canada* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman represents *Royal Bank of Canada* in matters wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number of clients who are adverse to *Royal Bank of Canada* in that they have incurred a debt to *Royal Bank of Canada* in matters wholly unrelated to the instant bankruptcy cases;

     d)    *Comcast* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman represents *Comcast Corporation* in matters wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number of clients who are adverse to *Comcast* in that they have incurred a debt to *Comcast* in matters wholly unrelated to the instant bankruptcy cases;

     e)    *Jacksonville Electric Authority* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman represents *Jacksonville Electric Authority* in matters wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number of clients who are adverse to *Jacksonville Electric Authority* in that they have incurred a debt to *Jacksonville Electric Authority* in matters wholly unrelated to the instant bankruptcy cases;

     f)    *AT&T* is listed as a creditor or interested party of one or more of the Debtors. Berger Singerman represents *AT&T* in matters wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number of clients who are adverse to *AT&T* in that they have incurred a debt to *AT&T* in matters wholly unrelated to the instant bankruptcy cases;

g)      *RaceTrac, Inc.* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents *RaceTrac, Inc.* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *RaceTrac, Inc.* in that they have incurred a debt to *RaceTrac, Inc.* in matters wholly unrelated to the instant bankruptcy cases;

h)      *Moore Rabinowitz Law, P.A.* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents *Moore Rabinowitz Law, P.A.* in a matter that is wholly unrelated to the instant bankruptcy cases;

i)      There are numerous creditors or interested parties of one or more of the Debtors which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy cases.  These entities are: *Truist Bank, Bank of America, Inc., Branch Banking & Trust Company, Paypal, 7-Eleven, Inc., Accountemps Robert Half, ADM Archer Daniels Midland, Allied Universal Security, Alterna Capital Solutions, Ardagh Glass, CMS Nextech, Briggs Equipment, Byline Financial Group, C.H. Robinson International, Canon Financial Services, Inc., CDW Direct, LLC, Chep USA, Domino Amjet, Inc., DSM Nutritional Products, Inc., Electric Supply, Inc., England Logistics, Inc., Eurofins Food Chemistry Testing US, Inc., Cintas, Corporate Creations International, Inc., Crown Credit Company, Crown Lift Trucks, Dependable Packaging Solutions, FedEx, FedEx Freight, FleetWash, Fona International, Inc., Naumann Hobbs, Nelson Mullins Riley & Scarborough LLP, Neogen Corp., NJ Malin and Associates, LP, Orkin, Otis Elevator, Packaging Corp. of America/PCA, Ryder Truck Rental, Inc., Salesforce.com, Inc., Safe Lite, Saia Motor Freight Line, Inc., Samuel & Sons, Securitas Security Services, Shanghai Freeman Americas, LLC, Comerica Bank, Cobank ACB, Farm*

*Credit Bank, Citizens Bank, Synovus, The Huntington National Bank, GM Financial, General Motors, GMAC, Ally, Crown Lift Trucks, Crown Credit Company, Penske, Penske Truck Leasing, Chrysler Capital, Transamerica Finance Corporation, Verizon, Toshiba, Total Quality Logistics, Transcat, Transportation Management Services, Inc., Transportation Management Solutions, TSG Reporting, U.S. Department of Homeland Security, Uline, United Data Technologies, Waste Management, Inc., Grainger, Glanbia Nutritionals, Glen Raven Logistics, Inc., Global Industrial Equipment, Gordon and Rees LLP, Graphic Packaging International, GSP Marketing Technologies Circle K Stores, Inc., Hach Company, IBT West LLC, IMCD, J.B. Hunt Transport, Inc., Bodies by Pauline LLC, Kentucky Department of Revenue, Kimball Midwest, La Mofe Mendez SAS, MSC Industrial Supply Co., Matheson Tri-Gas, Inc., Motion Industries, Personnel Concepts, Inc. AIO Acquisition, Inc., PNC Equipment Finance, Prinova US LLC, Quarles Brady LLP, QuikTrip Corporation, R&L Carriers, Inc., R&L Truckload Services, Regus Management de Mexico SA de CV, Republic Services #695, Roadnet Technologies, Inc., Omnitracs, Pettit Kohn Ingrassia Lutz & Dolin, P.C., Spectrum Business Charter Communications Holdings, Staples Business Advantage, Southwest Battery Company, Spectrum Chemical Mfg. Corp., Stellar Group, Teledyne TapTone, Suddath Global Logistics, Thomas Scientific Holdings, LLC, Thomson-Reuters-West, XPO Global Forwarding, Inc., YRC Freight, DeLage Landen Financial Services, Inc., Crown Equipment Corporation, Canon Financial Services, PNC Bank, National Association, Webbank, Toyota Industries Commercial Finance, TMH Foundation, Trane, Americredit Financial Services, Inc. d/b/a GM Financial, Centurylink Communications, Great America Financial Services Corp., Great America Leasing Corp., Hitachi Capital America Corp., Briggs Equipment, Inc., City Beverage-Illinois, LLC, Sony Music Entertainment, Universal Music Corp., Better Brands, Big Lots, BJ's*

*Wholesale Club, brown Distributing, Buffalo Rock, C&C Distributors, Inc., C&H Distributors, Inc.,*

*C&S Wholesale Grocers, Casey's General Store, Cavalier Distributing Florida, City Beverages*

*Limited Partnership, Clark Distribution Systems, Inc., Coastal Beverage Ltd., Cumberland Farms,*

*Inc., Eagle Brand Beverages, Edward Davis, LLC, Europa Sports Products, Expolanka USA LLC,*

*General Distributing Company, McLane Company, Inc., Miejer, Eurpac Service Warehouse Sales,*

*Pepsi Cola, Pepsi Bottling Group, Paradise Beverages, Inc., PBC, Inc., Smith Brothers, Sunny Hill*

*International, Inc., Superior Coffee & Beverage Service, Lewis Bear Company, Giant Eagle, Global*

*Connect, GNC, Greenleaf, Inc., The Grocers Supply Co., Inc., The H.T. Hackney Co., H.E.B.*

*Grocery, Hy-Vee, J.J. Taylor Distributing Florida, Inc., Johnson's Distribution, Mahaska Hearing*

*Aid Center, Kimball International, Incorporated, K-Mart, The Kroger Co., Lagrange Plaza, LLC, 24*

