

**ORDERED in the Southern District of Florida on October 11, 2022.**



Peter D. Russin, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., | Case No.: 22-17842-PDR |
|    Debtor. _____/ | |
| IN RE: | Chapter 11 Case |
| BANG ENERGY CANADA, INC., | Case No. 22-1784-PDR |
|    Debtor. _____/ | |
| IN RE: | Chapter 11 Case |
| JHO INTELLECTUAL PROPERTY HOLDINGS, LLC, | Case No. 22-17845-PDR |
|    Debtor. _____/ | |

11582533-1

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| JHO REAL ESTATE INVESTMENT, LLC, | Case No. 22-17847-SMG |
|     Debtor. _____/ | |
| IN RE: | Chapter 11 Case |
| QUASH SELTZER, LLC, | Case No. 22-17848-SMG |
|     Debtor. _____/ | |
| IN RE: | Chapter 11 Case |
| RAINBOW UNICORN BEV LLC, | Case No. 22-17849-SMG |
|     Debtor. _____/ | |
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS INTERNATIONAL SALES, INC., | Case No. 22-17850-PDR |
|     Debtor. _____/ | |

**ORDER GRANTING DEBTORS'** ***EX PARTE*** 
**MOTION FOR JOINT ADMINISTRATION**

**THIS MATTER** having come before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. 7] (the "Motion")[1] filed by Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital

---

[1] Any term not explicitly defined herein shall have the meaning ascribed to it in the Motion.

Pharmaceuticals International Sales, Inc. (collectively, the "Debtors")[2], pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(A)(2)(a). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; (vi) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vii) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is

**ORDERED** that:

1.	The Motion is **GRANTED**.

2.	The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered.  The case of Vital Pharmaceutical, Inc., Case No. 22-17842-PDR is designated as the "lead case."  Case Nos. 22-17847-SMG, 22-17848-SMG, and 22-17849-SMG are transferred to the undersigned judge.

---

[2] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11582533-1 	3

3.       A single case docket and court file will be maintained hereafter under the "lead case" number.

4.       Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5.       The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842-PDR |
| | (Jointly Administered) |
| Debtors. / | |

6.       Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed. Schedules and the statement of financial affairs shall be styled and filed in the case name and number of the member case.

7.       Parties may request joint hearings on matters pending in either of the jointly administered cases.

8. A docket entry shall be made in each of the Debtors' cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc. The docket of Vital Pharmaceuticals, Inc. (Case No. 22- 17842) should be consulted for all matters affecting this case.

9. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

11. The Debtors in Possession shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. The Court retains jurisdiction with respect to all matters arising from or related to

the implementation or interpretation of this Order.

# # #

<u>Submitted by</u>:

Jordi Guso, Esq.
BERGER SINGERMAN LLP
*Proposed Local Counsel for Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

11582533-1                               6