UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,                    Case No.: 22-_____

    Debtors.                                             (Joint Administration Pending)

_____/

### DECLARATION OF SHERYL BETANCE IN SUPPORT OF DEBTORS' EMERGENCY APPLICATION FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN STRETTO, INC., AS NOTICE, CLAIMS AND SOLICITATION AGENT, EFFECTIVE AS OF THE PETITION DATE

I, Sheryl Betance, under penalty of perjury, declare as follows:

1.      I am a Senior Managing Director of Corporate Restructuring at Stretto, Inc.

("Stretto"), a chapter 11 administrative services firm with offices at 410 Exchange, Ste. 100, Irvine,

CA 92602.  Except as otherwise noted, I have personal knowledge of the matters set forth herein,

and if called and sworn as a witness, I could and would testify competently thereto.

2.      This declaration (the "Declaration") is made in support of the *Debtors Emergency*

*Application for Entry of Order Authorizing Debtors to Employ and Retain Stretto, Inc., as Notice,*

*Claims and Solicitation Agent, Effective as of the Petition Date* (the "Application").

### Qualifications

3.      Stretto is a chapter 11 administrator comprised of leading industry professionals

with significant experience in both the legal and administrative aspects of large, complex chapter

11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation,

balloting, and facilitating other administrative aspects of chapter 11 cases and experience in

matters of this size and complexity. Stretto's professionals have acted as official claims and

noticing agent in many large bankruptcy cases. Stretto has developed efficient and cost-effective

methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest.  Stretto's cases include: *In re Liberty Power Holdings, LLC*, Case No. 21-13797-SMG (Bankr. S.D. Fla. May 25, 2021); *In re Allena Pharmaceuticals, Inc.*, Case No. 22-10842 (KBO) (Bankr. D. Del. Sept. 7, 2022); *In re Clarus Therapeutics Holdings, Inc.,* Case No. 22-10845 (MFW) (Bankr. D. Del. Sept. 7, 2022); *In re NewAge, Inc.,* Case No. 22-10819 (LSS) (Bankr. D. Del. Sept. 1, 2022); *In re OSG Grp. Holdings, Inc.,* Case No. 22-10718 (JTD) (Bankr. D. Del. Aug. 9, 2022); *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022); *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 13, 2022); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Sept. 10, 2021); *In re Kumtor Gold Co. CJSC*, No. 21-11051 (LGB) (Bankr. S.D.N.Y. June 8, 2021); *In re VTES, Inc.*, No. 20-12941 (JLG) (Bankr. S.D.N.Y. Jan. 15, 2021); and *In re Furla (U.S.A.), Inc.,* No. 20-12604 (SCC) (Bankr. S.D.N.Y. Nov. 12, 2020).[1]

### Services to be Rendered

4.      As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Stretto will perform, at the request of the Office of the Clerk of the Court (the "Clerk's Office"), the services specified in the Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Application and the Engagement Agreement.  In performing such services, Stretto will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit C** to the Application.

5.      Stretto represents, among other things, the following:

---

[1] Because of the voluminous nature of the orders cited herein, they are not attached to the Application or this Declaration.  Copies of these orders, however, are available on request of the Debtors' proposed counsel.

2

a.   Stretto is not a creditor of the Debtors;

b.   Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

c.   By accepting employment in these chapter 11 cases, Stretto waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

d.   In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

e.   Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

f.   Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

g.   In its capacity as Claims and Noticing Agent in these chapter 11 cases, Stretto will not intentionally misrepresent any fact to any person;

h.   Stretto shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers;

i.   Stretto will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j.   None of the services provided by Stretto as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's Office.

6.    Although the Debtors do not propose to retain Stretto under section 327 of the Bankruptcy Code pursuant to the Application, I caused to be submitted for review by our conflicts system the names of potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases. A list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, the directors, officers and equity

3

holders of the Debtors, the Debtors' secured creditors and lenders, the Debtors' largest unsecured creditors on a consolidated basis, the U.S. Trustee and persons employed in the office of the U.S. Trustee, and other parties.  The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries. Stretto's internal database also includes Stone Point Capital LLC ("Stone Point"), its funds, and each such fund's respective portfolio companies as set forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "Stone Point Searched Parties").   The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision. At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest. Should Stretto discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Stretto will use reasonable efforts to file promptly a supplemental declaration.

