

**ORDERED in the Southern District of Florida on October 14, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**INTERIM ORDER APPROVING DEBTORS' APPLICATION, PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE, FOR APPROVAL OF AGREEMENT WITH HURON CONSULTING SERVICES LLC TO PROVIDE THE SERVICES OF (I) JOHN C. DIDONATO, AS CHIEF TRANSFORMATION OFFICER, (II) CERTAIN SUPPORT PERSONNEL, EFFECTIVE AS OF THE PETITION DATE, AND SETTING A FINAL HEARING**

**THIS MATTER** having come before the Court on October 13, 2022, at 2:30 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Application, Pursuant to Section 363(b) of the Bankruptcy*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11648772-3

*Code, for Authority to Employ and Retain, on an Interim and Final Basis, Huron Consulting Services LLC to Provide The Services of a Chief Transformation Officer and Additional Personnel, Effective as of the Petition Date* [ECF No. 19] (the "Application") filed by the above-captioned debtors in possession (collectively, the "Debtors"). The Application seeks entry of an order authorizing the retention of Huron Consulting Services LLC ("Huron") to provide (i) John C. DiDonato as Chief Transformation Officer ("CTO") to the Debtors, and (ii) the services of certain support personnel, effective as of the Petition Date,[2] upon the terms and conditions set forth in the Engagement Letter attached as Exhibit B to the Application. Upon the Application, the DiDonato Declaration attached as Exhibit A to the Application; and it appearing that neither Huron nor DiDonato holds nor represents any interest adverse to the Debtors' estates; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors having asserted that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408; and it appearing that proper and adequate notice of the Application has been given and that no other and further notice is necessary; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors and interest holders; and this Court having reviewed the Application and having heard the statements in support of the Application at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation thereon, all of which are incorporated herein by reference; and good and sufficient cause appearing therefore, it is

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

2

**ORDERED** that:

1. The Application and Engagement Letter are **APPROVED**, on an interim basis, subject to the terms hereof.

2. The Debtors are authorized, pursuant to 11 U.S.C. § 105(a) and 363(b), and effective as of the Petition Date, to retain Huron to provide the services of the CTO and the services of certain support personnel, upon the terms set forth in the Engagement Letter attached as Exhibit B to the Application.

3. Pending a final hearing on the Application, the Debtors are authorized to pay all amounts owed to Huron under the Application and the Engagement Letter pursuant to the terms set forth therein.

4. Huron will not be subject to any order of this Court governing the procedures for interim compensation for professionals.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

6. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the final hearing.

7. The terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry and effective as of the Petition Date.

8. The final hearing to consider the Application is scheduled for **November 9, 2022 at 10:00 a.m., U.S. Courthouse, 299 E. Broward Boulevard, Courtroom 301, Fort Lauderdale, FL 33301**.

9. Objections to the Application shall be in writing and shall be filed and served on or before **November 4, 2022 at 4:30 p.m.**

10. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone, if the judge's procedures allow. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or manually enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJItcOqurD4qHUbwAimENeAkZ7QUKGhcZ7k

11. All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

12. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*