

**ORDERED in the Southern District of Florida on October 14, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR AN ORDER
(A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (I) MAINTAIN AND
ADMINISTER CUSTOMER PROGRAMS, AND (II) TO HONOR OR PAY CERTAIN
PREPETITION OBLIGATIONS TO THEIR CUSTOMERS IN THE ORDINARY
COURSE OF BUSINESS; AND (B) GRANTING CERTAIN RELATED RELIEF**

**THIS MATTER** came before the Court on October 13, 2022, at 2:30 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Emergency Motion Pursuant to Sections 105(A), 363, 1107 and 1108 of the Bankruptcy Code for an Order (A) Authorizing, But Not Directing,*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11648250-1

*the Debtors to (I) Maintain and Administer Customer Programs, and (II) To Honor or Pay Certain Prepetition Obligations to Their Customers in the Ordinary Course of Business; and (B) Granting Certain Related Relief* [ECF No. 15] (the "<u>Motion</u>")[2] filed by the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>").  The Motion seeks entry of an order (a) authorizing, but not directing, the Debtors to honor or pay certain prepetition obligations to their customers, as detailed herein, in the ordinary course of business, and (b) granting certain related relief.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

    **ORDERED** as follows:

    1.    The Motion is **GRANTED**.

    2.    The Debtors are authorized to continue, in their sole discretion, the Customer Programs in the ordinary course of business.

    3.    The Debtors are authorized to honor and pay, in their sole discretion, all Customer Obligations in the ordinary course of business.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

4. The Debtors are authorized to continue, renew, modify, terminate, or replace, in their discretion, their Customer Programs without further order of the Court.

5. Nothing in the Motion or this Order, nor the Debtors' payment or other treatment of Customer Obligations pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or obligation to pay any claim or return any prepayment (including any Prepayment); (d) an implication or admission that any particular claim constitutes a Customer Obligation; or (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

6. Pursuant to Bankruptcy Rule 6004(g), this Order shall be immediately effective and enforceable upon entry.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*