

ORDERED in the Southern District of Florida on October 14, 2022.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors._____/ | (Jointly Administered) |

## ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO (I) CONTINUE TO ADMINISTER INSURANCE POLICIES AND RELATED AGREEMENTS; AND (II) HONOR CERTAIN OBLIGATIONS IN RESPECT THEREOF

**THIS MATTER** having come before the Court for a hearing on October 13, 2022, at 2:30 p.m. in Fort Lauderdale, Florida upon the *Debtors' Emergency Motion for Authorization to (I) Continue to Administer Insurance Policies and Related Agreements; and (II) Honor Certain Obligations in Respect Thereof* [ECF No. 11] (the "Motion") filed by the above-captioned

___

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

debtors-in-possession (the "Debtors").  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**, effective as of the Petition Date.

2. The Debtors may, in their reasonable business judgment, continue to administer and maintain the Insurance Policies[2] (as described in **Exhibit "A"** to the Motion) post-petition in the ordinary course of their business, including obligations for the payment of (i) premiums, if any; and (ii) certain claims or deductibles if and to the extent they may become due and payable according to the terms of the Insurance Policies.

3. To the extent that the Insurance Policies may be deemed executory contracts to which the Debtors are a party, entry of this Order shall not constitute an assumption of those Insurance Policies pursuant to 11 U.S.C. § 365(a).

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

---

[2] Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' right to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

6. The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any Insurance Policies.

7. Notwithstanding the relief granted in this Order, any payment to be made, or authorization obtained, hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral approved by the Court in these chapter 11 cases.

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final order entered by the Court approving the Debtors' entry into any post-petition debtor in possession financing facility, and any budget or cash flow forecasts in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith (in either case, the "<u>Cash Collateral Order</u>"). To the extent that there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control. For the avoidance of doubt, the Debtors are not authorized to make any payments pursuant to this Order to, or on behalf of, a non-debtor affiliate except as permitted by the Budget (as defined in the Cash Collateral Order).

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*