

**ORDERED in the Southern District of Florida on October 14, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND CONSOLIDATED LIST OF THE TOP THIRTY <u>UNSECURED CREDITORS</u>**

**THIS MATTER** came before the Court on October 13, 2022, at 2:30 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Creditors* [ECF No. 9] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order (a) authorizing, but not requiring, the Debtors to (i) file and maintain a consolidated Creditor Matrix, in lieu of a separate creditor list and mailing matrix for each Debtor; and (ii) a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Debtors are authorized, but not directed, to file and maintain a consolidated Creditor Matrix, and the requirements under Bankruptcy Code § 521(a)(1), Bankruptcy Rule 1007(a)(1), Local Rule 1007-2 and the *Clerk's Instructions for Preparing, Submitting and Obtaining Services Matrices*, that each Debtor file a separate list of creditors and upload a separate mailing matrix on this Court's electronic filing system are waived.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

3. The Debtors are authorized, but not directed, to file a consolidated list of their top thirty (30) unsecured creditors in lieu of each Debtor filing a list of its top twenty (20) unsecured creditors.

4. As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these chapter 11 cases (the "Claims and Noticing Agent"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated Creditor List and make such consolidated Creditor List available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party in interest's sole cost and expense).

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*