

**ORDERED in the Southern District of Florida on October 14, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR AN
ORDER AUTHORIZING PAYMENT OF PREPETITION
CLAIMS OF CRITICAL VENDORS**

**THIS MATTER** having come before the Court for a hearing on October 13, 2022, at 2:30 p.m. in Fort Lauderdale, Florida upon the *Debtors' Emergency Motion for an Order Authorizing Payment of Prepetition Claims of Critical Vendors* (the "Motion") [ECF No. 13] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; (v) proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and no other or further notice is necessary; and (vi) upon the record herein, including the exhibits submitted into evidence at the hearing, after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is

  **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Debtors are authorized, but not required, to pay or honor prepetition obligations (the "Prepetition Claim Payment") to Critical Vendors.[2] The Debtors have authority to pay a total of not more than $14,892,981.78 in satisfaction of Critical Vendor Claims.

3. Any Critical Vendor who receives a Prepetition Claim Payment must extend all Customary Trade Terms to the Debtors. Any Critical Vendor who receives a Prepetition Claim Payment and does not extend all Customary Trade Terms to the Debtors must return the Prepetition Claim Payment to the Debtors.

4. The Debtors are hereby authorized to issue post-petition checks and to make post-petition fund transfer requests to replace any pre-petition checks and prepetition transfers to Critical Vendors that may be dishonored by any bank.

---

[2] All capitalized terms not defined herein shall have the meaning given to them in the Motion.

5.   Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the Debtors' assumption of any contract or agreement under 11 U.S.C. § 365.

6.   Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity.

7.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*