

**ORDERED in the Southern District of Florida on October 14, 2022.**



            **Peter D. Russin, Judge**
       **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF CERTAIN PRE-PETITION CLAIMS OF, AND HONORING CERTAIN CONTRACTS WITH SHIPPERS AND <u>WAREHOUSEMEN</u>**

**THIS MATTER** came before the Court on October 13, 2022, at 2:30 p.m., in Fort Lauderdale, Florida for a hearing (the "<u>Hearing</u>") upon the *Debtors' Emergency Motion for*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Order Authorizing Payment of Certain Pre-Petition Claims of, and Honoring Certain Contracts With Shippers and Warehousemen* (the "Motion") [ECF No. 14] filed by the above-captioned debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors") seeking entry of an order authorizing the payment, in the Debtors' discretion, of certain pre-petition claims of, and honoring of certain contracts with, the Shippers.[2] The Court, having considered the Motion, finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) the Court may enter a final order consistent with Article III of the United States Constitution; (e) notice of the Motion and the Hearing was sufficient under the circumstances and no other or further notice need be provided; (f) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and (g) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the Hearing, and being otherwise fully advised in the premises, does for the reasons stated on the record of the Hearing, all of which are incorporated herein; and after due deliberation and sufficient cause appearing therefor, has determined that good and sufficient cause exists to grant the relief requested. Accordingly, it is

**ORDERED THAT**:

1. The Motion is **GRANTED**.

2. The Debtors are authorized, but not directed, to pay the pre-petition obligations owing to the Shippers, as set forth in the Motion, and otherwise deal with those entities in the

---

[2] All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

ordinary course of business and in accordance with normal pre-petition procedures and agreements.

3. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the rights of the Debtors or any party in interest to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
jguso@bergersingerman.com
mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*