

**ORDERED in the Southern District of Florida on October 14, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR APPROVAL OF
FORM OF NOTICE OF COMMENCEMENT AND PROOF OF CLAIM**

**THIS MATTER** came before the Court on October 13, 2022 at 2:30 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Emergency Motion for Approval of Form of Notice of Commencement and Proof of Claim* [ECF No. 10] (the "Motion"), filed by the above-captioned

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

debtors and debtors-in-possession (collectively, the "<u>Debtors</u>").[2] The Motion requests the entry of an order approving the form of notice of the commencement of these chapter 11 cases and the Bar Dates. The Court, having considered the Motion, finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) it may enter a final order consistent with Article III of the United States Constitution; (e) notice of the Motion and the Hearing thereon was sufficient under the circumstances and no other or further notice need be provided; (f) the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration and at the hearing establish just cause for the relief granted herein, and (g) the Court having heard the presentation of counsel at the hearing and being otherwise fully advised in the premises, does for the reasons stated on the record of the hearing, all of which are incorporated herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** as follows:

1. The relief request in the Motion is **GRANTED**.

2. The Proof of Claim Form substantially in the form attached to the Motion as <u>**Exhibit A**</u> and the Bar Date Notice, substantially in the form annexed to the Motion as <u>**Exhibit B**</u>, are hereby **APPROVED**.

3. The Bar Dates set forth in the Proof of Claim Form apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors (whether

---

[2] Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the Bankruptcy Code and the Bankruptcy Rules.

secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

    a.    Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules (the "<u>Schedules</u>") and that desires to assert a Claim against the Debtors that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

    b.    Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

    c.    Any Person or Entity whose Claim is not listed in the applicable Debtors' Schedules.

4.    The Debtors shall retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any Claim submitted to the Claims and Noticing Agent or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

5.    Pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to submit a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "<u>Unscheduled Claim</u>"); and (b) voting

upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 cases in respect of an Unscheduled Claim.

6. In providing notice of the Bar Dates, the Debtors shall provide to holders of Claims a customized Proof of Claim Form. Subject to Court approval, the Debtors have retained Stretto, Inc. as their official claims and noticing agent (the "Claims and Noticing Agent"). For any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the applicable Bar Dates.

7. If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

8. All persons and entities asserting Claims against more than one Debtor are required to submit a separate Proof of Claim Form with respect to each applicable Debtor.

9. All persons and entities asserting Claims against the Debtors are required to file the Proof of Claim Forms in English and in U.S. dollars. If a person or entity does not specify the amount of its Claim in U.S. dollars, the Debtors reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtors deem another date to be more appropriate.

10. The Debtors are authorized to publish the Bar Date Notice in the publications identified on **Exhibit "C"** to the Motion. With respect to The Miami Herald (South Florida) and The Sun Sentinel (Fort Lauderdale), the Debtors shall publish the Bar Date Notice twice, with the first publication to occur not more than ten (10) business days after the entry of this Order on the Court's docket, and the second publication to occur not later than thirty (30) days prior to the

General Bar Date. With respect to the Wall Street Journal (National), the Debtors are authorized to pubish the Bar Date Notice once, which publication shall occur not more than ten (10) business days after entry of this Order on the Court's docket.

11. All Persons and Entities for which the Debtors have no deliverable mailing address and that may assert a Claim against the Debtors shall be deemed to have received adequate and sufficient notice by publication which is reasonably calculated under the circumstances to apprise them of the Bar Dates for filing Proof of Claim Forms.

12. The Debtors shall provide actual written notice of the commencement of these chapter 11 cases and the Bar Dates to all known persons and entities holding Claims for whom the Debtors have an actual deliverable address.

13. In giving actual notice to known Persons and Entities who may have a Claim, the Debtors shall serve the Bar Date Notice, in accordance with Bankruptcy Rule 9007, so that the Bar Date Notice is served by first class mail within ten (10) business days after entry of this Order.

14. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice in the manner set forth above shall be deemed good and sufficient notice of the Bar Date to known creditors.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

16. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*