

**ORDERED in the Southern District of Florida on October 14, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
AUTHORIZATION TO PAY PREPETITION SALES, USE,
TRUST FUND, AND OTHER TAXES AND SIMILAR OBLIGATIONS**

**THIS MATTER** having come before the Court for a hearing on October 13, 2022, at 2:30 p.m. in Fort Lauderdale, Florida upon the *Debtors' Emergency Motion for Authorization to Pay Prepetition Sales, Use, Trust Fund, and Other Taxes and Similar Obligations* [ECF No. 16]

___

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

(the "Motion").[2] The Motion seeks entry of an order authorizing, but not directing, the Debtors to pay prepetition sales, use, trust fund, property and similar taxes, and related fees. The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Debtors are authorized, but not directed, to pay prepetition Taxes and Fees.

3. To the extent the Debtors have paid Taxes which should not have been paid, the Debtors are authorized to seek a refund of such Taxes. Likewise, to the extent the Debtors dispute any prepetition Taxes, the Debtors are authorized to set aside, in a segregated account, funds to pay such Taxes until a final determination is made as to whether the Debtors are obligated to pay such Taxes.

4. Nothing in this Order precludes the Debtors from (i) contesting, in their sole

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

discretion, the validity and amount of any Taxes and Fees under applicable bankruptcy or non-bankruptcy law, or (ii) seeking or not seeking approval or assumption of any agreement, contract, or lease under 11 U.S.C. § 365.

5. All depositories on which checks were drawn in payment of prepetition amounts to the Authorities shall honor such checks as and when presented for payment.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*