

ORDERED in the Southern District of Florida on October 14, 2022.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER (I) AUTHORIZING DEBTORS TO PAY (A) CERTAIN
PREPETITION EMPLOYEE AND INDEPENDENT CONTRACTOR OBLIGATIONS
AND (B) PREPETITION WITHHOLDING OBLIGATIONS, (II) AUTHORIZING THE
DEBTOR TO MAINTAIN EMPLOYEE BENEFIT PROGRAMS, AND (III)
DIRECTING BANKS TO HONOR RELATED PREPETITION TRANSFERS**

**THIS MATTER** having come before the Court for a hearing on October 13, 2022, at 2:30 p.m. in Fort Lauderdale, Florida upon the motion [ECF No. 17] (the "Motion") filed by the above-captioned debtors (the "Debtors") for entry of an order pursuant to sections 105(a), 363(b)

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

and 507(a)(4) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et. seq.*, Federal Rule of Bankruptcy Procedure 6003 and Local Rule 9013-(I)(A) authorizing, but not directing, the Employer Debtor[2] to (i) pay prepetition compensation and other amounts owed to the Employer Debtor's current Employees and Independent Contractors subject to the limits of the $15,150.00 statutory cap for each Employee, Independent Contractor and other hourly and salaried employees as set forth in the Motion, and (ii) remit withholding obligations identified in **Exhibit "A"** to the Motion, (iii) maintain employee benefit programs and pay related administrative obligations, and (B) authorizing the Employer Debtor's banks and other financial institutions to receive, process, honor and pay certain checks presented for payment and electronic transfers for payment of any of the foregoing, and prohibiting banks from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, it is

    **ORDERED THAT**:

    1.    The Motion is **GRANTED**, effective as of the Petition Date.

    2.    The Employer Debtor is authorized, but not required, to (i) honor and pay all pre-petition unpaid wages and salaries identified in **Exhibit "A"** to the Motion and other hourly and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

salaried employees who may not be identified on **Exhibit "A"** because they either just returned from an extended leave and wages they recently accrued are not yet in the payroll system, or were recently hired and are not yet in the Employer Debtor's payroll system, (ii) continue to honor and pay all prepetition unpaid wages incurred the ordinary course of business, (iii) reimburse business expenses in accordance with the Employer Debtor's stated policies and in the ordinary course of the Employer Debtor's business, and (iv) honor and pay all pre-petition wages owed to the Independent Contractors provided however, that payments to Employees and Independent Contractors on account of any such unpaid wages and salaries shall not exceed the amounts afforded priority status by section 507(a)(4) of the Bankruptcy Code.

3. The Employer Debtor is authorized, but not required, to honor or pay any Prepetition Obligations including in respect of any Employee benefit program, and to continue to honor or pay such Obligations post-petition, as provided in the Motion, in accordance with the Employer Debtor's stated policies.

4. The Employer Debtor is authorized to remit to the appropriate governmental agency outstanding amounts, if any, owed by the Employer Debtor in respect of its withholding obligations, identified in **Exhibit "A"** to the Motion, including those incurred prior to the Petition Date.

5. The Employer Debtor is authorized, but not required, to issue post-petition checks or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests in respect of the wages and salaries, business expenses, Employee benefit programs and withholding obligations dishonored as a consequence of the commencement of these chapter 11 cases.

6. All of the Employer Debtor's banks are authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Employer Debtor's payroll and general disbursement accounts related to ordinary course wages and salaries, business expenses and other compensation, Employee benefit plans and withholding obligations, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

7. Nothing herein or in the Motion nor any payments made by the Employer Debtor pursuant to this Motion, shall be deemed an assumption or rejection of any Employee benefit program, employment agreement, other program or contract, or otherwise affect the Employer Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract between the Employer Debtor and any Employee or Independent Contractor.

8. The Employer Debtor, its officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*