

**ORDERED in the Southern District of Florida on October 14, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

    Debtors.                                 (Jointly Administered)

_____/

**ORDER GRANTING DEBTORS' EMERGENCY APPLICATION FOR ENTRY OF
ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN STRETTO, INC.,
AS NOTICE, CLAIMS AND SOLICITATION AGENT, EFFECTIVE
AS OF THE PETITION DATE**

    **THIS MATTER** came before the Court on October 13, 2022, at 2:30 p.m., in Fort

Lauderdale, Florida, upon the application [ECF No. 20] (the "Application") of the above-

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

captioned debtors and debtors in possession (each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>")
for entry of an order authorizing the employment of Stretto, Inc. ("<u>Stretto</u>") as the notice, claims
and solicitation agent for the Debtors, as more fully set forth in the Application; pursuant to 28
U.S.C. § 156(c); upon consideration of the Betance Declaration[2] and the First Day Declaration;
and it appearing that the relief requested is in the best interests of the Debtors' estates, their
creditors and all other parties in interest; and due and sufficient notice of the Application having
been given; and the Court having jurisdiction to consider the Application and the relief requested
therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of
the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.
§ 157(b); and the Court having found that venue being proper in the Court pursuant to 28 U.S.C.
§§ 1408 and 1409; and the Court having found that based on the representations made in the
Betance Declaration that Stretto does not hold or represent an interest adverse to the Debtors'
estates; and the Court having found that due and proper notice of the Application has been
provided and no other or further notice need be provided; and the Court having determined that
the legal and factual bases set forth in the Application and at the hearing establish just cause for
the relief granted herein; and upon all of the proceedings heard before the Court; and after due
deliberation and sufficient cause appearing therefor it is

**ORDERED THAT:**

1.    The Application is **APPROVED.**

2.    The Debtors are authorized to employ and retain Stretto as their notice, claims and
solicitation agent in accordance with the terms and conditions set forth in the Application and the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

8838939-1

Engagement Agreement, effective as of the commencement of the Debtors' chapter 11 cases.

3.      The terms of the Engagement Agreement are approved as provided herein subject to the terms of this Order.

4.      Pursuant to 28 U.S.C. § 156(c), Rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Rule 2002-1(B), Stretto is authorized to provide noticing, claims processing and balloting services as set forth in the Application and the Engagement Agreement, including, among others, as requested:

a.      Preparing and serving required notices in the chapter 11 cases, including:

   i.     notice of the commencement of the chapter 11 cases and the initial meeting of creditors under Bankruptcy Code § 341(a);

   ii.    a notice of the claims bar date;

   iii.   notices of objections to claims and objections to transfers of claims;

   iv.    notices of hearings on motions filed by the Office of the United States Trustee (the "U.S. Trustee");

   v.     notices of transfers of claims;

   vi.    notices of any hearings on a disclosure statement and confirmation of the Debtors' plan of reorganization;

   vii.   notice of the effective date of any plan; and

   viii.  such other miscellaneous notices as the Debtors or Court may deem necessary or appropriate for an orderly administration of the chapter 11 cases.

b.      Maintaining a: (i) list of all potential creditors, equity holders, and other parties in interest and (ii) "core" service list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k), and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010 and updating said lists and making said lists available upon request by a party-in-interest or the Clerk.

c.      Assisting with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gathering data in

8838939-1

conjunction therewith.

d.      Furnishing a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and, if asked, notifying such potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors.

e.      Maintaining a post office box or address for the purpose of receiving claims and returned mail, and processing all mail received.

f.      Within five (5) business days after the entry of a particular notice or order, preparing for filing with the Clerk's Office a certificate or affidavit of service that includes (i) a copy of the notice or order served, (ii) an alphabetical list of persons on whom notice was served, along with their addresses and (iii) the date and manner of service.

g.      Receiving, examining, and maintaining copies of all proofs of claim and proofs of interest filed in the chapter 11 cases.

h.      Maintaining official claims registers in the chapter 11 cases by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

      i.      the name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

      ii.     the date the proof of claim or proof of interest was received by Stretto and/or the Court;

      iii.    the claim number assigned to the proof of claim or proof of interest; and

      iv.     the asserted amount and classification of the claim.

i.      Implementing necessary security measures to ensure the completeness and integrity of the claims registers.

