UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

### DEBTORS' EMERGENCY OMNIBUS MOTION TO REJECT UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES, EFFECTIVE AS OF THE PETITION DATE

**(Emergency Hearing Requested)**

**Basis for Requested Emergency Hearing**

The Debtors seek permission to reject certain unexpired non-residential real property leases on an emergency basis. Immediate rejection will preclude the accrual and assertion of administrative expense claims. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, pursuant to 11 U.S.C. § 365(a) and Bankruptcy Rule 6006, file this motion (the "Motion") seeking the entry of an order approving the Debtors' rejection of the leases listed on **Exhibit "A"** (collectively, the "Leases") as of the Petition Date

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11710902-2

(as defined below). In support of the Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chatter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [ECF No. 26] which was filed on the Petition Date (as defined below), and respectfully represent as follows:

### I. Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

### II. Background

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

### III. Relief Requested and Basis Therefor

7. By this Motion, the Debtors seek authority, pursuant to section 365(a) of the Bankruptcy Code, to reject the Leases. The Debtors have determined in their business judgment that the Leases are unnecessary to the administration of these bankruptcy cases and are burdensome to the estates because the Debtor, Vital Pharmaceuticals, Inc., vacated, pre-petition, each of the premises that are subject of the Leases. The Debtors do not believe that the Leases

have any value that can be achieved through an assumption and assignment to a third party. Therefore, maintaining the Leases would impose unnecessary cost and burdens on the Debtors' estates with no commensurate benefit.

8. Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit the estate. *See id*.

9. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an

unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

10. Because the Debtors will not profit from the continued performance under the Leases, and rejection will avoid the accrual of administrative expenses, it necessarily follows that rejection of the Leases as of the Petition Date is a decision made in the sound exercise of the Debtors' business judgment, that is, a decision that will benefit the Debtors' estates.

**WHEREFORE,** the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit "B"** (i) approving the rejection of the Leases effective as of the Petition Date, and (ii) granting such other relief as is just and proper.

Dated: October 21, 2022
   Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
   tj.li@lw.com
   brian.rosen@lw.com
   jon.weichselbaum@lw.com

– and –

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
   mniles@bergersingerman.com

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Jeramy D. Webb (admitted *pro hac vice*)
Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jeramy.webb@lw.com
          whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

## EXHIBIT "A"
### (Rejected Leases)

| Name and Address of Party to Lease | Description of Lease |
|---|---|
| 12M Commercial Properties, LLC<br>P.O. Box 3546<br>Little Rock, AR 72203 | Lease for property located at 600 S. 52nd Street, Rogers, AR 72758 |
| Driscoll, LLP<br>4715 N. Chestnut St.<br>Colorado Springs, CO 80907-3531 | Lease for property located at 4650 Forge Road, Suite 104, Colorado Springs, CO 80907 |
| The Rose Properties/Gimmel Tammuz Realty<br>219 South 3rd Street<br>Sterling, CO 80751<br><br>and<br><br>3610 W. Capital Avenue<br>Grand Island, NE 68803<br>Attn: Rick Ostdiek<br><br>With a copy to:<br><br>EverWest Real Estate Investors, LLC<br>1099 18th Street, Suite 2900<br>Denver, CO 80202 | Lease for property located at 1-70 Industrial Center, Denver, CO |

11710902-2

**EXHIBIT "B"**
**(Proposed Order)**

11710902-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EMERGENCY OMNIBUS MOTION TO REJECT UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES, EFFECTIVE AS OF THE PETITION DATE**

**THIS MATTER** came before the Court on October ____, 2022, at _____ a.m., upon the *Debtors' Emergency Omnibus Motion to Reject Unexpired Non-Residential Real Property Leases, Effective as of the Petition Date* (the "Motion") [ECF No. _____] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). The Motion seeks

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11719370-1

authority to reject the Leases[2] identified on **Exhibit A** to the Motion as of the Petition Date.  The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors.  Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary.  Upon review of the record before the Court, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

    **ORDERED** that:

    1.    The Motion is **GRANTED**.

    2.    The Debtors' rejection of the Leases is **APPROVED** pursuant to 11 U.S.C. § 365(a), effective as of October 10, 2022.

    3.    **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE LEASES; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE LEASES.**

    4.    The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*