UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PROHIBITING
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF
FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES
FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND
REQUEST FOR WAIVER OF LOCAL RULE 9013-1(L)(2)(b) REQUIREMENT**
**(Expedited Hearing Requested)[2]**

> **Any utility provider who fails to file with the Court and serve
> Debtors' counsel a written response to this motion at least two
> business days prior to the scheduled hearing on this Motion,
> pursuant to Local Rule 9013-1(L), will be deemed to have
> consented to the entry of an order in the form attached to this
> Motion (unless the hearing is set on less than five days' notice).
> Any scheduled hearing may then be canceled.**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property

Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Section 366(b) of the Bankruptcy Code provides, in part, that a utility provider may alter, refuse or discontinue service if a chapter 11 debtor, within 20 days after the date of the order for relief, does not furnish adequate assurance of payment in the form of a deposit or other security for service after such date. 11 U.S.C. § 366(b). Section 366(c)(2) of the Bankruptcy Code provides, in part, that subject to paragraphs (3) and (4), with respect to a chapter 11 case, a utility provider may alter, refuse or discontinue service if within 30 days after the filing of the petition, the utility does not receive from a chapter 11 debtor adequate assurance of payment for utility service that is satisfactory to the utility provider. 11 U.S.C. § 366(c).

11582836-4

LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion"), on an expedited basis, for the entry of an order, (i) determining that the Debtors' Utility Providers (defined herein) have been provided with adequate assurance of payment within the meaning of 11 U.S.C. § 366; (ii) approving the Debtors' proposed adequate assurance and related procedures; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing Utility Services (defined herein) on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed in this Motion; and (v) granting related relief.  In support of this Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] (the "First Day Declaration") and respectfully represent as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 105 and 366 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 9013-1(L) of the Local Bankruptcy Rules for the Southern District of Florida (the "Local Rules").

### Background

4.      On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.     The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.     For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

### The Utility Providers

7.     In connection with the operation of their businesses, the Debtors use electricity, gas, water/sewer, waste management, telecommunications, and other services (collectively, the "Utility Services") provided by 48 utility providers and other entities (collectively, the "Utility Providers"). A list identifying the Utility Providers is attached hereto as **Exhibit "A"** (the "Utility Provider List"). The Debtors' business operations depend upon uninterrupted service in order to continue operations and preserve the value of their assets.

8.     As further reflected on Exhibit A, historically, the Debtors spend an aggregate of approximately $628,297.91 each month on Utility Services from the Utility Providers. Certain Utility Providers have required the Debtors to post deposits to secure the Debtors' payment or performance of certain obligations. Specifically, **Exhibit A** reflects a total of $840,213.14 in deposits provided to 12 of the Utility Providers, as follows: Dominion Energy ($325.00), Duke Energy ($1,760.00), FPL ($75,187.00), Greystone Power ($400,079.30), SRP Electric ($341,460.00), TECO ($190.00), San Diego G&E ($1,750.85), Ontario Trash and Water ($200.00), LA Department of Water and Power ($3,219.00), Orlando Utilities Commission ($900.00), City of Sunrise ($1,280.00), and Phoenix City Hall ($13,861.99).

9.     In general, the Debtors have established satisfactory payment history with the Utility Providers. To the best of the Debtors' knowledge, there are no material defaults or arrearages outstanding with respect to undisputed invoices for Utility Services as of the Petition

Date.  The Debtors intend to pay any post-petition obligations for Utility Services in a timely fashion and in the ordinary course.

10.     Uninterrupted utility services are essential to ongoing operations and, therefore, to the success of the Debtors' chapter 11 cases.  Should the Utility Providers refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, which could be harm the estates and the Debtors' efforts in connection with these cases. It is therefore critical that utility services continue uninterrupted.

**Relief Requested**

11.     Section 366(b) of the Bankruptcy Code prevents utility companies from discontinuing, altering or refusing service to a debtor during the initial twenty (20) days of a bankruptcy case.  However, a utility company has the option of terminating its services thirty (30) days from the Petition Date pursuant to section 366(c)(2) of the Bankruptcy Code if a debtor has not furnished adequate assurance of payment.

12.     By this Motion, the Debtors seek entry of an order: (i) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures (as each is defined below); (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond the Proposed Adequate Assurance; and (v) granting related relief.

11582836-4

A.    **The Proposed Adequate Assurance**

13.    The Debtors intend to pay all post-petition obligations owed to the Utility Providers in a timely manner and expect to have sufficient funds available to pay all undisputed post-petition utility obligations.

14.    Nevertheless, to provide adequate assurance of payment for future services to the Utility Providers as set forth in section 366(c) of the Bankruptcy Code, the Debtors propose to deposit an initial cash sum (the "Adequate Assurance Deposit") within ten (10) business days after the date of entry of the order approving this Motion into a segregated, account under the Debtors' control (the "Adequate Assurance Account") to be opened at an institution that is an approved depository, for the benefit of the Utility Providers, unless any such Utility Provider agrees in writing to a lesser amount or is paid in advance for Utility Services.

