

**ORDERED in the Southern District of Florida on October 26, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**AGREED ORDER GRANTING, IN PART, EASTGROUP PROPERTIES, L.P.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MOTION TO
COMPEL IMMEDIATE PAYMENT OF ADMINISTRATIVE RENT**

**THIS MATTER** came before the Court on *EastGroup Properties, L.P.'s Motion For Relief From The Automatic Stay and Motion to Compel Immediate Payment of Administrative Rent* (the "Motion") [ECF No. 172] filed by EastGroup Properties, L.P., (the "Landlord"). Vital

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Pharmaceuticals, Inc. (the "<u>Debtor</u>") desires to reject the Lease[2] and vacate the Property on or before October 31, 2022. The Debtor and Landlord have agreed to the relief sought in the Motion, upon the terms set forth herein, and have agreed to preserve Landlord's right to request allowance of an administrative expense claim for the rent accruing between October 10, 2022 (the "<u>Petition Date</u>"), and the Rejection Date (as defined below), subject to all defenses or objections of the Debtor. Based on the agreement of the parties, the Court

**ORDERS** as follows:

1. The Motion is **GRANTED**, in part, and only to the extent provided herein.

2. The Lease is rejected effective upon the earlier of (i) the Debtor delivering written notice to Landlord that the Property is vacant, which notice may delivered by email to counsel for the Landlord; or (ii) October 31, 2022 (the "<u>Rejection Date</u>"). The Debtor shall deliver possession of the Property, including any keys or access codes to the Landlord on the Rejection Date.

3. The automatic stay imposed by 11 U.S.C. Section 362(a) is terminated in favor of Landlord, as of the Rejection Date, to permit Landlord to pursue all of its rights and remedies with respect to the Property. Landlord shall not pursue any other relief against the Debtor.

4. Landlord's entitlement to rent accrued between the Petition Date and the Rejection Date pursuant to 11 U.S.C. 365(d)(3) is preserved for determination by the Court. Debtor reserves any and all defenses to such claim.

5. Landlord's Motion is denied in all other respects.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

6. **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION OF THE LEASE MUST BE FILED WITH THE COURT WITHIN THIRTY (30) DAYS AFTER THE ENTRY OF THIS ORDER.**

7. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*