UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale)

In Re:   Chapter 11

Case No. 22-17842-PDR

**VITAL PHARMACEUTICALS, INC. et al.,**   (Jointly Administered)

       Debtor.
-------------------------------------------------------X

**MOTION OF MITSUBISHI HC CAPITAL AMERICA, INC.
FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 USC 362(d)(1)
AND WAIVER OF FOURTEEN (14) DAY STAY IMPOSED BY RULE 4001(d)**

Mitsubishi HC Capital America Inc. ("MHCA") by its attorneys, files this Motion for Relief from the Automatic Stay and for Waiver of the Fourteen (14) day stay imposed by Rule 4001(d) and in support thereof states as follows:

**I.   SUMMARY OF FACTS**

1. The underlying facts of this matter are more fully set forth in the accompanying Affidavit of Frank Fiumara and the Exhibits thereto (the "Fiumara Aff.") and will not be repeated except where necessary.

2. However, in summary, MHCA agreed to provide financing to Vital Pharmaceuticals, Inc. (the "Debtor"), pursuant to the terms of two separate Motor Vehicle Finance Agreements (collectively the "Agreements") to enable the Debtor to purchase fifty (50) 2020 Isuzu NPR HD trucks (collectively the "Trucks") as more fully identified in the Fiumara Aff.  (See, Fiumara Aff. at ¶¶ 5,12)

3. As security for the repayment of the obligations due under the Agreements, the Debtor agreed to grant to MHCA a security interest in and to the

1

Trucks, which interest was perfected by MHCA noting its lien on specific truck's title. (See, Fiumara Aff. at ¶¶ 7,8, 14 & 15)

4. On or about October 10, 2022 (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code.

5. As of the Petition Date, there was due and owing to MHCA under the Agreements the principal sum of $2,410,772.43. (See, Fiumara Aff. at ¶17)

6. The Trucks have a collective approximate value of $2,457,500. However, the value of the Trucks are depreciating with the mere passage of time, with such depreciation accelerating if the Trucks are being used. Upon information and belief, the Debtor continues to use the Trucks in the operation of its business. (See, Fiumara Aff. at ¶¶ 19,20)

7. Accordingly, MHCA's security interest in the Trucks is not being adequately protected.

## II. STANDARDS FOR RELIEF FROM STAY

8. 11 U.S.C. §362(d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

9. A creditor's right to equipment is not adequately protected where the equipment is depreciating in value and where the Debtor is not providing compensation therefore. In re Park West Hotel Corp., 64 B.R. 1013, 1018 (Bankr. D. Mass. 1986) citing, In re Timbers, 793 F.2d 1380, 1388 (5th Cir. 1986). It is widely accepted that a Debtor must compensate a creditor for the depreciating value of its equipment. Id.

2

10.     As previously mentioned, the Trucks continue to depreciate on a monthly basis with the mere passage of time.  Accordingly, MHCA's lien interest in the Trucks is eroding.

11.     If the Debtor desires to retain the Trucks, then MHCA must be provided with adequate protection in the form of monthly payments in order to compensate it for the depreciating value of its collateral.

12.     Alternatively, if the Debtor cannot provide adequate protection for the Trucks, then stay relief must be granted so that MHCA can take its legal steps under state law to take possession of and sell the Trucks.

### III.     CONCLUSION

13.     Based upon the foregoing, MHCA respectfully requests that the Court enter an order granting MHCA relief from the automatic stay to enforce its rights with respect to the Trucks, including but not limited to taking possession of the Trucks, selling the same, and applying the proceeds thereof to the obligations owing to MHCA. MHCA also requests a waiver of the fourteen (14) day imposed by Rule 4001 (d) and for such other and further relief as the Court deems proper.

Dated: November 1, 2022

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

De Varona Law
Attorneys for Creditor Mitsubishi HC Capital America Inc.
4800 North Federal Highway, Suite 104-D
Boca Raton, FL 33431
Phone: (561) 600-9070
Fax: (561) 600-9077

        aja@devaronalaw.com
        office@devaronalaw.com

    By: */s/ Anthony J. Aragona, III*
       Anthony J. Aragona, III
       Florida Bar No. 36676

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing together with all exhibits, has been served via U.S. Mail and/or electronically via CM/ECF to all parties registered to receive electronic notice and as noted on the attached service list: including but not limited to: Debtor's counsel Jordi Guso, Esq., jguso@bergersingerman.com, 1450 Brickell Ave .#1900, Miami, FL 33131, on this 1st Day of November, 2022.

    By: */s/ Anthony J. Aragona, III*
       Anthony J. Aragona, III

4

## SERVICE LIST

Notice Service via CM/ECF electronic filing:

Thomas L Abrams on behalf of Creditor EASTGROUP Properties, L.P. tabrams@tabramslaw.com, fcolumbo@tabramslaw.com

Scott Andron on behalf of Creditor Broward County sandron@broward.org, swulfekuhle@broward.org

Jordi Guso, Esq. on behalf of Debtor Bang Energy Canada, Inc. jguso@bergersingerman.com;fsellers@bergersingerman.com;efile@bergersingerman.com; efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor JHO Intellectual Property Holdings, LLC jguso@bergersingerman.com;fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor JHO Real Estate Investment, LLC jguso@bergersingerman.com;fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Quash Seltzer, LLC jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Rainbow Unicorn Bev LLC jguso@bergersingerman.com,fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Vital Pharmaceuticals International Sales, Inc. jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Vital Pharmaceuticals, Inc. jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

By: */s/ Anthony J. Aragona, III, Esq.*
     Anthony J. Aragona, III, Esq.