

**ORDERED in the Southern District of Florida on November 9, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Vital Pharmaceuticals, Inc.,                             Case No.: 22-17842-PDR

                                                                        Chapter 11

_____Debtor_____/

ORDER SETTING EVIDENTIARY HEARING
AND ESTABLISHING RELATED DEADLINES

**THIS MATTER** came before the Court upon the Debtors' *Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, in addition to Emergency Motion to Use Cash Collateral (III) Granting Liens and Providing Superpriority Administrative Expense Status, in addition to Motion for Adequate Protection, in addition to Motion for Relief from Stay (Modifying Automatic Stay), Scheduling a Final Hearing and Granting Related Relief* (the "Motion") (ECF No. 24). Counsel for the Debtors ("Movant") have advised the Court that all parties are prepared to proceed with an evidentiary hearing on the Motion and any timely filed objections thereto. Accordingly, the Court ORDERS as follows:

1. **DEADLINE FOR OBJECTIONS**. As agreed by the parties, the Committee of Unsecured Creditors, Monster Energy Company, Stellar Group, Inc., and The American Bottling Company shall have through and including **November 28, 2022**

    **at 5:00 p.m.**, to file and serve an objection to the Motion. Any reply to such objection must be filed and served by **December 2, 2022 at 5:00 p.m.**

2. **EVIDENTIARY HEARING**. The Court will conduct an evidentiary hearing on the Motion on **December 6, 2022** at **10:00 a.m.** Movant must serve a copy of this Order on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.

3. **HEARING PROCEDURES**. The hearing will be conducted at the United States Bankruptcy Court, 299 East Broward Blvd., Courtroom 301, Fort Lauderdale, FL 33301. Although the Court will conduct the hearing in person, any interested party who is not participating in the presentation of evidence (except by unopposed proffer) may choose to attend the hearing remotely via Zoom Video Conference, which permits remote participation by video or telephone. All parties wishing to participate in the hearing by video conference must register for Zoom via this link https://www.zoomgov.com/meeting/register/vJItcOqurD4qHUbwAimENeAkZ7QUKGhcZ7k, no later than 3:00 p.m. one business day before the hearing. The parties must ensure they use their full legal name when registering, so it appears on the video screen.

    All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

4. **DISCOVERY**. All discovery must be completed not later than <u>seven days</u> before the evidentiary hearing. The Court will allow discovery after that date only upon a showing of good cause.

5. **WITNESS LISTS; EXPERT DISCLOSURES**. No later than <u>seven days</u> before the evidentiary hearing, all parties must exchange and file with the Court witness lists identifying all fact and expert witnesses each party intends to call at the evidentiary hearing (other than rebuttal or impeachment witnesses). Witness lists must include the information required by Federal Rules of Civil Procedure 26(a)(2) and (3),[1] including any expert reports or, if a written report is not required, a summary of facts and opinions to which an expert witness is expected to testify.

6. **REMOTE WITNESS TESTIMONY**. In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. If a party wishing to present witness testimony seeks to have the witness appear remotely, the party must file a motion pursuant to Fed. R. Bank. P. 9017 no later than **7 days prior to the evidentiary hearing**, which motion can be set to be

---

[1] Made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 9014 and 7026.

heard on an expedited basis on December 1, 2022 at 2:00 p.m. The motion must include the following:

    A.    The particular reason why the witness must appear remotely.

    B.    Her or his name and title (if applicable).

    C.    Matter(s) on which the remote witness will provide testimony.

    D.    The city, state, and country where the remote witness will be located while testifying.

    E.    The type of place from which the remote witness will testify, such as a home or an office. No addresses are required.

    F.    Whether anyone will be in the room with the remote witness during the testimony and, if so, for each such person, the person's name, title, relationship to the remote witness, and purpose for being present with the witness.

    G.    Whether the remote witness will have access to any documents other than exhibits that have been provided to the Court and the parties and, if so, identifying each such document.

If the remote witness cannot testify from the office of someone who can administer the oath, the Court will administer the oath to each remote witness during the video conference and witness testimony will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court in person in open court.

7. **RESPONSIBILITY FOR REMOTE WITNESSES**. The party sponsoring each remote witness shall be responsible for ensuring that the remote witness has registered for the video conference, has obtained all exhibits prior to the hearing, has registered with Zoom, and has equipment and internet service sufficient to permit participation in the evidentiary hearing.

8. **SUMMARIES TO PROVE CONTENT.** If any party intends to offer in evidence at the evidentiary hearing a summary, chart or calculation to prove content as permitted by Federal Rule of Evidence 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than seven days before the evidentiary hearing.

9. **SUBMISSION AND EXCHANGE OF EXHIBITS.** No later than 4:00 p.m. three business days before the evidentiary hearing, the parties must submit and exchange

exhibits pursuant to Interim Local Rule 9070-1 (adopted by Administrative Order 2020-09).

10. **OBJECTIONS TO EXHIBITS.** Any objection to the admissibility of any proposed exhibit or to any deposition transcripts, including any recording (audio or video) or summary thereof, must be filed and served, so as to be received no later than 4:00 p.m. two business days before the evidentiary hearing. Objections must (a) identify the exhibit, (b) state the grounds for the objection, and (c) provide citations to case law and other authority in support of the objection. **An objection not so made – except for one under Federal Rule of Evidence 402 or 403 – is waived unless excused by the Court for good cause.**

11. **STIPULATION OF FACTS**. No later than 4:00 p.m. two business days before the evidentiary hearing, the parties must file a bilateral stipulation of uncontested facts. Counsel for all parties must sign the stipulation of uncontested facts. The failure of counsel to prepare and submit the bilateral stipulation may result in sanctions. **This paragraph does not apply if any party is self-represented.**

12. **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY**. All papers submitted to the Court, including exhibits, must comply with the federal judiciary privacy policy as referenced under Local Rule 5005-1(A)(2).

13. **FINAL ARGUMENT**. At the conclusion of the evidentiary hearing, in lieu of final argument, the Court may require that each party file a brief in the form of proposed findings of fact and conclusions of law.

14. **MEDIATION**. Pursuant to Local Rule 9019-2, the Court may order the assignment of this contested matter to mediation at any time, upon the request of a party or *sua sponte*.

15. **SETTLEMENT**. If the contested matter is settled, the parties must submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the hearing. If a stipulation and motion are not submitted to the Court, all parties must be prepared to proceed with the hearing. If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

16. **CONTINUANCES**. Continuances of the hearing or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery and must state the reasons why the party or parties seek a continuance.

17. **SANCTIONS**. Failure to appear at the hearing or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of papers, or the exclusion of exhibits or witnesses.

### 

Copy to: Jordi Guso, Esq.

*Attorney Jordi Guso must immediately serve this Order upon all interested parties and file a certificate of service with the Court that conforms with Local Rule 2002-1(F).*