# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                           Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                      Case No. 22-17842-PDR

Debtors                                                                                      (Jointly Administered)

_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

This cause came before the Court on _____, 2022 upon the *Motion for Relief from the Automatic Stay and alternatively, for Adequate Protection, and for Allowance of an Administrative Claim* (the "Motion") (ECF No. ____) of Ardagh Metal Packaging USA Corp. ("Ardagh"), and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is well taken; and, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

the proceedings had before the Court; and good, adequate and sufficient cause appearing therefore, it is ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to 11 U.S.C. § 362, the automatic stay is terminated to allow Ardagh or its agents to take all steps necessary to immediately recover the Unreturned Ardagh Dunnage (as such term is defined in the Motion) in accordance with applicable law.

3. The Debtors shall cooperate with Ardagh to ensure that all remaining Unreturned Ardagh Dunnage is recovered.

4. Within five (5) days of the entry of this Order, the Debtors shall provide Ardagh a statement reflecting the location and amounts of all remaining Unreturned Ardagh Dunnage and identify any Unreturned Ardagh Dunnage that has been destroyed.

5. In the interim between the entry of this Order and Ardagh's repossession of the Unreturned Ardagh Dunnage, the Debtors shall take reasonable steps to preserve and protect the Unreturned Ardagh Dunnage against damage, theft or other loss.

6. This Order shall take effect immediately upon entry in accordance with Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

7. Ardagh's motion for allowance of an administrative expense claim is GRANTED.

The Movant shall serve this Order on the Debtors, the U.S. Trustee, the Official Unsecured Creditors Committee and any other party who entered an appearance on the motion.

# # #

Submitted by:

Ronald D.P. Bruckmann (FL Bar # 84912)
SHUMAKER, LOOP & KENDRICK, LLP
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
rbruckmann@shumaker.com

*(Attorney Bruckmann is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service)*.