UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | ) | Case No. 22-17842 (PDR) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DEBTORS' AND CREDITOR MONSTER ENERGY COMPANY'S JOINT AGREED
MOTION FOR RELIEF FROM AUTOMATIC STAY TO CONTINUE
ACTION IN NONBANKRUPTCY FORUM**

> **ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A
> WRITTEN RESPONSE TO THIS MOTION WITHIN 14 DAYS AFTER
> THE DATE OF SERVICE[2] STATED IN THIS MOTION, PURSUANT
> TO LOCAL RULE 4001-1(C), WILL BE DEEMED TO HAVE
> CONSENTED TO THE ENTRY OF AN ORDER GRANTING THE
> RELIEF REQUESTED IN THE MOTION.**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") and creditor

Monster Energy Company ("**Monster**" and, together with the Debtors, "**Movants**"), by and

through undersigned counsel, hereby file this joint agreed motion (the "**Motion**") pursuant to

sections 105(a), 362(d) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"),

Rules 4001(a), 9014 and 9019 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy

Rules 4001-1(C) and 9013-1(D), and this Court's Guidelines for Motions for Relief From the

Automatic Stay, seeking entry of an order substantially in the form of **Exhibit A** hereto lifting the

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. Tire last four digits of the Debtors' federal
    tax identification numbers are are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii)
    JHO Intellectual Property Holdings, EEC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash
    Seltzer, EEC (6501); (vi) Rainbow Unicom Bev EEC (2254); and (vii) Vital Pharmaceuticals International Sales,
    Inc. (8019).

[2]  Although there is no Certificate of Service included in this Motion reflecting the date of service, this Motion will
    be served today, November 11, 2022, by the Debtors' notice, claims, and solicitation agent, Stretto, Inc.

automatic stay to allow Monster and Debtor Vital Pharmaceuticals, Inc. ("**VPX**") to complete post-verdict briefing through final judgment in *Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, Case No. 18-cv-1882 (C.D. Cal.) (the "**California District Court Action**").[3]  The Debtors and Monster have different views on how the California District Court Action will be resolved, but they agree that reaching a final judgment serves the best interest of the Debtors' estate and creditors.   In support of the Motion, the Debtors and Monster respectfully state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested in this Motion is sections 105(a), 362(d), and 363(b) of the Bankruptcy Code, as complemented by Bankruptcy Rules 4001(a), 9014 and 9019 and Local Bankruptcy Rules 4001-1 and 9013-1(D).

<u>**BACKGROUND**</u>

4.      On October 10, 2022, VPX and its affiliated debtors (together with VPX, the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      On September 4, 2018, Monster initiated the California District Court Action by filing a Complaint against VPX and its Chief Executive Officer and sole owner John H. "Jack" Owoc ("**Mr. Owoc**") in the United States District Court for the Central District of California. Monster filed a First Amended Complaint with additional claims on April 3, 2019.

6.      Litigation in the California District Court Action has been ongoing for over four years, involving production of hundreds of thousands of documents from parties and nonparties,

---

[3]     Following entry of judgment, the Debtor VPX reserves the right to pursue its appellate rights.

more than 70 depositions, and significant motion practice. Monster tried the California District Court Action to a jury beginning on August 25, 2022. The trial was complex, involving dozens of witnesses and hundreds of admitted exhibits. On September 29, 2022, the jury found in favor of Monster and against VPX (the "**Verdict**") on all five claims tried to the jury. The Verdict is annexed as **Exhibit B** hereto.

7.      Pursuant to the Verdict, Monster asserts that VPX is indebted to it in an amount no less than $292,939,761. On September 29, 2022, VPX opted against having a jury decide the amount of punitive damages and/or exemplary damages, if any, to award Monster on its claims for intentional interference with contract and trade secret misappropriation.

8.      VPX filed its petition for bankruptcy before the court in the California District Court Action could decide equitable and other remaining issues, including, without limitation: VPX's request to reduce or set aside the Verdict, as well as Monster's request for a permanent injunction, enhanced damages and disgorgement of profits under the Lanham Act, punitive and/or exemplary damages under the DTSA and CUTSA, attorneys' fees, costs, and interest.

