# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No. 22-17842-PDR |
| Debtors | (Jointly Administered) |

_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND ALTERNATIVELY, FOR ADEQUATE PROTECTION, AND FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM

Ardagh Metal Packaging USA Corp. ("Ardagh"), by and through undersigned counsel, files this *Motion for Relief from the Automatic Stay, and alternatively, for Adequate Protection, and for Allowance of an Administrative Claim* (the "Motion") for entry of an order: (i) granting relief from stay to recover and to pursue state law rights and remedies as to Ardagh's unreturned beverage can packaging, including plastic pallets, top frames, slip-sheets and layer pads (collectively, the "Unreturned Ardagh Dunnage"); (ii) ordering the Debtors to provide statements reflecting the location and amounts of all Unreturned Ardagh Dunnage and instructing the Debtors to cooperate in order to ensure that all remaining Unreturned Ardagh Dunnage is promptly recovered; (iii) in the alternative, granting Ardagh adequate protection; (iv) granting Ardagh an administrative expense claim; and (v) granting any other relief as may be appropriate under the circumstances, and respectfully states as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are:  (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

## PRELIMINARY STATEMENT

1.      As a creditor of the above-captioned debtors (collectively, the "Debtors"), Ardagh manufactured, sold, and delivered cans to the Debtors that were packaged using Unreturned Ardagh Dunnage.

2.      The Unreturned Ardagh Dunnage is not now nor has it ever been property of the estate pursuant to Bankruptcy Code section 541, and the Debtors do not have any ownership rights in the Unreturned Ardagh Dunnage.  Yet, the Debtors have failed to return and continue to use Unreturned Ardagh Dunnage to store cans and to transport hundreds of truckloads containing thousands of pallets of cans to scrapping plants in exchange for scrap metal value.  Once used to transport cans to scrapping plants, the Unreturned Ardagh Dunnage is being discarded or damaged, and is not properly maintained or returned to Ardagh.

3.      Ardagh files this Motion so it may recover possession of the Unreturned Ardagh Dunnage.  Additionally, Ardagh should be permitted an administrative expense claim for the value of the Unreturned Ardagh Dunnage, which the Debtors are using without authorization to benefit their bankruptcy estates.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1408.

6.      The statutory predicates for relief sought herein are Sections 361 and 362 of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules.

## BACKGROUND

7.    On October 12, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

8.    Ardagh is a leading global manufacturer and supplier of aluminum beverage can products.

9.    Ardagh leases its beverage can packaging equipment from ORBIS RPM, LLC. Attached hereto as **Exhibit A** is Ardagh's Dunnage Brochure, which contains illustrative descriptions and pictures of the Unreturned Ardagh Dunnage, hot stamped "*ORBIS*® RPM/ARD." Ardagh's slip-sheets can be identified by their beige color, which makes them distinct from other slip-sheets in the beverage can industry.

10.    Prepetition, Ardagh delivered cans to the Debtors pursuant to purchase orders and invoices, including dunnage policies that provide in pertinent part that the Debtors shall return dunnage immediately upon use and that the dunnage shall not be used for warehousing of unused cans or shipped to a third party.

11.    As of the Petition Date, Ardagh is owed not less than $11,153,169.91 plus interest, costs and attorneys' fees pursuant to its agreements with the Debtors.

12.    First, Vital Pharmaceuticals, Inc. ("Bang") and Quash Seltzer, LLC ("Mixx") failed to pay Ardagh not less than $5,796,066.91 for cans delivered under 187 invoices dated from November 3, 2021 to April 5, 2022 (the "Unpaid Invoices").

13.    Second, Bang and Mixx have also failed and refused to accept delivery of a significant quantity of cans specially manufactured pursuant to their purchase orders, with an invoice value of not less than $3,200,320.00.

14.     Third, as of the Petition Date, the approximate value of the Unreturned Ardagh Dunnage was $2,156,783.00 based upon the estimated replacement cost for the Unreturned Ardagh Dunnage.

15.     On April 29, 2022, Ardagh filed suit against Bang and Mixx in the United States District Court for the Southern District of Florida, Case No. 22-cv-60835 (the "District Court Action").  The District Court Action, which was stayed upon the filing of the Debtors' Chapter 11 Cases, includes a count for replevin as to the Unreturned Ardagh Dunnage.

