**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

Case No.  22-17842-PDR

VITAL PHARMACEUTICALS, INC., et al.

Chapter 11

Debtor.

Jointly Administered

_____/

## NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION OF DEBTOR
### *-REQUEST FOR PRODUCTION OF DOCUMENTS ONLY-*

Jasmin Williams, by and through her undersigned local counsel and pursuant to Rule 2004

of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1(B), requests that the Debtor,

Vital Pharmaceuticals, Inc., produce the documents listed on Schedule "A" attached hereto, on or

before November 28, 2022, to her counsel, Mark S. Roher, Esq., Law Office of Mark S. Roher,

P.A., 1806 N. Flamingo Road, Suite 300, Pembroke Pines, FL 33028.

Dated this 14th day of November, 2022.

**LAW OFFICE OF MARK S. ROHER, P.A.**
1806 N. Flamingo Road, Suite 300
Pembroke Pines, Florida 33028
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200

By:    */s/ Mark S. Roher*
        Mark S. Roher
        Florida Bar No. 178098

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of November, 2022, a true and correct copy of

the foregoing was served by CM/ECF on all parties listed below.

*/s/ Mark S. Roher*
Mark S. Roher

## SCHEDULE "A"

## DEFINITIONS

1.      The terms "YOU" or "YOUR(S)" refer to the party(ies) to which these requests are propounded and any agents, employees, officers, directors, subsidiaries, affiliates, predecessor corporation(s), both present and former, including their attorneys and insurers, except to the extent that a privilege not to answer is specifically stated.

2.      The term "PUTATIVE LITIGANTS" refers to each named plaintiff in this action and each person sought to be represented (e.g., potential class members, aggrieved employees) in the operative Complaint and, if a consolidation or coordination of actions, the collective allegations and parties in each of the consolidated or coordinated Complaints.

3.      The term "PLAINTIFF(S)" refer(s) to each and every named plaintiff identified in the operative Complaint(s) and, if a consolidation or coordination of actions, the collective allegations and parties in each of the consolidated or coordinated Complaints.

4.      The term(s) "PERSON(S)" and/or "INDIVIDUAL(S)" means natural persons, as well as firms, companies, corporations, partnerships, sole proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right, unions, associations, federations, employers, or any other kind of entity.

5.      The term "CLAIMS PERIOD" means the time period specified in operative complaint.

6.       The term "COMPLAINT" refer(s) to the operative (most recent version of and/or amendment to) Complaint, a copy of which is attached hereto as "Exhibit A".

7.      The term(s) "DOCUMENT(S)" or "RECORD(S)" shall mean a writing, as defined under the applicable rules of evidence, and shall include writings, things and printed matter of any kind and description, including, by way of illustration and not limitation: electronically-stored

data, electronic audio or video recordings and the scripts of same, embodiments of analytical or monitoring equipment or devices, physical depictions, notes, letters and memoranda, logs, charts, x-rays or other output of radiographic examinations, transcripts, summaries, statements. It shall also include any additional copy or duplicate of any document as described above which contains any handwriting, typewriting, notation, modification or other addition thereto of any kind, as well as any rough or preliminary draft(s) of the document. YOU are directed to produce the information sought herein even where created, maintained, distributed, acquired or otherwise in the possession of any predecessor corporations or business entities, provided that they are within YOUR care, custody and/or control. YOU are further directed to produce such material in Excel format where available (e.g., where YOU have generated a list for purposes of this litigation) or, where not available in Excel format, in its native format.

8.      "IDENTIFY," "IDENTIFYING" and/or "IDENTIFICATION," when referring to a person mean(s) to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, email address(es), title or occupation, each of his or her positions during the most expansive limitations period defined in the COMPLAINT through the present.

9.      "IDENTIFY," "IDENTIFYING" and/or "IDENTIFICATION," when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to each such document:

a.      The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

b.      The identity or descriptive code number, file number, title or label of such document;

      c.      The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      d.      The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

      e.      The name(s) of the person(s) having present possession, custody, or control of such document(s); and

      f.      Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

10.      The term "COMMUNICATION(S)" refers to any transmittal and/or receipt of information, whether such was oral or written, by chance, prearranged, formal or informal, and specifically includes conversations in person, meetings, telephone conversations, facsimile transmissions, telegraphs, electronic communications, instant messages, text messages, letters or memoranda, formal statements, press releases and newspaper stories.

11.      The term(s) "EVIDENCE," "EVIDENCING," "RELATE TO," "RELATING TO," "CONCERNING," "PERTAIN," and "PERTAINING TO," mean(s) consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

12.      If any requested information is withheld because YOU claim such information is privileged, provide the following with respect to each DOCUMENT/COMMUNICATION:

      a.      the date;

      b.      the author and recipient, including the business or legal title or position and the INDIVIDUALS' current address and business and residence telephone numbers;

      c.      the general subject matter and the number of pages;

      d.      the identity of all other PERSONS who received copies thereof or otherwise learned of the DOCUMENT or COMMUNICATION; and

e.    the specific factual basis of the claimed privilege.

13.    If any requested DOCUMENT has already been produced pursuant to previous discovery in this litigation, state with respect to such DOCUMENT:

a.    the Bates number of the DOCUMENT, if applicable;

b.    the date of the DOCUMENT;

c.    the PERSON who originated the DOCUMENT;

d.    the present location of the DOCUMENT; and

e.    the PERSON in whose possession or under whose control the DOCUMENT presently is and the relationship of this PERSON to YOU, if any.

