*EXHIBIT A*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 22-17842 (PDR)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LEYZA F. BLANCO AND SEQUOR LAW, P.A. AS LOCAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF NOVEMBER 4, 2022**

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (the "Debtors") for authorization to employ and retain Sequor Law, P.A. ("Sequor") to serve as local counsel for the Committee, effective as of November 4, 2022; and upon consideration of the *Declaration of Leyza F. Blanco, Esq. in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Leyza F. Blanco and Sequor Law, P.A. as Counsel, Effective as of November 4, 2022* [D.E. ___]; and the *Declaration of Clint E. Pyle in Support of Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Sequor Law as Local Counsel, Effective as of November 4, 2022* [D.E. ___]; and the Court having found that it has jurisdiction

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019)

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having found that venue of the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that Sequor does not hold or represent an interest adverse to the Debtors' estates, and is a disinterested person under section 101(14) of the Bankruptcy Code; and the Court having found that the employment and retention of Sequor is necessary and in the best interest of the Committee; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED** as follows:

1. The Application is approved as set forth herein.

2. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 2014-1 of the Local Rules, the Committee is authorized and empowered to employ and retain Sequor, effective as of November 4, 2022, to serve as its local counsel in the Chapter 11 Cases.

3. Sequor shall be compensated for professional services rendered and reimbursed for expenses in connection with the Chapter 11 Cases in compliance with sections 328, 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, any applicable orders entered by this Court in respect of compensation of professionals and any case-specific fee protocols approved by the Court, after notice and a hearing pursuant to any other applicable procedures and orders of the Court.

4. Sequor shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Sequor in the Chapter 11 Cases.

5. Sequor shall provide ten days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Committee's retention of Sequor are implemented and shall file such notice with the Court, *provided*, *however*, that in the event that the Sequor attorneys responsible for this matter do not have sufficient advance notice of such rate increases, Sequor shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the Sequor attorneys responsible for this matter.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation of implementation of this Order.

###

Submitted by:
Leyza F. Blanco, Esq.

Copies furnished to:
Leyza F. Blanco, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131

-4-

*(Attorney Blanco is directed to serve a conformed copy of the foregoing upon all interested parties and file a Certificate of Service with this Court)*

-4-