

**ORDERED in the Southern District of Florida on November 21, 2022.**



Peter D. Russin, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**FINAL ORDER APPROVING DEBTORS' APPLICATION, PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE, FOR APPROVAL OF AGREEMENT WITH HURON CONSULTING SERVICES LLC TO PROVIDE THE SERVICES OF (I) JOHN C. DIDONATO, AS CHIEF TRANSFORMATION OFFICER, (II) CERTAIN SUPPORT PERSONNEL, EFFECTIVE AS OF THE PETITION DATE**

**THIS MATTER** having come before the Court on November 21, 2022, at 10:00 a.m., in

Fort Lauderdale, Florida, upon the *Debtors' Application, Pursuant to Section 363(b) of the*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11722352-1

*Bankruptcy Code, for Authority to Employ and Retain, on an Interim and Final Basis, Huron Consulting Services LLC to Provide The Services of a Chief Transformation Officer and Additional Personnel, Effective as of the Petition Date* [ECF No. 19] (the "Application") filed by the above-captioned debtors in possession (collectively, the "Debtors"). The Application seeks entry of an order authorizing the retention of Huron Consulting Services LLC ("Huron") to provide (i) John C. DiDonato as Chief Transformation Officer ("CTO") to the Debtors, and (ii) the services of certain support personnel, effective as of the Petition Date,[2] upon the terms and conditions set forth in the Engagement Letter attached as Exhibit B to the Application. Upon the Application, the DiDonato Declaration attached as Exhibit A to the Application; and it appearing that neither Huron nor DiDonato holds nor represents any interest adverse to the Debtors' estates; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors having asserted that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408; and it appearing that proper and adequate notice of the Application has been given and that no other and further notice is necessary; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors and interest holders; and this Court having reviewed the Application and having heard the statements in support of the Application at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

before this Court and after due deliberation thereon, all of which are incorporated herein by reference; and good and sufficient cause appearing therefore, it is

**ORDERED** that:

1. The Application and Engagement Letter are **APPROVED**, on a final basis, subject to the terms hereof.

2. The Debtors are authorized, pursuant to 11 U.S.C. §§ 105(a) and 363(b), and effective as of the Petition Date, to retain Huron to provide the services of the CTO and the services of certain support personnel, upon the terms set forth in the Engagement Letter attached as Exhibit B to the Application.

3. As compensation for providing the CTO's service, the Debtors shall pay Huron a fee of $15,000 per week through October 15, 2022 and $14,375 per week thereafter. Huron shall provide weekly estimates for the services of Huron's Supplemental Business Team. The fees for the services of Huron's Supplemental Business Team will be billed at Huron's standard hourly rates, as set forth below.

| | |
|---|---|
| Managing Directors: | $965.00 - $1,315.00 |
| Senior Directors: | $920.00 - $950.00 |
| Directors: | $605.00 - $770.00 |
| Managers: | $575.00 |
| Associates: | $495.00 |
| Analysts: | $400.00 |

4. Should the CTO and/or Huron expect any changes greater than 10% to Huron's written weekly estimates, the CTO and Huron shall seek the Debtors' express written approval before incurring any such supplemental fees. Any adjustments from time to time to the standard hourly rates set forth above shall be subject to the Debtors' express written approval with notice to the Committee.

11722352-1

5. Huron shall submit weekly statements to the Debtors, the Office of the United States Trustee (the "US Trustee") and the Official Committee of Unsecured Creditors (if one is appointed (the "Committee") for the work performed and expenses incurred by the CTO and Huron. Huron shall provide a detailed statement of the services rendered and expenses incurred for the prior week, hours worked in tenth of an hour increments and individual time entries describing the tasks performed. In addition to compensation for professional services and expenses incurred by the CTO and his staff, Huron will seek reimbursement for its reasonable and necessary out-of-pocket expenses incurred in connection with these chapter 11 cases and the retention of John C. DiDonato as CTO. Such claims for reimbursement of expenses shall be included in the detailed weekly statement.

6. The Debtors shall indemnify and hold harmless Huron and the CTO to the same extent as the most favorable indemnification it extends to its officers and or directors, whether under the Debtors' bylaws, partnership agreement, by contract or otherwise.

7. Subject to the terms hereof, the Debtors are authorized to pay all amounts owed to Huron under the Application and the Engagement Letter pursuant to the terms set forth therein.

8. Except as set forth herein, Huron will not be subject to any order of this Court governing the procedures for interim compensation for professionals.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The terms and conditions of this Interim Order shall be immediately effective and

4

11722352-1

enforceable upon its entry and effective as of the Petition Date.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

5

11722352-1