

**ORDERED in the Southern District of Florida on November 21, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

### ORDER GRANTING DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

**THIS MATTER** having come before the Court for a hearing on November 21, 2022 at 10:00 a.m. in Fort Lauderdale, Florida upon the *Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* (the "Motion") [ECF No. 194] filed by the above-captioned debtors (the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11664394-2

"Debtors").[2] The Motion requests the entry of an order establishing a procedure for compensating and reimbursing estate Professionals on a monthly basis. The Court, having considered the Motion, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) the Court may enter a final order consistent with Article III of the United States Constitution; (e) notice of the Motion and the Hearing thereon was sufficient under the circumstances and no other or further notice need be provided; (f) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and (g) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the Hearing, and being otherwise fully advised in the premises, does for the reasons stated on the record of the Hearing, all of which are incorporated herein; and after due deliberation and sufficient cause appearing therefor, has determined that good and sufficient cause exists to grant the relief requested. Accordingly, it is

**IT IS ORDERED THAT**:

1. The Motion is **GRANTED**.

2. Interim compensation and reimbursement of the Professionals in these chapter 11 cases shall be in accordance with this Order.

3. Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals retained by the Debtors or the Debtors' estates, including the Official Committee of Unsecured Creditors, in these chapter 11 cases may seek monthly compensation in accordance with the following procedures:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

a.  On or before the 10th day of each month following the month for which compensation is sought, each Professional will serve a statement upon the (i) Debtors, Vital Pharmaceuticals, Inc., *et al.*, 1600 N. Park Drive, Weston, FL 33326 (Attn: Frank Massabki, Esq., General Counsel, frank.massabki@bangenergy.com); (ii) Debtors' Chief Transformation Officer, John C. DiDonato, c/o Huron Consulting Group, 550 W. Van Buren St., Chicago, IL 60607, Email: jdidonato@hcg.com; (iii) proposed counsel to the Debtors: (A) Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004 (Attn: Andrew Sorkin, Esq., Email: andrew.sorkin@lw.com) and Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn.: Jeramy Webb, Esq., Email: jeramy.webb@lw.com and Whit Morley, Esq., Email: whit.morley@lw.com) and (B) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Jordi Guso, Esq., Email: jguso@bergersingerman.com and Michael J. Niles, Esq., Email: mniles@bergersingerman.com); (iv) counsel for secured creditor, Truist Bank, (A) Moore & Van Allen PLLC, 100 N. Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Luis M. Lluberas, Esq. Email: luislluberas@mvalaw.com and Steve Gruendel, Esq., Email: stevegruendel@mvalaw.com) and (B) Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 4100, Miami, FL 33131 (Attn.: Aliette D. Rodz, Esq., Email: ARodz@shutts.com and Martha M. Ferrel, Esq., Email: MFerrel@shutts.com); (v) Office of the United States Trustee, 51 S.W. First Avenue, Room 1204, Miami, FL 33130 (Attn.: Steven M. Wilkes, Esq., Email: Steven.Wilkes@usdoj.gov); and (vi) proposed counsel to the Official Committee of Unsecured Creditors: (A) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020 (Attn: Jeffrey Cohen, Esq., jcohen@lowenstein.com and Eric Chafetz, Esq., echafetz@lowenstein.com) and (B) Sequor Law, 1111 Brickell Avenue, Suite 1250, Miami, FL 33131 (Attn: Leyza F. Blanco, Esq., lblanco@sequorlaw.com) (collectively, the "Application Recipients"). The first statement to be issued by the Professionals will cover the period from the Petition Date through November 30, 2022. Thereafter, each Professional shall serve a monthly statement.

b.  The statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlines in §§ 330 and 331 of the Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

c.  Each fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in

11664394-2                                    3

        sufficient detail to allow the review of this time by the Application Recipients) which, except as set forth above for the first statement, shall ordinarily be for services rendered through a particular calendar month.

d. Each Application Recipient receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Application Recipients so as to have such objection actually received by the other Application Recipients on or before the 25th day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

e. In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses, except for fees or expenses as to which an objection may be served by one of the Application Recipients as provided below.

f. If the Debtors receive an objection to a particular fee statement, the Debtors shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above. All Professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth below and after order of the Court.

g. Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the Application Recipients a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay 80% of that portion of the fee statement which is no longer subject to an objection.

h. All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next hearing on an interim or final fee application.

i. The service of an objection shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

    j.    Unless the Court orders otherwise, each of the Professionals utilizing the procedures described in this Order shall file interim fee applications, for the amount of fees and costs sought above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code as follows:

        i.    First Interim Fee Applications may be filed on or before March 15, 2023 (the "<u>First Interim Fee Applications</u>"). The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through February 28, 2023.

        ii.    Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four-month time period. All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases. The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

    k.    A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these fee procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

    l.    A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

    m.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

4.    The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

5.    The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with their administrative expenses and 28 U.S.C. § 1930(a)(6). Otherwise, this Order shall continue and shall remain in effect during the pendency of the chapter 11 cases unless otherwise ordered by the Court.

6.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.     Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final order entered by the Court approving the Debtors' entry into any post-petition debtor in possession financing facility (the "DIP Financing Order"). To the extent that there is any inconsistency between the terms of this Order and the DIP Financing Order, the terms of the DIP Financing Order shall control.

8.     Upon motion or application, and after due notice to all parties set forth on the Master Service List, additional professionals employed by the Debtors may be authorized to participate in modified interim compensation procedures as set forth in this Order.

9.     All Professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each invoice: I hereby certify that I am in compliance with the terms of the *Order Granting Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals*.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*