UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) Chapter 11 Cases |
|  | ) |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | ) Case No. 22-17842 (PDR) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**DEBTORS' MOTION TO AUTHORIZE AND APPROVE THE SALE OF
EXCESS VEHICLES OUTSIDE OF THE ORDINARY COURSE OF BUSINESS**

> **PURSUANT TO BANKRUPTCY RULE 6004 AND LOCAL RULE 6004-1(D), THIS PROPOSED USE, SALE OR LEASE WILL BE DEEMED APPROVED WITHOUT NECESSITY OF A HEARING OR ORDER IF NO OBJECTION TO THE USE, SALE OR LEASE IS FILED AND SERVED WITHIN 21 DAYS FROM THE DATE OF SERVICE[2] OF THIS NOTICE.**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion"), seeking entry of an order, pursuant to 11 U.S.C. §363, Fed. R. Bankr. P. 6004 and Local Rule 6004-1(D), authorizing

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. Tire last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Although there is no Certificate of Service included in this Motion reflecting the date of service, this Motion will be served today, November 23, 2022, by the Debtors' notice, claims, and solicitation agent, Stretto, Inc.

11762993-11

and approving the sale of the Debtors' right, title and interest in certain of their vehicles. In support of this Motion, the Debtors state:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1.

## Background

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their affairs as debtors in possession. 11 U.S.C. §§ 1107(a) and 1108.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] filed on the Petition Date.

7. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

8. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

**Relief Requested and Basis Therefor**

9.     The Debtors have been reviewing their fleet of vehicles with the aim of reducing expenses and generating liquidity through a sale of their under-utilized vehicles. In conjunction with the Debtors' development of a third-party distribution system, certain of the Debtors' vehicles, which generally consist of medium duty box trucks and sprinter vans (each a "Vehicle" and collectively, the "Vehicles"), are no longer necessary due to changes to the Debtors' third-party distribution system.

10.    By this Motion, the Debtors request the Court (i) ratify the sales of the Pre-Petition Purchased Vehicles (as defined below), authorize the Debtors to pay off the pre-petition liens and transmit title to the Pre-Petition Purchased Vehicles to the Pre-Petition Purchasers (as defined below); (ii) approve the sales of the Post-Petition Purchased Vehicles (as defined below), authorize the Debtors to pay off the liens with respect to the Post-Petition Purchased Vehicles, and transmit title to the Post-Petition Purchasers (as defined below); and (iii) authorize the sale of the Post-Petition Remaining Vehicles (as defined below), authorize the Debtors to pay off the pre-petition liens, if any, on the Post-Petition Remaining Vehicles, and authorize the Debtors to transmit title to the proposed purchasers of those Post-Petition Remaining Vehicles.

**The Pre-Petition Purchased Vehicles**

11.    Between September 16, 2022 and October 7, 2022, 21 Vehicles (collectively, the "Pre-Petition Purchased Vehicles") were purchased by certain of the Debtors' distributors (collectively, the "Pre-Petition Purchasers"). The Pre-Petition Purchasers paid the Debtors in full for the Pre-Petition Purchased Vehicles prior to the commencement of these cases. The Debtors delivered the Pre-Petition Purchased Vehicles to the various Pre-Petition Purchasers prior to the Petition Date, however, due to the timing of the bankruptcy filing, the Debtors were unable to pay

off liens and deliver title to the Pre-Petition Purchased Vehicles prior to the Petition Date. The Debtors will net significant amounts after the liens are paid on the Pre-Petition Purchased Vehicles. A list of the Pre-Petition Purchased Vehicles reflecting (i) a description of each VIN number, (ii) the name of the Pre-Petition Purchaser of each Pre-Petition Purchased Vehicle, (iii) the date each Pre-Petition Purchased Vehicle was sold, and (iv) the name of each lien holder, if applicable, is attached hereto as **Exhibit A**.

