UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | ) Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | ) Case No. 22-17842 (PDR) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF JOHN C. DIDONATO, CHIEF TRANSFORMATION OFFICER, IN SUPPORT OF DEBTORS' MOTION TO AUTHORIZE AND APPROVE THE SALE OF EXCESS VEHICLES OUTSIDE OF THE ORDINARY COURSE OF BUSINESS**

Under 28 U.S.C. § 1746, John C. DiDonato hereby declares as follows under the penalty of perjury:

1. I am the Chief Transformation Officer ("CTO") of Vital Pharmaceuticals, Inc. ("VPX") and the other debtors and debtors in possession (together with VPX, the "Company" or the "Debtors") in the above-captioned cases (collectively, the "Chapter 11 Cases"). As such, I am familiar with the Debtors' day-to-day operations, businesses, and financial affairs.

2. In addition to my current role with the Debtors, I am a Managing Director of Huron Consulting Services LLC ("Huron") and Huron's Business Advisory Capability Leader. Huron is an operationally focused consulting firm that specializes in, among other things, bankruptcy and restructuring consulting, interim management, and financial and operational consulting to financially distressed companies. I have more than 30 years of experience counseling companies

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. Tire last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11766498-6

through operational turnarounds, capital raising, buy and sell side advisories, merger integrations, and other financial consulting and bankruptcy assignments in both out-of-court and in-court situations.  I have served more than 100 debtors, functioning for many as a chief restructuring strategist.  My expertise encompasses a wide range of industries, including logistics, distribution, transformation, automotive suppliers, aerospace suppliers, engineering and construction, metals, equipment leasing, and retail.

3. Except as otherwise specified herein, all the facts set forth in this declaration (the "Declaration") are based upon my personal knowledge, my discussions with members of the Debtors' management team and the Debtors' other advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge.  If called as a witness, I could and would testify competently to the facts set forth in this Declaration.  I am authorized to submit this Declaration on behalf of the Debtors.

4. I submit this Declaration in support of the relief requested in the *Debtors' Motion to Authorize and Approve the Sale of Excess Vehicles Outside of the Ordinary Course of Business* (the "Motion").[2]

5. As set forth in the Motion, the Debtors have been reviewing their fleet of vehicles with the aim of reducing expenses and generating liquidity through a sale of their under-utilized vehicles.  In conjunction with the Debtors' development of a third-party distribution system, certain of the Debtors' Vehicles which generally consist of medium duty box trucks and sprinter vans (the "Vehicles"), are no longer necessary.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

11766498-6

6. The Debtors have no need for the Vehicles, as they are under-utilized by the Debtors and retaining and maintaining these Vehicles would be a burden to the Debtors and their estates.

7. Through the Motion, the Debtors request the Court (i) ratify the sales of the Pre-Petition Purchased Vehicles, authorize the Debtors to pay off the pre-petition liens and transmit title to the Pre-Petition Purchased Vehicles to the Pre-Petition Purchasers; (ii) approve the sales of the Post-Petition Purchased Vehicles, authorize the Debtors to pay off the liens with respect to the Post-Petition Purchased Vehicles, and transmit title to the Post-Petition Purchasers; and (iii) authorize the sale of the Post-Petition Remaining Vehicles, authorize the Debtors to pay off the pre-petition liens, if any, on the Post-Petition Remaining Vehicles, and authorize the Debtors to transmit title to the proposed purchasers of those Post-Petition Remaining Vehicles.

8. The Debtors submit that the sale and ratification of the sale of the Vehicles is well within the Debtors' business judgment.

9. The Debtors estimate that they will retain significant net proceeds after satisfying the liens on the Pre-Petition Purchased Vehicles and the Post-Petition Purchased Vehicles. The Debtors also anticipate that the eventual sale of the Post-Petition Remaining Vehicles will result in the generation of additional funds that will benefit the Debtors and their estates.

10. The Debtors believe that the terms of the proposed sales of the Vehicles are on fair and favorable terms. The Debtors believe that the aggregate sum is reflective of the fair market value and represents the highest and best offer for the Pre-Petition Purchased Vehicles, the Post-Petition Purchased Vehicles and 23 of the Post-Petition Remaining Vehicles. The Debtors also anticipate that the eventual sale of the other Post-Petition Remaining Vehicles will result in the highest and best offer and any purchase price will be reflective of the fair-market value of those

vehicles. Furthermore, the proposed sales of the Pre-Petition Purchased Vehicles, the Post-Petition Purchased Vehicles and 23 of the Post-Petition Remaining Vehicles are on an "as is, where is" basis, and do not contain any representations or warranties, and the Debtors expect that the other Post-Petition Remaining Vehicles will be sold on substantially the same terms.

11. The Debtors submit that relief requested herein is within the Debtors' business judgment as it is important that the Debtors continue to maintain positive, long-term business relations with the Pre-Petition Purchasers, who are essential to the Debtors' on-going operations. The Debtors are one of the leading manufacturers and sellers of energy drinks and dietary supplement products in the United States. An integral part of the Debtors' operations is the use of their distributors to ship and deliver their products through established national distribution networks, and each Pre-Petition Purchaser is a distributor.

12. Accordingly, in the sound exercise of my business judgment, I believe the relief requested in the Motion is in the best interests of the Debtors and their estates, creditors and other parties in interest.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: November 23, 2022

*/s/ John C. DiDonato*
John C. DiDonato
Chief Transformation Officer

11766498-6