UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                              Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                 Case No.: 22-17842-PDR

    Debtors.                                                                  (Jointly Administered)
_____/

**NOTICE OF FILING REDLINE OF PROPOSED ORDER GRANTING DEBTORS'
MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING A
KEY EMPLOYEE RETENTION PLAN**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file the attached redline of the proposed *Order Granting Debtors' Motion for Entry of an Order Authorizing and Approving a Key Employee Retention Plan*. (the "Redlined Order").  The Redlined Order contains the comments provided by the Official Committee of Unsecured Creditors and the United States Trustee.  Aside from these comments, no objections to the Motion [ECF No. 341] have been filed or served.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11788799-1

| | |
|---|---|
| Dated: November 30, 2022<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:   george.davis@lw.com
            tj.li@lw.com
            brian.rosen@lw.com
            jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:   jguso@bergersingerman.com
            mniles@bergersingerman.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:   andrew.sorkin@lw.com

– and –

Jeramy D. Webb (admitted *pro hac vice*)
Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   jeramy.webb@lw.com
            whit.morley@lw.com

*Co-Counsel for the Debtors*

11788799-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] / | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING AND APPROVING A KEY EMPLOYEE RETENTION PLAN**

**THIS MATTER** was before this Court on December ~~—~~ 1, 2022, at ~~————~~ 2:00 p.m. in Fort Lauderdale, Florida, upon the *Debtors' Motion for Entry of an Order Authorizing and Approving a Key Employee Retention Plan* [ECF No. ~~—~~ 341] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order (this "Order") (~~a~~i) approving and authorizing the implementation of the Debtors' proposed retention plan for certain non-insider employees (the "KERP"), and (~~b~~ii) granting administrative expense status to

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

retention payments made thereunder. The Court finds that (~~a~~i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (~~b~~ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (~~c~~iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (~~d~~iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (~~e~~v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (~~f~~vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the DiDonato Declaration, and the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED** as follows:

~~1.~~ 1. The Motion is **GRANTED** as set forth herein.

~~2.~~ 2. The Debtors' proposed KERP is approved.

~~3.~~ 3. The Debtors are authorized to (~~a~~i) adopt and implement the KERP; (~~b~~ii) make payments consistent with the KERP in accordance with the terms of the KERP; and (~~c~~iii) take such other actions as may be necessary to implement the KERP. <ins>For the avoidance of doubt, to the extent that any KERP Participant is determined by a final order of this Court or any other court of competent jurisdiction to have participated in any unlawful or otherwise prohibited activity (criminal, civil, or otherwise) in connection with his or her employment with the Debtors or any non-Debtor employer(s), including, but not limited to, improper theft and/or misappropriation of confidential and/or proprietary information or trade secrets, trademark infringement, false advertising, or poaching of employees, such KERP Participant shall not be eligible to receive any payments approved by this Order, and, if any such KERP Participant already received any payments approved by this Order, such payments shall be immediately disgorged.</ins>

<u>4.</u>     Retention payments to be paid pursuant to the KERP shall be allowed as administrative expenses of the Debtors' estates under section 503(b~~) and 507(a)(2)~~) of the Bankruptcy Code for all purposes in the Chapter 11 Cases and in any other cases under the Bankruptcy Code in the event the Chapter 11 Cases are converted<u>.</u>

<u>5.</u>     Neither this Order nor any performance by the Debtors authorized hereunder shall be deemed an assumption of any executory contract or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract.

~~4.~~  <u>6.</u>     Nothing contained in this Order or the Motion is intended to limit or impair the Debtors from seeking additional relief for authority to make additional retention payments to the Debtors' employees.

~~5.~~  <u>7.</u>     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.~~,~~
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
       mniles@bergersingerman.com

(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a ~~conformin~~<u>conforming certificate of service.)</u>