UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No. 22-17842 (PDR) |
| | (Jointly Administered) |
| Debtors. _____/ | |

**SUPPLEMENTAL DECLARATION OF HOMER PARKHILL
IN SUPPORT OF DIP FINANCING**

I, Homer Parkhill, hereby declare under penalty of perjury as follows:

1. I am a Co-Head of Restructuring and Partner of Rothschild & Co US Inc. ("<u>Rothschild & Co</u>"), an investment banking firm with its principal office at 1251 Avenue of the Americas, New York, New York 10020.

2. I submit this supplemental declaration (this "<u>Supplemental DIP Declaration</u>") in further support of the *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 24] (the "<u>Motion</u>"), and as a supplement to the *Declaration of Homer Parkhill in Support of DIP Financing* [Docket No. 25] filed in support of the Motion on October 10, 2022 (the "<u>Initial DIP Declaration</u>").[2]

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion or the Initial DIP Declaration.

1

Committee's Exhibit
**5**

3. Rothschild & Co has been engaged by the above-captioned debtors and debtors in possession (collectively, the "Debtors") to provide investment banking services in connection with restructuring, financing, and strategic initiatives since April 2022. I refer the Court to the Initial DIP Declaration, for detailed information about Rothschild & Co's expertise and involvement with the Debtors, and my personal expertise and work with the Debtors leading up to the chapter 11 filing.

4. Except as otherwise indicated, the statements in this Supplemental DIP Declaration are based on (a) my personal knowledge, belief, or opinion; (b) information I have received from the Debtors' employees or advisors and/or employees of Rothschild & Co working directly with me or under my supervision, direction, or control; or (c) the Debtors' records maintained in the ordinary course of their business. I am not being specifically compensated for this testimony other than through payments that Rothschild & Co received in its capacity as a professional retained by the Debtors; none of those payments are specifically payable on account of this testimony. I am authorized by the Debtors to submit this Supplemental DIP Declaration and, if I were called upon to testify, I could and would testify competently to the facts set forth herein.

## The DIP Facility Remains The Only Viable Financing Option for the Debtors

5. As explained in the Initial DIP Declaration, despite diligent outreach efforts, the Debtors received no debtor-in-possession financing proposals prior to the Petition Date other than the DIP Facility. At the time I submitted the Initial DIP Declaration I believed, and I continue to believe today, that there are no other viable postpetition financing options available to the Debtors on terms more favorable than the DIP Facility.

6. Based on my experience, if there are additional parties interested in making an alternative DIP financing proposal, then they would come forward following the filing of a motion seeking approval of DIP financing. However, since the filing of the Motion on the Petition Date, Rothschild & Co has not received any indications of interest or competing proposals for DIP

2

financing. In addition, Rothschild & Co has not identified any potential lenders beyond those already contacted in the prepetition marketing process that may be interested in providing DIP financing at this time. Accordingly, no alternatives to the DIP Facility have emerged since the Petition Date.

7. As described in my Initial DIP Declaration, it is crucial that the Debtors have access to the DIP Facility in order to have the funds necessary to operate their businesses through the life of these Chapter 11 Cases. If the Final Order with respect to the DIP Motion is not approved at this time, the Debtors risk the occurrence of a number of potentially insurmountable obstacles. For example, without the DIP Facility funding the Debtors would not be able to, among other things, fund working capital, meet payroll obligations, pay suppliers, cover overhead costs, and make any other payments that are essential for the continued management, operation, and preservation of the Debtors' business.

8. I continue to believe the DIP Facility remains the Debtors' only viable option for DIP Financing. Because it is critical to continued operations of the Debtors' business, I continue to believe that entry of the Final Order is necessary to enhance the value of the Debtors' estates.

*[Remainder of page left intentionally blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: November 21, 2022

By: <u>*/s/ Homer Parkhill*</u>
Homer Parkhill
Co-Head of Restructuring, Partner
Rothschild & Co US Inc.

4