1 | Bruce Isaacs, Arbitrator
2 | SIGNATURE RESOLUTION, LLC
3 | 633 W. 5th Street, Suite 1000
4 | Los Angeles, CA 90071
5 | bisaacs@signatureresoution.com

**AMERICAN ARBITRATION ASSOCIATION**

**COMMERCIAL ARBITRATION TRIBUNAL**

| | |
|---|---|
| ORANGE BANG, INC., a California corporation; and MONSTER ENERGY COMPANY, a Delaware corporation, | AAA CASE NO. 01-20-0005-6081 |
| Claimants/Counter-Respondent, | **FINAL ARBITRATION AWARD - PHASE I AND PHASE 2** |
| vs. | |
| VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS, a Florida corporation, | |
| Respondent/Counter-Claimant. | |

1
FINAL ARBITRATION AWARD – PHASE 1 AND PHASE 2

Committee's Exhibit 8

whether this energy drink is a "creatine-based" product falling within the ambit of paragraph 7 C or whether it is not a "creatine-based" product falling within the ambit of paragraph 7 D?

At the arbitration hearing, both sides called various science experts to explain whether or not CLL is creatine and whether or not a product with CLL meets the "creatine-based" standard set forth in paragraph 7 of the 2010 Agreement. With respect to the question of whether or not CLL is creatine, VPX's expert, Guillermo Escalante ("Escalante")[11] and Monster / Orange Bang's expert, Richard Kreider ("Kreider"), both agreed that the two key questions that need to be answered in order to make that determination are: (1) Does the compound contain the **full** creatine molecule? (2) Does the compound increase the creatine levels in the body? Kreider Testimony, AHT, pp. 977:17 - 979:10; Escalante Testimony, AHT, p. 3584:10-17. With respect to the question of whether or not a product is "creatine-based", Escalante testified that this determination likewise turns on two questions (albeit related questions) and, as Escalante framed them: (1) Does the product have the creatine compound in it? (2) Does the product have enough of the creatine compound in it to elicit a positive response in the body? Escalante Testimony, AHT, p. 3579: 8 – 3586:13.

Based on this nearly-identical framing essentially agreed to by both sides, Escalante made some significant admissions, some of which can only be characterized as **stunning** and not helpful in advancing VPX's position in this case as follows:

- Escalante did not testify that CLL is a form of creatine. Rather, he testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Escalante Testimony, AHT, p. 3556:10 – 3559:3.

---

[11] Although Monster and Orange Bang elicited testimony indicating that Escalante may not be qualified or persuasive as an expert on the science issues raised in this case, and that he may be tainted by bias issues because he has rendered services as an influencer / promoter on behalf of VPX (Escalante Testimony, AHT, p. 3535 - 3550 ), VPX nevertheless put Escalante forward as its most important expert on issues relating to CLL, creatine and whether or not the "creatine-based" standard in the 2010 Settlement Agreement has been, or has not been, satisfied.

51
FINAL ARBITRATION AWARD – PHASE 1 AND PHASE 2

- Although Escalante testified that ███████████████ he testified that ███████████████ Escalante Testimony, AHT, p. 3559:20 – 3560:23.
- Although Escalante testified that ███████████████ he testified that ███████████████ Escalante Testimony, AHT, p. 3560:25 – 3561:24.
- **Escalante testified that as of his June 2021 deposition, he did not consider COP to be a type of creatine.** Escalante Testimony, AHT, p. 3565: 7 – 22; 3566: 18 - 25.
- Escalante testified that as a scientist he would want to know if CLL works in the human body in order to determine if it is a creatine supplement. Escalante Testimony, AHT, p. 3569: 25 – 3570: 25.
- Escalante testified that he has not conducted any studies on CLL.[12] Escalante Testimony, AHT, p. 3571:2-18.
- **Escalante testified that based on the scientific studies conducted on CLL to date, there is no evidence to support the efficacy of CLL.** Escalante Testimony, AHT, p. 3575:3-19.
- Escalante testified that ███████████████ Escalante Testimony, AHT, p. 3582:12-24.
- Escalante testified that he agrees that ███████████████ Escalante Testimony, AHT, p. 3583:5-21.[13]

---

[12] Escalante also acknowledged that independent studies are valid even if they are paid for by VPX or by Monster or, in other words, the fact that studies have a sponsor who pays for them does not negatively affect the independent, scientific integrity of such a study. Escalante Testimony, AHT, p. 3573: 4 – 3575:2.

[13] The manufacturing flow-chart for CLL, the recipe followed to process and manufacture CLL, ███████████████ See Exhibit 333, p. 21; Li Testimony, AHT, 1623:11-17. To reiterate the analogy raised during the arbitration hearing, if the recipe is for guacamole, but avocados are not used at the start, and avocadoes are not added at any time along the way, how can the end product still be guacamole?