2019 WL 1509180
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Ismail IMRAN, et al., Plaintiffs,
v.
VITAL PHARMACEUTICALS, INC., Defendant.
Kuumba Madison, Plaintiff,
v.
Vital Pharmaceuticals, Inc., Defendant.

Case No. 18-cv-05758-JST, Case No. 18-cv-06300-JST
|
Signed 04/05/2019

**Attorneys and Law Firms**

Reuben D. Nathan, Nathan & Associates, APC, Newport Beach, CA, Joel Dashiell Smith, Lawrence Timothy Fisher, Bursor & Fisher, P.A., Walnut Creek, CA, for Plaintiff Ismail Imran.

Lawrence Timothy Fisher, Joel Dashiell Smith, Bursor & Fisher, P.A., Walnut Creek, CA, Reuben D. Nathan, Nathan & Associates, APC, Newport Beach, CA, for Plaintiff Zach Hess.

Michael D. Kanach, Holly L.K. Heffner, Gordon Rees Scully Mansukhani LLP, San Francisco, CA, M. D. Scully, Timothy K. Branson, Gordon Rees Scully Mansukhani, LLP, San Diego, CA, for Defendant.

**ORDER DENYING MOTIONS TO TRANSFER AND GRANTING MOTION TO CONSOLIDATE**

Re: ECF Nos. 33, 34, 43

Re: ECF Nos. 37, 40

JON S. TIGAR, United States District Judge

 *1 Before the Court are motions to transfer filed by Defendant Vital Pharmaceuticals, Inc., d/b/a VPX Sports ("VPX") in two related cases, *Imran v. Vital Pharmaceuticals, Inc. ("Imran")*, 18-cv-05758-JST (N.D. Cal.), ECF No. 34, and *Madison v. Vital Pharmaceuticals, Inc. ("Madison")*, 18-cv-06300-JST (N.D. Cal.), ECF No. 40. Plaintiffs in both cases have filed a joint motion to consolidate the two cases and to appoint interim class counsel. *Imran*, ECF No. 43. For the reasons that follow, the Court will deny the motions to transfer, grant the motion to consolidate, and deny without prejudice the motion to appoint interim class counsel.

**I. BACKGROUND**

**A. Parties and Claims**

In their operative first amended complaint, the *Imran* Plaintiffs, Ismail Imran and Zach Hess, allege that VPX misrepresented the contents and effects of its line of BANG energy drinks. First Amended Complaint ("*Imran* FAC"), *Imran*, ECF No. 13 ¶¶ 1-10. Based on these representations, Plaintiffs assert putative class claims for (1) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (4) deceptive acts or practices under New York law, N.Y. Gen. Bus. Law § 349; (5) false advertising under New York law, N.Y. Gen. Bus. Law § 350; (6) breach of express warranty; (7) unjust enrichment; and (8) fraud. *Id.* ¶¶ 54-107.

Plaintiff Kuumba Madison likewise alleges that VPX's marketing of the BANG drinks is deceptive and false. Complaint ("*Madison* Compl."), *Madison*, ECF No. 1 ¶¶ 9-28. Like the *Imran* Plaintiffs, Madison also brings putative class claims for (1) violations of the UCL; (2) violations of the FAL; (3) violations of the CLRA; and (4) breach of express warranty. *Id.* ¶¶ 53-89. In addition, Madison asserts claims for breach of the implied warranty of merchantability and for a declaratory judgment. *Id.* ¶¶ 90-104.

**B. Procedural History**
The parties have identified *Imran* and *Madison* as two out of five false advertising class actions brought regarding BANG energy drinks. The *Imran* action was filed first, on September 19, 2018. *Imran*, ECF No. 1.

On October 12, 2018, Plaintiff Terrell Barker filed a similar putative class action in the Northern District of Illinois. *Barker v. Vita Pharmaceuticals, Inc.*, No. 18-cv-06898 (N.D. Ill.), ECF No. 1.

Committee's Exhibit

17

Three days later, on October 15, 2018, attorneys from those same three firms representing Barker filed the *Madison* action in this district. *Madison*, ECF No. 1 at 30-31.

