| | |
|---|---|
| **Andrew Sorkin**<br>Direct Dial: 1.202.637.3302<br>Andrew.Sorkin@lw.com | 555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004-1304<br>Tel: +1.202.637.2200  Fax: +1.202.637.2201<br>www.lw.com |

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

November 14, 2022

**VIA EMAIL**

Jeffrey Cohen
1251 Avenue of the Americas
New York, NY 10020
jcohen@lowenstein.com

Re: *In re Vital Pharmaceuticals, Inc., et al.* (the "Debtors" or "Company"),
Case No. 22-17842 (PDR) (Bankr. S.D. Fla.)

Dear Mr. Cohen:

We write on behalf the Debtors in response to your November 10, 2022 letter. The Debtors understand that the Official Committee of Unsecured Creditors (the "Committee") is currently engaged in diligence concerning the Debtors more broadly, including as to governance-related issues and the Debtors' Boards of Directors and/or Managers (as applicable, and collectively, the "Board"). However, your demand that the Debtors remove certain members from the Board is unfounded. We are aware of no legal basis for the Committee to demand reconstitution of the Board or expansion of the authority of the Restructuring Committee, and your letter does not suggest otherwise, particularly on the present record.

First and foremost, your letter raises no concerns about any particular action taken by the Board, or Dr. Escalante or Mr. Hillman specifically. In the event the Committee has a concern about specific Board actions, we welcome further dialogue.

Moreover, the pre-existing relationships between Dr. Escalante and Mr. Hillman and the Debtors do not seriously call into question those members' ability to act impartially in their present roles, and are certainly not "*per se* disqualifying." Neither Dr. Escalante nor Mr. Hillman is a current or former employee of the Debtors. They are not currently being compensated by the Debtors, or Mr. Owoc, other than in their capacities as Board members. The Committee asserts that the facts that Dr. Escalante previously served as a litigation expert for the Company and published an article relating to the Company's products "disqualify Dr. Escalante from the Board." Ltr. at 2. But neither serving as an expert, or publishing an article, equates to lack of impartiality. As for Mr. Hillman, there is likewise no support for the bald assertion that he cannot make independent decisions because of his role with a distributor of the Debtors' products. We are not aware of any authority that deems prior business dealings with the Debtors "*per se* disqualifying" (Ltr. at 3), and your letter identifies none. We also disagree with the suggestion that the Debtors' declaration submitted in support of certain "first day" relief mischaracterizes Dr. Escalante and Mr. Hillman's affiliations. Ltr. at 1. Indeed, there are no suggestions that either Dr. Escalante nor

Committee's Exhibit

24

**Jeffrey Cohen**
**November 14, 2022**
**Page 2**

# LATHAM&WATKINS LLP

Mr. Hillman meets any of the criteria to be considered an "affiliate" under the Bankruptcy Code. *See* 11 U.S.C § 101(2).

Notwithstanding our strong disagreement with your characterization of the Board and certain of its members, we are hopeful that we can engage in a constructive dialogue on this topic and, while we believe the requests for documents and information in your letter are overbroad, would be to make ourselves available for a call to address any additional information the Committee believes it needs on this topic.

Best regards,

*/s/ Andrew Sorkin*
Andrew Sorkin
of LATHAM & WATKINS LLP