UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERALE DIVISION
www.flsb.uscourts.gov

In re:

| | | |
|---|---|---|
| Vital Pharmaceuticals, Inc. | Case Nos.: | 0:22-bk-17842-PDR |
| Bang Energy Canada, Inc. | | 0:22-bk-17844-PDR |
| JHO Intellectual Property Holdings, L.L.C. | | 0:22-bk-17845-PDR |
| JHO Real Estate Investment, L.L.C. | | 0:22-bk-17847-PDR |
| Quash Seltzer, L.L.C. | | 0:22-bk-17848-PDR |
| Rainbow Unicorn Beverage, L.L.C. | | 0:22-bk-17849-PDR |
| Vital Pharmaceuticals International Sales, Inc. | | 0:22-bk-17850-PDR |

Chapter 11 Cases
Debtors.                                 *jointly administered under 22-17842*
_____/

**UNITED STATES TRUSTEE
PRELIMINARY OBJECTION TO THE MOTION TO DIRECT
THE UNITED STATES TRUSTEE TO APPOINT A
<u>SECOND OFFICIAL COMMITTEE OF UNSECURED CREDITORS (D.E. # 408)</u>**

This Honorable Court should deny the Motion (D.E. # 408) filed by a select group of

creditors holding unsecured claims ("Movants")[1] seeking this Bankruptcy Court to enter an order

directing the United States trustee ("U.S. trustee") to appoint an additional official committee of

creditors holding unsecured claims because the Movants are not satisfied with being a part of the

Official  Committee of Unsecured Creditors ("Official Committee").[2] The Official Committee,

as reconstituted by the U.S. trustee, assures adequate representation of creditors holding

unsecured claims. The Movants, representing a select group of unsecured creditors, all hold

nothing more than general unsecured claims. There is no statutory basis or public policy

_____

[1] Collectively, the Movants include Monster Energy Co. ("Monster"); Orange Bang Inc.; The American Bottling Co., Inc.; Sony Music Entertainment; and UMG Recordings, Inc.
[2] After the U.S. trustee reconstituted the Official Committee, the unsecured creditors, The American Bottling Co., Inc., and Warner Music, resigned from their appointment.

supporting their argument for separate disparate treatment from all creditors holding unsecured claims.

The Movants do not present any facts alleging or inferring that the Official Committee is unable, unwilling, or impotent to carry out their fiduciary obligations to all creditors holding unsecured claims, which include the Movants. Finally, the additional relief that the Movants appear to seek, namely an order directing the U.S. trustee to appoint a specific creditor to an official committee, is not supported by statute.

The U.S. trustee submits that it is counterintuitive to appoint a second official committee of general unsecured creditors. Such appointment would constitute needless duplication, overlap, and redundancy of the Official Committee. In support of this objection, the U.S. Trustee asserts the following:

### *Preliminary Background Facts*

Under 11 U.S.C. § 1102(a)(1), on November 1, 2022, the U.S. trustee appointed the Official Committee made of seven members.[3]  On November 23, 2022, the U.S. trustee reconstituted the Official Committee to add additional creditors holding unsecured claims to assure adequate representation of all general unsecured creditors.[4] Shortly thereafter, certain members of the Movants, The American Bottling Company and Warner Music Group Corp., resigned from the Official Committee. The Movants now come before this Bankruptcy Court requesting that a second committee be appointed, stating the Official Committee does not assure adequate representation of all unsecured creditors—after voluntarily resigning from it. They ask the Court to direct the U.S. trustee to appoint a second committee of unsecured creditors and

---

[3] ECF #245.
[4] ECF #400.

appear to seek an order requiring the U.S. trustee to appoint to the second committee, at a minimum, the largest creditor in these cases.

On November 28, 2022, the Debtors filed their "Notice of Intent to File a Response" to the Motion, indicating that due to the shortness of time between the filing of the Motion and the hearing, they require additional time to formulate a written response, and requested a scheduling order to include deadlines for responses and replies. The Official Committee joined in the request.[5] The Court has set the Motion for a preliminary hearing on December 6, 2022, with the intent to discuss general issues and further scheduling, briefing, and if necessary, discovery.

### *Statutory Predicate for Relief*

The sole statutory predicate for the relief the Movants seek is 11 U.S.C. § 1102(a)(2), which provides that:

> On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

11 U.S.C. § 1102(a)(2).

### *Burden of Proof and Persuasion*

Because the Movants seek the entry of an order under § 1102(a)(2), they must establish, by a preponderance of the evidence, that the reconstituted Official Committee does not assure all creditors holding unsecured claims with adequate representation.[6] Although the Movants' burden of proof is only the preponderance of the evidence, an order directing the appointment of additional committees is an extraordinary remedy that courts are reluctant to grant.[7] The Movants

---

[5] ECF #416.
[6] *In re Residential Capital, L.L.C.*, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012).
[7] *In re Winn-Dixie Stores, Inc.*, 326 B.R. 853, 857 (Bankr. M.D. Fla. 2005); In re Dana Corp., 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006); *In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002), *aff'd sub nom. Mirant*

must establish that the Official Committee is not and will not adequately represent the claims of all creditors holding unsecured claims.[8]

Unlike § 1102(a)(1) which provides the U.S. trustee may appoint an additional committee as she "deems appropriate," the judicial standard under § 1102(a)(2) is that the Court may direct the appointment if "necessary to assure adequate representation of creditors."[9] But any determination whether to appoint an additional committee under § 1102(a) must also be read in concert with § 1102(a)(4) which provides that any committee to be appointed under § 1102(a) must be comprised of creditors holding claims against the debtor of the kind represented by such committee.[10] The Movants must therefore demonstrate that their rights and interests—unique against other similarly classed creditors—cannot, is not, and will not be adequately represented by the Official Committee.

