UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

    Debtors.

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**DEBTORS' EX-PARTE MOTION FOR AUTHORIZATION TO SUPPLEMENT EXHIBIT "A" TO DEBTORS' EMERGENCY MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS [ECF NO. 13]**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion") seeking the entry an order authorizing the Debtors to supplement the Exhibit "A" that was attached to the *Debtors' Emergency Motion for an Order Authorizing Payment of Prepetition Claims of Critical Vendors* [ECF No. 13] filed on the Petition Date (as defined below), to include an additional critical vendor. In support of the Motion, the Debtors rely on the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") and respectfully represent as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11754879-6

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a), 363, 1107(a), and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6004 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their affairs as debtors in possession. 11 U.S.C. §§ 1107(a) and 1108.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] filed on the Petition Date.

7. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

8. On November 1, 2022, the Office of the United States Trustee ("UST") appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

**Relief Requested**

9. On the Petition Date, the Debtors filed *Debtors' Emergency Motion for an Order*

*Authorizing Payment of Prepetition Claims of Critical Vendors* [ECF No. 13] (the "Critical Vendor Motion"), seeking entry of an order authorizing, but not directing, the Debtors to pay, in their sole discretion and in the ordinary course of business, as and when due, certain pre-petition claims of certain vendors that are critical to the Debtors' business operations (the "Critical Vendors") identified on **Exhibit "A"** to the Critical Vendor Motion; provided, however, that honoring, performing, or exercising of such rights and obligations would not give rise to administrative claims solely as a result of the entry of an order providing such authorization and would not be deemed an assumption of any contract. As set forth in the Critical Vendor Motion, the total amount the Debtors sought authority to pay to the Critical Vendors, in the aggregate, was $14,892,981.78.

10. On October 14, 2022, the Court entered an *Order Granting Debtors' Emergency Motion for an Order Authorizing Payment of Prepetition Claims of Critical Vendors* [ECF No. 112] (the "Critical Vendor Order"), thereby authorizing, but not directing, the Debtors to pay the pre-petition obligations owing to the Critical Vendors in the total amount of $14,892,981.78, and otherwise deal with those entities in the ordinary course of business and in accordance with normal pre-petition procedures and agreements.

11. By this Motion, the Debtors request authorization to supplement Exhibit "A" to the Critical Vendor Motion to include an additional vendor (the "Additional Critical Vendor") that the Debtors have concluded is critical to the operation of their business and to preserve value. The Additional Critical Vendor and the pre-petition amounts owing to it, are set forth on the attached **Exhibit "1"**[2]. Although the Debtors have supplemented the list of Critical

---

[2] As with the exhibit to the Critical Vendor Motion, the name of the Additional Critical Vendor is redacted in order to prevent discord among the Debtors' vendors and other creditors that could result if the identity of the Additional Critical Vendor was disclosed.

Vendors to include an Additional Critical Vendor identified on Exhibit "1" hereto, the Debtors are not seeking to pay more than the aggregate sum of $14,892,981.78 to their Critical Vendors, which the Court authorized by the Critical Vendor Order [ECF No. 112]. The Debtors seek merely to supplement Exhibit "A" to the Critical Vendor Motion to include the Additional Critical Vendor identified on Exhibit "1" hereto.

12. As set forth in the Critical Vendor Motion, the Critical Vendors are essential to the Debtors' business operations as they provide goods and services to the Debtors that are necessary to the ongoing business operations.

13. It is essential that the Debtors pay the pre-petition claims of the Additional Critical Vendor in order to ensure that it will continue to provide services related to the Debtors' inventory and logistics, which are necessary to operate their business.

14. The Debtors and the Additional Critical Vendor have been engaged in good faith discussions regarding the terms under which the Additional Critical Vendor would continue to provide services to the Debtors. The parties have been unable to reach agreement on economic terms. The Debtors need the services of the Additional Critical Vendor to fulfill orders and to avoid disruption to their business. Accordingly, the Debtors request authority to pay the pre-petition claim of the Additional Critical Vendor.

