**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., et al., | Case No. 22-17842 (PDR) |
| Debtors.[1] _____/ | (Jointly Administered) |

**PREPETITION AGENT'S AND DIP AGENT'S RESPONSE TO JOINT MOTION DIRECTING THE APPOINTMENT OF AN OFFICIAL COMMITTEE OF CREDITORS HOLDING NON-TRADE CLAIMS [ECF NO. 408]**

Truist Bank, in its capacities as Prepetition Agent,[2] on behalf of the Prepetition Lenders, and DIP Agent, on behalf of the DIP Lenders, hereby files this response to the *Motion of Monster Energy Company, the American Bottling Company, Inc., Sony Music Entertainment, UMG Recordings, Inc. and Orange Bang, Inc. for an Order Pursuant to 11 U.S.C. 1102(a)(2) Directing the Appointment of an Official Committee of Creditors Holding Non-Trade Claim*s [ECF No. 408] (the "Motion")[3] seeking the appointment of a separate committee of creditors holding non-trade claims. For the reasons set forth below, the Prepetition Agent and the DIP Agent (collectively, the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] The capitalized terms "Prepetition Agent", "Prepetition Lenders", "DIP Agent", and "DIP Lenders" are each defined in *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [ECF No. 24].

[3] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*(continued on next page)*

"Administrative Agents") submit that the relief requested in the Motion is not warranted and should be denied, and in support thereof respectfully state as follows:

## PRELIMINARY STATEMENT

1.  Movants cannot overcome the extraordinary burden of justifying the appointment of a second official committee in these cases to represent a specific category of general unsecured creditors – those holding non-trade claims – that is already adequately represented by the Committee and part of its membership.[4] This burden demands that Movants demonstrate that it is "'absolutely required', 'essential' or 'indispensable'" for this Court to either appoint a separate committee or reconstitute the existing Committee to address this alleged inadequacy. *In re The ShoreBank Corp.*, 467 B.R. 156, 164-65 (Bankr. N.D. Ill. 2012).

2.  The costs of these cases, budgeted over $33,000,000 through May 2023, will be paid for from a combination of proceeds of $100,000,000 of postpetition financing provided by the DIP Lenders and the cash collateral of the DIP Lenders and/or the Prepetition Lenders. Against that backdrop, the Administrative Agents, on behalf of the DIP Lenders and the Prepetition Lenders, are concerned about the unnecessary duplication, procedural complications, and inefficiencies associated with the appointment of a second official committee. Such an appointment would increase the administrative expense burden of the Debtors' estates, adding the fees and expenses of at least another set of lead and local counsel, and most likely a financial advisor and an investment banker as alluded to in paragraph 59 of the Motion, and will largely duplicate the work of the (existing) Committee's professionals, thereby diverting limited resources

---

[4] The U.S. Trustee, by reconstituting the Committee on November 23, 2022 [ECF No. 400], appointed an additional four general unsecured creditors each of whom holds non-trade claims, including one of the Movants (American Bottling Company, Inc.) who subsequently resigned its appointment.

2

otherwise available to the Debtors for the operation of their businesses during the pendency of these cases.

3.      For these reasons, the Court should either deny the Motion or, if appropriate, require the U.S. Trustee to further reconstitute the Committee with guidance that such reconstitution result in more adequate representation of non-trade creditors in the Debtors' cases.

## ARGUMENT

4.      A party-in-interest seeking the appointment of an additional official committee has the burden of proving that any existing committee does not adequately represent the interests of that constituency. *See, e.g., In re Winn-Dixie Stores, Inc*., 326 B.R. 853, 857 (Bankr. M.D. Fla. 2005). Despite having discretionary authority to direct the appointment of additional official committees, courts are hesitant to grant such relief, and the requirement movants must show that such a committee is "necessary to assure adequate representation" has been described as ranging from a "high standard" to requiring a showing that an additional committee is "'absolutely required,' 'essential,' or 'indispensable.'" *See In re Eastman Kodak*, No. 12-10202, 2012 WL 2501071, at *2 (Bankr. S.D.N.Y. June 28, 2012) (quoting *In re ShoreBank Corp*., 467 B.R. 156, 164-65 (Bankr. N.D. Ill. 2011)).

5.      Section 1102(a)(2) of the Bankruptcy Code does not set forth a test of adequate representation, so this Court must examine the specific circumstances of these cases to determine whether appointment of an additional official committee is appropriate. *See Winn-Dixie, 326 B.R. at 857*. In performing the adequate representation analysis, courts often consider a number of non-exclusive factors. *See id.; see also In re Dana Corp*., 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006); *Albero v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 68 B.R. 155, 159-60 (S.D.N.Y. 1986). No one factor is dispositive, and the consideration given to each depends on the

circumstances of a particular chapter 11 case. *See Dana*, 344 B.R. at 38 (citing *In re Kalvar Microfilm, Inc.*, 195 B.R. 599, 600-01 (Bankr. D. Del. 1996)).

