

**ORDERED in the Southern District of Florida on December 13, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**AGREED ORDER GRANTING, IN PART, THE MOTION OF MITSUBISHI HC CAPITAL AMERICA, INC., FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(D)(1) AND WAIVER OF FOURTEEN (14) DAY STAY IMPOSED BY RULE 4001(D) [ECF NO. 246]**

**THIS MATTER** came before the Court on the *Motion of Mitsubishi HC Capital America, Inc., for Relief From the Automatic Stay Pursuant to 11 USC 362(d)(1) and Waiver of Fourteen (14) Day Stay Imposed by Rule 4001(d)* (the "Motion") [ECF No. 246] filed by Mitsubishi HC

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11797728-2

Capital America, Inc. ("Mitsubishi").  Vital Pharmaceuticals, Inc. (the "Debtor") and Mitsubishi have agreed to the relief sought in the Motion, upon the terms set forth herein. The Court having reviewed the file and the Motion, and being otherwise fully advised in the premises, and for good cause, it is hereby:

**ORDERED** as follows:

1. The Motion is **GRANTED**, in part, and solely to the extent provided herein.

2. Commencing on January 3, 2023, and continuing on the 1st day of each month thereafter, the Debtor shall remit to Mitsubishi payment in an amount equal to the number of remaining vehicles then encumbered by Mitsubishi's lien (and which have not already been paid off) multiplied by $1,160.00 ("Adequate Protection Payment").

3. All Adequate Protection Payments shall be made by wire to:

> Citibank, NA
> ABA #021-000-089
> Account #4076-4427
> Beneficiary: Mitsubishi HC Capital America, Inc.
> Ref: Vital Pharmaceuticals, Inc.

4. Within ten (10) days of the Court's approval of *Debtors' Motion to Authorize and Approve the Sale of Excess Vehicles Outside of The Ordinary Course of Business* [ECF No. 405] (the "Vehicle Sale Motion"), the Debtor will pay Mitsubishi $487,365.60, which represents the payoff amount for each vehicle sold pursuant to the Vehicle Sale Motion.

5. Upon the sale of a vehicle, the Debtor will pay to Mitsubishi $48,500.00 (the "Payoff Amount") representing the estimated lien pay off amount for each vehicle under the Agreements[2], and subject to a true-up amount as contemplated in paragraph 8, *infra,* if requested by a party. No later than two (2) business days after the receipt of the Payoff Amount, Mitsubishi

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

shall direct "DealerTrack" (their electronic title vendor), to release the Mitsubishi lien on the sold vehicle in accordance with applicable law:

6. On or before December 23, 2022, the Debtor shall pay to Mitsubishi $115,696.48 representing the outstanding amounts owed under the Agreements for November 2022 and December 2022 payments.

7. The Debtor shall maintain insurance coverage on the vehicles in accordance with the Agreements.

8. Upon the request of either Mitsubishi or the Debtor, the parties shall in good faith reconcile the amounts paid by the Debtor pursuant to this Order and true-up any over or under-payments compared to the amounts owed under the Agreements. Such true-up may include post-petition interest, inspection fees and/or attorneys' fees but shall not include any pre-petition amounts, late fees, or default charges. Any disputes regarding the reconciliation shall be adjudicated by the Court following notice and a hearing.

9. If the Debtor fails to comply with the terms set forth in paragraphs 2 through 7 of this Order, Mitsubishi shall provide to Debtor's counsel and the Debtor written notice of default. Notice shall be deemed properly given if sent to Debtor's counsel by email to: mniles@bergersingerman.com and Abhigupta@hcg.com. The Debtor shall have ten (10) days after receipt of such notice within which to cure the default. If the Debtor fails to timely cure the default, Mitsubishi shall be entitled to file an affidavit evidencing the default and request an expedited hearing be scheduled.

10. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted herein, including, but not limited to, executing any and all documents which the Debtor deems necessary to effectuate the terms of this Order.

11. The stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived and is not effective to the extent applicable to the relief set forth herein.

12. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

4