UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**NOTICE OF FILING OBJECTION SUMMARY CHART WITH RESPECT TO
DEBTORS' DIP FINANCING MOTION AND DEBTORS' OMNIBUS REPLY TO
OBJECTIONS TO DIP FINANCING MOTION**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file the attached *Objection Summary Chart* with respect to the (i) *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [ECF No. 24]; and (ii) *Debtors' Omnibus Reply to Objections to Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting*

---

[1]    The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and*

*(VII) Granting Related Relief* [ECF No. 515].

Dated: December 14, 2022                              Respectfully submitted,
      Miami, Florida

                                                 */s/ Jordi Guso*
George A. Davis (admitted *pro hac vice*)         Jordi Guso
Tianjiao ("TJ") Li (admitted *pro hac vice*)    Florida Bar No. 863580
Brian S. Rosen (admitted *pro hac vice*)      Michael J. Niles
Jonathan J. Weichselbaum (admitted *pro hac vice*)  Florida Bar No. 107203
**LATHAM & WATKINS LLP**            **BERGER SINGERMAN LLP**
1271 Avenue of the Americas          1450 Brickell Avenue, Suite 1900
New York, NY 10020                  Miami, FL 33131
Telephone:  (212) 906-1200          Telephone:  (305) 755-9500
Email:  george.davis@lw.com         Email:  jguso@bergersingerman.com
       tj.li@lw.com                     mniles@bergersingerman.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com


– and –


Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com


– and –


Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com


*Co-Counsel for the Debtors*

**Objection Summary Chart[1]**

| Objecting Party | Summary of Objection | Response | Status |
|---|---|---|---|
| **Formal Objections** | | | |
| **Taxing Authorities and United States Trustee** | | | |
| **Maricopa County Treasurer** [ECF No. 220] | Maricopa County objects to the extent the DIP Facility primes its tax liens or makes its tax liens *pari passu* with other claims. *See* Maricopa County Obj. p. 2. | The Debtors added language to the Final Order resolving the Maricopa County Objection. *See* Final Order, fn. 4. | **Resolved**. |
| **United States Trustee** [ECF No. 267] | The U.S. Trustee argues that the Roll Up is not authorized under the Bankruptcy Code and 11th Circuit precedent. *See* UST Obj. ¶¶ 8-17. The U.S. Trustee objects to the section 506(c) waiver as improper. *See* UST Obj. ¶¶ 18-24. The U.S. Trustee objects to the extent of the Superiority DIP Claim. *See* UST Obj. ¶¶ 25-28. | The Debtors' responses to these Objections are set forth in paragraphs 25-39, 35-38, and 47-50 of the Reply. | Currently **unresolved**; discussions pending. |
| **Arizona Mechanics' Lienholders** | | | |
| **Faith Technologies, Inc. ("FTI")** [ECF No. 256] | FTI argues that (i) its liens are improperly subordinated to the DIP Liens (*see* FTI Obj. ¶ 27) and (ii) the proposed adequate protection is illusory and does not satisfy section 364(d) of the Bankruptcy Code (*see* FTI Obj. ¶¶ 31-36, 44). | In an effort to address the concerns raised by FTI, the Debtors added language to the Final Order providing that (i) the current priority position of the Arizona Mechanics' Liens will be fully preserved even after giving effect to the DIP Liens and (ii) the Arizona Mechanics' Lienholders will be carved out of the marshaling waiver (collectively, the "AZ Mechanic Lien Proposal"). *See* Final Order ¶¶ 5, 11, 13, 47, 49. The Debtors otherwise respond to this Objection in paragraphs 51-54 of the Reply. | Currently **unresolved**; discussions pending. |

---

[1]  Capitalized terms used but not otherwise defined shall have the same meaning set forth in the proposed Final Order, the Reply, or the Objections, as applicable.  To the extent of any inconsistency between the summary of the Objections and the Objections themselves, the Objections control.

