## Berger, Eyal (Ptnr-Ftl)

| | |
|---|---|
| **From:** | Richard Pachulski <rpachulski@pszjlaw.com> |
| **Sent:** | Sunday, November 27, 2022 11:50 PM |
| **To:** | 'Wilkes, Steven (USTP)' |
| **Cc:** | 'Falconer, Russ'; Robert Furr; Marc Barmat; Bouslog, Matthew G.; Van Baalen, Guy A (USTP); Goldberg, Michael (Ptnr-Ftl); Robert Feinstein; Feinman, Heidi (USTP); Thomas Patterson; Nir Maoz; gweiner@sidley.com; sam.newman@sidley.com; Ira Kharasch; Teddy M. Kapur; Jorgens, Emily; Alifarag, Sameer M.; Seth H. Lieberman |
| **Subject:** | FW: Vital Pharmaceuticals, et al, 22-17842-PDR |

Dear Mr. Wilkes:

As you may know by now, Monster Energy Company, The American Bottling Company ('ABC'), Sony Music Entertainment, UMG Recordings, Inc., and Orange Bang, Inc. (collectively, the Movants'), have filed a motion for an order directing the appointment of an official committee of creditors holding non-trade claims (the 'Motion'.) As you will also note from the Motion, ABC has turned down the appointment to the presently reconstituted Committee (the 'OCC') and Warner Music Group has informed the Movants that it is not inclined to accept the appointment, but will make a final decision as soon as tomorrow. We understand that PepsiCo, Inc. has or will accept the appointment and further understand that Peter Fischer has not yet accepted or rejected the appointment.

I first want to make some observations to correct and supplement the record you describe below, and then provide the Movants' ask:

1. You state below that we specifically asked for the OCC to be excluded from our discussion on November 18. Please provide me with that request, because I do not recall making such a request, or anyone else making that request. You neither asked for them to be involved, not copied them on any e-mail until this past Wednesday's e-mail. I typically would not have made an issue of the incorrect statement, but our firm works with Mr. Cohen and his firm extensively in other cases, and have been speaking to him regarding this case. I believe the record should be very clear because I don't want an untruth to affect my, and others in our firm's, relationship with Mr. Cohen and his colleagues;

2. In my e-mail confirming the November 18 videoconference and, again, during that conference, I advised your colleagues and you that if a second committee was not formed by November 22, or that you advised us that it would be formed, the Movants or a subset thereof would be filing the Motion (so the filing could be on regular notice.) Instead, the following took place:

    1. On Monday, November 21, and almost immediately after you received the letter from Mr. Falconer addressing the two (2) issues you asked during the November 18 videoconference be addressed in a letter (causing one to believe that the UST had been seriously considering after our videoconference whether to appoint a second committee prior to your receipt of the letter), you responded by e-mail that the UST was inclined to appoint the second committee;

    2. When no one had heard from you on November 22, Mr. Falconer reached out to you and asked if there would be a call that day as you stated there would be in your November 21 e-mail, and you stated in your November 22 e-mail that there would be no call on that Tuesday as you were doing more due diligence. No suggestion at all that the UST's 'inclination' had changed. As a showing of good faith believing that the UST was also acting in good faith, the Movants delayed filing the Motion;

3. Unexpectedly, and without any prior notice, the UST appointed four (4) new members of a reconstituted Committee on Wednesday, November 23. Not only was such a Committee reconstituted without placing the Debtors' largest creditors on the reconstituted Committee, my understanding is none of those four (4) creditors was even spoken to determine their interest in sitting as a minority on a reconstituted Committee; and

4. While you state that I asked that the OCC (incorrect) and the Debtors' professionals not participate in our videoconference, I was very clear in my November 14 e-mail to you that if you felt after our videoconference that it would be useful to have another call, including with the Debtors' professionals, we had no objection to such a call. I truly do not understand if you were inclined to appoint the second committee and then the UST changed direction, that the Movants did not receive the courtesy of a call to explain the change of direction and/or to ask additional questions (whether or not including the OCC and/or the Debtors' professionals on such a call), or at least transmitting an e-mail to the group explaining the reasons for the UST's change of direction.

