Fill in this information to identify the case:

Debtor: Vital Pharmaceuticals, Inc.

United States Bankruptcy Court for the District of: Southern District of Florida

Case number: 22-17842

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Crown Cork & Seal USA, Inc.

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Crown

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Crown Cork & Seal USA, Inc.
Anne Aaronson, Esq.
Dilworth Paxson LLP
1500 Market St, Suite 3500E
Philadelphia, PA 19102
USA
**P:** 215-575-7110
**F:** 215-754-4603
**E:** aaaronson@dilworthlaw.com

Where should payments to the creditor be sent? (if different)

Crown Cork & Seal USA, Inc.
Ron Cenderelli
Crown Cork & Seal USA, I...
770 Township Line Rd.
Yardley, PA 19067
USA
**P:** 215-698-5124
**E:** ron.cenderelli@crowncork.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

——————————————————————

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. **Do you have any number you use to identify the debtor?**
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 9100

7. **How much is a claim?** $ 13,762,585.00   Does this amount include interest or other charges?
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Goods Sold

9. **Is all or part of the claim secured?**
   ☐ No
   ☑ Yes. The claim is secured by a lien on property

   **Nature of property**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.
   ☐ Motor vehicle.
   ☑ Other. Describe: $700,000 prepetition payment; $158,989.26 recon.

   **Basis for perfection:** possession

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**
   **Amount of the claim that is secured:** $ 858,989.26
   **Amount of the claim that is unsecured:** $ 12,903,596.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**

   **Annual Interest Rate (when case was filed)** _____ %
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition. $

11. **Is this claim subject to a right of setoff?**
    ☐ No
    ☑ Yes. Identify the property: prepetition payment received; 3d Q recon.

| | | |
|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** ☑ No<br>☐ Yes. Check one: | Amount entitled to priority |
| | A Claim may be partly priority and partly nonpriority. For example, law limits the amount entitled to priority. | |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4) _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. _____

*Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date & time   12/12/2022 at 11:21 am PT
                         MM / DD / YYYY HH : MM

/s/Anne Aaronson
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Anne        Aaronson |
| | First Name  Middle Name  Last Name |
| Title | Attorney |
| Company | Dilworth Paxson LLP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 1500 Market St.   Suite 3500E |
| | Number   Street |
| | Philadelphia   PA   19102 |
| | City   State   ZIP Code |
| Contact phone | 2157692995 |
| Email | aaaronson@dilworthlaw.com |

ADDENDUM TO PROOF OF CLAIM OF
CROWN CORK & SEAL USA, INC.

I. <u>Amount of Claim</u>: The amount of the claim filed by Crown Cork & Seal USA, Inc. ("Claimant") is $13,762,585 as of October 10, 2022 (the "Petition Date") for which Debtor is obligated under the May 28, 2019 Container Supply Agreement, as amended (the "Contract"). Due to the proprietary nature of the Contract and its contents containing confidential information of a competitive nature, a copy of the Contract will be provided, for attorney eyes only, upon request. The claim amount is calculated as follows and is subject to setoff rights as set forth in section II below:

- Unpaid receivables as of the Petition Date in the total amount of $5,359,792;

- Net Can Value of $5,870,181 comprised of can inventory of 67,580,192 cans manufactured based on the binding period of Debtor's forecast at a selling price of $104.85 for a value of $7,086,053, less scrap value of $1,646,020 based on current rates, plus scrap breakdown fees of $430,148 (pursuant to Forecasting and Production sections of the Contract, as amended);

- $1,280,013 for Dunnage owned by Crown and not yet returned by Debtor as of November 1, 2022 (pursuant to the Dunnage section of the Contract and the 8th Term and Condition applicable to the Contract):

    o $612,444 for 11,095 pallets at $55.20 per pallet

    o $471,099 for 184,023 Separator Sheets at $2.56 per sheet

    o $196,470 for 10,801 Top Frames at $18.19 per frame

- Warehouse Storage Costs pursuant to the Volume and Slow Moving Inventory sections of the Contract in the amount of $169,369 for cans specially manufactured pursuant to the binding portion of the Debtor's forecast for which Debtor has not yet taken delivery. The amount is calculated based on 8,881 pallets of cans at the rate of $8.74 per pallet and 10,510 pallets of cans at the rate of $8.73 per pallet for October 2022 and November 2022, respectively;

- Shortfall Penalty Tier 1, pursuant to the Volume and Shortfall sections of the Contract in the amount of $313,689.70, net of adjustments for can sales and giving credit to Debtor for meeting its minimum purchase requirement for cans (inclusive of inventory on hand).

- Shortfall Penalty pursuant to the Volume and Shortfall sections of the Contract in the amount of $769,540, net of adjustments for sale of can ends.

123012215-1

       To the extent that the foregoing dunnage is returned to Crown and/or the Debtor purchases the remaining can inventory in Claimant's possession as of the Petition Date, the amount of the claim will be reduced accordingly.

       Additionally, Claimant is in discussions with the Debtor to be treated as a Critical Vendor. As of the date on which this proof of claim is filed, Claimant has received $2,806,201.43 in critical vendor payments toward the satisfaction of the unpaid receivables owed as of the Petition Date. Claimant intends to amend this proof of claim to reflect such payments and the remaining balance owed by Debtor to Claimant under the Contract once all critical vendor payments have been received. As part of the Critical Vendor program, to the extent that a critical vendor agreement between Debtor and Claimant is fully consummated and the unpaid receivables owed as of the Petition Date are paid in full, Claimant will waive the Shortfall Penalty Tier 1 and Shortfall Penalty for Volume set forth above.

II. <u>Priority of Claim</u>: Shortly before the Petition Date, Claimant received payment from the Debtor totaling $700,000 for product supplied and to be supplied under the Contract. As of the Petition Date, this payment had not been applied by Claimant and is being held on Debtor's account along with a credit owed to the Debtor by Claimant for third quarter 2022 reconciliation in the amount of $158,989.26. Accordingly, Claimant asserts that this proof of claim is secured through set off rights to the extent of $858,989.26, being the total of the prepetition payment received from the Debtor and third quarter reconciliation owed by Claimant to the Debtor. The remaining portion of the claim in the current amount of $12,903,596, less critical vendor payments received from the Debtor, is asserted as a general unsecured claim.

III. <u>Reservation of Rights:</u> Claimant reserves the right to setoff any obligation owed to the Debtor or the bankruptcy estate against the Debtor's and/or the bankruptcy estate's obligations as set forth in this proof of claim. Claimant reserves the right to amend and/or supplement this proof of claim, as necessary, including to include rejection damages suffered by Claimant through the balance of the term of the Contract in the event that the Contract is rejected by the Debtor. Debtor reserves the right to assert up to the full amount of its prepetition claim as a general unsecured claim to the extent that Claimant's setoff right is not permitted by order of the Bankruptcy Court.

123012215-1