UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

Debtors.
_____/

Chapter 11 Case

Case No.: 22-17842-PDR

(Jointly Administered)

# DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion"), seeking an order in substantially the form attached hereto as **Exhibit "A"** authorizing the Debtors to reject that certain (i) *Supply Agreement For Sale and Purchase of Aluminum Cans Between KJ Can (Singapore) Pte., Ltd. and Vital Pharmaceuticals, Inc.* (the "KJ Can Agreement") between Vital Pharmaceuticals, Inc. ("VPX") and KJ Can (Singapore) Pte., Ltd. ("KJ Can"), as of December 1, 2020, including any amendments, modifications thereto with rejection of the KJ Can Agreement to be effective as of the date of this Motion; (ii) executory contract between VPX and LinkSquares, Inc. dated December 31, 2021 (the "LinkSquares Contract"), including any amendments, modifications thereto with the rejection of the LinkSquares Contract to be effective as of the date of this Motion;

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11815741-3

and (iii) purchase order with TomCo2 Systems Company (the "TomCo2 Contract"), including any amendments, modifications thereto with the rejection of the TomCo2 Contract to be effective as of the date of this Motion. In support of the Motion, the Debtors respectfully represent as follows:

### I.     Jurisdiction

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

### II.     Background

2. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration")

5. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

6. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

### III.     Relief Requested and Basis Therefor

7. On or about December 1, 2020, VPX entered into the KJ Can Agreement with KJ

Can. Pursuant to the Agreement, KJ Can provides aluminum cans and lids used by VPX in the operation of its business. The current term of the KJ Can Agreement ends on December 31, 2022, but is automatically renewed for additional one-year terms unless VPX provides written notice to KJ Cans of its termination pursuant to the terms of the KJ Cans Agreement.

8. On or about December 31, 2021, VPX entered into the LinkSquares Contract with LinkSquares, Inc. Pursuant to the LinkSquares Contract, LinkSquares, Inc. supplies certain software and products used by VPX in the operation of its business. The initial term of the LinkSquares Contract ends on December 31, 2022, but is automatically renewed for an additional year unless VPX provides written notice of termination to LinkSquares, Inc. pursuant to the terms of the LinkSquares Contract.

9. On or about June 14, 2021, VPX entered into the TomCo2 Contract with TomCo2 Systems Company ("TomCo2"), for the manufacturing and delivery of a Carbon Dioxide Storage System ("the "System") and related components for a total purchase price of $833,138.00. The TomCo2 Contract alleged the current manufacturing time to be thirty (30) weeks after receipt of an order. To date, TomCo2 has not delivered the System and the Debtors have not made payment.

10. The Debtors have been conducting a review of their operations and have determined in their business judgment that the aluminum cans and lids provided by KJ Can, the software and products provided by LinkSquares, Inc., and the System and related components to be provided by TomCo2 are no longer necessary to the Debtors' operations, and that rejecting the (a) KJ Cans Agreement; (b) LinkSquares Contract; and (c) TomCo2 Contract is in the best interest of their estates. Accordingly, the Debtors seek to reject the (a) KJ Cans Agreement; (b) LinkSquares Contract; and (c) TomCo2 Contract as of the date of this Motion.

11815741-3

11. Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit this estate. *See Id*.

12. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired

lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

13. After evaluation and analysis, the Debtors, with the assistance of their advisors, have determined that there is no net benefit that is likely to be realized from the KJ Cans Agreement, LinkSquares Contract or TomCo2 Contract. Absent rejection, the Debtors believe that the KJ Cans Agreement, LinkSquares Contract and TomCo2 Contract will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of the Debtors' business. Rejecting the KJ Cans Agreement, LinkSquares Contract and TomCo2 Contract will help ease the Debtors' cash burn and increase the Debtors' liquidity.

14. For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the KJ Cans Agreement, LinkSquares Contract and TomCo2 Contract. Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the KJ Cans Agreement, LinkSquares Contract and TomCo2 Contract pursuant to section 365(a) of the Bankruptcy Code effective as of the date of this Motion.

### Request For Waiver of Stay

15. To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11815741-3

Accordingly, for the reasons set forth herein, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

16. To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

### Debtors' Reservation of Rights

17. The Debtors may have claims against KJ Can, LinkSquares, Inc. and TomCo2 arising under, or independently of, the KJ Cans Agreement, LinkSquares Contract and TomCo2 Contract. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the KJ Cans Agreement, LinkSquares Contract or TomCo2 Contract.

18. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.

**WHEREFORE,** the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit A** (i) approving the rejection of the KJ Cans Agreement, LinkSquares Contract and TomCo2 Contract effective as of the date of this Motion; and (ii) granting such other relief as

11815741-3

is just and proper.

| | |
|---|---|
| Dated: December 15, 2022<br>      Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso*  |

George A. Davis (admitted *pro hac vice*)      Jordi Guso
Tianjiao ("TJ") Li (admitted *pro hac vice*)      Florida Bar No. 863580
Brian S. Rosen (admitted *pro hac vice*)      Michael J. Niles
Jonathan J. Weichselbaum (admitted *pro hac vice*)      Florida Bar No. 107203
**LATHAM & WATKINS LLP**      **BERGER SINGERMAN LLP**
1271 Avenue of the Americas      1450 Brickell Avenue, Suite 1900
New York, NY 10020      Miami, FL 33131
Telephone: (212) 906-1200      Telephone: (305) 755-9500
Email: george.davis@lw.com      Email: jguso@bergersingerman.com
       tj.li@lw.com            mniles@bergersingerman.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for the Debtors*

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                  Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]            Case No.: 22-17842-PDR

    Debtors.                                                          (Jointly Administered)
_____/

**ORDER GRANTING DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS**

**THIS MATTER** came before the Court on January _____, 2023, at _____ p.m., upon the *Debtors' Omnibus Motion for Entry of an Order Authorizing the Rejection of Executory Contracts* (the "Motion") [ECF No. ___] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). The Motion seeks authority to reject the (i) KJ Can

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11817413-1

Agreement[2] with KJ Can (Singapore) Pte., Ltd.; (ii) LinkSquares Contract with LinkSquares, Inc.; and (iii) TomCo2 Contract with TomCo2 Systems Company.  The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors.  Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, based on the entire record of the hearing on the Motion, it is

    **ORDERED** that:

    1.    The Motion is **GRANTED** as provided herein.

    2.    The Debtors' rejection of the KJ Can Agreement, LinkSquares Contract, and TomCo2 Contract is **APPROVED** pursuant to 11 U.S.C. § 365(a).

    3.    **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE CONTRACT; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE CONTRACT.**

    4.    The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

11817413-1    2

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*