

**ORDERED in the Southern District of Florida on December 15, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**AGREED ORDER GRANTING, IN PART, ACAR LEASING LTD., INC.
D/B/A GM FINANCIAL LEASING'S MOTION FOR RELIEF FROM
THE AUTOMATIC STAY [ECF NO. 369]**

**THIS MATTER** came before the Court on *ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing's Motion For Relief From The Automatic Stay* (the "Motion") [ECF No. 369] filed by

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11818577-1

ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing ("GM Financial"). Vital Pharmaceuticals, Inc. (the "Debtor") and GM Financial have agreed to the relief sought in the Motion, upon the terms set forth herein. The Court having reviewed the file and the Motion, and being otherwise fully advised in the premises, and for good cause, it is hereby:

**ORDERED** as follows:

1. The Motion is **GRANTED**, in part, and solely to the extent provided herein.

2. Commencing on January 3, 2023, and continuing on the 1st day of each month thereafter, the Debtor shall remit payment to GM Financial in the amount of $2,392.88 on account of the Lease[2] until further order of the Court.

3. On or before December 23, 2022, the Debtor shall pay to GM Financial $4,785.79 representing the amounts owed under the Lease for November 2022 and December 2022 payments.

4. The Debtor shall maintain insurance coverage on the Vehicle in accordance with the Lease, and within ten (10) days of the date of this Order shall provide GM Financial with copies of the documents reflecting full coverage insurance on the Vehicle, consistent with the terms of the Lease and applicable law.

5. If the Debtor fails to comply with the terms set forth in paragraphs 2 through 4 of this Order (a "Default"), GM Financial shall be entitled to file a sworn statement evidencing the Default, which may be filed on 10-days' negative notice (the "Default Statement"). If prior to the expiration of the 10-day negative notice period the Debtor fails to file a sworn statement in opposition to the Default Statement setting for the factual basis for its compliance with paragraphs 2 through 4 of this Order or fails to cure the Default within

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

the 10-day period, GM Financial shall be entitled to submit a proposed order granting relief from stay with respect to the Vehicle, which order shall permit GM Financial to exercise all of its *in rem* rights and remedies with respect to the Vehicle, including repossessing the Vehicle, and which shall direct the Debtor to surrender the Vehicle to GM Financial. Moreover, if GM Financial files two (2) separate Default Statements with respect to two separate Defaults, on the occasion of a third Default and the submission of a third Default Statement, the automatic stay shall immediately terminate with respect to the Vehicle without the necessity for any further notice to the Debtor or the entry of an order from the Court.

6. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtor's property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this order once entered.  Nothing contained herein will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

7. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted herein, including, but not limited to, executing any and all documents which the Debtor deems necessary to effectuate the terms of this Order.

8. The stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived and is not effective to the extent applicable to the relief set forth herein.

9. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*