

**ORDERED in the Southern District of Florida on December 15, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | ) | Case No. 22-17842 (PDR) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION TO AUTHORIZE AND APPROVE
THE SALE OF EXCESS VEHICLES OUTSIDE OF THE ORDINARY
COURSE OF BUSINESS**

**THIS MATTER** came before the Court on December 15, 2022 at 2:00 p.m., in Fort

Lauderdale, Florida, upon the *Debtors' Motion to Authorize and Approve the Sale of Excess*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. Tire last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Vehicles Outside of the Ordinary Course of Business* (the "Motion") [ECF No. 405] filed by the Debtors.[2]  The Motion seeks entry of an Order pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 6004 and Local Rule 6004-1(D), authorizing and approving the sale of the Debtors' right, title and interest in and to the Vehicles.  The Court, having considered the Motion, and the *Declaration of John C. DiDonato in Support of Debtors' Motion to Authorize and Approve the Sale of Excess Vehicles Outside of the Ordinary Course of Business* [ECF No. 406], finding that the sale of the Vehicles is in the best interests of the creditors and the Debtors' estates, and being otherwise fully advised in the premises, and for good cause, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1.      The Motion is **GRANTED**.

2.      The sales of the Pre-Petition Purchased Vehicles are hereby ratified, and the Debtors are authorized to pay off the pre-petition liens and transmit title to the Pre-Petition Purchased Vehicles to the respective Pre-Petition Purchasers as identified on **Exhibit A** to the Motion.

3.      The sales of the Post-Petition Purchased Vehicles are hereby approved, and the Debtors are authorized to pay off the liens and transmit title to the Post-Petition Sold Vehicles to the Post-Petition Purchasers as identified on **Exhibit B** to the Motion.

4.      The Debtors are authorized, but not required, to sell the Post-Petition Remaining Vehicles, and are further authorized to pay off the pre-petition liens, if any, on those Post-Petition Remaining Vehicles, and transmit title to the purchasers of those Post-Petition Remaining Vehicles, without further order of the Court, *provided* that the sale of each Post-Petition Remaining Vehicle exceeds the amount of any valid lien then-existing on such Vehicle (if any); *provided*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

*further* that the Debtors provide counsel to the Committee and the Administrative Agent under the DIP Facility[3], notice of any such sale no later than ten (10) calendar days prior to consummation of such sale.

5.      The sale of the Vehicles is "as is, where is" and without any representations or warranties.

6.      With respect to the Pre-Petition Purchased Vehicles, the Post-Petition Purchased Vehicles, and the Post-Petition Remaining Vehicles, the Debtors shall use the net proceeds on account of such sales, after satisfying the Vehicle liens, in the ordinary course and in accordance with the Approved Budget, as defined in the DIP Motion.

7.      Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this order once entered.  Nothing contained herein will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8.      The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted herein, including, but not limited to, executing any and all documents which the Debtors deem necessary to effectuate the sale and transfer of the Vehicles.

---

[3] As defined in *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting related Relief* [ECF. No. 24] (The "DIP Motion").

9.      The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

10.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry.  The stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

#   #   #


Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*