UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

      Debtors.                                    (Jointly Administered)
_____/

### DEBTORS' MOTION PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR SUBMITTING AND RESOLVING CLAIMS RELATED TO GOODS RECEIVED BY THE DEBTORS IN THE ORDINARY COURSE WITHIN TWENTY DAYS PRIOR TO THE PETITION DATE

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion"), seeking the entry of an order in substantially the form attached hereto as **Exhibit "A"** (i) establishing a bar date (the "Section 503(b)(9) Bar Date") for administrative expense claims asserted under section 503(b)(9) of the Bankruptcy Code ("Section 503(b)(9) Claims"), (ii) approving the form, manner, and sufficiency of the notice of the Section 503(b)(9) Bar Date, including the Section 503(b)(9) Bar Date Notice (as defined below) attached hereto as **Exhibit "B"**, and (iii) granting related relief as set forth in the proposed order. In support of this Motion, the Debtors rely upon the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration") incorporated herein by reference, and

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

respectfully represent as follows:

<u>**Jurisdiction and Venue**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 503(b), and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>"), Rules 2002(a)(7), 3003, and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "<u>Local Rules</u>").

<u>**Background**</u>

4.      On October 10, 2022 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

7.      On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

8.      On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>") in these chapter 11 cases [ECF No. 245].

9.      On October 14, 2022, the Court entered an *Order Granting the Debtors' Emergency Motion for Approval of Form of Notice of Commencement and Proof of Claim* [ECF

114].  In connection with this motion, the Court established December 19, 2022 as the deadline by which creditors must file proofs of claim on account of general unsecured claims.

## Relief Requested

10.     By this Motion, the Debtors seek entry of an order (a) establishing the Section 503(b)(9) Bar Date as the date that is forty-five (45) days after entry of the order granting this Motion, (b) approving the form, manner, and sufficiency of the Section 503(b)(9) Bar Date Notice, and (c) granting related relief as set forth in the proposed order.

## Basis for Relief

11.     Section 503(b)(9) of the Bankruptcy Code provides that sellers of goods to a debtor may request allowance of an administrative expense claim for the value of goods received by a debtor in the ordinary course of business within twenty (20) days of the commencement of a case. *See* 11 U.S.C. § 503(b)(9).

12.     The Bankruptcy Code does not set any date by which Section 503(b)(9) Claims must be asserted. However, section 503(a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative request." *See* 11 U.S.C. § 503(a) (emphasis added); *In re Am. Metallurgical Prods. Co. v. Kirkpatrick & Lockhart*, 228 B.R. 146, 154 (Bankr. W.D. Pa. 1998) (noting that an administrative expense claim may be tardily filed only for cause). Pursuant to section 105 of the Bankruptcy Code, this Court may issue any order "necessary or appropriate" to carry out, among other things, the mandate of section 503(a) of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). Additionally, sections 105 and 503 of the Bankruptcy Code and Bankruptcy Rule 9007 together permit the Court to approve the proposed Section 503(b)(9) Claims filing procedures set forth herein and to approve the form, manner and sufficiency of the Section 503(b)(9) Bar Date Notice.

13.     In addition, as Congress recognized, Section 503(b)(9) Claims potentially overlap with reclamation claims. *See, e.g.,* 11 U.S.C. § 546(c)(2).

14.     Lastly, Local Rule 3001-1(B) provides certain requirements for requests for payment of administrative expenses "[u]nless otherwise ordered by the court[.]"

15.     The Debtors received goods, products, supplies, and related items (collectively, the "Goods") in the ordinary course of business prior to the Petition Date from their suppliers and vendors (collectively, the "Vendors"). Thus, the Debtors believe that the Vendors that delivered the Goods to the Debtors during the 20 days prior to the Petition Date (the "Section 503(b)(9) Claimants") will likely seek allowance of Section 503(b)(9) Claims.  Based on the Debtors' books and records, the Debtors estimate approximately $1,470,000.00 of Section 503(b)(9) Claims may be asserted in these chapter 11 cases.

16.     The Debtors seek approval of the Section 503(b)(9) Bar Date, the deadline for each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures and trusts to file a request for payment for an administrative claim pursuant to Section 503(b)(9) of the Bankruptcy Code against any of the Debtors that arose prior to the Petition Date, the Section 503(b)(9) Bar Date Notice, and related procedures that would, among other things, permit an expeditious determination of the Section 503(b)(9) Claims. Moreover, an understanding and estimate of the potential amount of asserted and valid Section 503(b)(9) Claims may affect the Debtors' formulation of an appropriate wind-down strategy and/or other actions to be taken in these chapter 11 cases.

