UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING THE DEADLINE BY WHICH THE DEBTORS
MAY REMOVE CERTAIN ACTIONS AND (II) GRANTING RELATED RELIEF**
(Expedited Hearing Requested)

**The Debtors respectfully request the Court conduct an expedited hearing on this Motion on or before January 6, 2023, because the current deadline by which the Debtors may file notices of removal pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure expires on January 9, 2023 and the relief sought herein will provide the Debtors with additional necessary time to make informed decisions concerning the removal of actions and will ensure that the Debtors' rights under 28 U.S.C. §1452 are exercised appropriately.**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, pursuant to section 1452 of chapter 89 of title 28 of the United States Code and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), file this *Debtors' Expedited Motion for Entry of an Order (I) Extending the Deadline by Which the Debtors May Remove Certain Actions and (II) Granting Related Relief* (this "Motion") seeking entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A** , (i) extending by 120 days the deadline by which the Debtors may file notices of removal (the "Removal Deadline") from January 9, 2023 through and including May 9, 2023,

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11826119-1

without prejudice to the Debtors' ability to request additional extensions to the Removal Deadline should it become necessary to do so, and (ii) granting related relief. The Debtors respectfully request that the proposed May 9, 2023 Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3). In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Rules 9006(b) and 9027.

## BACKGROUND

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 1, 2022, the Office of the United States Trustee appointed the official committee of unsecured creditors (the "Committee") [ECF No. 245]. No request has been made for the appointment of a trustee or examiner.

7. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in*

11826119-1

*Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 10] (the "First Day Declaration"),[2] which is incorporated herein by reference.

## AUTHORITY FOR RELIEF

8.  The removal of pending civil actions is governed by 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2).

9.  With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

3

11826119-1

10. Under Bankruptcy Rule 9006(b), the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).

11. It is well settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *In re Cabi Downtown LLC*, Case No. 09-27168-BKC-LMI (Bankr. S.D. Fla. Dec. 3, 2009) [ECF No. 316] (granting 105-day extension); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) ("Considered *in pari materia* with [Bankruptcy] Rule 9027, [Bankruptcy] Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing periods" of Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules").

12. The Debtors submit that ample cause exists to extend the Removal Deadline. As of the date of the filing of this Motion, the Debtors are involved in more than 80 litigations pending in over 20 jurisdictions, including claims related to employment, , commercial collection, , breach of contract, fraud, copyright infringement, false advertising, trademark infringement, libel/slander, recovery of money judgment, commercial tort, unfair competition, and non-compete and non-disclosure agreement enforcement, among others. On November 11, 2022, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules and Statements"), which identified actions known as of that date. In addition, the Debtors may become aware of further actions in connection with the proofs of claim that are filed in these chapter 11 cases.

13. Since the Petition Date, the Debtors and their advisors have focused their efforts on stabilizing their business operations, seeking and obtaining various forms of first and second day relief, including securing postpetition financing, preparing and filing the Schedules and Statements, and running a process for the potential recapitalization of the company and/or the sale of all or substantially all of the Debtors' assets. In connection with these efforts, the Debtors and their advisors believe the current Removal Deadline of January 9, 2023 does not provide sufficient time for the Debtors to determine conclusively which actions, if any, they should seek to remove.

14. The extension of the Removal Deadline will provide the Debtors with time to make informed decisions concerning the removal of the actions and will ensure that the Debtors' rights under 28 U.S.C. § 1452 are exercised appropriately. Moreover, granting the requested extension will not unduly prejudice the rights of parties to the actions. If the Debtors ultimately seek to remove actions pursuant to Bankruptcy Rule 9027, parties will retain their rights under 28 U.S.C.

5

11826119-1

§ 1452(b) to seek to remand such actions. Accordingly, the Debtors submit that cause exists for the relief requested herein.

15. For the reasons stated above, the Debtors submit that the relief requested herein is appropriate and in its best interests, as well as in the best interests of its estate and creditors. Indeed, courts in this district and others have routinely granted similar requests by debtors for extensions of the removal period. *See, e.g.*, *In re Cabi Downtown LLC*, Case No. 09-27168-BKC-LMI (Bankr. S.D. Fla. Dec. 3, 2009) [ECF No. 316] (granting 105-day extension); *In re Land Resource, LLC* (case No. 08-bk-10159-ABB, May 4, 2009) [ECF No. 483] (granting an additional 90-day extension); *In re TOUSA, Inc.*, Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Oct. 10, 2008) (granting 90-day extension); *In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Mar. 19, 2019); *In re Samuels Jewelers, Inc.*, Case No. 18-11818 (KJC) (Bankr. D. Del. Nov. 26, 2018); *In re J&M Sales Inc.*, Case No. 18-11801 (LSS) (Bankr. D. Del. Nov. 13, 2018); In *re New MACH Gen,* LLC, Case No. 18-11368 (MFW) (Bankr. D. Del. Sept. 26, 2018).

## RESERVATION OF RIGHTS

16. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Order once entered. Nothing contained in the Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

6

**NOTICE**

17. The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the Southern District of Florida; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition and proposed postpetition revolving credit facilities and its counsel; (d) the Committee, (e) the United States Attorney's Office for the Southern District of Florida; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; and (h) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

*[The remainder of this page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Order in the form attached hereto as **Exhibit A**, extending the Removal Deadline and granting the Debtors such other related relief as the Court may deem necessary.

| | |
|---|---|
| Dated:   December 21, 2022<br>           Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 906-1200<br>Email:  george.davis@lw.com<br>           tj.li@lw.com<br>           brian.rosen@lw.com<br>           jon.weichselbaum@lw.com | Jordi Guso<br>Michael J. Niles<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone:  (305) 755-9500<br>Email:  jguso@bergersingerman.com<br>           mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

# **EXHIBIT A**

**Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR THE ENTRY OF AN ORDER (I) EXTENDING THE DEADLINE BY WHICH THE DEBTORS MAY REMOVE CERTAIN ACTIONS AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** was before this Court on _____, 202_, at ___ _.m. in Fort Lauderdale, Florida, upon the *Debtors' Expedited Motion for Entry of an Order (I) Extending the Deadline by Which the Debtors May Remove Certain Actions and (II) Granting Related Relief*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11826119-1

[ECF No. ___] (the "Motion")² filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order (this "Order") (i) extending by 120 days the deadline by which the Debtors may file notices of removal (the "Removal Deadline") from January 9, 2023 through and including May 9, 2023, without prejudice to the Debtors' ability to request additional extensions to the Removal Deadline should it become necessary to do so and (ii) granting related relief, all as more fully set forth in the Motion. The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

---

² Capitalized terms used but not defined herein have the meanings given to them in the Motion.

3.        The Removal Deadline is extended by 120 days through and including May 9, 2023.

4.        This Order is without prejudice to (a) any position the Debtors may take on whether Section 362 of the Bankruptcy Code stays any litigation pending against the Debtors and (b) the Debtors' right to seek further extensions of the Removal Deadline.

5.        Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

6.        Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7.        The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8.        This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.,
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*