UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                            Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-17842-PDR

    Debtors.                                                               (Jointly Administered)
_____/

# DEBTORS' APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF DANIEL L. GEYSER AND THE LAW FIRM OF HAYNES AND BOONE, LLP, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF NOVEMBER 3, 2022

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a), 2016 and 6003, Local Rules 2014-1(A) and 2016-1(A), hereby file this *Debtors' Application for Approval of the Employment of Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP, as Special Counsel to the Debtors, Effective as of November 3, 2022* (the "Application"), seeking approval of the employment of the law firm of Haynes and Boone, LLP ("Haynes Boone"), as special counsel to the Debtors, to represent the Debtors, Vital Pharmaceuticals, Inc. ("VPX") and JHO Intellectual Property Holdings, LLC ("JHO") in connection with an appeal commenced by VPX and JHO in the United States Court of Appeals for

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11770213-3

the Ninth Circuit, Nos. 22-55722 & 22-56019 (the "OBI Appeal"), of a final judgment confirming an arbitration award entered in favor of Orange Bang, Inc. ("OBI") and Monster Energy Co. ("Monster") in the arbitration proceeding captioned *Orange Bang, Inc. and Monster Energy Company v. Vital Pharmaceuticals, Inc. d/b/a VPX Sports*, AAA Case No. 01-20-0005-6081, pending before the American Arbitration Association (the "Arbitration Proceeding"), and, to the extent necessary, in any future proceedings relating to the OBI Appeal in the Supreme Court of the United States. In support of the Application, the Debtors rely upon the *Declaration of Daniel L. Geyser, on Behalf of Haynes and Boone, LLP, as Proposed Special Counsel to the Debtors* (the "Geyser Declaration"), and respectfully represent as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 327(e) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014-1(A) and 2016-1(A).

## Background

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operation, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in*

*Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] (the "First Day Declaration").

### The OBI Appeal

7.     On April 6, 2022, a *Final Arbitration Award – Phase 1 and Phase 2*, (the "Final Arbitration Award") was entered in the Arbitration Proceeding in favor of OBI and Monster and against VPX and JHO.  On October 28, 2022, VPX and JHO filed a *Notice of Appeal From Judgment or Order of a United States District Court* with respect to the Final Arbitration Award, with the United States District Court for the Central District of California, in the case captioned *Vital Pharmaceuticals, Inc. and JHO Intellectual Property v. Orange Bang, Inc. and Monster Energy Company*, Case No. 5:20-cv-1464-DSF-SHK, thereby commencing the OBI Appeal.

### Relief Requested

8.     By this Motion, the Debtors seek authorization to retain Haynes Boone to represent VPX and JHO in the OBI Appeal, and, to the extent necessary, in any future proceedings relating to that appeal in the Supreme Court of the United States.

9.     The Debtors have determined that obtaining the services of Haynes Boone to represent VPX and JHO in the OBI Appeal is in the best interests of the Debtors and their estates.

10.    Accordingly, by this Application, the Debtors seek to employ Daniel L. Geyser ("Geyser") and Haynes Boone pursuant to the terms of the Engagement Letter dated November 3, 2022 (the "Engagement Letter") attached hereto as **Exhibit "A"**.  As set forth in the Engagement Letter, Haynes Boone is requesting the payment of a post-petition retainer in the amount of $25,000.00, as security for the costs, expenses, and fees to be incurred in connection with this engagement.

11.    The Debtors believe the employment of Geyser and Haynes Boone is necessary and in the best interests of the Debtors' estates.

3

11770213-3

12. The Debtors have selected Geyser and Haynes Boone because they are well qualified to represent VPX and JHO in the OBI Appeal. As described more fully in his accompanying declaration, Geyser is the Chair of Haynes Boone's U.S. Supreme Court Practice, and he is widely recognized as one of the top appellate lawyers in the country. He has argued 14 cases before the Supreme Court (including multiple arbitration-related matters) and regularly appears before the federal courts of appeals nationwide; he also routinely handles appeals in the Ninth Circuit, and has argued before the en banc court (winning 10-1).

