UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**DEBTORS' APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF RICHARD D. FAULKNER AND THE LAW FIRM OF FAULKNER ADR LAW, PLLC, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF NOVEMBER 1, 2022**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a), 2016 and 6003, Local Rules 2014-1(A) and 2016-1(A), hereby file this *Debtors' Application for Approval of the Employment of Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 1, 2022* (the "Application"), seeking approval of the employment of the law firm of Faulkner ADR Law, PLLC ("Faulkner Law"), as special counsel to the Debtors, to represent Debtors, Vital Pharmaceuticals, Inc. ("VPX") and JHO Intellectual Property Holdings, LLC ("JHO") in connection with an appeal commenced by VPX and JHO in the United States Court of Appeal for the Ninth Circuit, Case No. 22-56019 (the "OBI Appeal") of a final judgment confirming an

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11771346-3

arbitration award entered in favor of Orange Bang, Inc. ("OBI") and Monster Energy Co. ("Monster") in the arbitration proceeding captioned *Orange Bang, Inc. and Monster Energy Company v. Vital Pharmaceuticals, Inc. d/b/a VPX Sports*, AAA Case No. 01-20-0005-6081, pending before the American Arbitration Association (the "Arbitration Proceeding"). In support of the Application, the Debtors rely upon the *Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC, as Proposed Special Counsel to the Debtors* (the "Faulkner Declaration"), and respectfully represent as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 327(e) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014-1(A) and 2016-1(A).

## Background

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26].

**The OBI Appeal**

7. On April 6, 2022, a *Final Arbitration Award – Phase 1 and Phase 2*, (the "Final Arbitration Award") was entered in the Arbitration Proceeding in favor of OBI and Monster and against VPX and JHO. On October 28, 2022, VPX and JHO filed a *Notice of Appeal From Judgment or Order of a United States District Court* with respect to the Final Arbitration Award, with the United States District Court for the Central District of California, in the case captioned *Vital Pharmaceuticals, Inc. and JHO Intellectual Property v. Orange Bang, Inc. and Monster Energy Company*, Case No. 5:20-cv-1464-DSF-SHK, thereby commencing the OBI Appeal.

**Relief Requested**

8. By this Motion, the Debtors seek authorization to retain Faulkner Law to represent VPX and JHO in the OBI Appeal, as well as to represent VPX and JHO in connection with the AAA Action.

9. The Debtors have determined that obtaining the services of Faulkner Law to represent VPX and JHO in the OBI Appeal, as well as in the AAA Action is in the best interests of the Debtors and their estates.

10. Accordingly, by this Application, the Debtors seek to employ Richard D. Faulkner ("Faulkner") and Faulkner Law pursuant to the terms of the Engagement Letter dated October 31, 2022 and received November 1, 2022 (the "Engagement Letter") attached hereto as **Exhibit "A"**. As set forth in the Engagement Letter, Faulkner Law is requesting the payment of a post-petition retainer in the amount of $30,000.00, as security for the costs, expenses, and fees to be incurred in connection with this engagement.

11. The Debtors believe the employment of Faulkner and Faulkner Law is necessary and in the best interests of the Debtors' estates.

11771346-3

12.     The Debtors have selected Faulkner Law because Faulkner Law is well qualified to represent VPX in connection with the OBI Appeal because of its expertise in the procedures governing alternative dispute resolution proceedings, including proceedings conducted by the American Arbitration Association, issues that will be central to the OBI Appeal.

13.     Faulkner has extensive experience and knowledge with respect to such matters and is well-qualified to act as counsel on behalf of VPX and JHO.

14.     The Debtors believe that Faulkner and Faulkner Law are well qualified to represent VPX and JHO and they have consented to providing such services to VPX and JHO, subject to the approval of this Court.

15.     As set forth above, the requested retention by the Debtors of Faulkner Law is sought pursuant to section 327(e) of the Bankruptcy Code.

16.     This Court may approve the Debtors' employment of an attorney "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."   11 U.S.C. § 327(e).

17.     Attached hereto as **Exhibit "B"** is the Faulkner Declaration in which Faulkner testifies that, to the best of his knowledge, neither he nor Faulkner Law hold any interest adverse to the Debtors or their estates with respect to the matters on which they are to be employed.

18.     Faulkner has agreed to work cooperatively with the Debtors' other professionals to avoid duplicative and/or competing efforts

19.     The Debtors seek entry of an order approving the employment of Faulkner and Faulkner Law effective as of November 1, 2022.

