UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:  Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]  Case No.: 22-17842-PDR

Debtors.  (Jointly Administered)

_____/

# DEBTORS' MOTION FOR APPROVAL OF
# SETTLEMENT PROCEDURES AND SETTLEMENT TERMS FOR
# LITIGATION MATTERS

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion (the "Motion"), respectfully requesting the entry of an order, pursuant to section 105(a) of title 11, of the United States Code, 11 U.S.C. § 101 *et seq* (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving settlement procedures and settlement terms for certain causes of action pending and to be brought by the Debtors (collectively, "Litigation Matters") according to the procedures and terms more fully described below, and respectfully state as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11819587-2

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### II. BACKGROUND

2. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings [ECF No. 12] (the "First Day Declaration")

5. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

6. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

### III. RELIEF REQUESTED

7. In order to effectively and efficiently realize value for the Debtors' estates, the Debtors seek court approval of certain settlement procedures and terms, thereby allowing the Debtors the flexibility to resolve certain Litigation Matters without the need for repeated court hearings and administrative expenses attendant thereto. The Litigation Matters include (i) certain causes of action to be brought by or against the Debtors; and (ii) pending litigation by or

11819587-2

against the Debtors. Litigation Matters shall not include actions filed pursuant to § 547 or §550 of the Bankruptcy Code.

    8.    The Debtors propose the following procedures and terms:

        a.    <u>Creditor Representative</u>: Until the effective date of a chapter 11 plan, the creditor representative for the following procedures shall be the Official Committee of Unsecured Creditors (the "<u>Committee</u>" or the "Creditor Representative"). Following the effective date of a chapter 11 plan, the Creditor Representative shall be the trustee for any litigation trust established for the benefit of creditors pursuant to such plan, or such other representative as designated by the Court at the time of plan confirmation. The Debtors will endeavor to notify the Creditor Representative as soon as reasonably possible of any potential settlements.

        b.    <u>Claims initiated by or against the Debtors and the Settlement Amount is equal to or less than $500,000 (provided that the target was not an insider of the Debtors)</u>. For settlements of claims either by or against the Debtors where the settlement amount is equal to or less than $500,000, no further court approval shall be required (provided that the target was not an insider of the Debtors), subject to the following procedures (which do not preclude the Debtors from seeking court approval of any such proposed settlement):

            1.    the Debtors will provide the Creditor Representative and Truist Bank, as administrative agent under the DIP Facility[2] ("Truist," collectively with the Creditor Representative, the "<u>Approval Parties</u>"), on a confidential basis with information regarding the proposed settlement, including a brief summary of the amount demanded, the amount of the proposed settlement and a short analysis of the relative strength of relevant claims and defenses (the "<u>Analysis</u>");

            2.    if within five (5) business days of receipt of the Analysis either of the Approval Parties do not provide a written objection (which may be provided via email to counsel to the Debtors), to the proposed settlement or request additional information regarding the settlement to

---

[2] As defined in *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting related Relief* [ECF. No. 24] (The "<u>DIP Motion</u>").

3

11819587-2

        undersigned counsel to the Debtors, then the settlement is deemed approved by the Approval Parties; and

    3.    if either of the Approval Parties requests additional information within five (5) business days of receipt of the Analysis, then the Debtors shall provide reasonable additional information and within five (5) business days from receipt of the additional information, the respective Approval Party will advise in writing whether it approves of the proposed settlement. If within five (5) business days of receipt of the additional information the respective Approval Party does not provide a written objection to the proposed settlement to Debtors' counsel, then the settlement shall be deemed approved by the Approval Parties. If either of the Approval Parties objects to the proposed settlement, the settlement shall not be deemed approved absent court approval of such settlement.

c.    <u>Settlement Amounts greater than $500,000 initiated by or filed against the Debtors (or any claim as to which the target was an insider of the Debtors)</u>. For settlements of claims where the settlement amount is greater than $500,000 (or any claim as to which the target was an insider of the Debtors), the Debtors shall seek court approval of such settlement.

