

**ORDERED in the Southern District of Florida on January 6, 2023.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |
| _____/ | |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR THE ENTRY OF
AN ORDER (I) EXTENDING THE DEADLINE BY WHICH THE DEBTORS
MAY REMOVE CERTAIN ACTIONS AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** was before this Court on January 4, 2023, at 2:00 p.m. in Fort Lauderdale, Florida, upon the *Debtors' Expedited Motion for Entry of an Order (I) Extending the Deadline by Which the Debtors May Remove Certain Actions and (II) Granting Related Relief*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[ECF No. 559] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order (this "Order") (i) extending by 120 days the deadline by which the Debtors may file notices of removal (the "Removal Deadline") from January 9, 2023 through and including May 9, 2023, without prejudice to the Debtors' ability to request additional extensions to the Removal Deadline should it become necessary to do so and (ii) granting related relief, all as more fully set forth in the Motion. The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Removal Deadline is extended by 91 days through and including April 10, 2023.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

4. This Order is without prejudice to (a) any position the Debtors may take on whether Section 362 of the Bankruptcy Code stays any litigation pending against the Debtors and (b) the Debtors' right to seek further extensions of the Removal Deadline.

5. This Order will be served upon (a) the Office of the United States Trustee for the Southern District of Florida; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition and proposed postpetition revolving credit facilities and its counsel; (d) the Committee; (e) the United States Attorney's Office for the Southern District of Florida; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; (i) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; and (j) all parties in pending litigations identified by the Debtors.

6. Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
            mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*