UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) (Jointly Administered) |
| Debtors.[1] _____/ | |

**DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM
AUTOMATIC STAY TO LIQUIDATE PREPETITION CLAIM**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the *Motion for Relief from Automatic Stay to Liquidate Prepetition Claim* [Docket No. 546] (the "Motion") filed by Jasmin Williams (the "Movant"). In support of this Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. Movant's request for relief from the automatic stay should be denied because she fails to meet her burden to establish cause as required under section 362(d)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Movant offers no evidence demonstrating that VPX has acted in bad faith, that the balance of hardships weigh in favor of lifting of the stay (and they do not), or that the status of the pending litigation warrants lifting of the automatic stay. Given her failure to meet her burden, the Motion should be summarily denied.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

**BACKGROUND**

2. On October 18, 2021, Movant filed a Class Action Complaint (the "Complaint") against Debtor Vital Pharmaceuticals, Inc. ("VPX") in the Superior Court of California for the County of San Bernadino (the "California Court"), Case No. CIVSB2129573 (the "State Court Action"), alleging VPX violated various employment and labor laws. *See* Motion, Ex. A.

3. On May 25, 2022, VPX filed *Defendant Vital Pharmaceuticals, Inc's Answer to Plaintiff's Complaint* (the "Answer") denying the Movant's allegations and asserting various affirmative defenses. *See* Motion, Ex. B.

4. On October 10, 2022 (the "Petition Date"), VPX filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. On October 12, 2022, VPX filed a *Notice of Stay of Proceedings* in the State Court Action (the "Stay Notice"). *See* Motion, Ex. C.

6. No discovery has been provided in the State Court Action and discovery has been stayed as a result of the automatic stay. A trial date has not yet been set. *See* Case Management Statement, filed on December 30, 2022 (Ex. 1).

7. On December 18, 2022, Movant filed the Motion. Through the Motion, Movant seeks relief from the automatic stay pursuant to section 362(d)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to continue prosecuting her Complaint against VPX in the State Court Action. The Motion attaches the Complaint, the Answer, and the Stay Notice, but Movant offers no other evidence in support of the relief sought. *See* Motion, Exs. A-C.

**ARGUMENT**

8. Movant has failed to meet her burden to establish that cause exists to lift the automatic stay in order to proceed with the State Court Action. The filing of a bankruptcy petition operates to stay litigation involving prepetition claims against a debtor. *See* 11 U.S.C. § 362(a)(1).

2

The automatic stay may be lifted under section 362(d)(1) of the Bankruptcy Code only if an interested party demonstrates "cause." *See In re Chan*, No. 6:18-bk-03297-KSJ, 2019 Bankr. LEXIS 2702, at *4 (Bankr. M.D. Fla. June 3, 2019). Cause is not defined in the Bankruptcy Code, so when determining whether cause exists courts apply a balancing test that considers the totality of the circumstances in each case. *Id.* (citing *In re Feingold*, 730 F.3d 1268, 1276 (11th Cir. 2013)).

9. In evaluating whether cause exists to lift the automatic stay, courts in the Eleventh Circuit have considered: (1) whether the debtor has acted in bad faith; (2) the "hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code"; and (3) the status of pending state court proceedings. *In re Feingold*, 730 F.3d at 1277; *see also Siewe v. Locci (In re Siewe)*, 730 Fed. App'x 871, 877 (11th Cir. 2018). "The movant has the initial burden to show that 'cause' exists." *In re Chan*, 2019 Bankr. LEXIS 2702, at *4. Should the movant "fail[] to make an initial showing of cause, [] the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *Jackson v. GMAC Mortg., LLC*, No. 12-00111-KD-B, 2013 U.S. Dist. LEXIS 181066, at *8 (S.D. Ala. Dec. 30, 2013) (quoting *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990)). Moreover, "[i]f the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested." *Id.* at *7-8.

