UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                           Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

    Debtors.                                 (Jointly Administered)

_____/

**DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE
EMPLOYMENT OF DAVID M. LEVINE AND THE LAW FIRM OF SANCHEZ
FISCHER LEVINE, LLP AS SPECIAL COUNSEL TO THE DEBTORS,
<u>EFFECTIVE AS OF THE PETITION DATE</u>**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property

Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev

LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "<u>Debtors</u>"), by and

through their undersigned counsel, pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a),

2016 and 6003, Local Rules 2014-1(A) and 2016-1(A), hereby apply for entry of an order,

substantially in the form attached hereto, authorizing the Debtors to retain and employ David M.

Levine and the law firm of Sanchez Fischer Levine, LLP ("<u>SFL LLP</u>") as special counsel,

pursuant to 11 U.S.C. §327(e), effective as of the Petition Date.  In support of this Application,

the Debtors rely upon the *Declaration of David M. Levine, on Behalf of Sanchez Fischer Levine,*

*LLP, as Proposed Special Counsel to the Debtors* (the "<u>Levine Declaration</u>"), and respectfully

represent as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are 11 U.S.C. §327(e), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1(A) and 2016-1(A).

## BACKGROUND

4.     On October 10, 2022 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code").

5.     The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     For a detailed description of the Debtors and their operation, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26].

### The 2019 Litigation

7.     On August 7, 2019, Vital Pharmaceuticals, Inc. ("VPX") initiated an action against Monster Beverage Corporation ("Monster Beverage") and Monster Energy Company ("Monster Energy"), *et al.* in the case captioned *Vital Pharmaceuticals, Inc. d/b/a Bang Energy v. Monster Beverage Corporation, Monster Energy Company, Reign Beverage Company, LLC, Energy Beverages, LLC, CSC Corporate Domains, Inc., Markerly, Inc., Jennifer Quillen, Brett Martin, Christin Kubsch, Crystal Bowley-Regan, Summer Shores, Amber N. Killmon, Amanda*

2

*Light, Crystal Carder, Laura Dawson, Arianna Jonae Henderson, Kristin Wong, John Does 1-200, Jane and John Doe Influencers 1-200, and ABC Corporations 1-100*, Case No. 19-cv-61974-CMA, in the United States District Court for the Southern District of Florida (the "2019 Litigation")  The 2019 Litigation asserts claims for violation of the Lanham Act, 15 U.S.C. §1125(a); violation of Florida Deceptive and Unfair Trade Practices Act, Section 501.204, *et seq.*, Florida Statutes; unfair competition in violation of Florida common law; trade libel; tortious interference with advantageous business relationships; tortious interference with prospective business relationships; civil conspiracy; and violation of the Copyright Act, 17 U.S.C. § 411.

### The 2022 Litigation

8.     On August 31, 2022, VPX initiated an action against Monster Beverage, Monster Energy, and Rodney Cyril Sacks in the case captioned *Vital Pharmaceuticals, Inc. d/b/a VPX and as Bang Energy v. Monster Beverage Corporation, Monster Energy Company, and Rodney Cyril Sacks*, Case No. 22-cv-61621-RKA, in the United States District Court for the Southern District of Florida (the "2022 Litigation")  The 2022 Litigation asserts claims for violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a); violation of Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes; and common law unfair competition.

### RELIEF REQUESTED

9.     By this Motion, the Debtors seek authorization to retain SFL LLP to represent VPX in the 2019 Litigation and 2022 Litigation.

### BASIS FOR RELIEF REQUESTED

10.     Section 327(e) of the Bankruptcy Code provides that a debtor "may employ, for a specified special purpose, … an attorney that has represented the debtor, if in the best interest of

the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

11.    The Debtors have determined that obtaining the services of Levine and SFL LLP to represent VPX in the 2019 Litigation and 2022 Litigation is in the best interests of the Debtors and their estates, creditors, and other parties in interest.

12.    Other than SFL LLP's prepetition representation of VPX in the 2019 Litigation and 2022 Litigation, SFL has not represented Debtors in any other matter.

13.    By this Application, the Debtors seek to employ the attorneys and paraprofessionals of SFL LLP, pursuant to the terms of an Engagement Agreement (the "Engagement Agreement") dated October 7, 2022, as modified by this Application and the Levine Declaration.   A copy of the Engagement Agreement is attached hereto as **Exhibit "A"**. A copy of the Levine Declaration is attached hereto as **Exhibit "B".**[2]

14.    The Debtors believe the employment of Levine and SFL LLP is necessary and in the best interests of the Debtors' estates.

