UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE EXPEDITED HEARING DATE AND THE DEBTORS' EXPEDITED APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF GRANT THORNTON LLP, AS FINANCIAL ADVISORS TO THE DEBTORS, EFFECTIVE AS OF DECEMBER 17, 2022**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Expedited Hearing Date and the *Debtors' Expedited Application for Approval of the Employment of Grant Thornton LLP, as Financial Advisors to the Debtors, Effective as of December 17, 2022* [Docket No. 643] (the "Application") and respectfully states as follows:

**BACKGROUND**

**A. Procedural History**

1. On October 10, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

in the United States Bankruptcy Court for the Southern District of Florida (the "Court") commencing these Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

2. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

3. On November 1, 2022, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 245], which membership was reconstituted on November 23, 2022 [Docket No. 400].

4. Information regarding the Debtors' history, business operations, capital structure, secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 26] (the "First Day Declaration").

**B. The Application**

5. On January 13, 2023, the Debtors filed the Application, which seeks authorization to retain Grant Thornton LLP ("Grant Thornton") to serve as financial advisors to the Debtors and to perform certain transaction advisory services, pursuant to an engagement letter dated November 16, 2020 (the "Engagement Letter"), a Statement of Work for Tax Consulting Services dated December 17, 2022 (the "Tax Consulting SOW"), a Statement of Work for Tax Compliance Services dated December 17, 2022 (the "Tax Compliance SOW"), a Statement of Work for Transaction Advisory Services dated January 3, 2023 (the "Quality of Earnings SOW") and a Statement of Work for Debt Restructuring Tax Consulting Services dated January 4, 2023 (the "Debt Restructuring SOW" and, together with the Engagement Letter, Tax Consulting SOW, Tax Compliance SOW, and the Quality of Earnings SOW, the "Engagement Documents").

6. The Debtors' assert that approval of the Application is urgent because Grant Thornton's services "are an important component of the Debtors' sale efforts and ongoing diligence being performed by third parties who have indicated an interest in pursuing a sale transaction." *See* Application, ¶ 1.

7. The terms of the proposed retention are described in the Application, and in the declaration in support thereof, and Engagement Documents attached thereto. Generally, the Application contemplates Grant Thornton addressing the following tasks for certain estimated costs:

   a. General tax consulting services, not to exceed $25,000 in fees;

   b. Tax compliance services under the Tax Compliance SOW and, if necessary, additional work beyond what is included in the Tax Compliance SOW, including assistance with certain fixed asset depreciation services, and the Tax Inventory Capitalization Calculations[2] and UNICAP services, which will exceed $184,000 in the aggregate;

   c. Transaction advisory services under the Quality of Earnings SOW, estimated to be $200,000; and

   d. Debt restructuring tax services, which involves computations, analysis and modeling and additional documentation, estimated to cost between $50,000 to $100,000 or more (in addition to the Advance Fee in the amount of $25,000).

*See* Application, ¶¶ 12–31.

8. On January 17, 2023, the Court approved the Debtors' request to hear the Application on an expedited basis and set the hearing date for January 19, 2023 (the "Expedited

---

[2] Capitalized terms not defined herein shall have the same meanings as ascribed to them in the Application.

Hearing Date"), providing the Committee and other parties in interest *only two business days*[3] to evaluate and analyze the Application [Docket No. 648].

9. Also on January 17, 2023, the Committee filed the *Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors' Pending Applications to Retain Special Counsel* [Docket No. 651] (the "Omnibus Objection").[4]

## OBJECTION

10. Given the inordinately short window between the filing of the Application and the Expedited Hearing Date, the Committee and its professionals do not have sufficient time to conduct their usual and necessary due diligence on the various components/work streams in the Application, Grant Thornton's relationship with the Debtors, and the relief requested. Under these circumstances, the Committee and its professionals cannot evaluate whether all or a subset of the categories of work Grant Thornton has been engaged to perform are reasonable, necessary or a worthwhile use of estate resources, nor can they review and assess the propriety of the various Engagement Documents. Moreover, the Application fails to disclose fees accrued to date for Grant Thornton's services to the Debtors, which would assist the Committee in its evaluation of the retention.

