

ORDERED in the Southern District of Florida on January 23, 2023.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors.<br>_____/ | (Jointly Administered) |

**ORDER APPROVING DEBTORS' EXPEDITED APPLICATION FOR APPROVAL
OF THE EMPLOYMENT OF GRANT THORNTON LLP, AS FINANCIAL
ADVISORS TO THE DEBTORS, EFFECTIVE AS OF DECEMBER 17, 2022,
<u>AS MODIFIED HEREIN</u>**

THIS MATTER came before the Court on January 19, 2023 at 2:00 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Expedited Application for Approval of the Employment of*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11865973-3

*Grant Thornton LLP as Financial Advisors to the Debtors, Effective as of December 17, 2022* (the "Application") [ECF No. 643]. The Court, having considered the Application, the *Declaration of Mark Margulies in Support of Debtors' Application for Approval of the Employment of Grant Thornton LLP as Financial Advisors to the Debtors, Effective as of December 17, 2022* (the "Margulies Declaration"), attached to the Application as Exhibit A; the Engagement Documents[2] attached to the Application as Exhibit B, and the *Objection of the Official Committee of Unsecured Creditors to the Expedited Hearing Date and the Debtors' Expedited Application for Approval of the Employment of Grant Thornton LLP, as Financial Advisors to the Debtors, Effective as of December 17, 2022* [ECF No. 656]; and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue of this case and the Application is this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court being satisfied, based on the representations made in the Application and the Margulies Declaration, that Grant Thornton is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest. Accordingly, it is

    **ORDERED** as follows:

    1.    The Application is **APPROVED**, as modified herein.

    2.    The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain Grant

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

11865973-3

Thornton as their financial advisor in these chapter 11 cases, effective as of December 17, 2022, pursuant to the terms and conditions of the Engagement Documents.

3. Grant Thornton's pre-petition claim in the amount of $128,570.00 is hereby waived.

4. The Debtors are authorized to pay to Grant Thornton, the Advance Fee in the amount of $25,000, which sum shall be credited against the work performed under the relevant Statement of Work.

5. The Limitations on Liability and Indemnification provisions in the Engagement Letter are approved, as modified herein, and all other non-conflicting provisions of the Engagement Letter shall control:

  a. Paragraph 2(a) of Attachment A- Standard Grant Thornton LLP Engagement Terms is revised as follows:

     i. With respect to the Services and this Agreement generally, the following provisions shall apply to the liability of Grant Thornton and its present, future, and former partners, principals, directors, employees, agents and contractors (collectively, the "Grant Thornton Firm").

  b. Paragraph 2(b) of Attachment A- Standard Grant Thornton LLP Engagement terms is revised as follows:

     i. YOU HEREBY WAIVE, AND IN NO EVENT SHALL THE GRANT THORNTON FIRM BE LIABLE FOR, ANY INDIRECT, SPECIAL, CONSEQUENTIAL, INCIDENTAL, OR EXEMPLARY DAMAGES OR LOSS, INCLUDING WITHOUT LIMITATION, ANY LOST PROFITS, TAXES, INTEREST, PENALTIES, LOSS OF SAVINGS, OR LOST BUSINESS OPPORTUNITY.

  c. Paragraph 2(c) of Attachment A- Standard Grant Thornton LLP Engagement terms is revised as follows:

     i. You shall, upon the receipt of written notice, indemnify, defend or hold harmless the Grant Thornton Firm from and against any liability, damages, fees, expenses, losses, demands and costs (including reasonable defense costs) associated with any claim arising from or relating to: (i) misrepresentations made by the Debtors or their agents; (ii) any third party

claims related to the service provided under the Engagement Letter; or (iii) false or incomplete information provided to Grant Thornton by the Debtors, the Debtors' agents, or a third party at the Debtors' request. The Debtors have agreed to reimburse the Grant Thornton Firm for all reasonable expenses including reasonable attorneys' fees and expenses, as they are incurred in connection with the investigation of, preparation for, or defense of, any pending or threatened claim or action or proceeding arising from the Engagement Letter, whether or not the Grant Thornton Firm is a party. Notwithstanding, this indemnification shall not apply to the extent that it is finally determined that any claims, losses, damages are the result of the Grant Thornton Firm's gross negligence, intentional or willful misconduct, or fraud.

6. Grant Thornton, as financial advisors to the Debtors, shall be compensated pursuant to the *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503], and shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at the discounted rates set forth in the Application and Engagement Documents for services rendered and costs incurred on behalf of the Debtors.

7. Consistent with paragraph 61(d) of the Final DIP Order, any services performed by Grant Thornton under the Tax Consulting SOW and Tax Compliance SOW for the benefit of any Landlord Non-Debtor Affiliate, as defined in the Final DIP Order[3] paid for by the Debtors shall be reimbursed to the Debtors' estates upon the sale of the underlying real property.

8. Notwithstanding anything to the contrary, the Official Committee of Unsecured Creditor's right to seek allocation and reimbursement under the DIP Facility for the services performed by Grant Thornton under the Tax Consulting SOW and Tax Compliance SOW for non-debtor foreign entities is reserved.

---

[3] Final Order (I) Approving Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens And Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, And (VI) Granting Related Relief [ECF No. 638, the "Final DIP Order"].

11865973-3

9.      The Debtors and Grant Thornton are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.      To the extent there is any inconsistency between the terms and conditions set forth in the Application, the Margulies Declaration, and this Order, the provisions of this Order shall govern.

11.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

12.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*