

**ORDERED in the Southern District of Florida on January 23, 2023.**



                  **Peter D. Russin, Judge**
                **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER APPROVING SETTLEMENT PROCEDURES
AND SETTLEMENT TERMS FOR LITIGATION MATTERS**

**THIS MATTER** came before the Court on the 19th day of January, 2023 at 2:00 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Motion for Approval of Settlement Procedures and Settlement Terms for Litigation Matters* [ECF No. 571] (the "Motion"). The Motion requests that this Court approve settlement procedures and settlement terms for certain causes of action,

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11768705-12

including (i) causes of action to be brought under section 547 and 550 of the Bankruptcy Code; and (ii) pending litigation by or against the Debtors. The Court having considered the Motion and the relevant docket pleadings; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the presentation by counsel at the hearing before the Court that any objections to the Motion, if any, whether or not having been withdrawn or resolved, are hereby overruled; and sufficient cause appearing therefor, it is **ORDERED** that:

1. The Motion is **GRANTED,** as set forth herein.

2. Pursuant to Bankruptcy Rule 9019(b) and 11 U.S.C. § 105(a), the Debtors are authorized to settle Litigation Matters[2] on the following terms:

    a. <u>Creditor Representative</u>: Until the effective date of a chapter 11 plan, the creditor representative for the following procedures shall be the Official Committee of Unsecured Creditors (the "<u>Committee</u>" or the "<u>Creditor Representative</u>"). Following the effective date of a chapter 11 plan, the Creditor Representative shall be the trustee for any litigation trust established for the benefit of creditors pursuant to such plan, or such other representative as designated by the Court at the time of plan confirmation. The Debtors will endeavor to notify the Creditor Representative as soon as reasonably possible of any potential settlements.

    b. <u>Claims initiated by or against the Debtors and the Settlement Amount is equal to or less than $500,000 (provided that the target was not an insider of the Debtors)</u>. For settlements of claims either by or against the Debtors where the settlement amount is equal to or less than $500,000, no further court approval shall be required (provided that the target was not an insider of the Debtors), subject to the following procedures (which do not preclude the Debtors from seeking court approval of any such proposed settlement):

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

    1.    the Debtors will provide the Creditor Representative and Truist Bank, as administrative agent under the DIP Facility[3] ("Truist," collectively with the Creditor Representative, the "Approval Parties"), on a confidential basis with information regarding the proposed settlement, including a brief summary of the amount demanded, the amount of the proposed settlement and a short analysis of the relative strength of relevant claims and defenses (the "Analysis");

    2.    if within five (5) business days of receipt of the Analysis either of the Approval Parties do not provide a written objection (which may be provided via email to counsel to the Debtors), to the proposed settlement or request additional information regarding the settlement to undersigned counsel to the Debtors, then the settlement is deemed approved by the Approval Parties. To the extent an approved settlement requires a counterparty to amend its proof of claim, or file a proof of claim in the first instance because such claim was only scheduled by the Debtors, such counterparty shall be entitled to file an amended proof of claim with the claims agent, reflecting the amount approved in the settlement agreement; and

    3.    if either of the Approval Parties requests additional information within five (5) business days of receipt of the Analysis, then the Debtors shall provide reasonable additional information and within five (5) business days from receipt of the additional information, the respective Approval Party will advise in writing whether it approves of the proposed settlement. If within five (5) business days of receipt of the additional information the respective Approval Party does not provide a written objection to the proposed settlement to Debtors' counsel, then the settlement shall be deemed approved by the Approval Parties. If either of the Approval Parties objects to the proposed settlement, the settlement shall not be deemed approved absent court approval of such settlement.

    c.    <u>Settlement Amounts greater than $500,000 initiated by or filed against the Debtors (or any claim as to which the target was an</u>

---

[3] As defined in *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting related Relief* [ECF. No. 24] (the "DIP Motion").

    insider of the Debtors).  For settlements of claims where the settlement amount is greater than $500,000 (or any claim as to which the target was an insider of the Debtors), the Debtors shall seek court approval of such settlement.

d. Notice to Counsel for Secured Creditors: Upon the Debtors' repayment of the $100,000,000 of new money under the DIP Facility as defined in the DIP Motion, Truist's consent rights under Section 2(b) shall be limited to any commercial tort claims constituting properly perfected prepetition collateral. Notwithstanding, the Debtors shall continue to provide notice to counsel for Truist for all other proposed settlements in excess of $250,000.  Such notice will be limited to the amount demanded and the amount of the proposed settlement.

e. Notice to Additional Creditors: Promptly upon providing notice to the Approval Parties, the Debtors shall provide written notice via email to counsel for Monster Energy Company; Orange Bang, Inc.; the American Bottling Company; UMG Recordings, Inc.; and Sony Music Entertainment (collectively, the "Additional Notice Parties") of proposed settlements. Such notice will be limited to the identity of the counterparty, the amount demanded and the amount of the proposed settlement.  Such notice shall not confer any approval rights to the Additional Notice Parties.

f. Motion Procedures:  Whenever court approval is required by these procedures, such approval may be obtained in accordance with the applicable rules, including the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, permitting the use of negative notice.  For the avoidance of doubt, omnibus motions for approval of multiple settlements are expressly permitted.

g. Debtors' Reservation of Rights:  Notwithstanding the foregoing, the Debtors may seek further court approval of any settlement they consider to be in the best interests of the Debtors' estates. Such approval may be obtained in accordance with the applicable rules, including the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, permitting the use of negative notice.

h. Privileges:  All confidential communications between or among the Debtors and the Creditor Representative and/or Truist, as administrative agent, regarding review and approval of settlements by the Creditor Representative shall be deemed to be exchanged in furtherance of pursuit and/or settlement of litigation in which the Debtors and the Creditor Representative and/or Truist, as administrative agent, as the case may be, have a common legal interest and therefore such communications shall not constitute a

        waiver of any applicable privileges or protections, including attorney-client privilege and/or attorney work product.

    i.    <u>Settlement Funds</u>: The Debtors shall use all settlement amounts on account of such settlements in the ordinary course and in accordance with the Approved Budget, as defined in the DIP Motion.

3.    For the avoidance of doubt, the approval of the settlement of any Litigation Matters pursuant to this Order shall not permit the Debtors to pay any prepetition claims absent separate Court order.

4.    Notwithstanding anything to the contrary in the Motion, this Order, the settlement procedures and settlement terms, or any notice pursuant thereto, (a) the settlement procedures and settlement terms approved by this Order shall not apply to (i) worker's compensation claims covered by the Chubb Insurance Program (as defined below); (ii) claims covered by the Chubb Insurance Program where there is a judgment entered or settlement already agreed to and signed by all applicable parties; (iii) direct action claims against the Chubb Companies Federal Insurance Company and/or any of its affiliates or successors (collectively, the "Chubb Companies") under applicable non-bankruptcy law; and (iv) claims asserted by third parties under any of the Chubb Companies' insurance policies issued to or providing coverage at any time to any of the Debtors (collectively, and together with any agreements related thereto (the "Chubb Insurance Program"); and (b) nothing shall amend, modify or otherwise alter the terms and conditions of the Chubb Insurance Program.

5.    These procedures shall remain in effect unless modified by subsequent Court Order.

6.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted herein.

7.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry. To the extent applicable, the stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

8.  The Court remains retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*