UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11

VITAL PHARMACEUTICALS, INC., *et al.*,          Case No. 22-17842 (PDR)

                              Debtors.          (Jointly Administered)

---

**JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO CONTINUE ACTION IN NON-BANKRUPTCY FORUM**

---

> **ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A
> WRITTEN RESPONSE TO THIS MOTION WITHIN 14 DAYS
> AFTER THE DATE OF SERVICE STATED IN THIS MOTION,
> PURSUANT TO LOCAL RULE 4001-1(C), WILL BE DEEMED TO
> HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING
> THE RELIEF REQUESTED IN THE MOTION.**

Faith Technologies Incorporated ("FTI") and Nexus Steel, LLC ("Nexus ") (together "Movants") jointly move this Court pursuant to 11 U.S.C. §§ 105(a), 362(d), Bankr. R. 4001(a), 9014 and 9019, Local Rules 4001-1(C) and 9013-1(D), and this Court's guideline for Motion for Relief from the Automatic Stay, seeking entry of an order substantially in the form of **Exhibit L** terminating the automatic stay to allow the parties to prosecute to judgment the action pending in the superior court of Arizona in Maricopa County, Case No. CV2022-008873 (the "Arizona Action") by Nexus Steel, LLC as plaintiff, against JHO Real Estate Investment, LLC ("JHO") and Vital Pharmaceuticals, Inc. ("Vital") (together "Debtors"); and non-debtor defendants FABCO Metal Products, LLC; Belvac Production Machinery, Inc.; Truist Bank; ISEC, Inc.; Heavy Equipment Movers & Installation, LLC; Hardrock Concrete Placement Co., Inc.; Stellar Group, Inc.; FTI; Integrated Masonry; HACI Mechanical

119752844.4

Contractors, Inc.; and Trench Shore Rentals (together the "Non-Debtor Defendants").[1]  FTI submits that resolution of the Arizona Action with respect to the validity, priority and extent of the Arizona Mechanics' Lienholders' mechanics liens and claims as well as their counterclaims and cross-claims serves the best interests of Debtors' estate and creditors.  In support of this motion, FTI respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Movants consent to this Court's entry of a final order with respect to stay relief, but otherwise reserves its rights.

2.      Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested in this Motion is 11 U.S.C. §§ 105(a), 362(d), and 363(b), as complemented by Bankruptcy Rules 4001(a), 9014 and 9019 and Local Bankruptcy Rules 4001-1 and 9013-1(D).

## BACKGROUND

4.      On October 10, 2022, the now jointly-administered debtors ("Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

5.      JHO owns the real property located 1635 South 43rd Avenue, Phoenix, Arizona 85009, APN 105-14-001Q (the "Arizona Property") in Maricopa County, State of Arizona.  Debtor Vital apparently is occupant/tenant of the Arizona Property.  Movants are not aware of the value of the Arizona Property other than as asserted in Debtor's schedules.

---

[1] Nexus Steel, LLC; FABCO Metal Products, LLC; Belvac Production Machinery, Inc.; ISEC, Inc.; Heavy Equipment Movers & Installation, LLC; Hardrock Concrete Placement Co., Inc.; Stellar Group, Inc.; FTI; Integrated Masonry; HACI Mechanical Contractors, Inc.; and Trench Shore Rentals are the "Arizona Mechanics' Lienholders".

<u>Branch Banking Deed of Trust</u>

6.      On or about September 20, 2019, JHO as trustor entered into a Deed of Trust and
Assignment of Rents and Security Agreement and Fixture Filing with Branch Banking and Trust
Company ("Branch Banking") to secure repayment of a debt identified as being in the principal amount
of $35,550,000.  The Branch Banking Deed of Trust was recorded on September 24, 2019 in the office
of the Recorder, Maricopa County, Arizona.

<u>Stellar General Contract</u>

7.      Stellar Group, Inc. ("Stellar") alleges in its pleading filed in the Arizona Action on
August 25, 2022 that on or about July 28, 2020, Stellar as design-builder, and Vital, as owner, entered
into a Standard Form of Agreement between owner and design-builder (the "Stellar Contract"), in
which Stellar agreed to serve as the design-builder on a construction project known as Phoenix Can
Manufacturing at the Arizona Property.  The work was to be located on the Arizona Property.[2]

8.      Stellar alleges it commenced work on the Project in August 2020.

<u>Hardrock Subcontract</u>

9.      Hardrock alleges that[3] on November 12, 2020, Hardrock, as a concrete subcontractor and
Stellar as general contractor, entered into a written agreement ("Hardrock Agreement") for labor,
material and services to be provided by Hardrock to a project known as the Bang Phoenix Can
Manufacturing Project #23006976 (the "Project"), located at the Arizona Property.

10.     On November 18, 2020, and in accordance with A.R.S. § 33-992.01, Hardrock timely
provided its 20-Day Preliminary Notice.

---

[2] Stellar Group, Inc's Answer, Counterclaim, and Cross-Claims at 8-9, *Nexus Steel, LLC v. JHO Real
Estate Investment, LLC et al*, Case. No. CV2022-008873.  An accurate copy is attached as **Exhibit H**.
[3] Hardrock Concrete Placement Co., Inc.'s Answer, Counterclaim and Crossclaims at 8, ¶¶ 17-19, 21.
*Nexus Steel, LLC v. JHO Real Estate Investment, LLC et al*, Case. No. CV2022-008873.  An accurate
copy is attached as **Exhibit G**.

