# EXHIBIT A

Unofficial
Document

**WHEN RECORDED RETURN TO:**

Lewis Brisbois Bisgaard & Smith LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Attn: Wade A. Houser, Esq.

## DEED OF TRUST AND ASSIGNMENT OF RENTS
## AND SECURITY AGREEMENT AND FIXTURE FILING

DATE:                          September 20, 2019

PARTIES:

|  |  |  |
|---|---|---|
| Trustor: | JHO REAL ESTATE INVESTMENT, LLC, a Florida limited liability company |
| Trustor's Address: | 1600 N. Park Drive, Weston, Florida 33326 |
| Trustee: | Stewart Title and Trust of Phoenix, Inc. |
| Trustee's Address: | 2930 E. Camelback Road, Suite 210, Phoenix, AZ 85016 |
| Beneficiary: | BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation |
| Beneficiary's Address: | P.O. Box 1290, Whiteville, North Carolina 28472 |

**NOTICE:  THIS DEED OF TRUST SECURES A PROMISSORY NOTE THAT PROVIDES FOR A VARIABLE INTEREST RATE BASED UPON CHANGES IN THE PRIME RATE OF INTEREST, ALL AS MORE FULLY DESCRIBED IN THE PROMISSORY NOTE.**

4840-3088-4004.2

For good and valuable consideration, the receipt and sufficiency of which are acknowledged, Trustor agrees and covenants as follows.

1.    **Grant in Trust**.  Trustor irrevocably grants, conveys, and transfers to Trustee, its successors and assigns, in trust, pursuant to this Deed of Trust and Assignment of Rents and Security Agreement and Fixture Filing ("**Deed of Trust**") and Arizona law, with power of sale and right of entry and possession, all of Trustor's right, title, and interest in and to that real property ("**Premises**") situated in the County of Maricopa, State of Arizona, more particularly described on **Exhibit A** attached and, by this reference, incorporated in this Deed of Trust.  The Premises are conveyed by Trustor in trust together with all present and future tenements, hereditaments, rights, rights-of-way, easements, privileges, licenses, benefits, and appurtenances that belong to the Premises or in any way pertain to the Premises (all as part of the premises conveyed), which will include, but is not limited to:

(a)    Oil, gas, soil, and/or mineral rights including, without limitation, any related royalties;

(b)    All buildings, improvements, fixtures, and equipment (whether or not annexed to the Premises) now or in the future located on, used in connection with, or intended to be used in connection with the Premises including, without limiting the generality of the foregoing, all machinery, materials, appliances, and fixtures for generating or distributing air, water, heat, electricity, light, or fuel refrigeration, for ventilating, cooling, or sanitary purposes, for the exclusion of vermin or insects, and for the removal of dust, refuse, or garbage, wall safes, engines, machinery, boilers, furnaces, oil burners, coolers, refrigeration plants, motors, cabinets, shelving, lockers, partitions, doors, vaults, elevators, sprinkling systems, irrigating systems, awnings, window shades, shutters, venetian blinds, light fixtures, fire hoses, fire brackets, fire boxes, fire sprinklers, alarm systems, drapery rods, brackets, screens, floor tile, linoleum, carpets, plumbing, water systems, power systems, incinerators, communication systems, appliances, built-in furniture, and built-in bars, and all other installations and appliances on the Premises (and all substitutions and replacements for all of the foregoing) (All of the items described in this subparagraph are declared to be part of the real property and are called collectively the "**Improvements**");

(c)    All water and water rights (whether riparian, appropriative, or otherwise and whether or not appurtenant to the Premises) which now relate to or in the future may relate to or be used in connection with the Premises;

(d)    All shares of stock evidencing any water rights;

(e)    All privileges and other rights that are now or in the future may become appurtenant to the Premises including, without limitation, all of Trustor's right, title, and interest in and to all streets, roads, easements, rights-of-way, and public places, whether opened or proposed or public or private;

(f)    Subject to the rights of Beneficiary under Paragraph 16 of this Deed of Trust, all rents, issues, incomes, profits, revenues, bonuses, rights, and benefits

2

(collectively, the **"Rents"**) from or under any and all existing and future leases or tenancies created on the Premises or any part with the right to receive and apply the Rents to the Obligations;

(g)    Subject to the rights of Beneficiary under Paragraph 18 of this Deed of Trust, all current and future judgments, awards of damages, and settlements made as a result of any Condemnation or made as a result of any damage (whether caused by a taking or otherwise) to the Premises or the Improvements or any part of or interest in the Premises, including any award for change of grade or width of streets;

(h)    Subject to the rights of Beneficiary under Paragraph 6 of this Deed of Trust, all right, title, and interest of Trustor in and to any insurance proceeds payable to Trustor with respect to all or any portion of the Premises, including, without limitation, the Trust Property;

(i)    All monetary deposits that Trustor has given to any public or private utility with respect to utility services furnished to the Premises;

(j)    All funds, accounts, instruments, documents, general intangibles (including trademarks, trade names, and symbols) permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Premises;

(k)    All proceeds of the conversion, voluntary or involuntary, of any of the foregoing into cash or liquidated claims;

(l)    All reversion and remainder interests arising out of ownership of the Trust Property;

(m)    All present and future licenses, permits, approvals, and agreements from or with any governmental, quasi-governmental, or private entity relevant to the zoning, subdivision, development, construction, improvement, sale, lease, or other disposition of all or part of the Premises or Improvements;

(n)    All present and future plans, specifications, drawings, surveys, appraisals, reports, and studies regarding the Premises;

(o)    All management, maintenance, construction, purchase, sale, or service contracts related to the Premises or its operation;

(p)    All present and future rights of Trustor under or with respect to any declaration of covenants, conditions, and/or restrictions imposing rights or responsibilities on the Premises or its owner, including any declarant rights of Trustor under any declaration of covenants, conditions, and/or restrictions;

(q)    All rights of Trustor in and to any present or future contracts, agreements, guarantees, options, deposits, refunds, credits, retentions, surety bonds, or any other considerations which relate in any way to the ownership, development, use, improvement, leasing, sale, or other disposition of the Premises or Improvements; and

(r)     Without limiting any of the foregoing, all present and future equipment, inventory, general intangibles, accounts, chattel papers, instruments, royalties, contract rights, and documents that directly or indirectly relate to or are used or intended for use with the Premises.

2.     **Additional Grants**.   Trustor also absolutely and irrevocably grants, assigns, transfers, and conveys to Beneficiary all rents, issues, profits, incomes, damages, royalties, revenues, and benefits now or in the future due and payable arising in connection with the Trust Property, together with the right to collect these items for the purposes and upon the terms and conditions set forth in this Deed of Trust. Trustor acknowledges that certain of the descriptions of items in the preceding paragraphs may be duplicative and redundant, but Trustor acknowledges that it is the agreement and intent of Trustor that the descriptions are to be construed as cumulative and not limiting.

