# EXHIBIT D

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
7/12/2022 2:52:21 PM
Filing ID 14549120

1  Richard C. Gramlich (SBN 014449)

2  **TB** T I F F A N Y & B O S C O
      P.A.

3  SEVENTH FLOOR CAMELBACK ESPLANADE II
   2525 EAST CAMELBACK ROAD
   PHOENIX, ARIZONA 85016-4237

4  TELEPHONE: (602) 255-6000
   FACSIMILE:  (602) 255-0103

5  EMAIL:  rcg@tblaw.com
   *Attorneys for Nexus Steel, LLC*

6

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9  | | |
   |---|---|
   | NEXUS STEEL, LLC, an Arizona limited liability company, | Case No.    **CV2022-008873** |

10 | | |

11 |                 Plaintiffs, | **COMPLAINT** |

12 | | |

13 |                 v. | |

14 | JHO REAL ESTATE INVESTMENT, LLC., a Florida limited liability company, VITAL PHARMACEUTICALS, INC., a Florida corporation, d/b/a BANG, LLC, a Florida limited liability company, FABCO METAL PRODUCTS, LLC., a Florida limited liability company, BELVAC PRODUCTION MACHINERY, INC., a Virginia corporation, TRUIST BANK, a North Carolina company, ISEC, INC., a Colorado corporation, HEAVY EQUIPMENT MOVERS & INSTALLATION, LLC, a Delaware limited liability company, HARDROCK CONCRETE PLACEMENT CO. INC., an Arizona corporation, STELLAR GROUP, INC., a Florida corporation, FAITH TECHNOLOGIES INC., a Wisconsin corporation, INTEGRATED MASONRY, an Arizona company, HACI MECHANICAL CONTRACTORS, INC., an Arizona corporation, TRENCH SHORE RENTALS, an Arizona corporation, THE MARICOPA COUNTY TREASURER'S OFFICE, BLACK & WHITE CORPORATIONS 1-10, | **(Civil: Mechanic's Lien Foreclosure.)**   **(Commercial Assignment Requested)**   **(Tier III)** |

-1-

1

2 | Defendants.

3      Nexus Steel, LLC ("Nexus") as and for its Complaint against JHO Real Estate

4 Investment, LLC ("JHO"), Vital Pharmaceuticals, Inc. ("Vital") d/b/a Bang, LLC,  Fabco

5 Metal Products, LLC ("Fabco"), Belvac Production Machinery, Inc. ("Belvac"), Truist Bank

6 ("Truist"), ISEC, Inc. ("ISEC"), Heavy Equipment Movers & Installation, Inc. ("HEMI"),

7 Hardrock Concrete Placement Co., Inc. ("Hardrock"), Stellar Group, Inc. ("Stellar"), Faith

8 Technologies, Inc. ("Faith"), Integrated Masonry ("Integrated"), HACI Mechanical

9 Contractors, Inc. ("HACI"), Trench Shore Rentals ("Trench"), and the Maricopa County

Treasurer's Office ("Maricopa County Treasurer") affirmatively alleges as follows:

10                              **GENERAL ALLEGATIONS**

11      1.      Nexus at all times material hereto holds a valid Contractors License pursuant

12 to Arizona Revised Statutes, Title 32, Chapter 10.

13      2.      JHO is a Florida corporation, which owns and operates the subject Real

14 Property located at 1635 South 43rd Avenue, Phoenix, Arizona 85009, APN 105-14-001Q

15 ("Property") in Maricopa County, State of Arizona such that it is subject to this Court's

16 jurisdiction and venue.

17      3.      Vital is a Florida corporation, which operates an energy drink bottling facility at

18 the Property, in Maricopa County, State of Arizona such that it is subject to this Court's

19 jurisdiction and venue.

20      4.      Fabco is a Florida LLC, which conducted business and acted as the general

21 contractor on the subject Property, in Maricopa County, State of Arizona such that it is

22 subject to this Court's jurisdiction and venue.

23      5.      Belvac is a Virginia corporation, which recorded a Mechanic's Lien on the

24 subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's

25 jurisdiction and venue.

26      6.      Truist is a North Carolina bank, which recorded a Deed of Trust on the subject

27 Property, in Maricopa County, State of Arizona such that it is subject to this Court's

28 jurisdiction and venue

-2-

7.     ISEC is a Colorado corporation, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

8.     HEMI is a Delaware limited liability company, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

9.     Hardrock is an Arizona corporation, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

10.     Stellar is a Florida corporation, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

11.     Faith is a Wisconsin corporation, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

12.     Integrated is an Arizona company, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

13.     HACI is an Arizona corporation, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

14.     Trench is an Arizona corporation, which recorded a Mechanic's Lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

15.     Maricopa County Treasurer recorded a tax lien on the subject Property, in Maricopa County, State of Arizona such that it is subject to this Court's jurisdiction and venue.

16.     Black & White Corporations 1-10 are fictitious entities that may have other legal or equitable interests in the subject Property such that they are subject to this Court's jurisdiction and venue.

17.     This matter qualifies for Tier III treatment pursuant to Rule 26.2 A.R.C.P.

18.     On or about January 20, 2021, Nexus entered into a Subcontract Agreement ("Subcontract") with Fabco to provide and erect the structural steel, miscellaneous steel, and trench steel at the Property, for the lump sum contract amount of $733,448.00.

18.     Nexus, pursuant to its Subcontract, provided labor and materials as a licensed sub-contractor, to the Property between February 1, 2021 and December 22, 2021.

19.     On or about October 30, 2021, November 30, 2021, and December 31, 2021, Nexus submitted to Fabco its Pay Applications 1-3, in the total amount of $405,750.86, for labor and materials supplied to the Property up through that date.

20.     Notwithstanding its demand for payment, Nexus has not been paid the full sums it is due on its Pay Applications, in the total amount of $360,885.86.

21.     On or about February 2, 2021, Nexus provided a valid Preliminary 20-Day Notice,  as required by A.R.S. § 33-981 *et. seq.*, a true and correct copy of which is included in the documents attached hereto as Exhibit A.

22.     On or about January 20, 2022, Nexus recorded a valid Notice and Claim of Lien for Labor, Services, Materials, Machinery, Fixtures and/or Tools ("Mechanic's Lien") which was timely recorded with the Maricopa County Recorder's Office on January 20, 2022, recorder number 20220060823, a true and correct copy of which is attached hereto as Exhibit A.

23.     Concurrent with the filing of this lawsuit, Nexus has recorded a Notice of Lis Pendens on the Property.

<u>**Count I**</u>

**(Lien Foreclosure - All Defendants)**

24.     Nexus incorporates herein and by reference all previous allegations.

25.     Nexus has performed all acts necessary to secure a valid and enforceable Mechanic's Lien on the Property.

26.     Nexus' Mechanic's Lien shares equal priority with any other Mechanic's Lien.

27.     Nexus is entitled to have this Court determine and declare the rights, priority, and title of all lien claimants, and other parties' claiming an interest in the Property, and to have an order that Nexus' lien be foreclosed on the Property, which is to be sold to satisfy

all liens against it, in the order of their priority, treating all of the Mechanic's Liens as being in parity and to have the sales proceeds distributed accordingly.

28.    Pursuant to the Subcontract and/or A.R.S.§33-995(E) and 33-998(B), Nexus is entitled to recover its reasonable attorneys' fees and costs incurred herein.

**WHEREFORE**, Nexus requests this Court to enter Judgment in its favor and against all the Defendants, entering a Judgment of foreclosure in favor of Nexus and against all the Defendants, foreclosing out all subordinated interests to Nexus' mechanic's lien and entering an order for the sale of the Property, with the proceeds therefrom being first applied to satisfy any superior liens and then to satisfy Nexus' mechanic's lien, in a pro rata amount to the other mechanic's liens,  plus an award of a reasonable sum as and for Nexus' attorneys' fees and costs, pursuant to A.R.S.§12-341.01, A.R.S.§33-995(E) and/or 33-998(B).

## <u>Count II</u>

### (Breach of Subcontract - Fabco Metal Products, LLC)

29.    Nexus incorporates herein and by reference all previous allegations.

30.    On or about January 20, 2021, Nexus entered into a Subcontract with Fabco for the installation of all structural, miscellaneous and trench steel, for the lump sum of $733,448.00.

31.    Nexus performed approximately 55% of its work when work was stopped by the General Contractor, due to non-payment by the Owner.

32.    Pursuant to paragraph 9 of the Subcontract, Nexus is entitled to monthly progress payments in the amount it applies for from Fabco.

33.    Nexus applied for payments in October, November, and December of 2021 for the total amount of $405,750.86, for labor and materials supplied to the Property.

34.    Nexus only received payments in the amount of $44,865.00 from Fabco, leaving a balance due of $360,885.86.

35.    To the extent that Fabco was paid by the Owner for Nexus' work, Nexus is entitled to payment of that amount by Fabco.

36.    To the extent that Fabco has failed to forward payments it has received from the Owner to Nexus, it is in breach of paragraph 9 of the Subcontract.

37.     Nexus has been damaged in the amount of payments received by Fabco for Nexus' work, but not forwarded to Nexus, plus a reasonable sum as and for its attorneys' fees and costs and other expenses incurred pursuant to paragraph 11 of the Subcontract.

**WHEREFORE,** Nexus requests this Court enters judgment in its favor and against Fabco, awarding it as damages whatever sums Fabco received from JHO for Nexus' Scope of Work, and failed to forward on to Nexus, in an amount to be determined at trial, plus Nexus' reasonable attorneys' fees and cost incurred herein.

