as may otherwise be noted in the Certificate of Substantial Completion.

**6.6.2** Upon Substantial Completion of the entire Work or, if applicable, any portion of the Work, Owner shall release to Design-Builder all retained amounts relating, as applicable, to the entire Work or completed portion of the Work, less an amount equal to one hundred fifty percent (150%) of the reasonable value of all remaining or incomplete items of Work as noted in the Certificate of Substantial Completion.

**6.6.3** Owner, at its option, may use a portion of the Work which has been determined to be substantially complete, provided, however, that (i) a Certificate of Substantial Completion has been issued for the portion of Work addressing the items set forth in Section 6.6.1 above, (ii) Design-Builder and Owner have obtained the consent of their sureties and insurers, and to the extent applicable, the appropriate government authorities having jurisdiction over the Project, and (iii) Owner and Design-Builder agree that Owner's use or occupancy will not interfere with Design-Builder's completion of the remaining Work.

**6.7     Final Payment**

**6.7.1** After receipt of a Final Application for Payment from Design-Builder, Owner shall make final payment by the time required in the Agreement, provided that Design-Builder has completed all of the Work in conformance with the Contract Documents.

**6.7.2** At the time of submission of its Final Application for Payment, Design-Builder shall provide the following information:

> .1    Final conditional release liens outstanding or unsatisfied for labor, services, material, equipment, taxes or other items performed, furnished or incurred for or in connection with the Work which will in any way affect Owner's interests;

> .2    a lien release executed by Design-Builder waiving, upon receipt of final payment by Design-Builder, all claims, except those claims previously made in writing to Owner

and remaining unsettled at the time of final payment;

> .3    consent of Design-Builder's surety, if any, to final payment;

> .4    all operating manuals, warranties and other deliverables required by the Contract Documents; and

**6.7.3** Upon making final[1] payment, Owner waives all claims against Design-Builder except claims relating to (i) Design-Builder's failure to satisfy its payment obligations, if such failure affects Owner's interests, (ii) Design-Builder's failure to complete the Work consistent with the Contract Documents, including defects appearing after Substantial Completion and (iii) the terms of any special warranties required by the Contract Documents. Nothing in this Section 6.7.3 shall be construed to relieve Design-Builder of any obligation under Sections 2.9 or 2.10 above.

## Article 7

### Indemnification

**7.1     Patent and Copyright Infringement**

**7.1.1** Design-Builder shall defend any action or proceeding brought against Owner based on any claim that the Work, or any part thereof, or the operation or use of the Work or any part thereof, constitutes infringement of any United States patent or copyright, now or hereafter issued. Owner shall give prompt written notice to Design-Builder of any such action or proceeding and will reasonably provide authority, information and assistance in the defense of same. Design-Builder shall indemnify and hold harmless Owner from and against all damages and costs, including but not limited to attorneys' fees and expenses awarded against Owner or Design-Builder in any such action or proceeding. Design-Builder agrees to keep Owner informed of all developments in the defense of such actions.

**7.1.2** If Owner is enjoined from the operation or use of the Work, or any part thereof, as the result of any patent or copyright suit, claim, or proceeding, Design-Builder shall at its sole expense take reasonable steps to procure the right to operate or use the Work. If Design-Builder

cannot so procure such right within a reasonable time, Design-Builder shall promptly, at Design-Builder's option and at Design-Builder's expense, (i) modify the Work so as to avoid infringement of any such patent or copyright or (ii) replace said Work with Work that does not infringe or violate any such patent or copyright.

**7.1.3** Sections 7.1.1 and 7.1.2 above shall not be applicable to any suit, claim or proceeding based on infringement or violation of a patent or copyright (i) relating solely to a particular process or product of a particular manufacturer specified by Owner and not offered or recommended by Design-Builder to Owner or (ii) arising from modifications to the Work by Owner or its agents after acceptance of the Work. If the suit, claim or proceeding is based upon events set forth in the preceding sentence, Owner shall defend, indemnify and hold harmless Design-Builder to the same extent Design-Builder is obligated to defend, indemnify and hold harmless Owner in Section 7.1.1 above.

**7.1.4** The obligations set forth in this Section 7.1 shall constitute the sole agreement between the parties relating to liability for infringement or violation of any patent or copyright.

**7.2    Tax Claim Indemnification**

**7.2.1** If, in accordance with Owner's direction, an exemption for all or part of the Work is claimed for taxes, Owner shall indemnify, defend and hold harmless Design-Builder from and against any liability, penalty, interest, fine, tax assessment, attorneys' fees or other expenses or costs incurred by Design-Builder as a result of any action taken by Design-Builder in accordance with Owner's express written directive.

**7.3    Payment Claim Indemnification**

**7.3.1** Providing that Owner is not in breach of its contractual obligation to make payments to Design-Builder for the Work, Design-Builder shall indemnify, defend and hold harmless Owner from any claims or mechanic's liens brought against Owner or against the Project as a result of the failure of Design-Builder, or those for whose acts it is responsible, to pay for any services, materials, labor, equipment, taxes or other items or obligations

furnished or incurred for or in connection with the Work. Within three (3) days of receiving written notice from Owner that such a claim or mechanic's lien has been filed, Design-Builder shall commence to take the steps necessary to discharge said claim or lien, including, if necessary, the furnishing of a mechanic's lien bond. If Design-Builder fails to do so, Owner will have the right to discharge the claim or lien and hold Design-Builder liable for costs and expenses incurred, including attorneys' fees.

**7.4    Design-Builder's General Indemnification**

**7.4.1** Design-Builder, to the fullest extent permitted by law, shall indemnify, hold harmless and defend Owner, its officers, directors, employees and agents from and against claims, losses, damages, liabilities, including attorneys' fees and expenses, for bodily injury, sickness or death, and property damage or destruction (other than to the Work itself) to the extent resulting from the negligent acts or omissions of Design-Builder, Design Consultants, Subcontractors, anyone employed directly or indirectly by any of them or anyone for whose acts any of them may be liable.

**7.4.2** If an employee of Design-Builder, Design Consultants, Subcontractors, anyone employed directly or indirectly by any of them or anyone for whose acts any of them may be liable has a claim against Owner, its officers, directors, employees, or agents, Design-Builder's indemnity obligation set forth in Section 7.4.1 above shall not be limited by any limitation on the amount of damages, compensation or benefits payable by or for Design-Builder, Design Consultants, Subcontractors, or other entity under any employee benefit acts, including workers' compensation or disability acts.

**7.5    Owner's General Indemnification**

**7.5.1** Owner, to the fullest extent permitted by law, shall indemnify, hold harmless and defend Design-Builder and any of Design-Builder's officers, directors, employees, or agents from and against claims, losses, damages, liabilities, including attorneys' fees and expenses, for bodily injury, sickness or death, and property damage or destruction (other than to the Work itself) to the

DSIA Document No. 535  •  Standard Form of General Conditions of Contract Between Owner and Design-Builder  © 1998 Design-Build Institute of America

extent resulting from the negligent acts or omissions of Owner's separate contractors or anyone for whose acts any of them may be liable.

## Article 8

## Time

### 8.1 Obligation to Achieve the Contract Times

8.1.1 Design-Builder agrees that it will commence performance of the Work and achieve the Contract Time(s) in accordance with Article 5 of the Agreement.

### 8.2 Delays to the Work

8.2.1 If Design-Builder is delayed in the performance of the Work due to acts, omissions, conditions, events, or circumstances beyond its control and due to no fault of its own or those for whom Design-Builder is responsible, the Contract Time(s) for performance shall be reasonably extended by Change Order. By way of example, events that will entitle Design-Builder to an extension of the Contract Time(s) include acts or omissions of Owner or anyone under Owner's control (including separate contractors), changes in the Work, Differing Site Conditions, Hazardous Conditions, wars, floods, labor disputes, unusual delay in transportation, epidemics abroad earthquakes, adverse weather conditions not reasonably anticipated, and other acts of God.

8.2.2 In addition to Design-Builder's right to a time extension for those events set forth in Section 8.2.1 above, Design-Builder shall also be entitled to an equitable adjustment of the Contract Price.

## Article 9

## Changes to the Contract Price and Time

### 9.1 Change Orders

9.1.1 A Change Order is a written instrument issued after execution of the Agreement signed by Owner and Design-Builder, stating their agreement upon all of the following:

.1 The scope of the change in the Work, if any;

.2 The amount of the adjustment to the Contract Price, if any; and

.3 The extent of the adjustment to the Contract Time(s), if any.

9.1.2 All changes in the Work authorized by applicable Change Order shall be performed under the applicable conditions of the Contract Documents. Owner and Design-Builder shall negotiate in good faith and as expeditiously as possible the appropriate adjustments for such changes.

9.1.3 If Owner requests a proposal for a change in the Work from Design-Builder and subsequently elects not to proceed with the change, a Change Order shall be issued to reimburse Design-Builder for reasonable costs incurred for estimating services, design services and services involved in the preparation of proposed revisions to the Contract Documents.

### 9.2 Work Change Directives

9.2.1 A Work Change Directive is a written order prepared and signed by Owner, directing a change in the Work prior to agreement on an adjustment in the Contract Price and/or the Contract Time(s).

9.2.2 Owner and Design-Builder shall negotiate in good faith and as expeditiously as possible the appropriate adjustments for the Work Change Directive. Upon reaching an agreement, the parties shall prepare and execute an appropriate Change Order reflecting the terms of the agreement.

*SMM*

## 9.3   Minor Changes in the Work

**9.3.1**   Minor changes in the Work do not involve an adjustment in the Contract Price and/or Contract Time(s) and do not materially and adversely effect the Work, including the design, quality, performance and workmanship required by the Contract Documents. Design-Builder may make minor changes in the Work consistent with the intent of the Contract Documents, provided, however that Design-Builder shall promptly inform Owner, in writing, of any such changes and record such changes on the documents maintained by Design-Builder.

## 9.4   Contract Price Adjustments

**9.4.1**   The increase or decrease in Contract Price resulting from a change in the Work shall be determined by one or more of the following methods:

.1   Unit prices set forth in the Agreement or as subsequently agreed to between the parties;

.2   A mutually accepted, lump sum, properly itemized and supported by sufficient substantiating data to permit evaluation by Owner;

.3   Costs, fees and any other markups set forth in the Agreement; and

.4   If an increase or decrease cannot be agreed to as set forth in items .1 through .3 above and Owner issues a Work Change Directive, the cost of the change of the Work shall be determined by the reasonable expense and savings in the performance of the Work resulting from the change, including a reasonable overhead and profit, as may be set forth in the Agreement. If the net result of both additions and deletions to the Work is an increase in the Contract Price, overhead and profit shall be calculated on the basis of the net increase to the Contract Price. If the net result of both additions and deletions to the Work is a decrease in the Contract Price, there shall be no overhead or profit adjustment to the Contract Price. Design-Builder shall maintain a documented, itemized accounting evidencing the expenses and savings associated with such changes.

**9.4.2**   If unit prices are set forth in the Contract Documents or are subsequently agreed to by the parties, but application of such unit prices will cause substantial inequity to Owner or Design-Builder because of differences in the character or quantity of such unit items as originally contemplated, such unit prices shall be equitably adjusted.

**9.4.3**   If Owner and Design-Builder disagree upon whether Design-Builder is entitled to be paid for any services required by Owner, or if there are any other disagreements over the scope of Work or proposed changes to the Work, Owner and Design-Builder shall resolve the disagreement pursuant to Article 10 hereof. As part of the negotiation process, Design-Builder shall furnish Owner with a good faith estimate of the costs to perform the disputed services in accordance with Owner's interpretations. If the parties are unable to agree and Owner expects Design-Builder to perform the services in accordance with Owner's interpretations, Design-Builder shall proceed to perform the disputed services, conditioned upon Owner issuing a written order to Design-Builder (i) directing Design-Builder to proceed and (ii) specifying Owner's interpretation of the services that are to be performed. If this occurs, Design-Builder shall be entitled to submit in its Applications for Payment an amount equal to fifty percent (50%) of its reasonable estimated direct cost to perform the services, and Owner agrees to pay such amounts, with the express understanding that (i) such payment by Owner does not prejudice Owner's right to argue that it has no responsibility to pay for such services and (ii) receipt of such payment by Design-Builder does not prejudice Design-Builder's right to seek full payment of the disputed services if Owner's order is deemed to be a change to the Work.

## 9.4.4   Emergencies

**9.4.1**   In any emergency affecting the safety of persons and/or property, Design-Builder shall act, at its discretion, to prevent threatened damage, injury or loss. Any change in the Contract Price and/or Contract Time(s) on account of emergency

DBIA Document No. 535  •  Standard Form of General Conditions of Contract Between Owner and Design-Builder © 1998 Design-Build Institute of America

work shall be determined as provided in this Article 9.

## Article 10

### Contract Adjustments and Disputes

**10.1    Requests for Contract Adjustments and Relief**

**10.1.1** If either Design-Builder or Owner believes that it is entitled to relief against the other for any event arising out of or related to the Work or Project, such party shall provide written notice to the other party of the basis for its claim for relief. Such notice shall, if possible, be made prior to incurring any cost or expense and in accordance with any specific notice requirements contained in applicable sections of these General Conditions of Contract. In the absence of any specific notice requirement, written notice shall be given within a reasonable time, not to exceed twenty-one (21) days, after the occurrence giving rise to the claim for relief or after the claiming party reasonably should have recognized the event or condition giving rise to the request, whichever is later. Such notice shall include sufficient information to advise the other party of the circumstances giving rise to the claim for relief, the specific contractual adjustment or relief requested and the basis of such request.

**10.2    Dispute Avoidance and Resolution**

**10.2.1** The parties are fully committed to working with each other throughout the Project and agree to communicate regularly with each other at all times so as to avoid or minimize disputes or disagreements. If disputes or disagreements do arise, Design-Builder and Owner each commit to resolving such disputes or disagreements in an amicable, professional and expeditious manner so as to avoid unnecessary losses, delays and disruptions to the Work.

**10.2.2** Design-Builder and Owner will first attempt to resolve disputes or disagreements at the field level through discussions between Design-Builder's Representative and Owner's Representative.

**10.2.3** If a dispute or disagreement cannot be resolved through Design-Builder's Representative and Owner's Representative, Design-Builder's

Senior Representative and Owner's Senior Representative, upon the request of either party, shall meet as soon as conveniently possible, but in no case later than thirty (30) days after such a request is made, to attempt to resolve such dispute or disagreement. Prior to any meetings between the Senior Representatives, the parties will exchange relevant information that will assist the parties in resolving their dispute or disagreement.

**10.2.4** If after meeting the Senior Representatives determine that the dispute or disagreement cannot be resolved on terms satisfactory to both parties, the parties shall submit the dispute or disagreement to non-binding mediation. The mediation shall be conducted by a mutually agreeable impartial mediator, or if the parties cannot so agree, a mediator designated by the American Arbitration Association ("AAA") pursuant to its Construction Industry Mediation Rules. The mediation will be governed by and conducted pursuant to a mediation agreement negotiated by the parties or, if the parties cannot so agree, by procedures established by the mediator.

**10.3    Arbitration**

**10.3.1** Any claims, disputes or controversies between the parties arising out of or relating to the Agreement, or the breach thereof, which have not been resolved in accordance with the procedures set forth in Section 10.2 above shall be decided by arbitration, before a panel of three (3) arbitrators, in accordance with the Construction Industry Arbitration Rules of the AAA then in effect, unless the parties mutually agree otherwise. Such arbitration shall be conducted exclusively in Broward County, Florida.

**10.3.2** The award of the arbitrator(s) shall be final and binding upon the parties without the right of appeal to the courts. Judgment may be entered upon it in accordance with applicable law by any court having jurisdiction thereof.

**10.3.3** Design-Builder and Owner expressly agree that any arbitration pursuant to this Section 10.3 may be joined or consolidated with any arbitration involving any other person or entity (i) necessary to resolve the claim, dispute or controversy, or (ii) substantially involved in or affected by such claim, dispute or controversy.

Both Design-Builder and Owner will include appropriate provisions in all contracts they execute with other parties in connection with the Project to require such joinder or consolidation.

**10.3.4** The prevailing party in any arbitration, or any other final, binding dispute proceeding upon which the parties may agree, shall be entitled to recover from the other party reasonable attorneys' fees and expenses incurred by the prevailing party, including fees and expenses incurred by or through the direction of in-house attorneys.

**10.4    Duty to Continue Performance**

**10.4.1** Unless provided to the contrary in the Contract Documents, Design-Builder shall continue to perform the Work and Owner shall continue to satisfy its payment obligations to Design-Builder, pending the final resolution of any dispute or disagreement between Design-Builder and Owner.

**10.5    CONSEQUENTIAL DAMAGES**

**10.5.1** NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY (EXCEPT AS SET FORTH IN SECTION 10.5.2 BELOW), NEITHER DESIGN-BUILDER NOR OWNER SHALL BE LIABLE TO THE OTHER FOR ANY CONSEQUENTIAL LOSSES OR DAMAGES, WHETHER ARISING IN CONTRACT, WARRANTY, TORT (INCLUDING NEGLIGENCE), STRICT LIABILITY OR OTHERWISE, INCLUDING BUT NOT LIMITED TO LOSSES OF USE, PROFITS, BUSINESS, REPUTATION OR FINANCING.

**10.5.2** The consequential damages limitation set forth in Section 10.5.1 above is not intended to affect the payment of liquidated damages, if any, set forth in Article 5 of the Agreement, which both parties recognize has been established, in part, to reimburse Owner for some damages that might otherwise be deemed to be consequential.

## Article 11

## Stop Work and Termination for Cause

**11.1    Owner's Right to Stop Work**

**11.1.1** Owner may, without cause and for its convenience, order Design-Builder in writing to stop and suspend the Work. Such suspension shall not exceed sixty (60) consecutive days or aggregate more than ninety (90) days during the duration of the Project.

**11.1.2** Design-Builder is entitled to seek an adjustment of the Contract Price and/or Contract Time(s) if its cost or time to perform the Work has been adversely impacted by any suspension of stoppage of work by Owner without cause and for its convenience.

**11.2    Owner's Right to Perform and Terminate for Cause**

**11.2.1** If Design-Builder persistently fails to (i) provide a sufficient number of skilled workers, (ii) supply the materials required by the Contract Documents, (iii) comply with applicable Legal Requirements, (iv) timely pay, without cause, Design Consultants or Subcontractors, (v) prosecute the Work with promptness and diligence to ensure that the Work is completed by the Contract Time(s), as such times may be adjusted, or (vi) perform material obligations under the Contract Documents, then Owner, in addition to any other rights and remedies provided in the Contract Documents or by law, shall have the rights set forth in Sections 11.2.2 and 11.2.3 below.

**11.2.2** Upon the occurrence of an event set forth in Section 11.2.1 above, Owner may provide written notice to Design-Builder that it intends to terminate the Agreement unless the problem cited is cured, or commenced to be cured, within seven (7) days of Design-Builder's receipt of such notice. If Design-Builder fails to cure, or reasonably commence to cure, such problem, then Owner may give a second written notice to Design-Builder of its intent to terminate within an additional seven (7) day period. If Design-Builder, within such second seven (7) day period, fails to cure, or reasonably commence to cure, such problem, then Owner may declare the Agreement terminated for default by providing written notice to Design-Builder of such declaration.

**11.2.3** Upon declaring the Agreement terminated pursuant to Section 11.2.2 above, Owner may enter upon the premises and take possession, for the purpose of completing the Work, of all materials, equipment, scaffolds, tools, appliances and other items thereon, which have been

DBIA Document No. 535 • Standard Form of General Conditions of Contract Between Owner and Design-Builder © 1998 Design-Build Institute of America

purchased or provided for the performance of the Work, all of which Design-Builder hereby transfers, assigns and sets over to Owner for such purpose, and to employ any person or persons to complete the Work and provide all of the required labor, services, materials, equipment and other items. In the event of such termination, Design-Builder shall not be entitled to receive any further payments under the Contract Documents until the Work shall be finally completed in accordance with the Contract Documents. At such time, if the unpaid balance of the Contract Price exceeds the cost and expense incurred by Owner in completing the Work, such excess shall be paid by Owner to Design-Builder. Notwithstanding the preceding sentence, if the Agreement establishes a Guaranteed Maximum Price, Design-Builder will only be entitled to be paid for Work performed prior to its default. If Owner's cost and expense of completing the Work exceeds the unpaid balance of the Contract Price, then Design-Builder shall be obligated to pay the difference to Owner. Such costs and expense shall include not only the cost of completing the Work, but also losses, damages, costs and expense, including attorneys' fees and expenses, incurred by Owner in connection with the reprocurement and defense of claims arising from Design-Builder's default, subject to the waiver of consequential damages set forth in Section 10.5 hereof.

**11.2.4** If Owner improperly terminates the Agreement for cause, the termination for cause will be converted to a termination for convenience in accordance with the provisions of Article 8 of the Agreement.

**11.3   Design-Builder's Right to Stop Work**

**11.3.1** Design-Builder may, in addition to any other rights afforded under the Contract Documents or at law, stop work for the following reasons:

.1   Owner's failure to provide financial assurances as required under Section 3.3 hereof; or

.2   Owner's failure to pay amounts properly due under Design-Builder's Application for Payment.

**11.3.2** Should any of the events set forth in Section 11.3.1 above occur, Design-Builder has

the right to provide Owner with written notice that Design-Builder will stop work unless said event is cured within seven (7) days from Owner's receipt of Design-Builder's notice. If Owner does not cure the problem within such seven (7) day period, Design-Builder may stop work. In such case, Design-Builder shall be entitled to make a claim for adjustment to the Contract Price and Contract Time(s) to the extent it has been adversely impacted by such stoppage.

**11.4   Design-Builder's Right to Terminate for Cause**

**11.4.1** Design-Builder, in addition to any other rights and remedies provided in the Contract Documents or by law, may terminate the Agreement for cause for the following reasons:

.1   The Work has been stopped for more than sixty (60) consecutive days, or more than ninety (90) days during the duration of the Project, because of court order, any government authority having jurisdiction over the Work, or orders by Owner under Section 11.1.1 hereof, provided that such stoppages are not due to the acts or omissions of Design-Builder or anyone for whose acts Design-Builder may be responsible.

.2   Owner's failure to provide Design-Builder with any information, permits or approvals that are Owner's responsibility under the Contract Documents which result in the Work being stopped for more than sixty (60) consecutive days, or more than ninety (90) days during the duration of the Project, even though Owner has not ordered Design-Builder in writing to stop and suspend the Work pursuant to Section 11.1.1 hereof.

.3   Owner's failure to cure the problems set forth in Section 11.3.1 above after Design-Builder has stopped the Work.

**11.4.2** Upon the occurrence of an event set forth in Section 11.4.1 above, Design-Builder may provide written notice to Owner that it intends to terminate the Agreement unless the problem cited

is cured, or commenced to be cured, within seven (7) days of Owner's receipt of such notice. If Owner fails to cure, or reasonably commence to cure, such problem, then Design-Builder may give a second written notice to Owner of its intent to terminate within an additional seven (7) day period. If Owner, within such second seven (7) day period, fails to cure, or reasonably commence to cure, such problem, then Design-Builder may declare the Agreement terminated for default by providing written notice to Owner of such declaration. In such case, Design-Builder shall be entitled to recover in the same manner as if Owner had terminated the Agreement for its convenience under Article 8 of the Agreement.

**11.5    Bankruptcy of Owner or Design-Builder**

**11.5.1** If either Owner or Design-Builder institutes or has instituted against it a case under the United States Bankruptcy Code (such party being referred to as the "Bankrupt Party"), such event may impair or frustrate the Bankrupt Party's ability to perform its obligations under the Contract Documents. Accordingly, should such event occur:

.1    The Bankrupt Party, its trustee or other successor, shall furnish, upon request of the non-Bankrupt Party, adequate assurance of the ability of the Bankrupt Party to perform all future material obligations under the Contract Documents, which assurances shall be provided within ten (10) days after receiving notice of the request; and

.2    The Bankrupt Party shall file an appropriate action within the bankruptcy court to seek assumption or rejection of the Agreement within sixty (60) days of the institution of the bankruptcy filing and shall diligently prosecute such action.

