# EXHIBIT K

William H. Breier (029626)
Ben J. Himmelstein (023267)
**RADIX LAW**
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
breier@radixlaw.com
himmelstein@radixlaw.com
(602) 606-9300
*Attorneys for Integrated Masonry*

### ARIZONA SUPERIOR COURT

### MARICOPA COUNTY

| | |
|---|---|
| NEXUS STEEL, LLC, an Arizona limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JHO REAL ESTATE INVESTMENT, LLC., a Florida limited liability company, VITAL PHARMACEUTICALS, INC., a Florida corporation, d/b/a BANG, LLC, a Florida limited liability company, FABCO METAL PRODUCTS, LLC., a Florida limited liability company, BELVAC PRODUCTION MACHINERY, INC., a Virginia corporation, TRUST BANK, a North Carolina company, ISEC, INC., a Colorado corporation, HEAVY EQUIPMENT MOVERS & INSTALLATION, LLC, a Delaware limited liability company, HARDROCK CONCRETE PLACEMENT CO. INC., an Arizona corporation, STELLAR GROUP, INC., a Florida corporation, FAITH TECHNOLOGIES INC., a Wisconsin corporation, INTEGRATED MASONRY, an Arizona company, HACI MECHANICAL CONTRACTORS, INC., an Arizona corporation, TRENCH SHORE RENTALS, an Arizona corporation, THE MARICOPA COUNTY TREASURER'S OFFICE, BLACK & WHITE | Case No. CV2022-008873<br><br>**INTEGRATED MASONRY'S ANSWER, COUNTERCLAIM AND CROSSCLAIMS**<br><br>(Assigned to the Honorable Brad Astrowsky) |

1336729.1

CORPORATIONS 1-10,

          Defendants.

_____

And related Counterclaims and Crossclaims.

_____

      For its Answer to Plaintiff Nexus Steel, LLC's ("Plaintiff") Complaint, Defendant Integrated Masonry ("Integrated")[1] admits, denies, and affirmatively alleges as follows:

### GENERAL ALLEGATIONS

      1.     Integrated is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

      2.     Answering paragraph 2, Integrated admits on information and belief that JHO Real Estate Investment, LLC is a Florida corporation doing business in Maricopa County, Arizona, and is the owner or reputed owner of the Subject Property located at 1635 South 43rd Avenue, Phoenix, Arizona 85009, APN 105-14-001Q (the "Subject Property").  Integrated is without sufficient knowledge and information to form a belief as to the remainder of the allegations in paragraph 2 and therefore denies them.

      3.     Answering paragraph 3, Integrated admits on information and belief that Vital Pharmaceuticals, Inc. d/b/a Bang, LLC is a Florida corporation doing business in Maricopa County, Arizona.  Integrated is without sufficient knowledge and information to form a belief as to the remainder of the allegations in paragraph 3 and therefore denies them.

      4.     Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and therefore denies them.

---

[1] Integrated Masonry's legal corporate name is CM Builders, Inc. dba Integrated Masonry. Plaintiff did not identify CM Builders, Inc. in its Complaint.

1336729.1

5.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 and therefore denies them.

6.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 and therefore denies them.

7.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 and therefore denies them.

8.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and therefore denies them.

9.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 and therefore denies them.

10.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 and therefore denies them.

11.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and therefore denies them.

12.      Integrated admits the allegations contained in paragraph 12.

13.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 and therefore denies them.

14.      Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and therefore denies them.

3

15.     Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 and therefore denies them.

16.     Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and therefore denies them.

17.     Answering paragraph 17, Integrated agrees that Tier III is appropriate for this case pursuant to Rule 26.2 A.R.C.P.

18.     Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and therefore denies them.

19.     Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and therefore denies them.

20.     Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 and therefore denies them.

21.     Answering paragraph 21, Integrated admits that a document which purports to be a Preliminary 20-Day Notice pursuant to A.R.S. § 33-981 *et seq.* is attached to the Complaint as Exhibit A.    Integrated is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

22.     Answering paragraph 22, Integrated admits that a document which purports to be a Notice and Claim Lien for labor, materials, fixtures, equipment and/or tools is attached to the Complaint as Exhibit A (the "Nexus Lien").  Integrated is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

1336729.1

23.    Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 and therefore denies them.

## Count I

### (Lien Foreclosure – All Defendants)

24.    Answering paragraph 24, Integrated incorporates by reference its prior responses as though fully set forth herein.

25.    Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 and therefore denies them.

26.    To the extent valid, Integrated admits the allegations contained in paragraph 26.

27.    Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and therefore denies them.

28.    Integrated is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 and therefore denies them.

## Count II

### (Breach of Subcontract – Fabco Metal Products, LLC)

29.    Answering paragraph 29, Integrated incorporates by reference its prior responses as though fully set forth herein.

30.    The allegations in paragraphs 30 – 37 are not directed at Integrated, so no response is necessary.

/ / /

/ / /

/ / /

/ / /

1336729.1

<u>**Count III**</u>

**(Unjust Enrichment – JHO Real Estate Investments, Inc. and Vital**

**Pharmaceuticals)**

31.     Answering paragraph 38, Integrated incorporates by reference its prior responses as though fully set forth herein.

32.     The allegations set forth in paragraphs 39 – 44 are not directed at Integrated, so no response is necessary.

33.     Integrated denies any allegations in Plaintiff's Complaint not expressly admitted herein.

34.     Integrated is entitled to an award of its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341.01, 12-341, 33-995(E), and 33-998(B).

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

35. Plaintiff's Complaint fails to state a claim for relief, upon which may be granted, in whole or in part.

36. Plaintiff's lien claim is defective to the extent Plaintiff failed to comply with Arizona's mechanic's lien statutes.

37. Integrated does not know whether additional defenses will prove to be applicable and therefore reserve the right to add affirmative defenses dependent upon subsequently discovered information including, but not limited to, those affirmative defenses contained within Rules 8(c) and 12(b), A.R.C.P.

WHEREFORE, Integrated requests that Plaintiff take nothing on its Complaint and request that judgment be entered in favor of Integrated and award Integrated its attorneys' fees, costs, and charges as well as such further relief as it deems appropriate under the circumstances.

**<u>COUNTERCLAIM AND CROSSCLAIMS</u>**

Integrated Masonry ("Integrated") for its Counterclaim against Plaintiff Nexus Steel, LLC ("Nexus") and Crossclaims against JHO Real Estate Investment, LLC ("JHO"), Vital Pharmaceuticals, Inc. ("Vital") d/b/a Bang, LLC, Fabco Metal Products,

1336729.1

LLC ("Fabco"), Belvac Production Machinery, Inc. ("Belvac"), Truist Bank ("Truist"), ISEC, Inc. ("ISEC"), Heavy Equipment Movers & Installation, Inc ("HEMI"), Hardrock Concrete Placement Co., Inc. ("Hardrock"), Stellar Group, Inc. ("Stellar"), Faith Technologies, Inc. ("Faith"), HACI Mechanical Contractors, Inc. ("HACI"), Trench Shore Rentals ("Trench"), Black & White Corporations 1-10, hereby alleges and states as follows:

1.      Integrated is an Arizona corporation with is principal place of business in Maricopa County, Arizona.

2.      Integrated is a duly licensed contractor with the Arizona Registrar of Contractors.

3.      Integrated provided masonry installation and other services for the project located at 1635 South 43rd Avenue, Phoenix, Arizona, APN 105-14-001Q (hereinafter the "Property").

4.      Counterdefendant Nexus is an Arizona limited liability company which recorded a Mechanic's Lien on the Property.

5.      Cross-Defendant JHO is a Florida corporation which is the owner and operator of the Property.

6.      Cross-Defendant Vital is a Florida corporation which operates an energy drink bottling facility and who otherwise may have an ownership or other interest in the Property.

7.      Cross-Defendant Fabco Metal Products, LLC is a Florida limited liability company which recorded a Mechanic's Lien on the Property.

8.      Cross-Defendant Belvac is a Virginia corporation which recorded a Mechanic's Lien on the Property.

9.      Cross-Defendant Truist is a North Carolina bank which recorded a Deed of Trust on the Property.

10.     Cross-Defendant ISEC is a Colorado corporation which recorded a Mechanic's Lien on the Property.

7

11.     Cross-Defendant HEMI is a Delaware limited liability company which recorded a Mechanic's Lien on the Property.

12.     Cross-Defendant Hardrock is an Arizona corporation wo recorded a Mechanic's Lien on the Property.

13.     Cross-Defendant Stellar is a Florida corporation who was the General Contractor on the Project and, upon information and belief, recorded a Mechanic's Lien on the Property.

