UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |

_____/

### DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEADLINE BY WHICH THE  DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

**The Debtors respectfully request the Court conduct an expedited hearing on this Motion on or before February 7, 2023, because if the Court holds that the Act (as defined below) is not applicable to the Debtors' chapter 11 cases, the Debtors' period to assume or reject unexpired leases of nonresidential real property pursuant to section 365(d)(4) of the Bankruptcy Code would expire on February 7, 2023.**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, pursuant to section 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), file this motion (this "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "Assumption/Rejection Deadline"), for an additional 91 days through and including August 7, 2023,[2] without prejudice to the Debtors' rights to seek further extensions with the

---

[1]   The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2]   To comport with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors are seeking to extend the Assumption/Rejection Deadline through August 7, 2023, as the ninetieth day would fall on a Sunday.

consent of the affected landlords as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code and (ii) granting related relief.  In further support of the Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      While the Debtors believe that the current Assumption/Rejection Deadline expires on May 8, 2023, by filing this Motion now, the Debtors seek certainty as to the applicable deadline under the Act (as defined below), which added an additional 90 days to a debtor's assumption/rejection deadlines in light of COVID-19.

2.      In connection with the entry of the Final DIP Order,[3] the Debtors reached consensus with numerous key economic stakeholders to maximize the value of their assets through a transaction process.  The Debtors have designed a transaction process that will allow interested parties to submit bids for their business as a going concern in the form of a 363 sale or in the form of a plan of reorganization (each, a "Transaction"), and the Final DIP Order requires that any Transaction must be consummated no later than May 17, 2023.  A plan sponsor or buyer will likely want to evaluate (and include) the Debtors' unexpired leases of nonresidential real property (the "Unexpired Leases") as part of any bid they propose.

3.      The failure to extend the Debtors' Assumption/Rejection Deadline would be detrimental to the Debtors by forcing the Debtors to make assumption/rejection decisions without sufficient bidder input—the Debtors want to be able to deliver any Unexpired Leases to the winning bidder should such bidder want to assume any of such Unexpired Leases, and the Debtors will likely have no need for any Unexpired Lease that the winning bidder ultimately does not

---

[3]     The "Final DIP Order" means the Final Order (I) Approving Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief entered on January 12, 2023 [ECF 638].

assume.  Granting the requested extension will not prejudice the Debtors' landlords, who may be entitled to administrative expense status for the continued post-petition use of the Unexpired Leases.  Moreover, once the Transaction process is complete, which is expected to occur on or before May 17, 2023, the Debtors will be able to make fully-informed decisions to assume or reject any remaining Unexpired Lease that is not otherwise assumed by the winning bidder.  The Debtors anticipate that any such decisions will be made in advance of August 7, 2023.  The importance of extending the Assumption/Rejection Deadline is clear, and, as set forth herein, "cause" clearly exists for the Court to do so.  Accordingly, the Debtors respectfully request that the Court grant the relief requested.

## JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein is section 365(d)(4) of the Bankruptcy Code and Bankruptcy Rule 9006.

## BACKGROUND

7.      On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

8.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      On November 1, 2022, the Office of the United States Trustee appointed the official committee of unsecured creditors (the "Committee") [ECF No. 245].  No request has been made for the Court to order the appointment of a trustee or examiner.

3

10.    For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 10] (the "<u>First Day Declaration</u>"), which is incorporated herein by reference.

### BASIS FOR REQUESTED RELIEF

**I.    THE DEBTORS' ARE ENTITLED TO THE INCREASED ASSUMPTION/REJECTION PERIOD UNDER THE ACT.**

11.    The Consolidated Appropriations Act, 2021 (the "<u>Act</u>"), which was signed into law on December 27, 2020, amended section 365(d)(4) of the Bankruptcy Code to extend the initial deadline to assume unexpired leases of nonresidential real property from 120 days after the petition date (the "<u>120-Day Deadline</u>") to 210 days after the petition date (the "<u>210-Day Deadline</u>"). Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, Division FF, Title X, Sec. 1001. However, the applicable provisions of the Act sunsetted on December 27, 2022 (the "<u>Sunset Date</u>"). *Id*.

12.    Since the Petition Date occurred prior to the Sunset Date, the Debtors believe that they are entitled to the 210-Day Deadline under the Act, which itself does not state that it is meant to apply retroactively to debtors whose cases are pending as of the Sunset Date. If that was the case, the Debtors' rights under the Bankruptcy Code would be effectively altered mid-stream, and they would lose a valuable right in the midst of their chapter 11 cases that may prove detrimental as the Debtors are in the middle of a marketing process to sell their assets as a going concern.

