UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.[1]

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF
AN ORDER (I) EXTENDING THE EXCLUSIVE PERIODS
WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT
ACCEPTANCES THEREOF AND (II) GRANTING RELATED RELIEF**

**The Debtors respectfully request the Court conduct an expedited hearing on this Motion on or before February 7, 2023, because the Debtors' exclusive period to file a chapter 11 plan pursuant to Section 1121(d) of the Bankruptcy Code expires on February 7, 2023.**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, pursuant to section 1121 of chapter 11 of title 11 of the United States Code, file this motion (this "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) extending (a) the Debtors' exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") by 120 days (through and including June 7, 2023) and (b) the Debtors' exclusive period to solicit votes on said plan by 120 days (through and including August 8, 2023) (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"), without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods; and (ii) granting related relief.  In further support of the Motion, the Debtors respectfully represent as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11882124-2

**PRELIMINARY STATEMENT**

1. These chapter 11 cases remain in their relative infancy. In connection with the entry of the Final DIP Order,[2] the Debtors reached consensus with numerous key economic stakeholders, including their lenders and the Committee (defined below) that resulted in the formulation of the Milestones (as defined below) that establish the path forward for these cases and accompanying timeline. The Debtors have designed a transaction process that will allow interested parties to submit bids for their assets in the form of a 363 sale or in the form of a plan of reorganization (each, a "Transaction"), and the Debtors require that any Transaction must be consummated no later than May 17, 2023. The current Exclusive Filing Period expires on February 7, 2023, and the Debtors, by this Motion, propose to extend such period to June 7, 2023 (as well as the Exclusive Solicitation Period by a corresponding amount of time). This is only logical. The requested extension will allow the process to consummate a Transaction to play out as the Debtors and their key constituents intended.

2. There is no need to terminate the Debtors' Exclusive Periods because the Transaction process that is being implemented by the Debtors already offers parties in interest the ability to submit a bid in the form of a plan of reorganization. And if a sale transaction is the ultimate outcome for these cases, then the Debtors will likely proceed to file a plan of liquidation thereafter to distribute the proceeds of such sale and wind down the Debtors' estates. Extending the Debtors' Exclusive Periods does not prejudice any third party because the Debtors are inviting parties in interest to submit bids in the form of a plan of reorganization—if a party wants to propose a plan, they can do so within the process already being run by the Debtors. In contrast, ending the

---

[2] The "Final DIP Order" means the *Final Order (I) Approving Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* entered on January 12, 2023 [ECF 638].

Debtors' Exclusive Periods would undermine the orderly Transaction process that the Debtors already have in place and that enjoys the support of its key economic constituents. The importance of extending the Exclusive Periods is clear, and, as set forth herein, "cause" clearly exists for the Court to do so. Accordingly, the Debtors respectfully request that the Court grant the relief requested.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein is Section 1121(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## BACKGROUND

6. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Bankruptcy Code.

7. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On November 1, 2022, the Office of the United States Trustee appointed the official committee of unsecured creditors (the "Committee") [ECF No. 245]. No request has been made to the Court to order the appointment of a trustee or examiner.

9. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 10] (the "First Day Declaration"), which is incorporated herein by reference.

11882124-2

## RELIEF REQUESTED

10. By this Motion, the Debtors respectfully request that, pursuant to section 1121(d) of the Bankruptcy Code and without prejudice to the Debtors' rights to seek additional extensions of time, the Court enter the Proposed Order (i) extending the time during which the Debtors shall have the exclusive right to file a a plan of reorganization and accompanying disclosure statement from February 7, 2023, to and including June 7, 2023; and (ii) extending the time during which the Debtors shall have the exclusive right to solicit acceptances to said plan from April 10, 2023, to and including August 8, 2023.

## BASIS FOR REQUESTED RELIEF

11. Section 1121(b) of the Bankruptcy Code provides debtors with the exclusive right to file a chapter 11 plan during the first 120 days after commencement of a chapter 11 case. 11 U.S.C. § 1121(b). If a debtor files a plan during this period, section 1121(c)(3) of the Bankruptcy Code provides the debtor with an additional 60 days following the expiration thereof (or 180 days following the commencement of the case) to solicit votes on such plan. 11 U.S.C. § 1121(c)(3). Section 1121(d) of the Bankruptcy Code permits the bankruptcy court to extend a debtor's exclusive period to file a plan and solicit acceptances thereof upon demonstration of "cause." 11 U.S.C. § 1121(d).

