

**ORDERED in the Southern District of Florida on January 31, 2023.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 503(b)(9)
OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR
SUBMITTING AND RESOLVING CLAIMS RELATED TO GOODS
RECEIVED BY THE DEBTORS IN THE ORDINARY COURSE
WITHIN TWENTY DAYS PRIOR TO THE PETITION DATE**

**THIS MATTER** came before the Court on January 26, 2023, at 2:00 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Motion Pursuant to Section 503(b)(9) of the Bankruptcy Code to Establish Procedures for Submitting and Resolving Claims Related to Goods Received By*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11884665-2

*the Debtors in the Ordinary Course Within Twenty Days Prior to the Petition Date* [ECF No. 558] (the "Motion"); and the Court having found that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

      **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Any objections or other responses to the Motion not withdrawn or settled are hereby overruled in their entirety.

3.      The date that is forty-five (45) days from the entry of this Order, or **March 17, 2023**, shall be the Section 503(b)(9) Bar Date[2] for each person or entity to file a Section 503(b)(9) Claim Request against the appropriate Debtor. The Debtors shall timely serve the Section 503(b)(9) Bar Date Notice as provided in paragraphs 7 and 8 of this Order.

4.      All Section 503(b)(9) Claimants seeking payment of Section 503(b)(9) Claims from the Debtors are required to submit a Section 503(b)(9) Claim Request. Section 503(b)(9) Claim Requests must set forth with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; and (iii) the value of the goods the Section 503(b)(9) Claimant contends such Debtor received in the ordinary course of business within twenty (20) days before the Petition Date. Further, the Section 503(b)(9) Claim Request should include or attach documentation sufficient to demonstrate the Section 503(b)(9)

---

[2] Terms not otherwise defined herein shall have the meanings ascribed to it in the Motion.

11884665-2

Claim Prerequisites. Any Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of business. Finally, Section 503(b)(9) Claim Requests must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be in the English language; and (iii) be denominated in United States currency.

5. For any Section 503(b)(9) Claim Request to be validly and properly filed, a Section 503(b)(9) Claimant must either (a) deliver a signed original hardcopy of the Section 503(b)(9) Claim Request, or (b) electronically submit the Section 503(b)(9) Claim Request to the Claims Agent, as described in the Section 503(b)(9) Bar Notice, so as to be actually received by the Claims Agent on the Section 503(b)(9) Bar Date.

6. Any holder of a claim against a Debtor who receives notice of the Section 503(b)(9) Bar Date (whether such notice was actually or constructively received) and is required, but fails, to timely file a Section 503(b)(9) Claim Request in accordance with this Order on or before the Section 503(b)(9) Bar Date: (i) may be forever barred, estopped, and enjoined from asserting such claim against such Debtor (or filing a Section 503(b)(9) Claim Request with respect thereto) after entry of an order sustaining the objection filed by the Debtors, and such Debtor and its property may, upon confirmation of a chapter 11 plan, be forever discharged from all such indebtedness or liability with respect to such claim; and (ii) such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases or participate in any distribution from the Debtors on account of such claim or receive further notices regarding such claim; <u>provided, however</u>, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent, and in such amount, of any undisputed, non-contingent and liquidated claims identified in the Schedules on behalf of such claimant or any filed and allowed general unsecured claim.

7. The Section 503(b)(9) Bar Date Notice is approved in all respects. The Section 503(b)(9) Bar Date Notice will be served not later than five (5) days following entry of this Order. Prior to mailing the Section 503(b)(9) Bar Date Notice, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

8. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors shall serve the Section 503(b)(9) Bar Date Notice and a form Section 503(b)(9) Claim Request by first-class mail on:

    (a) the US Trustee;

    (b) counsel to the Committee;

    (c) all parties that have requested notice in these chapter 11 cases; and

    (d) the Vendor Notice Parties.

9. If the Debtors determine after the mailing date of the Section 503(b)(9) Bar Date Notice that an additional party or parties should receive the Section 503(b)(9) Bar Date Notice, the date by which a proof of claim must be filed by such party or parties shall be the later of (i) the Section 503(b)(9) Bar Date, or (ii) the first business day that is forty-five (45) days from the mailing date of an amended notice of the Section 503(b)(9) Bar Date to such additional party or parties.

10. The form, manner, and sufficiency of the notice of the Section 503(b)(9) Bar Date as described herein is sufficient, and no other or further notice is necessary.

11. Local Rule 3001-1(B) is satisfied.

12. The Debtors and the Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary or appropriate to implement and effectuate the terms of this Order.

13. The Court will conduct a status conference on **April 20, 2023 at 1:30 p.m., U.S. Courthouse, 299 E. Broward Boulevard, Courtroom 301, Fort Lauderdale, FL 33301**, at which time the Court will consider approving procedures for the allowance or reconciliation of claims filed pursuant to 11 U.S.C. Section 503(b)(9).

14. The Court shall retain jurisdiction with respect to this Order and any related proceedings.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

5

11884665-2