UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

    Debtors.

_____/

Case No. 22-17842 (PDR)

Chapter 11

## AMENDED[1] NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, that Monster Energy Company ("Monster"), by and through its undersigned counsel, intends on serving the attached subpoena upon Jack Owoc on February 13, 2023 or as soon thereafter as service can be effected.

Dated: January 31, 2023

Respectfully submitted,

By: *Michael I. Goldberg*
    **AKERMAN LLP**
    Michael I. Goldberg
    Florida Bar No. 886602
    Eyal Berger
    Florida Bar No. 11069
    201 East Las Olas Boulevard, Suite 1800
    Fort Lauderdale, FL 33301
    T: (954) 463-2700
    F: (954) 463-2224
    michael.goldberg@akerman.com
    eyal.berger@akerman.com

    -and-

    **PACHULSKI STANG ZIEHL & JONES LLP**
    Richard M. Pachulski (*pro hac vice*)
    Ira D. Kharasch (*pro hac vice*)
    Robert J. Feinstein (*pro hac vice*)

---

[1] Amending to fix scrivener's error regarding date intended to serve subpoena.

Teddy M. Kapur (*pro hac vice*)
Steven W. Golden (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910
F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF Notice of Electronic Filings to all parties registered to receive electronic noticing in this case on January 31, 2023.

    /s/ *Michael I. Goldberg*
Michael I. Goldberg, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.
_____/

Case No. **22-17842 (PDR)**

Chapter **11**

## NOTICE OF RULE 2004 EXAMINATION

**[X]** *Testimony:* Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **Monster Energy Company** will examine **Jack Owoc** under oath on **March 15, 2023** at **9:00 a.m. EST**. The examination will be conducted **via Zoom video conference at a link to be provided by counsel**, and will be recorded by transcription. The examination may continue from day to day until completed.

**[X]** *Production:* Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **Monster Energy Company** requests that **Jack Owoc** produce the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), who must permit inspection, copying, testing, or sampling of the materials on **February 14, 2023** at **10:00 a.m. PST**, at **Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Teddy M. Kapur, Esq.**

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

*[Remainder of page intentionally left blank]*

Dated: January 30, 2023         Respectfully submitted,

By: *Michael I. Goldberg*
**AKERMAN LLP**
Michael I. Goldberg
Florida Bar No. 886602
Eyal Berger
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: (954) 463-2700
F: (954) 463-2224
michael.goldberg@akerman.com
eyal.berger@akerman.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
Richard M. Pachulski (*pro hac vice*)
Ira D. Kharasch (*pro hac vice*)
Robert J. Feinstein (*pro hac vice*)
Teddy M. Kapur (*pro hac vice*)
Steven W. Golden (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910
F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF Notice of Electronic Filings to all parties registered to receive electronic noticing in this case on January 30, 2023.

                                        /s/ *Michael I. Goldberg*
                                        Michael I. Goldberg, Esq.

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re VITAL PHARMACEUTICALS, INC., et al.,  
                Debtors.

Case No. 22-17842 (PDR)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Jack Owoc

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: ZOOM PLATFORM WILL BE USED TO CONDUCT THE EXAMINATION BY VIDEOCONFERENCE [link to be provided by counsel] | DATE AND TIME: March 15, 2023 at 9:00 a.m. EST |
|---|---|

The examination will be recorded by this method: Transcription

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: Pachulski Stang Ziehl & Jones LLP Attn: Teddy M. Kapur, Esq. 10100 Santa Monica Blvd, 13th Floor Los Angeles, CA 90067 | DATE AND TIME: February 14, 2023 at 10:00 a.m. PST |
|---|---|

*All Documents on the attached Schedule A*

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/30/2023

                CLERK OF COURT

                                      OR

_____        */s/ Eyal Berger*  
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

LF-84 (rev. 12/01/21)

The name, address, email address, and telephone number of the attorney representing Monster Energy Company who issues or requests this subpoena, is: Eyal Berger, Esq., Akerman LLP, 201 E. Las Olas Blvd. Suite 1800, Fort Lauderdale, FL 33301, eyal.berger@akerman.com, (954) 463-2700

