

ORDERED in the Southern District of Florida on February 1, 2023.



Peter D. Russin, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors._____/ | (Jointly Administered) |

**AGREED ORDER GRANTING, IN PART, AMERICREDIT FINANCIAL SERVICES INC. D/B/A GM FINANCIAL'S OMNIBUS MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**THIS MATTER** came before the Court on *AmeriCredit Financial Services Inc. d/b/a GM Financial's Omnibus Motion for Relief From the Automatic Stay* (the "Motion") [ECF No. 399] filed by *AmeriCredit Financial Services Inc.* d/b/a GM Financial ("GM Financial"). Vital

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Pharmaceuticals, Inc. (the "Debtor") and GM Financial have agreed to the relief sought in the Motion, upon the terms set forth herein. The Court having reviewed the file and the Motion, and being otherwise fully advised in the premises, and for good cause, it is hereby:

**ORDERED** as follows:

1. The Motion is **GRANTED**, in part, and only to the extent provided herein.

2. Commencing on January 3, 2023, and continuing pursuant to the terms of each Contract[2], as adequate protection for GM Financial's security interest and lien on the Vehicles, the Debtor shall remit to GM Financial the full monthly payment amounts due under each of the Contracts until further order of the Court. The aggregate amount of such monthly payments is referred to as the "Adequate Protection Payment."

3. Upon a proposed sale of a Vehicle, the Debtor will promptly notify GM Financial, who will in turn provide to the Debtor an updated payoff letter for the Vehicle within five (5) days of the written notice ("Payoff Amount"). Upon agreement by the Parties, the Debtor will pay the Payoff Amount within three (3) business days after the sale of the Vehicle has closed. No later than two (2) business days after the receipt of the Payoff Amount, GM Financial shall satisfy the lien on the Vehicle in accordance with applicable law.

4. After payment of the Payoff Amount of a Vehicle sold, the subsequent month's Adequate Protection Payment shall be reduced by the monthly payment amount owed for each Vehicle sold by the Debtor within the prior month.

5. On or before February 3, 2023, the Debtor shall pay to GM Financial the agreed outstanding amounts that came due under the Contracts during the period from the Petition Date through December 2022.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

6. The Debtor shall maintain insurance coverage on the Vehicles in accordance with the Contracts, and, within ten (10) days of the date of this Order, shall provide GM Financial with copies of the documents reflecting full coverage insurance on the Vehicle, consistent with the terms of the Lease and applicable law.

7. If the Debtor fails to comply with the terms set forth in paragraphs 2 through 6 of this Order (a "Default"), GM Financial shall be entitled to file a sworn statement evidencing the Default, which may be filed on 10-days' negative notice (the "Default Statement"). If prior to the expiration of the 10-day negative notice period the Debtor fails to file a sworn statement in opposition to the Default Statement setting forth the factual basis for its compliance with paragraphs 2 through 4 of this Order or fails to cure the Default within the 10-day period, GM Financial shall be entitled to submit a proposed order granting relief from stay with respect to the Vehicle or Vehicles related to such Default, which order shall permit GM Financial to exercise all of its *in rem* rights and remedies with respect to such Vehicle(s), including repossessing the Vehicle(s), and which shall direct the Debtor to surrender the Vehicle to GM Financial. Moreover, if GM Financial files two (2) separate Default Statements with respect to two separate Defaults regarding the same Vehicle(s), on the occasion of a third Default involving such Vehicle(s) and the submission of a third Default Statement, the automatic stay shall immediately terminate with respect to such Vehicle(s) without the necessity for any further notice to the Debtor or the entry of an order from the Court.

8. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's property; (ii) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an

allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this order once entered.  Nothing contained herein will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

9. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted herein, including, but not limited to, executing any and all documents which the Debtor deems necessary to effectuate the terms of this Order.

10. The stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived and is not effective to the extent applicable to the relief set forth herein.

11. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*