

**ORDERED in the Southern District of Florida on February 3, 2023.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING THE EXCLUSIVE
PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** was before this Court on February 2, 2023, at 2:30 p.m. in Fort Lauderdale, Florida, upon the *Debtors' Expedited Motion for Entry of an Order (I) Extending the Exclusive Periods within which to File a Chapter 11 Plan and Solicit Acceptances Thereof and*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*(II) Granting Related Relief* [ECF No. 672] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors").  The Motion seeks entry of an order (this "Order") (i) extending the Debtors' exclusive periods to (a) file a chapter 11 plan (the "Exclusive Filing Period") by 120 days (through and including June 7, 2023) and (b) the Debtors' exclusive period to solicit votes on said plan by 120 days (through and including August 8, 2023) (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"), without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods and (ii) granting related relief, all as more fully set forth in the Motion.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

    **ORDERED** as follows**:**

    1.    The Motion is **GRANTED** as set forth herein.

    2.    All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

3. The exclusive period for the Debtors to file a chapter 11 plan is hereby extended through and including May 8, 2023.

4. The period during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan is hereby extended through and including July 10, 2023.

5. The relief granted herein shall not prejudice the Debtors from seeking further extensions made pursuant to section 1121(d) of the Bankruptcy Code, nor any parties in interest from objecting to any such further extensions.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.,
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
         mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*