UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No. 22-17842 (PDR) |
| Debtors.[1] | |

**NOTICE OF VIDEOTAPED RULE 2004 EXAMINATION *DUCES TECUM***

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of the above-referenced debtors (the "Debtors" or "Company"), requests that Fritz Tilus produce the documents, electronically stored information, or objects described on the attached subpoena, who must permit inspection, copying, testing, or sampling of the materials **on or before March 7, 2023, at 5:00 p.m. EST**, at the offices of **Sequor Law, P.A., Attn: Leyza F. Blanco, Esq., 1111 Brickell Avenue, Suite 1250, Miami, Florida 33131**.

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Committee in the above-captioned chapter 11 cases of the Debtors, will examine Fritz Tilus under oath **on March 17, 2023, at 9:30 a.m. EST**. The examination will be conducted in-person at the offices of **Sequor Law, P.A., 1111 Brickell Avenue, Suite 1250, Miami, Florida 33131**, and will be recorded by audio, visual, and stenographic means. The examination may continue from day to day until complete.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, Florida 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

Dated: February 7, 2023

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
-and-
Nicole Fulfree, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**

By: */s/ Leyza F. Blanco*
   Leyza F. Blanco, Esq.
   Florida Bar No.: 104639
   Juan J. Mendoza, Esq.
   Florida Bar No.: 113587
   1111 Brickell Avenue, Suite 1250
   Miami, Florida 33131
   Telephone: (305) 372-8282
   Facsimile: (305) 372-8202
   Email: lblanco@sequorlaw.com
   Email: jmendoza@sequorlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 7th day of February, 2023 by electronic transmission through the Court's CM/ECF system upon all parties registered to receive electronic noticing in this case and via U.S. first-class mail, postage fully prepaid, to Fritz Tilus, 5424 Gate Lake Road, Tamarac, Florida 33319.

*/s/ Leyza F. Blanco*
Leyza F. Blanco, Esq.

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re VITAL PHARMACEUTICALS, INC., *et al.*,  Case No. 22-17842 (PDR)
Debtors.

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Fritz Tilus,
    5424 Gate Lake Road,
    Tamarac, Florida 33319

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: Sequor Law, P.A., 1111 Brickell Avenue, Suite 1250, Miami, Florida, 33131 | DATE AND TIME: March 17, 2023, at 9:30 a.m. EST |
|---|---|

The examination will be recorded by this method: ___audio, visual, and stenographic means.___

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: *if not produced electronically* Sequor Law, P.A., Attn: Leyza F. Blanco, Esq., 1111 Brickell Avenue, Suite 1250, Miami, Florida 33131 | DATE AND TIME: March 7, 2023, at 5:00 p.m. EST |
|---|---|

*All Documents on Exhibit A to the Subpoena*

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 7, 2023
                CLERK OF COURT
                                        OR
_____          /s/ Leyza F. Blanco_____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

LF-84 (rev. 12/01/21)

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors who issues or requests this subpoena, are: Leyza F. Blanco, Esq., 1111 Brickell Avenue, Suite 1250, Miami, FL 33131, lblanco@sequorlaw.com, (305) 372-8282.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                             _____
                                                                        *Server's signature*

                                                            _____
                                                                   *Printed name and title*

                                                            _____
                                                                       *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# EXHIBIT A

# DEFINITIONS

1. "Bank Statements" include any Documents evidencing transactions with traditional banking institutions and/or decentralized finance platforms, including, but not limited to, Venmo, Zelle, PayPal, Coinbase Wallet, or any other digital payment or cryptocurrency wallet applications.

2. "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the Bankruptcy Court for the Southern District of Florida, jointly administered under lead Case No. 22-17842.

3. "Communication(s)" means any writing or any oral conversation of any kind or character, including, by way of example and without limitation, e-mails, instant messages, text messages, voicemail or messages, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex Communications or transmittals of Documents, and all Documents Concerning such writing or such oral conversation.

4. "Concerning" means consisting of, reflecting, referring to, Relating to, regarding, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests. A request for Documents "Concerning" a specified subject matter shall always include Communications, notes, and memoranda (whenever prepared) Relating to the subject matter of the Request.

5. "Debtors" means, collectively or individually, Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc., and each of their predecessors or successors, assignees, prior or current parents, partners, subsidiaries, direct or indirect affiliates or controlled companies, prior or current Officers, Directors, employees, members, representatives, agents, advisors, accountants and/or attorneys, and includes but is not limited to John H. ("Jack") Owoc.

6. "Directors" means each present and former director of the Debtors.

LF-84 (rev. 12/01/21)

7. "Document(s)" means, without limitation, the original and all copies, prior drafts, and translations of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all Electronically Stored Information, correspondence, records, tables, charts, analyses, graphs, schedules, reports, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other Communications (including, but not limited to, inter- and intra-office Communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, voicemail recordings or messages, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained. The term "Document(s)" is intended to be at least as broad in meaning and scope as the usage of this term in or pursuant to the Federal Rules of Civil Procedure.

