UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' OMNIBUS REPLY TO OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' PENDING APPLICATIONS TO RETAIN SPECIAL COUNSEL

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") submit this reply (this "Reply") to the *Omnibus Objection Of the Official Committee of Unsecured Creditors to the Debtors' Pending Applications to Retain Special Counsel* [ECF No. 651] (the "Objection"), and in support of the following applications to retain special counsel: (i) *Debtors' Application for Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [ECF No. 511] (the "Q&B Application") filed on December 14, 2022; (ii) *Debtors' Application for Approval of the Employment of Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP, as Special Counsel to the Debtors, Effective as of November 3, 2022* [ECF No. 565] (the "H&B Application") filed on December 21, 2022; (iii) *Debtors' Application for Approval of the Employment of Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 1, 2022* [ECF No. 566] (the "Faulkner Application") filed on December 21, 2022; and (iv) *Debtors' Application for Approval of the*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1

11914929-3

*Employment of David M. Levine and the Law Firm of Sanchez Fischer Levine, LLP, as Special Counsel to the Debtors*, *Effective as of the Petition Date* [ECF No. 633] filed on January 10, 2023 (the "SFL Application" collectively, with the Q&B Application, the H&B Application, and the Faulkner Application, the "Employment Applications"). In support of the Reply, the Debtors respectfully represent as follows:

## Background

1. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

2. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

4. On November 1, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245]. On November 23, 2022, the United States Trustee reconstituted the Committee [ECF No. 400].

## Introduction

5. By the Employment Applications, the Debtors request authorization to employ qualified counsel of their choosing, based on the exercise of the Debtors' business judgment. The Debtors' reconstituted board of directors (the "Board") unanimously approved the continued prosecution of the Prepetition Actions now. The Prepetition Actions include the OBI Appeal[2], the California District Court Action involving Monster Energy Company "Monster"), the PhD Marketing Appeal, and the false advertising case against Monster pending in

---

[2] Capitalized Terms used herein shall have the same meaning set forth in the Objection or the respective Employment Application.

the United States District Court for the Southern District of Florida ("<u>Florida False Advertising Action</u>").

6. The OBI Appeal relates to an appeal from a trademark infringement arbitration and related judgment entered against VPX, as further described in the Declaration of John DiDonato filed in support of certain first-day relief ("<u>DiDonato Decl.</u>"). [ECF No. 26 at ¶¶ 30-37.]

7. The California District Court Action relates to claims asserted by Monster that VPX and its CEO, John H. Owoc, for false advertising, alleged trade secret misappropriation, alleged violation of the Federal Computer Fraud and Abuse Act, and alleged interference with Monster contracts for retail shelf space, as further described in the DiDonato Decl. [ECF No. 26 at ¶¶ 38-39.]

8. The OBI Appeal and the California District Court Action alone involve approximately $500 million in judgments and/or jury awards entered against certain of the Debtors. Indeed, as to the matters that are subject of the OBI Appeal this Court has approved an escrow arrangement between the Debtors, Monster and Orange Bang, Inc. ("<u>OBI</u>") pursuant to which the Debtors will pay 5% of net sales of Bang branded product as a royalty to Monster and OBI, <u>subject to</u> the Debtors' right to claw back those payments if they prevail in the OBI Appeal. Given the importance of the OBI Appeal, the Debtors seek authority to employ Quarles & Brady (lead counsel in the case below), Daniel Geyser and Haynes & Boone (an appellate specialist) and because the issues on appeal include the challenges to manner in which the arbitration was conducted, Faulkner Law and Loree Law Firm, jointly, who are specialist in the area of alternative dispute resolution.

9. The PhD Appeal involves the defense of a judgment in favor of VPX and JHO before the Ninth Circuit Court of Appeals. The parties to the appeal are currently involved in

mediation.  Resolution of the appeal will result in an affirmative recovery to the estates.

10. The Florida False Advertising Action involves claims asserted by VPX against Monster for false advertising and unfair competition.  VPX seeks to recover lost profits, disgorgement of Monster's profits, and injunctive relief, as further described in the DiDonato Decl. [ECF No. 26 at ¶ 40.]  The Florida False Advertising Action is not subject to the automatic stay and has not been stayed by the District Court.  The Debtors attempted to proactively work with the Committee to address any issues or concerns with regard to the Florida False Advertising Action prior to filing the SLF Application.  On or about January 3, 2023, the Committee informed the Debtors that, subject to addressing any specific comments on the proposed order and any broader issues regarding litigation budget, it did not oppose the retention of SLF or the Florida False Advertising Action proceeding.

11. Resolution of these Prepetition Actions and incremental progress toward such resolution will have a significant impact on the Debtors' estates.  Counsel selected by the Debtors, as established in the Employment Applications, have expertise in the matters for which they will be retained.  With the exception of Mr. Geyser and Haynes & Boone, each has previously represented the Debtors in connection with the matters for which they will be retained.  Each is intimately familiar with those matters.

12. No creditor will be prejudiced by the Debtors' proposed employment of these professionals and pursuit of these Prepetition Actions. Yet the Committee objects to the Employment Applications based on several arguments, none of which precludes employment as requested in the Employment Applications.  Each of the professionals sought to be retained by the Debtors is eligible to be employed as the Debtors' special counsel pursuant to 11 U.S.C. §327(e).

13. Counsel for the Debtors and the Committee have engaged in several discussions to resolve the Objection; however, the parties have been unable to come to an agreement regarding (i) the continuation of the OBI Appeal; (ii) the terms of Quarles & Brady's proposed retention; (iii) the engagement of Sanchez Fischer Levine, LLP to prosecute the false advertising case against Monster. For the reasons set forth herein, the Court should approve the Employment Applications.

