UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors._____/ | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF RICHARD D. FAULKNER,
ON BEHALF OF FAULKNER ADR LAW, PLLC, AS PROPOSED
<u>SPECIAL COUNSEL TO THE DEBTORS</u>**

I, Richard D. Faulkner of the law firm of Faulkner ADR Law, PLLC, declare and state as follows:

1. I am Richard D. Faulkner. I am an attorney and a partner with the law firm of Faulkner ADR Law, PLLC ("<u>Faulkner Law</u>"). Our firm maintains an office for the practice of law at 12770 Coit Road, Suite 720, Dallas, TX 75251.

2. I am familiar with the matters set forth herein and make this Supplemental Declaration in support of the *Debtors' Application for Approval of the Employment of Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 1, 2022* [ECF No. 566] in the above-captioned case (the "<u>Application</u>"), and hereby supplement the disclosures contained in my initial declaration dated December 13, 2022, and attached to the Application as Exhibit B.

3. In support of the Application, I disclose the following:

   (a) Unless otherwise stated, this Supplemental Declaration is based upon facts

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11771421-5

of which I have personal knowledge.

(b)     I make this Supplemental Declaration to provide additional disclosures, including to satisfy certain information requests communicated by counsel to the official committee of unsecured creditors appointed in the Debtors' cases.

4.      On December 21, 2022, the Debtors filed the Application.

5.      Pursuant to the Application, the Debtors originally requested that Faulkner Law represent VPX[2] and JHO in connection with the OBI Appeal and the AAA Action, and Faulkner Law consented to provide such services.

6.      The Debtors have clarified that, at this time, they seek authority to retain Faulkner Law solely to represent VPX and JHO in connection with the OBI Appeal.  Faulkner Law has agreed to limit its representation to this matter.  Faulkner Law shall not provide any additional services to VPX and JHO absent further order of this Court.

7.      On February 7, 2022, VPX retained Faulkner Law to provide advice in connection with opposing confirmation of the arbitral award in favor Monster Energy Company ("Monster").  A copy of the February 7, 2022, engagement letter is attached hereto as **Exhibit A**.  The February 7, 2022, engagement included the retention of Philip J. Loree, Jr. (the "Loree Law Firm")[3] who associated with Faulkner Law for purposes of the representation.  VPX did not separately retain Loree Law Firm.  Loree Law Firm, as associated counsel, and Faulkner Law provided pre-petition services VPX.  Invoices issued by Faulkner Law to VPX pre-petition included the services provided by Loree Law Firm to VPX.

8.      As of the Petition Date, after application of the retainer sum of $7,500 and partial payment for services rendered to VPX by Faulkner and Loree concerning the arbitration award

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.
[3] The Loree Law Firm is a sole proprietorship of Mr. Loree.

2

11771421-5

issues, VPX owed Faulkner Law $68,395.00. VPX listed Faulkner Law as a creditor on its schedule of liabilities filed with this Court.

9. Effective upon the Court's approval of the Application, Faulkner Law shall waive its pre-petition claim against VPX and its bankruptcy estate and shall not receive any distribution on account of its claim.

10. Consistent with the terms of its pre-petition engagement, Faulkner Law Firm will continue to associate with Loree Law Firm in connection with its post-petition representation of VPX. The invoices submitted by Faulkner Law for post-petition services provided to VPX will state and delineate separately each of the services provided by Faulkner and state the services provided by Loree Law Firm. Each invoice submitted by Faulkner Law for post-petition services will, as it did in the pre-petition period, separately include: (a) the time each day of the billing period that Faulkner Law spent working on the matter; and (b) a Loree Law Firm invoice setting forth the time each day of the billing period Mr. Loree spent working on the matter. Upon VPX's payment of the invoices to the Faulkner Law Firm, the Faulkner Law Firm transmits to the Loree Law Firm the fees attributable to the Loree Law Firm invoice and retains the fees attributable to the work the Faulkner Law Firm performed.

11. Except as set forth in Engagement Letter with respect to Loree Law Firm, there is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by Faulkner Law nor any member or associate thereof, as to compensation in connection with these cases, other than in accordance with the provisions of the Bankruptcy Code.

12. Faulkner Law agrees to abide by and be compensated pursuant to the *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503] (the "Compensation Procedures Order"), and shall apply for compensation on an hourly

basis, at the rates described in the Engagement Letter, plus reimbursement of actual, necessary expenses incurred by Faulkner Law.

