

**ORDERED in the Southern District of Florida on February 8, 2023.**



Peter D. Russin, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al* | Case No. 22-17842-PDR |
| Debtors._____/ | (Jointly Administered) |

**AGREED ORDER GRANTING ADEQUATE PROTECTION**
**(U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE)**

THIS CASE came before the Court for hearing upon the *Verified Motion for Relief from Automatic Stay or in the Alternative Adequate Protection* [Doc. No. 642] filed U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE, (hereinafter referred to as "U.S. BANK" or "Creditor"), (the "Motion"). The Court, having reviewed the Motion, the record, and being advised of the agreement of the parties, it is hereby,

**ORDERED** that:

1. The Motion is denied, without prejudice, to the extent that it seeks relief from the automatic stay and granted as set forth herein to the extent that it seeks adequate protection.

1

2. U.S. BANK alleges that it owns and / or holds a valid and perfected lien encumbering the following equipment, which is the subject of the Motion:

**One (1) 2020 YALE NR035DB FORKLIFT**
**One (1) 2020 YALE NR035DB FORKLIFT**

Together with all replacement, parts, repairs, additions, accessions and accessories incorporated therein or affixed or attached thereto and any and all proceeds of the foregoing, including without limitation, insurance recoveries

(herein "Equipment").

3. Accordingly, Adequate Protection payments shall be paid by the Debtor to U.S. BANK as follows until further Order of the Court:

   a. One (1) payment of $10,282.64 due on or before February 8, 2023 (representing post-petition payments from 10-15-22 through 1-15-23, leaving the 9-15-22 pre-petition payment outstanding).

   b. Then, Debtor shall pay the regular monthly contract payments of $2,570.66 commencing February 15, 2023 and due on the 15th day of each consecutive month thereafter until further Order of this Court.

4. Unless otherwise directed by U.S. BANK, all payments shall be made to:

   U.S. Bank Equipment Finance
   P. O. Box 954238
   St. Louis, MO 6319
   (Ref: Vital Pharmaceuticals, Inc., Case no., and Contract no. XXX-XXX5499)

5. The Debtor shall pay all sales tax, property tax and other taxes, if any, in connection with the Equipment and shall do so in a timely manner.

6. U.S. BANK shall be entitled to inspection of its Equipment upon seven (7) days written notice to the Debtor or email notification to Debtor's counsel, Jordi Guso Esq., at jguso@bergersingerman.com and Michael Niles, Esq., at mniles@bergersingerman.com.

7. The Debtor will not cause any further liens to attach to the Equipment. No other costs and expenses of administration shall be imposed upon U.S. BANK or its Equipment under

any Chapter of the Bankruptcy Code, whether by means of a surcharge under 11 U.S.C. 506(c) or otherwise.

8. The Debtor shall maintain insurance coverage as required under the subject Lease Agreement (which is the subject of the Motion); as required by law; and needed to protect the Equipment in an amount sufficient to cover the full value thereof. Debtor shall deliver to U.S. BANK a current certificate of insurance on the Equipment within fifteen (15) business days of this Order

9. The Debtor shall keep the Equipment in good and reasonable condition and shall perform regular maintenance on same in accordance with commercially reasonable standards for such equipment.

10. In the event that the Debtor fails to make the Adequate Protection payments, or otherwise fails to strictly comply with the terms of this Order, time being strictly of the essence, then U.S. BANK shall give the Debtor's Attorney notice of the default, by email at jguso@bergersingerman.com and mniles@bergersingerman.com, and if the default is not cured within seven (7) days after the said email notice, U.S. BANK shall be entitled to file an affidavit evidencing the default and request an expedited hearing (which may be done in the form of a Verified Motion) (collectively "Default Statement"), and the Court shall then schedule an expedited hearing at the Court's earliest convenience to consider lifting the automatic stay. However, notwithstanding, if the Debtor fails to file a sworn statement within five (5) business days of U.S. BANK's filing of the Default Statement, specifically testifying that the Debtor indeed complied with this Order and setting forth the factual basis evidencing such compliance, U.S. BANK shall be entitled to submit a proposed Order granting relief from stay. Regardless of the circumstances, if relief from stay is granted, such Order shall include a provision(s) that

directs the Debtor to surrender the subject Equipment to U.S. BANK and fully cooperate with U.S. BANK's recovery thereof, including, but not limited to, providing U.S. BANK complete access to the Equipment; that the provisions of Bankruptcy Rule 4001(a)(3) are waived, so that the Order will be effective immediately; and that U.S. BANK may immediately exercise all its rights and remedies at law or equity and pursuant to the subject Lease Agreement, including, but not limited to, possession, selling and disposing of the Equipment (and may serve all notices to preserve any deficiency claim, or otherwise).

11. Any past due post-petition and / or adequate protection payments (as well as any pre-petition arrearages) shall be governed by and treated in accordance with the Bankruptcy Code; and nothing herein shall constitute a waiver of any rights by U.S. BANK under the Code.

12. In the event that the Debtor fails to confirm a Plan of Reorganization in the Chapter 11 case, or the case is dismissed or converted to a case under Chapter 7, then all payments shall be applied to the debt in accordance with the terms set forth in the subject Lease Agreement, and at the sole election of U.S. BANK, any alterations to the terms and conditions of the subject Lease Agreement as set forth in this Order shall be null and void, and U.S. BANK shall be entitled to exercise any and all of its rights and remedies against the Equipment or the Debtor as set forth above without notice to the Debtor or further order of this Court.

13. All provisions of the subject Lease Agreement shall remain unchanged and in full force and effect and are incorporated herein by reference (except as expressly modified by this Order). Nothing in this Order shall constitute a waiver of any rights of U.S. BANK against any guarantor(s), nor cure any default(s) by any guarantor(s).

14. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtor's

property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this order once entered.

15. U.S. BANK reserves all rights to object to any current or future proposed plan treatment relating to U.S. BANK and / or the Equipment, or any §363 Sale or any other matter in this case which U.S. BANK deems appropriate.

16. This Order is without prejudice to the rights of either party to seek other relief in this case or petition the bankruptcy court for additional relief in the event of a change in circumstances.

17. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

<u>Submitted by</u>:
Ronald M. Emanuel, Esq.
Fla. Bar No.: 746932
EMANUEL & ZWIEBEL, PLLC
7900 Peters Road
Building B, Suite 100
Plantation, Florida 33324
Telephone: (954) 472-7500
Email: ron.emanuel@emzwlaw.com
Eservice: eservice@emzwlaw.com
*Attorneys for Creditor, U.S. Bank*

*(Attorney Ronald M. Emanuel is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of the entry of the order).*