UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

### DEBTORS' EXPEDITED MOTION FOR PROTECTIVE ORDER CONCERNING RULE 2004 NOTICES DIRECTED TO KATHLEEN COLE

**The Debtors respectfully request the Court conduct an expedited hearing on this Motion on or before February 14, 2023, because the Rule 2004 Examination of Ms. Kathy Cole is presently scheduled for February 16, 2023.**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through undersigned counsel, hereby file this motion (the "Motion") for a protective order, in the form attached as **Exhibit 1**, seeking to clarify the scope of the documents or information requested in Monster Energy Company's ("Monster") *Notice of Rule 2004 Examination of*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Kathleen Cole* [ECF No. 514] and each Re-Notice of Rule 2004 Examination of Kathleen Cole [ECF Nos. 595 and 739] (the "Notice").[2]  In support of this Motion, the Debtors state follows:

## PRELIMINARY STATEMENT

1. The Debtors seek nothing more by way of this Motion than to have the scope of the requests set forth in the Notice mirror Monster's articulated basis for it.  Monster has repeatedly confirmed that the intended purpose of the Rule 2004 discovery directed to Ms. Cole, the Debtors' former Chief Operating Officer, is to investigate the circumstances surrounding Ms. Cole's departure from the Company (as defined below) and related interactions with Mr. Owoc leading to that departure.  However, Monster refuses to tailor the Notice accordingly and instead insists that Ms. Cole produce documents in response to sweeping requests that would encompass anything in her possession at all related to the Company.  Discovery in such broad strokes impermissibly subjects Ms. Cole to production of the Debtors' sensitive and propriety information, which is subject to a non-disclosure agreement.  If Monster seeks Rule 2004 discovery from Ms. Cole for the reasons they have articulated, then it makes no sense why they would refuse to clarify the scope of the requests as the Debtors have proposed.

---

[2] American Bottling Company, Orange Bang, Inc., the Prepetition Agent and DIP Agent, the Official Committee of the Unsecured Creditors, and Sony Music Entertainment and UMG Recordings, Inc. (each, a "Cross-Noticing Party," together the "Cross-Noticing Parties") have each filed Cross-Notices, and some have filed Renewed Cross-Notices, noticing their intent to participate in the Rule 2004 examination of Ms. Cole.  Though Monster is the only noticing party that included document requests that are the subject of this Motion, for the avoidance of doubt, the Debtors seek for the protective order also to apply to any Cross-Noticing Party's Rule 2004 discovery of Ms. Cole, to the extent applicable. *See* American Bottling Company's Cross-Notice of Rule 2004 Examination [ECF No. 535] and Renewed Cross-Notice of Rule 2004 Examination [ECF No. 601], Orange Bang, Inc.'s Cross-Notice of Rule 2004 Examination [ECF No. 540] and Renewed Cross-Notice of Rule 2004 Examination [ECF No. 596], Prepetition Agent's and DIP Agent's Cross-Notice of Bankruptcy Rule 2004 Examination of Kathleen Cole [ECF No. 557] and Renewed Cross-Notices of 2004 Examination of Kathleen Cole [ECF Nos. 602, 750], Official Committee of Unsecured Creditors' Cross-Notice of 2004 Examination of Kathleen Cole [ECF No. 610], Sony Music Entertainment and UMG Recordings, Inc.'s Cross-Notice of 2004 Examination of Kathleen Cole [ECF No. 667] and Renewed Notice of 2004 Examination of Kathleen Cole [ECF No. 756].

11920513-1

2.     The Debtors' concerns with the production of sensitive and/or confidential information related to the Company is particularly heighted here because it is being sought by Monster, a competitor in the energy drink business and frequent litigation adversary of the Debtors, and also because the Debtors are in the midst of a sale process.[3]  The Debtors thus respectfully request that this Court enter a protective order limiting the Rule 2004 discovery directed to Ms. Cole to conform to Monster's articulated basis for serving such discovery.  Such a protective order will ensure that Monster and the Cross-Noticing Parties may proceed with the Rule 2004 examination of Ms. Cole on February 16, 2023, while the Debtors' confidential business information, which is irrelevant to the stated purpose of the Rule 2004 examination, remains protected.

