Page 1

1                    UNITED STATES BANKRUPTCY COURT.

                      SOUTHERN DISTRICT OF FLORIDA

2

3

4    IN RE:                        CASE NO. 22-17842-PDR

5    VITAL PHARMACEUTICALS, INC.,

6                   Debtor.

     _____/

7

8                        ECF #671 and 672

9                       February 2, 2023

10                    The above-entitled cause came on for hearing

11   before the Honorable Peter D. Russin, one of the Judges in

12   the UNITED STATES BANKRUPTCY COURT, in and for the

13   SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd.,

14   Fort Lauderdale, Broward County, Florida, on February 2,

15   2023, commencing at or about 2:30 p.m., and the following

16   proceedings were had.

17

18

19

20

21

22              Transcribed from a digital recording by:

                   Cheryl L. Jenkins, RPR, RMR

23

24

25

1

APPEARANCES:

2

3              BERGER SINGERMAN, by
            JORDI GUSO, Esquire (via Zoom)
4                On behalf of the Debtor

5

                  SEQUOR LAW, by
6           LEYZA BLANCO, Esquire (via Zoom)
                        and
7             LOWENSTEIN SANDLER, by
             ERIC CHAFETZ, Esquire (via Zoom)
8           LINDSAY SKLAR, Esquire (via Zoom)
                 On behalf of the Official
9           Committee of Unsecured Creditors

10

                  AKERMAN, LLP, by
11               EYAL BERGER, Esquire
                        and
12          PACHULSKI STANG ZIEHL & JONES, by
            RICHARD PACHULSKI, Esquire (via Zoom)
13             On behalf of Monster Energy

14

            QUINTAIROS PRIETO WOOD & BOYER, by
15           ARTHUR NEIWIRTH, Esquire (via Zoom)
         On behalf of Hardrock Concrete Placement Co.

16

17      J. STEVEN WILKES, Trial Attorney (via Zoom)
                 Office of the U.S. Trustee
18                 Department of Justice

19

20                   ALSO PRESENT
21       ECRO - Electronic Court Reporting Operator
22                - - - - - - -

23

24

25

```
 1                    THE COURT:  Hi, everybody.
 2                    Vital Pharmaceuticals, 22-17842.  Let's take
 3       appearances.  Do you want to go first, Mr. Berger, since
 4       you're in the courtroom?
 5                    MR. BERGER:  Eyal Berger, B-e-r-g-e-r, on
 6       behalf of creditor Monster Energy.
 7                    THE COURT:  Thank you.
 8                    I know that you all were told that you
 9       didn't need to be here in person, and you don't.  I'm just
10       getting over COVID, but I tested negative, so I showed up
11       today.
12                    So, anyway, let's go now by who's on Zoom.
13       Ms. Sklar.
14                    MS. SKLAR:  Good afternoon, your Honor,
15       Lindsay Sklar, from Lowenstein Sandler, representing the
16       committee.  I'm here with my colleague, Eric Chafetz.
17                    THE COURT:  Thank you.
18                    Mr. Wilkes.
19                    MR. WILKES:  Good afternoon, your Honor.
20       J. Steven Wilkes for the United States Trustee, Region 21.
21                    THE COURT:  Thank you.
22                    Mr. Guso.
23                    MR. GUSO:  Good afternoon, your Honor.
24       Jordi Guso, of Berger Singerman, along with the
25       Latham & Watkins firm.  Your Honor, we are counsel to the
```

Page 4

1    debtors.

2                    THE COURT:  Thank you.

3                    Mr. Pachulski.

4                    MR. PACHULSKI:  Thank you, your Honor.

5    Richard Pachulski, of Pachulski Stang Ziehl & Jones, on

6    behalf of Monster Energy, a creditor in the case.

7                    THE COURT:  Thank you.

8                    Ms. Blanco.

9                    MS. BLANCO:  Good afternoon, your Honor.

10   Leyza Blanco, of Sequor Law, also co-counsel to Ms. Sklar

11   and Mr. Chafetz, from Lowenstein Sandler, for the

12   committee as well.

