UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                          Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-17842-PDR

    Debtors.                                          (Jointly Administered)

_____/

**DEBTORS' AMENDED[2] APPLICATION FOR APPROVAL OF THE
EMPLOYMENT OF (I) DANIEL L. GEYSER AND THE LAW FIRM OF
HAYNES AND BOONE, LLP; AND (II) RICHARD D. FAULKNER AND THE
LAW FIRM OF FAULKNER ADR LAW, PLLC, AS SPECIAL COUNSEL TO
THE DEBTORS, EFFECTIVE AS OF NOVEMBER 3, 2022**
**[Hearing Scheduled for February 23, 2023 at 2:00 p.m. pursuant to EFC No. 799]**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc. JHO Intellectual Property

Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev

LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and

through their proposed undersigned counsel, pursuant to 11 U.S.C. §§ 327(e), 328(a), Fed. R.

Bankr. P. 2014(a), 2016 and 6003, Local Rules 2014-1(A) and 2016-1(A), hereby file this *Debtors'*

*Amended Application for Approval of the Employment of (I) Daniel L. Geyser and the Law Firm*

*of Haynes and Boone, LLP; and (II) Richard D. Faulkner and the Law Firm of Faulkner ADR*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] This Application is being filed in order to amend the payment terms set forth in the (i) *Debtors' Application for Approval of the Employment of Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP, as Special Counsel to the Debtors, Effective as of November 3, 2022* [ECF No. 565] and the (ii) *Debtors' Application for Approval of the Employment of Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 1, 2022* [ECF No. 566], from an hourly fee arrangement to a flat fee arrangement for the work to be performed by Haynes Boone and Faulkner Law with respect to the OBI Appeal.

*Law, PLLC, as Special Counsel to the Debtors, Effective as of November 3, 2022* (the "<u>Application</u>"), seeking approval of the employment of the (i) law firm of Haynes and Boone, LLP ("<u>Haynes Boone</u>"); and (ii) Faulkner ADR Law ("<u>Faulkner Law</u>"), as special counsel to the Debtors, to jointly represent the Debtors, Vital Pharmaceuticals, Inc. ("<u>VPX</u>") and JHO Intellectual Property Holdings, LLC ("<u>JHO</u>") in connection with the prosecution of an appeal commenced by VPX and JHO in the United States Court of Appeals for the Ninth Circuit, Nos. 22-55722 & 22-56019 (the "<u>OBI Appeal</u>"), of a final judgment confirming an arbitration award entered in favor of Orange Bang, Inc. ("<u>OBI</u>") and Monster Energy Co. ("<u>Monster</u>") in the arbitration proceeding captioned *Orange Bang, Inc. and Monster Energy Company v. Vital Pharmaceuticals, Inc. d/b/a VPX Sports*, AAA Case No. 01-20-0005-6081, pending before the American Arbitration Association (the "<u>Arbitration Proceeding</u>"), and, to the extent necessary, in any future proceedings relating to the OBI Appeal in the Supreme Court of the United States.  In support of the Application, the Debtors rely upon the: (i) *Declaration of Daniel L. Geyser, on Behalf of Haynes and Boone, LLP, as Proposed Special Counsel to the Debtors* (the "<u>Geyser Declaration</u>") [<u>Exhibit B</u> to ECF No. 572]; (ii) *Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC* [<u>Exhibit B</u> to ECF No. 566] and *Supplemental Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC* [ECF No. 769] (together the "<u>Faulkner Declaration</u>"); and (iii) the *Declaration of Philip J. Loree, Jr., as Proposed Special Counsel to the Debtors* (the "<u>Loree Declaration</u>") [ECF No. 771],  and respectfully represent as follows:

<u>**Jurisdiction and Venue**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 .

11924474-5

3.      The statutory predicates for the relief sought herein are sections 327(e) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014-1(A) and 2016-1(A).

## Background

4.      On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operation, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] (the "First Day Declaration").

