UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |
| _____/ | |

**DEBTORS' *EX PARTE* MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING ALL
PARTIES TO REDACT THE NAMES
OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST RELATED
TO THE POTENTIAL SALE OF SUBSTANTIALLY ALL
OF THE DEBTORS' ASSETS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, pursuant to section 107 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), file this motion (this "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing all parties to redact the names of the Confidential Parties (as defined herein) related to the potential sale of all or substantially all of the Debtors' assets and (ii) granting related relief. In further support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1

11934827-2

3. The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 1, 2022, the Office of the United States Trustee appointed the official committee of unsecured creditors (the "Committee") [ECF No. 245]. On November 23, 2022, the U.S. Trustee reconstituted the Committee [ECF No. 400]. No request has been made to the Court to order the appointment of a trustee or examiner.

7. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] (the "First Day Declaration"), which is incorporated herein by reference.

## PRELIMINARY STATEMENT

8. As further described in the *Final Order (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [ECF No. 638] (the "Final DIP Order"), and the *Debtors' Motion for an Order (I) Approving (A) Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing,*

2

11934827-2

*Assumption Procedures, and Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* [ECF No. 707] (the "Bidding Procedures Motion"), the Debtors and their advisors have been conducting a robust pre-and post-petition process to market and explore a potential sale of all or substantially all of the Debtors' assets or businesses. Throughout this process, the Debtors' Investment Banker, Rothschild & Co. U.S. Inc. ("Rothschild"), has contacted a number of potential counterparties, some of which have entered into non-disclosure agreements in order to move forward with the sale process and obtain access to diligence. Such parties constitute confidential parties in these chapter 11 cases (the "Confidential Parties")—the identities of which are commercially sensitive information.

9. The Court has authorized the retention of the following Debtor professionals in these chapter 11 cases: Latham & Watkins LLP ("Latham") as co-counsel to the Debtors [ECF No. 392]; Huron Consulting Services LLC ("Huron") as a financial advisor to the Debtors [ECF No. 395]; Berger Singerman LLP ("Berger Singerman") as co-counsel to the Debtors [ECF No. 379]; Rothschild as investment banker to the Debtors [ECF No. 393]; and Grant Thornton LLP ("Grant Thornton") as a financial advisor to the Debtors [ECF No. 665] (collectively, the "Initial Retention Applications").[2] Together, Latham, Huron, Berger Singerman, Rothschild, and Grant Thornton

---

[2] Andrew Sorkin, a partner at Latham, submitted declarations in support of the Latham retention application [ECF Nos. 22, 297] (the "Sorkin Declarations"). John DiDonato, a managing director at Huron, submitted a declaration in support of the Huron retention application [ECF No. 19] (the "DiDonato Declaration"). Jordi Guso, a managing partner at Berger Singerman, submitted a declaration in support of the Berger Singerman retention application [ECF No. 21] (the "Guso Declaration"). Homer Parkhill, a partner and co-head of restructuring at Rothschild, submitted declarations in support of the Rothschild retention application [ECF Nos. 23, 313] (the "Parkhill Declarations"). Mark Margulies, a partner at Grant Thornton, submitted an amended declaration in support of the Grant Thornton retention application [ECF No. 654] (the "Margulies Declaration."). Together, the Sorkin Declarations, DiDonato Declaration, Guso Declaration, Parkhill Declarations, Margulies Declaration, and any

11934827-2

are the Debtors' professional advisors (together with the Committee's professional advisors,[3] the "Professionals").

10. In connection with their respective retentions, the Professionals searched the name of each party in interest identified by the Debtors to determine whether any potential conflicts or other relationships existed that precluded the Professionals from meeting the disinterestedness standard under the Bankruptcy Code. The results of such searches, along with the names and entities included in these searches, are annexed to each Professional Declaration. Other professionals representing various stakeholders in these chapter 11 cases—including the Committee—may have utilized similar processes to identify any potential conflicts. At the time the Initial Retention Applications were approved, the Confidential Parties were not yet known and/or the Professionals' had not yet completed their conflicts review process with respect to the Confidential Parties. As such, the Professionals plan to file supplemental declarations setting forth the results of these searches. Other professionals may also file supplemental declarations setting forth similar search results.

11. If the identities of the Confidential Parties were publicly disclosed, the Debtors would be in violation of certain non-disclosure agreements entered into by the Debtors and the Confidential Parties that require the identities of the Confidential Parties to remain confidential. Revealing the identities of potential counterparties may also chill the marketing process by preventing current potential counterparties from moving forward with negotiations and deterring other counterparties from getting involved in the process. In addition to violating the underlying

---

declarations filed by the Committee's professionals, along with any amended or supplemental declarations, are the "Professional Declarations."

