

**ORDERED in the Southern District of Florida on February 17, 2023.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |
| _____/ | |

## PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

THIS MATTER came before the Court for hearing on February 15, 2023 at 1:30 p.m., in

Fort Lauderdale, Florida, upon the *Debtors' Expedited Motion for Entry of Protective Order and*

*Confidentiality Agreement* [ECF No. 775].   This Protective Order and Confidentiality Agreement

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

("Order") is entered into by and among: (a) the debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "Debtors"); (b) certain of the Debtors' creditors and other parties that are signatories to this Order; and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto. Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "Party" and, collectively, as the "Parties."[2] The Parties, by and through their respective attorneys of record, and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, with respect to any existing or future examination or contested matter, pursuant to Bankruptcy Rules 2004, 7026, and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

## RECITALS

WHEREAS, there are, or may be, judicial or other proceedings, including, but not limited to, formal or informal investigations, contested matters, and other disputes (each a "Dispute" and, collectively, the "Disputes") arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Chapter 11 Cases");

WHEREAS, certain Parties have sought or may seek certain Discovery Material (as defined below) (a "Requesting Party") from another Party (a "Producing Party") with respect to one or more Disputes, including through informal or formal requests (collectively, "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and

---

[2] The designation of a "Party" or "Parties" is for purposes of reference in this Order only.

2

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below) and to protect Discovery Material that a Party seeks to maintain as confidential, it is hereby ORDERED that the following terms will govern any requests for and production of Discovery Material (as defined below):[3]

### Scope of Order

1.     This Order applies to these Chapter 11 Cases and to all documents, disclosures, written discovery responses, deposition testimony and transcripts, deposition exhibits, any other discovery conducted during the course of these Chapter 11 Cases, and any copies, excerpts, notes, abstracts or summaries thereof (collectively, "Discovery Material") produced or otherwise disclosed, whether formally or informally, by a Party to any other Party in connection with any Dispute, including but not limited to the investigation of any actual or potential estate or other claim, contested motions, or adversary proceedings arising out of or relating to the Chapter 11 Cases (including by the Official Committee of Unsecured Creditors, an estate representative, successor to one or more of the estates, including, but not limited to, a liquidating trustee, liquidation trustee, plan administrator, or other similarly situated fiduciary).  Any Party who receives from another Party any Discovery Material that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such material to anyone else except as expressly permitted hereunder or as provided by such order as may be issued by the Court during the course of these Chapter 11 Cases.

2.     Discovery Material produced formally or informally as part of these Chapter 11 Cases may be used only in connection with these Chapter 11 Cases, including but not limited to

---

[3]     Parties shall abide by the terms of this Order pending its approval by the Court.  If the Court does not enter the Order for any reason, the Parties shall continue to abide by its terms with respect to any Discovery Material (as defined herein) produced prior to the Court's decision not to enter the Order unless the Court otherwise determines.

in connection with contested matters, adversary proceedings, claim objections, and/or avoidance actions filed in connection with the Chapter 11 Cases, whether prior to or after confirmation of a plan, including, but not limited to, by an estate representative, successor to one or more of the estates, including, but not limited to, a liquidating trustee, liquidation trustee, plan administrator, or other similarly situated fiduciary.  Discovery Material shall not be used for any other purpose, including without limitation any lawsuit, litigation, investigation, audit, action, claim, dispute or other proceeding outside of these Chapter 11 Cases, whether pending, threatened, or not yet asserted or threatened.

3.      All deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

4.      This Order does not affect, amend, or modify any existing confidentiality agreements, intercreditor agreements, or protective orders applicable to any Producing Party and/or Party receiving Discovery Material (a "Receiving Party"), and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

5.      For the avoidance of doubt, nothing in this Order—including the fact that a Party is a signatory to this Order—entitles or is intended to entitle any Party or Non-Party (as defined below) to the production of any Discovery Material, for any purpose, including in connection with any Dispute.  Nothing contained herein shall be deemed a waiver or relinquishment by any Party or Non-Party of any objection, including but not limited to any objection concerning the confidentiality or proprietary nature of any documents or materials requested by a Party or Non-Party, any right to object to discovery requests, any right to object to the admissibility of evidence on any ground, any right to seek a further protective order, or any right to seek further relief from the Court.

