

ORDERED in the Southern District of Florida on February 17, 2023.



Peter D. Russin, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] / | (Jointly Administered) |

**ORDER RESOLVING DEBTORS' EXPEDITED MOTION FOR PROTECTIVE ORDER CONCERNING RULE 2004 NOTICES DIRECTED TO KATHLEEN COLE**

This matter came before the Court on February 15, 2023, at 1:30 p.m., in Fort Lauderdale, Florida, upon the Debtors' Expedited Motion for Protective Order Concerning Rule 2004 Notices Directed to Kathleen Cole (the "Motion") [ECF No. 773]. The Court, having considered the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Motion, all responses thereto, and the record in this case, and having heard argument from counsel, for the reasons stated on the record, it is:

**ORDERED** that the Motion is resolved as set forth herein:

1.  As agreed to by the parties, the scope of the Rule 2004 discovery directed to Ms. Kathleen Cole pursuant to the Subpoena (the "Revised Scope") shall be limited to:

    - Documents[2] and Communications relating to the Debtors' hiring of You, the terms of Your employment with the Debtors, the duties of Your employment with the Debtors, corporate governance of the Debtors, conduct by the Debtors that You consider to be misconduct by or mismanagement of the Debtors, any complaints or allegations of misconduct by or mismanagement of the Debtors, and the cessation of Your employment with the Debtors, including the reasons for the cessation of Your employment.

    - Documents and Communications with or concerning Jack Owoc relating to the Debtors' hiring of You, the terms of Your employment with the Debtors, the duties of Your employment with the Debtors, corporate governance of the Debtors, conduct by the Debtors that you consider to be misconduct by or mismanagement of the Debtors, any complaints or allegations of misconduct by or mismanagement of the Debtors, and the cessation of Your employment with the Debtors, including the reasons for the cessation of Your employment.

2.  Ms. Cole and her counsel shall review any Documents gathered in response to the Subpoena to determine which Documents are responsive to the Revised Scope (collectively, the "Responsive Documents"). Ms. Cole, through her counsel, shall provide the Responsive Documents to the Debtors on a rolling basis no later than February 17, 2023.

3.  The Debtors shall review the Responsive Documents no later than February 21, 2023.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Amended Notice of Rule 2004 Examination* [Docket No. 787] or the Motion.

4.	Any Responsive Documents, or portions of Responsive Documents, as to which the Debtors do not object to production by Ms. Cole shall be produced to Monster and the Cross-Noticing Parties by no later than February 21, 2023.

5.	If the Debtors assert attorney-client privilege, attorney work product or other privilege or protection over any Responsive Documents or portions thereof, then such Documents shall be withheld from production and/or produced in redacted form and the Debtors shall prepare an appropriate privilege log and make that log available to Monster and the Cross-Noticing Parties by no later than 12:00 p.m. ET on February 23, 2023.

6.	If the Debtors contend that any Responsive Documents, or portions of Responsive Documents, contain or reflect the Debtors' confidential and proprietary business information, and object to their production on such basis, then, no later than February 22, 2023, the Debtors shall file a motion (an "<u>Objection Motion</u>") including the Responsive Documents to which they object, identifying which portions of the Responsive Documents they contend should be withheld from production, and stating the specific bases for their objection.  Any such Objection Motion shall be filed provisionally under seal in accordance with applicable rules and procedures, and a copy of the Objection Motion shall be provided by the Debtors on an attorneys'-eyes only basis to counsel for the U.S. Trustee and the Official Committee of Unsecured Creditors.

7.	The Court will evaluate any Objection Motion filed and determine whether any Responsive Documents that are the subject of an Objection Motion should be withheld in full, produced in full, or produced in redacted form.  Following the Court's ruling on any Objection Motion, Ms. Cole shall promptly finalize her document production in response to the Subpoena in accordance with the Court's ruling.  Following the Court's ruling on an Objection Motion, any Responsive Documents or portions thereof provided to counsel for the U.S. Trustee and the

Official Committee of Unsecured Creditors that are not ordered to be produced, shall be returned to the Debtors.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*