UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING TRUIST BANK'S CONSENT TO EXTENSION OF CERTAIN SALE TRANSACTION DEADLINES**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file the attached letter dated February 22, 2023, from Truist Bank, as Administrative Agent, to the Debtors with respect to Truist Bank's consent to an extension of certain sale transaction deadlines.

Dated: February 22, 2023
Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
        tj.li@lw.com

Respectfully submitted,

*/s/ Michael J. Niles*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
        mniles@bergersingerman.com

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11943004-2

brian.rosen@lw.com
jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:   andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   whit.morley@lw.com

*Co-Counsel for Debtors*

2

11943004-2



**VIA ELECTRONIC MAIL**

February 22, 2023

Vital Pharmaceuticals, Inc.
Attention: Office of General Counsel
1600 N. Park Drive
Weston, FL 33326
Email:  Gregg.metzger@bangenergy.com

Re:     Consent to Extension of Certain Deadlines

Ladies and Gentlemen:

Reference is hereby made to that certain Superpriority Secured Debtor-in-Possession Credit Agreement dated as of October 26, 2022 (as amended by that certain First Amendment to Superpriority Secured Debtor-In-Possession Credit Agreement and Limited Waiver, dated as of January 13, 2023, and as further amended, restated, amended and restated, modified or supplemented in writing from time to time, the "Credit Agreement"), by and among Vital Pharmaceuticals, Inc., a Florida corporation (the "Borrower"), the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and Truist Bank, as administrative agent (in such capacity, the "Administrative Agent"). All capitalized terms used herein and not otherwise defined herein shall have the meanings given to such terms in the Credit Agreement.

The Borrower has requested that the Lenders agree to make certain extensions to the Transaction Milestones contained in Section 5.18 of the Credit Agreement and Section 46 of the Final DIP Order, specifically: (a) extending the Outside Date with respect to the requirements contained in Section 5.18(d) of the Credit Agreement and 46(d) of the Final DIP Order regarding (i) delivery of commitment papers in respect of an Acceptable Financing and (ii) (A) designating a Stalking Horse Bidder and (B) seeking approval of such Stalking Horse Bid and related bid protections, from March 13, 2023, to March 24, 2023; (b) with respect to the requirement contained in Section 5.18(d)(ii)(A) of the Credit Agreement and Section 46(d)(ii)(A) of the Final DIP Order that the order approving the Debtors' proposed bid procedures set an auction date of no later than April 19, 2023, extending such outside date for the auction to May 1, 2023;  (c) extending the deadline by which the Debtors must obtain approval from the Bankruptcy Court to designate a Stalking Horse Bidder contained in Section 5.18(e) of the Credit Agreement and Section 46(e) of the Final DIP Order from March 31, 2023, until April 7, 2023 and (d) extending the deadlines under Section 5.18(f) of the Credit Agreement and Section 46(f) of the Final DIP Order for the Debtors to have held an auction from April 19, 2023 to May 1, 2023; and (e) extending the deadlines under Section 5.18(g) of the Credit Agreement and Section 46(g) of the Final DIP Order for the Debtors to have closed on an Acceptable Financing or consummated a Sale Transaction from May 17, 2023 to May 24, 2023 (the extensions described in (a) through (e) above, collectively, the "Transaction Extensions").

The Borrower has also requested that the Lenders agree to extend the deadline contained in Section 5.1(b) of the Credit Agreement by which the Loan Parties are required to deliver to the Administrative Agent a copy of management discussion and analysis of operating results, profitability and customer retention for the Fiscal Quarter ended December 31, 2022, from February 14, 2023, to February 17, 2023 (the "Reporting Extension" and, together with the Transaction Extensions, the "Requested Extensions").

The Required Lenders have consented to the Requested Extensions and have directed the Administrative Agent to memorialize such consent, subject to the terms and conditions set forth herein.

Now, therefore, for valuable consideration, the mutual receipt of which is hereby acknowledged, the Loan Parties and the Administrative Agent, acting with the consent and at the direction of the Required Lenders, agree as follows:

1. <u>Extensions</u>. The Requested Extensions are hereby granted. Each of the Requested Extensions is a one-time extension and shall not be construed to (a) extend any other deadline set forth in the Credit Agreement or the Final DIP Order, (b) obligate the Administrative Agent or the Lenders to extend, or negotiate to extend, any other deadline set forth in the Credit Agreement or the Final DIP Order, or (c) create a course of dealing between the parties.

