

ORDERED in the Southern District of Florida on February 23, 2023.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**AGREED ORDER RESOLVING SANTANDER CONSUMER USA, INC.'S**
**MOTION FOR RELIEF FROM STAY**

**THIS MATTER** came before the Court upon *Santander Consumer USA, Inc.'s Motion for Relief From Stay* (the "Motion") [ECF No. 743] filed by Santander Consumer USA, Inc. d/b/a Chrysler Capital (collectively, "Santander"). The Court, having considered the Motion, the record,

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

and being advised of the agreement of Santander and the Debtor, Vital Pharmaceuticals, Inc. (the "Debtor"), it is hereby

**ORDERED** as follows**:**

1. The Motion is **RESOLVED** as set forth herein.

2. Santander alleges that it owns and/or holds valid and perfected liens encumbering the following vehicles (collectively, the "Vehicles"), which are the subject of the Motion:

- 2018 Jeep Wrangler VIN: 1C4HJXDG8JW190077
- 2018 Jeep Wrangler VIN: 1C4HJXDG9JW134228
- 2018 Jeep Wrangler VIN: 1C4HJXDG6JW190076
- 2018 Jeep Wrangler VIN: 1C4HJXDG4JW190075
- 2018 Jeep Wrangler VIN: 1C4HJXDG7JW134227
- 2018 Jeep Wrangler VIN: 1C4BJWDG4JL896433

3. Accordingly, adequate protection payments (collectively the "Adequate Protection Payments") shall be paid by the Debtor to Santander, as follows, until further Order of the Court:

   a. One payment of $24,416.88 due on or before February 28, 2023 (representing post-petition payments from October 10, 2022 through February 10, 2023.

   b. Then, Debtor shall pay the regular monthly contract payments totaling $4,835.05 in the aggregate for all of the Vehicles[2], pursuant to the terms of the contracts attached as Exhibits to the Motion.

---

[2] The regular monthly contract payment for each of the Vehicles is broken down as follows: (i) as to 2018 Jeep Wrangler VIN: 1C4HJXDG8JW190077, the regular monthly payment is $832.52; (ii) as to 2018 Jeep Wrangler VIN: 1C4HJXDG9JW134228, the regular monthly payment is $800.76; (iii) as to 2018 Jeep Wrangler VIN: 1C4HJXDG6JW190076, the regular monthly payment is $832.52; (iv) as to 2018 Jeep Wrangler VIN: 1C4HJXDG4JW190075, the regular monthly payment if $832.52; and (v) as to 2018 Jeep Wrangler VIN: 1C4HJXDG7JW134227, the regular monthly payment is $814.61; and (vi) as to 2018 Jeep Wrangler VIN: 1C4BJWDG4JL896433, the regular monthly payment is $722.12.

4. The Debtor shall maintain insurance coverage on the Vehicles as required under the contracts attached as Exhibits to the Motion; as required by law; and needed to protect the Vehicles in an amount sufficient to cover the full value thereof.

5. The Debtor shall keep the Vehicles in good and reasonable condition and shall perform regular maintenance on same in accordance with commercially reasonable standards for such vehicles.

6. In the event that the Debtor fails to make the Adequate Protection Payments, or otherwise fails to strictly comply with the terms of this Order, time being strictly of the essence, then Santander shall give the Debtor's attorney notice of the default, by email at jguso@bergersingerman.com and mniles@bergersingerman.com, and if the default is not cured within seven (7) days after the said email notice, Santander shall be entitled to file an affidavit evidencing the default and request an expedited hearing (which may be done in the form of a Verified Motion) (collectively, the "Default Statement"), and the Court shall then schedule an expedited hearing at the Court's earliest convenience to consider lifting the automatic stay. If relief from stay is granted, such Order shall include a provision(s) that the Debtor shall fully cooperate with Santander's recovery of the Vehicles, including, but not limited to, providing complete access to the Vehicles; that the provisions of Bankruptcy Rule 4001(a)(3) are waived, so that the Order will be effective immediately; and that Santander may immediately exercise all its rights and remedies at law or equity and pursuant to the subject contracts attached as Exhibits to the Motion, including, but not limited to, possession, selling and disposing of the Vehicles (and may serve all notices to preserve any deficiency claim, or otherwise).

7. In the event that the Debtor fails to confirm a Plan of Reorganization in the Chapter

11 case, or the case is dismissed or converted to a case under Chapter 7, then all payments shall be applied to the debt in accordance with the terms set forth in the subject contracts attached as Exhibits to the Motion, and at the sole election of Santander, any alterations to the terms and conditions of the subject contracts attached as Exhibits to the Motion as set forth in this Order shall be null and void, and Santander shall be entitled to exercise any and all of its rights and remedies against the Vehicles or the Debtor as set forth above without notice to the Debtor or further order of this Court.

8. All provisions of the subject contracts attached as exhibits to the Motion, shall remain unchanged and in full force and effect and are incorporated herein by reference (except as expressly modified by this Order). Nothing in this Order shall constitute a waiver of any rights of Santander against any guarantor(s), nor cure any default(s) by any guarantor(s).

9. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtor's property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this order once entered. Nothing contained herein will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

10. This Order is without prejudice to the rights of either party to seek other relief in this case or petition the Bankruptcy Court for additional relief in the event of a change in circumstances.

11. The Court retains jurisdiction over any matter or dispute arising from or relating to

the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

5