

**ORDERED in the Southern District of Florida on February 23, 2023.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**ORDER APPROVING DEBTORS' AMENDED APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF (I) DANIEL L. GEYSER AND THE LAW FIRM OF HAYNES AND BOONE, LLP; AND (II) RICHARD D. FAULKNER AND THE LAW FIRM OF FAULKNER ADR LAW, PLLC, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF NOVEMBER 3, 2022**

**THIS MATTER** came before the Court on February 23, 2023 at 2:00 p.m., in Fort

Lauderdale, Florida, upon the *Debtors' Amended Application For Approval of the Employment of (I)*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP; and (II) Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 3, 2022* (the "Application") [ECF No. 805]. The Court, having considered the (i) Application, (ii) Addendum and Original Engagement Letter[2] attached to the Application as Composite Exhibit A; (iii) *Declaration of Daniel L. Geyser, on Behalf of Haynes and Boone, LLP, as Proposed Special Counsel to the Debtors* (the "Geyser Declaration"), attached as Exhibit B to ECF No. 572; (iv) *Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC*, attached as Exhibit B to ECF No. 566 and *Supplemental Declaration of Richard D. Faulkner, on Behalf of Faulkner ADR Law, PLLC* [ECF No. 769] (together the "Faulkner Declaration"); and (v) *Declaration of Philip J. Loree, Jr., as Proposed Special Counsel to the Debtors* (the "Loree Declaration") [ECF No. 771]; finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the Geyser Declaration includes the disclosures mandated by Rule 2014, and, accordingly, the Court is satisfied, based upon such disclosures, that Haynes and Boone, LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code; (d) each of Haynes and Boone, LLP, Faulkner Law and Loree Law Firm, who will associate with Faulkner Law for purposes of the representation (i) do not hold or represent any interest adverse to the Debtors' estates on any matter in which each of Haynes and Boone, LLP, Faulkner Law, and Loree Law Firm, associating with Faulkner Law, are to be engaged; (e) each of Haynes and Boone, LLP, Faulkner Law and Loree Law Firm have disclosed any connections with creditors and parties-in-interest; (f) the employment of Haynes and Boone, LLP and Faulkner Law, and Faulkner Law's association with Loree Law Firm for purposes

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

of this representation, as special counsel to the Debtors is necessary and would be in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest. Accordingly, it is

**ORDERED** as follows:

1. The Application is **APPROVED**.

2. The employment of Haynes and Boone, LLP, as special counsel to the Debtors, to represent VPX and JHO in connection with the OBI Appeal, pursuant to the terms set forth in the Addendum and Original Engagement Letter attached to the Application as Composite Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. §§ 327(a) and 328.

3. The employment of Faulkner Law, as special counsel to the Debtors, to represent VPX and JHO in connection with the OBI Appeal, pursuant to the terms set forth in the Addendum and Original Engagement Letter attached to the Application as Composite Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. §§ 327(e) and 328. Faulkner Law may associate with Loree Law Firm for purposes of the representation.

4. The Debtors are authorized to pay Haynes and Boone, LLP the Flat Fee pursuant to the schedule set forth in paragraph 13 of the Application, which Flat Fee shall cover the entire merits stage of the OBI Appeal (including motions practice, panel briefing, record excerpts, and oral argument), until the case is disposed by a three-judge panel.

5. As set forth in the Application, the Flat Fee will not cover any further stages of appellate review (including at the rehearing stage in the Ninth Circuit or any proceedings in the Supreme Court of the United States), which fee shall be negotiated and confirmed in a separate engagement letter.

6. In addition, the Flat Fee shall also cover the costs and expenses of the merits stage of the OBI Appeal and supplants the retainer requirement set forth in the Original Engagement Letter.

7. The Flat Fee shall be paid to Haynes and Boone, and Haynes and Boone shall handle the described work together with Faulkner Law and the Loree Law Firm, which VPX and JHO have retained through a separate engagement letter. The Flat Fee paid to Haynes and Boone will also compensate Faulkner Law and Loree Law Firm for their work on the merits stage of the OBI Appeal, and an assigned share of the Flat Fee shall constitute their full compensation for their services at this stage of the matter.

8. Faulkner Law shall waive its pre-petition claim against Vital Pharmaceuticals, Inc. and its bankruptcy estate and shall not receive any distribution on account of its claim.

9. Haynes and Boone, LLP and Faulkner Law shall use good faith commercially reasonable efforts to avoid duplication of services with any of the Debtors' other professionals.

10. The Debtors are authorized to diligently and expeditiously prosecute the OBI Appeal.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*