UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

### AMENDED[2] OBJECTION OF MONSTER ENERGY COMPANY TO DEBTORS' MOTION TO QUASH AND FOR PROTECTIVE ORDER AS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RULE 2004 NOTICES

Monster Energy Company ("Monster Energy"), by and through undersigned counsel, hereby files this objection (the "Objection") to the *Debtors' Motion to Quash and for Protective Order as to Official Committee of Unsecured Creditors' Rule 2004 Notices [Docket No. 786] (the "Motion")*.[3] In support of this Objection, Monster Energy respectfully states as follows

### INTRODUCTION

1. Monster Energy is the Debtors' single largest creditor and holds a royalty in all Bang products that are sold that gives it a vested interest in the Debtors' successful reorganization and continued operation as a going concern post-emergence. Therefore Monster Energy is acutely interested in seeing both (a) that the value of the Debtors' business is maximized through a robust

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. Tire last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, EEC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash Seltzer, EEC (6501); (vi) Rainbow Unicom Bev EEC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Amended to correct Case No. on initial pleading (ECF No. 839).

[3] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Objection of the Official Committee of Unsecured Creditors to Debtors' Motion to Quash and for Protective Order as to Official Committee of Unsecured Creditors' Rule 2004 Notices *[Docket No. 815]* (the "Committee's Objection").

68956579;1

sale process, and (b) that all colorable claims against insiders and others sounding in fraudulent transfer, breach of fiduciary duty etc. are thoroughly investigated and, if appropriate, prosecuted to bring funds into the estate to pay unsecured creditors.

2. Monster is also aware that there may be competing concerns presented by ongoing discovery while the sale process is underway, and was prepared to let both sides who are represented by able counsel present their sides of the arguments to the Court for consideration. At least that was the case until Monster received and reviewed the Committee's Objection filed on February 16, 2023. Alarming representations made therein regarding the irregular state of the Debtors' books and records, inaccuracies in the filed Statements of Financial Affairs, and reportedly millions of dollars in "Suspect Transactions," i.e., transfers made to insiders and their affiliates, prompt Monster Energy now to join in the Committee's objection to the Debtors' Motion to Quash.

3. The Committee discloses the following in paragraphs 20 and 21 of its Objection:

- after the Committee pursued discovery informally, "Debtors' counsel is simply unable, despite good faith efforts, to provide a complete and transparent picture of the Debtors' financial health and historical transactions" (par. 19). The Committee attributed this inability not to any shortcomings on the part of the Debtors' professionals but rather "evidently these are the documents and information that Debtors' management provided to them." (par. 20)

- "In fact, the Debtors produced documents that distorted the Debtors' prepetition transactions and reflected inconsistent information that was not reconcilable against the Books and SOFA 4." (par. 21)

- "What the Committee's Professionals were able to distill, however, are over 200 transactions from October 2019 through the Petition Date that resulted in the transfer of tens of millions of dollars out of the estates and appear to have no relation to the Debtors' businesses and day-to-day operations (the "Suspect Transactions"). The documents containing historic transactions suggest that these funds were funneled to a bevy of third parties, such as Jack's family members or entities controlled by his family members, and then subsequently accounted for in the Books as 'distributions' at some later date, presumably in order to escape the scrutiny they would provoke if accurately described." (Par. 21, fn. Omitted).

4. Given these revelations, Monster Energy believes the benefits of immediate pursuit of Rule 2004 examination into these facts and circumstances outweighs any possibility impact on or interference with the sale process, which in any event can be mitigated through cooperative efforts of the Debtors and the Committee.

## CONCLUSION

5. For the foregoing reasons and those set forth in the Committee's Objection, Monster Energy respectfully requests that the Court deny the Debtors' Motion to Quash.

Dated: February 27, 2022               **AKERMAN LLP**

*/s/ Michael I. Goldberg, Esquire*
Michael I. Goldberg
Florida Bar No. 886602
Eyal Berger
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: (954) 463-2700
F: (954) 463-2224
michael.goldberg@akerman.com
eyal.berger@akerman.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
Richard M. Pachulski (*pro hac vice*)
Ira D. Kharasch (*pro hac vice*)
Robert J. Feinstein (*pro hac vice*)
Teddy M. Kapur (*pro hac vice*)
Steven W. Golden (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910
F: (310) 201-0760

rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing was served via CM/ECF Notice of Electronic Filings to all parties registered to receive electronic noticing in this case on February 27, 2023.

By: *s/ Michael I. Goldberg, Esquire*