UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |

_____/

## REPLY IN SUPPORT OF DEBTORS' MOTION TO QUASH AND FOR PROTECTIVE ORDER AS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RULE 2004 NOTICES

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through undersigned counsel, hereby file this reply ("Reply") in support of *Debtors' Motion to Quash and for Protective Order as to Official Committee of Unsecured Creditors' Rule 2004 Notices* [ECF No. 786] (the "Motion").

1.  In the Committee's Objection,[2] the Committee asserts that (1) the Debtors do not have standing to quash the 2004 Notices (Committee Obj. ¶¶ 31-37), (2) "the Committee must have this information now" "during the Sale Process," (Committee Obj. ¶ 45), and (3) the 2004 Notices are necessary to investigating what the Committee claims are

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] *Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion to Quash and for Protective Order as to Official Committee of Unsecured Creditors' Rule 2004 Notices* [ECF No. 815] (the "Committee Objection"). Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion or the Committee's Objection.

"Suspect Transactions" (Committee Obj. ¶¶ 46-47). The Committee's Objection is misguided. For the reasons addressed more fully in the Motion and below, the 2004 Notices should be quashed.

2. First, there can be no credible dispute that the Debtors have standing to seek to quash the 2004 Notices. "An interested party may file … a motion for protective order." Bankr. S.D. Fla. Local Rule 2004-1(C). The Debtors are an interested party for purposes of Rule 2004 discovery. *See In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995). Further, a party may challenge a subpoena served on a third party if it "alleges 'a personal right or privileged with respect to the materials subpoenaed.'" *Armor Screen Corp. v. Storm Catcher*, Inc., No. 07-81091-CIV, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008). The Debtors allege such a personal right or privilege with respect to the materials subpoenaed (*see* Mot. at ¶ 23). Even the Committee concedes that the "Debtors may assert privilege over certain documents produced by the Third Parties." Committee Obj. ¶ 58; *see also id.* ¶ 34, 52.

3. Second, contrary to the Committee's assertion, the 2004 examinations are not necessary now. The Committee fails to explain why such broad, burdensome, and costly third-party discovery is necessary at this juncture, and merely asserts it "must have this information now." Committee Obj. ¶ 45. Simply put, there is no compelling reason why this discovery cannot be put off at least until after the sale process, particularly given that (1) under the proposed Asset Purchase Agreement, avoidance claims are not being sold, and (2) the Committee has sufficient information based on what has already been provided by the Debtors to identify the nature and size of any potential claims.

4. Third, the Committee's Objection is filled with unsupported allegations, including that the Debtors' SOFA 4 is "materially wrong" and contains "inaccuracies." Committee Obj. ¶ 24. In truth, the transactions flagged by the Committee as "suspect" are payments that are

appropriately classified in the Debtors' books and records (as made available to the Committee) as distributions, which were either made directly to insiders or to third parties for the benefit of insiders. By their very nature, these distributions are not business expenses and the Debtors are not claiming them to be. The Debtors have conveyed this information numerous times to the Committee, yet the Committee mischaracterizes these transactions as suspicious.

5. The Committee's statements with regard to the Debtors' SOFA 4 are factually unsubstantiated, and, in any event, do not support the broad discovery sought pursuant to the 2004 Notices. The Committee asserts the Debtors' SOFA 4 (i) does not accurately list recipients' names and addresses or the amounts of each transaction, (ii) includes transactions listed as "supplier" payments also appear as distributions in other documents, and (iii) lists transactions related to residential and commercial property in the Debtors' books. Committee Obj. ¶¶ 23-24. These are not inaccuracies. Indeed, (i) the Debtors' SOFA 4 lists the recipient of the value transferred, as required, as well as the ultimate recipient of each transfer, (ii) as a matter of record keeping (and has been explained to the Committee on multiple occasions), third parties to whom distributions were paid for the benefit of insiders were listed as a "supplier" in the general ledger in order for the payment to be processed, and (iii) the transactions related to real property are payments made to third parties for the benefit of insiders. Again, such payments are appropriately classified as distributions, and the Debtors have not contended that such payments are business expenses. These are not discrepancies.

6. In any event, the Committee's focus on certain distributions does not provide reason for the Committee to pursue third-party discovery now. As explained in the Motion, the Debtors are currently running a robust sale process while continuing to operate their business. The Debtors have finite resources, are working on a limited budget, and need to devote all available resources

to what should be the common goal of all stakeholders: maximizing value through the sale process. The Committee's myopic focus on what it perceives to be (based on faulty assumptions) suspicious transactions is counterproductive to these Chapter 11 Cases. The Committee purports that it needs the discovery now to assess the viability of claims that could inure to the benefit of the unsecured creditors. Committee Obj. ¶ 45. But the Committee has been provided with the information as to the size and date of each transaction, and any additional discovery that may be appropriate can be deferred for a few months to allow the sale process to proceed unhindered.

7. Simply put, there is no justification for pursuing this Rule 2004 discovery now, particularly given the hardship that such discovery would impose on the Debtors and the associated costs that are not within the DIP budget. The Debtors thus request that the Court grant the Motion and quash the 2004 Notices without prejudice to the Committee pursuing third party discovery after the sale process is complete.

Dated: February 28, 2023
      Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
      tj.li@lw.com
      brian.rosen@lw.com
      jon.weichselbaum@lw.com

– and –

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
      mniles@bergersingerman.com

4

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:   (202) 637-2200
Email:   andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   whit.morley@lw.com

*Co-Counsel for the Debtors*