UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' *EX PARTE* MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO REDACT CONFIDENTIAL INFORMATION FROM THEIR ASSUMPTION NOTICE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, pursuant to section 107 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), file this motion (this "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to redact certain information from the Debtors' Assumption Notice,[2] including the names, addresses and amounts paid to Influencers (as defined herein); and (ii) granting related relief. In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for an Order (I) Approving (A) Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* [ECF No. 707] (the "Bidding Procedures Motion").

11970320-1

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 1, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") [ECF No. 245]. On November 23, 2022, the U.S. Trustee reconstituted the Committee [ECF No. 400]. No request has been made to the Court to order the appointment of a trustee or examiner.

7. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] (the "First Day Declaration"), which is incorporated herein by reference.

## PRELIMINARY STATEMENT

8. In addition to the numerous vendors that are critical to the Debtors' day-to-day operations, there are certain vendors that are vital to the Debtors' promotional, endorsements, advertising, and marketing efforts (the "Influencers"). The Debtors maintain relationships with

approximately 775 Influencers, having spent years, significant costs, effort and other internal resources developing their network of these Influencers. This network of Influencers is industry-leading and has helped create a brand image for the Debtors that is known globally.

9. The Influencers provide the Debtors with their competitive advantage in the areas of promotion, endorsement, advertising, and marketing. Their services for the Debtors are critical to the Debtors' ability to differentiate their products from those of their competitors.

10. As consideration for their services, Influencers receive monetary payments depending on the social media platform(s) at issue, number of followers that each Influencer possesses, and frequency of that vendor's posting. Influencers also receive hourly payments for special events, in-kind payments consisting of the Debtors' products, and/or commission payments for sales of the Debtors' products generated online. The business relationship between the Debtors and their Influencers, including total compensation and outstanding payments, is proprietary commercial information which should not be obtained by the public or competing businesses. The disclosure of this proprietary information would be detrimental to the Debtors and their estates.

11. In order to protect both the privacy and proprietary interest of this commercial information, the Debtors seek authorization from the Court to redact certain Influencer information from the Assumption Notice as follows:

  a. Exhibit 1 to Assumption Notice Influencer Contracts – Redact to eliminate (i) Name and Address of Influencers and (ii) Cure Amount.[3]

### BASIS FOR REQUESTED RELIEF

12. The Bankruptcy Code and Bankruptcy Rules authorize the Court to limit the

---

[3] On November 10, 2022, the Court entered the *Agreed Order Granting Debtors' Agreed Motion for Order Authorizing Debtors to Redact Confidential Information from their Schedules and Statement of Financial Affairs* [ECF No. 310], which granted the Debtors similar relief as the relief sought by this Motion.

disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

13. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a)

14. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Section 107(b), providing that:

> "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

15. The Debtors submit that the relief sought in this Motion will benefit the estates, their creditors, and potential bidders by protecting the disclosure of confidential information that provides the Debtors a competitive advantage.

16. The Debtors have or will provide unredacted versions of the Assumption Notice to the U.S. Trustee and the professionals retained by the Committee on a "For Professional Eyes Only" basis. In addition, the Debtors will provide unredacted versions of the Assumption Notice to the Influencers to ensure such parties receive notice of the potential assumption and assignment of their contracts.

The Debtors conferred with the U.S. Trustee and counsel for the Committee who do not object to the relief requested herein.

**WHEREFORE,** the Debtors respectfully request entry of the Proposed Order in the form

4

11970320-1

attached hereto as **Exhibit A**, (i) authorizing the Debtors to file a redacted Assumption Notice as proposed herein, and (ii) granting the Debtors such other related relief as the Court may deem necessary.

| | |
|---|---|
| Dated:   March 2, 2023<br>           Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |

| | |
|---|---|
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 906-1200<br>Email:  george.davis@lw.com<br>            tj.li@lw.com<br>            brian.rosen@lw.com<br>            jon.weichselbaum@lw.com | Jordi Guso<br>Michael J. Niles<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone:  (305) 755-9500<br>Email:  jguso@bergersingerman.com<br>            mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Counsel for the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Proposed Order**

11970320-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.[1]

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**ORDER GRANTING DEBTORS'** ***EX PARTE*** **MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO REDACT CONFIDENTIAL INFORMATION FROM THEIR ASSUMPTION NOTICE AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** came before the Court upon the *Debtors' Ex Parte Motion for Entry of an Order (I) Authorizing Debtors to Redact Confidential Information from Their Assumption Notice and (II) Granting Related Relief* [ECF No. ____] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). The Motion seeks entry of an order

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

11970320-1

(this "Order") (i) authorizing the Debtors to redact certain information from the Debtors' Assumption Notice, including the names, addresses and amounts paid to Influencers and (ii) granting related relief, all as more fully set forth in the Motion. The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration, the Bidding Procedures Motion, and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

    **ORDERED** as follows:

    1.    The Motion is **GRANTED** as set forth herein.

    2.    The Debtors are authorized to redact from their Assumption Notice the Influencer information specified in the Motion.

    3.    The Debtors shall provide copies of the unredacted Assumption Notice to the U.S. Trustee and counsel for the Committee on a "For Professional Eyes Only" basis.

    4.    This relief is without prejudice to the right of any creditor to request a copy of the unredacted Assumption Notice, or any objection of the Debtors to any such request. Any dispute pertaining to or arising from any such request shall be adjudicated by the Court following notice

and a hearing. Until adjudicated by the Court, the Debtors shall have no obligation to provide the unredacted Assumption Notice to any other creditor or party in interest.

5. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*