UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re

VITAL PHARMACEUTICALS, INC., et al.,[1]

    Debtors.

_____/

Case No. 22-17842-PDR

Chapter 11

(Jointly Administered)

## LIMITED OBJECTION TO DEBTORS' THIRD OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS

Fiesta Warehousing and Distribution, Co. ("Fiesta") hereby asserts a limited objection to the *Debtor's Third Omnibus Motion for Entry of an Order Authorizing the Rejection of Executory Contracts* (the "Rejection Motion ") [ECF No. 824]. In support of this objection, Fiesta states as follows:

### RELEVANT BACKGROUND

1.    On October 10, 2022 (the "Petition Date"), each of the Debtors files a voluntary petition for relief under the title 11 of the United States Code (the "Bankruptcy Code").

2.    Fiesta and debtor Vital Pharmaceuticals, Inc. d/b/a Bang Energy ("VPX") entered into a *Warehousing Agreement* which became effective as of November 1, 2021 and expires on April 30, 2023 (the "Fiesta Contract"). Pursuant to the Fiesta Contract, Fiesta provides VPX with approximately 66,468 square feet of dedicated warehouse space at a facility located at 5020 Stout Drive, San Antonio, Texas 78219 (the "Warehouse"), as well as certain services relating to the delivery, handling and storage of goods delivered to and from the Warehouse.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (65010); (vi) Rainbow Unicorn Bev., LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

3. As of March 1, 2023, VPX owes Fiesta $424,081.67 for storage, handling and related charges as provided under the Fiesta Contract. Pursuant to the Fiesta Contract and applicable law, Fiesta maintains a first priority, perfected warehouseman's lien against VPX's stored goods as collateral security for the charges due and owing under the Fiesta Contract.

4. On February 17, 2023, the Debtors filed the Rejection Motion. The Rejection Motion seeks the entry of an order rendering the rejection effective as of the filing of the Rejection Motion (as opposed to the entry of an order granting the Rejection Motion).

5. Simultaneous with the Rejection Motion, the Debtors filed their *Debtors' Notice of Abandonment of Remaining Inventory* (the "Abandonment Notice") [ECF No. 825]. By the Abandonment Notice, the Debtors propose abandoning the following:

> …the Debtors' remaining packaging and finished goods inventory and property (collectively, the "Remaining Inventory") located at 5020 Stout Drive, San Antonio, TX 78219....

Pursuant to Rule 6007 of the Federal of the Bankruptcy Procedure, the Debtors' abandonment of the Remaining Inventory shall become effective on March 3, 2023, assuming no objections are timely filed (the "Abandonment Effective Date").

6. The Remaining Inventory is located at the Warehouse.

**LIMITED OBJECTION**

7. The Rejection Motion should not become effective any earlier than the date upon which the Court enters an order granting the Rejection Motion.

8. Pursuant to Section 365(a) of the Bankruptcy Code, the Debtors may assume or reject any executory contract, subject to this Court's approval. A rejection under Section 365(a) becomes legally effective only after judicial approval has been obtained. *In re Thinking Machines*

*Corporation* 67 F.3d 1021,1028 (1995).[2] *See, e.g., In re Paul Harris Stores, Inc.,* 148 B.R. 307, 309 (S.D.Ind. 1992); *In re Federated Dept. Stores, Inc.,* 131B.R. 808, 815-816 (S.D.Ohio 1991); *See, e.g., In re Swiss Hot Dog Co.,* 72 B.R. 569,571 (D.Colo.1987); *In re 1 Potato 2, Inc.,* 182 B.R. 540, 542 (Bankr.D.Minn.1995); *In re Revco Dept. Stores, Inc.,* 109 B.R. 264, 267 (Bankr.N.D.Ohio 1989).

## CONCLUSION

If the Court grants the Rejection Motion, such rejection should be effective as of the date of any order approving the rejection.

**WHEREFORE,** Fiesta requests that any order granting the Rejection Motion (i) be effective as of the entry any of an order approving the rejection; and (ii) provide for such other relief as this Court deem just and proper.

**I HEREBY CERTIFY** that a true copy hereof has been served, by electronic mail upon all parties and counsel identified on the CM/ECF service list maintained by the Court.

Dated: March 2, 2023

                **GRAYROBINSON, P.A.**

                By: */s/ Steven J. Solomon*
                Steven J. Solomon
                Florida Bar No.: 931969
                333 S.E. 2nd Avenue, Suite 3200
                Miami, FL 33131
                steven.solomon@gray-robinson.com
                Telephone:   (305) 913-0367
                Facsimile:    (305) 416-6887
                *Counsel for Fiesta Warehousing*
                *& Distribution, Co.*

---

[2] After conducting an extensive analysis of the statute, this is the only Court of Appeals to decide the question: *Is a rejection effective as of the date of the motion or the date of the order?*