UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                  Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]              Case No.: 22-17842-PDR

    Debtors.                                                               (Jointly Administered)
_____/

**DEBTORS' FOURTH MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE REJECTION OF EXECUTORY CONTRACT
WITH INTRASTATE DISTRIBUTING**

    Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion"), seeking an order in substantially the form attached hereto as **Exhibit "A"** authorizing the Debtors to reject that certain *Distributor Agreement* dated May 23, 2007, between Vital Pharmaceuticals, Inc. ("VPX") and Intrastate Distributing ("Intrastate"), including any amendments, modifications thereto (collectively, the "Intrastate Agreement") with rejection of the Intrastate Agreement to be effective as of the date of this Motion. In support of the Motion, the Debtors respectfully represent as follows:

                                            **I.    Jurisdiction**

    1.    This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11971094-2

pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

## II. Background

2. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration")

5. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

6. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

## III. Relief Requested and Basis Therefor

7. On May 23, 2007, VPX entered into the Intrastate Agreement with Intrastate. Pursuant to the Intrastate Agreement, Intrastate provided exclusive wholesale distribution services to resellers of VPX's beverage products within the state of Michigan, counties of Monroe, Wayne, Washtenaw, Oakland, and Macomb (collectively, the "Territory"). The distribution services provided by Intrastate are no longer necessary to the Debtors' operations, as there are other wholesale distribution service providers in same Territory that VPX may use.

8. The Debtors have determined that the wholesale distribution services provided by Intrastate are no longer necessary to the Debtors' operations, and that rejecting the Intrastate

Agreement is in the best interest of their estates.

9. Accordingly, the Debtors seek to reject the Intrastate Agreement.

10. Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit this estate. *See Id*.

11. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired

11971094-2

lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

12. The Debtors, with the assistance of their advisors, have determined that there is no net benefit that is likely to be realized from the Intrastate Agreement. Absent rejection, the Debtors believe that the Intrastate Agreement will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of the Debtors' business. Rejecting the Intrastate Agreement will help ease the Debtors' cash burn and increase the Debtors' liquidity.

13. For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Intrastate Agreement. Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the Intrastate Agreement pursuant to section 365(a) of the Bankruptcy Code effective as of the date of this Motion.

## Request For Waiver of Stay

14. To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, for the reasons set forth herein, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

15. To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

11971094-2

**Debtors' Reservation of Rights**

16. The Debtors may have claims against Intrastate arising under, or independently of, the Intrastate Agreement. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Intrastate Agreement.

17. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.

**WHEREFORE,** the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit A** (i) approving the rejection of the Intrastate Agreement effective as of the date of this Motion; and (ii) granting such other relief as is just and proper.

| | |
|---|---|
| Dated: March 3, 2023<br>Miami, Florida | Respectfully submitted, |
| | /s/ Michael J. Niles |
| George A. Davis (admitted *pro hac vice*) | Jordi Guso |
| Tianjiao ("TJ") Li (admitted *pro hac vice*) | Florida Bar No. 863580 |
| Brian S. Rosen (admitted *pro hac vice*) | Michael J. Niles |
| Jonathan J. Weichselbaum (admitted *pro hac vice*) | Florida Bar No. 107203 |
| **LATHAM & WATKINS LLP** | **BERGER SINGERMAN LLP** |
| 1271 Avenue of the Americas | 1450 Brickell Avenue, Suite 1900 |
| New York, NY 10020 | Miami, FL 33131 |
| Telephone: (212) 906-1200 | Telephone: (305) 755-9500 |
| Email: george.davis@lw.com | Email: jguso@bergersingerman.com |
|     tj.li@lw.com |     mniles@bergersingerman.com |
|     brian.rosen@lw.com | |
|     jon.weichselbaum@lw.com | |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

11971094-2

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

6

11971094-2

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                          Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]            Case No.: 22-17842-PDR

    Debtors.                                                 (Jointly Administered)
_____/

**ORDER GRANTING DEBTORS' FOURTH MOTION FOR ENTRY OF
AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY
CONTRACT WITH INTRASTATE DISTRIBUTING**

**THIS MATTER** came before the Court on _____, 2023 at _____, in Fort Lauderdale, Florida, upon the *Debtors' Fourth Motion for Entry of an Order Authorizing the Rejection of Executory Contract With Intrastate Distributing* (the "Motion") [ECF No. _____] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). The Motion seeks authority to reject the Intrastate Agreement[2] with Intrastate Distributing. The

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

11973530-1

Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors.  Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, based on the entire record of the hearing on the Motion, it is

**ORDERED** that:

1. The Motion is **GRANTED** as provided herein.

2. The Debtors' rejection of the Intrastate Agreement is **APPROVED**, effective as of March 3, 2023, pursuant to 11 U.S.C. § 365(a).

3. **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE CONTRACT; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE CONTRACT.**

4. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

11973530-1                                                          2