**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | |

### NOTICE OF RULE 2004 EXAMINATION

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases of the above-referenced debtors (the "Debtors" or "Company"), requests that Torrens Law Firm, P.L.L.C. produce the documents, electronically stored information, or objects described on the attached subpoena, who must permit inspection, copying, testing, or sampling of the materials **on or before March 21, 2023** at **5:00 p.m. EST,** at the offices of **Sequor Law, P.A., Attn: Leyza F. Blanco, Esq., 1111 Brickell Avenue, Suite 1250, Miami, Florida 33131**.

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the Debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Dated: March 4, 2023

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
-and-
Nicole Fulfree, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**

By: */s/ Leyza F. Blanco*
Leyza F. Blanco
Florida Bar No.: 104639
Fernando J. Menendez
Florida Bar No.: 0018167
Juan J. Mendoza
Florida Bar No.: 113587
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
Email: fmenendez@sequorlaw.com
Email: jmendoza@sequorlaw.com

*Counsel to the Official Committee of
Unsecured Creditors*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 4th day of March, 2023, by electronic transmission through the Court's CM/ECF system upon all parties registered to receive electronic noticing in this case and via U.S. first-class mail, postage fully pre-paid, to Torrens Law Firm, P.L.L.C., 8045 Northwest 155th Street, Miami Lakes, Florida 33016.

*/s/ Leyza F. Blanco*
Leyza F. Blanco

# UNITED STATES BANKRUPTCY COURT

## Southern District of Florida

In re VITAL PHARMACEUTICALS, INC., *et al.*,
Debtors.

Case No. 22-17842 (PDR)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Torrens Law Firm, P.L.L.C.
8045 Northwest 155th Street
Miami Lakes, FL 33016

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: | DATE AND TIME: |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: *if not produced electronically* Sequor Law, P.A., Attn: Leyza F. Blanco, Esq., 1111 Brickell Avenue, Suite 1250, Miami, Florida 33131 | DATE AND TIME: March 21, 2023, at 5:00 p.m. EST |
|---|---|

*All Documents on Exhibit A to the Subpoena*

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 4, 2023

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Leyza F. Blanco*_____
*Attorney's signature*

LF-84 (rev. 12/01/21)

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors who issues or requests this subpoena, are: Leyza F. Blanco, Esq., 1111 Brickell Avenue, Suite 1250, Miami, FL 33131, lblanco@sequorlaw.com, (305) 372-8282.

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      "Bank Statements" include any Documents evidencing transactions with traditional banking institutions and/or decentralized finance platforms, including, but not limited to, Venmo, Zelle, PayPal, Coinbase Wallet, or any other digital payment or cryptocurrency wallet applications.

2.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the Bankruptcy Court for the Southern District of Florida, jointly administered under lead Case No. 22-17842.

3.      "Communication(s)" means any writing or any oral conversation of any kind or character, including, by way of example and without limitation, e-mails, instant messages, text messages, voicemail or messages, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex Communications or transmittals of Documents, and all Documents Concerning such writing or such oral conversation.

4.      "Concerning" means consisting of, reflecting, referring to, Relating to, regarding, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests.  A request for Documents "Concerning" a specified subject matter shall always include Communications, notes, and memoranda (whenever prepared) Relating to the subject matter of the Request.

5.       "Debtors" means, collectively or individually, Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc., and each of their predecessors or successors, assignees, prior or current parents, partners, subsidiaries, direct or indirect affiliates or controlled companies, prior or current Officers, Directors, employees, members, representatives, agents, advisors, accountants and/or attorneys, and includes but is not limited to John H. ("Jack") Owoc.

6.      "Directors" means each present and former director of the Debtors.

7.     "Document(s)" means, without limitation, the original and all copies, prior drafts, and translations of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all Electronically Stored Information, correspondence, records, tables, charts, analyses, graphs, schedules, reports, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other Communications (including, but not limited to, inter- and intra-office Communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, voicemail recordings or messages, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained. The term "Document(s)" is intended to be at least as broad in meaning and scope as the usage of this term in or pursuant to the Federal Rules of Civil Procedure.

