UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-17842 (PDR)<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF JOINT MOTION
FOR RELIEF FROM THE AUTOMATIC STAY
TO CONTINUE ACTION IN NON-BANKRUPTCY FORUM**

Faith Technologies Incorporated ("FTI") and Nexus Steel, LLC ("Nexus ") (together "Movants") submit their reply in support of their Joint Motion for Relief from the Automatic Stay to Continue Action in Non-Bankruptcy Forum (the "Motion") [Dkt #670],[1] which seeks entry of an order substantially in the form of **Exhibit L** (a copy which is attached herewith as **Exhibit A**) filed with the Motion terminating the automatic stay to allow the parties to prosecute to judgment the action pending in the superior court of Arizona in Maricopa County, Case No. CV2022-008873 (the "Arizona Action") by Nexus Steel, LLC as plaintiff, against JHO Real Estate Investment, LLC ("JHO") and Vital Pharmaceuticals, Inc. ("Vital") (together "Debtors"); and non-debtor defendants FABCO Metal Products, LLC; Belvac Production Machinery, Inc.; Truist Bank; ISEC, Inc.; Heavy Equipment Movers & Installation, LLC; Hardrock Concrete Placement Co., Inc.; Stellar Group, Inc.; FTI; Integrated

---

[1] The Motion was joined in by Hardrock Concrete Placement Co., Inc. [Dkt. #711], HACI Mechanical Contractors, Inc. [Dkt. 738], and CM Builders, Inc. d/b/a Integrated Masonry [Dkt. #741].

1

120392238.2

Masonry; HACI Mechanical Contractors, Inc.; and Trench Shore Rentals (together the "Non-Debtor Defendants").[2] Debtors oppose the Motion [Dkt. #755].[3]

Movants submit that resolution of the Arizona Action with respect to the validity, priority and extent of the Arizona Mechanics' Lienholders' mechanics liens and claims as well as their counterclaims and cross-claims (the "Lien Priority Issues") serves the best interests of Debtors' estate and creditors. The objectors both want to wait for the sale process and assert that the Arizona Action may be resolved in bankruptcy court. The position of delay inevitably will lead to an emergency where resolution of the issues in the Arizona Action is required to resolve a Sale Transaction. Instead of delay and then a new, delayed bankruptcy process the stay should be modified now to permit an expeditious resolution of the Lien Priority Issues by a state court in which the plaintiff and all of the Non-Debtor Defendants, other than Truist Bank, are resident and regularly conduct business.[4]

## Background

No one disputes that JHO owns the Arizona Property; in this case JHO asserts the book value of the Arizona Property is over $46 million; that Vital is apparently the tenant; that Vital contracted with Stellar for improvements on the Arizona Property; that the Arizona Mechanics' Lienholders provided improvements for which they have not been paid; and that they recorded liens and commenced lien foreclosure litigation in Arizona seeking recovery of at least $15 million before Debtors' bankruptcy filings.

---

[2] Nexus Steel, LLC; FABCO Metal Products, LLC; Belvac Production Machinery, Inc.; ISEC, Inc.; Heavy Equipment Movers & Installation, LLC; Hardrock Concrete Placement Co., Inc.; Stellar Group, Inc.; FTI; Integrated Masonry; HACI Mechanical Contractors, Inc.; and Trench Shore Rentals are the "Arizona Mechanics' Lienholders".
[3] Debtors' objection was joined by Truist Bank as agent for the Lenders [Dkt. #757] and the Committee [Dkt. #767].
[4] Truist Bank likely regularly conducts business in Arizona but that fact is not presently known to Movants.

Nor will anyone dispute that Branch Banking recorded a deed of trust for a debt of $35.5 million in 2019; that Vital's contract with Stellar was in July 2020; that Hardrock asserts it commenced work on the project on November 16, 2020; that the Branch Banking deed of trust was released of record by an instrument dated November 14, 2020 and recorded on December 2, 2020; and that the $541 million Truist Deed of Trust was recorded on December 14, 2020.

The Arizona law (A.R.S. § 33-992(A)) is clear that a mechanics' lien takes priority from the date work commences on the project over subsequent recorded liens; and conversely the mechanics' lien is junior to prior recorded liens.  The priority dispute then is simple – are the Arizona Mechanics' Liens senior, and if not, junior only to a $35.5 million deed of trust via some equitable theory, because release of the Branch Banking lien weeks before the Truist Deed of Trust was recorded left the Truist deed of trust junior to the mechanics' liens?

