UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors._____/ | (Jointly Administered) |

**AMENDED DECLARATION OF JOHN C. DIDONATO, CHIEF TRANSFORMATION OFFICER, IN SUPPORT OF DEBTORS' EXPEDITED MOTION TO APPROVE COMPROMISE BETWEEN (I) DEBTOR, VITAL PHARMACEUTICALS, INC.; AND (II) CROWN CORK & SEAL USA, INC. AND CROWN METAL PACKAGING CANADA LP**

Under 28 U.S.C. § 1746, John C. DiDonato hereby declares as follows under penalty of perjury:

1. My name is John C. DiDonato. I am over the age of eighteen and am competent to testify. I have personal knowledge of the matters set forth herein.

2. I am the Chief Transformation Officer of Vital Pharmaceuticals, Inc. ("VPX") and the other debtors and debtors in possession (collectively with VPX, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"). I am authorized by each of the Debtors to submit this declaration (the "Declaration") on behalf of the Debtors.

3. I submit this Declaration in support of the relief requested in the *Debtors' Expedited Motion to Approve Compromise Between (I) Debtor, Vital Pharmaceuticals, Inc.; and (II) Crown Cork & Seal USA, Inc. and Crown Metal Packaging Canada LP* [ECF No. 878] (the "Motion").[1]

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

11978741-3

4. Crown Cork & Seal USA, Inc. and Crown Metal Packaging Canada LP (collectively, "Crown") are the Debtors' major suppliers of cans and can ends used to manufacture the Debtors' beverage products in North America.

5. As set forth in the Motion, the Court previously entered an *Order Granting Debtors' Emergency Motion for an Order Authorizing Payment of Prepetition Claims of Critical Vendors* [ECF No. 112], which authorized, but did not require, the Debtors to pay or honor prepetition obligations owing to critical vendors and directed any critical vendor receiving a payment on account of a prepetition claim to extend credit to the Debtors, on terms no less favorable than the terms offered by the vendor to the Debtors pre-petition. Crown is one of the Debtors' critical vendors.

6. The Motion seeks approval of a settlement between VPX and Crown with respect to Crown's continued supply of Products (as defined in the Motion) and services to VPX pursuant to the terms of the Agreement, which includes, among other things, (i) the payment by VPX to Crown of the balance of the prepetition accounts receivable (net of setoffs, credits or discounts, except as provided in the Agreement) in the amount of $5,538,660; (ii) the purchase and payment by VPX to Crown of prepetition Can Inventory manufactured for the Debtors and remaining in Crown's possession after May 19, 2023; (iii) the payment by VPX to Crown of charges for storing the Can Inventory during the month of April 2023; (iv) negotiated terms between Crown and VPX with respect to newly manufactured Products, including a post-petition credit limit of $3,000,000 to be applied to all new Products shipped on credit to the Debtors; and (v) a waiver of avoidance actions, including those set forth in Chapter 5 of the Bankruptcy Code against Crown.

7. The Debtors have determined, in an exercise of the Debtors' sound business judgment, that the terms of the Agreement are fair and reasonable and that the best interests of the

11978741-3

Debtors' estates and creditors will be served by the Debtors resolving their disputes, including the Prepetition Receivables Claim and the Negotiated Inventory Claim, as defined in the Motion, with Crown on the terms memorialized in the Agreement. The terms of the Agreement are the product of good faith, arm's-length negotiations between the Parties.

8. The Agreement resolves the Parties' disputes in an efficient and consensual manner that will avoid potential costly and time-consuming litigation that would detract from the value of the estates and the recovery of creditors. Moreover, the proposed consensual resolution will allow the parties to amicable continue their commercial relationship which provide the Debtors with favorable trade terms. Further, the resolution frees up critical time allowing the Debtors to devote additional time and effort to the numerous other critical issues confronting the Debtors in these Chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: March 8, 2023

/s/ *John C. DiDonato*
John C. DiDonato
Chief Transformation Officer

11978741-3