

ORDERED in the Southern District of Florida on March 9, 2023.



Peter D. Russin, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER APPROVING DEBTORS' APPLICATION FOR ORDER
AUTHORIZING THE EMPLOYMENT OF ANDREW P. BEILFUSS AND
THE LAW FIRM OF QUARLES & BRADY LLP AS SPECIAL COUNSEL
TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

**THIS MATTER** came before the Court on February 9, 2023 at 1:30 p.m., and again on February 23, 2023 at 2:00 p.m. (the "February 23 Hearing"), in Fort Lauderdale, Florida, upon the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Debtors' Application For Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [ECF No. 511] (the "Application")[2]. The Court, having considered the Application, the Engagement Letter attached to the Application as Exhibit "A," the *Declaration of Andrew P. Beilfuss, on Behalf of Quarles & Brady LLP, as Proposed Special Counsel to the Debtors*, attached to the Application as Exhibit "B", and the *Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors' Pending Applications to Retain Special Counsel* [ECF No. 651], the argument of counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) Quarles & Brady LLP does not hold or represent any interest adverse to the Debtors' estates on any matter in which Quarles & Brady LLP is to be engaged, and (d) Quarles & Brady LLP's employment as special counsel to the Debtors pursuant to 11 U.S.C. §327(e) with respect to the matters set forth below is in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest. Accordingly, it is

**ORDERED** as follows**:**

1. The Application is **APPROVED**, as set forth herein.

2. The objections to the Application not withdrawn or resolved prior to the February 23 Hearing are **OVERRULED**.

3. The employment of Quarles & Brady LLP, as special counsel to the Debtors, pursuant to the terms set forth in the Engagement Letter attached to the Application as Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. § 327(e), effective as of the Petition Date as to the following matters:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

2

    a. *Monster Energy Co. v. Vital Pharmaceuticals, Inc.,* Case No. 18-cv-1882 (C.D. Cal.) consistent with the terms outlined in the limited stay relief described in the *Order Granting Debtors' and Creditor Monster Energy Company's Joint Agreed Motion for Relief from Automatic Stay to Continue Action in Nonbankruptcy Forum* (the "Stay Relief Order") [Docket No. 450];

    b. The court-ordered mediation and ongoing negotiations in the appeal styled *Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. PHD Marketing, Inc.*, Case No. 2:20-cv-06745-RSWL-JC;

    c. Webb & Gerritsen appeal for the limited purpose of seeking to enforce the automatic stay and obtain an extension of any ultimately-entered briefing schedule; and

    d. The "General Counsel Matters" described in the Application and Engagement Letter.

4. With respect to the matters described in paragraphs 3.a through 3.d above, the Debtors shall provide the Committee periodic updates regarding the status of those matters that will not include the disclosure of privileged information.

5. Any additional services beyond those set forth in this Order shall be subject to an application and further order of this Court.

6. Quarles & Brady LLP, as special counsel to the Debtors, shall abide by and be compensated pursuant to the *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503] (the "Compensation Procedures Order"), and shall apply for compensation on an hourly basis, at the rates described in the Beilfuss Declaration, plus reimbursement of actual, necessary expenses incurred by Quarles & Brady LLP as special counsel, pursuant to 11 U.S.C. §§ 330 and 331, applicable federal and local rules of procedure, and applicable

orders of this Court. From and after the date of this Order, Quarles & Brady LLP shall seek compensation only for those services described in paragraph 3 of this Order, provided, however, that nothing in this Order shall bar Quarles & Brady LLP from seeking allowance and payment of fees for services rendered, and reimbursement of related costs incurred, during the period from the Petition Date through the entry of this Order, and the Debtors, Quarles & Brady LLP, and the Committee reserve all rights with respect thereto.

7. The Debtors and Quarles & Brady LLP shall agree to a reasonable litigation budget. Quarles & Brady LLP acknowledges that the budget attached to the final order approving DIP financing [Docket No. 638] (the "DIP Order") includes a line-item for "Legal Expenses" which carves out of the secured lenders' collateral an amount of that collateral that the secured lenders have agreed may be used to fund the Debtors' postpetition litigation. Nothing in this Order shall be construed as a maximum limit or cap on the total fees and reimbursable costs that may be allowed to Quarles & Brady LLP by the Court as administrative expenses of the Debtors' estates and paid to Quarles & Brady LLP from any funds available to pay such allowed administrative expenses. The Debtors, Quarles and Brady LLP, and the Committee expressly reserve all rights under the rules of professional conduct and the Compensation Procedures Order.

8. Quarles & Brady LLP shall use good faith and commercially reasonable efforts to avoid duplication of services with any of the Debtors' other professionals.

9. Quarles & Brady LLP shall retain its prepetition claim against the Debtors solely for distribution purposes under any plan confirmed in connection with these chapter 11 cases; provided, however, nothing in this Order or the retention of Quarles & Brady LLP shall (i) waive or release any claims or causes of action the Debtors or their estates may have against Quarles & Brady LLP, whether prepetition or post-petition, or (ii) allow or admit to the allowance of any prepetition or

postpetition amounts allegedly due and owing to Quarles & Brady LLP, and such claims, causes of action, and defenses shall be expressly preserved.

10. With respect to the "General Counsel Matters" for which the Debtors also seek to retain Quarles & Brady LLP, the Debtors and Quarles & Brady LLP acknowledge that the amount of cash collateral that the secured lenders have agreed may be used for such General Counsel Matters is included in the line item of the budget attached to the DIP Order for "Facility/Office" expenses.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*