UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.[1]

_____/

Chapter 11 Cases

Case No. 22-17842-PDR

(Jointly Administered)

### MOTION OF KATHLEEN COLE FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF

Kathleen Cole ("**Ms. Cole**"), by and through her undersigned counsel, hereby respectfully moves the Court (the "**Motion**") for entry of an order: (i) allowing Ms. Cole's administrative expense claim, pursuant to 11 U.S.C. § 503, for payment of attorneys' fees arising in connection with her compliance with a Bankruptcy Rule 2004 subpoena as a former officer and director of the above captioned debtors (collectively, the "**Debtors**"); (ii) directing payment of Ms. Cole's administrative expense claim; and (iii) granting Ms. Cole related relief. In support of her Motion, Ms. Cole respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

2.      The statutory predicates for the relief requested herein are sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

## BACKGROUND

3.　　On or about September 23, 2022, Ms. Cole was hired by the Debtors to serve as their Chief Operating Officer, and her employment was effective on or about October 3, 2022.

4.　　The Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code on October 10, 2022.

5.　　On or around October 12, 2022, the Debtors appointed Ms. Cole to serve as a member of the Board of Directors.

6.　　Less than two months later, on December 1, 2022, Ms. Cole resigned from both positions.

7.　　On December 14, 2022, creditor Monster Energy Company filed and served a Subpoena for Rule 2004 Examination on Ms. Cole. (*See* ECF 514), requesting the production of documents as well as Ms. Cole's deposition. Thereafter, multiple creditors filed and served Cross-Notices indicating their intention to participate in the Rule 2004 Examination, including: The American Bottling Company [ECF 535], Orange Bang, Inc. [ECF 540], Truist Bank [ECF 557], the Official Committee of Unsecured Creditors [ECF 610], and Sony Music Entertainment and UMG Recording Inc. [ECF 667] (Monster and the cross-noticing 2004 parties are collectively referred to herein as the "**2004 Noticing Parties**" and their 2004 notice and cross notices referred to collectively herein as the "**2004 Notices**").

8.　　Ms. Cole engaged undersigned counsel in order to help navigate her production of responsive documents and to represent her at the Rule 2004 examination.

9.　　Because of certain confidentiality obligations to the Debtors under certain applicable agreements, and because the right to assert privilege over any documents produced by Ms. Cole from the time of her employment by the Debtors belonged to the

Debtors, Ms. Cole produced an initial set of responsive documents to Debtors' counsel for review prior to producing any documents to the 2004 Noticing Parties.

10.     Ms. Cole, through her counsel, worked cooperatively with Debtors' counsel to identify any confidentiality and privilege issues.

11.     Although Ms. Cole did not ultimately object to the 2004 Notices, the Debtors filed a motion for a protective order concerning the scope of the document requests in the 2004 Notices [ECF 773]. Monster Energy Company filed opposition to the motion [ECF 792]. A hearing was held on the motion for protective order on February 15, 2023, during which the Debtors and the 2004 Parties reached a consensual resolution concerning the scope of the document production to be made by Ms. Cole. During the discussions leading to the consensual resolution, Debtors' counsel consulted with Ms. Cole's counsel to determine if the proposed revised document requests would be objectionable to Ms. Cole. Ms. Cole, through her counsel, agreed not to object to the scope of the revised 2004 document requests. Ultimately, the motion for a protective order was resolved by Order of the Court entered on February 17, 2023 [ECF 826].

12.     On or about February 17, 2023, Ms. Cole, through her counsel, provided a modified set of documents in response to the newly revised 2004 document requests to Debtors' counsel for a confidentiality and privilege review by the Debtors. Ms. Cole's counsel worked cooperatively with Debtors' counsel to address any confidentiality or privilege issues.

13.     On February 21, 2023, Ms. Cole produced approximately 340 pages of documents to the 2004 Parties and Debtors.

14.     On February 28, 2023, the Rule 2004 Examination took place via Zoom. Ms. Cole appeared with her counsel at the 2004 examination and participated fully, answering all questions posed.

15.     Additionally, although no Cross-Notice of Rule 2004 Examination was filed by Debtors' counsel, undersigned counsel did not object to, and allowed for, questions asked by Debtors' counsel during the Rule 2004 Examination.

16.     Article Nine of the Debtors' Articles of Incorporation states that "[t]he corporation shall indemnify any officer, director, employee or agent, or any former officer, director, employee or agent, to the full extent permitted by law." A copy of the Articles of Incorporation as filed with the Florida Department of State is attached hereto as **Exhibit A**. In connection with Ms. Cole's production of documents and preparation for her Rule 2004 Examination, Ms. Cole incurred legal fees totaling no less than $53,459.50 (*See Declaration of Walter Benzija* attached hereto as **Exhibit B**).

