**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., et al.

      Debtor.

Case No.  22-17842-PDR

Chapter 11

Jointly Administered

_____/

## MOTION TO ALLOW CLAIM AS TIMELY FILED

Jasmin Williams ("Movant"), by and through her undersigned local counsel, files this Motion to Allow Claim as Timely Filed, as follows:

1.      On November 14, 2022, Movant filed her Notice of Bankruptcy Rule 2004 Examination of Debtor – Request for Production of Documents Only (the "Document Request") [ECF No. 334].

2.      On December 18, 2022, Movant filed her Motion for Relief from Automatic Stay to Liquidate Prepetition Claim (the "Stay Relief Motion") [ECF No. 546].

3.      The claims bar date was December 19, 2022.

4.      Movant did not formally file a proof of claim prior to the claims bar date.

5.      On March 16, 2023, Movant submitted her formal proof of claim to the claims agent by U.S. Mail to: Vital Pharmaceuticals, Inc., et al., Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, a copy of which is attached hereto as Exhibit "A".

6.      The Court of Appeals for the Eleventh Circuit has specifically adopted the informal proof of claim doctrine.  *In re Castellon*, 2013 Bankr. LEXIS 3399, *5-6 (Bankr. S.D. Fla. August 20, 2013) (citing *In re Charter Co.*, 876 F.2d 861 (11th Cir. 1989).

7.      "It is an equitable remedy that, as this court has previously noted, is intended "to alleviate problems with form over substance; that is, [to] equitably prevent the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a proof of claim." *Id*. (citing *In re L. Meyer & Son Seafood Corp*., 188 B.R. 315, 319 (Bankr. S.D. Fla. 1995)).

8.      In this case, the actions of undersigned counsel of filing both the Document Request and Stay Relief Motion *prior* to the claims bar date, constitute an informal proof of claim. ("According to controlling precedent, to constitute an informal proof of claim, the creditor must file a formal pleading that "apprise[s] the court of the existence, nature and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim."). *Id*. at *6 (citing *Charter*, 876 F.2d at 863-64 (citing *In re South Atlantic Financial Corp*., 767 F.2d 814, 817 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S. Ct. 1197, 89 L. Ed. 2d 311 (1986)); *accord In the Matter of Nikoloutsos*, 199 F.3d 233 (5th Cir. 2000))).

9.      In this case, the Stay Relief Motion attaches as Exhibit "A" a copy of Movant's complaint filed in the Superior Court of the State of California for the County of San Bernadino (the "State Court"), which fully apprised the Debtor and this Court of the existence and the nature of Movant's claims and clearly identified Movant as a creditor of the bankruptcy estate.

10.     Moreover, the Stay Relief Motion constitutes Movant's clear intention to hold the Debtor liable for her claims.

11.     Accordingly, under the facts and circumstances of this case and applicable law in the Eleventh Circuit, the Court should conclude that the Document Request and Stay Relief

2

Motion, incorporate all of the elements to constitute an informal proof of claim and the attached proof of claim should be deemed as timely filed.

**WHEREFORE**, Jasmin Williams, respectfully requests the entry of an order deeming the attached proof of claim as timely filed and providing any further relief deemed appropriate under the circumstances.

Dated this 16th day of March, 2023.

> **LAW OFFICE OF MARK S. ROHER, P.A.**
> 1806 N. Flamingo Road, Suite 300
> Pembroke Pines, Florida 33028
> Email:  mroher@markroherlaw.com
> Telephone:  (954) 353-2200
>
> By:    */s/ Mark S. Roher*
>           Mark S. Roher
>           Florida Bar No. 178098

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2023, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

> */s/ Mark S. Roher*
> Mark S. Roher

Anne Aaronson on behalf of Creditor Crown Cork & Seal USA, Inc.
aaaronson@dilworthlaw.com, ctomlin@dilworthlaw.com

Thomas L Abrams on behalf of Creditor EASTGROUP Properties, L.P.
tabrams@tabramslaw.com, fcolumbo@tabramslaw.com

Scott Andron on behalf of Creditor Broward County
sandron@broward.org, swulfekuhle@broward.org

John A Anthony on behalf of Creditor Nevada Beverage Co
janthony@anthonyandpartners.com,

efilings@anthonyandpartners.com;euzonwanne@anthonyandpartners.com;sdavis@anthonyandpartners.com

Anthony J Aragona, III on behalf of Creditor Mitsubishi HC Capital America, Inc.
aja@devaronalaw.com

Marc P Barmat on behalf of Creditor The American Bottling Company
mbarmat@furrcohen.com,
rrivera@furrcohen.com;atty_furrcohen@bluestylus.com;staff1@furrcohen.com

Paul J. Battista, Esq on behalf of Interested Party Jack H. Owoc
pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com

Eyal Berger, Esq. on behalf of Creditor Monster Energy Company
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Leyza F. Blanco, Esq. on behalf of Creditor Committee Creditor Committee
lblanco@sequorlaw.com, jdiaz@sequorlaw.com

Ronald D. P. Bruckmann on behalf of Creditor Ardagh Metal Packaging USA Corp.
rbruckmann@shumaker.com, celgin@shumaker.com

Kyler K Burgi on behalf of Creditor EVOX FL Pembroke 20351 LLC
kyler.burgi@dgslaw.com

Kevin Michael Capuzzi on behalf of Creditor Trinity Logistics, Inc.
kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Robert P. Charbonneau, Esq. on behalf of Creditor Stellar Group, Inc.
rpc@agentislaw.com,
nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Jesse R Cloyd on behalf of Creditor Stellar Group, Inc.
jrc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

David H Conaway, Esq on behalf of Creditor Ardagh Metal Packaging USA Corp.
dconaway@slk-law.com

Ralph W. Confreda, Jr on behalf of Creditor Balboa Capital Corporation

rconfreda@mcglinchey.com, alozada@mcglinchey.com

Philip W Crawford on behalf of Creditor EFL Global
pcrawford@gibbonslaw.com

Philip W Crawford on behalf of Creditor EFL Global Logistics Canada, Ltd.
pcrawford@gibbonslaw.com

Matthew G Davis on behalf of Creditor HACI Mechanical Contractors, Inc.
mdavis@pdtlegal.com, jdorta@pdtlegal.com

Ronald M Emanuel, Esq on behalf of Creditor U.S. Bank National Association d/b/a U.S. Bank Equipment Finance
ron.emanuel@emzwlaw.com,
martha.rivera@emzwlaw.com;eservice@emzwlaw.com;cindy.carhartt@emzwlaw.com

Brendan S Everman on behalf of Creditor Arista Music
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Arista Records LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Capitol Records, LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor LaFace Records LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor PolyGram Publishing, Inc.
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Records Label, LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Songs of Universal, Inc.
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Sony Music Entertainment
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Sony Music Entertainment US Latin LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor UMG Recordings, Inc.
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Universal Music - Z Tunes LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Universal Music Corp.
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Universal Music-MGB NA LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Universal Musica, Inc.
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Volcano Entertainment III LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman on behalf of Creditor Zomba Recording LLC
beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

G Steven Fender on behalf of Creditor Orange Bang, Inc.
steven.fender@fender-law.com, simone@fenderbollingpaiva.com

Keith W. Fendrick on behalf of Creditor Refresco Beverages US Inc
keith.fendrick@hklaw.com,
andrea.olson@hklaw.com;hapi@hklaw.com;brittany.jacobs@hklaw.com

Edward M Fitzgerald, Esq on behalf of Creditor XPO LOGISTICS, LLC
edward.fitzgerald@hklaw.com, tonya.berger@hklaw.com

Joseph D Frank on behalf of Creditor PepsiCo, Inc. together with its affiliates and subsidiaries
jfrank@fgllp.com,
mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com

Robert C Furr, Esq on behalf of Creditor The American Bottling Company
ltitus@furrcohen.com,
atty_furrcohen@bluestylus.com;jcrane@furrcohen.com;staff1@furrcohen.com;furrrr84158@not

ify.bestcase.com

David L Gay, Esq. on behalf of Creditor SLBS Limited Partnership d/b/a Summit Distributing
dgay@carltonfields.com,
cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net

Michael I Goldberg, Esq on behalf of Creditor Monster Energy Company
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Eric S. Golden, Esq. on behalf of Creditor ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing
egolden@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Eric S. Golden, Esq. on behalf of Creditor Americredit Financial Services, Inc. d/b/a GM Financial
egolden@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Jordi Guso, Esq. on behalf of Debtor Bang Energy Canada, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor JHO Intellectual Property Holdings, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor JHO Real Estate Investment, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Quash Seltzer, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Rainbow Unicorn Bev LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Vital Pharmaceuticals International Sales, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Debtor Vital Pharmaceuticals, Inc.
jguso@bergersingerman.com,

fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Interested Party Bang Energy Canada, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Interested Party JHO Intellectual Property Holdings, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Interested Party JHO Real Estate Investment, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Interested Party Quash Seltzer, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Interested Party Rainbow Unicorn Bev LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Interested Party Vital Pharmaceuticals International Sales, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Plaintiff Bang Energy Canada, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Plaintiff JHO Intellectual Property Holdings, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Plaintiff JHO Real Estate Investment, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Plaintiff Quash Seltzer, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Plaintiff Rainbow Unicorn Bev LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Plaintiff Vital Pharmaceuticals International Sales, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Plaintiff Vital Pharmaceuticals, Inc.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Aaron L Hammer on behalf of Creditor Marc Kesten
ahammer@hmblaw.com, ecfnotices@hmblaw.com

