**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | |

### AMENDED AND SUPPLEMENTAL[2] NOTICE OF VIDEOTAPED RULE 2004 EXAMINATION *DUCES TECUM*

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of the above-referenced debtors (the "Debtors" or "Company"), requests that John H. Owoc, produce the documents, electronically stored information, or objects described on the attached subpoena, who must permit inspection, copying, testing, or sampling of the materials listed in Exhibit A **on or before February 11, 2023** at **5:00 p.m. EST**, at the offices of **Sequor Law, P.A., Attn: Leyza F. Blanco 1111 Brickell Avenue, Suite 1250, Miami, Florida, 33131**, and the materials listed in Exhibit B **on or before April 3, 2023** at **5:00 p.m. EST**, at the offices of **Sequor Law, P.A., Attn: Leyza F. Blanco 1111 Brickell Avenue, Suite 1250, Miami, Florida, 33131.**

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Committee in the above-captioned chapter 11 cases of the Debtors, will examine John H. Owoc under oath **on April 24, 2023 at 9:30 a.m. EST**.  The examination will be conducted in-person at

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2]  Amended to update date of examination.  Supplemented to include the additional Document Requests listed in Exhibit B.

the offices of **Sequor Law, P.A Leyza F. Blanco 1111 Brickell Avenue, Suite 1250, Miami, Florida, 33131** and will be recorded by sound, sound-and-visual, or stenographic means. The examination may continue from day to day until complete.

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

Dated: March 20, 2023

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
-and-
Nicole Fulfree, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**
By: */s/ Leyza F. Blanco*
Leyza F. Blanco
Florida Bar No.: 104639
Fernando J. Menendez

Florida Bar No.: 0018167
Juan J. Mendoza
Florida Bar No.: 113587
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
Email: fmenendez@sequorlaw.com
Email: jmendoza@sequorlaw.com

*Counsel to the Official Committee of
Unsecured Creditors*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the

20th day of March, 2023, by electronic transmission through the Court's CM/ECF system upon

all parties registered to receive electronic noticing in this case and via U.S. first-class mail, postage

fully pre-paid, to John H. Owoc, 16720 Stratford Ct, Southwest Ranches, FL 33331.

*/s/ Leyza F. Blanco*
Leyza F. Blanco

# UNITED STATES BANKRUPTCY COURT
### Southern District of Florida

In re VITAL PHARMACEUTICALS, INC., *et al.*,  
              Debtors.

Case No. 22-17842 (PDR)

Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: John H. Owoc, 16720 Stratford Ct, Southwest Ranches, FL 33331

[X]  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| Sequor Law, P.A.<br>Attn: Leyza F. Blanco<br>1111 Brickell Avenue, Suite 1250,<br>Miami, Florida, 33131 | April 24, 2023 at 9:30 a.m. EST |

The examination will be recorded by this method: <u>audio visual or stenographic means</u>

[X]  *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: *if not produced electronically*<br>Sequor Law, P.A.<br>Attn: Leyza F. Blanco<br>1111 Brickell Avenue, Suite 1250,<br>Miami, Florida, 33131 | DATE AND TIME:<br>**Exhibit A** February 11, 2023 at 5:00 p.m. EST<br>**Exhibit B (Supplemental Requests)** - April 3, 2023 at 5:00 p.m. EST |
|---|---|

*All Documents on Exhibits A and B to the Subpoena*

---

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 20, 2023  
                CLERK OF COURT

                                      OR

_____          */s/ Leyza F. Blanco*_____  
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

LF-84 (rev. 12/01/21)

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors who issues or requests this subpoena, are: Leyza F. Blanco, Esq., 1111 Brickell Avenue, Suite 1250, Miami, FL 33131, lblanco@sequorlaw.com, (305) 372-8282.

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:

_____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:

_____

_____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:

_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying,

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research,
development, or commercial information; or

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      "Bank Statements" include any Documents evidencing transactions with traditional banking institutions and/or decentralized finance platforms, including but not limited to Venmo, Zelle, PayPal, Coinbase Wallet, or any other digital payment or cryptocurrency wallet applications.

2.      "Board" means any Officer, Director, or any group or subcommittee with the responsibility of, among other things, governing the Debtors or overseeing the activities and operations of the Debtors.

3.      "Chapter 11 Cases" means the chapter 11 cases filed by the Debtors in the Bankruptcy Court for the Southern District of Florida, jointly administered under lead Case No. 22-17842.

4.      "Communication" means any writing or any oral conversation of any kind or character, including, by way of example and without limitation, e-mails, instant messages, text messages, voicemail or messages, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of Documents, and all Documents concerning such writing or such oral conversation.

