UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

|  |  |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF ROTHSCHILD & CO US INC., AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 10, 2022 THROUGH FEBRUARY 28, 2023**

| | | |
|---|---|---|
| **1.** | Name of Applicant: | Rothschild & Co US Inc. |
| **2.** | Role of Applicant: | Investment banker to the Debtors |
| **3.** | Name of Certifying Professional | Homer Parkhill |
| **4.** | Date case filed: | October 10, 2022 |
| **5.** | Date of Retention Order: | November 22, 2022 |
| **IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:** | | |
| **6.** | Period for this Application: | October 10, 2022 through February 28, 2023 |
| **7.** | Amount of Compensation Sought: | $1,741,935.48 |

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

| 8. | Amount of Expense Reimbursement Sought: | $71,382.33[2] |
|---|---|---|
| **IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:** | | |
| 9. | Total Amount of Compensation Sought during case: | N/A |
| 10. | Total Amount of Expense Reimbursement Sought during case: | N/A |
| 11. | Amount of Original Retainer(s) | $10,000.00 |
| 12. | Current Balance of Retainer(s) remaining: | $3,241.82 |
| 13. | Last monthly operating report filed (Month/Year and ECF No.): | March 1, 2023 (ECF No. 877) |
| 14. | If case is Chapter 11, current funds in the Chapter 11 estate: | $16,732,457.00[3] |
| 15. | If case is Chapter 7, current funds held by Chapter 7 trustee: | N/A |

[2] Reflects the total gross amount of expenses incurred by Rothschild & Co during the First Interim Fee Period (defined below). As disclosed in the Retention Application (defined below), prior to the Petition Date (defined below), Rothschild & Co received a $10,000.00 retainer for anticipated prepetition expenses in process or not yet reflected in Rothschild & Co's accounting system on the Petition Date (the "***Expense Estimate***"). $6,758.18 of prepetition expenses incurred in relation to the Debtors were applied to the Expense Estimate, leaving $3,241.82 to be applied towards post-petition expenses approved by the Court. Accordingly, upon the Court's approval, the remaining $3,241.82 of the Expense Estimate will be applied to post-petition expenses sought pursuant to this Fee Application.

[3] This figure is obtained from the reported cash balances as of January 31, 2023, from the Debtors' most recently filed monthly operating reports for the month ending January 2023 [ECF Nos. 865-870, 877].

## FEE APPLICATION SUMMARY CHART

| | | REQUESTS | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|
| Date Filed[4] | ECF #[5] | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| 11/29/22 | - | 10/10/22 – 11/30/22 | $341,935.48 | - | $341,935.48 | - | - | - |
| 12/1/22 | - | 12/1/22 – 12/31/22 | $200,000.00 | - | $200,000.00 | - | - | - |
| 12/16/22 | - | 10/10/22 – 11/30/22 | - | $43,992.06 | - | $43,992.06 | - | - |
| 1/1/23 | - | 1/1/23 – 1/31/23 | $200,000.00 | - | $200,000.00 | - | - | - |
| 1/20/23 | - | 12/1/22 – 12/31/22 | - | $4,688.77 | - | $4,688.77 | - | - |
| 2/1/23 | - | 2/1/23 – 2/28/23 | $200,000.00 | - | $200,000.00 | - | - | - |
| 2/20/23 | - | 1/1/23 – 1/31/23 | $800,000.00[6] | $3,328.10 | - | - | $200,000.00 | - |
| 3/20/23 | - | 2/1/23 – 2/28/23 | - | $19,373.40 | - | - | - | - |
| | Total: | | $1,741,935.48 | $71,382.33 | $941,935.48 | $48,680.83 | $200,000.00 | - |

[4] Reflects date of invoice or date of Monthly Fee Statement sent to Application Recipients in accordance with the Interim Compensation Order.

[5] Invoices and Monthly Fee Statements were not required to be filed with the Court in accordance with the Interim Compensation Order.

