UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |

_____/

**DEBTORS' FIFTH OMNIBUS MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS
WITH (I) FIESTA WAREHOUSING AND DISTRIBUTION;
AND (II) KRIER FOODS, INC.**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion"), seeking an order in substantially the form attached hereto as **Exhibit "A"** authorizing the Debtors to reject that certain (i) *VPX Sports Rate Proposal* between VPX and Fiesta Warehousing and Distribution ("Fiesta") dated August 23, 2019, including any amendments, modifications thereto (collectively, the "Fiesta Contract") with rejection of the Fiesta Contract to be effective as of the date of an Order approving this Motion; and (ii) *Co-Packing Agreement* between VPX and Krier Foods, Inc. ("KFI"), dated July 20, 2018, including any amendments, modifications thereto (collectively, the "KFI Agreement"), with the rejection of the KFI Agreement to be effective as of the date of an Order approving this Motion.  In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

11991210-3

## I.    Jurisdiction

1.    This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

## II.    Background

2.    On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.    The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration")

5.    On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

6.    On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

## III.    Relief Requested and Basis Therefor

7.    On August 23, 2019, VPX entered into the Fiesta Contract with Fiesta.  Pursuant to the Fiesta Contract, Fiesta provides VPX with warehouse space located at 302 N. Tayman St., San Antonio, TX 78226 (the "Tayman Street Warehouse") and certain services relating to the delivery, handling and storage of good delivered to the Tayman Street Warehouse.

11991210-3

8.      On July 20, 2018, VPX entered into the KFI Agreement with KFI.   Pursuant to the KFI Agreement, KFI manufactures the Debtors' BANG® beverage products, on a non-exclusive basis pursuant to the terms of the KFI Agreement, and provides packing services with respect to these products.

9.      The Debtors have been conducting a review of their operations and have determined in their business judgment that the Fiesta Contract and KFI Agreement are unnecessary to the administration of these bankruptcy cases and are burdensome to the estates because VPX no longer needs the Tayman Street Warehouse for storage, and no longer needs the re-packing services provided by KFI, and does not believe the Fiesta Contract and the KFI Agreement have any value that can be achieved through an assumption and assignment to a third party.[2]

10.      As to the Fiesta Contract, the Debtors have entered into third-party distribution agreements for the distribution of their products that also provide for the storage of the Debtors' inventory, thus the additional warehousing space provided by Fiesta is not necessary.

11.      As to the KFI Contract, the Debtors' no longer require the re-packing services provided by KFI and the remaining inventory in KFI's possession is becoming obsolete and unsellable.

12.      The remaining inventory held by both Fiesta and KFI will be abandoned pursuant to a contemporaneously filed Notice of Abandonment. Maintaining the Fiesta Contract and KFI Agreement would impose unnecessary costs and burdens on the Debtors' estates with no commensurate benefit.

13.      Accordingly, the Debtors seek to reject the Fiesta Contract and KFI Agreement.

14.      Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the

---

[2] Contemporaneous with the filing of this Motion, the Debtors are filing *Debtor's Notice of Abandonment of Remaining Inventory* with respect to the abandonment of remaining inventory and property consisting of pallets of finished beverage canned goods located at the Tayman Street Warehouse and the remaining can inventory in the possession of KFI that are of inconsequential value to the Debtors' estates.

11991210-3

bankruptcy court, to assume or reject any unexpired lease.  *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit this estate. *See Id*.

15.      In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

16.      The Debtors, with the assistance of their advisors, have determined that there is no

net benefit that is likely to be realized from the Fiesta Contract or KFI Agreement. Absent rejection, the Debtors believe that the Fiesta Contract and KFI Agreement will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of the Debtors' business.  Rejecting the Fiesta Contract and KFI Agreement will help ease the Debtors' cash burn and increase the Debtors' liquidity.

17.     For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Fiesta Contract and KFI Agreement.  Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the Fiesta Contract and KFI Agreement pursuant to section 365(a) of the Bankruptcy Code, effective as of the date of an Order approving this Motion.

## Request For Waiver of Stay

18.     To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, for the reasons set forth herein, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

19.      To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

## Debtors' Reservation of Rights

20.     The Debtors may have claims against Fiesta arising under, or independently of, the

Fiesta Contract.    In addition, the Debtors may have claims against KFI arising under, or independently of, the KFI Agreement.    The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Fiesta Contract and KFI Agreement.

21.    Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.

**WHEREFORE,** the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit A** (i) approving the rejection of the Fiesta Contract and KFI Agreement, effective as of the date of an Order approving this Motion; and (ii) granting such other relief as is just and proper.

Dated: March 24, 2023
     Miami, Florida

Respectfully submitted,

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
        tj.li@lw.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

*/s/ Michael J. Niles*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
        mniles@bergersingerman.com

6

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

11991210-3

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-17842-PDR

    Debtors.                                       (Jointly Administered)

_____/

**ORDER GRANTING DEBTORS' FIFTH OMNIBUS MOTION FOR ENTRY
OF AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY
CONTRACTS WITH (I) FIESTA WAREHOUSING AND DISTRIBUTION;
AND (II) KRIER FOODS, INC.**

**THIS MATTER** came before the Court on _____, 2023 at _____, in

Fort Lauderdale, Florida, upon the *Debtors' Fifth Omnibus Motion for Entry of an Order*

*Authorizing the Rejection of Executory Contracts With (I) Fiesta Warehousing and Distribution;*

*and (II) Krier Foods, Inc.* (the "Motion") [ECF No. _____] filed by the above-captioned debtors

and debtors-in-possession (collectively, the "Debtors").  The Motion seeks authority to reject the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Fiesta Contract[2] with Fiesta Warehousing and Distribution; and the KFI Agreement with Krier Foods, Inc..  The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors.  Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, based on the entire record of the hearing on the Motion, it is

      **ORDERED** that:

      1.      The Motion is **GRANTED** as provided herein.

      2.      The Debtors' rejection of the Fiesta Contract is **APPROVED**, effective as of the date of this Order, pursuant to 11 U.S.C. § 365(a).

      3.      The Debtors' rejection of the KFI Agreement is **APPROVED**, effective as of the date of this Order, pursuant to 11 U.S.C. § 365(a).

      4.      **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE CONTRACT; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE CONTRACT.**

      5.      The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

12008429-2

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Niles is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*