UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL GREG ROBBINS, EUGENE BUKOVI, FRITZ TILUS, KRISTA OWOC, AND RYAN OWOC TO COMPLY WITH 2004 NOTICES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004, Federal Rules of Civil Procedure ("Federal Rule") 34, 37 and 45, made applicable by Rules 7034, 7037 and 9016, and Southern District of Florida Bankruptcy Local Rule (the "Local Rule") 2004-1, hereby files this motion to compel (the "Motion") Greg Robbins, Eugene Bukovi, Fritz Tilus, Krista Owoc, and Ryan Owoc (the "Third Parties") to comply with the 2004 Notices. In support of this Motion, the Committee relies on the *Declaration in Support of the Motion of the Official Committee of Unsecured Creditors to Compel Greg Robbins, Eugene Bukovi, Fritz Tilus, Krista Owoc, and Ryan Owoc to Comply with 2004 Notices* (the "Maimin Declaration") filed concurrently herewith and respectfully states as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("VPX") (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC ("JHO") (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

## BACKGROUND

1.     On October 10, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Court") commencing these Chapter 11 Cases.  No trustee or examiner has been appointed in the Chapter 11 Cases.

2.     The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

3.     On November 1, 2022, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 245], which membership was reconstituted on November 23, 2022 [Docket No. 400].

4.     On November 2, 2022, the Committee selected Lowenstein Sandler LLP ("Lowenstein") to serve as its lead counsel.  On November 4, 2022, the Committee selected: Sequor Law, P.A. ("Sequor") as its local counsel; Lincoln Partners Advisors LLC ("Lincoln") as its financial advisor; and Miller Buckfire & Co., LLC ("Miller Buckfire") as its investment banker. [*See* Docket Nos. 485, 487, 488, and 491].

5.     In an effort to avoid formal discovery, beginning in November 2022, the Committee served four sets of informal requests for information on the Debtors (the "Informal Requests"). These Informal Requests related directly to the Committee's investigation of, among other things, more than 200 transactions from October 2019 through the Petition Date that resulted in the transfer of tens of millions of dollars out of the estates and appear to have no relation to the

Debtors' businesses and day-to-day operations (the "Suspect Transactions").[2]    To ensure a thorough and complete investigation, the Committee served 2004 Notices on third parties directly and/or indirectly related to the Suspect Transactions and other activities giving rise to potential estate claims and causes of action.

6.      On January 26, 2023, the Committee filed *Notices of Videotaped Rule 2004 Examination Duces Tecum* and *Subpoenas for Rule 2004 Examination*, on the following Third Parties:

- Krista Owoc ("Krista") – Jack's niece and Debtors' employee [Docket No. 688]; and

- Ryan Owoc ("Ryan") – Jack's nephew and Debtors' employee [Docket No. 692].[3]

7.      On February 3, 2023, the Committee filed *Notices of Videotaped Rule 2004 Examination Duces Tecum* and *Subpoenas for Rule 2004 Examination* [Docket Nos. 761–63], on the following individuals employed by the Debtors:

- Eugene Bukovi – Debtors' Vice President of Sales[4] [Docket No. 761];

- Fritz Tilus – Debtors' Director of Financial Operations [Docket No. 762]; and

- Greg Robbins – Debtors' Senior Vice President of Finance [Docket No. 763].

---

[2] The Committee has since received general ledger and other transaction data from the Debtors covering the time period from January 2018 through October 2019.   Those transactions are currently under investigation by the Committee's professionals.

[3]    The Committee has since filed *Amended Notices of Videotaped Rule 2004 Examination Duces Tecum* and *Subpoenas for Rule 2004 Examination* for Krista and Ryan which reflect updated dates for examination of each. [Docket Nos. 979, 980].

[4]   It is the Committee's understanding that Mr. Bukovi has since been promoted to [interim] Chief Operating Officer.

8.     There is significant overlap between the requests to the Third Parties and the informal requests to the Debtors.  However, unlike the requests to the Debtors, the 2004 Notices[5] are directed to the Third Parties in their individual capacities and seek responsive Documents and Communications (as defined in the 2004 Notices) in the employees' personal possession.

9.     Krista and Ryan were each properly served with a 2004 Notice.  Debtors' counsel accepted service on behalf of Krista on January 27, 2023.  Maimin Declaration, ¶ 3.  Ryan was personally served on February 27, 2023.  Maimin Declaration, ¶ 7.  The 2004 Notices commanded in part that Krista and Ryan each produce Documents and Communications responsive to the Committee's demands listed in the 2004 Notices by February 11, 2023 or fourteen days after service.

