

**ORDERED in the Southern District of Florida on March 25, 2023.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**AMENDED[2] ORDER GRANTING DEBTORS' EXPEDITED MOTION TO APPROVE COMPROMISE BETWEEN DEBTOR, VITAL PHARMACEUTICALS, INC. AND SIDEL BLOWING AND SERVICES SAS**

**THIS MATTER** having come before the Court on March 9, 2023, at 2:00 p.m., in Fort Lauderdale, Florida, the *Debtors' Motion to Approve Compromise Between Debtor, Vital*

___

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] This amended order is entered pursuant to the *Order Granting Debtors' Ex-Parte Motion to Amend Order Granting Debtors' Expedited Motion to Approve Compromise Between Debtor, Vital Pharmaceuticals, Inc. and Sidel Blowing and Services SAS* [ECF No. 1024].

*Pharmaceuticals, Inc. and Sidel Blowing and Services SAS* (the "Motion") [ECF No. 862] filed by the Debtors[3]. The Court, having considered the Motion and the *Declaration of John C. DiDonato, Chief Transformation Officer, in Support of Debtors' Expedited Motion to Approve Compromise Between Debtor, Vital Pharmaceuticals, Inc., and Sidel Blowing and Services SAS* [ECF No. 901], finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and pursuant to the *Order Granting Debtors' Ex Parte Motion For Order Shortening Time for Hearing On Debtors' Motion to Approve Compromise Between (I) Debtor, Vital Pharmaceuticals, Inc.; and (II) Sidel Blowing and Services SAS* [ECF. No. 873], no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion, it is

**ORDERED AND ADJUDGED** as follows:

    1.    The Motion is **GRANTED**.

    2.    The Agreement attached to the Motion as Exhibit A is **APPROVED** in its entirety, and each and every provision of the Agreement is incorporated herein as if fully set forth in this Order.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

3. Proper, timely, adequate, and sufficient notice of the Motion was provided and no other or further notice of the Motion or of the entry of this Order is required.

4. The Parties to the Agreement are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Agreement. Sidel shall pay the Settlement Amount to the Debtors, which amount shall remain in the estates and be used in the operation of its business and not turned over to the Debtors' pre-petition secured lenders and/or DIP Lenders.

5. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding an applicability of Bankruptcy Rule 6004(h), the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein. This Order shall be effective immediately upon entry, and the Parties are authorized to consummate the terms and conditions set forth in the Agreement immediately upon entry of this Order.

6. The Parties are directed to comply with the terms of the Agreement, and the Court reserves jurisdiction to enforce the terms and conditions of the Agreement.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)