**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

In Re:

VITAL PHARMACEUTICALS, INC., et al            CHAPTER 11

                                                                                                    Case No.: 22-17842-PDR

        Debtors.

_____/            (Joint Administration)

**LIMITED CONTRACT OBJECTION**

VS Carbonics, Inc. ("VS"), files this Limited Contract Objection to the *Notice of Executory Contracts and Unexpired Leases that May Be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (ii) the Proposed Cure Amounts* [ECF No. 893] (the "Notice").

**Relevant Background**

1. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code")

2. On November 11, 2019, Vital Pharmaceuticals Inc. ("Vital") and VS signed the Sale and Rental Agreement (the "Agreement"). The Agreement provided for the rental of Storage Tanks and the sale of certain gases that Vital used in the production of its products.

3. On August 31, 2020, the first amendment to the Agreement was signed (the "First Amendment"), which notes that the pricing is based on "estimated volumes" of 2.75 tons of carbon dioxide gas per week.

4. On June 15, 2021, the second amendment to the Agreement was signed (the "Second Amendment").

5.      On January 26, 2022, the third amendment to the Agreement was signed (the "<u>Third Amendment</u>") which provided for new tanks to be installed at the Vital locations and adjusted the sale price of the gases.

6.      The total rental for the four tanks as of the date of the Third Amendment was $5,085.00 per month.

7.      As of the Petition Date the Debtors owe $12,580.61 in arrears on the Agreement (as amended).

**LIMITED OBJECTION**

8.      VS entered into the Agreement to sell various gas products to the Debtors. The rental of the tanks is a loss leader for VS in the relationship. Indeed, this is why the Agreement provides that VS has the "right to remove [any of the tanks] from the [Debtor's locations] and substitute therefor a [different tank] of appropriate type and size if, in the sole opinion of [VS], [the Debtor]'s monthly consumption of the Product(s) changes significantly…" Agreement at 3(a).

9.      Additionally, section 3(b) requires that that the Debtors pay the "costs to i) deliver and remove the [tanks]…"

10.     Since the Petition Date several of the tanks being rented by the Debtors are unused.[1] The Debtors are not ordering anywhere near the estimate of gas product that is reflected in the various amendments to the Agreement.

11.     Accordingly, VS request that the Court require that the cure amount include $20,000.00 for the removal of the 4,000-gallon liquid nitrogen storage tank. Additionally, VS requests that if the Agreement is not assumed and assigned that VS be granted permission to remove its storage tanks from the Debtor's locations.

---

[1] It is undisputed that the tanks are property of VS and not property of the Debtor.

Respectfully submitted on March 28, 2023.

**DGIM Law, PLLC**
*Counsel for VS Carbonics, Inc.*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this March 28, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter.

*/s/ Isaac Marcushamer*
Isaac Marcushamer