UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., et al., | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**OBJECTION OF CREDITOR SLBS LIMITED
PARTERSHIP TO NOTICE OF (I) EXECUTORY CONTRACTS
AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED
IN CONNECTION WITH A SALE OF THE DEBTORS' ASSETS AND
(II) THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO**

Creditor SLBS Limited Partnership, d/b/a/ Summit Distributing ("SLBS") files this objection ("Objection") to Debtors' *Notice of (I) Executory Contracts and Unexpired Leases that May be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto* (ECF No. 893) and Debtor's *Supplemental Notice of (I) Executory Contracts and Unexpired Leases that May be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto* (ECF No. 995) (collectively, the "Notice") and, in support, states as follows:

1. As set forth in SLBS' Proof of Claim No. 496 against Vital Pharmaceuticals, Inc. and the addendum thereto (the "Vital POC") which is incorporated by reference herein, prepetition, SLBS and Vital Pharmaceuticals, Inc. ("Vital") entered into an Exclusive Distribution Agreement (the "Vital Distribution Agreement") and an Indemnity Agreement (the "Indemnity Agreement"), both of which are referenced in the Debtors' Schedules.

132482688.1

2

2. Pursuant to the Vital Distribution Agreement, Vital granted to SLBS exclusive distribution rights regarding specified Products, as identified in the Vital Distribution Agreement, for a period of five years from the March 8, 2021, execution date.

3. Notwithstanding the granting of such rights, in or about July 2022, Debtor breached the terms of the Vital Distribution Agreement by unilaterally and without cause purporting to "modify" the Vital Distribution Agreement by "subtracting" certain products from the Vital Distribution Agreement.

4. Vital's breach and nonperformance of the Vital Distribution Agreement has caused SLBS significant damages, as set forth in the Vital POC, which damages continue to accrue.

5. Further, as set forth in the Notice, SLBS and Quash Seltzer, LLC ("Quash") are parties to an Exclusive Distribution Agreement regarding MIXX Hard Seltzer (the "Quash Distribution Agreement").

6. As set forth in SLBS' Proof of Claim No. 519 against Quash Seltzer, LLC, and the addendum thereto, which is incorporated by reference herein, SLBS and Quash are also parties to the Indemnity Agreement.

7. Pursuant to the Indemnity Agreement, both Vital and Quash are responsible to indemnify SLBS for certain losses, claims, damages, penalties or liabilities imposed on, incurred by, or asserted against SLBS as set forth in the Indemnity Agreement, and SLBS asserted claims against Vital and Quash with respect to any such rights to indemnification for such claims whether having accrued prepetition or having accrued or accruing postpetition.

8. In the Notice, the Debtors have listed the Vital Distribution Agreement and the Quash Distribution Agreement as executory contracts that may be assumed and assigned in

132482688.1

conjunction with a proposed sale of the Debtors' assets. The Debtors, in the Notice, listed $0 as the cure amounts for both.

9. As set forth above, SLBS asserts that Vital is in default of the Vital Distribution Agreement and is responsible for payment to SLBS under the Vital Distribution Agreement, and SLBS asserts any assumption of the Vital Distribution Agreement must be predicated on a cure of Vital's prepetition and postpetition defaults under the Vital Distribution Agreement as described in the Vital POC, and payment of the amount of damages accrued as of the time of the prospective assumption pursuant to the calculation of damages set forth in the Vital POC, as well as interest and attorney's fees and costs.

10. Further, to the extent Quash is not current with respect to its obligations under the Quash Distribution Agreement, any assumption of the Quash Distribution Agreement must be predicated on the cure of any defaults and payment of amounts owed to SLBS as of the time of the prospective assumption.

11. Finally, the Debtor's did not list the Indemnity Agreement in the Notice, and SLBS reserves all rights regarding any attempt by the Debtor to assume or reject the Indemnity Agreement. Moreover, SLBS submits that any assignment of the Vital Distribution Agreement or the Quash Distribution Agreement must be predicated on the assignee(s) being bound by the terms of the Indemnity Agreement.

12. SLBS reserves the right to amend or supplement this Objection based upon further developments or additional information obtained subsequent to the filing of this Objection.

WHEREFORE, SLBS respectfully asserts that any assumption of the Vital Distribution Agreement or Quash Distribution Agreement must be predicated on the curing of defaults and the payment of the appropriate cure amounts with respect thereto, and that any assignment of such

agreements must be predicated on the assignee(s) being bound by the terms of the Indemnity Agreement.

Dated: March 28, 2023

                                             Respectfully submitted,

                                             */s/ David L. Gay*
                                             David L. Gay
                                             CARLTON FIELDS, P.A.
                                             2 MiamiCentral
                                             700 NW 1st Avenue, Suite 1200
                                             Miami, Florida 33136-4118
                                             Telephone: (305) 530-0050
                                             Facsimile: (305) 530-0055
                                             Email: dgay@carltonfields.com

                                           *Attorneys for SLBS Limited Partnership*

## CERTIFICATE OF SERVICE

I Hereby Certify that a true and correct copy of the foregoing was served on this 28th day of March, 2023, via the Court's CM/ECF system thereby serving all registered users.

                                        By: */s/ David L. Gay*

132482688.1