UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION FOR EXTENSION OF TIME TO RESPOND TO 2004 EXAMINATION REQUEST FOR PRODUCTION OF DOCUMENTS AND CROSS MOTION TO COMPEL JOHN H. OWOC, MEGAN OWOC, AND ELITE ISLAND, LLC TO <u>COMPLY WITH 2004 NOTICES</u>**

**Expedited Hearing Request**

For the reasons set forth below, the Committee needs and is entitled to timely production of Documents and Communications[2] from Jack and Meg Owoc, who have the most intimate knowledge of the Debtors' assets and financial condition and who are directly involved in certain Suspect Transactions revealed in the Committee's ongoing analysis of the Debtors' books and records. The Committee already provided numerous prior extensions to the Owocs as a courtesy. There is no basis for additional adjournments of the 2004 Notices, which were originally served on the Owocs nearly two months ago. Based on the Committee's need to perform a thorough and complete investigation of potential claims prior to any sale of the Debtors' assets—as Your Honor has previously recognized—and the potential stay imposed by the filing of the Motion[3], the Committee requests that this matter be considered on an expedited basis because direct, immediate, and substantial harm

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("<u>VPX</u>") (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC ("<u>JHO</u>") (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms not defined in this Expedited Hearing Request have the meaning ascribed to them in this Objection or in the Motion.

[3] Southern District of Florida Bankruptcy Local Rule (the "<u>Local Rule</u>") 7026-1 provides that a party may file a motion for a protective order seeking, among other things, the rescheduling of a discovery deadline, and upon filing the motion, the response deadline is stayed until the Court rules on the motion. *See* Local Rule 7026-1(E)(3). Therefore, while this Motion is pending, the Owocs are unlikely to produce any Documents or Communications.

42978/2
03/28/2023 **213353233**.1

will occur to the detriment of the bankruptcy estates and unsecured creditors if the Committee cannot obtain the entirety of the information sought in the 2004 Notices on time. The Committee respectfully requests the Court set the Motion and Cross-Motion for a hearing on the earliest date that is convenient for the Court.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004, Federal Rules of Civil Procedure ("Federal Rule") 34, 37 and 45, made applicable by Rules 7034, 7037 and 9016, and Local Rule 2004-1, hereby files this (i) objection (the "Objection") to the *Motion for Extension of Time to Respond to 2004 Examination Request for Production of Documents and Cross Motion to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Comply with 2004 Notices* [Docket No. 1041] (the "Motion") filed by[4] John H. ("Jack") Owoc, Megan Owoc, and Elite Island, LLC ("Elite Island,"[5] and together with Jack and Megan Owoc, the "Owocs"), and (ii) a cross-motion seeking to have this Court order the Owocs to comply with the 2004 Notices[6] (the "Cross-Motion"). In support of this Motion, the Committee relies on the *Declaration of Rachel Maimin, Esq.* (the "Maimin Declaration") filed concurrently herewith and respectfully states as follows:

---

[4] While the Motion states it is filed by the Owocs, it is electronically signed and filed through ECF by former counsel Justin M. Luna, Esq., who withdrew as counsel to the Owocs on March 23, 2023. The Committee respectfully requests that the "movants"—the Owocs—be ordered to appear in-person for the hearing on the Motion, which was filed without any certification. Likewise, the Committee requests that Mr. Luna also be required to appear in-person at the hearing as he is the ECF filer and signatory of the Motion.

[5] Elite Island is a limited liability company that is wholly-owned by Jack Owoc.

[6] "2004 Notices" refers to the *Notices of Videotaped Rule 2004 Examination Duces Tecum* and *Subpoenas for Rule 2004 Examination*, together with the Amended 2004 Notices (defined below), served on the Owocs.

