UNTIED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 Cases |
| | ) | |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | ) | Case No. : 22-17842-PDR |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## LIMITED OBJECTION OF CROWN CORK & SEAL USA, INC. TO AMENDED NOTICE OF (I) EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH A SALE OF THE DEBTORS' ASSETS AND (II) THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO

Crown Cork & Seal USA, Inc. ("**Crown**") hereby files this limited objection to the proposed cure amounts set forth in the Debtors' Amended Notice of (i) Executory Contracts and Unexpired Leases that may be Assumed and Assigned in connection with a sale of the Debtors' Assets and (ii) proposed Cure Amounts (the "**Notice**" [Dkt. 995]) with respect to the assumption and assignment of its executory contracts, namely the Incremental Supply of Ends Letter (contract 1025 in the Notice); the Critical Vendor Agreement dated February 24, 2023 (contract 1026 in the Notice); the Nondisclosure Agreement dated December 13, 2018 (contract 1027 in the Notice); and the First Amendment to Supply Agreement (contract 1028 in the Notice, and, together with contract 1025, 1026 and 1027 in the Notice, the "**Crown Agreements**") as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

196637_2

1. On October 10, 2022 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

2. Crown and Debtors, Vital Pharmaceuticals, Inc. and Bang Energy Canada, Inc., have a longstanding relationship by which Crown supplies Vital Pharmaceuticals, Inc. and Bang Energy Canada, Inc. with cans and can ends used in their business. The relationship is memorialized in that certain Container Supply Agreement dated May 28, 2019 between Vital Pharmaceuticals, Inc. and Crown, supplemented by the Incremental Supply of Ends letter (contract 1025 in the Notice), amended by the First Amendment to the Supply Agreement (contract 1028 in the Notice), further amended by the Critical Vendor Agreement (contract 1026 in the Notice) and subject to the Nondisclosure Agreement (contract 1027 in the Notice). While Bang Energy Canada, Inc. is not a named party to the Container Supply Agreement and Crown Agreements, Crown, through its Canadian affiliate, Crown Metal Packaging Canada, has supplied Bang Energy Canada, Inc. with cans and can ends over the course of the Container Supply Agreement and Crown Agreements in accordance with those Agreements and Bang Energy Canada, Inc. has ordered cans and can ends from Crown in accordance with those Agreements.

3. On February 24, 2023, the Court entered an order [ECF 854] approving the bidding procedures pursuant to which the Debtors' assets may be sold.

4. Pursuant to those bidding procedures, the Debtors filed the Notice setting forth the executory contracts and unexpired leases that may be assumed and assigned as part of a sale of the Debtors' assets, as well as the amounts necessary to cure any defaults under those contracts and leases. The Crown Agreements are included in the Notice, with the exception of

the Container Supply Agreement – which may have been an oversight; however, the Container Supply Agreement is a necessary component in order for the Crown Agreements to be assumed by the Debtors and assigned to a purchaser of the Debtors' assets and should be added to the Notice.

5. The Crown Agreements that are presently included in the Notice each reference a cure amount of $0.00. Crown agrees that the cure amount for the Nondisclosure Agreement (contract 1027 in the Notice) is $0.00. Also, to the extent that the Crown Agreements and Container Supply Agreement are, as a group, assumed by the Debtors and assigned to a purchaser, and assuming that the dunnage has been returned and payments have been made as provided in the Critical Vendor Agreement (contract 1026 in the Notice), Crown agrees that the cure amounts for the Container Supply Agreement, the remaining Crown Agreements would be $0.00.

6. If and to the extent, however, that the dunnage has not been returned and/or the payments required by the Critical Vendor Agreement have not been made, or the Critical Vendor Agreement is not among the contracts assumed and assigned to a purchaser, the cure amount of $0.00 would be incorrect.

7. Crown filed a proof of claim in the Vital Pharmaceuticals, Inc. Chapter 11 case in the amount of $13,762,585.26 ("**Claim No. 271**"), and Crown Metal Packaging Canada filed a proof of claim in the Bang Energy Canada, Inc. Chapter 11 case in the amount of $243,587 ("**Claim No. 272**"). These Claims set forth the breakdown of the amounts owed to Crown as of the Petition Date.

8. Subsequent to these Claims being filed and pursuant to the Critical Vendor Agreement, the Debtors have paid the full amount of the prepetition receivables owed to Crown

and Crown Metal Packaging Canada as included in Claim No. 271 and Claim No. 272 and have begun to reduce and pay for some of the remaining can and ends inventory as well as storage fees that are reflected in the Claims.  Shortly, the Debtors will begin making payments toward the scrapping of unused inventory; however, the amount of the payments made in relation to scrap and inventory are presently based on the rates set forth in the Critical Vendor Agreement.

9. If the Critical Vendor Agreement is not assumed and assigned and/or the payments required thereunder are not completed, a remaining balance would be owed to Crown under the Crown Agreements and Container Supply Agreement at the contract rates referenced in Claim No. 271 and Claim No. 272 in order for those Agreements to be assumed and assigned – which amount would need to be calculated at the time the Crown Agreements are assumed and assigned.  *See e.g. In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d Cir. 2000); *In re Handy Andy Home Improvement Centers, Inc.*, 196 B.R. 87, 93 (Bankr. N.D. Ill 1996).

10. Accordingly, the cure amount of $0.00 would apply if a purchaser took assignment of all of the Crown Agreements and the Container Supply Agreement, the dunnage is returned and payments required under the Critical Vendor Agreement are made as provided therein.

11. Thus, Crown objects to the proposed cure amounts of $0.00 for contracts 1025, 1026 and 1028 in the Debtor's Notice only to the extent that a purchaser would not be taking assignment of all of the Crown Agreements and the Container Supply Agreement and/or to the extent that the terms of the Critical Vendor Agreement are not satisfied by the Debtors.  In such event, by this limited objection, Crown reserves the right to calculate and assert as a cure amount any amounts reflected in Claim No. 271 and Claim No. 272 that remain unpaid as of the date of assumption and assignment of the Crown Agreements.

WHEREFORE, Crown respectfully requests that this Court grant the relief requested herein and such other or further relief as is just and proper.

Respectfully submitted,

Dated: March 29, 2023

DILWORTH PAXSON LLP

/s/ Anne M. Aaronson
Anne M. Aaronson
1500 Market St., Suite 3500E
Philadelphia, PA 19130
Telephone: (215) 575-7110
Facsimile: (215) 575-7200

*Attorneys for Crown Cork & Seal USA, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this March 29, 2023 I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon the parties registered to receive electronic notifications in this matter.

/s/ Anne M. Aaronson
Anne M. Aaronson

196637_2