UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                  Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

    Debtors.                                                                  (Jointly Administered)
_____/

**DEBTORS' SIXTH MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF AN EXECUTORY CONTRACT WITH ACAR LEASING LTD., INC. D/B/A/ GM FINANCIAL LEASING EFFECTIVE AS OF MARCH 29, 2023**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion"), seeking an order in substantially the form attached hereto as **Exhibit "A"** authorizing the Debtors to reject that certain (i) *Close End Motor Vehicle Lease* between Vital Pharmaceuticals, Inc. ("VPX") and ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing, as successor lessor ("GM Financial Leasing") dated November 29, 2021, including any amendments, modifications thereto (collectively, the "GM Financial Lease") with rejection of the GM Financial Lease to be effective as of March 29, 2023. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12015952-3

I.  **Jurisdiction**

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

II. **Background**

2. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration")

5. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

6. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245]. On November 23, 2022, the United States Trustee reconstituted the Committee [ECF No. 400].

III. **Relief Requested and Basis Therefor**

7. On November 29, 2021, VPX entered into the GM Financial Lease with Ed Morse Cadillac Sawgrass, for the lease of a 2022 Cadillac Escalade bearing Vehicle Identification

12015952-3

Number 1GYS3MKL9NR12493 (the "Vehicle").[2] The GM Financial Lease contained an assignment provision whereby Ed Morse Cadillac Sawgrass assigned all of its rights, title and interest in the GM Financial Lease and the Vehicle to GM Financial Leasing. The Company entered into the GM Financial Lease to provide its then CEO, Mr. John (Jack) Owoc with the Vehicle.

8. As of March 9, 2023, Mr. Owoc is no longer employed by VPX and the Debtors have determined in their business judgment that the GM Financial Lease is no longer necessary to the administration of these bankruptcy cases and is burdensome to the estates because VPX no longer needs the Vehicle, and VPX does not believe the GM Financial Lease has any value that can be achieved through an assumption and assignment to a third party.

9. Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit this estate. *See Id.*

---

[2] On December 15, 2022, the Court entered an *Agreed Order Granting, In Part, ACAR Leasing LTD., Inc. D/B/A/ GM Financial Leasing's Motion for Relief From the Automatic Stay* [ECF No. 536, the "GM Order")] memorializing an agreement between VPX and GM Leasing for the post-petition payment of the GM Financial Lease. Pursuant to the GM Order, the Debtor shall remit payment to GM Financial Leasing 2,392.88 on the 1st day of each month.

10. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

11. The Debtors have determined that VPX no longer needs the Vehicle and that there is no benefit that is likely to be realized from the GM Financial Lease. Absent rejection, the Debtors believe that the GM Financial Lease will continue to burden the Debtors' estates with administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of the Debtors' business. Rejecting the GM Financial Lease will help ease the Debtors' cash burn and increase the Debtors' liquidity.

12. For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the GM Financial Lease. Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the GM Financial Lease pursuant to section 365(a) of the Bankruptcy Code, effective as of the date of this Motion.

13. On March 29, 2023, undersigned counsel communicated with counsel for GM Financial Leasing the Debtors' intent to reject the GM Financial Lease and authorized the return

or repossession of the Vehicle to GM Financial Leasing.

## Request For Waiver of Stay

14. To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, for the reasons set forth herein, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

15. To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

## Debtors' Reservation of Rights

16. The Debtors may have claims against GM Financial arising under, or independently of, the GM Financial Lease. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the GM Financial Lease.

17. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.

**WHEREFORE,** the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit A** (i) approving the rejection of the GM Financial Lease, effective as of March

29, 2023; and (ii) granting such other relief as is just and proper.

| | |
|---|---|
| Dated: March 29, 2023<br>    Miami, Florida | Respectfully submitted,<br><br>*/s/ Michael J. Niles* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email: george.davis@lw.com<br>         tj.li@lw.com<br>         brian.rosen@lw.com<br>         jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone:  (305) 755-9500<br>Email:  jguso@bergersingerman.com<br>           mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

12015952-3

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' SIXTH MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF AN EXECUTORY CONTRACT WITH ACAR LEASING LTD., INC. D/B/A/ GM FINANCIAL LEASING EFFECTIVE AS OF MARCH 29, 2023**

**THIS MATTER** came before the Court on April __, 2023 at _____, in Fort Lauderdale, Florida, upon the *Debtors' Sixth Motion for Entry of an Order Authorizing the Rejection of an Executory Contracts With ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing Effective as of March 29, 2023* (the "Motion") [ECF No. _____] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). The Motion seeks authority to

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12033300-1

reject the GM Financial Lease[2] with ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors.  Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, based on the entire record of the hearing on the Motion, it is

**ORDERED** that:

1. The Motion is **GRANTED** as provided herein.

2. The Debtors' rejection of the GM Financial Lease is **APPROVED**, effective as of March 29, 2023, pursuant to 11 U.S.C. § 365(a).

3. **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE CONTRACT; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE CONTRACT.**

4. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

12033300-1                                                    2

*(Attorney Niles is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

12033300-1

3