IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VITAL PHARMACEUTICALS, INC., et al,[1] | ) | Case No. 22-17842-PDR |
| | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF THE KROGER CO. AND 84.51 LLC TO THE NOTICES OF ASSUMPTION AND ASSIGNMENT IN CONNECTION WITH THE PROPOSED SALE OF THE DEBTORS' ASSETS**

The Kroger Co. ("Kroger") and 84.51 LLC ("84.51" and, together with Kroger, the "Kroger Entities"), by their undersigned counsel, hereby file this *Objection and Reservation of Rights of The Kroger Co. and 84.51 LLC to the Notice of Assumption and Assignment in Connection with a Sale of the Debtors' Assets* (this "Objection") in connection with the Debtors' *Notice of (I) Executory Contracts and Unexpired Agreements that may be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto* (Docket No. 893) and *Supplemental Notice of (I) Executory Contracts and Unexpired Agreements that may be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto* (Docket No. 995) (collectively, the "Notices").[2] In support of this Objection, the Kroger Entities state:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used herein have the meanings ascribed to them in the Notices or the Bidding Procedures Order, as those terms are defined in this Objection.

**BACKGROUND**

1. On October 10, 2022 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (this "Court").

*A. The Kroger Vendor Agreement*

2. On November 2, 2018, the Debtors entered into that certain Standard Vendor Agreement (March 2018 Version), as supplemented by that certain Ship to Home Addendum (December 2017 Version) (collectively, the "Kroger Agreement") pursuant to which Kroger acquires product from the Debtors to sell in Kroger's various retail locations. In addition to Kroger's acquisition of products under the Kroger Agreement, the Debtors are required to indemnify Kroger for all claims arising from the sale of the Debtors' products and damages stemming from the Debtors' breach of the Kroger Agreement. Further, the Debtors are obligated under the Kroger Agreement to provide replacement products or provide the value of the products to Kroger where the Debtors fail to provide conforming products.

3. On December 14, 2022, Kroger timely and properly filed a proof of claim for amounts due and owing under the Kroger Agreement. Specifically, Kroger filed a claim, identified as Claim No. 300, asserting $686,223.45 as the aggregate amount due and owing under the Agreement and for charges related to the sale of the Debtor's products.

4. As of the date of this Objection, the Debtors owe Kroger an amount not less than $450,640.45 under the Kroger Agreement (the "Kroger Cure Amount"). Based on information and belief, the Kroger Cure Amount has been provided to the Debtors in the ordinary course of business

between the Debtors and Kroger.

B. *The 84.51 Stratum Contract*

5. On November 16, 2021, the Debtors entered into that certain Stratum Access and Additional Services Agreement (the "84.51 Agreement" and, together with the Kroger Agreement, the "Agreements"), pursuant to which 84.51 provides the Debtors with access to a customer database and related marketing information.

6. On December 14, 2022, 84.51 timely and properly filed a proof of claim for amounts due and owing under the 84.51 Agreement. Specifically, 84.51 filed a claim, identified as Claim No. 299, asserting $34,444.06 as the aggregate amount due and owing under the 84.51 Agreement.

7. As of the date of this Objection, and based on information and belief, the Debtors are current under the 84.51 Agreement, although the amounts due and owing under the 84.51 Agreement might increase prior to the potential date of assumption and assignment of the 84.51 Agreement (the "84.51 Cure Amount" and, together with the Kroger Cure Amount, the "Cure Amounts").

C. *The Debtors' Sale Process*

8. On January 27, 2022, the Debtors filed their *Motion for an Order Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Agreements, (II) Authorizing the Debtors to Provide Bid Protections and (III) Granting Related Relief* (Docket No. 707) (the "Bidding Procedures Motion").

9. On February 24, 2023, the Court entered its *Order (I) Approving Bidding Procedures, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* (Docket No. 854) (the "Bidding Procedures Order") which, among other things, authorized and approved

3

procedures for the assumption and assignment certain executory contracts and leases, as part of a potential sale (or sales) of the Debtors' assets (the "Proposed Sale").

10. On March 3, 2023, and March 21, 2023, the Debtors filed the Notices, which identify certain executory contracts and leases the Debtors propose to assume and assign as part of the Proposed Sale. The Notices identify $0.00 as the amount necessary to cure all monetary defaults owed to Kroger under the Kroger Agreement in connection with the Proposed Sale (the "Proposed Kroger Cure Amount"). Based on information and belief, the Notices do not identify the 84.51 Agreement for assumption and assignment as part of the Proposed Sale, although the 84.51 Agreement could be described in a manner not readily identifiable by the Kroger Entities.

