UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | Case No. 22-17842 (PDR) |
| Debtors. | (Jointly Administered) |

**DEBTORS' AND CREDITOR SUDDATH GLOBAL LOGISTICS, LLC'S JOINT AGREED MOTION FOR RELIEF FROM AUTOMATIC STAY TO CONTINUE ACTION IN NONBANKRUPTCY FORUM**

> **ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN 14 DAYS AFTER THE DATE OF SERVICE[2] STATED IN THIS MOTION, PURSUANT TO LOCAL RULE 4001-1(C), WILL BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION.**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") and creditor Suddath Global Logistics, LLC's ("**Suddath**" and, together with the Debtors, "**Movants**"), by and through undersigned counsel, hereby file this joint agreed motion (the "**Motion**") pursuant to sections 105(a), 362(d), and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 4001(a), 9014 and 9019 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules 4001-1(C) and 9013-1(D), and this Court's Guidelines for Motions for Relief From the Automatic Stay, seeking entry of an order substantially in the form of **Exhibit A** hereto

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, EEC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash Seltzer, EEC (6501); (vi) Rainbow Unicom Bev EEC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Although there is no Certificate of Service included in this Motion reflecting the date of service, this Motion will be served today, March 31, 2023, by the Debtors' notice, claims and solicitation agent, Stretto, Inc.

67600901;1

lifting the automatic stay to allow Suddath and Debtor Vital Pharmaceuticals, Inc. ("**VPX**") to continue the state court action, currently styled *Vital Pharmaceuticals, Inc., etc. v. Suddath Global Logistics, LLC, etc.*, Case No. CACE-21-003572, pending in the Circuit Court of the 17th Judicial Circuit, In and For Broward County, Florida (the "**Broward County Action**"). The parties had already conducted extensive discovery in the Broward County Action when Debtors filed the instant proceeding. In support of the Motion, Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested in this Motion is sections 105(a), 362(d), and 363(b) of the Bankruptcy Code, as complemented by Bankruptcy Rules 4001(a), 9014 and 9019 and Local Bankruptcy Rules 4001-1 and 9013-1(D).

## BACKGROUND

4. On October 10, 2022, VPX and its affiliated debtors (together with VPX, the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On February 19, 2021, VPX initiated the Broward County Action by filing a Complaint against Suddath. On February 14, 2022, VPX filed its more definite statement. VPX alleges Suddath breached a logistics agreement (Count I: Breach of Contract), and alleges Suddath was negligent in connection with the same (Count II: Negligence). Suddath counterclaimed, alleging that VPX owes Suddath approximately $325,000 as of December 10, 2020 (which amount Suddath alleges continues to accrue), for unpaid warehousing, distribution,

and other services Suddath provided to VPX under the subject contract and alleges related claims (Count I: Breach of Contract; Count II: Open Account). The claims and defenses are interrelated and overlap such that Suddath's defenses of VPX's claims will also be a prosecution of its counterclaims and thus, a violation of the automatic stay if the stay is not lifted by this Court.

6.  The parties have already engaged in voluminous discovery and significant motion practice in the Broward County Action. The trial period was set to commence on March 6, 2023. However, given the instant bankruptcy proceedings, the state court has reset the case for the Court's June 2023 trial calendar.

## RELIEF REQUESTED

7.  By this Motion, Movants seek entry of an order from this Court lifting the automatic stay to allow VPX and Suddath to proceed with the Broward County Action to final judgment and through any appellate proceedings. In doing so, the parties will be able to achieve resolution on their claims in an economical and efficient manner before a court that is already familiar with the parties' disputes and as many of the case milestones have already elapsed. For the avoidance of doubt, the stay relief requested herein does not extend to actions by Suddath to enforce any such final judgment or other relief granted in the Broward County Action, and Suddath's rights to pursue further stay relief (and VPX's right to object to such relief) are reserved.

8.  A proposed Order granting the relief requested is attached as **Exhibit A** hereto.

**BASIS FOR RELIEF REQUESTED**

**A.    Legal Standards**

9.    Bankruptcy Code section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In practice, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad statutory authority to enforce the Bankruptcy Code's provisions either under the specific statutory language of the Bankruptcy Code or under equitable common law doctrines. *See Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994) ("It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.").

