UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF DOEHLER USA INC. TO NOTICE OF (I) EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH A SALE OF THE DEBTORS' ASSETS AND (II) THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO**

Doehler USA, Inc. ("Doehler"), by and through its undersigned counsel, hereby objects on a limited basis to the *Notice of (I) Executory Contracts and Unexpired Leases That May Be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts With Respect Thereto* [Docket No. 893] (the "Original Notice") and the *Supplemental Notice of (I) Executory Contracts and Unexpired Leases That May Be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts With Respect Thereto* [Docket No. 995] (the "Supplemental Notice" and together with the Original Notice, the "Cure Notices") filed by the above-captioned debtors (the "Debtors"), and in support thereof states as follows:

**Relevant Background**

1. On October 10, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

2. In connection with the proposed sale of substantially all of their assets, on March 3, 2023, the Debtors filed the Original Notice. The First Notice purports to advise Doehler (amongst thousands of other non-debtor contract parties) of the Debtors' intent to assume and assign various agreements between the Debtors and Doehler (the "Designated Agreements"). The Original Notice further purports to give notice to Doehler of the aggregate amount that must be paid to cure all pre-petition defaults presently existing under the Designated Agreements.

3. On March 21, 2023, the Debtors filed the Supplemental Notice. The Supplemental Notice contains revisions to the Original Notice, but similarly purports to advise Doehler of the Debtors' intent to assume and assign the Designated Agreements and to give notice to Doehler of the aggregate amount that must be paid to cure all pre-petition defaults under the Designated Agreements. The Designated Agreements and cure amounts listed in the Supplemental Notice are as follows:

| No. | Counterparty Name | Counterparty Address | Debtor | Description | Cure Amount |
|---|---|---|---|---|---|
| 1217 | Doehler USA Inc. | 400 High Point Road, Suite 100, Cartersville, GA 30120 | Vital Pharmaceuticals, Inc. | Settlement Agreement & Mutual Release, dated September 29, 2022 | $0.00 |
| 1218 | Doehler USA Inc. | 400 High Point Road, Suite 100, Cartersville, GA 30120 | Vital Pharmaceuticals, Inc. | Promissory Note Agreement, dated September 29, 2022 | $22,000,000.00 |

**Limited Objection**

4. Doehler objects to the assumption and assignment of the Designated Agreements on the grounds that the proposed cure amounts do not provide for the full payment of all pre-petition amounts due and owing to Doehler.

5. Pursuant to section 365 of the Bankruptcy Code, as a condition of the Debtors' assumption of executory contracts with Doehler, Doehler is entitled to be paid all pre-petition

amounts due and owing in full in order to restore pre-default conditions and bring all contracts back in compliance with their terms. 11 U.S.C. § 365(b); *see also In re Ionosphere Clubs, Inc.,* 85 F.3d 992, 999 (2d Cir. 1996) (explaining that "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, inter alia, (a) cures, or provides adequate assurance that it will promptly cure, the default. . . . to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance.") (internal citations and quotation omitted).

6. Though separately listed, the Designated Agreements are part of the same pre-petition settlement transaction between the Debtors and Doehler. Indeed, the Promissory Note referenced as No. 1218 was given by the Debtors as part of the Settlement Agreement referenced as No. 1217 and is incorporated therein.[2] Accordingly, the actual cure amount for the Settlement Agreement is at least $22 million. In addition, the Debtors owe Doehler at least $4,895,664.85 on account of costs and charges intended to be recouped under the Settlement Agreement. *See* Proof of Claim No. 547 (filed by Doehler setting forth the background of the parties' settlement and amounts owed thereunder). Consequently, the actual amount necessary to cure existing monetary defaults under the Settlement Agreement is not less than $26,895,664.85.

7. The Settlement Agreement also requires the parties to negotiate a go-forward supply agreement concerning certain product components provided by Doehler and used by the Debtors (the "<u>Supply Agreement</u>"). The parties remain in the process of negotiating that Supply Agreement. To the extent that the parties have not finalized the Supply Agreement prior to any

---

[2] Doehler does not concede that the Promissory Note is executory and reserves its rights. Nevertheless, Doehler does not object to inclusion of the Promissory Note in the Supplemental Notice such that a prospective buyer for the Debtors' assets may determine whether to designate the obligations thereunder for assumption and/or assignment.

assumption of the Settlement Agreement, the Settlement Agreement may not be assumed (absent Doheler's waiver of this requirement).[3]

8. In addition, as the case proceeds, Doehler may continue to provide post-petition services and goods to the Debtors' estates, and additional amounts become due under the Designated Agreements. Accordingly, the amount due to Doehler as of the closing date of any sale may change. Doehler thus reserves the right to supplement this limited objection on any grounds, including but not limited to lack of adequate assurance pursuant to section 365(f)(2)(B), failure to cure any post-petition defaults prior to assumption pursuant to section 365(b)(1)(A) and compensation for damage for any defaults prior to assumption pursuant to section 365(b)(1)(B).

WHEREFORE, Doehler respectfully requests that an Order be entered conditioning the assumption and assignment of the Designated Agreements on the correct cure amounts and providing such other and further relief as is just and proper.

[*Signature Page Follows*]

---

[3] In the event the parties finalize the terms of the Supply Agreement prior to any sale of the Debtors' assets, the Supply Agreement should be added to the Cure Notices and made available for designation. Doehler reserves all of its rights in that respect.

Dated: March 31, 2023								Respectfully submitted,

                <u>/s/ Ezequiel J. Romero</u>
                Ezequiel J. Romero, Esq.
                Florida Bar No. 107216
                romeroe@bclplaw.com
                BRYAN CAVE LEIGHTON PAISNER LLP
                200 South Biscayne Boulevard, Suite 400
                Miami, FL 33131
                Telephone:  (786) 322-7500

                -and-

                Jarret P. Hitchings, Esq. *admitted pro hac vice*
                BRYAN CAVE LEIGHTON PAISNER LLP
                One Wells Fargo Center
                301 South College Street
                Charlotte, North Carolina 28202
                E-mail: jarret.hitchings@bclplaw.com
                Tel: (704) 749-8965

                *Counsels for Doehler USA Inc. and*
                *Dohler Dahlenburg G.m.b.H*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished on March 31, 2023 to all parties and counsel registered with the Court's CM/ECF filing system, and by first-class US mail as follows:

Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Attn: Andrew Sorkin
andrew.sorkin@lw.com

Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Attn: Liza Burton and Jonathan Weichselbaum
liza.burton@lw.com
jon.weichselbaum@lw.com

*/s/ Ezequiel J. Romero*
Ezequiel J. Romero, Esq.