UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*[1] | Case No.: 22-17842-PDR |
| Debtors.                                    / | (Jointly Administered) |

**LIMITED OBJECTION OF REFRESCO BEVERAGES US INC. AND REFRESCO IBERIA S.A.U. TO DEBTORS' NOTICE OF (I) EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH A SALE OF THE DEBTORS' ASSETS AND (II) THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO [DOCKET NO. 893]**

Creditors, Refresco Beverages US Inc. ("**Refresco US**") and Refresco Iberia S.A.U. ("**Refresco Iberia**," and together with Refresco US, the "**Refresco Creditors**"), file this limited objection (this "**Limited Objection**") to the *Notice of (I) Executory Contract and Unexpired Leases That May Be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed cure Amounts with Respect Thereto* [docket no. 893] (the "**Notice**"), and respectfully state:

**SUMMARY OF THE REFRESCO CREDITORS' OBJECTIONS**

1. The Refresco Creditors are counterparties to certain agreements with debtor, Vital Pharmaceuticals, Inc. ("**Vital**"), defined in the Notice as "Assigned Contracts" and/or with certain of Vital's affiliates. *See* Notice at 2. The Assigned Contracts at issue here are listed as contract numbers 981–87 and 3131–32 (the "**Contracts**") on Exhibit A of the Notice. As set forth in the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, EEC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash Seltzer, EEC (6501); (vi) Rainbow Unicom Bev EEC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Notice, the above-captioned debtors (the "**Debtors**") intend to assume and assign the Contracts in connection with a sale of substantially all of the Debtors' assets. *Id.*

2. The chart below summarizes the Refresco Creditors' limited objection to the Notice:

| | DEBTORS' REPRESENTATIONS | | | OBJECTIONS | |
|---|---|---|---|---|---|
| **No.** | **Debtors' Alleged Counterparty** | **Debtors' Description** | **Debtors' Proposed Cure Amount** | **Bases for Objections** | **Actual Cure Amount** |
| 981 | Cott - Legal Department | Co-Packing Agreement, dated July 25, 2017 | $0.00 | • Description does not reflect entire agreement, which includes the Amended LOI (defined herein), as required by Bankruptcy Code § 365.<br>• Erroneous cure amount.<br>• Erroneous counterparty name; correct counterparty is Refresco Beverages US Inc. | $9,689,098.52 |
| 982 | Cott Beverages Inc. | California Beverage Container Law Reporting and Payment Agreement, dated January 01, 2015 | $0.00 | • Erroneous counterparty name; correct counterparty is Refresco Beverages US Inc.<br>• The Refresco Creditors cannot locate this agreement. | Unknown because agreement not located |
| 983 | Cott Beverages Inc. | Co-Packing Agreement, dated July 25, 2017 | $32,407.39 | • Duplicate; same as contract no. 981. | $9,689,098.52 |
| 984 | Cott Beverages Inc. | Letter of Intent, Dated February 21, 2018 | $0.00 | • Non-executory because contract was superseded by the Amended LOI (defined herein). | n/a (not executory) |
| 985 | Cott Beverages Inc. | Letter re: VPX - Date Coding / Shelf- Life Indemnification, dated June 27, 2017 | $0.00 | • Erroneous counterparty name; correct counterparty is Refresco Beverages US Inc.<br>• Erroneous contract date; correct contract date is June 22, 2017. | $0.00 |

| DEBTORS' REPRESENTATIONS | | | | OBJECTIONS | |
|---|---|---|---|---|---|
| No. | Debtors' Alleged Counterparty | Debtors' Description | Debtors' Proposed Cure Amount | Bases for Objections | Actual Cure Amount |
| 986 | Cott Beverages Inc. | Confidentiality Agreement | $0.00 | • Erroneous counterparty name; correct counterparty is Refresco Beverages US Inc.<br>• The Refresco Creditors cannot locate this agreement. | Unknown because agreement not located |
| 987 | Cott Beverages Inc. | Co-Packing Agreement, dated November 12, 2012 | $0.00 | • Non-executory because contract was superseded by the Co-Packing Agreement, dated June 25, 2017. | n/a (not executory) |
| 3131 | Refresco US | Co-Packing Agreement, dated November 12, 2012 | $32,407.39 | • Duplicate; same as contract no. 987. | n/a (not executory) |
| 3132 | Refresco Iberia | Co-manufacturing Agreement | $0.00 | • No such agreement exists. | n/a (no agreement) |

3. As discussed in greater detail below, the Debtor must amend the Notice to address the Refresco Creditors' objections and/or the Refresco Creditors respectfully request that this Court enter an Order sustaining this Limited Objection or granting relief consistent with this Limited Objection.

