**EXHIBIT B**



8112 Woodland Center Blvd
Tampa, Florida 33614
813.313.1800 (P)
813.881.1870 (F)

Mr. Gene Bukovi
Vital Pharmaceuticals, Inc.
1600 North Park Drive
Weston, FL 33326

February 21, 2018

Re: Letter of Intent relative to the purchase and installation of equipment in Cott Beverages Inc.'s Manufacturing Facility in Wilson, North Carolina

Dear Gene,

Cott Beverages Inc. ("**Cott**") and Vital Pharmaceuticals, Inc. ("**VPX**") are parties to a Co-Packing Agreement with an Effective Date of July 25, 2017 (the "**Agreement**"). In connection with the Agreement, Cott and VPX are continuing their discussions regarding additional opportunities for Cott's manufacture of VPX's "BANG®" energy drink beverages in a 16oz can/12ct case configuration (the "**Products**"), the terms of which are intended to be set forth in and as an addendum to the Agreement, which is still under negotiation (the "**Addendum**").

In connection with the discussions regarding expanded manufacturing by Cott for VPX of the Products, VPX desires to have Cott manufacture the Products in Cott's facility located at 4843 International Blvd., Wilson, NC 27893 (the "**Wilson Plant**"). In order to move forward with the necessary steps and financial undertakings by Cott to allow for production of the Products in the Wilson Plant no later than June 30, 2018, VPX hereby authorizes Cott to undertake the capital expenditures necessary to source and issue purchase orders for the equipment necessary for Cott to invest in production capability improvements to enable the manufacture of 16oz can Products based on VPX's forecasted volume commitment for such production in the Wilson Plant, in exchange for the commitments set forth below by VPX. Since the purchase orders for such equipment will need to be placed before a definitive Addendum to the Agreement will be completed, this letter of intent ("**LOI**") confirms the material terms and conditions under which Cott agrees to purchase such equipment to enable Cott to manufacture 16oz can Products in the Wilson Plant.

1.   VPX hereby confirms that it is forecasting volume commitment for production demands from the Wilson Plant are (a) at least One Million Two Hundred Thousand (1,200,000) 12ct cases of Products during the first twelve (12) months following initial production from the Wilson Plant, (b) at least One Million Four Hundred Thousand (1,400,000) cases of Products during the following twelve (12) month period from the Wilson Plant, and (c) at least One Million Six Hundred Thousand (1,600,000) cases of Products during the next twelve (12) month period from the Wilson Plant, for a total volume commitment of VPX requested production from the Wilson Plant of Four Million Two Hundred Thousand (4,200,000) 12ct cases of Products over the three (3) year period commencing upon the initial production at the Wilson Plant ("**Wilson Volume Commitment**"). If Cott is unable to provide capacity of at least ninety

1

percent (90%) of the Wilson Volume Commitment levels set forth above in subsections (a) through (c) in any of those annual production periods, then Cott will pay VPX a per case fee equal to Twenty-Five cents per case ($0.25/case) for the difference between actual cases produced in each annual production period and the shortfall from the 90% targeted Wilson Volume Commitment set forth above. Should VPX meet the Wilson Volume Commitment before the end of the three-year period relative to the Wilson Volume Commitment, VPX will no longer be required to fulfill the annual minimum production requirement provided herein relative to production in Wilson. Any delay by Cott in the initiation of production of Products in Wilson that is within Cott's control will result in a tolling, and thereby extension, of the twelve-month production period in which such delay occurs in an amount of time equal to the delay. For further clarity, should the three (3) year period relative to the Wilson Volume Commitment extend beyond the Initial Term of the Agreement, then the parties nonetheless agree that the Term of the Agreement shall be extended through the expiration of the three (3) year period governing the Wilson Volume Commitment with respect to production in the Wilson Plant only; and provided further as set forth in paragraph 2 below that in the event of the expiration of the Term or the earlier termination of the Agreement during the Wilson Volume Commitment three-year period, then the Wilson Volume Commitment Payment (as defined below) shall become due in accordance with its terms.

