## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Case No.: 22-17842-PDR |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Chapter 11 |
| Debtors. / | (Jointly Administered) |

### STELLAR GROUP, INC'S LIMITED OBJECTION TO SALE MOTION

Stellar Group, Inc. ("Stellar"), by and through undersigned counsel, files this limited objection to the *Motion to Approve (A) Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially all off the Debtors' Assets Free and Clear of all Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* (the "Bid Procedures Motion") [ECF # 707] and the *Debtors' Notice of Proposed Sale, Bidding Procedures, Auction, and Sale Hearing* [ECF# 856], and in support states:

### RELEVANT BACKGROUND

**A. The Bankruptcy Case**

1. On October 10, 2022, the Debtors[1] commenced these cases under Chapter 11 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Bid Procedures Motion.



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 3313· T. 305.722.2002 · www.agentislaw.com**

2. On January 27, 202, the Debtors filed the Bid Procedures Motion, which sought requesting the entry of an order: (i) approving the bidding procedures; (ii) establishing the assumption and assignment procedures; (iii) approving the form and manner of the sale notice, the assumption notice, and the post-auction notice; (iv) scheduling dates for the auction and the sale hearing; (v) authorizing the Debtors to provide bid protections (as defined herein); and (vi) granting related relief; which was granted on February 24, 2023 [ECF# 854] (the "<u>Bid Procedures Order</u>").

3. On February 27, 2023, the Debtors filed the Sale Notice which sets March 31, 2023, as the deadline for objections to the Sale Transaction.

**B. <u>The Arizona Project</u>**

4. On or about July 28, 2020, Stellar, as design-builder, and debtor Vital Pharmaceuticals, Inc. ("<u>Vital</u>") as owner, entered into that certain *Standard Form of Agreement Between Owner and Design Builder*, pursuant to which Stellar agreed to serve as design builder on a construction project known as "Phoenix Can Manufacturing."

5. The Project is located on real property located at 1635 South 43rd Avenue, Phoenix, Arizona 85009 (the "<u>Arizona Property</u>").

6. The Property is owned by debtor, JHO Real Estate Investment, LLC ("<u>JHO</u>").

7. In or about October or November 2021, Vital missed payments under the Contract. Stellar continued to provide labor, materials and equipment to the Project despite Vital's failure to pay Stellar.

8. On March 23, 2022, Stellar timely recorded a Notice and Claim of Mechanic's and Materialman's Lien against the Real Property, in the Maricopa County Recorder's Office, Arizona, at Documents No. 2022-0259808 (the "<u>Mechanic's Lien</u>").



9. As of the filing of the Mechanic's Lien, Stellar had furnished $18,168,578.50 in labor, materials, fixtures, and tools for the Project for incorporation into the Arizona Property for which it had not been paid.

### C. The Broward County, Florida Project.

10. On or about February 3, 2021, Stellar, as design builder, began work on a construction project located at 20311 Sheridan Street, Pembroke Pines, Florida 33332 (the "Florida Property"), owned by Vital.

11. As of the date of the bankruptcy filing, Stellar furnished approximately $200,000.00 in labor, materials, fixtures, and tools for the construction project at the Florida Property for which it had not been paid.

12. Stellar has certain mechanic's lien rights against the Florida Property.

13. On December 16, 2022, Stellar filed a proof of claim (Claim No. 483), in the Vital Pharmaceuticals, Inc. bankruptcy case, for a secured claim in the amount of $7,722,974.37 and an unsecured claim in the amount of $12,492,779.26.

14. On December 16, 2022, Stellar filed a proof of claim (Claim No. 500), in the JHO Real Estate Investment, LLC bankruptcy case, for a secured claim in the amount of $7,722,974.37 and an unsecured claim in the amount of $12,492,779.26.

### LIMITED OBJECTION

15. Pursuant to the Sale Motion, the Debtors propose to sell substantially all of their assets, including the Arizona Property and the Florida Property, free and clear of liens.

16. Section 363(f) allows the Debtors to sell property "free and clear of any interest in such property of an entity other than the estate, only if—

3



(1)  applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. 363(f).

17. In the Sale Motion, the Debtors fail to state how they will satisfy section 363(f), and instead, broadly state "[t]he Debtors intend to demonstrate at the Sale Hearing that they have satisfied section 363(f) of the Bankruptcy Code with respect to the sale free and clear of any interests in the Debtors' property." *See* Sale Motion, ¶ 49.

18. In principle, Stellar does not object to the Sale Transaction, as the Creditor certainly supports the Debtors' efforts to maximize the value of their assets for the benefit of the estates. Stellar does object, however, to the sale of the Arizona Property and Florida Property free and clear of its liens, without payment in full of its secured claims. In the event the Sale Motion is approved, the liens of Stellar should attach to the proceeds of the sale, and the Debtor should be required to reserve funds sufficient to pay Stellar's secured claim in full.

**WHEREFORE** the Stellar Group, Inc. respectfully requests that the Court enter an Order denying the Sale Motion and granting such further relief that the Court deems just and proper.

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 3313· T. 305.722.2002 · www.agentislaw.com

>AGENTIS PLLC
>*Counsel for Stellar Group, Inc.*
>55 Alhambra Plaza, Suite 800
>Coral Gables, Florida 33134
>T. 305.722.2002
>www.agentislaw.com
>
>By:  */s/ Robert P. Charbonneau*
>     Robert P. Charbonneau
>     Florida Bar No: 968234
>     rpc@agentislaw.com
>     Jesse R. Cloyd
>     Florida Bar No: 58388
>     jrc@agentislaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing CM/ECF to those parties registered to receive electronic notices of filing in this case on March 31, 2023.

>By:  */s/ Robert P. Charbonneau*
>     Robert P. Charbonneau
>     Florida Bar No: 968234
>     rpc@agentislaw.com