IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VITAL PHARMACEUTICALS, INC., et al,[1] | ) | Case No. 22-17842-PDR |
| | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION AND RESERVATION OF
RIGHTS OF KUCKELMAN TORLINE KIRKLAND, INC.
TO THE NOTICES OF ASSUMPTION AND ASSIGNMENT IN
CONNECTION WITH THE PROPOSED SALE OF THE DEBTORS' ASSETS**
**(Related Doc. Nos. 893 and 995)**

Kuckelman Torline Kirkland, Inc. ("KTK"), by the undersigned legal counsel, files this

Objection and Reservation of Rights of Kuckelman Torline Kirkland, Inc. to the Notice of

Assumption and Assignment in Connection with a Sale of the Debtors' Assets ("Objection") in

connection with the Debtors' Notice of (I) Executory Contracts and Unexpired Agreements that may

be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed

Cure Amounts with Respect Thereto (Doc. No. 893) and Supplemental Notice of (I) Executory

Contracts and Unexpired Agreements that may be Assumed and Assigned in Connection with a Sale

of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto (Doc. No. 995)

(collectively, the "Notices")[2] and, as grounds therefor, respectfully states as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms used herein have the meanings ascribed to them in the Notices or the Bidding Procedures Order, as those terms are defined in this Objection.

## BACKGROUND

1.      On October 10, 2022 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (this "Court"). KTK provided the Debtors legal services prior and subsequent to the Petition Date, including for cases which remain pending (the "Legal Engagements").

2.      On November 8, 2022, KTK timely and properly filed Proof of Claim No. 70, asserting a general unsecured claim totaling one hundred twenty-nine thousand one hundred eighty-eight and 45/100 dollars ($129,188.45) (the "Claim Amount"). KTK incorporates Proof of claim No. 70 by reference in its entirety as though fully set forth herein. Upon information and belief, KTK timely and properly provided the Debtors invoices for the Legal Engagements in the ordinary course of business.

3.      On January 27, 2022, the Debtors filed their Motion for an Order Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Agreements, (II) Authorizing the Debtors to Provide Bid Protections and (III) Granting Related Relief (Doc. No. 707) ("Bidding Procedures Motion").

4.      On February 24, 2023, the Court entered its Order (I) Approving Bidding Procedures, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief (Doc. No. 854) ("Bidding Procedures Order") which, among other things, authorized and approved procedures for the assumption and assignment certain executory contracts and leases, as part of a potential sale (or sales) of the Debtors' assets (the "Proposed Sale").

5.      On March 3, 2023, and March 21, 2023, the Debtors filed the Notices, which identify certain executory contracts and leases the Debtors propose to assume and assign as part of the Proposed Sale. The Notices identify seventy-eight thousand seventeen and 41/100 dollars ($78,017.41) as the amount necessary to be paid to KTK to cure the Legal Engagements' monetary defaults in connection with the Proposed Sale (the "Proposed Cure Amount"). Based on information and belief, the Notices do not identify the Legal Engagements for assumption and assignment as part of the Proposed Sale, although such agreement could be described in a manner not readily identifiable by KTK.

6.      As provided by the Notices, the deadline to file a Cure Objection or an Adequate Assurance Objection is March 31, 2023 at 4:00 p.m. Prevailing Eastern Time.

## **OBJECTION**

7.      While KTK does not generally oppose the assumption and assignment of the Legal Engagements to a financially viable assignee, KTK objects to the assignment of the Legal Engagements as currently proposed by the Debtors. The proposed assumption and assignment of the Legal Engagements fails to strictly comply with the requirements of Bankruptcy Code section 365 and the terms and conditions of the Legal Engagements. The proposed assignment of the Legal Engagements by the Debtors must be conditioned on, among other things: (i) the payment of all amounts due and owing under Legal Engagements through the effective date of the assignment of the Legal Engagements; and (ii) the Debtors satisfying their burden under the Bankruptcy Code of demonstrating adequate assurance of future performance under the Legal Engagements by the Prospective Bidder.

## I.    <u>The Cure Amounts</u>

8.    The Debtors' proposed assignment of the Legal Engagements must be conditioned on all defaults under the Legal Engagements being cured by the Debtors as of the effective date of the assumption and assignment of the Legal Engagements. As of the date of this Objection, the aggregate cure amount due and owing (for the purposes of this Objection, the "Actual Cure Amount") under the Legal Engagements is in an amount not less than the Claim Amount. Documentary evidence of the Actual Cure Amount is annexed hereto as <u>Exhibit "A"</u>.

