UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**LIMITED OBJECTION OF CREDITOR PREMIER DISTRIBUTING COMPANY TO DEBTOR'S NOTICE OF CONTRACTS TO BE ASSUMED**

Creditor, Premier Distributing Company ("Premier"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to Debtors' *Notice of (i) Executory Contracts and Unexpired Leases that may be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (ii) the Proposed Cure Amounts with Respect Thereto* [ECF #893] (the "Notice of Contracts to be Assumed"). In support of the Limited Objection, Premier states as follows:

1. On March 3, 2023, Debtors filed the Notice of Contracts to be Assumed, pursuant to which they identified in Exhibit "A" thereto all contracts the Debtors may seek to assume and assign in connection with a possible Sale Transaction.[2]

2. The Notice of Contracts to be Assumed identifies three contracts which are purportedly connected to Premier (the "Identified Contracts"):

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).
[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Notice of Contracts to be Assumed.

| No. | Counterparty Name | Debtor | Description | Cure Amount |
|---|---|---|---|---|
| 2704 | Modrall Sperling on behalf of Premier Distributing Company | Vital Pharmaceuticals, Inc. | Termination & Release Agreement, dated Jan. 25, 2019 | $857,000.00 |
| 3023 | Premier Distributing Company | Vital Pharmaceuticals Inc. | FINAL Settlement Agreement, dated April 1, 2022 | $0.00 |
| 3024 | Premier Distributing Company | Vital Pharmaceuticals, Inc. | Legacy Reinstatement, dated August 12, 2022 | $0.00 |

## **LIMITED OBJECTION**

3. While Premier does not generally oppose the assumption and assignment of its agreements to the Debtors' ultimate purchaser, Premier objects to the assignments as currently proposed.

4. As stated, the proposed assumption and assignment of the Identified Contracts fails to comply with the requirements of Section 365 of the Bankruptcy Code. Any proposed assignment must be conditioned on, among other things: (i) the payment of all amounts due and owing under the Identified Contracts through the effective date of the assignment of the Identified Contracts; and (ii) the Debtors' satisfaction of their burden under the Bankruptcy Code of demonstrating adequate assurance of future performance under the Identified Contracts by the ultimate successful purchaser.

5. Furthermore, Premier submits this Limited Objection in an effort to obtain clarification and correct certain errors pertaining to the Identified Contracts.

6. First, Premier does not recognize and denies having entered into any such "Termination & Release Agreement" dated January 25, 2019 ("Contract No. 2704"). Premier believes Debtors' attribution of Contract No. 2704 to Premier was made in error, and requests that

Debtors correct the Notice of Contracts to be Assumed to confirm that Contract No. 2704 is not associated with Premier.

7. Second, the cure amount of $857,000.00 (the "Cure Amounts") attributed to Contract No. 2704 should instead be properly attributed to the "FINAL Settlement Agreement" dated April 1, 2022 ("Contract No. 3023"). Accordingly, Premier objects to the $0.00 cure amount listed for Contract No. 3023 and requests that the Debtors correct that figure to reflect $857,000.00.

8. Third, on January 28, 2019, the Debtor and Premier entered into an exclusive "Distributor Agreement" which is the underlying document governing the parties' relationship (the "Distributor Agreement"). The Notice of Contracts to be Assumed fails to identify this Distributor Agreement, possibly in error. Premier requests clarification as to whether the Debtor intended to exclude the underlying Distributor Agreement from its Notice of Contracts to be Assumed, as Premier does not believe that the balance of the properly Identified Contracts can be assumed absent assumption of the Distributor Agreement. Hereinafter, "Identified Contracts" shall include the Distributor Agreement.

