UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*[1], | Case No.: 22-17842-PDR |
| Debtor. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PROLOGIS TARGETED U.S. LOGISTICS FUND, L.P. TO NOTICE OF (I) EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH A SALE OF THE DEBTORS' ASSETS AND (II) THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO**

Prologis Targeted U.S. Logistics Fund, L.P. ("Landlord" or "Prologis"), by and through its undersigned counsel, hereby submits the following limited objection and reservation of rights to the Notice of (I) Executory Contracts and Unexpired Leases That May Be Assumed and Assigned In Connection with a Sale of the Debtors' Assets and (II) The Proposed Cure Amounts With Respect Thereto (the "Notice of Assumption") [Doc. No. 893]. In support of this Limited Objection, Prologis respectfully represent as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Prologis, as landlord, and Vital Pharmaceuticals, Inc. (the "Debtor"), as tenant, are parties to that certain Lease dated as of May 23, 2019 (the "Lease"), covering premises consisting of approximately 18,409 square feet of rentable area (as more fully described in the Lease, the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

"Premises"), located in Landlord's building at Prologis Aviation Logistics Center A, 10100 Aviation Blvd., Los Angeles, CA 90045 (as more fully described in the Lease, the "Building").

2. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

3. As of the Petition Date, no less than $34,272.88 was due and owing by the Debtor to Landlord in unpaid Rent (as defined in the Lease).

4. The Lease requires the Debtor as tenant to, among other things, indemnify and hold harmless Landlord for certain claims and events and tenant remains obligated for environmental liabilities.

5. The Lease also requires the Debtor as tenant to, at Debtor's sole cost and expense, maintain in good condition all areas, improvements and systems exclusively serving the Premises.

6. The Lease further requires that, at the end of the Lease term, the Debtor, as tenant, shall surrender the Premises to Landlord in good condition, except for ordinary wear and tear, and except for casualty damage or other conditions that the Debtor, as tenant, is not required to remedy. The Debtor, as tenant, must also remove from the Premises all furniture, trade fixtures, equipment, wiring and cabling, inventory and all other personal property installed by the Debtor as tenant or its assignees or subtenants. The Debtor, as tenant, must also repair any damage resulting from such removal and shall restore the Premises to good order and condition. If the Debtor, as tenant, does not return possession of the Premises in the condition required, the Debtor, as tenant, shall pay to Landlord the reasonable costs incurred by the removal of tenant's personal property, furniture, fixtures or trade equipment.

7. Finally, the Lease provides that except for the negligence or intentional misconduct of Landlord or its agents, the Debtor, as tenant, will indemnify, defend and hold harmless Landlord and its agents from and against any and all losses, liabilities, damages, costs and expenses (including attorneys' fees) resulting from claims by third parties arising from Tenant's use and occupancy of the Premises or any act or omission of Tenant or its agents (as set forth in more detail in the Lease). The Lease specifically provides that these obligations survive its expiration or early termination.

8. Collectively, the Lease obligations described in paragraphs 4 to 7 above shall be referred to as the "Non-Monetary Obligations."

9. On March 3, 2023, the Debtor filed the Notice of Assumption, which appears to state that the Debtors may assume and assign the Lease (the "Proposed Assumption"). With respect to the Lease, the Notice of Assignment incorrectly reflects a proposed cure amount of either $9,950.19 or $0.00.

10. As of March 31, 2023, according to the books and records of Prologis, there was, and remains, due and owing to Prologis from Debtor $10,163.16 in unpaid Rent under the Lease. This amount does not include Rent that will come due as of April 1, 2023.

**LIMITED OBJECTION**

11. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code:

> If there has been a default in an . . . unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default[.]

11 U.S.C. § 365(b)(1)(A).

12. As noted above, the Debtor owes Prologis the cure amount of $10,163.16 under the Lease. This amount must be paid as a condition precedent to Debtors' assumption and assignment of the Lease pursuant to Section 365(b)(1)(A) of the Bankruptcy Code.

13. Further, in the event the Debtor pays the correct cure amount and the Proposed Assumption proceeds, the Debtors must assume *all* of the obligations under the Lease, including the obligation to pay Rent and the Non-Monetary Obligations. *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part. . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."). Thus, Prologis objects to the Proposed Assumption to the extent the Debtor purports to assume anything less than all of the obligations under the Lease.

14. Prologis is not opposed, in principle, to the Proposed Assumption, however the cure amount of $10,163.16 must be paid and the Debtor must assume and assign the entire Lease, including the Non-Monetary Obligations.

## **RESERVATION OF RIGHTS**

15. Prologis reserves the right to supplement or amend this Limited Objection based upon information acquired by Prologis subsequent to its filing and to introduce evidence at any hearing related to a plan of reorganization, the assumption and/or assignment of the Lease, and /or this Limited Objection. Prologis also reserves the right to exercise all available remedies under the Lease to obtain possession of the Premises (subject to any applicable procedural limitations imposed by the Bankruptcy Code and Rules), and to assert claims against the Debtor (including, but not limited to, administrative expense claims under sections 365(d)(3) and/or 503(b) of the

Bankruptcy Code and claims arising from the rejection of the Lease should the Debtor later withdraw the Proposed Assumption or otherwise reject the Lease) at the appropriate time.

## CONCLUSION

16.     **WHEREFORE**, for the reasons set forth above, Prologis respectfully requests that the Court enter an Order (i) requiring the Debtor to pay Prologis the cure amount of $10,163.16 as a condition precedent to the Debtor's assumption of the Lease; (ii) conditioning any assumption on the Debtor assuming and the assignee accepting all obligations under the Lease; and (iii) granting Prologis such other and further relief as is just and proper.

Dated: March 31, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Richard J. Bernard*
Richard J. Bernard
1177 Avenue of the Americas
41st Floor
New York, New York 10036
Telephone: (212) 248-3140
brian.morgan@faegredrinker.com

*Counsel for Prologis Targeted U.S. Logistics Fund, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, I served a copy of this Limited Objection and Reservation of Rights electronically via CM/ECF to all parties/attorneys on the list to receive service/notice in this case.

/s/ Richard J. Bernard
Richard J. Bernard