# EXHIBIT A

**AMENDED**

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| Name of Debtors | Case Numbers: |
|---|---|
| **VITAL PHARMACEUTICALS, INC., et al.** | **22-17842-PDR**<br>**22-17844-PDR**<br>**22-17845-PDR**<br>**22-17847-PDR**<br>**22-17848-PDR**<br>**22-17849-PDR**<br>**22-17950-PDR**<br><br>(Jointly Administered) |

Indicate Debtor against which you assert a claim by checking the appropriate box below.

## (Check only one Debtor per claim form)

| Name of Debtor | Case Number |
|---|---|
| x  Vital Pharmaceuticals, Inc. | Case No. 22-17842-PDR |
| ☐  Bang Energy Canada, Inc. | Case No. 22-17844-PDR |
| ☐  JHO Intellectual Property Holdings, LLC | Case No. 22-17845-PDR |
| ☐  JHO Real Estate Investment, LLC | Case No. 22-17847-PDR |
| ☐  Quash Seltzer, LLC | Case No. 22-17848-PDR |
| ☐  Rainbow Unicorn Bev LLC | Case No. 22-17849-PDR |
| ☐  Vital Pharmaceuticals International Sales, Inc. | Case No. 22-17850-PDR |



1195812282230000000030

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

## Date Stamp Copy Returned

### Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Ball Metal Beverage Container Corp. |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor    Ball Metal |

| | |
|---|---|
| 2. Has this claim been acquired from someone else? | X  No |
| | ☐  Yes.  From whom? |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**STRETTO**

**DEC 28 2022**

**RECEIVED**

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| David Westmoreland, Esq. | David Westmoreland, Esq. |
| Name | Name |
| 9200 W. 108th Circle | 9200 W. 108th Circle |
| Number     Street | Number     Street |
| Westminster, CO  80021 | Westminster, CO  80021 |
| City          State          Zip Code | City          State          Zip Code |
| Contact phone  (303) 459-3131 | Contact phone  (303) 459-3131 |
| Contact email  david.westmoreland@ball. com | Contact email  david.westmoreland@ball. com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☐ No |
| | X  Yes.  Claim number on court claims registry (if known) 541     Filed on   12/28/2022   MM  / DD   / YYYY |

| | |
|---|---|
| 5. Do you know if anyone else has filed a proof of claim for this claim? | X  No |
| | ☐  Yes.  Who made the earlier filing? |

Page 2

## Part 2:   Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | ❏ No<br>X Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___8230___ |
|---|---|

| 7. How much is the claim? | $__See Attachment__ | Does this amount include interest or other charges?<br>❏ No<br>X Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid invoices for goods sold (See Attachment)

**9. Is all or part of the claim secured?**

X No

❏ Yes. The claim is secured by a lien on property.

**Nature of property:**

❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

❏ Motor vehicle

❏ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                    $_____

Amount of the claim that is secured:         $_____

Amount of the claim that is unsecured: $_____
                                                                    (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:         $_____

Annual Interest Rate (when case was filed)_____%
❏ Fixed
❏ Variable

**10. Is this claim based on a lease?**

X No

❏ Yes. Amount necessary to cure any default as of the date of the petition.         $_____

**11. Is this claim subject to a right of setoff?**

❏ No

X Yes. Identify the property: __See Attachment__

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | X No. | **Amount entitled to priority** |
|---|---|---|
| | ☐ Yes. Check one: | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

*Check the appropriate box:*

☐  I am the creditor.

X  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/22/22
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Ian | M. | Ross |
|---|---|---|---|
| | First name | Middle name | Last name |

Title     Partner

Company     Sidley Austin LLP

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     1001 Brickell Bay Avenue   Suite 900    Miami, FL 33131

Contact phone     (305) 391-5218        Email     iross@sidley.com

**Mail Claim Form to:  Vital Pharmaceuticals, Inc., et al Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or file your claim electronically via the following case website:** https://cases.stretto.com/VitalPharmaceuticals.

## ATTACHMENT TO OFFICIAL FORM 410 PROOF OF CLAIM

Case: In re Vital Pharmaceuticals, Inc., et al., Case No. 22-17842-PDR (Bankr. S.D. Fla.).

1.　　Vital Pharmaceuticals, Inc. ("VPX") and certain of its affiliates (collectively, the "Debtors") commenced bankruptcy proceedings under chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Florida (the "Court") on October 10, 2022 (the "Petition Date"). The Debtors' cases (the "Cases") are jointly administered under Case No. 22-17842-PDR.

2.　　Approximately two years prior to the Petition Date, on October 14, 2020, VPX filed a complaint styled as *Vital Pharmaceuticals, Inc., d/b/a VPX and as Bang Energy, a Florida Corporation, v. Ball Metal Beverage Container Corp. d/b/a Ball Metal, a Colorado Corporation*, Case No. 20-CA-017030 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action," the complaint for which is attached hereto as **Exhibit 1**). In its complaint, VPX asserted claims for: (1) breach of contract; (2) breach of express warranty; (3) negligence; (4) strict product liability; (5) promissory estoppel; (6) and common law indemnification.

3.　　On November 4, 2020, the defendant in the State Court Action, Ball Metal Beverage Container Corp. (for purposes of the attached proof of claim, the "Claimant") timely filed a notice of removal in accordance with 28 U.S.C. § 1446 (attached, as amended on November 6, 2020, hereto as **Exhibit 2**).

4.　　On November 11, 2020, the Claimant filed its *Motion to Compel Arbitration and to Dismiss or Stay Proceedings, and Incorporated Memorandum of Law* (attached hereto as **Exhibit 3**).

5.　　On December 4, 2020, VPX and the Claimant filed their *Joint Motion to Stay Proceeding Pending Arbitration* (attached hereto **Exhibit 4**), and on December 7, 2020, the Southern District of Florida entered its *Order Administratively Closing Case* (attached hereto as **Exhibit 5**).

6.　　Per the terms of the *Order Administratively Closing Case*, VPX and the Claimant were to file a joint status report every sixty (60) days updating the court on the progression of arbitration. See Exhibit 5 at ¶ 2.

7.　　VPX and the Claimant subsequently filed eleven (11) joint status reports, the first having been filed on February 5, 2021, and the most recent having been filed on October 4, 2022.

8.　　As reported in the *Updated Joint Status Report* dated October 4, 2022 (attached hereto as **Exhibit 6**) arbitration between VPX and the Claimant remained pending before the American Arbitration Association, and the final hearing remained scheduled to commence on January 23, 2023.

9.　　Ten days after the most recent *Updated Joint Status Report*, the Debtors commenced the Cases.

10.     As part of the arbitration proceedings, the Claimant has asserted claims against VPX relating to unpaid invoices for goods sold (the "Unpaid Invoices"). Documents supporting Claimant's position regarding the Unpaid Invoices are attached hereto, collectively, as **Exhibit 7**. The Claimant's total claim against the Debtors totals $15,618,036.45.

11.     The Claimant denies any liability to VPX (or the Debtors collectively), However, as indicated by the Claimant's response to Question 11 on the Form 410 Proof of Claim, the Claimant's claim would be subject to setoff based on the asserted claims.

12.     The Claimant is filing this proof of claim under compulsion of the general bar date as set by the Court. For the avoidance of doubt, by filing this proof of claim, the Claimant is not submitting itself or the adjudication of claims pending under the arbitration described herein to the Court, and the Claimant is not waiving any right it has under its contract with VPX (or the Debtors collectively) to have its dispute or any other dispute with the Debtors to be resolved by binding arbitration.

13.     The Claimant reserves all rights to supplement or amend its proof of claim

*[Remainder of Page Intentionally Left Blank]*

In addition to the address included on the Official Form 410 Proof of Claim to which this is an attachment, any and all notices and communications should be sent to:

**Ian M. Ross**
**SIDLEY AUSTIN LLP**
**1001 Brickell Bay Avenue**
**Suite 900**
**Miami, FL 33131**
**Tel:   (305) 391-5100**
**Fax:   (305) 391-5101**
**Email: iross@sidley.com**
        **pvilla@sidley.com**

## EXHIBIT 1

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX and as BANG ENERGY, a
Florida corporation,

        Plaintiff,

**COMPLAINT FOR DAMAGES**

vs.

BALL METAL BEVERAGE CONTAINER
CORP. d/b/a BALL METAL, a Colorado
Corporation,

        Defendant.
_____/

Plaintiff, Vital Pharmaceuticals, Inc. d/b/a VPX and as Bang Energy, a Florida corporation

("Bang Energy"), hereby brings this action against Defendant, Ball Metal Beverage Container

Corp. d/b/a Ball Metal, a Colorado corporation ("Ball"), and states:

### PARTIES, JURISDICTION AND VENUE

1.    This is an action for damages in excess of $30,000, exclusive of interest, costs and

attorneys' fees, and is within the jurisdiction of this Court.

2.    Bang Energy is a Florida corporation organized and existing under the laws of the

State of Florida, with its principal place of business located in Broward County, Florida.

3.    Ball is a Colorado corporation organized and existing under the laws of the State

of Colorado, with its principal place of business located in Broomfield County, Colorado.

4.    This Court has personal jurisdiction over Ball pursuant to Florida Statutes Section

48.193(1)(a) because the causes of action asserted herein arises from one or more of Ball's acts in:

   a. Operating, conducting, engaging in, or carrying on a business or
      business venture in this state or having an office or agency in
      Florida;

   b. Committing a tortious act within this state;

   c. Causing injury property within this state arising out of an act or
      omission by the defendant outside this state, while, at or about the
      time of the injury, and while Ball: (i) engaged in solicitations or
      service activities within this State and/or (b) products materials, or
      things processed, service or manufactured by Ball were used or
      consumed within this state in the ordinary course of commerce,
      trade or use; and/or

   d. Breaching a contract in this state by failing to perform acts required
      by the contract to be performed in this state.

5.     Alternatively, the Court has personal jurisdiction over Ball pursuant to Florida
Statutes Section 48.193(2) because Ball is engaged in substantial and not isolated activity within
this state.

6.     Ball is also registered to do business within the State of Florida, and has a registered
agent with an office in Broward County, Florida.

7.     Venue is proper in this Court under Florida Statutes Sections 47.011and 47.051
because: (i) the causes of action asserted herein arose in Broward County, Florida and/or (ii) Ball
resides in Broward County, Florida for purposes thereof, as it has a registered agent located in
Broward County, Florida.

2

## GENERAL ALLEGATIONS

8.      Bang Energy is a manufacturer and seller of dietary supplements and beverages, including, but not limited to, its marquis Bang® carbonated energy drink product ("Bang®").

9.      Ball is a manufacturer and supplier of aluminum cans for beverages, which Ball sells to manufacturers, vendors and other suppliers of consumer beverages, such as Bang Energy.

10.     To contain beverage products without internal corrosion and resultant leaking, aluminum cans must be treated with an internal liner that forms a protective barrier between the beverage contents and the metal itself.

11.     Ball manufactures and sells its aluminum cans with such internal liners that it designs, creates and/or applies.

12.     Without such a liner—or with a defective, deficiently formulated or misapplied liner—a filled can's aluminum interior is unduly and unreasonably vulnerable to corrosion from the beverage contents, a/k/a "primary corrosion."

13.     Primary corrosion unduly and unreasonably renders cans vulnerable to leaking, and thus makes the beverage product unsaleable.

14.     Further, when filled beverage cans are packed together, such as cans packed atop a warehouse pallet, fluid issuing from any can due to primary corrosion, can cause external corrosion to adjacent cans, a/k/a "secondary corrosion."

15.     Secondary corrosion also renders beverage products contained within the proximate area of any leaking adjacent cans unsaleable.

16.     Over a period of years, Bang Energy has purchased hundreds of millions of aluminum cans from Ball for Bang Energy's use in the production and sale of its various consumer beverage products, including, but not limited to Bang®.

3

17.     On or about November 15, 2017, Ball crafted and issued certain Terms and Conditions purporting to govern its sales of lined aluminum cans to Bang Energy, which Terms and Conditions Bang Energy signed at Ball's instance ("Terms and Conditions").[1]

18.     Ball prepared and drafted the Terms and Conditions.

19.     Ball expressly warranted that the cans and their components would be free from defects in material, would be free from defects in workmanship, and would conform to the pertinent specifications.

20.     In 2018, Ball switched the nature of the lining, treating the cans with a certain "BPA-NI" liner.

21.     The formulation and/or application of the "BPA-NI" liner turned out to be deficient in that it left the interior of the cans, once filled, unduly and unreasonably vulnerable to primary corrosion, thus rendering the cans nonconforming, defective and, once filled, unreasonably dangerous.

22.     Indeed, a number of defective Ball cans leaked due to primary corrosion after being filled with Bang Energy's products, and furthermore, rendered other cans exposed to secondary corrosion.

23.     As a result of the nonconforming, defective and unreasonably dangerous condition of the cans, Bang Energy has been forced, over time, to replace in excess of 100,000,000 cans, including those that: (a) were filled with Bang Energy's products and leaked due to primary corrosion; (b) were filled with Bang Energy's products that had been exposed to potential secondary corrosion or that suffered secondary corrosion; (c) were filled with Bang Energy's

---

[1]     Ball marked the Terms and Conditions confidential. Accordingly, Bang Energy does not attach that document, but will file it under seal after obtaining court leave to do so.

products that had not yet leaked, but were subject to potential (and may have already started to develop) primary corrosion; and (d) were unfilled, but nevertheless determined to be defective because of the risk that if they were filled, they would leak as a result of the defective lining.

24.     As a result of Ball selling and supplying Bang Energy the defective cans in a nonconforming, defective and unreasonably dangerous condition, Bang Energy has incurred many millions of dollars in pecuniary harm and losses.  Bang Energy's losses include, but are not limited to, costs associated with: (a)  acquiring and refilling new beverage cans to replace Ball's defective and unreasonably dangerous cans containing Bang Energy's products that leaked due to primary corrosion; (b) acquiring and refilling new beverage cans to replace Ball's cans filled with Bang Energy's products that had been exposed to secondary corrosion; (c) acquiring and refilling new beverage cans to replace Ball's defective and unreasonably dangerous cans containing Bang Energy beverage product that had not yet leaked, but could not be sold due to concerns over potential primary corrosion; (d)  acquiring new beverage cans to replace Ball's cans that were never filled, but were unusable due to the potential for primary corrosion; (e) logistical costs associated with dealing with millions of defective and unreasonably dangerous cans; (f) reshipping and return shipping; (g) redistributing replacement cans; (h) downtime charges imposed by Bang Energy's co-packers due to not having sufficient cans available to fill; (i) injury to Bang Energy's goodwill with its co-packers; (j) impairment of Bang Energy's business and customer goodwill; and (k) lost profits on lost sales.

