UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

**EXPEDITED MOTION TO COMPEL JOHN H. OWOC, MEGAN OWOC, AND ELITE ISLAND, LLC TO COMPLY WITH THE COURT'S MARCH 30, 2023 ORDER [ECF 1076] AND FOR SANCTIONS**

**Expedited Hearing Request**

As set forth below, the Third Parties[2] have deliberately failed to comply with this Court's March 30, 2023 Order.  The Committee must perform a thorough and complete investigation prior to any sale of the Debtors' assets.  If the Committee cannot obtain the information sought in the 2004 Notices, the Third Parties' refusal to provide the requested Documents and Communications poses a direct, immediate, and substantial harm to the detriment of the Debtors, their bankruptcy estates, and all stakeholders, especially unsecured creditors if the Committee cannot obtain the information sought in the 2004 Notices – particularly in light of the upcoming depositions of the Third Parties.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-

in-possession (the "Debtors"), by and through its undersigned counsel, pursuant to Federal Rule

of Bankruptcy Procedure ("Bankruptcy Rule") 2004, Federal Rules of Civil Procedure ("Federal

---

[1]  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("VPX") (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC ("JHO") (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2]  Capitalized terms not defined in this Expedited Hearing Request have the meaning ascribed to them in this Motion or in the Discovery Order.

Rule") 34, 37 and 45, made applicable by Rules 7034, 7037 and 9016, and Southern District of Florida Bankruptcy Local Rule (the "Local Rule") 2004-1, hereby moves the Court for an Order enforcing its March 30, 2023 *Order (I) Denying the Motion for Extension of Time to Respond to 2004 Examination Request for Production of Documents and (II) Granting the Cross Motion of the Official Committee Of Unsecured Creditors to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Comply With 2004 Notices* [ECF 1076] (the "Discovery Order") and to order such other and further relief as may be warranted, including monetary sanctions and the reimbursement of the Committee's attorneys fees and cost associated with filing the instant motion.

## PRELIMINARY STATEMENT[3]

1.      Since January 2023, the Committee has steadfastly attempted to obtain discovery from John H. ("Jack") Owoc, Megan Owoc, and Elite Island, LLC ("Elite Island", and together with Jack and Megan Owoc, the "Third Parties").  Despite the Committee's efforts, the Third Parties have not produced even a single document responsive to the Committees Rule 2004 Notices.  As a result, the Committee was compelled to engage in motion practice to obtain their compliance and this Court ordered the Third Parties to comply with the 2004 Notices by **March 31, 2023 at 4:30 p.m**.  The Third Parties, not surprisingly based on their prior disregard for their discovery obligations, have flouted that order.  Now, the Committee is, yet again, compelled to seek judicial intervention in order to obtain what should be routine, and straightforward discovery.  Due to the Third Parties' deliberate failure to abide by the Discovery Order, the Committee now seeks an order from the Court holding the Third Parties in contempt of the Discovery Order and imposing daily monetary sanctions until compliance is met, and any other relief the Court deems appropriate.

---

[3] Capitalized terms not defined in this Preliminary Statement have the meaning ascribed to them in this Motion.

**RELEVANT FACTS[4]**

2.      On January 30, 2023 and January 31, 2023, Elite Island, Jack, and Megan Owoc were served with the 2004 Notices (collectively, "2004 Notices") seeking the production of Documents and Communications by February 11, 2023 or fourteen days after service.  *See* Docket Nos. 1055, 1056, 1057.  The production deadline under all three 2004 Notices was ultimately extended to March 27, 2023, after a series of extensions.

3.      As of March 27, 2023, the Third Parties had not produced any documents in response to the 2004 Notices, causing the Committee to engage in motion practice to resolve the dispute.  *See* Docket Nos. 1055, 1056, 1057.  On March 30, 2023, after a hearing  --  at which neither the Third Parties, nor their counsel appeared  --  the Court entered the Discovery Order.  *See* Docket Nos. 1076.

4.      The Discovery Order required the Third Parties to produce the subpoenaed Documents and Communications no later than 4:30 p.m. ET on March 31, 2023.  *See* Docket Nos 1076.  The Court retained jurisdiction to hear and determine any matters related to the implementation of the Discovery Order.  *Id*.

5.      Promptly after the Discovery Order was issued, counsel for the Committee emailed a copy of the order to Jack.  A copy of that email is attached hereto as **Exhibit 1**.  To date, counsel has not received a response to that email.

---

[4]  The timeline of events related to the Committee's Rule 2004 Subpoenas – including the multiple extensions given to the Third Parties and the putative withdrawal of the Third Parties' counsel of record – is recounted in detail in the Committee's objection (the "Objection") to *Motion for Extension of Time to Respond to 2004 Examination Request for Production of Documents and Cross Motion to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Comply with 2004 Notices* and cross-motion seeking to have this Court order the Third Parties to comply with the 2004 Notices [EFC No. 1057].  Therefore, the Committee only recounts the most salient facts in the instant Motion.

6.      Counsel for the Committee also retained a process server to deliver a copy of the Discovery Order to the Third Parties at Meg and Jack's home.  A copy of the return of service forms are attached hereto as **Exhibit 2.**  On March 31, 2023, the process server attempted service, but was unable to access the Owoc residence, which sits behind a large gate.  *Id*.  While at the residence, the process server interacted with an individual who indicated that she did not reside at the home, and was dropping children off at the house.  *Id*.  The individual would not permit the process server onto the property, and the process server left a copy of the Discovery Order affixed to the entrance of the property.  *Id*.

