UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)
www.flsb.uscouts.gov

| | |
|---|---|
| **In re:** | |
| | **Chapter 11** |
| **Vital Pharmaceuticals, Inc., et al.,** | |
| | **Case No. 22-17842-PDR** |
| **Debtors.** | |
| _____/ | **(Jointly Administered)** |

### KRIER FOODS, LLC'S RESERVATION OF RIGHTS TO DEBTORS' NOTICE OF ABANDONMENT OF REMAINING INVENTORY

Krier Foods, LLC[1] ("KFI"), by its undersigned counsel, hereby files this reservation of rights (this "Reservation of Rights") in connection with the *Debtors' Notice of Abandonment of Remaining Inventory* (Docket No. 1027) (the "Abandonment Notice").[2] In support of this Reservation of Rights, KFI states:

### BACKGROUND

1. On October 10, 2022 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions (the "Bankruptcy Case") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (this "Court").

2. On July 20, 2018, the Debtors and KFI entered into that certain Co-Packing Agreement (the "Agreement") pursuant to which KFI agreed to manufacture and package certain BANG beverage products (the "BANG Product") for the Debtors. Under the terms of the Agreement, in addition to manufacturing and packaging the BANG Product for the Debtors, KFI would store the

---

[1] Krier Foods, Inc. converted to a limited liability company effective April 26, 2022.
[2] Capitalized terms used herein have the meanings ascribed to them in the Abandonment Notice.

BANG Product at its facility or a third-party warehouse pending payment and pick-up by the Debtors of the BANG Product. As provided for in the Agreement, the Debtors are required to pay fees for each case of BANG Product manufactured by KFI within thirty days from the date of invoice, in addition to storage and handling fees if the BANG Product is not picked up by the Debtors within a certain time period. The Agreement further provides that in the event the packaging for the BANG Product is changed by the Debtors, such change shall be subject to the Debtors reimbursing KFI for all raw and packaging materials and finished BANG Product.

3. Prior to the Petition Date, the Debtors failed or otherwise refused to perform their obligations under the terms of the Agreement, by, among other things, failing to pay amounts due and owing to KFI from June 30, 2022 to the Petition Date. As of the Petition Date, the Debtors owe not less than $577,005.78 (the "Pre-Petition Amount") to KFI for unpaid charges under the Agreement, which primarily consists of charges associated with KFI's manufacture, packaging and storing of approximately 112,203 cases of BANG Product (the "Remaining BANG Product"). On December 13, 2022, KFI timely and properly filed a proof of claim, identified as Claim No. 285 on the official claims register for the Pre-Petition Amount.

4. In addition to filing a proof of claim, after the Petition Date, KFI commenced discussions with the Debtors, through counsel and informally at the business level, on obtaining the Debtors' consent and cooperation to sell the Remaining BANG Product either to the Debtors or a third-party. After KFI unsuccessfully tried for months to make headway with the Debtors on a resolution of the sale of the Remaining BANG Product, the Debtors informed KFI that they intend to abandon the Remaining BANG Product and filed the Abandonment Notice.

5. On March 24, 2023, the Debtors filed the Abandonment Notice providing notice of

the Debtors' intent to abandon the KFI Remaining Inventory, as defined in the Abandonment Notice, which primarily consists of the Remaining BANG Product. *See* Abandonment Notice, ¶ 2. As provided by the Abandonment Notice, the deadline to file an objection is April 7, 2023.

## RESERVATION OF RIGHTS

6. While KFI does not challenge the Debtors' business judgment to abandon the KFI Remaining Inventory, the Debtors' abandonment of the KFI Remaining Inventory unilaterally shifts the financial and operational burden of storing, handling and/or disposing of the KFI Remaining Inventory on KFI, which, in turn, may result in KFI incurring significant costs (the "Post-Petition Charges"). Accordingly, KFI submits this Reservation of Rights out of an abundance of caution to expressly preserve and reserve its rights under the Agreement, the Bankruptcy Code and applicable law, including, without limitation, the right to: (a) seek allowance and payment of the Post-Petition Charges as an administrative expense of the Debtors' estate pursuant to sections 503 and 507 of the Bankruptcy Code; (b) mitigate its damages as a result of the Debtors' abandonment of the KFI Remaining Inventory; (c) assert against the Debtors any additional claims KFI may hold; and (d) supplement or amend this Reservation of Rights.

7. Nothing in this Reservation of Rights is intended to be, or should be construed as, a waiver by KFI of any of its rights under any of the Agreement, the Bankruptcy Code, or applicable law.

[*Signature page follows*]

Dated: April 7, 2023					Respectfully submitted,


        GRAY │ ROBINSON
        333 S.E. 2nd Avenue, Ste. 3200
        Miami, Florida 33131
        Telephone: (305) 416-6880
        Facsimile: (305) 416-6887
        Email: Steven.Solomon@gray-robinson.com

        BY: */s/ Steven J. Solomon*
            Steven J. Solomon
            Florida Bar No. 931969

        **Local Counsel for Krier Foods, LLC**

        -and-

        Kim Martin Lewis, Esq. (Ohio Bar No. 43533)
        (*Pro hac vice* application pending)
        Erin P. Severini, Esq. (Ohio Bar No. 91487)
        (*Pro hac vice* application pending)
        FROST BROWN TODD LLP
        3300 Great American Tower
        301 East Fourth Street
        Cincinnati, Ohio 45202
        Telephone: (513) 651-6800
        Facsimile: (513) 651-6981
        Email: klewis@fbtlaw.com
        eseverini@fbtlaw.com

        **Counsel for Krier Foods, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic mail in this case.

/s/ *Steven J. Solomon*
Steven J. Solomon