UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                Case No.: 22-17842-PDR

                                                         Chapter 11
         Debtors.                                        (Jointly Administered)

_____/

**MOTION TO EXTEND PRODUCTION DEADLINES SET FORTH
IN AGREED ORDER REGARDING EXPEDITED MOTION TO COMPEL**

John H. Owoc aka Jack Owoc ("Mr. Owoc"), respectfully requests that the Court extend

certain deadlines set forth in the *Agreed Order Regarding Expedited Motion to Compel* (the

"Agreed Order"). ECF No. 1150. In support of this request Mr. Owoc states:

**A.      The Notices.**

1.       Mr. Owoc is the sole shareholder of the debtor, Vital Pharmaceuticals, Inc.

2.       Mr. Owoc, together with his wife, Megan Owoc ("Mrs. Owoc") and an affiliated

entity, Elite Island, LLC ("Elite Island") (together, the "Owoc Parties"), have been subpoenaed by

the Official Committee of Unsecured Creditors (the "Committee") for Rule 2004 examinations

*duces tecum* (together, the "Notices"). ECF Nos. 684, 686, 689, 967, 968, 981. The Notices

request multiple categories of documents and schedule examinations of: (a) Mrs. Owoc on April

14, 2023, (b) Elite Island on April 17, 2023, and (c) Mr. Owoc on April 24, 2023.

---

[1]      The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the
Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy
Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate
Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and
(vii) Vital Pharmaceuticals International Sales, Inc. (8019).

**B.      The Agreed Order.**

3.      After its efforts to obtain documents responsive to the Notices were unsuccessful, the Committee filed a motion to hold the Owoc Parties in contempt (the "Contempt Motion").  ECF No. 1118.  Through replacement counsel, the Owoc Parties thereafter negotiated an agreed order resolving the Contempt Motion, which was entered by the Court on April 10, 2023 (the "Agreed Order").  ECF No. 1150.

4.      Among other things, the Agreed Order directs: (a) the Committee to produce search terms to facilitate document searches (together, "Search Terms") by April 7, 2023, (b) Mrs. Owoc and Elite Island to produce documents by April 11, 2023, (c) Mr. Owoc to produce responsive text messages to the Notice by April 14, 2023, and (d) Mr. Owoc to produce any remaining responsive documents by April 17, 2023.  *Id.* at ¶ 3.

5.      Importantly, however, the Agreed Order provides that these deadlines by extended by the Court "for good cause."  *Id.* at ¶ 6.  This provision recognizes that even diligent efforts to produce discovery can be hindered by outside factors.  As just one example, Mr. Owoc was terminated as an officer of the Debtors in early March 2023.  He thus lacks access to corporate emails and other documents that were in his control earlier in the case.  Upon information and belief, the majority of responsive documents to the Notices therefore consist of materials on his phone.  Prior to receiving and running the Search Terms on his phone, however, Mr. Owoc was unaware of the volume of responsive documents.  The good cause provision of the Agreed Order preserves the ability of Mr. Owoc to seek an extension should his phone contain a large volume of responsive documents or circumstances otherwise warrant.

**C.      Compliance With the Agreed Order and Cause for an Extension.**

6.      The Owoc Parties have moved diligently to comply with the Agreed Order.  Mrs.

Owoc and Elite Island produced responsive documents to the Committee on April 11, 2023. For his part, Mr. Owoc retained an information technology company to assist with document searches on his phone.

7.      Despite these efforts, Mr. Owoc does not believe he will be able to produce responsive documents to the Committee per the current deadlines in the Agreed Order, and that cause exists for an extension. This belief is predicated on three factors.

8.      First, there is a larger than expected volume of documents to be produced. The Committee forwarded approximately 80 Search Terms to Mr. Owoc on April 6, 2023. The Search Terms were run on his phone thereafter, and Mr. Owoc obtained results of the searches during the afternoon of April 12, 2023. The results flag over 25,000 texts that are responsive to the Search Terms. It is simply not realistic for Mr. Owoc and his attorneys to review and produce over 25,000 texts to the Committee in the two days from their receipt of the search results to the current response deadline.

9.      Second, Mr. and Mrs. Owoc are defendants in an adversary proceeding initiated by Vital Pharmaceuticals, Inc. and its jointly administered debtors (together, the "Debtors"), Adv. Proc No. 23-01051-PDR. On April 11, 2023, the Debtors filed a motion in the proceeding to hold Mr. Owoc in contempt for allegedly violating a temporary restraining order. AP No. 28.[2] Mr. Owoc denies the Debtors' allegations. The Court scheduled the matter for emergency hearing on April 12, 2023, AP No. 30, and Mr. Owoc appeared and testified at the hearing. The Court has taken the matter under advisement.

10.     Put another way, the day after the Agreed Order was entered, the Debtors filed a contempt motion against Mr. Owoc that was scheduled for hearing on an emergency basis. Mr.

---

[2]      "AP No." refers to items filed in Adv. Proc. No. 23-01051-PDR.

{2467/000/00553583}

Owoc expended substantial time, energy and resources preparing for and attending the hearing, and otherwise rebutting the Debtors' allegations.  By necessity, those resources could not be expended on producing discovery to the Committee.

11.    <u>Third</u>, the Notices to Mr. Owoc originally scheduled his examination for April 24, 2023.  *See* ¶ 2.  However, the Committee has informed the Owoc Parties that their examinations will be rescheduled to early May.  Specific dates have not yet been set.  Given that the examination of Mr. Owoc has been postponed, the Committee will not be prejudiced by an extension of the production deadlines.

12.    The undersigned certifies that prior to the filing of this motion he engaged in good faith discussions with the Committee regarding an extension of the deadlines referenced *supra*, but that the parties could not reach agreement.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, Mr. Owoc requests the Court extend his deadline to produce documents and ESI to the Committee through and including April 28, 2023, of such other date as determined by the Court, and grant such other relief deemed appropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on April 13, 2023.

Respectfully Submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for John H. Owoc
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: pdorsey@slp.law

By: ___ /s/ Patrick Dorsey _____
        Patrick Dorsey, Esq.
        Florida Bar. No. 008584

{2467/000/00553583}