UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br>VITAL PHARMACEUTICALS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 22-17842-PDR<br>Hon. Peter D. Russin<br>(Jointly Administered) |

**MOTION OF WEBB & GERRITSEN, INC. TO LIFT AUTOMATIC STAY TO ALLOW THE DEBTOR'S APPEAL PENDING IN WISCONSIN COURT OF APPEALS TO PROCEED**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN 14 DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION, PURSUANT TO LOCAL RULE 4001-1(C), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION.**

Webb & Gerritsen, Inc. ("Webb") files this Motion to Lift the Automatic Stay to Allow the Appeal Pending in the Wisconsin Court of Appeals to Proceed (the "Motion")[2] and respectfully states as follows:

The Motion is necessary because Debtor Vital Pharmaceuticals, Inc. (the "Debtor" or "VPX") has recently unilaterally requested and obtained a temporary stay of a Wisconsin appellate proceeding where *VPX itself* is the appellant, seeking reversal of a February 2022 judgment entered

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("VPX") (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC ("JHO") (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Simultaneously with the filing of this Motion, Webb has also filed a Motion to Allow Late Filing of Proof of Claim (the "Proof of Claim Motion").

4854-6365-7307.6

by the Circuit Court for Waukesha County, Wisconsin in Webb's favor. The judgment from which VPX appealed in March 2022 was based on the Circuit Court's entry of a default judgment on liability as a sanction for the abusive conduct of VPX's principal during discovery and a subsequent jury award of lost profits damages to Webb of approximately $2.9 million. *See* excerpt from Waukesha County Circuit Court November 8, 2021 hearing on Webb's motion for discovery sanctions, attached hereto as Exhibit 1.[3]

Webb is currently protected and secured by cash in the amount of the judgment that VPX deposited, *in custodia legis*, with the Circuit Court's Clerk in March 2022, as a condition to obtaining a stay of collection of the judgment pending VPX's appeal. But further delay in the resolution of VPX's appeal will necessarily reduce Webb's protection as interest on the judgment accrues and Webb incurs appellate attorneys' fees (which it is entitled to recover under the Final Judgment and the statute on which its action was based), while a delay in the resolution of the appeal provides no benefit to the estate. VPX can never use this Court or this bankruptcy proceeding to deprive Webb of its rights under the state court's final, claim-preclusive judgment or its vested, court-ordered property right to the cash in the Supersedeas Account. The only way that the Debtors and their estates can benefit from that cash account that securitizes Webb's Final Judgment on appeal is to prevail on the appeal.

In fact, until very recently, Webb thought that VPX intended to proceed with the appeal because VPX did not file a Notice of Bankruptcy in the state appellate court until March 17, 2023, and it is VPX alone that is pursuing the appeal (Webb has taken no cross appeal). VPX told the Wisconsin appellate court, when it filed the Notice, that the automatic stay precluded the appeal from going forward, and that court promptly, on March 23, accepted that representation and put

---

[3] Webb will provide a complete copy of the transcript upon request.

2

the appeal on hold pending the "lifting" of the automatic stay. Whether or not the automatic stay actually prevents VPX from pursuing *its own appeal*, therefore, the Debtor has caused proceedings on its appeal to come to a halt and has effectively left Webb with no option but to ask this Court to lift the automatic stay, so that the Wisconsin Court of Appeals will allow *VPX's appeal* to be resolved.[4]

## INTRODUCTION

Webb secured a Final Judgment of $2,897,098.10 against VPX in February 2022. In order to stay Webb's enforcement of the Final Judgment, in connection with VPX's planned appeal, VPX asked for and obtained an order regarding judgment collection from the Waukesha County Circuit Court (the "March 18th Order"). The March 18th Order offered VPX a stay of Webb's collection of the Judgment pending the outcome of the appeal, provided that VPX first did one of two things: either (a) post a bond from a surety or (b) deposit $2,897,098.10 with the court's Clerk, subject to the terms of the March 18th Order, which were that the principal amount deposited with the Clerk would be delivered to Webb upon the completion of the appellate proceedings by affirmance and the issuance of the appellate mandate (called a "remittitur" in Wisconsin), unless (and only unless) VPX were to obtain a reversal of the Final Judgment; the interest accruing on the account during the appeal would, at that same time, be delivered to VPX.

