# Exhibit 5

FILED
03-18-2022
Clerk of Circuit Court
Waukesha County
2019CV001049

DATE SIGNED: March 18, 2022

Electronically signed by Michael O. Bohren
Circuit Court Judge

STATE OF WISCONSIN      CIRCUIT COURT      WAUKESHA COUNTY

WEBB & GERRITSEN, INC.,

    Plaintiff,

-vs-      Case No. 19-CV-1049
     Classification Code: 30303

VITAL PHARMACEUTICALS, INC.,

    Defendant.

## ORDER FROM HEARING ON FEBRUARY 24, 2022

This matter having come before the Court for hearing on February 24, 2022, on the parties' motions and filings relative to remaining post-verdict matters; the Plaintiff having appeared by its counsel, David H. Weber, and the Defendant having appeared by its counsel, Matthew T. Fricker; the Court having considered all files, records, and proceedings, and having heard the oral argument of counsel, and for the reasons stated on the record,

**IT IS HEREBY ORDERED:**

(1) The Court determined, in the exercise of its discretion, that the Plaintiff's reasonable actual attorney fees pursuant to Wis. Stat. § 135.06 shall be included in the Judgment as part of the costs to be taxed.

(2) The Court stays enforcement of the Judgment pursuant to WIS. STAT. § 806.08 until March 24, 2022.

(3) On or before March 24, 2022, the Defendant may do one of the following:

(a) file with the Court an undertaking from a surety, pursuant to WIS. STAT. § 808.07, in the amount of $2,897,098.10, with a guarantee of payment by the surety to the Plaintiff of that amount in the event of (i) no appeal or (ii) affirmance and remittitur from the Court of Appeals or the Supreme Court pursuant to WIS. STAT. § 808.09; or

(b) deposit the sum of $2,897,098.10 with the Clerk of Court, who shall immediately deposit those funds into an interest-bearing account, with the principal deposited funds payable to the Plaintiff in the event of (i) no appeal or (ii) affirmance and remittitur from the Court of Appeals or the Supreme Court pursuant to WIS. STAT. § 808.09, and with all funds payable to the Defendant in the event of reversal and remittitur from the Court of Appeals or the Supreme Court pursuant to WIS. STAT. 808.09. Any interest accruing on the deposited funds at the market rate past the date of deposit shall be deemed the property of Defendant and revert to Defendant following appeal.

(4) Upon Defendant's timely compliance with Paragraph (3) of this Order, the Court's stay granted under Paragraph (2) of this Order shall remain in effect pursuant to WIS. STAT. § 808.07 and shall continue until either (a) no appeal has been filed and the time for taking appeal has expired, or (b) affirmance

and remittitur from the Court of Appeals or the Supreme Court pursuant to WIS. STAT. § 808.09. Thereupon, the funds described in Paragraph (3) of this Order shall be paid or disbursed to the Plaintiff as provided in Paragraph (3) of this Order.

(5) The Court is further extending and indefinitely staying the period of time for the Plaintiff to perfect the Judgment and seek actual reasonable attorney's fees and costs pursuant to WIS. STAT. §§ 806.06(4) and 806.08. The Judgment shall be perfected along with any petition for reasonable actual attorney fees and costs within thirty days of the stay referenced in Paragraph (4) of this Order being lifted as set forth in WIS. STAT. § 806.06(4).

(6) If the Defendant fails to timely take either action described in Paragraph (3) of this Order, the stay of execution and enforcement of the Judgment shall thereupon immediately extinguish.

(7) The Judgment in favor of the Plaintiff is amended to also provide that the Plaintiff shall recover its actual costs, including reasonable actual attorney fees, pursuant to WIS. STAT. § 135.06.

**THIS IS A FINAL JUDGMENT FOR PURPOSES OF APPEAL.**