Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

IN RE:                          CASE NO. 22-17842-PDR

VITAL PHARMACEUTICALS, INC.,

     Debtor.

_____/

ECF #1118

April 6, 2023

     The above-entitled cause came on for hearing before the Honorable Peter D. Russin, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd., Fort Lauderdale, Broward County, Florida, on April 6, 2023, commencing at or about 2:00 p.m., and the following proceedings were had.

Transcribed from a digital recording by:

Cheryl L. Jenkins, RPR, RMR

APPEARANCES:

BERGER SINGERMAN, by
JORDI GUSO, Esquire (via Zoom)
On behalf of the Debtor

SEQUOR LAW, by
JUAN MENDOZA, Esquire
and
LOWENSTEIN SANDLER, by
RACHEL MAIMIN, Esquire (via Zoom)
On behalf of the Official
Committee of Unsecured Creditors

SHRAIBERG LANDAU & PAGE, by
BRAD SHRAIBERG, Esquire
On behalf of Jack and Megan Owoc and Elite Island, LLC

SQUIRE PATON BOGGS, by
MARK SALZBERG, Esquire (via Zoom)
On behalf of KJ Can West

J. STEVEN WILKES, Trial Attorney (via Zoom)
Office of the U.S. Trustee
Department of Justice

ALSO PRESENT

ECRO - Electronic Court Reporting Operator

- - - - - - -

|   |   |
|---|---|
| 1 | THE COURT: All right. So, Vital |
| 2 | Pharmaceuticals, 22-17842. Appearances in the courtroom. |
| 3 | MR. MENDOZA: Good afternoon, your Honor. |
| 4 | Juan Mendoza, M-e-n-d-o-z-a, of Sequor Law for the |
| 5 | official committee of unsecured creditors. |
| 6 | Your Honor, here with us on Zoom is lead |
| 7 | counsel for the committee, Rachel Maimin, I would just |
| 8 | like to point out that the Court entered an order |
| 9 | authorizing her to appear remotely today. |
| 10 | THE COURT: Yes. |
| 11 | MR. MENDOZA: Thank you, your Honor. |
| 12 | THE COURT: Thank you for reminding me. |
| 13 | Sometimes I forget. |
| 14 | Mr. Shraiberg. |
| 15 | MR. SHRAIBERG: Good afternoon, your Honor. |
| 16 | Brad Shraiberg, S-h-r-a-i-b-e-r-g, on behalf of Jack and |
| 17 | Megan Owoc. |
| 18 | THE COURT: Okay. Thank you. |
| 19 | Now on Zoom, Mr. Wilkes. |
| 20 | MR. WILKES: Good afternoon, your Honor. |
| 21 | J. Steven Wilkes for the United States Trustee, Region 21. |
| 22 | THE COURT: Thank you. |
| 23 | Ms. Maimin. |
| 24 | MS. MAIMIN: (No verbal response.) |
| 25 | THE COURT: You're on mute somehow, although |

1     it's not showing mute.  I don't know.  Try again.
2                    MS. MAIMIN:  Now?
3                    THE COURT:  Yeah, I can sort of hear you,
4     yep.
5                    MS. MAIMIN:  Okay.  I'll just talk really
6     loudly.
7                    Good afternoon, your Honor.  I'm here on
8     behalf of the unsecured creditors.
9                    THE COURT:  Thank you.
10                   Mr. Salzberg.
11                   MR. SALZBERG:  Good afternoon, your Honor.
12    Mark Salzberg on behalf of KJ Can West.
13                   THE COURT:  Say that again, what was the
14    entity?
15                   MR. SALZBERG:  KJ Can West, your Honor.
16                   THE COURT:  KJ Can, okay.  Thank you.
17                   And Mr. Guso.
18                   MR. GUSO:  Good afternoon, your Honor.
19    Jordi Guso, of Berger Singerman.  Along with the
20    Latham & Watkins firm, we are counsel to the debtors.
21                   THE COURT:  Thank you.
22                   Any others?
23                   (No verbal response.)
24                   THE COURT:  All right.  So, this is an
25    expedited motion to compel.  I understand there might be

