UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND (II) GRANTING RELATED RELIEF

*[Request for Hearing on May 4, 2023 at 2:00 p.m.]*

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, pursuant to section 1121 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), file this motion (this "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) extending (a) the Debtors' exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") by 88 days (through and including August 4, 2023), and (b) the Debtors' exclusive period to solicit votes on said plan by 88 days (through and including October 6, 2023) (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"), without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods; and (ii) granting related relief. In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12077583-1

**PRELIMINARY STATEMENT**

1. Since the entry of the Final DIP Order (as defined below) and the *Order Granting Debtors' Expedited Motion for Entry of an Order (I) Extending the Exclusive Periods within which to File a Chapter 11 Plan and Solicit Acceptances thereof and (II) Granting Related Relief* [ECF No. 744] (the "First Extension Order"), the Debtors have made significant progress in these chapter 11 cases forging a path forward for a successful conclusion to these cases. In particular, the Debtors received Court approval of a transaction process that will allow interested parties to submit bids for the Debtors' assets in the form of either a 363 sale (a "Sale Transaction") or a plan of reorganization (a "Plan Transaction") (each of a Sale Transaction and a Restructuring Transaction, a "Transaction"). The current Exclusive Filing Period expires on May 8, 2023, and the Debtors, by this Motion, propose to extend such period to August 4, 2023 (as well as the Exclusive Solicitation Period by a corresponding amount of time). An extension of the Exclusive Periods will allow the Debtors to remain focused on consummating a value-maximizing Transaction for the benefit of all stakeholders and will avoid the distractions that would result should the Debtors' Exclusive Periods terminate.

2. There is no need to terminate the Debtors' Exclusive Periods. The ongoing sale and marketing process offers parties in interest the ability to submit a bid in the form of a plan of reorganization. As such, extending the Debtors' Exclusive Periods does not prejudice any third party—should a party in interest wish to propose a plan, they can do so within the process already being run by the Debtors. In contrast, ending the Debtors' Exclusive Periods at this juncture would undermine the orderly Transaction process that is well underway and enjoys the support of the Debtors' key economic constituents. The importance of extending the Exclusive Periods is clear, and, as set forth herein, "cause" clearly exists for the Court to do so. Accordingly, the Debtors respectfully request that the Court grant the relief requested.

**JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested herein is section 1121(d) of the Bankruptcy Code.

**BACKGROUND**

6. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Bankruptcy Code.

7. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On November 1, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") [ECF No. 245]. On November 23, 2022, the U.S. Trustee reconstituted the Committee [ECF No. 400]. No request has been made to the Court to order the appointment of a trustee or examiner.

9. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 10] (the "First Day Declaration"), which is incorporated herein by reference.

10. Since the filing of these chapter 11 cases, the Debtors have worked diligently to stabilize their operations, fulfill their obligations as debtors-in-possession, and address numerous complex issues. In furtherance of these goals, the Debtors engaged in extensive and hard-fought negotiations with their pre- and post-petition lenders (the "DIP Lenders") to secure debtor-in-possession financing on terms acceptable not only to those lenders, but to the Committee, Monster

3

Energy Company ("Monster"), and certain other litigation and lien claimants. As a result of these efforts, the Debtors were able to obtain debtor-in-possession financing on a largely consensual basis, and on January 12, 2023, this Court entered the *Final Order (I) Approving Postpetition Financing, (II) Authorizing Use Of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [ECF 638] (the "Final DIP Order") approving the Debtors' postpetition financing on a final basis.

11. In accordance with the terms of the Final DIP Order, on January 27, 2023, the Debtors filed the *Debtors' Motion for an Order (I) Approving (A) Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* [ECF No. 707] (the "Bidding Procedures Motion"). On February 24, 2023, this Court entered an order granting the Bidding Procedures Motion [ECF No. 854] (the "Bidding Procedures Order"). The Bidding Procedures Order set forth certain sale milestones (the "Bidding Procedures Milestones") to guide the Debtors' marketing and sale process (the "Transaction Process"). The Transaction Process is supported by both the Committee and the DIP Lenders.

