IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC. *et al.*[1],<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-17842-PDR<br><br>(Jointly Administered) |

## MOTION TO ALLOW LATE-FILED CLAIM AS TIMELY

Faegre Drinker Biddle & Reath LLP ("Faegre Drinker") hereby moves (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") deeming Faegre Drinker's Proof of Claim No. 640 dated December 20, 2022, a copy of which is attached hereto as **Exhibit B** (the "Claim"), as timely filed. In support of this Motion, Faegre Drinker relies upon and incorporates by reference the declaration of Joseph L. Seiler III, a copy of which is attached hereto as **Exhibit C** (the "Seiler Declaration") and further states as follows:

## JURISDICTION

1. The United States District Court for the Southern District of Florida has jurisdiction over this Motion by operation of 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. Venue of this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

US.356919196.01

3. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1.

## RELEVANT BACKGROUND

4. Faegre Drinker served as counsel to Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC in connection with certain intellectual property matters, including *In re JHO Intellectual Property Holdings, LLC*, No. 19-2330 (Fed. Cir.), USPTO Reexamination No. 90/013,933, and USPTO Reissue App No. 16/549,396, which were stayed as of the Petition Date.

5. On October 10, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On October 10, 2022, the Debtors filed the *Debtors' Emergency Motion for Approval of Form of Notice of Commencement and Proof of Claim* [D.I. 10][2] (the "Bar Date Motion"). The Bar Date Motion was granted by order dated October 14, 2022 [D.I. 114] (the "Bar Date Order").

7. On October 17, 2022, following entry of the Bar Date Order, the Court issued its Notice of Meeting of Creditors [D.I. 132] (the "Notice"), setting a general bar date of December 19, 2022 (the "Bar Date").

8. Faegre Drinker did not receive the Notice setting the Bar Date. The certificate of service with respect to the Notice and the official proof of claim form [D.I. 203] ("Certificate of

---

[2] Unless otherwise stated, all references to docket index numbers are to the docket in the lead case, Case No. 22-17842-PDR (Bankr. S.D. Fla.)

Service") indicates that Faegre Drinker was served at One Logan Square, Suite 200, Philadelphia, PA 19103-6996 ("Philadelphia Office") between October 19 and October 24, 2022. After significant and thorough investigation, however, as set forth in the Seiler Declaration, the Philadelphia Office has no record of having received the Notice, the official proof of claim form, or *any other pleadings* served by the Debtors. The only mailing received by the Philadelphia Office with respect to these chapter 11 cases between September and December 2022 was a notice of hearing *from the Bankruptcy Court* [D.I. 407],[3] a copy of which is attached hereto as **Exhibit D.**

9. The Certificate of Service also identifies as service address of 222 Delaware Avenue, Suite 1410, Wilmington, DE 19801 ("Wilmington Office"), but is followed by the notation: "DO NOT USE." For the avoidance of doubt, also as set forth in Seiler Declaration, the Wilmington Office has no record of having received the Notice, the official proof of claim form, or any other pleadings served by the Debtors.

10. While Faegre Drinker did not receive the Notice or official proof of claim form, the Firm filed the Claim in the morning of December 20, 2022 (i.e., ***mere hours*** after the Bar Date) as a matter of chance in connection with certain internal billing procedures. Shortly thereafter, on December 23, 2022, Faegre Drinker contacted counsel to the Debtors to request that the Claim be deemed timely filed under the circumstances.

11. Faegre Drinker, in acknowledgement of the extensive litigation ongoing in the case and appreciation for the fact that the Debtors may not yet be focused on claims analysis and reconciliation, afforded the Debtors the professional courtesy of several weeks to respond.

---

[3] It appears that other creditors have also been unable to locate documents purportedly served on them in these chapter 11 cases. *See, e.g.,* D.I. 1135 ("After investigation, Circle K has been unable to confirm that the Notice was actually received at the Dallas address indicated in the Debtors' certificate of service.").

