**<u>EXHIBIT C</u>**

**(Seiler Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC. *et al.*[1], | Case No. 22-17842-PDR |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOSEPH L. SEILER III IN SUPPORT OF**
**MOTION TO ALLOW LATE-FILED CLAIM AS TIMELY**

I, Joseph L. Seiler III, hereby declare under penalty of perjury as follows:

1.      I am the senior deputy general counsel of the law firm of Faegre Drinker Biddle & Reath LLP ("Faegre Drinker" or the "Firm"), an international law firm with offices across the United States, the United Kingdom, and China.

2.      I submit this declaration (this "Declaration") in support of Faegre Drinker's *Motion to Allow Late-Filed Claim as Timely* (the "Motion").[2]

3.      Faegre Drinker served as counsel to Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC in connection with certain intellectual property matters, including *In re JHO Intellectual Property Holdings, LLC*, No. 19-2330 (Fed. Cir.), USPTO Reexamination No. 90/013,933, and USPTO Reissue App No. 16/549,396, which were stayed as of the Petition Date.

---

[1]      The Debtors, along with the last four digits of each Debtor's federal tax identification number, are GigaMonster Networks, LLC (2854); Gigasphere Holdings LLC (0250); GigaMonster, LLC (3014); Fibersphere Communications LLC (0163); and Fibersphere Communications of California LLC (5088). The Debtors' business address is 350 Franklin Gateway, Suite 300, Marietta, GA 30067.

[2]      Capitalized terms used but not otherwise defined in this Declaration shall have the meanings ascribed to them in the Motion.

4.      I understand that, on October 17, 2022, following entry of the Bar Date Order, the Court issued its Notice of Meeting of Creditors [D.I. 132] (the "Notice"), setting a general bar date of December 19, 2022 (the "Bar Date").

5.      To my knowledge, after due inquiry, Faegre Drinker did not receive the Notice setting the Bar Date. The certificate of service with respect to the Notice and the official proof of claim form [D.I. 203] ("Certificate of Service") indicates that Faegre Drinker was served at One Logan Square, Suite 200, Philadelphia, PA 19103-6996 ("Philadelphia Office") between October 19 and October 24, 2022. After significant and thorough investigation, however, the Philadelphia Office has no record of having received the Notice, the official proof of claim form, or any other pleadings served by the Debtors.

6.      In order to conduct this investigation, the Office Services & Facilities Systems Manager for the Philadelphia Office reviewed all mail scans between September and December 2022. Because all legal notices received in the mail are scanned and circulated to attorneys at the Firm, this review would reveal receipt of the Notice. The only mailing received by the Philadelphia Office with respect to these chapter 11 cases between September and December 2022 was a notice of hearing from the Bankruptcy Court [D.I. 407].

7.      The Certificate of Service also identifies as service address of 222 Delaware Avenue, Suite 1410, Wilmington, DE 19801 ("Wilmington Office"), but is followed by the notation: "DO NOT USE." For the avoidance of doubt, the Wilmington Office has no record of having received the Notice, the official proof of claim form, or any other pleadings served by the Debtors.

8.      While Faegre Drinker did not receive the Notice or official proof of claim form, the Firm filed the Claim in the morning of December 20, 2022 (i.e., ***mere hours*** after the Bar Date) as

a matter of chance in connection with certain internal billing procedures. Shortly thereafter, on December 23, 2022, Faegre Drinker contacted counsel to the Debtors to request that the Claim be deemed timely filed under the circumstances. I was copied on that correspondence.

9.      Faegre Drinker, in acknowledgement of the extensive litigation ongoing in the case and appreciation for the fact that the Debtors may not yet be focused on claims analysis and reconciliation, afforded the Debtors the professional courtesy of several weeks to respond. Again, the Debtors did not respond. I was copied on that correspondence as well.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: April 17, 2023                         */s/ Joseph L. Seiler III*
                                              Joseph L. Seiler III
                                              Senior Deputy General Counsel,
                                              Faegre Drinker Biddle & Reath LLP