UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |
| _____/ | |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) RULING SECTION 365 AS AMENDED BY
THE ACT APPLIES TO THE DEADLINE BY WHICH THE
DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

*[Request for Hearing on April 27, 2023 at 1:30 P.M.]*

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, pursuant to section 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), file this motion (this "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) ruling section 365 of the Bankruptcy Code as amended by the Act (as defined below) applies to the deadline by which the Debtors may assume or reject unexpired leases of nonresidential real property (the "Assumption/Rejection Deadline"), for an additional 91 days through and including August 7, 2023,[2] without prejudice to the Debtors' rights to seek further extensions with the consent of the affected landlords as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] To comport with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors are seeking to extend the Assumption/Rejection Deadline through August 7, 2023, as the ninetieth day would fall on a Sunday.

12081860-1

Code, and (ii) granting related relief. In further support of the Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. On February 2, 2023, this Court entered the *Order Granting Debtors' Expedited Motion for the Entry of an Order (I) Extending the Deadline by which the Debtors may Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* (the "First Extension Order") [ECF No. 745]. By the First Extension Order, the Court granted the Debtors a 90-day extension to the Debtors' Assumption/Rejection Deadline, which ended 120 days after the Petition Date. This Court did not rule as to whether the initial Assumption/Rejection Deadline was 210 days after the Petition Date (subject to a potential 90-day extension), as it was prior the sunset of the Act (as defined below), or 120 days (subject to a potential 90-day extension), as it was prior to the Act taking effect. *See* Hr'g Tr. 9:17-18, *In re Vital Pharmaceuticals, Inc. et al.*, Case No. 22-17842 (PDR) (Bankr. S.D. Fl. Feb. 2, 2023) [ECF Nos. 671, 672].

2. Prior to and in conjunction with filing this Motion, the Debtors have been and continue to reach out to the various leaseholders and landlords of the Debtors' unexpired leases of nonresidential real property (the "Unexpired Leases"). The Debtors are working to enter into consensual agreements with these leaseholders to extend the Assumption/Rejection Deadline. While these negotiations have been largely productive, the Debtors have been unable to contact and reach agreement with all leaseholders as of the filing of this Motion. As such, the Debtors file this Motion to ensure that they do not lose valuable optionality with respect to their Unexpired Leases to the extent that consensual extensions of the assumption/rejection deadline cannot be obtained.

12081860-1

3.       By this Motion, the Debtors are requesting the Court apply the 90-day extension granted in the First Extension Order applied to an initial Assumption/Rejection Deadline of May 8, giving the Debtors until August 7, 2023 to assume or reject the Unexpired Leases.

4.       The Debtors believe that the requested relief is necessary to a successful reorganization or sale.  The Debtors have designed a transaction process that will allow interested parties to submit bids for their business as a going concern in the form of a 363 sale or in the form of a plan of reorganization (each, a "Transaction").  The failure to provide the requested relief would be detrimental to the Debtors by forcing the Debtors to make assumption/rejection decisions without sufficient bidder input—the Debtors want to be able to deliver any Unexpired Leases to the winning bidder should such bidder want to assume any of such Unexpired Leases, and the Debtors will likely have no need for any Unexpired Lease that the winning bidder ultimately does not assume.  Granting the requested extension will not prejudice the Debtors' landlords, who may be entitled to administrative expense status for the continued post-petition use of the Unexpired Leases.  Moreover, once the Transaction process is complete, the Debtors will be able to make fully-informed decisions to assume or reject any remaining Unexpired Lease that is not otherwise assumed by the winning bidder.  The Debtors anticipate that any such decisions will be made in advance of August 7, 2023.  Accordingly, the Debtors respectfully request that the Court grant the relief requested.

## JURISDICTION

5.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.       The statutory bases for the relief requested herein is section 365(d)(4) of the Bankruptcy Code and Bankruptcy Rule 9006.

12081860-1

**BACKGROUND**

8. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On November 1, 2022, the Office of the United States Trustee appointed the official committee of unsecured creditors (the "Committee") [ECF No. 245]. No request has been made for the Court to order the appointment of a trustee or examiner.

11. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 10] (the "First Day Declaration"), which is incorporated herein by reference.

12. On February 2, 2023, this Court entered the First Extension Order. The First Extension Order granted a 91-day extension of the Assumption/Rejection Deadline from February 6, 2023 to May 8, 2023. The First Extension Order applied a 91-day extension to the 120-Day Deadline (as defined below). The First Extension Order was entered "without prejudice to the Debtors' right to seek further extensions of the Assumption/Rejection Deadline . . . on the basis that the initial Assumption/Rejection Deadline is May 8, 2023." *See* First Extension Order ¶ 4.

13. In granting the First Extension Order, this Court recognized that it had authority to extend the Assumption/Rejection Deadline regardless of whether the Sunset Date had occurred. *See* Hr'g Tr. 7:15-16, *In re Vital Pharmaceuticals, Inc. et al.*, Case No. 22-17842 (PDR) (Bankr. S.D. Fl. Feb. 2, 2023) [ECF Nos. 671, 672]. And this Court reserved judgment as to whether the Debtors should be afforded access to the 210-Day Deadline (as defined below) under section 365

of the Bankruptcy Code, as amended by the Act (as defined below). *See* Hr'g Tr. 9:17-18, *In re Vital Pharmaceuticals, Inc. et al.*, Case No. 22-17842 (PDR) (Bankr. S.D. Fl. Feb. 2, 2023) [ECF Nos. 671, 672].

## BASIS FOR REQUESTED RELIEF

**THE DEBTORS' ARE ENTITLED TO THE INCREASED ASSUMPTION/REJECTION PERIOD UNDER THE ACT.**

14. The Consolidated Appropriations Act, 2021 (the "Act"), which was signed into law on December 27, 2020, amended section 365(d)(4) of the Bankruptcy Code to extend the initial deadline to assume unexpired leases of nonresidential real property from 120 days after the petition date (the "120-Day Deadline") to 210 days after the petition date (the "210-Day Deadline"). *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, Division FF, Title X, Sec. 1001. However, the applicable provisions of the Act sunset-ed on December 27, 2022 (the "Sunset Date"). *Id.*

15. The language of the Act is silent as to whether the 210-Day Deadline applies to *all* debtors who filed for bankruptcy under Chapter 11, or only those who requested an extension of the period before the Sunset Date. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, Division FF, Title X, Sec. 1001. The language of the amendment does address cases filed under subchapter V of Chapter 11. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, Division FF, Title X, Sec. 1001 (amending section 365 to "apply in any case commenced under subchapter V of chapter 11 . . . before the date that is two years after the date of enactment of this Act). Further, the legislative history of the Act does not address the changes made to section 365. *See* 166 CONG. REC. H7879-01 (daily ed. Dec 21, 2020) (statement of House Rep. Nita Lowey, Chairwoman of House Comm. on Appropriations) (explaining the Consolidated

Appropriations Act, 2021); 166 Cong. Rec. H8311-01 (daily ed. Dec 21, 2020) (statement of House Rep. Nita Lowey, Chairwoman of House Comm. on Appropriations) (same).

16.     It is true that the *general* rule is that the language of the affected statutory provision automatically reverts to the language as it was written before the amendment went into effect. *See In re Application of the FBI*, 2015 WL 5637562 at *1 (U.S. Foreign Intel. Surveillance Ct. Jun. 29, 2015) (explaining that "[a]t 12:01 a.m. on Monday, June 1, 2015, the sunset provisions in section 102(b)(1) of the USA PATRIOT Improvement and Reauthorization Act took effect, and sections 501 and 502 of FISA were amended to read as they read on October 25, 2001—i.e., as they read prior to the enactment of the USA PATRIOT Act"). There are, however, exceptions to this rule. For example, in foreclosure matters, the Ninth Circuit applies the relevant statutory language as it was written at the time of the underlying transaction even if the relevant language sunset-ed prior to the commencement of the action. *See e.g. Gordon v. US Bank Nat'l Ass'n*, 2019 WL 1785444 at *2 (C.D. Cal. Mar. 18, 2019) (stating that "[a]s a general rule, federal courts in this circuit and California state courts apply the version of foreclosure statutes in effect when the transactions at issue took place"). In chapter 13 cases, some bankruptcy courts have granted requests to modify substantive portions of the plan after the sunset date of the Act, which amended portions of chapter 13. *See In re Nelson*, 2022 Bankr. LEXIS 2884 at *26 (holding that, even though the sunset date had passed, the "plain language of the sunset provision and the plain language of on-going [section] 1329(c) require this Court to apply them as written"); *but see In re Mercer*, 640 B.R. 577, 580-81 (Bankr. D. Colo. 2022) (denying the same request because the sunset date had passed).

