UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION TO EXTEND PRODUCTION DEADLINES SET FORTH IN AGREED ORDER REGARDING EXPEDITED MOTION TO COMPEL**

**Expedited Hearing Request**

For the reasons set forth below and the same reasons set forth in the Committee's objection to the First Extension Motion[2], the Committee needs and is entitled to timely production of Documents and Communications from Mr. Owoc, who has the most intimate knowledge of the Debtors' assets and financial condition and who was directly involved in all of the Suspect Transactions revealed in the Committee's ongoing analysis of the Debtors' books and records. As this Court is aware, the Committee already provided numerous prior extensions to Mr. Owoc as a courtesy, and the Court previously ordered immediate production of this material because of the prior excessive delays and complete lack of production. Nothing has changed, other than yet another change of Mr. Owoc's counsel. Thus, there is no basis for yet another adjournment of Mr. Owoc's response to the 2004 Notice to April 28, 2023, which was originally served on him two and a half months ago. Based on the Committee's need to perform a thorough and complete investigation of potential claims prior to any sale of the Debtors' assets—as Your Honor has previously recognized—and the potential stay imposed by the filing

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("VPX") (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC ("JHO") (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms not defined in this Expedited Hearing Request shall have the meanings ascribed to them in this Objection or in the Motion.

of the Second Extension Motion[3], the Committee requests that this matter be considered on an expedited basis because direct, immediate, and substantial harm will occur to the detriment of the bankruptcy estates and unsecured creditors if the Committee cannot obtain the entirety of the information sought in the 2004 Notice as soon as possible. The Committee respectfully requests the Court reschedule the Second Extension Motion from May 11, 2023 to the earliest date that is convenient for the Court.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004, Federal Rules of Civil Procedure ("Federal Rule") 34, 37 and 45, made applicable by Rules 7034, 7037 and 9016, and Local Rule 2004-1, hereby files this objection (the "Objection") to the *Motion to Extend Production Deadlines Set Forth in Agreed Order Regarding Expedited Motion to Compel* [Docket No. 1164] (the "Second Extension Motion") filed by John H. ("Jack") Owoc. In support of this Objection, the Committee respectfully states as follows:

**OBJECTION**

1. Nothing material has changed since the Court ordered immediate production of Mr. Owoc's documents in connection with the Committee's prior Cross-Motion to Compel[4] and *still*,

---

[3] Southern District of Florida Bankruptcy Local Rule (the "Local Rule") 7026-1 provides that a party may file a motion for a protective order seeking, among other things, the rescheduling of a discovery deadline, and upon filing the motion, the response deadline is stayed until the Court rules on the motion. *See* Local Rule 7026-1(E)(3). Therefore, while this Motion is pending, Mr. Owoc is unlikely to produce any Documents or Communications. In fact, his most recent production deadline was yesterday, April 17, 2023, and the Committee has still not received a single document.

[4] The "Cross-Motion to Compel" means the Committee's *Objection of the Official Committee of Unsecured Creditors to the Motion for Extension of Time to Respond to 2004 Examination Request for Production of Documents and Cross Motion to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Comply with 2004 Notices* [Docket No. 1057].

Mr. Owoc has not produced a single document, in violation of this Court's Orders.[5] It would therefore be absurd to reward Mr. Owoc with yet another extension—and certainly with the excessive 14-day extension he requests. Now with his fourth new counsel since the Petition Date, Mr. Owoc has had more than sufficient time to respond to the 2004 Notice.[6] While the *Agreed Order Regarding Expedited Motion to Compel* [Docket No. 1150] (the "Agreed Order")[7] provides that production deadlines may be extended by Court Order after a showing of good cause, Mr. Owoc has failed to establish good cause. He only puts forth more excuses.

2. Mr. Owoc has only advanced two arguments in favor of good cause: (1) the volume of documents responsive to the Committee's search terms; and (2) the concurrent burden of responding to a contempt motion in the social media adversary proceeding filed by the Debtors against Mr. and Mrs. Owoc. Neither suffices to defeat the reason why this Court recently ordered immediate production of all responsive documents in Mr. Owoc's possession as over two months has elapsed since a response to the 2004 Notice was due and Mr. Owoc continues to hire and fire counsel regularly and strategically. Enough is enough. The deadlines in the bankruptcy cases require immediate compliance with this Court's Order.

---

[5] This Court entered an Order [Docket No. 1076] (the "Discovery Order") granting the Cross-Motion to Compel requiring, among other things, Jack Owoc to produce responsive Documents and Communications by no later than 4:30 p.m. ET on March 31, 2023. Notably, but not surprisingly, Mr. Owoc failed to comply with the Discovery Order.

[6] The Committee incorporates its arguments from its objection [Docket No. 1055] filed on March 28, 2023 to the *Motion for Extension of Time to Respond to 2004 Examination Request for Production of Documents* [Docket No. 1041] (the "First Extension Motion").

