UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO QUARLES & BRADY LLP, AS SPECIAL COUNSEL TO THE DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Quarles & Brady LLP, as Special Counsel to the Debtors* [Docket No. 992] (the "Q&B First Interim Fee Application"), and respectfully states as follows:

**LIMITED OBJECTION**

1. The Debtors initially sought to retain Quarles & Brady LLP ("Q&B") as special counsel to continue to prosecute numerous of the Debtors' prepetition litigations, including the pending appeals before the Ninth Circuit Court of Appeals in Case Nos. 22-55722 and 22-56019

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("VPX") (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC ("JHO") (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

(together, the "OBI Appeal") that were stayed by the Ninth Circuit due to the bankruptcy filings.[2] The Committee objected to the terms of Q&B's retention because it was concerned that the postpetition prosecution of certain of the proposed litigation was not, at the time, in the best interest of the Debtors' estates. To the extent certain litigation was ripe to move forward postpetition, the Committee also sought to implement procedural safeguards to limit litigation costs.[3]  Because, among other reasons, Q&B declined to agree to a reasonable budget with respect to its work on the OBI Appeal, the Debtors removed the OBI Appeal from the scope of Q&B's then-pending retention application and obtained Court approval for different counsel to handle the OBI Appeal for a flat fee of $399,000.00.[4]

2. Notwithstanding the fact that Q&B has not been retained to prosecute the OBI Appeal, in the Q&B First Interim Fee Application, Q&B seeks payment of $60,673.00 for 126.20 hours of postpetition work related to the OBI Appeal (the "OBI Appeal Fees") from October 10, 2022 to February 28, 2023.[5]  Q&B's retention was not authorized by this Court until March 9, 2023.[6]  While Q&B's retention was approved as of the Petition Date, the OBI Appeal litigation

---

[2] The OBI Appeal relates to the Debtors' appeal of the final arbitration award and subsequent District Court approval of same against certain of the Debtors in *Orange Bang, Inc. and Monster Energy Company v. Vital Pharmaceuticals Inc. d/b/a VPX Sports,* AAA Case No. 01-20-0005-6081.  *See Debtors' Application for Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [Docket No. 511], ¶ 23(b).

[3] *See Omnibus Objection to ([511] Application to Employ Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date [Affidavit Attached] filed by Debtor Vital Pharmaceuticals, Inc., [565] Application to Employ Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP as Special Litigation Counsel to the Debtors, Effective as of November 3, 2022 [Affidavit Attached] filed by Debtor Vital Pharmaceuticals, Inc., [566] Application to Employ Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC as Special Counsel to the Debtors, Effective as of November 1, 2022 [Affidavit Attached] filed by Debtor Vital Pharmaceuticals, Inc., [633] Application to Employ David M. Levine and the Law Firm of Sanchez Fischer Levine, LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [Docket 651] ("Omnibus Objection").

[4] *See Order Approving Debtors' Amended Application for Approval of the Employment of (I) Daniel L. Geyser and the Law Firm of Haynes and Boone, LLP; and (II) Richard D. Faulkner and the Law Firm of Faulkner ADR Law, PLLC, as Special Counsel to the Debtors, Effective as of November 3, 2022,* ¶ 2 [Docket No. 849]; *Order Approving Debtors' Application for Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date* ("Order Approving Debtors' Retention of Q&B as Special Counsel") [Docket No. 926], ¶ 3.

[5] *See* Q&B First Interim Fee Application.

[6] *See* Order Approving Debtors' Retention of Q&B as Special Counsel.

was carved out of the scope of services.[7] As a result, the OBI Appeal Fees should be denied since such services clearly fall outside of the scope of Q&B's retention. *In re Nestor*, 628 B.R. 707, 716 (Bankr. S.D. Fla. 2019) (denying compensation for chapter 11 debtor's special counsel for unauthorized activities performed prior to its retention); *see also In re Keller Fin. Servs. of Fla., Inc.*, 248 B.R. 859, 891 (Bankr. M.D. Fla. 2000) ("It is consistently held that an attorney is not entitled to any compensation for postpetition services if the employment was not approved by the Court . . . . Failure to obtain court approval of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees.") (citation omitted); *In re Gulf Coast Orthopedic Center*, 265 B.R. 318, 323 (Bankr. M.D. Fla. 2001) ("Clearly if the professional was not authorized to be employed it is not entitled to any compensation.").

