UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,[1]<br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 22-17842-PDR<br>§<br>§ (Jointly Administered)<br>§ |

**JOINT MOTION FOR ENTRY OF AN
AGREED ORDER AUTHORIZING LEASE AMENDMENT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") by and through their undersigned counsel, together with CIVF VI – TX1M01-M04, LLC (a "Landlord," and together with the Debtors, the "Movants"), hereby file this *Joint Motion for Entry of Agreed Order Authorizing Lease Amendment* (this "Motion"). In support hereof, the Movants state as follows:

**INTRODUCTION**

1. By this Motion, the Movants seek authorization of their agreement to amend that certain Nonresidential Lease Agreement dated on or about October 22, 2019, between the Debtors and Everman Trade Center, L.P. (the predecessor-in-interest to the Landlord) (the "Lease Agreement,") covering approximately 217,537 square feet located at 160 W Everman Parkway, Fort Worth, Texas 76134 (the "Property"), and to enter into a lease amendment (a "Lease Amendment," attached as **Exhibit A**), pursuant to entry of the attached proposed agreed order (the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12093669-1

"Agreed Order"). Following discussions with the Landlord, the Debtors have agreed to the amendment of the Lease Agreement, and by extension, a Lease Amendment to commemorate same, concerning the Landlord's construction of a new parking area for use by other tenants of the Property.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The basis for the relief sought herein is section 363 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3.      On October 10, 2022 (the "Petition Date"), the above-captioned Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Prior to the Petition Date, the Movants were engaged in negotiations concerning a certain group of parking spaces subject to the Lease Agreement and Landlord's construction of a new parking area on the north side of the Property for use by other tenants.  The Movants have agreed to entry of the Agreed Order authorizing the Debtors to enter into a Lease Amendment with the Landlord regarding the parking spaces.  The proposed Lease Amendment does not alter the economic terms of the Lease Agreement, and does not impose any additional costs, burdens, or obligations upon the Debtors.

**RELIEF REQUESTED**

6.      The Movants request that the Court enter the proposed Agreed Order which provides for the Debtors to enter into the Lease Amendment and allows for the construction of a new parking area.

**BASIS FOR RELIEF**

7.      Section 363 of the Bankruptcy Code governs the use, sale, or lease of property of the estate. In the ordinary course of conducting their national businesses, the Debtors negotiate, enter into, and amend nonresidential real property leases. Although the Debtors believe they are authorized to enter into transactions such as the proposed Lease Amendment in the ordinary course of business pursuant to Bankruptcy Code section 363(c), out of an abundance of caution and to alleviate concerns of other parties in interest, the Debtors seek Court approval.

8.      In the alternative, to the extent the Court finds the Lease Amendment is not in the Debtors' ordinary course of business, the Debtors' entry into same should still be approved as a reasonable exercise of the Debtors' business judgment. Bankruptcy Code section 363(b) provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To obtain approval of the use of estate property under Bankruptcy Code section 363(b)(1), a debtor must show that the decision to use the property outside of the ordinary course of business was based on the debtor's business judgment. *See In re Institutional Creditors of Cont'l Air Lines, Inc. (In re Cont'l Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("For a debtor in possession or trustee to satisfy its fiduciary duty . . . there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.").

9.      Once a debtor articulates a valid business justification, the law vests the debtor's decision to use property outside of the ordinary course of business with a strong presumption that

3

12093669-1

"in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was taken in the best interests of the company." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (citations and internal quotations omitted), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

10. Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under Bankruptcy Code section 363(b). Indeed, when applying the "business judgment" standard, courts show great deference to a debtor's business decisions. *See Richmond Leasing Co. v. Capital Bank, NA.*, 762 F.2d 1303, 1311 (5th Cir. 1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially.").

11. Here, the Debtors have made the business decision to seek authority to enter into the Lease Amendment following negotiations with the Landlord. The Lease Amendment does not impose any additional costs, burdens, or obligations on the Debtors. The Debtors' decision to enter into the Lease Amendment is a valid exercise of business judgment and does not prejudice any potential party in interest as the proposed Lease Amendment does not impose any additional costs, obligations, or burdens upon the Debtors. The economic terms of the Lease are unchanged.

