UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |

_____/

**NOTICE OF FILING TEXT-SEARCHABLE VERSION OF FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF QUARLES & BRADY LLP, AS SPECIAL COUNSEL TO THE DEBTORS [ECF NO. 992]**

Quarles & Brady LLP, special counsel to the Debtors, Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, EEC, Quash Seltzer, EEC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc., hereby files the attached text-searchable version of the *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Quarles & Brady*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*LLP, as Special Counsel to the Debtors* filed on March 21, 2023 [ECF No. 992].

Dated:  April 24, 2023                            Respectfully submitted,
        Miami, Florida

George A. Davis (admitted *pro hac vice*)          /s/ Jordi Guso
Tianjiao ("TJ") Li (admitted *pro hac vice*)      Jordi Guso
Brian S. Rosen (admitted *pro hac vice*)        Florida Bar No. 863580
Jonathan J. Weichselbaum (admitted *pro hac vice*)  Michael J. Niles
**LATHAM & WATKINS LLP**               Florida Bar No. 107203
1271 Avenue of the Americas            **BERGER SINGERMAN LLP**
New York, NY 10020                 1450 Brickell Avenue, Suite 1900
Telephone:  (212) 906-1200             Miami, FL 33131
Email:  george.davis@lw.com           Telephone:  (305) 755-9500
       tj.li@lw.com                   Email:  jguso@bergersingerman.com
       brian.rosen@lw.com                   mniles@bergersingerman.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

          Debtors.

_____/

Chapter 11 Cases
Case No. 22-17842-PDR
(Jointly Administered)

**SUMMARY OF FIRST INTERIM APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES TO QUARLES & BRADY LLP,
AS SPECIAL COUNSEL TO THE DEBTORS**

| | | |
|---|---|---|
| 1. | Name of Applicant: | Quarles & Brady LLP |
| 2. | Role of Applicant: | Special Counsel to the Debtors |
| 3. | Name of certifying professional: | Christopher Combest |
| 4. | Date case filed: | October 10, 2022 |
| 5. | Date of order approving employment: | March 9, 2023 [ECF No. 926], effective as of Petition Date |

**IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW**:[2]

| | | |
|---|---|---|
| 6. | Period for this Application: | October 10, 2022 - February 28, 2023 |
| 7. | Amount of Compensation Sought: | $ 945,749.50 |
| 8. | Amount of Expense Reimbursement Sought: | $ 19,807.19 |

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] The Applicant has received no payments for fees or expenses for the period of this Application.

12014020-1

**IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:**

9.      Total Amount of Compensation sought during the case:      N/A

10.     Total Amount of Expense Reimbursement sought during case:      N/A

11.     Amount of Original Retainer(s):      $ 0.00

12.     Current Balance of Retainer(s) remaining:      N/A

13.     Last monthly operating report filed:      N/A[3]

14.     If case is Chapter 11, current funds in the Chapter 11 estate:      N/A

15.     If case is Chapter 7, current funds held by Chapter 7 Trustee:      N/A

---

[3] The information requested at Items 13 and 14 is within the purview of Debtors' general restructuring counsel, Latham & Watkins LLP and Berger Singerman LLP.

## CERTIFICATION

1.      I have been designated by Quarles & Brady LLP (the "Applicant") as the professional with responsibility in this case for compliance with the current U.S. Department of Justice, Executive Office for United States Trustee's "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.      I have read the Applicant's application for compensation and reimbursement of expenses (the "Application").  The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

3.      The fees sought have been billed at rates for partners, associates, and paraprofessionals, respectively, that were negotiated with, and agreed to by, the Debtors and approved by the Court in its *Order Approving Debtors' Application for Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition* Date [ECF No. 926].  The expenses for which reimbursement is sought were incurred and posted in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for expenditures described on **Exhibit 3**, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.      The following are the variances with the provisions of the Guidelines, the date of each Court order approving the variance, and the justification for the variance:  As further

12014020-1

discussed in the Application, the Applicant has categorized the time spent rendering services to the Debtors and their estates by the numbers assigned to the Debtors' matters in the Applicant's computerized billing system.  The Applicant believes this approach substantially comports with the Guidelines; however, Applicant has not used the Activity Code Categories set forth in the Guidelines, and so, to the extent the Court deems that a "variance," the Applicant asks that the Court approve it.

Dated:  March 21, 2023

QUARLES & BRADY LLP
*Special Counsel to Debtors*
300 N. LaSalle Street, Suite 4000
Chicago IL 60654
Telephone: (312) 715-5000

By:   */s/ Christopher Combest*
       Christopher Combest
       IL ARDC No. 6224701
       christopher.combest@quarles.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

              Debtors.

_____/

Chapter 11 Cases
Case No. 22-17842-PDR
(Jointly Administered)

**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO
QUARLES & BRADY LLP, AS SPECIAL COUNSEL TO THE DEBTORS**

QUARLES & BRADY LLP (the "Applicant"), as special counsel to the above-captioned

debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors")[2], pursuant to

11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016(a), the Court's *Order Granting Ex Parte Motion*

*to Amend the Interim Compensation Procedures Order* [ECF No. 503] (the "Compensation

Procedures Order"), and the Court's *Order Approving Debtors' Application for Order Authorizing*

*the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special*

*Counsel to the Debtors, Effective as of the Petition* Date [ECF No. 926] (the "Quarles Retention

Order"), hereby submits its first application for interim compensation for services rendered to the

Debtors and their estates and for reimbursement of expenses incurred in connection therewith (this

"Application") for the period from the Petition Date (as defined below) through February 28, 2023

(the "Application Period"). In support thereof, the Applicant states:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors'
federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc.
(5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC
(9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital
Pharmaceuticals International Sales, Inc. (8019).

[2] For convenience, this Application refers generally to "the Debtors"; the Applicant has been retained
specifically to render services to Debtors Vital Pharmaceuticals, Inc. and JHO Intellectual Property
Holdings, LLC.

12014020-1

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief sought herein are 11 U.S.C. §§ 330, 331, and 503(b), Fed. R. Bankr. P. 2016(a), Local Rule 2016-1(A), and the Compensation Procedures Order.

## II.     RETENTION OF APPLICANT AND REQUESTED AWARDS

1.      On October 10, 2022 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Code").

2.      On October 11, 2022, the Court entered an *Order Granting Debtors' Ex Parte Motion for Joint Administration* [ECF No. 43], jointly administering these Chapter 11 Cases for procedural purposes and designating Case No. 22-17842-PDR as the "lead case."

3.      On December 14, 2022, the Debtors filed the *Debtors' Application for Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [ECF No. 511] (the "Quarles Employment Application"), seeking the retention of the Applicant under Code § 327(e).  The Court granted the Quarles Employment Application by entry of the Quarles Retention Order on March 9, 2023 [ECF No. 926] (a copy of the Quarles Retention Order is attached hereto as "**Exhibit A**").

4.      The Applicant submits this Application pursuant to Sections 330, 331, and 503(b) of the Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the current U.S. Department of Justice, Executive Office for United States Trustee's "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

5.      The Applicant, as special counsel to the Debtors, requests a first interim award of compensation for services rendered and for reimbursement of related expenses in the amount of $965,556.69, comprising (a) $945,749.50 for services rendered during the Application Period and (b) $19,807.19 as reimbursement for actual and necessary expenses incurred by the Applicant during the Application Period.

6.      This request is the Applicant's first interim application to the Court for compensation and reimbursement of expenses for services rendered as special counsel to the Debtors. The Applicant does not hold a retainer and has received no payments of the fees or expenses sought in this Application, under the Compensation Procedures Order or otherwise. No understanding exists between the Applicant and any other person for the sharing of compensation sought by the Applicant, except among the partners and associates of the Applicant.

7.      In accordance with the Guidelines, the following exhibits are annexed to this Application[3]:

(a)      **Exhibits "2-A" and "2-B"** – Summary of Professional and Paraprofessional Time. These Exhibits contain a list of the Applicant's professionals and paraprofessionals who have provided services to the Debtors during the Application Period, the hourly rate charged by each, and a summary of time expended by each, as well as a summary of professional and paraprofessional time by matter number.

(b)      **Exhibit "3"** – Summary of Requested Reimbursement of Expenses. This Exhibit contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Debtors, for which the Applicant seeks reimbursement in accordance with Section 330(a)(2) of the Code, the Bankruptcy Rules, and the Guidelines. The expenses and disbursements summarized in Exhibit 3 are those which the Applicant typically would invoice to its non-bankruptcy clients.

(c)      **Exhibit "4"** – This Exhibit contains: (i) a daily description of the services rendered, and the hours expended by the various attorneys and

---

[3] The Exhibit numbers used in this Application track the numbers used in the Guidelines. Because this is the Applicant's first interim application for compensation and reimbursement of expenses in these Chapter 11 Cases, the Applicant has not attached a Fee Application Summary Chart (Exhibit 1 to the Guidelines).

paraprofessionals of the Applicant who performed services in this case and (ii) a detailed schedule listing the expenses and disbursements for which the Applicant seeks reimbursement. The Applicant has prepared Exhibit 4 based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paraprofessionals who rendered services in these Chapter 11 Cases.

8.    The Applicant has expended a total of **2,080.90** hours during the Application Period in rendering necessary and beneficial legal services to the Debtors.

## III.    BACKGROUND RELATING TO APPLICANT'S RETENTION[4]

9.    The Applicant has represented one or more of the Debtors since 2018 in a variety of areas, including general contracting, distributorship issues, regulatory affairs, intellectual property prosecutions and disputes, and commercial litigation.  Relevant to this Application and the retention of the Applicant as special counsel, the Applicant represented the Debtors, prepetition, in the following matters:

(a)    **Monster Action**: This matter involves litigation against Debtor Vital Pharmaceuticals, Inc. ("VPX") and its sole shareholder initiated by Monster Energy Company ("Monster") in the United States District Court for the Central District of California (the "California Court"), entitled *Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, Case No. 18-cv-1882 (C.D. Cal.) (the "Monster Action").  The Monster Action asserts claims against VPX for alleged false advertising, alleged trade secret misappropriation, alleged violations of the federal Computer Fraud and Abuse Act, and alleged interference with certain of Monster's contracts for retail shelf space.

---

[4] For a more detailed discussion of the background of, and proceedings during, the Chapter 11 Cases, please see the interim fee applications filed by the Debtors' general restructuring counsel, Latham & Watkins LLP and Berger Singerman LLP, as well as the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26].

12014020-1                                                                4

The Monster Action involved production of hundreds of thousands of documents from parties and non-parties, more than 70 depositions, and significant motion practice over four years. After a complex trial, involving dozens of witnesses and hundreds of admitted exhibits, a jury found in favor of Monster and against VPX (the "Verdict") on all five claims tried to the jury. The California Court has not entered judgment on the Verdict, and Monster and the Debtors agreed to entry of an order by this Court [ECF No. 450], modifying the automatic stay to allow Monster and VPX to complete post-Verdict briefing through final judgment in the Monster Action.

(b)    **PhD Appeal**: This litigation was initiated by VPX and Debtor JHO Intellectual Property Holdings, LLC ("JHO") as plaintiffs in a trademark infringement suit against PhD Marketing, Inc., brought in the California Court and styled *Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. PhD Marketing, Inc.*, Case No. 2:20-cv-06745-RSWL-JC. PhD Marketing's appeal of the California Court's judgment in VPX's favor is currently pending in the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") as No. 22-55815 (the "PhD Appeal"). The Applicant was prepetition counsel to VPX and JHO in the PhD Appeal, as well as in the underlying litigation.

(c)    **The W&G Appeal**: The Applicant represents VPX as appellant in an appeal of a Wisconsin state court judgment in favor of Webb & Gerritsen, Inc. ("W&G") and against VPX for alleged violation of the Wisconsin Fair Dealership Law. (The Applicant was not trial counsel in that matter.) The matter is currently pending in the Wisconsin Court of Appeals (the intermediate Wisconsin appellate court) as Appeal No. 22-AP-488 (the "W&G Appeal").

(d)  **General Counsel Matters**:  Prepetition, the Applicant represented the Debtors as general counsel for multiple transactional matters, including, but not necessarily limited to (a) matters regarding distributorship agreements and disputes arising in distributor-related matters; (b) regulatory matters (including regulations pertaining to the sale and distribution of beverages containing alcohol, such as hard seltzer), and (c) general corporate matters, including advice regarding general intellectual property matters (the "General Counsel Matters").

(e)  **The OBI Appeal**:  Prepetition, the Applicant represented VPX and JHO in an arbitration proceeding captioned *Orange Bang, Inc. and Monster Energy Company v. Vital Pharmaceuticals, Inc. d/b/a VPX Sports*, AAA Case No. 01-20-0005-6081, before the American Arbitration Association.  That proceeding involved allegations of trademark infringement by Orange Bang, Inc. ("OBI") and Monster against VPX and JHO.  After entry of a final arbitration award in favor of OBI and Monster, and the subsequent final judgment entered thereon by the California Court, the Applicant represented the Debtors in their appeal (the "OBI Appeal") to the Ninth Circuit.

As reflected in the Quarles Employment Application, the Debtors initially sought to retain the Applicant in the OBI Appeal.  However, prior to entry of the Quarles Retention Order, Debtors chose to retain different law firms to handle the OBI Appeal, on terms different from those contained in the engagement letter between the Applicant and the Debtors.

Prior to reassignment of the OBI Appeal, the Applicant rendered valuable services to the Debtors and their estates in connection with protecting the Debtors' rights during the first months of the Chapter 11 Cases and transferring the matter to successor counsel.  The Applicant seeks allowance and payment of its fees and related expenses for those services.

12014020-1

6

10.    Pursuant to, and as described in, the Quarles Retention Order and the associated engagement letter between the Debtors and the Applicant (as the same is modified by the Quarles Retention Order), the Applicant has been retained under Code § 327(e) as special counsel to continue its prepetition representation of the Debtors in (a) the Monster Action, to prosecute all post-Verdict motions and other matters up to, but not including, a subsequent appeal of the California Court's final judgment; (b) the PhD Appeal, for the purposes of attending mediation and the related on-going negotiation of a settlement with PhD Marketing, Inc.; (c) the W&G Appeal, solely for the purposes of enforcing the automatic stay and obtaining extensions of court-prescribed briefing schedules, and (d) the General Counsel Matters, on an as-needed basis.

## IV.    ORGANIZATION OF TIME DETAIL BY CATEGORIES

11.    Because the Applicant has been retained as special counsel to perform work unrelated to representing the Debtors as general bankruptcy counsel, the Activity Code Categories described in the Guidelines do not map well onto the services provided by the Applicant, and using solely those categories to organize its time detail would, the Applicant believes, render the Application less, rather than more, informative.

12.    The Monster Action, the PhD Appeal, the W&G Appeal, and the OBI Appeal are separate litigation matters, each of which, the Guidelines state, should have its own category (Guidelines, § C.4).  Consistent with the Guidelines, the Applicant has used separate matter numbers, assigned in its computerized time entry and billing system, to record its time spent on the Monster Action (matter 51), the PhD Appeal (matter 15), the W&G Appeal (matter 50), and the OBI Appeal (matter 85).

13.    The General Counsel Matters comprise numerous discrete projects, to which the Applicant assigned separate matter numbers prepetition.  In many cases, organizing postpetition billed time under those same matter numbers gives a better indication of the nature and reasons

for the services performed than would simply aggregating all of those entries under one catch-all "general counsel" matter number.

14.    With reference to the detailed billing records attached hereto as Exhibit 4, the following Quarles matter numbers describe the services that constitute the General Counsel Matters; as described later in this Application, the services performed under these matter numbers were largely related to distributor contracts or disputes and to advice on general intellectual property matters, all of which is within the scope of the General Counsel Matters that the Applicant was retained to perform:

(a)    Matter 00001: General Corporate Advice

(b)    Matter 00002: General IP Advice

(c)    Matter 00003: Manta Dealer Termination Process

(d)    Matter 00005: NoSo Litigation Breach of Contract

(e)    Matter 00014: Keurig Dr. Pepper, Inc.

(f)    Matter 00034: Dairy Farmers of America, Inc. Dispute

(g)    Matter 00043: SRO TM Infringement

(h)    Matter 00047: The House of LaRose – Defense of Distributor Termination Litigation

(*i*)    Matter 00048: Premier – Defense of Distributor Termination Litigation

(j)    Matter 00055: UMG Copyright Infringement

(k)    Matter 00056: Sony Copyright Infringement

(*l*)    Matter 00071: OPP - BANGIN'

(m)    Matter 00072: OPP - BANG! POP! FIZZ!

(n)    Matter 00077: OPP - SUPER FUEL

## V.    DESCRIPTION OF SERVICES

15.    In addition to the detailed time entries contained in Exhibit 4, the services provided to the Debtors and their estates by the Applicant during the Application Period are summarized below.

(a)    Monster Action (Quarles matter 00051 ["Monster False Advertising Claim"]):    During the Application Period, the Applicant provided substantial briefing relating to Monster's post-Verdict motions, including Monster's motion for a permanent injunction as to its claims arising under the Lanham Act (trademark infringement), claims for tortious interference with contract, and claims involving trade secrets.  The Applicant was also involved in a significant factual/record analysis from the trial of the Monster Action, as well as legal research, in order to file its opening brief in support of Debtors' motion for judgment notwithstanding the verdict as to Monster's Lanham Act and tortious interference claims and a motion for new trial/remittitur as to Monster's Lanham Act, tortious interference, and trade secrets claims.

The Applicant also assisted in various meet-and-confer conferences with Monster's counsel relating to the same and began an extensive review of, and drafting of the Debtors' opposition to, Monster's motion for equitable relief and for fees and costs, which seeks over $200 million in additional post-Verdict damages, fees, and costs.  The Applicant regularly strategized with the Debtors' general restructuring counsel and met with the Debtors' board of directors to provide assessments as to case status, answer questions about the Monster Action, and, when appropriate, provide recommendations on litigation strategy.

Applicant expended a total of 1,482.80 hours in this category and is requesting the total sum of $675,752.00 for the services rendered in this category.

(b)      PhD Appeal (Quarles matter 00015 ["Trademark Infringement - PhD Marketing"]): During the Application Period, the Applicant worked to preserve the Debtors' interest in the $10 million judgment obtained in the Debtors' favor against PhD Marketing, Inc. ("PhD"), in the face of the PhD Appeal, made by PhD to the Ninth Circuit. To preserve the Debtors' interests, the Applicant monitored the Ninth Circuit docket and responded to filings made with the Ninth Circuit. The Applicant also participated in the Ninth Circuit's mediation program on behalf of the Debtors. That participation involved (i) drafting a mediation statement; (ii) reviewing the mediation statement provided by PhD; (iii) participating in the mediation process; (iv) preparing a memorandum and recommendation to the Debtors' board of directors; (v) continuing efforts, at the board's request, to obtain additional financial discovery from PhD, and (vi) continuing efforts to extend the briefing schedule for the PhD Appeal, to permit the Debtors' board to evaluate the mediation results before expending funds on defending the PhD Appeal.

Applicant expended a total of 56.30 hours in this category and is requesting the total sum of $24,638.50 for the services rendered in this category.

(c)      W&G Appeal (Quarles matter 00050 ["Dealer Termination - Webb & Gerritsen"]): Pursuant to Wisconsin appellate rules, the Wisconsin Court of Appeals sets a briefing schedule for appeals only after the record on appeal is completed and transmitted by the trial court. In this case, that step was unusually delayed, primarily due to several extension requests by the court reporter assigned to prepare the necessary transcripts. During the Application Period, the Applicant monitored progress toward finalizing the record on appeal; corresponded with the court reporter regarding outstanding transcripts; reviewed the initially circulated record on appeal for completeness and

accuracy; noted, and saw to corrections of, defects in that record; monitored the trial and appellate court dockets for orders affecting the timing of the appellate briefing, and conferred with the Debtors' general litigation counsel regarding staying the W&G Appeal and extending the briefing schedule in connection therewith.

Applicant expended a total of 7.60 hours in this category and is requesting the total sum of $3,362.00 for the services rendered in this category.

(d)    OBI Appeal (Quarles matter 00085 ["Appeal - Orange Bang Litigation"]): During the Application Period, the Applicant provided assistance to preserve the Debtors' interests with respect to the OBI Appeal, which appeal seeks to vacate an arbitration award in excess of $175 million, which award also imposes a continuing, permanent 5% royalty in favor of OBI and Monster on all future sales of the Debtors' BANG energy drink. After the stay of the OBI Appeal by the Ninth Circuit, the Applicant took only those actions necessary to advise the Debtors' board of directors and Debtors' general restructuring counsel as to the substance of the legal issues involved, address timing concerns, provide assessments as to case status, and, when appropriate, to provide recommendations on litigation strategy.

Applicant expended a total of 126.20 hours in this category and is requesting the total sum of $60,673.00 for the services rendered in this category.

(e)    General Counsel Matters (see Paragraph 14, above, for applicable Quarles matter numbers)[5]:  The services provided by the Applicant in its general counsel capacity go to the core of the Debtors' business and its revenues: (i) distributing their beverage

---

[5] The time detail provided in Exhibit 4 has been redacted to preserve confidential business information of competitive significance to the Debtors regarding the identities of the numerous distributor entities with which the Debtors have had discussions during the Application Period.

products; (ii) defending their rights under their distributorship agreements; (iii) safeguarding their rights in their valuable intellectual property, and (iv) reducing exposure to, and defending against, infringement claims alleged by others.

In connection with corporate business matters, the Applicant continued its prepetition work for the Debtors negotiating and drafting multiple distributorship agreements with numerous potential distributors of the Debtors' products across the country (and, in particular, in the western region of the United States), work that requires specialized knowledge of distributorship laws and advanced drafting skills. The Applicant regularly conferred with the Debtors regarding the terms of these contracts and strategized as to those negotiations. Many of these agreements were made necessary by the prepetition termination by the Debtors of existing agreements. The Applicant has also assisted the Debtors in their effort to expand their distributor network internationally, through a contract with a Mexican distributor, work that involved identifying potentially unique provisions of Mexican distributorship law and connecting the client to local counsel.

The Applicant also continued its prepetition work handling distributorship-related disputes, which often involve either enforcing the Debtors' rights when a distributor breaches or defending the Debtors against allegations by former distributors of wrongful termination by the Debtors. The majority of the work in connection with these matters involved ensuring that the relevant non-bankruptcy courts were informed of the existence of the automatic stay, preparing court-required status reports, and completing pending work in order to "mothball" the matters until resolution of the Chapter 11 Cases.

With regard to general intellectual property advice, the Applicant provided counseling and assistance to the Debtors on multiple matters, including with regard to pending arbitration; case scheduling and case strategies; preservation of evidence during

the period of the automatic stay; analysis of legal issues, and preparation of court-required status reports.  The Applicant also assisted the Debtors with the analysis of potential infringement issues in connection with the use of copyrighted music in social media posts.

Applicant expended a total of 271.40 hours in this category and is requesting the total sum of $113,707.00 for the services rendered in this category.

(f)    Chapter 11 Bankruptcy (Quarles matter 00087):  As a professional retained in these Chapter 11 Cases, the Applicant must comply with the requirements of the Code, the Bankruptcy Rules, applicable Local Rules, and orders of this Court.  The Applicant's principal work in relation to those requirements during the Application Period involved (i) the Quarles Employment Application and (b) initial work on this Application.

During the Application Period, the Applicant prepared the Quarles Employment Application, the supporting declaration, and the Quarles Retention Order.  The preparation of the Applicant's retention papers was a lengthy process, in part, because the Applicant's professionals also needed to attend to a significant amount of work in order to protect the Debtors' interests in the matters described above (work that the Applicant did in good faith, despite the delays in obtaining entry of the Quarles Retention Order), and, in part, because the extensive amount and variety of matters the Applicant has handled for the Debtors since 2018 required detailed review of the status and history of dozens of open matters; multiple discussions with the Debtors regarding the scope of the Applicant's retention; consideration of appropriate disclosures regarding work done prepetition for the sole shareholder of VPX[6], review of potential connections with parties in interest in the Chapter 11 Cases arising from all of these matters, and evaluation by the Applicant's general counsel

---

[6] The Applicant does not, and will not, represent VPX's sole shareholder in matters for which the Applicant has been retained as special counsel.

regarding the scope of the Applicant's postpetition representation of the Debtors and the content of the disclosures made by the Applicant in the Quarles Employment Application.

The official committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee") raised numerous informal objections to the Quarles Retention Application and sought documents and other information from the Applicant regarding the Applicant's prepetition representation of the Debtors, the financial terms of that representation, the contents of prepetition engagement letters between the Applicant and the Debtors, and related matters. The Committee also filed objections to the Quarles Employment Application [ECF Nos. 651 and 766].

The Applicant made good-faith efforts to comply with the Committees' requests for information and documents and to address its concerns, in multiple e-mails and on telephone or video calls. The Applicant attended three hearings on the Quarles Employment Application and negotiated the terms of the Quarles Retention Order with the Committee's counsel.

During the Application Period, the Applicant also began the work necessary to prepare and file this Application and to file monthly fee requests going forward, as permitted by the Compensation Procedures Order.

Applicant expended a total of 136.60 hours in this category and is requesting the total sum of $67,617.00 for the services rendered in this category.

16. The Applicant's professionals have attempted to identify their services and record the time spent thereon in a manner which would most clearly and accurately explain and segregate by matter the services rendered. However, given the volume of time entries made during the Application Period, that some professionals worked on multiple discrete matters, and that some

12014020-1                                    14

tasks might fairly be classified in more than one category, strict segregation by matter or category

was not always possible.  Any misclassification of time is inadvertent.

## VI.    EVALUATION UNDER CODE § 330(a)(3) OF SERVICES RENDERED; *JOHNSON* CONSIDERATIONS

17.    The Guidelines instruct applicants to address the factors set forth in Section

330(a)(3) of the Code regarding the reasonableness of requested compensation; the Guidelines also

suggest, but do not require, addressing the twelve factors enumerated in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[7]

18.    The factors enumerated in Code § 330(a)(3) for use in evaluating requests for

compensation are as follows:

(a)    the time spent on such services [Code § 330(a)(3)(A)];

(b)    the rates charged for such services [Code § 330(a)(3)(B)];

(c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title [Code § 330(a)(3)(C)];

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed [Code § 330(a)(3)(D)];

(e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field [Code § 330(a)(3)(E)], and

(f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [Code § 330(a)(3)(F)].

19.    The twelve *Johnson* factors are:

(a)    the time and labor required;

---

[7] The Eleventh Circuit has acknowledged the relevance of the *Johnson* factors, while noting that no single factor is dispositive; rather, "a genuine balance must be struck by the bankruptcy judge."  *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990).

       (b)     the novelty and difficulty of the questions presented;

       (c)     the skill required to perform the legal services properly;

       (d)     the preclusion from other employment by the attorney due to acceptance of the case;

       (e)     the customary fee for similar work in the community;

       (f)     whether the fee is fixed or contingent;

       (g)     the time limitations imposed by the client or circumstances;

       (h)     the amount involved, and results obtained;

       (*i*)     the experience, reputation, and ability of the attorneys;

       (j)     the undesirability of the case;

       (k)     the nature and length of the professional relationship with the client; and

       (*l*)     awards in similar cases.

*Johnson*, 488 F.2d at 717-19; *see also Grant*, 908 F.2d at 878 n.9.

     20.    Based on the standards set forth in Code § 330 and the *Johnson* factors, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is no less than the sum of $945,749.50 plus expenses of $19,807.19. Because the factors enumerated in Code § 330(a)(3) overlap with certain of the *Johnson* factors, the Applicant discusses them together below.

     **(a)**    **Time Spent on, and Nature and Extent of, Services Rendered [including Code § 330(a)(3)(A)] and Related *Johnson* Factors**

     The foregoing summary, together with the Exhibits attached hereto, details the time, nature, and extent of the professional services rendered by the Applicant for the benefit of the Debtors' estates during the Application Period. The total time expended during the Application Period, 2,080.90 hours, reveals the extensive effort devoted to the Debtors' matters by the Applicant on an array of issues involving multiple legal disciplines and skills.

**(b)** **Novelty and Difficulty of Questions Presented**
**[including Code § 330(a)(3)(D)]**

The issues the Applicant has been retained to handle require significant experience and a high level of skill in a range of legal areas (see subsection (c), below).  The issues arose in the context of complex, years-long litigation that led to nine-figure verdicts against the Debtors and involved intellectual property law (in particular, Lanham Act (trademark infringement) and trade secret claims); contract negotiation and drafting (in particular, with respect to domestic and international distributorship agreements); commercial litigation (in particular, federal post-verdict practice and procedure (*e.g.*, seeking judgment notwithstanding the verdict, new trial, and remittitur) and federal and Wisconsin state appellate practice and procedure), and participating in mediations and the negotiation of settlements.

**(c)** **Skill Requisite to Perform Services Properly [including Code § 330(a)(3)(E)]**

Rendering services to the Debtors required substantial skill and experience in the areas described above.

As to Code § 330(a)(3)(E), a large majority of the professionals who have worked on the Debtors' matters during the Application Period have received public acknowledgement and recognition of their skills and professional status from one or more sources.  Nearly all of the partners who have worked on the Debtors' matters during the Application Period have at least 20 years of experience in their fields, and most of the associates have five years of experience or more.

**(d)** **Preclusion from Other Employment by Attorney Due to Acceptance of Case**

The Applicant has devoted substantial time to its representation of the Debtors, as more fully appears on Exhibit 1; however, the Applicant is aware of no specific employment which was precluded as a result of its accepting its engagement as special counsel to the Debtors.

(e)     **Customary Fee [including Code § 330(a)(3)(B) and (F)]**

As described above and in the Quarles Employment Application, the Applicant agreed to provide services to the Debtors and their estates at substantial discounts to their ordinary hourly rates charged to clients in similar non-bankruptcy matters.  The Applicant further submits that its rates charged to the Debtors estates of $495.00 per hour for partners, $395.00 per hour for associates, and $275.00 per hour for paraprofessionals compares favorably with the rates charged by other estate professionals in these Chapter 11 Cases and represents a significant concession by the Applicant to the needs of the Debtors' estates.

(f)     **Whether Fee is Fixed or Contingent**

While the Applicant has not been retained on a contingency-fee basis, the rates charged by the Applicant for the services of its professionals and paraprofessionals are significantly lower than those it would ordinarily charge to clients for similar work outside of bankruptcy.

(g)     **Time Limitations Imposed by Client or Other Circumstances**

The circumstances of these Chapter 11 Cases often imposed serious time constraints on the Applicant, in large part due to deadlines imposed by court orders or procedural rules and the volume of motions, objections, and other papers that needed to be reviewed, researched, drafted, and filed during the Application Period.

(h)     **Experience, Reputation, and Ability of Attorneys**

The Applicant is an established law firm; its partners and associates working on the Debtors' matters are experienced in such matters and have practiced in state and federal courts across the United States.

(*i*)     **"Undesirability" of Case**

The Applicant does not consider this *Johnson* factor relevant to the Application.

12014020-1                                           18

**(j)     Nature and Length of Professional Relationship with Client**

As is contemplated by retention under Code § 327(e), the Applicant represented the Debtors prepetition on the same or similar matters as those for which it has been retained as special counsel.

**(k)     Awards in Similar Cases; Benefit to the Estates at Time Services Were Rendered [Code § 330(a)(3)(C)]**

The Applicant believes that the amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The fees requested by the Applicant, $945,749.50, reflect an average hourly rate of $454.49 for 2,080.90 hours of services, an average rate that the Applicant believes compares favorably to the average rates of other estate professionals retained in the Chapter 11 Cases.

21.     The Applicant further submits that the services rendered and described herein were beneficial to, or reasonably likely to benefit, the Debtors' bankruptcy estates at the time the services were rendered.  Accordingly, under this prospective "reasonable at the time" standard, the fees and costs sought herein are compensable and should be approved.  *In re Woerner,* 783 F.3d 266, 276-77 (5th Cir. 2015), *rev'g en banc In re Pro-Snax Distribs., Inc.* 157 F.3d 414 (5th Cir. 1998) (which adopted a stricter, "hindsight" approach to determining benefit to the estate under Code § 330); *see also In re Nestor*, 628 B.R. 707, 721 (Bankr. S.D. Fla. 2019) ("[A] court should not review the benefit [to the estate] solely in hindsight ….  The focus is on what a reasonable lawyer would have done at the time" (internal quotation marks omitted)).

22.     In this regard, the efforts of the Applicant in the Monster Action were aimed at achieving reversal of, or reductions in, the nine-figure claims asserted by Monster as result of the Verdict in the Monster Action (which, the Applicant understands, are among the largest, if not the largest, claims against the Debtors' estates).  The Applicant's efforts in the OBI Appeal were

similarly aimed at reducing large claims against the Debtors' estates, while its efforts in connection with the W&G Appeal helped limit the Debtors' legal expenditures in connection with that matter. The Applicant's efforts in the PhD Appeal protected the Debtors' rights in connection with a money judgment in the Debtors' favor.  Its work on the General Counsel Matters provided advice and assistance on matters at the core of the Debtors' business: defending their intellectual property, reducing exposure to infringement claims of other entities, and distributing their products nationally and worldwide.

**VII.**   **CONCLUSION; PRAYER FOR RELIEF**

**WHEREFORE**, the Applicant, Quarles & Brady LLP, respectfully requests entry of an order:

(a)      Allowing and awarding the Applicant, on an interim basis, the sum of $945,749.50, as compensation for actual and necessary services rendered to the Debtors and their estates by the Applicant during the Application Period;

(b)      Allowing and awarding the Applicant reimbursement for actual and necessary expenses incurred on behalf of the Debtors and their estates in connection with such services during the Application Period in the sum of $19,807.19;

(c)      Authorizing the Debtors to pay immediately to Applicant $756,599.60 (which figure represents 80% of the total fees requested in the Application) and $19,807.19 (which figure represents 100% of the total reimbursable expenses requested in the Application), for a total immediate payment of $776,406.79;

(d)      Approving notice of this Application as sufficient and finding that no other or further notice is required, and

(e)      Granting such other and further relief as this Court deems appropriate.

