UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

    Debtors.[1]

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**DEBTORS' RESPONSE TO SUPPLEMENT TO THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION TO EXTEND PRODUCTION DEADLINES SET FORTH IN AGREED ORDER REGARDING EXPEDITED MOTION TO COMPEL**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors") have not previously inserted themselves into the ongoing discovery disputes between the Official Committee of Unsecured Creditors (the "Committee") and the Owocs, most recently as set forth in connection with the Owocs' *Motion to Extend Production Deadlines Set Forth in Agreed Order Regarding Expedited Motion to Compel* [Docket No. 1164] and the Committee's objection thereto [Docket No. 1189]. However, for the first time last night in a supplemental filing [Docket No. 1246] ("Supplemental Filing") filed in connection with these discovery issues concerning the

---

[1]     The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12100523-1

Owocs, the Committee purported to request separate affirmative relief not previously the subject of any motion filed with the Court. Their procedurally improper request should be denied.[2]

Specifically, on page 3 of the Supplemental Filing, the Committee inserts a new request to compel the deposition of the Debtors' Vice President of Finance, Sury Rodriguez, in connection with a Rule 2004 notice filed on the docket less than 12 hours earlier [Docket No. 1230] ("Rodriguez 2004 Notice"). The Rodriguez 2004 Notice, filed on April 24, 2023, demands a deposition on May 1, 2023 – just 7 days later. Such notice is plainly inadequate under Local Rule 2004-1, which contemplates 14-days' notice absent agreement of the parties or order of the court. Moreover, as the Committee was advised before it filed the Rodriguez 2004 Notice for a date unilaterally selected by the Committee, May 1 does not work for the witness or counsel to the Debtors. Despite their representation in the Supplemental Filing, the Committee made no attempt to "explore alternative dates" prior to filing the Rodriguez 2004 Notice. The Debtors have since advised the Committee that Ms. Rodriguez is available on May 9, 2023, subject to availability of her personal counsel, whom she is in the process of retaining.

It is entirely unclear why the Committee believes there is any justification for Ms. Rodriguez's deposition (or any other deposition) to proceed on shortened notice. Ms. Rodriguez has already made herself available to the Committee for an informal interview. And to the extent the Committee nevertheless wishes to proceed with taking her deposition, there is no apparent urgency. The Committee points to a May 11 sale objection deadline, but the Debtors have already confirmed with the Committee – consistent with their statements to the Court last week regarding the overall sale process timeline – that date is not an operative objection deadline.

---

[2] The Debtors raised the issues set forth in this Response with the Committee shortly after the Supplemental Filing and attempted to address them informally, but the Committee indicated that it nevertheless intends to raise the issues addressed herein with the Court at the April 25 hearing.

2

12100523-1

But perhaps most fundamentally, the Committee's request should be denied because it is raised in a supplemental filing submitted the night before a hearing on a motion that doesn't have anything to do with Ms. Rodriguez or her deposition. The Debtors have facilitated and will continue to facilitate the Committee's access to discovery in connection with its investigative efforts. But, respectfully, the Committee has no basis in connection with a discovery motion concerning the Owocs to demand that the Court issue an order compelling a deposition of Ms. Rodriguez.

Including because the Committee's current request as to Ms. Rodriguez is procedurally improper, the Debtors respectfully request that it be denied without prejudice to being raised if the Committee is unable to obtain Ms. Rodriguez's deposition on or about May 9, 2023.

| | |
|---|---|
| Dated: April 25, 2023<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 906-1200<br>Email:  george.davis@lw.com<br>          tj.li@lw.com<br>          brian.rosen@lw.com<br>          jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone:  (305) 755-9500<br>Email:  jguso@bergersingerman.com<br>          mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

4

12100523-1