UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                                                           Chapter 11

VITAL PHARMACEUTICALS, INC., et al.,                      Case No.  22-17842-PDR

        Debtors.
_____/

**ACAR LEASING LTD., INC. D/B/A GM FINANCIAL LEASING'S
RESPONSE IN OPPOSITION TO DEBTOR'S SIXTH MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE REJECTION
OF AN EXECUTORY CONTRACT WITH ACAR LEASING LTD.,
INC. D/B/A GM FINANCIAL LEASING EFFECTIVE AS OF MARCH 29, 2023**

      Creditor, ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing ("GM Financial Leasing"), by and through its undersigned counsel, files its Response in Opposition to the *Debtors' Sixth Motion for Entry of an Order Authorizing the Rejection of an Executory Contract with Acar Leasing LTD., Inc. d/b/a GM Financial Leasing Effective as of March 29, 2023* (ECF No. 1069) (the "Motion") filed by Vital Pharmaceuticals, Inc. ("Debtor"), and states as follows:

      1.      On November 29, 2021, Vital entered into a Closed End Motor Vehicle Lease (the "Lease") with Ed Morse Cadillac Sawgrass, for the lease of a 2022 Cadillac Escalade bearing Vehicle Identification Number 1GYS3MKL9NR124893 (the "Vehicle").  The Lease contains an assignment provision whereby Ed Morse Cadillac Sawgrass assigned all of its rights, title and interests in the Lease and Vehicle to GM Financial Leasing. GM Financial is the registered owner of the Vehicle.

      2.      Under the terms of the Lease, Vital agreed to pay GM Financial Leasing $2,392.88 each month for 36 months beginning on November 29, 2021, and continuing on the first day of each month thereafter (each, a "Monthly Payment").

3.      Pursuant to the terms of that certain *Agreed Order Granting, In Part, Acar Leasing LTD., Inc. d/b/a GM Financial Leasing's Motion for Relief from the Automatic Stay [ECF No. 369]* (ECF No. 536) ("Order"), Debtor agreed to continue paying the Monthly Payment during the case "until further order of the Court." Order, ¶ 2.

4.      Through its Motion, Debtor seeks to reject the Lease because it has represented that the Vehicle utilized by its recently-terminated President, Mr. Owoc, and the Debtor no longer needs the Vehicle. The Debtor seeks the relief requested effective as of March 29, 2023—the same date the Debtor filed its Motion. However, the Debtor has not provided any justification or authority for granting what is in essence *nunc pro tunc* relief that takes effect prior to entry of a court order.

5.      When determining whether to approve the rejection of a lease retroactive to an earlier date, "courts generally focus on whether the parties have facilitated or hindered the prompt return of the leased [property] to the [lessor]." *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070 (9th Cir. 2004). A debtor's actions need to demonstrate that they aim to further the purpose of section 365(d) of the Bankruptcy Code—the prompt rejection of the lease and the return of the leased property to the lessor's possession. *See id.* at 1070-71; *see also In re Donghia, Inc.*, No. 20-30487 (JJT), 2020 Bankr. LEXIS 1254, at *9-10 (Bankr. D. Conn. May 12, 2020) (denying request to retroactively reject lease since property was not vacated at the time of the requested rejection date). Under the circumstances, *nunc pro tunc* relief is not justified.

6.      To date, Debtor has not delivered the Vehicle or made the Vehicle available to GM Financial Leasing, and GM Financial Leasing has not been able to secure possession of the Vehicle. Debtor's counsel provided GM Financial Leasing with Mr. Owoc's contact information, but Mr. Owoc has not been communicative or cooperative with GM Financial Leasing's efforts to

obtain the Vehicle. Mr. Owoc lives in a gated community, making it very difficult for GM Financial Leasing to take possession of the Vehicle.

7. Given the difficulty of regaining possession of the Vehicle, and the Debtor's inability to deliver the Vehicle to GM Financial Leasing, Debtor's request for *nunc pro tunc* relief unfairly deprives GM Financial Leasing of the agreed-upon Monthly Payment that would otherwise continue to accrue until entry of a court order, and while GM Financial Leasing does not have possession of the Vehicle. In essence, the Debtor seeks to reject the Lease as of March 29th without taking any responsibility for delivering or making the Vehicle *actually* available for pickup, and while ceasing its Monthly Payment obligations under the Order and the Lease on the arbitrarily selected date of its choosing.

8. Accordingly, GM Financial Leasing opposes the relief sought in the Motion to the limited extent Debtor seeks *nunc pro tunc* relief back to March 29th, and GM Financial Leasing requests that the date of rejection be deemed the date the Vehicle is either surrendered to, or repossessed by, GM Financial Leasing.

WHEREFORE, GM Financial Leasing respectfully requests that the Court deny the Motion solely with respect to the proposed Lease rejection date of March 29, 2023, and, instead, determine that the Lease shall be deemed rejected as of the date GM Financial Leasing obtains possession of the Vehicle, that the Debtor shall continue to pay the Monthly Payments until such time, and granting such further relief as the Court deems just and proper.

Respectfully submitted this 26th day of April, 2023.

*/s/ Christopher R. Thompson*
**Christopher R. Thompson**
Florida Bar No. 0093102
Primary Email: crthompson@burr.com
Secondary Email: mlucca-cruz@burr.com
**BURR & FORMAN LLP**

50704881 v2

200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
*Attorneys for GM Financial Leasing*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2023, a true and correct copy of the foregoing has been served through the CM/ECF system to all registered CM/ECF recipients including attorneys for Debtors, **Andrew Sorkin** (andrew.sorkin@lw.com), **Jeremy Webb** (jeremy.webb@lw.com), **Jordi Guso** (jguso@bergersingerman.com), and **Michael Niles** (mniles@bergersingerman.com); the counsel for the creditors' committee, **Leyza Blanco** (lblanco@sequorlaw.com), **Fernando Menendez** (fmenendez@sequorlaw.com), and **Juan Mendoza** (jmendoza@sequorlaw.com); and the United States Trustee, **J Steven Wilkes** (steven.wilkes@usdoj.gov), and by first class U.S. Mail to Debtors, **Vital Pharmaceuticals, Inc.**, 1600 N. Park Drive, Weston, FL 33326.

*/s/ Christopher R. Thompson*
Christopher R. Thompson

50704881 v2