UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**DEBTORS' OBJECTION TO MOTION OF WEBB & GERRITSEN, INC.
TO LIFT AUTOMATIC STAY TO ALLOW THE DEBTOR'S APPEAL
PENDING IN WISCONSIN COURT OF APPEALS TO PROCEED**

Vital Pharmaceuticals, Inc. ("VPX"), Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), file this Objection (the "Objection") to the *Motion of Webb & Gerritsen, Inc. to Lift Automatic Stay to Allow the Debtor's Appeal Pending in Wisconsin Court of Appeals to Proceed* (the "Motion") [ECF No. 1168].  In support of this Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. Webb & Gerritsen Inc.'s (the "Movant") request for relief from the automatic stay should be denied because the face of its Motion establishes absence of cause under 11 U.S.C. § 362(d)(1).  Movant offers no evidence demonstrating that the Debtors have acted in bad faith, that the balance of hardships weigh in favor of lifting the stay (which they do not), or that the status

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12097228-2

of the pending litigation warrants lifting of the automatic stay. For these reasons, the Motion should be summarily denied.

## BACKGROUND

2. In February 2022, the Circuit Court for Waukesha County, Wisconsin (the "Circuit Court") entered a final judgment against VPX and in Movant's favor.

3. In March 2022, VPX appealed the judgment (the "State Court Appeal") and deposited approximately $2.9 million with the State Court's clerk, as a condition to obtaining a stay of collection of the judgment pending the appeal.

4. On October 10, 2022, the Debtors filed voluntary petitions for relief under chapter 11.

5. As of the date of the Debtors' petition, the record had not yet been transmitted to the Wisconsin Court of Appeals (the "Appeals Court"). Multiple extensions were granted to the court reporter for the submission of transcripts that had previously been ordered.

6. On February 13, 2023, the transcripts were submitted to the Circuit Court.

7. On March 6, 2023, the record was transmitted from the Circuit Court to the Appeals Court.

8. On March 17, 2023, VPX filed a Suggestion of Bankruptcy in the Appeals Court and requested the proceedings be stayed under the provisions of the 11 U.S.C. § 362(a).

9. On March 20, 2023, the Appeals Court entered an order staying the appeal proceedings.

10. The parties have not yet commenced briefing the issues in the appeal.

11. On April 14, 2023, Movant filed the Motion, requesting relief from the automatic stay to continue the appellate proceedings because interest and attorneys' fees will accrue and

decrease the $452,000 cushion that VPX was required to deposit along with the judgment amount. These facts are insufficient to support the Movant's requested relief.

**ARGUMENT**

12.     Movant has not established the requisite "cause" to lift the automatic stay in order to proceed with the State Court Appeal. The filing of a bankruptcy petition operates to stay "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, . . . ." 11 U.S.C. § 362(a)(1).

13.     A majority of the federal circuit courts of appeals have held that § 362(a)(1) applies to stay "appellate proceedings where the debtor has filed an appeal from a judgment entered in a suit against the debtor." *TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011) (noting that the Tenth Circuit's contrary position was in the minority and reversing its prior interpretation to coincide with the majority); *see BUC Int'l Corp. v. Int'l Yacht Council, Ltd.*, No. 02-60772, 2007 WL 9760005, *1 (S.D. Fla. Sep. 21, 2007) (noting that determining whether an action is "against the debtor" is based upon the status when the proceedings are initiated, not upon which party has appealed and denying a motion to stay because the debtor was the plaintiff).

14.     Under 11 U.S.C. § 362(d)(1), a bankruptcy court may grant relief from stay, upon "request of a party in interest . . . *for cause*, including the lack of adequate protection of an interest in property of such party in interest." *In re Feingold*, 730 F.3d 1268, 1276 (11th Cir. 2013) (quoting § 362(d)(1) and adding the emphasis). The Eleventh Circuit's decision in *Feingold*, was decided after the decision from *In re Makarewicz*, 121 B.R. 262 (Bankr. S.D. Fla. 1990), the case cited by the Movant for the purported standard for granting relief from stay. The Debtors assert

3

that the standard from *Feingold* is binding precedent, and its standard should be used in determining whether "cause" exists for granting the Motion.

15. In *Feingold*, the Eleventh Circuit indicated that because "cause" is not defined in the statute, "[t]here is no set list of circumstances that a bankruptcy court is required to consider," rather, courts evaluate requests for stay relief by reviewing "a variety of case-specific factors, including (1) whether the debtor has acted in bad faith, (2) the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code, and (3) pending state court proceedings. 730 F.3d at 1277 (internal quotation marks and citations omitted).

16. Based upon the factors outlined by the Eleventh Circuit, the Movant has not demonstrated that "cause" exists for granting relief from stay, and, in fact, has demonstrated the absence of cause for lifting the stay because the Movant is adequately protected, the hardships on the Debtors outweigh any purported hardships the stay imposes on the Movant, and the appeal is in its early stages, which supports keeping the stay in place.

