UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                CASE NO. 22-17842-PDR

VITAL PHARMACEUTICALS, INC.,

       Debtor.
_____/

ECF #935

March 23, 2023

The above-entitled cause came on for hearing before the Honorable Peter D. Russin, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd., Fort Lauderdale, Broward County, Florida, on March 23, 2023, commencing at or about 1:30 p.m., and the following proceedings were had.

Transcribed from a digital recording by:
Cheryl L. Jenkins, RPR, RMR

Page 2

```
 1
                       APPEARANCES:
 2
 3               BERGER SINGERMAN, by
               MICHAEL NILES, Esquire
 4                      and
               LATHAM & WATKINS, by
 5             HUGH MURTAGH, Esquire
             On behalf of the Debtor
 6
 7                SEQUOR LAW, by
          LEYZA BLANCO, Esquire (via Zoom)
 8                      and
              LOWENSTEIN SANDLER, by
 9        ERIC CHAFETZ, Esquire (via Zoom)
          LINDSAY SKLAR, Esquire (via Zoom)
10           On behalf of the Official
         Committee of Unsecured Creditors
11
12               AKERMAN, LLP, by
              MICHAEL GOLDBERG, Esquire
13                      and
         PACHULSKI STANG ZIEHL & JONES, by
14       RICHARD PACHULSKI, Esquire (via Zoom)
          IRA KHARASCH, Esquire (via Zoom)
15          On behalf of Monster Energy
16
              FENDER BOLLING & PAIVA, by
17            G. STEVEN FENDER, Esquire
              On behalf of Orange Bang
18
19                 AGENTIS, by
               JESSE CLOYD, Esquire
20           On behalf of Stellar Group
21
     J. STEVEN WILKES, Trial Attorney (via Zoom)
22           Office of the U.S. Trustee
              Department of Justice
23
                    ALSO PRESENT
24
       ECRO - Electronic Court Reporting Operator
25
                    - - - - - - -
```

1    THE COURT: All right. I think that puts us
2  at Vital Pharmaceuticals, 22-17842.
3    All right. This is an easy one. Go ahead,
4  make your appearance. Thank you.
5    MR. NILES: Good afternoon, your Honor.
6  Michael Niles, from Berger Singerman, on behalf of debtor,
7  Vital Pharmaceuticals. In the courtroom also is
8  co-counsel, Hugh Murtagh.
9    THE COURT: Thank you.
10    Anybody else wish to make an appearance?
11  Mr. Fender?
12    MR. FENDER: Yes, I'm here for the
13  adversary.
14    Well, Steven Fender for Orange Bang.
15    THE COURT: Oh, that's not until 2:30.
16    MR. FENDER: 2:30.
17    THE COURT: This is just the hearing on the
18  motion for authorization to enter into excess insurance
19  policy.
20    MR. FENDER: Understood.
21    THE COURT: The easy one.
22    MR. CLOYD: Good afternoon, your Honor.
23  Jesse Cloyd, C-l-o-y-d, on behalf of the Stellar group.
24    THE COURT: Okay. Thank you.
25    All right, and anyone on Zoom wish to make

1  an appearance.
2              Mr. Wilkes.
3              MR. WILKES:  Thank you, your Honor.
4  J. Steven Wilkes for the United States Trustee, Region 21.
5              THE COURT:  Ms. Sklar?
6              MS. SKLAR:  Good afternoon, your Honor.
7  Lindsay Sklar, Lowenstein Sandler, for the official
8  committee of unsecured creditors.  With me is my colleague
9  Eric Chafetz.
10             THE COURT:  I'm sorry, you came out -- you
11 went out of -- I couldn't hear you.  Say it, with you is
12 your colleague?
13             MS. SKLAR:  Eric Chafetz.
14             THE COURT:  Ah, okay.
15             MS. SKLAR:  Apologies for that, your Honor.
16             THE COURT:  No, no problem.  It's the
17 reality of Zoom.
18             Mr. Pachulski.
19             MR. PACHULSKI:  Thank you, your Honor.
20 Richard Pachulski of Pachulski Stang Ziehl & Jones, also
21 with my partner, Ira Kharasch.  I thought he may be the
22 one appearing, but I think he may be having trouble with
23 his Zoom.  So I'm appearing on behalf of Monster with
24 Mr. Kharasch.
25             THE COURT:  All right.

1    MR. PACHULSKI:  Thank you so much.
2    THE COURT:  I think you all care more about
3  the 2:30 than the 1:30, but you're welcome to be here, of
4  course.
5    Mr. Kharasch, I have your appearance.
6    Okay, and, Mr. Chafetz, I have yours.
7  Anyone else?
8    (No verbal response.)
9    THE COURT:  All right.  Mr. Niles.
10    MS. BLANCO:  Good afternoon, your Honor.
11  This is Leyza Blanco.  I'm having a bit of trouble with my
12  video.
13    THE COURT:  Okay.
14    MS. BLANCO:  My apologies.  Hopefully I'll
15  get it to work shortly, but I'm appearing also as local
16  counsel for the unsecured creditors' committee.
17    THE COURT:  We're hearing you loud and
18  clear, no problem.
19    All right.
20    MS. BLANCO:  Thank you very much.
21    THE COURT:  Mr. Niles.
22    MR. NILES:  Thank you, your Honor.
23    We're here today on the debtors' motion for
24  authorization to enter into an excess insurance policy
25  with XL Specialty Insurance Company.  It's filed at ECF

