Page 1

1              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
2

3

4    IN RE:                      CASE NO. 22-17842-PDR

5    VITAL PHARMACEUTICALS, INC.,

6              Debtor.
     _____/
7

8              ECF #889, 1041, 1055, 1057

9                   March 30, 2023

10

11            The above-entitled cause came on for hearing

12   before the Honorable Peter D. Russin, one of the Judges in

13   the UNITED STATES BANKRUPTCY COURT, in and for the

14   SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd.,

15   Fort Lauderdale, Broward County, Florida, on March 30,

16   2023, commencing at or about 2:30 p.m., and the following

17   proceedings were had.

18

19

20

21

22

23

24            Transcribed from a digital recording by:
                  Cheryl L. Jenkins, RPR, RMR
25

Page 2

1
                          APPEARANCES:
2

3                  BERGER SINGERMAN, by
                   MICHAEL NILES, Esquire
4               On behalf of the Debtor

5
                     SEQUOR LAW, by
6                 LEYZA BLANCO, Esquire
                          and
7              LOWENSTEIN SANDLER, by
                  RACHEL MAIMIN, Esquire
8          JEFFREY COHEN, Esquire (via Zoom)
                On behalf of the Official
9          Committee of Unsecured Creditors
10

11     J. STEVEN WILKES, Trial Attorney (via Zoom)
                Office of the U.S. Trustee
12              Department of Justice
13
                      ALSO PRESENT
14

15     ECRO - Electronic Court Reporting Operator
16                  - - - - - - -
17
18
19
20
21
22
23
24
25

Page 3

1              THE COURT:  All right.  So now Vital, this

2    is the Vital 2:30 matter, right?  Let me get there.

3              Okay.  I passed it.  Okay.  Give me one

4    second, I'm sorry.

5              Ed, this is -- if you're listening, this is

6    the reason to have separate pages, anyway -- in OneNote.

7              All right.  So, I found it.  Calling Vital

8    Pharmaceuticals 22-17842.  Mr. Niles.

9              MR. NILES:  Good afternoon, your Honor.

10   Mike Niles, from Berger Singerman, on behalf of Vital

11   Pharmaceuticals.

12             THE COURT:  Spell your last name for me.

13             MR. NILES:  Niles, N-i-l-e-s.

14             THE COURT:  Thank you.

15             Ms. Blanco.

16             MS. BLANCO:  Good afternoon, your Honor.

17   Leyza Blanco, B-l-a-n-c-o, of Sequor Law, on behalf of the

18   unsecured creditors committee.  Joining me this afternoon

19   in the courtroom is Ms. Rachel Maimin, M-a-i-m-i-n, from

20   Lowenstein Sandler, lead counsel for the committee, and I

21   see our colleague, Jeffrey Cohen, on the Zoom, as well

22   from Lowenstein Sandler on behalf of the committee.

23             Thank you, your Honor.

24             THE COURT:  Welcome, Ms. Maimin and

25   Mr. Cohen.

Page 4

1             Any other appearances on Zoom?

2             MR. WILKES:  Good afternoon, your Honor.

3  J. Steven Wilkes for the United States Trustee, Region 21.

4             THE COURT:  Thank you.

5             And no one else is turning on their camera,

6  so I assume no other appearances.  All right.  Great.

7             Okay.  So what do we have?  We've already

8  covered the forth motion to reject executory contract,

9  right?  Did we do that?  Oh, we didn't do that, okay.

10             MR. NILES:  Nope, but I promise to be quick.

11             THE COURT:  No worries, no worries.

12             MR. NILES:  Good --

13             THE COURT:  I work here, so it's not a

14  problem.

15             MR. NILES:  Good afternoon, your Honor.

16  Again, for the record, Michael Niles, on behalf of the

17  debtor, Vital Pharmaceuticals.  We're here on the fourth

18  motion to reject executory contract with Intrastate

19  Distributing, it's filed at ECF Number 889.  The notice of

20  hearing was filed at 910, and the certificate of services

21  for both the motion and the notice are filed at ECF 920.

22             There has been no objection filed.  The

23  motion is seeking authority from the Court pursuant to

24  365(a) to reject the distribution agreement dated May 2007

25  between VPX and Intrastate Distributing.

1          Intrastate Distributing previously was an

2    exclusive wholesale distributor of the debtor, and is no

3    longer distributing for the debtor.  We have lined up a

4    separate distribution system --

5               THE COURT:  Right.

6               MR. NILES:  -- in Michigan, and we no longer

7    need the contract.  So in the business judgment of the

8    debtor, your Honor, we belive it's in the best interest to

9    reject this contract.

