

ORDERED in the Southern District of Florida on May 7, 2023.



Peter D. Russin, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER APPROVING DEBTORS' SUPPLEMENTAL APPLICATION
FOR APPROVAL TO EMPLOY GRANT THORNTON LLP TO PROVIDE
TAX EXAMINATION ASSISTANCE, EFFECTIVE MARCH 6, 2023,
AND EXPAND THE SCOPE OF THE TRANSACTION ADVISORY
SERVICES TO THE DEBTORS, EFFECTIVE APRIL 11, 2023**

THIS MATTER came before the Court on May 4, 2023 at 2:00 p.m., in Fort Lauderdale, Florida, upon the *Debtors' Supplemental Application for Approval to Employ Grant Thornton LLP to Provide Tax Examination Assistance to the Debtors Effective as of March 6, 2023*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

(the "Application") [ECF No. 1188]. The Court, having considered (i) the Application, (ii) the *Supplemental Declaration of Mark Margulies in Support of Debtors' Supplemental Application for Approval to Employ Grant Thornton LLP to Provide Tax Examination Assistance, Effective March 6, 2023, and Expand the Scope of the Transaction Advisory Services to the Debtors, Effective April 11, 2023* (the "Supplemental Margulies Declaration"), attached to the Application as Exhibit A; (iii) the Supplemental SOWs attached to the Application as Exhibits B and C, (iv) the *Objection to Expedited Supplemental Application for Approval to Employ Grant Thornton LLP* [ECF No. 1255] and the *Supplement to Objection to Expedited Supplemental Application for Approval to Employ Grant Thornton LLP* [ECF No. 1306] (collectively, the "Owoc Objections"), filed by Jack H. Owoc a/k/a Jack Owoc, and Megan Owoc; (v) the *Response to Objection [ECF No. 1255] and Supplement to Objection [ECF No. 1306] to Expedited Supplemental Application for Approval to Employ Grant Thornton LLP [ECF No. 1316],* filed by the Debtors; (vi) the *Second Supplemental Declaration of Mark Margulies in Support of Debtors' Supplemental Application for Approval to Employ Grant Thornton LLP to Provide Tax Examination Assistance, Effective March 6, 2023, and Expand the Scope of the Transaction Advisory Services to the Debtors, Effective April 11, 2023* [ECF No. 1317] filed by the Debtors, and (vi) the record in these cases, including the Initial Employment Application [ECF No. 643], the Amended Margulies Declaration [ECF No. 654] and the Employment Order [ECF No. 665]; and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue of this case and the Application is this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court being satisfied, based on the representations made in the Application, the Amended Margulies Declaration and the Supplemental Margulies Declaration, that Grant Thornton is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the

Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest. Accordingly, it is

**ORDERED** as follows:

1. The Application is **APPROVED**, and the Owoc Objections are **OVERRULED**.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain Grant Thornton to perform: (i) tax examination assistance in these chapter 11 cases, effective as of March 6, 2023, pursuant to the terms and conditions of the Tax Audit SOW; and (ii) transaction advisory services, effective April 11, 2023, pursuant to the terms and conditions of the Transaction Advisory Services SOW. If hereafter, there is an actual or potential conflict of interest based upon Grant Thornton's concurrent representation of Mr. Owoc and the Debtors, the Court will adjudicate that conflict upon the Motion of either party. For clarity purposes, the Owocs agree not to seek to disqualify Grant Thornton or seek disgorgement of any fees earned by Grant Thornton prior to the filing of such motion on account of any such conflict.

3. Grant Thornton shall be compensated pursuant to the *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503], and shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at the discounted rates set forth in the Application and the Supplemental SOWs for services rendered and costs incurred on behalf of the Debtors.

4. The Debtors and Grant Thornton are authorized and empowered to take all actions necessary to implement the relief granted in this Order. To the extent there is any inconsistency between the terms and conditions set forth in the Application, the Supplemental Margulies Declaration, and this Order, the provisions of this Order shall govern.

5. All other terms and conditions set forth in the Initial Employment Order, including, without limitation, modifications to the indemnification and limitation of liability provisions in the Engagement Letter, shall be applicable to Grant Thornton's expanded scope of services under the Supplemental SOWs and shall remain in full force and effect with respect to Grant Thornton's supplemental employment as approved by this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*