UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                           Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

    Debtors.                                 (Jointly Administered)

_____/

**DEBTORS' SEVENTH OMNIBUS MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE REJECTION OF (I) UNEXPIRED NON-RESIDENTIAL
REAL PROPERTY LEASES WITH (A) EVOX FL PEMBROKE 20351 LLC; (B)
SHERIDAN REAL ESTATE INVESTMENT A, LLC; AND (C) KP PROPERTIES OF
OHIO LLC; AND (II) EXECUTORY CONTRACTS WITH (A) UPDIKE
DISTRIBUTION LOGISTICS, LLC; AND (B) BITSIGHT TECHNOLOGIES, INC[2].**

    Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property

Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev

LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and

through their undersigned counsel, file this motion (the "Motion"), seeking an order in

substantially the form attached hereto as **Exhibit "A"** authorizing the Debtors to reject that certain

(i) *Industrial Lease* between Vital Pharmaceuticals, Inc. ("VPX") and Evox FL Pembroke 20351

LLC ("Evox FL") dated December 31, 2021, including any amendments, modifications thereto

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] This Motion is filed out of an abundance of caution solely to preserve the Debtors' rights under 11 U.S.C. § 365(a) in the event that: (1) the Court does not grant the relief requested in *Debtors' Motion For Entry of An Order (I) Ruling Section 365 As Amended by The Act Applies to the Deadline by Which the Debtors May Assume Or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [ECF No. 1185, the "Motion to Extend")]; or (2) the Court grants the relief requested in the Motion to Extend and the Court's order is subsequently reversed on appeal. The Debtors respectfully request that the Court set a hearing on this Motion on a date that is no earlier than the earliest of the following: (1) 28 days following the Court's denial of the Motion to Extend; or (2) 28 days following any order reversing the Court's grant of the Motion to Extend, or (3) August 7, 2023.

(collectively, the "Evox FL Lease") with rejection of the Evox FL Lease to be effective as of May 31, 2023, or the date that the Debtors turn over the keys to the Evox Leased Premises (as defined below); (ii) *Lease* between Sheridan Real Estate Investment A, LLC ("Sheridan A") and Quash Seltzer, LLC ("Quash") dated January 1, 2021, including any amendments, modifications thereto (collectively, the "Sheridan A Lease") with rejection of the Sheridan A Lease to be effective as of July 31, 2023, or the date that the Debtors turn over the keys to the Sheridan A Leased Premises (as defined below); (iii) *Agreement* (the "Initial Updike Agreement") between VPX and Updike Distribution Logistics, LLC ("Updike Distribution"), including the *Amendment to Agreement* dated August 18, 2021 (the "Amendment"), and any additional amendments or modifications thereto (collectively, the "Updike Agreement"), with the rejection of the Updike Agreement to be effective as of May 1, 2023; (iv) *Lease* dated May 1, 2019, between VPX and KP Properties of Ohio LLC, an Ohio limited liability company ("KP Properties"), and any additional amendments or modifications thereto (collectively, the "KP Lease"), with the rejection of the KP Lease to be effective as of the earlier of July 1, 2023, or the date that the Debtors turn over the keys to the KP Leased Premises (as defined below); and (v) *Agreement* between VPX and Bitsight Technologies, Inc. ("Bitsight") dated on or about June 23, 2021, and any additional amendments or modifications thereto (collectively, the "Bitsight Agreement"), with the rejection of the Bitsight Agreement to be effective as of the date of this Motion.  In support of the Motion, the Debtors respectfully represent as follows:

## I.    Jurisdiction

1.    This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District

pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

## II.    Background

2.    On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.    The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration")

5.    On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

6.    On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

## III.    Relief Requested and Basis Therefor

### A.  Evox FL Lease

7.    On or about December 31, 2021, VPX entered into the Evox FL Lease for non-residential real property located at 20351 Sheridan Street, Pembroke Pines, FL 33322 (the "Evox Leased Premises"). The term of the Evox FL Lease expires on December 31, 2024.

### B.  Sheridan A Lease

8.    On or about January 1, 2021, Quash entered into the Sheridan A Lease for non-residential real property located at 20311 Sheridan Street, Pembroke Pines, Florida 33322 (the "Sheridan A Leased Premises"). The current Renewal Term (as defined in the Sheridan A Lease)

3

expires on December 31, 2027. The Sheridan A Leased Premises houses certain canning lines that are no longer necessary to the Debtors' operations and should be removed from the premises by July 31, 2023.

### C. **Updike Agreement**

9.      On or about December 18, 2020, VPX entered into the Initial Updike Agreement with Updike Distribution.  Pursuant to the Initial Updike Agreement, Updike Distribution provides VPX with certain warehouse space located at 1002 S. 63rd Avenue, Phoenix, AZ 85043 (the "Updike Warehouse") and certain services relating to the delivery, handling and storage of goods delivered to the Updike Warehouse.  On or about August 18, 2021, VPX and Updike Distribution entered into the Amendment to the Initial Updike Agreement, whereby the Initial Updike Agreement was revised to reflect that Updike Distribution would provide 86,034 square feet of warehouse space located at the Updike Warehouse, and storage and handling services of goods delivered to the Updike Warehouse.  The storage space and services provided by Updike Distribution are no longer necessary to the Debtors' operations.

