**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 Case<br>Bankr. Case No. 22-17842 (PDR)<br>(Jointly Administered) |

**EMERGENCY MOTION OF MONSTER ENERGY COMPANY TO COMPEL JOHN H. OWOC, MEGAN OWOC, AND ELITE ISLAND, LLC TO PRODUCE DOCUMENTS PURSUANT TO RULE 2004 NOTICES AND CROSS-NOTICES**

**Expedited Hearing Request**

For the reasons set forth below, Monster Energy Company ("Monster") needs and is entitled to timely production of Documents and Communications from John H. Owoc ("Jack Owoc") and Megan Owoc and their affiliated entity, Elite Island LLC ("Elite Island") (together, the "Owocs"). The Owocs have the most intimate knowledge of the Debtors' assets and financial condition and are directly involved in certain suspicious transactions revealed in the Committee and other creditors' ongoing analysis of the Debtors' books and records. Monster duly filed a Notice of Rule 2004 Examination *Duces Tecum* of Jack Owoc, requesting documents relating to, among other topics, the Owocs' compensation, the circumstances surrounding the resignations of key VPX executives, and use of any Debtor's assets; and Cross-Notices of its intent to participate in the Committee's Rule 2004 Examinations *Duces Tecum* of each of the Owocs (requesting that the Owocs produce the same documents to Monster as were previously produced to the Committee). But despite the rapidly approaching deadlines for these examinations—all are scheduled to take place between May 10 and May 17, 2023—Monster has

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

> received ***no*** documents from the Owocs. Instead, the Owocs have produced their documents only to the Committee and, without any explanation, instructed the Committee not to share those documents with cross-noticing parties. During meet-and-confer discussions, the Owocs' counsel candidly acknowledged that there is no basis or justification for his clients' position. Given the fast-approaching deposition dates, Monster respectfully requests that this Motion be considered on an expedited basis and set for a hearing on the earliest date that is convenient for the Court.

Monster, by and through its undersigned counsel, hereby files this *Emergency Motion to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Produce Documents Pursuant To Rule 2004 Notices and Cross-Notices* (the "Motion") in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004, Federal Rules of Civil Procedure ("Federal Rule") 34, 37 and 45, made applicable by Rules 7034, 7037 and 9016, and Local Rule 2004-1. In this Motion, Monster respectfully requests that this Court order the Owocs to comply with the Rule 2004 Cross-Notices issued by Monster, as set out below.

In support of this Motion, Monster relies on the *Declaration of Yegor Fursevich, Esq.* (the "Fursevich Decl.") filed concurrently herewith and states as follows:

## PRELIMINARY STATEMENT

1. Over the next two weeks, Monster (the Debtors' largest unsecured creditor) will participate in the Committee's Rule 2004 Examinations *Duces Tecum* of the Owocs, which are scheduled for May 10 (Megan Owoc), May 15 (Jack Owoc), and May 17 (Elite Island) pursuant to duly issued Rule 2004 Notices and Cross-Notices.[2] Yet, despite having already produced certain

---

[2] Monster first issued its Notice of Intent to Serve Subpoena and Rule 2004 Examination on Mr. Owoc on January 30, 2023, requiring production of documents by February 14, 2023 (Dkt. 714). On March 13, 2023, Monster filed an Amended Notice of Rule 2004 Examination on Mr. Owoc requiring production of documents by March 31, 2023 (Dkt. 929). This deadline for production and examination was again extended in Monster's Amended Notice of Rule 2004

documents to the Committee requested in the Rule 2004 Notices (after months of unreasonable delay), the Owocs have continued to deny Monster access to these same documents.

2. The Owocs and their counsel have failed to proffer ***any*** legal basis for their position. In fact, the Owocs' counsel expressly stated that he could not provide any authority or justification for withholding his clients' documents from Monster and the other cross-noticing parties, but that he nonetheless had to follow his clients' wishes. Fursevich Decl. ¶ 11. The Owocs' position is not grounded in law and does not accord with the "broad" parameters of Rule 2004. *See In re Marathe*, 459 B.R. 850, 856 (Bankr. M.D. Fla. 2011) ("The scope of an examination under Rule 2004 is broad, and the Rule is properly used to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors").

