UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors.        / | (Jointly Administered) |

**DEBTORS' RESPONSE IN OPPOSITION TO MOTION OF WEBB & GERRITSEN, INC. TO ALLOW LATE FILING OF PROOF OF CLAIM**

Vital Pharmaceuticals, Inc. ("VPX"), Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), file this Response in Opposition (the "Response") to the *Motion of Webb & Gerritsen, Inc. to Allow Late Filing of Proof of Claim* (the "Motion") [ECF No. 1169]. In support of this Response, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. Webb & Gerritsen Inc.'s (the "Movant") request for allowance to file a claim after the Claims Bar Date should be denied because the Movant failed to meet its burden establishing "excusable neglect" in support of its request. The Movant made a deliberate and conscious decision not to file a proof of claim, which is contrary to the "inadvertence, mistake, or carelessness" required to establish "neglect," without even reaching the second consideration as to whether such neglect was "excusable" under the Supreme Court's stated test for determining

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12106622-1

"excusable neglect" allows a party to file a claim late. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). For these reasons, the Motion should be summarily denied.

## BACKGROUND

2. In February 2022, the Circuit Court for Waukesha County, Wisconsin (the "Circuit Court") entered a final judgment against VPX and in Movant's favor.

3. In March 2022, VPX appealed the judgment (the "State Court Appeal") and deposited approximately $2.9 million with the Circuit Court's clerk, as a condition to obtaining a stay of collection of the judgment pending the appeal.

4. On October 10, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On October 24, 2022, the Debtors' claims agent filed a Certificate of Service, which indicated that the Notice of Chapter 11 Bankruptcy Case and Official Form 410 Proof of Claim Form had been served upon the creditors listed in two attached exhibits, which included the Movant. [ECF No. 203, at 133].

6. The Notice of Chapter 11 Bankruptcy Case (the "Notice") provided that the deadline for all creditors to file a proof of claim was December 19, 2022 (the "Claims Bar Date").

7. The Notice further explained what a proof of claim is, where to obtain a proof of claim form, why a creditor would need to file a proof of claim, and possible consequences of not filing a proof of claim. [ECF No. 203, at 4].

8. The Notice expressly indicated that "if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan." [ECF No. 203, at 4 (emphasis in the original)].

9. The Notice also stated that "[s]ecured creditors retain rights in their collateral regardless of whether they file a proof of claim." [ECF No. 203, at 4].

10. On November 11, 2022, the Debtors filed their initial schedules, including Schedule F Creditors Who Have Non-Priority Unsecured Claims. [ECF No. 323].

11. The Movant's claim for $2,500,000 was listed on Schedule F as an unsecured, contingent, unliquidated, and disputed claim. [ECF No. 323, at 96].

12. As of the date of the Debtors' petition, the record from the Circuit Court had not yet been transmitted to the Wisconsin Court of Appeals (the "Appeals Court"). Multiple extensions were granted to the court reporter for the submission of transcripts that had previously been ordered, which was the reason for the delay.

13. On February 13, 2023, the transcripts were submitted to the Circuit Court.

14. On March 6, 2023, the record was transmitted from the Circuit Court to the Appeals Court.

15. On March 17, 2023, VPX filed a Suggestion of Bankruptcy in the Appeals Court and requested the proceedings be stayed under the provisions of the 11 U.S.C. § 362(a).

16. On March 20, 2023, the Appeals Court entered an order staying the appeal proceedings.

17. On April 14, 2023, Movant filed the Motion, requesting allowance to file a proof of claim based because the State Court Appeal was stayed by the automatic stay[2] and the Movant now fears that it may be undersecured and is seeking allowance to file an unsecured claim for post-

---

[2] The Movant asserts that the Debtors "obtained a separate stay from the automatic stay," [ECF No. 1169, at 1] without explaining how it reached this conclusion or why it matters. To the extent that the Court determines it does matter, the Debtors assert that the automatic stay applies to the State Court Appeal, they informed the Appeals Court about the bankruptcy petition shortly after the record on appeal was transmitted, and the Appeals Court properly imposed the automatic stay to the State Court Appeal.

petition interest and attorneys' fees or for the entirety of its claim if the Debtors are successful in the State Court Appeal. These facts are insufficient to support the Movant's requested relief.

## ARGUMENT

18. The Movant has not carried its burden to establish the requisite "cause" required for the Court to allow it to file a claim after the Claims Bar Date. Fed. R. Bankr. P. 3003(c) governs the requirements for filing a proof of claim in a chapter 11 case. Fed. R. Bankr. P. 3003(c)(3) provides, in relevant part, that the court "for cause shown may extend the time within which proofs of claim or interest may be filed." *See In re Banco Latino Int'l*, 310 B.R. 780, 784 (S.D. Fla. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)), *affirmed summarily* 404 F.3d 1295 (11th Cir. 2005).

19. The standard for considering whether to grant a motion for a late-filed claim is governed by Fed. R. Bankr. P. 9006(b), which "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." *Pioneer Inv. Servs. Co.*, 507 U.S. at 382 (internal quotation marks and citation omitted). In the *Pioneer* case, the Supreme Court established a two-part test for determining whether the failure to timely file a proof of claim is due to "excusable neglect. *In re Banco Latino Int'l*, 310 B.R. at 785.

20. The movant must first show "neglect" by demonstrating either (1) the circumstances leading to the delay were not within the movant's control, or (2) the movant's actions were "inadvertence, mistake or carelessness." *Id.*

21. Once the movant has established that the actions were from neglect, the movant must then demonstrate that the neglect was "excusable," which is an equitable determination after considering all relevant circumstances for the late filing, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the

delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

22. "However, the law since the *Pioneer* decision has been well established that where a party's actions are deliberate, the party's late filing cannot constitute 'excusable neglect.'" *In re Banco Latino Int'l*, 310 B.R. at 785 (collecting cases); *see In re Global Aviation Holdings Inc.*, 495 B.R. 60, 64 (Bankr. E.D.N.Y. 2013) ("A claim which is filed late due to conscious disregard of the bar date cannot be saved by Rule 9006(b)(1).").

