United States Bankruptcy Court
Southern District of Florida

In re:                                                                                          Case No. 22-17842-PDR

Vital Pharmaceuticals, Inc.                                                                     Chapter 11

        Debtor

# CERTIFICATE OF NOTICE

District/off: 113C-0                              User: admin                                    Page 1 of 12

Date Rcvd: May 08, 2023                           Form ID: pdf004                                Total Noticed: 137

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 10, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Vital Pharmaceuticals, Inc., 1600 N. Park Dr., Weston, FL 33326-3278 |
| aty | + | Eric Chafetz, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020-1104 |
| aty | | Ira D Kharasch, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003 |
| aty | + | Jarret P Hitchings, 301 S. College Street, # 2150, Charlotte, NC 28202-6000 |
| aty | + | Jeffrey Cohen, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020-1104 |
| aty | + | Jordana Renert, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020-1104 |
| aty | + | Laurence M Frazen, One Kansas City Place, 1200 Main Street, Suite 3800, Kansas City, MO 64105-2339 |
| aty | + | Matthew G Bouslog, 3161 Michelson Drive, Irvine, CA 92612-4400 |
| aty | + | Nicole Fulfree, One Lowenstein Drive, Roseland, NJ 07068-1740 |
| aty | | Richard M Pachulski, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003 |
| aty | | Robert J Feinstein, Esq., Pachulski Stang Ziehl & Jones, 780 Third Avenue, 34th Floor, New York, NY 10017-2024 |
| aty | + | Russell H Falconer, 2001 Ross Avenue, Suite 2100, Dallas, TX 75201-2923 |
| aty | | Steven W. Golden, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017-2024 |
| aty | | Teddy M Kapur, 10100 Santa Monica Blvd 13 Floor, Los Angeles, CA 90067-4003 |
| aty | + | William J Easley, One Kansas City Place, 1200 Main Street, Suite 3800, Kansas City, MO 64105-2339 |
| sp | + | A.J. Webb, 301 East Fourth Street #3300, Cincinnati, OH 45202-4257 |
| cr | + | ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing, c/o Christopher R. Thompson, Esq., Burr & Forman LLP, 200 S. Orange Ave., Suite 800, Orlando, FL 32801-6404 |
| cr | + | ADM Wild Europe GmbH & Co. KG, c/o Paul Hoffmann, Esq., 1201 Walnut, Suite 2900, Kansas City, MO 64106-2178 |
| cr | + | ALDA 4747 W. Buckeye LLC, c/o Hamid R. Rafatjoo, Raines Feldman LLP, 1800 Avenue of the Stars, 12th Floor Los Angeles, CA 90067-4201 |
| cr | + | All Brands Distribution, LLC, c/o Zach B. Shelomith, Esq., 2699 Stirling Rd # C401, Fort Lauderdale, FL 33312-6598 |
| intp | + | Allison L Libeu, 620 Newport Center Drive, # 1300, Newport Beach, CA 92660-8013 |
| cr | + | Ally Bank, P.O. Box 5703, Clearwater, FL 33758-5703 |
| cr | + | American Express National Bank and Amex TRS Co., I, c/o Martin l. Sandler, esq, 3400 SW 27th Avenue suite 1705, Miami, fl 33133-5320 |
| cr | + | Americredit Financial Services, Inc. d/b/a GM Fina, c/o Christopher R. Thompson, Burr & Forman LLP, 200 S. Orange Ave, Suite 800, Orlando, FL 32801-6404 |
| sp | + | Amy C Quartarolo, 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071-3104 |
| intp | + | Andrew Bean, 2001 Ross Avenue # 2100, Dallas, TX 75201-2923 |
| sp | + | Andrew P Beilfuss, 411 East Wisconsin Ave # 2400, Milwaukee, WI 53202-4428 |
| sp | + | Andrew Sorkin, 555 Eleventh St NW #1000, Washington, DC 20004-1327 |
| cr | + | Archer Daniels Midland Company, c/o Paul Hoffmann, Esq., 1201 Walnut, Suite 2900, Kansas City, MO 64106-2178 |
| cr | + | Ardagh Metal Packaging USA Corp., c/o Shumaker, Loop & Kendrick, LLP, 101 S. Tryon Street, Suite 2200, Charlotte, NC 28280-0027 |
| intp | + | Arielle B Adler, One Lowenstein Drive, Roseland, NJ 07068-1740 |
| intp | + | Bang Energy Canada, Inc., 1600 N. Park Dr., Weston, FL 33326-3278 |
| cr | + | Brendan Abbott, c/o Daniel Harvath, 75 W. Lockwood, Suite #1, Webster Groves, MO 63119 UNITED STATES 63119-2946 |
| fa | + | Brent C Williams, 500 West Madison St # 300, Chcago, IL 60661-4546 |
| sp | + | Brian S Rosen, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| cr | + | CI421 4747 W. Buckeye LLC, c/o Hamid R. Rafatjoo, Raines Feldman LLP, 1800 Avenue of the Stars, 12th Floor Los Angeles, CA 90067-4201 |
| cr | + | CM Builders, Inc. dba Integrated Masonry, c/o Carolyn R. Tatkin, Radix Law, 15205 N. Kierland Blvd., Suite 200, Scottsdale, AZ 85254-8170 |
| cr | + | CRG Financial LLC, 84 Herbert Ave., Building B - Suite 202, Closter, NJ 07624, UNITED STATES 07624-1313 |
| cr | + | Carolina Canners, Inc., c/o Kelley, Fulton, Kaplan & Eller PL, 1665 Palm Beach Lakes Blvd., Suite 1000, West Palm Beach, FL 33401-2109 |
| intp | + | Carolyn Tatkin, Esq, 15205 N Kiedrland Blvd Suite 200, Scottsdale, AZ 85254-8170 |
| cr | + | Carrollton-Farmers Branch ISO, c/o Linda D. Reece, 1919 S. Shiloh Rd., Suite 640, LB 40, Garland, TX 75042-8234 |
| intp | + | Christopher R Kaup, 2525 East Camelback Road, Phoenix, AZ 85016-4219 |

District/off: 113C-0                          User: admin                                    Page 2 of 12
Date Rcvd: May 08, 2023                       Form ID: pdf004                              Total Noticed: 137

