UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**DEBTORS' MOTION TO APPROVE COMPROMISE BETWEEN (I) DEBTOR, VITAL PHARMACEUTICALS, INC.; AND (II) WEBB & GERRITSEN, INC.**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion[2] shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (each a "Debtor" and, collectively, the "Debtors"), by undersigned counsel, move the Court, pursuant to Fed. R. Bankr. P. 9019 and Local Rule 9019-1, for entry of an Order approving a compromise between Debtor, Vital Pharmaceuticals, Inc. ("VPX") and Webb & Gerritsen, Inc. ("Webb", and, together with VPX, collectively, the "Parties"). In support of this Motion, the Debtors state:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Although there is no Certificate of Service included in this Motion reflecting the date of service, this Motion will be served today, May 17, 2023, by the Debtors' notice, claims and solicitation agent, Stretto, Inc.

12136758-2

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The Debtors move for approval of that certain *Settlement Agreement Between (I) Vital Pharmaceuticals, Inc. and (II) Webb & Gerritsen, Inc.* letter agreement entered into between the Parties on May 16, 2023, (the "Agreement"), pursuant to Fed. R. Bankr. P. 9019.  A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

**Background**

4.     On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.     The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] filed on the Petition Date.

7.     On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

8.     On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these chapter 11 cases [ECF No. 245].

9.     Prior to the Petition Date, in June 2019, Webb sued VPX in the Waukesha County, Wisconsin Circuit Court (the "Waukesha Circuit Court") under Wisconsin's Fair Dealership Law, Wis. Stat. ch. 135, in the case captioned *Webb & Gerritsen, Inc. v. Vital*

*Pharmaceuticals, Inc.*, File No.    2019-cv-001049 (the "<u>Wisconsin Action</u>"). VPX raised counterclaims against Webb in the Wisconsin Action.

10.    On November 11, 2021, the jury returned a verdict in Webb's favor in the amount of $2,445,098.10 (net of VPX's counterclaims).

11.    On February 8, 2022, the Waukesha Circuit Court entered an *Order for Judgment and Judgment* (the "<u>Judgment on Verdict</u>") in favor of Webb and against VPX in the amount of $2,445,098.10.

12.    On February 24, 2022, the Waukesha Circuit Court amended the Judgment on Verdict to add $452,000.00 to include interest and Webb's reasonable actual attorneys' fees and costs, resulting in a total Final Judgment of $2,897,098.10 in favor of Webb (the "<u>Final Judgment</u>").

13.    In March 2022, VPX appealed the Final Judgment to the Wisconsin Court of Appeals (the intermediate Wisconsin appellate court), Appeal No. 22-AP-488 (the "<u>Appeal</u>").

14.    In order to stay Webb's enforcement of the Final Judgment, in connection with VPX's Appeal, VPX asked for and obtained an order regarding judgment collection from the Waukesha Circuit Court (the "<u>March 18th Order</u>").  The March 18th Order offered VPX a stay of Webb's collection of the Final Judgment pending the outcome of the Appeal, provided that VPX either: (a) post a bond from a surety, or (b) deposit $2,897,098.10 with the Waukesha Circuit Court Clerk, subject to the terms of the March 18th Order.

15.    On March 23, 2022, VPX complied with the March 18th Order by making a cash payment in the amount of $2,897,098.10 to the Waukesha Circuit Court Clerk (the "<u>Final Judgment Deposit</u>"), which is currently held by the Waukesha Circuit Court Clerk *in custodia legis*, in an account at First Federal Bank.

16.     On March 20, 2023, at the request of VPX (made on March 17, 2023), the Wisconsin Court of Appeals entered an order staying the Appeal until the automatic stay is lifted.

17.     On April 14, 2023, Webb filed in these chapter 11 cases, a *Motion of Webb & Gerritsen, Inc. to Lift Automatic Stay to Allow the Debtor's Appeal Pending in Wisconsin Court of Appeals to Proceed* [ECF No. 1168] (the "<u>Stay Relief Motion</u>"), requesting the Court to enter an order lifting the automatic stay in order for the Wisconsin Court of Appeals to resolve the Appeal.

18.     On April 27, 2023, the Debtors filed *Debtors' Objection to Motion of Webb & Gerritsen, Inc. to Lift Automatic Stay to Allow the Debtors' Appeal Pending in Wisconsin Court of Appeals to Proceed* [ECF No. 1279], thereby objecting to, and requesting the entry of an Order denying the Stay Relief Motion.

