UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:  
VITAL PHARMACEUTICALS, INC., *et al.*,  
      Debtors._____/

Case No.: 22-17842-PDR  
Chapter 11  
(Jointly Administered)

### CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S MOTION TO CLARIFY EXTENT OF AUTOMATIC STAY OR IN THE ALTERNATIVE FOR RELIEF FROM STAY

Creditor and Interested Party, John H. Owoc ("Mr. Owoc"), pursuant to sections 105(a) and 362 of title 11 of the United States Code, Federal Rules of Bankruptcy 9014, and Local Bankruptcy Rule 4001-1, hereby files this Motion to Clarify Extent of the Automatic Stay or in the alternative For Relief from the Automatic Stay ("Motion"), to pursue state law rights and remedies concerning corporate governance, and respectfully states as follows:

### BACKGROUND

1. Vital Pharmaceuticals, Inc. ("VPX" or "Debtor") is a corporation with a single shareholder, Mr. Owoc, who also served as the CEO and Chairman of the Board of Directors.

2. Recently, Mr. Owoc was terminated from his position as CEO and Chairman of the Board by improper vote of a purported three-member majority of the Board, consisting of Robert Dickinson, Stephen Gray, and Steven Panagos. Robert Dickinson was properly terminated by Mr. Owoc before those three members voted to terminate him. Because Gray and Panagos could not constitute a majority, the vote is effectively null and void.

3. Mr. Owoc, as CEO and sole shareholder of VPX, has commenced a declaratory judgment action against the respective Board members to seek relief regarding his status as an

1

officer and Chairman of the Board and related corporate governance matters which violate Florida law.

4. Mr. Owoc intends to add VPX as a defendant in the declaratory action to determine that he is the CEO and Chairman of VPX and the vote taken by those three members of the Board was of no legal effect.

5. Mr. Owoc respectfully seeks this Court's clarification as to whether the automatic stay precludes Mr. Owoc from bringing a declaratory judgment action against VPX regarding corporate governance, which is a state law matter.

## ARGUMENT

6. Once bankruptcy proceedings are initiated, an automatic stay applies to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1).

7. "The automatic stay freezes things until the court can decide whether cause exists to lift the stay[.]" *In re Horton,* 595 B.R. 1, 2 (Bankr. D.D.C. 2019). Further, "[c]ause for lifting the automatic stay . . . includes the lack of any purpose under the provisions of the Bankruptcy Code to keep the automatic stay in place. Unless such a bankruptcy reason exists, the stay should be lifted." *Id*.

8. Courts have also focused on practical considerations in lifting a stay, including: "1. the harm to the party seeking relief from the stay . . . if the stay is not lifted; 2. the harm to the debtor . . . if the stay is lifted; 3. the interests of creditors; and 4. the effect on the fair and efficient administration of justice." *Peerless Ins. Co. v. Rivera*, 208 B.R. 313, 315 (D.R.I. 1997).

9. The stay is designed to stay actions by parties to enforce *pre*-petition claims or actions to take control over estate property. *See generally*, 11 U.S.C. § 362(a). A stay is not

typically extended to *post*-petition disputes, in particular where the dispute relates to matters of corporate governance.

10. It has been held that the resolution of disputes involving corporate governance is generally not within the competence and jurisdiction of a bankruptcy court even if the corporation is a debtor under Chapter 11 of the Bankruptcy Code. See *In re mpX Tech., Inc.*, 310 B.R. 453, 454 (Bankr. M.D. Fla. 2004); *In re Bicoastal Corp.,* No. 89-8191-8P1, 1989 WL 607352, at *5 (Bankr. M.D. Fla. Nov. 21, 1989)[1]; *In re Lionel Corp.*, 30 B.R. 327 (S.D. N.Y. 1983); *In re Bush Terminal Co.*, 78 F.2d 662 (2d Cir. 1935); *Saxon Indus., Inc. v. NKFW Partners*, 39 B.R. 49, 50 (S.D. NY 1984); *In re Johns Mansville*, 801 F.2d 60, 65-67 (2d Cir. 1986).

