UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,           Case No.: 22-17842-PDR

                                                      Chapter 11
          Debtors.                             (Jointly Administered)

_____/

### *EMERGENCY* MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY SUBPOENAS

**\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**The Official Committee of Unsecured Creditors has issued eight subpoenas to banks seeking personal financial information of Jack and Megan Owoc. The Owocs are not debtors in these bankruptcy cases, and no adversary proceeding has been filed alleging they received avoidable transfers. The subpoenas are overbroad and should be quashed.**

**Given response deadlines in the subpoenas of June 19, 2023, the Owocs respectfully request that this matter be scheduled for hearing on an emergency basis, on or before Tuesday June 13, 2023.**

       John H. Owoc ("Mr. Owoc") and Megan Owoc ("Mrs. Owoc") (the "Owocs"), pursuant to Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 2004, respectfully request that the Court issue a protective order and quash the subpoenas referenced *infra*. In support of this request the Owocs state:

       1.       On June 2, 2023, the Official Committee of Unsecured Creditors (the "Committee") issued subpoenas (together, the "Subpoenas") to the following banks and financial institutions under Fed. R. Bankr. P. 2004: Bank of America, N.A., JPMorgan Chase Bank, N.A., City National Bank of Florida, City National Bank, Regions Bank, Sun Credit Union, Truist Bank (formerly SunTrust), and Wells Fargo Bank, N.A. (together, the "Banks"). ECF Nos. 1423–1430.

{2467/000/00556934}

2. The Subpoenas seek substantially similar documents from each Bank, which essentially consist of: (a) all statements for accounts maintained by Mr. Owoc from January 1, 2018 to the present, (b) all wire transfers for such accounts, and (c) all statements from January 1, 2018 to the present for accounts associated with eighteen entities. Seven of the entities are the debtors in the jointly administered cases, Vital Pharmaceuticals, Inc. *et al.* (the "Debtors"), while the remaining eleven entities are non-debtors (the "Non-Debtor Entities"). *See generally* Subpoenas. Based on these requests, the Committee presumably believes that the estate possesses chapter 5 claims against the Owocs and/or Non-Debtor Enitties.

3. Rule 2004 permits discovery that "relate[s] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate[.]" Fed. R. Bankr. P. 2004(b) (emphases supplied). The rule is thus limited by its terms to matters concerning the debtor or its estate. Put another way, "the scope of Rule 2004, as interpreted by any number of courts is broad, but is not boundless." *In re Yellowstone Mountain Club, LLC*, 2009 WL 982233, at *3 (Bankr. D. Mon., Feb. 18, 2009).

4. Rule 2004 also implicates procedural due process issues with respect to third parties, in that they lack the procedural safeguards of the Federal Rules of Civil Procedure in a traditional lawsuit:

> The proper mode of discovery which ordinarily must be utilized against a third party who may be liable to the bankruptcy estate for various wrongful acts is contained in the Federal Rules of Civil Procedure, which provides numerous procedural safeguards against unfairness to the party from which discovery is sought. By contrast, the procedural safeguards provided by Bankruptcy Rule 2004 are minimal. Since Rule 2004 allows in effect a "fishing expedition" in order to allow the trustee to quickly locate assets of the estate, an examination under Rule 2004 need not be limited, as are examinations under the Federal Rules of Civil Procedure, to issues raised with reasonable particularity in a complaint.

{2467/000/00556934}

*In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) (citations omitted).

5. In light of the foregoing, multiple courts have precluded Rule 2004 discovery from third parties when the information sought was overly broad or could be obtained in an adversary proceeding. *See, e.g.*, *Wilcher*, 56 B.R. at 434 (quashing Rule 2004 subpoena issued to third party and concluding, "It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs."); *In re GHR Energy Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983) ("The debtors allege that the information sought is necessary in order that they may determine whether to bring a complaint against certain of the individuals and entities. From the evidence presented to me, it seems that the debtors are now in a position to file an action against certain of the individuals and entities if they so choose. It appears the debtors are attempting to use Rule 2004 to circumvent the procedural safeguards provided a litigant by the Federal Rules of Civil Procedure (or where appropriate any other similar state discovery rules). While it is obvious that particular rights of a creditor are affected when one of its debtors files for protection under the Bankruptcy Code, it cannot be said that a creditor necessarily loses the protections afforded by the Federal Rules of Civil Procedure…") (citations omitted).

6. The Court should quash the subpoenas given these limiting principles. In particular, the Committee was appointed over seven months ago, on November 1, 2022. ECF No. 245. The Committee has been an active participant in the bankruptcy cases since that time, and has already obtained extensive discovery from the Debtors and the Owocs, among other persons. *See, e.g.*, ECF Nos. 610, 684–97, 699–704, and 719–20 (sample Rule 2004 notices issued by the Committee). Assuming *arguendo* transfers exist that the Committee believes are subject to avoidance, the Committee should comfortably be in a position to file a complaint. Seeking endless Rule 2004 discovery in lieu of filing such a complaint suggests that the Committee is attempting

{2467/000/00556934}

to circumvent the safeguards and protections in the Federal Rules of Civil Procedure that will be available in an adversary proceeding, as was the case in *GHR*. *See* 35 B.R. at 538.

7. The Subpoenas are also inappropriate in that their requests are not limited to verifying transfers from the Debtors to the Owocs. For example, if the Committee believed from a review of the Debtors' records that $100 was transferred to Mr. Owoc on January 1, 2018, and that the transfer was avoidable, the Committee could issue a subpoena seeking to confirm the receipt of that transfer by Mr. Owoc.[1] The Subpoenas are not limited in any such fashion, however. They instead seek: (a) <u>all</u> statements for accounts maintained by Mr. Owoc, whether or not the Debtors transferred funds into those accounts, (b) <u>all</u> wires for the accounts, and (c) <u>all</u> accounts affiliated with the Non-Debtor entities, again whether or not the Non-Debtor entities received transfers from the Debtors. To call these requests a fishing expedition is an understatement. They are an "impermissible wholesale investigation of a non-debtor's private business affairs." *See Wilcher*, 56 B.R. at 434. The Subpoenas should be quashed as a result.

## **GOOD FAITH CERTIFICATION**

The undersigned certifies that he has in good faith conferred with counsel for the Committee in a good faith effort to resolve this matter without Court action, but that the parties were unable to reach agreement.

[Remainder of Page Intentionally Left Blank]

---

[1] For the avoidance of doubt, the subpoena in this hypothetical would still be inappropriate in that it sought third party financial information (among other reasons). The Owocs are utilizing a hypothetical simply to demonstrate how much more inappropriate the actual Subpoenas are.

**WHEREFORE**, the Owocs respectfully requests that the Court issue a protective order quashing the Subpoenas, and granting such other relief the Court deems inappropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing via CM/ECF to those parties registered to receive such notice in this case on June 9, 2023.

        **SHRAIBERG PAGE P.A.**
        Attorneys for the Owocs
        2385 NW Executive Center Drive, Suite 300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email:  bss@slp.law

        By:   /s/ Bradley Shraiberg
              Bradley Shraiberg
              Fla. Bar No. 121622
              Patrick Dorsey
              Fla. Bar NO. 0085841

{2467/000/00556934}