**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

VITAL PHARMACEUTICALS, INC., *et al*.,

_____Debtors._____/

Case No.: 22-17842-PDR

Chapter 11

(Jointly Administered)

## NON-PARTY SUBPOENA TO DOCUSIGN, INC. PURSUANT TO FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45

To:    Docusign, Inc.
       Legal Department
       221 Main Street, Suite 1000
       San Francisco, CA 94105)

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒    *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below.

| PLACE:<br>**CONRAD & SCHERER, LLP**<br>**633 S Federal Highway, Suite 800**<br>**Fort Lauderdale, FL 33301** | DATE AND TIME<br>**Friday, June 16th at 10:00 AM** |
|---|---|

### SEE SCHEDULE OF PRODUCTION ATTACHED AS EXHIBIT "B"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 9, 2023

CLERK OF COURT                              OR

_____            */s/ Irwin r. Gilbert, Esq.*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing JOHN H. OWOC, who issues or requests this subpoena, is: IRWIN R. GILBERT, Florida Bar No. 99473, 633 S. Federal Hwy., Suite 800, Fort Lauderdale, Florida 33316, Telephone: (954) 847-3328, Facsimile: (954) 463-9244.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE "A" – DEFINITIONS AND INSTRUCTIONS

1. **"JOHN H. OWOC"** shall refer to John H. Owoc, individually, including other names he has been known by such as "Jack Owoc."

2. **"VITAL PHARMECEUTICALS, INC."** shall refer to Vital Pharmaceuticals, Inc., and its agents, officers, directors, employees, legal representatives, and attorneys.

3. **"Communication"** shall refer to any written or oral conversation, including, but not limited to, telephone conversations, voicemails, in-person conversations, letters, memoranda, notes, telegraphic/telex Communications, emails, SMS and MMS text messages, and "chat" messages from any platform or application – for example, and not by way of limitation, Google Chat and/or WhatsApp. The term "Communication" specifically includes (a) any writing or oral conversation with any translator or intermediary for another person, and (b) any Documents that reflect, refer, or relate to any written or oral conversation.

4. **"Document"** shall refer to the original and all non-identical copies of any written, printed, typed, photographic or recorded matter of any kind or character, however produced or reproduced, and any tangible thing, which, in whole or in part, illustrates or conveys information in the your possession, custody, or control, whether produced or stored physically or in any electronically-accessible manner. The term "Document" specifically includes all drafts and non-final copies of the aforementioned. For example, and not by way of limitation, the term "Document" includes (a) data on a computer hard drive, flash drive, optical disc, network storage location, or any other digital storage medium or service; (b) telephone message slips, desk calendars, and day planners; (c) email, whether in hard copy or electronic form; and (d) recordings and transcriptions of telephone and voice mail messages. All Documents stored in electronic formats should be produced in their complete and native form, including all associated metadata.

5. To the extent that a privilege is claimed with respect to any Document or Communication (or part of any Document or Communication) requested please set forth with particularity the following information:
   a. The author of the Document or Communication;
   b. The person to whom the Document or Communication was addressed; all persons who received a copy of the Document or Communication, and all persons who had access to the Document or Communication;
   c. The date the Document or Communication was prepared;
   d. The Request to which the Document or Communication is responsive;
   e. The title or heading of the Document or Communication;
   f. The type of Document or Communication (*e.g.*, email, memorandum, sound recording, handwritten note, etc.);
   g. The present location and custodian of the Document or Communication; and
   h. The full and complete grounds upon which the claim of privilege is made, including a description of the substance of the Document or Communication sufficient to permit a third party to evaluate the claim of privilege.

6. If a privilege is claimed only as to part of a Document or Communication, please produce all other parts as to which no privilege is claimed.

7. If a Document requested once existed and has subsequently been destroyed, deleted, lost, or is otherwise unavailable, please set forth with particularity the following information:
   a. The author of the Document or Communication;
   b. The person to whom the Document or Communication was addressed; all persons who received a copy of the Document or Communication, and all persons who had access to the Document or Communication;
   c. The date the Document or Communication was prepared;
   d. The title or heading of the Document or Communication;
   e. The type of Document or Communication (*e.g.*, email, memorandum, sound recording, handwritten note, etc.);
   f. The contents of the Document or Communication, as fully as possible and in form as close to verbatim as possible; and
   g. The circumstances of the Document or Communication's destruction, deletion, loss, or unavailability, including the person or persons who caused such loss, the reasons for the loss, the date of the loss, what precautions were taken to prevent the loss, and what efforts have been taken to retrieve or recreate the Document or Communication.

8. These Requests are continuing to the greatest extent possible permitted by the Federal Rules of Bankruptcy

Procedure.

9.  If you or your attorneys believe that any of these Requests are vague or confusing, please contact the undersigned.

**SCHEDULE "B" - REQUESTED PRODUCTION**

1. Any and all documents, records, and/or files associated in any way with any digital transactions conducted by or with JOHN H. OWOC, or VITAL PHARMACEUTICALS, INC., through DocuSign, Inc.

2. Any and all digital signatures, timestamps, IP addresses, device information, authentication/verification data/records or documents, and any other meta-data associated with the aforementioned transaction(s) described in Item #1, above.

3. Any and all communication or correspondence, in their native form, related to the aforementioned transaction(s) described in Item #1, above, by or with JOHN H. OWOC, VITAL PHARMACEUTICALS, INC. or any other individual or entity, including but not limited to, emails, internal memos, notes, messages, or notifications, and any and all metadata associated with same.

4. The Certificate of Completion and Envelope History associated with the specific Envelope ID and the account subscriber profiles for JOHN H. OWOC, or VITAL PHARMACEUTICALS, INC., including the contents of the envelope and/or copies of documents signed using DocuSign for the aforementioned transactions described in Item #1, above.

5. Please include in your response all documents in your custody, control, or possession, as well as documents that you have the legal right to obtain on demand from others (such as independent contractors or vendors), which pertain to any matter relating to the aforementioned transaction(s).