UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**DEBTORS' EIGHTH OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES WITH (A) DOGWOOD PROPCO FL, LP; (B) EASTGROUP PROPERTIES, LP; (C) PPF LINCOLN MEDLEY, LLC; (D) DUKE SECURED FINANCING 2009-1PAC, LLC; (E) JHO NV-1 INVESTMENT, LLC; (F) KEARNY MESA WEST (SAN DIEGO), LLC (G) RANGER H-TX LP; AND (H) CI DAL III-V, LLC**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion"), seeking an order in substantially the form attached hereto as **Exhibit "A"** authorizing the Debtors to reject that certain (i) *Lease* between Vital Pharmaceuticals, Inc. ("VPX") and Dogwood Propco FL, LP, as successor in interest to Center Point Flex Owner, LLC ("Dogwood") dated October 9, 2018 as amended by that certain Second Amendment to Lease dated March 6, 2020 ("Second Amendment"), including any amendments, modifications thereto (collectively, with the Second Amendment, the "Dogwood Lease") with rejection of the Dogwood Lease to be effective as of June 30, 2023, or the date that

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12182437-7

the Debtors turn over the keys to the Dogwood Leased Premises (as defined below); (ii) *Lease Agreement* dated April 1, 2019, between VPX and EastGroup Properties, L.P., a Delaware limited partnership ("EastGroup"), and any additional amendments or modifications thereto (collectively, the "EastGroup Lease"), with the rejection of the EastGroup Lease to be effective as of the earlier of June 30, 2023, or the date that the Debtors turn over the keys to the EastGroup Leased Premises (as defined below) (iii) *Industrial Lease Agreement* dated July 23, 2019, between VPX and PPF Lincoln Medley, LLC, a Delaware limited liability company ("PPF Lincoln"), and any additional amendments or modifications thereto (collectively, the "PPF Lincoln Lease"), with the rejection of the PPF Lincoln Lease to be effective as of the earlier of June 30, 2023, or the date that the Debtors turn over the keys to the PPF Lincoln Leased Premises (as defined below); (iv) *Lease* dated February 11, 2019, between VPX and Duke Secured Financing 2009-1PAC, LLC, a Delaware limited liability company ("Duke"), and any additional amendments or modifications thereto (collectively, the "Duke Lease"), with the rejection of the Duke Lease to be effective as of the earlier of June 30, 2023, or the date that the Debtors turn over the keys to the Duke Leased Premises (as defined below); and (v) *Lease* between Quash Seltzer, LLC ("Quash") and JHO NV-1 Investment, LLC ("JHO NV") dated December 22, 2020, including any amendments, modifications thereto (collectively, the "JHO NV Lease") with rejection of the JHO NV Lease to be effective as of the Petition Date (as defined below); (vi) *Lease* between VPX and Kearny Mesa West (San Diego), LLC ("Kearny") dated December 31, 2019, including any amendments or modifications thereto (collectively, the "Kearny Lease"), with the rejection of the Kearny Lease to be effective as of June 30, 2023, or the date that the Debtors turn over the keys to the Kearny Leased Premises (as defined below); (vii) *Commercial Park Lease* between VPX and Ranger H-TX LP, a Delaware limited partnership ("Ranger") dated July 7, 2021, including any amendments

2

or modifications thereto (collectively, the "Ranger Lease"), with the rejection of the Ranger Lease to be effective as of June 30, 2023, or the date that the Debtors turn over the keys to the Ranger Leased Premises (as defined below); and (viii) *Industrial Building Lease* between VPX and CI DAL III-V, LLC, a Delaware limited liability company ("CI DAL") dated September 21, 2018, including any amendments or modifications thereto (collectively, the "CI DAL Lease"), with the rejection of the CI DAL Lease to be effective as of June 30, 2023, or the date that the Debtors turn over the keys to the CI DAL Leased Premises (as defined below). In support of the Motion, the Debtors respectfully represent as follows:

## I. Jurisdiction

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. § 365(a) and Bankruptcy Rule 6006.

## II. Background

2. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration").

5. On October 11, 2022, the Court entered an order jointly administering the Debtors'

chapter 11 cases [ECF No. 43].

6. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

7. On April 17, 2023, the Debtors filed the *Motion for Entry of an Order (I) Ruling Section 365 As Amended By The Act Applies to the Deadline By Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [ECF No. 1185] (the "Extension Motion"), seeking a further extension of the Debtors' Assumption/Rejection Deadline (as defined in the Extension Motion) through and including August 7, 2023 in accordance with the Consolidated Appropriations Act of 2021, Pub. L. No. 116-260, Division FF, Title X, Sec. 1001. On May 8, 2023, the Court granted the relief requested in the Extension Motion. *See Order Granting Debtors' Motion for Entry of an Order (I) Ruling Section 365 as Amended By the Act Applies to the Deadline By Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [ECF No. 1348].

### III. Relief Requested and Basis Therefor

#### A. Dogwood Lease

8. On or about October 9, 2018, VPX entered into the Dogwood Lease for non-residential real property located at 1907-1911 U.S. Highway 301 N, Building D, Suites D140-150 and D160, Tampa, Florida 33610 (the "Dogwood Leased Premises"). The term of the Dogwood Lease expires on December 31, 2023 for suites D140-150 and pursuant to the Second Amendment, the term of the Dogwood Lease for Suite 160 expires on or about August 1, 2023.

#### B. EastGroup Lease

9. On or about April 1, 2019, VPX entered into the EastGroup Lease for non-

residential real property located at 7950 Central Industrial Drive, Suite 102-104, Riviera Beach, Florida 33404 (the "EastGroup Leased Premises").  The term of the EastGroup Lease expires on June 30, 2024.

### C. PPF Lincoln Lease

10. On or about July 23, 2019, VPX entered into the PPF Lincoln Lease for non-residential real property located at 12600 NW 115th Avenue, Medley, Florida 33916 (the "PPF Lincoln Leased Premises").  The term of the PPF Lincoln Lease expires on September 30, 2024.

### D. Duke Lease

11. On or about February 11, 2019, VPX entered into the Duke Lease for non-residential real property located at 9550 Parksouth Court, Orlando, Florida 32837 (the "Duke Leased Premises").  The term of the Duke Lease expires on March 11, 2024.

### E. JHO NV Lease

12. On or about December 22, 2020, Quash entered into the JHO NV Lease purportedly for non-residential real property located at 1635 South 43rd Avenue, Phoenix, AZ 85009 (the "AZ Premises").[2]  The term of the JHO NV Lease expires on January 1, 2026.

### F. Kearny Lease

13. On or about December 31, 2019, VPX entered into the Kearny Lease for non-residential real property located at 7292 Opportunity Road, Suite E and Suite F, San Diego, California (the "Kearny Leased Premises"). The term of the Kearny Lease expires on January 31, 2024.

### G. Ranger Lease

14. On or about July 7, 2021, VPX entered into the Ranger Lease for non-residential

---

[2] The JHO NV Lease was intended to be between JHO Real Estate Investment, LLC, as landlord, and Quash, as tenant, for the AZ Premises, and that the reference to "JHO NV-1, LLC," as landlord, was a scrivener's error. Accordingly, the Debtors do not believe the JHO Lease with JHO NV is valid or effective but, out of an abundance of caution, seek to reject the JHO NV Lease.

12182437-7

real property located at 11707 S. Sam Houston Parkway, W., Suite H, Houston Texas 77031 (the "Ranger Leased Premises"). The term of the Kearny Lease expires on or about August 31, 2024.

### H. CI DAL Lease

15. On or about September 21, 2018, VPX entered into the CI DAL Lease for non-residential real property located at 1601 Wallace Drive Carrolton, Texas (the "CI DAL Leased Premises"). The term of the Kearny Lease expires on or about August 31, 2024.

