# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*[1],

_____/

JHO REAL ESTATE INVESTMENT, LLC,

      Debtor. _____/

Case No.: 22-17842-PDR
Chapter 11
(Jointly Administered)

Case No. 22-17847-PDR

### CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF DEBTOR JHO REAL ESTATE INVESTMENT, LLC

**(EMERGENCY HEARING REQUESTED)**

**Statement of Exigent Circumstances**

Creditor and Interested Party, John H. Owoc, respectfully requests the Court conduct an emergency hearing on this Motion. A sale of Debtor JHO Real Estate Investment, LLC's sole asset is imminent and may occur as early as June 30, 2023. Mr. Owoc reasonably believes that a hearing to consider the relief requested must be held as soon the Court's calendar will permit. Mr. Owoc respectfully requests that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Creditor and Interested Party, JOHN H. OWOC ("Mr. Owoc"), pursuant to 11 U.S.C. § 1112(b), Federal Rule of Bankruptcy Procedure 1017(f)(2), 9011, 9013, 9014, and Local Rules 9011-1 and 9075-1, files this Emergency Motion to Dismiss the Chapter 11 Bankruptcy

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1

("Motion") of the Debtor JHO Real Estate Investment, LLC ("JHO Real Estate"). The grounds for this Motion are as follows:

1. JHO Real Estate is a member-managed limited liability company, consisting of a sole member, John H. Owoc.

2. JHO Real Estate filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on October 10, 2022 (the "Petition"). The Petition was signed by John DiDonato, in his capacity as Chief Transformation Officer and as the "authorized representative of the debtor." [D.E. 1]. Mr. DiDonato signed the Petition with an electronic signature, i.e., /s/ John D. DiDonato. [D.E. 1].

3. Attached to the Petition is a Written Consent of Sole Shareholder and Sole Director of JHO Real Estate Investment, LLC, purporting to have what appears to be a DocuSign signature of Mr. Owoc, dated October 8, 2022 (the "Written Consent"). [D.E. 1]. The Written Consent purports to give Mr. DiDonato the authority to sign and bind JHO Real Estate in the bankruptcy proceeding.

4. However, as the sole member of JHO Real Estate, Mr. Owoc did not authorize the filing of a liquidating bankruptcy case as required by applicable corporate governance laws and as provided below challenges the Written Consent.

5. Moreover, LR 9011-1 mandates that, *inter alia*, the debtor's attorney must obtain a "wet ink" signature of the signatory to file a petition for bankruptcy and must communicate with the signatory regarding the substance and purpose of the signed document.

6. As detailed below, Mr. Owoc respectfully requests this Court to dismiss the Chapter 11 case as it pertains to JHO Real Estate, pursuant to 11 U.S.C. § 1112(b) and Fed. R. Bankr. P.

1017, on the grounds that the filing lacked corporate authority, the company was not in financial distress, and that the filing violated Local Rule 9011-1.

7.     Given the aforementioned reasons, as described below, it is in the best interest of all parties involved that JHO Real Estate's bankruptcy case be dismissed.

## LEGAL STANDARD

Pursuant to section 1112(b) of the Bankruptcy Code, "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested dismissal is not in the best interests of creditors and the estate, the court shall…dismiss or convert a case under this chapter…if the movant establishes cause." 11 U.S.C. §1112(b) (listing nine examples of "cause"); *see also Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir. 1984) (noting that, in addition to factors listed in § 1112(b), court may consider other factors peculiar to given case in using its equitable powers to reach appropriate result). "Cause" for dismissing a case under § 1112(b) includes a debtor's lack of good faith in filing. *Id*. Indicative of lack of good faith in filing is a debtor's intent to abuse the judicial process and the purposes of the reorganization provisions, "particularly when there is no realistic possibility of an effective reorganization." *Id*.

## LEGAL ANALYSIS

**A. Mr. DiDonato was not Authorized to File the Chapter 11 Bankruptcy on JHO Real Estate's behalf.**

Whether a bankruptcy filing is authorized depends on applicable state law and the unique facts of each case. *In re H & W Food Mart, LLC*, 461 B.R. 904, 907 (Bankr. N.D. Ga. 2011). When a bankruptcy petition is filed without the requisite authority, dismissal is mandated. *See, e.g., In re Al-Wyn Food Dist., Inc.*, 8 B.R. 42, 43 (Bankr. M.D. Fla. 1980) (dismissing case where debtor's president lacked corporate authority to file under the governing documents and state statute); *In re*

*Bel-Aire Inv., Inc.*, 97 B.R. 88, 90 (Bankr. M.D. Fla. 1989) (dismissing bankruptcy case filed by company president due to lack of authority); *In re Am. Int'l Indus., Inc.*, 10 B.R. 695, 696-97 (Bankr. S.D. Fla. 1981) (dismissing case filed by corporate president without specific resolution of board of directors authorizing such action as required by state statute); *In re Minor Emerg. Ctr., Inc.*, 45 B.R. 310, 311-12 (Bankr. S.D. Fla. 1985) (dismissing case filed without the requisite authority provided in the governing documents).

