UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.

_____/

Case No.: 22-17842-PDR

Chapter 11
(Jointly Administered)

**INTERESTED PARTIES' EMERGENCY MOTION FOR ENTRY OF AN ORDER FOR COMMITTEE OF UNSECURED CREDITORS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR VIOLATIONS OF THE COURT'S PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT [DE 823] AND FOR OTHER RELIEF**

**\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**The UCC has violated that February 17, 2023 Order entering *Protective Order and Confidentiality Agreement* [DE 823] by filing into the public docket portions of Mrs. Megan E. Owoc's Rule 2004 Examination Transcript and various personal financial and other documents, all of which were expressly marked as "CONFIDENTIAL" and required to be filed under seal. Mr. and Mrs. Owoc seek relief on an emergency basis due to the incipient and ongoing nature of the injury.**

Pursuant to this Court's February 17, 2023, Order entering *Protective Order and Confidentiality Agreement* [D.E. 823], and this Court's inherent authority, Interested Parties, John H. Owoc a/k/a "Jack Owoc" and Megan E. Owoc, respectfully request that the Court enter an Order requiring the Official Committee of Unsecured Creditors ("UCC") to show cause for violating this Court's *Protective Order and Confidentiality Agreement* and for other appropriate relief as set forth *infra*. In support of this request, Mr. and Mrs. Owoc state:

**A. The UCC and its Attorneys have Violated the Terms of the Protective Order and Confidentiality Agreement by Filing "CONFIDENTIAL" Material into the Public Record.**

1

1. On February 17, 2023, this Court entered as an Order that *Protective Order and Confidentiality Agreement* [D.E. 823], which required, *inter alia*, that:

> Any Party who receives from another Party any Discovery Material that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such material to anyone else except as expressly permitted hereunder or as provided by such order as may be issued by the Court during the course of these Chapter 11 Cases.

*Protective Order and Confidentiality Agreement* [D.E. 823] at ¶ 1. *See also*, *id.* at ¶¶ 11-12.

2. Where a party seeks to utilize materials designated as "CONFIDENTIAL," the *Protective Order and Confidentiality Agreement*, requires a party to file such information under seal. *See id.* at ¶ 15 ("Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court . . . shall be filed under seal in accordance with the applicable rules for sealing in the Court . . . .")

3. The *Protective Order and Confidentiality Agreement* expressly states that "Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate." *Id.* at ¶ 19.

4. Despite the clarity of the foregoing prohibition and procedure, the UCC has violated the same by i) filing into the public bankruptcy docket portions of Mrs. Owoc's Rule 2004 deposition transcript – which were designated as "CONFIDENTIAL;" ii) publicly disclosing the content of certain material contained in Mrs. Owoc's Confidential Rule 2004 deposition transcript; and iii) filing into the public bankruptcy docket certain Rule 2004 deposition exhibits and documents that had also been designated and were required to be treated as "CONFIDENTIAL."

**B. The Debtors Designated Mrs. Owoc's Rule 2004 Exam. Tran. and Certain Documents "CONFIDENTIAL."**

5. At the conclusion of the second day of Mrs. Owoc's Rule 2004 Examination, counsel for the Debtors, Ms. Elizabeth Morris, alerted all counsel and participants that she was designating Mrs. Owoc's deposition transcript as "CONFIDENTIAL" pursuant to the *Protective Order and Confidentiality Agreement*.[1] *See* May 22, 2023 Dep. Transcript of Megan E. Owoc's Rule 2004 Examination ("Rule 2004 Exam. Tran."), Vol. II at 375:8-9.

6. No objections were made to the designation of Mrs. Owoc's Rule 2004 Exam. Tran. as "CONFIDENTIAL," and indeed, both Volume I and Volume II of the transcripts prominently bear the designation "CONFIDENTIAL" at the top of **all** pages.

7. Further, Debtor VPX produced numerous documents containing highly private, sensitive, and confidential documents pertaining to or clearly reflecting the Owocs' personal financial information that the Debtors expressly designated as "CONFIDENTIAL."[2]

8. Upon information and belief, Jeffrey L. Cohen, Esq., Eric Chafetz, Esq., Rachel Maimin, Esq., Erica G. Mannix, Esq., of Lowenstein Sandler LLP representing the UCC, each and all executed the *Protective Order and Confidentiality Agreement* and are otherwise bound by its terms.

9. Upon information and belief, Wayne Fang, Esq., executed the *Protective Order and Confidentiality Agreement* and is otherwise bound by its terms.

---

[1] Ms. Morris followed the procedure for designating deposition transcripts as "CONFIDENTIAL" set forth in that *Protective Order and Confidentiality Agreement. See Protective Order and Confidentiality Agreement* at ¶ 8 ("With respect to deposition testimony, a Party or their counsel may designate such testimony as appropriate by: (a) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated . . . .")

[2] Debtors followed the procedure for designating deposition transcripts as "CONFIDENTIAL" set forth in that *Protective Order and Confidentiality Agreement. See Protective Order and Confidentiality Agreement* at ¶ 8 ("The Producing Party shall indicate a 'Confidential' or 'Highly Confidential' designation by marking each page 'Confidential' or 'Highly Confidential' as applicable.")

10. Upon information and belief, Leyza F. Blanco, Esq., Fernando J. Menendez, Esq., and Juan J. Mendoza, Esq. of Sequor Law, P.A., local counsel for the UCC, each and all executed the *Protective Order and Confidentiality Agreement* and are otherwise bound by its terms.

11. As a practical manner, the Court's Order would be binding on attorneys practicing before this court in this case whether each had executed the Agreement or not.

