UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,　　　　　Case No.: 22-17842-PDR

　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　Debtors.　　　　　　　　　　　　　　　　(Jointly Administered)
_____/

## NOTICE OF FILING PROPOSED ORDER ESTABLISHING PROCEDURES REGARDING *EMERGENCY* MOTION FOR PROTECTIVE ORDER

John H. Owoc and Megan Owoc hereby file this *Proposed Order Establishing Procedures Regarding Emergency Motion for Protective Order*. See ECF No. 1449.

### ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing via CM/ECF to those parties registered to receive such notice in this case on June 16, 2023.

　　　　　　　　　　　　　　　　　**SHRAIBERG PAGE P.A.**
　　　　　　　　　　　　　　　　　Attorneys for the Owocs
　　　　　　　　　　　　　　　　　2385 NW Executive Center Drive, Suite 300
　　　　　　　　　　　　　　　　　Boca Raton, Florida 33431
　　　　　　　　　　　　　　　　　Telephone: 561-443-0800
　　　　　　　　　　　　　　　　　Facsimile: 561-998-0047
　　　　　　　　　　　　　　　　　Email:  bss@slp.law

　　　　　　　　　　　　　　　　　By:　  /s/ Bradley Shraiberg
　　　　　　　　　　　　　　　　　　　　Bradley Shraiberg
　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 121622
　　　　　　　　　　　　　　　　　　　　Patrick Dorsey
　　　　　　　　　　　　　　　　　Fla. Bar No. 0085841

{2467/000/00557559}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]     Case No.: 22-17842-PDR

                                              Chapter 11
    Debtors.                                  (Jointly Administered)
_____/

**[PROPOSED] ORDER ESTABLISHING PROCEDURES REGARDING
EMERGENCY MOTION FOR PROTECTIVE ORDER**

**THIS MATTER** came before the Court for hearing on June 13, 2023, upon the *Emergency Motion for Protective Order Regarding Third Party Subpoenas* (the "Motion"), filed by John H. Owoc and Megan E. Owoc (the "Owocs"). ECF No. 1449. Through the Motion, the Owocs seek to quash eight subpoenas (together, the "Subpoenas") issued by the Official Committee of

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

{2467/000/00557559}

Unsecured Creditors (the "Committee") to various banks and financial institutions (together, the "Banks").  By prior order the Court granted the Motion in part, and prohibited any party from reviewing documents and electronically stored information received in response to the Subpoenas pending further ruling (together, "Documents and ESI").  ECF No. _____.

The Committee has suggested that the Documents and ESI may be reviewed by a "taint team" that is affiliated with its counsel but operating behind a "protective screen" so as to protect the privacy interests of the Owocs in the Documents and ESI.  The Court declines to utilize this procedure for several reasons.

First, taint teams are used primarily in criminal cases, "in limited, exigent circumstances in which government officials have already obtained the physical control of potentially-privileged documents through the exercise of a search warrant."  *In re Grand Jury Subpoenas*, 454 F.3d 511, 522 (6th Cir. 2006).  This matter, of course, is not a criminal case.  The Documents and ESI have not been obtained directly from the Owocs via a search warrant.  Moreover, any Documents and ESI originating from the Banks can either be produced directly to the Owocs or, upon receipt by the Committee, easily forwarded to the Owocs.  In short, the exigent circumstances warranting a taint team are not present.

Second, "taint teams present inevitable, and reasonably foreseeable, risks to privilege, for they have been implicated in the past in leaks of confidential information to prosecutors."  *Id.* at 523.  "That is to say, [a] taint team may have an interest in preserving privilege, but it also possesses a conflicting interest in pursuing the investigation, and, human nature being what it is, occasionally some taint-team attorneys will make mistakes or violate their ethical obligations.  It is thus logical to suppose that taint teams pose a serious risk to holders of privilege, and this supposition is substantiated by past experience."  *Grand Jury*, 454 F.3d at 523 (citing *United States v. Noriega*,

764 F.Supp. 1480 (S.D. Fla. 1991). To put it bluntly, there is "an obvious flaw in the taint team procedure: the [discovering party's] fox is left in charge of the [producing party's] henhouse, and may err by neglect or malice, as well as by honest differences of opinion." *Grand Jury*, 454 F.3d at 523.

Finally, the Court notes that the Owocs are willing to pay the fees and expenses of their own counsel in reviewing Documents and ESI, while those of the Committee's taint team would be administrative expenses borne by the bankruptcy estates.

In light of the foregoing, it is further

**ORDERED AND ADJUDGED** as follows:

1. The Court hereby establishes the following procedures in connection with the Motion [ECF No. 1449].

2. The Committee is **DIRECTED** to transmit forthwith all Documents and ESI received in response to the Subpoenas to counsel for the Owocs.

3. Upon confirmation by the Owocs' counsel of receipt, the Committee is further **DIRECTED** to delete and destroy any Documents and ESI in its possession, custody or control.

4. No party other than the Owocs shall access or review the Documents and ESI except as expressly set forth in this Order.

5. Within fourteen (14) days, the Committee shall serve on the Owocs a list (the "List") of transfers from the Debtors that it believes may be subject to avoidance and recovery under chapter 5 of the United States Bankruptcy Code (each a "Transfer").

6. Within fourteen (14) days after their receipt of the List, the Owocs shall produce the following Documents and ESI to the Committee: (a) for each Transfer received, the account

statement evidencing the Owocs' receipt of such Transfer, and (b) the account statement for the month subsequent to the Transfer.

7. The Court reserves jurisdiction to interpret and enforce the terms of this Order.

### # # #

SUBMITTED BY:

Bradley Shraiberg, Esq.
**SHRAIBERG PAGE P.A.**
2385 NW Executive Center Drive, No. 300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law

Bradley Shraiberg, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.

{2467/000/00557559}