UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1]                                       / | (Jointly Administered) |

**DEBTORS' MOTION TO QUASH AND FOR PROTECTIVE ORDER AS TO NON-PARTY SUBPOENA TO DOCUSIGN, INC. PURSUANT TO FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45 [ECF NO. 1451-1]**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through undersigned counsel, hereby file this motion (the "Motion") to quash and, in the alternative, for a protective order as to the *Non-Party Subpoena to DocuSign, Inc. pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45* [ECF No. 1451-1] (the "Subpoena") filed by John H. Owoc on June 9, 2023. In support of this Motion, the Debtors state as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12217501-1

**PRELIMINARY STATEMENT**

1. Mr. Owoc filed the Subpoena purportedly served on DocuSign, Inc. ("DocuSign"), which demands that DocuSign produce all documents associated with Debtor Vital Pharmaceuticals, Inc., including copies of any of the Debtors' documents that were signed using DocuSign. The Subpoena is both procedurally and substantively objectionable, and should be quashed. In the alternative, a protective order should issue to ensure that only documents narrowly tailored to the applicable discovery standard are produced and whatever responsive documents DocuSign may have in its possession are first provided to the Debtors to filter out any information protected by Company privilege or work product.

2. As an initial matter, at the time Mr. Owoc issued the Subpoena he did so under Federal Rule of Bankruptcy Procedure 9016, yet it did not purport to be connected with any contested matter or otherwise authorized by the Court. The Subpoena was not issued under Bankruptcy Rule 2004 ("Rule 2004") and Local Rule 2004-1 and did not include the appropriate submissions for discovery pursuant to Rule 2004. Accordingly, the Subpoena should be quashed as procedurally improper. The Subpoena should also be quashed because it provides DocuSign with only five business days to respond to the Subpoena, which is insufficient under Rule 2004 and Federal Rule 45 ("Rule 45").

3. In addition to the procedural deficiencies, the Subpoena is objectionable to the extent it seeks information covered by the Debtors' privilege or work product protections. The Debtors use DocuSign, to, among other things, circulate minutes of meetings of the Debtors' Boards of Directors or Managers (as applicable) (collectively, the "Board") for Board members' signatures. The minutes often record discussions between the Debtors' counsel and the Board reflecting legal advice relating to these Chapter 11 Cases, ongoing litigations, and other sensitive legal matters. By requesting such documents, the Subpoena plainly seeks the Debtors' privileged

and confidential information. As a result, under Rule 45, this Court is required to quash the Subpoena.

4. The Subpoena also runs afoul of the "pending proceeding" rule by seeking documents that are relevant to a proceeding Mr. Owoc filed in Florida state court against three members of the Debtors' Board. This is another independent reason for the Court to quash the Subpoena.

5. In the alternative, the Debtors request that the Court enter a protective order preventing the disclosure of their privileged and confidential information or requiring that any responsive materials first be provided to the Debtors for review and segregation of any information covered by the Company's privilege or work product.

6. Simply put, Mr. Owoc is trying to circumvent the proper procedure established under the Bankruptcy Rules and this Court's Local Rules in an effort to obtain the Debtors' confidential and privileged information. The Court should prevent Mr. Owoc from doing so.

## BACKGROUND

7. On June 9, 2023, Mr. Owoc, through his counsel, filed the *Notice of Non-Party Subpoena Pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45* [ECF 1451] (the "Notice"), which attached the Subpoena. The Notice states that Mr. Owoc requests that DocuSign produce the documents requested pursuant to the Subpoena on Friday, June 23, 2023 at 10:00 a.m. (Notice at p. 1.) However, the Subpoena states that DocuSign must produce documents responsive to the Subpoena by Friday, June 16, 2023 at 10:00 a.m. (*See* Subpoena at p. 1.)

8. The Subpoena is extraordinarily broad and seeks all documents related to John H. Owoc or Debtor Vital Pharmaceuticals, including copies of all of Debtors' documents that were signed using DocuSign.[2] (Subpoena at p. 7, Request Nos. 1-4.)

9. On June 12, 2023, the Debtors' counsel met and conferred with Mr. Owoc's counsel to raise their concerns over the Subpoena, including the fact that it sought information protected by the Company's privilege. Because the parties were unable to reach a resolution, the Debtors now proceed with filing this Motion.

