*EXHIBIT A*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors._____/ | (Jointly Administered) |

## ORDER DENYING JOHN H. OWOC AND MEGAN OWOC'S *EMERGENCY* MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY SUBPOENAS

**THIS MATTER** came before the Court on the *Emergency Motion for Protective Order Regarding Third Party Subpoenas* filed by John H. Owoc ("Mr. Owoc") and Megan Owoc ("Mrs. Owoc") (together, "the Owocs") [Docket No. 1449] (the "Motion"). The Court, having considered the Motion, and having found good cause for the relief set forth herein, it is

**ORDERED** that**:**

1. The Owocs' Motion is **DENIED** and Wells Fargo Bank, Truist Bank, Sun Credit Union, Regions Bank, City National Bank, JPMorgan Chase Bank, N.A., and Bank of America are directed to comply with the Subpoenas (the "Subpoenas") [Docket Nos. 1423-1430].

2. The Official Committee of Unsecured Creditors (the "Committee") shall assemble a team comprised of contract attorneys who have not had any prior involvement in this matter and will not have any future involvement in this matter ("Independent Review Team"). The recipients of the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Subpoenas are to produce responsive documents ("Documents") directly to the Independent Review Team.

3. Once received by the Independent Review Team, the productions shall be loaded into an electronic database. Only the members of the Independent Review Team will have permission or ability to access them.

4. The members of the Independent Review Team will review the Documents to assess whether the transactions are relevant to the Committee's investigation of subsequent transfers of funds transferred to the Owocs, either in the form of salary or as a distribution.

5. Transactions will be considered relevant if they meet the following criteria ("Relevant Transactions")

   a. The transaction occurred between January 1, 2018 and October 10, 2022 *and* was within 90 days of a transfer from any of the Debtors' accounts to an account owned by Mr. Owoc, Mrs. Owoc, or JW Owoc Enterprises. To facilitate the identification of relevant transfers, the Committee will provide the Independent Review Team with a list of all of the transfers from Debtors' accounts to accounts owned by Mr. Owoc, Mrs. Owoc, or JW Owoc Enterprises, or entities controlled by Mrs. Owoc, Mr. Owoc, or Jonathan Owoc.

   b. The transaction amount is equal to or exceeds $5,000.

   c. The transaction was an electronic transfer (wire, ACH, etc), or check, to 1) an individual, 2) financial and/or investment institution, 3) brokerage account, or 4) associated with a real estate transaction.

6. The Independent Review Team shall redact all transactions other than the Relevant Transactions from the documents.

7. Once the Independent Review Team has completed its review and redactions, all documents containing Relevant Transactions will be produced to the Owocs and the Committee simultaneously. The Owocs will also receive a complete set of unredacted material, whether or not it has been deemed relevant.

8. If the Owocs believe there are certain transactions that should have been, but were not redacted, it will notify the Committee within five days. Thereafter, the Committee and the Owocs will meet and confer to resolve any disputes regarding the relevance of the redacted transactions.

9. If the Committee and the Owocs cannot reach an agreement, the parties will file a notice with the Court and the Court shall rule on the dispute.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Leyza F. Blanco, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
lblanco@sequorlaw.com
Telephone:   (305) 372-8282
Facsimile:    (305) 372-8202

*(Attorney Blanco shall serve a conformed copy of the foregoing upon all interested parties and file a Certificate of Service with this Court)*