UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |
| _____/ | |

**DEBTORS' EX PARTE MOTION TO SHORTEN TIME FOR JOHN H. OWOC TO RESPOND TO DISCOVERY IN CONNECTION WITH CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF JHO REAL ESTATE INVESTMENT, LLC**

Pursuant to Local Rule 9013-1(C)(7), Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC ("JHO Real Estate"), Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through undersigned counsel, file this *Ex Parte Motion To Shorten Time For John H. Owoc To Respond To Discovery In Connection With Creditor And Interested Party John H. Owoc's Emergency Motion To Dismiss Chapter 11 Bankruptcy Of JHO Real Estate Investment, LLC* (the "Motion"). In support of this Motion, the Debtors state as follows:

1. On June 16, 2023, Mr. Owoc filed his *Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [D.I. 1466] (the "Motion to Dismiss").

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12218511-3

2. In the Motion to Dismiss, Mr. Owoc asks this court to dismiss a chapter 11 case over eight months after it was filed, and only two weeks before the Court is scheduled to consider approval of the sale of substantially all the Debtors' assets, on the basis that he purportedly did not sign the corporate resolution authorizing the chapter 11 filing, which bears his name and electronic signature. And Mr. Owoc asks the Court to consider this assertion on or before June 30, 2023.

3. Concurrently with the filing of this Motion, the Debtors have (a) served the *Debtors' First Set Of Request For Production Of Documents To John H. Owoc Related To Creditor And Interested Party John H. Owoc's Emergency Motion To Dismiss Chapter 11 Bankruptcy Of Debtor JHO Real Estate Investment, LLC* (the "Requests")[2], and (b) issued a *Notice of Taking Deposition* noticing the deposition of Mr. Owoc for June 26, 2023 at 9:00 a.m. to examine him in connection with the allegations contained in the Motion to Dismiss.

4. Pursuant to Fed. R. Civ. P. 34(b)(2), incorporated in this contested matter pursuant to Fed. R. Bankr. P. 9014(c), in the absence of an order shortening the time to respond to the Requests, responses to the discovery would be due thirty (30) days after service. Through this Motion, the Debtors asks the Court to shorten the time for Mr. Owoc to respond to the Requests to three (3) days from the date of service, or June 23, 2023 at 12:00 p.m. The Requests are tailored and consist of only nine requests seeking documents that should be readily available to Mr. Owoc because they support the factual allegations made in the Motion to Dismiss.

5. Pursuant to Local Rule 7030-2, unless otherwise directed by the Court, the deposition of any person upon oral examination may be taken upon actual delivery of at least 14 days' notice to the deponent and every other party. The Debtors require discovery in connection with the Motion to Dismiss. Given that Mr. Owoc has sought expedited consideration of the

---

[2] A copy of the Requests is attached hereto as Exhibit A.

2

12218511-3

Motion to Dismiss, the Debtors submit that good cause exists to shorten the notice for the taking of his deposition to six (6) days such that Mr. Owoc can be examined under oath, prior to the deadline for the Debtors to respond to the Motion to Dismiss, on June 26, 2023 at 9:00 a.m.

6.   Local Bankruptcy Rule 9013-1(C)(7) provides that a motion to shorten the time for responding to discovery requests may be considered by the Court without a hearing.

7.   Based upon the foregoing, the Debtors respectfully request the entry of an order granting this Motion and shortening the time for Mr. Owoc to respond to discovery as set forth above.

**WHEREFORE**, the Debtors respectfully request that this Honorable Court enter an Order, in the form attached hereto as **Exhibit 1**, shortening the time within which Mr. Owoc respond to the Requests; shortening the notice for the taking of Mr. Owoc's deposition so that he is compelled to appear for deposition on June 26, 2023 at 9:00 a.m., and granting such other and further relief as may be just and proper.

*[Remainder of page left intentionally blank.]*

| | |
|---|---|
| Dated: June 20, 2023<br>Miami, Florida | Respectfully submitted, |
| | /s/ Jordi Guso |

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
           tj.li@lw.com
           brian.rosen@lw.com
           jon.weichselbaum@lw.com

Jordi Guso
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

# **EXHIBIT 1**

**(Proposed Form of Order Shortening Time)**

12218511-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:  

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.[1]

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**ORDER GRANTING DEBTORS' EX PARTE MOTION TO SHORTEN
TIME FOR JOHN H. OWOC TO RESPOND TO DISCOVERY IN
CONNECTION WITH CREDITOR AND INTERESTED PARTY
JOHN H. OWOC'S EMERGENCY MOTION TO DISMISS CHAPTER 11
BANKRUPTCY OF JHO REAL ESTATE INVESTMENT, LLC**

