UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 0:22-bk-17842-PDR |
| Vital Pharmaceuticals, Inc., et al | Jointly Administered Chapter 11 Cases |
|     Lead Case Debtor | |
| _____/ | |

| | |
|---|---|
| In re: | |
| JHO Real Estate Investment, L.L.C., | Case No.: 0:22-bk-17847-PDR |
|     EIN: 84-2849394 | Chapter: 11 |
|     Jointly Admin. Debtor | |
| _____/ | |

**UNITED STATES TRUSTEE
OBJECTION TO THE EMERGENCY RELIEF REQUESTED
And
PRELIMINARY OBJECTION TO THE
OWNER'S AND CREDITOR'S MOTION TO DISMISS
<u>CHAPTER 11 CASE OF JHO REAL ESTATE INVESTMENT, L.L.C.</u>**

This Honorable Court should deny the emergency relief requested by the owner and creditor through its Motion to Dismiss Chapter 11 Case of JHO Real Estate Investment, L.L.C. ( the "Motion," D.E. # 1466) because the movant fails to present any emergency warranting expedited hearing, truncated process, and stripping of parties' due process rights to notice under Federal Rule of Bankruptcy Procedure 2002. The movant does not present this Court with any grounds under 11 U.S.C. § 102(a) that have recently arisen justifying the extraordinary relief requested to curtail due process, notice, and opportunity to be heard. This jointly administered case has been pending for more eight months. The issues raised by the movant have existed, if they actually exist at all, for eight months. A party's litigation tactic of not presenting an issue to the court until the twelfth hour—does not constitute an emergency for this Court or the parties to address in truncated fashion as requested by the movant.

Additionally, the Motion is not supported by any evidence. There is no documentation, affidavit, or even a declaration executed under penalty of perjury by Mr. Owoc to any of factual contention or allegation pleaded. Due to the gravity of the issues raised by the Motion, the U.S. trustee immediately reached out to the movant and also to the estate fiduciary. At this time, the U.S. trustee has only heard from the estate fiduciary.

The movant wants to raise compliance or non-compliance with Bankruptcy Local Rule 9011-1 as a basis for this emergency relief. But as counsel to the movant and this Court are well aware, Administrative Order 2020-13 (USBC SDFL, Dec. 1, 2020) was in full effect when JHO Real Estate Investment, L.L.C. ("JHO") voluntarily commenced this instant chapter 11 case and was jointly administered with the lead bankruptcy case, Vital Pharmaceuticals, Inc.

In the eight months post-petition, Mr. Owoc has been represented by no less than six experienced and capable bankruptcy attorneys. Only now has one of these officers of this Court raised this issue with this federal tribunal.

When JHO filed its chapter 11 case, Mr. Owoc raised no issue of authority in October. Likewise, Mr. Owoc made no issue of his Written Consent in October—when it was electronically filed of record in this federal tribunal and presented to this Court at multiple first day hearings to influence the proper administration of a bankruptcy case and for the evidentiary effect the Written Consent carried. At each of those hearings, Mr. Owoc was represented by counsel—who made no objection, concern, or issue with the authority of JHO's CTO to voluntarily commence JHO's instant bankruptcy case—not to mention the other jointly administered bankruptcy cases before this Court.

JHO, attended and submitted to an examination under oath at the meeting of creditors, whereat Mr. Owoc could have raised issue or question with the authority of JHO's CTO to

commence this instant bankruptcy case. But Mr. Owoc raised no issue of authority in November, 2022.

Throughout this case, JHO filed monthly operating reports disclosing its income, expenditures, and financial affairs. Each report was signed under penalty of perjury by JHO's CTO. Mr. Owoc never once raised a concern with any of those public disclosures of JHO's corporate financial affairs.

Additionally, JHO filed more than one adversary proceeding seeking several types of relief against multiple defendants. Mr. Owoc could have raised concerns with JHO exercising this Court's jurisdictional powers against third parties. Mr. Owoc did not.

Most illustrative, JHO filed an adversary proceeding against Mr. Owoc on March 14, 2023.[1] On April 9, 2023, Mr. Owoc—acting through counsel—filed his Answer to that complaint.[2] First, Mr. Owoc's answer is a general denial of each and every allegation. Second, at the time he filed his answer, Mr. Owoc filed his affirmative defenses. Yet Mr. Owoc did not raise JHO's want of authority to: (1) voluntarily commence its chapter 11 case, (2) be a debtor in chapter 11, or (3) be the debtor-in-possession, with standing to sue and be sued as the bankruptcy estate fiduciary. Likewise, Mr. Owoc has not moved to dismiss the Adversary Proceeding for lack of standing of JHO to sue or be sued as a bankruptcy estate fiduciary.

