**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

|  |  |
|---|---|
| In re: | Case No.: 22-17842-PDR |
| VITAL PHARMACEUTICALS, INC., *et al.*[1], | Chapter 11 |
|  | (Jointly Administered) |

_____/

**RESPONSE IN OPPOSITION TO JOINT MOTION FOR AN ORDER**
**(I) HOLDING JOHN H. OWOC AND MEGAN E. OWOC IN CONTEMPT OF COURT,**
**AND (II) IMPOSING SANCTIONS**

Interested Parties, John H. Owoc ("Mr. Owoc) and Megan E. Owoc ("Mrs. Owoc"), (collectively, the "Owocs"), hereby serve this Response in opposition to the Joint Emergency Motion for An Order Holding John H. Owoc and Megan E. Owoc in Contempt of Court and Imposing Sanctions [D.E. 1476] ("Joint Motion"):

1.      As explained in greater detail below, the Debtors and Creditor Committee do not present a genuine emergency. As a practical matter, the moving parties are not at risk of harm or prejudice necessitating an expedited hearing. In fact, that portion of the Emergency Motion that seeks to recover property is actually the subject of a separately filed Adversary Proceeding. *See* Case No. 23-01125-PDR.

**OWNERSHIP OF THE OWOCS' COMPUTERS IS IN DISPUTE**

2.      The Owocs contend that they are not in possession of company property. They maintain a good faith belief that the computers in their possession are personal property. In my communications with Debtors' counsel, I repeatedly asked for the serial numbers of computers

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1

owned by Debtor Vital Pharmaceuticals, Inc. ("VPX") so that I could compare those numbers to the serial numbers on the computers possessed by the Owocs. Debtors' counsel refused.[2]

3.      I also asked for the serial numbers of company computers that were missing when the inventory was performed. This was refused.[3] This is not practical or reasonable.

### THE OWOCS RESPONDED TRUTHFULLY TO DISCOVERY AND IN TESTIMONY

4.      As confirmed by the respective Declarations of John and Megan Owoc, at the time of deposition and at the time responses to discovery were submitted, they did not have any emails or attachments to emails or company documents.

5.      On or about May 29, 2023 the Owocs learned that some emails and related documents could be restored to their hard drive.[4]

### THE OWOCS WILL COMPLY WITH THEIR DISCOVERY OBLIGATIONS

6.      Parties to federal court proceedings have an obligation to seasonally update and supplement discovery responses.[5] In advance of a formal supplement, Mr. Shraiberg informally advised the Debtors' counsel of this development.

7.      <u>It is essential to know that 100% of these documents are already in the Debtors' counsel's possession.</u> Upon information and belief, Debtors' counsel has already produced non-privileged documents from this same array to the counsel for the Creditor Committee.

---

[2] I am informed that VPX' IT Department maintained a specific record of the serial numbers, make and model of all computers that were considered company property. It would be a simple matter to share that list and perhaps resolve this issue. If the company's list does not include the computers in the Owocs' possession, then this is simple.

[3] The Owocs fear that if they provided the serial numbers first, someone in the company would simply add their serial numbers to the company list.

[4] The Owocs had been attempting to obtain some of these documents through Rule 2004 discovery and were completely rebuffed.

[5] Under Rule 26(e)(1)(A), a party must supplement its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or inaccurate, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(e) does not specify when responses are "timely," but the Advisory Notes to the 1993 amendments states that "[s]upplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." *Chao v. Tyson Foods, Inc.*, No. 2:02-CV-1174-VEH, 2009 WL 10687849, at *1 (N.D. Ala. Jan. 17, 2009).

8.      We are mindful that the Debtors' counsel objects to the Owocs having possession of company documents and in particular, company documents that are protected by attorney-client privilege. Debtor VPX contends that Mr. Owoc was "terminated for cause." That is in dispute and is the subject of a declaratory judgment action in Florida Circuit Court.  However, regardless of his current status, Jack Owoc previously viewed these communications and he gains no advantage in culling through the documents to distinguish company documents from his own.

9.      The Owocs need a reasonable amount of time to cull through the documents to protect their own privilege and privacy.

### UNDERSIGNED COUNSEL HAS NOT VIEWED PRIVILEGED DOCUMENTS

10.      In their motion, Debtors and the Creditor Committed speculate that undersigned counsel relied on documents he was not entitled to see in preparing the Declaratory Judgment action filed in State Court. I did not. I relied on documents in which Mr. Owoc, as sole shareholder of VPX, terminated one of the VPX Directors. I viewed subsequent correspondence to Mr. Owoc from the Board of Directors removing him from the Board and purporting to fire him as CEO and CSO of VPX. I was able to ascertain that the Board was no longer able to terminate Mr. Owoc.

11.      Accusations without foundation are reckless and unnecessary.

12.      Neither the Owocs or their attorneys are in violation of the Court's orders or their discovery obligations. As happens in some cases, the Debtors and the Creditor Committee have weaponized discovery and motion practice in an effort to oppress these individuals.

### CONCLUSION

The Joint Motion should be denied or held for an evidentiary hearing. The Court and the parties have far more significant matters to attend to.

Dated: June 21, 2023

## <u>CERTIFICATION OF ADMISSION</u>

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on June 21, 2023.

Respectfully submitted,

**CONRAD & SCHERER, LLP**
*Counsel for the Owocs*
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com

By: */s/ Irwin R. Gilbert*
      Irwin R. Gilbert
      Florida Bar No. 99473