# EXHIBIT A

# REQUESTS FOR PRODUCTION OF DOCUMENTS

## Definitions

The following definitions and instructions apply to these requests for documents (the "Requests") and to the responses to the Requests:

A. "Bang Energy N.V." means the affiliate of the Debtors, Bang Energy N.V., formed and doing business in the Netherlands.

B. "Board" means, collectively, the board of directors for each Debtor, as applicable, including any and all current or former board members, including, but not limited to, Mr. Owoc, Robert Dickinson, Guillermo Escalante, Stephen Gray, Eric Hillman and Steve Panagos.

C. "Catalyst" means The Catalyst Capital Group and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Gabriel DeAlba.

D. "Celsius" means Celsius Holdings, Inc. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, John Fieldly and Tony Guilfoyle.

E. "Cerberus" means Cerberus Capital Management, L.P. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Scott Wille, Michael Buchbinder, Gary Smith, Alexander Coleman and New Providence Group.

F. "Chapter 11 Cases" means the Chapter 11 cases of the Debtors pending in the Southern District of Florida Bankruptcy Court under case numbers 22-17842 (Vital Pharmaceuticals, Inc.), 22-17844 (Bang Energy Canada, Inc.), 22-17845 (JHO Intellectual Property Holdings, LLC), 22-17847 (JHO Real Estate Investment, LLC), 22-17848 (Quash Seltzer, LLC), 22-17849 (Rainbow Unicorn Bev LLC) and 22-17850 (Vital Pharmaceuticals International Sales, Inc.).

G. "Debtor" or "You"(individually) and "Debtors" or "Your" (collectively) means any or all of the following: Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. including any or all of their past or present employees, board of directors, board members, partners, agents, representatives,

officers, attorneys, or other persons or entities to the extent they are acting or purporting to act for or on their behalf.[1]

H. "Document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and Rules 2004 and 7034 of the Federal Rules of Bankruptcy Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, phonorecords, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic or other format(s)), audit workpapers (whether in paper, database, electronic or other format(s)), books, books of account, account statements, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity to which this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from professional firms.

I. "Financial Documents" means financial statements, bank statements, balance sheets, income statements, daily sales reports, general ledgers, journals, cash disbursements reports, check registers, agings and any and all other Documents relating to the Debtors' financial condition.

J. "Huron" means Huron Consulting Group Inc. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or

---

[1] Past and present employees acting on behalf of the Debtors include, but are not limited to, the following: Stephanie Ash, Lourdes Barsky, Gene Bukovi, Julian Cheny, Kathleen Cole, Maria Deleon, Gordon Eckhouse, Marissa Garcia, Thomas Garrigan, Michelle Gardner, Hal Gerson, Daisy Grunewald, Sikander Khan, Liangxi Li, Frank Massabki, Gregg Metzger, Viviana Muci, Rick Oberhofer, Estefiana Ortiz, Mr. Owoc, Sacha Penoucos, Esther Polanco, Allisson Rincon, Gregg Robbins, Sury Rodriguez and Christina Weronik.

entities acting or purporting to act for or on its behalf, including, but not limited to, Rich Caruso, Shawn Creedon, John DiDonato, Abhimanyu Gupta and Sean Parkhurst.

K. "Keurig" means Keurig Dr. Pepper and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Ozan Dokmecioglu and Bob Gamgort.

L. "Kroll" means Kroll, LLC and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Mark Donahue and Geoffrey Melrose.

M. "Monster" means Monster Beverage Corporation and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Rodney Sacks and Hilton Schlosberg.

N. "Non-Real Estate Entities" means, collectively: Bang Anti-Diet LLC; Bang Energy Family, LLC; Bang Energy International, LLC; Bang Energy, LLC; Bang Energy International, LLC; Bang Foods, LLC; Bang Gyms, LLC; Bang Holdings Corp; Bang Jets, LLC; Bang Vapes, LLC; Candemonium, LLC; Captain Crunch Fishing LLC; Cognitive IP Holdings, LLC; Energy Train, LLC; Entourage IP Holdings, LLC; Fun Energy, LLC; Liquid IP Holdings, LLC; Silicon Beach, LLC; Stoked Brands, LLC; Stoked LLC; Stoked of Delaware, LLC; Stoked Seltzer, LLC; The Fixx, LLC; Ultra Experiences LLC; Ultracorn LLC; and VPX Swim & Sports Gear, LLC.

O. "Owoc Claim" means, collectively, the proofs of claim, and any amendments thereto, filed by Mr. Owoc against each of the Debtors in each of their Chapter 11 Cases.

P. "Parella Weinburg" means Parella Weinburg Partners and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Andrew Bednar.

Q. "PepsiCo" means PepsiCo and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Ramon Laguarta, Jim Lee and Kirk Tanner.

R. "Potential Sale Transaction" means any potential merger, acquisition, refinancing, recapitalization, asset sale/purchase or other business combination or transaction relating to the Debtors including, without limitation, all related negotiations, parties, bidding procedures, offers, listings, agreements or other actions made or taken to refinance, recapitalize, market or sell any assets of the Debtors.

