**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

VITAL PHARMACEUTICALS, INC., *et al*.,

_____Debtors._____/

Case No.: 22-17842-PDR

Chapter 11

(Jointly Administered)

## JOHN H. OWOC'S RESPONSE TO DEBTORS' MOTION TO QUASH AND FOR PROTECTIVE ORDER AS TO NON-PARTY SUBPOENA DIRECTED TO DOCUSIGN, INC.

COMES NOW, Creditor and Interested Party, John H. Owoc ("Mr. Owoc"), by and through undersigned counsel, and files this, its Response to Debtors' Motion to Quash and for Protective Order as to Non-Party Subpoena to DocuSign, Inc., and states as follows:

### Background

1.     On June 9th, 2023, Mr. Owoc, by and through undersigned counsel, filed with this Court a Notice of Non-Party Subpoena to DocuSign, Inc., Pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45, and served a subpoena to DocuSign Inc. accordingly, to request any and all records of transactions conducted by Mr. Owoc himself, as an individual, or by or on behalf of Vital Pharmaceuticals, Inc., through DocuSign, Inc.

2.     The records sought are critical to the pending bankruptcy proceedings and well within the applicable bounds provided for by Fed. R. Civ. P. 45, Fed. R. Bankr. P. 9016, *and* Fed. R. Bankr. P. 2004.

### Argument

**A. The Subpoena to DocuSign, and the Notice of Service of Same, Were Procedurally Sufficient Under Applicable Rules**

3.     "Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, governs the issuance and service of subpoenas in

bankruptcy cases. Fed.R.Civ.P. 45(a), (b)." *In re EZ Pay Servs., Inc.*, 389 B.R. 776, 779 (Bankr. M.D. Fla. 2008).

4.     "Subpoenas may be directed to persons who are not parties to the case. Fed.R.Civ.P. 45(a), (b). 'The Court must begin by reiterating a dispositive point: it has abundant legal authority to order the retrieval of information concerning a debtor and his estate from persons and entities who are not parties in a bankruptcy case, i.e., persons or entities who have neither filed a voluntary petition under 11 U.S.C. § 301 nor filed a proof of claim or interest under § 501. See 11 U.S.C § 542(e); Fed. R. Bankr. Pro. 2004(a)-(c) and 9016; Fed.R.Civ.Pro. 45(a)-(b).'" *Id.* at 779–80 (internal citations omitted).

5.     Mr. Owoc's subpoenas were issued in accordance with Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45, rather than Fed. R. Civ. P. 2004. "The broad scope of a 2004 examination arises out of its purpose. Particularly in chapter 7 cases, such as the ones before the court, it is an investigatory device trustees can use in order to quickly gather the information they need in order to do their job properly." *In re Marathe,* 459 B.R. 850, 856 (Bankr. M.D. Fla. 2011) (internal citations omitted). Likewise, a Rule 2004 is "…properly used to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *Id* (internal citations omitted).

6.     Prior to serving the subpoena to DocuSign, the undersigned, on June 9th, 2023, filed with this Court, a Notice of Non-Party Subpoena, in compliance with Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9016.

**B.   The Debtors Have No Standing To Object to The Subpoena on Any Procedural Basis, Nor do They Have Any "Personal Right(s) or Privilege(s)" With Regard to the Material Sought**

7.   The Debtors, among other grounds, seek to quash the subpoena to DocuSign – a third

party who has no interest in these bankruptcy proceedings - on several procedural grounds.

8.    The procedural grounds asserted by the Debtors are that (i) Mr. Owoc purportedly failed to seek Court authorization and therefore the subpoena is "procedurally improper," (ii) the Subpoena fails to allow DocuSign a reasonable time to comply under the Local Rules and the Federal Rules.

9.    As a threshold matter, the Debtors have no standing to challenge the subpoena served, on *any* procedural grounds. Federal rules of decision on this issue are clear.

