UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**JOINT EMERGENCY MOTION TO CONTINUE AND FIX HEARING DATES IN CONNECTION WITH PENDING MOTIONS INVOLVING JOHN H. OWOC**
**(Expedited Hearing Requested)**

**The Debtors and the Official Committee of Unsecured Creditors respectfully request the Court schedule a hearing on this Motion on June 26, 2023, with permission for all parties to attend virtually via Zoom, to avert wasteful travel and non-merits court appearances occasioned by Mr. Owoc's litigation and tactics, and which will cause the Debtors to expend their limited resources for no productive purpose**.

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC ("JHO Real Estate"), Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee"), each by and through undersigned counsel, hereby file this emergency motion (this "Motion") to continue, fix, and consolidate, hearing dates in connection with pending motions involving John H. Owoc to avoid waste of estate—and Court—resources. In support of this Motion, the Debtors and the Committee state as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12230907-1

1.      The Debtors, the Committee and all stakeholders face another week occupied by litigation surrounding Mr. Owoc's acts and omissions.  The calendar includes:

   a)      a hearing noticed for Tuesday, June 27, 2023, on Mr. Owoc's emergency motion to dismiss the chapter 11 case of JHO Real Estate, eight months after it was filed, on the assertion that Owoc did not knowingly sign the authorization that bears his signature [ECF No. 1466] (the "Dismissal Motion");

   b)      a hearing noticed for Tuesday, June 27, 2023, on the Debtors' motion to quash a subpoena issued by Mr. Owoc to DocuSign, which facially calls for the production of privileged documents, when it appears Mr. Owoc is interested only in transmission details for certain information regarding documents Mr. Owoc electronically signed—which details the Debtors have offered to provide [ECF No. 1474] (the "DocuSign Motion");

   c)      a hearing noticed for Thursday, June 29, 2023, on Mr. Owoc's motion for clarification of, or relief from, the automatic stay to name Debtor Vital Pharmaceuticals, Inc., as a defendant in state court litigation commenced against certain members of the Debtors' boards in an attempt to invalidate Mr. Owoc's termination as CEO and chairman of the Debtors' boards—an event that occurred three months ago and which cannot now be judicially revisited on any timeframe that avoids mootness due to the impending sale of the Debtors' assets [ECF No. 1442] (the "Lift-Stay Motion"); and

   d)      a hearing noticed for Thursday, June 29, 2023, on Mr. Owoc's motion for sanctions against the Committee for allegedly violating the Court's *Protective Order and Confidentiality Agreement* [ECF No. 1470] (the "Sanctions Motion" and together with the Dismissal, DocuSign, and Lift-Stay Motions, the "Owoc Litigation Matters").

2.      Relevant dates also include: (a) the Court-ordered production of documents by Mr. Owoc in respect of the Dismissal Motion no later than 12:00 p.m. on June 23; and (b) the Court-ordered deposition of Mr. Owoc on Monday, June 26, at 9:00 a.m.  *See Order Granting Debtors' Ex Parte Motion to Shorten Time to Respond to Discovery* [ECF No. 1502].

3.      Mr. Owoc responded to the document request by producing *zero* documents and instead supplying vague and evasive objections to each of the requests.  Within an hour of receiving the written responses, the Debtors requested a prompt meet and confer to address the deficiencies given the overall schedule.  Mr. Owoc's counsel responded that they were unable to meet and confer until at least 4:00 p.m. on Monday—the afternoon prior to the scheduled hearing.

2

4.      And, despite the Court's Order setting Mr. Owoc's deposition for Monday, June 26, 2023 at 9:00 a.m., Mr. Owoc responded to the deposition notice by filing a motion for protective order, on the basis that two of his many lawyers are not available on Monday, but without stating that Mr. Owoc is unavailable, and without offering any future date on which Mr. Owoc and his chosen counsel will be available. *See Ex Parte Motion for Protective Order* [ECF No. 1522]. As a result, the Debtors have received *no* discovery into the purported factual basis for the Dismissal Motion currently calendared for Tuesday, June 27, 2023.

5.      In addition, Mr. Owoc's counsel has represented that they will assert at the Tuesday hearing that they require (yet-to-be-served) discovery in order to prosecute Mr. Owoc's Dismissal Motion and that they are not prepared to proceed with an evidentiary hearing on that date.

6.      Debtors' counsel has tried strenuously to resolve these disputes and related scheduling issues, including as follows:

- The Debtors suggested resolving the DocuSign Motion by providing to Mr. Owoc copies of the transmission details supplied by the e-signature platform for the written consents Mr. Owoc electronically signed. Mr. Owoc's counsel has ignored this offer, and otherwise declined to engage.

- The Debtors have suggested moving the hearing on the Dismissal Motion to Friday, June 30, to provide sufficient time for the discovery served by Debtors. Mr. Owoc's counsel have stated that Mr. Owoc is unavailable on June 30, despite that date having previously been set for the hearing on the sale of the Debtors' assets—the very thing about which Mr. Owoc professes to be most concerned.

7.      As a result, the Debtors have received no responsive documents, are unable to take the deposition of Mr. Owoc on Monday, will be told that Mr. Owoc cannot proceed on Tuesday (except perhaps for the Quashal Motion that should be consensually resolved), have no commitment as to any day this week (or ever) on which Mr. Owoc will appear for his deposition, and must return on Thursday to argue a lift-stay motion that will be mooted by passage of time.

The foregoing is a gross waste of estate resources, occasioned by the combination of Mr. Owoc's extraordinary filings and his counsel's sustained effort to avoid scheduling their proper resolution.

8. The Debtors and the Committee therefore respectfully request that the Court continue, fix, and consolidate hearing dates to permit the Debtors and the Committee to use their, and this Court's, time efficiently. Specifically, the Debtors request that all of the Owoc Litigation Matters be adjourned from Tuesday, June 27, and Thursday, June 29, and set for hearing on Friday, June 30, subject to the Court's availability. Such consolidation will permit the Debtors, the Committee, the Court, Owoc, and all stakeholders to use their time most efficiently to resolve the Owoc Litigation Matters, including by providing additional time for Mr. Owoc to produce responsive documents (or confirm he has none) and sit for deposition in advance of the hearing. While Mr. Owoc may respond that he is unavailable on June 30, it is his refusal to engage in court-ordered discovery in advance of hearing dates set for an expedited schedule at his request that has necessitated this request, and Mr. Owoc should not now be permitted to cause further delay and obstruction by avoiding hearings on disputes he fomented and then avoided.

For the reasons set forth above, the Debtors respectfully request that the Court (a) issue a notice of evidentiary hearing in connection with the Dismissal Motion for **June 30, 2023, at 10:00 a.m.**, or upon the Court's soonest availability thereafter; (b) set the remaining Owoc Litigation Matters for hearing on the date set for the Dismissal Motion; and (c) require Mr. Owoc to produce responsive documents and sit for deposition in respect of the Dismissal Motion no later than **Wednesday, June 28, at 1:00 p.m**.

12230907-1

<table>
<tr><td>

Dated: June 26, 2023
       Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

</td><td>

Respectfully submitted,

*/s/ Jordi Guso*
_____
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
       mniles@bergersingerman.com

</td></tr>
</table>

*Co-Counsel for Debtors*

5

12230907-1