**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

|  |  |
|---|---|
| In re: | Case No.: 22-17842-PDR |
| VITAL PHARMACEUTICALS, INC., *et al.*[1], | Chapter 11 |
|  | (Jointly Administered) |

_____/

### CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S FIRST SET OF INTERROGATORIES TO DEBTORS IN CONNECTION WITH HIS EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF DEBTOR JHO REAL ESTATE INVESTMENT, LLC

Creditor and Interested Party, John H. Owoc ("Mr. Owoc"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure, hereby requests that Debtors Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc. (the "Debtors") respond to the interrogatories in the attached **Exhibit A** (the "Interrogatory Requests") in connection with Mr. Owoc's *Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [D.E. 1466] ("Motion to Dismiss").

Mr. Owoc requested that the Motion to Dismiss be heard on an emergency basis which the Court has set for hearing on June 27, 2023, at 1:30 p.m. Due to scheduling conflicts among the parties, this hearing is likely to be continued to a date in the near future. As such, Mr. Owoc requests that the Debtors respond to the Interrogatories no later than June 29, 2023, at 12:00 p.m.,

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

and that such responses be produced to Mr. Owoc's counsel at the offices of **Conrad & Scherer, LLP, c/o Irwin R. Gilbert, Esq., 633 South Federal Highway, Suite 800, Fort Lauderdale, FL 33301**.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on June 26, 2023, the foregoing was served by electronic transmission upon all parties on the below Service List.

By: <u>/s/ *Irwin R. Gilbert*</u>
Irwin R. Gilbert

<u>**SERVICE LIST**</u>

BERGER SINGERMAN LLP
Counsel for Debtors
Jordi Guso, Esq.
Email: jguso@bergersingerman.com

LATHAM & WATKINS LLP
Counsel for Debtors
Andrew D. Sorkin, Esq. (admitted *pro hac vice*)
Hugh Murtagh, Esq. admitted *pro hac vice*)
Whit Morley, Esq. (admitted *pro hac vice*)
George A. Davis, Esq. (admitted *pro hac vice*)
Tianjiao ("TJ") Li, Esq. (admitted *pro hac vice*)
Brian S. Rosen, Esq. (admitted *pro hac vice*)
Jonathan J. Weichselbaum, Esq. (admitted *pro hac vice*)
Email: george.davis@lw.com
tj.li@lw.com
brian.rosen@lw.com
jon.weichselbaum@lw.com
andrew.sorkin@lw.com
whit.morley@lw.com
hugh.murtagh@law.com

# EXHIBIT A

## INTERROGATORY REQUESTS

### Definitions

The following definitions and instructions apply to these Requests for documents and to

the responses to the Requests:

A.      "Board" means, collectively, the board of directors for each Debtor, as applicable, including any and all current or former board members, including, but not limited to, Mr. Owoc, Robert Dickinson, Guillermo Escalante, Stephen Gray, Eric Hillman, and Steve Panagos.

B.      "Chapter 11 Cases" means the Chapter 11 cases of the Debtors pending in the Southern District of Florida Bankruptcy Court under Case Nos. 22-17842 (Vital Pharmaceuticals, Inc.), 22-17844 (Bang Energy Canada, Inc.), 22-17845 (JHO Intellectual Property Holdings, LLC), 22-17847 (JHO Real Estate Investment, LLC), 22-17848 (Quash Seltzer, LLC), 22-17849 (Rainbow Unicorn Bev LLC), and 22-17850 (Vital Pharmaceuticals International Sales, Inc.).

C.      "Debtor" or "You" (individually) and "Debtors" or "Your" (collectively) means any or all of the following: Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. including any or all of their past or present employees, board of directors, board members, partners, agents, representatives, officers, attorneys, or other persons or entities to the extent they are acting or purporting to act for or on their behalf.[2]

D.      "Document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and Rules 2004 and 7034 of the Federal Rules of Bankruptcy Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, phonorecords, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic or other format(s)), audit workpapers (whether in paper, database, electronic or other format(s)), books, books of account, account statements, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk

---

[2]  Past and present employees acting on behalf of the Debtors include, but are not limited to, the following: Stephanie Ash, Lourdes Barsky, Gene Bukovi, Julian Cheny, Kathleen Cole, Maria Deleon, Gordon Eckhouse, Marissa Garcia, Thomas Garrigan, Michelle Gardner, Hal Gerson, Daisy Grunewald, Sikander Khan, Liangxi Li, Frank Massabki, Gregg Metzger, Viviana Muci, Rick Oberhofer, Estefiana Ortiz, Mr. Owoc, Sacha Penoucos, Esther Polanco, Allison Rincon, Gregg Robbins, Sury Rodriguez, Christina Weronik.

calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, and sheets or things similar to any of the foregoing however denominated.  The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism.  The term "document" further means any document now or at any time in the possession, custody, or control of the entity to which this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from professional firms.

E.      "JHO Bankruptcy" means the Chapter 11 Bankruptcy of JHO Real Estate pending in the Southern District of Florida Bankruptcy Court under Case No. 22-17847.

F.      "JHO Petition" means the Voluntary Petition for Chapter 11 Bankruptcy filed on behalf of JHO Real Estate Investment, LLC, as signed by John DiDonato in his purported capacity as Chief Transformation Officer and attorney Jordi Guso of Berger Singerman on or about October 10, 2022.

G.      "JHO Real Estate" means JHO Real Estate Investment, LLC.

H.      "Local Rule 9011-1" means the Southern District of Florida Bankruptcy Court's Local Rule 9011-1 and includes all of its subparts.

I.      "Motion to Dismiss" means *Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [D.E. 1466].

J.      "Mr. Owoc" means John H. Owoc a/k/a Jack Owoc.

K.      "Petition date" means October 10, 2022.

L.      "Referring to" or "relating to" means concerning, evidencing, describing, constituting, mentioning, pertaining to or discussing.

M.      "Written Consent" means the Written Consent of Sole Member and Sole Manager of JHO Real Estate Investment, LLC affixed to the JHO Petition purportedly signed by Mr. Owoc dated October 8, 2022.

A.    Whenever the name of any individual or corporate entity is used, the same shall be taken to include all persons, corporations, or other entities to the extent known to You which are controlled, controlling or under common control with such individual or corporation.

B.    The use of the singular includes the plural and vice versa.

C.    In no instance shall the term "including" be construed to limit the scope of any Request.

## Interrogatory Requests

1.   With respect to the JHO Bankruptcy, identify the person(s) who you will contend communicated the information to Mr. Owoc that complied with the requirements of Local Rule 9011-1(C)(2), specifically the "substance and purpose" of the JHO Bankruptcy, prior to the filing of the JHO Petition.

2.   With respect to the JHO Bankruptcy, identify the Documents delivered to Mr. Owoc that you will contend satisfied the requirements of Local Rule 9011-1(C)(2), specifically the "substance and purpose" of the JHO Bankruptcy, prior to the filing of the JHO Petition.

3.   With respect to the Written Consent which was purportedly digitally executed by Mr. Owoc that transferred management of JHO Real Estate to John DiDonato, was at least one of the reasons for this transfer to permit John DiDonato to authorize the filing of the JHO Petition on behalf of JHO Real Estate?

4.   With respect to the Written Consent which was purportedly signed digitally by Mr. Owoc that gave authority to John DiDonato to authorize the filing of the JHO Bankruptcy, identify the person who communicated with Mr. Owoc the reasons, substance, and purpose(s) for the Written Consent.

5.   Identify the Documents delivered to Mr. Owoc in connection with obtaining a purported digital signature on the Written Consent giving John DiDonato authority to act for JHO Real Estate.