UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*[1],

_____/

Case No.: 22-17842-PDR
Chapter 11
(Jointly Administered)

**CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTORS IN CONNECTION WITH HIS EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF DEBTOR JHO REAL ESTATE INVESTMENT, LLC**

Creditor and Interested Party, John H. Owoc ("Mr. Owoc"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, hereby requests that Debtors Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc. (the "Debtors") produce the documents, electronically stored information, or objects described and requested in the attached **Exhibit A** (the "Requests") in connection with Mr. Owoc's *Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [D.E. 1466] ("Motion to Dismiss").

Mr. Owoc requested that the Motion to Dismiss be heard on an emergency basis which the Court has set for hearing on June 27, 2023, at 1:30 p.m. Due to scheduling conflicts among the parties, this hearing is likely to be continued to a date in the near future. As such, Mr. Owoc requests that the Debtors produce documents responsive to the Requests no later than June 29,

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

2023, at 12:00 p.m., and that such documents be produced to Mr. Owoc's counsel at the offices of

**Conrad & Scherer, LLP, c/o Irwin R. Gilbert, Esq., 633 South Federal Highway, Suite 800, Fort Lauderdale, FL 33301**.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 26, 2023, the foregoing was served by electronic transmission upon all parties on the below Service List.

By: /s/ *Irwin R. Gilbert*
Irwin R. Gilbert

## SERVICE LIST

BERGER SINGERMAN LLP
Counsel for Debtors
Jordi Guso, Esq.
Email: jguso@bergersingerman.com

LATHAM & WATKINS LLP
Counsel for Debtors
Andrew D. Sorkin, Esq. (admitted *pro hac vice*)
Hugh Murtagh, Esq. admitted *pro hac vice*)
Whit Morley, Esq. (admitted *pro hac vice*)
George A. Davis, Esq. (admitted *pro hac vice*)
Tianjiao ("TJ") Li, Esq. (admitted *pro hac vice*)
Brian S. Rosen, Esq. (admitted *pro hac vice*)
Jonathan J. Weichselbaum, Esq. (admitted *pro hac vice*)
Email: george.davis@lw.com
tj.li@lw.com
brian.rosen@lw.com
jon.weichselbaum@lw.com
andrew.sorkin@lw.com
whit.morley@lw.com
hugh.murtagh@law.com

# EXHIBIT A

# REQUESTS FOR PRODUCTION OF DOCUMENTS

## Definitions

The following definitions and instructions apply to these Requests for documents and to the responses to the Requests:

A. "Board" means, collectively, the board of directors for each Debtor, as applicable, including any and all current or former board members, including, but not limited to, Mr. Owoc, Robert Dickinson, Guillermo Escalante, Stephen Gray, Eric Hillman, and Steve Panagos.

B. "Chapter 11 Cases" means the Chapter 11 cases of the Debtors pending in the Southern District of Florida Bankruptcy Court under Case Nos. 22-17842 (Vital Pharmaceuticals, Inc.), 22-17844 (Bang Energy Canada, Inc.), 22-17845 (JHO Intellectual Property Holdings, LLC), 22-17847 (JHO Real Estate Investment, LLC), 22-17848 (Quash Seltzer, LLC), 22-17849 (Rainbow Unicorn Bev LLC), and 22-17850 (Vital Pharmaceuticals International Sales, Inc.).

C. "Debtor" or "You" (individually) and "Debtors" or "Your" (collectively) means any or all of the following: Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. including any or all of their past or present employees, board of directors, board members, partners, agents, representatives, officers, attorneys, or other persons or entities to the extent they are acting or purporting to act for or on their behalf.[2]

D. "Document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and Rules 2004 and 7034 of the Federal Rules of Bankruptcy Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, phonorecords, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic

---

[2] Past and present employees acting on behalf of the Debtors include, but are not limited to, the following: Stephanie Ash, Lourdes Barsky, Gene Bukovi, Julian Cheny, Kathleen Cole, Maria Deleon, Gordon Eckhouse, Marissa Garcia, Thomas Garrigan, Michelle Gardner, Hal Gerson, Daisy Grunewald, Sikander Khan, Liangxi Li, Frank Massabki, Gregg Metzger, Viviana Muci, Rick Oberhofer, Estefiana Ortiz, Mr. Owoc, Sacha Penoucos, Esther Polanco, Allison Rincon, Gregg Robbins, Sury Rodriguez, Christina Weronik.

3

or other format(s)), audit workpapers (whether in paper, database, electronic or other format(s)), books, books of account, account statements, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, and sheets or things similar to any of the foregoing however denominated.  The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism.  The term "document" further means any document now or at any time in the possession, custody, or control of the entity to which this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from professional firms.

      E.      "Financial Documents" means financial statements, bank statements, balance sheets, income statements, daily sales reports, general ledgers, journals, cash disbursements reports, check registers, agings and any and all other Documents relating to the Debtors' financial condition.

      F.      "JHO Bankruptcy" means the Chapter 11 Bankruptcy of JHO Real Estate pending in the Southern District of Florida Bankruptcy Court under Case No. 22-17847.

      G.      "JHO Petition" means the Voluntary Petition for Chapter 11 Bankruptcy filed on behalf of JHO Real Estate Investment, LLC, as signed by John DiDonato in his purported capacity as Chief Transformation Officer and attorney Jordi Guso of Berger Singerman on or about October 10, 2022.

