# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

           Debtors.

_____/

Case No.: 22-17842-PDR

Chapter 11
(Jointly Administered)

**FIRST REQUEST FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "***Federal Rules***"), made applicable here by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), John H. Owoc ("***Mr. Owoc***") requests Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "***Debtors***"), produce documents specified in the requests below (the "***Requests***") in connection with Debtors' Expedited Motion to Approve Compromise Between (i) the Debtors, (ii) Monster Energy Company, (iii) Monster Beverage Corporation, (iv) Orange Bang, Inc. (v) the Committee, and (vi) the Supporting Lenders (ECF No. 1548) (the "***Motion***") and the related sale transaction contemplated by such Motion by and among the Debtors and Blast Asset Acquisition, LLC (ECF No. 1546). Mr. Owoc also requests that Debtors produce the requested documents no later than July 5, 2023, at 4:00 p.m. Eastern Time, and that such documents be produced to Mr. Owoc's counsel of record at the offices of Phang & Feldman, P.A., Attn.: Jonathan S. Feldman, Esq. (Feldman@katiephang.com; service@katiephang.com), One Biscayne Tower, Suite 1600, 2 S. Biscayne Boulevard, Miami, Florida 33131, or as otherwise

Phang | Feldman

**One Biscayne Tower | Suite 1600 | 2 S. Biscayne Boulevard | Miami, FL  33131**
**T: (305) 614-1223 | (F): (305) 614-1187 |** www.katiephang.com **| feldman@katiephang.com**

agreed to by the parties.[1]

# DEFINITIONS

All terms not otherwise defined shall have their ordinary and common meanings. Capitalized terms used but not herein defined have the meanings ascribed to them by the Motion to Dismiss. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1. The term "CHAPTER 11 CASES" shall refer to Case Number 22-17847-PDR in the United States Bankruptcy Court for the Southern District of Florida and its related cases.

2. The term "DEBTORS" shall refer to Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc.

3. The term "COMMITTEE" shall refer to the Official Committee of Unsecured Creditors in the Chapter 11 Cases.

4. The term "DIP LENDERS" shall have the same meaning given to such term in the DIP Order.

5. "DIP ORDER" means the *Final Order (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority*

---

[1] Concurrently with the service of these Requests, Mr. Owoc has filed a motion pursuant to Local Rule 9013- 1(C)(7) requesting that the Court shorten the time for responding to the Requests such that documents responsive to the Requests be produced on or before July 5, 2023 at 4:30 p.m. Eastern.

*Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* (ECF No. 638).

6. The term "MONSTER" shall, collectively, refer to Monster Energy Company, a Delaware corporation ("MEC") and Monster Beverage Corporation, a Delaware corporation ("MBC") and any affiliates of the foregoing.

7. The terms "DOCUMENT" or "DOCUMENTS" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure, and shall include, without limitation, any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including, without limitation, originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

8. The term "JHO PETITION" shall refer to the Voluntary Petition for Non-

Phang Feldman

**One Biscayne Tower | Suite 1600 | 2 S. Biscayne Boulevard | Miami, FL  33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

Individuals Filing for Bankruptcy filed by or on behalf of JHO Real Estate Investment, LLC on or about October 10, 2022.

      9.      The terms "PERSON" or "PERSONS" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, associations, and/or any parent, subsidiary, division, department, or affiliate thereof.

      10.      The term "RELATING TO" shall mean relating to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, constituting, in connection with, or corresponding to (in whole or in part, as context may require).

## **INSTRUCTIONS**

The following instructions, which incorporate the foregoing definitions, are applicable to all Requests, unless otherwise specified:

