# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| In Re. Vital Pharmaceuticals, Inc. | § | Case No. 22-17842 |
| | § | |
| | § | Lead Case No. 22-17842 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report
Chapter 11

Reporting Period Ended: 05/31/2023          Petition Date: 10/10/2022

Months Pending: 8          Industry Classification: 3 1 2 1

Reporting Method:          Accrual Basis ◉          Cash Basis ○

Debtor's Full-Time Employees (current):          841

Debtor's Full-Time Employees (as of date of order for relief):          1,081

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☒ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☒ Statement of operations (profit or loss statement)
☒ Accounts receivable aging
☒ Postpetition liabilities aging
☐ Statement of capital assets
☒ Schedule of payments to professionals
☒ Schedule of payments to insiders
☒ All bank statements and bank reconciliations for the reporting period
☒ Description of the assets sold or transferred and the terms of the sale or transfer

| | |
|---|---|
| /s/ Jordi Guso | Jordi Guso |
| Signature of Responsible Party | Printed Name of Responsible Party |
| 06/30/2023 | |
| Date | 1450 Brickell Avenue, Suite 1900 |
| | Miami, FL 33131 |
| | Address |

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)          1

Debtor's Name  Vital Pharmaceuticals, Inc.                                      Case No.  22-17842

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $10,839,427 | |
| b.  Total receipts (net of transfers between accounts) | $44,450,145 | $281,850,493 |
| c.  Total disbursements (net of transfers between accounts) | $42,521,502 | $278,858,660 |
| d.  Cash balance end of month (a+b-c) | $12,768,069 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $42,521,502 | $278,858,660 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $18,567,517 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $1,315,861 | |
| c.  Inventory      (Book ⦿  Market ○  Other ○  (attach explanation)) | $36,311,627 | |
| d   Total current assets | $84,585,842 | |
| e.  Total assets | $571,861,017 | |
| f.  Postpetition payables (excluding taxes) | $353,996,937 | |
| g.  Postpetition payables past due (excluding taxes) | $9,175,868 | |
| h.  Postpetition taxes payable | $125,189 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $354,122,127 | |
| k.  Prepetition secured debt | $53,531,501 | |
| l.  Prepetition priority debt | $270,616 | |
| m.  Prepetition unsecured debt | $762,750,570 | |
| n.  Total liabilities (debt) (j+k+l+m) | $1,170,674,814 | |
| o.  Ending equity/net worth (e-n) | $-598,813,796 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $1,900,614 | $6,126,046 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $638,309 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $1,900,614 | $5,487,737 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $19,653,094 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $13,083,492 | |
| c.  Gross profit (a-b) | $6,569,602 | |
| d.  Selling expenses | $9,133,341 | |
| e.  General and administrative expenses | $5,148,449 | |
| f.  Other expenses | $12,043,112 | |
| g.  Depreciation and/or amortization (not included in 4b) | $2,068,379 | |
| h.  Interest | $4,395,415 | |
| i.  Taxes (local, state, and federal) | $246,737 | |
| j.  Reorganization items | $5,139,962 | |
| k.  Profit (loss) | $-31,605,791 | $-483,170,626 |

Debtor's Name  Vital Pharmaceuticals, Inc.                                          Case No.  22-17842

| Part 5:  Professional Fees and Expenses | | | | | |
|---|---|---|---|---|---|
| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | | | $4,862,059 | $14,861,072 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Rothschild & Co | Other | | | $219,373 | $2,410,076 |
| ii | Latham & Watkins | Lead Counsel | | | $2,288,849 | $6,723,871 |
| iii | Stretto | Other | | | $230,974 | $640,117 |
| iv | Grant Thornton | Other | | | $394,175 | $459,175 |
| v | Berger Singerman | Local Counsel | | | $253,142 | $672,139 |
| vi | U.S. Dept. of Justice | Other | | | $0 | $250,250 |
| vii | Huron Consulting Group, Inc. | Financial Professional | | | $1,475,546 | $3,705,444 |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |

Debtor's Name  Vital Pharmaceuticals, Inc.                                        Case No.  22-17842

| | | | | | | |
|---|---|---|---|---|---|---|
| xxxvii | | | | | | |
| xxxvii | | | | | | |
| xxxix | | | | | | |
| xl | | | | | | |
| xli | | | | | | |
| xlii | | | | | | |
| xliii | | | | | | |
| xliv | | | | | | |
| xlv | | | | | | |
| xlvi | | | | | | |
| xlvii | | | | | | |
| xlviii | | | | | | |
| xlix | | | | | | |
| l | | | | | | |
| li | | | | | | |
| lii | | | | | | |
| liii | | | | | | |
| liv | | | | | | |
| lv | | | | | | |
| lvi | | | | | | |
| lvii | | | | | | |
| lviii | | | | | | |
| lix | | | | | | |
| lx | | | | | | |
| lxi | | | | | | |
| lxii | | | | | | |
| lxiii | | | | | | |
| lxiv | | | | | | |
| lxv | | | | | | |
| lxvi | | | | | | |
| lxvii | | | | | | |
| lxviii | | | | | | |
| lxix | | | | | | |
| lxx | | | | | | |
| lxxi | | | | | | |
| lxxii | | | | | | |
| lxxiii | | | | | | |
| lxxiv | | | | | | |
| lxxv | | | | | | |
| lxxvi | | | | | | |
| lxxvii | | | | | | |
| lxxvii | | | | | | |

