UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*[1],

_____/

Case No.: 22-17842-PDR
Chapter 11
(Jointly Administered)

**SUPPLEMENTAL BRIEF IN SUPPORT OF CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF DEBTOR JHO REAL ESTATE INVESTMENT, LLC**

Creditor and Interested Party, John H. Owoc ("Mr. Owoc"), files this Supplemental Brief in Support of his Emergency Motion to Dismiss the Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC ("JHO Real Estate") [D.E. 1466], and states as follows:

This Supplemental Brief seeks to address concerns that the Court discussed during a prior hearing in this matter, specifically regarding issues of ratification and benefits enjoyed (or not) by Debtor JHO Real Estate during the pendency of the above-captioned bankruptcy. This question may be moot as it appears that underlying required corporate resolutions authorizing a bankruptcy filing were forged.

**LEGAL STANDARD**

**1. Mr. Owoc Did Not Ratify the Filing of the Chapter 11 Bankruptcy on Behalf of JHO Real Estate.**

It is well-settled that objections to subject matter jurisdiction may be made at any time. *In re Mid-South Bus. Assocs., LLC*, 555 B.R. 565, 570 (Bankr. N.D. Miss. 2016). Passage of time by itself is not sufficient to ratify an unauthorized filing. *In re Todd*, No. 14-50640-BEM, 2015 WL

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1

5042116, at *3 (Bankr. N.D. Ga. Aug. 6, 2015); In *re Eicholz*, 310 B.R. 203, 208 (Bankr. W.D. Wash. 2004).

"The Eleventh Circuit has acknowledged that '[a] principal can ratify the unauthorized act of an agent purportedly done on behalf of the principal either expressly or by implication through conduct that is inconsistent with an intention to repudiate the unauthorized act.'" *In re Melbourne Beach, LLC*, No. 6:17-BK-07975-KSJ, 2019 WL 10734081, at *4 (Bankr. M.D. Fla. Aug. 6, 2019).

To determine whether a principal ratified a company's unauthorized bankruptcy filing, courts apply the state law of the filing company. *See Hager v. Gibson*, 108 F.3d 35 (4th Cir. 1997); *In re Alternate Fuels, Inc.*, No. 09-20173, 2010 WL 4866690 (Bankr. D. Kan. Nov. 23, 2010); *In re Reliable Air, Inc.*, No. 05-85627, 2007 WL 7136475 (Bankr. N.D. Ga. 2007).

Under Florida law, ratification must be unequivocal and intelligent. *Deutsche Credit Corp. v. Peninger*, 603 So. 2d 57, 58 (Fla. 5th DCA 1992). If the principal does not have "full knowledge of all material facts and circumstances relating to the unauthorized act or transaction at the time of the ratification," then ratification has not occurred. *Id.* (citing *G & M Restaurants Corp. v. Tropical Music Serv., Inc.*, 161 So. 2d 556, 558 (Fla. 2d DCA 1964); *Ball v. Yates*, 158 Fla. 521, 29 So. 2d 729 (1946), *cert. den.*, 332 U.S. 774, 68 S. Ct. 66, 92 L. Ed. 359 (1947)) (further citations omitted). Further, ratification requires an affirmative showing of the principal's intent to ratify the act in question. *See Peninger*, 603 So. 2d at 58 (citation omitted); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1355 (11th Cir. 2011) (citing *Frankenmuth Mut. Ins. Co. v. Magaha*, 769 So. 2d 1012, 1021-22 (Fla. 2000)) ("The principal must have full knowledge of the initially unauthorized agents' conduct and approve of that conduct.").

Mr. Owoc did not have full or actual knowledge of the material facts and circumstances surrounding the filing of a Chapter 11 bankruptcy on behalf of Debtor JHO Real Estate. On

October 9, 2022, the night before the seven bankruptcy petitions were filed, Debtors' counsel purportedly provided Mr. Owoc with seven documents, i.e. the Written Consents, to be executed. These Written Consents allegedly provided Chief Transformation Officer John DiDonato (the "CTO") with the authority to initiate the instant bankruptcy proceeding for all seven debtors. Not one attorney involved in this proceeding thought to explain to Mr. Owoc what he was being requested to sign off on in the Written Consents. Lo-and-behold, the Written Consents would provide the CTO with absolute authority over every company and asset that Mr. Owoc was involved in. Perhaps far more important is the fact that the emailed consents which required electronic signatures did not reach Mr. Owoc and were neither signed nor returned by him.

Further, Debtors' counsel failed to communicate to Mr. Owoc the purpose behind JHO Real Estate filing for bankruptcy. Debtors' counsel failed to disclose that the lucrative property in Phoenix, Arizona ("Phoenix Property") was owned by JHO Real Estate and would be included as an asset in this bankruptcy. It was Mr. Owoc's understanding all along that he owned the Phoenix Property and that neither JHO Real Estate nor the Phoenix Property were subject to the instant bankruptcy administration. Had anyone sought to clarify with Mr. Owoc exactly what assets were being included in the bankruptcy, he would have absolutely objected to the inclusion of the Phoenix Property.

