UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*[1], | Case No.: 22-17842-PDR |
| Debtor. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PROLOGIS TARGETED U.S. LOGISTICS FUND, L.P. TO NOTICE OF AUCTION CANCELLATION AND SUCCESSFUL BIDDER**

Prologis Targeted U.S. Logistics Fund, L.P. ("Landlord" or "Prologis"), by and through its undersigned counsel, hereby submits the following limited objection and reservation of rights to the Notice of Auction Cancellation and Successful Bidder [Doc. No. 1546] (the "Notice").[2] In support of this Limited Objection, Prologis respectfully represent as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Prologis, as landlord, and Vital Pharmaceuticals, Inc. (the "Debtor"), as tenant, are parties to that certain Lease dated as of May 23, 2019 (the "Lease"), covering premises consisting of approximately 18,409 square feet of rentable area (as more fully described in the Lease, the "Premises"), located in Landlord's building at Prologis Aviation Logistics Center A, 10100 Aviation Blvd., Los Angeles, CA 90045 (as more fully described in the Lease, the "Building").

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Prologis previously filed a Limited Objection and Reservation of Rights to Notice of (I) Executory Contracts and Unexpired Leases That May Be Assumed and Assigned In Connection with a Sale of the Debtors' Assets and (II) The Proposed Cure Amounts With Respect Thereto [Doc. No. 1108] (the "Cure Amount Objection"). The Cure Amount Objection is pending and is incorporated herein by reference.

2. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

3. The Lease requires the Debtor as tenant to, among other things, indemnify and hold harmless Landlord for certain claims and events and tenant remains obligated for environmental liabilities.

4. The Lease also requires the Debtor as tenant to, at Debtor's sole cost and expense, maintain in good condition all areas, improvements and systems exclusively serving the Premises.

5. The Lease further requires that, at the end of the Lease term, the Debtor, as tenant, shall surrender the Premises to Landlord in good condition, except for ordinary wear and tear, and except for casualty damage or other conditions that the Debtor, as tenant, is not required to remedy. The Debtor, as tenant, must also remove from the Premises all furniture, trade fixtures, equipment, wiring and cabling, inventory and all other personal property installed by the Debtor as tenant or its assignees or subtenants. The Debtor, as tenant, must also repair any damage resulting from such removal and shall restore the Premises to good order and condition. If the Debtor, as tenant, does not return possession of the Premises in the condition required, the Debtor, as tenant, shall pay to Landlord the reasonable costs incurred by the removal of tenant's personal property, furniture, fixtures or trade equipment.

6. Finally, the Lease provides that except for the negligence or intentional misconduct of Landlord or its agents, the Debtor, as tenant, will indemnify, defend and hold harmless Landlord and its agents from and against any and all losses, liabilities, damages, costs

and expenses (including attorneys' fees) resulting from claims by third parties arising from Tenant's use and occupancy of the Premises or any act or omission of Tenant or its agents (as set forth in more detail in the Lease). The Lease specifically provides that these obligations survive its expiration or early termination.

7. Collectively, the Lease obligations described in paragraphs 3 to 6 above shall be referred to as the "Non-Monetary Obligations."

8. On March 3, 2023, the Debtor filed the Notice of (I) Executory Contracts and Unexpired Leases That May Be Assumed and Assigned In Connection with a Sale of the Debtors' Assets and (II) The Proposed Cure Amounts With Respect Thereto [Doc. No. 893] (the "Notice of Assumption"), which appears to state that the Debtors may assume and assign the Lease. With respect to the Lease, the Notice of Assignment incorrectly reflects a proposed cure amount of either $9,950.19 or $0.00.

9. As of March 31, 2023, according to the books and records of Prologis, there was, and remains, due and owing to Prologis from Debtor $10,163.16 in unpaid Rent under the Lease.

