UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |

**LIMITED OBJECTION OF CREDITOR PREMIER DISTRIBUTING COMPANY TO NOTICE OF REVISED PROPOSED SALE ORDER [ECF #1547]**

Creditor, Premier Distributing Company ("Premier"), by and through its undersigned counsel, files this limited objection (the "Limited Objection") and reservation of rights in light of a lack of adequate assurances of future performance in connection with the assignment and assumption of the Premier Contracts (defined below) by the Debtors and Successful Bidder (as defined below) as required by the Debtors' *Notice of Filing of Revised Proposed Sale Order* [ECF #1547] (the "Notice of Revised Proposed Sale Order"). In support of the Limited Objection, Premier states as follows:

1. On June 13, 2023, Debtors filed the *Second Supplemental Notice of (I) Executory Contracts and Unexpired Leases That May be Assumed and Assigned in Connection with a Sale of the Debtors' Assets and (II) the Proposed Cure Amounts with Respect Thereto* [ECF #1460] (the "Notice of Contracts"), pursuant to which the Debtors identified in Exhibit "A" thereto all contracts the Debtors may seek to assume and assign in connection with a possible Sale Transaction.[2]

2. The Notice of Contracts correctly identifies three contracts connected to Premier with their accurate corresponding cure amounts (the "Premier Contracts"):

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).
[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Notice of Contracts and the Notice of Revised Proposed Sale Order.

| No. | Counterparty Name | Debtor | Description | Cure Amount |
|---|---|---|---|---|
| 13 | Premier Distributing Company | Vital Pharmaceuticals, Inc. | FINAL Settlement Agreement, dated April 01, 2022 | $857,000.00 |
| 3231 | Premier Distributing Company | Vital Pharmaceuticals Inc. | Distributor Agreement, dated January 28, 2019 | $0.00 |
| 3232 | Premier Distributing Company | Vital Pharmaceuticals, Inc. | Legacy Reinstatement, dated August 12, 2022 | $0.00 |

3. On June 28, 2023, the Debtor filed its *Notice of Auction Cancellation and Successful Bidder* [ECF #1546] (the "Notice of Successful Bidder") disclosing the identity of its Buyer Parties as follows: Blast Asset Acquisition, LLC; Monster Energy Company and Monster Beverage Corporation (collectively, the "Successful Bidder").

4. On June 28, 2023, the Debtor filed its *Notice of Revised Proposed Sale Order* which reflects the deadline of no later than 4:00 p.m. on July 7, 2023 to object to (i) the identity of the Successful Bidder, and/or (ii) adequate assurances of future performance by the Successful Bidder.

## OBJECTION AND RESERVATION OF RIGHTS

5. Premier operates as the Debtors' exclusive beverage distributor in the state of New Mexico. While Premier does not generally object to the identity of the Successful Bidder, it has been unable to obtain adequate assurances of future performance on the Premier Contracts from the Successful Bidder or the Debtors since the filing of the Notice of Successful Bidder last week.

6. Any proposed assignment must be conditioned on, among other things: (i) the payment of all amounts due and owing under the Premier Contracts through the effective date of the assignment of the Premier Contracts; and (ii) the Debtors' satisfaction of their burden under the Bankruptcy Code of demonstrating adequate assurance of future performance under the Premier Contracts by the ultimate successful purchaser.

**(a)     Adequate Assurances**

7. Pursuant to section 365(f)(2)(B) of the Bankruptcy Code, the Debtors may only assign the Premier Contracts if Premier receives adequate assurance of future performance under the Premier Contracts. Additionally, the *Order (i) Approving Bidding Procedures, (ii) Authorizing the Debtors to Provide Bid Protections, and (iii) Granting Related Relief* [ECF #854] (the "Bidding Procedures Order") requires that counterparties to contracts identified therein be provided with "the Prospective Bidder's financial wherewithal and willingness to perform under the Proposed Assumed Contracts and any other Contracts or Agreements that may later be designated by the Prospective Bidder." Bidding Procedures Order, ¶ 30.

8. The Debtors bear the burden of demonstrating the Successful Bidder's willingness to perform and provide adequate assurance of future performance under the agreements. *In re Uniq Shoes Corp.*, 316 B.R. 748, 751 (Bankr. S.D. Fla. 2004) (the debtor bears the burden of sufficiently demonstrating adequate assurance).

9. As of the date of the filing of this Objection, counsel for the Successful Bidder has advised Premier that it is unable to "negotiate Premier's adequate assurances concerns." Accordingly, the Debtor has not satisfied the requirements of section 365(f)(2) of the Bankruptcy Code as of the time of this filing.

10. Premier should receive sufficient adequate assurance information from the Successful Bidder prior to the Sale Hearing in order to properly evaluate the Successful Bidder's ability to continue operating under the Premier Contracts and comply with all terms thereof. Until Premier receives sufficient adequate assurance information from the Successful Bidder and Debtors, Premier objects to the assumption and assignment of the Premier Contracts to any the Successful Bidder.

11. Additionally, Premier objects to the extent the Cure Amount will not be satisfied on or before the closing of a Sale Transaction or the effective date of any such proposed assignment.

## RESERVATION OF RIGHTS

12. Premier reserves all rights to seek relief and to supplement and amend this Limited Objection on any grounds, including, but not limited to, lack of adequate assurance of future performance pursuant to 11 U.S.C. § 365(f)(2)(B), failure to cure any post-petition defaults prior to any assumption pursuant to 11 U.S.C.§ 365(b)(1)(A), and to assert any claims for compensation for any damages related to any defaults or rejection pursuant to 11 U.S.C. § 365(b)(1)(B) and/or 503(b) or otherwise as may be necessary.

**WHEREFORE**, creditor, Premier Distributing Company, requests this Court enter an order (a) sustaining this Limited Objection, (b) affirmatively requiring the Debtors or the Successful Bidder to pay all amounts owing to Premier under the Premier Contracts through the effective date of any assignment of the Premier Contracts, (f) affirmatively requiring the assignee to comply with each and every term, condition and obligation set forth in the Premier Contracts; and (g) granting Premier such further relief as the Court deems just and appropriate.

Date: July 7, 2023

Respectfully submitted,

By: */s/ Nicole Grimal Helmstetter*
Nicole Grimal Helmstetter
Florida Bar No: 86937
nicole.helmstetter@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347-4080
Fax: (305) 347-4089

*Counsel for Creditor, Premier Distributing Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed with the Clerk of Court using CM/ECF system on July 7, 2023, thereby serving all registered ECF users in the case.

By: */s/ Nicole Grimal Helmstetter*
Nicole Grimal Helmstetter