UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., et al.[1]     Case No. 22-17842-PDR

Debtor.                                    Chapter 11
_____/   (Jointly Administered)

**PRELIMINARY OBJECTION TO DEBTORS' EXPEDITED MOTION TO APPROVE COMPROMISE BETWEEN (I) THE DEBTORS, (II) MONSTER ENERGY COMPANY, (III) MONSTER BEVERAGE CORPORATION, (IV) ORANGE BANG, INC., (V) THE COMMITTEE, AND (VI) THE SUPPORTING LENDERS**

Creditor and Interested Party John H. Owoc ("*Mr. Owoc*") files this preliminary objection to *Debtors' Expedited Motion to Approve Compromise Between (I) The Debtors, (II) Monster Energy Company, (III) Monster Beverage Corporation, (IV) Orange Bang, Inc., (V) The Committee, and (VI) The Supporting Lenders* (ECF#1548) ("Compromise Motion") and the related *Asset Purchase Agreement by and Among Vital Pharmaceuticals, Inc., as the Seller, Each of the Affiliates of the Seller Listed on Schedule 1 and Blast Asset Acquisition LLC, as the Buyer, Solely for Purposes of Section 7.16, Monster Energy Company and Solely for Purposes of Section 7.16 and Section 10.16, Monster Beverage Corporation, Dated as of June 28, 2023* ("APA") (the APA and Compromise Motion are collectively referred to as the "Monster Agreement"). Capitalized

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019). Case information can be found at the dedicated website for these cases: https://cases.stretto.com/vitalpharmaceuticals/



**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL  33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

terms not defined in this objection shall have the meaning assigned to such term as set forth in the Compromise Motion. Mr. Owoc states as follows:

1. Mr. Owoc files this objection on a preliminary basis. The Debtors produced several thousand documents to Mr. Owoc on July 5, 2023, and July 6, 2023. On July 6, 2023, undersigned counsel took the deposition of Steven Panagos, independent director of the Debtors. The deposition of Charles Delo is scheduled to take place on July 8, 2023. The Debtors are currently taking the deposition of Mr. Owoc today, July 7, 2023. Upon completion of the depositions, Mr. Owoc intends to supplement this objection.

2. *First*, Mr. Owoc objects to the Monster Agreement to the extent it seeks to sell property that does not belong to the Debtors. Section 363(b)(1) authorizes the trustee, after notice and a hearing "to use, sell, or lease, other than in the ordinary course of business, ***property of the estate*** . . . .." 11 U.S.C. § 363(b)(1) (emphasis added). It is axiomatic within section 363 that the Debtors actually have an interest in the property to be sold.[2] "A section 363 sale cannot be used to transform property of others into property of the estate." *In re Silver Beach, LLC*, BAP.NV-09-1049, 2009 WL 7809002, at *6 (B.A.P. 9th Cir. Nov. 3, 2009); *see also In re Sw. Florida Heart Group, P.A.*, 342 B.R. 639, 644 (Bankr. M.D. Fla. 2006) ("… it is self-evident that the Trustee can only sell property of the estate") (citing, *Connolly v. Nuthatch Assoc. (In re Manning),* 831 F.2d 205, 207 (10th Cir.1987) (stating that "it is self-evident that the Trustee can only sell property of the estate")); *In re Proveaux*, 2008 WL 8874286, 2008 Bankr.LEXIS 1327 (Bankr.D.S.C.2008); *In re Brubaker*, 443 B.R. 176, 181 (Bankr.M.D.Fla.2011) ("An elementary rule of bankruptcy....

---

[2] Section 363(h) provides the sole statutory exception to the property of the estate requirement of section 363(b). *In re Groves*, 2:18-BK-14761-BKM, 2023 WL 4233203, at *6 (B.A.P. 9th Cir. June 28, 2023) (citing *Silver Beach*, 2009 WL 7809002, at *6). Section 363(h) is inapplicable here.

Phang Feldman

One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL 33131
T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com

is that the [ ] trustee succeeds only to the title and rights in the property that the debtor possessed") (citing *In re Raborn*, 470 F.3d 1319, 1323 (11th Cir.2006)).

3. By way of example, the Debtors admit, both in the Compromise Motion and within adversary proceeding Case No.: 23-01125-PDR, that they seek to sell property, particularly intellectual property owned by non-debtor Entourage IP Holdings, LLC, that is not property of the Debtors' bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

4. Mr. Owoc also objects to the sale of the assets owned by JHO Real Estate Investment, LLC, as it should not be a party to this bankruptcy estate as set forth in that entity's Motion to Dismiss [DE 1466], which is set to be heard by this Court on July 11, 2023.

5. Additional examples of non-debtor property that cannot be sold by the Debtors include the following:

    a. **Domain names:**

        i. Bangvapes.com, bang-vapes.com;

        ii. captaincrunchfishing.com;

        iii. jackowocgiveaway.com;

        iv. meglizswimwear.com.

    b. **Trademarks:**

        i. ADARIA trademark in IC Class 005, Serial No. 90/746,337.

    c. **YouTube Accounts:**

        i. BangEnergy (if referring to @Jack Owoc, but not if referring to @BangEnergy);

        ii. Bang Energy Family.



One Biscayne Tower | Suite 1600 | 2 S. Biscayne Boulevard | Miami, FL 33131
T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com

    d. **Social Media Handles:**[3]

        i. Instagram: BangEnergy.CEO;

        ii. Twitter: BangEnergy.CEO and

        iii. TikTok: BangEnergy.CEO.

6. Additionally, Mr. Owoc objects to certain equipment set forth in the APA.

7. *Second*, Mr. Owoc objects to the Monster Agreement to the extent the proposed releases fail to comply with applicable law.

8. *Third*, Mr. Owoc objects to the Monster Agreement to the extent it seeks to eliminate or compromise any right of subrogation that Mr. Owoc or entities affiliated with him may have either under section 509 of the Bankruptcy Code, the doctrine of equitable subrogation, or otherwise allowable under the law to Truist Bank's position. *See e.g., Fibreboard Corp. v. Celotex Corp. (In re Celotex Corp.)*, 472 F.3d 1318, 1321 (11th Cir. 2006); *In re The Med. Shoppe*, 210 B.R. 310, 313 (Bankr. N.D. Ill. 1997) ("Subrogation under § 509(a) allows a guarantor, who pays a debt for which a debtor is primarily liable, to assume the creditor's rights. These rights include any rights to priority distribution or secured status to which the subrogor's claim was entitled.").

## RESERVATION OF RIGHTS

Mr. Owoc reserves all rights to supplement or add to the legal and factual arguments raised herein on any bases whatsoever at a future date.

Dated: July 7, 2023.

---

[3] Mr. Owoc has appealed this Court's judgment entered in Adv. Case No. 23-1051.

Phang|Feldman

One Biscayne Tower | Suite 1600 | 2 S. Biscayne Boulevard | Miami, FL 33131
T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case.

Dated: July 7, 2023

        PHANG & FELDMAN, P.A.
*Attorneys for John H. Owoc, Megan Owoc,*
*Elite Island, LLC and Entourage IP Holding, LLC*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223
Fax: (305) 614-1887

By:   */s/ Jonathan S. Feldman*
      Jonathan S. Feldman (12682)
      feldman@katiephang.com
      service@katiephang.com