UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No. 22-17842 (PDR) |
| | (Jointly Administered) |
| Debtors.[1] | |
| _____/ | |

**PREPETITION AGENT'S AND DIP AGENT'S OBJECTION TO CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF DEBTOR JHO REAL ESTATE INVESTMENT, LLC AND JOINDER TO DEBTORS' OBJECTION THERETO**

Truist Bank, in its capacities as Prepetition Agent,[2] on behalf of the Prepetition Lenders, and DIP Agent, on behalf of the DIP Lenders, hereby files this objection to *Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of JHO Real Estate Investment, LLC* [ECF No.1466] (the "Motion")[3] and joins the *Debtors' Objection to Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of JHO Real Estate Investment, LLC* [ECF No.[1588] (the "Objection"), filed with this Court on July 10, 2023, in the above captioned case. For the reasons set forth below, the Prepetition Agent and the DIP Agent (collectively, the "Administrative Agents") submit that the relief requested in the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] The capitalized terms "Prepetition Agent", "Prepetition Lenders", "DIP Agent", and "DIP Lenders" are each defined in *Final Order (I) Approving Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* (the "Final DIP Order") [ECF No. 638]. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Final DIP Order.

[3] The term "Motion" includes the *Supplemental Brief in Support of Creditor and Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of JHO Real Estate Investment, LLC* [ECF No. 1574].

Motion is not warranted and should be denied, and in support of the foregoing respectfully state as follows:

## PRELIMINARY STATEMENT

1. John H. Owoc ("Movant") seeks the extraordinary remedy of the dismissal of the bankruptcy case of JHO Real Estate Investment, LLC ("JHO Real Estate") over nine months after its commencement based solely on the unsubstantiated factual allegations that he, as the sole member of JHO Real Estate, never authorized JHO Real Estate to file for bankruptcy protection. The Administrative Agents respectfully join in the arguments set forth, and relief requested, in the Objection.

2. Apart from the absence of factual support for Movant's position, described more specifically in the Objection, the Administrative Agents oppose the relief Movant seeks in the Motion on other grounds as well. First, because JHO Real Estate has benefitted from the automatic stay for over nine months, and second, because JHO Real Estate and the other Debtors specifically induced the Administrative Agents, the Prepetition Lenders, and the DIP Lenders (collectively, the "Lender Parties") to, among other things, provide debtor-in-possession financing to the Debtors during the pendency of JHO Real Estate's bankruptcy case.

3. The Lender Parties' provision of such benefits to the Debtors was made in reliance, in significant part, on the validity of JHO Real Estate's bankruptcy case and its assets pledged as collateral to secure the DIP Obligations. Both pursuant to express language in the Final DIP Order and under principles of equitable estoppel, the benefits, rights, and remedies afforded to each of the Lender Parties pursuant to the Final DIP Order and the DIP Documents must remain intact, and JHO Real Estate should remain in bankruptcy.

**ARGUMENT**

4. JHO Real Estate availed itself of the automatic stay and induced the Prepetition Agent and the Prepetition Lenders not to seek relief therefrom by, among other things, serving as a guarantor of and provider of collateral security for the DIP Obligations. This prevented the Prepetition Agent's commencement of state court foreclosure proceedings against the Arizona Real Property,[4] which as of the Petition Date secured (and continues to secure) the Prepetition Obligations. *See Declaration of Jade K. Silver in Support of Prepetition Agent's and DIP Agent's Objection to Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC and Joinder to Debtors' Objection Thereto* (the "Silver Declaration"), ¶¶ 9, 16, 17.[5] Further, JHO Real Estate **actively** sought and obtained the benefit of the postpetition application of the automatic stay with respect to pending foreclosure proceedings that the Arizona Mechanics' Lienholders commenced prepetition in Arizona state court.[6] After having benefitted so directly from the operation of the Bankruptcy Code for so long, it would be inequitable to dismiss JHO Real Estate's bankruptcy case.[7]

---

[4] The term "Arizona Real Property" is defined in the Final DIP Order to mean the real property of JHO Real Estate located at 1635 S. 43rd Avenue, Phoenix, AZ 85009. *See Final DIP Order*, ¶ 11. The Motion references the same physical address. *See Motion*, footnote 4.

