**DEBTORS EXHIBIT 7**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*[1],

_____/

Case No.: 22-17842-PDR

Chapter 11

(Jointly Administered)

### CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S RESPONSE TO THE UNITED STATES TRUSTEE'S OBJECTION TO THE EMERGENCY RELIEF REQUESTED AND PRELIMINARY OBJECTION TO THE TO THE OWNER'S AND CREDITOR'S MOTION TO DISMISS CHAPTER 11 CASE OF JHO REAL ESTATE INVESTMENT, LLC

Creditor and Interested Party, JOHN H. OWOC ("Mr. Owoc"), pursuant to 11 U.S.C. § 1112(b), Federal Rule of Bankruptcy Procedure 1017(f)(2), 9011, 9013, 9014, and Local Rules 9011-1 and 9075-1, files this Response to United States Trustee's Objection to the Emergency Relief Requested and Preliminary Objection to the Owner's and Creditor's Motion to Dismiss Chapter 11 Case of JHO Real Estate Investment, LLC ("JHO Real Estate"). The grounds for this Response are as follows:

1. JHO Real Estate filed an unauthorized petition for relief under Chapter 11 of the United States Bankruptcy Code on October 10, 2022 (the "Petition"). Attached to the Petition is a Written Consent, purporting to have what appears to be a DocuSign signature of Mr. Owoc, dated October 8, 2022 [D.E. 1]. The Written Consent purports to give John DiDonato the authority to sign and bind JHO Real Estate in the bankruptcy proceeding.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

2. On June 16, 2023, Mr. Owoc filed a Motion to Dismiss the Chapter 11 Bankruptcy proceedings of JHO Real Estate, asserting well-plead grounds under the applicable rules of procedure and rules of decision.

3. The United States Trustee ("UST") objected to Mr. Owoc's Motion to Dismiss, asserting several inapposite and misapplied arguments to support their request that the emergency nature, and substance of, the relief sought should be denied. Likewise, the UST's objections do not account for the Declaration executed by Mr. Owoc on June 23, 2023 (the "Declaration"). The UST's arguments are addressed in turn:

   I. **The UST Asserts That Owoc's Motion to Dismiss is Not Supported by Any Evidence Despite the Fact that a Declaration has Been Submitted in Support of the Motion**

The UST objects to both the emergency nature, and substance of, the relief sought by Mr. Owoc, asserting primarily that the Motion to Dismiss should be denied as lacking support of any evidence such as an "...affidavit or even a declaration executed under penalty of perjury by Mr. Owoc to any of factual (sic) contention or allegation pleaded." However, the docket reflects that on June 23, 2023, a sworn declaration was filed by Mr. Owoc [D.E. 1520] (the "Declaration") in support of the Motion to Dismiss. As a threshold matter, the UST's critical assertion – that is repeated and necessarily relied upon in their filing - that the Motion to Dismiss is "not supported by any evidence", is now moot and inapplicable given the filing of the duly executed Declaration, which serves as evidence that is controlling as to many of the grounds on which the Motion to Dismiss itself is to be decided, and likewise many of the procedural issues raised by the UST's objections.

   II. **The UST Incorrectly Argues That Administrative Order 2020-13 Obviates *All* Strict Requirements of Bankruptcy Local Rule 9011-1, Including the Requirements for the Debtor's Counsel to Explain the Substance and Purpose of the Critical Documents Allegedly Signed by Mr. Owoc**

2

As noted in prior pleadings, LR 9011-1 contains a litany of strict requirements that must be complied with by attorneys in advance of filing a petition for bankruptcy. The Trustee cites to Administrative Order 2020-13 (USBC SDFL, Dec. 1, 2020), presumably arguing that this emergency, COVID-era rule suspended the requirement for "wet ink" signatures to be used and originals of same maintained, and that therefore the requirements of Rule 9011 have been summarily waived *in their entirety*. However, Administrative Order 2020-13 did *not* suspend the other strict requirements of LR 9011, to wit:

> "(C) Prior to filing, the debtor's attorney/filer must:
> **(1) Verify with the signer that the signer has received the entire document(s) to be signed;**
> **(2) Communicate with the signer regarding the substance and purpose of the signed document;**
> (3) Receive back from the signer and be in possession of the entire document, including the signature page, that contains either a digital or scanned image of the signed document from the signer; and
> **(4) Obtain express authorization from the signer to file the document.**

(Emphasis added).

In fact, Administrative Order 2020-13 itself re-asserts and re-iterates such requirements:

> "In addition to the provisions for signatures and document retention under Local Rule 9011-1, the use of commercial digital signature software that provides signature authentication is permitted **on the condition that, prior to filing, the registered user has verified with the signer that the signer has received the entire document(s) to be signed, communicated with the signer regarding the substance and purpose of the signed document(s),** and obtained the signer's digital signature via any commercially available digital signature software that provides signature authentication, and will maintain a copy of the digitally signed document(s) in the case file

(Emphasis added).

