# WRITTEN CONSENT OF SOLE SHAREHOLDER AND SOLE DIRECTOR OF VITAL PHARMACEUTICALS INTERNATIONAL SALES INC.

The undersigned, being the sole Shareholder and the sole Director of Vital Pharmaceuticals International Sales, Inc., a Delaware corporation (the "Company"), in accordance with Section 141 (f) of the General Corporation Law of Delaware, hereby adopts the following resolutions by this written consent in lieu of a meeting:

**WHEREAS**, the Director has reviewed and considered the operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, the liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's businesses, creditors and other parties in interest;

**WHEREAS**, the Director has received, reviewed and considered the recommendations of the management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code"), and the Director has had an opportunity to consult with the Company's management team and the Company's legal, financial and other advisors and has fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, the Director has determined in the exercise of his business judgment that it is in the best interest of the Company to authorize and empower management of the Company to file a Chapter 11 bankruptcy case;

**WHEREAS**, it is proposed that the Company enter into that certain Superpriority Secured Debtor-In-Possession Credit Agreement, to be dated on or after the date the Court issues the Interim DIP Order (as defined in the Chapter 11 Documents) (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Credit Agreement"), by and among Vital Pharmaceuticals, Inc., a Florida corporation (the "DIP Borrower"), as borrower, the Company, as a guarantor, certain other subsidiaries and affiliates of the DIP Borrower party thereto from time to time as guarantors (together with the Company, collectively the "DIP Guarantors"), the lenders party thereto from time to time (collectively, the "Lenders") and Truist Bank, as administrative agent for the Lenders (in such capacity, the "DIP Agent"). The date that the DIP Credit Agreement is entered into is referred to herein as the "DIP Effective Date";

**WHEREAS**, it is proposed that the Company enter into that certain Postpetition Security and Pledge Agreement, dated as of the DIP Effective Date (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "DIP Security Agreement"), by and among the DIP Borrower, the Company, the other DIP Guarantors and the DIP Agent, pursuant to which the DIP Borrower, the Company and the other DIP Guarantors will grant liens in substantially all of their respective personal property to the DIP Agent for the benefit of the holders of the Secured Obligations (as defined in the DIP Security Agreement);

WHEREAS, in connection with the DIP Credit Agreement and the DIP Security Agreement, it is proposed that the Company enter into certain Loan Documents (as defined in the DIP Credit Agreement) (together with the DIP Credit Agreement and the DIP Security Agreement, collectively, the "DIP Loan Documents") and certain other instruments, certificates, agreements and other documents necessary, desirable, convenient, appropriate, advisable or otherwise requested by the DIP Agent to satisfy the covenants, conditions precedent and any conditions subsequent for the extension of credit under the DIP Credit Agreement, or in connection with the performance of its obligations under the DIP Loan Documents, including, without limitation, mortgages, deeds of trust, trust deeds, collateral access agreements, landlord waivers, bailee letters, common carrier letters, warehouse letters (or any similar agreement to any of the foregoing), security agreements, pledge agreements, guaranties, control agreements, lockbox agreements, stock powers, intercompany notes, promissory notes, allonges, assignments, Uniform Commercial Code financing statements, promissory notes, indorsements, notices of borrowing, borrowing base certificates, requests for advances, requests for issuance of letters of credit, any fee letters, engagement letters, commitment letters, payoff letters, post-closing agreements and any other affidavits, agreements, certificates, documents, instruments, notices, recordings or filings deemed necessary or proper by the DIP Agent or required by the DIP Loan Documents, and affidavits, agreements, certificates, documents, instruments, notices, recordings or filings relating to any of the foregoing (together with the DIP Loan Documents, collectively, the "DIP Credit Documents");

WHEREAS, in connection with the execution, delivery and performance by the Company of the DIP Credit Documents to which it is a party, the Company may be required, or may deem it necessary or appropriate, to take such other actions, including, without limitation, the filing of Uniform Commercial Code financing statements or amendments thereto, or other filings necessary to perfect or give notice of liens, the notating of liens on titles, the delivery of stock powers and stock or other equity certificates, the delivery of allonges and notes, the payment of fees, costs and expenses, the giving of notices, the designation of persons authorized to act, and other actions as may be necessary or appropriate to perform under any DIP Credit Documents to which it is a party (collectively, the "Related Actions");

