UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| | (Jointly Administered) |
| Debtors.[1] | |
| _____/ | |

**DECLARATION OF JADE K. SILVER IN SUPPORT OF PREPETITION AGENT'S AND DIP AGENT'S OBJECTION TO CREDITOR AND INTERESTED PARTY JOHN H. OWOC'S EMERGENCY MOTION TO DISMISS CHAPTER 11 BANKRUPTCY OF DEBTOR JHO REAL ESTATE INVESTMENT, LLC AND JOINDER TO DEBTORS' OBJECTION THERETO**

I, Jade K. Silver, declare as follows:

1.  I am an individual over eighteen (18) years of age. I am a Senior Vice President and Problem Loan Administrator for Truist Bank.

2.  Truist Bank serves as Prepetition Agent on behalf of the Prepetition Lenders, and as DIP Agent, on behalf of the DIP Lenders in these chapter 11 bankruptcy cases. Truist Bank is also a Prepetition Lender and a DIP Lender.[2]

3.  I make this Declaration in support of the *Prepetition Agent's and DIP Agent's Objection to Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of JHO Real Estate Investment, LLC and Joinder to Debtors' Objection*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] The capitalized terms "Prepetition Agent", "Prepetition Lenders", "DIP Agent", and "DIP Lenders" are each defined in *Final Order (I) Approving Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [ECF No. 638] (the "Final DIP Order"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Final DIP Order.

*Thereto* (the "Objection"). Unless otherwise qualified, the following facts are within my own personal knowledge.

4.  In the course of my employment, I have become familiar with the manner and method in which Truist Bank maintains its books and records in the regular course of business. It is the practice of Truist Bank to maintain its books and records accurately and completely and to record each event or item at or near the time of the event or item so noted.

5.  Since January 24, 2022, I have been the Problem Loan Administrator at Truist Bank responsible for managing the Debtors' obligations owed to Truist Bank, including the Prepetition Obligations and, since the Petition Date, the DIP Obligations.

6.  In connection with these cases, I have reviewed the books and records of Truist Bank with respect to the Prepetition Obligations and the DIP Obligations as well as the Final DIP Order.

**Prepetition Obligations**

7.  On August 14, 2020, the Debtors (including JHO Real Estate, LLC), certain affiliates of the Debtors, the Prepetition Agent, and the Prepetition Lenders entered into the Prepetition Credit Agreement and certain other Prepetition Credit Documents. One or more of those parties entered into other Prepetition Credit Documents thereafter.

8.  Pursuant to the Prepetition Credit Agreement and the other Prepetition Credit Documents, among other things, (i) the Prepetition Lenders extended credit to Vital Pharmaceuticals, Inc., as the borrower under the Prepetition Credit Agreement, (ii) JHO Real Estate, LLC guaranteed such extensions of credit (constituting the Prepetition Obligations), and (iii) JHO Real Estate, LLC pledged certain assets to secure the Prepetition Obligations.

9. One of the assets JHO Real Estate, LLC pledged to secure the Prepetition Obligations is the Arizona Real Property. JHO Real Estate, LLC pledged the Arizona Real Property to the Prepetition Agent to secure the Prepetition Obligations pursuant to at least one mortgage instrument – a Deed of Truist, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of December 3, 2020 and recorded on December 14, 2020 with the Maricopa County (Arizona) Recorder as document no. 20201230181 (the "Arizona JHO Mortgage").

10. Prior to the Petition Date (October 10, 2022), the Debtors (including JHO Real Estate, LLC) and certain affiliates of the Debtors defaulted in respect of their obligations arising under the Prepetition Credit Documents. The Events of Default (as defined in the Prepetition Credit Agreement) included, among other things, the failure to comply with certain financial covenants set forth in the Prepetition Credit Agreement as of several measurement dates.

11. As a result of the occurrence and existence of certain Events of Default (as defined in the Prepetition Credit Agreement), the Prepetition Agent and the Prepetition Lenders had the ability to exercise their rights and remedies arising under the Prepetition Credit Documents and applicable law. Such rights and remedies included the exercise of collection actions against JHO Real Estate, LLC and its assets pledged to secure the Prepetition Obligations and, specifically, the commencement of state court foreclosure proceedings pursuant to the Arizona JHO Mortgage against the Arizona Real Property.

