# **EXHIBIT 2**

# EXHIBIT "1"

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-23-014222

John OWOC,

    Plaintiff,

v.

Robert DICKINSON, Stephen GRAY,
Steven PANAGOS, and
VITAL PHARMACEUTICALS, INC.

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, John "Jack" Owoc, ("Plaintiff" or "Owoc"), by and through undersigned counsel, hereby files this Amended Complaint for Declaratory and Injunctive Relief against Defendants, Robert "Bob" Dickinson, Stephen Gray, Steven Panagos (collectively, "Directors"), and Vital Pharmaceuticals, Inc., and alleges as follows in support thereof:

### PARTIES, JURISDICTION, AND VENUE

1.    This is an action for declaratory relief and a preliminary injunction arising under the laws of the State of Florida. The Court has jurisdiction pursuant to Section 86.011 of the Florida Statutes.

2.    John "Jack" Owoc ("Owoc") is an individual, *sui juris*, and the founder, sole shareholder, and Chief Executive Officer of VPX. Owoc is also Chairman of the Board of Directors of VPX.

1

3. Defendant, Robert "Bob" Dickinson, is an individual, *sui juris*, is a resident of Miami-Dade County, Florida, and purports to be a member of the Board of Directors of VPX, appointed on December 15, 2022.

4. Defendant, Stephen Gray, is an individual, *sui juris*, and a member of the Board of Directors of VPX, having been appointed to his position in accordance with VPX's corporate bylaws. Gray purports to be a resident of Massachusetts. However, the conduct giving rise to the incident lawsuit arose within the state of Florida.

5. Defendant, Steven Panagos, is an individual, *sui juris*, and a member of the Board of Directors of VPX, having been appointed to his position in accordance with VPX's corporate bylaws. Panagos purports to be a resident of Connecticut. However, the conduct giving rise to the incident lawsuit arose within the state of Florida.

6. Defendant, Vital Pharmaceuticals, Inc. ("VPX" or the "Company") is a corporation duly incorporated and existing under the laws of the State of Florida, with its principal place of business in Broward County, Florida.

7. This Court has jurisdiction and venue is proper in Broward County, Florida, as all parties reside and/or conduct business in this County and the causes of action alleged herein arose in this County.

## GENERAL ALLEGATIONS

8. On October 10, 2022, VPX and its related entities filed a voluntary petition for relief in the United States Bankruptcy Court for the Southern District of Florida (the "Chapter 11 Cases"). VPX commenced these cases in order to, among other things, obtain "breathing room" from pending litigation.

9. Historically, Owoc, the founder and sole shareholder of the Company, had served as the sole director or member, as well as the Chief Executive Officer or managing member, as applicable, of VPX and its related entities. Owoc has held these positions for nearly three decades, beginning in 1993.

10. Owoc, at the advice of VPX's counsel for the Chapter 11 Cases, initiated a plan to increase the size of the board of directors to include five directors, consisting of (a) two Company executives, *i.e.*, Owoc and Kathleen Cole (who served as VPX's Chief Operating Officer); (b) two members unaffiliated with the Company, *i.e.*, Dr. Guillermo Escalante and Eric Hillman, each of whom has deep knowledge of the industry and/or VPX's products; and (c) Steve Panagos, a veteran restructuring advisor with extensive experience serving as an independent director for companies undergoing in-court or out-of-court restructurings.

11. Defendant Bob Dickinson was initially appointed to the Board on December 14, 2022, as a replacement member previously unaffiliated with VPX.

12. Immediately after being appointed, Dickinson colluded with Defendant Steve Panagos and attempted to recruit Eric Hillman into a scheme to control the votes of the Board. Dickinson threatened Hillman stating he must vote consistent with Panagos and against Owoc on all Board votes. However, the problem was Dickinson's intended actions were not in the best interests of the company or its sole shareholder.

13. Acting preemptively to prevent this scheme, Owoc properly terminated Dickinson from his position as a member of the Board in accordance with Florida law and the corporate bylaws on or about December 15, 2022.

14. Subsequently, despite Owoc's termination of Dickinson, the Directors, acting *ultra vires*, purported to reinstate Dickinson as a member of the Board of Directors and initiated a

3

scheme to utilize his vote as a member of the Board in an attempt to wrongfully terminate Owoc for pretextual causes.

15. In order to protect themselves while carrying out their scheme, the Directors needed to ensure that Owoc would not have the ability to remove them as members of the Board or terminate their employment.

