# **<u>EXHIBIT 10</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN OWOC,

      Plaintiff,

v.

ROBERT DICKINSON, STEPHEN GRAY,
and STEVEN PANAGOS,

      Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334, 1441 1446 and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Defendants ROBERT DICKINSON, STEPHEN GRAY and STEVEN PANAGOS hereby give notice that the civil action styled *John Owoc v. Robert Dickinson, Stephen Gray, and Steven Panagos,* Case No. CACE-23-014222, currently pending in state court in the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "State Court Action"), is removed to this Court without waiving any rights to which Defendants may be entitled. Pursuant to this Court's Order of Reference entered on March 27, 2012, and Local Rule 87.2 and as set forth more fully below, upon removal this action should be referred to the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") as related to the pending chapter 11 case captioned *In re Vital Pharmaceuticals, Inc. et al.*, Case No. 22-17842-PDR (Bankr. S.D. Fla.) (the "Bankruptcy Proceedings"). In support thereof, the Defendants respectfully state as follows:

## I. REMOVAL IS TIMELY

1.       On or about June 1, 2023, Plaintiff filed the Complaint and commenced the State Court Action. Robert Dickinson, Stephen Gray, and Steven Panagos were served with the summons and Complaint on July 3, 2023, June 23, 2013 and June 19, 2023, respectively.

2.       Defendants were not aware of the State Court Action until Plaintiff filed the *Creditor and Interested Party John H. Owoc's Motion to Clarify Extent of Automatic Stay or in the Alternative for Relief from Stay* in the Bankruptcy Proceedings on June 7, 2023. *In re Vital Pharmaceuticals, Inc. et al.*, Case No. 22-17842-PDR (Bankr. S.D. Fla.) [Docket No. 1442] (the "Automatic Stay Clarification Motion"). Pursuant to the Automatic Stay Clarification Motion, the Plaintiff seeks relief from the Bankruptcy Court to add Vital Pharmaceuticals, Inc. (the "Debtor"), a debtor in the Bankruptcy Proceedings, as a defendant in the State Court Action. Defendants, who are members of the Debtor's board of directors, were provided a copy of the Automatic Stay Clarification Motion upon its filing, which was the first time the Defendants learned of the pending State Court Action.

3.       Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed "within (30) days after the receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

## II. REMOVAL BASED ON CORE BANKRUPTCY JURISDICTION IS PROPER

1.       This action is being removed to this Court based on this Court's original jurisdiction over the action pursuant to 28 U.S.C. § 1334(b).

2.       On October 10, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. Plaintiff is the sole shareholder of the Debtor, and is also a creditor and interested party in the Bankruptcy Proceedings.

3.     This case arises in and is related to the Bankruptcy Proceedings.  and therefore may be removed to this Court pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), which confers jurisdiction over all civil proceedings "arising under title 11, or arising in or related to a case under title 11."

4.     Each claim in the action is "related to a case under title 11" because such claims directly impact the ongoing Bankruptcy Proceedings.  *See, e.g.*, *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 789 (11th Cir. 1990) (observing that a civil proceeding is related to a case under title 11 if it "could conceivably have an effect on the estate being administered in bankruptcy"); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ("Proceedings 'related to' the bankruptcy include ... suits between third parties which have an effect on the bankruptcy estate."); *Wortley v. Bakst*, 844 F.3d 1313, 1320 (11th Cir. 2017). Plaintiff's claims center around the composition of the Debtor's Board of Directors and the Board of Director's power to govern the Debtor, as a debtor-in-possession, during the Bankruptcy Proceedings.

5.     The Debtor's governance was an important element of the Debtor's ability to obtain up to $335 million of debtor-in-possession financing ("the "DIP Financing").  As part of the negotiations for the DIP Financing, the Debtor's lenders required comfort that Mr. Owoc would not, as he now does in the State Court Action, attempt to challenge the Board's authority in connection with entering into the DIP Financing or the Bankruptcy Proceedings more generally. As a result, in approving the DIP financing, the Bankruptcy Court entered a *Final Order (I)*

*Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* on January 12, 2023. *In re Vital Pharmaceuticals, Inc. et al.*, Case No. 22-17842-PDR (Bankr. S.D. Fla.) [Docket No. 638] (the "Final DIP Order").

6.      Pursuant to the DIP Order, the Bankruptcy Court ordered that:

> Each Debtor's board of directors or managers (or other equivalent governing body) shall at all times: (i) be composed of five (5) individuals at least three (3) of whom (A) do not have a relationship by blood (to the second (2nd) degree of consanguinity), marriage or adoption to John Henry Owoc, (B) are not employees, officers, managers or consultants of, or independent contractors or advisors to, any Debtor (other than in respect of service on such board or other equivalent governing body) and (C) are otherwise acceptable to the Creditors' Committee and the Required DIP Lenders (including, without limitation, in respect of independence and restructuring experience), it being understood that Bob Dickinson, Stephen S. Gray and Steven G. Panagos are acceptable to the Creditors' Committee and the Required DIP Lenders; and (ii) include a restructuring committee (the "Restructuring Committee") composed solely of one (1) individual reasonably acceptable to the Creditors' Committee and the Required DIP Lenders, it being understood that Steven G. Panagos is reasonably acceptable to the Creditors' Committee and the Required DIP Lenders; *provided*, that, upon the death, incapacity or resignation (but, for the avoidance of doubt, not the removal) of any individual serving on the board of directors or managers (or equivalent governing body) of any Debtor or serving on the Restructuring Committee, there shall not occur a breach of this paragraph 62(b) if a replacement therefor that satisfies the criteria set forth in this paragraph 62(b)(i) or (ii) case may be, shall have been appointed within seven (7) days after such death, incapacity or resignation, and, upon such appointment, such replacement is vested with the same scope of authority held by his or her predecessor. <u>For the avoidance of doubt, as of the First Amendment Effective Date, the Debtors' boards of directors or managers (or equivalent body) shall be composed of John H. Owoc, as Chairman of the Board, Eric Hillman, Bob Dickinson, Stephen S. Gray and Steven G. Panagos.</u>

Final DIP Order at 68-69.  The State Court Action, in which Plaintiff alleges that he fired Mr. Dickinson from the Debtor's Board prior to the entry of the Final DIP Order, is directly contrary to the Bankruptcy Court's Final DIP Order.

