UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re: Chapter 11 Case

VITAL PHARMACEUTICALS, INC. *et al.*,[1] Case No. 22-17842-PDR

Debtors.
_________________________________/

**LIMITED OBJECTION OF CREDITOR THERMOLIFE INTERNATIONAL, LLC TO SECOND REVISED PROPOSED SALE ORDER [ECF NO. 1628]**

ThermoLife International, LLC ("ThermoLife") hereby files this limited objection to the form of *Proposed Order (I) Authorizing and Approving (A) The Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in connection therewith, and (II) Granting Relating Relief* (the "Second Revised Sale Order") which was attached to the *Notice of Filing Revised Proposed Sale Order* filed yesterday, July 11, 2023 [ECF No. 1628]. In support of this limited objection, ThermoLife states as follows:

**RELEVANT BACKROUND[2]**

1. On July 5, 2023, ThermoLife filed an *Adversary Complaint for Patent Infringement* against debtor Vital Pharmaceuticals, Inc. d/b/a Bang Energy d/b/a VPX (the "Debtor"), Adversary Proceeding No. 23-01134-PDR (the "Complaint for Infringement").

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] In the interest of brevity, ThermoLife is omitting procedural background which is already well known to this Court. Also, all defined terms used herein but not otherwise defined shall be ascribed their meaning under the Second Revised Sale Order.

2. As described by the Complaint for Infringement, ThermoLife alleges that the Debtor has infringed, and continues to infringe, on ThermoLife's patent rights. In addition to asking this Court to find that the Debtor has infringed upon ThermoLife's patent, ThermoLife also seeks, among other things:

> An award of damages to be paid by Vital adequate to compensate ThermoLife for Vital's past infringement of the '077 patent from the Petition Date through the date such judgment is entered, or until the relevant Vital assets are sold free and clear of liens, interests, and encumbrances pursuant to Section 363(f) of the Bankruptcy Code, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial.

3. Of concern to ThermoLife, the Second Revised Sale Order proposes to modify the prior versions of the proposed sale order with the additional language appearing in blue below:

> 14. On and after the Closing Date, no holder of an Interest in or against the Debtors or the Purchased Assets (other than Assumed Liabilities and Permitted Encumbrances) shall interfere with the Buyer's title to, or use and enjoyment of, the Purchased Assets based on or related to such Interest**, including, but not limited to, filing or prosecuting any action against the Debtors or Buyer, including, but not limited to, for specific performance or injunctive relief, relating to the Purchased Assets in any way**.
>
> 46. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b), to, among other things: (i) interpret, implement, and enforce the terms and provisions of this Sale Order, the Asset Purchase Agreement, the Transaction Documents, and any amendments thereto and any waivers and consents given thereunder; (ii) compel delivery of the Purchased Assets to the Buyer; (iii) compel performance of obligations owed to the Debtors; (iv) resolve any disputes related to the Transaction Documents; (v) compel delivery of any waivers, releases, or other related documentation reasonably requested by the Debtors or the Buyer to evidence the release of any Interests in the Purchased Assets; (vi) enforce the injunctions and

and 365 of the Bankruptcy Code with respect to the Assumed Agreements and Assumed Real Property Leases**; and (viii) consistent with this paragraph, any action commenced against the Buyer relating to any of the above or relating to the liabilities of the Buyer with respect to the Purchased Assets shall be commenced before this Court**.

**LIMITED OBJECTION**

4. ThermoLife objects to Paragraph 14 of the Second Revised Sale Order to the extent that "filing or prosecuting any action against . . . Buyer . . . relating to the Purchased Assets in any way" is intended to preclude future patent infringement actions against the Buyer concerning any infringing post-closing sales, offers for sale, manufacturing of, distribution of, or any other future infringing uses of Bang Energy drink products (or any rebranded but still infringing products) by the Buyer.

