UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____ / | (Jointly Administered) |

**DEBTORS' *EX PARTE* MOTION TO SHORTEN TIME FOR JOHN H. OWOC TO RESPOND TO DISCOVERY IN CONNECTION WITH EMERGENCY MOTION OF JOHN H. OWOC'S [SIC] FOR CONFIRMATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO TERMINATION OF DEBTOR'S SUBCHAPTER S CORPORATION STATUS OR, ALTERNATVELY [SIC], FOR RELIEF FROM STAY**

Pursuant to Local Rule 9013-1(C)(7), Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through undersigned counsel, file the *Debtors' Ex Parte Motion To Shorten Time For John H. Owoc To Respond To Discovery In Connection With Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* (the "Motion"). In support of this Motion, the Debtors state as follows:

1.      On July 11, 2023, John H. Owoc filed his *Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* [ECF No. 1627] (the "Emergency Motion").

---

[1]     The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

2.      The Court has set an evidentiary hearing for July 28, 2023 at 10:00 a.m. to consider the Emergency Motion.

3.      Concurrently with the filing of this Motion, the Debtors have served the *Debtors' First Request for Production of Documents to John H. Owoc Related to Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* (the "Request") and the *Debtors' First Set of Interrogatories to John H. Owoc Related to Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* (the "Interrogatories").[2]

4.      Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2), incorporated in this contested matter pursuant to Fed. R. Bankr. P. 9014(c), in the absence of an order shortening the time to respond to the Request and Interrogatories, responses to the discovery would be due thirty (30) days after service.  Through this Motion, the Debtors ask the Court to shorten the time for Mr. Owoc to respond to the Request and Interrogatories to two (2) days from the date of service, or July 21, 2023 at 12:00 p.m. Eastern Time.  The Request is tailored and consists of only 11 requests seeking documents that should be readily available to Mr. Owoc because they support the factual allegations made in the Emergency Motion.  Likewise, the Interrogatories are tailored and consist of only 4 interrogatories seeking answers that should be readily available to Mr. Owoc because they support and relate to the factual allegations made in the Emergency Motion.

5.      The Debtors require discovery in connection with the Emergency Motion.  Given that Mr. Owoc has sought expedited consideration of the Emergency Motion, the Debtors submit

---

[2]     A copy of the Request is attached hereto as <u>Exhibit A</u>. A copy of the Interrogatories is attached hereto as <u>Exhibit B</u>.

12291603-2

that good cause exists to shorten the time for Mr. Owoc to respond to the Request and Interrogatories, so that the Debtors can review the documents produced by Mr. Owoc prior to the deadline for the Debtors to respond to the Emergency Motion.

6.      Local Bankruptcy Rule 9013-1(C)(7) provides that a motion to shorten the time for responding to discovery requests may be considered by the Court without a hearing.

7.      Based upon the foregoing, the Debtors respectfully request the entry of an order granting this Motion and shortening the time for Mr. Owoc to respond to the Request as set forth above.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order, in the form attached hereto as **Exhibit C**, shortening the time within which Mr. Owoc respond to the Request and Interrogatories, and granting such other and further relief as may be just and proper.

Dated: July 19, 2023
     Miami, Florida

Respectfully submitted,

*/s/ Jordi Guso*

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
      mniles@bergersingerman.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

12291603-2

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

*Co-Counsel for the Debtors*

12291603-2

# **EXHIBIT A**

**(Request for Production of Documents)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                      Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al*.,                      Case No.: 22-17842-PDR

    Debtors.[1]                                           (Jointly Administered)

_____/

### DEBTORS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN H. OWOC RELATED TO EMERGENCY MOTION OF JOHN H. OWOC'S [SIC] FOR CONFIRMATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO TERMINATION OF DEBTOR'S SUBCHAPTER S CORPORATION STATUS OR, ALTERNATVELY [SIC], FOR RELIEF FROM STAY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable here by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Vital Pharmaceuticals, Inc. ("VPX"), Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through undersigned counsel, hereby request that John H. Owoc ("Mr. Owoc") produce documents specified in the requests below (the "Requests") in connection with *Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* [D.I. 1627] (the "Motion"). The Debtors further request that, given his request that the Motion be heard on an emergency basis and the Court's setting of the hearing for July 28, 2023, Mr. Owoc

