UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

             Debtors.

_____/

Chapter 11 Cases
Case No. 22-17842-PDR
(Jointly Administered)

**SUMMARY OF SECOND INTERIM APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES TO QUARLES & BRADY LLP,
AS SPECIAL COUNSEL TO THE DEBTORS**

| | | |
|---|---|---|
| 1. | Name of Applicant: | Quarles & Brady LLP |
| 2. | Role of Applicant: | Special Counsel to the Debtors |
| 3. | Name of certifying professional: | Christopher Combest |
| 4. | Date case filed: | October 10, 2022 |
| 5. | Date of order approving employment: | March 9, 2023 [ECF No. 926], effective as of Petition Date |

**IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW**:

| | | |
|---|---|---|
| 6. | Period for this Application: | March 1, 2023 - June 30, 2023 |
| 7. | Amount of Compensation Sought: | $ 540,237.00 |
| 8. | Amount of Expense Reimbursement Sought: | $    3,424.70 |

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

**IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:**

9.      Total Amount of Compensation sought during the case:          N/A

10.     Total Amount of Expense Reimbursement sought during case:      N/A

11.     Amount of Original Retainer(s):                               $ 0.00

12.     Current Balance of Retainer(s) remaining:                      N/A

13.     Last monthly operating report filed:                          N/A[2]

14.     If case is Chapter 11, current funds in the Chapter 11 estate:  N/A[2]

15.     If case is Chapter 7, current funds held by Chapter 7 Trustee:  N/A

---

[2] The information requested at Items 13 and 14 is within the purview of Debtors' general restructuring counsel, Latham & Watkins LLP and Berger Singerman LLP.

QB\82082610.1

## CERTIFICATION

1.    I have been designated by Quarles & Brady LLP (the "Applicant") as the professional with responsibility in this case for compliance with the current U.S. Department of Justice, Executive Office for United States Trustee's "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.    I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

3.    The fees sought have been billed at rates for partners, associates, and paraprofessionals, respectively, that were negotiated with, and agreed to by, the Debtors and approved by the Court in its *Order Approving Debtors' Application for Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition* Date [ECF No. 926]. The expenses for which reimbursement is sought were incurred and posted in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.    In seeking reimbursement for expenditures described on Exhibit 3, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.    In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.    The following are the variances with the provisions of the Guidelines, the date of each Court order approving the variance, and the justification for the variance:  As further discussed in the Application, the Applicant has categorized the time spent rendering services to the Debtors and their estates by the numbers assigned to the Debtors' matters in the Applicant's computerized billing system.  The Applicant believes this approach substantially comports with the Guidelines; however, Applicant has not used the Activity Code Categories set forth in the Guidelines, and so, to the extent the Court deems that a "variance," the Applicant asks that the Court approve it.

Dated:  July 21, 2023

QUARLES & BRADY LLP
*Special Counsel to Debtors*
300 N. LaSalle Street, Suite 4000
Chicago IL 60654
Telephone: (312) 715-5000

By:   */s/ Christopher Combest*
   Christopher Combest
   IL ARDC No. 6224701
   christopher.combest@ quarles.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

          Debtors.

_____/

Chapter 11 Cases
Case No. 22-17842-PDR
(Jointly Administered)

**SECOND INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO
QUARLES & BRADY LLP, AS SPECIAL COUNSEL TO THE DEBTORS**

QUARLES & BRADY LLP (the "Applicant"), as special counsel to the above-captioned

debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors")[2], pursuant to

11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016(a), the Court's *Order Granting Ex Parte*

*Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503] (the

"Compensation Procedures Order"), and the Court's *Order Approving Debtors' Application for*

*Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady*

*LLP as Special Counsel to the Debtors, Effective as of the Petition* Date [ECF No. 926] (the

"Quarles Retention Order"), hereby submits its second application for interim compensation for

services rendered to the Debtors and their estates and for reimbursement of expenses incurred in

connection therewith (this "Application") for the period from March 1, 2023 through June 30,

2023 (the "Application Period").  In support thereof, the Applicant states:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] For convenience, this Application refers generally to "the Debtors"; the Applicant has been retained specifically to render services to Debtors Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC.

QB\82082610.1

I.      **JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief sought herein are 11 U.S.C. §§ 330, 331, and 503(b),

Fed. R. Bankr. P. 2016(a), Local Rule 2016-1(A), and the Compensation Procedures Order.

II.     **RETENTION OF APPLICANT AND REQUESTED AWARDS**

A.      **Background**

1.      On October 10, 2022 (the "Petition Date"), the Debtors commenced these cases

(the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Code").

2.      On October 11, 2022, the Court entered an *Order Granting Debtors' Ex Parte*

*Motion for Joint Administration* [ECF No. 43], jointly administering these Chapter 11 Cases for

procedural purposes and designating Case No. 22-17842-PDR as the "lead case."

3.      On December 14, 2022, the Debtors filed the *Debtors' Application for Order*

*Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP*

*as Special Counsel to the Debtors, Effective as of the Petition Date* [ECF No. 511] (the "Quarles

Employment Application"), seeking the retention of the Applicant under Code § 327(e).  The

Court granted the Quarles Employment Application by entry of the Quarles Retention Order on

March 9, 2023 [ECF No. 926] (a copy of the Quarles Retention Order is attached hereto as

"**Exhibit A**").

4.      The Applicant submits this Application pursuant to Sections 330, 331, and 503(b)

of the Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and the current U.S. Department of Justice, Executive Office for United States Trustee's

"Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

**B.     Prior Interim Fee Application and Monthly Fee Statements**

5.      As set forth on Exhibit 1 hereto, on March 21, 2021, the Applicant filed the *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Quarles & Brady LLP, as Special Counsel to the Debtors* [ECF No. 992] (the "First Quarles Application").  By order entered April 26, 2023, the Court granted the First Quarles Application on an interim basis, approving on that basis fees in the amount of $945,749.50 and reimbursement of actual and necessary expenses in the amount of $19,807.19 for the period from the Petition Date through February 28, 2023.  The Applicant has been paid, on an interim basis, 80% of those fees ($756,599.60) and 100% of those expenses ($19,807.19), pursuant to the Compensation Procedures Order.

6.      In addition, and as permitted by the Compensation Procedures Order, the Applicant has circulated, but has not filed, monthly fee statements covering services rendered and related reimbursable expenses incurred for the months of March, April, and May of 2023 and has been paid as follows:

| Month | Total Fees | Total Expenses | Fees Paid | Expenses Paid | Fee Holdback |
|-------|-----------|----------------|-----------|---------------|--------------|
| March 2023 | $402,764.00 | $2,209.27 | $322,211.20 | $2,209.27 | $80,552.80 |
| April 2023 | $ 97,184.00 | $  493.20 | $ 77,747.20 | $  493.20 | $19,436.80 |
| May 2023 | $ 24,074.00 | $  722.23 | $ 19,259.20 | $  722.23 | $ 4,814.80 |
| **Totals:** | $524,022.00 | $3,424.70 | $419,217.60 | $3,424,70 | $104,804.40 |

7.      The Applicant did not submit a monthly fee statement for June 2023 and has, instead, included its June 2023 amounts in this Application.  For the month of June 2023, the

Applicant seeks interim allowance of a total of $16,215.00 in fees and authorization to receive interim payment of 80% of that amount, or $12,972.00. The Applicant seeks no reimbursement of costs for June 2023.

**C.     Current Fee Application**

8.     By this Application, the Applicant, as special counsel to the Debtors, requests a second interim award of compensation for services rendered and for reimbursement of related actual and necessary expenses in the amount of $543,661.70, comprising (a) $540,237.00 for services rendered during the Application Period and (b) $3,424.70 as reimbursement for actual and necessary expenses incurred by the Applicant during the Application Period.

9.     This request is the Applicant's second interim application to the Court for compensation and reimbursement of expenses for services rendered as special counsel to the Debtors. The Applicant does not hold a retainer.

10.     With respect to the current Application Period, the Applicant has received 80% of its requested fees and 100% of its requested expenses for the period March 1, 2023 through May 31, 2023, as shown in Paragraph 6 above and as permitted by the Compensation Procedures Order.

11.     The Applicant has received no payments for its fees and costs incurred in June 2023 and seeks allowance of such fees and costs in full and payment of 80% of those fees and 100% of those costs – all on an interim basis –through this Application.

12.     No understanding exists between the Applicant and any other person for the sharing of compensation sought by the Applicant, except among the partners and associates of the Applicant.

13.     In accordance with the Guidelines, the following exhibits are annexed to this

Application[3]:

(a)     **Exhibits "1"** – Fee Application Summary Chart. This Exhibit contains summary information regarding the previous interim fee applications filed by the Applicant.

(b)     **Exhibits "2-A" and "2-B"** – Summary of Professional and Paraprofessional Time. These Exhibits contain a list of the Applicant's professionals and paraprofessionals who have provided services to the Debtors during the Application Period, the hourly rate charged by each, and a summary of time expended by each, as well as a summary of professional and paraprofessional time by matter number.

(b)     **Exhibit "3"** – Summary of Requested Reimbursement of Expenses. This Exhibit contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Debtors, for which the Applicant seeks reimbursement in accordance with Section 330(a)(2) of the Code, the Bankruptcy Rules, and the Guidelines.  The expenses and disbursements summarized in Exhibit 3 are those which the Applicant typically would invoice to its non-bankruptcy clients.

(c)     **Exhibit "4"** – This Exhibit contains: (i) a daily description of the services rendered and the hours expended by the various attorneys and paraprofessionals of the Applicant who performed services in this case and (ii) a detailed schedule listing the expenses and disbursements for which the Applicant seeks reimbursement. The Applicant has prepared Exhibit 4 based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paraprofessionals who rendered services in these Chapter 11 Cases.

14.     The Applicant has expended a total of 1,209.80 hours during the Application

Period in rendering necessary and beneficial legal services to the Debtors.

## III.    **BACKGROUND RELATING TO APPLICANT'S RETENTION**[4]

15.     The Applicant has represented one or more of the Debtors since 2018 in a variety

---

[3] The Exhibit numbers used in this Application track the numbers used in the Guidelines.

[4] For a more detailed discussion of the background of, and proceedings during, the Chapter 11 Cases, please see the interim fee applications filed by the Debtors' general restructuring counsel, Latham & Watkins LLP and Berger Singerman LLP, as well as the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26].

of areas, including general contracting, distributorship issues, regulatory affairs, intellectual property prosecutions and disputes, and commercial litigation. Relevant to this Application and the retention of the Applicant as special counsel, the Applicant represented the Debtors, prepetition, in the following matters:

(a) **Monster Action**: This matter involves litigation against Debtor Vital Pharmaceuticals, Inc. ("VPX") and its sole shareholder initiated by Monster Energy Company ("Monster") in the United States District Court for the Central District of California (the "California Court"), entitled *Monster Energy Co. v. Vital Pharmaceuticals, Inc.,* Case No. 18-cv-1882 (C.D. Cal.) (the "Monster Action"). The Monster Action asserts claims against VPX for alleged false advertising, alleged trade secret misappropriation, alleged violations of the federal Computer Fraud and Abuse Act, and alleged interference with certain of Monster's contracts for retail shelf space.

The Monster Action involved production of hundreds of thousands of documents from parties and non-parties, more than 70 depositions, and significant motion practice over four years. After a complex trial, involving dozens of witnesses and hundreds of admitted exhibits, a jury found in favor of Monster and against VPX (the "Verdict") on all five claims tried to the jury, and the California Court entered judgment on the Verdict. Monster and the Debtors agreed to entry of an order by this Court [ECF No. 450], modifying the automatic stay to allow Monster and VPX to complete post-Verdict briefing through final judgment in the Monster Action.

By order entered on July 12, 2023, the Court approved a global settlement with Monster and OBI (as defined below) [ECF No. 1644], which, when consummated, will fully resolve the Monster Action.

(b)    **PhD Appeal**:  This litigation was initiated by VPX and Debtor JHO

Intellectual Property Holdings, LLC ("JHO") as plaintiffs in a trademark infringement

suit against PhD Marketing, Inc., brought in the California Court and styled *Vital*

*Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. PhD Marketing,*

*Inc.*, Case No. 2:20-cv-06745-RSWL-JC (the "PhD Action").  PhD Marketing appealed

the California Court's judgment in VPX's favor to the United States Court of Appeals for

the Ninth Circuit (the "Ninth Circuit"), as No. 22-55815 (the "PhD Appeal").  The

Applicant was prepetition counsel to VPX and JHO in the PhD Appeal, as well as in the

underlying litigation.

On July 14, 2023, the Court entered an order [ECF No. 1656] approving a

settlement of the PhD Action and PhD Appeal.  The Ninth Circuit has administratively

closed its docket for the PhD Appeal until December 31, 2023, but is requiring periodic

status reports.

(c)    **W&G Appeal**:  The Applicant represents VPX as appellant in an appeal

of a Wisconsin state court judgment in favor of Webb & Gerritsen, Inc. ("W&G") and

against VPX for alleged violation of the Wisconsin Fair Dealership Law.  (The Applicant

was not trial counsel in that matter.)  That appeal was filed by VPX in the Wisconsin

Court of Appeals (the intermediate Wisconsin appellate court) as Appeal No. 22-AP-488

(the "W&G Appeal").

(d)    **General Counsel Matters**:  Prepetition, the Applicant represented the

Debtors as general counsel for multiple transactional matters, including, but not

necessarily limited to (a) matters regarding distributorship agreements and disputes

arising in distributor-related matters; (b) regulatory matters (including regulations

pertaining to the sale and distribution of beverages containing alcohol, such as hard

seltzer), and (c) general corporate matters, including advice regarding general intellectual property matters (the "General Counsel Matters").

16.　　Pursuant to, and as described in, the Quarles Retention Order and the associated engagement letter between the Debtors and the Applicant (as the same is modified by the Quarles Retention Order), the Applicant has been retained under Code § 327(e) as special counsel to continue its prepetition representation of the Debtors in (a) the Monster Action, to prosecute all post-Verdict motions and other matters up to, but not including, a subsequent appeal of the California Court's final judgment; (b) the PhD Appeal, for the purposes of attending mediation and the related on-going negotiation of a settlement with PhD Marketing, Inc.; (c) the W&G Appeal, for the purposes of enforcing the automatic stay and obtaining extensions of court-prescribed briefing schedules, and (d) the General Counsel Matters, on an as-needed basis.

## IV.　　ORGANIZATION OF TIME DETAIL BY CATEGORIES

17.　　Because the Applicant has been retained as special counsel to perform work unrelated to representing the Debtors as general bankruptcy counsel, the Activity Code Categories described in the Guidelines do not map well onto the services provided by the Applicant, and using solely those categories to organize its time detail would, the Applicant believes, render the Application less, rather than more, informative.

18.　　The Monster Action, the PhD Appeal, and the W&G Appeal are separate litigation matters, each of which, the Guidelines state, should have its own category (Guidelines, § C.4). Consistent with the Guidelines, the Applicant has used separate matter numbers, assigned in its computerized time entry and billing system, to record its time spent on the Monster Action (matter 51), the PhD Appeal (matter 15), and the W&G Appeal (matter 50).

19. The General Counsel Matters comprise numerous discrete projects, to which the Applicant assigned separate matter numbers prepetition. In many cases, organizing postpetition billed time under those same matter numbers gives a better indication of the nature and reasons for the services performed than would simply aggregating all of those entries under one catch-all "general counsel" matter number.

20. With reference to the detailed billing records attached hereto as Exhibit 4, the following Quarles matter numbers describe the services that constitute the General Counsel Matters; as described later in this Application, the services performed under these matter numbers were largely related to distributor contracts or disputes and to advice on general intellectual property matters, all of which is within the scope of the General Counsel Matters that the Applicant was retained to perform:

    (a)    Matter 00001: General Corporate Advice

    (b)    Matter 00002: General IP Advice

    (c)    Matter 00034: Dairy Farmers of America, Inc. Dispute

    (d)    Matter 00043: SRO TM Infringement

    (e)    Matter 00047: The House of LaRose – Defense of Distributor Termination Litigation

    (f)    Matter 00055: UMG Copyright Infringement

    (g)    Matter 00056: Sony Copyright Infringement

    (h)    Matter 00076: Warner Copyright Infringement

## V.    DESCRIPTION OF SERVICES

21. In addition to the detailed time entries contained in Exhibit 4, the services provided to the Debtors and their estates by the Applicant during the Application Period are summarized below.

(a)    <u>Monster Action (Quarles matter 00051 ["Monster False Advertising</u>

<u>Claim"])</u>:  During the current Application Period, the Applicant completed substantial

post-Verdict briefing relating to both Debtors' and Monster's post-Verdict motions.  In

addition, on April 12, 2023, the California Court entered a permanent injunction against

Debtors' Bang Energy drink as currently marketed, and the Applicant provided

significant assistance to Debtors in coordinating their compliance with the many

obligations imposed by the permanent injunction.  The Applicant also provided general

advice to Debtors and their board of directors about the Monster Action, Debtors'

potential exposure, and its options to mitigate going forward.

At Debtors' request and solely to preserve Debtors' appellate rights, the Applicant

also filed an appeal related to the permanent injunction order entered by the California

Court; the Applicant did no other work in connection with that appeal.

The Applicant regularly conferred with the Debtors' general restructuring counsel

and with the Debtors' officers and board of directors to provide assessments as to case

status, answer questions about the Monster Action, including with regard to the

permanent injunction, and to provide recommendations on strategy.

Applicant expended a total of 1,046.40 hours in this category and is requesting the

total sum of $467,430.00 for the services rendered in this category.

(b)    <u>PhD Appeal (Quarles matter 00015 ["Trademark Infringement - PhD</u>

<u>Marketing"])</u>:  The majority of work on this matter during the Application Period was

aimed at negotiating, drafting, and executing a settlement of the PhD Appeal and the

underlying litigation with PhD Marketing, Inc. ("<u>PhD</u>").  To that end, the Applicant

engaged in multiple discussions with counsel for PhD, aimed both at obtaining financial

discovery from PhD Marketing and at negotiating a favorable settlement that would give

Debtors the benefit of a money damages payment as well as continuing injunctive relief. The Applicant consulted with Debtors' general bankruptcy counsel to provide updates and to strategize regarding settlement of the PhD matters and regularly conferred with Debtors' officers and board of director.  The Applicant drafted and negotiated revisions to a settlement agreement, which the Debtors presented to the Court for approval by motion dated June 22, 2023 [ECF No. 1513].  As noted above, the Court approved the settlement by order entered on July 14, 2023 [ECF No. 1656].  When consummated, the settlement of the PhD Action and PhD Appeal will result in a lump-sum payment to Debtors' estate of $900,000, while also requiring PhD to continue to abide by certain provisions of the injunction previously entered in favor of the Debtors by the California Court in the PhD Action.

Applicant expended a total of 12.80 hours in this category and is requesting the total sum of $6,248.00 for the services rendered in this category.

(c)    W&G Appeal (Quarles matter 00050 ["Dealer Termination - Webb & Gerritsen"]):  Pursuant to Wisconsin appellate rules, the Wisconsin Court of Appeals (the "Wisconsin Court") sets a briefing schedule for appeals only after the record on appeal is completed and transmitted by the trial court.  In this case, that step was unusually delayed, primarily due to several extension requests by the court reporter assigned to prepare the necessary transcripts.

However, on March 6, 2023, the Wisconsin circuit court record in the W&G matter was finally transmitted to the Wisconsin Court, triggering the setting of an appellate briefing schedule.  In light of that development, the Applicant drafted and submitted to the Wisconsin Court a notice that the automatic stay remained in place in

Debtors' cases. The Wisconsin Court stayed the briefing schedule accordingly and directed the Applicant to submit periodic status reports.

W&G then sought relief from the automatic stay in this Court; however, Debtors and W&G reached a resolution of the underlying litigation, which this Court approved by order entered June 8, 2023 [ECF No. 1444]. In furtherance of that resolution, the Applicant worked to ascertain the terms of the judgment deposit in the underlying Wisconsin action; reviewed the immediately relevant filings in this Court; kept the Wisconsin Court apprised of developments as ordered; investigated options for disbursement of the judgment deposit consistent with the terms of the parties' settlement; reviewed and approved a stipulation consenting to that disbursement, and drafted and submitted a notice of voluntary dismissal of the W&G Appeal.

Applicant expended a total of 9.50 hours in this category and is requesting the total sum of $4,272.50 for the services rendered in this category.

(d)    General Counsel Matters (see Paragraph 20, above, for applicable Quarles matter numbers): The services provided by the Applicant in its general counsel capacity go to the core of the Debtors' business and its revenues: (i) distributing their beverage products; (ii) defending their rights under their distributorship agreements; (iii) safeguarding their rights in their valuable intellectual property, and (iv) reducing exposure to, and defending against, infringement claims alleged by others.

In connection with corporate business matters, the Applicant continued its work from the prior application period negotiating, drafting, and monitoring compliance with multiple distributorship agreements with numerous distributors and potential distributors of the Debtors' products across the country, work that requires specialized knowledge of distributorship laws and advanced drafting skills. The Applicant regularly conferred with

the Debtors regarding the terms of these contracts and strategized as to those negotiations.  Many of these agreements were made necessary by the prepetition termination by the Debtors of existing agreements.

The Applicant also continued its prepetition work handling distributorship-related disputes, which often involve either (i) enforcing the Debtors' rights when a distributor breaches – including by issuing termination notices – or (ii) defending the Debtors against allegations by former distributors of wrongful termination by the Debtors.  The majority of the work in connection with the matters described in clause (ii) involved preparing court-required status reports.

With regard to general intellectual property advice, the Applicant provided counseling and assistance to the Debtors on multiple matters, including with regard to pending arbitration; case scheduling and case strategies; analysis of legal issues, and preparation of court-required status reports.  The Applicant also continued its work from the prior application period in assisting Debtors with the analysis of potential infringement and insurance-related issues in connection with the use of copyrighted music in social media posts.

