UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| In re: | Chapter 11 Cases |
|---|---|
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] | (Jointly Administered) |

_____/

**SUMMARY OF SECOND INTERIM APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF BERGER SINGERMAN LLP, AS LOCAL COUNSEL TO THE
DEBTORS, FOR THE PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023**

| 1. | Name of applicant: | Berger Singerman LLP |
|---|---|---|
| 2. | Role of applicant: | Local Counsel to the Debtors and Debtors in Possession |
| 3. | Name of Certifying Professional: | Jordi Guso |
| 4. | Date case filed: | October 10, 2022 |
| 5. | Date of Order Approving Employment | November 21, 2022, effective as of October 10, 2022 [ECF No. 379] |
| **IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:** | | |
| 6. | Period for this Application: | March 1, 2023 through June 30, 2023 |
| 7. | Amount of Compensation Sought: | $601,884.50[2] |

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] The Applicant has been paid the sum of $346,613.20 (80% of $433,266.50) of the fees requested herein for the period March 1, 2023 through May 31, 2023, in accordance with this Court's *Order Granting Ex Parte Motion to Amend the Interim Compensation Procedures Order* [ECF No. 503] (the "Interim Compensation Procedures Order"). The Applicant has not yet received payment on account of its fee and expense statement for the month of June 2023, as the deadline to object to the Applicant's June 2023 fee and expense statement is July 31, 2023; however, the fees

12267447-2

| 8. | Amount of Expense Reimbursement Sought | $21,778.77[3] |
|---|---|---|
| **IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:** | | |
| 9. | Total Amount of Compensation Sought During Case: | N/A |
| 10. | Total Amount of Expense Reimbursement Sought During Case | N/A |
| 11. | Amount of Original Retainer(s). Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received: | $379,062.59 |
| 12. | Current Balance of Retainer(s) remaining: | $379,092.59[4] |
| 13. | Last monthly operating report filed (Month/Year and ECF No.) | May 2023 [ECF Nos. 1536, 1537, 1538, 1539, 1540, 1558, 1559] |
| 14. | If case is Chapter 11, current funds in the Chapter 11 estates | $12,774,579.00[5] |
| 15. | If case is Chapter 7, current funds held by Chapter 7 Trustee | N/A |

## History of Fees and Expenses

1.      Dates, sources, and amounts of retainers received:

| Date | Source | Amount |
|---|---|---|
| August 9, 2022 | Debtors' funds | $25,000.00 (Initial Retainer) |
| September 15, 2022 | Debtors' funds | $537,144.00 (Second Retainer) |

---

incurred by the Applicant in June 2023, are included in this Application.

[3] The Applicant has been paid the sum of $10,071.01, 100% of the expenses requested for the period March 1, 2023 through May 31, 2023, in accordance with the Interim Compensation Procedures Order. The Applicant has not yet received payment on account of its fee and expense statement for the month of June 2023, as the deadline to object to the Applicant's June 2023 fee and expense statement is July 31, 2023; however, the expenses incurred by the Applicant in June 2023 are included in this Application.

[4] Berger Singerman is holding an additional $30.00 in its trust account, above the amount of its original retainer, as Berger Singerman was paid the sum of $106,492.20 by the Debtors, as opposed to $106,462.20, on account of Berger Singerman's February 2023 fee and cost statement.

[5] This figure was obtained from the reported cash balances as of May 31, 2023, from the Debtors' most recently filed monthly operating reports for the month ending May 2023 [ECF Nos. 1536, 1537, 1538, 1539, 1540, 1558, 1559].

| TOTAL | | $562,144.00[6] |
|---|---|---|

2.      Dates, sources and amounts of third party payments received:  N/A

3.      Payments from Monthly Fee Statements:

| Time Period | Fees Requested | Expenses Requested | Date of Payment | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|
| October 10, 2022 – November 30, 2022 | $249,923.50 | $1,877.41 | January 6, 2023 | $199,938.80 | $1,877.41 |
| December 1, 2022 through December 31, 2022 | $111,584.50 | $1,120.74 | February 8, 2023 | $89,267.60 | $1,120.74 |
| January 1, 2023 through January 31, 2023 | $154,866.00 | $2,900.18 | March 9, 2023 | $123,892.80 | $2,900.18 |
| February 1, 2023 through February 28, 2023 | $131,208.50 | $1,495.40 | May 8, 2023 | $104,996.80 ($30.00 overpayment; see footnote 4 above) | $1,495.40 |
| March 1, 2023 through March 31, 2023 | $176,915.00 | $5,117.65 | May 12, 2023 | $141,532.00 | $5,117.65 |
| April 1, 2023 through April 30, 2023 | $125,630.00 | $2,266.86 | June 8, 2023 | $100,504.00 | $2,266.86 |
| May 1, 2023 through May 31, 2023 | $130,721.50 | $2,686.50 | July 14, 2023 | $104,577.20 | $2,686.50 |

---

[6] As disclosed in the *Declaration of Jordi Guso on Behalf of Berger Singerman LLP, as Proposed Local Counsel For the Debtors-in-Possession, Effective as of the Petition Date* attached as Exhibit "A" to the *Debtors' Emergency Application for Approval, on an Interim and Final Basis, of the Employment of Jordi Guso and the Law Firm of Berger Singerman LLP as Local Counsel for Debtors-in-Possession, Effective as of the Petition Date* [ECF No. 21], of the $562,144.00 in pre-petition retainers paid to Berger Singerman LLP, the sum of $168,727.41 was applied toward payment of pre-petition fees and expenses, and the sum of $14,354.00 was applied toward payment of filing fees, leaving a retainer balance of $379,062.59 in the trust account of Berger Singerman LLP as of the commencement of these chapter 11 cases.

| Time Period | Fees Requested | Expenses Requested | Date of Payment | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|
| June 1, 2023 through June 30, 2023 | $168,618.00 | $11,707.76 | *Not Yet Paid* | $0.00 *(amount requested: $134,894.40)* | $0.00 *(amount requested: $11,707.76)* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |

_____/

**SECOND INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
BERGER SINGERMAN LLP, AS LOCAL COUNSEL TO THE DEBTORS FOR
THE PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023**

BERGER SINGERMAN LLP (the "Applicant"), as local counsel for the Debtors, Vital

Pharmaceuticals, Inc. ("VPX"), Bang Energy Canada, Inc., JHO Intellectual Property Holdings,

LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and

Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), hereby files its *Second*

*Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses*

*to Berger Singerman LLP, as Local Counsel to the Debtors For the Period of March 1, 2023*

*through June 30, 2023* (the "Application") for professional services and expenses rendered by the

Applicant during the period of March 1, 2023 through June 30, 2023 (the "Application Period").

This Application is filed pursuant to sections 328, 330 and 503(b) of the Bankruptcy Code and

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and meets all

of the requirements set forth in the *Guidelines for Fee Applications for Professionals in the*

*Southern District of Florida Bankruptcy Cases*, incorporated in Local Rule 2016-1(B)(1), and

*Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (collectively, the

"Guidelines"). In support of the Application, the Applicant states:

12267447-2

5

I.    **RETENTION OF THE APPLICANT, DISCLOSURE**
      **OF COMPENSATION AND REQUESTED AWARD**

On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

On the Petition Date, the Debtor filed *Debtors' Emergency Application for Approval, on an Interim and Final Basis, of the Employment of Jordi Guso and the Law Firm of Berger Singerman LLP as Local Counsel for Debtors-in-Possession, Effective as of the Petition Date* [ECF No. 21], requesting approval of the employment of the Applicant as local counsel to the Debtors.  On November 21, 2022, the Court entered an *Order Approving the Employment of Jordi Guso and the Law Firm of Berger Singerman LLP, as Local Counsel for Debtors-in-Possession, Effective as of the Petition Date* [ECF No. 379], approving the employment of the Applicant as local counsel to the Debtors.

The Applicant submits this Application, pursuant to sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules and the Guidelines.  The Applicant requests a first interim award of legal fees earned by the Applicant for services rendered as local counsel to the Debtors, in the amount of **$601,884.50** and reimbursement for the actual and necessary expenses incurred by the Applicant during the Application Period in the amount of **$21,778.77**.

This request is the Applicant's second interim application to the Court for compensation and reimbursement of expenses for services rendered as local counsel to the Debtors.  No understanding exists between the Applicant and any other person for the sharing of compensation sought by the Applicant, except among the partners and associates of the Applicant.

In accordance with the Guidelines, the following exhibits are annexed to this Application:

**Exhibit A:**    Customary and Comparable Compensation Disclosures With Fee Applications

**Exhibit B:**    Summary of Timekeepers Included in this Fee Application

**Exhibit C-1:**  Budget

**Exhibit C-2:**  Staffing Plan

**Exhibit D-1:**  Summary of Compensation Requested by Project Category

**Exhibit D-2:**  Summary of Expense Reimbursements Requested by Category

**Exhibit E:**    Summary Cover Sheet of Fee Application

**Exhibit F:**    Detailed Description of the Services Rendered and Expenses and Disbursements.

The Applicant has expended a total of **1,112.00** hours during the Application Period in rendering necessary and beneficial legal services to the Debtors.

Exhibit A contains a list of the Applicant's professionals and paraprofessionals who have provided services to the Debtors during the Application Period, the blended hourly rate for fees billed during the Application Period, and the blended hourly rate for fees bills or collected by the Applicant for the preceding year, excluding bankruptcy engagements.

Exhibit B contains a list of the professionals and paraprofessionals included in the Application, as well as the title, hourly rate, aggregate hours worked, and the amount of fees earned by each professional and paraprofessional.

Exhibit C-1  The Applicant provided the Debtors with a preliminary budget covering the period of October 10, 2022 through December 31, 2022.   Thereafter, the Debtors have paid the fees and expenses of the Applicant and other estate professionals as provided in the Final DIP Order, the Interim Compensation Procedures Order and up to the amounts allocated for professional fees in the DIP Budget.

