# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[1] | (Jointly Administered) |

**SUMMARY OF SECOND INTERIM FEE APPLICATION OF LINCOLN INTERNATIONAL LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023**

| | |
|---|---|
| Name of Applicant: | Lincoln International LLC |
| Role of Applicant: | Financial Advisor to the Official Committee of Unsecured Creditors |
| Name of Certifying Professional: | Brent Williams |
| Petition Date: | October 10, 2022 |
| Date of Retention Order: | December 8, 2022, with retention effective as of November 4, 2022 |
| Period for this Application: | March 1, 2023 through June 30, 2023 |
| Amount of Compensation Sought: | $1,550,542.50 |
| Amount of Expense Reimbursement Sought: | $1,988.57 |

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

| | |
|---|---|
| Total Amount of Compensation Sought during case to date: | $3,281,751.25 (inclusive of the above) |
| Total Amount of Expense Reimbursement Sought during case to date: | $6,054.87 (inclusive of the above) |
| Amount of Original Retainer(s); Please Disclose Both Fee Retainer and Cost Retainer if Such a Retainer Has Been Received: | None, N/A |
| Current Balance of Retainer(s) Remaining: | None, N/A |
| Total expenses approved by interim order(s) to date | $0.00 |
| Last monthly operating report filed (Month/Year and Docket No.): | May 2023, Docket No. 1559 |
| If case is Chapter 11, current funds in the Chapter 11 estate: | $12,768,069 as of May 31, 2023 |
| If case is Chapter 7, current funds held by Chapter 7 trustee: | N/A |

**Fee Application Summary Chart is below.**

**FEE APPLICATION SUMMARY CHART**

| | REQUEST | | | | APPROVAL | | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Date Filed** | **ECF#** | **Period Covered** | **Fees Requested** | **Expenses Requested** | **Date Order Entered** | **ECF #** | **Fees Approved** | **Exp. Approved** | **Fees Paid** | **Expenses Paid** | **Fees Holdback** | **Expenses Holdback** |
| March 21, 2023 | #997 | 11/4/22 – 2/28/23 | $1,731,208.75 | $4,066.30 | April 24, 2023 | #1239 | $1,731,208.75 | $4,066.30 | $1,731,208.75 | $4,066.30 | $346,241.75 | None |
| July 21, 2023 | | 3/1/22 – 6/30/23 | $1,550,542.50 | $1,988.57 | | | | | | | $310,108.50 | None |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **TOTAL** | | | $3,281,751.25 | $6,054.87 | | | $1,731,208.75 | $4,066.30 | $1,731,208.75 | $4,066.30 | $656,650.25 | None |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[2] | (Jointly Administered) |

**SECOND INTERIM FEE APPLICATION OF**
**LINCOLN INTERNATIONAL LLC FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023**

Lincoln International LLC (**"Lincoln"** or the **"Applicant"**), Financial Advisor to the Official Committee of Unsecured Creditors (the **"Committee"**) appointed in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), files this *Second Interim Fee Application of Lincoln International LLC, Financial Advisor to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses* (the "**Application**"), seeking interim compensation for services rendered and expenses incurred during the period beginning on March 1, 2023 through and including June 30, 2023 (the "**Application Period**") pursuant to 11 U.S.C. §§ 328, 330 and 331 (the "**Bankruptcy Code**"), Federal Rule of Bankruptcy Procedure 2016, the requirements set forth in the *Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases* (the "**Guidelines**") incorporated under L.B.R. 2016-(B)(1), this Court's retention order granting Lincoln's retention, entered on December 8, 2022 (the

---

[2] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

"**Retention Order**") [Docket No. 480], and all other applicable orders entered by this Court. In this Application, Applicant seeks approval of fees totaling $1,550,542.50 and reimbursement of out-of-pocket expenses totaling $1,988.57, during the Application Period.

In support of the Application and as provided by the Guidelines, Applicant attaches the following exhibits for the period covered by this Application:

**Exhibits "1-A" and "1-B"** – Summary of Professional and Paraprofessional Time.

**Exhibit "2"** – Summary of Requested Reimbursement of Expenses.

**Exhibit "3"** – Applicant's complete time records, in chronological order, by activity code category. The requested fees are itemized to the tenth of an hour.

