# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 Cases<br><br>Case No. 22-17842 (PDR) |

## SUMMARY OF FIRST INTERIM FEE APPLICATION OF MILLER BUCKFIRE & CO., LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023

| | |
|---|---|
| Name of Applicant: | Miller Buckfire & Co., LLC and Stifel, Nicolaus & Co., Inc. |
| Role of Applicant: | Investment Banker to the Official Committee of Unsecured Creditors |
| Name of Certifying Professional: | John D'Amico |
| Petition Date: | October 10, 2022 |
| Date of Retention Order: | December 9, 2022, with retention effective as of November 4, 2022 |
| Period for this Application: | March 1, 2023 through June 30, 2023 |
| Amount of Compensation Sought: | $500,000.00 |
| Amount of Expense Reimbursement Sought: | $967.01 |

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

| Total Amount of Compensation Sought during case to date: | $875,000 (inclusive of above) |
|---|---|
| Total Amount of Expense Reimbursement Sought during case to date: | $967.01 (inclusive of above) |
| Amount of Original Retainer(s); Please Disclose Both Fee Retainer and Cost Retainer if Such a Retainer Has Been Received: | None, N/A |
| Current Balance of Retainer(s) Remaining: | None, N/A |
| Total expenses approved by interim order(s) to date | $0.00 |
| Last monthly operating report filed (Month/Year and Docket No.): | May 2023, Docket No. 1559 |
| If case is Chapter 11, current funds in the Chapter 11 estate: | $12,768,069, as of May 31, 2023 |
| If case is Chapter 7, current funds held by Chapter 7 trustee: | N/A |

**Fee Application Summary Chart is be**

**FEE APPLICATION SUMMARY CHART**

| | REQUEST | | | | APPROVAL | | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Filed | ECF # | Period Covered | Fees Requested | Expenses Requested | Date Order Entered | ECF # | Fees Approved | Expenses Approved | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| March 21, 2023 | 996 | 11/4/22 – 2/28/23 | $375,000 | $0 | 4/24/23 | 1238 | $375,000 | $0 | $375,000 | $0 | | |
| July 21, 2023 | ● | 3/1/23 – 6/30/23 | $500,000 | $967.01 | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **TOTALS** | | | $875,000 | $967.01 | | | | | | | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors.[2] | Chapter 11 Cases<br><br>Case No. 22-17842 (PDR) |

**SECOND INTERIM FEE APPLICATION OF
MILLER BUCKFIRE & CO., LLC FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023**

Miller Buckfire & Co., LLC and Stifel, Nicolaus & Co., Inc. (the "Applicant"), investment banker to the Official Committee of Unsecured Creditors (the "Committee"), files this *Second Interim Fee Application of Miller Buckfire & Co., LLC, Investment Banker to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses* (the "Application"), seeking interim compensation for services rendered and expenses incurred during the period beginning on March 1, 2023 through and including June 30, 2023 (the "Application Period") pursuant to 11 U.S.C. §§ 328, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, the requirements set forth in the *Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases* (the "Guidelines") incorporated under L.B.R. 2016-(B)(1), and all other applicable orders entered by this Court. In this Application, Applicant seeks approval of fees totaling $500,000 and reimbursement of out-of-pocket expenses totaling $967.01, during the Application Period.

---

[2] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

In support of the Application and as provided by the Guidelines, Applicant attaches the following exhibits for the period covered by this Application:

**Exhibits "1-A" and "1-B"** – Summary of Professional and Paraprofessional Time.

**Exhibit "2"** – Summary of Requested Reimbursement of Expenses.

**Exhibit "3"** – Applicant's complete time records, in chronological order, by activity code category. As permitted by this court, the requested fees are itemized to the half hour.

## RETENTION AND COMPENSATION OF APPLICANT

1. On October 10, 2022, a voluntary petition was filed by Vital Pharmaceuticals, Inc., *et al*. (the "Debtors") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which initiated these chapter 11 cases (these "Chapter 11 Cases").

