UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

Debtors.                                                  (Jointly Administered)
_____/

**SUMMARY OF SECOND INTERIM FEE APPLICATION OF SEQUOR LAW, P.A.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS LOCAL COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR THE PERIOD FROM
MARCH 1, 2023, THROUGH JUNE 30, 2023**

| | |
|---|---|
| Name of applicant: | Sequor Law, P.A. |
| Name of client: | The Official Committee of Unsecured Creditors |
| Time period covered by this application: | November 4, 2022 through February 28, 2023 |
| Total compensation sought this period: | $276,463.50 |
| Total expenses sought this period: | $42,270.36 |
| Petition date: | October 10, 2022 |
| Retention date: | November 4, 2022 |

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

| | |
|---|---|
| Date of order approving employment | December 9, 2022 (Doc. No. 487) |
| Total fee approved by interim order(s) to date | $198,715.50 |
| Total expenses approved by interim order(s) to date | $8,163.05 |
| Total allowed fees paid to date | $152,776.10 |
| Total allowed expenses paid to date | $8,163.05 |
| Blended rate in this application for all attorneys | $588.54 |
| Blended rate in this application for all timekeepers | $543.15 |
| Fees sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $119,283.20 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $11,126.40 |
| Number of professionals included in this application | 5 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period | 2 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No. Sequor Law disclosed its rate increase in its retention application. |
| Total Amount of Compensation Sought During Case: | $525,612.41 |

| | |
|---|---|
| Total Amount of Expense Reimbursement Sought During Case | $50,151.42 |
| Amount of Original Retainer(s). Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received. | N/A |
| Current Balance of Retainer(s) remaining: | N/A |
| Last monthly operating report filed (Month/Year and ECF No.) | May 2023, Docket No. 1559 |
| If case is Chapter 11, current funds in the Chapter 11 estate | $12,768,069 as of May 31, 2023 |

## <u>FEE APPLICATION SUMMARY CHART</u>

| REQUEST | | | | | APPROVAL | | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Filed | ECF # | Period Covered | Fees Requested | Expenses Requested | Date Ordered | ECF # | Fees Approved | Expenses Approved | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| 3/21/23 | 999 | 11/4/22 - 2/28/23 | $198,715.50 | $8,163.05 | 04/24/2023 | 1240 | $198,715.50 | $8,163.05 | $152,776.10 | $8,163.05 | $45,939.40 | 0 |
| | | | | | | | | | | | | |
| **TOTALS** | | | $198,715.50 | $8,163.05 | | | $198,715.50 | $8,163.05 | $152,776.10 | $8,163.05 | $45,939.40 | 0 |

-1-

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[2]          Case No.: 22-17842-PDR

    Debtors.                                          (Jointly Administered)

_____/

**SECOND INTERIM FEE APPLICATION OF SEQUOR LAW, P.A. FOR**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES INCURRED AS LOCAL COUNSEL TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD**
**FROM MARCH 1, 2023 THROUGH JUNE 30, 2023**

Sequor Law, P.A. ("Sequor" or "Applicant"), Local Counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application") for interim compensation for fees for services rendered and costs incurred in this chapter 11 proceeding for the period of March 1, 2023 through June 30, 2023 (the "Second Interim Period").  This Application is filed pursuant to 11 U.S.C. §§ 327, 328, 330 and 331 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), and this Court's *Order Authorizing and Approving the Employment and Retention of Leyza F. Blanco and Sequor Law, P.A. as Local Counsel to the*

---

[2] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Official Committee of Unsecured Creditors Effective as of November 4, 2022* [Docket No. 487]. By this Application, Sequor seeks approval of fees totaling $273,463.50 and reimbursement of out-of-pocket expenses totaling $42,270.36 during the Interim Period.

This Application meets all of the requirements set forth in (i) the *Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases*, incorporated by Local Rule 2016-(B)(1) (the "Fee Application Guidelines"), (ii) the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "UST Guidelines"), and (iii) *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines", and collectively with the Fee Application Guidelines and the UST Guidelines, the "Guidelines").

