## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]        Case No.: 22-17842-PDR

     Debtors.                                  (Jointly Administered)

_____/

### SUMMARY OF SECOND INTERIM FEE APPLICATION OF LOWENSTEIN SANDLER LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM <u>MARCH 1, 2023 THROUGH JUNE 30, 2023</u>

| | |
|---|---|
| Name of applicant: | Lowenstein Sandler LLP |
| Name of client: | The Official Committee of Unsecured Creditors |
| Time period covered by this application: | March 1, 2023 through June 30, 2023 |
| Total compensation sought this period: | $2,570,388.52[2] |
| Total expenses sought this period: | $59,043.17 |
| Petition date: | October 10, 2022 |
| Retention date: | November 2, 2022 |

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] The compensation sought reflects Lowenstein Sandler's agreed upon 10% discount of its fees, which results in a $285,598.73 discount for the Interim Period.

| | |
|---|---|
| Date of order approving employment | December 9, 2022, effective as of November 2, 2022 |
| Total fee approved by interim order(s) to date | $3,449,431.12 |
| Total expenses approved by interim order(s) to date | $102,133.63 |
| Total allowed fees paid to date | $2,861,678.53 |
| Total allowed expenses paid to date | $102,133.63 |
| Blended rate in this application for all attorneys (after discount) | $907.01 |
| Blended rate in this application for all timekeepers (after discount) | $882.46 |
| Fees sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $1,746,326.70 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $53,794.72 |
| Number of professionals included in this application | 27 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period | 9 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | Other than Lowenstein Sandler's annual rate increase effective as of January 1, 2023, as referenced in the First Interim Fee Application, Lowenstein Sandler did not have any additional rate increases in this Interim Period. |
| Total Amount of Compensation Sought During Case (to date): | $6,019,819.64[3] |

---

[3] The compensation sought reflects Lowenstein Sandler's agreed upon 10% discount of its fees, which results in a $668,868.86 discount for the entire case to date.

| | |
|---|---|
| Total Amount of Expense Reimbursement Sought During Case (to date): | $161,176.80 |
| Amount of Original Retainer(s). Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received. | N/A |
| Current Balance of Retainer(s) remaining: | N/A |
| Last monthly operating report filed (Month/Year and ECF No.) | May 2023 [ECF Nos. 1536, 1537, 1538, 1539, 1540, 1558, 1559] |
| If case is Chapter 11, current funds in the Chapter 11 estate | $12,774,579.00 |

## FEE APPLICATION SUMMARY CHART

| REQUEST | | | | | APPROVAL | | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Filed | ECF # | Period Covered | Fees Requested | Expenses Requested | Date Ordered | ECF # | Fees Approved | Expenses Approved | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| 3/21/23 | 998 | 11/4/22 – 2/28/23 | $3,449,431.12[1] | $102,133.63 | 4/24/23 | 1241 | $3,449,431.12 | $102,133.63 | $2,759,544.90 | $102,133.63 | $689,886.22 | $0.00 |
| 7/21/23 | | 3/1/23 – 6/30/23 | $2,570,388.52[2] | $59,043.17 | | | | | $1,746,326.70 | $53,794.72 | $ | $0.00 |
| **TOTALS** | | | $6,019,819.64 | $161,176.80 | | | | | $ | $ | $ | $0.00 |

[1] The compensation sought reflects Lowenstein Sandler's agreed upon 10% discount of its fees, which results in a $383,270.13 discount for the First Interim Period.

[2] The compensation sought reflects Lowenstein Sandler's agreed upon 10% discount of its fees, which results in a $285,598.73 discount for this Interim Period.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                                Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]      Case No.: 22-17842-PDR

    Debtors.                                        (Jointly Administered)

_____/

**SECOND INTERIM FEE APPLICATION OF LOWENSTEIN SANDLER LLP FOR**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR THE PERIOD FROM**
**MARCH 1, 2023 THROUGH JUNE 30, 2023**

Lowenstein Sandler LLP ("**Lowenstein Sandler**" or "**Applicant**"), counsel to the

Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-

captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby applies (the "**Application**") for

interim compensation for fees for services rendered and costs incurred in this chapter 11

proceeding for the period of March 1, 2023 through June 30, 2023 (the "**Interim Period**").

