

**ORDERED in the Southern District of Florida on July 26, 2023.**



Peter D. Russin, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,                    Case No.: 22-17842-PDR

                                                 Chapter 11
            Debtors.                                (Jointly Administered)
_____/

**ORDER GRANTING IN PART JOINT *EMERGENCY MOTION* FOR
AN ORDER (I) HOLDING JOHN H. OWOC AND MEGAN E. OWOC
IN CONTEMPT OF COURT, AND (II) IMPOSING SANCTIONS**

**THIS MATTER** came before the Court for hearing on June 22, 2023 upon the *Joint Emergency Motion for an Order (I) Holding John H. Owoc and Megan E. Owoc in Contempt of Court, and (II) Imposing Sanctions* (the "Motion"), filed by Debtors Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International

Sales, Inc. (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and along with John H. Owoc and Megan E. Owoc, the "Parties"). ECF No. 1476. With the Court having reviewed the Motion, the response thereto [ECF No. 1504], and having heard and considered argument from the Parties, and being otherwise advised in the premises, it is hereby **ORDERED AND ADJUDGED** that:

1. The Motion [ECF No. 1476] is **GRANTED IN PART**, as follows.

2. Effective as of June 22, 2023, John H. Owoc, Megan E. Owoc, and anyone acting at their direction or on their behalf, including current or former counsel (collectively, the "Owocs"), shall immediately cease all efforts to access or review any non-public documents or information related to the Debtors or their business that Mr. or Mrs. Owoc obtained while employed by any of the Debtors ("Debtor-Related Information"), including but not limited to any information on any electronic devices in the Owocs' possession, custody, or control, and the Owocs shall not modify, alter, change, delete, destroy, or otherwise compromise any such Debtor-Related Information. For the avoidance of doubt, Debtor-Related Information shall not include (a) any communication by the Owocs with their legal counsel; (b) filings in the Debtors' bankruptcy cases; or (c) information that is available in the public domain.

3. No later than five (5) business days following entry of this Order, Mr. Owoc and Mrs. Owoc are to file with the Court declarations providing the following information:

    a. A list of all electronic devices, identified by brand, model, serial number, and IP address, that are or at any time since March 9, 2023 have been in the Owocs' possession, custody, or control and (a) that may contain Debtor-Related Information, or (b) were ever used in connection with Mr. or Mrs. Owoc's work for the Debtors (collectively, "Devices"), along with a

                statement that the Owocs have no Devices in their possession, custody, or control beyond those identified.

      b.      A list of all hard copy versions of any Debtor-Related Information that are or at any time since March 9, 2023 have been in the Owocs' possession, custody, or control (collectively, "<u>Hard Copy Documents</u>"), along with a statement that the Owocs have no Hard Copy Documents in their possession, custody, or control beyond those identified.

      c.      A list of every individual who has imaged, downloaded, retrieved, scanned, printed, sent, transferred, reviewed, read, deleted, or otherwise accessed any Debtor-Related Information contained on or in any Devices or Hard Copy Documents on or after March 10, 2023.

      d.      For each individual identified in response to Paragraph 3.c. of this Order, a detailed list of what Debtor-Related Information has been imaged, downloaded, retrieved, scanned, printed, sent, transferred, reviewed, read, deleted, or otherwise accessed by that individual, along with when such information was imaged, downloaded, retrieved, scanned, printed, sent, transferred, reviewed, read, deleted, or otherwise accessed.

4.      No later than five (5) business days following entry of this Order, all Devices identified shall be placed in the custody of neutral third-party vendor mutually acceptable to the Parties ("<u>Vendor</u>") until further Order from the Court.  The Vendor shall image the Devices, and the Parties shall agree upon a protocol for the review of information contained on the Devices, which shall be performed by a third-party mutually acceptable to the Parties.

3

5. The Court reserves judgment at this time as to all other relief sought in connection with the Motion.

6. The Court reserves jurisdiction to interpret and enforce the terms and conditions of this Order.

### # # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*