# **JOINT EXHIBIT 13**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____ / | (Jointly Administered) |

**DEBTORS' MOTION FOR THE
ENTRY OF AN ORDER CONVERTING THE DEBTORS'
CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

Debtors Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC, and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned attorneys, hereby file this motion (the "Motion"), pursuant to 11 U.S.C. § 1112(a), seeking the entry of an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code. In support of this Motion, the Debtors respectfully represent as follows:

### I.     JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12239879-1

3. The statutory predicates for the relief requested herein are § 1112(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1017(f)(2) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.   BACKGROUND

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

7. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245]. On November 23, 2022, the United States Trustee reconstituted the Committee [ECF No. 400].

8. On January 12, 2023, the Court entered an Order approving debtor-in-possession financing [ECF No. 638] (the "DIP Order").[2]

9. The Debtors advanced a sale process and, on January 27, 2023, filed a motion seeking approval of a sale of substantially all of their assets (the "Sale Motion").[3]

---

[2] *Final Order (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [ECF No. 638].

[3] *Motion for An Order (I) Approving (A) Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially all off the Debtors' Assets Free and Clear of all Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing The Debtors to Provide Bid Protections, and (III) Granting Related Relief Filed by Debtor Vital Pharmaceuticals, Inc.* [ECF No. 707].

12239879-1

10. Pursuant to the Sale Motion, on June 23, 2023, the Debtors filed a *Notice of Adjournment of Sale Hearing and Related Deadlines* [ECF No. 1514], adjourning the sale hearing from June 30, 2023, to a date to be determined.

11. On June 28, 2023, the Debtors entered into an Asset Purchase Agreement (the "APA"), by and between certain of the Debtors and Blast Asset Acquisition LLC, a subsidiary of Monster Beverage Corporation (together with Monster Energy Company, "Monster"), pursuant to which the Debtors intend to sell substantially all of their assets to Monster ("Sale Transaction"). The APA is attached to, and further described in, that certain *Notice of Auction Cancellation and Successful Bidder* filed on June 28, 2023 [ECF No. 1546] and the Court has set hearing on July 13, 2023 to consider approval of the Sale Transaction. The Debtors, along with the Committee and the DIP Lenders — who collectively represent essentially all of the Debtors' creditors — determined that the transaction memorialized in the APA represents the highest and best (and only actionable) offer to purchase substantially all of the Debtors' assets as a going-concern.

12. In conjunction with the Sale Transaction, the Debtors also filed the Settlement Motion[4] seeking authority to enter into a settlement agreement to resolve disputes and claims among (i) the Debtors; (ii) Monster; (iii) the Committee; (iv) Orange Bang, Inc.; and (v) the Supporting Lenders (as defined in the Settlement Motion). Among other things, the proposed settlement would resolve the various litigations between the Debtors and Monster, and would resolve the claims the Supporting Lenders have against the Debtors. Resolution of such disputes is part and parcel of the proposed Sale Transaction and will facilitate an efficient, and value-

---

[4] *Debtors' Expedited Motion to Approve Compromise Between (I) the Debtors, (II) Monster Energy Company, (III) Monster Beverage Corporation, (IV) Orange Bang, Inc., (V) the Committee, and (VI) the Supporting Lenders* (the "Settlement Motion") [ECF No. 1548].

maximizing resolution of these chapter 11 cases. The Debtors requested the Settlement Motion be heard in conjunction with the Sale Transaction.[5]

13. The proposed Sale Transaction is subject to the Hart-Scott-Rodino Act ("HSR Act") which requires premerger notification to the Federal Trade Commission ("FTC") and the Department of Justice ("DOJ"). Monster has indicated that it will not close the proposed Sale Transaction until the waiting period outlined in the HSR Act has expired or been terminated.

