ORDERED in the Southern District of Florida on July 29, 2023



Peter D. Russin, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

Vital Pharmaceuticals, *et al.*,

Debtors.
_____/

Case No. 22-17842-PDR

Chapter 11
(Jointly Administered)

**ORDER DENYING, IN PART, JOHN H. OWOC'S EMERGENCY MOTION FOR CONFIRMATION THE AUTOMATIC STAY DOES NOT APPLY TO REVOCATION OF DEBTOR'S SUBCHAPTER S CORPORATE STATUS**

THIS MATTER came before the Court for trial on July 28, 2023, at 1:30 p.m. and July 29, 2023 at 4:00 p.m., on John H. Owoc's Emergency Motion for Confirmation that the Automatic Stay Does Not Apply to Revocation of Debtor's Subchapter S Corporate Status (the "Motion").[1] Thirty years ago, Debtor Vital Pharmaceuticals, Inc. made an election to be treated as an S-Corp. In his Motion, Mr. Owoc asks this Court to confirm that the automatic stay does not bar him from revoking Vital's S Election or, if it does, to grant him stay relief so he can do so.[2]

---

[1] Doc. 1627.

[2] *Id.* ¶ 7.

As part of the relief requested in his Motion, Mr. Owoc asks the Court to compel Vital to cooperate with any steps that are necessary to effectuate the revocation of Vital's S Election, including compelling Vital to sign and file a statement of revocation and to file an election to allocate income and expenses based on the "close the books" approach under 26 U.S.C. § 1362 and Treasury Regulation § 1-1362-6.[3]

For the reasons stated on the record at the July 29 Hearing, the Court declines to compel Vital to revoke its S Election and "close the books." Accordingly, it is

**ORDERED:**

1. Mr. Owoc's Motion is DENIED to the extent it asks the Court to compel Debtor Vital Pharmaceuticals, Inc. to file a statement revoking its S Election and to file an election allocating its income and expenses based on the "close the books" approach under 26 U.S.C. § 1362 and Treasury Regulation § 1-1362-6.

2. The Court defers ruling on the other legal issues raised in Mr. Owoc's Motion. Those issues include whether Mr. Owoc's Motion is barred by the doctrine of laches; whether Vital's S Election is property of the Debtors' estate under Bankruptcy Code § 541; whether the automatic stay bars revocation of Vital's S Election; and if the automatic stay bars revocation, whether it is appropriate to grant Mr. Owoc relief from the automatic stay so he can attempt to effectuate a revocation of Vital's S Election and elect to "close the books."

3. The Court reserves jurisdiction to enter a memorandum opinion more fully explaining its reasoning for declining to compel Vital to file a statement revoking

---

[3] *Id.*

its S Election and to file an election allocating its income and expenses based on the "close the books" approach under 26 U.S.C. § 1362 and Treasury Regulation § 1-1362-6.

###

Copies to:

All parties in interest