UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

Debtors.
_____/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

## NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*

[X] *Testimony*:  Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Debtors in the above-captioned matter (the "Debtors") will examine John H. Owoc (the "Examinee") under oath on August 17, 2023 at 9:00 a.m. EST.  The examination will be conducted in-person at the offices of **Berger Singerman LLP, 201 East Las Olas Boulevard, Suite 1500, Fort Lauderdale, FL 33301**, and will be recorded by transcription.  The examination may continue from day to day until completed.

[X] *Production*:  Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, the Debtors requests that Examinee produce the documents, electronically stored information, or objects described in the attached subpoena, on August 16, 2023 at 9:00 a.m. EST, at **Berger Singerman LLP, Attn: Jordi Guso, 201 East Las Olas Boulevard, Suite 1500, Fort Lauderdale, FL 33301**.

If the Examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.  The

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12332310-1

scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

| | |
|---|---|
| Dated: August 2, 2023<br>Miami, Florida | Respectfully submitted,<br><br>*/s/ Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Liza L. Burton (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email: george.davis@lw.com<br>    liza.burton@lw.com<br>    tj.li@lw.com<br>    brian.rosen@lw.com<br>    jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 755-9500<br>Email: jguso@bergersingerman.com<br>    mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Joseph Celentino (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re VITAL PHARMACEUTICALS, INC., *et al.*,      Case No. 22-17842 (PDR)
                 Debtors.

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: John H. Owoc, 16720 Stratford Ct, Southwest Ranches, FL 33331

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: | DATE AND TIME: |
|---|---|
| **BERGER SINGERMAN LLP**<br>201 East Las Olas Boulevard, Suite 1500<br>Fort Lauderdale, FL 33301 | **August 17, 2023**<br>**9:00 a.m. EST** |

The examination will be recorded by this method: Court Reporter

[X] *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination): **All Documents listed on Exhibit A.**

| PLACE:<br>(if not produced electronically)<br><br>Jordi Guso<br>**BERGER SINGERMAN LLP**<br>201 East Las Olas Boulevard, Suite 1500<br>Fort Lauderdale, FL 33301<br>Telephone: (305) 755-9500 | DATE AND TIME:<br><br>**August 16, 2023**<br>**9:00 a.m. EST** |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

LF-84 (rev. 12/01/21)

Date: Aug. 2, 2023

    Clerk of Court                                              Jordi Guso, Esq.
                                                                              FBN: 863580
                                        or

_____           */s/ Jordi Guso*_____
Signature of Clerk or Deputy Clerk          Attorney's Signature

---

The name, address, email address, and telephone number of the attorney representing the Debtors who issues or requests this subpoena, are: Jordi Guso, Esq. and Michael J. Niles, Esq., Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, (305) 755-9500, jguso@bergersingerman.com, mniles@bergersingerman.com

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                            _____
                                                      *Server's signature*

                                            _____
                                                *Printed name and title*

                                            _____
                                                      *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **DEFINITIONS**

All terms not otherwise defined shall have their ordinary and common meanings. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1. The term "COMMUNICATIONS" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

2. The term "DEBTORS" shall refer to Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc.

3. The terms "DOCUMENT" or "DOCUMENTS" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure, and shall include, without limitation, any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced, and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including, without limitation, originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any

variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

4. The term "S-Corporation" shall refer to term S corporation as defined in 26 U.S.C. § 1361.

5. The term "VPX" shall refer to Vital Pharmaceuticals, Inc.

6. The terms "YOU" and "YOUR" shall refer to John H. Owoc or anyone acting on his behalf.

## **INSTRUCTIONS**

The following instructions, which incorporate the foregoing definitions, are applicable to all Requests, unless otherwise specified:

1. The foregoing definitions and any terms used in the Requests should be construed and applied sensibly to conform to the subject matter of the Requests below, so that each Request is interpreted reasonably and as broadly as possible. Whenever appropriate, the singular form of a word shall be interpreted in the plural form and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and words in the masculine, feminine, or neutral form shall include each of the other genders. Additionally, the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any responses that might otherwise be construed to be outside their scope. Unless specifically defined herein, all words and terms used herein shall be construed and interpreted according to ordinary custom, usage, and meaning.

2. YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR directors, officers, employees, agents, representatives, associates, affiliates, attorneys, investigators, partnerships, parents, or subsidiaries, and any other persons under YOUR control. If, after a reasonable and diligent search, YOU discover that YOU do not have any DOCUMENTS responsive to a particular Request in YOUR possession, custody, or control, YOU must state whether YOUR inability to produce responsive DOCUMENTS is because the DOCUMENTS never existed, were destroyed, were lost, misplaced, or stolen, and/or never were (or are no longer) in YOUR possession custody, or control. YOU must also state the name and contact information of any person or organization known or believed by YOU to have possession, custody or control of the DOCUMENTS that are not in YOUR possession, custody, or control.

3. In the event that any DOCUMENT sought by these Requests has been destroyed or discarded (or otherwise no longer exists), that DOCUMENT shall be identified.

4. If YOU object to any part of a Request, YOU are required to set forth the specific basis for YOUR objection and respond to all parts of the Request to which YOU do not object, including through a partial production of DOCUMENTS in response to the parts of the Request that are not objectionable.

5. If YOU withhold any DOCUMENTS on the basis of any asserted privilege or immunity, you must provide a log that states for each DOCUMENT:

    a. The date of the DOCUMENT;

    b. The author(s) of the DOCUMENT;

    c. Any recipient(s) of the DOCUMENT;

      d.   The subject matter of the DOCUMENT (described in a manner that will not reveal the privileged or protected information);

      e.   The basis of the privilege asserted; and

      f.   Any additional facts upon which YOU base YOUR claim of privilege or immunity.

6.    If YOU cannot respond to any Request in full, respond to that Request as completely as possible and describe in detail all reasons for YOUR inability or failure to respond completely.  If, in responding to any Request, YOU encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous, and the construction used in responding.

7.    YOUR obligation to comply with these Requests is continuing.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, as made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, YOU are required to supplement or correct YOUR responses if YOU learn that YOUR responses are incomplete or incorrect in any material respect.

8.    All DOCUMENTS that respond, in whole or in part, to any portion of any Request shall be produced in their entirety, including all attachments, enclosures, and metadata.

9.    All DOCUMENTS shall be produced in the order in which they are kept in the usual course of business, and shall be produced in their original folders, binders, covers, or containers (or photocopies thereof), and with their original metadata.

10.    Electronic records and computerized information must be produced in their native electronic format (meaning the default format of a data file created by its associated software program) together with all metadata, unless such documents can be produced in another

appropriate and useable manner without loss of any functionality, metadata or other information associated with the document in the way it was kept in the ordinary course of business.

      11.     Besides electronic records, documents shall be produced as a PDF with optical character recognition, or in another format agreed upon by the parties.

## **DOCUMENTS REQUESTED**

**Request No. 1:**  DOCUMENTS sufficient to demonstrate any steps YOU have taken to change the tax status of VPX through the date of YOUR response to this Subpoena, including but not limited to any efforts by YOU or taken on YOUR behalf to revoke or terminate VPX's status as an S-CORPORATION or any transfer of YOUR shares or interest in VPX to any entity or individual.

**Request No. 2**:  DOCUMENTS sufficient to demonstrate any steps YOU have taken to change the tax status of any of the DEBTORS through the date of YOUR response to this Subpoena, including but not limited to the filing of any IRS Form 8832 with respect to any of the DEBTORS.