UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:  Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]  Case No.: 22-17842-PDR

Debtors.  (Jointly Administered)

_____/

**DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREGG H. METZGER, LLC, D/B/A LAW OFFICE OF GREGG H. METZGER IN THE ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF AUGUST 1, 2023**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (this "Motion"), seeking entry of an order authorizing the Debtors to retain and compensate Gregg H. Metzger, LLC, a Florida limited liability company d/b/a Law Office of Gregg H. Metzger ("Metzger") in the ordinary course of the Debtors' businesses, effective as of August 1, 2023, upon the terms set forth in the letter agreement dated August 3, 2023, attached hereto as **Exhibit A** (the "Engagement Letter"), entered into by and between Metzger and the Debtors. In support of this Motion, the Debtors respectfully represent as follows:

I. **Jurisdiction**

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12327369-2

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are sections 105(a), 363 and 521 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(c) and 2015.3(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. Background

3. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 12] (the "First Day Declaration").

6. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

7. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

## III. Relief Requested

8. By this Motion, the Debtors seek entry of an order (a) authorizing the Debtors to continue to retain and compensate Metzger on a post-petition basis in accordance with the Compensation Procedures (as defined below), without the need for Metzger to file a formal application for retention and compensation pursuant to section 327, 328, 330 and 331 of the

Bankruptcy Code and (b) granting related relief.

9. On June 15, 2020, Gregg H. Metzger, an attorney, became employed in-house as the Debtors' Chief Litigation Counsel, in which role he provided legal counsel to the Debtors with respect to, *inter alia*, oversight of various state and federal court matters to which the Debtors were, and are, a party. In or about mid-December 2022, Metzger undertook supervision of Debtors' entire in-house legal department and functioned in that capacity through and including July 31, 2023. Mr. Metzger's sworn declaration of disinterestedness is attached hereto as **Exhibit B**.

10. On July 31, 2023, the Debtors consummated the sale of substantially all of their assets to Blast Asset Acquisition, LLC, an acquisition vehicle that is a subsidiary of Monster Beverage Corporation ("Buyer"). Given the sale and in order to reduce expenses, the Debtors terminated all of their employees[2] and filed *Debtors' Eleventh Omnibus Motion for Entry of an Order Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases* [ECF No. 1756], seeking the entry of an Order authorizing the Debtors to reject certain executory contracts (including the Employment Agreement between the Debtors and Metzger) and unexpired leases that the Buyer did not wish to acquire, via assumption and assignment, effective as of July 31, 2023.

11. While the Debtors are liquidating, they continue to require Metzger's services of in connection with the winddown of their businesses. Metzger has agreed to provide those services upon the terms set forth in the Engagement Letter. Metzger has agreed to provide those services at the rate of $350 per hour plus reasonable and documented expenses.

12. An ordinary course professional is distinct from those professionals who are tasked specifically with assisting the Debtors with their chapter 11 bankruptcy cases (for whom

---

[2] Certain of the Debtors' former employees were offered employment by the Buyer.

12327369-2                                3

the Debtors have sought authority to employ through separate applications to this Court).

13. The uninterrupted services of Metzger are critical to the Debtors' ability to winddown their affairs. The Debtors' desire to continue to employ and retain Metzger to render legal services to their estates in accordance with the terms of the Engagement Letter. Although the Debtors anticipate that Metzger will wish to continue to provide legal services to the Debtors on an ongoing basis, Metzger may not be in a position to do so if the Debtors cannot pay him on a regular basis. The Debtors' estates and their creditors are best served by avoiding any disruption in the legal services that are required by the Debtors.

14. Metzger does not hold any claims against the Debtors in connection with services rendered to the Debtors pre-petition, and does not have any interest materially adverse to the Debtors, their creditors or other parties-in-interest. Metzger will assist with the Debtors' ongoing professional matters as identified in paragraph 11 above. Thus, the Debtors believe that Metzger does not constitute a "professional person" within the meaning of section 327 of the Bankruptcy Code. Nonetheless, out of an abundance of caution, the Debtors are moving this Court for an order authorizing the retention of Metzger as an ordinary course professional.

