UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

        Debtors.

_____/

Case No.: 22-17842-PDR

Chapter 11
(Jointly Administered)

### NOTICE OF INTENT TO SERVE SUBPOENA *DUCES TECUM* ON ROTHSCHILD & CO US INC.

PLEASE TAKE NOTICE THAT Creditor and Interested Party John H. Owoc ("***Mr. Owoc***"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 45(a)(4) made applicable by Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, hereby gives notice of his intent to serve a subpoena, in the form attached hereto as **Exhibit 1**, on Rothschild & Co US Inc. ("***Rothschild'***") on August 9, 2023, or as soon thereafter as service may be effectuated.

Dated: August 9, 2023

PHANG & FELDMAN, P.A.
*Attorneys for John H. Owoc, Megan Owoc,*
*Elite Island, LLC and Entourage IP Holding, LLC*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223

By: */s/ Jonathan S. Feldman*
     Jonathan S. Feldman (12682)
     feldman@katiephang.com
     service@katiephang.com

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).



**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL 33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2023, a true and correct copy of the foregoing was served based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case.

        By: */s/ Jonathan S. Feldman*  
           Jonathan S. Feldman (12682)  
           feldman@katiephang.com  
           service@katiephang.com

Phang | Feldman

**One Biscayne Tower | Suite 1600 | 2 S. Biscayne Boulevard | Miami, FL  33131**  
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,   Case No.: 22-17842-PDR

                                          Chapter 11
        Debtors.                                  (Jointly Administered)
_____/

## NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM* OF ROTHSCHILD & CO US INC. VIA ZOOM

PLEASE TAKE NOTICE THAT Creditor and Interested Party John H. Owoc ("**Mr. Owoc**"), through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, will take the deposition *duces tecum* upon oral examination Rothschild & Co US Inc. ("**Rothschild'**) through one or more of its designated officers, directors, or managing agents, or other persons who consent to testify on its behalf, on August 31, 2023, at 9:30 a.m. (Eastern)[1] via Zoom at the offices of Phang & Feldman, P.A., One Biscayne Tower, Suite 1600, 2 S. Biscayne Boulevard, Miami, Florida 33131.   The Areas of Inquiry are attached as **Exhibit A** to the subpoena.

Rothschild is asked to produce the documents, electronically stored information or objects described and  requested in the attached **Exhibit B** to the subpoena or before August 25, 2023, at 5:00 p.m. (Eastern) to undersigned counsel.

The deposition shall continue from day to day until complete and shall be taken via Zoom before a Notary Public, Lexitas Reporting, or other qualified certified court reporter authorized to

---

[1] Date selected is a placeholder subject to coordination with deponent(s) and other interest parties in this case.



**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL  33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

conduct such deposition, and who is not a party to this case, and the deposition will be recorded stenographically and by videotape.

Dated: August 9, 2023

PHANG & FELDMAN, P.A.
*Attorneys for John H. Owoc, Megan Owoc,*
*Elite Island, LLC and Entourage IP Holding, LLC*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223

By: */s/ Jonathan S. Feldman*
     Jonathan S. Feldman (12682)
     feldman@katiephang.com
     service@katiephang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2023, a true and correct copy of the foregoing was served based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case.

*/s/ Jonathan S. Feldman*
Jonathan S. Feldman (12682)
feldman@katiephang.com
service@katiephang.com

Copy:   David Bixby, Esq., Lexitas Reporting
        (David.Bixby@LexitasLegal.com)

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re: VITAL PHARMACEUTICALS, INC., *et al.*,[i]     Case No. 22-17842-PDR

_____Debtors._____/     Chapter 11 (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **Rothschild & Co S Inc., through one or more of its designated representatives**[1]

*(Name of person to whom the subpoena is directed)*

[X]  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: Phang & Feldman, P.A. 2 So. Biscayne Blvd., Ste 1600 Miami, FL 33131 | DATE AND TIME: August 31, 2023 9:30 a.m. (Eastern) via Zoom *(Date selected is a placeholder subject to coordination with deponent(s) and other interested parties in this case.)* |
|---|---|

The examination will be recorded by this method: Stenographer and via Zoom

[X]  *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: Phang & Feldman, P.A. 2 So. Biscayne Blvd., Ste 1600 Miami, FL 33131 | DATE AND TIME: August 25, 2023 5:00 p.m. (Eastern) |
|---|---|

Rothschild is asked to produce the documents, electronically stored information or objects described and requested in the attached **Exhibit B.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/9/2023

CLERK OF COURT

_____     OR     /s/ Jonathan S. Feldman, Esq.
*Signature of Clerk or Deputy Clerk*            FBN 12682_____
                                                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Creditor and Interested Party John H. Owoc, who issues or requests this subpoena, are: Jonathan S. Feldman, Esq., Phang & Feldman, P.A., 2

---

[1] The Areas of Inquiry are attached as **Exhibit A**.

