

ORDERED in the Southern District of Florida on August 14, 2023.



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors.[1] _____/ | (Jointly Administered) |

**ORDER APPROVING SECOND INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF GRANT THORNTON LLP,
<u>FINANCIAL ADVISOR TO THE DEBTORS</u>**

**THIS MATTER** came before the Court on August 10, 2023, at 2:00 p.m., in Fort Lauderdale, Florida, upon the *Second Interim Application for Compensation and Reimbursement of Expenses of Grant Thornton LLP, Financial Advisor to the Debtors* [ECF No. 1678] (the "<u>Application</u>"), seeking an award of $189,524.20 in fees and $75,239.20 in expenses for the period

_____

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

12359326-1

of March 1, 2023 through June 30, 2023.  The Court, having reviewed the Application, and considered the presentation of counsel, does thereupon

**ORDER** as follows:

1. The Application is **APPROVED**.

2. Grant Thornton LLP ("Grant Thornton"), as financial advisor to the Debtors,[2] is awarded for the period of March 1, 2023 through June 30, 2023, on an interim basis, fees in the amount of $189,524.20, of which 80%, or $151,619.36, is authorized for immediate payment, and expenses in the amount of $75,239.20, of which 100% is authorized for immediate payment.

3. The fees authorized to be paid to Grant Thornton herein represent the fees requested and awarded, less a 20% holdback, and are without prejudice to Grant Thornton seeking payment of any and all such holdbacks.

4. The Debtors are authorized and directed to pay the fees and expenses awarded herein to Grant Thornton, in the amount of $226,858.56, less amounts previously paid.

5. In making the foregoing award, the Court has considered the criteria in sections 330 and 331 of the Bankruptcy Code, the requirements of Bankruptcy Rule 2016, and the factors that govern the reasonableness of fees as set forth in *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir. 1990), *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and finds that the amounts awarded herein represent reasonable compensation for actual and necessary services rendered by Grant Thornton.

6. Specific findings and a statement of the facts and considerations supporting each of these conclusions have been omitted in the interest of brevity.  Should any party in interest request findings of fact and considerations supporting each of these conclusions, the Court will consider any

such request.

7. This Order is without prejudice to the rights of the United States Trustee or any other party in interest to object to the fees and the expenses sought by Grant Thornton in these bankruptcy cases in any future interim or final fee application filed by Grant Thornton.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order

# # #

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
*Counsel to the Debtors*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
jguso@bergersingerman.com
mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

12359326-1                                          3