UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| IN RE: | Chapter 11 Cases |
|---|---|
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

## GRAPHIC PACKAGING INTERNATIONAL, LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' ELEVENTH OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS

Creditor Graphic Packaging International, LLC ("GPI"), submits this limited objection (the "Objection") to the *Debtors' Eleventh Omnibus Motion for Entry of an Order Authorizing the Rejection of Certain Executory Contracts* [ECF #1756] (the "11th Rejection Notice"), and in support respectfully states as follows:

### BACKGROUND

1. On July 31, 2023, the Debtors filed their 11th Rejection Notice identifying various agreements with GPI, including the following two post-petition agreements:

| Graphic Packaging International, LLC | Attn: General Counsel 1500 Riveredge Parkway Atlanta GA 30328 | Vital Pharmaceuticals, Inc. | Critical Vendor Agreement, dated March 29, 2023 |
|---|---|---|---|
| Graphic Packaging International, LLC | Attn: General Counsel 1500 Riveredge Parkway Atlanta GA 30328 | Vital Pharmaceuticals, Inc. | Settlement Agreement, dated November 14, 2022 |

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

**OBJECTION**

2.     The Critical Vendor Agreement dated March 29, 2023 (the "Critical Vendor Agreement") and the Settlement Agreement dated November 4, 2022 (the "Settlement Agreement") are subject to neither assumption nor rejection under 11 U.S.C. § 365; they are post-petition obligations of the Debtors' estates.  *See In re The Leslie Fay Companies, Inc.*, 168 B.R. 294, 300 (Bankr. S.D.N.Y. 1994) ("There are cases which have addressed the question of whether section 365 applies to postpetition agreements; the learning from these cases is that contracts...entered into postpetition are not subject to rejection under section 365."); *Tully Constr. Co., Inc. v. Cannonsburg Envtl. Assocs., Ltd. (In re Cannonsburg Envtl. Assocs., Ltd.),* 72 F.3d 1260, 1265-66 (6th Cir. 1996) (*held,* section 365(c)(2) applies only to *pre-petition* agreements and was thus inapplicable to post-petition instrument (emphasis in original); *In re IML Freight, Inc.,* 37 B.R. 556, 559 (Bankr. D. Utah 1984) *(held,* section 365 does not apply to post-petition executory contracts); *In re Airport Executive Center, Ltd.*, 138 B.R. 628, 629 (Bankr. M.D. Fla. 1992) ("this Section [365] applies to leases which exist pre-petition, and not those which are entered into post-petition") (citation omitted); *In re Zaman*, 621 B.R. 519, 527 (Bankr. S.D. Fla. 2020) ("…post-petition agreements incapable of rejection pursuant to 11 U.S.C. § 365.").

3.     Any attempt to take advantage of 11 U.S.C. § 502(g)(1), which characterizes claims arising under a post-petition rejection as prepetition unsecured claims rather than claims entitled to administrative expense priority, is improper.  Accordingly, GPI objects to the rejection of the Critical Vendor Agreement and the Settlement Agreement.

**RESERVATION OF RIGHTS**

4.     GPI reserves all rights to supplement, modify or amend this Objection as necessary to, among other things (i) object to the assumption or rejection of any other executory contract between GPI and the Debtors; and (ii) object to any other relief sought by the Debtors

with respect to any agreement to which GPI and any of the Debtors are parties. Nothing set forth herein shall constitute a waiver, limitation, discharge or disallowance of any and all rights, claims, causes of action and defenses that GPI has asserted, or may assert, with respect to any claims, including administrative claims, against the Debtors.

**WHEREFORE**, GPI respectfully requests that the Court enter an order (i) denying the assumption unless the full cure amounts are paid; and (ii) granting such other and further relief as may be just and proper.

Dated: August 24, 2023            Respectfully submitted,

*/s/ Ronald Bruckmann*
David H. Conaway (NC Bar #10648)
*Pending Admission Pro Hac Vice*
Ronald D.P. Bruckmann (FL Bar # 84912)
SHUMAKER, LOOP & KENDRICK, LLP
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
dconaway@shumaker.com
rbruckmann@shumaker.com

*Attorneys for Graphic Packaging International, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2023 the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System.

*/s/ Ronald Bruckmann*
*Counsel for Graphic Packaging International, LLC*