UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]   Case No.: 22-17842-PDR

                                                                   Chapter 11
      Debtors.                                      (Jointly Administered)

_____/

**JOHN H. OWOC'S EXPEDITED MOTION FOR STATUS CONFERENCE RELATING TO ORDER ENTERED ON MOTION FOR CONFIRMATION THAT THE AUTOMATIC STAY DOES NOT APPLY TO TERMINATION OF DEBTORS' SUBCHAPTER S CORPORATION STATUS OR, ALTERNATIVELY, FOR RELIEF FROM STAY**

**Basis for Expedited Relief**: Because the remaining issues in the Emergency Motion (defined below) remain outstanding, the additional passage of time could result in significant tax liabilities to Mr. Owoc. As such, Mr. Owoc requests a hearing on an expedited basis to address resolution of such prejudice while the Court continues its review in deciding the Emergency Motion. Mr. Owoc would request the status conference be set for August 29, 2023, and be conducted via videoconference.

John H. Owoc a/k/a Jack Owoc ("Mr. Owoc"), a creditor and equity holder in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the above-referenced debtors (the "Debtors"), submits this motion (the "Motion") for status conference and clarification of certain timing issues with respect to the July 29, 2023 Order (the "Order") entered by the Court with respect to *Motion ("Emergency Motion") for Confirmation that the Automatic Stay Does Not*

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*Apply to Termination of Debtors' Subchapter S Corporation Status or, Alternatively, for Relief from Stay*[2] and respectfully states as follows:

1. The Emergency Motion was filed July 11, 2023 [ECF No. 1627], together with response (the "Response") dated July 27, 2023 [ECF No. 1738], wherein Mr. Owoc sought alternatively a determination that the automatic stay does not apply to termination of Debtor's Subchapter S Corporate Status, or, Alternatively, for Relief from Stay.[3] Opposition papers were filed by the Debtors and Committee on July 26, 2023 [ECF Nos. 1717 and 1718, respectively]. A hearing was held on July 28, 2023, resulting in entry of the Order dated July 29, 2023 [ECF No. 1746].

2. Pursuant to the Order, the Court denied the Emergency Motion to extent it asks the Court to compel the Debtors to file a statement revoking its S Election and to file a "close the books" election. The Court deferred ruling on the other legal issues raised by the Motion. However, the foregoing left open several timing issues, discussed below. In addition, relief, in part, can be granted, if any, without requiring any action by the Debtors.

3. As the Court is aware, there are several ways a party can effectuate a termination of the S Election (whether through revocation or share transfer) and which require no action by the corporation. For example, the S Election may be terminated by operation of law wherein the company no longer qualifies as a small business. Specifically, an entity will lose its S Corporation status wherein the shareholders are held by as follows: (i) a corporation, partnership or other entity (I.R.C. § 1361(b)(1)(B)); (ii) a non-resident alien (I.R.C. 1361(b)(1)(C)); or (iii) more than 100

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Emergency Motion and Response, which are fully incorporated by reference herein.

[3] Termination may be effectuated through acts by debtor and shareholder through revocation and/or by operation of law through shareholder action.

4813-3851-6690.2

shareholders (I.R.C. 1361(b)(1)(A)).  In other words, the transfer by Mr. Owoc of his stock (which is not property of the estate), to any of the foregoing entities; *i.e.,* corporation, partnership, non-resident alien, or to more than 100 shareholders, would have the effect of terminating the Debtors' S Corporation status, and would not require any action by the Debtors.

4. Deferral of the decision on the other prongs of relief, in particular, for a determination that the automatic stay does not apply, or to modify the automatic stay is highly prejudicial to Mr. Owoc because even if the Court ultimately grants other requested relief in the Emergency Motion, every day that passes will result in additional tax liability to Mr. Owoc relating to the income generated by the Debtors through the Sale (and any taxable amounts due under the Settlement Agreement).

5. Given the foregoing, Mr. Owoc would be faced with potentially staggering tax liability relating to the Sale (and attendant Settlement with Monster), which would have the effect, if not the intent, of allowing the Debtors to avoid paying taxes upon the Sale (and as a result of the Settlement) – to which the Debtors retain all of the proceeds – while subjecting Mr. Owoc to tax liability for income he did not receive.

6. Such issues can be addressed in a manner that preserves the status quo while the Court considers the remaining issues.  Specifically, the Court can enter an order allowing the stock transfer noted above, *i.e.*, transfer of Mr. Owoc's stock to third party entity specified under I.R.C. § 1361 (which is a simply a shareholder action that does not invoke property of the state, and does not require any action by the Debtors), which can include proviso that such transfer is void or voidable in the event the Court ultimately rules that such action is subject to the automatic stay (and the stay should not be lifted).  While this would not address the "close the books" election, this would in part, protect Mr. Owoc's right to effectuate the termination (and cut off accrual of

addition tax liability to Mr. Owoc which accrues every day that passes without converting to "C" status). The foregoing would also preserve the Debtors' rights to assert that such share transfer may not proceed and provide the Court with additional time to render a ruling on the merits of the Emergency Motion.

7. Under Bankruptcy Code Section 105, the Court has the power to issue any order or process in the exercises of its jurisdiction. Setting a status conference given the significant implications of the requested relief that still remains outstanding is thus appropriate.

WHEREFORE, Mr. Owoc respectfully requests that the Court set a status conference to consider entering an additional order to address the foregoing timing and logistical issues, and/or clarify the Order, consistent with the above, and for such other and further relief as is just and proper.

Dated: August 25, 2023

PHANG & FELDMAN, P.A.
*Attorneys for Plaintiff*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223

By: */s/ Jonathan S. Feldman*
    Jonathan S. Feldman (12682)
    feldman@katiephang.com
    service@katiephang.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served August 25, 2023, based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case.

*/s/ Jonathan S. Feldman*
Jonathan S. Feldman (12682)

4813-3851-6690.2