# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re VITAL PHARMACEUTICALS, INC., *et al.*

    *Debtors*,

Case No. 22-17842-PDR

**ROTHSCHILD & CO US INC.'S RESPONSES AND OBJECTIONS TO**
**SUBPOENA *DUCES TECUM***

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Rule 9016 of the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, non-party Rothschild & Co US Inc. f/k/a Rothschild Inc. ("Rothschild & Co"), by its undersigned counsel, Debevoise & Plimpton LLP, hereby responds and objects to Creditor and Interested Party John H. Owoc's ("Mr. Owoc") Subpoena for Rule 2004 Examination dated August 9, 2023, and served on August 15, 2023 (the "Subpoena"), including without limitation the demand that Rothschild & Co provide Deposition Testimony on the topics described in Exhibit A of the Subpoena (the "Topics") and the document requests described and requested in Exhibit B of the Subpoena (the "RFPs," and together with the Topics, the "Requests") as follows (the "Responses and Objections"):

**Introductory Statement**

Nothing in Rothschild & Co's Responses and Objections herein shall be construed as a waiver of its rights to: (a) object on the grounds of competency, relevance, materiality, necessity, hearsay or any other proper ground to the use of any information provided through these

*Exhibit 1*

responses for any purpose, in whole or in part, in any proceeding in this or any other case or action; (b) object on any ground at any time to any discovery procedure in this case or any other case or action; (c) object on any ground to any request for further responses to these Requests or any other discovery requests; or (d) assert the attorney-client privilege, work product doctrine, or any other privilege or protection from discovery.  Unless otherwise expressly stated, no response shall be deemed an admission that Rothschild & Co has any responsive document(s) or information in its possession, custody, or control.  The Responses and Objections are based on information currently available to Rothschild & Co.

<h3 style="text-align:center">General Objections</h3>

All of the General Objections set forth herein are incorporated in each of the specific Responses and Objections to the Requests set forth below and have the same force and effect as if fully set forth therein.  Without waiving any of these General Objections to the extent they apply to each of the Requests, Rothschild & Co may specifically refer to certain General Objections in responding to certain Requests.  Nothing in these Responses and Objections shall be construed as a waiver of these General Objections, or any other objections, whether or not stated herein.  Rothschild & Co reserves the right to supplement, revise, amend, or modify its Responses and Objections.

1.      Rothschild & Co objects to the Subpoena, including the Requests, in their entirety on the grounds that they are not proper use of Rule 2004 discovery, and are not permitted by any other relevant rule, regulation or code section.

2.      Rothschild & Co objects to the Subpoena, including the Requests, to the extent that they seek information that is duplicative of discovery previously sought by Mr. Owoc and

produced or provided to Mr. Owoc by the Debtors and/or Rothschild & Co in connection with the above-captioned matter.

3.      Rothschild & Co objects to the Subpoena, including the Requests, to the extent they seek information or documents more properly sought from other parties. Rothschild & Co is not and was not party to these bankruptcy cases. Rothschild & Co reserves all rights to seek fees and costs incurred in connection with any response to the Subpoena.

4.      Rothschild & Co objects to the Subpoena, including the Requests, to the extent they seek information or documents that are not relevant or proportional to the needs of the case at this stage of the proceedings.

5.      Rothschild & Co objects to the Subpoena, including the Requests, to the extent that they seek information for use in separate litigation or proceedings.

6.      Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they are vague, ambiguous, overbroad, unduly burdensome, and/or impose conditions, obligations, or requirements inconsistent with or in addition to those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Southern District of Florida or any other applicable rules (collectively, the "Applicable Rules"). Rothschild & Co will respond to the Requests pursuant to the requirements of the Applicable Rules.

7.      Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges or protections from disclosure. Rothschild & Co specifically reserves

3

the right to demand the return of any documents or information that inadvertently may be produced or provided during discovery if Rothschild & Co determines, in its sole discretion, that such documents or information may contain privileged or protected information. Any inadvertent disclosure of materials or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery is not intended, and should not be construed to constitute, a waiver of any privilege or protection.

