UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |

______________________________________/

**DEBTORS' MOTION FOR AN ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED SETTLEMENT AGREEMENT BETWEEN JHO INTELLECTUAL PROPERTY HOLDINGS, LLC AND FERRARA CANDY COMPANY**

Vital Pharmaceuticals, Inc., Bang Energy Canada, Inc., JHO Intellectual Property Holdings, LLC, JHO Real Estate Investment, LLC, Quash Seltzer, LLC, Rainbow Unicorn Bev LLC and Vital Pharmaceuticals International Sales, Inc. (collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion") seeking the entry of an Order, pursuant to 11 U.S.C. § 365(a) and (f), seeking approval of the assumption and assignment of that certain *Settlement Agreement dated February 15, 2019* (the "Agreement"), entered into by and between JHO Intellectual Property Holdings, LLC ("JHO") and Ferrara Candy Company ("Ferrara"). In support of the Motion, the Debtors respectfully represent as follows:

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

## I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

4. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the *Declaration of John C. DiDonato in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 26] filed on the Petition Date.

6. On October 11, 2022, the Court entered an order jointly administering the Debtors' chapter 11 cases [ECF No. 43].

7. On November 1, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases [ECF No. 245].

8. On January 27, 2023, the Debtors filed their *Motion for An Order (I) Approving (A) Bidding Procedures for the Sale of Substantially all of the Debtors' Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing, Assumption Procedures, and*

*Auction Results, (D) Dates for an Auction and Sale Hearing, (E) the Sale of Substantially all off the Debtors' Assets Free and Clear of all Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (F) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Authorizing The Debtors to Provide Bid Protections, and (III) Granting Related Relief Filed by Debtor Vital Pharmaceuticals, Inc.* [ECF No. 707] (the "Sale Motion").

9. On June 28, 2023, the Debtors filed a *Notice of Auction Cancellation and Successful Bidder* [ECF No. 1546], announcing that the Debtors entered into an Asset Purchase Agreement ("APA") by and between certain of the Debtors and Blast Asset Acquisition, LLC, an acquisition vehicle that is a subsidiary of Monster Beverage Corporation (the "Buyer") and scheduled a hearing to approve the APA on July 12, 2023 (the "Sale Hearing").

10. On July 12, 2023, the Court conducted the Sale Hearing and approved the APA, which was memorialized by the entry of the *Order (I) Authorizing and Approving (A) the Sale of Substantially All of The Debtors' Assets Free and Clear of All Liens, Claims, And Encumbrances And (B) The Assumption And Assignment Of Certain Executory Contracts and Unexpired Leases in Connection Therewith, And (II) Granting Related Relief* [ECF No. 1654], as amended by ECF No. 1658 (the "Sale Order").

11. The transaction contemplated by the APA closed on July 31, 2023. Pursuant to the APA, Energy Beverages LLC, a Delaware limited liability company ("IP Buyer") was the entity designated by the Buyer to receive the title to the intellectual property sold by the Debtors.

Section 2.5(h) of the APA permits the Buyer to designate additional contracts as Assumed Contracts post-closing.[2]

12. On September 1, 2023, the Debtors filed their *Debtors' Second Amended Joint Plan of Liquidation* [ECF No. 1905, the "Plan"] and *Second Amended Disclosure Statement for the Debtors' Second Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 1904, the "Disclosure Statement"].

13. Article X. of the Plan provides:

> **A. Rejection of Executory Contracts**
>
> On the Effective Date, except as otherwise provided in the Plan, each Executory Contract not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract: (i) is identified for assumption in the Plan Supplement; (ii) **as of the Effective Date is subject to a pending motion to assume such Executory Contract**; (iii) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan; or (iv) is a D&O Policy. *See* Plan, Article X (emphasis added).

14. The hearing on the confirmation of the Plan was held on October 31, 2023, however, as of the date of this Motion, the Effective Date has not occurred.

