UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*, [1]<br><br>        Debtors. | Case No. 22-17842-PDR<br>Chapter 11 Cases<br>Jointly Administered |
| JOHN H. OWOC,<br><br>    Plaintiff,<br><br>v.<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>    Defendants. | Adv. No. |

**COMPLAINT FOR DECLARATORY RELIEF**

John H. Owoc sues Vital Pharmaceuticals, Inc. ("VPX") and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This action and accompanying motion for a temporary restraining order and preliminary injunction relates to Mr. Owoc's efforts to terminate VPX's status as an S Corporation pursuant to 26 U.S.C. § 1362(d). The fact that Mr. Owoc has not taken any steps to terminate VPX's status to date is caused by this Court's Order holding that VPX's status as an S Corporation is property of the estate. *See Memorandum Opinion and Order Denying John H. Owoc's*

---

[1] The Debtors include (i) Vital Pharmaceuticals, Inc.; (ii) Bang Energy Canada, Inc.; (iii) JHO Intellectual Property Holdings, LLC; (iv) JHO Real Estate Investment, LLC; (v) Quash Seltzer, LLC; (vi) Rainbow Unicorn Bev LLC; and (vii) Vital Pharmaceuticals International Sales, Inc. The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1

*Emergency Motion for Confirmation the Automatic Stay Does Not Apply to Revocation of Debtor's Subchapter S Corporate Status, or Alternatively, for Stay Relief* entered by the Bankruptcy Court. (Bankr. Dkt. 1951) (the "S Corporation Order").

2. Because Debtors' Chapter 11 Plan has been confirmed, the Liquidating Trustee appointed under the Plan now has the discretion to cancel Mr. Owoc's shares in VPX on the Effective Date. The cancellation of the shares may result in VPX, as the adverse party to Mr. Owoc arguing this is action moots appeal of the S Corporation Order and prevents him from exercising his rights as the sole shareholder of VPX.

3. Mr. Owoc seeks to preserve the *status quo* while he appeals the Court's S Corporation Order. Accordingly, the Court should preserve Mr. Owoc's right to judicial review and enjoin the Liquidating Trustee to refrain from cancelling or extinguishing Mr. Owoc's equity interests in VPX while his appeal of the S Corporation Order remains pending.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

5. Venue is proper under 28 U.S.C. § 1409(a). This adversary proceeding is related to the Chapter 11 Cases, which are pending in this Court.

 a. Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which allows for a proceeding "to determine the validity, priority, or extent of a lien or other interest in property";

 b. Rule 7001(7) of the Bankruptcy Rules, which allows for a proceeding to "obtain an injunction or other equitable relief;

  c.  Rule 7001(9) of the Bankruptcy Rules, which allows for a proceeding to obtain a declaratory judgment relating to the foregoing; and

  d.  1 U.S.C § 105(a), which allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" title 11 of the United States Code (the "<u>Bankruptcy Code</u>")

  6.  Declaratory relief is appropriate pursuant to both Rule 7001 of the Bankruptcy Rules and 28 U.S.C. §§ 2201 – 02 (the "<u>Declaratory Judgment Act</u>").

  7.  As set forth below, an actual legal controversy exists with respect to the declaratory relief requested herein.

  8.  Pursuant to Rule 7008 of the Bankruptcy Rules, Plaintiffs consent to the entry of a final judgment or order with respect to this Complaint if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**PARTIES**

  9.  Plaintiff Mr. Owoc is the Debtors' former Chief Executive Officer and Chief Science Officer and former Chairman of the Debtors' Board, and resides in Broward County, Florida.

  10.  Debtors VPX, and Bang Energy Canada, Inc., are Florida corporations. Debtors JHO Intellectual Property Holdings, EEC ("JHO"), JHO Real Estate Investment, LLC, Quash Seltzer, LLC, and Rainbow Unicom Bev LLC are Florida limited liability companies. Debtor Vital Pharmaceuticals International Sales, Inc., is a Delaware corporation. The Debtors' principal place of business is located at 1600 N. Park Drive, Weston, Florida. Each Debtor is wholly owned by Mr. Owoc.

## FACTUAL ALLEGATIONS

### A. The S Corporation Motion

11. Mr. Owoc is the founder, sole shareholder and former CEO of VPX. In 1997, shortly after founding VPX, Mr. Owoc, as VPX's sole shareholder, and VPX elected to classify VPX as an S Corporation pursuant to § 1362(a) of the Internal Revenue Code. VPX has remained an S Corporation from its initial election through the present date.

