**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

VITAL PHARMACEUTICALS, INC., *et al*.,

Debtors.

Case No. 22-17842-PDR

Chapter 11

### JOHN H. OWOC'S OBJECTION TO VARIOUS FEE APPLICATIONS SET FOR HEARING ON JANUARY 4, 2024

John H. Owoc ("Owoc") files this objection to the various fee applications set for January 4, 2024. Based on thousands of pages of time entries for the multitude of professionals, it is simply impossible for the U.S. Trustees Office ("UST"), the Court or any creditor to assess the appropriateness of the fees sought in these chapter 11 cases. The Court has the authority and should appoint a fee examiner, which is routine in cases of this size in other jurisdictions. In support, Mr. Owoc states as follows:

### OBJECTION

1.      Mr. Owoc understands the significant amount of time and effort that is expended by professionals in a case of this size.

2.      With that said, professionals are required to act as stewards of the creditor assets and have fiduciary duty to do so. Expectations are for them to maintain same billing judgment and efficiency that they would in lesser sized Chapter 11 cases, or cases outside of the bankruptcy

realm.  In addition, under United States 11 USC § 330, all services and expenses have to be "reasonable", "necessary" and "beneficial to the estate."

3.      Considering the numerous applications and thousands of pages in billing support, it is unrealistic to expect this Court, creditors or the UST to assess the reasonableness of all professional fees sought in these cases from inception.

4.      Put simply, other than the professionals seeking approval and payment of their fees, no can say with a straight face that the professional fees sought in these cases conform with the requirements of 11 U.S.C. § 330, to wit:  "reasonable", "necessary" and "beneficial to the estate."

5.      And even if no objections were filed, the Court has an independent duty to determine the reasonableness of the fees sought.  *See In re Southeast Banking Corporation*, 314 B.R. 250, 267-68 (Bankr. S.D. Fla. 2004) (court has independent duty to assess appropriateness of fees) (citing *In re Busy Beaver BuildingCenters, Inc.*,19 F.3d 833, 841 (3d Cir. 1994)); *In re Cascade Oil Co., Inc.*,126 B.R. 99, 106 (D. Kan. 1991) ("In the absence of objections to the fee application, the court still has the independent judicial duty to determine whether compensation is reasonable"); *In re The Kitchen Lady, Inc.*,144 B.R. 544, 546 (Bankr. M.D. Fla. 1992) ("it is fundamental that the court has an independent duty to review fee applications for reasonableness and to allow only reasonable compensation for actual, necessary services rendered by the trustee . . ."). Asking the Court to review over a holiday period thousands of pages of fee requests to independently make such an assessment is inappropriate.

6.      Indeed, for a "mega case" of this type, courts routinely appoint fee examiners that are deputized to review the appropriateness of all fee applications and give a recommendation to the court regarding reductions in amounts sought.  *In re Energy Future Holdings Corp*, D.E. 1896, Case No. 14-10979-CSS (Bankr. D. Del.); *In re Budd Company*, D.E. 346, Case No. 14- 11873-

JBS (Bankr. N.D. Il.); *In re AMR Corp.*, D.E. 2897, Case No. 11-15463-shl (Bankr. S.D.N.Y.); *In re Exide Technologies*, D.E. 1283, Case No. 13-11482-KJC (Bankr. D. Del.), *In re Mineral Park, Inc.*, D.E. 274, Case No. 14-11996-KJC (Bankr. D. Del.).

7.    For at least one bankruptcy judge in the District of Delaware where numerous large cases are filed, a fee examiner is appointed immediately in mega case of this type. *See General Order Regarding Fee Examiners in Chapter 11 Cases with Combined Assets and/or Liabilities in Excess of $50,000,000* (Shannon, J.). And in another recent mega case pending in the District of Delaware, Chief Bankruptcy Judge Laurie Silberstein *sua sponte* ordered appointment of a fee examiner. *In re Kidde-Fenwal, Inc.*, D.E. 460, Case No. 23-10638 (Bankr. D. Del.).

8.    A cursory review of the fee applications explains why appointment of a fee examiner is warranted. In connection with he deposition of Cathy Cole, the time entries for Committee counsel reveals that at least four attorneys were present for this deposition:

| B120 | 02/28/23 | CAE | Attend deposition of third-party witness K. Cole | 5.90 | $4,071.00 |
| B120 | 02/28/23 | ESC | Attend (partial) C. Cole deposition | 5.10 | $5,049.00 |
| B120 | 02/28/23 | JC | Attend K. Cole deposition (dropped early) | 6.20 | $8,122.00 |
| B120 | 02/28/23 | RM | Prepare for Kathy Cole deposition and participate in same (8.9); negotiate with debtors' counsel re: hearing and confer with team re: same (1.2) | 10.10 | $12,120.00 |

