UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**MOTION OF LIQUIDATING TRUSTEE UNDER 11 U.S.C. §§ 105(a) AND 350(a), FED. R. BANK. P. 3022, AND LOCAL RULE 3022-1 FOR ORDER AND FINAL DECREE CLOSING CHAPTER 11 CASES OF NON-LEAD DEBTORS AND WAIVING REQUIREMENT OF FURTHER POST-CONFIRMATION REPORTS IN THOSE CASES**

The Liquidating Trust[2] in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), by and through undersigned counsel, hereby moves (the "Motion") for entry of an order and final decree, substantially in the form attached hereto as **Exhibit A**: (i) closing the chapter 11 cases of Vital Pharmaceuticals, Inc.'s ("Lead Debtor") Debtor affiliates, which are identified on **Exhibit B** attached hereto (the "Non-Lead Debtors" and their Chapter 11 Cases the "Non-Lead Cases"); and (ii) waiving the requirement to file further post-confirmation reports in the Non-Lead Cases. In support of the Motion, the Liquidating Trustee respectfully states as follows:

---

[1] The address of the debtors in the above-captioned cases (the "Debtors") is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined herein).

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The Debtors consent to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that this Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules").

## BACKGROUND

4. On October 10, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code.

5. The Debtors operated their businesses and managed their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On October 11, 2022, the Court entered an order jointly administering the Chapter 11 Cases for procedural purposes only [Docket No. 43].

7. On November 8, 2023, the Court entered an order [Docket No. 2258] (the "Confirmation Order") confirming the *Debtors' Second Amended Joint Plan of Liquidation*

[Docket No. 1905] (the "Plan"), inclusive of all supplements thereto including the Liquidating Trust Agreement [Docket No. 2115] (the "LTA").

8. As noted in the Confirmation Order, the Chapter 11 Cases were previously consolidated for procedural purposes only. [Docket No. 43] ("The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered. The case of Vital Pharmaceutical, Inc., Case No. 22-17842-PDR is designated as the 'lead case.'").

9. The Plan groups the Debtors together solely for the purposes of describing treatment under the Plan, tabulating votes, and making distributions with respect of Claims against, and Interests in, the Debtors under the Plan. *See* Plan, § III.B.

10. The Plan further provides that, as of the Effective Date, the Liquidating Trustee "shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan," including "filing an application for entry by the Bankruptcy Court of a final decree closing the Chapter 11 Case[s]." *See* Plan, §V.H(I) and § V.H(3)(v).

11. On November 21, 2023, the confirmed Plan went effective (the "Effective Date") and the VPX Liquidating Trust (the "Liquidating Trust") was formed [Docket No. 2291]. Thereafter, all of the Debtors' liabilities, assets, title, discretion, privileges, and rights were transferred to and vested in the Liquidating Trust.

12. Upon the occurrence of the Effective Date, Steven Balasiano (the "Liquidating Trustee") was deemed appointed to serve as the trustee and administrator of the Liquidating Trust established pursuant to the Plan. *See* Plan, §VI.H.

13. Although the remaining assets and liabilities of the Debtors were consolidated on the Effective Date for purposes of distributions under the Plan, the Non-Lead Debtors have not yet been dissolved and continue to exist as separate legal entities. The Chapter 11 Cases of each of the Debtors remain open.

## RELIEF REQUESTED

14. The Liquidating Trustee requests that this Court enter an order and final decree: (i) closing the Non-Lead Cases of the Non-Lead Debtors identified on <u>Exhibit B</u>; and (ii) waiving the requirement that the Non-Lead Debtors in the Non-Lead Cases file any further post-confirmation reports in those cases, and directing that all further reporting concerning the administration of the assets and liabilities of the Non-Lead Debtors shall occur solely on a consolidated basis in the Lead Debtor's above-captioned Chapter 11 Case.

