UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) (Jointly Administered) |
| Debtors.[1] _____/ | |
| VPX LIQUIDATING TRUST, by and through its Liquidating Trustee, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-_____ (PDR) |
| GULFSTREAM AEROSPACE CORPORATION, | |
| Defendant. _____/ | |

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT**

VPX Liquidating Trust, by and through its Liquidating Trustee (the "Liquidating Trust" or "Plaintiff"), the liquidating trust in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") and successor in interest to Vital Pharmaceuticals, Inc. ("VPX") and certain of its affiliates (collectively, the "Debtors") established pursuant to the *Debtors' Second Amended Joint Plan of Liquidation* [Case No. 22-17842-PDR, Dkt. 1905] (the "Plan"), by and through its undersigned counsel, for its Complaint in the above-captioned action against defendant Gulfstream Aerospace Corporation ("Gulfstream" or "Defendant"), alleges as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

00817162 DOCX 3

## NATURE OF THE ACTION

1. Plaintiff seeks a determination from the Court that approximately $440,293.28, currently held in escrow (the "Escrowed Funds") with the Florida state court's registry (the "Court Registry"), which was paid by VPX in October 2020 in connection with its prepetition litigation against Gulfstream and was listed as its asset on the *Schedules of Assets and Liabilities* [Dkt. 323] (the "Schedules") filed in connection with these Chapter 11 Cases, is property of the estates.

2. A dispute has arisen with respect to ownership of the Escrowed Funds as Gulfstream contends that it has a security interest in the Escrowed Funds despite the lack of any documentation demonstrating that such security interest exists.

3. Accordingly, the Plaintiff seeks a judgment from this Court declaring that the Escrowed Funds are property of the estates free and clear of any security interest purportedly held by Gulfstream.

## JURISDICTION

4. This is a proceeding arising under or relating to the bankruptcy petitions filed by the Debtors under chapter 11 of the Bankruptcy Code. As a result, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and Bankruptcy Rule 7001.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This adversary proceeding (the "Adversary Proceeding") is a "core" proceeding pursuant to 28 U.S.C. §§ 157(a) and (b)(2)(A) and (O).

7. This Court retained jurisdiction in these Chapter 11 Cases to, among other things, "recover all assets of the Debtors and property of the Debtors' Estates, wherever located." [Dkt. 1905, Art. XIII.19.]

8. In the event that any portion of this Adversary Proceeding is found to be "non-core," Plaintiff consents to the entry of final orders and judgments by this Court pursuant to Bankruptcy Rule 7008.

9. Declaratory relief is appropriate pursuant to both Bankruptcy Rule 7001 and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").

10. As set forth below, an actual legal controversy exists with respect to the declaratory relief requested herein.

**PARTIES**

11. Plaintiff is the Liquidating Trustee appointed pursuant to the Plan that became effective on November 21, 2023. [Dkt. 2291.] Pursuant to that certain *Liquidating Trust Agreement* (the "Liquidating Trust Agreement"), which was incorporated into the Plan and approved in all respects by the Order [Dkt. 2258] confirming the Plan, the Liquidating Trust was substituted as the party-in-lieu of the Debtors in all matters and pending proceedings inside and outside of the Bankruptcy Court.

12. Prior to the Petition Date, VPX was a Florida corporation with its principal place of business in Weston, Florida.

13. Defendant Gulfstream is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in Chatham County, Georgia.

**FACTUAL BACKGROUND**

**I.   THE GULFSTREAM DISPUTE**

14. In 2018, VPX, through a non-Debtor affiliated entity Bang Jets LLC ("Bang Jets"), acquired a Gulfstream G550 aircraft, s/n 5349 (the "Aircraft"). Thereafter, VPX and Bang Jets hired Expert Aviation Inc. ("Expert Aviation") to provide certain maintenance and storage services in connection with the Aircraft.

15. In early 2020, a dispute arose between VPX and Bang Jets, on one hand, and Gulfstream, on the other hand, related to services for the Aircraft that Expert Aviation sought from Gulfstream pursuant to that certain *Work Authorization* dated April 22, 2020 (the "Work Authorization").

16. Gulfstream purportedly completed the services agreed to under the Work Authorization, and VPX and Bang Jets declined to pay certain outstanding invoice amounts to Gulfstream asserting, among other things, that they were not bound by the Work Authorization that was entered into by Expert Aviation.

17. On August 11, 2020, Bang Jets and VPX initiated litigation against Gulfstream and Expert Aviation in Florida state court (the "Florida Court") styled as *Bang Jets LLC and Vital Pharmaceuticals, Inc. v. Gulfstream Aerospace Corporation, et al*, Case No. CACE20013100 (Fla. Cir. Ct. 2020) (the "Florida Action"), asserting claims against Gulfstream for, among other things, (i) deceptive, unconscionable, and unfair trade practices, (ii) conversion of property, and (iii) injunctive relief for the release of the Aircraft to Bang Jets and VPX.

18. At that time, Gulfstream maintained possession of the Aircraft and asserted counterclaims against VPX and Bang Jets.

19. On October 14, 2020, the Florida Court entered an agreed order (the "Agreed Order") between plaintiffs VPX and Bang Jets and defendant Gulfstream.