*Hour Fitness, AGP Company Cube International, American Fitness Wholesaler, Army Air Force*

*Exchange Service, Atlas Distributing, Inc., Baker Distributing Co., ADP, Automatic Data*

*Processing, Inc., Brown & Brown of Florida, Inc., Chubb & Son, Inc., Concentra – Occupational*

*Health Centers of the Southwest, First Insurance Funding, MetLife Insurance, Mutual of Omaha,*

*Nationwide DVM Insurance Agency, Optum Financial, Principal Life Insurance, C1 Dal III-V, LLC*

*– Colony Capital, Dalfen Industrial, Duke Realty, Eastgroup Properties, LP, Everman Trade Center,*

*Teachers Ins.  Annuity Assoc. of America, Personal Mini Storage, Midgard Self Storage, United*

*Distributors, Inc., Vistar Corporation, Performance Food Group, Inc., Vitamin Shoppe, Vitamin*

*World, Inc., Walgreens, Wal-Mart Stores, Inc., Western Distributors, Inc., Cox Communications,*

*Inc., Frontier Communications, Orange County BCC, Orange County Comptroller, Arizona*

*Instrumentation and Components, Avalara, Inc., Balpack, Inc., Barrington Chemical Corporation,*

*Berkeley Research Group, Block One Technologies, Border States Industries, Brumm, Vega*

*Associates, Circle K Stores, Inc., Commerce Bank – Commercial Cards, Corsearch, Inc., AT&T, Amerigas, Athens Services, Atmos Energy, Austell Gas System, Blue Stream, City of Fort Myers, City of Pembroke Pines, City of Phoenix, City of Sunrise, Clark County Water Reclamation, Connectwise, Dominion Energy, Duke Energy, Green Mountain Recycling, Greystone Power, GTT Communications, Inc., Kone Elevator, Lee County Electric Co-Op, NV Energy, Orlando Utilities Commission, Prime Power Design, Inc., Ready Refresh, Reliant, Rocky Mountain Power, San Diego Gas & Electric, Southern California Edison, Southwest Gas Corp., Sparkletts, SRP, Suburban Propane, Teco, Town of Medley, TXU Energy, Viasat, Inc., Waste Pro, Xcel Energy, Moore Van Allen PLLC, CBIZ, Inc., Orlando Gonzalez X Fit Solutions, PeakActivity, LLC, PharmaCenter LLC, Pilot Travel Centers LLC, Mitsubishi, Kentucky Department of Revenue, Kim & Chang, Kimball Midwest, Avtech Corporation, J.C. Christensen & Associates, Inc., Beverage Law Institute, Litigation Services and Technologies, Mac Papers, Metropolitan Life Insurance Company/MetLife, Recycle America LLC, Reed Exhibitions Deutschland Gmbh, Rexel USA, Inc., Seko Worldwide LLC, Seko Worldwide LLC, Counsel Press, Inc., CSK Cole Scott Kissane, P.A., CVS Pharmacy, ell Financial Services, Echo Global Logistics, Esquibel Communications Company, Esquire Deposition Solutions, LLC, Evolution Logistics, Evoqua Water Technologies LLC, Fire Controls, Inc., Firmenich Incorporated, GS1 US, Inc., Jackson Lewis, SHI International Corporation, Show Me Shipping dba Unishippers, Sigma-Aldrich, Inc., Sonitrol of Fort Lauderdale, Sonitrol Security Solutions, SPS Commerce, Inc., Sunbelt Rentals, Supply One Miami, United States Department of Homeland Security, Uline, USG Corporation, United Food Store, Veritext, Video for the Legal Profession, Inc., Wayne Automatic Fire Sprinklers, Inc., Premier Products, Inc., Quality Branded,*

*Queen City Jobs, Sam's Club, Sheetz, ISEC, Inc., Terra Weston Residential, LLC, Landmark Custom Homes of Broward, Pepsico* and *American Express;*

j)      There are numerous creditors or interested parties of one or more of the Debtors which Berger Singerman has formerly represented in entirely unrelated matters, but in respect of which Berger Singerman presently has no active representations.  These parties include: *Bank of America, N.A., 7-Eleven, Inc., Neogen Corp., Sales Force and Associates, Inc., United Community Bank, Inc., Comerica Bank, HSBC Bank USA, N.A., VS Carbonics, Inc., Stellar Group, Royal Bank of Canada, CT Corporation System, The Huntington National Bank, U.S. Bank Equipment Finance, U.S. Bank National Association, First Insurance Funding, Principal Life Insurance, Mutual of Omaha, C1 Dal III-V, LLC-Colony Capital, American Express, Wal-Mart Stores, Inc., Duke Energy, CBIZ, Inc., Dell Financial Services, Evolution Logistics, Firmenich Incorporated, Hitachi Capital America Corp., U.S. Bank National Association* and *Branch Banking & Trust Company;*

k)      Individuals by the names of *Adriana Valcarcel Sierra, Adriana A, Moya, Ana Paula Manzanal Sarmiento Paul, Andres Garcia, Ariel Hernandez, Brian K. Baker, Cameron Bryant, Carlos Andres Arturo Castro, Edgar Martinez, Emily Lee Perez, Eric D. Hill, Eric R. Roberts, Jennifer Chang, Jessica Cummins, Jessica Garcia, John Cruz, Johnny Bernal, Jose Guerrero, Jose Rivera, Jose Orozco, Cristal Rodriguez, Matthew Smith, Daniel Schneider, Francisco Alvarado, Gabriel Rodrigues, Natalie Silva, Samuel Rodriguez, Alejandro Gonzalez, Luis Gonzalez, Marcela Gutierrez, Luis Rodriguez, Hector Ortiz, Isabela Delgado, Kimberly Guadalupe Loaiza Martinez, Julie Pauline Rodriguez, Maria Fernanda Mendez, Laura Esperanza Garcia Pardo, Mary Mitchell, Melissa Moreno, Michael Long, Molly Maid, Paulo Vitor Costa Pinto,*