7.    To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Stretto, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.

8.    Stretto has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, in matters unrelated to these chapter 11 cases, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in these chapter 11 cases. Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors. Based upon a review of the Potential Parties in Interest:

4

- The list of Potential Parties in Interest identifies Citizens Bank, one of Stretto's bank vendors, as having a banking relationship with the Debtors. However, to the best of my knowledge, such relationship is materially unrelated to these Chapter 11 Cases.

- FTI Consulting ("FTI") has been identified as a Potential Party in Interest. Robert Medlin, an employee of FTI, is a current client of Stretto's chapter 7 software business in his individual capacity, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- Nelson Mullins Riley & Scarborough LLP ("Nelson Mullins") has been identified as a Potential Party in Interest. Nelson Mullins is a current client of Stretto's chapter 7 software business, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- Additionally, the list of Potential Parties in Interest includes entities, as set forth on Exhibit 1 attached hereto, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services. However, to the best of my knowledge, such relationships are materially unrelated to these chapter 11 cases.

9.     To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the Southern District of Florida, the U.S. Trustee for Region 21, or any attorney known by Stretto to be employed in the Office of the U.S. Trustee serving the Southern District of Florida.

10.     Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors

while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed. To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in these chapter 11 cases.

11.     Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest.

12.     In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point.  Stone Point is a financial services-focused private equity firm based  in Greenwich, Connecticut.  The firm has raised and managed eight private equity funds – the Trident Funds–with aggregate committed capital of approximately $25 billion. Stone Point targets investments in the global financial services industry and related sectors

13.     The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.

14.     Stretto has searched the names of the Debtors and the names of the Potential Parties in Interest against the Stone Point Searched Parties. Based solely on the foregoing search, Stretto has determined that neither the Trident VI Funds, Stone Point nor the Stone Point Searched Parties have been identified on the parties in interest list in these chapter 11 cases as of the date hereof and to the best of its knowledge, that there are no material connections that require disclosure. To the extent Stretto learns of any material connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtors, Stretto will promptly file a

supplemental disclosure. Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtors with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

15.     From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "Investment Funds"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, often without Stretto's or its personnel's knowledge. Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the particular Investment Fund, he, she, or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

16.     From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtors or their affiliates. Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to the foregoing, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is retained. Subject to the foregoing, upon information and belief, and upon reasonable inquiry through email survey of Stretto's employees, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

17.     To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtors' estates; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason; and (c) has disclosed all of Stretto's connections with the Debtors, its creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 10, 2022

/s/ Sheryl Betance

Sheryl Betance
Senior Managing Director
Stretto, Inc.
410 Exchange, Ste. 100
Irvine, California 92602

## Exhibit 1

Alabama Department of Revenue
American Express
Arizona Department of Revenue
AT&T
California Department of Tax
Colorado Department of Revenue
Comcast
Comptroller of Maryland
CS Packaging Inc.
CT Corporation
Delaware Secretary of State
Duke Realty LP
FedEx
First Insurance Funding Corp.
Florida Department of Revenue
Frontier Communications
Georgia Department of Revenue
Illinois Department of Revenue
Kentucky Department of Revenue
Massachusetts Department of Revenue
Minnesota Revenue
Nevada Department of Taxation
NJ Division Of Taxation
North Carolina Department of Revenue
Republic Services, Inc. / BFI Waste Services, Inc.
Rothschild & Co US Inc
Spectrum Energy, Inc.
South Carolina Department of Revenue
Southern California Edison
State of Connecticut
Tennessee Department of Revenue
Texas Comptroller of Public Accounts
Utah State Tax Commission
Verizon
Virginia Department of Taxation
Wisconsin Department of Revenue