j.      Recording all transfers of claims pursuant to Bankruptcy Rule 3001(e).

k.      Revising the creditor matrix after the objection period expires.

l.      Monitoring the Court's docket for all notices of appearance, address

4

changes, and claims-related pleadings and orders filed and making necessary notations on or changes to the Claims Registers and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists.

m.    Identifying and correcting any incomplete or incorrect addresses in any mailing or service lists.

n.    Recording any order entered by the Court which may affect a claim by making a notation on the claims registers.

o.    Monitoring the Court's docket for any claims related pleading filed and making necessary notations on the claims register.

p.    Filing a quarterly updated claims register with the Court in alphabetical and numerical order. If there was no claims activity, a certification of no claim activity may be filed.

q.    Maintaining an up-to-date mailing list of all creditors and all entities who have filed proofs of claim or proofs of interest and/or request for notices in the case and providing such list to the Court or any interested party upon request (within 48 hours).

r.    Providing access to the public for examination of claims and the claims register at no charge.

s.    Establish and maintain a case website with case information, including key dates, service lists and free access to the case docket.

t.    Forwarding all claims, an updated claims register and an updated mailing list to the Court within 10 days of entry of an order converting a case or within 30 days of entry of a final decree. The claims register and mailing list will be provided in both paper and on disc and in alphabetical and numerical order. The mailing list disc will be in .txt format.

u.    Complying with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements.

v.    Providing temporary employees to process claims as necessary.

w.    Promptly complying with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

x.    Providing such other claims processing, noticing, and administrative services as may be requested from time to time by the Debtors.

y.    Assisting with, among other things, solicitation, balloting, tabulation and

8838939-1

calculation of votes, as well as preparing any appropriate reports required in furtherance of confirmation of any chapter 11 plan.

z.      Generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results for any chapter 11 plan(s) in the chapter 11 cases.

aa.     Providing such other claims, noticing, processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, that may be requested from time to time by the Debtors, the Court, or the Clerk.

5.      In addition to the services set forth in the Application and the Engagement Agreement, Stretto is authorized to provide other noticing, claims processing, solicitation and administrative services the Debtors may request from time to time, including, but not limited to: (a) maintaining and updating the master mailing list of creditors; (b) tracking and administration of claims; and (c) performing other administrative tasks pertaining to the administration of the chapter 11 cases, as may be requested by the Debtors or the Clerk of this Court (the "Clerk's Office").

6.      Stretto is appointed as agent for the Clerk's Office and, as such, is designated as the authorized repository for all proofs of claims filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for the Debtors and to provide the Clerk's Office with a certified duplicate thereof as the Clerk's Office may direct. To the extent any government or non-government claimant files a proof of claim with the Court via CM/ECF or manually with the Clerk of the Court, as opposed to with Stretto, such filings will be deemed timely if filed by the applicable bar date set by the Court.

7.      Without further order of the Court, the Debtors are authorized to compensate Stretto in accordance with the terms and conditions of the Engagement Agreement, upon Stretto's submission to the Debtors of invoices summarizing in reasonable detail the services and expenses for which compensation is sought; provided, however, that Stretto shall provide copies

of such invoices to the Office of the United States Trustee and any official committee of creditors appointed in these chapter 11 cases.

8.      Stretto shall, on a monthly basis, submit detailed invoices to the Debtors for the services rendered, with a copy to the Office of the United States Trustee and, to the extent applicable, to counsel for any official committee(s) appointed during the course of these chapter 11 cases.

9.      Stretto shall not cease providing claims processing services during these chapter 11 cases for any reason without prior order of this Court authorizing Stretto to do so; provided, however, that Stretto may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the Office of the United States Trustee and any official committee of creditors appointed in these cases by facsimile or overnight delivery; provided further, that except as expressly provided herein, the Debtors and Stretto may otherwise terminate or suspend other services as provided under the Engagement Agreement.

10.     The Court and Stretto will implement an Internet link on the Court's website that can direct parties in interest to the website maintained by Stretto for these chapter 11 cases.

11.     Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto incurred pursuant to the Engagement Agreement shall be an administrative expense of the Debtors' estates.

12.     Nothing herein obligates a successor chapter 7 trustee or chapter 11 trustee to employ Stretto.

13.     The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8838939-1

14.     Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

8838939-1