15.    The Debtors propose that the amount of the Adequate Assurance Deposit be equal to the approximate aggregate cost of two weeks of Utility Services provided by the Utility Providers servicing the Debtors' business, calculated using the historical average for such payments during the current calendar year 2022, and adjusted downwards per account by the available security deposit and/or surety bond for that particular account.  As such, and as reflected on Exhibit A, the Debtors propose an Adequate Assurance Deposit in the total amount of $179,952.58, provided that the Debtors may, in their sole discretion and without further application to the Court or order from the Court, reduce this amount in the event that their relationship with any Utility Provider ends as a result of the termination of a lease or otherwise. In that event, the Debtors may reduce the Adequate Assurance Deposit by the portion escrowed for any Utility Provider whose relationship has been terminated.

16.     The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' previous security deposits and the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitute sufficient adequate assurance to the Utility Providers.  Specifically, as shown on **Exhibit A**, no Proposed Adequate Assurance is necessary for ten (10) Utility Providers, as those entities hold deposits in excess of the cost of 2 weeks of utility service or do not have any payments in calendar year 2022 and do not have an outstanding balance. Otherwise, the Debtors set forth Proposed Adequate Assurance for thirty-eight (38) Utility Providers. If any Utility Provider believes additional assurance is required, it may request such assurance pursuant to the following procedures.

**B.      The Proposed Adequate Assurance Procedures**

17.     In light of the severe consequences to the Debtors of any interruption in services by the Utility Providers, but recognizing the right of the Utility Providers to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose the following procedures (the "Adequate Assurance Procedures") for approval by the Court:

> (a)     Absent compliance with the Adequate Assurance Procedures, the Utility Providers may not alter, refuse, or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

> (b)     Within three (3) business days after the entry of an order on this Motion, the Debtors will serve a copy of said order on the Utility Providers (the "Utility Provider List") by first class mail. In the event that any Utility Provider has been omitted from the Utility Provider List, the Debtors shall supplement said list and shall promptly serve a copy of the order on such Utility Provider upon learning of such omission.

> (c)     If a Utility Provider is not satisfied with the Proposed Adequate Assurance provided by the Debtors, the Utility Provider must make a request for an

6

additional assurance of payment (an "Adequate Assurance Request") and serve such request so that it is received by the Debtors and their bankruptcy counsel at the following addresses no later than fifteen (15) days of entry of an order granting this Motion: (i) Debtors c/o Huron Consulting Services LLC, 550 W. Van Buren St., Chicago, IL 60607 (Attn: John C. DiDonato, Chief Transformation Officer, Email: jdidonato@hcg.com); and (ii) attorneys for the Debtors, Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004 (Attn: Andrew D. Sorkin, Esq., andrew.sorkin@lw.com and Jeramy Webb, Esq., jeramy.webb@lw.com) and Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Jordi Guso, Esq., jguso@bergersingerman.com and Michael J. Niles, Esq., mniles@bergersingerman.com).

(d)     Any Adequate Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit; (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of why such proposal is reasonable. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

(e)     Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall have until thirty (30) days from the receipt of such Adequate Assurance Request or such other date as the parties mutually agree (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment and advise the Utility Provider that the Adequate Assurance Request is acceptable.

(f)     If the Debtors determine, in their discretion, that an Adequate Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Provider serving such Adequate Assurance Request and, in connection with such agreements, provide the Utility Provider with additional adequate assurance of payment, including payments on prepetition amounts owing, cash deposits, prepayments, or other forms of security, to the extent authorized pursuant to any orders authorizing the use of cash collateral and the applicable budgets thereunder.

(g)     If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the

Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(h)     Pending resolution of an Adequate Assurance Request at any such Determination Hearing and entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition service or on account of any objections to the Proposed Adequate Assurance.

(i)     Any Utility Provider that does not timely request assurance of payment through an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Provider under section 366(c)(2) without further action by the Debtors and without prejudice to the right of such Utility Provider to seek relief in the future pursuant to section 366(c)(3).[3]

18.     The Debtors request that any security deposits and/or surety bonds that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Providers holding same, except upon either (a) written agreement(s) between the Debtors and a Utility Provider, or other applicable procedures, without further order of the Court or (b) further order(s) of the Court.

19.     The Debtors also request authorization to adjust periodically the amount in the Adequate Assurance Deposit to reflect the following factors: (a) the termination of Utility Services by any Utility Provider(s) to the Debtors; (b) the entry into any agreements between the Debtors and the applicable Utility Provider; and (c) the removal of any amount spent on Utility

---

[3] As a condition of accepting the Proposed Adequate Assurance, the Debtors propose that a Utility Provider shall be deemed to have stipulated that the Proposed Adequate Assurance constitutes adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code, and that the Utility Provider shall be prohibited from challenging or opting out of the Adequate Assurance Procedures, filing an Adequate Assurance Request, or requesting any additional adequate assurance of payment of any kind at any time, notwithstanding any attempt by such Utility Provider to reserve a right to seek any such relief.

Services from Utility Providers that hold a post-petition security deposit, surety bond or other security from the Debtors for such services.