## RELIEF REQUESTED

9.      By this Motion, Movants seek entry of an order from this Court lifting the automatic stay to allow Monster and VPX to proceed with the California District Court Action to final judgment, including briefing on equitable remedies and other issues that remain triable to the District Court, solely for the purpose of determining liability, damages, and any available equitable relief. In doing so, the Debtors achieve a significant benefit by realizing their stated goals of having an opportunity to modify or overturn the verdict in post-trial briefing, and they further reserve the right to initiate an appeal thereafter.[4] If the relief herein is granted, the parties intend

---

[4]      *Declaration of John C. DiDonato In Support of Chapter 11 Petitions and First Day Pleadings*, Docket No. 26 at ¶ 39. ("Post-verdict motion practice is contemplated, at which time the District Court for the Central District of

to meet and confer in good faith concerning a proposed briefing schedule regarding these matters, for submission to (and subject to approval by) the District Court.

10.     A proposed Order granting the relief requested is attached as **Exhibit A** hereto.

## BASIS FOR RELIEF REQUESTED

### A.     Legal Standards

11.     Bankruptcy Code section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In practice, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad statutory authority to enforce the Bankruptcy Code's provisions either under the specific statutory language of the Bankruptcy Code or under equitable common law doctrines.  *See Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994) ("It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.").

12.     In some instances, a compromise or settlement is considered to be a use of property of the estate outside the ordinary course of business under Bankruptcy Code section 363(b).  *See, e.g.*, *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350–51 (3d Cir. 1999) (noting that settlements and compromises are generally considered to be a use of property of the estate).  To the extent that the Debtors' agreement to modify the automatic stay herein is viewed as a use of estate property, the requested relief should be considered under the business judgment standard.  *See, e.g.*, *In re Friedman's Inc.*, 336 B.R. 891, 895 (Bankr. S.D. Ga. 2005) ("Courts review a debtor's use of estate property outside of the ordinary course of business pursuant to a debtor's demonstration of sound business judgment"); *In re Phx. Steel Corp.*, 82 B.R. 334, 335–

---

California may consider whether the jury award will be enhanced, reduced, or set aside. I understand that VPX and Mr. Owoc intend to appeal from any adverse judgment entered against them.")

36 (Bankr. D. Del. 1987) (stating that judicial approval under section 363 of the Bankruptcy Code requires a showing that the proposed action is supported by, among other things, a good business reason).

13.     In exercising its review under both Bankruptcy Code section 363(b) and Bankruptcy Rule 9019,[5] a bankruptcy court gives weight to the estate representative's sound business judgment.  *See, e.g., In re Lorraine Brooke Assocs., Inc.*, No. 07-12641-AJC, 2007 WL 2257608, at *4 (Bankr. S.D. Fla. Aug. 2, 2007) (approving a sale pursuant to a settlement agreement under Bankruptcy Code section 363 and finding the agreement to be within the sound business judgment of the trustee); *Abeles v. Infotechnology, Inc. (In re Infotechnology, Inc.)*, No. 95-5024, 1995 WL 723099, at *2 (2d Cir. Nov. 9, 1995) (noting that in determining whether to approve a debtor's motion to settle a controversy, a court does not substitute its judgment for that of the debtor).

**B.     The Proposed Relief From the Automatic Stay Is A Proper Exercise of the Debtors' Business Judgment**

14.     The Movants believe that modifying the automatic stay to allow the California District Court Action to proceed as proposed herein is an appropriate exercise of the Debtors' business judgment, is fair and equitable, and is in the best interests of the Debtors' estates and their creditors.  The benefits associated with the proposed relief far outweigh any potential benefit in declining to consent to the relief.  Indeed, this Motion and the proposed order are the product of good faith negotiations among the Debtors and Monster.  Lastly, once the California District Court Action is approved to proceed, the parties can quickly proceed with liquidation of the Monster's claim.