16.     The Debtors have no equity in or right to possess the Unreturned Ardagh Dunnage, which is subject to depreciation or loss in value through normal use.  By failing or refusing to return the Unreturned Ardagh Dunnage, the Debtors are also depriving Ardagh of its value and use, which is of critical importance to Ardagh.  Since the Petition Date, the Debtors have not returned any portion of the Unreturned Ardagh Dunnage to Ardagh or offered to make payments or provide adequate protection to Ardagh.

17.     Upon information and belief, the Debtors continue to improperly use the Unreturned Ardagh Dunnage to store cans and to transport cans to third parties, including scrappers to obtain substantial scrap metal value for their benefit.  Generated Materials Recovery (a metal recycling plant in Phoenix, Arizona) has reported receiving cans on Unreturned Ardagh Dunnage, and anticipates up to 550 truckloads of cans from the Debtors, which Ardagh estimates having a scrap metal value in excess of $1.5 million.

18.     Moreover, after the Unreturned Ardagh Dunnage is used to deliver cans to the scrapper, it is being left outside, unprotected, subjected to excessive wear and tear, and damaged and depreciated.

19.     Thus, upon information and belief, the Debtors are using the Unreturned Ardagh Dunnage to generate income for their benefit and for the benefit of their estates.

20.     As such, Ardagh desires to take control and possession of the Unreturned Ardagh Dunnage, but in order to do so, and out of an abundance of caution, seeks relief from stay.

**ARGUMENT**

21.      By this Motion, pursuant to section 362(d) of the Bankruptcy Code, Ardagh respectfully seeks the entry of an order, substantially in the form attached hereto as **Exhibit B**, providing for relief from the automatic stay to allow for the recovery of the Unreturned Ardagh Dunnage, or in the alternative adequate protection, and the allowance of an administrative expense claim.

**A. The Debtors Lack Any Interest in the Unreturned Ardagh Dunnage**

22.     Under § 362(a)(3) the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

23.     Section 541 of the Bankruptcy Code defines property of the estate to be comprised of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  Congress did not intend to "expand the debtor's rights against others more than they exist at the commencement of the case."  H.R. Rep. No. 595, 95th Cong. 1st Sess. 367 (1977), 1978 U.S. Code Cong. & Ad. News at 5787, 6323.

24.     Here, the Debtors have no rights in the Unreturned Ardagh Dunnage, which the Debtors have wrongfully retained.  Because the Unreturned Ardagh Dunnage is not property of the Debtors' estates, the Debtors are not entitled to the protections of the automatic stay in their continued possession of the Unreturned Ardagh Dunnage.

25. Assuming, *arguendo* that the Court finds that the provisions of the automatic stay nevertheless apply to the Unreturned Ardagh Dunnage, Ardagh is entitled to relief from stay.

**B. Cause Exists for Relief from Stay Under 11 U.S.C. § 362(d)(1).**

26. Under section 362(d)(1), the bankruptcy court shall grant relief from the automatic stay if requested to do so by a party in interest who demonstrates that "cause" exists. 11 U.S.C. § 362(d)(1). Although the party who requests relief from the automatic stay bears the initial burden of showing "cause" exists, once a *prima facie* case of "cause" is shown, the party opposing relief bears the ultimate burden of disproving the existence of "cause". 11 U.S.C. § 362(g).

27. "Though 'cause' within the context of § 362(d) is undefined, it remains a broad concept which is intentionally flexible." *In re Long*, 564 B.R. 750 (Bankr. S.D. Ala. 2017). In the Eleventh Circuit, bankruptcy courts consider the totality of the circumstances to determine whether cause for relief from the automatic stay exists. *In re Bryan Road, LLC*, 382 B.R. 844, 854-55 (Bankr. S.D. Fla. 2008). The decision to lift the automatic stay is left to the sound discretion of the Bankruptcy Court. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

28. In this case, Ardagh is entitled to relief from stay because Ardagh's interest in the Unreturned Ardagh Dunnage is not adequately protected. 11 U.S.C. § 362(d)(1) specifically cites the "lack of adequate protection of an interest in property of such party in interest" as a basis for relief from stay for "cause." The Debtors continue to use the Unreturned Ardagh Dunnage without making payments for such use. Unless Ardagh is granted relief from stay, the value of the Unreturned Ardagh Dunnage will erode as a result of ongoing wear and tear. The Debtors have made no offer to adequately protect against the diminution of the value of the Unreturned Ardagh Dunnage.