14.    The time period covered by these requests shall be the most expansive limitations period defined in the COMPLAINT through the present, unless otherwise specified. Unless so specified, each demand herein requests DOCUMENTS generated or acquired by YOU and/or within YOUR possession, custody and/or control during said period and/or generated prior thereto but remaining in effect or becoming effective at any point in time during said period.

15.    The conjunctive shall also include the disjunctive and vice versa.

16.    The singular shall also include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

1.      All DOCUMENTS that refer or relate to the PLAINTIFF.

2.      All DOCUMENTS evidencing locations of each of YOUR California facilities during the CLAIMS PERIOD.

3.      All DOCUMENTS evidencing the average number of employees working at each of YOUR California facilities during the CLAIMS PERIOD.

4.      All DOCUMENTS evidencing the range of the number of employees working at any time at each of YOUR California facilities during the CLAIMS PERIOD.

5.      All DOCUMENTS evidencing all advertisements, web site postings, career fair postings/handouts, career opportunity and/or development material, DOCUMENTS provided to employment recruiters (whether or not employed by YOU) and employment agencies, job board and/or other postings, job descriptions, media (e.g., newspaper, magazine, radio, television, etc.) and/or other COMMUNICATIONS or publications which refer or relate, in any way, to the availability and/or nature of or hiring criteria for each and every employment position held by the PUTATIVE LITIGANTS and/or any of them during the CLAIMS PERIOD.

6.      All DOCUMENTS evidencing the job candidate hiring criteria for each and every employment position in existence at YOUR California facilities during the CLAIMS PERIOD.

7.      All DOCUMENTS evidencing testing procedures for candidates applying for each and every employment position in existence at YOUR California facilities during the CLAIMS PERIOD.

8.      All DOCUMENTS evidencing the orientation and/or training program(s) for each and every employment position in existence at YOUR California facilities during the CLAIMS PERIOD.

9.      All DOCUMENTS evidencing the compensation structure/scheme for all INDIVIDUALS employed at YOUR California facilities during the CLAIMS PERIOD.

10.      All job descriptions for position(s) held by PUTATIVE LITIGANTS.

11.      All DOCUMENTS evidencing all job duties YOU expected PUTATIVE LITIGANTS and/or any of them to perform.

12.     All policies and/or procedures in effect at any time during the CLAIMS PERIOD regarding the work of PUTATIVE LITIGANTS.

13.     All iterations in effect during the CLAIMS PERIOD of YOUR Employee Handbook and/or other policy manuals that govern the employment of the PUTATIVE LITIGANTS.

14.     All DOCUMENTS evidencing all performance evaluations, awards, commendations and/or criticisms to/of the PLAINTIFF by YOU, or any of YOUR current or former employees or agents.

15.     All DOCUMENTS IDENTIFYING the PERSON(S) who has/have knowledge of the daily work activities of PUTATIVE LITIGANTS and/or any of them while performing labor for YOU during the CLAIMS PERIOD.

16.     All DOCUMENTS evidencing each and every job position that reported, directly or indirectly, to PUTATIVE LITIGANTS, or any of them, during the CLAIMS PERIOD.

17.     All DOCUMENTS evidencing any time/work/motion studies or audits performed concerning each and every employment position in existence at YOUR California facilities during the CLAIMS PERIOD.

18.     All video surveillance YOU have employed during the CLAIMS PERIOD at locations at which any PUTATIVE LITIGANTS and/or any of them performed labor.

19.     All DOCUMENTS supporting YOUR contention, if YOU so contend, and/or describe any and all facts which YOU believe support YOUR contention, if any, that the job duties actually performed by the PLAINTIFF differed, in any manner considered material to YOU, from the job duties actually performed by the remaining PUTATIVE LITIGANTS.

20.     All polices regarding the entitlement to, the timing, duration and/or frequency of meal and/or rest breaks by PUTATIVE LITIGANTS and/or any of them that were in effect at any time during the CLAIMS PERIOD.

21.     All DOCUMENTS evidencing any and all efforts made by YOU to provide and/or authorize and permit PLAINTIFF to take meal and/or rest breaks.

22.     All DOCUMENTS evidencing any and all efforts made by YOU to provide and/or

uthorize and permit PUTATIVE LITIGANTS and/or any of them to take meal and/or rest breaks, espectively.

23.     All DOCUMENTS which YOU contend reflect PUTATIVE LITIGANTS and/or ny of them having purported to waive its/their entitlement to one or more meal period(s).

24.     All policies and/or procedures regarding the payment of premium wages to LAINTIFF as a result of a claimed missed, shortened, and/or late meal and/or rest break.

25.     All policies and/or procedures regarding the payment of premium wages to UTATIVE LITIGANTS and/or any of them as a result of a claimed missed, shortened, and/or ate meal and/or rest break.