### The Post-Petition Purchased Vehicles

12. In addition, between October 11, 2022 and October 13, 2022, eight Vehicles (collectively, the "Post-Petition Purchased Vehicles") were purchased by certain of the Debtors' distributors following the Petition Date (collectively, the "Post-Petition Purchasers"), but were similarly not delivered to the Post-Petition Purchasers with clean title at the time of the purchase. The Post-Petition Purchasers purchased and paid the Debtors in full for the Post-Petition Purchased Vehicles after the commencement of these cases. The Debtors will similarly net worthwhile amounts after the liens are paid on these Post-Petition Purchased Vehicles. A list of the Post-Petition Purchased Vehicles, reflecting (i) a description of each VIN number, (ii) the name of the Pre-Petition Purchaser of each Pre-Petition Purchased Vehicle, (iii) the date each Pre-Petition Purchased Vehicle was sold, and (iv) the name of each lien holder, if applicable, is attached hereto as **Exhibit B**.

### The Post-Petition Remaining Vehicles

13. With respect to the Debtors' remaining Vehicles (collectively, the "Post-Petition Remaining Vehicles"), the Debtors are in the process of rationalizing their remaining fleet. and have received proposals to purchase, or are in the process of marketing the sale of certain of, those Vehicles by certain of the Debtors' distributors, which the Debtors would like to consummate.

Specifically, the Debtors have reached agreements regarding the sale of 23 of the Post-Petition Remaining Vehicles and, as they continue to rationalize their fleet, intend to market and sell certain of the remaining Post-Petition Remaining Vehicles in the exercise of their business judgment.

14. Regarding the remaining Post-Petition Remaining Vehicles, to the extent the each proposed sale of the Post-Petition Remaining Vehicles is greater than the amount of any lien(s) on those Vehicles, the Debtors request authorization to consummate the sales and pay-off any lien, if applicable, without further court approval.

15. A list of the Post-Petition Remaining Vehicles currently marketed by the Debtors, including (i) each VIN number, (ii) the name of the potential purchaser, if known, of each Post-Petition Remaining Vehicle, and (iii) the name of each lien holder, if applicable, is attached hereto as **Exhibit C**.

## Legal Authority

16. The Bankruptcy Code permits a debtor-in-possession, after notice and a hearing, to sell property of the estate even if the sale is not in the ordinary course of the debtor's business. See 11 U.S.C. § 363(b)(1). A court should approve a sale under this section when the debtor or Debtor articulates "some business justification." *See In re Continental Airlines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Copy Crafters Quick Print, Inc.,* 92 B.R. 973, 981 (Bankr. N.D. N.Y. 1988); *Matter of St. Petersburg Hotel Assoc., Ltd.,* 37 B.R. 341, 43 (Bankr. M.D. Fla. 1983). Further, in order to sell property of the estate under § 363(b)(1), the debtor must demonstrate that (i) accurate and reasonable notice was provided; (ii) the price to be paid for the property is adequate; and (iii) the sale will be in good-faith (e.g., is not a lucrative deal to an "insider"). *See*

*In re Industrial Valley Refrigeration & Air Conditioning Supplies, Inc.*, 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987). Each requirement is satisfied in this case.

17. The business judgment rule is a "policy of judicial restraint born of the recognition that directors are, in most cases, more qualified to make business decisions than are judges." *International Ins. Co. v. Johns,* 874 F.2d 1447, 1458 n.20 (11th Cir. 1989). Courts should approve an exercise of the debtor's business judgment unless it is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.,* 756 F.2d 1043, 1047 (4th Cir. 1985).

18. The Debtors submit that the sale and ratification of the sale of the Vehicles is well within the Debtors' business judgment.

19. *First*, the Debtors estimate that the Debtors will receive significant net proceeds after satisfying the liens on the Pre-Petition Purchased Vehicles and the Post-Petition Purchased Vehicles. The Debtors also anticipate that the eventual sale of the Post-Petition Remaining Vehicles will result in the generation of additional funds that will benefit the Debtors and their estates over and above the amount of the existing liens on such Vehicles.