Two more actions were subsequently filed in the Southern District of Florida. *St. Fort-Nwabuku v. Vital Pharmaceuticals, Inc.*, was filed on November 19, 2018. *St. Fort-Nwabuku*, No. 18-cv-62823-RNS (S.D. Fla.), ECF No. 1. *Nguyen v. Vital Pharmaceuticals, Inc.*, was filed January 30, 2019. *Nguyen*, No. 19-cv-60261-DPG (S.D. Fla.), ECF No. 1.[1]

**\*2** On November 26, 2018, the Court granted Madison's motion to relate the two cases. *Imran*, ECF No. 22. VPX then filed motions to transfer *Imran*, *Barker*, and *Madison* to the Southern District of Florida. *Imran*, ECF No. 34; *Barker*, ECF Nos. 37, 38; *Madison*, ECF No. 40. Barker voluntarily dismissed his claims without filing an opposition to the transfer motion. *Barker*, ECF Nos. 40, 41.

As for *Imran* and *Madison*, the Court continued the hearings on the respective motions to the same date. *Madison*, ECF No. 42. Pursuant to the schedule set by the Court, the *Imran* and *Madison* Plaintiffs then filed a motion to consolidate the two cases and to appoint interim lead class counsel. *Imran*, ECF No. 43.

All three motions have now been fully briefed. The Court addresses them in turn.[2]

## II. JURISDICTION

Based on Plaintiffs' uncontested plausible allegations, the Court has subject matter jurisdiction over these actions under the Class Action Fairness Act of 2005 ("CAFA") because the putative class includes at least 100 members, the parties and class members are minimally diverse, and the amount in controversy exceeds $ 5,000,000. 28 U.S.C. § 1332(d).

## III. MOTIONS TO TRANSFER

### A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.' " (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ) ).

Courts considering transfer must engage in a two-step analysis. First, courts determine whether the action could have been brought in the target district. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, courts "weigh in the balance a number of case-specific factors" to undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org.*, 487 U.S. at 29 (second quoting *Van Dusen*, 376 U.S. at 616). The factors the Court should consider include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 498-99. The moving party bears the burden of showing that the transferee district is the more appropriate forum for the action. *Jones*, 211 F.3d at 499.

### B. Discussion

Case 22-17842-PDR Doc 458-17 Filed 11/29/22 Page 58 of 114

**Imran v. Vital Pharmaceuticals, Inc., Not Reported in Fed. Supp. (2019)**

### 1. *Madison*

#### a. Venue in the Target District

**\*3** Transfer is permissible only if this action could have been brought in the Southern District of Florida. "A district court is one in which an action could have been brought originally if (1) it has subject matter jurisdiction; (2) defendants would have been subject to personal jurisdiction; and (3) venue would have been proper." *Duffy v. Facebook, Inc.*, No. 16-CV-06764-JSC, 2017 WL 1739109, at \*3 (N.D. Cal. May 4, 2017) (citing *Hoffman*, 363 U.S. at 343).

Here, VPX argues, and Madison does not dispute, that this action could originally have been brought in the Southern District of Florida. *Madison*, ECF No. 40 at 10-11; *Madison*, ECF No. 46 at 6. Proper venue and personal jurisdiction exist in that district because VPX maintains its corporate headquarters in Weston, Florida. *See* 28 U.S.C. § 1391(c)(2); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Accordingly, the Court finds that this case could have been brought in the Southern District of Florida.

#### b. Plaintiff's Choice of Forum

Madison has elected to file his lawsuit in the Northern District of California. Ordinarily, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). When, as here, "an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Nevertheless, because the named plaintiff resides in the Northern District of California and some of the operative events occurred in this district, Madison's "choice of forum is [still] entitled to deference, even though this factor is accorded less weight in a class action context." *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, No. 14-CV-05596-JST, 2015 WL 1738269, at \*3 (N.D. Cal. Apr. 9, 2015); *cf. Lucas v. Daiichi Sankyo Co.*, No. C 11-0772 CW, 2011 WL 2020443, at \*3 (N.D. Cal. May 24, 2011) ("Lucas's choice of forum in this action is entitled to reduced deference because he seeks to represent a class and he has filed his complaint in a district *outside of the district in which he is domiciled*." (emphasis added) (citing *Lou*, 834 F.2d at 739) ). Such deference is warranted because Madison is "currently the only plaintiff[ ]" in his case and "even if a nationwide class were certified," he "would still bear a fiduciary responsibility to lead the class." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007).