### *Procedural Rule Governing the Statutory Relief Requested*

A motion for entry of an order under 11 U.S.C. § 1102(a)(2) neither invokes Fed. R. Bankr. P. 2020 nor constitutes a contested matter under Fed. R. Bankr. P. 9014. A motion under § 1102(a)(2) is filed by a party in interest asking this Bankruptcy Court to exercise its discretion to direct the U.S. trustee to appoint an additional committee(s) of creditors or of equity security holders, when necessary to assure adequate representation. As such, a motion for an order under § 1102(a)(2) is procedurally governed under Fed. R. Bankr. P. 9013. [11]

---

*Americas Energy Mktg., L.P. v. Official Comm. Of Unsecured Creditors of Enron Corp.*, 2003 WL 22327118 (S.D.N.Y., Oct. 10, 2003)

[8] *Winn-Dixie*, 326 B.R. at 857; *Dana Corp.*, 344 B.R. at 38.

[9] *See generally In re National R.V. Holdings, Inc.*, 300 B.R. 690 (Bankr. C.D. Cal. 2008); *In re Williams Communications Group, Inc.*, 281 B.R. 216 (Bankr. S.D.N.Y. 2002).

[10] *See In re Johns-Manville*, 68 B.R. 155 (S.D.N.Y. 1986); *In re Edison Bros. Stores, Inc.*, 1996 WL 534853 (D. Del., Sept. 17, 1996)

[11] *In re VTN, Inc.*, 65 B.R. 278, (Bankr. S.D. Fla. 1986)(Weaver, J.).

To the extent, if any, this Bankruptcy Court determines that the Motion seeking relief under § 1102(a)(2) constitutes a contested matter, then Bankr. L.R. 9014-1(B) provides parties with a substantive right to file written responses within a time certain. As this Bankruptcy Court has already stated, the December 6, 2022, hearing is preliminary and intended to set out briefing times, the U.S. trustee preserves her right to file supplemental papers responsive to these matters after that date.

To the extent that the Movants wish to argue that their Motion is properly brought under Fed. R. Bankr. P. 2020 and 9014, then the U.S. trustee respectfully requests that the Court direct Movants to file an amended Motion providing a more definite statement specifically raising allegations of the duty, breach of duty, actions, inactions, omissions, or failed actions that the Movants assert need to be contested under Rule 2020. The U.S. trustee specifically preserves her right to supplement and fully respond to any inference of such allegation that may arise in the Motion as presently pleaded by the Movants or any amended Motion. The U.S. trustee further preserves and does not waive her right under Fed. R. Bankr. P. 9014(c) to seek an order of this Bankruptcy Court invoking other Part VII Rules to apply—were this Bankruptcy Court to determine the Motion constitutes a contested matter.

### *Preliminary Argument on the Application of 11 U.S.C. § 1102(a)(2)*

Congress mandated that the U.S. trustee appoint an Official Committee of holders of unsecured claims in appropriate cases. 11 U.S.C. § 1102(a)(1). In these cases, the U.S. trustee accomplished this appointment. After reviewing the case, the creditor body, and the rights and interests of creditors, the U.S. trustee appointed eleven creditors to a reconstituted Official Committee.

All of these solicited creditors expressly stated a willingness to participate as a member of the Official Committee. The U.S. trustee's appointment of additional members assures adequate representations as envisioned under § 1102(a)(1) and appropriately represents the depth and breadth of the universe of unsecured creditors. The American Bottling Company, Inc. and Warner Music Group Corp. resigned from the Official Committee. By resigning, they now argue that the Official Committee does not assure adequate representation of all unsecured creditors. These actions should not be condoned.

Unlike § 1102(a)(1) that provides the U.S. trustee may appoint an additional committee as she "deems appropriate," the judicial standard under § 1102(a)(2) may direct the U.S. trustee to appoint an additional committee if "necessary to assure adequate representation of creditors."[12] But any determination whether to appoint an additional committee under § 1102(a) must also be read in concert with § 1102(a)(4) that provides that any committee to be appointed under § 1102(a) must be comprised of creditors holding claims against the debtor of the kind represented by such committee.[13] Here, the Movants present no basis in statute or public policy to segregate their general unsecured claims from those being represented by the Official Committee.

Movants are unsatisfied with being part of representative voice for all unsecured creditors. Instead, they argue that they need their own committee, made of their members, their voice, and their agenda.