15. Prior to the filing of this Motion, the Debtors conferred with counsel to the Committee, Truist Bank, as administrative agent, and the United States Trustee regarding the relief the Debtors seek herein. The Committee, Truist Bank, as administrative agent, and the United States Trustee do not oppose the relief requested in this Motion or the entry of an order in the form attached hereto as **Exhibit 2.**

### Reservation of Debtors' Rights

16. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit "2,"** (i) granting this Motion; (ii) authorizing the Debtors to supplement Exhibit "A" to the Critical Vendors Motion to include the Additional Critical Vendor as reflected on Exhibit "1" hereto; (iii) authorizing, but not directing, the Debtors, in their sole discretion, to pay the pre-petition obligations owing to the Additional Critical Vendor and otherwise deal with the Additional Critical Vendor in the ordinary course of business and in accordance with normal pre-petition procedures and agreements; (iv) authorizing, but not directing, the Debtors to continue honoring, performing, and exercising their rights and obligations (whether arising pre-petition or post-petition) under the Additional Critical Vendor contract in the ordinary course of business; and (v) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: December 9, 2022<br>Miami, Florida | Respectfully submitted, |
| | */s/ Jordi Guso* |

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
    tj.li@lw.com
    brian.rosen@lw.com
    jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
    mniles@bergersingerman.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

**EXHIBIT "1"**
**(LIST OF ADDITIONAL CRITICAL VENDORS)**

| Name and Address of Critical Vendor | Description of Services Provided | Estimated Prepetition Amount Owing to Critical Vendor |
|---|---|---|
| ███ | Vendor is a re-packer and storage facility located on the west coast utilized by the Debtors for certain west coast repackaging and storage of the Debtors' inventory. Due to the production facility in Phoenix, AZ being offline, Vendor's services are necessary to assist in vital repackaging and storage services of the Debtors' can inventory. | ███ |
| **TOTAL** | ███ | |

# EXHIBIT "2"
# (PROPOSED ORDER)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                   Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                Case No.: 22-17842-PDR

    Debtors.                                                                       (Jointly Administered)
_____/

**ORDER GRANTING DEBTORS'** ***EX-PARTE*** **MOTION FOR AUTHORIZATION TO SUPPLEMENT EXHIBIT "A" TO DEBTORS' EMERGENCY MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS [ECF NO. 13]**

**THIS MATTER** came before the Court on the *Debtors' Ex-Parte Motion for Authorization to Supplement Exhibit "A" to Debtors' Emergency Motion for an Order Authorizing Payment of Prepetition Claims of Critical Vendors [ECF No. 13]* [ECF No. ____]

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11755055-5

(the "Motion"). The Court, having considered the Motion, which seeks authorization to supplement Exhibit "A" to the Critical Vendor Motion[2] to include the Additional Critical Vendor as reflected on Exhibit "1" to the Motion, noting that Truist Bank, as administrative agent, the Official Committee of Unsecured Creditors and the United States Trustee consent to the relief requested in the Motion and to the entry of this Order, and being otherwise fully advised in the premises, does thereupon

**ORDER as follows**:

1. The Motion is **GRANTED**.

2. The Debtors are authorized to supplement Exhibit "A" to the Critical Vendors Motion to include the Additional Critical Vendor identified on Exhibit "1" to the Motion.

3. The Debtors are authorized, but not directed, to pay the pre-petition obligations owing to the Additional Critical Vendor, as set forth in the Motion, and otherwise deal with that vendor in the ordinary course of business and in accordance with normal pre-petition procedures and agreements; provided, however, that the total amount authorized to be paid to the Critical Vendors and the Additional Critical Vendor, in the aggregate, shall not exceed $14,892,981.78, which sum the Court previously authorized the Debtors to pay [ECF No. 112].

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the rights of the Debtors or any party in interest to subsequently

---

[2] All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

11755055-5

dispute such claim, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

#   #   #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
jguso@bergersingerman.com
mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

3

11755055-5