6. The Administrative Agents highlight two of the factors that weigh heavily here against the appointment of a second official committee: (a) the ability for creditors to participate in the case even without an official committee; and (b) the delay and additional cost that would result if the court grants the motion. *See, e.g., Winn-Dixie, 326 B.R. at 857*.

7. Movants are well-resourced, ably represented by competent counsel, and clearly capable of participating in these cases to express their concerns; they have had no difficulty actively doing so thus far. Indeed, as to the most substantive issue before this Court to date (the provision of postpetition financing to the Debtors), at least one Movant (Monster) filed two fulsome objections[5] and two other Movants filed joinders thereto.[6] Moreover, apart from one issue unique to it and Orange Bang (the 5% Ongoing Royalty[7]), Monster's pleadings raised the same substantive concerns, issues, and objections as those that the Committee raised in its objection to the provision of postpetition financing to the Debtors.

8. Movants include some of the largest and most profitable United States beverage and food suppliers and are fully capable of representing themselves and have been doing so. They also have the ability to self-organize and form their own working group should they wish to coordinate efforts, but they must do that at their own expense, not at the expense of either the Debtors or their smaller creditors.

9. Simply duplicating efforts for which the Committee is already responsible but adding a second set of costs that would be borne by the Debtors' estates cannot be justified. In

---

[5] Monster at ECF Nos. 87 and 411.

[6] Orange Bang at ECF No. 414 and ABC at ECF No. 415.

[7] As defined in ECF No. 411.

fact, the Bankruptcy Code provides that "the court shall not allow compensation for -- (i) unnecessary duplication of services; or (ii) services that were not -- (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A).

10. Based on the Debtors' most recent budget for use of cash collateral during these cases, the Debtors forecast that the costs of legal and professional fees will exceed $33,000,000. That considerable sum would be increased substantially should this Court appoint a second creditor committee with its attendant batch of professionals whose additional, duplicative layer of professional expenses would siphon resources otherwise available to the Debtors. The Debtors' budget forecast simply does not include cushion for these additional expenses. Movants' wholly speculative and unsubstantiated concerns about the Committee's purported inability to represent non-trade creditors – concerns that are not borne out by the pleadings filed in these cases so far – do not justify the added expense of yet another committee.

11. This Court should therefore deny the Movants' request for a second official committee. However, if this Court determines that the Committee, as currently constituted, does not adequately represent all general unsecured creditors in these cases, then it should order the further reconstitution of the Committee as permitted by Bankruptcy Code § 1102(a)(4) to add certain other non-trade creditors as the U.S. Trustee may determine. This is the only practical solution that avoids duplicative and unnecessary expense to the Debtors' estates and undesirable delay to the resolution of these cases.

**CONCLUSION**

**WHEREFORE**, the DIP Agent, on behalf of the DIP Lenders, and the Prepetition Agent, on behalf of the Prepetition Lenders, respectfully request that the Court deny the relief requested in the Motion, and grant such other and further relief as may be just and proper.

Dated: December 12, 2022                                    Respectfully submitted,

|  |  |
|---|---|
|  | */s/ Harris J. Koroglu* |
| Luis M. Lluberas (admitted Pro Hac Vice) | Peter H. Levitt |
| Stephen E. Gruendel (admitted Pro Hac Vice) | Florida Bar No. 650978 |
| Cole Richins (admitted Pro Hac Vice) | Aliette D. Rodz |
| **MOORE & VAN ALLEN PLLC** | Florida Bar No. 173592 |
| 100 North Tryon Street, Suite 4700 | Harris J. Koroglu |
| Charlotte, NC 28202-4003 | Florida Bar No. 32597 |
| Telephone: (704) 331-1000 | **SHUTTS & BOWEN LLP** |
| Facsimile:  (704) 378-1989 | 200 South Biscayne Blvd., Ste. 4100, |
| E-mail:luislluberas@mvalaw.com | Miami, FL 33131 |
|         stevegruendel@mvalaw.com | Telephone: (305) 415-9447 |
|         colerichins@mvalaw.com | Facsimile:  (305) 415-9847 |
|  | E-mail: plevitt@shutts.com |
|  |         arodz@shutts.com |
|  |         hkoroglu@shutts.com |

*Counsel for Truist Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022, a true and correct copy of the foregoing has been served via ECF on all parties receiving electronic notice in this case.

*/s/ Harris J. Koroglu*
Harris J. Koroglu