| Objecting Party | Summary of Objection | Response | Status |
|---|---|---|---|
| **HACI Mechanical Contractors, Inc.**[2]<br><br>**[ECF No. 259]** | HACI argues that (i) its liens are improperly subordinated to the DIP Liens and (ii) its adequate protection package is illusory. *See* HACI Obj. ¶ 4. | The AZ Mechanic Lien Proposal is intended to address the HACI Objection. *See* Final Order ¶¶ 5, 11, 13, 47, 49.<br><br>The Debtors otherwise respond to this Objection in paragraphs 51-54 of the Reply. | Currently **unresolved**; discussions pending. |
| **Stellar Group, Inc.**[3]<br><br>**[ECF No. 412]** | Stellar argues that the Roll Up is improper. *See* Stellar Obj. ¶¶ 14-16.<br><br>Stellar argues that the Debtors have failed to provide it with adequate protection for the priming of its liens. *See* Stellar Obj. ¶¶ 17-21 | The AZ Mechanic Lien Proposal is intended to address the Stellar Objection. *See* Final Order ¶¶ 5, 11, 13, 47, 49.<br><br>The Debtors otherwise respond to this Objection in paragraphs 51-54 of the Reply. | Currently **unresolved**; discussions pending. |
| | *Unsecured Creditors and Committee* | | |
| **Unsecured Creditors Committee**<br><br>**[ECF No. 413]** | The Committee objects to the Roll Up because it is significantly above market, without justification, and is otherwise not on fair or reasonable terms. *See* Committee Obj. ¶¶ 32-37.<br><br>The Committee objects to the DIP Facility milestones. *See* Committee Obj. ¶¶ 38-40.<br><br>The Committee objects to the DIP Facility due to concerns with the Debtors' governance structure. *See* Committee Obj. ¶¶ 41-46.<br><br>The Committee asserts that the offered adequate protection payments for the Prepetition Secured Lenders is excessive. *See* Committee Obj. ¶¶ 47-49.<br><br>The Committee requests (i) a longer Challenge Period, (ii) an increased investigation budget, and (iii) automatic standing to commence a Challenge. *See* Committee Obj. ¶¶ 50-54.<br><br>The Committee argues that the DIP Facility improperly waives the Debtors' (i) surcharge rights | The Debtors, DIP Lenders, and Committee have agreed to a global settlement resolving all of the Committee's objections, except for the governance-related issues raised in the Committee's Objection. As part of this global settlement, the Debtors and DIP Lenders have:<br><br>• modified the terms of the Roll Up (*see* Reply ¶¶ 14, 23-24; Final Order ¶¶ 33, 61);<br><br>• modified and extended certain key transaction milestones (*see* Reply ¶ 14, 32-34; Final Order ¶ 46);<br><br>• extended the DIP Facility maturity date (*see* Reply ¶ 14; Final Order ¶ 61);<br><br>• reduced the Prepetition Secured Lenders' adequate protection payments (*see* Reply ¶ 14; Final Order ¶ 61);<br><br>• (i) extended the Challenge Period, (ii) increased the Committee's investigation budget, and (iii) granted the Committee automatic standing solely | **Resolved**, except for governance concerns which are subject to pending discussions. |

---

[2]  The HACI Objection incorporates by reference the arguments raised in the FTI Objection.

[3]  Stellar joins in the Committee Objections and FTI Objection.