The above said, the ask is very simple: the Movants do not believe the OCC is in any way representative, particularly with ABC declining the appointment to the OCC, and possibly Warner Music Group also declining the appointment. The Movants comprise approximately $750 million in claims (approximately five (5) times the claims of the OCC) and, without whose support of a Plan, the Plan is not confirmable. Reconstituting the OCC again will not solve the lack of representation on the OCC of non-trade creditors, particularly when the major non-trade creditors are not on the OCC, the non-trade creditors on the OCC have a minority voice, and that minority has had to date no involvement in major decisions, such as the retention of OCC professionals and a going forward plan of action. Considering the present facts Movants again request the appointment of a non-trade committee. While the UST has the discretion to appoint whom it deems appropriate for any such committee, the Movants recommend that the UST appoint the 7 non-trade creditors reflected in Mr. Falconer's November 21 letter, and add Warner Music Group and Mr. Fischer.

The Movants are prepared to again speak to the UST's representatives if the UST believes that such a discussion would be beneficial to resolve the pending Motion.

Regards,

Richard M. Pachulski

---

**From:** Wilkes, Steven (USTP) [mailto:Steven.Wilkes@usdoj.gov]
**Sent:** Wednesday, November 23, 2022 6:57 AM
**To:** Falconer, Russ <RFalconer@gibsondunn.com>
**Cc:** rfurr@furrcohen.com; mbarmat@furrcohen.com; Bouslog, Matthew G. <MBouslog@gibsondunn.com>; Jarret Hitchings <jarret.hitchings@bclplaw.com>; Ezequiel Romero <ezequiel.romero@bclplaw.com>; Van Baalen, Guy A (USTP) <Guy.A.VanBaalen@usdoj.gov>; Richard Pachulski <rpachulski@pszjlaw.com>; Michael Goldberg <michael.goldberg@akerman.com>; Robert Feinstein <rfeinstein@pszjlaw.com>; Feinman, Heidi (USTP) <Heidi.A.Feinman@usdoj.gov>; Thomas Patterson <tpatterson@ktbslaw.com>; Joseph D. Frank <jfrank@fgllp.com>; clc@kttlaw.com; Seth H. Lieberman <slieberman@pryorcashman.com>; cameronkelly@quinnemanuel.com; pattytomasco@quinnemanuel.com; gweiner@sidley.com; dharvath@harvathlawgroup.com; Leyza F. Blanco Esq. (lblanco@sequorlaw.com) <lblanco@sequorlaw.com>; jguso@bergersingerman.com; Jeramy Webb Esq. (Jeramy.Webb@lw.com) <jeramy.webb@lw.com>; Jeffrey Cohen <jcohen@lowenstein.com>
**Subject:** RE: Vital Pharmaceuticals, et al, 22-17842-PDR

Dear Mr. Falconer and all Others,

On behalf of the United States Trustee for Region 21, we wanted to thank you for sharing your thoughts and concerns last Friday that culminated in your Monday letter. As you are aware,

2

Counsel for Monster unequivocally requested that neither the estate fiduciaries nor the Official Committee of Unsecured Creditors ("Committee") be present at that tele-video meeting. After conducting due diligence and hearing from these parties, the U.S. trustee has determined it would be in the best interests of the estate and creditors to not appoint a second committee but rather reconstitute the Committee. This reconstitution will best afford the differing subsets of unsecured creditors appropriate representation on the Committee.

To that end, in addition to those unsecured creditors already appointed, the following unsecured creditors will also be appointed to the reconstituted Committee:

Matt Blum, Director, Warner Music Group;
W. Conrad Ragan, Finance Director, PepsiCo, Inc.;
Stephen Cole, Senior Counsel, The American Bottling Co., Inc.; and
Peter Fischer, c/o Daniel F. Harvath, putative class action plaintiff.

You will receive CM/ECF notice of filing of the reconstituted appointment shortly. Have a Happy Thanksgiving. I remain,



**J. Steven Wilkes**
**Trial Attorney**

U.S. Department of Justice
Office of the U.S. Trustee for Region 21
501 East Polk Street, Suite 1200
Tampa, FL 33602

Tel:  813-228-2173
Fax: 813-228-2303
Cell: 202-360-7726
Steven.Wilkes@usdoj.gov