17.     In addition, the Debtors respectfully request that the Court approve the notice procedures set forth herein designed to apprise potential holders of Section 503(b)(9) Claims that if they fail to file a request for payment of such claims on or before the Section 503(b)(9)

11768172-6                                                        4

Bar Date, such holders may be forever barred and estopped from asserting their Section 503(b)(9) Claims against the Debtors and/or their estates.

A.      **Proposed Procedures Regarding Section 503(b)(9) Claims**

18.     To fairly and adequately address all Section 503(b)(9) Claims, and avoid a race to be paid, the Debtors request that the Court establish a date that is forty-five (45) days after entry of the order granting this Motion, as the Section 503(b)(9) Bar Date, provided that the Debtors timely serve the Section 503(b)(9) Bar Date Notice as described herein. The Debtors believe that such time period is adequate and appropriate under the circumstances because Bankruptcy Rule 2002 only requires twenty one (21) days' notice of a claims bar date.

19.     To provide adequate notice, the Debtors propose to serve notice substantially in the form of **Exhibit "B"** (the "Section 503(b)(9) Bar Date Notice"), attached hereto and incorporated by reference herein, on (i) all of the Vendors which the Debtors believe, based on their books and records, had provided Goods to the Debtors within 45 days prior to the Petition Date (collectively, the "Vendor Notice Parties"), and (ii) any party filing a request for notice pursuant to Bankruptcy Rule 2002, by United States first-class mail, postage prepaid. The Debtors will serve the Section 503(b)(9) Bar Date Notice as soon as practicable after entry of an order approving this Motion, but in no event later than five (5) days following entry of the order granting the relief requested herein.  In the event the Debtors do not timely serve the Section 503(b)(9) Bar Date Notice, the Section 503(b)(9) Bar Date shall be the date that is forty-five (45) days from service of the Section 503(b)(9) Bar Date Notice.

20.     The Debtors believe that service of the Section 503(b)(9) Bar Date Notice on the Vendor Notice Parties, instead of all of the Debtors' prepetition Vendors, is sufficient to cover the universe of possible Section 503(b)(9) Claimants, and is reasonable and appropriate under the circumstances. While the Debtors could propose to limit the notice parties to only

those Vendors who provided Goods within twenty days prior to the Petition Date, out of an abundance of caution, for notice purposes only, the Debtors propose to implement a longer look-back period to include Vendors who might have provided Goods within forty-five days prior to the Petition Date. The Debtors reasonably believe, based on the Debtors' books and records, that service on all other Vendors (other than the Vendor Notice Parties) would be significantly overinclusive, unnecessarily costly, and wasteful (in cases with limited estate resources).

**B.**    **Filing of Section 503(b)(9) Claims**

21.    All Section 503(b)(9) Claimants seeking payment of Section 503(b)(9) Claims from the Debtors will be required to submit a request (a "Section 503(b)(9) Claim Request")[2]. For any Section 503(b)(9) Claim Request to be timely and properly filed, a Section 503(b)(9) Claimant must either: (a) deliver a signed original hardcopy of the Section 503(b)(9) Claim Request, or (b) electronically submit the Section 503(b)(9) Claim Request, to the Debtors' claims and noticing agent, Stretto Inc. (the "Claims Agent"), as described in further detail in the Section 503(b)(9) Bar Notice, so as to be actually received by the Claims Agent on the Section 503(b)(9) Bar Date.

22.    The Debtors request that all Section 503(b)(9) Claimants be required to set forth in their Section 503(b)(9) Claim Request with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; and (iii) the value of the Goods that the Section 503(b)(9) Claimant contends the Debtor received in the ordinary course of business within twenty (20) days before the Petition Date. The Debtors further request that the Court require the Section 503(b)(9) Claim Request to include or attach documentation: (i) identifying the particular invoices for which any such

---

[2] A copy of the Section 503(b)(9) Claim Request form is attached hereto as **Exhibit "C"**.