13. Geyser has extensive experience and knowledge with respect to such matters and is well-qualified to act as counsel on behalf of VPX and JHO.

14. The Debtors believe that Geyser and Haynes Boone are well qualified to represent VPX and JHO, and they have consented to providing such services to VPX and JHO, subject to the approval of this Court.

15. As set forth above, the requested retention by the Debtors of Haynes Boone is sought pursuant to section 327(e) of the Bankruptcy Code.

16. This Court may approve the Debtors' employment, "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

17. Attached hereto as **Exhibit "B"** is the Geyser Declaration in which Geyser testifies that, to the best of his knowledge, neither he nor Haynes Boone hold any interest adverse to the Debtors or their estates with respect to the matters on which they are to be employed.

18. Geyser has agreed to work cooperatively with the Debtors' other professionals to avoid duplicative and/or competing efforts.

11770213-3

19. The Debtors seek entry of an order approving the employment of Geyser and Haynes Boone effective as of November 3, 2022.

**WHEREFORE,** the Debtors respectfully request the entry of an order, in the form attached hereto as **Exhibit "C"**, (i) approving the Debtors' employment of Geyser and Haynes Boone as special counsel to the Debtors; and (ii) granting the Debtors such other and further relief as may be just and proper.

Dated: December 21, 2022
       Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:  george.davis@lw.com
          tj.li@lw.com
          brian.rosen@lw.com
          jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email:  jguso@bergersingerman.com
          mniles@bergersingerman.com

11770213-3

**EXHIBIT A**
**(Engagement Letter)**

11770213-3

# HAYNES BOONE



**Daniel L. Geyser**
Direct Tel.: 303.382.6219
Fax: 303.382.6210
*daniel.geyser@haynesboone.com*

<u>VIA ELECTRONIC MAIL</u>

November 3, 2022

Mr. Gregg Metzger
Chief Litigation Counsel
Bang | VPX | Redline
1600 N. Park Drive
Weston, FL 33326
(786) 417-0104
*Gregg.Metzger@bangenergy.com*

    Re:    Engagement of Haynes and Boone, LLP for appellate litigation arising out of *Vital Pharmaceuticals, Inc., et al.* v. *Orange Bang, Inc., et al.*, No. 20-cv-01464 (C.D. Cal.)

Dear Mr. Metzger:

    I am very pleased to confirm Haynes Boone's representation of Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC (the "clients") as appellate counsel in the above-captioned case. It is the firm's policy to set forth at the outset the exclusive terms under which Haynes Boone and you have agreed for the firm to undertake this representation. We believe that a clear understanding of these matters is helpful in maintaining a strong and productive professional relationship. I encourage you to carefully consider the contents of this letter and to ask any questions that you have about its terms.

    **Scope of Engagement.** The clients retain Haynes Boone to represent them before the U.S. Court of Appeals for the Ninth Circuit and, if necessary, future proceedings before the Supreme Court of the United States. While we are prepared to handle all aspects of the appeal (including briefing the case and presenting oral argument), we anticipate working together with your existing counsel, participating as appropriate under your and their direction.

    This agreement does not cover any other services (in this matter or any other proceeding) except as described above. If the clients later wish to retain Haynes Boone to

# HAYNES BOONE

HB

Mr. Gregg Metzger, Chief Litigation Counsel
November 3, 2022
Page 2

provide any other services, the firm is delighted to discuss expanding the agreement. But any services other than those described above must be negotiated and confirmed in a separate engagement letter.

After the completion of our work on the matter, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities. Unless you engage us after completion of our engagement to provide additional advice on issues arising from the matter, you agree that the firm has no continuing obligation to advise you with respect to future legal developments.

**Staffing.** I expect to personally assume the primary role in handling the appeal. While I may delegate certain work to lawyers or support personnel to assist in the process, I will always retain full responsibility for ensuring that our work meets the firm's highest standards of professional excellence.