11771346-3

**WHEREFORE,** the Debtors respectfully request the entry of an order, in the form attached hereto as **Exhibit "C"** (i) approving the Debtors' employment of Faulkner and Faulkner Law as special counsel to the Debtors; and (ii) granting the Debtors such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: December 21, 2022<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso*<br>Jordi Guso |

George A. Davis (admitted *pro hac vice*)　　　　Jordi Guso
Tianjiao ("TJ") Li (admitted *pro hac vice*)　　　Florida Bar No. 863580
Brian S. Rosen (admitted *pro hac vice*)　　　　Michael J. Niles
Jonathan J. Weichselbaum (admitted *pro hac vice*)　Florida Bar No. 107203
**LATHAM & WATKINS LLP**　　　　　　　　**BERGER SINGERMAN LLP**
1271 Avenue of the Americas　　　　　　　　1450 Brickell Avenue, Suite 1900
New York, NY 10020　　　　　　　　　　　Miami, FL 33131
Telephone: (212) 906-1200　　　　　　　　Telephone: (305) 755-9500
Email: george.davis@lw.com　　　　　　　Email: jguso@bergersingerman.com
　　　　tj.li@lw.com　　　　　　　　　　　　　　mniles@bergersingerman.com
　　　　brian.rosen@lw.com
　　　　jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for the Debtors*

11771346-3

**EXHIBIT A**
**(Engagement Letter)**

11771346-3

# Richard D. Faulkner

J.D., LL.M., F.C.I.Arb., Dip. Intnl. Comm. Arb.

**Faulkner ADR Law, PLLC**

Attorney - Arbitrator - Mediator - Special Master

| | |
|---|---|
| 12770 Coit Road | Tel.  (972) 427-1500 |
| Suite 720 | Rfaulkner@faulkneradrlaw.com |
| Dallas, TX 75251 | |

October 31, 2022

**VIA EMAIL ONLY**

Mr. Gregg Metzger, Esq.
Chief Litigation Counsel
gregg.metzger@bangenergy.com

Re:   Counsel Engagement for Advice and Assistance with USCA 9 Appeal of U.S. CD Cal's Order & Judgment Confirming, and Denying Vacatur of, Orange Bang Arbitration Award, and for Prosecution of Claim(s)/Action(s) Against AAA

Dear Mr. Metzger:

As your know it is standard practice for lawyers to send an engagement letter describing the basis on which they will provide legal services to you.  Therefore, we submit for your approval the following provisions governing our engagement.  If you are in agreement, please sign the enclosed copy of this letter in the space provided below and return it.  If you have any questions about these provisions, please do not hesitate to call.

We are pleased that you have asked us to assist you with respect to the above-referenced matters (hereafter referred to as the "Matter").

1. **Client; Scope of Representation**.  Our client in this Matter will be Vital Pharmaceuticals, Inc. (d/b/a Bang Energy & VPX) "Respondent/Counter-Claimant" represented by its Chief Litigation Counsel, Mr. Gregg Metzger referred to hereafter as "You", or "Respondent(s)". The scope of this representation shall be to assist Respondent(s) counsel in addressing the issues that have arisen in relation to the above referenced arbitration.  We will be engaged to represent You in providing legal advice and representation to prosecute Vacatur litigation issues in one or more U. S. District Court(s) and potential appeals. We will work together as co-counsel on this engagement with Philip J. Loree Jr., who does business as the Loree Law Firm. Mr. Loree is licensed to practice before the Courts of the State of New York and various federal courts. Because Mr. Loree is a New York-licensed attorney, and is not licensed to practice in Texas, his professional obligations to You are as set forth in this engagement letter and in Appendix A to this engagement letter, which is incorporated by reference by this Engagement Letter, provided that, in the event of a conflict between this engagement letter and Appendix A concerning Mr. Loree's professional obligations, Appendix A shall govern. Except as otherwise provided in Appendix A, the body of this letter shall govern all other aspects of Your relationship with Mr. Loree.

2.  Our contact person for the purposes of our representation shall be Mr. Metzger. We will obtain our instructions for our legal representation of Respondent(s) through Mr. Metzger, unless otherwise instructed in writing.

3.  **Terms of Engagement**. This agreement for representation is an at will agreement. Any party may terminate the engagement at any time for any reason whatsoever in writing, subject to or apart from the applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above-referenced Matter.