d.    <u>Notice to Counsel for Secured Creditors</u>: Upon the Debtors' repayment of the $100,000,000 of new money under the DIP Facility as defined in the DIP Motion, Truist's consent rights under Section 8(b) shall be limited to any commercial tort claims constituting properly perfected prepetition collateral. Notwithstanding, the Debtors shall continue to provide notice to counsel for Truist for all other proposed settlements in excess of $250,000. Such notice will be limited to the amount demanded and the amount of the proposed settlement.

e.    <u>Motion Procedures</u>: Whenever court approval is required by these procedures, such approval may be obtained in accordance with the applicable rules, including the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, permitting the use of negative notice. For the avoidance of doubt, omnibus motions for approval of multiple settlements are expressly permitted.

f.    <u>Debtors' Reservation of Rights</u>: Notwithstanding the foregoing, the Debtors may seek further court approval of any settlement they consider to be in the best interests of the Debtors' estates. Such approval may be obtained in accordance with the applicable rules,

4

    including the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, permitting the use of negative notice.

  g. <u>Privileges</u>: All confidential communications between or among the Debtors and the Creditor Representative and/or Truist, as administrative agent, regarding review and approval of settlements by the Creditor Representative shall be deemed to be exchanged in furtherance of pursuit and/or settlement of litigation in which the Debtors and the Creditor Representative and/or Truist, as administrative agent, as the case may be, have a common legal interest and therefore such communications shall not constitute a waiver of any applicable privileges or protections, including attorney-client privilege and/or attorney work product.

  h. <u>Settlement Funds</u>: The Debtors shall use all settlement amounts on account of such settlements in the ordinary course and in accordance with the Approved Budget, as defined in the DIP Motion.

9. Court approval of these procedures is in the best interests of the Debtors' estates as it will permit the efficient prosecution, defense, and resolution of Litigation Matters. Prior to the filing of this Motion, the Debtors previewed the relief requested herein with the Committee and Truist, and the Debtors understand neither the Committee nor Truist objects to the relief.

10. The Debtors seek approval of the settlement procedures outlined above pursuant to Bankruptcy Rule 9019(b) and section 105(a) of the Bankruptcy Code. Bankruptcy Rule 9019(b) provides that "[a]fter a hearing on such notice as the court may direct, *the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.*" Fed. R. Bankr. P. 9019(b) (emphasis added). Thus, Bankruptcy Rule 9019(b) authorizes the streamlining of settlements where there are a considerable amount of actions involved, as is the case here with respect to the Litigation Actions. As set forth in COLLIER'S:

> There are occasions in which a trustee will file a large number of causes of action many individual defendants. For example, actions to recover preferences may involve similar issues and seek recovery of relatively small amounts. In such situations, many

5

>settlements may be reached during the course of the litigation. Recognizing that forcing the trustee to file a separate motion each time a settlement is reached would be expensive and burdensome, Rule 9019(b) authorizes the court, after hearing on such notice as the court directs, to fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

*See* 10 Lawrence P. King *et al.*, COLLIER ON BANKRUPTCY ¶ 9019.03, at 9019-5 to 9019-6 (16th ed. rev. 2013). Likewise, Bankruptcy Rule 9019(b) (and its predecessor provisions from the Bankruptcy Act) contemplates such procedures when dealing with numerous smaller claims that have been asserted against a debtor's estate. *See Scott v. Jones*, 118 F.2d 30, 31 (10th Cir. 1941) (noting that the "power [of] the bankruptcy court to dispose of claims or assets of doubtful value in an expeditious manner, other than in the usual and ordinary manner prescribed by statute for marshalling the assets of a bankrupt estate.") *see also* 11 U.S.C. § 105(a). Such procedures also will allow the Debtors to keep confidential the terms of the settlements of Litigation Matters, so as not to provide any unfair advantage to other creditors or litigation counter-parties.