10. Here, Movant has wholly failed to meet her burden and establish that "cause" exists. In support of the relief sought, Movant argues only that the "claims arise under the laws of the State of California and all parties to the action reside in the State of California" and "the State Court is better situated and more prepared to handle the State Court Action." Mot. at ¶¶ 7-8. Essentially, Movant argues that "cause" exists solely because there is a pending State Court

3

Action.  Movant makes no argument and offers no evidence to establish that it is appropriate to grant relief from the automatic stay to proceed with the State Court Action during the pendency of the Chapter 11 Case.  Though Movant does not address the factors considered to establish cause, and for that reason alone the Motion should be denied, for the avoidance of doubt, the factors weigh in favor of denying the Motion.

11.     The first factor—whether the debtor has acted in bad faith—supports keeping the automatic stay in place as to the State Court Action.  In determining whether a debtor acted in bad faith, courts may consider any factors which evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions or, in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re 412 Boardwalk, Inc.*, 520 B.R. 126, 132-33 (Bankr. M.D. Fla. 2014) (quoting *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988)).  VPX filed for bankruptcy protection to obtain breathing room from pending litigation and to obtain an essential infusion of liquidity to stabilize its operations, which are valid, good faith reasons to seek bankruptcy protection.  *See* Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 26], ¶ 41.  Movant has provided no evidence suggesting VPX acted in bad faith—as is her burden.  This factor thus weighs against granting relief from the automatic stay.

12.     The second factor—the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code—also weighs heavily in favor of keeping the automatic stay in place.  The hardship to VPX if the stay were to be lifted would be substantial.  If the stay were lifted, VPX would be forced to litigate the State Court Action while in the midst of its Chapter 11 Case, which would continue to deplete its limited resources and force its personnel and professionals to spend time on the discovery and litigation, taking valuable time away from their

4

restructuring efforts. *See In re Jefferson Cnty., Ala.*, 491 B.R. 277, 297 (Bankr. N.D. Ala. 2013) (finding debtor would be prejudiced when lifting the automatic stay would "force[] [the debtor] to participate in an extensive and expensive discovery process and a trial in another state" which would further deplete the debtor's diminishing resources).

13. To the contrary, the hardship to Movant if the stay is not lifted would be minimal. While the State Court Action is stayed, Movant's rights are preserved and she is free to file a proof of claim in the bankruptcy. *See In re Jefferson Cnty., Ala.*, 491 B.R. at 297 (finding "very little hardship" if stay is not lifted to movants because movant could still pursue its claims against debtor in the bankruptcy court). Nor does the stay prevent Movant from pursuing her claims against VPX at a later date once the stay is no longer in place. Movant neither argues nor offers proof that there is any particularized prejudice in having the stay remain in place during the pendency of the Chapter 11 Case. Thus, the balance of the hardships weigh heavily against granting relief from the automatic stay.

14. The third factor—the status of the pending state court proceeding—also supports denial of the Motion. "[W]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceeding." *In re R.J. Groover Const., LLC*, 411 B.R. 460, 464–65 (Bankr. S.D. Ga. 2008) (quoting *IBM v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.)*, 938 F.2d 731, 737 (7th Cir. 1991)). For example, in *In re R.J. Groover Construction*, the court lifted the automatic stay when "state court proceeding ha[d] been pending for almost three years and much of the discovery ha[d] been completed." *Id.* Here, however, the State Court Action is far from such "an advanced stage," but is in its infancy. No discovery requests have been produced, and no trial date has been

set. *See* Ex. 1. Thus, the third and final factor also weighs against granting relief from the automatic stay.

# CONCLUSION

15. For these reasons, the Debtors respectively requests that the Court deny the Motion.

| | |
|---|---|
| Dated: January 9, 2023<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso*<br>Jordi Guso<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 755-9500<br>Email: jguso@bergersingerman.com |

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
    tj.li@lw.com
    brian.rosen@lw.com
    jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for the Debtors*