15.    The Debtors have selected Levine and SFL LLP because of their extensive experience representing debtors and other parties in all types of complex commercial bankruptcy cases and commercial litigation matters, their long experience with matters related to the Debtors' businesses, and their familiarity and extensive participation as counsel to VPX in the matters described herein.   Levine and SFL LLP are well qualified to represent VPX in connection with the 2019 Litigation and 2022 Litigation.

---

[2] This Application and the Levine Declaration modify the Engagement Agreement in two respects. First, the SFL LLP attorney rates are now a tiered hourly rate structure. Second, SFL has agreed to not require a post-petition retainer fee.

**No Adverse Interest**

16.     As set forth in the Levine Declaration, to the best of Levine's knowledge, and except as set forth therein, neither he nor SFL LLP holds any interest adverse to the Debtors or their estates with respect to the matters on which they are to be employed by the Debtors.

17.     SFL LLP is not a creditor of the Debtors and is not holding a prepetition retainer in connection with its proposed representation of the Debtors.

18.     Levine and SFL LLP were retained prepetition to represent VPX in the 2019 Litigation and 2022 Litigation.

**COMPENSATION AND PAYMENT PROCEDURES**

19.     Subject to Court approval in accordance with Bankruptcy Code §§ 330(a) and 331, compensation will be payable to SFL LLP on an hourly basis, plus reimbursement of actual, necessary expenses incurred by SFL LLP in connection with services rendered as special counsel, as described in more detail in the Engagement Agreement.

20.     SFL LLP's current hourly rates for attorneys range from $275 to $350 for associates and $395 to $600 for partners.   SFL LLP's current hourly rates for paralegals and law school graduates holding juris doctorate degrees is $185, and its current hourly rates for law clerks and legal assistants are $125 and $100, respectively.   The hourly rates of SFL LLP are typically adjusted on an annual basis at the beginning of each calendar year.

21.     It is SFL LLP's policy to charge its clients for all expenses incurred in connection with the client's case.   The expenses charged to clients include, among other things, copying services, court filing fees, court reporters, Federal Express, postage, computerized research services (including Westlaw), travel expenses and the like.   In the event it is necessary for SFL LLP to retain local counsel, investigators, consultants or experts in connection with this

11850711-2

engagement, SFL LLP will obtain the Debtors' consent in advance of the engagement, however, pursuant to the Engagement Agreement, VPX has agreed to pay for such local counsel, investigators, consultants, or experts retained.   As set forth in the Engagement Agreement, costs will be paid in advance by VPX, provided, however, that SFL LLP will obtain, to the extent possible, VPX's written consent before agreeing to any costs exceeding $500.  SFL LLP will charge the Debtors for expenses incurred in a manner and at rates consistent with charges made generally to SFL LLP's other clients, subject to the Local Rules of this Court.  SFL LLP will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

22.    Levine and SFL LLP will submit applications for compensation and reimbursement of expenses to this Court for approval pursuant to section 330 and 331 of the Bankruptcy Code and the applicable Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

23.    Levine and SFL LLP also intend to seek interim compensation pursuant to this Court's *Amended Order Granting Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* [ECF No. 503].

24.    Levine and SFL LLP have agreed to work cooperatively with the Debtors' other professionals to avoid duplicative and/or competing efforts.

**WHEREFORE,** the Debtors respectfully request the entry of an order, in the form attached hereto as **Exhibit "C"**, (A) approving the Debtors' employment of Levine and SFL LLP as special counsel to the Debtors on the terms described herein and in the Engagement Agreement, effective as of the Petition Date; and (B) granting the Debtors such other and further

11850711-2

relief as may be just and proper.