---

[3] Monday, January 16, 2023 was Martin Luther King, Jr. Day, which is a federal holiday.

[4] The Omnibus Objection concerns: (i) Debtors' Application for Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date [Docket No. 511] (the "Q&B Application"); (ii) Debtors' Application for Approval of the Employment of Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP, as Special Counsel to the Debtors, Effective as of November 3, 2022 [Docket No. 565] (the "H&B Application"); and (iii) Debtors' Application for Approval of the Employment of Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 1, 2022 [Docket No. 566] (the "Faulkner ADR Application"). On January 10, 2023, Debtors also filed the Debtors' Application for Order Authorizing the Employment of David M. Levine and the Law Firm of Sanchez Fischer Levine, LLP as Special Counsel to the Debtors, Effective as of the Petition Date [Docket No. 633] (the "SFL Application," and together with the Q&B Application, the H&B Application, and the Faulkner ADR Application, the "Special Counsel Applications"). By this Application, the Debtors now seek to authorize the retention of their 9th special professional.

11. What the Committee does know, however, is that the Debtors' proposed retention of Grant Thornton may cost the estates upwards of $500,000 in the aggregate, which may or may not be reasonable.

12. From its preliminary review[5] of the Application, the Committee is concerned with the following terms of Grant Thornton's retention:[6] (i) the Tax Consulting SOW includes an estimated $162,000 of fees for tax compliance services related to real estate owned by non-Debtor entities;[7] (ii) the Debt Restructuring SOW that sets forth "Phase 1" and "Phase 2" to, among other things, extinguish certain of Debtors' indebtedness, but provides no additional explanation as to why the work is necessary; and (iii) the lack of caps on any of the fees included in the Engagement Documents.[8]

13. Accordingly, based on the foregoing, the Committee submits that the aggressive timeline forced by the Expedited Hearing Date is wholly unnecessary because there has been no showing by the Debtors that the relief requested is emergent, as is required under the local rules. The Committee is simply asking for is a reasonable amount of time to conduct a meaningful review of the Application and Engagement Documents. As this is obviously not a pressing matter, and as Grant Thornton's work for the Debtors has already commenced (*see* Engagement Documents) and can and will continue before a reasonably noticed hearing on the Application, there is no need to seek such immediate relief to the potential detriment of the Debtors' stakeholders. While Grant

---

[5] The Committee reserves the right to supplement this Objection once it has a chance to fully vet the Application.

[6] Of note, the Application contains a limitation of liability and indemnification provision that the Committee need to review to ensure that the provision is consistent with market terms.

[7] It is unclear to the Committee why the Debtors would pay for services related to non-Debtor real estate and how that would provide a benefit to the Debtors' estates and their stakeholders.

[8] For example, the Tax Compliance SOW sets forth an estimated $22,000 of fees for Tax Inventory Capitalization Calculations work, but expressly states the estimated fees are "neither a maximum nor a fixed fee quote." *See* Application, ¶ 21.

Thornton's services may be "an important component of the Debtors' sale efforts", there is no prejudice to Grant Thornton as the request for retroactive approval of the Application will still apply whenever the hearing is held.

**WHEREFORE**, the Committee respectfully requests that the Court (i) adjourn the hearing on the Application to February 9, 2023 at 1:30 p.m. ET so that the Committee and its professionals can perform the necessary diligence to evaluate the relief requested, or in the alternative, (ii) deny the Debtors' Application, and (iii) order such other and further relief as is just and proper.

Dated: January 18, 2023

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
　　　-and-
Nicole Fulfree, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**

By:  */s/ Leyza F. Blanco*
Leyza F. Blanco
Florida Bar No.: 104639
Fernando J. Menendez
Florida Bar No.: 0018167
Juan J. Mendoza
Florida Bar No.: 113587

1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
Email: fmenendez@sequorlaw.com
Email: jmendoza@sequorlaw.com

*Counsel to the Official Committee of Unsecured Creditors*