119752844.4

11.    Commencing on or about November 16, 2020, and continuing, Hardrock furnished labor and materials and performed concrete construction work on the Arizona Property in accordance with the terms of the Hardrock Agreement, change orders and other instructions from Stellar or its authorized agents.

<u>Release of Branch Banking Deed of Trust</u>

12.    The Branch Banking Deed of Trust was released of record by a Certificate of Satisfaction made by Branch Banking and Trust Company by Truist Bank dated November 14, 2020 and recorded on December 2, 2020.  As a result of the Certificate of Satisfaction, the Branch Banking Deed of Trust was released of record.

<u>Truist Deed of Trust</u>

13.    JHO entered into a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing in favor of Truist Bank as beneficiary to secure repayment of obligations alleged to be in the principal amount of $541,400,000 (the "Truist Deed of Trust").  The Truist Deed of Trust was recorded on December 14, 2020, after commencement of work on the Project.

<u>FTI Building Subcontract</u>

14.    On or about December 22, 2020, FTI entered into a written agreement with Stellar to furnish labor, professional services, materials, equipment, machinery, fixtures and tools for the building electrical work on the Project (the "FTI Building Subcontract").

15.    Pursuant to the FTI Building Subcontract, FTI was to be paid the Contract Sum in the amount of $3,926,196.00, subject to additions and deductions, as provided in the Building Subcontract.

16.    During performance of the work under the FTI Building Subcontract, Stellar issued 10 change orders to FTI in the combined amount of $2,048,932.95, increasing the total Building Subcontract amount to $5,975,128.95.

17.    FTI substantially performed its work under the Building Subcontract.

119752844.4

18.     Without justification or excuse, Stellar has failed and refused to pay FTI $2,777,007.15 due and owing under the Building Subcontract.

FTI Process Subcontract

19.     On or about September 22, 2021, FTI entered into a written agreement with Stellar to furnish labor, professional services, materials, equipment, machinery, fixtures and tools for the process electrical work on the Project (the "FTI Process Subcontract").

20.     Pursuant to the FTI Process Subcontract, FTI was to be paid the Contract Sum in the amount of $2,132,996.30 subject to additions and deductions as provided by the Contract.

21.     During performance of the Process Subcontract, Stellar directed FTI to perform additional work in order to demobilize from the Project and orally agreed to increase the Contract Sum by $37,781 to $2,170,777.30.

22.     After cancellation of the Process Subcontract, Stellar issued a change order to FTI in the amount of $1,325,215.30 in order to remove all unperformed work from the contract, revising the Process Subcontract amount to $807,781.00

23.     FTI has substantially performed its work under the Process Subcontract.

24.     Without justification or excuse, Stellar has failed and refused to pay FTI $807,781.00 due and owing under the Process Subcontract.

FTI Undertakes Recourse Through Lien Foreclosure Process

25.     On or about February 12, 2021, FTI served a Preliminary 20-Day Notice concerning the amounts due and owing under the Building Subcontract, as required by A.R.S. ¶ 33-992.01, a true and correct copy of which is attached to FTI's pleading in the Arizona Action (**Exhibit J**) as **Exhibit A-C (at p. 242)**.

26.     On or about November 30, 2021, FTI served a Preliminary 20-Day Notice concerning amounts due and owing under the Process Subcontract, as required by A.R.S. § 33-992.01, a true and

correct copy which is attached FTI's pleading in the Arizona Action (**Exhibit J**) as **Exhibit B-2-C (at p. 489)**.

27.     On or about March 17, 2022, FTI recorded two valid Notices of Claim of Lien for Labor, Materials, Machinery, Fixtures and/or Tools relating to the amounts due and owing under both the Building Subcontract and Process Subcontract (the "FTI Liens").  The FTI Liens were timely recorded with the Maricopa County Recorder's Office on March 24, 2022, recorder numbers 2022-0266675 and 2022-0266676.  True and correct copies of the FTI Liens are attached FTI's pleading in the Arizona Action (**Exhibit J**) as **Exhibit B-1 (p. 291) and Exhibit A (p. 25)**.

Nexus Steel Subcontract

28.     On or about January 20, 2021, Nexus entered into a Subcontract Agreement ("Subcontract") with Fabco to provide and erect the structural steel, miscellaneous steel, and trench steel at the Property, for the lump sum contract amount of $733,448.00.

29.     Nexus, pursuant to its Subcontract, provided labor and materials as a licensed sub-contractor, to the Property between February 1, 2021 and December 22, 2021.

30.     On or about October 30, 2021, November 30, 2021, and December 31, 2021, Nexus submitted to Fabco its Pay Applications 1-3, in the total amount of $405,750.86, for labor and materials supplied to the Property up through that date.

31.     Notwithstanding its demand for payment, Nexus has not been paid the full sums it is due on its Pay Applications, in the total amount of $360,885.86.

32.     On or about February 2, 2021, Nexus provided a valid Preliminary 20-Day Notice,  as required by A.R.S. § 33-981 et. seq., a true and correct copy of same is attached as Exhibit A to Nexus' Complaint in the Arizona Action.

33.     On or about January 20, 2022, Nexus recorded a valid Notice and Claim of Lien for Labor, Services, Materials, Machinery, Fixtures and/or Tools ("Mechanic's Lien") which was timely

119752844.4

recorded with the Maricopa County Recorder's Office on January 20, 2022, recorder number 20220060823, a true and correct copy of same is attached as Exhibit A to Nexus' Complaint in the Arizona Action.