3.     **Warranty of Title**.   All real, personal, intangible, and other property granted, conveyed, and transferred to Trustee under this Deed of Trust is referred to as the "**Trust Property**".  Trustor warrants that it has marketable fee simple title to the Premises, subject only to those matters set forth on __Exhibit B__ ("**Permitted Exceptions**").  Trustor warrants that its title to the Trust Property is and will remain free and unencumbered, except for the Permitted Exceptions, and any other encumbrances on title to which Beneficiary consents to in writing. Trustor agrees to warrant and defend title to the Trust Property for the benefit of Beneficiary against all claims whatsoever, except the Permitted Exceptions and those matters consented to in writing by Beneficiary. Trustor warrants that this Deed of Trust is and will remain a valid and enforceable first lien on the Premises, subject to the Permitted Exceptions, and any other encumbrances on title to which Beneficiary consents to in writing.  Trustor agrees that any greater title to the Trust Property that Trustor may acquire during the term of this Deed of Trust will be subject to this Deed of Trust.

4.     **Secured Obligations**.   Trustor has executed and delivered this Deed of Trust for the purpose of securing (collectively, the "**Obligations**"):

(a)     Payment of the indebtedness evidenced by that certain Promissory Note of even date herewith, and any addendums, renewals, extensions, substitutions, modifications, or amendments, in the stated and original principal sum of Thirty-Five Million Five Hundred Fifty Thousand and 00/100 U.S. Dollars ($35,550,000.00) executed by Trustor and VITAL PHARMACEUTICALS, INC., a Florida corporation (together, "**Borrower**") and payable to Beneficiary (the "**Note**"), together with all interest, late charges, prepayment fees, additional interest, collection costs, fees, and expenses as provided in the Note, with a maturity date of **September 15, 2034**.

(b)     Payment of all amounts specified in this Deed of Trust that Trustor has agreed to or is required to pay.

(c)     Prompt and complete performance and observance of each and every covenant, obligation, or agreement of Trustor contained in this Deed of Trust or contained in any other document or instrument given by Trustor to further evidence or secure the indebtedness represented by the Note ("**Additional Documents**").  The Note,

Deed of Trust, and the Additional Documents are called collectively the "**Loan Documents**."

(d)     Payment of any additional sums (and accrued interest) that may be loaned or advanced by Beneficiary to Trustor, whether or not evidenced by the Note or any promissory note or notes reciting that they are secured by this Deed of Trust, including future loans, advances, and obligations.

(e)     Payment of all indebtedness and obligations of Trustor or Borrower to Beneficiary under any interest rate swap transactions, interest rate cap and/or floor transactions, interest rate collar transactions, swap agreements (as defined in 11 U.S.C. §101) or other similar transactions or agreements, including without limitation any ISDA Master Agreement executed by Trustor or Borrower and all Schedules and Confirmations entered into in connection therewith, hereinafter collectively referred to as a "**Hedge Agreement**," the terms of which are incorporated into this Deed of Trust by this reference.

5.     **Taxes**.  Trustor will pay: (i) before delinquent, all taxes, general and special assessments, and improvement district assessments of every type or nature affecting the Trust Property; (ii) all rents or charges payable under any lease affecting the Trust Property; (iii) all adverse claims, liens, charges, and encumbrances which now are or in the future may be or appear to be a lien on the Trust Property; (iv) all charges for water, water delivery, gas, electricity, sewers, waste removal; (v) all repairs; and (vi) all assessments due on any water stock.  If any real estate taxes or general, special, or improvement district assessments (collectively, "**Taxes and Assessments**") are not separately assessed to the Trust Property but include other property owned or not owned by Trustor, Trustor agrees that it will promptly apply for and complete the separation of the Trust Property from all other property for the purpose of all Taxes and Assessments.  If Trustor does not promptly complete the separation, Beneficiary may exercise all remedies available under this Deed of Trust including the right to advance all monies necessary to pay all or any portion of the Taxes and Assessments.  All money so advanced will be secured by the lien of this Deed of Trust.

6.     **Insurance**.

(a)     Trustor will carry the insurance with regard to the Trust Property as is required by the terms of the Loan Documents.  Unless and until Beneficiary elects to receive the impound payments referred to in Paragraph 34, Trustor agrees to pay the premiums on the insurance, when due and prior to delinquency, and to furnish proof of the payment to Beneficiary not less than thirty (30) days prior to the expiration date of the insurance.

(b)     If any loss or damage to any portion of the Trust Property, Trustor will promptly give notice to Beneficiary and make proper proof of loss.  If not made by Trustor, Beneficiary may make a proof of loss.  Beneficiary may require that the payment for the loss be paid directly to Beneficiary only and not jointly to Trustor and Beneficiary.  Beneficiary may, at its option, apply the insurance proceeds to the reduction

of the Obligations or may apply the insurance proceeds to the restoration or repair of the property damaged.

(c)    Notwithstanding 6(b), upon the written request of Trustor, the insurance proceeds will be applied to the payment of repair and restoration of the loss or damage and will be paid out from time to time as the work progresses, but subject to the following additional conditions:

(i)    In Beneficiary's sole judgment the available insurance proceeds must be sufficient to repair or restore the improvements or Trustor, before commencement of work, must have deposited with Beneficiary funds which, together with any insurance proceeds, are sufficient to repair or restore the improvements;

(ii)    The work must be performed in accordance with plans and specifications identical to the original plans and specifications, unless changes are otherwise consented to in writing by Beneficiary;

(iii)    Trustor will make periodic requests for payment in accordance with the terms of the Loan Documents and in form acceptable to Beneficiary;

(iv)    There must not exist an Event of Default or event that with the giving of notice, the passage of time, or both, could become an Event of Default;

(v)    The repairs or restoration must be capable of being completed before the earlier of the due date of the Note or the date set forth in the Loan Documents for completion of the improvements; and

(vi)    No application of the insurance proceeds from any applicable insurance policy towards a reduction of the indebtedness will result in the application of any prepayment penalty or restriction.

7.    **Repairs and Waste**.  Trustor will keep the Trust Property in good condition and repair and will not commit or permit waste.  Trustor will not remove or demolish, nor commence or continue any grading or construction of, nor alter the design or structural character of, any Improvements comprising part of the Trust Property, without the written consent of Beneficiary (whose consent will be given or withheld at Beneficiary's sole discretion).  Trustor will keep all Improvements comprising part of the Trust Property free of termites, dry rot, fungus, beetles, and all other harmful or destructive insects.  Trustor will keep all plants, trees, and shrubs comprising part of the Trust Property neatly pruned and in good condition.  Trustor will to keep the Trust Property free of rubbish and other unsightly or unhealthful conditions and will not in any way change or restrict the use of the Trust Property without the prior written consent of Beneficiary, whose consent will be given or withheld in Beneficiary's sole discretion.  Beneficiary, its agents, and/or its employees may, at any time or from time to time, without notice to Trustor, and without liability to Trustor (or any entity claiming any rights through Trustor) for trespass, abuse of access, or otherwise, enter and inspect or protect the Trust Property in the manner and to the extent as Beneficiary may deem desirable in its sole discretion.