<u>**Count III**</u>

**(Unjust Enrichment - JHO Real Estate Investments, Inc. and Vital Pharmaceuticals)**

38.     All previous allegations are incorporated herein by reference as if set forth in their entirety.

39.     Nexus provided and installed structural steel, miscellaneous steel, and trench steel to the Property, which benefited the Property by the reasonable value of same.

40.     Nexus has not been paid $360,885.86 worth of its work and materials provided to the Property, resulting in an improvishment to Nexus.

41.     To the extent JHO and/or Vital have not paid in full, for the labor and materials supplied by Nexus to improve the Property, they have received an enrichment.

42.     It would be inequitable and unjust to allow JHO and/or Vital to be enriched by Nexus' labor and materials without having paid for same.

43.     In equity, Nexus is entitled to be paid the reasonable value of its labor and materials provided to the Property, which have not been paid for, in the amount of $360,885.86.

44.     This matter arises out of Contract such that Nexus, upon prevailing, is entitled to the recovery of its reasonable attorneys' fees and costs incurred, pursuant to A.R.S.§12-341.01.

**WHEREFORE,** Nexus requests that this Court enters judgment in its favor and against JHO and/or Vital awarding to Nexus the reasonable value of all labor and materials supplied by Nexus which JHO and/or Vital have not paid for, in an amount to be determined at trial, plus a reasonable sum as and for its attorneys' fees and costs.

1    DATED this 12th day of July 2022.

2                                   **TIFFANY & BOSCO, P.A.**

3

4                                   By: /s/ *Richard C. Gramlich*
                                         Richard C. Gramlich
5                                        Seventh Floor Camelback Esplanade II
                                         2525 East Camelback Road
6                                        Phoenix, Arizona 85016-9239
                                         **Attorneys for Nexus Steel, LLC**
7

8

9    E-filed through AZTurboCourt this
     12th day of July 2022, and
10   copies mailed to:

11

12

13

14

15   By: /s/ Susan Saville

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
STEPHEN RICHER
20220060823  01/20/2022  04:39
ELECTRONIC RECORDING

1642720598956-26-1-1--
morenoa

WHEN RECORDED RETURN TO:

CONSTRUCTION NOTICE SERVICES, INC.
P.O. Box 82190
Phoenix, AZ  85071
(602) 493-2042
AZCLDP #80775

NOTICE AND CLAIM
OF
MECHANIC'S AND MATERIALMEN'S LIEN
A.R.S. Sec. 33-993 (A)

| | |
|---|---|
| Claimant: | Nexus Steel, L.L.C.<br>214 South Hamilton Place<br>Gilbert, AZ 85233 |
| Owner or Reputed Owner: | JHO Real Estate Investment, Inc.<br>1600 North Park Drive<br>Weston, Florida 33326 |
| Tenant/Lessee | Vital Pharmaceuticals, Inc.<br>Bank Energy<br>1600 North Park Drive<br>Weston, Florida 33326 |
| Prime Contractor: | Stellar Group, Inc.<br>2900 Hartley Road<br>Jacksonville, Florida 32257 |
| Real Property Address: | Phoenix Can (Bang Energy)<br>1635 South 43rd Avenue<br>Phoenix, Arizona 85009<br>County of Maricopa<br>APN: 105-14-001Q |
| Real Property Description: | Legally situated within Section 16, Township 1 North, Range 2 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona. Further described in Exhibit A, incorporated by reference hereto. |
| Amount of Claim: | Claims a lien in the principal amount of $313,512.91, together with Lien preparation fees of $250.00, interest from the date due until paid at the rate of 10% per annum, and attorney's fees and costs incurred in collecting this debt. |

1.  I am the Claimant or have knowledge of the facts of this claim and make this Affidavit in compliance with A.R.S. sec. 33-993.

Nexus Steel, L.L.C.
214 South Hamilton Place
Gilbert, AZ 85233

2.  Claimant has furnished labor, materials, machinery, fixtures or tools in the construction, alteration, or repair of the buildings, other structures, pertaining to the improvements on subject real property, specifically: Steel Supply and Erection, further outlined in the Subcontractor Agreement.  Contractor's License 221966.

3.  Claimant was employed by or furnished materials to:

Fabco Metal Products, LP
1490 Frances Drive
Daytona Beach, FL 32124

20220060823

4. The labor, materials, machinery, fixtures or tools were furnished pursuant to a Subcontract Agreement. Subcontract Agreement and Payment Applications evidencing the debt are attached as Exhibit B, incorporated by reference hereto. Terms are Net 30 with interest being assessed at the contractual rate of 10% per annum from the date the debt became due until paid in full.

5. Upon information and belief, labor, materials, machinery, fixtures or tools were first furnished to the job site approximately: January 26, 2021

6. The building, structure, or improvement, or the alteration or repair of such building, structure or improvement was completed as to Claimant's portion: December 24, 2021  The final date was due to a Stop work order from the General Contractor dated December 22, 2021.

7. The Preliminary Twenty-Day Notice required by A.R.S. sec. 33-992.01 was duly and timely served on February 2, 2021, copies of the Notice, Proof of Service and Affidavit of Service by Mail are attached as Exhibit C, incorporated by reference hereto.

8. For the purpose of fixing this lien, Claimant has made this Notice and Claim of Lien, and delivered the original thereof to the County Recorder of Maricopa County, Arizona to be recorded as required by law, and causes duplicates hereof to be served upon the Contractor and Reputed Owners, if they can be found within Maricopa County (the reputed owners are believed to be located within Maricopa County, Arizona).

9. I hereby acknowledge that I have knowledge of and have hereinafter furnished information of the facts as contained herein; and that I make this Affidavit to the best of my knowledge, information and belief on behalf of said Company/Claimant.

WHEREFORE, Claimant demands a lien on subject Real Property and all improvement thereon in the amount set forth above and claims priority over all liens, mortgages, encumbrances upon the subject property attaching subsequent to the time labor was commenced or materials furnished to the subject property.

Nexus Steel, L.L.C. (Claimant)

By: _____

Print Name: _Robert Martens_

Title: _Managing Member_

SUBSCRIBED AND SWORN TO before me this 20th day of January, 2022 .

MICHELLE GRIFFIN
Notary Public  Arizona
Maricopa County
Commission # 551968
My Comm. Expires Oct 15, 2022

10/15/2022
My Commission Expires: _____

_____
Notary Public

20220060823

**EXHIBIT A**

20220060823

## EXHIBIT A

## LEGAL DESCRIPTION

That portion of the Northwest quarter of Section 15, Township 1 North, Range 2 East of the Gila and Salt River Meridian, Maricopa County, Arizona, described as follows:

Beginning at the Northwest corner of the North half of the Southwest quarter of said Northwest quarter;

Thence South (assumed bearing for purposes of this description) along the West line of said section, a distance of 660.00 feet to a line that is parallel with and distant 1968.46 feet Southerly measured at right angles from the North line of said section;

Thence South 89 degrees 50 minutes East, along said parallel line, a distance of 1307.28 feet to a line that is parallel with and distant 10.00 feet Westerly, measured at right angle, from the East line of said Southwest quarter, last said parallel line being also the center line of an existing drill track;

Thence North 00 degrees 01 minutes West, along last said parallel line, a distance of 1095.68 feet to a point of CUSP;

Thence Southwesterly along a tangent curve concave Northwesterly having a radius of 642.43 feet, through a central angle of 05 degrees 43 minutes 29 seconds, an arc distance of 64.19 feet;

Thence South 05 degrees 42 minutes 29 seconds West, tangent to said curve, a distance 26.38 feet;

Thence Southwesterly and Westerly along a tangent curve to the right having a radius 382.24 feet, through a central angle of 84 degrees 27 minutes 31 seconds, an arc distance of 563.45 feet to a point of tangency in a line that is parallel with and distant 1308.46 feet Southerly, measured at right angles, from said North line;

Thence North 89 degrees 50 minutes West, along last said parallel line, a distance of 919.70 feet to the point of beginning.

EXCEPTING THEREFROM that portion of said property lying below a depth of 500.00 feet measured vertically from the contour of the surface thereof;

Provided, however, that said grantor, its successors and assigns, shall not have the right for any and all purposes to enter upon, into or through the surface of the portion of said property lying above 500.00 feet, measured vertically from the contour of the surface of said property, as reserved in Deed recorded in Docket 9581, Page 180 and also recorded in Docket 9590, Page 873; and

EXCEPT all rights retained by Southern Pacific Company, a Delaware corporation in Warranty Deed recorded in Docket 3976, Page 407 of official records of Maricopa County, Arizona.

20220060823

**EXHIBIT B**

20220060823



22-Dec-2021

Fabco Metal Products, LLC. – Structural & Misc. Steel - 23006976-SUB-05
Bob Ralston
1490 Frances Drive
Daytona Beach, FL 32124
bralston@fabcometal.com

RE:   NOTICE OF WORK STOPPAGE
      *Bang Phoenix Can Manufacturing*
      Project #23006976

Dear Bob:

Please accept this letter as formal notification and instruction to stop work on the Bang Phoenix Can Manufacturing project. In accordance with the General Conditions of the Prime Contract, Stellar informed the Owner on 17-Dec-2021 of its intent to stop work after seven (7) days due to non-payment by the Owner.

Stellar has been in contact with the Owner and was advised that the Owner believes it will have funds in place near the end of January 2022, or sooner. Stellar has informed the Owner that it will restart work at the site when all outstanding balances are paid, and when adequate assurances are given relating to the Owner's ability to fund the project through completion.