If the Bankrupt Party fails to comply with its foregoing obligations, the non-Bankrupt Party shall be entitled to request the bankruptcy court to reject the Agreement, declare the Agreement terminated and pursue any other recourse available to the non-Bankrupt Party under this Article 11.

**11.5.2** The rights and remedies under Section 11.5.1 above shall not be deemed to limit the ability of the non-Bankrupt Party to seek any other rights and remedies provided by the Contract Documents or by law, including its ability to seek relief from any automatic stays under the United States Bankruptcy Code or the right of Design-Builder to stop Work under any applicable provision of these General Conditions of Contract.

## Article 12
## Miscellaneous

**12.1    Assignment**

**12.1.1** Neither Design-Builder nor Owner shall, without the written consent of the other assign, transfer or sublet any portion or part of the Work or the obligations required by the Contract Documents.

**12.2    Successorship**

**12.2.1** Design-Builder and Owner intend that the provisions of the Contract Documents are binding upon the parties, their employees, agents, heirs, successors and assigns.

**12.3    Governing Law**

**12.3.1** The Agreement and all Contract Documents shall be governed by the laws of the place of the Project, without giving effect to its conflict of law principles.

**12.4    Severability**

**12.4.1** If any provision or any part of a provision of the Contract Documents shall be finally determined to be superseded, invalid, illegal, or otherwise unenforceable pursuant to any applicable Legal Requirements, such determination shall not impair or otherwise affect the validity, legality, or enforceability of the remaining provision or parts of the provision of the Contract Documents, which shall remain in full force and effect as if the unenforceable provision or part were deleted.

**12.5    No Waiver**

DBIA Document No. 535 • Standard Form of General Conditions of Contract Between Owner and Design-Builder © 1998 Design-Build Institute of America

**12.5.1** The failure of either Design-Builder or Owner to insist, in any one or more instances, on the performance of any of the obligations required by the other under the Contract Documents shall not be construed as a waiver or relinquishment of such obligation or right with respect to future performance.

## 12.6   Headings

**12.6.1** The headings used in these General Conditions of Contract, or any other Contract Document, are for ease of reference only and shall not in any way be construed to limit or alter the meaning of any provision.

## 12.7   Notice

**12.7.1** Whenever the Contract Documents require that notice be provided to the other party, notice will be deemed to have been validly given (i) if delivered in person to the individual intended to receive such notice, (ii) four (4) days after being sent by registered or certified mail, postage prepaid to the address indicated in the Agreement or (iii) if transmitted by electronic mail, one business day after transmission of said electronic mail, provided that the electronic mail was received by the intended recipient.

## 12.8   Amendments

**12.8.1** The Contract Documents may not be changed, altered, or amended in any way except in writing signed by a duly authorized representative of each party.

## 12.9   Confidential Information

**12.9.1** Confidential Information is defined as information which is determined by the transmitting party to be of a confidential or proprietary nature and: (i) the transmitting party identifies as either confidential or proprietary; (ii) the transmitting party takes steps to maintain the confidential or proprietary nature of the information; and (iii) the document is not otherwise available in or considered to be in the public domain. The receiving party agrees to maintain the confidentiality of the Confidential Information and agrees to use the Confidential Information solely in connection with the Project.



## Stellar Guide for Subcontractors Usage in Procore

Welcome to the Project Team!  Stellar utilizes Procore, an industry leading Project Management system, for all Projects.  We know it can be challenging to learn new software. This guide has been created to provide you with several resources that will help you get the most out of Procore on Stellar projects and walk you through those resources to help you get started using Procore.

You will be receiving an invitation email to Procore, where you will be able to set up your password for system access and login (if you have not already).  Once you have created your password and logged in, you will be able to begin collaborating on the Project in more ways than ever before.

**HIGHLY RECOMMENDED:**  We suggest that you utilize Google Chrome as your Web Browser when using Procore.  Internet Explorer has been known to have bugs and issues and does not function smoothly.  You can download Google Chrome here: Download Google Chrome Here

**Objectives:**

1.  Introduction to Procore's Training Certification for Subcontractors.
2.  Define which tools are utilized by Subcontractors on Stellar projects.
3.  Expectations on the usage of those tools on the Project.
4.  How to get help.

## Procore Training Certification:

While it is not required, it is highly recommended that you take advantage of Procore's Certification program. The "Procore Certification for Subcontractors" course is designed to specifically train subcontractors on how to most effectively use Procore's construction management software platform. Learn the best practices of how to use each project management tool by going through our self-paced modules, which include training videos and quizzes.

Once you have logged in, you can access the Certification for Subcontractors by clicking this link:

http://learn.procore.com/subcontractor-certification

The training certification is the best way to learn the basic navigation and "how to's" for the tools that you will use on Stellar projects.

## Tools Utilized on Stellar Projects by Subcontractors

The tools listed below are utilized by Subcontractors on all Stellar Projects:

| | |
|---|---|
| Home Screen | Commitments |
| RFI's | Submittals |
| Observations | Punch List |
| Drawings | Specifications |





Documents

## Use of Tools by Subcontractors:

Listed below are the expected base functions to be used on Stellar and some additional recommendations with links to guides for further information:

1. **Home Screen**

   The home screen is where you will find Your Open Items for ease of access to the items that are in your "Ball in Court" (BIC).

### Project Home: My Open Items

User's can scroll to the My Open Items area. If you are not seeing an item in your My Open Items list, see Why are items assigned to me not showing up in My Open Items on the Project Home page?

**MY OPEN ITEMS**

| | Item Type | Details | Status | Due Date |
|---|---|---|---|---|
| | Submittals | #80.1: Automatic Entrances | Open | 06/01/15 |
| | Submittals | #78.0: Pavement Markings | Open | 06/01/15 |
| | Submittals | #76.0: Painting & Coating | Open | 06/01/15 |

Back to Top

2. **Commitments**

   Your contract will be emailed to you through Procore. You will need to print out the contract, sign, and email back the scanned copy to the Stellar Project Manager (PM).

   On some projects, Payment requisitions are collected through Procore (check with your Stellar PM, to verify if your project is using the feature). You will still be required to attach your notarized Requisition for Payment and all lien release documents to your Procore payment requisition.

   How to submit a payment requisition: Payment Requisitions

   Back to Top

3. **Requests for Information (RFI's)**

   Subcontractors have been given permissions to create their own RFI's in Procore for Stellar Projects. New RFI's are created only in draft mode and will be responded to and emailed back by the Stellar PM.

STELLAR NET



How to create an RFI: Create an RFI

Back to Top

4. Submittals

Subcontractors have been given permissions to enter their submittals directly into Procore for Stellar Projects. Stellar will create and setup all submittals in the Project (please do not create your own submittals) and you will receive an email notification through Procore that a submittal requires your attention. It is recommended to use the link in the notification email when uploading your submittals for easiest access.

How to "submit" a submittal:  Upload and Submit a Submittal

Back to Top

5. Observations

During the project, there may be issues or conditions which require your immediate action to resolve. These are referred to as "Observations" in Procore. When an observation has been assigned to you, you will receive an email notification through Procore requiring your attention. It is recommended to use the link in the notification email for easiest access to the observation, but you will also see it listed in "My Open Items" on the home page.

How to respond to an Observation:  Respond to an Observation

Back to Top

6. Punch List

The Punch List tool is being used for three phases of punch out in Stellar Projects.

1. Completion List. This list is created prior to the Stellar running punch list to identify areas of work that require completion prior to the Stellar punch list being officially created.
2. Pre-Punch List. This is the Stellar punch list, which is created to resolve all punch list items as possible prior to the Owner punch list being created.
3. Owner Punch List. This punch list is created by the Owner and represents the final punch list items for a Project.

It is important to note that Punch Lists items of each phase may be entered intermittently during a project as a "running" punch list, with the intent of minimizing the total number of items in each of the punch list phases. When a punch list item has been assigned to you, you will receive an email notification through Procore requiring your attention. It is recommended to use the link in the notification email for easiest access to the punch list item, but you will also see it listed in "My Open Items" on the home page.

How to resolve a Punch List item:  Resolve a Punch List Item

Back to Top



STELLAR NET

 **stellar** | **TAKING SOLUTIONS FURTHER°**

7. <u>Drawings</u>

The project drawings are available in the Drawing tool.  The drawing tool always defaults to the most current drawings, however all prior revisions are accessible.  It is **highly recommended** that each Subcontractor's Project Manager and Field Superintendent / Lead Foremen, "subscribe" to the Drawing Tool.  In doing so, you will be notified by email when new drawings are published and available.  In addition, using the Procore Drawing Tool, you can compare the changes between any revisions that have been issued to clearly see what has been changed on drawings.

How to subscribe to the Drawing Log:  <u>Subscribe to the Drawings Log</u>
How to view the drawings:  <u>View Drawings</u>
How to download drawings:  <u>Download Drawings</u>
How to compare revisions:  <u>Compare Drawing Revisions</u>

<u>Back to Top</u>

8. <u>Specifications</u>

The project specifications are available in the Specifications Tool.  The specifications tool always defaults to the most current specifications, however all prior revisions are accessible.  It is **highly recommended** that each Subcontractor's Project Manager and Field Superintendent / Lead Foremen, "subscribe" to the Specification Tool.  In doing so, you will be notified by email when new specifications are published and available.  You subscribe to the Specifications Tool in the same manner in which you subscribe to the Drawings Tool.

How to view the Specifications:  <u>View Specifications</u>

<u>Back to Top</u>

9. <u>Documents</u>

The Documents Tool is used to provide access to project level documents to all team members and as a place where documents can be transmitted between Stellar and the Subcontractor.  It is **recommended** that you **"Track"** these folders so that you are notified when new documents or versions of documents are uploaded.  This operates in the same fashion as the "Subscribe" feature on Drawings.  There are three documents folders that Subcontractors are to make use of:

- **04 Project Schedule.**  This folder is where the Project Schedule is stored and updated.
- **05 Safety.**  This folder is where general safety documentation will be stored for use by all team members.
- **06 Subcontractors – Vendors.**  This folder will contain a "sub-folder" for your company, which is a private folder.  This will be where documents for your specific companies use will be transmitted to you if the size of the documents is too large for email.  This is also where you can transmit documents to Stellar for the same reason.

The Documents Tool replaces the usage of other systems such as:  Drop Box, Sharepoint, FTP sites, etc.

How to download files:  <u>Download Files</u>
How to track files and folders:  <u>Track a Folder or File</u>





How to upload new files: Upload Files into a Folder
How to upload new versions of existing files: Upload a New Version of a File
How to view documents: View a Document

Back to Top

## How to Get Help:

Should you need help in any area or function of Procore, below are resources at your disposal:

- For Project related questions: Please contact your Stellar Project Manager.
- Procore Support Center website (note, you must log into Procore first): https://support.procore.com
- For Procore related questions:
  - Support Center Phone Number: 1 (866) 477-6267 (toll free)
  - Support Center email: support@procore.com
  - Live Chat: How do I use Procore's live chat support?

PLANNING | DESIGN | PRE-CONSTRUCTION | CONSTRUCTION | REFRIGERATION | MECHANICAL & UTILITY | BUILDING ENVELOPE | TOTAL OPERATIONS & MAINTENANCE          STELLAR.NET   © Stellar 2014

**SECTION 010000 - GENERAL REQUIREMENTS**

**PART 1 - TABLE OF CONTENTS**

A.   Definitions for Purposes of this Contract Document

B.   General

C.   Area Use Limits

D.   Temporary Services

E.   Drawings & Specifications

F.   Shop Drawings, Data & Samples

G.   Substitutions

H.   Tests

I.   Progress Meetings

J.   Performance & Payment Bonds

K.   Contractor's Control

L.   Permits & Regulations

M.   Change in the Work

N.   Taxes

O.   Signs & Advertising

P.   Cutting & Patching

Q.   Inspection

R.   Site Safety

S.   Food Safety

T.   Site Access and Security

U.   Schedule



## PART 2 - GENERAL REQUIREMENTS

**A.    DEFINITIONS FOR PURPOSES OF THIS CONTRACT DOCUMENT**

1.    **OWNER:**

Vital Pharmaceuticals, Inc.
1635 South 43rd Avenue
Phoenix, Arizona 85009

a.    The Owner is the person or organization identified above.

b.    The term Owner referred to throughout the Contract Documents means the Owner or his authorized representative.

2.    **ARCHITECT:**

Stellar Group, Incorporated
2900 Hartley Road
Jacksonville, Florida 32257

a.    The term Architect is the person or organization identified above.

b.    The term Architect referred to throughout the Contract Documents means Stellar Group, Inc., or their authorized representative.

3.    **ENGINEER:**

Civil, Structural, Mechanical, Plumbing and Electrical:

Stellar Group, Incorporated
2900 Hartley Road
Jacksonville, Florida 32257

a.    The Engineer is the organization(s) identified above.

b.    The term Engineer referred to throughout the Contract Documents means Stellar Group, Inc. or their authorized representative.

4.    **CONTRACTOR:**

Stellar Group, Incorporated
2900 Hartley Road
Jacksonville, Florida 32257

a.    The Contractor is the organization identified above.

b.    The term Contractor referred to throughout the Contract Documents means Stellar Group, Inc., or their authorized representative.



5. **SUBCONTRACTOR:**

   a. A Subcontractor is a person or organization who has a direct contract with the Contractor to perform any of the Work at the site.

   b. The term Subcontractor referred to throughout the Contract Documents means the Subcontractor or his authorized representative.

6. **VENDOR:**

   a. A vendor is a person or organization who has a direct contract with the Contractor or Subcontractor to Supply materials or equipment but not labor.

   b. The term Vendor referred to throughout the Contract Documents means the Vendor or his authorized representative.

7. **SHOP DRAWINGS & SAMPLES:**

   a. Shop Drawings are drawings, diagrams, illustrations, schedules performance charts, brochures and other data which are prepared by the Contractor or any Subcontractor or Vendor and which illustrate some portion of the Work.

   b. Samples are physical examples furnished by the Subcontractor or Vendor to illustrate material, equipment or workmanship, and to establish standards by which the Work will be judged.

   c. The submission of shop drawings and samples for review by the Contractor, Architect, or Engineer is henceforth referred to as a "Submittal".

8. **CONTRACT DOCUMENTS:**

   a. The Contract Documents forming the General Contract consist of the Purchase Order or Subcontract issued by the Contractor, the Drawings, the Specifications, and all Modifications, Documents, Terms and Conditions listed on the Purchase Order or Subcontract and associated exhibits.

9. **THE WORK:**

   a. The term Work includes all labor necessary and all materials and equipment incorporated or to be incorporated to produce the construction required by the Contract Documents.

10. **THE PROJECT:**

    a. The Project is the total construction designed by the Architect and Engineer of which the Work performed under the Contract Documents



may be the whole or a part.

11. NIC

a. The term NIC used throughout the Contract Documents means "not included in this Contract".

B. GENERAL

1. These General Requirements shall be considered as being part of each technical section of this specification and shall be adhered to in every respect. In case of conflict between these General Requirements and individual technical sections, the technical sections will take precedence.

2. For the convenience of reference and to facilitate the letting of contracts, the organization of these specifications into divisions and sections shall not control the division of work among Subcontractors or in establishing the extent of work to be performed by each trade. Each Subcontractor shall be responsible for the settlement of labor disputes within his contract to avoid delay in the performance of his work.

C. AREA USE LIMITS

1. The Subcontractors shall confine their tools, equipment, materials and the operations of his workmen to the limits indicated by law, ordinances, permits or directions of the Contractor and shall not unreasonably encumber the premises with said tools, equipment or materials.

2. The Subcontractors shall not load or permit any part of the structure to be loaded with a weight that will endanger its safety.

D. TEMPORARY SERVICES

1. Protection: Unless otherwise specified, the Contractor shall provide and maintain all temporary enclosures, coverings and protection of the building.

2. Water: The Contractor will provide a temporary water line from the nearest available source.

3. Telephone: The Contractor will maintain telephone for his own use. Each Subcontractor will furnish any telephone service for their own use.

4. Offices, Sheds, Toilets: The Contractor will provide a field office for his own use. Each Subcontractor will furnish all such facilities required for their own use. The Contractor will also provide suitable and adequate toilet facilities for all trades.

5. Electricity and Lights:

a. Electric installations for temporary light and power will be provided



by the Electrical Subcontractor in accordance with the electrical section of these specifications.

b.  Each Subcontractor requiring temporary light or power in his temporary buildings or elsewhere on the site outside of the building proper, shall make his own connections to the temporary service panelboard.

c.  All Subcontractors requiring service for portable hand tools or localized lighting in excess of the general lighting or power outlets provided by the Electrical Subcontractor shall obtain same at their own expense from the outlets provided.

d.  When permanent lighting and power has been placed in operation, temporary lights and power may be removed; however, at no time may any Subcontractor make connection to the permanent outlets for use of power tools.

e.  At times during construction, the total electrical power available may be insufficient for the wants of all Subcontractors. The Contractor, in such case, will allocate the power use among the various Subcontractors.

E.  DRAWINGS & SPECIFICATIONS

1.  All drawings and specifications will be furnished through either 1) Stellar's construction management software of choice or, 2) via electronic media. All Subcontractors and Vendors are responsible for printing of documents for their own use.

2.  The Subcontractor shall examine all drawings listed in either 1) Stellar's construction management software of choice or, 2) the drawing index before beginning the Work. Any doubt as to the meaning or scope of the Drawings and Specifications, or any other portion of the contract, may be clarified by submitting a request in writing for interpretation to the Contractor who will provide clarification. Absence of such request for clarification will imply a full understanding of the intent of the drawings and specifications.

3.  The Drawings and Specifications are complementary and are intended to include all work necessary to the thorough and satisfactory completion of the Project. Any work not indicated in the Drawings, nor mentioned in the Specifications, but obviously and reasonably necessary to the proper conclusion of the Work, shall be deemed a part of the Contract.

4.  The Drawings and Specifications may be updated during the course of the Project. It is the Subcontractor's responsibility to ensure that their work is performed according to the latest updated drawings. Whenever a Drawing/Specification revision is issued, a notification email will be sent to each Subcontractor / Vendor and either 1) the Drawing/Specification will be accessible through Stellar's construction management software of choice



(hyperlinked to the notification email) or, 2) a copy of the Drawing/Specification shall be posted to Stellar's construction management software platform for Subcontractor retrieval or 3) directly transmitted via electronic mail. Instructions for accessing Stellar's construction management software of choice, shall be known at time of project award.

F.    SUBMITTAL REQUIREMENTS

1.    The Subcontractor or Vendor shall provide the Contractor a complete Submittal with such promptness as to cause no delay in his work or in the work of any other Subcontractor, but in no case later than fourteen (14) calendar days after award of subcontract, service order, or purchase order. A complete Submittal includes all items required in the Contract Documents to complete the affected portion of the Work, including, but not limited to, product data, shop drawings, performance data, and test results. Submittals will be sent by one of the following methods:

a.    Preferred method:   Direct submission to Stellar's construction management software of choice.

b.    Alternate method:   Submission via electronic delivery either by Electronic mail sent to the Contractor's Project Manager.

c.    Samples, when submitted, can be physically delivered to Stellar's corporate headquarters as provided in Part 2-A.2 above.

2.    All returned Submittals will be sent via electronic mail or via Stellar's construction management software of choice (with notification email) should the documents be too large for email transmission.

3.    The Subcontractor shall examine each Submittal for compliance with the Contract Documents and shall indicate his approval thereupon that each Submittal does comply with the Contract Documents by stamp or in writing. Any deviations from the Contract Documents requirements must be noted at the time of submission.

4.    Submittals shall be specific so that compliance with the Contract Documents can be easily ascertained. Incorrect and/or incomplete Submittals will be rejected and the Subcontractor or Vendor will be required to resubmit prior to the start of the Work. Any Work begun or installed before approval of Submittal will be at the Subcontractor's own risk.

5.    By providing a Submittal, the Subcontractor thereby represents that he has determined and verified all field measurements, field construction criteria, materials, catalog numbers and similar data and that they have checked and coordinated the shop drawings, data or samples with the requirements of the Work and of the Contract Documents.

6.    The Contractor's / Architect's / Engineer's (C/A/E) review of Submittals shall not relieve the Subcontractor of the responsibility for any deviation from the



Contract Document Requirements unless they have explicitly Informed the C/A/E in writing of such deviation at the time of the submission and the C/A/E has given written approval to the specific deviation. The C/A/E approval shall not relieve the Subcontractor or Vendor from responsibility for errors or omissions in the submissions.

7. The Subcontractors or Vendors shall promptly make any corrections required by the C/A/E and shall resubmit the corrected submissions, within five (5) business days, unless otherwise noted. The Subcontractor or Vendor shall direct specific attention in writing, or on resubmitted shop drawings, to revisions other than the corrections required by the C/A/E on previous submissions.

8. The Subcontractors or Vendors shall indicate the following on all Submittals, in the following order:

    a.    Project number.

    b.    Project name.

    c.    Date of submission.

    d.    Submittal number.

    e.    Associated specification section(s).

    f.    Identification of each sheet submitted by number in tabular format.

    g.    Indication of full or partial Submittal.

    h.    Identification of equipment, system or materials using the same symbols as used on the schedules, drawings or applicable paragraphs or sections of the specifications.

    i.    Manufacturer's name.

    j.    Subcontractor's name.

9. The Subcontractors or Vendors shall furnish for approval all samples requested by the C/A/E. The Work shall be in accordance with approved samples. If a sample is requested, it shall be the responsibility of the Subcontractor or Vendor to have the sample delivered to the C/A/E or to arrange for the C/A/E to examine it elsewhere. Failure to comply may be cause for rejection of the item.

G. **SUBSTITUTIONS**

1. Proposed substitutions, or changes in products, materials, equipment, and construction from those provided in the Contract Documents, shall be requested in writing. The proposal shall contain not less than the following:



      a.    Complete Submittal information including, product data, graphic information, performance data, test results, and warranty information.

      b.    Narrative comparing proposed substitution with specified components.

      c.    Comparison of cost between proposed substitution and specified components.

      d.    Comparison of lead time between proposed substitution and specified components.

2.    If requested by the C/A/E, the Subcontractor shall also submit samples of both the specified materials, apparatus or appliance and the substitute. Should the substitute fail to conform to the requirements of the Contract Documents as determined by the C/A/E, the Subcontractor shall install the specific make of material, apparatus or appliance specified in the Contract Documents.

3.    Acceptance of substitution must be resolved prior to purchasing the products, materials, equipment, etc.

**H.    TESTS**

1.    If the Contract Documents, laws, ordinances, rules, regulations or orders of any public authority having jurisdiction require any Work to be inspected, tested or approved by the C/A/E, the Subcontractor shall give the C/A/E timely notice of its readiness and of the date arranged so the C/A/E may observe such inspection, testing or approval. The Subcontractor shall bear all cost of such inspections, tests and approvals. This paragraph does not apply to soils and concrete testing, which will be arranged and paid by the Contractor.

2.    Subcontractors, Vendors, etc., shall provide that all material required to be provided by their subcontract or purchase order shall not be hazardous, or contain hazardous components, as defined by the environmental authorities having jurisdiction. If required by the C/A/E, appropriate documentation substantiating this requirement shall be submitted.

**I.    PROGRESS MEETINGS**

1.    The Contractor will hold weekly progress meetings at the site. The time and occurrence will be established by the Contractor. Representatives of all Subcontractors working at the site, or scheduled to be working at the site will be required to attend. All representatives attending these meetings must have full authority to make decisions and commitments which will be binding upon his company in regard to scope of Work, schedules, manpower, or any other factors affecting the completion of his work.



2. A Construction Coordination or project kick-off meeting will be held a few weeks after the start of construction. This meeting is mandatory for all subcontractors. The time and date of this meeting will be determined by the Contractor.