14.     Cross-Defendant Faith is a Wisconsin corporation which recorded a Mechanic's Lien on the Property.

15.     Cross-Defendant HACI is an Arizona corporation which recorded a Mechanic's Lien on the Property.

16.     Cross-Defendant Trench is an Arizona corporation which recorded a Mechanic's Lien on the Property.

17.     Cross-Defendants Black & White Corporations 1-10 represent unknown parties to Integrated who have an interest in or claim to the Property.  The true names of these defendants are presently unknown to Integrated.  Integrated may request leave to amend this complaint when the true names of these defendants are ascertained.

18.     Counterclaimant and Cross-Defendants have caused events to occur in Maricopa County, Arizona out of which the claim which is the subject of this action arose.  In addition, Integrated's Mechanic's Lien sought to be foreclosed is upon land situation in Maricopa County, Arizona.

19.     Pursuant to A.R.S. § 12-123, jurisdiction is proper in Maricopa County, Arizona.

20.     Pursuant to A.R.S. § 12-401, venue is proper in Maricopa County, Arizona.

21.     Concurrently with the filing of its claims herein, Integrated is recording a Notice of Lis Pendens with the Maricopa County Recorder's Office on the Property.

1336729.1

1

## **GENERAL ALLEGATIONS**

2      22.     On or about November 19, 2020, Integrated entered into a Subcontract

3  Agreement ("Subcontract") with Stellar to provide masonry installation and other

4  services at a project known as Bang Energy – Phoenix Can Manufacturing (the

5  "Project"), for the lump sum contract amount of $247,661.00.

6      23.     On December 11, 2020, and in accordance with A.R.S. § 33-992.01,

7  Integrated timely provided its 20-Day Preliminary Notice.  A copy of the mailing receipt

8  is attached hereto as **Exhibit 1**, Exhibit C thereto which is incorporated by this

9  reference.

10      24.     The legal description of the Property upon which Integrated's labor,

11  material, and services were provided is more specifically identified in **Exhibit 1**, Exhibit

12  A thereto which is incorporated by this reference.

13      25.     Commencing in January 2021, Integrated furnished labor and materials

14  and performed its work in accordance with the Subcontract.

15      26.     Integrated has fulfilled and performed all of its contractual obligations and

16  duties under the Subcontract.

17      27.     Integrated has made demand for payment from Stellar and JHO in the

18  amount of $145,637.30.

19      28.     Nexus and the Cross-Defendants may have an actual or beneficial interest

20  in the Property.

21

## **FIRST CLAIM FOR RELIEF**

22

### **(Lien Foreclosure – Nexus and all Counter-Defendants)**

23      29.     Integrated restates and realleges the above paragraphs as if fully set forth

24  herein.

25      30.     Commencing in January 2021, Integrated furnished labor and materials

26  and performed masonry construction work on the Project and the Property in accordance

27  with the terms of the Subcontract.

28

1336729.1

31.     The labor and materials furnished by Integrated were installed and incorporated into the building structures or improvements at the Property.

32.     The unpaid liquidated balance due to Integrated for the labor and materials furnished is $145,637.30, plus interest, costs, and fees.

33.     The amount set forth above is the reasonable value of the labor and materials supplied by Integrated to the Property after deducting just credits and offsets.

34.     On April 4, 2022, Integrated duly and timely, recorded in the Maricopa County Recorder's Office, at instrument number 20220297171, its Notice and Claim of Mechanic's Materialman's or Professional Services Lien in the amount of $145,637.30, exclusive of interest, costs, and fees ("Integrated Lien"). A copy of the recorded Integrated Lien is enclosed as **Exhibit 1** and incorporated by this reference. The Integrated Lien was also duly mailed to the reputed owners or those having a possible leasehold interest in the Property.

35.     Integrated has performed all conditions precedent to the fixing of a good and sufficient lien under the provisions of Article 6, Chapter 7, Title 33 of the Arizona Revised Statutes, in favor of Integrated and against the improvements and the Property.

36.     At the time the Integrated Lien was recorded, construction of the Project has not yet been completed, or in the alternative, not more than sixty (60) days had elapsed from the date of completion to the date the Integrated Lien was recorded.

37.     Since the recording of the Integrated Lien, Integrated has not been paid any part of the amount set forth in said lien.

38.     Integrated has impressed and secured a valid lien in accordance with A.R.S. § 33-993, and entitled to enforce and foreclose upon the Integrated Lien, and to have the Property sold to satisfy the amount set forth in the Integrated Lien, including, all interest, attorneys' fees and costs.

39.     The Integrated Lien shares equal priority with other mechanic's liens recorded on the Property.

1336729.1

WHEREFORE, Integrated requests judgment against Nexus and all Counter-Defendants as follows:

A. That Integrated be determined and adjudged to have a valid lien on the Property and the improvements in an amount to be proven at trial, but not less than the sum of $145,637.30, together with pre-judgment and post judgment interest, costs, and attorneys' fees;

B. That the Property and improvements thereon be sold and a writ or other special execution be issued to the Sherriff of Maricopa County, Arizona directing him/her to seize and sell the Property, according to the law and practices of this Court, and that the proceeds of the sale be applied first in satisfaction of the amounts due to Integrated, including all pre and post judgment interest, costs, and attorneys' fees; and

C. For such other relief that this Court deems just and appropriate.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Stellar)

40.    Integrated restates and realleges the above paragraphs as if fully set forth herein.

41.    Integrated and Stellar entered into the Subcontract, which Integrated agreed to furnish labor, materials, and other services for the Project on the Property, and Stellar agreed to pay Integrated.

42.    Integrated completed all of its services pursuant to the Subcontract prior to work being stopped on the Project.

43.    Integrated submitted Applications for Payment to Stellar for the months of November 2021, December 2021, and January 2022, along with an Application for Payment on its retention, copies of which are provided as **Exhibit 1**, Exhibit B thereto which are incorporated by this reference.

44.    Integrated remains unpaid the principal sum of $145,637.30 for its work on the Project.

11

45.     To the extent that Stellar was paid by the Project Owner for Integrated's work, Integrated is entitled to payment by Stellar.

46.     Stellar's failure to pay Integrated constitutes a breach of the Subcontract.

47.     As a result of Stellar's breach, Integrated has been damaged in the amount to be determined at trial, but not less than $145,637.30, plus pre and post judgment interest, and attorneys' fees and costs pursuant to the Subcontract and/or Arizona law.

WHEREFORE, Integrated requests judgment against Stellar as follows:

A. For damages in an amount to be determined at trial, but in no event less than $145,637.30;

B. For pre and post judgment at the highest rate available by law;

C. For Integrated's attorneys' fees and costs pursuant to the Subcontract and/or Arizona law; and

D. For such further relief as this Court deems just and appropriate.

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment – JHO and Vital)

48.     Integrated restates and realleges the above paragraphs as if fully set forth herein.

49.     Integrated provided masonry materials and labor for the Project, which was a benefit to the Property, which has enriched JHO and Vital.

50.     To date, Integrated has not been paid in the amount of $145,637.30 for those materials and services which enriched JHO and Vital, resulting in a detriment or impoverishment to Integrated.

51.     As such, JHO and/or Vital have been unjustly enriched and it is inequitable for JHO and/or Vital to retain said enrichment to the detriment of Integrated and accordingly, Integrated is entitled to payment from JHO and/or Vital for the materials and services provided by Integrated.

1336729.1

WHEREFORE, Integrated requests judgment against JHO and Vital as follows:

A.  For damages in an amount to be determined at trial, but in no event less than $145,637.30;

B.  For pre and post judgment at the highest rate available by law;

C.  For Integrated's attorneys' fees and costs pursuant to Arizona law; and

D.  For such further relief as this Court deems just and appropriate.

DATED: October 3, 2022.