13.    Nevertheless, the Debtors are filing this Motion prior to the 120-Day Deadline and more than three months before the 210-Day Deadline out of an abundance of caution and to obtain certainty regarding the Assumption/Rejection Deadline. While this issue is not well trodden yet, courts confronted with this question have applied the 210-Day Deadline provided for by the Act

11882106-2

irrespective of the Sunset Date occurring while a debtor's chapter 11 case was pending. *See e.g.*, *In re Cineworld Group PLC*, No. 22-90168 (MI) (Bankr. S.D. Tex. Dec. 28, 2022) (granting motion to extend the debtors' Assumption/Rejection Deadline for a total of 300 days, assuming the 210-Day Deadline applied); *see also In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2022) (same).

## II.    CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION.

14.    Under the Act, pursuant to section 365(d)(4)(A) of the Bankruptcy Code, the Debtors must make a decision to assume or reject the Unexpired Leases on or before the earlier of (a) the date of the entry of an order confirming the plan and (b) May 8, 2023. However, pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code, such deadline may be extended for cause. To preserve flexibility with respect to the Unexpired Leases as these chapter 11 cases and the sale and/or plan process proceed, the Debtors seek an extension of the Assumption/Rejection Deadline through and including August 7, 2023.

15.    Section 365(d)(4)(A) of the Bankruptcy Code, as modified by the Act, provides that an unexpired lease of nonresidential real property under which a debtor is a lessee shall be deemed rejected if the debtor does not assume or reject such unexpired lease within 210 days after the petition date or before the date of entry of an order confirming a plan. 11 U.S.C. § 365(d)(4)(A). Thus, absent an extension of the time under section 365(d)(4)(A) of the Bankruptcy Code, the Debtors' Unexpired Leases that are not assumed within 210 days after the Petition Date will be deemed rejected.

16.    Irrespective of the temporary amendment set forth in the Act, pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the Court may extend the initial period "for 90 days . . . for cause." 11 U.S.C. § 365(d)(4)(B). Courts have considered the following non-exclusive

5

factors in evaluating whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property:

> (i)     whether the leases are an important asset of the estate;
>
> (ii)    whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets;
>
> (iii)   whether the debtor continues to make rental payments to the landlords under the leases; and
>
> (iv)    whether the lessor would be damaged beyond compensation available under the Bankruptcy Code.

*See, e.g., In re Wedtech Corp.*, 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982)); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471-472); *In re GST Telecom Inc.*, No. 00-1982-GMS, 2001 WL 686971, at *3 (D. Del. June 8, 2001) (holding "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

**a.   The Debtors or a Potential Buyer Have Not Had Sufficient Time to Evaluate the Unexpired Leases in Light of the Pending Transaction Process.**

17.    On January 12, 2023, the Court entered the Final DIP Order. The Final DIP Order contains certain milestones (the "Milestones"), with respect to a Transaction. If the Debtors do not adhere to these Milestones, they risk triggering a Termination Event (as defined in the Final DIP Order). The Milestones require, among other things, that the Debtors:

> •     obtain indications of interests regarding a potential sale or restructuring transaction by January 13, 2023;
>
> •     file a motion seeking approval of, among other things proposed bidding procedures in connection with a potential sale of all, or a portion of, the

Debtor's assets (the "<u>Bidding Procedures Motion</u>") by January 27, 2023;

- hold a hearing on the Bidding Procedures Motion on or before February 28, 2023;

- deliver commitment papers for an Acceptable Financing (as defined in the Final DIP Order) or obtain an order approving Bidding Procedures Motion, designate a stalking horse bidding, and file a motion seeking approval of such bidder on or before March 13, 2023;

- obtain approval of the stalking horse bidder (if applicable) by March 31, 2023;

- hold an auction (if applicable) by April 19, 2023; and

- close an Acceptable Financing or a sale transaction by May 17, 2023.

18.     To date, the Debtors have timely met all applicable Milestones and will continue working diligently to timely meet the remaining Milestones in order to close a Transaction no later than May 17, 2023.

19.     While the marketing process that will hopefully result in a consummated Transaction is underway, a successful bidder and the terms of that successful bid will likely not be chosen until the auction – which is scheduled to occur in mid-April.  It would be impractical for the Debtors to determine whether to assume or to reject the various Unexpired Leases without knowing which Unexpired Leases the winning bidder wants to assume.  It is crucial that the Debtors retain flexibility and not be forced to make premature decisions that could negatively impact the value of their business given that some (or all) of the Unexpired Leases will likely be transferred to a buyer or plan sponsor, and such Transaction would not close until May 17, 2023. The Debtors believe that the requested extension will provide them (and a buyer or plan sponsor) sufficient time to make all assumption or rejection decisions with respect to the Unexpired Leases.