12. Although the Bankruptcy Code does not define "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. REP. NO. 95–595, at 231–32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest). This time of exclusivity affords a debtor an opportunity to propose a chapter 11 plan and solicit acceptances thereof without the potential value deterioration and

4

disruption to business operations that would ensue from the filing and solicitation of competing plans by non-debtor parties. Further, the legislative history indicates that "cause" should be interpreted in such a way "to allow the debtor to reach an agreement." H.R. Rep. No. 95-595 at 231-32 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191.

13. In determining whether cause exists to extend a debtor's exclusive periods, courts consider a variety of factors, including:

    i. the size and complexity of the case;

    ii. the necessity of sufficient time to negotiate and prepare adequate information;

    iii. the existence of good faith progress toward reorganization;

    iv. whether the debtor is paying its debts as they come due;

    v. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    vi. whether the debtor has made progress in its negotiations with creditors;

    vii. the amount of time that has elapsed in the case;

    viii. whether the debtor is not seeking to extend exclusivity to pressure creditors; and

    ix. the existence of an unresolved contingency.

*See In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (citations omitted); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended).

14. Not all of these factors may be applicable in every case, accordingly courts may consider a relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether

11882124-2

"cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity). Finally, the decision to extend the Exclusive Periods is left to the discretion of the Bankruptcy Court, and should be based upon the facts and circumstances of the particular case. *See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

15.     The application of the relevant factors to the facts and circumstances of these chapter 11 cases demonstrates that the requested extension of the Exclusive Periods is both appropriate and necessary.[3]

**I.      These Chapter 11 Cases Are Large and Complex.**

16.     With respect to the first factor, it is clear that the Debtors' cases are large and complex. The Debtors capital structure is complex and it is subject to numerous liabilities that need to be addressed during the pendency of these chapter 11 cases. As of the Petition Date, the Debtors' funded debt obligations totaled approximately $344.2 million, and the Debtors' outstanding trade payables totaled approximately $83 million. *See* First Day Declaration, ¶¶ 25, 27.

*DIP Financing*

17.     Furthermore, since the filing of these chapter 11 cases, the Debtors have worked diligently to stabilize their operations, fulfill their obligations as debtors-in-possession[4] and

---

[3] The Debtors have not addressed the final factor—whether unresolved contingencies exist—because they do not believe any applicable contingencies exist. *See Dow Corning Corp.*, 208 B.R. at 666 (stating that "the type of unresolved contingency which would be relevant to a motion to extend or to terminate exclusivity is one which is external to the case itself). Regardless, not all factors are required to be present to grant the Motion and, as set forth below, the Debtors believe that ample cause exists to grant the relief requested by the Motion.

[4] For example, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs on

6

address numerous complex issues. The Debtors engaged in months'-long negotiations with their pre- and post-petition lenders (the "DIP Lenders") to secure debtor-in-possession financing on terms acceptable not only to those lenders, but to the Committee, Monster Energy Company, and certain other litigation and lien claimants. The Debtors were able to obtain debtor-in-possession financing on a largely consensual basis as a result of hard-fought, multiparty negotiations with their economic stakeholders that resulted in, among other things, significant changes to the Debtors' governance structure. The Court ultimately approved the debtor-in-possession financing on a final basis on January 12, 2023. *See* ECF 638.

*The Transaction Process*

18. For the past three months, the Debtors and their advisors, in consultation with the Committee and the DIP Lenders, have designed and begun to implement a marketing process (the "Transaction Process") for the Transaction.

19. The Transaction Process milestones (the "Milestones") are covenants in the Final DIP Order that require the Debtors to execute on certain actions with respect to the Transaction Process within a specified timeframe. The Milestones require, among other things, that the Debtors:

- obtain indications of interests ("IOIs") regarding a potential sale or restructuring transaction by January 13, 2023;

- file a motion seeking approval of, among other things proposed bidding procedures in connection with a potential sale of all, or a portion of, the Debtor's assets (the "Bidding Procedures Motion") by January 27, 2023;

- hold a hearing on the Bidding Procedures Motion on or before February 28, 2023;

- deliver commitment papers for an Acceptable Financing (as defined in the Final DIP Order) or obtain an order approving Bidding Procedures Motion,

---

November 11, 2022. *See* ECF 323-325.