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Schedule A

## DEFINITIONS

For the purposes of this Subpoena, the following Definitions shall apply:

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2. "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

3. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

4. "Debtors" means, collectively or individually, as context requires and to encompass responsive documents, Vital Pharmaceuticals, Inc.; Bang Energy Canada. Inc.; JHO Intellectual Property Holdings, EEC; JHO Real Estate Investment, EEC; Quash Seltzer, EEC; Rainbow Unicom Bev EEC; and Vital Pharmaceuticals International Sales, Inc., and each of their agents, accountants, financial advisors, employees, experts, attorneys, officers, directors,

direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors (including, for the avoidance of doubt, Jack Owoc).

5. "<u>Documents</u>" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all Documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other Documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

6. "You" or "Your" and variants thereof mean Jack Owoc and Mr. Owoc's agents, accountants, financial advisors, employees, experts, attorneys, representatives, and affiliates.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for purposes of this Subpoena, the following Instructions shall be followed:

1. Unless otherwise specified, the relevant time period shall be from January 1, 2018 to the date hereof.

2. Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

3. You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records,

data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4. Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

6. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

    a. Identify the type, title and subject matter of the Document;

    b. State the place, date, and manner of preparation of the Document;

    c. Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d. Identify the legal privilege(s) and the factual basis for the claim.

7. Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 6 above must be provided.

## MANNER OF PRODUCTION

1. All Documents produced to the Movants shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and

accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.  <u>Database Load Files and Production Media Structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.  <u>Electronic Documents and Data, Generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Movants, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.  <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Movants.

5. <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Movants to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a. XML format file(s);

b. Microsoft SQL database(s);

c. Access database(s); and/or

d. fixed or variable length ASCII delimited files.

6. <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject

to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7. <u>"Other" Electronic Documents</u>: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8. <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## DOCUMENT REQUESTS

**Request No. 1.** All Documents and Communications Concerning Your compensation and/or any decisions Concerning Your compensation by any Debtor, from January 1, 2018 through the date hereof, including, without limitation, salary, shareholder distributions, dividends, bonuses, incentive plans, retirement benefits, non-cash perquisites (e.g., meals, lodging, aircraft use, vehicle use, club memberships), reimbursement of expenses, grants of equity, stock options, or restricted stock units.

**Request No. 2.** Documents sufficient to show all money, assets, and/or any other thing of value that any Debtor transferred to: (i) You; (ii) any member of Your family; (iii) a trust or other entity for which You or any member of Your family is a trustor, trustee, grantor, grantee, beneficiary and/or otherwise affiliated; and/or (iv) another party on behalf of or to

benefit You, any member of Your family, or a trust or other entity for which You or any member of Your family is a trustor, trustee, grantor, grantee, beneficiary, and/or otherwise affiliated.

**Request No. 3.** All Documents and Communications Concerning any use of any Debtor's money, assets, and/or any other thing of value to purchase, lease, and/or rent any property that was used, at any time, for personal reasons by You and/or any member of Your family, including, without limitation: (1) real property; (2) automobiles, and (3) airplanes, including the airplane purchased, leased, or rented by Bang Jets, LLC.

**Request No. 4.** All Documents and Communications from January 1, 2018 through the date hereof Concerning the value of or any valuation of any Debtor, any affiliate of the Debtor, and/or Your interests in any Debtor or any Debtor's affiliates.

**Request No. 5.** All Documents and Communications from January 1, 2018 through the date hereof Concerning any consummated or contemplated debt or equity financing for any Debtor, including, without limitation, any sale, equity investment, private placement, initial public offering, loan, or recapitalization.

**Request No. 6.** All Documents and Communications Concerning any actual or contemplated civil, criminal, or regulatory investigation and/or proceedings made, or threatened to be made, against You and/or any Debtor.