8. "Electronically Stored Information" shall include, without limitation, the following: information that is generated, received, processed, recorded, or accessed by computers and other electronic devices, including but not limited to:

   i. E-mail;
   ii. Internal or external websites;
   iii. Output resulting from the use of any software program; and
   iv. All information stored on cache memories, magnetic disks (such as computer hard drives or floppy drives), optical disks (such as DVDs or CDs), magnetic tapes, microfiche, or on any other media for digital data storage or transmittal (*e.g.*, a smartphone such as an iPhone®, a tablet such as an iPad®, or a personal digital assistant such as a Blackberry®).

9. "Officers" means each present and former officer of the Debtors.

10. "Participated in" means had any Communications Relating to, prepared, sent, or received any Documents Relating to, or had any role in whatsoever.

LF-84 (rev. 12/01/21)

11. "Person(s)" means any natural person or any business, legal, or governmental entity or association.

12. "Relating to" or "Related to" means consisting of, reflecting, referring to, regarding, Concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests.  A request for Documents "Relating to" a specified subject matter shall always include notes and memoranda (whenever prepared) Relating to the subject matter of the Request.

13. "Time Period" means the period January 1, 2017 through and including the present.

14. "You" or "Your" shall mean Fritz Tilus.

## RULES OF CONSTRUCTION

1. The following rules of construction apply to these Requests:

   i. the terms "all" and "each" shall be construed as encompassing the ordinary definitions of both "all" and "each," conjunctively;

   ii. the connectives, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope; and

   iii. the use of the singular form of any word shall be construed to include the plural and vice versa.

2. All words, terms, and phrases not defined herein are to be given their normal and customary meaning in the context in which they are used.

## INSTRUCTIONS

1. Unless otherwise indicated, the Time Period applicable to these Requests is January 1, 2017 through the present, and includes any Documents created on an earlier date, but in use, modified, accessed, opened, uploaded, or downloaded during the relevant Time Period.

2. The obligation to produce Documents responsive to these Document Requests shall be continuing in nature, and a producing party is required to promptly produce any Document requested herein that it locates or obtains after responding to these Document Requests, up to the date on which these Chapter 11 Cases are closed by an order of the Court.

LF-84 (rev. 12/01/21)

3. Where an objection is made to any Document Request, the objection shall state with specificity all grounds for objection.

4. Where a claim of privilege is asserted in objecting to the production of any Document and a Document called for by these Document Requests is withheld on the basis of such assertion, the objecting party shall identify the extent and nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state privilege rule being invoked. In addition, the objecting party shall provide the following information with respect to any Document so withheld: (i) the type of Document, *e.g.*, letter or memorandum; (ii) the general subject matter of the Document; (iii) the date of the Document; and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

5. In the event that a requested Document has been lost, destroyed, discarded, and/or otherwise disposed of; the parties will identify the Document by identifying: (i) its author or preparer; (ii) all Persons to whom the Document was distributed or shown; (iii) date of creation and/or modification; (iv) subject matter; (v) attachments or appendices; (vi) date of, manner of, and reason for destruction or other disposition; (vii) Person authorizing destruction or other disposition; (viii) the Document Request or Requests to which the Document is responsive.

6. Produce all responsive Documents as they are kept in the usual course of business or organize and label them to correspond with the Document Request to which they are responsive.

LF-84 (rev. 12/01/21)

**DOCUMENT REQUESTS**

1. All Documents Concerning Your employment with the Debtors, including any offer letter and/or employment agreement between You and the Debtors, from the beginning of Your employment with the Debtors to the present.

2. Your current resume.

3. All Documents, including any Communications, sufficient to show Your role(s) and/or responsibility(ies) Relating to Your employment with the Debtors.

4. All Documents, including any Communications, manual, policy, or procedure, Related to the payments made by the Debtors including, but not limited to, supplier payments, intercompany transactions, and distributions.

5. All Documents, including any Communications, manual, policy, or procedure, Related to the manner in which the Debtors' payments, including, but not limited to, suppliers, intercompany transactions, and distributions, are accounted for in the Debtors' books and records.

6. All Documents, including any Communications, sufficient to show the individual that directed You to record and/or process payments made by the Debtors including, but not limited to, supplier payments, intercompany transactions, and distributions.

7. All Documents, including any Communications, sufficient to show the instructions given to You directing You to record and/or process each payment made by the Debtors including, but not limited to, supplier payments, intercompany transactions, and distributions.

8. All Documents regarding the Debtors' accounting treatment of non-debtor real estate expenses from 2018 to present, including, but not limited to, payments for expenses incurred by or on behalf of non-debtors "JHO Phoenix" (as it appears in the Debtors' records); JHO GA-1 Investment, LLC; JHO NV-1 Investment, LLC; Sheridan Real Estate Investment A, LLC; Sheridan Real Estate Investment B, LLC; and Sheridan Real Estate Investment C, LLC.

LF-84 (rev. 12/01/21)

9. All Documents, including emails and Communications, Related to payments or the provision of things of value from Debtor entities made directly or indirectly to the following entities or individuals:

- Jack Owoc
- Megan Owoc
- Ryan Owoc
- Krista Owoc
- Zachary John Owoc
- Anthony Clayton
- Eugene Bukovi

10. All Documents, including emails and Communications, Related to payments or the provision of things of value from Debtor entities made directly or indirectly to non-debtor entities affiliated with Jack Owoc, Megan Owoc, and/or their adult children.

11. Your maintenance of the Debtors' books and records from 2018 to Present.

LF-84 (rev. 12/01/21)