## Reply

14. Under Section 327 of the Bankruptcy Code, the Court has "broad discretion over the appointment of professionals to work on behalf of the bankruptcy estate." *In re Coal River Res., Inc.*, 321 B.R. 184 (W.D. Va. 2005); *Harold & Williams Dev. Co. v. United States Trustee* (In re Harold & Williams Dev. Co.), 977 F.2d 906, 909 (4th Cir.1992). The Court's broad authority to appoint professionals is subject to the limits imposed by Section 327 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code allows the debtor to employ "one or more" attorneys "to represent or assist the trustee in carrying out the trustee's duties. See 11 U.S.C. § 327(a). Moreover, under Section 327(e) of the Bankruptcy Code, the debtor may employ "for a specified special purpose, other than to represent the trustee in conducting the case" an attorney that has previously represented the debtor. See 11 U.S.C. § 327(e).

15. In a Chapter 11 case, a "debtor in possession" (hereinafter a "DIP") has, with some limitations, the powers of a trustee. 11 U.S.C. § 1107(a). Included in these is the power to employ professionals. See 11 U.S.C. § 327. *Matter of Memory Lane Assisted Living of Bowdon LLC*, No. BR 15-10373-WHD, 2017 WL 3475663, at *5 (Bankr. N.D. Ga. Aug. 11, 2017)

16. Section 327(e) of the Bankruptcy Code sets up a three-prong test for the employment of special counsel. *In re: Zante Inc.,* 2009 WL 8583113 (Bankr. D. Nev. April 24, 2009) First, the employment must be for a "specified special purpose". *Id.* Second, the debtor

5

must show that the employment is in the best interest of the debtor's estate. Id. Lastly, the proposed counsel cannot hold any interest adverse to the debtor. See, *In re Running Horse, L.L.C.,* 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007); *In re Goldstein*, 383 B.R. 496, 501 (Bankr. C.D. Cal. 2007). The policy behind Section 327(e) of the Bankruptcy Code is to allow the employment of a professional who has represented the debtor prior to the petition date and who is already intimately familiar with a matter, thereby avoiding the unnecessary duplication of services at the expense of the debtor's estates. See, e.g., *In re Great Lakes Factors, Inc.*, 337 B.R. 657, 659 n.1 (Bankr. N.D. Ohio 2005); Goldstein, 383 B.R. at 501 ("[W]hen counsel is very familiar with the [matter] because counsel has previously performed legal services for the debtor, it is obvious that the continuation of counsel's special services is in the best interest of the estate.").

17. Here, the Committee's Objection to the Employment Applications focuses on the second prong of Section 327(e), the employment must be in the "best interests of the estate". However, the "best interest of the estate" is not defined by the Bankruptcy Code. *In re Trevino*, 633 B.R. 485, 504 (Bankr. S.D. Tex. 2021). Courts have determined that the "best interests of the estate" means that pursuit of the claim is justified by its merit and value and that the proposed attorney has expertise and familiarity with the claim. *In re W. Pointe Properties, L.P.*, 249 B.R. 273, 284 (Bankr. E.D. Tenn. 2000); *see also In re Engel*, 124 F.3d 567, 575 (3d Cir.1997) (citing *In re Duque*, 48 B.R. 965 (D.C.Fla.1984) ("the attorney's employment must be in the best interest of the estate, which means property of estate is threatened and the need for services is real.)

18. The Debtors' continued pursuit of the OBI Appeal and other Prepetition Actions is not an improvident exercise of the Debtors' business judgment as there is a need for the services of these professionals. The OBI Appeal involves VPX's effort to reverse a liability of approximately $185 million. The California District Court Action involves claims totaling

6

approximately $293 million. These claims are disputed and will need to be liquidated on a final basis. Having these cases proceed now will have no impact on the sale process the Debtors are advancing.

19. As set forth in *In re Age Ref., Inc.*, the "[debtor] as a party litigant is certainly free to exercise his business judgment that formally retaining counsel of his choice to pursue formal litigation best serves the interests of the estate. *In re Age Ref., Inc.*, 447 B.R. 786, 801 (Bankr. W.D. Tex. 2011); *see also In re Seven Ctys. Servs., Inc.,* 496 B.R. 852, 856 (Bankr. W.D. Ky. 2013) (the hiring of a professional falls within the discretion of the Debtor to operate its business according to its business judgment). That court indicated it was "reluctant to second-guess that business judgment based primarily on the arguments urged by one of the very parties the trustee has sued." *In re Age Ref., Inc.*, 447 B.R. at 801. Nothing set forth in the Committee's Objection should overcome the Debtors' informed business judgment.

20. Further, to the extent the Committee's Objection concerns the Debtors' litigation budget, as set forth in the Employment Applications, all professional compensation is subject to the *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503] requiring professionals to apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331. Therefore, the Committee retains the right to review the compensation sought by each of the professionals and evaluate the services that each has provided.[3]

---

[3] Monster separately filed a *Response to the Debtors' Pending Application to Retain Sanchez Fischer Levine, LLP as Special Counsel* [ECF No. 729], in which Monster states that it "does not object to SFL's retention," but promises to "object to any future application for payment of SFL's fees as, among other things, a waste of estate resources." It is not surprising that Monster, as the named target of the claims asserted in the Florida False Advertising Action, would prefer that the Florida False Advertising Action not proceed, but if the SLF Retention Application is approved, then there is no basis for Monster to take the position that all fees incurred in that action are a waste of estate resources.

**CONCLUSION**

For these reasons, the Debtors respectively requests that the Court i) overrule the Objection in its entirety; ii) authorize the Debtors to employ the professionals set forth in the Employment Applications; and iii) grant such other and further relief as is just and proper.

Dated: February 7, 2023
       Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
       mniles@bergersingerman.com

*Co-Counsel for the Debtors*

11914929-3