13. This concludes my Supplemental Declaration.

### 28 U.S.C § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2023.

/s/ *Richard D. Faulkner*
Richard D. Faulkner

# EXHIBIT "A"

# Richard D. Faulkner
J.D., LL.M., F.C.I.Arb., Dip. Intnl. Comm. Arb.
**Faulkner ADR Law, PLLC**
Attorney - Arbitrator - Mediator - Special Master

12770 Coit Road  
Suite 720  
Dallas, TX 75251

Tel. (972) 427-1500  
Rfaulkner@faulkneradrlaw.com

February 7, 2022

**VIA EMAIL ONLY**

Mr. Gregg Metzger, Esq.  
Chief Litigation Counsel  
gregg.metzger@bangenergy.com

Re:   Counsel Engagement for Advice and Potential Prosecution of Motion to Vacate Adverse Arbitration Award Issues in U. S. District Court in California or Florida Regarding Vital Pharmaceuticals, Inc. (d/b/a Bang Energy & as VPX) "Respondent/Counter-Claimant" adv. Monster Energy Company & Orange Bang, Inc. "Claimants/Counter-Respondents"

Dear Mr. Metzger:

As your know it is standard practice for lawyers to send an engagement letter describing the basis on which they will provide legal services to you. Therefore, we submit for your approval the following provisions governing our engagement. If you are in agreement, please sign the enclosed copy of this letter in the space provided below and return it. If you have any questions about these provisions, please do not hesitate to call.

We are pleased that you have asked us to assist you with respect to the above-referenced matters (hereafter referred to as the "Matter").

1. **Client; Scope of Representation**. Our client in this Matter will be Vital Pharmaceuticals, Inc. (d/b/a Bang Energy & VPX) "Respondent/Counter-Claimant" represented by its Chief Litigation Counsel, Mr. Gregg Metzger referred to hereafter as "You", or "Respondent(s)". The scope of this representation shall be to assist Respondent(s) counsel in addressing the issues that have arisen in relation to the above referenced arbitration. We will be engaged to represent You in providing legal advice and representation to prosecute Vacatur litigation issues in one or more U. S. District Court(s) and potential appeals.

2. Our contact person for the purposes of our representation shall be Mr. Metzger. We will obtain our instructions for our legal representation of Respondent(s) through Mr. Metzger, unless otherwise instructed in writing.

3. **Terms of Engagement**. This agreement for representation is an at will agreement. Any party may terminate the engagement at any time for any reason whatsoever in writing, subject to or apart from the applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps

as are reasonably practicable to protect your interests in the above-referenced Matter.

4. **Termination Obligations.** Upon termination of our representation of you in the Matter, we will forward our final invoice for services rendered in this Matter. Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with the applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs. Our own files pertaining to this Matter will be retained by the firm. These firm files may include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and internal lawyer work product such as drafts, notes, internal memoranda, and legal and factual research. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

5. **Fees and Out-of-Pocket Expenses.** Our fees will be based on the time spent in this Matter at the billing rate for each attorney, law clerk or paralegal devoting time to this Matter. The usual hourly rates are as follows:

$450.00 *JM*
~~$750.00~~ per hour for Richard Faulkner, **J.D.**, LL.M., F.C.I.Arb., Dip.Intnl.Com.Arb.
$250.00 to $450.00 per hour for associate or contract attorneys, and,
$100.00 and $150.00 per hour for Law clerks and paralegals.

6. **Retainer.** Upon receipt of a refundable retainer in the amount of a $7,500.00 as security for costs, expenses, and fees and an executed copy of this fee agreement, we will commence work on the Matter. We will bill against the retainer and provide copies of our bill to you. You agree to replenish this retainer from time to time if requested. The retainer will be deposited into an interest bearing trust account (IOLTA Account) and the unused balance of the retainer will be refunded to you upon the conclusion of our representation of you, if any.

7. **Expenses.** You agree to pay all of the out of pocket expenses that we incur up front. In other words, to the extent that we incur the costs and fees referenced above, including but not limited to travel fees, hotel fees, expert witness fees, arbitrator fees, court reporter fees, filing fees, court costs, printing fees, and other fees, you agree to pay them prior to our actually incurring same upon our request. Our firm will not pay these fees. You agree that we may immediately terminate our services if these fees are not paid by you when requested by us within our sole discretion.