## BACKGROUND

3.     On December 14, 2022, Monster filed a *Notice of Rule 2004 Examination* [ECF No. 514] seeking discovery of Ms. Cole, the former Chief Operating Officer ("COO") of Debtor Vital Pharmaceuticals, Inc. (the "Company") who resigned from the Company on or about December 1, 2023.  The Notice seeks testimony and documents responsive to two requests (the "Requests"):

> **Request No. 1.**     All Documents and Communications concerning Your employment with the Debtors, including the cessation thereof and reasons therefor.
>
> **Request No. 2.**     All Documents and Communications with or concerning Jack Owoc.

---

[3] Only exacerbating the Debtors concerns is the fact that, to date, Monster has refused to agree to a form of protective and confidentiality order that limits it use of discovery obtained through the Chapter 11 Cases.  That issue has been brought before the Court in *Debtors' Expedited Motion for Entry of Protective Order and Confidentiality Agreement*, filed contemporaneously herewith.

3

4. Monster twice postponed Ms. Cole's examination for reasons unknown to the Debtors and filed renewed notices on January 3, 2023 and February 2, 2023, containing the same Requests. [ECF Nos. 595 and 739]. Ms. Cole's examination is now scheduled for February 16, 2023. [ECF No. 739].

5. Following receipt of the Notice, on or about December 22, 2023, the Debtors reached out to Ms. Cole to confirm that the Debtors did not intend to waive any applicable privileges or protections that might apply to any responsive information in her possession. Ms. Cole's retained counsel, Walter Benzija and Scott Ziluck of Halperin Battaglia Benzija, LLP, responded and agreed to provide the Debtors an opportunity to conduct a privilege review of potentially responsive documents prior to Ms. Cole finalizing her document production.

6. Mr. Ziluck provided the Debtors with documents initially identified by Ms. Cole as potentially responsive to the Notice on January 19, 2023. Over the following days, the Debtors asked clarifying question of Ms. Cole's counsel related to certain documents and Mr. Ziluck provided additional documents located by Ms. Cole. Among other things, Ms. Cole has in her possession approximately 340 pages of hand-written notes that appear to have been taken in the course of her tenure with the Company and relate to all aspects of her responsibilities as COO. The Debtors' review of the documents, and in particular the hand-written notes, not only raised concerns with regard to protecting privilege information, but also more general concerns about scope of the Requests. Based on communications with Monster, it had been the Debtors' understanding that the intended purpose of the Rule 2004 examination was to investigate issues related to Ms. Cole's departure from the Company and related interactions with Mr. Owoc. However, review of Ms. Cole's anticipated production revealed that Ms. Cole had taken with her from the Company that extended well beyond that scope. Specifically, Ms. Cole's handwritten

notes reflect information regarding the Company's marketing, sales, personnel recruitment, and confidential business relationships.[4] The Debtors had significant concerns with Ms. Cole producing such material due to the fact that Monster is a direct competitor in the energy drink industry. Moreover, the Debtors are in the midst of a sale process and it is particularly critical that the Company's confidential business information not be disclosed any more than necessary to preserve and maximize the value of the estates.

7. Accordingly, on January 27, 2023, the Debtors informed Monster and the Cross-Noticing Parties that, because Ms. Cole's anticipated production contained potentially privileged and confidential information, a protective order would need to be in place to govern the production and use of the material. The Debtors provided a draft protective order that same evening. The Debtors further requested a call to confirm the intended scope of the Rule 2004 discovery.

8. On January 30, 2023, the Debtors, Monster and various Cross-Noticing Parties participated in a call to discuss the Requests and an appropriate protective order. The Debtors inquired as to the Monster's intended purpose of the Rule 2004 investigation, and Monster again confirmed that the purpose was to investigate the events leading to Ms. Cole's resignation from the Company. Monster specifically represented that it was not seeking information regarding her to day-to-day business activities relating to vendors, internal operational communications at the Company, etc.