13                   THE COURT:  All right.  Thank you.

14                   And we've heard about Mr. Chafetz, and if

15   your camera is not on, I assume you don't want to make an

16   appearance.

17                   So any other appearances?

18                   (No verbal response.)

19                   THE COURT:  Okay.  Mr. Neiwirth, do you want

20   to make an appearance?  Go ahead.

21                   MR. NEIWIRTH:  Thank you, your Honor.

22   Arthur Neiwirth on behalf of Hardrock Concrete Placement.

23                   THE COURT:  Okay.  Thank you.

24                   Any others?

25                   (No verbal response.)

1              THE COURT:  All right.  So, who will be --

2    is Mr. Niles?  I didn't see Mr. Niles.

3              Mr. Guso, who is handling this hearing?

4              MR. GUSO:  Your Honor, with the Court's

5    permission I'll address the Court this afternoon.

6              THE COURT:  Okay.  Sure.

7              MR. GUSO:  Thank you.

8              THE COURT:  Docket Entry 671 looks like the

9    first matter.  There are only two matters, right?

10             MR. GUSO:  There are only two matters on the

11   Court's calendar this afternoon, your Honor.  Docket

12   Entry 671 is the debtors' expedited motion to extend time

13   to assume or reject unexpired leases of nonresidential

14   real property.

15             Your Honor, pursuant to this motion, the

16   debtors seek an extension of time within which they may

17   assume or reject their unexpired leases of nonresidential

18   real property.

19             Consistent with the obligations imposed by

20   the final DIP order, the debtors are advancing a process

21   to solicit and permit interested parties to submit bids

22   for their businesses as a going concern, in the form of a

23   Section 363 sale, or in the form of a plan of

24   reorganization.

25             The final DIP order requires that any

1   transaction must be consummated no later than May 17th,

2   2023.  A plan sponsor or buyer will likely want to

3   evaluate the debtors' unexpired leases and nonresidential

4   real property as part of any bid or proposed transactions.

5             Your Honor, although the debtors believe

6   that the consolidated Appropriations Act of 2021 amended

7   Section 365(d)(4) of the Code to extend the initial

8   deadline to assume unexpired leases of nonresidential real

9   property from 120 days after the petition date to 210 days

10  after the petition date.

11            Given that the applicable provisions of the

12  Act sunsetted on December 27th, 2022, after the debtors

13  commenced these cases, the debtors, in an abundance of

14  caution, filed this motion, and now seek an extension of

15  the deadline to assume or reject their leases through and

16  including August 7th, 2023.

17            Your Honor, again, the proposed extension

18  would give all bidders and potential transaction partners

19  adequate time to evaluate and determine which leases they

20  wish to preserve or acquire via assignment pursuant to

21  Section 365.  The debtors are current with respect to

22  their postpetition obligations under unexpired leases, and

23  will remain current through the decision on assumption or

24  rejection.

25            And, your Honor, given the ongoing sale

1    process, the debtors submit that good cause exists for

2    granting the requested relief.

3                    THE COURT:  All right.  Thank you.

4                    Let me ask you, so you're asking through

5    May 8th of 2023, is that the date you're seeking?

6                    MR. GUSO:  No, sir, August 7th, 2023.

7                    THE COURT:  August 7th, and how many days is

8    that, is that the 210?

9                    MR. GUSO:  August 7th, your Honor, puts us

10   roughly 90 days after the closing of the sale transaction.

11   That would put us, by my count, your Honor, at the 210-day

12   deadline.

13                   THE COURT:  I see.  Okay.  All right.  Let

14   me ask you, although this is a purely intellectual

15   exercise, because I can extend the time regardless of

16   whether the statute sunsetted, but my understanding, and I

17   looked at some case law on this for other reasons, and

18   other matters, is that once a statute sunsets, it doesn't

19   exist, and it doesn't matter actually that the debtor may

20   have filed while the statute was in effect.

21                   We've had some internal debates about this

22   as well, but the law that I've seen says that sunset means

23   that, literally, the sun is down and gone, and you can't

24   see it anymore, so it doesn't exist.