## The OBI Appeal

7.      On April 6, 2022, a *Final Arbitration Award – Phase I and Phase 2*, (the "Final Arbitration Award") was entered in the Arbitration Proceeding in favor of OBI and Monster and against VPX and JHO.  On October 28, 2022, VPX and JHO filed a *Notice of Appeal From Judgment or Order of a United States District Court* with respect to the Final Arbitration Award, with the United States District Court for the Central District of California, in the case captioned *Vital Pharmaceuticals, Inc. and JHO Intellectual Property v. Orange Bang, Inc. and Monster Energy Company*, Case No. 5:20-cv-1464-DSF-SHK, thereby commencing the OBI Appeal.

11924474-5

## Relief Requested

8.      By this Application, and in accordance with sections 327(a), 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Debtors seek authorization to retain Haynes Boone and Faulkner Law to jointly represent VPX and JHO in the OBI Appeal.

9.      The Debtors have determined that obtaining the services of Haynes Boone and Faulkner Law to represent VPX and JHO in the OBI Appeal is in the best interests of the Debtors and their estates.

10.      Accordingly, by this Application, the Debtors seek to employ (i) Daniel L. Geyser ("Geyser") and Haynes Boone; and (ii) Richard D. Faulkner ("Faulkner") and Faulkner Law, pursuant to the terms of an addendum dated February 8, 2023[3] (the "Addendum") to the original Engagement Letter dated November 3, 2022 (the "Original Engagement Letter").  A copy of the Addendum and Original Engagement Letter are attached hereto as **Composite Exhibit "A"**.

11.      Pursuant to the terms of the Addendum, VPX and JHO will pay a flat fee of $399,000.00 (the "Flat Fee") to handle the entire merits stage of the OBI Appeal (including motions practice, panel briefing, record excerpts, and oral argument), until the case is disposed by a three-judge panel.  The Flat Fee will not cover any further stages of appellate review (including at the rehearing stage in the Ninth Circuit or any proceedings in the Supreme Court of the United States), which fee would be negotiated and confirmed in a separate engagement letter.  As set forth in the Addendum, the Flat Fee would also cover the costs and expenses of the merits stage of the OBI Appeal and supplants the retainer requirement set forth in the Original Engagement Letter.

12.      As further set forth in the Addendum, the Flat Fee will be paid to Haynes Boone, and Haynes Boone will handle the described work together with Faulkner Law and the Loree Law

---

[3]  The Addendum is subject to all the terms and conditions of the Original Engagement Letter, except for certain modifications to the fee arrangements, which are set forth in the Addendum.

11924474-5

Firm, which VPX and JHO have retained through a separate engagement letter. Consistent with the terms of the engagement, Faulkner Law Firm will continue to associate with Loree Law Firm in connection with its post-petition representation of VPX. The Flat Fee paid to Haynes Boone will also compensate Faulkner Law and Loree Law Firm for their work on the merits stage of the OBI Appeal, and an assigned share of the Flat Fee will constitute their full compensation for their services at this stage of the matter.

13.     As set forth in the Addendum, the Flat Fee will be paid to Haynes Boone according to the following schedule:

- a first payment of $299,250.00 due immediately once the Addendum is approved by the Court;

- a second payment of $24,937.50 due on March 1, 2023;

- a third payment of $24,937.50 due on April 1, 2023; and

- a fourth payment of $49,975.00 due on May 1, 2023.

14.     The Debtors believe the employment of (i) Geyser and Haynes Boone; and (ii) Faulkner and Faulkner Law is necessary and in the best interests of the Debtors' estates.

15.     The Debtors have selected Geyser and Haynes Boone because they are well qualified to represent VPX and JHO in the OBI Appeal. As described more fully in his accompanying declaration, Geyser is the Chair of Haynes Boone's U.S. Supreme Court Practice, and he is widely recognized as one of the top appellate lawyers in the country. He has argued 15 cases before the Supreme Court (including multiple arbitration-related matters) and regularly appears before the federal courts of appeals nationwide; he also routinely handles appeals in the Ninth Circuit, and has argued before the en banc court (winning 10-1).

16.     In addition, the Debtors have selected Faulkner and Faulkner Law because Faulkner Law is well qualified to represent VPX and JHO in the OBI Appeal because of their expertise in

11924474-5

the procedures governing alternative dispute resolution proceedings, including proceedings conducted by the American Arbitration Association, issues that will be central to the OBI Appeal. Faulkner is a Fellow of the Chartered Institute of Arbitrators, holds a Diploma in International Commercial Arbitration, has been a Professor of Alternate Dispute Resolution Law, was a contributing author of the ABA's "How Arbitration Works," 6th Ed., been appellate counsel in appeals of arbitration issues in multiple federal courts of appeal and U.S. Supreme Court, and regularly writes and speaks on contemporary arbitration topics. Faulkner and Loree have jointly written multiple published articles on arbitration issues.