[3] The Committee's professional advisors include: (a) Lowenstein Sandler LLP as co-counsel to the Committee; (b) Sequor LW, P.A. as co-counsel to the Committee; (c) Lincoln Partners Advisors LLC as financial advisor to the Committee; and (d) Miller Buckfire & Co., LLC and its affiliate Stifel, Nicolaus & Co., Inc. as investment banker to the Committee.

4

11934827-2

confidentiality agreements, disclosing the identities of the potential counterparties before a transaction is negotiated could hamper the sensitive negotiations between the Debtors and potential counterparties, and interfere with the Debtors' ability to maximize the value of their estates for all parties in interest. Thus, disclosure of the Confidential Parties' identities could adversely affect the Debtors' ongoing marketing process.

12. Importantly, and as will be disclosed in the respective Professional's supplemental declarations, the Professionals have not represented and will not represent any of the Confidential Parties in connection with any matter in these chapter 11 cases. Thus, the Professionals' connections to the Confidential Parties do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code.

13. Unredacted versions of any document filed on the docket of these chapter 11 cases that would reveal the identity of the Confidential Parties, including any supplemental declarations filed by the Professional (collectively, the "Redacted Documents"), will be provided to the U.S. Trustee with the unredacted versions of any Redacted Documents.

**BASIS FOR REQUESTED RELIEF**

**I. Redacting the Names of the Confidential Parties Is Warranted Under Section 107(b)(1) of the Bankruptcy Code to Protect the Competitiveness of the Marketing Process.**

14. Under section 107(b) of the Bankruptcy Code, bankruptcy courts have the authority to issue orders to protect entities from potential harm that may result from the disclosure of certain confidential information. Specifically, section 107(b) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may: (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b).

5

15. Further, pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

16. If the material sought to be protected falls in one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

17. Confidential commercial information has been defined as information which would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d at 27; *see also In re Celsius Network LLC*, 644 B.R. 276, 290-91 (Bankr. S.D.N.Y. 2022) (defining confidential commercial information as "information so critical to the operations of the entity that disclosure will unfairly benefit the entity's competitors" (citing *In re Barney's Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996))). Further, the purpose of Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 is to protect confidential commercial information. *See In re Glob. Crossing Ltd.*, 295 B.R. at 725 (stating that the "whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"); *In re Anthracite Cap., Inc.*, 492 B.R. 162, 179 (Bankr. S.D.N.Y. 2013) (stating that Section 107(b)(1) "is meant to prevent business competitors from seeing confidential business-

6

11934827-2

related information and using that information to the detriment of the movant"). Confidential commercial information need not rise to the level of a trade secret to be protected under section 107(b)(1) of the Bankruptcy Code. *In re Orion Pictures Corp.* 21 F.3d at 28; *see also In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (explaining that confidential commercial information does not need to be a trade secret to qualify for protection under Section 107(b) of the Bankruptcy Code); *In re Celsius Network LLC*, 644 B.R. at 288 (same).

18. Further, courts have held that confidential commercial information can include information that is subject to or governed by a debtor's contractual non-disclosure obligations. *See In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 1, 2022) (redacting confidential information in connection with the potential sale of certain assets); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019) (redacting confidential information in connection with a retention application filed by professionals working with chapter 11 debtors pursuing the potential sale of certain assets).

19. The Debtors submit that, in the context of running a competitive marketing process for a potential sale of all or substantially all of their assets or businesses, the identities of the Confidential Parties constitute confidential commercial information that should be protected under section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Parties are those who have expressed an interest in a potential going-concern transaction for the benefit of all the Debtors' stakeholders. The Debtors are required to maintain, in confidence, the identities of the Confidential Parties pursuant to the parties' non-disclosure agreements.[4] Public disclosure of the identities of the Confidential Parties is likely to impair the Debtors' sale process by, among

---

[4] For example, one such non-disclosure agreement requires, in part, "that all [c]onfidential [m]aterial that is disclosed . . . in connection with the matters contemplated herein will be (i) treated confidentially" and "(ii) used solely for the purpose of evaluating, negotiating and implementing the Transaction."

other things, chilling ongoing negotiations with the Confidential Parties and discouraging engagement by other potential bidders, thereby potentially reducing the value the Debtors will receive in connection with their sale process.

20. Accordingly, the Debtors submit that revealing the identities of Confidential Parties will negatively impact the competitiveness of the sale process, and thus, warrants granting the relief requested. *See In re MF Global*, No. 11-2790 (MG) SIPA, 2012 WL 3260393, at *3 (holding that the withholding of the debtors' commercially sensitive membership information was appropriate because the information "is, in its entirety, commercial information" and "public disclosure . . . would have a 'chilling effect'" on ongoing chapter 11 negotiations (citing *In re Borders Group, Inc.*, 462 B.R. at 47)).