6.      This Order applies to individuals and/or entities who are not parties to the Chapter 11 Cases (each, a "Non-Party") upon signing Exhibit A hereto and agreeing to be bound by the terms of this Order.  Any Party or its counsel serving a subpoena (or previously having served a subpoena) upon a Non-Party or otherwise requesting that a Non-Party produce documents or sit for deposition or examination, shall serve a copy of this Order along with such subpoena, or in the case of subpoenas served prior to entry of this Order, as soon thereafter as practicable, and instruct the Non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in accordance with the provisions of this Order..

7.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

(a)      Confidential Material:  A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or federal law or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party

5

or non-Party. Confidential Material does not include information that has been made public or that the Producing Party would make public in the ordinary course of its activities.

(b)    <u>Highly Confidential Material</u>: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that meets the definition of a "trade secret" under 18 U.S.C. § 1839 or is of such a nature that the disclosure of such information would create a risk of competitive or business injury to the Producing Party if such Discovery Material were disclosed to persons other than those identified in Paragraph 13 of this Order. For the avoidance of doubt, Highly Confidential Material shall not include information that has been made public or that the Producing Party would make public in the ordinary course of its activities. To the extent any materials or portions thereof prepared by industry advisors, accounting advisors, experts, or consultants (or their respective staff) that are retained by a Party or signatory to this Order include reference to or reveal Highly Confidential Material, those portions, and only those portions of such materials shall be designated as Highly Confidential.

(c)    Each Producing Party that designates Discovery Material as "Confidential Material" or "Highly Confidential Material" under this Order must take care to limit any such designation to those materials that the Producing Party believes qualify under the appropriate standards.

8.    <u>Manner of Designating Discovery Material</u>: The Producing Party shall indicate a "Confidential" or "Highly Confidential" designation by marking each page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content

of the material that is produced.  Native file documents may be designated as "Confidential" or "Highly Confidential" by including such terms (or similar terms) in the file name and in any accompanying load file, if applicable.  A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties identifying specific portions of Discovery Material that it wishes to designate as "Confidential" or "Highly Confidential."  With respect to deposition testimony, a Party or their counsel may designate such testimony as appropriate by: (a) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) providing written notice within ten (10) days of the Party's receipt of the  final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel of record, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided for in this Protective Order according to its designation.  Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Confidential unless otherwise designated by counsel to any Party on the record at the deposition.  In the event that testimony is designated as Confidential or Highly Confidential, the court reporter shall be instructed to include on the cover page of each such transcript a designation as "Confidential" or "Highly Confidential," as appropriate.  If the

deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.  Nothing in this paragraph shall (i) apply to or affect the confidentiality designations for Discovery Material entered as exhibits at depositions, or (ii) preclude a witness from reviewing his or her deposition transcript.  When Designated Material is being used, discussed, or elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition during which such Designated Material is being used, discussed, or elicited.

9.      <u>Prior Produced Discovery</u>:  This Order shall govern Discovery Material produced by any Producing Party in these Chapter 11 Cases whether that Discovery Material was requested or produced prior entry of the Order.  No re-production of prior-produced Discovery Materials is required based on the timing of entry of this Order, and any confidentiality designations on such prior-produced Discovery Materials shall be treated as if designated pursuant to the Order

10.     <u>Late Designation of Discovery Material</u>:  If at any time, a Producing Party realizes that some portion(s) of Discovery Material that such Party previously produced without designation should be designated as Designated Material ("<u>Late Designated Material</u>"), such Party may so designate by notifying all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Designated Material under the terms of this Order.  The Receiving Party agrees to return all previously-produced copies of the Late Designated Material promptly so that they may be labeled with the applicable legend and, in the case of electronically-stored information (ESI), produced with a load file that contains a field indicating their designation.  Upon such notification, any Late Designated Material shall be treated in accordance with the assigned designation and consistent with the terms of this Order;

provided, however, the use or disclosure of such Late Designated Material in a manner inconsistent with the designation affixed to the Late Designated Material prior to receipt of notification pursuant to this paragraph shall not be a violation of this Order.