2. <u>Acknowledgements of Loan Parties</u>.

(a) The Loan Parties hereby acknowledge and agree, for clarity, that for a "stalking horse" proposal designated by the Loan Parties for approval by the DIP Agent and the Prepetition Agent in satisfaction of the requirements set forth in Section 5.18(d)(ii)(B) of the Credit Agreement and Section 46(d)(ii)(B) of the Final DIP Order to be reasonably acceptable to the DIP Agent and the Prepetition Agent, such proposal shall be (among any other reasonable requirements of the DIP Agent and Prepetition Agent in connection therewith) (x) for an amount of Net Cash Proceeds sufficient to pay in full in cash the DIP Obligations and Prepetition Obligations at the time of closing of the applicable transaction and (y) only in respect of assets that, at the time of such designation, are then owned by the Debtors, such that such proposal is without any material contingencies relating to the transfer of any assets to the Debtors from any third party, including without limitation any non-Debtor Affiliates of the Debtors (the preceding <u>clauses (x)</u> and <u>(y)</u> collectively, the "<u>Stalking Horse Clarifications</u>").

(b) The Loan Parties hereby acknowledge and agree, for clarity, that any "stalking horse" proposal for which the Debtors obtain approval after a hearing with the Bankruptcy Court in satisfaction of the requirement set forth in Section 5.18(e) of the Credit Agreement and Section 46(e) of the Final DIP Order shall meet (among any other reasonably requirements of the DIP Agent and the Prepetition Agent in connection therewith) the Stalking Horse Clarifications and also shall not be subject to any contingencies related to the resolution of that certain Debtors' Adversary Complaint for Declaratory Judgment filed with the Bankruptcy Court by Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, Inc. on February 17, 2023.

3. <u>Reaffirmation and Representations</u>. Each Loan Party hereby: (a) reaffirms the covenants and agreements contained in each Loan Document to which such Person is party, including, in each case, as such covenants and agreements may be modified by this letter agreement and the transactions contemplated hereby; and (b) represents and warrants to the Administrative Agent and the Lenders as follows: (i) each Loan Party has the requisite power and authority and has taken all necessary action to authorize the execution, delivery, and performance of this letter agreement in accordance with its terms; (ii) after giving effect to this letter agreement, the representations and warranties set forth in the Loan Documents are true and correct in all material respects (but without duplication of any existing materiality qualifiers) as of the date hereof, except those that specifically relate to an earlier date, which shall have been true and correct in all material respects (but without duplication of any existing materiality qualifiers) on and as of such earlier date; and (iii) no event has occurred and is continuing which constitutes a Default or an Event of Default.

4. <u>Miscellaneous</u>. The governing law, jurisdiction, consent to service of process, and waiver of jury trial provisions contained in Sections 11.5 and 11.6 of the Credit Agreement are hereby incorporated by reference *mutatis mutandis*. This letter agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall constitute one and the same instrument. Delivery of executed counterparts by telecopy or electronic mail shall be effective as an original. This letter agreement shall constitute a Loan Document for all purposes.

[*Remainder of page intentionally left blank; signature pages follow*.]

Sincerely,

TRUIST BANK,
as Administrative Agent

By: _____
Name: Jade Silver
Title: Senior Vice President

*Acknowledged and agreed:*

BORROWER: VITAL PHARMACEUTICALS, INC.,
a Florida corporation

By: /s/ John DiDonato
Name: John DiDonato
Title: Chief Transformation Officer

GUARANTORS: BANG ENERGY CANADA, INC.,
a Florida corporation
JHO INTELLECTUAL PROPERTY HOLDINGS, LLC,
a Florida limited liability company
JHO REAL ESTATE INVESTMENT, LLC,
a Florida limited liability company
QUASH SELTZER, LLC,
a Florida limited liability company
VITAL PHARMACEUTICALS INTERNATIONAL SALES, INC.,
a Delaware corporation
RAINBOW UNICORN BEV, LLC,
a Florida limited liability company

By: /s/ John DiDonato
Name: John DiDonato
Title: Chief Transformation Officer