8.     "Electronically Stored Information" shall include, without limitation, the following: information that is generated, received, processed, recorded, or accessed by computers and other electronic devices, including but not limited to:

  i.   E-mail;
  ii.  Internal or external websites;
  iii. Output resulting from the use of any software program; and
  iv.  All information stored on cache memories, magnetic disks (such as computer hard drives or floppy drives), optical disks (such as DVDs or CDs), magnetic tapes, microfiche, or on any other media for digital data storage or transmittal (*e.g.*, a smartphone such as an iPhone®, a tablet such as an iPad®, or a personal digital assistant such as a Blackberry®).

9.     "Officers" means each present and former officer of the Debtors.

10.    "JHO LLC" means collectively or individually, Elite Island LLC, and each of their predecessors or successors, assignees, prior or current parents, partners, subsidiaries, direct or indirect affiliates or controlled

companies, prior or current Officers, Directors, employees, members, representatives, agents, advisors, accountants and/or attorneys.

11.    "Participated in" means had any Communications Relating to, prepared, sent, or received any Documents Relating to, or had any role in whatsoever.

12.    "Person(s)" means any natural person or any business, legal, or governmental entity or association.

13.    "Relating to" or "Related to" means consisting of, reflecting, referring to, regarding, Concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests.  A request for Documents "Relating to" a specified subject matter shall always include notes and memoranda (whenever prepared) Relating to the subject matter of the Request.

14.    "Time Period" means the period January 1, 2017 through and including the present.

15.    "You" or "Your" shall mean Torrens Law Firm, P.L.L.C.

## RULES OF CONSTRUCTION

1.    The following rules of construction apply to these Requests:

    i.   the terms "all" and "each" shall be construed as encompassing the ordinary definitions of both "all" and "each," conjunctively;

    ii.  the connectives, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope; and

    iii. the use of the singular form of any word shall be construed to include the plural and vice versa.

2.    All words, terms, and phrases not defined herein are to be given their normal and customary meaning in the context in which they are used.

## **INSTRUCTIONS**

1.     Unless otherwise indicated, the Time Period applicable to these Requests is January 1, 2017 through the present, and includes any Documents created on an earlier date, but in use, modified, accessed, opened, uploaded, or downloaded during the relevant Time Period.

2.     The obligation to produce Documents responsive to these Document Requests shall be continuing in nature, and a producing party is required to promptly produce any Document requested herein that it locates or obtains after responding to these Document Requests, up to the date on which these Chapter 11 Cases are closed by an order of the Court.

3.     Where an objection is made to any Document Request, the objection shall state with specificity all grounds for objection.

4.     Where a claim of privilege is asserted in objecting to the production of any Document and a Document called for by these Document Requests is withheld on the basis of such assertion, the objecting party shall identify the extent and nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state privilege rule being invoked.  In addition, the objecting party shall provide the following information with respect to any Document so withheld:  (i) the type of Document, *e.g.*, letter or memorandum; (ii) the general subject matter of the Document; (iii) the date of the Document; and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

5.     In the event that a requested Document has been lost, destroyed, discarded, and/or otherwise disposed of; the parties will identify the Document by identifying: (i) its author or preparer; (ii) all Persons to whom the Document was distributed or shown; (iii) date of creation and/or modification; (iv) subject matter; (v) attachments or appendices; (vi) date of, manner of, and reason for destruction or other disposition; (vii) Person authorizing destruction or other disposition; (viii) the Document Request or Requests to which the Document is responsive.

6.      Produce all responsive Documents as they are kept in the usual course of business or organize and label them to correspond with the Document Request to which they are responsive.

7.      Pursuant to the Protective Order and Confidentiality Agreement entered on February 17, 2023, in *In re Vital Pharmaceuticals, inc., et al.*, Case No. 22-17842 (PDR), ¶ 6, Docket No. 823 (the "Protective Order"), a copy of which is enclosed herewith, You may designate documents or testimony in accordance with the provisions of the Protective Order.

## DOCUMENT REQUESTS

1.      All Documents, including any Communications and/or Bank Statements, Relating to any direct transfer of funds to You by the Debtors, the Debtors' subsidiaries, or affiliated entities.

2.      All Documents, including any Communications, in Your possession Relating to real and/or personal property for which the Debtors participated in or funded, the acquisition transaction.

3.      All Documents, including any Communications, in Your possession Relating to real and/or personal property for which Jack Owoc participated in or funded the acquisition transaction.

4.      All Documents, including any Communications, in Your possession Relating to real and/or personal property for which Jonathan W. Owoc participated in or funded the acquisition transaction.

5.      All Documents, including any Communications, in Your possession Relating to real and/or personal property for which Megan Owoc participated in or funded the acquisition transaction.