There are numerous other potential disputes – the valid amount of each lien claim; and the liability of Stellar to its suppliers and subcontractors; among others.

All of these disputes arise in Arizona, under Arizona law; involve non-debtors; the non-debtor witnesses are in Arizona; and the Arizona Action was pending on the filing of Debtors' bankruptcy petitions. In terms of burden on parties, all of the parties who have appeared in the Arizona Action, including Debtors and Truist, have retained Arizona counsel.

This Court approved a process for the potential sale of Debtors' assets, including the Arizona Property. Pursuant to the February 24, 2023 Bidding Procedures Order [Dkt. #854] and the attached Bidding Procedures, Bids are due by April 24, 2023. If there is more than one Qualified Bid, an Auction will occur on April 27, 2023. If Debtors pursue a Sale Transaction, Debtors will seek approval to sell their Assets, including the Arizona Property, free and clear under § 363(f). Objections to that request are due on March 31, 2023 and a hearing is scheduled on May 10, 2023. Absent full payment, the Arizona

Mechanics' Lienholders will object to the sale free and clear under § 363(f). Further, the Arizona Mechanics' Lienholders reserve all of their rights, including the right to credit bid under § 363(k).

## Argument

**1)      Resolution Of The Arizona Action Will Be Required**

Objectors imply that the issues in the Arizona Action may be resolved by a future event, such as a sale transaction or plan confirmation. Neither of those options will likely obviate the need to resolve the Arizona law issues pending in the Arizona Action.

In a sale, unless the Arizona Mechanics' Liens are paid in full by agreement, resolution of the validity and amount of the lien claims will be required. All that a sale transaction may, or may not, do is substitute the Arizona Property for proceeds.

In a plan, again unless the Arizona Mechanics' Liens are paid in full by agreement, a liquidating plan will simply reserve disputes over proceeds to a post-confirmation environment.

**2)      Delaying Resolution Of The Arizona Action May Adversely Impact A Sale**

The two issues affecting Truist in the Arizona Action – the validity of the lien claims and their priority relative to the December 2020 Truist Deed of Trust – can not be avoided with bankruptcy magic or outside an adversary proceeding.[5] Unless Debtors can obtain a buyer that will close a sale transaction that generates sufficient proceeds to pay Truist in full, and provide full satisfaction for the lien claims under § 362(f)(3), litigation on the validity, priority and extent of the mechanics' lien claims is inevitable. Debtors note that under the Final DIP Order, the mechanics' liens are either senior to the Truist lien, or not, and that this is protection for the mechanics' lienholders. The issue is also one that must be resolved before a sale can be closed free and clear of liens and proceeds distributed. Nor it is clear that an adversary proceeding will be the appropriate vehicle, in light of the Court's obligation to

---

[5] Bankruptcy Rule 7001((2) explicitly provides that a "proceeding to determine the validity, priority, or extent of a lien or other interest in property" is an adversary proceeding.

abstain from resolving the state law issues in light of the pending Arizona Action.[6] Even if the parties do not timely request abstention, it is hardly clear that this Court may enter final orders on state law causes of action that are "related to" proceedings involving non-debtors[7] absent consent.[8] Even if an adversary proceeding is the chosen procedural vehicle, such an action must be filed, served, and the time limits of the rules of bankruptcy procedure satisfied.  Resolution of any adversary proceeding will not be more expeditious than proceeding with the Arizona Action.  In reality, an adversary proceeding will be slower because Nexus and the Non-Debtor Defendants and not, to the best of Movants' knowledge, residents of or doing business in Florida and will need to retain Florida attorneys to represent them in that action.

**3)    Terminating The Stay For The Arizona Action (Other Than Lien Foreclosure) May Facilitate A Sale**

In contrast, the Arizona Action is pending, many of the parties have appeared in the action, have retained Arizona counsel (including Debtors and Truist) and the Arizona forum avoids all of the limitations of federal jurisdiction and judicial power that this Court must navigate. In the same manner as in proceedings before this Court, the parties can cooperate toward expedited resolution of their disputes.