### RELIEF REQUESTED

17.     Ms. Cole respectfully requests entry of an order: (i) allowing her administrative expense claim for payment of attorneys' fees arising in connection with her compliance with the Rule 2004 subpoena, which requested information related to her former position as the Chief Operating Officer and director of the Debtors, in an amount of no less than $53,459.50, calculated as of February 28, 2023, plus any additional amounts that accrue and are unpaid after that date, pursuant to section 503(b)(1)(A) of the Bankruptcy Code; (ii) directing immediate payment of Ms. Cole's administrative expense claim; and (iii) granting related relief.

### BASIS FOR RELIEF

18.     The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A).

19.     "The threshold requirement for an administrative expense is that it be actual and necessary to the preservation of the estate; the benefit must run to the debtor and be fundamental to the conduct of its business." *McMillan v. Joseph Decosimo and Co. (In re Das A. Borden & Co.)*, 131 F.3d 1459, 1463 (11th Cir. 1997) (quoting *Varsity Carpet Servs., Inc. v. Richardson (In re Colortex Indus., Inc.)*, 19 F.3d 1371, 1383 (11th Cir. 1994)); *see also* 11 U.S.C. § 503(b).

A.  <u>Indemnification</u>

20.     Where the certificate of incorporation imposes an indemnification obligation on the corporate debtor, a corporate director or officer may, under certain circumstances, recover his or her legal fees as an administrative expense under section 503(b)(1)(A).  *See In re Keene Corp.*, 208 B.R. 112, 115-16 (Bankr. S.D.N.Y. 1997); *see also In re Consol. Oil & Gas, Inc.*, 110 B.R. 535, 538 (Bankr. D. Colo. 1990); *In re Christian Life Ctr.*, 821 F.2d 1370, 1374 (9th Cir. 1987); *In re Phila. Mortg. Tr.*, 117 B.R. 820, 828 (Bankr. E.D. Pa. 1990).

21.     Administrative cost priority is only awarded to officers' and directors' indemnification claims that arise post-petition.  *See, e.g.*, *In re Mid-American Waste Sys.*, 228 B.R. 816, 821-22 (Bankr. D. Del. 1999) (refusing to award administrative expense status for indemnification claims arising from securities litigation, which arose pre-petition out of the applicants' pre-petition conduct); *In re Amfesco Indus., Inc.*, 81 B.R. 777, 784 (Bankr. E.D.N.Y. 1988) (same).

22.     However, in the cases cited ante, all of the facts and circumstances underlying the indemnification claims occurred pre-petition, unlike Ms. Cole's indemnification claim at bar which involves her testimony concerning her employment and the Debtors' management during the post-petition period.

23.     In *In re Heck's Properties, Inc.*, a lawsuit filed against the debtor's officers and directors post-petition alleged post-petition breach of fiduciary duty. 151 B.R. 739, 767-68

(S.D. W. Va. 1992). There, the officers and directors seeking administrative priority status for their legal fees incurred by defending against the post-petition lawsuit had all started during their employment with the debtor post-petition. *Id.* Additionally, the complaint in that lawsuit concerned only the post-petition conduct by the officers and directors. *Id.* The district court, on appeal, stated that the bankruptcy court properly concluded that the officers and directors were entitled to an administrative expense claim based on indemnification clauses in the debtor's articles of incorporation because the claim against the officers and directors related solely to their post-petition conduct and services. *Id.* at 768.

24.     Here, like the administrative claimants in *Heck's Properties*, Ms. Cole is seeking indemnification for attorneys' fees that she incurred solely during the post-petition period and relating to her role as the COO and member of the Debtor's Board of Directors post-petition. Although Ms. Cole started her employment before the Debtors filed their Chapter 11 petition, the vast majority of her employment took place post-petition, and the focus of the Rule 2004 examination concerned her employment and resignation therefrom during the post-petition period. Additionally, the Debtors' Articles of Incorporation indemnify officers and directors, *former* and current, such as Ms. Cole, to the fullest extent permitted by law.