Andrea S. Hartley on behalf of Creditor Monster Energy Company
andrea.hartley@akerman.com, janet.salinas@akerman.com

Ross R Hartog on behalf of Creditor Faith Technologies Incorporated
rhartog@mrthlaw.com,
ecfnotices@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;lgener@mrthlaw.com;ycandia@mrthlaw.com;rhartog@ecf.courtdrive.com

Daniel Harvath on behalf of Creditor Brendan Abbott
dharvath@harvathlawgroup.com

Daniel Harvath on behalf of Creditor Peter Fischer
dharvath@harvathlawgroup.com

Christopher R Kaup on behalf of Creditor Nexus Steel, LLC
crk@tblaw.com, mburns@tblaw.com

Craig I Kelley on behalf of Creditor Carolina Canners, Inc.
craig@kelleylawoffice.com,
cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;kelleycr75945@notify.bestcase.com

Craig I Kelley on behalf of Creditor Southeast Cold Fill, LLC
craig@kelleylawoffice.com,
cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;kelleycr75945@notify.bestcase.com

Scott D Knapp on behalf of Creditor Nelson Mullins Riley & Scarborough, LLP
scott.knapp@nelsonmullins.com, traci.lewis@nelsonmullins.com

Harris J. Koroglu on behalf of Creditor Truist Bank
hkoroglu@shutts.com, mcabo@shutts.com;bvelapoldi@shutts.com

Gerard M Kouri Jr., Esq on behalf of Creditor Santander Consumer USA Inc. dba Chrysler
Capital
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Matthew F Kye on behalf of Creditor Mitsubishi HC Capital America, Inc.
mkye@kyelaw.com

Dennis J LeVine, Esq on behalf of Creditor LMR TRUCKING, INC.
Theresa.Byington@brockandscott.com, wbecf@brockandscott.com

Peter H Levitt, Esq on behalf of Creditor Truist Bank
plevitt@shutts-law.com, sboisvert@shutts.com

Corali Lopez-Castro, Esq on behalf of Creditor PepsiCo, Inc. together with its affiliates and
subsidiaries
clc@kttlaw.com, rcp@kttlaw.com

Nir Maoz on behalf of Creditor Orange Bang, Inc.
nmaoz@ktbslaw.com

Jerry M Markowitz on behalf of Creditor CM Builders, Inc., d/b/a Integrated Masonry
jmarkowitz@mrthlaw.com,
ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,marko
witzjr73991@notify.bestcase.com,jmarkowitz@ecf.courtdrive.com

Jerry M Markowitz on behalf of Creditor Faith Technologies Incorporated
jmarkowitz@mrthlaw.com,
ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,marko
witzjr73991@notify.bestcase.com,jmarkowitz@ecf.courtdrive.com

David B Marks on behalf of Creditor Monster Energy Company
brett.marks@akerman.com, charlene.cerda@akerman.com

Brigette G McGrath on behalf of Interested Party ORBIS RPM, LLC
bmcgrath@askllp.com, mudem@askllp.com

Juan J Mendoza on behalf of Creditor Committee Creditor Committee
jmendoza@sequorlaw.com, ngonzalez@sequorlaw.com

Fernando J Menendez on behalf of Creditor Committee Creditor Committee
fmenendez@sequorlaw.com, jdiaz@sequorlaw.com

Megan W Murray on behalf of Creditor Chestnut Hill Technologies, Inc.
mmurray@underwoodmurray.com,
dstrand@underwoodmurray.com;kmilliken@underwoodmurray.com;kmilliken@ecf.courtdrive.com

Klaus Peter Muthig, I on behalf of Creditor Maricopa County Treasurer
muthigk@mcao.maricopa.gov

Arthur C. Neiwirth, Esq. on behalf of Creditor Hardrock Concrete Placement Co, INC
aneiwirthcourt@qpwblaw.com

Arthur C. Neiwirth, Esq. on behalf of Creditor Hardrock Concrete Placement Co., Inc.
aneiwirthcourt@qpwblaw.com

Michael Jordan Niles on behalf of Debtor Vital Pharmaceuticals, Inc.
mniles@bergersingerman.com,
efile@bergersingerman.com;efile@ecf.inforuptcy.com;zmorton@bergersingerman.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Joseph A Pack on behalf of Creditor Brendan Abbott
joe@packlaw.com

Joseph A Pack on behalf of Creditor Peter Fischer
joe@packlaw.com

Jimmy D. Parrish on behalf of Creditor 1600FLL LLC
jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

Justin D Plean on behalf of Creditor Hardrock Concrete Placement Co, INC
justin.plean@qpwblaw.com

Hamid R. Rafatjoo on behalf of Creditor ALDA 4747 W. Buckeye LLC
hrafatjoo@raineslaw.com, bclark@raineslaw.com

11

Hamid R. Rafatjoo on behalf of Creditor CI421 4747 W. Buckeye LLC
hrafatjoo@raineslaw.com, bclark@raineslaw.com

Hamid R. Rafatjoo on behalf of Creditor MFP 4747 W. Buckeye LLC
hrafatjoo@raineslaw.com, bclark@raineslaw.com

Aliette D Rodz on behalf of Creditor Truist Bank
arodz@shutts.com

Mark S. Roher, Esq. on behalf of Creditor Jasmin Williams
mroher@markroherlaw.com, ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com

Ezequiel Joseph Romero on behalf of Creditor Dairy Farmers of America, Inc.
romeroe@bryancave.com, zeke.romero30@gmail.com

Ezequiel Joseph Romero on behalf of Creditor Doehler USA, Inc.
romeroe@bryancave.com, zeke.romero30@gmail.com

Ezequiel Joseph Romero on behalf of Creditor Dohler Dahlenburg G.m.b.H
romeroe@bryancave.com, zeke.romero30@gmail.com

Ian M. Ross on behalf of Creditor Ball Metal Beverage Container Corp.
iross@sidley.com

Steven R Safra on behalf of Creditor Cole, Scott & Kissane, P.A.
Steven.Safra@csklegal.com, maria.montenegro@csklegal.com

David Samole, Esq on behalf of Creditor PepsiCo, Inc. together with its affiliates and
subsidiaries
das@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Michael D. Seese, Esq. on behalf of Creditor Driscoll, LLP
mseese@seeselaw.com, sseward@seeselaw.com

Zach B Shelomith on behalf of Creditor All Brands Distribution, LLC
zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com

Steven J. Solomon, Esq. on behalf of Creditor Steven J. Solomon Fiesta Warehousing &
Distribution
steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-robinson.com;Amador.Ruiz-
Baliu@gray-robinson.com

Andrew Sorkin on behalf of Debtor Vital Pharmaceuticals, Inc.
andrew.sorkin@lw.com, andrew-sorkin-3703@ecf.pacerpro.com;new-york-ma-2860@ecf.pacerpro.com;christopher.tarrant@lw.com

Annie Yang Stoops on behalf of Creditor Premium Beverage Company
annie.stoops@afslaw.com

Carolyn Tatkin on behalf of Creditor CM Builders, Inc. dba Integrated Masonry
tatkin@radixlaw.com

Frank Terzo, Esq. on behalf of Creditor Nelson Mullins Riley & Scarborough, LLP
frank.terzo@nelsonmullins.com, francis.santelices@nelsonmullins.com

Christopher R Thompson on behalf of Creditor ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing
crthompson@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Christopher R Thompson on behalf of Creditor Americredit Financial Services, Inc. d/b/a GM Financial
crthompson@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Thomas W. Tierney on behalf of Creditor Pettit Kohn Ingrassia Lutz & Dolin
ttierney@rosswayswan.com, kkelly@rosswayswan.com

Michael W Ullman, Esq on behalf of Creditor The Hamilton Group (Delaware), Inc.
michael.ullman@uulaw.net,
jared.ullman@uulaw.net;diana.simon@uulaw.net;alexandra.wagener@uulaw.net;laura.lytle@uulaw.net

Jason A. Weber, Esq. on behalf of Creditor Nexus Steel, LLC
jaw@tblaw.com, Nboffill@tblaw.com

Aaron A Wernick on behalf of Interested Party Gekay Sales + Service Co., Inc.
awernick@wernicklaw.com,
awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com;slamontagne@wernicklaw.com

J. Steven Wilkes on behalf of U.S. Trustee Office of the US Trustee
steven.wilkes@usdoj.gov

Stuart F Wilson-Patton on behalf of Creditor TN Dept of Revenue

stuart.wilson-patton@ag.tn.gov

**Fill in this information to identify the case:**

Debtor 1    Vital Pharmaceuticals, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Southern District of Florida