5.      "Concerning" means consisting of, reflecting, referring to, relating to, regarding, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these requests.  A request for Documents "concerning" a specified subject matter always shall include communications, notes, and memoranda (whenever prepared) relating to the subject matter of the request.

6.       "Debtors" means, collectively or individually, Vital Pharmaceuticals, Inc., Bang Energy Canada. Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc., and each of their predecessors or successors, assignees, prior or current parents, partners, subsidiaries, direct or indirect affiliates or controlled companies, prior or current Officers, Directors, employees, members, representatives, agents, advisors, accountants and/or attorneys, including but not limited to Mr. Owoc.

7.      "Directors" means each present and former director of the Debtors.

8.      "Document(s)" means, without limitation, the original and all copies, prior drafts, and translations of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all Electronically Stored Information, correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, microfilm, photographs, motion pictures, video tapes, photographic negatives, phonograph records, tape recordings, wire recordings, voice mail recordings or messages, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained.   The term "Document(s)" is intended to be at least as broad in meaning and scope as the usage of this term in or pursuant to the Federal Rules of Civil Procedure.

9.      "Electronically Stored Information" shall include, without limitation, the following: information that is generated, received, processed, recorded, or accessed by computers and other electronic devices, including but not limited to—

     i.   e-mail;
     ii.  Internal or external web sites;
     iii. Output resulting from the use of any software program; and
     iv.  All information stored on cache memories, magnetic disks (such as computer hard drives or floppy drives), optical disks (such as DVDs or CDs), magnetic tapes, microfiche, or on any other media for digital data storage or transmittal (e.g., a smartphone such as an iPhone®, a tablet such as an iPad®, or a personal digital assistant such as a Blackberry®).

10.     "How To with John Wilson" means the docuseries with filmmaker John Wilson airing on the Home Box Office ("HBO") television network.

11.     "Officers" means each present and former officer of the Debtors.

12.     "Person" means any natural person or any business, legal, or governmental entity or association.

13.     "Relating to" or "related to" means consisting of, reflecting, referring to, regarding, concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of this request.  A request for documents "relating to" a specified subject matter always shall include notes and memoranda (whenever prepared) relating to the subject matter of the request.

14.     "Time Period" means the period from January 1, 2017 through and including the present.

15.     "You" "Your" and/or "Mr. Owoc" shall mean John H. ("Jack") Owoc.

## RULES OF CONSTRUCTION

1.     The following rules of construction apply to these Requests:

    i.   the terms "all" and "each" shall be construed as encompassing the ordinary definitions of both "all" and "each," conjunctively;

    ii.  the connectives, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of their scope; and

    iii. the use of the singular form of any word shall include the plural and vice versa.

2.     All words, terms, and phrases not defined herein are to be given their normal and customary meaning in the context in which they are used.

## INSTRUCTIONS

1.     Unless otherwise indicated, the time period applicable to these requests is from January 1, 2017 through the present, and includes any documents created on an earlier date, but in use, modified, accessed, opened, uploaded or downloaded during the relevant Time Period.

2.     The obligation to produce documents responsive to these Document Requests shall be continuing in nature, and a producing party is required to promptly produce any Document requested herein that it locates or obtains after responding to these Document Requests, up to the date on which these Chapter 11 Cases are closed by an order of the Court.

LF-84 (rev. 12/01/21)

3.      Where an objection is made to any document request, the objection shall state with specificity all grounds for objection.

4.      Where a claim of privilege is asserted in objecting to the production of any Document, and a Document called for by this Document Request is withheld on the basis of such assertion, the objecting party shall identify the extent and nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked.  In addition, the objecting party shall provide the following information with respect to any Document so withheld:  (i) the type of Document, *e.g.*, letter or memorandum; (ii) the general subject matter of the Document; (iii) the date of the Document; and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressees of the Document, and any other recipients shown in the Document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

5.      In the event that a requested Document has been lost, destroyed, discarded, and/or otherwise disposed of; the parties will identify the Document by identifying: (i) its author or preparer; (ii) all persons to whom distributed or shown; (iii) date; (iv) subject matter; (v) attachments or appendices; (vi) date, manner, and reason for destruction or other disposition; (vii) person authorizing destruction or other disposition; and (viii) the Document Request or Requests to which the Document is responsive.

6.      Produce all responsive Documents as they are kept in the usual course of business, or organize and label them to correspond with the Document Request to which they are responsive.

7.      Pursuant to the Protective Order and Confidentiality Agreement entered on February 17, 2023, in In *re Vital Pharmaceuticals, Inc., et al.,* Case No. 22-17842 (PDR), ¶ 6, Docket No. 823 (the "Protective Order"), a copy of which is enclosed herewith, You may designate documents or testimony in accordance with the provisions of the Protective Order.