[6] Represents New Capital Fee of $1,000,000.00, *less* the 20% subject to holdback.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | ) | Case No.: 22-17842-PDR |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**FIRST INTERIM FEE APPLICATION OF ROTHSCHILD & CO US INC., AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 10, 2022 THROUGH FEBRUARY 28, 2023**

Rothschild & Co US Inc. ("***Rothschild & Co***"), investment banker to the above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), hereby submits this first interim fee application (the "***Fee Application***") filed pursuant to sections 327(a), 328(a), 330(a) and 331 of title 11 of the United States Code (the "***Bankruptcy Code***")*,* Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***")*,* Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "***Local Rules***")*,* the *Order Approving the Employment of Rothschild & Co US Inc., As Investment Banker for the Debtors, Effective as of the Petition Date.* [Docket No. 393] (the "***Retention Order***"), the *Order Granting Debtors' Motion for Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 396] and the *Order Granting Ex*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Parte Motion to Amend the Interim Compensation Procedures Order* [Docket No. 503] (Docket No. 396 together with Docket No. 503, the "***Interim Compensation Order***").   This Fee Application meets all of the requirements set forth in the Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases, incorporated in Local Rule 2016-1(B)(1) (the "***Guidelines***"), except to the extent waived by the Retention Order or otherwise modified by orders of this Court.   Rothschild & Co requests the interim allowance of: (a) payment of compensation in the amount of **$1,741,935.48** of fees on account of reasonable and necessary professional services rendered to the Debtors by Rothschild & Co during the period of October 10, 2022 through and including February 28, 2023 (the "***First Interim Fee Period***"); and (b) reimbursement of actual and necessary costs and expenses in the amount **$71,382.33** incurred by Rothschild & Co in connection with such services.   In support of this Fee Application, Rothschild & Co respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction to consider this Fee Application pursuant to 28 U.S.C. §§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of the Debtors' bankruptcy cases and this Fee Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 327(a), 328(a), 330(a) and 331 and Bankruptcy Rules 2014(a) and 2016.

## BACKGROUND

4.      On October 10, 2022 (the "***Petition Date***"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors' cases (the "***Chapter 11 Cases***") are being jointly administered pursuant to the Court's *Order Granting Debtors' Ex*

*Parte Motion for Joint Administration* [Docket No. 43], entered on October 11, 2022.  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

5.      On the Petition Date, the Debtors filed an *Application to Employ Rothschild & Co US Inc. as Investment Banker for the Debtors, Effective as of the Petition Date* [Docket No. 23] (the "***Retention Application***").[2]

6.      On November 1, 2022, the United States Trustee appointed an official committee of unsecured creditors (the "***Committee***").

7.      On November 22, 2022, the Court entered the Retention Order authorizing the Debtors to retain Rothschild & Co to serve as investment banker in these Chapter 11 Cases.  The Retention Order provides, in part, that Rothschild & Co shall not be required to keep time records except in accordance with its normal firm policies.

8.      On November 22, 2022, the Court entered the Interim Compensation Order.  The Interim Compensation Order provides, in part, that each retained professional shall file Interim Fee Applications (as defined in the Interim Compensation Order) in accordance with the 120-day guideline set forth in Section 331 of the Bankruptcy Code for interim Court approval and allowance of compensation and reimbursement of expenses sought in the monthly fee statements (the "***Monthly Fee Statements***").

9.      The terms and conditions of Rothschild & Co's engagement in these cases, which were approved by the Retention Order, are based upon Rothschild & Co's engagement letter with the Debtors, dated as of April 8, 2022 (the "***Initial Engagement Letter***"), and

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Retention Application.

amendment to letter agreement dated as of August 9, 2022 (the "***Supplemental Engagement Letter***") (collectively, the "***Engagement Letter***").  Pursuant to the Retention Order and as set forth more fully in the Engagement Letter, Rothschild & Co has earned the following fees during the First Interim Fee Period:

     a.    An advisory fee (the "***Monthly Fee***") of $200,000 per month; and

     b.    A fee (the "***New Capital Fee***") of $1,000,000 in connection with the Debtors' debtor-in-possession ("***DIP***") financing.

10.    Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 26].

## COMPLIANCE WITH THE GUIDELINES

11.    This request is Rothschild & Co's first interim application for compensation and reimbursement of expenses for services rendered as investment banker to the Debtors.  As set forth in the Parkhill Declaration, Rothschild & Co has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

12.    In accordance with the Guidelines, as modified by the Court's Retention Order, the following exhibits are being submitted in connection with this Fee Application:

| Attached to the front of the Fee Application: | Summary of Fee Application and Fee Application Summary Chart |
|---|---|
| **Exhibit 1:** | Certification of Designated Professional |
| **Exhibit 2:** | Summary of Rothschild & Co Professionals working on this case |

| Exhibit 3: | Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements |
|---|---|

13.    The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies that, to the best of his knowledge, information and belief, this Fee Application complies with that rule, except to the extent waived by the Retention Order or otherwise modified by orders of this Court.  To the extent this Fee Application does not so comply, Rothschild & Co submits that such deviations are immaterial and respectfully requests that any relevant requirements be waived.