10.     Mr. Bukovi, Mr. Robbins, and Mr. Tilus were each properly served with a 2004 Notice.  Debtors' counsel accepted service on behalf of Mr. Bukovi and Mr. Robbins on February 8 and 9, 2023 respectively.  Maimin Declaration, ¶ 4–5.  Mr. Tilus was personally served on February 13, 2023.  Maimin Declaration, ¶ 6.  The 2004 Notices commanded in part that Mr. Bukovi, Mr. Robbins, and Mr. Tilus each produce Documents responsive to the Committee's demands listed in the 2004 Notices by March 7, 2023 or fourteen days after service.

11.     On February 10, 2023, the Debtors filed the *Debtors' Motion to Quash and for Protective Order as to Official Committee of Unsecured Creditors' Rules 2004 Notices* [Docket No. 786], seeking to quash the 2004 Notices on the grounds that the information sought was more appropriately targeted at the Debtors.  While the Motion to Quash was pending, the 2004 Notices were stayed.  On March 3, 2023, the Court denied the Motion to Quash.  [Docket No. 890].  In denying the Motion to Quash, the Court noted that the 2004 Notices go "to the very heart of what

---

[5]  "2004 Notices" refers to the *Notices of Videotaped Rule 2004 Examination Duces Tecum* and *Subpoenas for Rule 2004 Examination* served on Krista, Ryan, Mr. Bukovi, Mr. Robbins, and Mr. Tilus.

a committee – the duty of a committee is in a case like this, to investigate transactions, and that's what they're doing here."  [Docket No. 958 at 98:21–24].

12.     On March 20, 2023, more than fourteen days after service **and** after the Motion to Quash was denied, the Committee sent letters to Mr. Bukovi, Mr. Robbins, and Mr. Tilus via FedEx overnight and through Debtors' counsel advising each of his obligation to comply with the 2004 Notice and produce all responsive Documents and Communications in his personal possession.  Maimin Declaration, ¶ 10.  The Committee requested that Mr. Bukovi, Mr. Robbins, and Mr. Tilus respond directly to the Committee by March 22, 2023 at 5:00 p.m. EST indicating that he either: (i) is not in possession of any responsive materials; or (ii) is in possession of responsive materials and produce the requested Documents and Communications.  *Id.*  The Committee further advised that if no response was received, the Committee would move for an order compelling compliance with the 2004 Notices.  *Id.*

13.     The Committee sent similar letters to Krista and Ryan on March 22, 2023 via FedEx overnight and through Debtors' counsel.  Maimin Declaration, ¶ 15.  The Committee requested that Krista and Ryan each respond directly to Committee counsel by March 24, 2023 at 5:00 p.m. EST indicating that they either: (i) are not in possession of any responsive materials; or (ii) are in possession of responsive materials and produce the requested Documents and Communications. *Id.*  The Committee further advised that if no response was received, the Committee would move for an order compelling compliance with the 2004 Notices.  *Id.*

14.     The only individual that has provided documents responsive to the 2004 Notices is Mr. Robbins, who produced copies of his resume, offer letter, and employment agreement on March 22, 2023.  Maimin Declaration, ¶ 13.  Mr. Robbins, however, has not fully complied with the 2004 Notice as he has failed to respond directly to Committee counsel or, in the alternative,

certify that he is not in possession of any further Documents or Communications responsive to the requests.

15.     To date, more than fourteen days have passed since the 2004 Notices were served and the Court denied the Motion to Quash[6], Krista, Ryan, Mr. Bukovi, and Mr. Tilus have failed to produce any Documents, Communications or to certify that they have no responsive Documents or Communications to the 2004 Notices in their possession.

## RELIEF REQUESTED

16.     By this Motion, the Committee respectfully requests that this Court enter an Order compelling the Third Parties to immediately furnish the Documents and Communications listed in the 2004 Notices issued by the Committee.

## BASIS FOR RELIEF

17.     As the Court recognized in ruling on the Debtors' Motion to Quash, the Committee issued the 2004 Notices as part of its duty to investigate the Debtors' prepetition transactions [Docket No. 958 at 98:21–24]. The 2004 Notices are in furtherance of the Committee's ongoing investigation and will inform the Committee's understanding of the viability and value of the claims and causes of action.