## PRELIMINARY STATEMENT[7]

1. After multiple thwarted attempts to obtain discovery informally, the Committee served Jack and Meg Owoc with the 2004 Notices on January 30, 2023—over two months ago. As a courtesy, the Owocs were granted multiple extensions of the deadline for production of the 2004 Notices in part because, since the inception of these Chapter 11 Cases, Jack Owoc has had three sets of lawyers, all of whom have withdrawn or declined to file a notice of appearance. The Owocs, evidently proceeding *pro se* at this time, are now seeking additional time after blatantly disregarding the agreed-upon terms of the Third Extension at a time when they were still represented by counsel.

2. The Owocs merit no further extensions from the March 27, 2023 deadline, which has now elapsed. They—and Mr. Owoc in particular, the sole owner and former Chief Executive Officer of the Debtors—are perhaps the most critical witnesses in these Chapter 11 Cases. Mr. Owoc is personally involved in every single Suspect Transaction, causing millions to be sent to third parties from the Debtors, among other things. Indeed, on March 10, 2023 the Owocs were terminated by the newly-constituted, independent board of the Debtors—Mr. Owoc, for cause. The claims that the Committee are investigating all relate to Mr. Owoc. The Committee cannot conduct a thorough investigation without receiving responsive material in the Owocs' possession sufficiently in advance of their agreed-upon deposition dates; the first Owoc deposition is April 14, 2023. The current date for production is the latest such date.[8] Given that the demands of their

---

[7] Capitalized terms not defined in this Preliminary Statement have the meaning ascribed to them in this Objection or in the Motion.

[8] Notably, in other cases involving Jack Owoc, the Court has had to threaten Mr. Owoc with sanctions due to his failure to comply with discovery. *UMG Recordings Inc. v. Vital Pharms., Inc.,* No. 21-60914-CIV, 2022 WL 4765733, at *2 (S.D. Fla. May 23, 2022) (ordering "**Defendant Jack Owoc shall have one final opportunity to set a date for his deposition to occur within one week of the date of this Order.** Should Mr. Owoc fail to comply with this deadline the Court will consider imposing sanctions pursuant to Rule 37 including, but not limited to, prohibiting Defendants from introducing the testimony of Jack Owoc at trial or in support of Defendants' Motion for Summary

employment and the demands resulting from their terminations were given as prior bases for extensions, Jack and Megan Owoc, now unemployed for over two weeks, have more than sufficient time to collect Documents and Communications.[9]

## OBJECTION

3. Of all 2004 Notices issued by the Committee, the 2004 Notices to Jack and Megan Owoc are the most likely to shed light on, among other things, the prepetition transactions under the Committee's investigation that resulted in the transfer of millions of dollars out of the estates and appear to have no relation to the Debtors' business and day-to-day operations. The Committee objects to any extension of the Owocs' production deadline—and certainly the requested 14-day extension—as the Owocs have had more than sufficient time to respond to the 2004 Notices and have failed to timely comply with the 2004 Notices even on the extended agreed-upon terms. The Owocs have had notice of *their respective 2004 Notices for nearly two months and it has been over three weeks since the adjudication* of the Motion to Quash (as defined below). Now, on the date of the production deadline established by the third extension provided by the Committee and after being denied a fourth extension, the Owocs seek relief from this Court claiming that because of their employment termination they cannot timely produce responsive Documents and Communications. This is ironic, given that they previously stated that the demands of their employment prevented them from producing responsive materials. It is clear that the Owocs simply do not want to and do not intend to comply with the 2004 Notices.

4. There is no basis in the Motion for an adjournment of the production deadline. The Committee has already gone well above and beyond typical courtesies in granting the Owocs

---

Judgment" and granting plaintiff's application for attorneys fees where plaintiff filed a motion to compel Mr. Owoc's deposition.) (emphasis added).

[9] "Documents" and "Communications" as used herein shall have their meanings as set forth in the 2004 Notices.

additional time to respond, causing unreasonable delay and cost to the estates. That chronology, which the Owocs omitted from the Motion, is detailed below.

- November 2022–January 27, 2023: The Committee served four sets of informal requests for information on the Debtors. Because many documents requested were not produced, the Committee issued Rule 2004 notices and subpoenas to various Owocs seeking Documents and Communications that the Committee needs in order to properly and effectively investigate the viability of estate claims and causes of action. Maimin Declaration, ¶ 3.