11. As provided by the Notices, the deadline to file a Cure Objection or an Adequate Assurance Objection is March 31, 2023 at 4:00 p.m. Prevailing Eastern Time.

## **OBJECTION**

12. While the Kroger Entities do not generally oppose the assumption and assignment of the Agreements to a financially viable assignee, the Kroger Entities object to the assignment of the Agreements by the Debtors as currently proposed. The proposed assumption and assignment of the Agreements fails to strictly comply with the requirements of section 365 of the Bankruptcy Code and the terms and conditions of the Agreements. The proposed assignment of the Agreements by the Debtors must be conditioned on, among other things: (i) the payment of all amounts due and owing under the Agreements through the effective date of the assignment of the Agreements; and (ii) the Debtors satisfying their burden under the Bankruptcy Code of demonstrating adequate assurance of future performance under the Agreements by the Prospective Bidder.

I.  **The Cure Amounts**

13. The Debtors' proposed assignment of the Agreements must be conditioned on all defaults under the Agreements being cured by the Debtors as of the effective date of the assumption and assignment of the Agreements. As of the date of this Objection, the aggregate cure amount due and owing under the Agreements is in an amount not less than $450,640.45 (*i.e.*, the "Cure Amounts"),[3] although amounts due and owing under the Agreements continue to accrue from and after the date of this Objection.

14. The Cure Amounts represent known amounts that are currently due and owing to the Kroger Entities under the Agreements, exclusive of any sums which have become due or have been paid after the date of this Objection. The Cure Amounts may increase prior to any actual date of assignment of the Agreements if the Debtors do not timely and properly pay all amounts that accrue after the date of this Objection (as required by the Bankruptcy Code), including attorneys' fees pursuant to the Agreements and other amounts that may come due pursuant to the terms of the Agreements and regardless of when those amounts accrued.

15. Accordingly, the Kroger Entities expressly reserve their right to amend or supplement this Objection and the Cure Amounts from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) all post-petition charges under the Agreements; (b) all amounts accruing under the Agreements which may be unbilled as of the date of this Objection; (c) any regular or periodic adjustment of charges under the Agreements which were not due or had not been determined as of the date of this Objection; (d) any non-monetary defaults; and/or (e) other contractual obligations under the Agreements.

---

[3] The documentation exhibiting outstanding invoice amounts is voluminous and will be made available upon request.

16. As part of the proposed assumption and assignment of the Agreements, the Debtors must assume and assign the Agreements in their entirety. This obligation requires the Debtors to assume and assign all terms, conditions, covenants, and obligations under the Agreements, whether monetary or non-monetary, for which the Debtors are responsible pursuant to the Agreements. Any order entered by this Court approving the assumption and assignment of the terms and conditions should provide for the same.

17. Consistent with the foregoing, the Kroger Entities respectfully request that any order approving the assumption and assignment of the Agreements provide, among other things, that the Debtors or any proposed assignee of the Agreements, including the Prospective Bidder, pay to the Kroger Entities, on the effective date of the assignment, all amounts due and owing under the Agreements through the effective date of assignment of the Agreements (*i.e.*, the Cure Amount, as the same may increase). In addition, the Kroger Entities respectfully request that any order approving the assumption and assignment of the Agreements specifically provide that any proposed assignee of the Agreements, including the Prospective Bidder, will be responsible for paying the following charges when they become due, regardless of whether these obligations and charges accrue prior to or after the effective date of assumption and/or assignment of the Agreements:

a) all accruing but unbilled charges under the Agreements;

b) all regular or periodic adjustment of charges under the Agreements which were not due or had not been determined as of the date of this Objection; and

c) all insurance, indemnification and other contractual obligations under the Agreements including but not limited to indemnification obligations relating to currently unknown and/or unasserted claims against the Kroger Entities.

Such provisions are supported by the statutory requirement that the Debtors cure all arrears and that the Debtors and/or the proposed assignee of the Agreements, including the Prospective Bidder,

provide adequate assurance of future performance under the terms of the Agreements. *See* 11 U.S.C. § 365(b)(1).