10.    In some instances, a compromise or settlement is considered to be a use of property of the estate outside the ordinary course of business under Bankruptcy Code section 363(b). *See, e.g.*, *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350–51 (3d Cir. 1999) (noting that settlements and compromises are generally considered to be a use of property of the estate). To the extent that the Debtors' agreement to modify the automatic stay herein is viewed as a use of estate property, the requested relief should be considered under the business judgment standard. *See, e.g.*, *In re Friedman's Inc.*, 336 B.R. 891, 895 (Bankr. S.D. Ga. 2005) ("Courts review a debtor's use of estate property outside of the ordinary course of business pursuant to a debtor's demonstration of sound business judgment"); *In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (stating that judicial approval under section 363 of the Bankruptcy Code requires a showing that the proposed action is supported by, among other things, a good business reason).

11.     In exercising its review under both Bankruptcy Code section 363(b) and Bankruptcy Rule 9019,[3] a bankruptcy court gives weight to the estate representative's sound business judgment. *See, e.g.*, *In re Lorraine Brooke Assocs., Inc.*, No. 07-12641-AJC, 2007 WL 2257608, at *4 (Bankr. S.D. Fla. Aug. 2, 2007) (approving a sale pursuant to a settlement agreement under Bankruptcy Code section 363 and finding the agreement to be within the sound business judgment of the trustee); *Abeles v. Infotechnology, Inc. (In re Infotechnology, Inc.)*, No. 95-5024, 1995 WL 723099, at *2 (2d Cir. Nov. 9, 1995) (noting that in determining whether to approve a debtor's motion to settle a controversy, a court does not substitute its judgment for that of the debtor).

### B. The Proposed Relief From the Automatic Stay Is A Proper Exercise of the Debtors' Business Judgment

12.     The Movants believe that modifying the automatic stay to allow the Broward County Action to continue as proposed herein is an appropriate exercise of the Debtors' business judgment, is fair and equitable, and is in the best interests of the Debtors' estates and their creditors. The benefits associated with the proposed relief far outweigh any potential benefit in declining to consent to the relief. Indeed, this Motion and the proposed order are the product of good faith negotiations among the Debtors and VPX.

13.     Allowing the Broward County Action to proceed at this time will facilitate the administration of the Debtors' Chapter 11 cases as it will resolve VPX's claims as well as Suddath's claims.

### C. "Cause" Exists to Grant Relief From the Automatic Stay Under Bankruptcy Code Section 362(d)

14.     Furthermore, if the Court were to consider the factors relevant to finding "cause"

---

[3] Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

- 5 -

67600901;1

to grant non-consensual relief from stay pursuant to Bankruptcy Code section 362(d),[4] such factors uniformly support granting the relief sought.[5] Specifically, as set forth below, modifying the automatic stay satisfies the following tests as succinctly summarized by courts in this Circuit: "whether a) any 'great prejudice' to either the bankrupt estate or the debtor will result from continuation of a civil suit, b) the hardship to the non-bankrupt by maintenance of the stay considerably outweighs the hardship of the debtor, and c) the creditor has a probability of prevailing on the merits of his case."[6]

### 1. Neither the Bankruptcy Estate Nor the Debtors Will Suffer Any Great Prejudice by Continuation of the Action and Lifting of the Automatic Stay.

15.  This factor clearly weighs in favor of the Motion as lifting the automatic stay to allow the Broward County Action to proceed will benefit VPX because Broward County is the parties' chosen forum, the case is near trial, the case may bring in additional funds to the estate, and proceeding with the case would not create significant additional expense for VPX. Indeed, starting over in this Bankruptcy Court would cause undue additional delay and further expense that can be avoided through continuation of the Broward County Action.[7]

---

[4] "On request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause . . ." 11 U.S.C. § 362(d)(1).