### RELEVANT BACKGROUND

A. **Refresco US's Contracts with Vital**

   (i) *The Co-Packing Agreement Between Refresco US and Vital*
   **[reference contract no. 981, 983, 984, 987, and 3131]**

4. On July 25, 2017, Vital entered into that certain *Co-Packing Agreement* (the "**Co-Packing Agreement**") with Cott Beverages Inc. ("**Cott**"), now known as Refresco Beverages US Inc. The Co-Packing Agreement governs the provision of manufacturing services

3

and finished beverage products by Refresco US to Vital. A true and correct copy of the Co-Packing Agreement is attached hereto as **Exhibit A**.

5. Relevant here, the Co-Packing Agreement provides the following:

   a. The Co-Packing "Agreement contains the entire agreement of the parties with respect to the subject matter hereof, and ***supersedes all prior understandings, negotiations, letters or commitments of any nature whatsoever relating generally to the same subject matter***. Co-Packing Agreement § 11(h) (emphasis added).

   b. "Cott [*i.e.*, Refresco US] shall manufacture those products in the package sizes described on Exhibit A, ***as amended from time to time upon agreement of the parties*** . . . ." *Id.*, Recitals (emphasis added); *see also* Co-Packing Agreement § 1(a).

   c. The Co-Packing "Agreement shall not be amended or modified without specific written provision to that effect, signed by a duly authorized officer of both parties." *Id.* § 11(j).

6. Section 11(h) of the Co-Packing Agreement—see paragraph 5(a) above—clarifies that the Co-Packing Agreement superseded an earlier *Co-Packing Agreement* between Vital and Cott, dated November 12, 2012 (the "**Superseded Agreement**"). The Superseded Agreement is listed twice on Exhibit A of the Notice. *See* Notice, exh. A, nos. 987 and 3131.

7. Further, on February 21, 2018, Vital and Cott amended Exhibit A of the Co-Packing Agreement by executing a letter of intent (the "**First LOI**"). A true and correct copy of the First LOI is attached hereto as **Exhibit B**. Vital and Cott intended for the First LOI to be "an addendum to the [Co-Packing] Agreement . . . ." First LOI at 1. As required by the Co-Packing agreement, Vital's and Cott's authorized officers signed the First LOI.

8. The First LOI is listed as contract number 984 on Exhibit A to the Notice.

9. Around the time the parties executed the First LOI, Refresco US's parent acquired Cott. As a result of the acquisition, Refresco US became Cott's successor in interest and/or was the subject of a name change from Cott Beverages Inc. to Refresco Beverages US Inc.

10. On January 17, 2019, Vital and Refresco US amended Exhibit A of the Co-Packing Agreement a second time by executing an amended letter of intent (the "**Amended LOI**").[2] A true and correct copy of the Amended LOI is attached hereto as **Exhibit C**. Vital and Refresco US intended for the Amended LOI to be "an addendum to the [Co-Packing] Agreement . . . ." Second LOI at 1. Further, as required by the Co-Packing agreement, Vital's and Refresco US's authorized officers signed LOI. Critically, the Amended LOI "**supersedes and replaces all prior oral or written understandings not otherwise incorporated herein, specifically the [First LOI].**" Amended LOI § 5 (bold typeface in the original).

11. Although the Amended LOI is a proper addendum to the Co-Packing Agreement, <u>*the Amended LOI is not listed anywhere on Exhibit A of the Notice*</u>. Instead, on Exhibit A of the Notice, the Debtors list only the Superseded Agreement [contract nos. 987 and 3131]; the Co-Packing Agreement without any reference to the Amended LOI [contract nos. 981 and 983]; and the First LOI [contract no. 984]. And in each instance, the counterparty is listed as Cott or "Cott - Legal Department," not Refresco US.