2. Except to the extent attributable to a Force Majeure Event, if at the end of the three (3) years following the initial production from the Wilson Plant (or upon the earlier termination or expiration of the Agreement) VPX has not purchased at least the Wilson Volume Commitment of Products from the Wilson Plant, then VPX will pay Cott a per case fee equal to Twenty-Five cents per case ($0.25/case) for the difference between actual cases purchased by or on behalf of VPX and the shortfall of the Wilson Volume Commitment (the "**Wilson Volume Commitment Payment**") at such time, with such payment to be made within thirty (30) days of the termination or expiration of the Agreement. If Cott terminates this Agreement as a result of an uncured default by VPX at any time during the Term of the Agreement (as governed by Section 9 of the Agreement) and/or VPX ceases to request production from the Wilson Plant at any time during the Term of this Agreement (in both cases being deemed to be a termination under this LOI), the Wilson Volume Commitment Payment will be calculated based on case volumes purchased as of the effective date of such termination, and shall be payable within thirty (30) days of the termination date.

3. Except to the extent attributable to a Force Majeure Event, in the event of any delays in the initiation of production at the Wilson Plant that are beyond the control of Cott, Cott agrees to pay VPX a delay payment equal to One Thousand Dollars per week ($1,000.00/week) for each full week (i.e., five (5) business days) of delay beyond the anticipated initiation date of June 30, 2018, and during any such delay period for initiation of production at the Wilson Plant VPX's Wilson Volume Commitment deadlines shall be extended for an amount of time equal to the delay.

4. Cott shall provide VPX with a right of first refusal with respect to any additional volume capacity that Cott may make available in the Wilson Plant for production of the Products during the three (3) year period governing the Wilson Volume Commitment; provided, however, that VPX agrees to commit in writing to purchase all or a portion of the additional volume offered by Cott ("Additional Volume Requests") and VPX further agrees to purchase at least ninety percent (90%) of the agreed-upon Additional Volume Request or pay Cott a per case fee equal to Twenty-Five cents per case ($0.25/case) for any shortfall below the 90% commitment to the Additional Volume requested.

5.      If after the issuance of the purchase orders by Cott for the equipment and the initiation of the capital undertaking for the improvements in the Wilson Plant VPX does not otherwise agree to move forward with the production in the Wilson Plant for any reason, Cott reserves the right to request, and VPX hereby agrees, to reimburse Cott for the full Wilson Volume Commitment Payment owed based on the Wilson Volume Commitments set forth in this LOI.

This LOI shall become effective as of the date that it is executed by both parties and shall continue until such time as an Addendum to the Agreement is executed by the parties or the negotiations or discussions for production in the Wilson Plant are terminated by either party in writing. Nonetheless, in the event of any conflict arises between this LOI, subsequent formal Addendum, or Agreement, the order of controlling documents are: the Addendum (if executed), this LOI, and then the Agreement.

This LOI shall be construed in accordance with the laws of the State of Florida, without regard to provisions governing conflict of law principles. If any controversies arise under this LOI between VPX and Cott that require judicial determination, each party expressly consents to submitting itself to the exclusive jurisdiction of the courts of Broward County, Florida. VPX and Cott each warrant to the other that the individual executing this LOI on its behalf has the requisite authority to do so. This LOI may be executed in multiple counterparts, each of which shall be considered an original and all of which together shall constitute the same instrument.

This LOI constitutes a statement of the parties' present intentions regarding the matters set forth herein and is not intended to be a complete and exclusive statement of the agreement between the parties concerning the subject matter hereof; provided, however, that this LOI supersedes all prior oral or written understandings not otherwise incorporated herein. This LOI cannot be modified or superseded except by a writing signed by authorized representatives of each party hereto.

Please sign and return a copy of this LOI acknowledging your understanding and agreement with the above.

| VITAL PHARMACEUTICALS, INC. | COTT BEVERAGES INC. |
|---|---|
| BY: _____ | BY: _____ |
| Title: CEO | Title: SR. DIRECTOR SALES - CO PACK |
| Date: 2/23/2018 | Date: 2-21-2018 |

3