9.    The Actual Cure Amount represents known amounts that are currently due and owing to KTK pursuant to the Legal Engagements, exclusive of any sums which have become due or have been paid after the date of this Objection. The Actual Cure Amount may increase prior to any actual date of assignment of the Legal Engagements if the Debtors do not timely and properly pay all amounts that accrue after the date of this Objection (as required by the Bankruptcy Code), including amounts that may come due pursuant to the terms of the Legal Engagements and regardless of when those amounts accrued.

10.    Accordingly, KTK expressly reserves its right to amend or supplement this Objection and the Actual Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) all post-petition charges under the Legal Engagements; (b) all amounts accruing under the Legal Engagements which may be unbilled as of the date of this Objection; (c) any regular or periodic adjustment of charges under the Legal Engagements which were not due or had not been determined as of the date of this Objection; (d) any non-monetary defaults; and/or (e) other contractual obligations under the Legal Engagements.

11.     As part of the proposed assumption and assignment of the Legal Engagements, the Debtors must assume and assign the Legal Engagements in their entirety. This obligation requires the Debtors to assume and assign all terms, conditions, covenants, and obligations under the Legal Engagements, whether monetary or non-monetary, for which the Debtors are responsible pursuant to the Legal Engagements. Any order entered by this Court approving the assumption and assignment of the terms and conditions should provide for the same.

12.     Consistent with the foregoing, KTK respectfully requests that any order approving the assumption and assignment of the Legal Engagements provide, among other things, that the Debtors or any proposed assignee of the Legal Engagements, including the Prospective Bidder, pay to KTK, on the effective date of the assignment, all amounts due and owing under the Legal Engagements through the effective date of assignment of the Legal Engagements (*i.e.*, the Actual Cure Amount, as the same may increase). In addition, KTK respectfully request that any order approving the assumption and assignment of the Legal Engagements specifically provide that any proposed assignee of the Legal Engagements, including the Prospective Bidder, will be responsible for paying the following charges when they become due, regardless of whether these obligations and charges accrue prior to or after the effective date of assumption and/or assignment of the Legal Engagements:

(a)     all accruing but unbilled charges under the Legal Engagements; and

(b)     all regular or periodic adjustment of charges under the Legal Engagements which were not due or had not been determined as of the date of this Objection.

13.     Such provisions are supported by the statutory requirement that the Debtors cure all arrears and that the Debtors and/or the proposed assignee of the Legal Engagements, including the Prospective Bidder, provide adequate assurance of future performance under the terms of the Legal Engagements. *See* 11 U.S.C. § 365(b)(1).

## II.    <u>Adequate Assurance of Future Performance</u>

14.    Pursuant to Bankruptcy Code section 365(f)(2)(B), the Debtors may only assign the Legal Engagements if KTK receives adequate assurance of future performance under the Legal Engagements. Additionally, the Bidding Procedures Order requires that counterparties to Contracts and Agreements be provided with "the Prospective Bidder's financial wherewithal and willingness to perform under the Proposed Assumed Contracts and any other Contracts or Agreements that may later be designated by the Prospective Bidder." Bidding Procedures Order, ¶ 30. The Debtors bear the burden of demonstrating the Prospective Bidder's ability to provide adequate assurance of future performance under the Legal Engagements. *In re Uniq Shoes Corp.*, 316 B.R. 748, 751 (Bankr. S.D. Fla. 2004) (the debtor bears the burden of sufficiently demonstrating adequate assurance). This adequate assurance must include a requirement that the Prospective Bidder not have conflicts of interest that would prevent KTK from representing such bidder.

15.    As of the filing of this Objection, the Debtors have not provided KTK with information demonstrating the Prospective Bidder's ability to satisfy all obligations (monetary and non-monetary) under the Legal Engagements, when required under the Legal Engagements. KTK should receive sufficient adequate assurance information for the Prospective Bidder prior to the Sale Hearing in order to properly evaluate the Prospective Bidder's ability to continue operating under the Legal Engagements and comply with all terms thereof. Until KTK receives adequate assurance information for the Prospective Bidder sufficient to KTK, KTK objects to the assumption and assignment of the Legal Engagements to the Prospective Bidder.

## **RESERVATION OF RIGHTS**

16.    Nothing in this Objection is intended to be, or should be construed as, a waiver by KTK of any of their rights under any of the Legal Engagements, the Bankruptcy Code, or applicable law. KTK expressly reserve all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Cure Amounts and any proposed assignment of the Legal Engagements on any and all grounds; (b) amend the Cure Amounts; (c) assert any nonmonetary defaults under the Legal Engagements; (d) object to any proposed assignee's adequate assurance of future performance; and (e) assert any further objections as it deems necessary or appropriate.