    **(a)    Adequate Assurances**

9. Pursuant to section 365(f)(2)(B) of the Bankruptcy Code, the Debtors may only assign the Identified Contracts if Premier receives adequate assurance of future performance under the Identified Contracts. Additionally, the *Order (i) Approving Bidding Procedures, (ii) Authorizing the Debtors to Provide Bid Protections, and (iii) Granting Related Relief* [ECF #854] (the "Bidding Procedures Order") requires that counterparties to contracts identified therein be provided with "the Prospective Bidder's financial wherewithal and willingness to perform under the Proposed Assumed Contracts and any other Contracts or Agreements that may later be designated by the Prospective Bidder." Bidding Procedures Order, ¶ 30. The Debtors bear the burden of demonstrating the Prospective Bidder's (as defined in the Bidding Procedures Order)

ability to provide adequate assurance of future performance under the Agreements. *In re Uniq Shoes Corp.*, 316 B.R. 748, 751 (Bankr. S.D. Fla. 2004) (the debtor bears the burden of sufficiently demonstrating adequate assurance).

10. As of the filing of this Limited Objection, the Debtors have not provided Premier with information demonstrating the identity of any Prospective Bidder, nor any information regarding any Prospective Bidder's ability to satisfy all obligations (monetary and non-monetary) under the Identified Contracts. Premier should receive sufficient adequate assurance information for the Prospective Bidder prior to the Sale Hearing in order to properly evaluate the Prospective Bidder's ability to continue operating under the Identified Contracts and comply with all terms thereof. Until Premier receives sufficient adequate assurance information for the Prospective Bidder, Premier objects to the assumption and assignment of the Agreements to any Prospective Bidder.

**(b) Cure Amount**

11. Finally, other than the errors pertaining to the Identified Contracts as set forth above, upon review of the relevant notice and sale documents, including the Notice of Contracts to be Assumed and the Bidding Procedures Order, it is unclear whether or when the Cure Amount will be satisfied by the eventual buyer of the Debtors' assets in a possible Sale Transaction. Premier assumes all Cure Amounts will be satisfied at closing; however, the pleadings are ambiguous as to the timing of cure payments.

12. The Cure Amount ($857,000) represents the known amount currently due and owing to the Premier under its various agreements with the Debtors, exclusive of any sums which have become due or have been paid after the date of this Limited Objection. The Cure Amount may increase prior to any actual date of assignment of the Identified Contracts if the Debtors do not timely and properly pay all amounts that accrue after the date of this Limited Objection (as

required by the Bankruptcy Code), and other amounts that may come due pursuant to the terms of Premier's agreements with the Debtor regardless of when those amounts accrued.

13. Accordingly, Premier objects to the extent the Cure Amount will not be satisfied on or before the closing of a Sale Transaction or the effective date of any such proposed assignment, and requests clarification as the timing of the payment of the Cure Amount.

## RESERVATION OF RIGHTS

14. Premier reserves all rights to seek relief and to supplement and amend this Limited Objection on any grounds, including, but not limited to, lack of adequate assurance of future performance pursuant to 11 U.S.C. § 365(f)(2)(B), failure to cure any post-petition defaults prior to assumption pursuant to 11 U.S.C.§ 365(b)(1)(A), and compensation for damage for any defaults prior to assumption pursuant to 11 U.S.C. § 365(b)(1)(B).

**WHEREFORE**, creditor, Premier Distributing Company, requests this Court enter an order (a) sustaining this Limited Objection, (b) affirmatively requiring the Debtors to correct any errors or omissions associated with the Identified Contracts, (c) affirmatively requiring the Debtors or the Prospective Bidder to pay all amounts owing to Premier under the Identified Contracts, including the Distributor Agreement, through the effective date of any assignment of the Identified Contracts, (f) affirmatively requiring the assignee to comply with each and every term, condition and obligation set forth in the Identified Contracts; and (g) granting Premier such further relief as the Court deems just and appropriate.

Date: March 31, 2023

        Respectfully submitted,

By: */s/ Nicole Grimal Helmstetter*
    Nicole Grimal Helmstetter
    Florida Bar No: 86937
    nicole.helmstetter@bipc.com
    **BUCHANAN INGERSOLL & ROONEY PC**
    2 South Biscayne Blvd., Suite 1500
    Miami, Florida 33131
    Tel: (305) 347-4080
    Fax: (305) 347-4089

*Counsel for Creditor, Premier Distributing Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed with the Clerk of Court using CM/ECF system on March 31, 2023, thereby serving all registered ECF users in the case.

By: */s/ Nicole Grimal Helmstetter*
    Nicole Grimal Helmstetter

4895-3019-0938, v. 2