25.     To date, Ball has wrongfully refused to acknowledge responsibility for supplying the defective cans to Bang Energy.

26.     Any and all conditions precedent to Bang Energy bringing this action have occurred, have been met, have been excused or are otherwise waived.

## COUNT I
## BREACH OF CONTRACT

27.    Bang Energy incorporates and realleges each and all of the allegations set forth in Paragraphs 1-26 hereinabove, as if set forth fully within this Count.

28.    In connection with each purchase and supply of the beverage cans that are the subject of this action, Ball and Bang Energy entered into a contract for the sale of goods, which required Ball to supply Bang Energy with aluminum cans that were not unduly and unreasonably vulnerable to primary corrosion and resultant harm and loss.

29.    Ball breached said contractual obligation by delivering to Bang Energy the defective cans.

30.    As a direct, proximate and natural occurring result of Ball's breach of contract with respect to the defective cans, Bang Energy suffered harm and loss.

WHEREFORE, Bang Energy demands judgment against Ball awarding damages, interest and costs, and granting any other and additional relief the Court may deem just and appropriate.

## COUNT II
## BREACH OF EXPRESS WARRANTY

31.    Bang Energy incorporates and realleges each and all of the allegations set forth in Paragraphs 1-26 hereinabove, as if set forth fully within this Count.

32.    Pursuant to the Terms and Conditions, Ball expressly warranted that the cans it sold and supplied to Bang Energy were free from defects in material and workmanship and conformed to Ball's specifications.

6

33.     Ball knew that Bang Energy was purchasing the cans for use in its energy drink products.

34.     Bang Energy relied upon the warranties, to its detriment, in purchasing cans from Ball.

35.     The cans were not free from defect in material, not free from defect in workmanship, were nonconforming, and were otherwise unreasonably dangerous.

36.     As a direct and proximate result of Ball's breach of warranty with respect to the defective cans, Bang Energy suffered harm and loss.

WHEREFORE, Bang Energy demands judgment against Ball awarding damages, interest and costs and granting any other and additional relief the Court may deem just and appropriate.

## COUNT III
## NEGLIGENCE

37.     Bang Energy incorporates and realleges each and all of the allegations set forth in Paragraphs 1-26 hereinabove, as if set forth fully within this Count.

38.     At all times material hereto, Ball was in the business of designing, manufacturing, producing, selling and/or supplying aluminum cans to beverage companies such as Bang Energy.

39.     At all times material hereto, Ball owed purchasers of its cans, including Bang Energy, a duty to take reasonable and otherwise due care in connection with its manufacturing, producing, selling and/or supplying cans so as to ensure that its cans were free of defect and not unreasonably dangerous to persons or other property.

40.     Ball breached said duty of reasonable and otherwise due care, in connection with the defective cans that it sold and supplied to Bang Energy in one or more of the following respects:

7

        a.      Ball negligently manufactured or produced the defective cans, so as to render them unduly and unreasonably vulnerable to primary corrosion by using a "BPA-NI" liner having a formulation that was inadequate to provide the defective cans with requisite protection;

        b.      Ball negligently manufactured and/or produced the defective cans, so as to render them unduly and unreasonably vulnerable to primary corrosion by applying or misapplying a "BPA-NI" liner in a manner that was inadequate to provide the defective cans with requisite protection;

        c.      Ball negligently designed the defective cans, so as to render them unduly and unreasonably vulnerable to primary corrosion, by using a "BPA-NI" liner having a formulation that was inadequate to provide the defective cans with requisite protection; and/or

        d.      Ball otherwise was negligent in supplying cans that failed to meet the industry standard, in that such cans were inadequately protected from, and unduly and unreasonably vulnerable to, primary corrosion or otherwise leaking.

       41.      As a direct and proximate result of Ball's actions and/or inactions, Bang Energy's property, including, but not limited to, the cans that it had purchased and their contents, were damaged, injured and/or lost.

       42.      As a further direct and proximate result of negligence with respect to the defective cans, Bang Energy suffered harm and loss.

       WHEREFORE, Bang Energy demands judgment against Ball awarding damages, interest and costs and granting any other and additional relief the Court may deem just and appropriate.

## COUNT IV
## STRICT PRODUCT LIABILITY

43.     Bang Energy incorporates and realleges each and all of the allegations set forth in
Paragraphs 1-26 hereinabove, as if set forth fully within this Count.

44.     At all times material hereto, Ball was in the business of designing, manufacturing,
producing, selling and/or supplying aluminum cans to beverage companies such as Bang Energy.

45.     At the time that Ball supplied the defective cans to Bang Energy, they were in a
defective and unreasonably dangerous condition in that they had been treated with a defectively
designed, defectively formulated, or defectively applied "BPA-NI" liner that rendered them unduly
and unreasonably vulnerable to primary corrosion.

46.     Bang Energy used defective cans that Ball supplied by filling them with its
beverage product.

47.     As a direct and proximate result of the defective and unreasonably dangerous
condition of Ball's cans, Bang Energy's property was damaged, injured and/or lost—including,
but not limited to, the cans that it had purchased and their contents.

WHEREFORE, Bang Energy demands judgment against Ball awarding damages, interest
and costs and granting any other and additional relief the Court may deem just and appropriate.

## COUNT V
## PROMISSORY ESTOPPEL

48.     Bang Energy incorporates and realleges each and all of the allegations set forth in
Paragraphs 1-26 hereinabove, as if set forth fully within this Count.

49.     At all times material hereto, Ball was in the business of designing, manufacturing,
producing, selling and/or supplying aluminum cans to beverage companies such as Bang Energy.

9

50.     Ball explicitly promised Bang Energy that it would supply cans for use in Bang
Energy's products that would adequately hold the liquid energy drink contents for Bang Energy's
sales into the market.

51.     Ball's promise was clear, definite, and unequivocal, and was specifically made to
induce Bang Energy to agree to purchase, and actually purchase, cans from Ball.

52.     In reliance on the promise, and to its detriment, Bang Energy purchased the cans
from Ball.

53.     Despite Bang Energy's repeated requests and demands relating to cans that suffered
primary corrosion, were exposed to secondary corrosion, and otherwise were unusable due to
potentially being subject to primary corrode, Ball has refused or has been unable to correct its
issues with the liner.

54.     To avoid injustice, it is necessary to enforce the promise made by Ball to Bang
Energy, and require Ball to pay for all damages arising out of its failure to abide by its promises.

        WHEREFORE, Bang Energy demands judgment against Ball awarding damages, interest
and costs and granting any other and additional relief the Court may deem just and appropriate.

## COUNT VI
## COMMON LAW INDEMNIFICATION

55.     Bang Energy incorporates and realleges each and all of the allegations set forth in
Paragraphs 1-26 hereinabove, as if set forth fully within this Count.

56.     Bang Energy incurred expense and costs under various agreements with its co-
packers that required Bang Energy to supply the co-packers with sufficient numbers of aluminum
cans sufficient to meet required threshold amounts.

10

57.     Bang energy was unable to meet the threshold amounts due to the issues relating to

Ball's defective and unreasonably safe cans.

58.     Bang Energy is completely without fault, meanwhile its undersupply of cans was

caused solely by the actions and/or inactions Ball.

WHEREFORE, Bang Energy demands judgment against Ball awarding damages, interest

and costs and granting any other and additional relief the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated October 14, 2020

Respectfully submitted by:

*/s/   Scott D. Knapp*
Scott D. Knapp
Florida Bar No. 016688
William E. Baldwin
Florida Bar No. 118072
Nelson Mullins Broad and Cassel
100 S.E. Third Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Phone: (954)764-7060 / Fax: (954)761-8135
Scott.Knapp@NelsonMullins.com
William.Baldwin@NelsonMullins.com
Traci.Lewis@NelsonMullins.com

*Counsel for Vital Pharmaceuticals, Inc. d/b/a
Bang Energy*

11

## EXHIBIT 2

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### (FORT LAUDERDALE DIVISION)

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX and as BANG ENERGY, a
Florida Corporation,

     Plaintiff,

v.                                                          Civil Action No. 0:20-cv-62253

BALL METAL BEVERAGE CONTAINER
CORP., d/b/a/ BALL METAL, a Colorado
Corporation,

     Defendant.

_____/

### AMENDED NOTICE OF REMOVAL[1]

Defendant, Ball Metal Beverage Container Corp. ("Ball Metal"), through undersigned

counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the state

court action described below:

1.    On October 14, 2020, Plaintiff Vital Pharmaceuticals filed a complaint styled as

*Vital Pharmaceuticals, Inc., d/b/a VPX and as Bang Energy, a Florida Corporation, v. Ball Metal*

*Beverage Container Corp. d/b/a/ Ball Metal, a Colorado Corporation*, Case No. 20-CA-017030,

in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the

"State Court Action"). Plaintiff served Ball Metal with a copy of the Summons and Complaint

---

[1] Pursuant to the Clerk's Notice to Filer (D.E. 3) regarding the Notice of Removal (D.E. 1), Ball
Metal hereby files this Amended Notice of Removal to correct the signature block to match the
name of the attorney e-filing this document via their CM/ECF login in compliance with section
3J(1) of the CM/ECF Administrative Procedures.

("Complaint") on October 19, 2020. This Notice of Removal is timely filed in accordance with
28 U.S.C. §1446.[2]

2.    Plaintiff filed the State Court Action pursuant to six state law causes of action: (1)
breach of contract; (2) breach of express warranty; (3) negligence; (4) strict product liability; (5)
promissory estoppel; and (6) common law indemnification. As a basis for these, Plaintiff alleges
that "[o]ver a period of years," Plaintiff "purchased hundreds of millions of aluminum cans from
Ball Metal for [Plaintiff's]" use in the production and sale of its various consumer beverage products
. . . ." (Compl. ¶ 16.) In 2018, Plaintiff claims, "Ball switched the nature of the lining, treating can
with a certain 'BPA-NI' liner." (Id. at ¶ 20.) As a result of this change, Plaintiff alleges that the
interior of the cans "turned out to be deficient in that it left the interior of the cans, once filled,
unduly and unreasonably vulnerable to primary corrosion, thus rendering the cans nonconforming,
defective and, once filled, unreasonably dangerous." (Id. at ¶ 21.)

3.    Plaintiff alleges that it "has incurred many millions of dollars in pecuniary harm
and losses" in the form of "acquiring and refilling new beverage cans," "logistical costs,"
"reshipping and return shipping," "redistributing replacement cans," and other alleged costs. (Id.
at ¶ 24.) The Civil Cover Sheet filed with Plaintiff's Complaint also alleges that its damages
exceed $100,000.

4.    Pursuant to 28 U.S.C. § 1446(a), Ball Metal has attached: (a) a copy of the
Complaint filed in the State Court Action as **Exhibit 1**; and a copy of all other process, pleadings,
orders, and other papers served on Ball Metal in the State Court Action as **Composite Exhibit 2**.
A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court

---

[2] Ball Metal, by filing this Notice of Removal, does not waive and expressly reserves any objection
as to venue, the legal sufficiency of the claims alleged in the State Court action, and all other
defenses.

of the Seventeenth Judicial Circuit in and for Broward County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of the filing in the form attached hereto as **Exhibit 3**, a copy of which will be served upon Plaintiff.

5.      This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."

6.      This is an action instituted in State Court and has not been tried.

## SUBJECT MATTER JURISDICTION

### Diversity Jurisdiction Exists Pursuant to 28 U.S.C. § 1332

7.      The Court has subject matter jurisdiction over this matter and this case is properly removed to this Court because, as more fully set forth below:

8.      28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—citizens of different States." Pursuant to 28 U.S.C. § 1332, there is complete diversity amongst the parties and the amount in controversy requirement is met.

9.      A corporation is a citizen of any state where it has been incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1); *Advanced Constr. and Renovation, Inc. v. Mt. Hawley Ins. Co.*, No. 17-61080-CIVCOOKE/GOODMAN, 2018 WL 797073, at *2 (S.D. Fla. Feb. 9, 2018). "A corporation's 'principal place of business' is its 'nerve center,' or a corporation's headquarters 'where a corporation's high-level officers direct, control, and coordinate the

corporation's activities.'" *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)).

10.     Plaintiff is a Florida corporation with a principal place of business in Broward County, Florida. (Compl. at ¶ 2.)

11.     Ball Metal is a Colorado corporation with its principal place of business in Broomfield County, Colorado. (*Id.* at ¶ 3.)

12.     For purposes of diversity jurisdiction, Plaintiff is a citizen of Florida and Ball Metal is a citizen of Colorado.

13.     Because Plaintiff is a citizen of Florida and Ball Metal is a citizen of Colorado, there is complete diversity among the parties.

14.     Further, the amount in controversy, exclusive of interest and fees, exceeds $75,000 as alleged in Paragraph 24 of the Complaint, attached as **Exhibit 1**, and as stated in the Civil Cover Sheet filed with the Complaint and attached as **Composite Exhibit 2**.

15.     Removal here is thus proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332.

## PROCEDURAL COMPLIANCE

16.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after Ball Metal received a copy of the initial pleadings setting forth the claim for relief on which this removal is based.

17.     Pursuant to 28 U.S.C. § 1446(a), a notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Pursuant to Local Rule 4.02(b), a notice of removal shall also contain copies of "other papers or exhibits of every kind."

18.     **Exhibit 1** is a copy of the Complaint.

19.     **Composite Exhibit 2** is a copy of all other process, pleadings, orders, and other

papers or exhibits then on file in the State Court Action.

20.     Pursuant to 28 U.S.C. §1446(d), Ball Metal will serve written notice of this removal

on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Court of

the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in the

State Court Action in the form attached hereto as **Exhibit 3**.

21.     Ball Metal has satisfied all of the requirements for removal of this action under 28

U.S.C. §1446 and all other applicable statutes and rules referenced herein.

WHEREFORE, for all the foregoing reasons, this Court has, and Ball Metal respectfully

requests this Court to assume, full jurisdiction over the case, action, and all causes and defenses

herein, as provided by law.

Dated: November 6, 2020                          Respectfully submitted,

                                                 **STUMPHAUZER FOSLID SLOMAN
                                                 ROSS & KOLAYA, PLLC**
                                                 Two South Biscayne Boulevard
                                                 Suite 1600
                                                 Miami, FL 33131
                                                 Tel.: (305) 614-1400
                                                 Fax: (305) 614-1425

                                          By:    */s/ Ian M. Ross*
                                                 IAN M. ROSS
                                                 Florida Bar No. 091214
                                                 iross@sfslaw.com
                                                 TIMOTHY A. KOLAYA
                                                 Florida Bar No. 056140
                                                 tkolaya@sfslaw.com
                                                 JORGE A. PEREZ SANTIAGO
                                                 Florida Bar No. 91915
                                                 jperezsantiago@sfslaw.com
                                                 docketing@sfslaw.com

                                                 *ATTORNEYS FOR DEFENDANT
                                                 BALL METAL BEVERAGE
                                                 CONTAINER CORP.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day November, 2020, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record via transmission of Notices of Electronic Filing

generated by CM/ECF.