7.      As of the time of filing the instant motion, the Third Parties still have not produced any Documents or Communications in response to the Rule 2004 Notices, nor have they objected to or sought reconsideration of the Discovery Order.  However, at approximately 3:17 p.m., Justin Luna, Esq. from Latham, Luna, Eden & Beaudine, LLP – the Third Parties' counsel of record, whose motion to withdraw is currently pending -- emailed the Committee's counsel to request that the Committee provide Jack and Meg Owoc with a copy of the unredacted 2004 Notices.  The Committee promptly provided the requested copies.  An unredacted copy of the subpoena had, of course, previously been served on the Third Parties through counsel.

## RELIEF REQUESTED

8.      By this Motion, the Committee respectfully requests that this Court enter an Order compelling the Third Parties to comply with the Discovery Order and immediately furnish the Documents and Communications listed in the 2004 Notices.  Additionally, the Committee requests that the Court impose an award of attorneys' fees and costs for the costs directly associated with the Third Parties' violation of the Discovery Order, including the costs associated with filing the instant motion.  The Committee also requests that the Court impose a daily fine – the of amount

of which is up to this Court's discretion -- against the Third Parties until they are no longer in contempt and are fully compliant with the Discovery Order.

## BASIS FOR RELIEF

### A. The Third Parties are in Violation of the Discovery Order and this Court Should Enforce The Order

9.     The Third Parties have failed to comply with the Court's order and this Court has the inherent authority to enforce the Discovery Order, including by holding the Third Parties in civil contempt and imposing monetary sanctions.  It is well established that a federal court has both inherent and statutory authority to enforce its decrees, orders and judgments by holding violators of those decrees, orders and judgments in contempt of court.  *See, e.g., Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (federal courts have inherent authority to enforce their orders through civil contempt proceedings); *Walt Disney Company v. Video 47, Inc.*, 972 F. Supp. 595, 601-602 (S.D. Fla. 1996) (18 U.S.C. § 401 empowers a court to enforce its orders by holding a party in civil contempt).  An order of civil contempt is a sanction designed to compel compliance with a court order, or to compensate a party who has been harmed by another party's noncompliance.  *In re Spanish River Plaza Realty Company,* Ltd., 155 B.R. 249, 253 (Bankr. S.D. Fla. 1993).

10.     Civil contempt is appropriate here because the Third Parties have indisputably violated the Discovery Order.  "To establish a prima facie case of civil contempt the petitioner must provide by clear and convincing evidence that the respondent violated a prior court order." *Commodity Futures Trading Comm. v. Commonwealth Fin. Group, Inc.,* 874 F. Supp. 1345, 1349 (S.D. Fla. 1994).  The "evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

11.     All three elements necessary for a finding of civil contempt are satisfied here.  First, there is no dispute that the Discovery Order is anything but valid and lawful.  Second, the Discovery Order is clear and unambiguous.  It expressly required the Third Parties to comply with the 2004 Subpoenas by March 31, 2023 at 4:30 pm, ET.  *See* ECF 1076.  Third, The Committee has worked diligently to ensure that the Third Parties had notice of the Discovery Order by sending copies of the order via email and affixing the order to the Owoc residence.  The Discovery Order is straightforward, and the Third Parties presumably understood their discovery obligations yet failed to comply with the Discovery Order's requirements.  Accordingly, a finding of civil contempt is appropriate.

**B.  This Court Should Impose Monetary Sanctions Due to the Third Parties' Failure to Comply with the Discovery Order**

12.     The Third Parties have blatantly defied the authority of this Court by failing to produce any documents in response to the Discovery Order, and this Court, has the discretion to impose monetary sanctions.  Upon a finding of civil contempt, courts have "the power to impose coercive and compensatory sanctions" upon a finding of contempt.  *Citronelle-Mobile Gathering*, 943 F.2d at 1304; *see also McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000) ("District courts are afforded wide discretion in fashioning an equitable remedy for civil contempt.").  The Court also has discretion to award attorneys' fees in a civil contempt case. *United States v. Far East Suppliers, Inc*., 682 F. Supp. 1215, 1216 (S.D. Fla. 1988).  "These fees and costs are limited to the efforts expended that were necessary to secure the contemptor's [*sic*] compliance with the court's order and to obtain compensation for damages done."  *Id*. "The award of fees and costs is particularly appropriate where the contemptor willfully disregarded a court's order."  *Id*. Here, the Third Parties have failed to provide discovery for months.  They failed to appear at the hearing which led to the court issuing the Discovery Order.  Now, rather than comply

with the Discovery Order, they have asked for another copy of the Rule 2004 Notices which they have undoubtedly been in possession for several weeks. They have deliberately disregarded this Court's clear, unambiguous order. These are all dilatory tactics by the Third Parties which are intended to hinder the Committee's investigation. Monetary sanctions and the payment of attorneys' fees and costs are appropriate in light of the Third Parties' willful misconduct.

## <u>CONCLUSION</u>

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order attached hereto as **<u>Exhibit 3</u>**, (1) compelling each of the Third Parties to immediately furnish the Documents and Communications requested in the 2004 Notices issued by the Committee; (2) holding each of the Third Parties in contempt for violating the Discovery Order; and (3) for such further relief this Court deems just and proper.

.

Dated:  March 31, 2023

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq.
Rachel Maimin, Esq.
Eric Chafetz, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: rmaimin@lowenstein.com
Email: echafetz@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
        -and-
Nicole Fulfree, Esq.
Arielle B. Adler, Esq.
Erica G. Mannix, Esq.

One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: aadler@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**
By: _/s/ Leyza F. Blanco_
Leyza F. Blanco
Florida Bar No.: 104639
Fernando J. Menendez
Florida Bar No.: 0018167
Juan J. Mendoza
Florida Bar No.: 113587
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
Email: fmenendez@sequorlaw.com
Email: jmendoza@sequorlaw.com

_Counsel to the Official Committee of_
_Unsecured Creditors_