VPX complied with the March 18th Order on March 23, 2022, by making a cash payment to the Clerk (the "Final Judgment Deposit"), which is currently held by the Clerk *in custodia legis*, in an account at First Federal Bank (the "Supersedeas Account"). On February 24. 2022, the Circuit

---

[4] While it is not clear if the automatic stay in Section 362 applies to court proceedings that a debtor itself institutes, like the Wisconsin Appeal, the Court need not decide that issue because it was VPX's request for the Wisconsin appellate court's stay that put the matter on hold. The simplest way to proceed is to lift the automatic stay in this case (if any) so that the Wisconsin Court of Appeals will lift its stay and set a schedule to resolve the appeal.

3

Court added $452,000 to the Judgment on Verdict in order to account for interest on the Judgment and Webb's continuing appellate attorneys' fees. Interest on the Judgment continues to accrue in favor of Webb at a rate of 4.25% annually, totaling $103,916.67 per year.  Webb continues to incur fees.[5]

At the request of the Debtor (made on March 17, 2023), the Wisconsin Court of Appeals entered an order on March 20, 2023 staying the appeal until the automatic stay is lifted. With VPX's requested stay of its own appeal now in place, and no indication of how long VPX intends to leave that situation in place, Webb does not know how long the appeal will be stayed and is concerned that a further indefinite delay will render it undersecured (because of interest accruing on the Judgment and the incurrence of appellate attorneys' fees recoverable under the Judgment), by the time that VPX's appeal is finally taken up and decided.

Therefore, Webb requests that this Court lift the automatic stay, to the extent it is applicable, so that the Wisconsin Court of Appeals can restore the Wisconsin Appeal to its active docket and decide it.

## BACKGROUND FACTS

1. In 2019, VPX wrongfully terminated the remainder of Webb's four-year old distribution agreement without notice.

2. In June 2019, Webb sued VPX in the Waukesha County Circuit Court under Wisconsin's Fair Dealership Law, Wis. Stat. ch. 135. The case was styled as *Webb & Gerritsen,*

---

[5] The Debtors incorrectly identified the Final Judgment Deposit, at page 19 of their Schedules of Assets and Liabilities (Dkt. 323), as an 'Escrow Deposit" held by the firm of Wilson Elser Moskowitz Edelman, which has never appeared in either the Circuit Court or the Wisconsin Court of Appeals as counsel for VPX.  The Final Judgment Deposit is, in fact, in the custody of the Clerk of the Circuit Court.

4854-6365-7307.6

*Inc. v. Vital Pharmaceuticals, Inc.*, Case No. 2019CV001049 (the "Wisconsin Action"). VPX raised counterclaims against Webb in the Wisconsin Action.

3. On November 9, 2021, the court in the Wisconsin Action granted Webb's motion to enforce its prior discovery orders; struck VPX's answer denying liability for Webb's claims as a sanction for VPX's repeated violations of prior discovery orders; granted a default judgment on the issue of VPX's liability; and held that a jury trial would proceed, as previously scheduled, on the issue of damages. *See* Order Granting Plaintiff's Motion to Enforce Prior Court Orders Pursuant to Wis. Stat. § 804.12(2), attached hereto as Exhibit 2.

4. On November 11, 2021, the jury returned a verdict in Webb's favor in the amount of $2,445,098.10 (net of VPX's counterclaims). *See* Verdict Form, attached hereto as Exhibit 3.

5. On February 8, 2022, the court entered the Judgment on Verdict in favor of Webb in the amount of $2,445,098.10. *See* Order for Judgment and Judgment, attached hereto as Exhibit 4.