1  an agreement?
2              MR. SHRAIBERG: Yes, your Honor, I'm pleased
3  to say that there is an agreement.
4              One, I wanted to first let the Court know
5  about a, I guess, procedural issue with regard to, the
6  Owocs right now, according to the docket, have two sets of
7  lawyers. We are working with prior counsel to do a
8  substitution of counsel. We are waiting for a signature.
9              I can represent to the Court that there is
10 no confusion from the Owocs' standpoint, but it needs to
11 be properly --
12             THE COURT: (Inaudible) the name of
13 Mr. Luna, right?
14             MR. SHRAIBERG: Exactly, your Honor, but
15 technically --
16             THE COURT: I will tell you why that is.
17 Mr. Luna submitted an order, because he had an agreement
18 with his client that he could withdraw, but that's not an
19 agreed matter, and that requires a hearing, because there
20 -- he was counsel in a contested matter, that was actually
21 ongoing at the time, and I had not let him out of the case
22 yet.
23             I know Mr. Luna to be highly respected
24 counsel, I'm not suggesting otherwise, but I think he
25 missed the procedure on this one. We had a hearing in

Page 6

1  which he did not appear, even though I had not entered the
2  order yet, and I set that matter for hearing, I think, on
3  the 19th, or something like that, of April, and the main
4  reason is because even though they're individuals, when
5  there is a contested matter, I wasn't certain that it was
6  their obligation to withdraw, and if it's not their
7  obligation to withdraw under the Florida Bar ethics rules,
8  then it's still within my discretion not to let him
9  withdraw.
10                MR. SHRAIBERG:  That's right.
11                THE COURT:  And there were some very
12  significant matters going on, at least that's how they
13  were portrayed to me, that I felt might still need
14  counsel, and you hadn't been hired yet.
15                MR. SHRAIBERG:  Correct.
16                THE COURT:  So, I'm just letting you know,
17  that's why you're in the -- not you, but that's why there
18  are two lawyers still in that case.
19                MR. SHRAIBERG:  And we --
20                THE COURT:  You're not -- and just for all
21  of you, and you all know already, but you're not out of
22  the case until you're out of a case, and until you're out
23  of a case, you're in the case, and you need to do what is
24  your responsibility towards your client while you are in
25  that case.  So, that's the background.

1    MR. SHRAIBERG: Sure, and we are doing -- my
2    office is doing its best to get up to speed as quickly as
3    possible, including understanding what we've inherited
4    with regard to this -- these document requests that are
5    the subject of today's hearing and, you know, showing the
6    Court that we're taking this seriously, and emphasizing
7    that whatever happened before isn't going to continue to
8    happen, and that was a combination of clients, and the
9    prior counsel, and whatever was there no longer exists.
10   THE COURT: Okay. Well, I mean, you're not
11   second, I think you're third or fourth. So, and that was
12   another concern I had.
13   MR. SHRAIBERG: Sure.
14   THE COURT: You know, when you have multiple
15   counsel seemingly withdraw, I think Mr. Battista was in
16   the case in the first instance --
17   MR. SHRAIBERG: Yep.
18   THE COURT: -- and just disappeared, and I
19   don't -- you know, I didn't know what happened after that,
20   I think there was somebody before Mr. Luna, and then there
21   was Mr. Luna, and now you. So when that happens, that
22   also, from an administrative perspective for the Court to
23   administer the case, it gives me pause before I'm going to
24   let somebody out to make sure that the case can continue
25   unabated. So, that's part of it.

1           MR. SHRAIBERG:  And to keep up with mishaps
2   with regard to counsel, we were called by the Clerk's
3   Office, his official name is John Owoc, which is what we
4   used, but I think someone along the way called him Jack.
5           THE COURT:  Yes.
6           MR. SHRAIBERG:  Therefore -- which is what
7   he goes by, which, therefore, there is confusion that
8   there is now two different parties.  So, you will -- the
9   world will see a withdrawal of my notice of appearance, it
10  is only to correct it, just to make it easy --
11          THE COURT:  Very glad you warned me about
12  that.
13          MR. SHRAIBERG:  -- to say Jack Owoc.  So
14  that doesn't mean that we're coming out, it's just a
15  procedural issue to --
16          THE COURT:  Okay.  Well, at least not yet.
17          MR. SHRAIBERG:  Correct.
18          THE COURT:  I gotcha.
19          MR. SHRAIBERG:  With that, I probably should
20  turn it over to committee counsel.  We have entered into
21  an agreement, and this was --
22          THE COURT:  I'm very happy to hear that.
23          MR. SHRAIBERG:  -- the last two days of
24  going back and forth, and I can also tell you that I have
25  reached out to debtors' counsel as well trying to