12. On February 17, 2023, the Debtors filed an adversary proceeding in this Court [ECF No. 340] against Monster and Orange Bang, Inc. ("OBI") in connection with a prepetition

4

arbitration award (the "Arbitration Award") granted in favor of Monster and OBI.  Through the adversary proceeding, the Debtors are seeking an order from this Court clarifying the ability of any purchaser of the Debtors' assets to continue using the "Bang" word mark subject to the purchaser continuing to honor the Debtors' royalty obligations under the Arbitration Award, which Monster and OBI dispute (such dispute, the "Monster/OBI Dispute").  As disclosed at the status conference before the Court on March 29, 2023, the Debtors, Monster and OBI have also been engaged in settlement discussions in an effort to resolve this dispute.  As described in further detail below, the outcome of this dispute may impact the final resolution of the Transaction Process.

13. On February 3, 2023, this Court entered the First Extension Order [ECF No. 744], which extended the Exclusive Filing Period from February 7, 2023, through and including May 8, 2023; and (b) extending the Exclusive Solicitation Period from April 10, 2023, through and including July 10, 2023, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

14. As of March 20, 2023, there have been approximately 730 proofs of claim filed in these chapter 11 cases.  *See* ECF No. 985 (Claims Register).

## RELIEF REQUESTED

15. By this Motion, the Debtors respectfully request that, pursuant to section 1121(d) of the Bankruptcy Code and without prejudice to the Debtors' rights to seek additional extensions of time, the Court enter the Proposed Order (i) extending the time during which the Debtors shall have the exclusive right to file a chapter 11 plan from May 8, 2023, through and including August 4, 2023; and (ii) extending the time during which the Debtors shall have the exclusive right to solicit acceptances on said plan from July 10, 2023, through and including October 6, 2023.

**BASIS FOR REQUESTED RELIEF**

16.     Section 1121(b) of the Bankruptcy Code provides debtors with the exclusive right to file a chapter 11 plan during the first 120 days after commencement of a chapter 11 case. 11 U.S.C. § 1121(b). If a debtor files a plan during this period, section 1121(c)(3) of the Bankruptcy Code provides the debtor with an additional 60 days following the expiration thereof (or 180 days following the commencement of the case) to solicit votes on such plan. 11 U.S.C. § 1121(c)(3). Section 1121(d) of the Bankruptcy Code permits the bankruptcy court to extend a debtor's exclusive period to file a plan and solicit acceptances thereof upon demonstration of "cause." 11 U.S.C. § 1121(d).

17.     Although the Bankruptcy Code does not define "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. REP. NO. 95–595, at 231–32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest). This time of exclusivity affords a debtor an opportunity to propose a chapter 11 plan and solicit acceptances thereof without the potential value deterioration and disruption to business operations that would ensue from the filing and solicitation of competing plans by non-debtor parties. Further, the legislative history indicates that "cause" should be interpreted in such a way "to allow the debtor to reach an agreement." H.R. Rep. No. 95-595 at 231-32 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191.

18.     In determining whether cause exists to extend a debtor's exclusive periods, courts consider a variety of factors, including:

      i.     the size and complexity of the case;

  ii.  the necessity of sufficient time to negotiate and prepare adequate information;

  iii.  the existence of good faith progress toward reorganization;

  iv.  whether the debtor is paying its debts as they come due;

  v.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

  vi.  whether the debtor has made progress in its negotiations with creditors;

  vii.  the amount of time that has elapsed in the case;

  viii.  whether the debtor is not seeking to extend exclusivity to pressure creditors; and

  ix.  the existence of an unresolved contingency.

*See In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (citations omitted); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended).