12. Having received no response, however, Faegre Drinker again contacted counsel to the Debtors on March 31, 2022 to request that the Claim be deemed timely filed. A copy of the relevant correspondence is attached hereto as **Exhibit E**. The Debtors again simply did not respond. Accordingly, Faegre Drinker is required to bring this Motion.

## RELIEF REQUESTED

13. By this Motion, Faegre Drinker respectfully requests entry of the Proposed Order deeming Faegre Drinker's Claim timely filed, without prejudice to interested parties' rights to object to the Claim on grounds other than timeliness.

## BASIS FOR RELIEF

14. Under Bankruptcy Rule 9006(b)(1), the Court may allow the late filing of a proof of claim if the late filing was the result of "excusable neglect." The Supreme Court has held that "by empowering the courts to accept late filings 'where the failure to act was the result of 'excusable neglect' . . . Congress plainly contemplated that the court would be permitted, where appropriate, to accept late filings caused . . . by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Supreme Court emphasized that "excusable neglect" was not limited to errors caused by circumstances beyond the late-filing party's control and concluded that the concept of neglect was somewhat elastic and could include "inadvertent delays." *Id.* at 391-92. Thus, courts liberally construe the excusable neglect standard to avoid forfeitures by creditors. *See e.g. In re Dix*, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (disallowance of a late filed proof of claim forecloses a trial on merits of claim; therefore, liberal construction of excusable neglect had to be applied when determining whether to grant extensions of time for filing proofs of claim in chapter 11 case).

US.356919196.01

15. The determination of "excusable neglect" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," such as "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" (i.e., the *Pioneer* factors). *Id.* at 395 (1993). In this case, the *Pioneer* factors support allowance of Faegre Drinker's Claim as timely filed.

16. First, the delayed filing of the Claim in no way prejudices the Debtors as no distributions have been made. In fact, the Debtors are still in the process of selling their assets, which may include assumption and assignment of numerous contracts. Conversely, contracts that are not assumed and assigned will likely be rejected and give rise to rejection damages claims. The claims pool thus is not fixed, and the Debtors are not in a position to make distributions in the near future.

17. With respect to the second factor—length of delay and its potential impact on judicial proceedings, the Claim was filed only ***hours after the Bar Date***. There is no prejudicial impact on the Debtors' chapter 11 cases, as Faegre Drinker immediately and repeatedly informed the Debtors of its Claim on December 23, 2023, and again on March 31, 2023, in an effort to reach consensual resolution.

18. With respect to the third factor—reason for the delay, including whether it was within the reasonable control of the movant—Faegre Drinker never received the Notice and was unaware of the Bar Date up until the fortuitous filing of the Claim. *See, e.g., In re Rhodes*, Case No. BKR. 04-78434, 2007 WL 7143074, at *3 (Bankr. N.D. Ga. Dec. 18, 2007) (finding excusable neglect where creditor could neither definitively confirm nor deny receipt of the bar date notice and granting motion to allow a late-filed claim).

19. Finally, Faegre Drinker has acted in good faith by engaging directly with the Debtors regarding its Claim, and affording the Debtors the professional courtesy of time to address the significant ongoing litigation in the main case, rather than proceeding immediately with yet additional motion practice.

## NOTICE

20. Faegre Drinker will provide notice of this Motion to the following parties, or their counsel, if known: (i) the Debtors; (ii) the U.S. Trustee; and (iii) all other parties that have requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Faegre Drinker respectfully requests that the Court enter the Proposed Order granting the Motion and any such other and further relief as the Court deems just and proper.

Dated:   April 17, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Richard J. Bernard*
Richard J. Bernard (No. 57266)
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3263
Facsimile: (212) 248-3141
Email: richard.bernard@faegredrinker.com

-and-

Jaclyn C. Marasco
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
Emails:  jaclyn.marasco@faegredrinker.com

*Counsel to Faegre Drinker Biddle & Reath LLP*