17.     Bankruptcy courts have developed an exception in chapter 11 cases. While case law on this issue is still developing, at least three courts confronted with this question have applied the 210-Day Deadline provided for by the Act irrespective of the Sunset Date occurring while a

6

debtor's chapter 11 case was pending. *See e.g.*, *In re PhaseBio*, No. 22-10995 (LSS) (Bankr. D. Del. Mar. 13, 2023) (granting the motion filed on February 17, 2023 to extend the debtors' Assumption/Rejection Deadline 90 days after the 210-Day Deadline in a chapter 11 case commenced prior to the Sunset Date); *In re Winc, Inc.*, No. 22-11238 (LSS) (Bankr. D. Del. Mar. 13, 2023) (granting the motion filed on March 1, 2023 to extend the debtors' Assumption/Rejection Deadline 90 days after the 210-Day Deadline in a chapter 11 case commenced prior to the Sunset Date); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Mar. 23, 2023) (granting the motion filed on March 2, 2023 to extend the debtors' Assumption/Rejection Deadline 90 days after the 210-Day Deadline in a chapter 11 case commenced prior to the Sunset Date).

18. The Debtors argue that their cases fall squarely within the chapter 11 exception because the Debtors cases are similar to those in *PhaseBio*, *Winc*, and *BlockFi*, in which the bankruptcy courts ruled that the 210-Day Deadline applied. In all these cases, the respective debtors filed for chapter 11 before the Sunset Date. Further, in all these cases, the Debtors filed motions seeking protection under the 210-Day Deadline after the Sunset Date, arguing that filing for chapter 11 before the Sunset Date provides the debtors access to the 210-Day Deadline. Given these similarities and the emerging case law on this matter, the Debtors believe this Court should rule in favor and find the 210-Day Deadline applies here as it did in *PhaseBio*, *Winc*, and *BlockFi*.

19. Further, the Debtors maintain that their cases are different from the cases in which courts ruled that the 120-Day Deadline applied. *See e.g.*, *In re FTX Trading LTD*, Case No. 22-11068 (JTD) (Bankr. D. Del. Feb. 22, 2023) (granting a 90-day extension only of the 120-Day Deadline because the debtors did not seek relief under the 210-Day deadline). Unlike the Debtors

7

in this case, the debtors in *FTX Trading* did not seek relief under the 210-Day Deadline. Accordingly, the Debtors believe that the 120-Day Deadline is not applicable.

20. On a practical level, application of the 210-Day Deadline will aid in the success of the Debtors' sales process, by giving the Debtors more time to decide whether to assume or reject the leases. It would be impractical for the Debtors to determine whether to assume or to reject the various Unexpired Leases without knowing which Unexpired Leases the winning bidder wants to assume. It is crucial that the Debtors retain flexibility and not be forced to make premature decisions that could negatively impact the value of their business given that some (or all) of the Unexpired Leases will likely be transferred to a buyer or plan sponsor. The Debtors believe that the 210-Day Deadline will provide them (and a buyer or plan sponsor) sufficient time to make all assumption or rejection decisions with respect to the Unexpired Leases. Given the importance of this flexibility, the Debtors and their advisors have been diligently working with leaseholders to enter into consensual agreements to extend the Assumption/Rejection Deadline. While all the leaseholders have not agreed to an extension thus far, the Debtors continue to negotiate with the counterparties as of the filing of this Motion.