[7] Paragraph 3 of the Agreed Order required production <u>on a rolling basis</u> to be completed by the following dates:
   a. Megan Owoc's production of Documents and Communications requested in the 2004 Notice [Docket Nos. 684 and 981] shall be completed by April 11, 2023.
   b. Elite Island's production of Documents and Communications requested in the 2004 Notice [Docket Nos. 689 and 968] shall be completed by April 11, 2023.
   c. Jack Owoc shall produce all text messages responsive to the 2004 Notice [Docket Nos. 684 and 981] by April 14, 2023 and produce all other responsive Documents and Communications by April 17, 2023.

3. Mr. Owoc's eleventh hour efforts to retain an information technology company and request search terms from the Committee—something that should have been done months ago—apparently yielded over 25,000 flagged text messages on Mr. Owoc's phone.[8] The Committee recognizes that those text messages must be reviewed by counsel prior to production, but the fact that not a single text or other document has been turned over indicates that Mr. Owoc continues to flout both the spirit and the terms of the Agreed Order, which expressly anticipated a "rolling" production. *See* Agreed Order, ¶ 3; *see also, e.g., Fed. Election Comm'n v. Rivera*, No. 17-22643-CIV, 2021 WL 8820201, at *1 (S.D. Fla. Feb. 25, 2021) (finding that defendant failed to show good cause for extension of discovery deadline where the discovery deadline had previously been extended on three separate occasions). Failure to make any production—months after the production was due in its entirety—defeats any argument of good faith or excuse related to volume. Mr. Owoc clearly does not want to produce material to the Committee, and therefore he has not—despite this Court's clear and unambiguous direction.

4. Likewise, the Debtors' pending motion in the adversary proceeding [Adv. Pro. No. 23-01051-PDR] to hold Jack Owoc in contempt does not constitute good cause for an extension because it was a direct result of Jack's affirmative actions. The Committee agreed to the terms of the Agreed Order with Mr. Owoc's counsel on April 6 and the Agreed Order was subsequently entered by the Court on April 10, 2023. After the Committee and Mr. Owoc agreed upon the terms of the Agreed Order, on April 9 and 10, 2023 Mr. Owoc posted the Instagram comments that triggered the Debtors' contempt motion. It is extraordinary that he now seeks to be rewarded for engaging in conduct that is, at a minimum, potentially contemptuous. There is no dispute that his

---

[8] While the Committee has previously confirmed with Mr. Owoc's counsel that Mr. Owoc uses multiple phones, the Second Extension Motion only makes mention of a singular phone being searched for responsive content.

conduct is delaying and disturbing these proceedings. His unrelated antics have nothing to do with his obligation to comply with this Court's Order.

5. On the other hand, the request for a fourteen-day extension will prejudice the Committee for the same reasons the Agreed Order was entered; the Committee needs this information not only for Mr. Owoc's deposition, but for other depositions that are scheduled in these Chapter 11 Cases. Three depositions have already been taken by the Committee without the benefit of Mr. Owoc's material, even though he is the central figure in the cases. Furthermore, the adjournment of Megan Owoc, Elite Island, LLC, and Jack Owoc's depositions is a direct result of delayed production[9] and in Mr. Owoc's case, failure to produce entirely. The Committee's brief adjournment[10] of those depositions—which it had no choice to do in the absence of the production of *any* discovery material— is not good cause for Mr. Owoc to delay production even longer. To the contrary, the Committee needs that time to review responsive material to the 2004 Notice in advance of its deposition of Mr. Owoc. Every day that Mr. Owoc delays production of the responsive documents prejudices the Committee further.

6. The Committee has already gone well above and beyond typical courtesies in granting Mr. Owoc additional time to respond, causing unreasonable delay and cost to the estates. This Court has already ordered immediate production of documents on a rolling basis, and Mr. Owoc has failed to do so. Accordingly, Mr. Owoc's woes are self-inflicted and he has failed to show good cause for any further extension of the production deadline.

---

[9] Neither Megan Owoc nor Elite Island, LLC produced their responsive Documents and Communications on a rolling basis as required by the Agreed Order.

[10] The Committee and Mr. Owoc's counsel have not yet discussed or agreed-upon new dates for Mr. Owoc's deposition, but the Committee anticipates deposing Mr. Owoc in early May, if possible.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court deny the Second Extension Motion and compel Jack Owoc to immediately furnish the Documents and Communications requested in the 2004 Notice issued by the Committee.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on April 18, 2023 upon all interested parties registered to receive notice via this court's CM/ECF electronic notification system.

Dated:  April 18, 2023

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Rachel Maimin, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: rmaimin@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
    -and-
Nicole Fulfree, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**

By: */s/ Leyza F. Blanco*
    Leyza F. Blanco
    Florida Bar No.: 104639
    Juan J. Mendoza
    Florida Bar No.: 113587

-7-

                    1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: lblanco@sequorlaw.com
Email: jmendoza@sequorlaw.com

*Counsel to the Official Committee of Unsecured Creditors*