3. To the extent the Court is inclined to consider Q&B's request for payment of fees in connection with the OBI Appeal as part of the Q&B First Interim Fee Application, Q&B has failed to demonstrate under § 330(a)(1)(A) that the services provided in connection with the OBI Appeal were "actual, necessary services." Q&B's contention that after the Ninth Circuit stayed the OBI Appeal, Q&B "took only those actions necessary to" provide certain services to the Debtors falls short of explaining *why those services were necessary* and fails to meet the required legal standard. *See In re Tri-State Plant Food Inc.*, 273 B.R. 250, 259 (Bankr. M.D. Ala. 2002) ("Professionals will not be paid for services which are not necessary to the administration of the estate."). Moreover, to date, the OBI Appeal remains stayed, with the Debtors having not yet sought to lift the stay, which cuts against a showing of any benefit to the estates.[8]

---

[7] *See* Q&B First Interim Fee Application, ¶ 15(d).
[8] *See Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. Orange Bang, Inc. and Monster Energy Co.*, Case No. 22-55722 (9th Cir. Nov. 1, 2022) [Docket No. 16].

4.       For the same reason, any attempt by Q&B to file and prosecute a request for payment of administrative expenses pursuant to 11 U.S.C. § 503(a) should similarly be denied. *See In re Morreale*, 626 B.R. 571, 588 (Bankr. D. Colo. 2020) ("Legal professionals . . . may request compensation in a bankruptcy case as an "administrative expense."); see also *In re Gulf Coast Orthopedic Center*, 265 B.R. 318, 323 (Bankr. M.D. Fla. 2001) ("Clearly if the professional was not authorized to be employed it is not entitled to any compensation."). The Committee reserves all rights in connection with any future applications relating to the OBI Appeal Fees.

5.       Absent Q&B's removal of its request for approval of the OBI Appeal Fees, the Court should deny the Q&B First Interim Fee Application in its entirety.

## RESERVATION OF RIGHTS

6.       The Order approving Q&B's retention provided that the Debtors and Q&B shall agree to a reasonable litigation budget.[9] This was a heavily disputed and negotiated term. Despite numerous requests from the Committee over the past months, the Debtors have failed to provide an updated litigation budget. As a result, the Committee is unable to ascertain whether the other fees Q&B seeks in the Q&B First Interim Fee Application adhere to the postpetition litigation budget. In addition, due to the Debtors' failure to provide an updated litigation budget despite several requests, the Committee is concerned every subsequently produced budget will just retroactively reflect that all of Q&B's fees fall within the budget.

7.       For the foregoing reasons, the Committee reserves the right to object to any final request or application for compensation by Q&B pursuant to 11 U.S.C. §§330 and 331 and all applicable rules.

---

[9] *See* Order Approving Debtors' Retention of Q&B as Special Counsel, ¶ 7.

**WHEREFORE**, the Committee respectfully requests that the Court (i) deny the Q&B First Interim Fee Application to the extent Q&B seeks payment of the OBI Appeal Fees, and (ii) order such other and further relief as is just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on April 18, 2023 upon all interested parties registered to receive notice via this court's CM/ECF electronic notification system.

*[remainder of page intentionally left blank]*

Dated:  April 18, 2023

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Jordana L. Renert, Esq.
Lindsay H. Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: jrenert@lowenstein.com
Email: lsklar@lowenstein.com
          -and-
Nicole Fulfree, Esq.
Arielle B. Adler, Esq.
Erica G. Mannix, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2502
Facsimile: (973) 597-2400
Email: nfulfree@lowenstein.com
Email: aadler@lowenstein.com
Email: emannix@lowenstein.com

**SEQUOR LAW, P.A.**

By:  */s/ Leyza F. Blanco*
          Leyza F. Blanco
          Florida Bar No.: 104639
          Juan J. Mendoza
          Florida Bar No.: 113587
          1111 Brickell Avenue, Suite 1250
          Miami, FL 33131
          Telephone: (305) 372-8282
          Facsimile: (305) 372-8202
          Email: lblanco@sequorlaw.com
          Email: jmendoza@sequorlaw.com

          *Counsel to the Official Committee of Unsecured Creditors*