12. The Lease Agreement and Lease Amendment shall remain subject to potential assumption or rejection by the Debtors and nothing contained herein is or should be construed as an assumption or rejection of any executory contract pursuant to Section 365 of the Bankruptcy Code nor affect the Debtors' rights in the Bankruptcy Case to assign the Lease.

13. In addition, notice of the Motion is being made in accordance with the requirements of Rule 4001(d)(1)(C) and Bankruptcy Court Local Rule 4001(c). Accordingly, the requirements

of Rule 4001(d) have been met, and request that the Court grant this Motion and enter the proposed Agreed Order.

**WHEREFORE**, the Movants respectfully request that the Court grant this Motion, enter the proposed Agreed Order attached hereto as **Exhibit B**, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of April, 2023.

| /s/ *Jordi Guso* | /s/ *Jennifer Wertz* |
|---|---|
| Jordi Guso | Jennifer F. Wertz |
| Florida Bar No. 863580 | Beau H. Butler |
| Michael J. Niles | **JACKSON WALKER LLP** |
| Florida Bar No. 107203 | 100 Congress Avenue, Suite 1100 |
| **BERGER SINGERMAN LLP** | Austin, TX 78701 |
| 1450 Brickell Avenue, Suite 1900 | (512) 236-2247 – direct dial |
| Miami, FL 33131 | (512) 391-2147 – direct fax |
| Telephone:  (305) 755-9500 | Email: jwertz@jw.com |
| Email: jguso@bergersingerman.com | Email: bbutler@jw.com |
|  mniles@bergersingerman.com |  |
|  | ***COUNSEL FOR THE LANDLORD,*** |
| - and – | ***CIVF VI – TX1M01-M04, LLC*** |
| George A. Davis (admitted *pro hac vice*) |  |
| Liza L. Burton (admitted *pro hac vice*) |  |
| Tianjiao ("TJ") Li (admitted *pro hac vice*) |  |
| Brian S. Rosen (admitted *pro hac vice*) |  |
| Jonathan J. Weichselbaum (admitted *pro hac vice*) |  |
| **LATHAM & WATKINS LLP** |  |
| 1271 Avenue of the Americas |  |
| New York, NY 10020 |  |
| Telephone: (212) 906-1200 |  |
| Email:  george.davis@lw.com |  |
|   liza.burton@lw.com |  |
|   tj.li@lw.com |  |
|   brian.rosen@lw.com |  |
|   jon.weichselbaum@lw.com |  |

- and -

12093669-1

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email:  andrew.sorkin@lw.com

- and -

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION*

12093669-1

# **EXHIBIT A**

Case 22-17842-PDR Doc 1217 Filed 04/21/23 Page 7 of 14

## SECOND AMENDMENT TO LEASE

THIS SECOND AMENDMENT TO LEASE (this "Amendment") is entered into as of the ____ day of _____, 2023, by and between CIVF VI – TX1M01-M04, LLC, a Delaware limited liability company ("Landlord") and VITAL PHARMACEUTICALS, INC., a Florida corporation ("Tenant").

WHEREAS, Landlord, as a successor-in-interest to Everman Trade Center, L.P., and Tenant are parties to that certain Lease Agreement dated as of October 22, 2019 (as amended by that certain First Amendment to Lease dated as of February 14, 2020, the "Lease"), covering approximately 217,537 square feet of space (the "Premises"), being the entire rentable area within the building located at 160 W Everman Parkway, Fort Worth, Texas 76134 (the "Building"), as more particularly described therein; and

WHEREAS, Landlord and Tenant have agreed to amend the Lease concerning Landlord's construction of a new parking area to the north of the Building, as hereinafter described.

NOW, THEREFORE, in consideration of the premises and the mutual covenants between the parties herein contained, Landlord and Tenant hereby agree as follows:

1. <u>New Parking Area</u>.  Landlord anticipates that it may (but is not obligated to) construct new parking improvements to the north of the Building as generally shown on <u>Exhibit A</u> attached hereto and incorporated herein (the "New Parking Area") for use by other tenants.  Tenant hereby consents to Landlord's construction of the New Parking Area for use by other tenants, and Tenant agrees that Landlord shall not be required to provide Tenant any additional parking spaces to replace any existing parking spaces that may be removed or rendered unusable in connection with the construction of the New Parking Area.  Tenant and Tenant-Related Persons will not park in or otherwise interfere with the use of, or access to, the New Parking Area.