Dated:  March 21, 2023                QUARLES & BRADY LLP
                                      *Special Counsel for the Debtors*
                                      300 N. LaSalle Street, Suite 4000
                                      Chicago, Illinois 60654
                                      Telephone: (312) 715-5000
                                      Facsimile: (312) 715-5155

                                      By:  */s/ Christopher Combest*
                                           Christopher Combest
                                           IL ARDC No. 6224701
                                           christopher.combest@quarles.com

**Exhibit A**

**Quarles Retention Order [ECF No. 926]**



**ORDERED in the Southern District of Florida on March 9, 2023.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]      Case No.: 22-17842-PDR

　　Debtors.                                          (Jointly Administered)
_____/

**ORDER APPROVING DEBTORS' APPLICATION FOR ORDER**
**AUTHORIZING THE EMPLOYMENT OF ANDREW P. BEILFUSS AND**
**THE LAW FIRM OF QUARLES & BRADY LLP AS SPECIAL COUNSEL**
**TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

**THIS MATTER** came before the Court on February 9, 2023 at 1:30 p.m., and again on

February 23, 2023 at 2:00 p.m. (the "February 23 Hearing"), in Fort Lauderdale, Florida, upon the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Debtors' Application For Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [ECF No. 511] (the "<u>Application</u>")[2].  The Court, having considered the Application, the Engagement Letter attached to the Application as Exhibit "A," the *Declaration of Andrew P. Beilfuss, on Behalf of Quarles & Brady LLP, as Proposed Special Counsel to the Debtors*, attached to the Application as Exhibit "B", and the *Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors' Pending Applications to Retain Special Counsel* [ECF No. 651], the argument of counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) Quarles & Brady LLP does not hold or represent any interest adverse to the Debtors' estates on any matter in which Quarles & Brady LLP is to be engaged, and (d) Quarles & Brady LLP's employment as special counsel to the Debtors pursuant to 11 U.S.C. §327(e) with respect to the matters set forth below is in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest.  Accordingly, it is

ORDERED as follows:

1.      The Application is **APPROVED**, as set forth herein.

2.      The objections to the Application not withdrawn or resolved prior to the February 23 Hearing are **OVERRULED**.

3.      The employment of Quarles & Brady LLP, as special counsel to the Debtors, pursuant to the terms set forth in the Engagement Letter attached to the Application as Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. § 327(e), effective as of the Petition Date as to the following matters:

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

     a.  *Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, Case No. 18-cv-1882 (C.D. Cal.) consistent with the terms outlined in the limited stay relief described in the *Order Granting Debtors' and Creditor Monster Energy Company's Joint Agreed Motion for Relief from Automatic Stay to Continue Action in Nonbankruptcy Forum* (the "Stay Relief Order") [Docket No. 450];

     b.  The court-ordered mediation and ongoing negotiations in the appeal styled *Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. PHD Marketing, Inc.*, Case No. 2:20-cv-06745-RSWL-JC;

     c.  Webb & Gerritsen appeal for the limited purpose of seeking to enforce the automatic stay and obtain an extension of any ultimately-entered briefing schedule; and

     d.  The "General Counsel Matters" described in the Application and Engagement Letter.

4.    With respect to the matters described in paragraphs 3.a through 3.d above, the Debtors shall provide the Committee periodic updates regarding the status of those matters that will not include the disclosure of privileged information.

5.    Any additional services beyond those set forth in this Order shall be subject to an application and further order of this Court.

6.    Quarles & Brady LLP, as special counsel to the Debtors, shall abide by and be compensated pursuant to the *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503] (the "Compensation Procedures Order"), and shall apply for compensation on an hourly basis, at the rates described in the Beilfuss Declaration, plus reimbursement of actual, necessary expenses incurred by Quarles & Brady LLP as special counsel, pursuant to 11 U.S.C. §§ 330 and 331, applicable federal and local rules of procedure, and applicable

orders of this Court. From and after the date of this Order, Quarles & Brady LLP shall seek compensation only for those services described in paragraph 3 of this Order, provided, however, that nothing in this Order shall bar Quarles & Brady LLP from seeking allowance and payment of fees for services rendered, and reimbursement of related costs incurred, during the period from the Petition Date through the entry of this Order, and the Debtors, Quarles & Brady LLP, and the Committee reserve all rights with respect thereto.

7.     The Debtors and Quarles & Brady LLP shall agree to a reasonable litigation budget. Quarles & Brady LLP acknowledges that the budget attached to the final order approving DIP financing [Docket No. 638] (the "DIP Order") includes a line-item for "Legal Expenses" which carves out of the secured lenders' collateral an amount of that collateral that the secured lenders have agreed may be used to fund the Debtors' postpetition litigation. Nothing in this Order shall be construed as a maximum limit or cap on the total fees and reimbursable costs that may be allowed to Quarles & Brady LLP by the Court as administrative expenses of the Debtors' estates and paid to Quarles & Brady LLP from any funds available to pay such allowed administrative expenses. The Debtors, Quarles and Brady LLP, and the Committee expressly reserve all rights under the rules of professional conduct and the Compensation Procedures Order.

8.     Quarles & Brady LLP shall use good faith and commercially reasonable efforts to avoid duplication of services with any of the Debtors' other professionals.

9.     Quarles & Brady LLP shall retain its prepetition claim against the Debtors solely for distribution purposes under any plan confirmed in connection with these chapter 11 cases; provided, however, nothing in this Order or the retention of Quarles & Brady LLP shall (i) waive or release any claims or causes of action the Debtors or their estates may have against Quarles & Brady LLP, whether prepetition or post-petition, or (ii) allow or admit to the allowance of any prepetition or

postpetition amounts allegedly due and owing to Quarles & Brady LLP, and such claims, causes of action, and defenses shall be expressly preserved.

10.    With respect to the "General Counsel Matters" for which the Debtors also seek to retain Quarles & Brady LLP, the Debtors and Quarles & Brady LLP acknowledge that the amount of cash collateral that the secured lenders have agreed may be used for such General Counsel Matters is included in the line item of the budget attached to the DIP Order for "Facility/Office" expenses.

11.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

### Guidelines Exhibit "2-A"

### Summary of Professional and Paraprofessional Time
### Total per Individual for Application Period Only

### Partners and Associates

| Name | Partner / Associate | Year Licensed | Total Hours | Hourly Rate[1] | Total Fees |
|------|---------------------|---------------|-------------|----------------|------------|
| Anderson, Ellen E. | A | 2020 | 4.00 | $ 395.00 | $   1,580.00 |
| Beilfuss, Andrew P. | P | 2005 | 58.20 | $ 495.00 | $ 28,809.00 |
| Beyer, David A. | P | 1982 | 2.50 | $ 495.00 | $   1,237.50 |
| Bolcar, Lauren C. | A | 2013 | 194.90 | $ 395.00 | $ 76,985.50 |
| Carwin, Michael W. | A | 2016 | 59.20 | $ 395.00 | $ 23,384.00 |
| Combest, Christopher | P | 1994 | 83.60 | $ 495.00 | $ 41,382.00 |
| Desargones, Sargina M. | A | 2021 | 51.60 | $ 395.00 | $ 20,382.00 |
| Dienelt, John F. | P | 1970 | 0.20 | $ 495.00 | $        99.00 |
| Dollens, Lucy R. | P | 2002 | 1.90 | $ 495.00 | $      940.50 |
| Duchemin, Matthew J. | P | 1999 | 3.60 | $ 495.00 | $   1,782.00 |
| Eastburn, Zachary T. | A | 2016 | 35.80 | $ 395.00 | $ 14,141.00 |
| Everts, Gregory T. | P | 1990 | 3.40 | $ 495.00 | $   1,683.00 |
| Foster, Zachary S. | P | 2014 | 4.10 | $ 495.00 | $   2,029.50 |
| Goldschmidt, James E. | P | 2012 | 5.50 | $ 495.00 | $   2,722.50 |
| Harris, John A. | P | 1992 | 13.80 | $ 495.00 | $   6,831.00 |
| Harris, Robert P. | P | 1987 | 2.20 | $ 495.00 | $   1,089.00 |
| Hundley, Camilla J. | A | 2017 | 101.40 | $ 395.00 | $ 40,053.00 |
| Janssen, Daniel M. | P | 1993 | 259.10 | $ 495.00 | $128,254.50 |
| Kohn, Joseph T. | P | 2012 | 0.50 | $ 495.00 | $      247.50 |
| Labukas, Jonathan P. | P | 2010 | 114.90 | $ 495.00 | $ 56,875.50 |
| Long, Kevin M. | P | 1992 | 1.30 | $ 495.00 | $      643.50 |
| Manion, Shauna D. | A | 2013 | 0.80 | $ 395.00 | $      316.00 |
| Mason, Katie L. | P | 2000 | 0.20 | $ 495.00 | $        99.00 |

[1] As described in the Application, the Debtors and the Applicant agreed to rates of $495.00 per hour for partners, $395.00 per hour for associates, and $275.00 per hour for paraprofessionals.

| McIntosh, Scott A. | P | 1998 | 3.60 | $ 495.00 | $ 1,782.00 |
| Mitchell, Nolan J. | P | 2006 | 209.90 | $ 495.00 | $103,900.50 |
| Murray, Nicole M. | P | 2002 | 3.00 | $ 495.00 | $ 1,485.00 |
| Muth, David P. | P | 1996 | 531.10 | $ 495.00 | $262,894.50 |
| Mykulak, George W. | P | 1981 | 10.80 | $ 495.00 | $ 5,346.00 |
| Oesch, Nathan J. | A | 2018 | 1.10 | $ 395.00 | $ 434.50 |
| Ogden, Brittany S. | P | 2000 | 0.10 | $ 495.00 | $ 49.50 |
| Proctor-Brown, Patrick J. | A | 2015 | 159.60 | $ 395.00 | $ 63,042.00 |
| Remington, John R. | P | 2007 | 4.20 | $ 495.00 | $ 2,079.00 |
| Ronchetti, Alexander C. | A | 2021 | 0.20 | $ 395.00 | $ 79.00 |
| Spoerk, Jeffrey K. | P | 1989 | 3.90 | $ 495.00 | $ 1,930.50 |
| VanBerg, Sydney E. | A | 2018 | 1.60 | $ 395.00 | $ 632.00 |
| Wilbert, Johanna M. | P | 2006 | 26.50 | $ 495.00 | $ 13,117.50 |
| Worthen, David E. | P | 1988 | 7.00 | $ 495.00 | $ 3,465.00 |
| Zivitz, Martin W. | P | 2000 | 9.80 | $ 495.00 | $ 4,851.00 |
| **Totals:** | | | **1,975.10** | | **$ 916,654.50** |

## Paraprofessionals

| Name | | Years of Experience | Total Hours | Hourly Rate[1] | Total Fees |
|---|---|---|---|---|---|
| Agren, Jordan M. | | 5 years | 5.40 | $ 275.00 | $ 1,485.00 |
| Flanigan, Meighan M. | | 1½ years | 1.00 | $ 275.00 | $ 275.00 |
| Kupsik, Margaret J | | 14 years | 15.30 | $ 275.00 | $ 4,207.50 |
| Olsen Dugan, Laura | | 30+ years | 3.40 | $ 275.00 | $ 935.00 |
| Topping, Debra | | 15 years | 2.60 | $ 275.00 | $ 715.00 |
| Vidal Schumm, Jennifer M. | | 7 years | 76.40 | $ 275.00 | $ 21,010.00 |
| Wilt, Rebecca S. | | 27 years | 1.70 | $ 275.00 | $ 467.50 |
| **Totals:** | | | **105.80** | | **$ 29,095.00** |
| **Cumulative Totals:** | | | **2,080.90** | | **$ 945,749.50** |

Average Hourly Rate All Timekeepers:  $454.49

## Guidelines Exhibit "2-B"

### Summary of Professional and Paraprofessional Time
### By Quarles Matter Number per Individual for Application Period Only

### 173151.00001 - General Corporate Advice

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 3.70 | $495.00 | $1,831.50 |
| Andrew P. Beilfuss | 17.70 | $495.00 | $8,761.50 |
| Patrick J. Proctor-Brown | 143.90 | $395.00 | $56,840.50 |
| Zachary T. Eastburn | 29.50 | $395.00 | $11,652.50 |
| David A. Beyer | 2.50 | $495.00 | $1,237.50 |
| Scott A. McIntosh | 0.70 | $495.00 | $346.50 |
| Lauren C. Bolcar | 0.90 | $395.00 | $355.50 |
| Nicole M. Murray | 1.20 | $495.00 | $594.00 |
| Martin W. Zivitz | 5.50 | $495.00 | $2,722.50 |
| TOTAL | 205.60 | | $84,342.00 |

### 173151.00002 - General IP Advice

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Johanna M. Wilbert | 1.90 | $495.00 | $940.50 |
| Nicole M. Murray | 0.30 | $495.00 | $148.50 |
| TOTAL | 2.20 | | $1,089.00 |

### 173151.00003 - Manta Dealer Termination Process

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Nathan J. Oesch | 0.50 | $395.00 | $197.50 |
| Alexander C. Ronchetti | 0.20 | $395.00 | $79.00 |
| Martin W. Zivitz | 4.30 | $495.00 | $2,128.50 |
| TOTAL | 5.00 | | $2,405.00 |

## 173151.00005 - NoSo Litigation Breach of Contract

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Jeffrey K. Spoerk | 3.00 | $495.00 | $1,485.00 |
| Patrick J. Proctor-Brown | 0.70 | $395.00 | $276.50 |
| Zachary S. Foster | 0.80 | $495.00 | $396.00 |
| Jonathan P. Labukas | 1.50 | $495.00 | $742.50 |
| David E. Worthen | 1.40 | $495.00 | $693.00 |
| Jordan M. Agren | 0.40 | $275.00 | $110.00 |
| Camilla J. Hundley | 5.10 | $395.00 | $2,014.50 |
| Gregory T. Everts | 3.40 | $495.00 | $1,683.00 |
| TOTAL | 16.30 | | $7,400.50 |

## 173151.00014 - Keurig Dr. Pepper, Inc.

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Jeffrey K. Spoerk | 0.90 | $495.00 | $445.50 |
| Patrick J. Proctor-Brown | 1.00 | $395.00 | $395.00 |
| Zachary T. Eastburn | 6.30 | $395.00 | $2,488.50 |
| Zachary S. Foster | 3.20 | $495.00 | $1,584.00 |
| Jonathan P. Labukas | 4.10 | $495.00 | $2,029.50 |
| David E. Worthen | 5.40 | $495.00 | $2,673.00 |
| Jordan M. Agren | 1.40 | $275.00 | $385.00 |
| TOTAL | 22.30 | | $10,000.50 |

## 173151.00015 - Trademark Infringement - PhD Marketing ("PhD Appeal")

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 0.80 | $495.00 | $396.00 |
| Andrew P. Beilfuss | 0.70 | $495.00 | $346.50 |
| Johanna M. Wilbert | 19.90 | $495.00 | $9,850.50 |
| James E. Goldschmidt | 1.90 | $495.00 | $940.50 |
| L. Katie Mason | 0.20 | $495.00 | $99.00 |
| Christopher Combest | 0.50 | $495.00 | $247.50 |
| Michael W. Carwin | 32.30 | $395.00 | $12,758.50 |
| TOTAL | 56.30 | | $24,638.50 |

2

## 173151.00034 - Dairy Farmers of America, Inc. Dispute

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Zachary S. Foster | 0.10 | $495.00 | $49.50 |
| Jonathan P. Labukas | 2.00 | $495.00 | $990.00 |
| David E. Worthen | 0.20 | $495.00 | $99.00 |
| Jordan M. Agren | 0.40 | $275.00 | $110.00 |
| TOTAL | 2.70 | | $1,248.50 |

## 173151.00043 - SRO TM Infringement

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Johanna M. Wilbert | 0.60 | $495.00 | $297.00 |
| John R. Remington | 4.20 | $495.00 | $2,079.00 |
| TOTAL | 4.80 | | $2,376.00 |

## 173151.00047 - The House of LaRose – Defense of Distributor Termination Litigation

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Matthew J. Duchemin | 0.30 | $495.00 | $148.50 |
| Rebecca S. Wilt | 1.70 | $275.00 | $467.50 |
| Jonathan P. Labukas | 0.10 | $495.00 | $49.50 |
| Sydney E. VanBerg | 1.60 | $395.00 | $632.00 |
| TOTAL | 3.70 | | $1,297.50 |

## 173151.00048 - Premier – Defense of Distributor Termination Litigation

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Matthew J. Duchemin | 0.40 | $495.00 | $198.00 |
| TOTAL | 0.40 | | $198.00 |

## 173151.00050 - Dealer Termination - Webb & Gerritsen ("W&G Appeal")

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| James E. Goldschmidt | 3.60 | $495.00 | $1,782.00 |
| Ellen E. Anderson | 4.00 | $395.00 | $1,580.00 |
| TOTAL | 7.60 | | $3,362.00 |

## 173151.00051 - Monster False Advertising Claim ("Monster Action")

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 224.80 | $495.00 | $111,276.00 |
| Matthew J. Duchemin | 2.90 | $495.00 | $1,435.50 |
| David P. Muth | 476.50 | $495.00 | $235,867.50 |
| Margaret J Kupsik | 15.00 | $275.00 | $4,125.00 |
| Jennifer M. Vidal Schumm | 70.40 | $275.00 | $19,360.00 |
| Patrick J. Proctor-Brown | 13.60 | $395.00 | $5,372.00 |
| Meighan M. Flanigan | 0.70 | $275.00 | $192.50 |
| Jonathan P. Labukas | 105.50 | $495.00 | $52,222.50 |
| Jordan M. Agren | 3.20 | $275.00 | $880.00 |
| Lauren C. Bolcar | 190.80 | $395.00 | $75,366.00 |
| George W. Mykulak | 0.20 | $495.00 | $99.00 |
| Nolan J. Mitchell | 198.80 | $495.00 | $98,406.00 |
| Camilla J. Hundley | 96.00 | $395.00 | $37,920.00 |
| Sargina M. Desargones | 51.60 | $395.00 | $20,382.00 |
| Laura Olsen Dugan | 3.40 | $275.00 | $935.00 |
| Brittany S. Ogden | 0.10 | $495.00 | $49.50 |
| John F. Dienelt | 0.20 | $495.00 | $99.00 |
| Christopher Combest | 0.50 | $495.00 | $247.50 |
| Nicole M. Murray | 0.30 | $495.00 | $148.50 |
| Michael W. Carwin | 26.40 | $395.00 | $10,428.00 |
| Lucy R. Dollens | 1.90 | $495.00 | $940.50 |
| **TOTAL** | **1,482.80** | | **$675,752.00** |

## 173151.00055 - UMG Copyright Infringement

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Johanna M. Wilbert | 0.60 | $495.00 | $297.00 |
| Shauna D. Manion | 0.80 | $395.00 | $316.00 |
| Camilla J. Hundley | 0.30 | $395.00 | $118.50 |
| Joseph T. Kohn | 0.20 | $495.00 | $99.00 |
| Debra Topping | 1.10 | $275.00 | $302.50 |
| **TOTAL** | **3.00** | | **$1,133.00** |

4

## 173151.00056 - Sony Copyright Infringement

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Kevin M. Long | 1.30 | $495.00 | $643.50 |
| Johanna M. Wilbert | 0.70 | $495.00 | $346.50 |
| Joseph T. Kohn | 0.30 | $495.00 | $148.50 |
| Debra Topping | 1.50 | $275.00 | $412.50 |
| TOTAL | 3.80 | | $1,551.00 |

## 173151.00071 - OPP - BANGIN'

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Nathan J. Oesch | 0.60 | $395.00 | $237.00 |
| Nicole M. Murray | 0.20 | $495.00 | $99.00 |
| TOTAL | 0.80 | | $336.00 |

## 173151.00072 - OPP - BANG! POP! FIZZ!

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Meighan M. Flanigan | 0.30 | $275.00 | $82.50 |
| Nicole M. Murray | 0.20 | $495.00 | $99.00 |
| TOTAL | 0.50 | | $181.50 |

## 173151.00077 - OPP - SUPER FUEL

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Nicole M. Murray | 0.30 | $495.00 | $148.50 |
| TOTAL | 0.30 | | $148.50 |

## 173151.00085 - Appeal - Orange Bang Litigation ("OBI Appeal")

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 28.30 | $495.00 | $14,008.50 |
| David P. Muth | 54.60 | $495.00 | $27,027.00 |
| Margaret J Kupsik | 0.30 | $275.00 | $82.50 |
| Johanna M. Wilbert | 2.80 | $495.00 | $1,386.00 |
| Jennifer M. Vidal Schumm | 6.00 | $275.00 | $1,650.00 |
| Patrick J. Proctor-Brown | 0.40 | $395.00 | $158.00 |
| Scott A. McIntosh | 2.90 | $495.00 | $1,435.50 |
| Jonathan P. Labukas | 1.70 | $495.00 | $841.50 |
| Lauren C. Bolcar | 3.20 | $395.00 | $1,264.00 |
| George W. Mykulak | 10.10 | $495.00 | $4,999.50 |
| Nolan J. Mitchell | 11.10 | $495.00 | $5,494.50 |
| Robert P. Harris | 2.20 | $495.00 | $1,089.00 |
| Christopher Combest | 1.60 | $495.00 | $792.00 |
| Nicole M. Murray | 0.50 | $495.00 | $247.50 |
| Michael W. Carwin | 0.50 | $395.00 | $197.50 |
| **TOTAL** | **126.20** | | **$60,673.00** |

## 173151.00087 - Chapter 11 Bankruptcy

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 1.50 | $495.00 | $742.50 |
| Andrew P. Beilfuss | 39.80 | $495.00 | $19,701.00 |
| George W. Mykulak | 0.50 | $495.00 | $247.50 |
| John A. Harris | 13.80 | $495.00 | $6,831.00 |
| Christopher Combest | 81.00 | $495.00 | $40,095.00 |
| **TOTAL** | **136.60** | | **$67,617.00** |

6

| | Guidelines Exhibit "3"<br>Summary of Requested Reimbursement of Expenses<br>for this Application Period Only | | |
|---|---|---|---|
| 1 | **Filing Fees** | | $ 965.00 |
| 2 | **Process Service Fees** | | $ 863.56 |
| 3 | **Witness Fees** | | |
| 4 | **Court Reporter Fees and Transcripts** | | $ 16,979.16 |
| | a) Court Reporter | | |
| | b) Transcripts | $ 16,979.16 | |
| 5 | **Lien and Title Searches** | | |
| 6 | **Photocopies** | | |
| | (a) In-house Copies/Reproductions | | |
| | (b) Outside Copy Service/ Recording Fees | | |
| 7 | **Postage** | | |
| 8 | **Overnight Delivery Charges** | | $ 101.35 |
| 10 | **Outside Courier/Messenger Service** | | |
| 11 | **Long Distance Telephone Charges** | | |
| 12 | **Fax Transmissions ($1/page)** | | |
| 13 | **Computerized Research (PACER)** | | $ 686.11 |
| 14 | **Travel** | | |
| 15 | **Other Permissible Expenses** | | |
| | a) Working Meals with Client | | $ 212.01 |
| | b) E-Discovery Storage Fee | $ 212.01 | |
| **TOTAL REIMBURSEMENT REQUESTED** | | | $ 19,807.19 |

**Exhibit "4"**

**Detailed Expenses and Professional and Paraprofessional Time
by Quarles Matter Number for This Application Period Only**

**Guidelines Exhibit "3"**

**DISBURSEMENTS**

| | | |
|---|---|---|
| 10/21/2022 | Phyllis Preston, INVOICE #: MKE20221021, Daily Trial Transcripts - Day 1 through Day 19; and 8/9/22 and 8/15/22 Pretrial Motion Transcripts | $16,979.16 |
| 10/28/2022 | Court Filing; California Central District Court; 10/28/2022 | $505.00 |
| 10/31/2022 | Delivery of copies to judge's chambers of Notice of Appeal | $55.00 |
| 11/21/2022 | UPS delivery to Phyllis A. Preston, CSR, FCRR United States District Court Riverside, CA 11/17/2022, INVOICE #: 0387PR111922 | $17.18 |
| 11/30/2022 | Database hosting charges - VPX - Orange Bang | $70.67 |
| 12/31/2022 | Database hosting charges - VPX - Orange Bang | $70.67 |
| 01/09/2023 | VENDOR: Pacer Service Center INVOICE#: 4735820-Q42022-24 DATE: 1/9/2023 4th Quarter Charges Online Research PACER | $475.63 |
| 01/09/2023 | VENDOR: Pacer Service Center INVOICE#: 4735820-Q42022-28 DATE: 1/9/2023 4th Quarter Charges Online Research PACER | $210.48 |
| 01/13/2023 | Court Filing; Ninth Circuit (Court); 1/13/2023 | $230.00 |
| 01/13/2023 | Court Filing; Ninth Circuit Court; 1/13/2023 | $230.00 |
| 01/17/2023 | UPS delivery to Nolan J. Mitchell  Jamaica Plain, MA 1/9/2023, Legal products, INVOICE #: 0387PR011423 | $29.17 |
| 01/30/2023 | VENDOR: Whissler Attorney Service, INVOICE #: 14066, DATE: 1/25/2023 | $863.56 |
| 01/31/2023 | Database hosting charges - VPX - Orange Bang | $70.67 |
| | **Total Disbursements:** | $19,807.19 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Review and index boxes from trial for storage and use in post-verdict briefing. | M. Kupsik | 0.50 |
| 10/10/22 | Consider key issues to post-verdict motions based upon bankruptcy filing. | D. Muth | 0.90 |
| 10/10/22 | Address issues relating to bankruptcy filing, including preparation of deadlines, outlines, and related information in connection with post-trial motions for JNOV, new trial and remittitur (.6); research regarding post-trial briefing standards in light of bankruptcy filingand effect on same (1.0). | J. Labukas | 1.60 |
| 10/10/22 | Address issues regarding post-verdict motions and appeal issues in light of filing, as well as options and responsibilities for continuing to represent Owoc individually and potentially during appeal. | D. Janssen | 1.30 |
| 10/11/22 | Follow-up on next steps based on bankruptcy and research filing issues regarding same (2.4); follow-up with opposing counsel regarding same (.2); consider impact of stay on timing issues for appeal (1.0). | D. Muth | 4.40 |
| 10/12/22 | Review procedural rules for JNOV, new trial and remittitur (2.5); prepare procedural outline in event post-verdict motions as to Jack Owoc must proceed in their individual capacity (.9); review legal research regarding same (.6); follow-up with Monster counsel regarding procedural status (.2). | D. Muth | 4.20 |
| 10/12/22 | Review/revise post-trial briefing outlines for JNOV, new trial and remittitur. | J. Labukas | 1.00 |
| 10/13/22 | Follow-up with Monster counsel regarding status of Phase II proceedings based on bankruptcy filings (.2); follow-up with Gregg Metzger regarding same (.2); consider key issues to address liability exposure and how best to address same in post-verdict motions (4.5). | D. Muth | 4.90 |
| 10/14/22 | Work on post-trial briefing, including related outlines for JNOV, new trial and remittitur. | J. Labukas | 1.10 |
| 10/17/22 | Continued review on potential post-verdict motions under Lanham Act claim. | D. Muth | 2.80 |
| 10/18/22 | Follow-up on bankruptcy status and probable injunction issues to be filed by Monster as well as how to address liability post-verdict. | D. Muth | 2.60 |
| 10/18/22 | Address updates regarding pending post-verdict briefing issues, including timing and form of related motions and submissions for JNOV, new trial and remittitur. | J. Labukas | 0.40 |
| 10/19/22 | Follow-up on issues as to additional testing of CLL (.3); status of stay regarding punitives and issues regarding same (1.8). | D. Muth | 2.10 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 3

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/20/22 | Follow-up on critical issues relative to potential bifurcation motions. | D. Muth | 1.20 |
| 10/21/22 | Follow-up on key issues relative to stay personal liability. | D. Muth | 1.90 |
| 10/24/22 | Follow-up with Gregg Metzger regarding status, strategy and next steps for post-verdict and phase II. | D. Muth | 1.50 |
| 10/25/22 | Follow-up on key issues relative to likely efforts by Monster to either obtain partial judgment or move to enhance damages. | D. Muth | 0.30 |
| 10/25/22 | Follow-up with bankruptcy counsel to discuss Monster's desire for limited stay relief to permit post-trial proceedings in false advertising case to go forward. | D. Muth | 1.90 |
| 10/26/22 | Review procedural status and docket (.2); follow-up with bankruptcy counsel on key issues for post-verdict, timing and procedural issues regarding same (.5). | D. Muth | 0.70 |
| 10/27/22 | Prepare information for G. Metzger regarding false statement claims, including multiple emails to/from G. Metzger. | J. Labukas | 1.00 |
| 10/28/22 | Follow-up on issues relevant to post-verdict motions and potential insurance claims. | D. Muth | 0.90 |
| 11/07/22 | Review and respond to email from G. Metzger regarding damages issues and survey/damages reports. | M. Duchemin | 1.00 |
| 11/07/22 | Follow-up on key issues for post-verdict briefing to seek remittur and new trial. | D. Muth | 1.50 |
| 11/07/22 | Create ShareFile link of Cowan and Tregellis demonstratives for transmission to VPX. | M. Kupsik | 0.30 |
| 11/08/22 | Coordinate key issues for post-verdict motions including Monster's probable injunction motion. | D. Muth | 1.40 |
| 11/10/22 | Review issues relative to retention via Bankruptcy proceedings and timing issues relative to post-order motions. | D. Muth | 1.60 |
| 11/11/22 | Review Bankruptcy docket and joint motion for relief from stay. | G. Mykulak | 0.20 |
| 11/11/22 | Review key authorities regarding when for new motion for new trial in California. | D. Muth | 1.70 |
| 11/14/22 | Follow up on key issues for relief from stay with local counsel (.3). | D. Muth | 0.30 |
| 11/14/22 | Review joint motion to lift stay (.2); follow up with Gregg Metzger regarding same (.7). | D. Muth | 0.90 |
| 11/14/22 | Follow up on issues raised by Gregg Metzger regarding experts and CLL testings. | D. Muth | 1.30 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 4

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 11/15/22 | Prepare substitution of counsel documentation as to Jack Owoc as well as proposed order (.40); review statutory rules and procedure controlling same (.60). | D. Muth | 1.00 |
| 11/15/22 | Review record for evidentiary support of motion for JNOV. | P. Proctor-Brown | 1.80 |
| 11/16/22 | Review research regarding Court decisions on post-trial motions and related matters. | P. Proctor-Brown | 2.90 |
| 11/17/22 | Finalize draft substitution of counsel documents as to Jack Owoc (.7); review scope and timing issues relative to post verdict motions under CA law (.2). | D. Muth | 0.90 |
| 11/17/22 | Review CA law regarding JNOV, remittitur, and motion for new trial. | D. Muth | 3.10 |
| 11/17/22 | Draft memorandum regarding California and Ninth Circuit case law regarding enhanced and punitive damages under Lanham Act and intentional tort law, respectively. | P. Proctor-Brown | 1.80 |
| 11/18/22 | Review 9th Circuit case authority involving post-verdict motion. | D. Muth | 3.60 |
| 11/18/22 | Work on outline and research for post-verdict JNOV, new trial and remittitur motions. | J. Labukas | 3.40 |
| 11/19/22 | Continued review of 9th Circuit case authorities involving post-verdict motions. | D. Muth | 1.70 |
| 11/21/22 | Review trial transcripts to consider key arguments for post-verdict motions (1.8). | D. Muth | 1.80 |
| 11/21/22 | Conference call with Gregg Metzger and Dr. Li regarding CLL testing (.3). | D. Muth | 0.30 |
| 11/21/22 | Review record for evidence in support of motion for new trial. | P. Proctor-Brown | 3.60 |
| 11/21/22 | Research regarding applicable standards for post-trial/verdict motions including key California decisions regarding same. | J. Labukas | 1.10 |
| 11/21/22 | Review new study and related material for CLL efficacy. | D. Janssen | 0.90 |
| 11/21/22 | Review standard for remittitur in 9th Circuit as well as California federal cases (5.1. | D. Muth | 5.10 |
| 11/22/22 | Review record for evidence in support of motion for remittitur. | P. Proctor-Brown | 3.50 |
| 11/23/22 | Continued review of trial transcripts for post-verdict motions in preparation for key factual issues to raise. | D. Muth | 6.70 |
| 11/23/22 | Phone conference with Gregg Metzger and Dr. Li and Alliance Pharma regarding scientific properties of CLL. | D. Muth | 0.30 |
| 11/25/22 | Additional review of trial transcripts for post-verdict motions. | D. Muth | 3.20 |

Vital Pharmaceuticals, Inc.                                           March 20, 2023
RE: Monster False Advertising Claim                                   Invoice Number: 6584245
Q & B Matter Number: 173151.00051                                     Page: 5

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 11/26/22 | Finalize review of trial transcripts (1.9); review opening and closing statements and list of admitted exhibits (1.1). | D. Muth | 3.00 |
| 11/27/22 | Continued review and analysis of admitted exhibits. | D. Muth | 3.00 |
| 11/28/22 | Additional legal research regarding remittitur under 9th Circuit case law. | D. Muth | 6.60 |
| 11/29/22 | Continued legal analysis of key 9th Circuit/CA federal cases on motion for JNOV, new trial and remittitur. | D. Muth | 3.10 |
| 11/30/22 | Follow-up with Gregg Metzger to discuss probable release of stay and key issues. | D. Muth | 0.50 |
| 12/01/22 | Research regarding Lanham Act enhanced damages, damages for intentional torts, and awards of attorneys' fees in 9th Circuit / California in connection with post-trial briefing. | J. Labukas | 4.70 |
| 12/01/22 | Review trial court testimony for use in post-verdict motions. | D. Muth | 3.00 |
| 12/01/22 | Review former injunction submissions and legal authorities regarding same. | D. Muth | 3.30 |
| 12/01/22 | Confer regarding research related to post-verdict briefing issues; begin to research and analyze same; confer regarding extent and impact of lift of stay and strategy for proceeding with post-verdict motions. | C. Hundley | 1.00 |
| 12/01/22 | Determine end game and next steps for post-verdict motions upon lift of stay (.3); review massive preliminary injunction filing to prepare to defend against new injunction motion post-verdict (1.8). | D. Janssen | 2.10 |
| 12/01/22 | Review correspondence and order regarding relief from stay and consider next steps regarding CA post-trial activities. | M. Duchemin | 0.30 |
| 12/02/22 | Continue research regarding enhanced damages and punitive damages under Lanham Act in California and Ninth Circuit District Court (0.5); draft research memorandum regarding same (0.5); attend strategy meeting regarding post-verdict briefing schedule and arguments (0.5); research and draft summary memorandum regarding standard and rules for permanent injunction under Lanham Act (3.9). | C. Hundley | 5.40 |
| 12/02/22 | Review legal authorities relevant to enhanced damages under the Lanham Act. | D. Muth | 2.10 |
| 12/02/22 | Prepare for and attend meet and confer conference with Monster counsel (.40); follow-up with clients regarding same (.20). | D. Muth | 0.60 |
| 12/02/22 | Coordinate key issues to respond to Monster's expedited preliminary injunction. | D. Muth | 3.00 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 6