17. The first factor—whether the debtor has acted in bad faith—supports keeping the automatic stay in place as to the State Court Appeal. In determining whether a debtor acted in bad faith, courts may consider any factors evidencing "an intent to abuse the judicial process and the purposes of the reorganization provisions or, in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re 412 Boardwalk, Inc.*, 520 B.R. 126, 132–33 (Bankr. M.D. Fla. 2014) (quoting *In re Phoneix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988)). The Debtors filed for bankruptcy protection to obtain breathing room from pending litigation and to obtain an essential infusion of liquidity to stabilize its operations, which are valid, good faith reasons to seek bankruptcy protection. *See* Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day

Pleadings [ECF No. 26, ¶ 41]. Movant has not asserted nor provided any evidence to suggest that VPX has acted in bad faith, thus this factor weighs against granting relief from stay.

18. The second factor—the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code—also weighs heavily in favor of keeping the automatic stay in place. The hardship to VPX if the stay were to be lifted is substantial. VPX would then be forced to litigate the State Court Appeal while in the midst of its Chapter 11 Case, which would continue to deplete its already scarce resources, and force its personnel and professionals to spend time on the appeal efforts, taking valuable time away from their restructuring efforts. As previously stated, one of the reasons the Debtors filed for bankruptcy protection was to obtain breathing room from pending litigation, thus granting relief from stay to allow the State Court Appeal to proceed circumvents one of the Debtors' goals in filing and one of the protections written into the Bankruptcy Code.

19. On the contrary, the hardship to the Movant is non-existent, as evidenced by the face of its Motion. The Movant was provided a $450,000 cushion to protect its interest in the judgment and a significant portion of that cushion remains. The Movant has alleged that the interest rate is approximately $100,000 per year, which admittedly would provide the Movant with over four years of interest payments. Only one year has elapsed to date, and the Debtors are diligently working towards their reorganization, making it unlikely that three more years will expire before the stay is lifted from the State Court Appeal proceedings. While the Movant asserts that it is also allowed attorneys' fees, such attorneys' fees will not accrue while the State Court Appeal is stayed. Additionally, the Movant has a right to pursue its claims in the bankruptcy court, and to continue to defend the appeal after the bankruptcy proceedings conclude. The Movant is well aware of this fact, as it filed a Motion to Allow Late Filing of Proof of Claim [ECF No. 1169] after filing this Motion for Relief from Stay.

20. The third factor—the status of the pending state court proceeding—also supports denial of the Motion. Requiring the Debtors to pursue the appeal in Wisconsin will require them to expend considerable time and resources, both of which are already depleted by their actively pursuing the sale process in these Chapter 11 Cases. *See In re Jefferson Cnty., Ala.*, 491 B.R. 277, 297 (Bankr. N.D. Ala. 2013) (noting that the debtor would be "greatly prejudiced" by being "forced to participate in an extensive and expensive discovery process and a trial in another state"). While the State Court Appeal was filed a year ago, the parties have not yet filed their briefs. Thus, extensive time, effort, and funds will be required for VPX to prosecute the appeal, all of which are already depleted in the Debtors' efforts to effectuate a sale and reorganization. Additionally, should VPX prevail on its appeal, the case may be remanded to the State Court for trial, thereby causing the Debtors to expend more of their scarce resources in defending the action.

## CONCLUSION

21. For these reasons, the Debtors respectfully request the Court enter an Order denying the Motion.

Dated: April 27, 2023
      Miami, Florida

Respectfully submitted,

*/s/ Jordi Guso*

| | |
|---|---|
| George A. Davis (admitted *pro hac vice*) | Jordi Guso |
| Hugh K. Murtagh (admitted *pro hac vice*) | Florida Bar No. 863580 |
| Tianjiao ("TJ") Li (admitted *pro hac vice*) | Michael J. Niles |
| Brian S. Rosen (admitted *pro hac vice*) | Florida Bar No. 107203 |
| Jonathan J. Weichselbaum (admitted *pro hac vice*) | Erin M. Hoskins |
| **LATHAM & WATKINS LLP** | Florida Bar No. 1003283 |
| 1271 Avenue of the Americas | **BERGER SINGERMAN LLP** |
| New York, NY 10020 | 1450 Brickell Avenue, Suite 1900 |
| Telephone: (212) 906-1200 | Miami, FL 33131 |
| Email: george.davis@lw.com | Telephone: (305) 755-9500 |
|       Hugh.murtagh@lw.com | Email: jguso@bergersingerman.com |
|       tj.li@lw.com |       mniles@bergersingerman.com |
|       brian.rosen@lw.com |       ehoskins@bergersingerman.com |
|       jon.weichselbaum@lw.com | |

– and –

6

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:   (202) 637-2200
Email:   andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for Debtors*