1  Number 935. The certificates of services are filed at
2  939, for the notice of hearing, it's at 984.
3          The motion is requesting authority to enter
4  into an excess Side A D&O liability insurance policy with
5  XL Specialty Company. There has been no objection filed
6  on the docket.
7          For factual support, your Honor, the debtors
8  filed a declaration of John C. DiDonato, who at the time
9  of signing the agreement, was the debtors' chief
10 transformation officer. The declaration is filed at 936.
11         If there is no objection, your Honor, I'd
12 like to move that declaration into evidence.
13         THE COURT: All right. Thank you.
14         Does anyone object to the declaration being
15 accepted by the Court as the debtors' proffer in favor of
16 the motion?
17         (No verbal response.)
18         THE COURT: Okay. Hearing none, then the --
19 I assume -- is there any interest in cross-examining
20 Mr. DiDonato?
21         (No verbal response.)
22         THE COURT: I mean, he's going to be
23 disappointed if he never gets cross-examined in this case,
24 but anyway, all right, so the Court will accept that, and
25 you may proceed. I didn't see any objections, either, to

1   the motion.  So --
2               MR. NILES:  Thank you, your Honor.
3               The policy will provide an additional
4   $5 million of Side A coverage, for a total of $10 million
5   of coverage, for the debtors' directors and officers.
6               The directors and officers include
7   Steve Panagos, Eric Hillman, Bob Dickerson, Steve Gray,
8   John DiDonato, and Richard Caruso.
9               The policy will not be providing any
10  coverage for former officers or directors of the debtor.
11  The premium, your Honor, is a total of $71,400, and will
12  provide coverage through May 31st, 2023, the same date as
13  the other policies.
14              I'd like to proffer Mr. DiDonato's testimony
15  that there are compelling business reasons for seeking to
16  increase the D&O insurance, if that's okay, your Honor?
17              THE COURT:  Sure, yes.
18              MR. NILES:  Pursuant to --
19              THE COURT:  So, you're increasing it from 5
20  to 10?
21              MR. NILES:  Correct, your Honor.
22              THE COURT:  Okay.  So the 5 has been in
23  place prepetition for a significant period of time, I
24  assume?
25              MR. NILES:  The $5 million policy was in

Page 8

1   place, I think about a month and a half prior to the
2   petition date, your Honor.
3            THE COURT:  All right, and what's the
4   history, in terms of the debtor having such insurance
5   policies, has it always been around 5 million, or this
6   is a new request?  It's outside of the ordinary
7   course?
8            MR. NILES:  The $10 million is outside of
9   the ordinary course of business.  After consulting with
10  the debtors' professionals, insurance professionals,
11  your Honor, a company of this size should have -- should
12  have had a higher D&O coverage, somewhere between 10 and
13  $15 million, and so we are making -- we are asking the
14  Court for authority so that we can have a policy that is
15  more in line with --
16           THE COURT:  And these policies -- this
17  policy is designed to cover the Ds and Os themselves
18  should they be sued?  It's not --
19           MR. NILES:  That's correct.
20           THE COURT:  It's not to cover liability of
21  the debtor --
22           MR. NILES:  That's correct, your Honor.
23           THE COURT:  -- correct?
24           MR. NILES:  This is the Side A coverage.
25           THE COURT:  I see.  Okay.  Understood.

1                Go ahead.
2                MR. NILES: Okay. Your Honor, as part of
3    the proffer, first, pursuant to the debtors'
4    organizational documents, the debtors have agreed to
5    indemnify their directors and managers to the fullest
6    extent permitted under the applicable law.
7                Second, your Honor, the contracts between
8    the debtors, and the chief transformation officer and the
9    debtors, and the directors, also provide that the debtors
10   will indemnify and hold each harmless for any claim or
11   expense arising from their service to the debtors, and
12   then, finally, your Honor, as I pointed out, upon
13   consultation with the debtors' insurance professionals, a
14   company of this size, and the complexity of their
15   business, and the size of their assets, the debtors should
16   have a higher Side A coverage, which is the reason why
17   we're requesting this additional $5 million. The company
18   has liquidity to pay the premiums.
19               THE COURT: All right. Great. Thank you.
20               Any objections?
21               (No verbal response.)
22               THE COURT: All right. Hearing none, then
23   the Court will grant the motion, and I will look forward
24   to receiving an order from you, Mr. Niles.
25               MR. NILES: Thank you, your Honor.

Page 10

1           THE COURT:  Thank you.  All right.  Let's
2  see what time is it?
3           All right.  So I have a couple of other
4  matters.
5
6
7
8           (Thereupon, the hearing was concluded.)

```
 1
 2
 3                        CERTIFICATION
 4
 5   STATE OF FLORIDA      :
 6   COUNTY OF MIAMI-DADE  :
 7
 8            I, Cheryl L. Jenkins, RPR, RMR, Shorthand
 9   Reporter and Notary Public in and for the State of Florida
10   at Large, do hereby certify that the foregoing proceedings
11   were transcribed by me from a digital recording held on
12   the date and from the place as stated in the caption
13   hereto on Page 1 to the best of my ability.
14            WITNESS my hand this 28th day of
15   March, 2023.
16
17
18            _____
19             CHERYL L. JENKINS, RPR, RMR
20          Court Reporter and Notary Public
         in and for the State of Florida at Large
21              Commission #HH 170910
                 December 27, 2025
22
23
24
25
```