10              THE COURT:  And it would be -- the effective

11   date would be the date of the order?

12              MR. NILES:  The effective date set forth in

13   the motion, your Honor, would be March 3rd, 2023, which

14   was the date we filed the motion.

15              THE COURT:  Okay, and no issue from the

16   counter-party?

17              MR. NILES:  We have received no objection to

18   that, your Honor.

19              THE COURT:  Okay.  Great.  Any objections?

20              (No verbal response.)

21              THE COURT:  Hearing none, granted, and I

22   look forward to receiving an order from you, Mr. Niles.

23              MR. NILES:  Thank you very much.

24              THE COURT:  Thank you.

25              All right, and so that leaves the motion to

Page 6

1    extend time to respond to 2004 Examination filed by

2    Justin Luna, at 1041, and the objection to the motion to

3    extend time to respond at 1055 --

4                    MS. MAIMIN:  Correct, your Honor.

5                    THE COURT:  -- is that right, Ms. Maimin?

6                    Okay, and is Mr. Luna -- and then there is a

7    motion, cross-motion to compel --

8                    MS. MAIMIN:  That's correct.

9                    THE COURT:  -- at 1057.

10                   MS. MAIMIN:  Correct.

11                   THE COURT:  I just want to get the universe.

12                   MS. MAIMIN:  Yes.

13                   THE COURT:  Is that everything?

14                   MS. MAIMIN:  Yes, your Honor, that's it, and

15   we do believe that despite the fact that Mr. Luna and

16   Mr. Owoc are not here today, that all of those can be

17   adjudicated.

18                   THE COURT:  Yes.  So, I received a motion to

19   withdraw by Mr. Luna with a proposed order.

20                   MS. MAIMIN:  Yes.

21                   THE COURT:  I was not inclined to grant that

22   motion without a hearing, and I'm likely going to set a

23   hearing on that.  So, as far as I'm concerned, Mr. Luna

24   remains counsel to the Owocs unless -- I mean, I guess

25   there may be irreconcilable differences, which there seem

Page 7

1   to be.  What is your view of that, the fact that that's

2   pending?

3                    MS. MAIMIN:  Mr. --

4                    THE COURT:  I also saw, though, that

5   Mr. Luna -- I may have actually granted it, and Mr. Luna

6   asked in his motion, but did not include in the order that

7   the Owocs would have seven days to retain new counsel.  So

8   I don't think I ordered that.

9                    MS. MAIMIN:  Yes, your Honor, and also

10  Mr. Owoc is, to the extent any hearing would be necessary

11  to determine any facts, Mr. Owoc has fired Mr. Luna, and

12  he no longer has any counsel, and we have communicated to

13  him the fact that this hearing was happening today --

14                    THE COURT:  Okay.

15                    MS. MAIMIN:  -- by Federal Express, service

16  and --

17                    THE COURT:  Actually, I have not --

18                    MS. MAIMIN:  -- email.

19                    THE COURT:  -- signed that order yet, or at

20  least it's not been entered on the docket.  So, yes, I'm

21  sorry, I'm just trying to figure out what I did with that,

22  but, yes.

23                    MS. MAIMIN:  Well, Mr. Luna has -- is

24  attempting, and we believe has withdrawn, assuming

25  your Honor is amenable to it, from everything to do with

Page 8

1    this case, and Mr. Owoc is presently proceeding pro se.

2    This is --

3                    THE COURT:  And his wife is as well.

4                    MS. MAIMIN:  Yes.

5                    This is a pattern that's been going on

6    throughout the case, changes of counsel, which we believe

7    are solely for the purpose of causing delay in the

8    production of documents.  We haven't received a single

9    document from Mr. Owoc.

10                   THE COURT:  And that was served while

11   Mr. Luna was counsel, over two months ago, as I understand

12   it?

13                   MS. MAIMIN:  Oh, it was served well before

14   him.  It was served on March -- it was served on

15   January 30th.  So --

16                   THE COURT:  Yes.

17                   MS. MAIMIN:  -- I don't know how many

18   lawyers ago that was, but --

19                   THE COURT:  But it was a couple of months?

20                   MS. MAIMIN:  Yes, it was a couple of months.

21   We've granted multiple extensions.  Mr. Owoc is a

22   sophisticated consumer of legal services, this Court has

23   seen that here.  There have even been litigations here

24   about cases that he wants to prosecute, he knows how to

25   hire lawyers.  He's aware of this hearing today.  He is at

Page 9

1    his home in Southwest Ranches, Florida, probably waiting

2    for yet another delay to be granted, and we don't think

3    that that conduct should be rewarded.