### D. **KP Lease**

10.     On or about May 1, 2019, VPX entered into the KP Lease for non-residential real property located at 3520 Old Metro Parkway, Fort Myers, FL 33916 (the "KP Leased Premises"). The term of the KP Lease expires on May 31, 2024.

### E. **Bitsight Agreement**

11.     On or about June 21, 2021, VPX entered into the Bitsight Agreement with Bitsight. Pursuant to the Bitsight Agreement, VPX subscribed to certain vendor risk management and monitoring services provided to VPX by Bitsight (collectively, the "Bitsight Services").   The Bitsight Services are no longer used by the Debtors or necessary to the Debtors' operations.

12.     The Debtors have been conducting a review of their operations and have

4

determined in their business judgment that the Evox FL Lease, Sheridan A Lease, and the KP Lease are unnecessary to the administration of these bankruptcy cases and are burdensome to the estates because VPX and Quash are no longer in need of these distribution and direct store delivery facilities. The Debtors do not believe that the Evox FL Lease, Sheridan A Lease, or the KP Lease have any value that can be achieved through an assumption and assignment to a third party. Therefore, maintaining the Evox FL Lease, Sheridan A Lease, and the KP Lease would impose unnecessary costs and burdens on the Debtors' estates with no commensurate benefit.

13.     In addition, the Debtors have determined that the storage and services provided by Updike Distribution, and the Bitsight Services provided by Bitsight are no longer necessary to the Debtors' operations, and that rejecting the Updike Agreement, and Bitsight Agreement is in the best interest of their estates.

14.     Accordingly, the Debtors seek to reject the Evox FL Lease, the Sheridan A Lease, the Updike Agreement, the KP Lease, and the Bitsight Agreement.

15.     Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the bankruptcy court, to assume or reject any unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc*., 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is

whether assumption or rejection will benefit this estate. *See Id*.

16.     In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

17.     Because the Debtors will not profit from the continued performance under the Evox FL Lease, the Sheridan A Lease, and the KP Lease, and rejection will avoid the accrual of administrative expenses, it necessarily follows that rejection of the earlier of (i) Evox FL Lease as of May 31, 2023, or the date the Debtors deliver possession of the Evox Leased Premises by returning the keys to the landlord; (ii) Sheridan A Lease as of July 31, 2023, or the date the Debtors deliver possession of the Sheridan A Leased Premises by returning the keys to the landlord; and (ii) KP Lease as of July 1, 2023, or the date the Debtors deliver possession of the KP Leased Premises by returning the keys to the landlord, is a decision made in the sound exercise of the Debtors' business judgment, that is, a decision that will benefit the Debtors' estates.

18.     In addition, the Debtors, with the assistance of their advisors, have determined that there is no net benefit that is likely to be realized from the Updike Agreement or the Bitsight

12070182-8

Agreement.    Absent rejection, the Debtors believe that the Updike Agreement and Bitsight Agreement will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of the Debtors' business.    Rejecting the Updike Agreement and Bitsight Agreement will help ease the Debtors' cash burn and increase the Debtors' liquidity.

19.    For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Evox FL Lease, the Sheridan A Lease, the Updike Agreement, the KP Lease, and the Bitsight Agreement upon the terms set forth herein. Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the (i) Evox FL Lease as of the earlier of May 31, 2023, or the date that the Debtors deliver possession of the Evox Leased Premises to Evox FL by returning the keys to the landlord, (ii) Sheridan A Lease as of the earlier of July 31, 2023, or the date that the Debtors deliver possession of the Sheridan A Leased Premises to Sheridan A by returning the keys to the landlord (iii) Updike Agreement pursuant to section 365(a) of the Bankruptcy Code effective as of May 1, 2023; the (iv) KP Lease as of the earlier of July 1, 2023, or the date that the Debtors deliver possession of the KP Leased Premises to KP Properties by returning the keys to the landlord, and (v) Bitsight Agreement as of the date of the filing of this Motion.

20.    The Debtors will continue to pay post-petition administrative rent to Evox FL and KP Properties for the time period that the Debtors occupy the Evox Leased Premises and KP Leased Premises. The Debtors shall continue to pay the operating expenses associated with the Sheridan A Leased Premises pursuant to the parties' continued course of dealing.  In addition, the Debtors will continue to pay post-petition amounts due under the Updike Agreement and the Bitsight Agreement until the effective date of the rejection of those agreements.

12070182-8

### Debtors' Reservation of Rights

21.     The Debtors may have claims against Evox FL arising under, or independently of, the Evox FL Lease; may have claims against Sheridan A arising under, or independently of, the Sheridan A Lease; and, may have claims against KP Properties arising under, or independently of, the KP Lease.  In addition, the Debtors may have claims against Undike Distribution arising under, or independently of, the Updike Agreement, and claims against Bitsight arising under, or independently of, the Bitsight Agreement. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Evox FL Lease, Sheridan A Lease, Updike Agreement, KP Lease and Bitsight Agreement.