3. Monster is entitled to the documents withheld by the Owocs. Monster not only noticed its intention to examine the Owocs months ago,[3] but in its most recent iterations of the Cross-Notices Monster formally requested that the Owocs "produce the documents, electronically stored information, or objects [they] produced in response to the Notice of Video Taped Rule 2004

---

Examination filed April 5, 2023 to April 21, 2023 (Dkt. 1129). On April 24, 2023, Monster filed a Notice of Adjournment of Mr. Owoc's examination scheduled for the following day because no documents had been produced and stated in that Notice: "This notice of adjournment is limited to deposition testimony and shall in no way act to modify the existing obligations to respond to the pending *Duces Tecum* request and produce all non-privileged documents and communications requested therein." (Dkt. 1242).

Monster filed its Cross-Notices of Rule 2004 Examination of Megan Owoc and Elite Island on March 28, 2023 (Dkts. 1049; 1050) and amended Cross-Notices on April 26, 2023 (reflecting the new dates for Ms. Owoc's and Elite Island's examinations) (Dkts. 1269; 1270). Monster sought to obtain the requested documents informally, but counsel for Mr. Owoc, Mrs. Owoc, and Elite Island declined to make the productions available to Monster without providing any basis for their refusal. Monster then filed new Cross-Notices on each of the Owocs on May 8, 2023, requesting production to Monster of all documents previously produced to the Committee. (Dkts. 1336, 1337, 1340).

[3] Most of the document requests in Monster's Notice of Rule 2004 Examination *Duces Tecum* issued to Jack Owoc (Dkt. 714) substantially overlap with the Committee's Rule 2004 Notice on Mr. Owoc (Dkt. 684), including but not limited to its requests for documents and communications relating to (i) the Owocs' compensation; (ii) expenses on vehicles, travel, and employees; (iii) distributions of Debtors' assets to family members; (iv) expenses relating to a documentary about Jack Owoc; (v) Debtors' corporate structure and relationship with other entities; and (vi) Debtors' assets and liabilities.

Examination *Duces Tecum* … filed by the [Committee] and any amended Rule 2004 Notices filed by the Committee." (*See* Dkts. 1336 (Elite Island), 1337 (Megan Owoc), 1340 (Jack Owoc)). Withholding these documents from Monster is also illogical because the Owocs' examinations—in which Monster will participate—will presumably cover the very same documents the Owocs seek to withhold from Monster.

4. The Owocs' baseless refusal to produce the requested documents to anyone other than the Committee is severely prejudicing Monster's ability to prepare for the examinations (the earliest of which is scheduled to occur in two days). Monster thus respectfully requests that this Court order the Owocs to immediately reproduce to Monster all documents that they have already produced to the Committee and any other documents responsive to Monster's Rule 2004 Notices or Cross-Notices in the Owocs' possession.

## FACTUAL BACKGROUND

5. On April 24 and 27, 2023, Monster asked that the Committee produce documents that it has received from the Owocs pursuant to its Rule 2004 Examination Notices. *See* Fursevich Decl., Exs. A-B. Consistent with prior practice, Monster expected that the Committee would reproduce those documents to all cross-noticing parties prior to the examinations.

6. On April 28, 2023, the Committee responded, stating that counsel for the Owocs (Patrick Dorsey of Shraiberg Page P.A.) had informed the Committee that "his clients object to the Committee sharing the documents we've received with both the Debtors and any cross-noticing parties," and that, as a result, the Committee did "not plan to share the documents [they had] received to date with any of the cross-noticing parties until [they] hear[d] otherwise from Patrick [Dorsey] or the court resolves this issue." *See* Fursevich Decl., Ex. C.