23. In the Motion, the Movant admits that it chose not to file a proof of claim based upon the language in the Notice. [ECF No. 1169, ¶ 5].

24. The Movant made this decision despite the fact that the notice of appeal was filed almost ten months prior to the Claims Bar Date; its claim was scheduled as unsecured, contingent, unliquidated, and disputed; and the language in the Notice stating that if your claim is scheduled as contingent, unliquidated, and disputed, "you **must** file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan." (emphasis added).

25. This deliberate choice falls outside the requirements to demonstrate "neglect" through lack of control or "inadvertence, mistake or carelessness."

26. Even if the Movant could demonstrate neglect, the factors for deciding whether it is "excusable" weigh heavily in favor of the Debtors.

27. The first factor, prejudice to the Debtors, weighs against the Movant because the Debtors have had a set claims register since December 19, 2022, and have been diligently working on a sale process based upon the claims that were timely filed. Adjusting the claims at this time could further delay or inhibit the sale, which is prejudicial to the Debtors' reorganization efforts.

28. The second factor, the length of the delay weighs in favor of the Debtors as well. This four-month delay occurred during a critical time in the Debtors' proceedings, namely, while

the Debtors are attempting to effectuate a sale. A new claim for almost $3 million during this juncture, when the claim was known and deliberately not filed before the deadline, is an impermissible delay to the judicial proceedings in this case.

29. The third factor, the reason for the delay, including whether the delay was in the control of the movant, weighs heavily in favor of the Debtors. As previously stated, the Movant's failure to timely file its claim was a deliberate choice made by the Movant after reading the Notice. This factor alone should be determinative, particularly in this where the Movant made a choice that it now regrets and is seeking to undo. *See In re Global Aviation Holdings Inc.*, 495 B.R. at 65 ("In the Second Circuit, the nature of the excuse given for the late filing is weighted more heavily than the other *Pioneer* factors.").

30. The fourth factor, whether the movant acted in good faith, is also against the Movant. The Movant here is not only seeking to file a proof of claim based upon the possibility of interest and attorneys' fees that may exceed its purported security, but is also seeking to file an unsecured proof of claim for the entirety of the judgment in the event that it loses in the State Court Appeal.

31. The request to file an unsecured claim for interest and attorneys' fees is baseless under Supreme Court precedent holding that undersecured creditor's do not receive post-petition interest under 11 U.S.C. § 506(b), which also encompasses a request for post-petition attorneys' fees. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 382 (1988). This attempt to file a claim that is not allowed demonstrates the Movant's bad faith.

32. As to filing an unsecured claim for the entire amount, the possibility that the Movant could lose on appeal was present from the moment the notice of appeal was filed in February 2022, ten months before the Claims Bar Date. Thus, the effort to file a claim for this possibility four months after the claims register has been set is also indicative of bad faith.

33. Finally, the Movant's attempt to blame the Debtors for the failure to file a claim because it "did not know that the Debtors would seek to stay" the State Court Appeal demonstrates bad faith in shifting the blame for its own decision onto the Debtors. [*See* ECF No. 1169, ¶ 11].

34. A majority of the federal circuit courts of appeals have held that § 362(a)(1) applies to stay "appellate proceedings where the debtor has filed an appeal from a judgment entered in a suit against the debtor." *TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011) (noting that the Tenth Circuit's contrary position was in the minority and reversing its prior interpretation to coincide with the majority); *see BUC Int'l Corp. v. Int'l Yacht Council, Ltd.*, No. 02-60772, 2007 WL 9760005, *1 (S.D. Fla. Sep. 21, 2007) (noting that determining whether an action is "against the debtor" is based upon the status when the proceedings are initiated, not upon which party has appealed and denying a motion to stay because the debtor was the plaintiff).

35. The Movant, or its counsel, could have determined that the automatic stay applied to the State Court Appeal prior to the Claims Bar Date. Alternatively, the Movant's counsel could have contacted the Debtors' counsel to determine the Debtors' position as to the application of the automatic stay to the State Court Appeal. The Movant failed to take either of these steps to determine whether it should file a proof of claim prior to the Claims Bar Date and it should not be allowed to file now based upon circumstances that were well within its ability to discover in advance of the Claims Bar Date.

36. To the extent that the Movant asserts that it should not be penalized for its counsel's mistake or neglect, the Supreme Court has held otherwise. *Pioneer Inv. Servs. Co.*, 507 U.S. at 397 (noting that the Court has held that "clients must be held accountable for the acts and omissions of their attorneys" in other contexts and holding that the same principle applies when counsel misses the claims deadline in a bankruptcy proceeding); *see In re Majestic Gardens Condo. C*

*Ass'n Inc.*, 637 B.R. 755, 757 (Bankr. S.D. Fla. 2022) (Russin, J.) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 397).

37. Thus, whether the decision not to file a proof of claim was the Movant's or its counsel's does not change the analysis for demonstrating "excusable neglect."

## CONCLUSION

38. For these reasons, the Debtors respectfully request the Court enter an Order denying the Motion.

Dated: May 9, 2023
      Miami, Florida

Respectfully submitted,

/s/ Jordi Guso

George A. Davis (admitted *pro hac vice*)
Hugh K. Murtagh (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
       Hugh.murtagh@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
Erin M. Hoskins
Florida Bar No. 1003283
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
       mniles@bergersingerman.com
       ehoskins@bergersingerman.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for Debtors*