| | | |
|---|---|---|
| cr | + | Chubb Companies, Duane Morris LLP, 201 S. Biscayne Blvd., Suite 3400, Miami, FL 33131-2318 |
| sp | + | Cole Richins, 100 North Tryon Street, Suite 47, Charlotte, NC 28202-4000 |
| cr | + | Cole, Scott & Kissane, P.A., 9150 S. Dadeland Blvd #1440, Miami, FL 33156-7855 |
| crcm | | Creditor Committee, c/o Clint E. Pyle, Temporary Chairperson, 2900 Hartley Road, Jacksonville, FL 32257-8221 |
| sp | + | Daniel L Geyser, 2323 Victory Avenue, Suite 700, Dallas, TX 75219-7672 |
| intp | + | David C Rose, 7 Times Square, New York, NY 10036-6524 |
| sp | + | David Levine, Sanchez Fischer Levine, LLP, 1200 Brickell Avenue, Suite 750, Miami, FL 33131-3255 |
| intp | + | David M Barlow, 2525 East Camelback Rd, Phoenix, AZ 85016-4219 |
| sp | + | David M Levine, 1200 Brickell Ave # 750, Miami, FL 33131-3255 |
| cr | + | EASTGROUP Properties, L.P., c/o Thomas L. Abrams, 633 S. Andrews Ave., #500, Fort Lauderdale, FL 33301-2858 |
| intp | + | Elite Island, LLC, 1600 N Park Dr., Weston, FL 33326-3278 |
| sp | + | Elizabeth A Morris, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| intp | + | Erica Mannix, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020-1104 |
| sp | + | Erin P Severini, 301 E 4th St #3300, Cincinnati, OH 45202-4257 |
| intp | | Faegre Drinker Biddle & Reath LLP, c/o Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Fl, New York, NY 10036-2714 |
| cr | + | Faith Technologies Incorporated, c/o Jerry Markowitz, Markowitz Ringel Trusty & Hartog PA, 9130 S. Dadeland Blvd., Suite 1800 Miami, FL 33156-7858 |
| intp | + | Gekay Sales + Service Co., Inc., c/o Aaron A. Wernick, Esq., 2255 Glades Road, Suite 324A, Boca Raton, FL 33431-8571 |
| sp | + | George A Davis, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| cr | + | Graphic Packaging International, LLC, c/o Shumaker, Loop & Kendrick, LLP, 101 S. Tryon Street, Suite 2200, Charlotte, NC 28280, UNITED STATES 28280-0027 |
| intp | + | Homer Parkhill, 1251 Avenue of the Americas, New York, NY 10020-1104 |
| intp | + | Hugh Murtagh, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| intp | + | JHO Intellectual Property Holdings, LLC, 1600 N. Park Dr., Weston, FL 33326-3278 |
| intp | + | JHO Real Estate Investment, LLC, 1600 N. Park Dr., Weston, FL 33326-3278 |
| intp | + | Jack H. Owoc, 1600 N. Park Drive, Weston, FL 33326-3278 |
| cr | + | Jasmin Williams, Law Office of Mark S. Roher, P.A., 1806 N. Flamingo Road, Suite 300, Pembroke Pines, FL 33028-1032 |
| sp | + | Jeramy D Webb, 330 North Wabash Avenue #2800, Chicago, IL 60611-3695 |
| consult | | John C Didonato, 550 W Van Buren St, Chicago, IL 60607-3827 |
| fa | + | John D'Amico, 787 Seventh Avenue, New York, NY 10019-6018 |
| sp | + | John Whitney McVay Morley, 330 North Wabash Avenue #2800, Chicago, IL 60611-3695 |
| sp | + | Jonathan J Weichselbaum, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| sp | + | Joseph Celention, 330 North Wabash Avenue #2800, Chicago, IL 60611-3695 |
| intp | + | K. Scott Reynolds, 3133 W. Frye Road #101, Phoenix, AZ 85226-5132 |
| sp | + | Kim Martin Lewis, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, OH 45202-4245 |
| cr | + | Krier Foods, Inc., 333 S.E. 2nd Avenue, Suite 3200, Suite 3200, Miami, FL 33131 UNITED STATES 33131-2191 |
| intp | + | Lindsay Sklar, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020-1104 |
| sp | + | Luis M Lluberas, 100 North Tryson St # 47, Charlotte, NC 28202-4000 |
| cr | + | MFP 4747 W. Buckeye LLC, c/o Hamid R. Rafatjoo, Raines Feldman LLP, 1800 Avenue of the Stars, 12th Floor Los Angeles, CA 90067-4201 |
| cr | + | Maricopa County Treasurer, 301 West Jefferson, Suite 100, Phoenix, AZ 85003-2199 |
| fa | + | Mark Margulies, Grant Thornton LLP, 1301 International Parkway # 300, Ft. Lauderdale, FL 33323-2874 |
| intp | + | Matthew Murray, 40 Wall Street, 37th Floor, New York, NY 10005-1381 |
| intp | | Maura P McIntyre, 1000 Key Tower, 127 Public Square, Cleveland, OH 44114 |
| intp | + | Megan Owoc, 16720 Stratford Court, Southwest Ranches, FL 33331-1358 |
| intp | + | Michael T Crabb, 10740 Nall Ave Suite 250, Overland Park, KS 66211-1367 |
| cr | + | Mitsubishi HC Capital America, Inc., c/o Kye Law Group, P.C., 201 Old Country Road, Suite 120, Melville, NY 11747-2725 |
| cr | + | Monster Energy Company, c/o Michael I. Goldberg, 201 East Las Olas Boulevard, Suite 1800, Fort Lauderdale, FL 33301-4442 |
| cr | + | Nelson Mullins Riley & Scarborough, LLP, 100 SE 3rd AVE, Suite 2700, Fort Lauderdale, FL 33394-0017 |
| cr | + | Nevada Beverage Co, c/o John A. Anthony, Esq., Anthony & Partners, LLC, 100 South Ashle, 100 South Ashley Drive, Suite 1600, Tampa, FL 33602-5318 |
| cr | + | Nexus Steel, LLC, Tiffany & Bosco, PA, 1000 Corporate Dr, Suite 150, Suite 150 Ft. Lauderdale, FL 33334-3655 |
| cr | + | Orange Bang, Inc., c/o Fender, Bolling and Paiva, P.A., P.O. Box 1545, Steven Fender, Esq., Ft. Lauderdale, FL 33302 UNITED STATES 33302-1545 |
| intp | + | Paul M Alexander, 1180 W. Peachtree Street, NW, Suite 2100, Atlanta, GA 30309-3495 |
| cr | + | Peter Fischer, c/o Daniel Harvath, 75 W. Lockwood, Suite #1, Webster Groves, MO 63119 UNITED STATES 63119-2946 |
| cr | + | Pettit Kohn Ingrassia Lutz & Dolin, 11622 El Camino Real, Suite 300, San Diego, CA 92130-2051 |
| intp | + | Quash Seltzer, LLC, 20311 Sheridan Street, Fort Lauderdale, FL 33332-2313 |
| cr | + | RXO Capacity Solutions, LLC, c/o Edward M. Fitzgerald, Esq., Holland & Knight LLP, 200 S Orange Avenue, Suite 2600, Orlando, FL 32801-3453 |
| intp | + | Rachel Maimin, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020-1104 |
| intp | + | Rainbow Unicorn Bev LLC, 1600 N. Park Dr., Weston, FL 33326-3278 |
| cr | + | Refresco Beverages US Inc, c/o W. Keith Fendrick, Holland & Knight, 100 N. Tampa Street, Suite 4100, Tampa, FL 33602-3642 |

District/off: 113C-0        User: admin        Page 3 of 12

Date Rcvd: May 08, 2023        Form ID: pdf004        Total Noticed: 137

| | | |
|---|---|---|
| intp | + | Robert Charles Jr, Lewis Roca Rothgerber Christie LLP, One South Church Avenue, Suite 2000, Tucson, AZ 85701-1666 |
| intp | | Rudy J Cerone, 12th Floor 601 Poydras Street, New Orleans, LA 70130 |
| cr | + | SLBS Limited Partnership d/b/a Summit Distributing, c/o David Gay, Carlton Fields, 700 NW 1st Avenue, Suite 1200, Suite 1200 Miami, FL 33136-4118 |
| cr | + | Santander Consumer USA Inc. dba Chrysler Capital, c/o Gerard M. Kouri, Jr. P.A., 5311 King Arthur Avenue, Davie, FL 33331-3340 |
| cr | + | Sony Music Entertainment, Pryor Cashman LLP, 255 Alhambra Circle, 8th Floor, Miami, FL 33134-7411 |
| cr | + | Southeast Cold Fill, LLC, c/o Kelley, Fulton, Kaplan & Eller, P.L., 1665 Palm Beach Lakes Blvd., Ste. 1000, West Palm Beach, FL 33401-2109 |
| cr | + | States Logistics Services, Inc., 5650 Dolly Avenue, Buena Park, CA 90621-1872 |
| cr | + | Stellar Group, Inc., c/o Robert P. Charbonneau, 55 Alhambra Plaza, Suite 800, Coral Gables, FL 33134-5254 |
| intp | + | Stephanie P Chery, 7 Times Square, New York, NY 10036-6524 |
| sp | + | Stephen E. Gruendel, 100 N. Tryon St. Suite 4700, Charlotte,, NC 28202-4003 |
| cr | + | Steven J. Solomon Fiesta Warehousing & Distributio, 333 S.E. 2nd Avenue, Suite 3200, Suite 3200, Miami, FL 33131 UNITED STATES 33131-2191 |
| cr | + | Suddath Global Logistics, LLC, 815 S. Main Street, Jacksonville, FL 32207-8187 |
| cr | + | The American Bottling Company, c/o Furr and Cohen, P.A., 2255 Glades Rd., Ste 419A, Boca Raton, FL 33431-7379 |
| cr | + | The Hamilton Group (Delaware), Inc., Ullman & Ullman, P.A., 2500 North Military Trail, Suite 100, Boca Raton, FL 33431-6342 |
| cr | + | The Kroger Co., 104 Vine Street, Cincinnati, OH 45215 |
| intp | | Thomas L Shriner, Jr., 777 East Wisconsin Avenue, Milwaukee, WI 53202-5306 |
| sp | + | Tianjiao Li, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| cr | + | Truist Bank, c/o Peter H. Levitt, Esq., Shutts & Bowen, 200 S. Biscayne Blvd., Miami, FL 33131-2310 |
| cr | + | U.S. Bank National Association d/b/a U.S. Bank Equ, Emanuel & Zwiebel, PLLC, 7900 Peters Road, Building B, Suite 100, Plantation, FL 33324 UNITED STATES 33324-4045 |
| cr | + | U.S. Bank National Association d/b/a U.S. Bank Equ, c/o Emanuel & Zwiebel, PLLC, 7900 Peters Rd. Bldg B, Ste 100, Plantation, FL 33324-4045 |
| cr | + | UMG Recordings, Inc., Pryor Cashman LLP, 255 Alhambra Circle, 8th Floor, Miami, FL 33134-7411 |
| intp | + | Vital Pharmaceuticals International Sales, Inc., 1600 N. Park Dr., Weston, FL 33326-3278 |
| intp | + | Walter Benzija, 40 Wall Street, 37th Floor, New York, NY 10005-1381 |
| cr | + | Webb & Gerritsen, Inc., c/o Foley & Lardner LLP, Mark Wolfson, 100 Tampa Street, Ste. 2700, Tampa, FL 33602-5810 |
| cr | + | Wild Flowers Inc., c/o Paul Hoffmann, Esq., 1201 Walnut, Suite 2900, Kansas City, MO 64106-2178 |
| cr | + | XPO LOGISTICS, LLC, c/o Edward M. Fitzgerald, Esq., Holland & Knight LLP, 200 S Orange Ave., Suite 2600, Orlando, FL 32801-3453 |
| sp | + | Yelizaveta L Burton, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| cr | + | Yellowstone Landscape Southeast LLC, Blaxberg Grayson Kukoff & Forteza PA, 25 SE 2nd Ave, Ste 730, Ste 730 Miami, FL 33131-1696 |