<u>Relief Requested and Basis Therefor</u>

19.     The Parties have agreed, in full satisfaction, release and discharge of claims against VPX, to an 80/20 split of the bond amount of $2,897,098.10 posted by VPX, whereby VPX will receive the sum of $579,419.62 and Webb will retain the balance in the amount of $2,317,678.48.  Any additional funds in the account or any interest that may be due on the sums deposited will also be split 80/20, with Webb receiving 80% and VPX receiving 20% of such additional funds.

20.     The Parties have entered into the Agreement, which memorializes the terms and conditions of their resolution and is subject to the approval of this Court after notice and hearing. The principal terms and conditions of the Agreement are as follows:[3]

21.     In full and final settlement of the disputes of any kind or nature whatsoever among the Parties, and subject to the entry of a Final Order (as defined in the Agreement) of the

---

[3] The terms and conditions set forth herein are in summary form only. The Debtors urge all interested parties to review the Agreement in its entirety for all of the terms and conditions of the Agreement.

Court approving the Agreement:

        A.     The Parties shall file a joint motion in the Wisconsin Action, requesting a release of the sum of $2,897,098.10, plus any additional funds in the account, as follows: (i) the sum of $579,419.62 to VPX (the "<u>VPX Settlement Amount</u>"), and (ii) the remaining sum of $2,317,678.48 to Webb (the "<u>Webb Settlement Amount</u>").  Any additional funds in the account or any interest that may be due on the sums deposited will also be split 80/20, with Webb receiving 80% and VPX receiving 20% of such additional funds.  Upon Webb's receipt of the Webb Settlement Amount, Webb shall promptly withdraw with prejudice, the Stay Relief Motion and the *Motion of Webb & Gerritsen, Inc. to Allow Late Filing of Proof of Claim* [ECF No. 1169] filed by Webb in these cases.

        B.     Upon VPX's receipt of the VPX Settlement Amount, VPX shall dismiss the Appeal with prejudice.

        C.     Upon Webb's receipt of the Webb Settlement Amount, Webb shall cause the Judgment to show it has been fully satisfied in the Wisconsin Action, and shall otherwise duly file any/or record any instrument to effect complete satisfaction of the Final Judgment if and to the extent as may be required by applicable law.

        D.     <u>**Notice.**</u> Any notices required by the Agreement must be given to the Parties as follows:

> <u>To Webb</u>:
> Webb & Gerritsen, Inc.
> c/o Mark J. Wolfson, Esq.
> Foley & Lardner LLP
> 100 North Tampa Street
> Suite 2700
> Tampa, FL 33609
> E-mail:  mwolfson@foley.com

To VPX:
Vital Pharmaceuticals, Inc.
c/o Jordi Guso, Esq.
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
E-mail: jguso@bergersingerman.com

Emails are deemed to have been received as of the date of successful electronic delivery of the Notice.

E.    **Release:** Effective upon Webb's receipt of the full amount of the Webb Settlement Amount, Webb for itself and its former and current officers, directors, employees, attorneys, members, shareholders, and agents do hereby release and forever waive, acquit and discharge VPX and the Debtors from any and all debts, claims, demands, damages, losses, liabilities, rights, actions, arbitrations, causes of action, expenses, contracts, promises, awards, penalties and suits of any kind or nature whatsoever, including, but not limited to, any and all claims in the Debtors' Bankruptcy Case, and any claims which could have been brought against each of them or all of them, whether known or unknown.

F.    **Release**: Effective upon VPX's receipt of the VPX Settlement Amount, VPX for itself and for its current officers, directors, employees, attorneys, members, shareholders, and agents hereby releases and forever waives, acquits and discharges Webb from any and all debts, claims, demands, damages, losses, liabilities, rights, actions, arbitrations, causes of action, expenses, contracts, promises, awards, penalties and suits of any kind or nature whatsoever, including, but not limited to any and all claims which could have been brought against each of them or all of them, whether known or unknown.

G.    The execution of the Agreement is not an admission of liability or wrongdoing by VPX or Webb.

22.    The Debtors seek approval of the Agreement pursuant to Rule 9019 of the Federal

Rules of Bankruptcy Procedure.

23.     Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim.   The decision of whether or not to approve a compromise is within the sound discretion of the court.  *In re Carson*, 82 B.R. 847 (Bankr. S.D. Ohio 1987); *In re Mobile Air Drilling Co.*, 53 B.R. 605 (Bankr. N.D. Ohio 1985).