11. As the district court pointed out in *In re Marvel Ent. Grp., Inc.*, 209 B.R. 832 (D. Del. 1997), the automatic stay provisions of the Bankruptcy Code are not implicated by the exercise of shareholders' corporate governance rights. "Indeed, if it were otherwise, there would be no need to determine whether shareholders' actions evidenced clear abuse. For instance, because the directors of a debtor-in-possession control and manage the debtors' operations, any election of a new board would be considered an attempt to exercise control over the assets of the estate and would thus be barred by § 362(a)(3)." *Id*.

12. In *In re Lionel Corp.*, the court recognized the right of stockholders of a corporation in bankruptcy "to elect a new board." 30 B.R. at 330. Specifically, the court held there is no demonstrable reason for denying shareholders their right to an annual meeting despite the pendency of a reorganization proceeding, and it would be an abuse of the Court's power to preclude

---

[1] *In re Bicoastal Corp.* did not involve matters of corporate governing in the "orthodox sense", where a shareholder has a "genuine concern for the health, welfare and survival of a corporation." *In re Bicoastal Corp.,* 1989 WL 607352, at *5. In that case, a shareholder undertook actions to obtain control of management to force the repayment of a balance due. *Id*. If it was purely a matter of corporate governance, the Middle District of Florida Bankruptcy Court plainly stated that the court would have no jurisdictional power to interfere with the state court action. *Id*.

defendants from resorting to all available legal remedies including the state court proceeding as a vehicle for asserting their fundamental rights against Lionel, a New York corporation, and its board of directors. *Id*.

13. The right of shareholders "to be represented by directors of their choice and thus to control corporate policy is paramount." *In re Potter Instrument Co., Inc.*, 593 F.2d 470, 475 (2d Cir. 1979).

14. Shareholders "should have the right to be adequately represented in the conduct of a debtor's affairs, particularly in such an important matter as the reorganization of the debtor." *Johns-Manville*, 801 F.2d at 65 (quoting *In re Bush Terminal Co.*, 78 F.2d at 664).

15. As a result, the election of a new board of directors may be enjoined only under circumstances demonstrating "clear abuse." *See, e.g., Johns–Manville*, 801 F.2d at 64; *In re Heck's Props., Inc.*, 151 B.R. 739, 759–60 (S.D. W.Va. 1992); *In re Allegheny Int'l, Inc.*, 1988 WL 212509, at *4 (W.D. Pa. May 31, 1988). "Clear abuse" requires a showing that the shareholders' action in seeking to elect a new board of directors "demonstrates a willingness to risk rehabilitation altogether in order to win a larger share for equity." *Johns–Manville*, 801 F.2d at 65. The fact that the shareholders' action may be motivated by a desire to arrogate more bargaining power in the negotiation of a reorganization plan, without more, does not constitute clear abuse. *Id*. at 64.

16. It would not appear that an action to determine corporate governance offends the automatic stay.

17. Should the Court conclude that stay relief is required, in the alternative Mr. Owoc moves for stay relief. If relief from stay is required, cause exists to lift the stay to permit the commencement of a declaratory action against VPX in state court because the action is solely a matter of corporate governance and is best left to the courts of the state that VPX was incorporated.

18. If the automatic stay is not lifted, Mr. Owoc, as sole shareholder and CEO of VPX, will be irreparably harmed. Mr. Owoc will effectively be precluded from protecting his fundamental interests as sole shareholder of the company given the precarious situation that VPX is in and the pace at which this bankruptcy is progressing.

19. A declaratory action with respect to the governance of VPX will not threaten the reorganization or rehabilitation of the Debtor and does not conflict with the policies and purposes of the Bankruptcy Code.

20. A copy of the proposed declaratory action against VPX is annexed as **Exhibit "1."**

WHEREFORE, Creditor and Interested Party, John H. Owoc, respectfully requests this Court (i) grant this Motion; (ii) order that stay relief is not required for a shareholder to sue VPX on a matter of corporate governance; or in the alternative (iii) if the stay does apply, to lift the stay so that a declaratory action against VPX may be commenced; (iv) and for such other relief this Court deems just and proper.

*[CERTIFICATES OF ADMISSION AND SERVICE TO FOLLOW ON NEXT PAGE]*

**CERTIFICATION OF ADMISSION**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on June 7, 2023.

Respectfully submitted,

**CONRAD & SCHERER, LLP**
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com
OGonzalez@conradscherer.com

By: */s/ Irwin R. Gilbert*
Irwin R. Gilbert
Florida Bar No. 99473