### Basis for Relief

16. The Debtors have been conducting a review of their operations and have determined in their business judgment that the Dogwood Lease, EastGroup Lease, PFF Lincoln Lease, Duke Lease, and JHO NV Lease, are unnecessary to the administration of these bankruptcy cases and are burdensome to the estates because VPX and Quash are no longer in need of these facilities. Additionally, in their business judgment, the Debtors have determined that Kearny Lease, Ranger Lease, and CI DAL Lease are unnecessary to the administration of these bankruptcy cases and are burdensome to the estates because VPX and Quash are no longer in need of these marketing team locations. The Debtors do not believe that the Dogwood Lease, EastGroup Lease, PFF Lincoln Lease, Duke Lease, JHO NV Lease, Kearny Lease, Ranger Lease, and CI DAL Lease have any value that can be achieved through an assumption and assignment to a third party. Therefore, maintaining the Dogwood Lease, EastGroup Lease, PFF Lincoln Lease, Duke Lease, JHO NV Lease (to the extent valid), Kearny Lease, Ranger Lease, and CI DAL Lease would impose unnecessary costs and burdens on the Debtors' estates with no commensurate benefit.

17. Accordingly, the Debtors seek to reject the Dogwood Lease, EastGroup Lease, PFF Lincoln Lease, Duke Lease, JHO NV Lease, Kearny Lease, Ranger Lease, and CI DAL Lease.

18. Section 365(a) of the Bankruptcy Code allows a debtor, subject to approval of the

12182437-7

bankruptcy court, to assume or reject any unexpired lease. *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re TOUSA, Inc.*, 14-12067, 2015 WL 1346098, at *5 n. 3 (11th Cir. Mar. 26, 2015) (in dicta). "'This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'" *Stewart Title,* 83 F.3d at 741 (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)). A debtor's decision to assume or reject an unexpired lease is subject to the "business judgment" test. *Byrd v. Gardiner, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Surfside Resort and Suites, Inc.*, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); *In re Weaver Oil Co., Inc.*, 2008 WL 8202063 (Bankr. N.D. Fla. 2008); *In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 (M.D. Fla. Mar. 2, 2010). The sole inquiry is whether assumption or rejection will benefit this estate. *See Id*.

19. In applying the "business judgment" test, courts show great deference to a debtor's decision to assume or reject an unexpired lease. *See In re Colony Beach & Tennis Club Ass'n, Inc.*, 2010 WL 746708, at *3 ("A court may not substitute its judgment for that of a debtor unless the debtor's decision that 'rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice.'") (quoting *Surfside Resort and Suites*, 325 B.R. at 469 (internal citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"). As long as the decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an unexpired lease. *See, e.g., NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co.*, 318 U.S. 523 (1943).

7

20. Because the Debtors will not profit from the continued performance under the Dogwood Lease, EastGroup Lease, PFF Lincoln Lease, Duke Lease, Kearny Lease, Ranger Lease, and CI DAL Lease and rejection will avoid the accrual of administrative expenses, it necessarily follows that rejection of (i) the Dogwood Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Dogwood Leased Premises by returning the keys to the landlord; (ii) the EastGroup Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the EastGroup Leased Premises by returning the keys to the landlord; (iii) the PPF Lincoln Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the PPF Lincoln Leased Premises by returning the keys to the landlord; (iv) the Duke Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Duke Leased Premises by returning the keys to the landlord; (v) the Kearny Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Kearny Leased Premises by returning the keys to the landlord; (vi) the Ranger Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Ranger Leased Premises by returning the keys to the landlord; and (vii) the CI DAL Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the CI DAL Leased Premises by returning the keys to the landlord, is a decision made in the sound exercise of the Debtors' business judgment, that is, a decision that will benefit the Debtors' estates.

21. For the reasons described in footnote 2, the Debtors do not believe the JHO NV Lease is effective or valid – JHO NV could not be a lessor of property that it has no interest in and the JHO NV Lease agreement instead reflects a drafting error. Nevertheless, out of an abundance of caution, to avoid any ambiguity about whether the purported lease would bind either JHO NV or Quash, the Debtors are including the lease in this Motion. The Debtors are in the process of selling their assets, including the AZ Premises, and any ambiguity as to the effectiveness of the JHO NV

8

12182437-7

Lease could needlessly interfere with that process. The JHO NV Lease provides no value to the Debtors' estates; rejection of such lease benefits the Debtors' estates and is a decision clearly made in the sound exercise of the Debtors' business judgment. For the avoidance of doubt, and to the extent necessary, Quash waives any and all rights under § 365(h)(1)(A)(ii).