This Court should look to Florida's revised limited liability law to determine whether John DiDonato had authority to file the Petition on behalf of JHO Real Estate. Section 605.04073 of the Florida Statutes provides "[e]xcept as otherwise provided in this chapter, the affirmative vote or consent of a majority-in-interest of the members is required to undertake an act...outside the ordinary course of the company's activities and affairs, including a transaction under ss. 605.1001-605.1072" for both member-managed and manager-managed limited liability companies. The decision to file bankruptcy is an act outside of the ordinary course of any business. *See In re Zaragosa Properties, Inc.*, 156 B.R. 310, 313 (Bankr. M.D. Fla. 1993) ("Certainly, filing a Petition for Relief under Title 11 is not the ordinary course of anyone's business.").

Florida law requires the consent of a majority of JHO Real Estate's members was required; however, no vote seeking such consent was taken. The only individual who could have voted on the filing of bankruptcy was Mr. Owoc, who did not authorize this action. Instead, Mr. DiDonato derived his consent to file the Petition from a purported "Written Consent of Sole Member and Sole Manager of JHO Real Estate Investment, LLC," which was attached to the Petition and allegedly electronically signed by Mr. Owoc.

Mr. Owoc disputes the validity and authenticity of the electronic signature affixed to the Written Consent. Mr. Owoc contends that he neither viewed nor signed, nor authorized anyone to

4

sign on his behalf, the Written Consent via DocuSign, from which Mr. DiDonato purportedly derived his authority to file a Chapter 11 bankruptcy for JHO Real Estate.[2] Plainly, neither Mr. Owoc nor JHO Real Estate consented to this bankruptcy.

**B. JHO Real Estate was not Experiencing Legitimate Financial Distress when it Filed for Chapter 11 Bankruptcy.**

A debtor's bad faith, or lack of good faith, in filing for Chapter 11 relief constitutes "cause" for dismissal of a bankruptcy case. *See* 11 U.S.C. § 1112(b). The test for whether a chapter 11 petition should be dismissed as a "bad faith" filing is whether there is "the presence of the honest intention of the debtor, the actual need, and the ability to effectuate the aim of the reorganization." *In re Serfass*, 325 B.R. 901, 906 (Bankr. M.D. Fla. 2005) (quoting *In re Julius Roehrs*, 115 F.2d 723 (3d Cir. 1940). Factors relevant in examining whether a Chapter 11 petition has been filed in good or bad faith include whether the debtor had any assets, whether the debtor had an ongoing business to reorganize, and whether there was a reasonable probability of a plan being proposed and confirmed. *In re Dolton Lodge Trust No. 35188*, 22 B.R. 918, 922 (Bankr. N.D. Ill. 1982); *In re Eden Assocs.*, 13 B.R. 578, 585 (Bankr. S.D. N.Y. 1981)

An analysis of financial distress is a fact-specific inquiry. *In re Rent-A-Wreck of Am., Inc.*, 580 B.R. 364, 375 (Bankr. D. Del. 2018). Courts consider such factors as: solvency; cash reserves; recent financial performance and profitability; the proportion of debt owed to insiders; realistic estimates of actual or likely liability; the threat of litigation; whether a debt is fixed, substantial, and imminent; current cash position or current liquidity; ability to raise capital; and overdue debts or the ability to pay debts as they come due. *Id.* at 375-376.

---

[2] Mr. Owoc recently served a Notice of Non-Party Production of Docusign, Inc. on this issue. *See* D.E. 1451, filed in the main Bankruptcy Case (Case No. 22-17842-PDR).

JHO Real Estate has not shown that Chapter 11 relief is necessary. In its Statement of Financial Affairs [D.E. 16], JHO Real Estate claims that it has no gross revenue or non-business revenue. *See* ¶¶ 1, 2. Further, JHO Real Estate maintains that it was not an owner, partner, member, or otherwise a person in control of any other business, *Id*. at ¶ 25; and it is not a subsidiary of Vital Pharmaceuticals. It has no full-time employees[3] and was not operating a business that needed to be re-organized.