### C. The UCC Filed Materials Marked "CONFIDENTIAL" into the Public Docket.

12. On June 12, 2023, attorneys at Latham & Watkins and at Sequor Law, P.A., as counsel for the UCC, filed that *Objection of the Official Committee of Unsecured Creditors to John H. Owoc and Megan Owoc's Emergency Motion for Protective Order Regarding Third Party Subpoenas* [D.E. 1458] ("UCC's Obj. Mot. Prot. Order").

13. Even though Mrs. Owoc's Rule 2004 Exam. Tran. had been designated as "CONFIDENTIAL," thus requiring all parties seeking to rely upon the transcript in connection with a motion to file the same under seal and prohibiting all parties from filing the same into the public record, counsel for the UCC filed portions of Mrs. Owoc's Confidential Rule 2004 Exam. Tran. into the public docket. *See* UCC's Obj. Mot. Prot. Order [D.E. 1458-2].

14. Indeed, the UCC further violated the express terms of the *Protective Order and Confidentiality Agreement* by disclosing part of the substantive content of Mrs. Owoc's Rule 2004 Exam. Tran. into the record. *See id.* at ¶ 18 (purporting to summarize certain content of the confidential deposition prior to citing to the offending confidential attachments filed into the public record).

15. Lastly, despite having full knowledge of their duties and of the clear prohibitions of the *Protective Order and Confidentiality Agreement*, the UCC's attorneys filed into public bankruptcy court docket various highly sensitive documents that were designated

4

"CONFIDENTIAL" by the Debtors and expressly marked as "CONFIDENTIAL."[3]  *See* UCC's Obj. Mot. Prot. Order [D.E. 1458-3].

16. The inclusion of Mrs. Owoc's financial information is particularly egregious and appears to fit a pattern of harassment and oppression by these parties who have worked to damage the reputation of the Owoc's as well as use discovery as a weapon.

17. The harm caused by this breach is not speculative. This bankruptcy case is being intensely scrutinized by media and interested persons. Selected excerpts of hearing transcripts and Mrs. Owoc's financial information have already appeared in social media, including LinkedIn.

### D. Memorandum of Law

This Court has jurisdiction to enforce its own orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 2205, 174 L. Ed. 2d 99 (2009) (a bankruptcy court "plainly [has] jurisdiction to interpret and enforce its own prior orders."); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders).

### E. Request for Relief

18. The instant proceedings concern not only a well-known energy drink with a loyal following, but also its founder and former CEO, Mr. Owoc, who, through his efforts and actions, has become a celebrity. As a result, these proceedings are closely watched, rebroadcast, and echoed on social media platforms, including, without limitation Instagram and LinkedIn. Moreover, despite this Court's effort to reign in and limit the UCC from misusing its discovery efforts and this proceedings as a vehicle to conduct or further post-judgment discovery in aid of execution,

---

[3] It is worth noting that the *Protective Order and Confidentiality Agreement* expressly states that "Nothing in this paragraph shall (i) apply to or affect the confidentiality designations for Discovery Material entered as exhibits at depositions . . ." such any exhibits originally designated as Confidential necessarily maintained that protection.

the UCC has brazenly flouted this Court's Order to the detriment and injury of both Mr. and Mrs. Owoc.

19. Based upon the facts set forth above, the Owocs seek an order sanctioning the UCC and its attorneys to show cause for violating the *Protective Order and Confidentiality Agreement* and for the imposition of appropriate sanctions, including, without limitation, granting the Owocs their reasonable attorneys' fee incurred in connection with this motion.

20. Among other things, the offending parties should be required to remove the "Confidential" information from all social media where it has appeared.

**WHEREFORE**, Mr. and Mrs. Owoc respectfully request that the Court enter an order: (1) requiring the UCC and its attorneys to show cause why they should not be held in contempt of court and sanctioned for filing the aforementioned Confidential documents into the public record in violation of this Court's February 17, 2023 Order entering *Protective Order and Confidentiality Agreement* [D.E. 823]; (2) ordering those portions of the UCC's Obj. Mot. Prot. Order that disclose confidential material stricken, *i.e.*, UCC's Obj. Mot. Prot. Order at ¶ 18 (purporting to summarize certain content of the confidential deposition prior to citing to the offending confidential attachments filed into the public record); (3) ordering Attachments B [D.E. 1458-2] and those portions of attachment C [D.E. 1458-3] marked as "CONFIDENTIAL" stricken from the docket or sealed; (4) requiring any offending persons to remove Confidential information from all social media; and (5) granting the Owocs their reasonable attorneys' fees incurred in connection with this Motion; and (6) granting such other and further relief as the Court deems just and appropriate.

## CERTIFICATE OF CONFERENCE

Undersigned has conferred with counsel for the UCC in a good faith effort to resolve by agreement the issues raised. The attorneys came to an agreement regarding the requested relief to

seal the UCC's Objection to the Motion for Protective Order; however, the attorneys were unable to come to an agreement regarding the request for sanctions for the reasonable attorneys' fees incurred in connection with this Motion and to strike those portions of the UCC's Objection to the Motion for Protective Order that summarizes certain content of the confidential deposition and Attachments B and C to the Objection.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing via CM/ECF to those parties registered to receive such notice in this case on June 15, 2023.

> Respectfully submitted,
> **CONRAD & SCHERER, LLP**
> *Counsel for Interested Parties*
> *John H. Owoc and Megan Owoc*
> 633 S. Federal Hwy., Suite 800
> Fort Lauderdale, Florida 33316
> Telephone: (954) 847-3328
> Facsimile: (954) 463-9244
> Email: IGilbert@conradscherer.com
>       OGonzalez@conradscherer.com
>
> By: */s/ Irwin R. Gilbert*
>     Irwin R. Gilbert
>     Florida Bar No. 99473