## BASIS FOR RELIEF

### A. The Subpoena Should Be Quashed

10. The Subpoena should be quashed because (i) Mr. Owoc failed to seek this Court's prior authorization and the Subpoena is procedurally improper, (ii) the Subpoena fails to allow DocuSign reasonable time to comply under the Local Rules and the Federal Rules, (iii) the Subpoena requests the production of information protected by the Debtors' privilege and work-product protections, and (iv) is barred by the pending proceeding rule.

> **1.** *The Subpoena Should Be Quashed Because Mr. Owoc Failed to Seek This Court's Prior Authorization and the Subpoena Is Otherwise Procedurally Improper*

11. The Subpoena was filed along with the Notice and purportedly served under Federal Rule of Civil Procedure 45, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016. However, there is no indication that the Subpoena was served in

---

[2] It is unclear what documents DocuSign retains, but the Debtors bring this Motion to ensure that nothing is produced that may include the Debtors' protected information. *See* DocuSign, Law Enforcement Guidelines, https://www.docusign.com/legal/law-enforcement (last accessed June 16, 2023) (noting that "DocuSign encrypts the contents of documents that are stored on its systems and is therefore unable to search the contents of documents or produce a decrypted or plaintext version."); *see also* DocuSign, Term and Conditions, Schedule 2 § 2.a.ii, https://www.docusign.com/legal/terms-and-conditions (last accessed June 16, 2023) ("all eDocuments, together with any messages included within an Envelope, stored by DocuSign on the System are maintained in an encrypted form, and DocuSign has no control of or access to their contents except to the extent access is requested in writing and made available by Customer to DocuSign").

12217501-1

connection with a particular contested matter or adversary proceeding nor is the Subpoena otherwise authorized by the Court. Mr. Owoc also did not serve a notice complying with Rule 2004 and Local Rule 2004-1. Rule 2004 requires the court to "order the examination of an entity," and Local Rule 2004-1(A) provides a party can comply with Rule 2004's requirement "by filing the Local Form 'Notice of Rule 2004 Examination.'" Based on these procedural deficiencies alone, the Court should thus quash the Subpoena.

> **2.** *The Subpoena Should Be Quashed Because It Fails to Allow a Reasonable Time to Comply*

12. While it is unclear what authority Mr. Owoc relies upon for the Subpoena, under either applicable rule, Rule 45 or Rule 2004, the Subpoena must be quashed because it fails to allow DocuSign a reasonable time to comply.[3]

13. Local Rule 2004-1 mandates that "[t]he attendance of the examinee and the production of documents or ESI may not be required *less than 14 days after actual delivery of the notice*, except by agreement of the parties or order of the court." Local Rule 2004(B) (emphasis added). The Subpoena purports to require a return date of June 16, 2023 at 10:00 a.m. Eastern Standard Time, which is less than five business days after Mr. Owoc filed the notice of the Subpoena in these Chapter 11 Cases on June 9, 2023.[4] (Subpoena at p. 1.) The Subpoena patently

---

[3] Once a party has established it has a personal right or privilege with respect to the materials subpoenaed from a third party, the interested party has standing to quash the subpoena on other grounds unrelated to the protection of the party's personal or privileged information. *See Dych v. Vanbrocklin (In re Vanbrocklin)*, Nos. 15-11761-WHD, 15-1059-WHD, 2017 Bankr. LEXIS 664, at *5 (Bankr. N.D. Ga. Mar. 13, 2017) (holding debtor who had a personal interest in the subpoenaed records had standing to quash a subpoena to a third party on the grounds that the subpoena failed to set out the text of Rule 45(d) and (e) in the subpoena, and further concluding that the court did not need to reach the debtor's argument that the subpoena should be quashed because it sought the debtor's confidential information). As discussed in Section A.3 below, the Debtors plainly have an interest with respect to the materials sought by the Subpoena because the Subpoena seeks the Debtors' privileged information. The Debtors therefore have standing to quash a subpoena for the reasons set forth in this Motion, including grounds unrelated to their privileged information.

[4] The 14-day notice period in Local Rule 2004-1(B) starts "after actual delivery of the notice," and the Subpoena nor the Notice provide any indication of when "actual delivery" of either document was served (or even delivered) to DocuSign. Subpoenas issued pursuant to Rule 2004 examinations require prior authorization by this Court and

violates the 14-day notice requirement set forth in Local Rule 2004-1 and undoubtedly provides inadequate notice to the Subpoena recipient, DocuSign. Thus, the Subpoena should be quashed for violating Local Rule 2004-1(a).