THIS MATTER came before the Court without a hearing on the *Debtors' Ex Parte Motion To Shorten Time For John H. Owoc To Respond To Discovery In Connection With Creditor and Interested Party John H. Owoc's Emergency Motion To Dismiss Chapter 11*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Bankruptcy of JHO Real Estate Investment, LLC* (the "Motion").  The Court having reviewed the Motion and the record in these Chapter 11 Cases, finding good cause to grant the relief sought in the Motion, and being otherwise fully advised in the premises, does

      **ORDER AND ADJUDGE** as follows:

      1.      The Motion is GRANTED.

      2.      The time for responding to the Debtors' discovery in connection with Motion to Dismiss is shortened as follows: John H. Owoc shall (a) respond and produce documents responsive to the Requests on or before June 23, 2023 at 12:00 p.m., and (b) appear for deposition on June 26, 2023 at 9:00 a.m.

      3.      The Court retains jurisdiction in interpret and enforce this Order.

            # # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

## **EXHIBIT A**

**(Requests for Production of Documents)**

12218511-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.¹ _____/ | (Jointly Administered) |

**DEBTORS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN H. OWOC RELATED TO CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF DEBTOR JHO REAL ESTATE INVESTMENT, LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable here by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through undersigned counsel, hereby request that John H. Owoc ("Mr. Owoc") produce documents specified in the requests below (the "Requests") in connection with *Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [D.I. 1466] (the "Motion to Dismiss"). The Debtors further request that, given his request that the Motion to Dismiss be heard on an emergency basis, Mr. Owoc produce the requested documents no later than June 22, 2023 at 12:00 p.m. Eastern Time, and that such documents be produced to the Debtors' counsel or record at the offices of Berger

---

¹ The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12218467-2

Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, or as otherwise agreed upon by the parties.[2]

## DEFINITIONS

All terms not otherwise defined shall have their ordinary and common meanings. Capitalized terms used but not herein defined have the meanings ascribed to them by the Motion to Dismiss. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1. The term "CHAPTER 11 CASES" shall refer to Case Number 22-17847-PDR in the United States Bankruptcy Court for the Southern District of Florida and its related cases.

2. The term "DEBTORS" shall refer to Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc.

3. The terms "DOCUMENT" or "DOCUMENTS" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure, and shall include, without limitation, any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including, without limitation, originals, drafts, electronic documents with

---

[2] Concurrently with the service of these Requests, the Debtors have filed a motion pursuant to Local Rule 9013-1(C)(7) requesting that the Court shorten the time for responding to the Requests such that documents responsive to the Requests be produced on or before June 22, 2023 at 12:00 p.m.

included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

4. The term "JHO PETITION" shall refer to the Voluntary Petition for Non-Individuals Filing for Bankruptcy filed by or on behalf of JHO Real Estate Investment, LLC on or about October 10, 2022.

5. The term "JHO REAL ESTATE" shall refer to JHO Real Estate Investment, LLC.

6. The term "JHO WRITTEN CONSENT" shall refer to that certain Written Consent of Sole Member and Sole Manager of JHO Real Estate Investment, LLC dated October 8, 2022 and attached to the JHO PETITION.

7. The term "MOTION TO DISMISS" shall refer to *Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [D.I. 1466].

8. The terms "PERSON" or "PERSONS" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, associations, and/or any parent, subsidiary, division, department, or affiliate thereof.

9. The term "PETITION DATE" shall mean October 10, 2022.

10. The term "RELATING TO" shall mean relating to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting,

containing, constituting, in connection with, or corresponding to (in whole or in part, as context may require).

11. The terms "YOU," "YOUR," and "MR. OWOC" shall refer to John H. Owoc or anyone acting on his behalf.

## INSTRUCTIONS

The following instructions, which incorporate the foregoing definitions, are applicable to all Requests, unless otherwise specified:

1. The foregoing definitions and any terms used in the Requests should be construed and applied sensibly to conform to the subject matter of the Requests below, so that each Request is interpreted reasonably and as broadly as possible. Whenever appropriate, the singular form of a word shall be interpreted in the plural form and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and words in the masculine, feminine, or neutral form shall include each of the other genders. Additionally, the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any responses that might otherwise be construed to be outside their scope. Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2. YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR directors, officers, employees, agents, representatives, associates, affiliates, attorneys, investigators, partnerships, parents, or subsidiaries, and any other PERSONS under YOUR control. If, after a reasonable and diligent search, YOU discover that YOU do not have any DOCUMENTS responsive to a particular Request in YOUR possession, custody, or control, YOU

must state whether YOUR inability to produce responsive DOCUMENTS is because the DOCUMENTS never existed, were destroyed, were lost, misplaced, or stolen, and/or never were (or are no longer) in YOUR possession custody, or control. YOU must also state the name and contact information of any PERSON or organization known or believed by YOU to have possession, custody or control of the DOCUMENTS that are not in YOUR possession, custody, or control.