Finally, the only Written Consent that the movant challenges throughout all of these jointly administered cases is the Written Consent in JHO. The Written Consent used in JHO is the same boilerplate verbiage as the Written Consent in each of the other jointly administered voluntary chapter 11 petitions. Under the movant's instant legal position, Mr. Owoc's DocuSign signature on each and every one of the other five Written Consents were viewed, signed,

---

[1] 0:23-ap-01051-PDR.
[2] Answer (D.E. # 52, 0:23-ap-01051-PDR).

approved, authorized, authentic, and valid electronically executed DocuSign signatures of Mr. Owoc.

Because Mr. Owoc fails to raise any issue, concern, or objection to any of his other DocuSign signatures in these jointly administered cases, and specifically failed to raise as an affirmative defense the Plaintiff's lack of authority to sue in the Adversary Proceeding, 23-ap-1051, the U.S. trustee must invoke Federal Rule of Evidence 801(d)(2). The central reason to invoke Fed. R. Evid. 801(d)(2) to this matter is because out of the six cases, Mr. Owoc executed the Written Consent in JHO at 1403 GMT on October 10, 2022. It was the second Written Consent out of six Written Consents that Mr. Owoc executed on October 10, 2022. Mr. Owoc executed all six Written Consents between 1402 GMT and 1413 GMT. Mr. Owoc signed all six Written Consents using the same IP address for all six signatures. Mr. Owoc executed the JHO Written Consent less than one minute after executing the Quash Seltzer Written Consent and less than one minute prior to executing the Bang Energy Canada Written Consent.

Out of six Written Consents and the CTO Engagement Letter, Mr. Owoc contends and alleges that only the DocuSign signature of Mr. Owoc that was fraudulently obtained and constitutes a forgery is the one the JHO Written Consent. There is therefore now no dispute that Mr. Owoc viewed, signed, approved, authorized, and validly electronically executed an authentic DocuSign signatures on five Written Consents as well as the Engagement Agreement for CTO John C. DiDonato to commence these cases into bankruptcy.

So what is before this Court for this instant Motion is the unsworn and unsupported factual contention and allegation by Mr. Owoc that computer ninjas interjected themselves into the eleven minutes that it took Mr. Owoc to execute all six Written Consents and forged the JHO Written Consent electronic signature. But more particularly, the computer ninjas were only able

to forge one Written Consent, executed on 1403 GMT, in between the less than two minutes it took for Mr. Owoc to receive, view, sign, approve, authorize, sign, and validly electronically execute an authentic DocuSign signatures on the Written Consent in Quash Seltzer[3] and Mr. Owoc to execute the Written Consent in Bang Energy Canada.[4]

And yet the Motion is not supported by any documentation, affidavit, or declaration executed under penalty of perjury. In short, the Motion is deep in fraudulent forgery allegations and inuendo but shallow on facts. The U.S. trustee does not waive and specifically preserves her right to amend or supplement this Preliminary Objection and further to raise and be heard on any issue either through additional filed papers or in court.

WHEREFORE PREMISES CONSIDERED the United States Trustee for Region 21 respectfully prays that this Honorable Court sustain the Preliminary Objection, deny the Emergency relief requested, schedule a hearing on the Motion to Dismiss in regular course, sustain the U.S. trustee's objection, enter an order denying the Motion to Dismiss, and provide for any other and additional relief as this Court determines appropriate under these premises.

Dated: 20 June 2023

                                                Respectfully submitted,

                                                May Ida Townson
                                                United States Trustee, Region 21

By:    /s/J. Steven Wilkes (Ala.Bar. No. WIL-278)
        Trial Attorney
        U.S. Department of Justice
        Office of the U.S. Trustee, Region 21
        501 East Polk St. Suite 1200
        Tampa, Florida 33602
        (813) 228-2000 / fax (813) 228-2303
        steven.wilkes@usdoj.gov

---

[3] First Written Consent executed by Mr. Owoc at 1402 GMT.
[4] Third Written Consent executed by Mr. Owoc at 1404 GMT.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically and/or by United States Mail, to the following on or before 20 June 2023:

Electronically to:    Irwin Gilbert, Counsel to Movant
                              Jordi Guso, Counsel to Estate Fiduciary(ies)
                              All CM/ECF recipients of Notice of Filing

                                                        /s/ J. Steven Wilkes