S. "Properties" means, collectively: 72100 Overseas Highway, Lower Matecumbe Key, FL 33036; 16720 Stratford Ct., SW Ranches, FL 33331; 16730 Stratford Court, Southwest Ranches, FL 33331; 7705 Staples Drive, Lithia Springs, GA 30122; 20311 Sheridan Street,

Pembroke Pines, FL 33332; 20351 Sheridan Street, Pembroke Pines, FL 33332; 20421 Sheridan Street, Pembroke Pines, FL 33332; 1635 S. 43rd Ave., Phoenix, AZ 85009; and 4117 Wagon Trail Ave., Las Vegas, NV 89118.

T. "Real Estate Entities" means, collectively: Elite Island, LLC; JHO Real Estate Investment, LLC; JHO GA-1 Investment, LLC; JHO NV-1 Investment, LLC; Sheridan Real Estate Investment A, LLC; Sheridan Real Estate Investment B, LLC; Sheridan Real Estate Investment C, LLC; and the John H. Owoc Revocable Trust.

U. "Referring to" or "relating to" means concerning, evidencing, describing, constituting, mentioning, pertaining to or discussing.

V. "Rothschild" means Rothschild & Co. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Jaime Arrastia, James Ben, Jarrod Burke, Sean Crotty, Charles Delo, Matt Dyer, Sebastian Enriquez, John Kang, Lee LeBrun, Frank London, Homer Parkhill, Nicolas Soupre, Michael Speller and Ethan Tuckman.

W. "Tax Returns" means all U.S. state and federal income tax returns filed by the Debtors for 2020, 2021, and 2022 or any extensions of time for any of those tax years.

X. "Trademarks" means any and all trademarks held by the Debtors and registered with the U.S. Patent and Trademark Office.

Y. "Trademark Documents" include any and all Documents related to the Trademarks including, without limitation, (i) the trademark file wrappers; (ii) internal emails and other correspondence to/from Mr. Owoc, Megan Owoc, or Gideon Eckhouse and external emails and other correspondence to/from Gideon Eckhouse or other employees or agents of Debtors that relate to the acquisition of any Trademark or property relating to the Trademarks or goodwill thereof; (iii) any internal or external searches done related to the Trademarks, including, without limitation, knock out searches or third party searches such as Thomson Reuters; (iv) any Documents or correspondence evidencing intent to use the Trademarks.  Trademark Documents further include all Documents relating to any Trademark Trial and Appeal Board proceedings, or any other litigation proceeding, related to the Trademarks, including, without limitation, (i) any pleadings, internal emails and other correspondence to/from Mr. Owoc, Megan Owoc, or Gideon Eckhouse, external emails and other correspondence to/from Gideon Eckhouse or other employees or agents of the Debtors that relate to such proceedings; (ii) any initial disclosures, discovery requests, including, without limitation, requests for production, requests for admission, or interrogatories sent or received and any responses filed or served thereto; (iii) any Documents produced or received in conjunction with said proceedings; (iv) any settlement offers sent or received and any correspondence related thereto; and (v) any Documents served or produced in conjunction with any mediation or ADR and all correspondence related thereto.

Z. Whenever the name of any individual or corporate entity is used, the same shall be taken to include all persons, corporations, or other entities to the extent known to You which are controlled, controlling or under common control with such individual or corporation.

AA. The use of the singular includes the plural and vice versa.

BB. In no instance shall the term "including" be construed to limit the scope of any Request.

## Instructions

1. In producing the requested Documents, You are required to produce all Documents in your possession, custody or control or within the possession, custody or control of any of Your officers, directors, employees, managers, agents, attorneys, accountants, consultants, investment bankers, financial advisors, representatives, or any other party who upon Your request, would surrender possession, custody or control to You.

2. You are to produce the requested Documents in the manner that they are maintained in the usual course of business, or organized and labeled to correspond with categories in the Requests.

3. With respect to any Document withheld from production based on a claim of privilege, immunity or other basis, you should provide the following information: (a) the date of the Document; (b) the title of the Document; (c) the type of Document; (d) the name of its author(s) or preparer(s); (e) the name of each person to whom the Document was addressed or sent or who received, viewed or has custody of the Document; (f) the general subject matter of the Document; and (g) the claim of privilege under which the Document is withheld.

4. With respect to any Document responsive to these Requests that is known to have existed and cannot now be located, or has been destroyed or discarded, You should describe the circumstances surrounding such loss, destruction or discarding, including the following information: (a) a description of the Document, including its date, author(s), addressee(s), recipient(s), and subject matter; (b) its last known custodian; (c) the date and the manner of, and reasons for, the loss, destruction or discarding of the Document; (d) the person(s) authorizing and/or carrying out the destruction or discarding of the Document.

5. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

6. If you object to any Request or any part of a Request, You should state the objection and specify the ground(s) for the objection.

7. Each Document Request shall be construed independently and not with reference to any other Document Request for the purpose of limitation.

8. Unless otherwise specified in the Document Request, each Request is limited to the period from September 1, 2021 to the present.