10.    "Generally, an individual does not have standing to challenge a subpoena served on another, except when that individual has a personal right or privilege with respect to the matter of the subpoena. *Barrington v. Mortgage IT, Inc*., 2007 WL 4370647 (S.D. Fla., 2007).  *Gabriel v. G2 Secure Staff, LLC*, 225 F. Supp. 3d 1370, 1372 (S.D. Fla. 2016)."

11.    The Debtors do not have any "personal right or privilege" with regard to the information sought by the subpoena to DocuSign. Records of *transactions that required the use of DocuSign* are, by their very nature, not such that they would be protected by any unique privilege or expectation of privacy, nor has there been any factual showing that the records themselves are in any way confidential or proprietary.

12.    Where no expectation of personal privacy has been established, and absent a *factual showing* that records are confidential and/or proprietary, a party does not have standing to quash a subpoena regarding records. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)

13.    Further, conclusory assertions that records sought may be privileged are insufficient, *especially where the subpoenaed party has not objected to the subpoena on those*

*grounds or any other*. *McCoy v. GEICO Gen. Ins. Co.*, No. 619CV353ORLWWBDCI, 2019 WL 5391104, at *2 (M.D. Fla. Aug. 14, 2019), *see also Auto Owners Ins. Co.,* 231 F.R.D. 426 at 430.

14.     The burden of proof in demonstrating that compliance with the subpoenas requires the disclosure of privileged or protected information or that compliance presents an undue burden lies with the moving party.  *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007), *on reconsideration in part*, No. 3:07-MC-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008).  **The Debtors have not met that burden.**

15.     The undersigned is not seeking any documents that contain confidential, proprietary, privileged, or other information that would be protected from disclosure. The undersigned is merely seeking records involving transactions that Mr. Owoc – the *party* issuing the subpoena – was a party to, in his personal capacity or in connection with any managerial/directorial roles with Vital Pharmaceuticals.

16.     Likewise, in a footnote to their Motion to Quash the Debtors assert and acknowledge that DocuSign, in accordance with its privacy policies, may not even have in an accessible form the decrypted contents of documents retained by DocuSign.  As such, quashing the subpoena in its entirety would be improper because the undersigned only seeks what DocuSign retains as to the records of its transactions.

17.     Even if the Debtors can factually establish that *some* categories of information are subject to some form of privilege or confidentiality concerns, quashing of the subpoena is an extreme, inappropriate remedy. "Generally, modification of a subpoena is preferable to quashing it outright." *Fadalla v. Life Auto. Prod., Inc*., 258 F.R.D. 501, 507 (M.D. Fla. 2007), on reconsideration in part, No. 3:07-MC-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008), *see also Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).*

18.     While the undersigned maintains that the scope and breadth of the Subpoena to DocuSign are both appropriate and valid, the can easily be modified to ensure that any documents or information that are truly confidential, proprietary, or otherwise privileged (subject to a factual determination) are not disclosed.

**C. The "Pending Proceeding Rule" as Relied Upon by the Debtors, is Inapposite and Misapplied**

19.     In their Motion to Quash, the Debtors cite to the "Pending Proceeding" rule, erroneously claiming that the discovery sought from DocuSign is inappropriately framed for the instant bankruptcy action as it seeks the discovery evidence that is both *unrelated* to the instant proceeding, and related to another proceeding.

20.     The Debtors refer to the case of *John Owoc v. Robert Dickinson, Stephen Gray, and Steven Panagos,* Case No. CACE-23-014222 (Fla. Cir. Ct. Broward County, filed June 1st, 2023) as the action where such discovery should be made.

21.     As a threshold matter, application of the "pending proceeding rule" as described by the Debtors in their motion is incorrect. Decisions cited by the Debtors, such as *In re Sanomedics, Inc.,* No. 16-21659-RAM, 2018 Bankr. LEXIS 2187 (Bankr. S.D. Fla. July 24, 2018 and *In re Wash. Mut., Inc.,* 408 B.R. 45, 50 (Bankr. D. Del. 2009), are concerned with parties using the more liberal 2004 discovery standard to obtain items in a bankruptcy setting that they would otherwise be unable to obtain in outside litigation, or by use of any discovery rule more stringent than 2004.