      H.      "JHO Real Estate" means JHO Real Estate Investment, LLC.

      I.      "Local Rule 9011-1" means the Southern District of Florida Bankruptcy Court's Local Rule 9011-1 and includes all of its subparts.

      J.      "Motion to Dismiss" means *Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [D.E. 1466].

      K.      "Mr. Owoc" means John H. Owoc a/k/a Jack Owoc.

      L.      "Petition date" means October 10, 2022.

M.  "Phoenix Facility" means the warehouse and/or manufacturing facility and includes, but is not limited to, its equipment, fixtures, computer equipment, machinery, raw materials, finished goods, supplies, other inventory, and all other tangible property.

N.  "Property" means 1635 S. 43rd Ave., Phoenix, AZ 85009.

O.  "Referring to" or "relating to" means concerning, evidencing, describing, constituting, mentioning, pertaining to or discussing.

P.  "Tax Returns" means all U.S. state and federal income tax returns filed by the JHO Real Estate for 2020, 2021, and 2022 or any extensions of time for any of those tax years.

Q.  "Written Consent" means the Written Consent of Sole Member and Sole Manager of JHO Real Estate Investment, LLC affixed to the JHO Petition purportedly signed by Mr. Owoc dated October 8, 2022.

R.  Whenever the name of any individual or corporate entity is used, the same shall be taken to include all persons, corporations, or other entities to the extent known to You which are controlled, controlling or under common control with such individual or corporation.

S.  The use of the singular includes the plural and vice versa.

T.  In no instance shall the term "including" be construed to limit the scope of any Request.

## Instructions

1.  In producing the requested Documents, You are required to produce all Documents in your possession, custody or control or within the possession, custody or control of any of Your officers, directors, employees, managers, agents, attorneys, accountants, consultants, investment bankers, financial advisors, representatives, or any other party who upon Your request, would surrender possession, custody or control to You.

2.  You are to produce the requested Documents in the manner that they are maintained in the usual course of business, or organized and labeled to correspond with categories in the Requests.

3.  With respect to any Document withheld from production based on a claim of privilege, immunity or other basis, you should provide the following information: (a) the date of the Document; (b) the title of the Document; (c) the type of Document; (d) the name of its author(s)

5

or preparer(s); (e) the name of each person to whom the Document was addressed or sent or who received, viewed or has custody of the Document; (f) the general subject matter of the Document; and (g) the claim of privilege under which the Document is withheld.

4.  With respect to any Document responsive to these Requests that is known to have existed and cannot now be located, or has been destroyed or discarded, You should describe the circumstances surrounding such loss, destruction or discarding, including the following information: (a) a description of the Document, including its date, author(s), addressee(s), recipient(s), and subject matter; (b) its last known custodian; (c) the date and the manner of, and reasons for, the loss, destruction or discarding of the Document; (d) the person(s) authorizing and/or carrying out the destruction or discarding of the Document.

5.  The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

6.  If you object to any Request or any part of a Request, You should state the objection and specify the ground(s) for the objection.

7.  Each Document Request shall be construed independently and not with reference to any other Document Request for the purpose of limitation.

8.  Unless otherwise specified in the Document Request, each Request is limited to the period from August 19, 2019, to the present.

9.  These Requests are continuing in nature and require the supplemental production of Documents if, after producing the requested Documents, you obtain or discover additional responsive Documents. Such supplemental production of Documents should be served within ten (10) days after you discover or learn of the existence of such additional responsive Documents.

**Requests**

1.  All Documents identified in your response to Mr. Owoc's First Request for Interrogatories in connection with the Motion to Dismiss served on June 23, 2023.

2.  The minutes for all meetings of the Board and/or managing members of the Debtors between September 10, 2022, and October 11, 2022, including, but not limited to, minutes for all committee meetings, agendas for all meetings, presentation materials for all meetings, and ratifications of the minutes for all meetings, where Mr. Owoc is shown to be in attendance, in which you contend the substance and purpose for JHO Real Estate filing for bankruptcy is discussed or memorialized pursuant to Local Rule 9011-1(C)(2).

3.  The minutes for all meetings of the managing members of JHO Real Estate between September 10, 2022 and October 11, 2022, including, but not limited to, minutes for all committee meetings, agendas for all meetings, presentation materials for all meetings, and ratifications of the minutes for all meetings, where Mr. Owoc is shown to be in attendance, that refer to a filing of the JHO Petition.

4.  All Documents, including communications, relating to any consents, authorizations, ratifications, and approvals relating to the filing of the JHO Petition.

5.  All Documents, including notes, memoranda, minutes, communications, and other records that describe filing a petition for Chapter 11 Bankruptcy on behalf of JHO Real Estate.

6.  All Documents and communications, including, but not limited to, all Financial Documents relating to JHO Real Estate's financial condition, operations, solvency or ability to timely pay its debts as of the date of the JHO Petition.

7. All Documents, including communications, relating to the value (regardless of the manner or form of valuation) of the Phoenix Facility, including, but not limited to, any valuations or appraisals done.

8. All Documents, including, but not limited to, communications and current files relating to any litigation or other action involving JHO Real Estate.

9. All Documents, including communications, relating to any liabilities of the Debtors to JHO Real Estate or liabilities of JHO Real Estate to the Debtors.

10. The Tax Returns for JHO Real Estate.

11. All Documents, including communications, relating to any rents paid, owed, or accrued by JHO Real Estate for 2019, 2020, 2021 and 2022 to Mr. Owoc and/or Megan Owoc.