      1.      The foregoing definitions and any terms used in the Requests should be construed and applied sensibly to conform to the subject matter of the Requests below, so that each Request is interpreted reasonably and as broadly as possible. Whenever appropriate, the singular form of a word shall be interpreted in the plural form and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and words in the masculine, feminine, or neutral form shall include each of the other genders. Additionally, the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any responses that might otherwise be construed to be outside their scope. Unless

specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2. YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR directors, officers, employees, agents, representatives, associates, affiliates, attorneys, investigators, partnerships, parents, or subsidiaries, and any other PERSONS under YOUR control. If, after a reasonable and diligent search, YOU discover that YOU do not have any DOCUMENTS responsive to a particular Request in YOUR possession, custody, or control, YOU must state whether YOUR inability to produce responsive DOCUMENTS is because the DOCUMENTS never existed, were destroyed, were lost, misplaced, or stolen, and/or never were (or are no longer) in YOUR possession custody, or control. YOU must also state the name and contact information of any PERSON or organization known or believed by YOU to have possession, custody or control of the DOCUMENTS that are not in YOUR possession, custody, or control.

3. In the event that any DOCUMENT sought by these Requests has been destroyed or discarded (or otherwise no longer exists), that DOCUMENT shall be identified.

4. If YOU object to any part of a Request, YOU are required to set forth the specific basis for YOUR objection and respond to all parts of the Request to which YOU do not object, including through a partial production of DOCUMENTS in response to the parts of the Request that are not objectionable.

5. If YOU withhold any DOCUMENTS on the basis of any asserted privilege or

immunity, you must provide a log that states for each DOCUMENT:

    a. The date of the DOCUMENT;

    b. The author(s) of the DOCUMENT;

    c. Any recipient(s) of the DOCUMENT;

    d. The subject matter of the DOCUMENT (described in a manner that will not reveal the privileged or protected information);

    e. The basis of the privilege asserted; and

    f. Any additional facts upon which YOU base YOUR claim of privilege or immunity.

6. If YOU cannot respond to any Request in full, respond to that Request as completely as possible and describe in detail all reasons for YOUR inability or failure to respond completely. If, in responding to any Request, YOU encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous, and the construction used in responding.

7. YOUR obligation to comply with these Requests is continuing. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, as made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, YOU are required to supplement or correct YOUR responses if YOU learn that YOUR responses are incomplete or incorrect in any material respect.

8. All DOCUMENTS that respond, in whole or in part, to any portion of any Request shall be produced in their entirety, including all attachments, enclosures, and metadata.

9. All DOCUMENTS shall be produced in the order in which they are kept in the

Phang Feldman

**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL 33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

usual course of business, and shall be produced in their original folders, binders, covers, or containers (or photocopies thereof), and with their original metadata.

10. Electronic records and computerized information must be produced in their native electronic format (meaning the default format of a data file created by its associated software program) together with all metadata, unless such documents can be produced in another appropriate and useable manner without loss of any functionality, metadata or other information associated with the document in the way it was kept in the ordinary course of business.

11. Besides electronic records, documents shall be produced as a PDF with optical character recognition, or in another format agreed upon by the parties.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Communications with the Federal Trade Commission relating to any proposed sale of the Debtors' assets.

**REQUEST NO. 2:**

Communications with the Committee relating to any proposed sale of the Debtors' assets.

**REQUEST NO. 3:**

Communications with any third-party expressing an interest to purchase the Debtors' assets.

**REQUEST NO. 4:**

Communications with Monster relating to the purchase of the Debtors' assets.

**REQUEST NO. 5:**

Communications with the DIP Lender relating to the sale of the Debtors' assets.

**REQUEST NO. 6:**

Communications with the DIP Lenders relating to the extension of the maturity date of any loan made by the DIP Lender to the Debtors.

**REQUEST NO. 7:**

Communications relating to the qualification of any party that has expressed an interest to acquire the Debtors' assets.

Dated: June 30, 2023	Respectfully submitted,

           PHANG & FELDMAN, P.A.
           *Attorneys for John H. Owoc, Megan Owoc,*
           *Elite Island, LLC and Entourage IP Holding, LLC*
           2 S. Biscayne Boulevard, Suite 1600
           One Biscayne Tower
           Miami, Florida 33131
           Telephone: (305) 614-1223

           */s/ Jonathan S. Feldman*
           Jonathan S. Feldman (12682)
           feldman@katiephang.com
           service@katiephang.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case.

           */s/ Jonathan S. Feldman*
           Jonathan S. Feldman (12682)
           feldman@katiephang.com
           service@katiephang.com