Debtor's Name Vital Pharmaceuticals, Inc.                                          Case No.  22-17842

| | | | | | | |
|---|---|---|---|---|---|---|
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $1,100,827 | $1,470,437 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Kramer & Armado | Other | $0 | $0 | $0 | $6,103 |
| ii | Law Offices of Olaf J. Muller | Other | $0 | $0 | $0 | $385 |
| iii | Guillermo Escalante | Other | $0 | $0 | $0 | $13,838 |
| iv | Post & Schell P.C. | Other | $0 | $0 | $0 | $160 |
| v | Haynes and Boone, LLP | Other | $0 | $0 | $0 | $349,125 |
| vi | Quarles & Brady LLP | Other | $0 | | $1,100,827 | $1,100,827 |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |

Debtor's Name  Vital Pharmaceuticals, Inc.                                          Case No.  22-17842

| | | | | | | |
|---|---|---|---|---|---|---|
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |
| xxxvii | | | | | | |
| xxxvii | | | | | | |
| xxxix | | | | | | |
| xl | | | | | | |
| xli | | | | | | |
| xlii | | | | | | |
| xliii | | | | | | |
| xliv | | | | | | |
| xlv | | | | | | |
| xlvi | | | | | | |
| xlvii | | | | | | |
| xlviii | | | | | | |
| xlix | | | | | | |
| l | | | | | | |
| li | | | | | | |
| lii | | | | | | |
| liii | | | | | | |
| liv | | | | | | |
| lv | | | | | | |
| lvi | | | | | | |

Debtor's Name  Vital Pharmaceuticals, Inc.                    Case No.  22-17842

| | | | | | | |
|---|---|---|---|---|---|---|
| lvii | | | | | | |
| lviii | | | | | | |
| lix | | | | | | |
| lx | | | | | | |
| lxi | | | | | | |
| lxii | | | | | | |
| lxiii | | | | | | |
| lxiv | | | | | | |
| lxv | | | | | | |
| lxvi | | | | | | |
| lxvii | | | | | | |
| lxviii | | | | | | |
| lxix | | | | | | |
| lxx | | | | | | |
| lxxi | | | | | | |
| lxxii | | | | | | |
| lxxiii | | | | | | |
| lxxiv | | | | | | |
| lxxv | | | | | | |
| lxxvi | | | | | | |
| lxxvii | | | | | | |
| lxxvii | | | | | | |
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |

Debtor's Name  Vital Pharmaceuticals, Inc.                                   Case No.  22-17842

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | $0 | $0 | $9,231,014 | $25,715,228 |

| Part 6: Postpetition Taxes | Current Month | Cumulative |
|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $254,312 | $1,437,330 |
| d. | Postpetition employer payroll taxes paid | $421,720 | $3,509,086 |
| e. | Postpetition property taxes paid | $0 | $562,414 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $131,923 | $1,320,223 |
| g. | Postpetition other taxes paid (local, state, and federal) | $22,291 | $362,489 |

**Part 7: Questionnaire - During this reporting period:**

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ● No ○ | |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ○ No ● | |
| c. | Were any payments made to or on behalf of insiders? | Yes ● No ○ | |
| d. | Are you current on postpetition tax return filings? | Yes ● No ○ | |
| e. | Are you current on postpetition estimated tax payments? | Yes ● No ○ | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ● No ○ | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ● No ○ | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○ No ● N/A ○ | |
| i. | Do you have:         Worker's compensation insurance? | Yes ● No ○ | |
| | If yes, are your premiums current? | Yes ● No ○ N/A ○ | (if no, see Instructions) |
| | Casualty/property insurance? | Yes ● No ○ | |
| | If yes, are your premiums current? | Yes ● No ○ N/A ○ | (if no, see Instructions) |
| | General liability insurance? | Yes ● No ○ | |
| | If yes, are your premiums current? | Yes ● No ○ N/A ○ | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ○ No ● | |
| k. | Has a disclosure statement been filed with the court? | Yes ○ No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ● No ○ | |

Debtor's Name  Vital Pharmaceuticals, Inc.                                                                Case No.  22-17842

| **Part 8: Individual Chapter 11 Debtors (Only)** | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records."  *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ Abhimanyu Gupta                                                          Abhimanyu Gupta
Signature of Responsible Party                                               Printed Name of Responsible Party

Deputy Chief Transformation Officer                                          06/30/2023
Title                                                                        Date

Debtor's Name  Vital Pharmaceuticals, Inc.                                    Case No.  22-17842



PageOnePartOne

PageOnePartTwo



PageTwoPartOne



PageTwoPartTwo

Debtor's Name  Vital Pharmaceuticals, Inc.                                    Case No.  22-17842



Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name  Vital Pharmaceuticals, Inc.                                    Case No.  22-17842



PageThree



PageFour

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERALE DIVISION**

In re: Vital Pharmaceuticals, Inc.