Mr. Owoc was not aware that JHO Real Estate or the Phoenix Property were in bankruptcy because he owned four entities with "JHO" in the name and they were all created to hold property. The four entities are JHO Intellectual Property Holdings, LLC (owns intellectual property), JHO Real Estate Investment, LLC (owned/owns three properties in Weston, Florida and one property in Phoenix, Arizona), JHO GA-1 Investment, LLC (owned/owns a Georgia property), and JHO NV-1 Investment, LLC (owned/owns a Nevada property). Only two of these entities, JHO

Intellectual Property Holdings, LLC and JHO Real Estate, made it into the bankruptcy case. Upon review of Berger Singerman's secondary engagement letter, it appears even Debtors' counsel was confused as to which entities were in bankruptcy. The engagement letter describes "JHO International, Inc." as being an entity in a proceeding under Chapter 11, however, the entity actually does not exist. *See* Exhibit "A," Berger Singerman Engagement Letter dated September 29, 2022.

Once Mr. Owoc became aware that the Phoenix Property was placed into the bankruptcy by way of JHO Real Estate's petition, he immediately took the appropriate measures to determine how it occurred and remediate the situation by way of filing the underlying Motion to Dismiss.

2. **JHO Real Estate Has Not Ratified the Bankruptcy as it Has Not Benefitted from the Bankruptcy Filing.**

Several courts have suggested that ratification occurs when a debtor enjoys the benefits of bankruptcy protection or the automatic stay provisions invoked by the bankruptcy filing. *Hager v. Gibson*, 108 F.3d 35 (4th Cir. 1997); *In re Alternate Fuels, Inc.*, No. 09-20173, 2010 WL 4866690 (Bankr. D. Kan. Nov. 23, 2010); *In re Reliable Air, Inc.*, No. 05-85627, 2007 WL 7136475 (Bankr. N.D. Ga. March 9, 2007).

In *Hager*, the Fourth Circuit found that a shareholder who moved to dismiss an unauthorizing bankruptcy of a closely held corporation "received the benefits of the protection against the claims of creditors that was provided his equity interest by the automatic stay provisions invoked by the bankruptcy filing." *See* 108 F.3d at 40.

In *Alternate Fuels*, the District of Kansas Bankruptcy Court found that a corporation alleged to be in an unauthorized bankruptcy benefited from a Chapter 11 filing because of the imposition of the automatic stay, the orderly claims and interests filing procedure, and the appointment of a trustee. *See* 2010 WL 4866690, at *13.

4

In *Reliable Air*, a shareholder contested an unauthorized bankruptcy and it was determined that the shareholder ratified the bankruptcy by benefiting from the filing of the case. *See* 2007 WL 7136475, at *5. The court found that the shareholder benefitted from the retention and use of a leased automobile from the corporation without paying for it, from a degree of leverage in dealing with the debtor and its creditors, and from protection of the shareholder's equity interest from destruction by creditor action.

As discussed in the underlying Motion to Dismiss, JHO Real Estate has not enjoyed a single benefit by being involved in this bankruptcy. The entity could meet its obligations to its creditors and did not need to resort to filing bankruptcy. A portion of JHO Real Estate's liabilities was as co-guarantor of a loan to VPX. However, VPX, with $1.3 Billion dollars in sales had the means to pay that debt which was likewise guaranteed by multiple companies. Not one creditor has attempted to assert its interest in the Phoenix Property since the bankruptcy was initiated. In fact, none of the creditors have objected to the Motion to Dismiss.

Both JHO Real Estate and its creditors stand to benefit if this bankruptcy case is dismissed because it will permit JHO Real Estate to continue its operations, maximize its profits, and provide an opportunity to negotiate with creditors outside of the bankruptcy context.

## **CONCLUSION**

This Court should grant Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss the Chapter 11 Bankruptcy of Debtor JHO Real Estate for the reasons stated in the Motion to Dismiss. Moreover, neither Mr. Owoc, as sole member of Debtor JHO Real Estate, nor JHO Real Estate have ratified the unauthorizing filing of the instant bankruptcy petition.

Dated: July 7, 2023

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing via CM/ECF to those parties registered to receive such notice in this case on July 6, 2023.

>
> Respectfully submitted,
> CONRAD & SCHERER, LLP
> *Counsel for John H. Owoc*
> 633 S. Federal Hwy., Suite 800
> Fort Lauderdale, Florida 33316
> Telephone: (954) 847-3328
> Facsimile: (954) 463-9244
> Email: IGilbert@conradscherer.com
> OGonzalez@conradscherer.com
>
> By: */s/ Irwin R. Gilbert*
> Irwin R. Gilbert
> Florida Bar No. 99473