10. Prologis filed the Cure Amount Objection on March 31, 2023.

11. On June 28, 2023, the Debtor filed the Notice of Auction Cancellation and Successful Bidder [Doc. No. 1546] (the "Notice"), in which the Debtor states that it has entered into an Asset Purchase Agreement (the "APA") with Blast Asset Acquisition LLC, an acquisition vehicle that is a subsidiary of Monster Beverage Corporation (the "Successful Bidder"), pursuant to which the Debtors shall sell substantially all of their assets to the Successful Bidder, subject to the terms and conditions set forth in the APA.

12. The APA does not identify the Lease among the "Assumed Real Property Leases," however the APA states that from and after the date of the APA until two business days

prior to the Closing (as defined in the APA), the Successful Bidder may designate any lease of the Debtor as an "Assumed Real Property Lease."

## LIMITED OBJECTION

13. Pursuant to section 365(f)(2) of the Bankruptcy Code, a trustee or debtor-in-possession may assign an unexpired lease of the debtor only if:

> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

14. This provision "was primarily designed to protect landlords." *In re Sanshoe Worldwide Corp.*, 139 B.R. 585, 592 (S.D.N.Y. 1992). Several factors are relevant to the bankruptcy court's determination of whether adequate assurance of future performance has been provided, including: (1) the assignee's financial ability to perform the contract; (2) the general economic climate; (3) the existence of a guarantee; (4) the reputation of the party seeking to assume responsibility for the contract; and (5) past dealings between the parties. *See In re Resource Tech.*, 624 F.3d 376, 383 (7th Cir. 2010).

15. As of the date of this filing, no adequate assurance information has been provided to Prologis regarding the Successful Bidder, their financial condition, and/or their ability to perform all obligations under the Lease. While Prologis certainly understands the flexibility afforded to debtors to assume and assign leases generally, in the event the Debtor seeks to assume and assign the Lease, it has not satisfied section 365(f)(2) of the Bankruptcy Code as of the time of this filing.

16. Prologis also requests that the Successful Bidder enter into an amendment to the Lease, if assumed and assigned, that reflects the terms of the assumption and assignment and affirms the assignee's obligation to perform and assume all the applicable terms, conditions, and obligations applicable to assignee under the Lease, including, but not limited to, repair and maintenance and/or other surrender obligations at the conclusion of the Lease term.

## RESERVATION OF RIGHTS

17. Prologis reserves the right to supplement or amend this Limited Objection based upon information acquired by Prologis subsequent to its filing and to introduce evidence at any hearing related to the Notice, the proposed sale to the Successful Bidder, the assumption and/or assignment of the Lease, and/or this Limited Objection.  Prologis also reserves the right to exercise all available remedies under the Lease to obtain possession of the Premises (subject to any applicable procedural limitations imposed by the Bankruptcy Code and Rules), and to assert claims against the Debtor (including, but not limited to, administrative expense claims under sections 365(d)(3) and/or 503(b) of the Bankruptcy Code and claims arising from the rejection of the Lease should the Debtor reject the Lease) at the appropriate time.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Prologis respectfully requests that the Court predicate any entry of an order approving the assumption and assignment of the Lease on the Debtor's and/or the Successful Bidder's (i) satisfaction of cure obligations as those exist at the time of the assumption and assignment, and (ii) provision of adequate assurance information for Prologis's consideration, each consistent with this Limited Objection and the Cure Amount Objection, and grant such other and further relief as is just and equitable.

Dated: July 7, 2023	**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Richard J. Bernard*
Richard J. Bernard
1177 Avenue of the Americas
41st Floor
New York, New York 10036
Telephone: (212) 248-3140
brian.morgan@faegredrinker.com

*Counsel for Prologis Targeted U.S. Logistics Fund, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023, I served a copy of this Limited Objection and Reservation of Rights electronically via CM/ECF to all parties/attorneys on the list to receive service/notice in this case.

*/s/ Richard J. Bernard*
Richard J. Bernard