[5] A copy of the Silver Declaration will be filed on ECF concurrently with this pleading.

[6] Certain of the Arizona Mechanics' Lienholders unsuccessfully moved for relief from the automatic stay to continue their Arizona state court foreclosure actions. *See ECF No. 670* (joint motion seeking relief from the automatic stay to pursue state court foreclosure actions against the Arizona Real Property); *ECF No. 1277* (order conditionally denying motion for relief from the automatic stay). A simple review of the docket clearly identifies that JHO Real Estate's active use of the automatic stay is directly contrary to Movant's inaccurate assertion that JHO Real Estate "had no real need to invoke the protections of the bankruptcy laws." *See Motion*, page 6.

[7] JHO Real Estate continues to receive the benefit of the automatic stay because upon the termination of the automatic stay applicable to JHO Real Estate because the Administrative Agents will exercise remedies with respect to JHO Real Estate and its assets that serve as collateral for the Prepetition Obligations and the DIP Obligations, as applicable, including commencing state court foreclosure proceedings against the Arizona Real Property. *See Silver Affidavit*, ¶ 24.

5. JHO Real Estate's bankruptcy case should not be dismissed because of the benefits the Lender Parties afforded to JHO Real Estate during the pendency of its case. After the Petition Date, the Lender Parties transacted with JHO Real Estate and the other Debtors in reliance, in significant part, on the validity of JHO Real Estate's bankruptcy case and its assets pledged as collateral for the DIP Obligations. *See Silver Affidavit*, ¶ 20. The substance of the transactions are memorialized in the Final DIP Order and the DIP Documents and include: (i) the Debtors' use, sale, or lease of the Prepetition Collateral (including Cash Collateral), including to fund certain expenses incurred by JHO Real Estate [*see Final DIP Order*, ¶¶ 1, 10]; (ii) the DIP Lenders' provision of postpetition "new money" extensions of credit pursuant to the DIP Documents that, as of the date hereof, aggregate to $82,000,000 [*see Final DIP Order*, ¶¶ 1, 2; *DIP Credit Agreement*; *Silver Affidavit*, ¶¶ 19, 22]; (iii) the provision of a carve-out to support the compensation of the Debtors' and Creditors Committee's respective professionals [*see Final DIP Order*, ¶ 37]; and (iv) the Roll Up (of $235,000,000 of Prepetition Obligations into DIP Obligations) [*see Final DIP Order,* page 3, clause (iv) and ¶ 2; *DIP Credit Agreement*, Section 2.6].[8]

6. The Lender Parties' good faith reliance on the validity of JHO Real Estate's bankruptcy case in extending postpetition credit to the Debtors and agreeing to the transactions contemplated by the Final DIP Order and the DIP Documents was not unfounded. Movant expressly induced such reliance by personally executing numerous DIP Documents in his capacity as JHO Real Estate's "President, Chief Scientific Officer & Chief Executive Officer" during JHO Real Estate's bankruptcy case and causing such DIP Documents to be delivered to the Lender

---

[8] Copies of the DIP Credit Agreement as well as the Closing Date Officer's Certificate, the First Amendment, and the First Amendment Officer's Certificate (each as defined in ¶ 6 hereof) are attached as exhibits to the Objection. Therefore, for economy, those documents are not also attached to this Motion.

Parties. Those documents include: (i) the DIP Credit Agreement; (ii) the Omnibus Officer's Certificate of Vital Pharmaceuticals, Inc. and Certain Subsidiaries and Affiliates Thereof dated as of October 26, 2022 (the "Closing Date Officer's Certificate"); (iii) the First Amendment to Superpriority Secured Debtor-in-Possession Credit Agreement and Limited Waiver dated as of January 13, 2022 (the "First Amendment"); and (iv) the Omnibus Officer's Certificate of Vital Pharmaceuticals, Inc. and Certain Subsidiaries and Affiliates Thereof dated as of January 13, 2022 (the "First Amendment Officer's Certificate"). [9], [10]