In addition to clear allegations in the Motion to Dismiss itself, factual proffers set out in Mr. Owoc's Declaration further show that the procedural requirements of LR 9011 were *not*

3

complied with. Most importantly, Mr. Owoc was not informed of the substance or purpose of the allegedly signed document, nor was authority properly obtained to sign same. Mr. Owoc sets forth that he did not authorize John DiDonato to sign nor file a Chapter 11 Bankruptcy on behalf of JHO Real Estate, that he neither viewed nor actually signed the necessary Consent of Sole Shareholder serving as the authority to file the Chapter 11 Bankruptcy, **that he was never advised about the substance or purpose of filing a bankruptcy on behalf of JHO Real Estate**, that he in fact was not even made aware of JHO Real Estate's status as a party in the bankruptcy until *April of 2023*, and that had he been advised, he never would have authorized the filing of a Chapter 11 bankruptcy with respect to JHO Real Estate. Likewise, the Declaration makes clear that Mr. Owoc was never aware of any plan to liquidate the assets of JHO Real Estate – in fact, he was affirmatively misled to believe that VPX merely needed a loan to operate and that JHO Real Estate's involvement was in connection with a guarantee for same.

    III.    **The UST Erroneously Asserts Without Citation to Authority That the Well-Founded Grounds for Dismissal of JHO Real Estate's Bankruptcy Petition Are No Longer Applicable Due to How and When They Were Raised**

The UST's objection further argues that Mr. Owoc did not raise the issue of the authority for, and circumstances surrounding, the filing the Bankruptcy Petition on behalf of JHO Real Estate until such time as the UST argues was "too late," although not citing to any authority to state at which point it would no longer be appropriate to raise such critically dispositive issues in light of ever-developing facts.

Again, the Declaration filed by Mr. Owoc – who is not an attorney himself – outlines the history of factual obfuscation and challenges faced in the developing context of JHO's involvement in these bankruptcy proceedings. To wit; just a few of those factors cited in the Declaration are repeated below:

4

   a. Mr. Owoc did not discover that JHO Real Estate was even a party to the bankruptcy until as late as *April 2023*, when one of his attorneys was investigating the ownership of a distribution facility in Phoenix, Arizona, which was revealed to be owned by JHO Real Estate;

   b. Mr. Owoc's *individual* involvement with counsel with regard to these proceedings, outside of the general involvement of VPX with corporate counsel, did not begin until a little over a week before the instant bankruptcy was filed.[2] Prior communications with attorneys were, as a matter of course, handled by VPX's in-house counsel;

   c. Mr. Owoc's prior attorneys did not adequately advise him of JHO Real Estate's status as a debtor in the instant proceedings, nor was Mr. Owoc advised of any plan to liquidate the assets of JHO Real Estate, including valuable assets such as a manufacturing facility in Phoenix, Arizona.

Upon being made aware of JHO Real Estate's inclusion in this bankruptcy action, and the inequitable implications of same, Mr. Owoc through counsel took swift and timely action in requesting this Court dismiss JHO Real Estate from the bankruptcy proceeding. The UST, while attempting to imply that the timing of Mr. Owoc's objection to JHO Real Estate being involved in this bankruptcy is somehow suspect, does not address the very real factors that explain why such an objection was only made once Mr. Owoc was made aware of the nature and extent of JHO Real Estate's involvement. As outlined in Mr. Owoc's Declaration, given the value of JHO Real Estate's Phoenix manufacturing facility, it would simply not make sense, at any relevant point in

---

[2] An Amended Declaration of John H. Owoc in Support of his Emergency Motion to Dismiss the Chapter 11 Bankruptcy of Debtor JHO Real Estate Investments, LLC is being filed simultaneously with this Response.

time, for Mr. Owoc to facilitate such a bankruptcy that would result in a grotesquely wasteful liquidation of assets and capital.

IV. **The UST Requests this Court Disregard Alarming Discrepancies With Regard to the Circumstances of Where the Written Consent for JHO Real Estate's Bankruptcy was Signed**

As astutely noted by the UST in their Objection, Mr. Owoc is challenging the Written Consent in JHO Real Estate. The UST wishes to "jump the gun" in "invoking" Federal Rule of Evidence 801(d)(2), prematurely characterizing such "statement" or "admission" "by Owoc as being admissible evidence, while prematurely disregarding circumstantial evidence tending to show that significant electronic discrepancies that putting it mildly, cast *significant* doubt as to whether Mr. Owoc actually executed such electronic signatures. The UST attempts to mockingly dismiss serious allegations of fraud and forgery as fanciful ravings about "electronic ninjas." However, upon information and belief, the electronic records associated with the critical documents show an alarming discrepancy in the origin of the digital signatures. Such a glaring evidentiary issue cannot simply be hand-waived or eye-rolled in any court of law.

**WHEREFORE**, Creditor and Interested Party, John H. Owoc, respectfully requests that this Court (i) enter an order dismissing the Chapter 11 case of JHO Real Estate Investment, LLC for cause; (ii) overrule the USTs objections in their entirety; (iii) and grant such other and further relief as this Court deems just and proper.

## CERTIFICATION OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on July 7, 2023.

                                                Respectfully submitted,
                                            **CONRAD & SCHERER, LLP**
                                            *Counsel for John H. Owoc*
                                            633 S. Federal Hwy., Suite 800
                                            Fort Lauderdale, Florida 33316
                                            Telephone: (954) 847-3328
                                            Facsimile: (954) 463-9244
                                            Email: IGilbert@conradscherer.com
                                            OGonzalez@conradscherer.com

                                          By: */s/ Irwin R. Gilbert*
                                                 Irwin R. Gilbert
                                                 Florida Bar No. 99473