WHEREAS, the Director has determined that the Company's entry into the DIP Credit Documents to which it is a party, including, if applicable, the Company's guarantee of obligations of the Borrower and the other DIP Guarantors in the DIP GCA and taking of the Related Actions (i) is necessary or convenient to the conduct, promotion or attainment of the Company's business and (ii) may reasonably be expected to benefit the Company, directly or indirectly; and

WHEREAS, the Director has determined that the execution, delivery and performance of each DIP Credit Document to which the Company is a party, and taking of the applicable Related Actions will benefit the Company and is in the best interest of the Company, including the granting of a lien on and/or security interest in substantially all of its assets to secure the obligations under the DIP Credit Documents to which it is a party, and to enter into and to perform its obligations under each DIP Credit Document to which it is a party.

11619813-4

VPX-JHO0000000136

1.  **Chapter 11 Case**.

    **NOW THEREFORE, BE IT RESOLVED** that the Director of the Company, for and on behalf of the Company, approves and ratifies the decision of management of the Company promptly to file a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Florida (the "Court") if such action is deemed necessary by management, and to execute and deliver any and all documents required by, or necessary or appropriate with respect to, the filing and administration of the Chapter 11 Case (collectively, the "Chapter 11 Documents"); and it is further

    **RESOLVED**, that the Director of the Company hereby authorizes, directs and empowers the President, Chief Executive Officer, Vice President, Chief Transformation Officer, General Counsel, Chief Financial Officer, Treasurer and/or Secretary of the Company (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of the Company to prepare, execute and/or verify and to cause to be filed, and the Secretary, any Assistant Secretary or other applicable officer, be and each hereby is authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Case, including but not limited to the petition, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, DIP Loan Documents, lists, motions, applications, objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation and other papers or documents) necessary or desirable in connection with the foregoing, including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

    **RESOLVED**, that any of the Authorized Officers of the Company, who may act without the joinder of any of the other officer of the Company, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of the Company and otherwise to take all actions (including, without limitation, (i) negotiation, execution, delivery, and filing of any agreements, certificates, or other instruments or documents, (ii) the payment of any retainer or consideration for any professional retained by the Company in the Chapter 11 Case, and (iii) the payment of expenses and taxes as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Case, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

2.  **Retention of Professionals**.

    **RESOLVED**, that the Director hereby approves and ratifies the employment by the Company of the law firm of Latham & Watkins, LLP ("Latham & Watkins"), to represent the Company as its general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and all related matters, and to take any and all actions to

VPX-JHO0000000137

advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Latham & Watkins; and it is further

**RESOLVED**, that the Director hereby approves and ratifies the employment by the Company of the law firm of Berger Singerman LLP ("BSLLP"), to represent the Company as its Florida bankruptcy co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and all related matters, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of BSLLP; and it is further

**RESOLVED**, that the Director hereby approves and ratifies (i) the employment by the Company of Huron Consulting Services LLC ("Huron") to provide the services of a Chief Transformation Officer to the Company, and other Huron personnel to assist the Chief Transformation Officer, in conjunction with the Chapter 11 Case and all related matters and (ii) the appointment of John C. DiDonato as Chief Transformation Officer; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Huron; and it is further

**RESOLVED**, that the Director hereby approves and ratifies the employment by the Company of the firm of Rothschild & Co US Inc. ("Rothschild & Co"), as investment banker to the Company in conjunction with the Chapter 11 Case and all related matters; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Rothschild & Co; and it is further

**RESOLVED**, that the Director hereby approves and ratifies the employment by the Company of Stretto, Inc. ("Stretto"), as claims and noticing agent in connection with the preparation for and administration of the Chapter 11 Case and all related matters; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

VPX-JHO0000000138

3. **General Authorization.**

**RESOLVED**, that the Authorized Officers of the Company and counsel for the Company are hereby authorized and directed to take all such further actions and execute and deliver all such further instruments and documents in the names and on behalf of the Company under their corporate seals or otherwise and to incur and pay such expenses as in his or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