12. Prior to the Petition Date, the Debtors (including JHO Real Estate, LLC), certain affiliates of the Debtors, the Prepetition Agent, and the Prepetition Lenders entered into a series of forbearance agreements pursuant to which, among other things, the Prepetition Agent and the Prepetition Lenders agreed to forbear from the exercise of their rights and remedies arising under

3

the Prepetition Credit Documents due to the existence of certain Events of Default (as defined in the Prepetition Credit Agreement) for specified periods of time on the terms and conditions set forth therein.

13. Those forbearance agreements benefitted the Debtors (including JHO Real Estate, LLC) because pursuant to those forbearance agreements the Prepetition Agent and the Prepetition Lenders agreed not to, and in fact did not, among other things, exercise collection actions against the Debtors (including JHO Real Estate, LLC) and their respective assets pledged to secure the Prepetition Obligations. Among the actions not taken was the commencement of state court foreclosure proceedings pursuant to the Arizona JHO Mortgage against the Arizona Real Property.

14. The last forbearance agreement in that series – a Fifth Forbearance Agreement – was executed on September 15, 2022 and provided for a forbearance period that terminated automatically on 11:59 p.m. (Eastern time) on September 30, 2022.

15. From and after October 1, 2022 and until the Petition Date, the Prepetition Agent and the Prepetition Lenders were able to exercise their rights and remedies arising under the Prepetition Credit Documents against the Debtors (including JHO Real Estate, LLC) and their affiliates. Those rights and remedies included, among other things, the commencement of state court foreclosure proceedings pursuant to the Arizona JHO Mortgage against the Arizona Real Property.

16. But for the commencement of JHO Real Estate, LLC's bankruptcy case on the Petition Date, the Prepetition Agent would have commenced state court foreclosure proceedings pursuant to the Arizona JHO Mortgage against the Arizona Real Property to obtain repayment, at least in part, in respect of the Prepetition Obligations.

17. But for JHO Real Estate, LLC guaranteeing the DIP Obligations and pledging its assets (including the Arizona Real Property) to secure the DIP Obligations, the Prepetition Agent would have sought relief from the automatic stay to exercise remedies against JHO Real Estate, LLC and its assets (including the Arizona Real Property).

**DIP Obligations**

18. On January 12, 2023, this Court entered the Final DIP Order [ECF No. 638], therein, among other things, approving the DIP Facility.

19. The DIP Facility provided the Debtors with access to a maximum principal amount of $335,000,000 in debtor-in-possession financing, comprised of (i) $235,000,000 in "rolled up" Prepetition Obligations; and (ii) $100,000,000 in "new money" financing.

20. Truist Bank extended credit to the Debtors on the economic terms set forth in the DIP Facility in reliance, in part, on JHO Real Estate, LLC having commenced a bankruptcy case, serving as a guarantor of the DIP Obligations, and pledging its assets (including the Arizona Real Property) to secure repayment of the DIP Obligations.

21. In extending credit to the Debtors in accordance with the DIP Facility, Truist Bank relied on the representations, warranties, and certifications made to it by JHO Real Estate, the other Debtors, and any officer of the foregoing, as the case may be, set forth in the DIP Credit Agreement and the other DIP Documents.

22. As of the date of this Declaration, the aggregate outstanding principal amount of the DIP Obligations is $317,000,000, inclusive of $82,000,000 in "new money" financing.

23. Because of the substantial value of the Arizona Real Property, if JHO Real Estate had not commenced a bankruptcy case and pledged its assets (including the Arizona Real

Property) to secure repayment of the DIP Obligations, then Truist Bank would not have extended its ratable portion of the $82,000,000 in "new money" financing.

<u>Miscellaneous</u>

24. If the automatic stay becomes no longer applicable to JHO Real Estate, LLC and its assets, then the Prepetition Agent and the DIP Agent will exercise remedies with respect to JHO Real Estate, LLC and its assets to obtain repayment, at least in part, in respect of the Prepetition Obligations and the DIP Obligations, respectively. Such remedies will include the commencement of state court foreclosure proceedings pursuant to the Arizona JHO Mortgage and the DIP Documents against the Arizona Real Property.

25. I have reviewed the Objection. The facts stated therein are true and correct to the best of my knowledge and belief.

26. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Dated: July 9, 2023

By: *Jade K. Silver*
Name: Jade K. Silver

6