16. To do so, the Board, acting through this 3-member majority comprised of the Directors, including Bob Dickinson, executed a written consent on January 7, 2023, modifying the corporate bylaws to prevent the shareholder, CEO, or any member of the Board from removing a Board member and leaving that removal power solely to a majority Board vote. This ensured that the Directors, acting through their 3-member majority, could never be ousted.

17. With this protection in place, the Directors continued with their scheme.

18. On January 26, 2023, the Directors, purportedly on behalf of the Board, including Dickinson, sent Owoc a Demand Letter. The letter cited supposed concerns the Board had with Owoc's actions and requesting Owoc's immediate appearance at a Board meeting the following day. *See* January 26 Demand Letter, attached hereto as **Exhibit A**. This letter was written on behalf of the Directors by the Latham Watkins Law Firm, and purposely excluded the remaining two Board members, Owoc and Hillman.

19. On February 10, 2023, the Board, again including Dickinson, sent Owoc a second Demand Letter, citing more apparent concerns the Board had with Owoc's actions and requesting Owoc's immediate appearance at yet another Board meeting. *See* February 10 Demand Letter, attached hereto as **Exhibit B**.

20. Upon realizing what the Directors were plotting, Owoc formally terminated each of the Directors from their positions as members of the Board on March 5, 2023, citing to the

4

Directors' repeated threats towards Owoc and disastrous outcome to VPX should their scheme be realized. *See* March 5, 2023 Notice of Termination of the Directors, attached hereto as **Exhibit C**.

21. Finally, the Directors, acting *ultra vires*, wrongfully terminated Owoc on March 9, 2023. *See* Letter of Termination, attached hereto as **Exhibit D**.

22. This termination would not have been possible but for the vote of Dickinson, who was properly terminated by Owoc in December 2022, but who nonetheless voted to terminate Owoc.

23. As a direct and proximate result of the Directors' actions, VPX's CEO has been deprived of his rightful position, and the governance and operation of VPX have been significantly impaired.

## COUNT I: DECLARATORY JUDGMENT

24. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

25. An actual, present, and justiciable controversy exists between Plaintiff and Defendants as to the validity of the Directors' terminations from their positions as corporate officers and the CEO's termination.

26. Pursuant to Section 607.0842 of the Florida Statutes, an officer of a corporation can be removed at any time, with or without cause by the appointing officer or any other officer if authorized by the bylaws.

27. Pursuant to Florida law and the applicable provisions of VPX's corporate bylaws, Owoc, as CEO, sole shareholder, and chairman of the Board, had a legal right to terminate a corporate officer and member of the Board.

28. Owoc's termination of Dickinson occurred before the Board, including Dickinson, voted to terminate Owoc.

29. Further, Owoc's termination of the Directors, including the second termination of Dickinson, occurred before the Board voted to terminate Owoc.

30. Accordingly, the Board's termination of Owoc is void *ab initio*.

31. Plaintiff seeks a declaratory judgment, pursuant to Section 86.011 of the Florida Statutes, declaring that the Directors were validly terminated from the Board of Directors and that their subsequent actions, including the termination of the CEO, are null and void, and that Owoc remains in his position as CEO of VPX.

WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment in favor of Plaintiff and against the Directors, declaring that the Directors were validly terminated from the Board of Directors and that their subsequent actions, including termination of the CEO, are null and void, that Owoc remains in his position as CEO of VPX, and for any further relief this Court deems just and proper.

## COUNT II: PRELIMINARY INJUNCTION

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33. Plaintiff will suffer irreparable harm if the Directors are permitted to continue acting as Board members and if the wrongful termination of the CEO is allowed to stand.

34. Plaintiff has a substantial likelihood of success on the merits, as the CEO's termination of the Directors was in accordance with the corporate bylaws.

35. The threatened injury to Plaintiff outweighs any potential harm to Defendants.

36. Plaintiff has no adequate remedy at law.

37. Plaintiff seeks a preliminary injunction, pursuant to Rule 1.610 of the Florida Rules of Civil Procedure, enjoining the Directors from acting as Board members and nullifying the wrongful termination of the CEO.

WHEREFORE, Plaintiff respectfully requests that this Court enter a preliminary injunction, enjoining the Directors from acting as Board members and nullifying the wrongful termination of the CEO, and for any further relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on June 7, 2023.

Respectfully submitted,

**CONRAD & SCHERER, LLP**
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com
OGonzalez@conradscherer.com

By: */s/ Irwin R. Gilbert*
Irwin R. Gilbert
Florida Bar No. 99473