7.      Additionally, the outcome of this action could conceivably have an effect on the bankruptcy proceedings.  Each of the Defendants is a member of the Debtor's board of directors, and is contractually entitled to indemnification from the Debtor, including with respect to defense costs.  Additionally, the Debtor's board has approved a sale of substantially all assets of the Debtor, which motion for approval of such sale is currently scheduled to be heard in the Bankruptcy Court on July 12, 2023.  To the extent the Plaintiff continues to press his theories as to the composition and authority of the Debtor's Board in connection with the sale, the Bankruptcy Court will necessarily need to resolve such matters as part of the pending sale motion.  Therefore, this action is "related to" the bankruptcy.[1]  *See, e.g.*, *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 789 (11th Cir. 1990) (observing that a civil proceeding is related to a case under title 11 if it "could conceivably have an effect on the estate being administered in bankruptcy").

8.      Additionally, Removal of this action will promote judicial economy and avoid piecemeal resolution of the issued raised in the State Action and the bankruptcy proceedings. Moreover, removal comports with the broad jurisdiction given to the bankruptcy courts.  *Celotex Corp.*, 514 U.S. at 308; *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999) (describing "related to" jurisdiction as "extremely broad").

---

[1] Defendants' summary of how the State Court Action is "related to" the Bankruptcy Proceedings set forth herein is not exhaustive of all the basis for this Court's original bankruptcy jurisdiction.

### III.   REMOVAL TO THE SOUTHERN DISTRICT OF FLORIDA IS PROPER

1.      Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1409(a) because this action is related to the Bankruptcy Proceedings, which are pending in the United States Bankruptcy Court for the Southern District of Florida. Additionally, pursuant to 28 U.S.C. § 1446(a), venue lies in this Court because the Seventeenth Judicial Circuit, in and for Broward County, Florida, is within this Court's district.  Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), the undersigned have signed this Notice of Removal pursuant to Bankruptcy Rule 9011.

2.      Accordingly, removal of the action is also proper under 28 U.S.C. § 1452(a).

### IV.   ALL REQUIREMENTS NECESSARY FOR REMOVAL HAVE BEEN MET

1.      Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders that have been filed to date in this case are attached hereto as **Exhibit "A."**

2.      There are no motions currently pending in this action in the Seventeenth Judicial Circuit.  Accordingly, there are no pending motions or documents being filed along with this Notice of Removal, as would otherwise be required.

3.      Pursuant to 28 U.S.C. §1446(d), promptly after the filing and service of this Notice of Removal, Defendants' Notice to Plaintiff of Removal will be served upon Plaintiff's counsel at CONRAD & SCHERER, LLP via e-mail as set forth in the Service List below.

4.      Further, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, along with Defendants' Notice to Plaintiff of Removal, will be filed with the Clerk of the Court for the Seventeenth Judicial Circuit, attached hereto as **Exhibit "B."**

5.      The filing of this Notice of Removal does not constitute a waiver of any defenses which may be available to Defendants.

WHEREFORE, Defendants Robert Dickinson, Stephen Gray and Steven Panagos respectfully give notice of the removal of this action currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, and respectfully request that this matter be referred to the Bankruptcy Court pursuant to this Court's Order of Reference entered on March 27, 2012, and Local Rule 87.2.

Respectfully submitted this 6th of July, 2023.

/s/ *Elizabeth M. Rodriguez*
Elizabeth M. Rodriguez
Florida Bar No. 821690
erodriguez@fordharrison.com
Ford & Harrison, LLP
One S.E. 3rd Avenue, Suite 2130
Miami, FL 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
Counsel for Defendants

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on July 6, 2023, I electronically filed the foregoing document with the Clerk for the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Elizabeth M. Rodriguez*
Elizabeth M. Rodriguez

## SERVICE LIST

Irwin R. Gilbert, Esq.
CONRAD & SCHERER, LLP
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com
OGonzalez@conradscherer.com
Counsel for Plaintiff

WSACTIVELLP:14137772.1

Case 0:23-cv-... Case ... Document ... Entered on FLSD Docket ... Page 1 of 31

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>John H Owoc</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>Robert Dickinson, Steven Panagos, Stephen Gray</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/01/2023 06:15:17 PM.****

Case 0:23-cv-... Document ... Entered on FLSD Docket ... Page 2 of 31

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

John OWOC,

     Plaintiff,

v.

Robert DICKINSON, Stephen GRAY,
and Steven PANAGOS,

     Defendants.

_____/

## COMPLAINT

Plaintiff, John "Jack" Owoc, ("Plaintiff" or "Owoc"), by and through undersigned counsel, hereby files this Complaint for Declaratory and Injunctive Relief against Defendants, Robert "Bob" Dickinson, Stephen Gray, and Steven Panagos, (collectively, "Defendants"), and alleges as follows in support thereof:

### PARTIES, JURISDICTION, AND VENUE

1.     This is an action for declaratory relief and a preliminary injunction arising under the laws of the State of Florida. The Court has jurisdiction pursuant to Section 86.011 of the Florida Statutes.

2.     Vital Pharmaceuticals, Inc. ("VPX" or the "Company") is a corporation duly incorporated and existing under the laws of the State of Florida, with its principal place of business in Broward County, Florida.

3.     John "Jack" Owoc ("Owoc") is an individual, *sui juris*, and the founder, sole shareholder, and Chief Executive Officer of VPX. Owoc is also Chairman of the Board of Directors of VPX.

1

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/01/2023 06:15:17 PM.****

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

4. Defendant, Robert "Bob" Dickinson, is an individual, *sui juris*, is a resident of Miami-Dade County, Florida, and purports to be a member of the Board of Directors of VPX, appointed on December 15, 2022.

5. Defendant, Stephen Gray, is an individual, *sui juris*, and a member of the Board of Directors of VPX, having been appointed to his position in accordance with VPX's corporate bylaws. Gray purports to be a resident of Massachusetts. However, the conduct giving rise to the incident lawsuit arose within the state of Florida.