5. "The United States Court of Appeals for the Federal Circuit has held that patent infringement is a 'continuing tort' where 'each act of infringement gives rise to a separate cause of action.'" *CSB-System Int'l Inc. v. SAP America, Inc.*, C.A. No. 10-2156, 2012 U.S. Dist. LEXIS 60909 at *22-*23 (E.D. Pa. Apr. 30, 2012) (quoting *Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1371 (Fed. Cir. 1999)). In the Federal Circuit's own words, "Our case law clearly states that each act of patent infringement gives rise to a separate cause of action." *Hazelquist v. Guchi Moochie Tackle Co.*, 437 F.3d 1178, 1180 (Fed. Cir. 2006) (citing *Augustine Med., Inc.*, 194 F.3d at 1371). Thus, any future infringement by the Buyer would give rise to a separate and distinct cause of action from that set forth in ThermoLife's Complaint for Infringement against Debtor.

6. While a sale under Section 363(f) of Title 11 of the United States Code (the "Bankruptcy Code") may convey the Purchased Assets free and clear of any claims arising from the Debtor's past infringement of ThermoLife's patent, it does not protect the Buyer from potential

future infringement liability arising after the sale of the Purchased Assets. Future infringing sales by the Buyer would be separate and independent torts from those alleged in ThermoLife's Complaint for Infringement, and "[a] judgment 'cannot be given the effect of extinguishing claims which did not then even exist.'" *Cordis Corp. v. Boston Scientific Corp.*, 635 F. Supp. 2d 361, 369-70 (D. Del. 2009) (quoting *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 328 (1955)).

7. Paragraph 46 of the Second Revised Sale Order provides, in pertinent part: "any action commenced against the Buyer . . . relating to the liabilities of the Buyer with respect to the Purchased Assets shall be commenced before this Court." ThermoLife objects to the extent this provision is interpreted to mean that any future infringement suits pertaining to the Buyer's infringing post-closing sales, offers for sale, manufacturing of, distribution of, or any other future infringing uses of Bang Energy drink products (or any rebranded but still infringing products) need to be filed with this Court. To the extent the Buyer infringes after purchasing the Purchased Assets, such infringement claims would no longer involve the Debtor and should not be litigated in this Court.

## CONCLUSION

8. Clearly, no sale order under Section 363(f) of the Bankruptcy Code can excuse the Buyer from any future tortious activity involving the Purchased Assets, including patent infringement. Therefore, the broad catch-all added to Paragraph 14 in the Second Revised Sale Order, which suggests a bar to any litigation relating to the Purchased Assets, should be restricted to only those Interests against the Debtor or relating to the Purchased Assets that arose prior to the Closing Date. Accordingly, if such future claims against the Buyer arise after the Closing Date, they should not be required to be raised before this Court, as in Paragraph 46, because the Debtor will not be a party.

**WHEREFORE**, ThermoLife International, LLC respectfully requests the entry of an order sustaining this limited objection and (i) requiring the Debtor to modify the Second Revised Sale Order to clarify that the Purchased Assets are not being sold free of any future infringement or that any litigation arising from future infringement by the Buyer would be litigated in this Court and (iii) for such other and further relief this Court as is just and proper.

Dated: July 11, 2023

DEVLIN LAW FIRM LLC
Timothy Devlin
DE Bar No. 4241
*Admitted Pro Hac Vice*
Veronica McCarty
*Admitted Pro Hac Vice*
DE Bar No. 6734
PA Bar No. 326315
Leonard Monfredo
*Admitted Pro Hac Vice*
NY Bar No. 4721650
WA Bar No. 54871
1306 N. Broom St., Suite 1
Wilmington, DE 19806
Telephone: (302) 449-9011
Facsimile: (302) 353-4251
*Counsel for ThermoLife International, LLC*

and

GRAY ROBINSON, P.A.
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel: (305) 416-6800
Fax: (305) 416-6887

By: */s/ Steven J. Solomon*
Steven J. Solomon, Esq.
Florida Bar No: 931969
steven.solomon@gray-robinson.com
Jorge Espinosa, Esq.
Florida Bar No: 779032
jorge.espinosa@gray-robinson.com
Francesca Russo, Esq.
Florida Bar No.: 174912
francesca.russo@gray-robinson.com
*Local Counsel for ThermoLife International, LLC*