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

produce the requested documents no later than July 21, 2023 at 12:00 p.m. Eastern Time, and that such documents be produced to the Debtors' counsel or record at the offices of Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, or as otherwise agreed upon by the parties.[2]

## **DEFINITIONS**

All terms not otherwise defined shall have their ordinary and common meanings. Capitalized terms used but not herein defined have the meanings ascribed to them by the Motion. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1.      The term "CHAPTER 11 CASES" shall refer to Case Number 22-17847-PDR in the United States Bankruptcy Court for the Southern District of Florida and its related cases.

2.      The term "COMMUNICATIONS" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

3.      The term "DEBTORS" shall refer to Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc.

4.      The terms "DOCUMENT" or "DOCUMENTS" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure, and shall include, without limitation,

---

[2]     Concurrently with the service of these Requests, the Debtors have filed a motion pursuant to Local Rule 9013-1(C)(7) requesting that the Court shorten the time for responding to the Requests such that documents responsive to the Requests be produced on or before July 21, 2023 at 12:00 p.m.

any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including, without limitation, originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term).  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

5.      The term "GRANT THORNTON" shall mean Grant Thornton LLP and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf.

6.      The term "MOTION" shall refer *to Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* [D.I. 1627].

7.      The term "RELATING TO" shall mean relating to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, constituting, in connection with, or corresponding to (in whole or in part, as context may require).

8.      The term "SALE" shall mean the sale of substantially all of the Debtors' assets pursuant to the *Order (I) Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Expired Leases in Connection Therewith, and (III) Granting Related Relief* [D.I. 1654] (the "Sale Order") and the Asset Purchase Agreement, dated as of June 28, 2023, a copy of which is attached as Exhibit A to the Sale Order.

9.      The term "VPX" shall refer to Vital Pharmaceuticals, Inc.

10.     The terms "YOU," "YOUR," and "MR. OWOC" shall refer to John H. Owoc or anyone acting on his behalf.

## INSTRUCTIONS

The following instructions, which incorporate the foregoing definitions, are applicable to all Requests, unless otherwise specified:

1.      The foregoing definitions and any terms used in the Requests should be construed and applied sensibly to conform to the subject matter of the Requests below, so that each Request is interpreted reasonably and as broadly as possible.  Whenever appropriate, the singular form of a word shall be interpreted in the plural form and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and words in the masculine, feminine, or neutral form shall include each of the other genders.  Additionally, the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any responses that might otherwise be construed to be outside their scope.  Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

12292625-2

2.      YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR directors, officers, employees, agents, representatives, associates, affiliates, attorneys, investigators, partnerships, parents, or subsidiaries, and any other persons under YOUR control. If, after a reasonable and diligent search, YOU discover that YOU do not have any DOCUMENTS responsive to a particular Request in YOUR possession, custody, or control, YOU must state whether YOUR inability to produce responsive DOCUMENTS is because the DOCUMENTS never existed, were destroyed, were lost, misplaced, or stolen, and/or never were (or are no longer) in YOUR possession custody, or control.  YOU must also state the name and contact information of any person or organization known or believed by YOU to have possession, custody or control of the DOCUMENTS that are not in YOUR possession, custody, or control.

3.      In the event that any DOCUMENT sought by these Requests has been destroyed or discarded (or otherwise no longer exists), that DOCUMENT shall be identified.

4.      If YOU object to any part of a Request, YOU are required to set forth the specific basis for YOUR objection and respond to all parts of the Request to which YOU do not object, including through a partial production of DOCUMENTS in response to the parts of the Request that are not objectionable.