Applicant expended a total of 85.20 hours in this category and is requesting the total sum of $34,616.00 for the services rendered in this category.

(f)    Chapter 11 Bankruptcy (Quarles matter 00087):  As a professional retained in these Chapter 11 Cases, the Applicant must comply with the requirements of the Code, the Bankruptcy Rules, applicable Local Rules, and orders of this Court.  During the Application Period, the Applicant finalized the Quarles Retention Order, including reviewing and resolving comments from the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee"), which had filed two objections to

the Quarles Employment Application [ECF Nos. 651 and 766]. The Court entered the Quarles Retention Order on March 9, 2023 [ECF No. 926, a copy of which is attached to this Application as Exhibit A).

During the Application Period, the Applicant also drafted the First Quarles Application in the Chapter 11 Cases; reviewed a limited objection thereto filed by the Committee [ECF No. 1194], prepared for and attended the hearing on the First Quarles Application, and worked with Debtors' local bankruptcy counsel to finalize the order thereon. The Court overruled the Committee's limited objection and granted the First Quarles Application by order entered April 26, 2023 [ECF No. 1266]. During the Application Period, the Applicant also prepared and circulated its monthly fee statements for March, April, and May of 2023, as permitted by the Compensation Procedures Order.

Applicant expended a total of 55.90 hours in this category and is requesting the total sum of $27,670.50 for the services rendered in this category.

22.     The Applicant's professionals have attempted to identify their services and record the time spent thereon in a manner which would most clearly and accurately explain and segregate by matter the services rendered. However, given the volume of time entries made during the Application Period, that some professionals worked on multiple discrete matters, and that some tasks might fairly be classified in more than one category, strict segregation by matter or category was not always possible. Any misclassification of time is inadvertent.

## VI.     EVALUATION UNDER CODE § 330(a)(3) OF SERVICES RENDERED; *JOHNSON* CONSIDERATIONS

23.     The Guidelines instruct applicants to address the factors set forth in Section 330(a)(3) of the Code regarding the reasonableness of requested compensation; the Guidelines

also suggest, but do not require, addressing the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5]

24.     The factors enumerated in Code § 330(a)(3) for use in evaluating requests for compensation are as follows:

(a)     the time spent on such services [Code § 330(a)(3)(A)];

(b)     the rates charged for such services [Code § 330(a)(3)(B)];

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under the Code [Code § 330(a)(3)(C)];

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed [Code § 330(a)(3)(D)];

(e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field [Code § 330(a)(3)(E)], and

(f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [Code § 330(a)(3)(F)].

25.     The twelve *Johnson* factors are:

(a)     the time and labor required;

(b)     the novelty and difficulty of the questions presented;

(c)     the skill required to perform the legal services properly;

(d)     the preclusion from other employment by the attorney due to acceptance of the case;

(e)     the customary fee for similar work in the community;

(f)     whether the fee is fixed or contingent;

---

[5] The Eleventh Circuit has acknowledged the relevance of the *Johnson* factors, while noting that no single factor is dispositive; rather, "a genuine balance must be struck by the bankruptcy judge." *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990).

(g)     the time limitations imposed by the client or circumstances;

(h)     the amount involved, and results obtained;

(*i*)    the experience, reputation, and ability of the attorneys;

(j)     the undesirability of the case;

(k)     the nature and length of the professional relationship with the client, and

(*l*)    awards in similar cases.

*Johnson*, 488 F.2d at 717-19; *see also Grant*, 908 F.2d at 878 n.9.

26.     Based on the standards set forth in Code § 330 and the *Johnson* factors, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is no less than the sum of $540,237.00 plus expenses of $3,424.70. Because the factors enumerated in Code § 330(a)(3) overlap with certain of the *Johnson* factors, the Applicant discusses them together below.

**(a)     Time Spent on, and Nature and Extent of, Services Rendered [including Code § 330(a)(3)(A)] and Related *Johnson* Factors**

The foregoing summary, together with the Exhibits attached hereto, details the time, nature, and extent of the professional services rendered by the Applicant for the benefit of the Debtors' estates during the Application Period.  The total time expended during the Application Period – 1,209.80 hours – is suggestive of the effort devoted to the Debtors' matters by the Applicant on an array of issues involving multiple legal disciplines and skills.

**(b)     Novelty and Difficulty of Questions Presented [including Code § 330(a)(3)(D)]**

The issues the Applicant has been retained to handle require significant experience and a high level of skill in a range of legal areas (see subsection (c), below).  Many of those issues arose in the context of complex, years-long litigation that led to nine-figure verdicts against the Debtors and involved intellectual property law (in particular, Lanham Act (trademark

QB\82082610.1                                                    16

infringement) and trade secret claims); contract negotiation and drafting (in particular, with respect to distributorship agreements); commercial litigation (in particular, federal post-verdict practice and procedure (*e.g.*, seeking judgment notwithstanding the verdict, new trial, and remittitur) and federal and Wisconsin state appellate practice and procedure), and participating in mediations and in the negotiation of settlements.

**(c)**    **Skill Requisite to Perform Services Properly [including Code § 330(a)(3)(E)]**

Rendering services to the Debtors required substantial skill and experience in the areas described above.

As to Code § 330(a)(3)(E), a large majority of the professionals who have worked on the Debtors' matters during the Application Period have received public acknowledgement and recognition of their skills and professional status from one or more sources. Nearly all of the partners who have worked on the Debtors' matters during the Application Period have at least 20 years of experience in their fields, and most of the associates have five years of experience or more.

**(d)**    **Preclusion from Other Employment by Attorney Due to Acceptance of Case**

The Applicant has devoted substantial time to its representation of the Debtors, as more fully appears on Exhibit 1; however, the Applicant is aware of no specific employment which was precluded as a result of its accepting its engagement as special counsel to the Debtors.

**(e)**    **Customary Fee [including Code § 330(a)(3)(B) and (F)]**

As described above and in the Quarles Employment Application, the Applicant agreed to provide services to the Debtors and their estates at substantial discounts to their ordinary hourly rates charged to clients in similar non-bankruptcy matters. The Applicant further submits that its rates charged to the Debtors estates of $495.00 per hour for partners, $395.00 per hour for associates, and $275.00 per hour for paraprofessionals compares favorably with the rates charged

by other estate professionals in these Chapter 11 Cases and represents a significant concession by the Applicant to the needs of the Debtors' estates.

### (f)    Whether Fee is Fixed or Contingent

While the Applicant has not been retained on a contingency-fee basis, the rates charged by the Applicant for the services of its professionals and paraprofessionals are significantly lower than those it would ordinarily charge to clients for similar work outside of bankruptcy.

### (g)    Time Limitations Imposed by Client or Other Circumstances

The circumstances of these Chapter 11 Cases often imposed serious time constraints on the Applicant, in large part due to deadlines imposed by court orders or procedural rules and the volume of briefing that needed to be prepared during the Application Period.

### (h)    Experience, Reputation, and Ability of Attorneys

The Applicant is an established law firm; its partners and associates working on the Debtors' matters are experienced in such matters and have practiced in state and federal courts across the United States.

### (*i*)    "Undesirability" of Case

The Applicant does not consider this *Johnson* factor relevant to the Application.

### (j)    Nature and Length of Professional Relationship with Client

As is contemplated by retention under Code § 327(e), the Applicant represented the Debtors prepetition on the same or similar matters as those for which it has been retained as special counsel.

### (k)    Awards in Similar Cases; Benefit to the Estates at Time Services Were Rendered [Code § 330(a)(3)(C)]

The Applicant believes that the amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity. The fees requested by the Applicant,

$540,237.00, reflect an average hourly rate of $446.55 for 1,209.80 hours of services, an average rate that the Applicant believes compares favorably to the average rates of other estate professionals retained in the Chapter 11 Cases.

27.    The Applicant further submits that the services rendered and described herein were beneficial to, or reasonably likely to benefit, the Debtors' bankruptcy estates at the time the services were rendered.  Accordingly, under this prospective "reasonable at the time" standard, the fees and costs sought herein are compensable and should be approved.  *In re Woerner,* 783 F.3d 266, 276-77 (5th Cir. 2015), *rev'g en banc In re Pro-Snax Distribs., Inc.* 157 F.3d 414 (5th Cir. 1998) (which adopted a stricter, "hindsight" approach to determining benefit to the estate under Code § 330); *see also In re Nestor,* 628 B.R. 707, 721 (Bankr. S.D. Fla. 2019) ("[A] court should not review the benefit [to the estate] solely in hindsight …. The focus is on what a reasonable lawyer would have done at the time" (internal quotation marks omitted)).

28.    In this regard, the efforts of the Applicant in the Monster Action were aimed at achieving reversal of, or reductions in, the nine-figure claims asserted by Monster as result of the Verdict in the Monster Action (which, the Applicant understands, are among the largest, if not the largest, claims against the Debtors' estates).  The Applicant's efforts in connection with the W&G Appeal helped limit the Debtors' legal expenditures in connection with that matter.  The Applicant's efforts in the PhD Appeal protected the Debtors' rights in connection with a money judgment in the Debtors' favor and resulted in a settlement that, when consummated, will bring $900,000 into the estates while maintaining in place injunctive provisions against PhD Marketing and favorable to Debtors.  The Applicant's work on the General Counsel Matters provided advice and assistance on matters at the core of the Debtors' business: defending their intellectual property, reducing exposure to infringement claims of other entities, and distributing their products nationally.

QB\82082610.1                                                          19

## VII.    CONCLUSION; PRAYER FOR RELIEF

**WHEREFORE**, the Applicant, Quarles & Brady LLP, respectfully requests entry of an order:

(a)    Allowing and awarding the Applicant, on an interim basis, the sum of $540,237.00 (the "Application Period Fees"), as compensation for actual and necessary services rendered to the Debtors and their estates by the Applicant during the Application Period;

(b)    Allowing and awarding the Applicant reimbursement for actual and necessary expenses incurred on behalf of the Debtors and their estates in connection with such services during the Application Period in the sum of $3,424.70 (the "Application Period Expenses");

(c)    Approving, on an interim basis, payments previously made to the Applicant on account of the Application Period Fees in the sum of $419,217.60 and on account of the Application Period Expenses in the sum of $3,424.70;

(d)    Authorizing the Debtors to pay immediately to Applicant $12,972.00 (which figure represents 80% of the total fees requested in the Application for the month of June 2023);

(e)    Approving notice of this Application as sufficient and finding that no other or further notice is required, and

(f)    Granting such other and further relief as this Court deems appropriate.

Dated:  July 21, 2023

QUARLES & BRADY LLP
*Special Counsel for the Debtors*
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155

By:   */s/ Christopher Combest*
Christopher Combest
IL ARDC No. 6224701
christopher.combest@quarles.com

**Exhibit A**

**Quarles Retention Order [ECF No. 926]**



**ORDERED in the Southern District of Florida on March 9, 2023.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*,[1]               Case No.: 22-17842-PDR

    Debtors.                                           (Jointly Administered)

_____/

**ORDER APPROVING DEBTORS' APPLICATION FOR ORDER**
**AUTHORIZING THE EMPLOYMENT OF ANDREW P. BEILFUSS AND**
**THE LAW FIRM OF QUARLES & BRADY LLP AS SPECIAL COUNSEL**
**TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

**THIS MATTER** came before the Court on February 9, 2023 at 1:30 p.m., and again on

February 23, 2023 at 2:00 p.m. (the "February 23 Hearing"), in Fort Lauderdale, Florida, upon the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors'
federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc.
(5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394);
(v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals
International Sales, Inc. (8019).

*Debtors' Application For Order Authorizing the Employment of Andrew P. Beilfuss and the Law Firm of Quarles & Brady LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [ECF No. 511] (the "Application")[2].  The Court, having considered the Application, the Engagement Letter attached to the Application as Exhibit "A," the *Declaration of Andrew P. Beilfuss, on Behalf of Quarles & Brady LLP, as Proposed Special Counsel to the Debtors*, attached to the Application as Exhibit "B", and the *Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtors' Pending Applications to Retain Special Counsel* [ECF No. 651], the argument of counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) Quarles & Brady LLP does not hold or represent any interest adverse to the Debtors' estates on any matter in which Quarles & Brady LLP is to be engaged, and (d) Quarles & Brady LLP's employment as special counsel to the Debtors pursuant to 11 U.S.C. §327(e) with respect to the matters set forth below is in the best interests of the Debtors, the bankruptcy estates, and all parties-in-interest.  Accordingly, it is

   **ORDERED** as follows**:**

   1.        The Application is **APPROVED**, as set forth herein.

   2.        The objections to the Application not withdrawn or resolved prior to the February 23 Hearing are **OVERRULED**.

   3.        The employment of Quarles & Brady LLP, as special counsel to the Debtors, pursuant to the terms set forth in the Engagement Letter attached to the Application as Exhibit "A" is **APPROVED**, pursuant to 11 U.S.C. § 327(e), effective as of the Petition Date as to the following matters:

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

    a.   *Monster Energy Co. v. Vital Pharmaceuticals, Inc.,* Case No. 18-cv-1882 (C.D. Cal.) consistent with the terms outlined in the limited stay relief described in the *Order Granting Debtors' and Creditor Monster Energy Company's Joint Agreed Motion for Relief from Automatic Stay to Continue Action in Nonbankruptcy Forum* (the "Stay Relief Order") [Docket No. 450];

    b.   The court-ordered mediation and ongoing negotiations in the appeal styled *Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. PHD Marketing, Inc.*, Case No. 2:20-cv-06745-RSWL-JC;

    c.   Webb & Gerritsen appeal for the limited purpose of seeking to enforce the automatic stay and obtain an extension of any ultimately-entered briefing schedule; and

    d.   The "General Counsel Matters" described in the Application and Engagement Letter.

4.     With respect to the matters described in paragraphs 3.a through 3.d above, the Debtors shall provide the Committee periodic updates regarding the status of those matters that will not include the disclosure of privileged information.

5.     Any additional services beyond those set forth in this Order shall be subject to an application and further order of this Court.

6.     Quarles & Brady LLP, as special counsel to the Debtors, shall abide by and be compensated pursuant to the *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503] (the "Compensation Procedures Order"), and shall apply for compensation on an hourly basis, at the rates described in the Beilfuss Declaration, plus reimbursement of actual, necessary expenses incurred by Quarles & Brady LLP as special counsel, pursuant to 11 U.S.C. §§ 330 and 331, applicable federal and local rules of procedure, and applicable

orders of this Court. From and after the date of this Order, Quarles & Brady LLP shall seek compensation only for those services described in paragraph 3 of this Order, provided, however, that nothing in this Order shall bar Quarles & Brady LLP from seeking allowance and payment of fees for services rendered, and reimbursement of related costs incurred, during the period from the Petition Date through the entry of this Order, and the Debtors, Quarles & Brady LLP, and the Committee reserve all rights with respect thereto.

7.      The Debtors and Quarles & Brady LLP shall agree to a reasonable litigation budget. Quarles & Brady LLP acknowledges that the budget attached to the final order approving DIP financing [Docket No. 638] (the "DIP Order") includes a line-item for "Legal Expenses" which carves out of the secured lenders' collateral an amount of that collateral that the secured lenders have agreed may be used to fund the Debtors' postpetition litigation. Nothing in this Order shall be construed as a maximum limit or cap on the total fees and reimbursable costs that may be allowed to Quarles & Brady LLP by the Court as administrative expenses of the Debtors' estates and paid to Quarles & Brady LLP from any funds available to pay such allowed administrative expenses. The Debtors, Quarles and Brady LLP, and the Committee expressly reserve all rights under the rules of professional conduct and the Compensation Procedures Order.

8.      Quarles & Brady LLP shall use good faith and commercially reasonable efforts to avoid duplication of services with any of the Debtors' other professionals.

9.      Quarles & Brady LLP shall retain its prepetition claim against the Debtors solely for distribution purposes under any plan confirmed in connection with these chapter 11 cases; provided, however, nothing in this Order or the retention of Quarles & Brady LLP shall (i) waive or release any claims or causes of action the Debtors or their estates may have against Quarles & Brady LLP, whether prepetition or post-petition, or (ii) allow or admit to the allowance of any prepetition or

4

postpetition amounts allegedly due and owing to Quarles & Brady LLP, and such claims, causes of action, and defenses shall be expressly preserved.

     10.    With respect to the "General Counsel Matters" for which the Debtors also seek to retain Quarles & Brady LLP, the Debtors and Quarles & Brady LLP acknowledge that the amount of cash collateral that the secured lenders have agreed may be used for such General Counsel Matters is included in the line item of the budget attached to the DIP Order for "Facility/Office" expenses.

     11.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

<u>Submitted by</u>:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

**Guidelines Exhibt "1"**

**FEE APPLICATION SUMMARY CHART**

| | REQUEST | | | | APPROVAL | | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Filed | ECF # | Period Covered | Fees Requested | Expenses Requested | Date Order Entered | ECF # | Fees Approved | Expenses Approved | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| 3-21-2023 | 992 | 10-10-2022 through 2-28-2023 | $945,749.50 | $19,807.19 | 4-26-2023 | 1266 | $945,749.50 | $19,807.19 | $756,599.60 | $19,807.19 | $189,149.90 | $0.00 |
| | | | | | | | | | | | | |
| **Totals:** | | | $945,749.50 | $19,807.19 | | | $945,749.50 | $19,807.19 | $756,599.60 | $19,807.19 | $189,149.90 | $0.00 |

**Guidelines Exhibit "2-A"**

**Summary of Professional and Paraprofessional Time**
**Total per Individual for Application Period Only**
*[Quarles & Brady Second Interim Fee Application]*

**Partners and Associates**

| Name | Partner / Associate | Year Licensed | Total Hours | Hourly Rate[1] | Total Fees |
|------|---------------------|---------------|-------------|----------------|------------|
| Anderson, Ellen E. | A | 2020 | 4.30 | $ 395.00 | $    1,698.50 |
| Beilfuss, Andrew P. | P | 2005 | 1.80 | $ 495.00 | $       891.00 |
| Bolcar, Lauren C. | A | 2013 | 191.30 | $ 395.00 | $  75,563.50 |
| Carwin, Michael W. | A | 2016 | 4.50 | $ 395.00 | $    1,777.50 |
| Combest, Christopher | P | 1994 | 48.00 | $ 495.00 | $  23,760.00 |
| Desargones, Sargina M. | A | 2021 | 49.70 | $ 395.00 | $  19,631.50 |
| Dollens, Lucy R. | P | 2002 | 14.40 | $ 495.00 | $    7,128.00 |
| Duchemin, Matthew J. | P | 1999 | 10.10 | $ 495.00 | $    4,999.50 |
| Goldschmidt, James E. | P | 2012 | 5.70 | $ 495.00 | $    2,821.50 |
| Hundley, Camilla J. | A | 2017 | 55.40 | $ 395.00 | $  21,883.00 |
| Janssen, Daniel M. | P | 1993 | 217.60 | $ 495.00 | $ 107,712.00 |
| Kohn, Joseph T. | P | 2012 | 2.40 | $ 495.00 | $    1,188.00 |
| Labukas, Jonathan P. | P | 2010 | 74.20 | $ 495.00 | $  36,729.00 |
| Mason, Katie L. | P | 2000 | 0.30 | $ 495.00 | $       148.50 |
| Mitchell, Nolan J. | P | 2006 | 148.00 | $ 495.00 | $  73,260.00 |
| Murray, Nicole M. | P | 2002 | 0.90 | $ 495.00 | $       445.50 |
| Muth, David P. | P | 1996 | 197.60 | $ 495.00 | $  97,812.00 |
| Mykulak, George W. | P | 1981 | 0.30 | $ 495.00 | $       148.50 |
| Proctor-Brown, Patrick J. | A | 2015 | 64.80 | $ 395.00 | $  25,596.00 |
| Remington, John R. | P | 2007 | 3.00 | $ 495.00 | $    1,485.00 |
| VanBerg, Sydney E. | A | 2018 | 1.20 | $ 395.00 | $       474.00 |
| Wilbert, Johanna M. | P | 2006 | 16.60 | $ 495.00 | $    8,217.00 |
| **Totals:** | | | **1,112.10** | | **$  513,369.50** |

---

[1] As described in the Application, the Debtors and the Applicant agreed to rates of $495.00 per hour for partners, $395.00 per hour for associates, and $275.00 per hour for paraprofessionals.