Exhibit C-2 The Applicant's staffing plan, reflecting the number of timekeepers expected to perform work on these cases and the average hourly rate broken down by category of timekeeper covered the period of October 10, 2022 through December 31, 2022.

Exhibit D-1 contains a summary of compensation requested by project category, reflecting the number of hours budgeted, fees budgeted, hours billed, and fees sought during the Budgeted Period and Application Period, as applicable.

Exhibit D-2 contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Debtors, for which the Applicant seeks reimbursement in accordance with section 330(a)(2) of the Bankruptcy Code, the Bankruptcy Rules and the Guidelines.  The expenses and disbursements summarized in Exhibit D-2 include only those which the Applicant typically would invoice to its non-bankruptcy clients.

Exhibit E contains a summary cover sheet of the Application.

Exhibit F contains (i) a daily description of the services rendered and the hours expended by the various attorneys and paralegals of the Applicant who performed services in these cases; and (ii) a detailed schedule listing of the expenses and disbursements for which the Applicant seeks reimbursement. The Applicant has prepared Exhibit F based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paraprofessionals who rendered services in these cases.

## II.    BACKGROUND OF THE CASES

On the Petition Date, the Debtors commenced their bankruptcy cases.  On November 1, 2022, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the

"Committee") [ECF No. 245].  On November 23, 2022, the United States Trustee reconstituted the Committee [ECF No. 400].

For a detailed description of the Debtors' assets, liabilities and operations, the Applicant respectfully refers the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] filed on the Petition Date. For a detailed description of the Applicant's activities following the Petition Date, the Applicant respectfully refers the Court and parties in interest to Sections II through VII of the Applicant's first interim application for compensation [ECF No. 991].

## III.    SUMMARY OF RELIEF SOUGHT BY THE DEBTORS DURING THIS APPLICATION PERIOD

During the Application Period, the Applicant counseled and advised the Debtors in connection with all matters affecting the administration of the estates and these chapter 11 cases, including in connection the following motions, applications and other papers filed by the Debtors:

(a)    *Debtors' Third Omnibus Motion for Entry of an Order Authorizing the Rejection of Executory Contracts* [ECF No. 824], which was granted on March 17, 2023 [ECF No. 962].

(b)    *Debtors' Notice of Abandonment of Remaining Inventory* [ECF No. 825], with respect to the remaining packaging and finished goods inventory and property located at the Debtors' San Antonio, TX location.

(c)    *Notice of Proposed Sale, Bidding Procedures, Auction, and Sale Hearing* [ECF No. 856].

(d)    *Debtors' Expedited Motion to Approve Compromise Between Debtor, Vital Pharmaceuticals, Inc., and Sidel Blowing and Services SAS* [ECF No. 862], which was granted on

March 21, 2021 [ECF No. 989], as amended by ECF No. 1036.

(e)     *Debtors' Ex Parte Motion for Order Shortening Time for Hearing on Debtors' Motion to Approve Compromise Between Debtor, Vital Pharmaceuticals, Inc. and Sidel Blowing and Services SAS* [ECF No. 863], which was granted on February 28, 2023 [ECF No. 873].

(f)     *Debtors' Expedited Motion to Approve Compromise Between (I) Debtor, Vital Pharmaceuticals, Inc.; and (II) Crown Cork & Seal USA, Inc. and Crown Metal Packaging Canada LP* [ECF No. 878], which was granted on March 16, 2023 [ECF No. 950].

(g)     *Debtors' Ex Parte Motion for Order Shortening Time for Hearing on Debtors' Expedited Motion to Approve Compromise Between (I) Debtor, Vital Pharmaceuticals, Inc.; and (II) Crown Cork & Seal USA, Inc. and Crown Metal Packaging Canada LP* [ECF No. 879], which was granted on March 3, 2023 [ECF No. 891].

(h)     *Debtors' Ex Parte Motion for Entry of an Order (I) Authorizing Debtors to Redact Confidential Information From Their Assumption Notice and (II) Granted Relief* [ECF No. 881], which was granted on March 3, 2023 [ECF No. 894].

(i)     *Notice of Additional KERP Participants* [ECF No. 888].

(j)     *Debtors' Fourth Motion for Entry of an Order Authorizing the Rejection of Executory Contract With Intrastate Distributing* [ECF No. 889], which was granted on March 31, 2023 [ECF No. 1088].

(k)     *Debtors' Motion for Authorization to Enter Into an Excess Insurance Policy with XL Specialty Insurance Company* [ECF No. 935], which was granted on March 24, 2023 [ECF No. 1025].

(l)     *Debtors' Fifth Omnibus Motion for Entry of an Order Authorizing the*

*Rejection of Executory Contracts With (I) Fiesta Warehousing and Distribution; and (II) Krier Foods, Inc.* [ECF No. 1026], which was granted on April 28, 2023 [ECF No. 1287].

        (m)     *Debtors' Notice of Abandonment of Remaining Inventory* [ECF No. 1027].

        (n)     *Debtors' Sixth Motion for Entry of an Order Authorizing the Rejection of an Executory Contract With Acar Leasing Ltd., Inc. d/b/a GM Financial Leasing, Effective as of March 29, 2023* [ECF No. 1069], which was granted on May 1,. 2023 [ECF No. 1304].

        (o)     *Debtors' Notice of Abandonment of Personal Property* [ECF No. 1070].

        (p)     *Debtors' Motion for Entry of an Order (I) Extending the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Granting Related Relief* [ECF No. 1175], which was granted on May 5, 2023 [ECF No. 1324].

        (q)     *Debtors' Motion for Entry of an Order (I) Ruling Section 365 as Amended by the Act Applies to the Deadline by Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [ECF No. 1185], which was granted on May 8, 2023 [ECF No. 1348].

        (r)     *Debtors' Motion for an Order Approving the Assumption of Unexpired Commercial Lease With Taro Patch Holdings, LLC* [ECF No. 1204], which was granted on May 2, 2023 [ECF No. 1311].

        (s)     *Joint Motion for Entry of an Agreed Order Authorizing Lease Amendment* [ECF No. 1217], which was granted on April 24, 2023 [ECF No. 1235].

        (t)     *Debtors' Ex Parte Omnibus Motion Pursuant to Section 365(D)(4)(B)(II) of the Bankruptcy Code to Approve Stipulations By and Among the Debtors and Lessors Regarding Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [ECF No. 1312], which was granted on May 4, 2023 [ECF No. 1322].

(u)     *Debtors' Motion to Approve Compromise Between (I) Debtor, Vital Pharmaceuticals, Inc.; and (II) Webb & Gerritsen, Inc.* [ECF No. 1384], which was granted on June 8, 2023 [ECF No. 1444].

(v)     *Debtors' Seventh Omnibus Motion for Entry of an Order Authorizing the Rejection of (I) Unexpired Non-Residential Real Property Leases With (A) Evox FL Pembroke 20351 LLC and (B) KP Properties of Ohio LLC; and (II) Executory Contracts With (A) Updike Distribution Logistics, LLC; and (B) Bitsight Technologies, Inc.* [ECF No. 1399], which was granted on June 27, 2023 [ECF No. 1533] with respect to KP Properties of Ohio LLC, Updike Distribution Logistics, LLC and Bitsight Technologies, Inc., and on July 12, 2023 [ECF No. 1636] with respect to Evox FL Pembroke 20351 LLC.

(w)     *Notice of Filing Second Amendment to Superpriority Secured Debtor-in-Possession Credit Agreement and Limited Waiver* [ECF No. 1402].

(x)     *Debtors' Eighth Omnibus Motion for Entry of an Order Authorizing the Rejection of Unexpired Non-Residential Real Property Leases With (A) Dogwood Propco FL, LP; (B) EastGroup Properties, LP; (C) PPF Lincoln Medley, LLC; (D) Duke Secured Financing 2009-1PAC, LLC; (E) JHO NV-1 Investment, LLC; (F) Kearny Mesa West (San Diego), LLC; (G) Ranger H-TX LP; and (H) CI DAL III-V, LLC* [ECF No. 1459], which was granted on July 5, 2023 [ECF No. 1565].

(y)     *Debtors' Ninth Motion for Entry of an Order Authorizing the Rejection of Executory Contract With Buffalo Rock Distributing Company, Inc.* [ECF No. 1468], which was granted on July 14, 2023 [ECF No. 1655].

(z)     *Debtors' Motion to Quash and for Protective Order as to Non-Party Subpoena to DocuSign, Inc. Pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45 [ECF No.*

*1451-1]* [ECF No. 1474], which the Court granted at the conclusion of the June 29, 2023, hearings in these chapter 11 cases.

(aa)    *Joint Emergency Motion for an Order (I) Holding John H. Owoc and Megan E. Owoc in Contempt of Court, and (II) Imposing Sanctions* [ECF No. 1476], which the Court granted.  As of the date hereof, counsel for the parties are still negotiating the form of Order to be presented to the Court for its consideration.

(bb)    *Debtors' Ex-Parte Motion to File Exhibits 9 and 10 to Joint Emergency Motion for an Order (I) Holding John H. Owoc and Megan E. Owoc in Contempt of Court, and (II) Imposing Sanctions Under Seal* [ECF No. 1477], which was granted on June 21, 2023 [ECF No. 1501].  On June 21, 2023, the Debtors filed Exhibits 9 and 10 to the *Joint Emergency Motion for an Order (I) Holding John H. Owoc and Megan E. Owoc in Contempt of Court, and (II) Imposing Sanctions* under seal [ECF No. 1503].

(cc)    *Debtors' Motion to Approve Compromise Between (I) Debtors, Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC; and (II) PhD Marketing, Inc.* [ECF No. 1513], which was granted on July 14, 2023 [ECF No. 1656].

(dd)    *Debtors' Expedited Motion to Approve Compromise Between (I) the Debtors, (II) Monster Energy Company, (III) Monster Beverage Corporation, (IV) Orange Bang, Inc.; (V) the Committee, and (VI) the Supporting Lenders* [ECF No. 1548], which was granted on July 12, 2023 [ECF No. 1644].