**Exhibit "4"** – Applicant's complete expense records, in chronological order, by expense type.

## RETENTION AND COMPENSATION OF LINCOLN INTERNATIONAL LLC

1. On October 10, 2022 (the "**Petition Date**"), each of the above-referenced debtors (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Court**") commencing these Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

2. On November 1, 2022, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. [Docket No. 245], which was later reconstituted on November 23, 2022 [Docket No. 400].

3. On November 4, 2022, the Committee selected Lincoln to serve as its financial advisor.

4. On November 17, 2022, the Committee filed the *Application for Approval of Employment of Lincoln International, LLC as Financial Advisor to the Official Committee of*

*Unsecured Creditors* (the "**Retention Application**") [Docket No. 366], seeking to employ Applicant as Financial Advisor to the Official Committee of Unsecured Creditors pursuant to section 328 of the Bankruptcy Code in accordance with the terms of an engagement agreement executed by the Committee as of November 4, 2022. Specifically, the Retention Application provided that Applicant's representation of the Committee would consist of the financial advisory services specified in the Application.

5. The Retention Application also provided that Applicant would be compensated based on its standard hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred.

6. On December 8, 2022, the Court entered the Retention Order granting the Retention Application.

7. On December 12, 2022, the Court entered the *Order Granting Ex Parte Motion to Amend the Interim Compensation Order* [Docket No. 503] (the "**Interim Compensation Procedures Order**").

8. On March 21, 2023, Applicant filed its first interim fee application for the period of November 4, 2022 through February 28, 2023 [Docket No. 987] (the "**First Interim Fee Application**").

9. On April 24, 2023, the Court entered an Order [Docket No. 1239] approving the First Interim Fee Application and allowing compensation of fees for services rendered in the sum of $1,731,208.75 and expenses in the amount of $4,066.30.

10. On April 20, 2023, Lincoln served its fifth Monthly Fee Statement covering the period from March 1, 2023 through March 31, 2023.

11. On May 20, 2023, Lincoln served its sixth Monthly Fee Statement covering the period from April 1, 2023 through April 30, 2023.

12. On June 20, 2023, Lincoln served its seventh Monthly Fee Statement covering the period from May 1, 2023 through May 31, 2023.

13. On July 20, 2023, Lincoln served its eighth Monthly Fee Statement covering the period from June 1, 2023 through June 30, 2023.

14. None of Lincoln's Monthly Fee Statements has received an objection.

15. The Interim Compensation Procedures Order also provided that the Second Interim Fee Applications may be filed on or before July 21, 2023, for fees and costs incurred by professionals from the Petition Date through June 30, 2023.

## DESCRIPTION OF SERVICES

16. Applicant has organized its time records by activity codes into the categories listed below in accordance with the Guidelines:

1 – Business Analysis / Operations

2 – Claims Analysis and Objections

3 – Committee Activities

4 – Court Filings

5 – Court Hearings

6 – Fee / Employment Applications

7 – Financing Activities

8 – Litigation

9 – Travel Time

## APPLICATION

17. Applicant seeks interim approval of $1,550,542.50 for professional fees and $1,988.57 for out-of-pocket costs and expenses advanced on behalf of the Committee during the Application Period. Accordingly, Applicant requests that the Court enter an order approving the payment of the fees and expenses for this Application Period.

18. The requested fee of $1,550,542.50 for 2,271.1 hours worked during the Application Period is reasonable under the factors set forth in Bankruptcy Code section 330(a)(3) and the twelve factors[3] enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977); *see Mantiply v. Horne (In re Horne)*, 876 F.3d 1076, 1084 (11th Cir. 2017) (holding that "reasonableness" standard is determined by consideration of the *Johnson* factors). Certain of these factors include:

a) <u>The time spent on such services</u>. As evidenced by the foregoing summary and the detailed time entries attached, Lincoln expended significant time on this matter, 2,271.1 hours total, during the Application Period.

b) <u>The rates charged for such services</u>. The hourly rates charged by Lincoln, as approved by the Retention Order and as described in further detail in the schedules attached hereto, are reasonable and comparable to the rates for other professionals of similar skill and experience.