2. On November 19, 2022, the Committee filed the *Application for Approval of Employment of Miller Buckfire & Co., LLC as Investment Banker to the Official Committee of Unsecured Creditors* [Docket No. 375] (the "Retention Application"), seeking to employ Applicant as Investment Banker to the Official Committee of Unsecured Creditors pursuant to section 328 of the Bankruptcy Code in accordance with the terms of an engagement agreement executed by the Committee as of November 4, 2022. Specifically, the Retention Application provided that Applicant's representation of the Committee would consist of the investment banking services specified in the Application.

3. The Retention Application also provided that Applicant would be compensated on a monthly and transaction-triggered basis receiving a $125,000 Monthly Fee and a Transaction Fee specified in the Application.

4. On December 6, 2022, the Court entered an Order [Docket No. 480] (the "Retention Order") granting the Retention Application.

5. This is the Applicant's second interim fee application.

6. On December 12, 2022, the Court entered the *Order Granting Ex Parte Motion to Amend the Interim Compensation Order* [Docket No. 503] (the "Interim Compensation Procedures Order").

7. On March 21, 2023, Applicant filed its first interim fee application for the period of November 4, 2022 through February 28, 2023 [Docket No. 996] (the "First Interim Fee Application").

8. On April 24, 2023, the Court entered an Order [Docket No. 1238] approving the First Interim Fee Application and allowing compensation for services rendered in the sum of $375,000.

9. The Interim Compensation Procedures Order provided that the second interim fee applications may be filed on or before July 21, 2023, for fees and costs incurred by professionals for the period from March 1, 2023 through and including June 30, 2023.

## DESCRIPTION OF SERVICES

10. Applicant has organized its time records by activity codes into the categories listed below in accordance with the Guidelines:

1 - Company Diligence and Stakeholder Discussions

2 - Valuation

3 - Business Operations and Forecast

4 - Case Administration

5 - Committee of Unsecured Creditors Discussions / Meetings

6 - Fee/Employment Applications

7 - Fee/Employment Objections

8 - Litigation Work and Preparation

9 - Strategy Discussions with Counsel

10 - Negotiations with Interested Parties

11 - Plan and Disclosure Statement Review

12 - Court Filings Preparation and Review

13 - Tax Related Analysis and Discussion

14 - Bankruptcy Court Attendance

15 - Proposal Review and Analysis

16 - Analysis for Committee of Unsecured Creditors

17 - Recovery Analysis

18 - Research

19 - Travel

20 - M&A Process

21 - DIP Process

## APPLICATION

11.     Applicant seeks interim approval of $500,000 for professional fees and $967.01 for out-of-pocket costs and expenses advanced on behalf of the Committee during the Application Period.  Accordingly, Applicant requests that the Court enter an order approving the payment of the fees and expenses for this Application Period.

12.     The requested fee of $500,000 for 1,675.0 hours worked during the Application Period is reasonable considering the nature, extent, and the value of such services, taking into account all relevant factors as set forth in Bankruptcy Code section 330(a)(3) and the twelve

4

factors[3] enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977); *see Mantiply v. Horne (In re Horne)*, 876 F.3d 1076, 1084 (11th Cir. 2017) (holding that "reasonableness" standard is determined by consideration of the *Johnson* factors), including:

a) <u>The time spent on such services</u>. Applicant spent 1,675.0 hours on this matter during the Application Period.

b) <u>The rates charged for such services</u>. There is no hourly rate. Instead, there is an approved Monthly Fee and contingent Transaction Fee pursuant to the Retention Order.

c) <u>Whether the services were necessary to the administration or, or beneficial at the time at which the services were rendered toward the completion of the case</u>. Yes; Applicant's services and expertise, especially with respect to the sales and marketing process, were necessary to effectuate several of the Committee's goals with respect to the Chapter 11 Cases and ultimately inured to the benefit of the Debtors' estates.

d) <u>Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed</u>. Yes; Applicant performed required services in a reasonable amount of time, balancing the demands of the work and the deadlines where applicable.

e) <u>With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field</u>. Yes, Applicant and its

---

[3] The twelve *Johnson* factors are: (i) the time and labor required, (ii) the novelty and difficulty of the questions, (iii) the skill requisite to perform the legal service properly, (iv) the preclusion of other employment by the attorney due to acceptance of the case, (v) the customary fee, (vi) whether the fee is fixed or contingent, (vii) time limitations imposed by the client or the circumstances, (viii) the amount involved and the results obtained, (ix) the experience, reputation, and ability of the attorneys, (x) the "undesirability" of the case, (xi) the nature and length of the professional relationship with the client, and (xii) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

professionals are well-versed in the subject matter and have ample experience serving as investment banker in bankruptcy proceedings.

f) <u>Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than Chapter 11 cases</u>.  Yes; the fees and agreed-upon payment schedule are reasonable and in-line with compensation charged by Applicant's peers and similarly skilled practitioners in other chapter 11 cases.