In support of the Application and as approved by the Guidelines, Sequor attaches the following exhibits for the Interim Period:

- **Exhibit "A" –** Customary And Comparable Compensation Disclosures With Fee Applications;

- **Exhibit "B" –** Summary of Professional and Paraprofessional Time;

- **Exhibit "C-1" –** Budget;

- **Exhibit "C-2" –** Staffing Plan;

- **Exhibit "D-1" –** Summary of Compensation Requested by Project Category

- **Exhibit "D-2" –** Summary of Expenses and detailed expense records; and

- **Exhibit** "E" – Sequor's complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized to the tenth of an hour.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

3.      On October 10, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Court").  The Chapter 11 cases are being jointly administered under Bankruptcy Rule 1015(b) and the Court's *Order Granting Motion for Joint Administration* [Docket No. 43] entered on October 11, 2022.

4.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to manage their properties and operate their businesses as debtors in possession. No trustee or examiner has been appointed in the Chapter 11 Cases.

5.      On November 1, 2022, the Office of the United States Trustee appointed the Committee under section 1102(a)(1) of the Bankruptcy Code [Docket No. 245], which was later reconstituted on November 23, 2022 [Docket No. 400].

6.      Information regarding the Debtors' history, business operations, capital structure, secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 26].

## RETENTION OF SEQUOR LAW, P.A.

7.      On November 2, 2022, the Committee selected Lowenstein Sandler LLP ("Lowenstein Sandler") to serve as its lead counsel.  On November 4, 2022, the Committee subsequently selected Sequor to serve as its Florida counsel, Lincoln Partners Advisors LLC ("Lincoln") to serve as its financial advisor, and Miller Buckfire & Co., LLC ("Miller Buckfire") to serve as its investment banker in the Chapter 11 Cases.

8.      On November 17, 2022, Sequor Law filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Leyza F. Blanco and Sequor Law, P.A. as Local Counsel to the Official Committee of Unsecured Creditors, Effective as of November 4, 2022* (the "Retention Application") [Docket No. 365]. On November 17, 2022, Sequor Law filed the Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Leyza F. Blanco and Sequor Law, P.A. as Local Counsel to the Official Committee of Unsecured Creditors, Effective as of November 4, 2022 (the "Retention Application") [Docket No. 365].

9.      On December 9, 2022, the entered the *Order Authorizing and Approving the Employment and Retention of Leyza F. Blanco and Sequor Law, P.A. as Local Counsel to the Official Committee of Unsecured Creditors, Effective as of November 4, 2022* (the "Retention Order") [Docket No. 487]. Pursuant to the Retention Order, Sequor shall be compensated for professional services rendered and reimbursement of expenses in connection with the Chapter 11 Cases in compliance sections 328, 330 and 331 of the Bankruptcy Code and the applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, any applicable orders entered by this Court in respect of compensation of professionals and any case-specific fee

protocols approved by the Court, after notice and a hearing pursuant to any other applicable procedures and orders of the Court." [Docket No. 487 at ¶3].

## INTERIM COMPENSATION OF SEQUOR LAW, P.A.

10.     On December 12, 2022, the Court entered the *Order Granting Ex Parte Motion To Amend the Interim Compensation Procedures Order* (the "Interim Compensation Procedures Order") [Docket No. 503], approving the procedures for compensation in the Chapter 11 Cases and establishing that professionals may serve monthly fee statements (each a "Monthly Fee Statement") for payment of professional fees and reimbursement of actual and necessary expenses. The Interim Compensation Procedures Order authorizes the Debtors to pay 80% of the fees and 100% of the expenses requested by each professional upon the timely service of each Monthly Fee Statement upon the Debtors and their counsel, Truist Bank and their counsel, and the Office of the United States Trustee. [Docket No. 503].

11.     On December 20, 2022, Sequor served its *First Monthly Fee Statement* for November 2, 2022 through November 30, 2022.

12.     On January 20, 2022, Sequor served its *Second Monthly Fee Statement* for December 1, 2022 through December 31, 2022.

13.     On February 20, 2023, Sequor served its *Third Monthly Fee Statement* for January 1, 2023 through January 31, 2023.

14.     On March 20, 2023, Sequor Law served its *Fourth Monthly Fee Statement* for February 1, 2023 through February 28, 2023.