This Application is filed pursuant to 11 U.S.C. §§ 327, 328, 330 and 331 of the United States

Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court

for the Southern District of Florida (the "**Local Rules**"), and this Court's order granting

Lowenstein Sandler's retention, entered on December 9, 2022 (the "**Retention Order**")

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[Docket No. 485].  By this Application, Lowenstein Sandler seeks approval of fees totaling $2,570,388.52[2] and reimbursement of out-of-pocket expenses totaling $59,043.17 during the Interim Period.

This Application meets all of the requirements set forth in (i) the Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases, incorporated by Local Rule 2016-(B)(1) (the "**Fee Application Guidelines**"), (ii) the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**UST Guidelines**"), and (iii) Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases (the "**Appendix B Guidelines**", and collectively with the Fee Application Guidelines and the UST Guidelines, the "**Guidelines**").

In support of the Application and as approved by the Guidelines, Lowenstein Sandler attaches the following exhibits for the Interim Period:

- **Exhibit "A" –** Customary And Comparable Compensation Disclosures With Fee Applications;

- **Exhibit "B" –** Summary of Professional and Paraprofessional Time.

- **Exhibit "C" –** Budget and Staffing Plan;

- **Exhibit "D" -** Summary of Compensation Requested by Project Category, Summary of Expenses and detailed expense records.

- **Exhibit "E" –** Lowenstein Sandler's complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized to the tenth of an hour.

---

[2] The compensation sought reflects Lowenstein Sandler's agreed upon 10% discount of its fees, which results in a $285,598.73 discount for the Interim Period

## I.    RETENTION AND COMPENSATION OF LOWENSTEIN SANDLER

1.      On October 10, 2022 (the "**Petition Date**"), the each of the debtors and debtors in possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Court**") commencing these Chapter 11 Cases.  No trustee or examiner has been appointed in the Chapter 11 Cases.

2.      On November 1, 2022, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. [Docket No. 245], which was later reconstituted on November 23, 2022 [Docket No. 400].

3.      On November 2, 2022, the Committee selected Lowenstein Sandler to serve as its lead counsel.

4.      On November 16, 2022, Lowenstein Sandler filed the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Lowenstein Sandler LLP as Counsel, Effective as of November 2, 2022* (the "**Retention Application**") [Docket No. 358].

5.      On December 9, 2022, the Court entered the *Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of November 2, 2022* (the "**Retention Order**") [Docket No. 485]. The Retention Order provides that Lowenstein Sandler will be compensated for professional services rendered and reimbursement of expenses in connection with the Chapter 11 Cases in compliance with sections 328, 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, any applicable orders entered by this Court in respect of compensation of professionals and any case-specific fee protocols approved by the

Court, after notice and a hearing pursuant to any other applicable procedures and orders of the Court.

6.      On December 12, 2022, the Court entered the *Order Granting Ex Parte Motion To Amend The Interim Compensation Procedures Order* (the "**Interim Compensation Procedures Order**") [Docket No. 503], providing the procedures for interim compensation in the Chapter 11 Cases and establishing that professionals may serve monthly fee statements (each a "**Monthly Fee Statement**") for payment of professional fees and reimbursement of actual and necessary expenses. The Interim Compensation Procedures Order authorized the Debtors to pay 80% of the fees and 100% of the expenses requested by each professional upon the timely service of each Monthly Fee Statement upon the Debtors and their counsel, Truist Bank and their counsel, and the Office of the United States Trustee.

7.      On March 21, 2023, Lowenstein Sandler filed its first interim fee application for the period of November 2, 2022 through February 28, 2023 [Docket No. 998] (the "**First Interim Fee Application**").

8.      On April 24, 2023, the Court entered an order [Docket No. 1241] approving the First Interim Fee Application and allowing compensation for services performed in the amount of $3,449,431.12 and compensation for expenses in the amount of $102,133.63.

9.      On April 19, 2023, Lowenstein Sandler served its fifth Monthly Fee Statement, covering the period from March 1, 2023 through March 31, 2023.

10.      On May 20, 2023, Lowenstein Sandler served its sixth Monthly Fee Statement covering the period from April 1, 2023 through April 30, 2023.

11.      On June 20, 2023, Lowenstein Sandler served its seventh Monthly Fee Statement covering the period from May 1, 2023 through May 31, 2023.