14. On June 22, 2023, the FTC issued a "Second Request" to both Monster and the Debtors, which prevents the Parties from closing the transaction until compliance with the requests—a process that would likely take significant time in the absence of early termination. The Debtors and Monster have continued to advocate to the FTC in hopes of an early termination of the "Second Request" period, as the APA represents the only alternative to a liquidation of the Debtors. Indeed, the financing approved by the Court in the DIP Order matures on June 30, 2023. The Debtors have no other sources of liquidity, and their DIP Lenders remain unwilling to extend the DIP maturity (or extend any more funding in advance of maturity absent a clear path to an acceptable transaction, *i.e.*, the Monster Sale Transaction). Therefore, absent the swift expiration or termination of the HSR waiting period for the transactions contemplated by the APA, the Debtors have no alternative but to wind-down operations and minimize the incurrence of additional administrative expenses (including chapter 11 costs) by converting these cases to cases under chapter 7.

---

[5] Contemporaneous with the filing of Settlement Motion, the Debtors filed *Debtors' Ex Parte Motion for Order Shortening Time for Hearing on Debtors' Expedited Motion to Approve Compromise Between (I) the Debtors, (II) Monster Energy Company, (III) Monster Beverage Corporation, (IV) Orange Bang, Inc., (V) the Committee, and (VI) the Supporting Lenders* [ECF No. 1549], seeking to shorten the twenty-one (21) day notice period prescribed by Bankruptcy Rule 2002(a)(3), to 15 days so that this Motion can be heard on July 13, 2023 at 1:30 p.m., which the Court indicated could be available for the Sale Transaction and Settlement Motion hearing.

### III. RELIEF REQUESTED

15. The Debtors request, pursuant to § 1112(a) of the Bankruptcy Code, an order of the Court, in substantially the form attached hereto as **Exhibit "A"**, converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

16. For the reasons stated herein, the Debtors further request that a hearing on this Motion be set on July 13, 2023 at 1:30 p.m., ("Hearing Date") as the Court has already scheduled a hearing on this date and time to consider the Sale Transaction and the Settlement Motion filed by the Debtors which, if approved by the Court, will result in the Debtors' consummating the Sale Transaction. The parties expect to know whether the Monster transaction is viable or not by the end of this week, an outcome that hinges on whether the FTC grants the requested early termination. If it is not viable, the Debtors will have no other option but to convert their chapter 11 cases to cases under chapter 7 as promptly as practicable.

17. The Debtors bring this Motion pursuant to the vote and instruction of their boards of directors or managers, as applicable, seeking conversion of these chapter 11 cases to chapter 7 cases in the event the Sale Transaction and Settlement Agreement cannot move forward. If the Sale Transaction and Settlement Agreement do move forward, the Debtors intend to withdraw this Motion without prejudice.

### IV. BASIS FOR RELIEF REQUESTED

18. Section 1112(a) of the Bankruptcy Code, states in full as follows:

> The debtor may convert a case under this chapter to a case under chapter 7 of this title unless –
>
> (1) the debtor is not a debtor in possession;
>
> (2) the case originally was commenced as an involuntary case under this chapter; or

> (3) the case was converted to a case under this chapter other than on the debtor's request.

11 U.S.C. § 1112(a).

19. Section 1112(a) gives a debtor the absolute right to convert a chapter 11 case to a case under chapter 7, provided that the three limitations set forth above in § 1112(a)(1)-(3) do not apply. *See, e.g., In re Texas Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir. 1988); *In re Schuler*, 119 B.R. 191, 192 (Bankr. W.D. Mo. 1990); *In re Marill Alarm Systems, Inc.,* 100 B.R. 606, 607 (Bankr. S.D. Fla. 1989); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987); *see also* 5 COLLIER ON BANKRUPTCY ¶ 1112.02 (Alan N. Resnick & Henry J Sommer eds. 16th ed.); *but see In re Modern Metal Prods. Co.*, 422 B.R. 118, 124 (Bankr. N.D. Ill. 2009) (deferring to debtor's decision to convert chapter 11 case to a case under chapter 7 using sound discretion of the court standard based upon what will most inure to the benefit of all parties in interest).

20. As a threshold matter, none of the three limitations on a debtor's right to convert that are set forth in § 1112(a)(1)-(3) are present in the Debtors' cases because (i) the Debtors are debtors-in-possession, (ii) each of the Debtors' seven chapter 11 cases was commenced by the filing of a voluntary petition for relief, and (iii) there have been no prior conversions of the Debtors' bankruptcy cases. Accordingly, the Debtors respectfully submit that they have satisfied the statutory standard for conversion of their cases from chapter 11 to cases under chapter 7.