15. With respect to Metzger, the Debtors request that the Court dispense with the requirement of an individual employment application and retention order, and that Metzger be retained effective as of August 1, 2023, but subject to the following terms and procedures (the "<u>Compensation Procedures</u>"):

    a. The Debtors shall be authorized to pay, without formal application to the Court by Metzger, 100% of the fees and disbursements incurred by Metzger upon the later of: (i) fourteen (14) days after the issuance of an invoice by Metzger detailing the services rendered by Metzger or (ii) if, and to the extent Court approval is required, three (3) days after the Court's approval of the payment of such invoice, provided, however, that Metzger's fees, excluding cost and disbursements, do not exceed $15,000 per week while these chapter 11 cases are pending.

  b. Any payments to Metzger in excess of the fee cap set forth in clause (a) above shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "<u>Local Rules</u>"), the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

  c. Beginning on October 1, 2023 and on the first day of each quarter thereafter in which these chapter 11 cases are pending, the Debtors shall file with the Court a statement with respect to the amounts paid to Metzger during the immediately preceding three-month period. The statement shall include the following information: (i) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by Metzger during the reported quarter; and (iii) a general description of the services rendered by Metzger.

## **Applicable Authority**

16. In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[t]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors' estate."); *In re Drexel Burnham Lambert Grp. Inc.*, 112 B.R. 584, 587 (Bankr. S.D.N.Y. 1990) (same). In making its determination as to whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, courts often consider the following factors:

  a. whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the Debtors' reorganization;

  b. whether the entity is involved in negotiating the terms of a plan of reorganization;

  c. whether the entity is directly related to the type of work carried out by the Debtors or to the routine maintenance of the Debtors' business operations;

> d. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the Debtors' estates;
>
> e. the extent of the entity's involvement in the administration of the Debtors' estates; and
>
> f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re ITG Vegas, Inc.*, No. 06–16350–BKC–PGH, 2007 WL 1087212, *1 (Bankr. S.D. Fla. April 3, 2007) (holding that political consultant was not a "professional person") (citing *In re First Merchs. Acceptance Corp.*, No. 97–1500 JJF, 1997 WL 873551, *2 (Bankr. D. Del. Dec. 15, 1997) ("The six-factor test … is designed to harmonize … limit[ing] the definition of professionals to those occupations that play a central part in the reorganization, with those cases that define a professional as an employee that is given discretion or autonomy in some part of the Debtors' estate."); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (only those professionals involved in the actual reorganization effort, rather than the Debtors' ongoing business, require approval under section 327); *see also In re That's Entm't Mktg. Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327).

17. The foregoing factors must be considered in totality (*i.e.*, none of the factors alone is dispositive). *ITG Vegas, Inc.*, 2007 WL 1087212, *2 (weighing the above factors against one another and considering them in totality). Considering all of the factors, the Debtors do not believe that Metzger is a "professional" within the meaning of section 327. Specifically, Metzger will not be involved in the administration of the Debtors' chapter 11 cases but, instead, will provide legal services in connection with the winddown of the Debtors' business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an

abundance of caution, the Debtors seek the relief requested in this Motion to establish clear mechanisms for retention and payment of Metzger and thereby avoid any subsequent controversy with respect thereto.

18. In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. 11 U.S.C. § 1107(a). Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

19. Furthermore, section 363 of the Bankruptcy Code allows a debtor to use property of the estate, including cash collateral, in the ordinary course of business after notice and a hearing. *Id.* § 363(c).

20. The relief sought herein is not unusual considering the size and complexity of the Debtors' cases. In fact, courts in this district and elsewhere have routinely granted the same or similar relief to chapter 11 Debtors in other chapter 11 cases. *See e.g., In re Delphi Behavioral Health Group, LLC,* No. 23-10945 (Bankr. S.D. Fla. Feb. 10, 2023); *In re American Purchasing*

*Services, LLC, et al.*, No. 20-23495 (Bankr. S.D. Fla. Jan. 11, 2021); *In re Tamarac 10200, LLC, et al.*, No. 20-23346 (Bankr. S.D. Fla. Jan. 29, 2021); *In re Maguire Group Holdings, Inc., et al.*, No. 11-39347 (Bankr. S.D. Fla. Nov. 10, 2011); *In re HearUSA, Inc.*, No. 11-23341 (Bankr. S.D. Fla. May 20, 2011); *In re Medical Staffing Network Holdings, Inc., et al.*, No. 10-29101 (Bankr. S.D. Fla. July 7, 2010); *In re TOUSA, Inc., et al.*, No. 08-10928 (Bankr. S.D. Fla. Feb. 4, 2008); *In re The SCO Group, Inc., et al.*, No. 07-11337 (Bankr. D. Del. Nov. 6, 2007); *In re All American Semiconductor, Inc.*, No. 07-12963 (Bankr. S.D. Fla. May 22, 2007); *In re Dura Auto. Sys., Inc.*, No. 06-11202 (Bankr. D. Del. Nov. 20, 2006); *In re Gemini Cargo Logistics, Inc.*, No. 06-10870 (Bankr. S.D. Fla. Apr. 11, 2006); *In re Calpine Corp.*, No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006); and *In re Atlas Worldwide Aviation Logistics, Inc.*, No. 04-10792 (Bankr. S.D. Fla. Feb. 10, 2004).