LF-84 (rev. 12/01/21)

So. Biscayne Blvd., Ste 1600, Miami, FL 33131 (TEL: 305-614-1223) Feldman@katiephang.com; service@katiephang.com.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

LF-84 (rev. 12/01/21)

# **EXHIBIT A**

## AREAS OF INQUIRY[2]

1. The marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.

2. Any analyses performed by You relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.

3. Communications with any third-party relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.

4. Communications with the Board relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.

5. Preparation of materials by You relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.

---

[2] Capitalized terms shall have the meaning ascribed to such term as set forth in **Exhibit B**.

**EXHBIT B**

**Definitions, Instructions, Requests**

The following definitions and instructions apply to these requests for documents (the "Requests") and to the responses to the Requests:

A. "Bang Energy N.V." means the affiliate of the Debtors, Bang Energy N.V., formed and doing business in the Netherlands.

B. "Board" means, collectively, the board of directors for each Debtor, as applicable, including any and all current or former board members, including, but not limited to, Mr. Owoc, Robert Dickinson, Guillermo Escalante, Stephen Gray, Eric Hillman and Steve Panagos.

C. "Catalyst" means The Catalyst Capital Group and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Gabriel DeAlba.

D. "Celsius" means Celsius Holdings, Inc. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, John Fieldly and Tony Guilfoyle.

E. "Cerberus" means Cerberus Capital Management, L.P. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Scott Wille, Michael Buchbinder, Gary Smith, Alexander Coleman and New Providence Group.

F. "Chapter 11 Cases" means the Chapter 11 cases of the Debtors pending in the Southern District of Florida Bankruptcy Court under case numbers 22-17842 (Vital Pharmaceuticals, Inc.), 22-17844 (Bang Energy Canada, Inc.), 22-17845 (JHO Intellectual Property Holdings, LLC), 22-17847 (JHO Real Estate Investment, LLC), 22-17848 (Quash Seltzer, LLC), 22-17849 (Rainbow Unicorn Bev LLC) and 22-17850 (Vital Pharmaceuticals International Sales, Inc.).

G. "Debtor" and/or "Debtors" means any or all of the following: Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. including any or all of their past or present employees, board of directors, board members, partners, agents, representatives, officers, attorneys, or other persons or entities to the extent they are acting or purporting to act for or on their behalf.[3]

---

[3] Past and present employees acting on behalf of the Debtors include, but are not limited to, the following: Stephanie Ash, Lourdes Barsky, Gene Bukovi, Julian Cheny, Kathleen Cole, Maria Deleon, Gordon Eckhouse, Marissa Garcia, Thomas Garrigan, Michelle Gardner, Hal Gerson, Daisy Grunewald, Sikander Khan, Liangxi Li, Frank Massabki,

H.  "Document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and Rules 2004 and 7034 of the Federal Rules of Bankruptcy Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, phonorecords, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, audit and scope plans (whether in paper, database, electronic or other format(s)), audit workpapers (whether in paper, database, electronic or other format(s)), books, books of account, account statements, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity to which this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from professional firms.

I.  "Financial Documents" means financial statements, bank statements, balance sheets, income statements, daily sales reports, general ledgers, journals, cash disbursements reports, check registers, agings and any and all other Documents relating to the Debtors' financial condition.

J.  "Huron" means Huron Consulting Group Inc. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Rich Caruso, Shawn Creedon, John DiDonato, Abhimanyu Gupta and Sean Parkhurst.

---

Gregg Metzger, Viviana Muci, Rick Oberhofer, Estefiana Ortiz, Mr. Owoc, Sacha Penoucos, Esther Polanco, Allisson Rincon, Gregg Robbins, Sury Rodriguez and Christina Weronik.

LF-84 (rev. 12/01/21)

K. "Monster" means Monster Beverage Corporation and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Rodney Sacks and Hilton Schlosberg.

L. "Owoc Claim" means, collectively, the proofs of claim, and any amendments thereto, filed by Mr. Owoc against each of the Debtors in each of their Chapter 11 Cases.

M. "Parella Weinburg" means Parella Weinburg Partners and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Andrew Bednar.

N. "PepsiCo" means PepsiCo and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Ramon Laguarta, Jim Lee and Kirk Tanner.

O. "Potential Sale Transaction" means any potential merger, acquisition, refinancing, recapitalization, asset sale/purchase or other business combination or transaction relating to the Debtors including, without limitation, all related negotiations, parties, bidding procedures, offers, listings, agreements or other actions made or taken to refinance, recapitalize, market or sell any assets of the Debtors.