8.      Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they seek information that is not material and necessary to the case, and to the extent that they purport to require Rothschild & Co to search for and produce electronically stored documents from sources that are not reasonably accessible because of undue burden or cost. A significant number of the Requests seek documents and information concerning topics that are so broad or poorly defined in scope that, read literally, they would call for the production of nearly every document pertaining to Rothschild & Co's engagement by the Debtors, before and after commencement of the bankruptcy proceedings.

9.      Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they seek documents or information for improper purposes, including the use of any documents or information outside of this case or for Mr. Owoc's own personal purposes or benefit rather than the benefit of the Debtors or their estates.

10.      Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they seek documents or

information that is not relevant to any claim held by or for the benefit of the Debtors or their estates.

11.    Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they call for the production of information or documents that are cumulative or duplicative.

12.    Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they purport to require Rothschild & Co to produce "all" documents, communications, or information responsive to any Request or to produce documents or information that cannot be located by means of a reasonably diligent, good faith search of Rothschild & Co's centralized electronic document management system for its files relating to its work for the Debtors.

13.    Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they call for the production of documents or information no longer in existence or that are not in the possession, custody, or control of Rothschild & Co.  Unless otherwise expressly stated, a Response shall not be deemed an admission that Rothschild & Co has any responsive documents or information in its possession, custody, or control, or that any document or information exists or ever existed.  If a Response states that the requested documents or information will be produced, the Response shall be construed to mean that responsive documents or information will be searched for and, if any are found, will be produced.

14.    Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they call for production of

documents or information already in the possession, custody, or control of Mr. Owoc, readily available to Mr. Owoc, or attainable by Mr. Owoc from public sources or other sources.

15.    Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent they call for the production of confidential information, including but not limited to trade secrets, highly sensitive business information, or any personally identifiable information ("PII").  Any non-privileged, material and necessary documents or information that contain confidential information will be produced only pursuant to appropriate confidentiality restrictions.  Rothschild & Co reserves the right to redact or withhold highly confidential, personally sensitive, and/or competitively sensitive material.

16.    Rothschild & Co objects to the Subpoena, including the "Definitions" and "Instructions" and to each of the individual Requests, to the extent that they are argumentative, call for a legal conclusion, assume or imply facts, lack foundation, or incorporate allegations or assertions that are disputed or erroneous.  These Responses and Objections do not constitute, and shall not be interpreted as, Rothschild & Co's agreement with, or admission as to, the truth or accuracy of any legal or factual characterization or allegation stated or implied in any of the Subpoena, "Definitions" and "Instructions" or in any of the individual Requests.

17.    The information in these Responses and Objections is provided as of the date hereof.  While reserving the right to supplement or amend the responses set forth herein, Rothschild & Co disclaims any obligation to supplement such responses.

18.    Rothschild & Co does not concede the relevance, materiality, authenticity, or admissibility of any information sought in these Requests.  Rothschild & Co's Responses and Objections are without waiver or limitation to its right to object on grounds of relevance,

6

authenticity, privilege, admissibility of evidence for any purpose, or any other ground to the use of any information provided or referred to in any responses provided, in discovery or in any proceeding, or at the trial of this or any other action.

19.     To the extent that Rothschild & Co searches for and produces documents, Rothschild & Co may elect to utilize electronic tools that it believes are reasonable and proportionally appropriate. Rothschild & Co will collect documents and/or information in response to the Requests in a manner that it considers reasonable and proportionally appropriate. None of these electronic tools or methods of collection assures the collection, review and production of "all" documents or information; however, they represent Rothschild & Co's good faith effort to comply with the Requests, subject to the responses and objections noted herein.

20.     The failure of Rothschild & Co to object to any of the individual Requests on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). Rothschild & Co reserves the right to supplement or modify these Responses and Objections in the event that additional or different information becomes available, through discovery or otherwise.