15. On November 6, 2023, pursuant to the APA and the Sale Order, Buyer delivered notice to the Debtors identifying the Agreement as one which the Buyer requests be assigned to it in accordance with the APA.

[2] The APA provides: "In addition to all other rights granted to the Buyer regarding the designation of Contracts to be Assumed Agreements or Assumed Real Property Leases hereunder, the Buyer shall have the right after the Closing to designate in writing, additional Contracts as Assumed Agreements or Assumed Real Property Leases, in each case to the extent permitted by applicable Law, until such Contracts are sold, transferred, rejected or wound down by the Debtor Entities." *See* APA §2.5(h).

## III. Relief Requested And Basis Therefor

16. Pre-petition, JHO and Ferrara entered into the Agreement resolving a dispute over a certain U.S. trademark application, Serial No. 86687345 (the "Mark") and governing the permitted future use of the Mark by each party.

17. The Agreement has not expired by its own terms and was not terminated prior to the Petition Date. The Agreement, therefore, constitutes an executory contract pursuant to §365 of the Bankruptcy Code.

18. Section 365 of the Bankruptcy Code provides that a debtor in possession, subject to the court's approval, may assume an executory contract. The decision to assume a contract by a debtor in possession is subject to review under the business judgment standard. *In re Gardinier, Inc.*, 831 F.2d 974, 976 (11th Cir. 1987). The business judgment standard requires that the court approve the debtor's business decision unless that judgment is the product of bad faith, whim, or caprice. *Lubrizol Enterprises v. Richmond Metal Finishes,* 756 F.2d 1043, 1047 (4th Cir. 1985). The sole inquiry is whether assumption or rejection will benefit the debtor's estate. *Id.*

19. The Debtors respectfully request entry of an Order approving the assumption and assignment of the Agreement to the IP Buyer.

20. The Debtors submit that such assumption complies with the provisions of § 365 and satisfies the business judgment standard for the reasons set forth above.

**WHEREFORE,** the Debtors respectfully request entry of an Order, in the form attached hereto as **Exhibit A**, (i) granting this Motion; (ii) approving the assumption and assignment of

the Agreement to the IP Buyer; and (iii) granting such other and further relief as is equitable, just and proper.

Dated: November 8, 2023
Miami, Florida

Respectfully submitted,

*/s/ Michael J. Niles*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
mniles@bergersingerman.com

George A. Davis (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
tj.li@lw.com
brian.rosen@lw.com
jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: whit.morley@lw.com

*Co-Counsel for the Debtors*

**EXHIBIT "A"**

**(PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,[1]

Debtors.
_______________________________________/

Chapter 11 Cases

Case No.: 22-17842-PDR

(Jointly Administered)

**ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED SETTLEMENT AGREEMENT BETWEEN JHO INTELLECTUAL PROPERTY HOLDINGS, LLC AND FERRARA CANDY COMPANY**

**THIS MATTER** came before the Court for hearing on _____________, 2023 at ____a.m./p.m. in Ft. Lauderdale, Florida, upon the *Debtors' Motion for an Order Approving the Assumption of Unexpired Settlement Agreement Between JHO Intellectual Property Holdings,*

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

*LLC and Ferrara Candy Company* [ECF No. ____] (the "Motion"). The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court, having considered the Motion, finds that (a) the relief requested in the Motion is in the best interests of the Debtors' estate and their creditors, (b) good and adequate notice of the Motion was provided, and (c) sufficient cause supports the relief sought in the Motion, inasmuch as the relief request is consistent with the terms of the APA and Sale Order.[2] Accordingly, the Court **ORDERS**:

1. The Motion is **GRANTED.**

2. The Debtors are authorized to assume the Settlement Agreement and assign the Settlement Agreement to the IP Buyer pursuant to the terms of the APA and Sale Order. The Debtors' decision to assume and assign the Agreement is a decision made within the scope of their business judgment.

3. The Debtors are authorized to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate this Order.

4. The Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or implementation of this Order.

# # #

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Submitted by:
Jordi Guso, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: jguso@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*