12. On July 11, 2023, Mr. Owoc sought confirmation from the Bankruptcy Court that VPX's status as an S Corporation was not property of the bankruptcy estate by filing an Emergency Motion "For Confirmation That The Automatic Stay Does Not Apply To Termination of Debtor's Subchapter S Corporation Status Or, Alternatively For Relief From Stay" (the "S Corporation Motion"). (Dkt. 1627).

13. The Court held a trial on the motion on July 28, 2023. Following the trial, the Court denied Mr. Owoc's motion to the extent that Mr. Owoc sought to compel an officer of VPX to sign and file a statement of revocation of the Subchapter S election and to sign and file an election to allocate income and expenses based on the "close the books" approach under 26 U.S.C. § 1362(e) and Treasury Regulation § 1-1362-6. (Dkt. 1746).

14. On October 6, 2023, the Court issued the S Corporation Order, in which it denied Mr. Owoc's S Corporation Motion in full. (Dkt. 1951). In the S Corporation Order, the Court determined (1) that the doctrine of laches did not bar Mr. Owoc from seeking to revoke VPX's status as an S Corporation, (2) that VPX's status as an S Corporation was property of the bankruptcy estate as defined by 11 U.S.C. § 541, and (3) that Mr. Owoc had failed to demonstrate that he was entitled to relief from the automatic stay. *Id*.

15. On October 19, 2023, Mr. Owoc timely appealed the S Corporation Order to the District Court where it is currently pending. (Dkt. 2055).

4

16. On October 16, 2023, Mr. Owoc filed an "Expedited Motion for Relief from the Automatic Stay." This motion sought to clarify that the Court's ruling further applied to any attempt to terminate the S Corporation election. (Bankr. Dkt. 2016). The Bankruptcy Court denied that motion on November 13, 2023. (Bankr. Dkt. 2266).

### B. The Chapter 11 Plan of Liquidation

17. On November 8, 2023, this Court approved the Debtors' Second Amended Joint Plan of Liquidation. (Dkt. 2258). The Debtors' Plan is reflected in Debtors' Second Amended Joint Plan of Liquidation, dated September 15, 2023, (Dkt. 1905), as supplemented by the Notice of Filing of Plan Supplement, dated October 17, 2023 (Dkt. 2051), and the Notice of Filing of Second Plan Supplement, dated October 25, 2023. (Dkt. 2115). The Second Amended Joint Plan of Liquidation, the Notice of Filing of Plan Supplement, and the Notice of Filing of Second Plan Supplement are collectively referred to herein as the "Plan."

18. Among other things, the Plan provides for the establishment of a Liquidating Trust to distribute the Liquidating Trust Assets of the Debtors and for the appointment of a Liquidating Trustee to act as the exclusive representative of the Estate. (Dkt. 1905). The Liquidating Trustee's powers include the authority to "determine, in the Liquidation Trustee's sole discretion, whether and when, to (i) cancel and extinguish the Existing Equity Interests; (ii) transfer the Existing Equity Interests into the Liquidating Trust; or (iii) provide other treatment for the Existing Equity Interests consistent with the terms of [the] Plan and the Sale Order." (Dkt. 1905 at Art. IV, F. (2)).

19. As of the date of this Complaint, Debtors have not filed a Notice of Effective Date and, to Mr. Owoc's knowledge, the Liquidating Trustee has not taken any action with respect to Mr. Owoc's equity interest in VPX.

## COUNT I
### Declaratory Judgment

20. The allegations set forth in Paragraph 1 through Paragraph 20 are incorporated by reference as if set forth fully herein.

21. An actual legal and substantial controversy exists as to whether the Liquidating Trustee, when appointed, has the authority and discretion to cancel Mr. Owoc's shares in VPX.

22. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act.

23. Mr. Owoc is entitled to a declaratory judgment that the Liquidating Trustee, when appointed, cannot exercise the authority and discretion to cancel Mr. Owoc's shares in VPX unless and until all courts, including appellate courts, have adjudicated the issues outlined in the S Corporation Order.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Owoc respectfully requests this Court enter a final judgment:

a. confirming through a declaratory judgment that the Liquidating Trustee, when appointed, cannot exercise the authority and discretion to cancel Mr. Owoc's shares in VPX unless and until all courts, including appellate courts, have adjudicated the issues outlined in the S Corporation Order;

    b.   granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 20, 2023 | PHANG & FELDMAN, P.A.<br>*Attorneys for John H. Owoc*<br>2 S. Biscayne Boulevard, Suite 1600<br>One Biscayne Tower<br>Miami, Florida 33131<br>Telephone: (305) 614-1223<br><br>By: */s/ Jonathan S. Feldman*<br>      Jonathan S. Feldman (12682)<br>      feldman@katiephang.com<br>      service@katiephang.com |

355895\00002\151738818.1