9.    Similarly, as for the deposition of Jonathan Owoc, at least five timekeepers attended the deposition:

| B120 | 04/11/23 | ESC | Participate telephonically (partial) in J. Owoc deposition (3.3); call with R. Maiman and other LS team members re: J. Owoc deposition strategy (.3); follow up with E. Mannix re: same (.3); review follow up on deposition / highlights (.2); review other open discovery issues and multiple emails re: same (.2) | 4.30 | $4,257.00 |
| B120 | 04/11/23 | LEVD | Analyze documents produced by debtor | 2.10 | $1,606.50 |
| B120 | 04/11/23 | LEVD | Conduct research and analyze arguments: various causes of action and J. Owoc real estate LLCs and potential adversary complaint re: same | 3.40 | $2,601.00 |
| B120 | 04/11/23 | LHS | Exchange e-mails re: review on debtors' production | 0.30 | $268.50 |
| B120 | 04/11/23 | MJJ | Prepare for day 1 of deposition of J. Owoc (2.0); participate in day 1 of deposition of J. Owoc (7.0); draft recap email to team following deposition of J. Owoc (.4) | 9.30 | $7,300.50 |
| B120 | 04/11/23 | MJJ | Review recently produced Debtor documents | 2.80 | $2,198.00 |
| B120 | 04/11/23 | MLG | Review and analyze debtors' document production | 1.60 | $1,256.00 |
| B120 | 04/11/23 | RM | Prepare for and participate in deposition Jonathan Owoc | 12.10 | $14,520.00 |
| B120 | 04/11/23 | WF | Conduct research on lis pendens and automatic stay (.8); review documents for M. Owoc deposition (.5); confer with B. Albin re: strategy of Owoc deposition (1.2); participate in deposition of Jon Owoc deposition (2.3); confer with L. Van Driesen re: strategy of adversary proceeding (1.5) | 6.30 | $5,355.00 |
| B120 | 04/12/23 | ABA | Prepare for K. Owoc deposition | 3.40 | $3,094.00 |
| B120 | 04/12/23 | BMC | Email summary of hot documents to E. Mannix (.1); review Debtors' documents for responsiveness (3.0) | 3.10 | $1,689.50 |
| B120 | 04/12/23 | BTA | Review of documents (0.8); telephone conference with R. Maimin (0.2); confer with W. Fang re: deposition documents related to Meg Owoc, emails, messages, bills; scheduling of depositions (0.5) | 1.50 | $2,175.00 |
| B120 | 04/12/23 | EGM | Participate in deposition of J.W. Owoc (1.5); review various document productions (2.6); calls with R. Maimin, E. Chafetz re deposition scheduling and document demands (.5) | 4.60 | $3,772.00 |
| B120 | 04/12/23 | EGM | Review various document productions (1.5); review email from P. Dorsey requesting fifth extension of J. Owoc production deadline (.2) and discuss same internally (.3) | 2.00 | $1,640.00 |
| B120 | 04/12/23 | ESC | Multiple emails with debtors' counsel and various subpoena recipients re: discovery issues | 0.30 | $297.00 |
| B120 | 04/12/23 | ESC | Prepare for J. Owoc deposition (1.3); review hot J. Owoc deposition documents and summary of same (.3); attend J. Owoc deposition (partial) (2.0); follow up with E. Mannix re: J. Owoc deposition and future discovery scheduling (.5) | 4.10 | $4,059.00 |

10.    Perhaps having multiple time-keepers appear for a deposition is appropriate. Or perhaps, the more appropriate thing to do is have a lesser number of timekeepers appear for the deposition with the remaining timekeepers reading a transcript.[1]

---

[1] To be clear, these are just two cursory examples.

11.     Bottom-line, the Court should not sign any order approving with finality the tens of millions of dollars in professional fees in these cases without a studied review being conducted. To the extent the Court does not have sufficient resources to undertake such review, then the Court should appoint an independent third-party charged with such responsibility.

## LOCAL RULE 5005-1(F)(2) CERTIFCATION

The deadline to file the response to the fee applications set for hearing on January 4, 2024, was 4:30 p.m. EST, January 2, 2024.  Undersigned counsel was unable to file the response at such time due to illness that arose travelling from California to Florida on the evening of December 31, 2023 and left undersigned counsel bedridden for the bulk of January 1 and all of January 2, 2024.

Dated: January 3, 2024

PHANG & FELDMAN, P.A.
*Attorneys for John H. Owoc*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223

By: /s/Jonathan S. Feldman
Jonathan S. Feldman (12682)
feldman@katiephang.com
service@katiephang.com

## **CERTIFICATE OF SERVICE**

I certify that on January 3, 2024, I served a copy of the foreign document by filing it

through the Court's CM/ECF system, which will send an electronic copy to all counsel of record.


By: _____

    Jonathan S. Feldman (12682)
    feldman@katiephang.com
    service@katiephang.com