## BASIS FOR RELIEF

15. Bankruptcy Code section 350(a) provides that the Court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). In addition, Bankruptcy Rule 3022 provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

16. Local Rule 3022-1(A) provides that a final decree in chapter 11 cases may be granted "upon the filing of a motion by an individual debtor seeking entry of a discharge prior to completion of payments under the plan under 11 U.S.C. §1141(d)(5)."

17. Furthermore, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. § 105(a).

18. The 1991 Advisory Committee Note to Bankruptcy Rule 3022 lists the following factors to be considered in determining whether a case has been fully administered:

    a. whether the order confirming the plan of reorganization has become final;

    b. whether deposits required by the plan of reorganization have been distributed;

    c. whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

    d. whether the debtor has assumed the business addressed by the plan of reorganization;

    e. whether payments under the plan of reorganization have commenced; and

    f. whether all motions, contested matters and adversary proceedings have been finally resolved.

*See* Fed. R. Bank. P. 3022, Advisory Committee Note (1991).

19. Here, all of the assets and liabilities of the Debtors' estates have been consolidated into a single estate for purposes of distribution and can and will be administered and accounted for in the reporting in the surviving case of the Lead Debtor. Therefore, no point would be served in keeping Non-Lead Cases open any longer.

20. In addition, all of the factors noted above weigh in favor of closing the Non-Lead Cases or do not apply:

- The Confirmation Order, which approved and effected a consolidation of all claims against the Debtors for purposes of distribution, has become a Final Order, and the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code;

- The Non-Lead Debtors were not required by the Plan to distribute any deposits;

- All assets of the Non-Lead Debtors have been vested in the Liquidating Trust;

- By operation of the confirmed Plan, all Claims filed or to be filed in connection with any obligations of the Plan Debtors are deemed to be Claims against the consolidated Debtors' estates. As such, all Claims against the Debtors can and will be administered pursuant to the Plan;

- The Debtors are liquidating under the Plan and have not assumed any business;

- The Liquidating Trustee, on behalf of the Debtors, is actively reviewing the Claims that have been filed in the Chapter 11 Cases, has issued distributions to holders of Allowed Administrative Expense Claims, and expects to make further distributions as soon as possible through the Chapter 11 Case of the Lead Debtor; and

- All adversary proceedings and pending motions involving the Non-Lead Debtors can and will be addressed in the Lead Debtor Case without any prejudice to counterparties in the actions.

21. Consideration and analysis of these factors demonstrates there is nothing that still needs to be done in the Non-Lead Cases and no reason to keep them open.

22. Under the circumstances, closing the Non-Lead Cases is also an appropriate use of the Court's equitable powers under section 105 of the Bankruptcy Code. Closing those cases will relieve the Court, the U.S. Trustee, and the Debtors from the burden of continuing to monitor and separately administer cases that are inactive. The closing of the Non-Lead Cases will also alleviate the burden of having to pay the relevant quarterly fees under 28 U.S.C. § 1930 in cases that no longer serve any purpose, and the U.S. Trustee's office confirmed during a conferral with the undersigned's office that it does not oppose closure of the Non-Lead Cases.

*See In re Hill*, No. 13-18344-PDR, 2021 WL 5498797, at *2 (Bankr. S.D. Fla. Nov. 23, 2021) ("A plain reading of 28 U.S.C. § 1930(a)(6), which sets the quarterly fee that bankruptcy debtors must pay the UST, states that the quarterly fee shall be paid for each quarter 'including any fraction thereof' until the case is closed."); *see also In re A.H. Robins Co., Inc.*, 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum").