20. The Agreed Order required the following, among other things: (i) VPX and Bang Jets to deposit $433,779.09 in the Court Registry; and (ii) upon confirmation that the Escrowed Funds were deposited with the Court Registry, Gulfstream to (a) "permit Plaintiffs to remove the aircraft that is the subject of the above-captioned action . . . from Gulfstream's property at

Brunswick Golden Isles Airport," and "take all reasonable steps necessary to cancel, satisfy, and otherwise remove any Gulfstream-directed outstanding liens on the Aircraft."

21. Notably, the Agreed Order specifically stated that entry of the Agreed Order was without waiver of the parties' respective arguments in the Florida Action regarding the claims asserted by the parties.

22. The Florida Court also retained jurisdiction over the disposition of the Escrowed Funds and enforcement of the Agreed Order.

23. The Agreed Order neither identifies any lien purportedly held by or granted to Gulfstream, nor does it set forth that the Escrowed Funds are substitute collateral for the Aircraft as Gulfstream released all of its liens, if any, under the Agreed Order.

24. On October 16, 2020, VPX deposited the Escrowed Funds totaling $440,293.28 with the Court Registry in accordance with the Agreed Order.

25. On February 15, 2021, the Florida Court granted Gulfstream's motion to compel arbitration finding that VPX and Bang Jets were bound by the terms of that certain Work Authorization and thus, a valid written agreement to arbitrate existed between the parties, which decision was affirmed on appeal.

26. On August 26, 2022, the arbitration tribunal (the "Tribunal") entered an order (the "Arbitration Order") granting Gulfstream's dispositive motion regarding whether the doctrine of collateral estoppel barred the Tribunal from deciding the issue of whether VPX and Bang Jets were bound to the terms of the Work Authorization, which was previously decided by the Florida Court.

27. Importantly, the Arbitration Order set forth that it "does not in any manner address Claimant's allegation that Respondents have breached the terms of the Work Authorization, nor

does it address Claimant's alleged liability on Respondents' counterclaims," which claims remained to be adjudicated in the arbitration.

## II. THE CHAPTER 11 CASES

28. On October 10, 2022 (the "Petition Date"), the Debtors filed bankruptcy petitions for chapter 11 relief under the Bankruptcy Code.

29. On October 14, 2022, this Court entered an order [Dkt. 114] (the "Bar Date Order") that, among other things, established that December 19, 2022 (the "Bar Date") was the deadline for creditors with claims arising against the Debtors prior to the Petition Date to file their proof of claim in the Chapter 11 Cases.

30. On November 11, 2022, VPX filed its Schedules and listed Gulfstream as an unsecured creditor with a litigation claim in an undetermined amount, that is also contingent, unliquidated, and disputed.

31. VPX also listed the Escrowed Funds as its asset in the Schedules in the amount of $440,293.28 under deposits with the holder of such deposit listed as "Registry Clerk, Civil Division."

32. Gulfstream contends that it holds claims against VPX including, but not limited to, a security interest or secured claim in the Escrowed Funds, but failed to file a proof of claim in the Chapter 11 Cases.

**COUNT ONE**
**DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**
*(The Escrowed Funds are Property of the Estates Free and Clear of Any Security Interest)*

33. Plaintiff repeats and realleges each of the allegations set forth above and below as if fully set forth herein.

34. VPX deposited the Escrowed Funds with the Court Registry.

35.     VPX included the Escrowed Funds in its Schedules indicating that the Escrowed Funds were property of the Debtors' estates.

36.     VPX listed Gulfstream on its Schedules as a contingent, unliquidated, and disputed unsecured claimholder with a claim in an undetermined amount related to a prepetition litigation.

37.     Gulfstream asserts that it has a security interest in the Escrowed Funds, which were deposited with the Court Registry pursuant to the Agreed Order in exchange for Gulfstream's release of the Jet to VPX.

38.     Gulfstream has not provided any evidence of a perfected security interest in the Escrowed Funds.

39.     Gulfstream failed to file a proof of claim in the Chapter 11 Cases.

40.     Thus, an actual, substantial, and justiciable controversy exists as to whether the Escrowed Funds are property of the estates free and clear of any liens and security interest purportedly held by Gulfstream.

41.     This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgement Act, 28 U.S.C. §§ 2201–2202.

42.     The Plaintiff is entitled to a declaratory judgment that the Escrowed Funds are property of the estates and Gulfstream does not have any liens or security interests in the Escrowed Funds.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter an order:

(a) declaring that the Escrowed Funds belong to the Plaintiff and are property of the Debtors' estates and the Liquidating Trust; and

(b) granting such other and further relief as the Court deems just and equitable.

Dated: May 24, 2024

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP**<br><br>Jeffrey L. Cohen, Esq.<br>Eric Chafetz, Esq.<br>Michael A. Kaplan, Esq.<br>Erica G. Mannix, Esq.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 262-6700<br>Facsimile: (212) 262-7402<br>Email: jcohen@lowenstein.com<br>Email: echafetz@lowenstein.com<br>Email: mkaplan@lowenstein.com<br>Email: emannix@lowenstein.com | **BAST AMRON LLP**<br><br>By: */s/ Peter J. Klock, II*<br>Brett M. Amron (FBN 0148342)<br>Peter J. Klock, II (FBN 103915)<br>One Southeast Third Avenue, Suite 2410<br>Miami, Florida 33131<br>Telephone: (305) 379-7904<br>Facsimile: (786) 206-8740<br>Email: bamron@bastamron.com<br>Email: pklock@bastamron.com |

*Counsel to the Liquidating Trust and Liquidating Trustee*