*Rachel Goldberg, Ricardo Ortiz, Stephany Gonzalez, Cheryl Ohel, Gerardo Hernandez, Jose Sotolongo Travieso, David Aguilar, Daniel Lopez, Javier Nunez, Felipe Vergara Aleman, John Matthews, Jose Molina Lago, James Walker, Claudia Lopez, Carlos Sierra, David Andrade, Christopher Carey, Alexander Anguiera, Carlos Batista Gonzalez, Maria Morales, Eric Allen, Joseph Powers, Kevin Thompson, Robert Kennedy, Rodrigo Rodriguez Gonzalez, Ricard Davis, Bernard Miller, Carlos Ornelas Hernandez, Richard Toledo, Susan Jones, Thomas Principe, Christine King, John Hall, Ruben Salazar, Jose Chavez, Jessica Allison, Jose Montero, Jesus Gutierrez, Jorge Alvarez, Jr., Gabriel Rodriguez, Christopher Conner, David Gill, Richard Wells, Michael Diaz, Richard Ramos, Carlos Garza, Robert Richards, Dennis Ruiz, Robert Goode, Wesley Barnes, Joseph Johnson, Juan Jimenez, Michael Moore, Marlon Mais, Barbara Ramirez, Rodney Brown, Eduardo Ruiz, Maria Diaz, Maria Corona, Robert Sullivan, Roberto Perez, Edward Smith, Pedro Gonzalez, Sean Davis, Earl Smith, Willie Gault, Robert Ruiz, Jeffrey Wanous, Nancy Torres, Steve Brooks, Danielson Jean-Baptiste, Esther Polanco, David Jordan, William Bauman, Alfred Gomez, James Schutt, Vincent Milano, Brandon Roberts, Christian Gonzalez, Robert Miller, Brian Martin, Juan Rios, Christian Diaz, Diego Corpus Cordova, Luis Reyes Velez, Joseph Morales, Maria Solis, Joseph Perez, Gabriel Diaz, Hendry Diaz, Angel Alvarez, Daniel Palmer, Robert Johnson, Mauricio Gonzalez-Maya, Joseph Gates, Jose Medina Alvarez, Joseph Farris, Daniel Lee, Christopher Jones, Gerardo Martinez, Jesus Martinez, Danielle Brown, Andrew Miller, Quang Nguyen, Juan Ramirez, Willie Powell, Jr., Hector Torres Santiago, Elizabeth Morales, Billy Parker, Hector Rodriguez, Michael Kennedy, Jose Medina, James Smith, Edwin Perez, Richard Clark, Richard Rodriguez, Michael Woods, Malcolm Green, Carlos Rodriguez Sanchez, John Smith, Douglas Gibson, Oscar Acosta Lorenzo, Megan Miller, Guadalupe Martinez, Robert Marc*

11581416-3

*Schwartz, Jose Torres, Todd King, Jeannie Smith, Scarlett Hernandez* and *Timothy Brown* (collectively, the "Individuals") are listed as creditors or interested parties of one or more of the Debtors. Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals. It is impossible for our firm to confirm with certainty that the individuals associated with the third-party representations, are the same Individuals listed as creditors or interested parties of one or more of the Debtors;

l)        Individuals by the names of *Edgar Martinez, Paul Borrelli, David Barnes, Sarah Harris, Jose Martinez, Daniel Martinez, Maria Morales, Carlos Batisa Gonzalez, Joe Rodriguez, Stephen Cohen, Robert Burnett, Carlos Gonzalez, Joseph Johnson, Peter Leonard, Maria Diaz, John Buck, Fred Martinez, Juan Ruiz, Robert Miller, Pedro Romero, Maria Solis, Joseph Perez, Robert Johnson, Christopher Jones, Michael Kennedy, James Smith, Richard Clark, Michael Woods, John Smith, Megan Miller, Valeria Hernandez* and *Robert Marc Schwartz* are listed as creditors or interested parties of the Debtors. Berger Singerman formerly represented individuals by the same names. It is impossible for our firm to confirm with certainty that the individuals formerly represented by Berger Singerman are the same individuals who are creditors or interested parties of the Debtors; and

m)        Berger Singerman represents privately held as well as public companies in out of court restructuring matters (the "Non-Debtor Clients"). Several creditors of the instant Debtors may be creditors of one or more of our firm's Non-Debtor Clients. Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Debtors in these cases.

11581416-3

5.      Berger Singerman submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in these cases.

6.      Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.      Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors-in-Possession, unless otherwise authorized by the Court.

8.      On August 8, 2022, the Vital Pharmaceuticals, Inc. and its affiliates (other than Rainbow Unicorn Bev, LLC) retained Berger Singerman to act as their local counsel in connection with restructuring matters[2].  On August 9, 2022, Berger Singerman received an initial retainer from the Vital Pharmaceuticals, Inc. in the amount of $25,000.00 (the "Initial Retainer"), which was deposited into a trust account of Berger Singerman.

9.      On September 1, 2022, Berger Singerman received a payment of $43,811.70 from the Debtors, which was applied toward payment of its pre-petition fees and expenses incurred.

10.     On September 2, 2022, Berger Singerman received a payment of $6,545.35 from the Debtors, which was applied toward payment of its pre-petition fees and expenses incurred.

11.     On September 15, 2022, Berger Singerman received the sum of $537,144.00 (the "Second Retainer") from Vital Pharmaceuticals, Inc. which was deposited into a trust account of Berger Singerman.  From the Second Retainer, Berger Singerman applied the following towards

---

[2] Rainbow Unicorn Bev, LLC was inadvertently omitted from Berger Singerman's initial engagement letter.  Rainbow Unicorn Bev, LLC confirmed its retention of Berger Singerman in an amendment to the engagement letter dated October 9, 2022.

payment of its pre-petition fees and expenses:

a)   On September 15, 2022, the sum of $25,196.54;

b)   On September 21, 2022, the sum of $13,928.45;

c)   On September 29, 2022, the sum of $16,514.40;

d)   On October 5, 2022, the sum of $61,150.34; and

e)   On October 7, 2022, the sum of $51,937.68.[3]

12.   On October 7, 2022, in anticipation of the filing of these chapter 11 cases on October 10, 2022, Berger Singerman transferred the sum of $14,354.00 from its trust account toward payment of the filing fees for the filing of (i) the Debtors' Voluntary Petitions (the sum of $12,166.00); (ii) motions to appear *pro hac vice* for the attorneys at Latham & Watkins LLP (the sum of $2,000.00); and (iii) the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the sum of $188.00).