**C.    Subsequent Modifications of Utility Provider List**

20.    Although, the Debtors have made every attempt to identify any and all Utility Providers, certain Utility Providers that currently provide Utility Services to the Debtors may not be listed on the Utility Provider List.    Accordingly, the Debtors request that the Court: (a) authorize the Debtors to provide notice and a copy of the Order granting this Motion to Utility Providers not listed on the Utility Provider List (collectively, the "Additional Utility Providers"), as such Utility Providers are identified, and (b) provide that the Additional Utility Providers are subject to the terms of the Order, including the Adequate Assurance Procedures.    As a result, each Additional Utility Provider will be afforded thirty (30) days from the service of the Order granting this Motion on such Additional Utility Provider to request assurance of payment from the Debtors pursuant to the Adequate Assurance Procedures.

<u>**The Requested Relief Should Be Granted**</u>

21.    Section 366(a) of the Bankruptcy Code protects a debtor against the immediate termination of utility services after it files for bankruptcy.    Pursuant to this section, a utility provider may not, during the first twenty (20) days of the case, alter, refuse or discontinue services to a debtor in a Chapter 11 case solely because of unpaid prepetition amounts if a debtor furnishes "adequate assurance" of payment.    However, the utility provider may do so thereafter unless the debtor furnishes "adequate assurance" of payment for post-petition services in a form "satisfactory" to the utility provider within thirty (30) days of the Petition Date.

22.    Section 366(c) of the Bankruptcy Code (a) defines the forms of adequate assurance of payment that a debtor may employ in providing adequate assurance of payment to

9

11582836-4

include cash deposits, letters of credit, certificates of deposit, surety bonds, prepayments of utility consumption or another form of security that is mutually agreed upon between the utility provider and the debtor; (b) excludes from the definition of adequate assurance the availability of an administrative expense claim; and (c) provides that a court may not consider certain facts in determining the amount of assurance that is adequate. 11 U.S.C. §§ 366(c)(1)(A)–(B) and (c)(3)(B).

23.     Although section 366 of the Bankruptcy Code does clarify what forms adequate assurance of payment may take and what factors the court should consider when determining whether such assurance is adequate, the statute still requires courts to determine what amount, if any, is necessary to provide adequate assurance of payment. Congress did not set a minimum adequate assurance amount, but rather vested discretion in the courts to determine the appropriate level of adequate assurance required in each case.  Accordingly, section 366 of the Bankruptcy Code does not give utility companies a blank check or the right to extract from debtors an unlimited amount of adequate assurance. Under section 366(c) of the Bankruptcy Code, there is nothing to prevent a court from deciding that, on the facts of the case before it, the amount required of a debtor to adequately assure payment to utility providers is zero or nominal.[4]

24.     In addition, section 366(b) requires only that a utility's assurance of payment be "adequate."   Courts have long recognized that adequate assurance of performance does not

---

[4] Under section 366 prior to the 2005 amendments to the Bankruptcy Code, courts had the discretion to determine that the amount of adequate assurance payments or collateral required in a particular case was zero. *See Virginia Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to modify the level of the deposit or other security, provided for under §366(b), includes the power to require no deposit or other security where none is necessary to provide a utility supplier with adequate assurance of payment."). Since the revised section 366(c)(3) still allows the courts to order the modification of the amount of an assurance of payment, the courts remain free to require no deposit or security where none is necessary to ensure adequate assurance of payment in any particular case.

11582836-4

constitute an absolute guarantee of a debtor's ability to pay. *See, e.g., In re Caldor, Inc. - N.Y.,* 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citations omitted) (hereinafter "Caldor"), *aff'd sub nom Virginia Elec. & Power Co. v. Caldor, Inc. - N.Y.,* 117 F.3d 646 (2d Cir. 1997); *In re New Rochelle Tel. Corp.,* 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008); *In re Steinebach,* 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . . [A]ll § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment"); *In re Adelphia Bus. Sols.,* 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment*"); In re Penn Jersey Corp.,* 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of the Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances"). Whether utilities are subject to an unreasonable risk of nonpayment for post-petition services must be determined from the facts of each case. *See In re Anchor Glass Container Corp.,* 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005); *In re Keydata Corp.,* 12 B.R. 156 (Bankr. D. Mass. 1981).

25.    Furthermore, as part of this analysis, courts have recognized that "[i]n deciding what constitutes 'adequate assurance' in a given case, a bankruptcy court must 'focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" *Virginia Elec. & Power Co.,* 117 F.3d at 650 (emphasis in original) (quoting *Penn Jersey,* 72 B.R. at 985); *In re Adelphia Bus. Sols.,* 280 B.R. at 80 ("The requirement for 'adequate

11

assurance' of payment, which, at least in this Circuit, need not necessarily be provided by deposit."); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (upholding lower court's decision that no utility deposits were necessary where such deposits "would jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected"); *see also New Rochelle Tel. Corp.*, 397 B.R. at 639 ("deciding what constitutes adequate assurance, a bankruptcy court must focus on the utility's need for assurance with the debtor's scarce financial resources").

26.     Based upon the foregoing, the Debtors believe the Utility Providers have adequate assurance of payment even without recourse to the Adequate Assurance Deposit.  The Debtors anticipate having sufficient resources to pay, and intend to pay, all valid post-petition obligations for utility services in a timely manner.  In addition, the Debtors' reliance on the Utility Services for the operation of their businesses and for the preservation of value of their assets provides them with an incentive to stay current on their utility obligations.  These factors, which the Court may consider when determining the amount of any adequate assurance payments, justify finding that the Debtors are not required to make any additional adequate assurance payments in these Chapter 11 cases.  In light of the foregoing, the Debtors respectfully submit that the Proposed Adequate Assurance, as set forth on Exhibit A of this Motion, is more than sufficient to assure the Utility Providers of future payment.  By offering the Proposed Adequate Assurance and the Adequate Assurance Procedures, the Debtors seek to implement an organized process that facilitates the determination of the amount of assurance of payment that is adequate.