---

[5]     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

15.     While the Debtors commenced these cases in part to obtain "breathing room" from the Verdict and other pending litigation, allowing the California District Court Action to proceed at this time will facilitate the administration of the Debtors' chapter 11 cases.  Post-verdict motion practice is contemplated, after which time the District Court for the Central District of California may consider whether the jury award will be enhanced, reduced, or set aside.  Monster and VPX have opposing interests in the litigation, but, as discussed above, the relief requested herein achieves the Debtors' stated goal of having an opportunity to modify or overturn the verdict in post-trial briefing, while preserving appeal rights thereafter.

**C.     "Cause" Exists to Grant Relief From the Automatic Stay Under Bankruptcy Code Section 362(d)**

16.     As discussed, the proposed relief herein constitutes a compromise that should be considered under the business judgment standard.  Even if the Court were to consider the factors relevant to finding "cause" to grant non-consensual relief from stay pursuant to Bankruptcy Code section 362(d),[6] such factors uniformly support granting the relief sought.[7] Specifically, as set forth below, modifying the automatic stay satisfies the following tests as succinctly summarized by courts in this Circuit: "whether a) any 'great prejudice' to either the bankrupt estate or the debtor will result from continuation of a civil suit, b) the hardship to the non-bankrupt by maintenance of the stay considerably outweighs the hardship of the debtor, and c) the creditor has a probability of

---

[6]     "On request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay  - (1) for cause . . ." 11 U.S.C. § 362(d)(1).

[7]     "'Cause' is not defined under § 362(d) and therefore is assessed on a case-by-case basis, with courts being afforded wide latitude in deciding whether to grant relief." *Lord v. True Funding, LLC*, 618 B.R. 588, 592 (S.D. Fla. 2020) (citing *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013), other citation omitted). "There is no set list of circumstances that a bankruptcy court is required to consider in evaluating whether § 362(d)(1) 'cause' exists to lift the automatic stay.  Rather, courts evaluating whether to grant stay relief have looked to a variety of case-specific factors . . ." *In re Feingold*, 730 F.3d at 1277.

prevailing on the merits of his case."[8]

### 1. VPX Will Not be Prejudiced, and Is In Fact Benefited, by Lifting the Automatic Stay

17.     This factor clearly weighs in favor of granting the relief sought in the Motion as allowing the California District Court Action to proceed will benefit Debtor VPX because the case is at its final post-verdict stage, and proceeding with the case would not create significant additional expense for VPX.  As outlined above, administration of the estates will be facilitated by allowing post-trial briefing while preserving the ability to appeal.  Moreover, as more fully discussed below, proceeding with the case would not create significant additional expense for VPX.[9]

### 2. Monster Will Suffer Severe Prejudice if the Automatic Stay is Not Lifted.

18.     Courts find prejudice to creditors like Monster where not lifting the automatic stay of a pending litigation would force the creditor to "duplicate all of its efforts in the bankruptcy court." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736–37 (7th Cir. 1991) (finding

---

[8]    *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990) (citation omitted); *see also In re R.J. Groover*, 411 B.R. at 466 (same analysis as *Makarewicz*); *In re Tricare*, 181 B.R. at 573 (cause to lift stay requires court to "balance the potential prejudice to the debtor, the bankruptcy estate, and to other creditors against the hardship to the plaintiff if she is not allowed to continue the lawsuit"); *In re Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) ("courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant," citations omitted).

[9]    Courts lift stays on cases at far less advanced stages than the California District Court Action. *In re Williams*, 302 B.R. 923, 926 (Bankr. M.D. Ga. 2003) ("[Parties] have already invested almost two years of time on this matter in state court . . . This Court does not find grounds to keep the automatic stay in effect, which would require Movant to start over in Bankruptcy Court with his lawsuit."); *In re Betzold*, 316 B.R. 906, 918 (Bankr. N.D. Ill. 2004) ("[P]rejudice to [non-debtor] in not lifting stay far outweighs the hardship to Debtor [because] [t]he parties have spent over a year and a half before [various forums,] the [non-debtor] [has] expended considerable time and expense associated with that process . . . [and the] evidentiary hearing itself was a protracted, detailed proceeding.").  Furthermore, the legislative history to section 362(d) provides:

"[I]t will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result in order to lead the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5836, 6297; In re Humphrey's Pest Control Co., Inc., 35 B.R. 712, 714 (E.D. Pa. 1984); see also In re Santa Clara County Fair Assoc., Inc., 180 B.R. 564, 566 (9th Cir. 1995).

such duplication to be "unfair").