29.     The balance of hardships weighs decidedly in favor of Ardagh.  Ardagh has already delivered the Debtors $5,796,066.91 in cans for which it has not been paid.  The Debtors failed to pay for the cans delivered, and now aim to keep and make unauthorized use of the Unreturned Ardagh Dunnage without paying.

30.     Thus, Ardagh is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### C.  Grounds Exist for Relief from Stay Under 11 U.S.C. § 362(d)(2).

31.     Ardagh is also entitled to relief form the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code, which provides as follows:

> On request of a party in interest, and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>      (A) The debtor does not have an equity in such property; and
>      (B) Such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).  A creditor who shows these elements are met is entitled to relief.  *In re Albany Partners, Ltd.*, 749 F. 2d 670, 673 (11th Cir. 1984).

32.     As noted above, the Debtors do not have any equity in the Unreturned Ardagh Dunnage.  Once a debtor's lack of equity in the property has been demonstrated, "the debtor must establish that the [property] is necessary for an effective reorganization, not by showing that, absent retention of the property, no reorganization is possible, but by proving 'the property is essential for an effective reorganization that is in prospect.'"  *United Sav. Ass'n of Texas v. Timers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1988) (addressing the requirements for proof under 11 U.S.C. § 362(d)(2)).  In the matter at hand, the Debtors cannot sustain their burden of demonstrating that the Unreturned Ardagh Dunnage is necessary for an effective reorganization.

Accordingly, Ardagh has satisfied the second prong for stay relief under § 362(d)(2) of the Bankruptcy Code.

33.    Fed. R. Bankr. P. 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.  Ardagh submits that the stay pursuant to Rule 4001(a)(1) should be waived in this matter so as not to further delay recovery of the Unreturned Ardagh Dunnage.

**D.  In the Alternative, Ardagh is Entitled to Adequate Protection.**

34.    Section 363(e) of the Bankruptcy Code provides in pertinent part:

Notwithstanding any other provision of this section, at any time on request of any entity that has an interest in property used, sold or leased … the Court … shall prohibit or condition such use, sale, or lease as is necessary to provide protection of such interest.

35.    "[A]dequate protection may be provided by—(1) … cash payment or periodic payments to such entity, to the extent that … use … results in a decrease in the value of such entity's interest in such property."  11 U.S.C. § 361.

36.    Ardagh holds an interest in the Unreturned Ardagh Dunnage as lessee, and is responsible for the replacement value of any Unreturned Ardagh Dunnage that is not recovered. The Debtors' use of the Unreturned Ardagh Dunnage and their failure to return it mandates adequate protection to preserve the value of Ardagh's interest in the Unreturned Ardagh Dunnage as it existed on the Petition Date and through the pendency of the Chapter 11 cases.

37.    Should the Court choose not to grant Ardagh relief from stay at this time, Ardagh requests that the Court enter an order conditioning the automatic stay upon the Debtors providing adequate protection to Ardagh in the form of payment for the value of the Unreturned Ardagh Dunnage.

### E.  Ardagh is Entitled to an Administrative Claim.

38.    The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, …, including … the actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).

39.    Post-petition, the Debtors continue to improperly use the Unreturned Ardagh Dunnage without payment.  Accordingly, Ardagh seeks allowance of an administrative expense claim in the amount of at least the $2,156,783.00 approximate value of the Unreturned Ardagh Dunnage as of the Petition Date, less the value of any Unreturned Ardagh Dunnage that is recovered, pursuant to 11 U.S.C. § 503(b)(1)(A).

40.    Furthermore, payment of Ardagh's administrative claim should be immediate.  The Debtors currently retain the benefit of the cans that Ardagh shipped and the Unreturned Ardagh Dunnage, all without payment.  Equity favors recognizing and authorizing the immediate payment of Ardagh's administrative claim due to the excessive benefit that the Debtors have already received from Ardagh.

## NOTICE

41.    Ardagh will serve a copy of this Motion upon:  (i) the Debtors' counsel; (ii) the United States Trustee; (iii) the other members of the Official Unsecured Creditors Committee (ECF No. 245); (iv) proposed counsel to the Committee; (v) ORBIS RPM, LLC; and (vi) those parties who have requested service under Rule 2002 as of the filing of this Motion.  Ardagh submits that no further or additional notice need be provided.