26.     All DOCUMENTS evidencing YOUR oversight of the taking of meal and/or rest eriods by PLAINTIFF.

27.     All DOCUMENTS evidencing YOUR oversight of the taking of meal and/or rest eriods by PUTATIVE LITIGANTS.

28.     All advance time sheets/forecasted schedules for PLAINTIFF.

29.     All timekeeping/punch RECORDS evidencing hours actually worked for YOU by LAINTIFF.

30.     All timekeeping/punch RECORDS evidencing hours actually worked for YOU by UTATIVE LITIGANTS.

31.     All RECORDS of additional compensation paid to PLAINTIFF as a result of a laimed missed, shortened and/or late meal and/or rest period.

32.     All RECORDS of additional compensation paid to PUTATIVE LITIGANTS nd/or any of them as a result of a claimed missed, shortened and/or late meal and/or rest period.

33.     All wage/pay deduction statements for PLAINTIFF.

34.     All DOCUMENTS IDENTIFYING each PERSON who has knowledge of the umber of hours worked by PLAINTIFF during the CLAIMS PERIOD.

35.     All DOCUMENTS evidencing any and all efforts made by YOU to limit or prohibit vertime work by PLAINTIFF.

36.     All DOCUMENTS evidencing any and all COMMUNICATIONS, statements or ~~nterviews of any employee, contractor and/or agent of YOURS regarding the PLAINTIFF and/or~~

this legal action.

37.    All DOCUMENTS evidencing COMMUNICATIONS (including negotiations), within the past ten years, between YOU and any government agencies/entities referring or relating to the non-payment of wages and/or break compensation to any of YOUR current and/or former employees.

38.    All DOCUMENTS evidencing each alleged PERSON who has made a claim, whether verbal or written, against YOU regarding YOUR failure to provide complete, off-duty and/or timely meal and/or rest periods.

39.    Any and/or all DOCUMENTS that IDENTIFY all PERSON(S) who possessed the ability to exercise control over the wages, hours and/or working conditions (during any portion of the CLAIMS PERIOD) of PLAINTIFF.

40.    Any and/or all DOCUMENTS that IDENTIFY all PERSON(S) who possessed the ability to exercise control over the wages, hours and/or working conditions (during any portion of the CLAIMS PERIOD) of PUTATIVE LITIGANTS.

41.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S) responsible for and/or who had authority for making hiring decisions and/or hiring recommendations regarding any and/or all candidates for employment positions for or at YOU during the CLAIMS PERIOD.

42.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S) responsible for and/or who had authority for setting the pay levels for any and/or all candidates for employment positions for or at YOU during the CLAIMS PERIOD.

43.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S) responsible for and/or who had authority for orienting, onboarding and/or training any and/or all new hires for or at YOU during the CLAIMS PERIOD.

44.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S) responsible for and/or who had authority for scheduling any and/or all PERSON(S) who currently or formerly performed work for YOU during the CLAIMS PERIOD.

45.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S)

responsible for and/or who had authority for evaluating the work performance of any and/or all PERSON(S) who currently or formerly performed work for YOU during the CLAIMS PERIOD.

46.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S) responsible for and/or who had authority for coaching and/or disciplining any and/or all PERSON(S) who currently or formerly performed work for YOU during the CLAIMS PERIOD.

47.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S) responsible for and/or who had authority for promoting any and/or all PERSON(S) who currently or formerly performed work for YOU during the CLAIMS PERIOD.

48.    Any and/or all DOCUMENTS IDENTIFYING any and/or all PERSON(S) responsible for and/or who had authority for terminating the employment of any and/or all PERSON(S) who formerly performed work for YOU during the CLAIMS PERIOD.

49.    All DOCUMENTS supporting YOUR contention, if YOU so contend, that this action is inappropriate for treatment as a class action.

50.    All DOCUMENTS supporting any of the affirmative defenses raised in YOUR Answer to the COMPLAINT.

# EXHIBIT "A"

SAMY M. HARMOUSH, ESQ., SBN 309966
samy@GoHR.law
KIMBERLY COLE, ESQ., SBN 217780
kimberly@GoHR.law
HARMOUSH & RASHEDI LAW GROUP LLP
10866 Washington Blvd. #835
Culver City, CA 90232
Telephone: (833) 464-7529
Fax: (213) 330-1009

Attorneys for Plaintiff, JASMIN WILLIAMS,
on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JASMIN WILLIAMS, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>VITAL PHARMACEUTUCALS, INC., a California Corporation; and DOES 1 through 100,<br><br>       Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br>2. FAILURE TO PAY MINIMUM WAGES;<br>3. FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF;<br>4. FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF;<br>5. WAITING TIME PENALTIES;<br>6. WAGE STATEMENT VIOLATIONS;<br>7. VIOLATION OF LABOR CODE § 2802;<br>8. VIOLATION OF LABOR CODE § 1198.5;<br>9. VIOLATION OF LABOR CODE § 226(c);<br>10. UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL**<br>[Amount in Controversy Exceeds $25,000] |



COMES NOW plaintiff JASMIN WILLIAMS ("Plaintiff"), on behalf of herself and all other similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

### INTRODUCTION

1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by VITAL PHARMACEUTICALS, INC., a California corporation and any of its respective subsidiaries or affiliated companies within the State of California ("Vital Pharm."), and any of its respective subsidiaries or affiliates within the State of California and DOES 1 through 100, inclusive, as further defined below, ("Defendants").