20. *Second,* the Debtors believe that the terms of the proposed sales of the Vehicles are on fair and favorable terms. The Debtors believe that the aggregate sum is reflective of the fair market value and represents the highest and best offer for the Pre-Petition Purchased Vehicles, the Post-Petition Purchased Vehicles and 23 of the Post-Petition Remaining Vehicles. The Debtors also anticipate that the eventual sale of the other Post-Petition Remaining Vehicles will result in the highest and best offer and any purchase price will be reflective of the fair-market value of those vehicles. Furthermore, the proposed sales of the Pre-Petition Purchased Vehicles, the Post-Petition Purchased Vehicles and 23 of the Post-Petition Remaining Vehicles are on an "as is, where is"

basis, and do not contain any representations or warranties, and the Debtors expect that the other Post-Petition Remaining Vehicles will be sold on substantially the same terms.

21. *Third*, the Debtors submit that they have no need for certain of the Vehicles, as they are under-utilized by the Debtors, and retaining and maintaining these Vehicles would be a burden to the Debtors and their estates.

22. *Finally,* the Debtors submit that relief requested herein is within the Debtors' business judgment as it is important that the Debtors continue to maintain positive, long-term business relations with the Pre-Petition Purchasers, who are essential to the Debtors' on-going operations. The Debtors are one of the leading manufacturers and sellers of energy drinks and dietary supplement products in the United States. An integral part of the Debtors' operations is the use of their distributors to ship and deliver their products through established national distribution networks, and each Pre-Petition Purchaser is a distributor.

23. Prior to the filing of this Motion, the Debtors conferred with counsel to the Committee regarding the relief the Debtors seek herein. The Committee consents to the relief requested in this Motion.

**Reservation of Rights**

24. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to

this order once entered. Nothing contained herein will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

**WHEREFORE**, the Debtors respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit "D"**, (i) granting this Motion; (ii) ratifying the sales of the Pre-Petition Purchased Vehicles, authorizing the Debtors to pay off the pre-petition liens and transmit title to the Pre-Petition Purchased Vehicles to the respective Pre-Petition Purchasers as identified on **Exhibit A**; (iii) approving the sales of the Post-Petition Purchased Vehicles, authorizing the Debtors to pay off the liens with respect to those Post-Petition Purchased Vehicles, and authorizing the Debtors to transmit title to the purchasers of those Post-Petition Purchased Vehicles to the respective purchasers as identified on **Exhibit B**; (iv) authorizing the sale of the Post-Petition Remaining Vehicles, authorizing the Debtors to pay off the pre-petition liens, if any, on those Post-Petition Remaining Vehicles, and authorizing the Debtors to transmit title to the purchasers of Post-Petition Remaining Vehicles; and (v) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 23, 2022<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email: george.davis@lw.com<br>        tj.li@lw.com<br>        brian.rosen@lw.com<br>        jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 755-9500<br>Email: jguso@bergersingerman.com<br>        mniles@bergersingerman.com |