VPX argues that, although Madison resides in this district, the forum otherwise has little connection to the operative facts of this litigation. *Madison*, ECF No. 40 at 14. "In determining the appropriate amount of deference to accord plaintiff's choice of forum, courts must consider the extent of the parties' contacts with the chosen forum, including contacts relating to the plaintiff's cause of action." *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at \*3 (N.D. Cal. Mar. 25, 2014). VPX contends that Madison's forum choice deserves less weight because Madison allegedly purchased BANG from a website, http://www.vitaminshoppe.com, and much of VPX's purportedly false advertising occurred online as well. *Madison* Compl. ¶¶ 7, 11, 14-15, 17-19. The Court does not find the online nature of Madison's purchase material to determining the weight of his chosen forum. Although it is unclear whether Madison completed his purchase from within this district or viewed VPX's advertising from here, there is also no indication that Madison's choice to sue in his home forum is an attempt to avoid a different district where those events took place. *Cf. Hendricks*, 2014 WL 1245880, at \*3 ("The fact that a plaintiff lives in the transferor district and purchased the product at issue there suggests that plaintiff is not forum shopping.").

**\*4** VPX also emphasizes that its nationwide marketing creates similar contacts with every district and that it has more substantial contacts with the Southern District of Florida. *Madison*, ECF No. 40 at 14-15. These facts do not negate VPX's contacts with this forum. *See Hendricks*, 2014 WL 1245880, at \*4 (explaining that courts "consider the parties' contacts with the forum, not whether those contacts are unique or whether the parties have contacts with other forums") (quoting *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011) ).

Accordingly, while the weight of Madison's choice of forum is somewhat lessened by the factors noted above, the Court still gives it substantial deference.

#### c. Convenience of Parties

Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011) (quoting *Van Dusen*, 376 U.S. at 646). Transfer "should not be granted if the effect is simply to shift the inconvenience to the plaintiff." *Id.* (citing *Decker Coal*, 805 F.2d at 843). "Defendants must show that the balance of conveniences weighs heavily in favor of transfer in order to overcome the strong presumption in favor of plaintiff's choice of forum." *Id.*

VPX stresses that it will be burdensome to litigate in this district because its South Florida-based CEO John Owoc's "absence from the company to travel to and participate in litigation in Northern California will cause considerable disruption to [VPX's] business operations." *Imran*, ECF No. 34-3 ¶ 4. But transfer to Florida would simply shift the cross-country travel burden to Madison. *See Adobe Sys.*, 2011 WL 566812, at *9. Contrary to VPX's assertions, the Court does not require particularized evidence to credit Madison's representation that cross-country travel would create an equivalent burden for him. *See Van Slyke*, 503 F. Supp. 2d at 1363 (assessing convenience to parties based on distance without extensive review of financial condition).

The Court therefore concludes that this factor is neutral.

#### d. Convenience of Witnesses

"The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a motion to transfer venue under § 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) ). To evaluate this factor, "courts must consider not only the number of witnesses, but also the nature and quality of their testimony." *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-CV-04384-JST, 2019 WL 1024962, at *6 (N.D. Cal. Mar. 4, 2019) (quoting *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) ). Furthermore, when "establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Hendricks*, 2014 WL 1245880, at *3 (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007) ).

VPX asserts that "all current VPX employees with knowledge potentially relevant to the material allegations" in this litigation reside in Florida. *Imran*, ECF No. 34-2 ¶ 5. Further, VPX identifies four material non-party witnesses, three of whom reside in Florida: (1) Peter Cinieri, VPX's former CFO; (2) Chantal Salas, VPX's former Marketing Coordinator; and (3) Nora Higuera, VPX's former Research & Development Senior Food Scientist. *Id.* ¶ 6. In addition, Eric Hillman, the CEO of a major distributor of BANG energy drinks, lives in North Carolina. *Id.*

*\*5* Madison has agreed to conduct depositions where these witnesses reside. *Madison*, ECF No. 46 at 11. This "creates less of a burden on defendants to litigate in the Northern District because defendants' witnesses would only have to travel for trial." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 779 (N.D. Cal. 2014). Moreover, as to the employee witnesses, their convenience is "entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *Bakhtiar v. Info. Res., Inc.*, No. 17-CV-04559-JST, 2018 WL 1014616, at *3 (N.D. Cal. Feb. 22, 2018) (quoting *Lax*, 65 F. Supp. 3d at 779). The Court nonetheless acknowledges that VPX's witnesses will incur burdens in attending trial and the identified non-party witnesses will be outside the range of the Court's trial subpoena power, although the three former VPX employees would be subject to subpoena in the Southern District of Florida. *See Cedillo v. Transcor Am., LLC*, No. C 08-00941, 2013 WL 4565826, at *3 (N.D. Cal. Aug. 27, 2013); Fed. R. Civ. P. 45(c)(1).[3]

Accordingly, this factor weighs slightly in favor of transfer.