> The reconstituted Committee is hardly better. It now includes four holders of non-trade claims, not including the largest, who will be outvoted on all decisions in

---

[12] *See generally In re National R.V. Holdings, Inc.*, 300 B.R. 690 (Bankr. C.D. Cal. 2008); *In re Williams Communications Group, Inc.*, 281 B.R. 216 (Bankr. S.D.N.Y. 2002).
[13] *See In re Johns-Manville*, 68 B.R. 155 (S.D.N.Y. 1986); *In re Edison Bros. Stores, Inc.*, 1996 WL 534853 (D. Del., Sept. 17, 1996)

which their interests diverge, as they predictably will on the largest issues in these cases.[14]

That is not what Congress envisioned a fiduciary to be under 11 U.S.C. §§ 1102 and 1103.

Contrary to the Movants' position, Congress did not muzzle any individual creditor's own voice because it sits as a member on an official committee that outvoted the creditor's point of view on a particular matter in the case.[15] Creditors sitting on a committee have a statutory right to appear and be heard—file their own papers, pleadings, motions, applications, or objections when their individual rights and interests cannot be properly raised by the Official Committee. This has already been borne true in this case. Stellar Group, Inc., a member of the Official Committee, filed its own objection to the financing and cash collateral motion,[16] fully exercising an individual creditor's statutory right under § 1109(b).

The Bankruptcy Court cautiously should wield its discretion under § 1102(a)(2) in determining whether to enter an order directing the U.S. trustee appoint a second committee of unsecured creditors in this case. By specifically enacting the statutory language "and may appoint additional committees," Congress provided that, the appointment of any committee, beyond a first committee holding unsecured claims, is discretionary. Not only is that true for the U.S. trustee under 11 U.S.C. § 1102(a)(1), but it is also applicable unto this Bankruptcy Court under § 1102(a)(2). The U.S. trustee elected to not appoint a second committee to represent unsecured creditors. Instead, the U.S. trustee reconstituted the Official Committee. The U.S. trustee submits that this reconstitution assures adequate representation of creditors holding unsecured claims.

---

[14] Mot., para. 31 (ECF #408, pg. 13 of 32).
[15] 11 U.S.C. § 1109(b).
[16] See ECF #412.

Even were this Bankruptcy Court to enter an order directing the U.S. trustee to appoint a second committee, the U.S. trustee submits that this Bankruptcy Court is without statutory jurisdiction to direct or order the U.S. Trustee to appoint a specific creditor to any committee. Congress did not confer such authority or jurisdiction upon bankruptcy courts in the enactment of the Bankruptcy Code and Rules.

The Movants take great pain to repeatedly state that the largest creditor was not appointed to the Official Committee. The Movants fail to provide any statutory authority that requires the largest unsecured creditor be a committee member. To the contrary, once the United States Trustee Program became fully operational, Congress repealed the provision in 1986, which statutorily provided courts with authority to appoint specific members to committees.[17]

But a creditor's relative size and composition of a claim is just a part of the issues arising in committee composition—neither constitute dispositive factors. Had Congress wanted to provide bankruptcy courts with jurisdictional authority to appoint specific members to a specific committee, Congress would have specifically provided such authority in § 1102(a). Courts have consistently held that while, they can exercise their discretion and order the U.S. trustee to appoint an additional committee or change the membership of a committee to assure adequate representation of creditors[18], they do not have the authority to order a certain member be appointed to an official committee.[19]

---

[17] See 11 U.S.C. § 1102(a)(2)[1978], repealed Oct. 27, 1986.

[18] *See In re Drexel Burnham Lambert Group, Inc*., 118 B.R. 209, 210 (Bankr. S.D.N.Y. 1990).

[19] See, *In re Victory Markets, Inc*., 196 B.R. 1, 3-4 (Bankr. N.D.N.Y. 1995)(Pursuant to the plain statutory language of 11 U.S.C. § 1102(a) a bankruptcy court does not have the statutory authority to enter an order appointing a specific creditor to the Official Committee.); *In re Dow Corning Corp*., 212 B.R. 258, 264 (E.D. Mich. 1997)("The language of section 1102(a)(1), unlike its predecessor, does not give the bankruptcy court a role in the appointment or modification of creditors' committees." Section 1102(a)(2) "does not empower the bankruptcy court to appoint or remove the members of the committee. If the bankruptcy court finds that additional committees are

**WHEREFORE,** the U.S. trustee objects to the Movant's Motion and requests to be

heard on this matter.

Dated: 2 December 2022

Respectfully submitted,
Mary Ida Townson
U.S. TRUSTEE, REGION 21

By:     /s/ J. Steven Wilkes (Ala Bar # WIL-278)
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee, Region 21
501 East Polk Street, Suite 1200
Tampa, Florida 33602
(813) 228-2000 / fax (813) 228-2303
steven.wilkes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served
electronically, or via United States mail service postage prepaid, on or before 1 December 2022:
Electronically:        Counsel for the Movants
Debtors' Counsel
Official Committee Counsel
All other parties receiving CM/ECF Notice of Filing
/s/ J. Steven Wilkes

---

needed in order to assure adequate representation of creditors, then the United States trustee is mandated to appoint
the committee, not the bankruptcy court.").