US-DOCS\137051273.17

| Objecting Party | Summary of Objection | Response | Status |
|---|---|---|---|
| | under 506(c), (ii) "equities of the case" rights under 552(b), and (iii) marshaling rights. *See* Committee Obj. ¶¶ 55-57. | for Challenges to the nature, extent, or priority of liens securing the Prepetition Obligations (*see* Reply ¶ 14; Final Order ¶ 40); and<br><br>• agreed to certain exclusions from the marshaling waiver (as well as exclusions from the DIP Lenders' collateral package and assets from which their superpriority claims can be recovered) (*see* Reply ¶¶ 47-50; Final Order ¶¶ 47, 61).<br><br>The Committee has no contractual rights under the DIP Credit Agreement (or otherwise) to determine whether such governance changes are appropriate or germane to entry of the Final Order with respect to the DIP Facility. S*ee* Reply ¶ 55. | |
| **Monster Energy Company**<br><br>**[ECF No. 411]**<br><br>*Joined by* **Orange Bang, Inc. [ECF No. 414] and The American Bottling Company [ECF No. 415]** | Monster argues that the overall economics of the DIP Facility and fees paid thereunder are excessive. *See* Monster Obj. ¶ 5.<br><br>Monster argues the DIP Facility sets forth overly-aggressive transaction milestones. *See* Monster Obj. ¶¶ 2, 14, 19.<br><br>Monster argues that is unclear whether the governance-related terms of the DIP Credit Agreement have been satisfied and asserts that the Debtors' current governance structure will not foster a value-maximizing transaction. *See* Monster Obj. ¶ 16.<br><br>Monster objects to the Roll Up, asserting that it is above market and harms unsecured creditors. *See* Monster Obj. ¶¶ 14, 20-24.<br><br>Monster argues that the DIP Facility improperly waives the Debtors' (i) surcharge rights under 506(c), (ii) "equities of the case" rights under 552(b), and (iii) marshaling rights, in each case, without providing adequate provision for the | The Debtors have invited feedback from Monster on the modified terms of the DIP Facility, as part of the Committee settlement, and intend to discuss the same in advance of the final DIP hearing.<br><br>With respect to Monster's governance-related objections, Monster has no contractual rights under the DIP Credit Agreement (or otherwise) to determine whether such governance changes are appropriate or germane to entry of the Final Order with respect to the DIP Facility. *See* Reply ¶ 55.<br><br>With respect to Monster's miscellaneous objections set forth in paragraph 33 of Monster Objection the Debtors respond as follows:<br><br>• *Reporting Rights*. Monster did not provide any legal basis for its demands to receive the same reporting rights as the DIP Lenders, Prepetition Secured Parties, and the Committee. Nevertheless, the Debtors dispute that Monster should be entitled to such: Monster is not (a) acting as an estate fiduciary or (b) lending | Currently **unresolved**. |

3

| Objecting Party | Summary of Objection | Response | Status |
|---|---|---|---|
| | payment of all administrative expense claims, including the Ongoing Royalty. *See* Monster Obj. ¶¶ 15, 30-32.<br><br>Monster challenges the Debtors' original grant of a Superpriority DIP Claim with recourse to the proceeds of Prepetition Avoidance Actions, and Monster also takes issue with the DIP Lenders having recourse to other potential litigation claims. *See* Monster Obj. ¶¶ 26-29.<br><br>Monster asserts that it should receive similar reporting rights as the DIP Lenders, Prepetition Secured Parties, and the Committee. *See* Monster Obj. ¶ 33.<br><br>Monster asserts that all parties-in-interest should have the same challenge rights as the Committee. *See* Monster Obj. ¶ 33.<br><br>Monster asserts that the Events of Default under the DIP Facility relating to the appointment of a chapter 11 trustee or examiner should be removed. *See* Monster Obj. ¶ 33.<br><br>Monster asserts that the Prepetition Secured Parties' credit bidding rights should be limited by parties-in-interest's Challenge rights. *See* Monster Obj. ¶ 33. | money to the Debtors. Rather, Monster is a competitor and litigation adversary and is not entitled to the same information as estate fiduciaries and the Debtors' lenders.<br><br>• ***Events of Default***. The DIP Lenders were unwilling to remove these Events of Defaults, and these provisions are part and parcel of the overall DIP Facility package and Monster cannot cherry-pick provisions it wishes to exclude from the DIP Facility.<br><br>• ***Credit Bidding***. The Prepetition Secured Parties' credit bidding rights are no more expansive than as provided under section 363(k) of the Bankruptcy Code. Indeed, the Final Order does not hardwire any particular credit bidding rights for the lenders.<br><br>The Debtors otherwise respond to each of Monster's Objections in the Reply. | |
| Informal Objections | | | |
| **Chubb** | Chubb sought protective language to protect against entry of the Final Order being deemed to alter the Debtors' insurance. | The Debtors agreed to include a reservation of rights in the Final Order. *See* Final Order ¶ 60. | **Resolved.** |
| **Broward County, Florida ("BC")** | BC argues that tax liens should not be primed or made *pari passu* with any other claims. | The Debtors added agreed upon language to the Final Order, resolving BC's concerns. *See* Final Order, fn 4. | **Resolved.** |

4