Section 503(b)(9) Claim is being asserted; (ii) evidencing the delivery and/or shipment dates of the underlying Goods; and (iii) of any prior demand to reclaim Goods sold to the Debtors under section 546(c) of the Bankruptcy Code (collectively, the "Section 503(b)(9) Prerequisites").

23.    With respect to service and filing of the Section 503(b)(9) Claim Requests, the Debtors propose that holders of Section 503(b)(9) Claims be permitted to submit their Section 503(b)(9) Claim Requests in person, by courier service, hand delivery, or mail, or electronically as further described in the Section 503(b)(9) Bar Date Notice.  Facsimile and e-mail submissions will not be accepted, and a Section 503(b)(9) Claim Request will be deemed filed only when actually delivered or submitted to and actually received by the Claims Agent. If a Section 503(b)(9) Claimant physically submits a Section 503(b)(9) Claim Request and wishes to receive acknowledgment of the Claims Agent's receipt of the request, the claimant must submit, along with the original hardcopy, an extra copy of the Section 503(b)(9) Claim Request and a self-addressed, stamped envelope.

24.    The Debtors further request that any Section 503(b)(9) Claim Request that is not timely filed and served so as to be actually received on or before the Section 503(b)(9) Bar Date in the manner set forth herein, be disallowed after entry of an order sustaining the objection filed by the Debtors, and that the holder of such Section 503(b)(9) Claim be forever barred, estopped, and permanently enjoined from asserting such Section 503(b)(9) Claim against the Debtors or their estates, and that such holder not be entitled to receive any distribution in these chapter 11 cases on account of such Section 503(b)(9) Claim or receive further notices regarding such Section 503(b)(9) Claim (but, to the extent applicable, Section 503(b)(9) Claimants shall not be prevented from filing non-priority general unsecured claims for such amounts prior to the applicable bar date).

25.     If a Section 503(b)(9) Claimant files a motion for payment of administrative expenses on account of a Section 503(b)(9) Claim before the entry of an order granting the relief requested herein, the Section 503(b)(9) Claimant's motion should be deemed to be a timely filed Section 503(b)(9) Claim Request.  The Debtors propose that all timely filed Section 503(b)(9) Claim Requests shall be deemed allowed unless and until objected to by the Debtors or any other party-in-interest. Should such an objection be filed, the Section 503(b)(9) Claim shall be adjudicated by the Court following notice and a hearing. If a Section 503(b)(9) Claimant files a motion for payment of administrative expenses on account of a Section 503(b)(9) Claim after the entry of an order granting the relief requested herein, the Section 503(b)(9) Claimant's motion should be deemed to be an untimely filed Section 503(b)(9) Claim Request.

**C.      Applicable Authority**

26.     Section 503(a) of the Bankruptcy Code provides that an "entity may timely file a request for payment of an administrative request." See 11 U.S.C. § 503(a) (emphasis added); *In re American Metallurgical Prods. Co. v. Kirkpatrick &Lockhart*, 228 B.R. 146, 154 (Bankr. W.D. Pa. 1998) (noting than an administrative expense claim may be tardily filed only for cause). Pursuant to section 105 of the Bankruptcy Code, this Court may issue any order "necessary or appropriate" to carry out, among other things, the mandate of section 503(a) of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). The Debtors submit that for the reasons set forth above, adequate cause exists to fix the Section 503(b)(9) Bar Date as requested herein. Courts routinely grant such relief.  *See, e.g., In re Fairway Energy, LP*, No. 18-12684 (LSS) (Bankr. D. Del. Feb. 1, 2019) [D.I. 191] (establishing bar date for filing section 503(b)(9) proofs of claim); *In re VER Techs. HoldCo LLC*, No. 18-10834 (KG) (Bankr. D. Del. May. 4, 2018)

[D.I. 224] (same); and *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Nov. 21, 2013) [D.I. 503] (same).

27.     Additionally, sections 105 and 503 of the Bankruptcy Code and Bankruptcy Rule 9007 together permit the Court to approve the proposed filing procedures set forth herein for the Section 503(b)(9) Claims (the "Section 503(b)(9) Claims Procedures") and to approve the form, manner, and sufficiency of the Section 503(b)(9) Bar Date Notice and the Section 503(b)(9) Claims Procedures.   Moreover, while Local Rule 3001-1(B) provides certain requirements for requests for payment of administrative expenses, the rule also recognizes that the Court may order otherwise.