**Compensation.** The clients will pay the firm on an hourly basis for its work in this engagement. I currently charge an hourly billing rate of $1100. [struck through, initialed "GM", replaced with "$1,000"] Any other timekeepers participating in the matter will likewise bill at their normal hourly rates.

**Costs and Expenses.** During the engagement, there are certain costs and expenses (such as fees, professional printing services, travel expenses, computerized research, etc.) that, if incurred, the clients agree to pay. On occasion, Haynes Boone may advance such costs and expenses and include them in an invoice. Alternatively, Haynes Boone may forward the invoices for such costs and expenses directly to the clients for payment. In either event, these invoices will be due and payable upon receipt.

**Retainer as Security for Fees and Costs.** It is our usual practice to require a retainer before we commence work for a client. The retainer for this matter is set at $25,000, which may be directed toward our professional fees or related expenses. The retainer may be adjusted in the future commensurate with the anticipated work for the engagement. We will hold this retainer as security for your payment obligations, and will place the funds in a pooled client-trust account, which is maintained in accordance with applicable State Bar rules. Interest earned on the pooled account is payable to a charitable foundation established under those rules. Unless you instruct us otherwise, we will follow these practices for funds held on your behalf.

# HAYNES BOONE

HB

Mr. Gregg Metzger, Chief Litigation Counsel
November 3, 2022
Page 3

Under this agreement, we have the right to apply the retainer to full or partial payment of any invoice that is not paid within 30 days after receipt, and you agree that amounts so applied will not be refundable. You further agree that whenever we draw upon the retainer, we will not be obligated to perform additional services until the retainer is restored to its original level. Once the engagement ends, we will apply the funds in the retainer to your final invoice, and promptly return any remaining funds.

**Consent to Conflicts Respecting Unrelated Matters.** Haynes Boone is a large international firm with offices and professionals in many cities. The nature of the firm's practice is such that the firm may occasionally represent one client in a matter while also representing that client's adversary in an unrelated matter. Such concurrent representation is undertaken only if the firm concludes, in the exercise of its professional judgment, that it can do so impartially and without any adverse effect on our responsibilities to either client. In executing this agreement, you agree that you do not consider any such concurrent representation, in unrelated matters, to be inappropriate, and you consent to any such present or future concurrent representations.

**Discharge and Withdrawal.** You will have the right to terminate the firm's representation at any time by delivering a written notice of termination. The firm will also have the right to withdraw from the representation at any time with your consent or for good cause without your consent.

If you discharge us or we elect to withdraw, you agree to take all reasonable steps to free us of any continuing obligation to perform, and we agree to take all reasonable steps to protect your interests while withdrawing. If a discharge or withdrawal occurs, you agree to cover all unpaid costs and expenses incurred on your behalf, and agree to pay a reasonable fee for any uncompensated professional services rendered as of the termination date (including any fees incurred during the transition).

Unless previously terminated, our representation will end when we send you our final statement for services rendered. In the course of our representation, we will likely come into possession of copies or originals of documents or materials belonging to you or others.  Once the matter concludes, we will make arrangements to return the materials, to retain them in our storage facilities, or to dispose of them. Absent other arrangements, all materials in the file may be destroyed five years after the matter has closed. We may retain

# HAYNES BOONE                                                    HB

Mr. Gregg Metzger, Chief Litigation Counsel
November 3, 2022
Page 4

our own files, including lawyer work product, pertaining to the representation.

**Disclaimer of Guarantee.** The clients understand that the outcome of this matter is unpredictable. Although Haynes Boone may offer opinions concerning the possible results of the engagement, the firm cannot guarantee any particular result. The clients acknowledge that the firm has made no promises of any given outcome and that any opinion offered by Haynes Boone in the future will not constitute a guarantee.

**Entire Agreement.** This letter constitutes the entire agreement between the clients and the firm regarding this engagement, and is not subject to any oral agreements or modifications. No obligation or undertaking that is not set forth expressly in this letter shall be implied on the part of either the clients or the firm.