4.  **Termination Obligations.** Upon termination of our representation of you in the Matter, we will forward our final invoice for services rendered in this Matter. Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with the applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs. Our own files pertaining to this Matter will be retained by the firm. These firm files may include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and internal lawyer work product such as drafts, notes, internal memoranda, and legal and factual research. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

5.  **Fees and Out–of-Pocket Expenses**. Our fees will be based on the time spent in this Matter at the billing rate for each attorney, law clerk or paralegal devoting time to this Matter. The usual hourly rates are as follows:

    $450.00 per hour for Richard Faulkner, J.D., LL.M., F.C.I.Arb., Dip.Intnl.Com.Arb. and Phillip J. Loree of the Loree Firm,
    $250.00 to $450.00 per hour for associate or contract attorneys, and,
    $100.00 and $150.00 per hour for Law clerks and paralegals.

6.  **Retainer.** Upon receipt of a refundable retainer in the amount of a $30,000.00 as security for costs, expenses, and fees and an executed copy of this fee agreement, we will commence work on the Matter. We will bill against the retainer and provide copies of our bill to you. You agree to replenish this retainer from time to time if requested. The retainer will be deposited into an interest bearing trust account (IOLTA Account) and the unused balance of the retainer will be refunded to you upon the conclusion of our representation of you, if any.

7.  **Expenses.** You agree to pay all of the out of pocket expenses that we incur up front. In other words, to the extent that we incur the costs and fees referenced above, including but not limited to travel fees, hotel fees, expert witness fees, arbitrator fees, court reporter fees, filing fees, court costs, printing fees, and other fees, you agree to pay them prior to our actually incurring same upon our request. Our firm will not pay these fees. You agree that we may immediately terminate our services if these fees are not paid by you when requested by us within our sole discretion.

8.  **Billing**. All hourly fees and expense charges will be billed directly against the retainer. If there is a time when no retainer is in place, any bills issued to you are due no later than ten days of the date of your monthly statement. If any such fees are not paid in full, we reserve the right to charge interest on the outstanding balance at the maximum rate allowed by law, beginning thirty (30) days after any such outstanding balance becomes due and owing and/or to terminate our relationship with you. In the event you should cease making payments in accordance with this agreement, our firm has the right to immediately terminate its services as legal counsel for you in this Matter. Our bills shall include The Loree Law Firm's bills. The Loree Law firm shall send

its bills to us and we shall present them to you as part of our bill. The total amount due for our bills shall be the amounts billed by The Loree Law Firm, the amounts billed for our own work, and the amount billed by any associate or contract attorneys. Payment in full of these amounts shall be made to Faulkner ADR Law, PLLC. Faulkner ADR Law, PLLC shall be responsible for promptly transmitting to The Loree Law Firm, by wire or good check, the amounts due the Loree Law Firm for its invoices.

9. **Client Responsibilities**.  You agree to cooperate with us and to fully and promptly provide all information known or available to you relevant to our representation of you in this Matter.  You also agree to pay our statements for services and expenses in accordance with the paragraphs above.

10. **Email Communications**.  We understand that you would like to receive, and have agreed to exchange, copies of letters sent in your case and certain documents via email.  Email is not a confidential form of communication even if the email contains a disclaimer stating that confidentiality and/or the attorney client and/or the work product privileges are not waived.  Some case law suggests that email exchanged between lawyers and their clients is not confidential and is not covered by the attorney-client and/or work-product privileges.  Accordingly, a court may find that our email communications are not covered by confidentiality, the attorney-client and/or work-product privileges.  We anticipate that we will be communicating with you by Email and telephone.  If you use secure encrypted telephone systems, such as Signal, we will use that method if instructed.

With that in mind, by signing below you agree that you have given us your written permission to communicate with you through email.  Indicating your written approval below does not mean that in all instances we will communicate with you via email.  We will communicate with you primarily by the most effective method available at that time, which is likely to be Email and telephone.  In some instances, it may be more efficient for us to exchange communications with you through hard copies.  Therefore, we reserve the right to communicate with you through facsimile or the mail at our sole discretion.

It is your responsibility to keep us informed of any changes in your personal contact information at all times and for checking email and other electronic forms of communication if you so choose to communicate using those means.  We do this as an accommodation to you in the hopes of continuing to provide our clients with a high level of service at reasonable rates.