11.   Relief similar to that requested herein has been granted in other large chapter 11 cases in this district. *See, e.g., In re Adinath Corp.*, Case No. 15-16885-BKC-LMI (Bankr. S.D. Fla. Nov. 20, 2015) [ECF No. 618]; *In re Levitt and Sons, LLC*, Case No. 07-19845-BKC-RBR (Bankr. S.D. Fla. Nov. 12, 2009) [ECF No. 5423]; *In re TOUSA, Inc., et al.*, Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. July 14, 2009) [ECF No. 2979]; *see also In re National Gold Exchange, Inc.*, Case No. 09-15972-BKC-MGW (Bankr. M.D. Fla. Dec. 22, 2010).

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order in the form attached hereto as **Exhibit "A"** (i) granting this Motion; (ii) approving the above-described settlement procedures and terms; and (iii) granting any other or further relief that this Court deems just and proper.

11819587-2

| | |
|---|---|
| Dated:  December 22, 2022<br>           Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |

George A. Davis (admitted *pro hac vice*)  
Tianjiao ("TJ") Li (admitted *pro hac vice*)  
Brian S. Rosen (admitted *pro hac vice*)  
Jonathan J. Weichselbaum (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
1271 Avenue of the Americas  
New York, NY 10020  
Telephone:  (212) 906-1200  
Email:  george.davis@lw.com  
           tj.li@lw.com  
           brian.rosen@lw.com  
           jon.weichselbaum@lw.com  

– and –

Andrew D. Sorkin (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
555 Eleventh Street, NW, Suite 1000  
Washington, D.C. 20004  
Telephone:  (202) 637-2200  
Email:  andrew.sorkin@lw.com  

– and –

Whit Morley (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
330 North Wabash Avenue, Suite 2800  
Chicago, IL 60611  
Telephone: (312) 876-7700  
Email:  whit.morley@lw.com  

Jordi Guso  
Florida Bar No. 863580  
Michael J. Niles  
Florida Bar No. 107203  
**BERGER SINGERMAN LLP**  
1450 Brickell Avenue, Suite 1900  
Miami, FL 33131  
Telephone:  (305) 755-9500  
Email:  jguso@bergersingerman.com  
           mniles@bergersingerman.com

# EXHIBIT "A"
# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                              Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

   Debtors.                                                 (Jointly Administered)
_____/

**ORDER APPROVING SETTLEMENT PROCEDURES
AND SETTLEMENT TERMS FOR LITIGATION MATTERS**

**THIS MATTER** came before the Court on the ___ day of _____, 2022 at _____ [a/p].m., in Ft. Lauderdale, Florida, upon the *Debtors' Expedited Motion for Approval of Settlement Procedures and Settlement Terms for Litigation Matters* [ECF No. 594] (the "Motion"). The Motion requests that this Court approve settlement procedures and settlement terms for certain causes of action, including (i) causes of action to be brought under section 547

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11768705-8

and 550 of the Bankruptcy Code; and (ii) pending litigation by or against the Debtors. The Court having considered the Motion and the relevant docket pleadings; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the presentation by counsel at the hearing before the Court that any objections to the Motion, if any, whether or not having been withdrawn or resolved, are hereby overruled; and sufficient cause appearing therefor, it is **ORDERED** that:

1. The Motion is **GRANTED,** as set forth herein.

2. Pursuant to Bankruptcy Rule 9019(b) and 11 U.S.C. § 105(a), the Debtors are authorized to settle Litigation Matters[2] on the following terms:

   a. <u>Creditor Representative</u>: Until the effective date of a chapter 11 plan, the creditor representative for the following procedures shall be the Official Committee of Unsecured Creditors (the "**Committee**" or the "Creditor Representative"). Following the effective date of a chapter 11 plan, the Creditor Representative shall be the trustee for any litigation trust established for the benefit of creditors pursuant to such plan, or such other representative as designated by the Court at the time of plan confirmation. The Debtors will endeavor to notify the Creditor Representative as soon as reasonably possible of any potential settlements.