# EXHIBIT "1"

|  |  | CM-110 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): 309966<br>Samy M. Harmoush, Esq.<br>Workers' Advocate Law Group PC<br>10866 Washington Blvd., Ste #835 Culver City, CA 90232<br>TELEPHONE NO.: (844) 400-7269   FAX NO. (Optional): (213) 330-1009<br>E-MAIL ADDRESS (Optional): samy@workersadvocate.law<br>ATTORNEY FOR (Name): Plaintiff, Jasmine Williams | | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>DEC 3 0 2022<br><br>BY _____<br>CHRIS GOLDSTEIN, DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>STREET ADDRESS: 247 West Third Street<br>MAILING ADDRESS: 247 West Third Street<br>CITY AND ZIP CODE: San Bernardino, 92415<br>BRANCH NAME: San Bernardino District-Civil Division | | |
| PLAINTIFF/PETITIONER: Jasmine Williams<br>DEFENDANT/RESPONDENT: Vital Pharmaceuticals, Inc. | | |
| CASE MANAGEMENT STATEMENT<br>(Check one):  [✓] UNLIMITED CASE        [ ] LIMITED CASE<br>                (Amount demanded          (Amount demanded is $25,000<br>                exceeds $25,000)              or less) | | CASE NUMBER:<br>CIVSB2134330 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: 01/13/2023        Time: 8:30 AM        Dept.: S17        Div.:        Room:
Address of court (if different from the address above):

[✓] Notice of Intent to Appear by Telephone, by (name): Samy Harmoush

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. [✓] This statement is submitted by party (name): Plaintiff, Jasmine Williams
   b. [ ] This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): 01/28/2022
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [✓] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):
      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in [✓] complaint   [ ] cross-complaint   (Describe, including causes of action):
      1.Civil Penalties Under Labor Code§226.3;2.Civil Penalties Under Labor Code 558;3.Civil Penalties Under Labor Code§1197.1;4.Civil Penalties Under Labor Code§6300 et seq.;5.Civil Penalties Under Labor Code§2699

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: Jasmine Williams | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Vital Pharmaceuticals, Inc. | CIVSB2134330 |

CM-110

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Plaintiff has alleged multiple causes of action arising from her employment with Defendant including wage and hour violations, failure to provide rest and meal periods, violation of Labor Code §§2802, 1198.5, and 226(c), and unfair competition.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* **5-7 days**
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Jasmine Williams | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Vital Pharmaceuticals, Inc. | CIVSB2134330 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

|  |  | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Jasmine Williams | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Vital Pharmaceuticals, Inc. | | CIVSB2134330 |

### 11. Insurance
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

### 12. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

### 13. Related cases, consolidation, and coordination
a. ☑ There are companion, underlying, or related cases.
    (1) Name of case: Williams v. Vital Pharmaceuticals, Inc.
    (2) Name of court: San Bernardino District-Civil Division
    (3) Case number: CIVSB2129573
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

### 14. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

### 15. Other motions
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

### 16. Discovery
a. ☐ The party or parties have completed all discovery.
b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Deposition | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Jasmine Williams | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Vital Pharmaceuticals, Inc. | | CIVSB2134330 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 29, 2022

SAMY M. HARMOUSH
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)
☐ Additional signatures are attached.

# PROOF OF SERVICE

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | **WILLIAMS & VITAL PHARMACEUTICALS, INC.** |
| COUNTY OF SAN BERNARDINO | ) | **CASE NO: CIVSB2134330** |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 10866 Washington Blvd., #835, Culver City, CA 90232-3610. On the date set forth below, I served the foregoing document(s) described as:

**CASE MANAGEMENT STATEMENT**, on the interested parties in this action as follows:

| | |
|---|---|
| Brian Foster<br>Diana Estrada<br>Michele Kang<br>WILSON ESLER MOSKOWITZ EDELMAN & DICKER LLP<br>555 S. Flower St., Suite 2900<br>Los Angeles, CA 90071-2407<br>Phone: (213) 443-5100<br>Fax: (213) 443-5101<br>brian.foster@wilsonelser.com<br>diana.estrada@wilsonelser.com<br>michelle.kang@wilsonelser.com | *Attorney for Defendant,*<br>*Vital Pharmaceuticals, Inc.* |

☐ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Culver City, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** I caused a copy of the document(s) to be sent from e-mail address marietta@workersadvocate.law to the person(s) at the e-mail address(es) shown above. I did not receive, within a reasonable time after the transmission, any electronic message(s) or other indication(s) that the transmission was unsuccessful.

☐ **(BY FACSIMILE)** By transmitting in true copy thereof by facsimile from facsimile number, (213) 330-1009 to the facsimile number(s) shown above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 29, 2022, at Culver City, California.

*Marietta Torres*
Marietta Torres