Dated: January 10, 2023          Respectfully submitted,
      Miami, Florida

                                              */s/ Jordi Guso*                

George A. Davis (admitted *pro hac vice*)      Jordi Guso
Tianjiao ("TJ") Li (admitted *pro hac vice*)     Florida Bar No. 863580
Brian S. Rosen (admitted *pro hac vice*)      Michael J. Niles
Jonathan J. Weichselbaum (admitted *pro hac vice*)  Florida Bar No. 107203
**LATHAM & WATKINS LLP**              **BERGER SINGERMAN LLP**
1271 Avenue of the Americas           1450 Brickell Avenue, Suite 1900
New York, NY 10020                  Miami, FL 33131
Telephone:  (212) 906-1200           Telephone:  (305) 755-9500
Email:  george.davis@lw.com          Email:  jguso@bergersingerman.com
       tj.li@lw.com                        mniles@bergersingerman.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

7

**<u>EXHIBIT A</u>**
**(Engagement Agreement)**

11850711-2



**SANCHEZ FISCHER LEVINE, LLP**

(305) 925-9947 | 1200 Brickell Avenue, Suite 750 | Miami, Florida 33131 | www.sfl-law.com

October 7, 2022

<u>**Via Email**</u>

Vital Pharmaceuticals, Inc.
d/b/a Bang Energy
c/o Gregg H. Metzger, Chief Litigation Counsel
Email: gregg.metzger@bangenergy.com

<u>**ENGAGEMENT AGREEMENT**</u>

**Re:** *Vital Pharmaceuticals, Inc., d/b/a Bang Energy v. Monster Beverage Corporation, et al.,* **Case Nos. 19-cv-61974 and 22-cv-61621 (S.D. Fla.)**

Dear Gregg:

We thank you for engaging Sanchez Fischer Levine, LLP (the "Firm" "we" or "us") to represent Vital Pharmaceuticals, Inc., d/b/a Bang Energy ("Bang," "You," or the "Client") in the certain lawsuits styled *Vital Pharmaceuticals, Inc., d/b/a Bang Energy v. Monster Beverage Corporation, et al.,* pending in the United States District Court, Southern District of Florida and bearing case number 19-cv-61974 and *Vital Pharmaceuticals, Inc., d/b/a Bang Energy v. Monster Beverage Corporation, et al.,* pending in the United States District Court, Southern District of Florida, and bearing case number 22-cv-61621.

The purpose of this letter ("Engagement Agreement") is to replace and supersede the Client and Firm's prior engagement agreement dated January 21, 2022, without waiver to any outstanding invoices generated under that prior agreement (subject to previously agreed-upon conditions precedent to Client's obligation to pay same), and to confirm the terms and conditions under which the Firm will undertake this representation. We understand this to be the entire scope of our legal services for the Client pursuant to this Engagement Agreement. Of course, this Engagement Agreement may be expanded or modified in the future, but only by written agreement of the parties.

It is also expressly understood that should Client secure litigation funding that will provide for the payment of certain attorneys' fees and costs for this matter that is agreeable to Firm, this Engagement Agreement will be superseded by that litigation finance agreement.

Our legal fees will be billed on an hourly basis. Each lawyer and paraprofessional has an hourly billing rate based generally on experience and special knowledge. The hourly rate multiplied by the time expended on the Client's behalf will be the basis for determining our professional fee. Time devoted by the Firm's partners typically ranges between $395.00 and

Client Initials *GM*

$600.00 per hour, commensurate with experience. **As a professional courtesy, the Firm will bill all partner rates at $425.00 per hour.** Time devoted by the Firm's associate attorneys is charged between $275.00 and $350.00 per hour, commensurate with experience. **As a professional courtesy, the Firm will bill all associate rates at $325.00 per hour.** Time devoted by paralegals and law school graduates holding juris doctorate degrees is charged at $185.00 per hour. Time devoted by law clerks is charged at $125.00 per hour. Time devoted by legal assistants is charged at $100.00 per hour. However, the hourly rates of the Firm's professionals typically change on an annual basis at the beginning of each calendar year; Client understands and agrees that the then-current hourly rates shall be charged, and Client shall receive notice of such change by the new hourly rates reflected on Client's invoice for each new year.

Prior to commencing representation in this matter, the Firm will require a non-refundable retainer payment for advanced legal fees of **$25,000.00** ("Retainer Payment"). The Retainer Payment will be earned upon receipt but will be billed against until it is exhausted. Therefore, upon commencement of this representation, hours billed will be first applied and credited to the initial Retainer Payment prior to billing any additional fees to Client. Fees earned beyond the Retainer Payment will be invoiced to Client monthly.