34.     On July 12, 2022 Nexus filed a Complaint for a mechanic's lien foreclosure and a Notice of Recording a Lis Pendens, with the Maricopa County Superior Court, Case. No. CV2022-008873 captioned: *Nexus Steel LLC  v. JHO Real Estate Investment LLC Et All* ("Arizona Action") and a Notice of Lis Pendens on the Property. Concurrent with the filing of the Arizona Action, Nexus has recorded a Notice of Lis Pendens on the Arizona Property.

35.     In the Arizona Action Nexus alleged a lien foreclosure claim against all defendants (Count I); a breach of subcontract claim against Fabco Metal Products LLC (Count II) and an unjust enrichment claim against JHO Real Estate Investments Inc. and Vital Pharmaceuticals (Count III).

### FTI Undertakes Recourse Through Lien Foreclosure Process

Concurrent with the filing of its pleading in the Arizona Action, FTI recorded a Notice of Lis Pendens on the Arizona Property on September 21, 2022.

36.     The other non-debtor Defendants recorded mechanics liens against the Arizona Property within the applicable period covered by A.R.S. § 33-992.01.  A summary of the filed mechanic's liens is set forth in the table below.

| Claimant | Amount |
|---|---|
| FTI | $3,584,788.15[4] |
| Nexus Steel, LLC | $313,512.91[5] |
| Fabco Metal Products, LLC | $2,160,783.76[6] |

---

[4] Faith Technologies, Inc.'s Answer to Nexus Steel, LLC's Complaint and Faith Technologies, Inc.'s Counterclaim, Cross-Claims and Third-Party Complaint at 17-22, *Nexus Steel, LLC v. JHO Real Estate Investment, LLC et al*, Case. No. CV2022-008873 (an accurate copy is attached as **Exhibit J)**.  Nexus Steel, LLC also seeks to recover interest and fees in addition to the principal amount claimed.
[5] Nexus Steel, LLC's Complaint at 4, *Nexus Steel, LLC v. JHO Real Estate Investment, LLC et al*, Case. No.  CV2022-008873.  An accurate copy is attached as **Exhibit D**.
[6] Fabco Metal Products, LLC's Counterclaim and Cross-Claims at 4, *Nexus Steel, LLC v. JHO Real*

| Claimant | Amount |
|---|---|
| ISEC, Inc. | Unknown |
| Heavy Equipment Movers & Installation, Inc. | Unknown |
| Hardrock Concrete Placement Co., Inc. | $669,195.67[7] |
| Stellar Group, Inc. | $7,722,974.37[8] |
| Integrated Masonry | $145,637.30[9] |
| HACI Mechanical Contractors, Inc. | $224,126.00[10] |
| Trench Shore Rentals | Unknown |
| **Total** | **$14,821,018.16** |

<u>Arizona Action</u>

37.     The Arizona Action was commenced when Nexus Steel filed its Complaint on July 12, 2022 seeking to foreclose its mechanic's lien.[11]  Thereafter, the non-debtor defendants filed their respective pleadings, generally in the nature of answer, counterclaim and cross-claim, asserting *inter alia* claims against plaintiff and cross-defendants, claims against Debtors, and seeking foreclosure of each party's mechanic's lien.  Further, the pleadings asserted priority over the Truist Bank Deed of Trust.

38.     To date, Stellar, Nexus, Fabco, Hardrock, Integrated Masonry, HACI, and FTI have appeared in the Arizona Action through counsel, as have JHO and Vital and Truist Bank.

39.     The filing of Debtors' bankruptcy petitions caused the automatic stay of Bankruptcy Code § 362(a) to stay prosecution of the Arizona Action.

---

*Estate Investment, LLC et al*, Case. No. CV2022-008873.  An accurate copy is attached as **Exhibit E**.
[7] Hardrock Concrete Placement Co., Inc.'s Answer, Counterclaim and Crossclaims at 9, *Nexus Steel, LLC v. JHO Real Estate Investment, LLC et al*, Case. No. CV2022-008873.  An accurate copy is attached as **Exhibit G**.
[8] **Exhibit H**, Stellar Group, Inc's Answer, Counterclaim, and Cross-Claims at 10-11, *Nexus Steel, LLC v. JHO Real Estate Investment, LLC et al*, Case. No. CV2022-008873.
[9] Integrated Masonry's Answer, Counterclaim and Crossclaims at 9-10, *Nexus Steel, LLC v. JHO Real Estate Investment, LLC et al*, Case. No. CV2022-008873.  An accurate copy is attached as **Exhibit K**.
[10] HACI Mechanical Contractors, Inc. Notice of Lien Perfection & Preservation and Intent to Enforce Pursuant to 11 U.S.C. 546(b), Doc. 189 in *Vital Pharmaceuticals, Inc.* Chap. 11 proceeding, 22-17842-PDR and Doc. 12 in *JHO Real Estate Investment, LLC* Chap. 11 proceeding, 22-17847.
[11] Complaint, *Nexus Steel, LLC v. JHO Real Estate Investment, LLC et al*, Case. No. CV2022-008873.  An accurate copy is attached as **Exhibit D**.

119752844.4

Applicable Law

40.    The issues in the Arizona Action are governed by Arizona law. For example, A.R.S. §§ 33-981 to 33-1008 provides specific procedures for enforcement of mechanics' and materialmen's liens in Arizona.

41.    The priority issues between the Arizona Mechanics Lienholders among themselves and Truist Bank, are governed by Arizona law.  For example, the Arizona Mechanics' Lienholders have priority over the Truist Bank deed of trust because work commenced on the Project before that deed of trust was recorded.  A.R.S. § 33-992(A).  Other statutory and common law of Arizona will also govern the priority dispute.