8.    **Improvements**.  Subject to Paragraph 6 above, Trustor will complete promptly any improvements that may be commenced in a good and workmanlike manner in conformity with plans and specifications approved by Beneficiary.  Trustor, with reasonable diligence, will repair and restore any portions of the Trust Property that may be damaged or destroyed whether insurance against the cause of the damage or destruction is collected or not.  Trustor will pay when due all claims for work performed or materials furnished, or both, on or in connection with the Trust Property, and will pay, discharge, or cause to be removed, all mechanic's, artisan's, laborer's, or materialmen's charges, liens, claims of liens, or encumbrances upon the Trust Property.  Prior to the commencement of any construction, grading, demolition, or other act or omission by Trustor that might give rise to any materialmen, mechanics, or similar lien or security interest in or against the Trust Property, Trustor will deliver to Beneficiary all completion, construction, surety, or other bonds issued by a company acceptable to Beneficiary as Beneficiary may elect or deem appropriate to fully ensure completion of the grading, construction, demolition, or other act, and protect Beneficiary and the Trust Property against any liens.

9.    **Defense**.  Unless otherwise requested by Beneficiary in writing, Trustor will appear in and prosecute or defend any action or proceeding that may affect the priority of this Deed of Trust or the security of the Beneficiary or the Trust Property, and Trustor will pay all reasonable costs, expenses (including, without limitation, the cost of searching title), and attorney fees incurred in the action or proceeding.  Beneficiary, at its option, may appear in and defend any action or proceeding purporting to affect the priority of this Deed of Trust or the Trust Property or the rights or powers of Beneficiary.  Beneficiary, at its option, may pay, purchase, contest, or compromise any adverse encumbrance, charge, or lien which, in the good faith judgment of Beneficiary, appears to be prior or superior to the lien of this Deed of Trust or which otherwise may affect this Deed of Trust or the Trust Property, without affecting any duty, obligation, or liability of Trustor under this Deed of Trust or under any other document or instrument given by Trustor to evidence or otherwise secure the indebtedness secured by this Deed of Trust, and without subjecting Beneficiary to any liability to Trustor on account of the payment, purchase, contest, or compromise.  All amounts paid, suffered, or incurred by Beneficiary in exercising the authority granted in this Paragraph (including, without limitation, attorney fees in a reasonable amount) will be payments immediately repayable by Trustor pursuant to Paragraph 8 below.

10.    **Compliance**.    Trustor will comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the Trust Property and will not suffer or permit any act to be done in or upon the Trust Property in violation of the foregoing.

11.    **Performance**.  If Trustor fails to do so, Beneficiary, without demand or notice and as it in its sole judgment may consider necessary or advisable, and without obligation to do so, may do any or all things required of Trustor by any of the provisions of this Deed of Trust and incur and pay expenses in connection with the performance.  All expenses or charges incurred by Beneficiary in the performance of any matters under this Paragraph 11 will be considered to be payments that are immediately repayable under Paragraph 12 below.

12.    **Payment**.  Trustor will pay to Trustee and Beneficiary, respectively, promptly and upon demand, all sums of money that Beneficiary or Trustee have paid pursuant to, or

resulting from, any of the provisions of this Deed of Trust. All of these amounts must be paid with interest upon each of these amounts, until repaid, from the time of the payment at the applicable rate set forth in the Note, which may be a default rate.

13.   **Default**. Any of the following events will constitute an "**Event of Default**" under this Deed of Trust.

(a)   Trustor's or Borrower's failure to pay any of the indebtedness secured by this Deed of Trust on the date due or to perform any covenant or warranty in this Deed of Trust, in any of the Notes or any related loan document, in any Loan Agreement, Hedge Agreement, Business Card Plan Agreement, or other note or instrument of Trustor or Borrower to Beneficiary; or in any contract between Trustor and/or Borrower and Beneficiary; or in any contract between any third party and Beneficiary made for the benefit of Trustor; or

(b)   If any warranty, representation, report or statement made or furnished to Beneficiary by or on behalf of Trustor or Borrower in connection with the indebtedness secured hereby prove to have been false or misleading in any material respect when made or furnished; or

(c)   If Trustor suffers any material loss, theft, damage or destruction to the Trust Property which is not covered by insurance, or upon the assertion or filing of any levy, seizure, mechanic's or materialman's lien or attachment thereof or thereon; or

(d)   The death, dissolution, termination of existence, insolvency, business failure or the appointment of a receiver for any part of the Property or other assets of the Trustor, Borrower or any co-maker, endorser, guarantor or surety for the indebtedness, or should any of the same make an assignment for the benefit of creditors or admit the inability to pay its debts in the ordinary course of business; or

(e)   Failure of any of Trustor, Borrower or any co-maker, endorser, guarantor or surety for Trustor or Borrower to maintain its legal existence in good standing; or

(f)   The entry of any final monetary judgment which is not covered by insurance or pending appeal, or the assessment of unpaid taxes against Trustor or Borrower or filing of any tax, mechanic's or materialman's lien against the Trust Property; or upon the issuance of any writ of garnishment or attachment is levied against the Trust Property for debts due or rights of Trustor or Borrower or any guarantor; or

(g)   The sale (including sale by land contract upon delivery of possession), transfer or encumbrance of all or any part of the Trust Property or any interest therein, or any change in the ownership or control of Trustor or Borrower, made without Beneficiary's prior written consent; or

(h)   Should Beneficiary in good faith determine that its liens and security interests in the Trust Property are invalid, unperfected, unenforceable, or failing to have the priority required by Beneficiary; or should the Trust Property decline in fair market or appraised value below the amount required at the execution hereof; or should Beneficiary

in good faith determine that there has been a material adverse change in the financial condition or business operations of Trustor, Borrower, or any comaker, endorser, guarantor or surety; or

(i)     Should Trustor or Borrower default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Trustor's property or Trustor's or Borrower's ability to repay the Notes or Trustor's or Borrower's ability to perform Trustor's obligations under this Deed of Trust or any of the related documents; or

(j)     Should any change in any zoning ordinance or regulation or any other public restriction be enacted, adopted or implemented, which limits or defines the uses which may be made of the Trust Property such that the present or intended use of the Trust Property, as specified in any of the related documents, would be in violation of such zoning ordinance or regulation or public restriction, as changed; or

(k)     Should foreclosure or forfeiture proceedings be commenced, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Trustor or by any governmental agency against any of the Trust Property, including any garnishment of any of Trustor's accounts, including deposit accounts, with Beneficiary;

(l)     Should any of the preceding events occur with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or should any guarantor, endorser, surety or accommodation party die or become incompetent, or revoke or dispute the validity of, or liability under, any guaranty of the indebtedness secured hereby;

(m)     Upon any Event of Default under any of the Loan Documents;

(n)     Upon the recordation or filing of any mechanics' or materialmen's lien, attachment, garnishment, replevin, execution, or other statutory or judicial lien against all or any portion of the Trust Property that is not discharged, satisfied, or bonded over to Beneficiary's satisfaction; or

(o)     Upon any Prohibited Transfer, as defined in Paragraph 35(b) below.