Accordingly, you are hereby instructed that the last normal working day on site will be 24-Dec-2021. It is understood that ongoing works may take several weeks to make safe prior to demobilizing. Stellar supervision tentatively plans to remain on site until 7-Jan-2022. Please ensure that your work areas are cleaned, rental equipment is demobilized, and materials are stowed and secured prior to departing the site. Stellar will be in contact as soon as updated information is available.

Stellar will be reaching out to each subcontractor to confirm demobilization and suspension plans over the next two (2) weeks.

Stellar trusts that it has your understanding with this matter and hopes for a prompt resolution so that this project may continue.

Sincerely,
STELLAR GROUP, INC.

Greg Ortego
Project Manager II

xc:  Derek Bickerton
     Mike Davis
     Chuck Harrison
     Kerry Gauthier

20220060823

Fabco Metal Products LLC                    Project # 20-042

# SUBCONTRACT AGREEMENT

This Subcontract Agreement (hereinafter "Agreement") is between FABCO METAL PRODUCTS LLC, located at 1490 Frances Drive, Daytona Beach, Florida 32124 (hereinafter Fabco) and Nexus Steel LLC (hereinafter "Erector") for Erector to provide certain labor, tools, construction equipment and consumable supplies all as more particularly described below for that project known as: Bang Energy – Phoenix Can Manufacturing (hereinafter the "Project") which project is located at: 1635 South 43rd Ave, Phoenix, AZ 85009 and has been assigned the following project number by Fabco 20-042

1. NOTICES AND COMMUNICATION: All written notices called for herein shall be mailed to the appropriate party postage prepaid and addressed to the appropriate address specified above, or hand delivered to the appropriate address specified above. Any party hereto wishing to change the address at which it is to receive notices must provide the other party with written notification of such change of address.

2. CONTRACT AMOUNT: FOR THE LUMP SUM OF $733,448.00 (HEREINAFTER "Contract Amount") the Erector agrees to furnish and pay for all taxes, labor, tools, construction equipment and consumable supplies necessary to furnish and completely install those goods, equipment, materials, products and other matters which are more particularly described in Attachment "A" which is attached hereto and incorporated herein by reference. Everything described in Attachment "A" including the unloading of materials, the verification of quantity of items received against respective packing lists, as well as all labor, tools, construction equipment and consumable supplies necessary to furnish and install everything described in Attachment "A" is hereinafter called the "Work" All Work is to be performed in a thorough and workman-like manner in accordance with all sections of the Plans, Specifications and other contract documents applicable to the Project. The Erector is bound to Fabco by the same terms and conditions and to the fullest extent by which Fabco is bound to the General Contractor under the contract.

3. GENERAL PROVISIONS: The Erector in consideration of the Contract Amount, and other good and valuable consideration, agrees as follows:

(a) to at all times supervise and direct the Work to ensure it is performed according to the American Institute of Steel Construction (AISC) guidelines. The Erector shall solely be responsible for all construction means, methods, techniques, sequences and procedures for coordinating all portions of the Work, unless otherwise specifically noted, the Erector shall provide and pay for all labor, equipment, tools, construction equipment and machinery necessary for the proper execution and completion of the Work. THE ERECTOR SHALL AT ALL TIMES ADEQUATELY STAFF THE WORK SITE WITH SKILLED WORKMEN UNDER THE FULL-TIME SUPERVISION OF EITHER A QUALIFIED FOREMAN OR SUPERINTENDENT;

(b) to at all times keep the project free from accumulation of waste materials or rubbish caused by his operation. To accomplish this Erector agrees that on a daily basis the waste materials or rubbish caused by his operation shall be removed from the Project site or alternatively, shall be placed in a dumpster if the General Contractor provides a dumpster on the Project site. If the Erector fails to clean up, Fabco may do so and the cost thereof shall be back-charged against the Contract amount owed to Erector hereunder against the Contract Amount owed to Erector hereunder or, if such sums are inadequate, Fabco shall be entitled to recover such charges from Erector.

(c) to provide and maintain a separate performance and payment bond with a surety acceptable to Fabco for the faithful performance of this agreement in the amount of $    N/A    payable to Fabco or to whom Fabco may designate. Failure of Erector to supply this bond or to keep this bond in full force and effect at all times while this Agreement is in effect shall give Fabco, at his sole option, the right to rescind this Agreement with or without prior notice to the Erector and upon such rescission Fabco shall have no obligations to Erector other than under the doctrine of Quantum Meruit for Erector's performance prior to rescission;

(d) to perform Work only during working hours as set forth by the Contractor's Project Superintendent other designated representative;

(e) to perform the Work subject to the direction and satisfaction of the Project Architect, Project Engineer, Project Owner, Project Contractor (hereinafter the Architect, Engineer, Owner and Contractor respectively) and Fabco , and that decisions of said Architect, Engineer, and Subcontractor as to the true construction and meaning of the Plans and Specifications shall be final. Fabco will furnish to the Erector such additional information and Plans as may be prepared by the Architect or Engineer to further describe the Work to be performed under this agreement and Erector shall conform to and abide by the same in so far as they are consistent with purpose and intent or the Plans and Specifications referenced in Attachment "A" Fabco reserves the right, from time to time, 'whether the Work or part thereof has or has not been completed, to make changes, additions, or omissions to the Work as Fabco may, deem necessary, and upon Fabco communicating such changes, additions or omissions to the Erector by written order, such changes, additions or omissions shall be followed by the Erector. NO CHANGES, ADDITIONS, DELETIONS OR REVISIONS TO THE WORK SHALL BE BINDING OR ENFORCEABLE OR A PART OF THIS AGREEMENT UNLESS AND UNTIL THEY ARE REFLECTED IN A WRITTEN CHANGE ORDER SIGNED BY FABCO.

(f) to provide all temporary facilities, storage, scaffolding, lifting and material handling required for Erector to execute the Work;

(g) to provide all cutting, patching, backing and supports for the installation of the Work.

(h) to provide a trained and qualified safety person on the project at all times who will be responsible for all safety procedures as outlined by O.S.H.A. or any other governing body All cost associated with any fines levied against this Erector or caused to be levied against another party on this project arising out of or relating to the Work of Erector shall be borne by this Erector

(i) Erector shall submit a list of any proposed sub-tier subcontractors and Erector shall not delegate or subcontract to others the performance of any obligations or Work required or contemplated by this Agreement without prior written consent from Fabco. If the Erector enters into agreements with any sub-tier subcontractor, it shall require each sub-tier subcontractor to agree in writing to be bound by all terms, conditions and provisions of this Agreement to the full extent that the Erector is obligated to Fabco

1 of 9

20220060823

Fabco Metal Products LLC                    Project # 20-042

**4. CONTRACT TIME DELAY, ACCELERATION, DAMAGES:**

(a) Contract Time. The Work shall be commenced by Erector no later than 3 calendar days after Fabco has notified Erector to commence the Work, The Erector shall perform the Work according to the construction schedule described in Attachment "A" (hereinafter referred to as the "construction schedule.") at a speed that will not cause delay in the progress of Fabco's work or work being performed by others at or on the Project, and shall complete the Work within the time specified in the construction schedule;

(b) No Damages For Delay. Except as provided in the following sentence, Erector shall not be entitled to any claim whatsoever for damages based on "delay" whether such delay is attributable to breach of the agreement, tort, acts of God or any reason whatsoever In the event of delay Erector's sole and exclusive remedy shall be an extension of time for completion of the Work unless the delay is caused directly and solely by material active interference with the Work by Fabco or caused directly and solely by unreasonably long and unjustifiable delays by Fabco in carrying out its duties under the Agreement in either of which cases Erector shall be entitled to damages This No Damages for Delay clause applies to all damages whatsoever including but not limited to loss of profits, loss of use of equipment, tools, materials or personnel; home office and branch office overhead expenses; job site expenses; equipment rental; increase prices; additional employees and third party claims.

(c) Acceleration To Regain Construction Schedule. It is agreed time is of the essence, therefore if in Fabco's opinion the Erector falls behind the construction schedule in the progress of the Work. Fabco may direct the Erector to take such steps than Fabco deems necessary to improve the rate of progress, including but not limited to requiring Erector to increase the labor force, number of shifts and/or overtime operations. To increase days of work and. at the option of Fabco, requiring Erector to submit for approval supplementary schedules demonstrating the method and rate at which Erector will regain the construction schedule, all without additional costs or charge to Fabco.

When the Erector is requested by Fabco in writing to accelerate or expedite to regain the construction schedule and to provide supplementary schedules demonstrating the method and rate at which he will regain the construction schedule, the Erector shall promptly submit for approval such supplementary schedules as may be necessary to demonstrate the method and rate at which the schedule will be regained. If the Erector does not promptly reply with such directions, Fabco has the right, after a three day written notice and opportunity to cure, to terminate this Agreement. IF ERECTOR MUST ACCELERATE TO REGAIN THE CONSTRUCTION SCHEDULE. ERECTOR IS PROHIBITED FROM ASSERTING A CLAIM BASED ON ACCELERATION OR "IMPLIED" OR "CONSTRUCTIVE" ACCELERATION.

(d) Temporarily Accelerating When Not Behind The Construction Schedule. If at time when the Erector is not behind the construction schedule Fabco in writing requires, for short periods of time (periods not exceeding five (5) consecutive working days), that the Erector perform Work outside the normal working hours, the Erector shall do so; in which case the Erector will be reimbursed only for actual labor premium payments made for the overtime hours so worked. No percentage fee will be applied to such overtime premium payments.