J. **PERFORMANCE & PAYMENT BONDS**

1. The Contractor shall have the right, prior to the signing of any Contract, to require any Subcontractor to furnish bond for performance of Contract and payment of all obligations arising thereunder. If such bond is required prior to submission of bids, it shall be paid by the Subcontractor; if subsequent thereto, it shall be paid for by the Owner or the Contractor, whichever requires the bond, and shall be considered an additional cost of the Work.

K. **CONTRACTOR'S CONTROL**

1. The Contractor reserves the rights to prohibit the use of any men, tools, supplies, materials or pieces of equipment which, in his opinion, will not produce work meeting the requirements of the Contract Documents. The Subcontractors shall be entitled to no extra compensation because of any such prohibitions or changes resulting therefrom.

2. Each Subcontractor shall maintain adequate and consistent supervision of the work during its prosecution, all being satisfactory to the Contractor. Supervision of the work shall include a full time Superintendent and all assistants, as required. The superintendent shall not be changed (except with the consent of the Contractor) unless the superintendent proves to be unsatisfactory to the Subcontractor and ceases to be in his employ. The superintendent shall represent the Subcontractor in his absence and all directions given to him shall be as binding as if given to the Subcontractor.

L. **PERMITS & REGULATIONS**

1. The Subcontractor is not responsible for the obtaining or paying of the building permit.

2. Each Subcontractor shall give notices and pay all fees necessary or proper to be given or paid in connection with the performance of his contract and shall obtain and pay for all permits, licenses (except permanent easements) and all inspections and certificates of inspection required or made by any authority having jurisdiction over all or any part of his work. In the performance of the contract, the Subcontractor shall comply with all applicable Federal, State and Local Ordinances, Rules and Regulations, and all other codes and requirements having jurisdiction over such work. Any work performed or materials or equipment furnished which do not conform to the requirements of said laws, ordinances, rules and regulations shall be changed to conform thereto by the Subcontractor at his sole expense.

3. Before the final payment is made by the Contractor, the Subcontractor shall deliver to the Contractor copies of all licenses, permits and certificates of




inspection, instruction manuals and guarantees as may be required.

4. Abbreviations and Acroynms: Code Agencies, Government Agencies and Industry Organizations: Where abbreviations and acronyms are used in Specifications and other Contract Documents, they shall mean the recognized name of the entities in the following list. This information is subject to change.

AAMA – American Architectural Manufacturers Association.
AASHTO – American Association of State Highway and Transportation Officials.
ACI – American Concrete Institute.
AEIC – Association of Edison Illuminating Companies, Inc.
AHRI – Air-Conditioning, Heating, and Refrigeration Institute (The).
AIA – American Institute of Architects.
AISC – American Institute of Steel Construction.
ANSI – American National Standards Institute.
ARI – American Refrigeration Institute; (See AHRI).
ASCE/SEI – American Society of Civil Engineers.
ASHRAE – American Society of Heating Refrigeration and Air-Conditioning Engineers.
ASME – ASME International (American Society of Mechanical Engineers).
ASTM – ASTM International.
AWWA – American Water Works Association.
AWI – Architectural Woodwork Institute.
AWS – American Welding Society.
BHMA – Builders Hardware Manufacturers Association.
BICSI – BICSI, Inc.
CRSI – Concrete Reinforcing Steel Institute.
DASMA – Door and Access Systems Manufacturers Association.
EPA – Environmental Protection Agency.
FM – FM Global.
IAS – International Accreditation Service.
ICC – International Code Council.
ICC-ES – ICC Evaluation Service, LLC.
ICEA – International Cable Engineers Association, Inc.
IEC – International Electrotechnical Commission.
IEEE – Institute of Electrical and Electronics Engineers, Inc. (The).
IES – Illuminating Engineering Society.
LPI – Lightning Protection Institute.
MFMA – Metal Framing Manufacturers Association, Inc.
MHIA – Material Handling Industry of America.
MSS – Manufacturers Standardization Society of The Valve and Fittings Industry, Inc.
NAAMM – National Association of Architectural Metal Manufacturers.
NECA – National Electrical Contractors Association.
NEMA – National Electrical Manufacturers Association.
NETA – InterNational Electrical Testing Association.
NFPA – National Fire Protection Association.
NRCA – National Roofing Contractors Association.
NSF – NSF International.
OSHA – Occupational Safety and Health Administration.
PCI – Precast/Prestressed Concrete Institute.
RCSC – Research Council on Structural Connections.



SCTE – Society of Cable Telecommunications Engineers.
SDI – Steel Deck Institute.
SDI – Steel Door Institute.
SJI – Steel Joist Institute.
SMACNA – Sheet Metal and Air-Conditioning Contractors' National Association.
SPRI – Single Ply Roofing Industry.
SSPC – SSPC: The Society for Protective Coatings.
TCA – Tilt-Up Concrete Association.
TIA – Telecommunications Industry Association (The).
TCNA – Tile Council of North America.
TMS – The Masonry Society.
UL – Underwriters Laboratories, Inc.
USDA – United States Department of Agriculture.

M.    CHANGE IN THE WORK

1.    The C/A/E reserve the right to require alterations in, additions to, or omissions from the work called for by this contract, and should any such alterations, additions or omissions be required, the same shall not make this contract void nor in any way affect the same, except that appropriate additions to or deductions from the contract price shall be made; provided, however, that unless otherwise provided in the contract documents, the Subcontractor shall not be entitled to any compensation for extra work unless orders therefore are given in writing duly executed by the Contractor and the amount of compensation for such extra work specified in such written orders.

2.    No such change or alteration or modification of this Contract or of the Work called for hereunder shall release or exonerate any surety or sureties, if required, on any bond given to secure the performance of this contract or any party thereof and/or to insure to the benefit of any and all persons performing labor upon or furnishing materials used or to be used on said Work.

3.    All changes in the work shall be addressed in accordance with the Terms and Conditions of the Contract Documents.

N.    TAXES

1.    The Subcontractor or Vendor agrees and states that the amount of all taxes now required or which may be required, including sales taxes, incident to performance of the contract, will be paid by the Subcontractor or Vendor. Subcontractor or Vendor acknowledges that should the Owner produce documentation supporting a tax exemption status of the project for which this scope of work includes, that these sales taxes may be eliminated from the contract.

O.    SIGNS & ADVERTISING

1.    The Subcontractor shall enforce the Contractor's instructions regarding signs, advertisements, fires and smoking. No advertising signs or name labels of any description shall be placed on or near the premises without



the Contractor's written consent thereto.

**P.    CUTTING & PATCHING**

1.    The Subcontractor shall do all cutting, fitting or patching of his work that may be required to make its several parts come together properly and fit it to receive or be received by work of other Subcontractors shown upon or reasonably implied by the drawings and specifications for the completed structure and shall do all that is necessary to accomplish the joining of said several parts in a neat and workmanlike manner to satisfaction of the C/A/E. Openings shall be done in such a manner as not to impair the appearance or structural integrity of the structure, including the deck and all load bearing walls or foundations and only with the approval of the C/A/E. Any reinforcement or other work shall be furnished and installed by the Subcontractor cutting the opening.  Escutcheons shall be installed by the subcontractor as applicable.

**Q.    INSPECTION**

1.    All materials and equipment are subject to periodic inspection by the C/A/E while the work is in progress, but approval of the work shall not release the warranty. The C/A/E failure to inspect the fabrication or installation of material or equipment shall not constitute a waiver by the C/A/E of the right to reject the material or equipment for defective workmanship or material.

**R.    SITE SAFETY**

1.    Weekly safety meetings will be conducted by the Contractor. All subcontractors must ensure that a representative is in attendance of every meeting.

2.    Each subcontractor shall be responsible for all hazards for which they create, in accordance with Owner, Stellar, OSHA, and local requirements.

3.    Any Subcontractor performing work on the roof will be required to provide protection of the roof membrane (plywood, carpet, blankets, etc.). If the Subcontractor does not provide the necessary protection, then the Contractor will, and any costs incurred will be deducted from the Subcontractor's contract.

4.    Fire Safety is of the utmost concern.  It is the responsibility of each Subcontractor to provide a Fire Watch, Blankets, and Fire Extinguisher at every welding or acetylene cutting location. This requirement will be strictly enforced. Failure to comply will result in immediate dismissal from the site.

**S.    FOOD SAFETY (When applicable)**

1.    Subcontractor shall adhere to all food safety rules as described by the Owner's and Contractor's Food Safety Literature, as applicable. Employees will wear hairnets, smocks, beard nets, hard hats, eye protection, hearing



protection and all other required clothing accessories when working in areas of the existing plant. Food, beverages, tobacco products, chewing gum, and related shall not be permitted inside the existing plant at any time. Coordinate with Contractor's Superintendent for rules and requirements of the Owner's plant prior to employees arriving on the jobsite.

2. Subcontractor personnel shall not enter areas of the plant that are in operation unless required by the scope of work. When necessary, pre-approval from the Contractor and Owner must be obtained.

T. SITE ACCESS AND SECURITY

1. All access to and from site shall be limited to designated locations and in accordance with the Owner's rules and regulations which will be provided prior to mobilization by this subcontractor.

2. All subcontractors are responsible for maintaining clean roadways on a daily basis.

U. SCHEDULE

1. The Project Schedule may be modified or updated from time to time to reflect actual progress or changed conditions. Such modifications shall not be considered as grounds for increases in the Subcontractor's Contract Amount.

2. Subcontractor shall submit a schedule of his work, showing the order, sequence, and anticipated duration of the various activities and including equipment and material procurement. Subcontractor shall periodically update this schedule to reflect actual progress and any revisions, which may have been made, and shall submit this revised schedule to the Contractor.

3. Subcontractor shall immediately inform Contractor of any changes or problems regarding equipment or material deliveries or any other situation, which might impact scheduled performance, for which they are responsible.

(END OF SECTION 010000)



Printed on Tue Oct 27, 2020 at 09:55 am PDT

Job #: 23006976 Bang Energy - Phoenix Can Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009

**stellar**

Stellar

## Current Set

| Drawing Number | Drawing Title | Revision | Drawing Date | Approved Date |
|---|---|---|---|---|
| S0001 | STRUCTURAL GENERAL NOTES & INSPECTION SCHEDULE | B | 10/23/2020 | 05 (10/23/20) |
| S0002 | STRUCTURAL TYPICAL CONCRETE DETAILS | B | 10/23/2020 | 05 (10/23/20) |
| S1000 | OVERALL FOUNDATION & SLAB PLAN | B | 10/23/2020 | 05 (10/23/20) |
| S1010 | PARTIAL FOUNDATION PLAN (UNIT 1) | B | 10/23/2020 | 05 (10/23/20) |
| S1020 | PARTIAL FOUNDATION PLAN (UNIT 2) | B | 10/23/2020 | 05 (10/23/20) |
| S1021 | ENLARGED FOUNDATION & SLAB PLANS (UNIT 2) | B | 10/23/2020 | 05 (10/23/20) |
| S1022 | ENLARGED FOUNDATION & SLAB PLANS (UNIT 2 CONT.) | B | 10/23/2020 | 05 (10/23/20) |
| S1030 | PARTIAL FOUNDATION PLAN (UNIT 3) | B | 10/23/2020 | 05 (10/23/20) |
| S1031 | ENLARGED FOUNDATION & SLAB PLANS (UNIT 3) & DOCK | B | 10/23/2020 | 05 (10/23/20) |
| S1040 | PARTIAL FOUNDATION PLAN (UNIT 4) | B | 10/23/2020 | 05 (10/23/20) |
| S1200A | OVERALL PLATFORM FRAMING PLAN (LOWER LEVELS) | A | 10/23/2020 | 05 (10/23/20) |
| S1200B | OVERALL PLATFORM FRAMING PLAN (UPPER LEVELS) | A | 10/23/2020 | 05 (10/23/20) |
| S1210 | PARTIAL PLATFORM FRAMING PLAN (UNIT 1) | A | 10/23/2020 | 05 (10/23/20) |
| S1220 | PARTIAL PLATFORM FRAMING PLAN (UNIT 2) | A | 10/23/2020 | 05 (10/23/20) |
| S1230 | PARTIAL PLATFORM FRAMING PLAN (UNIT 3) | A | 10/23/2020 | 05 (10/23/20) |
| S1240 | PARTIAL PLATFORM FRAMING PLAN (UNIT 4) | A | 10/23/2020 | 05 (10/23/20) |
| S1300 | COOLING TOWER FRAMING PLAN & STRUCTURAL FRAMING DETAILS | A | 10/23/2020 | 05 (10/23/20) |
| S5001 | STRUCTURAL FOUNDATION DETAILS | B | 10/23/2020 | 05 (10/23/20) |
| S5002 | STRUCTURAL FOUNDATION DETAILS | B | 10/23/2020 | 05 (10/23/20) |
| S5003 | STRUCTURAL FOUNDATION DETAILS | B | 10/23/2020 | 05 (10/23/20) |
| A1100 | OVERALL FIRST FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1110 | UNIT 1 PARTIAL FIRST FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1120 | UNIT 2 PARTIAL FIRST FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1130 | UNIT 3 PARTIAL FIRST FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1140 | UNIT 4 PARTIAL FIRST FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1200 | OVERALL LOWER EQUIPMENT PLATFORM & MEZZANINE PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1201 | ENLARGED LOWER EQUIPMENT PLATFORM | A | 10/23/2020 | 05 (10/23/20) |
| A1300 | OVERALL UPPER EQUIPMENT PLATFORM PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1310 | UNIT 1 PARTIAL UPPER EQUIPMENT PLATFORM PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1320 | UNIT 2 PARTIAL UPPER EQUIPMENT PLATFORM PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1330 | UNIT 3 PARTIAL UPPER EQUIPMENT PLATFORM PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1340 | UNIT 4 UPPER EQUIPMENT PLATFORM PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A1400 | OVERALL ROOF PLAN | A | 10/23/2020 | 05 (10/23/20) |
| A2100 | OVERALL FIRST FLOOR REFLECTED CEILING PLAN | A | 10/23/2020 | 05 (10/23/20) |


Stellar

Printed on Tue Oct 27, 2020 at 09:55 am PDT

Job #: 23006976 Bang Bang Energy - Phoenix Can Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009

| Drawing No | Drawing Title | Revision | Drawing Date | Projected Date | Set |
|---|---|---|---|---|---|
| A2110 | UNIT 1 PARTIAL FIRST FLOOR REFLECTED CEILING PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A2120 | UNIT 2 PARTIAL FIRST FLOOR REFLECTED CEILING PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A2130 | UNIT 3 PARTIAL FIRST FLOOR REFLECTED CEILING PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A2140 | UNIT 4 PARTIAL FIRST FLOOR REFLECTED CEILING PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A3101 | EXTERIOR ELEVATIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A3102 | EXTERIOR ELEVATIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A3201 | BUILDING SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A3202 | BUILDING SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A3311 | WALL SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A3312 | WALL SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4001 | ENLARGED RESTROOM PLANS AND INTERIOR ELEVATIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4002 | ENLARGED PLANS AND INTERIOR ELEVATIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4003 | INTERIOR ELEVATIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4101 | UNIT 1 EXTERIOR STAIR PLANS AND SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4102 | UNIT 2 STAIR PLANS AND SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4104 | UNIT 4 PRODUCTION MEZZANINE STAIR PLANS AND SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4201 | UNIT 1 RAMP/STAIR PLAN AND SECTIONS | A | 10/23/2020 | 05 (10/23/20) | |
| A4501 | HAZARDOUS MATERIAL STORAGES | A | 10/23/2020 | 05 (10/23/20) | |
| A5001 | EXTERIOR OPENING DETAILS | A | 10/23/2020 | 05 (10/23/20) | |
| A5002 | INTERIOR OPENING DETAILS | A | 10/23/2020 | 05 (10/23/20) | |
| A5003 | INSULATED METAL PANEL DETAILS | A | 10/23/2020 | 05 (10/23/20) | |
| A6001 | DOOR, WINDOW & ROOM FINISH SCHEDULE | A | 10/23/2020 | 05 (10/23/20) | |
| A7001 | FLOOR FINISH PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A7100 | OVERALL SLAB PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A7110 | UNIT 1 PARTIAL SLAB PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A7120 | UNIT 2 PARTIAL SLAB PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A7130 | UNIT 3 PARTIAL SLAB PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A7140 | UNIT 4 PARTIAL SLAB PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| A7901 | BOLLARD, GUARD & CURB DETAILS | A | 10/23/2020 | 05 (10/23/20) | |
| AD1100 | OVERALL DEMOLITION FLOOR PLAN | C | 10/16/2020 | 04 (10/16/20) | |
| AD1110 | UNIT 1 PARTIAL DEMOLITION FLOOR PLAN | C | 10/16/2020 | 04 (10/16/20) | |
| AD1120 | UNIT 2 PARTIAL DEMOLITION FLOOR PLAN | C | 10/16/2020 | 04 (10/16/20) | |
| AD1130 | UNIT 3 PARTIAL DEMOLITION FLOOR PLAN | B | 10/09/2020 | 03 (10/09/20) | |
| AD1140 | UNIT 4 PARTIAL DEMOLITION FLOOR PLAN | C | 10/16/2020 | 04 (10/16/20) | |
| P0001 | PLUMBING LEGEND, NOTES & SCHEDULES | B | 10/23/2020 | 05 (10/23/20) | |
| P1100 | OVERALL FIRST FLOOR PLUMBING PLAN | B | 10/23/2020 | 05 (10/23/20) | |
| P1110 | UNIT 1 PARTIAL PLAN - PLUMBING | B | 10/23/2020 | 05 (10/23/20) | |
| P1120 | UNIT 2 PARTIAL PLAN - PLUMBING | B | 10/23/2020 | 05 (10/23/20) | |

Page 2 of 5

Printed on Tue Oct 27, 2020 at 09:55 am PDT

Job #: 23006976 Bang Energy - Phoenix Can Manufacturing,
1635 South 43rd Avenue
Phoenix, Arizona 85009

**Stellar**
Stellar

| Drawing No. | Drawing Title | Revision | Designated Date | Required Date |
|---|---|---|---|---|
| P130 | UNIT 3 PARTIAL PLAN - PLUMBING | B | 10/23/2020 | 05 (10/23/20) |
| P140 | UNIT 4 PARTIAL PLAN - PLUMBING | B | 10/23/2020 | 05 (10/23/20) |
| P401 | ENLARGED PLUMBING PLANS | B | 10/23/2020 | 05 (10/23/20) |
| P402 | ENLARGED PLUMBING PLANS | B | 10/23/2020 | 05 (10/23/20) |
| P701 | PLUMBING RISER DIAGRAMS | B | 10/23/2020 | 05 (10/23/20) |
| **Electrical** | | | | |
| E0001 | ELECTRICAL LEGEND, LUMINAIRE SCHEDULE & GENERAL NOTES | B | 10/23/2020 | 05 (10/23/20) |
| E0003 | ELECTRICAL ENVIRONMENTS PLAN | B | 10/23/2020 | 05 (10/23/20) |
| E3100 | ELECTRICAL LIGHTING - 1ST LEVEL PLATFORM | B | 10/23/2020 | 05 (10/23/20) |
| E3110 | FLOOR PLAN - UNIT 1 - LIGHTING | B | 10/23/2020 | 05 (10/23/20) |
| E3120 | FLOOR PLAN - UNIT 2 - LIGHTING | B | 10/23/2020 | 05 (10/23/20) |
| E3130 | FLOOR PLAN - UNIT 3 - LIGHTING | B | 10/23/2020 | 05 (10/23/20) |
| E3140 | FLOOR PLAN - UNIT 4 - LIGHTING | B | 10/23/2020 | 05 (10/23/20) |
| E3150 | FLOOR PLAN - UNIT 5 - LIGHTING | B | 10/23/2020 | 05 (10/23/20) |
| E3160 | FLOOR PLAN - UNIT 6 - LIGHTING | B | 10/23/2020 | 05 (10/23/20) |
| E3200 | ELECTRICAL LIGHTING - 2ND LEVEL PLATFORM | B | 10/23/2020 | 05 (10/23/20) |
| E2110 | FLOOR PLAN - UNIT - POWER | B | 10/23/2020 | 05 (10/23/20) |
| E2120 | FLOOR PLAN - UNIT 2-POWER | B | 10/23/2020 | 05 (10/23/20) |
| E2130 | FLOOR PLAN - UNIT 3 - POWER | B | 10/23/2020 | 05 (10/23/20) |
| E2140 | FLOOR PLAN - UNIT 4 - POWER | B | 10/23/2020 | 05 (10/23/20) |
| E2150 | FLOOR PLAN - UNIT 5 - POWER | B | 10/23/2020 | 05 (10/23/20) |
| E2160 | FLOOR PLAN - UNIT 6 - POWER | B | 10/23/2020 | 05 (10/23/20) |
| E2200 | ELECTRICAL POWER - 2ND LEVEL PLATFORM | B | 10/23/2020 | 05 (10/23/20) |
| E2300 | ELECTRICAL POWER - 3RD PLATFORM LEVEL | B | 10/23/2020 | 05 (10/23/20) |
| E2400 | ELECTRICAL PARTIAL ROOF PLAN | A | 10/23/2020 | 05 (10/23/20) |
| E5001 | ELECTRICAL DETAILS | A | 10/23/2020 | 05 (10/23/20) |
| E6100 | MSB-1 AND MSB-2 ELECTRICAL SINGLE LINE DIAGRAM | B | 10/23/2020 | 05 (10/23/20) |
| E6300 | MSB-3 AND MSB-4 ELECTRICAL SINGLE LINE DIAGRAM | B | 10/23/2020 | 05 (10/23/20) |
| E6201 | PANEL SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| E6202 | PANEL SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| ED1001 | ELECTRICAL DEMOLITION PLAN | B | 10/23/2020 | 05 (10/23/20) |
| **General** | | | | |
| G0000 | COVER SHEET | A | 10/23/2020 | 05 (10/23/20) |
| G0001 | BUILDING CODE ANALYSIS | A | 10/23/2020 | 05 (10/23/20) |
| G1001 | FIRST FLOOR LIFE SAFETY PLAN | A | 10/23/2020 | 05 (10/23/20) |
| G3001 | ACCESSIBLE DETAILS | A | 10/23/2020 | 05 (10/23/20) |
| G3002 | ACCESSIBLE DETAILS | A | 10/23/2020 | 05 (10/23/20) |
| G5001 | WALL TYPES | A | 10/23/2020 | 05 (10/23/20) |

Printed on Tue Oct 27, 2020 at 09:55 am PDT

Job #: 23006976 Bang Bang Energy - Phoenix Can Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009