**RADIX LAW**

*/s/ William H. Breier*
William H. Breier
Ben J. Himmelstein
*Attorneys for Integrated Masonry*

**ORIGINAL** *e-filed* via AZTurboCourt
on October 3, 2022;

**COPY** *e-mailed* this same date to:

Richard C. Gramlich
**TIFFANY & BOSCO**
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
rcg@tblaw.com
*Attorneys for Nexus Steel, LLC*

Scott Reynolds
**SATTERLEE GIBBS PLLC**
3133 W. Frye Road, Suite 101
Chandler, Arizona 85226
scott@sgazlaw.com
minuteentries@sgazlaw.com
*Attorneys for Hardrock Concrete
Placement Co. Inc.*

1336729.1

John L. Condrey
**GORDON REES SCULLY MANSUKHANI, LLP**
Two N. Central Avenue, Suite 2200
Phoenix, Arizona 85004
jcondrey@grsm.com
*Attorneys for Fabco Metal Products, LLC*

Angelo D. DiBartolomeo
**GORDON REES SCULLY MANSUKHANI, LLP**
325 W. Main Street, Suite 2300
Waterfront Plaza - West Tower
Louisville, KY 40202
adibartolomeo@grsm.com
(Pro hac vice)
*Attorneys for Fabco Metal Products, LLC*

Richard B. Murphy
Chase E. Halsey
**MURPHY CORDIER CASALE AXEL PLC**
4647 N. 32nd Street, Suite 150
Phoenix, Arizona 85018
Rich@mccalaw.com
Chase@mccalaw.com
*Attorneys for Stellar Group, Inc.*

Edward A. Salanga
Cale S. Johnson
Eric J. Van Schyndle *(pro hac vice)*
**QUARLES & BRADY LLP**
Two N. Central Avenue, #600
Phoenix, Arizona 85004
Edward.Salanga@quarles.com
Cale.Johnson@quarles.com
Eric.Vanschyndle@quarles.com
*Attorneys for JHO Real Estate Investment, LLC
and Vital Pharmaceuticals, Inc*

Christopher Berry
**BERRY LAW GROUP**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
cberry@berrylawgroup.com
*Attorneys for Truist Bank*

14

Keith L. Hendricks
**MOYES SELLERS & HENDRICKS**
1850 N. Central Avenue, Suite 1100
Phoenix, Arizona 85004
khendricks@law-msh.com
*Attorneys for ISEC, Inc.*

Robert F. Roos
Brooks Brennan
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
201 E. Washington Street, Suite 1200
Phoenix, Arizona 85004
rroos@lewisroca.com
bbrennan@lewisroca.com
*Attorneys for Faith Technologies, Inc.*

Copy mailed to:

Belvac Production Machinery, Inc.
237 Graves Mill Road
Lynchburg, Virginia 24502

Heavy Equipment Movers & Installation
126 Industrial Drive
Maysville, Georgia 3055

HACI Mechanical Contractors, Inc.
2108 W. Shangri LA Road
Phoenix, Arizona 85029

Trench Shore Rentals
17200 N Perimeter, Suite 103
Scottsdale, Arizona 85255


By: */s/ K. Edmondson*

# EXHIBIT 1

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
STEPHEN RICHER
20220297171  04/04/2022  09:20
ELECTRONIC RECORDING

6136935-21-1-1--
sotor

RECORDING REQUESTED BY

**INTEGRATED MASONRY**

WHEN RECORDED MAIL TO

INTEGRATED MASONRY
C/O CAPRENOS INC
4345 MURPHY CYN RD #200
SAN DIEGO CA 92123

[Space above this line for Recorder's use only]

## NOTICE AND CLAIM OF MECHANIC'S, MATERIALMAN'S
## OR PROFESSIONAL SERVICES LIEN
*** EFFECTIVE AS OF THE RECORDER'S STAMP ABOVE ***

[To be recorded in the county recorder's office in the county in which the property is located.]

The undersigned  **INTEGRATED MASONRY**
as claimant claims a lien for labor, service, equipment, or materials described below, furnished for work of improvement upon that certain real property located in the county of :  **MARICOPA**                                        , described as follows:
PROJECT:

**1635 S 43RD AVE**                              **LEGAL DESCRIPTION:**
**PHOENIX AZ 85009**                          **SEE ATTACHED EXHIBIT 'A'**

and lien claim is for the following labor, sevices, equipment, or materials described and listed below:
**MASONRY SERVICES**

Amount due after deducting all just credits and offsets is      **$145,637.30**
plus interest from: **03/25/2022**     at percent rate of:  **18.00%** per annum pursuant to   **contract agreement attached,**
and shall include fees for the cost of preparation and foreclosure of this lien pursuant to    **ARS 33-995 E and 998 B.**

| The name of the person or company by whom claimant was employed, or to whom claimant furnished the labor, services equipment, or materials is: | The name(s) and address(s) of the owner(s) or reputed owners of the real property is/are: |
|---|---|
| **STELLAR GROUP**<br>**2900 HARTLEY RD**<br>**JACKSONVILLE FL 32257** | **JHO REAL ESTATE INVESTMENT LLC**<br>**1600 N PARK DR**<br>**WESTON FL 33326** |

CONTRACT      (Terms and Conditions)

SEE ATTACHED EXHIBIT 'B'

[  ]   See attached                        for additional contract information.
                                    **(Copy of Contract Required if Written)**

Date Materials, Labor, Etc First Furnished to Jobsite ___ **01/04/2021** ___

Date Preliminary Notice was Filed ___ **12/11/2020** ___

Project Completion Date ___ **01/31/2022** ___

[ x ]  A copy of the Pre-Lien(s) and the proof of mailing required by  **ARS 33-992.02** are attached as  **EXHIBIT C**
Forms by Caprenos Inc.                                                        **Page 1 of 2**

20220297171

**WHEREFORE,** and pursuant to **ARS 33 33-993,** Claimant claims and fixes a lien upon the Property in the Amount of Claim provided herein by causing this Notice and Claim to be recorded with the County Recorder of the county in which the Property is situated and a copy to be served within a reasonable time upon the Owner if he can be found within that county.

Signed this date: _____ **March 31, 2022** _____     AGENT _____
(Name and Title)

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**STATE OF CALIFORNIA**     ) ____ 3/31/2022 ____
                                        **Date of Acknowledgement**
                                   ) S.S.
**COUNTY OF** _San Diego_       )

The following person(s) _Cinder Wood_ _____ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document, personally appeared before me, a notary public, and, being duly sworn upon oath, stated that he had read this document and knows of his own knowledge that the facts stated herein are true and correct, except those matters based on his own behalf, or, if subscribed in a representative capacity, in the capacity indicated for the principal named.

**IN WITNESS WHEREOF I HAVE SET MY HAND AND OFFICIAL SEAL.**

**My commission expires:**
_12-24-2023_                          _Rebecca a Moody_
                                              **Notary Public**

Forms by Caprenos Inc.

Page 2 of 2



REBECCA A. MOODY
COMM. # 2316579
NOTARY PUBLIC ● CALIFORNIA
SAN DIEGO COUNTY
Commission Expires Dec. 24, 2023

202202971171

EXHIBIT 'A'

# EXHIBIT 'A'

Legal Description -

That portion of the Northwest quarter of Section 15, Township 1 North, Range 2 East of the Gila and Salt River Meridian, Maricopa County, Arizona, described as follows:

Beginning at the Northwest corner of the North half of the Southwest quarter of said Northwest quarter;

Thence South (assumed bearing for purposes of this description) along the West line of said section, a distance of 660.00 feet to a line that is parallel with and distant 1968.46 feet Southerly measured at right angles from the North line of said section;

Thence South 89 degrees 50 minutes East, along said parallel line, a distance of 1307.28 feet to a line that is parallel with and distant 10.00 feet Westerly, measured at right angle, from the East line of said Southwest quarter, last said parallel line being also the center line of an existing drill track;

Thence North 00 degrees 01 minutes West, along last said parallel line, a distance of 1095.68 feet to a point of CUSP;

Thence Southwesterly along a tangent curve concave Northwesterly having a radius of 642.43 feet, through a central angle of 05 degrees 43 minutes 29 seconds, an arc distance of 64.19 feet;

Thence South 05 degrees 42 minutes 29 seconds West, tangent to said curve, a distance 26.38 feet;

Thence Southwesterly and Westerly along a tangent curve to the right having a radius 382.24 feet, through a central angle of 84 degrees 27 minutes 31 seconds, an arc distance of 563.45 feet to a point of tangency in a line that is parallel with and distant 1308.46 feet Southerly, measured at right angles, from said North line;

Thence North 89 degrees 50 minutes West, along last said parallel line, a distance of 919.70 feet to the point of beginning.