**b. The Unexpired Leases Are Crucial to the Debtors' Business and Landlords Will not Be Harmed by the Requested Extension.**

20.    Furthermore, the Debtors cannot operate their business without the Unexpired Leases.  The properties leased by the Debtors under the Unexpired Leases include warehouses across the United States.  These warehouses are instrumental to the Debtors' day-to-day operations and distribution processes.  At least in the short term, it is impossible for the Debtors to find suitable replacements for these Unexpired Leases.  Therefore, if the Debtors were forced to return the Unexpired Leases by the "deemed rejected" provision of section 365(d)(4)(A) of the Bankruptcy Code, their day-to-day operations, as well as their efforts to consummate a Transaction, would be severely jeopardized.

21.    The Debtors are also making timely payments for the use of the properties at the applicable lease rates set forth in such Unexpired Leases and are continuing to perform their other obligations under the Unexpired Leases in a timely fashion, to the extent required by section 365(d)(3) of the Bankruptcy Code.

22.    Furthermore, the Debtors' chapter 11 cases have been pending for a short period of time, which, in light of the circumstances described above, is an insufficient amount of time for the Debtors to have comprehensively evaluated the Unexpired Leases.  *See e.g.*, *In re Beautyco, Inc.*, 307 B.R. 225, 231-32 (Bankr. N.D. Okla. 2004) (cause found to extend debtor's time to assume reject unexpired leases where chapter 11 case had been pending for three months).

23.    Lastly, the landlords for the Unexpired Leases will not be harmed beyond compensation by the extension of the Assumption/Rejection Deadline.  As the chapter 11 cases progress, absent rejection, a landlord may be entitled to administrative claim status for the Debtors' continued post-petition use of such landlords' space.  Further, if the Debtors ultimately reject an

Unexpired Lease, the applicable landlord will retain the ability to file a claim seeking rejection damages and can re-let the property at any time.

24.     For the reasons set forth above, the Debtors submit that the relief requested herein is in their best interests, as well as the best interests of their estates and creditors, and therefore, should be granted.

## RESERVATION OF RIGHTS

25.     Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Proposed Order once entered. Nothing contained in the Proposed Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

## NOTICE

26.     The Debtors have provided notice of this Motion to (i) the Office of the United States Trustee for the Southern District of Florida; (ii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iii) the administrative agent under the Debtors' prepetition and proposed postpetition revolving credit facilities and its counsel; (iv) counsel to the Committee; (v) the United States Attorney's Office for the Southern District of Florida; (vi) the Internal Revenue Service; (vii) the United States Securities and Exchange Commission; (viii) the state attorneys general for states in which the Debtors conduct business;

11882106-2

(ix) the landlords under the Unexpired Leases; and (x) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

        **WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, extending the Assumption/Rejection Deadline and granting the Debtors such other related relief as the Court may deem necessary.

Dated:    January 23, 2023
          Miami, Florida

Respectfully submitted,

*/s/ Michael J. Niles*

Jordi Guso
Michael J. Niles
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
          mniles@bergersingerman.com

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Counsel for the Debtors and Debtors-in-Possession*

11882106-2

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,                    Case No.: 22-17842-PDR

       Debtors.[1]                                        (Jointly Administered)

_____/

### ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR THE ENTRY OF AN ORDER (I) EXTENDING THE DEADLINE BY WHICH THE DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF  NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

**THIS MATTER** was before this Court on _____, 2023, at ___ _.m. in Fort Lauderdale, Florida, upon the *Debtors' Expedited Motion for Entry of an Order (I) Extending the Deadline by which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [ECF No. ____] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors").  The Motion seeks entry of an order (this "Order") (i) extending by 91 days the deadline by which the Debtors may assume or reject

---

[1]    The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Motion.

unexpired nonresidential real property leases (the "<u>Assumption/Rejection Deadline</u>") pursuant to section 365(d)(4)(A)(i) from May 8, 2023 through and including August 7, 2023, without prejudice to the Debtors' ability to request additional extensions to the Assumption/Rejection Deadline should it become necessary to do so, and (ii) granting related relief, all as more fully set forth in the Motion.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

      **ORDERED** as follows**:**

      1.    The Motion is **GRANTED** as set forth herein.

      2.    All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

      3.    The Assumption/Rejection Deadline is extended from May 8, 2023 through and including August 7, 2023; *provided* that, if the Debtors file a motion to assume or reject an Unexpired Lease on or prior to such date, the time period within which the Debtors must assume or reject such Unexpired Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall

be deemed extended through and including the date the Court enters an order granting or denying such motion.

4.     This Order is without prejudice to the Debtors' right to seek further extensions of the Assumption/Rejection Deadline with the consent of each applicable landlord.

5.     Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

5.     Nothing in this Order shall extend the Assumption/Rejection Deadline beyond the date on which an order is entered confirming a plan in these chapter 11 cases.

6.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.,
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
          mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*