- designate a stalking horse bidding, and file a motion seeking approval of such bidder on or before March 13, 2023;

- obtain approval of the stalking horse bidder (if applicable) by March 31, 2023;

- hold an auction (if applicable) by April 19, 2023; and

- close an Acceptable Financing or a sale transaction by May 17, 2023.

*See* Final DIP Order, ¶ 46.

20. To date, the Debtors have timely met all applicable Milestones and will continue working diligently to timely meet the remaining Milestones in order to close a Transaction no later than May 17, 2023.

21. The Transaction Process will allow the Debtors to consider all strategic alternatives and, in consultation with the Committee and the DIP Lenders, the Debtors will ultimately select the Transaction that maximizes the value of their assets. The Debtors are agnostic to the form of the Transaction which may be a plan of reorganization or may be a sale pursuant to Section 363 of the Bankruptcy Code. If the Debtors sell their assets pursuant to Section 363 of the Bankruptcy Code the Debtors expect to confirm a plan of liquidation following the consummation of the sale. Given that a Transaction must be consummated no later than May 17, 2023 the Debtors are requesting a 120 day extension of the exclusive period to file a chapter 11 plan which would be June 7, 2023 such that the Debtors would have sufficient time to either (a) file a plan of liquidation following the consummation of a sale if the ultimate transaction that is consummated is a Sale Transaction or (b) consummate the Plan Transaction on the timeline contemplated by the Transaction Process.

22. Because the Debtors' Transaction Process contemplates that participants in that process can submit a bid in the form of a plan of reorganization, it is unnecessary to terminate the Debtors' exclusive right to file a plan because the Debtors have established an orderly process by

11882124-2

which parties interested in proposing a plan can do so. Allowing bidders to propose a plan outside of the Transaction Process being run by the Debtors and their professionals will likely undermine the Transaction Process designed by the Debtors and will result in the loss of value for the Debtors' estates.

## II.     The Debtors Have Made Significant Progress to Date.

23.     While much work remains, the Debtors have made significant process with respect to maximizing the value of their assets and bringing these chapter 11 cases to a conclusion. The Debtors' hard-fought negotiations that resulted in the entry of the Final DIP Order not only provided the requisite funding for these cases but also provided a path forward that will allow the Debtors to maximize the value of their assets and conclude these cases. That path contemplates a controlled and organized Transaction Process, which offers the Debtors with the flexibility to consider a wide range of bids for a Transaction that would maximize the value of the Debtors' estates for the benefit of all stakeholders. The Transaction Process should not be derailed by the prospect of a competing plan outside of the orderly Transaction Process because that Transaction Process contemplates and allows for competing plans to be submitted.

## III.    The Debtors Are Paying their Debts Current.

24.     Since the filing of these chapter 11 cases, the Debtors and their advisors have focused on the continued operation of the Debtors' business and have secured the required financing to allow the Debtors to pay their post-petition debts as and when they come due. The Debtors have timely filed all of their monthly operating reports that detail all of the foregoing payments.

## IV.    The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.

25.     While the Debtors exact path forward remains undefined, the groundwork to file a viable plan, either in the form of a plan of reorganization or a plan of liquidation following the

consummation of a sale, has been put in place. The Transaction Process establishes an orderly process that will result in either a successful sale or recapitalization transaction by May 17, 2023. The Debtors have already timely satisfied the first Milestone, which required receipt of an IOI regarding a potential sale or restructuring transaction by January 13, 2023, and are on track to timely satisfy the other Milestones. Thus, the Debtors have made sufficient progress to prove that a viable plan may be filed in due course.

**V.    The Debtors Have Made Progress with their Creditors.**

26.    As mentioned above, the Debtors have already achieved numerous major steps in their ongoing negotiations with their creditors. Most importantly to date, with the support of the DIP Lenders, the Committee, and various other key constituents the Debtors obtained entry of the Final DIP Order, which resolved, among other things, governance issues and included the Milestones that provide the structure for the Transaction Process. The Debtors have a constructive working relationship with the Committee, DIP Lenders, and other key creditors and have proven that they can and will work with their creditors to drive consensus when possible.