**Request No. 7.** All Documents and Communications Concerning any actual or contemplated complaints, allegations, claims, or causes of action of any kind made, or threatened to be made, accusing You, any Debtor, and/or any Debtor's current or former employees, officers, or directors, of fraud, breach of fiduciary duty, dishonesty, and/or gross mismanagement.

**Request No. 8.** All Communications between You and any Debtor's current or former directors, including, without limitation, John DiDonato, Jack Dickinson, Eric Hillman,

Guillermo Escalante, Kathy Cole, David Strickland, and Stephen Gray, or any entities affiliated with the foregoing individuals.

**Request No. 9.** Documents sufficient to show any financial, professional, and/or personal relationship between You and any Debtor's current or former directors, including, without limitation, John DiDonato, Jack Dickinson, Eric Hillman, Guillermo Escalante, Kathy Cole, David Strickland, and Stephen Gray or any entities affiliated with the foregoing individuals.

**Request No. 10.** All Documents and Communications Concerning Kathy Cole's resignation from any Debtor's employment and/or Board of Directors, and/or the events leading to her resignation, including, without limitation, (i) any decision to remove, circumscribe, or otherwise modify Ms. Cole's duties, role, or authority, and (ii) any directives, instructions, orders, or requests made to Ms. Cole.

**Request No. 11.** All Documents and Communications Concerning Frank Massabki's resignation from any Debtor's employment and/or the events leading to his resignation, including, without limitation, (i) any decision to remove, circumscribe, or otherwise modify Mr. Massabki's duties, role, or authority, and (ii) any directives, instructions, orders, or requests made to Mr. Massabki.

**Request No. 12.** All Documents and Communications Concerning any juror in *Monster Energy Co. v. Vital Pharms., Inc. and John H. Owoc.*, Case No. 5:18-cv-1882 (C.D. Cal.), including, without limitation, all Communications with any jurors in the foregoing case, notes or videos from any interviews with any juror in the foregoing case, and/or any compensation, benefits, or other things of value provided to any juror in the foregoing case.

**Request No. 13.** All Documents and Communications Concerning any film and/or documentary about any Debtor and/or You including, without limitation, expenditures

Concerning such film or documentary and all film or video footage shot for such film or documentary.

**Request No. 14.** All Documents and Communications Concerning Your and any Debtor's use of, and decision to continue the use of, the terms "creatine" and/or "Super Creatine" in selling, offering to sell, marketing, promoting, or advertising any Bang energy drink from September 29, 2022 through the date hereof, including, without limitation: (1) on Bang cans, labels, packaging, or point-of-sale materials; (2) in physical locations such as retail stores; (3) on social media, including Instagram, TikTok, YouTube, Facebook, and Twitter; and (4) in Communications with third parties, including retailers, distributors, and/or consumers.

**Request No. 15.** All Documents and Communications Concerning any actual or contemplated decision to remove the terms "creatine" and/or "Super Creatine" from Bang cans, labels, packaging, or point-of-sale materials, or to stop using the terms "creatine" and/or "Super Creatine" in selling, offering to sell, marketing, promoting, or advertising any Bang energy drink, including, without limitation, any expected timeline for making such decisions and/or changes.

**Request No. 16.** All Documents and Communications Concerning any video or other post Concerning the terms "creatine" and/or "Super Creatine" that You posted on social media on or after September 29, 2022, including, without limitation, the filming or creation of such post, the unedited film or video footage, any drafts of such post, the decision to upload such post, the decision to remove such post, and any refusal to remove such post.

**Request No. 17.** All Documents and Communications Concerning any decision, on or after September 29, 2022, by any retailer or distributor to stop selling, offering to sell, marketing, promoting, or advertising any Bang energy drink.

**Request No. 18.** All Documents and Communications Concerning any Debtor's decision to enter into, terminate, and/or breach any contract or agreement for the distribution of any of the Debtors' products.

**Request No. 19.** All Documents and Communications Concerning any video or other presentation Concerning the Debtors by You on or after September 29, 2022 including, without limitation, the filming or creation of such presentation, the unedited film or video footage, any drafts of such presentation, and the decision to make such presentation.