8. **Billing.** All hourly fees and expense charges will be billed directly against the retainer. If there is a time when no retainer is in place, any bills issued to you are due no later than ten days of the date of your monthly statement. If any such fees are not paid in full, we reserve the right to charge interest on the outstanding balance at the maximum rate allowed by law, beginning thirty (30) days after any such outstanding balance becomes due and owing and/or to terminate our relationship with you. In the event you should cease making payments in accordance with this agreement, our firm has the right to immediately terminate its services as legal counsel for you in this Matter.

9. **Client Responsibilities.** You agree to cooperate with us and to fully and promptly provide all information known or available to you relevant to our representation of you in this Matter. You also agree to pay our statements for services and expenses in accordance with the paragraphs above.

10. **Email Communications.** We understand that you would like to receive, and have agreed to exchange, copies of letters sent in your case and certain documents via email. Email is not a confidential form of communication even if the email contains a disclaimer stating that confidentiality and/or the attorney client and/or the work product privileges are not waived. Some case law suggests that email exchanged between lawyers and their clients is not confidential and is not covered by the attorney-client and/or work-product privileges.

Accordingly, a court may find that our email communications are not covered by confidentiality, the attorney-client and/or work-product privileges. We anticipate that we will be communicating with you by Email and telephone. If you use secure encrypted telephone systems, such as Signal, we will use that method if instructed.

With that in mind, by signing below you agree that you have given us your written permission to communicate with you through email. Indicating your written approval below does not mean that in all instances we will communicate with you via email. We will communicate with you primarily by the most effective method available at that time, which is likely to be Email and telephone. In some instances, it may be more efficient for us to exchange communications with you through hard copies. Therefore, we reserve the right to communicate with you through facsimile or the mail at our sole discretion.

It is your responsibility to keep us informed of any changes in your personal contact information at all times and for checking email and other electronic forms of communication if you so choose to communicate using those means. We do this as an accommodation to you in the hopes of continuing to provide our clients with a high level of service at reasonable rates.

11. **Conflicts.** You are aware that we represent multiple companies and individuals. It is possible that during the time that we are representing you, some of our present or future clients may have disputes or transactions with you. We agree that we will request permission of you to represent, or may undertake in the future to represent existing or new clients in any matter that is not substantially related to work for you, unless the interests of such clients in those other matters are directly adverse to your interest. We agree, however, that your consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage.

12. **No Guarantee of Result or Fees Incurred.** You understand that we and any attorneys working with us have made no representation concerning the successful termination of the Matter, the claim or claims relating to the matter in controversy or to the favorable outcome of any legal action that is or may be filed. You further expressly acknowledge that all statements of the attorneys on these matters are statements of opinion only. We do not and can not guarantee that we will bill You any specific amount. Respondent(s) agree(s) that it shall be liable for all hourly fees, expenses and costs incurred by the attorneys relating to this Matter.

13. **Governing Law; Venue.** The laws of the State of Texas shall govern the construction and interpretation of this agreement and venue shall be in Dallas County, Texas.

14. **Entire Agreement.** This agreement constitutes the entire agreement between you and us regarding your engagement of us to represent you with respect to this Matter. This agreement is subject to no oral agreements or understandings and can be modified or changed only by a further written agreement signed by you and each of us. No obligation or undertaking not set forth expressly in this agreement shall be implied on the part of either you or either of us.

15. **Acceptance.** If you agree with these terms, please sign and return this letter.

The Federal, Louisiana and Texas courts have adopted various versions of The Lawyer's Creed - A Mandate for Professionalism. The Creed addresses a lawyer's obligation to the legal system, to clients, and to judges. It also governs the manner in which we deal with opposing counsel. The Creed requires lawyers to act professionally with each other and the courts and to not attempt to abuse the system. We support the principles of the Creed and solicit your support as well.

We are pleased to have this opportunity to work with you. If you have questions now, or in the future, about this agreement or matters relating to our representation of you, please never hesitate to call.

Sincerely,

Faulkner ADR Law, PLLC

By: _____
Richard D. Faulkner, Esq.

Agreed and Accepted by:

Vital Pharmaceuticals, Inc. (d/b/a Bang Energy & as VPX)

By: _Gregg Metzger_____
Mr. Gregg Metzger, Esq. Chief Litigation Counsel

Date: _____2/10/22_____