---

[4] At least some of the material included in the anticipated production was subject to being returned to the Company or destroyed upon Ms. Cole's termination of employment pursuant to Ms. Cole's non-disclosure agreement with the Company. The Debtors have reserved, and continue to reserve, all rights accordingly.

11920513-1

9. Despite this acknowledgement, Monster declined to revise the Requests, but agreed to consider revisions proposed by the Debtors. The Debtors circulated proposed revisions to Requests that afternoon:[5]

**Request No. 1.** All Documents and Communications concerning Your employment with the Debtors, including the cessation thereof and reasons therefor.

***Proposed Revised Request No. 1.*** *All Documents and Communications setting forth the terms of your employment with the Debtors, documenting the duties of your employment, documenting your departure from employment with the Debtors, and/or describing the reasons for the cessation thereof.*

**Request No. 2.** All Documents and Communications with or concerning Jack Owoc.

***Proposed Revised Request No. 2.*** *All Documents and Communications with or concerning Jack Owoc that set forth the terms of your employment with the Debtors, document the duties of your employment, document your departure from employment with the Debtors, and/or describe the reasons for the cessation thereof.*

10. Monster did not respond to the Debtors' suggested revisions until February 8, 2023, at which time Monster declined to narrow the scope to mirror the articulated purpose of the investigation.

## BASIS FOR RELIEF

11. While the scope of Rule 2004 may be broad, Rule 2004 discovery is not boundless and the Court has discretion to limit such discovery as appropriate. *See, e.g.*, Fed. R. Bankr. P.

---

[5] Attached as **Exhibit 2** is a copy of the email exchange including the Debtors' January 30, 2023 email setting forth the proposed revisions to the Requests.

2004(a) ("[T]he court *may* order the examination of any entity") (emphasis added). Indeed, Rule 2004 discovery should not be broader than necessary to accomplish the stated purpose of the party seeking the discovery. *See In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (W.D. Pa. 2008) (applying a "sliding scale" manner or balancing test to determine whether a line of inquiry is appropriate under Rule 2004); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) (holding the court must balance the movant's interests against the interest in avoiding the cost and burden of disclosure); *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008) (enumerating examples where courts have denied Rule 2004 examinations).

12. The party requesting Rule 2004 discovery bears the burden of proving that good cause exists for taking the requested discovery. *See In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR, 2022 Bankr. LEXIS 3390, *3-4 (Bankr. S.D. Fla. Nov. 30, 2022) (noting that Rule 2004 discovery "cannot stray into matters which are not relevant to the basic inquiry" and granting motion to quash subpoena and for protective order); *see also In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (holding that good cause requires a showing that the Rule 2004 examination is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice") (citation omitted); *In re Hammond*, 140 B.R. at 201 ("If the debtor challenges the right of the examiner to conduct a Rule 2004 examination, then the examiner has the burden of establishing that 'good cause' exists for the taking of the examination."); *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) ("[T]he one seeking to conduct a 2004 examination has the burden of showing good cause") (citations omitted).

13. Under Rule 45 of the Federal Rules of Civil Procedure, made applicable to this bankruptcy proceeding by Rule 9016 of the Bankruptcy Rules, the court "must quash or modify a

7

subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies….” Fed. R. Civ. P. 45(c)(3)(A). Rule 45 also provides that "the court … may … quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information….” Fed. R. Civ. P. 45(d)(3)(B)(i).

14. Here, the Notice sets forth broad requests that would purport to require Ms. Cole to produce documents and information that unrelated to Monster's articulated need for discovery from Ms. Cole and would include the Debtors' confidential business information. Having admitted that the intended purpose of the Rule 2004 examination was to investigate the circumstances surrounding Ms. Cole's departure from the Company and her dealings with Mr. Owoc that led to that departure, *not* her day-to-day activities in her role as COO, Monster cannot meet its burden to demonstrate that there is good cause to require production of "[a]ll documents and communications concerning [Ms. Cole's] employment with the Debtors" and "[a]ll documents and communications with or concerning Jack Owoc."