25                   I don't think it's going to affect the

Page 8

1    outcome of this motion, but the debtor seems to think that

2    this motion is in an abundance of caution because the

3    sunset didn't affect the debtors' rights, but I was just

4    curious as to whether there is case law in support of

5    that, because I've seen case law to the opposite effect.

6                    MR. GUSO:  We site to one case, your Honor,

7    out of the Southern District of Texas.

8                    THE COURT:  Yes, Wedtech, I guess?

9                    MR. GUSO:  Yes, yes, Judge, where the court

10   found the 210-day deadline continuing to exist because the

11   debtor filed before it sunsetted, or went beyond the

12   horizon, to use your Honor's terms.

13                   THE COURT:  Yes.

14                   MR. GUSO:  Beyond that, your Honor,

15   candidly, we haven't studied it in great detail.  I'm

16   happy to look into it if the Court wishes.

17                   THE COURT:  No, no, no.  Again, as I say,

18   it's just a -- it's purely an intellectual exercise, if

19   you will, because I have the discretion to extend it

20   anyway.  No one has objected, but let me hear from other

21   parties.  Any objections?

22                   (No verbal response.)

23                   THE COURT:  All right.  So everyone is

24   quiet.  So the Court will grant it, but just state in the

25   order -- I don't want to take a position on the sunset

1    issue.

2                    MR. GUSO:  Right.

3                    THE COURT:  So just say that the Court is

4    extending the time period for the full 210 days, as

5    opposed to finding that the statute applies because the

6    debtor filed at a time when the statute was in effect.  I

7    don't want to stake out a position on this because I don't

8    need to.  So, just make sure the order is extending, as

9    opposed to, you know, determining the statute provides you

10   with that time period.

11                   MR. GUSO:  Understood, your Honor, and I

12   hope by my remarks the Court didn't construe us to request

13   that you adjudicate that issue --

14                   THE COURT:  No, no, no.

15                   MR. GUSO:  -- that is whether or not

16   sunset --

17                   THE COURT:  No worries, and if I don't have

18   to rule on something, I'm not going to.  So, we'll save

19   that for another day if it ever becomes an issue.

20                   All right.  So --

21                   MR. GUSO:  Yes, sir.

22                   THE COURT:  -- I'll look forward to getting

23   the order from you then, your office, Mr. Guso.

24                   MR. GUSO:  Thank you, your Honor.

25                   THE COURT:  And that leads us to 672, which

1    is --

2                    MR. GUSO:  Yes, sir.

3                    THE COURT:  -- the expedited motion to

4    extend exclusivity.

5                    MR. GUSO:  Yes, sir.

6                    This motion, your Honor, is premised on the

7    same circumstances that gave rise to the relief the

8    debtors requested, and that the Court just granted with

9    respect to the deadline to assume or reject leases of

10   nonresidential real property, namely the ongoing sale

11   process, and --

12                   THE COURT:  Wait, hold on.  Mr. Guso, hold

13   on.  Let me go back for a second.  Let me make sure I'm

14   not screwing this up.

15                   According to the statute, I can extend the

16   120-day period for another 90 days, right?  And that would

17   take us to 210.

18                   MR. GUSO:  Right.

19                   THE COURT:  Okay, and that 90-day period

20   doesn't get you to August, and you've asked, therefore, to

21   go beyond 210, if you count the days, or am I counting

22   that wrong?

23                   MR. GUSO:  Your Honor, we would not seek to

24   extend beyond the 210-day period provided for in the

25   statute.

Page 11

```
 1                    THE COURT:  Yes.
 2                    MR. GUSO:  If I have my math wrong on the
 3     dates --
 4                    THE COURT:  I think --
 5                    MR. GUSO:  -- we'll double-check, but that's
 6     the relief the debtors will seek today.
 7                    THE COURT:  I think you do, because if the
 8     120 days is up any day now, February 7th, or whatever that
 9     date is --
10                    MR. GUSO:  Right.
11                    THE COURT:  -- and then you add three months
12     to that, approximately, that only gets you to May, and you
13     asked for August.
14                    MR. GUSO:  Bear with me one second, Judge.
15                    THE COURT:  And I think after the 210, you
16     just need the landlord to acquiesce to a further extension
17     under the statute, right?
18                    MR. GUSO:  Correct.
19                    THE COURT:  Okay.  So I'll let you do your
20     math, sorry.
21                    MR. GUSO:  Well, Judge, in the motion we
22     asked for an additional 91 days, through and including
23     August 7, 2023.
24                    THE COURT:  I think you were adding that to
25     the 210.
```