17.     Loree has over thirty years of experience handling industry and commercial arbitrations and arbitration-law matters in the trial and appellate courts, and is a prolific writer on arbitration law matters. He and Faulkner have collaborated on various arbitration law matters for more than 10 years and have written several articles together concerning arbitration and arbitration law.

18.     Geyser, Loree and Faulkner have extensive experience and knowledge with respect to such matters and are well-qualified to act as counsel on behalf of VPX and JHO.

19.     The Debtors believe that (i) Geyser and Haynes Boone; and (ii) Faulkner and Faulkner Law are well qualified to represent VPX and JHO, and they have consented to providing such services to VPX and JHO, subject to the approval of this Court.

20.     As set forth above, the requested retention by the Debtors of Haynes Boone is sought pursuant to section 327(a) and Faulkner Law is sought pursuant to section 327(e) of the Bankruptcy Code.

**Basis for Relief Requested**

21.     Although Geyser and Haynes & Boone are being retained solely for purposes of prosecuting the OBI Appeal, given that they did not represent the Debtors prepetition, the Debtors

seek to employ them pursuant to Section 327(a) of the Bankruptcy Code which provides that a debtor, subject to Court approval;

> …may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

22.    This Amended Application is supported by the Geyser Declaration in which Geyser testifies Haynes & Boone researched its client database to determine whether it had any connection to the following entities: (i) the Debtors; (ii) the parties to the OBI Appeal; (iii) the Debtors' consolidated thirty largest unsecured creditors; (iv) the Debtors' secured creditors; and (v) the Debtors' officers, directors, and equity holders. The results of that research did not reveal any matters adverse to the Debtors or the Debtors' estates concerning the matters upon which Haynes Boone is to be employed.

23.    As set forth in the Faulkner Declaration, Faulkner Law represented VPX pre-petition. The Debtors seek to employ Faulkner Law as special counsel pursuant to Section 327(e) of the Bankruptcy Code pursuant to which this Court may approve the Debtors' employment, "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).  In the Faulkner Declaration in which Faulkner testifies that, to the best of his knowledge, neither he nor Faulkner Law hold any interest adverse to the Debtors or their estates with respect to the matters on which they are to be employed.

24.    Additionally, section 328 of the Bankruptcy Code provides, in relevant part, as follows:

> [t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

25.    Moreover, the employment of Haynes Boone and Faulkner Law will allow the Debtors to diligently and expeditiously prosecute the OBI Appeal which is encouraged by Fed. Bankr. R. 6009.  See *In re Stewart*, 373 B.R. 801, 805 (Bankr. S.D. Ga. 2007)(Rule 6009 provides that the "trustee or debtor in possession" may prosecute or "defend any pending action or proceeding by or against the debtor ... in behalf of the estate before any tribunal."); *In re Goines*, 465 B.R. 704, 707 (Bankr. N.D. Ga. 2012) (With or without court, approval a debtor in possession may prosecute or may enter an appearance and defend; *see also In re Mid-City Parking, Inc*., 332 B.R. 798, 816 (Bankr. N.D. Ill. 2005) ("the 'shield' aspect of the [automatic] stay is intended to protect both the debtor and the estate, as mentioned, but not necessarily to protect individual creditor-appellees with interests adverse to the estate and its representative.")

26.    Geyser and Faulkner have agreed to work cooperatively with the Debtors' other professionals to avoid duplicative and/or competing efforts.

27.    The Debtors seek entry of an order approving the employment of (i) Geyser and Haynes Boone; and (ii) Faulkner and Faulkner Law, effective as of November 3, 2022.

28.    The Debtors seek to diligently and expeditiously prosecute the OBI Appeal for the benefit of the estates.

**WHEREFORE,** the Debtors respectfully request the entry of an order, in the form attached hereto as **Exhibit "B"**, (i) approving the Debtors' employment of (a) Geyser and Haynes Boone;

and (b) Faulkner and Faulkner Law as special counsel to the Debtors; and (ii) granting the Debtors

such other and further relief as may be just and proper.