21. The Debtors have narrowly tailored the relief requested in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. The Professionals have already disclosed, and will continue to disclose, numerous connections to potential parties in interest. By this Motion, the Debtors merely request authority to maintain the confidentiality of a limited number of Confidential Parties, together with any future parties who (i) have executed non-disclosure agreements requiring the Debtors to maintain the confidentiality of their identities, and/or (ii) other parties who reasonably express interest in acquiring all or substantially all of the Debtors' assets.

22. As a result, authorizing the names of the Confidential Parties to be redacted in any filing by any Professional (or any other party) is the most effective method to ensure transparency in the sale process by disclosing necessary information while still preventing the negative implications of wider public disclosure of such information.

**II. The Court Should Authorize the Professionals to Redact the Names of the Confidential Parties.**

23. The Debtors request authority for all parties to file redacted versions of any supplemental declarations or other Redacted Documents that contain the names of the Confidential Parties. The Debtors will provide the Court, the U.S. Trustee, and counsel to the Committee with unredacted versions of the Redacted Documents. The Debtors further request that the Proposed Order authorizing the Redacted Documents remain redacted for the duration of these chapter 11 cases so as not to frustrate the purpose of the Proposed Order.

24. The foregoing process is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where necessary.

25. Prior to filing this Motion, the Debtors conferred with the United States Trustee and counsel to the Committee, each of whom consents to the relief requested herein.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, authorizing all parties to redact the names of the Confidential Parties related to the potential sale and granting the Debtors such other related relief as the Court may deem necessary.

| | |
|---|---|
| Dated: February 16, 2023<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |

George A. Davis (admitted *pro hac vice*)  
Tianjiao ("TJ") Li (admitted *pro hac vice*)  
Brian S. Rosen (admitted *pro hac vice*)  
Jonathan J. Weichselbaum (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
1271 Avenue of the Americas  
New York, NY 10020  
Telephone: (212) 906-1200  
Email: george.davis@lw.com  
   tj.li@lw.com  
   brian.rosen@lw.com  
   jon.weichselbaum@lw.com  

Jordi Guso  
Florida Bar No. 0863580  
Michael J. Niles  
Florida Bar No. 107203  
**BERGER SINGERMAN LLP**  
1450 Brickell Avenue, Suite 1900  
Miami, FL 33131  
Telephone: (305) 755-9500  
Email: jguso@bergersingerman.com  
   mniles@bergersingerman.com  

– and –

Andrew D. Sorkin (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
555 Eleventh Street, NW, Suite 1000  
Washington, D.C. 2004  
Telephone: (202) 637-2200  
Email: andrew.sorkin@lw.com  

– and –

Whit Morley (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
330 North Wabash Avenue, Suite 2800  
Chicago, IL 60611  
Telephone: (312) 876-7700  
Email: whit.morley@lw.com  

*Counsel for the Debtors and Debtors-in-Possession*

10

11934827-2

# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS'** *EX PARTE* **MOTION (I) AUTHORIZING ALL PARTIES TO REDACT THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST RELATED TO THE POTENTIAL SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** was before this Court without a hearing in Fort Lauderdale, Florida, upon the *Debtors' Ex Parte Motion for Entry of an Order (I) Authorizing All Parties to Redact the Names of Certain Confidential Parties in Interest Related to the Potential Sale of Substantially All of the Debtors' Assets and (II) Granting Related Relief* [ECF No. ___] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order (this "Order") (i) authorizing all parties to redact the names of the Confidential Parties related to the potential sale of all or substantially all of the Debtors' assets and (ii) granting related relief, all as more fully set forth in the Motion. The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

11934827-2

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and (v) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, and (vi) good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. All parties are authorized, pursuant to sections 105(a) and 107(b)(1) of the Bankruptcy Code to file the Redacted Documents in a form redacted as to the identities, including names and identifiable information, of the Confidential Parties.

3. The unredacted versions of the Redacted Documents shall not be made available to any party—other than those specified in paragraph 5 of this Order—without the Debtors' consent, may not be filed on the public docket, and shall remain redacted until further order of the Court.

4. Any party filing any Redacted Documents is authorized to cause the unredacted versions of the Redacted Documents to be served on and made available, on a confidential basis, to: (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) the Committee's professionals; and (iv) any other party as may be ordered by the Court or agreed to in writing by the Debtors, as applicable, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors, that preserve the confidentiality of the names of the Confidential Parties (and any information derived therefrom).

5. For the avoidance of doubt, this Order is without prejudice to the rights of the U.S. Trustee or any party in interest to seek to unredact the Redacted Documents, or any part thereof.

3

6. The Confidential Parties and any party authorized to receive the unredacted versions of the Redacted Documents shall be authorized and directed to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

7. Absent further order of the Court, any party who receives the names of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

8. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
       mniles@bergersingerman.com

(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)

US94908C7821 39496454.2