11.    <u>Use of Designated Material In General</u>:  No Party other than the Producing Party shall disclose or use any Designated Material to any other person except as provided for in Paragraphs 12 and 13 below.  No Party shall have any obligation or duty to maintain as confidential any Discovery Material that is not Designated Material.

12.    <u>Use of Confidential Material</u>:  Discovery Material designated as "Confidential" may be given, shown, made available to, or communicated only to the following:

(a)    another Party, or any director, officer, employee, contractor (provided such contractor has first executed an Acknowledgment in the form annexed as <u>Exhibit A</u> hereto), or, in the case of the Official Committee of Unsecured Creditors, an appointed member and its counsel, of a Party whose access thereto is required for the purpose of these Chapter 11 Cases;

(b)    attorneys at those law firms appearing as counsel of record in the Chapter 11 Cases for one or more Parties, as well as any law clerk, paralegal, administrative, secretarial, and clerical personnel of such law firms;

(c)    financial advisors retained by one or more Parties, provided such financial advisors have first executed an Acknowledgement in the form annexed as <u>Exhibit A</u> hereto;

(d)    any outside photocopying, document storage, data processing or graphic production services employed or retained by persons identified in subsection (b), provided such person(s) have first executed an Acknowledgement in the form annexed as <u>Exhibit A</u> hereto;

(e)    any person retained by a Party to serve as an independent expert witness, consultant, or investigator or to otherwise provide specialized advice to counsel in connection with this action, provided such person is not directly associated with a Party and has first executed an Acknowledgement in the form annexed as Exhibit A hereto;

(f)    court reporters, stenographers, videographers, and their staff engaged to transcribe depositions and/or hearings conducted in this action;

(g)    vendors retained by or for a Party to assist in preparing for pretrial discovery, trial, and/or hearings, litigation support personnel, jury consultants, and consultants to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well their staff, provided such person(s) have first executed an Acknowledgement in the form annexed as Exhibit A hereto;

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(i)    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(j)    any deponent or witness who was noticed for a deposition, or is on a witness list for a hearing or trial, in preparation for or other otherwise in connection with his or her noticed deposition, hearing, or trial testimony and who has executed an Acknowledgement in the form annexed as Exhibit A hereto;

(k)    the Court, the Court's support personnel, jurors, and alternate jurors; and

(l)    any other person upon written stipulation or statement on the record by Producing Party or other Party that designated the Discovery Materials as Designated Materials.

13.    <u>Use of Highly Confidential Material</u>:  Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the persons described in Paragraphs 12(b)-(i), (k) and (l).

14.    <u>Use of Designated Material at Depositions</u>:  For the avoidance of doubt, a Party may show a fact witness at that witness's deposition or in preparation for that witness's deposition in this proceeding information designated as "Confidential" or "Highly Confidential" when (i) it appears on the face of the document that witness is an author, addressee or copy recipient of such Designated Materials, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting, or is shown through testimony or other evidentiary proof by the Party wishing to make the disclosure, that the document was prepared, received, or reviewed by the witness, (ii) the designating Party has approved the information for disclosure prior to the deposition, (iii) the witness is an employee of the designating Party, or (iv) the witness has been designated as a Rule 30(b)(6) witness by the designating Party.

15.    <u>Sealing of Designated Material Filed with or Submitted to the Court</u>:  Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the applicable rules for sealing in the Court (e.g., the Federal Rules, the Bankruptcy Rules, the Local Rules, and chambers rules, administrative orders or directions of this Court).  Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same,

via the Court's Electronic Case Filing system, that redacts only the Designated Material itself, and not text that in no material way reveals the Designated Material.  In the event that any Designated Material is used in the action, the Parties agree that it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to protect its confidentiality.  A Party is not required to file a document under seal if the Designated Material contained or reflected in the document was so designated solely by that Party.  Any Party filing with the Court pleadings, documents, or other materials containing Designated Materials under seal shall provide outside counsel for the Parties with an un-redacted copy by email.

16.    <u>Objections to Designations</u>:  Any Party who objects to any designation of confidentiality may serve upon counsel for the designating Party a written notice stating the objection and requested re-designation, as well as the grounds of the objection and request.  If agreement cannot be reached within three (3) business days after conferring in good faith, then the Receiving Party may submit a motion to the Court objecting to the designation and seeking its removal or other appropriate relief (a "<u>Designation Objection</u>").  Any Party opposing such Designation Objection may submit a response to the Court within five calendar days of the submission of the Designation Objection.  For the avoidance of doubt, the Parties shall adhere to Paragraph 15 hereof in connection with any such submissions.  Until the Court is able to make a ruling, the Designated Material will continue to be treated according to its designation.