6.      All engagement letters or retention agreements between You and any of the Debtors.

7.      All engagement letters or retention agreements between You and Jack Owoc.

8.      All engagement letters or retention agreements between You and Jonathan Owoc.

9.      All engagement letters or retention agreements between You and Megan Owoc.

10.     All engagement letters or retention agreements between You and a JHO LLC.

11.     All engagement letters or retention agreements relating to any of the following properties:

a.     ███████████████████████████████████



**ORDERED in the Southern District of Florida on February 17, 2023.**



Peter D. Russin, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,                    Case No.: 22-17842-PDR

Debtors.[1]                                               (Jointly Administered)

_____/

## PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

THIS MATTER came before the Court for hearing on February 15, 2023 at 1:30 p.m., in

Fort Lauderdale, Florida, upon the *Debtors' Expedited Motion for Entry of Protective Order and*

*Confidentiality Agreement* [ECF No. 775].   This Protective Order and Confidentiality Agreement

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

("Order") is entered into by and among: (a) the debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "Debtors"); (b) certain of the Debtors' creditors and other parties that are signatories to this Order; and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto.  Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "Party" and, collectively, as the "Parties."[2]  The Parties, by and through their respective attorneys of record, and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, with respect to any existing or future examination or contested matter, pursuant to Bankruptcy Rules 2004, 7026, and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

## RECITALS

WHEREAS, there are, or may be, judicial or other proceedings, including, but not limited to, formal or informal investigations, contested matters, and other disputes (each a "Dispute" and, collectively, the "Disputes") arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Chapter 11 Cases");

WHEREAS, certain Parties have sought or may seek certain Discovery Material (as defined below) (a "Requesting Party") from another Party (a "Producing Party") with respect to one or more Disputes, including through informal or formal requests (collectively, "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and

---

[2] The designation of a "Party" or "Parties" is for purposes of reference in this Order only.

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below) and to protect Discovery Material that a Party seeks to maintain as confidential, it is hereby ORDERED that the following terms will govern any requests for and production of Discovery Material (as defined below):[3]

### Scope of Order

1.        This Order applies to these Chapter 11 Cases and to all documents, disclosures, written discovery responses, deposition testimony and transcripts, deposition exhibits, any other discovery conducted during the course of these Chapter 11 Cases, and any copies, excerpts, notes, abstracts or summaries thereof (collectively, "Discovery Material") produced or otherwise disclosed, whether formally or informally, by a Party to any other Party in connection with any Dispute, including but not limited to the investigation of any actual or potential estate or other claim, contested motions, or adversary proceedings arising out of or relating to the Chapter 11 Cases (including by the Official Committee of Unsecured Creditors, an estate representative, successor to one or more of the estates, including, but not limited to, a liquidating trustee, liquidation trustee, plan administrator, or other similarly situated fiduciary).  Any Party who receives from another Party any Discovery Material that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such material to anyone else except as expressly permitted hereunder or as provided by such order as may be issued by the Court during the course of these Chapter 11 Cases.

2.        Discovery Material produced formally or informally as part of these Chapter 11 Cases may be used only in connection with these Chapter 11 Cases, including but not limited to

---

[3]        Parties shall abide by the terms of this Order pending its approval by the Court.  If the Court does not enter the Order for any reason, the Parties shall continue to abide by its terms with respect to any Discovery Material (as defined herein) produced prior to the Court's decision not to enter the Order unless the Court otherwise determines.

in connection with contested matters, adversary proceedings, claim objections, and/or avoidance actions filed in connection with the Chapter 11 Cases, whether prior to or after confirmation of a plan, including, but not limited to, by an estate representative, successor to one or more of the estates, including, but not limited to, a liquidating trustee, liquidation trustee, plan administrator, or other similarly situated fiduciary.  Discovery Material shall not be used for any other purpose, including without limitation any lawsuit, litigation, investigation, audit, action, claim, dispute or other proceeding outside of these Chapter 11 Cases, whether pending, threatened, or not yet asserted or threatened.