**4)    There Is Cause To Terminate The Stay**

Cause exists to grant relief from the automatic stay under Bankruptcy Code § 362(d).[9]  Courts ordinarily consider cause by reference to factors, principally balancing hardships.  There is no particular hardship imposed on Debtors and Truist litigating the Arizona law issues now, in Arizona, rather than

---

[6] 28 U.S.C. § 1334(c)(2); *In re Kachkar*, 769 F. App'x 673, 680 (11th Cir. 2019); *Su-Ra Enterprises, Inc. v. Barnett Bank of S. Fla., N.A.*, 142 B.R. 502, 506 (S.D. Fla. 1992).
[7] *Stern v. Marshall*, 564 U.S. 462, 499, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).
[8] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015); *Wortley v. Bakst*, 844 F.3d 1313 (11th Cir. 2017).
[9] "On request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause . . ." 11 U.S.C. § 362(d)(1).

120392238.2

later, somewhere. Where prompt resolution of the validity and priority of the mechanics' liens is important to either a sale or a plan, termination of the stay to allow the process to continue immediately in a court with jurisdiction over the parties and the power to enter final judgments is a better alternative than a new proceeding in a court of limited jurisdiction whose power likely is cabined by consent of the parties. If mandatory abstention is applicable, the Arizona Action should be freed from the stay now rather than later.

Debtors posit that the issues of valuation of their assets and a marshalling objection to lenders' foreclosure are bankruptcy court issues that may necessitate resort to this forum. Yet valuation of the Arizona Property is only a relevant fact question in an outcome determinative sense if priority is known and one of the mechanics' lienholders or the lenders are out of the money based on valuation and the absence of a sale. No other scenario arises where a valuation decision can be used to trump the mechanics' liens or the Truist lien. And while marshaling is a hypothetical defense, it requires an affirmative action by the mechanics' lienholders, and would not in any event resolve either the validity or priority disputes.

Debtors posit that litigation over unfiled objections to proofs of claim filed by FTI, Nexus, Hardrock and Integrated could resolve the validity of those claims. Such objections, if filed, would not resolve relative lien priority and could not address the liens of the other six lienholders.

Debtors posit that any stakeholder in bankruptcy may object to claims, may create a contested matter, and invoke this Court's jurisdiction. Again, while a claim objection is only part of the answer to the question of validity, priority and extent of liens, unsecured creditors are free to intervene, or not, in the Arizona Action, where their interests are more than adequately represented by Debtors and Truist.

Debtors' entire case that the Arizona Action is not needed is encased in the following sentence: "The Debtors hope that the proceeds of that sale will be sufficient to repay entirely the Bank Obligations and the M&M Claims. In that case, the lien priority dispute will in all likelihood be moot,

6

120392238.2

and with it the Arizona Action."[10] In that eventuality, for an aggregate sale of more than $335 in Lender debt and $15 million in mechanics' liens, the burden of perhaps a few tens of thousands of dollars of legal fees seems immaterial. Conversely, if the sale does not hit these heights, the need for determination of lien priority will be clear, the timing urgent, and Debtors and Truist will have crafted a scenario where the Court will be asked to take quick action to pursue the sale.

CONCLUSION

For themselves and the other Arizona Mechanics Lienholders, Movants request termination of the stay.

Dated: March 7, 2023

LEWIS ROCA ROTHGERBER CHRISTIE LLP

  /s/ Robert M. Charles, Jr.
Robert M. Charles, Jr.
Arizona Bar No. 007359
201 E Washington St #1200
Phoenix, AZ 85004,
T: (520) 629.4427
F: (602) 262-5747
rcharles@lewisroca.com
*Attorney for Faith Technologies Incorporated*

-and-

MARKOWITZ RINGEL TRUSTY & HARTOG P.A.
*Local Counsel for Faith Technologies Incorporated*
9130 South Dadeland Boulevard, Suite 1800
Miami, FL 33156
T: (305) 670-5000
F: (305) 670-5011

By: /s/ Jerry M. Markowitz
    Jerry M. Markowitz
    Florida Bar No. 182420
    Ross R. Hartog
    Florida Bar No. 272370

---

[10] Response at ¶ 16, p. 7.

120392238.2

TIFFANY & BOSCO, P.A.