B.  Cost-shifting

25.     In addition to Ms. Cole's indemnification right, pursuant to Federal Rule of Civil Procedure 45, non-parties, such as Ms. Cole, should not be required to bear the costs associated with production of documents. *TEC-Serv, LLC v. Crabb*, 11-62040-CIV, 2012 WL 12925231, at *13 (S.D. Fla. Dec. 21, 2012) ("The [requesting parties] shall reimburse [the non-party] his reasonable and necessary costs in connection with complying with the subpoena."); *Landstar Glob. Logistics, Inc. v. Haskins*, 3:09-CV-1163-J-32JRK, 2011 WL 13176155, at *8 (M.D. Fla. Jan. 25, 2011) (holding that the requesting party must bear the

costs of copying and transportation of documents and explaining that the Eleventh Circuit has "recognize[ed] that ***Rule 45(c)(2)(B) 'requires*** a party seeking to enforce a subpoena to ***pay the costs*** of producing the material'" (citing *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005))) (emphasis added).

26.    Ms. Cole conducted a necessary, and reasonable, document review in order to produce the documents that were responsive to the Noticing Parties' requests for documents and, secondarily, to assure that Ms. Cole did not produce any privileged documents.  Because of the dispute between Debtors and the 2004 Noticing Parties and the resulting revised 2004 document requests, Ms. Cole and her counsel had to conduct a second review of documents. Under Federal Rule of Civil Procedure 45, these attorneys' fees are also considered a cost of production that should be shifted to the Debtors' estate. *See United States ex rel. Willis v. SouthernCare, Inc.*, No. CV410-124, 2015 U.S. Dist. LEXIS 127746, at *38 (S.D. Ga. Sep. 23, 2015) (ordering payment of reasonable compensation for costs associated with producing documents to non-party, including attorneys' fees).

27.    In order to protect disinterested non-parties from incurring significant expense in complying with a subpoena in a case for which they have no interest, "[c]ourts have used a balancing approach to examine the equities of each particular case in order to determine how much cost to shift from the non-party to the discovering party." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-CIV-81397, 2016 U.S. Dist. LEXIS 58208, at *22-23 (S.D. Fla. Apr. 26, 2016). In balancing the equities, courts examine: "whether the non-party actually has an interest in the outcome of the case, whether the non-party can more readily bear its cost than the requesting party, and whether the litigation is of public importance." *In re Hornbeam Corp.*, No. 14-CV-24887, 2019 U.S. Dist. LEXIS 179576, at *3 (S.D. Fla. Sep. 27, 2019) (quoting *Sun Capital Partners*, 2016 U.S. Dist. LEXIS 58208, at *22-23).

28.    It is respectfully submitted that Ms. Cole is entitled to cost-shifting per the *Sun Capital Partners* standard.  First, Ms. Cole has no interest in the outcome of these cases. Despite her prior employment with the Debtors, a past relationship with one of the parties does not create a personal interest in a particular case. *In re Hornbeam Corp.*, 2019 U.S. Dist. LEXIS 179576, at *3 ("…[T]he Court is not persuaded that the relationship between [the non-party subpoena respondent] and Intervenors demonstrates his personal interest in the outcome of the case.").  Second, Ms. Cole cannot more readily bear the costs than the Debtors as she is participating in this case in her individual capacity for whom the costs of compliance have imposed a financial hardship.  Finally, this case is of no public importance as it is, at its core, a commercial dispute.

## RESERVATION OF RIGHTS

29.    Nothing herein should be construed as a waiver of any of Ms. Cole's rights or remedies, at law or equity.

## NOTICE OF THIS MOTION

21.    Notice of this Motion has been provided to counsel to the Debtors and all parties entitled to ECF notice.  Ms. Cole respectfully submits that no other or further notice is required.

## CONCLUSION

For the foregoing reasons, Ms. Cole respectfully requests that the Court enter an order substantially in the form attached as Exhibit "C": (i) granting Ms. Cole an allowed administrative expense claim in the amount of no less than  $53,459.50 plus reasonable attorneys' fees; (ii) directing the Debtors or such other party as the Court deems appropriate to make payment of such allowed administrative expense claim consistent with an Order of this Court; and (iii) providing for such other and further relief to Ms. Cole as this Court deems just and proper.

**WERNICK LAW, PLLC**

By: /s/ *Aaron A. Wernick, Esq.*

Aaron A. Wernick, Esq.
*Counsel to Kathleen Cole*
2255 Glades Rd, Ste 324A
Boca Raton, FL 33431
Telephone:  (561) 961-0922
Email: awernick@wernicklaw.com

**AND**

**HALPERIN BATTAGLIA BENZIJA, LLP**

By:    /s/ *Walter Benzija*
Walter Benzija, Esq. (*Pro Hac Vice Admission Pending*)
Matthew T. Murray, Esq. (*Pro Hac Vice Admission Pending*)
*Counsel to Kathleen Cole*
40 Wall Street, 37th floor
New York, NY  10005
Telephone:  (212) 765-9100
Email: wbenzija@halperinlaw.net
        mmurray@halperinlaw.net