Case number    22-17842-PDR

# EXHIBIT "A"

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | Who is the current creditor? | Jasmin Williams, on her behalf and alls others similarly situated |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

| | | |
| --- | --- | --- |
| 2. | Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? |

| | | | |
| --- | --- | --- | --- |
| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Samy M. Harmoush | |
| | | Name | Name |
| | | 1230 Rosecrans Ave., Suite 300 | |
| | | Number        Street | Number        Street |
| | | Manhattan Beach        CA        90266 | |
| | | City                State        ZIP Code | City                State        ZIP Code |
| | | Contact phone  844-400-7269 | Contact phone |
| | | Contact email  samy@workersadvocate.law | Contact email |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | | __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| | | |
| --- | --- | --- |
| 4. | Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____        Filed on _____<br>MM  / DD  / YYYY |

| | | |
| --- | --- | --- |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|-------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?**

$ _____unliquidated_____ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**see attached Exhibit "A"**

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                        **Proof of Claim**                        page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3/15/2023 _____
 MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name    Mark S. Roher
 _____
 First name          Middle name              Last name

Title    Bankruptcy Attorney - Local Counsel
 _____

Company    Law Office of Mark S. Roher, P.A.
 _____
 Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    1806 N. Flamingo Road, Suite 300
 _____
 Number        Street

 Pembroke Pines                          FL        33028
 _____
 City                                     State      ZIP Code

Contact phone    954-353-2200                Email  mroher@markroherlaw.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Samy M. Harmoush, Esq. Bar No. 309966
Harmoush & Rashedi Law Group LLP
10866 Washington Blvd. #835
Culver City, CA 90232
TELEPHONE NO.: (833) 464-7529   FAX NO.: (213) 330-1009
ATTORNEY FOR *(Name):* JASMIN WILLIAMS

**FOR COURT USE ONLY**

EXHIBIT "A"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino, Justice Center

CASE NAME:
JASMIN WILLIAMS  v. VITAL PHARMACEUTICAL., INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter**  [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  10
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 10, 2021
Samy M. Harmoush, Esq.
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VITAL PHARMACEUTICAL, INC., a California Corporation; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASMIN WILLIAMS, on behalf of herself and all others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of CA- San Bernardino
247 West Third Street, San Bernardino, CA 94215

CASE NUMBER: *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samy M. Harmoush, 10866 Washington Blvd. #835 Culver City, CA  90232,  (833) 464-7529

DATE:                                    Clerk, by                                    , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

_____

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

_____

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
_____ District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

☐ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district                    . |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

_____
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                              ADDRESS

_____
CITY                                              STATE                       ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on_____at_____,
California.

_____
_Signature of Attorney/Party_

Form # 13-16503-360                     CERTIFICATE OF ASSIGNMENT                     Rev. June 2019
Mandatory Use

SAMY M. HARMOUSH, ESQ., SBN 309966
samy@GoHR.law
KIMBERLY COLE, ESQ., SBN 217780
kimberly@GoHR.law
HARMOUSH & RASHEDI LAW GROUP LLP
10866 Washington Blvd. #835
Culver City, CA 90232
Telephone: (833) 464-7529
Fax: (213) 330-1009

Attorneys for Plaintiff, JASMIN WILLIAMS,
on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JASMIN WILLIAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VITAL PHARMACEUTUCALS, INC., a California Corporation; and DOES 1 through 100,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br>2. FAILURE TO PAY MINIMUM WAGES;<br>3. FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF;<br>4. FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF;<br>5. WAITING TIME PENALTIES;<br>6. WAGE STATEMENT VIOLATIONS;<br>7. VIOLATION OF LABOR CODE § 2802;<br>8. VIOLATION OF LABOR CODE § 1198.5;<br>9. VIOLATION OF LABOR CODE § 226(c);<br>10. UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000] |

COMES NOW plaintiff JASMIN WILLIAMS ("Plaintiff"), on behalf of herself and all other similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by VITAL PHARMACEUTICALS, INC., a California corporation and any of its respective subsidiaries or affiliated companies within the State of California ("Vital Pharm."), and any of its respective subsidiaries or affiliates within the State of California and DOES 1 through 100, inclusive, as further defined below, ("Defendants").

2.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy of failing to pay wages, including overtime wages to Plaintiff and other similarly situated employees in the State of California in violation of California State wage and hour laws as a result of, including but not limited to, failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying straight pay instead of overtime pay, failing to pay prevailing wages, and/or failing to include prevailing wages in the overtime rate of pay; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

3.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy of failing to pay wages, including minimum wages to Plaintiff and other similarly situated employees in the State of California in violation of California state wage

**CLASS ACTION COMPLAINT**

and hour laws as a result of, including but not limited to, failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including. without limitation, by auto-deducting meal periods not taken; failing to pay failing to pay prevailing wages; and by detrimentally rounding. Manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

4.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal period for days on which employees worked in excess of ten (10) hours in a workday, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

5.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

6.      For at least three (3) years prior to the filing of this Action and continuing to the present, Defendants have failed to pay Plaintiff and other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202.

7.      For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy or practice of intentionally failing to furnish Plaintiff and

similarly situated employees within the State of California with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).

8.    For at least three (3) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy of failing to indemnify Plaintiff and other similarly situated employees or former employees within the State of California for cell phone hardware and usage. Failure to reimburse employees for business-related expenses is in violation of, among other authorities, Labor Code section 2802.

9.    For at least three (3) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy or practice of, upon written request to inspect or receive copies of records pursuant to Labor Code section 226, subdivision (b), pertaining to a current or former employee, complying with the request within 21 days from the date thereof.

10.    For at least three (3) years prior to the filing of this Action and continuing to the present, Defendants have had a consistent policy or practice of not making the contents of personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee available for inspection within 30 calendar days from the date of a written request, as required by Labor Code section 1198.5.

11.    Plaintiff, on behalf of herself and all other similarly situated employees, brings this Action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 510, 512, 558.1, 1194, 1194.2, 1197, 1198.5. 2802, and California Code of Regulations, Title 8, section 11010, seeking, inter alia, overtime wages, minimum wages, premium wages for missed meal and rest periods, reimbursements, penalties, and reasonable attorneys' fees and costs.

**CLASS ACTION COMPLAINT**

12.    Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business and Professions Code sections 17200 through 17208, also seeks an injunction prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled, as well as restitution of amounts owed.

**PARTIES**

A.    **Plaintiff**

13.    Plaintiff is a resident of the State of California. At all re1evant times herein, Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, performing advertising and outside marketing work, and handing out samples of the products created by Vital Pharm.

B.    **Defendants**

14.    Plaintiff is informed and believes and based thereon alleges, that defendant Vital Pharm. is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California, and doing business in the County of San Bernardino, State of California. At all relevant times herein, defendant Vital Pharm. employed Plaintiff and all other similarly situated employees within the State of California.

**JOINT LIABILITY ALLEGATIONS**

15.    Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture,

and conspiracy.

16.     All of the acts and conduct described herein of each, and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

17.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each joint defendant are legally attributable to the other defendants.

18.     Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Vital Pharm., and any of their subsidiaries or affiliated companies within the State of California, as

**CLASS ACTION COMPLAINT**

well DOES 1 through 100 identified herein.

19.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

20.    As such, Defendants, and each of them, are either solely, and/or jointly and severally, liable for the damages alleged in Plaintiffs operative complaint.

## JURISDICTION

21.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

22.    Venue is proper in San Bernardino County, California pursuant to Code of Civil Procedure sections 392, *et seq*. because, among other things, San Bernardino County is where the causes of action complained of herein arose, where defendants, or some of them, have their principal place of business. It is also the county in which the employment relationship began, the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed, was performed, and was breached by Defendants. Finally, venue is proper in San Bernardino County as the unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within San Bernardino County and the State of California, and because Defendants employ numerous Class Members in San Bernardino County and the State of California.

## FACTUAL BACKGROUND

23.    Plaintiff and all other similarly situated employees have not been paid, during the relevant liability periods, overtime wages for all overtime hours worked, as a result of, including but not limited to, Plaintiff and all other similarly situated employees working more than eight (8) hours in a workday, twelve (12) hours in a workday, more than forty (40) hours in a workweek, and/or seven

(7) consecutive workdays in a workweek without being properly compensated for hours worked in excess of (8) hours per day in a workday, twelve (12) hours in a workday, more than forty (40) hours in a workweek, and/or on the seventh consecutive workday in a workweek at the proper overtime rate of pay including, without limitation, by: failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying straight pay instead of overtime pay, failing to pay prevailing wages, and/or failing to include prevailing wages in the overtime rate of pay; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

24.     Plaintiff and all other similarly situated employees have not been paid, during the relevant liability periods, minimum wages for all regular hours worked, as a result of, including but not limited to, a consistent policy of failing to pay minimum wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay failing to pay prevailing wages; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

25.     Defendants have had a consistent policy or practice of failing to provide Plaintiff and all other similarly situated employees or former employees within the State of California a third (30) minute, uninterrupted, and timely meal period for days on which the employees worked more than five (5) hours in a workday; a second thirty (30) minute, uninterrupted, and timely meal period for

**CLASS ACTION COMPLAINT**

days on which employees worked in excess of ten (10) hours in a workday; and/or compensation for such unprovided meal periods as required by California wage and hour laws.