## DOCUMENT REQUESTS

1.      All Documents, including any Communications, relating to transactions between You and the Debtors, the Debtors' subsidiaries, or affiliated entities, including but not limited to salary, bonuses, other benefits (including but not limited to club memberships, travel expenses, automobile or housing allowances, and expense reimbursements), loans, consulting fees and any other consideration received from or paid to the Debtors, the Debtors' subsidiaries or affiliated entities.

2.      All Documents and Communications in Your possession, custody or control, relating to any analysis, evaluation or assessment of any intercompany transactions (e.g., as to fairness, reasonableness, propriety, legality, or cost-benefit) during the relevant Time Period including, but not limited to, Communications between You and other employees of the Debtors. This Request includes, but is not limited to, any Documents and Communications in Your possession related to any transactions involving the acquisition of real estate by the Company or any subsidiaries or affiliates using Company funds, and any agreements or transaction between the Company and any of Your family members or any entities owned or managed by You or them.

3.      All Documents and Communications in Your possession, custody, or control, regarding the decision to terminate the Debtors' exclusive distribution agreement with PepsiCo, Inc.

4.      All Documents and Communications regarding Your appearance on Season 2, Episode 2 of How To with John Wilson, including but not limited to, documents sufficient to identify any compensation for Your appearance.

5.      Any unreleased footage from Your appearance on Season 2, Episode 2 of How To with John Wilson.

6.      All Communications between You and the Debtors' former Chief Operating Officer, Kathleen Cole.

7.      All Documents, including any Communications, relating to real and/or personal property in Your use and/or possession that the Debtors have any interest in.

LF-84 (rev. 12/01/21)

8.      All Documents, including any Communications, relating to real and/or personal property in Your use and/or possession for which the Debtors participated in or funded (full or in part) the acquisition transaction.

9.      All Documents and Communications regarding the distributions received by You or on Your behalf from the Debtors which relate to the following properties (as they appear on the Debtors' records), including but not limited to, documents sufficient to show who directed the distribution, which entity the distribution was paid from, which individuals, entities, or bank account(s) the distributions were paid to:



a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.
p.
q.
r.

10.      All Documents, including any Communications and/or Bank Statements, regarding the ▆▆▆▆ payment to ▆▆▆▆ from the Debtors on ▆▆▆▆ including but not limited to documents sufficient to show who directed the distribution, which entity the distribution was paid from, which individuals, entities, or bank account(s) the distributions were paid to, and any promissory note or loan agreement related to the payment.

11.      All Documents, including any Communications and/or Bank Statements, relating to any direct payments by the Company of any personal expenses incurred by You.

12.      All Documents and Communications, including but not limited to Communications and/or Bank Statements, sufficient to show each distribution received by You from the any of the Debtors.

13.     All Documents and Communications, including but not limited to Communications and/or Bank Statements, sufficient to show the business purpose of each expense incurred by the Debtors on your behalf, including but not limited to vehicle expenses, travel expenses, or other employee expenses.

14.     Documents sufficient to show the nature and business of each entity with which you are affiliated in either an ownership or managerial capacity to the extent any such entities have entered into transactions with any of the Debtors, or received any monetary transfer from the Debtors, including in the form of a shareholder or equity distribution.

15.     Your federal and state tax returns for the years 2017-2022 documenting any and all compensation received from the Debtors, including but not limited to, compensation received in the form of salary, bonus, shareholder distribution, fringe benefit, or employee expense reimbursement.

16.     All Documents, including any Communications, regarding payments for and/or the purchase and source of financing of any vehicles owned by You or any of Your family members.

17.     All Documents, including any Communications, regarding the use of any and all distributions from the Debtor entities to You or Your family members during the relevant time period.

18.     All Documents, including any Communications, regarding any personal events hosted or attended by You that were paid for by or through the Debtors or affiliated subsidiaries.

19.     All Documents, including any Communications, regarding the documentary titled, "Bang Energy's Revolution: The Jack Owoc Story," or any other documentary about You, including but not limited to documents identifying (1) any Communications to individuals inviting them to participate in or be interviewed for the documentary, (2) any payments to individuals who participated in or were interviewed for the documentary, and (3) the costs associated with producing such documentary.

20.     All Documents, including any Communications, regarding the "Bang Energy Family" YouTube channel, including but not limited to documents identifying (1) the production company for the YouTube videos and (2) the costs associated with producing the videos for such channel.

21.    All Documents, including any Communications, regarding the "Jack Owoc" YouTube channel, including but not limited to documents identifying (1) the production company for the YouTube videos and (2) the costs associated with producing the videos for such channel.