### SUMMARY OF SERVICES RENDERED

14.    Consistent with the Guidelines, the following summaries highlight certain key areas in which Rothschild & Co provided essential services to the Debtors during the First Interim Fee Period.  To provide a meaningful summary of services rendered on behalf of the Debtors and their estates, Rothschild & Co has established, in accordance with the Guidelines and its internal time-keeping procedures, the following matter numbers in connection with these Chapter 11 Cases:

| Matter number | Matter description |
|---|---|
| 1 | Board calls / meetings |
| 2 | Court hearings / filings |
| 3 | Creditor calls / meetings / related items |
| 4 | DIP financing and related items |
| 5 | General Case Administration |
| 6 | Financial and operational due diligence |
| 7 | General financial analysis / modelling / related items |
| 8 | General presentations / related items |
| 9 | Management, advisor & internal calls / meetings |
| 10 | Sale process / related items |

**A.  Board calls / meetings (Matter #1)**

5

15. This category includes time spent by Rothschild & Co professionals with respect to the preparation for and participation in various meetings and calls with the Debtors' board of directors (the "**Board**") to keep directors informed of relevant developments in the Debtors' bankruptcy proceedings, to make key decisions and to discuss the progress of the case and the progress towards certain restructuring and sale process milestones.

## B. Court hearings / filings (Matter #2)

16. This category includes time spent by Rothschild & Co professionals (i) participating in or monitoring Court hearings, (ii) engaging in research, performing various analyses and reviewing relevant documents in preparation for Court proceedings, (iii) reviewing, researching and analyzing case information included in or in connection with Court documents filed on behalf of the Debtors, as well as other pleadings and other document filings throughout these Chapter 11 cases, (iv) preparing and reviewing filings and declarations related to the sale of the Debtors' assets, and (v) preparing the Retention Application and Monthly Fee Statements in compliance with the Guidelines and Local Rules. Critical motions and documents filed by the Debtors during this period for which Rothschild & Co played a substantial role include the (1) *Debtors' Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 24]; (2) *Declaration of Homer Parkhill in Support of DIP Financing* [Docket No. 25]; (3) *Supplemental Declaration of Homer Parkhill in Support of DIP Financing* [Docket No. 388]; (4) *Second Supplemental Declaration of Homer Parkhill in Support of DIP Financing* [Docket No. 527]; (5) *Debtors' Motion for an Order (I) Approving (A) Bidding Procedures for the Sale of Substantially*

*All of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* [Docket No. 707]; (6) *Notice of Filing Clean and Redline Versions of the Proposed Order (I) Approving Bidding Procedures, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief, With Exhibits* [Docket No. 833]; and (7) *Declaration of Charles Delo in Support of Bidding Procedures* [Docket No. 834].

**C.  Creditor calls / meetings / related items (Matter #3)**

17.     This category includes time spent by Rothschild & Co professionals discussing due diligence, negotiations, general case updates, the sale process, DIP financing and other related items, with the Committee, the DIP lenders and each of their respective advisors.

**D.  DIP financing and related items (Matter #4)**

18.     This category includes time spent by Rothschild & Co professionals in connection with negotiating and finalizing the terms of the DIP financing which were subject to numerous objections by the Committee and certain creditors.  Rothschild & Co worked with the Debtors' other advisors to evaluate and review numerous financial and cashflow analyses and to negotiate the terms of the approved DIP financing.

**E.  General Case Administration (Matter #5)**

19.     This category includes time spent by Rothschild & Co professionals performing general case administration and submitting invoices and Monthly Fee Statements to the Debtors and Application Recipients.

**F.  Financial and operational due diligence (Matter #6)**

20.     This category includes Rothschild & Co's due diligence and involved, among other things, telephone calls with the Debtors' management to discuss the Debtors' financial information and operations, with a focus on cashflows, financial projections and the Debtors' capital structure.   The primary subjects reviewed on these occasions and in the course of Rothschild & Co's research include the assumptions underlying the Debtors' financial and cashflow projections, the operating and financial results of the Debtors and the terms of instruments / facilities of the Debtors' capital structure.