18.     Local Rule 2004-1(B) provides that requests for production of documents may be construed as requests under Bankruptcy Rule 7034. Pursuant to Federal Rule 37, made applicable by Bankruptcy Rule 7037, a party seeking discovery may move for an order compelling production if a party fails to produce documents as requested under Federal Rule 34 or provides an evasive or incomplete response. Fed. R. Civ. P. 37(a)(3)(B)(iv) and (a)(4). Where a party fails to object or provide an explanation as to why documents cannot be produced in response to a Rule 2004

---

[6] To date, none of the Third Parties have objected to the 2004 Notices.

subpoena, this Court has ordered that they must be produced.  *See* Motion to Compel Hearing

Transcript, *In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR (Bankr. S.D. Fla. Nov. 22, 2021),

Docket No. 169 at 12:10–16; Order Granting Amended Emergency Motion to Compel the

Production of Documents and For Attorneys Fees and Costs, *In re No Rust Rebar, Inc.*, Case No.

21-12188-PDR (Bankr. S.D. Fla. Nov. 24, 2021) (Russin, J.), Docket No. 124.

19.    Pursuant to Federal Rule 37(a)(1), undersigned counsel certifies that prior to the

filing of this Motion, they made an effort to confer with the Third Parties regarding the outstanding

discovery issues described herein by sending the aforementioned letters but did not receive a

responses from the Third Parties.  The Committee simply cannot rely on Debtors' counsel's

representations regarding Third Parties that it does not represent.

20.    Accordingly, the Committee seeks entry of an Order compelling each of the Third

Parties to immediately produce **all** requested documents and communications responsive to the

Committee's 2004 Notices.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court grant the Motion and

enter an Order, substantially in the form of the Proposed Order attached hereto as **Exhibit 1**,

compelling each of the Third Parties to immediately: (i) furnish the Documents and

Communications requested in the 2004 Notices issued by the Committee; and (ii) produce a written

certification stating that they either produced all responsive Documents and Communications or

that they are not in possession of any responsive Documents of Communications.

Dated:  March 25, 2023                          **LOWENSTEIN SANDLER LLP**

                                                Jeffrey L. Cohen, Esq.
                                                Eric Chafetz, Esq.
                                                Jordana L. Renert, Esq.
                                                Lindsay H. Sklar, Esq.
                                                1251 Avenue of the Americas

New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
            -and-
Nicole Fulfree, Esq.
Arielle B. Adler, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: aadler@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**
By: */s/ Leyza F. Blanco*
Leyza F. Blanco
Florida Bar No.: 104639
Fernando J. Menendez
Florida Bar No.: 0018167
Juan J. Mendoza
Florida Bar No.: 113587
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
Email: fmenendez@sequorlaw.com
Email: jmendoza@sequorlaw.com

*Counsel to the Official Committee of
Unsecured Creditors*

# **<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]         Case No.: 22-17842-PDR

    Debtors.                                    (Jointly Administered)

_____/

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO COMPEL GREG ROBBINS, EUGENE
BUKOVI, FRITZ TILUS, KRISTA OWOC, AND RYAN OWOC TO COMPLY
WITH 2004 NOTICES**

    **THIS MATTER** came before the Court on *Motion of the Official Committee of Unsecured*

*Creditors to Compel Greg Robbins, Eugene Bukovi, Fritz Tilus, Krista Owoc, and Ryan Owoc to*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Comply with 2004 Notices* (the "Motion")[2].  The Court, having considered the Motion, the record, and having found good cause for granting the relief set forth herein, it is

    **ORDERED** that**:**

1.      The Motion is **GRANTED**; and

2.      Eugene Bukovi shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 761] no later than 4:30 p.m. ET on [  ], 2023.

3.      Greg Robbins shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 763] no later than 4:30 p.m. ET on [  ], 2023.

4.      Fritz Tilus shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 762] no later than 4:30 p.m. ET on [  ], 2023.

5.      Krista Owoc shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 688 and 979] no later than 4:30 p.m. ET on [  ], 2023.

6.      Ryan Owoc shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 692 and 980] no later than 4:30 p.m. ET on [  ], 2023.

7.      All Third Parties shall each produce a written certification stating that they either produced all responsive Documents and Communications or that they are not in possession of any responsive Documents of Communications.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Leyza F. Blanco, Esq.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
lblanco@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202

*(Attorney Blanco shall serve a conformed copy of the foregoing upon all interested parties and file a Certificate of Service with this Court)*