- January 30: Jack and Megan Owoc were served with the 2004 Notices commanding each to produce Documents and Communications by February 11, 2023 or fourteen days after service. *Id*. ¶ 4.

- January 31: Elite Island was served with the 2004 Notice commanding it to produce Documents and Communications by February 11, 2023 or fourteen days after service. *Id*. ¶ 5.

- February 6: Mr. Battista filed a *Notice of Withdrawal of Appearance* for his, Glenn D. Moses, Esq., and Venable LLP's withdrawal of their appearance on behalf of Mr. Owoc. [Docket No. 754].

- February 7: After the withdrawal of Jack Owoc's first attorney in these Chapter 11 Cases, the Committee sent a letter to Jack Owoc that, among other things, reminded him of the production deadline, his duty to preserve documents, and that withdrawal of his then counsel does not excuse delay or compliance with the 2004 Notice. Maimin Declaration, ¶ 7.

- February 10–March 3: The Debtors filed the Motion to Quash[10], staying all 2004 Notices, which was subsequently denied by an Order entered on March 3, 2023. [Docket Nos. 786 and 890].

- February 22: Justin M. Luna, Esq. filed a *Notice of Appearance* on behalf of Jack Owoc. [Docket No. 838].

- March 6: On the eve of the first production deadline, Committee counsel offered a courtesy extension of Jack and Megan Owoc's deadlines to March 13, 2023 (the "First Extension"). Maimin Declaration, ¶ 8.

- March 7: Committee counsel had a call with Mr. Luna and Debtors' counsel where, among other things, Mr. Luna indicated that he was representing Jack and Megan Owoc, could not confirm if he was representing Elite Island, and

---

[10] *Debtors' Motion to Quash and for Protective Order as to Official Committee of Unsecured Creditors' Rules 2004 Notices* [Docket No. 786] (the "Motion to Quash").

-5-

proposed an extension of the production deadline for Jack and Megan Owoc's 2004 Notices to March 20, 2023. The Committee agreed to this extension (the "Second Extension"). *Id.* at ¶ 9.

- March 10: Mr. Luna informed Committee counsel that Jack and Megan Owoc had been terminated from the Company that day and requested a third extension of a few weeks for the production of Documents and Communications. *Id.* ¶ 10. Committee counsel agreed to an extension of the production deadline to March 27, 2023, only if the production was on a rolling basis starting the week of March 13, 2023 (the "Third Extension"). *Id.* ¶ 11. Committee counsel indicated that no further extensions would be provided. *Id.*

- March 15: Mr. Luna confirmed that he was accepting service on behalf of Elite Island, and at that time the parties agreed to provide an extension of Elite Island's production deadline under the 2004 Notice from March 8 to March 27, 2023—the same as Jack and Megan Owoc's deadline under the Third Extension. *Id.* ¶ 12.

- March 17 and 20: Mr. Luna accepted service of the *Amended Notices of Videotaped Rule 2004 Examination Duces Tecum* and *Subpoenas for Rule 2004 Examination* [Docket Nos. 967, 968, and 981] (the "Amended 2004 Notices") for the Owocs that were updated to reflect agreed upon deposition dates and to add a request[11] for additional Documents and Communications from Jack Owoc with an April 3, 2023 production deadline as to the new requests. *Id.* ¶ 13.

- March 20: Under the Third Extension, the Owocs agreed to produce Documents and Communications on a rolling basis starting the week of March 13, 2023. As of March 20, the Owocs failed to comply with the agreed-upon terms of the Third Extension related to the 2004 Notices and no documents had been produced. *Id.* ¶ 14.

- March 22: Committee counsel followed up with Mr. Luna regarding the Owocs' lack of production. *Id.* ¶ 15.