## II. Adequate Assurance of Future Performance

18. Pursuant to section 365(f)(2)(B) of the Bankruptcy Code, the Debtors may only assign the Agreements if the Kroger Entities receive adequate assurance of future performance under the Agreements. Additionally, the Bidding Procedures Order requires that counterparties to Contracts and Agreements be provided with "the Prospective Bidder's financial wherewithal and willingness to perform under the Proposed Assumed Contracts and any other Contracts or Agreements that may later be designated by the Prospective Bidder." Bidding Procedures Order, ¶ 30. The Debtors bear the burden of demonstrating the Prospective Bidder's ability to provide adequate assurance of future performance under the Agreements. *In re Uniq Shoes Corp.*, 316 B.R. 748, 751 (Bankr. S.D. Fla. 2004) (the debtor bears the burden of sufficiently demonstrating adequate assurance).

19. As of the filing of this Objection, the Debtors have not provided the Kroger Entities with information demonstrating the Prospective Bidder's ability to satisfy all obligations (monetary and non-monetary) under the Agreements, when required under the Agreements. The Kroger Entities should receive sufficient adequate assurance information for the Prospective Bidder prior to the Sale Hearing in order to properly evaluate the Prospective Bidder's ability to continue operating under the Agreements and comply with all terms thereof. Until the Kroger Entities receive adequate assurance information for the Prospective Bidder sufficient to the Kroger Entities, the Kroger Entities object to the assumption and assignment of the Agreements to the Prospective Bidder.

## RESERVATION OF RIGHTS

20. Nothing in this Objection is intended to be, or should be construed as, a waiver by the Kroger Entities of any of their rights under any of the Agreements, the Bankruptcy Code, or applicable law. The Kroger Entities expressly reserve all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Cure Amounts and any proposed assignment of the Agreements on any and all grounds; (b) amend the Cure Amounts; (c) assert any nonmonetary defaults under the Agreements; (d) object to any proposed assignee's adequate assurance of future performance; and (e) assert any further objections as it deems necessary or appropriate.

**WHEREFORE**, the Kroger Entities respectfully request that this Court enter an order: (a) sustaining this Objection; (b) affirmatively requiring the Debtors or the Prospective Bidder to pay all amounts owing to the Kroger Entities under the Agreements through the effective date of any assignment of the Agreements plus attorneys' fees; (c) affirmatively requiring the assignee to comply with each and every term, condition and obligation set forth in the Agreements; and (d) granting the Kroger Entities such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature Page Follows*]

Dated: March 30, 2023               Respectfully submitted,

                                    */s/ Michael R. Dal Lago*
                                    Michael R. Dal Lago (FL Bar No. 102185)

DAL LAGO LAW
999 Vanderbilt Beach Rd #200
Naples, FL 34108
Tel: (239) 571-6877
E-mail: mike@dallagolaw.com

-and-

**FROST BROWN TODD LLP**

*/s/ A.J. Webb*
A.J. Webb
*Pro hac vice* application pending
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: awebb@fbtlaw.com

**COUNSEL FOR THE KROGER CO. AND 84.51 LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2023, a true and correct copy of the foregoing *Objection to the Notices of Assumption and Assignment in Connection With a Sale of the Debtors' Assets* was sent via ECF Noticing to all parties receiving ECF Notices in these chapter 11 cases and via first-class mail on the below parties:

Vital Pharmaceuticals, Inc.
1600 N. Park Drive,
Weston, FL 33326
Attn: Greg Robbins
Gregg Metzger

Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Attn: Andrew Sorkin

Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Attn: Liza Burton
Jonathan Weichselbaum

Berger Singerman LLP,
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Attn: Jordi Guso
Michael Niles

Truist Bank
10500 Little Patuxent Parkway Ste 450
Columbia, MD 21046
Attn: Jade Silver

Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Attn: Luis Lluberas
Steve Gruendel
Cole Richins

Shutts & Bowen LLP
200 South Biscayne Blvd., Ste 4100
Miami, FL 33131
Attn: Aliette D. Rodz
Peter Levitt
Harris J. Koroglu
Martha M. Ferral

Office of the United States Trustee
51 SW First Avenue, Room 1204
Miami, Florida 33130

Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020
Attn: Jeffrey Cohen
Eric Chafetz
Lindsay Sklar

Sequor Law, P.A.,
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Attn: Leyza Blanco
Fernando Menendez

10

Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
Attn: Erica Mannix

                     */s/ Michael R. Dal Lago*

0046909.0764285   4878-8840-7129v5