[5] "'Cause' is not defined under § 362(d) and therefore is assessed on a case-by-case basis, with courts being afforded wide latitude in deciding whether to grant relief." *Lord v. True Funding, LLC*, 618 B.R. 588, 592 (S.D. Fla. 2020) (citing *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013), other citation omitted). "There is no set list of circumstances that a bankruptcy court is required to consider in evaluating whether § 362(d)(1) 'cause' exists to lift the automatic stay. Rather, courts evaluating whether to grant stay relief have looked to a variety of case-specific factors . . ." *In re Feingold*, 730 F.3d at 1277.

[6] *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990) (citation omitted); *see also In re R.J. Groover*, 411 B.R. at 466 (same analysis as *Makarewicz*); *In re Tricare*, 181 B.R. at 573 (cause to lift stay requires court to "balance the potential prejudice to the debtor, the bankruptcy estate, and to other creditors against the hardship to the plaintiff if she is not allowed to continue the lawsuit"); *In re Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) ("courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant," citations omitted).

[7] The legislative history to section 362(d) provides:

### 2. Suddath Will Suffer Severe Prejudice if the Automatic Stay is Not Lifted.

16. Courts find prejudice to creditors like Suddath where not lifting the automatic stay of a pending litigation would force the creditor to "duplicate all of its efforts in the bankruptcy court." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736–37 (7th Cir. 1991) (finding such duplication to be "unfair"). Here, if the automatic stay is not lifted, Suddath will be forced to duplicate its efforts in the bankruptcy court, which include significant motion practice and discovery.

17. Moreover, Suddath will be severely prejudiced if the Court allows VPX to continue its affirmative claims against Suddath, but declines to lift the automatic stay with regard to Suddath's counterclaims. Such a result would put Suddath in an impossible situation because Suddath's defenses to VPX's claims and Suddath's counterclaims against VPX are intertwined. In defending VPX's claims, Suddath could be accused of violating the automatic stay due to their interrelatedness and overlap.

### 3. Lifting the Stay will Conserve Judicial Resources.

18. Lifting the stay will also conserve judicial resources by allowing the Broward County Court, which is more familiar with this matter and the legal issues therein, to adjudicate the parties' claims expeditiously. *In re Santa Clara County Fair Assoc., Inc.*, 180 B.R. at 566 (finding judicial economy warranted lifting stay where district court was better positioned to resolve issues raised in litigation); *In re Humphrey's Pest Control Co., Inc.*, 35 B.R. at 714 (finding cause existed to lift stay and allow litigation to proceed where litigation involved same

---

"[I]t will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result in order to lead the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

issues that would need to be resolved before the bankruptcy court).

19. Further, the claims asserted in the Broward County Action are state law causes of action, which should be decided by a court that routinely handles these types of claims. *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345-46 (4th Cir. 1992) (holding that relief from stay may be granted to permit litigation to go forward in a non-bankruptcy forum where issues of state law are involved and judicial economy will be promoted); *In re Tribune Co.*, 418 B.R. 116, 127-29 (Bankr. D. Del. 2009) (lifting stay to allow litigation to proceed in California court where suit was commenced).

### 4. Likelihood of Prevailing on the Merits.

20. Under this factor, "[the] Court need not decide whether [Suddath] will prevail in its claim, only whether [it] has demonstrated a *probability* of success." *In re S. Oakes Furniture, Inc.*, 167 B.R. 307, 309-10 (Bankr. M.D. Ga. 1994) (emphasis in original). "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Scarborough-St. James Corp.,* 535 B.R. 60, 69–70 (Bankr. D. Del. 2015).

21. Here, Suddath submits that it will succeed on the merits as Suddath alleges there can be no dispute Suddath provided storage and other contractual services to VPX and VPX failed to pay for those services.

### D. Request for Waiver of Bankruptcy Rule 4001(a)(3)

22. The Movants request a waiver of Bankruptcy Rule 4001(a)(3), which provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the

---

H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5836, 6297; *In re Humphrey's Pest Control Co., Inc.*, 35 B.R. 712, 714 (E.D. Pa. 1984); see also *In re Santa Clara County Fair Assoc., Inc.*, 180 B.R. 564, 566 (9th Cir. 1995).