12. Since the Debtors have severed the Amended LOI from the Co-Packing Agreement, and since unpaid fees have accrued pursuant to the Amended LOI, the Debtors' proposed cure amounts for the Co-Packing Agreement are grossly understated. Pursuant to the Amended LOI, Vital and Refresco US agreed:

> [I]f at the end of the three (3) years following the initial production from the Wilson Plant (or upon the earlier termination or expiration of the Agreement) [Debtor] has not purchased at least the Wilson

---

[2] The subject line of the Amended LOI begins "Second Amended Letter of Intent . . . ." *See* Amended LOI. The subject line implies the existence of a ***first*** amended letter of intent. However, for the avoidance of doubt, the parties executed only the First LOI and the Amended LOI.

> Volume Commitment[3] of Products[4] from the Wilson Plant, then Debtor will pay [Claimant] a per case fee equal to thirty cents per case ($0.30/case) for the difference between actual cases purchased by, or on behalf of [Debtor] and the shortfall of the Wilson Volume Commitment . . . at such time, with such payment to be made within 30 days of the termination or expiration of the Agreement [the "**Shortfall Fee**"].

*See* Amended LOI § 2.

13. During the three-year production period specified in the Amended LOI, a shortfall of 32,182,114 cases accrued. As a result, a Shortfall Fee of $9,654,634 accrued and became payable by Vital to Refresco US on January 1, 2023. To date, Vital has not paid the Shortfall Fee.

14. A summary of the case shortfalls and accrued Shortfall Fee is provided below:

| LOI Year | Cases Produced | Case Shortfall | Shortfall Fee | Date Range |
|---|---|---|---|---|
| Year 1 | 9,313,225 | 7,686,775 | $2,306,033 | from 12.2.2019 through 12.2.2020 |
| Year 2 | 6,749,055 | 11,250,945 | $3,375,284 | from 12.2.2020 through 12.2.2021 |
| Year 3 | 5,755,606 | 13,244,394 | $3,973,318 | from 12.2.2021 through 12.2.2022 |
|  | **21,817,886** | **32,182,114** | **$9,654,634** |  |

15. On March 31, 2023, Refresco filed an administrative expense claim for the Shortfall Fee. As of the filing of this Limited Objection, Refresco US's administrative expense claim does not appear to have been assigned a claim number. Further, out of an abundance of caution, Refresco filed a general unsecured claim on December 19, 2022 for the Shortfall Fee to preserve

---

[3] The "**Wilson Volume Commitment**" means "(a) at least Seventeen Million (17,000,000) 12-ct cases of Products during the first twelve (12) months following initial production from the Wilson Plant, (b) at least Eighteen Million (18,000,000) cases of Products during the following twelve (12) month period from the Wilson Plant, and (c) at least Nineteen Million (19,000,000) cases of Products during the next twelve (12) month period from the Wilson Plant, for a total volume commitment of Debtor requested production from the Wilson Plant of Fifty-Four Million (54,000,000) 12-ct cases of Products over the three (3) year period commencing upon the initial production at the Wilson Plant." *See* Amended LOI § 1.

[4] "**Products**" means Debtor's "BANG®" energy drink beverages in a 16oz can/12-ct case configuration. *See* Amended LOI, Introduction.

6

the claim in the event that any portion of the Shortfall Fee is later deemed a general unsecured claim. *See* claim no. 571. Thus, the Debtors have been on notice of the Shortfall Fee for more than three (3) months.

16. In light of the unpaid Shortfall Fee, the Debtors' proposed cure amount of either $0.00 or $32,407.39 for the Co-Packing Agreement is erroneous and should be revised to include the Shortfall Fee of $9,654,634. Further, Refresco US filed a general unsecured claim on account of the Co-Packing Agreement in the amount of $34,464.52. *See* claim no. 569. The Debtors have not explained why their proposed $32,407.39 cure amount is $2,057.13 less than Refresco US's general unsecured claim. All told, the cure amount for the Co-Packing Agreement is $9,689,098.52, or $9,654,634 (Shortfall Fee) + $34,464.52 (the amount of Refresco US's general unsecured claim against Vital).