WHEREFORE, KTK respectfully requests entry of an order: (a) sustaining this Objection; (b) affirmatively requiring the Debtors or the Prospective Bidder to pay all amounts owing to KTK under the Legal Engagements through the effective date of any assignment of the Legal Engagements; (c) affirmatively requiring the assignee to comply with each and every term, condition and obligation set forth in the Legal Engagements; and (d) granting KTK such other and further relief as this Court deems just and proper.

**Dated**: March 31, 2023

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Michael R. Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com

*Counsel for Creditor*

*Kuckelman Torline Kirkland, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2023, a true and correct copy of the foregoing ***Objection to the Notices of Assumption and Assignment in Connection With a Sale of the Debtors' Assets*** was sent via ECF Noticing to all parties receiving ECF Notices in these chapter 11 cases and via first-class mail on the below parties:

Vital Pharmaceuticals, Inc.
1600 N. Park Drive,
Weston, FL 33326
Attn: Greg Robbins
Gregg Metzger

Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Attn: Andrew Sorkin

Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Attn: Liza Burton
Jonathan Weichselbaum

Berger Singerman LLP,
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Attn: Jordi Guso
Michael Niles

Truist Bank
10500 Little Patuxent Parkway Ste 450
Columbia, MD 21046
Attn: Jade Silver

Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Attn: Luis Lluberas
Steve Gruendel
Cole Richins

Shutts & Bowen LLP
200 South Biscayne Blvd., Ste 4100
Miami, FL 33131
Attn: Aliette D. Rodz
Peter Levitt
Harris J. Koroglu
Martha M. Ferral

Office of the United States Trustee
51 SW First Avenue, Room 1204
Miami, Florida 33130

Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020
Attn: Jeffrey Cohen
Eric Chafetz
Lindsay Sklar
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
Attn: Erica Mannix

Sequor Law, P.A.,
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Attn: Leyza Blanco
Fernando Menendez

By: */s/ Michael R. Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com

# Exhibit "A"

| Date | Fees | Expenses | Advances | Fin Chg | Total | Fees | Expenses | Advances | Fin Chg | Total | Ref # | Stmt # |
|------|------|----------|----------|---------|-------|------|----------|----------|---------|-------|-------|--------|
| | | | BILLED | | | | | DUE | | | | |

**4.00084M  Vital Pharmaceuticals, Inc.**
RE: All Brands Distribution v. VPX

| Date | Fees | Expenses | Advances | Fin Chg | Total | Fees | Expenses | Advances | Fin Chg | Total | Ref # | Stmt # |
|------|------|----------|----------|---------|-------|------|----------|----------|---------|-------|-------|--------|
| 05/19/2022 | 61,462.50 | 1,103.78 | 4,326.92 | | 66,893.20 | 61,462.50 | 1,103.78 | 4,326.92 | | 66,893.20 | 47 | 6795 |
| 06/13/2022 | 15,337.50 | 1,011.78 | 22.76 | | 16,372.04 | 15,337.50 | 1,011.78 | 22.76 | | 16,372.04 | 48 | 6937 |
| 07/12/2022 | 4,875.00 | 22.19 | | | 4,897.19 | 4,875.00 | 22.19 | | | 4,897.19 | 49 | 7010 |
| 09/12/2022 | 425.00 | | | | 425.00 | 425.00 | | | | 425.00 | 50 | 7108 |
| 10/11/2022 | 3,185.00 | 193.74 | | | 3,378.74 | 3,185.00 | 193.74 | | | 3,378.74 | 51 | 7270 |
| 11/08/2022 | 2,415.00 | | 505.00 | | 2,920.00 | 2,415.00 | | 505.00 | | 2,920.00 | 52 | 7309 |
| Subtotal | 87,700.00 | 2,331.49 | 4,854.68 | | 94,886.17 | 87,700.00 | 2,331.49 | 4,854.68 | | 94,886.17 | | |
| | | | | | | | | Balance Due: | | 94,886.17 | | |