/s/ *Ian M. Ross*
IAN M. ROSS

## SERVICE LIST

**NELSON, MULLINS, BROAD AND CASSEL**
Scott D. Knapp
Email: scott.knapp@nelsonmullins.com
William E. Baldwin
Email: william.baldwin@nelsonmullins.com
100 S.E. Third Ave.,
Fort Lauderdale, Fla. 33394
Tel:    954.764.7060

*Counsel for Plaintiff*

### EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX and as BANG ENERGY, a
Florida Corporation,

      Plaintiff,

v.

Civil Action No. 20-cv-62253-RKA

BALL METAL BEVERAGE CONTAINER
CORP., d/b/a/ BALL METAL, a Colorado
Corporation,

      Defendant.

_____/

## DEFENDANT BALL METAL BEVERAGE CONTAINER CORP.'S MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY PROCEEDINGS, AND INCORPORATED MEMORANDUM OF LAW

Defendant, Ball Metal Beverage Container Corp. ("Ball Metal"), through undersigned

counsel, moves pursuant to Federal Rule of Civil Procedure 12 and Sections 3 and 4 of the Federal

Arbitration Act (the "FAA") for an Order (1) compelling Plaintiff Vital Pharmaceuticals, Inc. d/b/a

VPX ("Vital" or "Bang Energy") to arbitrate its claim against Ball Metal pursuant to their written

agreement, and (2) dismissing Vital's Complaint or staying this case pending arbitration.

### INTRODUCTION

Vital should be compelled to arbitrate its claims against Ball Metal because it agreed to

binding arbitration in the same agreement that forms the basis for those claims. Ball Metal is a

Colorado company that manufactures and supplies aluminum packaging for beverages and other

products. (Compl. at ¶ 9.) Vital, a Florida company, alleges that Ball Metal sold it aluminum cans

that were "unduly and unreasonably vulnerable to primary corrosion, thus rendering the cans

nonconforming, defective and, once filled, unreasonably dangerous. (*Id.* at ¶¶ 2, 21.) But the

1

Terms and Conditions that Vital (1) admits governed the sale of those aluminum cans and (2) contained the warranty Vital relies on as the basis for its claims (*see id.* at ¶¶ 17, 19), require the parties to arbitrate any "controversy, dispute or question arising out of or relating to" their agreement. (*See* Declaration of Suzette D. Compagno ("Compagno Decl."), attached as Exhibit 1, *discussed infra.*)[1]  Vital's claims plainly fall within the broad scope of the parties' agreement. Accordingly, the Court should compel Vital to arbitrate its claims against Ball Metal, and dismiss or stay this case.

## FACTUAL BACKGROUND

### A.   Vital's Complaint alleges contract and tort claims that all arise out of or relate to its agreement to buy aluminum cans from Ball.

Vital alleges that, "[o]ver a period of years," it "purchased hundreds of millions of aluminum cans from Ball Metal for [Vital's]" use in the production and sale of its various consumer beverages products, including but not limited to Bang©." (Compl. at ¶ 16.) Vital alleges, however, that "[i]n 2018, Ball Metal switched the nature of the lining, treating cans with a certain 'BPA-NI' liner." (*Id.* at ¶ 20.) As a result of this change, Vital alleges that the interior of the cans "turned out to be deficient in that it left the interior of the cans, once filled, unduly and unreasonably vulnerable to primary corrosion, thus rendering the cans nonconforming, defective and, once filled, unreasonably dangerous." (*Id.* at ¶ 21.)

Vital alleges that its claims are based on Ball Metal's alleged express warranty "that the cans and their components would be free from defects in material, would be free from defects in workmanship, and would conform to pertinent specifications." (*Id.* at ¶ 19.) This warranty was

---

[1] The exhibits attached to the Compagno Declaration have been redacted to remove proprietary product specifications and pricing information unrelated to the Motion. Unredacted copies of the exhibits have been served on Vital's counsel and will be filed under seal if requested by Vital or ordered by the Court.

2

contained in "Terms and Conditions purporting to govern [Ball Metal's] sale of lined aluminum cans to Bang Energy, which Terms and Conditions Bang Energy signed at Ball's instance [*sic*]." (*Id.* at ¶ 17.) These Terms and Conditions (the "2017 Terms and Conditions") are not attached to the Complaint, but a true a correct copy of the 2017 Terms and Conditions executed by Vital is attached hereto.[2] (Compagno Decl. at Ex. A.) The 2017 Terms and Conditions state that "[a]ny disputes arising under this agreement shall be resolved in accordance with [Ball Metal's] Alternative Dispute Resolution Policy, which is incorporated herein by reference." (*Id.* at Ex. A, Art. XVI; *see also id.* at Ex. B.) Vital received copies of both the 2017 Terms and Conditions and the Alternative Dispute Resolution Policy (the "Arbitration Policy") on or about November 13 and 14, 2017. (*See id.* at Ex. C.) Thereafter, on or about November 15, 2017, Vital executed the 2017 Terms and Conditions. (*Id.* at Ex. D.)[3]

## B. In the Arbitration Policy, Vital agreed to arbitration for any dispute arising out or relating to its purchases of aluminum cans from Ball Metal.

The Arbitration Policy governs "any claim, controversy, dispute or question arising out of or relating to this agreement . . . or the performance, interpretation or breach thereof." (Compagno Decl. at Ex. B at 1.) It requires the parties to engage in negotiations prior to the commencement of a formal proceeding. (*Id.*) If those negotiations do not resolve the dispute, it provides:

*Any dispute shall be finally settled by arbitration administered by the American*

---

[2] In deciding whether to compel arbitration and dismiss or stay proceedings, the Court may consider the Agreement even though it was not referenced in the Complaint. *See Herrera Cedeno v. Morgan Stanley Smith Barney, LLC*, 154 F. Supp. 3d 1318, 1323 (S.D. Fla. 2016) ("When addressing a § 4 motion, the district court is required to determine whether there is a binding agreement to arbitrate. . . ."); *Perera v. H&R Block Eastern Enters., Inc.*, 914 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012) (court may consider agreement with plaintiff "regardless of the applicable procedural vehicle for a motion to dismiss involving an arbitration clause").

[3] Ball Metal updated its Terms and Conditions during the term period it sold aluminum cans to Vital. (*See* Compagno Decl. at Ex. E (attaching 2019 Terms and Conditions).) Vital received a copy of these updated Terms and Conditions. (*See id.* at Ex. F.) The relevant provisions of the Arbitration Policy cited herein did not materially change in the updated Terms and Conditions.

*Arbitration Association under its Commercial Arbitration Rules* (the "AAA Rules"), by a single independent arbitrator appointed in accordance with the said Rules. The Parties specifically agree that in no case shall the Procedures for Large, Complex Commercial Disputes be used. The arbitration proceedings shall be governed by the Federal Arbitration Act (Title 9 of the U.S. Code). The arbitration proceedings shall be governed by the law governing the Agreement; however, if no law is so specified, the arbitration shall be governed by the law of the State of Colorado.

(*Id.*) (emphasis added). The Arbitration Policy also provides that the arbitration shall be specifically empowered to "[e]xclusively determine the arbitrability of any dispute." (*Id.* at 2.)

## ARGUMENT

### A. Legal Standard

The liberal federal policy favoring arbitration agreements creates a strong presumption in favor of enforcement and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). "Issues of arbitrability are governed by the Federal Arbitration Act." *Frazier v. W. Union Co.*, 377 F. Supp. 3d 1248, 1254–55 (D. Colo. 2019) (citing *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1279 (10th Cir. 2017)); *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1131 (10th Cir. 2004).[4] Consequently, the Court must "resolve 'any doubts concerning the scope of arbitrable issues . . . in favor of arbitration.'" *Id.* at 1254–55 (quoting *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861,

---

[4] The 2017 Terms and Conditions and the Arbitration Policy are governed by Colorado law. (*See* Compagno Decl. at Ex. C (law of the seller's (Ball Metal's) state "shall apply in the interpretation and enforcement of this agreement") and Ex. B (arbitration shall be governed by Colorado law).) Florida courts will enforce choice-of-law provisions "unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000)); *See Briceno v. Sprint Spectrum, L.P.*, 911 So. 2d 176, 179 (Fla. 3rd DCA 2005). Here, for the reasons set forth below, Colorado and Florida law both favor an Order compelling arbitration of Vital's claims.

866 (10th Cir. 1999) (quoting *Mercury Constr. Corp.*, 460 U.S. at 24-25)).

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, "[c]ourts must 'rigorously enforce' arbitration agreements according to their terms" to facilitate streamlined proceedings. *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2306 (2013); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Arbitration is required "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 (1960) ("Doubts should be resolved in favor of coverage.").

Where parties have entered into an agreement to arbitrate a dispute and one party fails to comply with such an agreement, the other may petition the Court "for an order directing that such arbitration proceed in the manner provided in such agreement." 9 U.S.C. § 4. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*; *see also Lambert v. Austin Indus.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2–4). "The party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." *Citi Cars, Inc. v. Cox Enterprises, Inc.*, No. 1:17-CV-22190-KMM, 2018 WL 1521770, at \*4 (S.D. Fla. Jan. 22, 2018) (quoting *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (quotations omitted)).

5

## B.     Vital is Required to Arbitrate its Claims Against Ball Metal.

The Arbitration Policy is enforceable and Vital agreed to it by executing the 2017 Terms and Conditions.  Because Vital's Complaint, by its own allegations, falls within the scope of the Arbitration Policy, the Court should compel Vital to arbitrate its claims against Ball Metal.

### 1.     Vital agreed to Arbitrate its Claims by Assenting to Ball Metal's Terms and Conditions.

A valid agreement to arbitrate has been formed when there is mutual assent by an offer and acceptance of certain and definite contractual terms. *See, e.g., Cochrane v. Justice Min. Co.*, 16 Colo. 415, 422, 26 P. 780, 782 (1891) ("The general rule . . . is: 'An offer or proposal made by one party, and the acceptance thereof by the other, constitutes a contract; in other words, a contract is thereby concluded so that it may be enforced.'") (citation omitted); *see Matter of T & B Gen. Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir. 1987) ("A binding and enforceable contract requires mutual assent to certain and definite contractual terms. Without a meeting of the minds on all essential terms, no enforceable contract arises.") (citing *Webster Lumber Co. v. Lincoln*, 94 Fla. 1097, 115 So. 498 (1927); *O'Neill v. Corporate Trustees, Inc.*, 376 F.2d 818 (5th Cir. 1967)); *Greenberg v. Doctors Assocs., Inc.*, No. 1:18-CV-22505-UU, 2018 WL 4927910, at *1 (S.D. Fla. Aug. 29, 2018) (Ungaro, J) ("Under Florida law, a contract is formed from offer, acceptance and consideration.").

Here, Vital agreed to the 2017 Terms and Conditions, which expressly incorporate the Arbitration Policy.  Accordingly, Vital agreed to arbitrate any claim or dispute arising out of or relating to its agreement to buy aluminum cans from Ball Metal. *See Lane v. Urgitus*, 145 P.3d 672, 682 (Colo. 2006) (holding that parties are bound by an arbitration provision incorporated by reference); *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1216 (11th Cir. 2011) (affirming grant of motion to compel arbitration where plaintiff entered into an agreement, incorporating by

6

reference terms of service containing a mandatory arbitration agreement, to utilize defendant's telephone services); *Temple v. Best Rate Holdings LLC*, No. 8:18-CV-176-T-36JSS, 2018 WL 6829833, at *9 (M.D. Fla. Dec. 27, 2018) (finding that Plaintiff had agreed to arbitrate claims when he had clicked a "Get a Quote" button which advised him that by clicking the button he was agreeing to hyperlinked Terms and Conditions that contained a mandatory arbitration provision).[5]

## 2. Vital's Claims Fall Squarely within the Scope of the Arbitration Policy.

Where an agreement contains an arbitration clause, there is a presumption that the scope of the clause covers the dispute "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotations and citations omitted). Because Supreme Court precedent and the FAA both presume arbitrability, "'parties must clearly express their intent to exclude categories of claims from their agreement.'" *Lambert v. Austin Ind.*, 544 F. 3d 1192, 1197 (11th Cir. 2008) (quoting *Paladino v. Avnet Computer Tech. Inc.*, 134 F 3d 1054, 1057 (11th Cir. 1998)). Otherwise, it is well-settled that a broad arbitration clause that covers claims "arising out of" or "relating to" an agreement will apply to any factual allegations, regardless of the legal causes of action asserted, that "'touch matters'" covered by the parties' agreement. *Gregory v. Electro-Mechanical Corp.*, 83 F. 3d 382, 384 (11th Cir. 1996) (quoting

---

[5] Although Vital pleads that "Ball prepared and drafted the Terms and Conditions" and "insisted" that Vital agreed to those terms (Compl. at ¶ 17), there is no basis to find that Vital did not agree to arbitrate its claims under the 2017 Terms and Conditions. Vital is equitably estopped from using the 2017 Terms and Conditions as a "sword" and "shield." Stated differently, Vital cannot seek to enforce the terms and warranties in the 2017 Terms and Conditions, and then avoid and repudiate other provisions, including the Arbitration Policy, in the very same contract. *See, e.g., Shamsi v. Levin*, Case No. 17-80372-CV-DMM, 2017 WL 7803806, at *6 (S.D. Fla. Aug. 24, 2017) (Middlebrooks, D.) ("[H]aving used Levin's actions in relation to the Joint Venture Agreement as the basis for claims asserted in his individual capacity, Plaintiff cannot now repudiate his connection with the Joint Venture Agreement to avoid its arbitration provision.") (citing *XR Co. v. Block & Balestri, P.C.*, 44 F. Supp. 2d 1296, 1301 (S.D. Fla. 1999)).

*Genesco, Inc. v. T. Kakiuchki & Co., Ltd.*, 815 F.2d 840., 846 (2d Cir. 1987)); *P&P Indus, Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (tort-based claims were subject to arbitration).