6. On February 24, 2022, the court amended the Judgment on Verdict to add $452,000.00, to include interest and Webb's reasonable actual attorneys' fees and costs to be incurred in the Appeal, resulting in a total Final Judgment of $2,897,098.10 in favor of Webb (the "Final Judgment"). *See* Order from Hearing on February 24, 2022, attached hereto as Exhibit 5.

7. On March 18, 2022, in response to VPX's motion for stay of execution and collection of the Judgment pending appeal, the court entered the March 18th Order. The March 18th Order further provided that enforcement of the Final Judgment would be stayed temporarily, in order to allow VPX to either obtain a surety bond or deposit the amount of the Final Judgment with the Clerk of the court, to protect and secure Webb's ability to collect the Final Judgment from harm in the form of deterioration during the expected appeal. The order provided that, if VPX

5

deposited the Final Judgment Deposit with the court's Clerk, then the Clerk would place those funds in an interest-bearing account (the "Supersedeas Account") and, upon affirmance and the issuance of the appellate courts' remittitur and remand to the Circuit Court, the principal in the Supersedeas Account would be delivered to Webb, unless the appellate courts had reversed the Final Judgment, in which case the Clerk would deliver the principal to VPX. The March 18th Order also provided that, in any event, the interest accruing on the Supersedeas Account would be paid to VPX following the conclusion of the appeal.

8. On March 22, 2022, VPX wired the "Final Judgment Deposit" of $2,897,098.10 to the Clerk of Court, who placed it in the Supersedeas Account, held at First Federal Bank for the benefit of Webb, in accordance with the March 18th Order. See Payment Detail, attached hereto as Exhibit 6. VPX filed its appeal from the Judgment on March 25, 2022, Case No. 22-AP-488, in the Wisconsin Court of Appeals (the "Wisconsin Appeal").

9. The Debtors filed these Chapter 11 Cases on October 10, 2022.

10. On March 17, 2023, VPX's counsel in the Wisconsin Appeal, who had filed the notice of appeal in March 2022 and have been VPX's counsel of record in the appeal ever since, first notified the Wisconsin Court of Appeals of the pendency of these cases by filing a Notice of Bankruptcy in the Wisconsin Appeal. See March 17, 2023 letter from James E. Goldschmidt of Quarles & Brady LLP, attached hereto as Exhibit 7.

11. On March 20, 2023, accepting VPX's counsel's representation that the appeal was subject to the automatic stay, the Wisconsin Court of Appeals entered an order staying the Wisconsin Appeal until the automatic stay expires. See Order Staying Case, attached hereto as Exhibit 8.

12. It appears that the Debtors sought to describe the funds in the Supersedeas Account as an asset of the VPX's estate, but actually scheduled them as an "Escrow Deposit" in the precise amount of $2,897,098.10, stating that the funds are held by Wilson Elser Moskowitz Edelman, a firm that has no known connection to the Wisconsin Action or the Wisconsin Appeal *See* Debtor's Schedule AB 7 Attachment, Dkt. No. 323, p. 19.

13. Webb has filed its Limited Objection to the Debtors' Sale Motion (the "Objection") [Dkt. No. 1094], which argues that the Final Judgment Deposit in the Supersedeas Account is not property of VPX's estate. But even if the Court were to find that the Debtor does have some interest in that property, Webb has by operation of applicable Wisconsin law a first priority lien on the funds until the resolution of the Wisconsin Appeal. Webb hereby restates and incorporates the contents of the Objection (other than the separate relief sought therein) in this Motion.

14. When deposited approximately one year ago, the Final Judgment Deposit provided Webb a cushion of $452,000. Interest on the Judgment is accruing at an annual rate of about $100,000, and, as Webb continues to incur legal fees, the surplus amount of the Final Judgment Deposit in the Supersedeas Account will inevitably decrease over time, unless the already year-old Wisconsin Appeal is resolved expeditiously.