1  streamline issues that they have, and we're doing our best
2  to work through as much as we can.  We're optimistic that
3  -- we certainly work well together, but hopefully we'll
4  have a meeting of the minds.
5              THE COURT:  Okay.  Great.
6              MR. SHRAIBERG:  With that, I'll turn it over
7  to counsel.
8              THE COURT:  Thank you.
9              Ms. Maimin.
10             MS. MAIMIN:  Thank you.  Your Honor, we have
11 a proposal for your Honor's consideration to resolve the
12 outstanding motion to compel.  The motion for sanctions
13 would be held in abeyance.  We -- the committee would
14 provide search terms for the search of electronic
15 communications by tomorrow, April 7th.  Mr. Owoc would
16 make a rolling production of material with the following
17 milestones, first, he provides all responsive text
18 messages by the 14th of April, and, second, he completes
19 the production in its entirety by the 17th.
20             Meg Owoc makes a rolling production to be
21 complete by the 11th, and Elite Island, that's the final
22 entity that's subject to this issue, makes the rolling
23 production to be complete by the 11th.
24             THE COURT:  11th of --
25             MS. MAIMIN:  The deadline --

1      THE COURT:  The 11th of what month?
2      MS. MAIMIN:  April.
3      THE COURT:  Of April, okay.
4      MS. MAIMIN:  The 11th of April.
5      THE COURT:  Okay.
6      MS. MAIMIN:  The deadlines could be extended
7  by order of your Honor for good cause, the burden of which
8  to show would be on the Owocs or Elite Island, as
9  applicable, and if any of the deadlines I mentioned are
10 missed, the Owocs and Elite Island consent to our motion
11 being taken out of abeyance upon our motion to the Court,
12 and they will not oppose that.
13     THE COURT:  Motion for sanctions?
14     MS. MAIMIN:  Correct.
15     THE COURT:  So, in other words --
16     MS. MAIMIN:  And we --
17     THE COURT:  -- the motion for sanctions I
18 would reserve jurisdiction.  It would not be granted or
19 denied, except by virtue of your stipulation, it would
20 just be held, and you would have to raise it again upon
21 default.  In other words, I don't have to --
22     MS. MAIMIN:  Correct.
23     THE COURT:  It's not going to sit on the
24 docket as an unresolved matter.
25     MS. MAIMIN:  No.

1    THE COURT: Okay. Understood. Understood.
2    Okay.
3    MS. MAIMIN: Of course we plan to submit to
4    your Honor, if this resolution is amendable to the Court,
5    a stipulation for the Court to so order.
6    THE COURT: Okay. All right. Fair enough.
7    Does that -- Mr. Shraiberg, do you agree
8    with those terms as described?
9    MR. SHRAIBERG: Yes, yes, your Honor, we do.
10   THE COURT: Okay. All right. Anyone else
11   wish to be heard?
12   MR. WILKES: Thank you, your Honor.
13   J. Steven Wilkes for the United States Trustee.
14   Two matters of concern. As Ms. Maimin
15   stated, this is an agreement between counsel -- committee
16   counsel and the Owocs, as well as Elite Island, LLC, and I
17   want to clarify for the record, Mr. Shraiberg's notice of
18   appearance at 11 -- at Docket Entry 1134 is for both
19   Mr. and Mrs. Owoc, as well as Elite Island. When he made
20   his notice of appearance orally, he didn't go into Elite
21   Island. So, I just want to clarify that for the record.
22   THE COURT: That's good.
23   MR. WILKES: That's one of the other --
24   THE COURT: That's good, because
25   corporations need counsel.

```
 1              MR. SHRAIBERG:  And that was an oversight.
 2   I am also here --
 3              THE COURT:  Okay.  All right.  He's
 4   acknowledging that, okay.
 5              MR. WILKES:  Yes, I'm not saying that he
 6   wasn't trying to.  I just wanted to clarify the record on
 7   that one.  That's also one of the reasons of concern that
 8   the Court had on the motion to extend time, that was filed
 9   by Mr. Luna on behalf of Mr. and Mrs. Owoc and Elite
10   Island, LLC, and the confusion about the withdrawal by
11   Mr. Luna.
12              THE COURT:  You're right, you're right, I
13   had forgotten that.
14              MR. WILKES:  And that gets you to the area
15   of concern on the motion for sanctions under
16   Rule 37(a)(5)(A), if sanctions are awarded -- are eligible
17   to be awarded to the committee for the failure to comply
18   and cooperate with discovery, then that issue is also
19   potentially impacting upon the attorney for Mr. and
20   Mrs. Owoc and Elite Island, LLC's counsel at the time.
21   I'm not saying Mr. Shraiberg has got that problem, he
22   wasn't their counsel at the time.
23              THE COURT:  So you're asking whether the
24   stipulation also preserves potential sanction claims
25   against previous counsel for the Owocs and Elite Island?
```