  19.  Not all of these factors may be applicable in every case, accordingly courts may consider a relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity). Finally, the decision to extend a debtor's exclusive filing and solicitation periods is left to the discretion of the court, and should be based upon the facts and circumstances of the particular case. *See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

20. The application of the relevant factors to the facts and circumstances of these chapter 11 cases demonstrates that the requested extension of the Exclusive Periods is both appropriate and necessary.

### I. These Chapter 11 Cases Are Large and Complex.

21. With respect to the first factor, it is clear that the Debtors' cases are large and complex. The Debtors capital structure is complex, and it is subject to numerous liabilities that need to be addressed during the pendency of these chapter 11 cases. As of the Petition Date, the Debtors' funded debt obligations totaled approximately $344.2 million, and the Debtors' outstanding trade payables totaled approximately $83 million. *See* First Day Declaration, ¶¶ 25, 27. Over 700 proofs of claim have been filed to date. Further, the Debtors' chapter 11 cases involve numerous active creditor constituents, including, the Committee, the DIP Lenders, Monster, and certain other litigation claimants, as well as a multitude of counterparties to the Debtors' contracts and leases.

22. ***DIP Financing***. Prior to the entry of the Final DIP Order, numerous objections were filed to the proposed debtor-in-possession financing, and the hearing to consider entry of the Final DIP Order was delayed several times. By working constructively with the objecting parties, the Debtors were able to consensually resolve all but one of the objections. But the issues raised in the objections, including, among others, those related to the terms of the Debtors' postpetition financing and corporate governance changes, evidence the complex nature of these cases.

23. ***Transaction Process***. The Debtors, in coordination with the DIP Lenders and the Committee, are in the midst of running a competitive sale and marketing process, with the goal of consummating a going-concern transaction for the benefit of all stakeholders. In connection therewith, the Debtors have been actively involved in negotiations with interested parties in the hopes of securing a stalking horse bid to set the "floor" for competitive bidding, and attempting to

address questions and concerns about the Monster/OBI Dispute and its impact on a potential transaction.  In accordance with the Bidding Procedures Milestones, the Debtors timely filed the Form Sale Order and Assumption Notices.[2]  As a result of these filings, the Debtors have been in active discussions with numerous creditors, including lessors, contract counterparties, taxing authorities, and others, regarding informal comments and formal objections to the Form Sale Order and matters relating to the assumption and/or assignment of an array of contracts and leases listed on the Assumption Notices.  The Debtors are also in the middle of negotiating extensions of certain of the Bidding Procedures Milestones to allow for the most robust and competitive sale process.

24.     *Litigation*.  The Debtors' chapter 11 cases are further complicated by numerous complex litigation matters.  As of the Petition Date, the Debtors were party to approximately 63 disputes that are in active litigation or are the subject of threatened litigation.  In particular, the Debtors have ongoing litigation relating to the Arbitration Award granted in favor of Monster and OBI, which was affirmed by the District Court for the Central District of California, for approximately $175 million plus a 5% royalty of net sales of Bang energy drinks.  The Debtors have appealed the Arbitration Award.  However, while such appeal is pending and in connection with the Transaction Process, the Debtors commenced an adversary proceeding against Monster and OBI in connection with the Arbitration Award.  Through such adversary proceeding, the Debtors are seeking an order from this Court clarifying the parameters within which a purchaser of the Debtors' assets can continue operating using the Debtors' "Bang" word mark.  As this Court

---

[2]  On March 3, 2023, the Debtors filed the *Notice of Filing of Proposed Sale Order* [ECF No. 896] (the "Form Sale Order") and the *Notice of (I) Executory Contracts and Unexpired Leases that May Be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto* [ECF No. 893] (the "First Assumption Notice").  Thereafter, on March 21, 2023, the Debtors filed the *Supplemental Notice of (I) Executory Contracts and Unexpired Leases that May Be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto* [ECF No. 995] (the "Second Assumption Notice," and together with the First Assumption Notice, the "Assumption Notices").  The Assumption Notices identify the Debtors' executory contracts and unexpired leases that may be assumed or assumed and assigned in connection with a Transaction.