21. In sum, since the Petition Date occurred prior to the Sunset Date, the Debtors believe that they are entitled to the 210-Day Deadline under the Act, which itself does not state that it is meant to apply retroactively to debtors whose cases are pending as of the Sunset Date. The legislative history does not indicate that Congress intended for certain debtors, namely those who filed for protection under chapter 11 but did not request an extension prior to the Sunset Date, to be prevented from extending the Assumption/Rejection Deadline. *See* 166 CONG. REC. H7879-01 (daily ed. Dec 21, 2020) (statement of House Rep. Nita Lowey, Chairwoman of House Comm. on Appropriations) (explaining the Consolidated Appropriations Act, 2021); 166 CONG. REC.

12081860-1

H8311-01 (daily ed. Dec 21, 2020) (statement of House Rep. Nita Lowey, Chairwoman of House Comm. on Appropriations) (same).  If that was the case, the Debtors' rights under the Bankruptcy Code would be effectively altered mid-stream.  They would lose a valuable right in the midst of their chapter 11 cases, which may prove detrimental as the Debtors are in the middle of a marketing process to sell their assets as a going concern.  Accordingly, the Debtors respectfully request that their requested relief be granted.

## RESERVATION OF RIGHTS

22. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Proposed Order once entered. Nothing contained in the Proposed Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

## NOTICE

23. The Debtors have provided notice of this Motion to (i) the Office of the United States Trustee for the Southern District of Florida; (ii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iii) the administrative agent under the Debtors' prepetition and proposed postpetition revolving credit facilities and its counsel; (iv) counsel to the Committee; (v) the United States Attorney's Office for the Southern District of Florida; (vi) the Internal Revenue Service; (vii) the United States Securities and Exchange

9

Commission; (viii) the state attorneys general for states in which the Debtors conduct business; (ix) the landlords under the Unexpired Leases; and (x) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

[*The remainder of this page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, ruling the Assumption/Rejection Deadline is 210 days and granting the Debtors such other related relief as the Court may deem necessary.

| | |
|---|---|
| Dated:   April 17, 2023<br>          Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 906-1200<br>Email:  george.davis@lw.com<br>          tj.li@lw.com<br>          brian.rosen@lw.com<br>          jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone:  (305) 755-9500<br>Email:  jguso@bergersingerman.com<br>          mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Counsel for the Debtors and Debtors-in-Possession*

12081860-1

# Exhibit A

**Proposed Order**

12081860-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al*.,      Case No.: 22-17842-PDR

Debtors.[1]                                                      (Jointly Administered)

_____/

**ORDER GRANTING DEBTORS' MOTION FOR THE ENTRY
OF AN ORDER (I) RULING SECTION 365 AS AMENDED
BY THE ACT APPLIES TO THE DEADLINE BY WHICH
THE DEBTORS MAY OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** was before this Court on _____, 2023, at ___ _.m. in Fort Lauderdale, Florida, upon the *Debtors' Motion for Entry of an Order (I) Extending the Deadline*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*by which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [ECF No. ___] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors").  The Motion seeks entry of an order (this "Order") (i) ruling Section 365 as amended by the Act (as defined below) applies to the deadline by which the Debtors may assume or reject unexpired leases of nonresidential real property for an additional 91 days through and including August 7, 2023, and (ii) granting related relief, all as more fully set forth in the Motion.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; (v) notice of the Motion and the hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion, the First Day Declaration and the statements made by counsel at the hearing, good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED** as follows**:**

    1.    The Motion is **GRANTED** as set forth herein.

    2.    All objections to entry of this Order, to the extent not withdrawn or settled, are overruled.

    3.    The Assumption/Rejection Deadline is 210 days from the Petition Date and is extended from May 8, 2023 through and including August 7, 2023; *provided* that, if the Debtors

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

file a motion to assume or reject an Unexpired Lease on or prior to such date, the time period within which the Debtors must assume or reject such Unexpired Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date the Court enters an order granting or denying such motion.

4. This Order is without prejudice to the Debtors' right to seek further extensions of the Assumption/Rejection Deadline with the consent of each applicable landlord.

5. Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

6. Nothing in this Order shall extend the Assumption/Rejection Deadline beyond the date on which an order is entered confirming a plan in these chapter 11 cases.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.,
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
         mniles@bergersingerman.com
*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*