2. <u>Defined Terms</u>.  All defined terms used but not otherwise defined herein shall have the same meaning assigned to them in the Lease.

3. <u>Ratification of Lease</u>.  Except as amended hereby, the Lease shall remain in full force and effect in accordance with its terms and is hereby ratified.  In the event of a conflict between the Lease and this Amendment, this Amendment shall control.

4. <u>No Representations</u>.  Landlord and Landlord's agents have made no representations or promises, express or implied, in connection with the Lease or this Amendment except as expressly set forth herein or in the Lease and Tenant has not relied on any representations except as expressly set forth herein or in the Lease.

1

5. <u>Counterparts / Electronic Signatures</u>. This Amendment may be executed in any number of counterparts with the same effect as if all parties hereto had signed the same document. Notwithstanding any law or presumption to the contrary, this Amendment may be executed electronically or by facsimile or pdf and each party has the right to rely upon an electronic, facsimile or pdf counterpart of this Amendment signed by the other party to the same extent as if such party had received an original counterpart, and such counterpart of this Amendment shall be deemed valid and binding and admissible by either party against the other as if same were an original ink signature.

<u>6. Bankruptcy Case</u>. On October 10, 2022, Tenant filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for Southern District of Florida, Case No. 22-17842-PDR ("Bankruptcy Case"). Nothing Contained herein is or should be construed as an assumption or rejection of any executory contract pursuant to Section 365 of the Bankruptcy Code nor affect the Tenant's rights in the Bankruptcy Case to assign the Lease.

**[SIGNATURE PAGE FOLLOWS.]**

3

IN WITNESS WHEREOF, the parties have executed this Amendment to be effective as of the date first above written.

| | |
|---|---|
| **LANDLORD:** | **TENANT:** |
| CIVF VI – TX1M01-M04, LLC, <br> a Delaware limited liability company | VITAL PHARMACEUTICALS, INC., <br> a Florida corporation |
| By:   Cabot Industrial Value Fund VI <br>         Operating Partnership, LP, a <br>         Delaware limited partnership, <br>         its sole member | By: _____ <br> Name: _____ <br> Title: _____ |
| By: _____ <br> Name: _____ <br> Title: _____ | |

# EXHIBIT A

# NEW PARKING AREA



A-1

35893901v.1 124798/00508

# **<u>EXHIBIT B</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR (Jointly Administered) |
| Debtors.[1] _____/ | |

**AGREED ORDER GRANTING JOINT MOTION FOR ENTRY OF AN
AGREED ORDER AUTHORIZING LEASE AMENDMENT**

**THIS MATTER** having come before the Court upon the *Joint Motion for Entry of an Agreed Order Authorizing Lease Amendment* [ECF No. _____] filed by the above-captioned Debtors and CIVF VI – TX1M01-M04, LLC (a "Landlord," and together with the Debtors, the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12093788-1

"Movants"). The Court, having reviewed the Motion, the record, and being advised of the agreement of the Movants, finds the Movants gave sufficient and proper notice of the Motion under the circumstances and upon consideration of the Motion and any arguments in support of the relief requested, the Court finds that good cause exists to grant the requested relief and thus it is hereby,

**ORDERED** that:

1. The Debtors are authorized to enter into a Lease Amendment[2] as set forth in the Motion.

2. The Landlord reserves all rights to object to any current or future proposed plan or other treatment relating to the Landlord or the Lease Agreement other than the Cure Amount.

3. Nothing contained in the Motion or the Lease Amendment shall be construed as an assumption or rejection of any executory contract pursuant to Section 365 of the Bankruptcy Code nor affect the Debtors' rights in the Bankruptcy Case to assign the Lease.

4. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
*Counsel to the Debtors*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
jguso@bergersingerman.com
mniles@bergersingerman.com

(*Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.*)

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.
12093788-1