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/02/22 | Review/analyze briefing and related research in connection with preparation of post-trial motions. | J. Labukas | 2.70 |
| 12/02/22 | Develop issues and arguments for post-trial briefing, including review of select trial motions and submissions. | N. Mitchell | 1.20 |
| 12/03/22 | Review relevant authorities relating to punitive damages under 9th Circuit and California law. | D. Muth | 2.40 |
| 12/04/22 | Review relevant authorities relating to attorney's fees under Latham Act for cases. | D. Muth | 2.00 |
| 12/05/22 | Continue researching and drafting legal standards and case findings regarding permanent injunctions for Lanham Act violations under California and Ninth Circuit law (1.8); discuss research findings and strategy for opposition to motion for permanent injunction (0.2). | C. Hundley | 2.00 |
| 12/05/22 | Research procedure and standard for post-trial motions, including review and analysis of key authorities. | N. Mitchell | 2.90 |
| 12/05/22 | Research and analyze memoranda and select authorities in opposition to permanent injunction motion. | N. Mitchell | 0.90 |
| 12/05/22 | Review trial transcripts for key evidence for use in post-trial motions. | D. Muth | 3.70 |
| 12/05/22 | Review preliminary injunction briefs in lawsuit and legal research relating to same. | D. Muth | 2.60 |
| 12/05/22 | Review notice of scheduling conference (.10); follow-up with client regarding procedural status and action plan (.20). | D. Muth | 0.30 |
| 12/05/22 | Begin to review and issue-code trial transcript to aid in of drafting post-trial motions. | D. Janssen | 2.50 |
| 12/05/22 | Research on Judge Bernal's post-trial motion practice, including decisions, dockets, and all briefing. | L. Olsen Dugan | 3.40 |
| 12/05/22 | Research regarding permanent injunction standard. | J. Labukas | 1.40 |
| 12/05/22 | Review/analyze research and related briefing regarding new trial, remittitur, and JNOV matters. | J. Labukas | 2.60 |
| 12/06/22 | Review and prepare briefing materials relating to injunction motions and other post-trial motions and submissions. | J. Labukas | 2.60 |
| 12/06/22 | Continued review of trial transcripts for post-verdict motions. | D. Muth | 4.10 |
| 12/06/22 | Review key authorities relative to injunction motion by Monster relating to key elements Court must review before and after key Ebay decision from U.S. Supreme Court. | D. Muth | 2.90 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 7

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/06/22 | Compile all comments from J. Owoc November 4 Instagram post (L140). | M. Kupsik | 0.30 |
| 12/06/22 | Continue researching and drafting case law memorandum regarding enhanced damages and punitive damages under Lanham Act and California tort law. | C. Hundley | 4.10 |
| 12/06/22 | Review and analyze trial transcripts for evidence of Monster arguments regarding damage to its reputation and/or goodwill by VPX's use of the term "super creatine" and may support claim for injunctive relief, and send summary of same to colleagues. | L. Bolcar | 1.80 |
| 12/06/22 | Review and analyze injunction cases and prior briefing in connection with development of defenses. | N. Mitchell | 2.10 |
| 12/07/22 | Continue researching and drafting case law memorandum regarding enhanced damages and punitive damages under Lanham Act and California tort law (3.0); analyze and strategize regarding likelihood and strength of arguments in opposition to possible arguments by Plaintiff in support of enhanced and punitive damages (1.0); research and review opinions and briefing in post-verdict motions before Judge Jesus Bernal (1.5). | C. Hundley | 5.50 |
| 12/07/22 | Ingest daily trial transcripts to Case Builder for use in post-trial briefing (L140). | M. Kupsik | 1.50 |
| 12/07/22 | Review and issue code trial transcript to aid in post-verdict briefing. | D. Janssen | 1.70 |
| 12/07/22 | Review Instagram post by Owoc subject to Monster injunction motion (.3); consider issues relative to Monster's claims in relation to case law providing injunctive relief must be provided as narrowly as possible and not to prohibit truthful commentary (.4). | D. Muth | 0.70 |
| 12/07/22 | Review record for evidentiary support of motion for JNOV. | D. Muth | 2.10 |
| 12/07/22 | Review research regarding Court decisions on post-trial motions for JNOV, new trial and remittitur. | J. Labukas | 1.10 |
| 12/08/22 | Draft memorandum regarding California and Ninth Circuit case law regarding enhanced and punitive damages under Lanham Act and intentional tort law, respectively. | C. Hundley | 1.50 |
| 12/08/22 | Review database for copy of Jack's book and provide to G. Metzger per his request (L140). | M. Kupsik | 0.80 |
| 12/08/22 | Review and analyze injunction motion and related filings. | N. Mitchell | 1.10 |
| 12/08/22 | Review record for evidence in support of motion for new trial. | D. Muth | 2.20 |

Vital Pharmaceuticals, Inc.                                         March 20, 2023
RE: Monster False Advertising Claim                                 Invoice Number: 6584245
Q & B Matter Number: 173151.00051                                   Page: 8

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/08/22 | Review record for evidence in support of motion for remittitur. | D. Muth | 1.70 |
| 12/08/22 | Follow-up with client on injunction issues raised by Monster. | D. Muth | 0.30 |
| 12/08/22 | Review/analyze Monster's motion for permanent injunction. | J. Labukas | 0.80 |
| 12/09/22 | Analyze injunction brief and research and review cases and authorities in connection wit development of argument outline. | N. Mitchell | 2.40 |
| 12/09/22 | Telephone call with Mr. Metzger, Mr. Muth, Mr. Silverman, Mr, Battista and bankruptcy counsel re preparations for scheduling hearing and related bankruptcy issues. | N. Mitchell | 0.60 |
| 12/09/22 | Review Monster's motion for preliminary injunction (0.5); analyze schedule for responding to same under California local rules and strategy for extending same (0.3); strategize regarding opposition to preliminary injunction, research related to same, and arguments in support of same (0.5); review cases cited by Monster in brief in support of motion for preliminary injunction (0.6); analyze distinctions and actual holdings under same (0.5). | C. Hundley | 2.40 |
| 12/09/22 | Coordinate issues relative to substitution of counsel. | D. Muth | 0.40 |
| 12/09/22 | Review Monster's motion in support of permanent injunction (1.10); coordinate response regarding same (4.70). | D. Muth | 5.80 |
| 12/09/22 | Prepare legal strategy to address preliminary injunction (.50); review case law regarding preliminary injunction standard in the Ninth Circuit (2.0); review preliminary injunction brief to analyze the statement of facts (1.0).. | S. Desargones | 3.50 |
| 12/10/22 | Review exhibits relied upon by Monster in support of preliminary injunction motion and consider evidentiary response to same. | D. Muth | 5.20 |
| 12/10/22 | Review voluminous injunction motion filing and certain authority cited by Monster in anticipation of response brief. | D. Janssen | 2.70 |
| 12/11/22 | Develop outline for injunction opposition, and analyze Monster brief and select cases and authorities cited therein. | N. Mitchell | 1.20 |
| 12/11/22 | Outline defense/response to Monster's preliminary injunction motion. | D. Muth | 1.60 |
| 12/11/22 | Prepare for hearing before Judge Bernal regarding scheduling, injunction, and other post-verdict motions. | D. Muth | 0.30 |
| 12/12/22 | Pull exhibits to declaration of Sourabh Mishra. | J. Agren | 0.90 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 9

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/12/22 | Research and analyze cases and authorities in connection with development of injunction opposition outline. | N. Mitchell | 1.10 |
| 12/12/22 | Draft fact check outline for preliminary injunction. | S. Desargones | 2.00 |
| 12/12/22 | Attend scheduling conference with Court (.50); update client regarding same. (.20). | D. Muth | 0.70 |
| 12/12/22 | Continue legal research for JNOV and new trial. | D. Muth | 1.60 |
| 12/12/22 | Follow-up on key issues to respond to Monster's motion for permanent injunction. | D. Muth | 1.50 |
| 12/12/22 | Continue review of record in preparation of post-verdict motions. | D. Muth | 3.70 |
| 12/12/22 | Work on comprehensive draft of issue codes for all injunction and post-verdict issues(.9); begin to review, annotate and issue code August 30 transcript (2.2). | D. Janssen | 3.10 |
| 12/13/22 | Continue to issue code August 30 and August 31, along with exhibits. | D. Janssen | 6.70 |
| 12/13/22 | Phone conference with VPX Bankruptcy counsel regarding potential scope of permanent injunction and input on sales and marketing. | D. Muth | 0.30 |
| 12/13/22 | Follow-up with Monster counsel for meet and confer on injunctive hearing. | D. Muth | 0.20 |
| 12/13/22 | Begin preliminary draft of motion for JNOV; new trial and remittitur. | D. Muth | 6.30 |
| 12/13/22 | Review Combined Trial Exhibit List and compile exhibits and deposition digests to assist with preparation of post-trial briefing (L460). | M. Kupsik | 2.50 |
| 12/13/22 | Review issue tags applied during review of case depositions for tags related to issues excluded by the court during trial. | L. Bolcar | 0.10 |
| 12/13/22 | Strategize arguments and supporting exhibits in support of opposition to Monster's post-verdict damages briefing (0.3); continue reviewing cases cited by Monster in motion for preliminary injunction (1.0); draft memorandum distinguishing cases and analyzing arguments in response to cases cited by Monster (1.7). | C. Hundley | 3.00 |
| 12/13/22 | Begin analysis of Monster's motion for permanent injunction. | L. Bolcar | 0.10 |
| 12/14/22 | Strategize regarding arguments in opposition to irrparable harm presumption under revised Lanham Act (0.3); continue researching and drafting memorandum regarding arguments in opposition to cases cited by Monster in motion for preliminary injunction (3.0). | C. Hundley | 3.30 |
| 12/14/22 | Review case outlining regarding JNOV, new trial and remittitur. | D. Muth | 1.20 |

Vital Pharmaceuticals, Inc.                                  March 20, 2023
RE: Monster False Advertising Claim                          Invoice Number: 6584245
Q & B Matter Number: 173151.00051                            Page: 10

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/14/22 | Review record to provide evidence to court in support of post-verdict motions (evidence prohibited by court's motion in limine rulings). | D. Muth | 8.90 |
| 12/14/22 | Attend meet and confer with opposing counsel as ordered by the court to address briefing and hearing for permanent injunction. | D. Muth | 0.30 |
| 12/14/22 | Research regarding Ninth Circuit, Central District and Bernal decisions regarding enhanced Lanham Act damages and post-verdict punitive damages (1.7); research regarding availablity of enhanced damages (2.6). | D. Janssen | 4.30 |
| 12/15/22 | Continue researching cites by Monster in motion for preliminary injunction. | C. Hundley | 0.40 |
| 12/15/22 | Create ShareFile link of all submissions relating to motions for summary judgment. | M. Kupsik | 1.00 |
| 12/15/22 | Revise brief in support of motion for JNOV, new trial or remittitur. | D. Muth | 7.40 |
| 12/15/22 | Coordinate issues relative to Jack Owoc/VPX post-verdict, marketing and issues related to Monster's permanent injunction. | D. Muth | 0.50 |
| 12/15/22 | Review and issue code 8-31 and 9-1 trial transcripts, including categorizing issue coding marked exhibits. | D. Janssen | 4.60 |
| 12/16/22 | Continue reviewing, researching, and distinguishing case law cited by Monster in motion for preliminary injunction (3.0); strategize regarding arguments in opposition to same (0.5); research and analyze California and Ninth Circuit case law related to damages under the Lanham Act (0.5). | C. Hundley | 4.00 |
| 12/16/22 | Review anti-SLAPP case law and legal authorities regarding same. | D. Muth | 0.60 |
| 12/16/22 | Reseaqrch FRCP 60 regarding what constitutes "newly discovered evidence". | D. Janssen | 1.70 |
| 12/17/22 | Continue researching and strategizing arguments in opposition to legal arguments asserted by Monster in motion for preliminary injunction. | C. Hundley | 0.50 |
| 12/19/22 | Review and issue code September 2 and September 6, including exhibits, in preparation for briefing post-verdict motions. | D. Janssen | 3.60 |
| 12/19/22 | Draft outline for arguments in support of injunction scheduling submission, including research and analysis of limitations on enforcement. | N. Mitchell | 2.60 |
| 12/19/22 | Prepare for and attend hearing on post-trial motion schedules. | N. Mitchell | 1.20 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 11

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/19/22 | Research and analyze cases and authorities re irreparable harm standard and draft notes on same in connection with development of injunction opposition. | N. Mitchell | 2.60 |
| 12/20/22 | Finalize memorandum regarding Monster case cites (0.4). | C. Hundley | 0.40 |
| 12/20/22 | Draft and revise VPX position statement in support of injunction briefing schedule, including related review of pleadings. | N. Mitchell | 3.20 |
| 12/20/22 | Follow-up on key issues relative to injunction hearing. | D. Muth | 0.30 |
| 12/20/22 | Finish September 6 annotate (.4); issue code and begin September 7, to identify record material for post-verdict motions (1.8). | D. Janssen | 2.20 |
| 12/20/22 | Draft preliminary issue outline including review cases and authorities in connection with same. | N. Mitchell | 1.20 |
| 12/21/22 | Draft and revise outline for opposition to preliminary injunction, and review key cases and authorities in connection with same. | N. Mitchell | 3.80 |
| 12/21/22 | Analyze case law cited in Monster's preliminary injunction brief. | S. Desargones | 1.00 |
| 12/21/22 | Review and analyze Monster's brief in support of motion for permanent injunction. | L. Bolcar | 0.50 |
| 12/21/22 | Strategize regarding status report for preliminary injunction motions (0.2); strategize and analyze arguments in support of opposition to same (0.2); strategize regarding arguments in support of opposition to motion for preliminary injunction (0.2). | C. Hundley | 0.60 |
| 12/21/22 | Review Monster submission re injunction schedule and revise statement in response to same. | N. Mitchell | 0.90 |
| 12/21/22 | Continue review of reward for post-verdict. | D. Muth | 2.30 |
| 12/21/22 | Work on issue coding for witnesses providing testimony on September 7 and September 8. | D. Janssen | 2.70 |
| 12/22/22 | Revise injunction issue outline, including review of Monster brief and select supporting materials. | N. Mitchell | 3.30 |
| 12/22/22 | Review, analyze and comment on memoranda analyzing cases and evidence relied on in Monster injunction motion. | N. Mitchell | 1.20 |
| 12/22/22 | Communications with Mr. Mishra re coordination of filing of injunction scheduling submission and related logistical issues. | N. Mitchell | 0.30 |
| 12/22/22 | Review Monster scheduling submission (.2); related strategy communications with case team, Mr. Silverman and Mr. Metzger regarding response to same (.7). | N. Mitchell | 0.90 |
| 12/22/22 | Continue to revise and apply issues codes to trial transcript. | D. Janssen | 1.20 |

Vital Pharmaceuticals, Inc.                                  March 20, 2023
RE: Monster False Advertising Claim                          Invoice Number: 6584245
Q & B Matter Number: 173151.00051                            Page: 12

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/22/22 | Continued review of records in preparation of post-verdict motions. | D. Muth | 2.20 |
| 12/22/22 | Draft fact chart to input facts from Monster's motion for permanent injunction. | S. Desargones | 6.00 |
| 12/22/22 | Strategize and confer regarding arguments in support of opposition to motion for preliminary injunction (0.8); review and analyze research and outline in preparation for drafting same (0.7). | C. Hundley | 1.50 |
| 12/22/22 | Review and analyze Monster's Brief in support of Motion for Permanent Injunction with attention to cited case law and proposed counter-arguments. | L. Bolcar | 0.60 |
| 12/23/22 | Review Monster scheduling submission and cases cited therein, and draft and revise response to same. | N. Mitchell | 3.40 |
| 12/23/22 | Communications with Mr. Silverman, Mr. Metzger and Mr. Mishra re position statement in support of injunction briefing schedule and filing of same. | N. Mitchell | 0.50 |
| 12/23/22 | Research and analyze cases and authorities re bankruptcy implications for enforcement of injunctive relief. | N. Mitchell | 1.20 |
| 12/23/22 | Draft memoranda with chart regarding fact check Monster's motion for permanent injunction. | S. Desargones | 7.00 |
| 12/23/22 | Research regarding preliminary injunction cases involving removal of advertisement from product (.7); review and analyze revisions to draft joint status report (0.2). | C. Hundley | 0.90 |
| 12/23/22 | Coordinate issues relative to Monster's pending VPX Motion for Preliminary Injunction and VPS opposition to same. | D. Muth | 0.60 |
| 12/26/22 | Continue to prepare framework for post-verdict Motions based on key case law and record. | D. Muth | 4.70 |
| 12/27/22 | Continue researching and drafting memorandum regarding enhanced damages under the Lanham Act (3.2); strategize regarding revisions and arguments asserted in joint status report (0.3); research and draft memorandum regarding availability of punitive damages under California law (0.5). | C. Hundley | 4.00 |
| 12/27/22 | Review and analyze draft joint status report and parties' position statements therein regarding proposed briefing schedule. | L. Bolcar | 0.60 |
| 12/27/22 | Continue to review, annotate and issue code trial transcript for September 8, 9 and 13 and review digital testimony from September 12. | D. Janssen | 6.70 |
| 12/27/22 | Revise brief in support of new trial. | D. Muth | 3.70 |

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Monster False Advertising Claim                            Invoice Number: 6584245
Q & B Matter Number: 173151.00051                              Page: 13

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/28/22 | Continue researching and drafting memorandum regarding post-verdict damages issues in preparation for motions for JNOV, new trial, and remittitur (3.0). | C. Hundley | 3.00 |
| 12/28/22 | Review and issue code trial dates, and specifically finishing September 13 and completing September 14 and 15 (4.6); review authority describing differences and elements of proof for new trial and remittitur (1.5). | D. Janssen | 6.10 |
| 12/28/22 | Review and recommend revisions to discovery database hosting plan, and related communications with case team. | N. Mitchell | 0.30 |
| 12/28/22 | Continued review and analysis of record for upcoming post-verdict motions. | D. Muth | 3.70 |
| 12/29/22 | Continue researching punitive damages (2.0); research award of attorneys fees (3.0); strategize regarding memorandum and potential arguments in support of post-verdict motions based on research (0.3). | C. Hundley | 5.10 |
| 12/29/22 | Communications with Mr. Sourabh and Mr. Silverman and regarding post-verdict briefing schedule and logistics. | N. Mitchell | 0.30 |
| 12/29/22 | Continue to annotate and issue code trial transcript and exhibits, including disallowed exhibits. | D. Janssen | 4.30 |
| 12/29/22 | Review expert reports and pre-trial briefing in connection with drafting of injunction opposition. | N. Mitchell | 2.60 |
| 12/30/22 | Research and analyze cases and authorities in connection with injunction opposition briefing, and including development of argument outline. | N. Mitchell | 3.10 |
| 12/30/22 | Review key legal issues and authorities relative to injunction motion filed by Monster. | D. Muth | 0.40 |
| 01/01/23 | Prepare and revise key outline and Table of Contents for JNOV, remittitur and new trial. | D. Muth | 1.80 |
| 01/02/23 | Strategize regarding case citations in support of post-verdict motions (0.2). | C. Hundley | 0.20 |
| 01/02/23 | Revise post-hearing briefs. | D. Muth | 6.70 |
| 01/02/23 | Review research regarding enhanced damages, attorneys' fees, and punitive damages for intentional torts. | J. Labukas | 0.80 |
| 01/02/23 | Research regarding amended local rules in connection with request for page limit enlargement. | J. Labukas | 0.30 |
| 01/02/23 | Work on review and issue coding of trial transcript for September 16, 20 and 21, including exhibits, to identify support for post-verdict motions and likely appeal. | D. Janssen | 7.10 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 14

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/03/23 | Research case law issued after revision to Lanham Act granting a rebuttable presumption of irreparable harm upon a finding of a violation. | L. Bolcar | 1.70 |
| 01/03/23 | Analyze cases and authorities in connection with development of arguments for injunction opposition. | N. Mitchell | 0.90 |
| 01/03/23 | Continued revisions to post-verdict briefing. | D. Muth | 5.90 |
| 01/03/23 | Continue to issue code exhibits and testimony to identity sections material to prosecution and defense of post-verdict motions. | D. Janssen | 5.60 |
| 01/04/23 | Finish issue coding trial transcript and exhibits, including improper statement including in closing regarding shelf space damages and other issues. | D. Janssen | 6.30 |
| 01/04/23 | Review all summary judgment briefs and record citations for potential use in post-verdict motions (6.0); review briefing relevant to motions in limine and court order regarding same (1.30). | D. Muth | 7.30 |
| 01/04/23 | Research case law regarding whether lost profits qualifies as irreparable harm in the Ninth Circuit. | L. Bolcar | 0.70 |
| 01/04/23 | Strategize regarding next steps for drafting opposition to motion for preliminary injunction. | C. Hundley | 0.30 |
| 01/04/23 | Review cases and authorities, and draft outline of injunction opposition arguments in connection with same. | N. Mitchell | 4.20 |
| 01/05/23 | Review and analyze Monster's Motion for Permanent Injunction, and review and analyze case case law research regarding the presumption of irreparable harm for Lanham Act violations in the Ninth Circuit (1.6) evaluate additional research needs for response brief (0.4). | L. Bolcar | 2.00 |
| 01/05/23 | Strategize regarding arguments and evidence in support of opposition to motion for preliminary injunction; review and analyze case law to rebut presumption regarding irreparable harm. | C. Hundley | 1.00 |
| 01/05/23 | Follow-up regarding research tasks for injunction opposition. | N. Mitchell | 0.70 |
| 01/05/23 | Coordinate regarding revisions to label design and injunction impact. | N. Mitchell | 0.30 |
| 01/05/23 | Confer with N. Mitchell regarding strategy and timing for completion of opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 0.10 |
| 01/05/23 | Assess legal strategy in responding to creatine statements cited to in Monster's motion for permanent injunction. | S. Desargones | 0.40 |
| 01/05/23 | Compile set of exhibits for D. Muth review and determine if they were admitted at trial. | M. Kupsik | 0.50 |

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Monster False Advertising Claim                            Invoice Number: 6584245
Q & B Matter Number: 173151.00051                              Page: 15

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/05/23 | Review all key case authorities cited by all parties in their motion for summary judgment for potential use in post-verdict motions. | D. Muth | 5.70 |
| 01/05/23 | Search for authority regarding evidentiary hearing is required where demanded, in order to present a fair opportunity to rebut a presumption of irreparable harm following false advertising trial (2.1); work on offer of proof for evidentiary hear (.8); evaluate whether presentation of evidence beyond declarations would benefit or prejudice opposition to motion for injunction (.4); identify areas of trial testimony that would support position that harm is not irreparable and particularly Voth (1.6). | D. Janssen | 4.90 |
| 01/06/23 | Draft and revise outline for opposition to injunction motion, including development of arguments re VPX remediation efforts. | N. Mitchell | 3.80 |
| 01/06/23 | Revise post-verdict motion regarding JNOV, remittitur and new trial. | D. Muth | 3.90 |
| 01/06/23 | Review court order relative to injunction (.20); follow-up on key issues and strategy for opposition brief (.90). | D. Muth | 1.10 |
| 01/08/23 | Follow-up on key issues relative to defense of Monster's permanent injunction motion (1.30); continue to revise motion for JNOV (2.70). | D. Muth | 4.00 |
| 01/09/23 | Prepare for and participate in calls regarding label transition, injunction opposition and post-verdict damage arguments, including remittitur (1.5); determine whether Monster may present a claim for lost profits between the time of verdict and injunction hearing, and defense to the same (1.3); work on sections to be incorporated into brief regarding grievous and prejudicial evidentiary rulings (.9). | D. Janssen | 3.70 |
| 01/09/23 | Revise motion for new trial (2.0); revise motion for remittitur (3.90); follow-up on additional legal research and fact citation to include in argument (2.10). | D. Muth | 8.00 |
| 01/09/23 | Phone conference with Gregg Metzger regarding scope and timing issues relative to injunction. | D. Muth | 0.40 |
| 01/09/23 | Prepare for and telephone call with Mr. Metzger re affidavits in support of injunction motion. | N. Mitchell | 0.50 |
| 01/09/23 | Consider timing of transition to new label and strategy for response to Monster's Motion for a Permanent Injunction. | L. Bolcar | 0.60 |
| 01/09/23 | Review and analyze transcripts and exhibits re labeling claims in connection with development of injunction opposition brief outline. | N. Mitchell | 3.60 |

Vital Pharmaceuticals, Inc.                                      March 20, 2023
RE: Monster False Advertising Claim                       Invoice Number: 6584245
Q & B Matter Number: 173151.00051                        Page: 16

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/10/23 | Research case law regarding permanent injunction orders including corrective advertising as a remedy and analyze Monster's case law, briefing, and proposed order regarding same. | L. Bolcar | 5.20 |
| 01/10/23 | Strategize regarding evidentiary support and legal arguments in opposition to motion for preliminary injunction (0.5); research and draft memorandum regarding arguments to rebut presumption of irreparable harm under current Lanham Act (1.7). | C. Hundley | 2.20 |
| 01/10/23 | Review all social media posts by VPX/Owoc admitted into evidence (3.0); revise motion for JNOV (2.50); review survey expert reports (3.2); consider same for damages model (1.70). | D. Muth | 10.40 |
| 01/10/23 | Review exhibits in Monster's Motion for Permanent Injunction regarding false advertisement to verify accuracy of Monster's statements. | S. Desargones | 3.00 |
| 01/10/23 | Check trial citations and exhibits references in injunction motion in light of Monster's lengthy history of deceptive citations, particularly in its summary judgment filings (1.8); work on outline of response that includes corrections and counter-citations based upon issue coded citations (1.3); identify and address potential issues and further revisions to portions of new can design (.4); begin work on red-line to incomprehensive proposed injunction order (.4). | D. Janssen | 3.90 |
| 01/10/23 | Draft preliminary outline of fact section of injunction opposition brief (1.2); revise declarations in support of same (.4). | N. Mitchell | 1.60 |
| 01/10/23 | Research and analyze cases and authorities re irreparable harm in connection with development of injunction opposition arguments, and draft outline of brief section re same. | N. Mitchell | 3.60 |
| 01/10/23 | Review bankruptcy filings and developments and related communications. | N. Mitchell | 0.40 |
| 01/11/23 | Research and analyze case law regarding an award of corrective advertising in false advertising cases and provide summary of same to colleague (4.9); review and analyze and provide analysis of Monster's case law on same (1.8); research and analyze case law regarding removal of false statements from the marketplace (1.1). | L. Bolcar | 7.80 |
| 01/11/23 | Continue to revise brief in support of JNOV, Remitittur and new trial. | D. Muth | 8.20 |
| 01/11/23 | Continue researching, analyzing and drafting memorandum regarding arguments in support of opposition to motion for preliminary injunction (1.0). | C. Hundley | 1.00 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 17

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/11/23 | Draft factual memoranda verifying and cross referencing exhibits and statements in Monster's Motion for Permanent Injunction. | S. Desargones | 2.60 |
| 01/11/23 | Address issues regarding new content for Bang Energy cans. | D. Janssen | 0.40 |
| 01/11/23 | Develop and revise outline of remediation affidavit and related questions for client, and communications with Ms. Bolcar re same. | N. Mitchell | 1.80 |
| 01/11/23 | Review and revise key trial testimony and exhibits regarding social media statements and marketing changes (2.4), and draft notes for injunction opposition brief (1.0). | N. Mitchell | 3.40 |
| 01/11/23 | Strategy communications with Mr. Metzger, Mr. Muth and Mr. Silverman regarding injunction implications of advertising and labeling changes. | N. Mitchell | 0.60 |
| 01/12/23 | Review research and select cases regarding affirmative removal obligations (1.0), and draft and revise preliminary outline for injunction brief section opposing same (.5). | N. Mitchell | 1.50 |
| 01/12/23 | Develop outline of argument for balance of harms section of injunction opposition brief and review key related cases, and strategy communications with Mr. Carwin re follow-up research and drafting of same. | N. Mitchell | 1.60 |
| 01/12/23 | Review and analyze trial testimony, exhibits and related expert pleadings re survey and causation issues in connection with preparations for injunction opposition. | N. Mitchell | 3.10 |
| 01/12/23 | Research case law concerning the balance of hardships factor in district courts' injunction analysis. | M. Carwin | 3.40 |
| 01/12/23 | Revise post-verdict brief (2.80); review issues relative to Monster state law claims for false advertising (1.20), and trade secrets (1.10); consider probable use of hearsay testimony/commentary by Monster to oppose new trial motion and prepare outline to counter same (1.70). | D. Muth | 8.80 |
| 01/12/23 | Continue researching, analyzing, and drafting memorandum regarding arguments related to rebutting presumption of irreparable harm in opposition to motion for preliminary injunction (2.0); strategize regarding related arguments (0.1); strategize and review exhibits in support of opposition to motion for preliminary injunction (0.2). | C. Hundley | 2.30 |

Vital Pharmaceuticals, Inc.                          March 20, 2023
RE: Monster False Advertising Claim                  Invoice Number: 6584245
Q & B Matter Number: 173151.00051                    Page: 18

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/12/23 | Confer with Mr. Mitchell regarding response to Monster's Motion for Permanent Inunction (0.6); research case law regarding removal of false statements following finding of Lanham Act violations for false advertising (3.5); draft brief section in opposition to Monster's request to remove false statements (2.6). | L. Bolcar | 6.70 |
| 01/13/23 | Continue researching, drafting, and revising argument regarding irreparable harm presumption in support of opposition to motion for preliminary injunction (3.7); strategize regarding arguments and evidence in support of same (0.3). | C. Hundley | 4.00 |
| 01/13/23 | Draft memoranda of trial testimony for Mr. Jack Owoc, Ms. Meg Owoc, Eugene Bukovi, and Teyo Branwell regarding VPX's shift away from Super Creatine to input in response to Motion for Permanent Injunction. | S. Desargones | 4.20 |
| 01/13/23 | Consider strategies for opposing Monster's motion for a permanent injunction. | M. Carwin | 1.10 |
| 01/13/23 | Review Monster's Motion for Permanent Injunction and its accompanying exhibits. | M. Carwin | 2.10 |
| 01/13/23 | Draft legal overview section concerning balance of hardships for VPX's opposition to Monster's Motion for Permanent Injunction. | M. Carwin | 0.60 |
| 01/13/23 | Research case law concerning how courts view a defendant's bankruptcy filing in the context of a Lanham Act claim. | M. Carwin | 2.80 |
| 01/13/23 | Status call with client to analyze Monster's pending motion for permanent injunction and demands for corrective advertisement. | D. Muth | 1.30 |
| 01/13/23 | Consider issues and response to Monster's false advertising demands to VPX Board of Directors. | D. Muth | 0.40 |
| 01/13/23 | Revise post-verdict brief. | D. Muth | 3.70 |
| 01/13/23 | Draft list of questions for client marketing and distribution team members regarding issues related to Monster's motion for permanent injunction in advance of client call. | L. Bolcar | 0.70 |
| 01/13/23 | Work on specific propositions for post-verdict motion, and particularly portion of brief addressing court's failure to admit Infoscout report on materiality through five different witnesses inconsistently with earlier MIL ruling. | D. Janssen | 4.30 |
| 01/13/23 | Prepare for and telephone call with Mr. Gerson, Mr. Metzger, and Ms. Owoc re background for declarations in opposition to injunction motion. | N. Mitchell | 0.70 |
| 01/13/23 | Revise declarations and injunction opposition. | N. Mitchell | 0.80 |
| 01/13/23 | Develop work plan and outline for research and fact development tasks. | N. Mitchell | 1.40 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 19

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/13/23 | Review and analyze transcripts, exhibits and prior briefing re damages in connection with development of injunction opposition. | N. Mitchell | 3.40 |
| 01/13/23 | Revise irreparable harm section of injunction opposition brief, and review related research memoranda and cases. | N. Mitchell | 2.60 |
| 01/14/23 | Draft and revise injunction opposition brief sections on case background and irreparable harm. | N. Mitchell | 6.20 |
| 01/14/23 | Revise vacatur brief. | D. Muth | 2.00 |
| 01/14/23 | Identify demonstrative exhibits used in several trial testimony to use in Reply to Motion for Permanent Injunction. | S. Desargones | 1.00 |
| 01/14/23 | Continue reviewing trial testimony and exhibits in support of opposition to motion for preliminary injunction (3.0); continue revising opposition to motion for preliminary injunction to reflect same (0.5). | C. Hundley | 3.50 |
| 01/15/23 | Continue researching, analyzing, and drafting arguments in support of opposition to motion for preliminary injunction (2.0); strategize regarding same (0.3). | C. Hundley | 2.30 |
| 01/15/23 | Continued revisions to vacatur brief. | D. Muth | 1.70 |
| 01/15/23 | Draft and revise injunction opposition brief section re remediation effect and mootness, and review and analyze cases, authorities and client communications in connection with same. | N. Mitchell | 4.80 |
| 01/15/23 | Review research memoranda and cases re irreparable harm and inadequacy of remedies, and related communications with Ms. Hundley. | N. Mitchell | 0.70 |
| 01/16/23 | Continue researching, analyzing, revising, and drafting opposition to motion for preliminary injunction (4.1); strategize regarding arguments, case cites, and exhibits in support of same (0.5). | C. Hundley | 4.60 |
| 01/16/23 | Review case authorities regarding enhanced damages (2.2), punitive damages (1.40), and requests for attorneys' fees (1.0). | D. Muth | 4.60 |
| 01/16/23 | Revise brief in support of motion for new trial. | D. Muth | 3.00 |
| 01/16/23 | Research case law concerning the Ninth Circuit's consideration of putting a defendant out of business due to granting a permanent injunction. | M. Carwin | 2.10 |
| 01/16/23 | Review latest iteration of brief opposing injunctive relief motion and work on underdeveloped sections. | D. Janssen | 1.50 |
| 01/16/23 | Review IRI data and charts from Mr. Oberhofer, and develop arguments for injunction opposition based on same. | N. Mitchell | 1.20 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 20