4                He also told us in writing that he doesn't

5    intend to produce a single document.  So, extending the

6    time for which -- for him to produce documents would be

7    totally futile.

8                We'd ask that you grant our motion to compel

9    immediate production, he won't produce anything, and then

10   we're going to be right here before your Honor explaining

11   why he has failed to comply with the orders of the Court

12   and the subpoena itself.

13               THE COURT:  Okay.

14               MS. MAIMIN:  There is no reason to delay.

15               THE COURT:  All right.  I understand.  So we

16   can proceed.

17               Give me -- you'll have your presentation,

18   and I want to hear it, of course, and how are you -- are

19   starting -- where are you starting in this process?

20               MS. MAIMIN:  Your Honor, I'm --

21               THE COURT:  1041, it seems to me, and 1055

22   -- I mean, 1041 can just be denied.

23               MS. MAIMIN:  Yes, your Honor, there is no

24   one here --

25               THE COURT:  For lack of prosecution.

Page 10

1            MS. MAIMIN:  -- to prosecute it.

2            THE COURT:  Yes.  I mean, honestly.

3            MS. MAIMIN:  And even if there were, it

4    should be denied on the merits for the reasons set forth

5    in our papers.

6            THE COURT:  Yes, which the Court is well

7    aware of.

8            So, that's the way the Court will proceed.

9    Let me just -- all right, yes, so the Court will deny

10   1041, and you can get me an order on that.

11           MS. MAIMIN:  Yes, your Honor.  I think that

12   we may have submitted a draft order, but we will --

13           THE COURT:  Well, you have to refer to the

14   hearing.  Oh, you may have already uploaded it, referring

15   to --

16           MS. MAIMIN:  I believe so, your Honor, but

17   we'll make sure.

18           THE COURT:  Yes.

19           MS. MAIMIN:  And then we respectfully

20   request that the Court grant our motion to compel

21   immediate production from Mr. Owoc because of his pattern

22   of refusing to comply with Court orders, which began in

23   other litigation, his refusal to produce any documents in

24   this case, which he's already advised us of.  So we might

25   as well get to that issue and litigate it rather than wait

Page 11

1  and delay.

2              THE COURT:  When were the documents last due

3  by agreement?

4              MS. MAIMIN:  The 27th.

5              THE COURT:  Of?

6              MS. MAIMIN:  Of March.

7              THE COURT:  Of March, okay.

8              MS. MAIMIN:  That was by extension, by

9  multiple extensions.

10             THE COURT:  Okay, and --

11             MS. MAIMIN:  But he has said subsequent to

12  that, he's not giving us anything.  So --

13             THE COURT:  Has he said he's not giving you

14  anything because he doesn't have anything, or he's saying

15  he's not giving you anything because he doesn't want to

16  give you anything, or something else?

17             MS. MAIMIN:  I think it's a little of both.

18  His communication was ambiguous on that, and that's

19  certainly something we would like to explore with the

20  Court and Mr. Owoc when he actually makes an appearance

21  here.

22             THE COURT:  Okay.  All right.  The Court

23  will grant the motion to compel, and just, you know, for

24  the record, are you seeking sanctions of some kind or not?

25             MS. MAIMIN:  Your Honor, we're going to --

Page 12

1              THE COURT:  Or only if the order to compel

2    is not complied with?

3              MS. MAIMIN:  Well, we're going -- yes, we're

4    going to consider that if nothing is produced immediately.

5              THE COURT:  Okay.

6              MS. MAIMIN:  Which is probably the case --

7              THE COURT:  All right.  I mean --

8              MS. MAIMIN:  -- but let's go in order, I

9    guess.

10             THE COURT:  This is all 2004 --

11             MS. MAIMIN:  Yes.

12             THE COURT:  -- discovery, correct?

13             MS. MAIMIN:  Correct.

14             THE COURT:  All right.  As a general matter,

15   you know, the Court is somewhat intolerant of discovery

16   disputes that can be avoided.  Mr. Owoc has had counsel

17   throughout this case, and arguably still has counsel as of

18   this date.  The notion that discovery can be served in

19   late January -- is that right?