22.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.

**WHEREFORE,** the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit A** (i) approving the rejection of the Evox FL Lease as of the earlier of May 31, 2023, or the date the Debtors deliver possession of the Evox Leased Premises to Evox FL by returning the keys to the landlord; (ii) approving the rejection of the Sheridan A Lease as of the earlier of July 31, 2023, or the date that the Debtors deliver possession of the Sheridan A Leased Premises to Sheridan A by returning the keys to the landlord; (iii) approving the rejection of the Updike Agreement effective as of May 1, 2023; (iv) approving the rejection of the KP Lease effective as of the earlier of July 1, 2023, or the date that the Debtors deliver possession of the KP Leased Premises to KP Properties by returning the keys to the landlord; (v) approving the rejection of the Bitsight Agreement effective as of the date of this Motion; and (vi) granting such other relief as is just and proper.

Dated: May 8, 2023
    Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
        tj.li@lw.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

    – and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

    – and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
        mniles@bergersingerman.com

*Co-Counsel for the Debtors*

12070182-8

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

    Debtors.                                          (Jointly Administered)
_____/

**ORDER GRANTING DEBTORS' SEVENTH OMNIBUS MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF (I) UNEXPIRED
NON-RESIDENTIAL REAL PROPERTY LEASES WITH (A) EVOX FL PEMBROKE
20351 LLC; (B) SHERIDAN REAL ESTATE INVESTMENT A, LLC; AND (C) KP
PROPERTIES OF OHIO LLC; AND (II) EXECUTORY CONTRACTS WITH (A)
UPDIKE DISTRIBUTION LOGISTICS, LLC; AND (B) BITSIGHT
<u>TECHNOLOGIES, INC.</u>**

    **THIS MATTER** came before the Court on _____, 2023 at _____

a.m./p.m., in Fort Lauderdale, Florida, upon the *Debtors' Seventh Omnibus Motion for Entry of*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12071049-3

*an Order Authorizing the Rejection of (I) Unexpired Non-Residential Real Property Leases with (A) Evox FL Pembroke 20351 LLC; (B) Sheridan Real Estate Investment A, LLC; and (C) KP Properties of Ohio LLC; and (II) Executory Contracts with (A) Updike Distribution Logistics, LLC; and (B) Bitsight Technologies, Inc.* (the "<u>Motion</u>") [ECF No. _____] filed by the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>").  The Motion seeks authority to reject the (a) Evox FL Lease[2] with Evox FL Pembroke 20351 LLC; (b) Sheridan A Lease with Sheridan Real Estate Investment A, LLC; (c) Updike Agreement with Updike Distribution Logistics, LLC; (d) KP Lease with KP Properties of Ohio LLC; and (e) Bitsight Agreement with Bitsight Technologies, Inc.  The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors.  Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary.  Accordingly, based on the entire record of the hearing on the Motion, it is

      **ORDERED** that:

    1.    The Motion is **GRANTED** as provided herein.

    2.    The Debtors' rejection of the Evox FL Lease is **APPROVED**, effective as of May 31, 2023, or the date that the Debtors deliver possession of the Evox Leased Premises to Evox FL, by returning the keys to Evox FL, pursuant to 11 U.S.C. § 365(a).   The Debtors will continue to pay post-petition administrative rent for the time period that the Debtors occupy the Evox Leased Premises.

    3.    The Debtors' rejection of the Sheridan A Lease is **APPROVED**, effective as of July 31, 2023, or the date that the Debtors deliver possession of the Sheridan A Leased Premises

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

to Sheridan A, by returning the keys to Sheridan A, pursuant to 11 U.S.C. § 365(a). The Debtors shall continue to pay the operating expenses associated with the Sheridan A Leased Premises pursuant to the parties' continued course of dealing.

4.      The Debtors' rejection of the Updike Agreement is **APPROVED**, effective as of May 1, 2023, pursuant to 11 U.S.C. § 365(a). The Debtors will continue to pay post-petition amounts due under the Updike Agreement until the effective date of the rejection.

5.      The Debtors' rejection of the KP Lease is **APPROVED**, effective as of July 1, 2023, or the date that the Debtors deliver possession of the KP Leased Premises to KP Properties by returning the keys to KP Properties, pursuant to 11 U.S.C. § 365(a). The Debtors will continue to pay post-petition administrative rent for the time period that the Debtors occupy the KP Leased Premises.

6.      The Debtors' rejection of the Bitsight Agreement is **APPROVED**, effective as of May 8, 2023, pursuant to 11 U.S.C. § 365(a). The Debtors will continue to pay post-petition amounts due under the Bitsight Agreement until the effective date of the rejection.

7.      **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING OR APPROVING THE REJECTION OF THE CONTRACT OR LEASE; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE CONTRACT OR LEASE.**

8.      The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*