7. On May 1, 2023,[4] counsel for Monster emailed Mr. Dorsey to request that he provide some rationale for withholding the documents from Monster and the other cross-noticing parties. Fursevich Decl., Ex. D. Monster explained to Mr. Dorsey that, "[a]s one of the cross-noticing parties, and consistent with prior practice, Monster is entitled to receive the documents you have produced (or will produce) to the Committee. Presumably, many of those documents will be used during the depositions at which [Monster] will be present." *Id.*

8. On May 3, 2023, Mr. Dorsey and counsel for Monster conferred over telephone in an attempt to resolve this dispute. In that conversation, Mr. Dorsey stated that he could not offer any basis or justification for withholding the documents that the Owocs have already produced to the Committee. Mr. Dorsey nonetheless asserted that he was obligated to follow his clients' wishes and that he would meet with his clients the next day to discuss this issue further. *Id.* ¶ 11.

9. On May 5, 2023, Monster followed up with Mr. Dorsey to see if his clients have changed their position. *Id.*, Ex. E. Monster has not received a response, thus necessitating this emergency Motion.

10. On May 8, 2023, Monster also filed new Cross-Notices on the Owocs to supplement its previous Notices and Cross-Notices, requesting that each of the Owocs produce the materials produced in response to the Committee's Rule 2004 Notices and any amended Notices. (Dkts. 1336 (Elite Island), 1337 (Megan Owoc), 1340 (Jack Owoc)).

[4] In the status conference before this Court on the same day, the Court directed the Owocs to comply with their obligations to produce documents and present themselves for examination pursuant to the Rule 2004 Notices without further delay.

**MOTION TO COMPEL**

11. By this Motion, Monster respectfully requests that this Court enter an order compelling the Owocs to immediately furnish to Monster any documents or materials that they have already produced to the Committee pursuant to any Rule 2004 Notices.

12. Local Rule 2004-1(B) provides that requests for production of documents may be construed as requests under Bankruptcy Rule 7034. Pursuant to Federal Rule 37, made applicable by Bankruptcy Rule 7037, a party seeking discovery may move for an order compelling production if a party fails to produce documents as requested under Federal Rule 34 or provides an evasive or incomplete response. Fed. R. Civ. P. 37(a)(3)(B)(iv).

13. The Owocs have failed to provide any explanation or justification for withholding from Monster the documents already furnished to the Committee. Monster is entitled to receive these documents pursuant to its 2004 Notice *Duces Tecum* issued to Mr. Owoc and as a cross-noticing party for the examinations of the Owocs. Moreover, Monster is participating in the Owocs' examinations, which will presumably cover the very same documents the Owocs refuse to furnish to Monster. As Debtors' largest unsecured creditor, Monster is entitled to discovery to "prob[e] into legitimate areas contemplated by [Rule] 2004," including the acts and conduct of Debtor VPX's former Chief Executive Officer and Director of Marketing. *In re Pan Am. Hosp. Corp.*, 2005 WL 2445907 (Bankr. S.D. Fla. Feb. 25, 2005) (rejecting debtors' request to limit the scope of the examinations to the documents sought in a Rule 2004 Notice *Duces Tecum* and holding that "any party in interest that has raised legitimate concerns about the competence of a debtor's management may take discovery to prove or augment its case").

14. Where a party fails to object or provide an explanation as to why documents cannot be produced in response to a Rule 2004 subpoena, this Court has ordered that they must be

produced. *See* Motion to Compel Hearing Transcript, *In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR (Bankr. S.D. Fla. Nov. 22, 2021) (Dkt. 169) at 12:10–16; Order Granting Amended Emergency Motion to Compel the Production of Documents and For Attorneys' Fees and Costs, *In re No Rust Rebar, Inc.*, Case No. 21-12188-PDR (Bankr. S.D. Fla. Nov. 24, 2021) (Russin, J.) (Dkt. 124).

15. Pursuant to Federal Rule 37(a)(1), undersigned counsel certifies that prior to the filing of this Motion, they made an effort to confer with the Owocs and their counsel regarding the outstanding discovery issues, as described above. Accordingly, the Court should compel the Owocs to produce the Documents and Communications already produced to the Committee and any other responsive documents in the Owocs' possession so that Monster may prepare for the Owocs' Rule 2004 examinations.