TOTAL: 127

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| **Recip ID** | | **Notice Type: Email Address** | **Date/Time** | **Recipient Name and Address** |
|---|---|---|---|---|
| aty | | Email/Text: csucic@fgllp.com | May 08 2023 22:20:00 | Jeremy C Kleinman, 1327 W Washington Blvd #5 G-H, Chicago, IL 60607 |
| aty | | Email/Text: jfrank@fgllp.com | May 08 2023 22:20:00 | Joseph D Frank, 1327 W Washington Blvd #5 G-H, Chicago, IL 60607 |
| cr | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | May 08 2023 22:21:00 | ACAR Leasing Ltd d/b/a GM Financial Leasing, POB 183853, Arlington, TX 76096-3853 |
| cr | | Email/PDF: bncnotices@becket-lee.com | May 08 2023 22:38:36 | AMEX TRS Co., Inc., c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | May 08 2023 22:22:52 | Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | May 08 2023 22:21:00 | AmeriCredit Financial Services, Inc. dba GM Financ, P O Box 183853, Arlington, TX 76096-3853 |
| cr | + | Email/Text: swulfekuhle@broward.org | May 08 2023 22:20:00 | Broward County, c/o Records, Taxes & Treasury, Attn: Bankruptcy Section, 115 S. Andrews Ave. A-100, Ft. Lauderdale, FL 33301-1888 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | May 08 2023 22:21:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Frwy Ste 1000, Dallas, Tx 75207-2328 |
| clmag | + | Email/Text: cr-info@stretto.com | | |

| District/off: 113C-0 | User: admin | Page 4 of 12 |
|---|---|---|
| Date Rcvd: May 08, 2023 | Form ID: pdf004 | Total Noticed: 137 |

| | | May 08 2023 22:21:00 | Stretto, 410 Exchange, Ste. 100, Irvine, CA 92602-1331 |
|---|---|---|---|
| cr | + Email/Text: AGBankRevenue@ag.tn.gov | | |
| | | May 08 2023 22:21:00 | TN Dept of Revenue, c/oTN Attorney General's Office,, Bankruptcy Division, PO Box 20207, Nashville, TN 37202-4015 |

TOTAL: 10

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Balboa Capital Corporation, McGLINCHEY STAFFORD, 1 East Broward Boulevard,, Suite 1400, Fort Lauderdale,, UNITED STATES |
| sp | | Richard D Faulkner |
| intp | | TR Capital Management LLC, US |
| op | *+ | Mark Margulies, Grant Thornton LLP, 1301 International Parkway # 300, Ft. Lauderdale, FL 33323-2874 |
| sp | *+ | Matthew Murray, 40 Wall Street, 37th Floor, New York, NY 10005-1381 |
| sp | *+ | Walter Benzija, 40 Wall Street, 37th Floor, New York, NY 10005-1381 |

TOTAL: 3 Undeliverable, 3 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2023                 Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 8, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron A Wernick | |
| | on behalf of Interested Party Gekay Sales + Service Co.  Inc. awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com;cworkinger@wernicklaw.com |
| Aaron A Wernick | |
| | on behalf of Creditor Kathleen Cole awernick@wernicklaw.com awernick@ecf.courtdrive.com;crubin@wernicklaw.com;cworkinger@wernicklaw.com |
| Aaron L Hammer | |
| | on behalf of Creditor Marc Kesten ahammer@hmblaw.com  ecfnotices@hmblaw.com |
| Alan R Rosenberg | |
| | on behalf of Creditor Lease Plan USA  LLC arosenberg@mrthlaw.com, gruiz@mrthlaw.com,jgarey@mrthlaw.com,ycandia@mrthlaw.com,mrthbkc@gmail.com |
| Aliette D Rodz | |
| | on behalf of Creditor Truist Bank arodz@shutts.com |
| Amanda E Preston | |
| | on behalf of Interested Party KJ Can (Singapore) Pte. Ltd. amanda.preston@squirepb.com amanda-e-preston-9404@ecf.pacerpro.com;sarah.conley@squirepb.com |
| Amanda E Preston | |
| | on behalf of Interested Party Sidel Blowing and Services SAS amanda.preston@squirepb.com amanda-e-preston-9404@ecf.pacerpro.com;sarah.conley@squirepb.com |

District/off: 113C-0
Date Rcvd: May 08, 2023

User: admin
Form ID: pdf004

Page 5 of 12
Total Noticed: 137

Amy Leitch
on behalf of Creditor Suddath Global Logistics  LLC amy.leitch@akerman.com, Maggie.hearon@akerman.com;Jennifer.meehan@akerman.com

Andrea S. Hartley
on behalf of Creditor Monster Energy Company andrea.hartley@akerman.com  janet.salinas@akerman.com

Andrew Sorkin
on behalf of Debtor Vital Pharmaceuticals  Inc. andrew.sorkin@lw.com, andrew-sorkin-3703@ecf.pacerpro.com;new-york-ma-2860@ecf.pacerpro.com;christopher.tarrant@lw.com

Anne Aaronson
on behalf of Creditor Crown Cork & Seal USA  Inc. aaaronson@dilworthlaw.com, ctomlin@dilworthlaw.com

Annie Yang Stoops
on behalf of Creditor Premium Beverage Company annie.stoops@afslaw.com

Anthony J Aragona, III
on behalf of Creditor Mitsubishi HC Capital America  Inc. aja@devaronalaw.com

Arthur C. Neiwirth, Esq.
on behalf of Creditor Hardrock Concrete Placement Co.  Inc. aneiwirthcourt@qpwblaw.com

Arthur C. Neiwirth, Esq.
on behalf of Creditor Hardrock Concrete Placement Co  INC aneiwirthcourt@qpwblaw.com

Bradley S Shraiberg
on behalf of Defendant Megan E. Owoc bss@slp.law  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg
on behalf of Interested Party Elite Island  LLC bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg
on behalf of Creditor Archer Daniels Midland Company bss@slp.law dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg
on behalf of Creditor Wild Flowers Inc. bss@slp.law  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg
on behalf of Creditor ADM Wild Europe GmbH & Co. KG bss@slp.law dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg
on behalf of Defendant John H. Owoc bss@slp.law  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg
on behalf of Interested Party Megan Owoc bss@slp.law  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Bradley S Shraiberg
on behalf of Interested Party Jack H. Owoc bss@slp.law  dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law

Brendan S Everman
on behalf of Creditor Capitol Records  LLC beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman
on behalf of Creditor Universal Music Corp. beverman@stroock.com ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman
on behalf of Creditor Volcano Entertainment III LLC beverman@stroock.com ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman
on behalf of Creditor Sony Music Entertainment US Latin LLC beverman@stroock.com ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman
on behalf of Creditor UMG Recordings  Inc. beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman
on behalf of Creditor Universal Music-MGB NA LLC beverman@stroock.com ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman
on behalf of Creditor Universal Musica  Inc. beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman
on behalf of Creditor Arista Music beverman@stroock.com  ksuarez@pryorcashman.com;docketing@pryorcashman.com