24.     In passing on proposed settlements, the standard that courts applied under the former Bankruptcy Act is the same standard as courts should apply under the Bankruptcy Code. *In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984).  As stated by the United States Supreme Court in *Protective Committee v. Anderson*, 300 U.S. 414 (1968), under the Act, to approve a proposed settlement, a court must find that the settlement was "fair and equitable" based on an educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *Protective Committee*, 300 U.S. at 424.

25.     This test was adopted by the Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), which provides additional guidance as to whether a compromise should be approved.  *Justice Oaks* established a four-part test for approval:

(a)     The probability of success in litigation;

(b)     The difficulties, if any, to be encountered in the matter of collection;

(c)     The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(d)     The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

26.     The Agreement satisfies the *Justice Oaks* standard.

27.     Applying the foregoing, the terms of the Agreement satisfy that four-part test relating to the Rule 9019 request.  The Parties believe that after full and careful consideration of the claims asserted by Webb, the terms of the Agreement would be in the best interests of VPX's estate.  Specifically, in exchange for the Webb Settlement Amount, the Final Judgment will be fully satisfied, and the Appeal will be dismissed with prejudice.  In addition, Webb will be waiving any claims it may have against the Debtors in these bankruptcy cases.

28.     Counsel for each the Parties is mindful of the additional administrative expenses that will be incurred in the event that the Agreement is not approved.  The Parties believe that resolution of the disputes between VPX and Webb, upon the terms set forth in the Agreement, is reasonable and falls well above the lowest point in the range of reasonableness as required by Rule 9019 of the Federal Rules of Bankruptcy Procedure and applicable caselaw.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as **Exhibit B**, (a) granting this Motion; (b) approving the Agreement; and (c) granting such other and further relief as the Court deems just and proper.

Dated: May 17, 2023
      Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
       mniles@bergersingerman.com

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:   andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:   whit.morley@lw.com

*Co-Counsel for the Debtors*

# EXHIBIT "A"

## SETTLEMENT AGREEMENT BETWEEN (I) VITAL PHARMACEUTICALS, INC. AND (II) WEBB & GERRITSEN, INC.

THIS SETTLEMENT AGREEMENT (the "Agreement" ) is entered into as of May 16, 2023 by and between (i) Vital Pharmaceuticals, Inc. ("VPX" or the "Debtor") and (ii) Webb & Gerritsen, Inc. ("Webb", and, together with the Debtor, collectively, the "Parties") with respect to that certain state court action captioned *Webb & Gerritsen, Inc. v. Vital Pharmaceuticals, Inc.*, Case No. 2019CV001049, pending in the Circuit Court of Waukesha County, Wisconsin, and Appeal (as defined below). The Parties to this Agreement hereby agree as follows:

WHEREAS, in June 2019, Webb sued VPX in the Waukesha County, Wisconsin Circuit Court (the "Waukesha Circuit Court") under Wisconsin's Fair Dealership Law, Wis. Stat. ch. 135, in the case captioned *Webb & Gerritsen, Inc. v. Vital Pharmaceuticals, Inc.*, File No. 2019-cv-001049 (the "Wisconsin Action"). VPX raised counterclaims against Webb in the Wisconsin Action;

WHEREAS, on November 11, 2021, the jury returned a verdict in Webb's favor in the amount of $2,445,098.10 (net of VPX's counterclaims);

WHEREAS, on February 8, 2022, the Waukesha Circuit Court entered an *Order for Judgment and Judgment* (the "Judgment on Verdict") in favor of Webb and against VPX in the amount of $2,445,098.10;

WHEREAS, on February 24, 2022, the Waukesha Circuit Court amended the Judgment on Verdict to add $452,000.00 to include interest and Webb's reasonable actual attorneys' fees and costs, resulting in a total Final Judgment of $2,897,098.10 in favor of Webb (the "Final Judgment");

WHEREAS, in March 2022, VPX appealed the Final Judgment to the Wisconsin Court of Appeals (the intermediate Wisconsin appellate court), Appeal No. 22-AP-488 (the "Appeal");

WHEREAS, in order to stay Webb's enforcement of the Final Judgment, in connection with

VPX's Appeal, VPX asked for and obtained an order regarding judgment collection from the Waukesha Circuit Court (the "March 18th Order"). The March 18th Order offered VPX a stay of Webb's collection of the Final Judgment pending the outcome of the Appeal, provided that VPX either: (a) post a bond from a surety, or (b) deposit $2,897,098.10 with the Waukesha Circuit Court Clerk, subject to the terms of the March 18th Order;