22. For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Dogwood Lease, EastGroup Lease, PFF Lincoln Lease, Duke Lease, JHO NV Lease, Kearny Lease, Ranger Lease, and CI DAL Lease upon the terms set forth herein. Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the (i) the Dogwood Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Dogwood Leased Premises by returning the keys to the landlord; (ii) the EastGroup Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the EastGroup Leased Premises by returning the keys to the landlord; (iii) the PPF Lincoln Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the PPF Lincoln Leased Premises by returning the keys to the landlord; (iv) the Duke Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Duke Leased Premises by returning the keys to the landlord; (v) the JHO NV Lease as of the Petition Date; (vi) the Kearny Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Kearny Leased Premises by returning the keys to the landlord; (vii) the Ranger Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Ranger Leased Premises by returning the keys to the landlord; and (viii) the CI DAL Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the CI DAL Leased Premises by returning the keys to the landlord.

### Debtors' Reservation of Rights

23. The Debtors may have claims against Dogwood arising under, or independently of,

the Dogwood Lease and, may have claims against EastGroup arising under, or independently of, the EastGroup Lease. In addition, the Debtors may have claims against PPF Lincoln arising under, or independently of, the PPF Lincoln Lease, and claims against Duke arising under, or independently of, the Duke Lease. Further, the Debtors may have claims against JHO NV arising under, or independently of, the JHO NV Lease; claims against Kearny arising under, or independently of, the Kearny Lease; claims against Ranger arising under, or independently of, the Ranger Lease; and claims against CI DAL arising under, or independently of, the CI DAL Lease. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Dogwood Lease, EastGroup Lease, PFF Lincoln Lease, Duke Lease, JHO NV Lease, Kearny Lease, Ranger Lease, or the CI DAL Lease.

24. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.[3]

**WHEREFORE,** the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit A** (i) approving the rejection of the Dogwood Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Dogwood Leased Premises to Dogwood by returning the keys to the landlord; (ii) approving the rejection of the EastGroup Lease effective as of the earlier of June 30, 2023, or the date that the Debtors deliver possession of the EastGroup Leased Premises to EastGroup by returning the keys to the landlord; (iii) approving the rejection of the PPF Lincoln Lease effective as of the earlier of June 30, 2023, or the date that the Debtors deliver possession of the PPF Lincoln Leased Premises to PPF Lincoln by returning the keys to

---

[3] Furthermore, nothing contained herein is or should be construed as: (i) a waiver of the Debtors' rights to dispute the validity of the JHO NV Lease; or (ii) an admission that the JHO NV Lease is a valid lease.

12182437-7

the landlord; (iv) approving the rejection of the Duke Lease effective as of the earlier of June 30, 2023, or the date that the Debtors deliver possession of the Duke Leased Premises to Duke by returning the keys to the landlord; (v) approving the rejection of the JHO NV Lease effective as of the Petition Date; (vi) the Kearny Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Kearny Leased Premises by returning the keys to the landlord; (vii) the Ranger Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the Ranger Leased Premises by returning the keys to the landlord; (viii) the CI DAL Lease as of the earlier of June 30, 2023, or the date the Debtors deliver possession of the CI DAL Leased Premises by returning the keys to the landlord; and (ix) granting such other relief as is just and proper.

Dated: June 13, 2023
     Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
      tj.li@lw.com
      brian.rosen@lw.com
      jon.weichselbaum@lw.com

  – and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

  – and –

Respectfully submitted,

*/s/ Michael J. Niles*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
      mniles@bergersingerman.com

12182437-7

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com


*Co-Counsel for the Debtors*

12

12182437-7

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]           Case No.: 22-17842-PDR

    Debtors.                                                        (Jointly Administered)
_____/

**ORDER GRANTING DEBTORS' EIGHTH OMNIBUS MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF UNEXPIRED
NON-RESIDENTIAL REAL PROPERTY LEASES WITH (A) DOGWOOD PROPCO
FL, LP; (B) EASTGROUP PROPERTIES, LP; (C) PPF LINCOLN MEDLEY, LLC; (D)
DUKE SECURED FINANCING 2009-1PAC, LLC; (E) JHO NV-1 INVESTMENT, LLC;
(F) KEARNY MESA WEST (SAN DIEGO), LLC (G) RANGER H-TX LP;
AND (H) CI DAL III-V, LLC**