JHO Real Estate is the sole owner of a high-value real property in Phoenix, Arizona.[4] The property contains a world-class, turnkey manufacturing and distribution facility, which at one point accounted for the majority of finished beverages output by Vital Pharmaceuticals. The property is valued at around $85 million dollars, including the land, facility, improvements to the property, and other personal property belonging to JHO Real Estate. This Court should also take into consideration the operational value of the property. It has the capacity to run two ten-hour shifts a day and can generate over $125 million dollars in profit each year from finished product.

The creditors' claims are currently $252,326,523.79. [D.E. 34]. JHO Real Estate could have sold the property to fund its debt. Alternatively, JHO Real Estate could have chosen to collect rent from Vital Pharmaceuticals or a replacement tenant, which would allow it to pay all of its expenses. There is no indication in the record that there were *any* pre-petition attempts to pay JHO Real Estate's debt. *See* Case No. 22-17842-PDR, [D.E. 446], Part 7(a). Had there been an attempt, there was sufficient funding available to pay the debt.

JHO Real Estate simply was not financially distressed, had no real need to invoke the protections of the bankruptcy laws, and does not need to be liquidated to fund its debts. To the extent that JHO Real Estate's real property assets were cross-collateralized in support of a pre-

---

[3] Case No. 22-17842-PDR, [D.E. 446], Pg. 1.
[4] The physical address of the property is 1635 South 43rd Avenue, Phoenix, Arizona 85009.

petition loan to Vital Pharmaceuticals, Inc., the sale of two other parcels of real property has or will substantially reduce the prepetition debt by some $120 million dollars. The remaining assets of Vital Pharmaceuticals, Inc. are sufficient to liquidate the remaining debt. JHO Real Estate should not be forced into this scheme against its will.

### C. Mr. Owoc and JHO Real Estate were not Advised that the Bankruptcy Administration would Involve a Liquidation of its Major Real Estate Asset in Arizona.

Assuming *arguendo* that Mr. Owoc's signature on the Written Consent is found to be valid, Mr. Owoc was never advised that the administration of JHO Real Estate's bankruptcy would result in a liquidation of the entity's Arizona real estate.

It is imperative that an attorney ensure, prior to filing a bankruptcy petition, that a potential debtor understands all of the consequences of filing for bankruptcy and the responsibilities of being a debtor in a bankruptcy case. *In re T.H.*, 529 B.R. 112, 139 (Bankr. E.D. Va. 2015). An attorney must also ensure that the potential debtor, knowing and appreciating the consequences of filing the petition, has the present intention of filing for bankruptcy. *Id*.

"[O]nly the prospective debtor may file a bankruptcy petition on his or her own behalf. Pursuant to 11 U.S.C. § 301(a), a voluntary case 'is commenced by the filing with the bankruptcy court of a petition under such chapter ***by*** an entity that may be a debtor under such chapter' ... By their very nature, ***voluntary*** bankruptcy cases must be undertaken on the debtor's ***own volition***." *In re Dobbs*, 535 B.R. 675, 683 (Bankr. N.D. Miss. 2015) (emphasis added).

In the fast-paced discussions leading up to the filing of the above-captioned bankruptcy, Vital Pharmaceuticals, Inc. was facing two considerable judgments against it. The Debtors' team of professionals advised Mr. Owoc that if the Debtors filed for bankruptcy, it would keep the judgment creditors at bay while the appeal of those verdicts were prosecuted, to provide an opportunity to negotiate with creditors, and/or find alternative funding for the judgments. These

professionals, who are all well-versed in bankruptcy and restructuring processes, failed to explain to Mr. Owoc that the administration of this consolidated bankruptcy case would result in a pure liquidation of JHO Real Estate's major asset in order to fund Vital Pharmaceuticals' debts.

The professionals retained by the Debtors failed to fulfill their obligation to effectively communicate with JHO Real Estate or Mr. Owoc to allow them to make an informed decision of whether to file bankruptcy and to discuss the consequences of JHO Real Estate filing for bankruptcy. If JHO Real Estate or Mr. Owoc had been properly advised, they would have never authorized the filing of this bankruptcy. In fact, they did not authorize this liquidating bankruptcy and did not intend for JHO Real Estate to be a part of this grand liquidating plan.