14. The Subpoena likewise fails to provide adequate notice under Rule 45. Rule 45 requires that the Court "must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Assuming for the sake of argument the Subpoena was served on June 9, 2023 (the earliest date on which it could have been served), that would be only five business days before the production deadline specified in the Subpoena. Five business days to respond to a broad subpoena is not a reasonable time to comply. This Court should therefore quash the Subpoena. *See In re Forest Grove, LLC*, 448 B.R. 379, 381 (Bankr. D.S.C. 2011) (granting a motion to quash when subpoena seeking production of documents provided only three days' notice).

      **3.**    *The Subpoena Should Be Quashed Because It Seeks the Disclosure of the Debtors' Privileged and Confidential Information*

15. Rule 45 also mandates that a court quash a subpoena when the subpoena "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iv). Here, the Subpoena seeks, without limitation, (i) "[a]ny and all documents, records, and/or files associated in any way with any digital transactions conducted by or with . . . VITAL PHARMACEUTICALS, INC., through DocuSign, Inc.," and (ii) copies of "documents signed using Docusign for" any of the digital transactions by or with Debtor Vital Pharmaceuticals. (*See* ECF No. 1451-1 at p. 7, Request Nos. 1, 4.) The Debtors, including Debtor Vital Pharmaceuticals, used DocuSign to,

---

in this Court, that is done by filing a "Notice of Rule 2004 Examination." Thus, the earliest possible date Mr. Owoc could have served a duly authorized subpoena on DocuSign would be the date the Notice was filed, June 9, 2023. For the sake of argument, the Debtors are thus using June 9, 2023 as the day of "actual delivery" because even that date fails the notice requirements of this Court.

6

12217501-1

among other things, circulate minutes to the Debtors' Board for their execution and signature. The minutes of the Board's meetings recorded discussions between the Debtors' counsel and the Board regarding legal advice relating to these Chapter 11 Cases, ongoing litigations, and other sensitive legal matters. Certain of the minutes were circulated for signature by members of the Board via DocuSign. Therefore, by seeking "all documents, records, and/or files associated in any way" with Debtor Vital Pharmaceuticals, including the documents signed using DocuSign, the Subpoena is broad enough to call for production of the Debtors' privileged information. And even though Mr. Owoc is a previous board member, the Debtors hold the privilege and Mr. Owoc is not permitted to access the Debtors' privileged information. *See Hershey Co. v. Cadiz*, 2006 U.S. Dist. LEXIS 110895, *10-12 (S.D. Fla. Aug. 23, 2006) (confirming that former officers and directors are not permitted to access privileged corporate documents even if they once had access to them; "When the control of a corporation passes to new management, the authority to assert and waive the lawyer-client privilege passes as well." (internal citations omitted)). Accordingly, the Court should quash the Subpoena.

    **4.**    *The Subpoena Should Be Quashed Because It Is Barred by the Pending Proceeding Rule*

16.    It is black-letter law that that Rule 2004 cannot be used to obtain discovery related to separately-filed litigation claims; discovery related to a pending proceeding must be pursued in the pending proceeding. *See In re Sanomedics, Inc.*, No. 16-21659-RAM, 2018 Bankr. LEXIS 2187, at *6-7 (Bankr. S.D. Fla. July 24, 2018) ("Using Rule 2004 to obtain discovery relevant to outside litigation is precisely the type of prejudice to the discovery target that the pending proceeding rule is designed to avoid."); *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) ("Rule 2004 examinations may be inappropriate where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the

proposed Rule 2004 examinee."). In applying the pending proceeding rule, the relevant inquiry is "whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discovery evidence unrelated to the pending proceeding." *In re Washington Mutual, Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009); *see also In re Sanomedics, Inc.*, No. 16-21659-RAM, 2018 Bankr. LEXIS 2187, at *5 (Bankr. S.D. Fla. July 24, 2018) (same, quoting *In re Washington Mutual, Inc.*, 408 B.R. at 51).