3. In the event that any DOCUMENT sought by these Requests has been destroyed or discarded (or otherwise no longer exists), that DOCUMENT shall be identified.

4. If YOU object to any part of a Request, YOU are required to set forth the specific basis for YOUR objection and respond to all parts of the Request to which YOU do not object, including through a partial production of DOCUMENTS in response to the parts of the Request that are not objectionable.

5. If YOU withhold any DOCUMENTS on the basis of any asserted privilege or immunity, you must provide a log that states for each DOCUMENT:

    a. The date of the DOCUMENT;

    b. The author(s) of the DOCUMENT;

    c. Any recipient(s) of the DOCUMENT;

    d. The subject matter of the DOCUMENT (described in a manner that will not reveal the privileged or protected information);

    e. The basis of the privilege asserted; and

    f. Any additional facts upon which YOU base YOUR claim of privilege or immunity.

6. If YOU cannot respond to any Request in full, respond to that Request as completely as possible and describe in detail all reasons for YOUR inability or failure to respond completely. If, in responding to any Request, YOU encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous, and the construction used in responding.

7. YOUR obligation to comply with these Requests is continuing. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, as made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, YOU are required to supplement or correct YOUR responses if YOU learn that YOUR responses are incomplete or incorrect in any material respect.

8. All DOCUMENTS that respond, in whole or in part, to any portion of any Request shall be produced in their entirety, including all attachments, enclosures, and metadata.

9. All DOCUMENTS shall be produced in the order in which they are kept in the usual course of business, and shall be produced in their original folders, binders, covers, or containers (or photocopies thereof), and with their original metadata.

10. Electronic records and computerized information must be produced in their native electronic format (meaning the default format of a data file created by its associated software program) together with all metadata, unless such documents can be produced in another appropriate and useable manner without loss of any functionality, metadata or other information associated with the document in the way it was kept in the ordinary course of business.

11. Besides electronic records, documents shall be produced as a PDF with optical character recognition, or in another format agreed upon by the parties.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS that YOU contend support any of the factual allegations in, or otherwise provide a basis for, the relief requested in the MOTION TO DISMISS.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO the factual basis on which "Mr. Owoc disputes the validity and authenticity of the electronic signature affixed to the [JHO WRITTEN CONSENT]." (*See* MOTION TO DISMISS at 4.)

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO the factual basis for YOUR contention that YOU "neither viewed nor signed, nor authorized anyone to sign on [YOUR] behalf, the [JHO WRITTEN CONSENT] via DocuSign . . . ." (*See* MOTION TO DISMISS at 4-5.)

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO the factual basis for YOUR contention that "neither Mr. Owoc nor JHO Real Estate consented to this bankruptcy." (*See* MOTION TO DISMISS at 5.)

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO the factual basis for YOUR contention that "[h]ad there been any attempt [to sell the Phoenix, Arizona facility or otherwise pay JHO REAL ESTATE's debt], there was sufficient funding available to pay the debt." (*See* MOTION TO DISMISS at 5.)

12218467-2

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO the factual basis for YOUR contention that "Mr. Owoc was never advised that the administration of JHO Real Estate's bankruptcy would result in a liquidation of the entity's Arizona real estate." (*See* MOTION TO DISMISS at 6.)

**REQUEST NO. 7:**

DOCUMENTS sufficient to identify the software, website or platform used to affix an electronic signature to the JHO WRITTEN CONSENT.

**REQUEST NO. 8:**

All DOCUMENTS produced in response to or other information provided in connection with the June 16, 2023 email from J. Steven Wilkes of the Office of the U.S. Trustee to YOUR counsel of record requesting DOCUMENTS and other evidence supporting YOUR factual contentions included in the MOTION TO DISMISS.

**REQUEST NO. 9:**

All DOCUMENTS that YOU intend to use or introduce into evidence in connection with the hearing on the MOTION TO DISMISS.

<table>
<tr><td>

Dated:   June 20, 2023
             Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
         tj.li@lw.com
         brian.rosen@lw.com
         jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

</td><td>

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com

</td></tr>
</table>

9

12218467-2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 20, 2023, the foregoing was served by electronic transmission upon all parties on the below Service List.

By: /s/ *Jordi Guso*
Jordi Guso

## SERVICE LIST

CONRAD & SCHERER, LLP
Counsel for John H. Owoc
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com
OGonzalez@conradscherer.com

12218467-2