9. These Requests are continuing in nature and require the supplemental production of Documents if, after producing the requested Documents, you obtain or discover additional responsive Documents. Such supplemental production of Documents should be served within ten (10) days after you discover or learn of the existence of such additional responsive Documents.

**Requests**

1. All Documents, including communications, between the Debtors and the Board, as well as between the Board, including any individual current, former or future member of the Board, relating to the Chapter 11 Cases, including, but not limited to, Documents and communications relating to a Potential Sale Transaction and any corporate governance issue.

2. All Documents, including communications, to, from or otherwise relating to Huron and a Potential Sale Transaction or any corporate governance issue including, but not limited to, Documents and communications between Huron and Board.

3. All Documents, including communications, to, from or otherwise relating to Rothschild and a Potential Sale Transaction including, but not limited to, Documents and communications between Rothschild and the Board, Documents and communications between Rothschild and Keurig, and Documents and communications between Rothschild and Cerberus.

4. All Documents, including communications, between Huron and Rothschild relating to the Debtors.

5. All Documents, including communications, to, from or otherwise relating to Catalyst, Celsius, Cerberus, Keurig, Monster, Parella Weinburg or PepsiCo relating to a Potential Sale Transaction.

6. All Documents, including communications, to, from or otherwise relating to Kroll and its engagement by the Debtors to provide valuation advisory services.

7. All Documents, including communications, to, from or otherwise relating to Monster and that certain *Joint Agreed Motion for Relief from Stay to Continue Action in Nonbankruptcy Forum* dated November 11, 2022 [D.E. 312].

8. All Documents, including communications, relating to any consents, authorizations, ratifications and approvals relating to the filing of the Chapter 11 Cases.

9. All Documents, including communications, relating to any agreements entered into by the Debtors and any other party outside the ordinary course of business and in excess of $250,000.00.

10. All Documents, including communications, relating to any director and officer insurance policies for the Debtors.

11. All Documents, including communications, relating to insurance policies for Mr. Owoc.

12. All Trademark Documents.

13. The Debtors' articles of incorporation and all amendments thereto.

14. The Debtors' bylaws and all amendments thereto.

15. The Debtors' articles of organization, articles of merger, articles of interest exchange, articles of conversion, and articles of domestication, and other documents and all amendments thereto, together with executed copies of any powers of attorney pursuant to which any articles of organization or such other documents were executed.

16. The minutes for all meetings of the Board and/or managing members of the Debtors, including, but not limited to, minutes for all committee meetings, agendas for all meetings, presentation materials for all meetings, and ratifications of the minutes for all meetings.

17. Any operating agreement for the Debtors and all amendments thereto, including the effective operating agreement.

18. The current list of the Debtors' (by Debtor) shareholders and their addresses.

19. The current list of the Debtors' (by Debtor) officers and their addresses.

20. The current list of the Debtors' (by Debtor) directors and their addresses.

21. The current list of the Debtors' (by Debtor) managers and their addresses.

22. The current list of the Debtors' (by Debtor) members and their addresses.

23. All Documents and communications, including, but not limited to, all Financial Documents relating to the Debtors' financial condition, operations, solvency or ability to timely pay their debts as they come due.

24. All Documents, including communications, relating to the value (regardless of the manner or form of valuation) of any of the Debtors' assets, including, but not limited to, any valuation by Kroll.

25. All Documents, including communications, relating to the Properties including, without limitation, insurance policies and related Documents (including any Documents from

Vault Insurance), tax Documents, and mortgage Documents (including any Documents from Regions Bank).

26. All Documents, including, but not limited to, communications and current files relating to any litigation or other action involving Mr. Owoc whether individually or jointly with the Debtors.

27. All Documents, including communications, relating to any of the Real Estate Entities including, without limitation, insurance policies and related Documents (including any Documents from Vault Insurance), tax Documents, and mortgage Documents (including any Documents from Regions Bank).

28. All Documents, including communications, relating to any liabilities of the Debtors to the Non-Real Estate Entities or liabilities of the Non-Real Estate Entities to the Debtors.

29. The Tax Returns for the Debtors.

30. All Documents, including, but not limited to, general ledger and adjusting entries, provided to outside accountants in preparation of the Tax Returns.

31. All Documents, including communications, relating to any rents paid, owed or accrued by the Debtors for 2019, 2020, 2021 and 2022 to Mr. Owoc and/or Megan Owoc.

32. All e-mails sent, received and/or copied to the e-mail address: CEO@bangenergy.com.

33. All e-mails sent, received and/or copied to the e-mail address: ceo.meetings@bangenergy.com.

34. All foreign and U.S. income tax Documents relating to Bang Energy N.V. for 2020, 2021, and 2022 including, but not limited to: tax returns or extensions of time to file tax returns;

Documents provided to internal or external accountants; and notices or correspondence from any U.S. or foreign taxing authorities.

35. All Documents indicating or describing or otherwise relating to the failure to file any foreign taxing authority returns for Bang Energy N.V. for 2020, 2021 and 2022.