22.     Likewise, other factors that are at the heart of the rule's concerns are not present here, such as the incentive of parties in outside litigation to "purchase nominal claims in bankruptcy cases solely to pursue their outside litigation agendas." *In re Cambridge Analytica LLC*, 600 B.R. 750 (Bankr S.D.N.Y. 2019).

23.     The subpoena to DocuSign was not made under Rule 2004, it was made under the more restrictive Federal Rule 45 as made applicable by 9016, and as such the "pending proceeding" distinction is wholly inapplicable.

24.     Perhaps most importantly, the DocuSign documents have only a tangential and tenuous relationship *at best* with the Broward County Circuit Court litigation described above; which seeks declaratory judgment and a preliminary injunction pertaining to the status of Mr. Owoc and various VPX board members.  The subject matter, and likewise the information sought, are entirely unrelated.

D.  **The Debtors' Grounds for Seeking a Protective Order are Inapplicable and Insufficient**

25.     The Debtors, in their Motion to Quash, alternatively seek a Protective Order citing Fed. R. Civ. P. 26(c)(1), which provides that a Protective Order may be appropriate to protect a party or person from "…annoyance, embarrassment, oppression, or undue burden or expense."

26.     The procedural grounds cited by the debtors in their requests to quash the subpoena are well outside the enumerated reasons for which a protective order may be sought under Fed. R. Civ. P. 26(c)(1).

27.     The Debtors cite to *In re Worldwide Wholesale Lumber, Inc.,* 392 B.R. 197,204 (Bankr. D.S.C. 2008) for the proposition that a protective order may be granted to prevent the disclosure of privileged communications. However, *In re Infinity Bus. Grp., Inc.*, 530 B.R. 316, 321 (Bankr. D.S.C. 2015), decided after *Wholesale Lumber,* notes that the party asserting the privilege bears the burden of demonstrating the applicability of the privilege to the documents withheld on those grounds. *See also . N.L.R.B. v. Interbake Foods, LLC, 637 F.3d 492, 501 (4th Cir.2011), (citing U.S. v. Jones, 696 F.2d 1069, 1072 (4th Cir.1982).*

28.    Likewise, in seeking a protective order, showing good cause requires the moving party to make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order.  *Fletcher v. Great Am. Ins. Co*., No. 3:09-CV-324-J-25JRK, 2010 WL 11507484, at *3 (M.D. Fla. June 17, 2010) (unpublished).

29.    As noted *infra*, the Debtors have not met the burden of providing factual support for the proposition that all of the documents or materials sought (or that would be produced pursuant to the subpoena) are privileged, confidential, proprietary, or otherwise protected from disclosure. Nor have the debtors described with sufficient specificity or particularity the documents that would be privileged aside from a general, *categorical* reference to "board meeting minutes" with the incorporated *suggestion* that these contained privileged communications that were for some reason circulated via DocuSign to be signed for on that platform.

## <u>CONCLUSION</u>

**WHEREFORE,** for the reasons set forth above, John C. Owoc, by and through undersigned counsel, respectfully requests this honorable Court deny in full Debtors' Motion to Quash and for Protective Order, and for other such relief this Court may deem just and proper.

Dated: June 23, 2023                    Respectfully submitted,

**CONRAD & SCHERER, LLP**
*Counsel for John H. Owoc*
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com

By: */s/ Irwin R. Gilbert*
      Irwin R. Gilbert
      Florida Bar No. 99473

## **CERTIFICATION OF ADMISSION**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on June 23, 2023.

By: */s/ Irwin R. Gilbert*

Irwin R. Gilbert
Florida Bar No. 99473