**Case No. 22-17842 (PDR)**
**Reporting Period: 05/01/2023 through 05/31/2023**

**MONTHLY OPERATING REPORT**
**For the Period of:**
**May 01, 2023 through May 31, 2023**

**DISCLAIMERS REGARDING THE DEBTORS' MONTHLY OPERATING REPORTS**

On October 10, 2022 (the "Petition Date"), each of (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc. (each, a "Debtor", and, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "Chapter 11 Cases"). The Debtors' have been assigned the above-referenced case numbers and the Chapter 11 Cases are being jointly administered under lead Case No. 22-17842-PDR. The Debtors are currently operating their business as debtors-in-possession. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Monthly Operating Report ("MOR").

**Basis of Presentation** - The Debtor is filing their MOR solely for the purposes of complying with the reporting requirements applicable in the Debtors' chapter 11 cases. The financial information contained herein is presented on a preliminary and unaudited basis, remains subject to adjustments and may not comply in all material respects with generally accepted accounting principles in the United States of America ("U.S. GAAP"). This MOR should not be relied on by any persons for information relating to future financial conditions, events, or performance of any of the Debtors. The financial information has been derived from the books and records of the Debtors. This information, however, has not been subject to certain procedures that would typically be applied to financial information in accordance with U.S. GAAP, and upon application of such procedures, the Debtors believe that the financial information could be subject to material change. The information furnished in this report includes primarily normal recurring adjustments, but does not include all adjustments that would typically be made for financial statements prepared in accordance with U.S. GAAP, including to adjustments for income tax provisions and related deferred tax asset and liability accounts, and certain other asset and liability accounts. The results of operations contained herein are not necessarily indicative of results which may be expected for any other period or for the full year and may not necessarily reflect the combined results of operations and financial position of the Debtors in the future. The financial statements of the Debtors' non-debtor affiliates have not been included in the MOR.

**Liabilities Subject to Compromise** - Liabilities subject to compromise have been reported at the amounts recorded on the Debtors' books and records as of the date of the MOR. The amounts classified as liabilities subject to compromise in the financial statements included herein are preliminary and may be subject to future adjustments depending on developments with respect to disputed claims, determinations of the secured status of certain claims, the values of any collateral securing such claims, rejection of executory contracts, reconciliation of claims, and other events.

**Reservation of Rights** - Given the complexity of the Debtors' business, inadvertent errors, omissions, or over inclusion of amounts may have occurred. Accordingly, the Debtors hereby reserve all of their rights to dispute the validity, status, enforceability, or executory nature of any claim amount, representation or other statement in this MOR and reserve the right to amend or supplement this MOR, if necessary, but shall be under no obligation to do so.

**Reporting Period** - Unless otherwise noted herein, the MOR generally reflects the Debtors' books and records and financial activity occurring during the applicable reporting period. Except as otherwise noted, no adjustments have been made for activity occurring after the close of the reporting period.

**Specific MOR Disclosures -**

Certain professional firms providing IP, trademark, licensing, registration services for international jurisdictions were paid by the Debtor and reflected in the insider payment schedule.

**Supporting Documentation - Statement of capital assets**: Please see the Debtor's balance sheet.

**Supporting Documentation - All bank statements and bank reconciliations for the reporting period**: The Debtors affirm that bank statements are available and corresponding bank reconciliations are prepared for all open and active bank accounts on a monthly basis.

**Notes to MOR Part 4: Income Statement (b)**: The Debtor has recorded an inventory adjustment of $4.3 million in the total Cost cost of good sold of $ 13.08 million

**Notes to MOR Part 4: Income Statement (f)**: It includes the provision of $6.7 million for replacement of 'super creatine' inventory with 'fuel your destiny' inventory.

**Notes to MOR Part 6: Post Petition Taxes (a & b)**: The Debtor is an S-Corp and does not accrue for income tax as it flows up to the non-debtor parent. The Debtor has not made post-petition income tax payments.

**Notes to MOR Part 7a**: The Debtor issued payment on pre-petition debt pursuant to interim and/or final first day motions, please see attachment. The disbursements exclude payments related to insiders and professionals since they are disclosed in the Schedule of payments to insiders and Schedule of payments to professionals. Customer names are redacted.

**Notes to MOR Part 7e**: The Debtor is a S-Corp and has not made post-petition estimated income tax payments.