7.  By executing the DIP Credit Agreement and the First Amendment, Movant caused JHO Real Estate and the other Debtors to make numerous representations and warranties set forth therein that supported the Debtors' procurement, and the DIP Lenders' provision, of postpetition extensions of credit. *See DIP Credit Agreement*, Article IV; *First Amendment*, Section 7. Further, by executing the Closing Date Officer's Certificate, Movant certified to the DIP Agent the veracity of JHO Real Estate's corporate resolutions that (i) acknowledged the commencement of JHO Real Estate's bankruptcy case and (ii) authorized JHO Real Estate's execution of each of the DIP Documents to which it is a party. *See Closing Date Officer's Certificate*, p. 1 (certifying as to the veracity of all of the Debtors' corporate resolutions included therein) and pp. 59-67 (attaching JHO Real Estate's corporate resolution). Those resolutions were executed by all Managers of JHO Real

---

[9] Each of the DIP Credit Agreement, the Closing Date Officer's Certificate, the First Amendment, and the First Amendment Officer's Certificate are voluminous. Copies thereof will be filed on ECF.

[10] In addition, Movant executed and submitted to the DIP Agent numerous Notices of Borrowings (as defined in the DIP Credit Agreement) in his capacity as "President, Chief Scientific Officer & Chief Executive Officer" of Vital Pharmaceuticals Inc. in which that entity represented and warranted that each of the borrowing conditions set forth in the DIP Credit Agreement were satisfied on, and as of, the date of the corresponding Borrowing (as defined in the DIP Credit Agreement). (Two Notices of Borrowings are attached to this pleading as exhibits. Exhibit A is the first Notice of Borrowing that Movant executed (dated November 29, 2022). Exhibit B is the last one that Movant executed (dated March 3, 2023) before his termination from management of the Debtors.) One such representation and warranty is that the DIP Credit Agreement and each other DIP Document "has been duly executed and delivered by each Loan Party" and constitutes the "legal, valid and binding obligation of such Loan Party." *See DIP Credit Agreement*, Section 4.2. The term "Loan Party" is defined in the DIP Credit Agreement to include JHO Real Estate as a "Guarantor". *See id.* at Section 1.1.

Estate, including Movant. *See id.* at pp. 63-67. Finally, by executing the First Amendment Officer's Certificate, Movant certified to the DIP Agent the continued veracity of JHO Real Estate's corporate resolutions previously delivered to the DIP Agent. *See First Amendment Officer's Certificate*, p. 1 (certifying that no corporate resolution the Debtors previously delivered in conjunction with the DIP Credit Agreement "has been amended, revoked or modified since the Closing Date (as defined in the DIP Credit Agreement.")) The Lender Parties relied on such representations, warranties, and certifications. *See Silver Affidavit,* ¶¶ 21, 23.

8. In connection with their postpetition transactions with the Debtors, the Lender Parties received certain benefits, rights, and remedies pursuant to the Final DIP Order, including: (i) the grant to the DIP Agent, for the benefit of itself and the DIP Lenders, of a DIP Lien on the Arizona Real Property (and all other assets of JHO Real Estate) to secure the DIP Obligations; and (ii) the grant to the Prepetition Agent, for the benefit of itself and the other Prepetition Secured Parties, of an Adequate Protection Lien on the Arizona Real Property (and all other assets of JHO Real Estate) as adequate protection against any Diminution in Value of the interests of the Prepetition Secured Parties in the Prepetition Collateral. *See Final DIP Order*, ¶¶ 5, 11.

9. All such benefits, rights, and remedies must remain intact. Indeed, with respect to the DIP Liens and Adequate Protection Liens encumbering JHO Real Estate's assets, including the Arizona Real Property, the Final DIP Order expressly provides for their continued existence even after the dismissal of any of the Debtors' bankruptcy cases:

> **The DIP Liens and Adequate Protection Liens shall be and remain valid and perfected** in the event of the substantive consolidation or conversion of the Cases or any Successor Case to a case under chapter 7 of the Bankruptcy Code or **in the event of dismissal of the Cases** or the release of any DIP Collateral from the jurisdiction of the Court for any reason, **without the necessity that the DIP Agent or the Prepetition Agent file financing statements or otherwise perfect its liens under applicable law**.