4. **Approval of DIP Credit Facility.**

**RESOLVED**, that the Director hereby determines that the approval of the transactions contemplated by the DIP Credit Documents and the execution, delivery and performance by the Company of the DIP Credit Documents to which it is a party on the terms and conditions as substantially described or provided to the Director will benefit the Company and is in the best interest of the Company; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time (including, without limitation, any amendments or supplements to the DIP Credit Agreement that increase the amount of credit available thereunder) any of the DIP Credit Documents to which it is a party, and to take any and all actions that the Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Case and/or any post-petition financing or any cash collateral usage contemplated hereby or thereby; and it is further

**RESOLVED**, that each Authorized Officer is hereby authorized, directed and empowered to do or cause to be done all such acts or things and to execute and deliver, or cause to be executed and delivered, under seal or otherwise, all such DIP Credit Documents or other affidavits, agreements, certificates, documents, instruments, notices, recordings and filings (including, without limitation, any and all certificates and notices required or permitted to be given or made under the terms, conditions or provisions of any of the agreements, documents or instruments executed therewith), in the name and on behalf of the Company on behalf of each of the Company's direct or indirect subsidiaries, as any such Authorized Officer, in his or her discretion, may deem necessary, proper or advisable to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of such subsidiary under all affidavits, agreements, certificates, documents, instruments, recordings and filings executed or delivered on behalf of such subsidiary in connection with the DIP Credit Documents to which such subsidiary is a party, and all acts of any Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

**RESOLVED**, that the Company is hereby authorized to grant a lien on, security interest in, and/or pledge any and all of its properties and assets to secure its obligations (including any obligations guaranteed by it under the DIP Security Agreement, any other DIP Credit Document

to which it is a party) under the DIP Credit Documents to which it is a party and to enter into and to perform its obligations under each DIP Credit Document to which it is a party and that the grant of liens, security interests and pledges by the Company as contemplated in the DIP Credit Documents to which it is party, and the grant of any additional liens, security interests or pledges pursuant to any additional security agreements or pledge agreements that may be required under the DIP Credit Documents to which it is party, and the execution of documents, agreements and instruments in connection therewith, and the filing of financing statements to perfect or otherwise evidence such liens, security interests or pledges, are in each case hereby authorized, approved, and adopted, as applicable; and it is further

**RESOLVED**, that the Company and any of its designees is hereby authorized to take any of the Related Actions, and that the DIP Agent or its designee may file any financing statement(s) or other filing or recording documents or instruments against the Company in connection with the grant of security under the DIP Security Agreement and the other DIP Credit Documents to which it is party, and that such financing statement(s) may, without limitation, include an "all assets" collateral description (including, without limitation, "all assets of debtor", "all personal property of the debtor", "all assets of the debtor, whether now existing or hereafter acquired or arising or in which debtor otherwise has rights and all proceeds thereof", or words of similar effect.

October **8**, 2022

_____
John Owoc (Oct 9, 2022 22:06 EDT)
Jack H. Owoc, Sole Shareholder and Sole Director

# 2022-10-09 - Vital Pharmaceutical International Sales Inc. (DE) - resolution(bankruptcy) (LW) 10.9.22

Final Audit Report                                                                 2022-10-10

| | |
|---|---|
| Created: | 2022-10-10 |
| By: | Yaylin Duran (yaylin.duran@bangenergy.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAL4_-f37FOPnFBsMMtf3oFGBSJNTVDC9U |

## "2022-10-09 - Vital Pharmaceutical International Sales Inc. (DE) - resolution(bankruptcy) (LW) 10.9.22" History

- Document created by Yaylin Duran (yaylin.duran@bangenergy.com)
  2022-10-10 - 1:35:38 AM GMT- IP address: 174.211.100.206

- Document emailed to ceo@bangenergy.com for signature
  2022-10-10 - 1:35:46 AM GMT

- Email viewed by ceo@bangenergy.com
  2022-10-10 - 2:06:17 AM GMT- IP address: 104.47.59.254

- Signer ceo@bangenergy.com entered name at signing as John Owoc
  2022-10-10 - 2:06:47 AM GMT- IP address: 166.205.159.133

- Document e-signed by John Owoc (ceo@bangenergy.com)
  Signature Date: 2022-10-10 - 2:06:49 AM GMT - Time Source: server- IP address: 166.205.159.133

- Agreement completed.
  2022-10-10 - 2:06:49 AM GMT

Adobe Acrobat Sign