6. Defendant, Steven Panagos, is an individual, *sui juris*, and a member of the Board of Directors of VPX, having been appointed to his position in accordance with VPX's corporate bylaws. Panagos purports to be a resident of Connecticut. However, the conduct giving rise to the incident lawsuit arose within the state of Florida.

7. This Court has jurisdiction and venue is proper in Broward County, Florida, as all parties reside and/or conduct business in this County and the causes of action alleged herein arose in this County.

**GENERAL ALLEGATIONS**

8. On October 10, 2022, VPX and its related entities filed a voluntary petition for relief in the United States Bankruptcy Court for the Southern District of Florida (the "Chapter 11 Cases"). VPX commenced these cases in order to, among other things, obtain "breathing room" from pending litigation.

9. Historically, Owoc, the founder and sole shareholder of the Company, had served as the sole director or member, as well as the Chief Executive Officer or managing member, as applicable, of VPX and its related entities. Owoc has held these positions for nearly three decades, beginning in 1993.

2

10.     Owoc, at the advice of VPX's counsel for the Chapter 11 Cases, initiated a plan to increase the size of the board of directors to include five directors, consisting of (a) two Company executives, *i.e.*, Owoc and Kathleen Cole (who served as VPX's Chief Operating Officer); (b) two members unaffiliated with the Company, *i.e.*, Dr. Guillermo Escalante and Eric Hillman, each of whom has deep knowledge of the industry and/or VPX's products; and (c) Steve Panagos, a veteran restructuring advisor with extensive experience serving as an independent director for companies undergoing in-court or out-of-court restructurings.

11.     Defendant Bob Dickinson was initially appointed to the Board on December 14, 2022, as a replacement member previously unaffiliated with VPX.

12.     Immediately after being appointed, Dickinson colluded with Defendant Steve Panagos and attempted to recruit Eric Hillman into a scheme to control the votes of the Board. Dickinson threatened Hillman stating he must vote consistent with Panagos and against Owoc on all Board votes. However, the problem was Dickinson's intended actions were not in the best interests of the company or its sole shareholder.

13.     Acting preemptively to prevent this scheme, Owoc properly terminated Dickinson from his position as a member of the Board in accordance with Florida law and the corporate bylaws on or about December 15, 2022.

14.     Subsequently, despite Owoc's termination of Dickinson, the Defendants, acting *ultra vires*, purported to reinstate Dickinson as a member of the Board of Directors and initiated a scheme to utilize his vote as a member of the Board in an attempt to wrongfully terminate Owoc for pretextual causes.

15. In order to protect themselves while carrying out their scheme, the Defendants needed to ensure that Owoc would not have the ability to remove them as members of the Board or terminate their employment.

16. To do so, the Board, acting through this 3-member majority comprised of the Defendants, including Bob Dickinson, executed a written consent on January 7, 2023, modifying the corporate bylaws to prevent the shareholder, CEO, or any member of the Board from removing a Board member and leaving that removal power solely to a majority Board vote. This ensured that the Defendants, acting through their 3-member majority, could never be ousted.

17. With this protection in place, the Defendants continued with their scheme.

18. On January 26, 2023, the Defendants, purportedly on behalf of the Board, including Dickinson, sent Owoc a Demand Letter. The letter cited supposed concerns the Board had with Owoc's actions and requesting Owoc's immediate appearance at a Board meeting the following day. *See* January 26 Demand Letter, attached hereto as **Exhibit A**. This letter was written on behalf of the Defendants by the Latham Watkins Law Firm, and purposely excluded the remaining two Board members, Owoc and Hillman.

19. On February 10, 2023, the Board, again including Dickinson, sent Owoc a second Demand Letter, citing more apparent concerns the Board had with Owoc's actions and requesting Owoc's immediate appearance at yet another Board meeting. *See* February 10 Demand Letter, attached hereto as **Exhibit B**.

20. Upon realizing what the Defendants were plotting, Owoc formally terminated each of the Defendants from their positions as members of the Board on March 5, 2023, citing to the Defendants' repeated threats towards Owoc and disastrous outcome to VPX should their scheme

4

be realized. *See* March 5, 2023 Notice of Termination of the Defendants, attached hereto as **Exhibit C**.

21.     Finally, the Defendants, acting *ultra vires*, wrongfully terminated Owoc on March 9, 2023. *See* Letter of Termination, attached hereto as **Exhibit D**.

22.     This termination would not have been possible but for the vote of Dickinson, who was properly terminated by Owoc in December 2022, but who nonetheless voted to terminate Owoc.

23.     As a direct and proximate result of the Defendants' actions, VPX's CEO has been deprived of his rightful position, and the governance and operation of VPX have been significantly impaired.

## COUNT I: DECLARATORY JUDGMENT

24.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

25.     An actual, present, and justiciable controversy exists between Plaintiff and Defendants as to the validity of the Defendants' terminations from their positions as corporate officers and the CEO's termination.

26.     Pursuant to Section 607.0842 of the Florida Statutes, an officer of a corporation can be removed at any time, with or without cause by the appointing officer or any other officer if authorized by the bylaws.

27.     Pursuant to Florida law and the applicable provisions of VPX's corporate bylaws, Owoc, as CEO, sole shareholder, and chairman of the Board, had a legal right to terminate a corporate officer and member of the Board.

28.     Owoc's termination of Dickinson occurred before the Board, including Dickinson, voted to terminate Owoc.

29.     Further, Owoc's termination of the Defendants, including the second termination of Dickinson, occurred before the Board voted to terminate Owoc.

30.     Accordingly, the Board's termination of Owoc is void *ab initio*.

31.     Plaintiff seeks a declaratory judgment, pursuant to Section 86.011 of the Florida Statutes, declaring that the Defendants were validly terminated from the Board of Directors and that their subsequent actions, including the termination of the CEO, are null and void, and that Owoc remains in his position as CEO of VPX.

WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment in favor of Plaintiff and against the Defendants, declaring that Defendants were validly terminated from the Board of Directors and that their subsequent actions, including termination of the CEO, are null and void, that Owoc remains in his position as CEO of VPX, and for any further relief this Court deems just and proper.