5.      If YOU withhold any DOCUMENTS on the basis of any asserted privilege or immunity, you must provide a log that states for each DOCUMENT:

       a.  The date of the DOCUMENT;

       b.  The author(s) of the DOCUMENT;

       c.  Any recipient(s) of the DOCUMENT;

d.  The subject matter of the DOCUMENT (described in a manner that will not reveal the privileged or protected information);

e.  The basis of the privilege asserted; and

f.  Any additional facts upon which YOU base YOUR claim of privilege or immunity.

6.      If YOU cannot respond to any Request in full, respond to that Request as completely as possible and describe in detail all reasons for YOUR inability or failure to respond completely.  If, in responding to any Request, YOU encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous, and the construction used in responding.

7.      YOUR obligation to comply with these Requests is continuing.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, as made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, YOU are required to supplement or correct YOUR responses if YOU learn that YOUR responses are incomplete or incorrect in any material respect.

8.      All DOCUMENTS that respond, in whole or in part, to any portion of any Request shall be produced in their entirety, including all attachments, enclosures, and metadata.

9.      All DOCUMENTS shall be produced in the order in which they are kept in the usual course of business, and shall be produced in their original folders, binders, covers, or containers (or photocopies thereof), and with their original metadata.

10.     Electronic records and computerized information must be produced in their native electronic format (meaning the default format of a data file created by its associated software program) together with all metadata, unless such documents can be produced in another

appropriate and useable manner without loss of any functionality, metadata or other information associated with the document in the way it was kept in the ordinary course of business.

11.     Besides electronic records, documents shall be produced as a PDF with optical character recognition, or in another format agreed upon by the parties.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS that YOU contend support any of the factual allegations in or otherwise provide a basis for the relief requested in the MOTION.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO the factual basis on which YOU contend that "the Sale could have an enormous – *and highly inequitable* – impact on Mr. Owoc who would potentially be liable for all tax implications of the Sale by VPX including taxes based on any capital gains and disallowed losses and deductions, among other things" (MOTION at 3) and "the proposed Sale could have substantial tax implications for Mr. Owoc personally including, among other things, taxes based on any capital gains, assumption of liabilities and/or disallowed losses and deductions" (MOTION at 6), including but not limited to any analysis or calculations related to any anticipated tax impact on MR. OWOC RELATING to the SALE or a revocation of VPX's status as a S-Corporation.

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO the factual basis for YOUR contention "Mr. Owoc could face multi-millions of dollars in tax liabilities as a result of the Sale." (*See* MOTION at 3.)

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO the factual basis for YOUR contention that MR. OWOC would face "substantial inequities" if VPX remains as an S-Corporation, including but not limited to any analysis or calculation of the impact of the SALE on MR. OWOC and/or the impact of a termination of VPX's status as an S-Corporation on the DEBTORS, their estates, or creditor recoveries through the CHAPTER 11 CASES.  (*See* MOTION at 4.)

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO any proposed or actual change or modification to the tax or corporate status of any of the DEBTORS.

**REQUEST NO. 6:**

All DOCUMENTS received from or sent to the IRS or any state taxing authority relating to any proposed or actual change or modification to the tax or corporate status of any of the DEBTORS.

**REQUEST NO. 7:**

All DOCUMENTS requested or received from GRANT THORNTON or any other tax, audit, or advisory service or professional related to the tax or corporate status of any of the DEBTORS or any of their non-DEBTOR affiliates.

**REQUEST NO. 8:**

All COMMUNICATIONS with GRANT THORNTON or any other tax, audit, or advisory service or professional related to the tax or corporate status of any of the DEBTORS or the impact of the SALE on MR. OWOC.

**REQUEST NO. 9:**

DOCUMENTS sufficient to show any tax benefit or other benefit received by MR. OWOC on account of the fact that VPX has been and is currently classified as an S-Corporation for federal and state tax purposes.

**REQUEST NO. 10:**

Copies of all of MR. OWOC'S federal and state tax returns in the form filed with or submitted to the applicable taxing authority.