**Paraprofessionals**

| Name | | Years of Experience | Total Hours | Hourly Rate[1] | Total Fees |
|---|---|---|---|---|---|
| Agren, Jordan M. | | 5 years | 5.50 | $ 275.00 | $  1,512.50 |
| Dedolph, Jennifer L. | | 23 years | 5.10 | $ 275.00 | $  1,402.50 |
| Kupsik, Margaret J | | 14 years | 4.20 | $ 275.00 | $  1,155.00 |
| Mohr, Sherry M. | | 17 years | 1.50 | $ 275.00 | $     412.50 |
| Olsen Dugan, Laura | | 30+ years | 0.50 | $ 275.00 | $     137.50 |
| Topping, Debra | | 15 years | 2.80 | $ 275.00 | $     770.00 |
| Vidal Schumm, Jennifer M. | | 7 years | 76.50 | $ 275.00 | $ 21,037.50 |
| Wilt, Rebecca S. | | 27 years | 1.60 | $ 275.00 | $     440.00 |
| **Totals:** | | | **97.70** | | **$ 26,867.50** |
| **Cumulative Totals:** | | | **1,209.80** | | **$ 540,237.00** |

Average Hourly Rate All Timekeepers:  $446.55

QB\82110983.1

## Guidelines Exhibit "2-B"

### Summary of Professional and Paraprofessional Time
### By Quarles Matter Number per Individual for Application Period Only

*[Quarles & Brady Second Interim Fee Application]*

173151.00001 - General Corporate Advice

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Andrew P. Beilfuss | 1.80 | $495.00 | $891.00 |
| Patrick J. Proctor-Brown | 64.40 | $395.00 | $25,438.00 |
| **TOTAL** | **66.20** | | **$26,329.00** |

173151.00002 - General IP Advice

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Johanna M. Wilbert | 4.00 | $495.00 | $1,980.00 |
| Debra Topping | 1.10 | $275.00 | $302.50 |
| Nicole M. Murray | 0.90 | $495.00 | $445.50 |
| **TOTAL** | **6.00** | | **$2,728.00** |

173151.00015 - Trademark Infringement - PhD Marketing ("PhD Appeal")

FEE SUMMARY:

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Johanna M. Wilbert | 11.90 | $495.00 | $5,890.50 |
| Jennifer M. Vidal Schumm | 0.40 | $275.00 | $110.00 |
| James E. Goldschmidt | 0.20 | $495.00 | $99.00 |
| L. Katie Mason | 0.30 | $495.00 | $148.50 |
| **TOTAL** | **12.80** | | **$6,248.00** |

173151.00034 - Dairy Farmers of America, Inc. Dispute

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Patrick J. Proctor-Brown | 0.30 | $395.00 | $118.50 |
| Jonathan P. Labukas | 2.10 | $495.00 | $1,039.50 |
| **TOTAL** | **2.40** | | **$1,158.00** |

173151.00043 - SRO TM Infringement

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| John R. Remington | 3.00 | $495.00 | $1,485.00 |
| **TOTAL** | **3.00** | | **$1,485.00** |

173151.00047 - The House of LaRose – Defense of Distributor Termination Litigation

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Rebecca S. Wilt | 1.60 | $275.00 | $440.00 |
| Sydney E. VanBerg | 1.20 | $395.00 | $474.00 |
| **TOTAL** | **2.80** | | **$914.00** |

173151.00050 - Dealer Termination - Webb & Gerritsen ("W&G Appeal")

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| James E. Goldschmidt | 5.20 | $495.00 | $2,574.00 |
| Ellen E. Anderson | 4.30 | $395.00 | $1,698.50 |
| **TOTAL** | **9.50** | | **$4,272.50** |

2

173151.00051 - Monster False Advertising Claim ("Monster Action")

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 217.60 | $495.00 | $107,712.00 |
| Matthew J. Duchemin | 10.10 | $495.00 | $4,999.50 |
| David P. Muth | 186.30 | $495.00 | $92,218.50 |
| Margaret J Kupsik | 4.20 | $275.00 | $1,155.00 |
| Jennifer M. Vidal Schumm | 76.10 | $275.00 | $20,927.50 |
| Jennifer L. Dedolph | 5.10 | $275.00 | $1,402.50 |
| Patrick J. Proctor-Brown | 0.10 | $395.00 | $39.50 |
| Jonathan P. Labukas | 72.10 | $495.00 | $35,689.50 |
| Jordan M. Agren | 5.50 | $275.00 | $1,512.50 |
| Lauren C. Bolcar | 191.30 | $395.00 | $75,563.50 |
| George W. Mykulak | 0.30 | $495.00 | $148.50 |
| Nolan J. Mitchell | 148.00 | $495.00 | $73,260.00 |
| Camilla J. Hundley | 55.40 | $395.00 | $21,883.00 |
| Sherry M. Mohr | 1.50 | $275.00 | $412.50 |
| Sargina M. Desargones | 49.70 | $395.00 | $19,631.50 |
| Laura Olsen Dugan | 0.50 | $275.00 | $137.50 |
| Christopher Combest | 3.70 | $495.00 | $1,831.50 |
| Michael W. Carwin | 4.50 | $395.00 | $1,777.50 |
| Lucy R. Dollens | 14.40 | $495.00 | $7,128.00 |
| **TOTAL** | **1,046.40** | | **$467,430.00** |

173151.00055 - UMG Copyright Infringement

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Joseph T. Kohn | 0.30 | $495.00 | $148.50 |
| Debra Topping | 0.50 | $275.00 | $137.50 |
| **TOTAL** | **0.80** | | **$286.00** |

3

173151.00056 - Sony Copyright Infringement

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Joseph T. Kohn | 0.30 | $495.00 | $148.50 |
| Debra Topping | 0.20 | $275.00 | $55.00 |
| **TOTAL** | **0.50** | | **$203.50** |

173151.00076 – Warner Copyright Infringement

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Johanna M. Wilbert | 0.70 | $495.00 | $346.50 |
| Joseph T. Kohn | 1.80 | $495.00 | $891.00 |
| Debra Topping | 1.00 | $275.00 | $275.00 |
| **TOTAL** | **3.50** | | **$1,512.50** |

173151.00087 - Chapter 11 Bankruptcy

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| David P. Muth | 11.30 | $495.00 | $5,593.50 |
| James E. Goldschmidt | 0.30 | $495.00 | $148.50 |
| Christopher Combest | 44.30 | $495.00 | $21,928.50 |
| **TOTAL** | **55.90** | | **$27,670.50** |

| **CUMULATIVE TOTALS:** | **1,209.80** | | **$540,237.00** |
|---|---|---|---|

| | **Guidelines Exhibit "3"**<br>**Summary of Requested Reimbursement of Expenses**<br>**for this Application Period Only** *[Q&B Second Interim Fee Application]* | | |
|---|---|---|---|
| 1 | **Filing Fees** | | $ 505.00 |
| 2 | **Process Service Fees** | | |
| 3 | **Witness Fees** | | |
| 4 | **Court Reporter Fees and Transcripts** | | |
| | a)  Court Reporter | | |
| | b)  Transcripts | | |
| 5 | **Lien and Title Searches** | | |
| 6 | **Photocopies** | | $ 1,846.80 |
| | (a)  In-house Copies/Reproductions | | |
| | (b)  Outside Copy Service/ Recording Fees | $ 1,846.80 | |
| 7 | **Postage** | | |
| 8 | **Overnight Delivery Charges** | | $ 173.90 |
| 10 | **Outside Courier/Messenger Service** | | $ 540.00 |
| 11 | **Long Distance Telephone Charges** | | |
| 12 | **Fax Transmissions ($1/page)** | | |
| 13 | **Computerized Research (PACER)** | | $ 359.00 |
| 14 | **Travel** | | |
| 15 | **Other Permissible Expenses** | | |
| | a)  Working Meals with Client | | |
| | b)  E-Discovery Storage Fee | | |
| **TOTAL REIMBURSEMENT REQUESTED** | | | $ 3,424.70 |

**Exhibit "4"**

**Detailed Expenses and Professional and Paraprofessional Time
by Quarles Matter Number for This Application Period Only**

**Guidelines Exhibit "3"**

**DISBURSEMENTS**

| | | |
|---|---|---|
| 03/02/2023 | Quantum LS LLC, INVOICE #2302137, Two sets of working binders of MEC's post-trial briefing and exhibits | $1,846.80 |
| 03/06/2023 | UPS delivery to Attn: Judge Bernal - Chambers Copy U.S. District Court -Cent. Dist. CA Riverside, CA 2/24/2023, Flash drive of exhibits, INVOICE #: 0387PR030423 | $17.47 |
| 03/14/2023 | VENDOR: American Messenger Services, Inc., Inc., Inc., INVOICE #: 589920, DATE: 2/24/2023 | $345.00 |
| 04/03/2023 | UPS delivery to Lauren Bolcar COURTYARD RIVERSIDE MARRIOTT RIVERSIDE, CA 3/30/2023, INVOICE #: 0387PR040123 | $51.49 |
| 04/03/2023 | UPS delivery to John Owoc Weston, FL 3/24/2023, Trial Documents , INVOICE #: 0387PR040123 | $55.44 |
| 04/17/2023 | UPS delivery to John H. Owoc Weston, FL 4/10/2023, INVOICE #: 0387PR041523 | $27.27 |
| 04/24/2023 | VENDOR: Pacer Service Center INVOICE#: 4735820-Q12023-38 DATE: 4/24/2023 1st Quarter Charges Online Research PACER | $359.00 |
| 05/05/2023 | VENDOR: American Messenger Services, Inc., INVOICE #: 1076050123, DATE: 5/1/2023 - Customer No. PAUPL - Service of Mandatory Courtesy Copy of Motion for JNOV and Motion for New Trial to Judge's Chambers. | $195.00 |
| 05/10/2023 | VENDOR: Chase Card Services - 1983, INVOICE #: 20181481, DATE: 1/1/0001 | $505.00 |
| 05/30/2023 | UPS delivery to Lauren Bolcar COURTYARD RIVERSIDE MARRIOTT RIVERSIDE, CA 5/27/2023, INVOICE #: 0387PR052723 | $22.23 |

**Total Disbursements:**　　$3,424.70

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 21

Vital Pharmaceuticals, Inc.
RE: Monster False Advertising Claim
Q & B Matter Number: 173151.00051

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/01/23 | Develop parameters for market share data requests, and related communications with Mr. Oberhofer regarding supplementation. | N. Mitchell | 0.30 |
| 03/01/23 | Review and analyze trial transcript, pleadings, and documents for evidentiary support for possible arguments to be made in Vital's opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 0.70 |
| 03/01/23 | Strategize regarding opposition to request for injunction under the UCL/FAL (0.3); review argument requesting same (0.2). | C. Hundley | 0.50 |
| 03/01/23 | Draft supplemental declaration addressing Vital's ongoing remediation efforts and burden of Monster's proposed permanent injunction. | L. Bolcar | 2.70 |
| 03/01/23 | Analysis of authority and arguments in trade secrets portion of Monster's Memorandum of Points and Authorities in support of Motion for Post-Verdict Motion for Equitable Relief, Fees and Costs. | L. Dollens | 2.60 |
| 03/01/23 | Communications with Ms. Owoc regarding website status and remediation in connection with preparations for injunction hearing. | N. Mitchell | 0.30 |
| 03/01/23 | Develop initial outline for response to UCL/FAL injunction motion, including related communications with Mr. Carwin and Ms. Hundley regarding research tasks. | N. Mitchell | 0.60 |
| 03/01/23 | Analysis of bankruptcy precedent cited by Monster regarding reasonableness of rates for fee demand. | C. Combest | 3.70 |
| 03/01/23 | Draft inserts for opposition to Monster's post-verdict relief as to interest (6.20); finalize research regarding same (3.0); prepare draft declaration with exhibits relative to same (.70). | D. Muth | 9.90 |
| 03/01/23 | Research issue of prejudgment interest applied for a federal claim. | S. Desargones | 2.00 |
| 03/01/23 | Revise section of response brief regarding disgorgement (3.1); continue to draft enhancement section of brief (2.1). | D. Janssen | 5.20 |
| 03/01/23 | Research regarding evidentiary requirements and sufficiency of supporting evidence burden. | J. Labukas | 1.40 |
| 03/01/23 | Research regarding reply brief burden of presentation of evidence. | J. Labukas | 1.80 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 22

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/02/23 | Draft supplemental declaration in support of Vital's opposition to Monster's Motion for Permanent Injunction (1.0), consider strategy for supplemental declaration and exhibits thereto (1.0). | L. Bolcar | 2.00 |
| 03/02/23 | Strategize regarding opposition to injunction request under state law claims (0.6); research regarding standards for injunctive relief under California unfair competition and false advertising law (2.0). | C. Hundley | 2.60 |
| 03/02/23 | Review and analyze trial transcripts for testimony relating to damages calculations for Monster's Lanham Act claims and create summary of same. | L. Bolcar | 1.90 |
| 03/02/23 | Draft presentation to support arguments at hearing on Monster's Motion for Permanent Injunction. | L. Bolcar | 4.40 |
| 03/02/23 | Review and revise Gerson supplemental affidavit opposing permanent injunction request, and develop outline of remediation data points for injunction hearing. | N. Mitchell | 1.60 |
| 03/02/23 | Research post judgment interest on copyright claims (4.30); Draft memorandum regarding same. | S. Desargones | 5.40 |
| 03/02/23 | Review and analyze section of Monster's Motion for Equitable Relief relating to the trade secret claims (0.7); consider strategy for response thereto (0.2); begin research into permanent injunctions for trade secret claims (0.5). | L. Bolcar | 1.40 |
| 03/02/23 | Draft and revise preliminary argument outline for injunction hearing, including related review of select cases. | N. Mitchell | 0.80 |
| 03/02/23 | Review select cases regarding UCL/FAL injunction standard, and related communications with Ms. Hundley regarding further research. | N. Mitchell | 0.60 |
| 03/02/23 | Revise prejudgment interest inserts (2.9); follow up on response/opposition to disgorgement (1.7); attorneys' fees (2.4) and costs (2.2); follow up on issues relative to CTUSA claims and damages relative to same (.90). | D. Muth | 10.10 |
| 03/02/23 | Research California Federal case law reviewing statutory procedure with awarding prejudgment interest in Lanham Act cases. | S. Mohr | 1.50 |
| 03/02/23 | Research regarding fee enhancement (1.3); work on enhancement portion of brief (2.5); review authority cited by Monster on prejudgment interest (.8). | D. Janssen | 4.60 |
| 03/02/23 | Conduct research regarding exemplary damages on trade secrets claim. | L. Dollens | 3.80 |
| 03/02/23 | Work on declaration in support of opposition to Monster's post-verdict motions, including update of relevant facts for same. | J. Labukas | 1.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 23

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/03/23 | Research regarding failure to substantiate claims and purported evidence and consequences thereof in connection with preparation of section for post-verdict brief (1.6); research regarding new evidence and related issues in connection with preparation of section for post-verdict brief (1.7). | J. Labukas | 3.30 |
| 03/03/23 | Finalize draft prejudgment inserts and supporting documents relative to same. | D. Muth | 5.20 |
| 03/03/23 | Work on enhancement section of brief and introduction. | D. Janssen | 4.50 |
| 03/03/23 | Continue researching, analyzing, and drafting arguments in opposition to request for injunction under California law (3.0). | C. Hundley | 3.00 |
| 03/03/23 | Develop and revise argument outline for permanent injunction hearing, and review briefing in connection with same. | N. Mitchell | 1.10 |
| 03/03/23 | Review preliminary injunction hearing slides, and develop and revise same. | N. Mitchell | 0.80 |
| 03/03/23 | Conduct legal research of cases cited in Monster's Motion for Equitable Relief in support of its request for a permanent injunction relating to its trade secret claims. | L. Bolcar | 2.60 |
| 03/03/23 | Draft presentation for hearing on Monster's Motion for Permanent Injunction. | L. Bolcar | 2.00 |
| 03/03/23 | Develop strategy for brief in opposition to UCL/FAL injunction motion. | N. Mitchell | 0.60 |
| 03/03/23 | Consider strategy for opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 0.20 |
| 03/04/23 | Revise and finalize draft argument in opposition to request for injunction under state law (0.2); strategize regarding draft of same (0.1). | C. Hundley | 0.30 |
| 03/04/23 | Research and review select cases and authorities regarding scope of injunctive relief under UCL/FAL, and related review of memo from Ms. Hundley. | N. Mitchell | 1.20 |
| 03/04/23 | Research for shelf space section of response brief, including ambiguity of proposed order. | D. Janssen | 5.60 |
| 03/04/23 | Review Monster's supporting documentation in support of its attorney fee application. | D. Muth | 3.70 |
| 03/04/23 | Review sales order (.2) exchange emails with Mr. Combest and Mr. Muth regarding impact on injunction hearing (.1). | G. Mykulak | 0.30 |
| 03/05/23 | Draft and revise brief opposing UCL/FAL injunction (3.0); related review of related briefing, cases and authorities (1.5). | N. Mitchell | 4.50 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 24

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/05/23 | Research Ninth Circuit Lanham Act case law in which courts declined to award attorney's fees to prevailing plaintiffs (2.5); research case law in which courts denied or reduced Heuston Hennigan's request for attorney's fees (2). | M. Carwin | 4.50 |
| 03/05/23 | Additional research for shelf space section of brief. | D. Janssen | 3.20 |
| 03/05/23 | Finalize review of Monster's supporting documentation in support of its $20 million attorney fee application. | D. Muth | 2.50 |
| 03/06/23 | Draft and revise supplemental marketing affidavit opposing Lanham Act injunction. | N. Mitchell | 0.40 |
| 03/06/23 | Draft and revise supplemental Gerson affidavit opposing Lanham Act injunction. | N. Mitchell | 0.90 |
| 03/06/23 | Draft memorandum to Mr. Metzger and Ms. Owoc regarding website remediation task list and next steps. | N. Mitchell | 1.30 |
| 03/06/23 | Draft section of opposition to Monster's Motion for Equitable Relief relating to request for injunctive relief for Monster's trade secret claims. | L. Bolcar | 6.30 |
| 03/06/23 | Prepare for and telephone call with Mr. Gerson regarding supplemental affidavit in opposition to Lanham Act injunction. | N. Mitchell | 0.70 |
| 03/06/23 | Confer with client regarding strategy for responding to arguments in Monster's Reply In Support of its Motion for a Permanent Injunction on its False Advertising Claims. | L. Bolcar | 0.40 |
| 03/06/23 | Consider strategy for supplemental declaration in support of Vital's opposition to Monster's Motion for a Permanent Injunction as to its false advertising claims. | L. Bolcar | 0.10 |
| 03/06/23 | Telephone call with Ms. Quartarolo, Mr. Parkhurst, Mr. DiDonato and Mr. Muth regarding sell-through damages and related issues in connection with assessment of post-trial motions and relief. | N. Mitchell | 0.80 |
| 03/06/23 | Research federal jurisdiction case law regarding awarding fees and costs in a trade secret claim. | S. Desargones | 2.00 |
| 03/06/23 | Draft and revise brief in opposition to UCL and FAL injunction (3.1); related review of key cases, authorities and exhibits (1.5). | N. Mitchell | 4.60 |
| 03/06/23 | Follow-up on key issues relative to Monster's supporting authorities for attorneys' fee award (3.20); prepare opposition to same (3.40); follow-up on key issues relative to disgorgement of profits sought by Monster (2.10); conference with client to discuss key issues and exposure relevant to Monster's post-verdict motions (1.0). | D. Muth | 9.70 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 25

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/06/23 | Pull and review evidentiary materials and cites to include in response to Monster's seeking injunction and exemplary damages on trade secrets claim. | L. Dollens | 2.10 |
| 03/06/23 | Continue to draft and revise enhancement section of brief (4.3); work on shelf space portion of brief (2.2). | D. Janssen | 6.50 |
| 03/06/23 | Review correspondence from Mr. Gregg Metzger about confidentiality provisions. | P. Proctor-Brown | 0.10 |
| 03/06/23 | Draft/revise post-verdict motions, including preparation of case analysis for same. | J. Labukas | 2.40 |
| 03/06/23 | Research regarding fees on trade secrets claim and willfulness. | J. Dedolph | 3.00 |
| 03/07/23 | Review briefing and consider key arguments on damages issues. | M. Duchemin | 1.30 |
| 03/07/23 | Draft/revise oppositions to Monster's post-verdict motions, including review of shelf space-specific case law and related matters. | J. Labukas | 2.80 |
| 03/07/23 | Review Sacks testimony for number of times testimony was stricken as non-responsive. | J. Vidal Schumm | 0.60 |
| 03/07/23 | Work on introduction, taxable costs and enhancement sections of brief (3.5); revise and supplement disgorgement section of brief (1.2); work on shelf space section of brief (2.0). | D. Janssen | 6.70 |
| 03/07/23 | Analyze California federal cases regarding court denying fees and costs in trade secrets claims (.60); Draft memorandum regarding same (.60). | S. Desargones | 1.20 |
| 03/07/23 | Review Monster cost allocations (1.20); review case law regarding correct allocation and award of costs (1.90); revise attorney fee opposition brief sought by Monster (4.70). | D. Muth | 7.80 |
| 03/07/23 | Work on draft response brief portion regarding trade secret claim for permanent injunction and exemplary damages (response to Monster's Memorandum of Points and Authorities in support of Motion for Post-Verdict Motion for Equitable Relief, Fees and Costs). | L. Dollens | 3.60 |
| 03/07/23 | Study proposed preliminary injunction and exemplary damages order Monster submitted to the court for inclusion of points in response brief as to trade secrets injunction and exemplary damages. | L. Dollens | 1.10 |
| 03/07/23 | Locate Declaration of Emelie Tirre in support of Monster's Opposition to VPX's motion for summary judgment to assist with briefing. | M. Kupsik | 0.30 |
| 03/07/23 | Review and analyze case law cited by Monster in contract interference section of Motion for Equitable Relief. | L. Bolcar | 1.90 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 26

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/07/23 | Telephone call with Ms. Caudle, Ms. Wilder, Mr. Oyler and Mr. Mykulak regarding Bloomington ROFR and Illinois strategy. | N. Mitchell | 1.40 |
| 03/07/23 | Research on 2022 Real Rate Report and a transcript of Monster Beverage Company's February 28, 2023 earnings call. | L. Olsen Dugan | 0.50 |
| 03/07/23 | Consider strategy for responding to Shelf Space Interference claims sections of Monster's Motion for Equitable Relief. | L. Bolcar | 0.10 |
| 03/07/23 | Complete draft section of opposition to Monster's Motion for Equitable Relief relating to request for injunctive relief for Monster's trade secret claims. | L. Bolcar | 5.90 |
| 03/07/23 | Revise and finalize opposition to Monster request for injunctive relief under the FAL and UCL, and related strategy communications with Ms. Hundley and Mr. Janssen. | N. Mitchell | 4.70 |
| 03/08/23 | Revise and edit draft section of opposition to Monster's Motion for Equitable Relief relating to request for injunctive relief for Monster's trade secret claims. | L. Bolcar | 1.30 |
| 03/08/23 | Confer with client regarding draft supplemental declaration in opposition to Monster's Motion for a Permanent Injunction. | L. Bolcar | 1.10 |
| 03/08/23 | Consider strategy for hearing on Monster's Motion for Permanent Injunction for its False Advertising claims. | L. Bolcar | 0.20 |
| 03/08/23 | Prepare for and telephone call with Mr. Gerson, Mr. Ory and Ms. Bolcar regarding supplemental affidavits on transition progress (.7); and related follow up communications with Ms. Bolcar regarding work plan for same (.5). | N. Mitchell | 1.20 |
| 03/08/23 | Analyze production and inventory data, metrics and forecasts in connection with development of supplemental affidavits and injunction arguments. | N. Mitchell | 1.50 |
| 03/08/23 | Prepare for and telephone call with Mr. Oberhoffer regarding sales data and supplemental affidavits regarding market share performance, and draft notes regarding same. | N. Mitchell | 0.60 |
| 03/08/23 | Review and analyze case law cited by Monster in contract interference section of Motion for Equitable Relief. | L. Bolcar | 2.60 |
| 03/08/23 | Draft/revise section for opposition to Monster's post-verdict motions. | J. Labukas | 3.20 |
| 03/08/23 | Confer with client regarding marketing strategy post-verdict. | L. Bolcar | 0.20 |
| 03/08/23 | Prepare preliminary argument outline for permanent injunction hearing, and review cases and submissions in connection with same. | N. Mitchell | 3.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 27