(ee)    *Debtors' Motion for the Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [ECF No. 1551], which was withdrawn by the Debtors on July 3, 2023 [ECF No. 1562].

## IV.    STAY RELIEF MOTIONS

In addition to the matters set forth above, the following motions for relief from the automatic stay have been filed in the Debtors' cases: (a) EastGroup Properties, L.P. [ECF No. 172]; (b) Mitsubishi HC Capital America, Inc. [ECF No. 246]; (c) Ardagh Metal Packaging USA Corp. [ECF No. 330]; (d) ACAR Leasing Ltd., Inc. d/b/a GM Financial Leasing [ECF No. 369]; (e) Americredit Financial Services, Inc. d/b/a GM Financial [ECF No. 399]; (f) Jasmin Williams [ECF No. 546]; (g) U.S. Bank National Association d/b/a U.S. Bank Equipment Finance [ECF No. 642]; (h) Faith Technologies Incorporated [ECF No. 670]; (i) Santander Consumer USA, Inc. d/b/a Chrysler Capital [ECF No. 743]; (j) Suddath Global Logistics, LLC [ECF No. 1083]; and (k) Webb & Gerritsen, Inc. [ECF No. 1168].  Each of these motions for relief from stay have been resolved and orders have been entered, with the exception of the motion for relief from stay filed by Ardagh Metal Packaging USA Corp. [ECF No. 330], which is set for a final evidentiary hearing on September 21, 2023 [ECF No. 1667].

## V.    THE ADVERSARY PROCEEDINGS

### A.    *Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. Orange Bang, Inc. and Monster Energy Company*, Adv. No. 23-01031-PDR; and District Court Case Nos.:   23-cv-60599 and 23-cv-61105

On February 17, 2023, the Debtors commenced an adversary proceeding by the filing of *Debtors' Adversary Complaint for Declaratory Relief* in the case captioned *Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC v. Orange Bang, Inc. and Monster Energy Company*, Adv. No. 23-01031-PDR, seeking the entry of a declaratory judgment against the defendants, and also filed a *Motion for Summary Judgment* (the "Summary Judgment Motion") in that adversary proceeding.   Pursuant to the Court's *Order Setting Briefing Schedule and Oral Argument on Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law*

[Adv. ECF No. 14], the Court set a deadline of March 17, 2023, for the defendants to file their respective responses to the Summary Judgment Motion, a deadline of March 24, 2023, for Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC to file their reply to the defendants' responses, and oral argument for March 29, 2023 to consider the Summary Judgment Motion. On March 17, 2023, the Official Committee of Unsecured Creditors filed a joinder to the Summary Judgment Motion, and on the same date, the defendants their response in opposition to the Summary Judgment Motion. The Plaintiffs filed their reply in support of the Summary Judgment Motion on March 24, 2023.

In addition, the defendants filed a *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28 U.S.C. §§ 157(d) and 1412 and Bankruptcy Rule 5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California* [Adv. ECF No. 17] ("Motion to Withdraw the Reference") and an *Emergency Joint Motion of Monster Energy Company and Orange Bang, Inc. for Stay of Adversary Proceeding or Continuance of Hearing on Motion for Summary Judgment Pending Decision on Motion to Withdraw Reference and Transfer* [Adv. ECF No. 18] (the "Motion to Stay"). Pursuant to the Court's *Order Setting Briefing Schedule and Hearing on Motion to Stay* [Adv. ECF No. 19], the Court directed Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC to respond to the Motion to Stay by March 17, 2023, authorized Orange Bang, Inc. and Monster Energy Company to file their reply to the response on or before March 20, 2023, and set a hearing for March 22, 2023 to consider the Motion to Stay. On March 17, 2023, Plaintiffs, Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC filed their objection to the Motion to Stay, and on March 20, 2023, the defendants filed their reply in support of the Motion to Stay. On March 27, 2023, the Court entered an *Order Denying Emergency Joint Motion of*

*Monster Energy Company and Orange Bang, Inc. for Stay of Adversary Proceeding or Continuance of Hearing on Motion for Summary Judgment Pending Decision of Motion to Withdraw Reference and Transfer [ECF No. 18]* [Adv. ECF No. 48], which denied the Motion to Stay.

On March 22, 2023, the Plaintiffs timely filed a response to the Motion to Withdraw the Reference, and on March 24, 2023, the Defendants filed their reply in support of the Motion to Withdraw the Reference.  Despite having timely filed a response to the Motion to Withdraw the Reference, on May 23, 2023, the District Court entered an *Order Granting Defendants' Motion for Entry of an Order Withdrawing Reference and Transferring Venue of Adversary Proceeding to Central District of California* [Adv. ECF No. 58], which incorrectly stated that the Plaintiffs filed no response in opposition to the Motion to Withdraw the Reference.

On May 18, 2023, the Plaintiffs filed, in the District Court action (District Court Case No. 23-cv-60599), *Plaintiffs' Emergency Motion for Reconsideration of Order Granting Defendants' Motion for Entry of an Order Withdrawing Reference and Transmitting Venue of Adversary Proceeding to Central District of California* [District Court ECF No. 13], and on May 24, 2023, the District Court entered an *Order Dismissing Plaintiffs' Emergency Motion for Reconsideration of Order Granting Defendants' Motion for Entry of an Order Withdrawing Reference and Transferring Venue of Adversary Proceeding to Central District of California* [District Court ECF No. 17], which provided that the Plaintiff's Motion for Reconsideration is dismissed as the District Court no longer had jurisdiction over the matter because the matter had already been transferred to the Central District of California.

On June 9, 2023, the Central District of California transferred the matter back to the United States District Court for the Southern District of Florida, Case No. 23-cv-61105.   On July 3, 2023,

Plaintiffs and Defendants filed a *Joint Agreed Motion to Stay the Case Pending Approval of Settlements and Sale in Bankruptcy Court* [District Court ECF No. 36], due to a pending settlement of disputes between the parties, as well as a sale of substantially all of the Debtors' assets to Blast Asset Acquisition LLC, a subsidiary of Monster Beverage Corporation.

On June 28, 2023, the Debtors filed *Debtors' Expedited Motion to Approve Compromise Between (I) the Debtors, (II) Monster Energy Company, (III) Monster Beverage Corporation, (IV) Orange Bang, Inc.; (V) the Committee, and (VI) the Supporting Lenders* [ECF No. 1548] (the "Monster Settlement Motion"), seeking to approve a settlement between the Debtors, Monster Energy Company, and Orange Bang, Inc., pursuant to the terms of a *Settlement Term Sheet* attached thereto.

On July 12, 2023, the Court conducted an evidentiary hearing to consider the Monster Settlement Motion, and entered thereupon an *Order Granting Debtors' Expedited Motion to Approve Compromise Between (I) the Debtors, (II) Monster Energy Company, (III) Monster Beverage Corporation, (IV) Orange Bang, Inc.; (V) the Committee, and (VI) the Supporting Lenders* [ECF No. 1644].

The sale of substantially all of the Debtors' assets to Blast Asset Acquisition LLC, as detailed in Section IX below, and the settlement entered into between the Debtors, Monster Energy Company, Monster Beverage Corporation, and Orange Bang, Inc., as detailed above, go hand-in-hand.

**B.** ***Vital Pharmaceuticals, Inc., et al. v. John H. Owoc and Megan E. Owoc,*** **Adv. No. 23-01051-PDR**

On March 14, 2023, the Debtors commenced an adversary proceeding against John H. Owoc and Megan E. Owoc (the "Owocs"), by the filing of an *Adversary Complaint for Declaratory Judgment and Turnover of Estate Property*, Adv. No. 23-01051-PDR, seeking a

declaration that the Instagram and TikTok accounts bearing the handle "@bangenergy.ceo" and the Twitter account bearing the handle "@BangEnergyCEO", and any other social media accounts used in the ordinary course of the Debtors' business operations, are property of the Debtors' estates, and requesting turnover of the same to the estates.  In addition, on March 14, 2023, the Debtors, as Plaintiffs, filed an *Emergency for Temporary Restraining Order and Incorporated Memorandum of Law* [Adv. ECF No. 2] (the "TRO Motion") and the *Declaration of John C. DiDonato in Support of Debtors' Emergency Motion for Temporary Restraining Order* [Adv. ECF No. 3].

On March 16, 2023, the Debtors and the Owocs entered into a *Stipulation Regarding Debtors' Motion for Temporary Restraining Order* [Adv. ECF No. 9] (the "TRO Stipulation"), whereby the Debtors and Defendants agreed, among other things, that (i) the Owocs are prohibited from altering, amending, or deleting any and all postings currently in place on the Instagram and TikTok accounts bearing the handle @bangenergy.ceo and the Twitter account bearing the handle @BangEnergyCEO (collectively the "Social Media Accounts"); (ii) the Owocs are prohibited from posting any content or making any posts of any kind to or from the Social Media Accounts until forty-five (45) days from the entry of an order approving the TRO Stipulation; (iii) if the Debtors wish to post on the Social Media Accounts concerning the Debtors' products, and such posts do not reference the Owocs, then the Owocs will make such posts within nine (9) business hours of receiving the Debtors' request to do so; and (iv) by 5:00 p.m. (ET) on March 16, 2023, the Owocs would provide to the Court, under seal, all passwords to the Social Media Accounts, and the Owocs are prohibited from any further changes to the passwords to the Social Media Accounts, pending further order of the Court.    On March 16, 2023, the Court entered an Order (the "Order Approving TRO Stipulation") approving the TRO Stipulation [Adv. ECF No. 10].