---

[3] The twelve *Johnson* factors are: (i) the time and labor required, (ii) the novelty and difficulty of the questions, (iii) the skill requisite to perform the legal service properly, (iv) the preclusion of other employment by the attorney due to acceptance of the case, (v) the customary fee, (vi) whether the fee is fixed or contingent, (vii) time limitations imposed by the client or the circumstances, (viii) the amount involved and the results obtained, (ix) the experience, reputation, and ability of the attorneys, (x) the "undesirability" of the case, (xi) the nature and length of the professional relationship with the client, and (xii) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

c) <u>Whether the services were necessary to the administration or, or beneficial at the time at which the services were rendered toward the completion of the case</u>. During the Application Period, the Committee relied upon Lincoln's expertise and analysis, which were not only crucial for the Committee, but also resulted in significant benefit to the Debtors' estates.

d) <u>Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed</u>. As shown by the attached time entries, the Chapter 11 Cases have raised a variety of complex issues, warranting Lincoln's provision of time-sensitive yet thorough financial analysis and investigation.

e) <u>With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field</u>. The Committee selected Lincoln due to its acumen and vast experience acting as financial advisor in similar Chapter 11 cases.

f) <u>Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than Chapter 11 cases</u>. Lincoln's compensation is reasonable and on par with compensation for services performed by comparably skilled practitioners in non-bankruptcy cases. The rates charged by Lincoln throughout the Application Period is customary for professionals of similar skill and expertise.

**PRAYER FOR RELIEF**

WHEREFORE, Applicant respectfully requests that the Court enter an order, attached hereto as **Exhibit "5,"** granting (i) interim approval of $1,550,542.50 for professional fees incurred and $1,988.57 for out-of-pocket costs and expenses expended by Applicant during March 1, 2023 through and including June 30, 2023; and (ii) such other and further relief as the Court deems just and proper.

## CERTIFICATION

1. I have been designated by Lincoln International LLC ("**Applicant**") as the professional with responsibility in this case for compliance with the mandatory "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "**Guidelines**").

2. I have read Applicant's Application and to the best of my knowledge, information, and belief formed after reasonable inquiry the Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

3. Though the discounted rates charged were made pursuant to a funding agreement with a litigation funder, the fees and expenses sought are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

4. In seeking reimbursement for the expenditures described in **Exhibit "2"**, Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, Applicant is seeking reimbursement only for the amount actually billed to Applicant and paid by Applicant to the third party.

6. The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: None.

Dated: July 21, 2023           /s/ Brent Williams
                               Managing Director
                               Lincoln International LLC

8

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, a copy of the foregoing *Second Interim Fee Application Of Lincoln International LLC For Compensation For Services Rendered And Reimbursement Of Expenses Incurred As Financial Advisor To The Official Committee Of Unsecured Creditors For The Period From March 1, 2023 Through June 30, 2023* was served by electronic mail, in accordance with the Interim Compensation Procedures Order, on: (i) the Debtors, Vital Pharmaceuticals, Inc., *et al.*, 1600 N. Park Drive, Weston, FL 33326 (Attn: Gregg Metzger, Chief Litigation Counsel, Gregg.Metzger@bangenergy.com); (ii) Debtors' Chief Transformation Officer, John C. DiDonato, c/o Huron Consulting Group, 550 W. Van Buren St., Chicago, IL 60607, Email: jdidonato@hcg.com; (iii) counsel to the Debtors: (A) Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004 (Attn: Andrew Sorkin, Esq., Email: andrew.sorkin@lw.com) and Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Whit Morley, Esq., Email: whit.morley@lw.com) and (B) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Jordi Guso, Esq., Email: jguso@bergersingerman.com and Michael J. Niles, Esq., Email: mniles@bergersingerman.com); (iv) counsel for secured creditor, Truist Bank, (A) Moore & Van Allen PLLC, 100 N. Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Luis M. Lluberas, Esq. Email: luislluberas@mvalaw.com and Steve Gruendel, Esq., Email: stevegruendel@mvalaw.com) and (B) Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 4100, Miami, FL 33131 (Attn: Aliette D. Rodz, Esq., Email: ARodz@shutts.com and Martha M. Ferral, Esq., Email: MFerral@shutts.com); (v) Office of the United States Trustee, 51 S.W. Fourth Avenue, Room 1204, Miami, FL 33130 (Attn: Steven M. Wilkes, Esq., Email: Steven.Wilkes@usdoj.gov).

                                                                                           */s/ Leyza F. Blanco*
                                                                                           Leyza F. Blanco