## PRAYER FOR RELIEF

WHEREFORE, Applicant respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit 4**, granting (i) interim approval of $500,000 for professional fees incurred and $967.01 for out-of-pocket costs and expenses expended by Applicant during the period from March 1, 2023 through and including June 30, 2023, and (ii) such other and further relief as the Court deems just and proper.

Dated: July 21, 2023

/s/ *John D'Amico*
John D'Amico
Managing Director
Miller Buckfire & Co., LLC

Respectfully submitted,
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
lblanco@sequorlaw.com
jmendoza@sequorlaw.com

By: /s/ *Leyza F. Blanco*
    Leyza F. Blanco
    Florida Bar No.: 104639
    Juan J. Mendoza
    Florida Bar No.: 113587

6

## **CERTIFICATION**

1.  I have been designated by Miller Buckfire & Co., LLC and Stifel, Nicolaus & Co., Inc. ("Applicant") as the professional with responsibility in this case for compliance with the mandatory "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.  I have read Applicant's Application and to the best of my knowledge, information, and belief formed after reasonable inquiry the Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

3.  Though the discounted rates charged were made pursuant to a funding agreement with a litigation funder, the fees and expenses sought are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

4.  In seeking reimbursement for the expenditures described in **Exhibit "2"**, Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.  In seeking reimbursement for any service provided by a third party, Applicant is seeking reimbursement only for the amount actually billed to Applicant and paid by Applicant to the third party.

6.  The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: Time may be kept in half-hour rather than tenth-hour increments, as authorized by the Retention Order entered by the Court on December 6, 2022.

Dated: July 21, 2023

/s/ *John D'Amico*
John D'Amico
Managing Director
Miller Buckfire & Co., LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, a copy of the foregoing *Second Interim Fee Application of Miller Buckfire & Co., LLC for Allowance of Compensation and Reimbursement of Expenses as Investment Banker to the Official Committee of Unsecured Creditors for the Period of March 1, 2023 Through June 30, 2023* was served by electronic mail, in accordance with the Interim Compensation Procedures Order, on: (i) the Debtors, Vital Pharmaceuticals, Inc., *et al.*, 1600 N. Park Drive, Weston, FL 33326 (Attn: Gregg Metzger, Chief Litigation Counsel, Gregg.Metzger@bangenergy.com); (ii) Debtors' Chief Transformation Officer, John C. DiDonato, c/o Huron Consulting Group, 550 W. Van Buren St., Chicago, IL 60607, Email: jdidonato@hcg.com; (iii) counsel to the Debtors: (A) Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004 (Attn: Andrew Sorkin, Esq., Email: andrew.sorkin@lw.com) and Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Whit Morley, Esq., Email: whit.morley@lw.com) and (B) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Jordi Guso, Esq., Email: jguso@bergersingerman.com and Michael J. Niles, Esq., Email: mniles@bergersingerman.com); (iv) counsel for secured creditor, Truist Bank, (A) Moore & Van Allen PLLC, 100 N. Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Luis M. Lluberas, Esq. Email: luislluberas@mvalaw.com and Steve Gruendel, Esq., Email: stevegruendel@mvalaw.com) and (B) Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 4100, Miami, FL 33131 (Attn: Aliette D. Rodz, Esq., Email: ARodz@shutts.com and Martha M. Ferral, Esq., Email: MFerral@shutts.com); (v) Office of the United States Trustee, 51

S.W. Fourth Avenue, Room 1204, Miami, FL 33130 (Attn: Steven M. Wilkes, Esq., Email: Steven.Wilkes@usdoj.gov).

                                                */s/ Leyza F. Blanco*
                                                Leyza F. Blanco