15.     On April 20, 2023, Sequor filed its *Fifth Monthly Fee Statement* for March, 2023 through February 31, 2023.

16.     On March 21, 2023, Sequor filed its *First Application for Interim Compensation and Reimbursement of Expenses to Sequor Law as Local Counsel to the Official Committee of Unsecured Creditors for the Period from November 4, 2022 through February 28, 2023* [Docket No. 99] (the "First Interim Fee Application") and on April 24, 2023, the Court entered the *Order Granting First Interim Fee Application of Sequor Law as Local Counsel to the Official Committee of Unsecured Creditors for the Period from November 4, 2022 through February 28, 2023* [Docket No. 1240] (the "First Interim Fee Order"). Pursuant to the First Interim Fee Order, Sequor received interim compensation in the amount of  $198,715.50 and reimbursement for costs incurred in the amount of $8,163.05, for the period from November 4, 2022 through February 28, 2023 (the "First Interim Period")

17.     On May 20, 2023, Sequor served its *Sixth Monthly Fee Statement*, covering the period of time from April 1, 2023 through April 30, 2023.

18.     On June 20, 2023, Sequor served its *Seventh Monthly Fee Statement*, covering the period of time from May 1, 2023 through May 31, 2023.

19.     On July 20, 2023, Sequor served its *Eighth Monthly Fee Statement*, covering the period of time from June 1, 2023 through June 30, 2023.

## DESCRIPTION OF SERVICES

20.     Sequor has organized its time records by activity codes into the categories listed below in accordance with the Guidelines:

[001]     Asset Analysis and Recovery

[002]     Asset Disposition

[003]     Business Operations

[004]     Case Administration

[005]     Claims Administration and Objections

[006]        Employee Benefits & Pensions

[007]        Employment and Fee Applications

[008]        Employment and Fee Application Objections

[009]        Financing and Cash Collateral

[010]        Litigation

[011]        Meetings of Creditors

[012]        Plan and Disclosure Statement

[013]        Relief from Stay and Adequate Protection

21.    **Asset Analysis and Recovery.** This category includes time expended in connection with Sequor's review, analysis, and investigation of potential estate assets. Sequor helped develop discovery strategies, manage discovery disputes, investigate estate causes of action and assets, prepare and serve Rule 2004 notices and subpoenas on third parties, negotiate various aspects of the Rule 2004 subpoena responses with subpoena targets, analyze responses to the Rule 2004 subpoenas, review Rule 2004 subpoenas issued by other parties, and advise co-counsel regarding the relevant local rules and practices to consider. Sequor expended 350.9 hours in connection with this category and requests $187,326.00 for the services rendered in connection with this category.

22.    **Asset Disposition.** This category includes time in connection with the disposition of the estate's assets. Sequor helped develop exit strategies for Chapter 11 Cases, evaluate sale procedures, terms, and auction processes, address objections to sale motions, prepare and file an objection to the sale of miscellaneous assets. Sequor also time spent reviewing and analyzing the Debtors' treatment of executory contracts and unexpired leases, including with respect to the Debtors' performance under certain unexpired leases and the Debtors' proposed treatment of executory contracts and unexpired leases in connection with the sale of certain of its assets. Sequor

expended 18.5 hours in connection with this category and requests $11,933.50 for the services rendered in connection with this category.

23.    **Business Operations**. This category includes time spent by Sequor's professionals on issues related to the Debtors' business operations and business plan. During the Second Interim Period, Sequor's attorneys reviewed and commented on various filings pertaining to the Debtors' ongoing operations, including, without limitation, debtor-in-possesion operating reports, motions to assume or reject executory contracts or leases. Sequor expended 7.10 hours in connection with this category and requests $4,934.50 for the services rendered in connection with this category.

24.    **Case Administration.** This category includes all aspects related to the Committee's organizational needs and related administrative matters. Specifically, Sequor (i) reviewed and monitored the case docket, and retrieved and circulated pleadings to professionals; (ii) prepared and filed administrative pleadings, including *pro hac vice* motions and motions to appear at hearing via zoom; (iii) participated in weekly conference calls with the Committee's professionals regarding case status, coordination of schedules, and other administrative matters; (iv) coordinate with Committee professionals regarding case schedules, filings, and deadlines; (iv) manage various task lists and tracking case deadlines; and (vii) maintain service and distribution lists. For each significant pleading filed, Sequor's attorneys ensured that the Committee and any other appropriate parties were notified of the filed documents, relevant deadlines, hearing dates, and prepared summaries of such pleadings where appropriate. Sequor expended 8.70 hours in connection with this category and requests $4,960.50 for the services rendered in connection with this category.