12.     On July 20, 2023, Lowenstein Sandler served its eighth Monthly Fee Statement covering the period from June 1, 2023 through June 30, 2023.

13.     None of Lowenstein Sandler's Monthly Fee Statements have received an objection.

14.     The Interim Compensation Procedures Order also provided that the Second Interim Fee Applications may be filed on or before July 21, 2023, for fees and costs incurred by professionals from the March 1, 2023 through June 30, 2023.

## II.    DESCRIPTION OF SERVICES

15.     Applicant has organized its time records by activity codes into the categories listed below in accordance with the Guidelines:

| Project Category | Hours Billed | Fees Sought | Fees Sought Net of 10% Discount |
|---|---|---|---|
| Adversary Proceedings and Bankruptcy Court Litigation | 81.70 | $94,412.00 | $84,970.80 |
| Asset Analysis and Recovery | 1,570.90 | $1,371,460.50 | $1,234,314.45 |
| Asset Disposition | 424.30 | $463,008.00 | $416,707.20 |
| Assumption/Rejection of Leases and Contracts | 32.10 | $29,965.00 | $26,968.50 |
| Board of Directors | 14.70 | $18,814.50 | $16,933.05 |
| Business Operations | 4.40 | $4,458.00 | $4,012.20 |
| Case Administration | 135.50 | $95,634.50 | $86,071.05 |
| Claims Administration and Objections | 23.40 | $24,571.50 | $22,114.35 |
| Court Hearings | 89.40 | $85,398.00 | $76,858.20 |
| Employee Benefits/Pensions | 2.00 | $2,115.00 | $1,903.50 |
| Employment and Retention Applications - Others | 6.30 | $6,098.50 | $5,488.65 |
| Fee Applications and Invoices - Others | 15.10 | $4,605.50 | $4,144.95 |
| Fee/Employment Applications | 52.30 | $40,446.00 | $36,401.40 |
| Fee/Employment Objections | 84.10 | $53,375.00 | $48,037.50 |
| Financing/Cash Collateral | 32.60 | $28,489.00 | $25,640.10 |
| Investigation of Prepetition Lenders | 3.10 | $3,002.50 | $2,702.25 |
| Meetings of and Communication with Creditors | 188.80 | $180,460.50 | $162,414.45 |
| Non-Working Travel | 203.30 | $99,697.75 | $89,727.98 |
| Other - Insurance Matters | 4.50 | $4,381.00 | $3,942.90 |

| Project Category | Hours Billed | Fees Sought | Fees Sought Net of 10% Discount |
|---|---|---|---|
| Other Contested Matters (excluding assumption/rejection motions) | 239.40 | $219,815.00 | $197,833.50 |
| Plan and Disclosure Statement (including Business Plan) | 2.10 | $2,346.00 | $2,111.40 |
| Real Estate | 1.40 | $983.00 | $884.70 |
| Relief from Stay/Adequate Protection Proceedings | 4.20 | $4,211.00 | $3,789.90 |
| Schedules and Statements | 0.70 | $693.00 | $623.70 |
| Tax Issues | 20.10 | $17,546.50 | $15,791.85 |
| **TOTAL** | **3,236.40** | **$2,855,987.25** | **$2,570,388.52** |

16.    **Adversary Proceedings and Bankruptcy Court Litigation**. During the Interim Period, Lowenstein Sandler expended effort related to the various pending adversary proceedings and other litigation related to the Chapter 11 Cases, including but not limited to: (a) reviewing and analyzing trademark pleadings related to the Debtors' trademark-related adversary proceeding; (b) reviewing and analyzing pleadings in the Debtors' adversary proceeding against John H. Owoc and Megan Owoc; (c) reviewing and analyzing pleadings filed in the various appeals of this Court's Orders; (d) drafting an adversary complaint related to distributions made from the Debtors to third parties; and (e) drafting and revising motions to compel John H. Owoc and Megan Owoc's compliance with the Committee's Rule 2004 subpoenas.  Lowenstein Sandler expended 81.70 hours in connection with this category and requests $84,970.80 for the services rendered in connection with this category.