21. Since the commencement of these chapter 11 cases, the Debtors have worked tirelessly to market their assets and effectuate either a value-maximizing restructuring or sale of substantially all of their assets. These efforts culminated in the Sale Transaction and Settlement Agreement. In the event the Sale Transaction or Settlement Agreement are not consummated, the Debtors will not have sufficient funds to continue operating as the Debtors' post-petition financing

and their authority for consensual use of cash collateral under the DIP Order will expire.

22. Absent approval of the Sale Transaction and Settlement Motion, there is no reasonable likelihood that the Debtors can confirm and consummate a chapter 11 plan, and respectfully submit that a chapter 7 trustee will be able to more efficiently and effectively bring these cases to their conclusion.

## NOTICE

23. Notice of this Motion is being provided to (i) the U.S. Trustee, (ii) counsel to the Committee, (iii) counsel for the DIP Lender; (iv) all parties having filed requests for notice in these chapter 11 cases and (v) all known creditors in accordance with Fed. R. Bank. P. 2002(a)(4). The Debtors submit that no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request the entry of an Order, in the form attached hereto as **Exhibit "A"**, converting the Debtors' chapter 11 cases to cases under chapter 7, as well as granting any further relief which the Court deems just and proper.

| | |
|---|---|
| Dated: June 29, 2023<br>      Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email: george.davis@lw.com<br>       tj.li@lw.com<br>       brian.rosen@lw.com<br>       jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 755-9500<br>Email: jguso@bergersingerman.com<br>       mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for the Debtors*

8

12239879-1

# EXHIBIT "A"
# Proposed Order

12239879-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al*.,

Debtors.[1]

_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**ORDER GRANTING DEBTORS' FOR THE ENTRY
OF AN ORDER CONVERTING THE DEBTORS' CHAPTER 11
CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**THIS MATTER** came before the Court on the ___ day of _____, 2023 at ____ a.m./p.m. in Ft. Lauderdale, Florida upon the *Debtors' Motion for the Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* (the

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326.  The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

"Motion")[2] [ECF No. ___]. In the Motion, the Debtors request the entry of an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code. The Court, having considered the Motion, finds that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion was proper and sufficient under the circumstances and no other or further notice is necessary; (v) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtors' chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code effective as of the date of this Order (the "Conversion Date").

3. Upon entry of this Order, to the extent not already delivered, the Carve-Out Termination Notice (as defined in the DIP Order [ECF No. 638]) shall be deemed delivered as provided for and in accordance with the DIP Order.

4. The U.S. Trustee is directed to appoint a chapter 7 trustee following the Conversion Date.

5. The Debtors shall:

   a. After the appointment of the chapter 7 trustee, forthwith turn over to the chapter 7 trustee all records and property of the estate under the Debtors' custody and control as required by Bankruptcy Rule 1019(4);

   b. Within 30 days of the Conversion Date, file an accounting of all receipts

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given such terms in the Motion.

2

and distributions made.  A copy of this report must be served on the U.S. Trustee;

c. File, within 14 days of the Conversion Date, a schedule of unpaid debts incurred after the commencement of the Debtors' chapter 11 cases as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B).  The Debtors or Debtors' attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B).  Failure to comply may also result in sanctions being imposed by the Court.  Debts not listed or noticed timely will not be discharged.  A copy of this schedule shall be served on the chapter 7 trustee; and

d. File, within 14 days of the date of the Conversion Date, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B).

6. Pursuant to Local Rule 2016-1(C)(2), the Debtors' attorney, any examiner or trustee appointed by the court, or any other professional person employed under 11 U.S.C. §327 or §1103 shall, file within 90 days after the date of the post-conversion meeting, an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which has not been approved by a prior award.  Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee.  The attorney for the Debtors-in-Possession shall notify all such professionals of this deadline by serving them with a copy of this order.

7. The Debtors shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

8.  Failure of the Debtors to comply with the provisions of this Order may result in dismissal of the chapter 7 cases without further hearing or notice.

9.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com

Copies furnished to:
Jordi Guso, Esq.
*(Attorney Guso is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*