21. The Debtors and their estates would be well served by continued retention of Metzger because of his established relationships with the Debtors and understanding of the Debtors and their operations.

22. In light of the fact that Metzger will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and costly for the Debtors and their legal advisors to prepare and submit an application and proposed retention order for Metzger. The Debtors submit that it is in the best interests of all creditors and parties in interest to avoid any disruption in the professional services that are required for day-to-day operation of the Debtors' businesses by retaining and compensating Metzger in accordance with the Compensation Procedures.

23. The Debtors submit that approval of the relief requested herein will not prejudice any of the parties in the chapter 11 cases.

**WHEREFORE**, the Debtors request that the Court enter an order in the form attached hereto as **Exhibit "C"** (i) authorizing the Debtors to retain and compensate Metzger pursuant to

the terms and conditions set forth herein and pursuant to the Compensation Procedures, and (ii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: August 7, 2023<br>       Miami, Florida | Respectfully submitted,<br><br>/s/ *Jordi Guso* |
| George A. Davis (admitted *pro hac vice*)<br>Tianjiao ("TJ") Li (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email: george.davis@lw.com<br>        tj.li@lw.com<br>        brian.rosen@lw.com<br>        jon.weichselbaum@lw.com | Jordi Guso<br>Florida Bar No. 863580<br>Michael J. Niles<br>Florida Bar No. 107203<br>**BERGER SINGERMAN LLP**<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 755-9500<br>Email: jguso@bergersingerman.com<br>        mniles@bergersingerman.com |

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for the Debtors*

# EXHIBIT A

## Engagement Letter

12327369-2

## LAW OFFICE OF
## GREGG H. METZGER

4 N. Federal Highway
#PH-872
Dania Beach, FL 33004

**Reply to:**
Gregg H. Metzger
P: 954-483-5773
gmetzger@metzgerlegal.com

August 3, 2023

**VIA EMAIL**
**Estate of Vital Pharmaceuticals, Inc., et al.**
John DiDonato
Interim CEO/Chief Transformation Officer
jdidonato@hcg.com
1600 North Park Drive
Fort Lauderdale, FL 33326

Re:  *In Re: Vital Pharmaceuticals, Inc. et al.*
Case No. 22-17842-PDR (U.S. Bkr. S.D. Fla.)
**Proposal for Independently Contracted Engagement of Gregg H. Metzger, LLC to Serve as Estate General Counsel for Post-Closing Administration**

Dear John:

    This letter agreement governs the professional engagement of my firm, Gregg H. Metzger, LLC, a Florida limited liability company d/b/a Law Office of Gregg H. Metzger (hereinafter the "Firm"), to serve as General Counsel of the referenced bankruptcy estate (hereinafter "Client") in relation to its ongoing liquidation and winddown after the closing of the sale of the Client's going concern assets (hereinafter the "Engagement"). If the Firm hereafter operates through any newly formed legal entity, such entity, at its option, may succeed to the Firm's rights hereunder upon notice to Client.

    Attorney Gregg Metzger ("Metzger") will be the sole attorney of the Firm who executes the role of General Counsel in connection with the Engagement and thus will be designated Client's General Counsel. If the Firm is required, and otherwise duly authorized, to hire or otherwise engage, or if Client directly engages, any additional attorney(s) to assist Metzger in connection with the Engagement, each and any such additional attorney(s) will be designated Client's Assistant General Counsel.

    The rate for Gregg Metzger's services in connection with the Engagement shall be ***$350 per hour***. No retainer deposit is required.

    In accordance with the billing and payment terms hereinafter set forth, Client shall be, and at all times shall remain, obligated to the Firm for timely and full payment of: (1) Attorney's fees based upon the time expended by any of the Firm's attorneys or para-professionals rendering services in the Engagement; (2) Any out-of-pocket expenses the Firm advances or incurs in the course of rendering services in the Engagement (such as, for example but without exclusion, court filing fees, courthouse parking expenses, reasonable charges relating to printing and copying, fee-based online legal research and informational resources, travel or travel-related expenses, and advances for necessary outsourced attorneys, para-professionals, administrative assistants and/or

Estate of Vital Pharmaceuticals, Inc., et al.
August 3, 2023
Page 2

vendor support), and (3) Any bills that contracted attorneys, para-professionals, administrative assistants, and/or vendors may issue directly to Client in the Engagement.