P. "Properties" means, collectively: 72100 Overseas Highway, Lower Matecumbe Key, FL 33036; 16720 Stratford Ct., SW Ranches, FL 33331; 16730 Stratford Court, Southwest Ranches, FL 33331; 7705 Staples Drive, Lithia Springs, GA 30122; 20311 Sheridan Street, Pembroke Pines, FL 33332; 20351 Sheridan Street, Pembroke Pines, FL 33332; 20421 Sheridan Street, Pembroke Pines, FL 33332; 1635 S. 43rd Ave., Phoenix, AZ 85009; and 4117 Wagon Trail Ave., Las Vegas, NV 89118.

Q. "Real Estate Entities" means, collectively: Elite Island, LLC; JHO Real Estate Investment, LLC; JHO GA-1 Investment, LLC; JHO NV-1 Investment, LLC; Sheridan Real Estate Investment A, LLC; Sheridan Real Estate Investment B, LLC; Sheridan Real Estate Investment C, LLC; and the John H. Owoc Revocable Trust.

R. "Referring to" or "relating to" means concerning, evidencing, describing, constituting, mentioning, pertaining to or discussing.

S. **"Rothschild", "You", or "Your"** means Rothschild & Co. and any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Jaime Arrastia, James Ben, Jarrod Burke, Sean Crotty, Charles Delo, Matt Dyer, Sebastian Enriquez, John Kang, Lee LeBrun, Frank London, Homer Parkhill, Nicolas Soupre, Michael Speller and Ethan Tuckman.

T. "Trademarks" means any and all trademarks held by the Debtors and registered with the U.S. Patent and Trademark Office.

U. Whenever the name of any individual or corporate entity is used, the same shall be taken to include all persons, corporations, or other entities to the extent known to You which are controlled, controlling or under common control with such individual or corporation.

V. The use of the singular includes the plural and vice versa.

W. In no instance shall the term "including" be construed to limit the scope of any Request.

## Instructions

1. In producing the requested Documents, You are required to produce all Documents in your possession, custody or control or within the possession, custody or control of any of Your officers, directors, employees, managers, agents, attorneys, accountants, consultants, investment bankers, financial advisors, representatives, or any other party who upon Your request, would surrender possession, custody or control to You.

2. You are to produce the requested Documents in the manner that they are maintained in the usual course of business, or organized and labeled to correspond with categories in the Requests.

3. With respect to any Document withheld from production based on a claim of privilege, immunity or other basis, you should provide the following information: (a) the date of the Document; (b) the title of the Document; (c) the type of Document; (d) the name of its author(s) or preparer(s); (e) the name of each person to whom the Document was addressed or sent or who received, viewed or has custody of the Document; (f) the general subject matter of the Document; and (g) the claim of privilege under which the Document is withheld.

4. With respect to any Document responsive to these Requests that is known to have existed and cannot now be located, or has been destroyed or discarded, You should describe the circumstances surrounding such loss, destruction or discarding, including the following

LF-84 (rev. 12/01/21)

information: (a) a description of the Document, including its date, author(s), addressee(s), recipient(s), and subject matter; (b) its last known custodian; (c) the date and the manner of, and reasons for, the loss, destruction or discarding of the Document; (d) the person(s) authorizing and/or carrying out the destruction or discarding of the Document.

5. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

6. If you object to any Request or any part of a Request, You should state the objection and specify the ground(s) for the objection.

7. Each Document Request shall be construed independently and not with reference to any other Document Request for the purpose of limitation.

8. Unless otherwise specified in the Document Request, each Request is limited to the period from September 1, 2021, to the present.

9. These Requests are continuing in nature and require the supplemental production of Documents if, after producing the requested Documents, you obtain or discover additional responsive Documents. Such supplemental production of Documents should be served within ten (10) days after you discover or learn of the existence of such additional responsive Documents.

**Requests**

1. Documents relating to any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a Potential Sale Transaction.

2. Communications with any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a Potential Sale Transaction.

3. Your internal communications relating to any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a Potential Sale Transaction.

4. Communications with the Board relating to any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a Potential Sale Transaction.

5. Communications relating to financial projections provided to You by, or on behalf of the Debtors, that related to any of the Debtors' business operations.

6. Any analyses, including drafts, of the Debtors' financial statements or financial projections.

7. Any valuations prepared by You relating to the Debtors.

8. All marketing materials prepared by You relating to the Debtors.

---

i  The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. ("Vital Pharmaceuticals") (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC ("Quash Seltzer") (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).