**Definitions and Instructions**

21.     Rothschild & Co objects to the definition of "Bang Energy N.V." as vague and ambiguous and assumes the existence of an entity that does not exist.

22.     Rothschild & Co objects to the definition of "Board" as overbroad, unduly burdensome, vague, and ambiguous and seeking to impose requirements or obligations on Rothschild & Co beyond the scope of the Applicable Rules. Rothschild & Co will define "Board" as the board of directors and/or managers for each Debtor, as applicable, including any current or former board members for the time period from September 1, 2021 to the present.

23.     Rothschild & Co objects to the definition of "Catalyst" as overbroad, unduly
burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates,
and all past or present employees, partners, agents, representatives, officers, attorneys, or other
persons or entities acting or purporting to act for or on its behalf, including, but not limited to,
Gabriel DeAlba." Rothschild & Co will define "Catalyst" as "The Catalyst Capital Group."

24.     Rothschild & Co objects to the definition of "Celsius" as overbroad, unduly
burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates,
and all past or present employees, partners, agents, representatives, officers, attorneys, or other
persons or entities acting or purporting to act for or on its behalf, including, but not limited to,
John Fieldly and Tony Guilfoyle." Rothschild & Co will define "Celsius" as "Celsius Holdings,
Inc."

25.     Rothschild & Co objects to the definition of "Cerberus" as overbroad, unduly
burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates,
and all past or present employees, partners, agents, representatives, officers, attorneys, or other
persons or entities acting or purporting to act for or on its behalf, including, but not limited to,
Scott Wille, Michael Buchbinder, Gary Smith, Alexander Coleman and New Providence Group."
Rothschild & Co will define "Cerberus" as "Cerberus Capital Management, L.P."

26.     Rothschild & Co objects to the definition of "Debtors" as overbroad, unduly
burdensome, vague, and ambiguous to the extent that it purports to include "any or all of their
past or present employees, board of directors, board members, partners, agents, representatives,
officers, attorneys, or other persons or entities to the extent they are acting or purporting to act
for or on their behalf." Rothschild & Co will define "Debtors" as "Vital Pharmaceuticals, Inc.,
Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate

Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc."

27.    Rothschild & Co objects to the definition of "Document" as overbroad and unduly burdensome, including to the extent that it seeks to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.

28.    Rothschild & Co objects to the definition of "Financial Documents" as overbroad and unduly burdensome, including to the extent that it seeks to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.

29.    Rothschild & Co objects to the definition of "Huron" as overbroad, unduly burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Rich Caruso, Shawn Creedon, John DiDonato, Abhimanyu Gupta and Sean Parkhurst." Rothschild & Co will define "Huron" as "Huron Consulting Group Inc."

30.    Rothschild & Co objects to the definition of "Monster" as overbroad, unduly burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Rodney Sacks and Hilton Schlosberg." Rothschild & Co will define "Monster" as "Monster Beverage Corporation."

31.    Rothschild & Co objects to the definition of "Parella Weinburg" (sp) as overbroad, unduly burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates, and all past or present employees, partners, agents, representatives, officers,

attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Andrew Bednar."  Rothschild & Co will define "Parella Weinburg" (sp) as "Perella Weinberg Partners."

32.     Rothschild & Co objects to the definition of "PepsiCo" as overbroad, unduly burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on its behalf, including, but not limited to, Ramon Laguarta, Jim Lee and Kirk Tanner."  Rothschild & Co will define "PepsiCo" as "PepsiCo."

33.     Rothschild & Co objects to the definition of "Potential Sale Transaction" as overbroad, unduly burdensome, vague, and ambiguous to the extent that it purports to include "any potential merger, acquisition, refinancing, recapitalization, asset sale/purchase or other business combination relating to the Debtors including, without limitation, all related negotiations, parties, bidding procedures, offers, listings, agreements or other actions made or taken to refinance."  Rothschild & Co will define "Potential Sale Transaction" as a potential asset sale/purchase or other business combination of the Debtors or their assets through the Bankruptcy Court-approved sales process.