23. Bankruptcy courts have routinely approved the relief requested herein under similar circumstances. *See, e.g.*, *In re Cinemex USA Real Estate Holdings, Inc., et al.*, No. 20-14695-LMI (Bankr. S.D. Fla. Apr. 27, 2021) [Docket No. 9] (granting motion to jointly administer cases and ordering that "[t]he Debtors will not commingle assets or liabilities unless and until it is determined that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases."), [Docket No. 1046] (granting motion to enter final decree and close one of three jointly administered matters consolidated for procedural purposes only), [Dkt. 1047] (same), & [Dkt. 1071] (noting entry of final decrees in, and closures of, two of three jointly administered cases and ordering, "All matters should now be docketed in the remaining open bankruptcy case . . . ."); *In re Benitago Inc., et al.*, No. 23-11422 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2024) [Dkt. 6] (granting motion for final decree closing some, but not all, of the debtors' chapter 11 cases to allow the debtor to address any remaining matters, whether or not they pertain to the remaining case or closed cases, provided that they "shall be filed, administered, and adjudicated in the [remaining case], without the need to reopen the [closed cases]"); *In re AF Liquidation Inc., et al. (f/k/a Aerofarms, Inc. et. al)*, No. 23-10737 (MFW) (Bankr. D. Del. Dec. 6, 2023) [Dkt. 469] (granting motion for final decree closing some, but not all, of the debtors' chapter 11 cases to allow the liquidating trustee to review, object to,

and resolve claims and administratively wind-down cases); *In re Virgin Orbit Holdings, Inc., et al.*, No. 23-10405 (KBO) (Bankr. D. Del. Dec. 1, 2023) [Dkt. 761] (granting motion for final decree closing some, but not all, of the debtors' chapter 11 cases to allow the debtors to prosecute professional fee applications and administratively winddown the cases, provided that "all motions, notices, and other pleadings relating to any of the [d]ebtors shall be filed, administered, and adjudicated in the [remaining case], without the need to reopen the [closed cases]"); *In re Katerra Inc., et al.*, No. 21-31861 (DRJ) (Bankr. S.D. Tex. Dec. 9, 2022) (same).

24. No beneficial purpose would be served by further reporting in the Non-Lead Cases. On the Effective Date, the estates of the Debtors were consolidated for purposes of distribution. Consequently, only one such report needs to be filed and no further activity to report has or will occur in the Non-Lead Cases.

25. In addition, a final report in each of the Non-Lead Cases is not necessary. The administration of the assets and liabilities of the Non-Lead Debtors will occur in the Lead Debtor case and be fully accounted for in the final report submitted in that case. Consequently, requiring a final report in each of the Non-Lead Cases would not be helpful to the U.S. Trustee, creditors, or other parties-in-interest.

26. Accordingly, the requirement of further post-confirmation reporting by the Non-Lead Debtors in the Non-Lead Cases should be waived, and all further reporting concerning the administration of the assets and liabilities of those Debtors should occur on a consolidated basis in the case of Lead Debtor.

## **NOTICE**

27. Notice of this Motion will be given to: (i) the Office of the U.S. Trustee; and (ii) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002

and the Plan. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order and final decree, substantially in the form attached hereto as Exhibit A: (i) closing the Non-Lead Cases; (ii) waiving the requirement that the Non-Lead Debtors in the Non-Lead Cases submit any further post-confirmation reports and directing that all further reporting concerning the administration of assets and liabilities of those Debtors shall occur on a consolidated basis in the Lead Debtor case; and (iii) granting such other and further relief as may be just and proper.

Dated: May 16, 2024

**BAST AMRON LLP**

By: /s/ Peter J. Klock, II
Brett M. Amron (FBN 0148342)
Peter J. Klock, II (FBN 103915)
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: (305) 379-7904
Email: bamron@bastamron.com
Email: pklock@bastamron.com

**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Michael A. Kaplan, Esq.
Lindsay H. Sklar, Esq.
Erica G. Mannix, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: mkaplan@lowenstein.com
Email: lsklar@lowenstein.com
Email: emannix@lowenstein.com

*Counsel to the Liquidating Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2024, a true and correct copy of the foregoing is being served electronically on any parties registered to receive electronic notifications in this case via the Court's CM/ECF system.