13.   Berger Singerman will hold in its trust account the remaining sum of $379,062.59 as collateral security for the fees and costs that may be awarded to it by the Court in these cases.

14.   The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and

---

[3] This sum includes $21,000.00 applied by Berger Singerman as estimated fees and expenses to be incurred by Berger Singerman over the weekend of October 8-9, 2022, in anticipation of the filing (the "Pre-Filing Period"). If the actual fees and expenses incurred by Berger Singerman during the Pre-Filing Period is less than $21,000.00, the excess funds shall be applied as a credit against the post-petition fees and expenses incurred by Berger Singerman in connection with its representation of the Debtors.

11581416-3

notice requirements of 11 U.S.C. §§ 327, 330 and 331 and FRBP 2014 and 2016.

15.    The current hourly rates for the attorneys at Berger Singerman range from $300.00 to $765.00.  The current hourly rates of Jordi Guso, the partner who will be principally responsible for Berger Singerman's representation of the Debtors, is $695.00, and the current hourly rates of the associates and of-counsel attorneys who may work on this matter range from $375.00 to $515.00 per hour.  The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $85.00 to $265.00.  Berger Singerman typically adjusts its hourly rates annually on January 1st.

16.    There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  No promises have been received by Berger Singerman nor any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

17.    No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

18.    No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

19.    No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

20.    No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

21.    No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

22.    No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of the petition.

23.    No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

24.    Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

## U.S. TRUSTEE GUIDELINES

25.    Berger Singerman will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and with any fee applications filed by Berger Singerman in these chapter 11 cases.

11581416-3

26.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

a.    **Question**:  Did Berger Singerman agree to any variations from, or alternatives to, Berger Singerman's standard billing arrangements for this engagement?

**Answer**:  No.  The rate structure provided by Berger Singerman is appropriate and comparable to (a) the rates that Berger Singerman charges for non-bankruptcy representations and (b) the rates of other comparably skilled professionals.

b.    **Question**:  Do any of the Berger Singerman professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

**Answer**:  No.

c.    **Question**:  If Berger Singerman has represented the Debtors in the 12 months prepetition, disclose Berger Singerman's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If Berger Singerman's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**:  Berger Singerman's current hourly rates for services rendered on behalf of the Debtors are set forth above.  These rates have been used since January 1 of this year.  During the prior calendar year, Berger Singerman used the following rates for services rendered on behalf of the Debtors: attorneys range from $300 - $750 per hour; and law clerks or paralegals range from $135 - $265 per hour.

d.    **Question**:  Have the Debtors approved Berger Singerman's budget and staffing plan and, if so, for what budget period?

**Answer**:  Yes.  Berger Singerman has provided the Debtors with a prospective budget and staffing plan setting forth the types of timekeepers, numbers thereof, and applicable hourly rates it expects during the chapter 11 cases, which have been approved by the Debtors.  The budget and staffing plan cover the period from the Petition Date to December 31, 2022.

27.    This concludes my Declaration.

16

## **28 U.S.C § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 10, 2022

*/s/ Jordi Guso*
JORDI GUSO

11581416-3

**<u>COMPOSITE EXHIBIT "B"</u>**

**(Engagement Letter and Supplemental Engagement Letter)**

# ☰ BERGER SINGERMAN

Jordi Guso
(305) 714-4375
jguso@bergersingerman.com

August 8, 2022

**VIA ELECTRONIC MAIL**

Vital Pharmaceuticals, Inc.
Attn: John H. Owoc, President
1600 North Park Drive
Weston, Florida 33326
Coral Gables, FL 33132

Re:    Engagement of Berger Singerman LLP

Dear Mr. Owoc:

We are pleased to confirm your decision to engage our law firm to act as co-counsel, along with Latham & Watkins, for Vital Pharmaceuticals, Inc. and the subsidiaries listed on the attached Exhibit A ("You") in connection with restructuring matters (the "Matter"). For purposes of this agreement, our services will consist of assisting You in preparing for a possible filing of a petition under Chapter 11 of the Bankruptcy Code and will involve the preparation of the petition and related "first day" papers. We will not appear in any adversarial proceedings for You, and we will not file a bankruptcy case for You, without reaching a further written agreement on a mutually acceptable security retainer significantly larger than the amount specified below.

We have agreed that our engagement is limited to our performance of services directly related to the Matter.

This engagement is a joint representation. The benefits of this joint representation are straightforward: each client will share the expense of legal representation and an efficient, unified and effective handling of all actions, charges or claims should result. A potential detriment to the joint representation is the possibility that a conflict of interest may develop that may require a subsequent separation of representation. At the present time, based on the facts presented to us, it does not appear that any conflicts of interest exist between or among You. Please contact us immediately if any of You become aware that a conflict between or among You has arisen, or if there are any changes in circumstances any of You believe we ought to evaluate to determine whether such a conflict has arisen.

Should a conflict between or among any of You come to our attention during the course of this joint representation, we will make each of You aware of the conflict and, based upon the nature of the conflict, our relationship at the time, and the applicable rules, all or some of You may be

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 2 of 17

required to obtain other counsel. In such a case, any confidences or other information shared in connection with this joint representation, as well as the legal advice given, would not be protected by the attorney-client privilege in any dispute between or among You. The possibility of such conflicts arising at some future point obviously presents certain disadvantages inherent in a multiple representation that You might want to consider or discuss with independent counsel, prior to agreeing to this joint representation. Please contact us immediately if You become dissatisfied with this arrangement at any point.

We understand that we are to take directions from Gregg Metzger, Chief Litigation Counsel (the "Representative") on this joint representation. Unless otherwise instructed, we will direct our invoices for this joint representation to the Representative to facilitate prompt payments. However, by signing this engagement letter, each of You agrees to be jointly and severally responsible for all fees and expenses owing to our law firm for this engagement.

By executing this letter agreement, each of You consents to our Firm's joint representation under the terms set forth in this letter. Should any of You at some later time wish to revoke Your consent, You agree to do so by terminating our representation at that time, but such termination will not require us to discontinue our representation of any of the other clients that are jointly represented in this matter at that time.

Because we are not Your general counsel, our acceptance of this engagement does not involve an undertaking to represent You or Your interests in any other matter. We may agree with You to limit or expand the scope of our representation in the Matter from time to time, provided that any such change in scope is confirmed by us in writing. This letter and the enclosed Standard Terms of Engagement also shall govern Your future engagements of our services in any other matters.