27.     Absent the approval of the proposed procedures, the Utility Providers could discontinue service, without warning, thirty (30) days after the Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance payment.  The Debtors could then be

12

forced to address numerous requests by Utility Providers in an unorganized manner at a critical period in their Chapter 11 cases when their efforts should be focused on maximizing value for all of their stakeholders. The orderly process contemplated by the Adequate Assurance Procedures is necessary for a smooth transition by the Debtors into Chapter 11 and will aid in their reorganization efforts. Moreover, the proposed procedures will ensure that all parties act in good faith by establishing a fair process. Because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code, the Court should grant the relief requested herein.

28.    Moreover, this Court has the authority to grant the relief requested herein pursuant to section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The basic purpose of section 105 is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." *See* 2 COLLIER ON BANKRUPTCY ¶ 105.01, at 105-6 (Alan N. Resnick & Henry J. Sommers eds., 16th ed 2014). As such, the determination of "adequate assurance" within the meaning of section 366 of the Bankruptcy Code is fully within this Court's discretion. *See In re Marion Steel Co.*, 25 B.R. 188, 198 (Bankr. D. Ohio 1983). In this regard, bankruptcy courts are not bound by state or local regulations governing what constitutes adequate assurance of payment for post-petition utility services. *Id.* at 199; *In re Begley*, 41 B.R. 402, 405-06 (Bankr. E.D. Pa. 1984), *aff'd*, 760 F.2d 36 (3d Cir. 1987).

29.    The Debtors submit that on the facts of these Chapter 11 cases, the Proposed Adequate Assurance is sufficient to provide adequate assurance to the Utility Providers of the Debtors' future performance. Additionally, the Debtors propose to further protect the Utility

Providers through the Adequate Assurance Procedures outlined above. The Debtors submit that granting the requested relief will not prejudice the rights of the Utility Providers to seek additional adequate assurance of payment under section 366 of the Bankruptcy Code should the Proposed Adequate Assurance fail to provide the Utility Providers with adequate assurance of payment.

30.     As stated above, the Debtors cannot continue their operations without the continued services of the Utility Providers. If any of the Utility Providers alter, refuse, or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted and the value of their estates would be negatively impacted. In contrast, if the Court grants the relief requested herein, the Utility Providers will not be prejudiced by the continuation of their services.

31.     Relief similar to that sought herein has been granted by this Court and courts in other Districts. *See In re Adinath Corp., et al.*, Case No. 15-16885-LMI (Bankr. S.D. Fla. May 13, 2015); *In re Antaramian Properties, LLC*, Case No. 9:14-bk-10145-CED (Bankr. M.D. Fla. Oct. 20, 2014); *In re WRS Holding Company*, Case No. 8:14-08588-CPM (Bankr. M.D. Fla. Aug. 13, 2014); *In re Decorator Industries, Inc.*, Case No. 11-37641-BKC-JKO (Bankr. S.D. Fla. Oct. 6, 2011); *In re Robb & Stucky Limited LLLP*, Case No. 8:11-bk-02801-CED (Bankr. M.D. Fla. Feb. 24, 2011); *In re Pace Industries*, LLC, Case No. 20-10927 (MFW) (Bankr. D. Del. April 14, 2020); *In re The Krystal Company*, Case No. 20-61065 (PWB) (Bankr. N.D. Ga. Feb. 13, 2020); *In re VCHP Neptune Beach, LLC*, Case No. 3:20-bk-00740-CJJ (Bankr. M.D. Fla. Mar. 19, 2020); *Integrity Home Health Care, Inc.*, Case No. 8:20-bk-00014-CPM (Bankr. M.D. Fla. Jan. 24, 2020); *In re Mattress Pal Holdings, LLC*, Case No. 6:19-bk-02247-CCJ (Bankr. M.D. Fla. April 11, 2019).

14

32.     Accordingly, the Debtors submit that granting the relief requested in this Motion is both necessary and appropriate.  Such relief will help the Debtors' efforts to reorganize in an orderly manner and will not prejudice the rights of the Utility Providers under section 366 of the Bankruptcy Code.

## Local Rule 9013-1(L)(2)(b) Waiver Request

Pursuant to Local Rule 9013-1(L)(2)(B), undersigned counsel must contact each of the Utility Providers and make a good faith effort to comply with the requirements under §366, prior to the filing of the Utility Motion (the "Local Rule"). Compliance with the Local Rule would require counsel to contact 48 separate Utility Providers in a very short time frame. While the Debtors have had discussions with several of the Utility Providers, given the short time frame that § 366 provides protection to the Debtors, contacting each of the various Utility Providers prior to filing the Utility Motion would be arduous, inefficient and could delay necessary relief to the Debtors. The Debtors respectfully request the Court waive the requirement of Local Rule 9013-1(L)(2)(B).