19.    Here, Monster will be severely prejudiced if the automatic stay is not lifted.  Absent relief, Monster will be required to prosecute two duplicative proceedings involving the same facts, witnesses, documents and issues in two different fora—one in California against Mr. Owoc and one in Florida against VPX—a gross waste of private and judicial resources.

### 3.    Lifting the Stay will Conserve Judicial Resources

20.    Lifting the stay will also conserve judicial resources by allowing the California District Court, which is more familiar with this matter and the legal issues therein, to adjudicate the parties' claims expeditiously.  *In re Santa Clara County Fair Assoc., Inc.*, 180 B.R. at 566 (finding judicial economy warranted lifting stay where district court was better positioned to resolved issues raised in litigation); *In re Humphrey's Pest Control Co., Inc.*, 35 B.R. at 714 (finding cause existed to lift stay and allow litigation to proceed where litigation involved same issues that would need to be resolved before the bankruptcy court).

21.    Further, a portion of the claims asserted in the California District Court Action are state law causes of action involving false advertising and unfair competition, which should be decided by a court that routinely handles these types of claims.  *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345-46 (4th Cir. 1992) (holding that relief from stay may be granted to permit litigation to go forward in a non-bankruptcy forum where issues of state law are involved and judicial economy will be promoted); *In re Tribune Co.*, 418 B.R. 116, 127-29 (Bankr. D. Del. 2009) (lifting stay to allow litigation to proceed in California court where suit was commenced).

### 4.    Likelihood of Prevailing on the Merits

22.    As noted above, the Movants have divergent views as to the strength of their respective arguments in the California District Court Action.  For purposes of this Motion, because

the Movants agree there is cause to grant the relief sought, the Court need not consider whether one party or the other is more likely to prevail on the merits.

**D.    Request for Waiver of Bankruptcy Rule 4001(a)(3)**

23.    The Movants request a waiver of Bankruptcy Rule 4001(a)(3), which provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."[10]  Pursuant to the "negative notice" procedures, parties in interest have had 14 days' notice of the relief.  Moreover, the relief sought herein has been consented to by the Debtors. Accordingly, it is proper for the Court to waive the Bankruptcy Rule 4001(a)(3) stay to avoid further prejudice to the parties as a result of delay.

**WHEREFORE**, the Movants respectfully request entry of an Order: *(i)* lifting the automatic stay to allow VPX and Monster to proceed with the California District Court action, including, but not limited to post-trial briefing, entry of judgment, liquidating Monster's claim, and adjudication of equitable relief; and *(ii)* granting such further and other relief as this Court deems just and equitable.

---

[10]    Fed. R. Bankr. Pro. 4001(a)(3).

Dated:  November 11, 2022

Respectfully submitted,

**BERGER SINGERMAN LLP**

By: /s/ *Jordi Guso* _____
       Jordi Guso
       Florida Bar No. 863580
       Michael J. Niles
       Florida Bar No. 107203
       1450 Brickell Avenue, Suite 1900
       Miami, FL 33131
       Telephone: (305) 755-9500
       Email: jguso@bergersingerman.com
       mniles@bergersingerman.com

- and -

George A. Davis (pro hac vice)
Tianjiao ("TJ") Li (pro hac vice)
Brian S. Rosen (pro hac vice)
Jonathan J. Weichselbaum (pro hac vice)
LATHAM & WATKINS LLP[11]
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

- and -

Andrew D. Sorkin (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

- and –

---

[11]  Jordi Guso hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders dated as follows: (i) George A. Davis, October 11, 2022 [ECF 57]; (ii) Andrew D. Sorkin, October 11, 2022 [ECF 58]; (iii) Jeramy D. Webb, October 11, 2022 [ECF No. 60]; (iv) Tianjiao Li, October 11, 2022 [ECF 61]; (v) Brian S. Rosen, October 11, 2022 [ECF 63]; (vi) Whit Morley, October 11, 2022 [ECF 70], and (vii) Jonathan Weichselbaum, October 11, 2022 [ECF 66].