## RESERVATION OF RIGHTS

42.    Ardagh reserves all rights under the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and applicable non-bankruptcy law, including, but not limited to, with

respect to Ardagh's claims and the Unreturned Ardagh Dunnage, including the right to amend, supplement, or withdraw this Motion, or any portion thereof, at or prior to any final hearing on this Motion.  Moreover, Ardagh reserves all rights and claims in connection with any other pre-petition or post-petition claim related to the Debtors.

WHEREFORE, Ardagh respectfully requests the entry of an order, substantially in the form attached as **Exhibit B**, granting the relief requested in this Motion, and for such other and further relief as is just and proper.

Dated:  November 10, 2022          Respectfully submitted,

/s/ Ronald Bruckmann
David H. Conaway (NC Bar #10648)
*Pending Admission Pro Hac Vice*
Ronald D.P. Bruckmann (FL Bar # 84912)
SHUMAKER, LOOP & KENDRICK, LLP
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
dconaway@shumaker.com
rbruckmann@shumaker.com

*Attorneys for Ardagh Metal Packaging USA Corp. f/k/a Ardagh Metal Beverage USA Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and by first-class U.S. mail on all parties identified on the Service List below who are not receiving electronic notice.

*/s/ Ronald Bruckmann*
Ronald D. P. Bruckmann

## SERVICE LIST

*Debtors*
Vital Pharmaceuticals, Inc., *et al.*
1600 N. Park Dr.
Weston, FL 33326

*Debtors' Counsel*
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Ave #1900
Miami, FL 33131

George A. Davis, Esq.
Tianjiao Li, Esq.
Brian S. Rosen, Esq.
Jonathan J. Weichselbaum, Esq.
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020

*U.S. Trustee*
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

*Proposed Committee Counsel*
Leyza Blanco, Esq.
Fernando Menendez, Esq.
Juan Mendoza, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131

Jeffrey Cohen, Esq.
Eric Chafetz, Esq.
Jordana Renert, Esq.
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas, 17th Floor
New York, NY 10020

Archer Daniels Midland Co.
Attn:  Mark H. Speiser
4666 Faries Parkway
Decatur, IL 62526

Crown Cork & Seal USA, Inc.
Attn:  Ron Cenderelli
770 Township Line Road
Yardley, PA 19067

Stellar Group, Inc.
Attn:  Clint E. Pyle
2900 Hartley Rd.
Jacksonville, FL 32257-8221

Trinity Logistics, Inc.
Attn:  Douglas Potvin
50 Fallon Avenue
Seaford, DE 19973

ORBIS RPM, LLC
Attn:  Legal
1055 Corporate Center Drive
Oconomowoc, Wisconsin 53066

XPO Logistics, L.L.C.
Attn:  Stephanie Penninger
11215 North Community House Road
Charlotte, NC 28277

QuickTrip Corporation
Attn:  Marshall J. Wells
4705 S. 129th Ease Ave.
Tulsa, OK 74134

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                          Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]            Case No. 22-17842-PDR

Debtors                                                      (Jointly Administered)

_____/

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

This cause came before the Court on _____, 2022 upon the *Motion for Relief from the Automatic Stay and alternatively, for Adequate Protection, and for Allowance of an Administrative Claim* (the "Motion") (ECF No. ____) of Ardagh Metal Packaging USA Corp. ("Ardagh"), and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is well taken; and, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

the proceedings had before the Court; and good, adequate and sufficient cause appearing therefore, it is ORDERED as follows:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to 11 U.S.C. § 362, the automatic stay is terminated to allow Ardagh or its agents to take all steps necessary to immediately recover the Unreturned Ardagh Dunnage (as such term is defined in the Motion) in accordance with applicable law.

3.      The Debtors shall cooperate with Ardagh to ensure that all remaining Unreturned Ardagh Dunnage is recovered.

4.      Within five (5) days of the entry of this Order, the Debtors shall provide Ardagh a statement reflecting the location and amounts of all remaining Unreturned Ardagh Dunnage and identify any Unreturned Ardagh Dunnage that has been destroyed.