2.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy of failing to pay wages, including overtime wages to Plaintiff and other similarly situated employees in the State of California in violation of California State wage and hour laws as a result of, including but not limited to, failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying straight pay instead of overtime pay, failing to pay prevailing wages, and/or failing to include prevailing wages in the overtime rate of pay; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

3.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy of failing to pay wages, including minimum wages to Plaintiff and other similarly situated employees in the State of California in violation of California state wage

1   and hour laws as a result of, including but not limited to, failing to accurately track and/or pay for

2   all hours actually worked; engaging, suffering, or permitting employees to work off the clock,

3   including. without limitation, by auto-deducting meal periods not taken; failing to pay failing to pay

4   prevailing wages; and by detrimentally rounding. Manipulating and/or shaving time from the time

5   records of Plaintiff and other similarly situated employees in the State of California.

6       4.      For at least four (4) years prior to the filing of this Action and continuing to the present,

7   Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated

8   employees or former employees within the State of California a thirty (30) minute uninterrupted meal

9   period for days on which the employees worked more than five (5) hours in a workday and a second

10  thirty (30) minute uninterrupted meal period for days on which employees worked in excess of ten

11  (10) hours in a workday, and failing to provide compensation for such unprovided meal periods as

12  required by California wage and hour laws.

13      5.      For at least four (4) years prior to the filing of this Action and continuing to the present,

14  Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees

15  or former employees within the State of California rest periods of at least ten (10) minutes per four (4)

16  hours worked or major fraction thereof and failing to provide compensation for such unprovided rest

17  periods as required by California wage and hour laws.

18      6.      For at least three (3) years prior to the filing of this Action and continuing to the present,

19  Defendants have failed to pay Plaintiff and other similarly situated employees the full amount of their

20  wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and

21  202.

22      7.      For at least one (1) year prior to the filing of this Action and continuing to the present,

23  Defendants have had a consistent policy or practice of intentionally failing to furnish Plaintiff and

**CLASS ACTION COMPLAINT**

1 similarly situated employees within the State of California with itemized wage statements that

2 accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly

3 rates in effect during the pay period and the corresponding number of hours worked at each hourly

4 rate; and other such information as required by Labor Code section 226, subdivision (a).

5   8. For at least three (3) years prior to the filing of this Action and continuing to the present,

6

7 Defendants have had a consistent policy of failing to indemnify Plaintiff and other similarly situated

8 employees or former employees within the State of California for cell phone hardware and usage.

9 Failure to reimburse employees for business-related expenses is in violation of, among other

10 authorities, Labor Code section 2802.

11   9. For at least three (3) years prior to the filing of this Action and continuing to the present,

12

13 Defendants have had a consistent policy or practice of, upon written request to inspect or receive

14 copies of records pursuant to Labor Code section 226, subdivision (b), pertaining to a current or former

15 employee, complying with the request within 21 days from the date thereof.

16   10. For at least three (3) years prior to the filing of this Action and continuing to the present,

17

18 Defendants have had a consistent policy or practice of not making the contents of personnel records

19 that the employer maintains relating to the employee's performance or to any grievance concerning

20 the employee available for inspection within 30 calendar days from the date of a written request, as

21 required by Labor Code section 1198.5.

22   11. Plaintiff, on behalf of herself and all other similarly situated employees, brings this

23 Action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7,

24 510, 512, 558.1, 1194, 1194.2, 1197, 1198.5. 2802, and California Code of Regulations, Title 8,

25 section 11010, seeking, inter alia, overtime wages, minimum wages, premium wages for missed meal

26 and rest periods, reimbursements, penalties, and reasonable attorneys' fees and costs.

27

28

12.     Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business and Professions Code sections 17200 through 17208, also seeks an injunction prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled, as well as restitution of amounts owed.

## PARTIES

### A.     Plaintiff

13.     Plaintiff is a resident of the State of California. At all relevant times herein, Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, performing advertising and outside marketing work, and handing out samples of the products created by Vital Pharm.

### B.     Defendants

14.     Plaintiff is informed and believes and based thereon alleges, that defendant Vital Pharm. is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California, and doing business in the County of San Bernardino, State of California. At all relevant times herein, defendant Vital Pharm. employed Plaintiff and all other similarly situated employees within the State of California.

## JOINT LIABILITY ALLEGATIONS

15.     Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture,

**CLASS ACTION COMPLAINT**

and conspiracy.

16.    All of the acts and conduct described herein of each, and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

17.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each joint defendant are legally attributable to the other defendants.

18.    Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Vital Pharm., and any of their subsidiaries or affiliated companies within the State of California, as

**CLASS ACTION COMPLAINT**

well DOES 1 through 100 identified herein.

19.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

20.    As such, Defendants, and each of them, are either solely, and/or jointly and severally, liable for the damages alleged in Plaintiffs operative complaint.

## JURISDICTION

21.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

22.    Venue is proper in San Bernardino County, California pursuant to Code of Civil Procedure sections 392, *et seq*. because, among other things, San Bernardino County is where the causes of action complained of herein arose, where defendants, or some of them, have their principal place of business. It is also the county in which the employment relationship began, the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed, was performed, and was breached by Defendants. Finally, venue is proper in San Bernardino County as the unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within San Bernardino County and the State of California, and because Defendants employ numerous Class Members in San Bernardino County and the State of California.