– and –

11762993-11                                                                 8

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

## Exhibit "A"

**Vital Pharmaceuticals, Inc., et al.**
**Case No. 22-17842**

| | Vehicles Sold Pre-Petition | | | | | | |
|---|---|---|---|---|---|---|---|
| | VIN | Make | Model | Asset Type | Lienor | Date of Sale | Buyer |
| 1 | 54DCDW1B4KS810187 | CHEVROLET | LCF 4500 | Beverage Truck | GM | 9/16/2022 | Savannah dist |
| 2 | 54DCDW1B6KS810160 | CHEVROLET | LCF 4500 | Beverage Truck | GM | 9/16/2022 | Savannah dist |
| 3 | 54DCDW1B3KS812402 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 9/27/2022 | Jack Hilliard |
| 4 | 54DCDW1B4KS812540 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 9/27/2022 | Jack Hilliard |
| 5 | 54DCDW1B6KS810515 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 9/27/2022 | Jack Hilliard |
| 6 | 54DCDW1B7KS810166 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 9/27/2022 | Jack Hilliard |
| 7 | 54DCDW1B8KS809916 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 9/27/2022 | Jack Hilliard |
| 8 | 54DCDW1BXKS810193 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 9/27/2022 | Jack Hilliard |
| 9 | 54DCDW1B8KS802867 | CHEVROLET | 3500 LCF Gas | Beverage Truck | Company Owned | 10/7/2022 | Hensley Dist |
| 10 | 54DCDW1B0KS810185 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 10/7/2022 | Hensley Dist |
| 11 | 54DCDW1B1KS809918 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 10/7/2022 | Hensley Dist |
| 12 | 54DCDW1B2KS809913 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 10/7/2022 | Hensley Dist |
| 13 | 54DCDW1B5KS809887 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 10/7/2022 | Hensley Dist |
| 14 | 54DCDW1B8KS800939 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 10/7/2022 | Hensley Dist |
| 15 | 54DCDW1BXKS809917 | CHEVROLET | 4500/GAS LCF | Beverage Truck | GM | 10/7/2022 | Hensley Dist |
| 16 | WD3PF0CC7FP115191 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | 10/7/2022 | Hensley Dist |
| 17 | WD3PF3CC5GP238183 | MERCEDES-BENZ | Sprinter | Sprinter Van | Company Owned | 10/7/2022 | Hensley Dist |
| 18 | WD3PF3CC5GP265125 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | 10/7/2022 | Hensley Dist |
| 19 | 54DCDW1B9KS808192 | CHEVROLET | | 4500 Beverage Truck | ALLY | 10/7/2022 | Hensley Dist |
| 20 | 54DC4W1D3LS208805 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | 10/7/2022 | Serena A Kirchner INC |
| 21 | 54DC4W1D5LS208806 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | 10/7/2022 | Serena A Kirchner INC |

Exhibit "B"

**Vital Pharmaceuticals, Inc., et al.**
**Case No. 22-17842**

### Vehicles Sold Post-Petition

| # | VIN | Make | Model | Asset Type | Lienor | Date of Sale | Buyer |
|---|---|---|---|---|---|---|---|
| 1 | 54DC4W1D3LS208500 | ISUZU | ISUZU | Beverage Truck | Mitsubishi | 10/11/2022 | Knoxville Beverage |
| 2 | 54DC4W1D9LS208629 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | 10/11/2022 | Mitchell Distributing |
| 3 | 54DC4W1D1LS208804 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | 10/11/2022 | Mitchell Distributing |
| 4 | 54DC4W1D5LS208627 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | 10/11/2022 | Mitchell Distributing |
| 5 | 54DC4W1D7LS208628 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | 10/11/2022 | Mitchell Distributing |
| 6 | 54DC4W1D9LS208632 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | 10/11/2022 | Mitchell Distributing |
| 7 | 54DC4W1D7LS208631 | ISUZU | ISUZU | Beverage Truck | Mitsubishi | 10/11/2022 | Mitchell Distributing |
| 8 | 54DC4W1D0LS208499 | ISUZU | ISUZU | Beverage Truck | Mitsubishi | 10/13/2022 | Eagle Distributing |

Exhibit "C"