#### e. Ease of Access to Evidence

Courts generally do not regard "the transportation of documents ... as a burden because of technological advances in document storage and retrieval." *Hendricks*, 2014 WL

Case 22-17842-PDR Doc 458-17 Filed 11/29/22 Page 5 of 10

Imran v. Vital Pharmaceuticals, Inc., Not Reported in Fed. Supp. (2019)

[1245880, at \*4](...) (citing [Van Slyke, 503 F. Supp. 2d at 1362](...)). While this diminishes the weight of this factor in the transfer determination, ease of access to the evidence remains a factor to consider. [Roe v. Intellicorp Records, Inc.](...), No. 12-CV-0256-YGR, 2012 WL 3727323, at \*3 (N.D. Cal. Aug. 27, 2012) (citing [Patent Mgmt. Found., LLC v. Analog Devices, Inc.](...), Case No. C-10-3620 SBA, 2011 WL 197831, at \*4 (N.D. Cal. Jan. 20, 2011) ).

VPX represents that all of its records are maintained at its South Florida headquarters, including documents not available in electronic format. *Imran*, ECF No. 34-2 ¶ 4. Moreover, VPX posits, this litigation will require on-site access to its warehouse and laboratory, which are likewise in South Florida. *Id.* ¶¶ 9-10.

Madison's only answer is to argue that this factor deserves no weight due to the ease of electronic transfer. *Madison*, ECF No. 46 at 13. But although "[c]ourts in this district have expressed different views on the continuing relevance of this factor," this Court has not dispensed with this factor altogether. *Bakhtiar*, 2018 WL 1014616, at \*4; *see also Broker Sols., Inc.*, 2019 WL 1024962, at \*6 ("Although the ease of electronic discovery reduces the importance of this factor, 'costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored.' ") (quoting [Park v. Dole Fresh Vegetables, Inc.](...), 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ). Madison also does not address the potential need for onsite access to VPX's facilities.

Under these circumstances, this factor also weighs slightly in favor of transfer.

### f. Familiarity of Each Forum with Governing Law

With one exception, Madison's claims arise under California law.[4] "While federal courts in [other districts] are fully capable of applying California law, this Court is more familiar with California law." *Bakhtiar*, 2018 WL 1014616, at \*4. VPX contends that the Court's familiarity with the governing law will not be particularly useful in this case because the dispositive issues will be predominantly factual. *Madison*, ECF No. 40 at 20-21. At this stage, the Court cannot conclude that VPX's prediction is likely correct.

**\*6** Therefore, this factor weighs slightly against transfer.

### g. Any Local Interest in Controversy

In evaluating the interests of justice, a court may consider the "local interest in having localized controversies decided at home." [Decker Coal](...), 805 F.2d at 843 (quoting [Piper Aircraft Co. v. Reyno](...), 454 U.S. 235, 241 n.6 (1981) ).

Here, both districts have some local interest in deciding this case. As VPX points out, Southern District courts have an interest in curbing fraudulent practices by "a business that is headquartered in that district and that employs residents of that district." [Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.](...), No. 14-CV-00796-JST, 2014 WL 4674666, at \*6 (N.D. Cal. Sept. 15, 2014) (citing [Bloom v. Express Servs. Inc.](...), No. C 11-00009 CRB, 2011 WL 1481402, at \*5 (N.D. Cal. Apr. 19, 2011) ). But this district has a countervailing interest in protecting local residents from those practices. *See* [Alul v. Am. Honda Motor Co., Inc.](...), No. 16-CV-04384-JST, 2016 WL 7116934, at \*5 (N.D. Cal. Dec. 7, 2016) (distinguishing *Pierce-Nunes* because "none of the named plaintiffs lived or purchased the allegedly defective products in the Northern District"). Moreover, VPX overstates the nationwide nature of Madison's claims. All of his claims for damages are brought under California law on behalf of a putative class of California consumers. *See Madison* Compl. at 18-27. As compared to the Southern District of Florida, this Court is a more appropriate venue for adjudication of these claims.