28.     Specifically, approval of the Section 503(b)(9) Claims Procedures is essential for the efficient administration of the Debtors' estates. Under section 503(b)(9) of the Bankruptcy Code, a claim is accorded administrative expense priority where such claim is for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). Furthermore, under section 507(a)(2) of the Bankruptcy Code, administrative expenses allowed under section 503(b) are granted priority status. *See id.* at § 507(a)(2).

29.     In addition, the Section 503(b)(9) Bar Date Notice proposed by the Debtors is fair, reasonable and adequate. The proposed notice period set forth herein exceeds the 21 days' notice required under Bankruptcy Rule 2002(a)(7) for the time fixed for filing proofs of claim under Bankruptcy Rule 3003(c). Moreover, all requests for administrative expense payments must be made promptly under the Bankruptcy Code. *See* 11 U.S.C. § 503(a) ("An entity may timely file a request for payment of an administrative expense, or may tardily file such request

if permitted by the court for cause."); *American Metallurgical*, 228 B.R. at 154 (noting than an administrative expense claim maybe tardily filed only for cause).

30.     As noted above, many holders of Section 503(b)(9) Claims may also maintain reclamation rights pursuant to section 546 of the Bankruptcy Code. To the extent that such claimholders assert reclamation demands, in accordance with section 546(c)(1) of the Bankruptcy Code, such claimholders were required to make such demands within twenty (20) days of the Petition Date. Any such reclamation demands would have been required to contain substantially the same information that is included in the proposed Section 503(b)(9) Claim Request, so such claimholders will not be prejudiced by the time frame for filing Section 503(b)(9) Claims proposed herein.

31.     Given the lack of prejudice to creditors compelled to file their Section 503(b)(9) Claims on or before the Section 503(b)(9) Bar Date, and to avoid the alternative of costly and time-consuming motion practice to obtain the identified relief, the proposed Section 503(b)(9) Claims Procedures are fair and in the best interests of the Debtors, their estates, their creditors, and all other stakeholders.

### Notice

32.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition lender; (c) counsel to the Committee; (d) the Vendor Notice Parties; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

33.     No prior request for the relief sought in this Motion has been made.

## Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit "A"** (i) granting this Motion; (ii) establishing the Section 503(b)(9) Bar Date for Section 503(b)(9) Claims; (iii) approving the form, manner, and sufficiency of notice of the Section 503(b)(9) Bar Date, including the Section 503(b)(9) Bar Date Notice attached hereto as **Exhibit "B"**; and (iii) granting such other and further relief as is just and proper.

Dated: December 21, 2022
      Miami, Florida

Respectfully submitted,

_/s/ Jordi Guso_____

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
       mniles@bergersingerman.com

George A. Davis (admitted _pro hac vice_)
Tianjiao ("TJ") Li (admitted _pro hac vice_)
Brian S. Rosen (admitted _pro hac vice_)
Jonathan J. Weichselbaum (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
      tj.li@lw.com
      brian.rosen@lw.com
      jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted _pro hac vice_)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:
whit.morley@lw.com

11768172-6

11

**<u>EXHIBIT "A"</u>**
**<u>Proposed Order</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]           Case No.: 22-17842-PDR

    Debtors.                                    (Jointly Administered)
_____/

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 503(b)(9)
OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES
FOR SUBMITTING AND RESOLVING CLAIMS RELATED TO GOODS
RECEIVED BY THE DEBTORS IN THE ORDINARY COURSE
<u>WITHIN TWENTY DAYS PRIOR TO THE PETITION DATE</u>**

This matter came before the Court on the ___ day of _____, 2022, on the *Debtors'*

*Motion Pursuant to Section 503(b)(9) of the Bankruptcy Code to Establish Procedures for*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Submitting and Resolving Claims Related to Goods Received By the Debtors in the Ordinary Course Within Twenty Days Prior to the Petition Date* [ECF No. ___] (the "<u>Motion</u>"); and the Court having found that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Any objections or other responses to the Motion not withdrawn or settled are hereby overruled in their entirety.

3.      The date that is forty-five (45) days from the entry of this Order, or _____, 2023, shall be the Section 503(b)(9) Bar Date[2] for each person or entity to file a Section 503(b)(9) Claim Request against the appropriate Debtor. The Debtors shall timely serve the Section 503(b)(9) Bar Date Notice as provided in paragraphs 7 and 8 of this Order.