*    *    *

If, after review of this letter, the clients find the foregoing acceptable, please sign below. We greatly appreciate the opportunity to represent you in this important matter, and look forward to a successful partnership now and in the future.

Very truly yours,

*[signature]*

Daniel L. Geyser
Partner and Chair, U.S. Supreme Court Practice
Haynes and Boone, LLP

The undersigned confirms and accepts the terms and conditions of this agreement.

Vital Pharmaceuticals, Inc. &
JHO Intellectual Property Holdings, LLC

By: *Gregg Metzger*
Mr. Gregg Metzger
Chief Litigation Counsel

Date: 12/5/2022

## **EXHIBIT B**
**(Geyser Declaration)**

11770213-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors._____/ | (Jointly Administered) |

# DECLARATION OF DANIEL L. GEYSER, ON BEHALF OF HAYNES AND BOONE, LLP, AS PROPOSED SPECIAL COUNSEL TO THE DEBTORS

I, Daniel L. Geyser, do hereby declare and state as follows:

1. I am a partner of the law firm Haynes and Boone, LLP ("Haynes Boone"), and the Chair of the firm's U.S. Supreme Court Practice. Our firm maintains an office for the practice of law at 2323 Victory Avenue, Suite 700, Dallas, TX 75219, as well as offices in other locations in Texas, Colorado, North Carolina, Illinois, New York, California, Washington, D.C., London, Mexico, and China.

2. I am familiar with the matters set forth in this declaration, which I make in support of the *Debtors' Application for Approval of the Employment of Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP, as Special Counsel to the Debtors, Effective as of November 3, 2022* in the above-captioned case (the "Application"). Except as indicated otherwise, I make this declaration based upon my own personal knowledge, including my review

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11770445-1

of the list of the Debtor's creditors and interested parties, as provided by the Debtors and/or the Debtors' counsel.

3. I am the Chair of Haynes Boone's U.S. Supreme Court Practice and a member of its Appellate Group. I have argued 14 cases before the Supreme Court of the United States (with a fifteenth argument set for December 6, 2022), and I regularly appear before the federal courts of appeals nationwide, including in the U.S. Court of Appeals for the Ninth Circuit. In the past four years, I have twice been named one of *Law360*'s "Appellate MVPs" (an honor awarded to only four lawyers in the United States); and in the past half-decade, I rank among the top five lawyers nationwide for total U.S. Supreme Court arguments in private practice. I have twice had three cert. petitions granted in a 12-month period (including in 2022), and I personally handled over 5% of the Supreme Court's merits docket in OT 2018. I have been named to the *National Law Journal*'s "Appellate Hot List," earned weekly honors as a *Law360* "Legal Lion," achieved national appellate rankings in *Chambers & Partners* and *The Legal 500*, and been listed among the "veritable who's who of the Supreme Court bar" (*Empirical SCOTUS*). I am also a three-time winner of NAAG's Best Brief Award for excellence in brief-writing before the Supreme Court.

4. While my practice focuses on all areas of federal law, I have particular expertise in federal arbitration law, including arguing (and winning) multiple arbitration-related cases before the Supreme Court and arguing (and winning) an arbitration-related case in the Ninth Circuit.

5. The Debtors have requested that Haynes Boone represent VPX[2] and JHO in pending appellate proceedings in the Ninth Circuit (the OBI Appeal), and, if necessary, in any

---

[2] Unless otherwise noted, the capitalized terms in this declaration have the same meanings ascribed to those terms in the accompanying Application.

related future proceedings before the Supreme Court. Haynes Boone has agreed to provide those services.

6. For its proposed retention, Haynes Boone researched its client database to determine whether it had any connection to the following entities: (i) the Debtors; (ii) the parties to the OBI Appeal; (iii) the Debtors' consolidated thirty largest unsecured creditors; (iv) the Debtors' secured creditors; and (v) the Debtors' officers, directors, and equity holders. The results of that research did not reveal any matters adverse to the Debtors or the Debtors' estates concerning the matters upon which Haynes Boone is to be employed.