11. **Conflicts.**  You are aware that we represent multiple companies and individuals.  It is possible that during the time that we are representing you, some of our present or future clients may have disputes or transactions with you.  We agree that we will request permission of you to represent, or may undertake in the future to represent existing or new clients in any matter that is not substantially related to work for you, unless the interests of such clients in those other matters are directly adverse to your interest.  We agree, however, that your consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage.

12. **No Guarantee of Result or Fees Incurred.**  You understand that we and any attorneys working with us have made no representation concerning the successful termination of the Matter, the claim or claims relating to the matter in controversy or to the favorable outcome of any legal action that is or may be filed.  You further expressly acknowledge that all statements of the attorneys on these matters are statements of opinion only.  We do not and can not guarantee that we will bill You any specific amount.  Respondent(s) agree(s) that it shall be liable for all hourly fees, expenses and costs incurred by the attorneys relating to this Matter.

13. **Governing Law; Venue.**  The laws of the State of Texas shall govern the construction and interpretation of this agreement and venue shall be in Dallas County, Texas. Notwithstanding anything to the contrary in this agreement, the professional obligations of Philip J. Loree Jr. of the Loree Law firm shall be governed by the New York Rules of Professional Responsibility and Appendix A of this agreement.

14. **Entire Agreement.**  This agreement constitutes the entire agreement between you and us regarding your engagement of us to represent you with respect to this Matter.  This agreement is subject to no oral agreements or understandings and can be modified or changed only by a further written agreement signed by you and each of us.  No obligation or undertaking not set forth expressly in this agreement shall be implied on the part of either you or either of us.

15. **Acceptance.**  If you agree with these terms, please sign and return this letter.

The Federal, Louisiana and Texas courts have adopted various versions of The Lawyer's Creed - A Mandate for Professionalism.  The Creed addresses a lawyer's obligation to the legal system, to clients, and to judges.  It also governs the manner in which we deal with opposing counsel.  The Creed requires lawyers to act professionally with each other and the courts and to not attempt to abuse the system.  We support the principles of the Creed and solicit your support as well.

We are pleased to have this opportunity to work with you.  If you have questions now, or in the future, about this agreement or matters relating to our representation of you, please never hesitate to call.

          Sincerely,

          Faulkner ADR Law, PLLC


          By: <u>Original Signed Richard D. Faulkner, Esq.</u>
          Richard D. Faulkner, Esq.


**Agreed and Accepted by:**

**Vital Pharmaceuticals, Inc. (d/b/a Bang Energy & as VPX)**

**By:** _/s/ Gregg Metzger_
   **Mr. Gregg Metzger, Esq. Chief Litigation Counsel**


Date: 12/21/2022

## EXHIBIT B
**(Faulkner Declaration)**

11771346-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

Debtors.

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

## DECLARATION OF RICHARD D. FAULKNER, ON BEHALF OF FAULKNER ADR LAW, PLLC, AS PROPOSED SPECIAL COUNSEL TO THE DEBTORS

I, Richard D. Faulkner of the law firm of Faulkner ADR Law, PLLC, declare and state as follows:

1. I am Richard D. Faulkner. I am an attorney and a partner with the law firm of Faulkner ADR Law, PLLC ("Faulkner Law"). Our firm maintains an office for the practice of law at 12770 Coit Road, Suite 720, Dallas, TX 75251.

2. I am familiar with the matters set forth herein and make this Declaration in support of the *Debtors' Application for Approval of the Employment of Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 1, 2022* in the above-captioned case (the "Application").

3. In support of the Application, I disclose the following:

    (a) Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11771421-2

(b) I make this Declaration based in material part on my review of the list of creditors and interested parties of the Debtors, as provided to me by the Debtors and/or the Debtors' general counsel.

4. The Debtors have requested that Faulkner Law represent VPX[2] and JHO in connection with the OBI Appeal and the AAA Action, and Faulkner Law has consented to provide such services. Faulkner Law has previously consulted with counsel for Debtors, but has not entered an appearance in any arbitration or litigation.