   b. <u>Claims initiated by or against the Debtors and the Settlement Amount is equal to or less than $500,000 (provided that the target was not an insider of the Debtors)</u>. For settlements of claims either by or against the Debtors where the settlement amount is equal to or less than $500,000, no further court approval shall be required (provided that the target was not an insider of the Debtors), subject to the following procedures (which do not preclude the Debtors from seeking court approval of any such proposed settlement):

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

1. the Debtors will provide the Creditor Representative and Truist Bank, as administrative agent under the DIP Facility[3] ("Truist," collectively with the Creditor Representative, the "Approval Parties"), on a confidential basis with information regarding the proposed settlement, including a brief summary of the amount demanded, the amount of the proposed settlement and a short analysis of the relative strength of relevant claims and defenses (the "Analysis");

2. if within five (5) business days of receipt of the Analysis either of the Approval Parties do not provide a written objection (which may be provided via email to counsel to the Debtors), to the proposed settlement or request additional information regarding the settlement to undersigned counsel to the Debtors, then the settlement is deemed approved by the Approval Parties; and

3. if either of the Approval Parties requests additional information within five (5) business days of receipt of the Analysis, then the Debtors shall provide reasonable additional information and within five (5) business days from receipt of the additional information, the respective Approval Party will advise in writing whether it approves of the proposed settlement. If within five (5) business days of receipt of the additional information the respective Approval Party does not provide a written objection to the proposed settlement to Debtors' counsel, then the settlement shall be deemed approved by the Approval Parties. If either of the Approval Parties objects to the proposed settlement, the settlement shall not be deemed approved absent court approval of such settlement.

c. <u>Settlement Amounts greater than $500,000 initiated by or filed against the Debtors (or any claim as to which the target was an insider of the Debtors)</u>. For settlements of claims where the settlement amount is greater than $500,000 (or any claim as to which the target was an insider of the Debtors), the Debtors shall seek court approval of such settlement.

---

[3] As defined in *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting related Relief* [ECF. No. 24] (The "DIP Motion").

  d. <u>Notice to Counsel for Secured Creditors</u>: Upon the Debtors' repayment of the $100,000,000 of new money under the DIP Facility as defined in the DIP Motion, Truist's consent rights under Section ~~8~~2(b) shall be limited to any commercial tort claims constituting <u>properly perfected </u>prepetition collateral. Notwithstanding, the Debtors shall continue to provide notice to counsel for Truist for all other proposed settlements in excess of $250,000. Such notice will be limited to the amount demanded and the amount of the proposed settlement.

  e. <u>Motion Procedures</u>: Whenever court approval is required by these procedures, such approval may be obtained in accordance with the applicable rules, including the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, permitting the use of negative notice. For the avoidance of doubt, omnibus motions for approval of multiple settlements are expressly permitted.

  f. <u>Debtors' Reservation of Rights</u>: Notwithstanding the foregoing, the Debtors may seek further court approval of any settlement they consider to be in the best interests of the Debtors' estates. Such approval may be obtained in accordance with the applicable rules, including the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, permitting the use of negative notice.

  g. <u>Privileges</u>: All confidential communications between or among the Debtors and the Creditor Representative and/or Truist, as administrative agent, regarding review and approval of settlements by the Creditor Representative shall be deemed to be exchanged in furtherance of pursuit and/or settlement of litigation in which the Debtors and the Creditor Representative and/or Truist, as administrative agent, as the case may be, have a common legal interest and therefore such communications shall not constitute a waiver of any applicable privileges or protections, including attorney-client privilege and/or attorney work product.

  h. <u>Settlement Funds</u>: The Debtors shall use all settlement amounts on account of such settlements in the ordinary course and in accordance with the Approved Budget, as defined in the DIP Motion.

3. These procedures shall remain in effect unless modified by subsequent Court Order.

4. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted herein.

11768705-8  4

5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry. To the extent applicable, the stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

6. The Court remains retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

11768705-8

5