Costs incurred, including but not limited to, copying services, court filing fees, court reporters, Federal Express postage, computerized research services (including Westlaw), travel expenses, and the like, will be itemized and billed separately (with back-up documentation provided upon request). In the event it is necessary for us to retain local counsel, investigators, consultants or experts in connection with this engagement, we agree to obtain the Client's consent in advance of the engagement; however, the Client agrees to pay for the cost of such local counsel, investigators, consultants, or experts retained. The Client is responsible for fronting all costs associated with this Engagement Agreement, provided that Firm will obtain – to the extent possible – Client's prior written consent before agreeing to any costs that exceed $500.00.

The Firm will send monthly invoices for services rendered and costs incurred to the address designated by the Client below. Payment of all attorneys' fees and costs in this representation is the Client's exclusive responsibility. By executing this Engagement Agreement, Client agrees to approve and process these invoices for payment within thirty (30) days of their receipt.

You have represented to us that you have authority to act on behalf of Client in this matter, including the authority to execute this Engagement Agreement on its behalf. To be clear, under this Engagement Agreement, the Firm is not representing any current or future affiliates of Client in this matter, nor are we representing any individual partners, members, managers, shareholders, principals, officers, directors, or employees of Client. We are not precluded from representing any individual partners, shareholders, principals, officers, directors, employees, current affiliates, or future affiliates of Client assuming there is no conflict of interest, but any such representation requires a separate engagement letter.

Further information regarding fees and other important matters is set forth in the below General Terms and Conditions of Engagement and Standard Terms & Conditions, which are incorporated as part of this letter. You should read the General Terms and Conditions of Engagement before executing this agreement.

Client Initials *JM*

## GENERAL TERMS AND CONDITIONS OF ENGAGEMENT

The time for which the Client will be charged is based on tenth of an hour increments, and will include, but will not necessarily be limited to, telephone and office conferences with the Client, witnesses, other counsel, consultants, government personnel and others; conferences among our personnel; factual investigation; legal research; drafting and review of letters, memoranda, pleadings, briefs, and other documents; reviewing files in preparation for proceedings or meetings; responding to requests from the Client to provide information to their auditors; responding to requests from the Client to provide other information, such as non-standard billing information or information required by procurement practices, third parties, or parent organizations;,; waiting time in court or in connection with legal or administrative proceedings; and time in propounding or responding to interrogatories, preparing for, and participating in, depositions or other forms of discovery.

We render invoices monthly and all invoices are due upon receipt.  Our invoices generally will be prepared and mailed and/or emailed to you during the month following the month in which services are rendered.  Invoices will be sent to the physical and/or email address identified by the Client at the end of this Engagement Agreement ("Billing Address"). Client assumes responsibility for updating the Firm, in writing, of any changes in the Billing Address.  Client will pay invoices within thirty (30) days of their receipt. Any balance not paid within thirty (30) days of the invoice date will be subject to an interest charge at the then prevailing statutory rate, accruing from the initial due date.  The Firm reserves the right to defer providing services or discontinue our representation if invoiced amounts are not paid when due, in accordance with Florida Bar rules and applicable court rules.

We invite you to discuss freely and promptly with us any questions concerning our professional fees and costs charged for any matter. We want you to be satisfied with both the quality of our services and the reasonableness of the professional fees and costs that we charge for those services. We will attempt to provide as much billing information as you require and in such customary form that you desire. Please review each billing statement and invoice carefully and completely. If you do not object, in writing, to our invoices within fifteen (15) days of receipt, it shall be deemed established that the amounts for fees and costs billed, therein, are proper and immediately due and payable.

The Firm reserves the right to withdraw from this representation if, among other things, the Client fails to honor the terms of the Engagement Agreement, the Client fails to cooperate or follow the Firm's advice, or any facts or circumstances arise that in the Firm's opinion would render our continued relationship unlawful or unethical.  If the Firm elects to withdraw, the Client agrees to take all steps necessary to release the Firm of any obligation to perform further, including the execution of any documents necessary to perfect the Firm's withdrawal, and the Firm will be entitled to be paid for all services rendered and costs or expenses incurred on behalf of the Client.

Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the matter or various courses of action and the results that might be

3                                          Client Initials _JM_

anticipated. Any such statement made by the Firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed as a promise or guarantee.

From time to time, the Firm is evaluated by third-party publications and legal ranking services and may be asked to submit information regarding cases it handles and clients it represents. By executing this Engagement Agreement, Client agrees to allow the Firm to disclose that it is a client of the Firm and to share publicly available information that is not subject to any privilege or confidentiality order with third parties for marketing purposes. Client also agrees that the Firm may also disclose such information on its own website, social media accounts, and Firm marketing materials, for the sole purpose of identifying Firm clients, including Your corporate logo(s).