42.    Further, the mechanics' lienholders share priority regardless of, for example, the date of recording of the notice and claim of lien or commencement of work under A.R.S. § 33-1000.

43.    The non-debtor Defendants assert claims against Stellar as general contractor, and those claims, like the other claims in the Arizona Action, are governed by Arizona law.

RELIEF REQUESTED

44.    By this Motion, Movants seek entry of an order from this Court terminating the automatic stay to permit the prosecution of the Arizona Action to final judgment and appeal.  This would include discovery, motion practice and trial as required.  The Arizona courts would determine the rights and liabilities as well as priority of each of the parties to the action.  However, enforcement of the judgment would not be permitted due to the automatic stay.  Movants do not seek leave to foreclose liens.

45.    A proposed order granting the relief requested is attached as **Exhibit L**.

119752844.4

BASIS FOR RELIEF REQUESTED

## I. LEGAL STANDARDS

46.     Cause exists to grant relief from the automatic stay under Bankruptcy Code § 362(d).[12]
Courts ordinarily consider cause by reference to factors.

47.     The applicable factors uniformly support granting the relief sought.[13]  Those factors were
succinctly summarized by courts in this Circuit: "whether a) any 'great prejudice' to either the bankrupt
estate or the debtor will result from continuation of a civil suit, b) the hardship to the non-bankrupt by
maintenance of the stay considerably outweighs the hardship of the debtor, and c) the creditor has a
probability of prevailing on the merits of his case."[14]

## II. DEBTORS WILL NOT BE PREJUDICED, AND IN FACT WILL BE BENEFITTED BY, TERMINATION OF THE STAY

48.     This factor weighs in favor of terminating the stay in order to allow the Arizona Action
to reduce the claims of the non-debtor Defendants and the non-debtor Plaintiff to judgment, to

---

[12] "On request of a party in interest, and after notice and a hearing, the court shall grant relief from the
stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or
conditioning such stay - (1) for cause . . ." 11 U.S.C. § 362(d)(1).

[13] "'Cause' is not defined under § 362(d) and therefore is assessed on a case-by-case basis, with courts
being afforded wide latitude in deciding whether to grant relief." *Lord v. True Funding, LLC*, 618 B.R.
588, 592 (S.D. Fla. 2020) (citing *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013), other citation
omitted). "There is no set list of circumstances that a bankruptcy court is required to consider in
evaluating whether § 362(d)(1) 'cause' exists to lift the automatic stay. Rather, courts evaluating
whether to grant stay relief have looked to a variety of case-specific factors . . ." *In re Feingold*, 730
F.3d at 1277.

[14] *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990) (citation omitted); *see also In re R.J.
Groover Const., LLC*, 411 B.R. 460, 466 (Bankr. S.D. Ga. 2008) (same analysis as *Makarewicz*), *In re
Tricare Rehabilitation Systems, Inc.*, 181 B.R. 569, 573 (Bankr. N.D. Ala. 1994) (cause to lift stay
requires court to "balance the potential prejudice to the debtor, the bankruptcy estate, and to other
creditors against the hardship to the plaintiff if she is not allowed to continue the lawsuit"); *In re
Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) ("courts have generally considered the
prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the
movant") (citations omitted).

119752844.4

determine the asserted mechanic's liens, the claims among the non-debtors, and the priority of the mechanic's liens.  Administration of the estates will be facilitated by resolution of these issues.

49.     Debtors will suffer no more expense in the existing Arizona forum than they would suffer in determination of the same issues in any other forum, including this Court. To the contrary, because the Arizona Action is pending in a court of general jurisdiction and all of the parties have been joined, resolution of the disputes in the Arizona Action should be more efficient than in a new action in any other court.

## III.     THE ARIZONA MECHANICS' LIENHOLDERS WILL SUFFER SEVERE PREJUDICE IF THE AUTOMATIC STAY IS NOT TERMINATED

50.     Courts find prejudice to creditors like the Arizona Mechanics' Lienholders where not lifting the automatic stay of a pending litigation would force the creditor to "duplicate all of its efforts in the bankruptcy court."[15]

51.     Here, Movants will be severely prejudiced if the automatic stay is not lifted. Absent relief, Movants will be required to prosecute two duplicative proceedings involving the same facts, witnesses, documents and issues in two different fora—one in Arizona among the Plaintiff and the non-debtor Defendants and one in Florida against Debtors —a gross waste of private and judicial resources.

52.     Lifting the stay will also conserve judicial resources by allowing the Superior Court of Arizona in Maricopa County, which is more familiar with this matter and the legal issues therein, to adjudicate the parties' claims expeditiously.[16]

---

[15] *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736-37 (7th Cir. 1991) (finding such duplication to be "unfair").

[16] *In re Santa Clara County Fair Assoc., Inc.*, 180 B.R. at 566 (finding judicial economy warranted lifting stay where district court was better positioned to resolved issues raised in litigation); *In re Humphrey's Pest Control Co., Inc.*, 35 B.R. at 714 (finding cause existed to lift stay and allow litigation to proceed where litigation involved same issues that would need to be resolved before the bankruptcy court).