14.     **Remedies**. Upon any Event of Default, Beneficiary may pursue any and all rights and remedies at law or at equity, including, without limitation, those described in this Deed of Trust. Without limiting the foregoing sentence, Beneficiary may declare all sums secured by this Deed of Trust to be immediately due and payable by delivery to Trustee of written notice setting forth the nature of the Event of Default. The notice may contain an election to cause the Trust Property to be sold under this Deed of Trust. Beneficiary may proceed as if all of the Trust Property were real property, or Beneficiary may elect to treat any of the Trust Property which consists of a right of action on property that can be secured from the Premises without structural damage as if it were personal property and dispose of the personal property separate and apart from the sale of the real property. Notice to Trustor of Beneficiary's election to accelerate the indebtedness will not be required. If Beneficiary elects to cause the sale of the Trust Property, Beneficiary will deposit with Trustee this Deed of Trust, the Note, and all documents evidencing

expenditures secured by this Deed of Trust. Trustee will record and give all notices of Trustee's sale in the manner required by law, and after the lapse of time such as then may be required by law, Trustee, without further notice to Trustor, may sell the Trust Property at the time and place fixed by it in the notice of Trustee's sale, either as a whole or in separate parcels, and in the order as Beneficiary may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale. Trustee will deliver to the purchaser its deed conveying the Trust Property so sold, but without any covenant or warranty, express or implied. Any person or entity, including Trustor, Trustee, or Beneficiary, may purchase the Trust Property or any part at the sale. After deducting all costs, fees, and expenses of Trustee, including costs to insure or obtain evidence of title in connection with the sale, Trustee will apply the proceeds of sale to payment of: (i) all sums expended under the terms of this Deed of Trust which are unpaid, together with accrued interest at the rate set forth in the Note (including, without limitation, all sums expended by Beneficiary pursuant to this Deed of Trust); (ii) all other sums by this Deed of Trust; and (iii) the remainder, if any, to the person or persons "legally entitled thereto", or as provided in A.R.S. § 33-812, or any similar or successor statute. To the extent permitted by law, an action may be maintained by Beneficiary to recover a deficiency judgment for any balance due under the Note or due under this Deed of Trust. In lieu of the power of sale, this Deed of Trust, at the option of Beneficiary, may be foreclosed in the same manner provided by law for the foreclosure of mortgages on real property. Beneficiary also will have all other rights and remedies available to it under this Deed of Trust and at law or in equity, specifically including, but not limited to, those described in A.R.S. § 33-702(B) or any similar or successor statute. All rights and remedies of Beneficiary will be cumulative.

15. **Trust Acceptance**. Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made of public record as provided by law. Trustee is not obligated to notify any party of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee are a party unless brought by Trustee and relating to the Trust Property.

16. **Assignment of Rents**. All of the existing and future rents, incomes, leases, issues, revenues, bonuses, and profits of the Trust Property (or any part) and all rights to the Trust Property (or any part) and all rights of Trustor against any guarantors of the foregoing are assigned absolutely to Beneficiary as further security for the payment of the indebtedness and performance of the Obligations. To enforce Beneficiary's rights under this Deed of Trust, Trustor also assigns to Beneficiary all rights to exercise any landlord liens under A.R.S. § 33-361 and § 33-362 and any other remedial rights to which a landlord may be entitled under Arizona law. When requested by Beneficiary from time to time, and within the time as Beneficiary may reasonably require, Trustor will execute, deliver, and record, and will cause any lessee, tenant, or occupant (collectively, a "**Tenant**") of Trustor designated by Beneficiary to execute, deliver, and record separate lease assignments covering any or all of the leases that may affect any part or all of the Trust Property. All separate lease assignments will be in a form as Beneficiary, in its sole discretion, may require. Without limiting the generality of the foregoing, Beneficiary may require any Tenant to subordinate the Tenant's rights to the lien of this Deed of Trust. In no event will Beneficiary be required to give non-disturbance or similar commitments to any Tenant. Upon the occurrence of an Event of Default, Trustor authorizes and directs the Tenants of the Trust Property to make, upon written notice from Beneficiary, all payments required under any leases directly to the Beneficiary as they become due. Trustor relieves all Tenants from any

10

liability to Trustor by reason of any payments being made to Beneficiary. Beneficiary may apply all rents collected by Beneficiary in any manner Beneficiary elects, in its sole discretion. Provided that no Event of Default will have occurred, Trustor will be entitled to collect all the rents and/or payments.

17.    **Receiver**. Upon the occurrence of an Event of Default, Beneficiary, in addition to all rights and remedies available at law and/or under this Deed of Trust, will be entitled, at any time and without notice and without regard to the adequacy of any security, to enter upon and take possession of the Trust Property (or any part). Trustor will upon demand peaceably surrender possession of the Trust Property to Beneficiary or the receiver. Beneficiary's entry may be made by Beneficiary's agents, attorneys, or employees or by a court-appointed receiver. Beneficiary, in its name and/or in the name of Trustor, may operate and maintain all or any portion of the Trust Property to the extent Beneficiary deems advisable, and Trustor agrees that Beneficiary will be entitled to do and perform any acts that Beneficiary may deem necessary or proper to conserve the value of the Trust Property, including the ability to sue for and otherwise collect and receive all rents, issues, and profits (including those past due and unpaid as well as those later accruing) and the ability to rent or lease the Trust Property (or any portion) to the persons on terms and conditions approved by Beneficiary in its sole discretion. Trustor further agrees that Beneficiary also may take possession of and use any and all personal property contained in the Trust Property or used by Trustor in the rental or leasing of the Trust Property (or any part). Beneficiary may apply all the rents, issues, and profits collected or received by it to the payment of costs and expenses incurred in the operation of the Trust Property or to protect and preserve its security, or Beneficiary may permit any part of all of these moneys to be released by Beneficiary at its sole option. Expense (including receivers' fees, if any, and compensation to any agent appointed by Beneficiary, and attorney fees, costs, and disbursements) incurred in taking possession and effecting collection or attempting to take possession and effecting collection, will be deemed an expense of this Deed of Trust to be paid by Trustor and secured by this Deed of Trust. Neither the entering upon and taking possession of the Trust Property, nor the collection of the rents, issues, and profits, nor the application or release of these amounts will cure or waive any default or notice of sale or invalidate any act done pursuant to the notice of sale. In dealing with the Trust Property or any related personal property as a beneficiary in possession, Beneficiary will be without any liability, charge, or obligation to Trustor other than for willful misconduct, and all losses, costs, and expenses incurred by Beneficiary will be advancements covered by Paragraph 8. Trustor specifically agrees that the appointment of a receiver may be sought and pursued concurrently with the exercise of any other remedies of Beneficiary, including exercise of Trustee's power of sale.

18.    **Condemnation**.

(a)    All judgments, awards of damages, and settlements made as a result of each of the following (collectively, a "**Condemnation**") are assigned to and will be paid to Beneficiary: (i) any condemnation or other proceeding for public use; (ii) any private trespass to the Trust Property; and (iii) any eminent domain proceeding. Beneficiary will have the right, but not the obligation, to participate in any such proceedings, and Trustor will not settle or otherwise resolve any such proceedings or execute or deliver any deed without the prior written consent of Beneficiary, whose consent will not be unreasonably withheld.

(b)    Provided that the Condemnation affects less than substantially all of the Trust Property and further provided that legal access to the Trust Property has not been affected or impaired ("**Partial Condemnation**"), the proceeds of any judgment, award, or settlement will be held, applied, and disbursed by Beneficiary as provided in Paragraph 6(b) above to the restoration of the Trust Property if requested by Trustor. Prior to any disbursement pursuant to the preceding sentence, Trustor, at its cost, must supply Beneficiary with a current ALTA survey of the Trust Property indicating the area lost, an updated appraisal for the Trust Property showing an appraised value acceptable to Beneficiary, and any endorsement or update to Beneficiary's lender's policy of title insurance.