(e) Impact Damage Generally Prohibited. Except as authorized in section 4(e) below, Erector shall not be entitled to any claim whatsoever for impact damages arising directly or indirectly from Fabco's order to accelerate or expedite the Work whether or not at the time of such request the Erector is on or behind the construction schedule. As used here in the phrase "impact damages" means all damages or problems arising directly or indirectly from the acceleration or expedition of the Work, including but not limited to the loss of efficiency, loss of productivity, loss due to out of sequence scheduling, loss due to errors because of acting in haste or loss due to repetition.

(f) Limited Impact Damages. If at a time when the Erector is not behind the construction schedule Fabco by written order requires that the work be accelerated or expedited for a substantial period of time so that such request does not fall within subsection 4(d) above then prior to the Erector implementing the acceleration Fabco shall issue a Change Order changing the construction schedule and changing the contract amount stated herein. In negotiating the increase in the Contract Amount the Erector shall take into account the Erector's increased costs in carrying out the Work due to loss of efficiency, loss of productivity and out of sequence scheduling The Eichleay Formula shall not, however, be used. EXCEPT AS SPECIFICALLY PROVIDED IN THIS SUBSECTION (f) THE Erector is expressly and specifically prohibited from seeking any claims for impact damages, and neither any Court nor any Arbitration Panel shall consider loss of efficiency, loss of productivity, out of sequence scheduling or other impacts on Erector resulting from acceleration when determining or deciding any disputes between Fabco and Erector

(g) Liquidated Damages. In the event Fabco is liable for liquidated damages for delay in completion of it's work to contractor caused by the Erector, the Erector is liable for and shall pay to Fabco the identical sum of money as fixed and agreed liquidated damages (not a penalty) for each and every calendar day after the Completion Date, as amended, that the Work is not finished and completed in compliance with the Plans and Specifications

**5. TERMINATION FOR FAILURE TO PERFORM.** If Fabco reasonably believes the Erector's failure to adequately or timely perform the Work is causing or threatening to cause substantial delay in the general progress of the Project, Fabco shall have the right to terminate this Agreement forty-eight (48) hours after giving written notice to Erector at the above given address. Fabco will then have the right to negotiate and execute a contract or contracts with other Erectors for the completion of the remaining Work. All losses, damages and expenses, including attorney's fees in the prosecution or defense of any action or suit, incurred by or resulting to Fabco on account of the Erector's failure to timely or adequately perform shall be borne by and charged against Erector, and Fabco may recover by deducting any such losses, expenses and damages from any money owed Erector, and both the Erector and his surety agree to pay Fabco such losses, damages, expenses and attorneys fees.

**6. DEFECTIVE WORK:**

(a) Approval or Disapproval. All Work shall be performed subject to the final approval by the designing or supervising Architect, Engineer, Owner and Contractor, and their respective decisions as to the performance of the Work in accordance with the plans, specifications and local codes shall be final.

(b) Replacement and Repair of Unacceptable Work. Any Work condemned or not approved for which the Erector is responsible shall, within twenty-four (24) hours after issuance of written notice of such condemned or unapproved Work, be removed, replaced, and/or repaired, including any part of the Project damaged or destroyed in removing or making good said disapproved or condemned Work. Erector's failure to so make these repairs will result in Fabco, without notice, bringing in another Erector or one of Fabco's employees, at an hourly rate per man, plus material and equipment cost, to repair the same The charge for these repairs, if done by Fabco, including repairs to damages caused to the Project as set out above, will be deducted from any balance due the Erector on the Contract Amount, if the balance owed the Erector is not sufficient to cover the total cost of such repairs, Fabco reserves the right to institute legal proceedings against Erector for the balance due plus attorney's fees, cost and interest.

2 of 9

20220060823

Fabco Metal Products LLC                    Project # 20-042

7  INSURANCE AND INDEMNITY:

(a) Purchased By Erector. Erector shall purchase and maintain with respect to the Work general liability insurance with minimum policy limits of $1,000,000 property damage and $1,000,000 / 5,000,000 wrongful death or personal injury (or) greater if so specified in an Addendum hereto, Attachment "B" Insurance). The Erector's General Liability and Excess Liability insurance policies shall be endorsed to name Contractor(Fabco) , General Contractor and Owner as Additional Insured on a primary non-contributory basis. Erector shall obtain Workman's Compensation coverage which complies with state statues in the jurisdiction where Work is to be performed. The Erector shall obtain Disability Insurance (Statutory Limits). Erector warrants that such insurance as listed above is in force and effect as of the time this Agreement is executed as evidenced by the attached Certificates of Insurance. Should the Erector fail to provide current Certificates of Insurance evidencing the required coverages, then Fabco may declare this Agreement in default. If at any time all such required coverages is not in force, Fabco may retain all monies due and owing to Erector until such time as acceptable current certificates are furnished showing all required coverages are in force

(b) Vandalism  Fabco, General Contractor and Owner shall not be held liable for vandalism to Erector's Work until accepted by the General Contractor, Architect and Owner  Erector at its expense is to purchase insurance to cover such risk;

(c) Binding Nature of Insurance Company Settlements and Adjustments. Erector shall be bound by any and all adjustments or settlements which shall be made between Fabco and/or the Owner and the Insurance Company or Companies insuring such vandalism losses:

(d) Indemnification of Fabco: The Erector shall defend. indemnify and save Fabco, the General Contractor and Owner harmless against and from any and all claims, including but not limited to claims for property damage, bodily injury, and occupational illness or accidents, arising from or related to any act or omission of the Erector, or any of its agents, Subcontractors, servants, employees or licensees.  or of any other person or entity for whose acts or omissions may be or is alleged to be liable; or arising from any breach or default on the part of the Erector in the performance of any covenant or agreement to be performed pursuant to the terms of this subcontract; or arising from any act or negligence of Fabco, the General Contractor and Owner, or from any equipment or materials used by Erector or its agents, Subcontractors, servants, employees or licenses. This provision shall apply to all claims of any kind whatsoever which are caused by or related to performance of work required hereunder, or based upon any violations of any statute, ordinance, building code, or regulations. The parties agree that the limitation on indemnification for damages, losses or expenses caused or alleged to be caused by the negligent acts or omissions of any Indemnitee is one hundred (100) times the contract amount, subject to a minimum of $1,000,000 and a maximum of $5,000,000 as required by F.S. 725.06  Erector shall indemnify Fabco, the General Contractor and Owner, for all costs, reasonable attorney fees, expenses and liabilities incurred in connection with any claim, action or proceeding or (threat thereof) covered by this paragraph.

8. CHANGES IN WORK: Fabco, without invalidating the Agreement. may order changes in the Work within the general scope of the Agreement consisting of additions, deletions or other revisions. When additions, deletions or other revisions are made, the Contract Amount shall be adjusted accordingly  Such additions, deletions or other revisions shall be at a negotiated price in accordance with Fabco's agreement with the Owner, and shall be added to or deducted from the Contract Amount. No changes, additions, deletions or revisions shall be made in any portion of the Work unless and until approval is reflected in a written change order signed by Fabco.

9.   PAYMENTS:

(a)  Monthly Progress Payments. Payment shall be made on or about the 20TH day of each month to Erector in an amount equal to ninety percent (90%) of the value of completed Work as shown on all approved progress reports RECEIVED BY THE 20TH DAY of the preceding month or received within a different time frame if such is agreed to in writing by Fabco. Said monthly progress payments are specifically conditioned upon none of the provisions of the Agreement being in default. The final payment shall be made forty-five (45) days after completion of The Project, upon approval and acceptance of the Project by the designing or inspecting Architect, Engineer, Contractor and Fabco. Not withstanding anything herein to the contrary. It is specifically understood and agreed that any payment to Erector for the Work is absolutely dependent upon Fabco receiving payment from Contractor

(b) Payment Affidavits; Lien Waivers. A condition precedent to the Erector receiving either a progress or final payment hereunder is the furnishing by the Erector of a sworn affidavit stating, that all lienors or prospective lienors have been paid in full, or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished and the reason for non-payment. Fabco may at its option pay prospective lienors direct or by joint check and may require lien waivers from prospective lienors and from Erector prior to making progress or final payment to Erector  Receipt of any lien notice to Owner or payment affidavit listing prospective lienors entitle Fabco, at it's option, to either make payment by a check jointly payable to Erector and such prospective lienors or the right to condition payment on receipt of lien waivers from said prospective lienors.

(c)  Payment Does Not Constitute Acceptance of Defective Work. No payments made under this Agreement shall be  conclusive evidence of the performance of this Agreement contract either wholly or in part, and no payments shall be construed to be acceptance of defective Work;

(d) Title to Work. Upon receipt of payment by Erector, Erector warrants and guarantees that title to all Work, materials and equipment will pass to the Owner free and clear of all liens, claims, security interest or encumbrances of any kind, Erector shall protect and save harmless Fabco and Owner from any liens, claims, security interest or encumbrances growing out of or resulting from Work performed pursuant to this Agreement. Should a claim of lien be filed as a result of the Erector's failure to pay for materials, labor or equipment rental furnished as part of the Work Fabco may declare this Agreement in default and all expenses, including reasonable attorney's fees, incurred in defending against, settling or paying said liens shall be reimbursed to Fabco by Erector

10. TERMINATION. In the event Erector is adjudged bankrupt or makes a general assignment for the benefit of its creditors, or if a receiver is appointed on account of Erector's insolvency or if Erector persistently and/or repeatedly refuses or fails to supply an adequate number of skilled workers or proper materials or equipment or otherwise substantially fails to perform the Work, then Erector shall be in default under this agreement and upon giving of 48 hours notice, Fabco may terminate this Agreement without any liability whatsoever (other than for Work properly performed prior to termination) and may hold Erector liable for any and all damages or losses directly or indirectly due to Erector's default, including but not limited to additional expenses over the Contract Amount to complete the Work and all attorney's fees and costs resulting from Erector's default.