Stellar

| Drawing Number | Drawing Title | Revision | Drawing Date | Received Date |
|---|---|---|---|---|
| M0001 | MECHANICAL LEGEND, NOTES & SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| M0002 | MECHANICAL SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| M0003 | MECHANICAL SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| M0004 | MECHANICAL SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| M1100 | MECHANICAL OVERALL FIRST FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| M1110 | MECHANICAL PARTIAL FIRST FLOOR PLAN UNIT 1 | A | 10/23/2020 | 05 (10/23/20) |
| M1120 | MECHANICAL PARTIAL FIRST FLOOR PLAN UNIT 2 | A | 10/23/2020 | 05 (10/23/20) |
| M1130 | MECHANICAL PARTIAL FIRST FLOOR PLAN UNIT 3 | A | 10/23/2020 | 05 (10/23/20) |
| M1140 | MECHANICAL PARTIAL FIRST FLOOR PLAN UNIT 4 | A | 10/23/2020 | 05 (10/23/20) |
| M1400 | MECHANICAL OVERALL ROOF PLAN | A | 10/23/2020 | 05 (10/23/20) |
| M4001 | ENLARGED MECHANICAL VIEW | A | 10/23/2020 | 05 (10/23/20) |
| M5001 | MECHANICAL DETAILS | A | 10/23/2020 | 05 (10/23/20) |
| M5002 | MECHANICAL DETAILS | A | 10/23/2020 | 05 (10/23/20) |
| M5003 | MECHANICAL DETAILS | A | 10/23/2020 | 05 (10/23/20) |
| M9001 | HVAC CONTROLS | A | 10/23/2020 | 05 (10/23/20) |
| MD1100 | MECHANICAL OVERALL FIRST FLOOR RELOCATION PLAN | A | 10/23/2020 | 05 (10/23/20) |
| MD1400 | MECHANICAL OVERALL ROOFTOP RELOCATION PLAN | A | 10/23/2020 | 05 (10/23/20) |
| **Utility** | | | | |
| U0001 | UTILITY LEGEND, GENERAL NOTES & SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| U0002 | UTILITY SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| U0003 | UTILITY SCHEDULES | A | 10/23/2020 | 05 (10/23/20) |
| U1100 | OVERALL UTILITY FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| U1110 | UNIT-1 UTILITY FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| U1111 | ENLARGED SECTOR PLAN UNIT -1 (S1) | A | 10/23/2020 | 05 (10/23/20) |
| U1112 | ENLARGED SECTOR PLAN UNIT -1 (S2) | A | 10/23/2020 | 05 (10/23/20) |
| U1114 | ENLARGED SECTOR PLAN UNIT -1 (S4) | A | 10/23/2020 | 05 (10/23/20) |
| U1120 | UNIT-2 UTILITY FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| U1121 | ENLARGED SECTOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| U1122 | ENLARGED SECTOR PLAN UNIT -2(S2) | A | 10/23/2020 | 05 (10/23/20) |
| U1123 | ENLARGED SECTOR PLAN UNIT -2(S3) | A | 10/23/2020 | 05 (10/23/20) |
| U1124 | ENLARGED SECTOR PLAN UNIT -2(S4) | A | 10/23/2020 | 05 (10/23/20) |
| U1130 | UNIT-3 UTILITY FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| U1132 | ENLARGED SECTOR PLAN UNIT -3 (S2) | A | 10/23/2020 | 05 (10/23/20) |
| U1133 | ENLARGED SECTOR PLAN UNIT 3 (S3) | A | 10/23/2020 | 05 (10/23/20) |
| U1140 | UNIT-4 UTILITY FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) |
| U1141 | ENLARGED SECTOR PLAN UNIT -4 (S1) | A | 10/23/2020 | 05 (10/23/20) |
| U1142 | ENLARGED SECTOR PLAN UNIT -4 (S2) | A | 10/23/2020 | 05 (10/23/20) |
| U1143 | ENLARGED SECTOR PLAN UNIT -4 (S3) | A | 10/23/2020 | 05 (10/23/20) |
| U1144 | ENLARGED SECTOR PLAN UNIT -4 (S4) | A | 10/23/2020 | 05 (10/23/20) |

**stellar**

Stellar

| Drawing # | Drawing Title | Revision | Drawing Date | Issued / Date | Set |
|---|---|---|---|---|---|
| U1400 | OVERALL ROOF UTILITY FLOOR PLAN | A | 10/23/2020 | 05 (10/23/20) | |
| U6001 | UTILITY CHILLED WATER SYSTEM DIAGRAM | A | 10/23/2020 | 05 (10/23/20) | |
| U6002 | UTILITY COOLING WATER SCHEMATIC | A | 10/23/2020 | 05 (10/23/20) | |

**Stellar**

## Current Specifications

| Number | Description | Required? | Required Date | Received Date | Set |
|---|---|---|---|---|---|
| **03 - Concrete** | | | | | |
| 033000 | Cast-In-Place Concrete | 1 | 11/11/20 | | 02 |
| **04 - Masonry** | | | | | |
| 042200 | Concrete Unit Masonry | 1 | 11/11/20 | | 02 |
| **05 - Steel** | | | | | |
| 051200 | Structural Steel Framing | 1 | 11/11/20 | | 02 |
| 052100 | Steel Joist Framing | 0 | 11/11/20 | | None |
| 054000 | Cold-formed Metal Framing | 1 | 11/11/20 | | 02 |
| 055000 | Metal Fabrications | 1 | 11/11/20 | | 02 |
| 055116 | Metal Floor Plate Stairs | 1 | 11/11/20 | | 02 |
| 055119 | Metal Grating Stairs | 1 | 11/11/20 | | 02 |
| 055213 | Pipe and Tube Railings | 1 | 11/11/20 | | 02 |
| **06 - Wood, Plastics, and Composites** | | | | | |
| 061053 | Miscellaneous Rough Carpentry | 1 | 11/11/20 | | 02 |
| 064116 | Plastic-Laminate-Faced Architectural Cabinets | 1 | 11/11/20 | | 02 |
| **07 - Thermal and Moisture Protection** | | | | | |
| 072100 | Thermal Insulation | 1 | 11/11/20 | | 02 |
| 074213.01 | Insulated Metal Panels (IMP) | 1 | 11/11/20 | | 02 |
| 075423 | Thermoplastic Polyolefin (TPO) Roofing | 1 | 11/11/20 | | 02 |
| 076200 | Sheet Metal Flashing and Trim | 1 | 11/11/20 | | 02 |
| 078413 | Penetration Firestopping | 1 | 11/11/20 | | 02 |
| 078443 | Joint Firestopping | 1 | 11/11/20 | | 02 |
| 079200 | Joint Sealants | 1 | 11/11/20 | | 02 |
| **08 - Openings** | | | | | |
| 081113 | Hollow Metal Doors and Frames | 1 | 11/11/20 | | 02 |
| 081416 | Flush Wood Doors | 1 | 11/11/20 | | 02 |
| 083323 | Overhead Coiling Doors | 1 | 11/11/20 | | 02 |
| 083400 | Special Function Doors | 0 | | | None |
| 083413.01 | High Performance Industrial Doors | 1 | 11/11/20 | | 02 |
| 084113 | Aluminum-Framed Entrances and Storefronts | 1 | 11/11/20 | | 02 |
| 088000 | Glazing | 1 | 11/11/20 | | 02 |
| 088300 | Mirrors | 1 | 11/11/20 | | 02 |
| **09 - Finishes** | | | | | |
| 092216 | Non-Structural Metal Framing | 1 | 11/11/20 | | 02 |
| 092900 | Gypsum Board | 1 | 11/11/20 | | 02 |

Printed on Thu Nov 19, 2020 at 07:31 am PST

Job #: 23006976 Bang Energy - Phoenix Can Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009

**Stellar**

| Number | Description | Required | Issued Date | Required Date | Set |
|---|---|---|---|---|---|
| 093013 | Ceramic Tiling | 2 | 11/1/20 | | 02 |
| 095113 | Acoustical Panel Ceilings | 3 | 11/1/20 | | 02 |
| 096513 | Resilient Base and Accessories | 3 | 11/1/20 | | 02 |
| 096723 | Resinous Flooring | 3 | 11/1/20 | | 02 |
| 096813 | Tile Carpeting | 2 | 11/1/20 | | 02 |
| 099113 | Exterior Painting | 3 | 11/1/20 | | 02 |
| 099123 | Interior Painting | 3 | 11/1/20 | | 02 |
| **10 - Specialties** | | | | | |
| 101423.13 | Room-Identification Signage | 2 | 11/1/20 | | 02 |
| 102113.19 | Plastic Toilet Compartments | 3 | 11/1/20 | | 02 |
| 102800 | Toilet Accessories | 3 | 11/1/20 | | 02 |
| 104413 | Fire Protection Cabinets | 3 | 11/1/20 | | 02 |
| 104416 | Fire Extinguishers | 2 | 11/1/20 | | 02 |
| 105113 | Metal Lockers | 2 | 11/1/20 | | 02 |
| **11 - Equipment** | | | | | |
| 113126 | Loading Dock Seals and Shelters | 2 | 11/1/20 | | 02 |
| 113319 | Stationary Loading Dock Equipment | 1 | 11/1/20 | | 02 |
| **12 - Furnishings** | | | | | |
| 123553.13 | Metal Laboratory Casework | 2 | 11/1/20 | | 02 |
| 123661.16 | Solid Surfacing Countertops | 1 | 11/1/20 | | 02 |
| **22 - Plumbing** | | | | | |
| 220513 | Common Motor Requirements for Plumbing and Utility Equipment | 2 | 11/1/20 | | 02 |
| 220516 | Expansion Fittings and Loops for Plumbing and Utility Piping | 3 | 11/1/20 | | 02 |
| 220517 | Sleeves and Sleeve Seals for Plumbing and Utility Piping | 3 | 11/1/20 | | 02 |
| 220518 | Escutcheons for Plumbing and Utility Piping | 1 | 11/1/20 | | 02 |
| 220519 | Meters and Gages for Plumbing and Utility Piping | 2 | 11/1/20 | | 02 |
| 220523.12 | Ball Valves for Plumbing and Utility Piping | 2 | 11/1/20 | | 02 |
| 220523.13 | Butterfly Valves for Plumbing and Utility Piping | 3 | 11/1/20 | | 02 |
| 220523.14 | Check Valves for Plumbing and Utility Piping | 3 | 11/1/20 | | 02 |
| 220523.15 | Gate Valves for Plumbing and Utility Piping | 3 | 11/1/20 | | 02 |
| 220529 | Hangers and Supports for Plumbing and Utility Piping and Equipment | 2 | 11/1/20 | | 02 |
| 220548 | Vibration and Seismic Controls for Plumbing and Utility Piping and Equipment | 1 | 11/1/20 | | 02 |
| 220548.13 | Vibration Controls for Plumbing and Utility Piping and Equipment | 2 | 11/1/20 | | 02 |
| 220553 | Identification for Plumbing Piping and Utility and Equipment | 3 | 11/1/20 | | 02 |
| 220716 | Plumbing and Utility Equipment Insulation | 1 | 11/1/20 | | 02 |
| 220719 | Plumbing and Utility Piping Insulation | 1 | 11/1/20 | | 02 |
| 220800 | Commissioning of Utility & Plumbing | 0 | | | None |
| 221116 | Domestic Water Piping | 1 | 11/1/20 | | 02 |

Printed on Thu Nov 19, 2020 at 07:31 am PST

Job #: 23006976 Bang Energy - Phoenix Can Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009

Stellar

| Number | Description | Required | Required Date | Approval Date | Set |
|---|---|---|---|---|---|
| 221123 | Domestic Water Pumps | 1 | 11/1/20 | | 02 |
| 221316 | Sanitary Waste and Vent Piping | 1 | 11/1/20 | | 02 |
| 221319 | Sanitary Waste Piping Specialties | 1 | 11/1/20 | | 02 |
| 221319.13 | Sanitary Drains | 1 | 11/1/20 | | 02 |
| 221513 | General-Service Compressed-Air Piping | 1 | 11/1/20 | | 02 |
| 221519 | General-Service Packaged Air Compressors and Receivers | 1 | 11/1/20 | | 02 |
| 223100 | Domestic Water Softeners | 0 | | | None |
| 223300 | Electric, Domestic-Water Heaters | 1 | 11/1/20 | | 02 |
| 223400 | Fuel-Fired, Domestic-Water Heaters | 1 | 11/1/20 | | 02 |
| 223500 | Domestic Water Heat Exchangers | 0 | | | None |
| 224213.13 | Commercial Water Closets | 1 | 11/1/20 | | 02 |
| 224213.16 | Commercial Urinals | 1 | 11/1/20 | | 02 |
| 224216.13 | Commercial Lavatories | 1 | 11/1/20 | | 02 |
| 224216.16 | Commercial Sinks | 1 | 11/1/20 | | 02 |
| 224500 | Emergency Plumbing Fixtures | 1 | 11/1/20 | | 02 |
| 224716 | Electric Water Coolers | 1 | 11/1/20 | | 02 |
| 23 - Heating, Ventilating, and Air Conditioning (HVAC) | | | | | |
| 230130.51 | HVAC Air-Distribution System Cleaning | 1 | 11/1/20 | | 02 |
| 230513 | Common Motor Requirements for HVAC Equipment | 1 | 11/1/20 | | 02 |
| 230523.16 | Plug Valves for Utility Piping | 1 | 11/1/20 | | 02 |
| 230529 | Hangers and Supports for HVAC Equipment | 1 | 11/1/20 | | 02 |
| 230548.13 | Vibration Controls for HVAC | 1 | 11/1/20 | | 02 |
| 230553 | Identification for HVAC Equipment | 1 | 11/1/20 | | 02 |
| 230593 | Testing, Adjusting, and Balancing for HVAC and Utility Systems | 1 | 11/1/20 | | 02 |
| 230713 | Duct Insulation | 2 | 11/1/20 | | 02 |
| 230800 | Commissioning of HVAC | 1 | 11/1/20 | | 02 |
| 230923 | Direct Digital Control (DDC) System for HVAC | 1 | 11/1/20 | | 02 |
| 230923.12 | Control Dampers | 1 | 11/1/20 | | 02 |
| 231123 | Natural-Gas Piping | 1 | 11/1/20 | | 02 |
| 232113 | Hydronic Piping | 1 | 11/1/20 | | 02 |
| 232116 | Hydronic Piping Specialties | 1 | 11/1/20 | | 02 |
| 232123 | Pumps | 2 | 11/1/20 | | 02 |
| 232300 | Refrigerant Piping | 1 | 11/1/20 | | 02 |
| 233113 | Metal Ducts | 1 | 11/1/20 | | 02 |
| 233120 | Fixed Louvers | 1 | 11/1/20 | | 02 |
| 233300 | Air Duct Accessories | 1 | 11/1/20 | | 02 |
| 233346 | Flexible Ducts | 1 | 11/1/20 | | 02 |
| 233423 | HVAC Power Ventilators | 1 | 11/1/20 | | 02 |

Printed on Thu Nov 19, 2020 at 07:31 am PST

Job #: 23006976 Bang Energy - Phoenix Can Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009

**Stellar**

| Number | Description | Revision | Required Date | Equipment Date | Set |
|---|---|---|---|---|---|
| 233600 | Air Terminal Units | 1 | 12/1/20 | | 02 |
| 233723 | HVAC Gravity Ventilators | 1 | 12/1/20 | | 02 |
| 235100 | Breechings, Chimneys, and Stacks | 1 | 12/1/20 | | 02 |
| 235123 | Gas Vents | 1 | 12/1/20 | | 02 |
| 236426.13 | Air-Cooled, Rotary-Screw Water Chillers | 1 | 11/1/20 | | 02 |
| 237423.13 | Packaged, Direct-Fired, Outdoor, Heating-Only Makeup-Air Units | 1 | 11/1/20 | | 02 |
| 238126 | Split-System Air-Conditioners | 1 | 11/1/20 | | 02 |
| 238219 | Fan Coil Units | 1 | 11/1/20 | | 02 |
| **26 - Electrical** | | | | | |
| 260510 | Low-Voltage Electrical Power Conductors and Cables | 1 | 11/1/20 | | 02 |
| 260526 | Grounding and Bonding for Electrical Systems | 1 | 11/1/20 | | 02 |
| 260529 | Hangers and Supports for Electrical Systems | 1 | 11/1/20 | | 02 |
| 260533 | Raceway and Boxes for Electrical Systems | 1 | 11/1/20 | | 02 |
| 260536 | Cable Trays for Electrical Systems | 1 | 11/1/20 | | 02 |
| 260553 | Identification for Electrical Systems | 1 | 11/1/20 | | 02 |
| 260923 | Lighting Control Devices | 1 | 11/1/20 | | 02 |
| 262200 | Low-Voltage Transformers | 1 | 11/1/20 | | 02 |
| 262413 | Switchboards | 1 | 11/1/20 | | 02 |
| 262416 | Panelboards | 1 | 11/1/20 | | 02 |
| 262726 | Wiring Devices | 1 | 11/1/20 | | 02 |
| 262816 | Enclosed Switches and Circuit Breakers | 1 | 11/1/20 | | 02 |
| 262913 | Enclosed Controllers | 1 | 11/1/20 | | 02 |
| 263213 | Engine Generators | 2 | 11/1/20 | | 02 |
| 263600 | Transfer Switches | 2 | 11/1/20 | | 02 |
| 265119 | LED Interior Lighting | 1 | 11/1/20 | | 02 |
| **27 - Communications** | | | | | |
| 270528 | Pathways for Communications Systems | 1 | 11/1/20 | | 02 |
| **28 - Electronic Safety and Security** | | | | | |
| 284621.11 | Addressable Fire-Alarm Systems | 1 | 11/1/20 | | 02 |
| **32 - Sitework** | | | | | |
| 321313 | Concrete Paving | 0 | | | None |



**Arizona Department of Revenue**

**Arizona Form 5005**

**Contractor's Certificate**
**Prime Contracting and MRRA**

The purpose of this form is to provide a subcontractor with the validation required for prime contracting transaction privilege tax (TPT) exemption, and for exemption from liability for an amount equal to retail TPT on materials incorporated or fabricated into maintenance, repair, replacement or alteration (MRRA) projects. The form can be provided for a particular project, for a period of time, or until revoked. This certificate establishes liability for the prime contracting TPT and/or the amount equal to the retail TPT; therefore, it must be completed by the contractor assuming the liability. The asterisked (*) items must be completed; otherwise, the certificate is not valid. The Department may disregard this certificate pursuant to ARS § 42-5008.01 or ARS § 42-5075.E If the certificate is incomplete or erroneous. If disregarded, the subcontractor accepting the certificate will have the burden of proving (pursuant to ARS § 42-5008.01 or ARS § 42-5075.D), that it is not liable for the prime contracting TPT and/or the amount equal to the retail TPT.

**A. Contractor**

| * Name | | * TPT License # | | |
|---|---|---|---|---|
| Stellar Group Incorporated | | 07-370179-9 | | |
| * Address | City, Town or Post Office | | State | ZIP Code |
| 2900 Hartley Road | Jacksonville | | FL | 32257 |
| AZ Contractor License Number | Phone Number | | | |
| ROC 253214 B-1 | (904) 260-2900 | | | |

**B. Subcontractor**

| * Name | | * TPT License # (if none, write "N/A - MRRA only") | | |
|---|---|---|---|---|
| | | | | |
| * Address | City, Town or Post Office | | State | ZIP Code |
| | | | | |
| AZ Contractor License Number | Phone Number | | | |
| | | | | |

**C*. Type of Certificate (check one and provide requested information)**

☒ Single Project Certificate

*PROJECT DESCRIPTION

Project #: 23006976

** (For example; Building Permit #, Address, Subdivision, Book/Map/Parcel #s, and/or Legal Description)

OR ☐ Blanket Certificate (check applicable box and fill in requested information).

☐ Period From:_____
   Through:_____

☐ Until revoked

☐ Specific Exceptions:

I hereby certify that I have authority to sign this Certificate on behalf of Contractor. I understand that by executing this Certificate, Contractor is licensed for TPT purposes and is assuming the prime contracting TPT liability and/or the amount equal to retail TPT liability applicable to the above referenced project(s).

| | Jonah Petoskey |
|---|---|
| SIGNATURE | PRINT NAME |
| Sr. Project Manager | |
| TITLE | DATE SIGNED |

ADOR 10313 (6/15)   This Form Superseded All Other Form 5005's

# Contractor's Certificate Instructions

## GENERAL INSTRUCTIONS

In order to ensure the effectiveness of the Certificate, all required fields must be completed.

A. The "NAME", "ADDRESS", and "TPT LICENSE NUMBER" fields of the Contractor section must be completed. The contractor is the entity responsible for the tax.

B. The "NAME", "ADDRESS", and "TPT LICENSE" fields of the Subcontractor section must be complete.

C. Either the "Single Project Certificate" box or the "Blanket Certificate" box of the Type of Certificate section must be checked.

- If the Single Project Certificate box is checked, the "PROJECT DESCRIPTION" must be supplied. The project description must be sufficient to identify the location of the single project or the Certificate will be deemed incomplete by the Department of Revenue.

- If the Blanket Certificate box is checked, either the "From: Through:" box or the "Until revoked" box must be checked. If the "From: Through:" box is checked, the "From: Through:" dates must be provided. The "Specific Exceptions" box is optional and allows the "Prime Contractor" to exclude Specific projects or time periods from the Blanket Certificate. If the "Specific Exceptions" is checked, details describing the excluded project(s) or the excluded time periods must be provided.

- The "SIGNATURE", "TITLE", "PRINT NAME" and "DATE SIGNED" FIELDS of the Signature section must be completed.

Failure to complete these fields as specified may result in the Arizona Department of Revenue disregarding the incomplete Certificate.

## RETROACTIVE EFFECT

If a Certificate is not signed contemporaneously to the commencement of a contracting project intended to be within the scope of the Certificate, the Department of Revenue will accept the certificate as evidence of the alleged facts. However, the person receiving the certificate may not receive the benefit of the certificate if the Department determines that any of the facts set forth in the certificate are inaccurate.

## ASSUMPTION OF PRIME CONTRACTING TPT LIABILITY

In most instances, the entity assuming the prime contracting transaction privilege tax liability for the prime contracting project(s) referenced in the Certificate will legally be the prime contractor for such project(s). However, in some instances such entity may not legally be the prime contractor for such project(s). If an entity is not the prime contractor for such project(s), the Certificate will nevertheless be effective and will subject such entity to the transaction privilege tax liability of the entity receiving the certificate.

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
01/12/2017

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT John Smith | |
|---|---|---|
| ABC Insurance Agency | PHONE (A/C, No, Ext): 407-555-5555 | FAX (A/C, No): |
| 123 Main Street | E-MAIL ADDRESS: | |
| Orlando, FL 31111 | INSURER(S) AFFORDING COVERAGE | NAIC # |
| | INSURER A : A Insurance Company | |
| INSURED | INSURER B : B Insurance Company | |
| ACI Services, Inc. | INSURER C : C Insurance Company | |
| 1000 Main Street | INSURER D : D Insurance Company | |
| Orlando, FL 31111 | INSURER E : | |
| | INSURER F : | |

## COVERAGES    CERTIFICATE NUMBER:    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR | Y | Y | A11111111 | 01/01/2017 | 01/01/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☒ PRO-JECT ☐ LOC | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | | $ |
| B | **AUTOMOBILE LIABILITY** ☒ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ☐ NON-OWNED AUTOS | Y | Y | 55555454 | 12/15/2016 | 12/15/2017 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | ☒ UMBRELLA LIAB ☒ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | ABC69954 TYUR | 01/01/2017 | 01/01/2018 | EACH OCCURRENCE | $ 1,000,000 |
| | ☐ DED ☐ RETENTION $ | | | | | | AGGREGATE | $ 1,000,000 |
| | | | | | | | | $ |
| C | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ N N/A (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | Y | 154788884 | 01/01/2017 | 01/01/2018 | ☒ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| D | Pollution Liability Professional Liability | | | PPUS6RN789L45 | 12/31/2016 | 12/31/2017 | $1,000,000 Aggregate $1,000,000 Aggregate | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

All operations of the insured performed on behalf of the Certificate Holder (CH). Attached to this certificate are policy terms or endorsements providing all the following: (a) Additional insured status for CH and Project Owner arising out of both ongoing and completed operations; (b) Evidence that all insurers waive their rights of subrogation against CH and Project Owner; (c) Evidence the general liability coverage will apply on a primary and non-contributory basis.

Can use umbrella to meet General Liability limits, Auto, and Employers Liability requirements.

Insert project number, name and location description

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Stellar Group Inc. Attention: 2900 Hartley Road Jacksonville            FL      32257 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE John Smith |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)    The ACORD name and logo are registered marks of ACORD

POLICY NUMBER: A11111111

COMMERCIAL GENERAL LIABILITY
CG 20 10 07 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| | All operations per written agreement/contract |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.** Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

© ISO Properties, Inc., 2004

POLICY NUMBER: A11111111

COMMERCIAL GENERAL LIABILITY
CG 20 37 07 04

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location And Description Of Completed Operations |
|---|---|
| | All operations per contract or agreement |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

© ISO Properties, Inc., 2004

POLICY NUMBER: 55555454

COMMERCIAL AUTO
CA 20 48 10 13

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DESIGNATED INSURED FOR
# COVERED AUTOS LIABILITY COVERAGE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

This endorsement identifies person(s) or organization(s) who are "insureds" for Covered Autos Liability Coverage under the Who Is An Insured provision of the Coverage Form. This endorsement does not alter coverage provided in the Coverage Form.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Named Insured: |
|---|
| Endorsement Effective Date: |

**SCHEDULE**

| Name Of Person(s) Or Organization(s): |
|---|
| |
| |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Each person or organization shown in the Schedule is an "insured" for Covered Autos Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Paragraph A.1. of Section II -- Covered Autos Liability Coverage in the Business Auto and Motor Carrier Coverage Forms and Paragraph D.2. of Section I -- Covered Autos Coverages of the Auto Dealers Coverage Form.