EXCEPTING THEREFROM that portion of said property lying below a depth of 500.00 feet measured vertically from the contour of the surface thereof;

Provided, however, that said grantor, its successors and assigns, shall not have the right for any and all purposes to enter upon, into or through the surface of the portion of said property lying above 500.00 feet, measured vertically from the contour of the surface of said property, as reserved in Deed recorded in Docket 9581, Page 180 and also recorded in Docket 9590, Page 873; and

EXCEPT all rights retained by Southern Pacific Company, a Delaware corporation in Warranty Deed recorded in Docket 3976, Page 407 of official records of Maricopa County, Arizona.

202202297171

EXHIBIT 'B'

20220297171

## Exhibit B

## CONDITIONAL WAIVER AND RELEASE ON PROGRESS PAYMENT
### (Pursuant to A.R.S. 33-1008)

Project:      Bang Energy

Job No:

On receipt by the undersigned of a check from _____ Stellar Group _____ in the sum of
$   78,951.60   payable to _____ CM Builders Inc dba Integrated Masonry
  (Amount of Check)          (Maker of Check)                                                (Payee or Payees of Check)
and when the check has been properly endorsed and has been paid by the bank on which it is drawn, this document
becomes effective to release any Mechanic's Lien, any state or federal statutory bond right, any private bond right, any
claim for payment and any rights under any similar ordinance, rule or statute related to claim or payment rights persons
In the undersigned's position that the undersigned has on the job of

_____ Bang Energy _____
                    (Owner)
located at _____ 1635 South 43rd Ave - Phoenix, AZ 85009 _____
                                      (Job Description)
to the following extent. This release covers a progress payment for all labor, services, equipment or materials
furnished to the jobsite or to _____ Stellar Group _____ through    11.30.2021
                          (Person With Whom Undersigned Contracted)            (Thru Last Day of Month)
only and does not cover any retention, pending modifications and changes or items furnished after that date. Before
any recipient of this document relies on it, that person should verify evidence of payment to the undersigned.

The undersigned warrants that he either has already paid or will use the monies he receives from this progress
payment to promptly pay in full all of his laborers, subcontractors, material men and suppliers for all work, materials,
equipment or services provided for or to the above referenced project up to the date of this Waiver.

DATE:  11.18.2021

CM Builders Inc dba Integrated Masonry

Wyatt Strait - President

20220297171

**Exhibit B**

# APPLICATION AND CERTIFICATION FOR PAYMENT

AIA DOCUMENT G702                    PAGE ONE OF    2    PAGES

| TO GENERAL CONTRACTOR: | PROJECT: | | |
|---|---|---|---|
| Stellar Group | Bang Energy | APPLICATION NO: | 3 |
| 2900 Hartley Road | 1625 South 43rd Ave | APPLICATION DATE: 11.17.2021 | Distribution to: |
| Jacksonville, FL 32257 | Phoenix, AZ 85009 | | OWNER |
| FROM CONTRACTOR: | VIA ARCHITECT: | PERIOD TO:        11.30.2021 | ARCHITECT |
| Integrated Masonry | | | CONTRACTOR |
| 3241 East Shea Blvd #613 | | PROJECT NOS: | |
| Phoenix, AZ 85028 | | | |

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract.
Continuation Sheet, AIA Document G703, is attached.

| | |
|---|---|
| 1. ORIGINAL CONTRACT SUM | $   247,661.00 |
| 2. Net change by Change Orders | $     59,051.00 |
| 3. CONTRACT SUM TO DATE (Line 1 ± 2) | $   306,712.00 |
| 4. TOTAL COMPLETED & STORED TO | $   315,997.00 |
|    DATE        (Column G on G703) | |
| 5. RETAINAGE: | |
|    a.    10  % of Completed Work    $    31,597.70 | |
|          (Column D + E on G703) | |
|    b.     0   % of Stored Material    $ | |
|          (Column F on G703) | |
|          Total Retainage (Lines 5a + 5b or | |
|          Total in Column I of G703) | $     31,597.70 |
| 6. TOTAL EARNED LESS RETAINAGE | $   284,379.30 |
|    (Line 4 Less Line 5 Total) | |
| 7. LESS PREVIOUS CERTIFICATES FOR | |
|    PAYMENT (Line 6 from prior Certificate) | $   205,427.70 |
| 8. CURRENT PAYMENT DUE | $     78,951.60 |
| 9. BALANCE TO FINISH, INCLUDING RETAINAGE | $     22,332.70 |
|    (Line 3 less Line 6) | |

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner | | |
| Total approved this Month | | |
| TOTALS | $0.00 | $0.00 |
| NET CHANGES by Change Order | | $0.00 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

CONTRACTOR:

By: _____    Date: 11.15.2021

State of:
Subscribed and sworn to before me this
Notary Public:    County of:
My Commission expires:    day of

CONTRACT DATE:

## ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED ............ $ _____

(Attach explanation if amount certified differs from the amount applied. Initial all figures on this Application and on the Continuation Sheet that are changed to conform with the amount certified.)

ARCHITECT:

By: _____    Date: _____

This Certificate is not negotiable. The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

AIA DOCUMENT G702 · APPLICATION AND CERTIFICATION FOR PAYMENT · 1992 EDITION · AIA · ©1992
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE, N.W., WASHINGTON, DC 20006-5292

Users may obtain validation of this document by requesting a completed AIA Document D401 - Certification of Documents's Authenticity from the Licensee.

20220297171
Exhibit D

# CONTINUATION SHEET

AIA Document G702, APPLICATION AND CERTIFICATION FOR PAYMENT, containing
Contractor's signed certification is attached
In tabulations below, amounts are stated to the nearest dollar.
Use Column I on Contracts where variable retainage for line items may apply.

*AIA DOCUMENT G703*

PAGE 2 OF 2 PAGES

APPLICATION NO: 3
APPLICATION DATE: 11.17.2021
PERIOD TO: 11.30.2021
ARCHITECT'S PROJECT NO.

**PROJECT: BANG ENERGY - INTEGRATED MASONRY**

| A ITEM NO. | B DESCRIPTION OF WORK | C SCHEDULED VALUE | D WORK COMPLETED FROM PREVIOUS APPLICATION (D+E) | E WORK COMPLETED THIS PERIOD | F MATERIALS PRESENTLY STORED (NOT IN D OR E) | G TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G÷C) | H BALANCE TO FINISH (C-G) | I RETAINAGE (IF VARIABLE RATE) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | |
| 2 | BUILDING MASONRY | | | | | | | | |
| 3 | (27) infills | $ 74,677.00 | $ 74,677.00 | $ - | - | $ 74,677.00 | 100% | $ - | $ 7,467.70 |
| 4 | | | | | | | | | |
| 5 | BUILDING - INTERIOR WALLS | | | | | | | | |
| 6 | Block & Mortar | $ 50,355.00 | $ 32,731.00 | $ 12,588.00 | - | $ 45,319.00 | 90% | $ 5,036.00 | $ 4,531.90 |
| 7 | Grout & Rebar | $ 41,894.00 | $ 35,609.00 | $ 2,095.00 | - | $ 37,704.00 | 90% | $ 4,190.00 | $ 3,770.40 |
| 8 | Labor & Equip | $ 80,735.00 | $ 52,477.00 | $ 20,184.00 | - | $ 72,661.00 | 90% | $ 8,074.00 | $ 7,266.10 |
| 9 | | | | | | | | | |
| 10 | CO #01 | $ 59,051.00 | $ 13,304.00 | $ 45,747.00 | - | $ 59,051.00 | 100% | $ - | $ 5,905.10 |
| 11 | CO #02 | $ 29,951.00 | $ 19,455.00 | $ - | - | $ 19,455.00 | 65% | $ 10,476.00 | $ 1,945.50 |
| 12 | CO #03 | $ 5,598.00 | - | - | - | - | | $ 5,598.00 | $ - |
| 13 | CO #04 | $ 3,651.00 | - | $ 3,651.00 | - | $ 3,651.00 | 100% | $ - | $ 365.10 |
| 14 | CO #05 | $ 3,459.00 | - | $ 3,459.00 | - | $ 3,459.00 | 100% | $ - | $ 345.90 |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | | | | | | | | | |
| | **GRAND TOTALS** | $ 349,351.00 | $ 228,253.00 | $ 87,724.00 | - | $ 315,977.00 | 90.45% | $ 33,374.00 | $ 31,597.70 |

Users may obtain validation of this document by requesting of the license a completed AIA Document D401 - Certification of Document's Authenticity