**VI.    Minimal Time Has Passed in these Chapter 11 Cases.**

27.    The Debtors filed these cases in October, approximately three months ago, and this is the Debtors' first request for extension of the Exclusive Periods.[5] While unresolved issues remain, with additional time and absent the added confusion and disruption of competing third-party plans, the Debtors will endeavor to resolve all such issues and consummate the value maximizing Transaction that is contemplated by the ongoing Transaction Process.

---

[5] There is ample precedent for an initial extension of exclusivity. *See, e.g., In re Viva Inv. LLC*, Case No. 15-11753-PGH (Bankr. S.D. Fla. June 10, 2015) (court grants initial request to extend debtors' exclusive period to file a plan and disclosure statement by 90 days); *In re Fla. Gaming Ctrs., Inc.,* Case No. 13-29597-RAM (Bankr. S.D. Fla. Dec. 16, 2013) (court grants initial request to extend debtors' exclusivity period to file a plan and disclosure statement by 120 days); *In re LP Watch Group, Inc.*, Case No. 10-29919-JKO (Bankr. S.D. Fla. December 3, 2010) (initial exclusivity periods extended by 90 days).

**VII.     The Debtors Are Not Seeking to Extend the Exclusive Periods to Pressure Creditors.**

28.     The Debtors are not pressuring their creditors via the relief requested by this Motion—in fact, the very Transaction Process proposed by the Debtors calls for interested parties to submit bids in the form of a plan of reorganization.  The Debtors have been pushing these chapter 11 cases forward with one ultimate goal: to maximize the value of the Debtors' estates for the benefit of all stakeholders.  This has included significant negotiations and concessions provided by the Debtors to date.  The extension of the Exclusive Periods will serve only to allow such negotiations to progress constructively and in a controlled manner rather than introducing potential confusion and value degradation.

29.     Accordingly, the Debtors respectfully submit that cause exists to extend the Exclusive Periods pursuant to Section 1121(d) of the Bankruptcy Code.

## NOTICE

30.     The Debtors have provided notice of this Motion to (i) the Office of the United States Trustee for the Southern District of Florida; (ii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iii) the administrative agent under the Debtors' prepetition and proposed postpetition revolving credit facilities and its counsel; (iv) counsel to the Committee; (v) the United States Attorney's Office for the Southern District of Florida; (vi) the Internal Revenue Service; (vii) the United States Securities and Exchange Commission; (viii) the state attorneys general for states in which the Debtors conduct business; and (ix) all parties that have requested or that are required to receive notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request entry of the Order in the form attached hereto as **Exhibit A**, extending the Exclusive Periods and granting the Debtors such other related relief as the Court may deem necessary.

| | |
|---|---|
| Dated: January 23, 2023<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Michael J. Niles* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email: george.davis@lw.com<br>       tj.li@lw.com<br>       brian.rosen@lw.com<br>       jon.weichselbaum@lw.com | Jordi Guso<br>Michael J. Niles<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 755-9500<br>Email: jguso@bergersingerman.com<br>       mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Counsel for the Debtors and Debtors-in-Possession*

11882124-2

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING THE EXCLUSIVE
PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** was before this Court on _____, 2023, at ___ _.m. in Fort Lauderdale, Florida, upon the *Debtors' Expedited Motion for Entry of an Order (I) Extending the Exclusive Periods within which to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Granting Related Relief* [ECF No. ____] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order (this "Order") (i) extending the Debtors' exclusive periods to (a) file a chapter 11 plan (the "Exclusive Filing Period") by 120 days (through and including June 7, 2023) and (b) the Debtors' exclusive period

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

11882124-2

to solicit votes on said plan by 120 days (through and including August 8, 2023) (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"), without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods and (ii) granting related relief, all as more fully set forth in the Motion. The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

**ORDERED** as follows**:**

1. The Motion is **GRANTED** as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The exclusive period for the Debtors to file a chapter 11 plan is hereby extended through and including June 7, 2023.

4. The period during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan is hereby extended through and including August 8, 2023.

11882124-2

5. The relief granted herein shall not prejudice the Debtors from seeking further extensions made pursuant to section 1121(d) of the Bankruptcy Code, nor any parties in interest from objecting to any such further extensions.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.,
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

3

11882124-2