15. Monster has not articulated any basis for demanding that Rule 2004 discovery of Ms. Cole extend beyond the revised scope suggested by the Debtors, which would permit Monster and the other Cross-Noticing Parties to obtain documents and take examination as to the terms of Ms. Cole's employment with the Debtors, her duties as COO, and her departure from employment with the Debtors, including the reasons for the cessation thereof. Particularly because Monster is a direct competitor in the energy drink market, it is imperative that appropriate limits be placed on the Rule 2004 discovery to avoid the production of confidential business information that may give Monster a competitive advantage and is wholly unrelated to the stated purpose of the Rule 2004 examination. The need to limit the disclosure of the Debtors' confidential and proprietary information is all the more important given that the Debtors are in the midst of a sale process,

8

through which they seek to maximize the value of the Debtors' estates for the benefit of all stakeholders.

16.  The Debtors do not seek to impede the ability of interested parties to pursue Rule 2004 discovery of Ms. Cole, only to limit the scope of such discovery to Monster's stated purpose. Indeed, the Debtors' proposed protective order is intended limit the Requests to mirror exactly what Monster has articulated as its intended purpose in seeking discovery from Ms. Cole.

## **CONCLUSION**

17.  For the reasons stated above, the Debtors seek entry of a protective order clarifying the scope of Rule 2004 discovery pursuant to the Notice and the Requests.

Dated: February 8, 2023
       Miami, Florida

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
       mniles@bergersingerman.com

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
      tj.li@lw.com
      brian.rosen@lw.com
      jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

11920513-1

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

10

11920513-1

# **EXHIBIT 1**

**(Proposed Form of Protective Order)**

Case 22-17842-PDR Doc 773 Filed 02/08/23 Page 11 of 18

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR PROTECTIVE ORDER CONCERNING RULE 2004 NOTICES DIRECTED TO KATHLEEN COLE**

This matter came before the Court upon the Debtors' Expedited Motion for Protective Order Concerning Rule 2004 Notices Directed to Kathleen Cole (the "Motion"). The Court, having considered the Motion, all responses thereto, and the record in this case, and having heard argument from counsel, for the reasons stated on the record, it is:

**ORDERED** that the Motion is **GRANTED**, and the scope of the Rule 2004 discovery directed to Ms. Kathleen Cole shall be limited to:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

2

11920513-1

**Request No. 1.**  All Documents and Communications setting forth the terms of your employment with the Debtors, documenting the duties of your employment, documenting your departure from employment with the Debtors, and/or describing the reasons for the cessation thereof.

**Request No. 2.**   All Documents and Communications with or concerning Jack Owoc that set forth the terms of your employment with the Debtors, document the duties of your employment, document your departure from employment with the Debtors, and/or describe the reasons for the cessation thereof.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

**EXHIBIT 2**

**(Email Exchange)**

# Quartarolo, Amy (LA)

| | |
|---|---|
| **From:** | Quartarolo, Amy (LA) |
| **Sent:** | Monday, January 30, 2023 3:18 PM |
| **To:** | Robert Feinstein; luislluberas@mvalaw.com; stevegruendel@mvalaw.com; colerichins@mvalaw.com; plevitt@shutts.com; arodz@shutts.com; hkoroglu@shutts.com; mbarmat@furrcohen.com; rfalconer@gibsondunn.com; steven.fender@fender-law.com; Thomas Patterson; nmaoz@ktbslaw.com; Richard Pachulski; Ira Kharasch; Teddy M. Kapur; Cia H. Mackle; Michael Goldberg; eyal.berger@akerman.com; Richard Pachulski; Steven W. Golden; Jeffrey Cohen; EChafetz@lowenstein.com; RMaimin@lowenstein.com; jrenert@lowenstein.com; lblanco@sequorlaw.com; jmendoza@sequorlaw.com; jsammataro@pryorcashman.com; beverman@pryorcashman.com; Seth H. Lieberman; drose@pryorcashman.com; schery@pryorcashman.com; salifarag@pryorcashman.com; sziluck@halperinlaw.net; wbenzija@halperinlaw.net |
| **Cc:** | Morris, Elizabeth (NY) |
| **Subject:** | RE: VPX - Kathy Cole 2004 |