Page 12

1              MR. GUSO:  Correct, I think that's right.

2    Now that I look at it, Judge, I think that's right.

3              THE COURT:  Yes.

4              MR. GUSO:  Does the Court have an issue with

5    extending it through August 7th?

6              THE COURT:  Well, I don't -- let's just read

7    the statute.  The statute says that the Court may extend

8    -- assuming the period is 210 days, if it's 120 -- so what

9    that is leading me to understand is that I have to decide

10   the sunset issue, because if it's 210, you can get another

11   90 days.  If it's a hundred and -- if it's 210, you get

12   the 90 days, in addition to 210, which puts you at

13   300 days.  If it's 120 days, because the provision has

14   sunset, you can still only get another 90 days, I guess,

15   in which case you can only get through May.

16              Mr. Guso didn't like this issue so much he

17   left.

18              MR. GUSO:  No, I'm right here, Judge.

19   Sorry, I was looking at my -- I'm right here.

20              THE COURT:  All right.  So --

21              MR. GUSO:  I didn't know I was out of camera

22   range.

23              THE COURT:  No, it's okay.

24              MR. GUSO:  I was reading my code, Judge.

25              THE COURT:  I may be causing more problems

Page 13

```
 1  than I'm solving here, but I just need to make -- so what
 2  does the current statute say post-sunset?  Does
 3  365(d)(4)(A) -- I'm sorry, 365(d)(4)(B)(1) -- I'm sorry,
 4  (A).
 5                  MR. GUSO:  No, (A)(1).
 6                  THE COURT:  -- say 210 or 120?
 7                  MR. GUSO:  Today it says 120.
 8                  THE COURT:  It says 120.  Okay.
 9                  MR. GUSO:  Yes, sir.
10                  THE COURT:  So if the provision is sunset,
11  and the 120 applies, then if you go to (B), (B) only
12  allows an additional 90 days because (B) also would
13  provide for the expiration of the 120-day period, not the
14  210.
15                  So what this is leading me to believe is
16  that I may have to decide the sunset issue, if you want
17  more time, or you can ask for the 90, you can get the 90
18  and then come back, and ask for more time during that
19  90-day period, in which case I think it can be granted
20  with written consent of a lessor or, or I can decide the
21  sunset issue at that time.
22                  MR. GUSO:  So long as we reserve the sunset
23  issue for that time, Judge, I'm okay extending it for
24  120 days, plus 90 today.
25                  THE COURT:  All right.  So, I feel like a
```

1    used car salesman, I've got to go talk to my manager.

2                    All right.  So let's do that, because I

3    think that's probably the simplest thing, and avoids

4    having to rule on the sunset issue, and maybe within that

5    90-day period -- how many landlords are we talking about,

6    any clue?

7                    MR. GUSO:  Not a lot, Judge.  We've rejected

8    a few leases, and a lot of the facilities are owned by

9    nondebtor affiliates, so not a lot.

10                   THE COURT:  It's not a retail case where

11   you've got to go talk to a thousand --

12                   MR. GUSO:  Its mostly warehouses, Judge,

13   where the debtors maintain some of their inventory across

14   the country.

15                   THE COURT:  Okay.  I mean, I'm happy to rule

16   on the sunset issue in between now and the 90 -- when the

17   90 days is up, because that will theoretically help you

18   understand whether you need consent of the landlords or

19   not.  If you're approaching that 90-day deadline, and I

20   want you to know that in advance, this is strictly a legal

21   issue, a statutory interpretation issue, it seems to me,

22   or a statutory application issue.  So, you sort of need to

23   know, but you don't need to know today, is the bottom

24   line.