Dated: February 15, 2023  
     Miami, Florida

George A. Davis (admitted *pro hac vice*)  
Tianjiao ("TJ") Li (admitted *pro hac vice*)  
Brian S. Rosen (admitted *pro hac vice*)  
Jonathan J. Weichselbaum (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
1271 Avenue of the Americas  
New York, NY 10020  
Telephone:  (212) 906-1200  
Email:  george.davis@lw.com  
       tj.li@lw.com  
       brian.rosen@lw.com  
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
555 Eleventh Street, NW, Suite 1000  
Washington, D.C. 20004  
Telephone:  (202) 637-2200  
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
330 North Wabash Avenue, Suite 2800  
Chicago, IL 60611  
Telephone: (312) 876-7700  
Email:  whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*  
Jordi Guso  
Florida Bar No. 863580  
Michael J. Niles  
Florida Bar No. 107203  
**BERGER SINGERMAN LLP**  
1450 Brickell Avenue, Suite 1900  
Miami, FL 33131  
Telephone:  (305) 755-9500  
Email:  jguso@bergersingerman.com  
       mniles@bergersingerman.com

*Co-Counsel for the Debtors*

9

11924474-5

**COMPOSITE EXHIBIT A**
**(Engagement Letter and Addendum)**

11924474-5

# HAYNES BOONE



**Daniel L. Geyser**
Direct Tel.: 303.382.6219
Fax: 303.382.6210
*daniel.geyser@haynesboone.com*

<u>VIA ELECTRONIC MAIL</u>

November 3, 2022

Mr. Gregg Metzger
Chief Litigation Counsel
Bang | VPX | Redline
1600 N. Park Drive
Weston, FL 33326
(786) 417-0104
*Gregg.Metzger@bangenergy.com*

> Re:   Engagement of Haynes and Boone, LLP for appellate litigation arising out
> of *Vital Pharmaceuticals, Inc., et al.* v. *Orange Bang, Inc., et al.*, No. 20-cv-
> 01464 (C.D. Cal.)

Dear Mr. Metzger:

I am very pleased to confirm Haynes Boone's representation of Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC (the "clients") as appellate counsel in the above-captioned case. It is the firm's policy to set forth at the outset the exclusive terms under which Haynes Boone and you have agreed for the firm to undertake this representation. We believe that a clear understanding of these matters is helpful in maintaining a strong and productive professional relationship. I encourage you to carefully consider the contents of this letter and to ask any questions that you have about its terms.

**Scope of Engagement.** The clients retain Haynes Boone to represent them before the U.S. Court of Appeals for the Ninth Circuit and, if necessary, future proceedings before the Supreme Court of the United States. While we are prepared to handle all aspects of the appeal (including briefing the case and presenting oral argument), we anticipate working together with your existing counsel, participating as appropriate under your and their direction.

This agreement does not cover any other services (in this matter or any other proceeding) except as described above. If the clients later wish to retain Haynes Boone to

# HAYNES BOONE

HB

Mr. Gregg Metzger, Chief Litigation Counsel
November 3, 2022
Page 2

provide any other services, the firm is delighted to discuss expanding the agreement. But any services other than those described above must be negotiated and confirmed in a separate engagement letter.

After the completion of our work on the matter, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities. Unless you engage us after completion of our engagement to provide additional advice on issues arising from the matter, you agree that the firm has no continuing obligation to advise you with respect to future legal developments.

**Staffing.** I expect to personally assume the primary role in handling the appeal. While I may delegate certain work to lawyers or support personnel to assist in the process, I will always retain full responsibility for ensuring that our work meets the firm's highest standards of professional excellence.

**Compensation.** The clients will pay the firm on an hourly basis for its work in this engagement. I currently charge an hourly billing rate of $1100. Any other timekeepers participating in the matter will likewise bill at their normal hourly rates. *$1,000*

**Costs and Expenses.** During the engagement, there are certain costs and expenses (such as fees, professional printing services, travel expenses, computerized research, etc.) that, if incurred, the clients agree to pay. On occasion, Haynes Boone may advance such costs and expenses and include them in an invoice. Alternatively, Haynes Boone may forward the invoices for such costs and expenses directly to the clients for payment. In either event, these invoices will be due and payable upon receipt.