17.    <u>Timing of Objections of Designated Material</u>:  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude or have any relevance to a subsequent challenge thereto.  The failure of any Party to challenge the designation of Designated Materials during the discovery period shall not be a waiver of that Party's ability to object to the designation at trial.

18.    <u>No Waiver</u>:  Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

19.    <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, within two days of learning of the disclosure: (a) notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

20.    <u>Inadvertent Production of Privileged Discovery Material</u>:  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Producing Party inadvertently produces materials that the Producing Party later discovers, in good faith, to be privileged or subject to other protection,  such as work-product protection, the inadvertent production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.

In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was inadvertently produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material. Within seven (7) days after receiving such notification, the Receiving Party shall, as instructed, take reasonable steps to return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents. If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

21. <u>Use of Non-Discovery Material</u>: To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person or was already in its possession at the time of filing of these Chapter 11 Cases on a non-confidential basis; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "<u>Non-Discovery Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose,

including in a deposition, hearing, trial, or otherwise in connection with any Dispute or these Chapter 11 Cases.

22.    <u>Obligations Following Conclusion of The Disputes</u>:  Within 90 days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy and the conclusion and exhaustion of all appeals as to all Parties, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that: counsel may retain for their records their work product, legal memoranda, correspondence and a copy of court filings, trial, deposition, or hearing transcripts or recordings, deposition exhibits, expert and consultant reports and work product, and exhibits introduced at any hearing or at trial, even if such materials contain Designated Materials; and a Receiving Party may retain Designated Material that is autoarchived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

23.    <u>Continuing Applicability of Protective Order and Confidentiality Agreement</u>:  The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy and the conclusion and exhaustion of all appeals as to all Parties for any retained Discovery Material.   The final termination of the Disputes and the Debtors'

emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

24.     Amendment of Protective Order and Confidentiality Agreement:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

25.     Disclosure of Discovery Material in Other Proceedings:  Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material shall notify the Producing Party within seven (7) days of receipt of such request.  If the Producing Party files a motion to quash the subpoena or otherwise objects to the production of the Designated Material to any person, corporation or entity that is not a Party or not otherwise governed by this Protective Order, then the Party receiving the production request shall not produce the Designated Material until after the Court rules on the motion or objection.

26.     Use of Discovery Material by Producing Party:  Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

27.     Advice of Counsel:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice

and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein except by prior written agreement by the relevant Parties or by further order of the Court.

28.    <u>Prior Agreements</u>:  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the use or confidentiality of Discovery Materials.  The Parties agree that nothing herein shall affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, intercreditor agreements, or prospective orders applicable to any Party or between and among any Parties to this Order that relate to documents or information exchanged prior to execution of this Order.

29.    <u>Binding Nature & Enforcement</u>:  The provisions of this Order shall, absent written permission of the Producing Party or further order of this Court, be binding upon any Party as of their signature, without regard for the date on which the Order is entered by the Court, and shall continue to be binding after the conclusion of these Chapter 11 Cases.  The Parties and any other person who has agreed to be bound by the terms of this Order agree that the Order may be challenged and enforced exclusively in and by this Court and agree to submit to the jurisdiction of this Court with respect to any relief requested for violation of this Order.  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

1.      My name is _____ .

2.      I reside at _____ .

3.      My present employer is _____ .

4.      My present occupation or job description is _____ .

5.      I have been engaged as _____ on behalf of

_____ in the preparation and conduct of *In re Vital Pharmaceuticals, Inc., et al.,* Case No.: 22-17842-PDR.

6.      I acknowledge that I have read and understand the terms of the Protective Order and Confidentiality Agreement ("Order").  I agree to comply with and be bound by all the provisions of the Order.  I agree that I will not use Discovery Material for any purpose other than regarding the Disputes and these Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of Florida for the sole purpose of adjudicating any issue or dispute arising under the Order and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


By: _____

Executed on _____, 20____ .


11937698-1