3.      All deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

4.      This Order does not affect, amend, or modify any existing confidentiality agreements, intercreditor agreements, or protective orders applicable to any Producing Party and/or Party receiving Discovery Material (a "Receiving Party"), and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

5.      For the avoidance of doubt, nothing in this Order—including the fact that a Party is a signatory to this Order—entitles or is intended to entitle any Party or Non-Party (as defined below) to the production of any Discovery Material, for any purpose, including in connection with any Dispute.  Nothing contained herein shall be deemed a waiver or relinquishment by any Party or Non-Party of any objection, including but not limited to any objection concerning the confidentiality or proprietary nature of any documents or materials requested by a Party or Non-Party, any right to object to discovery requests, any right to object to the admissibility of evidence on any ground, any right to seek a further protective order, or any right to seek further relief from the Court.

4

6.      This Order applies to individuals and/or entities who are not parties to the Chapter 11 Cases (each, a "Non-Party") upon signing Exhibit A hereto and agreeing to be bound by the terms of this Order.  Any Party or its counsel serving a subpoena (or previously having served a subpoena) upon a Non-Party or otherwise requesting that a Non-Party produce documents or sit for deposition or examination, shall serve a copy of this Order along with such subpoena, or in the case of subpoenas served prior to entry of this Order, as soon thereafter as practicable, and instruct the Non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in accordance with the provisions of this Order..

7.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

(a)      Confidential Material:   A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or federal law or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party

or non-Party.  Confidential Material does not include information that has been made public or that the Producing Party would make public in the ordinary course of its activities.

(b)  <u>Highly Confidential Material</u>:  A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that meets the definition of a "trade secret" under 18 U.S.C. § 1839 or is of such a nature that the disclosure of such information would create a risk of competitive or business injury to the Producing Party if such Discovery Material were disclosed to persons other than those identified in Paragraph 13 of this Order.  For the avoidance of doubt, Highly Confidential Material shall not include information that has been made public or that the Producing Party would make public in the ordinary course of its activities.  To the extent any materials or portions thereof prepared by industry advisors, accounting advisors, experts, or consultants (or their respective staff) that are retained by a Party or signatory to this Order include reference to or reveal Highly Confidential Material, those portions, and only those portions of such materials shall be designated as Highly Confidential.

(c)  Each Producing Party that designates Discovery Material as "Confidential Material" or "Highly Confidential Material" under this Order must take care to limit any such designation to those materials that the Producing Party believes qualify under the appropriate standards.

8.  <u>Manner of Designating Discovery Material</u>:  The Producing Party shall indicate a "Confidential" or "Highly Confidential" designation by marking each page "Confidential" or "Highly Confidential" as applicable.  Such markings should not obliterate or obscure the content

of the material that is produced.  Native file documents may be designated as "Confidential" or "Highly Confidential" by including such terms (or similar terms) in the file name and in any accompanying load file, if applicable.  A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties identifying specific portions of Discovery Material that it wishes to designate as "Confidential" or "Highly Confidential."  With respect to deposition testimony, a Party or their counsel may designate such testimony as appropriate by: (a) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) providing written notice within ten (10) days of the Party's receipt of the  final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel of record, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided for in this Protective Order according to its designation.  Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Confidential unless otherwise designated by counsel to any Party on the record at the deposition.  In the event that testimony is designated as Confidential or Highly Confidential, the court reporter shall be instructed to include on the cover page of each such transcript a designation as "Confidential" or "Highly Confidential," as appropriate.   If the

deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. Nothing in this paragraph shall (i) apply to or affect the confidentiality designations for Discovery Material entered as exhibits at depositions, or (ii) preclude a witness from reviewing his or her deposition transcript. When Designated Material is being used, discussed, or elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition during which such Designated Material is being used, discussed, or elicited.

9.  <u>Prior Produced Discovery</u>:  This Order shall govern Discovery Material produced by any Producing Party in these Chapter 11 Cases whether that Discovery Material was requested or produced prior entry of the Order. No re-production of prior-produced Discovery Materials is required based on the timing of entry of this Order, and any confidentiality designations on such prior-produced Discovery Materials shall be treated as if designated pursuant to the Order

10.  <u>Late Designation of Discovery Material</u>:  If at any time, a Producing Party realizes that some portion(s) of Discovery Material that such Party previously produced without designation should be designated as Designated Material ("<u>Late Designated Material</u>"), such Party may so designate by notifying all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Designated Material under the terms of this Order.  The Receiving Party agrees to return all previously-produced copies of the Late Designated Material promptly so that they may be labeled with the applicable legend and, in the case of electronically-stored information (ESI), produced with a load file that contains a field indicating their designation.  Upon such notification, any Late Designated Material shall be treated in accordance with the assigned designation and consistent with the terms of this Order;

provided, however, the use or disclosure of such Late Designated Material in a manner inconsistent with the designation affixed to the Late Designated Material prior to receipt of notification pursuant to this paragraph shall not be a violation of this Order.