By: /s/ *Christopher R. Kaup*
    Christopher R. Kaup (*pro hac vice*),
    Arizona Bar No. 0014820
    Seventh Floor Camelback Esplanade II
    2525 East Camelback Road
    Phoenix, Arizona  85016
    crk@tblaw.com

-and-

Jason A. Weber (Florida Bar No. 0051681)
1000 Corporate Drive, Suite 150
Fort Lauderdale, Florida 33334
jaw@tblaw.com
*Attorneys for creditor, Nexus Steel, LLC, an Arizona Limited Liability Company*

8

120392238.2

# EXHIBIT 'A'

120392238.2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO CONTINUE ACTION IN NON-BANKRUPTCY FORUM [ECF NO. __]**

**THIS MATTER** came before the Court upon FTI's Motion to for Relief from the Automatic Stay to Continue Action in Non-Bankruptcy Forum [ECF No. ___] (the "Motion") filed on _____. The Court having reviewed the file and the Motion, and any responses thereto, and any oral argument presented, the Court finds good cause for entry of the following order:

**IT IS ORDERED:**

1. The Motion is granted.

2. The automatic stay imposed in this case by Bankruptcy Code § 362(a) is terminated to allow the parties to proceed with prosecuting the action pending in the superior court of Arizona in Maricopa County, Case No. CV2022-008873 (the "Arizona Action") until final judgment and appeal including, but not limited to post-trial briefing, obtaining judgment on all counts, liquidating all claims asserted, determination of the validity, priority and extent of liens, and adjudication of equitable relief.

119754304.1

3. The stay relief granted herein does not extend to actions by any party to enforce any such final judgment or other relief granted in the Arizona Action and all parties' rights to pursue further stay relief or object to such relief are preserved.

4. The stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived and is not effective to the extent applicable to the relief set forth herein.

# # #

Submitted by:

Jerry M. Markowitz, Esq.
Markowitz, Ringel, Trusty & Hartog, PA
Local Counsel for Faith Technologies, Inc.
9130 S. Dadeland Blvd., Suite 1800
Miami, Florida  33156
Telephone:  (305) 670-5000
Email:  jmarkowitz@mrthlaw.com

Attorney Markowitz shall serve a copy of this Order to all interested parties and file a Certificate of Service.

119754304.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply in Support of the Joint Motion for Relief from the Automatic Stay to Continue Action in Non-Bankruptcy Forum (the "Reply"), was served on all counsel of record and interested parties identified in the attached Service List via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on March 7, 2023.

I FURTHER CERTIFY that the foregoing referenced Reply was served by the offices of Lewis Roca Rothgerber Christie, LLP, to those parties listed on the attached Mail Service List on March 7, 2023.

By: /s/ Jerry M. Markowitz
Jerry M. Markowitz

# Service List

**Via Electronic Mail Notice To:**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Anne Aaronson**    aaaronson@dilworthlaw.com, ctomlin@dilworthlaw.com
- **Thomas L Abrams**    tabrams@tabramslaw.com, fcolumbo@tabramslaw.com
- **Scott Andron**    sandron@broward.org, swulfekuhle@broward.org
- **John A Anthony**    janthony@anthonyandpartners.com, efilings@anthonyandpartners.com;euzonwanne@anthonyandpartners.com;sdavis@anthonyandpartners.com
- **Anthony J Aragona**    aja@devaronalaw.com
- **Marc P Barmat**    mbarmat@furrcohen.com, rrivera@furrcohen.com;atty_furrcohen@bluestylus.com;staff1@furrcohen.com
- **Eyal Berger**    eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Leyza F. Blanco**    lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- **Ronald D. P. Bruckmann**    rbruckmann@shumaker.com, celgin@shumaker.com
- **Kyler K Burgi**    kyler.burgi@dgslaw.com
- **Kevin Michael Capuzzi**    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- **Robert P. Charbonneau**    rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **Jesse R Cloyd**    jrc@agentislaw.com, bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **David H Conaway**    dconaway@slk-law.com
- **Ralph W. Confreda**    rconfreda@mcglinchey.com, alozada@mcglinchey.com
- **Philip W Crawford**    pcrawford@gibbonslaw.com
- **Matthew G Davis**    mdavis@pdtlegal.com, jdorta@pdtlegal.com
- **Ronald M Emanuel**    ron.emanuel@emzwlaw.com, martha.rivera@emzwlaw.com;eservice@emzwlaw.com;cindy.carhartt@emzwlaw.com
- **Brendan S Everman**    beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com
- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **G Steven Fender**    steven.fender@fender-law.com, simone@fenderbollingpaiva.com
- **Keith W. Fendrick**    keith.fendrick@hklaw.com, andrea.olson@hklaw.com;hapi@hklaw.com;brittany.jacobs@hklaw.com