26.     Defendants have had a consistent policy or practice of failing to provide Plaintiff and all other similarly situated employees or former employees within the State of California paid, timely, and uninterrupted rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and/or compensation for such unprovided rest periods as required by California wage and hour laws during the relevant liability periods.

27.     At the time of Plaintiffs employment and the employment of other former employees of Defendants ended, during the relevant liability periods, Defendants, among other things, willfully failed to pay overtime wages, minimum wages. and one hour of wages in lieu of each non-compliant meal and/or rest period, and reimbursements for costs incurred in furtherance of work duties as set forth herein, prior to their resignation and/or termination.

28.     Defendants have failed, during the relevant liability periods, to comply with Labor Code section 226, subdivision (a), by intentionally failing to furnish employees with itemized wage statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

29.     Defendants have failed, during the relevant liability periods, to comply with Labor Code section 2802 by failing to indemnify Plaintiff and other similarly situated employees or former employees within the State of California for safety equipment or reimbursement for safety equipment employees were required to purchase due to the unsafe working conditions, in violation of, among other authorities, Labor Code section 2802.

30.     Defendants have failed, during the relevant liability periods, to comply with Labor

**CLASS ACTION COMPLAINT**

Code section 226, subdivision (c) by failing to. upon written request to inspect or receive copies of records pursuant to Labor Code section 226, subdivision (b), pertaining to a current or former employee, complying with the request within 21 days from the date thereof, in connection with Plaintiff and all others similarly situated.

31.    Defendants have failed to comply, during the relevant liability periods, with Labor Code section 1198.5 by failing to make the contents of personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee available for inspection within 0 calendar days from the date of a written request, as required by Labor Code section 1198.5.

32.    Plaintiff and all other similarly situated employees or former employees at all times pertinent hereto were not exempt from minimum wage requirements, overtime wage requirements, provision of meal breaks or compensation in lieu thereof, provision of rest breaks or compensation in lieu thereof, provision of being paid all wages before resignation or termination, provision of receiving accurate, itemized wage statements, provision of reimbursement for costs incurred in furtherance of work duties, permitting inspection of documents requested by employees under Labor Code sections 226 and l 198.5, and other such provisions of California law, and the implementing rules and regulations of the IWC California Wage Orders.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this Action on behalf of herself, and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent five (5) Classes composed of and defined as follows:

**Non-Exempt Class**
All current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class

**CLASS ACTION COMPLAINT**

(collectively referred to as "Non-Exempt Class").

**Meal Period Class**
All current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked shifts of five (5) hours or more (collectively referred to as "Meal Period Class").

**Rest Period Class**
All current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked shifts of three and-a-half (3.5) hours or more (collectively referred to as the "Rest Period Class").

**Late Pay Class**
All former non-exempt employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their due wages upon termination and/or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**
All current and former non-exempt employees of Defendants within the State of California to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

**Expense Class**
All current and former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who incurred costs in furtherance of their work duties that were not reimbursed by Defendants, including, without limitation, for safety equipment (collectively referred to as the "Expense Class").

**Wage Statement Inspection Class**
All former or current employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who were not timely provided with (or permitted to inspect) documents and/or information requested under Labor Code section 226, subdivision (b) upon request or were provided with (or permitted to inspect) incomplete records (collectively referred to as "Wage Statement Inspection Class").

**CLASS ACTION COMPLAINT**



**Personnel Records Class**

All former or current employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who were not timely provided with (or permitted to inspect) personnel records maintained by Defendants relating to the employee's performance or to any grievance concerning the employee as requested under Labor Code section 1198.5 upon request or were provided with (or permitted to inspect) incomplete records (collectively referred to as the "Personnel Records Class").

34.     Plaintiff reserves the right under California Rules of Court. rule 3.765, subdivision (b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

35.     This Action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

A.     **Numerosity**

36.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes, and based thereon alleges, that there are over ninety (90) Class Members employed by Defendants within the State of California.

37.     Accounting for employee turnover during the relevant time periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B.     **Commonality**

38.     There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

12

**CLASS ACTION COMPLAINT**

a)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by failing to adequately track, and therefore adequately pay, wages for time worked by Class Members?

b)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by failing to pay prevailing wages?

c)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by rounding, shaving and/or manipulating Class Members' time entries to their detriment?

d)    Did Defendants violate Labor Code sections 510, 1194, and 1197 by engaging, permitting, or suffering employees to work off the clock via, including, without limitation, auto-deducting meal periods?

e)    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay non-exempt employees at the proper overtime rate of pay, including, without limitation, by failing to include prevailing wages in their overtime rate of pay?

f)    Are Class Members entitled to liquidated damages under Labor Code section 1194.2 for Defendants' failure to pay minimum wages for all hours worked?

g)    Did Defendants violate Labor Code section 512 by not providing Class Members with compliant meal periods?

h)    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

i)    Did Defendants violate the applicable Wage Order(s) by not providing Class Members with compliant rest periods?

j)    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional usages for missed or interrupted rest periods?

**CLASS ACTION COMPLAINT**



k)    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

l)    Are Defendants liable to Class Members for waiting time penalties and/or Penalty wages under Labor Code section 203?

m)    Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

n)    Are Defendants liable to Class Members for failing to reimburse for separate laundry of uniforms?

o)    Are Defendants liable to Class Members for failing to reimburse for cell phone hardware and usage costs?

p)    Did Defendants violate Labor Code section 226, subdivision (c) by not timely providing Class Members with (or permitting them to inspect) a complete set of the documents described in Labor Code section 226, subdivision (b) upon request?

q)    Are Defendants liable to Class Members for penalties under Labor Code section 226, subdivision (f)?

r)    Did Defendants violate Labor Code section 1198.5 by not providing Class Members with timely and complete personnel records described under Labor Code section 1198.5, subdivision (a) upon request?

s)    Are Defendants liable to Class Members for penalties under Labor Code section 1198.5, subdivision (k)?

t)    Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, et seq., by their unlawful practices as alleged herein?

**CLASS ACTION COMPLAINT**



u)    Are Class Members entitled to restitution of penalty usages under Business and Professions Code section 17203?

v)    Are Class Members entitled to attorneys" fees?

w)    Are Class Members entitled to costs?

x)    Are Class Members entitled to interest?

**C.    Typicality**

39.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions. Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

40.    Plaintiff will fairly and adequately represent and protect the interest of the members of the Classes. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

41.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable. And questions of law and fact common to the Classes predominate over any questions affecting only individual members of each Class. Each member of each Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay overtime and minimum wages; failing to provide meal and rest breaks or compensation in lieu thereof; failing to provide accurate itemized wage statements; failing to pay all wages due upon termination and/or resignation; failing to reimburse

**CLASS ACTION COMPLAINT**

costs incurred in furtherance of work duties; and failing to timely permit inspection of complete records under Labor Code sections 226 and 1198.5.

42.     Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages — Against All Defendants)

43.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

44.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek and the first eight hours on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

45.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of twelve (12) hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

46.     At all times mentioned. Plaintiff and the Non-Exempt Class worked for Defendants during shifts that consisted of more than eight (8) hours in a workday, twelve (12) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7) consecutive workdays in a workweek,

**CLASS ACTION COMPLAINT**

without being paid overtime wages for all hours worked as a result of, without limitation, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying straight pay instead of overtime pay, failing to pay prevailing wages, and/or failing to include prevailing wages in the overtime rate of pay; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

47.     Accordingly, by requiring Plaintiff and the Non-Exempt Class to work in excess of eight (8) hours per workday, twelve (12) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays per workweek without properly compensating for overtime wages, as described above, Defendants willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and 1197, as well as applicable IWC Wage Orders and California law.

48.     As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Class have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code sections 1194 and 1199, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages — Against All Defendants)

49.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

50.     At all relevant times, Plaintiff and the members of the Non-Exempt Class were

**CLASS ACTION COMPLAINT**

employees of Defendants covered by Labor Code section 1197 and applicable Wage Orders. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Class were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

51.    Defendants failed to pay Plaintiff and members of the Non-Exempt Class minimum wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by auto-deducting meal periods not taken; failing to pay failing to pay prevailing wages; and by detrimentally rounding, manipulating and/or shaving time from the time records of Plaintiff and other similarly situated employees in the State of California.

52.    As a result of Defendants' unlawful conduct. Plaintiff and members of the Non-Exempt Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise under Defendants' control.

53.    Pursuant to Labor Code section 1194 and 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, interest, and penalties thereon, liquidated damages. reasonable attorneys' fees, and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods — Against All Defendants)

54.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

55.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not



less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Plaintiff and other members of the Meal Period Class were not provided with requisite uninterrupted meal periods as contemplated under the law.

56.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

57.    By their failure to provide Plaintiff and members of the Meal Period Class with the meal periods contemplated by Labor Code section 512, among other California authorities, and failing to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

58.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted and/or incomplete meal periods.

59.    Plaintiff and the other members of the Meal Period Class are entitled to recover the full amount of their unpaid additional pay for missed meal periods, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

///

///

**CLASS ACTION COMPLAINT**

1

2

## **FOURTH CAUSE OF ACTION**

**(Failure to Provide Rest Periods — Against All Defendants)**

3

4

60.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

5

6

7

8

9

10

11

12

13

14

61.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period. Plaintiff and other members of the Rest Period Class were not provided with requisite rest periods as contemplated under the law.