22.    All engagement letters or retention agreements between You and ███████████████ related to any payments sent from the Debtors to █████████████ on your behalf.

23.    All Documents and Communications in your possession, custody or control regarding the decision to increase Your salary from ████████ in 2021 to ████████ in ████.

24.    All Documents and Communications in your possession, custody or control regarding the decision to increase Megan Owoc's salary from ████████ to ████████ in ██████████, including but not limited to documents sufficient to show when the salary increase was first requested and by whom.

25.    All Documents and communications in your possession, custody or control regarding the decision to increase Eugene Bukovi's salary from ████████ in ████ to ████████ in ████, including but not limited to documents sufficient to show when the salary increase was first requested and by whom.

26.    All Documents and Communications relating to the use or purpose of the ████ distribution, which was made on ████████ and the $891,777 distribution made on June 29, 2020 regarding █████████ ████████████████.

27.    Documents sufficient to show the relationship if any between You and 1█████████████████, or the owners of that property.

28.    Documents sufficient to show the relationship if any between You and 5█████████████████, or the owners of that property.

29.    Documents sufficient to show the relationship if any between You and ████████████████ ████, or the owners of that property.

30.    Bank Statements sufficient to show the account(s) to which the following distributions listed as ███████████████████████████ in the document with the index number 9.7.12.8 were deposited:

LF-84 (rev. 12/01/21)



31.    All documents and communications regarding each of the following ██████████ identified in document with the index number 9.7.12.8, including but not limited to documents sufficient to show who authorized each distribution and why.



32.    All documents and communications regarding the decisions to make the transfers or distributions identified in Request No. 30 and 31.

33.    Documents and communications regarding the Debtors' recruitment of former Monster employees, including but not limited to the conduct giving rise to the jury finding in *Monster Energy Company*

*v. Vital Pharmaceuticals, Inc. et al.*, Case No. 5:18-cv-1882, Docket No. 890 (C.D. Cal. Sep. 29, 2022), that Vital

Pharmaceuticals "maliciously and willfully misappropriate[d] Monster's trade secrets".

34.     Documents sufficient to identify all payments made by any of the Debtors to counsel for services

rendered on your behalf in connection with the defense or prosecution of any litigation claim(s) against You.

35.     All engagement letters or retention agreements between You and the following entities or law

firms:





36.     All documents and communications regarding the January 18, 2022 Amendment to Vital Pharmaceutical, Inc.'s Articles of Incorporation naming Scotton Rogerio as CEO and Kennedy Alejandro as Vice President which was filed with the Florida Secretary of State Division of Corporations on February 22, 2022 and the revocation, modification, or withdrawal of that amendment.

37.     Any PayPal account statements for any transfers from the Debtors' PayPal account(s) between 2018 to the petition date.

38.     Documents sufficient to identify the value and/or assets that each Non-Debtor affiliate pledged relating to the Debtors' prepetition loans.

39.     Documents sufficient to identify any write-offs effectuated by or on behalf of any of the Debtors.

40.     All Documents, Communications, unreleased videos, and/or draft social media posts regarding the benefits of "super creatine" from the Petition Date to present.

**EXHIBIT B**

**DEFINITIONS AND INSTRUCTIONS**

1.      The Definitions and Instructions set forth in Exhibit A of this Subpoena govern these Document Requests.

**DOCUMENT REQUESTS**

1.      All Documents and Communications regarding the following transfers from the Debtors to Jonathan W. Owoc, including, but not limited to, Documents such as Bank Statement sufficient to show who authorized each distribution, which Debtor-entity the distribution was paid from, which individuals, entities, or bank account(s) the distributions were paid to, and the use of the funds:

- ███████████████

2.      All Documents and Communications regarding the following transfers from the Debtors to JW Owoc Enterprise, including, but not limited to, Documents such as Bank Statement sufficient to show who authorized each distribution, which Debtor-entity the distribution was paid from, which individuals, entities, or bank account(s) the distributions were paid to, and the use of the funds:

- ███████████████

3.      All Documents and Communications regarding the following transfers from the Debtors to various state entities and taxing authorities (as identified in the Debtors' books and records), including, but not limited to, Documents such as Bank Statement sufficient to show who authorized each distribution, which Debtor-entity the distribution was paid from, and the individual(s) or entity on whose behalf the taxes were paid:





4.    All Documents and Communications regarding the following transfers from the Debtors to title companies (as identified in the Debtors' books and records), including, but not limited to, Documents such as Bank Statement sufficient to show who authorized each distribution, which Debtor-entity the distribution was paid from, and the individual(s) or entity on whose behalf the taxes were paid:

3