**G.  General financial analysis / modelling / related items (Matter #7)**

21.     This category includes time spent by Rothschild & Co professionals performing analyses of and reviewing the Debtors' cash flows, liquidity', capital structure, financial affairs, creditor negotiation scenarios, and business plan projections.   Rothschild & Co conducted and is conducting numerous analyses to support and facilitate discussions and negotiations on a variety of matters in these Chapter 11 Cases.

**H.  General presentations / preparation / related items (Matter #8)**

22.     This category includes time spent by Rothschild & Co professionals preparing various presentations and discussion materials for the Debtors' Board, management, DIP lenders, the Committee and various creditor groups together with their advisors in order to address a variety of issues and topics during the course of these cases.   These presentations and discussion

materials addressed various strategy recommendations, the status of Debtors' Chapter 11 Cases, projected liquidity, and creditor negotiation scenarios.

**I.  Management, advisor & internal calls / meetings (Matter #9)**

23.    This category includes time spent by Rothschild & Co professionals discussing relevant case proceedings and deliberating on case strategy.  This category also includes time spent by Rothschild & Co in meetings and calls with the Debtors' management and other retained professionals.  In general, given the complexity and nature of these reorganization proceedings, Rothschild & Co professionals participate several times a week in such meetings and calls.  These discussions are necessary to synchronize efforts and analyze, among other things, the Debtors' overall strategic alternatives, appropriate next steps, timing of future actions, discussions with all stakeholders and their advisors and general preparation in advance of meetings with other third parties.

**J.  Sale process / related items (Matter #10)**

24.    This category includes time spent by Rothschild & Co professional in relation to the sale of substantially all of certain Debtors' assets, including coordinating operational and financial due diligence calls with or responses from management, negotiating with each of the potential buyers and having calls with management and the Debtors' other retained professionals on the sale processes and related strategies.

### DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

25.    Rothschild & Co seeks interim allowance of compensation for professional services performed during the First Interim Fee Period in the amount of **$1,741,935.48.**   In addition, Rothschild & Co seeks reimbursement of expenses incurred in connection with the rendition of such services in the amount of **$71,382.33.**

26.    Pursuant to the terms of the Retention Order, the Debtors agreed to compensate Rothschild & Co $200,000 per month during the course of their engagement. Additionally, upon the consummation of certain events enumerated in the Retention Order, the Debtors agree to compensate Rothschild & Co by paying them a Minority M&A Transaction Fee, a Control M&A Transaction Fee and / or a New Capital Fee.

27.    Senior level professionals with extensive experience in the area of investment banking and bankruptcy services have directed Rothschild & Co's team.  The investment banking services set forth herein were performed primarily by Lee LeBrun (Partner, Head of Global Advisory North America), Homer Parkhill (Partner and Co-Head of Restructuring North America), Jaime Arrastia (Managing Director and Co-Head of Consumer & Retail North America), Charles Delo (Managing Director, Restructuring), John Kang (Director, Restructuring), Jarrod Burke (Vice President, Consumer), Nicolas Soupre (Vice President, Consumer), Matt Dyer (Associate, Restructuring), Gary Korik (Associate, Consumer), Ethan Tuckman (Analyst, Consumer), Sean Crotty (Analyst, Restructuring) and Sebastian Enriquez (Analyst, Consumer).  Rothschild & Co's general staffing policy is to assign senior bankers, experienced junior bankers and financial analysts to each restructuring assignment.  The senior bankers, in these cases Lee LeBrun, Homer Parkhill, Jaime Arrastia and Charles Delo have overall responsibility for the cases.  They are primarily responsible for developing strategy with respect to the cases, directing negotiations and interfacing with the other senior professionals involved with the cases.  John Kang and Jarrod Burke are responsible for day-to-day coordination of the cases and the review of all financial analyses.  The experienced junior bankers, in this case Nicolas Soupre, Matt Dyer and Gary Korik assist in the day-to-day coordination of the cases and guide the financial analyses and work closely with the financial analysts, in these cases Ethan Tuckman, Sean Crotty and

Sebastian Enriquez.  The senior bankers, the bankers responsible for day-to-day coordination, the experienced junior bankers and the financial analysts coordinate their actions so as to not duplicate efforts.  Given that the senior bankers, the bankers responsible for day-to-day coordination, the experienced junior bankers and the financial analysts have different roles in the cases but have overlapping responsibilities, there are frequent times where it is appropriate for two or more bankers to be present at a meeting.