- March 23: Mr. Luna filed a *Notice of Withdrawal of Apperance [sic]* for himself and the law firm of Latham, Luna, Eden & Beaudine, LLP's withdrawal of their appearance on behalf of Jack Owoc. [Docket No. 1017]. Later that day, Jack Owoc's new counsel, Jay Geller, Esq. of the Law Office of Jay S. Geller, introduced himself and entered an appearance at a hearing before the Court.

- March 24: Committee counsel emailed Mr. Owoc's new counsel Mr. Geller and co-counsel, Jeremy Fischer, Esq. of Drummond Woodsum, and provided new counsel with the agreed-upon production deadlines and deposition dates under

---

[11] The new request for production of Documents and Communications in Jack Owoc's Amended 2004 Notice are requests related to new transaction data covering the time period from January 2018 through October 2019 and was produced by the Debtors after the adjudication of the Motion to Quash.

the Third Extension. Committee counsel also explained that while prior courtesy extensions had been given, the Committee would not agree to any further extensions. After an introductory Zoom call with new counsel to review the case in the hopes of obtaining timely discovery, Committee counsel was informed by email that Mr. Geller and Mr. Fischer's respective firms would "not be entering their appearances in these Chapter 11 Cases or related adversary proceedings on behalf of Mr. Owoc, and no longer represent Mr. Owoc." *Id.* ¶ 16.

- March 25: Committee counsel emailed and sent via overnight FedEx letters to each of the Owocs that, among other things, reminded the Owocs of the March 27, 2023 production deadline under the Third Extension. *Id.* at ¶ 17.

- March 27: Despite having withdrawn as counsel, on the day of the production deadline, Mr. Luna emailed Committee counsel to request a ***fourth*** extension, this time for twenty-one days and stated that if the Committee could not agree on terms for an extension, then Mr. Luna would file a motion on behalf of the Owocs seeking relief from the Court. Committee counsel denied the request for a fourth extension. *Id.* at ¶ 18.

5. As demonstrated above, the Committee expended extraordinary time and resources to attempt to obtain material from the Owocs needed for the Committee's investigation, extending every courtesy and extension sought in an effort to avoid judicial intervention. The Owocs are personally scheduled to be deposed beginning on April 14, 2023[12], but Documents and Communications in possession of the Owocs, who are at the center of all of the potential misconduct occurring before and during these Chapter 11 Cases, will also inform and enhance the Committee's depositions of other individuals—the first of which is scheduled for April 11, 2023. Any additional extension of the production deadline will prejudice the Committee and impede its investigation. Accordingly, the Committee requests the Court deny the Motion.

## CROSS-MOTION TO COMPEL

6. By this Cross-Motion, the Committee respectfully requests that this Court enter an Order compelling the Owocs to immediately furnish the Documents and Communications listed

---

[12] The Motion inadvertently states that the depositions begin on April 17, 2023.

-7-


in the 2004 Notices issued by the Committee. As the Court recognized in ruling on the Debtors' Motion to Quash, the Committee issued the 2004 Notices as part of its duty to investigate the Debtors' prepetition transactions [Docket No. 958 at 98:21–24]. The 2004 Notices are critical to the ongoing investigation and will inform the Committee's understanding of the viability and value of the estates' claims and causes of action.

7. Local Rule 2004-1(B) provides that requests for production of documents may be construed as requests under Bankruptcy Rule 7034. Pursuant to Federal Rule 37, made applicable by Bankruptcy Rule 7037, a party seeking discovery may move for an order compelling production if a party fails to produce documents as requested under Federal Rule 34 or provides an evasive or incomplete response. Fed. R. Civ. P. 37(a)(3)(B)(iv) and (a)(4). Where a party fails to object or provide an explanation as to why documents cannot be produced in response to a Rule 2004 subpoena, this Court has ordered that they must be produced. *See* Motion to Compel Hearing Transcript, *In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR (Bankr. S.D. Fla. Nov. 22, 2021), Docket No. 169 at 12:10–16; Order Granting Amended Emergency Motion to Compel the Production of Documents and For Attorneys Fees and Costs, *In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR (Bankr. S.D. Fla. Nov. 24, 2021) (Russin, J.), Docket No. 124.