67600901;1

court orders otherwise."[8] Pursuant to the "negative notice" procedures, parties in interest have had 14 days' notice of the relief. Moreover, the relief sought herein has been consented to by the Debtors. Accordingly, it is proper for the Court to waive the Bankruptcy Rule 4001(a)(3) stay to avoid further prejudice to the parties as a result of delay.

**WHEREFORE**, the Movants respectfully request entry of an Order: *(i)* lifting the automatic stay to allow VPX and Suddath to proceed with the Broward County Action and prosecuting and/or defending the Broward County Action until final judgment, including, but not limited to, trial, pre- and post-trial briefing, obtaining a judgment on all counts, liquidating Suddath's claim, and adjudication of equitable relief, and *(ii)* allowing the parties to file and prosecute appeals from any adverse judgment, and *(iii)* granting such further and other relief as this Court deems just and equitable.

Dated:  March 31, 2023                    Respectfully submitted,

**BERGER SINGERMAN LLP**

By: /s/ *Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
            mniles@bergersingerman.com

- and -

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)

---

[8]  Fed.R.Bankr.Pro. 4001(a)(3).

67600901;1

LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
tj.li@lw.com
brian.rosen@lw.com
jon.weichselbaum@lw.com

- and -

Andrew D. Sorkin (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

- and –

Whit Morley (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IE 60611
Telephone: (312) 876-7700
whit.morley@lw.com

**Co-Counsel for the Debtors**

**AKERMAN LLP**

By: /s/ *Amy M. Leitch*
Aleksas A. Barauskas
Florida Bar No. 68175
Amy M. Leitch
Florida Bar No. 90112
50 North Laura Street, Suite 3100
Jacksonville, FL 33302
T: (904) 798-3700
F: (904) 798-3730
aleksas.barauskas@akerman.com
amy.leitch@akerman.com

**Counsel for Suddath Global Logistics, LLC**

## **EXHIBIT A**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| VITAL PHARMACEUTICALS, INC., et al.,[1] | ) Case No. 22-17842 (PDR) |
| Debtors. | ) (Jointly Administered) |

**ORDER GRANTING DEBTORS' AND CREDITOR SUDDATH GLOBAL LOGISTICS, LLC'S JOINT AGREED MOTION FOR RELIEF FROM AUTOMATIC STAY TO CONTINUE ACTION IN NONBANKRUPTCY FORUM [ECF NO. --]**

THIS MATTER came before the Court without a hearing upon Debtors' and creditor Suddath Global Logistics, LLC's ("**Suddath**" and, together with the Debtors, "**Movants**") *Joint Agreed Motion For Stipulated Relief From Automatic Stay To Continue The Action in Nonbankruptcy Forum* [ECF No. --] (the "**Motion**").[2] The Court having reviewed the file and the Motion, and the Movants by submitting this form of order having represented that the Motion was served on all parties, that the 14-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion and being otherwise fully advised in the premises, and for good cause, it is hereby:

**ORDERED** and **ADJUDGED**:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, EEC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash Seltzer, EEC (6501); (vi) Rainbow Unicorn Bev EEC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] All capitalized terms, unless otherwise herein defined, shall take on the meaning ascribed to them in the Motion.

67600901;1

1. The Motion is **GRANTED**.

2. The automatic stay imposed in this case by Section 362(a) of the Bankruptcy Code is lifted solely to allow VPX and Suddath to proceed with prosecuting and/or defending the Broward County Action until final judgment, including, but not limited to, trial, pre- and post-trial briefing, obtaining a judgment on all counts, liquidating Suddath's claim, filing and prosecuting appeals, and adjudication of equitable relief. For the avoidance of doubt, the stay relief granted herein does not extend to actions by Suddath to enforce any such final judgment or other relief granted in the Broward County Action, and Suddath's rights to pursue further stay relief (and VPX's right to object to such relief) are reserved.

3. The stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived and is not effective to the extent applicable to the relief set forth herein.

###

**SUBMITTED BY:**

Amy M. Leitch, Esq.
**Akerman LLP**
50 North Laura Street, Suite 3100
Jacksonville, FL 33302
T: (904) 798-3700
F: (904) 798-3730
E-mail: amy.leitch@akerman.com

Copies furnished to:
Amy M. Leitch, Esq. [Attorney Leitch is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.]