**(ii)** *Refresco US's Other Contracts with Vital*
**[reference contract nos. 982, 985, and 986]**

17. The Debtors list three (3) other Contracts between Cott and Vital. *See* contract nos. 982, 985, and 986. The Refresco Creditors do **_not_** object to the assumption or assignment of contract numbers 982, 985, or 986, or to the proposed cure amounts related to the foregoing. However, Refresco US cannot locate contract numbers 982 and 986. Further, the correct counterparty name for contract numbers 982, 985, or 986 is Refresco Beverages US Inc., not Cott Beverages Inc, to the extent all three agreements exist and remain in effect. As discussed above, Refresco US is Cott's successor in interest and was the subject of a name change from Cott Beverages Inc. to Refresco Beverages US Inc. Finally, the correct contract date for contract number 985 is June 22, 2017, not June 27, 2017. A true and correct copy of contract number 985 is attached hereto as **Exhibit D**.

**B.     Refresco Iberia's Agreement with Non-Debtor Bang Energy, B.V. [reference contract no. 3132]**

18.     On Exhibit A to the Notice, the Debtors list as contract number 3132 an un-dated "Co-manufacturing Agreement" between Vital and Refresco Iberia. The Refresco Creditors are unaware of any such agreement.

## OBJECTIONS

**A.     The Notice must be amended to (i) clarify that the Co-Packing Agreement includes the Amended LOI; (ii) identify the correct parties to the Co-Packing Agreement as Vital and Refresco US; (iii) clarify that the cure amount for the Co-Packing Agreement includes the Shortfall Fee; and (iv) omit duplicate references to the Co-Packing Agreement.**

**(ii)     *The Co Packing Agreement includes the Amended LOI.***

19.     A debtor who assumes an executory contract must assume the contract in its entirety; it may not be assumed in part and rejected in part. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere*.") (citations omitted); *In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985) ("[T]he estate becomes liable for performance of the ***entire contract***, as if bankruptcy had never intervened.") (emphasis added).

20.     Here, the Co-Packing Agreement may be amended by a "specific written provision to that effect, signed by a duly authorized officer of both parties." Co-Packing Agreement § 11(j). As discussed above, the Co-Packing Agreement was in fact amended by the First LOI and again by the Amended LOI. The Amended LOI expressly **supersedes and replaces all prior oral or written understandings not otherwise incorporated herein, specifically the [First LOI].**" Amended LOI § 5 (bold typeface in the original). Thus, the Co-Packing Agreement necessarily includes the Amended LOI, which is not listed anywhere on Exhibit A to the Notice.

8

21. Any description of the Co-Packing Agreement should reference the Amended LOI. Refresco US proposes the following description: "Co-Packing Agreement, dated July 25, 2017, as amended by the Letter of Intent, dated January 17, 2019."

### (ii) *The parties to the Co-Packing Agreement are Vital and Refresco US.*

22. The Debtors list Cott as a counterparty to the Co-Packing Agreement. However, as discussed above, Refresco US is Cott's successor in interest and was the subject of a name change from Cott Beverages Inc. to Refresco Beverages US Inc. Further, Vital has acknowledged in a signed writing that Refresco US is the correct counter party to the Co-Packing Agreement. *See* Amended LOI at 1 ("Refresco Beverages US Inc. ('Refresco') and Vital Pharmaceuticals, Inc., d/b/a VPX Sports ('VPX') are parties to a Co-Packing Agreement with an Effective Date of July 25, 2017 (the 'Agreement')").

23. Accordingly, the correct parties to the Co-Packing Agreement are Vital and Refresco US, not Vital and Cott or Cott's legal department. All references to Cott or its legal department must be omitted from the Notice.

### (iii) *The cure amount for the Co Packing Agreement must include the Shortfall Fee.*

24. Since the entire Co-Packing Agreement includes the Amended LOI, and since the Amended LOI obligates Vital to pay the Shortfall Fee, the Shortfall Fee must be included in the cure amount for the Co-Packing Agreement. *Cf. In re Weinstein Co. Holdings LLC*, 997 F.3d 497, 501 (3d Cir. 2021) ("To assume an executory contract, a debtor must cure existing defaults and put the contract in the same place as if the bankruptcy never happened.") (citing 11 U.S.C. § 365(b)(1)).