**192.00002M  Vital Pharmaceuticals, Inc.**
RE: Fischer v. Vital Pharmaceuticals

| Date | Fees | Expenses | Advances | Fin Chg | Total | Fees | Expenses | Advances | Fin Chg | Total | Ref # | Stmt # |
|------|------|----------|----------|---------|-------|------|----------|----------|---------|-------|-------|--------|
| 07/12/2022 | 3,232.50 | 174.44 | | | 3,406.94 | 3,232.50 | 174.44 | | | 3,406.94 | 8 | 7014 |
| 08/15/2022 | 7,860.00 | 499.07 | | | 8,359.07 | 7,860.00 | 499.07 | | | 8,359.07 | 10 | 7059 |
| 09/12/2022 | 97.50 | | | | 97.50 | 97.50 | | | | 97.50 | 11 | 7115 |
| 10/11/2022 | 650.00 | 2.70 | | | 652.70 | 650.00 | 2.70 | | | 652.70 | 14 | 7277 |
| 11/08/2022 | 1,505.00 | 14.75 | | | 1,519.75 | 1,505.00 | 14.75 | | | 1,519.75 | 15 | 7310 |
| Subtotal | 13,345.00 | 690.96 | | | 14,035.96 | 13,345.00 | 690.96 | | | 14,035.96 | | |
| | | | | | | | | Balance Due: | | 14,035.96 | | |

**192.00003M  Vital Pharmaceuticals, Inc.**
RE: Vital v. Berlin Packaging

| Date | Fees | Expenses | Advances | Fin Chg | Total | Fees | Expenses | Advances | Fin Chg | Total | Ref # | Stmt # |
|------|------|----------|----------|---------|-------|------|----------|----------|---------|-------|-------|--------|
| 04/15/2022 | 7,317.50 | 239.52 | | | 7,557.02 | 7,317.50 | 239.52 | | | 7,557.02 | 5 | 6754 |
| 06/13/2022 | 52.50 | | | | 52.50 | 52.50 | | | | 52.50 | 9 | 6943 |
| 07/12/2022 | 135.00 | | | | 135.00 | 135.00 | | | | 135.00 | 11 | 7015 |
| 08/15/2022 | 65.00 | | | | 65.00 | 65.00 | | | | 65.00 | 12 | 7060 |
| 10/11/2022 | 227.50 | | | | 227.50 | 227.50 | | | | 227.50 | 13 | 7278 |
| 11/08/2022 | 97.50 | | | | 97.50 | 97.50 | | | | 97.50 | 14 | 7311 |
| Subtotal | 7,895.00 | 239.52 | | | 8,134.52 | 7,895.00 | 239.52 | | | 8,134.52 | | |
| | | | | | | | | Balance Due: | | 8,134.52 | | |

**192.00004M  Vital Pharmaceuticals, Inc.**
RE: Abbott v. Vital Pharmaceuticals, Inc.

| Date | Fees | Expenses | Advances | Fin Chg | Total | Fees | Expenses | Advances | Fin Chg | Total | Ref # | Stmt # |
|------|------|----------|----------|---------|-------|------|----------|----------|---------|-------|-------|--------|
| 07/12/2022 | 2,177.50 | | | | 2,177.50 | 2,177.50 | | | | 2,177.50 | 4 | 7016 |
| 08/15/2022 | 3,135.00 | | | | 3,135.00 | 3,135.00 | | | | 3,135.00 | 6 | 7061 |
| 09/12/2022 | 32.50 | | | | 32.50 | 32.50 | | | | 32.50 | 7 | 7116 |
| 10/11/2022 | 3,770.00 | 318.88 | | | 4,088.88 | 3,770.00 | 318.88 | | | 4,088.88 | 8 | 7279 |
| 11/08/2022 | 2,577.50 | 120.42 | | | 2,697.92 | 2,577.50 | 120.42 | | | 2,697.92 | 9 | 7312 |
| Subtotal | 11,692.50 | 439.30 | | | 12,131.80 | 11,692.50 | 439.30 | | | 12,131.80 | | |
| | | | | | | | | Balance Due: | | 12,131.80 | | |

**Total for Client ID 192**

| | Fees | Expenses | Advances | Fin Chg | Total | Fees | Expenses | Advances | Fin Chg | Total | | |
|--|------|----------|----------|---------|-------|------|----------|----------|---------|-------|--|--|
| | 32,932.50 | 1,369.78 | | | 34,302.28 | 32,932.50 | 1,369.78 | | | 34,302.28 | | |
| | | | | | | | | Balance Due: | | 34,302.28 | | |

**Totals**

| | Fees | Expenses | Advances | Fin Chg | Total | Fees | Expenses | Advances | Fin Chg | Total | | |
|--|------|----------|----------|---------|-------|------|----------|----------|---------|-------|--|--|
| | 120,632.50 | 3,701.27 | 4,854.68 | | 129,188.45 | 120,632.50 | 3,701.27 | 4,854.68 | | 129,188.45 | | |
| | | | | | | | | Balance Due: | | 129,188.45 | | |