Ball Metal's Arbitration Policy broadly encompasses "any claim, controversy, dispute or question arising out of or relating to this agreement . . . or the performance, interpretation or breach thereof." (Compagno Decl. at Ex. B at 1.) Courts have repeatedly construed similar provisions regarding "all" or "any" claims "relating to" an agreement broadly in favor of compelling arbitration. *See, e.g., Louis Dreyfus Negoce S.S. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 225 (2d Cir. 2001) (holding that broad construction is given to clauses that provide for arbitration of "[a]ny dispute"); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130–31 (9th Cir. 2000) (finding that there is "little doubt that the dispute is subject to arbitration" where the parties' "broad and far reaching" arbitration clause agreement covered "[a]ny dispute, controversy or claim arising out of or relating to" the agreement); *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1028 (11th Cir. 1982), overruled on other grounds by *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) ("An arbitration clause covering disputes arising out of the contract or business between the parties evinces a clear intent to cover more than just those matters set forth in the contract.").[6] Here, Vital's Complaint itself invokes the 2017 Terms and Conditions (which expressly incorporate the Arbitration Policy) as a basis for its contractual and

---

[6] Indeed, all of Vital's allegations are arbitrable both because they are "related to" and "arising under" the 2017 Terms and Conditions and Arbitration Policy. The Eleventh Circuit, even though it has found that "arising under" is less broad of a clause than "related to" when interpreting an arbitration clause, has nonetheless held that it applies to any claim that has "some direct relationship between the dispute and the performance of duties specified by the contract." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. 2011). In such circumstances, the Eleventh Circuit has consistently held that arbitration clauses apply to extra-contractual and tort claims. *See id.* (applying arbitration clause to tort claims); *see also Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996) (applying arbitration clauses to torts such as fraud, misrepresentation, conversion, and breach of good faith and fair dealing).

8

tort claims (*see* Compl. at ¶¶ 17-19) and incorporates those allegations as the factual basis underpinning each one of its claims (*id.* at ¶¶ 27, 31, 37, 43, 48, 55). Accordingly, because each of Vital's claims arises out of and relates to Ball Metal's alleged warranties and contractual obligations under the 2017 Terms and Conditions, each of those claims must be arbitrated under the Arbitration Policy.

Moreover, any dispute Vital may have regarding the arbitrability of its claims must itself be resolved by the arbitrator. The Arbitration Policy provides that "[t]he arbitrator shall be specifically empowered to . . . [e]xclusively determine the arbitrability of any dispute." (Compagno Decl. at Ex. B at 2.)[7] The Supreme Court has recognized that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate . . . ." *Rent-A-Ctr., W., Inc*, 561 U.S. at 68–69; *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."); *Taubman Cherry Creek Shopping Ctr., LLC v. Neiman-Marcus Grp., Inc.*, 251 P.3d 1091, 1094 (Colo. App. 2010) ("Certainly, parties may incorporate by reference AAA rules by expressly providing that those rules will govern any dispute within the scope of their arbitration agreement."). Accordingly, any question of arbitrability here should be determined by an arbitrator. *See id.* ("If parties to an arbitration agreement have explicitly incorporated a rule that empowers the arbiter to determine arbitrability, numerous courts agree with Neiman's contention

---

[7] Rule 7(a) of the AAA's Commercial Arbitration Rules, which the parties agreed to in the Arbitration Policy, likewise states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." *See S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014) ("When the parties incorporated into the 2007 contract the rules of the Association, they clearly and unmistakably contracted to submit questions of arbitrability to an arbitrator.").

9

that such incorporation constitutes clear and unmistakable evidence of the parties' intent to delegate

that issue to the arbiter."); *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327,

1332 (11th Cir. 2005) ("By incorporating the AAA . . . into their agreement, the parties clearly and

unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid.").

### 3.   This Action Should be Dismissed or Stayed Pending Arbitration.

Under the FAA, a court should grant a motion to stay judicial proceedings after compelling

arbitration. *See* 9 U.S.C. § 3 (requiring court to issue a stay upon compelling arbitration).

Specifically, the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon
> any issue referable to arbitration under an agreement in writing for such arbitration,
> the court in which such suit is pending, upon being satisfied that the issue involved
> in such suit or proceeding is referable to arbitration under such an agreement, shall
> on application of one of the parties stay the trial of the action until such arbitration
> has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3 (emphasis added); *see also* Fla. Stat. § 682.03(6) (after motion to compel, court "on

just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the

arbitration until the court renders a final decision).   Courts around the country, however—

including several Circuit Courts of Appeal—have held that when all claims in an action are subject

to arbitration, a case may be dismissed rather than stayed. *See, e.g., Perera*, 914 F. Supp. 2d at

1289–90 (collecting cases). Indeed, the Eleventh Circuit has affirmed the dismissal of an entire

action where all claims were subject to arbitration. *Caley v. Gulfstream Aerospace Corp.*, 333 F.

Supp. 2d 1367, 1379 (N.D. Ga. 2004), *aff'd* 428 F.3d 1359 (11th Cir. 2005).  To that end, a number

of Courts in this District have dismissed complaints in their entirety when all of the claims were

subject to arbitration. *See Perera*, 914 F. Supp. 2d at 1290; *Amat v. Rey Pizza Corp.*, 204 F. Supp.

3d 1359, 1367–68 (S.D. Fla. 2016); *Hodgson v. NCL (Bahamas), Ltd.*, 151 F. Supp. 3d 1315, 136–

17 (S.D. Fla. 2015); *Kivisto v. Nat'l Football League Players Assoc.*, No. 10-24226-CIV, 2011

WL 335420, at \*2 (S.D. Fla. Jan. 31, 2011); *Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635, at \*9 (S.D. Fla. Mar. 26, 2003).

Here, for the reasons described above, all of Vital's claims against Ball Metal are subject to arbitration. Accordingly, Ball Metal respectfully requests that the Court dismiss Vital's Complaint, or stay all further proceedings against Ball Metal until Vital and Ball Metal complete arbitration. *See, e.g., GATX Mgmt. Servs., LLC v. Weakland*, 171 F. Supp. 2d 1159, 1167 (D. Colo. 2001) (granting motion to compel arbitration and staying claims pending arbitration); *Terminix Int'l Co.*, LP, 432 F.3d at 1333 (remanding with instructions for the district court to grant the motion to compel arbitration and stay the proceedings); *Serrano v. Tuition Options, LLC*, No.17-cv-24443, 2018 WL 3145809, at \*3 (S.D. Fla. June 27, 2018) (issuing a stay upon arbitration); *Shea v. BBVA Compass Bancshares, Inc.*, No. 1:12–cv–23324, 2013 WL 869526, at \*6 (S.D. Fla. March 7, 2013) (same).

## CONCLUSION

For the foregoing reasons, Ball Metal respectfully requests that the Court grant its motion to compel Vital to arbitrate its claim against Ball Metal in Denver, Colorado and dismiss the case or stay the case pending arbitration.

## CERTIFICATION REGARDING PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Ball Metal certifies that they have conferred with Vital's counsel via phone and e-mail in a good faith effort to resolve the issues raised in this Motion. At the time of the filing, the parties have been unable to reach an agreement with respect to the relief sought in the Motion.

11

Dated: November 11, 2020                          Respectfully submitted,

                                                  **STUMPHAUZER FOSLID SLOMAN
                                                  ROSS & KOLAYA, PLLC**
                                                  Two South Biscayne Boulevard
                                                  Suite 1600
                                                  Miami, FL 33131
                                                  Tel.: (305) 614-1400
                                                  Fax: (305) 614-1425

                                          By:     */s/ Ian M. Ross*
                                                  IAN M. ROSS
                                                  Florida Bar No. 091214
                                                  iross@sfslaw.com
                                                  TIMOTHY A. KOLAYA
                                                  Florida Bar No. 056140
                                                  tkolaya@sfslaw.com
                                                  JORGE A. PEREZ SANTIAGO
                                                  Florida Bar No. 91915
                                                  jperezsantiago@sfslaw.com
                                                  docketing@sfslaw.com

                                                  ***ATTORNEYS FOR DEFENDANT
                                                  BALL METAL BEVERAGE
                                                  CONTAINER CORP.***

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day November, 2020, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record via transmission of Notices of Electronic Filing

generated by CM/ECF.

/s/ *Ian M. Ross*
IAN M. ROSS

## SERVICE LIST

**NELSON, MULLINS, BROAD AND CASSEL**
Scott D. Knapp
Email: scott.knapp@nelsonmullins.com
William E. Baldwin
Email: william.baldwin@nelsonmullins.com
100 S.E. Third Ave., Suite 2700
Fort Lauderdale, FL 33394
Tel:    954.764.7060

*Counsel for Plaintiff*

## EXHIBIT 4

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

**Case No. 20-cv-62253-AMC**

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX and as BANG ENERGY, a
Florida corporation,

       Plaintiff,

vs.

BALL METAL BEVERAGE CONTAINER
CORP. d/b/a BALL METAL, a Colorado
Corporation,

       Defendant.

_____/

### JOINT MOTION TO STAY PROCEEDING PENDING ARBITRATION

Plaintiff, Vital Pharmaceuticals, Inc., and Defendant, Ball Metal Beverage Container Corp.

d/b/a Ball Metal, pursuant to Federal Rule of Civil Procedure 7(b), hereby move the Court for an

Order staying this action pending the resolution of arbitration.

On October 14, 2020, Plaintiff initiated this action in the Circuit Court for the Seventeenth

Judicial Circuit in and for Broward County; and, on November 4, 2020, Defendant removed the

action to this Court. *See* (DE 1), (DE 5). On November 11, 2020, Defendant moved to compel

arbitration under the Parties' written agreement, or to dismiss this action or stay this proceeding

pending arbitration. (DE 10).

A district court has broad discretion to manage its docket and to stay proceedings pending

the resolution of related proceedings in another forum. *See Moe's D&B, LLC v. Mama Fu's Noodle*

*H., Inc.*, 06-22659-CIV, 2008 WL 11407189, at *1 (S.D. Fla. Jan. 8, 2008) (citations omitted).

Without Plaintiff conceding that the subject of this litigation is arbitrable, Plaintiff and

Defendant have reached an agreement, in this case only, to pursue arbitration to resolve the dispute

between the parties. Thus, instead of expending the resources to respond in opposition to the arguments asserted in Defendant's pending motion to compel arbitration or to dismiss this action or stay this proceeding pending arbitration (DE 10), the Parties have reached the agreement set forth in this motion.

This request will not affect any trial dates or pretrial deadlines, because the Parties have only recently filed their Joint Conference Report and Proposed Pre-trial Deadlines (DE 13), and thus, the trial date and pre-trial deadlines have not yet been scheduled. A proposed Order granting this Motion is attached hereto.

## CONCLUSION

For the foregoing reasons, Plaintiff and Defendant request that the Court (1) grant, in part, Defendant's pending motion to compel arbitration or to dismiss this action or stay this proceeding pending arbitration (DE 10), and (2) stay this action and administratively close the case pending the resolution of arbitration.

<div align="right">

*/s/   Scott D. Knapp*
Scott D. Knapp
Florida Bar No. 016688
William E. Baldwin
Florida Bar No. 118072
Nelson Mullins Broad and Cassel
100 S.E. Third Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Phone: (954)764-7060 / Fax: (954)761-8135
Scott.Knapp@NelsonMullins.com
William.Baldwin@NelsonMullins.com
Traci.Lewis@NelsonMullins.com

*Counsel for Vital Pharmaceuticals, Inc. d/b/a Bang Energy*

</div>

2

*/s/ Ian M. Ross*
Ian M. Ross
Florida Bar No. 091214
Timothy A. Kolaya
Florida Bar No. 056140
Jorge A. Perez Santiago
Florida Bar No. 91915
Stumphauzer Foslid Sloman
Ross & Kolaya, PLLC
Two South Biscayne Boulevard, Suite 1600
Miami, FL 33131
Tel.: (305) 614-1400 / Fax: (305) 614-1425
iross@sfslaw.com
tkolaya@sfslaw.com
jperezsantiago@sfslaw.com
electronicservice@sfslaw.com

*Counsel for Defendant Ball Metal*
*Beverage Container Corp.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December 2020, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF, which will serve the foregoing by

transmission of a Notice of Electronic Filing generated by CM/ECF upon all counsel of record.

/s/ Scott D. Knapp
Scott D. Knapp

**SERVICE LIST**

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
Ian M. Ross
Timothy A. Kolaya
Jorge A. Perez Santiago
Two South Biscayne Boulevard
Suite 1600
Miami, FL 33131
Tel.: (305) 614-1400
Fax: (305) 614-1425
iross@sfslaw.com
tkolaya@sfslaw.com
jperezsantiago@sfslaw.com
*ATTORNEYS FOR DEFENDANT*
*BALL METAL BEVERAGE CONTAINER CORP.*

4

## EXHIBIT 5

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO. 20-62253-CIV-CANNON

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX and as BANG ENERGY, a
Florida Corporation,

      Plaintiff,

v.

BALL METAL BEVERAGE CONTAINER
CORP., d/b/a BALL METAL, a Colorado
Corporation,

      Defendant.

_____/

### ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Stay Proceedings

Pending Arbitration [ECF. No. 17]. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The above-styled action is administratively **CLOSED** without prejudice to the substantive rights of any parties.

2.    The parties are directed to a joint status report every sixty days (60) days following the submission of this Order to update the Court on the progression of their arbitration or within twenty (20) days of any award entered by the arbitrator.

3.    Any pending motions are **DENIED AS MOOT** and all deadlines are terminated.

4.    The Clerk is instructed to close this case for administrative purposes only.

**DONE AND ORDERED** in Fort Pierce, Florida, this 7th day of December, 2020.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All counsel of record

# EXHIBIT 6

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

**Case No. 20-cv-62253-AMC**

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX and as BANG ENERGY, a
Florida corporation,

       Plaintiff,

vs.

BALL METAL BEVERAGE CONTAINER
CORP. d/b/a BALL METAL, a Colorado
Corporation,

       Defendant.

_____/

### UPDATED JOINT STATUS REPORT

Plaintiff, Vital Pharmaceuticals, Inc. ("VPX"), and Defendant, Ball Metal Beverage

Container Corp. d/b/a Ball Metal ("Ball"), pursuant to Order Administratively Closing Case [DE

18], hereby file their Updated Joint Status Report stating as follows:

The dispute between the parties remains pending before the American Arbitration

Association. The panel consists of the following arbitrators: Hon. Jack W. Berryhill (ret.), Hon.

Robert D. Hawthorne (ret.) (chair), and Harold Bruno III.

A final hearing remains scheduled to commence January 23, 2023.

The Parties will promptly notify the Court upon the conclusion of the arbitration

proceedings.