## RELIEF REQUESTED

Webb requests that this Court modify the automatic stay, if any,[6] pursuant to Section 362(d) of the Bankruptcy Code "for cause" in order to allow the Wisconsin Court of Appeals to proceed with the Wisconsin Appeal. Section 362(d)(1) provides that the automatic stay may be lifted or modified upon the motion of a party in interest, after notice and a hearing, for cause, including a lack of adequate protection. "Cause" is determined on a case-by-case basis, with the bankruptcy

---

[6] See n.3, above.

4854-6365-7307.6

court having "wide latitude" to decide whether to grant such relief. *Lord v. True Funding, LLC*, 618 B.R. 588, 592 (S.D. Fla. 2020) (citing *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013)).

When determining whether to lift the stay to allow litigation to continue in another forum, courts apply the following test: (1) whether there is great prejudice to the estate or the debtor from continuation of the suit (which is typically, if not always, the creditor's suit against the debtor); (2) whether the hardship to the non-debtor party of maintaining the stay considerably outweighs the harm to the debtor; and (3) whether the non-debtor has a probability of prevailing on the merits. *In re Makarewicz*, 121 B.R. 262, 265 (S.D. Fla. 1990). Notably, harm to the estate focuses on the harm to unsecured creditors. In *Makarewicz,* the court found no harm to the estate because the property involved in the state lawsuit was exempt and would not have benefited the unsecured creditors. *Id*. Courts also look to the efficiency of allowing the proceeding to continue in the original forum and the cost of judicial resources in the bankruptcy court to make the determination whether to lift the stay to allow litigation in a non-bankruptcy forum. *In re Murray Industries, Inc.*, 121 B.R. 635, 636-37 (Bankr. M.D. Fla. 1990).

Here, the factors weigh in favor of lifting the stay to allow the appellate court to proceed to resolve the Wisconsin Appeal. If the Wisconsin Appeal proceeds expeditiously and Webb prevails, it will be paid from the funds in the Supersedeas Account, which Webb maintains are not property of the estate, but even if they are, they are segregated for the benefit of Webb and no other creditor until the appeal is resolved. Of course, if VPX prevails, it will be entitled to those funds, which would benefit the estate. While there is a cost to the Debtors to complete the Wisconsin Appeal, that cost will have to be incurred in any event before the estate can hope to get its hands on the funds.

While VPX will not suffer harm in litigating the Wisconsin Appeal to completion, Webb has suffered and continues to suffer significant hardship by not being able to complete the appeal process and access the $2.9 million that it is entitled to, to apply to the Final Judgment in its favor. Webb's security in the Final Judgment is reduced on a daily basis because interest and fees will continue to eat into its equity cushion. Approximately one year has already passed since the Final Judgment Deposit was made, reducing the $452,000 equity cushion to approximately $350,000, exclusive of fees incurred by Webb.[7] Webb faces the very real risk of becoming undersecured if the stay continues and prevents the appeal from being resolved. This case was filed almost five months ago, and the Debtors have initiated a sale process that has been unsuccessful thus far. The Debtors have obtained an extension of exclusivity through June to propose a plan and August to confirm it. Each day that the appeal fails to progress toward resolution reduces Webb's security.

The third prong of the test to determine if the automatic stay should be lifted is also met. Webb is likely to prevail on the merits in the Wisconsin Appeal. It obtained a default judgment in the Wisconsin Action as to liability, based on VPX's principal John Owoc's misconduct in discovery. *See* Ex. 1. The Wisconsin Supreme Court, in a recent published precedential opinion, has held that such a remedy is appropriate for repeated violations of the discovery process and court orders. *Mohns, Inc. v. BMO Harris Bank National Association*, 945 N.W.2d 339, 353 (Wis. 2021).[8] Though a default judgment was entered against VPX on liability, there was also a jury trial on the issue of damages. The jury awarded Webb over $2.4 million. Wisconsin appellate courts

---

[7] Under the Wisconsin Fair Dealership Law, Wis. Stat. § 135.06, Webb is entitled to its reasonable attorneys' fees for both the trial court and appellate court matters. *Siegel v. Leer, Inc.*, 457 N.W.2d 533, 538 (Wis. App. 1990).