1      MR. WILKES:  I'm not actually asking the
2 question whether it preserves, but actually making the
3 statement that it must preserve.
4      THE COURT:  Okay.  All right.  Mr. -- I
5 would ask Ms. Maimin, but she's just going to say "of
6 course".
7      What do you have to say, Mr. Shraiberg?
8      MR. SHRAIBERG:  I would say that the
9 agreement is is that this entire motion is being held in
10 abeyance.  So, any rights that they had a minute before
11 the hearing are still alive if in the event of a default.
12      THE COURT:  Okay.  Now, and you're not
13 suggesting that prior counsel needs to agree to that
14 stipulation, it is what it is.
15      MR. SHRAIBERG:  I think it is what it is.
16      THE COURT:  Okay, and you agree with that,
17 Ms. Maimin?
18      MS. MAIMIN:  Yes, Judge.
19      THE COURT:  Okay.  All right.  Mr. Wilkes,
20 excellent observation.  Thank you for that clarification.
21      All right, and the stipulation will be,
22 we'll just say what it says, and hold that open as an
23 issue.
24      Okay.  Anything else, Mr. Wilkes?
25      MR. WILKES:  Not on the motion, your Honor.

1  Thank you.
2            THE COURT: All right. You do raise an
3  interesting -- I had an issue earlier today, actually,
4  with respect to 2004 discovery, and a trustee seeking
5  sanctions under Rule 37 for violation of a Rule 2004
6  discovery, and I hesitated to know -- like, I didn't know
7  whether Rule 37 applies, or whether there is some other
8  basis for sanctions, because Rule 2004 doesn't really have
9  anything in it that supports sanctions, and usually under
10 2004 it ends up being a 105 issue.
11           So, I'm just putting that out there because
12 Mr. Wilkes reminded me about the Rule 37 issue, which I
13 was uncertain about earlier today in another matter, but
14 at any rate, all right, so you'll get me that stipulation
15 -- actually an order granting the stipulation, and the
16 terms of the stipulation will be within the order as
17 agreed to by the parties.
18           MR. SHRAIBERG: Yes, that works.
19           THE COURT: Okay, and who is submitting
20 that?
21           MS. MAIMIN: We'll submit it, your Honor.
22           THE COURT: Okay. Anything else we need to
23 do here today?
24           MR. SHRAIBERG: I think that's everything.
25           THE COURT: Okay. Well, thank you all very

Page 15

1  much.
2              MR. SHRAIBERG:  Thank you, your Honor.
3              MS. MAIMIN:  Thank you.
4              THE COURT:  And I'll look forward to
5  receiving that order.
6              MS. MAIMIN:  Thank you, Judge.
7              THE COURT:  All right.  Is that it for the
8  day?  Yes?
9              Okay.  Great.  Thank you all.
10
11
12
13             (Thereupon, the hearing was concluded.)
14
15
16
17
18
19
20
21
22
23
24
25

```
 1
 2
 3                      CERTIFICATION
 4
 5   STATE OF FLORIDA        :
 6   COUNTY OF MIAMI-DADE    :
 7
 8              I, Cheryl L. Jenkins, RPR, RMR, Shorthand
 9   Reporter and Notary Public in and for the State of Florida
10   at Large, do hereby certify that the foregoing proceedings
11   were transcribed by me from a digital recording held on
12   the date and from the place as stated in the caption
13   hereto on Page 1 to the best of my ability.
14              WITNESS my hand this 12th day of
15   April, 2023.
16
17
18              _____
19                CHERYL L. JENKINS, RPR, RMR
20              Court Reporter and Notary Public
                in and for the State of Florida at Large
21                 Commission #HH 170910
                     December 27, 2025
22
23
24
25
```