9

is aware, on March 29, 2023, the District Court for the Southern District of Florida stayed the adversary proceeding pending a motion seeking to withdraw the reference and transfer the proceeding to the District Court for the Central District of California. The Debtors remain engaged in good faith discussions with Monster and OBI (as well as the Committee and DIP Lenders), as well as bidders, in the hope of removing the uncertainty and overhang on the Debtors' sale process resulting from the Monster/OBI Dispute.

25. Based on the foregoing, there is no question that the Debtors' cases are large and complex, warranting the extensions of the Exclusive Periods.

**II.  The Debtors Have Made Significant Progress to Date.**

26. While much work remains, as described herein, the Debtors have made significant progress with respect to maximizing the value of their assets and bringing these chapter 11 cases to a successful conclusion. The Debtors have secured DIP financing on a final basis through hard-fought negotiations that resulted in the entry of the Final DIP Order and Bidding Procedures Order on a largely consensual basis. The Debtors have remained focused throughout the cases on the Transaction Process, which has resulted in productive negotiations with a number of bidders. Additionally, the Debtors have been narrowing the issues raised in the informal and formal objections received in connection with the Form Sale Order and Assumption Notices, and will continue to do so.

27. The Transaction Process and Bidding Procedures Milestones are supported by the Debtors' key constituents, and will enable the Debtors to consider all strategic alternatives and, in consultation with the Committee and the DIP Lenders, select the Transaction that maximizes the value of their assets. Given the current Bidding Procedures Milestones, the Debtors are requesting a 88-day extension of the exclusive period to file a chapter 11 plan in order to give the Debtors sufficient time to either (a) file a plan of liquidation following the consummation of a sale if the

ultimate transaction that is consummated is a Sale Transaction, or (b) consummate the Plan Transaction on the timeline contemplated by the Transaction Process. Absent the proposed extension of the Exclusive Filing Period, the Debtors efforts and the progress made will be undermined by the needless and unproductive distractions that may result from the filing of competing chapter 11 plans. The progress achieved to date should not be derailed by the termination of the Exclusive Periods.

### III. The Debtors Are Paying their Debts Current.

28. Since the filing of these chapter 11 cases, the Debtors and their advisors have focused on the continued operation of the Debtors' business and have secured the required financing to allow the Debtors to pay their post-petition debts as and when they come due. The Debtors have timely filed all of their monthly operating reports that detail all of the foregoing payments.

### IV. The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.

29. The Bidding Procedures Milestones establish an orderly process that the Debtors believe will result in a successful Transaction that preserves the Debtors' business and maximizes the value of their assets. The Debtors expect that Transaction either to provide the sale proceeds necessary to fund distributions to creditors through a plan of liquidation or, alternatively, to be implemented through a plan of reorganization. Accordingly, this factor also weighs in favor of the Debtors' requested extensions of their exclusive periods.

### V. The Debtors Have Made Progress with their Creditors.

30. As mentioned above, the Debtors have already achieved numerous major steps in their ongoing negotiations with their creditors. Most importantly to date, the Debtors have worked closely and negotiated with a slew of creditors, including the Committee, the DIP Lenders, and Monster, potentially the largest unsecured creditor in these cases, in connection with the Final DIP

Order and the Bidding Procedures Order, among others. Additionally, the Debtors are in active negotiations with Monster and OBI and have made progress on the terms of a potential settlement of the parties' disputes. Lastly, the Debtors are engaging in productive discussions with the counterparties to their contracts and leases in connection with the Assumption Notices and potential assumption and assignment of their contracts and leases.

31. The Debtors have a constructive working relationship with the Committee, DIP Lenders, and other key creditors and have proven that they can and will work with their creditors to drive consensus when possible. In sum, the progress to date has been accomplished through the Debtors engagement with their creditor body.