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/16/23 | Review and revise injunction opposition brief section re irreparable harm and adequacy of remedies, and review cases and authorities in connection with same. | N. Mitchell | 3.60 |
| 01/16/23 | Draft and revise injunction opposition brief section re balance of harm and public interest factors. | N. Mitchell | 3.10 |
| 01/16/23 | Communications with Mr. Metzger, regarding Board presentation and open items for injunction declarations. | N. Mitchell | 0.70 |
| 01/17/23 | Review, revise and consolidate stand-alone sections of injunction opposition brief. | N. Mitchell | 2.20 |
| 01/17/23 | Strategy communications with Mr. Metzger regarding preparations for injunction opposition and hearing. | N. Mitchell | 0.40 |
| 01/17/23 | Draft and revise injunction scope section of injunction opposition brief (3.5); and research and review cases, authorities and memoranda in connection with same (1.1). | N. Mitchell | 4.60 |
| 01/17/23 | Develop outline re components, scope and timing of advertising remediation efforts in support of injunction opposition (.6); and review related cases and authorities re mootness implications of same (1.0). | N. Mitchell | 1.60 |
| 01/17/23 | Search for better authority regarding question of in seriatim trials in absence of permanent injunctive relief. | D. Janssen | 1.10 |
| 01/17/23 | Review the trial record for VPX's opposition to Monster's motion for a permanent injunction. | M. Carwin | 2.40 |
| 01/17/23 | Draft declaration of Hal Gerson in support of VPX's opposition to Monster's motion for a permanent injunction. | M. Carwin | 2.20 |
| 01/17/23 | Prepare for VPX Board review of litigation and Monster demands relative to the continued use of super-creatine. | D. Muth | 1.00 |
| 01/17/23 | Revise motion for remittitur. | D. Muth | 0.90 |
| 01/17/23 | Revise motion for new trial. | D. Muth | 3.60 |
| 01/17/23 | Revise motion for JNOV. | D. Muth | 1.70 |
| 01/17/23 | Revise draft injunction brief. | D. Muth | 1.20 |
| 01/17/23 | Compile all VPX social media posts entered into evidence during trial and create ShareFile link of same (.5); review Meg Owoc emails on Trial Exhibit list for email to influencers advising them the Bang can should be displayed in every video (.3); follow-up with D. Muth regarding same (.2). | M. Kupsik | 1.00 |

Vital Pharmaceuticals, Inc.                                          March 20, 2023
RE: Monster False Advertising Claim                                  Invoice Number: 6584245
Q & B Matter Number: 173151.00051                                    Page: 21

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/17/23 | Strategize regarding opposition to motion for preliminary injunction and motions and supporting exhibits, declarations in support of same (0.8); research and draft argument regarding standard for burden shifting framework for rebuttable presumption under revised Lanham Act (4.2). | C. Hundley | 5.00 |
| 01/17/23 | Revise and edit brief draft section of response to motion for permanent injunction, injunction scope section. | L. Bolcar | 5.10 |
| 01/17/23 | Revise response to Monster's motion for permanent injunction, specifically the section regarding injunction scope. | L. Bolcar | 0.90 |
| 01/18/23 | Review and analyze the court's rules regarding chambers copies of filings, confer with Ms. Kupsik regarding same. | L. Bolcar | 0.50 |
| 01/18/23 | Strategize regarding arguments in support of and revisions to opposition to motion for preliminary injunction (1.2); research and draft motion to seal opposition to motion for preliminary injunction (1.2). | C. Hundley | 2.40 |
| 01/18/23 | Revise and edit draft opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 3.90 |
| 01/18/23 | Prepare Exhibit A to Hal Gerson Declaration ISO Opposition to Motion for PI. | M. Flanigan | 0.30 |
| 01/18/23 | Review first draft of response to Monster's Motion for Permanent Injunction to assess amount of exhibits and record cites required for declaration. | S. Desargones | 0.40 |
| 01/18/23 | Confer with Mr. Mitchell regarding declaration from VPX's Board of Directors in support of opposition to motion for permanent injunction. | L. Bolcar | 0.20 |
| 01/18/23 | Draft declaration for a member of VPX's Board of Directors in support of VPX's opposition to Monster's motion for permanent injunction. | L. Bolcar | 1.10 |
| 01/18/23 | Revise opposition brief to Monster's motion for permanent injunction. | D. Muth | 2.10 |
| 01/18/23 | Review social media posts from trial (.90); prepare draft notice to influencers regarding future social media posts as to what is permitted and what is prohibited (.70). | D. Muth | 1.60 |
| 01/18/23 | Analyze trial exhibits and trial testimony to cite in Opposition to Monster's Motion for Permanent Injunction (3.0); Cite exhibits and trial testimony within draft of Opposition to Monster's Motion for Permanent Injunction (1.0); Edit trial testimony transcripts to prepare as exhibits for Opposition to Monster's Motion for Permanent Injunction (1.7). | S. Desargones | 5.70 |
| 01/18/23 | Revise Hal Gerson's declaration for VPX's opposition to Monster's motion for a permanent injunction. | M. Carwin | 1.10 |

Vital Pharmaceuticals, Inc.                                March 20, 2023
RE: Monster False Advertising Claim                        Invoice Number: 6584245
Q & B Matter Number: 173151.00051                          Page: 22

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/18/23 | Video conference with Hal Gerson to discuss his declaration. | M. Carwin | 0.50 |
| 01/18/23 | Research Local Rules concerning the introduction of declarations. | M. Carwin | 0.80 |
| 01/18/23 | Review the draft injunction opposition as it relates to factual contentions in Hal Gerson's declaration. | M. Carwin | 2.10 |
| 01/18/23 | Review CLL study information in connection with post-verdict briefing issues. | J. Labukas | 0.60 |
| 01/18/23 | Interview with client contact regarding status, steps, challenges and progress with transition away from Super Creatine (.5); supplement and revise affidavit addressing Super Creatine transition (.4); first revision and supplement full iteration of injunction response brief (.7); search for Lanham Act authority where injunction is denied where inadequate remedy at law exists but irreparable harm is missing (.8). | D. Janssen | 2.40 |
| 01/18/23 | Draft and revise brief in support of injunction opposition, and review comments and edits from Mr. Muth, Mr. Janssen and Ms. Bolcar in connection with same. | N. Mitchell | 5.40 |
| 01/18/23 | Strategy communications with Mr. Carwin and Mr. Janssen re VPX remediation declaration content and structure (.3); review supporting client emails in connection with same (.2). | N. Mitchell | 0.50 |
| 01/18/23 | Consider injunction opposition strategy and revisions to brief. | N. Mitchell | 0.40 |
| 01/18/23 | Strategy communications with Ms. Bolcar and Ms. Hundley re research for injunction opposition. | N. Mitchell | 0.70 |
| 01/19/23 | Research and analyze cases and authorities re standard for irreparable harm and adequacy of remedies in connection with revisions to injunction opposition. | N. Mitchell | 0.90 |
| 01/19/23 | Review and revise Gerson declaration, including communications with Mr. Metzger and Ms. Quartarolo re revisions to same. | N. Mitchell | 1.40 |
| 01/19/23 | Follow up on research items and revisions to brief and supporting exhibits. | N. Mitchell | 1.20 |
| 01/19/23 | Revise and finalize draft injunction opposition brief for circulation to client, Mr. Owoc's counsel, and VPX bankruptcy counsel. | N. Mitchell | 5.40 |
| 01/19/23 | Follow up on key issues for VPX's alternative order. | D. Muth | 0.80 |
| 01/19/23 | Review declarations in support of opposition. | D. Muth | 1.10 |
| 01/19/23 | Revise opposition to Monster's Motion for Permanent Injunction. | D. Muth | 1.60 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 23

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/19/23 | Email M. Owoc and G. Bukovi to confirm the accuracy of certain points in Hal Gerson's declaration. | M. Carwin | 0.30 |
| 01/19/23 | Review VPX's injunction opposition and revise Hal Gerson's declaration. | M. Carwin | 2.10 |
| 01/19/23 | Review and substantially revise updated versions of brief opposing motion for permanent injunction, and supporting declarations (3.8); search for much better authority regarding in seriatim litigation does constitute irreparable harms, regardless of lack of adequate legal remedy (1.3); revisions to warning and notice to social media (.2). | D. Janssen | 5.30 |
| 01/19/23 | Consider Monster's Motion for Permanent Injunction and remaining tasks (.40); Identify trial transcript excerpts for new fact statements in Oppositin to Monster's Motion for Permanent Injunction (2.8); Draft list of exhibits in Opposition to Monster's Motion for Permanent Injunction to prepare declaration in support of exhibits (.80). | S. Desargones | 4.00 |
| 01/19/23 | Review and analyze trial transcripts for testimony regarding decreased emphasis on creatine and Super Creatine in VPX's advertising campaigns over time and send summary of same to colleagues. | L. Bolcar | 3.00 |
| 01/19/23 | Continue researching, reviewing and revising draft opposition to motion for preliminary injunction (3.8); strategize regarding revisions and arguments in support of same (0.7). | C. Hundley | 4.50 |
| 01/19/23 | Analyze changes made to Opposition to Monster's Motion for Permanent Injunction to identify any changes to exhibits or trial testimony; Review located exhibits. | S. Desargones | 2.00 |
| 01/19/23 | Coordinate and prepare for submission of chambers copies of opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 0.10 |
| 01/19/23 | Confer with Mr. Mitchell regarding status of draft brief in opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 0.10 |
| 01/19/23 | Revise and edit draft brief in Opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 4.40 |
| 01/20/23 | Revise and edit draft brief in opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 0.80 |
| 01/20/23 | Review case law cites in draft brief in opposition to Monster's Motion for Permanent Injunction for accuracy and completeness. | L. Bolcar | 0.40 |
| 01/20/23 | Follow up regarding draft brief and preparations for filing and service of same. | L. Bolcar | 0.40 |

Vital Pharmaceuticals, Inc.                                      March 20, 2023
RE: Monster False Advertising Claim                             Invoice Number: 6584245
Q & B Matter Number: 173151.00051                              Page: 24

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/20/23 | Continue revising and drafting opposition to motion for preliminary injunction; strategize regarding preparing exhibits in support of same (0.7); strategize regarding declarations regarding bankruptcy reorganization in support of same (0.3). | C. Hundley | 1.00 |
| 01/20/23 | Review and analyze Monster's Motion for Permanent Injunction and compare with draft brief in opposition to confirm all arguments have been rebutted. | L. Bolcar | 2.20 |
| 01/20/23 | Revise and edit draft proposed order to be submitted with opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 0.90 |
| 01/20/23 | Confer with Mr. Mitchell regarding new market share chart provided by VPX and whether to include same in brief. | L. Bolcar | 0.10 |
| 01/20/23 | Review revised brief to check citations for exhibits. | S. Desargones | 0.50 |
| 01/20/23 | Review Meg Owoc trial testimony to identify trial exhibits Monster introduced that do not emphasize Super Creatine. | S. Desargones | 1.30 |
| 01/20/23 | Review Hal Gerson's declaration to identify areas of concern, including potential claims about social media posts. | M. Carwin | 1.60 |
| 01/20/23 | Review proposed injunction order and draft alternative language for phase out of advertising claims on packaging. | N. Murray | 0.30 |
| 01/20/23 | Provide substantial notes and comments to injunction opposition and supporting declarations. | D. Janssen | 2.10 |
| 01/20/23 | Prepare for and attend VPX Board meeting addressing status of litigation and next steps related to Monster's demands. | D. Muth | 2.30 |
| 01/20/23 | Revise injunction brief with supporting declaration. | D. Muth | 3.20 |
| 01/20/23 | Revise Injunction opposition to conform with Court's form and format requirements. | J. Agren | 0.40 |
| 01/20/23 | Prepare for, and attend, Board meeting to address advertising remediation and injunction opposition. | N. Mitchell | 2.40 |
| 01/20/23 | Review and revise injunction opposition brief (1.7); research and review cases and authorities in support of same (3.0). | N. Mitchell | 4.70 |
| 01/20/23 | Draft and revise Gerson declaration and exhibits (.7); related strategy communications with Mr. Gerson, Mr. Metzger and Mr. Carwin re revisions to same (.7). | N. Mitchell | 1.40 |
| 01/20/23 | Draft and revise Oberhofer declaration in support of injunction opposition (.5);  review updated market data and communications with Mr. Oberhofer re same (.4). | N. Mitchell | 0.90 |

Vital Pharmaceuticals, Inc.

March 20, 2023

RE: Monster False Advertising Claim

Invoice Number: 6584245

Q & B Matter Number: 173151.00051

Page: 25

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/20/23 | Communications with Mr. Silverman re coordination of injunction opposition (.1); review comments to draft motion (.2). | N. Mitchell | 0.30 |
| 01/21/23 | Review trial exhibits Monster introduced during Meg Owoc's testimony to confirm the exhibits do not promote Super Creatine (.30); Draft list summarizing each trial exhibit admitted during Meg Owoc's testimony that does not promote Super Creatine (.70). | S. Desargones | 1.00 |
| 01/21/23 | Revise and edit draft opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 1.60 |
| 01/21/23 | Review and verify exhibits cited in support of opposition to motion for permanent injunction (3.0); draft summary reference chart regarding same in preparation for finalizing exhibits (0.5); strategize regarding final exhibit cites (0.5). | C. Hundley | 4.00 |
| 01/21/23 | Search for much better authority in response to in seriatim litigation argument (2.1); work on remedy-at-law section of brief (.4). | D. Janssen | 2.50 |
| 01/21/23 | Draft and revise fact section of opposition brief, and review and identify supporting testimony and exhibits in connection with same. | N. Mitchell | 5.70 |
| 01/21/23 | Communications regarding status of, and strategy for, work plan for finalization of opposition and exhibits, including outstanding research. | N. Mitchell | 0.70 |
| 01/22/23 | Finalize opposition brief and supporting filings. | N. Mitchell | 0.80 |
| 01/22/23 | Review and revise injunction opposition brief, and review cases and authorities in connection with same. | N. Mitchell | 6.20 |
| 01/22/23 | Draft and revise proposed alternative injunction order, and related strategy communications with Mr. Metzger. | N. Mitchell | 0.80 |
| 01/22/23 | Revise post-verdict motion. | D. Muth | 1.80 |
| 01/22/23 | Revise proposed order regarding injunction as to VPX. | D. Muth | 0.60 |
| 01/22/23 | Revise declaration in support of injunction brief. | D. Muth | 0.50 |
| 01/22/23 | Revise injunction brief. | D. Muth | 3.60 |
| 01/22/23 | Continue reviewing and finalizing exhibits in support of opposition to motion for permanent injunction (2.0); revise opposition draft to reflect exhibit citations (1.0); draft attorney declaration in support of opposition to motion for permanent injunction (1.0); strategize regarding final arguments and evidence in support of same (0.3). | C. Hundley | 4.30 |

Vital Pharmaceuticals, Inc.                                March 20, 2023
RE: Monster False Advertising Claim                        Invoice Number: 6584245
Q & B Matter Number: 173151.00051                          Page: 26

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/22/23 | Consider status of Opposition to Monster's Motion for Permanent Injunction to review what is left before filing (.30); Review Plaintiff's brief to identify any cited exhibits regarding influencer posts on Super Creatine (.30); Compile trial exhibits used to show social media influencers do not post about Super Creatine post-2018 (.30). | S. Desargones | 1.00 |
| 01/22/23 | Consider status of draft brief in opposition to Monster's Motion for Permanent Injunction and assignment of tasks. | L. Bolcar | 0.20 |
| 01/22/23 | Review and analyze draft proposed order for opposition to Monster's Motion for Permanent Injunction and determine whether it is narrowly drafted. | L. Bolcar | 0.50 |
| 01/23/23 | Review, revise and finalize exhibits to Mitchell declaration. | N. Mitchell | 1.60 |
| 01/23/23 | Numerous strategy communications with case team and Mr. Metzger re strategy and work plan for finalizing injunction opposition and supporting exhibits. | N. Mitchell | 1.60 |
| 01/23/23 | Revise and finalize witness affidavits (.9); and related emails and telephone calls with Mr. Oberhoff, Mr. Gerson and Mr. Janssen (.9). | N. Mitchell | 1.80 |
| 01/23/23 | Revise and finalize opposition to permanent injunction motion (6.0); related review of key cases (.8). | N. Mitchell | 6.80 |
| 01/23/23 | Finalize and file VPX's Memorandum in Opposition to Monster's Motion for Permanent Injunction, Declaration of Nolan Mitchell and supporting Exhibits 1-33, Proposed Order, Declaration of Hal Gerson and supporting Exhibit A, and Declaration of Rick Oberhofer and supporting Exhibit A. | J. Vidal Schumm | 0.50 |
| 01/23/23 | Prepare supporting exhibits to the Declaration of Nolan Mitchell and apply redactions to confidential exhibits. | J. Vidal Schumm | 2.30 |
| 01/23/23 | Revise VPX's Alternative Proposed Order and Alternative Proposed Permanent Injunction. | J. Vidal Schumm | 0.70 |
| 01/23/23 | Multiple rounds of revisions to VPX's Memorandum in Opposition to Monster's Motion for Permanent Injunction. | J. Vidal Schumm | 3.40 |
| 01/23/23 | Consideration of issues with supporting exhibits to the Declaration of Nolan Mitchell and revise Declaration. | J. Vidal Schumm | 0.80 |
| 01/23/23 | Review testimony citations in brief and prepare transcript excerpt compilations for use as exhibits to Mitchell Declaration. | J. Vidal Schumm | 2.60 |
| 01/23/23 | Cross reference cited exhibits in Injunction Opposition with list of exhibits admitted at trial. | J. Agren | 0.20 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 27

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/23/23 | Review and revise case law citations in VPX's opposition to Monster's Motion for Permanent Injunction. | J. Vidal Schumm | 0.80 |
| 01/23/23 | Create Table of Authorities and Table of Contents to include in VPX Injunction Opposition pursuant to Rule 11-8. | J. Agren | 1.70 |
| 01/23/23 | Assess tasks left before filing Opposition to Monster's Motion for Permanent Injunction (.60); Review final draft of Opposition to Monster's Motion for Permanent Injunction for remaining citations to trial transcripts (.80); Pull trial transcripts to create exhibits for Opposition to Monster's Motion for Permanent Injunction (.80). | S. Desargones | 2.50 |
| 01/23/23 | Revise vacatur brief. | D. Muth | 5.70 |
| 01/23/23 | Finalize supporting declarations to opposition to injunction brief. | D. Muth | 0.40 |
| 01/23/23 | Finalize injunction brief. | D. Muth | 1.60 |
| 01/23/23 | Final revisions and changes to all documents filed in opposition to motion for permanent injunction (2.5); work on citations and record support for brief in support of post-verdict motions (1.4). | D. Janssen | 3.90 |
| 01/23/23 | Research case law regarding stay of enforcement of injunctive relief pending post-trial briefing and/or bankruptcy proceedings. | L. Bolcar | 1.00 |
| 01/23/23 | Strategize regarding tasks for compiling and finalizing opposition (1.0); revise declaration in support of opposition (2.0); prepare exhibits for filing opposition to motion for permanent injunction (1.5); review local rules related to brief and exhibit filing requirements (0.3). | C. Hundley | 4.80 |
| 01/23/23 | Revise and edit draft brief in opposition to Monster's Motion for Permanent Injunction (7.0); review and analyze draft declarations and exhibits cited therein (1.1); revise and edit draft proposed order (.6); assist with preparations for filing of said documents (.4). | L. Bolcar | 9.10 |
| 01/24/23 | Confer with process server regarding service of chambers copies and review and analyze local rules regarding same. | L. Bolcar | 0.90 |
| 01/24/23 | Review record court interpretations and holdings of evidence for admissibility of social media posts to use in support of motion for new trial (1.40); revise post-verdit brief (2.80). | D. Muth | 4.20 |
| 01/24/23 | Follow-up on issues to coordinate removal of additional references to creatine or super-creatine from website and social media in preparation of upcoming injunction hearing. | D. Muth | 1.20 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 28

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/24/23 | Work on sections of post-verdict brief regarding mistaken evidentiary ruling on other creatine products on the market and Peking study. | D. Janssen | 3.40 |
| 01/24/23 | Prepare VPX's Opposition to Injunction and supporting Declarations and Exhibits for service of chambers copy as in compliance with local rules. | J. Vidal Schumm | 0.30 |
| 01/24/23 | Emails with Mr. Metzger regarding injunction opposition filing and preparations for hearing. | N. Mitchell | 0.30 |
| 01/25/23 | Address correspondence received from Daily Journal regarding inquiry as to verdict.  (.1). | B. Ogden | 0.10 |
| 01/25/23 | Review and work on revisions to first full iteration of brief in support of post-verdict motions (2.1); determine whether errors made in MIL rulings carry over to determination whether VPX is entitled toa  new trial (.8). | D. Janssen | 2.90 |
| 01/26/23 | Review and analyze draft Motion for JNOV, New Trial and Remittitur. | L. Bolcar | 4.50 |
| 01/26/23 | Review key issues relative to best factual arguments to support motion for new trial (1.60); review damages model offered by Monster and consider appropriate basis and amount to request court to reduce jury award (1.70); review legal authorities in support of same (2.70). | D. Muth | 6.00 |
| 01/26/23 | Reviewing briefing on earlier motions in limine and compare with charging conference transcript to identify areas of inconsistent ruling resulting in prejudice at trial. | D. Janssen | 0.90 |
| 01/27/23 | Review/analyze draft motion for JNOV, New Trial, and Remittitur. | J. Labukas | 1.10 |
| 01/27/23 | Coordinate with VPX removal of super-creatine references in preparation of oral argument on Monster's permanent injunction motion. | D. Muth | 0.80 |
| 01/27/23 | Continue to analyze damages evidence for purposes of argument on remittitur for false advertising. | D. Muth | 5.70 |
| 01/27/23 | Review and analyze fact and legal citations in draft Motion for JMOL, Remittitur, and New Trial. | L. Bolcar | 0.60 |
| 01/27/23 | Draft and revise memorandum to client re recommendations for website and social media marketing remediation to support strategy for post-verdict motions. | N. Mitchell | 0.70 |
| 01/27/23 | Prepare for and telephone call with Mr. Metzger and Mr. Muth re website and social media marketing remediation and recommendations. | N. Mitchell | 0.60 |
| 01/27/23 | Review and analyze client website and social media and draft suggestions for revisions to same in light of verdict and Monster's Motion for Permanent Injunction. | L. Bolcar | 0.90 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 29

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/28/23 | Emails and telephone call with Mr. Metzger re advertising remediation strategy and case developments. | N. Mitchell | 0.30 |
| 01/30/23 | Consider key issues regarding draft of post-verdict motions and legal and evidentiary cites thereto. | L. Bolcar | 0.80 |
| 01/30/23 | Review and analyze trial transcripts and case docket to fill in citation requirements for VPX's post-trial briefing. | L. Bolcar | 4.10 |
| 01/30/23 | Revisions to post-verdict brief. | D. Muth | 10.20 |
| 01/30/23 | Work on and develop strategy for post-trial motion for JNOV, remittitur, and new tria. | J. Labukas | 0.80 |
| 01/30/23 | Research regarding evidence exclusion in Lanham Act cases in connection with motion for new trial. | J. Labukas | 2.40 |
| 01/30/23 | Follow up regarding VPX remediation efforts and status, including review of Board correspondence to Monster. | N. Mitchell | 0.30 |
| 01/31/23 | Review and analyze trial transcripts and case docket to fill in citation requirements for VPX's post-trial briefing. | L. Bolcar | 8.00 |
| 01/31/23 | Analyze post-verdict briefing legal and evidentiary citation needs. | L. Bolcar | 0.20 |
| 01/31/23 | Follow up on revisions to and strategy for post-trial motions. | J. Labukas | 0.50 |
| 01/31/23 | Research regarding C.D. Cal / 9th Circuit case law concerning evidence exclusion/admission and effect of same on new trial matters. | J. Labukas | 3.70 |
| 01/31/23 | Compile various pleadings for reference in post-verdict briefing. | M. Kupsik | 1.50 |
| 01/31/23 | Review and analyze best arguments based on available law for new trial (1.90); remittitur (1.40) and JNOV (1.40); revise draft briefs (2.10). | D. Muth | 6.80 |
| 01/31/23 | Search for authority that expressly creates a map between Rule 59, wrongful exclusion of exclusion of evidence and justification for new trial (1.3); review earlier Peking study briefing and rulings (.5); review Parang report and supplemental report (.3); draft and revise section of brief regarding exclusion of Peking study was prejudicial and justifies new trial (3.1); begin reworking section of brief regarding Infoscout decision inconsistent with MIL was prejudicial (1.9). | D. Janssen | 7.10 |
| 01/31/23 | Review subpoena from creditor's committee, and consider implications for injunction motion. | N. Mitchell | 0.30 |
| 02/01/23 | Review and analyze trial transcripts and case docket to fill in citation requirements for VPX's post-trial briefing. | L. Bolcar | 3.50 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 30

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/01/23 | Review all 2004 examination and subpoena notices in connection with potential effect of same on post-verdict motions. | C. Combest | 0.50 |
| 02/01/23 | Compile various pleadings for reference in post-verdict briefing. | M. Kupsik | 0.30 |
| 02/01/23 | Review bankruptcy developments and pleadings for injunction implications. | N. Mitchell | 0.40 |
| 02/01/23 | Review opening statement transcripts. | D. Muth | 0.90 |
| 02/01/23 | Review closing argument transcripts. | D. Muth | 1.40 |
| 02/01/23 | Review motion in limine oral argument, briefing, and order. | D. Muth | 1.30 |
| 02/01/23 | Revise post-verdict brief. | D. Muth | 4.00 |
| 02/01/23 | Draft and revise new section of brief regarding InfoScout reports and prejudicial error in not permitting examination of Dr. Chiagouris (4.1); work on section of brief regarding prejudicial error from copycat motion in limine limiting use of Reign evidence at trial (1.5). | D. Janssen | 5.60 |
| 02/01/23 | Research regarding evidentiary admission/exclusion errors in connection with assessment of remittitur, JNOV, and new trial standards. | J. Labukas | 3.80 |
| 02/01/23 | Draft/revise post-trial motions for new trial, JNOV, and remittitur. | J. Labukas | 2.50 |
| 02/02/23 | Follow-up on key issues relative to pending permanent injunction motion as it relates to VPX use of super-creatine. | D. Muth | 1.40 |
| 02/02/23 | Review additional case law regarding new trials in Lanham Act cases. | D. Muth | 1.70 |
| 02/02/23 | Revise post-trial brief. | D. Muth | 4.60 |
| 02/02/23 | Search for authority holding that plaintiff's subjective belief about materiality is relevant to consumer purchasing decisions, in contrast to court's finding in MIL (2.5); draft and revise portion of post-veridct brief regarding evidence of Reign as copycat and other internal Monster communications were prejudicially excluded (2.6). | D. Janssen | 5.10 |
| 02/02/23 | Draft/revise post-verdict motions for JNOV, new trial, and remittitur. | J. Labukas | 3.30 |
| 02/03/23 | Continue working on shorter and more effective version of Rule 59 section of brief. | D. Janssen | 1.10 |
| 02/03/23 | Revise motion for new trial to reflect excluded evidence. | D. Muth | 3.70 |
| 02/03/23 | Rewrite remittitur section as to false advertising based on admitted evidence and testimony from damages experts. | D. Muth | 3.50 |

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Monster False Advertising Claim                  Invoice Number: 6584245
Q & B Matter Number: 173151.00051                 Page: 31

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/03/23 | Review and analyze trial transcripts and case docket to fill in citation requirements for VPX's post-trial briefing. | L. Bolcar | 1.60 |
| 02/03/23 | Revise motion for JNOV, new trial, and remittitur, including case law research in support of same. | J. Labukas | 5.80 |
| 02/03/23 | Consider key issues related to draft post-verdict briefing and strategy for completing said draft for client review. | L. Bolcar | 0.40 |
| 02/03/23 | Review and analyze case by presiding judge in which a motion for a new trial was granted. | L. Bolcar | 0.20 |
| 02/04/23 | Review and analyze trial transcripts and case docket to fill in citation requirements for VPX's post-trial briefing and begin entering said citations into draft brief. | L. Bolcar | 4.60 |
| 02/04/23 | Reconsider factual basis and calculations for motion for remittitur. | D. Muth | 1.70 |
| 02/05/23 | Review and analyze trial transcripts and case docket to fill in citation requirements for VPX's post-trial briefing and begin entering said citations into draft brief. | L. Bolcar | 4.20 |
| 02/05/23 | Continued revisions to post-verdict briefing. | D. Muth | 2.40 |
| 02/05/23 | Cite check and research for motion for JNOV, new trial, and remittitur. | J. Labukas | 4.30 |
| 02/05/23 | Review/analyze case history and related posture in connection with revisions to motion for JNOV, new trial, and remittitur. | J. Labukas | 2.20 |
| 02/06/23 | Review and analyze trial transcripts and case docket to fill in citation requirements for VPX's post-trial briefing and continue entering said citations into draft brief. | L. Bolcar | 8.40 |
| 02/06/23 | Review and revise post-verdict motion. | D. Muth | 5.10 |
| 02/06/23 | Draft/revise sections of motion for JNOV, new trial, and remittitur. | J. Labukas | 4.80 |
| 02/06/23 | Prepare fact and legal cite checks, including review of exhibits for motion for JNOV, new trial, and remittitur. | J. Labukas | 3.70 |
| 02/06/23 | Work on portion of brief regarding exclusion of most market-available synthetic creatines was prejudicial error, particularly the limitation on Escalante testimony. | D. Janssen | 1.30 |
| 02/07/23 | Continue researching trial transcript and exhibits for evidentiary support for post-verdict brief draft and enter said support into brief draft for colleagues to review(5.5); respond to questions related to comments and questions in said brief draft (0.6). | L. Bolcar | 6.10 |
| 02/07/23 | Develop and coordinate plan for creating exhibits cited in post-trial briefing. | L. Bolcar | 0.20 |

Vital Pharmaceuticals, Inc.

March 20, 2023

RE: Monster False Advertising Claim

Invoice Number: 6584245

Q & B Matter Number: 173151.00051

Page: 32

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/07/23 | Revise post-verdict brief. | D. Muth | 4.90 |
| 02/07/23 | Revise brief and cite checks for motion for JNOV, new trial, and remittitur. | J. Labukas | 2.20 |
| 02/07/23 | Research regarding remittitur on claims of trade secret misappropriation and intentional interference with contract. | J. Labukas | 2.50 |
| 02/07/23 | Go through brief to work revisions and additions to satisfy multiple comments from Bolcar and Labukas (1.4); revisions to full draft of brief (1.7); find better authority for proposition that a new trial should be granted where curative admission is necessary based upon questions posed by opposing counsel (1.5); review portions of record supporting of curative admission argument (.6). | D. Janssen | 5.20 |
| 02/08/23 | Revise and edit evidentiary citations to post-verdict brief sections related to J. Owoc's personal liability and damages calculations. | L. Bolcar | 2.80 |
| 02/08/23 | Draft and revise Notice of Motion and Motion for post-verdict relief. | L. Bolcar | 2.60 |
| 02/08/23 | Strategize regarding exhibits cited in draft of post-verdict brief. | L. Bolcar | 0.20 |
| 02/08/23 | Begin preparation of supporting exhibits and transcript excerpts to VPX's Motion for JNOV. | J. Vidal Schumm | 3.30 |
| 02/08/23 | Revise trial transcript citations and exhibit citations in VPX's Motion for JNOV. | J. Vidal Schumm | 1.20 |
| 02/08/23 | Create ShareFile link containing index and all exhibits admitted during trial for Lathan & Watkins. | M. Kupsik | 0.80 |
| 02/08/23 | Continued revisions to post verdict arguments in favor of new trial, remittitur and JNOV. | D. Muth | 9.20 |
| 02/08/23 | Review current authority regarding Wikipedia and attempt to revise brief using such authority to support current theory of trial court error (.5); search for authority regarding attorney misconduct offering purported impeachment material, known not to be impeachment, constitutes prejudicial error justifying new trial (1.8); work on new section of brief regarding misconduct involving Dr. Parang (.7); review and rewrite opening section of argument including standard of review (.7); search for much better authority, in Lanham Act disputes, where excluded evidence is the basis for a new trial (1.6). | D. Janssen | 5.30 |
| 02/08/23 | Prepare revisions and related edits to motion for JNOV, new trial, and remittitur, including matters related to CFAA claim and appropriate standards of review. | J. Labukas | 1.70 |
| 02/08/23 | Revise cover motion for JNOV, new trial, and remittitur. | J. Labukas | 0.40 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 33

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/08/23 | Research regarding admissibility of hearsay, ramifications of improperly excluded/admitted evidence, and protections of trade secrets as grounds for new trial. | J. Labukas | 3.10 |
| 02/09/23 | Continue preparation of exhibits and transcript excerpts to VPX's Motion for JNOV. | J. Vidal Schumm | 3.20 |
| 02/09/23 | Continue review and revision of transcript and exhibit citations in VPX's Motion for JNOV. | J. Vidal Schumm | 2.60 |
| 02/09/23 | Research regarding disaggregating trade secrets for damages calculations. | J. Labukas | 1.20 |
| 02/09/23 | Final review of draft motion for JNOV, new trial, and remittitur, including proposal of revisions for same. | J. Labukas | 1.10 |
| 02/09/23 | Research and review the Ninth Circuit's rules concerning attorney withdrawals. | M. Carwin | 1.20 |
| 02/09/23 | Additional revisions to post-verdict brief. | D. Muth | 6.90 |
| 02/09/23 | Review authority regarding disaggregation doctrine for trade secrets (.4); search for better authority regarding failure of proof where Monster failed to identify causation for even a single trade secret (1.3); search for authority granting JNOV or new trial where zero evidence of trade secret causation was presented (.7); work on remittitur sections of brief (.5); review transcript at jury conference on trade secret issues (.2). | D. Janssen | 3.10 |
| 02/09/23 | Review and analyze trial transcripts for VPX's directed verdict argument regarding trade secret claims. | L. Bolcar | 0.40 |
| 02/09/23 | Review and analyze specific evidentiary cites in draft post-verdict brief. | L. Bolcar | 0.60 |
| 02/09/23 | Draft proposed order for VPX's Post-Verdict Motions and send to colleagues for review. | L. Bolcar | 1.30 |
| 02/09/23 | Review and analyze draft brief and evidentiary cites therein and confer with J. Schumm regarding edits and revisions thereto. | L. Bolcar | 0.70 |
| 02/10/23 | Review, revise, and edit current draft of post-verdict briefing in advance of team call to discuss same. | L. Bolcar | 4.10 |
| 02/10/23 | Review and analyze trial transcript from jury voir dire for evidentiary support for potential additional argument. | L. Bolcar | 0.70 |
| 02/10/23 | Analyze current brief draft. | L. Bolcar | 0.10 |
| 02/10/23 | Analysis of exhibits cited in draft post-verdict brief and discuss strategy for determining which documents must be filed under seal. | L. Bolcar | 0.40 |
| 02/10/23 | Review trial transcripts for evidentiary support for proposition in draft post-verdict brief footnote. | L. Bolcar | 0.40 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 34

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/10/23 | Work on strategy for post-verdict motion for JNOV, new trial, and remittitur, including review of draft motion, memorandum in support, proposed order. | J. Labukas | 2.20 |
| 02/10/23 | Finalize draft brief (2.0); revise proposed order (.30); revise motion (.20); follow-up on key issues for Muth Declaration and exhibits in support of post-verdict motion (1.70); follow-up with Gregg Metzger regarding same (.30). | D. Muth | 4.50 |
| 02/10/23 | Review case law and issues relative to disaggregation theory of trade secrets. | D. Muth | 1.80 |
| 02/10/23 | Finalize review and revisions to transcript and exhibit citations in VPX's Motion for JNOV. | J. Vidal Schumm | 3.10 |
| 02/10/23 | Finalize initial draft of exhibits and transcript excerpts to be filed in support of VPX's Motion for JNOV. | J. Vidal Schumm | 2.40 |
| 02/10/23 | Consideration of exhibits to be filed under seal and draft summary of proposed sealed exhibits and possible public alternatives. | J. Vidal Schumm | 1.80 |
| 02/10/23 | Review juror answers with respect to creatine and particularly number three (.4); revise and supplement sections of brief prior to argument, including augmenting record citations (6.2). | D. Janssen | 6.60 |
| 02/10/23 | Periodic call with A. Beilfuss regarding Vital. | J. Dienelt | 0.20 |
| 02/11/23 | Consider key issues relative to Lanham Act damages theory asserted by Monster and case law supporting same. | D. Muth | 3.00 |
| 02/12/23 | Review and analyze draft post-verdict brief for confidential and/or AEO information before draft is sent to client and search for publicly-available citations for all arguments and premises contained therein. | L. Bolcar | 4.80 |
| 02/13/23 | Review and analyze comments and edits related to exhibit cites in draft post-verdict brief and revise said draft with additional evidentiary cites. | L. Bolcar | 0.90 |
| 02/13/23 | Review and analyze record for public filing of documents cited in post-verdict briefing. | L. Bolcar | 0.90 |
| 02/13/23 | Revise and edit first half of updated draft of post-verdit briefing and find additonal evidentiary cites for same. | L. Bolcar | 3.10 |
| 02/13/23 | Review updated version of VPX's JNOV motion and revise new exhibit and transcript citations. | J. Vidal Schumm | 2.80 |
| 02/13/23 | Prepare additional exhibits and transcript excerpts to be filed in support of VPX's JNOV motion. | J. Vidal Schumm | 2.50 |
| 02/13/23 | Research potential alternative public versions of proposed sealed exhibits and draft summary of recommendations. | J. Vidal Schumm | 1.60 |

Vital Pharmaceuticals, Inc.