20             MS. MAIMIN:  Yes, that's correct.

21             THE COURT:  And by agreement be extended

22   multiple times, and reach a moment of March 27th, when

23   they're due, in the midst of yet -- counsel yet again

24   withdrawing, for whatever reason, and, frankly, I don't

25   even care what reason there is, because I don't know that

Page 13

1    it matters with respect to the production of documents in

2    compliance with Rule 2004, leaves me with no other

3    conclusion than there is gamesmanship going on, and I

4    don't mind legitimate objections to discovery, and

5    litigating over those legitimate objections to discovery

6    that I would have to adjudicate.  What I do mind is the

7    gamesmanship, that should not play a role in litigation.

8              So, I understand it's sometimes inevitable,

9    and it happens, but that's where my tolerance level

10   ceases.  So, the Court will grant your motion to compel,

11   and reserve on, if the order is not complied with,

12   appropriate sanctions when the time comes, if that's

13   necessary.

14             MS. MAIMIN:  Understood, your Honor.  Thank

15   you.

16             THE COURT:  All right, and so you'll get me

17   -- you have to push that button.

18             MS. BLANCO:  There is a proposed form of

19   order attached as Exhibit 1 to Docket Entry 1055.

20             THE COURT:  Okay.

21             MS. BLANCO:  It does have --

22             THE COURT:  1055.

23             MS. BLANCO:  -- blanks that need to be

24   filled in.

25             THE COURT:  Do you just want me to take a

Page 14

1    look at that before it's --

2                MS. BLANCO:  That would be great.

3                MS. MAIMIN:  Yes, your Honor, I think it

4    encompasses the relief the Court is intending to grant

5    today.

6                THE COURT:  Okay.  Maybe that's where I got

7    it from.  Just kidding.

8                You may also just add "for the reasons

9    stated on the record" if you have to revise the order

10   anyway.

11               MS. MAIMIN:  Okay.

12               THE COURT:  The motion is denied with

13   prejudice, cross-motion is granted.

14               And this covers also the motion to compel.

15               MS. MAIMIN:  Yes, it does.

16               THE COURT:  Okay.

17               MS. MAIMIN:  It grants our motion to compel.

18               THE COURT:  All right.  Ms. Weldon, there

19   are -- there is two separate motions here.  One is a

20   motion to compel, and the other is a denial of a motion to

21   extend time at 1041.  They're both addressed in the

22   preamble to the order by docket entry number although one

23   is not, you have to add the docket entry numbers that this

24   deals with --

25               MS. MAIMIN:  Okay.

Page 15

1                    THE COURT:  -- in the preamble to make sure

2      that they can be tied to those --

3                    MS. MAIMIN:  We'll add the docket entry

4      numbers, your Honor.

5                    THE COURT:  All right.  Ms. Weldon, is that

6      going to work?

7                    ECRO:  (Inaudible.)

8                    MS. MAIMIN:  Okay.  Okay.

9                    THE COURT:  Well, there is also 1057, which

10     is a separate motion -- or that was docketed --

11                   ECRO:  (Inaudible.)

12                   THE COURT:  Oh, that was done by the Clerk's

13     Office, ah, okay.  So what the order needs to do is refer

14     to 1041, as a denial, and then also have to refer to 1055

15     and 1057, Ms. Weldon, or a separate order on 1055?

16                   ECRO:  (Inaudible.)

17                   THE COURT:  Okay.

18                   MS. MAIMIN:  Okay.  We'll submit separate

19     orders.

20                   THE COURT:  Here is what you need to do,

21     submit the order you were going to submit, refer to all

22     the docket entries you need to refer to --

23                   MS. MAIMIN:  Yes.

24                   THE COURT:  -- all three.

25                   MS. MAIMIN:  Yes.

Page 16

1              THE COURT:  Okay, and you'll see the 1057

2    that's on the docket, even though it's not a separate

3    motion --

4              MS. MAIMIN:  Yes, your Honor.

5              THE COURT:  -- okay?

6              Then submit a separate order referencing the

7    order you're going to submit on those so that it's

8    complete.

9              MS. MAIMIN:  We will do so.

10             THE COURT:  You know, I have to tell you,

11   just do that --

12             MS. MAIMIN:  We'll do it.

13             THE COURT:  -- and it's going to be

14   separate.

15             Ms. Weldon, I wonder whether we can try to

16   get away from that, because as long as every docket entry

17   is referenced in the order, it seems to me that that

18   should be sufficient for the Clerk's Office.