## CONCLUSION

**WHEREFORE**, Monster respectfully requests that this Court grant the Motion and enter an Order, substantially in the form of the Proposed Order attached hereto as **Exhibit 1**, compelling the Owocs to immediately furnish to Monster the Documents and Communications requested in the 2004 Notices and already produced to the Committee and any other responsive documents in the Owocs' possession.

Dated: May 8, 2023

**AKERMAN LLP**

/s/ *Michael I. Goldberg*
Michael I. Goldberg[5]
Florida Bar No. 886602
Eyal Berger
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: (954) 463-2700 /F: (954) 463-2224
michael.goldberg@akerman.com
eyal.berger@akerman.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
Richard M. Pachulski (pro hac vice)
Ira D. Kharasch (pro hac vice)
Robert J. Feinstein (pro hac vice)
Teddy M. Kapur (pro hac vice)
Steven W. Golden (pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910 /F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

[5] Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court orders dated as follows: (i) Teddy M. Kapur, October 14, 2022 [ECF 103]; (ii) Robert J. Feinstein, October 17, 2022 [ECF 133]; (iii) Steven Golden, October 17, 2022 [ECF 134]; (iv) Richard M. Pachulski, October 18, 2022 [ECF 158] ; and (v) Ira D. Kharasch, October 18, 2022 [ECF 159].

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was served via CM/ECF Notice of Electronic Filings to all parties registered to receive electronic noticing in this case on May 8, 2023.

By: /s/ *Michael I. Goldberg*
Michael I. Goldberg

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| IN RE:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors.[6] | Chapter 11 Case<br>Bankr. Case No. 22-17842 (PDR)<br>(Jointly Administered) |
|---|---|

**ORDER GRANTING THE EMERGENCY MOTION OF MONSTER ENERGY COMPANY TO COMPEL JOHN H. OWOC, MEGAN OWOC, AND ELITE ISLAND, LLC TO PRODUCE DOCUMENTS PURSUANT TO RULE 2004 NOTICES AND CROSS-NOTICES**

[6] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

**THIS MATTER** came before the Court on *Emergency Motion of Monster Energy Company to Compel John H. Owoc, Megan Owoc, and Elite Island, LLC to Produce Documents Pursuant To Rule 2004 Notices and Cross-Notices* [Docket No. ___ ] (the "Motion"). The Court, having considered the Motion and the *Declaration of Yegor Fursevich, Esq.* [Docket No. ___ ], the record, and having found good cause for the relief set forth herein, it is **ORDERED** that**:**

1. The Motion is **GRANTED**.

2. John H. Owoc shall produce to Monster Energy Company the documents, electronically stored information, or objects he already produced to the Official Committee of Unsecured Creditors (the "Committee") pursuant to the Notice of Videotaped Rule 2004 Examination *Duces Tecum* filed by the Committee (Dkt. 684) and any amended Rule 2004 Notices filed by the Committee thereafter, as soon as practicable, but no later than 4:30 p.m. ET on May 9, 2023.

3. John H. Owoc shall also produce to Monster Energy Company any additional documents responsive to Monster Energy Company's Notice of Rule 2004 Examination Duces Tecum (Dkt. 714) and amended Rule 2004 Notices thereafter as soon as practicable, but no later than 4:30 p.m. ET on May 9, 2023.

4. Megan Owoc shall produce to Monster Energy Company the documents, electronically stored information, or objects she already produced to the Committee pursuant to the Notice of Videotaped Rule 2004 Examination *Duces Tecum* filed by the Committee (Dkt. 686) and any amended Rule 2004 Notices filed by the Committee thereafter, as soon as practicable, but no later than 4:30 p.m. ET on May 9, 2023.

5. Elite Island LLC shall produce to Monster Energy Company the documents, electronically stored information, or objects it already produced to the Committee pursuant to the

Notice of Videotaped Rule 2004 Examination Duces Tecum filed by the Committee (Dkt. 689) and any amended Rule 2004 Notices filed by the Committee thereafter, as soon as practicable, but no later than 4:30 p.m. ET on May 9, 2023.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

**SUBMITTED BY:**

Michael I. Goldberg, Esq.
**Akerman, LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-mail: michael.goldberg@akerman.com

Attorney Goldberg is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.