District/off: 113C-0

Date Rcvd: May 08, 2023

User: admin

Form ID: pdf004

Page 6 of 12

Total Noticed: 137

Brendan S Everman

on behalf of Creditor Records Label  LLC beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman

on behalf of Creditor Songs of Universal  Inc. beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman

on behalf of Creditor PolyGram Publishing  Inc. beverman@stroock.com, ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman

on behalf of Creditor Universal Music - Z Tunes LLC beverman@stroock.com ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman

on behalf of Creditor Arista Records LLC beverman@stroock.com  ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman

on behalf of Creditor Sony Music Entertainment beverman@stroock.com ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman

on behalf of Creditor LaFace Records LLC beverman@stroock.com  ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brendan S Everman

on behalf of Creditor Zomba Recording LLC beverman@stroock.com ksuarez@pryorcashman.com;docketing@pryorcashman.com

Brigette G McGrath

on behalf of Interested Party ORBIS RPM  LLC bmcgrath@askllp.com, mudem@askllp.com

C Craig Eller, Esq

on behalf of Creditor Southeast Cold Fill  LLC celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com

Carolyn Tatkin

on behalf of Creditor CM Builders  Inc. dba Integrated Masonry tatkin@radixlaw.com

Christopher R Kaup

on behalf of Creditor Nexus Steel  LLC crk@tblaw.com, mburns@tblaw.com

Christopher R Thompson

on behalf of Creditor ACAR Leasing Ltd.  Inc. d/b/a GM Financial Leasing crthompson@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Christopher R Thompson

on behalf of Creditor Americredit Financial Services  Inc. d/b/a GM Financial crthompson@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Corali Lopez-Castro, Esq

on behalf of Creditor PepsiCo  Inc. together with its affiliates and subsidiaries clc@kttlaw.com, rcp@kttlaw.com

Craig I Kelley

on behalf of Creditor Southeast Cold Fill  LLC craig@kelleylawoffice.com, cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;kelleycr75945@notify.bestcase.com

Craig I Kelley

on behalf of Creditor Carolina Canners  Inc. craig@kelleylawoffice.com, cassandra@kelleylawoffice.com;bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;kelleycr75945@notify.bestcase.com

Dain De Souza

on behalf of Creditor Circle K Procurement and Brands  Ltd. ddesouza@bastamron.com, jmiranda@bastamron.com

Dain De Souza

on behalf of Creditor Circle K Stores  Inc. ddesouza@bastamron.com, jmiranda@bastamron.com

Daniel Harvath

on behalf of Creditor Brendan Abbott dharvath@harvathlawgroup.com

Daniel Harvath

on behalf of Creditor Peter Fischer dharvath@harvathlawgroup.com

David Samole, Esq

on behalf of Creditor PepsiCo  Inc. together with its affiliates and subsidiaries das@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David B Marks

on behalf of Creditor Monster Energy Company brett.marks@akerman.com  charlene.cerda@akerman.com

David H Conaway, Esq

on behalf of Creditor Ardagh Metal Packaging USA Corp. dconaway@slk-law.com

District/off: 113C-0                     User: admin                              Page 7 of 12
Date Rcvd: May 08, 2023                  Form ID: pdf004                          Total Noticed: 137

David L Gay, Esq.
on behalf of Creditor SLBS Limited Partnership d/b/a Summit Distributing dgay@carltonfields.com cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net

Dennis J LeVine, Esq
on behalf of Creditor LMR TRUCKING INC. Theresa.Byington@brockandscott.com, wbecf@brockandscott.com

Edward M Fitzgerald, Esq
on behalf of Creditor XPO LOGISTICS LLC edward.fitzgerald@hklaw.com, tonya.berger@hklaw.com

Edward M Fitzgerald, Esq
on behalf of Creditor RXO Capacity Solutions LLC edward.fitzgerald@hklaw.com, tonya.berger@hklaw.com

Eric S. Golden, Esq.
on behalf of Creditor ACAR Leasing Ltd. Inc. d/b/a GM Financial Leasing egolden@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Eric S. Golden, Esq.
on behalf of Creditor Americredit Financial Services Inc. d/b/a GM Financial egolden@burr.com, mlucca-cruz@burr.com;ccrumrine@burr.com

Eyal Berger, Esq.
on behalf of Creditor Monster Energy Company eyal.berger@akerman.com jeanette.martinezgoldberg@akerman.com

Ezequiel Joseph Romero
on behalf of Creditor Dairy Farmers of America Inc. romeroe@bryancave.com, zeke.romero30@gmail.com

Ezequiel Joseph Romero
on behalf of Creditor Doehler USA Inc. romeroe@bryancave.com, zeke.romero30@gmail.com

Ezequiel Joseph Romero
on behalf of Creditor Dohler Dahlenburg G.m.b.H romeroe@bryancave.com zeke.romero30@gmail.com

Fernando J Menendez
on behalf of Creditor Committee Creditor Committee fmenendez@sequorlaw.com jdiaz@sequorlaw.com

Frank Terzo, Esq.
on behalf of Creditor Nelson Mullins Riley & Scarborough LLP frank.terzo@nelsonmullins.com, francis.santelices@nelsonmullins.com

G Steven Fender
on behalf of Creditor Orange Bang Inc. steven.fender@fender-law.com, simone@fenderbollingpaiva.com

G Steven Fender
on behalf of Defendant Orange Bang Inc. steven.fender@fender-law.com, simone@fenderbollingpaiva.com

Gavin N Stewart
on behalf of Creditor Ally Bank bk@stewartlegalgroup.com

Gerard M Kouri Jr., Esq
on behalf of Creditor Santander Consumer USA Inc. dba Chrysler Capital gmkouripaecf@gmail.com gmkouri@bellsouth.net

Hamid R. Rafatjoo
on behalf of Creditor CI421 4747 W. Buckeye LLC hrafatjoo@raineslaw.com bclark@raineslaw.com

Hamid R. Rafatjoo
on behalf of Creditor MFP 4747 W. Buckeye LLC hrafatjoo@raineslaw.com bclark@raineslaw.com

Hamid R. Rafatjoo
on behalf of Creditor ALDA 4747 W. Buckeye LLC hrafatjoo@raineslaw.com bclark@raineslaw.com

Harris J. Koroglu
on behalf of Creditor Truist Bank hkoroglu@shutts.com mcabo@shutts.com;bvelapoldi@shutts.com

Heidi A Feinman
on behalf of U.S. Trustee Office of the US Trustee Heidi.A.Feinman@usdoj.gov

Ian M. Ross
on behalf of Creditor Ball Metal Beverage Container Corp. iross@sidley.com

Ian M. Ross
on behalf of Creditor Warner Media Group iross@sidley.com

Isaac M Marcushamer, Esq.
on behalf of Creditor VS Carbonics Inc. isaac@dgimlaw.com, colleen@dgimlaw.com;isaac_876@ecf.courtdrive.com;eservice@dgimlaw.com

Isabel V Colleran
on behalf of Creditor Yellowstone Landscape Southeast LLC isabel.colleran@blaxgray.com

J. Steven Wilkes
on behalf of U.S. Trustee Office of the US Trustee steven.wilkes@usdoj.gov

Jacob D Morton
        on behalf of Creditor Refresco Beverages US Inc jacob.morton@hklaw.com

Jason Enright
        on behalf of Creditor Ranger H-TX LP jenright@winstead.com

Jason A. Weber, Esq.
        on behalf of Creditor Nexus Steel  LLC jaw@tblaw.com, Nboffill@tblaw.com

Jean-Claude Mazzola
        on behalf of Creditor CSPC Innovation Pharmaceutical Co.  Ltd. Jeanclaude@mazzolalindstrom.com

Jean-Claude Mazzola
        on behalf of Creditor Shanghai Freeman Lifesciences Company Jeanclaude@mazzolalindstrom.com

Jerry M Markowitz
        on behalf of Creditor Lease Plan USA  LLC jmarkowitz@mrthlaw.com,
ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,markowitzjr73991@notify.bestcase.com,
jmarkowitz@ecf.courtdrive.com

Jerry M Markowitz
        on behalf of Creditor CM Builders  Inc., d/b/a Integrated Masonry jmarkowitz@mrthlaw.com,
ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,markowitzjr73991@notify.bestcase.com,
jmarkowitz@ecf.courtdrive.com

Jerry M Markowitz
        on behalf of Creditor Faith Technologies Incorporated jmarkowitz@mrthlaw.com
ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,markowitzjr73991@notify.bestcase.com,
jmarkowitz@ecf.courtdrive.com

Jesse R Cloyd
        on behalf of Creditor Stellar Group  Inc. jrc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Jimmy D. Parrish
        on behalf of Creditor 1600FLL LLC jparrish@bakerlaw.com  orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