**WHEREAS**, on March 23, 2022, VPX complied with the March 18th Order by making a cash payment in the amount of $2,897,098.10 to the Waukesha Circuit Court Clerk (the "Final Judgment Deposit"), which is currently held by the Waukesha Circuit Court Clerk *in custodia legis*, in an account at First Federal Bank;

**WHEREAS**, on October 10, 2022, VPX, and six of its affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). The Debtors' bankruptcy cases were jointly administered under the lead case of VPX, Case Number: 22-17842-PDR (the "Bankruptcy Case");

**WHEREAS**, on March 20, 2023, at the request of the Debtor (made on March 17, 2023), the Wisconsin Court of Appeals entered an order staying the Appeal until the automatic stay is lifted;

**WHEREAS**, on April 14, 2023, Webb filed in the Bankruptcy Case, a *Motion of Webb & Gerritsen, Inc. to Lift Automatic Stay to Allow the Debtor's Appeal Pending in Wisconsin Court of Appeals to Proceed* [ECF No. 1168] (the "Stay Relief Motion"), requesting the Bankruptcy Court to enter an order lifting the automatic stay in order for the Wisconsin Court of Appeals to resolve the Appeal;

**WHEREAS**, on April 27, 2023, the Debtors filed *Debtors' Objection to Motion of Webb & Gerritsen, Inc. to Lift Automatic Stay to Allow the Debtors' Appeal Pending in Wisconsin Court of*

*Appeals to Proceed* [ECF No. 1279], thereby objecting to, and requesting the entry of an Order denying the Stay Relief Motion;

**WHEREAS**, based on the Parties' desire to provide for a complete and final resolution of the Wisconsin Action and Appeal, the Parties have resolved their disputes which culminated in the execution of this Agreement;

**WHEREAS**, the Parties have agreed, in full satisfaction, release and discharge of claims against the Debtor, to an 80/20 split of the bond amount of $2,897,098.10 posted by VPX, whereby VPX will receive the sum of $579,419.62 and Webb will retain the balance in the amount of $2,317,678.48. Any additional funds in the account or any interest that may be due on the sums deposited will also be split 80/20, with Webb receiving 80% and VPX receiving 20% of such additional funds.

**NOW, THEREFORE,** in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1.      The Parties agree that the above recitations are true and correct. The Recitals to this Agreement are hereby incorporated herein by this reference.

2.      In full and final settlement of the disputes of any kind or nature whatsoever among the Parties, and subject to the entry of a Final Order[1] of the Bankruptcy Court approving this

[1] "Final Order" means an order or judgment of the Bankruptcy Court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending; provided, however, that if an appeal, writ of certiorari, reargument, or rehearing thereof has been filed or sought, such order shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied or reargument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for certiorari, or move for reargument or rehearing shall have expired; provided, further, that the possibility that a motion under Bankruptcy Code section 502(j), Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be but has not then been filed with respect to such order, shall not cause such order not to be a Final Order.

3

Agreement:

        A.     The Parties shall file a joint motion in the Wisconsin Action, requesting a release of the sum of $2,897,098.10, plus any additional funds in the account, as follows: (i) the sum of $579,419.62 to VPX (the "VPX Settlement Amount"), and (ii) the remaining sum of $2,317,678.48 to Webb (the "Webb Settlement Amount"). Any additional funds in the account or any interest that may be due on the sums deposited will also be split 80/20, with Webb receiving 80% and VPX receiving 20% of such additional funds. Upon Webb's receipt of the Webb Settlement Amount, Webb shall promptly withdraw with prejudice, the Stay Relief Motion and the *Motion of Webb & Gerritsen, Inc. to Allow Late Filing of Proof of Claim* [ECF No. 1169] filed by Webb in the Bankruptcy Case.

        B.     Upon VPX's receipt of the VPX Settlement Amount, VPX shall dismiss the Appeal with prejudice.

        C.     Upon Webb's receipt of the Webb Settlement Amount, Webb shall cause the Judgment to show it has been fully satisfied in the Wisconsin Action, and shall otherwise duly file and/or record any instrument to effect complete satisfaction of the Final Judgment if and to the extent as may be required by applicable law.