**THIS MATTER** came before the Court on _____, 2023 at ____ a.m./p.m., in Fort

Lauderdale, Florida, upon the *Debtors' Eighth Omnibus Motion for Entry of an Order Authorizing*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12182465-2

*the Rejection of Unexpired Non-Residential Real Property Leases with ((A) Dogwood Propco FL, LP; (B) EastGroup Properties, LP; (C) PPF Lincoln Medley, LLC; (D) Duke Secured Financing 2009-1PAC, LLC; (E) JHO NV-1 Investment, LLC; (F) Kearny Mesa West (San Diego), LLC (G) Ranger H-TX LP; AND (H) CI DAL III-V, LLC* (the "Motion") [ECF No. _____] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). The Motion seeks authority to reject the (a) Dogwood Lease[2] with Dogwood Propco FL, LP; (b) the EastGroup Lease with EastGroup Properties, L.P.; (c) PPF Lincoln Lease with PPF Lincoln Medley, LLC; (d) the Duke Lease with Duke Secured Financing 2009-1PAC, LLC; (e) the JHO NV Lease with JHO NV-1 Investment, LLC; (f) the Kearny Lease with Kearney Mesa West (San Diego) LLC; (g) the Ranger Lease with Ranger H-TX LP; and the CI DAL Lease with CI Dal III-V, LLC. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors. Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, based on the entire record of the hearing on the Motion, it is

**ORDERED** that:

1. The Motion is **GRANTED** as provided herein.

2. The Debtors' rejection of the Dogwood Lease is **APPROVED**, effective as of June 30, 2023, or the date that the Debtors deliver possession of the Dogwood Leased Premises to Dogwood, by returning the keys to Dogwood, pursuant to 11 U.S.C. § 365(a).

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

12182465-2                                    2

3. The Debtors' rejection of the EastGroup Lease is **APPROVED**, effective as of June 30, 2023, or the date that the Debtors deliver possession of the EastGroup Leased Premises to EastGroup, by returning the keys to EastGroup, pursuant to 11 U.S.C. § 365(a).

4. The Debtors' rejection of the PPF Lincoln Lease is **APPROVED**, effective as of June 30, 2023, or the date that the Debtors deliver possession of the PPF Lincoln Leased Premises to PPF Lincoln, by returning the keys to PPF Lincoln, pursuant to 11 U.S.C. § 365(a).

5. The Debtors' rejection of the Duke Lease is **APPROVED**, effective as of June 30, 2023, or the date that the Debtors deliver possession of the Duke Leased Premises to Duke, by returning the keys to Duke, pursuant to 11 U.S.C. § 365(a).

6. The Debtors' rejection of the JHO NV Lease is **APPROVED**, effective as of the Petition Date.

7. The Debtors' rejection of the Kearny Lease is **APPROVED**, effective as of June 30, 2023, or the date that the Debtors deliver possession of the Kearny Leased Premises to Duke, by returning the keys to Kearny, pursuant to 11 U.S.C. § 365(a).

8. The Debtors' rejection of the Ranger Lease is **APPROVED**, effective as of June 30, 2023, or the date that the Debtors deliver possession of the Ranger Leased Premises to Duke, by returning the keys to Ranger, pursuant to 11 U.S.C. § 365(a).

9. The Debtors' rejection of the CI DAL Lease is **APPROVED**, effective as of June 30, 2023, or the date that the Debtors deliver possession of the CI DAL Leased Premises to Duke, by returning the keys to CI DAL, pursuant to 11 U.S.C. § 365(a).

10. **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION MUST BE FILED WITH THE COURT ON OR BEFORE THE LATEST OF: (I) THE TIME FOR FILING A PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3003(c)(3); (II) 30 DAYS AFTER THE ENTRY OF THE ORDER COMPELLING**

OR APPROVING THE REJECTION OF THE CONTRACT OR LEASE; OR (III) 30 DAYS AFTER THE EFFECTIVE DATE OF THE REJECTION OF THE CONTRACT OR LEASE.

11.     The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*