This Court should not consider the exigent circumstances of Vital Pharmaceuticals' bankruptcy as justification for the attorneys to disregard or ignore their duties of care and due diligence owed to JHO Real Estate and Mr. Owoc. *In re T.H.*, 529 B.R. at 128.

### D.     Failure to Comply with Local Rule 9011-1

Local Rule 9011-1 governs "wet signatures" and what the Debtors' attorneys must do in advance of filing a petition for bankruptcy. Upon information and belief, Debtors do not have the "wet" signatures of either Mr. DiDonato on the Petition or Mr. Owoc on the Written Consent and failed to comply with Local Rule 9011-1.

Local Rule 9011-1 provides, in pertinent part:

"(C)    Prior to filing, the debtor's attorney/filer must:

(1)    Verify with the signer that the signer has received the entire document(s) to be signed;
*(2)    Communicate with the signer regarding the substance and purpose of the signed document;*
(3)    Receive back from the signer and be in possession of the entire document, including the signature page, that contains either a digital or scanned image of the signed document from the signer; and
(4)    Obtain express authorization from the signer to file the document.
…

(E) Any electronically filed document containing "/s/" for a debtor or non-filing party in lieu of one of the other signature types referenced in paragraph B above constitutes a representation ***under penalty of perjury by the registered CM/ECF filer that he or she has the document with the signature of such party or, if the signing party is also a registered CM/ECF filer, that the filing party has evidence of permission to indicate the party's signature by use of "/s/."*** The registered CM/ECF filer must retain the original signed document with the original wet ink signature and, if applicable, the digitally scanned image of the originally signed document containing a wet ink signature, for at least 5-years from the later of the date of entry of the order of discharge, the date on which the case is dismissed, or the date on which all appeals are finally resolved. ***Upon request, the signed document, digitally scanned image, or evidence of permission must be provided to other parties or the Court for review.***"

(emphasis added).

"The requirement that every bankruptcy debtor sign his or her petition *before* the petition is filed is not some mere make-work bureaucratic rule. Instead, it is fundamental to the operation of the bankruptcy system. It is the pivotal first step to everything that follows." *In re Mennona*, No. AP 22-1139 TBM, 2023 WL 149957, at *16 (Bankr. D. Colo. Jan. 10, 2023).

Mr. DiDonato signed the Petition with an electronic signature, i.e., */s/ John D. DiDonato*. [D.E. 1]. Attached to the Petition is the Written Consent, purporting to have a DocuSign signature of Mr. Owoc. [D.E. 1]. The Written Consent purports to give Mr. DiDonato the authority to sign and bind JHO Real Estate in the Petition.[5] When filing the Petition for JHO Real Estate, Mr. Guso declared, under penalty of perjury, that he had the "wet" signatures of Mr. DiDonato and Mr. Owoc, facts that Mr. Owoc believes to be untrue. As such, Mr. Owoc requests that the Debtor's attorney produce proof of Mr. DiDonato's "wet" signature on the Petition and Mr. Owoc's "wet" signature on the Written Consent, along with proof that Debtors' attorney who signed and filed the Petition was in possession of said proof at the time of the filing of the Petition.

---

[5] Mr. Owoc does not recall signing the Written Consent, either via DocuSign or in person.

9

Further, Mr. Guso, the Debtors' attorney that signed and filed the Petition, did not communicate with Mr. Owoc the substance and purpose of the Written Consent as required by L.R. 9011-1, much less that that the bankruptcy petition would include JHO Real Estate.

The Chapter 11 bankruptcy of JHO Real Estate should be dismissed for the additional reason that it fails to comply with Local Rule 9011-1.

**WHEREFORE**, Creditor and Interested Party, John H. Owoc, respectfully requests that this Court (i) enter an order dismissing the Chapter 11 case of JHO Real Estate Investment, LLC for cause; (ii) requiring Debtor's attorneys to provide proof of a "wet" signature on the Petition of JHO Real Estate and the Written Consent Sole Shareholder and Sole Director of JHO Real Estate Investment, LLC attached to the Petition; (iii) and grant such other and further relief as this Court deems just and proper.

## CERTIFICATION OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on June 16, 2023.

Respectfully submitted,

**CONRAD & SCHERER, LLP**
*Counsel for John H. Owoc*
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com
       OGonzalez@conradscherer.com

By: */s/ Irwin R. Gilbert*
    Irwin R. Gilbert
    Florida Bar No. 99473