17. On June 1, 2023, Mr. Owoc filed an action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida against three Board Members of Debtor Vital Pharmaceuticals—Robert Dickinson, Stephen Gray, and Steven Panagos (the "Broward County Action"). *See* Complaint, *John Owoc v. Robert Dickinson, Stephen Gray, and Steven Panagos*, Case No. CACE-23-014222 (Fla. Cir. Ct., Broward County, filed June 1, 2023).

18. The Subpoena seeks information in support of the claims and allegations in the Broward County Action. As but one example, the Subpoena seeks all documents signed using DocuSign that related in any way to Vital Pharmaceuticals (Subpoena at p. 7, Request Nos. 1,4.), which will necessarily include the minutes of the December 15, 2022 and March 9, 2023 Board meetings that are directly at issue in the Broward County Action. This is precisely the situation the pending proceeding rule is designed to address. *See In re Sanomedics, Inc.*, 2018 Bankr. LEXIS 2187, at *7 ("Using Rule 2004 to obtain discovery relevant to outside litigation is precisely the type of prejudice to the discovery target that the pending proceeding rule is designed to avoid."). For this reason alone, the Subpoena should be quashed.

### B. The Court Should Grant a Protective Order to Protect the Debtors' Privileged Information

19. In the alternative, the Debtors move for a protective order preventing the disclosure of the Debtors' confidential and privileged documents. Pursuant to Federal Rule of Civil

Procedure 26(c), made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014(c)[5] and also made applicable to Rule 2004 discovery, this Court may, for good cause, enter an order to "protect a party or person from annoyance, embarrassment oppression, or undue burden or expense." For the same reasons discussed in Section A.3 above, the Subpoena plainly seeks information protected by the Debtors' privilege and work product protections. There thus exists good cause to enter a protective order to prevent the disclosure of such sensitive information. *See In re Worldwide Wholesale Lumber, Inc.*, 392 B.R. 197, 204 (Bankr. D.S.C. 2008) (granting protective order to prevent the disclosure of privileged communications).

20. Finally, the Debtors request that the Court enter an order that provides the Debtors with an opportunity to review DocuSign's proposed production in order to assess and protect the Company's privilege and work product. The attorney-client privilege and work product protections are indisputably held by the Debtors; Mr. Owoc should have no ability to access such protected materials – regardless of whether he had access to them or received such materials prior to his termination. *See Hershey Co.*, 2006 U.S. Dist. LEXIS 110895, at *10-12 (confirming that former officers and directors are not permitted to access privileged corporate documents even if they once had access to them). Indeed, this is the process that the Debtors and Mr. Owoc followed when Mr. Owoc was responding to the Official Committee of Unsecured Creditors' (the "Committee") Rule 2004 discovery requests. (*See* ECF No. 1276.) If the Court does not quash the Subpoena altogether, the Court should enter a protective order restricting Mr. Owoc's access to protected materials and requiring a similar process as was undertaken in connection with prior discovery requests.

---

[5] As mentioned above, at the time Mr. Owoc issued the Subpoena, there was no contested matter relevant to the Subpoena.

9

**CONCLUSION**

For the reasons set forth above, the Debtors respectfully request that the Court grant the relief requested herein and such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:   June 16, 2023<br>          Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 906-1200<br>Email:  george.davis@lw.com<br>            tj.li@lw.com<br>            brian.rosen@lw.com<br>            jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone:  (305) 755-9500<br>Email:  jguso@bergersingerman.com<br>            mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

10

12217501-1

# **EXHIBIT 1**

**(Proposed Form of Protective Order)**

12217501-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION TO QUASH AND FOR PROTECTIVE ORDER AS TO NON-PARTY SUBPOENA TO DOCUSIGN, INC. PURSUANT TO FED. R. BANKR. P. 9016 AND FED. R. CIV. P. 45 [ECF NO. 1451-1]**

This matter came before the Court upon the *Debtors' Motion to Quash and For Protective Order As To Non-Party Subpoena to DocuSign, Inc. pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45 [ECF No. 145-1]* (the "Motion"). The Court, having considered the Motion, all

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

2

12217501-1

responses thereto, and the record in this case, and having heard argument from counsel, for the reasons stated on the record, it is:

**ORDERED** that the Motion is **GRANTED**, and Mr. John H. Owoc's subpoena directed to DocuSign, Inc. [ECF No. 1451-1] is quashed.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

3

12217501-1