Final DIP Order, ¶ 42 (emphasis added).

10. In addition to the plain language of the Final DIP Order, the doctrine of equitable estoppel defeats any of Movant's possible arguments to unwind any portion of the benefits, rights, and remedies afforded to the Lender Parties pursuant to the Final DIP Order and the DIP Documents. Equitable estoppel "precludes a litigant who has made representations of fact through words or conduct from asserting rights that otherwise might have existed absent such words or conduct." *Storick v. CFG LLC (In re Storick)*, 2020 Bankr. LEXIS 70, 14 (Bankr. S.D. Fla. Jan. 13, 2020). The elements for the application of equitable estoppel are "(1) a representation of fact by one party contrary to a later asserted position, (2) good faith reliance by another party upon the representation, and (3) a detrimental change in position by the later party due to the reliance." *Marine Transp. Servs. Sea-Barge Group v. Python High Performance Marine Corp.*, 16 F.3d 1133, 1139 (11th Cir. 1994).

11. The elements of equitable estoppel are satisfied here. As noted above, the Movant made or caused the Debtors to make, as applicable, numerous representations, warranties, and certifications to the Lender Parties over a significant period of time, both expressly and through his conduct over a significant period of time, that JHO Real Estate's bankruptcy case was duly authorized. The Lender Parties relied on such representations, warranties, and certifications in good faith in entering into the DIP Documents on economic terms that would not have been available to the Debtors without including JHO Real Estate as a guarantor of the DIP Obligations or its assets as collateral therefor. *See Silver Affidavit*, ¶¶ 20, 21, 23. This reliance is to the detriment of the Lender Parties who extended additional credit to the Debtors based, in significant part, on JHO Real Estate serving as a guarantor of the DIP Obligations and pledging all of its assets as collateral therefor. This satisfies each element for equitable estoppel and precludes the Movant

from arguing that the obligations of JHO Real Estate to the Lender Parties should be unwound or otherwise modified in a manner adverse to the Lender Parties.

12. This Court should deny Movant's request to dismiss JHO Real Estate's bankruptcy case and in all circumstances safeguard the Lender Parties' bargained-for benefits, rights, and remedies set forth in the Final DIP Order and the other DIP Documents.

## CONCLUSION

**WHEREFORE**, the DIP Agent, on behalf of the DIP Lenders, and the Prepetition Agent, on behalf of the Prepetition Lenders, respectfully request that the Court deny the relief requested in the Motion, and grant such other and further relief as may be just and proper.

Dated: July 10, 2023                                                    Respectfully submitted,

|  |  |
|---|---|
|  | */s/ Harris J. Koroglu* |
| Luis M. Lluberas (admitted Pro Hac Vice) | Harris J. Koroglu |
| Stephen E. Gruendel (admitted Pro Hac Vice) | Florida Bar No. 32597 |
| Cole Richins (admitted Pro Hac Vice) | Peter H. Levitt |
| **MOORE & VAN ALLEN PLLC**[11] | Florida Bar No. 650978 |
| 100 North Tryon Street, Suite 4700 | **SHUTTS & BOWEN LLP** |
| Charlotte, NC 28202-4003 | 200 South Biscayne Blvd., Ste. 4100, |
| Telephone:   (704) 331-1000 | Miami, FL 33131 |
| Facsimile:   (704) 378-1989 | Telephone:   (305) 415-9447 |
| E-mail:luislluberas@mvalaw.com | Facsimile:   (305) 415-9847 |
|          stevegruendel@mvalaw.com | E-mail: hkoroglu@shutts.com |
|          colerichins@mvalaw.com |              plevitt@shutts.com |

*Counsel for Truist Bank*

---

[11] Harris J. Koroglu hereby certifies that the undesigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders dated as follows: (i) Luis M. Lluberas, October 10, 2022 [ECF No. 38]; (ii) Stephen E. Gruendel, October 10, 2022 [ECF No. 39]; and (iii) Cole B. Richins, October 10, 2022 [ECF No. 40].

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, a true and correct copy of the foregoing has been served via ECF on all parties receiving electronic notice in this case.

*/s/ Harris J. Koroglu*
Harris J. Koroglu