## COUNT II: PRELIMINARY INJUNCTION

32.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33.     Plaintiff will suffer irreparable harm if the Defendants are permitted to continue acting as Board members and if the wrongful termination of the CEO is allowed to stand.

34.     Plaintiff has a substantial likelihood of success on the merits, as the CEO's termination of the Defendants was in accordance with the corporate bylaws.

35.     The threatened injury to Plaintiff outweighs any potential harm to Defendants.

36.     Plaintiff has no adequate remedy at law.

37.    Plaintiff seeks a preliminary injunction, pursuant to Rule 1.610 of the Florida Rules of Civil Procedure, enjoining the Defendants from acting as Board members and nullifying the wrongful termination of the CEO.

WHEREFORE, Plaintiff respectfully requests that this Court enter a preliminary injunction, enjoining the Defendants from acting as Board members and nullifying the wrongful termination of the CEO, and for any further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on June 1, 2023.

Respectfully submitted,

**CONRAD & SCHERER, LLP**
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email: IGilbert@conradscherer.com
        OGonzalez@conradscherer.com

By: */s/ Irwin R. Gilbert*
        Irwin R. Gilbert
        Florida Bar No. 99473

# EXHIBIT "A"

January 26, 2023


**VIA EMAIL**


Jack Owoc
Chief Executive Officer / Chief Scientific Officer
Vital Pharmaceuticals, Inc.
CEO@bangenergy.com


      Re:    Concerns with Continued Employment and Board Service

Jack:


      We write in our capacity as members of the Boards of Directors or Managers (as applicable) (collectively, the "Board") of Vital Pharmaceuticals, Inc. and its affiliated debtors (collectively, the "Company" or the "Debtors") to raise our collective concerns with your troublesome, disruptive, and potentially actionable conduct. We raise these concerns with you directly and in writing so that there is no dispute about our position, the corrective action we believe is needed, and the potential consequences in the event such behavior continues. Please be further aware that we may share this letter, as appropriate, with the Official Committee of Unsecured Creditors (the "UCC"), the Company's lenders and the Bankruptcy Court.

      Your pattern of self-serving, disruptive behavior was evident to certain of us while the Company was attempting to secure final approval for essential debtor-in-possession financing, and you were unwilling to agree to certain governance changes requested by the lenders and other creditors – essentially, prioritizing your own continued control of the Board over the Company's access to necessary financing. Your unwillingness to act in the best interest of the Company and its creditors and associated hesitation in agreeing to the necessary governance changes to secure that financing delayed progress in the chapter 11 cases and resulted in the incurrence of significant professional fees not only by the Debtors' professionals, but also by the professionals retained by the lenders and the UCC, all of which are borne by the estates. In fact, your antics led to the UCC preparing and threatening to file a motion to appoint a chapter 11 trustee and serve associated discovery. Such work (and the associated fees for performing it) could have been avoided if the governance changes necessary had been enacted in a more timely fashion.

      We were hopeful that once we got past those hurdles, the Board, the Company, and its professionals could work cooperatively toward a common goal of moving forward with a value-maximizing transaction. However, your conduct over recent weeks has continued to distract from that overall goal.

      The concerns described below are not intended to represent an exhaustive list, but we have endeavored to highlight the most significant recent issues we have witnessed or that have been elevated to our attention:

- *Unilateral Attempt to Terminate Bob Dickinson from the Board*: Against the backdrop of your clear understanding that both the lenders and UCC had expressly approved of Bob Dickinson joining the Board and that his service as a board member was essential to securing necessary debtor-in-possession financing, on December 15, 2022 – just hours after Mr. Dickinson's appointment was disclosed to the Bankruptcy Court – you unilaterally purported to fire Bob Dickinson from the Board without justification. If such action had been valid, then it would have resulted in an immediate default under the applicable credit agreement and exacerbated the concerns expressed by the lenders and the UCC about your continued control of the Company. When purporting to take such unilateral action, you plainly were acting contrary to the best interests of the Company and the estates. Any concerns related to a board member should be taken up with the Board.

- *Unilateral Attempts to Terminate the Company's Retained Professionals*: Over recent weeks you have threatened to fire and/or purported to fire Huron Consulting (the Debtors' financial advisor), Rothschild & Co (the Debtors' investment banker), and Latham & Watkins LLP (the Debtors' lead bankruptcy counsel), as well as to dictate that certain members of their respective teams be removed from the engagement. As has been confirmed for you on multiple occasions, you do not have the unilateral right, as the sole shareholder or otherwise, to terminate the Debtors' retained and court-appointed professionals or to remove key members of the teams. This pattern of sowing chaos has served as an unnecessary distraction for the Board and the professionals alike. You have previously been made aware that all issues with regard to the Company's retained professionals fall within the purview of the Board. As a reminder, moving forward, any and all issues with regard to the Company's retained professionals should be directed to the Board.

- *Huron Issues*: We further understand that you have instructed management not to engage with all or certain members of the Huron team, frustrating Huron's ability to perform the services for which they have been and remain retained (including supervision of cash management and treasury functions now expressly required by the Company's DIP financing facility), and which are essential to the Company's ability to manage through and maximize value in their chapter 11 cases. As a consequence of your instruction that the Huron team not receive certain information, including regarding cash disbursements, we have been informed that the Company inadvertently processed over $200,000 in excess of the court-approved amounts for customer program payments. We further understand that you have threatened to have a member of the Huron team arrested if he enters the Company's offices. Such threats are unwarranted and unproductive.

  In addition, on January 24, 2023, you purported to terminate John DiDonato, the Company's Chief Transformation Officer ("CTO"), and the Huron team supporting him without any legitimate basis, notwithstanding that (i) you do not have the authority to effect such termination, and (ii) you were cautioned that if the Company's CTO were terminated, an event of default would occur under the Company's DIP financing facility. Your willingness to trigger a default under the DIP facility – which

would jeopardize the Company's continued access to financing it desperately needs to operate and complete the sale process – and your continued prioritization of unexplained personal grievances over the legitimate interests of the Company are nothing short of reckless.