**REQUEST NO. 11:**

All DOCUMENTS that YOU intend to use or introduce into evidence in connection with the hearing on the MOTION.

Dated:    July 19, 2023
        Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
       tj.li@lw.com
       brian.rosen@lw.com
       jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
       mniles@bergersingerman.com

*Co-Counsel for Debtors*

**<u>EXHIBIT B</u>**

**(Interrogatories)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |

_____/

**DEBTORS' FIRST SET OF INTERROGATORIES TO JOHN H. OWOC RELATED TO
EMERGENCY MOTION OF JOHN H. OWOC'S [SIC] FOR CONFIRMATION THAT
THE AUTOMATIC STAY DOES NOT APPLY TO TERMINATION OF DEBTOR'S
SUBCHAPTER S CORPORATION STATUS OR, ALTERNATVELY [SIC], FOR
RELIEF FROM STAY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"),

made applicable here by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Vital Pharmaceuticals, Inc. ("VPX"), Bang Energy Canada, Inc., JHO

Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC,

Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the

"Debtors"), by and through undersigned counsel, hereby request that John H. Owoc ("Mr. Owoc")

answer under oath and in writing the interrogatories set forth below (the "Interrogatories") in

connection with *Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic

Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely

[sic], for Relief from Stay* [D.I. 1627] (the "Motion"). The Debtors further request that, given his

request that the Motion be heard on an emergency basis and the Court's setting of the hearing for

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal
tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy
Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC
(9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital
Pharmaceuticals International Sales, Inc. (8019).

July 28, 2023, Mr. Owoc answer the Interrogatories no later than July 21, 2023 at 12:00 p.m. Eastern Time.[2]

**DEFINITIONS**

All terms not otherwise defined shall have their ordinary and common meanings. Capitalized terms used but not herein defined have the meanings ascribed to them by the Motion. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1.      The term "DEBTORS" shall refer to Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc.

2.      The term "DESCRIBE" shall mean to state with particularity all facts (including but not limited to evidence, documents, communications, testimony, declarations, affidavits, and/or research) that You have obtained, have access to, and/or are aware of, and to give a full and complete account of the interrogatory's subject matter, including the source(s) of each stated fact, and the date(s) on which each stated fact occurred.

3.      The term "IDENTIFY" shall mean to provide a full description of all bases, beliefs, understanding, and knowledge, and further, with respect to a document, to state its bates number if produced in this action, or otherwise to state its date, present location, custodian, authors, recipients, and document type (*e.g.*, letter, memorandum, chart, etc.).

4.      The term "MOTION" shall refer *to Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* [D.I. 1627].

---

[2]    Concurrently with the service of these Interrogatories, the Debtors have filed a motion pursuant to Local Rule 9013-1(C)(7) requesting that the Court shorten the time for responding to the Interrogatories such that answers to the Interrogatories be provided on or before July 21, 2023 at 12:00 p.m.

5.      The term "VPX" shall refer to Vital Pharmaceuticals, Inc.

6.      The terms "YOU," "YOUR," and "MR. OWOC" shall refer to John H. Owoc or anyone acting on his behalf.

## **INSTRUCTIONS**

The following instructions, which incorporate the foregoing definitions, are applicable to all Interrogatories, unless otherwise specified:

1.      Comply with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, including Federal Rule of Civil Procedure 33.

2.      Answer the Interrogatory fully, in writing, and under oath.

3.      Answer the Interrogatory based on information within the possession, custody, or control of Mr. Owoc and any of Mr. Owoc's agents, representatives, or advisors, including Grant Thornton LLP ("Grant Thornton"), Mayer Brown LLP ("Mayer Brown"), Conrad & Scherer ("Conrad Scherer"), and Phang & Feldman ("Phang Feldman").

4.      If any part of the Interrogatory cannot be answered in full, answer to the fullest extent possible, specify all reasons for any inability to answer the remaining portion of the Interrogatory, and describe all actions were or will be taken to retrieve information responsive to the unanswered portion of the Interrogatory.