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/08/23 | Communications with Ms. Owoc and Ms. Muci regarding marketing transition and supplemental affidavit for injunction hearing. | N. Mitchell | 0.50 |
| 03/08/23 | Revise supplemental affidavit regarding production timeline. | N. Mitchell | 0.80 |
| 03/08/23 | Finalize all sections of opposition brief relevant to Monster's request for approximately $21 million in attorneys' fees. | D. Muth | 8.20 |
| 03/08/23 | Develop arguments in opposition to motion for equitable relief. | C. Hundley | 0.40 |
| 03/08/23 | Research California case law where fees not awarded in trade secret and tortious interference of contract claim. | S. Desargones | 2.50 |
| 03/08/23 | Work on additional arguments to include in response brief on trade secret claim for permanent injunction and exemplary damages. | L. Dollens | 1.20 |
| 03/08/23 | Research for disgorgement and enhancement sections of brief. | D. Janssen | 7.10 |
| 03/08/23 | Search for 9th Circuit/California federal cases regarding accrual of pre-judgment interest. | J. Dedolph | 2.10 |
| 03/09/23 | Review and analyze injunction briefing and key cases in preparation for injunction hearing. | N. Mitchell | 2.80 |
| 03/09/23 | Research regarding damages enhancement and costs, including taxable and non-taxable. | J. Labukas | 1.50 |
| 03/09/23 | Research regarding injunction standards and related cases, including review of briefing regarding same. | J. Labukas | 1.10 |
| 03/09/23 | Research for and draft shelf space section of brief. | D. Janssen | 6.20 |
| 03/09/23 | Follow-up on key issues regarding injunction scope and issues relative to opposing Monster motion (1.10); revise post-verdit motion regarding Monster fee request (1.30); follow-up on key legal and factual support regarding same (.70). | D. Muth | 3.10 |
| 03/09/23 | Conduct legal research for Vital's arguments in opposition to Monster's Motion for Equitable Relief regarding its claims for intentional interference with contract (5.0); draft outline for brief section in opposition to said motion (2.0). | L. Bolcar | 7.10 |
| 03/10/23 | Draft and revise outline of arguments and case law in opposition to Monster's section on the intentional interference with shelf space claims. | L. Bolcar | 1.30 |
| 03/10/23 | Continue drafting slides for hearing on Monster's Motion for a Permanent Injunction. | L. Bolcar | 1.90 |
| 03/10/23 | Consider strategy for Vital's opposition to Monster's Motion for Equitable relief and supporting documents. | L. Bolcar | 0.20 |
| 03/10/23 | Strategize regarding research and arguments in opposition to motion for equitable relief (0.2). | C. Hundley | 0.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 28

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/10/23 | Review and revise opposition brief to Monster's claims for additional damages. | D. Muth | 2.70 |
| 03/10/23 | Work on portion of brief regarding not exception matter under Lanham Act entitling payment of fees. | D. Janssen | 5.70 |
| 03/10/23 | Compile Motion for Permanent Injunction and Motion for Equitable Relief pleadings and exhibits and prepare hearing binder. | J. Agren | 2.80 |
| 03/10/23 | Draft/revise section of opposition to Monster's post-verdict brief regarding non-taxable costs, including review of applicable case law. | J. Labukas | 2.70 |
| 03/10/23 | Confer regarding issues and strategy surrounding VPX's opposition brief and supporting declaration, exhibits, and motion to seal. | J. Vidal Schumm | 0.70 |
| 03/10/23 | Prepare for marketing call, and related communications with Ms. Musi and Ms. Grumwald. | N. Mitchell | 0.70 |
| 03/10/23 | Strategy communications with Mr. Muth, Mr. Jansses, and Ms. Quartorolo regarding management changes. | N. Mitchell | 1.10 |
| 03/11/23 | Follow-up with bankruptcy counsel regarding Vital control issues and termination (.40); consider next steps based upon same (1.20). | D. Muth | 1.60 |
| 03/11/23 | Work on section of brief regarding demand for attorney fees, rates and insufficient time charges. | D. Janssen | 5.30 |
| 03/12/23 | Review and analyze briefing and exhibits and consider strategy for hearing on Monster's Motion for a Permanent Injunction. | L. Bolcar | 1.00 |
| 03/12/23 | Follow-up on issues relative to disgorgement claim. | D. Muth | 1.30 |
| 03/12/23 | Edit entire brief. | D. Janssen | 6.70 |
| 03/12/23 | Finalize draft of section of opposition to Monster's post-verdict brief regarding non-taxable costs, including CUTSA claim. | J. Labukas | 4.40 |
| 03/13/23 | Gather publicly available information regarding the parties, and events since trial, to use in brief and incorporate the same into the brief (2.5); supplement and revise non-advertising sections of the brief (2.8). | D. Janssen | 5.30 |
| 03/13/23 | Develop strategy, work plan and preliminary argument outline for permanent injunction hearing, including supplementation of the record. | N. Mitchell | 2.40 |
| 03/13/23 | Review Monster 10-K filings and disclosures for 2022 and 2023 in connection with injunction hearing preparations. | N. Mitchell | 0.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 29

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/13/23 | Review and analyze updated IRI data and performance comparison over post-verdict period in connection with development of supplemental declaration in opposition to permanent injunction (.5); and related communications with Mr. Oberhofer (.2). | N. Mitchell | 0.70 |
| 03/13/23 | Draft/revise portions of opposition to Monster's motion for equitable relief. | J. Labukas | 2.50 |
| 03/13/23 | Confer regarding strategy for revisions to draft of VPX's opposition brief, issues regarding supporting exhibits, compliance with local rules, and strategy regarding Muth Declaration. | J. Vidal Schumm | 1.50 |
| 03/13/23 | Revise opposition brief to Monster's motion for exemplary damages (2.40); follow-up on key issues for upcoming injunction hearing (1.70); follow-up on all issues regarding timing of decisions and impact on potential negotiations for sale (2.60); review issues relative to opposition to taxable costs (1.30). | D. Muth | 8.00 |
| 03/13/23 | Consider strategy for editing, revising, and cite checking draft brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 0.50 |
| 03/13/23 | Strategize regarding review and finalization of opposition to request for post-trial relief (0.4); review and analyze draft of same and exhibits and case law cited in same (0.9). | C. Hundley | 1.30 |
| 03/13/23 | Draft ex parte application to reschedule hearing on motion for permanent injunction and research case law regarding same. | L. Bolcar | 4.00 |
| 03/13/23 | Consider strategy for filing a motion to continue hearing on Monster's motion for a permanent injunction. | L. Bolcar | 0.40 |
| 03/13/23 | Prepare for and telephone call with Mr. Metzger, Mr. Muth and Ms. Quartorolo regarding management changes and implications for injunction opposition. | N. Mitchell | 1.40 |
| 03/13/23 | Review and analyze exhibits cited in Monster's briefing related to motion for permanent injunction and consider strategy for hearing on said motion. | L. Bolcar | 2.00 |
| 03/14/23 | Consider strategy for brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 0.60 |
| 03/14/23 | Revise and edit draft ex parte motion to continue hearing, draft supporting declaration and proposed order. | L. Bolcar | 0.90 |
| 03/14/23 | Revise and edit draft brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 4.70 |
| 03/14/23 | Consider strategy with client regarding supplemental declarations in support of Vital's opposition to Monster's Motion for Injunctive Relief. | L. Bolcar | 0.50 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 30

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/14/23 | Revise draft supplemental declaration in opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 1.20 |
| 03/14/23 | Research and advise regarding local rules related to filing documents deemed confidential by others under seal (1.0); strategize regarding information to be filed under seal (0.2). | C. Hundley | 1.20 |
| 03/14/23 | Consider with client strategy for supplemental declaration in opposition to Monster's Motion for Permanent Injunction. | L. Bolcar | 1.00 |
| 03/14/23 | Review opposition brief and list cited authority to begin cite checking arguments in brief. | S. Desargones | 0.50 |
| 03/14/23 | Consider with client strategy for ex parte motion to continue hearing. | L. Bolcar | 0.70 |
| 03/14/23 | Coordinate legal and fact cross-checking for brief (.70); prepare declaration of David Muth in opposition to pending Monster motion (1.80); revise brief regarding same (1.90). | D. Muth | 4.40 |
| 03/14/23 | Prepare for and call with board regarding company matters (.9); review new complaint (.3); revise and revise declarations in support of response to disgorgement motion and supplemental to injunction opposition (1.5); revise brief (3.5); work on non-statutory cost section (1.1). | D. Janssen | 7.30 |
| 03/14/23 | Draft and revise Gerson and DiDonato declarations (2.6); including numerous strategy communications with Mr. Metzger, Ms. Bolcar, and Mr. Parkhearst, regarding production timeline and marketing transition status and next steps (1.2). | N. Mitchell | 3.80 |
| 03/14/23 | Review bankruptcy pleadings in connection with preparations for injunction hearing, and draft notes regarding review of same. | N. Mitchell | 0.90 |
| 03/14/23 | Review JNOV, remittitur and new trial briefing in preparation for injunction hearing, including analysis of overlapping issues. | N. Mitchell | 1.40 |
| 03/14/23 | Prepare for and telephone call with Mr. Gerson and Ory regarding inventory projections for injunction declarations. | N. Mitchell | 0.50 |
| 03/14/23 | Telephone call with Mr. Parkhearst, Ms. Gumwald and Ms. Muci regarding marketing transition status and recommendations, including related follow-up communications with Ms. Grumwald and Ms. Muci. | N. Mitchell | 0.60 |
| 03/14/23 | Review and revise marketing declaration, including QC review of social media image removal. | N. Mitchell | 0.90 |
| 03/14/23 | Revise VPX's Opposition to Monster's Equitable Relief Motion to comply with the local rules for CD Cal. | J. Vidal Schumm | 1.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 31

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/14/23 | Begin reviewing accuracy of record and testimony citations contained in VPX's Opposition Brief and revise citations. | J. Vidal Schumm | 1.80 |
| 03/15/23 | Review briefing, trial transcripts and exhibits and consider arguments on damages issues; draft inserts for brief on damages issues. | M. Duchemin | 4.30 |
| 03/15/23 | Review/revise draft opposition to Monster's motion for equitable relief. | J. Labukas | 1.00 |
| 03/15/23 | Format and finalize excel exhibit to declaration in support of ex parte motion. | J. Agren | 0.90 |
| 03/15/23 | Review Monster advertisements supporting permanent injunction motion in connection with hearing preparations and planning. | N. Mitchell | 1.10 |
| 03/15/23 | Revise and finalize Oberofer declaration and exhibits, and analyze IRI data and metrics in connection with preparations for injunction hearing. | N. Mitchell | 1.60 |
| 03/15/23 | Review and revise brief in support of motion to continue, and related communications with Ms. Bolcar regarding work plan to finalize same. | N. Mitchell | 1.70 |
| 03/15/23 | Draft and revise declarations in support of continuance motion, including numerous strategy communications with Mr, Metzger, Mr. Bukovi, Mr. Parkhearst, and Ms. Quartorolo regarding injunction opposition strategy. | N. Mitchell | 3.60 |
| 03/15/23 | Revisions to declarations relevant to injunction and equitable relief motions (.4); revise motion to adjourn (.3); address issues regarding continuance of injunction hearing (.3); revise portions of brief and identify additional record supplementation for the same (2.5); supplement disgorgement section (.6). | D. Janssen | 4.10 |
| 03/15/23 | Additional revisions to opposition brief for post-verdict fees, costs and exemplary damages (2.10); revise supporting declaration regarding same (1.0). | D. Muth | 3.10 |
| 03/15/23 | Revise and edit slide deck for hearing on Monster's Motion for Injunctive Relief. | L. Bolcar | 0.90 |
| 03/15/23 | Analyze cases cited in opposition brief to identify whether in favor of position and correctly cited. | S. Desargones | 3.80 |
| 03/15/23 | Revise draft brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 0.40 |
| 03/15/23 | Consider strategy for ex parte application to continue hearing date. | L. Bolcar | 0.90 |
| 03/15/23 | Revise draft ex parte application to continue hearing date. | L. Bolcar | 0.40 |
| 03/15/23 | Draft proposed order for opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 2.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 32

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/15/23 | Strategize regarding revisions to and finalization of opposition to motion for equitable relief (0.7). | C. Hundley | 0.70 |
| 03/15/23 | Consider strategy for brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 1.00 |
| 03/15/23 | Revise and edit draft declaration in support of ex parte application to continue hearing date. | L. Bolcar | 0.50 |
| 03/16/23 | Revise Vital's Brief in Opposition to Monster's Motion for Equitable Relief and edit formatting to comply with local rules for the Central District of California. | J. Vidal Schumm | 2.80 |
| 03/16/23 | Draft/revise section on opposition to Monster's motion for equitable relief regarding shelf space claims. | J. Labukas | 2.20 |
| 03/16/23 | Research regarding punitive damages and related damages enhancement in connection with Lanham Act, intentional interference, and trade secret claims. | J. Labukas | 2.70 |
| 03/16/23 | Finalize and file ex parte motion. | J. Agren | 0.50 |
| 03/16/23 | Revisions to emergency motion (.4); review Monster response to emergency motion and attachments, and determine whether to file reply and e-mail regarding same (.5); review and revise Bukovi declaration (.3); review record including before trial regarding bifurcation matters (1.2); supplement disgorgement and enhancement sections of brief (2.0). | D. Janssen | 4.40 |
| 03/16/23 | Follow-up on key issues relative to injunction and extension motion (.70); follow-up on key issues regarding opposition to Monster's post-verdict fee motion (1.70); consider with general counsel key issues relative to sales/marketing (.40). | D. Muth | 2.80 |
| 03/16/23 | Draft record citations to statements in opposition brief. | S. Desargones | 1.80 |
| 03/16/23 | Analyze legal strategy for next steps of revising opposition brief. | S. Desargones | 0.50 |
| 03/16/23 | Draft and revise argument outline, including related communications with Ms. Bolcar. | N. Mitchell | 5.20 |
| 03/16/23 | Analyze case citations for favorable rulings and argument support in opposition brief. | S. Desargones | 2.50 |
| 03/16/23 | Revise, finalize and file motion to continue, including communications with Mr. Metzger and Ms. Quartorolo. | N. Mitchell | 1.80 |
| 03/16/23 | Revise and finalize Bukovi affidavit, including numerous communications with Mr. Parkhearst, Ms. Quartorolo, Mr. Bukovi, Ms Grumwald and Mr. Metzger. | N. Mitchell | 2.90 |
| 03/16/23 | Prepare for, and telephone call with, Mr. Bukovi, Ms. Grumwald, Mr. Parkhearst, and Mr. Metzger regarding marketing remediation efforts. | N. Mitchell | 0.50 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 33

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/16/23 | Prepare for and telephone call with Mr. Bukovi, Mr. Parkhurt, and Mr. Metzger regarding revisions to affidavit. | N. Mitchell | 0.60 |
| 03/16/23 | Consider strategy for hearing on Monster's motion for permanent injunction. | L. Bolcar | 1.30 |
| 03/16/23 | Revise and edit sections of Opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 2.70 |
| 03/16/23 | Consider strategy for revising and editing draft opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 1.30 |
| 03/16/23 | Review, analyze, and revise evidentiary and testimony citations in support of opposition for motion for equitable relief (4.9); strategize regarding arguments and evidence in support of brief (0.2). | C. Hundley | 5.10 |
| 03/16/23 | Revise, edit, and finalize ex parte application for continuance of hearing, proposed order, and accompanying exhibits. | L. Bolcar | 1.10 |
| 03/16/23 | Consider with client strategy for opposition to Monster's Motion for Permanent Injunction and declarations in support thereof. | L. Bolcar | 0.90 |
| 03/17/23 | Continue reviewing and compiling evidentiary and testimony support for opposition brief (2.0); strategize regarding arguments, evidence, and finalization of same (0.5). | C. Hundley | 2.50 |
| 03/17/23 | Revise and edit draft brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 5.80 |
| 03/17/23 | Consider strategy for revising and editing draft opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 0.90 |
| 03/17/23 | Consider strategy for hearing on Monster's Motion for Permanent Injunction. | L. Bolcar | 0.30 |
| 03/17/23 | Review and revise slides for injunction hearing, and develop argument outline in connection with same. | N. Mitchell | 4.20 |
| 03/17/23 | Review and revise opposition to equitable damages motion, including strategy communications with Mr. Janssen. | N. Mitchell | 2.40 |
| 03/17/23 | Draft record citations for opposition brief (2.5); Analyze trial transcript for record citation for opposition brief (.70). | S. Desargones | 3.20 |
| 03/17/23 | Review Monster cases and authorities in connection with injunction hearing preparations and planning. | N. Mitchell | 3.30 |
| 03/17/23 | Review VPX social media and related strategy communications with Ms. Grumwald and Mr. Parkhearst regarding advertising remediation and influencer outreach. | N. Mitchell | 0.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 34

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/17/23 | Finalize Muth Declaration and follow-up on key issues regarding same (.70); coordinate as to issues for upcoming injunction hearing (1.10). | D. Muth | 1.80 |
| 03/17/23 | Address issues regarding influencer guidelines (.4); revise and supplement Lanham Act sections of brief (5.2). | D. Janssen | 5.60 |
| 03/17/23 | Review/revise entire opposition to Monster's motion for equitable relief, including review of proposed case law and related submissions. | J. Labukas | 4.70 |
| 03/17/23 | Review Monster's response to ex parte application to extend hearing date on permanent injunction. | J. Labukas | 0.30 |
| 03/17/23 | Confer regarding strategy for Vital's Opposition to Monster's Motion for Equitable Relief including additional factual citations, confidentiality issues, and issues with calculation of Hueston's fees. | J. Vidal Schumm | 1.50 |
| 03/17/23 | Revise Vital's Brief in Opposition to Monster's Motion for Equitable Relief and consideration of additional factual citations to be added. | J. Vidal Schumm | 3.20 |
| 03/17/23 | Revise index of relevant facts and supporting exhibits, and begin gathering exhibits. | J. Vidal Schumm | 1.20 |
| 03/18/23 | Revise draft brief in opposition to Monster's Motion for Equitable Relief, including research and verification of record and evidentiary citations. | L. Bolcar | 7.10 |
| 03/18/23 | Review Meg Owoc's trial testimony to identify statements regarding Vital's shift away from Super Creatine advertising. | S. Desargones | 0.90 |
| 03/18/23 | Review and draft cites for testimony related to non-emphasis on marketing of creatine (1.6); strategize regarding evidentiary support and arguments for opposition brief (0.6); strategize regarding citation to exhibits not yet admitted or publicly filed in prior briefing (0.4). | C. Hundley | 2.60 |
| 03/18/23 | Consider strategy for analyzing and completing citations for brief in opposition to Monster's motion for equitable relief. | L. Bolcar | 0.30 |
| 03/19/23 | Revise and supplement entirety of current iteration of response brief. | D. Janssen | 8.60 |
| 03/19/23 | Draft/revise section of opposition to Monster's motion for equitable relief regarding shelf space claims. | J. Labukas | 4.10 |
| 03/19/23 | Review and revise post-verdict brief (1.10); follow-up on issues relative to Muth declaration (.60). | D. Muth | 1.70 |
| 03/19/23 | Identify whether nineteen of thirty-eight exhibits to be filed with opposition brief have been previously admitted or filed under seal to designate which exhibits need to be discussed at meet and confer. | S. Desargones | 1.10 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 35