On March 22, 2023, the Debtors filed an emergency motion [Adv. ECF No. 13] seeking entry of an order holding the Owocs in contempt, imposing sanctions, requesting the scheduling of a hearing on the TRO Motion, and requesting a briefing schedule on a summary judgment motion to be filed by the Debtors in this adversary proceeding.   On March 31, 2023, the Debtors filed their *Motion for Summary Judgment and Incorporated Memorandum of Law* [Adv. ECF No. 20] (the "Owoc Summary Judgment Motion"), and the *Declaration of John C. DiDonato in Support of Plaintiffs' Motion for Summary Judgment and Incorporated Memorandum of Law* [Adv. ECF No. 21].   On April 5, 2023, the Court entered an order setting a briefing schedule with respect to the Owoc Summary Judgment Motion,  and scheduled a hearing for April 25, 2023 [Adv. ECF No. 24].

On April 11, 2023, the Debtors filed another emergency motion [Adv. ECF No. 28] ("Second Emergency Motion for Contempt"), seeking the entry of an order holding the Owocs in contempt of Court, imposing sanctions and requesting the setting of a hearing on the Debtors' TRO Motion, due to the Owocs failure to deliver the passwords to the Debtors' social media accounts as required under the terms of the order [Adv. ECF No. 10] approving the TRO Stipulation.

On April 14, 2023, the Debtors filed their supplemental memorandum of law in support of their Second Emergency Motion for Contempt [Adv. ECF No. 38], and on April 25, 2023, the Court entered an *Order Granting Plaintiffs' Emergency Motion for Contempt* [Adv. ECF No. 61] (the "April 25, 2023 Contempt Order"), holding John H. Owoc ("Mr. Owoc") in contempt of court for violating the Order Approving TRO Stipulation, providing that Mr. Owoc can purge, in part, his contempt by deleting certain comments made by him about the Debtors' requested Instagram post, and by turning over to counsel for the Debtors, the passwords for the Social Media Accounts. The April 25, 2023 Contempt Order further provided that the Owocs are prohibited from posting

any content or making any post of any kind to or from the Social Media Accounts, including posting any comments, in accordance with the Order Approving TRO Stipulation.

On April 16, 2023, the Owocs filed their response in opposition to the Owoc Summary Judgment Motion, and declarations of John H. Owoc and Megan E. Owoc [Adv. ECF Nos. 41, 42, and 43, respectively].

On April 21, 2023, the Debtors filed their reply in support of the Owoc Summary Judgment Motion [Adv. ECF No. 49], reply statement of material facts [Adv. ECF No. 50], and objections [Adv. ECF No. 51] to portions of the Owocs' declarations.

On April 25, 2023, the Owocs filed an emergency motion [Adv. ECF No. 55] seeking relief from the TRO Stipulation, and stating that the TRO Stipulation was not authorized by the Owocs.

On May 9, 2023, the Owocs filed a notice of appeal [Adv. ECF No. 73] (the "First Owoc Appeal") with respect to the April 25, 2023 Contempt Order.

On May 10, 2023, the Debtors filed an emergency motion to allow the Debtors to post a "corrective statement" on the Social Media Accounts [Adv. ECF No. 77], and, on May 19, 2023, the Court entered an order [Adv. ECF No. 102] granting that motion, and directing the Owocs to take all steps necessary to provide the Debtors with full access to and control over the Social Media Accounts no later than 5:00 p.m. (ET) on May 12, 2023.

On May 11, 2023, the Court entered an order [Adv. ECF No. 80] (the "May 11, 2023 Contempt Order") holding Mr. Owoc in contempt of Court for failure to comply with the April 25, 2023 Contempt Order.

On May 11, 2023, the Court entered an *Order Denying Emergency Motion for Relief From Unauthorized Stipulation and Extending Temporary Restraining Order* [Adv. ECF No. 81] (the "May 11, 2023 Denial Order")

On May 12, 2023, the Debtors filed a motion [Adv. ECF No. 84], seeking the entry of a preliminary injunction prohibiting the Owocs from accessing, using, deleting, or modifying in any way the Social Media Accounts, converting the Order Approving TRO Stipulation into a preliminary injunction and extending the injunctive relief granted in the Order Approving TRO Stipulation through the resolution of this adversary proceeding. On May 23, 2023, Defendants filed their response in opposition [Adv. ECF No. 110] and on May 24 and 26, 2023, the Debtors filed their replies [Adv. ECF Nos. 112 and 124].

On May 15, 2023, the Owocs filed a *Motion to Withdraw Reference, Designation of Record and Demand for Jury Trial* [Adv. ECF No. 88], and on May 30, 2023, the Debtors filed their response in opposition thereto [Adv. ECF No. 130].

On May 25, 2023, Mr. Owoc filed a notice of appeal (Adv. ECF No. 117) (the "Second Owoc Appeal") with respect to the May 11, 2023 Denial Order, and filed an additional notice of appeal [Adv. ECF No. 118] (the "Third Owoc Appeal") with respect to the May 11, 2023 Contempt Order.

On May 26, 2023, the Court entered an *Order Granting Plaintiffs' Motion for Preliminary Injunction* [Adv. ECF No. 127] (the "May 26, 2023 Injunction Order"), which, among other things, enjoined the Owocs from accessing, using, deleting, or modifying the Social Media Accounts, and prohibited them from posting any content to the Social Media Accounts or commenting on any posts from the Social Media Accounts.

On June 9, 2023, the Owocs filed a notice of appeal [Adv. ECF No. 148] (the "Fourth Owoc Appeal") with respect to the May 26, 2023 Injunction Order.

On June 16, 2023, the Court entered a *Memorandum Opinion Granting Plaintiffs' Motion for Summary Judgment* [Adv. ECF No. 161] (the "June 16, 2023 Memorandum Opinion") whereby the Court (a) determined that there is no genuine dispute of material fact and that the Debtor, Vital Pharmaceuticals, Inc. owns the rights to the Social Media Accounts as a matter of law, and (b) provided that the Court would enter final judgment in favor of Vital Pharmaceuticals, Inc. on Counts I and II of its adversary complaint declaring that the rights to the Social Media Accounts are property of the estate, and ordering the Owocs to turn over the Social Media Accounts to Vital Pharmaceuticals, Inc.   On July 5, 2023, the Court entered *Final Judgment in Favor of Plaintiffs* [Adv. ECF No. 183], in favor of the Plaintiffs, on Counts I and II of its adversary complaint, finding that the Social Media Accounts are sole property of the Plaintiffs' estates, dissolving the preliminary injunction granted pursuant to the May 26, 2023 Injunction Order, and denying all pending motions as moot.

On June 30, 2023, Mr. Owoc filed a notice of appeal [Adv. ECF No. 180] (the "Fifth Owoc Appeal") with respect to the June 16, 2023 Memorandum Opinion.

As set forth above, there are currently five appeals to the District Court emanating from this adversary proceeding, as well as one additional District Court case.

The Applicant has spent a significant amount of time during the Application Period with respect to the preparation of various emergency motions for contempt, responses and replies to the various motions filed by the Owocs, preparing and attending multiple hearings in this adversary proceeding, and in preparing and filing appellee designations in the five pending District Court appeals.

C. *Vital Pharmaceuticals, Inc., et al. v. John H. Owoc and Entourage IP Holdings, LLC;* Adv. No. 23-01125-PDR

On June 16, 2023, the Debtors commenced an adversary proceeding against Mr. Owoc and Entourage IP Holdings, LLC ("Entourage IP"), by the filing of an *Adversary Complaint for Declaratory Judgment, Turnover of Estate Property, and Usurpation of a Corporate Opportunity*; Adv. No. 23-1125-PDR, seeking (a) a declaration that certain Bang-related trademarks filed by the Debtors' employees in the name of Entourage IP for use by Quash Seltzer, LLC on alcoholic beverages (the "Disputed Assets") are property of the Debtors' estates; (b) turnover of the Disputed Assets to the estates; and (c) the establishment of a constructive trust to hold the Disputed Assets for the benefit of the Debtors. The Court has set a scheduling conference for August 16, 2023 in this adversary proceeding.

VI.    OWOC'S MOTION TO DISMISS

On June 16, 2023, Mr. Owoc, the Debtors' sole equity holder, filed *Creditor and Interested Party John H. Owoc's Emergency Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [ECF No. 1466] (the "Dismissal Motion"), seeking the dismissal of the chapter 11 bankruptcy case of Debtor, JHO Real Estate Investment, LLC. The Debtors filed responses in opposition to the Dismissal Motion on June 20 and July 10, 2023 [ECF Nos. 1482 and 1588], and responses in opposition to the Dismissal Motion were also filed by the Office of the United States Trustee [ECF No. 1484] and Truist Bank [ECF No. 1589]. On July 11, 2023, the Court conducted an all-day evidentiary hearing to consider the Dismissal Motion, and, on July 14, 2023, entered an *Order Denying Creditor and Interested Party John H. Owoc's Emergency*

*Motion to Dismiss Chapter 11 Bankruptcy of Debtor JHO Real Estate Investment, LLC* [ECF No. 1657].

## VII.    THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

On January 27, 2023, the Debtors filed *Debtors' Motion for an Order (I) Approving (A) Bidding Procedures For the Sale of Substantially All of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (III) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* [ECF No. 707] (the "Bid Procedures Motion"), seeking entry of an order approving certain bidding and sale procedures with respect to a sale of substantially all of the assets of the Debtors.

On February 23, 2023, the Court considered a hearing to consider the Bid Procedures Motion, and on February 24, 2023, the Court entered an *Order (I) Approving Bidding Procedures, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief* [ECF No. 854] (the "Bid Procedures Order"). Pursuant to the Bid Procedures Order, the Court set certain deadlines, including a deadline for the submission of bids, a deadline for the filing of objections to the sale, and for objections to the designation of a stalking horse bidder, and set an auction date of April 27, 2023, with a sale hearing of May 10, 2023.

On April 28, 2023, the Debtors filed a *Notice of Extension of Certain Sale-Related Deadlines* [ECF No. 1283], which extended (a) the deadline for the submission of bids from April

24, 2023, to May 22, 2023; (b) the auction date from April 27, 2023, to May 25, 2023; and (c) the sale hearing date from May 10, 2023 to June 7, 2023.

On May 24, 2023, the Debtors filed a *Notice of Adjournment of Auction* [ECF No. 1394], which continued the auction date from May 25, 2023 to June 2, 2023.