25.    **Claims Administration and Objections**. This category includes time related to reviewing, analyzing, researching, assessing and communicating and meeting with the Debtors

and various creditor groups regarding claims against the Debtors' estates and related issues, including. Sequor also conferred with the Debtors' professionals regarding the claims. Sequor 3.90 hours in connection with this category and requests $2,154.00 for the services rendered in connection with this category.

26.    **Employment and Fee Applications**.  This category includes time spent on the retention and employment of the Committee's professionals as well as time spent in connection with applications seeking payment of fees and reimbursement of expenses. Sequor helped the Committee's professionals complete various tasks relating to the preparation and filing of their respective fee applications, as required under the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Guidelines. Further, Sequor prepared, reviewed, and filed its monthly fee statements, attended hearings in connection with the Committee's professionals, reviewed the fee statements, and fee applications filed by the Debtors' professionals. Sequor expended 51.50 hours in connection with this category and requests $25,085.00 for the services rendered in connection with this category.

27.    **Financing**. This category includes time spent on various aspects of the debtor-in-possession facility. Sequor expended 0.4 hours in connection with this category and requests $208.50 for the services rendered in connection with this category.

28.    **Litigation**. This category includes time spent reviewing and analyzing certain pending and potential litigation matters involving the Debtors to evaluate the impact of such matters on the Debtors' estates.  During the Second Interim Period, Sequor monitored and supported the administration of the adversary proceedings against John and Megan Owoc, case styled *Vital Pharmaceuticals, Inc., et al., v. John Owoc and Megan Owoc*, Case No. 23-01051-PDR (Bankr. S.D. Fla.), seeking (i) a declaratory judgment adjudicating that the Debtors are

-9-

entitled to control over certain social media accounts, (ii) an order directing the Owocs to turnover such social media accounts under section 542(e) of the Bankruptcy Code; and (iii) a temporary restraining order barring the Owocs from communicating via the social media accounts. Sequor expended 29.50 hours in connection with this category during the Interim Period by preparing for and attending for hearings and requests $17,859.50 for the services rendered in connection with this category.

29.    **Meeting of Creditors**.    This category includes time spent preparing for and attending meetings and conference calls with the Committee, its professionals, or individual members. During the Second Interim Period, Sequor participated in meetings and calls among the Committee and its professionals on a weekly or more frequent basis. Sequor, along with other professionals and the Committee, discussed new developments, potential strategies, and other matters, including, without limitation, sale procedures and terms. Through these meetings, Sequor helped the Committee fulfill its statutory duty to make informed decisions in the Chapter 11 Cases, to monitor the Debtors' management of these proceedings, and to reach to reach independent conclusions on the merits of specific matters. Sequor expended 34.30 hours in connection with this category and requests $19,464.00 for the services rendered in connection with this category.

30.    **Plan & Disclosure Statement.** This category includes time spent on reviewing, and analyzing filings related to the Debtors' extension of the exclusivity period to file a plan. Sequor expended 0.4 hours in connection with this category and requests $278 for the services rendered in connection with this category.

31.    **Relief from Stay and Adequate Protection**.    This category includes time spent analyzing, summarizing, discussing and attend hearing on motions regarding the automatic stay. During the Interim Period, Sequor reviewed such motions, responses to such motions, and advised

-10-

co-counsel regarding the relevant local rules to consider. Sequor expended 3.80 hours in connection with this category and requests $2,190.50 for the services rendered in connection with this category.

## **APPLICATION**

32.     Sequor seeks entry of an order (i) granting the Application; and (ii) allowing on an interim basis compensation for professional services rendered during the Second Interim Period in the amount of $276,463.50 and reimbursement of out-of-pocket expenses in the amount of $42,134.02. The requested fees of $276,463.50 for 509.0 hours worked during the Application Period is reasonable under the factors set forth in section 330(a)(3) and the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977); *see Mantiply v. Horne (In re Horne)*, 876 F.3d 1076, 1084 (11th Cir. 2017) (holding that "reasonableness" standard is determined by consideration of the *Johnson* factors).