17.    **Asset Analysis and Recovery.** During the Interim Period, Lowenstein Sandler conducted the Committee's investigation into the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' business and potential estate claims and causes of action, including, but not limited to: (a) reviewing and analyzing the Debtors' proposed settlements including those with Bright Fractal, Webb & Gerritsen, Gulfstream, and Europa Sport

Partners; (b) preparing discovery requests and drafting, revising, and serving multiple Rule 2004 subpoenas directed to third parties; (c) conferring with Debtors' counsel regarding strategy and plan for multiple prepetition litigations initiated by the Debtors; (d) participating in investigation team meetings; (e) drafting and revising the Debtors' and the Committee's joint motion for an order holding the Owocs' in contempt of court; and (g) reviewing and objecting to the Owocs' multiple discovery-related motions.  Lowenstein Sandler expended 1,570.90 hours in connection with this category and requests $1,234,314.45 for the services rendered in connection with this category.

18.    **Asset Disposition.** During the Interim Period, Lowenstein Sandler also spent significant time attending to the Debtors' marketing and sale process, by: (a) communicating with the Committee's investment banker and Debtors' professionals regarding the marketing and sale process; (b) reviewing indications of interest; (c) reviewing and revising the bidding procedures motion;  (d) negotiating said revisions to the bidding procedures motion; (e) reviewing the updated sale timeline; (f) reviewing, revising, and commenting on the asset purchase agreement; (g) reviewing and negotiating the terms of the proposed sale order and related settlement.  Lowenstein Sandler expended 424.30 hours in connection with this category and requests $416,707.20 for the services rendered in connection with this category.

19.    **Assumption/Rejection of Leases and Contracts.** During the Interim Period, Lowenstein Sandler reviewed the Debtors' various motions to reject certain executory contracts/leases and responses thereto.  Lowenstein Sandler expended 32.10 hours in connection with this category and requests $26,968.50 for the services rendered in connection with this category.

20.      **Board of Directors.** During the Interim Period, Lowenstein Sandler: (a) reviewed updates on corporate governance matters; and (b) conferred with the lenders, Debtors and Monster regarding continuing governance issues. Lowenstein Sandler expended 14.70 hours in connection with this category and requests $16,933.05 for the services rendered in connection with this category.

21.      **Business Operations.** During the Interim Period, Lowenstein Sandler: (a) reviewed memos and the Debtors' restructuring committee updates; and (b) conferred with the Committee's financial advisor regarding operations and the Debtors' business plan. Lowenstein Sandler expended 4.40 hours in connection with this category and requests $4,012.20 for the services rendered in connection with this category.

22.      **Case Administration.** This category includes many different tasks required to comply with the requirements of this Court, the Office of the United States Trustee, and/or the Bankruptcy Code, including, without limitation, reviewing general case documents, reviewing and maintaining dockets and case calendars, as well as other miscellaneous tasks not otherwise separately classifiable. Lowenstein Sandler expended 135.50 hours in connection with this category and requests $86,071.05 for the services rendered in connection with this category.

23.      **Claims Administration and Objections.** During the Interim Period, Lowenstein Sandler: (a) reviewed and commented on certain motions related to late-filed claims; (b) reviewed and commented on issues pertaining to the Webb & Gerritsen, Inc. claim and the resolution thereof; (c) reviewed the Debtors' updates regarding critical vendors; and (d) reviewed and analyzed the claims register.  Lowenstein Sandler expended 23.40 hours in connection with this category and requests $22,114.35 for the services rendered in connection with this category.

24. **Court Hearings.** During the Interim Period, Lowenstein Sandler extensively prepared for and attended multiple hearings on behalf of the Committee. Lowenstein Sandler expended 89.40 hours in connection with this category and requests $76,858.20 for the services rendered in connection with this category.

25. **Employee Benefits/Pensions.** During the Interim Period, Lowenstein Sandler attended to KERP issues, including analyzing the revised KERP participant list and conferring with the Committee's financial advisor and Debtors' counsel regarding same. Lowenstein Sandler expended 2.00 hours in connection with this category and requests $1,903.50 for the services rendered in connection with this category.

26. **Employment and Retention Applications – Others.** This category includes time spent by Lowenstein Sandler attending to various issues in connection with its retention of the Committee's financial advisor and investment banker, and to the Debtors' applications to retain certain professionals, including counsel to the Debtors, investment bankers and special counsel related to litigation proceedings. Lowenstein Sandler expended 6.30 hours in connection with this category and requests $5,488.65 for the services rendered in connection with this category.