For professional activity in which Metzger, and (if applicable) any other attorney(s), any para-professional(s) and/or any administrative assistant(s) of the Firm, may engage in connection with the Engagement, and for any reimbursable expenses that the Firm may advance or incur in connection with the Engagement, during each week, the Firm will issue weekly invoices to Client, either at the conclusion of such workweek or at the commencement of the immediately succeeding workweek. The Firm, at its option, may submit its invoices to Client via email.

The Firm's invoices issued hereunder shall be subject to review and approval by Estate, and if and to the extent required by applicable law, bankruptcy court approval. If Estate has any questions or objections regarding any the Firm's invoice issued hereunder, Estate must present such questions or objections to the Firm no later than ten (10) days after such invoice's original issuance date, failing which Estate shall be deemed to have waived any and all objections to payment of such invoice. Each of the Firm's invoices issued hereunder shall be, and shall be deemed to be, delinquent if and to the extent Estate does not pay it in full on or before the later of: (i) fourteen (14) days after such invoice's original issuance date or (ii) if and to the extent bankruptcy court approval is required by applicable law, three (3) days after the bankruptcy court has approved payment of such invoice. Payments of the Firm's invoices shall be directed to "Gregg H. Metzger, LLC" via check, draft, wire or ACH transfer.

Client's payment obligation to the Firm hereunder is not, in any way, contingent upon the outcome of the Engagement or the outcome of any related tasks, projects or activities

Client acknowledges and agrees that: (1) Client's failure to meet any of their financial obligations to Firm arising hereunder shall be grounds for the Firm to discontinue its representation of Client in the Engagement, including, but not limited to, withdrawing from any active litigation upon obtaining required leave of Court to do so; and (2) Any such discontinuation of representation by Firm shall not relieve Client of Client's financial obligations to the Firm hereunder.

The Firm will retain and dispose of all records and files relating to the Engagement in compliance with the Firm's current policy. Subject to future changes, it is the Firm's current policy to retain records relating to its matters in accordance with minimum Florida Bar requirements. It is recommended that Client maintain Client's own files for reference.

Any judicial claim, counterclaim or proceeding that Client or the Firm commences, or may commence, in connection with: (1) Client's engagement of the Firm hereunder, (2) Client's financial responsibility to the Firm hereunder or (3) the Firm's (and/or any of its attorneys' and/or para-professionals' and/or administrative assistants') performance of services hereunder, shall be brought in, and only in, a state or federal court of competent jurisdiction located in Broward County, Florida, or if required or otherwise appropriate, the bankruptcy court within the referenced bankruptcy case, which shall be the sole and exclusive forum for any and all such judicial proceedings. Further, if the Firm is required to pursue collection, including, but not limited to, judicial action, to recover from Client any delinquent sums due to the Firm hereunder, the Firm shall be further entitled to recover from Client the reasonable attorneys' fees the Firm incurs in connection therewith, including, but not limited to, the value of the time that any attorney of the Firm might expend in connection with such collection efforts.

Estate of Vital Pharmaceuticals, Inc., et al.
August 3, 2023
Page 3

      Florida law shall govern all aspects hereof, including rights and obligations created hereby, irrespective of Florida choice-of-law principles, except to the extent state law might be preempted by federal bankruptcy law in connection with the Engagement.

      The above and foregoing sets forth the parties' entire agreement regarding the terms of the Firm's engagement hereunder. This agreement can be amended or modified only in writing signed by all parties hereto. Each natural person signing or countersigning this letter agreement below on behalf of any entity or entities represents that he or she has full authority to do so such that this letter agreement shall be binding upon such entity or entities. This letter agreement may be signed in one or more counterparts and binds each party signing it (or on whose behalf it is signed). If any provision of this letter agreement, or the application thereof, is held invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of other provisions or applications of this letter agreement, which shall continue to have full force and effect.

      The Firm's Engagement hereunder shall become effective upon, but not until, this engagement letter is duly countersigned and dated by Client and returned to the Firm in fully countersigned form, and if and to the extent required by applicable law, the Engagement hereunder receives bankruptcy court approval.

      Very truly yours,

      *Gregg Metzger*
      Gregg H. Metzger
      For the Firm

### ACKNOWLEDGEMENT OF TERMS OF ENGAGEMENT

      By signing below, Client: (1) Acknowledges that it has read, understands and agrees to this letter agreement and its terms and (2) Acknowledges that, under no circumstances, does the Firm accept or undertake representation of any person or entity identified as a client herein unless or until each and every person and/or entity identified as a client herein has duly countersigned and dated this letter agreement. Further, any natural person who signs below on behalf of an entity represents and acknowledges that such natural person has the power to bind such entity to the terms hereof. The above and foregoing is approved and accepted by Client as of the date of its respective signature indicated below.