34.     Rothschild & Co objects to the definition of "Rothschild", "You" or "Your" as overbroad, unduly burdensome, vague, and ambiguous to the extent that it purports to include "any of its affiliates, and all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act on its behalf[.]"  Rothschild & Co will define "Rothschild" as Rothschild & Co US Inc.

35.     Rothschild & Co objects to defined terms that incorporate any of the above definitions, and incorporates the above objections thereto to such other defined terms.

36.     Rothschild & Co objects to the Instructions as overbroad and unduly burdensome, and disproportionate to the needs of the case, including to the extent that they seek to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.

37.     Rothschild & Co objects to Instruction 1 as overbroad and unduly burdensome and disproportionate to the needs of the case, including to the extent that they seek to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.  Rothschild & Co will only produce documents or information, if any, that is within Rothschild & Co's possession, custody and control.

38.     Rothschild & Co objects to Instruction 2 to the extent that it seeks to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.  Rothschild & Co further objects to Instruction 2 as unduly burdensome to the extent that it seeks to dictate production format.

39.     Rothschild & Co objects to Instruction 3 to the extent that it seeks to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.  Rothschild & Co further objects to Instruction 3 to the extent that it would require the production of highly sensitive and/or highly confidential non-responsive information. Rothschild & Co reserves the right to redact or withhold information, including highly sensitive, highly confidential and/or non-responsive information and PII, produced in response to the Requests.  Rothschild & Co further objects to having to prepare or produce a privilege or redaction log in connection with the Requests.  Failure to prepare or produce a privilege or

redaction log shall not constitute waiver of any privilege, objection or right of nondisclosure pertaining to any documents or information.

40.    Rothschild & Co objects to Instruction 4 to the extent that it seeks to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.  As is customary, Rothschild & Co maintains in the ordinary course of business a document retention and destruction policy pursuant to which, among other things, emails and certain documents are destroyed in the ordinary course of business.  Rothschild & Co issued a hold notice to preserve documents still in existence that relate to its work for the Debtors.  Rothschild & Co further objects to having to prepare or produce any such log in connection with the Requests.  Failure to prepare or produce a privilege or redaction log shall not constitute waiver of any privilege, objection or right of nondisclosure pertaining to any documents or information.

41.    Rothschild & Co further objects to the Instructions as unduly burdensome to the extent that they seek to dictate production format.  To the extent that Rothschild & Co produces any documents, it will do so in a manner and format that is most cost effective and efficient.

42.    Rothschild & Co objects to Instructions 5 and 7 to the extent that they seek to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.  Rothschild & Co further objects to Instructions 5 and 7 as unduly burdensome and disproportionate to the needs of the case, including to the extent that they seek to place upon Rothschild & Co the burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1) (*see* VPX-363SALE_0000022115 – VPX-363SALE_0000022642), or that were or could more efficiently be produced by another party.

12

43.     Rothschild & Co objects to Instruction 8 as unduly burdensome and disproportionate to the needs of the case to the extent that it seeks production of documents from an unreasonably lengthy time period.  Rothschild & Co will apply the time period October 10, 2022 to June 30, 2023.

44.     Rothschild & Co objects to Instruction 9 to the extent that it seeks to impose conditions, obligations, or requirements inconsistent with, or in addition to, those set forth in the Applicable Rules.  While reserving the right to supplement or amend, Rothschild & Co disclaims any obligation to supplement such responses.

45.     Rothschild & Co reserves the right to object to any subsequent requests for documents or information.

46.     An agreement by Rothschild & Co to produce or provide information or documents in response to a Request should not be understood as an admission or representation that such information or documents exist.

47.     Rothschild & Co reserves all objections that may be available to it at any future point regarding the use or admissibility of any documents or information produced or otherwise provided.

48.     Rothschild & Co objects to any further discovery requests and objects to any deposition request related to the Subpoena.