/s/ *Peter J. Klock, II*
Peter J. Klock, II

# **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*[1] | Case No.: 22-17842-PDR |
| Debtors. _____/ | (Jointly Administered) |

**ORDER AND FINAL DECREE CLOSING
CHAPTER 11 CASES OF NON-LEAD DEBTORS AND WAIVING REQUIREMENT
OF FURTHER POST-CONFIRMATION REPORTS IN THOSE CASES**

Upon the *Motion of the Liquidating Trustee Under 11 U.S.C. §§ 105(a) and 350(a), Fed. Bankr. P. 3022, and Local Rule 3022-1 for Order and Final Decree Closing Chapter 11 Cases of Non-Lead Debtors and Waiving Requirement of Further Post-Confirmation Reports in Those Cases* (the "Motion")[2] of the Debtors in the above-captioned cases (collectively, the "Debtors"); and this Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and this Court having jurisdiction over this matter; and after due deliberation; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

---

[1] The address of the debtors in the above-captioned cases (the "Debtors") is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

-2-

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases of the following Non-Lead Debtors shall be, and hereby are, closed pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, effective as of the date of entry of this Order and Final Decree:

| Non-Lead Debtor Name | Case No. |
| --- | --- |
| Bang Energy Canada, Inc. | 22-17844-PDR |
| JHO Intellectual Property Holdings, LLC | 22-17845-PDR |
| JHO Real Estate Investment, LLC | 22-17847-PDR |
| Quash Seltzer, LLC | 22-17848-PDR |
| Rainbow Unicorn Bev LLC | 22-17849-PDR |
| Vital Pharmaceuticals International Sales, Inc. | 22-17850-PDR |

3. The assets and liabilities of the Non-Lead Debtors shall remain grouped together for purposes of describing treatment under the Plan, tabulating votes, and making distributions with respect of Claims against, and Interests in, the Debtors under the Plan, and shall be administered by the Debtors in the chapter 11 case of Vital Pharmaceuticals, Inc., Case No. 22-17842-PDR.

4. The requirement of the Non-Lead Debtors in the Non-Lead Cases to file further post-confirmation reports shall be and hereby is waived. All further reporting concerning the administration of the assets and liabilities any of the Debtors shall occur on a consolidated basis in the chapter 11 case of Vital Pharmaceuticals, Inc., Case No. 22-17842-PDR.

5. The requirement of the Non-Lead Debtors in the Non-Lead Cases to file a final report prior to the hearing on the Motion shall be waived, and such filing shall occur on a consolidated basis at the time of the filing of the final report in the chapter 11 case of Vital Pharmaceuticals, Inc., Case No. 22-17842-PDR.

6. To the extent not already paid, the fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) with respect to the Non-Lead Cases shall be paid as soon as reasonably practicable after the date of entry of this Order.

7. Nothing herein shall deprive the Liquidating Trustee of his authority to act on behalf of the Debtors, including the Non-Lead Debtors, in accordance with the Plan and Confirmation Order.

8. Entry of this Order and Final Decree shall be without prejudice to the rights of the Liquidating Debtors, or any other party-in-interest to seek to reopen the Non-Lead Debtors' respective chapter 11 cases for cause.

9. The Liquidating Debtors are empowered and authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order and Final Decree.

10. The Clerk of the Court shall enter this Order and Final Decree individually on each of the dockets of the Non-Lead Debtor's respective chapter 11 cases and thereafter each such docket shall be marked as "Closed."

11. Notwithstanding any stay that might be applicable to this Order and Final Decree, this Order and Final Decree shall be effective and enforceable immediately upon entry hereof.

12. The Court shall retain jurisdiction to construe and enforce the terms of the Motion and this Order and Final Decree.

## EXHIBIT B

### Cases to be Closed Pursuant to Final Decree

| Non-Lead Debtor Name | Case No. |
|---|---|
| Bang Energy Canada, Inc. | 22-17844-PDR |
| JHO Intellectual Property Holdings, LLC | 22-17845-PDR |
| JHO Real Estate Investment, LLC | 22-17847-PDR |
| Quash Seltzer, LLC | 22-17848-PDR |
| Rainbow Unicorn Bev LLC | 22-17849-PDR |
| Vital Pharmaceuticals International Sales, Inc. | 22-17850-PDR |