We believe a mutual understanding of the scope, terms and conditions of our representation is fundamental to establishing a good working relationship between our law firm and You. This letter and the enclosed Standard Terms of Engagement will describe the basis on which our firm will provide legal services to You. We do not and will not represent any person or entity other than You in the Matter, regardless of any direct or indirect affiliation with You, unless we expressly agree to do so in writing.

1.    **Our Fees for Services.** Our services will be provided on an hourly basis; the billing rates for our attorneys, law clerks and paralegals vary depending upon levels of experience. The current billing rates of our attorneys range from $300.00 per hour to $765.00 per hour. Time spent by any law clerk or paralegal is currently charged at $135.00-$275.00 per hour. You will be charged for the time actually and reasonably expended by our attorneys, paraprofessionals and legal assistants at their normal hourly rates. Periodically, our hourly rates are reviewed and may be adjusted to reflect increases in our basic costs, increased experience of the individuals involved, and for other similar reasons. As explained in the enclosed Standard Terms of Engagement, other factors also may be taken into consideration in determining our fees.

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 3 of 17

You will also be invoiced for disbursements and charges in connection with our representation, including without limitation charges for telephone calls, copying/printing, courier services, travel and lodging expenses, court reporting, expert fees, costs of investigation, computer-assisted research charges, postage, local counsel charges and other incidental expenses. We may pass along to You certain charges for Your direct payment to the vendor.

2.    **Security Retainer.**  We have requested a $25,000.00 security retainer.  All security retainer monies will be held by our firm as security for the prompt payment of the invoices rendered and will be applied to the last outstanding invoice at the conclusion of our representation of You.  Of course, to the extent that our fees and costs at the conclusion of the engagement are less than the security retainer, we will refund the difference to You.  We reserve the right to request an additional security retainer because of (i) the amount of the fees and costs we are expending on Your behalf, (ii) the amount of fees and costs we anticipate will likely be expended given the ongoing nature of the matter, and/or (iii) the manner in which our invoices are being paid.

We wish to preview a legal issue that bears upon the bankruptcy security retainer that we will require if You elect to seek relief under Chapter 11 of the Bankruptcy Code. If Your Chapter 11 case is converted to a case under Chapter 7 or a trustee is appointed in Your Chapter 11 case, the Bankruptcy Court may not permit us or perhaps other of the Your advisors to be compensated out of money or property constituting property of the Your bankruptcy estate. Therefore, we will fix the amount of a bankruptcy security retainer based upon, and in reliance upon, (i) our firm being paid for the fees and costs incurred prior to the filing of the bankruptcy case in preparation for the filing, and (ii) our firm being granted leave to withdraw if Your case were to be converted to a Chapter 7 or if a Chapter 11 trustee were to be appointed. Accordingly, You understand that if a Chapter 11 trustee is appointed, or the Chapter 11 case is converted to a case under Chapter 7, we will seek leave to withdraw from our representation and our services on behalf of You will immediately cease. In such event, You agree not to interpose any objection to our motion for leave to withdraw.

3.    **Consent to Our Representation of Others.**  You and we agree and understand that this is not an exclusive agreement.  As is the case with any law firm, we may from time to time represent one client whose interests may conflict with those of another client.  For example, we may represent You in a matter and, at the same time, we may represent another client adverse to You in a substantially unrelated matter, provided that we reasonably believe that we will be able to provide competent and diligent representation to You and the other client.  As part of our engagement, You consent in advance to such concurrent representations (and agree not to seek our disqualification as a result).  You should consider obtaining the advice of independent counsel regarding the implications of this consent.  By executing this agreement, You consent to our concurrent representations under these conditions.

4.    **No Guaranteed Results.**  During the course of our representation, we may express opinions or beliefs concerning the outcome of this Matter, or the existence of events or circumstances that may affect anticipated results or impact the ultimate resolution of a dispute.

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 4 of 17

All representations and expressions relative to the outcome of this Matter do not constitute guarantees.

     5.    **Standard Terms of Engagement.**  Additional information regarding fees and other important matters appears in the enclosed Standard Terms of Engagement, which are incorporated as part of this letter. You should review the enclosed Standard Terms of Engagement carefully before agreeing to engage us.

     After You have had an opportunity to review this engagement letter including the enclosed Standard Terms of Engagement, please do not hesitate to call me with any questions or comments You may have. We do not assume any professional responsibilities to You until this engagement letter has been fully executed by You and us, and we have received any requested security retainer.

     This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail or other transmission method; may bear signatures affixed through .pdf or any electronic signature platform complying with the U.S. federal ESIGN Act of 2000 (e.g., www.docusign.com), and any counterpart so delivered shall be deemed to have been duly and validly executed and delivered and shall be valid and effective for all purposes. If this engagement letter meets with Your approval, please sign in the space provided and return the original executed letter to:

     Jessica Pavlik
     201 East Las Olas Boulevard, Suite 1500
     Fort Lauderdale, FL 33301
     E-Mail: jpavlik@bergersingerman.com
     Facsimile: (954) 775-3519

     We look forward to representing You in this Matter.

                    Sincerely yours,

                    BERGER SINGERMAN LLP

                    Jordi Guso

JG/as

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 5 of 17

Agreed to, and Accepted by:

VITAL PHARMACEUTICALS, INC.

Signed:
Printed Name: John H Owoc
Title: CEO and CSO
Email Address: CEO@bangenergy.com
Date: 08/08/2022

Agreed to, and Accepted by:

BANG ENERGY CANADA, INC.