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit "B"**: (i) determining that their Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequately or Proposed Adequate Assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond the Proposed Adequate Assurance; and (v) granting such other and further relief as this Court deems necessary.

11582836-4

Dated:  October 21, 2022
       Miami, Florida

Respectfully submitted,

_/s/ Jordi Guso_

George A. Davis (admitted _pro hac vice_)
Tianjiao ("TJ") Li (admitted _pro hac vice_)
Brian S. Rosen (admitted _pro hac vice_)
Jonathan J. Weichselbaum (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
       mniles@bergersingerman.com

– and –

Andrew D. Sorkin (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com
– and –
Jeramy D. Webb (admitted _pro hac vice_)
Whit Morley (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jeramy.webb@lw.com
       whit.morley@lw.com

_Proposed Co-Counsel for the Debtors_

16

**EXHIBIT "A"**

**(List of Utility Providers)**

| Entity Name | Utility Provider Name | Services Provided by Utility Provider | Account Numbers | Utility Address Provider | Outstanding Amount as of Petition Date | Average Monthly Payments in 2022 | YTD Paid | Current Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|---|---|---|
| Vital Pharamceuticals, Inc. | Dominion Energy | Electricity | 7210120452863, 7210120452909 | 100 Davidson Hwy. Concord, NC 28027 | $0.00 | $1,641.48 | $15,183.68 | $325.00 | $495.74 |
| Vital Pharamceuticals, Inc. | Duke Energy | Electricity | 0047403467, 1204396089 | PO Box 1090 Charlotte, NC 28201 | $0.00 | $2,519.63 | $23,306.60 | $1,760.00 | $0.00 |
| Vital Pharamceuticals, Inc. | FPL | Electricity | 50527-90481, 37490-34397, 90589-99229, 59326-13572, 65690-83592, 6815058364, 63633-62184 | FPL General Mail Facility Miami FL 33188 | $0.00 | $59,340.84 | $548,902.74 | $75,187.00 | $0.00 |
| Vital Pharamceuticals, Inc. | Green Mountain Energy | Electricity | 13-552-467-7 | PO Box 328 Houston, TX 77001-0328 | $0.00 | $1,955.51 | $18,088.48 | | $977.76 |
| Vital Pharamceuticals, Inc. | Greystone Power | Electricity | 10093475004, 10093475005, 10093475002, and 10093475003 | PO Box 6071 Douglasville, GA 30154-6071 | $0.00 | $34,720.54 | $321,165.02 | $400,079.30 | $0.00 |
| Vital Pharamceuticals, Inc. | Lee County Electric Company | Electricity | 1252328-8 | PO Box 37779 Boone, IA 50037-0779 | $0.00 | $16.59 | $153.45 | | $8.29 |
| Vital Pharamceuticals, Inc. | NV Energy | Electricity | 3000369012519370000, 3000369013519600000 | 6226 West Sahara Ave Las Vegas, NV 89146 | $0.00 | $333.06 | $3,080.84 | | $166.53 |
| Vital Pharamceuticals, Inc. | Southern CA Edison | Electricity | 3-051-1241-99, 3-047-1041-58 | PO Box 6400 Rancho Cucamonga, CA 91729-6400 | $0.00 | $740.64 | $6,850.95 | | $370.32 |
| Vital Pharamceuticals, Inc. | SRP Electric | Electricity | 517-037-001, 393-718-004, 711-097-002, 2941-348-004, 382-937-001, 220-187-007 | 3223 W. Indian Schol Road Phoenix, AZ 85017 | $0.00 | $138,175.27 | $1,278,121.24 | $341,460.00 | $0.00 |
| Vital Pharamceuticals, Inc. | TECO | Electricity | 2.21006E+11 | PO Box 31318 Tampa, FL 33631-3318 | $0.00 | $636.45 | $5,887.20 | $190.00 | $128.23 |
| Vital Pharamceuticals, Inc. | TXU Electric | Electricity | 1.00065E+11 | PO Box 13326 Austin, TX 78711-3326 | $0.00 | $5,114.14 | $47,305.84 | | $2,557.07 |
| Vital Pharamceuticals, Inc. | Xcel Energy | Electricity | 53-0012387283-4 | PO Box 9477 Mpls, MN 55484-9477 | $0.00 | $959.23 | $8,872.84 | | $479.61 |
| Vital Pharamceuticals, Inc. | Amerigas | Gas | 203629345 | 460 North Gulph Road King of Prussia PA  19406 | $0.00 | $0.00 | $0.00 | | $0.00 |
| Vital Pharamceuticals, Inc. | Atmos Energy | Gas | 4028756461, 4038845828, 4028756461, 4038845828 | PO Box 740353 Cincinnati, OH 45274-0353 | $0.00 | $1,750.27 | $16,189.98 | | $875.13 |
| Vital Pharamceuticals, Inc. | Austell Natural Gas | Gas | 9300656004 | P.O. 685 Austell GA  30168-0685 | $0.00 | $324.11 | $2,998.02 | | $162.06 |
| Vital Pharamceuticals, Inc. | Balgas | Gas | 203629345 | P.O. Box 965 Valley Forge PA 19482 | $0.00 | $0.00 | $0.00 | | $0.00 |
| Vital Pharamceuticals, Inc. | Southwest Gas | Gas | 421-1630923-024, 211-6445055-004 | 1635 S. 43rd Ave. Phoenix, AZ 85009 | $0.00 | $10,813.60 | $100,025.78 | | $5,406.80 |