Jeramy D. Webb (pro hac vice)
Whit Morley (pro hac vice)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IE 60611
Telephone: (312) 876-7700
Email: jeramy.webb@lw.com
          whit.morley@lw.com

*Proposed Co-Counsel for the Debtors*

**AKERMAN LLP**

By: /s/ *Michael I. Goldberg*
          Michael I. Goldberg
          Florida Bar No. 886602
          Eyal Berger
          Florida Bar No. 11069
          201 East Las Olas Boulevard, Ste. 1800
          Fort Lauderdale, FL 33301
          T: (954) 463-2700
          F: (954) 463-2224
          michael.goldberg@akerman.com
          eyal.berger@akerman.com
- and -

Richard M. Pachulski (*pro hac vice*)
Ira D. Kharasch (*pro hac vice*)
Robert J. Feinstein (*pro hac vice*)
Teddy M. Kapur (*pro hac vice*)
PACHULSKI STANG ZIEHL & JONES
LLP[12]
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910
F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com

*Co-Counsel for Monster Energy Company*

---

[12]  Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders dated as follows: (i) Teddy M. Kapur, October 14, 2022 [ECF 103]; (ii) Robert J. Feinstein, October 17, 2022 [ECF 133]; (iii) Richard M. Pachulski, October 18, 2022 [ECF 158] ; and (iv) Ira D. Kharasch, October 18, 2022 [ECF 159].

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | ) | Case No. 22-27842 (PDR) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER GRANTING DEBTORS' AND CREDITOR MONSTER ENERGY COMPANY'S
JOINT AGREED MOTION FOR RELIEF FROM AUTOMATIC STAY
TO CONTINUE ACTION IN NONBANKRUPTCY FORUM [ECF NO.____]**

---

[1]    The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. Tire last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, EEC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash Seltzer, EEC (6501); (vi) Rainbow Unicom Bev EEC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

THIS MATTER came before the Court without a hearing upon Debtors' and creditor Monster Energy Company (the "**Monster**" and, together with the Debtors, "**Movants**")'s *Joint Agreed Motion For Stipulated Relief From Automatic Stay To Continue The Action in Nonbankruptcy Forum* [ECF No. _____] (the "**Motion**").[2]  The Court having reviewed the file and the Motion, and the Movants by submitting this form of order having represented that the Motion was served on all parties, that the 14-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion and being otherwise fully advised in the premises, and for good cause, it is hereby:

**ORDERED** and **ADJUDGED**:

1.     The Motion is **GRANTED**.

2.     The automatic stay imposed in this case by Section 362(a) of the Bankruptcy Code is lifted solely to allow VPX and Monster to proceed with prosecuting the California District Court Action until final judgment including, but not limited to post-trial briefing, obtaining a judgment on all counts, liquidating Monster's claim, and adjudication of equitable relief.  For the avoidance of doubt, the stay relief granted herein does not extend to actions by Monster to enforce any such final judgment or other relief granted in the California District Court Action, and Monster's rights to pursue further stay relief (and VPX's right to object to such relief) are reserved.

3.     The stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived and is not effective to the extent applicable to the relief set forth herein.

# # #

---

[2]   All capitalized terms, unless otherwise herein defined, shall take on the meaning ascribed to them in the Motion.

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

## **EXHIBIT B**

**Verdict**

REDACTED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MONSTER ENERGY COMPANY, a
Delaware corporation,

　　　　　Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida corporation;
and JOHN H. OWOC a.k.a. JACK
OWOC, an individual,

　　　　　Defendants.

Case No. 5:18-cv-1882-JGB-SHK

*Honorable Jesus G. Bernal*

**VERDICT FORM**

WE THE JURY unanimously find as follows:

## FALSE ADVERTISING – LANHAM ACT

1. Are Defendants Vital Pharmaceuticals, Inc. ("VPX") and/or John H. "Jack" Owoc liable for false advertising under the Lanham Act?