5.      In the interim between the entry of this Order and Ardagh's repossession of the Unreturned Ardagh Dunnage, the Debtors shall take reasonable steps to preserve and protect the Unreturned Ardagh Dunnage against damage, theft or other loss.

6.      This Order shall take effect immediately upon entry in accordance with Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

7.      Ardagh's motion for allowance of an administrative expense claim is GRANTED.

The Movant shall serve this Order on the Debtors, the U.S. Trustee, the Official Unsecured Creditors Committee and any other party who entered an appearance on the motion.

### # # #

Submitted by:

Ronald D.P. Bruckmann (FL Bar # 84912)
SHUMAKER, LOOP & KENDRICK, LLP
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
rbruckmann@shumaker.com

*(Attorney Bruckmann is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service).*

# EXHIBIT A



Ardagh Metal - Beverage

# Customer Dunnage Responsibility



# We're all in this TOGETHER

Keeping beverage can packaging in superior operating condition is critical. This packaging keeps cans free from damage in storage and transport, which reduces the need for replacements and ultimately keeps costs down.

In addition, this packaging creates shipping efficiencies through standardization. These guidelines will provide information and instruction on how to handle packaging to ensure a long service and benefit for your supply chain.



# PROPER HANDLING

**By keeping the packaging clean, the risk of contamination can be minimized.**

Storage of packaging materials in clean and sanitary conditions will help to keep them free from contamination. By not keeping the packaging clean, you run the risk of contamination down the line, as well as adding overall unnecessary costs. Following these simple guidelines will assist in keeping the packaging in ideal condition.

- **DO** protect materials from contact with contaminants such as paint, markers, lubricants, adhesives, staples, labels and chemicals

- **DO** refrain from mixing plastic layer pads with cardboard, paper or plastic foils

- **DO NOT** store outdoors – avoid contamination and damage from environmental elements, insects, rodents and other animals

- Place two plastic strapping bands (**DO NOT** use metal or too much tension) on top frame and layer pad stacks in opposing directions to prevent shifting and damage during handling and transit

- **DO NOT** spear, push, or fork tine side shift pallets or material stacks

- All ORBIS RPM Packaging is recyclable. Please return all material to an RPM Service Center regardless of condition. **DO NOT** discard in the trash

# PROPER STACKING, LOADING AND TRANSPORTATION

**Loading packaging properly on 53' trailers is essential to the long service life of packaging.**

It is critical to train material handling associates on the proper methods to stack, move and load packaging into standard trailers. Shifted loads present hazardous unloading conditions, so please use these guidelines when loading:

- All materials should be stacked squarely together until a full stack uniform in height is achieved

- All stacks should be the same height

- Layer pads should always be placed on the bottom of a stack, as they are the heaviest item, then topped off with one pallet of top frames or multiple pallets to reach uniform stack height

- Stacks of top frames and layer pads should always be placed as close as possible to the trailer walls to prevent shifting

- Pallets should surround each stack of top frames and layer pads to avoid shifting and damage during transit, stacking them with the 56" side next to the trailer side wall

- End pallets MUST be returned on loads. DO NOT hold to ship separately

- The last 2-3 stacks at the rear (door end) of the trailer MUST be pallets or end pallets



# Loading dunnage properly on 53' trailers is essential to the long service life of dunnage.

It is critical to train material handling associates on the proper methods to stack, move and load dunnage into standard trailers.



# PACKAGING TYPES

## 44 X 56 LAYER PADS

Plastic layer pads are layered between cans or bottles to create unitized shipping loads.



**Beige layer pad with black font on 56" side.**

## 44 X 56 TOP FRAMES

Plastic top frames keep unit loads of cans and bottles secure during transit.



Black thin PTC top frame with brown
corner connectors



Black one-piece top frame with green
hot stamp on left hand corner of 56" side.

## 40 X 48 END PALLETS



Dark Grey End Pallet





Dark grey pallet with green hot stamp on left hand corner of 48" side.

# 40 X 48 END PALLETS



Dark Grey End Pallet





Dark grey pallet with yellow hot stamp on right hand corner of 48" side.

# 44 X 56 PALLETS

Plastic pallets provide the stable and secure platform
for unit loads of cans and bottles.



44 x 56 Novalock® Pallet





Black 2-piece pallet with white hot stamp on
left hand corner of 56" side.