## FACTUAL BACKGROUND

23.    Plaintiff and all other similarly situated employees have not been paid, during the relevant liability periods, overtime wages for all overtime hours worked, as a result of, including but not limited to, Plaintiff and all other similarly situated employees working more than eight (8) hours in a workday, twelve (12) hours in a workday, more than forty (40) hours in a workweek, and/or seven

(7) consecutive workdays in a workweek without being properly compensated for hours worked in excess of (8) hours per day in a workday, twelve (12) hours in a workday, more than forty (40) hours in a workweek, and/or on the seventh consecutive workday in a workweek at the proper overtime rate of pay including, without limitation, by: failing to accurately track and/or pay for all  hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying straight pay instead of overtime pay, failing to pay prevailing wages, and/or failing to include prevailing wages in the overtime rate of pay; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

24.    Plaintiff and all other similarly situated employees have not been paid, during the relevant liability periods, minimum wages for all regular hours worked, as a result of, including but not limited to, a consistent policy of failing to pay minimum wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay failing to pay prevailing wages; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

25.    Defendants have had a consistent policy or practice of failing to provide Plaintiff and all other similarly situated employees or former employees within the State of California a third (30) minute, uninterrupted, and timely meal period for days on which the employees worked more than five (5) hours in a workday; a second thirty (30) minute, uninterrupted, and timely meal period for

days on which employees worked in excess of ten (10) hours in a workday; and/or compensation for such unprovided meal periods as required by California wage and hour laws.

26.    Defendants have had a consistent policy or practice of failing to provide Plaintiff and all other similarly situated employees or former employees within the State of California paid, timely, and uninterrupted rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and/or compensation for such unprovided rest periods as required by California wage and hour laws during the relevant liability periods.

27.    At the time of Plaintiffs employment and the employment of other former employees of Defendants ended, during the relevant liability periods, Defendants, among other things, willfully failed to pay overtime wages, minimum wages. and one hour of wages in lieu of each non-compliant meal and/or rest period, and reimbursements for costs incurred in furtherance of work duties as set forth herein, prior to their resignation and/or termination.

28.    Defendants have failed, during the relevant liability periods, to comply with Labor Code section 226, subdivision (a), by intentionally failing to furnish employees with itemized wage statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

29.    Defendants have failed, during the relevant liability periods, to comply with Labor Code section 2802 by failing to indemnify Plaintiff and other similarly situated employees or former employees within the State of California for safety equipment or reimbursement for safety equipment employees were required to purchase due to the unsafe working conditions, in violation of, among other authorities, Labor Code section 2802.

30.    Defendants have failed, during the relevant liability periods, to comply with Labor

**CLASS ACTION COMPLAINT**

Code section 226, subdivision (c) by failing to. upon written request to inspect or receive copies of records pursuant to Labor Code section 226, subdivision (b), pertaining to a current or former employee, complying with the request within 21 days from the date thereof, in connection with Plaintiff and all others similarly situated.

31.    Defendants have failed to comply, during the relevant liability periods, with Labor Code section 1198.5 by failing to make the contents of personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee available for inspection within 0 calendar days from the date of a written request, as required by Labor Code section 1198.5.

32.    Plaintiff and all other similarly situated employees or former employees at all times pertinent hereto were not exempt from minimum wage requirements, overtime wage requirements, provision of meal breaks or compensation in lieu thereof, provision of rest breaks or compensation in lieu thereof, provision of being paid all wages before resignation or termination, provision of receiving accurate, itemized wage statements, provision of reimbursement for costs incurred in furtherance of work duties, permitting inspection of documents requested by employees under Labor Code sections 226 and 1 198.5, and other such provisions of California law, and the implementing rules and regulations of the IWC California Wage Orders.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this Action on behalf of herself, and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent five (5) Classes composed of and defined as follows:

**Non-Exempt Class**
All current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class

**CLASS ACTION COMPLAINT**

(collectively referred to as "Non-Exempt Class").

**Meal Period Class**
All current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked shifts of five (5) hours or more (collectively referred to as "Meal Period Class").

**Rest Period Class**
All current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked shifts of three and-a-half (3.5) hours or more (collectively referred to as the "Rest Period Class").

**Late Pay Class**
All former non-exempt employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their due wages upon termination and/or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**
All current and former non-exempt employees of Defendants within the State of California to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

**Expense Class**
All current and former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who incurred costs in furtherance of their work duties that were not reimbursed by Defendants, including, without limitation, for safety equipment (collectively referred to as the "Expense Class").

**Wage Statement Inspection Class**
All former or current employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who were not timely provided with (or permitted to inspect) documents and/or information requested under Labor Code section 226, subdivision (b) upon request or were provided with (or permitted to inspect) incomplete records (collectively referred to as "Wage Statement Inspection Class").

**CLASS ACTION COMPLAINT**



**Personnel Records Class**

All former or current employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who were not timely provided with (or permitted to inspect) personnel records maintained by Defendants relating to the employee's performance or to any grievance concerning the employee as requested under Labor Code section 1198.5 upon request or were provided with (or permitted to inspect) incomplete records (collectively referred to as the "Personnel Records Class").

34. Plaintiff reserves the right under California Rules of Court. rule 3.765, subdivision (b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

35. This Action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

A. **Numerosity**

36. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes, and based thereon alleges, that there are over ninety (90) Class Members employed by Defendants within the State of California.