Vital Pharmaceuticals, Inc., et al.
Case No. 22-17842

| | VIN | Make | Model | Asset Type | Lienor | Date of Sale | Buyer |
|---|---|---|---|---|---|---|---|
| 1 | 54DCDW1B9JS802617 | CHEVROLET | 3500 LCF Gas | Beverage Truck | GM | Pending Payment | Mahaska Bottling Co |
| 2 | 54DCDW1B9JS803346 | CHEVROLET | 3500 LCF Gas | Beverage Truck | GM | Pending Payment | Pending Buyer |
| 3 | 54DCDW1BXJS802206 | CHEVROLET | 3500 LCF Gas | Beverage Truck | GM | Pending Payment | Mahaska Bottling Co |
| 4 | 54DCDW1B0KS803124 | CHEVROLET | 3500 LCF Gas | Beverage Truck | Company Owned | Pending Payment | Mahaska Bottling Co |
| 5 | 54DCDW1B2KS803013 | CHEVROLET | 3500 LCF Gas | Beverage Truck | Company Owned | Pending Payment | Mahaska Bottling Co |
| 6 | 54DC4W1D0LS208311 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 7 | 54DC4W1D1LS208852 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Pending Buyer |
| 8 | 54DC4W1D2LS208309 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 9 | 54DC4W1D2LS208472 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 10 | 54DC4W1D4LS208604 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Bill's Dist |
| 11 | 54DC4W1D6LS208474 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 12 | 54DC4W1D7LS208497 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Beverage Dist |
| 13 | 54DC4W1D9LS208310 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 14 | 54DC4W1DXLS208607 | ISUZU | NPR-HD | Beverage Truck | Mitsubishi | Pending Payment | Tri-eagle Dist |
| 15 | 54DC4W1D1LS208446 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 16 | 54DC4W1D2LS208312 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 17 | 54DC4W1D2LS208441 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 18 | 54DC4W1D2LS208603 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Ferris Dist |
| 19 | 54DC4W1D4LS208473 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 20 | 54DC4W1D4LS208831 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Resort Beverage Co |
| 21 | 54DC4W1D5LS208496 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Beverage Dist |
| 22 | 54DC4W1D6LS208443 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 23 | 54DC4W1D6LS208832 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Resort Beverage Co |
| 24 | 54DC4W1D8LS208606 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Tri-eagle Dist |
| 25 | 54DC4W1D8LS208850 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Pending Buyer |
| 26 | 54DC4W1D9LS208260 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 27 | 54DC4W1DXLS208445 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 28 | 54DC4W1DXLS208476 | ISUZU | NPR-HP | Beverage Truck | Mitsubishi | Pending Payment | Beverage Dist |
| 29 | 54DC4W1D1LS208835 | ISUZU | ISUZU | Beverage Truck | Mitsubishi | Pending Payment | Resort Beverage Co |
| 30 | 54DC4W1D3LS208836 | ISUZU | ISUZU | Beverage Truck | Mitsubishi | Pending Payment | Pending Buyer |
| 31 | 54DC4W1D4LS208313 | ISUZU | ISUZU | Beverage Truck | Mitsubishi | Pending Payment | Jack Hilliard |
| 32 | 54DC4W1DXLS208851 | ISUZU | ISUZU | Beverage Truck | Mitsubishi | Pending Payment | Pending Buyer |
| 33 | WD3PF3CC1GP238181 | MERCEDES-BENZ | Sprinter | Sprinter Van | Company Owned | Pending Payment | Pending Buyer |
| 34 | WD3PF3CC1FP122381 | MERCEDES-BENZ | Sprinter | Sprinter Van | Company Owned | Pending Payment | Pending Buyer |
| 35 | WD3PF3CC5GP255422 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 36 | WD3PF0CD9GP209910 | MERCEDES-BENZ | Sprinter | Sprinter Van | Company Owned | Pending Payment | Pending Buyer |
| 37 | WD3PF3DC7FP160244 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Bill's Dist |
| 38 | WD3PF3CC8GP243703 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 39 | WD3PF0CD7GP215690 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 40 | WD3PF3CC0FP145957 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 41 | WD3PF3CC5GP189566 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 42 | WD3PF3DC9FP155398 | MERCEDES-BENZ | Sprinter | Sprinter Van | Company Owned | Pending Payment | Pending Buyer |
| 43 | WD3PF3CC5GP216202 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 44 | WD3PF3CC4GP266962 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Bill's Dist |
| 45 | WD3PF3CC6GP189057 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 46 | WD3PF3CC7GP255423 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 47 | WD3PF3CC5GP262970 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 48 | WD3PF3CC8GP253731 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 49 | WD3PF3CC6FP158101 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 50 | WD3PF3CC6GP253730 | MERCEDES-BENZ | Sprinter | Sprinter Van | Company Owned | Pending Payment | Pending Buyer |
| 51 | WD3PF3DC0FP155399 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 52 | WD3PF3CC3GP207062 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |
| 53 | WD3PF3CC3GP238182 | MERCEDES-BENZ | Sprinter | Sprinter Van | Mercedes | Pending Payment | Pending Buyer |