Accordingly, this factor weighs against transfer.

### h. Relative Court Congestion

"The real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." [Gates Learjet Corp. v. Jensen](...), 743 F.2d 1325, 1337 (9th Cir. 1984); *Hendricks*, 2014 WL 1245880, at \*6. The Court grants VPX's request for judicial notice, ECF No. 40 at 20 n.14, of statistics showing that the median time from filing to disposition for civil cases was 3.9 months in the Southern District of Florida for the 12-month period ending September 30, 2018, compared to 7.2 months in this district. *See* U.S. District Courts – Federal Court Management Statistics – Comparison Within Circuit (Sept. 30, 2018), https://www.uscourts.gov/

Case 22-17842-PDR Doc 458-17 Filed 11/29/22 Page 6 of 14

Imran v. Vital Pharmaceuticals, Inc., Not Reported in Fed. Supp. (2019)

file/24854/download (accessed Mar. 21, 2019). Similarly, civil cases went from filing to trial in 16.5 months in the Southern District of Florida and 30.9 months in this district over that same period. *See id.* The Southern District does, however, have a higher weighted caseload per judge. *See id.* (showing 721 weighted filings per judge in the Southern District of Florida and 622 weighted filings per judge in the Northern District of California during this period).

Thus, while the Southern District appears to have a marginally more crowded docket, its cases have also moved faster. The Court therefore concludes that this factor weighs slightly in favor of transfer.

### i. Feasibility of Consolidation

Finally, noting that two similar cases − *Fort-Nwabuku* and *Nguyen* – are currently pending in the Southern District of Florida, VPX urges the Court to transfer *Madison* and *Imram* so that all four cases may be consolidated. ECF No. 40 at 11-13. Stressing the benefits to judicial efficiency, VPX contends that the possibility of consolidation is entitled to conclusive weight. *Id.* Madison counters that some judicial efficiency may still be gained by granting the *Madison* and *Imram* Plaintiffs' motion to consolidate those two cases before this Court. ECF No. 46 at 14. Moreover, Madison notes, *Imran* and *Madison* were filed before both Florida cases. *Id.*

 ***7** As a general rule, "[t]he feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974) (citing *Van Dusen*, 376 U.S. 612). Nevertheless, several factors here convince the Court that possible consolidation in the Southern District of Florida does not warrant upsetting Plaintiffs' choice of forum. [5]

First, the Ninth Circuit has explained that "[n]ormally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *see also R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 976 (9th Cir. 2011) (noting that "courts generally give preference to the first-filed case among concurrent federal court proceedings"). As VPX notes, the "classic formulation" of this first-to-file doctrine "permits a district court to decline jurisdiction over a matter if a complaint has already been filed in another district." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016); *see also Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("The 'first to file' rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal court."). "Normally, when 'cases involving the same parties and issues have been filed in two different districts,' it is 'the *second* district court' that exercises its 'discretion to transfer, stay, or dismiss the *second* case in the interest of efficiency and judicial economy' " *Nat'l Union Fire Ins. Co. of Pittsburgh v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *7 (N.D. Cal. Aug. 9, 2012) (emphasis in original) (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) ). Thus, a typical "first-to-file" argument to transfer, stay, or dismiss would be made to the *Fort-Nwabuku* and *Nguyen* courts. VPX has not raised that argument there, nor have the *Madison* or *Imran* Plaintiffs attempted to intervene to do so.

But it does not follow, as VPX suggests, that the first-filed court should ignore those considerations in ruling on a motion to transfer. Rather, "the court with the first-filed action ... should normally weigh the balance of convenience and any other factors that might create an exception to the first-to-file rule." *Juniper Networks, Inc. v. Mosaid Techs. Inc.*, No. C 11-6264 PJH, 2012 WL 1029572, at *2 (N.D. Cal. Mar. 26, 2012) (citing *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ); *see also Pacesetter*, 678 F.2d at 96 ("[N]ormally the [convenience] argument should be addressed to the court in the first-filed action."); *Power Integrations, Inc. v. ON Semiconductor Corp.*, No. 16-CV-06371-BLF, 2017 WL 1065334, at *3 (N.D. Cal. Mar. 21, 2017) (second-filed court staying action to await first-filed court's disposition of motion to transfer). In other words, the Court should apply the default preference for the first-filed forum, *see Pacesetter*, 678 F.2d at 95, and grant transfer only if the normal § 1404(a) factors reveal that a later-filed forum is clearly more convenient. [6] Accordingly,