4.      All Section 503(b)(9) Claimants seeking payment of Section 503(b)(9) Claims from the Debtors are required to submit a Section 503(b)(9) Claim Request. Section 503(b)(9) Claim Requests must set forth with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; and (iii) the value of the goods the Section 503(b)(9) Claimant contends such Debtor received in the ordinary course of business within twenty (20) days before the Petition Date. Further, the Section

---

[2] Terms not otherwise defined herein shall have the meanings ascribed to it in the Motion.

503(b)(9) Claim Request should include or attach documentation sufficient to demonstrate the Section 503(b)(9) Claim Prerequisites. Any Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of business. Finally, Section 503(b)(9) Claim Requests must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be in the English language; and (iii) be denominated in United States currency.

5.     For any Section 503(b)(9) Claim Request to be validly and properly filed, a Section 503(b)(9) Claimant must either (a) deliver a signed original hardcopy of the Section 503(b)(9) Claim Request, or (b) electronically submit the Section 503(b)(9) Claim Request to the Claims Agent, as described in the Section 503(b)(9) Bar Notice, so as to be actually received by the Claims Agent on the Section 503(b)(9) Bar Date.

6.     Any holder of a claim against a Debtor who receives notice of the Section 503(b)(9) Bar Date (whether such notice was actually or constructively received) and is required, but fails, to timely file a Section 503(b)(9) Claim Request in accordance with this Order on or before the Section 503(b)(9) Bar Date: (i) may be forever barred, estopped, and enjoined from asserting such claim against such Debtor (or filing a Section 503(b)(9) Claim Request with respect thereto) after entry of an order sustaining the objection filed by the Debtors, and such Debtor and its property may, upon confirmation of a chapter 11 plan, be forever discharged from all such indebtedness or liability with respect to such claim; and (ii) such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases or participate in any distribution from the Debtors on account of such claim or receive further notices regarding such claim; provided, however, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent,

and in such amount, of any undisputed, non-contingent and liquidated claims identified in the Schedules on behalf of such claimant or any filed and allowed general unsecured claim.

7.      The Section 503(b)(9) Bar Date Notice is approved in all respects. The Section 503(b)(9) Bar Date Notice will be served not later than five (5) days following entry of this Order.  Prior to mailing the Section 503(b)(9) Bar Date Notice, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

8.      Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors shall serve the Section 503(b)(9) Bar Date Notice and a form Section 503(b)(9) Claim Request by first-class mail on:

(a)      the US Trustee;

(b)      counsel to the Committee;

(c)      all parties that have requested notice in these chapter 11 cases; and

(d)      the Vendor Notice Parties.

9.      If the Debtors determine after the mailing date of the Section 503(b)(9) Bar Date Notice that an additional party or parties should receive the Section 503(b)(9) Bar Date Notice, the date by which a proof of claim must be filed by such party or parties shall be the later of (i) the Section 503(b)(9) Bar Date, or (ii) the first business day that is forty-five (45) days from the mailing date of an amended notice of the Section 503(b)(9) Bar Date to such additional party or parties.

10.      The form, manner, and sufficiency of the notice of the Section 503(b)(9) Bar Date as described herein is sufficient, and no other or further notice is necessary.

11.      Local Rule 3001-1(B) is satisfied.

11768172-6

12.     The Debtors and the Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary or appropriate to implement and effectuate the terms of this Order.

13.     The Court shall retain jurisdiction with respect to this Order and any related proceedings.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

11768172-6

**EXHIBIT "B"**
**Proposed Form of Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-17842-PDR

       Debtors.                                    (Jointly Administered)
_____/

**NOTICE OF DEADLINES FOR FILING
SECTION 503(b)(9) CLAIM REQUESTS**

     **PLEASE TAKE NOTICE** that on October 10, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

     **PLEASE TAKE FURTHER NOTICE** that, on _____, 2022, the Court, having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "Section 503(b)(9) Bar Date Order"): (i) establishing _____, **2023 (prevailing Eastern Time) (the "Section 503(b)(9) Bar Date**") as the deadline for each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures and trusts to file a request for payment for an administrative claim pursuant to Section 503(b)(9) of the Bankruptcy Code (a "Section 503(b)(9) Claim Request") against any of the Debtors that arose prior to the Petition Date.