7. Other than as set forth in this declaration, Haynes Boone submits that it neither holds nor represents any interest adverse to the Debtors or their estates concerning the matters upon which Haynes Boone is to be employed.

8. Haynes Boone and I have not, and will not, represent any other entity in connection with these cases, nor will we accept any fee from any other party or parties in these cases except the Debtors, unless otherwise authorized by the Court.

9. The professional fees and costs that we incur in our representation shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330, and 331 and Fed. R. Bankr. P. 2014.

10. The current rates for attorneys at Haynes Boone range from $500.00-$875.00 per hour for associates and $750.00-$1,650.00 per hour for partners. My current rate is $1,100.00 per hour, although I have agreed to discount that rate to $1,000.00 per hour for this engagement. The current hourly rates for paralegals at Haynes Boone range from $225.00-$600.00.

11. There is no agreement of any kind, other than our firm's shareholder agreement, regarding the sharing of any compensation paid to the firm. There likewise have been no

promises to Haynes Boone (or any of its members or associates) regarding any compensation for these cases, other than in accordance with the Bankruptcy Code.

12. No attorney in our firm holds or has a right to acquire a direct or indirect equity interest (including stock or stock warrants) in the Debtors.

13. No attorney in our firm is serving or has served as an officer, director, or employee of the Debtors within two years before the Petition Date.

14. No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer, or person in control of the Debtors.

15. No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

16. No attorney in our firm is serving or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors, within two years before the Petition Date.

17. No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors within three years before the filing of the petition.

18. No attorney in our firm has any other interest, direct or indirect, that may be affected by the proposed representation.

19. Except as set forth above, no attorney in our firm has had or presently has any material connection with the Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, on any matters in which the firm is to be engaged, except that the firm's members and I (i) may have appeared in the past, and may appear in the future, in

4

11770445-1

other cases in which one or more of said parties may be involved; and (ii) may represent, or may have represented, certain of the Debtors' creditors in matters unrelated to these cases.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Colorado Springs, Colorado, on December 2, 2022.

_____
Daniel L. Geyser

## EXHIBIT C
**(Proposed Order)**

11770213-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER APPROVING DEBTORS' APPLICATION FOR APPROVAL OF
EMPLOYMENT OF DANIEL L. GEYSER AND THE LAW FIRM OF HAYNES
AND BOONE, LLP, AS SPECIAL COUNSEL TO THE DEBTORS,
EFFECTIVE AS OF NOVEMBER 3, 2022**

**THIS MATTER** came before the Court on _____, 2022 at _____ _.m./p.m., in

Fort Lauderdale, Florida, upon the *Debtors' Application For Approval of Employment of Daniel L.*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11770456-3

*Geyser and the Law Firm of Haynes and Boone, LLP, as Special Counsel to the Debtors, Effective as of November 3, 2022* (the "<u>Application</u>") [ECF No. ___]. The Court, having considered the Application, the Engagement Letter[2] attached to the Application as Exhibit "A;" and the *Declaration of Daniel L. Geyser, on Behalf of Haynes and Boone, LLP, as Proposed Special Counsel to the Debtors*, attached to the Application as Exhibit "B;" finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) Haynes and Boone, LLP (i) does not hold or represent any interest adverse to the Debtors' estates on any matter in which Haynes and Boone, LLP is to be engaged; and (ii) has disclosed any connections with creditors and parties-in-interest; and (d) Haynes and Boone, LLP's employment as special counsel to the Debtors is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest. Accordingly, it is

**ORDERED** as follows**:**

1. The Application is **APPROVED**.

2. The employment of Haynes and Boone, LLP, as special counsel to the Debtors, pursuant to the terms set forth in the Engagement Letter attached to the Application as Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. § 327(e).

3. The Debtors are authorized to pay Haynes and Boone, LLP a post-petition retainer in the amount of $25,000.00, which sum shall be deposited into a trust account at Haynes and Boone, LLP, pending further order of the Court.

4. Haynes and Boone, LLP, as special counsel to the Debtors, shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

2

11770456-3

rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*