5. In connection with its proposed retention, Faulkner Law researched its client database to determine whether it had any connections to the following entities: (i) the Debtors; (ii) the parties to the OBI Appeal; (iii) the American Arbitration Association; (iv) the consolidated thirty (30) largest unsecured creditors of the Debtors; (v) the secured creditors of the Debtors; and (vi) and the officers, directors and equity holders of the Debtors. The results of that research revealed the following matters, which are neither adverse to the Debtors nor the Debtors' estates with respect to the matters upon which Faulkner Law is to be employed.

    a. Faulkner Law has provided advice to Debtors relating to arbitration issues and to the arbitration and related litigation seeking to vacate and oppose confirmation of the arbitration award between Debtors, Orange Bang and Monster Energy, Inc. and to appeal confirmation of the arbitration award by the district court.

    b. Faulkner Law in the person of Richard Faulkner has in prior years appealed American Arbitration Association awards and arbitration issues through every level of the federal courts including petitions for certiorari

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

2

11771421-2

           in the U.S. Supreme Court, filed Supreme Court Amicus Briefs on AAA arbitration cases, successfully sued the AAA defeating its "arbitral immunity" assertions, represented clients in AAA arbitrations, served as chairman of AAA arbitration Tribunals and served as an arbitrator in AAA arbitrations.

    c.    Faulkner Law has no connections to the 30 largest creditors of the Debtors, nor connections to any of the secured creditors of the Debtors, and has no connections to the officers, directors or equity holders of the Debtors.

6.    Other than as set forth in this declaration, Faulkner Law submits that it neither holds nor represents any interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which Faulkner Law is to be employed.

7.    Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors unless otherwise authorized by the Court.

8.    The professional fees and costs incurred by me in the course of my representation of VPX and JHO in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Fed. R. Bankr. P. 2014.

9.    The current hourly rates for the attorneys at Faulkner Law range from $250.00 per hour for associates to $450.00 per hour for partners. To the extent that contract attorneys will be utilized for this engagement, they will be billed at $450.00 per hour. My current hourly rate is $450.00 per hour, and the current hourly rates for law clerks and paralegals at Faulkner Law range from $100.00 to $150.00 per hour.

10. As set forth in the Engagement Letter, Faulkner Law has requested a post-petition retainer in the amount of $30,000.00 as security for the costs, expenses and fees to be incurred in connection with this engagement.

11. There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by Faulkner Law nor any member or associate thereof, as to compensation in connection with these cases, other than in accordance with the provisions of the Bankruptcy Code.

12. No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

13. No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

14. No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

15. No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

16. No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

17. No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of the petition.

18. No attorney in our firm has any other interest, direct or indirect, that may be

4

affected by the proposed representation.

19. Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States Trustee, on any matters in which the firm is to be engaged, except that I and other members of our firm, (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

20. This concludes my Declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2022.

Richard D. Faulkner

5

11771421-2

**EXHIBIT C**
**(Proposed Order)**

11771346-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors.                                              / | (Jointly Administered) |

**ORDER APPROVING DEBTORS' APPLICATION FOR APPROVAL OF
EMPLOYMENT OF RICHARD D. FAULKNER AND THE LAW FIRM OF
FAULKNER ADR LAW, PLLC, AS SPECIAL COUNSEL TO THE DEBTORS,
EFFECTIVE AS OF NOVEMBER 1, 2022**

**THIS MATTER** came before the Court on _____, 2022 at _____ _.m./p.m.,

in Fort Lauderdale, Florida, upon the *Debtors' Application For Approval of Employment of Richard*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11771473-2

*D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 1, 2022* (the "Application") [ECF No. ___]. The Court, having considered the Application, the Engagement Letter[2] attached to the Application as Exhibit "A;" and the *Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC, as Proposed Special Counsel to the Debtors*, attached to the Application as Exhibit "B;" finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) Faulkner ADR Law, PLLC (i) does not hold or represent any interest adverse to the Debtors' estates on any matter in which Faulkner ADR Law, PLLC is to be engaged; (ii) has disclosed any connections with creditors and parties-in-interest; and (d) Faulkner ADR Law, PLLC's employment as special counsel to the Debtors is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest. Accordingly, it is

    **ORDERED** as follows**:**

    1.    The Application is **APPROVED**.

    2.    The employment of Faulkner ADR Law, PLLC, as special counsel to the Debtors, pursuant to the terms set forth in the Engagement Letter attached to the Application as Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. § 327(e).

    3.    VPX is authorized to pay to Faulkner ADR Law, PLLC, a post-petition retainer in the amount of $30,000.00, which sum shall be deposited into a trust account of Faulkner ADR Law, PLLC, pending further order of the Court.

    4.    Faulkner ADR Law, PLLC, as special counsel to the Debtors, shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

2

11771473-2

rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

3

11771473-2