The Client has the right at any time to terminate the Firm's services and representation upon written notice to the Firm. Such termination shall not, however, relieve the Client of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all costs and expenses incurred on behalf of the Client through the date of termination.

In the event the Firm's representation is discontinued, the total amount owed by the Client shall be paid in full as of the date of such event and prior to the release of any documents, property, or monies. Prior to said release, the Firm may impose a retaining lien over all documents in our possession belonging to the Client, excluding any documents that the Client originally provided to the Firm and any transcripts that the Client has paid for, and otherwise to the extent permitted by applicable Florida Bar rules. By executing below, the Client authorizes the Firm to deduct from any recovery, by either judgment, settlement or otherwise, the monies due to the Firm prior to the disbursement due to the Client.

It is our goal to maintain at all times a constructive and positive relationship with You on the matters described above and on future matters in which we may perform services. However, should a dispute arise, we believe that a prompt and fair resolution is in the interests of all concerned. To this end, if any controversy or claim arises out of or relating to this Engagement Agreement or any services provided by this Firm (or any of its professionals) to You in the above matter (or any related matter), the dispute shall be submitted to any court of competent jurisdiction located in Broward County, Florida, applying Florida law, and with the prevailing party entitled to their attorneys' fees and costs.

By initialing each page and executing this Engagement Agreement below, you, the Client, certify that you have read, understand, and accept the terms and obligations outlined herein. Please keep a copy of the executed Engagement Agreement for your records. In addition, all payments made by Client under this agreement should be made out or, in Client's discretion, wired (per wire instructions to be provided by Firm) to the following:

**Sanchez Fischer Levine, LLP**
1200 Brickell Avenue, Suite 750
Miami, Florida 33131

4

Client Initials *JM*

We thank You for choosing Sanchez Fischer Levine, LLP to represent You in this matter.

Sincerely,

David M. Levine

**AGREED TO AND ACCEPTED**:

Client: _Gregg Metzger_                          Date: October 7, 2022
Vital Pharmaceuticals, Inc. d/b/a Bang Energy
By: Gregg Metzger
Its: Chief Litigation Counsel

                                                         ydalia.lubin@bangenergy.com
Email Address: gregg.metzger@bangenergy.com and ~~yaylin.duran@bangenergy.com~~

5                                            Client Initials _GM_

**<u>EXHIBIT B</u>**
**(Levine Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]    Case No.: 22-17842-PDR

     Debtors.                                            (Jointly Administered)

_____/

**DECLARATION OF DAVID M. LEVINE, ON BEHALF OF SANCHEZ FISCHER
LEVINE, LLP, AS PROPOSED SPECIAL COUNSEL TO THE DEBTORS**

     I, David M. Levine of the law firm of Sanchez Fischer Levine, LLP, declare and state as

follows[2]:

     1.     I am David M. Levine.  I am an attorney and a partner with the law firm of

Sanchez Fischer Levine, LLP ("SFL LLP").  Our firm maintains an office for the practice of law

at 1200 Brickell Avenue, Suite 750, Miami, FL 33131.

     2.     I am familiar with the matters set forth herein and make this Declaration in

support of the *Debtors' Application for Order Authorizing the Employment of David M. Levine*

*and the Law Firm of Sanchez Fischer Levine, LLP as Special Counsel to the Debtors, Effective*

*as of the Petition Date* in the above-captioned case (the "Application").

     3.     Except as otherwise indicated, I have personal knowledge of the facts set forth in

this Declaration.  I make this Declaration based in material part on my review of the list of

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to them in the Application.

11850756-1

creditors and interested parties of the Debtors, as provided to me by the Debtors and/or the Debtors' general counsel.[3]

## Services to Be Provided

4.     The Debtors have requested that SFL LLP represent Vital Pharmaceuticals, Inc. ("VPX") in the 2019 Litigation and in the 2022 Litigation, to provide the services described in the Application.

## No Adverse Interests

5.     Other than as set forth in this Declaration, neither I nor SFL LLP holds or represents any interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which SFL LLP is to be employed as special counsel.

6.     SFL LLP is not a creditor of the Debtors and is not holding a prepetition retainer in connection with its proposed representation of the Debtors.