53.      Further, all of the claims asserted in the Arizona Action are state law causes of action involving contracts and mechanics' liens, which should be decided by a court that routinely handles these types of claims.[17]

54.      Finally, the non-Debtor Plaintiff and all of the non-debtor Defendants are from Arizona, Debtors operate in Arizona, and Truist lent into Arizona.  It is hard to identify a less convenient forum for the Arizona-based parties than a Florida court.  Resolution of this dispute in the Bankruptcy Court requires the Arizona-based parties to duplicate counsel, travel, and bring Arizona witnesses to Florida. None of those burdens are present in Arizona, where Debtors and Truist have already retained counsel. The balance of hardships is clearly on the Arizona Mechanics' Lienholders to resolve their disputes before this Court.

55.      Nor is it clear that absent consent, this Court will have final order jurisdiction over all of the Arizona law causes of action among all of the parties.  None of the inefficiencies of navigating *Stern*, *Wellness* and consent to final orders by the bankruptcy court are present in the Arizona Action.

## IV.    THE ARIZONA MECHANICS' LIENHOLDERS ARE LIKELY TO PREVAIL ON THE MERITS

56.      With respect to likelihood of success on the merits, Arizona law is clear: a mechanics' lien complying with the Arizona statutes is valid, shares priority with other valid liens, and takes priority over subsequent encumbrances.  A.R.S. §§ 33-992, 1000.  After the Branch Banking deed of trust was released, there were no liens of record senior to the mechanics' liens, although Truist will argue that it is entitled to be subrogated to up to $35,500,000 on the released deed of trust.  The Arizona Mechanics' Lienholders will dispute the application of subrogation and point out that because the

---

[17] *Robbins v. Robbins* (*In re Robbins*), 964 F.2d 342, 345-46 (4th Cir. 1992) (holding that relief from stay may be granted to permit litigation to go forward in a non-bankruptcy forum where issues of state law are involved and judicial economy will be promoted); *In re Tribune Co.*, 418 B.R. 116, 127-29 (Bankr. D. Del. 2009) (lifting stay to allow litigation to proceed in California court where suit was commenced).

119752844.4

Arizona Property was literally lien free prior to recording the Truist Bank deed of trust, their liens should not be prejudiced by subrogation.[18]  The relevant factual determinations include the Arizona Mechanics' Lienholders' compliance with Arizona law, determining when commencement of work occurred, and the circumstances of the release of the Branch Banking deed of trust.

57.    In sum, the Arizona Mechanics Liens are junior to no more than $35,500,000, and are likely the senior liens on the Arizona Property. Retaining the stay against the Arizona Action simply and only defers that outcome.

CONCLUSION

For itself and the other Arizona Mechanics Lienholders, Movants request termination of the stay.

Dated:  January 23, 2023

LEWIS ROCA ROTHGERBER CHRISTIE LLP

  */s/ Robert M. Charles, Jr.*
Robert M. Charles, Jr.
Arizona Bar No. 007359
201 E Washington St #1200
Phoenix, AZ 85004,
T: (520) 629.4427
F: (602) 262-5747
rcharles@lewisroca.com
*Attorney for Faith Technologies Incorporated*
-and-

---

[18] *See* Restatement (Third) of Property § 7.6 cmt. f (1997) (intervening lienholders [mechanics lien claimants] prejudiced when they acquire junior interest, incorrectly believing they hold first mortgage, and belief caused by subrogee's [current lender's] delay in making demand for subrogation.")  *See also In re Mortgages Ltd.*, 482 B.R. 298, 310 (Bankr. D. Ariz. 2012).

119752844.4

MARKOWITZ RINGEL TRUSTY & HARTOG P.A.
*Local Counsel for Faith Technologies Incorporated*
9130 South Dadeland Boulevard, Suite 1800
Miami, FL 33156
T: (305) 670-5000
F: (305) 670-5011

By: /s/ Jerry M. Markowitz
      Jerry M. Markowitz
      Florida Bar No. 182420
      Ross R. Hartog
      Florida Bar No. 272370

TIFFANY & BOSCO, P.A.

By: /s/ *Christopher R. Kaup*
   Christopher R. Kaup (*pro hac vice*),
   Arizona Bar No. 0014820
   Seventh Floor Camelback Esplanade II
   2525 East Camelback Road
   Phoenix, Arizona  85016
   crk@tblaw.com

   -and-

   Jason A. Weber (Florida Bar No. 0051681)
   1000 Corporate Drive, Suite 150
   Fort Lauderdale, Florida 33334
   jaw@tblaw.com
   *Attorneys for creditor, Nexus Steel, LLC, an Arizona
   Limited Liability Company*

119752844.4

DECLARATION

I, <u>Ron Rheinheimer</u>, hereby declare under penalty of perjury as follows:

1.    I am the <u>Sr. Vice President</u> of Faith Technologies Incorporated ("FTI") and am authorized to make this declaration on behalf of FTI. I make the following statements based upon my personal knowledge and FTI's business records for which I am responsible.

2.    This declaration accompanies a motion for relief from stay filed by FTI concerning Case No. CV2022-008873, Superior Court of Arizona, Maricopa County.

3.    Attached to the motion is an accurate copy of Notice of Claim of Lien for Labor, Materials, Machinery, Fixtures and/or Tools recorded with the Maricopa County Recorder's Office on March 24, 2022, recorder number 2022-0266675.

4.    Also attached to the motion is an accurate copy of Notice of Claim of Lien for Labor, Materials, Machinery, Fixtures and/or Tools recorded with the Maricopa County Recorder's Office on March 24, 2022, recorder number 2022-0266676.

5.    On behalf of FTI, I attest that the amount of the indebtedness owed to FTI and the nature and extent of default set forth in the motion is information derived from records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, the records were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice.