(c)    If a Condemnation other than a partial Condemnation, Beneficiary will be solely entitled to any award, judgment, or settlement, and Trustor agrees to immediately deliver to Beneficiary all proceeds of any such award, judgment, or settlement that may be received by Trustor.   Beneficiary, at its option, may apply any proceeds to the satisfaction of any amounts secured by this Deed of Trust. Neither the application nor the release of any proceeds will cure or waive any default or notice of sale or invalidate any act done pursuant to the notice of sale.

19.    **Modification Without Release**.  Without affecting the liability of Trustor, any guarantor under any of the Loan Documents, or any other person (except any person expressly released by Beneficiary in writing) for payment of any indebtedness or for performance of any obligation secured by or contained in this Deed of Trust, and without affecting the rights of Beneficiary with respect to any security not formally released in writing, Beneficiary, at any time and from time to time, either before or after maturity of the Note, and without notice or consent, may:

(a)    Release any guarantor or other person liable for payment of all or any part of the indebtedness or for performance of any obligation;

(b)    Make any agreement extending the time or otherwise altering the terms of payment of all or any part of the indebtedness, or modifying or waiving any obligation, or subordinating, modifying, or otherwise dealing with the lien or charge of this Deed of Trust;

(c)    Exercise or refrain from exercising or waive any right available to Beneficiary;

(d)    Accept additional security of any kind; and

(e)    Release or otherwise deal with any property, real or personal, securing the indebtedness, including all or any part of the Trust Property.

20.    **Other Security**.  If the indebtedness secured by this Deed of Trust is now or in the future further secured by chattel mortgages, security interests, deeds of trust, pledges, contracts of guaranty, or other additional securities, Beneficiary may, at its option, exhaust its security under this Deed of Trust or any future security either concurrently or independently and in the order as it may determine.  Beneficiary may apply any proceeds received to the amounts

secured by this Deed of Trust without affecting the status of, or waiving any right to exhaust, all or any other security, and without waiving any breach or default or any right or power, whether contained in this Deed of Trust or in any such other security. Trustor waives any right or privilege that it or its creditors might otherwise have to require Trustee and/or Beneficiary to proceed against the assets encumbered by this Deed of Trust or by any other security documents in any particular order or fashion under any legal or equitable doctrines or principles, and Trustor further agrees that upon a default, Trustee and/or Beneficiary may proceed to exercise any or all remedies with regard to any or all assets encumbered by this Deed of Trust or by any other security documents in the manner and order as Beneficiary in its sole discretion may determine.

21. **Partial Payment**. Acceptance by Beneficiary of any sum in payment, or part payment, of any indebtedness secured by this Deed of Trust after the amount is due or after the recording of a notice of sale will not constitute a waiver of the right to require prompt payment, when due, of all other sums so secured, nor will the acceptance cure or waive any remaining default or invalidate any sale held pursuant to notice of sale for any such remaining default, or prejudice any of the rights of Beneficiary under this Deed of Trust.

22. **Resignation**. Trustee may resign by mailing or delivering notice to Beneficiary and Trustor, and Beneficiary may, at any time Beneficiary may desire, appoint another Trustee in place of Trustee or any successor. Trustor will cause this Deed of Trust to be duly recorded in the Recorder's Office of the County in which the Trust Property is situated.

23. **Irrevocable**. The trusts created by this Deed of Trust are irrevocable.

24. **Water Rights**. Any stock in a water, irrigation, or water storage company assigned to Beneficiary in connection with this transaction may be registered in the name of Trustee or Beneficiary as pledge, and held by either as Beneficiary may determine. Whether or not the stock is appurtenant to the Trust Property (or any part) and regardless of how the stock is registered or held, Trustor and Beneficiary agree that, if a default, Trustee may sell the stock (or any part) and any other shares of stock subject to this Deed of Trust, together with and at the time of any Trustee's sale of the Trust Property (or any part). With respect to the sale of the stock, Trustor waives compliance with any and all statutory requirements concerning the sale of pledged property and agrees that the provisions of law and of this Deed of Trust governing the manner, notice, and conditions of a Trustee's sale of the Trust Property apply to the sale of the stock by Trustee.

25. **Mineral Rights**. As additional security to Beneficiary, Trustor further assigns and transfers all damages, royalties, and revenues of every kind, nature, and description whatsoever that Trustor may be entitled to receive from any person, company, or corporation owning or having or acquiring a right to the oil, gas, or mineral rights and reservations of the Trust Property. Beneficiary will have the right to receive and apply the damages, royalties, and revenues to the indebtedness either before or after any default, and Beneficiary may demand, sue for, and recover any such payments (but will not be required to do so).

26. **Waiver of Certain Statutes**. Trustor waives the pleading of any statute of limitations as a defense to any of the Obligations to the fullest extent permissible by law. Any person or entity that has signed this Deed of Trust as an accommodation party or as a surety or

13

that has subjected its property to this Deed of Trust to secure the debt of another expressly waives the benefits of A.R.S. § 12-1641, 12-1642, and 44-142 and Ariz. R. Civ. P., Rule 17(f). In any action by Beneficiary to recover a deficiency judgment for any balance due under the Note after a foreclosure of this Deed of Trust or in any action to recover or compel the performance of the Obligations, Trustor acknowledges and agrees that the successful bid amount made at any judicial or non-judicial foreclosure sale, if any, will be deemed conclusively to constitute the fair market value of the Trust Property, will be binding against Trustor in any proceeding seeking to determine or contest the fair market value of the Trust Property, and will be the preferred alternative means of determining and establishing the fair market value of the Trust Property. Trustor waives any right to have the fair market value of the Trust Property determined by judge or jury in any action seeking a deficiency judgment or any action on the Obligations, including any hearing to determine fair market value pursuant to A.R.S. § 12-1566, § 33-814, § 33-725, or § 33-727.

27.    **Invalidity**.  If any one or more of the provisions of this Deed of Trust or the applicability of any such provision to a specific situation are held to be invalid or unenforceable, the provision will be modified to the minimum extent necessary to make it or its application valid and enforceable, and the validity and enforceability of all other provisions of this Deed of Trust and all other applications of the provisions will not be affected.

28.    **Statements**.  Trustor will pay Beneficiary's and/or Trustee's reasonable charges, to the maximum amount permitted by law, for any statement regarding or relating to the Obligations that have been requested by Trustor or on its behalf.

Unofficial Document

29.    **Legal**.  If it becomes necessary for the Beneficiary to employ legal counsel or to take legal action to collect the indebtedness, to enforce any provision, or to protect any of Beneficiary's rights under this Deed of Trust (including any protection of Beneficiary's rights under any proceedings under Title 11 of the United States Code), Trustor agrees to pay to Beneficiary, in addition to taxable costs of any legal proceeding or action, attorney fees in a reasonable amount and all costs of preparation and conduct of the proceedings, including costs of title searches and title policy commitments, all of which will be a lien upon the Trust Property and secured by this Deed of Trust.

30.    **No Offset**.  No offset or claim that Trustor now has or may in the future have against Beneficiary will relieve Trustor from paying installments or performing any other obligation in or secured by this Deed of Trust.