11 DISPUTES, FEES AND EXPENSES.

(a)  Disputes Not To Delay Work.  Work which is the subject of a claim or dispute shall be promptly carried out by the Erector without awaiting settlement or final resolution of arbitration or litigation arising from such claims or dispute.

20220060823

Fabco Metal Products LLC                    Project # 20-042

(b)  **Arbitration.** Any and all claims or disputes arising directly or indirectly from the application, interpretation or enforcement of this Agreement involving sums of money not in excess of $ 50,000.00 shall be resolved by binding arbitration between the parties hereto in accordance with the Construction Industry Rules or the American Arbitration Association in effect at the time of the arbitration. The prevailing party in such arbitration proceeding shall be entitled to receive as a separately set out portion of the award its reasonable attorney's fees and costs incurred in preparing for and participation in the arbitration proceedings.

(c)  **Litigation.** Any and all claims or disputes arising directly or indirectly from the application, interpretation or enforcement of this Agreement involving sums of money exceeding $50,000.00 shall be resolved by litigation. The prevailing party in any such litigation proceedings shall be entitled to recover litigation related fees, including but not limited to reasonable attorneys fees, reasonable expert witness fees, reasonable transcript fees and charges and other costs in addition to court costs as long as such fees and costs were incurred as part of a good faith preparation for said litigation whether or not the work product produced as a result of such fees and charges is actually used at hearings or trials, and this provision shall be applicable to both Trial, Appellate Court and Bankruptcy Court proceedings;

(d)  Florida Law, Venue. Any arbitration or litigation arising directly or indirectly from the interpretation, application or enforcement of this Agreement shall be construed in accordance with the laws of the State of Florida and the venue for any such arbitration or civil litigation shall be in Volusia County, Florida, the county in which this Agreement has been finally accepted.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year indicated below, with the effective date of this Agreement being the date the last party hereto executes the Agreement.

DATE _____              Date _____
**FABCO METAL PRODUCTS LLC**        **ERECTOR:** Nexus Steel LLC

                                     Robert D Martens  Digitally signed by Robert D Martens
                                                       DN, C=US,
                                                       E=rob.martens@nexussteel.com,
                                                       O="Nexus Steel, LLC" OU=Owner,
                                                       CN=Robert D Martens
                                                       Date: 2021.01.20 10:58:58-07'00'

By: _____            By: _____
Shane King, President               Print Name / Title: _____

20220060823

Fabco Metal Products LLC                          Project # 20-042

# ATTACHMENT "A"

**Date:** 1-12-21
**Project:** 20-042
**Location:** 1635 South 43rd Ave., Phoenix, AZ 85009

Scope of Work Under this Contract is per FABCO'S "Shop Drawings," Contract Drawings and Contract Specifications. The following list is general in nature and may or may not mention each specific item covered under this Contract. **Inclusive of Contract Drawings dated on or before 11/24/20.**

Lien waivers (attached for reproduction) are to be submitted with each application for payment, pay request will not be processed unless the aforementioned is received with the current application for payment. Application for payment must be on the AIA Document G702 and G703.

Scope of Work to Include:
Install:

1. Structural Steel
2. Columns and beams.
3. 5/16" galvanized checker plate @ platforms attached with 3/8" diameter galvanized self drilling screws, wafer head (recessed) Weld between supports @ side lap.
4. Lower platform framing per drawing S1200A.
5. Upper platform framing per drawings S1200B, S1210, S1220, S1230, S1240.
6. Cooling tower framing with WT bracing (galvanized) per A, B/S1300.
7. Columns, beams, perimeter bent plate and wall shear plates per drawing S1302.
8. Approximately one hundred and eighty (180) linear feet of ledger angle per drawing S1301.
9. 3/8" x 6" bent plates @ existing columns per detail 3/S1300.
10. ¼" perimeter bent plates per detail 4/S1300.
11. HSS 4" x 4" x ¼" tube braces per detail 5/S1300.
12. Angle bracing per drawing S1220A (between lines 20-21/E-F)
13. Channel beams per drawing S1220A (between lines 20-21/E-F).
14. Six (6) HSS 12" x 12" x ¼" tube columns per drawing S3001.
15. Twelve (12) HSS 12" x 4" x ¼" tube columns, twelve (12) HSS 12" x 4" x ¼" tube horizontals, twelve (12) 5" x 5" x ¼" angle supports @ door frames per drawing S3010.
16. Epoxy anchoring of columns as indicated per details 9 &10/S5004.
17. Two-line perimeter safety cable where required
18. Miscellaneous Steel
19. All exterior stairs & guardrails galvanized; all interior stairs guardrail and checker plate to be galvanized, stairs prime painted.
20. Two (2) exterior stairs per drawings A1110, A3102 and A4101.
21. Exterior ramp and stair railing per drawings A1110, A3102 and A4201.
22. Thirteen (13) interior switchback stairs per drawings S1200A & S1200B.
23. Six (6) 'straight' interior stairs per drawings S1200A & S1200B.
24. Four (4) small interior stairs to grating platforms per drawing S1200A.
25. Galvanized guardrail at interior platforms per drawings A1310, A1320, A1330, A1340. Approximately 3,000 linear feet.
26. Trench Steel
27. Water Foundation, Trenches and Sump per 'ENERGY-PHX-B07-WA' drawing sheets 1-7. Includes W10 x 21 stainless steel sub base framing with angle and bar attachment (Items 1-5), stainless steel shims at anchor bolt locations, fiberglass grating at trenches and pits, stainless steel sump pit ladder and stainless steel sump liner.
28. Wet Can Trench & Die Coolant Sump Steel per 'ENERGY-PHX-B07-WC' drawing sheets 1-7. Includes galvanized sump frame and grating, TS 4" x 3" x ¼" galvanized

20220060823

Fabco Metal Products LLC                    Project # 20-042

tube steel for grating support (Items 1-8), galvanized grating at trench (Items 9-10) and galvanized guardrail where indicated.
29. Cupper Foundation trench grating per detail 1/S1022. Galvanized.
30. Chemical Storage Foundation grating per detail 2/S1021 and details 4, 12 & 16/S5001. Stainless steel.
31. Die Coolant Room, Chemical Storage and Support Room Storage trench grating per drawing S1020, details 5 & 6/S5001, details 4, 5 & 7/S5004. Stainless steel.
32. Chemical Containment Pit grating per drawing S1020, detail 4/S1022 and detail 11/S5003. Fiberglass.
33. General Notes
34. Field touch-up priming or cold galvanizing as required.
35. Equipment rental.
36. Multiple mobilizations will be required.

Project Manager must approve any and all Change Order work prior to Erector performing work outside of our scope. Any work performed without authorization will not be eligible for compensation by Fabco Metal Products. Erector agrees to an hourly change order rate up to $75 per man hour, which includes all tools and equipment necessary to perform the work. Erector agrees to an hourly change order rate of $55 per man hour for any work which will be charged directly to Fabco Metal Products.

STEEL ERECTION TO BEGIN APPROXIMATELY 2-1-21, DURATION PER THE GENERAL CONTRACTORS CONSTRUCTION SCHEDULE.

1) Erector shall strictly adhere to, and include all costs related to current OSHA steel erection standards. This includes, but not limited to  the use of controlled decking zones and fall protection as outlined in OSHA compliance directive CPL 2-1.34; OSHA Subpart R 1926.757; Safety cable railing and orange safety netting for OSHA, as required. Includes removal when required. Temporary safety posts (L3x3x1/4"x3'-6", furnished by fabricator, cable furnished by steel erector).
2) See attached General Contractor/Fabco subcontract agreement and exhibits for additional scope of work & safety items is part of this attachment.
3) The steel erection foreman is to start the project and is to remain as foreman on this project until it is substantially complete. Use this scope of work in conjunction with general contractor's steel scope of work (see attached). Obtain all City Business Licenses and Welding Certs, attend weekly jobsite meetings prior to and during the steel erection phase as required by the GC. Change of work pricing must be submitted within the time frame noted in the General Contractor's Subcontract Agreement, if it is not noted maximum is 10 days, failure to submit pricing within the allotted time may result in $0.00 cost impact for change in work.
4) Reference Documents (Latest Editions): AISC code of standard practices, SJI Standard Specifications and Manual SDI Manual of Construction with Steel Deck
5) Erector takes full responsibility of the cargo during the off-loading process as well as count and verify that the quantities & condition of Structural Steel, Steel Joist and Metal Deck and accessories agree with the loading manifest prior to the carrier leaving the site.
6) Erector will notify Fabco within 48 hours after delivery of materials for any shortages or damages in Structural Steel, Steel Joist Metal Deck Bundles and/or sheets within bundles. Documentation by photograph required.
7) Erector shall store Structural Steel per AISC requirements, Steel Joist and Accessories per SJI requirements. Erector shall store Metal Deck bundles minimum of 6" off the ground with one end elevated a minimum of 2" to provide drainage and allow circulation from below. The deck shall be protected from the elements by a ventilated non-asphaltic waterproof covering to avoid condensation. Erector shall stack deck bundles so that there is no danger of tipping, sliding, rolling, shifting or material damage.