© Insurance Services Office, Inc., 2011

POLICY NUMBER: A11111111

**COMMERCIAL GENERAL LIABILITY**
**CG 24 04 05 09**

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Person Or Organization: |
| --- |
| PER WRITTEN CONTRACT |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**The following is added to Paragraph 8. Transfer Of Rights Of Recovery Against Others To Us of Section IV – Conditions:**

We waive any right of recovery we may have against the person or organization shown in the Schedule above because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a contract with that person or organization and included in the "products-completed operations hazard". This waiver applies only to the person or organization shown in the Schedule above.

 © Insurance Services Office, Inc., 2008

POLICY NUMBER:

COMMERCIAL AUTO
CA 04 44 03 10

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US (WAIVER OF SUBROGATION)

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Named Insured: |
| Endorsement Effective Date: |

### SCHEDULE

| Name(s) Of Person(s) Or Organization(s): |
| |
| |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**The Transfer Of Rights Of Recovery Against Others To Us Condition** does not apply to the person(s) or organization(s) shown in the Schedule, but only to the extent that subrogation is waived prior to the "accident" or the "loss" under a contract with that person or organization.

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**                    WC 00 03 13

(Ed. 4-84)

## WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

Schedule

# SAMPLE

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement                                    Effective Policy No. **15478884**    Endorsement No.
Insured                                                                              Premium

Insurance Company                              Countersigned by_____

WC 00 03 13
(Ed. 4-84)

© 1983 National Council on Compensation Insurance.

| Form **W-9**<br>(Rev. August 2013)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | **Give Form to the<br>requester. Do not<br>send to the IRS.** |
|---|---|---|

**Print or type**
**See Specific Instructions on page 2.**

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:
- [ ] Individual/sole proprietor
- [ ] C Corporation
- [ ] S Corporation
- [ ] Partnership
- [ ] Trust/estate
- [ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____
- [ ] Other (see instructions) ▶

Exemptions (see instructions):

Exempt payee code (if any) _____

Exemption from FATCA reporting
code (if any) _____

Address (number, street, and apt. or suite no.)

Requester's name and address (optional)

City, state, and ZIP code

List account number(s) here (optional)

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number
☐☐☐ - ☐☐ - ☐☐☐☐

Employer identification number
☐☐ - ☐☐☐☐☐☐☐

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below), and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

| **Sign<br>Here** | Signature of<br>U.S. person ▶ | Date ▶ |
|---|---|---|

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. The IRS has created a page on IRS.gov for information about Form W-9, at *www.irs.gov/w9*. Information about any future developments affecting Form W-9 (such as legislation enacted after we release it) will be posted on that page.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, payments made to you in settlement of payment card and third party network transactions, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the

withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct.

Note. If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

Definition of a U.S. person. For federal tax purposes, you are considered a U.S. person if you are:

- An individual who is a U.S. citizen or U.S. resident alien,

- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

- An estate (other than a foreign estate), or

- A domestic trust (as defined in Regulations section 301.7701-7).

Special rules for partnerships. Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

Cat. No. 10231X                    Form **W-9** (Rev. 8-2013)

In the cases below, the following person must give Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States:

• In the case of a disregarded entity with a U.S. owner, the U.S. owner of the disregarded entity and not the entity;

• In the case of a grantor trust with a U.S. grantor or other U.S. owner, generally, the U.S. grantor or other U.S. owner of the grantor trust and not the trust; and

• In the case of a U.S. trust (other than a grantor trust), the U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person or the U.S. branch of a foreign bank that has elected to be treated as a U.S. person, do not use Form W-9. Instead, use the appropriate Form W-8 or Form 8233 (see Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

**Example.** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity, give the requester the appropriate completed Form W-8 or Form 8233.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS a percentage of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, payments made in settlement of payment card and third party network transactions, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the Part II instructions on page 3 for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See Exempt payee code on page 3 and the separate Instructions for the Requester of Form W-9 for more information.

Also see Special rules for partnerships on page 1.

**What is FATCA reporting?** The Foreign Account Tax Compliance Act (FATCA) requires a participating foreign financial institution to report all United States account holders that are specified United States persons. Certain payees are exempt from FATCA reporting. See Exemption from FATCA reporting code on page 3 and the Instructions for the Requester of Form W-9 for more information.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account, for example, if the grantor of a grantor trust dies.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

### Name

If you are an individual, you must generally enter the name shown on your income tax return. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your individual name as shown on your income tax return on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name/disregarded entity name" line.

**Partnership, C Corporation, or S Corporation.** Enter the entity's name on the "Name" line and any business, trade, or "doing business as (DBA) name" on the "Business name/disregarded entity name" line.

**Disregarded entity.** For U.S. federal tax purposes, an entity that is disregarded as an entity separate from its owner is treated as a "disregarded entity." See Regulation section 301.7701-2(c)(2)(iii). Enter the owner's name on the "Name" line. The name of the entity entered on the "Name" line should never be a disregarded entity. The name on the "Name" line must be the name shown on the income tax return on which the income should be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a single owner that is a U.S. person, the owner's name is required to be provided on the "Name" line. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on the "Business name/disregarded entity name" line. If the owner of the disregarded entity is a foreign person, the owner must complete an appropriate Form W-8 instead of a Form W-9. This is the case even if the foreign person has a U.S. TIN.

**Note.** Check the appropriate box for the U.S. federal tax classification of the person whose name is entered on the "Name" line (Individual/sole proprietor, Partnership, C Corporation, S Corporation, Trust/estate).

**Limited Liability Company (LLC).** If the person identified on the "Name" line is an LLC, check the "Limited liability company" box only and enter the appropriate code for the U.S. federal tax classification in the space provided. If you are an LLC that is treated as a partnership for U.S. federal tax purposes, enter "P" for partnership. If you are an LLC that has filed a Form 8832 or a Form 2553 to be taxed as a corporation, enter "C" for C corporation or "S" for S corporation, as appropriate. If you are an LLC that is disregarded as an entity separate from its owner under Regulation section 301.7701-3 (except for employment and excise tax), do not check the LLC box unless the owner of the LLC (required to be identified on the "Name" line) is another LLC that is not disregarded for U.S. federal tax purposes. If the LLC is disregarded as an entity separate from its owner, enter the appropriate tax classification of the owner identified on the "Name" line.

**Other entities.** Enter your business name as shown on required U.S. federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name/disregarded entity name" line.

### Exemptions

If you are exempt from backup withholding and/or FATCA reporting, enter in the Exemptions box, any code(s) that may apply to you. See Exempt payee code and Exemption from FATCA reporting code on page 3.

Form W-9 (Rev. 8-2013)

Exempt payee code. Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends. Corporations are not exempt from backup withholding for payments made in settlement of payment card or third party network transactions.

Note. If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.

The following codes identify payees that are exempt from backup withholding:

1—An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2)

2—The United States or any of its agencies or instrumentalities

3—A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities

4—A foreign government or any of its political subdivisions, agencies, or instrumentalities

5—A corporation

6—A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States

7—A futures commission merchant registered with the Commodity Futures Trading Commission

8—A real estate investment trust

9—An entity registered at all times during the tax year under the Investment Company Act of 1940

10—A common trust fund operated by a bank under section 584(a)

11—A financial institution

12—A middleman known in the investment community as a nominee or custodian

13—A trust exempt from tax under section 664 or described in section 4947

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 13.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
| --- | --- |
| Interest and dividend payments | All exempt payees except for 7 |
| Broker transactions | Exempt payees 1 through 4 and 6 through 11 and all C corporations. S corporations must not enter an exempt payee code because they are exempt only for sales of noncovered securities acquired prior to 2012. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 4 |
| Payments over $600 required to be reported and direct sales over $5,000[1] | Generally, exempt payees 1 through 5[2] |
| Payments made in settlement of payment card or third party network transactions | Exempt payees 1 through 4 |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney, and payments for services paid by a federal executive agency.

Exemption from FATCA reporting code. The following codes identify payees that are exempt from reporting under FATCA. These codes apply to persons submitting this form for accounts maintained outside of the United States by certain foreign financial institutions. Therefore, if you are only submitting this form for an account you hold in the United States, you may leave this field blank. Consult with the person requesting this form if you are uncertain if the financial institution is subject to these requirements.

A—An organization exempt from tax under section 501(a) or any individual retirement plan as defined in section 7701(a)(37)

B—The United States or any of its agencies or instrumentalities

C—A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities

D—A corporation the stock of which is regularly traded on one or more established securities markets, as described in Reg. section 1.1472-1(c)(1)(i)

E—A corporation that is a member of the same expanded affiliated group as a corporation described in Reg. section 1.1472-1(c)(1)(i)

F—A dealer in securities, commodities, or derivative financial instruments (including notional principal contracts, futures, forwards, and options) that is registered as such under the laws of the United States or any state

G—A real estate investment trust

H—A regulated investment company as defined in section 851 or an entity registered at all times during the tax year under the Investment Company Act of 1940

I—A common trust fund as defined in section 584(a)

J—A bank as defined in section 581

K—A broker

L—A trust exempt from tax under section 664 or described in section 4947(a)(1)

M—A tax exempt trust under a section 403(b) plan or section 457(g) plan

## Part I. Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see How to get a TIN below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-member LLC that is disregarded as an entity separate from its owner (see Limited Liability Company (LLC) on page 2), enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

Note. See the chart on page 4 for further clarification of name and TIN combinations.

How to get a TIN. If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office or get this form online at www.ssa.gov. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at www.irs.gov/businesses and clicking on Employer Identification Number (EIN) under Starting a Business. You can get Forms W-7 and SS-4 from the IRS by visiting IRS.gov or by calling 1-800-TAX-FORM (1-800-829-3676).

If you are asked to complete Form W-9 but do not have a TIN, apply for a TIN and write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

Note. Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

Caution: A disregarded U.S. entity that has a foreign owner must use the appropriate Form W-8.

## Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 4, or 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on the "Name" line must sign. Exempt payees, see Exempt payee code earlier.

Signature requirements. Complete the certification as indicated in items 1 through 5 below.

1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983. You must give your correct TIN, but you do not have to sign the certification.

2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983. You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

3. Real estate transactions. You must sign the certification. You may cross out item 2 of the certification.

4. Other payments. You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments made in settlement of payment card and third party network transactions, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions. You must give your correct TIN, but you do not have to sign the certification.

Form W-9 (Rev. 8-2013)
Page **4**

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or disregarded entity owned by an individual | The owner [3] |
| 6. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulation section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
|---|---|
| 7. Disregarded entity not owned by an individual | The owner |
| 8. A valid trust, estate, or pension trust | Legal entity [4] |
| 9. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 10. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 11. Partnership or multi-member LLC | The partnership |
| 12. A broker or registered nominee | The broker or nominee |
| 13. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 14. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulation section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or "DBA" name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships* on page 1.

*Note. Grantor also must provide a Form W-9 to trustee of trust.

**Note.** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records from Identity Theft

Identity theft occurs when someone uses your personal information such as your name, social security number (SSN), or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

• Protect your SSN,

• Ensure your employer is protecting your SSN, and

• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Publication 4535, Identity Theft Prevention and Victim Assistance.

Victims of identity theft who are experiencing economic harm or a system problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to phishing@irs.gov. You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at: spam@uce.gov or contact them at www.ftc.gov/idtheft or 1-877-IDTHEFT (1-877-438-4338).

Visit IRS.gov to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their laws. The information also may be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.

## PARTIAL RELEASE AND WAIVER OF LIEN

KNOW ALL MEN BY THESE PRESENTS, that the undersigned, _____ (company name), by its duly authorized agent, for and in consideration of payment in the amount of $_____, the receipt of which is hereby acknowledged, does hereby waive, release and relinquish any and all claims and demands including any lien or right to claim a lien for labor and materials furnished through _____, 20___ on the following described property:

> Bang Energy
> 1635 South 43rd Ave
> Phoeniz, AZ 85009
> Project #23006976

This Partial Release and Waiver of Lien constitutes a full and complete discharge, release and waiver of any right to further payment and any mechanic's or materialmen's lien or right to lien for any and all work and labor done and performed or any and all materials or both, furnished to The Stellar Group for improvement of the above described property through _____, 20___.

The undersigned hereby represents and warrants that all labor and/or materials furnished or used on the above described property for which this Partial Release and Waiver of Lien is executed through _____, 20___ have been paid in full.

The undersigned recognizes and agrees this Partial Release and Waiver of Lien is given to induce The Stellar Group to make the payment described above and The Stellar Group will rely on the Partial Release and Waiver of Lien in making payment described above.

IN WITNESS THEREOF, the undersigned has caused this Partial Release and Waiver of Lien to be duly executed this _____ day of _____, 20___.

_____
COMPANY NAME

_____
                    *(Signature)*
BY:_____
                    *(Print Name)*
ITS:_____
                    *(Title)*

Witness:                         Witness:

_____         _____
Signature                        Signature

_____         _____
Printed Name                     Printed Name

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20___.

Notary Public: _____
State of _____
My Commission Expires: _____

Personally Known (  )   Produced Identification (  )   Type of ID:_____



### Arizona Department of Revenue

**Arizona Form**
**5005**

### Contractor's Certificate
**Prime Contracting and MRRA**

The purpose of this form is to provide a subcontractor with the validation required for prime contracting transaction privilege tax (TPT) exemption, and for exemption from liability for an amount equal to retail TPT on materials incorporated or fabricated into maintenance, repair, replacement or alteration (MRRA) projects. The form can be provided for a particular project, for a period of time, or until revoked. This certificate establishes liability for the prime contracting TPT and/or the amount equal to the retail TPT; therefore, it must be completed by the contractor assuming the liability. The asterisked (*) items must be completed; otherwise, the certificate is not valid. The Department may disregard this certificate pursuant to ARS § 42-5008.01 or ARS § 42-5075.E if the certificate is incomplete or erroneous. If disregarded, the subcontractor accepting the certificate will have the burden of proving (pursuant to ARS § 42-5008.01 or ARS § 42-5075.D), that it is not liable for the prime contracting TPT and/or the amount equal to the retail TPT.

**A. Contractor**

| * Name | * TPT License # | | |
|---|---|---|---|
| Stellar Group Incorporated | 07-370179-9 | | |
| * Address | City, Town or Post Office | State | ZIP Code |
| 2900 Hartley Road | Jacksonville | FL | 32257 |
| AZ Contractor License Number | Phone Number | | |
| ROC 253214 B-1 | (904) 260-2900 | | |

**B. Subcontractor**

| * Name | * TPT License # (if none, write "N/A – MRRA only") | | |
|---|---|---|---|
| | | | |
| * Address | City, Town or Post Office | State | ZIP Code |
| | | | |
| AZ Contractor License Number | Phone Number | | |
| | | | |

**C*. Type of Certificate** (check one and provide requested information)

☒ Single Project Certificate

*PROJECT DESCRIPTION

Project #: 23008976

Bang Energy - Phoenix Can Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009

** (For example; Building Permit #, Address, Subdivision, Book/Map/Parcel #s, and/or Legal Description)

**OR**

☐ Blanket Certificate (check applicable box and fill in requested information).

☐ Period From: _____

   Through: _____

☐ Until revoked

☐ Specific Exceptions:

I hereby certify that I have authority to sign this Certificate on behalf of Contractor. I understand that by executing this Certificate, Contractor is licensed for TPT purposes and is assuming the prime contracting TPT liability and/or the amount equal to retail TPT liability applicable to the above referenced project(s).

*Priscilla J Ingram*
SIGNATURE

Priscilla Ingram
PRINT NAME

*Director of Accounting*
TITLE

11/23/2020
DATE SIGNED

ADOR 10313 (6/15)    This Form Superseded All Other Form 5005's

# Contractor's Certificate Instructions

## GENERAL INSTRUCTIONS

In order to ensure the effectiveness of the Certificate, all required fields must be completed.

A. The "NAME", "ADDRESS", and "TPT LICENSE NUMBER" fields of the Contractor section must be completed. The contractor is the entity responsible for the tax.

B. The "NAME", "ADDRESS", and "TPT LICENSE" fields of the Subcontractor section must be complete.

C. Either the "Single Project Certificate" box or the "Blanket Certificate" box of the Type of Certificate section must be checked.

  • If the Single Project Certificate box is checked, the "PROJECT DESCRIPTION" must be supplied. The project description must be sufficient to identify the location of the single project or the Certificate will be deemed incomplete by the Department of Revenue.

  • If the Blanket Certificate box is checked, either the "From: Through:" box or the "Until revoked" box must be checked. If the "From: Through:" box is checked, the "From: Through:" dates must be provided. The "Specific Exceptions" box is optional and allows the "Prime Contractor" to exclude Specific projects or time periods from the Blanket Certificate. If the "Specific Exceptions" is checked, details describing the excluded project(s) or the excluded time periods must be provided.

  • The "SIGNATURE", "TITLE", "PRINT NAME" and "DATE SIGNED" FIELDS of the Signature section must be completed.

Failure to complete these fields as specified may result in the Arizona Department of Revenue disregarding the Incomplete Certificate.

## RETROACTIVE EFFECT

If a Certificate is not signed contemporaneously to the commencement of a contracting project intended to be within the scope of the Certificate, the Department of Revenue will accept the certificate as evidence of the alleged facts. However, the person receiving the certificate may not receive the benefit of the certificate if the Department determines that any of the facts set forth in the certificate are inaccurate.

## ASSUMPTION OF PRIME CONTRACTING TPT LIABILITY

In most Instances, the entity assuming the prime contracting transaction privilege tax liability for the prime contracting project(s) referenced in the Certificate will legally be the prime contractor for such project(s). However, in some instances such entity may not legally be the prime contractor for such project(s). If an entity is not the prime contractor for such project(s), the Certificate will nevertheless be effective and will subject such entity to the transaction privilege tax liability of the entity receiving the certificate.



## Arizona Form 5000

## Transaction Privilege Tax Exemption Certificate

- • Do not use Form 5000 to claim sale for resale. Use Form 5000A.
- • Do not use Form 5000 if you are a non-TPT licensed contractor. Use Form 5000M.

This Certificate is prescribed by the Department of Revenue pursuant to A.R.S. § 42-5009. The purpose of the Certificate is to document and establish a basis for state and city tax deductions or exemptions. It is to be filled out completely by the purchaser and furnished to the vendor at the time of the sale. The vendor shall retain this Certificate for single transactions or for the specified period as indicated below. Incomplete Certificates are not considered to be accepted in good faith. Only one category of exemption may be claimed on a Certificate.

### A. Purchaser's Name and Address:

Name
Stellar Group, Inc.

Address
2900 Hartley Rd

| City | State | ZIP Code |
|---|---|---|
| Jacksonville | FL | 32257 |

Vendor's Name

### B. Check Applicable Box:

☐ Single Transaction Certificate

☒ Period From **11/20/2020**  Through **11/19/2021**

*(You must choose specific dates for which the certificate will be valid. You are encouraged not to exceed a 12 month period. However, a certificate will be considered to be accepted in good faith for a period not to exceed 48 months if the vendor has documentation the TPT license is valid for each calendar year covered in the certificate.)*

### C. Choose one transaction type per Certificate:

☒ **Transactions with a Business**

Arizona Transaction Privilege Tax (TPT) License Number
07-370179-9

SSN / EIN

Other Tax License Number

If no license, provide reason:

Precise Nature of Purchaser's Business

☐ **Transactions with Native Americans, Native American Businesses and Tribal Governments (See reason #12.)**

Tribal Business License Number   OR   Tribal Number

| Name of Tribe | Tribal Government |
|---|---|
| | ☐ |

☐ **Transactions with a U.S. Government entity (See reasons #9 and #10.)**

☐ **Transaction with a Foreign Diplomat (See reason #13.)**

### D. Reason for Exemption:

Check the box indicating one of the more common exemptions provided below, or use Box 14 or 15 to cite the appropriate authority for another exemption (deduction). Refer to *www.azdor.gov/Forms/TransactionPrivilegeTax.aspx* for a complete list of state and city exemptions (deductions) and the business classes (codes) under which the deductions apply.

☐ 1. Tangible personal property to be leased or rented in the ordinary course of the purchaser's licensed business.

☒ 2. Tangible personal property to be incorporated into a taxable contracting project, or a maintenance, repair, replacement or alteration project.

☐ 3. Food, drink, or condiments purchased by a restaurant business.

☐ 4. Pipes or valves four inches in diameter or greater to be used for transportation of oil, natural gas, artificial gas, water or coal slurry.

☐ 5. Railroad rolling stock, rails, ties, and signal control equipment.

☐ 6. Machinery or equipment used directly in the following business activities:

    ☐ Manufacturing, processing or fabricating.  ☐ Job printing.  ☐ Refining or metallurgical operations.

    ☐ Extraction of ores or minerals from the earth for commercial purposes.

    ☐ Extraction of, or drilling for, oil or gas from the earth for commercial purposes.

☐ 7. Other income producing capital assets. (Cities only.)

☐ 8. Food, drink or condiments for consumption within the premises of any prison, jail or other institution under the jurisdiction of the state department of corrections, the department of public safety, the department of juvenile corrections or a county sheriff. Food, drink, condiments or accessories purchased by a school district for consumption at a public school within the district during school hours.

☐ 9. Tangible personal property sold or leased directly to the United States Government or its departments or agencies by a manufacturer, modifier, assembler or repairer. (Retail, personal property rental and mining classifications only.)

☐ 10. Fifty percent of the gross proceeds or gross income from the sale of tangible personal property directly to the United States Government or its departments or agencies. (Retail classification only.)

ADOR 10308 (3/18)

Continued on page 2 →

| Your Name (as shown on page 1) | Arizona Transaction Privilege Tax License Number |
|---|---|
| Stellar Group, Inc. | 07-370179-9 |

☐ 11. Electricity, natural gas or liquefied petroleum gas sold to a qualified manufacturing or smelting business. A manufacturing or smelting business that claims this exemption authorizes the release by the vendor of the information required to be provided to the Department of Revenue pursuant to A.R.S. §42-5063(C)(6). (Utilities classification only.)

☐ 12. Sale or lease of tangible personal property to affiliated Native Americans if the solicitation for sale, signing of the contract, delivery of the goods and payment for the goods all occur on the reservation. NOTE: The vendor shall retain adequate documentation to substantiate the transaction.

☐ 13. Foreign diplomat. NOTE: Limited to authorization on the U.S. Department of State Diplomatic Tax Exemption Card. The vendor shall retain a copy of the U.S. Department of State Diplomatic Tax Exemption Card and any other documentation issued by the U.S. Department of State. Motor vehicle purchases or leases must be pre-authorized by the Office of Foreign Missions ("OFM"). See "Vehicle Tax Exemption" at www.state.gov/ofm/tax/

☐ 14.*Other Deduction: Cite the Arizona Revised Statutes authority for the deduction. A.R.S § _____

  Description: 

☐ 15.*Other Cities Deduction: Cite the Model City Tax Code authority for the deduction. M.C.T.C § _____

  Description: 

*Refer to www.azdor.gov/TransactionPrivilegeTax(TPT)/RatesandDeductionCodes.aspx for a complete list of state and city exemptions (deductions) and the business classes (codes) under which the deductions apply.

**E. Describe the tangible personal property or service purchased or leased and its use below.**
   (Use additional pages if needed.)



**F. Certification**

A vendor that has reason to believe that this Certificate is not accurate or complete will not be relieved of the burden of proving entitlement to the exemption. A vendor that accepts a Certificate in good faith will be relieved of the burden of proof and the purchaser may be required to establish the accuracy of the claimed exemption. If the purchaser cannot establish the accuracy and completeness of the information provided in the Certificate, the purchaser is liable for an amount equal to the transaction privilege tax, penalty and interest which the vendor would have been required to pay if the vendor had not accepted the Certificate. Misuse of this Certificate will subject the purchaser to payment of the A.R.S. § 42-5009 amount equal to any tax, penalty or interest. Willful misuse of this Certificate will subject the purchaser to criminal penalties of a felony pursuant to A.R.S. § 42-1127(B).