AIA DOCUMENT G703 · CONTINUATION SHEET FOR G702 · 1992 EDITION · AIA · ©1992
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W. WASHINGTON, D.C. 20006-5292

G703-1992

20220297171

## Exhibit B

## CONDITIONAL WAIVER AND RELEASE ON PROGRESS PAYMENT
(Pursuant to A.R.S. 33-1008)

Project:     Bang Energy

Job No:

On receipt by the undersigned of a check from _____ Stellar Group _____ in the sum of
$ __30,036.60__ payable to _____ CM Builders Inc dba Integrated Masonry _____
(Amount of Check)                                                              (Payee or Payees of Check)
and when the check has been properly endorsed and has been paid by the bank on which it is drawn, this document
becomes effective to release any Mechanic's Lien, any state or federal statutory bond right, any private bond right, any
claim for payment and any rights under any similar ordinance, rule or statute related to claim or payment rights persons
in the undersigned's position that the undersigned has on the job of

_____ Bang Energy _____
located at                                          (Owner)
_____ 1635 South 43rd Ave - Phoenix, AZ 85009 _____
                                              (Job Description)
to the following extent. This release covers a progress payment for all labor, services, equipment or materials
furnished to the jobsite or to _____ Stellar Group _____ through ___ 12.31.2021 ___
                              (Person With Whom Undersigned Contracted)              (Thru Last Day of Month)
only and does not cover any retention, pending modifications and changes or items furnished after that date. Before
any recipient of this document relies on it, that person should verify evidence of payment to the undersigned.

The undersigned warrants that he either has already paid or will use the monies he receives from this progress
payment to promptly pay in full all of his laborers, subcontractors, material men and suppliers for all work, materials,
equipment or services provided for or to the above referenced project up to the date of this Waiver.

DATE: __12.20.2021__

                                        CM Builders Inc dba Integrated Masonry


                                        Wyatt Strait - President

20220297171

**Exhibit B**

# APPLICATION AND CERTIFICATION FOR PAYMENT

| | | |
|---|---|---|
| **TO GENERAL CONTRACTOR:** | **PROJECT:** | **AIA DOCUMENT G702** |

TO GENERAL CONTRACTOR:
Stellar Group
2900 Hartley Road
Jacksonville, FL 32257

PROJECT:
Bang Energy
1635 South 43rd Ave
Phoenix, AZ 85009

FROM CONTRACTOR:
Integrated Masonry
3241 East Shea Blvd #613
Phoenix, AZ 85028

VIA ARCHITECT:

**AIA DOCUMENT G702**

APPLICATION NO: 4

APPLICATION DATE: 12.20.2021

PERIOD TO: 12.31.2021

PROJECT NOS:

CONTRACT DATE:

PAGE ONE OF 2 PAGES

Distribution to:
☐ OWNER
☐ ARCHITECT
☐ CONTRACTOR

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract.
Continuation Sheet, AIA Document G703, is attached.

| | | | |
|---|---|---|---|
| 1. ORIGINAL CONTRACT SUM | | $ | 247,661.00 |
| 2. Net change by Change Orders | | | 101,690.00 |
| 3. CONTRACT SUM TO DATE (Line 1 ± 2) | | $ | 349,351.00 |
| 4. TOTAL COMPLETED & STORED TO | | $ | 349,351.00 |
| DATE  (Column G on G703) | | | |
| 5. RETAINAGE: | | | |
| a.  10  % of Completed Work | $  34,935.10 | | |
| (Column D + E on G703) | | | |
| b.  0  % of Stored Material | $ | | |
| (Column F on G703) | | | |
| Total Retainage (Lines 5a + 5b or | | | |
| Total in Column I of G703) | | $ | 34,935.10 |
| 6. TOTAL EARNED LESS RETAINAGE | | $ | 314,415.90 |
| (Line 4 Less Line 5 Total) | | | |
| 7. LESS PREVIOUS CERTIFICATES FOR | | | |
| PAYMENT (Line 6 from prior Certificate) | | $ | 284,379.30 |
| 8. CURRENT PAYMENT DUE | | $ | 30,036.60 |
| 9. BALANCE TO FINISH, INCLUDING RETAINAGE | | $ | 34,935.10 |
| (Line 3 less Line 6) | | | |

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner | | |
| Total approved this Month | | |
| TOTALS | $0.00 | $0.00 |
| NET CHANGES by Change Order | $0.00 | |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

CONTRACTOR:

By: _____  Date: _____

State of:
County of:
Subscribed and sworn to before me this
day of
Notary Public:
My Commission expires:

## ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED . . . . . . . . . . $ _____
(Attach explanation if amount certified differs from the amount applied. Initial all figures on this Application and on the Continuation Sheet that are changed to conform with the amount certified.)

ARCHITECT:

By: _____  Date: _____

This Certificate is not negotiable.  The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

AIA DOCUMENT G702 · APPLICATION AND CERTIFICATION FOR PAYMENT · 1992 EDITION · AIA · ©1992

THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE. N.W. WASHINGTON, DC 20006-5292

**Users may obtain validation of this document by requesting a completed AIA Document D401 - Certification of Document's Authenticity from the Licensee.**

20220297171

## Exhibit B

# CONTINUATION SHEET

AIA Document G702, APPLICATION AND CERTIFICATION FOR PAYMENT, containing

Contractor's signed certification is attached.

In tabulations below, amounts are stated to the nearest dollar.

Use Column I on Contracts where variable retainage for line items may apply.

**PROJECT: BANG ENERGY - INTEGRATED MASONRY**

AIA DOCUMENT G703

PAGE 2 OF 2 PAGES

APPLICATION NO: 4
APPLICATION DATE: 12.20.2021
PERIOD TO: 12.31.2021
ARCHITECT'S PROJECT NO:

| A ITEM NO. | B DESCRIPTION OF WORK | C SCHEDULED VALUE | D WORK COMPLETED FROM PREVIOUS APPLICATION (D+E) | E WORK COMPLETED THIS PERIOD | F MATERIALS PRESENTLY STORED (NOT IN D OR E) | G TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G÷C) | H BALANCE TO FINISH (C-G) | I RETAINAGE (IF VARIABLE RATE) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | |
| 2 | BUILDING MASONRY | | | | | | | | |
| 3 | (27) infills | $ 74,677.00 | $ 74,677.00 | $ - | $ | $ 74,677.00 | 100% | | $ 7,467.70 |
| 4 | | | | | | | | | |
| 5 | BUILDING - INTERIOR WALLS | | | | | | | | |
| 6 | Block & Mortar | $ 50,355.00 | $ 45,319.00 | $ 5,036.00 | $ - | $ 50,355.00 | 100% | | $ 5,035.50 |
| 7 | Grout & Rebar | $ 41,894.00 | $ 37,704.00 | $ 4,190.00 | $ - | $ 41,894.00 | 100% | | $ 4,189.40 |
| 8 | Labor & Equip | $ 80,735.00 | $ 72,561.00 | $ 8,074.00 | $ - | $ 80,735.00 | 100% | | $ 8,073.50 |
| 9 | | | | | | | | | |
| 10 | CO #01 | $ 59,051.00 | $ 59,051.00 | $ - | $ - | $ 59,051.00 | 100% | | $ 5,905.10 |
| 11 | CO #02 | $ 29,931.00 | $ 19,455.00 | $ 10,476.00 | $ - | $ 29,931.00 | 100% | | $ 2,993.10 |
| 12 | CO #03 | $ 5,598.00 | $ - | $ 5,598.00 | $ - | $ 5,598.00 | 100% | | $ 559.80 |
| 13 | CO #04 | $ 3,651.00 | $ 3,651.00 | $ - | $ - | $ 3,651.00 | 100% | | $ 365.10 |
| 14 | CO #05 | $ 3,459.00 | $ 3,459.00 | $ - | $ - | $ 3,459.00 | 100% | | $ 345.90 |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | GRAND TOTALS | $ 349,351.00 | $ 315,977.00 | $ 33,374.00 | $ - | $ 349,351.00 | 100.00% | $ - | $ 34,935.10 |

Users may obtain validation of this document by requesting a completed AIA Document D401 - Certification of Document's Authenticity

AIA DOCUMENT G703 CONTINUATION SHEET FOR G702 1992 EDITION - AIA ©1992
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W. WASHINGTON, D.C. 20006-5232