Below are proposed revisions to the scope of the 2004 requests directed to Ms. Cole based on our discussion this afternoon. As soon as we reach agreement, we will work with Ms. Cole's counsel to address any redactions or privilege issues in line with the refined scope.

Thank you,
Amy

_____

Document Request No. 1: All Documents and Communications concerning Your employment with the Debtors, including the cessation thereof and reasons therefor.

*Proposed Revised Request No. 1: All Documents and Communications setting forth the terms of your employment with the Debtors, documenting the duties of your employment, documenting your departure from employment with the Debtors, and/or describing the reasons for the cessation thereof.*

Document Request No. 2: All Documents and Communications with or concerning Jack Owoc.

*Proposed Revised Request No. 1: All Documents and Communications with or concerning Jack Owoc that set forth the terms of your employment with the Debtors, document the duties of your employment, document your departure from employment with the Debtors, and/or describe the reasons for the cessation thereof.*

---

**From:** Quartarolo, Amy (LA)
**Sent:** Friday, January 27, 2023 3:18 PM
**To:** Robert Feinstein <rfeinstein@pszjlaw.com>; luislluberas@mvalaw.com; stevegruendel@mvalaw.com; colerichins@mvalaw.com; plevitt@shutts.com; arodz@shutts.com; hkoroglu@shutts.com; mbarmat@furrcohen.com; rfalconer@gibsondunn.com; steven.fender@fender-law.com; Thomas Patterson <tpatterson@ktbslaw.com>; nmaoz@ktbslaw.com; Richard Pachulski <rpachulski@pszjlaw.com>; Ira Kharasch <ikharasch@pszjlaw.com>; Teddy M. Kapur <tkapur@pszjlaw.com>; Cia H. Mackle <cmackle@pszjlaw.com>; Michael Goldberg <michael.goldberg@akerman.com>; eyal.berger@akerman.com; Richard Pachulski <rpachulski@pszjlaw.com>; Steven W. Golden <sgolden@pszjlaw.com>; Jeffrey Cohen <jcohen@lowenstein.com>; EChafetz@lowenstein.com; RMaimin@lowenstein.com; jrenert@lowenstein.com; lblanco@sequorlaw.com; jmendoza@sequorlaw.com; jsammataro@pryorcashman.com; beverman@pryorcashman.com; Seth H. Lieberman <slieberman@pryorcashman.com>; drose@pryorcashman.com; schery@pryorcashman.com;

1

salifarag@pryorcashman.com; sziluck@halperinlaw.net; wbenzija@halperinlaw.net
**Cc:** Morris, Elizabeth (NY) <Elizabeth.Morris@lw.com>
**Subject:** RE: VPX - Kathy Cole 2004

I haven't heard from anyone that 5pm ET on Monday doesn't work, so I will send an invite for whoever would like to join.

In the meantime, attached is a draft protective order along with a motion for approval of same. These remain subject to further internal review and comment, but we are circulating now in the interest of time.