25                   MR. GUSO:  Correct, Judge.

```
1              THE COURT:  All right.  So how do you want
2    to -- you tell me how you want to proceed, and I'm happy
3    to proceed however you wish, and I'm happy to rule on the
4    issue.  I don't -- you know, it doesn't matter to me, I'm
5    happy to do the work, and it's an interesting issue.  So
6    tell me how you want to go with this, Mr. Guso.
7              MR. GUSO:  Your Honor, I suggest we proceed
8    as you originally suggested, which is grant the additional
9    90 days today, without prejudice to the debtors' rights to
10   come back and seek a further extension, either with the
11   consent of the landlords, or have your Honor adjudicate
12   whether the sunset provision of 365(d)(4) bars the debtor
13   from seeking any additional time.
14             THE COURT:  All right.  So write the order
15   that way, that makes sense, and I'm just telling you that
16   if you want an adjudication of the sunset issue, because
17   you're struggling to deal with some of these landlords,
18   and you think you have a, you know, an easier road to get
19   an extension, as opposed to consent of the landlord, then
20   I will leave it to you to request the Court to rule on the
21   sunset issue enough in advance so that you'll have the
22   ruling and be armed with that information when you're
23   talking with the landlords about consent for an extension,
24   okay?
25             MR. GUSO:  Yes, sir --
```

1                    THE COURT:  All right.

2                    MR. GUSO:  -- I shall.

3                    THE COURT:  Okay.

4                    MR. GUSO:  And, your Honor, may I put that

5     in the order, that the debtors may seek that relief by

6     motion as opposed to by adversary proceeding?

7                    THE COURT:  Yeah, but I don't know why you

8     would need an adversary anyway.

9                    MR. GUSO:  Well, to the extent, Judge, we're

10    seeking some kind of declaratory relief ahead of the

11    further extension.

12                   THE COURT:  No, I think it is by motion, but

13    certainly you can put that in the order.

14                   MR. GUSO:  Looking for high clarity, thank

15    you, Judge.

16                   THE COURT:  No problem, no problem, and

17    again, sorry for the confusion, but I think, I think

18    that's right, because if the 210 doesn't apply, then we're

19    talking about entirely different dates.

20                   All right.  So, thank you for that, and I

21    have to credit my law clerks, to writing me on a Teams

22    message, wait, Judge, wait, and telling me.  So, thank you

23    for that.

24                   Anyway, go ahead.

25                   MR. GUSO:  Thank you, Judge.

1                    With respect to Docket Entry 672, which is

2     the debtors' motion to extend the exclusivity period,

3     again, your Honor, this is premised on the same

4     circumstances that we just discussed, the ongoing sale

5     process, and pursuant to this motion, your Honor, the

6     debtors originally requested entry of an order extending

7     the debtors' exclusive period to file a plan of

8     reorganization -- a Chapter 11 plan, rather, by 120 days,

9     through June 7th, 2023, and the exclusive period during

10    which only the debtors may solicit acceptances to the plan

11    through and including August 8th, 2023, extending both

12    periods by an additional 120 days.

13                    Since the filing of the motion, your Honor,

14    the debtors and the committee have had discussions

15    regarding the relief requested in this motion.  The

16    debtors have agreed to amend the request, your Honor, and

17    today seek only a 90-day extension of the exclusive filing

18    period, and the exclusive solicitation period, such that

19    they would have the exclusive right to file a plan through

20    May 7th, 2023, and the exclusive right to solicit

21    acceptances on that plan through July 7th, 2023, and

22    again, your Honor --

23                    THE COURT:  And that's by agreement with

24    which parties, the objecting parties?