**Retainer as Security for Fees and Costs.** It is our usual practice to require a retainer before we commence work for a client. The retainer for this matter is set at $25,000, which may be directed toward our professional fees or related expenses. The retainer may be adjusted in the future commensurate with the anticipated work for the engagement. We will hold this retainer as security for your payment obligations, and will place the funds in a pooled client-trust account, which is maintained in accordance with applicable State Bar rules. Interest earned on the pooled account is payable to a charitable foundation established under those rules.  Unless you instruct us otherwise, we will follow these practices for funds held on your behalf.

# HAYNES BOONE

Mr. Gregg Metzger, Chief Litigation Counsel
November 3, 2022
Page 3

Under this agreement, we have the right to apply the retainer to full or partial payment of any invoice that is not paid within 30 days after receipt, and you agree that amounts so applied will not be refundable. You further agree that whenever we draw upon the retainer, we will not be obligated to perform additional services until the retainer is restored to its original level. Once the engagement ends, we will apply the funds in the retainer to your final invoice, and promptly return any remaining funds.

**Consent to Conflicts Respecting Unrelated Matters.** Haynes Boone is a large international firm with offices and professionals in many cities. The nature of the firm's practice is such that the firm may occasionally represent one client in a matter while also representing that client's adversary in an unrelated matter. Such concurrent representation is undertaken only if the firm concludes, in the exercise of its professional judgment, that it can do so impartially and without any adverse effect on our responsibilities to either client. In executing this agreement, you agree that you do not consider any such concurrent representation, in unrelated matters, to be inappropriate, and you consent to any such present or future concurrent representations.

**Discharge and Withdrawal.** You will have the right to terminate the firm's representation at any time by delivering a written notice of termination. The firm will also have the right to withdraw from the representation at any time with your consent or for good cause without your consent.

If you discharge us or we elect to withdraw, you agree to take all reasonable steps to free us of any continuing obligation to perform, and we agree to take all reasonable steps to protect your interests while withdrawing. If a discharge or withdrawal occurs, you agree to cover all unpaid costs and expenses incurred on your behalf, and agree to pay a reasonable fee for any uncompensated professional services rendered as of the termination date (including any fees incurred during the transition).

Unless previously terminated, our representation will end when we send you our final statement for services rendered. In the course of our representation, we will likely come into possession of copies or originals of documents or materials belonging to you or others. Once the matter concludes, we will make arrangements to return the materials, to retain them in our storage facilities, or to dispose of them. Absent other arrangements, all materials in the file may be destroyed five years after the matter has closed. We may retain

# HAYNES BOONE

Mr. Gregg Metzger, Chief Litigation Counsel
November 3, 2022
Page 4

our own files, including lawyer work product, pertaining to the representation.

**Disclaimer of Guarantee.** The clients understand that the outcome of this matter is unpredictable. Although Haynes Boone may offer opinions concerning the possible results of the engagement, the firm cannot guarantee any particular result. The clients acknowledge that the firm has made no promises of any given outcome and that any opinion offered by Haynes Boone in the future will not constitute a guarantee.

**Entire Agreement.** This letter constitutes the entire agreement between the clients and the firm regarding this engagement, and is not subject to any oral agreements or modifications. No obligation or undertaking that is not set forth expressly in this letter shall be implied on the part of either the clients or the firm.

\*    \*    \*

If, after review of this letter, the clients find the foregoing acceptable, please sign below. We greatly appreciate the opportunity to represent you in this important matter, and look forward to a successful partnership now and in the future.

Very truly yours,

Daniel L. Geyser
Partner and Chair, U.S. Supreme Court Practice
Haynes and Boone, LLP

The undersigned confirms and accepts the terms and conditions of this agreement.