11.    Use of Designated Material In General:  No Party other than the Producing Party shall disclose or use any Designated Material to any other person except as provided for in Paragraphs 12 and 13 below.  No Party shall have any obligation or duty to maintain as confidential any Discovery Material that is not Designated Material.

12.    Use of Confidential Material:  Discovery Material designated as "Confidential" may be given, shown, made available to, or communicated only to the following:

(a)    another Party, or any director, officer, employee, contractor (provided such contractor has first executed an Acknowledgment in the form annexed as Exhibit A hereto), or, in the case of the Official Committee of Unsecured Creditors, an appointed member and its counsel, of a Party whose access thereto is required for the purpose of these Chapter 11 Cases;

(b)    attorneys at those law firms appearing as counsel of record in the Chapter 11 Cases for one or more Parties, as well as any law clerk, paralegal, administrative, secretarial, and clerical personnel of such law firms;

(c)    financial advisors retained by one or more Parties, provided such financial advisors have first executed an Acknowledgement in the form annexed as Exhibit A hereto;

(d)    any outside photocopying, document storage, data processing or graphic production services employed or retained by persons identified in subsection (b), provided such person(s) have first executed an Acknowledgement in the form annexed as Exhibit A hereto;

(e)       any person retained by a Party to serve as an independent expert witness, consultant, or investigator or to otherwise provide specialized advice to counsel in connection with this action, provided such person is not directly associated with a Party and has first executed an Acknowledgement in the form annexed as Exhibit A hereto;

(f)       court reporters, stenographers, videographers, and their staff engaged to transcribe depositions and/or hearings conducted in this action;

(g)       vendors retained by or for a Party to assist in preparing for pretrial discovery, trial, and/or hearings, litigation support personnel, jury consultants, and consultants to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, provided such person(s) have first executed an Acknowledgement in the form annexed as Exhibit A hereto;

(h)       any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(i)       any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(j)       any deponent or witness who was noticed for a deposition, or is on a witness list for a hearing or trial, in preparation for or other otherwise in connection with his or her noticed deposition, hearing, or trial testimony and who has executed an Acknowledgement in the form annexed as Exhibit A hereto;

(k)       the Court, the Court's support personnel, jurors, and alternate jurors; and

10

(l)    any other person upon written stipulation or statement on the record by Producing Party or other Party that designated the Discovery Materials as Designated Materials.

13.    <u>Use of Highly Confidential Material</u>:  Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the persons described in Paragraphs 12(b)-(i), (k) and (l).

14.    <u>Use of Designated Material at Depositions</u>:  For the avoidance of doubt, a Party may show a fact witness at that witness's deposition or in preparation for that witness's deposition in this proceeding information designated as "Confidential" or "Highly Confidential" when (i) it appears on the face of the document that witness is an author, addressee or copy recipient of such Designated Materials, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting, or is shown through testimony or other evidentiary proof by the Party wishing to make the disclosure, that the document was prepared, received, or reviewed by the witness, (ii) the designating Party has approved the information for disclosure prior to the deposition, (iii) the witness is an employee of the designating Party, or (iv) the witness has been designated as a Rule 30(b)(6) witness by the designating Party.

15.    <u>Sealing of Designated Material Filed with or Submitted to the Court</u>:  Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the applicable rules for sealing in the Court (e.g., the Federal Rules, the Bankruptcy Rules, the Local Rules, and chambers rules, administrative orders or directions of this Court).  Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same,

via the Court's Electronic Case Filing system, that redacts only the Designated Material itself, and not text that in no material way reveals the Designated Material.  In the event that any Designated Material is used in the action, the Parties agree that it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to protect its confidentiality.  A Party is not required to file a document under seal if the Designated Material contained or reflected in the document was so designated solely by that Party.  Any Party filing with the Court pleadings, documents, or other materials containing Designated Materials under seal shall provide outside counsel for the Parties with an un-redacted copy by email.