- **Edward M Fitzgerald** edward.fitzgerald@hklaw.com, tonya.berger@hklaw.com
- **Joseph D Frank** jfrank@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com
- **Robert C Furr** ltitus@furrcohen.com, atty_furrcohen@bluestylus.com;jcrane@furrcohen.com;staff1@furrcohen.com;furrrr84158@notify.bestcase.com
- **David L Gay** dgay@carltonfields.com, cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net
- **Michael I Goldberg** michael.goldberg@akerman.com, charlene.cerda@akerman.com
- **Eric S. Golden** egolden@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com
- **Jordi Guso** jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Aaron L Hammer** ahammer@hmblaw.com, ecfnotices@hmblaw.com
- **Andrea S. Hartley** andrea.hartley@akerman.com, janet.salinas@akerman.com
- **Ross R Hartog** rhartog@mrthlaw.com, ecfnotices@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;lgener@mrthlaw.com;ycandia@mrthlaw.com;rhartog@ecf.courtdrive.com
- **Daniel Harvath** dharvath@harvathlawgroup.com
- **Christopher R Kaup** crk@tblaw.com, mburns@tblaw.com
- **Craig I Kelley** craig@kelleylawoffice.com, cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;kelleycr75945@notify.bestcase.com
- **Scott D Knapp** scott.knapp@nelsonmullins.com, traci.lewis@nelsonmullins.com
- **Harris J. Koroglu** hkoroglu@shutts.com, mcabo@shutts.com;bvelapoldi@shutts.com
- **Gerard M Kouri Jr.** gmkouripaecf@gmail.com, gmkouri@bellsouth.net
- **Matthew F Kye** mkye@kyelaw.com
- **Dennis J LeVine** Theresa.Byington@brockandscott.com, wbecf@brockandscott.com
- **Peter H Levitt** plevitt@shutts-law.com, sboisvert@shutts.com
- **Corali Lopez-Castro** clc@kttlaw.com, rcp@kttlaw.com
- **Nir Maoz** nmaoz@ktbslaw.com
- **Jerry M Markowitz** jmarkowitz@mrthlaw.com, ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,markowitzjr73991@notify.bestcase.com,jmarkowitz@ecf.courtdrive.com
- **David B Marks** brett.marks@akerman.com, charlene.cerda@akerman.com
- **Brigette G McGrath** bmcgrath@askllp.com, mudem@askllp.com
- **Juan J Mendoza** jmendoza@sequorlaw.com, ngonzalez@sequorlaw.com
- **Fernando J Menendez** fmenendez@sequorlaw.com, jdiaz@sequorlaw.com

- **Megan W Murray**  mmurray@underwoodmurray.com, dstrand@underwoodmurray.com;kmilliken@underwoodmurray.com;kmilliken@ecf.courtdrive.com
- **Klaus Peter Muthig**  muthigk@mcao.maricopa.gov
- **Arthur C. Neiwirth**  aneiwirthcourt@qpwblaw.com
- **Michael Jordan Niles**  mniles@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;zmorton@bergersingerman.com
- **Office of the US Trustee**  USTPRegion21.MM.ECF@usdoj.gov
- **Joseph A Pack**  joe@packlaw.com
- **Jimmy D. Parrish**  jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Justin D Plean**  justin.plean@qpwblaw.com
- **Hamid R. Rafatjoo**  hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Aliette D Rodz**  arodz@shutts.com
- **Mark S. Roher**  mroher@markroherlaw.com, ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com
- **Ezequiel Joseph Romero**  romeroe@bryancave.com, zeke.romero30@gmail.com
- **Ian M. Ross**  iross@sidley.com
- **Steven R Safra**  Steven.Safra@csklegal.com, maria.montenegro@csklegal.com
- **David Samole**  das@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com
- **Michael D. Seese**  mseese@seeselaw.com, sseward@seeselaw.com
- **Zach B Shelomith**  zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com
- **Steven J. Solomon**  steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- **Andrew Sorkin**  andrew.sorkin@lw.com, andrew-sorkin-3703@ecf.pacerpro.com;new-york-ma-2860@ecf.pacerpro.com;christopher.tarrant@lw.com
- **Annie Yang Stoops**  annie.stoops@afslaw.com
- **Carolyn Tatkin**  tatkin@radixlaw.com
- **Frank Terzo**  frank.terzo@nelsonmullins.com, francis.santelices@nelsonmullins.com
- **Christopher R Thompson**  crthompson@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com
- **Thomas W. Tierney**  ttierney@rosswayswan.com, kkelly@rosswayswan.com
- **Michael W Ullman**  michael.ullman@uulaw.net, jared.ullman@uulaw.net;diana.simon@uulaw.net;alexandra.wagener@uulaw.net;laura.lytle@uulaw.net
- **Jason A. Weber**  jaw@tblaw.com, Nboffill@tblaw.com