15

16

17

18

62.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the timely meal period or rest period is not provided.

19

20

21

22

23

63.     By their failure to provide Plaintiff and other members of the Rest Period Class with the timely complete rest periods contemplated by California law and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

24

25

26

64.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, uninterrupted, and incomplete rest periods.

27

28



**CLASS ACTION COMPLAINT**

65.     Pursuant to Labor Code section 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and members of the Rest Period Class are entitled to recover the full amount of their premium pay for unprovided rest periods, interest, and penalties thereon, and costs of suit.

## FIFTH CAUSE OF ACTION

### (Failure to Pay Due Wages at Termination — Against All Defendants)

66.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

67.     At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code sections 201 and 202.

68.     Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination, including overtime and minimum wages. Discharged employees were entitled to payment of all wages earned and unpaid, including without limitation, overtime, and minimum wages, prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid, including, without limitation, overtime, and minimum wages, prior to resignation within 72 hours after giving notice of resignation or if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid, including overtime wages, at the time of resignation.

69.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, due to a policy or practice of not paying all wages earned and owed, including overtime and minimum wages, prior to resignation or termination. failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid, including overtime wages and minimum wages prior to resignation or

21

**CLASS ACTION COMPLAINT**

termination in accordance with Labor Code sections 201 or 202.

70.    Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.

71.    Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination or resignation in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

72.    Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination or resignation that Defendants failed to pay them.

73.    Pursuant to Labor Code section 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due. Upon termination or resignation, until paid, up to a maximum of thirty (30) days.

74.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all v ages earned prior to termination or resignation.

75.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all waiting time penalties and penalty wages owed under Labor Code section 203.

76.    Pursuant to Labor Code sections 203, 218, 218.5, 218.6, Code of Civil Procedure sections 1021.5 and 1025, and Civil Code section 3287, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages and waiting time penalties under Labor Code section 203, reasonable attorneys' fees on their unpaid wages, interest, and costs of

suit.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements — Against All Defendants)

77.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

78.    At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code section 226.

79.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages. an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

80.    Plaintiff is informed and believe, and based thereon alleges, that at all relevant times, Defendants have had a policy or practice of issuing wage statements that do not accurately set out amounts due to, among other things, intentionally failing to furnish employees with itemized wage statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer and each direct employer at which they were placed to work.

81.    Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code section 226, subdivision (a).

82.    Defendants' practices resulted and continue to result in the issuance of wage statements to Plaintiff and other members of the Wage Statement Class that do not comply with Labor Code

section 226, subdivision (a).

83.     Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate wage statements, but willfully provided wage statements that Defendants knew were not accurate.

84.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies.

85.     Pursuant to Labor Code section 226. subdivision (e), Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000 per employee.

86.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and the other members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 — Against All Defendants)

87.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

88.     At all relevant times, Plaintiff and the other members of the Expense Class were employees of Defendants covered by Labor Code section 2802.

89.     California Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

90.     At all relevant times, Plaintiff and other members of the Expense Class were required to use their cellular telephones in furtherance of their employment without reimbursement.

91.     At all relevant times, Defendants failed and refused, and still fail and refuse, to reimburse Plaintiff and other members of the Expense Class for their costs incurred in cellular telephone hardware and usage.

92.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Expense Class have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the actual cost in cellular telephone hardware and usage.

93.     Pursuant to Labor Code section 2802, Code of Civil Procedure section 1032, and Civil Code section 3287, Plaintiff and other members of the Expense Class are entitled to recover reimbursement for the actual cost of telephone hardware and usage; and of laundering their uniforms separately from their other clothes, interest, and penalties thereon, reasonable attorneys' fees, costs of suit.

### **EIGHTH CAUSE OF ACTION**

### **(Violation of Labor Code Section 226(c) — Against All Defendants)**

94.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

95.     At all relevant times, Plaintiff and members of the Wage Statement Inspection Class



25

were employees or former employees of Defendants covered by Labor Code section 226.

96.     At all relevant times, under Labor Code section 226, subdivision (a), all deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97.     At all relevant times, under Labor Code section 226, subdivision (b), an employer required to keep information required by Labor Code section 226, subdivision (a) must afford current and former employees the right to inspect or receive a copy of records pertaining to their employment, upon reasonable request to the employer.

98.     At all relevant times, under Labor Code section 226, subdivision (c), an employer who receives a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employees must comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

99.     At all relevant times, under Labor Code section 226, subdivision (f), an employer who fails to permit a current or former employee to inspect or receive a copy of records within the time set forth in subdivision (c) entitles the current or former employee to recover a seven-hundred-fifty-dollar ($750) penalty front the employer.

100.     Defendants violated Labor Code section 226 by failing to timely permit Plaintiff and members of the Wage Statement Inspection Class to inspect or records described in Labor Code section 226, subdivision (b) that Defendants were required to maintain under subsection (a) upon reasonable request. Moreover, Plaintiff is informed and believes, and thereon alleges, that at all relevant times within the applicable limitations period, Defendants maintained a policy or practice of

failing to timely permit current or former employees inspect or copy their complete personnel records.

101.    As a result of Defendants' conduct, Plaintiff and other members of the Wage Statement Inspection Class did not receive documents to which they were entitled under Labor Code section 226, subdivision (b) and thus were not able to fully assess potential Labor Code and/or common law violations pertaining to unpaid wages by Defendants against Plaintiff and the Wage Statement Inspection Class while applicable statutes of limitations continue to run, resulting in irreparable injuries without adequate remedies at law. Additionally, Plaintiff and the Wage Statement Inspection Class bear the risk of being irreparably injured should the documents and records responsive to Labor Code section 226. subdivision (b) be lost and/or destroyed.

102.    Pursuant to Labor Code sections 226, subdivisions (f) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and the other members of the Wage Statement Inspection Class are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Violation of Labor Code section 1198.5 — Against All Defendants)

103.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

104.    At all relevant times, Plaintiff and members of the Personnel Records Class were employees or former employees of Defendants covered by Labor Code section 1198.5.

105.    Pursuant to Labor Code section 1198.5, "every current and former employee...has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

106.    Defendants were required to maintain a copy of each employee's personnel records for

a period of not less than three (3) years after termination of employment and make the contents of those personnel records available for inspection no later than thirty (30) calendar days from the date the employer received a written request.

107.    Defendants violated Labor Code section 1198.5 by failing to timely permit Plaintiff and other members of the Personnel Records class to inspect and/or receive copies of such documents. Moreover. Plaintiff is informed and believes, and thereon alleges, that at all relevant times within the applicable limitations period.  Defendants maintained a policy or practice of failing to timely permit current or former employees inspect or copy their complete personnel records.

108.    As a result of Defendants' conduct, Plaintiff and other members of the Personnel Records Class did not receive their complete personnel records as contemplated by Labor Code section 1198.5 and were not able to fully assess potential Labor Code and/or common law workplace-based violations by Defendants against Plaintiff and members of the Personnel Records Class  while applicable statutes of limitations continue to run, resulting in  irreparable injuries without adequate remedies at law.  Additionally, Plaintiff and members of the Personnel Records Class bear the risk of being irreparably injured should the documents and records responsive to Labor Code section 1198.5 be lost and/or destroyed.

109.    Pursuant to Labor Code section 1198.5, Plaintiff and members of the Personnel Records Class are entitled to a statutory $750 penalty each from Defendants and injunctive relief to obtain compliance with this section, as well as costs of suit and reasonable attorney' s fees.

## TENTH CAUSE OF ACTION

### (Unfair Competition — Against All Defendants)

110.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

111.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

112.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and all other similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff and all other similarly situated Class Members have been deprived of, among other things, overtime, and minimum wage compensation; provision of meal and rest breaks, or compensation in lieu thereof; provision of all wages upon termination or resignation; accurate wage statements; reimbursements for costs incurred in furtherance of work duties; and inspection of complete sets of documents to which they are entitled under Labor Code sections 226 and 1198.5.

113.    Pursuant to Business and Professions Code section 17203, Plaintiff and all other similarly situated Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.