28.     The amount of fees and expenses sought in this Fee Application and Rothschild & Co's billing processes are consistent with market practices for investment banking firms both in and out of a bankruptcy context.  Rothschild & Co's policy for all engagements, in or out of bankruptcy, is to dedicate the appropriate number of professionals to the assignment to complete the work as efficiently as possible.

29.     Rothschild & Co does not bill its clients based on the number of hours expended by its professionals.  It bills clients on a retainer basis (generally monthly), plus a transaction fee or fees based upon completion of certain milestones.  Accordingly, Rothschild & Co does not have hourly rates for its professionals, and Rothschild & Co's professionals generally do not maintain time records for the work performed for its clients.

30.     Furthermore, pursuant to the Retention Order, Rothschild & Co is entitled to reimbursement of reasonable and documented out-of-pocket expenses incurred in entering into and providing services pursuant to the Engagement Letter during the First Interim Fee Period.

31.     Rothschild & Co's charges for expenses to the Debtors are determined in the same manner as for clients in non-bankruptcy matters.  Out-of-pocket expenses incurred by Rothschild & Co are charged to a client if the expenses are incurred for the client or are otherwise necessary in connection with services rendered for such particular client.  Rothschild & Co does not factor

11

general overhead expenses into disbursements charged to clients in connection with chapter 11 cases. Rothschild & Co has followed its general internal policies with respect to out-of-pocket expenses billed to the Debtors as set forth below, with any exceptions fully explained:

a. Messengers and couriers are used by Rothschild & Co to deliver hard copy documents relating to a client matter, which require receipt on an expedited basis; otherwise, Rothschild & Co uses the regular postal system. Any charges for either messengers or couriers are billed to the client at cost;

b. All airfare and other transportation charges incurred by Rothschild & Co's employees directly in connection with services to the client and meals while travelling, are billed to client at cost and limited, in the case of airfare, to the cost of a coach-class refundable ticket;

c. The research / database category consists of the cost of using databases (*e.g.*, Capital IQ, FactSet, ThomsonOne, Factiva, *etc.*) to which Rothschild & Co subscribes to search for and obtain information used in Rothschild & Co's financial analyses. Rothschild & Co pays the vendor's standard rate for such database services. In certain instances, Rothschild & Co has determined that paying a flat annual or monthly fee for such services is less costly than contracting for such services on a per use basis. Such annual or monthly services are allocated to clients based on such clients' use of each service. The research category also consists of charges from outside services, which supply, for a fee, financial documents from regulatory agencies, which cannot be obtained from databases subscribed to by Rothschild & Co;

d. With respect to local travel, Rothschild & Co's general policy enables employees to travel by taxi or, in certain circumstances, by private car service, to and from meetings while rendering services to a client on a client related matter, for which the client is charged at cost. This policy is based on Rothschild & Co's determination that travel by taxi or private car service is the most efficient use of a professional's time. Rothschild & Co's employees are not permitted to charge personal commuting expenses to a client unless the employee is traveling after 9:00 p.m. or on the weekend and has been required to work late or on the weekend as a result of the time exigencies of that client's matters;

e. Telephone expenses are charged based on Rothschild & Co's actual cost of telephone charges with respect to client matters. Cellular phone charges are based on vendor's actual invoices; and

f. Word processing charges are based on rates provided by Rothschild & Co's third-party vendor and actual cost of overtime secretarial support in connection with client matters.

32.     Legal expenses represent legal fees charged by Rothschild & Co's external legal counsel, Debevoise & Plimpton LLP, for its work related to (i) Rothschild & Co's retention and fee applications in these Chapter 11 Cases; (ii) Homer Parkhill's declarations in support of the Debtors' DIP financing and in preparation for providing testimony related to the same; and (iii) Charles Delo's declaration in support of the bidding procedures proposed by the Debtors.