8. Pursuant to Federal Rule 37(a)(1), undersigned counsel certifies that prior to the filing of this Motion, they made an effort to confer with the Owocs and their former counsel regarding the outstanding discovery issues in the chronology described above. Accordingly, the Court should compel immediate production of responsive Documents and Communications in the Owocs' possession so that the Committee has adequate time to prepare for depositions and, if need be, litigate any delinquencies in the Owocs' production.

9. Accordingly, the Committee seeks entry of an Order compelling each of the Owocs to immediately produce **all** requested Documents and Communications responsive to the Committee's 2004 Notices.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court (i) require the in-person appearance of each of the Owocs and Mr. Luna at the hearing scheduled on the Motion, (ii) deny the Motion, and (iii) grant the Cross-Motion and enter an Order, substantially in the form of the Proposed Order attached hereto as **Exhibit 1**, compelling each of the Owocs to immediately furnish the Documents and Communications requested in the 2004 Notices issued by the Committee.

Dated: March 28, 2023

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Rachel Maimin, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: rmaimin@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
    -and-
Nicole Fulfree, Esq.
Arielle B. Adler, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: aadler@lowenstein.com
Email: emannix@lowenstein.com

SEQUOR LAW, P.A.

By: /s/ *Leyza F. Blanco*
   Leyza F. Blanco
   Florida Bar No.: 104639
   Juan J. Mendoza
   Florida Bar No.: 113587
   1111 Brickell Avenue, Suite 1250
   Miami, FL 33131
   Telephone: (305) 372-8282
   Facsimile: (305) 372-8202
   Email: lblanco@sequorlaw.com
   Email: jmendoza@sequorlaw.com

   *Counsel to the Official Committee of Unsecured Creditors*

-10-

*EXHIBIT 1*

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                  Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                       Case No.: 22-17842-PDR

    Debtors.                                                                    (Jointly Administered)
_____/

**ORDER (I) DENYING THE MOTION FOR EXTENSION OF TIME TO RESPOND TO 2004 EXAMINATION REQUEST FOR PRODUCTION OF DOCUMENTS AND (I) GRANTING THE CROSS MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL JOHN H. OWOC, MEGAN OWOC, AND ELITE ISLAND, LLC TO COMPLY WITH <u>2004 NOTICES</u>**

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

**THIS MATTER** came before the Court on *Motion for Extension of Time to Respond to 2004 Examination Request for Production of Documents and Cross Motion to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Comply with 2004 Notices* [Docket No. 1041] (the "Motion") filed by John H. ("Jack") Owoc, Megan Owoc, and Elite Island, LLC ("Elite Island") and on the Official Committee of Unsecured Creditors' (the "Committee") *Objection of the Official Committee of Unsecured Creditors to the Motion for Extension of Time to Respond to 2004 Examination Request for Production of Documents and Cross Motion to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Comply with 2004 Notices* [Docket No. ___ ] (as bifurcated, the "Objection" and the "Cross-Motion"). The Court, having considered the Motion, the Objection, the Cross-Motion, the *Declaration of Rachel Maimin, Esq.* [Docket No. ___ ], the record, and having found good cause for the relief set forth herein, it is

**ORDERED** that**:**

1. The Motion is **DENIED** with prejudice.

2. The Cross-Motion is **GRANTED**.

3. Jack Owoc shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 684 and 981] no later than 4:30 p.m. ET on [  ], 2023.

4. Megan Owoc shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 686 and 967] no later than 4:30 p.m. ET on [  ], 2023.

5. Elite Island shall produce the subpoenaed Documents and Communications in the 2004 Notice [Docket No. 689 and 968] no later than 4:30 p.m. ET on [  ], 2023.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

-3-

Submitted by:
Leyza F. Blanco, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
lblanco@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

*(Attorney Blanco shall serve a conformed copy of the foregoing upon all interested parties and file a Certificate of Service with this Court)*