25. As mentioned above, a Shortfall Fee of $9,654,634 accrued and became payable by Vital to Refresco US on January 1, 2023. To date, Vital has not paid the Shortfall Fee. Thus, the

proper cure amount for the Co-Packing Agreement is $9,689,098.52, or $9,654,634 (Shortfall Fee) + $34,464.52 (the amount of Refresco US's general unsecured claim against Vital).

### (iv) *Duplicate References to the Co Packing Agreement Should Be Omitted.*

26. The Debtors refer twice to the Co-Packing Agreement. *See* contract nos. 981 and 983. There is only one Co-Packing Agreement between Vital and Refresco US, *i.e.*, the Co-Packing Agreement, as amended by the Amended LOI. As such, contract numbers 981 and 983 should be omitted from Exhibit A to the Notice and replaced with a single entry that reads as follows:

| Counterparty Name | Counterparty Address | Debtor | Description | Cure Amount |
|---|---|---|---|---|
| Refresco Beverages US Inc. | 8112 Woodland Center Boulevard, Tampa FL 33614 | Vital Pharmaceuticals, Inc. | Co-Packing Agreement, dated July 25, 2017, as amended by the Letter of Intent, dated January 17, 2019 | $9,689,098.52 |

**B.  The Superseded Agreement Is Not Executory and Cannot be Assumed or Assigned. [reference contract nos. 987 and 3131].**

27. As mentioned above, a debtor assuming a contract must assume the entire contract. The Co-Packing "Agreement contains the entire agreement of the parties with respect to the subject matter hereof, and ***supersedes all prior understandings, negotiations, letters or commitments of any nature whatsoever relating generally to the same subject matter***. Co-Packing Agreement § 11(h) (emphasis added). The Superseded Agreement [contract nos. 987 and 313] was superseded by the Co-Packing Agreement because both relate generally to the same subject matter. A redline comparing the Recitals of the Superseded Agreement with the Recitals of the Co-Packing Agreement reveals just how similar their subject matter is:

| RECITALS | |
| --- | --- |
| **The Superseded Agreement** | **The Co-Packing Agreement** |
| A. Company represents and warrants that it has the necessary rights and licenses in the United States (the "Territory") to the brand names set out in Exhibit A which are used in connection with certain beverage products. | A. ~~Company~~ VPX represents and warrants that it has the necessary rights and licenses in the United States (the "Territory") to the brand names set out in Exhibit A which are used in connection with certain beverage products. |
| B. Co-packer is in the business of manufacturing beverage products. | B. ~~Co-packer~~ Cott is in the business of manufacturing beverage products. |
| C. The parties have agreed that Co-packer shall manufacture those products in the package sizes described on Exhibit A, as amended from time to time upon agreement or the parties, (the "Products") on an exclusive basis in accordance with the terms of this Agreement. | C. The parties have agreed that ~~Co-packer~~ Cott shall manufacture those products in the package sizes described on Exhibit A, as amended from time to time upon agreement of the parties, (the "Products") on a non-exclusive basis in accordance with the terms of this Agreement. |

28. In light of the foregoing, the Co-Packing Agreement superseded the Superseded Agreement; thus, the Superseded Agreement effectively no longer exists. A contract no longer in existence is not executory and cannot be assumed. *See, e.g.*, *In re Thompson*, 186 B.R. 301, 307 (Bankr. N.D. Ga. 1995) (contract terminated prepetition "cannot be revived solely by virtue of a bankruptcy petition. Filing for bankruptcy relief does not confer new rights on a debtor in regard to [] terminated agreements and a debtor is not permitted to cure his defaults and/or assume such agreements."). Accordingly, the Superseded Agreement, *i.e.*, contract numbers 987 and 3131 on Exhibit A to the Notice, must be omitted.