/s/ *Scott D. Knapp*
Scott D. Knapp
Florida Bar No. 016688
Nelson Mullins Broad and Cassel
100 S.E. Third Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Phone: (954)764-7060 / Fax: (954)761-8135
Scott.Knapp@NelsonMullins.com
Traci.Lewis@NelsonMullins.com

*Counsel for Vital Pharmaceuticals, Inc.*
*d/b/a Bang Energy*

/s/ *Ian M. Ross*
Ian M. Ross
Florida Bar No. 091214
Sidley Austin LLP
1001 Brickell Bay, Suite 900
Miami, FL 33131
Tel.: (305) 391-5218 / Fax: (212) 839-5599
iross@sidley.com

*Counsel for Ball Metal Beverage Container*
*Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2022, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF, which will serve the foregoing by

transmission of a Notice of Electronic Filing generated by CM/ECF upon all counsel of record.

/s/ *Scott D. Knapp*
Scott D. Knapp

2

# EXHIBIT 7



| | | Vital Pharmaceuticals Statement 9/30/2022 |
|---|---|---|

| Customer | 518230 | Original past due | Past due + September 30 Interests |
|---|---|---|---|
| Due cans/ends | | $10,520,386.90 | 16,453,339.64 |
| aphics invoices | | $70,100.00 | $106,782.50 |
| Credit memos | | ($204,500.11) | ($204,500.11) |
| Open payments | | ($737,585.58) | ($737,585.58) |
| Balance owed | | $9,648,401.21 | $15,618,036.45 |

| Invoice | Invoice Date | Due Date | Days Late | Reference/PO |
|---|---|---|---|---|
| 2754293 | 6/17/2019 | 7/17/2019 | | 1171 4501785228 VPX PO#2869 |
| 2759184 | 6/23/2019 | 7/23/2019 | 1165 | 4501161627 |
| 2759184 | 6/23/2019 | 7/23/2019 | 1165 | 4501161624 |
| 2848999 | 8/6/2019 | 8/6/2019 | 1151 | 4311 |
| 2848999 | 8/6/2019 | 8/6/2019 | 1151 | 4311 |
| 2834518 | 8/14/2019 | 8/14/2019 | 1143 | 3930 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4272 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4272 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4272 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4272 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4272 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4311 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4311 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4311 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4311 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 4311 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 3929 |
| 2778715 | 7/8/2019 | 8/22/2019 | 1135 | 3929 |
| 2786298 | 7/14/2019 | 8/28/2019 | 1129 | 4501149672 |
| 2786298 | 7/14/2019 | 8/28/2019 | 1129 | 4501161642 |
| 2786298 | 7/14/2019 | 8/28/2019 | 1129 | 4501161644 |
| 2787935 | 7/15/2019 | 8/29/2019 | 1128 | 3642 |
| 2787935 | 7/15/2019 | 8/29/2019 | 1128 | 3642 |
| 2787935 | 7/15/2019 | 8/29/2019 | 1128 | 3642 |
| 2787935 | 7/15/2019 | 8/29/2019 | 1128 | 3642 |
| 2789596 | 7/16/2019 | 8/30/2019 | 1127 | 4342 |
| 2789596 | 7/16/2019 | 8/30/2019 | 1127 | 4342 |
| 2792652 | 7/18/2019 | 9/1/2019 | 1125 | 4311 |
| 2792652 | 7/18/2019 | 9/1/2019 | 1125 | 4311 |
| 2792652 | 7/18/2019 | 9/1/2019 | 1125 | 4311 |
| 2792652 | 7/18/2019 | 9/1/2019 | 1125 | 4501186262 |
| 2792652 | 7/18/2019 | 9/1/2019 | 1125 | 4501186273 |
| 2792652 | 7/18/2019 | 9/1/2019 | 1125 | 4501186268 |
| 2792652 | 7/18/2019 | 9/1/2019 | 1125 | 4501186258 |
| 2792651 | 7/18/2019 | 9/1/2019 | 1125 | 4342 |
| 2792651 | 7/18/2019 | 9/1/2019 | 1125 | 4342 |
| 2792651 | 7/18/2019 | 9/1/2019 | 1125 | 4342 |
| 2792653 | 7/18/2019 | 9/1/2019 | 1125 | 3642 |
| 2793861 | 7/19/2019 | 9/2/2019 | 1124 | 3642 |
| 2793860 | 7/19/2019 | 9/2/2019 | 1124 | 4311 |
| 2793859 | 7/19/2019 | 9/2/2019 | 1124 | 4342 |
| 2793859 | 7/19/2019 | 9/2/2019 | 1124 | 4342 |
| 2793859 | 7/19/2019 | 9/2/2019 | 1124 | 4342 |
| 2793860 | 7/19/2019 | 9/2/2019 | 1124 | 4490 |
| 2793860 | 7/19/2019 | 9/2/2019 | 1124 | 4490 |
| 2803215 | 7/26/2019 | 9/9/2019 | 1117 | PO4365 |
| 2804899 | 7/28/2019 | 9/11/2019 | 1115 | 4501161646 |
| 2806584 | 7/29/2019 | 9/12/2019 | 1114 | 4002 |
| 2806584 | 7/29/2019 | 9/12/2019 | 1114 | 4002 |
| 2806584 | 7/29/2019 | 9/12/2019 | 1114 | 4002 |
| 2808484 | 7/30/2019 | 9/13/2019 | 1113 | PO4365 |
| 2808484 | 7/30/2019 | 9/13/2019 | 1113 | PO4365 |
| 2808484 | 7/30/2019 | 9/13/2019 | 1113 | PO4365 |
| 2808485 | 7/30/2019 | 9/13/2019 | 1113 | 4002 |
| 2808485 | 7/30/2019 | 9/13/2019 | 1113 | 4002 |
| 2810287 | 7/31/2019 | 9/14/2019 | 1112 | 3916 |
| 2808798 | 7/31/2019 | 9/14/2019 | 1112 NA | |
| 2810289 | 7/31/2019 | 9/14/2019 | 1112 | PO4365 |
| 2810290 | 7/31/2019 | 9/14/2019 | 1112 | 4002 |
| 2810290 | 7/31/2019 | 9/14/2019 | 1112 | 4002 |
| 2810288 | 7/31/2019 | 9/14/2019 | 1112 | 3916 |
| 2811805 | 8/1/2019 | 9/15/2019 | 1111 | PO4365 |
| 2811805 | 8/1/2019 | 9/15/2019 | 1111 | PO4365 |
| 2811806 | 8/1/2019 | 9/15/2019 | 1111 | 4002 |
| 2817626 | 8/2/2019 | 9/16/2019 | 1110 | 4574 |
| 2812900 | 8/2/2019 | 9/16/2019 | 1110 | 4002 |
| 2812900 | 8/2/2019 | 9/16/2019 | 1110 | 4002 |
| 2812900 | 8/2/2019 | 9/16/2019 | 1110 | 4002 |
| 2812900 | 8/2/2019 | 9/16/2019 | 1110 | 4002 |
| 2813747 | 8/3/2019 | 9/17/2019 | 1109 | 4272 |
| 2813747 | 8/3/2019 | 9/17/2019 | 1109 | 4272 |
| 2813745 | 8/3/2019 | 9/17/2019 | 1109 | 4002 |
| 2813745 | 8/3/2019 | 9/17/2019 | 1109 | 4002 |
| 2813745 | 8/3/2019 | 9/17/2019 | 1109 | 4002 |
| 2814449 | 8/4/2019 | 9/18/2019 | 1108 | 4359 |
| 2815847 | 8/5/2019 | 9/19/2019 | 1107 | 4542 |
| 2815845 | 8/5/2019 | 9/19/2019 | 1107 | 4359 |
| 2815845 | 8/5/2019 | 9/19/2019 | 1107 | 4002 |
| 2815845 | 8/5/2019 | 9/19/2019 | 1107 | 4002 |
| 2817628 | 8/6/2019 | 9/20/2019 | 1106 | 4618 |
| 2817630 | 8/6/2019 | 9/20/2019 | 1106 | 4581 |
| 2817628 | 8/6/2019 | 9/20/2019 | 1106 | 4618 |

| # Shipment | Amount | Monthly interest | Months arrears | September 30th 2022 Interests |
|---|---|---|---|---|
| 4847416 | 200,510.08 | 3,007.65 | 40.00 | 320,816.13 |
| 5044026 | 20,365.31 | 305.48 | 40.00 | 32,584.50 |
| 5044032 | 20,365.31 | 305.48 | 40.00 | 32,584.50 |
| 5189267 | (20,593.97) | | | |
| 5189268 | (20,593.97) | | | |
| 5210384 | (24,203.58) | | | |
| 5114732 | 20,185.92 | 302.79 | 39.00 | 31,994.68 |
| 5114733 | 20,185.92 | 302.79 | 39.00 | 31,994.68 |
| 5114734 | 20,185.92 | 302.79 | 39.00 | 31,994.68 |
| 5114735 | 20,185.92 | 302.79 | 39.00 | 31,994.68 |
| 5114731 | 20,185.93 | 302.79 | 39.00 | 31,994.70 |
| 5123184 | 20,593.97 | 308.91 | 39.00 | 32,641.44 |
| 5123187 | 20,593.97 | 308.91 | 39.00 | 32,641.44 |
| 5123192 | 20,593.97 | 308.91 | 39.00 | 32,641.44 |
| 5123200 | 20,593.98 | 308.91 | 39.00 | 32,641.46 |
| 5123202 | 20,593.98 | 308.91 | 39.00 | 32,641.46 |
| 5124530 | 21,122.70 | 316.84 | 39.00 | 33,479.48 |
| 5124535 | 21,122.70 | 316.84 | 39.00 | 33,479.48 |
| 5011084 | 20,365.30 | 305.48 | 39.00 | 32,279.00 |
| 5044011 | 20,365.30 | 305.48 | 39.00 | 32,279.00 |
| 5044009 | 20,365.31 | 305.48 | 39.00 | 32,279.02 |
| 5125687 | 23,430.25 | 351.45 | 39.00 | 37,136.95 |
| 5125688 | 23,430.25 | 351.45 | 39.00 | 37,136.95 |
| 5125689 | 23,430.25 | 351.45 | 39.00 | 37,136.95 |
| 5125692 | 23,430.25 | 351.45 | 39.00 | 37,136.95 |
| 5122882 | 23,098.81 | 346.48 | 39.00 | 36,611.61 |
| 5122871 | 23,098.82 | 346.48 | 39.00 | 36,611.63 |
| 5138892 | 20,593.97 | 308.91 | 38.00 | 32,332.53 |
| 5138894 | 20,593.97 | 308.91 | 38.00 | 32,332.53 |
| 5138647 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5138778 | 21,121.14 | 316.82 | 38.00 | 33,160.19 |
| 5138775 | 21,121.15 | 316.82 | 38.00 | 33,160.21 |
| 5138776 | 21,121.15 | 316.82 | 38.00 | 33,160.21 |
| 5138779 | 21,121.16 | 316.82 | 38.00 | 33,160.22 |
| 5120842 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5124091 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5123279 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5125686 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5125677 | 18,744.20 | 281.16 | 38.00 | 29,428.39 |
| 5138898 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5136535 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5120837 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5138695 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5141145 | 23,573.79 | 353.61 | 38.00 | 37,010.85 |
| 5141142 | 23,573.80 | 353.61 | 38.00 | 37,010.87 |
| 5155001 | 930.30 | 13.95 | 38.00 | 1,460.57 |
| 5044007 | 20,365.31 | 305.48 | 38.00 | 31,973.54 |
| 5155162 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5155211 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5155214 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5154997 | 23,257.53 | 348.86 | 38.00 | 36,514.32 |
| 5155000 | 23,257.53 | 348.86 | 38.00 | 36,514.32 |
| 5154998 | 23,257.54 | 348.86 | 38.00 | 36,514.34 |
| 5155165 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5155208 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5100443 | 1,000.07 | 15.00 | 38.00 | 1,570.11 |
| | 1,200.00 | 18.00 | 38.00 | 1,884.00 |
| 5155144 | 23,257.53 | 348.86 | 38.00 | 36,514.32 |
| 5155207 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5155210 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5100443 | 24,001.73 | 360.03 | 38.00 | 37,682.72 |
| 5169463 | 23,257.53 | 348.86 | 38.00 | 36,514.32 |
| 5155125 | 23,257.54 | 348.86 | 38.00 | 36,514.34 |
| 5153060 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5168334 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5153057 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5153058 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5155204 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5155206 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5179892 | 20,185.92 | 302.79 | 38.00 | 31,691.89 |
| 5179891 | 22,938.55 | 344.08 | 38.00 | 36,013.52 |
| 5153054 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5153055 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5153056 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5153059 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5172969 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5153053 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165232 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165234 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5184058 | 16,515.75 | 247.74 | 38.00 | 25,929.73 |
| 5192223 | 20,171.99 | 302.58 | 38.00 | 31,670.02 |
| 5184057 | 20,185.92 | 302.79 | 38.00 | 31,691.89 |