[8] Notably, according to the Official Committee of Unsecured Creditors, Mr. Owoc appears to be continuing this improper litigation conduct in these Chapter 11 Cases. *See* Expedited Motion to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Comply with the Court's March 30, 2023 Order and For Sanctions [Dkt. No. 1118]. While it appears the parties have resolved their issues as to this particular motion, the fact that it was required in the first place demonstrates the continuation of the very conduct that led to the default judgment in the Wisconsin Action.

9

4854-6365-7307.6

"do not upset a jury verdict if there is any credible evidence to support it." *Dakter v. Cavallino*, 856 N.W.2d. 523, 528 (Wis. App. 2014). Here, VPX's liability was fixed by the default judgment, and it is extremely unlikely that the Wisconsin Court of Appeals will overturn the jury's damages verdict. Therefore, Webb has a significant probability of prevailing in the Wisconsin Appeal.

Furthermore, the resolution of the Wisconsin Appeal (which is purely a matter of Wisconsin law) in the Wisconsin Court of Appeals is the most efficient use of judicial resources. Under Wisconsin law, the Final Judgment has preclusive effect, and VPX cannot use this Court or this bankruptcy case to attack its finality. The only way to determine entitlement to the Final Judgment Deposit is to resolve the Wisconsin Appeal. This is best done in the Wisconsin Court of Appeals. Based on the foregoing, Webb has demonstrated that cause exists for Court to lift the automatic stay to allow VPX and Webb to continue with the Wisconsin Appeal.

In addition to the cause that exists to lift the automatic stay under Section 362(d)(1), Section 362(d)(2) also allows the stay to be lifted or modified if the debtor does not have equity in the subject property and it is not necessary to a reorganization. The movant bears the burden of showing the debtor's lack of equity, and if shown, the burden shifts to the debtor to demonstrate that the property is necessary for an effective reorganization. *In re White*, 2014 WL 4443422 (Bankr. M.D. Fla. Sep. 3, 2014). In this case, VPX currently has no equity in the Supersedeas Account, other than its right to the minimal interest accruing on it at the end of the appeal. The only way for VPX to obtain any significant equity in the principal it is to prevail on the Wisconsin Appeal. Furthermore, the Supersedeas Account will not be available to assist the Debtors in any potential reorganization unless the Wisconsin Appeal is determined in VPX's favor. Consequently, the Court should lift the stay to allow the appeal to proceed.

10

**CONCLUSION**

Webb has demonstrated cause for the Court to lift the automatic stay to allow the resolution of the Wisconsin Appeal. VPX's current lack of equity in the Supersedeas Account and its inability to access those funds for its reorganization until the Wisconsin Appeal is determined also support lifting the stay, While the Debtors will not suffer any significant prejudice and the estate will not be impacted at all if the Court rules in Webb's favor, Webb is continuing to suffer harm by being unable to access the funds in the Supersedeas Account which have been set aside to compensate it for VPX's wrongful conduct.

Therefore, Webb requests that this Court enter an order: (i) lifting the automatic stay so that Webb the Wisconsin Court of Appeals can resolve the Wisconsin Appeal; and (ii) granting such other relief as is just and proper under the circumstances.

Dated:  April 14, 2023                              Respectfully submitted,

                                                               FOLEY & LARDNER LLP

                                                               By: /s/ Mark J. Wolfson
                                                               Mark J. Wolfson (FL Bar No. 0352756)
                                                               *Counsel to Webb & Gerritsen, Inc.*
                                                               100 North Tampa Street
                                                               Suite 2700
                                                               Tampa, Florida 33609
                                                               (813) 225-4119
                                                               mwolfson@foley.com