**VI. Limited Time Has Passed in these Chapter 11 Cases.**

32. The Debtors filed these cases in early October 2022, approximately six months ago. While unresolved issues remain, with additional time, and absent the added confusion and disruption of competing third-party plans, the Debtors will endeavor to resolve all such issues and consummate the value maximizing Transaction that is contemplated by the ongoing Transaction Process.

**VII. The Debtors Are Not Seeking to Extend the Exclusive Periods to Pressure Creditors.**

33. The Debtors are not pressuring their creditors via the relief requested by this Motion – rather, they simply seek to continue the coordinated process they commenced months ago to identify, pursue and consummate a value-maximizing transaction for the benefit of all stakeholders. The Debtors have shown their willingness to negotiate in good faith and make concessions at every turn. The proposed extension of the Exclusive Periods will serve only to allow such negotiations to progress constructively and in a controlled manner rather than introducing potential confusion and value degradation.

**VIII.    Existence of Unresolved Contingencies**

34.    An example of an "unresolved contingency may include the favorable resolution of litigation involving the debtor's right to use an asset (*e.g.,* a lease or a trademark) that is essential to the debtor's business." *See In re GMG Cap. Partners III, L.P.*, 503 B.R. 596, 603 (Bankr. S.D.N.Y. 2014). The Monster/OBI Dispute is precisely the type of unresolved contingency that weighs in favor of granting the relief requested by this Motion. Additionally, as noted herein, the Debtors are parties to numerous pending litigations, including an adversary proceeding pending before this Court that relates to access to the Debtors' social media accounts, and a number of the claims asserted the Debtors – including the largest claims asserted by Monster, OBI, and other litigation creditors – remain disputed and in many cases unliquidated. The resolution these disputes impact both sides of the Debtors' balance sheets – the assets available to sell or reorganize around, and the liabilities to be satisfied from the proceeds of or value created by any Transaction.

35.    For all the foregoing reasons, the Debtors respectfully submit that cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## NOTICE

36.    The Debtors have provided notice of this Motion to (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition and proposed postpetition revolving credit facilities and its counsel; (d) counsel to the Committee; (e) the United States Attorney's Office for the Southern District of Florida; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; and (i) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

12077583-1

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, extending the Exclusive Periods and granting the Debtors such other related relief as the Court may deem necessary.

| | |
|---|---|
| Dated:   April 14, 2023<br>             Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
            tj.li@lw.com
            brian.rosen@lw.com
            jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
            mniles@bergersingerman.com

*Counsel for the Debtors and Debtors-in-Possession*

12077583-1

**Exhibit A**

**Proposed Order**

12077583-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.[1]

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**ORDER GRANTING DEBTORS' MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING THE EXCLUSIVE
PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** was before this Court on _____, 2023, at ___ _.m. in Fort Lauderdale, Florida, upon the *Debtors' Motion for Entry of an Order (I) Extending the Exclusive Periods within which to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Granting*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12077583-1

*Related Relief* [ECF No. ___] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors").  The Motion seeks entry of an order (this "Order") (i) extending the Debtors' exclusive periods to (a) file a chapter 11 plan (the "Exclusive Filing Period") by 88 days (through and including August 4, 2023) and (b) the Debtors' exclusive period to solicit votes on said plan by 88 days (through and including October 6, 2023) (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"), without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods and (ii) granting related relief, all as more fully set forth in the Motion.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

      **ORDERED** as follows**:**

1.      The Motion is **GRANTED** as set forth herein.

2.      All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

3.	The exclusive period for the Debtors to file a chapter 11 plan is hereby extended through and including August 4, 2023.

4.	The period during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan is hereby extended through and including October 6, 2023.

5.	The relief granted herein shall not prejudice the Debtors from seeking further extensions made pursuant to section 1121(d) of the Bankruptcy Code, nor any parties in interest from objecting to any such further extensions.

6.	Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7.	The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8.	This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.,
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
        mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

12077583-1