March 20, 2023

RE: Monster False Advertising Claim

Invoice Number: 6584245

Q & B Matter Number: 173151.00051

Page: 35

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/13/23 | Confer regarding possible arguments for public filing and examples of similar publicly-filed documents in preparation for meet and confer with Monster. | J. Vidal Schumm | 0.80 |
| 02/13/23 | Finalize draft brief (6.30); follow-up with client regarding same (.20). | D. Muth | 6.50 |
| 02/13/23 | Revise and supplement argument portion of brief, including expanding on key area of citation. | D. Janssen | 6.30 |
| 02/13/23 | Work on case and record citations for post-verdict motions. | J. Labukas | 1.70 |
| 02/13/23 | Develop work plan and strategy for analysis of remediation status and progress and supplemental affidavits in connection with injunction hearing planning. | N. Mitchell | 1.10 |
| 02/14/23 | Review further revised draft of motions and proposed order on post-verdict motions. | J. Labukas | 1.20 |
| 02/14/23 | Review exhibits and related issues regarding confidentiality designations for post-verdict motions. | J. Labukas | 0.80 |
| 02/14/23 | Revise and supplement remittitur and JNOV sections of the brief. | D. Janssen | 6.80 |
| 02/14/23 | Confer regarding confidentiality issues with proposed exhibits and strategy for meet and confer with Monster's counsel regarding same. | J. Vidal Schumm | 1.10 |
| 02/14/23 | Consideration of issues regarding lodging video exhibits to VPX's JNOV motion and confer regarding strategy for citations to same. | J. Vidal Schumm | 0.80 |
| 02/14/23 | Revise case law citations and quotations, and consideration of overturned case law cited in VPX's brief in support of motion for JNOV. | J. Vidal Schumm | 3.40 |
| 02/14/23 | Multiple rounds of revisions to brief in support of VPX's JNOV motion. | J. Vidal Schumm | 2.20 |
| 02/14/23 | Follow-up on issues for federal and legal citations (1.20); follow-up with counsel for Jack Owoc regarding strategy for arguments (.20); revise proposed order (.20); finalize review of trial/research notes as to scope of arguments made to trial court in post-verdict relief motion (4.10). | D. Muth | 5.70 |
| 02/14/23 | Research case law holding a new trial is appropriate based on the prejudicial admission or exclusion of evidence. | L. Bolcar | 2.40 |
| 02/14/23 | Revise draft proposed order granting VPX's motions in post-verdict briefing. | L. Bolcar | 0.20 |
| 02/14/23 | Review client website and disclosures in connection with remediation tracking and analysis. | N. Mitchell | 0.70 |
| 02/14/23 | Revise and edit draft post-verdict brief. | L. Bolcar | 2.40 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 36

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/14/23 | Develop strategy and schedule for revising draft post-verdict briefing; coordination of exhibits and analysis of local rules for requirements for filing under seal and service of chambers copies. | L. Bolcar | 0.70 |
| 02/15/23 | Revise draft post-verdict brief with updated case law and other edits and send to colleagues for review. | L. Bolcar | 2.80 |
| 02/15/23 | Prepare for injunction hearing and remediation status. | N. Mitchell | 0.30 |
| 02/15/23 | Research local rules requirements for filing notice of lodging (0.3); consider strategy for filing and service of non-paper exhibits (0.2); review lodging of non-paper exhibits cited in brief draft (0.10). | L. Bolcar | 0.60 |
| 02/15/23 | Research regarding evidentiary exclusion and implications of new trial matters (.8); review final draft motion for JNOV, new trial, and remittitur (.9). | J. Labukas | 1.70 |
| 02/15/23 | Research and revise cases and authorities re injunction procedure in connection with preparations for injunction hearing and advertising remediation. | N. Mitchell | 0.80 |
| 02/15/23 | Revise and edit draft Notice of Lodging of non-electronicallly filed documents. | L. Bolcar | 0.70 |
| 02/15/23 | Review motion for withdrawal of appearance and assess implications of same on injunction opposition. | N. Mitchell | 0.80 |
| 02/15/23 | Revise post-verdict brief (5.20); follow-up with opposing counsel regarding statutorily required meet and confer (.20). | D. Muth | 5.40 |
| 02/15/23 | Work to reorganize and stream-line standard of review sections. | D. Janssen | 1.20 |
| 02/15/23 | Confer with local vendor AMS regarding logistics and requirements for service of Chambers copies of JNOV motion and exhibits. | J. Vidal Schumm | 0.50 |
| 02/15/23 | Draft Notice of Lodging for video exhibits to VPX's JNOV motion. | J. Vidal Schumm | 1.60 |
| 02/15/23 | Confer regarding issues with video transcript preparation and strategy for filing video exhibits vs. transcripts in support of VPX's JNOV motion. | J. Vidal Schumm | 1.10 |
| 02/16/23 | Prepare for and telephone call with Mr. Muth and Ms. Bolcar re injunction hearing preparations and remediation status and issues. | N. Mitchell | 0.60 |
| 02/16/23 | Strategize regarding preparation for oral argument on Monster's Motion for Permanent Injunction and status of draft of post-verdict motions. | L. Bolcar | 0.60 |
| 02/16/23 | Strategize regarding drafting of supporting declaration and finalization of exhibit citations therein and in post-verdict brief. | L. Bolcar | 0.20 |

Vital Pharmaceuticals, Inc.                                          March 20, 2023
RE: Monster False Advertising Claim                                  Invoice Number: 6584245
Q & B Matter Number: 173151.00051                                    Page: 37

| Date | Description | Professional | Hours |
| --- | --- | --- | --- |
| 02/16/23 | Draft and revise work plan for supplemental affidavits and remediation  analysis, and related strategy communications. | N. Mitchell | 2.50 |
| 02/16/23 | Telephone call with Mr. Levine, Mr. Metzger and Mr. Muth re false advertising case impact on TAB litigation and related cross-over issues. | N. Mitchell | 0.50 |
| 02/16/23 | Review and analyze certain video exhibits cited by Monster to support its false advertising claim. | L. Bolcar | 0.40 |
| 02/16/23 | Revise and edit post-verdict brief. | L. Bolcar | 3.00 |
| 02/16/23 | Review and edit motion for jnov, remittitur and a new trial, including to coordinate with injunction contentions. | N. Mitchell | 1.80 |
| 02/16/23 | Review exhibits that may be required to be filed under seal (.70); review Barabin and Dabney cases to incorporate into briefing (.80); revise post-verdict brief (2.5). | D. Muth | 4.00 |
| 02/16/23 | Strategise key issues relevant to pending permanent injunction motion. | D. Muth | 0.50 |
| 02/16/23 | Revise and supplement argument section of brief, and particularly focus on reorganizing and rewriting InfoScout section to delineate between trial errors involving experts and lay witnesses. | D. Janssen | 7.30 |
| 02/17/23 | Revise exhibits to Muth declaration in support of JNOV motion. | J. Vidal Schumm | 2.30 |
| 02/17/23 | Revise exhibit citations in JNOV motion and revisions to argument section of motion. | J. Vidal Schumm | 2.80 |
| 02/17/23 | Draft and revise Declaration of David Muth. | J. Vidal Schumm | 2.10 |
| 02/17/23 | Revise post-verdict brief. | D. Muth | 3.10 |
| 02/17/23 | Revise list of exhibits proposed to be filed under seal (0.4); send said list to opposing counsel in advance of meet and confer (0.2); review publicly filed documents and compare with said list of documents proposed to be filed under seal and create summary of said analysis (1.6). | L. Bolcar | 2.20 |
| 02/17/23 | Research case law regarding burden of proof of plaintiff in a Lanham Act false advertising claim. | L. Bolcar | 0.70 |
| 02/17/23 | Prepare strategy and demonstratives for oral argument on Monster's Motion for a permanent injunction. | L. Bolcar | 0.60 |
| 02/17/23 | Develop work plan and strategy for injunction hearing and supplemental remediation affidavits. | N. Mitchell | 0.70 |
| 02/17/23 | Communications with Mr. Metzger re injunction hearing and remediation status. | N. Mitchell | 0.30 |
| 02/17/23 | Draft declaration of Mr. Muth in support of VPX's post-verdict motions and finalization of exhibits(0.3); revise and edit draft brief (2.0). | L. Bolcar | 2.30 |
| 02/19/23 | Continued revisions to post-verdict brief. | D. Muth | 1.50 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 38

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/20/23 | Meet and confer with opposing counsel regarding each side's post-verdict briefing. | L. Bolcar | 0.40 |
| 02/20/23 | Develop strategy for finalizing post-verdict briefing and accompanying filings. | L. Bolcar | 0.20 |
| 02/20/23 | Extensive revisions to post-trial brief (6.30); declaration and exhibits (1.20); prepare for and attend meet and confer with Monster counsel (.40); prepare status update to client regarding same (.20). | D. Muth | 8.10 |
| 02/20/23 | Confer regarding strategy for use and filing of AEO and Confidential exhibits designated by Monster. | J. Vidal Schumm | 0.70 |
| 02/20/23 | Research regarding application to seal documents designated by another party. | J. Vidal Schumm | 0.80 |
| 02/20/23 | Research areas prominent in Monster's post-verdict motion, as a result of disclosures during meet-and-confer, including case law supporting proposition that exemplary and punitive damages should very rarely be awarded under California law for trade secret and tortious interference claims (2.2); research authority opposing motion for additional lose profits and other compensatory relief between the time of verdict and the time of judgment (1.8); research regarding triple damages under the Lanham Act should be limited to instance of counterfeiting and intentional infringement  (1.7). | D. Janssen | 5.70 |
| 02/21/23 | Review and revise draft post-verdict briefing and send proposed edits to Mr. Muth for review and incorporation into final draft of brief. | L. Bolcar | 3.30 |
| 02/21/23 | Draft Application to File Under Seal, Declaration in Support Thereof, and Proposed Order Granting Application to File Under Seal. | L. Bolcar | 1.90 |
| 02/21/23 | Continue to revise post-verdict brief (3.70); follow-up with client regarding same (.20). | D. Muth | 7.90 |
| 02/21/23 | Review and analyze cases and authorities on select procedural aspects of permanent injunction hearing. | N. Mitchell | 0.70 |
| 02/21/23 | Review and revise post-verdict motion for new trial, JNOV, and remittitur. | J. Labukas | 1.60 |
| 02/22/23 | Revise and edit documents and exhibits to be filed with VPX's post-verdict briefing. | L. Bolcar | 4.60 |
| 02/22/23 | Begin developing outline and strategy for oral argument for Monster's Motion for Permanent Injunction. | L. Bolcar | 1.80 |
| 02/22/23 | Discuss with clients mitigation efforts by VPX since jury verdict and develop response to Monster's reply brief in support of motion for permanent injunction. | L. Bolcar | 0.30 |

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Monster False Advertising Claim                            Invoice Number: 6584245
Q & B Matter Number: 173151.00051                              Page: 39

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/22/23 | Prepare for and telephone call with Mr. Metzger to discuss website remediation and supplemental injunction affidavits. | N. Mitchell | 0.80 |
| 02/22/23 | Review and analyze injunction motion and opposition papers in preparation for developing response to reply and injunction hearing. | N. Mitchell | 1.60 |
| 02/22/23 | Finalize brief in support of past-verdict motions (3.10); follow-up on key issues relative to pending permanent injunction motion (1.10). | D. Muth | 4.20 |
| 02/22/23 | Review and revise record and case law citations in VPX's JNOV motion. | J. Vidal Schumm | 2.60 |
| 02/22/23 | Revise exhibits to Muth Declaration. | J. Vidal Schumm | 1.10 |
| 02/22/23 | Revise Muth Declaration. | J. Vidal Schumm | 0.60 |
| 02/22/23 | Revise Notice of Lodging of Video Exhibits. | J. Vidal Schumm | 0.40 |
| 02/22/23 | Gather authority supporting arguments in response to equitable and punitive damage claims raised by Monster in meet-and-confer. | D. Janssen | 4.50 |
| 02/23/23 | Review reply in support of motion for permanent injunction and voluminous documents filed in support (2.2); final review and revisions to motion for post-verdict relief in advance of filing (2.9). | D. Janssen | 5.10 |
| 02/23/23 | Final review and revisions, including cite-checking, to post-verdict motion for JNOV, new trial, and remittitur. | J. Labukas | 3.40 |
| 02/23/23 | Prepare video exhibits for service on opposing counsel and delivery to Judge Bernal. | J. Vidal Schumm | 0.80 |
| 02/23/23 | Correspondence with process server regarding local rules and requirements for delivery of Chambers copies of JNOV motion and exhibits. | J. Vidal Schumm | 0.70 |
| 02/23/23 | Revise, finalize, and file Proposed Order Granting VPX's JNOV motion. | J. Vidal Schumm | 0.50 |
| 02/23/23 | Revise, finalize, and file Notice of Lodging of Video Exhibits. | J. Vidal Schumm | 0.80 |
| 02/23/23 | Revise, finalize, and file Muth Declaration and 68 supporting exhibits. | J. Vidal Schumm | 3.30 |
| 02/23/23 | Revise, finalize, and file VPX's Memorandum in Support of JNOV. | J. Vidal Schumm | 2.70 |
| 02/23/23 | Revise, finalize, and file Notice of Motion and Motion for JNOV. | J. Vidal Schumm | 0.80 |
| 02/23/23 | Follow-up with client and bankruptcy counsel regarding issues relative to Vital's post-verdict brief (.40); review Monster's reply in support of motion for permanent injunction (1.90); review Monster's brief seeking exemplary punitive damages and attorney's fees (2.80); finalize post-verdict brief (.80). | D. Muth | 5.90 |

Vital Pharmaceuticals, Inc.                                                    March 20, 2023
RE: Monster False Advertising Claim                          Invoice Number: 6584245
Q & B Matter Number: 173151.00051                          Page: 40

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/23/23 | Review and analyze Monster reply in support of injunction. | N. Mitchell | 0.60 |
| 02/23/23 | Service Notice of Lodging and lodged exhibits on opposing counsel. | L. Bolcar | 0.10 |
| 02/23/23 | Telephone call with Ms. Quartarolo and Mr. Muth re post-verdict motions and exposure, and related telephone call with Mr. Muth to prepare for same. | N. Mitchell | 0.40 |
| 02/23/23 | Revise and finalize Notice of Motion and Motion for JNOV, New Trial and Remittitur, Memorandum and points of authorities ISO, Muth Declaration ISO, notice of lodging, and review and analyze cited exhibits for accuracy and completeness and assist with filing of said documents and exhibits. | L. Bolcar | 6.00 |
| 02/24/23 | Review and analyze Monster's reply in support of its motion for permanent injunction (1.0); begin outlining counterarguments and opposition evidence needed for hearing before Court (2.0). | L. Bolcar | 3.00 |
| 02/24/23 | Review and analyze docket for briefing and trial transcript for references to VPX's motion to bifurcate the trial and send documents and summary of same to colleagues for review. | L. Bolcar | 0.90 |
| 02/24/23 | Prepare flash drive of exhibits to be delivered to Chambers with Notice of Lodging of Video Exhibits. | M. Flanigan | 0.40 |
| 02/24/23 | Receipt of all Monster filings regarding post-trial briefing and create ShareFile link for client (1.5); arrange for creation of binders for attorney review to assist with VPX reply (1.5). | M. Kupsik | 3.00 |
| 02/24/23 | Review and analyze Monster reply in support of permanent injunction motion and select cases and exhibits in same, and draft notes for injunction hearing. | N. Mitchell | 1.80 |
| 02/24/23 | Review Monster post-verdict motion for equitable relied, fees and costs in to assess effect on irreparable harm contentions. | N. Mitchell | 1.40 |
| 02/24/23 | Review and analyze Monster's Motion for Equitable Relief, Fees and Costs. | L. Bolcar | 1.00 |
| 02/24/23 | Continued review and analysis of Monster's post-verdict motions. | D. Muth | 4.20 |
| 02/24/23 | Review Monster brief and voluminous record filed in support of post-verdict relief (3.2); research regarding due process right to evidentiary hearing (2.1); research regarding case law supporting equitable defenses to disgorgement and enhancement, including laches and unclean hands (2.4). | D. Janssen | 7.70 |
| 02/24/23 | Review post-trial brief from MEC and prepare written comments regarding disgorgement calculation and claim. | M. Duchemin | 1.10 |

Vital Pharmaceuticals, Inc.                                        March 20, 2023
RE: Monster False Advertising Claim                                Invoice Number: 6584245
Q & B Matter Number: 173151.00051                                  Page: 41

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/24/23 | Review bifurcation/trifurcation research and briefing in connection with damages and equitable relief analysis (1.7); research regarding scope of disgorgement decision-making authority and method for same (2.0); review/analyze Monster's post-trial briefs (2.1). | J. Labukas | 5.80 |
| 02/25/23 | Review Monster supporting documents made in support of post-verdict motions. | D. Muth | 2.20 |
| 02/25/23 | Review authority cited in Monster brief for enhancement and disgorgement. | D. Janssen | 3.20 |
| 02/26/23 | Legal research regarding disgorgement and willfulness and how the two intersect when a party is considering an award under disgorgement. | D. Muth | 1.90 |
| 02/27/23 | Review/analyze Monster's post-verdict briefing in connection with work on oppositions to same (1.8); research regarding scope of available damages, including disgorgement and enhancement issues, including email analyses for same (3.3). | J. Labukas | 5.10 |
| 02/27/23 | Continue to draft section of response briefing arguing against award of disgorgement and seeking evidentiary hearing. | D. Janssen | 7.70 |
| 02/27/23 | Follow-up on issues on willfulness (.8); lost profits (.6); and disgorgement and issues regarding same (1.4); review case law regarding prejudgment interest (1.7). | D. Muth | 4.50 |
| 02/27/23 | Review injunction briefing and select cases and authorities cited therein in connection with preparations for hearing. | N. Mitchell | 2.60 |
| 02/27/23 | Review and analyze exhibits supporting Monster injunction reply in connection with development of supplemental affidavits, and related communications with Ms. Bolcar re work plan for remediation analysis. | N. Mitchell | 1.80 |
| 02/27/23 | Analyze Monster's Reply ISO Motion for Permanent Injunction and strategy for responding thereto. | L. Bolcar | 0.30 |
| 02/27/23 | Consider possible exhibits for Vital's response to Monster's motion for equitable relief (0.10); review and analyze documents related to Monsters' Motions in Limine Nos. 4 and 5 and send summary of same to Mr. Janssen (1.2). | L. Bolcar | 1.30 |
| 02/28/23 | Review notes of impressions from review and analysis of Monster's reply brief ISO motion for permanent injunction (0.5); strategize regarding strategy for responding to Monster's arguments in its reply brief ISO motion for permanent injunction (0.5); strategize regarding strategy and internal deadlines for drafting opposition to Monster's Motion for Equitable Relief (0.7). | L. Bolcar | 1.70 |

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

March 20, 2023
Invoice Number: 6584245
Page: 42

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/28/23 | Review and analyze briefing and exhibits for Monster's Motion for Permanent Injunction and begin drafting outline for oral argument slide deck, research potential exhibits for use in said slide deck. | L. Bolcar | 3.70 |
| 02/28/23 | Develop work plan and strategy for response to Monster damages motion. | N. Mitchell | 0.70 |
| 02/28/23 | Develop preliminary argument outline for permanent injunction hearing. | N. Mitchell | 0.70 |
| 02/28/23 | Draft memorandum to VPX re remediation work plan and strategy, including related data and information requests, and related correspondence with Mr. Metzger and Ms. Owoc. | N. Mitchell | 3.00 |
| 02/28/23 | Review and analyze exhibits for evidentiary support for proposed arguments for Vital's opposition to Monster's Motion for Equitable relief and send summary of same to colleagues. | L. Bolcar | 1.60 |
| 02/28/23 | Research case law in California regarding the Lanham Act and computation of prejudgment interest. | S. Desargones | 2.50 |
| 02/28/23 | Review trial exhibit list and provide examples of Monster stealing VPX shelf space. | M. Kupsik | 1.00 |
| 02/28/23 | Review brief in support of motion for UCL injunction, and develop strategy for response to same. | N. Mitchell | 0.80 |
| 02/28/23 | Develop preliminary argument outline for permanent injunction hearing, and review briefs and select authorities in connection with same. | N. Mitchell | 1.60 |
| 02/28/23 | Coordinate response to Monster's post-verdict motion. | D. Muth | 1.50 |
| 02/28/23 | Continued review of case law and Monster calculating relief to claimed prejudgment interest. | D. Muth | 4.00 |
| 02/28/23 | Review MEC's post-trial brief. | M. Duchemin | 0.50 |
| 02/28/23 | Continue drafting section of response brief regarding Monster is not entitled to disgorgement; begin drafting section of response brief regarding request for enhancement of damages. | D. Janssen | 8.30 |
| 02/28/23 | Work on strategy for responding to trade secrets argument raised in Monster's Memorandum of Points and Authorities in support of Motion for Post-Verdict Motion for Equitable Relief, Fees and Costs. | L. Dollens | 1.90 |
| 02/28/23 | Research regarding availability of damages enhancement as a matter of course (2.2); research regarding standards of proof and related issues concerning availability of evidence (1.5). | J. Labukas | 3.70 |

Vital Pharmaceuticals, Inc.                                       March 20, 2023
RE: Monster False Advertising Claim                   Invoice Number: 6584245
Q & B Matter Number: 173151.00051                     Page: 43

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 224.80 | $495.00 | $111,276.00 |
| Matthew J. Duchemin | 2.90 | $495.00 | $1,435.50 |
| David P. Muth | 476.50 | $495.00 | $235,867.50 |
| Margaret J Kupsik | 15.00 | $275.00 | $4,125.00 |
| Jennifer M. Vidal Schumm | 70.40 | $275.00 | $19,360.00 |
| Patrick J. Proctor-Brown | 13.60 | $395.00 | $5,372.00 |
| Meighan M. Flanigan | 0.70 | $275.00 | $192.50 |
| Jonathan P. Labukas | 105.50 | $495.00 | $52,222.50 |
| Jordan M. Agren | 3.20 | $275.00 | $880.00 |
| Lauren C. Bolcar | 190.80 | $395.00 | $75,366.00 |
| George W. Mykulak | 0.20 | $495.00 | $99.00 |
| Nolan J. Mitchell | 198.80 | $495.00 | $98,406.00 |
| Camilla J. Hundley | 96.00 | $395.00 | $37,920.00 |
| Sargina M. Desargones | 51.60 | $395.00 | $20,382.00 |
| Laura Olsen Dugan | 3.40 | $275.00 | $935.00 |
| Brittany S. Ogden | 0.10 | $495.00 | $49.50 |
| John F. Dienelt | 0.20 | $495.00 | $99.00 |
| Christopher Combest | 0.50 | $495.00 | $247.50 |
| Nicole M. Murray | 0.30 | $495.00 | $148.50 |
| Michael W. Carwin | 26.40 | $395.00 | $10,428.00 |
| Lucy R. Dollens | 1.90 | $495.00 | $940.50 |
| **TOTAL** | **1,482.80** | | **$675,752.00** |

                                          **Total Fees:**              **$675,752.00**

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Trademark Infringement - PhD Marketing                     Invoice Number: 6584241
Q & B Matter Number: 173151.00015                              Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/20/22 | Revise and file VPX's notice of bankruptcy. | M. Carwin | 0.30 |
| 10/20/22 | Draft email to the Ninth Circuit Mediator concerning the deadlines and the upcoming settlement conference. | M. Carwin | 1.10 |
| 10/20/22 | Exchange e-mails with O. Muller regarding strategy to notify trial court and Ninth Circuit about bankruptcy and seek a stay of all deadlines (.2); coordinate and approve draft of filings seeking stay (.2); draft e-mail to J. Guso, A. Sorkin, G. Metzger, D. Hurtes providing as filed documents and update on status of upcoming deadlines (.2); respond to e-mail from G. Metzger about collection and case schedule (.1). | J. Wilbert | 0.70 |
| 10/21/22 | Call Ninth Circuit scheduling clerk regarding appeal deadlines in light of VPX's bankruptcy filing (.1); conference regarding Ninth Circuit admission and upcoming scheduling hearing (.1); conference call with O. Muller regarding attendance at upcoming hearing (.2); review and respond to e-mail from O. Muller regarding appeal deadlines (.1). | J. Wilbert | 0.50 |
| 10/24/22 | Review court order revising briefing deadlines for appeal. | J. Wilbert | 0.10 |
| 10/25/22 | Respond to e-mail from G. Metzger regarding PhD Marketing's Chinese supplier and ongoing infringement. | J. Wilbert | 0.20 |
| 11/30/22 | Review upcoming appellate deadlines. | J. Wilbert | 0.10 |
| 12/06/22 | Draft e-mail to A. Quartarolo, J. Guso, G. Metzger, and D. Hurtes seeing instructions for PhD Marketing appeal and settlement discussions. | J. Wilbert | 0.30 |
| 12/09/22 | Conference call with A. Quartarolo regarding next steps in appeal, including direction for upcoming statement to the Ninth Circuit about mediation. | J. Wilbert | 0.20 |
| 12/09/22 | Draft e-mail to G. Metzger, D. Hurtes, and A. Quartarolo to schedule call to discuss next steps in appeal, including statement to Ninth Circuit and settlement offer. | J. Wilbert | 0.10 |
| 12/09/22 | Respond to e-mail from Y. Lubin at VPX to schedule meeting about next steps in appeal. | J. Wilbert | 0.10 |
| 12/11/22 | Review e-mail exchange with PhD Marketing about PhD Marketing's settlement offer. | J. Wilbert | 0.20 |
| 12/12/22 | E-correspondence to Jeff Golden regarding potential settlement (0.2). | L. Mason | 0.20 |
| 12/13/22 | Draft e-mail to G. Metzger, D. Hurtes, and A. Quartarolo providing settlement letter and financial information from PhD Marketing for purposes of evaluating settlement offer. | J. Wilbert | 0.20 |

Vital Pharmaceuticals, Inc.                                                March 20, 2023
RE: Trademark Infringement - PhD Marketing                    Invoice Number: 6584241
Q & B Matter Number: 173151.00015                              Page: 3

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/13/22 | Participate in video conference with G. Metzger, D. Hurtes, and A. Quartarolo regarding next steps in PhD Marketing appeal, strategy for mediation, and status of settlement offer from PhD Marketing. | J. Wilbert | 0.40 |
| 12/16/22 | Communicate with PhD Marketing's counsel about settlement and participation in Ninth Circuit's mediation program and adjustment to briefing schedule. | J. Wilbert | 0.30 |
| 12/19/22 | Draft e-mail to G. Metzger, D. Hurtes, A. Quartarolo, and J. Guso regarding Ninth Circuit's mediation program and extension of deadlines for appeal briefing. | J. Wilbert | 0.20 |
| 12/20/22 | Draft e-mail to counsel for PhD Marketing agreeing to participate in Ninth Circuit's mediation program. | J. Wilbert | 0.20 |
| 12/20/22 | Respond to e-mail from PhD Marketing's counsel approving language in joint statement to mediator. | J. Wilbert | 0.10 |
| 12/22/22 | Draft e-mail to G. Metzger, D. Hurtes, A. Quartarolo and J. Guso regarding possible date for mediation. | J. Wilbert | 0.10 |
| 12/22/22 | Draft e-mail to Ninth Circuit Chief Circuit Mediator S. Liacouras providing joint availability for the parties for mediation. | J. Wilbert | 0.20 |
| 01/04/23 | Research case law concerning appellate treatment of profit awards. | M. Carwin | 3.00 |
| 01/04/23 | Research case law concerning standards of review. | M. Carwin | 2.90 |
| 01/05/23 | Meet with J. Wilbert to discuss strategies for VPX's mediation statement. | M. Carwin | 0.50 |
| 01/05/23 | Outline mediation statement. | J. Wilbert | 0.70 |
| 01/06/23 | Review out of circuit cases in which appellate courts overturned a district court's profit award. | M. Carwin | 3.40 |
| 01/06/23 | Draft email to client concerning the January 18, 2023 mediation. | M. Carwin | 0.40 |
| 01/06/23 | Research out of circuit cases in which appellate courts affirmed a district court's profit award. | M. Carwin | 2.90 |
| 01/09/23 | Review and begin revising draft mediation statement. | J. Wilbert | 0.80 |
| 01/09/23 | Draft e-mail to G. Metzger and D. Hurtes seeking approval for settlement authority to include in mediation statement. | J. Wilbert | 0.20 |
| 01/09/23 | Revise VPX's Mediation Statement concerning the district court's findings. | M. Carwin | 2.30 |
| 01/09/23 | Review PhD Marketing's liquidity analysis and assets. | M. Carwin | 1.10 |
| 01/10/23 | Review requirements for admission to the Ninth Circuit. | M. Carwin | 0.20 |

Vital Pharmaceuticals, Inc.
RE: Trademark Infringement - PhD Marketing
Q & B Matter Number: 173151.00015

March 20, 2023
Invoice Number: 6584241
Page: 4

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/10/23 | Call with J. Wilbert to discuss VPX's Mediation Statement. | M. Carwin | 0.40 |
| 01/10/23 | Review judgment and memorandum decision (0.7); consider potential appellate arguments and resulting position for draft mediation statement (0.7). | J. Goldschmidt | 1.40 |
| 01/11/23 | Prepare for and attend PHD Mediation Strategy Call with clients. | A. Beilfuss | 0.70 |
| 01/11/23 | Video conference with client to discuss mediation positions. | M. Carwin | 0.80 |
| 01/11/23 | Revise VPX's mediation statement to include additional legal arguments and to include VPX's positions concerning settlement. | M. Carwin | 2.30 |
| 01/11/23 | Draft forms for admission to the Ninth Circuit. | M. Carwin | 0.10 |
| 01/11/23 | Research secondary sources concerning the Ninth Circuit's standards of review. | M. Carwin | 2.90 |
| 01/11/23 | Participate in video conference with G. Metzger, D. Hurtes, and A. Quartarolo to discuss strategy for upcoming mediation. | J. Wilbert | 0.80 |
| 01/11/23 | Revise mediation statement. | J. Wilbert | 0.90 |
| 01/11/23 | Draft e-mail to G. Metzger and D. Hurtes providing draft mediation for review. | J. Wilbert | 0.10 |
| 01/11/23 | Address potential for settlement and cost-benefit-analysis of proceeding with defense of appeal and realistic collection amount. | D. Janssen | 0.80 |
| 01/12/23 | Further revise mediation statement. | J. Wilbert | 0.50 |
| 01/12/23 | Review and finalize appearance papers for Ninth Circuit appeal. | J. Wilbert | 0.20 |
| 01/12/23 | Revise VPX's mediation statement to include additional argument regarding PhD Marketing's liquidation analysis. | M. Carwin | 0.60 |
| 01/13/23 | Review final draft of mediation statement, providing approval for service to mediator. | J. Wilbert | 0.20 |
| 01/13/23 | Consider non-confidential portion of mediation statement from PhD Marketing. | J. Wilbert | 0.30 |
| 01/13/23 | Review PhD Marketing's Mediation Statement. | M. Carwin | 0.50 |
| 01/16/23 | Draft e-mail to G. Metzger providing information for upcoming mediation with PhD Marketing. | J. Wilbert | 0.40 |
| 01/17/23 | Prepare for upcoming mediation, including review of e-mails from mediator and exchanged statements. | J. Wilbert | 1.20 |
| 01/17/23 | Draft e-mail to G. Metzger providing information for tomorrow's mediation. | J. Wilbert | 0.20 |
| 01/18/23 | Attend and participate in mediation with Ninth Circuit mediator. | J. Wilbert | 2.40 |

Vital Pharmaceuticals, Inc.