19             ECRO:  (Inaudible.)

20             THE COURT:  Oh, can we do that?

21             ECRO:  (Inaudible.)

22             THE COURT:  Okay.  Okay.  Actually, submit

23   one order --

24             MS. MAIMIN:  Okay.

25             THE COURT:  -- and then we'll leave it to

Page 17

1   the Clerk's Office to docket it with respect to the other

2   docket entries.

3               MS. MAIMIN:  Terrific.  Thank you both so

4   much.

5               MS. BLANCO:  Your Honor, I don't think I'm

6   clear on what date we're supposed to fill in as the last

7   date for Paragraphs 3 through 5.

8               MS. MAIMIN:  Your Honor, it's immediate, so

9   we would ask that it be today.

10              THE COURT:  Well, let's be somewhat

11  reasonable.

12              MS. MAIMIN:  Tomorrow then, your Honor?

13              THE COURT:  Well, let me just see.  What day

14  of the week -- this is Thursday, right?

15              MS. MAIMIN:  Yes.

16              THE COURT:  Okay.  I think tomorrow by

17  5:00 p.m.

18              MS. MAIMIN:  Yes, your Honor.

19              THE COURT:  Or it says 4:30, which is fine,

20  just leave the 4:30.

21              MS. MAIMIN:  Okay.

22              THE COURT:  So tomorrow by 4:30 is fine.

23              MS. MAIMIN:  Okay.

24              THE COURT:  Okay?

25              MS. MAIMIN:  Uh-huh, that's fine.

Page 18

1              THE COURT:  All right.  Great.

2              And just so you know, if he reaches out, if

3    anyone reaches out to you, I'm likely going to be fine

4    with some level of rolling production, as long as it gets

5    started in earnest by tomorrow.

6              MS. MAIMIN:  Understood.

7              THE COURT:  Is that fair?

8              MS. MAIMIN:  Understood, Judge.

9              THE COURT:  Okay.  So, you may want to

10   express that, just to try to get things moving.

11             MS. MAIMIN:  We will certainly express it

12   again, but I think your Honor's prior comments about

13   gamesmanship are particularly apt here.  So, I'm not

14   optimistic, but we will express it to him.

15             THE COURT:  You can only do what you can do.

16             MS. MAIMIN:  We can only do what we can do.

17             THE COURT:  All right.  Is that the rest of

18   the calendar, we're done?

19             MS. MAIMIN:  Yes.  Thank you, your Honor.

20             THE COURT:  Okay.  Great.

21             MS. MAIMIN:  For us.

22             THE COURT:  All right.  Thank you all very

23   much, and I'll look forward to receiving the orders -- or

24   order --

25             MS. MAIMIN:  One order.

OUELLETTE & MAULDIN  COURT REPORTERS, INC.
(305) 358-8875

Page 19

1                    THE COURT:  -- from Ms. Blanco's office

2      right?

3                    MS. BLANCO:  Yes.

4                    THE COURT:  Okay.

5                    MS. BLANCO:  You should have it shortly,

6      your Honor.

7                    THE COURT:  Okay.

8                    MS. BLANCO:  I'm just going to make a call

9      and see if I can get it to you.

10                    THE COURT:  Great.  Thank you all very much,

11     and that concludes today's hearings.

12                    Thank you, Mr. Wilkes.  Good to see you.

13                    MS. MAIMIN:  Thank you.

14                    THE COURT:  All right.  Thank you all.  Safe

15     travels.

16

17

18

19                    (Thereupon, the hearing was concluded.)

20

21

22

23

24

25

Page 20

1

2

3                            CERTIFICATION

4

5   STATE OF FLORIDA        :

6   COUNTY OF MIAMI-DADE    :

7

8              I, Cheryl L. Jenkins, RPR, RMR, Shorthand

9   Reporter and Notary Public in and for the State of Florida

10  at Large, do hereby certify that the foregoing proceedings

11  were transcribed by me from a digital recording held on

12  the date and from the place as stated in the caption

13  hereto on Page 1 to the best of my ability.

14             WITNESS my hand this 7th day of April, 2023.

15

16

17         _____

18              CHERYL L. JENKINS, RPR, RMR

19          Court Reporter and Notary Public
         in and for the State of Florida at Large
20                Commission #HH 170910
                  December 27, 2025

21

22

23

24

25

OUELLETTE & MAULDIN  COURT REPORTERS, INC.
(305) 358-8875