Joe M. Grant, Esq.
        on behalf of Creditor Intrastate Distributing jgrant@loriumlaw.com
jenna-munsey-6083@ecf.pacerpro.com;jyoung@loriumlaw.com

Joe M. Grant, Esq.
        on behalf of Creditor C.K.S. Packaging  Inc. jgrant@loriumlaw.com,
jenna-munsey-6083@ecf.pacerpro.com;jyoung@loriumlaw.com

John A Anthony
        on behalf of Creditor Nevada Beverage Co janthony@anthonyandpartners.com
efilings@anthonyandpartners.com;lgroh@anthonyandpartners.com

Jordi Guso, Esq.
        on behalf of Plaintiff Bang Energy Canada  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Plaintiff Rainbow Unicorn Bev LLC jguso@bergersingerman.com
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Plaintiff Vital Pharmaceuticals  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Plaintiff JHO Real Estate Investment  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Interested Party Vital Pharmaceuticals International Sales  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Debtor JHO Intellectual Property Holdings  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Interested Party Quash Seltzer  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Debtor Rainbow Unicorn Bev LLC jguso@bergersingerman.com
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.
        on behalf of Debtor Quash Seltzer  LLC jguso@bergersingerman.com,

fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Interested Party Rainbow Unicorn Bev LLC jguso@bergersingerman.com
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Plaintiff Vital Pharmaceuticals International Sales  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Debtor Vital Pharmaceuticals  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Debtor JHO Real Estate Investment  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Plaintiff Quash Seltzer  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Debtor Bang Energy Canada  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Debtor Vital Pharmaceuticals International Sales  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Interested Party JHO Intellectual Property Holdings  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Interested Party Bang Energy Canada  Inc. jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Plaintiff JHO Intellectual Property Holdings  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jordi Guso, Esq.

on behalf of Interested Party JHO Real Estate Investment  LLC jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Joseph A Pack

on behalf of Creditor Peter Fischer joe@packlaw.com

Joseph A Pack

on behalf of Creditor Brendan Abbott joe@packlaw.com

Joseph D Frank

on behalf of Creditor PepsiCo  Inc. together with its affiliates and subsidiaries jfrank@fgllp.com,
mmatlock@fgllp.com;csmith@fgllp.com;jkleinman@fgllp.com;csucic@fgllp.com

Juan J Mendoza

on behalf of Creditor Committee Creditor Committee jmendoza@sequorlaw.com  ngonzalez@sequorlaw.com

Justin D Plean

on behalf of Creditor Hardrock Concrete Placement Co  INC justin.plean@qpwblaw.com

Justin M Luna

on behalf of Interested Party Megan Owoc jluna@lathamluna.com  bknotice1@lathamluna.com;lvanderweide@lathamluna.com

Justin M Luna

on behalf of Interested Party Elite Island  LLC jluna@lathamluna.com,
bknotice1@lathamluna.com;lvanderweide@lathamluna.com

Keith W. Fendrick

on behalf of Creditor Refresco Beverages US Inc keith.fendrick@hklaw.com
andrea.olson@hklaw.com;hapi@hklaw.com;brittany.jacobs@hklaw.com

Kenneth Scott Reynolds

on behalf of Creditor Hardrock Concrete Placement Co  INC scott@sgazlaw.com

Kevin Michael Capuzzi

on behalf of Creditor Trinity Logistics  Inc. kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com

Klaus Peter Muthig, I

on behalf of Creditor Maricopa County Treasurer muthigk@mcao.maricopa.gov

Kyler K Burgi

on behalf of Creditor EVOX FL Pembroke 20351 LLC kyler.burgi@dgslaw.com

Leyza F. Blanco, Esq.

on behalf of Interested Party The Official Committee of Unsecured Creditors lblanco@sequorlaw.com  jdiaz@sequorlaw.com

Leyza F. Blanco, Esq.

on behalf of Creditor Committee Creditor Committee lblanco@sequorlaw.com  jdiaz@sequorlaw.com

Marc P Barmat

on behalf of Creditor The American Bottling Company mbarmat@furrcohen.com
rrivera@furrcohen.com;atty_furrcohen@bluestylus.com;staff1@furrcohen.com

Mark Alan Salzberg

on behalf of Interested Party KJ Can (Singapore) Pte. Ltd. mark.salzberg@squirepb.com
shannon.munsell@squirepb.com;FLA_DCKT@squirepb.com;mark-a-salzberg-2003@ecf.pacerpro.com;Gregory.davis@squirepb.com

Mark J Wolfson, Esq

on behalf of Creditor Webb & Gerritsen  Inc. mwolfson@foley.com, crowell@foley.com

Mark S. Roher, Esq.

on behalf of Creditor Jasmin Williams mroher@markroherlaw.com
ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com

Martin L Sandler, Esq

on behalf of Creditor American Express National Bank and Amex TRS Co.  Inc martin@sandler-sandler.com

Matthew F Kye

on behalf of Creditor Mitsubishi HC Capital America  Inc. mkye@kyelaw.com

Matthew G Davis

on behalf of Creditor HACI Mechanical Contractors  Inc. mdavis@pdtlegal.com, jdorta@pdtlegal.com

Megan W Murray

on behalf of Creditor Chestnut Hill Technologies  Inc. mmurray@underwoodmurray.com,
dstrand@underwoodmurray.com;kmilliken@underwoodmurray.com;kmilliken@ecf.courtdrive.com

Melissa A. Campbell

on behalf of Creditor FONA International  Inc. mcampbell@bakerdonelson.com,
achentnik@bakerdonelson.com;cranderson@bakerdonelson.com;bkcts@bakerdonelson.com

Michael D. Seese, Esq.

on behalf of Creditor Driscoll  LLP mseese@seeselaw.com, sseward@seeselaw.com

Michael I Goldberg, Esq

on behalf of Creditor Monster Energy Company michael.goldberg@akerman.com  charlene.cerda@akerman.com

Michael I Goldberg, Esq

on behalf of Defendant Monster Energy Company michael.goldberg@akerman.com  charlene.cerda@akerman.com

Michael Jordan Niles

on behalf of Plaintiff JHO Intellectual Property Holdings  LLC mniles@bergersingerman.com,
efile@bergersingerman.com;efile@ecf.courtdrive.com;zmorton@bergersingerman.com

Michael Jordan Niles

on behalf of Plaintiff Vital Pharmaceuticals  Inc. mniles@bergersingerman.com,
efile@bergersingerman.com;efile@ecf.courtdrive.com;zmorton@bergersingerman.com

Michael Jordan Niles

on behalf of Debtor Vital Pharmaceuticals  Inc. mniles@bergersingerman.com,
efile@bergersingerman.com;efile@ecf.courtdrive.com;zmorton@bergersingerman.com

Michael R Dal Lago

on behalf of Creditor The Kroger Co. mike@dallagolaw.com  fvazquez@dallagolaw.com;kim@dallagolaw.com

Michael R Dal Lago

on behalf of Creditor Kuckelman Torline Kirkland  Inc. mike@dallagolaw.com, fvazquez@dallagolaw.com;kim@dallagolaw.com

Michael W Ullman, Esq

on behalf of Creditor The Hamilton Group (Delaware)  Inc. michael.ullman@uulaw.net,
jared.ullman@uulaw.net;diana.simon@uulaw.net;alexandra.wagener@uulaw.net;laura.lytle@uulaw.net

Nicole Grimal Helmstetter

on behalf of Creditor Premier Distributing Company nicole.helmstetter@bipc.com
elizabeth.garciga@bipc.com;tabitha.pellegrene@bipc.com;kimberly.ecker@bipc.com;eservice@bipc.com;dave.stein@goecfx.com

Nir Maoz

on behalf of Defendant Orange Bang  Inc. nmaoz@ktbslaw.com

Nir Maoz

on behalf of Creditor Orange Bang  Inc. nmaoz@ktbslaw.com

District/off: 113C-0                          User: admin                                    Page 11 of 12
Date Rcvd: May 08, 2023                       Form ID: pdf004                              Total Noticed: 137

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Patrick R Dorsey
on behalf of Defendant Megan E. Owoc pdorsey@slp.law  dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com

Patrick R Dorsey
on behalf of Interested Party Elite Island  LLC pdorsey@slp.law,
dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com

Patrick R Dorsey
on behalf of Interested Party Jack H. Owoc pdorsey@slp.law  dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com

Patrick R Dorsey
on behalf of Defendant John H. Owoc pdorsey@slp.law  dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com

Patrick R Dorsey
on behalf of Interested Party Megan Owoc pdorsey@slp.law  dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com