        D.     **Notice.** Any notices required by this Agreement must be given to the Parties as follows:

> To Webb:
> Webb & Gerritsen, Inc.
> c/o Mark J. Wolfson, Esq.
> Foley & Lardner LLP
> 100 North Tampa Street
> Suite 2700
> Tampa, FL 33609
> E-mail: mwolfson@foley.com

> To VPX:
> Vital Pharmaceuticals, Inc.
> c/o Jordi Guso, Esq.
> Berger Singerman LLP
> 1450 Brickell Avenue, Suite 1900
> Miami, FL 33131
> E-mail: jguso@bergersingerman.com

Emails are deemed to have been received as of the date of successful electronic delivery of the Notice.

E. **Release:** Effective upon Webb's receipt of the full amount of the Webb Settlement Amount, Webb for itself and its former and current officers, directors, employees, attorneys, members, shareholders, and agents do hereby release and forever waive, acquit and discharge VPX and the Debtors from any and all debts, claims, demands, damages, losses, liabilities, rights, actions, arbitrations, causes of action, expenses, contracts, promises, awards, penalties and suits of any kind or nature whatsoever, including, but not limited to, any and all claims in the Debtors' Bankruptcy Case, and any claims which could have been brought against each of them or all of them, whether known or unknown.

F. **Release:** Effective upon VPX's receipt of the VPX Settlement Amount, VPX for itself and for its current officers, directors, employees, attorneys, members, shareholders, and agents hereby releases and forever waives, acquits and discharges Webb from any and all debts, claims, demands, damages, losses, liabilities, rights, actions, arbitrations, causes of action, expenses, contracts, promises, awards, penalties and suits of any kind or nature whatsoever, including, but not limited to any and all claims which could have been brought against each of them or all of them, whether known or unknown.

G. The execution of this Agreement is not an admission of liability or wrongdoing by VPX or Webb.

5

12135561-7

H.       This Agreement shall be governed by and construed and enforced in accordance with the law of the State of Florida, without regard to its conflict of law principles.

I.       The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect hereof.

J.       This Agreement constitutes the entire agreement of the Parties hereto regarding the subject matter hereof. Each of the Parties acknowledges and agrees that there are no communications or oral understandings contrary, different, or that in any way restrict this Agreement and that all prior agreements or understandings within the scope of the subject matter of this Agreement are superseded in all respects and are null and void.

K.       No waiver, modification or amendment of the terms of this Agreement shall be valid or binding, unless made in writing, signed by each of the Parties and then only to the extent as set forth in such written waiver, modification, or amendment.

3.       The Parties shall request that the Bankruptcy Court retain jurisdiction to enforce and construe the provisions of this Agreement.

4.       The Parties agree that this Agreement is an instrument negotiated by all Parties hereto and will not be construed against its drafter.

5.       This Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Agreement and all of which shall constitute a singular instrument.

6.       Each Party to this Agreement represents and warrants that it is duly authorized to execute this Agreement and that the person through whom each Party executes this Agreement is

6

12135561-7

fully and duly empowered and authorized to execute it on the respective party's behalf.

IN WITNESS WHEREOF, the undersigned have executed this Agreement effective as of

May  16 , 2023.

| Vital Pharmaceuticals, Inc., *et al.* <br> 1600 N. Park Drive <br> Weston, FL 33326 <br><br> By: _____ <br> John C. DiDonato, Chief <br> Transformation Officer | Webb & Gerritsen, Inc. <br><br> By: _____ <br> Robert Rake , its President |

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]          Case No.: 22-17842-PDR

      Debtors.                                    (Jointly Administered)

_____/

## ORDER GRANTING DEBTORS' MOTION TO APPROVE COMPROMISE BETWEEN (I) DEBTOR, VITAL PHARMACEUTICALS, INC.; AND (II) WEBB & GERRITSEN, INC.

      **THIS MATTER** having come before the Court upon the *Debtors' Motion to Approve*

*Compromise Between (I) Debtor, Vital Pharmaceuticals, Inc.; and (II) Webb & Gerritsen, Inc.*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

(the "Motion") [ECF No. _____] filed by the Debtors[2].  The Court, having considered the Motion and the Agreement attached thereto as Exhibit A, and the Debtors, by submitting this form of order having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the Debtors, a response to the Motion, and that the form of order was attached as an exhibit to the motion, and being otherwise fully advised in the premises, and for good cause, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      The Motion is **GRANTED**.

2.      The Agreement attached to the Motion as Exhibit A is **APPROVED** in its entirety, and each and every provision of the Agreement is incorporated herein as if fully set forth in this Order.

3.      The parties to the Agreement are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Agreement.

4.      The Parties are directed to comply with the terms of the Agreement and the Court reserves jurisdiction to enforce the terms of the Agreement.

#   #   #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

2

12140846-2

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*