- *Social Media Concerns*:  Your use of company-controlled social media accounts has exposed the Company to potential liability.  As one example, on or about November 4, 2022, you posted a lengthy video to company-controlled social media accounts entitled "*Bang Energy & Super Creatine:  All You Need to Know.*"  This video was posted despite the fact that a jury issued a significant verdict just weeks earlier finding that advertising including "Super Creatine" and its benefits was unlawful.  This post remained on the @bangenergy.ceo Instagram account until January 20, 2023, when you removed the post only when the Board demanded that you do so to avoid further exposing the estates to administrative liabilities.  On January 24, 2023, the Board brought to your attention that the video remained active on YouTube, Twitter, and TikTok.  You indicated you would remove the post from all locations.  As of the writing of this letter, it appears the post has been taken down from YouTube and TikTok, but remains on Twitter.

  In addition, on January 18, 2023, your Instagram post on the @bangenergy.ceo account included a statement that "Bang is currently working to launch an IPO," and inviting investments in the Company.  Counsel to the Company advised you, correctly, to take down the post given the dire consequences of making such false or misleading statements under securities laws of the United States, but you initially declined to do so, and even purported to terminate counsel for raising these valid concerns and alleged that counsel had made "false accusations."  When confronted by the Board, you falsely claimed that there was an IPO process underway.  Only when the Debtors' advisors explained to you – again – that such a post was a plain violation of the securities laws and that such false and misleading statements by the Chief Executive Office of the Company risked a costly investigation and potential liability did you agree to modify the post, remove the offending language, and replace it with corrective language making clear that "[n]either Bang nor its parent company has begun the process to issue stock to the public."  Again, this misuse of the Company's social media accounts has needlessly demanded the time and resources of the Board and the Debtors' professionals, potentially exposes the Company to liability, and is not consistent with the fiduciary duties owed by officers and directors of the Company.

- *Use of Estate Resources on Personal Legal Matters*:  We understand that you have suggested and directed that in-house legal personnel continue to represent you in your personal legal matters, including in connection with litigation against Noel Lights.  Whatever arrangements had been in place prior to the filing of the chapter 11 cases, the Board and the Debtors' professionals have been clear in their direction that no Company resources are to be spent on such matters other than to transition the matters to new counsel.  Despite this unequivocal direction, we understand that you have not yet engaged new counsel to handle at least certain of the pending matters.

- *Potentially Compromising Company Privilege*: As you are no doubt aware, Paul Battista represents you in your individual capacity and is not and never has been counsel to the Company. Company counsel has reminded both you and Mr. Battista of this important distinction on several occasions, but you nevertheless have continued to include Mr. Battista on emails and have invited him to meetings of the Board and Restructuring Committee without prior approval. Such conduct needlessly exposes the Company to claims that the Company's privilege may have been waived. We again request that you not copy Mr. Battista on emails between or among the Board, the Company, and its counsel that include privileged information or attorney work product, and that you not invite Mr. Battista to attend meetings of the Board and Restructuring Committee without prior approval.

- *Attempts to Interfere with the Ongoing Sale Process*: The Board is concerned with statements you have made alluding to an ongoing "parallel process" you or others purportedly are running separate and apart from the financing and sale process being overseen by the Board and run by the Debtors' retained and court-appointed professionals (Rothschild & Co). To be clear, the Company's engagement letter with Rothschild & Co dated as of April 8, 2022 – which you signed on behalf of the Company – makes clear that Rothschild is the "exclusive financial advisor" for purposes of, among other things, "advising the Company with respect to a potential minority investment, sale, merger or other business/strategic combination involving the Company." Moreover, you represented to the Board during meetings of the Board and Restructuring Committee held on January 20 and 24, respectively, that there is no such parallel process and that neither you nor any entity you are affiliated with intends to participate in the sale process as a bidder. Despite this representation, you have continued to insist there is some "parallel process" underway and that you are running it. Most recently, you sent an email January 25, 2023 at 8:06 p.m. ET stating "I am running a parallel process," but have declined to provide any specific details. If this "parallel process" is real and ongoing as you have suggested, then it must be shut down immediately. The Board has authorized one and only one process, and that process is being overseen by the Board and run by Rothschild & Co. However, if this "parallel process" is fictitious, then the Board demands that you stop making false allegations that are disruptive, confusing to the market and potential bidders, and potentially value-destructive.

  In addition, we understand that the Company's investment banker has repeatedly requested the addition of certain key documents and information to the virtual data room to facilitate bidder diligence and the Company's sale process generally. The required information includes, among other things, information regarding influencer contracts, key co-packer/supplier contracts, licensing agreements, and other material contracts that have been specifically requested by bidders. It is our understanding that you and others working at your direction have declined to comply with such requests without good reason, jeopardizing potential bidders' participation in the sale process and potentially destroying value.

- *IP Filings*: We understand that the Company's employees have been directed to file, and have filed, applications for intellectual property rights to be vested in non-debtor entities in which you have an ownership interest. As just one example, we understand that, at your direction, on or about November 9, 2022, Company employees applied for certain rights in the "Fuel Your Destiny" mark that is currently used in connection with the Bang Energy drink and featured prominently on the new can label, and the application identified a non-debtor entity, Fun Energy, LLC, as the owner of that mark. We further understand that you own the interests in Fun Energy, LLC directly. The Board views such actions as an improper use of Company resources for your own personal gain as well as an unlawful usurpation of corporate opportunities in violation of your duty of loyalty to the Company. Moreover, placing intellectual property relevant to the Company's products and business being marketed for sale in a non-debtor entity risks interfering with the ongoing sale process. The Board thus demands that any and all intellectual property related to the Company and its products or business and developed by the Company and its employees, including by you, be immediately transferred to a debtor entity.

*       *       *

As detailed above, your conduct has been as an unwelcome distraction when the focus of the Company and the Board necessarily must remain on progressing the chapter 11 cases and maximizing value for all constituents. In addition, such conduct has needlessly increased the professional fees incurred by the estates in recent months and may expose you and/or the Company to legal action and resulting liability.

While we each joined the Board at different points in time and thus have varying degrees of personal knowledge over the issues detailed in this letter, we individually and collectively have seen enough to believe that, in adherence with our fiduciary duties as board members, we must take action if your pattern of obstreperous and value-destructive conduct continues unabated. The Company, the Board, and the Debtors' court-appointed professionals simply do not have the luxury of time or the resources to deal with continued disruptions. There is too much at stake.