5.      Any objection to the Interrogatory shall state with specificity all grounds for each such objection.

6.      Answer each portion of the Interrogatory separately.

7.      Provide your answer to the Interrogatory in a format that is electronically searchable and if necessary, sortable.

8.     The Interrogatory shall be deemed continuing in nature.  If Mr. Owoc or any of his agents, representatives, or advisors receive or otherwise become aware of information responsive to the Interrogatory after initially answering the Interrogatory, promptly provide supplemental answers to the Interrogatory containing such information.

9.     Nothing herein shall be deemed as an admission or concession of any kind by the Debtors.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

IDENTIFY any and all steps or actions that VPX or any other DEBTOR would have to take in order to effectuate any change in the tax or corporate status of VPX that MR. OWOC seeks in connection with the MOTION, including but not limited to revocation of VPX's status as a S-Corporation.

**INTERROGATORY NO. 2:**

IDENTIFY any and all steps or actions that VPX or any other DEBTOR would have to take in order to effectuate the "close the books election" described in Paragraph 9 of the MOTION.

**INTERROGATORY NO. 3:**

IDENTIFY any tax or other benefits MR. OWOC has received as a result of VPX's status as an S-Corporation, including by amount and year.

**INTERROGATORY NO. 4:**

IDENTIFY and DESCRIBE the factual basis for YOUR contention that "Mr. Owoc could face multi-millions of dollars in tax liabilities as a result of the Sale."  (*See* MOTION at 3.)

Dated:   July 19, 2023
         Miami, Florida

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
        tj.li@lw.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 107203
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com
        mniles@bergersingerman.com

12292615-2

**EXHIBIT C**

**(Proposed Form of Order Shortening Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al*.,          Case No.: 22-17842-PDR

    Debtors.[1]                             (Jointly Administered)

_____/

**ORDER GRANTING DEBTORS' *EX PARTE* MOTION TO SHORTEN TIME FOR
JOHN H. OWOC TO RESPOND TO DISCOVERY IN CONNECTION WITH
EMERGENCY MOTION OF JOHN H. OWOC'S [SIC] FOR CONFIRMATION THAT
THE AUTOMATIC STAY DOES NOT APPLY TO TERMINATION OF DEBTOR'S
SUBCHAPTER S CORPORATION STATUS OR, ALTERNATVELY [SIC], FOR
<u>RELIEF FROM STAY</u>**

    **THIS MATTER** came before the Court without a hearing on the *Debtors' Ex Parte*

*Motion To Shorten Time For John H. Owoc To Respond To Discovery In Connection With*

---

[1]    The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors'
federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("<u>Vital Pharmaceuticals</u>") (8430); (ii)
Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate
Investment, LLC (9394); (v) Quash Seltzer, LLC ("<u>Quash Seltzer</u>") (6501); (vi) Rainbow Unicorn Bev LLC
(2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Emergency Motion of John H. Owoc's [sic] for Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status or, Alternatvely [sic], for Relief from Stay* [ECF No. _____] (the "<u>Motion</u>").  The Court having reviewed the Motion and the record in these chapter 11 cases, finding good cause to grant the relief sought in the Motion, and being otherwise fully advised in the premises, does

ORDER AND ADJUDGE as follows:

1.    The Motion is **GRANTED**.

2.    The time for responding to the Debtors' discovery in connection with *Emergency Motion of John H. Owoc's [sic] For Confirmation that the Automatic Stay Does Not Apply to Termination of Debtor's Subchapter S Corporation Status, or, Alternatvely [sic], For Relief From Stay* [ECF No. 1627] is shortened as follows: John H. Owoc shall respond and produce documents responsive to the Request[2] and answer the Interrogatories on or before July 21, 2023 at 12:00 p.m.

3.    The Court retains jurisdiction in interpret and enforce this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

12291645-2