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/19/23 | Review exhibits in support of opposition to motion for equitable relief for confidentiality designations (1.5); strategize regarding necessity for filing same under seal (0.3); research regarding prejudmgent interest under California law (0.5); draft argument regarding same (0.3). | C. Hundley | 2.60 |
| 03/19/23 | Revise draft proposed order denying Monster's Motion for Equitable Relief. | L. Bolcar | 0.70 |
| 03/19/23 | Review and analyze brief and exhibits in matter and fill in missing exhibit citations. | L. Bolcar | 1.80 |
| 03/20/23 | Revise and edit draft brief in opposition to Monster's motion for equitable relief and record citations contained therein. | L. Bolcar | 6.20 |
| 03/20/23 | Strategize regarding arguments related to recovery of prejudment interest (0.2); research and draft arguments related to same (1.3); research and draft application for motion to seal (1.0). | C. Hundley | 3.50 |
| 03/20/23 | Draft/revise opposition to Monster's motion for equitable relief. | J. Labukas | 3.80 |
| 03/20/23 | Research regarding extent of interest available under tort theories, including specifically intentional interference and trade secret claims. | J. Labukas | 3.50 |
| 03/20/23 | Review and revise FAL/UCL injunction instert for opposition to Monster equitable damages motion (2.7); and related communications with Mr. Janssen and Mr. Muth (.4). | N. Mitchell | 3.10 |
| 03/20/23 | Review revisions to Bang Energy website and social media pages in connection with preparations for permanent injunction hearing. | N. Mitchell | 0.60 |
| 03/20/23 | Develop strategy and work plan for supplementation of injunction record after hearing continuance, and draft work plan for same. | N. Mitchell | 0.80 |
| 03/20/23 | Review, analyze and revise and edit record citations in draft brief. | L. Bolcar | 2.00 |
| 03/20/23 | Additional revisions to post-verdict briefing (1.70); follow-up on key issues to finalize and file (.60); review draft proposed order (.20); consider use of additional exhibits not admitted during trial to support equitable arguments (1.40); follow-up with opposing counsel regarding meet and confer obligations (.20); review legal research for section 3287 and 3288 prejudment interest awards (2.60); revise brief regarding same (.90). | D. Muth | 7.60 |
| 03/20/23 | Revise matrix of factual support to include facts currently cited in Vital's Opposition to Plaintiff's Motion for Equitable Relief and consider and draft suggestions for additional factual support needed. | J. Vidal Schumm | 2.60 |
| 03/20/23 | Multiple rounds of revisions to Vital's Opposition to Plaintiff's Motion for Equitable Relief. | J. Vidal Schumm | 3.30 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 36

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/20/23 | Revise sections of Muth Declaration regarding interest rates and objections to Hueston Hennigan's fees, draft supporting exhibits 1-6, and draft sections for 27 additional supporting exhibits. | J. Vidal Schumm | 4.30 |
| 03/20/23 | Address meet and confer issues regarding confidentiality and filing (.3); review third party records potentially to include as exhibits (4); work on shelf space and state court advertising claims sections of brief (2.7); search for additional authority regarding prejudgment interest on state claims (.8); review authority in Monster brief regarding attorney fees (1.1). | D. Janssen | 5.30 |
| 03/21/23 | Strategize regarding testimony cites in opposition brief (0.2); review and compile testimony cites for finalization as exhibits (0.8); strategize regarding finalizing opposition briefing, supporting exhibits, and supporting motions (0.5); strategize regarding arguments related to fee award (0.2); research and draft opposition argument regarding same (1.0); strategize regarding redacting and finalizing public filing of opposition brief (0.3); continue drafting documents in support of motion to seal (0.5); confer regarding same (0.2). | C. Hundley | 3.70 |
| 03/21/23 | Revise and edit draft brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 3.90 |
| 03/21/23 | Consider strategy for brief in opposition to Monster's Motion for Equitable Relief. | L. Bolcar | 0.40 |
| 03/21/23 | Research case law regarding attorneys' fee awards under the Lanham Act. | L. Bolcar | 1.10 |
| 03/21/23 | Review and revise select portions of opposition to equitable damages motion, and related communications with Mr. Janssen and Mr. Muth. | N. Mitchell | 0.90 |
| 03/21/23 | Finalize Muth declaration review and exhibits (.60); finalize all mathematical computations to counter Monster's damage application (.40); coordinate key issues relative to enhanced damages (.80); follow-up on meet and confer obligations with opposing counsel (.20); review and revise brief (.80). | D. Muth | 2.80 |
| 03/21/23 | Edit brief in Opposition to Monster's Motion for Equitable Relief including revisions to record citations, addition of supporting trial transcript citations, revisions to section on trade secret claims, and revisions to case law citations. | J. Vidal Schumm | 4.10 |
| 03/21/23 | Revise Muth Declaration to include 40 additional exhibits and begin preparation of supporting exhibits. | J. Vidal Schumm | 2.80 |
| 03/21/23 | Draft/revise opposition to Monster's motion for equitable relief, including consideration of strategy for arguments relating to same. | J. Labukas | 3.30 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 37

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/21/23 | Coordinate revisions and changes with client representatives (.6); final review and revisions of Muth declaration and exhibits (.5); catalog voluminous exhibits to identify any missing material (.4); answer questions posed by client (.5); revisions to injunctive relief portion of brief (.3); revise entire brief(3.5). | D. Janssen | 5.80 |
| 03/21/23 | Review cases and authorities in preparation for permanent injunction hearing, and revise argument outline in connection with same. | N. Mitchell | 1.40 |
| 03/22/23 | Review/analyze summary of attorneys' fees calculations and related disputed issues to same. | J. Labukas | 0.60 |
| 03/22/23 | Finalize sections of opposition to Monster's motion for equitable relief. | J. Labukas | 1.70 |
| 03/22/23 | Revise Vital's Application to File Documents Under Seal and supporting declaration of David Muth. | J. Vidal Schumm | 0.80 |
| 03/22/23 | Continue preparation of 98 exhibits to Muth Declaration, including compilation of trial transcript excerpts and preparation of public and sealed versions of confidential exhibits. | J. Vidal Schumm | 4.10 |
| 03/22/23 | Revise VPX's brief in opposition to Monster's motion for equitable relief, revise transcript citations, revise case law citations, and consideration of confidentiality issues and sections potentially needing redaction. | J. Vidal Schumm | 5.20 |
| 03/22/23 | Multiple rounds of revisions to Muth Declaration, consideration of sections needing redaction, and apply redactions. | J. Vidal Schumm | 2.30 |
| 03/22/23 | Final review and revisions to all documents for filing. | D. Janssen | 4.70 |
| 03/22/23 | Review and analyze select testimony regarding damages and VPX marketing in connection with preparations for permanent injunction hearing. | N. Mitchell | 1.10 |
| 03/22/23 | Review file for unredacted versions of served documents from Monster in support of motion in limine to exclude supplemental Parang report. | M. Kupsik | 0.80 |
| 03/22/23 | Revise draft application for leave to file under seal, declaration in support thereof, and proposed order. | L. Bolcar | 1.90 |
| 03/22/23 | Strategize regarding finalization and filing of opposition brief (0.5); review and mark brief and supporting declaration for redacted public filing (1.5). | C. Hundley | 2.00 |
| 03/22/23 | Review, analyze and revise and edit brief in opposition to Monster's Motion for Equitable Relief and record citations in said draft brief. | L. Bolcar | 6.30 |
| 03/23/23 | Complete final revisions and review of opposition briefing, exhibits, and supporting documents and coordinate filing and service of same. | L. Bolcar | 4.80 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 38

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/23/23 | Draft certificate of service in support of motion to file under seal (0.6); strategize regarding review and analysis of opposition to motion for new trial and JNOV (0.3). | C. Hundley | 0.90 |
| 03/23/23 | Finalize and file Vital's Opposition to Plaintiff's Motion for Equitable Relief, Declaration of David Muth and 98 supporting exhibits, Application to File Under Seal, Declaration of David Muth in Support of Application to File Under Seal, Redacted and Sealed versions of Brief, Redacted and Sealed versions of Muth Declaration, Sealed exhibits, Proof of Service of Sealed Documents, and Proposed Order. | J. Vidal Schumm | 1.80 |
| 03/23/23 | Continue preparation of 98 supporting exhibits to the Muth Declaration, including compilation of transcript excerpts. | J. Vidal Schumm | 3.10 |
| 03/23/23 | Final rounds of revision to Vital's Brief in Opposition to Plaintiff's Motion for Equitable Relief. | J. Vidal Schumm | 1.70 |
| 03/23/23 | Revise Application to File Under Seal, Muth Declaration in support, and apply redactions to public versions of Brief and Muth Declaration in Support of Vital's Opposition. | J. Vidal Schumm | 1.40 |
| 03/23/23 | Revise Proposed Order. | J. Vidal Schumm | 0.30 |
| 03/23/23 | Revise Certificate of Service regarding sealed documents. | J. Vidal Schumm | 0.60 |
| 03/23/23 | Review Monster opposition to new trial motion (partial) in connection with preparations for injunction hearing. | N. Mitchell | 0.40 |
| 03/23/23 | Review client comments and incorporate same into the final edit of brief (2.5); final check of exhibits to identify any potentially helpful material not yet included (1.4). | D. Janssen | 3.90 |
| 03/24/23 | Begin review and analysis of Monster's brief in opposition to Vital's motion for JNOV. | L. Bolcar | 1.40 |
| 03/24/23 | Review, analyze, and distinguish exhibits and testimony cited by Monster in opposition to motion for JNOV, new trial, and remittitur (2.6). | C. Hundley | 2.60 |
| 03/24/23 | Assist with compiling pleadings to assist in response to briefing. | M. Kupsik | 0.80 |
| 03/24/23 | Analyze Monster's reply opposition brief to VPX's motion for JNOV to begin drafting citation check (1.0).;Draft citation table for Monster's authority cited in pages 25-50 of brief (.50); Draft authority names, page list, and Monster's statement for support in its opposition to JNOV brief (4.5). | S. Desargones | 6.00 |
| 03/24/23 | Review Monster's opposition to motion for jnov, new trial or remittitur. | D. Muth | 3.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 39

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/24/23 | Receive/review Monster's Response to JNOV Motion, Munoz Declaration, and 55 supporting exhibits. | J. Vidal Schumm | 1.30 |
| 03/24/23 | Coordinate service of chambers copies of VItal's Response to Monster's Motion for Equitable Relief, in compliance with local rules, including multiple emails with vendor regarding handling of sealed documents. | J. Vidal Schumm | 1.10 |
| 03/24/23 | Review and annotate entire filing of Monster (6.5); work on outline of reply brief (1.2). | D. Janssen | 7.20 |
| 03/24/23 | Review/analyze Monster's opposition to VPX's post-verdict motions, including related declaration and exhibits. | J. Labukas | 1.30 |
| 03/24/23 | Work on case citation analysis and related distinguishing of same in connection with preparation of reply in support of post-verdict motions. | J. Labukas | 2.40 |
| 03/25/23 | Review and analyze evidentiary cites in pages 1-25 of Monster's brief in opposition to Vital's Motion for JNOV. | L. Bolcar | 2.70 |
| 03/25/23 | Continue reviewing, analyzing, and distinguishing exhibits and testimony cited by Monster in opposition to motion for JNOV, new trial, and remittitur (4.0). | C. Hundley | 4.00 |
| 03/25/23 | Addition record and case law research for InfoScout section of brief (4.3); work on draft of InfoScout sections of brief (3.8). | D. Janssen | 8.10 |
| 03/26/23 | Research and record citation check for Peking Study section of brief (2.2); work on Peking Study and other sections of reply (6.7). | D. Janssen | 8.90 |
| 03/26/23 | Analyze seventy-two cases cited in Monster's opposition brief to confirm accuracy of case law citations to compile chart (4.5); Draft chart of case citations in Monster's opposition brief (1.1). | S. Desargones | 5.60 |
| 03/26/23 | Outline action items for reply brief in support of jnov, new trial or remittitur. | D. Muth | 4.00 |
| 03/26/23 | Continue reviewing, analyzing, and distingushing evidentiary cites in Monster's opposition to motion for JNOV briefing (5.0); strategize regarding arguments related to citations (0.3). | C. Hundley | 5.30 |
| 03/26/23 | Continue review and analysis of evidentiary cites in pages 1-25 of Monster's brief in opposition to Vital's Motion for JNOV. | L. Bolcar | 3.30 |
| 03/27/23 | Finalize chart of analysis of factual citations in Monster's brief in opposition to Vital's Motion for JNOV. | L. Bolcar | 2.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 40

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/27/23 | Strategize regarding cites and arguments in support of reply brief for motion for JNOV (0.7); continue reviewing and distinguishing fact cites in Monster's opposition brief (1.0). | C. Hundley | 1.70 |
| 03/27/23 | Review and analyze docket entries regarding InfoScout surveys. | L. Bolcar | 0.50 |
| 03/27/23 | Draft chart of cases cited in Monster's opposition brief (.80); Draft memoranda of case citation check findings (.20). | S. Desargones | 1.00 |
| 03/27/23 | Review briefing record and exhibits related to Monster's request for disgorged profits. | L. Bolcar | 0.20 |
| 03/27/23 | Review and analyze Monster's brief in opposition to Vital's motion for JNOV. | L. Bolcar | 1.40 |
| 03/27/23 | Review daily transcripts for Carpenter testimony and motion for JNOV and provide to D. Muth for briefing. | M. Kupsik | 0.80 |
| 03/27/23 | Prepare work plan for injunction hearing and revisions to slides and declarations. | N. Mitchell | 0.80 |
| 03/27/23 | Prepare for injunction oral argument by reviewing select pleadings and motions, and revise argument outline in connection with same. | N. Mitchell | 1.50 |
| 03/27/23 | Review/analyze Monster's opposition to Vital's post-verdict motion and prepare analyses of case citations and references. | J. Labukas | 5.10 |
| 03/27/23 | Work on InfoScout section of brief (4.3); research for other sections of brief (3.4). | D. Janssen | 7.70 |
| 03/27/23 | Prepare reply brief in support of JNOV, new trial and remittitur. | D. Muth | 9.70 |
| 03/28/23 | Review and analyze briefing on Monster's Motion for Permanent Injunction and draft outline for hearing. | L. Bolcar | 3.50 |
| 03/28/23 | Analyze current status and strength of key authorities. | S. Desargones | 1.00 |
| 03/28/23 | Strategize regarding testimony related to advertising focus for citation in reply brief in support of motion for JNOV (0.3); strategize regarding case law and arguments asserted in reply brief (0.2); research same (0.5). | C. Hundley | 1.00 |
| 03/28/23 | Finalize case law analysis from Monster's opposition to client's post-verdict motions. | J. Labukas | 4.70 |
| 03/28/23 | Revise InfoScout section of brief (2.2); work on rodent study section of brief (3.5); research for use in other section of reply brief (2.8). | D. Janssen | 8.50 |
| 03/28/23 | Revise reply brief (3.6); review key legal authorities cited by Monster regarding JNOV (2.4) and remittitur (2.9); follow up with Bankruptcy counsel regarding key strategy issues for reply brief (.2). | D. Muth | 9.10 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 41

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/29/23 | Draft outline and slides for hearing on Monster's Motion for Permanent Inunction. | L. Bolcar | 2.50 |
| 03/29/23 | Consider strategy for hearing on Monster's Motion for Permanent Injunction. | L. Bolcar | 0.50 |
| 03/29/23 | Review and analyze exhibits cited by Monster in its briefing regarding the Motion for a Permanent Injunction. | L. Bolcar | 0.80 |
| 03/29/23 | Review and analyze case law cited by Monster in its briefing regarding the Motion for a Permanent Injunction. | L. Bolcar | 1.60 |
| 03/29/23 | Revised reply brief regarding JNOV (3.50); revise reply brief regarding remittitur (1.10). | D. Muth | 4.60 |
| 03/29/23 | Revise and supplement sections of brief regarding remittitur and excluded evidence. | D. Janssen | 5.50 |
| 03/29/23 | Prepare for injunction hearing, including review of bankruptcy and remediation developments and select pleadings. | N. Mitchell | 4.10 |
| 03/30/23 | Revise reply brief in support of JNOV, new trial and remittitur. | D. Muth | 7.70 |
| 03/30/23 | Review Monster's opposition brief (2.6); review trial transcript and key trial exhibits (.7); draft email summarizing comments on same and strategy for reply (1.2). | M. Duchemin | 4.50 |
| 03/30/23 | Telephone call with Mr. Metzger regarding injunction hearing preparation and strategy. | N. Mitchell | 0.40 |
| 03/30/23 | Prepare strategy for permanent injunction hearing, including email communications regarding same. | N. Mitchell | 0.80 |
| 03/30/23 | Analyze Ninth Circuit case law about overturning jury verdict. | S. Desargones | 1.50 |
| 03/30/23 | Consider strategy for hearing on Monster's Motion for Permanent Injunction. | L. Bolcar | 0.90 |
| 03/30/23 | Revise argument outline and slides in preparation for permanent injunction hearing. | N. Mitchell | 4.00 |
| 03/30/23 | Continue to revise outline for hearing on Monster's Motion for Permanent Injunction. | L. Bolcar | 1.10 |
| 03/30/23 | Review and analyze all briefing and key cases regarding Monster's Motion for Permanent Injunction. | L. Bolcar | 2.30 |
| 03/31/23 | Consider strategy for hearing on Monster's Motion for Permanent Injunction. | L. Bolcar | 0.50 |
| 03/31/23 | Review and analyze evidentiary record for citations for draft reply in support of Vital's Motion for JNOV and Remittitur. | L. Bolcar | 5.30 |
| 03/31/23 | Review case law regarding oral motions for judgment as a matter of law. | S. Desargones | 3.90 |
| 03/31/23 | Revise reply brief in support of motion for JNOV, new trial or remittitur. | D. Muth | 6.90 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 42

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/31/23 | Draft and revise argument slides, and related strategy communications with Ms. Bolcar regarding same. | N. Mitchell | 1.80 |
| 04/03/23 | Revise draft reply brief ISO Vital's motion for JNOV. | L. Bolcar | 5.50 |
| 04/03/23 | Consider strategy for reply brief in support of Vita'ls motion for JNOV. | L. Bolcar | 0.20 |
| 04/03/23 | Conduct legal research on nominal damage awards for trade secret claims (2.0); draft memoranda of law on case cites and quotations to cases for awarding nominal damage awards for trade secret claims (.20). | S. Desargones | 2.20 |
| 04/03/23 | Research case law regarding trade secret misappropriation liability and damages. | L. Bolcar | 0.50 |
| 04/03/23 | Work on JNOV sections of reply brief. | D. Janssen | 7.70 |
| 04/04/23 | Revise and edit draft reply brief ISO Vital's motion for JNOV. | L. Bolcar | 5.10 |
| 04/04/23 | Strategize regarding revisions to reply brief in support of motion for JNOV, remittitur, and new trial. | C. Hundley | 0.50 |
| 04/04/23 | Consider strategy for reply brief ISO motion for JNOV. | L. Bolcar | 0.50 |
| 04/04/23 | Communications with Ms. Munoz regarding motion for remote hearing (.1); related emails with Mr. Metzger regarding same (.2). | N. Mitchell | 0.30 |
| 04/04/23 | Draft new sections for section of brief regarding evidentiary exclusions and revise existing sections (6.1); answer questions raised about injunction argument and hearing (.5). | D. Janssen | 6.60 |
| 04/05/23 | Work on finalization and filing of reply brief and exhibits in support of motion for JNOV, remittitur, and new trial (0.8); review and draft testimony cites regarding expert analysis of alternative buying habits of consumers (0.7). | C. Hundley | 1.50 |
| 04/05/23 | Revise and edit draft reply brief ISO Vital's motion for JNOV. | L. Bolcar | 4.90 |
| 04/05/23 | Research and review press articles regarding bankruptcy in connection with injunction hearing preparations. | N. Mitchell | 0.40 |
| 04/05/23 | Follow up on issues relative to injunction hearing (.40); review reply brief for post-verdict motions(.90); follow up on issues for supplemental declaration (.10). | D. Muth | 1.40 |
| 04/05/23 | Work on revisions and supplement to remittitur sections of reply brief and JNOV arguments. | D. Janssen | 6.60 |
| 04/05/23 | Revise matrix of factual support for Vital's Reply in Support of JNOV. | J. Vidal Schumm | 0.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 43

| Date | Description | Professional | Hours |
|---|---|---|---|
| 04/05/23 | Confer regarding strategy for Muth Declaration and revisions to Reply. | J. Vidal Schumm | 0.30 |
| 04/05/23 | Review and revise hearing preparation outline, and review select cases in connection with same. | N. Mitchell | 2.90 |
| 04/06/23 | Revise and update evidentiary support matrix to include additional testimony citations. | J. Vidal Schumm | 1.10 |
| 04/06/23 | Revise Declaration of David Muth and include material regarding Meg Owoc testimony. | J. Vidal Schumm | 1.30 |
| 04/06/23 | Revise Vital's Reply in Support of JNOV Motion. | J. Vidal Schumm | 0.80 |
| 04/06/23 | Review new market data and determine how to address in brief (.3); develop arguments to address particular concerns arising during oral argument (.4); obtain answers from bankruptcy counsel (.4); revise and supplement JNOV section of brief (5.6); search for additional authority for certain propositions in JNOV portions of brief (1.2). | D. Janssen | 7.90 |
| 04/06/23 | Draft and revise case notes for injunction argument outline, and analyze select cases and authorities in connection with same. | N. Mitchell | 3.10 |
| 04/06/23 | Review injunction briefing and consider key arguments for oral argument (1.90); review market share data regarding same (.30); revise reply brief (2.10); review Tregillis testimony and report to address/finalize remittitur arguments (.50). | D. Muth | 0.50 |
| 04/06/23 | Develop strategy to coordinate post-trial arguments in preparation for injunction hearing. | N. Mitchell | 0.50 |
| 04/06/23 | Analyze next steps of record citations for final post-trial brief. | S. Desargones | 0.30 |
| 04/06/23 | Consider strategy for finalizing reply brief ISO Motion for JNOV. | L. Bolcar | 0.40 |
| 04/06/23 | Continue reviewing testimony transcripts for factual support for arguments stated in reply brief in support of motion for JNOV, new trial, and remittitur (1.3); strategize regarding finalization and arguments in support of reply brief (0.9); review, revise, and draft reply brief arguments related to materiality (1.0). | C. Hundley | 3.20 |
| 04/06/23 | Revise and edit draft reply brief ISO Vital's motion for JNOV and record citations and legal citations contained therein. | L. Bolcar | 6.10 |
| 04/06/23 | Review Monster post-trial submissions in connection with damages analysis and preparations for injunction hearing. | N. Mitchell | 2.10 |
| 04/07/23 | Revise and edit draft reply brief ISO Vital's motion for JNOV and record citations and legal citations contained therein (3.0); revise and edit draft declaration in support thereof (1.1). | L. Bolcar | 4.10 |
| 04/07/23 | Consider strategy for finalizing reply brief ISO Motion for JNOV. | L. Bolcar | 0.30 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 44