On June 1, 2023, the Debtors filed a *Notice of Adjournment of Auction and Modified Sale-Related Dates and Deadlines* [ECF No. 1416], which further extended the auction date from June 2, 2023 to June 8, 2023, and the sale hearing from June 7, 2023 to June 16, 2023.

On June 8, 2023, the Debtors filed a *Notice of Adjournment of Auction* [ECF No. 1445], which adjourned the auction from June 8, 2023, until a time to be determined.

On June 12, 2023, the Debtors filed a *Notice of Modified Sale-Related Dates and Deadlines* [ECF No. 1457], which extended various deadlines, including the June 8, 2023, auction date to a date and time to be determined, and the June 7, 2023, sale hearing to June 30, 2023.

On June 23, 2023, the Debtors filed a *Notice of Adjournment of Sale Hearing and Related Deadlines* [ECF No. 1514], which extended the sale hearing date to June 30, 2023 at 10:00 a.m.

On June 28, 2023, the Debtors filed a *Notice of Auction Cancellation and Successful Bidder* [ECF No. 1546], which attached a copy of an Asset Purchase Agreement (the "APA") entered into by and between Debtors, Vital Pharmaceuticals, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC and Rainbow Unicorn Bev, LLC, as sellers, and Blast Asset Acquisition LLC (the "Successful Bidder"), as buyer, and extended the sale hearing date to July 13, 2023.  Pursuant to the APA, the Debtors sought authority to sell substantially all of their assets to the Successful Bidder, subject to the terms and conditions set forth in the APA, including expiration of all applicable waiting periods, including under the Hart-Scott Rodino Act.

On June 30, 2023, the Debtors filed an *Amended Notice of Auction Cancellation and Successful Bidder* [ECF No. 1556], which provided, among other things, that the hearing to consider approval of the sale of substantially all assets of the Debtors to Blast Asset Acquisition LLC would be held on July 12, 2023 at 10:00 a.m.

On July 12, 2023, the Court conducted the sale hearing approved the sale of substantially all of the assets of the Debtors to Blast Asset Acquisition LLC, a subsidiary of Monster Beverage Corporation.    On July 14, 2023, the Court entered the *Order (I) Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (II) Granting Related Relief* [ECF No. 1654], as amended by ECF No. 1658, which approved the sale of the Debtors' assets to Blast Asset Acquisition LLC, for approximately $362,000.000.

In connection with the sale of the Debtors' assets, the Debtors also filed numerous notices [ECF Nos. 893, 995, 1460, and 1624] with respect to the executory contracts and unexpired leases to be assumed and assigned in connection with the sale, including proposed cure amounts with respect thereto.  Numerous objections to the assumption and assignment of executory contracts and unexpired leases have been filed by the non-debtor parties to the executory contracts and unexpired leases, and the Debtors are in the process of attempting to resolve those objections.  Any objections not resolved will be scheduled for hearing at a future date to be scheduled by the Court.

## INDEXING OF TASKS BY ACTIVITY CODES

As set forth in the Exhibits to this Application, the Applicant has organized its time records by activity codes in accordance with the Guidelines.  Accordingly, each of the time entries of the attorneys and paralegals of the Applicant have been indexed into the categories listed below:

**501     Case Administration:**   Coordination and compliance activities, including preparation of the Debtors' schedules and statement of financial affairs and amendments thereto, periodic reports required by Bankruptcy Rule 2015.3, United States Trustee Guidelines compliance; United States Trustee "Debtor in Possession Reports", contacts with the U.S. Trustee; general creditor inquiries.

**502     Business Operations:**   Activities that related to the operation of the Debtors' businesses, including issues pertaining to bank accounts, insurance, and other ordinary course business issues.

**504     Asset Analysis and Recovery:**   Issues pertaining to the analysis and recovery of assets of the estates.

**505.    Asset Disposition/Preservation:**   Issues pertaining to the sales of the Debtors' assets, including preparation of motions, orders, notices of sale, and related tasks.

**506     Financing:**  Matters under Sections 361, 363 and 364.

**507     Fee/Employment Application:**  Preparation of employment applications, preparation of monthly fee and expense statements, applications for compensation, consideration of the need for other professionals, and related tasks.

**509     Claims Administration and Objections:** Specific claim inquiries and analysis of claims against the estates.

**512     Executory Contracts and Unexpired Leases:**   Issues pertaining to the rejection of leases and contracts, and responding to inquiries regarding same.

**517     Settlement and Compromise:**   Issues associated with the settlement between the Debtors and various creditors, including preparation of settlement agreements, motions and orders, and attendance at hearings to consider approval of settlements.

**518     Plan & Disclosure Statement:**  Issues pertaining to the development of the Debtors' plan and disclosure statement, including the motions to extend the exclusive period within which only the Debtors may propose a plan.

**524     Corporate Finance:**   Issues pertaining to reviewing amendments to the Debtors' by-laws and other corporate documents, and conducting research with respect to corporate issues.

**527     Litigation Consulting:**  Matters involving adversary proceedings commenced by the Debtors; and issues pertaining to contested matters and discovery propounded by various creditors and interested parties.

528    **Relief from Stay Proceeding/Adequate Protection:** Issues pertaining to the motions for relief from stay filed by various claimants, including the preparation of responses, and agreed orders resolving the stay relief motions.

530    **Non-Working Travel:** Activities relating to non-working time spent traveling to meetings and hearings related to these chapter 11 cases.

## DESCRIPTION OF SERVICES

### Case Administration (Activity Code 501)

During the Application Period, the Applicant assisted the Debtors with the filing of the Debtors' monthly operating reports, and conducted numerous discussions with the Debtors' representatives and representatives of Huron, the Debtors' Chief Transformation Officer, John C. DiDonato (the "CTO"), co-counsel to the Debtors, counsel to the Debtors' lenders, counsel for the Committee, and counsel for various other creditors regarding the status of these cases and administrative matters.    The Applicant, among other things, (a) reviewed and responded to requests from creditors regarding the status of these cases, (b) responded to inquiries relating to payment of U.S. Trustee fees, (c) conducted discussions relating to the winddown expenses of the Debtors, (d) communicated with the Debtors' court-approved claims and noticing agent, Stretto, Inc., with respect to service of papers, (e) prepared for and attended various hearings held during the Application Period, (f) assisted with the preparation and filing of the Debtors' monthly operating reports, and periodic financial reports required by Bankruptcy Rule 2015.3, (g) assisted with the preparation and filing of amendments to the Debtors' schedules and statements of financial affairs, and (h) conferred with representatives of the Debtors regarding the abandonment of certain of the Debtors' personal property.    In addition, the Applicant assisted with the preparation and filing of motions to appear *pro hac* vice on behalf of the professionals of Latham & Watkins, attended discussions relating to wind-down alternatives for the Debtors, and assisted

with the preparation and filing of motions to convert these cases from chapter 11 to chapter 7, which motions were withdrawn by the Debtors on July 3 and 5, 2023.

The Applicant expended **89.00** hours in this category and is requesting **$43,877.50** for the services rendered in this category.

**Business Operations (Activity Code 502)**

During the Application Period, the Applicant participated in meetings of the Debtors' board of directors and restructuring committee which included the Debtors' directors, managers and senior executives, including the Debtors' CTO, the Debtors' management team, Debtors' lender, and co-counsel to discuss operational issues, including issues pertaining to the insurance coverages, the Debtors' cash management system, employment issues, bank accounts, critical vendor agreements, financial projections and reporting, the status of the Debtors' operations, the Debtors' business plan, issues pertaining to the sale of the Debtors' assets, issues pertaining to the Debtors' leased locations, including issues pertaining to post-petition rent.  The Applicant conducted discussions relating to agreements with the Debtors' vendors, conducted research regarding same, and reviewed financial information relating to the Debtors' foreign subsidiaries.

The Applicant evaluated issues regarding the extent of D&O insurance coverage, and assisted with the preparation of a motion seeking authorization to enter into an excess insurance policy to provide additional D&O liability insurance to the Debtors' officers, directors and managers.  The Applicant also advised the Debtors in connection with changes to their corporate governance and prepared the resolutions and other operative documents to effectuate those changes.

The Applicant expended **189.60** hours in this category and is requesting **$117,731.00** for the services rendered in this category.

**Asset Analysis and Recovery (Activity Code 504)**

The Applicant reviewed an analysis relating to the recovery of assets of the Debtors' estates.

The Applicant expended a total of **.40** hours in this category and is requesting **$220.00** for the services rendered in this category.

**Asset Disposition/Preservation (Activity Code 505)**

The Applicant participated in discussions relating to the sale of substantially all the Debtors' assets, and assisted with the preparation of the Bid Procedures Motion (as defined above). The Applicant assisted with the preparation of notices relating to the assumption and assignment of executory contracts and unexpired leases and cure amounts, and reviewed and analyzed multiple objections filed by non-debtor parties to executory contracts and unexpired leases, to the assumption and assignment of leases and cure amounts.   The Applicant assisted with the preparation and filing of numerous notices relating to extending sale-related deadlines, and adjournments of the scheduled auction.   The Applicant assisted in the evaluation of controversies regarding the sale of intellectual property, and conducted research and reviewed and analyzed documents filed with the U.S. Patent and Trademark Office.  The Applicant advised the Debtors in matters relating to bid deadlines, the status of negotiations with potential bidders, the status of cure amount negotiations with non-debtor parties to executory contracts and unexpired leases, buyer diligence issues, and the proposed deal timeline.   The Applicant also assisted in the evaluation of formal and informal objections based on adequate assurance and cure matters pertinent to the sale.

The Applicant participated in discussions with other of the Debtors' professionals regarding the negotiations with Blast Asset Acquisition LLC, including with respect to the

assumption of liabilities under the Asset Purchase Agreement.    As set forth above, the Court

conducted a hearing on July 12, 2023, to consider approval of the sale of substantially all assets of

the Debtors to Blast Asset Acquisition LLC,  and the Court approved the sale by Order dated July

14, 2023 [ECF No. 1654], as amended by ECF No. 1658].