33.     Section 330 of the Bankruptcy Code authorizes the Court to award professional persons employed pursuant to section 327 of the Bankruptcy Code reasonable compensation for actual and necessary services rendered and reimbursement for actual and necessary expenses incurred. 11 U.S.C. §§ 327 and 330. Section 330(a)(3)(A) of the Bankruptcy Code further provides that:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;

-11-

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[3]

34.      Courts in the Eleventh Circuit will determine the reasonableness of compensation incurred by a professional based upon the particular circumstances of a given case. (i) the time and labor required; (ii) the novelty and difficulty of the questions presented; (iii) the skill required to properly perform the legal services; (iv) the preclusion of employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or circumstances of the case; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977); *see Mantiply v. Horne (In re Horne)*, 876 F.3d 1076, 1084 (11th Cir. 2017) (holding that "reasonableness" standard is determined by consideration of the *Johnson* factors).

---

3 11 U.S.C. § 330(a)(3)(A).

**Section 330(a)(3) Factors**

35.     Sequor believes that the requested fee of $276,463.50 for 509 hours worked during the Second Interim, is reasonable considering the nature, extent, and the value of such

36.     **Time Spent on Services**. Sequor's attorneys and paraprofessionals expended 509.0 hours in connection with the representation of the Committee. All of the time spent was necessary and appropriate for the representation of the Committee in these cases to ensure that the members of the Committee were adequately represented.

37.     **The rates charged for such services**.  The hourly rates charged by Sequor as set forth in this Application range from $380.00 to $705.00 per hour for attorneys and $200.00 to $245.00 for paraprofessionals.  These rates are comparable to billing rates for non-bankruptcy engagements and to the rates for professionals and paraprofessionals in South Florida of similar skill and experience.

38.     **Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title**. During the Interim Period, the Committee tackled various complex legal issues, including those described in the above paragraphs 13 to 25.  These issues required the rendering of Sequor's services due to its particular expertise in bankruptcy and other areas of law, which resulted in significant benefit to the Debtors' estates.

39.     **Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed**.  As shown by the time entries attached, this case has raised various legal issues, many of which were time sensitive, which required Sequor to devote substantial time and resources to

-13-

the effective representation of the Committee in connection to these issues.

40.    **With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field**.  Sequor was selected by the Committee to act as its counsel due to its qualifications and prior representations in this district. Leyza F. Blanco of Sequor has represented official committees of unsecured creditors as led counsel in various chapter 11 cases, including in *In re Peninsula Mortgage Bankers Corporation*, Case No. 05-15121-RAM (Bankr. S.D. Fla.), *In re Tiles & Stones, Inc.*, Case No. 08-21644-AJC (Bankr. S.D. Fla.), and *In re Pan American Hospital Corporation*, Case No. 04-11819-AJC (Bankr. S.D. Fla.).  Ms. Blanco is also recognized as a leading bankruptcy practitioner and is a member of the American College of Bankruptcy.

41.    **Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11**.  Sequor's compensation is comparable to services performed in non-bankruptcy cases in the community.   The rates charged by professionals and paraprofessionals throughout the Application Period is customary for professionals and paraprofessionals in Florida of similar skill and experience.

### The *Johnson* Factors

42.    **Time Spent on Services**. Sequor's attorneys and paraprofessionals expended 103.9 hours in connection with the representation of the Committee. All of the time spent was necessary and appropriate for the representation of the Committee in these cases to ensure that the members of the Committee, the Debtors' unsecured creditors, were adequately represented. The time and labor required is commensurate with the work performed to date in the Chapter 11 Cases.  While not an exhaustive list, during the Interim Period, Sequor spent considerable time attending to

several facets of the Chapter 11 Cases, such as:  assisting the Committee with the preparation of, and attendance at various Rule 2004 Examinations of various third parties, assistance with significant discovery disputes in relation to the same, and attending various meetings to support the Committee's various efforts in these Chapter 11 Cases.

43.    **Novelty & Difficulty of Rendered Services**. The Chapter 11 Cases involve various issues that were novel, complex and required the assistance of experienced counsel in the areas of bankruptcy, litigation, intellectual property, and corporate law.  Sequor's effective advocacy and collaborative approach helped clarify and resolve a number of such issues for the benefit of general unsecured creditors.