27. **Fee Applications and Invoices – Others.** This category includes time spent reviewing monthly fee statements and invoices submitted by the Debtors' professionals, as well as assisting with the preparation and filing of monthly fee statements for the Committee's financial advisor and investment banker. Lowenstein Sandler expended 15.10 hours in connection with this category and requests $4,144.95 for the services rendered in connection with this category.

28. **Fee/Employment Applications.** This category includes time spent by Lowenstein Sandler preparing and filing its fee applications and preparing its monthly fee applications.

Lowenstein Sandler expended 52.30 hours in connection with this category and requests $36,401.40 for the services rendered in connection with this category.

29.     **Fee/Employment Objections.** This category includes time spent by Lowenstein Sandler analyzing and preparing objections to multiple retention applications filed by the Debtors' professionals, as well as preparing for contested hearings on the retention applications. Lowenstein Sandler expended 84.10 hours in connection with this category and requests $48,037.50 for the services rendered in connection with this category.

30.     **Financing/Cash Collateral.** During the Interim Period, Lowenstein Sandler devoted time attending to the Debtors' DIP financing.  Lowenstein Sandler expended 32.60 hours in connection with this category and requests $25,640.10 for the services rendered in connection with this category.

31.     **Investigation of Prepetition Lenders.** During the Interim Period, Lowenstein Sandler conducted the Committee's investigation into the acts, conduct, assets, liabilities, and financial condition of the Debtors and their secured lenders.  Lowenstein Sandler expended 3.10 hours in connection with this category and requests $2,702.25 for the services rendered in connection with this category.

32.     **Meetings of and Communication with Creditors.** During the Interim Period, Lowenstein Sandler addressed organizational matters associated with maintaining a functioning Committee, including, but not limited to, communicating with the members of the Committee, by video conference, telephone and e-mail, to discuss the Debtors' business operations, chapter 11 strategies, and all of the matters set forth herein. Lowenstein Sandler expended 188.80 hours in connection with this category and requests $162,414.45 for the services rendered in connection with this category.

33.     **Non-Working Travel.** This category includes time spent by Lowenstein Sandler traveling to and from court for hearings, and to and from various meetings on behalf of the Committee.  Time billed in this category was billed at a rate of 50%. Lowenstein Sandler expended 203.30 hours in connection with this category and requests $89,727.98 for the services rendered in connection with this category.

34.     **Other - Insurance Matters.** During the Interim Period, Lowenstein Sandler reviewed and analyzed issues pertaining to the Debtors' D&O insurance program, including the Debtors' extensions of certain policies.  Lowenstein Sandler expended 4.50 hours in connection with this category and requests $3,942.90 for the services rendered in connection with this category.

35.     **Other Contested Matters (excluding assumption/rejection motions).** During the Interim Period, Lowenstein Sandler: (a) conferred with Debtors' counsel regarding various pending prepetition litigations; reviewed and analyzed the proposed settlements of the Triller Inc./Carnegie Technologies, LLC litigation and PhD Marketing litigation; (b) reviewed and analyzed the Owocs' motion for clarification of the automatic stay; (c) reviewed and analyzed the adversary complaint regarding Entourage IP Holdings; and (d) reviewed and analyzed Owoc's emergency motion to dismiss the JHO Real Estate Investment LLC bankruptcy case.  Lowenstein Sandler expended 239.40 hours in connection with this category and requests $197,833.50 for the services rendered in connection with this category.

36.     **Plan and Disclosure Statement (including Business Plan).** During the Interim Period, Lowenstein Sandler conducted legal research regarding claim classification and reviewed and analyzed the Debtors' second motion to extend exclusivity and responses thereto.  Lowenstein

Sandler expended 2.10 hours in connection with this category and requests $2,111.40 for the services rendered in connection with this category.

37.     **Real Estate.** During the Interim Period, Lowenstein Sandler conducted real estate diligence regarding Debtor and non-debtor real estate ownership and transactions. Lowenstein Sandler expended 1.40 hours in connection with this category and requests $884.70 for the services rendered in connection with this category.

38.     **Relief from Stay/Adequate Protection Proceedings.** During the Interim Period, Lowenstein Sandler conducted high-level reviews of multiple motions for relief from stay and the Debtors' responses thereto. Lowenstein Sandler expended 4.20 hours in connection with this category and requests $3,789.90 for the services rendered in connection with this category.