**ESTATE OF VITAL PHARMACEUTICALS, INC. ET AL.**

By: _____[signature]_____
    John DiDonato, Interim CEO/Chief Transformation Officer

Dated: __8/5/23__

# EXHIBIT B

## Declaration of Disinterestedness

12327369-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                          Chapter 11 Case

VITAL PHARMACEUTICALS, INC., *et al.*,[1]                Case No.: 22-17842-PDR

    Debtors.                                                           (Jointly Administered)
_____/

## **DECLARATION OF DISINTERESTEDNESS**

I, Gregg Howard Metzger, declare under penalty of perjury:

    1.    I, a member in good standing of the Florida Bar, am sole member, manager and principal of Gregg H. Metzger, LLC, a Florida limited liability company d/b/a Law Office of Gregg H. Metzger, a law firm, located at 4 North Federal Highway, #PH-872, Dania Beach, FL 33004 (the "Company").

    2.    The above-captioned Debtors and Debtors in possession (the "Debtors") have requested that the Company provide Debtors services functionally equivalent to that of a general counsel in relation to the ongoing winddown and liquidation of Debtors' bankruptcy estate in connection with their chapter 11 cases, and the Company has consented to provide such services.

    3.    The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

    4.    As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these chapter 11 cases.

    5.    Neither I, nor any person or professional employed by the Company, has agreed to

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12331721-1

share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.   Neither I, nor any person or professional employed by the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7.   The Debtors owe the Company $0.00 for pre-petition services, the payment of which is subject to limitations contained in United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

8.   As of the Petition Date, the Company was not party to the agreement for indemnification of the Debtors.

9.   The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2023.

/s/ *Gregg Howard Metzger*
Gregg Howard Metzger

12331721-1

# EXHIBIT C

## Proposed Order

12327369-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREGG H. METZGER, LLC, D/B/A LAW OFFICE OF GREGG H. METZGER IN THE ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF AUGUST 1, 2023**

**THIS MATTER** came before the Court for a hearing on August ___, 2023, at _____ a.m./p.m., in Fort Lauderdale, Florida upon the *Debtors' Motion for Entry of*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12328370-1

*Order Authorizing the Retention and Employment of Gregg H. Metzger, LLC, d/b/a Law Office of Gregg H. Metzger in the Ordinary Course of Business, Effective as of August 1, 2023* [ECF No. ___] (the "Motion"), seeking the entry of an order authorizing the Debtors[2] to retain and compensate Gregg H. Metzger, LLC, a Florida limited liability company d/b/a Law Office of Gregg H. Metzger ("Metzger") in the ordinary course of the Debtors' business, effective as of August 1, 2023, upon the terms set forth in the Engagement Letter attached to the Motion as Exhibit A. The Court, having considered the Motion, the Engagement Letter, and the *Declaration of Disinterestedness* attached to the Motion as Exhibit B, finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the Constitution; (d) notice of the Motion and the hearing thereon was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein, it is

**ORDERED** that:

1. The Motion is **GRANTED**, upon the terms set forth in the Engagement Letter, effective as of August 1, 2023.

2. The Debtors are authorized, but not required, to retain and pay reasonable fees and expenses for the legal services of Metzger to assist and advise the Debtors in the winddown of their affairs, arising in the ordinary course of the Debtors' business.

3. The following procedures for the retention of Metzger are hereby approved:

    a. The Debtors shall be authorized to pay, without formal application to the Court by Metzger, 100% of the fees and disbursements incurred by Metzger upon the later of: (i) fourteen (14) days after the issuance of an

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

12328370-1

        invoice by Metzger detailing the services rendered by Metzger or (ii) if, and to the extent Court approval is required, three (3) days after the Court's approval of the payment of such invoice, provided, however, that Metzger's fees, excluding cost and disbursements, do not exceed $15,000 per week while these chapter 11 cases are pending.

    b.    Any payments to Metzger in excess of the fee cap set forth in clause (a) above shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "Local Rules"), the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court.

    c.    Beginning on October 1, 2023, and on the first day of each quarter thereafter in which these chapter 11 cases are pending, the Debtors shall file with the Court a statement with respect to the amounts paid to Metzger during the immediately preceding three-month period. The statement shall include the following information: (i) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by Metzger during the reported quarter; and (iii) a general description of the services rendered by Metzger.

4.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*