### Specific Objections and Responses to Exhibit A: Areas of Inquiry

**TOPIC NO. 1:  The marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.**

     **RESPONSE TO TOPIC NO. 1:**  Rothschild & Co objects to this Request to the extent that it calls for information already in the possession, custody, or control of Mr. Owoc or readily accessible to the Mr. Owoc from other sources or obtainable through discovery from parties to

this action, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges. Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of providing testimony previously provided to Mr. Owoc at the deposition of Charles Delo on July 8, 2023. Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co will not provide testimony in response to this Request.

**TOPIC NO. 2:  Any analyses performed by You relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.**

**RESPONSE TO TOPIC NO. 2:** Rothschild & Co objects to this Request to the extent that it calls for information already in the possession, custody, or control of Mr. Owoc or readily accessible to the Mr. Owoc from other sources or obtainable through discovery from parties to this action, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges. Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of providing testimony previously provided to Mr. Owoc at the deposition of Charles Delo on July 8, 2023. Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co will not provide testimony in response to this Request.

**TOPIC NO. 3:  Communications with any third-party relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.**

      **RESPONSE TO TOPIC NO. 3:**  Rothschild & Co objects to this Request to the extent that it calls for information already in the possession, custody, or control of Mr. Owoc or readily accessible to the Mr. Owoc from other sources or obtainable through discovery from parties to this action, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges.  Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of providing testimony previously provided to Mr. Owoc at the deposition of Charles Delo on July 8, 2023. Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

      Rothschild & Co will not provide testimony in response to this Request.

**TOPIC NO. 4:  Communications with the Board relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.**

      **RESPONSE TO TOPIC NO. 4:**  Rothschild & Co objects to this Request to the extent that it calls for information already in the possession, custody, or control of Mr. Owoc or readily accessible to the Mr. Owoc from other sources or obtainable through discovery from parties to this action, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges.  Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to

him and to the extent that it seeks to place upon Rothschild & Co the burden of providing

testimony previously provided to Mr. Owoc at the deposition of Charles Delo on July 8, 2023.

Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking

information not material and necessary to the case, not reasonably calculated to lead to the

discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this

stage of the proceedings.

 Rothschild & Co will not provide testimony in response to this Request.

**TOPIC NO. 5:  Preparation of materials by You relating to the marketing for sale of, or investment in, the Debtors or any of the Debtors' assets.**

 **RESPONSE TO TOPIC NO. 5:**  Rothschild & Co objects to this Request to the extent

that it calls for information already in the possession, custody, or control of Mr. Owoc or readily

accessible to the Mr. Owoc from other sources or obtainable through discovery from parties to

this action, or information protected by the attorney-client privilege, the work-product doctrine,

or any other applicable privileges.  Rothschild & Co further objects to this Request to the extent

that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to

him and to the extent that it seeks to place upon Rothschild & Co the burden of providing

testimony previously provided to Mr. Owoc at the deposition of Charles Delo on July 8, 2023.

Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking

information not material and necessary to the case, not reasonably calculated to lead to the

discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this

stage of the proceedings.

 Rothschild & Co will not provide testimony in response to this Request.

## Specific Objections and Responses to Exhibit B

**REQUEST NO. 1:  Documents relating to any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a Potential Sale Transaction.**

**RESPONSE TO REQUEST NO. 1:**  Rothschild & Co objects to this Request to the extent that it calls for production of documents already in the possession, custody, or control of Mr. Owoc or readily accessible to the Mr. Owoc from other sources or obtainable through discovery from parties to this action, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges.  Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-363SALE_0000022115 – VPX-363SALE_0000022642).  Rothschild & Co further objects to the extent the Request seeks documents subject to confidentiality restrictions without first providing a demonstrated need for such documents.  Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1).  Rothschild & Co will not produce any additional Documents in response to this Request.