Signed:
Printed Name: John H Owoc
Title: CEO and CSO
Email Address:
Date: 08/08/2022

Agreed to, and Accepted by:

ELITE IP HOLDINGS, LLC

Signed:
Printed Name: John H Owoc
Title: CEO and CSO
Email Address:
Date: 08/08/2022

Agreed to, and Accepted by:

JHO INTELLECTUAL PROPERTY HOLDINGS, LLC

Signed:
Printed Name: John H Owoc
Title: CEO and CSO
Email Address:
Date: 08/08/2022

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 6 of 17

Agreed to, and Accepted by:

JHO INTELLECTUAL PROPERTY HOLDINGS, LLC

Signed: _____
Printed Name: _____John H Owoc_____
Title: _____CEO and CSO_____
Email Address: _____
Date: _____08/08/2022_____

Agreed to, and Accepted by:

JHO GA-1 INVESTMENT, LLC

Signed: _____
Printed Name: _____John H Owoc_____
Title: _____CEO and CSO_____
Email Address: _____
Date: _____08/08/2022_____

Agreed to, and Accepted by:

JHO NV-1 INVESTMENT, LLC

Signed: _____
Printed Name: _____John H Owoc_____
Title: _____CEO and CSO_____
Email Address: _____
Date: _____08/08/2022_____

Agreed to, and Accepted by:

JHO REAL ESTATE INVESTMENT, LLC

Signed: _____
Printed Name: _____John H Owoc_____
Title: _____CEO and CSO_____
Email Address: _____
Date: _____08/08/2022_____

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 7 of 17

Agreed to, and Accepted by:

QUASH SELTZER, LLC

Signed:
Printed Name: ___John H Owoc___
Title: ___CEO and CSO___
Email Address: ___
Date: ___08/08/2022___

Agreed to, and Accepted by:

SHERIDAN REAL ESTATE INVESTMENT A, LLC

Signed:
Printed Name: ___John H Owoc___
Title: ___CEO and CSO___
Email Address: ___
Date: ___08/08/2022___

Agreed to, and Accepted by:

SHERIDAN REAL ESTATE INVESTMENT B, LLC

Signed:
Printed Name: ___John H Owoc___
Title: ___CEO and CSO___
Email Address: ___
Date: ___08/08/2022___

Agreed to, and Accepted by:

SHERIDAN REAL ESTATE INVESTMENT C, LLC

Signed:
Printed Name: ___John H Owoc___
Title: ___CEO and CSO___
Email Address: ___
Date: ___08/08/2022___

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 8 of 17

VITAL PHARMACEUTICALS INTERNATIONAL SALES, INC.

Signed: _____
Printed Name: _John H Owoc_____
Title: _____CEO and CSO_____
Email Address: _____
Date: _____08/08/2022_____

BILLING INFORMATION:

Your invoices will be delivered to You electronically to the e-mail
address above.  However, if You prefer invoices to go to a different
billing contact, please complete the following:

Billing Contact: _____

E-mail address of Billing
Contact: _____

Please check here ☐ if You need an additional copy of Your
Invoices to be mailed regular mail.  We will mail Your invoices to
the address shown above unless You provide us a different billing
address below:

Billing Address:

_____
_____
_____

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 9 of 17

# *Standard Terms of Engagement*

This document sets forth other standard terms of our engagement as Your lawyers. Unless modified in writing by mutual agreement, these terms will be an integral part of our agreement with You. Therefore, we ask that You review this document carefully and contact us promptly if You have any questions.

## No Representation of Your Affiliates

You have agreed that our representation of You does not give rise to a lawyer-client relationship between our Firm and any of Your affiliates. Accordingly, representation of You will not give rise to any conflict of interest (or cause for our disqualification) in the event other clients of the Firm are adverse to any of Your affiliates.

## Client Responsibilities

You agree to pay our invoices for services and expenses as provided below. In addition, you agree to be candid and cooperative with us and will keep us informed with complete and accurate factual information, documents and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us. We must necessarily rely on the accuracy and completeness of the information You and Your agents provide to us.

Because it is important that we are able to contact You at all times to consult with You, please inform us in writing of any changes in Your mailing address, e-mail address or telephone number, or changes in the name, address, telephone number, contact person, e-mail address, state of incorporation or other relevant changes regarding any of Your businesses. Whenever we need Your instruction or authorization in order to proceed with legal work on Your behalf, we will contact You at the latest business address we have received from You. If You affiliate with, acquire, are acquired by, or merge with another client, please provide us with sufficient notice to permit us to withdraw as Your lawyers if we determine that such affiliation, acquisition, or merger creates an irreconcilable conflict of interest between any of our other clients and the other party to such affiliation, acquisition, or merger, or if we determine that it is not in the best interests of the Firm to represent the new entity.

## In-House Litigation Support Services

Electronic discovery and the use of technology has become a significant component of adversarial proceedings, and can be quite costly to clients. Although third party vendors offer technical litigation support, we offer in-house litigation support services that may be more economical to our clients than outside vendors. We welcome the opportunity to share with You information about our in-house litigation support services and staff, including the technologies they use. The pricing for this service is a one-time $250 charge for database set up and a $12/GB monthly storage fee for matters whose data equals or exceeds 5GB of storage. Matters whose data is smaller than 5GB will not be charged the monthly storage fee.

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 10 of 17

## Billing Arrangements and Terms of Payment

We will invoice You for services rendered, disbursements and charges posted on our books on a monthly basis, or such other periodic basis as we may determine, and will expect payment within time set for the on the invoice. In the event You do not object to any invoice we issue within 20 days after issuance, You agree that each invoice is accurate and reasonable and shall be considered an account stated, and You waive any right to object later to the accuracy or reasonableness of our services rendered or the amount due.

Interest will accrue at the rate of one percent per month on invoices outstanding more than thirty days. If You fail to pay any monthly invoices, we may, in our sole discretion, cease to represent You, and may apply the security retainer to Your outstanding invoices.

For Your convenience, You may make security retainer deposits or pay our invoices using any of the following credit cards: Visa, MasterCard, American Express or Discover. In the event You elect to use a credit card, You may access our online payment portal by visiting https://www.bergersingerman.com/info/client-tools/. Only You, or your designee, may authorize a charge to your credit card with respect to legal services rendered by the Firm. Such authorization will constitute your agreement to pay the amount charged and the charges are valid and reasonable.

## Privileged Communications Exchanged by Electronic Means

You acknowledge that the Firm's attorneys and staff sometimes communicate with You, and Your professionals and agents, by cellular phone, text messaging, videoconferencing and/or electronic mail, and that such communications are capable of being intercepted by others. You and the Firm expressly disclaim any intention to limit or waive legal protections afforded to their communications by using any electronic means. You agree to inform the Firm if You desire that privileged matters not be discussed through such electronic means. You agree to inform the Firm in advance if You wish to institute a system to encode all e-mail communication between the Firm and You, or Your professionals or agents, or otherwise to limit or prohibit the use of electronic means of communication during the engagement.