| Entity Name | Utility Provider Name | Services Provided by Utility Provider | Account Numbers | Utility Address Provider | Outstanding Amount as of Petition Date | Average Monthly Payments in 2022 | YTD Paid | Current Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|---|---|---|
| Vital Pharamceuticals, Inc. | Suburban Propane | Gas | 1160-411314 | PO Box 260 Whippany, NJ 07981 | $424.37 | $110.76 | $1,024.56 | | $55.38 |
| Vital Pharamceuticals, Inc. | San Diego G&E | Gas / Electric | 7625946524 | PO Box 25111 Santa Ana, CA 92799-5111 | $0.00 | $356.88 | $3,301.13 | $1,750.85 | $0.00 |
| Vital Pharamceuticals, Inc. | AT&T | Telecom Services | 312640288, 312639056, 308795927, 770-94800920209, 308648947,28701616264 0,28730586484,30824907 3,831-000-2422-932,0305224893001 | PO Box 10330 Fort Wayne, IN 46851-0330 | $0.00 | $70,398.72 | $651,188.16 | | $35,199.36 |
| Vital Pharamceuticals, Inc. | Blue Stream | Telecom Services | 889521201 | PO Box 660932 Dallas, TX 75266 | $0.00 | $386.54 | $3,575.50 | | $193.27 |
| Vital Pharamceuticals, Inc. | Comcast | Telecom Services | 845600260498649, 8535-11-4660491172, 8495753930505230, 8495 741213271293, 8495 74 121 3045325 | PO Box 71211 Charlotte, NC 28272-1211 | $0.00 | $4,410.21 | $40,794.43 | | $2,205.10 |
| Vital Pharamceuticals, Inc. | ConnectWise | Telecom Services | 468312 | 400 N. Tampa St. Suite 130 Tampa, FL 33602 | $0.00 | $1,539.89 | $14,244.00 | | $769.95 |
| Vital Pharamceuticals, Inc. | COX | Telecom Services | 436-259084101, 476-099531303, 580-079028103, 259286001, 259363401 | PO Box 53249 Phoenix, AZ 85072 | $0.00 | $8,764.77 | $81,074.13 | | $4,382.39 |
| Vital Pharamceuticals, Inc. | Frontier | Telecom Services | 813-620-2415-030819.5 | PO Box 740407 Cincinnati, OH 45274-0407 | $0.00 | $151.56 | $1,401.90 | | $75.78 |
| Vital Pharamceuticals, Inc. | GTT | Telecom Services | T169808 | PO Box 842630 Dallas, TX 75284 | $0.00 | $294.37 | $2,722.89 | | $147.18 |
| Vital Pharamceuticals, Inc. | Spectrum | Telecom Services | *099015801, 8260130091616477 | 1900 Blue Crest Lane San Antonio, TX 78247 | $0.00 | $994.83 | $9,202.18 | | $497.42 |
| Vital Pharamceuticals, Inc. | Verizon | Telecom Services | 342259877-00001, U0216478, U0219639, U0219639, 442257342-00001, U0217250, U0216478, U0219639 | PO Box 15069 Albany NY, 12212 | $0.00 | $35,928.06 | $332,334.58 | | $17,964.03 |
| Vital Pharamceuticals, Inc. | Viasat | Telecom Services | 306148858, 306518875, 306236477, 305473559, 305473545 | 6155 EL Camino Real Carlsbad, CA 92009 | $0.00 | $976.77 | $9,035.10 | | $488.38 |
| Vital Pharamceuticals, Inc. | Athens Services | Waste Management | 2M0005460 | PO Box 54957 Los Angeles, CA 90054-0957 | $0.00 | $348.73 | $3,225.78 | | $174.37 |
| Vital Pharamceuticals, Inc. | Choice Waste of Florida | Waste Management | 3073 | 2805 E. Okaland Park Blvs. #464 Fort Lauderdale, FL 33306 | $7,361.68 | $7,361.68 | $0.00 | | $3,680.84 |
| Vital Pharamceuticals, Inc. | City of Fort Myers | Waste Management | 2-007593-01 | PO Box 30185 Tampa FL 33630-3185 | $0.00 | $398.19 | $3,683.27 | | $199.10 |