(a) **VPX**: Yes (for Monster) ☒     No (for VPX) _____

(b) **Owoc**: Yes (for Monster) ☒     No (for Owoc) _____

*(If you answered "Yes" to Question 1(a), 1(b), or both, continue to Question 2. Otherwise, skip to Question 4.)*

2. We award Monster the following damages sustained by Monster for VPX's and/or Owoc's false advertising:

$271,924,174

*(Continue to Question 3.)*

3. Was VPX's and/or Owoc's false advertising willful and deliberate?

(a) **VPX**: Yes (for Monster) ☒     No (for VPX) _____

(b) **Owoc**: Yes (for Monster) ☒     No (for Owoc) _____

*(Continue to Question 4.)*

- 1 -

## INTENTIONAL INTERFERENCE WITH CONTRACT – CALIFORNIA COMMON LAW

4. Did VPX and/or Owoc intentionally interfere with Monster's contracts with Circle K, AM PM, and/or Wal-Mart?

**Circle K**

    (a)  **VPX:**    Yes (for Monster) ___✗___    No (for VPX) _____

    (b)  **Owoc:**    Yes (for Monster) _____    No (for Owoc) ___✗___

**AM PM**

    (a)  **VPX:**    Yes (for Monster) ___✗___    No (for VPX) _____

    (b)  **Owoc:**    Yes (for Monster) _____    No (for Owoc) ___✗___

**Wal-Mart**

    (a)  **VPX:**    Yes (for Monster) ___✗___    No (for VPX) _____

    (b)  **Owoc:**    Yes (for Monster) _____    No (for Owoc) ___✗___

*(If you answered "Yes" to any of the above, continue to Question 5. Otherwise, skip to Question 7.)*

- 2 -

5. We award Monster the following damages for VPX's and/or Owoc's intentional interference with Monster's contracts with Circle K, AM PM, and/or Wal-Mart:

$18,000,000

*(Continue to Question 6.)*

6. Did VPX and/or Owoc act maliciously, oppressively, fraudulently, or in reckless disregard of Monster's rights by intentionally interfering with Monster's contracts with Circle K, AM PM, and/or Wal-Mart?

(a) **VPX**: Yes (for Monster) ___X___ No (for VPX) _____

(b) **Owoc**: Yes (for Monster) _____ No (for Owoc) ___X___

*(Continue to Question 7.)*

- 3 -

5:18-cv-1882-JGB-SHK
VERDICT FORM

## TRADE SECRET MISAPPROPRIATION

7. Did VPX misappropriate Monster's claimed trade secrets in violation of the Defend Trade Secrets Act?

Yes (for Monster) _____✕_____     No (for VPX) _____

*(Continue to Question 8.)*

8. Did VPX misappropriate Monster's claimed trade secrets in violation of the California Uniform Trade Secrets Act?

Yes (for Monster) _____✕_____     No (for VPX) _____

*(If you answered "Yes" to **either of** Questions 7 or 8, continue to Question 9. Otherwise, skip to Question 11.)*

9. We award Monster the following damages for VPX's misappropriation of Monster's trade secrets:

_____# 3,000,000_____

*(Continue to Question 10.)*

10. Did VPX maliciously and willfully misappropriate Monster's trade secrets?

Yes (for Monster) _____✕_____     No (for VPX) _____

*(Continue to Question 11.)*

- 4 -

## COMPUTER FRAUD AND ABUSE ACT

11. Did VPX violate the Computer Fraud and Abuse Act?

Yes (for Monster) ✕          No (for VPX) _____

*(If you answered "Yes" to Question 11, continue to Question 12. Otherwise, skip to the Concluding Instructions.)*

12. We award Monster the following damages for VPX's violation of the Computer Fraud and Abuse Act:

$15,587

*(Continue to the Concluding Instructions.)*

- 5 -

## Concluding Instructions

You have now reached the end of the verdict form. Review it to ensure it accurately reflects your unanimous decisions. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Court personnel that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: _September 29_, 2022

███████████████████████

PRESIDING JUROR

- 6 -