44 x 56 Repairable Pallet





Black pallet with brown corner connectors. Top half pallet has white hot stamp in center of 56" side.



**44 x 56 Optimal Container Pallet**





Black pallet with white hot stamp on left hand corner of 56" side.



44 x 56 Optimal Container Pallet





Black pallet with yellow hot stamp on left hand corner of 56" side.

## 38 X 42 PALLETS



38 x 42 Pallet





Black pallet with white hot stamp in center of 42" side.

# LTL PICKUP INFORMATION

• Stacks should be no more than 96" high, which is 21 pallets high or 15 pallets/15 top frames plus their corresponding sheets.

• Stack heaviest to lightest (sheets, pallets, top frames), with the sheets and top frames wrapped or banded for safe transport.

• If you have end pallets, stack the end pallets separately for safe transport.

# YOUR DUNNAGE RESPONSIBILITY

1. The dunnage (pallets, sheets and top frames) remains the property of ORBIS RPM and must be recovered.

2. Customer shall return dunnage immediately upon use. ORBIS RPM dunnage shall not be used for repacking of filled goods, warehousing of unused cans or shipped to a third party.

3. The customer will return the dunnage to the appropriate sort center within 90-days of receipt or will be billed for dunnage replacement costs unless otherwise agreed with Ardagh. The customer is required to keep all dunnage under cover and free from contaminates and dirt while in its possession.

4. Any cleaning costs or damage incurred due to poor storage / handling will be the responsibility of the customer. These costs will be tracked by ORBIS RPM at their sort centers and communicated to the customer.

5. All dunnage should be packed as per the attached ORBIS RPM document.

6. Once ready for pick up the customer should contact ORBIS RPM unless there is an existing, mutually-agreed upon process. Ardagh will send a carrier to pick up the dunnage load within 24 hours.

7. The customer should only return Ardagh-leased dunnage to the sort center. Any non-Ardagh dunnage returned will result in the customer being billed for the inbound freight and sorting costs.

**Questions? Please contact ORBIS RPM directly.**

**ORBIS RPM**
1055 Corporate Center Drive
Oconomowoc, WI 53066
(262) 560-5000
dunnage@orbisrpm.com



# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]    Case No. 22-17842-PDR

Debtors                                               (Jointly Administered)

_____/

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

      This cause came before the Court on _____, 2022 upon the *Motion for Relief*

*from the Automatic Stay and alternatively, for Adequate Protection, and for Allowance of an*

*Administrative Claim* (the "Motion") (ECF No. ____) of Ardagh Metal Packaging USA Corp.

("Ardagh"), and the Court having reviewed the Motion; and the Court having found that the relief

requested in the Motion is well taken; and, the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and any objections

to the relief requested herein having been withdrawn or overruled on the merits; and upon all of

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are:  (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

the proceedings had before the Court; and good, adequate and sufficient cause appearing therefore, it is ORDERED as follows:

1.    The Motion is GRANTED as set forth herein.

2.    Pursuant to 11 U.S.C. § 362, the automatic stay is terminated to allow Ardagh or its agents to take all steps necessary to immediately recover the Unreturned Ardagh Dunnage (as such term is defined in the Motion) in accordance with applicable law.

3.    The Debtors shall cooperate with Ardagh to ensure that all remaining Unreturned Ardagh Dunnage is recovered.

4.    Within five (5) days of the entry of this Order, the Debtors shall provide Ardagh a statement reflecting the location and amounts of all remaining Unreturned Ardagh Dunnage and identify any Unreturned Ardagh Dunnage that has been destroyed.

5.    In the interim between the entry of this Order and Ardagh's repossession of the Unreturned Ardagh Dunnage, the Debtors shall take reasonable steps to preserve and protect the Unreturned Ardagh Dunnage against damage, theft or other loss.

6.    This Order shall take effect immediately upon entry in accordance with Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

7.    Ardagh's motion for allowance of an administrative expense claim is GRANTED.

The Movant shall serve this Order on the Debtors, the U.S. Trustee, the Official Unsecured Creditors Committee and any other party who entered an appearance on the motion.

# # #

2

Submitted by:

Ronald D.P. Bruckmann (FL Bar # 84912)
SHUMAKER, LOOP & KENDRICK, LLP
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
rbruckmann@shumaker.com

*(Attorney Bruckmann is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service).*

3