37. Accounting for employee turnover during the relevant time periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B. **Commonality**

38. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

**CLASS ACTION COMPLAINT**

a)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by failing to adequately track, and therefore adequately pay, wages for time worked by Class Members?

b)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by failing to pay prevailing wages?

c)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by rounding, shaving and/or manipulating Class Members' time entries to their detriment?

d)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by engaging, permitting, or suffering employees to work off the clock via, including, without limitation, auto-deducting meal periods?

e)    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay non-exempt employees at the proper overtime rate of pay, including, without limitation, by failing to include prevailing wages in their overtime rate of pay?

f)    Are Class Members entitled to liquidated damages under Labor Code section 1194.2 for Defendants' failure to pay minimum wages for all hours worked?

g)    Did Defendants violate Labor Code section 512 by not providing Class Members with compliant meal periods?

h)    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

i)    Did Defendants violate the applicable Wage Order(s) by not providing Class Members with compliant rest periods?

j)    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional usages for missed or interrupted rest periods?

**CLASS ACTION COMPLAINT**



k)   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

l)   Are Defendants liable to Class Members for waiting time penalties and/or Penalty wages under Labor Code section 203?

m)   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

n)   Are Defendants liable to Class Members for failing to reimburse for separate laundry of uniforms?

o)   Are Defendants liable to Class Members for failing to reimburse for cell phone hardware and usage costs?

p)   Did Defendants violate Labor Code section 226, subdivision (c) by not timely providing Class Members with (or permitting them to inspect) a complete set of the documents described in Labor Code section 226, subdivision (b) upon request?

q)   Are Defendants liable to Class Members for penalties under Labor Code section 226, subdivision (f)?

r)   Did Defendants violate Labor Code section 1198.5 by not providing Class Members with timely and complete personnel records described under Labor Code section 1198.5, subdivision (a) upon request?

s)   Are Defendants liable to Class Members for penalties under Labor Code section 1198.5, subdivision (k)?

t)   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, et seq., by their unlawful practices as alleged herein?

**CLASS ACTION COMPLAINT**



u)    Are Class Members entitled to restitution of penalty usages under Business and Professions Code section 17203?

v)    Are Class Members entitled to attorneys" fees?

w)    Are Class Members entitled to costs?

x)    Are Class Members entitled to interest?

## C.    Typicality

39.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions. Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

## D.    Adequacy of Representation

40.    Plaintiff will fairly and adequately represent and protect the interest of the members of the Classes. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

## E.    Superiority of Class Action

41.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable. And questions of law and fact common to the Classes predominate over any questions affecting only individual members of each Class. Each member of each Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay overtime and minimum wages; failing to provide meal and rest breaks or compensation in lieu thereof; failing to provide accurate itemized wage statements; failing to pay all wages due upon termination and/or resignation; failing to reimburse

15

costs incurred in furtherance of work duties; and failing to timely permit inspection of complete records under Labor Code sections 226 and 1198.5.

42.    Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages — Against All Defendants)

43.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

44.    At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek and the first eight hours on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

45.    At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of twelve (12) hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

46.    At all times mentioned. Plaintiff and the Non-Exempt Class worked for Defendants during shifts that consisted of more than eight (8) hours in a workday, twelve (12) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7) consecutive workdays in a workweek,

16

without being paid overtime wages for all hours worked as a result of, without limitation, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying straight pay instead of overtime pay, failing to pay prevailing wages, and/or failing to include prevailing wages in the overtime rate of pay; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

47.    Accordingly, by requiring Plaintiff and the Non-Exempt Class to work in excess of eight (8) hours per workday, twelve (12) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays per workweek without properly compensating for overtime wages, as described above, Defendants willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and 1197, as well as applicable IWC Wage Orders and California law.

48.    As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Class have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code sections 1194 and 1199, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages — Against All Defendants)

49.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

50.    At all relevant times, Plaintiff and the members of the Non-Exempt Class were

employees of Defendants covered by Labor Code section 1197 and applicable Wage Orders. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Class were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

51.     Defendants failed to pay Plaintiff and members of the Non-Exempt Class minimum wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay failing to pay prevailing wages; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

52.     As a result of Defendants' unlawful conduct. Plaintiff and members of the Non-Exempt Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise under Defendants' control.

53.     Pursuant to Labor Code section 1194 and 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, interest, and penalties thereon, liquidated damages. reasonable attorneys' fees, and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods — Against All Defendants)

54.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

55.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not

less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Plaintiff and other members of the Meal Period Class were not provided with requisite uninterrupted meal periods as contemplated under the law.

56.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

57.     By their failure to provide Plaintiff and members of the Meal Period Class with the meal periods contemplated by Labor Code section 512, among other California authorities, and failing to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

58.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted and/or incomplete meal periods.

59.     Plaintiff and the other members of the Meal Period Class are entitled to recover the full amount of their unpaid additional pay for missed meal periods, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

///

///

**CLASS ACTION COMPLAINT**

## **FOURTH CAUSE OF ACTION**

### **(Failure to Provide Rest Periods — Against All Defendants)**

60.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

61.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period. Plaintiff and other members of the Rest Period Class were not provided with requisite rest periods as contemplated under the law.