## **EXHIBIT D**

(Proposed form of Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | ) Chapter 11 Cases |
| | ) |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | ) Case No. 22-17842 (PDR) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER GRANTING DEBTORS' MOTION TO AUTHORIZE AND APPROVE THE SALE OF EXCESS VEHICLES OUTSIDE OF THE ORDINARY COURSE OF BUSINESS**

**THIS MATTER** came before the Court, without a hearing, upon the *Debtors' Motion to Authorize and Approve the Sale of Excess Vehicles Outside of the Ordinary Course of Business*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. Tire last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

(the "Motion") [ECF No. ____] filed by the Debtors.[2]  The Motion seeks entry of an Order pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 6004 and Local Rule 6004-1(D), authorizing and approving the sale of the Debtors' right, title and interest in and to the Vehicles.  The Court, having considered the Motion, and the *Declaration of John C. DiDonato in Support of Debtors' Motion to Authorize and Approve the Sale of Excess Vehicles Outside of the Ordinary Course of Business* [ECF No. ____], and having jurisdiction over the matters raised in the Motion, and finding that the sale of the Vehicles is in the best interests of the creditors and the Debtors' estates, and the Debtors, by submitting this form of order, having represented that the Motion was served on all required parties, that the 21-day response time provided by that rule has expired, that responses to the Motion filed or served on the Debtors (if any) are hereby overruled, and that the form of order was attached as an exhibit to the Motion, and being otherwise fully advised in the premises, and for good cause, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED**.

2. The sales of the Pre-Petition Purchased Vehicles are hereby ratified, and the Debtors are authorized to pay off the pre-petition liens and transmit title to the Pre-Petition Purchased Vehicles to the respective Pre-Petition Purchasers as identified on **Exhibit A** to the Motion.

3. The sales of the Post-Petition Purchased Vehicles are hereby approved, and the Debtors are authorized to pay off the liens and transmit title to the Post-Petition Sold Vehicles to the Post-Petition Purchasers as identified on **Exhibit B** to the Motion.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

4.     The Debtors are authorized, but not required, to sell the Post-Petition Remaining Vehicles, and are further authorized to pay off the pre-petition liens, if any, on those Post-Petition Remaining Vehicles, and transmit title to the purchasers of those Post-Petition Remaining Vehicles, without further order of the Court, *provided* that the sale of each Post-Petition Remaining Vehicle exceeds the amount of any valid lien then-existing on such Vehicle (if any); *provided further* that the Debtors provide counsel to the Committee and the Administrative Agent under the DIP Facility[3], notice of any such sale no later than ten (10) calendar days prior to consummation of such sale.

5.     The sale of the Vehicles is "as is, where is" and without any representations or warranties.

6.     With respect to the Pre-Petition Purchased Vehicles, the Post-Petition Purchased Vehicles, and the Post-Petition Remaining Vehicles, the Debtors shall use the net proceeds on account of such sales, after satisfying the Vehicle liens, in the ordinary course and in accordance with the Approved Budget, as defined in the DIP Motion.

7.     Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to

---

[3] As defined in *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting related Relief* [ECF. No. 24] (The "DIP Motion").

this order once entered. Nothing contained herein will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted herein, including, but not limited to, executing any and all documents which the Debtors deem necessary to effectuate the sale and transfer of the Vehicles.

9. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry. The stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*