Case 22-17842-PDR Doc 458-17 Filed 11/29/22 Page 62 of 114

**Imran v. Vital Pharmaceuticals, Inc.**, Not Reported in Fed. Supp. (2019)

possible consolidation in the Southern District of Florida is not independently dispositive of this motion.

**\*8** Second, the Court observes that, at this juncture, transfer to Florida is not the exclusive means available to realize the efficiency gains of consolidation. This is not a case where the later-filed court has denied transfer, and the "the only feasible solution is to grant" transfer to that district. *Henry v. Home Depot U.S.A., Inc.*, No. 14-CV-04858-JST, 2016 WL 4538365, at \*5 (N.D. Cal. Aug. 31, 2016). Nor are the Florida actions further along, which would weigh in favor of transfer. *Cadenasso v. Metro. Life Ins. Co.*, No. 13-CV-05491-JST, 2014 WL 1510853, at \*7-8 (N.D. Cal. Apr. 15, 2014) (reasoning that the case pending in the transferee district was "far more advanced than this case, as the parties have already engaged in extensive discovery and are preparing for trial"); *see also Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (recognizing "an exception to the first-to-file rule, where a second-filed matter has proceeded far beyond a first-filed matter"). Like these cases, both Florida cases are still in their infancy. There has been no substantive motion practice and VPX has not responded to the operative complaint in either case. *See Fort-Nwabuku*, ECF No. 22 (granting extension until April 15, 2019, to respond); *Nguyen*, ECF No. 9 (same). Neither the *Fort-Nwabuku* court nor the *Nguyen* court have addressed the question of the appropriate forum; indeed, consolidation has not been raised in either case. Finally, even if the actions are not consolidated in one forum for all purposes, multi-district coordination remains an option. *See* 28 U.S.C. § 1407.[7]

In sum, the factors favoring transfer do not outweigh Madison's choice of forum and the benefits of retaining his California law claims. Nor has VPX provided a convincing reason to deviate from the preference for the first-filed forum. Accordingly, the Court denies VPX's motion to transfer venue in *Madison*.

### 2. Imran

Given that the Court denies the motion to transfer *Madison* and concludes that consolidation with *Imran* is appropriate, a separate § 1404(a) analysis for *Imran* appears unnecessary. Moreover, in light of the similarities between the two actions, the analysis for most factors is precisely the same. The Court nonetheless briefly addresses arguments VPX raises that are unique to *Imran*.

VPX offers additional reasons why the *Imran* Plaintiffs' choice of forum deserves less weight. First, VPX notes that Imran resides in the Eastern District of California, while Hess resides in the Southern District of New York. *Imran*, ECF No. 34 at 20; *Imran* FAC ¶¶ 17, 21. But Imran purchased VPX's products in this district, *Imran* FAC ¶ 17, which also entitles his forum choice to deference. *See Alul*, 2016 WL 7116934, at \*2. And while Hess resides in New York, "[t]he fact that not all the named Plaintiffs have a connection to this district 'does not undermine the weight to be given plaintiffs' choice of forum.' " *Id.* at \*3 (quoting *Lax*, 65 F. Supp. 3d at 778). The analysis might perhaps be different in the absence of Madison as a plaintiff, but those are not the facts in this consolidated case.

Second, VPX suggests that Plaintiffs' counsel filed in this district to avoid an unfavorable ruling in *Karhu v. Vital Pharmaceuticals, Inc.*, where a Southern District of Florida court denied class certification in a different action against VPX involving "a dietary supplement called VPX Meltdown Fat Incinerator." No. 13-60768-CIV, 2014 WL 815253, at \*1 (S.D. Fla. Mar. 3, 2014), *aff'd*, 621 F. App'x 945 (11th Cir. 2015). Deeming this "forum-shopping," VPX argues that Plaintiffs' choice of forum merits no deference. *Imran*, ECF No. 34 at 21-22. The Court agrees that "[w]here forum-shopping is evident ... courts should disregard plaintiff's choice of forum." *Alul, Inc.*, 2016 WL 7116934, at \*3 (quoting *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at \*2 (N.D. Cal. Dec. 14, 2007) ). But "[a]ttempting to achieve tactical advantage in the choice of a forum ... is a perfectly legitimate goal in an adversarial system of justice, so long as Plaintiffs are not trying to escap[e] a prior unfavorable ruling in [their] own case." *Id.* (second and third alterations in original) (internal quotation marks and citation omitted). Choosing a different forum for this case, which does not relate to the same product at issue in *Karhu*, does not raise an inference that Plaintiffs are avoiding an unfavorable ruling in their *own* case.