     **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A SECTION 503(b)(9) CLAIM REQUEST.**

     **If you have any questions with respect to this notice (the "Section 503(b)(9) Bar Date Notice"), you may contact the Debtors' claims agent, Stretto, Inc. (the "Claims Agent") by:**

     **Telephone: (855) 493-7375**
     **Online inquiry: TeamVitalPharma@stretto.com**

**1.    WHO MUST FILE A SECTION 503(b)(9) CLAIM REQUEST AND HOW TO FILE A SECTION 503(b)(9) CLAIM REQUEST**

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

All parties who seek to assert an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "Section 503(b)(9) Claim") against a Debtor for goods provided to such Debtor in the ordinary course of business within 20 days prior to the Petition Date (each a "Section 503(b)(9) Claimant") must submit a Section 503(b)(9) Claim Request, a copy of which is attached hereto.

Section 503(b)(9) Claim Requests must set forth with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; and (iii) the value of the goods the Section 503(b)(9) Claimant contends the Debtor received in the ordinary course of business within twenty (20) days before the Petition Date. Further, the Section 503(b)(9) Claim request should include or attach documentation: (a) identifying the particular invoices for which any such Section 503(b)(9) Claim is being asserted; (b) evidencing the delivery and/or shipment date of the goods; and (c) evidencing any prior demand to reclaim goods sold to the Debtor under Section 546(c) of the Bankruptcy Code. Any Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of business. Finally, Section 503(b)(9) Claim Requests must be: (i) signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) in the English language; and (iii) denominated in United States currency.

For any Section 503(b)(9) Claim Request to be validly and properly filed, a Section 503(b)(9) Claimants must either:

(a) deliver a signed original hardcopy of the Section 503(b)(9) Claim Request to the Claims Agent, in person or by courier service, hand delivery or mail, at the following address:

> Vital Pharmaceuticals, Inc., et al. Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Or (b) electronically submit the Section 503(b)(9) Claim Request to the Claims Agent at the following web address https://claims.stretto.com/case-203-vitalpharmaceuticals/login

Any Section 503(b)(9) Claim Request must actually be received by the Claims Agent on the Section 503(b)(9) Bar Date.

**FACSIMILE, E-MAIL, TELECOPY OR ELECTRONIC SUBMISSIONS OTHER THAN AS DESCRIBED ABOVE WILL <u>NOT</u> BE ACCEPTED.**

Any holder of a Section 503(b)(9) Claim against more than one Debtor must file a separate Section 503(b)(9) Claim Request against each Debtor and all holders of claims must identify on their Section 503(b)(9) Claim Request the specific Debtor against which the Section 503(b)(9) Claim is asserted.

If you physically submit a Section 503(b)(9) Claim Request and wish to receive a file-stamped receipt copy by return mail, you must include with your Section 503(b)(9) Claim

11768172-6

Request an additional copy of your Section 503(b)(9) Claim Request and a self-addressed, postage-paid envelope.

**2.      CONSEQUENCES OF FAILURE TO FILE A SECTION 503(b)(9) CLAIM REQUEST BY THE SECTION 503(b)(9) BAR DATE:**

**Any holder of a claim who received notice of the Section 503(b)(9) Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a Section 503(b)(9) Claim Request in accordance with the Section 503(b)(9) Bar Date Order on or before the Section 503(b)(9) Bar Date may, upon an order sustaining the objection filed by the Debtors as applicable: (i) be forever barred, estopped, and enjoined from asserting such claim against such Debtor (or filing a Section 503(b)(9) Claim Request with respect thereto), and such Debtor and its property may upon confirmation of a chapter 11 plan be forever discharged from all such indebtedness or liability with respect to such claim, and (ii) such holder may not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution from the Debtors on account of such claim or receive further notices regarding such claim; provided, however, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent, and in such amount, of any undisputed, non-contingent and liquidated claims identified in the Schedules on behalf of such claimant or any filed and allowed general unsecured claim.**

**3.      EFFECT OF SUBSEQUENT NOTICE**

If the Debtors determine after the mailing date of this Section 503(b)(9) Bar Date Notice that an additional party or parties should appropriately receive the Section 503(b)(9) Bar Date Notice, the date by which a Section 503(b)(9) Claim must be filed by such party or parties shall be the later of (i) the Section 503(b)(9) Bar Date or (ii) the first business day that is forty-five (45) days from the mailing date of an amended notice to such additional party or parties.