7.     Levine and SFL LLP were retained prepetition to represent VPX in the 2019 Litigation and 2022 Litigation.

8.     In connection with its proposed retention, SFL LLP researched its computerized client database to determine whether it had any connections to the following entities: (a) the Debtors; (b) the parties to the 2019 Litigation; (c) the parties to the 2022 Litigation; (d) the consolidated thirty (30) largest unsecured creditors of the Debtors; (e) the secured creditors of the Debtors, and (f) and the officers, directors and equity holders of the Debtors.  A list of the entities researched is attached to this Declaration as "Schedule 1."

---

[3] The information contained in this Declaration is based, in part, on information kept in the ordinary course of business of SFL LLP, information obtained from the electronic docket maintained by the Court in the captioned

11850756-1

9.      The results of that research revealed the following matters:

(a)      Other than SFL LLP's prepetition representation of VPX in the 2019 Litigation and 2022 Litigation, SFL has not represented any of the other foregoing entities or individuals.

10.     I do not believe that the items described above constitute interests adverse to the Debtors or the Debtors' estates on the matters upon which I and SFL LLP are to be retained as special counsel.

**Compensation of SFL LLP; Statement Under Section 329(a) of Bankruptcy Code**

11.     The professional fees and costs incurred by SFL LLP in the course of its representation of VPX in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331, Fed. R. Bankr. P. 2014 and 2016, Local Rules 2014-1(A) and 2016-1(A) of the Court, and any relevant orders of by the Court.

12.     Subject to Court approval in accordance with 11 U.S.C. §§ 330(a) and 331, compensation will be payable to SFL LLP on an hourly basis, plus reimbursement of actual, necessary expenses incurred by SFL LLP in connection with services rendered as special counsel, as described in more detail in the Engagement Agreement.

13.     SFL LLP's current hourly rates for attorneys range from $275 to $350 for associates and $395 to $600 for partners.   SFL LLP's current hourly rates for paralegals and law school graduates holding juris doctorate degrees is $185, and its current hourly rates for law clerks and legal assistants are $125 and $100, respectively.   The hourly rates of SFL LLP are typically adjusted on an annual basis at the beginning of each calendar year.

---

jointly-administered proceedings, and information provided to me by SFL LLP and certain partners in, associates of,

3

14.    It is SFL LLP's policy to charge its clients for all expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, copying services, court filing fees, court reporters, Federal Express, postage, computerized research services (including Westlaw), travel expenses and the like.   In the event it is necessary for SFL LLP to retain local counsel, investigators, consultants or experts in connection with this engagement, SFL LLP will obtain the Debtors' consent in advance of the engagement, however, pursuant to the Engagement Agreement, VPX has agreed to pay for such local counsel, investigators, consultants, or experts retained.   As set forth in the Engagement Agreement, costs will be paid in advance by VPX, provided, however, that SFL LLP will obtain, to the extent possible, VPX's written consent before agreeing to any costs exceeding $500.  SFL LLP will charge the Debtors for expenses incurred in a manner and at rates consistent with charges made generally to SFL LLP's other clients, subject to the Local Rules of this Court.  SFL LLP will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

15.    Pursuant to section 329(a) of the Bankruptcy Code, I disclose that, during the one year preceding the Petition Date, SFL LLP received no compensation in contemplation of or in connection with the captioned chapter 11 bankruptcy cases and entered into no agreement regarding the same.

16.    Neither I nor SFL LLP has or will represent any entity in connection with these cases other than VPX, and neither I nor SFL LLP will accept any fee from any other party or

---

and/or employees of SFL LLP.

11850756-1

parties in connection with these cases other than the Debtors, except as may be otherwise authorized by the Court.

17.     There is no agreement of any nature as to the sharing of any compensation to be paid to the firm other than with partners, counsel, associates, and employees of SFL LLP.  No promises have been received by SFL LLP nor any member or associate thereof, as to compensation in connection with these cases, other than in accordance with the provisions of title 11 of the United States Code.

18.     This concludes my Declaration.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2023.


/s/ *David M. Levine*_____
David M. Levine

11850756-1

## Schedule 1

Conflict Check Entities

**Debtors**
Bang Energy Canada, Inc.
JHO Intellectual Property Holdings, LLC
JHO Real Estate Investment, LLC
Quash Seltzer, LLC
Rainbow Unicorn Bev LLC
Vital Pharmaceuticals International Sales, Inc.
Vital Pharmaceuticals, Inc.