6.    All of the documents attached to the motion as an exhibit are true and accurate copies of the original documents.

119752844.4

I make the foregoing statements under penalty of perjury under the laws of the United States.

Executed on January 12, 2023 in _Appleton_, Wisconsin.

Dated: 1/12/2023

Faith Technologies Incorporated

Ron Rheinheimer
Sr. Vice President

15

DECLARATION

I, <u>Rob Martens</u>, hereby declare under penalty of perjury as follows:

1.    I am the owner and <u>President</u> of Nexus Steel, LLC ("Nexus") and am authorized to make this declaration on behalf of Nexus. I make the following statements based upon my personal knowledge and Nexus's business records for which I am responsible.

2.    This declaration accompanies a joint motion for relief from stay filed by Faith Technologies, Inc., and Nexus concerning Case No. CV2022-008873 (the "Case"), Superior Court of Arizona, Maricopa County.  Nexus is the Plaintiff in the Case.

3.    Attached to the motion is an accurate copy of Notice of Claim of Lien for Labor, Materials, Machinery, Fixtures and/or Tools recorded with the Maricopa County Recorder's Office on January 20, 2022, recorder number 20220060823.

4.    On behalf of Nexus, I attest that the amount of the indebtedness owed to Nexus and the nature and extent of default set forth in the motion is information derived from records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, the records were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice.

5.    All of the documents relating to Nexus attached to the motion as exhibits are true and accurate copies of the original documents.

6.    I make this declaration under penalty of perjury as being true and correct based on my personal knowledge of Nexus' books and business records.

I make the foregoing statements under penalty of perjury under the laws of the United

States. Executed on January 19, 2023 in _GILBERT_, Arizona.

Dated:

Nexus Steel, LLC

Rob Martens
President & Owner

INDEBTEDNESS WORKSHEET

## <u>DEBT AS OF THE PETITION DATE</u>

A.  Total pre-petition indebtedness of debtor(s) to movant (if movant is not the lender, this refers to the indebtedness owed to the lender) as of petition filing date:  $ _____

### <u>Please see FTI's mechanics' liens attached.</u>

1.  Amount of principal:                                                             $_____

2.  Amount of interest:                                                              $_____

3.  Amount of escrow (taxes and insurance):                              $_____

4.  Amount of forced placed insurance expended by movant:        $_____

5.  Amount of attorney's fees billed to debtor(s) pre-petition:       $_____

6.  Amount of pre-petition late fees, if any, billed to debtor(s):     $_____

7.  Any additional pre-petition fees, charges or amounts charged to debtors/debtors account and not listed above: _____ (if additional space is needed, list the amounts on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here: _____.)

B.  Contractual interest rate: _____ (if interest rate is (or was) adjustable, list the rate(s) and date(s) the rate(s) was/were in effect on a separate sheet and attach the sheet as an exhibit to this form; list the exhibit number here: _____.)

## AMOUNT OF ALLEGED POST-PETITION DEFAULT

### (AS OF <MM/DD/YYYY>)

### No payments have been received since the filing date.

C.  Date last payment was received: _____  <mm/dd/yyyy>

D.  Alleged total number of payments due postpetition from filing of petition through payment due on <mm/dd/yyyy>: _____.

E.  All postpetition payments alleged to be in default:

| Alleged Amount Due Date | Alleged Amount Due | Amount Received | Amount Applied to Principal | Amount Applied to Interest | Amount Applied to Escrow | Late Fee Charged (If Any) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| Total: $ | $ | $ | $ | $ | $ | $ |

F.  Amount of movant's attorneys fees billed to debtor for the preparation, and filing and prosecution of this motion:  $ _____

17

119752844.4

G.  Amount of movant's filing fee for this motion:  $ _____

H.  Other attorney's fees billed to debtor post-petition:  $ _____

I.  Amount of movant's post-petition inspection fees:  $ _____

J.  Amount of movant's post-petition appraisal broker's price opinion:  $ _____

K.  Amount of forced placed insurance or insurance provided by the movant post-petition:  $ _____

L.  Sum held in suspense by movant in connection with this contract, if applicable:  $ _____

M.  Amount of other post-petition advances or charges, for example taxes, insurance incurred by debtor, etc., (itemize each charge):  $ _____

18

EXHIBITS

A.    Branch Banking Deed of Trust

B.    Release of Branch Banking Deed of Trust

C.    Truist Deed of Trust

D.    Nexus Steel, LLC's Complaint (7/14/2022)

E.    Fabco Metal Products, LLC's Counterclaim and Cross-Claims (08/01/2022)

F.    Truist Notice of Appearance (08.08.2022)

G.    Hardrock Concrete Placement Co., Inc.'s Answer, Counterclaim and Crossclaims (08/10/2022)

H.    Stellar Group, Inc's Answer, Counterclaim, and Cross-Claims (08/25/2022)

I.    JHO Real Estate and Vital's Answer to Plaintiff's Complaint (09/19/2022)

J.    Faith Technologies Incorporated's Answer to Nexus Steel, LLC's Complaint and FTI's Counterclaim, Cross-Claims and Third-Party Complaint (09/20/2022)

K.    Integrated Masonry's Answer, Counterclaim and Crossclaims (10/03/2022)

L.    Proposed Order

119752844.4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Joint Motion for Relief From the Automatic Stay to Continue Action In Non-Bankruptcy Forum*, was served via the Court's CM/ECF to all counsel of record and interested parties registered to receive electronic noticing in this case on January 23, 2023 and listed on the attached Electronic Service List.