31.    **Corrections**.  Trustor will, upon request of the Trustee, promptly correct any defect or error which may be discovered in the contents of this Deed of Trust or in its execution or acknowledgment, and will execute, acknowledge, and deliver such further instruments and do such further acts as may be necessary or as may be reasonably requested by the Trustee or by the Beneficiary to carry out more effectively the purposes of this Deed of Trust and to perfect and maintain the lien and security interest created by this Deed of Trust.

32.    **Security Interest**.  Trustor agrees that the Obligations are further secured by security interests in all fixtures, equipment, and other property covered by the Arizona Uniform Commercial Code, if any, that are used upon, in, or about the Trust Property (or any part) or that

are used by Trustor or any other person in connection with the Trust Property. Trustor grants to Beneficiary a valid and effective security interest in all the personal property, together with all replacements, additions, and proceeds. Except for the security interest granted by Trustor under this Deed of Trust, Trustor agrees that, without the written consent of Beneficiary, no other security interest will be created under the provisions of the Uniform Commercial Code or the Arizona Commercial Code and no lease will be entered into with respect to any goods, fixtures, equipment, appliances, or articles of personal property now attached to or used or to be attached to or used in connection with the Trust Property. Trustor agrees that all property of every nature and description covered by the lien and charge of this Deed of Trust together with all the property and interests covered by this security interest are encumbered as a unit, and upon a default by Trustor, all of the Trust Property, at Beneficiary's option, may be foreclosed upon or sold in the same or different proceedings or at the same or different time, subject to the provisions of applicable law. The filing of any financing statement relating to any such property or rights or interests will not be construed to diminish or alter any of Beneficiary's rights or priorities under this Deed of Trust. This Deed of Trust constitutes a financing statement and, to the extent required under A.R.S. § 47-9402(E) because portions of the Property may constitute fixtures, this Deed of Trust is to be filed in the office where a mortgage for the Premises would be recorded. Beneficiary also will be entitled to proceed against all or portions of the Trust Property in accordance with the rights and remedies available under A.R.S. § 47-9501(D).

33.    **Hazardous Materials**.

(a)    "**Hazardous Materials**" will mean: (i) any chemical, material, or substance defined or included in the definition of "hazardous substances," "hazardous materials," "toxic substances," or words of similar import under any Hazardous Materials Laws; (ii) any oil, petroleum, flammable substances, explosives, asbestos; or (iii) any other chemical, material or substance which may or could pose a hazard to health or safety.

(b)    Trustor represents and warrants that, except as disclosed in any environmental report received by Beneficiary regarding the Trust Property prior to the date of this Deed of Trust, and to Trustor's actual knowledge, (A) no Hazardous Materials have been, are, or will be used, generated, stored, or disposed of on, under, or about the Trust Property; and (B) the Trust Property and all past, present, and future uses of the Trust Property were, are, and will be in compliance with all relevant local, state, and federal laws, rules, regulations, policies, ordinances, court decisions, settlement orders, and consent decrees relating to the protection of the environment on, under, or about the Trust Property (collectively, the "**Hazardous Materials Laws**"). At Trustor's expense, Trustor will comply with and will cause any tenants or occupants of the Trust Property to comply with the Hazardous Materials Laws. If any Hazardous Materials are found to exist on, under, or about the Trust Property, Trustor will at Trustor's expense take all necessary and appropriate remedial action that Beneficiary or any relevant authority will require. Trustor shall immediately advise Beneficiary in writing of any governmental or regulatory communications or proposed or instituted actions with regard to Hazardous Materials and the Trust Property, and shall immediately provide Beneficiary with copies of any written communications to and from the authorities. Upon any default, Beneficiary shall have the right, at Trustor's expense, to obtain or

require Trustor to obtain an environmental survey or study of the Trust Property from a qualified independent environmental engineer, all to the satisfaction of Beneficiary.

(c)    To induce Beneficiary to make the loan secured by this Deed of Trust, Trustor agrees to indemnify, defend, and hold Beneficiary and Trustee harmless on demand for, from, and against any liability, loss, costs, damages, and expenses (including attorney fees) which Beneficiary or Trustee may sustain in any way related to any Hazardous Materials on, under, or about the Trust Property. This indemnity will survive any foreclosure, trustee's sale, or deed in lieu of the Trust Property, will benefit any foreclosure purchaser, and is not subject to any otherwise applicable statutory or contractual anti-deficiency limitation or nonrecourse provision.

34.    **Impounds**. Upon the occurrence of an Event of Default and upon Bank's written demand therefor, Trustor, on a monthly basis, will deposit with Beneficiary, in addition to any other required payments under the Note, an amount sufficient to enable Beneficiary to pay before delinquency all taxes, assessments, ground rents, and insurance premiums due on the Trust Property. Trustor's installments will be equal to the estimated amounts of the payments next due (as estimated by Beneficiary in its good faith), less all installments already paid, divided by the number of months that are to elapse before one month prior to the date when the payments are due. If the amounts paid to Beneficiary under the provisions of this paragraph are insufficient to discharge the obligation of Trustor for the actual amount of the payments, Trustor will immediately pay to Beneficiary upon demand the additional sums as may be required to fully pay and discharge these items. All moneys paid may, at Beneficiary's option: (a) be held by Beneficiary to pay taxes, assessments, ground rents, and insurance before delinquency; or (b) be credited directly to interest and/or principal due upon the indebtedness secured by this Deed of Trust. Upon payment by Beneficiary of any such taxes, assessments, good rents, or insurance premiums, the amount paid will be added to the principal of the indebtedness secured by this Deed of Trust. Deposits made under this paragraph may be commingled with Beneficiary's general funds, and Beneficiary will have no liability to Trustor for any interest on the deposits. Nothing in this Paragraph 34 will be deemed to release Trustor from the obligation to pay taxes, assessments, ground rents, or insurance premiums to the extent these payments are in excess of those impounded by Beneficiary. All amounts deposited by Trustor under this Paragraph 34 are assigned by Trustor to Beneficiary as additional security for the Obligations.

35.    **Transfers**.

(a)    Any actual or attempted sale, transfer, assignment, encumbrance, lease, conveyance, lease with option to purchase any part, right, title, or interest in the Trust Property or the Trustor, whether legal or equitable, will constitute a "**Transfer**".

(b)    All Transfers are subject to Beneficiary's prior written approval, which approval may be granted or conditioned in Beneficiary's sole and absolute discretion, and any Transfer that is not so approved by Beneficiary is a "**Prohibited Transfer**". Notwithstanding the other terms of this Section 35 to the contrary, a "**Prohibited Transfer**" does not include any transfer of direct or indirect ownership interests in Borrower for estate planning purposes to a trust controlled by the original owner or, in the case of an owner who is deceased or declared judicially incompetent, transfers to such

owner's heirs, legatees, devisees, executors, administrators, estate or personal representatives.

(c)     In addition to any other right or remedy available to Beneficiary, Beneficiary may void any Prohibited Transfer.

(d)     If any Transfer is effected, whether or not Beneficiary consents, Beneficiary, in addition to any other remedies provided in this Deed of Trust, may require that a transfer fee be paid to Beneficiary prior to the sale, transfer, assignment, encumbrance, conveyance, or lease and may further increase the rate of interest payable on the unpaid principal balance of the Note.  Consent to any one Transfer will not be deemed to be consent to any other Transfer, and no consent will constitute a commitment to subordinate the lien of this Deed of Trust to any interest created by the Transfer.