Erector: Nexus Steel LLC                              FABCO METAL PRODUCTS LLC

BY: Robert D Martens _____          BY: _____
                                                                    Shane King, President

20220060823

Fabco Metal Products LLC                    Project # 20-042

## ATTACHMENT B

## INSURANCE REQUIREMENTS FOR ERECTOR

**Certificate Holder:**

Fabco Metal Products LLC
1490 Frances Drive
Daytona Beach, FL 32124

Certificate of Insurance to evidence the following information:

1. **Insurance Company Rating:**  A.M. Best A-VI or better

2. **Insured:**  Erector's company name and address
    (b) **Additional Insured endorsement naming Fabco Metal Products LLC and Fabsouth LLC**, the General Contractor and Owner.

3. **Workers Compensation/Employers Liability:**
    Workers Compensation – Statutory
    Employers Liability        $500,000 each accident
                               $500,000 disease-policy
                               $500,000 disease-each employee

4. **Commercial General Liability including Products/Completed Operations Coverage**
    (a) Limits:  $1,000,000 per occurrence
                 $2,000,000 general aggregate
                 $2,000,000 products & completed operations aggregate
    (b) At least as broad as ISO Form CG0001 12 04 or equivalent
    (c) Additional Insured Endorsement including completed operations naming Fabco Metal Products LLC, General Contractor & Owner.  ISO Forms CG 20 26 07 04 and CG 20 37 07 04 or their equivalent (see attached forms)
    (d) Primary and non-contributory with any other insurance available to the certificate holder
    (e) Per project general aggregate

5. **Automobile to include owned, hired and non-owned autos:**
    (a) Limits: $1,000,000 Combined Single Limit
    (b) At least as broad as ISO form CA 99 48 09 02 or equivalent,

6. **Umbrella:  (limit can be changed as needed)**
    (a) Limits:  $5,000,000 Each Occurrence
                 $5,000,000 Aggregate
    (b) Excess of Employers Liability, General Liability and Automobile
    (c) Follow Form as to coverage's and endorsements on primary policies

20220060823

Fabco Metal Products LLC                    Project # 20-042
                                            **ATTACHMENT B**

**7. Pollution Liability Insurance (if applicable):**
    (a) Limits:  $1,000,000 Each Claim
                  $2,000,000 Aggregate

**8. Waiver of Subrogation:** General Liability, Auto and Workers Compensation in favor
of Fabco.

**9. Notice of Cancellation:** All policies contain a provision that the policy will not be cancelled,
materially changed or non-renewed without 30 days prior written notice to Fabco.

**10. Crane Insurance**-if using your own crane, please understand that GC dependent, may require a
$10,000,000. umbrella coverage(can be combined with your umbrella to total $10 mill) for crane
coverage.

11. Notwithstanding the above requirements, the Erector is bound to Fabco by the same terms and
conditions and to the fullest extent by which Fabco is bound to the General  Contractor under their
contract.

Please forward the certificate of insurance to our office at the above address or via FAX at (386) 258-
3402.

If you have any questions, please do not hesitate to call Fabco at (386) 252-3730.

20220060823

Fabco Metal Products LLC                    Project # 20-042

# *FABCO METAL PRODUCTS LLC*
### 1490 FRANCES DRIVE
### DAYTONA BEACH, FL  32124
### PH: 386-252-3730
### FAX: 386-258-3402

TO:   ERECTOR

TO: INSURANCE DEPARTMENT

FROM: KERRY GAUTHIER

SUBJECT: CERTIFICATE OF INSURANCE

AT YOUR EARLIEST CONVENIENCE PLEASE HAVE YOUR AGENT SEND US A CURRENT CERTIFICATE WITH THE FOLLOWING COVERAGE'S LISTED. **POLICY MUST STATE COVERAGE FOR THE STATE YOU ARE WORKING IN. ALSO SEE ATTACHMENT B**

__X__ WORKERS COMPENSATION AND EMPLOYERS' LIABILITY **(MUST LIST STATE YOU ARE WORKING IN IS COVERED)**

__X__ GENERAL LIABILITY

__X__ AUTO LIABILITY

__X__ IN ADDITION TO THE ABOVE PLEASE HAVE <u>ADDITIONAL INSURED</u>:
IN DESCRIPTION BOX:
**PROJECT:** FOUND ON FRONT PAGE OF CONTRACT
**PROJECT ADDRESS:** FOUND ON FRONT PAGE OF CONTRACT

**ADD'L INSURED: FABCO METAL PRODUCTS LLC, FABSOUTH LLC, THE GENERAL CONTRACTOR,  THE OWNER, AND THE ARCHITECT AND IT'S OFFICERS, DIRECTORS, EMPLOYEES,  AGENTS, AFFILIATES, & ITS SUBSIDIARIES AND ANY OTHER PARTIES REQUIRED BY THE OWNER OR AGENT INCLUDED AS ADD'L INSURED . WAIVER OF SUBROGATION APPLIES TO G/L, AUTO, AND W/C.  G/L AND AUTO INCLUDE PRIMARY & NON-CONTRIBUTORY IN FAVOR OF FABCO METAL PRODUCTS.**

**NOTE- FABCO METAL PRODUCTS LLC NEEDS TO BE LISTED AS CERTIFICATE HOLDER (THIS IS A REQUIREMENT, NOT A REQUEST)**

SINCERELY,

KERRY GAUTHIER- COMPLIANCE MANAGER

20220060823

# PAYMENT APPLICATION

Page 1

| | |
|---|---|
| TO: | Fabco Metal Products LLC<br>1492 Frances Drive<br>Daytona Beach, FL 32124<br>Attn: Kerry Gauthier |
| FROM: | Nexus Steel LLC<br>214 S. Hamilton Place<br>Gilbert, AZ 85233<br>Nexus Steel, LLC |
| FOR: | |

| | |
|---|---|
| PROJECT<br>NAME AND<br>LOCATION: | AZ2031<br>Bang Energy - Phoenix Can manufacturing<br>1635 South 43rd Ave<br>Phoenix, AZ 85009 |
| ARCHITECT: | |

| | |
|---|---|
| APPLICATION # | 20314 |
| PERIOD THRU: | 11/30/2021 |
| PROJECT #s: | 20-042 |
| DATE OF CONTRACT: | 01/20/2021 |

Distribution to:
☐ CONTRACTOR
☐ ARCHITECT
☐ SUBCONTRACTOR
☒ ACCOUNTS RECI
☒ PROJECT MANAGER

## SUBCONTRACTOR'S SUMMARY OF WORK

Application is made for payment as shown below.
Continuation Page is attached.

| | | |
|---|---|---|
| 1 CONTRACT AMOUNT | | $733,448.00 |
| 2 SUM OF ALL CHANGE ORDERS | | $1,812.86 |
| 3 CURRENT CONTRACT AMOUNT | (Line 1 +/- 2) | $735,260.86 |
| 4 TOTAL COMPLETED AND STORED<br>(Column G on Continuation Page) | | $317,228.86 |
| 5 RETAINAGE: | | |
| a.   10.00%   of Completed Work<br>(Columns D + E on Continuation Page) | $31,722.89 | |
| b.   0.00%   of Material Stored<br>(Column F on Continuation Page) | $0.00 | |
| Total Retainage (Line 5a + 5b or<br>Column I on Continuation Page) | | $31,722.89 |
| 6 TOTAL COMPLETED AND STORED LESS RETAINAGE<br>(Line 4 minus Line 5 Total) | | $285,505.97 |
| 7 LESS PREVIOUS PAYMENT APPLICATIONS | | $166,001.27 |
| 8 PAYMENT DUE | | $119,504.70 |
| 9 BALANCE TO COMPLETION<br>(Line 3 minus Line 6) | | $449,754.89 |

| SUMMARY OF CHANGE ORDERS | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in<br>previous months | $1,812.86 | $0.00 |
| Total approved this month | $0.00 | $0.00 |
| TOTALS | $1,812.86 | $0.00 |
| NET CHANGES | $1,812.86 | |

Subcontractor's signature below is his assurance to Contractor, concerning the payment herein applied for, that: (1) the Work has been performed as required in the Contract Documents, (2) all sums previously paid to Subcontractor under the Contract have been used to pay Subcontractor's costs for labor, materials and other obligations under the Contract for Work previously paid for, and (3) Subcontractor is legally entitled to this payment.

SUBCONTRACTOR: Nexus Steel LLC

By: *Robert Martens*      Date: 11/11/2021

Robert Martens / Owner

PAYMENT APPLICATION

Nexus Steel, LLC Document 6/1/2021

# CONTINUATION PAGE

Page 2 of 2

Payment Application containing Contractor's signature is attached.