I, (print full name) _Priscilla Ingram_____, hereby certify that these transactions are exempt from Arizona transaction privilege tax and that the information on this Certificate is true, accurate and complete. Further, if purchasing or leasing as an agent or officer, I certify that I am authorized to execute this Certificate on behalf of the purchaser named above.

| _Priscilla Ingram_ | 11/23/20 | _Director of Accounting_ |
|---|---|---|
| SIGNATURE OF PURCHASER | DATE | TITLE |

ADOR 10308 (3/19)                                                                                                    Page 2 of 2

## SUBCONTRACT MODIFICATION
### Stellar Group, Inc.
2400 Hartley Road
Jacksonville, FL 32257

| | | |
|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and Location:** Berg Energy - Phoenix Can Manufacturing<br>1835 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** Brian Edberg |
| **Phone:** | (920) 738-1500 | **Phone:** (904) 349-0940 |
| **Fax:** | | **E-Mail:** bedberg@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | |

| Date | SC # | Project # | Contract Type | FOB | Schedule |
|---|---|---|---|---|---|
| 2/18/2021 | 23008976-SUB-09A | 23008976 | Lump Sum | Jobsite | Per Superintendent |

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23008976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Provide underground conduit needed at coil handling unit per the IFS Drawings ENERGY-PHX-CH01-CH02. | $5,829.95 |

**Attachments:**

| | FOR ACCOUNTING PURPOSES ONLY: | |
|---|---|---|
| | Cost Codes | Net Amount |
| | 26-2605 - 1780 | $5,829.95 |

| | | |
|---|---|---|
| **TOTAL AMOUNT OF THIS MODIFICATION** | | **$5,829.95** |
| (All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included) | | |
| ORIGINAL SUBCONTRACT | ............................................................ | $3,926,196.00 |
| PREVIOUS MODIFICATION(S) | ............................................................ | $0.00 |
| THIS MODIFICATION | ............................................................ | $5,829.95 |
| REVISED SUBCONTRACT | ............................................................ | $3,932,025.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

| | |
|---|---|
| **FAITH TECHNOLOGIES, INC.**<br>Subcontractor | **STELLAR GROUP, INCORPORATED**<br>Contractor |
| *David McCarthy*  2/22/21 | *[signature]* |
| By: David McCarthy<br>Senior Project Manager | By: Jonah Petoskey<br>Senior Project Manager |

# SUBCONTRACT MODIFICATION
## Stellar Contracting, Inc.
### 2900 Hartley Road
### Jacksonville, FL 32257

| | | |
|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and Location:** Bang Energy - Phoenix Can Manufacturing<br>1635 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** (904) 363-0163 |
| **Fax:** | | **E-Mail:** charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | |

| Date<br>9/30/2021 | SC #<br>23006976-SUB-09B | Project #<br>23006976 | Contract Type<br>Lump Sum | FOB<br>Jobsite | Schedule<br>Per Superintendent |
|---|---|---|---|---|---|

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontractor agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Please review the revised schedule attached and provide details as list below. Provide detail for all impacts associated with the delay reflected in the updated schedule dated May 29, 2020. Confirm that you can meet the commitment required under your existing contract terms based on the revised schedule. If not please provide additional details. Provide detail for any additional costs associated with the delay if any. If you have any equipment in fabrication or storage, provide schedule or cost impacts associated with the equipment delivery or storage. Provide detail for any current cost you have that has not been billed and a date for when the costs will be billed. If you have any items onsite that need to be removed provide details of what needs to be removed and when it will be removed. Provide any other information that may be of concern regarding the revised project schedule. Material Costs Increase: $728,328.00 Lighting Package Increase: $105,696.00 Gear Package Increase: $100,941.00 Fire Alarm Package Increase: $24,178.00 New aluminum feeders to transformers deduct: -$11,094.00 New aluminum feeders to panels deduct: -$222,914.00 | $725,135.00 |
| 2 | SRP Bond | $4,056.00 |

**Attachments:**
06976- Bang PHX Can Manufacturing Preliminary Restart Schedule.pdf

### See SC #23006976-SUB-09B CE#46 Attachment

**FOR ACCOUNTING PURPOSES ONLY:**

| Cost Codes | Net Amount |
|---|---|
| 26-2601 - 1760 | $725,135.00 |
| 26-2601 - 1760 | $4,056.00 |

**TOTAL AMOUNT OF THIS MODIFICATION** .................................................... $729,191.00
(All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| **ORIGINAL SUBCONTRACT** | .................................................... | $3,926,196.00 |
| **PREVIOUS MODIFICATION(S)** | .................................................... | $5,829.95 |
| **THIS MODIFICATION** | .................................................... | $729,191.00 |
| **REVISED SUBCONTRACT** | .................................................... | $4,661,216.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

**FAITH TECHNOLOGIES, INC.**
Subcontractor

_David Mccarthy_    10/14/21

By: David McCarthy
Senior Project Manager

**STELLAR CONTRACTING, INC.**
Contractor

By: Gregory Ortego
Project Manager

**SC #23006976-SUB-0 CE#046  Attachment**

(1) **CE#046**    The attached schedule in CE#046 is not up to date based on the delivery of the electrical gear. Our estimated lead time for this gear is 24 weeks, this is putting us into February for delivery. Both parties understand that the schedule referenced in this contract is inaccurate and does not reflect a mutually agreed upon substantial completion date.  Until such time as a mutually agreeable schedule is developed, Subcontractor expressly disclaims any responsibility for liquidated damages or responsibility to meet the stated completion date.  The parties expressly anticipate that the scheduled completion date will be adjusted by change order from the Owner.  However, both parties understand and agree that a mutually agreeable schedule for the building and completion of the building is an express condition precedent to the occurrence of the process work, and until both pieces are properly coordinated and have a mutually agreed upon schedule associated with each piece of the Work, that Faith Technologies shall not be bound or liable for the liquidated damages identified in the Subcontract or which flow down from the Prime contract.

FAITH TECHNOLOGIES, INC.
Subcontractor

By: _____
Terry Flaherty, Group Leader

STELLAR GROUP, INCORPORATED
Contractor

By: _____
Greg Ortego Project Manager



Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule

Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule



| ID | % Complete | Task Name | Duration | Start | Finish |
|---|---|---|---|---|---|
| 57 | 14% | Construction Administration Services | 334 days | Fri 11/13/20 | Tue 3/1/22 |
| 58 | 100% | Generate/Distribute Submittal Register | 15 days | Fri 11/13/20 | Fri 12/4/20 |
| 59 | 9% | Review & Approve Submittals | 255 days | Mon 12/7/20 | Mon 12/6/21 |
| 60 | 0% | Develop Site Inspection Schedule | 0 days | Fri 8/13/21 | Fri 8/13/21 |
| 61 | 0% | Issue Record Drawings | 0 days | Tue 3/4/22 | Tue 3/1/22 |
| 62 | 72% | Permitting | 264 days | Mon 8/17/20 | Fri 8/27/21 |
| 63 | 100% | Permitting Initiation | 21 days | Mon 8/17/20 | Tue 9/15/20 |
| 66 | 100% | Demolition | 24 days | Tue 9/15/20 | Fri 10/16/20 |
| 72 | 100% | Underground (UG) Permit | 8 days | Fri 10/9/20 | Wed 10/21/20 |
| 76 | 100% | Building Permit | 43 days | Wed 11/4/20 | Fri 1/8/21 |
| 82 | 63% | Deferred Permits | 223 days | Wed 10/14/20 | Fri 6/27/21 |
| 83 | 100% | Joint Reinforcement | 59 days | Wed 10/14/20 | Fri 1/8/21 |
| 87 | 69% | Site | 189 days | Tue 11/3/20 | Fri 7/30/21 |
| 88 | 100% | Design | 5 wks | Tue 11/3/20 | Tue 12/8/20 |
| 89 | 50% | Plans Review and Permit Issuance | 45 days | Wed 12/9/20 | Fri 7/30/21 |
| 90 | 99% | Fire Protection | 204 days | Tue 11/3/20 | Fri 6/30/21 |
| 91 | 75% | Design | 9 wks | Tue 11/3/20 | Fri 1/8/21 |
| 92 | 0% | Plans Review and Permit Issuance | 15 days | Mon 4/2/21 | Fri 6/20/21 |
| 93 | 0% | Fire Alarm | 90 days | Mon 7/19/21 | Fri 6/27/21 |
| 94 | 0% | Design | 15 days | Mon 7/19/21 | Fri 8/6/21 |
| 95 | 0% | Plans Review and Permit Issuance | 15 days | Mon 8/9/21 | Fri 8/27/21 |
| 96 | 63% | 3.0 Procurement | 318 days | Mon 9/14/20 | Wed 12/8/21 |
| 97 | 54% | Process | 342 days | Thu 10/8/20 | Mon 5/30/21 |
| 98 | 96% | Mechanical | 69 days | Thu 10/8/20 | Mon 1/18/21 |
| 99 | 100% | Generate RFP | 15 days | Thu 10/8/20 | Wed 10/28/20 |
| 100 | 100% | Bid Process | 15 days | Thu 10/29/20 | Wed 11/18/20 |
| 101 | 100% | Owner Review and Approval | 11 days | Thu 11/19/20 | Fri 12/4/20 |
| 102 | 0% | Submittals | 10 days | Mon 7/19/21 | Fri 7/30/21 |

Date: Thu 7/15/21

| | | | | | |
|---|---|---|---|---|---|
| Task | | Inactive Task | | Manual Summary Rollup | External Milestone |
| Split | | Inactive Milestone | | Manual Summary | Deadline |
| Milestone | | Inactive Summary | | Start-only | Critical |
| Summary | | Manual Task | | Finish-only | Critical Split |
| Project Summary | | Duration-only | | External Tasks | Progress |
| | | | | Manual Progress | Manual Project |

2 of 11



Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule

3 of 11

# Bang Phoenix - Can Manufacturing
## Phoenix, AZ
## Project #06976
### Preliminary Project Restart Schedule



| ID | % Complete | Task Name | Duration | Start | Finish |
|----|-----------|-----------|----------|-------|--------|
| 151 | 100% | Business Planning (Removed from Scope) | 69 days | Wed 10/21/20 | Mon 2/1/21 |
| 158 | 100% | Joint Reinforcement | 48 days | Wed 10/28/20 | Thu 1/7/21 |
| 166 | 100% | Masonry | 53 days | Wed 10/21/20 | Fri 1/8/21 |
| 172 | 100% | Thermal IMP | 61 days | Mon 10/19/20 | Mon 1/18/21 |
| 179 | 67% | Structural Steel - Mezzanines | 335 days | Mon 10/26/20 | Mon 9/13/21 |
| 180 | 100% | Bid Process | 13 days | Mon 10/26/20 | Wed 11/11/20 |
| 181 | 100% | Owner Review and Approval | 16 days | Thu 11/12/20 | Fri 12/4/20 |
| 182 | 100% | Award | 0 days | Fri 12/4/20 | Fri 12/4/20 |
| 183 | 100% | Submittals | 20 days | Mon 12/7/20 | Wed 1/6/21 |
| 184 | 100% | Sequence #1 Submittal Review | 10 days | Mon 12/14/20 | Tue 12/29/20 |
| 185 | 100% | Sequence #2 Material Delivery | 23 days | Wed 12/30/20 | Mon 2/1/21 |
| 186 | 0% | Sequence #2 & 3 Submittal Review | 10 days | Mon 7/19/21 | Fri 7/30/21 |
| 187 | 0% | Sequence #2 & 3 Material Delivery | 30 days | Mon 8/2/21 | Mon 9/13/21 |
| 188 | 33% | Electrical | 374 days | Tue 3/6/20 | Mon 11/22/21 |
| 189 | 100% | Bid Process | 21 days | Tue 10/27/20 | Tue 11/24/20 |
| 190 | 100% | Owner Review and Approval | 7 days | Wed 11/25/20 | Fri 12/4/20 |
| 191 | 100% | Award | 1 day | Mon 12/7/20 | Mon 12/7/20 |
| 192 | 100% | Submittals | 20 days | Tue 12/8/20 | Thu 1/7/21 |
| 193 | 0% | Submittal Review | 10 days | Mon 7/19/21 | Fri 7/30/21 |
| 194 | 0% | Material Delivery - Long Lead Items | 224 days | Tue 1/12/21 | Mon 11/22/21 |
| 195 | 0% | Primary Gear | 50 days | Mon 8/2/21 | Mon 10/11/21 |
| 196 | 0% | Secondary Transformers | 50 days | Mon 8/2/21 | Mon 10/11/21 |
| 197 | 0% | MCCs | 50 days | Mon 8/2/21 | Mon 10/11/21 |
| 198 | 0% | Panels | 50 days | Mon 8/2/21 | Mon 10/11/21 |
| 199 | 0% | Primary Transformer (4th Service by SRP) | 80 days | Mon 1/11/21 | Fri 4/30/21 |
| 200 | 0% | Generators | 16 wks | Mon 8/2/21 | Mon 11/22/21 |
| 201 | 65% | Millwork | 227.5 days | Wed 10/21/20 | Mon 9/13/21 |
| 202 | 100% | Bid Process | 40 days | Wed 10/21/20 | Thu 12/17/20 |

Date: Thu 7/15/21



Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule



| ID | % complete | jobs | Task Name | Duration | Start | Finish |
|---|---|---|---|---|---|---|
| 203 | 100% | ✓ | Owner Review and Approval | 4 days | Thu 12/17/20 | Wed 12/23/20 |
| 204 | 100% | ✓ | Award | 6 days | Wed 12/23/20 | Tue 1/5/21 |
| 205 | 100% | ✓ | Submittals | 15 days | Tue 1/5/21 | Tue 1/26/21 |
| 206 | 100% | ✓ | Submittal Review | 3 days | Tue 1/26/21 | Fri 1/29/21 |
| 207 | 0% |  | Material Delivery | 40 days | Mon 7/19/21 | Mon 9/13/21 |
| 208 | 0% |  | Commercial Flooring | 72 days | Mon 7/19/21 | Wed 10/27/21 |
| 209 | 0% |  | Bang Approved Finishes | 10 days | Mon 7/19/21 | Fri 7/30/21 |
| 210 | 0% |  | Bid Process | 10 days | Mon 8/2/21 | Fri 8/13/21 |
| 211 | 0% |  | Award | 2 days | Mon 8/16/21 | Tue 8/17/21 |
| 212 | 0% |  | Submittals | 10 days | Wed 8/18/21 | Tue 8/31/21 |
| 213 | 0% |  | Submittal Review | 10 days | Wed 9/1/21 | Wed 9/15/21 |
| 214 | 0% |  | Material Delivery | 30 days | Thu 9/16/21 | Wed 10/27/21 |
| 215 | 0% |  | Utilities | 96 days | Mon 7/26/21 | Wed 12/1/21 |
| 216 | 0% |  | Post Hold Price Confirmation - Stellar Mechanical | 10 days | Mon 7/19/21 | Fri 7/30/21 |
| 217 | 0% |  | Owner Review and Approval | 5 days | Mon 8/2/21 | Fri 8/6/21 |
| 218 | 0% |  | Award | 1 day | Mon 8/9/21 | Mon 8/9/21 |
| 219 | 0% |  | Submittals | 10 days | Tue 8/10/21 | Mon 8/23/21 |
| 220 | 0% |  | Submittal Review | 10 days | Tue 8/24/21 | Tue 9/7/21 |
| 221 | 0% |  | Material Delivery | 15 days | Wed 9/8/21 | Tue 9/28/21 |
| 222 | 0% |  | Long Lead Equipment | 60 days | Mon 8/2/21 | Wed 12/1/21 |
| 223 | 0% |  | UF & RO Systems | 60 days | Mon 8/2/21 | Wed 12/1/21 |
| 224 | 0% |  | Cooling Water System | 60 days | Mon 8/2/21 | Mon 10/25/21 |
| 225 | 0% |  | Mechanical / HVAC | 98 days | Mon 7/19/21 | Wed 12/1/21 |
| 226 | 0% |  | Post Hold Price Confirmation - Stellar Mechanical | 10 days | Mon 7/19/21 | Fri 7/30/21 |
| 227 | 0% |  | Owner Review and Approval | 5 days | Mon 8/2/21 | Fri 8/6/21 |
| 228 | 0% |  | Award | 1 day | Mon 8/9/21 | Mon 8/9/21 |
| 229 | 0% |  | Submittals | 10 days | Tue 7/20/21 | Mon 8/2/21 |
| 230 | 0% |  | Submittal Review | 5 days | Tue 8/3/21 | Mon 8/9/21 |

Date: Thu 7/15/21

5 of 11



Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule

| ID | % Complete | Task Name | Duration | Start | Finish |
|---|---|---|---|---|---|
| 231 | 0% | Material Delivery | 80 days | Tue 8/10/21 | Wed 12/1/21 |
| 232 | 71% | Framing & Drywall | 212.5 days | Wed 10/21/20 | Fri 8/20/21 |
| 233 | 100% | Bid Process | 53 days | Wed 10/21/20 | Wed 1/6/21 |
| 234 | 100% | Award | 1 day | Wed 1/6/21 | Thu 1/7/21 |
| 235 | 100% | Submittals | 5 days | Thu 1/7/21 | Thu 1/14/21 |
| 236 | 100% | Submittal Review | 5 days | Thu 1/14/21 | Thu 1/21/21 |
| 237 | 0% | Material Delivery | 25 days | Mon 7/19/21 | Fri 8/20/21 |
| 238 | 18% | Fire Protection | 190 days | Wed 12/23/20 | Tue 9/21/21 |
| 239 | 100% | Bid Process | 10 days | Wed 12/23/20 | Fri 1/8/21 |
| 240 | 0% | Post Hold Price Confirmation | 10 days | Mon 7/19/21 | Fri 7/30/21 |
| 241 | 0% | Owner Review and Approval | 5 days | Mon 8/2/21 | Fri 8/6/21 |
| 242 | 0% | Award | 1 day | Mon 8/9/21 | Mon 8/9/21 |
| 243 | 0% | Submittals | 10 days | Tue 8/10/21 | Mon 8/23/21 |
| 244 | 0% | Submittal Review | 10 days | Tue 8/24/21 | Tue 9/7/21 |
| 245 | 0% | Material Delivery | 10 days | Wed 9/8/21 | Tue 9/21/21 |
| 246 | 64% | HM & Wood Doors | 231.5 days | Thu 10/15/20 | Mon 9/13/21 |
| 247 | 100% | Bid Process | 55 days | Thu 10/15/20 | Wed 1/6/21 |
| 248 | 100% | Award | 2 days | Wed 1/6/21 | Fri 1/8/21 |
| 249 | 100% | Submittals | 10 days | Fri 1/8/21 | Fri 1/22/21 |
| 250 | 100% | Submittal Review | 5 days | Fri 1/22/21 | Fri 1/29/21 |
| 251 | 0% | Sitework | 40 days | Mon 7/19/21 | Mon 9/13/21 |
| 252 | 0% | Material Delivery | 60 days | Mon 7/19/21 | Mon 10/29/21 |
| 253 | 0% | Bid Process | 20 days | Mon 7/19/21 | Fri 8/13/21 |
| 254 | 0% | Award | 5 days | Mon 8/16/21 | Fri 8/20/21 |
| 255 | 0% | Owner Review and Approval | 1 day | Mon 8/23/21 | Mon 8/23/21 |
| 256 | 0% | Submittals | 10 days | Tue 8/24/21 | Tue 9/7/21 |
| 257 | 0% | Submittal Review | 10 days | Wed 9/8/21 | Tue 9/21/21 |
| 258 | 0% | Material Delivery | 20 days | Wed 9/22/21 | Tue 10/19/21 |

Date: Thu 7/15/21

6 of 11



Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule



Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule





Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule

9 of 11

Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule



| ID | % Complete | Task Name | Duration | Start | Finish |
|---|---|---|---|---|---|
| 343 | 0% | Air Compressor and Dryer Equipment | 40 days | Tue 10/19/21 | Tue 12/14/21 |
| 344 | 0% | Hot Water System | 40 days | Tue 10/19/21 | Tue 12/14/21 |
| 345 | 0% | Boiler Equipment | 40 days | Tue 10/19/21 | Tue 12/14/21 |
| 346 | 0% | Cooling Tower Equipment | 20 days | Tue 10/26/21 | Mon 11/22/21 |
| 347 | 0% | Waste Water System Equipment | 40 days | Tue 10/19/21 | Tue 12/14/21 |
| 348 | 0% | Boiler Equipment and Platform | 40 days | Tue 10/19/21 | Tue 12/14/21 |
| 349 | 0% | UF & RO Systems | 20 days | Thu 12/2/21 | Wed 12/29/21 |
| 350 | 0% | RTO Equipment | 40 days | Wed 10/20/21 | Wed 12/15/21 |
| 351 | 0% | Bulk Liquor Storage Tanks | 20 days | Mon 5/3/21 | Fri 5/28/21 |
| 352 | 0% | MEP In-Wall Rough-In | 50 days | Tue 11/2/21 | Tue 1/11/22 |
| 353 | 0% | Set and wire Electrical Gear | 40 days | Tue 10/12/21 | Tue 12/7/21 |
| 354 | 10% | Welfare Spaces (4,000 SF) | 254 days | Wed 1/13/21 | Thu 1/6/22 |
| 355 | 100% | Dock Door Masonry Infills | 8 days | Wed 1/13/21 | Fri 1/22/21 |
| 356 | 100% | Slab On Grade | 2 days | Mon 2/15/21 | Tue 2/16/21 |
| 357 | 0% | Interior Wall Framing | 15 days | Mon 8/23/21 | Mon 9/13/21 |
| 358 | 0% | MEP Overhead and In-Wall Rough-In | 15 days | Wed 9/29/21 | Tue 10/19/21 |
| 359 | 0% | Drywall | 30 days | Wed 10/13/21 | Tue 10/26/21 |
| 360 | 0% | Painting - Prime Coat | 3 days | Wed 10/27/21 | Fri 10/29/21 |
| 361 | 0% | Painting - First Coat | 3 days | Mon 11/1/21 | Wed 11/3/21 |
| 362 | 0% | Acoustical Ceilings | 10 days | Thu 11/4/21 | Wed 11/17/21 |
| 363 | 0% | Flooring | 10 days | Thu 11/18/21 | Thu 12/2/21 |
| 364 | 0% | Millwork | 5 days | Fri 12/3/21 | Thu 12/9/21 |
| 365 | 0% | MEP Trim Out | 15 days | Fri 12/10/21 | Thu 12/30/21 |
| 366 | 0% | Punch-Out | 5 days | Fri 12/31/21 | Thu 1/6/22 |
| 367 | 0% | Process Equipment | 140 days | Fri 12/31/21 | Tue 9/29/22 |
| 368 | 0% | Areas Ready for Process Equipment Install | 90 days | Mon 9/13/21 | Tue 1/18/22 |
| 369 | 0% | Unit 1 Ready for Process Equipment | 20 days | Mon 9/13/21 | Mon 10/11/21 |
| 370 | 0% | Floor Mounted (Not under platform) | 0 days | Mon 9/13/21 | Mon 9/13/21 |

Date: Thu 7/15/21

Legend:
- Task
- Split
- Milestone
- Summary
- Project Summary
- Inactive Task
- Inactive Milestone
- Inactive Summary
- Manual Task
- Duration-only
- Manual Summary Rollup
- Manual Summary
- Start-only
- Finish-only
- External Tasks
- External Milestone
- Deadline
- Critical
- Critical Split
- Progress
- Manual Progress