G703-1992

20220297171

## Exhibit B

### CONDITIONAL WAIVER AND RELEASE ON PROGRESS PAYMENT
(Pursuant to A.R.S. 33-1008)

Project:     Bang Energy

Job No:

On receipt by the undersigned of a check from _____ Stellar _____ in the sum of
$ __1,542.60__ payable to _____ CM Builders Inc dba Integrated Masonry _____
  (Amount of Check)                                    (Maker of Check)
                                                 (Payee or Payees of Check)
and when the check has been properly endorsed and has been paid by the bank on which it is drawn, this document
becomes effective to release any Mechanic's Lien, any state or federal statutory bond right, any private bond right, any
claim for payment and any rights under any similar ordinance, rule or statute related to claim or payment rights persons
in the undersigned's position that the undersigned has on the job of

_____ Bang Energy _____
                                                 (Owner)
located at _____ 1635 South 43rd Ave - Phoenix, AZ85009 _____
                                              (Job Description)
to the following  extent.  This release covers a progress payment for all labor, services, equipment or materials
furnished to the jobsite or to _____ Stellar _____ through __01.31.2022__
                              (Person With Whom Undersigned Contracted)         (Thru Last Day of Month)
only and does not cover any  retention, pending  modifications and changes or items furnished after that date.  Before
any recipient of this  document relies on it, that  person should verify evidence of payment to the undersigned.

The undersigned warrants that he either has already paid or will use the monies he receives from this progress
payment to promptly pay in full all of his laborers, subcontractors, material men and suppliers for all work, materials,
equipment or services provided for or to the above referenced project up to the date of this Waiver.

DATE:  01.20.2022

                                    CM Builders Inc dba Integrated Masonry

                                    Wyatt Strait - President

20220297171

**Exhibit B**

# APPLICATION AND CERTIFICATION FOR PAYMENT

AIA DOCUMENT G702

PAGE ONE OF  2  PAGES

| TO GENERAL CONTRACTOR: | PROJECT: |
|---|---|
| Stellar Group | Bang Energy |
| 2900 Hartley Road | 1655 South 43rd Ave |
| Jacksonville, FL 32257 | Phoenix, AZ 85009 |
| FROM CONTRACTOR: | VIA ARCHITECT: |
| Integrated Masonry | |
| 3241 East Shea Blvd #613 | |
| Phoenix, AZ 85028 | |

APPLICATION NO: 5

APPLICATION DATE: 01.20.2022

PERIOD TO: 01.31.2022

PROJECT NOS:

CONTRACT DATE:

Distribution to:
☐ OWNER
☐ ARCHITECT
☐ CONTRACTOR

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract.
Continuation Sheet, AIA Document G703, is attached.

| | | |
|---|---|---|
| 1. ORIGINAL CONTRACT SUM | $ | 247,661.00 |
| 2. Net change by Change Orders | $ | 101,690.00 |
| 3. CONTRACT SUM TO DATE (Line 1 ± 2) | $ | 349,351.00 |
| 4. TOTAL COMPLETED & STORED TO DATE     (Column G on G703) | $ | 351,065.00 |
| 5. RETAINAGE: | | |
| a.  10 % of Completed Work     (Column D + E on G703) | $ | 35,106.50 |
| b.    0 % of Stored Material     (Column F on G703) | $ | |
| Total Retainage (Lines 5a + 5b or Total in Column I of G703) | | |
| 6. TOTAL EARNED LESS RETAINAGE     (Line 4 Less Line 5 Total) | $ | 35,106.50 |
| 7. LESS PREVIOUS CERTIFICATES FOR PAYMENT (Line 6 from prior Certificate) | $ | 315,958.50 |
| 8. CURRENT PAYMENT DUE | $ | 314,415.90 |
| 9. BALANCE TO FINISH, INCLUDING RETAINAGE (Line 3 less Line 6) | $ | 1,542.60 |
| | $ | 33,392.50 |

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner | | |
| Total approved this Month | | |
| TOTALS | $0.00 | $0.00 |
| NET CHANGES by Change Order | $0.00 | $0.00 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

CONTRACTOR:

By: _____ Date: 01/20/2022

State of:
County of:
Subscribed and sworn to before me this
day of
Notary Public:
My Commission expires:

## ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED . . . . . . . . . $

(Attach explanation if amount certified differs from the amount applied. Initial all figures on this Application and on the Continuation Sheet that are changed to conform with the amount certified.)

ARCHITECT:

By: _____ Date: _____

This Certificate is not negotiable. The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

AIA DOCUMENT G702 · APPLICATION AND CERTIFICATION FOR PAYMENT · 1992 EDITION · AIA · ©1992

THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE. N.W., WASHINGTON, DC 20006-5292

Users may obtain validation of this document by requesting a completed AIA Document D401 - Certification of Document's Authenticity from the Licensee.

## Exhibit B

# CONTINUATION SHEET

AIA Document G702, APPLICATION AND CERTIFICATION FOR PAYMENT, containing
Contractor's signed certification is attached.
In tabulations below, amounts are stated to the nearest dollar.
Use Column I on Contracts where variable retainage for line items may apply.

**PROJECT: BANG ENERGY - INTEGRATED MASONRY**

AIA DOCUMENT G703

PAGE 2 OF 2 PAGES

APPLICATION NO: 5
APPLICATION DATE: 01.20.2022
PERIOD TO: 01.31.2022
ARCHITECT'S PROJECT NO:

| A ITEM NO. | B DESCRIPTION OF WORK | C SCHEDULED VALUE | D WORK COMPLETED FROM PREVIOUS APPLICATION (D + E) | E WORK COMPLETED THIS PERIOD | F MATERIALS PRESENTLY STORED (NOT IN D OR E) | G TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G ÷ C) | H BALANCE TO FINISH (C - G) | I RETAINAGE (IF VARIABLE RATE) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BUILDING MASONRY | | | | | | | | |
| 2 | (27) Infills | | | | | | | | |
| 3 | | $ 74,677.00 | $ 74,677.00 | $ | $ | $ 74,677.00 | 100% | | $ 7,467.70 |
| 4 | | | | | | | | | |
| 5 | BUILDING - INTERIOR WALLS | | | | | | | | |
| 6 | Block & Mortar | $ 50,355.00 | $ 50,355.00 | $ - | $ - | $ 50,355.00 | 100% | | $ 5,035.50 |
| 7 | Grout & Rebar | $ 41,894.00 | $ 41,894.00 | $ - | $ - | $ 41,894.00 | 100% | | $ 4,189.40 |
| 8 | Labor & Equip | $ 80,735.00 | $ 80,735.00 | $ - | $ - | $ 80,735.00 | 100% | | $ 8,073.50 |
| 9 | | | | | | | | | |
| 10 | CO #01 | $ 59,051.00 | $ 59,051.00 | $ - | $ - | 59,051.00 | 100% | | $ 5,905.10 |
| 11 | CO #02 | $ 29,931.00 | 29,931.00 | $ - | $ - | 29,931.00 | 100% | | $ 2,993.10 |
| 12 | CO #03 | $ 5,598.00 | 5,598.00 | $ - | $ - | 5,598.00 | 100% | | $ 559.80 |
| 13 | CO #04 | $ 3,651.00 | 3,651.00 | $ - | $ - | 3,651.00 | 100% | | $ 365.10 |
| 14 | CO #05 | $ 3,459.00 | 3,459.00 | $ - | $ - | 3,459.00 | 100% | | $ 345.90 |
| 15 | CO #06 | $ 1,714.00 | - | $ 1,714.00 | $ - | 1,714.00 | 100% | | $ 171.40 |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | GRAND TOTALS | $ 351,065.00 | $ 349,351.00 | $ 1,714.00 | $ - | $ 351,065.00 | 100.00% | - | $ 35,106.50 |

Users may obtain validation of this document by requesting of the licensee a completed AIA Document D401 - Certification of Document's Authenticity

AIA DOCUMENT G703   CONTINUATION SHEET FOR G702   1992 EDITION   AIA - ©1992
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W. WASHINGTON, D.C. 20006-5292

G703-1992

202202971171

## Exhibit B

### CONDITIONAL WAIVER AND RELEASE ON FINAL PAYMENT
(Pursuant to A.R.S. 33-1008)

Project: **Bang Energy**

Job No: **00.0000**

On receipt by the undersigned of a check from **Stellar Group** in the sum of

$ **35,106.50** payable to
(Maker of Check)
(Amount of Check)     **CM Builders Inc dba Integrated Masonry**
(Payee or Payees of Check)

and when the check has been properly endorsed and has been paid by the bank on which it is drawn, this document becomes effective to release any Mechanic's Lien, any state or federal statutory bond right, any private bond right, any claim for payment and any rights under any similar ordinance, rule or statute related to claim or payment rights persons in the undersigned's position that the undersigned has on the job of

**Bang Energy**
(Owner)

located at **1635 South 43rd Ave - Phoenix, AZ**
(Job Description)

This Release covers the final payment to the undersigned for all labor, services, equipment or materials furnished to the jobsite or to

**Stellar Group**
(Person With Whom Undersigned Contracted)

claims in the amount of $ **-0-** except for disputed
(Amount)     Before any recipient of this document relies on it, the person should
verify evidence of payment to the undersigned.