Thank you,
Amy

---

**From:** Robert Feinstein <rfeinstein@pszjlaw.com>
**Sent:** Friday, January 27, 2023 12:38 PM
**To:** Quartarolo, Amy (LA) <Amy.Quartarolo@lw.com>; luislluberas@mvalaw.com; stevegruendel@mvalaw.com; colerichins@mvalaw.com; plevitt@shutts.com; arodz@shutts.com; hkoroglu@shutts.com; mbarmat@furrcohen.com; rfalconer@gibsondunn.com; steven.fender@fender-law.com; Thomas Patterson <tpatterson@ktbslaw.com>; nmaoz@ktbslaw.com; Richard Pachulski <rpachulski@pszjlaw.com>; Ira Kharasch <ikharasch@pszjlaw.com>; Teddy M. Kapur <tkapur@pszjlaw.com>; Cia H. Mackle <cmackle@pszjlaw.com>; Michael Goldberg <michael.goldberg@akerman.com>; eyal.berger@akerman.com; Richard Pachulski <rpachulski@pszjlaw.com>; Steven W. Golden <sgolden@pszjlaw.com>; Jeffrey Cohen <jcohen@lowenstein.com>; EChafetz@lowenstein.com; RMaimin@lowenstein.com; jrenert@lowenstein.com; lblanco@sequorlaw.com; jmendoza@sequorlaw.com; jsammataro@pryorcashman.com; beverman@pryorcashman.com; Seth H. Lieberman <slieberman@pryorcashman.com>; drose@pryorcashman.com; schery@pryorcashman.com; salifarag@pryorcashman.com; sziluck@halperinlaw.net; wbenzija@halperinlaw.net
**Cc:** Morris, Elizabeth (NY) <Elizabeth.Morris@lw.com>
**Subject:** RE: VPX - Kathy Cole 2004

I have another call then, I could make a call at 5:00 ET or earlier in the day.

---

**From:** Amy.Quartarolo@lw.com [mailto:Amy.Quartarolo@lw.com]
**Sent:** Friday, January 27, 2023 3:36 PM
**To:** Robert Feinstein <rfeinstein@pszjlaw.com>; luislluberas@mvalaw.com; stevegruendel@mvalaw.com; colerichins@mvalaw.com; plevitt@shutts.com; arodz@shutts.com; hkoroglu@shutts.com; mbarmat@furrcohen.com; rfalconer@gibsondunn.com; steven.fender@fender-law.com; Thomas Patterson <tpatterson@ktbslaw.com>; nmaoz@ktbslaw.com; Richard Pachulski <rpachulski@pszjlaw.com>; Ira Kharasch <ikharasch@pszjlaw.com>; Teddy M. Kapur <tkapur@pszjlaw.com>; Cia H. Mackle <cmackle@pszjlaw.com>; Michael Goldberg <michael.goldberg@akerman.com>; eyal.berger@akerman.com; Richard Pachulski <rpachulski@pszjlaw.com>; Steven W. Golden <sgolden@pszjlaw.com>; Jeffrey Cohen <jcohen@lowenstein.com>; EChafetz@lowenstein.com; RMaimin@lowenstein.com; jrenert@lowenstein.com; lblanco@sequorlaw.com; jmendoza@sequorlaw.com; jsammataro@pryorcashman.com; beverman@pryorcashman.com; Seth H. Lieberman <slieberman@pryorcashman.com>; drose@pryorcashman.com; schery@pryorcashman.com; salifarag@pryorcashman.com; sziluck@halperinlaw.net; wbenzija@halperinlaw.net
**Cc:** Elizabeth.Morris@lw.com
**Subject:** RE: VPX - Kathy Cole 2004

Rob –
We are not attempting to delay any production, but to get in front of issues that need to be addressed.
I saw that Lowenstein suggested 4:15pm ET for the call, which we can make work on our end. Unless we hear objections from anyone, we will send a calendar invite for those who would like to participate in the call at that time.
Thank you,
Amy