25                    MR. GUSO:  The committee, your Honor.

```
 1                    THE COURT:  Oh, just the committee.

 2                    MR. GUSO:  The committee.

 3                    THE COURT:  Not Orange and Monster, who

 4     filed responses?

 5                    MR. GUSO:  Your Honor, I personally have not

 6     had discussions with counsel for Orange Bang or Monster.

 7     I understand that they were apprised by our co-counsel,

 8     and I don't -- I won't speak for them, but it's my

 9     understanding that modification, there is no objection.

10     In fact, the way I read the responses that were filed to

11     the motion, your Honor, is that they are not opposing the

12     relief, but do reserve the right to come back to Court and

13     seek to terminate the exclusive period, which, of course,

14     is a right parties in interest have.

15                    THE COURT:  Okay.  Let me just confirm that.

16                    MR. GUSO:  If I read it correctly.

17                    THE COURT:  Let me just confirm that.

18                    Mr. Berger is at the podium.  Is that

19     correct, Mr. Berger?

20                    MR. BERGER:  Yes, your Honor.  Eyal Berger

21     on behalf of Monster Energy.

22                    Yes, your Honor, at ECF 724, we just wanted

23     to make sure that our silence was not going to be deemed

24     to acquiesce.  We are okay with this relief, but with the

25     reservation that we are able to come back, should the need
```

1   arise, to seek to terminate exclusivity, and at this point

2   no party knows how this sale is going to go, and so we

3   have to preserve that right, your Honor.

4               THE COURT:  Right, okay, all right, and is

5   Orange represented here today?  I didn't hear anybody make

6   an appearance for Orange.

7               (No verbal response.)

8               THE COURT:  Okay, but I assume since they

9   joined you, that they ride along with you, is that --

10              MR. BERGER:  I believe that's correct,

11   your Honor.

12              THE COURT:  Okay.  All right.  Anyone else

13   wish to be heard?

14              (No verbal response.)

15              THE COURT:  Okay.  So the Court will grant

16   that extension of 90 days, and I guess I'll look forward

17   to receiving the order from your office, Mr. Guso,

18   correct?

19              MR. GUSO:  Yes, sir.

20              THE COURT:  All right.  So, tell me, though,

21   what happens next.  The goal is to file a plan, obviously

22   within the exclusive period, and that plan would include

23   the transaction you described in your papers, that also

24   includes the ability of third parties or creditors to

25   submit bids in the form of a plan?

```
1                    MR. GUSO:  A plan, right, your Honor,
2    analogous to a plan sponsor situation, where the plan
3    sponsor would submit a proposal to the debtors pursuant to
4    which they jointly, with the debtors, would propose a plan
5    of reorganization.
6                    THE COURT:  And when --
7                    MR. GUSO:  And, your Honor --
8                    THE COURT:  I'm sorry, go ahead.
9                    MR. GUSO:  I'm sorry.
10                   No, I said in terms of what's next, last
11   Friday the debtors filed their motion to approve sale and
12   bidding procedures, and your Honor has set a hearing to
13   consider that motion on the 23rd, I believe, of February,
14   which is consistent with the milestones that are contained
15   in the final DIP financing order, which was heavily
16   negotiated amongst various constituencies, including, of
17   course, our DIP lenders and the committee.
18                   THE COURT:  All right.  Great.  Thank you
19   for that.
20                   All right.  Anything else we need to do here
21   today?
22                   (No verbal response.)
23                   THE COURT:  All right.
24                   MR. GUSO:  Nothing from the debtors,
25   your Honor.
```

Page 21

1          THE COURT:  Thank you all.  I'll look

2  forward to receiving the two orders, Mr. Guso, and I'll

3  see you all at the next hearing in this matter.

4          MR. GUSO:  Thank you, sir.

5          THE COURT:  Thank you.  Have a great day.

6

7

8

9          (Thereupon, the hearing was concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 22

1

2

3                              CERTIFICATION

4

5    STATE OF FLORIDA        :

6    COUNTY OF MIAMI-DADE    :

7

8              I, Cheryl L. Jenkins, RPR, RMR, Shorthand

9    Reporter and Notary Public in and for the State of Florida

10   at Large, do hereby certify that the foregoing proceedings

11   were taken before me at the date and place as stated in

12   the caption hereto on page 1; that the foregoing

13   computer-aided transcription is a true record of my

14   stenographic notes taken at said proceedings.

15              WITNESS my hand this 6th day of

16   February, 2023.

17

18

19              _____

20                 CHERYL L. JENKINS, RPR, RMR

21                Court Reporter and Notary Public

             in and for the State of Florida at Large

22                  Commission #HH 170910

                   December 27, 2025

23

24

25