Vital  Pharmaceuticals, Inc. &
JHO Intellectual Property Holdings, LLC

By: _Gregg Metzger_____
Mr. Gregg Metzger
Chief Litigation Counsel

Date: _12/5/2022_____

# HAYNES BOONE

**HB**

**Daniel L. Geyser**
Direct Tel.: 303.382.6219
Fax: 303.382.6210
*daniel.geyser@haynesboone.com*

VIA ELECTRONIC MAIL

February 8, 2023

Mr. Gregg Metzger
Chief Litigation Counsel
Bang | VPX | Redline
1600 N. Park Drive
Weston, FL  33326
(786) 417-0104
*Gregg.Metzger@bangenergy.com*

Re:     Supplemental engagement letter regarding appellate litigation arising out of *Vital Pharmaceuticals, Inc., et al.* v. *Orange Bang, Inc., et al.*, No. 20-cv-01464 (C.D. Cal.)

Dear Mr. Metzger:

I am pleased to confirm this addendum to our original agreement, dated November 3, 2022 (and countersigned on December 5, 2022), concerning Haynes Boone's representation of Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC (the "clients") as appellate counsel in the above-captioned case. This addendum is subject to all the terms and conditions of the original agreement, but modifies that agreement solely in the following respects:

1. The clients will pay a flat fee of $399,000.00 for the firm to handle the entire merits stage of the Ninth Circuit appeal (including motions practice, panel briefing, record excerpts, and oral argument), until the case is disposed by a three-judge panel. This flat fee does not cover any further stages of appellate review (including at the rehearing stage in the Ninth Circuit or any proceedings in the Supreme Court of the United States), which must be negotiated and confirmed in a separate engagement letter.

This flat fee will also cover the costs and expenses of the merits stage of the appeal (as described above), and supplants the retainer requirement set forth in the original engagement letter.

# HAYNES BOONE

Mr. Gregg Metzger, Chief Litigation Counsel
February 8, 2023
Page 2

2.  The firm will handle the described work together with Faulkner ADR Law, PLLC, and the Loree Law Firm, which the clients have retained through separate engagement letters. The same flat fee will compensate those firms for their work on the merits stage of the appeal (as described above), and an assigned share of the fee will constitute their full compensation for their services at this stage of the matter.[*]

3.  The flat fee will be paid according to the following schedule:

- a first payment of $299,250.00 due immediately once the supplemental agreement is executed and approved by the bankruptcy court;

- a second payment of $24,937.50 due on March 1, 2023;

- a third payment of $24,937.50 due on April 1, 2023; and

- a fourth payment of $49,875.00 due on May 1, 2023.

4.  Aside from these specific modifications, all other terms of the engagement remain unchanged.

[Continued on next page.]

---

[*] Daniel L. Geyser represents and warrants that he has the authority to execute this supplemental agreement on behalf of Faulkner ADR Law, PLLC, and the Loree Law Firm (and each of their respective principals).

# HAYNES BOONE

Mr. Gregg Metzger, Chief Litigation Counsel
February 8, 2023
Page 3

\*       \*       \*

Once again, we greatly appreciate the opportunity to represent you, and look forward to a successful partnership now and in the future.

Very truly yours,

Daniel L. Geyser
Partner and Chair, U.S. Supreme Court Practice
Haynes and Boone, LLP

The undersigned confirms and accepts the terms and conditions of this agreement.

By: _____
Mr. Gregg Metzger
Chief Litigation Counsel

Date: _____2/8/2023_____

# HAYNES BOONE



## ADDENDUM

1.  Assigned share of the flat fee:

    *   Haynes and Boone, LLP:  $305,000.00.
    *   Faulkner ADR Law, PLLC:  $47,000.00.
    *   The Loree Law Firm:  $47,000.00.

    All scheduled payments will be made on a pro rata basis to all three firms.

2.  Costs and expenses:

    *   Haynes Boone will be responsible for paying the necessary costs and expenses of the described work.

**<u>EXHIBIT B</u>**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                          Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                      Case No.: 22-17842-PDR

    Debtors.                                            (Jointly Administered)

_____/

**ORDER APPROVING DEBTORS' AMENDED APPLICATION FOR APPROVAL OF
THE EMPLOYMENT OF (I) DANIEL L. GEYSER AND THE LAW FIRM OF HAYNES
AND BOONE, LLP; AND (II) RICHARD D. FAULKNER AND THE LAW FIRM OF
FAULKNER ADR LAW, PLLC, AS SPECIAL COUNSEL TO THE DEBTORS,
<u>EFFECTIVE AS OF NOVEMBER 3, 2022</u>**

       **THIS MATTER** came before the Court on February 23, 2023 at 2:00 p.m., in Fort

Lauderdale, Florida, upon the *Debtors' Amended Application For Approval of the Employment of (I)*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors'
federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc.
(5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394);
(v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals
International Sales, Inc. (8019).

*Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP; and (II) Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 3, 2022* (the "<u>Application</u>") [ECF No. ___].  The Court, having considered the (i) Application, (ii) Addendum and Original Engagement Letter[2] attached to the Application as Composite Exhibit A; (iii) *Declaration of Daniel L. Geyser, on Behalf of Haynes and Boone, LLP, as Proposed Special Counsel to the Debtors* (the "<u>Geyser Declaration</u>"), attached as Exhibit B to ECF No. 572; (iv) *Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC*, attached as Exhibit B to ECF No. 566 and *Supplemental Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC* [ECF No. 769] (together the "<u>Faulkner Declaration</u>"); and (v) *Declaration of Philip J. Loree, Jr., as Proposed Special Counsel to the Debtors* (the "<u>Loree Declaration</u>") [ECF No. 771]; finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the Geyser Declaration includes the disclosures mandated by Rule 2014, and, accordingly, the Court is satisfied, based upon such disclosures, that Haynes and Boone, LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code; (d) each of Haynes and Boone, LLP, Faulkner Law and Loree Law Firm, who will associate with Faulkner Law for purposes of the representation (i) do not hold or represent any interest adverse to the Debtors' estates on any matter in which each of Haynes and Boone, LLP and Faulkner Law are to be engaged; (e) each of Haynes and Boone, LLP, Faulkner Law and Loree Law Firm have disclosed any connections with creditors and parties-in-interest; (f) the employment of Haynes and Boone, LLP and Faulkner Law, and Faulkner Law's association with Loree Law Firm for purposes of this representation, as special counsel to the

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

11930736-1

Debtors is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest.  Accordingly, it is

ORDERED as follows:

1.      The Application is **APPROVED**.

2.      The employment of Haynes and Boone, LLP, as special counsel to the Debtors, to represent VPX and JHO in connection with the OBI Appeal, and, to the extent necessary, in any future proceedings relating to the OBI Appeal in the Supreme Court of the United States, pursuant to the terms set forth in the Addendum and Original Engagement Letter attached to the Application as Composite Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. §§ 327(a) and 328.

3.      The employment of Faulkner Law, as special counsel to the Debtors, to represent VPX and JHO in connection with the OBI Appeal, pursuant to the terms set forth in the Addendum and Original Engagement Letter attached to the Application as Composite Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. §§ 327(e) and 328.    Faulkner Law may associate with Loree Law Firm for purposes of the representation.

4.      The Debtors are authorized to pay Haynes and Boone, LLP the Flat Fee pursuant to the schedule set forth in paragraph 13 of the Application, which Flat Fee shall cover the entire merits stage of the OBI Appeal (including motions practice, panel briefing, record excerpts, and oral argument), until the case is disposed by a three-judge panel.

5.      As set forth in the Application, the Flat Fee will not cover any further stages of appellate review (including at the rehearing stage in the Ninth Circuit or any proceedings in the Supreme Court of the United States), which fee shall be negotiated and confirmed in a separate engagement letter.

6.      In addition, the Flat Fee shall also cover the costs and expenses of the merits stage of

3

the OBI Appeal and supplants the retainer requirement set forth in the Original Engagement Letter.

7.      The Flat Fee shall be paid to Haynes and Boone, and Haynes and Boone shall handle the described work together with Faulkner Law and the Loree Law Firm, which VPX and JHO have retained through a separate engagement letter.  The Flat Fee paid to Haynes and Boone will also compensate Faulkner Law and Loree Law Firm for their work on the merits stage of the OBI Appeal, and an assigned share of the Flat Fee shall constitute their full compensation for their services at this stage of the matter.

8.      Haynes and Boone, LLP and Faulkner Law shall use good faith commercially reasonable efforts to avoid duplication of services with any of the Debtors' other professionals.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

4