16.    Objections to Designations:  Any Party who objects to any designation of confidentiality may serve upon counsel for the designating Party a written notice stating the objection and requested re-designation, as well as the grounds of the objection and request.  If agreement cannot be reached within three (3) business days after conferring in good faith, then the Receiving Party may submit a motion to the Court objecting to the designation and seeking its removal or other appropriate relief (a "Designation Objection").  Any Party opposing such Designation Objection may submit a response to the Court within five calendar days of the submission of the Designation Objection.  For the avoidance of doubt, the Parties shall adhere to Paragraph 15 hereof in connection with any such submissions.  Until the Court is able to make a ruling, the Designated Material will continue to be treated according to its designation.

17.    Timing of Objections of Designated Material:  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude or have any relevance to a subsequent challenge thereto.  The failure of any Party to challenge the designation of Designated Materials during the discovery period shall not be a waiver of that Party's ability to object to the designation at trial.

18.    <u>No Waiver</u>:  Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

19.    <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, within two days of learning of the disclosure: (a) notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

20.    <u>Inadvertent Production of Privileged Discovery Material</u>:  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Producing Party inadvertently produces materials that the Producing Party later discovers, in good faith, to be privileged or subject to other protection,  such as work-product protection, the inadvertent production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.

In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was inadvertently produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material.  Within seven (7) days after receiving such notification, the Receiving Party shall, as instructed, take reasonable steps to return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.   The Receiving Party must take reasonable steps to retrieve the produced material if the  Receiving Party disclosed it before being notified.  Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

21.    <u>Use of Non-Discovery Material</u>:  To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person or was already in its possession at the time of filing of these Chapter 11 Cases on a non-confidential basis; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "<u>Non-Discovery Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose,

including in a deposition, hearing, trial, or otherwise in connection with any Dispute or these Chapter 11 Cases.

22.    <u>Obligations Following Conclusion of The Disputes</u>:  Within 90 days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy and the conclusion and exhaustion of all appeals as to all Parties, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that: counsel may retain for their records their work product, legal memoranda, correspondence and a copy of court filings, trial, deposition, or hearing transcripts or recordings, deposition exhibits, expert and consultant reports and work product, and exhibits introduced at any hearing or at trial, even if such materials contain Designated Materials; and a Receiving Party may retain Designated Material that is autoarchived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

23.    <u>Continuing Applicability of Protective Order and Confidentiality Agreement</u>:  The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy and the conclusion and exhaustion of all appeals as to all Parties for any retained Discovery Material.   The final termination of the Disputes and the Debtors'

15

emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

24.      Amendment of Protective Order and Confidentiality Agreement:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

25.      Disclosure of Discovery Material in Other Proceedings:  Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material shall notify the Producing Party within seven (7) days of receipt of such request.  If the Producing Party files a motion to quash the subpoena or otherwise objects to the production of the Designated Material to any person, corporation or entity that is not a Party or not otherwise governed by this Protective Order, then the Party receiving the production request shall not produce the Designated Material until after the Court rules on the motion or objection.

26.      Use of Discovery Material by Producing Party:  Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

27.      Advice of Counsel:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice

16

and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein except by prior written agreement by the relevant Parties or by further order of the Court.

28.  Prior Agreements:  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the use or confidentiality of Discovery Materials.  The Parties agree that nothing herein shall affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, intercreditor agreements, or prospective orders applicable to any Party or between and among any Parties to this Order that relate to documents or information exchanged prior to execution of this Order.

29.  Binding Nature & Enforcement:  The provisions of this Order shall, absent written permission of the Producing Party or further order of this Court, be binding upon any Party as of their signature, without regard for the date on which the Order is entered by the Court, and shall continue to be binding after the conclusion of these Chapter 11 Cases.  The Parties and any other person who has agreed to be bound by the terms of this Order agree that the Order may be challenged and enforced exclusively in and by this Court and agree to submit to the jurisdiction of this Court with respect to any relief requested for violation of this Order.  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

# # #

17

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

1.    My name is _____.

2.    I reside at _____.

3.    My present employer is _____.

4.    My present occupation or job description is _____.

5.    I have been engaged as _____on behalf of _____in the preparation and conduct of *In re Vital Pharmaceuticals, Inc., et al.,* Case No.: 22-17842-PDR.

6.    I acknowledge that I have read and understand the terms of the Protective Order and Confidentiality Agreement ("Order").  I agree to comply with and be bound by all the provisions of the Order.  I agree that I will not use Discovery Material for any purpose other than regarding the Disputes and these Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of Florida for the sole purpose of adjudicating any issue or dispute arising under the Order and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


By: _____

Executed on _____, 20____.


11937698-1