13

- **Aaron A Wernick** awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com; slamontagne@wernicklaw.com
- **J. Steven Wilkes** steven.wilkes@usdoj.gov
- **Stuart F Wilson-Patton** stuart.wilson-patton@ag.tn.gov

**MAIL SERVICE LIST**

Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Ave #1900
Miami, FL 33131
-and-
Andrew D. Sorkin
George A. Davis
Tianjiao ("TJ") Li
Brian S. Rosen
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
-and-
Jeramy D. Webb LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
-and-
Amy C. Quartarolo
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071

Attorneys for Vital Pharmaceuticals, Inc. and JHO Real Estate Investment, LLC

Jason A. Weber
Tiffany & Bosco, P.A.
1000 Corporate Drive, Suite 150
Fort Lauderdale, Florida 33334
-and
Christopher R. Kaup
Tiffany & Bosco, P.A.
2525 East Camelback Road, Floor 7
Phoenix, Arizona 85016-4237
Attorneys for Nexus Steel, LLC

John L. Condrey
Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
Attorneys for FABCO Metal Products, LLC

Belvac Production Machinery, Inc.
237 Graves Mill Road
Lynchburg, VA 24502

15

120392238.2

Keith L. Hendricks
Moyes Sellers & Hendricks
1850 North Central Avenue, Suite 1100
Phoenix, AZ 85004
*Attorneys for ISEC, Inc.*

Heavy Equipment Movers & Installation, LLC
126 Industrial Drive
Maysville, GA 30558

Heavy Equipment Movers
8825 North 23rd Avenue, #100
Phoenix, AZ 85021

K. Scott Reynolds, Suite 101
3133 West Frye Road #101
Phoenix, AZ 85226
-and-
Arthur C. Neiwirth
Quintairos, Prieto, Wood & Boyer, PA
2400 East Commercial Blvd., Suite 520
Ft. Lauderdale, FL 33308
-and-
Justin Plean, Esq.
Quintairos, Prieto, Wood & Boyer, PA
1475 Centrepark Blvd., Suite 130
West Palm Beach, FL 33401
Attorneys for Hardrock Concrete Placement Co., Inc.

Robert P. Charbonneau
Jesse R. Cloyd
AGENTIS PLLC
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Attorneys for Stellar Group, Inc.

Carolyn R. Tatkin
Radix Law
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
Attorneys for CM Builders, Inc. dba Integrated Masonry

Matthew G. Davis, Esq.
Alston A. Merritt, Esq.
Paskert Divers Thompson
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
Attorneys for HACI Mechanical Contractors, Inc.

Trench Shore Rentals
17200 N. Perimeter Drive, #102
Scottsdale, AZ 85255

Peter H. Levitt
Harris J. Koroglu
Aliette D. Rodz
SHUTTS & BOWEN LLP
200 South Biscayne Blvd., Ste. 4100,
Miami, FL 33131
Telephone: (305) 415-9447
-and-
Luis M. Lluberas
Steven E. Gruendel
Cole Richins
Moore & Van Allen PLLC
100 North Tryon Street, Suite 47
Charlotte, North Carolina 28202-4003
Attorneys for Truist Bank