114.    Restitution of the money owed to Plaintiff and all other similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

115.    Plaintiff and all other similarly situated Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

**CLASS ACTION COMPLAINT**

**DEMAND FOR A JURY TRIAL**

116.    Plaintiff demands a trial by jury on all causes of action contained herein.

**PRAYER**

**WHEREFORE,** on behalf of herself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.    An Order certifying this case as a Class Action;

B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.    Damages for all wages earned and owed, including minimum and overtime wages under Labor Code sections 510, 1194. 1197, 1199 and 558.1;

D.    Liquidated damages pursuant to Labor Code sections 1194.2 and 558.1;

E.    Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 226.7 and 558.1;

F.    Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 555.1;

G.    Damages for unpaid penalty wages under Labor Code sections 203 and 558.1;

H.    Waiting time penalties under Labor Code sections 203 and 558.1;

I.    Damages for unpaid reimbursements under Labor Code sections 2802 and 558.1;

J.    Penalties for failure to timely permit inspection of documents under Labor Code sections 226, subdivision (b) and 558.1;

K.    Penalties for failure to timely permit inspection of documents under Labor Code sections 1198.s and 558.1;

L.    Preliminary and permanent injunction(s) prohibiting Defendants from further violating



30

**CLASS ACTION COMPLAINT**

the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations;

M.      Restitution under Business and Professions Code section 17203;

N.      Pre-judgment and post-judgment interest at the maximum rate allowed by law;

O.      For costs of suit incurred herein;

P.      For reasonable attorneys' fees; and

Q.      For such other and further relief as the Court deems just and proper.

Dated: October 15, 2021            **HARMOUSH AND RASHEDI LAW GROUP, LLP**

BY: _____
        SAMY HARMOUSH
        KIMBERLY COLE

Attorneys for Plaintiff JASMIN WILLIAMS,
on behalf of herself and all others similarly situated



**CLASS ACTION COMPLAINT**

# EXHIBIT "B"

Diana M. Estrada (SBN 212702)
Brian C. Foster (SBN 291690)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
555 S. Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email: diana.estrada@wilsonelser.com
      brian.foster@wilsonelser.com

Attorneys for Defendant
VITAL PHARMACEUTICALS, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

| | |
|---|---|
| JASMIN WILLIAMS, on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>VITAL PHARMACEUTICALS, INC., a California Corporation; and DOES 1 through 100,<br><br>           Defendants. | Case No.: CIVSB2129573<br><br>CLASS ACTION<br><br>Hon. David Cohn<br>Dept. S26<br><br>**DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Action Filed: October 18, 2021 |

      Defendant Vital Pharmaceuticals, Inc. (hereafter "Defendant" or "Vital"), on behalf of itself and for no other Defendant, hereby answers the Complaint for Damages and Restitution ("Complaint") filed by Plaintiff Jasmin Williams, on behalf of herself and other class members, (hereafter "Plaintiff") as follows:

## GENERAL DENIAL

      Pursuant to Code of Civil Procedure § 431.30(d), this answering Defendant denies generally and specifically each and every allegation contained in the Complaint, and denies that Plaintiff has

1

1  suffered any injury or been damaged in any sum whatsoever.

2  **AFFIRMATIVE DEFENSES**

3  Defendant has not completed its investigation of the facts of this case, has not completed

4  discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses

5  asserted herein are based on Defendant's knowledge, information and belief at this time, and

6  Defendant specifically reserves the right to modify, amend or supplement any affirmative defense

7  contained herein at any time.  Without conceding that it bears the burden of proof or persuasion as to

8  any one of these, Defendant alleges the following defenses to the Complaint:

9  **FIRST AFFIRMATIVE DEFENSE**

10  **(Failure to State a Claim)**

11  1.      The Complaint as a whole, and each purported cause of action alleged therein, fails to

12  state facts sufficient to constitute a cause of action against Defendant upon which relief may be

13  granted.

14  **SECOND AFFIRMATIVE DEFENSE**

15  **(Statute of Limitations)**

16  2.      The Complaint as a whole, and each purported cause of action alleged therein, is barred

17  in whole or in part by the applicable statute of limitations, including but not limited to those set forth

18  in the California Labor Code, including but not limited to §§ 203, 226, the Code of Civil Procedure

19  §§ 335.1, 337, 338, 339, 340(a), 340(b), and Business and Professions Code § 17208, *et seq.*

20  **THIRD AFFIRMATIVE DEFENSE**

21  **(Lack of Standing)**

22  3.      Plaintiff lacks standing to bring a cause of action based on California Business and

23  Professions Code §§ 17200, *et seq.* because she has not suffered any injury in fact and has not lost

24  money or property as a result of unfair competition by this Answering Defendant as no alleged act or

25  omission of Defendant harmed or threatened to harm the public or the public interest.

26  //

27  //

28  //

2

## FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

4.      Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such alleged conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

5.      This case is not appropriate for class certification because Plaintiff is not able to fairly and adequately protect or represent the interests of all members of the putative class.

## SIXTH AFFIRMATIVE DEFENSE

### (Conflict)

6.      This case is not appropriate for class certification because Defendant alleges that certain of the interests of the Plaintiff and the putative class members are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons, which Plaintiff purports to represent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Numerosity)

7.      This case is not appropriate for class certification because Plaintiff cannot establish numerosity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Individualized Issues)

8.      This case is not appropriate for class certification because the individualized nature of Plaintiff's claims make class treatment inappropriate.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

9.      This case is not appropriate for class certification because the claims of Plaintiff are not typical of the claims of the alleged putative class.

//

**TENTH AFFIRMATIVE DEFENSE**

**(No Ascertainability)**

10.     Plaintiff's claims are not appropriate for either class treatment or a representative action because, among other reasons, the putative class and alleged "aggrieved employees" are not ascertainable.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence)**

11.     Any recovery on Plaintiff's Complaint, or any purported cause of action contained therein, is barred by the after-acquired evidence doctrine or the doctrine of after-acquired evidence limits or reduces Plaintiff's alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

12.     Although Defendant denies it has committed or has responsibility for any act that could support the recovery of damages in this lawsuit, if any, the claims of Plaintiff, any putative member of the purported class or representative action are barred and/or damages limited, by the doctrine of avoidable consequences because the alleged damages could have been avoided by reasonable effort, but Plaintiff and/or some or all of the putative class members of the purported class and/or representative action failed to do so.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

13.     Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action are barred, in whole or in part, to the extent such claims have been waived, discharged, and/or abandoned.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

14.     Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action are barred, in whole or in part, by their unclean hands and/or inequitable or wrongful conduct.

4

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

15. Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action are barred, in whole or in part, by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

16. Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action are barred, in whole or in part, by the principles of accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prior Release)

17. Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action are barred, in whole or in part, to the extent they entered into any settlement agreement with a release of claims, any such individual has released some or all of the claims alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Wage Dispute)

18. Plaintiff's claims and the claims of some or all of the putative members of the purported class action for waiting time penalties are precluded because there is a good faith dispute that any wages are due to them.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties Barred)

19. To the extent any of the putative members of the purported class action did not resign or were not discharged prior to the filing of this action, such individuals cannot recover waiting time penalties because such penalties cannot be recovered after the commencement of an action for penalties.

//

//

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**
271408639; 1

## TWENTIETH AFFIRMATIVE DEFENSE

### (Due Process)

20.     Plaintiff is not entitled to any civil penalties because under the circumstances of this case, any such recover would be unjust, arbitrary, oppressive, or confiscatory and is violative of the principles of substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

21.     Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action and each alleged cause of action is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of their failure to exercise reasonable diligence to mitigate their alleged damages and as such, any damages should be reduced accordingly.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith/Reasonable Grounds)

22.     Plaintiff's claims and the claims of some or all of the putative members of the purported class for liquidated damages under Labor Code §1194.2 should be denied or limited because the alleged acts or omissions at issue were in good faith and there were reasonable grounds for believing that such acts or omissions were not a violation of the Labor Code or other applicable orders.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

23.     If any damages have been sustained by Plaintiff and any putative member of the purported class and/or representative action, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations that Plaintiff and any putative member of the purported class and/or representative action owed to Defendant against any judgment that may be entered against Defendant.

//

//

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Unfair or Unlawful Conduct)**

24    If any damages have been sustained by Plaintiff and any putative member of the purported class action, are barred in whole or part, because the conduct by Defendant alleged in the Complaint was and is expressly permitted by law, and accordingly, such conduct cannot be deemed unfair or unlawful under Business and Professions Code §§ 17200 *et seq.*

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Jury Trial – Certain Claims)**

25.    Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action are not entitled to a trial by jury, including their claims under Business and Professions Code §§ 17200 *et seq.*

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

26.    Plaintiff's claims and the claims of some or all of the putative members of the purported class and/or representative action are barred in whole or part, because Defendant complied with its statutory obligations, if any, and to the extent it is determine that there was non-compliance, Defendant substantially complied with its obligations and is not liable for Plaintiff's causes of action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies - All Causes of Action)**

27.    Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust the requisite administrative remedies, and/or statutory remedies available to them prior to commencing this action.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Doctrine of De Minimus Non Curat Lex)**

28.    Plaintiff's claims are barred in whole or in part pursuant to the doctrine of de minimus non curat lex.

//

//

DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## **RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSE**

2          Because Plaintiff's Complaint is couched in broad and conclusory terms, and Defendant has

3   not completed its investigation and discovery regarding the acts and claims asserted by Plaintiff,

4   Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, the

5   right to assert additional defenses, if any to the extent that such defenses are applicable is hereby

6   reserved.

7          WHEREFORE, Defendant prays for judgment as follows:

8          1.      That the Court deny Plaintiff's request to maintain  or prosecute this action as a class

9   or representative action and deny any request to certify a class;

10          2.      That Plaintiff take nothing by her Complaint;

11          3.      That the Complaint be dismissed in its entirety with prejudice;

12          4.      That the Court enter judgment for Defendant and against Plaintiff, on all of her alleged

13   causes of action;

14          5.       For cost of suits incurred herein including reasonable attorneys' fees incurred to the

15   extent permitted by applicable law; and

16          6.      For such other and further relief as the Court deems just and equitable.