33.     Rothschild & Co has made every effort to minimize its expenses in these Chapter 11 Cases.  All of the fees and expenses for which allowance and payment are requested by Rothschild & Co in this Fee Application are reasonable and necessary, and were incurred during the First Interim Fee Period.  In seeking reimbursement of an expenditure, Rothschild & Co is requesting reimbursement "at cost" and does not make a profit on such expenditure.

### ROTHSCHILD & CO'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

34.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code provides that, subject to section 328 of the Bankruptcy Code, a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."

35.     The Retention Order approved Rothschild & Co's compensation and expense reimbursement pursuant to section 328 of the Bankruptcy Code, subject to the terms of the Retention Order.  Accordingly, compensation is sought subject to the standard of review set forth in section 328 of the Bankruptcy Code, and not the standard of review set forth in section 330 of the Bankruptcy Code, but subject to the terms of the Retention Order.

36.     Courts in the Eleventh Circuit have determined the reasonableness of interim fee applications with reference to the 12 factors set forth in *Johnson* v. *Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974).  *See Grant* v. *George Schumann Tire & Battery Co.,* 908 F.2d 874, 877-878 (11th Cir. 1990); *In re Rosenberg,* Case No. 09-13196-BKC- AJC, 2018 WL 3933661, at *4-5 (July 5, 2018); *In re Warner,* 141 B.R. 762, 765 (M.D. Fla. 1992); *In re Blue Stone Real Estate,* 487 B.R. 573, 576 (Bankr. M.D. Fla. 2013); *In re Cummings,* 371 B.R. 565, 569 (Bankr. S.D. Fla. 2007).  The twelve factors are:

(1)   The time and labor required;

(2)   The novelty and difficulty of the questions presented;

(3)   The skill required to perform the services properly;

(4)   The preclusion from other employment by the professional due to acceptance of the case;

(5)   The customary fee for similar work in the community;

(6)   Whether the fee is fixed or contingent;

(7)   The time limitations imposed by the client or circumstances;

(8)   The amount involved and results obtained;

(9)   The experience, reputation and ability of the professionals;

(10)  The undesirability of the case;

(11)  The nature and length of the professional relationship with the client; and

(12)  Awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

37.     Based on the standards set forth in Section 330 of the Bankruptcy Code and *Johnson*, Rothschild & Co believes that the fair and reasonable value of its services rendered

14

during the period covered by this Fee Application is the total amount of **$1,741,935.48** plus expenses of **$71,382.33**.

**A.  Time, Nature and Extent of Services Rendered, Results Obtained and Related *Johnson* Factors**

38.    The foregoing summary, together with the exhibits attached hereto, details the broad scope and extent of the professional services rendered by Rothschild & Co for the benefit of the Debtors' estates during the First Interim Fee Period.  Rothschild & Co has devoted significant time to this matter on a vast spectrum of issues which have arisen in these Chapter 11 Cases during the First Interim Fee Period.

**B.  Novelty and Difficulty of Questions Presented**

39.    Rothschild & Co has provided extensive support to the Debtors during this First Interim Fee Period.  Most importantly, Rothschild & Co has provided services related to strategizing, marketing and securing DIP Financing, which is an area of finance that Rothschild & Co professionals have extensive experience and market knowledge in.  Rothschild & Co spent considerable time reviewing and/or drafting presentations, models, agreements and other documents, all of which required special financial expertise, relevant to these Chapter 11 Cases.

**C.  Skill Requisite to Perform Services Properly**

40.    In rendering services to the Debtors, Rothschild & Co demonstrated substantial professional skill and expertise in in providing high-quality investment banking and financial restructuring services to the Debtors in these Chapter 11 Cases.

**D.  Preclusion from Other Employment by Professional due to Acceptance of Case**

41.    Rothschild & Co has devoted substantial time in the representation of the Debtors, as detailed in this Fee Application and the Exhibits attached hereto.  Rothschild & Co is aware of no other specific employment which was precluded as a result of its agreement to enter the

15

Engagement Letter with the Debtors, but had Rothschild & Co not accepted this employment, the time spent in this case would have been spent on other matters.

### E.  Customary Fee

42.    As further explained in the Retention Application, in light of the nature and complexity of these Chapter 11 Cases, given the numerous issues that Rothschild & Co has, and may, be required to address in the performance of its services to the Debtors, Rothschild & Co's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Rothschild & Co's services for engagements of this nature both out-of-court and in a chapter 11 context, Rothschild & Co believes that the Fee and Expense Structure detailed in the Retention Application is fair and reasonable and consistent with the broader market for such services.