**C.     Contract numbers 982, 985, and 986 must be revised to name Refresco US as the correct counterparty and/or clarify the correct contract date.**

29. Since Refresco US is Cott's successor in interest and was the subject of a name change, all contracts listed on Exhibit A to the Notice that identify Cott as a counterparty must be revised to identify Refresco US as the correct counterparty. Further, as discussed above, contract

number 985 described as "Letter re: VPX - Date Coding / Shelf- Life Indemnification, dated June 27, 2017" is in fact dated June 22, 2017, not June 27, 2017. *See* Notice, exh. A, contract no. 985; *see also* exh. D. Exhibit A to the Notice should be revised to reflect the correct date.

30. The Refresco Creditors do ***not*** otherwise object to the proposed assumption and assignment of contract numbers 982, 985, and 986, or to the proposed cure amounts for the foregoing contracts. However, the Refresco Creditors ask the Debtors to provide the Refresco Creditors with copies of contract numbers 982 and 986, which the Refresco Creditors cannot locate in their records.

**D. Contract number 3132 must be omitted because Refresco Iberia and Vital are not parties to any agreements.**

31. The Refresco Creditors are not aware of any agreement between Refresco Iberia and Vital (or any of the Debtors). Thus, contract number 3131 must be stricken from Exhibit A to the Notice

## RESERVATION OF RIGHTS

32. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by the Refresco Creditors of any of its rights under the Bankruptcy Code, applicable non-bankruptcy applicable law, or any agreement, including, but not limited to the Co-Packing Agreement. The Refresco Creditors expressly reserve all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections to the Notice on any and all grounds; (ii) assert additional defaults under any contract between any of the Debtors and the Refresco Creditors ; (iii) object to any adequate assurance and proposed assignment of the Contract; and (iv) assert any further objections as it deems necessary or appropriate.

## CONCLUSION

33. The Refresco Creditors respectfully request that this Court enter an Order sustaining this Limited Objection or granting relief consistent with this Limited Objection, and granting it such other and further relief as the Court deems just and proper.

Dated: March 31, 2023

        **HOLLAND & KNIGHT LLP**

        /s/ *Jacob Morton*
        W. Keith Fendrick, Esq.
        100 N Tampa Street, Suite 4100
        Tampa, FL 33602
        Telephone: (407) 813-8500
        Facsimile: (407) 229-0134
        E-mail: Keith.Fendrick@hklaw.com

        -and-

        Jacob Morton, Esq.
        200 S. Orange Avenue, Suite 2600
        Orlando, FL 32801
        Telephone: (407) 425-8500
        Facsimile: (407) 244-5288
        E-mail: Jacob.Morton@hklaw.com

        *Attorneys for Refresco Beverages US Inc.*
        *and Refresco Iberia S.A.U.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of March, 2023, a true and correct copy of the foregoing was served via electronic transmission on all CM/ECF registered users for this case and via first-class mail on the parties listed below.

/s/ *Jacob Morton*

W. Keith Fendrick, Esq.

| | |
|---|---|
| Vital Pharmaceuticals, Inc.<br>1600 N. Park Drive,<br>Weston, FL 33326<br>Attn: Greg Robbins<br>Gregg Metzger | Latham & Watkins LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Attn: Andrew Sorkin |
| Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Attn: Liza Burton<br>Jonathan Weichselbaum | Berger Singerman LLP,<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Attn: Jordi Guso<br>Michael Niles |
| Truist Bank<br>10500 Little Patuxent Parkway Ste 450<br>Columbia, MD 21046<br>Attn: Jade Silver | Moore & Van Allen PLLC<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202-4003<br>Attn: Luis Lluberas<br>Steve Gruendel<br>Cole Richins |
| Shutts & Bowen LLP<br>200 South Biscayne Blvd., Ste 4100<br>Miami, FL 33131<br>Attn: Aliette D. Rodz<br>Peter Levitt<br>Harris J. Koroglu<br>Martha M. Ferral | Office of the United States Trustee<br>51 SW First Avenue, Room 1204<br>Miami, Florida 33130 |
| Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Attn: Jeffrey Cohen<br>Eric Chafetz<br>Lindsay Sklar | Sequor Law, P.A.,<br>1111 Brickell Avenue, Suite 1250<br>Miami, FL 33131<br>Attn: Leyza Blanco<br>Fernando Menendez |

Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
Attn: Erica Mannix