| | | | | |
|---|---|---|---|---|
| 2817628 | 8/6/2019 | 9/20/2019 | 1106 | 4618 |
| 2817628 | 8/6/2019 | 9/20/2019 | 1106 | 4618 |
| 2819038 | 8/6/2019 | 9/20/2019 | 1106 | 4574 |
| 2817627 | 8/6/2019 | 9/20/2019 | 1106 | 4542 |
| 2817627 | 8/6/2019 | 9/20/2019 | 1106 | 4542 |
| 2817627 | 8/6/2019 | 9/20/2019 | 1106 | 4542 |
| 2817627 | 8/6/2019 | 9/20/2019 | 1106 | 4542 |
| 2817627 | 8/6/2019 | 9/20/2019 | 1106 | 4542 |
| 2819037 | 8/6/2019 | 9/20/2019 | 1106 | 4574 |
| 2819037 | 8/6/2019 | 9/20/2019 | 1106 | 4574 |
| 2819037 | 8/6/2019 | 9/20/2019 | 1106 | 4574 |
| 2819038 | 8/6/2019 | 9/20/2019 | 1106 | 4574 |
| 2819038 | 8/6/2019 | 9/20/2019 | 1106 | 4574 |
| 2817624 | 8/6/2019 | 9/20/2019 | 1106 | 4002 |
| 2817624 | 8/6/2019 | 9/20/2019 | 1106 | 4002 |
| 2817624 | 8/6/2019 | 9/20/2019 | 1106 | 4002 |
| 2817624 | 8/6/2019 | 9/20/2019 | 1106 | 4002 |
| 2819037 | 8/7/2019 | 9/21/2019 | 1105 | 4574 |
| 2820412 | 8/7/2019 | 9/21/2019 | 1105 | 4581 |
| 2819041 | 8/7/2019 | 9/21/2019 | 1105 | 4618 |
| 2819041 | 8/7/2019 | 9/21/2019 | 1105 | 4618 |
| 2819041 | 8/7/2019 | 9/21/2019 | 1105 | 4618 |
| 2819040 | 8/7/2019 | 9/21/2019 | 1105 | 4618 |
| 2819041 | 8/7/2019 | 9/21/2019 | 1105 | 4618 |
| 2819041 | 8/7/2019 | 9/21/2019 | 1105 | 4618 |
| 2819039 | 8/7/2019 | 9/21/2019 | 1105 | 3929 |
| 2819039 | 8/7/2019 | 9/21/2019 | 1105 | 4542 |
| 2819039 | 8/7/2019 | 9/21/2019 | 1105 | 4542 |
| 2820411 | 8/8/2019 | 9/22/2019 | 1104 | 4581 |
| 2820411 | 8/8/2019 | 9/22/2019 | 1104 | 4581 |
| 2820411 | 8/8/2019 | 9/22/2019 | 1104 | 4581 |
| 2820411 | 8/8/2019 | 9/22/2019 | 1104 | 4581 |
| 2820407 | 8/8/2019 | 9/22/2019 | 1104 | 3929 |
| 2820409 | 8/8/2019 | 9/22/2019 | 1104 | 4542 |
| 2820409 | 8/8/2019 | 9/22/2019 | 1104 | 4542 |
| 2820408 | 8/8/2019 | 9/22/2019 | 1104 | 4574 |
| 2820408 | 8/8/2019 | 9/22/2019 | 1104 | 4574 |
| 2820408 | 8/8/2019 | 9/22/2019 | 1104 | 4574 |
| 2820408 | 8/8/2019 | 9/22/2019 | 1104 | 4574 |
| 2820408 | 8/8/2019 | 9/22/2019 | 1104 | 4574 |
| 2820408 | 8/8/2019 | 9/22/2019 | 1104 | 4574 |
| 2821769 | 8/9/2019 | 9/23/2019 | 1103 | 4581 |
| 2821767 | 8/9/2019 | 9/23/2019 | 1103 | 3929 |
| 2821767 | 8/9/2019 | 9/23/2019 | 1103 | 3929 |
| 2821765 | 8/9/2019 | 9/23/2019 | 1103 | 4542 |
| 2821764 | 8/9/2019 | 9/23/2019 | 1103 | 4574 |
| 2821764 | 8/9/2019 | 9/23/2019 | 1103 | 4574 |
| 2821764 | 8/9/2019 | 9/23/2019 | 1103 | 4574 |
| 2821764 | 8/9/2019 | 9/23/2019 | 1103 | 4574 |
| 2821763 | 8/9/2019 | 9/23/2019 | 1103 | 4002 |
| 2821763 | 8/9/2019 | 9/23/2019 | 1103 | 4002 |
| 2821763 | 8/9/2019 | 9/23/2019 | 1103 | 4002 |
| 2821763 | 8/9/2019 | 9/23/2019 | 1103 | 4002 |
| 2821763 | 8/9/2019 | 9/23/2019 | 1103 | 4002 |
| 2821763 | 8/9/2019 | 9/23/2019 | 1103 | 4002 |
| 2822692 | 8/10/2019 | 9/24/2019 | 1102 | 4501161647 |
| 2822693 | 8/10/2019 | 9/24/2019 | 1102 | 4501184796 |
| 2822695 | 8/10/2019 | 9/24/2019 | 1102 | 4542 |
| 2822695 | 8/10/2019 | 9/24/2019 | 1102 | 4542 |
| 2822695 | 8/10/2019 | 9/24/2019 | 1102 | 4542 |
| 2822697 | 8/10/2019 | 9/24/2019 | 1102 | 4581 |
| 2822697 | 8/10/2019 | 9/24/2019 | 1102 | 4581 |
| 2822694 | 8/10/2019 | 9/24/2019 | 1102 | 4574 |
| 2823512 | 8/11/2019 | 9/25/2019 | 1101 | 4501184799 |
| 2823512 | 8/11/2019 | 9/25/2019 | 1101 | 4501184798 |
| 2823515 | 8/11/2019 | 9/25/2019 | 1101 | 4542 |
| 2823517 | 8/11/2019 | 9/25/2019 | 1101 | 4581 |
| 2823514 | 8/11/2019 | 9/25/2019 | 1101 | 4574 |
| 2823514 | 8/11/2019 | 9/25/2019 | 1101 | 4574 |
| 2823514 | 8/11/2019 | 9/25/2019 | 1101 | 4574 |
| 2823513 | 8/11/2019 | 9/25/2019 | 1101 | 4002 |
| 2823513 | 8/11/2019 | 9/25/2019 | 1101 | 4002 |
| 2825083 | 8/12/2019 | 9/26/2019 | 1100 | 3929 |
| 2825083 | 8/12/2019 | 9/26/2019 | 1100 | 3929 |
| 2825083 | 8/12/2019 | 9/26/2019 | 1100 | 3929 |
| 2825083 | 8/12/2019 | 9/26/2019 | 1100 | 3929 |
| 2825083 | 8/12/2019 | 9/26/2019 | 1100 | 3929 |
| 2825083 | 8/12/2019 | 9/26/2019 | 1100 | 3929 |
| 2825083 | 8/12/2019 | 9/26/2019 | 1100 | 3929 |
| 2825088 | 8/12/2019 | 9/26/2019 | 1100 | 4542 |
| 2825088 | 8/12/2019 | 9/26/2019 | 1100 | 4542 |
| 2825088 | 8/12/2019 | 9/26/2019 | 1100 | 4542 |
| 2825088 | 8/12/2019 | 9/26/2019 | 1100 | 4542 |
| 2825087 | 8/12/2019 | 9/26/2019 | 1100 | 4574 |
| 2825087 | 8/12/2019 | 9/26/2019 | 1100 | 4574 |
| 2825087 | 8/12/2019 | 9/26/2019 | 1100 | 4574 |
| 2825087 | 8/12/2019 | 9/26/2019 | 1100 | 4574 |
| 2825087 | 8/12/2019 | 9/26/2019 | 1100 | 4574 |
| 2825087 | 8/12/2019 | 9/26/2019 | 1100 | 4574 |
| 2825087 | 8/12/2019 | 9/26/2019 | 1100 | 4574 |
| 2825084 | 8/12/2019 | 9/26/2019 | 1100 | 4002 |
| 2826807 | 8/13/2019 | 9/27/2019 | 1099 | 4581 |
| 2829871 | 8/13/2019 | 9/27/2019 | 1099 | 4002 |
| 2828972 | 8/13/2019 | 9/27/2019 | 1099 | 4002 |
| 2826808 | 8/13/2019 | 9/27/2019 | 1099 | 4581 |

| | | | | |
|---|---|---|---|---|
| 5175074 | 20,185.93 | 302.79 | 38.00 | 31,691.91 |
| 5175075 | 20,185.93 | 302.79 | 38.00 | 31,691.91 |
| 5167148 | 21,250.90 | 318.76 | 38.00 | 33,363.91 |
| 5172962 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172965 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172966 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172967 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172970 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5168319 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168342 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168345 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5167149 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168300 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5153048 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5153052 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165233 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165237 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5167148 | 1,847.91 | 27.72 | 38.00 | 2,901.22 |
| 5192271 | 20,171.98 | 302.58 | 38.00 | 31,670.01 |
| 5175069 | 20,185.92 | 302.79 | 38.00 | 31,691.89 |
| 5184055 | 20,185.92 | 302.79 | 38.00 | 31,691.89 |
| 5184056 | 20,185.92 | 302.79 | 38.00 | 31,691.89 |
| 5175066 | 20,185.93 | 302.79 | 38.00 | 31,691.91 |
| 5175067 | 20,185.93 | 302.79 | 38.00 | 31,691.91 |
| 5175068 | 20,185.93 | 302.79 | 38.00 | 31,691.91 |
| 5187749 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5172959 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172964 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172957 | 21,776.23 | 326.64 | 38.00 | 34,188.68 |
| 5192268 | 20,171.98 | 302.58 | 38.00 | 31,670.01 |
| 5192269 | 20,171.98 | 302.58 | 38.00 | 31,670.02 |
| 5192267 | 20,171.99 | 302.58 | 38.00 | 31,670.02 |
| 5192270 | 20,171.99 | 302.58 | 38.00 | 31,670.02 |
| 5152589 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5172960 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172963 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5168335 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5168294 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168297 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168298 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168337 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168339 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5192266 | 20,171.99 | 302.58 | 38.00 | 31,670.02 |
| 5187759 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5187766 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5172956 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5168295 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5168296 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168299 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5168390 | 23,098.84 | 346.48 | 38.00 | 36,265.18 |
| 5153044 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165228 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165230 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165231 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165236 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165238 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5044005 | 20,365.32 | 305.48 | 38.00 | 31,973.55 |
| 5135743 | 20,365.32 | 305.48 | 38.00 | 31,973.55 |
| 5172951 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172953 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172954 | 21,776.23 | 326.64 | 38.00 | 34,188.68 |
| 5193570 | 23,014.79 | 345.22 | 38.00 | 36,133.22 |
| 5193571 | 23,014.79 | 345.22 | 38.00 | 36,133.22 |
| 5195362 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5135741 | 20,365.31 | 305.48 | 38.00 | 31,973.54 |
| 5135742 | 20,365.31 | 305.48 | 38.00 | 31,973.54 |
| 5172952 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5193569 | 23,014.80 | 345.22 | 38.00 | 36,133.24 |
| 5195319 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5195315 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195360 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5165227 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165229 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5152575 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5152577 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5152578 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5152580 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5152581 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5152583 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157146 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5187784 | 21,122.71 | 316.84 | 38.00 | 33,162.65 |
| 5172948 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172949 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172950 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172943 | 21,776.23 | 326.64 | 38.00 | 34,188.68 |
| 5195314 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195316 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195345 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195350 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195351 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195352 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195354 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195361 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5165224 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5192258 | 806.88 | 12.10 | 38.00 | 1,266.80 |
| 5165221 | 5,623.26 | 84.35 | 38.00 | 8,828.52 |
| 5165221 | 17,806.99 | 267.10 | 38.00 | 27,956.97 |
| 5192258 | 19,365.10 | 290.48 | 38.00 | 30,403.21 |

| | | | | |
|---|---|---|---|---|
| 2826803 | 8/13/2019 | 9/27/2019 | 1099 | 4556 |
| 2826803 | 8/13/2019 | 9/27/2019 | 1099 | 4556 |
| 2826803 | 8/13/2019 | 9/27/2019 | 1099 | 3929 |
| 2826803 | 8/13/2019 | 9/27/2019 | 1099 | 3929 |
| 2826803 | 8/13/2019 | 9/27/2019 | 1099 | 3929 |
| 2826803 | 8/13/2019 | 9/27/2019 | 1099 | 3929 |
| 2826804 | 8/13/2019 | 9/27/2019 | 1099 | 4542 |
| 2826804 | 8/13/2019 | 9/27/2019 | 1099 | 4542 |
| 2829872 | 8/13/2019 | 9/27/2019 | 1099 | 4002 |
| 2829872 | 8/13/2019 | 9/27/2019 | 1099 | 4002 |
| 2829872 | 8/13/2019 | 9/27/2019 | 1099 | 4002 |
| 2829872 | 8/13/2019 | 9/27/2019 | 1099 | 4002 |
| 2984680 | 9/27/2019 | 9/27/2019 | 1099 NA | |
| 2828381 | 8/14/2019 | 9/28/2019 | 1098 | 4581 |
| 2828381 | 8/14/2019 | 9/28/2019 | 1098 | 4581 |
| 2828381 | 8/14/2019 | 9/28/2019 | 1098 | 4581 |
| 2828381 | 8/14/2019 | 9/28/2019 | 1098 | 4581 |
| 2828381 | 8/14/2019 | 9/28/2019 | 1098 | 4581 |
| 2828381 | 8/14/2019 | 9/28/2019 | 1098 | 4581 |
| 2828381 | 8/14/2019 | 9/28/2019 | 1098 | 4581 |
| 2828376 | 8/14/2019 | 9/28/2019 | 1098 | 4556 |
| 2828376 | 8/14/2019 | 9/28/2019 | 1098 | 3929 |
| 2828376 | 8/14/2019 | 9/28/2019 | 1098 | 3929 |
| 2828376 | 8/14/2019 | 9/28/2019 | 1098 | 3929 |
| 2828376 | 8/14/2019 | 9/28/2019 | 1098 | 3929 |
| 2828378 | 8/14/2019 | 9/28/2019 | 1098 | 4542 |
| 2828378 | 8/14/2019 | 9/28/2019 | 1098 | 4542 |
| 2828378 | 8/14/2019 | 9/28/2019 | 1098 | 4542 |
| 2828378 | 8/14/2019 | 9/28/2019 | 1098 | 4542 |
| 2828378 | 8/14/2019 | 9/28/2019 | 1098 | 4542 |
| 2828377 | 8/14/2019 | 9/28/2019 | 1098 | 4574 |
| 2828377 | 8/14/2019 | 9/28/2019 | 1098 | 4574 |
| 2828377 | 8/14/2019 | 9/28/2019 | 1098 | 4574 |
| 2829877 | 8/15/2019 | 9/29/2019 | 1097 | 4581 |
| 2830136 | 8/15/2019 | 9/29/2019 | 1097 | 4556 |
| 2830136 | 8/15/2019 | 9/29/2019 | 1097 | 4556 |
| 2830136 | 8/15/2019 | 9/29/2019 | 1097 | 4556 |
| 2830136 | 8/15/2019 | 9/29/2019 | 1097 | 4556 |
| 2830136 | 8/15/2019 | 9/29/2019 | 1097 | 4556 |
| 2830136 | 8/15/2019 | 9/29/2019 | 1097 | 4556 |
| 2829874 | 8/15/2019 | 9/29/2019 | 1097 | 4542 |
| 2829874 | 8/15/2019 | 9/29/2019 | 1097 | 4542 |
| 2829874 | 8/15/2019 | 9/29/2019 | 1097 | 4542 |
| 2829874 | 8/15/2019 | 9/29/2019 | 1097 | 4542 |
| 2829874 | 8/15/2019 | 9/29/2019 | 1097 | 4542 |
| 2829873 | 8/15/2019 | 9/29/2019 | 1097 | 4574 |
| 2829873 | 8/15/2019 | 9/29/2019 | 1097 | 4574 |
| 2829873 | 8/15/2019 | 9/29/2019 | 1097 | 4574 |
| 2829873 | 8/15/2019 | 9/29/2019 | 1097 | 4574 |
| 2829873 | 8/15/2019 | 9/29/2019 | 1097 | 4574 |
| 2829879 | 8/15/2019 | 9/29/2019 | 1097 | 4582 |
| 2829880 | 8/15/2019 | 9/29/2019 | 1097 | 4582 |
| 2831193 | 8/16/2019 | 9/30/2019 | 1096 | 4556 |
| 2831193 | 8/16/2019 | 9/30/2019 | 1096 | 4556 |
| 2831193 | 8/16/2019 | 9/30/2019 | 1096 | 4556 |
| 2831193 | 8/16/2019 | 9/30/2019 | 1096 | 4556 |
| 2831193 | 8/16/2019 | 9/30/2019 | 1096 | 3929 |
| 2831198 | 8/16/2019 | 9/30/2019 | 1096 | 4582 |
| 2831195 | 8/16/2019 | 9/30/2019 | 1096 | 4574 |
| 2831195 | 8/16/2019 | 9/30/2019 | 1096 | 4574 |
| 2831195 | 8/16/2019 | 9/30/2019 | 1096 | 4574 |
| 2831195 | 8/16/2019 | 9/30/2019 | 1096 | 4574 |
| 2831195 | 8/16/2019 | 9/30/2019 | 1096 | 4574 |
| 2831195 | 8/16/2019 | 9/30/2019 | 1096 | 4574 |
| 2831194 | 8/16/2019 | 9/30/2019 | 1096 | 4002 |
| 2831194 | 8/16/2019 | 9/30/2019 | 1096 | 4002 |
| 2831194 | 8/16/2019 | 9/30/2019 | 1096 | 4002 |
| 2831198 | 8/16/2019 | 9/30/2019 | 1096 | 4582 |
| 2831198 | 8/16/2019 | 9/30/2019 | 1096 | 4582 |
| 2831198 | 8/16/2019 | 9/30/2019 | 1096 | 4582 |
| 2832135 | 8/17/2019 | 10/1/2019 | 1095 | 4581 |
| 2832132 | 8/17/2019 | 10/1/2019 | 1095 | 4542 |
| 2832132 | 8/17/2019 | 10/1/2019 | 1095 | 4542 |
| 2832132 | 8/17/2019 | 10/1/2019 | 1095 | 4542 |
| 2832132 | 8/17/2019 | 10/1/2019 | 1095 | 4542 |
| 2832132 | 8/17/2019 | 10/1/2019 | 1095 | 4542 |
| 2832131 | 8/17/2019 | 10/1/2019 | 1095 | 4574 |
| 2832131 | 8/17/2019 | 10/1/2019 | 1095 | 4574 |
| 2832131 | 8/17/2019 | 10/1/2019 | 1095 | 4574 |
| 2832131 | 8/17/2019 | 10/1/2019 | 1095 | 4574 |
| 2832131 | 8/17/2019 | 10/1/2019 | 1095 | 4574 |
| 2832131 | 8/17/2019 | 10/1/2019 | 1095 | 4574 |
| 2832130 | 8/17/2019 | 10/1/2019 | 1095 | 4359 |
| 2832130 | 8/17/2019 | 10/1/2019 | 1095 | 4359 |
| 2832130 | 8/17/2019 | 10/1/2019 | 1095 | 4002 |
| 2832133 | 8/17/2019 | 10/1/2019 | 1095 | 4654 |
| 2832133 | 8/17/2019 | 10/1/2019 | 1095 | 4654 |
| 2832904 | 8/18/2019 | 10/2/2019 | 1094 | 4542 |
| 2832905 | 8/18/2019 | 10/2/2019 | 1094 | 4542 |
| 2832903 | 8/18/2019 | 10/2/2019 | 1094 | 4574 |
| 2832903 | 8/18/2019 | 10/2/2019 | 1094 | 4574 |
| 2832906 | 8/18/2019 | 10/2/2019 | 1094 | 4359 |