RE: Trademark Infringement - PhD Marketing

Q & B Matter Number: 173151.00015

March 20, 2023

Invoice Number: 6584241

Page: 5

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/18/23 | Draft e-mail to Mediator Liacouras regarding status of VPX's consideration of settlement proposal communicated during mediation. | J. Wilbert | 0.10 |
| 01/18/23 | Conference call with A. Quartarolo following mediation to discuss settlement proposal from PhD. | J. Wilbert | 0.20 |
| 01/18/23 | Exchange e-mails with G. Metzger following mediation. | J. Wilbert | 0.20 |
| 01/19/23 | Draft settlement memorandum concerning our recommended path forward. | M. Carwin | 2.50 |
| 01/19/23 | Begin drafting summary of mediation and PhD's proposal. | J. Wilbert | 0.40 |
| 01/20/23 | Analysis of memorandum regarding proposed PHD settlement. | C. Combest | 0.50 |
| 01/20/23 | Revise draft memorandum to VPX Board summarizing PhD settlement proposal. | J. Wilbert | 0.50 |
| 01/22/23 | Revise memorandum to VPX Board summarizing settlement offer from PhD Marketing. | J. Wilbert | 0.30 |
| 01/24/23 | Draft e-mail to A. Quartarolo, G. Metzger, and D. Hurtes regarding draft of memorandum summarizing settlement proposal from PhD. | J. Wilbert | 0.10 |
| 01/25/23 | Revise memorandum to VPX's Board summarizing PhD Marketing settlement proposal to incorporate revisions from A. Quartarolo. | J. Wilbert | 0.40 |
| 01/25/23 | Draft e-mail responding to questions from A. Quartarolo about the settlement proposal from PhD Marketing. | J. Wilbert | 0.20 |
| 01/25/23 | Draft e-mail to counsel for PhD Marketing, J. Shaeffer, A. Leon, and J. Golden requesting additional financial reports from PhD Marketing to share with VPX's Board. | J. Wilbert | 0.20 |
| 01/25/23 | Review financial documents presented at trial (.4); review financial documents that PhD Marketing provided concerning settlement (1.2). | M. Carwin | 1.60 |
| 01/26/23 | Review e-mail from PhD's counsel, J. Shaeffer about requested updated financial statements. | J. Wilbert | 0.10 |
| 01/26/23 | Draft e-mail to G. Metzger, D. Hurtes, and A. Quartarolo providing update on communications with PhD about updated financial statements. | J. Wilbert | 0.10 |
| 01/27/23 | Draft e-mail to A. Quartarolo, G. Metzger and D. Hurtes asking for update on Board consideration of PhD's settlement proposal and possible update to mediator. | J. Wilbert | 0.10 |
| 01/30/23 | Exchange e-mails with J. Guso about PhD's settlement proposal and presentation of that proposal to VPX Board. | J. Wilbert | 0.20 |
| 02/01/23 | Respond to e-mail from J. Shaeffer, counsel for PhD. | J. Wilbert | 0.10 |

Vital Pharmaceuticals, Inc.
RE: Trademark Infringement - PhD Marketing
Q & B Matter Number: 173151.00015

March 20, 2023
Invoice Number: 6584241
Page: 6

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/01/23 | Draft e-mail to J. Guso, A. Quartarolo, G. Metzger, and D. Hurtes providing status update on VPX's request for additional financial records from PhD to consider with settlement proposal. | J. Wilbert | 0.10 |
| 02/02/23 | Exchange e-mails with G. Metzger regarding PhD settlement proposal and additional financial information from PhD. | J. Wilbert | 0.20 |
| 02/02/23 | Exchange e-mails with J. Shaeffer, counsel for PhD, about additional financial information requested from VPX related to VPX's evaluation of the current settlement proposal. | J. Wilbert | 0.30 |
| 02/06/23 | Draft e-mail to G. Metzger, D. Hurtes, A. Quartarolo and J. Guso regarding next steps in consideration of PhD's settlement proposal and extension of briefing schedule. | J. Wilbert | 0.20 |
| 02/07/23 | Draft e-mail to G. Metzger, D. Hurtes, A. Quartarolo, and J. Guso seeking information about presenting PhD's settlement proposal to the VPX board for consideration and seeking guidance on next steps. | J. Wilbert | 0.20 |
| 02/07/23 | Draft e-mail to G. Metzger, D. Hurtes, A. Quartarolo, and J. Guso providing new scheduling order for appellate deadlines for briefing. | J. Wilbert | 0.20 |
| 02/07/23 | Respond to e-mail from PhD's bankruptcy counsel, J. Golden, regarding additional financial information from PhD. | J. Wilbert | 0.10 |
| 02/08/23 | Participate in call with PhD's counsel, J. Golden regarding obtaining additional financial information from PhD so that VPX can better evaluate PhD's settlement proposal. | J. Wilbert | 0.40 |
| 02/08/23 | Exchange e-mails with J. Golden regarding follow up discussion. | J. Wilbert | 0.20 |
| 02/09/23 | Participate in video conference with J. Golden regarding obtaining financial data from PhD. | J. Wilbert | 0.30 |
| 02/09/23 | Draft e-mail to G. Metzger, D. Hurtes, A. Quartarolo, and J. Guso providing summary of call with PhD's counsel and raising questions related to next steps and PhD's settlement proposal. | J. Wilbert | 0.20 |
| 02/13/23 | Research case law concerning enforcement of a judgment in the Ninth Circuit. | M. Carwin | 2.50 |
| 02/13/23 | Draft e-mail to G. Metzger, J. Guso, A. Quartarolo, and D. Hurtes about presenting PhD's settlement proposal to the VPX Board for consideration. | J. Wilbert | 0.10 |
| 02/16/23 | Review case status and correspond regarding next steps. | J. Goldschmidt | 0.20 |
| 02/17/23 | Further consider and correspond regarding appellate briefing schedule and next steps. | J. Goldschmidt | 0.30 |

Vital Pharmaceuticals, Inc.
RE: Trademark Infringement - PhD Marketing
Q & B Matter Number: 173151.00015

March 20, 2023
Invoice Number: 6584241
Page: 7

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/23/23 | Draft e-mail to G. Metzger and J. Guso regarding PhD settlement proposal and presentation to VPX Board. | J. Wilbert | 0.10 |
| 02/23/23 | Respond to e-mail from J. Golden. | J. Wilbert | 0.10 |
| 02/24/23 | Draft e-mail to G. Metzger and J. Guso responding to questions from G. Metzger about PhD's primary owner and status of communications with PhD's counsel. | J. Wilbert | 0.30 |
| 02/24/23 | Participate in video conference with PhD's bankruptcy counsel, J. Golden about obtaining additional financial records for purpose of allowing VPX's Board to better evaluate PhD's settlement proposal. | J. Wilbert | 0.30 |
| 02/24/23 | Draft e-mail to G. Metzger and J. Guso summarizing conference with PhD's counsel, J. Golden. | J. Wilbert | 0.10 |
| 02/28/23 | Respond to e-mail from PhD's counsel about extension of the appellate briefing schedule. | J. Wilbert | 0.20 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Daniel M. Janssen | 0.80 | $495.00 | $396.00 |
| Andrew P. Beilfuss | 0.70 | $495.00 | $346.50 |
| Johanna M. Wilbert | 19.90 | $495.00 | $9,850.50 |
| James E. Goldschmidt | 1.90 | $495.00 | $940.50 |
| L. Katie Mason | 0.20 | $495.00 | $99.00 |
| Christopher Combest | 0.50 | $495.00 | $247.50 |
| Michael W. Carwin | 32.30 | $395.00 | $12,758.50 |
| **TOTAL** | **56.30** | | **$24,638.50** |

**Total Fees:** **$24,638.50**

Vital Pharmaceuticals, Inc.                                     March 20, 2023
RE: Dealer Termination - Webb & Gerritsen              Invoice Number: 6584244
Q & B Matter Number: 173151.00050                          Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/18/22 | Draft summary of matter and pending deadlines in connection with bankruptcy process. | J. Goldschmidt | 0.30 |
| 11/16/22 | Request circuit court transcripts in light of court reporter transcript deadline. | E. Anderson | 0.50 |
| 11/22/22 | Draft matter summary for use in connection with retention application. | J. Goldschmidt | 0.40 |
| 12/02/22 | Consider and correspond regarding next steps in Wisconsin appeal in light of pending bankruptcy (.6); confer with Mr. Metzger regarding same (.3). | J. Goldschmidt | 0.90 |
| 12/08/22 | Finalize circuit court transcripts in support of potential appeal (.5); ascertain VPX's position on appeal given its pending bankruptcy (.2). | E. Anderson | 0.70 |
| 12/08/22 | Provide update on procedural issues and next steps. | J. Goldschmidt | 0.40 |
| 12/09/22 | Review docket developments (.1); direct next steps in light of same (.2); correspond with Mr. Metzger regarding open procedural issues (.2). | J. Goldschmidt | 0.50 |
| 12/19/22 | Review circuit court and court of appeals dockets for latest developments (.1); direct next steps in light of same (.1). | J. Goldschmidt | 0.20 |
| 12/20/22 | Review index for completion before transmittal to the court of appeals (.3); inquire about defective record (.2). | E. Anderson | 0.50 |
| 12/21/22 | Resolve defective record issue. | E. Anderson | 0.80 |
| 12/27/22 | Review court order extending transcript deadline (.1); instruct next steps in light of same (.1). | J. Goldschmidt | 0.20 |
| 12/27/22 | Review docket for any changes in record-related extensions (.3); confirm the circuit court will abide by the court of appeals' extensions (.3). | E. Anderson | 0.60 |
| 01/25/23 | Consider strategy regarding extensions of briefing schedule pending bankruptcy proceedings. | J. Goldschmidt | 0.50 |
| 02/13/23 | Verify final transcripts are complete and crosscheck with statement of transcript. | E. Anderson | 0.50 |
| 02/15/23 | Finalize obtaining transcripts for appeal. | E. Anderson | 0.40 |
| 02/15/23 | Review docket developments indicating completion of record on appeal (.1); evaluate next steps in light of same (.1). | J. Goldschmidt | 0.20 |

Vital Pharmaceuticals, Inc.
RE: Dealer Termination - Webb & Gerritsen
Q & B Matter Number: 173151.00050

March 20, 2023
Invoice Number: 6584244
Page: 3

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| James E. Goldschmidt | 3.60 | $495.00 | $1,782.00 |
| Ellen E. Anderson | 4.00 | $395.00 | $1,580.00 |
| **TOTAL** | **7.60** | | **$3,362.00** |

**Total Fees:**            $3,362.00

Vital Pharmaceuticals, Inc.
RE: Appeal - Orange Bang Litigation
Q & B Matter Number: 173151.00085

March 20, 2023
Invoice Number: 6584248
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Teleconference with G. Eckhouse regarding rebranding trademark search. | N. Murray | 0.50 |
| 10/10/22 | Work re memo regarding bankruptcy retention and related matters (1.2); work re issues on various litigation matters, including calls with Andy Beilfuss and Jon Labukas (1.0). | R. Harris | 2.20 |
| 10/10/22 | Consider issues regarding assignment of settlement agreement. | J. Wilbert | 0.20 |
| 10/11/22 | Review taxation of costs and key issues relative to same given recent bankruptcy filing. | D. Muth | 2.00 |
| 10/11/22 | Review various bankruptcy filings as to impact on appeal. | G. Mykulak | 0.50 |
| 10/12/22 | Review issues relative to 9th Circuit appeal and stay (.6); follow-up on procedural issues relative to bankruptcy (.2). | D. Muth | 0.80 |
| 10/13/22 | Send appellate briefing schedule to G. Metzger. | S. McIntosh | 0.10 |
| 10/13/22 | Follow-up with local counsel regarding bankruptcy and impact on appeal. | D. Muth | 0.20 |
| 10/14/22 | Revise dates on Suggestion of Bankruptcy in Ninth Circuit and coordinate follow up with O. Muller regarding filing. | S. McIntosh | 0.20 |
| 10/17/22 | Follow-up on stay issues relative to appeal. | D. Muth | 0.40 |
| 10/19/22 | Exchange messages with Mr. Muth w/r to appeal and bankruptcy and call with Mr. Mitchell w/r to same; review recent bankrupcty filings. | G. Mykulak | 0.90 |
| 10/19/22 | Follow-up on need to coordinate appellate strategy and stay issues with bankruptcy counsel. | D. Muth | 0.20 |
| 10/19/22 | Review email from G. Metzger regarding timing of OBI appeal. | S. McIntosh | 0.10 |
| 10/20/22 | Follow-up with Gregg Metzger regarding appeal status and next steps. | D. Muth | 0.30 |
| 10/24/22 | Follow-up with Gregg Metzger regarding timing of appeal. | D. Muth | 0.30 |
| 10/25/22 | Follow-up on key issues relative to stay and appeal. | D. Muth | 0.30 |
| 10/25/22 | Exchange emails regarding potential appeal of final judgment, timing, and strategy. | S. McIntosh | 0.30 |
| 10/26/22 | Review procedural status and docket (.4); follow-up with bankruptcy counsel on key issues for appeal, timing and procedural issues regarding same (.7). | D. Muth | 1.10 |
| 10/27/22 | Draft notice of appeal of judgement entered against Plaintiffs and accompanying exhibits; circulate same to colleagues for review; review local rules and court's rules for guidance regarding submission of chambers copies. | L. Bolcar | 2.00 |

Vital Pharmaceuticals, Inc.                                      March 20, 2023
RE: Appeal - Orange Bang Litigation                             Invoice Number: 6584248
Q & B Matter Number: 173151.00085                              Page: 3

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/27/22 | Review bankruptcy request for information from file and review protective order and follow-up regarding same (1.5); review timing issues on appeal of judgment (not just order confirming award) and review appellate rules to ensure client's rights/defenses in appeal are adequately protected (1.4). | D. Muth | 2.90 |
| 10/27/22 | Review appellate documents and determine strategy regarding appeal of judgment. | S. McIntosh | 1.40 |
| 10/27/22 | Prepare analysis for Bankruptcy Counsel regarding motion to vacate and related post-trial motions and submissions.es. | J. Labukas | 1.10 |
| 10/27/22 | Review Orange Bang appeal information in connection with preparation and evaluation of strategy for appeal of judgment. | J. Labukas | 0.60 |
| 10/27/22 | Review and revise appeal initiating documents prior to filing of same along with select local rules. | N. Mitchell | 0.40 |
| 10/28/22 | File a notice of appeal concerning the adverse judgment entered in this case. | M. Carwin | 0.50 |
| 10/28/22 | Finalize appeal of judgment and coordinate filing of same. | D. Muth | 0.40 |
| 10/28/22 | Confer with local counsel and process server to coordinate service of mandatory chambers copies of as-filed notice of appeal and attachments by Monday at noon. | L. Bolcar | 1.20 |
| 10/31/22 | Review Arbitration awards and key legal research to prepare key issues for appeal. | D. Muth | 4.20 |
| 10/31/22 | Review and comment on initial draft of appellate brief, and review underlying order, award and key cases in connection with same. | N. Mitchell | 2.40 |
| 11/01/22 | Research and review key decisions and briefing re Aspic in connection with development of appellate arguments, and draft preliminary outline of contractual appeal. | N. Mitchell | 4.60 |
| 11/01/22 | Conference with team regarding strategy for appeal (0.6); review Order staying briefing on appeal based upon suggestion of bankruptcy (0.1). | S. McIntosh | 0.70 |
| 11/01/22 | Coordinate initial opening appeal brief arguments and topical outline (1.7); continued review of AAA transcripts and record regarding same (.6); follow-up with local counsel regarding mediation (.1); follow-up with Gregg Metzger regarding same (.1). | D. Muth | 2.50 |
| 11/01/22 | Review draft appellate brief (1.3); review extension order and OBI trial and appellate dockets and exchange emails with OBI team w/r to same (.7). | G. Mykulak | 3.00 |
| 11/01/22 | Review briefing in support of motion to vacate, and begin revising appeal brief. | D. Janssen | 2.50 |

Vital Pharmaceuticals, Inc.
RE: Appeal - Orange Bang Litigation
Q & B Matter Number: 173151.00085

March 20, 2023
Invoice Number: 6584248
Page: 4

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 11/01/22 | Continued review of AAA transcripts and record regarding same. | D. Muth | 2.00 |
| 11/01/22 | Follow-up with local counsel and Gregg Metzger regarding mediation. | D. Muth | 0.20 |
| 11/02/22 | Review 9th Circuit docketing of second appeal from judgment entered below and bankruptcy court docket and filings as to impact on appeal (.5). | G. Mykulak | 1.00 |
| 11/02/22 | Follow-up on key issues for companion appeal and mediation. | D. Muth | 1.80 |
| 11/03/22 | Review admission rules and draft and coordinate notice of appearance. | N. Mitchell | 0.80 |
| 11/03/22 | Follow-up with Gregg Metzger regarding appeal status and next steps. | D. Muth | 1.90 |
| 11/04/22 | Review appellate rules of procedure. | D. Muth | 0.70 |
| 11/04/22 | Review, revise and finalize letter to appellate clerk and notice of appearance. | N. Mitchell | 1.40 |
| 11/04/22 | Coordinate response to unconsolidated appeals to address stay by 9th Circuit and follow-up on procedural status and action items necessary to proceed with appeal. | D. Muth | 2.30 |
| 11/07/22 | Follow-up on key issues to raise for appeal based on discussions with Greg Metzger. | D. Muth | 1.30 |
| 11/08/22 | Coordinate key issues for appeal including arbitrability claims and timing of issues. | D. Muth | 1.60 |
| 11/09/22 | Review issues involving potential stipulation to lift stay and impact of timing/scheduling. | D. Muth | 0.70 |
| 11/10/22 | Follow up with local counsel regarding status of mediation and issues relative to save. | D. Muth | 0.20 |
| 11/14/22 | Follow up on mediation status; relief from stay, and timing issues. | D. Muth | 0.40 |
| 11/14/22 | Review Ninth Circuit order regarding mediation questionnaire. | N. Mitchell | 0.30 |
| 11/15/22 | Review and revise mediation questionnaire. | N. Mitchell | 0.60 |
| 11/15/22 | Address issues regarding appeal, mediation, briefing schedule, budget and impact of Owoc stay/injunction filed in other matters. | D. Janssen | 0.90 |
| 11/15/22 | Review order from clerk (.10); review CA local rules regarding mediation and status/impact of arbitration stay (1.20); prepare mediation status questionnaire (.20); follow-up with local counsel regarding same (.20). | D. Muth | 0.10 |
| 11/15/22 | Review proposed Mediation Statement (.2); review joint motion for relief from stay (.3). | G. Mykulak | 1.00 |
| 11/16/22 | Follow-up on issues relative to mediation for both appeals. | D. Muth | 0.50 |

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Appeal - Orange Bang Litigation                  Invoice Number: 6584248
Q & B Matter Number: 173151.00085              Page: 5

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 11/16/22 | Finalize and coordinate filing of mediation questionnaire. | N. Mitchell | 0.60 |
| 11/19/22 | Coordinate procedural issues for appeal. | D. Muth | 0.40 |
| 11/19/22 | Review potential issues for 9th Circuit to consider in appeal. | D. Muth | 1.00 |
| 11/21/22 | Review Bankruptcy affidavit that summarizes proceedings and review 9th Circuit appellate docket. | G. Mykulak | 0.50 |
| 11/21/22 | Prepare outline of key issues for appeal; follow-up with client regarding same. | D. Muth | 0.50 |
| 11/21/22 | Calls regarding Orange Bang appeal issues, strategy and budget. | D. Janssen | 1.30 |
| 11/22/22 | Continued review of trial transcripts in preparation for appeal. | D. Muth | 5.40 |
| 11/22/22 | Review both versions of award. | D. Janssen | 1.30 |
| 11/28/22 | Review filings by Monster and other creditors in the Bankruptcy proceedings (.5); review order of the 9th Circuit staying briefing (.1). | G. Mykulak | 1.00 |
| 11/29/22 | Review order staying brief on appeal (.1); follow-up with Gregg Metzger regarding same (.1). | D. Muth | 0.20 |
| 11/30/22 | Phone conference with Gregg Metzger to discuss appeal issues. | D. Muth | 0.80 |
| 11/30/22 | Follow-up on key substantive arguments for appeal. | D. Muth | 0.70 |
| 12/01/22 | Review emails regarding continued stay of OB appeal in light of lifting of stay in False Advertising matter. | S. McIntosh | 0.10 |
| 12/05/22 | Review Bill of Costs. | G. Mykulak | 0.10 |
| 12/15/22 | Evaluate and advise on effect of automatic stay on OBI appeal and royalty issue. | C. Combest | 0.40 |
| 12/20/22 | Coordinate issues relative to pursuing appeal and options to expedite appeal. | D. Muth | 0.70 |
| 12/22/22 | Follow up on timing issues for appeal (.3); consider substantive arguments for appeal brief (.8). | D. Muth | 1.10 |
| 12/23/22 | Review and consider key evidence/fact issues for appeal. | D. Muth | 2.10 |
| 12/27/22 | Conference call with D. Hurtes regarding review and production databases maintained by Legility and possible options for storage during appeal and bankruptcy stay to potentially save money while also preserving necessary evidence and exhibits. | J. Wilbert | 0.40 |
| 12/27/22 | Review database list provided by D. Hurtes, considering overlapping needs of shared databases for VPX records from Orange Bang databases, and determine which databases may be placed in offline storage. | J. Wilbert | 1.30 |

Vital Pharmaceuticals, Inc.

March 20, 2023

RE: Appeal - Orange Bang Litigation

Invoice Number: 6584248

Q & B Matter Number: 173151.00085

Page: 6

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/28/22 | Review recent special counsel applications and analyze issues arising from same regarding work on OBI appeal (0.9); confer with Q&B team regarding same (0.3). | C. Combest | 1.20 |
| 12/28/22 | Review notices of hearing on appellate counsel applications. | G. Mykulak | 0.40 |
| 12/29/22 | Participate in video conference with G. Metzger and G. Eckhouse regarding BANG trademark registrations, license between JHO and VPX and possibility of selling or transferring VPX's rights in the use of the BANG trademarks. | J. Wilbert | 0.50 |
| 12/29/22 | Review arbitration decision in preparation for meeting with G. Metzger and G. Eckhouse to discuss VPX's rights in BANG trademark registrations and the possible ability to transfer such rights. | J. Wilbert | 0.30 |
| 12/29/22 | Exchange e-mails with G. Metzger and G. Eckhouse regarding discussion of BANG trademark registrations. | J. Wilbert | 0.10 |
| 01/03/23 | Review proposed escrow terms to evaluate whether they fully protect VPX. | D. Janssen | 0.40 |
| 01/04/23 | Review key issues relative to potential royalty payment escrow and provide advice regarding same. | D. Muth | 0.60 |
| 01/05/23 | Follow-up on standard and outline issues to address appeal. [L500]. | D. Muth | 1.70 |
| 01/05/23 | Begin annotation and issue coding of arbitration hearing transcript for use in appeal. | D. Janssen | 2.50 |
| 01/06/23 | Develop and apply issues codes to October 5 and 6 testimony and exhibits. | D. Janssen | 5.50 |
| 01/09/23 | Continue to develop and apply issues codes to arbitration evidentiary hearing transcript. | D. Janssen | 4.10 |
| 01/11/23 | Create ShareFile link of all hearing transcripts and provide same to counsel. | M. Kupsik | 0.30 |
| 01/11/23 | Develop and apply issues codes to hearing testimony of October 7 and 8. | D. Janssen | 3.30 |
| 01/12/23 | Continue to develop and apply issue codes to hearing transcript and exhibits. | D. Janssen | 1.60 |
| 01/13/23 | Review case authorities where AAA award overturned due to fraud. | D. Muth | 0.40 |
| 01/16/23 | Address timing and tactics for expedited timing of appeal, and options available in Ninth Circuit for expedited treatment. | D. Janssen | 0.50 |
| 01/17/23 | Strategy analysis as to options under procedural and local rules to expedite appeal briefing schedule; oral argument and decision. | D. Muth | 0.50 |

Vital Pharmaceuticals, Inc.
RE: Appeal - Orange Bang Litigation
Q & B Matter Number: 173151.00085

March 20, 2023
Invoice Number: 6584248
Page: 7

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/19/23 | Begin preparation of exhibits admitted at trial for transfer to Latham & Watkins and draft summary index of admitted exhibits. | J. Vidal Schumm | 1.70 |
| 01/20/23 | Continue and finalize preparation of exhibits admitted at trial for transfer to transfer to Latham & Watkins and draft summary index of admitted exhibits. | J. Vidal Schumm | 4.30 |
| 01/25/23 | Review recent US SC decision involving equal treatment/prejudice in the arbitration context. | D. Muth | 0.40 |
| 01/25/23 | Revise brief in support of motion for new trial. | D. Muth | 4.90 |
| 01/26/23 | Review timing and consolidation issues if appeal were to remain subject to automatic stay terms. | D. Muth | 0.20 |
| 01/27/23 | Review and advise on Rule 2004 Notices of Examination of Owoc family members and affiliated companies. | G. Mykulak | 0.20 |
| 02/03/23 | Review earlier briefing and decision regarding arbitrability, as well as authority cited in decision (2.1); begin working on section of appeal brief addressing Fischer errors made in arbitrability ruling (2.3). | D. Janssen | 4.40 |
| 02/06/23 | Review notice of withdrawal by counsel to Mr. Owoc L104 (.1); exchange emails with Mr. Muth; Mr. Mitchell and Mr. Combest and calls with Mr. Mitchell and Mr. Beilfuss w/r to same (.3) L105. | G. Mykulak | 0.40 |
| 02/07/23 | Prepare action items for expedited appeal (.60); review current briefing (1.90); consider key issues for appeal (1.20). | D. Muth | 3.70 |
| 02/08/23 | Review Supplemental Objection and Faulkner Affidavit w/r to Special Counsel appointment. | G. Mykulak | 0.60 |
| 02/10/23 | Review confidentiality provisions of settlement agreement (.2); and analyze same (.2). | P. Proctor-Brown | 0.40 |
| 02/20/23 | Review Declaratory Judgment complaint filed by debtors. | G. Mykulak | 0.50 |

Vital Pharmaceuticals, Inc.  
RE: Appeal - Orange Bang Litigation  
Q & B Matter Number: 173151.00085  

March 20, 2023  
Invoice Number: 6584248  
Page: 8  

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 28.30 | $495.00 | $14,008.50 |
| David P. Muth | 54.60 | $495.00 | $27,027.00 |
| Margaret J Kupsik | 0.30 | $275.00 | $82.50 |
| Johanna M. Wilbert | 2.80 | $495.00 | $1,386.00 |
| Jennifer M. Vidal Schumm | 6.00 | $275.00 | $1,650.00 |
| Patrick J. Proctor-Brown | 0.40 | $395.00 | $158.00 |
| Scott A. McIntosh | 2.90 | $495.00 | $1,435.50 |
| Jonathan P. Labukas | 1.70 | $495.00 | $841.50 |
| Lauren C. Bolcar | 3.20 | $395.00 | $1,264.00 |
| George W. Mykulak | 10.10 | $495.00 | $4,999.50 |
| Nolan J. Mitchell | 11.10 | $495.00 | $5,494.50 |
| Robert P. Harris | 2.20 | $495.00 | $1,089.00 |
| Christopher Combest | 1.60 | $495.00 | $792.00 |
| Nicole M. Murray | 0.50 | $495.00 | $247.50 |
| Michael W. Carwin | 0.50 | $395.00 | $197.50 |
| **TOTAL** | **126.20** | | **$60,673.00** |

**Total Fees:**   $60,673.00

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/11/22 | Review request for matter summaries (0.1); provide summary and deadlines regarding items related to Pepsi, Cease and Desist letter, and coolers (0.3); exchange additional emails regarding summaries (0.1). | S. McIntosh | 0.50 |
| 10/11/22 | Draft template EDA for ██████████ (.6); confer about status of relationship with B&K distributing (.2). | P. Proctor-Brown | 0.80 |
| 10/11/22 | Attend to issues surrounding distribution contracting with ██████████ | A. Beilfuss | 0.40 |
| 10/12/22 | Follow up on EDA with ██████████ (.3); follow up on final EDA with ██████████ (.4); confer about status of negotiations with Colorado distributing and next steps (.3). | P. Proctor-Brown | 1.00 |
| 10/13/22 | Review additional correspondence and revisions from counsel for ██████████ and confer about same (1.9); confer with ██████████ about draft EDA and call related to same (.9). | P. Proctor-Brown | 2.80 |
| 10/14/22 | Follow up on EDA with ██████████ (1.1); review prior drafts with ██████████ in Oregon and draft new EDA based on current template (1.1). | P. Proctor-Brown | 2.20 |
| 10/17/22 | Confer about relationship with B&K distributing in Colorado and next steps related to negotiations with Colorado distributors (1.6); confer about final agreement with ██████████ (.4); confer about additional Washington subdistributors and next steps related to same (.3). | P. Proctor-Brown | 2.30 |
| 10/18/22 | Confer about negotiations with Oregon distributors and next steps. | P. Proctor-Brown | 0.10 |
| 10/19/22 | Revise ██████ contract to account for key terms in accordance with client objectives necessary to resolve remaining issues. | Z. Eastburn | 2.70 |
| 10/19/22 | Evaluate status of negotiations with Oregon and Colorado distributors and next steps (.6); resend EDA to ██████████ (.2). | P. Proctor-Brown | 0.80 |
| 10/19/22 | Communications related to request from Gene B to assist with distribution contracting. | A. Beilfuss | 0.50 |
| 10/20/22 | Follow up and finalize EDA with ██████████ | P. Proctor-Brown | 0.80 |
| 10/21/22 | Confer about final agreement with ██████████ | P. Proctor-Brown | 0.20 |
| 10/24/22 | Revise draft contracts to account for key terms in accordance with client objectives necessary to resolve remaining issues for ██████████ (1.0), ██████████ (1.0), ██████████ (1.7), and ██████████ (2.2). | Z. Eastburn | 5.90 |
| 10/24/22 | Review and confer about revisions from ██████████ | P. Proctor-Brown | 0.70 |

Vital Pharmaceuticals, Inc.                                                      March 20, 2023
RE: General Corporate Advice                                          Invoice Number: 6584239
Q & B Matter Number: 173151.00001                                    Page: 3

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/25/22 | Review revisions and status of negotiations with ████████████ | P. Proctor-Brown | 0.30 |
| 10/26/22 | Review status of negotiations with Oregon distributors. | P. Proctor-Brown | 0.10 |
| 10/27/22 | Revise contracts to account for key terms in accordance with client objectives necesary to resolve remaining issues for █████ (2.6) and █████ █████ (1.2). | Z. Eastburn | 3.80 |
| 10/27/22 | Meet with █████████████ and negotiate EDA for majority of State of Colorado (1.3); draft and revise EDA for ████████████ (.5); review EDAs regarding Oregon and Washington distributors (.9). | P. Proctor-Brown | 2.70 |
| 10/28/22 | Review edits proposed by LDF (1.7); revise draft LDF agreement, consistent with VPX objectives (1.4). | Z. Eastburn | 3.10 |
| 10/28/22 | Edit and revise EDAs for █████████ and ████████ distributorships in Louisiana. | P. Proctor-Brown | 0.60 |
| 10/31/22 | Review correspondence about Oregon distributor. | P. Proctor-Brown | 0.10 |
| 10/31/22 | Align with Nathan Russell and Gene Bukovi over ████████████ and next steps (1.1); identify key legal issues for VPX in-house to assess (1); prepare analysis regarding the same (.7). | Z. Eastburn | 2.80 |
| 11/01/22 | Confer about draft contract with ██████████ (.3); draft distribution agreement with ███████████ (.4). | P. Proctor-Brown | 0.70 |
| 11/02/22 | Confer about status of negotiations with distributors in Oregon. | P. Proctor-Brown | 0.40 |
| 11/03/22 | Revise █████ contract to align with VPX legal objectives and recommendations. | Z. Eastburn | 1.50 |
| 11/04/22 | Draft analysis of contract sticking points to resolve prior to sending contract back to █████ for its review. | Z. Eastburn | 1.00 |
| 11/07/22 | Review and prepare briefing materials relating to injunction motions and other post-trial matters. | P. Proctor-Brown | 2.20 |
| 11/10/22 | Align with █████ prncipal and counsel over the draft and their myriad revisions to key terms (1.1); revise contract to account for the agreements reaced via telephonic conference (1.2). | Z. Eastburn | 2.30 |
| 11/10/22 | Attend to issues related to ability to negotiate with Virginia distribution group. | A. Beilfuss | 0.50 |
| 11/11/22 | Draft ████████████ contract (1.2); communicate with █████ counsel over █████ contract (.2). | Z. Eastburn | 1.40 |
| 11/11/22 | Ingest daily trial transcripts to Case Builder for use in post-trial briefing. | P. Proctor-Brown | 1.70 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 4