Peter H Levitt, Esq
on behalf of Creditor Truist Bank plevitt@shutts-law.com  sboisvert@shutts.com

Philip W Crawford
on behalf of Creditor EFL Global Logistics Canada  Ltd. pcrawford@gibbonslaw.com

Philip W Crawford
on behalf of Creditor EFL Global pcrawford@gibbonslaw.com

Phillip M. Hudson III
on behalf of Creditor Chubb Companies pmhudson@duanemorris.com
gagosto@duanemorris.com;jfgarcia@duanemorris.com;mlswing@duanemorris.com;AutoDocketMIA@duanemorris.com;mbates
@duanemorris.com

Ralph W. Confreda, Jr
on behalf of Creditor Balboa Capital Corporation rconfreda@mcglinchey.com  alozada@mcglinchey.com

Richard J Bernard, Esq.
on behalf of Creditor Prologis Targeted U.S. Logistics Fund  L.P. richard.bernard@faegredrinker.com

Richard J Bernard, Esq.
on behalf of Interested Party Faegre Drinker Biddle & Reath LLP richard.bernard@faegredrinker.com

Richard J Bernard, Esq.
on behalf of Creditor Duke Secured Financing 2009-1PAC  LLC richard.bernard@faegredrinker.com

Robert C Furr, Esq
on behalf of Creditor The American Bottling Company ltitus@furrcohen.com
atty_furrcohen@bluestylus.com;jcrane@furrcohen.com;staff1@furrcohen.com;furrrr84158@notify.bestcase.com

Robert P. Charbonneau, Esq.
on behalf of Creditor Stellar Group  Inc. rpc@agentislaw.com,
nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com

Ronald D. P. Bruckmann
on behalf of Creditor Ardagh Metal Packaging USA Corp. rbruckmann@shumaker.com  celgin@shumaker.com

Ronald D. P. Bruckmann
on behalf of Creditor Graphic Packaging International  LLC rbruckmann@shumaker.com, celgin@shumaker.com

Ronald M Emanuel, Esq
on behalf of Creditor U.S. Bank National Association d/b/a U.S. Bank Equipment Finance ron.emanuel@emzwlaw.com
marsha.dror@emzwlaw.com;eservice@emzwlaw.com

Ross R Hartog
on behalf of Creditor Faith Technologies Incorporated rhartog@mrthlaw.com
ecfnotices@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;lgener@mrthlaw.com;ycandia@mrthlaw.com;rhartog@ecf.c
ourtdrive.com

Scott Andron
on behalf of Creditor Broward County sandron@broward.org  swulfekuhle@broward.org

Scott D Knapp
on behalf of Creditor Nelson Mullins Riley & Scarborough  LLP scott.knapp@nelsonmullins.com, traci.lewis@nelsonmullins.com

Steven R Safra
on behalf of Creditor Cole  Scott & Kissane, P.A. Steven.Safra@csklegal.com, maria.montenegro@csklegal.com

Steven J. Solomon, Esq.
on behalf of Creditor Steven J. Solomon Fiesta Warehousing & Distribution steven.solomon@gray-robinson.com
Ana.Marmanillo@gray-robinson.com

Steven J. Solomon, Esq.
on behalf of Creditor Krier Foods  Inc. steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-robinson.com

District/off: 113C-0

Date Rcvd: May 08, 2023

User: admin

Form ID: pdf004

Page 12 of 12

Total Noticed: 137

Stuart F Wilson-Patton

on behalf of Creditor TN Dept of Revenue stuart.wilson-patton@ag.tn.gov

Thomas L Abrams

on behalf of Creditor EASTGROUP Properties  L.P. tabrams@tabramslaw.com, fcolumbo@tabramslaw.com

Thomas W. Tierney

on behalf of Creditor Pettit Kohn Ingrassia Lutz & Dolin ttierney@rosswayswan.com  kkelly@rosswayswan.com

Veronica M Rabinowitz

on behalf of Special Counsel David M Levine vrabinowitz@sfl-law.com
vrabinowitz@sfl-law.com;rkemper@sfl-law.com;dlevine@sfl-law.com;eservice@sfl-law.com

Zach B Shelomith

on behalf of Creditor All Brands Distribution  LLC zbs@lss.law, info@lss.law;mch@lss.law;zshelomith@ecf.inforuptcy.com


TOTAL: 179



**ORDERED in the Southern District of Florida on May 8, 2023.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

Vital Pharmaceuticals, Inc., *et al.*,

      Debtors.

_____/

Case No. 22-17842-PDR

Chapter 11
(Jointly Administered)

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)
RULING SECTION 365 AS AMENDED BY THE ACT APPLIES TO THE
DEADLINE BY WHICH THE DEBTORS MAY ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND (II) GRANTING RELATED RELIEF**

THIS CASE came before the Court on May 4, 2023, at 2:00 p.m., on *Debtors'*

*Motion for Entry of an Order (I) Ruling Section 365 as Amended by the Act Applies*

*to the Deadline by which the Debtors May Assume or Reject Unexpired Leases of*

*Nonresidential Real Property and (II) Granting Related Relief* (the "Motion").[1] In

their Motion, the Debtors ask the Court to rule that they have 210 days from the

---

[1] Doc. 1185.

petition date to assume unexpired nonresidential leases of real property and to provide an additional 90-day extension. Under the Consolidated Appropriations Act of 2021, Congress amended Bankruptcy Code § 365(d)(4) to extend the time for debtors to assume unexpired nonresidential leases of real property from 120 days to 210 days. By its terms, that amendment, which sunsetted on December 27, 2022, continues to apply only in subchapter V cases, not to traditional chapter 11 cases, that were pending before the sunset date. Because a rational Congress could not have conceivably intended the amendment to § 365(d)(4) to continue to apply only in subchapter V cases, and not traditional chapter 11 cases, this Court (1) concludes that the amendment to § 365(d)(4) continues to apply in traditional chapter 11 cases, like this one, filed before the amendment sunsetted; and (2) finds cause for a 90-day extension of the deadline to assume.

## I.    Background

In March 2020, the country found itself amid a national emergency.[2] By that time, COVID-19 had already spread to the United States, and thousands of new cases were being reported each day.[3] To keep COVID-19 from overwhelming the country's healthcare system, states began issuing stay-at-home orders, which

---

[2] https://trumpwhitehouse.archives.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/. Under Federal Rule of Evidence 201, the Court may, on its own, take judicial notice of facts that are generally known within its territorial jurisdiction or facts that can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b), (c). That includes statistics compiled by government agencies, such as job losses and the number of COVID-19 cases. *McGhee v. City of Flagstaff*, 2020 WL 2309881, at *2 – 4 (D. Ariz. May 8, 2020); *Tuttle v. Educ. Credit Mgmt. Corp. (In re Tuttle)*, 600 B.R. 783, 806 (Bankr. E.D. Wis. 2019). It can also include public statements about COVID-19, such as the President's declaration of a national emergency. *McGhee*, 2020 WL 2309881, at *3 – 4.

[3] https://covid.cdc.gov/covid-data-tracker/#trends_weeklycases_select_00.

resulted in the closure of nonessential businesses.[4] As a result, consumer spending and the country's gross domestic product plummeted, while unemployment skyrocketed.[5]

Congress needed to act fast to provide relief to American workers and businesses. And it did. Within two weeks of the President declaring a national emergency, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act (2020).[6]

Nine months later, on December 21, 2020, Congress passed the Consolidated Appropriations Act (2021) (the "Act"), which was signed into law on December 27, 2020.[7] Spanning 5,593 pages, far and away the longest bill ever passed by Congress, the Act provided roughly $900 billion in COVID-19 relief (in addition to $1.4 trillion in regular appropriations).[8]

The Act also included a variety of relief to bankrupt debtors. For instance, it provided that COVID-19 relief stimulus payments did not become part of a debtor's

---

[4] https://www.cdc.gov/mmwr/volumes/69/wr/mm6935a2.htm#F2_down.

[5] https://www.bea.gov/news/2020/personal-income-and-outlays-march-2020; see also Carlie Porterfield, U.*S. Consumer Spending Sees Sharpest Monthly Drop Ever Recorded*, Forbes, Apr. 30, 2020, *available at* https://www.forbes.com/sites/carlieporterfield/2020/04/30/us-consumer-spending-sees-sharpestmonthly-drop-ever-recorded/#469a619420da ("Consumer spending—which drives around 70% of the U.S. economy—dropped by 7.5% in March, the steepest drop in history since records began being kept in 1959 according to the U.S. Commerce Department, as businesses close, layoffs abound and Americans shelter-in-place during the coronavirus pandemic");

[6] Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 4003(b)(4), 134 Stat. 281 (2020) (to be codified at 15 U.S.C. § 9042).