We request that you come prepared to address the issues detailed in this letter at the Board meeting noticed for January 27, 2023 at 4:00 p.m. ET. If you are unable or unwilling to remedy the above-detailed issues or there are further concerns raised with regard to your conduct as an officer or board member, then we are prepared to take action, including by bringing a motion before the Board to terminate your employment as Chief Executive Officer of the Company and/or to remove you from the Board for cause. On behalf of the Company, the Board reserves all rights and remedies.

We appreciate your attention to these matters, and are available to further discuss at your convenience if needed.


| /s/ Steve Panagos | /s/ Bob Dickinson | /s/ Stephen Gray |
|---|---|---|
| Steve Panagos | Bob Dickinson | Stephen Gray |
| Independent Director/Member | Independent Director/Member | Independent Director/Member |


cc:    Paul J. Battista (pjbattista@venable.com)

# EXHIBIT "B"

February 10, 2023

**VIA EMAIL**

Jack Owoc
Chief Executive Officer / Chief Scientific Officer
Vital Pharmaceuticals, Inc.
CEO@bangenergy.com

Re:     Follow-Up Regarding Concerns with Continued Employment and Board Service

Jack:

We write in our capacity as members of the Boards of Directors or Managers (as applicable) (collectively, the "Board") of Vital Pharmaceuticals, Inc. and its affiliated debtors (collectively, the "Company" or the "Debtors") to follow-up on certain issues raised in our prior January 26, 2023 letter, and other issues separately raised by the Board and Company advisors, that remain unaddressed. Despite our request, we have not received a written response to our January 26 letter from you or your counsel.

At the conclusion of the February 9, 2023 Board meeting we directed Company counsel to prepare this letter to document the issues we raised with you during that Board meeting, namely, the need to have the most time-sensitive and pressing issues addressed by you without delay.   To summarize, those issues are as follows:

- *IP Assets*:  We have continued concern about intellectual property or related assets created by you and/or the Company and related to or used in the Company's business that, to date, you have refused to confirm will be transferred or otherwise assigned to the Debtors.  In fact, during the February 9 Board meeting, you claimed that you would never transfer or assign such assets as we and the Debtors' advisors have requested.  It is time-sensitive and critical to maximizing value through the sale process that you ensure all such assets are clear to be sold.  To avoid any doubt about whether you or the Company is the rightful owner of such assets, the Company's Employee Handbook makes clear that all inventions (ideas, marketing plans, sales relationships, research, plans for products, trade secrets, etc.) made, conceived, or developed by an employee of the Company in connection with or relating to any work performed for the Company are considered "work made for hire" belonging to the Company and/or shall be assigned to the Company, including all intellectual property rights.  All such assets – including those that have been specifically identified to you by the Debtors' advisors, and any others that are used in or relate to the business (including any trademarks containing the word "Bang"), whether or not specifically identified – should be immediately transferred to a Debtor entity.  If you fail to do so by February 16, then we will have no choice but to consider taking legal action on behalf of the Company, including to recover such assets and pursue any claims for improper use of Company resources for your own personal gain as well as unlawful usurpation of corporate opportunities in violation of your duty of loyalty to the Company.

- *Influencer Agreements*: The Debtors' advisors have explained on multiple occasions that it is imperative for you and other members of management to provide all information and documents necessary for the sale process. Among the Company's key contracts essential to address diligence requests in the sale process are the agreements between or among the Company and influencers. While the Board has agreed that information regarding such influencer agreements should be maintained as confidential and that the full, unredacted influencer agreements should be made accessible to a bidder only upon a showing of serious interest and only under the terms of the applicable NDAs, there is no reason why the influencer agreements should not be made available to the Debtors' advisors at this time, including for purposes of confirming to other stakeholders that the Debtors are proceeding with the sale process on the court-approved timeline. During the February 9 Board meeting, a motion was made to require the Company, no later than February 16, to place into the staging folder in the virtual data room (VDR) all agreements between or among the Company and influencers. That motion passed, despite the fact that you voted against it and stated that you would not make the influencer agreements available as requested. We expect that all such agreements will be placed into the VDR in unredacted form as directed by the Board and without further delay or interference by you or other members of management.

- *Bidder Protocol*: We have communicated to you the need for this protocol to ensure the integrity of the sale process. Before the protocol was circulated to the Board, the Debtors' advisors previewed it with your then-counsel, Paul Battista. During the February 9 Board meeting, a motion was made to adopt the protocol, the effect of which is to exclude any officer or director who does not sign the protocol from all discussions related to the sale process and access to related information. You voted against the motion and suggested that you would not be signing the protocol, but the motion nevertheless passed. Per the protocol, if you do not confirm in writing that you will not be participating in any bid in any capacity, then you will be excluded from any discussions related to the sale process at the February 16 Board meeting and will not otherwise receive access to non-public information related to the sale process.

As we communicated to you during the February 9 Board meeting, we believe it is imperative that the above-described issues be addressed prior to the regularly scheduled Board meeting on February 16, 2023. If these issues are not addressed to the satisfaction of the Board, then we are prepared to consider taking action, including, without limitation, by bringing a motion before the Board to terminate your employment as Chief Executive Officer of the Company and/or to remove you from the Board for cause. On behalf of the Company, the Board reserves all rights and remedies.


| */s/ Steve Panagos* | */s/ Bob Dickinson* | */s/ Stephen Gray* |
|---|---|---|
| Steve Panagos | Bob Dickinson | Stephen Gray |
| Independent Director/Member | Independent Director/Member | Independent Director/Member |


cc:     Eric Hillman

2

# EXHIBIT "C"



**From:** Jack Owoc
**Sent:** Sunday, March 5, 2023 10:33 PM
**To:** Steve Panagos <steve.panagos@gmail.com>; Stephen Gray <ssg@grayandcompanyllc.com>; Robert (Bob) Dickinson <Bob@BobDickinson.net>
**Cc:** Justin Luna <jluna@lathamluna.com>; Gregg Metzger <Gregg.Metzger@bangenergy.com>; John DiDonato CTP <jdidonato@hcg.com>; Eric Hillman <bige@erichillman.com>
**Subject:** Formal Notification of Immediate Termination of Steve Panagos, Bob Dickinson and Stephen Gray

Dear Steve Panagos, Bob Dickinson and Stephen Gray,

I regret to inform you that your service as board members of Vital Pharmaceuticals, Inc. is no longer required.