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/07/23 | Confer with client regarding draft brief ISO Vital's motion for JNOV. | L. Bolcar | 0.10 |
| 04/07/23 | Strategize regarding finalization and filing of reply brief (1); review, verify accuracy, and compile exhibits and testimony in support of reply brief (1.5). | C. Hundley | 2.50 |
| 04/07/23 | Review post-trial motion to identify any edits or revisions to record cites. | S. Desargones | 0.50 |
| 04/07/23 | Review and revise all sections of brief. | D. Janssen | 5.70 |
| 04/07/23 | Continue revisions to argument sections and additional evidentiary support to Vital's JNOV Reply. | J. Vidal Schumm | 4.10 |
| 04/07/23 | Continue preparation of exhibits to Muth Declaration. | J. Vidal Schumm | 1.10 |
| 04/07/23 | Revise Muth Declaration. | J. Vidal Schumm | 1.40 |
| 04/07/23 | Revise evidentiary support matrix to note evidence already part of the record. | J. Vidal Schumm | 0.60 |
| 04/07/23 | Develop work plan for additional submissions and items for rescheduled hearing, and related communications with Mr. Metzger and Mr. Parkurst. | N. Mitchell | 1.10 |
| 04/08/23 | Revise reply brief. | D. Muth | 1.60 |
| 04/10/23 | Revise Declaration of David Muth in connection with Vital's JNOV Reply. | J. Vidal Schumm | 1.20 |
| 04/10/23 | Finalize, file, and prepare service and chambers copies of Reply in Support of Vital's JNOV Motion, Declaration of David Muth and supporting exhibits. | J. Vidal Schumm | 0.80 |
| 04/10/23 | Prepare exhibits and transcript excerpts to Declaration of David Muth. | J. Vidal Schumm | 2.40 |
| 04/10/23 | Multiple rounds of revisions to Vital's Reply in support of JNOV Motion including revisions to case law citations, record citations and transcript excerpts. | J. Vidal Schumm | 4.70 |
| 04/10/23 | Review client revisions and suggested supplementation (.3); research for supplemental sections (1.5); draft and revise brief to add client's sections (2.2); final review for filing (.5). | D. Janssen | 4.50 |
| 04/10/23 | Finalize reply brief and declaration (3.10); legal research regarding non-hearsay statements adopted by a party (1.50). | D. Muth | 4.60 |
| 04/10/23 | Consider strategy for finalizing reply brief ISO motion for JNOV, Remittitur and new trial. | L. Bolcar | 0.10 |
| 04/10/23 | Review and analyze edits to draft reply brief ISO Vital's motion for JNOV received from client. | L. Bolcar | 0.10 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 45

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/10/23 | Revise and edit draft brief ISO motion for JNOV, Remittitur, and new trial, draft declaration, and review and analyze exhibits thereto and prepare for filing. | L. Bolcar | 3.80 |
| 04/11/23 | Review and analyze Monster's reply brief ISO its motion for equitable relief. | L. Bolcar | 0.40 |
| 04/11/23 | Review Monster reply brief and supporting materials (2.0); prepare status report to client regarding same (.20); follow-up with Dr. Li regarding key issues related to efficacy of super-creatine (.30). | D. Muth | 2.50 |
| 04/11/23 | Review brief and some authority cited in reply in support of equitable relief (1.5); determine whether to seek permission to file sur-reply to address new matters raised in reply (.4); address questions relating to motion for injunction as a result of certain content in reply brief (.3). | D. Janssen | 2.20 |
| 04/11/23 | Review/analyze Monster's reply in support of motion for equitable relief/attorneys' fees. | J. Labukas | 0.80 |
| 04/11/23 | Review Monster reply regarding damages motion and select cases therein in connection with injunction hearing preparations. | N. Mitchell | 2.70 |
| 04/12/23 | Review and analyze Order Granting Monster's Motion for Permanent Injunction. | L. Bolcar | 0.80 |
| 04/12/23 | Prepare for and telephone calls with Mr. Metzger, Mr. DiDonato, and Huron team regarding injunction scope and response to same. | N. Mitchell | 1.10 |
| 04/12/23 | Review and analyze decision and preliminary injunction order, including related communications with Mr. Metzger regarding scope of same and next steps. | N. Mitchell | 2.70 |
| 04/12/23 | Extensive analysis and consideration of court's order awarding permanent injunction (1.40); follow-up with client regarding same (.10). | D. Muth | 1.50 |
| 04/12/23 | Review Judge Bernal's Order granting Plaintiff's Motion for Permanent Injunction. | S. Desargones | 0.20 |
| 04/12/23 | Review decision on injunction (.8); evaluation of options for further motions regarding clarification and reconsideration (.4); prepare for call with board(.3); call with board and follow up call (1.7). | D. Janssen | 3.20 |
| 04/12/23 | Review/analyze order granting motion for permanent injunction. | J. Labukas | 1.20 |
| 04/13/23 | Research and analyze cases and authorities regarding injunction scope, active concert liability for retailers and distributors, and related enforcement issues, and draft notes regarding same in response to client request. | N. Mitchell | 2.50 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 46

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/13/23 | Prepare for and attend client briefing regarding injunction scope and enforcement, and related strategy communications. | N. Mitchell | 1.60 |
| 04/13/23 | Review and analyze draft email outlining guidance for compliance with court's permanent injunction order. | L. Bolcar | 0.20 |
| 04/13/23 | Research case law regarding sanctions imposed for failure to comply with a permanent injunction in federal court. | L. Bolcar | 0.90 |
| 04/13/23 | Follow-up on post-verdict issues relative to Monster's reply brief (.90); additional review of injunction order from court (1.0); prepare outline for agenda with client (.20); strategy calls with general counsel and board members regarding injunction (.70); follow-up on key issues for potential clarification of injunction order and forward strategy (2.40); prepare status email to client (1.40). | D. Muth | 6.60 |
| 04/13/23 | Address issues and concerns with respect to injunction ruling. | D. Janssen | 1.50 |
| 04/14/23 | Address questions about scope and timing of permanent injunction. | D. Janssen | 1.30 |
| 04/14/23 | Attention to issues relevant to injunction. | D. Muth | 0.70 |
| 04/14/23 | Numerous communications with Mr. Metzger, Mr. Muth and Mr. Parkhurt regarding injunction interpretation, scope and notifications. | N. Mitchell | 1.10 |
| 04/14/23 | Review and revise memorandum to client regarding injunction scope and interpretation. | N. Mitchell | 1.40 |
| 04/15/23 | Review and propose revisions to letter to Pachulski regarding injunction, and related communications with Mr. Sorokin. | N. Mitchell | 0.60 |
| 04/16/23 | Attention to issues relevant to injunction. | D. Muth | 0.90 |
| 04/16/23 | Consider how permanent injunction order affects Vital's distribution system. | L. Bolcar | 0.10 |
| 04/17/23 | Consider strategy and client counseling following permanent injunction order. | L. Bolcar | 0.20 |
| 04/17/23 | Address questions raised by client regarding terms of permanent injunction (.8); search for authority to address questions regarding scope of order (.7); review and revise opinion to client (.2). | D. Janssen | 1.70 |
| 04/17/23 | Follow-up with Gregg Metzger regarding scope of injunction (.4); review injunction order and applicable case law regarding same (1.7). | D. Muth | 2.10 |
| 04/17/23 | Prepare for and telephone call with Mr. Metzger regarding injunction scope and compliance issues (.6); numerous follow up communications with Mr. Metzger regarding same (.5). | N. Mitchell | 1.10 |
| 04/17/23 | Revise client memo regarding injunction scope. | N. Mitchell | 0.40 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 47

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/18/23 | Consider implications and strategy for compliance with permanent injunction order. | L. Bolcar | 0.40 |
| 04/23/23 | Review and consider need to file appeal on injunction when no final judgment yet entered (1.70); follow-up with client regarding same (.20). | D. Muth | 1.90 |
| 04/23/23 | Communications with Mr. Metzger regarding notice of appeal (.2); review rules in connection with same (.1). | N. Mitchell | 0.30 |
| 04/25/23 | Follow-up with bankruptcy counsel regarding status in relation to potential appeal of injunction order. | D. Muth | 0.20 |
| 04/25/23 | Review demand from Monster as to enjoined persons (.10); review injunction order regarding same (.40); follow-up with client regarding same (.10). | D. Muth | 0.60 |
| 04/25/23 | Address client questions and concerns regarding injunction. | D. Janssen | 0.50 |
| 04/26/23 | Follow-up on key issues relative to permanent injunction. | D. Muth | 1.10 |
| 04/26/23 | Follow-up with lead counsel on issues relative to bid status and sale. | D. Muth | 0.20 |
| 04/27/23 | Follow-up with Monster counsel regarding injunctions (.1); follow-up on issues relative to appeal (.3). | D. Muth | 0.40 |
| 04/27/23 | Review rules and docket in connection with preparation of notice of appeal. | N. Mitchell | 0.60 |
| 04/28/23 | Review trial testimony regarding Jack Owoc's social media pages. | L. Bolcar | 0.20 |
| 04/28/23 | Follow-up on key issues for appeal. | D. Muth | 0.30 |
| 04/28/23 | Review proposed corrective statements and injunction order (.60); follow-up with client regarding same (.30). | D. Muth | 0.90 |
| 04/28/23 | Communications and telephone calls with Mr. Metzger regarding injunction compliance issues. | N. Mitchell | 0.70 |
| 05/01/23 | Additional review of Vital's efforts to comply with permanent injunction ruling. | D. Muth | 0.60 |
| 05/01/23 | Emails with Mr. Metzger regarding corrective statement and related injunction compliance issues. | N. Mitchell | 0.20 |
| 05/02/23 | Review injunction and consider scope of enjoined person (.30); follow-up with client regarding same (.20). | D. Muth | 0.50 |
| 05/02/23 | Emails with Mr. Metzger regarding injunction scope and related press release issues. | N. Mitchell | 0.20 |
| 05/03/23 | Review Vital proposed corrective advertisement to ensure compliance with injunction order. | D. Muth | 0.50 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 48

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 05/03/23 | Review corrective statement materials, and related communications with Mr. Metzger. | N. Mitchell | 0.30 |
| 05/04/23 | Follow-up on key issues relative to appeal of permanent injunction. | D. Muth | 0.20 |
| 05/04/23 | Review and respond to client questions regarding marketing compliance with injunction. | N. Mitchell | 0.30 |
| 05/05/23 | Draft Exhibit to Notice of Appeal. | J. Agren | 0.50 |
| 05/05/23 | Finalize appeal documents. | D. Muth | 0.20 |
| 05/05/23 | Additional discussions with client to ensure compliance with Court orders. | D. Muth | 1.90 |
| 05/05/23 | Prepare and revise notices of appeal, and related communications with Mr. Metzger. | N. Mitchell | 0.70 |
| 05/05/23 | Review emails regarding corrective statement compliance, and related telephone call with Mr Metzger. | N. Mitchell | 0.60 |
| 05/08/23 | Review and revise notices of appeal, and related communications with Mr. Metzger regarding same. | N. Mitchell | 0.40 |
| 05/08/23 | Additional follow-up with client to ensure compliance with permanent injunction. | D. Muth | 0.70 |
| 05/09/23 | Additional follow-up on issues relative to permanent injunction obligations. | D. Muth | 0.70 |
| 05/10/23 | Per request of Gregg Metzger, compile all trial exhibits relating to GRAS self-certification for CLL and create ShareFile link of same. | M. Kupsik | 1.00 |
| 05/10/23 | Revise, finalize and coordinate filing of notice of appeal. | N. Mitchell | 0.50 |
| 05/10/23 | Review and consider issues relative to key issues involving compliance with injunction. | D. Muth | 0.20 |
| 05/10/23 | Follow-up on client inquiries regarding GRAS status in Super-creatine. | D. Muth | 0.30 |
| 05/10/23 | Finalize and file Notice of Appeal to the 9th Circuit Court of Appeals. | J. Agren | 0.80 |
| 05/11/23 | Email correspondence with Ydalia Lubin regarding GRAS self-certification report and provide same to Ydalia. | M. Kupsik | 0.50 |
| 05/11/23 | Follow-up on key issues relative to GRAS status per client inquiries regarding same (.30); follow-up with Bankruptcy counsel regarding issues relative to CEO social media accounts. | D. Muth | 0.50 |
| 05/12/23 | Numerous communications with Mr. Metzger regarding appellate filings and developments, appearance by Mr. Owoc and related submissions, and injunction compliance issues. | N. Mitchell | 0.50 |
| 05/14/23 | Follow-up on issues relative to Jack Owoc appeal and issues relative to same. | D. Muth | 0.80 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 49

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 05/15/23 | Prepare for and telephone call with Mr. Muth and Mr. Metzger regarding injunction compliance, bankruptcy developments, and stay of appeal (.3); and related review of court notices and communications with marketing department (.2). | N. Mitchell | 0.50 |
| 05/15/23 | Follow-up on issues relative to appeal of permanent injunction. | D. Muth | 0.30 |
| 05/15/23 | Conference with client to discuss injunction compliance. | D. Muth | 0.40 |
| 05/15/23 | Review appellate orders, and communications with Mr. Metzger regarding strategy issues related to suggestion of bankruptcy. | N. Mitchell | 0.40 |
| 05/15/23 | Review communications with marketing department regarding injunction compliance and corrective statement. | N. Mitchell | 0.30 |
| 05/17/23 | Review mediation form requirements and lift stay motion and order in connection with assessment of appellate strategy, and related communications Mr. Metzger. | N. Mitchell | 0.40 |
| 05/17/23 | Draft and revise suggestion of bankruptcy in order to preserve appellate rights, and related strategy communications with Mr. Muth, Mr. Metzger and Ms. Quartarolo. | N. Mitchell | 1.40 |
| 05/17/23 | Prepare for and telephone call with Mr. Metzger and Mr. Gupta (Huron) regarding injunction compliance issues. | N. Mitchell | 0.50 |
| 05/17/23 | Follow-up with client on issues relative to permanent injunction compliance. | D. Muth | 0.40 |
| 05/17/23 | Follow-up with client on issues relative to preservation of appeal rights as to permanent injunction. | D. Muth | 0.20 |
| 05/19/23 | Follow-up on issues relative to appeal. | D. Muth | 0.20 |
| 05/19/23 | Review, revise, and coordinate filing of Suggestion of Bankruptcy, and related communications with Mr. Metzger and Ms. Quartarolo. | N. Mitchell | 0.60 |
| 05/23/23 | Review Ninth Circuit's scheduling order on briefs and hearings for appeal. | S. Desargones | 0.10 |
| 05/23/23 | Respond to Mr. Metzger regarding client request for exposure analysis (.2); related strategy communications with Mr. Muth and Ms. Bolcar regarding same (.2). | N. Mitchell | 0.40 |
| 05/24/23 | Calculate liability under different theories of Monster's motion for post-verdict relief per request of client. | L. Bolcar | 2.20 |
| 05/27/23 | Follow-up on key issues relative to "B" Logo. | D. Muth | 0.20 |
| 06/02/23 | Follow-up on scope and timing issues relative to post-verdict motions and appeal. | D. Muth | 0.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 50

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 06/02/23 | Communications with Mr. Metzger regarding Pepsi outreach on injunction compliance issues (.3); related follow-up regarding identification of customer lists (.1). | N. Mitchell | 0.40 |
| 06/05/23 | Follow-up on key issues relative to compliance with injunction order. | D. Muth | 0.80 |
| 06/06/23 | Review appellate docket relative to injunction (.10); follow-up with Gregg Metzger regarding same (.10). | D. Muth | 0.20 |
| 06/06/23 | Review 9th Circuit order regarding mediation statement and related filings regarding bankruptcy stay request (.3); communications with Mr. Muth regarding strategy for response to same (.1). | N. Mitchell | 0.40 |
| 06/06/23 | Review communications from Mr. Metzger regarding retailer communications and injunction compliance. | N. Mitchell | 0.20 |
| 06/07/23 | Follow-up on remaining action items for injunction compliance. | D. Muth | 0.70 |
| 06/07/23 | Communications with Mr. Metzger and client regarding revisions to notices for injunction compliance and related issues. | N. Mitchell | 0.40 |
| 06/08/23 | Develop strategy for response to Ninth Circuit order and suggestion of bankruptcy, and related review of procedural rules. | N. Mitchell | 0.40 |
| 06/08/23 | Numerous communications with Mr. Metzger regarding injunction compliance issues. | N. Mitchell | 0.60 |
| 06/09/23 | Additional follow-up with Gregg Metzger regarding additional compliance issues with injunction. | D. Muth | 0.70 |
| 06/09/23 | Telephone call with Clerk's Office regarding case status and effect of bankruptcy stay (.1); related communications with Ms. Agren regarding completion of Mediation Questionnaire (.3). | N. Mitchell | 0.40 |
| 06/12/23 | Emails and telephone calls to 9th Circuit clerk's office regarding mediation questionnaire and related order (.3); related follow-up with Mr. Metzger (.3). | N. Mitchell | 0.60 |
| 06/12/23 | Review Monster spreadsheet as to necessary injunction compliance (.3); follow-up with Gregg Metzger regarding same (.2). | D. Muth | 0.50 |
| 06/13/23 | Follow-up on mediation position statement to preserve appeal rights. | D. Muth | 0.50 |
| 06/13/23 | Draft and revise 9th Circuit mediation questionnaire and coordinate filing of same (1.3); related strategy communications with Mr. Metzger (.5). | N. Mitchell | 1.80 |
| 06/14/23 | Coordinate service of mediation questionnaire on Mr. Owoc (.1); related communications with Mr. Metzger (.2). | N. Mitchell | 0.30 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 51

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 06/16/23 | Follow-up on issues relative to injunction compliance. | D. Muth | 0.20 |
| 06/16/23 | Emails and telephone call with Mr. Metzger regarding injunction scope and interpretation, including outside United States. | N. Mitchell | 0.50 |
| 06/19/23 | Additional follow-up with injunction compliance. | D. Muth | 0.20 |
| 06/20/23 | Compliance issues regarding permanent injunction. | D. Muth | 0.40 |
| 06/20/23 | Prepare for and telephone call with Mr. Metzger and Mr. Gupta regarding injunction compliance issues, including abandonment. | N. Mitchell | 0.90 |
| 06/20/23 | Review VPX correspondence to select retailers and distributors regarding injunction per request of Mr. Metzger. | N. Mitchell | 0.30 |
| 06/22/23 | Follow-up on injunction compliance issues. | D. Muth | 0.50 |
| 06/22/23 | Prepare for and telephone call with Mr. Metzger, Mr. Sorikin, Mr. Muth and Mr. Gupta regarding injunction compliance issues. | N. Mitchell | 0.70 |
| 06/23/23 | Review potential damages models post-petition based upon varying assumptions (.40); follow-up with client regarding same (.10). | D. Muth | 0.50 |
| 06/27/23 | Review distributor and retailer communications from Mr. Metzger for injunction compliance. | N. Mitchell | 0.20 |
| 06/28/23 | Communications with Mr. Metzger and Mr. Muth regarding injunction compliance and retailer communications. | N. Mitchell | 0.20 |
| 06/28/23 | Follow-up on injunction compliance issues. | D. Muth | 0.40 |
| 06/29/23 | Emails with Mr. Metzger regarding injunction compliance issues and retailer inquiries. | N. Mitchell | 0.30 |
| 06/29/23 | Review and consider with Greg Metzger compliance with injunction order. | D. Muth | 0.50 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 52

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Daniel M. Janssen | 217.60 | $495.00 | $107,712.00 |
| Matthew J. Duchemin | 10.10 | $495.00 | $4,999.50 |
| David P. Muth | 186.30 | $495.00 | $92,218.50 |
| Margaret J Kupsik | 4.20 | $275.00 | $1,155.00 |
| Jennifer M. Vidal Schumm | 76.10 | $275.00 | $20,927.50 |
| Jennifer L. Dedolph | 5.10 | $275.00 | $1,402.50 |
| Patrick J. Proctor-Brown | 0.10 | $395.00 | $39.50 |
| Jonathan P. Labukas | 72.10 | $495.00 | $35,689.50 |
| Jordan M. Agren | 5.50 | $275.00 | $1,512.50 |
| Lauren C. Bolcar | 191.30 | $395.00 | $75,563.50 |
| George W. Mykulak | 0.30 | $495.00 | $148.50 |
| Nolan J. Mitchell | 148.00 | $495.00 | $73,260.00 |
| Camilla J. Hundley | 55.40 | $395.00 | $21,883.00 |
| Sherry M. Mohr | 1.50 | $275.00 | $412.50 |
| Sargina M. Desargones | 49.70 | $395.00 | $19,631.50 |
| Laura Olsen Dugan | 0.50 | $275.00 | $137.50 |
| Christopher Combest | 3.70 | $495.00 | $1,831.50 |
| Michael W. Carwin | 4.50 | $395.00 | $1,777.50 |
| Lucy R. Dollens | 14.40 | $495.00 | $7,128.00 |
| **TOTAL** | **1,046.40** | | **$467,430.00** |

**Total Fees:**        **$467,430.00**

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 11

Vital Pharmaceuticals, Inc.
RE: Trademark Infringement - PhD Marketing
Q & B Matter Number: 173151.00015