The Applicant expended a total of **124.40** hours in this category and is requesting

**$76,395.50** for the services rendered in this category.

### Financing (Activity Code 506)

The Applicant prepared for and attended weekly calls with the Debtors' Lenders regarding

financing, funding, budgeting, liquidity and pending issues.    The Applicant also participated in

negotiation regarding amendments to the DIP Credit Agreement and related matters.

The Applicant expended a total of **23.00** hours in this category and is requesting **$16,278.50**

for the services rendered in this category.

### Fee/Employment Applications (Activity Code 507)

The Applicant assisted with the preparation and filing of its first interim application for

compensation and reimbursement of expenses, as well as the filing of first interim applications on

behalf of the Debtors' other estate professionals.    The Applicant assisted with the filing of

supplemental declarations in support of Rothschild & Co US Inc.'s employment, and prepared

monthly fee and expense statements in accordance with the Interim Compensation Procedures

Order (as defined above).

The Applicant prepared for and attended hearings held on April 20, 2023, to consider the

first interim applications for compensation and reimbursement of expenses, and prepared proposed

orders awarding first interim compensation to: (i) the Applicant; (ii) Latham & Watkins; (iii)

Rothschild & Co US Inc.; (iv) Grant Thornton LLP; (v) Quarles & Brady LLP; and (vi) Sanchez

Fischer Levine, LLP.

The Applicant assisted with the preparation of the supplemental application seeking to employ Grant Thornton LLP to provide tax examination assistance, negotiated certain informal objections to the supplemental application, and following a hearing on notice, obtained Court-approval of the supplemental application.

In addition, the Applicant reviewed monthly fee and expense statements of the estate professionals, conferred with representatives of the Debtors relating to payment of professional fees, the procedures therefor including the treatment of holdbacks, and responded to inquiries relating to the preparation of monthly fee statements and interim fee applications of estate professionals.

The Applicant expended a total of **85.60** hours in this category and is requesting **$35,448.00** for the services rendered in this category.

**Claims Administration and Objections (Activity Code 509)**

The Applicant responded to inquiries from creditors regarding the filing of proofs of claims in the Debtors' cases, reviewed motions to file late claims filed by various creditors, and assisted with the preparation of proposed orders resolving certain motions to file late claims.  The Applicant reviewed various claims, including administrative expense claims, conducted discussions with the Debtors' representatives, counsel for the Committee and counsel for the DIP Lenders regarding same.  The Applicant conducted research with respect to the motion to allow late claim filed by Webb & Gerritsen, Inc., and assisted with the preparation of a response in opposition thereto.   In addition, the Applicant reviewed an analysis of priority and administrative expense claims, and materialmen lien claims which were material to the negotiations leading to the execution of the Asset Purchase Agreement.

The Applicant expended a total of **39.90** hours in this category and is requesting **$21,213.00** for the services rendered in this category.

### Executory Contracts/Leases (Activity Code 512)

The Applicant conducted discussions with the CTO and Debtors' representatives regarding the rejection of executory contracts and unexpired leases. The Applicant assisted with the preparation of the Debtors' fourth, fifth, sixth, seventh, eighth and ninth omnibus motions to reject leases and executory contracts. Applicant represented the Debtors at the hearings conducted on March 30, April 27, June 22, and June 29 to consider motions to reject executory contracts and leases, and prepared proposed orders granting the rejection motions. The Applicant conducted discussions relating to lease rejection issues, corresponded with counsel for certain lessors, conducted research regarding lease assumption and rejection issues, and assisted in the evaluation of alternatives for disposing of the personal property remaining at certain leased locations.

Applicant also assisted with the preparation and filing of the *Debtors' Motion for Entry of an Order (I) Ruling Section 365 as Amended by the Act Applies to the Deadline by Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [ECF No. 1185], prepared for and attended the hearing held on May 4, 2023, and conducted discussions with co-counsel regarding the Court's order granting the motion.

The Applicant expended a total of **151.90** hours in this category and is requesting **$76,633.50** for the services rendered in this category.

### Settlement and Compromise (Activity Code 517)

Along with other of the estate professionals, the Applicant counseled and assisted the Debtors in negotiating and documenting several settlements, including the motions to approve settlements with Sidel Blowing and Services SAS, Crown Cork & Seal USA, Inc. and Crown

Metal Packaging Canada LP , Webb & Gerritsen, Inc., and PhD Marketing, Inc.    The Court approved each of the foregoing settlements which resolved a number of controversies involving the Debtors.

The Applicant also participated in discussions that culminated in a global settlement agreement between the Debtors, Monster Energy Company, Orange Bang, Inc., the Committee and the Supporting Lenders (as defined in the Settlement Agreement).  The Settlement Agreement was inextricably tied to the sale of substantially all of the Debtors' assets.

As set forth above, the Court conducted an evidentiary hearing on July 12, 2023, to consider the Monster Settlement Motion and entered an order approving the Monster Settlement Motion on the same date [ECF No. 1644].

In addition, the Applicant has conducted discussions regarding potential settlements of disputes with other creditors of the Debtors.

The Applicant expended a total of **51.00** hours in this category and is requesting **$24,946.00** for the services rendered in this category.

**Plan and Disclosure Statement (Activity Code 518)**

During the Application Period, the Applicant conducted research with respect to cramdown issues, and assisted with the preparation of second motion to extend the exclusive period during which only the Debtors may propose a plan.   The Applicant prepared for and attended a hearing on May 4, 2023, to consider the Debtors' second motion to extend exclusivity, and prepared a proposed order granting same.   The Applicant began the preparation of the Debtors' disclosure statement and plan, conducted interoffice discussions regarding same, and assisted with the filing of a third motion to extend the exclusive periods within which to file a chapter 11 plan and solicit acceptances thereof, which is presently scheduled for hearing on August 10, 2023.

The Applicant expended a total of **16.70** hours in this category and is requesting **$9,807.50** for the services rendered in this category.

### Corporate Finance (Activity Code 524)

The Applicant assisted with the review of amendments to the Debtors' by-laws and other corporate documents, and prepared for and attended discussions relating to authority to sell assets of the Debtors under the Florida Statutes. In addition, the Applicant assisted with the preparation of a resolution on behalf of Debtor, JHO Real Estate Investment, LLC, ratifying its bankruptcy filing.

The Applicant expended a total of **19.70** hours in this category and is requesting **$9,456.00** for the services rendered in this category.

### Litigation Consulting (Activity Code 527)

During the Application Period, the Applicant advised the Debtors in connection with several litigation-related matters, including in connection with Rule 2004 and other discovery sought by Mr. Owoc in the main case.

With respect to the adversary proceeding commenced by the Debtors against Monster Energy Company and Orange Bang, Inc. (Adv. No. 23-01031-PDR), the Applicant assisted the Debtors with the filing of their reply brief in support of the Debtors' motion for summary judgment, and reviewed and discussed the joint motion to withdraw the reference and transfer venue to the Central District of California filed by Defendants, Monster Energy Company and Orange Bang, Inc. on March 7, 2023, as well as the joint emergency motion to stay this adversary proceeding filed by Monster Energy Company and Orange Bang, Inc. The Applicant assisted with the preparation and filing of a response in opposition to the motion to withdraw the reference, as well as an emergency motion for reconsideration of the District Court's order granting the

withdrawal of the reference, and transferring this adversary proceeding to the Central District of California. As set forth above, the Central District of California transferred this matter back to the United States District Court for the Southern District of Florida on June 9, 2023, and this matter has now been resolved due to the settlement between the Debtors, Monster Energy Company and Orange Bang, Inc., which was approved by the Court on July 12, 2023.

The Applicant prepared for and attended multiple hearings, conducted research regarding various issues, and assisted with the preparation and filing of an adversary complaint (Adv. No. 23-01051-PDR) against John H. and Megan E. Owoc (collectively, the "Owocs"), the Debtors' former principals, seeking a declaration that Social Media Accounts used in the ordinary course of the Debtors' business operations are property of the Debtor's estates, and requesting the turnover of same. In connection with this adversary proceeding, the Debtors filed an emergency motion for a temporary restraining order against the Owocs, a stipulation resolving same, and multiple emergency motions for contempt and requests for the imposition of sanctions against the Owocs, for their failure to comply with Orders entered by the Court. The Applicant assisted with the preparation and filing of a motion for summary judgment, a declaration of the Debtors' CTO in support of same, the Debtors' statement of undisputed material facts, and a reply in support of the Debtors' motion for summary judgment. In addition, as set forth above, the Applicant assisted with the preparation of the Debtors' designations of items to be included in the record on appeal with respect to the five appeals commenced by the Owocs in this adversary proceeding, and prepared for and attended hearings on March 23, March 28, April 12, April 25, May 1, May 11, May 25, and June 13 in this adversary proceeding.

In addition, the Applicant reviewed discovery propounded upon the Debtors by Mr. Owoc in connection with Mr. Owoc's motion to dismiss JHO Real Estate Investment, LLC as a debtor

in these cases.   The Applicant assisted with the preparation of responses to the discovery propounded by Mr. Owoc, assisted with the preparation of discovery requests propounded upon Mr. Owoc by the Debtors, assisted with the preparation of responses in opposition to Mr. Owoc's motion to dismiss, prepared for and attended depositions of various individuals in advance of the July 11, 2023, evidentiary hearing to consider Mr. Owoc's motion to dismiss, and assisted with preparation of exhibit registers on behalf of the Debtors.   The Applicant prepared a motion to quash a subpoena issued by Mr. Owoc upon DocuSign, Inc., reviewed a response to the motion filed by Mr. Owoc, and conducted strategy discussions to discuss Mr. Owoc's dismissal motion.

In addition, the Applicant assisted with the filing of an adversary complaint against Mr. Owoc and Entourage IP Holdings, LLC (Adv. No. 23-01125-PDR), seeking a declaration that certain Disputed Assets (as defined above) are property of the Debtors' estates, requesting turnover of the Disputed Assets and establishing a constructive trust to hold the Disputed Assets for the benefit of the Debtors.