44.    **Skill Required to Properly Perform Services**. Sequor was selected by the Committee to act as its counsel due to its qualifications and prior representations in this district. Ms. Blanco of Sequor has represented official committees of unsecured creditors as lead counsel in various chapter 11 cases including, without limitation *In re Peninsula Mortgage Bankers Corporation*, Case No. 05-15121-RAM (Bankr. S.D. Fla.), *In re Tiles & Stones, Inc*., Case No. 08-21644-AJC (Bankr. S.D. Fla.), and *In re Pan American Hospital Corporation*, Case No. 04-11819-AJC (Bankr. S.D. Fla.).

45.    **Preclusion of Other Employment**.  This engagement did not preclude Sequor from obtaining other employment.

46.    **Customary Fee**.   The compensation sought by Sequor is customary for professionals and paraprofessionals in the Southern District of Florida of similar skill and experience. The hourly rates charged by Sequor as set forth in this Application range from $385.00 to $705.00 per hour for attorneys and $200.00 to $245.00 for paraprofessionals. The rates charged by Sequor's attorneys and paraprofessionals in the Chapter 11 Cases were the same rates charged

by such attorneys and paraprofessionals in connection with non-bankruptcy work. Sequor respectfully submits that the professional fees sought herein are not unusual given the magnitude and complexity of the Chapter 11 Cases and the time expended in attending to the representation of the Committee are commensurate with fees Sequor has been awarded in other chapter 11 cases, as well as with professional fees charged by other attorneys of comparable experience.

47.    **Fixed or Contingent Fee.** Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are subject to final approval by this Court, and to adjustment dependent upon the services rendered and the results obtained. The collective efforts of the various parties in interest and their respective professionals, including Sequor resulted in the consensual resolution of many significant issues in the Chapter 11 Cases in a short period of time. Sequor expectation upon accepting this representation was that it would receive compensation for professional services rendered at its customary rates.

48.    **Time Limitations Imposed by the Client**.  The services provided by Sequor were dictated by the needs of the Chapter 11 Cases. Sequor was required to attend to certain issues arising in the Chapter 11 Cases in compressed and urgent time periods.  The efforts of Sequor's attorneys and paraprofessionals in completing the services described in this Application in compressed time periods permitted the Committee to address various issues for the benefit of the Debtors' unsecured creditors effectively.

49.    **Experience, Reputation, and Ability of Professional**.  Sequor's experience enabled it to perform the services described herein competently and expeditiously. Sequor is a boutique firm that specializes in the field of bankruptcy.  Various members of Sequor recognized practitioners and enjoy a fine reputation in the fields of bankruptcy, litigation and creditors' rights. Sequor believes that its recognized expertise in the area of corporate reorganization, its ability to

-16-

draw from highly-experienced professionals, and its creative and collaborative approach to the resolution of issues contributed to the successful administration of these Chapter 11 cases and benefited the Debtors' estates and unsecured creditors.  Due to the nature and complexity of the legal issues presented, Sequor was required to exhibit a high degree of legal skill in areas related to, inter alia, bankruptcy, litigation, and corporate matters.

50.     **Nature and Length of Professional Relationship of Client**.  Sequor did not have any prior relationship with the Committee prior to its retention.

51.     **Undesirability of the Case**. These cases are not undesirable. However, Sequor has had to draw from significant firm resources as counsel to the Committee, without absolute certainty as to compensation or reimbursement.

52.     **Awards in Similar Cases**.  Sequor submits that the fees and expenses for which it seeks compensation and reimbursement in this Application are not excessive and are commensurate with the rates awarded in similar cases in this district for similar services rendered and results obtained. After taking into consideration the time and labor spent thus far, and the nature and extent of the representation, Sequor believes the allowance prayed for herein is reasonable and should be approved.