39.     **Schedules and Statements.** During the Interim Period, Lowenstein Sandler reviewed and analyzed the Debtors' schedules and statements, and conferred with the Committee's financial advisor regarding same.  Lowenstein Sandler expended 0.70 hours in connection with this category and requests $623.70 for the services rendered in connection with this category.

40.     **Tax Issues.** During the Interim Period, Lowenstein Sandler assisted and counseled the Committee on tax matters.  Applicant expended 20.10 hours in connection with this category and requests $15,791.85 for the services rendered in connection with this category.

### III.    APPLICATION

41.     Lowenstein Sandler seeks interim approval of $2,570,388.52 for professional fees and $59,043.17 for out-of-pocket costs and expenses incurred during its representation of the Committee during the Interim Period.  Accordingly, Lowenstein Sandler requests that the Court enter an order in the form of **Exhibit "F"** attached approving the Application.

42.     Section 330(a)(1) of the Bankruptcy Code authorizes the Court to award reasonable compensation for actual, necessary, services rendered by attorneys and paraprofessionals

employed by a debtor.  *See* 11 U.S.C. § 330(a)(1).  The requested fee of $2,570,388.52 for 3,236.40 hours worked during the Interim Period is reasonable under the factors set forth in section 330(a)(3) and the twelve factors[3] enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re Second Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977); *see Mantiply v. Horne (In re Horne)*, 876 F.3d 1076, 1084 (11th Cir. 2017) (holding that "reasonableness" standard is determined by consideration of the *Johnson* factors).

A.    **Section 330(a)(3) Factors**

43.    The "nature, the extent, and the value" of the services rendered are reasonable in light of the considerations set forth in section 330(a)(3):

a.    The time spent on such services.  As evidenced by the foregoing summary and the detailed time entries attached, Lowenstein Sandler expended significant time, 3,236.40 hours, in this matter on various legal issues in this case during the Interim Period.

b.    The rates charged for such services.  The hourly rates charged by Lowenstein Sandler as set forth in this Application range from $500 to $1,1290 per hour for attorneys and $290 to $380 for paraprofessionals.  These rates are comparable to billing rates for non-bankruptcy engagements and to the rates for professionals and paraprofessionals in South Florida of similar skill and experience.

c.    Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title.  During

---

3 The twelve *Johnson* factors are: (i) the time and labor required, (ii) the novelty and difficulty of the questions, (iii) the skill requisite to perform the legal service properly, (iv) the preclusion of other employment by the attorney due to acceptance of the case, (v) the customary fee, (vi) whether the fee is fixed or contingent, (vii) time limitations imposed by the client or the circumstances, (viii) the amount involved and the results obtained, (ix) the experience, reputation, and ability of the attorneys, (x) the "undesirability" of the case, (xi) the nature and length of the professional relationship with the client, and (xii) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

the Interim Period, the Committee tackled various complex legal issues, including those described in paragraphs 16 through 40.  These issues required the rendering of Lowenstein Sandler's services due to its particular expertise in bankruptcy and other areas of law, which resulted in significant benefit to the Debtors' estates.

d.    <u>Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed</u>.  As shown by the time entries attached, this case has raised various legal issues, many of which were time sensitive, which required Lowenstein Sandler to devote substantial time and resources to the effective representation of the Committee in connection to these issues.

e.    <u>With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field</u>.  The Committee selected Lowenstein Sandler because of its attorneys' experience and knowledge in bankruptcy matters. Lowenstein Sandler has represented official committees of unsecured creditors in numerous chapter 11 cases across the country.

f.    <u>Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11</u>. Applicant's compensation is comparable to services performed in non-bankruptcy cases in the community.  The rates charged by professionals and paraprofessionals throughout the Interim Period is customary for professionals and paraprofessionals in Florida of similar skill and experience.