**REQUEST NO. 2:  Communications with any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a Potential Sale Transaction.**

**RESPONSE TO REQUEST NO. 2:**  Rothschild & Co objects to this Request to the extent that it calls for production of documents already in the possession, custody, or control of

17

Mr. Owoc or readily accessible to Mr. Owoc from other sources or obtainable through discovery from parties to this action, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges. Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-363SALE_0000022115 – VPX-363SALE_0000022642). Rothschild & Co further objects to the extent the Request seeks documents subject to confidentiality restrictions without first providing a demonstrated need for such documents. Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1). Rothschild & Co will not produce any additional Documents in response to this Request.

**REQUEST NO. 3:  Rothschild & Co internal communications relating to any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a Potential Sale Transaction.**

**RESPONSE TO REQUEST NO. 3:**  Rothschild & Co objects to this Request to the extent that it calls for production of documents already in the possession, custody, or control of Mr. Owoc or readily accessible to Mr. Owoc from other sources or obtainable through discovery from parties to this action, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges. Rothschild & Co further objects to this

Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and

produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the

burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response

to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-

363SALE_0000022115 – VPX-363SALE_0000022642).  Rothschild & Co further objects to the

extent the Request seeks documents subject to confidentiality restrictions without first providing

a demonstrated need for such documents.

Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and

seeking information not material and necessary to the case, not reasonably calculated to lead to

the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at

this stage of the proceedings.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr.

Owoc's document request dated June 30, 2023 (Doc. 1557-1).  Rothschild & Co will not produce

any additional Documents in response to this Request.

**REQUEST NO. 4:  Communications with the Board relating to any third-party that expressed an interest to invest in, or acquire the assets of, any of the Debtors, or a potential Sale Transaction.**

**RESPONSE TO REQUEST NO. 4:**  Rothschild & Co objects to this Request to the

extent that it calls for production of documents already in the possession, custody, or control of

Mr. Owoc or readily accessible to Mr. Owoc from other sources or obtainable through discovery

from parties to this action, or documents protected by the attorney-client privilege, the work-

product doctrine, or any other applicable privileges.  Rothschild & Co further objects to this

Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and

produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the

19

burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-363SALE_0000022115 – VPX-363SALE_0000022642).  Rothschild & Co further objects to the extent the Request seeks documents subject to confidentiality restrictions without first providing a demonstrated need for such documents.  Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1).  Rothschild & Co will not produce any additional Documents in response to this Request.

**REQUEST NO. 5:  Communications relating to financial projections provided to Rothschild & Co by, or on behalf of the Debtors, that related to any of the Debtors' business operations.**

**RESPONSE TO REQUEST NO. 5:**  Rothschild & Co objects to this Request to the extent that it calls for production of documents already in the possession, custody, or control of Mr. Owoc or readily accessible to Mr. Owoc from other sources or obtainable through discovery from parties to this action, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges.  Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-363SALE_0000022115 – VPX-363SALE_0000022642).  Rothschild & Co further objects to the

extent the Request seeks documents subject to confidentiality restrictions without first providing

a demonstrated need for such documents.  Rothschild & Co further objects to this Request as

vague and ambiguous to the extent it purports to seek documents "relating to" certain financial

projections and that are further "related to" certain business operations without providing a basis

for defining a sufficient relation.  Rothschild & Co further objects that the request is overbroad,

unduly burdensome, and seeking information not material and necessary to the case, not

reasonably calculated to lead to the discovery of admissible evidence, or not relevant or

proportionate to the needs of the case at this stage of the proceedings and to the extent it seeks

documents relating to "business operations" generally.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr.

Owoc's document request dated June 30, 2023 (Doc. 1557-1).  Rothschild & Co will not produce

any additional Documents in response to this Request.