## Sharing and Executing Documents by Electronic Means

You acknowledge that the Firm's attorneys and staff may sometimes share documents and information with You, and/or Your professionals and agents, by electronic means (including facsimile, electronic mail or cloud-based platforms such as Sharefile), and also may seek your signature on documents by electronic means (e.g. .pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com). You consent to the Firm's use of electronic means to share documents and information (and obtain signatures thereon) although such electronic communications are capable of being intercepted by others. You and the Firm expressly disclaim any intention to limit or waive legal protections afforded to their

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 11 of 17

communications by using any electronic means.  You agree to inform the Firm in writing if You desire that the Firm not share any documents and information (or obtain any signatures thereon) through electronic means.

### Public Relations and Marketing

Often times we refer to our public/non-confidential representations on our website and in public press releases.  By executing our engagement letter, You agree that we may use Your name in our materials as a client. We will never publish any matters or details which are confidential in nature.

### Termination of Engagement

You may terminate our services and representation at any time upon written notice to us. Such termination shall not, however, relieve You of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on Your behalf through the date of termination, all of which will be due and payable immediately upon termination.

We reserve the right to withdraw from our representation in our discretion or as required or permitted by the applicable rules of professional conduct upon written notice to You.  In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Your interests in the specified matter, and You agree to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to accomplish our withdrawal.  We will be entitled to be paid immediately for all services rendered, and costs or expenses incurred on Your behalf, through the date of withdrawal.  If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and You agree not to oppose our request.  In the event of nonpayment of fees, we shall have a lien on all of Your documents, property of any kind, or money in our possession, custody or control to secure the payment of all sums due under this agreement, and upon property or funds received by You by settlement, judgment, or otherwise relating to any matter in which we provided counsel to You.  In addition, any funds or monies recovered by You in one matter for which we have been engaged by You shall be security for the payment of our fees and costs in any other matter for which we have been engaged by You.

In the event You have engaged us on a contingent fee basis, You agree that Your termination of our services to You is without prejudice to any of our rights in respect of fees due to us based on the outcome of the Matter after our termination.

Unless previously terminated, our representation of You in a specified matter will terminate when we send to You our final invoice for services rendered in the matter.

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 12 of 17

Following termination of our services, at Your request, Your papers and property will be returned to You upon receipt of payment for outstanding fees and costs. We will retain our own files pertaining to the matter. Our own files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the Firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon Your rights and liabilities. Unless You engage us after the conclusion of the matter to provide additional advice on issues arising from the matter, the Firm has no continuing obligation to advise You with respect to future legal developments.

### Dispute Resolution Procedures

It is our goal to maintain at all times a constructive and positive relationship with You on the matter described above and on future matters in which we may perform services. However, should a dispute arise between us arising out of or relating to this agreement or any services provided by us to You, in connection with the matter described above or any other matters (including malpractice claims and fee disputes), we believe that a prompt and fair resolution is in the interests of all concerned.

### Voluntary Mediation

At the written request of the Firm or You, a dispute may be submitted to mediation prior to the commencement of any adversarial case between us. Either party may request mediation in writing within ten (10) calendar days following the Firm's notice of invocation of these dispute resolution procedures. If served by first class mail, a notice of a request for mediation shall be considered received by the other party three (3) calendar days after mailing. If the other party within five (5) calendar days after notice does not also agree in writing to mediate, either party may then commence any adversarial case without further delay. If the parties agree to mediate, the mediation shall be completed no later than forty-five (45) calendar days following the initial written request for mediation.

In the mediation process, the parties will try to resolve their differences voluntarily with the aid of any impartial mediator, who will attempt to facilitate negotiations. The mediator will be selected by agreement of the parties. However, if the parties cannot agree on a mediator, any party may request that JAMS/Endispute designate a mediator.

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 13 of 17

The mediation will be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion. The mediation will be treated as confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

Each party will bear its own costs in the mediation. The fees and expenses of the mediator will be shared equally by the parties.

If either party fails to strictly follow these mediation procedures, the other party shall be entitled to commence any adversarial proceeding without further delay. The parties may agree to submit their dispute to arbitration. In the event an adversarial proceeding is brought by either party to resolve a dispute, the prevailing party shall be entitled to recover from the other party all of its professional fees, costs and other expenses incurred throughout any proceeding before any court or arbitration panel, including all appeals.

For collection purposes, we may assign Your account(s) to an entity as permitted by Florida law and the Rules Regulating The Florida Bar, and we may represent that entity in pursuing collection of Your account(s).

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 14 of 17

# BERGER SINGERMAN

## *PRIVACY POLICY NOTICE*

Attorneys, like other professionals who advise on personal financial matters, are now required by a new federal law to inform their clients of their policies regarding privacy of client information.   Attorneys have been and continue to be bound by professional standards of confidentiality that are even more stringent than those required by this new law.   Therefore, we have always protected Your right to privacy.

In the course of providing our clients with income tax, estate tax and gift tax advice, we receive significant personal financial information from our clients.   As a client of **Berger Singerman,** we wanted to confirm with You that all information that we receive from You is held in confidence and is not released to people outside the Firm, except as agreed to by You and as required under an applicable law.

We retain records relating to professional services that we provide so that we are better able to assist You with Your professional needs and, in some cases, to comply with professional guidelines.   In order to guard Your nonpublic personal information, we maintain physical, electronic and procedural safeguards that comply with our professional standards.

If You have any questions or would like additional information about our privacy policy, please contact:

Jessica Pavlik
Chief Operating Officer
Berger Singerman LLP
201 East Las Olas Boulevard
Suite 1500
Fort Lauderdale, Florida 33301
954.377.0402
jpavlik@bergersingerman.com

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 15 of 17

# BERGER SINGERMAN TRUST WIRE INSTRUCTIONS

## Bank Information:

| | |
|---|---|
| Bank Name: | City National Bank |
| Bank Address: | 25 W Flagler Street |
| | Miami, FL  33401 |
| Bank ABA#: | 066004367 |
| Banking SWIFT: | CNBFUS3M |

## Beneficiary Information:

| | |
|---|---|
| Account Name: | Berger Singerman LLP Trust Account |
| Address: | 201 East Las Olas Blvd, Ste. 1500 |
| | Fort Lauderdale, FL  33301 |

Account Number:      ████4510

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 16 of 17

**Exhibit A**

Bang Energy Canada, Inc.
Elite IP Holdings, LLC
JHO Intellectual Property Holdings, LLC
JHO GA-1 Investment, LLC
JHO NONV-1 Investment, LLC
JHO Real Estate Investment, LLC
Quash Seltzer, LLC
Sheridan Real Estate Investment A, LLC
Sheridan Real Estate Investment B, LLC
Sheridan Real Estate Investment C, LLC
Vital Pharmaceuticals international Sales, Inc.