| Entity Name | Utility Provider Name | Services Provided by Utility Provider | Account Numbers | Utility Address Provider | Outstanding Amount as of Petition Date | Average Monthly Payments in 2022 | YTD Paid | Current Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|---|---|---|
| Vital Pharamceuticals, Inc. | City of Pembroke Pines Utilities Department | Waste Management | 524633-229387 | 8300 South Palm Drive Pembroke Pines, FL 33025 | $0.00 | $8,178.12 | $75,647.60 | | $4,089.06 |
| Vital Pharamceuticals, Inc. | Republic Services | Waste Management | 3-0695-0020443, 3-0695-1003595, 3-0695-1003594, 3-0695-0023576, 3-0742-0085350, 3-0902-0163215, 3-0615-8896816 | 751 NW 31st Ave. Fort Lauderdale FL, 33311 | $6,664.28 | $12,541.25 | $116,006.53 | | $6,270.62 |
| Vital Pharamceuticals, Inc. | Waste Management | Waste Management | 23-68215-0300, 23-55764-83005, 23-20209-83002, 23-30813-23002, 23-20309-93009, 23-169-23003, 21-62798-13000, 25-07626-33000, 22-46195-73007, 20-88101-63008, 22-66587-83009, 22-66587-83009, 20-75114-73008, 22-27595-03008, 23-10534-63003, 21-27328-83007 | PO Box 43350 Phoenix, AZ 85080 | $0.00 | $34,606.47 | $320,109.81 | | $17,303.23 |
| Vital Pharamceuticals, Inc. | Waste Pro | Waste Management | 68885, 168312 | PO Box 947217 Atlanta, GA 30394 | $0.00 | $588.22 | $5,441.08 | | $294.11 |
| Vital Pharamceuticals, Inc. | Ontario Trash and Water | Waste Management | 2245376-181373, 6117337873 | PO Box 8000 Ontario, CA 91761-1076 | $0.00 | $431.40 | $3,990.46 | $200.00 | $15.70 |
| Vital Pharamceuticals, Inc. | JEA | Water / Electric | 4985822869 | 21 West Church Street Jacksonville, FL 32202 | $0.00 | $722.20 | $6,680.31 | | $361.10 |
| Vital Pharamceuticals, Inc. | LA Dept. Water and Power | Water / Electric | 5380492101, 9278578377 | PO Box 515407 Los Angeles, CA 90051-6707 | $0.00 | $1,565.61 | $14,481.91 | $3,219.00 | $0.00 |
| Vital Pharamceuticals, Inc. | Orlando Utilities Commission | Water / Electric | 9223321391 | PO Box 31329 Tampa FL 33631-3329 | $0.00 | $0.00 | $0.00 | $900.00 | $0.00 |
| Vital Pharamceuticals, Inc. | City of Sunrise | Water / Sewer | 405263-113438 | PO Box 31432 Tampa, FL 33631 | $0.00 | $2,609.34 | $24,136.37 | $1,280.00 | $24.67 |
| Vital Pharamceuticals, Inc. | City of Weston | Water / Sewer | 4406, 13450 | 17200 Royal Palm Blvd Weston, FL 33326 | $0.00 | $0.00 | $0.00 | | $0.00 |
| Vital Pharamceuticals, Inc. | Clark County Water | Water / Sewer | 5729300000 | 5857 E. Flamingo Rd. Las Vegas, NV 89122 | $0.00 | $88.32 | $816.93 | | $44.16 |
| Vital Pharamceuticals, Inc. | Douglas County Water | Water / Sewer | 512525-344994 | P.O. Box 1157 Douglasville GA  30133 | $0.00 | $78,367.01 | $724,894.86 | | $39,183.51 |
| Vital Pharamceuticals, Inc. | Garratt | Water / Sewer | 3920427 | 50 Ingold Road Burlingame, CA 94010 | $0.00 | $1,581.22 | $14,626.31 | | $790.61 |

| Entity Name | Utility Provider Name | Services Provided by Utility Provider | Account Numbers | Utility Address Provider | Outstanding Amount as of Petition Date | Average Monthly Payments in 2022 | YTD Paid | Current Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|---|---|---|
| Vital Pharamceuticals, Inc. | Phoenix City Hall | Water / Sewer | 9478421285, 5623736610 | 200 W Washington St. Phoenix, AZ  85003 | $0.00 | $94,720.69 | $876,166.34 | $13,861.99 | $33,498.35 |
| Vital Pharamceuticals, Inc. | Southern Waters Company, Inc | Water / Sewer | 2486 | PO Box 5 Bell, FL 32619 | $0.00 | $242.92 | $2,247.00 | | $121.46 |
| Vital Pharamceuticals, Inc. | Towof Medley | Water/Sewer | 5626.001 | 7777 NW 72 Ave., Medley, FL 32619 | $0.00 | $591.82 | $5,474.34 | | $295.91 |
| | | | | | | | | | |
| TOTAL | | | | | $14,450.33 | $628,297.91 | $5,743,660.12 | $840,213.14 | $179,952.58 |

**<u>EXHIBIT "B"</u>**

**(Proposed Order)**

11582836-4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-17842-PDR

    Debtors.

_____/

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE
PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR
DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND REQUEST
FOR WAIVER OF LOCAL RULE 9013-1(L)(2)(b) REQUIREMENT**

**THIS MATTER** having come before the Court for a hearing on October ____, 2022 at

_____ a.m./p.m. in Fort Lauderdale, Florida upon the *Debtors' Motion for Entry of an*

*Order (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Services, (II) Deeming*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11582883-1

*Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment, and Request for Waiver of Local Rule 9013-1(L)(2)(b) Requirement* [ECF No. _____] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). The Court, having considered the Motion, finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the Constitution; (d) notice of the Motion and the hearing thereon was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein, it is

**ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Debtors' request for a waiver of the requirement to contact each of the Utility Providers prior to the filing of the Motion is **GRANTED**.