62.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the timely meal period or rest period is not provided.

63.     By their failure to provide Plaintiff and other members of the Rest Period Class with the timely complete rest periods contemplated by California law and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

64.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, uninterrupted, and incomplete rest periods.

**CLASS ACTION COMPLAINT**

65.     Pursuant to Labor Code section 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and members of the Rest Period Class are entitled to recover the full amount of their premium pay for unprovided rest periods, interest, and penalties thereon, and costs of suit.

## FIFTH CAUSE OF ACTION

### (Failure to Pay Due Wages at Termination — Against All Defendants)

66.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

67.     At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code sections 201 and 202.

68.     Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination, including overtime and minimum wages. Discharged employees were entitled to payment of all wages earned and unpaid, including without limitation, overtime, and minimum wages, prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid, including, without limitation, overtime, and minimum wages, prior to resignation within 72 hours after giving notice of resignation or if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid, including overtime wages, at the time of resignation.

69.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, due to a policy or practice of not paying all wages earned and owed, including overtime and minimum wages, prior to resignation or termination. failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid, including overtime wages and minimum wages prior to resignation or

**CLASS ACTION COMPLAINT**

termination in accordance with Labor Code sections 201 or 202.

70.    Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.

71.    Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination or resignation in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

72.    Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination or resignation that Defendants failed to pay them.

73.    Pursuant to Labor Code section 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due. Upon termination or resignation, until paid, up to a maximum of thirty (30) days.

74.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all v ages earned prior to termination or resignation.

75.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all waiting time penalties and penalty wages owed under Labor Code section 203.

76.    Pursuant to Labor Code sections 203, 218, 218.5, 218.6, Code of Civil Procedure sections 1021.5 and 1025, and Civil Code section 3287, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages and waiting time penalties under Labor Code section 203, reasonable attorneys' fees on their unpaid wages, interest, and costs of

**CLASS ACTION COMPLAINT**

suit.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements — Against All Defendants)

77. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

78. At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code section 226.

79. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages. an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

80. Plaintiff is informed and believe, and based thereon alleges, that at all relevant times, Defendants have had a policy or practice of issuing wage statements that do not accurately set out amounts due to, among other things, intentionally failing to furnish employees with itemized wage statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer and each direct employer at which they were placed to work.

81. Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code section 226, subdivision (a).

82. Defendants' practices resulted and continue to result in the issuance of wage statements to Plaintiff and other members of the Wage Statement Class that do not comply with Labor Code

section 226, subdivision (a).

83.    Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate wage statements, but willfully provided wage statements that Defendants knew were not accurate.

84.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies.

85.    Pursuant to Labor Code section 226. subdivision (e), Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000 per employee.

86.    Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and the other members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 — Against All Defendants)

87.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

88.     At all relevant times, Plaintiff and the other members of the Expense Class were employees of Defendants covered by Labor Code section 2802.

89.     California Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

90.     At all relevant times, Plaintiff and other members of the Expense Class were required to use their cellular telephones in furtherance of their employment without reimbursement.

91.     At all relevant times, Defendants failed and refused, and still fail and refuse, to reimburse Plaintiff and other members of the Expense Class for their costs incurred in cellular telephone hardware and usage.

92.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Expense Class have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the actual cost in cellular telephone hardware and usage.

93.     Pursuant to Labor Code section 2802, Code of Civil Procedure section 1032, and Civil Code section 3287, Plaintiff and other members of the Expense Class are entitled to recover reimbursement for the actual cost of telephone hardware and usage; and of laundering their uniforms separately from their other clothes, interest, and penalties thereon, reasonable attorneys' fees, costs of suit.

## **EIGHTH CAUSE OF ACTION**

### **(Violation of Labor Code Section 226(c) — Against All Defendants)**

94.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

95.     At all relevant times, Plaintiff and members of the Wage Statement Inspection Class

**CLASS ACTION COMPLAINT**



were employees or former employees of Defendants covered by Labor Code section 226.

96.    At all relevant times, under Labor Code section 226, subdivision (a), all deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97.    At all relevant times, under Labor Code section 226, subdivision (b), an employer required to keep information required by Labor Code section 226, subdivision (a) must afford current and former employees the right to inspect or receive a copy of records pertaining to their employment, upon reasonable request to the employer.

98.    At all relevant times, under Labor Code section 226, subdivision (c), an employer who receives a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employees must comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

99.    At all relevant times, under Labor Code section 226, subdivision (f), an employer who fails to permit a current or former employee to inspect or receive a copy of records within the time set forth in subdivision (c) entitles the current or former employee to recover a seven-hundred-fifty-dollar ($750) penalty front the employer.

100.    Defendants violated Labor Code section 226 by failing to timely permit Plaintiff and members of the Wage Statement Inspection Class to inspect or records described in Labor Code section 226, subdivision (b) that Defendants were required to maintain under subsection (a) upon reasonable request. Moreover, Plaintiff is informed and believes, and thereon alleges, that at all relevant times within the applicable limitations period, Defendants maintained a policy or practice of

**CLASS ACTION COMPLAINT**

failing to timely permit current or former employees inspect or copy their complete personnel records.