**\*9** Finally, while VPX emphasizes that *Imran* includes a New York plaintiff and New York causes of action, *Imran*, ECF No. 34 at 30, these facts do not significantly weaken the California interests involved. Nor do they make a stronger case for Florida's interest in the controversy.

Accordingly, the Court also denies VPX's motion to transfer venue in *Imran*.

## IV. MOTION TO CONSOLIDATE

### A. Legal Standard

Rule 42(a) provides that a court may consolidate cases which "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting *Sw. Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 806-07 (N.D. Cal. 1989) ).

### B. Discussion

Given that the *Imran* and *Madison* Plaintiffs have moved to consolidate, *Imran*, ECF No. 43, and VPX argues that the cases should be transferred to Florida for consolidation, there is no dispute that consolidation is appropriate. In light of the overlapping nature of the factual allegations and the legal claims, the Court agrees as well. *See Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (finding consolidation appropriate where "[b]oth actions share the same proposed class, the same legal claims for the same class period, the same Defendants, and nearly identical factual allegations").

VPX's only argument in opposition to this motion is that consolidation is premature until the Court resolves the motions to transfer. *Imran*, ECF No. 47 at 3-5. Because that point is now moot, the Court grants the motion to consolidate.

## V. MOTION TO APPOINT CLASS COUNSEL

### A. Legal Standard

Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Wang v. OCZ Technology Grp., Inc.*, Case No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory committee's note to 2003 amendment). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litig., § 21.11 (4th ed. 2004).

Federal Rule of Civil Procedure 23(g)(1)(A) requires that courts consider the following factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court looks to those factors in designating interim class counsel as well. *See Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply[.]"); *In re Air Cargo Shipping Serv. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[I]t appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.").

### B. Discussion

\*10 Plaintiffs propose that the Court appoint three firms as co-interim class counsel. *Imran*, ECF No. 43 at 5. Two firms, Nathan & Associates and Bursor & Fisher, P.A., currently represent Imran and Hess. The third, Barbat, Mansour & Suciu PLLC, is one of four firms representing Madison. The Court concludes that approval of this proposal is premature.

First, Plaintiffs do not indicate that these appointments are required to resolve "any rivalry between the [involved] firms, nor any uncertainty as to their respective roles." *In re Nest Labs Litig.*, 2014 WL 12878556, at *2. "Counsel here have never alleged that they considered competing with one another, and it appears to the court that counsel intended to cooperate with one another from the start of the case, rendering appointment of interim class counsel unnecessary." *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW,

Case 22-17842-PDR Doc 458-17 Filed 11/22/22 Page 9 of 14

Imran v. Vital Pharmaceuticals, Inc., Not Reported in Fed. Supp. (2019)

2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016). The Court also does not see why appointing three of the six firms involved in these actions will result in significant efficiency gains.

Second, Plaintiffs suggest that appointment is necessary because "there is 'uncertainty' about who is acting on behalf of the putative class because this action has spawned two copycat cases in Florida." *Imran*, ECF No. 43 at 7. But Plaintiffs have not demonstrated that appointing interim counsel in the consolidated action before this Court – where the *Fort-Nwabuku* and *Nguyen* firms have not had an opportunity to weigh in – is the appropriate vehicle for eliminating this uncertainty. See *Burns v. Navistar, Inc.*, No. 10CV2295-LAB (BGS), 2011 WL 13071147, at *2 (S.D. Cal. Feb. 24, 2011) (denying appointment of interim counsel based on action pending in another district and explaining that "[i]n any event, the solution isn't for this Court to announce that only Plaintiff and The Katriel Firm have authority to speak on behalf of a putative class of California plaintiffs"). Indeed, courts have recognized that the "typical situation requiring appointment of interim class counsel is one 'where a large number of putative class actions have been consolidated or otherwise are pending in a single court.' " *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014) (quoting *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) ). Accordingly, it may be premature to appoint interim counsel based on "actions pending in other districts [that] are not yet before this Court." *Nutz for Candy v. Ganz, Inc.*, No. C 08-2873 JSW, 2008 WL 4332532, at *2 (N.D. Cal. Sept. 19, 2008).[8] As explained above, it remains to be seen how the Florida actions will develop, and whether they will continue to proceed simultaneously in a different court. For example, the Florida court may decide to transfer those actions to this district under the first-to-file rule. E.g., *Lianne Yao v. Ulta Beauty Inc.*, No. 18-22213-CIV, 2018 WL 4208324, at *4 (S.D. Fla. Aug. 8, 2018); *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013).