Dated: December ___, 2022                          Respectfully submitted,
        Miami, Florida

                                                   */s/ Jordi Guso*
George A. Davis (admitted *pro hac vice*)          Jordi Guso
Tianjiao ("TJ") Li (admitted *pro hac vice*)       Florida Bar No. 863580
Brian S. Rosen (admitted *pro hac vice*)           Michael J. Niles
Jonathan J. Weichselbaum (admitted *pro hac vice*)  Florida Bar No. 107203
**LATHAM & WATKINS LLP**                            **BERGER SINGERMAN LLP**
1271 Avenue of the Americas                         1450 Brickell Avenue, Suite 1900
New York, NY 10020                                  Miami, FL 33131
Telephone: (212) 906-1200                           Telephone:  (305) 755-9500
Email: george.davis@lw.com                          Email:  jguso@bergersingerman.com
        tj.li@lw.com                                         mniles@bergersingerman.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:   (202) 637-2200
Email:   andrew.sorkin@lw.com

– and –


Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   whit.morley@lw.com

**EXHIBIT "C"**
**Proposed Section 503(b)(9) Claim Request Form**

## Section 503(b)(9) Claim Request

| Address for Submission of 503(b)(9) Claim Request | In re Vital Pharmaceuticals, Inc., *et al.* |
|---|---|
| Vital Pharmaceuticals, Inc., et al. Claims Processing<br>Stretto Inc.<br>410 Exchange, Suite 100<br>Irvine, CA 92602 | Chapter 11 Case No. 22-17842 (PDR)<br>(Jointly Administered) |

**Debtor against which claim is asserted (check *only* one):**

☐ Vital Pharmaceuticals, Inc.                    ☐ Bang Energy Canada. Inc.

☐ JHO Intellectual Property Holdings, LLC        ☐ JHO Real Estate Investment, LLC

☐ Quash Seltzer, LLC.                            ☐ Rainbow Unicom Bev LLC

☐ Vital Pharmaceuticals International Sales, Inc.

**NOTE: Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases [ECF No. _____], a claim for administrative expense under 11 U.S.C. § 503(b)(9) (the "Section 503(b)(9) Claim Request") must be delivered on or before_____, 2022 to the Claims Agent. This Section 503(b)(9) Claim Request shall be deemed filed when actually received by the Claims Agent and may be submitted (a) in person or by courier service, hand delivery or mail to the above-referenced address, or (b) electronically at the following web address** https://claims.stretto.com/case-203-vitalpharmaceuticals/login. **Facsimile, e-mail, telecopy or electronic submissions other than as described above will not be accepted.**

| Name and address of Creditor (and name and address where notices should be sent if different from Creditor):<br><br><br>Telephone number: | ☐     Check if you are aware that anyone else has filed a Section 503(b)(9) Claim Request relating to your claim. Attach copy of statement giving particulars.<br><br>☐     Check if you have never received any notices from the bankruptcy court in this case. |
|---|---|
| **ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:** _____ | Check here if this claim:<br><br>☐          Replaces<br><br>☐          Amends<br>a previously filed claim, dated: _____ |

**1.  BASIS FOR CLAIM:** Goods sold in the ordinary course of business and received by debtor within 20 days prior to the commencement of the case.

**2.  DATE(S) DEBT WAS INCURRED:**

**3.  TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM (IN US DOLLARS): $_____**

**4.  BRIEF DESCRIPTION OF CLAIM:**

**5.  SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, shipping documents, bills of lading, packing slips, receiving dock acceptances, itemized statements of running accounts, or contracts. Also, provide a copy of any prior demand to reclaim goods sold to the debtor under Section 546(b) of the Bankruptcy Code. **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain why. If the documents are voluminous, attach a summary and identify from whom the debtor may obtain a copy of the documents.

| **6. DATE-STAMPED COPY:** To receive acknowledgement of the filing of a paper copy of a Section 503(b)(9) Claim Request, enclose a stamped, self-addressed envelope and a date-stamped copy of your Section 503(b)(9) Claim Request, excluding supporting documents, will be mailed to you. |  |
|---|---|
| **7. ORDINARY COURSE CERTIFICATION:** By signing this Section 503(b)(9) Claim Request, you are certifying that the goods for which payment is sought hereby were sold to the Debtor in the ordinary course of business as required by 11 U.S.C. § 503(b)(9). |  |