**Secured Creditors**
Agcountry Farm Credit Services, FLCA
Citizens Bank, N.A.
CoBank, ACB
Comerica Bank
Compeer Financial, PCA
Farm Credit Bank of Texas
Federal Agricultural Mortgage Corporation
Greenstone Farm Credit Services, FLCA
HSBC Bank USA, N.A.
Huntington National Bank
Synovus Bank
Truist Bank
United Community Bank d/b/a Seaside Bank and Trust

**Current and Former Officers and Directors of Debtors and Affiliates**
Greg Robbins
Frank Massabki
Rich Caruso
Kathleen Cole
Eric Hillman
Gregg Metzger
Gene Bukovi
Eugene Bukovi
Guillermo Escalante
Steven Panagos

**Significant Equityholders**
John H. Owoc

**Unsecured Creditors (30 Largest Claims)**
7-Eleven, Inc.
Ardagh Metal Beverage USA, Inc.
Ball Metal Beverage Container Corp.
Bevcorp LLC
Crown Cork & Seal USA, Inc.
Dairy Farmers of America, Inc.
Direct Connect Logistix, Inc.
Doehler USA, Inc.
Fona International, Inc.
Graphic Packaging International

1

Green Wave Ingredients (GWI)
Inventus, LLC/Legility
Monster Energy Company
Nelson Mullins Broad and Cassel f/k/a Nelson Mullins Riley & Scarborough LLP
Orange Bang, Inc.
Pepsico
Pepsico
Premier Distributing Company
Priority-1, Inc.
QuikTrip Corporation
Speedway LLC
Stellar Group, Inc.
Target Corporation
The American Bottling Company
Total Quality Logistics LLC
Trinity Logistics, Inc.
Varni Brothers Corporation
Webb & Gerritsen
Wild Flavors, Inc.
XPO Global Forwarding, Inc.

## Parties to 2019 Litigation Not Included Above
Monster Beverage Corporation
Reign Beverage Company, LLC
Energy Beverages, LLC
CSC Corporate Domains, Inc.
Markerly, Inc.
Jennifer Quillen
Brett Martin
Christin Kubsch
Crystal Bowley-Regan
Summer Shores
Amber N. Killmon
Amanda Light
Crystal Carder
Laura Dawson
Arianna Jonae Henderson
Kristin Wong

## Parties to 20222 Litigation Not Included Above
Rodney Cyril Sacks

2

11850756-1

**<u>EXHIBIT C</u>**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                  Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]              Case No.: 22-17842-PDR

    Debtors.                                        (Jointly Administered)

_____/

**ORDER APPROVING DEBTORS' APPLICATION FOR ORDER
AUTHORIZING THE EMPLOYMENT OF DAVID M. LEVINE AND THE
LAW FIRM OF SANCHEZ, FISCHER LEVINE, LLP AS SPECIAL COUNSEL
TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

    **THIS MATTER** came before the Court on January _____, 2023 at _____ _.m./p.m., in Fort

Lauderdale, Florida, upon the *Debtors' Application For Order Authorizing the Employment of David*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11853948-1

*M. Levine and the Law Firm of Sanchez Fischer Levine, LLP as Special Counsel to the Debtors, Effective as of the Petition Date* (the "<u>Application</u>") [ECF No. ___].  The Court, having considered the Application, the Engagement Agreement[2] attached to the Application as Exhibit "A;" and the *Declaration of David M. Levine, on Behalf of Sanchez Fischer Levine, LLP, as Proposed Special Counsel to the Debtors*, attached to the Application as Exhibit "B;" finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) Sanchez Fischer Levine, LLP (i) does not hold or represent any interest adverse to the Debtors' estates on any matter in which Sanchez Fischer Levine, LLP is to be engaged; (ii) has disclosed any connections with creditors and parties-in-interest; and (d) Sanchez Fischer Levine, LLP's employment as special counsel to the Debtors is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest.  Accordingly, it is

**ORDERED** as follows**:**

1.      The Application is **APPROVED**.

2.      The employment of Sanchez Fischer Levine, LLP, as special counsel to the Debtors, pursuant to the terms set forth in the Engagement Agreement attached to the Application as Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. § 327(e).

3.      Sanchez Fischer Levine, LLP, as special counsel to the Debtors, shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from or

---

2   Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

related to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

11853948-1