I FURTHER CERTIFY that a true and correct copy of the referenced Motion, will be served by U.S. Mail, postage prepaid, to those parties who are not registered to receive electronic noticing in this case and listed on the attached Mail Service List on January 24, 2023.

By: /s/ Jerry M. Markowitz
          Jerry M. Markowitz
          Florida Bar No. 182420

119752844.4

**Electronic Mail Notice Service List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Anne Aaronson**    aaaronson@dilworthlaw.com, ctomlin@dilworthlaw.com
- **Thomas L Abrams**    tabrams@tabramslaw.com, fcolumbo@tabramslaw.com
- **Scott Andron**    sandron@broward.org, swulfekuhle@broward.org
- **John A Anthony**    janthony@anthonyandpartners.com, efilings@anthonyandpartners.com;euzonwanne@anthonyandpartners.com;sdavis@anthonyandpartners.com
- **Anthony J Aragona**    aja@devaronalaw.com
- **Marc P Barmat**    mbarmat@furrcohen.com, rrivera@furrcohen.com;atty_furrcohen@bluestylus.com;staff1@furrcohen.com
- **Paul J. Battista**    pjbattista@venable.com, cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com
- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Leyza F. Blanco**    lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- **Ronald D. P. Bruckmann**    rbruckmann@shumaker.com, celgin@shumaker.com
- **Kyler K Burgi**    kyler.burgi@dgslaw.com
- **Kevin Michael Capuzzi**    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- **Robert P. Charbonneau**    rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **Jesse R Cloyd**    jrc@agentislaw.com, bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **David H Conaway**    dconaway@slk-law.com
- **Ralph W. Confreda**    rconfreda@mcglinchey.com, alozada@mcglinchey.com
- **Philip W Crawford**    pcrawford@gibbonslaw.com
- **Matthew G Davis**    mdavis@pdtlegal.com, jdorta@pdtlegal.com
- **Ronald M Emanuel**    ron.emanuel@emzwlaw.com, martha.rivera@emzwlaw.com;eservice@emzwlaw.com;cindy.carhartt@emzwlaw.com
- **Brendan S Everman**    beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com
- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **G Steven Fender**    steven.fender@fender-law.com, simone@fenderbollingpaiva.com

- **Keith W. Fendrick**    keith.fendrick@hklaw.com,
  andrea.olson@hklaw.com;hapi@hklaw.com;brittany.jacobs@hklaw.com
- **Edward M Fitzgerald**    edward.fitzgerald@hklaw.com, tonya.berger@hklaw.com
- **Joseph D Frank**    jfrank@fgllp.com,
  mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- **Robert C Furr**    ltitus@furrcohen.com,
  atty_furrcohen@bluestylus.com;jcrane@furrcohen.com;staff1@furrcohen.com;furrrr
  84158@notify.bestcase.com
- **David L Gay**    dgay@carltonfields.com,
  cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net
- **Michael I Goldberg**    michael.goldberg@akerman.com,
  charlene.cerda@akerman.com
- **Eric S. Golden**    egolden@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com
- **Jordi Guso**    jguso@bergersingerman.com,
  fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.co
  m
- **Aaron L Hammer**    ahammer@hmblaw.com, ecfnotices@hmblaw.com
- **Andrea S. Hartley**    andrea.hartley@akerman.com, janet.salinas@akerman.com
- **Ross R Hartog**    rhartog@mrthlaw.com,
  ecfnotices@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;lgener@mrthla
  w.com;ycandia@mrthlaw.com;rhartog@ecf.courtdrive.com
- **Daniel Harvath**    dharvath@harvathlawgroup.com
- **Christopher R Kaup**    crk@tblaw.com, mburns@tblaw.com
- **Craig I Kelley**    craig@kelleylawoffice.com,
  cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawo
  ffice.com;kelleycr75945@notify.bestcase.com
- **Scott D Knapp**    scott.knapp@nelsonmullins.com, traci.lewis@nelsonmullins.com
- **Harris J. Koroglu**    hkoroglu@shutts.com,
  mcabo@shutts.com;bvelapoldi@shutts.com
- **Matthew F Kye**    mkye@kyelaw.com
- **Dennis J LeVine**    Theresa.Byington@brockandscott.com,
  wbecf@brockandscott.com
- **Peter H Levitt**    plevitt@shutts-law.com, sboisvert@shutts.com
- **Corali Lopez-Castro**    clc@kttlaw.com, rcp@kttlaw.com
- **Nir Maoz**    nmaoz@ktbslaw.com
- **Jerry M Markowitz**    jmarkowitz@mrthlaw.com,
  ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.c
  om,markowitzjr73991@notify.bestcase.com,jmarkowitz@ecf.courtdrive.com
- **David B Marks**    brett.marks@akerman.com, charlene.cerda@akerman.com
- **Brigette G McGrath**    bmcgrath@askllp.com, mudem@askllp.com
- **Juan J Mendoza**    jmendoza@sequorlaw.com, ngonzalez@sequorlaw.com
- **Fernando J Menendez**    fmenendez@sequorlaw.com, jdiaz@sequorlaw.com