36.     **Authority**.  Trustor and each signatory who signs on the Trustor's behalf jointly and severally represent and warrant that: (i) Trustor is a duly formed and validly existing Florida limited liability company and is authorized to due business in Arizona; (ii) Trustor has all requisite power and authority to enter into and perform under this Deed of Trust; (iii) Trustor's execution and delivery of this Deed of Trust and its performance under this Deed of Trust will not violate Trustor's organizational documents or any other agreement to which Trustor is a party; and (iv) this Deed of Trust and the Obligations are the valid and enforceable obligations of Trustor.

37.     **Change of Tax or Other Laws**.  If, after the date of recordation of this Deed of Trust, the United States of America or the State of Arizona or any other governmental entity enacts a law or regulation which:  (i) changes, in any material and adverse way, the taxation of this Deed of Trust as to Beneficiary; (ii) deducts from the value of the Trust Property, for the purposes of taxation, the value of any lien on the Trust Property; or (iii) impose a tax, directly or indirectly, on Beneficiary on this Deed of Trust, the Note, or any sums due and payable under either or both, Beneficiary may declare all sums secured by this Deed of Trust to be due and payable in full within not less than 60 days.  Beneficiary's declaration must be made by written notice to Trustor.  The foregoing declaration by Beneficiary will be ineffective, however, if Trustor is permitted under these laws to pay the tax and if, prior to the date of election is to be effective, Trustor does pay the tax levied or assessed.

38.     **Other Encumbrances**.  Trustor will pay or perform before delinquency all obligations under any prior or subordinate mortgage, deed of trust, agreement of sale, or any other lien or encumbrance (collectively called an "**Encumbrance**").  Without the prior written consent of Beneficiary, Trustor will not consent to or agree to the increase in the principal amount of any Encumbrance or to any extension of time for payment of the Encumbrance.  If any Encumbrance is in default for any reason, Beneficiary may cure such default without notice, and the cost of curing such default, with interest at the default rate of interest specified in the Note, will be considered an advance.  All advances will be added to the Obligations and may be collected from Trustor upon demand at any time after the advances are made, and the holder of the Note and Deed of Trust will be subrogated to the rights of any lienholder so paid.  Immediately upon receiving any knowledge or notice of any default or claimed default under any Encumbrance, Trustor will give written notice to Beneficiary and will give to Beneficiary a true

copy of each and every notice, summons, legal process, legal paper, or other communication relating in any way to any Encumbrance or any default under the Encumbrance. If payment of all or any part of principal or interest secured by any Encumbrance is not made at the time required, then, regardless of any postponement, extension, indulgence, or forgiveness that may be agreed to or acquiesced in by the holder of the Encumbrance, a sum equal to the amount of the principal will immediately become due and payable in reduction of the Obligations. If, with or without Beneficiary's consent, the principal amount of any Encumbrance that is superior in lien priority to this Deed of Trust is increased over the amount of its unpaid principal as it exists on the date of this Deed of Trust, then, upon Beneficiary's demand, a sum equal to the amount of the increase will immediately become due and payable in reduction of the Obligations.

39.     **Security Intended**. Notwithstanding any provision of this Deed of Trust to the contrary, the parties intend that this document is security for the payment and performance of the Obligations and will be a "deed of trust" as defined in A.R.S. § 33-801. If, despite that intention, a court of competent jurisdiction determines that this document does not qualify as a "trust deed" or "deed of trust" within the meaning of Chapter 6.1, Title 33, Arizona Revised Statutes, then, ab initio, this instrument will be deemed a realty mortgage under A.R.S. § 33-702 and will be enforceable as a realty mortgage, Trustor will be deemed a "mortgagor", Beneficiary will be deemed a "mortgagee", and Trustee will be disregarded and all references to the "Trustee" will be deemed to refer to the "mortgagee" to the extent not inconsistent with interpreting this instrument as though it were a realty mortgage. As a realty mortgage, Trustor, as mortgagor, will be deemed to have conveyed the Trust Property ab initio to the Beneficiary as mortgagee, the conveyance as a security to be void upon condition that Trustor pay and perform all its Obligations.

40.     **General**.

(a)     Upon the written request of Beneficiary stating that all of the Obligations have been paid or performed and upon surrender of this Deed of Trust to Trustee for cancellation and upon payment by Trustor of its fees, Trustee will reconvey, without warranty, the estate in the Trust Property then held by Trustee. The grantee in the reconveyance may be designated and described as the "person or persons legally entitled thereto", or by other appropriate terms. In lieu of execution of a reconveyance by Trustee, Beneficiary may execute or release or, on behalf of Trustee, execute the reconveyance, in which case legal title will be vested in the "person or persons legally entitled thereto". Beneficiary will not be obligated to consent to or permit any partial releases of the Trust Property.

(b)     Except as provided in Paragraph 35, this Deed of Trust will inure to and bind the heirs, legatees, devisees, administrators, executors, successors, and assigns of the parties. This Deed of Trust will be so construed that, wherever applicable, the use of the singular number will include the plural number, the use of the plural number will include the singular number, the use of the masculine gender will include the feminine gender. The term "**Beneficiary**" will mean the owner and holder of the Note, and will include all successors and assigns of a beneficiary to this Deed of Trust. Any appointment of Beneficiary as attorney-in-fact for Trustor will be with full power of substitution. This Deed of Trust was prepared after negotiations by and between Trustor and Beneficiary,

and Trustor waives any rule of construction that requires that this Deed of Trust be construed against Beneficiary because Beneficiary or its attorneys prepared this Deed of Trust.

(c)     Unless otherwise specifically set forth in this Deed of Trust, any consent, approval, or election by Beneficiary (or the establishment of any item to the satisfaction of Beneficiary) will be deemed and construed as being given, withheld, or established at and in Beneficiary's sole and absolute discretion.

(d)     Trustor requests that a copy of any Notice of Sale under this Deed of Trust be mailed to it at its address set forth above.

(e)     If the payment or performance of any provision of this Deed of Trust will require a payment in excess of that permitted by any applicable law, the obligation to be paid or performed will be reduced to the minimum extent necessary to comply with any limitation of law.  By acceptance of this Deed of Trust, the Beneficiary expressly waives the right to demand any such excess.  The provisions of this paragraph will control every other provision of this Deed of Trust.

(f)     Time is of the essence in the payment and performance of each and every provision of this Deed of Trust.  No failure on the part of Beneficiary to exercise any of its rights upon any default will be construed to prejudice its rights if any other or subsequent default.  No delay on the part of Beneficiary in exercising any of the rights will be construed to preclude it from their exercise at any time during the continuance of the default.  Beneficiary may enforce any one or more remedies or rights under this Deed of Trust successively or concurrently at its option, and any such enforcement of any one or more remedies will be not deemed to be any election against or preclusion of any other rights or remedies.

(g)     Unless otherwise required by applicable law, all notices required to be given under this Deed of Trust will be in writing and will be either served personally, overnight receipted courier (such as Federal Express), or by registered or certified United States mail, postage prepaid, and addressed to Trustor, Trustee, and Beneficiary at their respective addresses first above written. These addresses may be changed by notice to the other parties given in the same manner as provided in this paragraph.  Notices given by certified mail will be deemed to have been given upon their deposit in a regular receptacle of U.S. mail.