PROJECT: A22031
Bang Energy - Phoenix Can manufacturing

APPLICATION #: 20314
DATE OF APPLICATION: 11/11/2021
PERIOD THRU: 11/30/2021
PROJECT #s: 20-042

| A | B | C | D | E | F | G | H | | I |
|---|---|---|---|---|---|---|---|---|---|
| | | | COMPLETED WORK | | | | | | |
| ITEM # | WORK DESCRIPTION | SCHEDULED AMOUNT | AMOUNT PREVIOUS PERIODS | AMOUNT THIS PERIOD | STORED MATERIALS (NOT IN D OR E) | TOTAL COMPLETED AND STORED (D+E+F) | % COMP (G/C) | BALANCE TO COMPLETION (C-G) | RETAINAGE (If Variable) |
| 1 | Structural Steel install | $442,510.00 | $132,783.00 | $132,783.00 | $0.00 | $265,566.00 | 60% | $177,044.00 | |
| 2 | Miscellaneous Items install | $170,030.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0% | $170,030.00 | |
| 3 | Trench Items install | $49,850.00 | $49,850.00 | $0.00 | $0.00 | $49,850.00 | 100% | $0.00 | |
| 4 | COR 001 - (Revs up to 11/24/20) Rev 2 | $70,958.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0% | $70,958.00 | |
| 5 | CO 20042-E01 (COR/003 & 007) | $1,812.86 | $1,812.86 | $0.00 | $0.00 | $1,812.86 | 100% | $0.00 | |
| | TOTALS | $735,260.86 | $184,445.86 | $132,783.00 | $0.00 | $317,228.86 | 43% | $418,032.00 | |

CONTINUATION PAGE

20220060823

# PAYMENT APPLICATION

| | | |
|---|---|---|
| TO: | Fabco Metal Products LLC | PROJECT NAME AND LOCATION: A22031 |
| | 1490 Frances Drive | Bang Energy - Phoenix Can manufacturing |
| | Daytona Beach, FL 32124 | 1635 South 43rd Ave |
| | Attn: Kerry Gauthier | Phoenix, AZ 85009 |
| FROM: | Nexus Steel LLC | ARCHITECT: |
| | 214 S. Hamilton Place | |
| | Gilbert, AZ 85233 | |
| FOR: | Nexus Steel, LLC | |

APPLICATION #: 20313
PERIOD THRU: 10/30/2021
PROJECT #s: 20-042
DATE OF CONTRACT: 01/20/2021

Distribution to:
☐ CONTRACTOR
☐ ARCHITECT
☐ SUBCONTRACTOR
☒ ACCOUNTS RECT
☒ PROJECT MANAGER

Subcontractor's signature below is his assurance to Contractor, concerning the payment herein applied for, that: (1) the Work has been performed as required in the Contract Documents, (2) all sums previously paid to Subcontractor under the Contract have been used to pay Subcontractor's costs for labor, materials and other obligations under the Contract for Work previously paid for, and (3) Subcontractor is legally entitled to this payment.

SUBCONTRACTOR: Nexus Steel LLC

By: _Robert Mertens_    Date: 10/12/2021

Robert Mertens / Owner

## SUBCONTRACTOR'S SUMMARY OF WORK

Application is made for payment as shown below.
Continuation Page is attached.

| | | |
|---|---|---|
| 1. CONTRACT AMOUNT | | $733,448.00 |
| 2. SUM OF ALL CHANGE ORDERS | | $1,812.86 |
| 3. CURRENT CONTRACT AMOUNT (Line 1 +/- 2) | | $735,260.86 |
| 4. TOTAL COMPLETED AND STORED (Column G on Continuation Page) | | $184,445.86 |
| 5. RETAINAGE: | | |
| a. 10.00% of Completed Work (Columns D + E on Continuation Page) | $18,444.59 | |
| b. 0.00% of Material Stored (Column F on Continuation Page) | $0.00 | |
| Total Retainage (Line 5a + 5b or Column I on Continuation Page) | | $18,444.59 |
| 6. TOTAL COMPLETED AND STORED LESS RETAINAGE (Line 4 minus Line 5 Total) | | $166,001.27 |
| 7. LESS PREVIOUS PAYMENT APPLICATIONS | | $51,662.86 |
| 8. PAYMENT DUE | | $114,338.41 |
| 9. BALANCE TO COMPLETION (Line 3 minus Line 6) | | $569,259.59 |

| SUMMARY OF CHANGE ORDERS | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months | $0.00 | $0.00 |
| Total approved this month | $1,812.86 | $0.00 |
| TOTALS | $1,812.86 | $0.00 |
| NET CHANGES | $1,812.86 | |

PAYMENT APPLICATION

Nexus Steel, LLC Document 6/1/2021

# CONTINUATION PAGE

Payment Application containing Contractor's signature is attached.

PROJECT- AZ2031
Bang Energy - Phoenix Can manufacturing

APPLICATION #: 20313
DATE OF APPLICATION: 10/12/2021
PERIOD THRU: 10/30/2021
PROJECT #s: 20-042

Page 2 of 2

| A | B | C | D | E | F | G | H | | I |
|---|---|---|---|---|---|---|---|---|---|
| | | | COMPLETED WORK | | | | | | |
| ITEM # | WORK DESCRIPTION | SCHEDULED AMOUNT | AMOUNT PREVIOUS PERIODS | AMOUNT THIS PERIOD | STORED MATERIALS (NOT IN D OR E) | TOTAL COMPLETED AND STORED (D + E + F) | % COMP (G / C) | BALANCE TO COMPLETION (C-G) | RETAINAGE (If Variable) |
| 1 | Structural Steel Install | $442,610.00 | $0.00 | $132,783.00 | $0.00 | $132,783.00 | 30% | $309,827.00 | |
| 2 | Miscellaneous Items Install | $170,030.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0% | $170,030.00 | |
| 3 | Trench Items Install | $49,850.00 | $49,850.00 | $0.00 | $0.00 | $49,850.00 | 100% | $0.00 | |
| 4 | COR.U01 - (Revs up to 11/24/20) Rev 2 | $70,958.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0% | $70,958.00 | |
| 5 | CO 20042-E01 (COR003 & 007) | $1,812.86 | $1,812.86 | $0.00 | $0.00 | $1,812.86 | 100% | $0.00 | |
| | TOTALS | $735,260.86 | $51,662.86 | $132,783.00 | $0.00 | $184,445.86 | 25% | $550,815.00 | |

CONTINUATION PAGE

Nexus Steel, LLC Document 6/17/2021

20220060823

# PAYMENT APPLICATION

Page 1

| | | |
|---|---|---|
| TO: | Fabco Metal Products LLC<br>1492 Frances Drive<br>Daytona Beach, FL 32124<br>Attn: Kerry Gauthier | PROJECT<br>NAME AND<br>LOCATION: | Bang Energy - Phoenix Can manufacturing<br>1635 South 43rd Ave<br>Phoenix, AZ 85009 |
| FROM: | Nexus Steel LLC<br>214 S. Hamilton Place<br>Gilbert, AZ 85233 | ARCHITECT: | |
| FOR: | Nexus Steel, LLC | | |

APPLICATION #    20315
PERIOD THRU:    12/31/2021
PROJECT #s:    20-042
DATE OF CONTRACT:    01/20/2021

Distribution to:
☐ CONTRACTOR
☐ ARCHITECT
☐ SUBCONTRACTOR
☒ ACCOUNTS REC'l
☒ PROJECT MANAGER

## SUBCONTRACTOR'S SUMMARY OF WORK

Application is made for payment as shown below.
Continuation Page is attached.

| | |
|---|---|
| 1. CONTRACT AMOUNT | $733,448.00 |
| 2. SUM OF ALL CHANGE ORDERS | $1,812.86 |
| 3. CURRENT CONTRACT AMOUNT (Line 1 +/- 2) | $735,260.86 |
| 4. TOTAL COMPLETED AND STORED<br>(Column G on Continuation Page) | $405,750.86 |
| 5. RETAINAGE: | |
|    a.   10.00%   of Completed Work<br>     (Columns D + E on Continuation Page) | $40,575.09 |
|    b.   0.00%   of Material Stored<br>     (Column F on Continuation Page) | $0.00 |
|      Total Retainage (Line 5a + 5b or<br>     Column I on Continuation Page) | $40,575.09 |
| 6. TOTAL COMPLETED AND STORED LESS RETAINAGE<br>(Line 4 minus Line 5 Total) | $365,175.77 |
| 7. LESS PREVIOUS PAYMENT APPLICATIONS | $285,505.97 |
| 8. PAYMENT DUE | $79,669.80 |
| 9. BALANCE TO COMPLETION<br>(Line 3 minus Line 6) | $370,085.09 |

| SUMMARY OF CHANGE ORDERS | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in<br>previous months | $1,812.86 | $0.00 |
| Total approved this month | $0.00 | $0.00 |
| TOTALS | $1,812.86 | $0.00 |
| NET CHANGES | $1,812.86 | |

PAYMENT APPLICATION

Subcontractor's signature below is his assurance to Contractor, concerning the payment herein applied for, that: (1) the Work has been performed as required in the Contract Documents, (2) all sums previously paid to Subcontractor under the Contract have been used to pay Subcontractor's costs for labor, materials and other obligations under the Contract for Work previously paid for, and (3) Subcontractor is legally entitled to this payment.

SUBCONTRACTOR: Nexus Steel LLC

By:   _Robert Martens_    Date:   12/15/2021

     Robert Martens / Owner

Nexus Steel, LLC Document 6/1/2021

# CONTINUATION PAGE

Payment Application containing Contractor's signature is attached.