Bang Phoenix - Can Manufacturing
Phoenix, AZ
Project #06976
Preliminary Project Restart Schedule

| ID | % Complete | Task Name | Duration | Start | Finish |
|---|---|---|---|---|---|
| 371 | 0% | Platform Mounted and Under Platform | 0 days | Mon 10/11/21 | Mon 10/11/21 |
| 372 | 0% | Unit 4 Ready for Process Equipment | 30 days | Mon 9/27/21 | Mon 11/8/21 |
| 373 | 0% | Floor Mounted (Not under platform) | 0 days | Mon 9/27/21 | Mon 9/27/21 |
| 374 | 0% | Platform Mounted and Under Platform | 0 days | Mon 11/8/21 | Mon 11/8/21 |
| 375 | 0% | Unit 3 Ready for Process Equipment | 45 days | Mon 9/27/21 | Tue 11/30/21 |
| 376 | 0% | Floor Mounted (Not under platform) | 0 days | Mon 9/27/21 | Mon 9/27/21 |
| 377 | 0% | Platform Mounted and Under Platform | 0 days | Tue 11/30/21 | Mon 11/30/21 |
| 378 | 0% | Unit 1 Ready for Process Equipment | 80 days | Mon 9/27/21 | Tue 1/18/22 |
| 379 | 0% | Floor Mounted (Not under platform) | 0 days | Mon 9/27/21 | Mon 9/27/21 |
| 380 | 0% | Platform Mounted and Under Platform | 0 days | Tue 1/18/22 | Tue 1/18/22 |
| 361 | 0% | Equipment Install, Rigging, Mech, and Elec | 100 days | Tue 9/21/21 | Tue 2/8/22 |
| 382 | 0% | Equipment Commissioning & Training | 60 days | Wed 1/5/22 | Tue 3/29/22 |
| 353 | 0% | Equipment Ready for Production | 0 days | Tue 3/29/22 | Tue 3/29/22 |
| 384 | 0% | Project Closeout | 79 days | Wed 12/15/21 | Mon 4/4/22 |
| 365 | 0% | Building Utilities Equipment Commissioning / Training | 20 days | Wed 12/15/21 | Tue 1/11/22 |
| 386 | 0% | Building HVAC Equipment Commissioning / Training | 8 days | Thu 12/23/21 | Mon 1/3/22 |
| 387 | 0% | Inspections | 5 days | Fri 1/7/22 | Thu 1/13/22 |
| 388 | 0% | Substantial Completion / TCO | 0 days | Wed 1/26/22 | Wed 1/26/22 |
| 389 | 0% | First Walkthrough | 1 day | Wed 1/26/22 | Wed 1/26/22 |
| 390 | 0% | Punch-Out | 10 days | Wed 1/27/22 | Wed 2/9/22 |
| 391 | 0% | Cleaning | 4 days | Thu 2/10/22 | Tue 2/15/22 |
| 392 | 0% | Final Walkthrough | 5 days | Wed 2/16/22 | Tue 2/22/22 |
| 393 | 0% | Certificate of Occupancy | 0 days | Tue 3/29/22 | Tue 3/29/22 |
| 394 | 0% | Turnover | 0 days | Tue 3/29/22 | Tue 3/29/22 |
| 395 | 0% | Demobilization | 4 days | Wed 3/30/22 | Mon 4/4/22 |
| 396 | 0% | As-Builts | 30 days | Wed 1/26/22 | Tue 3/8/22 |

11 of 11

Date: Thu 7/15/21

## SUBCONTRACT MODIFICATION
### Stellar Contracting, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | |
|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and<br>Location:** | Bang Energy – Phoenix Can Manufacturing<br>1635 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** | (904) 383-0163 |
| **Fax:** | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | |

| Date<br>10/7/2021 | SC #<br>23006976-SUB-09C | Project #<br>23006976 | Contract Type<br>Lump Sum | FOB<br>Jobsite | Schedule<br>Per Superintendent |
|---|---|---|---|---|---|

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | SRP Scope of Work Offsite for Bang Energy per their request. | $470,314.00 |

**Attachments:**
SRP_Redline_Design_Customer Approval_T3248820RL01-14-21.pdf, T3263093-SurveyChecklist.pdf

| FOR ACCOUNTING PURPOSES ONLY: | |
|---|---|
| Cost Codes | Net Amount |
| 26-2602 - 1760 | $470,314.00 |

**TOTAL AMOUNT OF THIS MODIFICATION**                                                                 $470,314.00

(All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| ORIGINAL SUBCONTRACT | ............................................... | $3,926,196.00 |
| PREVIOUS MODIFICATION(S) | ............................................... | $735,020.95 |
| THIS MODIFICATION | ............................................... | $470,314.00 |
| REVISED SUBCONTRACT | ............................................... | $5,131,530.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

**FAITH TECHNOLOGIES, INC.**
Subcontractor

*David Mccarthy*          10/26/2021

By: David McCarthy
Senior Project Manager

**STELLAR CONTRACTING, INC.**
Contractor

By: Gregory Ortego
Project Manager

## SRP SURVEY DIVISION INITIAL CHECKLIST

**CUSTOMER RESPONSIBILITIES**
(Customer refers to all customer or authorized representative)

Current Date  **02/03/21**

( **PL #** )  Property corners must be clearly marked and bear the valid registration number of an **Arizona Registered Land Surveyor** as shown on provided attachment.

( **BS #** )  Customer or authorized representative shall request and provide current **Blue Stake markings**, as shown on provided attachment.

———  Customer or authorized representative surveyor shall stake proposed **building lines**, as shown on provided attachment.

———  Customer or authorized representative surveyor shall stake proposed **curb lines**, as shown on provided attachment.

———  Customer or authorized representative surveyor shall stake proposed **sidewalks**, as shown on provided attachment.

———  Customer or authorized representative surveyor shall stake proposed **trash enclosure**, as shown on provided attachment.

**NOTE:** Surveyor to identify staked position of proposed facilities (building lines, curb lines, sidewalks and trash enclosure) with the corresponding control point identifier shown on provided attachment.

**OTHER CUSTOMER RESPONSIBILITIES**

_____

_____

( **C #** )  **SRP Survey Responsibilities: [ Tie Existing Curb ]**

( **M #** )  **SRP Survey Responsibilities: [ Tie Existing Poles ]**

**NOTE: It is not necessary to stake existing control; SRP Survey will tie existing control points.**

**Customer Agreement**

☐  I, the customer or authorized representative, have read and agree to the conditions specified on this form and the attachments

Customer or authorized representative name (please print): _____

Customer or authorized representative signature: _____

Date: _____      SRP JOB NO.   | T3263093 |

## SUBCONTRACT MODIFICATION
### Stellar Contracting, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | |
|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha Wisconsin 54952 | **Project Name and Location:** | Bang Energy - Phoenix Can Manufacturing<br>1635 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** | (904) 383-0163 |
| **Fax:** | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | |

| Date<br>10/18/2021 | SC #<br>23006976-SUB-09D | Project #<br>23006976 | Contract Type<br>Lump Sum | FOB<br>Jobsite | Schedule<br>Per Superintendent |
|---|---|---|---|---|---|

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Temp Power and Lighting Added for Building and Trailers | $38,485.00 |

**Attachments:**
Ban Energy Temporary power Change Order.pdf

**FOR ACCOUNTING PURPOSES ONLY:**

| Cost Codes | Net Amount |
|---|---|
| 01-0136 - 1750 | $38,485.00 |

**TOTAL AMOUNT OF THIS MODIFICATION**                                          $38,485.00
(All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| **ORIGINAL SUBCONTRACT** | ..................................................... | $3,926,196.00 |
| **PREVIOUS MODIFICATION(S)** | ..................................................... | $1,205,334.95 |
| **THIS MODIFICATION** | ..................................................... | $38,485.00 |
| **REVISED SUBCONTRACT** | ..................................................... | $5,170,015.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

| | |
|---|---|
| **FAITH TECHNOLOGIES, INC.**<br>Subcontractor | **STELLAR CONTRACTING, INC.**<br>Contractor |
| *David Mccarthy*    10/26/2021 | |
| By: David McCarthy<br>Senior Project Manager | By: Gregory Ortego<br>Project Manager |



# PROPOSAL

To: Stellar
Att: Greg Ortego
Project Manager II

Date:        10/19/2021
Project Name:   Bang Energy Process
Location: Phoenix Arizona

Phone: 1-904-577-9515

Faith Technologies, Inc. is pleased to give you the following pricing for temporary lighting and power listed below. Our pricing includes the following items.

Scope of work

Power for two additional trailers.

- Furnish and install two 100-amp breakers in existing Siemens panels.
- Furnish conduit and wire from existing panel to trailer locations just outside of MSB-3 electric room location.
- All conduits outside will be IMC and trailer connections will be liquid tight.
- There will have to be a short outage to install the breakers.

Temporary lighting and power outlets interior.

- Furnish and install 120volt GFI outlets on each column. (25 Total)
- Furnish and install three 480volt 50-amp welding outlets. Spread evenly through building.
- Install temporary lighting over new office, breakroom, spares room, maintenance area and tool room. We will be using the lights that were removed for the temporary lighting.
- We will feeding all temporary power from the existing panels. ( ten 120 volt circuits and three 480volt 50 amp circuits)

Our pricing for the above scope of work is $38,485.36

If you have any questions or concerns, please feel free to contact David McCarthy at 1-912-660-3684.

Respectfully Submitted
David McCarthy / Senior Project Manager
Faith Technologies

## SUBCONTRACT MODIFICATION
### Stellar Contracting, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | |
|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and Location:** | Bang Energy – Phoenix Can Manufacturing<br>1635 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** | (904) 383-0163 |
| **Fax:** | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | |

| Date | SC # | Project # | Contract Type | FOB | Schedule |
|---|---|---|---|---|---|
| 10/25/2021 | 23006976-SUB-09E | 23006976 | Lump Sum | Jobsite | Per Superintendent |

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Off Site SRP Scope of Work - increase | $68,642.00 |

**Attachments:**
23006976-Bang_Energy-Phoenix_Can_Manufacturing-SRP_Work-2021-10-19.pdf

**FOR ACCOUNTING PURPOSES ONLY:**

| Cost Codes | Net Amount |
|---|---|
| 26-2602 - 1760 | $68,642.00 |

**TOTAL AMOUNT OF THIS MODIFICATION** .................................................................... **$68,642.00**
(All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| **ORIGINAL SUBCONTRACT** | .................................................................... | $3,926,196.00 |
| **PREVIOUS MODIFICATION(S)** | .................................................................... | $1,243,819.95 |
| **THIS MODIFICATION** | .................................................................... | $68,642.00 |
| **REVISED SUBCONTRACT** | .................................................................... | $5,238,657.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

| **FAITH TECHNOLOGIES, INC.** | **STELLAR CONTRACTING, INC.** |
|---|---|
| Subcontractor | Contractor |
| *David Mccarthy*    10/26/2021 | *[signature]* |
| By: David McCarthy | By: Gregory Ortego |
| Senior Project Manager | Project Manager |



**Stellar**
2900 Hartley Road
Jacksonville, Florida 32257

Project: 23006976 Bang Energy - Phoenix Can
Manufacturing
1635 South 43rd Avenue
Phoenix, Arizona 85009

# RFI #: SRP Work

| | | | |
|---|---|---|---|
| **Status** | Closed on 10/07/21 | | |
| **To** | | **From** | David McCarthy (Faith Technologies, Inc.)<br>225 Main Street<br>Menasha , Wisconsin 54952 |
| **Date Initiated** | | **Due Date** | |
| **Location** | Off Site Work - SRP | **Project Stage** | |
| **Cost Impact** | Yes (Unknown) | **Schedule Impact** | Yes (Unknown) |
| **Spec Section** | | | |
| **Drawing Number** | Job No. T3263093,T3248820 | **Reference** | Price increase / Start date |
| **Linked Drawings** | | | |
| **Received From** | David McCarthy (Faith Technologies, Inc.) | | |
| **Copies To** | Derek Bickerton (Stellar Group, Inc.), Terry Flaherty (Faith Technologies, Inc.), Chuck Harrison (Stellar Group, Inc.), Rob Koldos (Faith Technologies, Inc.), Stephen Maldi (Faith Technologies, Inc.), Andrew McDevitt (Stellar Group, Inc.), Mark Nickel (Faith Technologies, Inc.), Gregory Ortego (Stellar Group, Inc.) | | |

## Activity

**Question**

**Question from David McCarthy Faith Technologies, Inc. on Wednesday, Oct 6, 2021 at 02:30 PM PDT**

Our subcontractor will be sending us a price increase on 10/7/21, They are telling us this work cannot start until January. We will be sending you the updated pricing on 10/7/21. This pricing is only being held for 15 days. Once this is submitted we need to get this change order fully executed so we can get our subcontractor locked in.

*Awaiting an Official Response*

## SUBCONTRACT MODIFICATION
### Stellar Group, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | | |
|---|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | | **Project Name and**<br>**Location:** | Bang Energy - Phoenix Can Manufacturing<br>1835 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | | **Phone:** | (904) 383-0163 |
| **Fax:** | | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | | |

| Date<br>11/17/2021 | SC #<br>23006976-SUB-09F | Project #<br>23006976 | Contract Type<br>Lump Sum | FOB<br>Jobsite | Schedule<br>Per Superintendent |
|---|---|---|---|---|---|

This Subcontract is made by and between Stellar Group, incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Changes to Electrical based on building and process design development and owner review comments from drawing set dated 10.30.2020 to 12.10.2020 | $54,627.00 |

**Attachments:**
FTI CO#002 Bang Energy CE#16 Rev1_2.pdf

**FOR ACCOUNTING PURPOSES ONLY:**

| Cost Codes | Net Amount |
|---|---|
| 26-2601 - 1760 | $54,627.00 |

**TOTAL AMOUNT OF THIS MODIFICATION**                                                        **$54,627.00**
(All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| ORIGINAL SUBCONTRACT | ................................................................. | $3,926,196.00 |
| PREVIOUS MODIFICATION(S) | ................................................................. | $1,312,461.95 |
| THIS MODIFICATION | ................................................................. | $54,627.00 |
| REVISED SUBCONTRACT | ................................................................. | $5,293,484.95 |

**This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.**

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

**FAITH TECHNOLOGIES, INC.**
Subcontractor

*David Mccarthy*          11/18/2021

By: David McCarthy
Senior Project Manager

**STELLAR GROUP, INC.**
Contractor

By: Gregory Ortego
Project Manager



# FTI CHANGE PROPOSAL CO#002 REV1.2

**To: Stellar**
**Att:** ~~Greg Ortega~~
~~Project Manager~~
~~Phone 1-904-677-8511~~

**Date:** ~~7/29/2021~~
**Project Name:** Bang Energy
**Location:** Phoenix, AZ

Faith Technologies, Inc. is pleased to give you the following pricing for drawing set CE#16. Our pricing includes the following.

1. **Sheet A6001**

    1.1.  Updated Door Schedule - Added High Impact and FRP Doors
    1.2.  Updated (1) OHC to include 60 min fire shutter. Fire alarm has included this in their change.
    1.3.  163C at C16 on sheet A1130 and E2130.
    1.4.  166B Sheet A1110 and E2110

2. **Sheet P0001**

    2.1.  Added Electric Trap Primer (TP-1) (Captured in Plumbing Contract). Sheet P1120 and E2120. Add 120V connection.

3. **Sheet M0001**

    3.1.  Revised Note 1.21 for Smoke Detectors included for units over 2,000 CF. Fire alarm has picked this up.

4. **Sheet M1120 & M1130**

    4.1.  Added Smoke Detector Call Outs. Fire alarm has picked this up.

5. **Sheet M9004**

    5.1.  Added Smoke Detector Shutdown Notes. Reviewed by fire alarm.

6. **Sheet E1120**

    6.1.  Revised Lighting in Die Coolant Room and Chemical Storage.

7. **Sheet E1140**

    7.1.  Revised Lighting in Bulk Lacquer Storage and Added Lighting in Inx Room.



8. **Sheet E1160**

    8.1.  Revised Demo Lighting.

9. **Sheet E2110**

    9.1.  Added Receptacle for Condensate Pump.

10. **Sheet E2120**

    10.1. Removed Disconnects and Relocated Panels by Chillers.

    10.2. Added Boiler Circuit.

11. **Sheet E2130**

    11.1. Added Power Locations for Docks.

    11.2. Added Condensate Pump Circuit.

12. **Sheet E2140**

    12.1. Added Condensate Pump Circuit.

    12.2. Added Inx Room Power Details.

13. **Sheet E6201 & E6202**

    13.1. Revised Panels 3LG1, 3LG2 and 3HG2.

14. **Sheet ED1001**

    14.1. Updated Fixture Demo Plan at Die Coolant and Chemical Storage Rooms.

**Total for this work is** ..................................................................................................... ▓▓▓▓▓▓

If you have any questions or concerns, please feel free to contact David McCarthy at 1-912-660-3684.

**Respectfully Submitted**
**David McCarthy / Senior Project Manager**
**Faith Technologies**

## SUBCONTRACT MODIFICATION
### Stellar Group, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | |
|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and<br>Location:** | Bang Energy - Phoenix Can Manufacturing<br>1635 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** | (904) 383-0163 |
| **Fax:** | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | |

| Date<br>11/17/2021 | SC #<br>23006976-SUB-09G | Project #<br>23006976 | Contract Type<br>Lump Sum | FOB<br>Jobsite | Schedule<br>Per Superintendant |
|---|---|---|---|---|---|

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Changes to Wiring based on building and process design development and owner review comments from drawing set dated 12.11.2020 to 01.08.2021 | $15,108.00 |

**Attachments:**
FTI CO#003 Bang Energy CE#17 Rev1_2.pdf

**FOR ACCOUNTING PURPOSES ONLY:**

| Cost Codes | Net Amount |
|---|---|
| 26-2605  -  1760 | $15,108.00 |

| | |
|---|---|
| **TOTAL AMOUNT OF THIS MODIFICATION** | **$15,108.00** |
| (All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included) | |

| | | |
|---|---|---|
| ORIGINAL SUBCONTRACT | .................................................... | $3,926,196.00 |
| PREVIOUS MODIFICATION(S) | .................................................... | $1,367,288.95 |
| THIS MODIFICATION | .................................................... | $15,108.00 |
| REVISED SUBCONTRACT | .................................................... | $5,308,592.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

| **FAITH TECHNOLOGIES, INC.** | **STELLAR GROUP, INC.** |
|---|---|
| Subcontractor | Contractor |
| *David Mccarthy*     11/18/2021 | |
| By: David McCarthy | By: Gregory Ortego |
| Senior Project Manager | Project Manager |



# FTI CHANGE PROPOSAL #003 REV1.2

**To: Stellar**
**Att:** ▮Greg Ortega▮
▮Project Manager▮
▮Phone: 1-904-677-9513▮

**Date:** ▮7/29/2021▮
**Project Name:** Bang Energy
**Location:** Phoenix, AZ

Faith Technologies, Inc. is pleased to give you the following pricing for drawing set CE#17. Our pricing includes the following.

1. **Sheet M0004**
   1.1. Upsized EF-1 and added note 28 for minimum fan speed – No impact
   1.2. Revised Louver L-2A size – No impact
   1.3. Added Gravity Ventilator GIV-9 to schedule.

2. **Not included in CE#17 but related**
   2.1. Added Gravity Ventilator GIV-7
   2.2. Added Gravity Ventilator GIV-8

Total for this work is ..................................................................................... ▮$X▮

If you have any questions or concerns, please feel free to contact David McCarthy at 1-912-660-3684.

**Respectfully Submitted**
**David McCarthy / Senior Project Manager**
**Faith Technologies**

## SUBCONTRACT MODIFICATION
### Stellar Group, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | |
|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and Location:** | Bang Energy - Phoenix Can Manufacturing<br>1835 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** | (904) 383-0183 |
| **Fax:** | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | |

| Date | SC # | Project # | Contract Type | FOB | Schedule |
|---|---|---|---|---|---|
| 12/9/2021 | 23006976-SUB-09H | 23006976 | Lump Sum | Jobsite | Per Superintendent |

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Changes associated with Drawing Revision #16 - issued 9/13/21. | $376,555.00 |

**Attachments:**
Rev 16 - Faith - COP - Phoenix Can Core and Shell Contract Amendment V1.0_CO 52 (1).pdf

**FOR ACCOUNTING PURPOSES ONLY:**

| Cost Codes | Net Amount |
|---|---|
| 26-2601 - 1760 | $376,555.00 |

**TOTAL AMOUNT OF THIS MODIFICATION**     $376,555.00
(All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| ORIGINAL SUBCONTRACT | ........................................................................................ | $3,926,196.00 |
| PREVIOUS MODIFICATION(S) | ........................................................................................ | $1,382,396.95 |
| THIS MODIFICATION | ........................................................................................ | $376,555.00 |
| REVISED SUBCONTRACT | ........................................................................................ | $5,687,147.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

**FAITH TECHNOLOGIES, INC.**
Subcontractor

*David Mccarthy*      12/9/21

By: David McCarthy
Senior Project Manager

**STELLAR GROUP, INC.**
Contractor

By: Gregory Ortego
Project Manager

# CONTRACT AMENDMENT
# PROPOSAL CO-52 V1.0



# PREPARED FOR

**STELLAR | BANG ENERGY CORE AND SHELL**
**SC#23006976-SUB-09**
**PROJECT #23006976**
**CO-052**

## 10/15/2021

## CONTACT

**David McCarthy | Senior Project Manager**
David.McCarthy@faithtechinc.com | 912.660.3684





## 1. PROJECT TEAM STRUCTURE

| KEY PERSONNEL CONTACT INFORMATION | | | |
|---|---|---|---|
| Name | Office | Mobile | Email |
| Terry Flaherty-Group Leader | 404.800.6208 | 920.427.7688 | terry.flaherty@faithtechnologies.com |
| David McCarthy-Senior Project Manager* | ---.---.---- | 912.660.3684 | david.mccarthy@faithtechnologies.com |
| Rob Koldos-Senior Preconstruction Manager | 920.785.7951 | 920.412.4738 | rob.koldos@faithtechnologies.com |

*Primary Contact During Construction*

## 2. INFORMATION AND SUPPORT REQUIRED FROM STELLAR

2.1. Timely decision will be required to be made to hold pricing.

## 3. CONTRACT ADJUSTMENT

Adjustments based on CO-052 – Bang PHX Can Manufacturing, and clouded construction set of drawings dated 9-13-2021 Pricing also includes ATS 4 and docking station.

**Total Increase for CO-052: $378,555.00**

Duration days and equipment pricing will need to be validated for electrical equipment lead times based on current market conditions and also based on contract amendment acceptance timing. Further, delivery dates will be influenced by these decisions. Current pricing is valid for 10 days.

## 4. CONSTRUCTION PROJECT SCHEDULE OVERVIEW

Both parties understand that the schedule referenced in this contract is inaccurate and does not reflect a mutually agreed upon substantial completion date. Until such time as a mutually agreeable schedule is developed, Subcontractor expressly disclaims any responsibility for liquidated damages or responsibility to meet the stated completion date. The parties expressly anticipate that the scheduled completion date will be adjusted by change order from the Owner. However, both parties understand and agree that a mutually agreeable schedule for the building and completion of the building is an express condition precedent to the occurrence of the process work, and until both pieces are properly coordinated and have a mutually agreed upon schedule associated with each piece of the Work, that Faith Technologies shall not be bound or liable for the liquidated damages identified in the Subcontract or which flow down from the Prime contract.