The undersigned warrants that he either has already paid or will use the monies he receives from this final payment to promptly pay in full all of his laborers, subcontractors, materialmen and suppliers for all work, materials, equipment or services provided for or to the above referenced project.

DATE: **03.21.2022**

**CM Builders Inc dba Integrated Masonry**
(Company Name)

(Signature)

**Wyatt Strait - President**
(Title)

20220297171

## Exhibit B

# APPLICATION AND CERTIFICATION FOR PAYMENT

AIA DOCUMENT G702

PAGE ONE OF    2    PAGES

TO GENERAL CONTRACTOR:
Stellar Group
2900 Hartley Road
Jacksonville, FL 32257

PROJECT:
Bang Energy
1635 South 43rd Ave
Phoenix, AZ 85009

APPLICATION NO:    RETENTION
APPLICATION DATE:    03.21.2022

Distribution to:
☐ OWNER
☐ ARCHITECT
☐ CONTRACTOR

FROM CONTRACTOR:
Integrated Masonry
3241 East Shea Blvd #613
Phoenix, AZ 85028

VIA ARCHITECT:

PERIOD TO:        RETENTION

PROJECT NOS:

CONTRACT DATE:

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract.
Continuation Sheet, AIA Document G703, is attached.

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

| | | |
|---|---|---|
| 1. ORIGINAL CONTRACT SUM | $ | 247,661.00 |
| 2. Net change by Change Orders | | 103,404.00 |
| 3. CONTRACT SUM TO DATE (Line 1 ± 2) | $ | 351,065.00 |
| 4. TOTAL COMPLETED & STORED TO DATE    (Column G on G703) | $ | 351,065.00 |
| 5. RETAINAGE    (Column G on G703) | | |
| a.   10   % of Completed Work    (Column D + E on G703) | $        0.00 | |
| b.   0 % of Stored Material    (Column F on G703) | $ | |
| Total Retainage (Lines 5a + 5b or    Total in Column I of G703) | $        0.00 | |
| 6. TOTAL EARNED LESS RETAINAGE    (Line 4 Less Line 5 Total) | $ | 351,065.00 |
| 7. LESS PREVIOUS CERTIFICATES FOR    PAYMENT (Line 6 from prior Certificate) | | |
| 8. CURRENT PAYMENT DUE | $ | 315,958.50 |
| 9. BALANCE TO FINISH, INCLUDING RETAINAGE    (Line 3 less Line 6) | $ | 35,106.50 |
| | $ | 0.00 |

CONTRACTOR:

By: _____    Date: 03.21.2022

State of:                County of:
Subscribed and sworn to before me this        day of
Notary Public
My Commission expires:

### ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED . . . . . . . . . . . $

(Attach explanation if amount certified differs from the amount applied. Initial all figures on this Application and on the Continuation Sheet that are changed to conform with the amount certified.)

ARCHITECT:

By: _____    Date:

This Certificate is not negotiable. The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved    in previous months by Owner | | |
| Total approved this Month | | |
| TOTALS | $0.00 | $0.00 |
| NET CHANGES by Change Order | $0.00 | |

AIA DOCUMENT G702   APPLICATION AND CERTIFICATION FOR PAYMENT   1992 EDITION · AIA · ©1992

THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE., N.W. WASHINGTON, DC 20006-5292

AIA Document D401 - Certification of Document's Authenticity from the Licensee.

Users may obtain validation of this document by requesting a completed AIA Document D401 - Certification of Document's Authenticity from the Licensee.

Exhibit B

# CONTINUATION SHEET

AIA Document G702, APPLICATION AND CERTIFICATION FOR PAYMENT, containing
Contractor's signed certification is attached.

In tabulations below, amounts are stated to the nearest dollar.

Use Column I on Contracts where variable retainage for line items may apply.

PROJECT: BANG ENERGY - INTEGRATED MASONRY

*AIA DOCUMENT G703*

APPLICATION NO:
APPLICATION DATE:
PERIOD TO:
ARCHITECT'S PROJECT NO:

PAGE 2 OF 2  PAGES
RETENTION
03.21.2022
RETENTION

| A | B | C | D | E | F | G | | H | I |
|---|---|---|---|---|---|---|---|---|---|
| ITEM NO. | DESCRIPTION OF WORK | SCHEDULED VALUE | WORK COMPLETED | | MATERIALS PRESENTLY STORED (NOT IN D OR E) | TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G÷C) | BALANCE TO FINISH (C - G) | RETAINAGE (IF VARIABLE RATE) |
| | | | FROM PREVIOUS APPLICATION (D + E) | THIS PERIOD | | | | | |
| 1 | | | | | | | | | |
| 2 | BUILDING MASONRY | | | | | | | | |
| 3 | (27) infills | $ 74,677.00 | $ 74,677.00 | $ - | $ - | $ 74,677.00 | 100% | | $ - |
| 4 | | | | | | | | | |
| 5 | BUILDING - INTERIOR WALLS | | | | | | | | |
| 6 | Block & Mortar | 50,355.00 | 50,355.00 | - | - | 50,355.00 | 100% | | - |
| 7 | Grout & Rebar | 41,894.00 | 41,894.00 | - | - | 41,894.00 | 100% | | - |
| 8 | Labor & Equip | 80,733.00 | 80,733.00 | - | - | 80,733.00 | 100% | | - |
| 9 | | | | | | | | | |
| 10 | CO #01 | 59,051.00 | 59,051.00 | - | - | 59,051.00 | 100% | | - |
| 11 | CO #02 | 29,931.00 | 29,931.00 | - | - | 29,931.00 | 100% | | - |
| 12 | CO #03 | 5,598.00 | 5,598.00 | - | - | 5,598.00 | 100% | | - |
| 13 | CO #04 | 3,651.00 | 3,651.00 | - | - | 3,651.00 | 100% | | - |
| 14 | CO #05 | 3,459.00 | 3,459.00 | - | - | 3,459.00 | 100% | | - |
| 15 | CO #06 | 1,714.00 | 1,714.00 | - | - | 1,714.00 | 100% | | - |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |
| 21 | | | | | | | | | |
| 22 | | | | | | | | | |
| 23 | | | | | | | | | |
| 24 | | | | | | | | | |
| 25 | GRAND TOTALS | $ 351,065.00 | $ 351,065.00 | $ - | $ - | $ 351,065.00 | 100.00% | $ - | $ - |

Users may obtain validation of this document by requesting of the license a completed AIA Document D401 - Certification of Documents Authenticity

AIA DOCUMENT G703  CONTINUATION SHEET FOR G702 - 1992 EDITION - AIA - ©1992
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C. 20006-5232

G703-1992

202202971171

EXHIBIT 'C'

20220297171

ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE
IN ACCORDANCE WITH ARIZONA REVISED STATUTES SECTION 33-992.01, AND 33-992.02.
THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR.