**From:** Robert Feinstein <rfeinstein@pszjlaw.com>
**Sent:** Friday, January 27, 2023 12:31 PM
**To:** Quartarolo, Amy (LA) <Amy.Quartarolo@lw.com>; luislluberas@mvalaw.com; stevegruendel@mvalaw.com; colerichins@mvalaw.com; plevitt@shutts.com; arodz@shutts.com; hkoroglu@shutts.com; mbarmat@furrcohen.com; rfalconer@gibsondunn.com; steven.fender@fender-law.com; Thomas Patterson <tpatterson@ktbslaw.com>; nmaoz@ktbslaw.com; Richard Pachulski <rpachulski@pszjlaw.com>; Ira Kharasch <ikharasch@pszjlaw.com>; Teddy M. Kapur <tkapur@pszjlaw.com>; Cia H. Mackle <cmackle@pszjlaw.com>; Michael Goldberg <michael.goldberg@akerman.com>; eyal.berger@akerman.com; Richard Pachulski <rpachulski@pszjlaw.com>; Steven W. Golden <sgolden@pszjlaw.com>; Jeffrey Cohen <jcohen@lowenstein.com>; EChafetz@lowenstein.com; RMaimin@lowenstein.com; jrenert@lowenstein.com; lblanco@sequorlaw.com; jmendoza@sequorlaw.com; jsammataro@pryorcashman.com; beverman@pryorcashman.com; Seth H. Lieberman <slieberman@pryorcashman.com>; drose@pryorcashman.com; schery@pryorcashman.com; salifarag@pryorcashman.com; sziluck@halperinlaw.net; wbenzija@halperinlaw.net
**Cc:** Morris, Elizabeth (NY) <Elizabeth.Morris@lw.com>
**Subject:** RE: VPX - Kathy Cole 2004

Thank you for your email, Amy. Our subpoena requires Ms. Cole to produce documents on Monday. It's unfortunate we are first hearing your concerns about the documents we've requested from her the business day before the production date. Please send us a confi agreement as soon as possible as we don't want to see Ms. Cole's document production delayed by the Debtors. We continue to expect production, as well as a privilege log, on Monday and can meet with you by phone as you've requested.

**From:** Amy.Quartarolo@lw.com [mailto:Amy.Quartarolo@lw.com]
**Sent:** Friday, January 27, 2023 2:59 PM
**To:** luislluberas@mvalaw.com; stevegruendel@mvalaw.com; colerichins@mvalaw.com; plevitt@shutts.com; arodz@shutts.com; hkoroglu@shutts.com; mbarmat@furrcohen.com; rfalconer@gibsondunn.com; steven.fender@fender-law.com; Thomas Patterson <tpatterson@ktbslaw.com>; nmaoz@ktbslaw.com; Robert Feinstein <rfeinstein@pszjlaw.com>; Richard Pachulski <rpachulski@pszjlaw.com>; Ira Kharasch <ikharasch@pszjlaw.com>; Teddy M. Kapur <tkapur@pszjlaw.com>; Cia H. Mackle <cmackle@pszjlaw.com>; Michael Goldberg <michael.goldberg@akerman.com>; eyal.berger@akerman.com; Richard Pachulski <rpachulski@pszjlaw.com>; Steven W. Golden <sgolden@pszjlaw.com>; Jeffrey Cohen <jcohen@lowenstein.com>; EChafetz@lowenstein.com; RMaimin@lowenstein.com; jrenert@lowenstein.com; lblanco@sequorlaw.com; jmendoza@sequorlaw.com; jsammataro@pryorcashman.com; beverman@pryorcashman.com; Seth H. Lieberman <slieberman@pryorcashman.com>; drose@pryorcashman.com; schery@pryorcashman.com; salifarag@pryorcashman.com; sziluck@halperinlaw.net; wbenzija@halperinlaw.net
**Cc:** Elizabeth.Morris@lw.com
**Subject:** VPX - Kathy Cole 2004

All –

We understand from counsel to Ms. Cole that her 2004 examination has been rescheduled for February 16, 2023.

We raised with Ms. Cole's counsel that there will need to be a protective order in place before any documents that need either Confidential or PEO/Highly Confidential designation can be produced. We are preparing a draft, and hope to send it around for comment on Monday.

We also suggest a call on Monday for the purpose of confirming the intended scope of the 2004, in hopes that we can avoid the need to bring any issues to the Bankruptcy Court. Please let me know if a call at 2pm ET would work.

Thank you,

Amy C. Quartarolo

**LATHAM & WATKINS LLP**

355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8966
Fax: +1.213.891.8763
Email: amy.quartarolo@lw.com
http://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.