17

18   Dated: May 25, 2022                    WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP
19

20                                    By: _____
                                            Diana M. Estrada
21                                          Brian C. Foster
                                            Attorneys for Defendant
22                                          VITAL PHAMACEUTICALS, INC.

23

24

25

26

27

28

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**
271408638v.1

## PROOF OF SERVICE
Code Civ. Proc., § 1013b
*Jasmin Williams v. Vital Pharmaceuticals, Inc.* – Case No. CIVSB2129573

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071.

On **May 25, 2022**, I caused the foregoing document, entitled "**DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**" to be served on the person(s) identified in the attached Service List, at their respective business address(es), by the below-indicated means:

[X]   **(BY U.S. MAIL)** I enclosed [X] a true copy [] the original(s) documents in a sealed envelope or package addressed to the persons at the addresses in the attached Service List and (specify one):

[]      Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

[X]     Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 25, 2022**, at Los Angeles, California.


/s/ Michelle Kang
Michelle Kang

---

9

DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**SERVICE LIST**
*Jasmin Williams v. Vital Pharmaceuticals, Inc.* – Case No. CIVSB2129573

2

3   Samy M. Harmoush, Esq.
    Kimberly Cole, Esq.
4   HARMOUSH & RASHEDI LAW GROUP LLP
    10866 Washington Blvd., #835
5   Culver City, CA 90232
    Tel:    (833) 464-7529
6   Fax:    (213) 330-1009
    Email: samy@GoHR.lqw
7           kimberly@GoHR.law

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**
271408638v.1

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Diana M. Estrada (SBN 212702) Brian C. Foster (SBN 291690)
Wilson Elser Moskowitz Edelman & Dicker LLP
555 North Flower Street, Suite 2900
Los Angeles, CA 90071
TELEPHONE NO.: 213-443-5100    FAX NO. *(Optional):* 213-443-5101
E-MAIL ADDRESS *(Optional):* diana.estrada@wilsonelser.com
ATTORNEY FOR *(Name):* Defendant, Vital Pharmaceuticals, Inc.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS: 247 W. Third Street
CITY AND ZIP CODE: San Bernardino CA 92415-0210
BRANCH NAME: San Bernardino Civil Division

PLAINTIFF/PETITIONER: Jasmine Williams
DEFENDANT/RESPONDENT: Vital Pharmaceuticals, Inc.

FOR COURT USE ONLY

EXHIBIT "C"

**NOTICE OF STAY OF PROCEEDINGS**

CASE NUMBER:
CIVSB2129573

JUDGE: Hon. David Cohn
DEPT.: S26

**To the court and to all parties:**

1. Declarant *(name):* Diana M. Estrada

   a. ☐ is  ☐ the party  ☒ the attorney for the party   who requested or caused the stay.

   b. ☐ is  ☐ the plaintiff or petitioner  ☐ the attorney for the plaintiff or petitioner.  The party who requested the stay
   has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☒ With regard to the following parties *(specify by name and party designation):* Defendant, Vital Pharmaceuticals, Inc.

3. Reason for the stay:

   a. ☒ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the
   bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number,
   debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing
   arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the
   client's request for arbitration showing filing and service.)*

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 12, 2022

Diana M. Estrada
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courts.ca.gov

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

[ Print this form ] [ Save this form ]  [ Clear this form ]

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF FLORIDA

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Vital Pharmaceuticals, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | **DBA Bang Energy**<br>**DBA VPX Sports**<br>**DBA Redline**<br>**DBA Quash Life Lift**<br>**DBA VPX/Redline**<br>**DBA VPX** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **65-0668430** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **1600 N. Park Dr.**<br>**Weston, FL 33326**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Broward**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.bangenergy.com**

6. **Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Vital Pharmaceuticals, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3121__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

| Debtor | **Vital Pharmaceuticals, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10.** Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

☐ No

☑ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Exhibit 1 attached hereto** | Relationship | |
|---|---|---|---|
| District | | When | Case number, if known |

**11.** Why is the case filed in *this district?*

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** Does the debtor own or have possession of any real property or personal property that needs immediate attention?

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**█ Statistical and administrative information**

**13.** Debtor's estimation of available funds

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** Estimated number of creditors

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☑ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15.** Estimated Assets

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☑ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

| Debtor | **Vital Pharmaceuticals, Inc.** | Case number (*if known*) | |
| | Name | | |

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ■ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | Vital Pharmaceuticals, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **October 10, 2022**
MM / DD / YYYY

**X** **/s/ John C. DiDonato**      **John C. DiDonato**
Signature of authorized representative of debtor      Printed name

Title    **Chief Transformation Officer**

**18. Signature of attorney**

**X** **/s/ Jordi Guso**      Date **October 10, 2022**
Signature of attorney for debtor      MM / DD / YYYY

**Jordi Guso 863580**
Printed name

**Berger Singerman LLP**
Firm name

**1450 Brickell Avenue**
**Suite 1900**
**Miami, FL 33131**
Number, Street, City, State & ZIP Code

Contact phone   **305-755-9500**      Email address   **jguso@bergersingerman.com**

**863580 FL**
Bar number and State

---

## EXHIBIT 1 to Voluntary Petitions

| Debtor Name | TIN | Relationship | Date Filed | Case Number | District |
|---|---|---|---|---|---|
| Vital Pharmaceuticals, Inc. | 65-0668430 | Affiliate | October 10, 2022 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Bang Energy Canada, Inc. | 83-4135454 | Affiliate | October 10, 2022 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| JHO Intellectual Property Holdings, LLC | 82-3700010 | Affiliate | October 10, 2022 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| JHO Real Estate Investment, LLC | 84-2849394 | Affiliate | October 10, 2022 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Quash Seltzer, LLC | 85-2336501 | Affiliate | October 10, 2022 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Rainbow Unicorn Bev LLC | 88-2632254 | Affiliate | October 10, 2022 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Vital Pharmaceuticals International Sales, Inc. | 81-0918019 | Affiliate | October 10, 2022 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |

## WRITTEN CONSENT OF SOLE SHAREHOLDER
## AND SOLE DIRECTOR OF VITAL PHARMACEUTICALS, INC.

The undersigned, being the sole Shareholder and the sole Director of Vital Pharmaceuticals, Inc., a Florida corporation (the "Company"), pursuant to Florida Statutes section 607.0821, hereby adopts the following resolutions by this written consent in lieu of a meeting:

**WHEREAS**, the Director has reviewed and considered the operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, the liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's businesses, creditors and other parties in interest;

**WHEREAS**, the Director has received, reviewed and considered the recommendations of the management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code"), and the Director has had an opportunity to consult with the Company's management team and the Company's legal, financial and other advisors and has fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, the Director has determined in the exercise of his business judgment that it is in the best interest of the Company to authorize and empower management of the Company to file a Chapter 11 bankruptcy case;

**WHEREAS**, it is proposed that the Company enter into that certain Superpriority Secured Debtor-In-Possession Credit Agreement, to be dated on or after the date the Court issues the Interim DIP Order (as defined in the Chapter 11 Documents) (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the Company, as borrower, certain subsidiaries and affiliates of the Company party thereto from time to time as guarantors (the "DIP Guarantors"), the lenders party thereto from time to time (collectively, the "Lenders") and Truist Bank, as administrative agent for the Lenders (in such capacity, the "DIP Agent"). The date that the DIP Credit Agreement is entered into is referred to herein as the "DIP Effective Date";

**WHEREAS**, it is proposed that the Company enter into that certain Postpetition Security and Pledge Agreement, dated as of the DIP Effective Date (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Security Agreement"), by and among the Company, the DIP Guarantors and the DIP Agent, pursuant to which the Company and the DIP Guarantors will grant liens in substantially all of their respective personal property to the DIP Agent for the benefit of the holders of the Secured Obligations (as defined in the DIP Security Agreement);

**WHEREAS**, in connection with the DIP Credit Agreement and the DIP Security Agreement, it is proposed that the Company enter into certain Loan Documents (as defined in the

DIP Credit Agreement) (together with the DIP Credit Agreement and the DIP Security Agreement, collectively, the "<u>DIP Loan Documents</u>") and certain other instruments, certificates, agreements and other documents necessary, desirable, convenient, appropriate, advisable or otherwise requested by the DIP Agent to satisfy the covenants, conditions precedent and any conditions subsequent for the extension of credit under the DIP Credit Agreement, or in connection with the performance of its obligations under the DIP Loan Documents, including, without limitation, mortgages, deeds of trust, trust deeds, collateral access agreements, landlord waivers, bailee letters, common carrier letters, warehouse letters (or any similar agreement to any of the foregoing), security agreements, pledge agreements, guaranties, control agreements, lockbox agreements, stock powers, intercompany notes, promissory notes, allonges, assignments, Uniform Commercial Code financing statements, promissory notes, indorsements, notices of borrowing, borrowing base certificates, requests for advances, requests for issuance of letters of credit, any fee letters, engagement letters, commitment letters, payoff letters, post-closing agreements and any other affidavits, agreements, certificates, documents, instruments, notices, recordings or filings deemed necessary or proper by the DIP Agent or required by the DIP Loan Documents, and affidavits, agreements, certificates, documents, instruments, notices, recordings or filings relating to any of the foregoing (together with the DIP Loan Documents, collectively, the "<u>DIP Credit Documents</u>");