### F.  Whether Fee is Fixed or Contingent

43.    While Rothschild & Co is entitled to a monthly fee under the terms of its Engagement Letter with the Debtors, Rothschild & Co's compensation in this matter is subject to approval of the Court and therefore contingent.  The Court should consider this factor, which militates in favor of a fee award in the amount requested.  The amount requested is consistent with the fee which Rothschild & Co would charge its clients in other non-contingent, bankruptcy and commercial cases.

### G.  Time Limitations Imposed by Client or Other Circumstances

44.    The circumstances of these cases occasionally imposed serious time constraints on Rothschild & Co and its professionals due to the necessity for rapid resolution of significant issues.

### H.  Experience, Reputation and Ability of Professionals

16

45.    Rothschild & Co and its professionals have extensive experience working with financially troubled companies from a variety of industries in complex financial restructurings, both out-of-court and in chapter 11 cases.  Rothschild & Co and its business reorganization professionals have served as financial and strategic advisors in numerous high-profile bankruptcies and restructurings, providing services to debtors, creditors' committees, and other constituencies in numerous cases.

**I.  "Undesirability" of Case**

46.    These cases are not undesirable.

**J.  Nature and Length of Professional Relationship with Client**

47.    Rothschild & Co has intimate familiarity with the Debtors' operations and capital structure through its prepetition services to the Debtors.  In providing these prepetition services, Rothschild & Co's professionals have become well-acquainted with the Debtors' operations, debt structure, creditors, businesses and operations, and related matters, including (a) familiarizing themselves with the assets and operations of the Debtors; (b) analyzing the Debtors' liquidity and cash flow projections; (c) examining various potential strategic alternatives; (d) engaging with potential financing parties and strategic acquirors and coordinating due diligence sessions; (e) negotiating with key creditor constituencies; and (f) providing additional investment-banking services in preparation for the filing of the Debtors' Chapter 11 Cases.  In providing these and other prepetition services to the Debtors, Rothschild & Co has worked closely with the Debtors' senior management and their other advisors and is familiar with the other major stakeholders involved in these Chapter 11 Cases.  In addition, Rothschild & Co has acquired significant knowledge of the Debtors and their businesses and has

developed relevant expertise with the Debtors' financial affairs, debt and capital structure, assets, business operations, financing documents, and other related material information.

**K.  Awards in Similar Cases**

48.    The amount requested by Rothschild & Co is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation that Rothschild & Co requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.  Considering the results obtained and the complexity of the issues addressed during the period covered by this Fee Application, the fees requested by Rothschild & Co are appropriate and consistent with awards granted in similar cases.

<u>**CONCLUSION**</u>

49.    The services summarized by this Fee Application and rendered by Rothschild & Co to the Debtors during the First Interim Fee Period were substantial, highly professional and instrumental to the Debtors in furtherance of their restructuring efforts.  The requested compensation for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  The professional services were performed expediently and efficiently, and the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest. Accordingly, Rothschild & Co respectfully submits that the compensation and reimbursement requested by this Fee Application is reasonable in light of the nature and value of such services and should be approved.

50.    Although every effort has been made to include all fees and expenses incurred during the First Interim Fee Period, some fees and expenses might not be included in this Fee

Application due to delays caused by accounting and processing.  To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the First Interim Fee Period, but were not processed prior to the preparation of this Fee Application, Rothschild & Co reserves the right to request additional compensation for such services and reimbursement of such expenses in any future applications.

## **NO PRIOR REQUEST**

51.     No prior request for the relief sought in this Fee Application has been made to this or any other Court in connection with these Chapter 11 Cases.

WHEREFORE, Rothschild & Co respectfully request that the Court enter an Order (i) allowing the interim compensation and expense reimbursement to Rothschild & Co described herein, (ii) authorizing and directing the Debtors to pay Rothschild & Co such compensation and to reimburse Rothschild & Co for such expenditures to the extent not already paid, and (iii) granting such other relief as is appropriate under the circumstances.