| | | | | |
|---|---|---|---|---|
| 5204724 | 20,593.97 | 308.91 | 38.00 | 32,332.53 |
| 5204723 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5196136 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157141 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157142 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157143 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157144 | 21,122.71 | 316.84 | 38.00 | 33,162.65 |
| 5187832 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187834 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5165222 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165223 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165225 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165226 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| | (96,372.62) | | | |
| 5192254 | 5,648.16 | 84.72 | 38.00 | 8,867.61 |
| 5192253 | 14,523.83 | 217.86 | 38.00 | 22,802.41 |
| 5192255 | 20,171.98 | 302.58 | 38.00 | 31,670.01 |
| 5192256 | 20,171.98 | 302.58 | 38.00 | 31,670.01 |
| 5192239 | 20,171.99 | 302.58 | 38.00 | 31,670.02 |
| 5192259 | 20,171.99 | 302.58 | 38.00 | 31,670.02 |
| 5192260 | 20,171.99 | 302.58 | 38.00 | 31,670.02 |
| 5204722 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5157137 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157139 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157140 | 21,122.70 | 316.84 | 38.00 | 33,162.64 |
| 5157138 | 21,122.71 | 316.84 | 38.00 | 33,162.65 |
| 5172926 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187837 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187839 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187840 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187842 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187836 | 21,776.23 | 326.64 | 38.00 | 34,188.68 |
| 5195333 | 23,098.81 | 346.48 | 38.00 | 36,265.11 |
| 5195342 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195346 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5192252 | 20,171.98 | 302.58 | 38.00 | 31,670.01 |
| 5204719 | 20,593.97 | 308.91 | 38.00 | 32,332.53 |
| 5204720 | 20,593.97 | 308.91 | 38.00 | 32,332.53 |
| 5204721 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5204726 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5204727 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5204728 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5172923 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172924 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5172925 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187843 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187845 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5187846 | 21,776.22 | 326.64 | 38.00 | 34,188.67 |
| 5195353 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5195358 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5195337 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195338 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195339 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5209616 | 24,203.58 | 363.05 | 38.00 | 37,999.62 |
| 5209623 | 24,203.58 | 363.05 | 38.00 | 37,999.62 |
| 5204725 | 19,657.89 | 294.87 | 38.00 | 30,862.89 |
| 5219752 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5219753 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5219754 | 20,593.98 | 308.91 | 38.00 | 32,332.55 |
| 5152560 | 21,122.71 | 316.84 | 38.00 | 33,162.65 |
| 5209619 | 21,299.15 | 319.49 | 38.00 | 33,439.67 |
| 5195332 | 23,098.81 | 346.48 | 38.00 | 36,265.13 |
| 5195335 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195336 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195343 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195347 | 23,098.82 | 346.48 | 38.00 | 36,265.15 |
| 5195334 | 23,098.83 | 346.48 | 38.00 | 36,265.16 |
| 5165217 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165218 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5165220 | 23,430.25 | 351.45 | 38.00 | 36,785.49 |
| 5209614 | 24,203.58 | 363.05 | 38.00 | 37,999.62 |
| 5209615 | 24,203.58 | 363.05 | 38.00 | 37,999.62 |
| 5209621 | 24,203.58 | 363.05 | 38.00 | 37,999.62 |
| 5209622 | 24,203.58 | 363.05 | 38.00 | 37,999.62 |
| 5209658 | 12,888.28 | 193.32 | 37.00 | 20,041.28 |
| 5172917 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 5172919 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 5172922 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 5172918 | 21,776.23 | 326.64 | 37.00 | 33,862.04 |
| 5219617 | 21,776.23 | 326.64 | 37.00 | 33,862.04 |
| 5213916 | 23,098.75 | 346.48 | 37.00 | 35,918.56 |
| 5195344 | 23,098.81 | 346.48 | 37.00 | 35,918.67 |
| 5195322 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 5195331 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 5195341 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 5195327 | 23,098.83 | 346.48 | 37.00 | 35,918.68 |
| 5195329 | 23,098.83 | 346.48 | 37.00 | 35,918.68 |
| 5187744 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 5187747 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 5187769 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 5165219 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 5192489 | 23,573.80 | 353.61 | 37.00 | 36,657.26 |
| 5192924 | 23,573.82 | 353.61 | 37.00 | 36,657.29 |
| 5172921 | 871.05 | 13.07 | 37.00 | 1,354.48 |
| 5172921 | 20,905.17 | 313.58 | 37.00 | 32,507.54 |
| 5195325 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 5195330 | 23,098.83 | 346.48 | 37.00 | 35,918.68 |
| 5187751 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2832906 | 8/18/2019 | 10/2/2019 | 1094 | 4359 | 5187760 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2834507 | 8/19/2019 | 10/3/2019 | 1093 | 4581 | 5192247 | 20,171.98 | 302.58 | 37.00 | 31,367.43 |
| 2834507 | 8/19/2019 | 10/3/2019 | 1093 | 4581 | 5192248 | 20,171.98 | 302.58 | 37.00 | 31,367.43 |
| 2834507 | 8/19/2019 | 10/3/2019 | 1093 | 4581 | 5192249 | 20,171.98 | 302.58 | 37.00 | 31,367.43 |
| 2834507 | 8/19/2019 | 10/3/2019 | 1093 | 4581 | 5192250 | 20,171.98 | 302.58 | 37.00 | 31,367.43 |
| 2834508 | 8/19/2019 | 10/3/2019 | 1093 | 4618 | 5192251 | 20,171.99 | 302.58 | 37.00 | 31,367.44 |
| 2834508 | 8/19/2019 | 10/3/2019 | 1093 | 4618 | 5197804 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2834508 | 8/19/2019 | 10/3/2019 | 1093 | 4618 | 5197801 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2834508 | 8/19/2019 | 10/3/2019 | 1093 | 4618 | 5197802 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2834501 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5197803 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2834502 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5197805 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2834502 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5172909 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834502 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5172910 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834502 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5172911 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834502 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5172912 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834502 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5172913 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834502 | 8/19/2019 | 10/3/2019 | 1093 | 4542 | 5172914 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834500 | 8/19/2019 | 10/3/2019 | 1093 | 4574 | 5172915 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834500 | 8/19/2019 | 10/3/2019 | 1093 | 4574 | 5172916 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2834500 | 8/19/2019 | 10/3/2019 | 1093 | 4574 | 5195323 | 23,098.81 | 346.48 | 37.00 | 35,918.65 |
| 2834500 | 8/19/2019 | 10/3/2019 | 1093 | 4574 | 5195319 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 2834500 | 8/19/2019 | 10/3/2019 | 1093 | 4574 | 5195320 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 2834500 | 8/19/2019 | 10/3/2019 | 1093 | 4574 | 5195321 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 2834500 | 8/19/2019 | 10/3/2019 | 1093 | 4574 | 5221904 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 2834504 | 8/19/2019 | 10/3/2019 | 1093 | 4359 | 5195326 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 2834505 | 8/19/2019 | 10/3/2019 | 1093 | 4359 | 5195328 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 2836244 | 8/20/2019 | 10/4/2019 | 1092 | 4581 | 5195340 | 23,098.82 | 346.48 | 37.00 | 35,918.67 |
| 2836245 | 8/20/2019 | 10/4/2019 | 1092 | 4581 | 5187778 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2836240 | 8/20/2019 | 10/4/2019 | 1092 | 4574 | 5187785 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2836241 | 8/20/2019 | 10/4/2019 | 1092 | 4574 | 5193637 | 2,761.78 | 41.43 | 37.00 | 4,294.57 |
| 2836245 | 8/20/2019 | 10/4/2019 | 1092 | 4581 | 5193637 | 3,682.37 | 55.24 | 37.00 | 5,726.09 |
| 2836246 | 8/20/2019 | 10/4/2019 | 1092 | 4618 | 5195317 | 6,467.67 | 97.02 | 37.00 | 10,057.23 |
| 2836246 | 8/20/2019 | 10/4/2019 | 1092 | 4618 | 5195317 | 11,087.43 | 166.31 | 37.00 | 17,240.95 |
| 2836242 | 8/20/2019 | 10/4/2019 | 1092 | 4542 | 5192246 | 20,171.98 | 302.58 | 37.00 | 31,367.43 |
| 2836242 | 8/20/2019 | 10/4/2019 | 1092 | 4542 | 5197798 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2836242 | 8/20/2019 | 10/4/2019 | 1092 | 4542 | 5197800 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2836242 | 8/20/2019 | 10/4/2019 | 1092 | 4542 | 5172904 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2836243 | 8/20/2019 | 10/4/2019 | 1092 | 4359 | 5172906 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2836243 | 8/20/2019 | 10/4/2019 | 1092 | 4359 | 5172908 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2836243 | 8/20/2019 | 10/4/2019 | 1092 | 4359 | 5172907 | 21,776.23 | 326.64 | 37.00 | 33,862.04 |
| 2837772 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5210490 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2837771 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5210491 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2837769 | 8/21/2019 | 10/5/2019 | 1091 | 4574 | 5210492 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2837772 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5197785 | 7,340.34 | 110.11 | 37.00 | 11,414.23 |
| 2837772 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5197785 | 12,845.59 | 192.68 | 37.00 | 19,974.89 |
| 2837772 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5195318 | 18,479.05 | 277.19 | 37.00 | 28,734.92 |
| 2837772 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5197789 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2837772 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5197795 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2837772 | 8/21/2019 | 10/5/2019 | 1091 | 4618 | 5197796 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2837770 | 8/21/2019 | 10/5/2019 | 1091 | 4542 | 5220674 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2837770 | 8/21/2019 | 10/5/2019 | 1091 | 4542 | 5197787 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2837770 | 8/21/2019 | 10/5/2019 | 1091 | 4542 | 5197791 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2839327 | 8/22/2019 | 10/6/2019 | 1090 | 4618 | 5197793 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2839327 | 8/22/2019 | 10/6/2019 | 1090 | 3929 | 5172901 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2839327 | 8/22/2019 | 10/6/2019 | 1090 | 3929 | 5172902 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2840688 | 8/22/2019 | 10/6/2019 | 1090 | 4359 | 5172903 | 21,776.22 | 326.64 | 37.00 | 33,862.02 |
| 2841993 | 8/23/2019 | 10/7/2019 | 1089 | 4581 | 5220672 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2840684 | 8/23/2019 | 10/7/2019 | 1089 | 3929 | 5165557 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| 2841994 | 8/23/2019 | 10/7/2019 | 1089 | 4581 | 5165558 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| 2840685 | 8/23/2019 | 10/7/2019 | 1089 | 3929 | 5210494 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2840690 | 8/23/2019 | 10/7/2019 | 1089 | 4581 | 5228234 | 806.88 | 12.10 | 37.00 | 1,254.70 |
| 2840686 | 8/23/2019 | 10/7/2019 | 1089 | 4359 | 5165556 | 844.91 | 12.67 | 37.00 | 1,313.84 |
| 2840686 | 8/23/2019 | 10/7/2019 | 1089 | 4359 | 5228234 | 13,716.96 | 205.75 | 37.00 | 21,329.87 |
| 2840686 | 8/23/2019 | 10/7/2019 | 1089 | 4359 | 5165556 | 20,277.79 | 304.17 | 37.00 | 31,531.96 |
| 2841635 | 8/24/2019 | 10/8/2019 | 1088 | 3929 | 5193635 | 23,014.80 | 345.22 | 37.00 | 35,788.01 |
| 2842455 | 8/25/2019 | 10/9/2019 | 1087 | 4359 | 5210493 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2842454 | 8/25/2019 | 10/9/2019 | 1087 | 3929 | 5210500 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2842454 | 8/25/2019 | 10/9/2019 | 1087 | 3929 | 5165216 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2842455 | 8/25/2019 | 10/9/2019 | 1087 | 4359 | 5152554 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| 2842455 | 8/25/2019 | 10/9/2019 | 1087 | 4359 | 5165215 | 15,932.57 | 238.99 | 37.00 | 24,775.15 |
| 2843990 | 8/26/2019 | 10/10/2019 | 1086 | 4359 | 5165560 | 21,122.69 | 316.84 | 37.00 | 32,845.78 |
| 2843989 | 8/26/2019 | 10/10/2019 | 1086 | 3929 | 5192372 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| 2843992 | 8/26/2019 | 10/10/2019 | 1086 | 4581 | 5210502 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2843992 | 8/26/2019 | 10/10/2019 | 1086 | 4581 | 5210504 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2843992 | 8/26/2019 | 10/10/2019 | 1086 | 4581 | 5210503 | 2,811.63 | 42.17 | 37.00 | 4,372.08 |
| 2843991 | 8/26/2019 | 10/10/2019 | 1086 | 4359 | 5165555 | 16,053.25 | 240.80 | 37.00 | 24,962.80 |
| 2843989 | 8/26/2019 | 10/10/2019 | 1086 | 3929 | 5192237 | 16,137.59 | 242.06 | 37.00 | 25,093.95 |
| 2843989 | 8/26/2019 | 10/10/2019 | 1086 | 3929 | 5192238 | 20,171.98 | 302.58 | 37.00 | 31,367.43 |
| 2843989 | 8/26/2019 | 10/10/2019 | 1086 | 3929 | 5192236 | 20,171.99 | 302.58 | 37.00 | 31,367.44 |
| 2843991 | 8/26/2019 | 10/10/2019 | 1086 | 4359 | 5210503 | 20,618.62 | 309.28 | 37.00 | 32,061.95 |
| 2843991 | 8/26/2019 | 10/10/2019 | 1086 | 4359 | 5152552 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| 2843991 | 8/26/2019 | 10/10/2019 | 1086 | 4359 | 5165559 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| 2843991 | 8/26/2019 | 10/10/2019 | 1086 | 4359 | 5152553 | 21,122.71 | 316.84 | 37.00 | 32,845.81 |
| 2845618 | 8/27/2019 | 10/11/2019 | 1085 | 4581 | 5210505 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 3929 | 5210506 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2845618 | 8/27/2019 | 10/11/2019 | 1085 | 4581 | 5210507 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 4618 | 5210514 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 4556 | 5193568 | 10,126.50 | 151.90 | 37.00 | 15,746.71 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 4556 | 5165561 | 12,673.63 | 190.10 | 37.00 | 19,707.49 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 4556 | 5192235 | 20,171.98 | 302.58 | 37.00 | 31,367.43 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 4556 | 5218147 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 3929 | 5204714 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 3929 | 5204718 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2845615 | 8/27/2019 | 10/11/2019 | 1085 | 3929 | 5204715 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| | | | | | 5204717 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| | | | | | 5152548 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| | | | | | 5165562 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |
| | | | | | 5165563 | 21,122.70 | 316.84 | 37.00 | 32,845.80 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2845617 | 8/27/2019 | 10/11/2019 | 1085 | 4359 | 5210508 | 22,493.04 | 337.40 | 37.00 | 34,976.68 |
| 2845617 | 8/27/2019 | 10/11/2019 | 1085 | 4359 | 5210513 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2845617 | 8/27/2019 | 10/11/2019 | 1085 | 4359 | 5210515 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2845617 | 8/27/2019 | 10/11/2019 | 1085 | 4359 | 5210519 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2847268 | 8/28/2019 | 10/12/2019 | 1084 | 4618 | 5218146 | 20,185.92 | 302.79 | 37.00 | 31,389.11 |
| 2847268 | 8/28/2019 | 10/12/2019 | 1084 | 4618 | 5218145 | 20,185.93 | 302.79 | 37.00 | 31,389.12 |
| 2847268 | 8/28/2019 | 10/12/2019 | 1084 | 4556 | 5204716 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2847268 | 8/28/2019 | 10/12/2019 | 1084 | 4556 | 5204713 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2848993 | 8/29/2019 | 10/13/2019 | 1083 | 4556 | 5204712 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2848993 | 8/29/2019 | 10/13/2019 | 1083 | 4556 | 5204711 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2848992 | 8/29/2019 | 10/13/2019 | 1083 | 4359 | 5210496 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2850223 | 8/30/2019 | 10/14/2019 | 1082 | 4359 | 5210497 | 1,874.42 | 28.12 | 37.00 | 2,914.72 |
| 2850225 | 8/30/2019 | 10/14/2019 | 1082 | 4556 | 5204710 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2850224 | 8/30/2019 | 10/14/2019 | 1082 | 4359 | 5210497 | 21,555.83 | 323.34 | 37.00 | 33,519.32 |
| 2850224 | 8/30/2019 | 10/14/2019 | 1082 | 4359 | 5210520 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210498 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210516 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210517 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210518 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210521 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210522 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210523 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210525 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210526 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210527 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851088 | 8/31/2019 | 10/15/2019 | 1081 | 4359 | 5210529 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851836 | 9/1/2019 | 10/16/2019 | 1080 | 4359 | 5210499 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851836 | 9/1/2019 | 10/16/2019 | 1080 | 4359 | 5210512 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2851836 | 9/1/2019 | 10/16/2019 | 1080 | 4359 | 5210524 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 3018583 | 10/18/2019 | 10/18/2019 | 1078 | 4311 | 5243455 | (20,717.21) | | | |
| 2857198 | 9/6/2019 | 10/21/2019 | 1075 NA | | | 3,150.00 | 47.25 | 37.00 | 4,898.25 |
| 2858549 | 9/6/2019 | 10/21/2019 | 1075 | 4879 | 5236139 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2858549 | 9/6/2019 | 10/21/2019 | 1075 | 4879 | 5236140 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2858549 | 9/6/2019 | 10/21/2019 | 1075 | 4879 | 5236141 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2858549 | 9/6/2019 | 10/21/2019 | 1075 | 4879 | 5236142 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2859488 | 9/7/2019 | 10/22/2019 | 1074 | 4879 | 5236138 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2859488 | 9/7/2019 | 10/22/2019 | 1074 | 4879 | 5236143 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2859488 | 9/7/2019 | 10/22/2019 | 1074 | 4879 | 5236144 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2859488 | 9/7/2019 | 10/22/2019 | 1074 | 4879 | 5236150 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2859488 | 9/7/2019 | 10/22/2019 | 1074 | 4879 | 5236151 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2859488 | 9/7/2019 | 10/22/2019 | 1074 | 4879 | 5240382 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5210544 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5210545 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5210556 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5210557 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5210558 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5253116 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5253117 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5253118 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5253119 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2859487 | 9/7/2019 | 10/22/2019 | 1074 | 4359 | 5253121 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2860368 | 9/8/2019 | 10/23/2019 | 1073 | 4359 | 5210559 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2865313 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5210534 | 1,874.42 | 28.12 | 37.00 | 2,914.72 |
| 2865314 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5210534 | 20,618.62 | 309.28 | 37.00 | 32,061.95 |
| 2862016 | 9/9/2019 | 10/24/2019 | 1072 | 4879 | 5236145 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5210533 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253115 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253120 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253122 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253123 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253124 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253125 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253126 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253127 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2862015 | 9/9/2019 | 10/24/2019 | 1072 | 4359 | 5253128 | 23,430.25 | 351.45 | 37.00 | 36,434.04 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 5013 | 5254121 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 5013 | 5254122 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 5013 | 5254123 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 5013 | 5254124 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 4879 | 5262181 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 4879 | 5240383 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 5040 | 5264695 | 23,257.53 | 348.86 | 37.00 | 36,165.46 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 5040 | 5264696 | 23,257.53 | 348.86 | 37.00 | 36,165.46 |
| 2863684 | 9/10/2019 | 10/25/2019 | 1071 | 5040 | 5264690 | 23,257.53 | 348.86 | 37.00 | 36,165.46 |
| 2866775 | 9/11/2019 | 10/26/2019 | 1070 | 5013 | 5254120 | 5,616.54 | 84.25 | 37.00 | 8,733.72 |
| 2866774 | 9/11/2019 | 10/26/2019 | 1070 | 5013 | 5254120 | 14,977.43 | 224.66 | 37.00 | 23,289.90 |
| 2865315 | 9/11/2019 | 10/26/2019 | 1070 | 4879 | 5236133 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2865315 | 9/11/2019 | 10/26/2019 | 1070 | 4879 | 5240384 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2865315 | 9/11/2019 | 10/26/2019 | 1070 | 4879 | 5240386 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2865315 | 9/11/2019 | 10/26/2019 | 1070 | 4879 | 5236132 | 21,156.94 | 317.35 | 37.00 | 32,899.04 |
| 2866773 | 9/12/2019 | 10/27/2019 | 1069 | 5013 | 5266611 | 11,233.08 | 168.50 | 37.00 | 17,467.44 |
| 2866773 | 9/12/2019 | 10/27/2019 | 1069 | 5013 | 5270458 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2866773 | 9/12/2019 | 10/27/2019 | 1069 | 5013 | 5266529 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 5013 | 5266527 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 5013 | 5266528 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 5013 | 5265813 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 5013 | 5266547 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 5013 | 5266525 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 5013 | 5266526 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 4879 | 5240387 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 4879 | 5240389 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2868056 | 9/13/2019 | 10/28/2019 | 1068 | 4879 | 5240395 | 21,156.93 | 317.35 | 37.00 | 32,899.03 |
| 2868930 | 9/14/2019 | 10/29/2019 | 1067 | 5013 | 5254290 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2868930 | 9/14/2019 | 10/29/2019 | 1067 | 5013 | 5254278 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2868930 | 9/14/2019 | 10/29/2019 | 1067 | 5013 | 5266545 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 2868930 | 9/14/2019 | 10/29/2019 | 1067 | 5013 | 5266543 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2868930 | 9/14/2019 | 10/29/2019 | 1067 | 5013 | 5266546 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 2869687 | 9/15/2019 | 10/30/2019 | 1066 | 5013 | 5254291 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |