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 11/13/22 | Review and issue code trial transcript to aid in post-verdict briefing. | P. Proctor-Brown | 0.30 |
| 11/13/22 | Review issues related to ███████ international distribution agreements and related documents (1.4); Call with Zach E regarding issues (.4). | A. Beilfuss | 1.80 |
| 11/14/22 | Prepare for and conduct call with clients regarding issues and potential breach and response regarding distribution agreements(1.7); Draft email to clients summarizing needed next steps and follow up communications related to the same (.9). | A. Beilfuss | 2.60 |
| 11/14/22 | Strategize with Gene Bukovi and Steve Kriz over ███████ contract and its place in overall Oklahoma strategy (.6); review draft ███████ agreement to account for the same (.5). | Z. Eastburn | 1.10 |
| 11/17/22 | Revise ███████ draft agreement (.7); align with Gene Bukovi and Steve kriz over latest distributor asks for ███████ EDA (.4). | Z. Eastburn | 1.10 |
| 11/17/22 | Review and respond to Manjit's questions regarding distribution and Licensing. | A. Beilfuss | 0.40 |
| 11/18/22 | Review database to obtain information requested by G. Metzger. | P. Proctor-Brown | 0.40 |
| 11/18/22 | Revise ███████ EDA to account for VPX's objectives and distributor's demands. | Z. Eastburn | 0.50 |
| 11/21/22 | Send email to G. Metzger regarding provision of copies of arbitration briefs to Unsecured Creditors Committee. | S. McIntosh | 0.20 |
| 11/27/22 | Attention to scope of review for ███████ distribution agreement. | M. Zivitz | 0.30 |
| 12/01/22 | Confer with Mr. Gene Bukovi and Mr. Nathan Russell about ███████ and revisions to draft agreement (1.1); edit and revise draft agreement with ███████ (1.1). | P. Proctor-Brown | 2.20 |
| 12/02/22 | Confer with Mr. Gene Bukovi about distribution agreements with ███████ and Virginia distributors (.4); confer with ███████ about distribution agreement (.2); update draft distribution agreement with Virginia distributors (.9); confer with counsel for Virginia distributors (.3). | P. Proctor-Brown | 1.80 |
| 12/03/22 | Confer with counsel for Virginia distributors (.2); update and finalize execution version for ███████ (.4). | P. Proctor-Brown | 0.60 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 5

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/05/22 | Confer with counsel for Virginia distributors (.5); revise and finalize agreement with ▮▮▮▮ (.6); draft distribution agreements for remaining Virginia distributors (1.7); confer with representatives of remaining Virginia distributors (.3); confer with Mr. Gene Bukovi about requested revisions from ▮▮▮▮ (.4). | P. Proctor-Brown | 3.50 |
| 12/06/22 | Revise ▮▮▮▮ draft contract to align with latest VPX business objectives. | Z. Eastburn | 1.70 |
| 12/06/22 | Follow up with ▮▮▮▮ (.5); draft amendment to ▮▮▮▮ agreement and confer about same (1.1); review and consider next steps related to negotiation of international distribution agreement (.9); review and revise draft agreement with ▮▮▮▮ (.7); confer with Mr. Gene Bukovi about negotiations with distributors (.3). | P. Proctor-Brown | 3.30 |
| 12/07/22 | Review correspondence and contracts with B&K distributors and draft mutual termination agreement of distribution agreements (2.3); follow up on distribution agreements with remaining Virginia distributors (.5); follow up on draft amendment for ▮▮▮▮ (.2); confer with Mr. Gregg Metzger about draft mutual termination agreement (.2); confer with intellectual property counsel about international distribution agreement (.3). | P. Proctor-Brown | 3.90 |
| 12/08/22 | Review ▮▮▮▮ distribution agreement (Mexico) (1.0); attention to need for local Mexican counsel and related matters (.4). | M. Zivitz | 1.40 |
| 12/08/22 | Confer with ▮▮▮▮ distributing about draft agreement (.9); review draft agreement and begin revising same (.5); confer with intellectual property counsel about international distribution agreement (.5); edit and finalize agreement with ▮▮▮▮ (1.1); confer with ▮▮▮▮ about revisions (.2); confer with Mr. Gene Bukovi and Mr. Nathan Russell about Virginia distribution agreements (.4). | P. Proctor-Brown | 4.10 |
| 12/08/22 | Prepare for call regarding Mexican distribution agreement matters (1.2); Conduct call related to strategy and local law issues with Mexican ▮▮▮▮ issues (1.0). | A. Beilfuss | 2.20 |
| 12/09/22 | Attention to scope of review for ▮▮▮▮ distribution agreement. | M. Zivitz | 0.30 |
| 12/09/22 | Review draft agreement from ▮▮▮▮ and confer about same (.3); review mutual termination agreement with B&K and confer about same (.8). | P. Proctor-Brown | 1.10 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 6

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/12/22 | Review and suggest revisions related draft international distribution agreement (1.8); confer about next steps and local counsel for international distribution agreement (.6); confer with intellectual property counsel about international distribution agreement (.4); confer with Mr. James Paul about international distribution agreement (.4); coordinate local counsel related to international distribution agreement (.6); follow up on draft agreements with ▉▉▉▉ (.3); confer with Mr. Gene Bukovi about status of negotiations (.4). | P. Proctor-Brown | 4.50 |
| 12/12/22 | Meeting with VPX and attention to ▉▉▉ exclusive distribution agreement form and modifications. | M. Zivitz | 1.60 |
| 12/13/22 | Attention to parties to ▉▉▉ distribution agreement. | M. Zivitz | 0.20 |
| 12/13/22 | Review and finalize distribution agreement with ▉▉▉▉ (.9); confer with intellectual property counsel about draft international distribution agreement (.6); review and revise international distribution agreement (.8); confer with Mr. James Paul about international distribution agreement (.2); confer with Ms. Alejandra Torrez about draft international distribution agreement (.3). | P. Proctor-Brown | 2.80 |
| 12/14/22 | Review Mexico distribution agreement trademark and termination terms in light of Orange Bang arbitration order. | N. Murray | 0.90 |
| 12/14/22 | Confer with ▉▉▉▉▉ (.2); confer with Mr. Gene Bukovi and Ms. Yaylin Duran about executed distribution agreements (.3). | P. Proctor-Brown | 0.50 |
| 12/15/22 | Review and analyze Orange Bang Final Arbitration award and confer with N. Murray and P. Proctor-Brown regarding implications of arbitrator's permanent injunction on use of the Bang mark on ▉▉▉ distribution agreement terms. | L. Bolcar | 0.90 |
| 12/15/22 | Confer regarding ▉▉▉ revisions to distribution agreement and suggest revisions in light of scope of Orange Bang injunction order. | N. Murray | 0.30 |
| 12/15/22 | Attention to VPX/▉▉▉ trademark provisions. | M. Zivitz | 0.30 |
| 12/15/22 | Confer about business goals related to draft international distribution agreement (.9); review and revise draft agreement following discussion (.3). | P. Proctor-Brown | 1.20 |
| 12/16/22 | Reviewing and analyzing approach and issues relating to program in Mexico and reviewing Mexico scope of franchise laws for application to same. | D. Beyer | 1.50 |
| 12/16/22 | Reviewing draft agreement provided by Martin Zivitz requested by client on distribution in Mexico. | D. Beyer | 1.00 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 7

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/16/22 | Confer with Mr. Gene Bukovi about distribution agreement negotiations. | P. Proctor-Brown | 0.30 |
| 12/19/22 | Review draft agreement with ███████ distributing (.5); summarize revisions to draft agreement with ███████ (.3); confer with Mr. Gene Bukoi, Mr. Steve Kelly, and Mr. Tony Anselmo about agreement with ███████ (.5); confer with counsel for ███████ (.2); confer with Mr. Gene Bukovi and Ms. Yaylin Duran about ███████ (.2); review and consider next steps related to ███████ | P. Proctor-Brown | 1.90 |
| 12/20/22 | Confer with Mr. Evan Beard and Mr. Nathan Russell about distribution agreement with ███████ (.2); confer with Ms. Alejandra Toriz about negotiations related to international distribution agreement (.2); review background information related to potential dispute with ███████ (.4); review final termination agreement from ███████ (.2); confer with Mr. Gene Bukovi, Mr. Steve Kelly, and Mr. Gregg Metzger about final agreement with ███████ (.2); review revisions to international distribution agreement (.9). | P. Proctor-Brown | 2.10 |
| 12/20/22 | Strategize regarding ███████ and next steps. | Z. Eastburn | 0.60 |
| 12/21/22 | Attention to changes/issues with ███████ agreement. | M. Zivitz | 0.20 |
| 12/21/22 | Confer with Mr. Gene Bukoi, Mr. Steve Kelly, and Mr. Tony Anselmo about agreement with ███████ (.7); confer with Mr. Jeffrey Reiter and Mr. Gene Bukovi about potential dispute and negotiation with ███████ (1.2); review and revise international distribution agreement (2.1); summarize key points in international distribution agreement (.4); confer with Mr. Andy Beilfuss, Mr. Martin Zivitz, Mr. David Beyer, and Mr. Chris Combest about revisions to international distribution agreement (1.2); confer with Mr. Gene Bukovi, Ms. Alejandra Toriz, about revisions to international distribution agreement (.3); confer with Mr. Gregg Metzger, and Mr. James Paul about retention of local counsel (.2). | P. Proctor-Brown | 6.10 |
| 12/21/22 | Continued attention to Mexican Distribution negotiations. | A. Beilfuss | 0.70 |
| 12/22/22 | Follow up with Mr. Jeffrey Reiter about communications with ███████ (.1); follow up with Ms. Alejandra Toriz about scheduling (.1). | P. Proctor-Brown | 0.10 |

Vital Pharmaceuticals, Inc.                     March 20, 2023
RE: General Corporate Advice                    Invoice Number: 6584239
Q & B Matter Number: 173151.00001               Page: 8

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/23/22 | Prepare for call with Mr. Gene Bukovi and Ms. Alejandra Toriz about international distribution agreement (.3); teleconference with Mr. Gene Bukovi, Ms. Alejandra Toriz, and Mr. Gregg Metzger about international distribution agreement (1.0); summarize call and next steps (.4); revise international distribution agreement in line with call (.9); review disclosure materials (.4); confer with Mr. Jorge Mondragon about local distribution counsel assignment (.2); summarize changes and notes to revisions (.4). | P. Proctor-Brown | 3.60 |
| 12/26/22 | Confer with Mr. Jeffrey Reiter and Mr. Gene Bukovi about ████████████ (.1); confer with Mr. Gideon Eckhouse about intellectual property licenses related to international distribution agreement (.2). | P. Proctor-Brown | 0.30 |
| 12/27/22 | Confer with Mr. Gregg Metzger and Mr. Gene Bukovi about representative distributor agreements (.7); confer with Mr. Gideon Eckhouse about disclosure materials and trademarks related to international distribution agreement (.5); confer with Mr. Gene Bukovi, Mr. Jeffrey Reiter, and Ms. Yaylin Duran about next steps in relation to ████████████ (.5). | P. Proctor-Brown | 1.70 |
| 12/28/22 | Confer with Mr. Jeffrey Reiter about meeting and next steps in relation to ████████ (.5); review contract with ████████ (.2); review and summarize disclosure materials related to international distribution agreement (.3); revise international distribution agreement in light of disclosure materials (.5); confer with Mr. Gideon Eckhouse about trademarks related to international distribution agreement (.2). | P. Proctor-Brown | 1.70 |
| 12/29/22 | Confer with Mr. Jeffrey Reiter about ████████ ████ (.2); review additional correspondence about trademarks related to international distribution agreement (.2); revise international distribution agreement (.3); confer about international distribution agreement with Mr. Gene Bukovi, Ms. Alejandra Toriz, and Mr. Gregg Metzger (.1). | P. Proctor-Brown | 0.80 |
| 12/30/22 | Review additional information about ████████ (.2); review contract with ████████ (.3); confer with Mr. Jeffrey Reiter about ████████ (.3). | P. Proctor-Brown | 0.80 |
| 01/02/23 | Draft notice to ████████ (.7); review draft email to ████████ (.2); confer with Mr. Jeffrey Reiter about next steps in relation to ████████ (.2). | P. Proctor-Brown | 1.10 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 9

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/03/23 | Follow up on letter to ███████ with Mr. Gene Bukovi and Mr. Jeff Reiter (.3); review and edit letter (.2); draft amendment to agreement with ████████████████████ (.8); review agreement with ████████████ (.2); confer with Mr. Gene Bukovi, Mr. Gregg Metzger, and Ms. Yaylin Duran about amendment to agreement with █████████ (.2). | P. Proctor-Brown | 1.50 |
| 01/04/23 | Confer with Mr. Jeffrey Reiter about next steps in relation to ████████. | P. Proctor-Brown | 0.40 |
| 01/05/23 | Confer with Mr. Jeffrey Reiter about meeting with ███████ (.1); confer with Mr. Sean Moore and Mr. Gene Bukovi about agreement with ██████ (.5). | P. Proctor-Brown | 0.60 |
| 01/06/23 | Review correspondence and documentation related to territory for ███████ (.4); confer with Mr. Gene Bukovi and Ms. Yaylin Duran about territory (.5); confer with Mr. Sean Moore and Mr. Mike Stokes about territory (.2); revise and finalize agreement for ███████ (.8); confer with Mr. Gene Bukovi, Mr. Steve Kelly, and Mr. Tony Anselmo about agreement with ████████ (.2). | P. Proctor-Brown | 2.10 |
| 01/06/23 | Attention to status of distribution agreements. | M. Zivitz | 0.20 |
| 01/07/23 | Confer about and transmit execution version of distribution agreement with █████. | P. Proctor-Brown | 0.20 |
| 01/10/23 | Review correspondence regarding ████████ ██████. | A. Beilfuss | 0.20 |
| 01/10/23 | Follow up on distribution agreement with █████ (.1); review and finalize amendment with ███████████ (.5); confer about local counsel for international distribution agreement with Mr. Gregg Metzger and Mr. James Paul (.2); confer with Mr. Brian Bedesem about amendment to █████ ███████ agreement (.2). | P. Proctor-Brown | 1.00 |
| 01/11/23 | Review correspondence about international distribution agreement (.1); revise cover letter and notes related to revisions to international distribution agreement (.2); confer about scheduling (.1). | P. Proctor-Brown | 0.40 |
| 01/12/23 | Attention to status of and issues relating to finalizing █████ distribution agreement. | M. Zivitz | 1.00 |
| 01/12/23 | Confer about additional legacy distribution agreements with Mr. Nate Oesch and Ms. Yaylin Duran (.3); review correspondence from ███████ (.5); confer with Mr. Gene Bukovi, Mr. Steve Kelly, and Mr. Tony Anselmo about response to ███████ (.5). | P. Proctor-Brown | 1.30 |
| 01/13/23 | Attend to request from Latham regarding information in pending litigation on case files and decisions. | A. Beilfuss | 0.70 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 10

| Date | Description | Professional | Hours |
|---|---|---|---|
| 01/13/23 | Begin drafting amendments to Florida distribution agreements. | P. Proctor-Brown | 0.40 |
| 01/13/23 | Confer with Mr. Jeffrey Reiter about negotiations related to distributor agreements in Michigan. | P. Proctor-Brown | 0.20 |
| 01/15/23 | Review final agreement executed by Standard Sales and send for execution by VPX (.2); review and summarize proposed revisions by ▓▓▓▓▓▓ (.5); draft notice of termination for ▓▓▓▓ (.6); draft amendment to distribution agreement for ▓▓▓▓ (.5); draft amendment for ▓▓▓▓ (.5). | P. Proctor-Brown | 2.30 |
| 01/16/23 | Confer with Mr. Gene Bukovi, Ms. Alejandra Toriz, Mr. Gregg Metzger, and Mr. James Paul about status of negotiations with international distributor and next steps (.6); follow up on cover email related to international distribution agreement (.1); follow up on retention of local counsel for international distribution agreement (.1); confer with Mr. Gene Bukovi and Mr. Evan Beard about amendments to Florida distribution agreements (.1). | P. Proctor-Brown | 0.90 |
| 01/17/23 | Attend to issues related to tomorrow's mediation and settlement conference (.5); Prepare for and conduct late evening call with VPX BK counsel (.8); Attend to requests from Hugh Murtagh (LW) for information (.4). | A. Beilfuss | 1.70 |
| 01/19/23 | Review social media and prepare advice for members of the board. | D. Janssen | 0.40 |
| 01/19/23 | Revise draft distribution agreement for ▓▓▓▓ (.8); draft amendment for ▓▓▓▓ (.5); draft amendment for ▓▓▓▓ (.5). | P. Proctor-Brown | 1.80 |
| 01/20/23 | Draft summary of potential disclosure of confidential distribution agreements (.2) and confer with Mr. Gregg Metzger about same (.2); confer with Ms. Alejandra Toriz and Mr. James Paul about international distribution agreement (.2); review co-packer agreement (.3). | P. Proctor-Brown | 0.90 |
| 01/20/23 | Prepare for and provide guidance to board in lengthy call involving multiple oversight issues and litigation status. | D. Janssen | 2.50 |
| 01/23/23 | Review correspondence about additional amendments (.2); review final agreements and consider draft amendments (.6). | P. Proctor-Brown | 0.80 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 11

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/24/23 | Confer with Mr. Brett Hayes about draft amendment with ▓▓▓▓▓ (.3); review distribution agreement with ▓▓▓▓▓▓▓▓ (.4); review distribution agreement and history of negotiations for ▓▓▓▓▓▓ (.6); draft amendment for ▓▓▓▓▓▓▓ (.7); draft amendment for ▓▓▓▓ (.7). | P. Proctor-Brown | 2.70 |
| 01/25/23 | Confer with Ms. Yaylin Duran about amendments to distribution agreement for ▓▓▓▓▓ (.3); review amendments to ▓▓▓▓▓ agreement (.2); confer with Mr. Jon Lamar about territory for ▓▓▓▓▓ (.2); draft and revise amendment for distribution agreement with ▓▓▓▓▓ (1.0); confer with Mr. Steve Kelly about request for assignment from ▓▓▓▓▓ (.2). | P. Proctor-Brown | 1.90 |
| 01/26/23 | Attend to VPX vendor payment issues. | A. Beilfuss | 0.20 |
| 01/26/23 | Review previous correspondence about request for assignment from ▓▓▓▓ (.3); confer with Mr. Steve Kelly, Mr. Gene Bukovi, and Mr. Tony Anselmo about request for assignment from Tanager (.5); confer with Ms. Yaylin Duran about amendments (.1); revise draft amendment for ▓▓ ▓▓▓▓ (.4). | P. Proctor-Brown | 1.30 |
| 01/27/23 | Confer with Mr. Gene Bukovi, Mr. Steve Kelly, and Mr. Tony Anselmo about status of response to ▓▓▓▓ request for assignment and next steps (.8); confer with Mr. Gene Bukovi, Mr. Steve Kelly, and Mr. Tony Anselmo about new agreement for non-exclusive authorized distributors (.4); review correspondence and contract provisions related to ▓▓▓▓ request for assignment (.4); confer with Mr. Gene Bukovi and Mr. Brett Hayes about status of agreement and next steps with ▓▓▓▓ (.5); review agreement and correspondence related to ▓▓▓▓ (.4); confer with Mr. Evan Beard about status of agreement and next steps related to ▓▓▓▓ (.2); confer with Ms. Yaylin Duran about status of correspondence with ▓▓▓ (.2); draft distribution agreement with ▓▓▓▓ (.4); summarize key terms and next steps (.3). | P. Proctor-Brown | 3.50 |
| 01/30/23 | Confer with Mr. Evan Beard and Mr. Gregg Metzger about draft agreement with ▓▓▓▓ (.3); revise and finalize draft agreement with ▓▓▓▓ (.4). | P. Proctor-Brown | 0.70 |
| 01/30/23 | Draft authorized distributor agreement (1.4); research potential statutory restrictions on termination in Oregon (.8). | P. Proctor-Brown | 2.20 |
| 01/30/23 | Review summary of requested authorized distributor agreements from Tony Anselmo (.3). | P. Proctor-Brown | 0.30 |

Vital Pharmaceuticals, Inc.                                          March 20, 2023
RE: General Corporate Advice                                         Invoice Number: 6584239
Q & B Matter Number: 173151.00001                                    Page: 12

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/31/23 | Review draft agreement for authorized distributor (.8); continue research related to statutory protections for distribution in Oregon (.9); confer with Mr. Andy Beilfuss about revisions to authorized distributor agreement (.2); confer with Mr. Tony Anselmo about authorized distributor agreement (.2). | P. Proctor-Brown | 2.10 |
| 01/31/23 | Review correspondence and spreadsheets related to expansion of distribution for Meltdown (.3); review existing distribution agreements (.2); draft amendments to add Meltdown to distribution (.6). | P. Proctor-Brown | 1.10 |
| 01/31/23 | Review distribution agreement and mark the same (.8); Call with Patrick PB regarding needed changes (.6); Return review of changes (.6). | A. Beilfuss | 2.00 |
| 02/01/23 | Continued attention to distribution agreement modifications (.5); Draft cover email to client (.5); Follow up call with Patrick PB (.1). | A. Beilfuss | 1.10 |
| 02/01/23 | Revise authorized distributor agreement (.9) and research statutory law related to franchise restrictions in Oregon related to same (.7); summarize authorized distributor agreement for Mr. Gene Bukovi, Mr. Tony Anselmo (.3) and confer about same (.2). | P. Proctor-Brown | 2.10 |
| 02/02/23 | Prepare for and participate in call with the board of directors. | D. Janssen | 0.80 |
| 02/02/23 | Review correspondence from distributor (.2) and confer about same with Mr. Gene Bukovi (.2). | P. Proctor-Brown | 0.40 |
| 02/03/23 | Confer with distributor about potential amendment to distributor agreement. | P. Proctor-Brown | 0.30 |
| 02/06/23 | Consider correspondence about amendment to products for distribution network (.5) and confer about same with Mr. Gene Bukovi and Ms. Yaylin Duran (.3); review and comment on questions related to distributor agreements in Michigan (.9); confer with Kansas distributor and Mr. Gene Bukovi about amendment to distributor agreement (.9). | P. Proctor-Brown | 2.60 |
| 02/07/23 | Draft amendment for Kansas distributor (.9) and confer about same (.2); review correspondence from Michigan distributor (.5) and confer with Mr. Jeff Reiter about same (.6); revise authorized distributor agreement (.4); draft cease and desist to Michigan distributor (2.0). | P. Proctor-Brown | 4.40 |

Vital Pharmaceuticals, Inc.                                      March 20, 2023
RE: General Corporate Advice                                     Invoice Number: 6584239
Q & B Matter Number: 173151.00001                                Page: 13

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/08/23 | Update, finalize and send cease and desist letter (.9); draft template amendments to add products to distributor agreements (1.5) and confer about same (.2); draft authorized distributor agreements for two distributors (.9) and confer with Mr. Tony Anselmo about same (.5); confer about revisions to amendment to Kansas distributor agreement (.4). | P. Proctor-Brown | 4.40 |
| 02/09/23 | Prepare for Special Counsel Appointment hearing (1.2); Attend Special Counsel hearing (1.5). | A. Beilfuss | 2.70 |
| 02/09/23 | Review correspondence from Texas distributor (.3) and summarize analysis of same (.4); review and process signed agreements from Oregon distributors (.5); draft amendment and mutual release of claims for Missouri distributor (1.4) and confer about same (.4); draft notices related to material agreements (2.6) and confer about same (.4). | P. Proctor-Brown | 5.60 |
| 02/10/23 | Review and consider correspondence from Michigan distributor (.5); revise draft for Michigan distributors (1.1) and confer about revisions (.4); draft response letter to Michigan distributor (1.2). | P. Proctor-Brown | 3.20 |
| 02/12/23 | Review correspondence related to distribution contracts. | P. Proctor-Brown | 0.10 |
| 02/13/23 | Review correspondence about distributor contracts (.2); revise amendment for Kansas distributor (.4). | P. Proctor-Brown | 0.60 |
| 02/14/23 | Review correspondence and proposed revisions from Louisiana distributor (.4) and summarize same (.2); confer about draft distribution agreement for Louisiana distributor and next steps related to same (.8); revise draft for Louisiana distributor (.7). | P. Proctor-Brown | 2.10 |
| 02/15/23 | Confer about draft correspondence to Michigan distributor (.4); revise and finalize letter to Michigan distributor (.6); confer with Kansas distributor about revisions to draft amendment (.3); review and confer about evidence of addition breaches by Michigan distributor (.3). | P. Proctor-Brown | 1.60 |
| 02/16/23 | Summarize status and recommendation related to Michigan distributor (.5); confer about additional breaches and next steps (.6); review correspondence related to material agreements (.3) and update recommendation related to same (.3). | P. Proctor-Brown | 1.70 |
| 02/17/23 | Confer about next steps related to Michigan distributor (1.1); review correspondence related to new Michigan distributors (.2) and provide recommendation related to same (.2); draft amendment for Indiana distributor (.6). | P. Proctor-Brown | 2.10 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 14

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/20/23 | Confer about amendments for Indiana distributor with Ms. Yaylin Duran (.1); expedite execution of amendment for Michigan distributor (.2); draft amendment for Texas distributor (.8); confer about next steps with Mr. Dan Palmer related to Louisiana distribution agreement (.4); confer about executed amendment with Michigan distributor (.2). | P. Proctor-Brown | 1.70 |
| 02/21/23 | Review additional evidence of breaches by Michigan distributor (.2) and confer with Mr. Jeffrey Reiter about next steps (.2). | P. Proctor-Brown | 0.40 |
| 02/22/23 | Confer with Mr. Dan Palmer about revisions to draft distribution agreement (.6); revise draft distribution agreement for Louisiana distributor (.5); summarize and request approval for changes (.5); review agreements with Georgia distributor (.5) and confer about same with Mr. Stephen Cohen (.4); review correspondence from Florida distributor about confidentiality provisions (.2) and confer with Mr. Gregg Metzger about same (.2); review additional correspondence about Michigan distributor (.2). | P. Proctor-Brown | 3.10 |
| 02/23/23 | Update draft for Louisiana distributor (.4) and confer about same (.1); review correspondence about Missouri amendment (.2). | P. Proctor-Brown | 0.70 |
| 02/24/23 | Confer with Mr. Gregg Metzger and Mr. Jeffrey Reiter about next steps related to Michigan distributor (.7); draft amendment for Missouri distributor (.8) and summarize recommendation related to same (.2); update amendment for Georgia distributor (.4) and confer with Mr. Stephen Cohen about same (.2). | P. Proctor-Brown | 2.30 |
| 02/27/23 | Finalize amendment for Georgia distributor (.4); confer with bankruptcy counsel and Mr. Gregg Metzger, Mr. Gene Bukovi, and Mr. Jeffrey Reiter about next steps related to Michigan distributor (.7); begin working on revisions to Florida distributor agreement (.2). | P. Proctor-Brown | 1.30 |
| 02/28/23 | Confer with Mr. Jeff Reiter and Mr. Gene Bukovi about next steps related to Michigan distributor (.8); revise restatement and amendment for Georgia distributor (.4); confer about amendment for Louisiana distributor (.2). | P. Proctor-Brown | 1.40 |

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

March 20, 2023
Invoice Number: 6584239
Page: 15

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 3.70 | $495.00 | $1,831.50 |
| Andrew P. Beilfuss | 17.70 | $495.00 | $8,761.50 |
| Patrick J. Proctor-Brown | 143.90 | $395.00 | $56,840.50 |
| Zachary T. Eastburn | 29.50 | $395.00 | $11,652.50 |
| David A. Beyer | 2.50 | $495.00 | $1,237.50 |
| Scott A. McIntosh | 0.70 | $495.00 | $346.50 |
| Lauren C. Bolcar | 0.90 | $395.00 | $355.50 |
| Nicole M. Murray | 1.20 | $495.00 | $594.00 |
| Martin W. Zivitz | 5.50 | $495.00 | $2,722.50 |
| **TOTAL** | **205.60** | | **$84,342.00** |

**Total Fees:**     **$84,342.00**

Vital Pharmaceuticals, Inc.                                        March 20, 2023
RE: General IP Advice                                              Invoice Number: 6584240
Q & B Matter Number: 173151.00002                                  Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/11/22 | Follow up with G. Eckhouse regarding new opposition filed by NCAA. | N. Murray | 0.30 |
| 11/01/22 | Review docket for SUPER FUEL opposition (.1); exchange e-mails with G. Eckhouse regarding strategy for discovery conference and status of matter (.3). | J. Wilbert | 0.40 |
| 11/17/22 | Respond to e-mail from D. Hurtes providing summary of trademark survey expert recommendations for VPX and background on previous issues with retention and rates. | J. Wilbert | 0.30 |
| 02/08/23 | Participate in conference call with D. Hurtes and G. Eckhouse about possible experts and strategy in pending trademark litigation as it relates to possible damage theories. | J. Wilbert | 0.30 |
| 02/09/23 | Draft e-mail to J. Guso, G. Metzger, D. Hurtes and A. Quartarolo regarding status reports in the Sony and UMG copyright matters. | J. Wilbert | 0.20 |
| 02/10/23 | Exchange e-mails with G. Metzger, D. Hurtes, M. Niles, A. Quartarolo, and J. Guso regarding preparation and filing of court ordered status reports in Sony and UMG copyright matters. | J. Wilbert | 0.30 |
| 02/10/23 | Assist in finalizing and filing status update in Sony and UMG copright matters. | J. Wilbert | 0.40 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Johanna M. Wilbert | 1.90 | $495.00 | $940.50 |
| Nicole M. Murray | 0.30 | $495.00 | $148.50 |
| **TOTAL** | **2.20** | | **$1,089.00** |

**Total Fees:**                                   **$1,089.00**

Vital Pharmaceuticals, Inc.
RE: Manta Dealer Termination Process
Q & B Matter Number: 173151.00003

March 20, 2023
Invoice Number: 6584231
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Attention to EDA related emails. | M. Zivitz | 0.20 |
| 10/11/22 | Review EDA related emails. | M. Zivitz | 0.20 |
| 10/12/22 | Attend to EDA related emails. | M. Zivitz | 0.20 |
| 10/13/22 | Monitor EDA related emails. | M. Zivitz | 0.20 |
| 10/17/22 | Attend weekly EDA meeting. | A. Ronchetti | 0.20 |
| 10/17/22 | Review EDA related emails (.1); participate in weekly EDA transition meeting (.3). | M. Zivitz | 0.40 |
| 10/28/22 | Respond and implement changes to Champagne EDA for Dan Palmer on an expedited basis. | M. Zivitz | 0.70 |
| 10/31/22 | Attention to Champagne EDA status (.2); attention to anti-assignment language in form EDAs (.2). | M. Zivitz | 0.40 |
| 11/03/22 | Attention to Geneva Club EDA emails. | M. Zivitz | 0.10 |
| 11/07/22 | Attention to status of Geneva Club rights termination; email to Robert Goode regarding the same. | M. Zivitz | 0.10 |
| 11/16/22 | Receive and brief initial review of Crossmark master services agreement (.9); review changes to Brown Distributing EDA (.7). | M. Zivitz | 1.60 |
| 11/17/22 | Edit and revise EDA for distributor JC Mensore. | N. Oesch | 0.50 |
| 11/17/22 | Attention to VPX EDA related emails. | M. Zivitz | 0.20 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Nathan J. Oesch | 0.50 | $395.00 | $197.50 |
| Alexander C. Ronchetti | 0.20 | $395.00 | $79.00 |
| Martin W. Zivitz | 4.30 | $495.00 | $2,128.50 |
| **TOTAL** | **5.00** | | **$2,405.00** |

**Total Fees:**                $2,405.00

Vital Pharmaceuticals, Inc.                                      March 20, 2023
RE: NoSo Litigation Breach of Contract                           Invoice Number: 6584232
Q & B Matter Number: 173151.00005                                Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Analysis regarding revisions to draft memorandums in support of motions to exclude testimony by Southeast's experts (.5); draft motion to exclude expert testimony, motions to seal, and proposed orders in support of same (4.5). | C. Hundley | 5.00 |
| 10/10/22 | Review and revise motion to exclude Miller testimony. | Z. Foster | 0.60 |
| 10/10/22 | Review and revise Daubert motions. | D. Worthen | 1.20 |
| 10/10/22 | Review and revise brief in support of motion to limit the testimony of NoSo's expert, Robert Miller (2.4); consider means to wrap case in view of pending bankruptcy (.3). | J. Spoerk | 2.70 |
| 10/10/22 | Further review, revise and finalize brief in support of motion to exclude Misty Decker's testimony on damages (2.0); identify and prepare exhibits to attach (1.4). | G. Everts | 3.40 |
| 10/10/22 | Address issues relating to BK, including preparation of deadlines, outlines, and related information. | J. Labukas | 1.00 |
| 10/10/22 | Review correspondence from opposing counsel and confer about same (.5); review and confer about draft suggestions of bankruptcy (.2). | P. Proctor-Brown | 0.70 |
| 10/11/22 | Prepare and finalize Suggestion of Bankruptcy. | J. Agren | 0.30 |
| 10/11/22 | Confer with local counsel regarding filing suggestion of bankruptcy. | Z. Foster | 0.20 |
| 10/11/22 | Coordinate filing and administration of BK issues. | J. Labukas | 0.30 |
| 10/12/22 | Review pending action items and notes and prepare inventory for potential future restart of case. | J. Spoerk | 0.30 |
| 10/12/22 | Attention to case task list for future startup of case. | D. Worthen | 0.20 |
| 10/12/22 | Review canning case summaries and strategy. | J. Labukas | 0.20 |
| 10/18/22 | Review court order granting stay pending conclusion of bankruptcy proceedings. | C. Hundley | 0.10 |
| 12/29/22 | Review Order regarding Stay for deadline regarding status report. | J. Agren | 0.10 |

Vital Pharmaceuticals, Inc.
RE: NoSo Litigation Breach of Contract
Q & B Matter Number: 173151.00005

March 20, 2023
Invoice Number: 6584232
Page: 3

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Jeffrey K. Spoerk | 3.00 | $495.00 | $1,485.00 |
| Patrick J. Proctor-Brown | 0.70 | $395.00 | $276.50 |
| Zachary S. Foster | 0.80 | $495.00 | $396.00 |
| Jonathan P. Labukas | 1.50 | $495.00 | $742.50 |
| David E. Worthen | 1.40 | $495.00 | $693.00 |
| Jordan M. Agren | 0.40 | $275.00 | $110.00 |
| Camilla J. Hundley | 5.10 | $395.00 | $2,014.50 |
| Gregory T. Everts | 3.40 | $495.00 | $1,683.00 |
| **TOTAL** | **16.30** | | **$7,400.50** |