[7] Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182 (2020).

[8] https://www.cbo.gov/system/files/2021-01/PL_116-260_Summary.pdf.

bankruptcy estate;[9] ensured that no debtor would be denied relief under certain provisions of the CARES Act because of their status as a debtor;[10] and extended the time for subchapter V debtors to perform under unexpired leases.[11]

Relevant to this case, the Act also extended the time for debtors to assume unexpired nonresidential leases of real property.[12] Before Congress passed the Act, Bankruptcy Code § 365(d)(4) gave debtors 120 days from the petition date to assume an unexpired nonresidential lease, failing which the lease would be deemed rejected.[13] The Act, however, amended § 365(d)(4) to give debtors 210 days—rather than 120.[14] But the amendment to § 365(d)(4) had a sunset provision under which the time period would revert to 120 days on December 27, 2022.[15]

Importantly, § 365(d)(4) authorizes only one 90-day extension for cause, after which the debtor must obtain "prior written consent of the landlord" for any further extension. If the landlord does not provide such consent, the debtor has a Hobson's choice: it must decide whether to seek assumption even though it may not be prepared to do so or to allow the nonresidential lease of real property to be deemed

---

[9] Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182, § 1001(a) (2020).

[10] *Id.* § 1001(c).

[11] *Id.* § 1001(f)(1)(A).

[12] *Id.* § 1001(f)(1)(B).

[13] 11 U.S.C. § 365(d)(4)(A) (2020). For cause shown, the court could extend the 120-day period for an additional 90 days. 11 U.S.C. § 365(d)(4)(B).

[14] Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182, § 1001(f)(1)(B).

[15] *Id.* § 1001(f)(2)(A).

rejected upon the passing of the deadline.[16] Both options may have detrimental impacts on the estate. If the debtor assumes a lease, it may regret the decision because, for example, in this case a later buyer may have preferred the lease be rejected. If the debtor allows the lease to be rejected, the debtor must deal with a (potentially hefty) rejection-damage claim and the consequences of a buyer potentially preferring assumption.

On October 10, 2022, two months before the § 365(d)(4) amendment sunsetted, the Debtors filed for chapter 11 bankruptcy.[17] The Debtors, which manufacture and distribute performance energy drinks, operate out of twelve leased "Direct Store Delivery" locations; three leased "Fuel Team" buildings; nine leased "Distribution Centers"; ten leased "Parkout Storage" locations; and eighteen leased "POS Storage" locations.[18] So, in all, the Debtors have more than 50 leases that are crucial to its operations.

Much of the Debtors' efforts during the early stages of this case were focused on negotiating with its lenders and the Official Committee of Unsecured Creditors to secure debtor-in-possession (DIP) financing.[19] As part of that process, the Debtors settled on an exit strategy: the Debtors would maximize the value of their assets by

---

[16] A Hobson's choice is "(1) a situation in which one is presented with only one "choice," and hence no choice at all; or (2) a situation in which either of one's two choices is bad." Garner, Bryan, A., *Garner's Modern English Usage* 150 (4th ed. 2016).

[17] Docs. 1 & 26.

[18] Doc. 27, ¶ 4.

[19] *See, e.g.,* Docs. 24, 87, 120, 256, 259, 267, 388, 411 – 13, 516, 525 – 27, 594, 624 – 26 & 638; *see also* Doc. 627, ¶ 1 ("The Proposed Final DIP Order is the culmination of months of good faith and hard fought negotiations between and among the Committee, the Debtors, and the DIP Lenders.").

soliciting bids for the sale of their business as a going concern. By mid-January 2023, the Debtors' investment banker had contacted nearly 150 potential buyers, roughly 40 of whom entered into nondisclosure agreements, and the Debtors negotiated with potential bidders from whom they received non-binding indications of interest.[20] This all culminated with the Debtors filing a motion seeking approval of bid procedures designed to promote a competitive sale and yield maximum value for their assets.[21]

To maximize the value of their assets, though, the Debtors must retain flexibility to assume or reject unexpired nonresidential leases: it goes without saying that any buyer will want to evaluate the Debtors' unexpired leases, so until the Debtors know who the buyer is, they won't know which leases the buyer will want (i.e., which leases need to be assumed and assigned). To maintain that flexibility, the Debtors moved in late-January 2023 to extend the deadline for assuming unexpired nonresidential leases.[22]

In their motion, the Debtors explained that even though the amendment to § 365(d)(4), which gave them 210 days to assume their leases, had sunsetted in December 2022, they believed they still had the benefit of the 210 days because the amendment had been in effect at the time the case was filed.[23] But if the 120-day period applied, it would have expired on February 7, 2023—nearly three months

---

[20] Doc. 707, ¶ 11.

[21] Doc. 707.

[22] Doc. 671.

[23] Doc. 671, ¶¶ 11 & 12.

before the sale of the Debtors' assets was originally supposed to take place. Ultimately, the Court granted the Debtors an "extension" through May 8, 2023 to assume any unexpired leases, but the "extension" was without prejudice to the Debtors seeking (1) a determination that the 210-day lease assumption period had been in effect (and therefore the "extension" through May 8, 2023 was really not an extension at all); and (2) a statutorily authorized 90-day extension for cause.[24]

The Debtors now seek such relief.[25] Although the Debtors have stipulated to an extension with fourteen of their landlords,[26] there are two landlords from whom the Debtors were unable to obtain consent. This Court must now determine whether the 210-day lease-assumption period in the § 365(d)(4) amendment in effect at the time this case was filed applies even though the amendment sunsetted on December 27, 2022.[27]

## II. Analysis

If the 210-day lease-assumption period applies, then the initial lease-assumption deadline was May 8, 2023. That means this Court may extend the May 8 lease-assumption deadline—over a landlord's objection—for cause. If, however, the 120-day lease-assumption deadline applies, then the Debtors have used their "for cause" extension, in which case this Court is powerless to extend the deadline further absent "prior written consent" of the landlord.

---

[24] Doc. 745, ¶¶ 3 & 4.

[25] Doc. 1185.

[26] Docs. 1312 & 1322.

[27] Doc. 1185,

7

A.    The Court must determine whether the 210-day lease-assumption deadline applies even though no party has objected.

No party has objected to the Debtors' request that this Court declare that the 210-day lease-assumption deadline applies in this case. However, § 365(d)(4) specifically provides that if the Court grants a debtor an initial 90-day extension of the lease-assumption deadline, "the court may grant a subsequent extension only upon prior written consent of the lessor in each instance."[28] While it is tempting to rely on the absence of any objections to grant the relief the Debtors request, that approach would require the Court to ignore § 365(d)(4)'s prohibition against doing so absent "prior written consent" of the lessor. The Court will not do so.

B.    The 210-day lease-assumption deadline applies here.

By its terms, the § 365(d)(4) amendment sunsetted on December 27, 2022.[29] The Act includes a specific provision expressly providing that the amendment extending the lease-assumption deadline from 120 days to 210 days "shall apply in any case commenced under subchapter V of chapter 11 of title 11, United States Code, before the date that is 2 years after the date of enactment of this Act."[30] In other words, the sunset provision is clear that a subchapter V debtor that filed bankruptcy during the pendency of the amendment receives the full benefit of the 210-day period, even in cases where that period expires after the amendment sunsets. Curiously, though, the sunset provision makes no mention of whether the

---

[28] 11 U.S.C. § 365(d)(4)(B)(ii).

[29] Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182, § 1001(f)(2)(A).

[30] *Id.* § 1001(f)(2)(B).

amendment likewise applies in traditional chapter 11 cases. To determine whether the amendment applies to traditional chapter 11 cases, this Court must interpret the Act.

When interpreting a statute, this Court must begin with the text.[31] And when that text is unambiguous, the Court's inquiry ordinarily ends.[32] Here, the Act specifically provides that the amendment to § 365(d)(4) applies to subchapter V cases pending before the amendment sunsets, but it does not make any mention of the amendment applying in traditional chapter 11 cases. Applying the doctrine of *expressio unius est exclusio alterius*—i.e., "[t]he expression of one thing implies the exclusion of others"—a fair reading of the Act's literal language is that the amendment to § 365(d)(4) is unambiguous and applies only to subchapter V cases and does not apply to traditional chapter 11 cases pending before the amendment sunsetted.