Your recent actions on two separate occasions in writing, and a third occasion using highly aggressive bullying and coercive tactics, threatening Vital Pharmaceuticals' CEO, chairman of the board, and sole shareholder that if he does not surrender his valuable intellectual property, he will be fired from the board of

2

directors at a meeting on Monday, 3-6-2023 at 5 PM, constitute cause for immediate dismissal.

Your actions have undermined Vital Pharmaceuticals' vision, mission, goals and core values, and have caused potential reputation and legal risks as well as catastrophic financial damages to the company.

Please note that this letter is to serve as formal notification of your immediate termination, effective immediately.

As sole shareholder, I have not only the legal right, but also a fiduciary duty to protect the enterprise-value of Vital Pharmaceuticals, and to furthermore, protect share value and also protect all key stakeholders in which over one billion dollars are at stake.

Your continuous abusive, and bullying behavior and threats to Jack Owoc and more recently threatening to fire Jack Owoc who is the sole shareholder, the CEO and also chairman of the board have the potential to create hysteria and panic and consequently, significantly jeopardize all stakeholders and the stalking horse bidder/bid in its entirety as well as bids from other buyers intending to submit competing offers following the stalking horse bid.

At a critical time in Vital Pharmaceuticals' history where is stalking horse bid is expected to be placed somewhere close to one billion dollars within the next few days, your threats to fire Jack Owoc as the CEO on March 6, 2023 at a 5 PM during an already-scheduled board meeting represent a grave threat to the entire bidding process, the enterprise value of this

NOT AN OFFICIAL COPY · PUBLIC ACCESS · NOT AN OFFICIAL COPY

company, to shareholder value, and or a serious threat to all key stakeholders.

Therefore, I cannot allow you to carry your threat to fire Jack Owoc the CEO, chairman of the board and sole shareholder of Vital Pharmaceuticals, Inc. and the grave and immediate repercussions that would follow.

In conclusion, the massive negative press generated from firing the CEO would obviously have devastating effects on the sale process and cost key stakeholders hundreds of millions, if not over one billion dollars. Therefore, it is in the best interests of the company, its shareholders along with key and other stakeholders to take immediate action to address this situation by dismissing Steve Panagos CRO, Bob Dickinson and Stephen Gray from the board of directors.

Please cease with any and all communications with everybody and anybody associated with vital Pharmaceuticals, the bidding process and/or restructuring process.

Govern yourselves accordingly,

Jack Owoc
Sole Shareholder, CEO, Board Chairman
Vital pharmaceuticals Inc.

# EXHIBIT "D"

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

# ☰ BERGER SINGERMAN

March 9, 2023

**VIA OVERNIGHT MAIL**

Mr. Jack Owoc
16720 Stratford Court
Southwest Ranches, FL 33131

      Re:     Termination Notice

Dear Mr. Owoc:

      As you are aware, this afternoon, there was a regularly scheduled meeting of the Boards of Directors or Managers (as applicable) (collectively, the "Board") of Vital Pharmaceuticals, Inc. and its affiliated debtors (collectively, the "Company" or the "Debtors"). You had not previously indicated that you were unavailable or did not intend to attend the March 9 Board meeting. At our direction, several individuals reached out to you and your individual counsel, Justin Luna, in an attempt to secure your attendance at the Board meeting. After waiting for more than 15 minutes, the Board meeting went forward.

      Among the issues taken up by the Board was your continued role with the Company and the Board. For the reasons discussed during the Board meeting, the Board voted to terminate your employment with the Company as Chief Executive Officer and Chief Scientific Officer, and to remove you from the Board for cause, effective immediately ("Termination Date" or March 9, 2023).

      Your final paycheck representing all compensation due and owing to you for hours worked through the Termination Date will be provided to you on the next regularly scheduled pay day.

      Upon receipt of this notice, you must return all of the Debtors' property, including identification cards or badges, access codes or devices, keys, mobile phones, computers, credit cards, physical files and any other property and information in your possession of the Debtors. Please return this property and information to John DiDonato immediately.

      Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of the Debtors' rights or remedies, either at law or in equity, against you, all of which are expressly reserved.

      Sincerely,

      Berger Singerman LLP

      Jordi Guso

11989961-1

Case 0:23-cv-61383-RS  Document 1-1  Entered on FLSD Docket 07/20/2023  Page 25 of 31
CACE-23-014222

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOHN OWOC,                                    CASE NO.: CACE-23-014222

      Plaintiff,

v.

ROBERT DICKINSON, STEPHEN GRAY,
and STEVEN PANAGOS,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition

in this action on Defendant:

      **Steven Panagos**
      **1129 Sasco Hill Rd.**
      **Fairfield, CT 06824**

      The Defendant is required to serve written defenses to the Complaint on Irwin R. Gilbert, Esq., Conrad & Scherer, LLP, Attorneys for Plaintiff, whose address is 633 South Federal Highway, Eighth Floor, Fort Lauderdale, Florida 33301, **within twenty (20) days after service of this Summons on the Defendant**, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Defendant attorneys or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

      DATED on    JUN 07 2023    2023.

      BRENDA D. FORMAN
      Clerk of the Court

      By_____
          As Deputy Clerk

**BRENDA D. FORMAN**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

**Plaintiff's Attorneys:**

| | |
|---|---|
| **CONRAD & SCHERER LLP**<br>**633 South Federal Highway, 8th Floor**<br>**Fort Lauderdale, Florida 33301**<br>**IRWIN R. GILBERT**<br>**Florida Bar No. 099473** | Emails:<br>Primary : IGilbert@conradscherer.com<br>Secondary: OGonzalez@conradscherer.com |
| | |

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telephonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entrega una copia de su respuesta a la persona denominada abajo como APlaintiff/Plaintiff's Attorney@ (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens puevent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si un ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au At Plaintiff/Plaintiff's Attorney@ (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOHN OWOC,                                    CASE NO.: CACE-23-014222

      Plaintiff,

v.