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/02/23 | Review e-mail from Ninth Circuit Mediator S. Liacouras about extension of briefing schedule to allow for continued consideration of PhD's settlement proposal. | J. Wilbert | 0.10 |
| 03/09/23 | Respond to e-mail from local counsel O. Muller regarding status report and case schedule for appeal. | J. Wilbert | 0.10 |
| 03/10/23 | Respond to e-mail from PhD's counsel J. Golden. | J. Wilbert | 0.10 |
| 03/13/23 | Draft e-mail to J. Golden regarding time to discuss PhD's production of additional financial information. | J. Wilbert | 0.10 |
| 03/17/23 | Participate in video conference with PhD's counsel, J. Golden, about additional financial information. | J. Wilbert | 0.20 |
| 03/19/23 | Draft e-mail to G. Metzger, D. Hurtes, and J. Guso providing update on conversation with PhD's counsel, J. Golden. | J. Wilbert | 0.10 |
| 04/03/23 | Draft e-mail to J. Golden and J. Shaeffer requesting status update on PhD's financial documents. | J. Wilbert | 0.10 |
| 04/11/23 | Draft e-mail to PhD's counsel J. Golden and J. Shaeffer seeking status update on promised documents. | J. Wilbert | 0.10 |
| 04/19/23 | Respond to e-mail from PhD's counsel J. Golden regarding request for a conference. | J. Wilbert | 0.10 |
| 04/20/23 | Respond to e-mail from PhD's counsel J. Golden. | J. Wilbert | 0.10 |
| 04/21/23 | Participate in video conference with PhD's counsel Jeff Golden regarding Mr. Golden's request for an extension, thoughts on possible new settlement proposal with a larger up front payment and update on PhD's financial reports. | J. Wilbert | 0.30 |
| 04/22/23 | Draft e-mail to G. Metzger, D. Hurtes, J. Guso, and A. Quartarolo summarizing communications with G. Golden regarding settlement and request for extension; consider last settlement offer and response to G. Metzger regarding possible counter-offer. | J. Wilbert | 0.30 |
| 04/23/23 | Draft e-mail to G. Metzger providing recommendation for possible counter-offer. | J. Wilbert | 0.30 |
| 04/25/23 | Exchange e-mails with G. Metzger, D. Hurtes, J. Guso, and A. Quartarolo regarding request from PhD's counsel for extension and possible counter-offer. | J. Wilbert | 0.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 12

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/25/23 | Respond to e-mail from PhD's counsel providing consent to requested 30 day extension to briefing schedule. | J. Wilbert | 0.10 |
| 05/09/23 | Review, calendar, and correspond regarding latest court-ordered briefing schedule. | J. Goldschmidt | 0.20 |
| 05/09/23 | Draft e-mail to G. Metzger, D. Hurtes, J. Guso, and A. Quartarolo regarding order from Ninth Circuit granting extension of briefing deadlines. | J. Wilbert | 0.20 |
| 05/09/23 | Respond to e-mail from Olaf Muller regarding appellate deadlines and ECF notices. | J. Wilbert | 0.10 |
| 05/09/23 | Exchange e-mails with G. Metzger and A. Quartarolo regarding possible settlement offers and possible violation of injunction by PhD. | J. Wilbert | 0.30 |
| 05/09/23 | Exchange e-mails with counsel for PhD regarding possible settlement in the form of a single lump sum payment. | J. Wilbert | 0.20 |
| 05/10/23 | Conference call with G. Eckhouse regarding possible violations of injunction by PhD Marketing given infringing products stopped by customs and possible next steps for further investigation. | J. Wilbert | 0.30 |
| 05/10/23 | Respond to e-mail from PhD's counsel, J. Shaeffer, regarding ongoing settlement discussions. | J. Wilbert | 0.10 |
| 05/10/23 | Exchange e-mails with A. Quartarolo and G. Metzger regarding settlement. | J. Wilbert | 0.20 |
| 05/10/23 | Participate in video conference with counsel for PhD regarding settlement. | J. Wilbert | 0.40 |
| 05/11/23 | Draft e-mail to J. Shaeffer, J. Golden, and A. Leon regarding PhD financial statements and terms of tentative settlement agreement. | J. Wilbert | 0.20 |
| 05/11/23 | Draft e-mail to G. Metzger and A. Quartarolo providing additional financial information provided by PhD for Board's consideration when evaluating settlement proposal. | J. Wilbert | 0.20 |
| 05/11/23 | Draft settlement agreement. | J. Wilbert | 1.30 |
| 05/12/23 | Respond to e-mail from PhD's counsel, A. Leon, J. Shaeffer, and J. Golden regarding settlement terms and likely timeline. | J. Wilbert | 0.20 |
| 05/12/23 | Conference call with A. Quartarolo regarding settlement agreement, timeline, and next steps. | J. Wilbert | 0.50 |
| 05/12/23 | Discussion with Johanna Wilbert regarding settlement agreement and bankruptcy court approval (0.3). | L. Mason | 0.30 |
| 05/15/23 | Revise draft settlement agreement. | J. Wilbert | 0.90 |
| 05/17/23 | Exchange e-mails with G. Metzger regarding draft settlement agreement. | J. Wilbert | 0.10 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 13

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 05/18/23 | Draft e-mail to G. Metzger, A. Quartarolo, and J. Guso providing draft settlement language to address possible PhD bankruptcy. | J. Wilbert | 0.20 |
| 05/22/23 | Revise draft of settlement agreement to include revisions from G. Metzger and J. Guso. | J. Wilbert | 0.40 |
| 05/22/23 | Draft e-mail to PhD's counsel providing draft of settlement agreement. | J. Wilbert | 0.20 |
| 05/24/23 | Draft e-mail to G. Metzger, J. Guso, and A. Quartarolo regarding redline of settlement agreement provided by PhD marketing. | J. Wilbert | 0.20 |
| 05/24/23 | Respond to e-mail from J. Guso regarding revisions to settlement agreement. | J. Wilbert | 0.10 |
| 05/24/23 | Draft e-mail to J. Shaeffer, J. Golden and A. Leon regarding reasons for proposed settlement language related to release. | J. Wilbert | 0.20 |
| 05/25/23 | Draft e-mail to J. Guso and G. Metzger providing comments from PhD's counsel about 91 day clause related to release and possible alternative approaches proposed by PhD's counsel. | J. Wilbert | 0.10 |
| 05/31/23 | Draft e-mail to G. Metzger and J. Guso following up on status of revisions to draft settlement agreement. | J. Wilbert | 0.20 |
| 06/01/23 | Respond to e-mail from PhD's counsel, J. Shaeffer, regarding status of revisions to settlement agreement. | J. Wilbert | 0.10 |
| 06/01/23 | Respond to e-mail chain with G. Metzger and M. Niles regarding revisions to release provisions of draft settlement agreement. | J. Wilbert | 0.20 |
| 06/02/23 | Draft e-mail to PhD's counsel, J. Shaefer, regarding revisions to release terms in settlement agreement. | J. Wilbert | 0.10 |
| 06/04/23 | Revise draft settlement agreement to incorporated comments from G. Metzger and M. Niles. | J. Wilbert | 0.50 |
| 06/04/23 | Draft e-mail to PhD's counsel providing revised draft settlement agreement and explanation of proposed edits. | J. Wilbert | 0.20 |
| 06/07/23 | Revise settlement agreement to reflect change in length of time for payment to be completed. | J. Wilbert | 0.20 |
| 06/07/23 | Draft e-mail to PhD's counsel confirming consent to proposed change in payment term and providing revised agreement. | J. Wilbert | 0.10 |
| 06/07/23 | Draft e-mail to Ninth Circuit Mediator Stephen Liacouras regarding appellate deadlines and providing status report on settlement negotiations. | J. Wilbert | 0.20 |
| 06/07/23 | Draft e-mail to G. Metzger, M. Niles, and J. Guso regarding request from PhD's counsel to revise length of days allowed for payment to take place and provide revised settlement agreement. | J. Wilbert | 0.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 14

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 06/08/23 | Revise draft settlement agreement to reflect edits from M. Niles. | J. Wilbert | 0.20 |
| 06/08/23 | Draft e-mail to PhD's counsel, J. Shaeffer providing revised settlement agreement for signature. | J. Wilbert | 0.10 |
| 06/09/23 | Review text order from Ninth Circuit regarding status report deadline, forwarding the same to G. Metzger, G. Eckhouse, D. Hurtes, J. Guso, and A. Quartarolo. | J. Wilbert | 0.10 |
| 06/12/23 | Review order administratively closing case (.2); update requirements regarding schedule for notifying mediator of status (.2). | J. Vidal Schumm | 0.40 |
| 06/13/23 | Draft e-mails to J. Shaeffer and G. Metzger providing final copy of settlement agreement for signature by their respective parties. | J. Wilbert | 0.10 |
| 06/15/23 | Provide settlement agreement with signatures from VPX to PhD's counsel and request counter-signed signatures from PhD. | J. Wilbert | 0.10 |
| 06/19/23 | Respond to e-mail from PhD's counsel providing executed version of settlement agreement. | J. Wilbert | 0.20 |
| 06/22/23 | Respond to e-mail from M. Niles regarding motion for approval of PhD settlement agreement. | J. Wilbert | 0.10 |
| 06/26/23 | Draft e-mail to counsel for PhD regarding motion for bankruptcy court to approve settlement agreement. | J. Wilbert | 0.10 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Johanna M. Wilbert | 11.90 | $495.00 | $5,890.50 |
| Jennifer M. Vidal Schumm | 0.40 | $275.00 | $110.00 |
| James E. Goldschmidt | 0.20 | $495.00 | $99.00 |
| L. Katie Mason | 0.30 | $495.00 | $148.50 |
| **TOTAL** | **12.80** | | **$6,248.00** |

**Total Fees:**                $6,248.00

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 19

Vital Pharmaceuticals, Inc.
RE: Dealer Termination - Webb & Gerritsen
Q & B Matter Number: 173151.00050

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/16/23 | Draft and revise notice to Wisconsin Court of Appeals regarding automatic stay in bankruptcy and implications for briefing schedule (1.2); correspond with bankruptcy counsel regarding same (0.2). | J. Goldschmidt | 1.40 |
| 03/16/23 | File letter notifying court of automatic bankruptcy stay. | E. Anderson | 0.40 |
| 04/18/23 | Correspond with trial counsel regarding terms of judgment deposit in connection with WGI's motion to lift stay in bankruptcy proceeding. | J. Goldschmidt | 0.30 |
| 04/19/23 | Further correspond with trial counsel and Mr. Metzger regarding terms of judgment deposited in Waukesha County Circuit Court. | J. Goldschmidt | 0.40 |
| 05/05/23 | Review Webb & Gerritsen's motion to lift automatic stay. | J. Goldschmidt | 0.50 |
| 05/25/23 | Review bankruptcy court motion to approve settlement with Webb & Gerritsen to determine timing and prerequisites for dismissal of appeal. | J. Goldschmidt | 0.60 |
| 06/07/23 | Direct filing of status report notifying court of appeals of developments in bankruptcy court. | J. Goldschmidt | 0.20 |
| 06/12/23 | Review bankruptcy docket to inform court-ordered status report. | E. Anderson | 0.50 |
| 06/12/23 | Draft status report ordered by the Court of Appeals. | E. Anderson | 1.90 |
| 06/19/23 | Investigate wire transfer as an option to release settlement funds to VPX (.4); confirm filing of court-ordered status report (.4). | E. Anderson | 0.80 |
| 06/19/23 | Revise and file status update with Wisconsin Court of Appeals (.3); correspond with counsel for Webb regarding disbursement of judgment deposit (.1). | J. Goldschmidt | 0.40 |
| 06/20/23 | Correspond with Webb's counsel and VPX regarding release of judgment deposit. | J. Goldschmidt | 0.20 |
| 06/21/23 | Follow up with appellate clerk regarding request to wire funds. | E. Anderson | 0.40 |
| 06/22/23 | Correspond with Webb's counsel and VPX regarding disbursement of judgment deposit and wire instructions for same. | J. Goldschmidt | 0.40 |
| 06/23/23 | Review, revise, and approve stipulation and proposed order for disbursement of judgment deposit. | J. Goldschmidt | 0.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 20

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 06/26/23 | Review court order directing disbursement of funds (.1); review and respond to correspondence from Webb's counsel and VPX regarding next steps (.1). | J. Goldschmidt | 0.20 |
| 06/28/23 | Respond to question regarding settlement wire transfer. | E. Anderson | 0.30 |
| 06/30/23 | Draft and file notice of voluntary dismissal of appeal; correspond with client, bankruptcy counsel, and Webb's counsel regarding same. | J. Goldschmidt | 0.40 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| James E. Goldschmidt | 5.20 | $495.00 | $2,574.00 |
| Ellen E. Anderson | 4.30 | $395.00 | $1,698.50 |
| **TOTAL** | **9.50** | | **$4,272.50** |

**Total Fees:**              $4,272.50

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 3

Vital Pharmaceuticals, Inc.
RE: General Corporate Advice
Q & B Matter Number: 173151.00001

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/01/23 | Confer about agreements with Oregon distributors and review revisions to same (.4); review and consider next steps with respect to Michigan distributor (.9). | P. Proctor-Brown | 1.30 |
| 03/02/23 | Confer about confidentiality provisions in relation to bankruptcy (.2); revise draft agreement with Louisiana distributor (.9). | P. Proctor-Brown | 1.10 |
| 03/03/23 | Review agreements with Texas distributor (.6); and confer with Mr. Jon Lamar about same (.3). | P. Proctor-Brown | 0.90 |
| 03/06/23 | Confer with Mr. Jon Lamar about distribution agreement. | P. Proctor-Brown | 0.20 |
| 03/07/23 | Review files related to Maryland distributors (.3) and confer about same (.2); review revisions from Illinois distributor (.6); and confer about same (.1); draft distribution agreement for Nevada distributor (.8); and confer about same (.2). | P. Proctor-Brown | 2.20 |
| 03/08/23 | Revise draft agreement for Texas distributor (.5) and confer with Mr. Jon Lamar about same (.1). | P. Proctor-Brown | 0.60 |
| 03/13/23 | Review correspondence related to amendments to distributor agreements (.3); confer with Mr. Jeff Reiter about status of distribution rights in Michigan (.4); review files and publicly available information about distributor in Marylan (.4) and summarize review (.2). | P. Proctor-Brown | 1.30 |
| 03/14/23 | Confer with Mr. Gene Bukovi and Mr. Dan Palmer about distribution agreements for Louisiana distributors. | P. Proctor-Brown | 0.30 |
| 03/15/23 | Confer about negotiations with Louisiana distributors with Mr. Dan Palmer and Mr. Gene Bukovi (.3); revise draft agreements for Louisiana distributors (1.1); confer about agreement with distributor in Nevada (.1). | P. Proctor-Brown | 1.40 |
| 03/16/23 | Confer about status of distribution agreement negotiations with Ms. Yaylin Duran. | P. Proctor-Brown | 0.10 |
| 03/17/23 | Revise distribution agreement for Nevada distributor (.4) and confer with Mr. Gene Bukovi, Mr. Quang Nguyen, and Mr. Danny Bolen about same (.2). | P. Proctor-Brown | 0.60 |
| 03/19/23 | Review email correspondence about distribution agreements. | P. Proctor-Brown | 0.10 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 4

| Date | Description | Professional | Hours |
|---|---|---|---|
| 03/20/23 | Confer with Mr. Jeff Reiter about distribution rights in Michigan (.5); confer with Ms. Yaylin Duran about personal guarantees (.2); review finalize mutual release and agreement (.2); and confer with Ms. Yaylin Duran about same (.1). | P. Proctor-Brown | 1.00 |
| 03/21/23 | Follow up on distribution agreement with Nevada distributor. | P. Proctor-Brown | 0.30 |
| 03/22/23 | Draft distribution agreement for Michigan distributor (.9); update template agreement (.3); review and consider correspondence related to distribution agreement for Bang Shots (.5). | P. Proctor-Brown | 1.70 |
| 03/23/23 | Update amendments for Texas distributors. | P. Proctor-Brown | 0.40 |
| 03/24/23 | Revise distribution agreement for Bang Shots. | P. Proctor-Brown | 0.50 |
| 03/27/23 | Review correspondence from Mr. Jeffrey Reiter. | P. Proctor-Brown | 0.10 |
| 03/28/23 | Review correspondence about rejection of distribution agreement in Michigan and consider next steps related to same. | P. Proctor-Brown | 0.40 |
| 03/29/23 | Confer with Ms. Yaylin Duran about draft amendment (.1); confer with Mr. Jeff Reiter and Mr. Gene Bukovi about Michigan distribution agreements (.5); draft amendment for distributor in Delaware (.5); draft distribution agreements for Michigan territories and review revisions to same (1.7). | P. Proctor-Brown | 2.80 |
| 03/30/23 | Review and summarize status of negotiations with distributor in Kansas. | P. Proctor-Brown | 0.40 |
| 03/31/23 | Confer with Ms. Yaylin Duran about status of negotiations with distributors (.2); confer about rejection of agreement with Michigan distributor (.1). | P. Proctor-Brown | 0.30 |
| 04/04/23 | Confer with Mr. Jeffrey Reiter about draft distribution agreements. | P. Proctor-Brown | 0.30 |
| 04/05/23 | Review and suggest revisions to distribution agreement with Michigan distributor. | P. Proctor-Brown | 0.70 |
| 04/06/23 | Confer with Mr. Gene Bukovi about revisions related to adding competing energy products (.3); confer with distributor about amendment (.2); update amendment (.3); confer with Ms. Yaylin Duran about status of negotiations (.2); confer with Mr. Gene Bukovi and Mr. Dan Palmer about distribution agreement with Louisiana distributor (.2). | P. Proctor-Brown | 1.20 |
| 04/07/23 | Draft distribution agreement for Michigan distributor (.6); confer with Mr. Jeffrey Reiter and Michigan distributor about draft (.3). | P. Proctor-Brown | 0.90 |
| 04/10/23 | Confer with Mr. Gregg Metzger about impact of bankruptcy on distribution agreements. | P. Proctor-Brown | 0.50 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 5

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/11/23 | Confer with bankruptcy counsel and Mr. Gregg Metzger about impact of bankruptcy on distribution agreements. | P. Proctor-Brown | 0.60 |
| 04/12/23 | Draft distribution agreement related to Bang Shots (.4) and confer with Mr. Steven Kunz about same (.1). | P. Proctor-Brown | 0.50 |
| 04/13/23 | Confer with Mr. Gene Bukovi and Mr. Gregg Metzger about impact of bankruptcy on distribution agreements and next steps in negotiations. | P. Proctor-Brown | 0.60 |
| 04/14/23 | Review correspondence related to Sam's Club and potential dispute with distributor (.8); confer about Sam's Club and next steps with Mr. Gene Bukovi and Mr. Gregg Metzger (.8); confer with Mr. Evan Beard about distribution agreements with Florida distributors (.7). | P. Proctor-Brown | 2.30 |
| 04/14/23 | Attend to issues with Dean Distributing and Wisconsin Sam's Club account via call with Vital Distribution team and email exchange on issues. | A. Beilfuss | 0.90 |
| 04/17/23 | Confer with Ms. Yaylin Duran about distribution agreements (.4); confer with Florida distributors about draft agreement (1.1); review revisions and confer about same with Mr. Evan Beard (.4). | P. Proctor-Brown | 1.90 |
| 04/18/23 | Call with Dan Janssen regarding distribution issues (.5); Review and respond to client emails regarding next steps with Dean (.4). | A. Beilfuss | 0.90 |
| 04/18/23 | Confer with Mr. Dan Palmer about next steps with Louisiana distributor. | P. Proctor-Brown | 0.10 |
| 04/18/23 | Review revisions to agreement with Louisiana distributor (.4) and confer about revisions with distributor and Mr. Dan Palmer (1.0); confer with Mr. Evan Beard about next steps with Florida distributor (.3); confer with Mr. Gene Bukovi and Mr. Gregg Metzger about draft distribution agreements (.3); revise draft agreement for Michigan distributor (.5) and confer with Mr. Jeffrey Reiter about same (.1). | P. Proctor-Brown | 2.60 |
| 04/19/23 | Review final agreement with Michigan distributor (.2); confer with Mr. Jeffrey Reiter about status of Michigan distributors and next steps (.4); confer about scheduling with Ms. Allison Rincon. | P. Proctor-Brown | 0.80 |
| 04/20/23 | Confer with Mr. Dan Palmer and Mr. Gene Bukovi about Louisiana distribution agreement (.6); confer with Mr. Jeffrey Reiter about Michigan distribution agreements and potential claim related to terminated distributor (.4). | P. Proctor-Brown | 1.00 |
| 04/21/23 | Draft amendments for Michigan distributors (1.1) and confer with Mr. Jeffrey Reiter about same (.3); confer with Mr. Evan Beard and Mr. Dan Palmer about draft agreements. | P. Proctor-Brown | 1.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 6

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/24/23 | Discuss distribution agreements with Florida distributors with Mr. Gene Bukovi, Mr. Evan Beard, and Mr. Gregg Metzger (1.7); review revisions from Florida distributors (.4); review and revise distribution agreement with Missouri distributor (.4) and confer with Mr. Gene Bukovi and Ms. Yaylin Duran about same (.1). | P. Proctor-Brown | 2.60 |
| 04/26/23 | Confer with Mr. Dan Palmer, Mr. Gene Bukovi, and Mr. Evan Beard about draft distribution agreements. | P. Proctor-Brown | 0.50 |
| 04/27/23 | Confer with Mr. Gene Bukovi, Mr. Evan Beard, and Mr. Gregg Metzger about draft distribution agreement (.5); edit and revise draft distribution agreement (.5); and transmit draft to co-party (.1). | P. Proctor-Brown | 1.10 |
| 04/30/23 | Review correspondence from Florida distributor (.2); review correspondence with Mr. Gregg Metzger and Mr. Jeff Reiter (.3); review distribution agreement related to correspondence (.2). | P. Proctor-Brown | 0.70 |
| 05/01/23 | Confer with Mr. Evan Beard and Mr. Gene Bukovi about Florida distribution network (.8); review correspondence from Florida distributors (.4); revise draft agreement (.9); draft cover email (.3). | P. Proctor-Brown | 2.40 |
| 05/02/23 | Prepare for meeting with Florida distribution network (.2); confer with Florida distribution network about draft agreement (1.0). | P. Proctor-Brown | 1.20 |
| 05/03/23 | Prepare for call with Florida distributors (.4); confer with Mr. Gene Bukovi and Mr. Evan Beard about Florida distribution (.5); discuss contract terms with Florida distributors (.8). | P. Proctor-Brown | 1.70 |
| 05/04/23 | Review final agreements with Florida distributors (.5); and confer with Mr. Gene Bukovi, Mr. Evan Beard, and Ms. Yaylin Duran about same (.2). | P. Proctor-Brown | 0.70 |
| 05/05/23 | Review final agreements with Florida distributors and suggest potential final changes to same (.6); confer with Mr. Evan Beard and Mr. Gene Bukovi about agreements (.4). | P. Proctor-Brown | 1.00 |
| 05/08/23 | Review correspondence about Florida distributors. | P. Proctor-Brown | 0.10 |
| 05/09/23 | Confer with Mr. Gene Bukovi about status of distribution agreement negotiations. | P. Proctor-Brown | 0.20 |
| 05/10/23 | Review final agreements with Florida distributors (.6), and confer with Mr. Gene Bukovi, Ms. Yaylin Duran, and Mr. Evan Beard about same (.2). | P. Proctor-Brown | 0.80 |
| 05/11/23 | Confer with Mr. Gene Bukovi about negotiations with New York distributors (.3); correspond with New York distributors about new draft agreements (.5). | P. Proctor-Brown | 0.80 |
| 05/15/23 | Review and consider correspondence related to Michigan distributor (.4); confer with Ms. Ydalia Lubin, Mr. Gregg Metzger, and Mr. Jeff Reiter about Michigan distributor (.4). | P. Proctor-Brown | 0.80 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 7