The Applicant expended a total of **263.50** hours in this category and is requesting **$146,069.00** for the services rendered in this category.

### Relief From Stay Proceeding/Adequate Protection (Activity Code 528)

The Applicant reviewed multiple motions for relief from the automatic stay filed by Faith Technologies Incorporated, Suddath Global Logistics, Inc., Webb & Gerritsen, Inc., as well as a motion to clarify the extent of the automatic stay filed by Mr. Owoc.   The Applicant conducted discussions with the Debtors' representatives and Huron regarding adequate assurance issues, and corresponded with counsel for the DIP Lenders regarding lien releases and issues pertaining to the stay relief motions.   The Applicant assisted the Debtors with negotiating resolutions of certain stay relief motions, conducted research regarding stay relief issues, prepared an objection to the

stay relief motion filed by Webb & Gerritsen, Inc., and assisted with the preparation of proposed orders setting forth agreed upon resolutions of stay relief motions.

In addition, the Applicant has been communicating with counsel for Ardagh Metal Packaging USA Corp. ("Ardagh") in an effort to resolve Ardagh's motion for relief from stay, and assisted with the preparation of agreed motions and proposed orders continuing the evidentiary hearing to consider this stay relief motion.

The Applicant expended a total of **29.40** hours in this category and is requesting **$16,136.50** for the services rendered in this category.

**Non-Working Travel (Activity Code 530)**

The fees incurred by the Applicant in this category relate to non-working time spent traveling to meetings and hearings in these chapter 11 cases.   The non-working travel time has been billed at 50% of the applicable hourly rate in accordance with the Guidelines.

The Applicant expended a total of **27.90** hours in this category and is requesting **$7,672.50** for the services rendered in this category.

**EVALUATION OF SERVICES RENDERED**

This Application has presented the nature and extent of the professional services the Applicant has rendered in connection with its representation of the Debtors for which the Applicant seeks compensation.  The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent.  A mere reading of the time summary annexed hereto alone cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with these chapter 11 cases.

The Applicant believes that the requested fee of **$601,884.50** for **1,112.00** hours worked

during the Application Period, is reasonable considering the nature, extent, and the value of such services, taking into account all relevant factors, including:

(a)     The time spent on such services;

(b)     The rates charged for such services;

(c)     Whether the services were necessary to the administration or, or beneficial at the time at which the services were rendered toward the completion of the case;

(d)     Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)     With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;

(f)     Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

Based on the standards set forth in Section 330 of the Bankruptcy Code, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is **$601,884.50** plus expenses of **$21,778.77.**

Alternatively, the Applicant notes that the services rendered herein were "reasonably likely to benefit" the Debtors' bankruptcy estates at the time the services were rendered. Accordingly, under the "reasonable at the time" standard, the fees and costs sought herein should be approved. *In re Woerner,* 783 F.3d 266 (5th Cir. 2015) (collecting cases).

A.     <u>The time spent on such services</u>

The foregoing summary, together with the exhibits attached hereto, details the time and extent of the professional services rendered by the Applicant for the benefit of the estates during the Application Period. The total number of hours expended, **1,112.00**, reveals the extensive time devoted to this matter by the Applicant on a vast spectrum of legal issues which have arisen in

these cases during Application Period.

**B.      The rates charged for such services**

The hourly rates charged by the Applicant as set forth in the Exhibits to this fee application range from $480.00 to $750.00 per hour for attorneys and $295.00 per hour for paraprofessionals, which is customary for professionals and paraprofessionals in the Southern District of Florida of similar skill and experience.

**C.      Whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of the case.**

In rendering services to the Debtors, the Applicant demonstrated substantial legal skill and expertise in the areas of bankruptcy, commercial law, debtor-creditor rights, and secured transactions and negotiation.

**D.      Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed.**

The Applicant has devoted substantial time in the representation of the Debtor as more fully appears on the exhibits to this Application.  The fees requested by the Applicant, $601,884.50 reflect an average hourly rate of $541.26 for 1,112.00 hours of service.  Considering the results obtained and the complexity of the issues addressed during the period covered by this Application, this rate is entirely reasonable.

**E.      With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field.**

The Applicant is an established law firm and its members and associated working on these cases are experienced in matters of this kind and well known to this Court.  The Applicant enjoys

a fine reputation and has demonstrated substantial ability in the fields of bankruptcy, litigation, creditors' rights and business reorganization.

      **F.**      **Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11**

The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. As set forth above, the hourly rates charged by the Applicant as set forth in the exhibits to this Application range from $480.00 to $750.00 per hour for attorneys and $295.00 per hour for paraprofessionals, throughout the Application Period, which is customary for professionals and paraprofessionals in the Southern District of Florida of similar skill and experience.

<u>**Statement from the Applicant**</u>

Pursuant to the *Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, the Applicant responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period? If so, please explain. | | No | The rate structure provided by the Applicant is appropriate and comparable to (a) the rates that the Applicant charges for non-bankruptcy representations and (b) the rates of other comparably skilled professionals. |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the | | No | The professional fees and expenses of the Applicant have not exceed the amounts allocated for professional fees in the DIP Budget. |

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| client? | | | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |
| If the fee application includes any rate increases since retention in these cases: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | Yes | | Annual hourly rate increase disclosed in retention application and declaration. |

## CONCLUSION; PRAYER FOR RELIEF

**WHEREFORE**, the Applicant respectfully requests the Court to enter an order (i) awarding, on an interim basis, the sum of **$601,884.50** as compensation for services rendered, and **$21,778.77** as reimbursement for actual and necessary expenses incurred during the course of the Applicant's representation of the Debtors during the Application Period; (ii) authorizing and

directing the Debtors to pay the Applicant the fees and expenses awarded herein; and (iii) granting

such other and further relief as the Court deems appropriate.

Dated:  July 21, 2023

BERGER SINGERMAN LLP
*Local Counsel for the Debtors and Debtors in Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:   */s/ Jordi Guso*
       Jordi Guso
       Florida Bar No. 863580
       jguso@bergersingerman.com
       Michael J. Niles
       Florida Bar No. 107203
       mniles@bergersingerman.com

## Certification

1.      I have been designated by Berger Singerman LLP ("Applicant") as the professional with responsibility in these cases for compliance with the current U.S. Department of Justice, Executive Office for United States Trustee's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases ("Appendix B Guidelines").

2.      I have read the Applicant's application for compensation and reimbursement of costs (the "Application").

3.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Appendix B Guidelines.

4.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Appendix B Guidelines, except as specifically noted in this Certification and described in the Application.

5.      Except to the extent that fees or disbursements are prohibited or restricted by the Appendix B Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

6.      In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), the Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Appendix B Guidelines for photocopies and facsimile transmission).

7.      In charging for a particular service or disbursement, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment,

equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for reproductions and facsimile transmission).

8.     In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, the Applicant is requesting reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

9.     The Debtor, the U.S. Trustee, and their respective counsel, as well as the members of the Committee and its counsel will be served with, simultaneously with the filing of the Application with the Court, a complete copy of the Application (including all relevant exhibits).

10.    The following are the variances with the provisions of the Appendix B Guidelines, the date of the specific Court approval of such departure, and the justification for the departure: None

**I HEREBY CERTIFY** that the foregoing is true and correct.

Dated:  July 21, 2023                    Respectfully submitted,

                                         BERGER SINGERMAN LLP
                                         *Counsel for the Debtors and Debtors in Possession*
                                         1450 Brickell Avenue, Ste. 1900
                                         Miami, FL  33131
                                         Telephone: (305) 755-9500
                                         Facsimile: (305) 714-4340

                                         By:   */s/ Jordi Guso*
                                               Jordi Guso
                                               Florida Bar No. 863580
                                               jguso@bergersingerman.com
                                               Michael J. Niles
                                               Florida Bar No. 107203
                                               mniles@bergersingerman.com

**EXHIBIT A**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

(*See* Guidelines C.3. for definitions of terms used in this Exhibit.)

| CATEGORY OF TIMEKEEPER (using categories already maintained by the firm) | | BLENDED HOURLY RATE * | |
| --- | --- | --- | --- |
| | | BILLED OR COLLECTED Firm or offices for preceding year, excluding bankruptcy | BILLED In this fee application |
| | Partner | $573.00 | $620.05 |
| | Of Counsel | $530.00 | N/A |
| | Associates | $391.00 | $518.31 |
| | Paralegals | $253.00 | $295.00 |
| | Legal Assistants | $149.00 | $0.00 |
| | All timekeepers aggregated | $495.00** | $541.26 |

\* Represents approximate blended hourly rates. Berger Singerman LLP is a full-service law firm. Accordingly, Berger Singerman has excluded all bankruptcy engagements or all data from timekeepers practicing primarily in a bankruptcy group or section from its calculations, as set forth in the Guidelines. For the fiscal year ending 2022, non-bankruptcy work represented approximately 78% of the Firm's revenues. In 2021, non-bankruptcy work represented approximately 81% of the Firm's revenues, and in 2020, non-bankruptcy work represented approximately 78% of the Firm's revenues.