## <u>STATEMENT FROM THE APPLICANT</u>

Pursuant to the Appendix B Guidelines, the Applicant responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period?<br><br>If so, please explain. | | No | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | | No | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes | | The Application Period covered by this Application includes time spent by Sequor ensuring that the time entries attached to this Application are properly coded to comply with the Appendix B Guidelines. |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?<br><br>If so, please quantify by hours and fees. | | No | |
| If the fee application includes any rate increases since retention in this case:<br><br>i.   Did your client review and approve those rate increases in advance?<br>ii.   Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your | Yes<br><br>Yes | | This application includes a rate increase. Annual hourly rate increase was disclosed in Sequor's letter of engagement, in its retention application and in its declaration accompanying the retention application. |

-18-

| client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | | |
|---|---|---|---|

## PRAYER FOR RELIEF

WHEREFORE, Sequor respectfully requests that the Court enter an order (i) granting the Application substantially in the form attached hereto as **Exhibit "F"**; (ii) allowing on an interim basis Sequor's compensation for professional services rendered during the Application Period in the amount of $276,463.50 and reimbursement of out-of-pocket expenses in the amount of $42,270.36, and (iii) granting such other and further relief that the Court deems just and proper.

## NOTICE

Sequor will provide notice of this Application in accordance with the Interim Compensation Procedures Order.

Dated: July 21, 2023

**SEQUOR LAW, P.A.**

*/s/ Leyza F. Blanco*
Leyza F. Blanco, Esq.
Florida Bar No.: 104639
Juan J. Mendoza, Esq.
Florida Bar No.: 113587
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
lblanco@sequorlaw.com
jmendoza@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

*Local Counsel to the Official Committee of Unsecured Creditors*

-19-

## CERTIFICATION

1.      I have been designated by Sequor Law, P.A. ("Sequor") as the professional with responsibility in this case for compliance with the "*Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases*" (the "Guidelines").

2.      I have read Sequor's application for compensation and reimbursement of expenses (the "Application").  To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by Sequor and generally accepted by Sequor's clients.

4.      In seeking reimbursement for the expenditures described in Exhibit D-2, Sequor is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that Sequor has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, Sequor is seeking reimbursement only for the amount actually billed to Sequor by the third party and paid by Sequor to such third party.

6.      The co-chairs of the Official Committee of Unsecured Creditors, the Debtors, the U.S. Trustee, and the respective counsel for the foregoing, have all been provided, simultaneously with the filing of the Application with the Court, with a complete copy of the relevant Application (together with all exhibits).

7.      The following are the variances with the provisions of the Guidelines, the date of

each court order approving the variance, and the justification for the variance: N/A.

8. I hereby certify that I am in compliance with the terms of the *Amended Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals*.

**Dated:** July 21, 2023.                **SEQUOR LAW, P.A.**

_/s/ Leyza F.  Blanco_
Leyza F. Blanco

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, a copy of the foregoing *First Interim Fee Application of Sequor Law, P.A. for Compensation For Services Rendered And Reimbursement Of Expenses Incurred As Counsel To The Official Committee Of Unsecured Creditors For The Period From November 4, 2022 Through February 28, 2023* was served by electronic mail, in accordance with the Interim Compensation Procedures Order, on: (i) the Debtors, Vital Pharmaceuticals, Inc., *et al.*, 1600 N. Park Drive, Weston, FL 33326 (Attn: Gregg Metzger, Chief Litigation Counsel, Gregg.Metzger@bangenergy.com); (ii) Debtors' Chief Transformation Officer, John C. DiDonato, c/o Huron Consulting Group, 550 W. Van Buren St., Chicago, IL 60607, Email: jdidonato@hcg.com; (iii) counsel to the Debtors: (A) Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004 (Attn: Andrew Sorkin, Esq., Email: andrew.sorkin@lw.com) and Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Whit Morley, Esq., Email: whit.morley@lw.com) and (B) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Jordi Guso, Esq., Email: jguso@bergersingerman.com and Michael J. Niles, Esq., Email: mniles@bergersingerman.com); (iv) counsel for secured creditor, Truist Bank, (A) Moore & Van Allen PLLC, 100 N. Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Luis M. Lluberas, Esq. Email: luislluberas@mvalaw.com and Steve Gruendel, Esq., Email: stevegruendel@mvalaw.com) and (B) Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 4100, Miami, FL 33131 (Attn: Aliette D. Rodz, Esq., Email: ARodz@shutts.com and Martha M. Ferral, Esq., Email: MFerral@shutts.com); (v) Office of the United States Trustee, 51 S.W. Fourth Avenue, Room 1204, Miami, FL 33130 (Attn: Steven M. Wilkes, Esq., Email: Steven.Wilkes@usdoj.gov).

By:    /s/ *Leyza F. Blanco*
Leyza F. Blanco