**B.    The _Johnson_ Factors**

44.    The most relevant of these factors are further described as follows:

a.    <u>Time and Labor Required</u>.  The time and labor required is commensurate with the work performed to date in the Chapter 11 Cases.  During the Interim Period, Lowenstein Sandler

spent considerable time attending to several facets of the Chapter 11 Cases, executing the Committee's investigation into the acts, conduct, assets, liabilities, and financial condition of the Debtors and their secured lenders, and the operation of the Debtors' business and potential estate claims and causes of action; analyzing issues related to certain of the Debtors' pending litigation matters; and attending to the Debtors' marketing and sale process, including the bidding procedures, asset purchase agreement, and sale order. Lowenstein Sandler also expended resources communicating with the members of the Committee, by video conference, telephone and e-mail, to discuss the Debtors' business operations, case strategies, and all of the above matters.

   b. <u>Novelty and Difficulty of the Services Rendered</u>.  These Chapter 11 Cases involve various issues that were novel and complex and required the assistance of experienced counsel in the areas of bankruptcy, litigation, intellectual property, and corporate law.  Lowenstein Sandler's work to date will ensure both a value-maximizing sale process and, through its investigation, will allow the Committee to identify additional sources of recovery for the estates and their general unsecured creditor constituencies.

   c. <u>Preclusion of Other Employment</u>.  This engagement did not preclude Lowenstein Sandler from obtaining other employment.

   d. <u>Customary Fee</u>.  Following negotiations between Lowenstein Sandler and the Committee, Lowenstein Sandler has agreed discount its fees by 10%. There is no limitation on Lowenstein Sandler's right to seek reimbursement of all out-of-pocket disbursements and expenses.

   e. <u>Time Limitations Imposed by the Client</u>.  The services provided by Lowenstein Sandler were dictated by the needs of the Chapter 11 Cases. As such, the services performed by

Lowenstein Sandler were performed under time constraints dictated by the case strategy and the deadlines imposed by the Court.

        f.      <u>Experience, Reputation, and Ability of Professional</u>.  The Committee selected Lowenstein Sandler because of its attorneys' experience and knowledge in bankruptcy matters. Lowenstein Sandler is well qualified to represent the Committee in the Chapter 11 Cases. Lowenstein Sandler has represented official committees of unsecured creditors in numerous chapter 11 cases including, without limitation: *In re: Avadim Health, Inc.*, Case No. 21-10883 (CTG) (Bankr D. Del. May 31, 2021); *In re: Knotel, Inc.,* Case No. 21-10146 (MFW) (Bankr. D. Del. Jan. 31, 2021); *In re Cortlandt Liquidating LLC* (*f/k/a Century 21 Department Stores LLC*), Case No. 20-12097 (MEW) (Bankr. S.D.N.Y. Sept. 10, 2020); *In re: Arandell Holdings, Inc.*, Case No. 20-11941 (JTD) (Bankr. D. Del Aug. 13, 2020); *In re: GNC Holdings, Inc.*, Case No. 20-11662 (KJC) (Bankr. D. Del; June 23, 2020); *In re: Maines Paper & Food Service, Inc.*, Case No. 20-11502 (KBO); (Bankr. D. Del. June 10, 2020); *In re: Exide Holdings, Inc.,* Case No. 20-11157 (CSS) (Bankr. D. Del. May 19, 2020); *In re: Hygea Holdings Corp.,* Case No. 20-10361 (KBO) (Bankr. D. Del. Feb. 19, 2020); *In re: Bumble Bee Parent, Inc.,* Case No. 19-12502 (LSS) (Bankr. D. Del. Nov. 21, 2019); *In re: Fred's, Inc.,* Case No. 19-11984 (CSS) (Bankr. D. Del. Sept. 9, 2019), among others.

        g.      <u>Nature and Length of Professional Relationship of Client</u>.  Lowenstein does not have any prior relationship with the Committee prior to its retention.

        h.      <u>Awards in Similar Cases</u>.  In other Chapter 11 Cases of this size, Lowenstein Sandler has been compensated its regular hourly rate.

<strong><u>STATEMENT FROM THE APPLICANT</u></strong>

Pursuant to the Revised UST Guidelines, Lowenstein Sandler also states as follows:

a.      Following negotiations between Lowenstein Sandler and the Committee, Lowenstein Sandler has agreed discount its fees by 10%. There is no limitation on Lowenstein Sandler's right to seek reimbursement of all out-of-pocket disbursements and expenses.

b.      Lowenstein Sandler in this Application are within the fees budgeted for the Interim Period.

c.      No timekeeper from Lowenstein Sandler during the Interim Period covered by this Application has varied their hourly rates based upon the geographical location of the Chapter 11 Cases.

d.      The Interim Period covered by this Application includes time spent by Lowenstein Sandler ensuring that the time entries attached to this Application are properly coded to comply with the Revised UST Guidelines.

e.      No time entries covered by this Application were redacted by Lowenstein Sandler for reasons of privilege or confidential information.

f.      Other than Lowenstein Sandler's annual rate increase effective as of January 1, 2023, Lowenstein Sandler did not have any additional rate increases in this Interim Period.