**REQUEST NO. 6:  Any analyses, including drafts, of the Debtors' financial statements or financial projections.**

**RESPONSE TO REQUEST NO. 6:**  Rothschild & Co objects to this Request to the

extent that it calls for production of documents already in the possession, custody, or control of

Mr. Owoc or readily accessible to Mr. Owoc from other sources or obtainable through discovery

from parties to this action, or documents protected by the attorney-client privilege, the work-

product doctrine, or any other applicable privileges.  Rothschild & Co further objects to this

Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and

produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the

burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response

to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-

363SALE_0000022115 – VPX-363SALE_0000022642).  Rothschild & Co further objects to the

extent the Request seeks documents subject to confidentiality restrictions without first providing a demonstrated need for such documents.  Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1).  Rothschild & Co will not produce any additional Documents in response to this Request.

**REQUEST NO. 7:  Any valuations prepared by Rothschild & Co relating to the Debtors.**

**RESPONSE TO REQUEST NO. 7:**  Rothschild & Co objects to this Request to the extent that it calls for production of documents already in the possession, custody, or control of Mr. Owoc or readily accessible to Mr. Owoc from other sources or obtainable through discovery from parties to this action, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges.  Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-363SALE_0000022115 – VPX-363SALE_0000022642).  Rothschild & Co further objects to the extent the Request seeks documents subject to confidentiality restrictions without first providing a demonstrated need for such documents.  Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case,

not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1). Rothschild & Co will not produce any additional Documents in response to this Request.

**REQUEST NO. 8: All marketing materials prepared by Rothschild & Co relating to the Debtors.**

**RESPONSE TO REQUEST NO. 8:** Rothschild & Co objects to this Request to the extent that it calls for production of documents already in the possession, custody, or control of Mr. Owoc or readily accessible to Mr. Owoc from other sources or obtainable through discovery from parties to this action, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges. Rothschild & Co further objects to this Request to the extent that it is duplicative of discovery previously sought by Mr. Owoc and produced or provided to him and to the extent that it seeks to place upon Rothschild & Co the burden of re-producing documents previously produced to Mr. Owoc by the Debtors in response to Mr. Owoc's document request dated June 30, 2023 (Doc. 1557-1), (*see* VPX-363SALE_0000022115 – VPX-363SALE_0000022642). Rothschild & Co further objects to the extent the Request seeks documents subject to confidentiality restrictions without first providing a demonstrated need for such documents. Rothschild & Co further objects to this Request as overbroad, unduly burdensome, and seeking information not material and necessary to the case, not reasonably calculated to lead to the discovery of admissible evidence, or not relevant or proportionate to the needs of the case at this stage of the proceedings.

Rothschild & Co directs Mr. Owoc to the Documents produced in response to Mr.

Owoc's document request dated June 30, 2023 (Doc. 1557-1).  Rothschild & Co will not produce

any additional Documents in response to this Request.

Dated:  August 25, 2023
      New York, New York

                                  **DEBEVOISE & PLIMPTON LLP**

                                  By:  */s/ Erica S. Weisgerber*
                                  Erica S. Weisgerber
                                  66 Hudson Blvd
                                  New York, New York 10001
                                  (212) 909-6998
                                  eweisgerber@debevoise.com

                                  *Counsel to Rothschild & Co*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2023, I caused the foregoing **RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM** to be served via First-Class mail to Counsel for Creditor and Interested Party John H. Owoc, Jonathan S. Feldman, at Phang & Feldman, P.A., 2 S. Biscayne Boulevard, Suite 1600, One Biscayne Tower, Miami Florida 33131.

Dated: August 25, 2023
      New York, New York

**DEBEVOISE & PLIMPTON LLP**

By: _/s/ Erica S. Weisgerber_
Erica S. Weisgerber
66 Hudson Blvd
New York, New York 10001
(212) 909-6998
eweisgerber@debevoise.com

*Counsel to Rothschild & Co*

25

US POSTAGE FIRST-CLASS

ZIP 10001 $ 002.31

02 4W

0000348031 AUG 25 2023

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001

John H. Owoc c/o Jonathan S. Feldman

Phang & Feldman, P.A.

2 S. Biscayne Boulevard, Suite 1600

One Biscayne Tower

Miami, Florida 33131

evoise
npton