Vital Pharmaceuticals, Inc.
August 8, 2022
Engagement of Berger Singerman LLP
Page 17 of 17

11574948-1

# ☰ BERGER SINGERMAN

Jordi Guso
Phone: 304-714-4375
jguso@bergersingerman.com

September 29, 2022

**VIA ELECTRONIC MAIL**

Vital Pharmaceuticals Inc.
1600 North Park Drive
Weston, FL 33326
Attn: Mr. John H. Owoc, President

Re:     Engagement Letter of August 8, 2022, executed between Berger Singerman LLP
(the "Firm") and Vital Pharmaceuticals, Inc. and the subsidiaries listed on the
attached Exhibit A (collectively, "You" or "Your") (the "Engagement Letter").
All terms not defined herein shall have the meaning given to same in the
Engagement Letter.

Dear Mr. Owoc:

This shall confirm your decision to engage our law firm to also represent Rainbow
Unicorn Bev, LLC  in connection with the filing and prosecution of a proceeding under Chapter
11 of the United States Bankruptcy Code for itself and for Vital Pharmaceuticals, Inc., Vital
Pharmaceuticals International Sales, Inc., Bang Energy Canada, Inc., JHO International, Inc.,
JHO Real Estate Investment, LLC, Quash Seltzer, LLC. This representation shall be subject to
all of the terms and conditions set forth in the Engagement Letter.

Sincerely,

BERGER SINGERMAN

Jordi Guso

ACCEPTED AND AGREED TO BY:

**RAINBOW UNICORN BEV, LLC**

Signed: _____
John Owoc (Oct 9, 2022 22:07 EDT)

Title: _____CEO and CSO_____

Date: _____October __, 2022___ Oct 9, 2022___

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131
t: (305) 755-9500 | f: (305) 714-4340 | WWW.BERGERSINGERMAN.COM

11693138-1

# 2022-10-09 - Supplemental and Additional Representation Retainer Letter - Rainbow Unicorn

Final Audit Report                                                           2022-10-10

| | |
|---|---|
| Created: | 2022-10-10 |
| By: | Yaylin Duran (yaylin.duran@bangenergy.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAARnBVBsLhLZ9eA9alzWEWA_GBk_5dawu |

## "2022-10-09 - Supplemental and Additional Representation Retainer Letter - Rainbow Unicorn" History

📄 Document created by Yaylin Duran (yaylin.duran@bangenergy.com)
2022-10-10 - 1:27:31 AM GMT- IP address: 174.211.100.206

✉ Document emailed to ceo@bangenergy.com for signature
2022-10-10 - 1:27:39 AM GMT

📄 Email viewed by ceo@bangenergy.com
2022-10-10 - 2:07:26 AM GMT- IP address: 104.47.59.254

✍ Signer ceo@bangenergy.com entered name at signing as John Owoc
2022-10-10 - 2:07:48 AM GMT- IP address: 166.205.159.133

✍ Document e-signed by John Owoc (ceo@bangenergy.com)
Signature Date: 2022-10-10 - 2:07:50 AM GMT - Time Source: server- IP address: 166.205.159.133

✅ Agreement completed.
2022-10-10 - 2:07:50 AM GMT

**EXHIBIT "C"**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                  Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]              Case No.: 22-_____

    Debtors.                                            (Joint Administration Pending)
_____/

**INTERIM ORDER APPROVING THE EMPLOYMENT OF JORDI GUSO
AND THE LAW FIRM OF BERGER SINGERMAN LLP, AS LOCAL COUNSEL
FOR DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE,
AND SETTING FINAL HEARING**

      **THIS MATTER** having come before the Court for a hearing on October ___, 2022 at

_____ a.m./ p.m. in Fort Lauderdale, Florida upon the *Debtors' Application for Approval,*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*on an Interim and Final Basis, of the Employment of Jordi Guso and the Law Firm of Berger Singerman LLP as Local Counsel for Debtors-in-Possession, Effective as of the Petition Date* [ECF No. ___] (the "<u>Application</u>"), the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. ___] (the "<u>First Day Declaration</u>"), and the *Declaration of Jordi Guso, on Behalf of Berger Singerman LLP, as Proposed Local Counsel for Debtors-in-Possession, Effective as of the Petition Date* (the "<u>Guso Declaration</u>") attached to the Application as **<u>Exhibit "A."</u>**  The Application requests entry of interim and final orders approving the Debtors' employment of Berger Singerman LLP to represent them as local counsel in these chapter 11 cases. The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief requested in the Application is in the best interests of the Debtors, their estates and creditors.  The Guso Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016.  The Guso Declaration contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Jordi Guso and Berger Singerman LLP are disinterested as required by 11 U.S.C. § 327(a).  Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1(A), the Court is authorized to grant the relief requested in the Application.  Upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

      **ORDERED** that:

1.      The Application is **GRANTED** on an interim basis.

2.      The employment by the Debtors, as debtors-in-possession, of Jordi Guso and the law firm of Berger Singerman LLP, as local counsel, in these chapter 11 cases is **APPROVED** pursuant

to 11 U.S.C. § 327(a), on an interim basis, pending a final hearing as set forth below.

3. The employment of Jordi Guso and the law firm of Berger Singerman LLP by the Debtors shall be effective as of the Petition Date.[2]

4. Berger Singerman LLP shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.   Berger Singerman LLP will apply for compensation and reimbursement of costs.

5. The Court shall conduct a final hearing on the Application on **October \_\_\_\_\_, 2022 at _____ a.m./p.m. (Eastern Time)** ("Final Hearing").

6. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

7. In the event the Application is not granted on a final basis, Berger Singerman LLP shall be authorized to submit a fee application with this Court for compensation for fees and expenses incurred in the period between the Petition Date and the Final Hearing.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.,
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*