3.      The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, including setting up a segregated bank account at an approved depository and depositing therein the Adequate Assurance Deposit, which comprises the Proposed Adequate Assurance for each Utility Provider as set forth on **Exhibit A** to the Motion.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the Debtors' Proposed Adequate Assurance for each Utility Provider as set forth on **Exhibit A** to the Motion, if any, are deemed satisfactory, subject to a

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Utility Provider serving an Adequate Assurance Request in accordance with the Adequate Assurance Procedures.

5.      The Utility Providers are forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance, if any, subject to a Utility Provider serving an Adequate Assurance Request in accordance with the Adequate Assurance Procedures.

6.      Any Utility Provider who accepts the Proposed Adequate Assurance reflected on **Exhibit A** to the Motion, shall be deemed to have stipulated that said Proposed Adequate Assurance constitutes adequate assurance of future payment to such Utility Provider, and said Utility Provider shall be deemed to have waived any right to seek additional adequate assurance during the course of these chapter 11 cases.

7.      Any Utility Provider desiring a deposit in an amount greater than the Proposed Adequate Assurance reflected in **Exhibit A** to the Motion, must request such assurance pursuant to the following procedures (the "Adequate Assurance Procedures"):

    a.      Absent compliance with the Adequate Assurance Procedures, the Utility Providers may not alter, refuse, or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

    b.      Within three (3) business days after the entry of this Order, the Debtors shall serve a copy of this Order on the Utility Providers (the "Utility Provider List") by first class mail. In the event that any Utility Provider has been omitted from the Utility Provider List, the Debtors shall supplement said list and shall promptly serve a copy of this Order on such Utility Provider upon learning of such omission.

    c.      Any Utility Provider desiring additional adequate assurance, other than the Proposed Adequate Assurance provided by the Debtors, must make such a request (an "Adequate Assurance Request") and serve such request so that it is received by the Debtors and their bankruptcy counsel at the following addresses no later than fifteen (15) days of entry of this Order: (i) Debtors c/o Huron Consulting Services LLC, 550 W. Van Buren St., Chicago, IL

60607 (Attn: John C. DiDonato, Chief Transformation Officer, Email: jdidonato@hcg.com); and (ii) attorneys for the Debtors, (A) Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004 (Attn: Andrew D. Sorkin, Esq., andrew.sorkin@lw.com and Jeramy Webb, Esq., jeramy.webb@lw.com) and (B) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Jordi Guso, Esq., jguso@bergersingerman.com and Michael J. Niles, Esq., mniles@bergersingerman.com).

d.      Any Adequate Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit; (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of why such proposal is reasonable. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

e.      Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall have until thirty (30) days from the receipt of such Adequate Assurance Request or such other date as the parties mutually agree (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment and advise the Utility Provider that the Adequate Assurance Request is acceptable.

f.      If the Debtors determine, in their discretion, that an Adequate Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Provider serving such Adequate Assurance Request and, in connection with such agreements, provide the Utility Provider with additional adequate assurance of payment, including payments on prepetition amounts owing, cash deposits, prepayments, or other forms of security, to the extent authorized pursuant to any orders authorizing the use of cash collateral and the applicable budgets thereunder.

g.      If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

h.      Pending resolution of an Adequate Assurance Request at any such

11582883-1                                4

Determination Hearing and entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition service or on account of any objections to the Proposed Adequate Assurance.

i.     Any Utility Provider that does not timely request assurance of payment through an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, automatically will be deemed to have received assurance of payment that is satisfactory to the Utility Provider under section 366(c)(2) without further action by the Debtors and without prejudice to the right of such Utility Provider to seek relief in the future pursuant to section 366(c)(3).[3]

8.     The Debtors are authorized to add or remove any Utility Provider from the Utility Provider List.  To the extent that the Debtors identify additional Utility Providers, the Debtors shall file amendments to the Utility Provider List, and shall serve copies of this Order on such newly-identified Utility Providers.  Any Utility Provider subsequently added to the Utility Provider List shall be bound by this Order and the Adequate Assurance Procedures herein.

9.     In accordance with this Order and any other Order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is directed to receive, process, honor, and pay all such checks presented for payment of the obligations described in the Motion and fund all requests made by the Debtors related thereto to the extent that sufficient funds are on deposit.

10.     The Debtors' service of the Motion and this Order upon the Utility Provider List shall not constitute an admission or concession that each such entity is a "utility" within the

---

[3] As a condition of accepting the Proposed Adequate Assurance, a Utility Provider shall be deemed to have stipulated that the Proposed Adequate Assurance constitutes adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code, and that the Utility Provider shall be prohibited from challenging or opting out of the Adequate Assurance Procedures, filing an Adequate Assurance Request, or requesting any additional adequate assurance of payment of any kind at any time, notwithstanding any attempt by such Utility Provider to reserve a right to seek any such relief.

11582883-1

meaning of Bankruptcy Code section 366, and the Debtors reserve all rights and defenses with respect thereto.

11.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under Bankruptcy Code section 365.

12.    Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final order entered by the Court approving the Debtors' use of cash collateral (the "Cash Collateral Order") and budget thereunder. To the extent that there is any inconsistency between the terms of this Order and the Cash Collateral Order, the terms of the Cash Collateral Order shall control.

13.    The Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

#    #    #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*