101.    As a result of Defendants' conduct, Plaintiff and other members of the Wage Statement Inspection Class did not receive documents to which they were entitled under Labor Code section 226, subdivision (b) and thus were not able to fully assess potential Labor Code and/or common law violations pertaining to unpaid wages by Defendants against Plaintiff and the Wage Statement Inspection Class while applicable statutes of limitations continue to run, resulting in irreparable injuries without adequate remedies at law. Additionally, Plaintiff and the Wage Statement Inspection Class bear the risk of being irreparably injured should the documents and records responsive to Labor Code section 226. subdivision (b) be lost and/or destroyed.

102.    Pursuant to Labor Code sections 226, subdivisions (f) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and the other members of the Wage Statement Inspection Class are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees and costs of suit.

### <u>NINTH CAUSE OF ACTION</u>

### **(Violation of Labor Code section 1198.5 — Against All Defendants)**

103.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

104.    At all relevant times, Plaintiff and members of the Personnel Records Class were employees or former employees of Defendants covered by Labor Code section 1198.5.

105.    Pursuant to Labor Code section 1198.5, "every current and former employee...has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

106.    Defendants were required to maintain a copy of each employee's personnel records for



**CLASS ACTION COMPLAINT**

a period of not less than three (3) years after termination of employment and make the contents of those personnel records available for inspection no later than thirty (30) calendar days from the date the employer received a written request.

107.    Defendants violated Labor Code section 1198.5 by failing to timely permit Plaintiff and other members of the Personnel Records class to inspect and/or receive copies of such documents. Moreover. Plaintiff is informed and believes, and thereon alleges, that at all relevant times within the applicable limitations period.  Defendants maintained a policy or practice of failing to timely permit current or former employees inspect or copy their complete personnel records.

108.    As a result of Defendants' conduct, Plaintiff and other members of the Personnel Records Class did not receive their complete personnel records as contemplated by Labor Code section 1198.5 and were not able to fully assess potential Labor Code and/or common law workplace-based violations by Defendants against Plaintiff and members of the Personnel Records Class  while applicable statutes of limitations continue to run, resulting in irreparable injuries without adequate remedies at law.  Additionally, Plaintiff and members of the Personnel Records Class bear the risk of being irreparably injured should the documents and records responsive to Labor Code section 1198.5 be lost and/or destroyed.

109.    Pursuant to Labor Code section 1198.5, Plaintiff and members of the Personnel Records Class are entitled to a statutory $750 penalty each from Defendants and injunctive relief to obtain compliance with this section, as well as costs of suit and reasonable attorney' s fees.

## TENTH CAUSE OF ACTION

### (Unfair Competition — Against All Defendants)

110.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

**CLASS ACTION COMPLAINT**

111.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

112.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and all other similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff and all other similarly situated Class Members have been deprived of, among other things, overtime, and minimum wage compensation; provision of meal and rest breaks, or compensation in lieu thereof; provision of all wages upon termination or resignation; accurate wage statements; reimbursements for costs incurred in furtherance of work duties; and inspection of complete sets of documents to which they are entitled under Labor Code sections 226 and 1198.5.

113.    Pursuant to Business and Professions Code section 17203, Plaintiff and all other similarly situated Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.

114.    Restitution of the money owed to Plaintiff and all other similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

115.    Plaintiff and all other similarly situated Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

**CLASS ACTION COMPLAINT**

**DEMAND FOR A JURY TRIAL**

116.    Plaintiff demands a trial by jury on all causes of action contained herein.

**PRAYER**

**WHEREFORE,** on behalf of herself and all others similarly situated, Plaintiff prays for

judgment against Defendants as follows:

A.    An Order certifying this case as a Class Action;

B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel
as class counsel;

C.    Damages for all wages earned and owed, including minimum and overtime wages
under Labor Code sections 510, 1194. 1197, 1199 and 558.1;

D.    Liquidated damages pursuant to Labor Code sections 1194.2 and 558.1;

E.    Damages for unpaid premium wages from missed meal and rest periods under, among
other Labor Code sections, 512, 226.7 and 558.1:

F.    Penalties for inaccurate wage statements under Labor Code sections 226, subdivision
(e) and 555.1;

G.    Damages for unpaid penalty wages under Labor Code sections 203 and 558.1;

H.    Waiting time penalties under Labor Code sections 203 and 558.1;

I.    Damages for unpaid reimbursements under Labor Code sections 2802 and 558.1;

J.    Penalties for failure to timely permit inspection of documents under Labor Code
sections 226, subdivision (b) and 558.1;

K.    Penalties for failure to timely permit inspection of documents under Labor Code
sections 1198.s and 558.1;

L.    Preliminary and permanent injunction(s) prohibiting Defendants from further violating

**CLASS ACTION COMPLAINT**



the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations;

M.     Restitution under Business and Professions Code section 17203;

N.     Pre-judgment and post-judgment interest at the maximum rate allowed by law;

O.     For costs of suit incurred herein;

P.     For reasonable attorneys' fees; and

Q.     For such other and further relief as the Court deems just and proper.

Dated: October 15, 2021          **HARMOUSH AND RASHEDI LAW GROUP, LLP**

BY: _____
          SAMY HARMOUSH
          KIMBERLY COLE

Attorneys for Plaintiff JASMIN WILLIAMS,
on behalf of herself and all others similarly situated



**CLASS ACTION COMPLAINT**