**\*11** Finally, if the Court were to appoint interim lead counsel, it would be unlikely to appoint three different firms for that role. See *Kristin Haley v. Macy's, Inc.*, No. 15-CV-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016) (declining to appoint as interim co-lead counsel "three firms represent[ing] counsel for three of the four consolidated cases"); *In re Nest Labs Litig.*, 2014 WL 12878556, at *2 (explaining that, in the absence of inter-firm conflict, "greater efficiency and clarity can only be realized if the Court appoints *one* firm as interim class counsel").

The Court therefore denies Plaintiffs' motion to appoint interim counsel.

## CONCLUSION

In sum, the Court denies VPX's motions to transfer, grants Plaintiffs' motion to consolidate, and denies without prejudice Plaintiffs' motion to appoint interim class counsel.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1509180

## Footnotes

1     In addition, one of Vital Pharmaceutical's competitors, ThermoLife International, LLC, has filed a case in the District of Arizona asserting that those same misrepresentations violate the Lanham Act. *ThermoLife Int'l, LLC v. Vital Pharmaceuticals, Inc.*, 18-cv-03233-SPL (D. Ariz.), ECF No. 1.

2     VPX also filed administrative motions to stay proceedings pending resolution of its motions to transfer. *Imran*, ECF No. 33; *Madison*, ECF No. 37. The Court DENIES the motions as moot.

Case 2:21-cv-18242-FLW Doc 52-17 Filed 12/02/22 Page 51 of 110
Case 2:21-cv-18842-EP-JBR Doc 45-17 Filed 11/29/22 Page 51 of 110

**Imran v. Vital Pharmaceuticals, Inc., Not Reported in Fed. Supp. (2019)**

3   Although VPX characterizes North Carolina as "nearby," ECF No. 47 at 16, there is no evidence that the Southern District of Florida is "within 100 miles of where [Hillman] resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A).

4   Madison brings one claim for declaratory relief on behalf of a nationwide class. *Madison* Compl. ¶¶ 97-104.

5   The Court considers *Madison* and *Imran* together for the purposes of this factor because, as explained below, it concludes that consolidation of these two actions is appropriate.

6   VPX does not contend that any other exceptions to the first-to-file rule apply. See Alltrade, 946 F.2d at 628 (discussing bad faith, anticipatory suit, and forum-shopping exceptions).

7   By contrast, in *Hawkins v. Gerber Products Co.*, on which VPX repeatedly relies, five actions, including the first-filed action, had already been consolidated in the transferee district. 924 F. Supp. 2d 1208, 1213 (S.D. Cal. 2013). In addition, the Judicial Panel on Multidistrict Litigation had declined to centralize the various cases. Id. at 1212.

8   At the hearing, the *Imran* Plaintiffs' counsel identified the *In re 5-Hour Energy Marketing* case as an example where appointment of interim lead counsel was appropriate even though similar cases were pending in more than one district. That case does not assist Plaintiffs: while *In re 5-Hour Energy Marketing* involved 16 cases that *originated* from different districts, all of the cases had been consolidated for pretrial purposes before Judge Gutierrez by the Judicial Panel on Multidistrict Litigation. In re 5-Hour Energy Mktg. v. Innovation Ventures, LLC, No. CV134001PSGPLAX, 2013 WL 12134144, at *1 (C.D. Cal. Nov. 8, 2013). Thus, at the time of Judge Gutierrez's order appointing interim lead counsel, all the cases were before him.

---

**End of Document**                                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.