- **Megan W Murray**    mmurray@underwoodmurray.com,
  dstrand@underwoodmurray.com;kmilliken@underwoodmurray.com;kmilliken@ecf.
  courtdrive.com
- **Klaus Peter Muthig**    muthigk@mcao.maricopa.gov
- **Arthur C. Neiwirth**    aneiwirthcourt@qpwblaw.com
- **Michael Jordan Niles**    mniles@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com;zmorton@bergersingerman.co
  m
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Joseph A Pack**    joe@packlaw.com
- **Jimmy D. Parrish**    jparrish@bakerlaw.com,
  orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Justin D Plean**    justin.plean@qpwblaw.com
- **Hamid R. Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Aliette D Rodz**    arodz@shutts.com
- **Mark S. Roher**    mroher@markroherlaw.com,
  ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com
- **Ezequiel Joseph Romero**    romeroe@bryancave.com, zeke.romero30@gmail.com
- **Ian M. Ross**    iross@sidley.com
- **Steven R Safra**    Steven.Safra@csklegal.com, maria.montenegro@csklegal.com
- **David Samole**    das@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com
- **Michael D. Seese**    mseese@seeselaw.com, sseward@seeselaw.com
- **Zach B Shelomith**    zbs@lss.law,
  info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com
- **Steven J. Solomon**    steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-
  robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- **Andrew Sorkin**    andrew.sorkin@lw.com, andrew-sorkin-
  3703@ecf.pacerpro.com;new-york-ma-
  2860@ecf.pacerpro.com;christopher.tarrant@lw.com
- **Annie Yang Stoops**    annie.stoops@afslaw.com
- **Carolyn Tatkin**    tatkin@radixlaw.com
- **Frank Terzo**    frank.terzo@nelsonmullins.com,
  francis.santelices@nelsonmullins.com
- **Christopher R Thompson**    crthompson@burr.com, mlucca-
  cruz@burr.com;ccrumrine@burr.com
- **Thomas W. Tierney**    ttierney@rosswayswan.com, kkelly@rosswayswan.com
- **Michael W Ullman**    michael.ullman@uulaw.net,
  jared.ullman@uulaw.net;diana.simon@uulaw.net;alexandra.wagener@uulaw.net;laur
  a.lytle@uulaw.net
- **Jeramy D Webb**    jeramy.webb@ropesgray.com, new-york-ma-
  2860@ecf.pacerpro.com;jeramy-webb-1209@ecf.pacerpro.com
- **Jason A. Weber**    jaw@tblaw.com, Nboffill@tblaw.com

119752844.4

- **Aaron A Wernick**    awernick@wernicklaw.com,
  awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com;
  slamontagne@wernicklaw.com
- **J. Steven Wilkes**    steven.wilkes@usdoj.gov
- **Stuart F Wilson-Patton**    stuart.wilson-patton@ag.tn.gov

119752844.4

**SERVICE LIST – BY U.S. MAIL TO:**

Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Ave #1900
Miami, FL 33131
-and-
Andrew D. Sorkin
George A. Davis
Tianjiao ("TJ") Li
Brian S. Rosen
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
-and-
Jeramy D. Webb LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
-and-
Amy C. Quartarolo
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071

Attorneys for Vital Pharmaceuticals, Inc. and JHO Real Estate Investment, LLC

Jason A. Weber
Tiffany & Bosco, P.A.
1000 Corporate Drive, Suite 150
Fort Lauderdale, Florida 33334
-and
Christopher R. Kaup
Tiffany & Bosco, P.A.
2525 East Camelback Road, Floor 7
Phoenix, Arizona 85016-4237
Attorneys for Nexus Steel, LLC
FABCO Metal Products, LLC

Belvac Production Machinery, Inc.
237 Graves Mill Road
Lynchburg, VA 24502

25

119752844.4

Keith L. Hendricks
Moyes Sellers & Hendricks
1850 North Central Avenue, Suite 1100
Phoenix, AZ 85004
*Attorneys for ISEC, Inc.*

Heavy Equipment Movers & Installation, LLC
126 Industrial Drive
Maysville, GA 3055

Heavy Equipment Movers
8825 North 23rd Avenue, #100
Phoenix, AZ 85021

K. Scott Reynolds, Suite 101
3133 West Frye Road #101
Phoenix, AZ 85226
-and-
Arthur C. Neiwirth
Quintairos, Prieto, Wood & Boyer, PA
2400 East Commercial Blvd., Suite 520
Ft. Lauderdale, FL 33308
-and-
Justin Plean, Esq.
Quintairos, Prieto, Wood & Boyer, PA
1475 Centrepark Blvd., Suite 130
West Palm Beach, FL 33401
Attorneys for Hardrock Concrete Placement Co., Inc.

Robert P. Charbonneau
Jesse R. Cloyd
AGENTIS PLLC
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Attorneys for Stellar Group, Inc.

Carolyn R. Tatkin
Radix Law
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
Attorneys for CM Builders, Inc. dba Integrated Masonry

Matthew G. Davis, Esq.
Alston A. Merritt, Esq.
Paskert Divers Thompson
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
Attorneys for HACI Mechanical Contractors, Inc.

Trench Shore Rentals
17200 N. Perimeter Drive, #102
Scottsdale, AZ 85255

Peter H. Levitt
Harris J. Koroglu
Aliette D. Rodz
SHUTTS & BOWEN LLP
200 South Biscayne Blvd., Ste. 4100,
Miami, FL 33131
Telephone: (305) 415-9447
-and-
Luis M. Lluberas
Steven E. Gruendel
Cole Richins
Moore & Van Allen PLLC
100 North Tryon Street, Suite 47
Charlotte, North Carolina 28202-4003
Attorneys for Truist Bank

Branch Banking and Trust Company
8825 North 23rd Avenue, #100
Phoenix, AZ 85021

27