(h)     This Deed of Trust, the Note, and any documents secured by this Deed of Trust will be governed and construed in accordance with the laws of the State of Arizona. Trustor irrevocably submits to jurisdiction and venue in the State of Arizona for any legal action relating to this Deed of Trust, the Note, or any other agreement given in connection with the Note or Deed of Trust.  Trustor waives any defense or objection to jurisdiction or venue based on the doctrine of "forum non conveniens", and Trustor stipulates that any state court in the State of Arizona will have personal jurisdiction over Trustor for the purpose of litigating any dispute or controversy arising out of this Deed of Trust, the Note, or any other loan documents.  Trustor agrees that if Trustor commences

or maintains any action or proceeding arising out of this Deed of Trust, the Note, or the other loan documents in any forum other than a state court in Arizona, Beneficiary will be entitled to the removal, dismissal, or stay of such action.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK; SIGNATURES APPEAR ON THE FOLLOWING PAGE]

Unofficial Document

Executed as of the day and year first written above.

TRUSTOR:

JHO REAL ESTATE INVESTMENT, LLC, a Florida
limited liability company

By: _____

Name: ~~JOHN H. OWOC~~

Its: ~~MANAGER MEMBER~~

STATE OF ~~FLORIDA~~ )
                     ) ss.
COUNTY OF ~~BROWARD~~ )

The foregoing instrument was acknowledged before me this ~~18~~ day of
~~September~~ 2019, by ~~John Owoc~~ as the ~~Managing Member~~, of JHO REAL
ESTATE INVESTMENT, LLC, a Florida limited liability company, who acknowledged and
executed the foregoing on behalf of the company being authorized so to do for the purposes
therein contained.

_____
Notary Public

My Commission Expires:

_____

Soo Jin Kang Isicoff
Commission # GG162669
Expires: November 21, 2021
Bonded thru Aaron Notary

[Signature Page to Deed of Trust and Assignment of Rents
and Security Agreement and Fixture Filing]

*Signature Page to Deed of Trust*

EXHIBIT A

LEGAL DESCRIPTION OF THE PREMISES

That portion of the Northwest quarter of Section 15, Township 1 North, Range 2 East of the Gila and Salt River Meridian, Maricopa County, Arizona, described as follows:

Beginning at the Northwest corner of the North half of the Southwest quarter of said Northwest quarter;

Thence South (assumed bearing for purposes of this description) along the West line of said section, a distance of 660.00 feet to a line that is parallel with and distant 1968.46 feet Southerly measured at right angles from the North line of said section;

Thence South 89 degrees 50 minutes East, along said parallel line, a distance of 1307.28 feet to a line that is parallel with and distant 10.00 feet Westerly, measured at right angle, from the East line of said Southwest quarter, last said parallel line being also the center line of an existing drill track;

Thence North 00 degrees 01 minutes West, along last said parallel line, a distance of 1095.68 feet to a point of CUSP;

Thence Southwesterly along a tangent curve concave Northwesterly having a radius of 642.43 feet, through a central angle of 05 degrees 42 minutes 29 seconds, an arc distance of 64.19 feet; Thence South 05 degrees 42 minutes 29 seconds West, tangent to said curve, a distance 26.38 feet;

Thence Southwesterly and Westerly along a tangent curve to the right having a radius 382.24 feet, through a central angle of 84 degrees 27 minutes 31 seconds, an arc distance of 563.45 feet to a point of tangency in a line that is parallel with and distant 1308.46 feet Southerly, measured at right angles, from said North line;

Thence North 89 degrees 50 minutes West, along last said parallel line, a distance of 919.70 feet to the point of beginning.

EXCEPTING THEREFROM that portion of said property lying below a depth of 500.00 feet measured vertically from the contour of the surface thereof;

Provided, however, that said grantor, its successors and assigns, shall not have the right for any and all purposes to enter upon, into or through the surface of the portion of said property lying above 500.00 feet, measured vertically from the contour of the surface of said property, as reserved in Deed recorded in Docket 9581, Page 180 and also recorded in Docket 9590, Page 873; and

EXCEPT all rights retained by Southern Pacific Company, a Delaware corporation in Warranty Deed recorded in Docket 3976, Page 407 of official records of Maricopa County, Arizona.

*Exhibit A*

EXHIBIT B

PERMITTED EXCEPTIONS

1. Taxes and assessments collectible by the County Treasurer, a lien not yet due and payable for the year 2019 and subsequent years.
2. Easement for roadway and incidental purposes and rights incident thereto, as set forth in the map recorded in Book 2 of Maps, page 14, Maricopa County Records.
3. Easement for gas pipe line and incidental purposes and rights incident thereto, as set forth in instrument recorded in Docket 648, Page 597, corrected in Docket 668, page 277.
4. Easement for cathodic protection station and rights thereto, as set forth in instrument recorded in Docket 2762, page 471.
5. Easement for street and public utility and incidental purposes and rights incident thereto, as set forth in instrument recorded in Docket 3988, page 532.
6. The right to enter upon, into or through the surface of the portion of said property lying below 500.00 feet, measured vertically from the contour of the surface of said property, as reserved in deed recorded in Docket 9581, Page 180 and also recorded in Docket 9590, page 873, without any right of entry upon, into or through the surface of said property or the portion thereof lying above 500.00 feet, measured vertically from the contour of the surface of said property.
7. Easement for railroad and transportation and incidental purposes and rights incident thereto, as set forth in instrument recorded in Docket 9581, Page 180 and in Docket 9590, page 873.
8. Easement for overhead and underground power and incidental purposes and rights incident thereto, as set forth in
9. instrument recorded in Docket 9793, page 901.
10. Easement for gas lines and incidental purposes and rights incident thereto, as set forth in instrument recorded in Docket 9834, page 235.
11. Easement for overhead and underground power and incidental purposes and rights incident thereto, as set forth in instrument recorded in Docket 9881, page 496.
12. Easement for natural gas transmission line and appurtenant facilities and rights incident thereto, as set forth in instrument recorded in Docket 10000, page 1214.
13. Easement for overhead and underground power and incidental purposes and rights incident thereto, as set forth in instrument recorded in Document No. 2000-37849.
14. Easement for power distribution and incidental purposes and rights incident thereto, as set forth in instrument recorded in Document No. 2005-83240.
15. Terms, conditions, liabilities and obligations contained in an instrument entitled "Ordinance S-39425", recorded in Document No. 2012-1122895.
16. Easement for sidewalk and incidental purposes and rights incident thereto, as set forth in instrument recorded in Document No. 2012-1129191.
17. Terms, conditions, liabilities and obligations contained in an instrument entitled "Ordinance S-39589", recorded in Document No. 2013-0125519.
18. Easement for transmission and distribution of electricity and incidental purposes and rights incident thereto, as set forth in instrument recorded in Document No. 2013-0905321.

19. Easement for sidewalk and rights incident thereto, as set forth in instrument recorded in Document No. 2013-0169280.
20. Easement for power distribution and rights incident thereto, as set forth in instrument recorded in Document No. 2017-0374545.
21. Easement for sidewalk, as set forth in instrument recorded in Document No. 2017-0420402.

——————————————————————END————————————————————————

Unofficial Document

*Exhibit B*