PROJECT: AZ2031
Ball Energy - Phoenix Can manufacturing

Page 2 of 2

APPLICATION #: 20315
DATE OF APPLICATION: 12/15/2021
PERIOD THRU: 12/31/2021
PROJECT #s: 20-042

| A | B | C | D | E | F | G | % COMP. (G/C) | H | I |
|---|---|---|---|---|---|---|---|---|---|
| | | | COMPLETED WORK | | | | | | |
| ITEM # | WORK DESCRIPTION | SCHEDULED AMOUNT | AMOUNT PREVIOUS PERIODS | AMOUNT THIS PERIOD | STORED MATERIALS (NOT IN D OR E) | TOTAL COMPLETED AND STORED (D + E + F) | % COMP. (G/C) | BALANCE TO COMPLETION (C-G) | RETAINAGE (If Variable) |
| 1 | Structural Steel Install | $442,610.00 | $265,566.00 | $88,522.00 | $0.00 | $354,088.00 | 80% | $88,522.00 | |
| 2 | Miscellaneous Items Install | $170,030.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0% | $170,030.00 | |
| 3 | Trench Items Install | $49,850.00 | $49,850.00 | $0.00 | $0.00 | $49,850.00 | 100% | $0.00 | |
| 4 | COR 001 - (Revs up to 11/24/20) Rev 2 | $70,958.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0% | $70,958.00 | |
| 5 | CO 20042-ED1 (COR003 & 007) | $1,812.86 | $1,812.86 | $0.00 | $0.00 | $1,812.86 | 100% | $0.00 | |
| | TOTALS | $735,260.86 | $317,228.86 | $88,522.00 | $0.00 | $405,750.86 | 55% | $329,510.00 | |

CONTINUATION PAGE

Nexus Steel, LLC Document 6/1/2021

20220060823

**EXHIBIT C**

20220060823

File No: 782317 | AZ | PRIVATE | OWNER
Notice Requested by and Return To:
Construction Notice Services, Inc.
P.O. Box 82190 CLDP80753/80776
Phoenix, AZ 85071 | Job No: B6199-AZ2031
Phone: Phone: (602) 493-2042 | FAX: Fax: (602) 493-2046

Customer: Fabco Metal Products, LP
Project: Phoenix Can (Bang Energy)
Rec. ID 443040-YZ0IGC5C

### TWENTY DAY PRELIMINARY NOTICE
In Accordance With Arizona Revised Statutes Section 33-992.01
THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR

TO: OWNER OR REPUTED OWNER
Vital Pharmaceuticals, Inc
Bang Energy
1600 N. Park Drive
Weston, FL 33326

TO: ORIGINAL CONTRACTOR
OR REPUTED CONTRACTOR
Stellar Group, Inc
2900 Hartley Road
Jacksonville, FL 32257-

TO: LENDER, SURETY OR BONDING COMPANY
Owner Financed   If there is a lender,
please notify CNS.

SEE ADDITIONAL LEGAL PARTIES: EXHIBIT D

1. The following is a general description of the labor, service, equipment or
materials furnished or to be furnished by the undersigned.
Steel Supply & Install

2. Estimated Price:    $662,490.00

3. The name of the person who furnished that labor, service, equipment or
materials is:
Nexus Steel, LLC
214 S. Hamilton Place
Gilbert, AZ 85233

4. The name of the person who contracted for purchase of that labor,
service, equipment or material is:
Fabco Metal Products, LP
1490 Frances Drive
Daytona Beach, FL 32124

5. The description of the jobsite is:
Phoenix Can (Bang Energy)
1635 South 43rd Avenue
Phoenix, AZ 85009
County of Maricopa

### NOTICE TO PROPERTY OWNER
If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a Mechanic's Lien
leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You
may wish to protect yourself against this consequence by either:
    1. Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes Section 33-1008, Subsection D,
    Paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.
    2. Requiring your contractor to furnish a unconditional waiver and release pursuant to Arizona Revised Statutes Section 33-1008, Subsection
    D, Paragraphs 2 and 4 signed by the person or firm giving you this notice before you make payment to your contractor.
    3. Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct
any inaccuracies in the notice pursuant to Arizona Revised Statutes Section 33-992.01, Subsection 1 or lose as a defense or lose as a defense any inaccuracy
of that information.
Within ten days of the receipt of this preliminary twenty day notice if any Payment Bond has been recorded in compliance with Arizona Revised Statutes Section
33-1003. The owner must provide a copy of the Payment Bond including the name and address of the surety company and bonding agent providing the
Payment Bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond
information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond
as a result of not timely receiving the bond information.

By: _____ Debra A. Pope, Limited  Agent, February 2, 2021

------------------------DETACH HERE AND SEND LOWER PORTION TO CLAIMANT-------------------------
ACKNOWLEDGMENT OF RECEIPT OF TWENTY DAY PRELIMINARY NOTICE

This acknowledges receipt on (today's date)_____of a copy of the Twenty

Day Preliminary Notice at (address where notice received)_____

Date (date this acknowledgment is executed)_____

Signature of person acknowledging receipt, with title if acknowledgment is made for another person

_____

Prepared by: Construction Notice Services, Inc., P.O. Box 82190 CLDP80753/80776, Phoenix, AZ 85071  Phone: (602) 493-2042, Fax: (602) 493-2046

20220060823

**Exhibit D - List of Additional Parties**

Owner: Vital Pharmaceuticals, Inc., Bang Energy, 1600 N. Park Drive, Weston, FL 33326, Phone: (954) 641-0570
Project: Phoenix Can (Bang Energy), 1635 South 43rd Avenue, Phoenix, AZ 85009 in the County of Maricopa

The following is a complete list, to the best of our knowledge, of all additional or secondary parties with an interest in the aforementioned project:

ADDITIONAL OR REPUTED OWNER, LESSEE OR AGENT
JHO Real Estate Investment, Inc.
1600 N. Park Drive
Weston, FL 33326

20220060823

02/02/2021 15:34:32

Page 20

# Construction Notice Services, Inc.
P.O. Box 82190 CLDP80753/80776
Phoenix, AZ 85071
First Class Certificate of Mailing
02/02/2021 Thru 02/02/2021

| Item | Certified Number | Name of Addressee Address | Prelim # | Job # | Postage |
|------|------------------|---------------------------|----------|-------|---------|
| 1 | 1st Class Mail | Vital Pharmaceuticals, Inc.<br>1600 N. Park Drive<br>Weston, FL 33326 | 782317 | B6199-AZ2030 | 0.50 |
| 2 | 1st Class Mail | Stellar Group, Inc.<br>2900 Hartley Road<br>Jacksonville, FL 32257 | 782317 | B6199-AZ2030 | 0.50 |
| 3 | 1st Class Mail | Fabco Metal Products, LP<br>1490 Frances Drive<br>Daytona Beach, FL 32124 | 782317 | B6199-AZ2030 | 0.50 |
| 4 | 1st Class Mail | JHO Real Estate Investment, Inc.<br>1600 N. Park Drive<br>Weston, FL 33326 | 782317 | B6199-AZ2030 | 0.50 |
| 5 | 1st Class Mail | Hancock Builders, LLC<br>4040 E Camelback Road, Suite 215<br>Phoenix, AZ 85018 | 782330 | B6230-210142 | 0.50 |
| 6 | 1st Class Mail | Petra Contracting<br>18435 W. Van Buren Street<br>Goodyear, AZ 85338 | 782330 | B6230-210142 | 0.50 |
| 7 | 1st Class Mail | GTIS Cadence QOZ, LLC<br>787 Seventh Avenue 50th Fl.<br>New York, NY 10019 | 782331 | B6228-210130 | 0.50 |

NUMBER OF PIECES: 7
Date Prepared: 02/02/2021

3.50

## VERIFICATION



MAILING PARTY          POSTMASTER
Construction Notice Services, Inc.
P O. Box 82190 CLDP80753/80776
Phoenix, AZ 85071

Total Pieces Received: _____

NUMBER OF PIECES: 7

RECEIVED BY:_____

DATE PREPARED:_____

DATE CERTIFIED:_____

CPU

U.S. POSTAGE
$3.08
CTOM          0000
Orig: 85022
02/02/21
2000052139

20220060823

AFFIDAVIT AND PROOF OF SERVICE
ARIZONA PRELIMINARY TWENTY-DAY LIEN NOTICE

Pursuant to A.R.S. Sec. 33-992.02, Debra A. Pope, President of Construction Notice Services, Inc., and Limited Agent for Nexus Steel, LLC, Claimant, being first duly sworn deposes and says that:

1.    On February 2, 2021 The Arizona Twenty Day Lien Notices (Notices) (Notice No. B6199-AZ2031) was sent by First Class Certificate of Mailing, by Debra A. Pope, President of Construction Notice Services, Inc., and Limited Agent for Nexus Steel, LLC  to the following addresses:

CUSTOMER
Fabco Metal Products, LP
1490 Frances Drive
Dayton Beach, FL 32124

GENERAL CONTRACTOR:
Stellar Group, Inc.
2900 Hartley Road
Jacksonville, FL 32257

OWNER(S) OR REPUTED OWNER(S):
JHO Real Estate Investment, Inc.
1600 N. Park Drive
Weston, FL 33326

Vital Pharmaceuticals, Inc.
Bank Energy
1600 N. Park Drive
Weston, FL 33326

Regarding the project of:  Phoenix Can (Bang Energy) 1635 South 43rd Avenue, Phoenix, Arizona (county of Maricopa).

2.        The Notice was sent in accordance with the requirements in A.R.S. Sec 33-992.01.

3.        Attached hereto are true and correct copies of the Notice(s) and the Certificate(s) of mailing the Notices.   The Notice(s) were mailed at the United States Post Office indentified on the attached certificate of mailing.

_____
Debra A Pope, Limited Agent for Nexus Steel, LLC, Claimant.

STATE OF ARIZONA            )
                            ) ss
COUNTY OF MARICOPA          )

Subscribed and sworn to (or affirmed) before me on this 20th day of January, 2022, by Debra A. Pope, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Sep. 23rd, 2025.
_____
My Commission Expires:

_____
Notary Public



VICTORIA PORTILLO
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 615128
Expires September 23, 2025