# SUBCONTRACT MODIFICATION
## Stellar Group, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | |
|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and Location:** | Bang Energy - Phoenix Can Manufacturing<br>1835 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** | (904) 383-0163 |
| **Fax:** | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | |

| Date<br>1/25/2022 | SC #<br>23006976-SUB-0H | Project #<br>23006976 | Contract Type<br>Lump Sum | FOB<br>Jobsite | Schedule<br>Per Superintendent |
|---|---|---|---|---|---|

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Remove and Relocate Conduits on Tilt Panel Walls | $17,430.00 |

**Attachments:**
Ban Energy Removing and relocating conduits on exterior walls Change Order.pdf

| FOR ACCOUNTING PURPOSES ONLY: | |
|---|---|
| Cost Codes | Net Amount |
| 26-2602 - 1780 | $17,430.00 |

| **TOTAL AMOUNT OF THIS MODIFICATION** | $17,430.00 |
|---|---|

(All licenses, taxes, permits, fees and Insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| **ORIGINAL SUBCONTRACT** | .............................................. | $3,926,196.00 |
| **PREVIOUS MODIFICATION(S)** | .............................................. | $1,760,951.95 |
| **THIS MODIFICATION** | .............................................. | $17,430.00 |
| **REVISED SUBCONTRACT** | .............................................. | $5,704,577.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

| | |
|---|---|
| **FAITH TECHNOLOGIES, INC.**<br>Subcontractor | **STELLAR GROUP, INC.**<br>Contractor |
| *David McCarthy*    1/25/22 | |
| By: David McCarthy<br>Senior Project Manager | By: Gregory Ortego<br>Project Manager |



# PROPOSAL

**To: Stellar**

**Att: Greg Ortego**

**Project Manager II**

**Phone: 1-904-577-9515**

**Date:**       **12/6/2021**

**Project Name:**   **Bang Energy Process**

**Location: Phoenix Arizona**

Faith Technologies, Inc. is pleased to give you the following pricing for moving conduits on exterior walls where block walls and ceiling caps are being installed. Our pricing includes the following items.

**Scope of work**

**Removing conduits and no refeeding required.**

- Demo conduit, wire, supports, boxes and devices on the exterior walls in rooms 184,190,193, 167 and 165.
- This was about 25 different conduits

**Removing conduits and rerouting circuits up through bar joist to new location.**

- Receptacle circuits drops on east and south wall, refeed with new conduit and wire.
- Wall packs on east and south wall had to refeed with new conduit.
- 

Our pricing for the above scope of work is $17,430.00

If you have any questions or concerns, please feel free to contact David McCarthy at 1-912-660-3684.

**Respectfully Submitted**

**David McCarthy / Senior Project Manager**

**Faith Technologies**

# SUBCONTRACT MODIFICATION
## Stellar Group, Inc.
2900 Hartley Road
Jacksonville, FL 32257

| | | | |
|---|---|---|---|
| **Subcontractor:** | Faith Technologies, Inc.<br>225 Main Street<br>Menasha  Wisconsin 54952 | **Project Name and Location:** | Bang Energy - Phoenix Can Manufacturing<br>1635 South 43rd Avenue<br>Phoenix Arizona 85009 |
| **Attention:** | David McCarthy | **Attention:** | Chuck Harrison |
| **Phone:** | (920) 738-1500 | **Phone:** | (904) 383-0163 |
| **Fax:** | | **E-Mail:** | charrison@stellar.net |
| **E-Mail:** | david.mccarthy@faithtechnologies.com | | |

| Date<br>3/1/2022 | SC #<br>23006976-SUB-09J | Project #<br>23006976 | Contract Type<br>Lump Sum | FOB<br>Jobsite | Schedule<br>Per Superintendent |
|---|---|---|---|---|---|

This Subcontract is made by and between Stellar Group, Incorporated, d/b/a Stellar, hereinafter referred to as "Contractor," and the Subcontractor named above, at Jacksonville, Florida. In consideration of the mutual promises and undertakings set forth herein, Contractor and Subcontractor hereby agree to the terms and conditions set forth herein, including the Terms and Conditions attached hereto. Subcontractor agrees to perform and complete the following Work:

Subcontract agrees to modify Subcontract No.: 23006976-SUB-09

| Item | Description | Net Amount |
|---|---|---|
| 1 | Cancellation and Demobilization | $270,551.00 |

**Attachments:**
Ban Energy Cancelation and Demobilization Cost.pdf

**FOR ACCOUNTING PURPOSES ONLY:**

| Cost Codes | Net Amount |
|---|---|
| 26-2604  -  1760 | $270,551.00 |

**TOTAL AMOUNT OF THIS MODIFICATION** ............ **$270,551.00**
(All licenses, taxes, permits, fees and insurance with Stellar named as additional insured included)

| | | |
|---|---|---|
| **ORIGINAL SUBCONTRACT** | ................................................................. | $3,926,196.00 |
| **PREVIOUS MODIFICATION(S)** | ................................................................. | $1,778,381.95 |
| **THIS MODIFICATION** | ................................................................. | $270,551.00 |
| **REVISED SUBCONTRACT** | ................................................................. | $5,975,128.95 |

This subcontract includes and is subject to the terms and conditions previously attached to the original subcontract.

IN WITNESS WHEREOF, the Subcontractor and Contractor have executed this Subcontract on the date set forth above.

| | |
|---|---|
| **FAITH TECHNOLOGIES, INC.** | **STELLAR GROUP, INC.** |
| Subcontractor | Contractor |
| *David Mccarthy*    3/1/22 | |
| By: David McCarthy | By: Gregory Ortego |
| Senior Project Manager | Project Manager |



# PROPOSAL

To: Stellar

Att: Greg Ortego

Project Manager II

Phone: 1-904-577-9515

Date:         2/23/2022

Project Name:  Bang Energy Process

Location: Phoenix Arizona

Faith Technologies, Inc. is pleased to give you the following pricing for the cancelation cost and demobilization cost. Our pricing includes the following items.

Lighting cost    $82,265.00
Fire Alarm      $17,548.15
SRP             $15,000.00
Total Energy    $8,740.00
Demobilization$146,998.00

Total           270,551.15

Our pricing for the above items is $270,551.15

If you have any questions or concerns, please feel free to contact David McCarthy at 1-912-660-3684.

Respectfully Submitted

David McCarthy / Senior Project Manager

Faith Technologies

# EXHIBIT C

MG ESQ(AZ(N11B1112OW]B5
729 Miner Road
Cleveland OH 44143



## USPS CERTIFIED MAIL

9214 8901 5273 7200 0014 8097 94

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

STELLAR GROUP INCORPORATED
c/o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

JHO Real Estate Investment LLC
C/O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

VITAL PHARMACEUTICALS INC. dba Bang Energy
c/o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



To Whom It May Concern:

The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. *This is NOT a Lien* but a statutory requirement and needs to be done as a matter of law.

The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.

Sincerely,

FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952
Contact: MS. CONNIE BRETL
Telephone: (920) 751 - 9863

File (N118112) 2056301

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A
REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL 33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

The name and address of lessee or reputed leasehold interest
is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ 85021

The name and address of any lender or reputed lender and or
assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant
has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):

For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952



By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building,
structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in
MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional
services, materials, machinery, fixtures or tools furnished or to
be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

**If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property.  You may wish to protect yourself against this consequence by either:**

**1)  Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.**

**2)  Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.**

**3) Using any other method or device that is appropriate under the circumstances.**

**Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.**

**Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice.  In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.**



DATED:        **FEBRUARY 12, 2021**

FAITH TECHNOLOGIES, INC.

By: _____
Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<u>**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**</u>

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address).  Date:  ___/___/___ (date this
acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Please note:  Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)

MG ESQ[AZ(N118112GC]B5
729 Miner Road
Cleveland OH 44143

**USPS CERTIFIED MAIL**



9214 8901 5273 7200 0014 8098 00

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. <u>This is NOT a Lien</u> but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact: MS. CONNIE BRETL*
*Telephone: (920) 751 - 9863*

*File (N118112) 2056301*

## ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE
### PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
**VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY**
**1635 S. 43RD AVENUE**
**PHOENIX, AZ 85009**

**VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY**
**C/O CORPORATE CREATIONS NETWORK INC.**
**3260 N HAYDEN ROAD #210**
**SCOTTSDALE, AZ  85251**

**JHO REAL ESTATE INVESTMENT, LLC**
**1600 N PARK DR**
**WESTON, FL  33326**

**JHO REAL ESTATE INVESTMENT, LLC**
**C/O CORPORATE CREATIONS NETWORK INC.**
**3260 N HAYDEN ROAD #210**
**SCOTTSDALE, AZ  85251**

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
**STELLAR GROUP, INCORPORATED**
**2900 HARTLEY ROAD**
**JACKSONVILLE, FL  32257**

**STELLAR GROUP, INCORPORATED**
**C/O CORPORATION SERVICE COMPANY**
**8825 N 23RD AVENUE, SUITE 100**
**PHOENIX, AZ  85021**

The name and address of any lender or reputed lender and or assigns are:

**UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.**

The name and address of the person with whom the claimant has contracted are:
**STELLAR GROUP, INCORPORATED**
**2900 HARTLEY ROAD**
**JACKSONVILLE, FL 32257**

The name and address of any surety company/agent are:

**UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.**

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and Address of Claimant):



For:
**FAITH TECHNOLOGIES, INC.**
**225 MAIN STREET**
**MENASHA, WI 54952**

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will furnish labor, professional services, materials, machinery, fixtures or tools of the following general description:

**MATERIALS AND LABOR, ELECTRICAL INSTALLATION**

In the construction, alteration or repair of the building, structure or improvement located at:

**BANG ENERGY PHX CAN MANUFACTURING**
**1635 S. 43RD AVENUE**
**PHOENIX, AZ 85009**

And situated upon that certain lot(s) or parcel(s) of land in MARICOPA County, Arizona, described as follows:

**1635 S. 43RD AVENUE**
**PHOENIX, AZ 85009**

An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:

**$7,013,441.00**

## NOTICE TO PROPERTY OWNER

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property.  You may wish to protect yourself against this consequence by either:

1)  Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.

2)  Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3)  Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice.  In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:        FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _____

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

--------------------------------------------------------------------------

### ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at

_____ (address).  Date:  ___/___/___ (date this acknowledgment was executed)

_____

Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Please note:  Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)



MG ESQ(AZ(N118112S1]B5
729 Miner Road
Cleveland OH 44143



**USPS CERTIFIED MAIL**

9214 8901 5273 7200 0014 8098 17

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N. Hayden Road #210
Scottsdale AZ 85251



To Whom It May Concern:

The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. *This is NOT a Lien* but a statutory requirement and needs to be done as a matter of law.

The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.


Sincerely,

FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952
Contact: MS. CONNIE BRETL
Telephone: (920) 751 - 9863

File (N118112) 2056301

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and Address of Claimant):

For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952



By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will furnish labor, professional services, materials, machinery, fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL INSTALLATION

In the construction, alteration or repair of the building, structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:

$7,013,441.00

## NOTICE TO PROPERTY OWNER

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property.  You may wish to protect yourself against this consequence by either:

1) Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor. 

2) Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3) Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice.  In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:        FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _____

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

---------------------------------------------------------------------------------

## ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at _____ (address).  Date:  ___/___/___ (date this acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person

Please note:  Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)

MG ESQ[AZ(N118112S3]85
729 Miner Road
Cleveland OH 44143



**USPS CERTIFIED MAIL**

9214 8901 5273 7200 0014 8098 24

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. This is NOT a Lien but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact: MS. CONNIE BRETL*
*Telephone: (920) 751 - 9863*

*File (N118112) 2056301*

## ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE
### PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN.  THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL. 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):

For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)



You are hereby notified that the Claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building,
structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in
MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional
services, materials, machinery, fixtures or tools furnished or to
be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property.  You may wish to protect yourself against this consequence by either:

1)  Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.

2)  Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3)  Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice.  In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:        FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _____
Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address).  Date:  ___/___/___ (date this acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Please note:  Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)

MG ESQ[AZ(N118112B2]B5
729 Miner Road
Cleveland OH 44143



**USPS CERTIFIED MAIL**

9214 8901 5273 7200 0014 8098 31



JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA.* <u>*This is NOT a Lien*</u> *but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact: MS. CONNIE BRETL*
*Telephone: (920) 751 - 9863*

*File (N118112) 2056301*

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN.  THIS IS NOT A
REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

The name and address of lessee or reputed leasehold interest
is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021

The name and address of any lender or reputed lender and or
assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant
has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):

For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)



You are hereby notified that the Claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building,
structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in
MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional
services, materials, machinery, fixtures or tools furnished or to
be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

**If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You may wish to protect yourself against this consequence by either:**

**1) Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.**

**2) Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.**

**3) Using any other method or device that is appropriate under the circumstances.**

**Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.**

**Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.**

DATED:          FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _____

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

-----------------------------------------------------------------------------------------------

**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address). Date: ___/___/___ (date this
acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person

Please note: Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)



MG ESQ[AZ(N118112B3]B5
729 Miner Road
Cleveland OH 44143



**USPS CERTIFIED MAIL**

9214 8901 5273 7200 0014 8098 48



VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. <u>This is NOT a Lien</u> but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact:  MS. CONNIE BRETL*
*Telephone:  (920) 751 - 9863*

*File (N118112) 2056301*

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and Address of Claimant):

For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952



By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will furnish labor, professional services, materials, machinery, fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building, structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

**If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You may wish to protect yourself against this consequence by either:**

**1) Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.**

**2) Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.**

**3) Using any other method or device that is appropriate under the circumstances.**

**Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.**

**Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.**

DATED:          FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _Michelle Gerred_
Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

-----------------------------------------------------------------------------------------------

**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address). Date: ___/___/___ (date this acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Please note: Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)



# EXHIBIT D

## AFFIDAVIT AND PROOF OF MAILING OF PRELIMINARY TWENTY DAY NOTICE

### BY MAIL

STATE OF OHIO            )
                         ) ss.
COUNTY OF CUYAHOGA       )

Colleen Kirk, being first duly sworn upon his/her oath, deposes and says:

1.      I make this affidavit on my personal knowledge of the facts herein set forth.

2.      On February 12, 2021, pursuant to A.R.S. 33-992.01, I mailed a copy of the Arizona Preliminary Twenty Day Notice
to:

Owner or Reputed Owner
VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

by certified mail, return receipt requested.  A copy of the certified mail receipt is attached hereto as part of Exhibit C and incorporated
herein by reference.

3.      I also mailed this same Notice by certified mail, return receipt requested, to the following entities:

Person with Whom Claimant has Contracted:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

Project Original Contractor or Reputed Contractor
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021
by certified mail, return receipt requested.  A copy of the certified mail receipt is attached hereto as part of Exhibit C and incorporated
herein by reference.

Dated this 16TH day of _March_, 2022

_Colleen Kirk_

By: Colleen Kirk

SUBSCRIBED AND SWORN to before me this 16 day of March 2022 by Colleen Kirk.

My Commission Expires:

4-22-2023

Notary Public

(Ref. N118112)

KEELY J. BINDAS
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Cuyahoga County
My Comm. Exp. 4/22/2023

MG ESQ[AZ(N118112OW]B5
729 Miner Road
Cleveland OH 44143



USPS CERTIFIED MAIL

9214 8901 5273 7200 0014 8097 94



VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c/o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C/O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c/o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. <u>This is NOT a Lien</u> but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact: MS. CONNIE BRETL*
*Telephone: (920) 751 - 9863*

*File (N118112) 2056301*

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN.  THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):



For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building,
structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in
MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional
services, materials, machinery, fixtures or tools furnished or to
be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You may wish to protect yourself against this consequence by either:

1) Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.

2) Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3) Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:        FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _Michelle Gerred_

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address). Date: ___ / ___ / ___ (date this
acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person

Please note: Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)



MG ESQ[AZ(N118112GC]B5
729 Miner Road
Cleveland OH 44143

**USPS CERTIFIED MAIL**



9214 8901 5273 7200 0014 8098 00



STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c/o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N. PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA.* <u>*This is NOT a Lien*</u> *but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact: MS. CONNIE BRETL*
*Telephone: (920) 751 - 9863*

*File (N118112) 2056301*

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN.  THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):



For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will furnish labor, professional services, materials, machinery, fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building, structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You may wish to protect yourself against this consequence by either:

1) **Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.**

2) **Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.**

3) **Using any other method or device that is appropriate under the circumstances.**

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:      FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _Michelle Gerred_
Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address). Date: ___/___/___ (date this acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person

Please note: Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)



MG ESQ[AZ(N118112S1]85
729 Miner Road
Cleveland OH 44143



USPS CERTIFIED MAIL

9214 8901 5273 7200 0014 8098 17



STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. <u>This is NOT a Lien</u> but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact:  MS. CONNIE BRETL*
*Telephone:  (920) 751 - 9863*

*File (N118112) 2056301*

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL 33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

The name and address of lessee or reputed leasehold interest
is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ 85021

The name and address of any lender or reputed lender and or
assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant
has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date: FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):



For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building,
structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in
MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional
services, materials, machinery, fixtures or tools furnished or to
be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You may wish to protect yourself against this consequence by either:

1) Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.

2) Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3) Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.



DATED:          FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _Michelle Gerred_

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**<u>ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE</u>**

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address). Date: ___/___/___ (date this acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person

Please note: Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)

MG ESQ[AZ(N118112S3]B5
729 Miner Road
Cleveland OH 44143



USPS CERTIFIED MAIL

9214 8901 5273 7200 0014 8098 24



JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



To Whom It May Concern:

The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. *This is NOT a Lien* but a statutory requirement and needs to be done as a matter of law.

The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.

Sincerely,

FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952
Contact:  MS. CONNIE BRETL
Telephone:  (920) 751 - 9863

File (N118112) 2056301

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL 33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ 85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and Address of Claimant):



For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will furnish labor, professional services, materials, machinery, fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL INSTALLATION

In the construction, alteration or repair of the building, structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You may wish to protect yourself against this consequence by either:

1) Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.

2) Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3) Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:      FEBRUARY 12, 2021



FAITH TECHNOLOGIES, INC.

By: _Michelle Gerred_____

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

------------------------------------------------------------------------

**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address). Date: ___/___/___ (date this
acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Please note: Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)

MG ESQ[AZ(N116112B2]B5
729 Miner Road
Cleveland OH 44143



**USPS CERTIFIED MAIL**

9214 8901 5273 7200 0014 8098 31



JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. <u>This is NOT a Lien</u> but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact: MS. CONNIE BRETL*
*Telephone: (920) 751 - 9863*

*File (N118112) 2056301*

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL  33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ  85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL  32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ  85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):



For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building,
structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in
MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional
services, materials, machinery, fixtures or tools furnished or to
be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property. You may wish to protect yourself against this consequence by either:

1) Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.

2) Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3) Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice. In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:        FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _Michelle Gerred_

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

--------------------------------------------------------------------------------

**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address). Date: ___/___/___ (date this acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Please note: Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)



MG ESQ[AZ(N118112B3]B5
729 Miner Road
Cleveland OH 44143

**USPS CERTIFIED MAIL**



9214 8901 5273 7200 0014 8098 48



VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251

# ATTENTION

Please find the enclosed document.

## Distribution List

VITAL PHARMACEUTICALS INC. dba BANG ENERGY
1635 S. 43RD AVENUE
Phoenix AZ 85009

STELLAR GROUP INCORPORATED
c\o Corporation Service Company
8825 N 23rd Avenue Suite 100
Phoenix AZ 85021

JHO Real Estate Investment LLC
C\O Corporate Creations Network INC
3260 N. Hayden Rd #210
Scottsdale AZ 85251

STELLAR GROUP INCORPORATED
2900 HARTLEY ROAD
Jacksonville FL 32257

JHO REAL ESTATE INVESTMENT LLC
1600 N PARK DR
WESTON FL 33326

VITAL PHARMACEUTICALS INC. dba Bang Energy
c\o Corporate Creations Network Inc.
3260 N Hayden Road #210
Scottsdale AZ 85251



*To Whom It May Concern:*

*The sending of the following Preliminary Notice is prescribed by the construction lien laws of ARIZONA. This is NOT a Lien but a statutory requirement and needs to be done as a matter of law.*

*The sending of this notice should not reflect on the creditworthiness of FAITH TECHNOLOGIES, INC.'s customer or any other party to the project nor does it indicate any expected problem in the payment of FAITH TECHNOLOGIES, INC.'s invoices.*

*Sincerely,*

*FAITH TECHNOLOGIES, INC.*
*225 MAIN STREET*
*MENASHA, WI 54952*
*Contact:  MS. CONNIE BRETL*
*Telephone:  (920) 751 - 9863*

*File (N118112) 2056301*

**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**
PURSUANT TO A.R.S. SECTION 33-992
**IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

The name and address of the owner or reputed owner are:
VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

VITAL PHARMACEUTICALS, INC. DBA BANG
ENERGY
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

JHO REAL ESTATE INVESTMENT, LLC
1600 N PARK DR
WESTON, FL 33326

JHO REAL ESTATE INVESTMENT, LLC
C/O CORPORATE CREATIONS NETWORK INC.
3260 N HAYDEN ROAD #210
SCOTTSDALE, AZ 85251

The name and address of lessee or reputed leasehold interest is:

The name and address of the original contractor are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

STELLAR GROUP, INCORPORATED
C/O CORPORATION SERVICE COMPANY
8825 N 23RD AVENUE, SUITE 100
PHOENIX, AZ 85021

The name and address of any lender or reputed lender and or assigns are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

The name and address of the person with whom the claimant has contracted are:
STELLAR GROUP, INCORPORATED
2900 HARTLEY ROAD
JACKSONVILLE, FL 32257

The name and address of any surety company/agent are:

UNABLE TO DETERMINE. A REQUEST IS INCLUDED
HEREIN PER A.R.S. 33-992.01.

*We request a copy of the bond, if applicable.*

Date:  FEBRUARY 12, 2021 (Notice #N118112)
This preliminary lien notice has been completed (Name and
Address of Claimant):



For:
FAITH TECHNOLOGIES, INC.
225 MAIN STREET
MENASHA, WI 54952

By:
Michelle Gerred, Esq., #031678
PO Box 24101
Cleveland, OH 44124
(as limited agent for FAITH TECHNOLOGIES, INC.)

You are hereby notified that the Claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

MATERIALS AND LABOR, ELECTRICAL
INSTALLATION

In the construction, alteration or repair of the building,
structure or improvement located at:

BANG ENERGY PHX CAN MANUFACTURING
1635 S. 43RD AVENUE
PHOENIX, AZ 85009

And situated upon that certain lot(s) or parcel(s) of land in
MARICOPA County, Arizona, described as follows:

1635 S. 43RD AVENUE
PHOENIX, AZ 85009

An estimate of the total price of the labor, professional
services, materials, machinery, fixtures or tools furnished or to
be furnished is:

$7,013,441.00

**NOTICE TO PROPERTY OWNER**

If bills are not paid in full for the labor, professional services, materials, machinery, fixtures or tools furnished, or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being improved may be placed against the property.  You may wish to protect yourself against this consequence by either:

1)  Requiring your contractor to furnish a conditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 1 and 3 signed by the person or firm giving you this notice before you make payment to your contractor.

2)  Requiring your contractor to furnish an unconditional waiver and release pursuant to Arizona Revised Statutes section 33-1008, subsection D, paragraphs 2 and 4, signed by the person or firm giving you this notice after you make payment to your contractor.

3)  Using any other method or device that is appropriate under the circumstances.

Within ten days of the receipt of this preliminary twenty day notice the owner or other interested party is required to furnish all information necessary to correct any inaccuracies in the notice pursuant to Arizona Revised Statutes section 33-992.01, subsection I or lose as a defense any inaccuracy of that information.

Within ten days of the receipt of this preliminary twenty day notice if any payment bond has been recorded in compliance with Arizona Revised Statutes section 33-1003, the owner must provide a copy of the payment bond including the name and address of the surety company and bonding agent providing the payment bond to the person who has given the preliminary twenty day notice.  In the event that the owner or other interested party fails to provide the bond information within that ten day period, the claimant shall retain lien rights to the extent precluded or prejudiced from asserting a claim against the bond as a result of not timely receiving the bond information.

DATED:        FEBRUARY 12, 2021

FAITH TECHNOLOGIES, INC.

By: _Michelle Gerred_

Michelle Gerred, Esq., #031678
(as limited agent for FAITH TECHNOLOGIES, INC.)

--------------------------------------------------------------------------------

<u>**ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY TWENTY-DAY NOTICE**</u>

This acknowledges receipt on ___ / ___ / ___ (date) of a copy of the preliminary twenty-day notice at
_____ (address).  Date: ___/___/___ (date this acknowledgment was executed)

_____
Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person)

Please note:  Arizona Revised Statutes, Section 33-992.02, provides that the acknowledgment be returned to the person or firm sending the Preliminary Twenty Day Notice (Michelle Gerred, Esq.) within thirty days of receipt thereof.

(Our Ref. N118112 2056301)