199170
496798

This preliminary lien notice has been completed by
(name & address of claimant):

CM BUILDERS DBA INTEGRATED MASONRY
3241 E SHEA BLVD #613
PHOENIX AZ 85028

11114

THE NAME AND ADDRESS OF THE
OWNER OR REPUTED OWNER IS:

1360098

JHO REAL ESTATE INVESTMENT
1600 N PARK DR
WESTON FL 33326-3278

Date: 12/11/2020
You are hereby notified that the claimant has furnished or will
furnish labor, professional services, materials, machinery,
fixtures or tools of the following general description:

GROUT, REBAR, MORTAR, BLOCK, CONCRETE,
SCAFFOLDING

THE NAME AND ADDRESS OF ANY LENDER
OR REPUTED LENDER AND/OR ASSIGNS IS:

NO CONST LENDER PER REPRESENTATION
OF THE
TITLE CO

In the construction, alteration or repair of the building, structure
or improvement located at and situated upon that certain lot(s)
or parcel(s) of land described as follows:

"VPX BANG MFG FACILITY"
1635 S 43RD AVE
PHOENIX AZ

THE NAME AND ADDRESS OF THE
ORIGINAL CONTRACTOR IS:

904-899-9420
STELLAR GROUP                1360099
2900 HARTLEY RD
JACKSONVILLE FL 32257

JOB COUNTY: MARICOPA

An estimate of the total price of the labor, professional services,
materials, fixtures or tools furnished or to be furnished is:

$ 297,193.20

THE NAME AND ADDRESS OF THE PERSON WITH
WHOM THE CLAIMANT HAS CONTRACTED IS:

904-899-9420
STELLAR GROUP
2900 HARTLEY RD
JACKSONVILLE FL 32257

NOTICE TO PROPERTY OWNER
IF BILLS ARE NOT PAID IN FULL FOR THE LABOR, PROFESSIONAL
SERVICES, MATERIALS, MACHINERY, FIXTURES OR TOOLS FURNISHED,
OR TO BE FURNISHED, A MECHANIC'S LIEN LEADING TO THE LOSS,
THROUGH COURT FORECLOSURE PROCEEDINGS, OF ALL OR PART OF
YOUR PROPERTY BEING IMPROVED MAY BE PLACED AGAINST THE
PROPERTY. YOU MAY WISH TO PROTECT YOURSELF AGAINST THIS
CONSEQUENCE BY EITHER:

ADDITIONAL INFORMATION

1. REQUIRING YOUR CONTRACTOR TO FURNISH A CONDITIONAL
WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES
SECTION 33-1008, SUBSECTION D, PARAGRAPHS 1 AND 3, SIGNED BY
THE PERSON OR FIRM GIVING YOU THIS NOTICE, BEFORE YOU MAKE
PAYMENT TO YOUR CONTRACTOR.
2. REQUIRING YOUR CONTRACTOR TO FURNISH AN UNCONDITIONAL
WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES
SECTION 33-1008, SUBSECTION D, PARAGRAPHS 2 AND 4, SIGNED BY
THE PERSON OR FIRM GIVING YOU THIS NOTICE AFTER YOU MAKE
PAYMENT TO YOUR CONTRACTOR.
3. USING ANY OTHER METHOD OR DEVICE THAT IS APPROPRIATE
UNDER THE CIRCUMSTANCES.

WITHIN TEN DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY
DAY NOTICE, THE OWNER OR OTHER INTERESTED PARTY IS REQUIRED
TO FURNISH ALL INFORMATION NECESSARY TO CORRECT ANY
INACCURACIES IN THE NOTICE PURSUANT TO ARIZONA REVISED
STATUTES SECTION 33-992.01, SUBSECTION 1, OR LOSE AS A DEFENSE
ANY INACCURACY OF THAT INFORMATION.
WITHIN TEN DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY
DAY NOTICE IF ANY PAYMENT BOND HAS BEEN RECORDED IN
COMPLIANCE WITH ARIZONA REVISED STATUTES SECTION 33-1003,
THE OWNER MUST PROVIDE A COPY OF THE PAYMENT BOND INCLUDING
THE NAME AND ADDRESS OF THE SURETY COMPANY AND BONDING
AGENT PROVIDING THE PAYMENT BOND TO THE PERSON WHO HAS
GIVEN THE PRELIMINARY TWENTY DAY NOTICE. IN THE EVENT THAT
THE OWNER OR OTHER INTERESTED PARTY FAILS TO PROVIDE THE
BOND INFORMATION WITHIN THAT TEN DAY PERIOD, THE CLAIMANT
SHALL RETAIN LIEN RIGHTS TO THE EXTENT PRECLUDED OR
PREJUDICED FROM ASSERTING A CLAIM AGAINST THE BOND AS A
RESULT OF NOT TIMELY RECEIVING THE BOND INFORMATION.

DATED: 12/11/2020

COMPANY NAME: CM BUILDERS DBA INTEGRATED MASONRY

BY: Cindee Wood Agent        AZLDP# 81006
      (Signature)      (Title)

R

Upon receipt of this notice, please detach and sign this Acknowledgment and return same to sender.
ACKNOWLEDGMENT OF RECEIPT OF PRELIMINARY 20-DAY NOTICE ARIZONA REVISED STATUTES 33-992.01 AND 33-992.02

199170
496798

This acknowledges receipt on _____ of a copy of the preliminary twenty-day notice at _____
                              (Date)

Date _____
(Date this acknowledgment is executed)        (Address where received)

_____
(Address or Description of Job Site)

(Signature of person acknowledging receipt, with title if
acknowledgment is made on behalf of another person.)

This form prepared by CAPRENOS INC 4345 Murphy Canyon Rd Suite 200, San Diego CA 92123 (800) 954-2100, FAX (858) 560-7626 AZLDP #80678

20220297171

# CAPRENOS INC
## THE FIRST STEP
4345 Murphy Canyon Rd.  Suite 200
San Diego, CA  92123
(858) 560-5722   FAX (858) 560-7626
(800) 854-2100

I, _____Cindee Wood_____, declare, under penalties of perjury,
That on ___December 11, 2020___  I served copies of this Preliminary Notice by placing them, first-class postage prepaid with a certificate of mailing, in the United States mail addressed to the owner, lender (if lender is listed), and original contractor at their respective addresses as shown on the attached record.

Dated  ___March 31, 2022___

(Signature of Person Making Service)

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**
**County of San Diego**

On _3/31/2022_ before me, _Rebecca A Moody_ personally appeared ___Cindee Wood___, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_____
Notary Public

REBECCA A. MOODY
COMM. # 2316579
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Commission Expires Dec. 24, 2023

My Commission Expires:
12/24/2023

199170
496798

This form prepared by CAPRENOS INC 4345 Murphy Canyon Rd Suite 200, San Diego CA 92123 (800) 854-2100, FAX (858) 560-7626

20220297171

Exhibit C

12/11/2020
PAGE 7

**USPS**
*UNITED STATES POSTAL SERVICE*

**Certificate of Mailing — Firm (Domestic)**

Name and Address of Sender
CALPRENGS INC
4345 MURPHY CANYON RD STE 200
SAN DIEGO CA 92123-4362

| TOTAL NO. of Pieces Listed by Sender | TOTAL NO. of Pieces Received at Post Office™ |
|---|---|
| 6 | |

Affix Stamp Here
Postmark with Date of Receipt.

$ 002.58⁰

Postmaster, per (name of receiving employee)

| | USPS Tracking/Article Number Firm-Specific Indentifier | Address (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Special Handling | Parcel Airlift | |
|---|---|---|---|---|---|---|---|
| 37 | 1360066 / 496793 | DEGAN CONSTRUCTION LLC P O BOX 80245 PHOENIX AZ 85062 | 0.56 | 0.43 | | | Not For USPS Use |
| 38 | 1360095 / 496797 | SIGNAL BUTTE BFC LLC / BELA FOR COMMUNITIES LLC 1635 N GREENFIELD RD #115 MESA AZ 85205 | 0.55 | 0.43 | | | 496793    CALPORTLAND |
| 39 | 1360096 / 496797 | CLEARWATER PIPELINES LLC P O BOX 20968 MESA AZ 85277 | 0.55 | 0.43 | | | 496797    CALPORTLAND |
| 40 | 1360097 / 496797 | PREACH INC 1601 W HATCHER RD PHOENIX AZ 85021-2169 | 0.55 | 0.43 | | | 496797    CALPORTLAND |
| 41 | 1360098 / 496798 | JHO REAL ESTATE INVESTMENT 1600 W PARK DR WESTON FL 33326-3278 | 0.55 | 0.43 | | | 496798    CM BUILDERS DBA INTEGRATED |
| 42 | 1360099 / 496798 | STELLAR GROUP 2900 HARTLEY RD JACKSONVILLE FL 32257 | 0.55 | 0.43 | | | 496798    CM BUILDERS DBA INTEGRATED |
| | | | 3.30 | 2.58 | | | |

PS Form 3665, Facsimile January 2016.    (PAGE 7 of 23)

* Not for USPS use - Item included in envelope to serve addressee.  Please check previous page.