      **WHEREAS**, in connection with the execution, delivery and performance by the Company of the DIP Credit Documents to which it is a party, the Company may be required, or may deem it necessary or appropriate, to take such other actions, including, without limitation, the filing of Uniform Commercial Code financing statements or amendments thereto, or other filings necessary to perfect or give notice of liens, the notating of liens on titles, the delivery of stock powers and stock or other equity certificates, the delivery of allonges and notes, the payment of fees, costs and expenses, the giving of notices, the designation of persons authorized to act, and other actions as may be necessary or appropriate to perform under any DIP Credit Documents to which it is a party (collectively, the "<u>Related Actions</u>");

      **WHEREAS**, the Director has determined that the Company's entry into the DIP Credit Documents to which it is a party, including, if applicable, the Company's guarantee of obligations of the Borrower and the other DIP Guarantors in the DIP GCA and taking of the Related Actions (i) is necessary or convenient to the conduct, promotion or attainment of the Company's business and (ii) may reasonably be expected to benefit the Company, directly or indirectly; and

      **WHEREAS**, the Director has determined that the execution, delivery and performance of each DIP Credit Document to which the Company is a party and taking of the applicable Related Actions will benefit the Company and is in the best interest of the Company, including the granting of a lien on and/or security interest in substantially all of its assets to secure the obligations under the DIP Credit Documents to which it is a party, and to enter into and to perform its obligations under each DIP Credit Document to which it is a party.

1.   **<u>Chapter 11 Case</u>.**

      **NOW THEREFORE, BE IT RESOLVED** that the Director of the Company, for and on behalf of the Company, approves and ratifies the decision of management of the Company

promptly to file a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Florida (the "Court") if such action is deemed necessary by management, and to execute and deliver any and all documents required by, or necessary or appropriate with respect to, the filing and administration of the Chapter 11 Case (collectively, the "Chapter 11 Documents"); and it is further

RESOLVED, that the Director of the Company hereby authorizes, directs and empowers the President, Chief Executive Officer, Vice President, Chief Transformation Officer (either existing now or later appointed), General Counsel, Chief Financial Officer, Treasurer and/or Secretary of the Company (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of the Company to prepare, execute and/or verify and to cause to be filed, and the Secretary, any Assistant Secretary or other applicable officer, be and each hereby is authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Case, including but not limited to the petition, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, DIP Loan Documents, lists, motions, applications, objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation and other papers or documents) necessary or desirable in connection with the foregoing, including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

RESOLVED, that any of the Authorized Officers of the Company, who may act without the joinder of any of the other officer of the Company, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of the Company and otherwise to take all actions (including, without limitation, (i) negotiation, execution, delivery, and filing of any agreements, certificates, or other instruments or documents, (ii) the payment of any retainer or consideration for any professional retained by the Company in the Chapter 11 Case, and (iii) the payment of expenses and taxes as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Case, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

2. **Retention of Professionals.**

RESOLVED, that the Director hereby approves and ratifies the employment by the Company of the law firm of Latham & Watkins, LLP ("Latham & Watkins"), to represent the Company as its general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and all related matters, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers

3

prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Latham & Watkins; and it is further

**RESOLVED**, that the Director hereby approves and ratifies the employment by the Company of the law firm of Berger Singerman LLP ("BSLLP"), to represent the Company as its Florida bankruptcy co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and all related matters, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of BSLLP; and it is further

**RESOLVED**, that the Director hereby approves and ratifies (i) the employment by the Company of Huron Consulting Services LLC ("Huron") to provide the services of a Chief Transformation Officer to the Company, and other Huron personnel to assist the Chief Transformation Officer, in conjunction with the Chapter 11 Case and all related matters and (ii) the appointment of John C. DiDonato as Chief Transformation Officer; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Huron; and it is further

**RESOLVED**, that the Director hereby approves and ratifies the employment by the Company of the firm of Rothschild & Co US Inc. ("Rothschild & Co"), as investment banker to the Company in conjunction with the Chapter 11 Case and all related matters; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Rothschild & Co; and it is further

**RESOLVED**, that the Director hereby approves and ratifies the employment by the Company of Stretto, Inc. ("Stretto"), as claims and noticing agent in connection with the preparation for and administration of the Chapter 11 Case and all related matters; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

3.  **General Authorization.**

    **RESOLVED**, that the Authorized Officers of the Company and counsel for the Company are hereby authorized and directed to take all such further actions and execute and deliver all such further instruments and documents in the names and on behalf of the Company under their corporate seals or otherwise and to incur and pay such expenses as in his or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

4.  **Approval of DIP Credit Facility.**

    **RESOLVED**, that the Director hereby determines that the approval of the transactions contemplated by the DIP Credit Documents and the execution, delivery and performance by the Company of the DIP Credit Documents to which it is a party on the terms and conditions as substantially described or provided to the Director will benefit the Company and is in the best interest of the Company; and it is further

    **RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time (including, without limitation, any amendments or supplements to the DIP Credit Agreement that increase the amount of credit available thereunder) any of the DIP Credit Documents to which it is a party, and to take any and all actions that the Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Case and/or any post-petition financing or any cash collateral usage contemplated hereby or thereby; and it is further

    **RESOLVED**, that each Authorized Officer is hereby authorized, directed and empowered to do or cause to be done all such acts or things and to execute and deliver, or cause to be executed and delivered, under seal or otherwise, all such DIP Credit Documents or other affidavits, agreements, certificates, documents, instruments, notices, recordings and filings (including, without limitation, any and all certificates and notices required or permitted to be given or made under the terms, conditions or provisions of any of the agreements, documents or instruments executed therewith), in the name and on behalf of the Company on behalf of each of the Company's direct or indirect subsidiaries, as any such Authorized Officer, in his or her discretion, may deem necessary, proper or advisable to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of such subsidiary under all affidavits, agreements, certificates, documents, instruments, recordings and filings executed or delivered on behalf of such subsidiary in connection with the DIP Credit Documents to which such subsidiary is a party, and all acts of any Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

    **RESOLVED**, that the Company is hereby authorized to grant a lien on, security interest in, and/or pledge any and all of its properties and assets to secure its obligations (including any obligations guaranteed by it under the DIP Security Agreement, any other DIP Credit Document to which it is a party) under the DIP Credit Documents to which it is a party and to enter into and

to perform its obligations under each DIP Credit Document to which it is party and that the grant of liens, security interests and pledges by the Company as contemplated in the DIP Credit Documents to which it is party, and the grant of any additional liens, security interests or pledges pursuant to any additional security agreements or pledge agreements that may be required under the DIP Credit Documents to which it is party, and the execution of documents, agreements and instruments in connection therewith, and the filing of financing statements to perfect or otherwise evidence such liens, security interests or pledges, are in each case hereby authorized, approved, and adopted, as applicable; and it is further

**RESOLVED**, that the Company and any of its designees is hereby authorized to take any of the Related Actions, and that the DIP Agent or its designee may file any financing statement(s) or other filing or recording documents or instruments against the Company in connection with the grant of security under the DIP Security Agreement and the other DIP Credit Documents to which it is party, and that such financing statement(s) may, without limitation, include an "all assets" collateral description (including, without limitation, "all assets of debtor", "all personal property of the debtor", "all assets of the debtor, whether now existing or hereafter acquired or arising or in which debtor otherwise has rights and all proceeds thereof", or words of similar effect.

October __8__, 2022

John Owoc (Oct 9, 2022 22:13 EDT)

Jack H. Owoc, Sole Shareholder and Sole Director

1

**PROOF OF SERVICE**
Code Civ. Proc., § 1013b
*Jasmine Williams v. Vital Pharmaceuticals, Inc.*
San Bernardino Superior Court Case No. CIVSB2129573
WE File No. 24443.00001

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071. My electronic service address is michelle.kang@wilsonelser.com.

On October 12, 2022, I caused the foregoing document, entitled

**NOTICE OF STAY OF PROCEEDINGS**

to be served on the person(s) identified in the attached Service List, at their respective electronic service address(es), by the below-indicated means:

**[X]    (BY ELECTRONIC SERVICE)** I electronically served the foregoing document in PDF format on behalf of VITAL PHARMACEUTICALS, INC.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 12, 2022, at Los Angeles, California.


/s/ Michelle Kang
Michelle Kang

270250206v.3

1

**SERVICE LIST**
*Jasmine Williams v. Vital Pharmaceuticals, Inc.*
San Bernardino Superior Court Case No. CIVSB2129573
WE File No. 24443.00001

2

3

4

5  Samy M. Harmoush, Esq.

6  WORKERS' ADVOCATE LAW GROUP
   10866 Washington Blvd., #835

7  Culver City, CA  90232
   Tel:     (844) 400-7269

8  Fax:     (213) 300-1009
   Email: samy@workersadvocate.law

9

10         cc: marietta@workersadvocate.law

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

270250206v.3