Dated: March 21, 2023          /s/ Homer Parkhill_____
                               Homer Parkhill
                               Rothschild & Co US Inc.
                               1251 Avenue of the Americas
                               New York, NY 10020
                               Telephone: +1 (212) 403 3716

                               *Investment Banker to the Debtors and Debtors in Possession*

<u>Exhibit 1</u>

Certification of Designated Professional

Certification

1.      I have been designated by Rothschild & Co US Inc. (the "***Applicant***") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "***Guidelines***").

2.      I have read the Applicant's application for compensation and reimbursement of expenses (the "***Application***").  To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

3.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit 3, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.      The chairperson of each official committee, the Debtors, the U.S. Trustee and their respective counsels, will be mailed, simultaneously with the filing of the Application with the Court, a complete copy of the Application (including all relevant exhibits).

7.      The following are the variances with the provisions of the Guidelines, the date of each Court order approving the variance, and the justification for the variance:  (1) Pursuant to the Court's *Order Approving the Employment of Rothschild & Co US Inc. as Investment Banker for the Debtors, Effective as of the Petition Date*, entered on November 22, 2022, "[n]otwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, Rothschild & Co and its professionals shall not be required to keep time records except in accordance with its normal firm policies."  The justification for such variance is that the Applicant does not keep such time records in the ordinary course of providing services such as those provided here.

Dated: March 21, 2023

Rothschild & Co US Inc.
1251 Avenue of the Americas
New York, NY 10020
Telephone: +1 (212) 403 3716
*Investment Banker to the Debtors and Debtors in Possession*

By:      /s/ Homer Parkhill
Homer Parkhill
Rothschild & Co US Inc.

Exhibit 2

Summary of Rothschild & Co Professional

| Name | Team | Title | Years of Experience |
|------|------|-------|---------------------|
| Lee LeBrun | Consumer | Partner, Head of Global Advisory North America | 31+ |
| Homer Parkhill | Restructuring | Partner, Co-Head of Restructuring North America | 21+ |
| Jaime Arrastia | Consumer | Managing Director, Co-Head of Consumer & Retail North America | 28+ |
| Charles Delo | Restructuring | Managing Director, Restructuring | 16+ |
| John Kang | Restructuring | Director, Restructuring | 7+ |
| Jarrod Burke | Consumer | Vice President, Consumer | 6+ |
| Mischa Beumer | Restructuring | Vice President, Restructuring | 6+ |
| Nicolas Soupre | Consumer | Vice President, Consumer | 6+ |
| Matt Dyer | Restructuring | Associate, Restructuring | 2+ |
| Gary Korik | Consumer | Associate, Consumer | 1+ |
| Ethan Tuckman | Consumer | Analyst, Consumer | 3+ |
| Sean Crotty | Restructuring | Analyst, Restructuring | 2+ |
| Umar Asif | Restructuring | Analyst Restructuring | 2+ |
| Sebastian Enriquez | Consumer | Analyst, Consumer | 1+ |

<u>Exhibit 3</u>

Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements

[Attached]

## Project Blast - Interim fee & expense statement log

### Billed Fees & Expenses

| Fee type | Cost |
|---|---|
| **Total Fees** | **$1,741,935.48** |

| Expense type | Cost |
|---|---|
| **Total Legal** | **$44,382.80** |
| **Total Meals** | **$7,301.06** |
| **Total Presentations** | **$514.90** |
| **Total Travel - Flights** | **$8,026.49** |
| **Total Travel - Hotels** | **$3,251.62** |
| **Total Telephone** | **$24.00** |
| **Total Travel - Taxis** | **$7,881.46** |
| **Total post-petition expenses (through 2/28/2023) - gross** | **$71,382.33** |
| (-) Remaining pre-petition expense estimate (applied to post-petition expenses) | (3,241.82) |
| **Total post-petition expenses (through 2/28/2023) - net of remaining pre-petition expense estimate** | **$68,140.51** |
| **Total billed post-petition fees & expenses (through 2/28/2023)** | **$1,810,075.99** |

### Unbilled post-petition fees & expenses (as of 2/28/2023)

| Fee type | Date Incurred | Description | Cost |
|---|---|---|---|
| New Capital Fee | - | New Capital Fee (20% holdback) | $200,000.00 |
| **Total fees** | | | **$200,000.00** |
| **Total unbilled post-petition fees & expenses (as of 2/28/2023)** | | | **$200,000.00** |

| **Total billed & unbilled fees & expenses (as of 2/28/2023)** | **$2,010,075.99** |
|---|---|