| | | | | |
|---|---|---|---|---|
| 2869687 | 9/15/2019 | 10/30/2019 | 1066 | 5013 |
| 2869687 | 9/15/2019 | 10/30/2019 | 1066 | 5062 |
| 2871147 | 9/16/2019 | 10/31/2019 | 1065 | 5013 |
| 2871147 | 9/16/2019 | 10/31/2019 | 1065 | 5013 |
| 2871147 | 9/16/2019 | 10/31/2019 | 1065 | 5013 |
| 2875677 | 9/19/2019 | 11/3/2019 | 1062 | 4879 |
| 2877003 | 9/20/2019 | 11/4/2019 | 1061 | 4879 |
| 2877003 | 9/20/2019 | 11/4/2019 | 1061 | 4879 |
| 2877003 | 9/20/2019 | 11/4/2019 | 1061 | 4879 |
| 2877003 | 9/20/2019 | 11/4/2019 | 1061 | 4879 |
| 2877003 | 9/20/2019 | 11/4/2019 | 1061 | 4879 |
| 2985665 | 9/28/2019 | 11/12/2019 | 1053 NA | |
| 2987463 | 9/30/2019 | 11/14/2019 | 1051 NA | |
| 2992840 | 10/3/2019 | 11/17/2019 | 1048 | 4879 |
| 3001483 | 10/10/2019 | 11/24/2019 | 1041 | 5209 |
| 28533 | 4/29/2019 | 4/29/2019 | 1250 | |
| 28845 | 5/22/2019 | 5/22/2019 | 1227 | |
| 3018577 | 10/24/2019 | 12/8/2019 | 1027 | 4574 |
| 3022825 | 10/29/2019 | 12/13/2019 | 1022 NA | |
| 29927 | 8/12/2019 | 8/12/2019 | 1145 | |
| 3022826 | 10/29/2019 | 12/13/2019 | 1022 NA | |
| 30074 | 8/21/2019 | 8/21/2019 | 1136 | |
| 30311 | 9/6/2019 | 9/6/2019 | 1120 | |
| 3083793 | 12/17/2019 | 1/31/2020 | 973 NA | |
| 3296873 | 5/26/2020 | 5/26/2020 | 857 | 4035 |
| 3296872 | 5/26/2020 | 5/26/2020 | 857 | 4035 |
| 3564800 | 12/8/2020 | 1/7/2021 | 631 NA | |

| | | | | |
|---|---|---|---|---|
| 5264714 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 5264453 | 246,629.03 | 3,699.44 | 37.00 | 383,508.14 |
| 5254348 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 5264716 | 20,593.97 | 308.91 | 37.00 | 32,023.62 |
| 5264715 | 20,593.98 | 308.91 | 37.00 | 32,023.64 |
| 5281707 | 21,156.93 | 317.35 | 36.00 | 32,581.67 |
| 5281708 | 21,156.93 | 317.35 | 36.00 | 32,581.67 |
| 5281709 | 21,156.93 | 317.35 | 36.00 | 32,581.67 |
| 5281710 | 21,156.93 | 317.35 | 36.00 | 32,581.67 |
| 5281723 | 21,156.93 | 317.35 | 36.00 | 32,581.67 |
| 5281724 | 21,156.93 | 317.35 | 36.00 | 32,581.67 |
| | 22,050.00 | 330.75 | 36.00 | 33,957.00 |
| | 2,250.00 | 33.75 | 36.00 | 3,465.00 |
| 5281725 | 21,296.98 | 319.45 | 36.00 | 32,797.35 |
| 5327520 | 21,177.19 | 317.66 | 36.00 | 32,612.87 |
| | (10,396.02) | | | |
| | (20,171.98) | | | |
| 5195348 | 8,315.58 | 124.73 | 35.00 | 12,681.26 |
| | 1,950.00 | 29.25 | 35.00 | 2,973.75 |
| | (1,412.24) | | | |
| | 14,100.00 | 211.50 | 35.00 | 21,502.50 |
| | (684,484.19) | | | |
| | (21,121.15) | | | |
| | 24,000.00 | 360.00 | 34.00 | 36,240.00 |
| 5794407 | (20,257.44) | | | |
| 5794407 | (1,761.52) | | | |
| | 1,400.00 | 21.00 | 22.00 | 1,862.00 |