**Total Fees:**                          $7,400.50

Vital Pharmaceuticals, Inc.                                                                  March 20, 2023
RE: Keurig Dr. Pepper, Inc. - Advice on Possible Contract Litigation     Invoice Number: 6584233
Q & B Matter Number: 173151.00014                                           Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Review and designate Rodriguez transcript for confidentiality and errata changes. | Z. Foster | 3.00 |
| 10/10/22 | Prepare for G. Bukovi deposition including review of documents regarding same. | D. Worthen | 5.20 |
| 10/10/22 | Draft and finalize errata and confidentiality designations (.8); email to opposing counsel regarding same (.2). | J. Agren | 1.00 |
| 10/10/22 | Consider plan for wrapping case in view of pending bankruptcy (.3); apprise Mojonnier of status (.1). | J. Spoerk | 0.40 |
| 10/10/22 | Address issues relating to BK, including preparation of deadlines, outlines, and related information. | J. Labukas | 1.80 |
| 10/10/22 | Review Krier and Cold Spring documents in advance of Krier and Cold Spring depositions (3.3); draft and revise  Krier Foods deposition outline (3). | Z. Eastburn | 6.30 |
| 10/10/22 | Review correspondence from opposing counsel and confer regarding draft suggestions of bankruptcy (.6); review claims and consider potential next steps related to scheduled depositions (.2). | P. Proctor-Brown | 0.80 |
| 10/11/22 | Prepare Suggestion of Bankruptcy. | J. Agren | 0.30 |
| 10/11/22 | Confer with local counsel regarding filing suggestion of bankruptcy. | Z. Foster | 0.20 |
| 10/11/22 | Coordinate filing and administration of BK issues (.3); conference with Quarles team regarding same (.5). | J. Labukas | 0.80 |
| 10/11/22 | Review correspondence about deposition scheduling from opposing counsel. | P. Proctor-Brown | 0.10 |
| 10/12/22 | Review pending action items and notes and prepare inventory for potential future restart of case. | J. Spoerk | 0.50 |
| 10/12/22 | Attention to case task list for future startup of case. | D. Worthen | 0.20 |
| 10/12/22 | Review canning case summaries and strategy. | J. Labukas | 0.20 |
| 10/13/22 | Telephone call to opposing counsel regarding same. | J. Labukas | 0.20 |
| 10/13/22 | Review correspondence from opposing counsel about effect of bankruptcy and deposition scheduling. | P. Proctor-Brown | 0.10 |
| 10/17/22 | Emails and analysis of BK issues with opposing counsel and BK counsel. | J. Labukas | 0.60 |
| 10/19/22 | Continued analysis of BK issues and emails to/from opposing counsel and BK counsel regarding same. | J. Labukas | 0.50 |

Vital Pharmaceuticals, Inc.
RE: Keurig Dr. Pepper, Inc. - Advice on Possible Contract Litigation
Q & B Matter Number: 173151.00014

March 20, 2023
Invoice Number: 6584233
Page: 3

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/29/22 | Review Order regarding Stay for deadline regarding status report. | J. Agren | 0.10 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Jeffrey K. Spoerk | 0.90 | $495.00 | $445.50 |
| Patrick J. Proctor-Brown | 1.00 | $395.00 | $395.00 |
| Zachary T. Eastburn | 6.30 | $395.00 | $2,488.50 |
| Zachary S. Foster | 3.20 | $495.00 | $1,584.00 |
| Jonathan P. Labukas | 4.10 | $495.00 | $2,029.50 |
| David E. Worthen | 5.40 | $495.00 | $2,673.00 |
| Jordan M. Agren | 1.40 | $275.00 | $385.00 |
| **TOTAL** | **22.30** | | **$10,000.50** |

**Total Fees:**                         **$10,000.50**

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Dairy Farmers of America, Inc. Dispute                     Invoice Number: 6584234
Q & B Matter Number: 173151.00034                              Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Address issues relating to BK, including preparation of deadlines, outlines, and related information. | J. Labukas | 1.00 |
| 10/11/22 | Prepare and finalize Suggestion of Bankruptcy. | J. Agren | 0.30 |
| 10/11/22 | Confer with local counsel regarding filing suggestion of bankruptcy. | Z. Foster | 0.10 |
| 10/11/22 | Coordinate filing and administration of BK issues (.3); conference with Quarles team regarding same (.5). | J. Labukas | 0.80 |
| 10/12/22 | Attention to case task list for future startup of case. | D. Worthen | 0.20 |
| 10/17/22 | Review/revise email to vendor regarding pending depositions. | J. Labukas | 0.20 |
| 12/29/22 | Review Order regarding Stay for deadline regarding status report. | J. Agren | 0.10 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Zachary S. Foster | 0.10 | $495.00 | $49.50 |
| Jonathan P. Labukas | 2.00 | $495.00 | $990.00 |
| David E. Worthen | 0.20 | $495.00 | $99.00 |
| Jordan M. Agren | 0.40 | $275.00 | $110.00 |
| **TOTAL** | **2.70** | | **$1,248.50** |

**Total Fees:**                                               **$1,248.50**

Vital Pharmaceuticals, Inc.
RE: SRO TM Infringement
Q & B Matter Number: 173151.00043

March 20, 2023
Invoice Number: 6584242
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/11/22 | Consider settlement offer from opposing counsel. | J. Wilbert | 0.20 |
| 10/12/22 | Review e-mail from arbitrator regarding VPX bankruptcy and stay of pending deadlines (.2); draft e-mail to G. Metzger and D. Hurtes providing e-mail from arbitrator and requesting guidance on next steps on Ignite's settlement offer (.1). | J. Wilbert | 0.30 |
| 10/13/22 | Strategize regarding appropriate response to opposing counsel and arbitrator in light of bankruptcy (.4); confer with opposing counsel regarding status (.5); prepare communications with arbitrator regarding status (.4). | J. Remington | 1.30 |
| 10/17/22 | Review status of bankruptcy matter (.2); prepare updates for opposing counsel (.2). | J. Remington | 0.40 |
| 10/19/22 | Prepare update on litigation for internal team (.3); review deadlines in connection with same (.2). | J. Remington | 0.50 |
| 11/02/22 | Review notice of bankruptcy and communications from the AAA arbitration concerning same (.3); prepare communications with opposing counsel regarding status (.2). | J. Remington | 0.50 |
| 12/06/22 | Review communications from opposing counsel, arbitrator, and arbitration association (.4); strategize regarding response and status of restrictions (.6). | J. Remington | 1.00 |
| 12/09/22 | Conference call with A. Quartarolo regarding update requested by arbitrator and settlement offer from Ingite's counsel. | J. Wilbert | 0.10 |
| 01/04/23 | Review communications from arbitrator and opposing counsel. | J. Remington | 0.50 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Johanna M. Wilbert | 0.60 | $495.00 | $297.00 |
| John R. Remington | 4.20 | $495.00 | $2,079.00 |
| **TOTAL** | **4.80** | | **$2,376.00** |

**Total Fees:**　　$2,376.00

Vital Pharmaceuticals, Inc.
RE: The House of LaRose - Defense of Distributor Termination Litigation
Q & B Matter Number: 173151.00047

March 20, 2023
Invoice Number: 6584243
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/12/22 | Review local rules for filing suggestion of bankruptcy (.2); modify suggestion of bankruptcy for the same (.2); finalize for filing in both district and appellate courts (.2). | S. VanBerg | 0.50 |
| 11/08/22 | Draft status report pursuant to USDC Appeal's order. | R. Wilt | 0.20 |
| 11/08/22 | Review order from 11th Cir. regarding status update; correspond about the same. | S. VanBerg | 0.30 |
| 11/08/22 | Correspond regarding completion of status update to the 11th Circuit regarding bankruptcy action. | S. VanBerg | 0.20 |
| 11/08/22 | Email regarding BK issues. | J. Labukas | 0.10 |
| 11/09/22 | Correspond with bankruptcy counsel regarding update to court. | S. VanBerg | 0.10 |
| 11/11/22 | Correspond with bankruptcy counsel regarding status update. | S. VanBerg | 0.10 |
| 11/13/22 | Draft and revise update to 11th Circuit. | S. VanBerg | 0.20 |
| 11/14/22 | Correspond with client regarding status update. | S. VanBerg | 0.10 |
| 11/15/22 | Revise status report to the appellate court (.1); prepare request to Clerk for filing and service of report (.2). | R. Wilt | 0.30 |
| 11/15/22 | Finalize status update and direct on filing of the same. | S. VanBerg | 0.10 |
| 12/14/22 | Communicate with Attorneys Duchemin and Foster regarding status report due to the 11th Court of Appeals. | R. Wilt | 0.10 |
| 12/15/22 | Finalize status report to the USCA 11th Circuit (.1); prepare request to Clerk for filing and service of same (.2). | R. Wilt | 0.30 |
| 01/10/23 | Email to bankruptcy counsel with request for update for mandatory 11th circuit status report. | M. Duchemin | 0.10 |
| 01/18/23 | Finalize status report to the Court (.1); prepare request to Clerk for filing and service of report (.1). | R. Wilt | 0.20 |
| 01/18/23 | Email to and from bankruptcy counsel regarding status report to the 11th Circuit (.1); arrange for filing of status report (.1). | M. Duchemin | 0.20 |
| 02/08/23 | Follow-up regarding status report due to 11th Circuit Court of Appeals on February 15th. | R. Wilt | 0.10 |
| 02/14/23 | Finalize status report to 11th Circuit Court of Appeals (.2); prepare request to Clerk for filing and service of status report (.3). | R. Wilt | 0.50 |

Vital Pharmaceuticals, Inc.                                          March 20, 2023
RE: The House of LaRose - Defense of Distributor Termination Litigation    Invoice Number: 6584243
Q & B Matter Number: 173151.00047                                    Page: 3

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Matthew J. Duchemin | 0.30 | $495.00 | $148.50 |
| Rebecca S. Wilt | 1.70 | $275.00 | $467.50 |
| Jonathan P. Labukas | 0.10 | $495.00 | $49.50 |
| Sydney E. VanBerg | 1.60 | $395.00 | $632.00 |
| **TOTAL** | **3.70** | | **$1,297.50** |

**Total Fees:**                                        $1,297.50

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Premier - Defense of Distributor Termination Litigation    Invoice Number: 6584235
Q & B Matter Number: 173151.00048                              Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/17/22 | Email from and to client regarding basis for settlement amount. | M. Duchemin | 0.40 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Matthew J. Duchemin | 0.40 | $495.00 | $198.00 |
| **TOTAL** | **0.40** | | **$198.00** |

**Total Fees:**                    **$198.00**

Vital Pharmaceuticals, Inc.
RE: UMG Copyright Infringement
Q & B Matter Number: 173151.00055

March 20, 2023
Invoice Number: 6584246
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Review outstanding items for trial prep and prep to turn over. | S. Manion | 0.80 |
| 10/10/22 | Confer regarding strategy for trial preparation and status of negotiating stipulations. | C. Hundley | 0.10 |
| 10/11/22 | Prepare suggestion of bankruptcy (.2); finalize e-file suggestion of bankruptcy (.3). | D. Topping | 0.50 |
| 10/11/22 | Confer regarding status of individual and corporate claims. | C. Hundley | 0.20 |
| 10/12/22 | Review order staying case due to bankruptcy and outline next steps. | J. Kohn | 0.10 |
| 12/11/22 | Draft e-mail to G. Metzger, D. Hurtes, A. Sorkin, A. Quartarolo, and J. Guso regarding upcoming deadline to trial court to provide status of bankruptcy. | J. Wilbert | 0.20 |
| 12/11/22 | Draft template of status report and circulate to A. Sorkin, A. Quartarolo, J. Guso, G. Metzger, and D. Hurtes. | J. Wilbert | 0.20 |
| 12/12/22 | Continue preparing status report (.1). | D. Topping | 0.10 |
| 12/12/22 | Finalize and coordinate filing of court-ordered report on status of bankruptcy. | J. Kohn | 0.10 |
| 12/12/22 | Assist in finalizing and filing with court required status update on bankruptcy proceeding. | J. Wilbert | 0.20 |
| 02/10/23 | Prepare and file status report. | D. Topping | 0.50 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Johanna M. Wilbert | 0.60 | $495.00 | $297.00 |
| Shauna D. Manion | 0.80 | $395.00 | $316.00 |
| Camilla J. Hundley | 0.30 | $395.00 | $118.50 |
| Joseph T. Kohn | 0.20 | $495.00 | $99.00 |
| Debra Topping | 1.10 | $275.00 | $302.50 |
| **TOTAL** | **3.00** | | **$1,133.00** |

**Total Fees:**                    $1,133.00

Vital Pharmaceuticals, Inc.

March 20, 2023

RE: Sony Copyright Infringement

Invoice Number: 6584247

Q & B Matter Number: 173151.00056

Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/11/22 | Prepare suggestion of bankruptcy (.2); finalize and e-file suggestion of bankruptcy (.3). | D. Topping | 0.50 |
| 10/11/22 | Evaluate effect of suggestions of bankruptcy in preparstion for call with Sony counsel. | K. Long | 1.00 |
| 10/11/22 | Confer by phone With Sony Counsel regarding filing of suggestion of bankruptcy. | K. Long | 0.30 |
| 10/11/22 | Review bankruptcy docket and form Suggestion of Bankruptcy and prepare same for filing today. | J. Kohn | 0.10 |
| 10/12/22 | Review order staying case due to bankruptcy and outline next steps. | J. Kohn | 0.10 |
| 10/13/22 | Receipt, download and review of order on bankruptcy stay into matter file and note follow-up items for same (.2), receipt, review and organization of report on filing determination - order on stay into matter file (.1). | D. Topping | 0.30 |
| 10/18/22 | Respond to e-mail from D. Hurtes providing recommendations for response to questions from VPX marketing department about influencer Q. Park videos and use of music lyrics and royalty free music. | J. Wilbert | 0.20 |
| 12/11/22 | Draft template of status report and circulate to A. Sorkin, A. Quartarolo, J. Guso, G. Metzger, and D. Hurtes. | J. Wilbert | 0.20 |
| 12/12/22 | Continue preparing status report (.1); e-file status report (.2). | D. Topping | 0.30 |
| 12/12/22 | Finalize and coordinate filing of court-ordered report on status of bankruptcy. | J. Kohn | 0.10 |
| 12/12/22 | Assist in finalizing and filing with court required status update on bankruptcy. | J. Wilbert | 0.30 |
| 02/10/23 | Finalize status report (.1); e-file status report (.3). | D. Topping | 0.40 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Kevin M. Long | 1.30 | $495.00 | $643.50 |
| Johanna M. Wilbert | 0.70 | $495.00 | $346.50 |
| Joseph T. Kohn | 0.30 | $495.00 | $148.50 |
| Debra Topping | 1.50 | $275.00 | $412.50 |
| **TOTAL** | **3.80** | | **$1,551.00** |

**Total Fees:**                    **$1,551.00**

Vital Pharmaceuticals, Inc.
RE: OPP - BANGIN'
Q & B Matter Number: 173151.00071

March 20, 2023
Invoice Number: 6584236
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Confer regarding rebuttal notice of reliance. | N. Murray | 0.20 |
| 10/10/22 | Draft rebuttal disclosures. | N. Oesch | 0.60 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Nathan J. Oesch | 0.60 | $395.00 | $237.00 |
| Nicole M. Murray | 0.20 | $495.00 | $99.00 |
| **TOTAL** | **0.80** | | **$336.00** |

**Total Fees:**                     $336.00

Vital Pharmaceuticals, Inc.
RE: OPP - BANG!  POP!  FIZZ!
Q & B Matter Number: 173151.00072

March 20, 2023
Invoice Number: 6584237
Page: 2

| Date | Description | Professional | Hours |
|---|---|---|---|
| 10/11/22 | Review opposition status and outstanding deadlines. | N. Murray | 0.20 |
| 10/11/22 | Create discovery and production log. | M. Flanigan | 0.30 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Meighan M. Flanigan | 0.30 | $275.00 | $82.50 |
| Nicole M. Murray | 0.20 | $495.00 | $99.00 |
| **TOTAL** | **0.50** | | **$181.50** |

**Total Fees:** **$181.50**

Vital Pharmaceuticals, Inc.
RE: OPP - SUPER FUEL
Q & B Matter Number: 173151.00077

March 20, 2023
Invoice Number: 6584238
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/11/22 | Review case status regarding counterclaims against JHO and possible impact of bankruptcy filing on ability to suspend proceedings due to JHO's position as plaintiff in opposition. | N. Murray | 0.30 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Nicole M. Murray | 0.30 | $495.00 | $148.50 |
| **TOTAL** | **0.30** | | **$148.50** |

**Total Fees:**  $148.50

Vital Pharmaceuticals, Inc.
RE: Chapter 11 Bankruptcy
Q & B Matter Number: 173151.00087

March 20, 2023
Invoice Number: 6584249
Page: 2

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 10/10/22 | Analysis of effect of automatic stay on previously noticed depositions of debtor. | C. Combest | 0.20 |
| 10/11/22 | Prepare email to team regarding information needed from them on each case made for comprehensive list of active matters report to client and bankruptcy counsel. | A. Beilfuss | 0.70 |
| 10/18/22 | Call with Vital and BK counsel regarding retention as special counsel. | A. Beilfuss | 0.80 |
| 10/18/22 | Compile and format list of pending litigation, court information, pending dates, and counterclaims (3.1) Communications related to litigation lists and final format needed for bankruptcy (.9); Continued supplementation of litigation lists following numerous communications with attorneys involved in matters (.9); Prepare for and discuss issues related to new RE lawsuits (.9). | A. Beilfuss | 5.80 |
| 10/24/22 | Communications with VPX and bankruptcy counsel regarding needed direction on client requests for legal assistance. | A. Beilfuss | 0.60 |
| 10/26/22 | Prepare for, and calls with, Bankruptcy team regarding special counsel assignments and next steps. | D. Janssen | 1.50 |
| 11/01/22 | Call with Gregg Metzger regarding special counsel retention (.2); analysis for declaration regarding post and pre-petition amounts owed (.8). | A. Beilfuss | 1.00 |
| 11/01/22 | Call with G. Metzger regarding special counsel issues (.4); calls with BK counsel regarding special counsel issues (1.3). | A. Beilfuss | 1.70 |
| 11/09/22 | Call with Gregg Metzger regarding retention and budget. | A. Beilfuss | 0.30 |
| 11/16/22 | Numerous emails with VPX and bankruptcy counsel regarding distribution work requests made by client. | A. Beilfuss | 0.60 |
| 11/19/22 | Work on special counsel retention issues. | J. Harris | 1.40 |
| 11/20/22 | Analysis of tasks related to retention as special counsel (0.5); revisions to special counsel retention papers (0.4); confer with J. Harris regarding same (0.2). | C. Combest | 1.10 |
| 11/20/22 | Review and edit declaration in support of special counsel engagement. | A. Beilfuss | 1.20 |

Vital Pharmaceuticals, Inc.                                      March 20, 2023
RE: Chapter 11 Bankruptcy                                        Invoice Number: 6584249
Q & B Matter Number: 173151.00087                                Page: 3

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 11/21/22 | Revise draft application for retention of Q&B as special counsel (3.2); revision to draft 2014 declaration of A. Beilfuss in support of same (0.3); review debtors' schedules regarding claims of Q&B (0.4); review draft engagement letter for description of matters within scope of representation (0.6); exchange multiple of e-mails with Quarles team regarding scope of representation and issues to be addressed (0.9). | C. Combest | 5.40 |
| 11/21/22 | Multiple e-mails regarding special counsel retention and related matters. | J. Harris | 1.20 |
| 11/21/22 | Attend to prepetition fee application amounts and accounting for the same (1.6); Modify special counsel applications with updated fee amounts (.4); Attend to list of outstanding requests for legal assistance to include with application filings (.6); Attend to additional exhibits for application and revisions to filings (.8). | A. Beilfuss | 3.40 |
| 11/22/22 | Draft and revise memorandum to entire Quarles team regarding time-keeping as special counsel to Debtors (1.4); review multiple e-mails regarding status and next steps in various matters for special counsel retention (1.3); evaluate revisions needed to application for special counsel retention (0.4). | C. Combest | 3.10 |
| 11/22/22 | Follow-up on pending matters re post-petition special counsel engagement. | J. Harris | 0.70 |
| 11/22/22 | Correspondence with client and bankruptcy counsel regarding application and scope of representation issues. | A. Beilfuss | 0.80 |
| 11/23/22 | Prepare for and conduct call with Vital external bankruptcy counsel regarding retention. | A. Beilfuss | 1.20 |
| 11/23/22 | Review application materials and prep for all hands call with Debtor and counsel regarding special counsel retention (1.0);  all hands call with Debtor and Debtors' counsel regarding special counsel retention (1.0); follow-up on revisions to and additional points that need to be covered by retention materials in light of all hands call (1.5). | J. Harris | 3.50 |
| 11/23/22 | Revise application to retain Q&B as special counsel (2.5); revise declaration in support thereof, including detailed notes regarding information still needed (2.3); review information in filed papers for expanding application and declaration (.6). | C. Combest | 5.40 |

Vital Pharmaceuticals, Inc.                                        March 20, 2023
RE: Chapter 11 Bankruptcy                                          Invoice Number: 6584249
Q & B Matter Number: 173151.00087                                  Page: 4

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 11/28/22 | Revise special counsel retention application to account for revised engagement letter and conflict check information (2.7); revise Beilfuss declaration regarding same (0.2); review conflict check results for application and for Beilfuss declaration (0.8); confer with Andrew Beilfuss regarding his declaration (0.4); confer with John O'Neal, firm GC, regarding engagement terms and conflict check information (0.7). | C. Combest | 4.80 |
| 11/29/22 | Prepare detailed revisions of application for special counsel retention (1.2) and of declaration in support (3.4); work through multiple queries and issues regarding declaration with A. Beilfuss (0.6); review information regarding Q&B prepetition claim (0.3); prepare revisions to engagement letter to account for bankruptcy context of engagement (0.8); review updated conflict check information to incorporate into declaration (0.3). | C. Combest | 7.00 |
| 11/30/22 | Review information and records regarding prepetition claim for inclusion in declaration in support of special counsel retention (0.5); confer with A. Beilfuss regarding same (0.3); further revisions to declaration and application (0.3); confer with John O'Neal , firm GC, regarding application content and disclosures (0.2). | C. Combest | 1.30 |
| 11/30/22 | Work through recent communications regarding and attention to open issues re special counsel retention. | J. Harris | 1.00 |
| 12/01/22 | Successive revisions of Application to employ Q&B as special counsel (1.6); successive revisions of declaration of A. Beilfuss in support thereof (1.7); confer with Q&B VPX lawyers for revisions to same (1.3); special review of supplemental conflict checks (0.4); confer with conflicts counsel regarding supplemental conflict checks (0.4). | C. Combest | 5.40 |
| 12/01/22 | Detailed review of and revisions to Q&B special counsel retention application and supporting declaration, addressing remaining open points (2.5); prep for and calls with VPX team regarding revised application and declaration and related matters (1.3). | J. Harris | 3.80 |
| 12/01/22 | Prepare substantiation of AFA and pre-petition amount (.4); Review and respond to filings and finalization of the same (.6); Prepare documents supporting fee application (4.5). | A. Beilfuss | 5.50 |
| 12/02/22 | Further revisions to declaration (1.3) and application (0.2) to be retained as special counsel; review of supplemental conflict check results (0.5); review and provide analysis of issues related to retention and joint representations (0.4). | C. Combest | 2.40 |

Vital Pharmaceuticals, Inc.                                      March 20, 2023
RE: Chapter 11 Bankruptcy                                        Invoice Number: 6584249
Q & B Matter Number: 173151.00087                                Page: 5

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/03/22 | Review and final edits of special counsel motion and declaration in support of the same. | A. Beilfuss | 1.10 |
| 12/04/22 | Review multiple comments to retention papers and respond regarding same. | C. Combest | 0.50 |
| 12/07/22 | Review and revise form of order on special counsel application for Quarles & Brady (1.1); revise declaration in support of application (0.5); identify remaining tasks for completing retention papers (0.4). | C. Combest | 1.80 |
| 12/09/22 | Review engagement agreement, joint representation letter, and retention filings for any issues prior to filing (1.2); revise retention papers (1.2). | C. Combest | 2.40 |
| 12/09/22 | Attention to and follow-up re remaining issues re special counsel retention pleadings. | J. Harris | 1.00 |
| 12/11/22 | Further revisions to application, declaration, and order for retention of Q&B as special counsel (1.2); identify outstanding tasks to finalize and file retention papers (0.5); coordinate with bankruptcy counsel, local counsel, and VPX regarding same (1.1). | C. Combest | 2.80 |
| 12/12/22 | Coordinate with VPX and local counsel on finalizing exhibits to special counsel application and filing of same. | C. Combest | 0.30 |
| 12/13/22 | Review amended order on interim compensation for compliance with same as special counsel (0.4); evaluate further tasks needed to comply with requirements of order and bankruptcy rules (0.3). | C. Combest | 0.70 |
| 12/13/22 | Finalize exhibits to retention application for filing (0.2); assemble information for pro hac vice admission (0.1). | C. Combest | 0.30 |
| 12/14/22 | Review filed retention application (0.1) consider strategy for hearing (0.1). | C. Combest | 0.20 |
| 12/16/22 | Research e-mail folders and accounting information to respond to committee's request for information on payments during 90 days prepetition (1.0); confer with A. Beilfuss and J. O'Neal regarding response to inquiry (0.5); determine objection deadline for special counsel application and protocols for pro hac vice admission (0.1). | C. Combest | 1.60 |
| 12/18/22 | Coordinate response to creditors' committee request for documents regarding prepetition engagement of Q&B. | C. Combest | 0.20 |

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Chapter 11 Bankruptcy                                      Invoice Number: 6584249
Q & B Matter Number: 173151.00087                              Page: 6

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 12/27/22 | Review and summarize for special counsel team certain recent docket entries, including: motion to approve streamlined settlement terms for certain litigation claims (0.4) and order denying Monster et al. motion for appointment of second creditors' committee (0.3). | C. Combest | 0.70 |
| 01/05/23 | Phone call with Latham regarding retention hearing and budget issues (.6); Gather and send requested information (.6). | A. Beilfuss | 1.20 |
| 01/06/23 | Call with Amy Quartolo of Latham regarding retention application, including as to fees incurred to date and likely work and fees for first quarter 2023 (0.2); coordinate with Q&B team and Latham regarding same and input needed from various counsel (1.2); prepare for responses to Committee's issues regarding retention (0.4). | C. Combest | 1.80 |
| 01/09/23 | Coordinate with Andrew Beilfuss and Dan Janssen regarding appearance at hearing on Quarles retention application. | C. Combest | 0.20 |
| 01/10/23 | Review docket for recent filings (0.1); analysis regarding retention applications for additional litigation counsel (0.2). | C. Combest | 0.30 |
| 01/12/23 | Evaluate new and developing issues regarding Q&B retention application. | J. Harris | 1.20 |
| 01/13/23 | Review and provide initial responses to Committee comments to Q&B retention application. | C. Combest | 0.80 |
| 01/13/23 | Review, gather information requested, and respond to request from Latham Watkins regarding information on AFA fees, retainers, and engagement letters for special counsel retention. | A. Beilfuss | 0.80 |
| 01/14/23 | Continue work on responding to Committee comments and inquires in connection with Quarles retention application. | C. Combest | 1.40 |
| 01/14/23 | Evaluate effect on litigation of DIP order and related transaction milestones. | C. Combest | 0.50 |
| 01/15/23 | Draft and revise responses to Amy Quartarolo (Latham) to Committee's comments and inquiries regarding Quarles retention application, including preparing detailed e-mail for fees estimated for first quarter of 2023 (1.3); prepare for 1-19 hearing on retention application (0.3). | C. Combest | 1.60 |
| 01/15/23 | Review proposed bankruptcy subpoena (.2) L104; exchange emails with Mr. Muth and Mr. Mitchell w/r to same and status of Q&B application (.3) L105. | G. Mykulak | 0.50 |

Vital Pharmaceuticals, Inc.                                    March 20, 2023
RE: Chapter 11 Bankruptcy                                      Invoice Number: 6584249
Q & B Matter Number: 173151.00087                              Page: 7

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/17/23 | Review and evaluate latest informal comments from Committee regarding Q&B retention application (1.0); review formal written objection of Committee to retention application (0.5); evaluate and prepare responses to same (1.6); call with Latham counsel regarding 1/19 hearing and responses to Committee objection (0.5); coordinate with Quarles team regarding Committee call (0.6). | C. Combest | 4.20 |
| 01/17/23 | Voluminous emails related to requests of committee regarding retention application (2.0); Prepare email response to information requests (.6); Attend to budget issues (.5). | A. Beilfuss | 3.10 |
| 01/18/23 | Prepare for and conduct call with UCC (.9); Follow up calls and emails regarding hearing and potential hearing prep (.6); Emails with VPX BK counsel and client regarding hearing cancelation (.4); Call with LW regarding information requests and follow up on action items discussed (.7); Continued attention to UCC requests made during the conference call (.8). | A. Beilfuss | 3.40 |
| 01/18/23 | Prepare for and attend call with Committee and Debtors' counsel regarding resolution of Committee issues with Q&B retention application (1.3); follow up with Debtors' counsel and Q&B team regarding resolutions of open issues (0.4). | C. Combest | 1.70 |
| 01/23/23 | Attend to requests for information from Jordi regarding requests of Creditors Committee. | A. Beilfuss | 0.60 |
| 01/24/23 | Attend to information requested by the UCC. | A. Beilfuss | 0.40 |
| 01/25/23 | Prepare for hearing on retention application, including review of Committee correspondence to Board (1.0); conferences (3) with Latham and/or Berger regarding response and approach to hearing (1.2); review and evaluate responses to supplemental correspondence from Committee regarding retention application (0.4); review revised order on retention (0.3). | C. Combest | 2.90 |
| 01/25/23 | Call with Vital BK counsel regarding hearing. | A. Beilfuss | 0.90 |
| 01/26/23 | Follow up communications on issues related to hearing and final negotiations on scope of order. | A. Beilfuss | 0.70 |
| 01/26/23 | Attend hearing on Special counsel matters. | A. Beilfuss | 0.50 |
| 01/26/23 | Multiple calls regarding today's hearing and discussions with the creditors commitee. | A. Beilfuss | 2.30 |
| 01/26/23 | Evaluate responses to further comments from Committee on retention order (0.5); work with Jordi Guso on response to same (0.8). | C. Combest | 1.30 |

Vital Pharmaceuticals, Inc.                                March 20, 2023
RE: Chapter 11 Bankruptcy                                  Invoice Number: 6584249
Q & B Matter Number: 173151.00087                          Page: 8

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 01/30/23 | Call with Jordi Guso regarding retention order, litigation strategy, approach 2/9 retention hearing and Committee comments to order (1.1); follow up with Mr. Guso regarding order (0.2). | C. Combest | 1.30 |
| 01/31/23 | Review and analysis of recent filings for litigation team, as to effect on special counsel work. | C. Combest | 0.50 |
| 02/02/23 | Initial work on interim fee application. | C. Combest | 0.20 |
| 02/03/23 | Review draft order on Quarles retention (0.2); communicate with Jordi Guso regarding requested revision to same (0.3). | C. Combest | 0.50 |
| 02/07/23 | Call and e-mails with Jordi Guso regarding retention order, Committee's position, and February 9 hearing (0.7); prepare for and attend call with Jordana Renert (Committee counsel) and Amy Quartolo regarding retention order (1.0); confer and prepare regarding hearing with Mr. Guso and Andrew Beilfuss (declarant in support of Q&B application) (0.5). | C. Combest | 2.20 |
| 02/08/23 | Attend to multiple questions and issues related to tomorrow's hearing (.5); Conduct VPX special counsel call (.5). | A. Beilfuss | 1.20 |
| 02/08/23 | Analysis of Committee's supplemental objections to Q&B retention application (0.4); e-mail to Jordi Guso regarding same (0.2). | C. Combest | 0.60 |
| 02/09/23 | Prepare for and attend hearing on retention application (1.0); review and revise draft order prepared by Berger Singerman (0.4); e-mail to Jordi Guso regarding same (0.2). | C. Combest | 1.60 |
| 02/13/23 | Review docket for recent filings regarding 2004 examinations, in connection with effect on non-bankruptcy litigation. | C. Combest | 0.10 |
| 02/15/23 | Evaluate moving forward on retention responsibilities regarding W&G Wisconsin appeal (0.2); work on interim fee application (0.2). | C. Combest | 0.40 |
| 02/16/23 | Follow up on retention order with Jordi Guso. | C. Combest | 0.20 |
| 02/21/23 | Follow-up with Jordo Guso regarding 2-23 hearing on retention and competing orders submitted by Committee and Debtor (0.1); prepare for hearing (0.2). | C. Combest | 0.40 |
| 02/22/23 | Prepare presentation for 2-23 hearing on competing retention orders submitted by Debtors/Quarles and Committee. | C. Combest | 1.80 |
| 02/23/23 | Prepare presentation for continued hearing on retention application and form of order. | C. Combest | 2.00 |
| 02/24/23 | Draft proposed revision to retention order following 2-23 hearing (1.1); consider response to Committee's proposed order (0.7); confer with Jordi Guso regarding response and next steps (0.5). | C. Combest | 2.30 |

Vital Pharmaceuticals, Inc.
RE: Chapter 11 Bankruptcy
Q & B Matter Number: 173151.00087

March 20, 2023
Invoice Number: 6584249
Page: 9

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 02/27/23 | Confer with Jordi Guso regarding entry of order on retention application (0.2); prepare for meet-and-confer with Committee counsel regarding same (0.2). | C. Combest | 0.40 |
| 02/28/23 | Work on drafting first interim fee application (2.0); exchange messages with Jordi Guso regarding competing retention orders (Committee position) (0.2). | C. Combest | 2.20 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Daniel M. Janssen | 1.50 | $495.00 | $742.50 |
| Andrew P. Beilfuss | 39.80 | $495.00 | $19,701.00 |
| George W. Mykulak | 0.50 | $495.00 | $247.50 |
| John A. Harris | 13.80 | $495.00 | $6,831.00 |
| Christopher Combest | 81.00 | $495.00 | $40,095.00 |
| **TOTAL** | **136.60** | | **$67,617.00** |

**Total Fees:**                    $67,617.00