The Eleventh Circuit, however, has recognized that courts may "depart from the literal meaning of an unambiguous statute . . . where a rational Congress could not conceivably have intended the literal meaning to apply."[33] After careful

---

[31] *United States v. Stevens*, 997 F.3d 1307, 1314 (11th Cir. 2021) ("As with any statutory interpretation question, our analysis "must begin, and usually ends, with the text of the statute.") (quoting *Boca Ciega Hotel, Inc., v. Bouchard Transp. Co.*, 51 F.3d 235, 237 (11th Cir. 1995)); *Reeves v. Astrue*, 526 F.3d 732, 734 (11th Cir. 2008) ("Statutory interpretation begins and ends with the text of the statute so long as the text's meaning is clear.").

[32] *United States v. Stevens*, 997 F.3d 1307, 1314 (11th Cir. 2021) ("As with any statutory interpretation question, our analysis "must begin, and usually ends, with the text of the statute.") (quoting *Boca Ciega Hotel, Inc., v. Bouchard Transp. Co.*, 51 F.3d 235, 237 (11th Cir. 1995)); *Reeves v. Astrue*, 526 F.3d 732, 734 (11th Cir. 2008) ("Statutory interpretation begins and ends with the text of the statute so long as the text's meaning is clear.").

[33] *United States v. Garcon*, 54 F.4th 1274, 1283 (11th Cir. 2022) (quoting *Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343, 1350 (11th Cir. 2021) (Pryor, C.J., concurring)).

consideration, and with a healthy level of trepidation, this Court concludes a rational Congress could not have conceivably intended the amendment to § 365(d)(4) to apply only to pending subchapter V cases—and not traditional chapter 11 cases.

To reach this conclusion, it is important to compare subchapter V cases with traditional chapter 11 cases to understand why if any debtor needs additional time to assume nonresidential leases of real property, it is the traditional chapter 11 debtor—not the subchapter V debtor.

Subchapter V bankruptcy, which was created as part of the Small Business Reorganization Act, applies to small business debtors—i.e., debtors who owe less than $7.5 million in debt.[34] As the court in *In re Seven Stars on the Hudson Corp.* explained, subchapter V bankruptcy provides "some powerful and cost-saving restructuring tools not otherwise available to Chapter 11 debtors"—*e.g.*, elimination of the absolute priority rule; elimination of the requirement to file a disclosure statement; the exclusive right to file a plan; the ability to confirm a plan even if all classes reject it; and the ability to pay administrative expenses over time.[35]

Those restructuring tools, however, came with a tradeoff. "[T]o balance the special new powers available to small business debtors, Congress granted creditors a very important protection: the requirement that a Subchapter V case proceed

---

[34] Small Business Reorganization Act of 2019, Pub. L. No. 116-54, Aug. 23, 2019, 133 Stat. 1079.

[35] *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 340 (Bankr. S.D. Fla. 2020).

10

expeditiously."[36] To that end, Congress requires subchapter V debtors to file their chapter 11 plan within 90 days of the order for relief.[37] While a subchapter V debtor may move to extend the 90-day deadline for filing a plan, Congress limited extensions to only those circumstances where the need for more time "is attributable to circumstances for which the debtor should not be justly held accountable."[38] A high bar indeed.

Subchapter V cases involve debtors whose debts are below $7.5 million; who must file a plan of reorganization within 90 days; who must satisfy a stringent standard for extending the plan deadline; and whose obligation to file a plan within 90 days and otherwise proceed expeditiously is part of a bargain for receiving powerful reorganizational tools. In those cases, the need for an additional 90 days (the increase from 120 days to 210) to assume a lease is antithetical to this expeditious timeframe.

In fact, given that a subchapter V debtor must file a plan within 90 days, it is hard to see why such a debtor would need the extra 90 days (from 120 to 210) at all. Indeed, a debtor typically makes a business decision to assume or reject a nonresidential lease of real property by the time it files its plan. So why would a subchapter V debtor need another 120 days—after filing its plan—to assume

---

[36] *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 340 (Bankr. S.D. Fla. 2020).

[37] 11 U.S.C. § 1189(b); *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 341 (Bankr. S.D. Fla. 2020).

[38] 11 U.S.C. § 1189(b).

nonresidential leases? Continuing to apply the 210-day lease-assumption deadline in subchapter V cases literally accomplishes next to nothing.

The juxtaposition of the needs of a traditional chapter 11 case is striking. Unlike in subchapter V cases, there is no deadline for filing a plan in a traditional chapter 11 case. Instead, traditional chapter 11 debtors have the exclusive right to file a plan during the first 120 days of a case.[39] For "cause," exclusivity may be extended up to eighteen months.[40] Thus, Congress has recognized that traditional chapter 11 debtors may need significantly more time before they must file a plan, which, again, is when a debtor typically makes a decision to assume or reject nonresidential leases. Because of the complexity of traditional chapter 11 cases, and the amount of time it may take to reach confirmation, it is the traditional chapter 11 debtor that needs the benefit of the continued application of the § 365(d)(4) amendment.

This case is a perfect example. Here, the Debtors, which have more than $1 billion in debt (more than $365 million in secured debt and $800 million in unsecured debt), have more than 50 leases that are crucial to the operation of their business. Before they can even decide whether to assume any of those leases, they have had to spend the first 90 to 120 days of this case—essentially all the allotted time for assuming nonresidential leases if the § 365(d)(4) amendment does not apply—negotiating DIP financing, as well as a sale process designed to maximize

---

[39] 11 U.S.C. § 1121(b).

[40] 11 U.S.C. § 1121(d)(2).

the value of their assets. Currently, the deadline for potential buyers to submit bids is May 22, 2023 (224 days from the petition date), with a sale hearing scheduled for June 7, 2023 (240 days from the petition date). In the meantime, flexibility in determining whether to assume or reject leases is crucial to maximizing the sale price from potential buyers. This is a textbook example of why the complexities of a traditional chapter 11 case give rise to the need for the 210-day lease-assumption provision. Imagine an even more acute situation of a large retailer, like a restaurant chain or movie theater business with hundreds of leases of non-residential real property, whose business has effectively been shuttered due to the pandemic.

The Court cannot think of a circumstance better suited to rationalize the amendment to § 365(d)(4). Yet, the statute as written would provide the subchapter V debtor with the additional time—but not the traditional chapter 11 debtor. No rational Congress could have conceivably intended such a result.

In fact, it is quite the opposite. Despite having given considerable thought to this matter, the Court cannot conceive of a single reason why a subchapter V debtor would get the benefit of the continued application of the 210-day lease-assumption deadline but a traditional chapter 11 debtor would not. Because of the irrationality of the outcome, and the fact that Congress (nor any other legal commentator) has provided no explanation for it, the Court can only conclude that in its haste to provide much-needed relief in the throes of a once-in-100-year pandemic, Congress simply made a mistake.

13

### III.   Conclusion

This Court is mindful that the absurdity doctrine should be invoked only in rare and exceptional cases.[41] The Act itself is rare in terms of the emergency extraordinary relief it provides. So too is its historical length, the speed in which it was enacted, and the emergency dire conditions of the pandemic it was intended to mollify. By interpreting the Act to give subchapter V debtors additional time to assume unexpired nonresidential leases, while denying that relief to traditional chapter 11 debtors, this Court would have to conclude that Congress intended to give an essential reorganization tool to debtors who do not need it, while denying it to the very debtors who need it the most. Because no rational Congress would have done so, this Court concludes that the 210-day lease assumption period applies in traditional chapter 11 cases—such as this one—that were pending before the amendment to § 365(d)(4) sunsetted.

Accordingly, the Court ORDERS:

1.      The Debtors' Motion is GRANTED.

2.      The amendment to § 365(d)(4) applies in this case. Therefore, the initial deadline for assuming unexpired nonresidential leases is May 8, 2023.

3.      The Debtors have demonstrated cause to extend the lease assumption deadline for an additional 90 days.

---

[41] *United States v. Garcon*, 54 F.4th 1274, 1283 (11th Cir. 2022) ("Because '[c]ourts should not be in the business of rewriting legislation, . . . we apply the absurdity doctrine only under rare and exceptional circumstances.'") (quoting *Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343, 1350 (11th Cir. 2021) (Pryor, C.J., concurring)).

14

4.     This Order is without prejudice to the Debtors' right to seek further extensions of the Assumption/Rejection Deadline with the prior written consent of each applicable landlord.

5.     Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (i) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

6.     Nothing in this Order shall extend the Assumption/Rejection Deadline beyond the date on which an order is entered confirming a plan in these chapter 11 cases.

7.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

8.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15

9.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

Copies to:
All parties in interest.