ROBERT DICKINSON, STEPHEN GRAY,
and STEVEN PANAGOS,

      Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition

in this action on Defendant:

**Stephen Gray**
**207 Union Wharf**
**Boston, MA 02109**

      The Defendant is required to serve written defenses to the Complaint on Irwin R. Gilbert,
Esq., Conrad & Scherer, LLP, Attorneys for Plaintiff, whose address is 633 South Federal Highway,
Eighth Floor, Fort Lauderdale, Florida 33301, **within twenty (20) days after service of this
Summons on the Defendant**, exclusive of the day of service, and to file the original of the defenses
with the Clerk of this Court either before service on Defendant attorneys or immediately thereafter.
If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded
in the Complaint.

      DATED on JUN 07 2023 _____, 2023.

BRENDA D. FORMAN
Clerk of the Court

By_____
      As Deputy Clerk

BRENDA D. FORMAN

**IMPORTANT**

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOHN OWOC,                                      CASE NO.: CACE-23-014222

      Plaintiff,

v.

ROBERT DICKINSON, STEPHEN GRAY,
and STEVEN PANAGOS,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition

in this action on Defendant:

**Robert Dickinson**
**1137 Campo Sano Ave, #1**
**Coral Gabels, FL 33146**

      The Defendant is required to serve written defenses to the Complaint on Irwin R. Gilbert,
Esq., Conrad & Scherer, LLP, Attorneys for Plaintiff, whose address is 633 South Federal Highway,
Eighth Floor, Fort Lauderdale, Florida 33301, **within twenty (20) days after service of this
Summons on the Defendant**, exclusive of the day of service, and to file the original of the defenses
with the Clerk of this Court either before service on Defendant attorneys or immediately thereafter.
If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded
in the Complaint.

      DATED on     JUN 07 2023    2023.

      BRENDA D. FORMAN
      Clerk of the Court

      By_____
         As Deputy Clerk

**IMPORTANT**

BRENDA D. FORMAN

PUBLIC ACCESS – NOT AN OFFICIAL COPY
NOT AN OFFICIAL COPY – PUBLIC ACCESS

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

**Plaintiff's Attorneys:**

| **CONRAD & SCHERER LLP**<br>**633 South Federal Highway, 8th Floor**<br>**Fort Lauderdale, Florida 33301**<br>**IRWIN R. GILBERT**<br>**Florida Bar No. 099473** | **Emails:**<br>Primary : IGilbert@conradscherer.com<br>Secondary: OGonzalez@conradscherer.com |
|---|---|
| | |

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telephonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entrega una copia de su respuesta a la persona denominada abajo como ΑPlaintiff/Plaintiff's Attorney@ (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens puevent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si un ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au ≞Plaintiff/Plaintiff's Attorney≞ (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE 23-014222

JOHN OWOC,

     Plaintiff,

v.

ROBERT DICKINSON, STEPHEN GRAY,
and STEVEN PANAGOS,

     Defendants.

_____/

## **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendants, ROBERT DICKINSON, STEPHEN GRAY, and STEVEN PANAGOS, has filed a Notice of Removal of Case No. CACE 23-01422250 which was filed in this Court, to the United States District Court for the Southern District of Florida, a copy of which is attached as Exhibit A, removing this Case to federal court.

PLEASE FURTHER TAKE NOTICE that pursuant to 28 U.S.C. § 1446(d), this Court may not proceed further with this case because the removal to federal court was effective upon the filing of the Notice of Removal together with this Notice. This Court must close this Case.

Respectfully submitted this 6th day of July, 2023.

By: /s/ *Elizabeth M. Rodriguez*
    Elizabeth M. Rodriguez
    Florida Bar No. 821690
    erodriguez@fordharrison.com
    Ford & Harrison, LLP
    One S.E. 3rd Avenue, Suite 2130
    Miami, Florida 33131
    Telephone: (305) 808-2143
    Facsimile: (305) 808-2101
    Attorney for Defendant

**EXHIBIT "B"**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2023, I served a true and correct copy of

the foregoing with the Clerk of Court by using the Florida E-Filing Portal, which will serve a copy

of this document by electronic notice to the attorneys identified on the following Service List.

/s/ *Elizabeth M. Rodriguez*

## SERVICE LIST

Irwin R. Gilbert, Esq.
CONRAD & SCHERER, LLP
633 S. Federal Hwy., Suite 800
Fort Lauderdale, Florida 33316
Telephone: (954) 847-3328
Facsimile: (954) 463-9244
Email:  IGilbert@conradscherer.com
          OGonzalez@conradscherer.com
Counsel for Plaintiff

WSACTIVELLP:14138475.1

JS 44 (Rev. 04/21) FLSD Revised 12/02/2022 **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

JOHN OWOC

**DEFENDANTS**

ROBERT DICKINSON, STEPHE GRAY and STEVEN GRAY

**(b)** County of Residence of First Listed Plaintiff  Broward
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Broward
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Irwin R. Gilbert,

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Acts | |
| | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 890 Other Statutory Actions |
| | | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 861 HIA (1395ff) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 863 DIWC/DIWW (405(g)) | **FEDERAL TAX SUITS** |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 864 SSID Title XVI | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 550 Civil Rights | ☐ 865 RSI (405(g)) | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | **IMMIGRATION** | |
| | | | ☐ 462 Naturalization Application | |
| | | | ☐ 465 Other Immigration Actions | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** (See instructions): a) Re-filed Case ☐YES ☑NO  b) Related Cases ☐YES ☐NO

JUDGE: DOCKET NUMBER:

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
USC 28 Sect. 1334(b) confers jurisdiction over jurisdiction of all civil proceedings "arising under title 11, or arising
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case) in or related to a case under title 11."

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE SIGNATURE OF ATTORNEY OF RECORD
July 6, 2023 Elizabeth M. Rodriguez

FOR OFFICE USE ONLY : RECEIPT # AMOUNT IFP JUDGE MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.