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 05/16/23 | Confer with Mr. Gene Bukovi about status of distributor negotiations (.5); review draft transition letters related to prior transition (.5); review and revise draft agreement with Oregon distributor (.8). | P. Proctor-Brown | 1.80 |
| 05/17/23 | Review and draft revisions to agreement with Oregon distributor (.8); confer with Mr. Gene Bukovi about status of negotiations and next steps (.4); review correspondence from California distributor and agreement (.5); confer with Mr. Quang Nguyen about next steps related to California distributor (.3). | P. Proctor-Brown | 2.00 |
| 05/18/23 | Review draft cease and desist letter (.5) and confer about same with G. Metzger(.1). | P. Proctor-Brown | 0.60 |
| 05/19/23 | Review and comment on revisions to draft cease and desist letter. | P. Proctor-Brown | 1.00 |
| 05/24/23 | Confer with Mr. Jeffrey Reiter about status of distribution agreements in Michigan (.4); review draft agreements (.2). | P. Proctor-Brown | 0.60 |
| 05/25/23 | Confer with Mr. Steve Kelly and Mr. Mike Gilmer about California distributor (.4); review distribution agreement and suggest course of action (.4); confer with Mr. Gregg Metzger about next steps (.2). | P. Proctor-Brown | 1.00 |
| 05/26/23 | Review revisions to cease and desist (.2) and confer about same with G. Metzger (.1). | P. Proctor-Brown | 0.30 |
| 05/30/23 | Review correspondence and contract related to California distributor (.4); confer with Mr. Steve Kelly and Mr. Mike Gilmer about next steps (.3). | P. Proctor-Brown | 0.70 |
| 05/31/23 | Draft notice of termination to California distributor (.9); confer with G. Metzger about revisions to draft notice of termination (.4). | P. Proctor-Brown | 1.30 |
| 06/02/23 | Confer with Mr. Gregg Metzger and Mr. Gene Bukovi about distributor agreements. | P. Proctor-Brown | 0.10 |
| 06/06/23 | Confer with Mr. Gregg Metzger about notice of termination. | P. Proctor-Brown | 0.20 |
| 06/07/23 | Review correspondence with California distributor and confer with VPX personnel about same (.3); draft distribution agreement for California distributor (.7) and confer with VPX personnel about same (.1). | P. Proctor-Brown | 1.10 |
| 06/08/23 | Confer with Mr. Steve Kelly about California distributor. | P. Proctor-Brown | 0.10 |
| 06/09/23 | Negotiate final revisions to distribution agreement with California distributor. | P. Proctor-Brown | 0.50 |
| 06/12/23 | Confer with Mr. Mike Gilmer and Mr. Steve Kelly about California distributor (.5); email Mr. Gene Bukovi about California distributor. | P. Proctor-Brown | 0.60 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 8

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 06/13/23 | Review draft termination notice and correspondence related to same (.6); confer with Mr. James Paul about same (.2); draft revisions to distribution agreement for California distributor (.6). | P. Proctor-Brown | 1.40 |
| 06/14/23 | Confer with Mr. Gene Bukovi about California distributor. | P. Proctor-Brown | 0.10 |
| 06/15/23 | Confer with Mr. Gene Bukovi, Mr. Steve Kelly, and Mr. Mike Gilmer about California distributors. | P. Proctor-Brown | 0.60 |
| 06/19/23 | Draft amendment for Missouri distributor (.4); and confer about same with VPX personnel (.2); revise agreement for California distributor (.3) and confer with distributor about same (.1). | P. Proctor-Brown | 1.00 |
| 06/22/23 | Review correspondence from Gregg Metzger. | P. Proctor-Brown | 0.10 |
| 06/23/23 | Confer with Mr. Steve Kelly, Mr. Mike Gilmer, and Mr. Gene Bukovi about execution of agreement with California distributor. | P. Proctor-Brown | 0.30 |
| 06/27/23 | Confer with Mr. Gregg Metzger about termination of agreement with California distributor. | P. Proctor-Brown | 0.20 |
| 06/28/23 | Confer with Mr. Gene Bukovi, Mr. Gregg Metzger, and Mr. James Paul about California distributor. | P. Proctor-Brown | 0.60 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Andrew P. Beilfuss | 1.80 | $495.00 | $891.00 |
| Patrick J. Proctor-Brown | 64.40 | $395.00 | $25,438.00 |
| **TOTAL** | **66.20** | | **$26,329.00** |

**Total Fees:**                     $26,329.00

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 9

Vital Pharmaceuticals, Inc.
RE: General IP Advice
Q & B Matter Number: 173151.00002

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/12/23 | Respond to request from A. Quartarolo, providing transcripts of testimony relevant to ownership and control of Bang CEO social media accounts. | J. Wilbert | 0.50 |
| 03/28/23 | Review use of SWIRLY POP and strategize regarding protectability of beverage flavor names. | N. Murray | 0.20 |
| 03/28/23 | Draft response to questions from G. Eckhouse regarding possible enforcement of SWIRLY POP trademark as it relates to flavor of energy drink. | J. Wilbert | 0.50 |
| 04/03/23 | Respond to e-mail from G. Metzger regarding confidentiality stipulation and order. | J. Wilbert | 0.20 |
| 04/04/23 | Draft e-mail to G. Eckhouse regarding TTAB trial briefing. | J. Wilbert | 0.20 |
| 04/11/23 | Conference call with D. Hurtes regarding possible insurance coverage for copyright infringement claims. | J. Wilbert | 0.30 |
| 04/11/23 | Further consider and attempt to gather information relevant to VPX's request for additional information about copyright infringement claims and possible insurance coverage for claims. | J. Wilbert | 0.40 |
| 04/11/23 | Assist in finalizing status reports in copyright infringement matters. | J. Wilbert | 0.20 |
| 04/11/23 | Draft e-mail to G. Metzger, D. Hurtes, Y. Luzardo, and J. Guso providing copies of status reports filed in UMG and Sony copyright infringement matters. | J. Wilbert | 0.10 |
| 04/19/23 | Follow up on questions raised regarding possible insurance coverage for copyright claims. | J. Wilbert | 0.40 |
| 04/23/23 | Review docket for IP matters suspended pending bankruptcy and confirm deadlines for next status notices to be filed. | J. Wilbert | 0.10 |
| 05/11/23 | Conference call with G. Metzger about steps taken to audit influencer videos and follow up on influencer use of music accused of infringement. | J. Wilbert | 0.10 |
| 05/12/23 | Draft e-mail to G. Metzger to provide him with historical e-mail chain showing VPX's communication with social media influencers on copyright music issues. | J. Wilbert | 0.40 |
| 05/26/23 | Respond to e-mail from G. Metzger asking about involvement of B logo in litigation. | J. Wilbert | 0.20 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 10

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 06/01/23 | Review intercompany trademark license agreement termination provisions in the event of a transfer of ownership of licensor (0.4); teleconference with G. Eckhouse regarding same (0.3). | N. Murray | 0.70 |
| 06/05/23 | Review docket for Sony and UMG copyright infringement matters to confirm deadline for next status update to district court. | J. Wilbert | 0.10 |
| 06/09/23 | Prepare updated status report regarding Sony matter(.3); e-file report as to status of bankruptcy (.3). | D. Topping | 0.60 |
| 06/09/23 | Prepare updated status report regarding UMG matter (.2); e-file report as to status of bankruptcy (.3). | D. Topping | 0.50 |
| 06/09/23 | Review and approve status reports for UMG and Sony copyright infringement matters to be filed with the district court. | J. Wilbert | 0.20 |
| 06/09/23 | Draft e-mail to D. Hurtes and G. Metzger providing copies of as filed status reports in Sony and UMG copyright matters. | J. Wilbert | 0.10 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Johanna M. Wilbert | 4.00 | $495.00 | $1,980.00 |
| Debra Topping | 1.10 | $275.00 | $302.50 |
| Nicole M. Murray | 0.90 | $495.00 | $445.50 |
| **TOTAL** | **6.00** | | **$2,728.00** |

**Total Fees:**          $2,728.00

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 15

Vital Pharmaceuticals, Inc.
RE: Dairy Farmers of America, Inc. Dispute
Q & B Matter Number: 173151.00034

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/24/23 | Attend to demand by Court in Dairy Farmers of American litigation for status report concerning bankruptcy proceedings. | J. Labukas | 0.40 |
| 04/25/23 | Prepare Court-mandated joint status report regarding bankruptcy proceedings in Dairy Farmers of America, Inc. litigation action. | J. Labukas | 1.30 |
| 04/25/23 | Review draft status report and suggest revisions to same. | P. Proctor-Brown | 0.20 |
| 04/26/23 | Finalize Court-mandated joint status report regarding bankruptcy proceedings and send same to opposing counsel for review and comment. | J. Labukas | 0.40 |
| 04/27/23 | Review filing of status report. | P. Proctor-Brown | 0.10 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Patrick J. Proctor-Brown | 0.30 | $395.00 | $118.50 |
| Jonathan P. Labukas | 2.10 | $495.00 | $1,039.50 |
| **TOTAL** | **2.40** | | **$1,158.00** |

**Total Fees:**                    $1,158.00

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 16

Vital Pharmaceuticals, Inc.
RE: SRO TM Infringement
Q & B Matter Number: 173151.00043

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/20/23 | Draft proposed case schedule for arbitration matter (1.2); prepare communications with opposing counsel regarding arbitration schedule and logistics (.4). | J. Remington | 1.60 |
| 04/21/23 | Confer with opposing counsel regarding stipulated case management order (.4); prepare communications with AAA concerning joint submission (.3); review file in anticipation of hearing with arbitrator (.7). | J. Remington | 1.40 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| John R. Remington | 3.00 | $495.00 | $1,485.00 |
| **TOTAL** | **3.00** | | **$1,485.00** |

**Total Fees:**          $1,485.00

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 17

Vital Pharmaceuticals, Inc.
RE: The House of LaRose - Defense of Distributor Termination Litigation
Q & B Matter Number: 173151.00047

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/07/23 | Confer regarding update to 11th Circuit. | S. VanBerg | 0.10 |
| 03/10/23 | Review last status update to Court (.1); correspond regarding updates to the same (.1). | S. VanBerg | 0.20 |
| 03/13/23 | Prepare request to Clerk for filing and service of status report. | R. Wilt | 0.20 |
| 04/07/23 | Prepare initial draft of status report to the 11th Circuit Court of Appeals. | R. Wilt | 0.20 |
| 04/07/23 | Correspond with bankruptcy counsel regarding update to 11th Circuit. | S. VanBerg | 0.20 |
| 04/10/23 | Review comments from bankruptcy counsel for status report due to 11th Judicial Circuit. | R. Wilt | 0.10 |
| 04/10/23 | Review updates from bankruptcy counsel for status update to 11th Circuit (.1); correspond with bankruptcy counsel to confirm there have been no changes since the last update (.1). | S. VanBerg | 0.20 |
| 04/11/23 | Finalize status report to Court (.1); prepare request to Clerk for filing and service of status report (.1). | R. Wilt | 0.20 |
| 05/09/23 | Draft status report due to the 11th Circuit Court of Appeals (.2); prepare request to Clerk for filing and service of status report (.2). | R. Wilt | 0.40 |
| 05/09/23 | Correspond regarding update to 11th Circuit regarding status of bankruptcy (.1); review final draft of the same for filing (.1). | S. VanBerg | 0.20 |
| 06/07/23 | Draft status report due to Court by June 15th. | R. Wilt | 0.20 |
| 06/08/23 | Review Attorney Niles comments regarding proposed status report. | R. Wilt | 0.10 |
| 06/13/23 | Finalize status report to the 11th Circuit Court of Appeals (.1); prepare request to Clerk for filing and service of same (.1). | R. Wilt | 0.20 |
| 06/13/23 | Follow up with bankruptcy counsel regarding updates and finalize draft for filing. | S. VanBerg | 0.30 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 18

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Rebecca S. Wilt | 1.60 | $275.00 | $440.00 |
| Sydney E. VanBerg | 1.20 | $395.00 | $474.00 |
| **TOTAL** | **2.80** | | **$914.00** |

**Total Fees:**                    **$914.00**

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 53

Vital Pharmaceuticals, Inc.
RE: UMG Copyright Infringement
Q & B Matter Number: 173151.00055

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/07/23 | Review docket, recent status report regarding bankruptcy and upcoming deadline of 4/11 to file another status report (.1); outline next steps in preparation for same (.1). | J. Kohn | 0.20 |
| 04/11/23 | Finalize status report for filing (.2); e-file status report (.3). | D. Topping | 0.50 |
| 04/11/23 | Revise status report regarding status of bankruptcy case. | J. Kohn | 0.10 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Joseph T. Kohn | 0.30 | $495.00 | $148.50 |
| Debra Topping | 0.50 | $275.00 | $137.50 |
| **TOTAL** | **0.80** | | **$286.00** |

**Total Fees:**                    **$286.00**

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 54

Vital Pharmaceuticals, Inc.
RE: Sony Copyright Infringement
Q & B Matter Number: 173151.00056

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 04/07/23 | Review docket, recent status report regarding bankruptcy and upcoming deadline of 4/11 to file another status report (.1); outline next steps in preparation for same (.1). | J. Kohn | 0.20 |
| 04/11/23 | Finalize status report for filing. | D. Topping | 0.20 |
| 04/11/23 | Revise and file status report regarding status of bankruptcy case. | J. Kohn | 0.10 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|--------------|-------|-------------|--------|
| Joseph T. Kohn | 0.30 | $495.00 | $148.50 |
| Debra Topping | 0.20 | $275.00 | $55.00 |
| **TOTAL** | **0.50** | | **$203.50** |

**Total Fees:**               $203.50

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 55

Vital Pharmaceuticals, Inc.
RE: Warner Copyright Infringement
Q & B Matter Number: 173151.00076

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/27/23 | Exchange e-mails with A. Quartarolo regarding extension of stay and upcoming deadline for status report to district judge overseeing Warner copyright infringement case. | J. Wilbert | 0.20 |
| 03/31/23 | Review bankruptcy court docket in Atlantic Recording adversary case and recent stipulation and order extending stay (.3); draft joint notice of extension of bankruptcy court stay (.8); communicate with Atlantic Recording's counsel, Sidley Austin, to obtain approval of joint notice and outline next steps (.2). | J. Kohn | 1.30 |
| 04/03/23 | Communicate with Atlantic Recording's counsel, Sidley Austin, to obtain approval of joint notice of extension of bankruptcy court stay (.3); finalize and file joint notice with court (.1). | J. Kohn | 0.40 |
| 04/04/23 | Receipt, review and organization of joint notice of extension of bankruptcy court stay into matter file. | D. Topping | 0.10 |
| 04/07/23 | Receipt and review of joint notice of extension of stay and order continuing stay into matter file (.1); note follow-up items for same (.1). | D. Topping | 0.20 |
| 04/07/23 | Review Order Continuing Stay entered today and outline next steps, including calendaring deadline to file status report by July 1st pursuant to order. | J. Kohn | 0.10 |
| 06/27/23 | Draft e-mail to G. Metzger, D. Hurtes, M. Niles, and J. Guso regarding upcoming deadline for status report to district court. | J. Wilbert | 0.10 |
| 06/29/23 | Review and respond to communications regarding filing of status reports. | D. Topping | 0.10 |
| 06/29/23 | Draft e-mail to D. Hurtes regarding status report due to district court in Warner copyright case. | J. Wilbert | 0.10 |
| 06/30/23 | Continue preparing status report and update certificate of service (.3); e-file status report (.3). | D. Topping | 0.60 |
| 06/30/23 | Review and revise status update to District Court regarding bankruptcy, including assisting in filing the update with the court. | J. Wilbert | 0.30 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 56

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Johanna M. Wilbert | 0.70 | $495.00 | $346.50 |
| Joseph T. Kohn | 1.80 | $495.00 | $891.00 |
| Debra Topping | 1.00 | $275.00 | $275.00 |
| **TOTAL** | **3.50** | | **$1,512.50** |

**Total Fees:**      **$1,512.50**

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 58

Vital Pharmaceuticals, Inc.
RE: Chapter 11 Bankruptcy
Q & B Matter Number: 173151.00087

| Date | Description | Professional | Hours |
|------|-------------|--------------|-------|
| 03/02/23 | Review 2-23 hearing transcript regarding competing retention orders in preparation for meet-and-confer with Committee counsel (0.7); work on interim fee application (0.1). | C. Combest | 0.80 |
| 03/06/23 | Review revision of proposed retention order provided by Committee counsel (0.4); confer with Jordi Guso regarding same (0.2); confer with Quarles GC regarding same (0.1). | C. Combest | 0.70 |
| 03/08/23 | Exchange e-mails with Jordi Guso regarding retention order and first interim fee applications due 3-21 (0.3); work on fee applciation (0.2). | C. Combest | 0.50 |
| 03/14/23 | Assist in preparation of fee application. | D. Muth | 3.80 |
| 03/15/23 | Drafting of first interim fee application (0.6); confer with local VPX counsel Jordi Guso regarding same (0.1); confer with Q&B team leads regarding descriptions for narrative summary (0.3). | C. Combest | 1.70 |
| 03/16/23 | Drafting work on first interim fee application. | C. Combest | 1.50 |
| 03/18/23 | Preparing first interim fee application and related exhibits. | C. Combest | 7.30 |
| 03/19/23 | Further work drafting first interim fee application and related exhibits. | C. Combest | 10.20 |
| 03/20/23 | Drafting and revising first interim fee application and related exhibits. | C. Combest | 8.30 |
| 03/21/23 | Revise first interim fee application for filing. | C. Combest | 3.50 |
| 03/24/23 | Review docket and fee applications for potential disputes. | C. Combest | 1.00 |
| 04/11/23 | Follow-up on issues regarding fee application. | D. Muth | 0.40 |
| 04/18/23 | Follow-up on issues relative to fee application. | D. Muth | 1.00 |
| 04/18/23 | Prepare March 2023 fee statement. | C. Combest | 1.00 |
| 04/18/23 | Analysis of Committee objection to Q&B first interim fee application and consider responses to same. | C. Combest | 1.30 |
| 04/19/23 | Finalize March 2023 fee statement. | C. Combest | 1.00 |
| 04/19/23 | Prepare for hearing on first interim fee application. | C. Combest | 2.00 |
| 04/19/23 | Prepare response to objections to Fee Application. | D. Muth | 1.60 |
| 04/20/23 | Prepare for (0.5) and attend hearing on (1.0) first interim fee applications. | C. Combest | 1.50 |
| 04/20/23 | Prepare for and attend hearing on Committee objection to Fee application. | D. Muth | 1.00 |

Vital Pharmaceuticals, Inc.

July 20, 2023
Invoice Number: 6629103
Page: 59

| Date | Description | Professional | Hours |
|---|---|---|---|
| 04/21/23 | Review and offer revisions to Jordi Guso on order regarding first interim fee application. | C. Combest | 0.30 |
| 04/21/23 | Review proposed Order on fee application and follow-up with lead counsel regarding same. | D. Muth | 0.10 |
| 04/24/23 | Revise order on first interim fee application and submit to Berger Singerman for uploading (0.3); exchange e-mails with Jordi Guso regarding same (0.1). | C. Combest | 0.40 |
| 04/25/23 | Review and respond to inquiry from bankruptcy counsel regarding progress of Wisconsin appeal in connection with Webb & Gerritsen's motion to lift automatic stay. | J. Goldschmidt | 0.30 |
| 05/03/23 | Assist in coordinating April fee statement. | D. Muth | 1.90 |
| 05/16/23 | Prepare April 2023 monthly fee statement. | C. Combest | 1.30 |
| 05/17/23 | Coordinate issues relative to fee application. | D. Muth | 0.20 |
| 05/30/23 | Follow-up on issues relating to bidding/auction procedures. | D. Muth | 0.20 |
| 06/02/23 | Review status and issues related to adjournment of auction. | D. Muth | 0.20 |
| 06/05/23 | Review and assist in preparing fee statement for May. | D. Muth | 0.90 |

**FEE SUMMARY:**

| PROFESSIONAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| David P. Muth | 11.30 | $495.00 | $5,593.50 |
| James E. Goldschmidt | 0.30 | $495.00 | $148.50 |
| Christopher Combest | 44.30 | $495.00 | $21,928.50 |
| **TOTAL** | **55.90** | | **$27,670.50** |

**Total Fees:**　　　　　　　**$27,670.50**