\*\* Represents an estimate for the aggregate blended hourly rate for all timekeepers on non-bankruptcy work.

| | |
| --- | --- |
| Case Name: | Vital Pharmaceuticals, Inc. |
| Case Number: | 22-17842-PDR |
| Applicant's Name: | Berger Singerman LLP |
| Date of Application: | 07/21/23 |
| Interim or Final: | Interim |

# EXHIBIT B

**Summary of Timekeepers Included in this Fee Application**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP OR SECTION | DATE OF FIRST ADMISSION [1] | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED | | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | IN THIS APPLICATION | IN FIRST INTERIM APPLICATION | |
| Appel, Bryan S. | Associate | Business, Finance & Tax | 2016 | $18,048.00 | 37.60 | $480.00 | $450.00/$480.00 | 1 |
| Avron, Paul A. | Partner | Business Reorganization | 1995 | $14,235.00 | 21.90 | $650.00 | N/A | 0 |
| Barron, Robert W. | Partner | Business, Finance & Tax | 1987 | $4,650.00 | 6.20 | $750.00 | $750.00 | 0 |
| Burns, Kerry L. | Paralegal | Business Reorganization | N/A | $71,596.50 | 242.70 | $295.00 | $265.00/$295.00 | 1 |
| Capuano, Samuel J. | Partner | Business Reorganization | 2011 | $3,910.00 | 6.80 | $575.00 | $575.00 | 0 |
| Cruz, Carmen | Paralegal | Business Reorganization | N/A | $354.00 | 1.20 | $295.00 | $265.00 | 1 |
| Diaz, Janette | Paralegal | Business Reorganization | N/A | $88.50 | .30 | $295.00 | $265.00 | 1 |
| Guso, Jordi | Partner | Business Reorganization | 1990 | $219,675.00 | 292.90 | $750.00 | $695.00/750.00 | 1 |
| Hoskins, Erin M. | Associate | Business Reorganization | 2017 | $22,440.00 | 40.80 | $550.00 | N/A | 0 |
| Kauffmann, Ana | Associate | Dispute Resolution | 2011 | $1,495.00 | 2.60 | $575.00 | N/A | 0 |
| Lampert, Daniel | Partner | Business, Finance & Tax | 1979 | $150.00 | .20 | $750.00 | $750.00 | 0 |
| Lottenberg, Geoffrey | Partner | Dispute Resolution | 2008 | $3,480.00 | 5.80 | $600.00 | N/A | 0 |

[1] If applicable.

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP OR SECTION | DATE OF FIRST ADMISSION [1] | FEES BILLED IN THIS APPLICATION | HOURS BILLED IN THIS APPLICATION | HOURLY RATE BILLED | | NUMBER OF RATE INCREASES SINCE CASE INCEPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | IN THIS APPLICATION | IN FIRST INTERIM APPLICATION | |
| Niles, Michael | Partner | Business Reorganization | 2013 | $231,990.00 | 421.80 | $550.00 | $515.00/$550.00 | 1 |
| Niles, Michael | Partner | Business Reorganization | 2013 | $7,672.50 | 27.90 | $275.00[2] | N/A | 0 |
| Samuels, Leonard K. | Partner | Dispute Resolution | 1985 | $600.00 | .80 | $750.00 | N/A | 0 |
| Zelman, Andrew B. | Partner | Dispute Resolution | 2009 | $1,500.00 | 2.50 | $600.00 | N/A | 0 |
| **Grand Total** | | | | **$601,884.50** | **1112.00** | | | |

Case Name:             Vital Pharmaceuticals, Inc.

Case Number:          22-17842-PDR

Applicant's Name:     Berger Singerman LLP

Date of Application:  07/21/23

Interim or Final:       Interim

---

[2] Non-working travel is billed at 50% of the applicable hourly rate.

# EXHIBIT C-1

**Budget**

## EXHIBIT C-1

If the parties consent or the court so directs, a budget approved by the client in advance should generally be attached to each interim and final fee application filed by the applicant. If the fees sought in the fee application vary by more than 10% from the budget2, the fee application should explain the variance. See Guidelines ¶ C.8. for project category information.

**The budget for Applicant's fees and costs on a weekly basis are set forth in an approved budget attached to the Final DIP Order [ECF No. 638].**

# EXHIBIT C-2

**Staffing Plan**

# EXHIBIT C-2

## STAFFING PLAN[1]

<u>Date Staffing Plan Approved by Client</u>:  October 9, 2022

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Equity Partner/Shareholder | 2 | $705 |
| | Associate | 1 | $395 |
| | Of Counsel | 1 | $515 |
| | Paralegal/Paraprofessional | 2 | $165 |
| | Legal Assistant | 1 | $85 |

Case Name:           Vital Pharmaceuticals, Inc.
Case Number:         22-17842-PDR
Applicant's Name:    Berger Singerman LLP
Date of Application:  07/21/23
Interim or Final:     Interim

---

[1]    The Applicant prepared a staffing plan for the period of October 10, 2022 through December 31, 2022.  Thereafter, professionals have been constrained by the amounts allocated toward professional fees in the DIP Budget.

12267447-2

# EXHIBIT D-1[1]

**Summary of Compensation Requested by Project Category**

| PROJECT CATEGORY | HOURS BUDGETED[2] | FEES BUDGETED[2] | HOURS BILLED | FEES SOUGHT[3] |
|---|---|---|---|---|
| Case Administration | | | 89.00 | $43,877.50 |
| Business Operations | | | 189.60 | $117,731.00 |
| Meeting of Creditors/Committees | | | 0 | $0.00 |
| Asset Analysis and Recovery | | | .40 | $220.00 |
| Asset Disposition/Preservation | | | 124.40 | $76,395.50 |
| Avoidance Action Analysis | | | 0 | $0.00 |
| Financing | | | 23.00 | $16,278.50 |
| Fee/Employment Application | | | 85.60 | $35,448.00 |
| Fee/Employment Objections | | | 0.00 | $0.00 |
| Claims Administration and Objection | | | 39.90 | $21,213.00 |
| Corporate Governance & Board Matters | | | 0 | $0.00 |
| Employee Benefits and Pensions | | | 0 | $0.00 |
| Executory Contracts and Unexpired Leases | | | 151.90 | $76,633.50 |
| Utilities | | | 0 | $0.00 |
| Settlement and Compromise | | | 51.00 | $24,946.00 |
| Plan and Disclosure Statement | | | 16.70 | $9,807.50 |
| Corporate Finance | | | 19.70 | $9,456.00 |
| Litigation Consulting | | | 263.50 | $146,069.00 |
| Relief From Stay Proceeding/Adequate Protection | | | 29.40 | $16,136.50 |
| Reporting | | | 0 | $0.00 |
| Non-Working Travel | | | 27.90 | $7,672.50 |
| **Total** | | | **1112.00** | **$601,884.50** |

Case Name:          Vital Pharmaceuticals, Inc.
Case Number:        22-17842-PDR
Applicant's Name:   Berger Singerman LLP
Date of Application: 07/21/23
Interim or Final:   Interim

---

[1] Berger Singerman prepared, and the Debtors approved, a monthly budget reflecting the fees and costs Berger Singerman anticipated incurring in each Project Category during the period of October 10, 2022 through December 31, 2022 (the "Staffing Plan").    Berger Singerman prepared a monthly budget reflecting the fees and costs Berger Singerman anticipated incurring each month following December 31, 2022, however, this budget does not include a break-down of fees by code category.  Berger Singerman respectfully requests a waiver of this requirement given, among other things, the Debtors' approval of the budget and Berger Singerman's compliance therewith.

[2] If applicable.

[3] Fees incurred during the Application Period (March 1, 2023 – June 30, 2023).

12267447-2

# EXHIBIT D-2

**Summary of Expense Reimbursement Requested by Category**

| Expense Category | Total Expenses |
|---|---|
| Court Reporter Fees/Transcripts | $9,991.70 |
| Filing fees | $5,005.00 |
| Legal Research (Westlaw) | $580.99 |
| Other (Working meals) | $100.58 |
| Overnight Delivery (Federal Express) | $325.23 |
| Parking (at Courthouse) | $16.00 |
| PACER – Court Research | 165.30 |
| Postage | $239.14 |
| Photocopies (Reproduction Expense) | $1,044.90 |
| Service of Process Charges | $270.00 |
| Travel (Airfare – Michael J. Niles, Esq.) | $2,204.73 |
| Travel (Tolls – Michael J. Niles, Esq.) | $21.31 |
| Travel (Auto Rental – Michael J. Niles, Esq.) | $464.33 |
| Travel (Lodging – Michael J. Niles, Esq.) | 976.29 |
| Travel (Meals – Michael J. Niles, Esq.) | $254.16 |
| Travel (Parking – Michael J. Niles, Esq.) | 84.00 |
| Travel (Gas – Auto rental – Michael J. Niles, Esq.) | $35.11 |
| **TOTALS** | **$21,778.77** |

Case Name:           Vital Pharmaceuticals, Inc.
Case Number:        22-17842-PDR
Applicant's Name:   Berger Singerman LLP
Date of Application: 07/21/23
Interim or Final:      Interim

12267447-2

# EXHIBIT E

**SUMMARY COVER SHEET OF FEE APPLICATION**

| | |
|---|---|
| Name of applicant: | Berger Singerman LLP |
| Name of client: | Debtors, Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. |
| Time period covered by this application: | March 1, 2023 through June 30, 2023 |
| Total compensation sought this period: | $601,884.50 |
| Total expenses sought this period: | $21,778.77 |
| Petition date: | October 10, 2022 |
| Retention date: | October 10, 2022 |
| Date of order approving employment | November 21, 2022 [ECF No. 379] |
| Total fees approved by interim order to date | $647,582.50 |
| Total expenses approved by interim order to date | $7,393.73 |
| Total allowed fees paid to date | $518,066.00 |
| Total allowed expenses paid to date | $7,393.73 |
| Blended rate in this application for all attorneys | $610.56 |
| Blended rate in this application for all timekeepers | $541.26 |
| Fees sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $346,613.20 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $10,071.01 |
| Number of professionals included in this application | 15 |

| Name of applicant: | Berger Singerman LLP |
|---|---|
| If applicable, number of professionals in this application not included in staffing plan approved by client | 8 |
| If applicable, difference between fees budgeted and compensation sought for this period | The fees and costs incurred by the Applicant during the Application Period total approximately 3.94% over the budgeted amounts. |
| Number of professionals billing fewer than 15 hours to the case **during** this period | 9 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No. |

Case Name:          Vital Pharmaceuticals, Inc.
Case Number:        22-17842-PDR
Applicant's Name:   Berger Singerman LLP
Date of Application: 07/21/23
Interim or Final:    Interim

12267447-2