## PRAYER FOR RELIEF

WHEREFORE, Lowenstein Sandler respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit F,** (i) granting the Application; (ii) allowing on an interim basis Lowenstein Sandler's compensation for professional services rendered during the Interim Period in the amount of $2,570,388.52 and reimbursement of out-of-pocket expenses in the amount of $59,043.17, and (iii) granting such other and further relief that the Court deems just and proper.

-17-

## <u>NOTICE</u>

The Committee will provide notice of this Application in accordance with the Interim Compensation Procedures Order.

Dated: July 21, 2023 **LOWENSTEIN SANDLER LLP**

*/s/ Jeffrey L. Cohen*
Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Lindsay Sklar, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: lsklar@lowenstein.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

## CERTIFICATION

1.      I have been designated by Lowenstein Sandler LLP ("**Lowenstein Sandler**") as the professional with responsibility in this case for compliance with the "*Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases*" (the "**Guidelines**").

2.      I have read Lowenstein Sandler's application for compensation and reimbursement of expenses (the "**Application**").  The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by Lowenstein Sandler and generally accepted by Lowenstein Sandler's clients.

4.      In seeking reimbursement for the expenditures described on **Exhibit D**, Lowenstein Sandler is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that Lowenstein Sandler has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, Lowenstein Sandler is seeking reimbursement only for the amount actually paid by Lowenstein Sandler to the third party.

6.      The co-chairs of the Official Committee of Unsecured Creditors, the Debtors, the U.S. Trustee, and the respective counsel for the foregoing, have all been provided, simultaneously with the filing of the Application with the court, with a complete copy of the relevant Application.

7.      The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: N/A.

8.      I hereby certify that I am in compliance with the terms of the Amended Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals.

**Dated:** July 21, 2023                                    **LOWENSTEIN SANDLER LLP**

                                                            By: */s/ Jeffrey Cohen*
                                                                 Jeffrey Cohen

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, a copy of the foregoing *Second Interim Fee Application Of Lowenstein Sandler LLP For Compensation For Services Rendered And Reimbursement Of Expenses Incurred As Counsel To The Official Committee Of Unsecured Creditors For The Period From March 1, 2023 Through June 30, 2023* was served by electronic mail, in accordance with the Interim Compensation Procedures Order, on: (i) the Debtors, Vital Pharmaceuticals, Inc., *et al.*, 1600 N. Park Drive, Weston, FL 33326 (Attn: Gregg Metzger, Chief Litigation Counsel, Gregg.Metzger@bangenergy.com); (ii) Debtors' Chief Transformation Officer, John C. DiDonato, c/o Huron Consulting Group, 550 W. Van Buren St., Chicago, IL 60607, Email: jdidonato@hcg.com; (iii) counsel to the Debtors: (A) Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004 (Attn: Andrew Sorkin, Esq., Email: andrew.sorkin@lw.com) and Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Whit Morley, Esq., Email: whit.morley@lw.com) and (B) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131 (Attn: Jordi Guso, Esq., Email: jguso@bergersingerman.com and Michael J. Niles, Esq., Email: mniles@bergersingerman.com); (iv) counsel for secured creditor, Truist Bank, (A) Moore & Van Allen PLLC, 100 N. Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Luis M. Lluberas, Esq. Email: luislluberas@mvalaw.com and Steve Gruendel, Esq., Email: stevegruendel@mvalaw.com) and (B) Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 4100, Miami, FL 33131 (Attn: Aliette D. Rodz, Esq., Email: ARodz@shutts.com and Martha M. Ferral, Esq., Email: MFerral@shutts.com); (v) Office of the United States Trustee, 51 S.W. Fourth Avenue, Room 1204, Miami, FL 33130 (Attn: Steven M. Wilkes, Esq., Email: Steven.Wilkes@usdoj.gov).

By: */s/ Leyza F. Blanco*
Leyza F. Blanco