

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

In re: VITAL PHARMACEUTICALS, INC., et al.,

Debtors.

_____/

Case No.: 22-17842-PDR

Chapter 11 (Jointly Administered)

## JOHN H. OWOC AND MEGAN E. OWOC'S MOTION FOR CONTINUANCE OF HEARING /TRIAL FOR 60 DAYS

**John H. Owoc and Megan E. Owoc** (collectively, "the Owocs") respectfully move for a 60 day Continuance of the hearing/trial to allow adequate time to secure new counsel following the withdrawal of Jonathan Feldman and the law firm PHANG & FELDMAN, P.A., and in support thereof state the following:

1. On June 21, 2023, PHANG & FELDMAN, P.A. entered an appearance on behalf of John H. Owoc, Megan E. Owoc.

2. On April 26, 2024, the law firm filed an emergency motion to withdraw as counsel for these Owocs, under the pretext of irreconcilable differences relating to the May 2, 2024 hearing on the Liquidating Trustee's Emergency Motion for an Order Staying the Court's Order (ECF No. 2542).

3. The Court granted the emergency motion (Doc. #260), accepting the firm's claim of irreconcilable differences without sufficient scrutiny or adequate demonstration of an actual emergency.

4. The order granting the purported "emergency" motion filed by PHANG & FELDMAN, P.A. on April 26, 2024 to withdraw as counsel, cited under the pretext of irreconcilable

differences concerning the hearing set for May 2, 2024, is fundamentally flawed, lacks any true emergency, and constitutes a fraud on the Court. By granting this motion, the Court has inadvertently aided and abetted Jonathan Feldman in committing fraud.

5. The Owocs, being pro se parties and non-lawyers, cannot represent themselves effectively in complex bankruptcy proceedings. Consequently, they requested a 60-day continuance to find new counsel, as all their lawyers had quit, and Judge Russin granted this request.

6. The Owocs need this 60-day continuance to hire counsel to respond to several court documents filed by opposing parties.

7. Doc. #2626: Certificate of Service Regarding the Motion of the Liquidating Trustee for an Order and Final Decree Closing Chapter 11 Cases of Non-Lead Debtors set for hearing on May 23, 2024. This motion includes a notice of hearing and a request to waive the requirement for further post-confirmation reports in these cases, associated with docket numbers 2622 and 2623. Granting this motion would greatly prejudice Mr. and Mrs. Owoc, severely compromising their rights and causing significant financial harm. Mr. and Mrs. Owoc would be left defenseless and unable to protect their interests, leading to substantial and irreparable financial damages. Therefore, Mr. and Mrs. Owoc vehemently object to this motion, as it would result in massive financial detriment to them.

## LEGAL ARGUMENT

**I.   COMPLEXITY OF LEGAL MATTERS REQUIRES A 60 DAYS CONTINUANCE OF THIS CASE FOR FINDING A LEGAL REPRESENTATION.**

The Owocs previous legal representatives, PHANG & FELDMAN, P.A., filed an emergency motion to withdraw due to irreconcilable differences with the clients regarding a

critical hearing. This withdrawal, granted on April 26, 2024 (Doc. #2607), left the Owocs without legal representation unexpectedly and necessitates additional time to secure new counsel.

The ongoing legal proceedings involve complex bankruptcy and adversary proceedings, which require specialized legal expertise. The Owocs, as non-lawyers, cannot adequately represent themselves in these matters, emphasizing the need for additional time to find appropriate legal representation. *Gideon v. Wainright,* 372 U.S. 335 (1963).

The Owocs are actively seeking new legal representation. However, finding and retaining suitable counsel who can quickly get up to speed on the intricate details of their case within the current timeline is challenging. Granting a continuance would provide the necessary time for new attorneys to be retained and adequately prepared. See *Turner v. Rogers,* 564 U.S. 431 (2011)

Denying the motion for a continuance would severely disadvantage the Owocs, potentially leading to unfavorable outcomes due to their inability to mount an adequate defense. Granting the continuance ensures that the Owocs have a fair opportunity to be represented properly, thus upholding the principles of fairness and due process.

Allowing a brief continuance will likely contribute to judicial efficiency in the long run. Properly represented Owocs can ensure that proceedings are conducted more smoothly and effectively, reducing the likelihood of procedural errors, unnecessary delays, and subsequent appeals or motions for reconsideration.

## II. RESIGNATION OF EIGHT DIFFERENT BANKRUPTCY LAW FIRMS REPRESENTING MR. AND MRS. OWOC WARRANT A CONTINUANCE

During this bankruptcy proceeding, Mr. and Mrs. Owoc have experienced the resignation of eight different law firms and attorneys, each of which Judge Russin ~~[redacted]~~ allowed to

withdraw without questioning the rationale. The attorneys who resigned include Paul Battista of Venable LLP, Justin Luna of Latham Luna Law Firm, Jay Geller of Jay Geller Law, Jeremy Fisher of Drummond Woodsum, Brad Shraiberg and Patrick Dorsey of Shraiberg, Ferrara and Landau Law Firm, Gilbert of Conrad Sharer, Doug Spelfogel of Mayer Brown Law Firm, and most recently Jonathan Feldman of Phang and Feldman.

The unprecedented resignation of eight law firms is a significant disruption. This instability in legal representation warrants a continuance to allow Mr. and Mrs. Owoc time to secure reliable counsel who can effectively manage their defense in this complex bankruptcy case.

The coordinated resignations appear to be a strategic effort to destabilize Mr. Owoc's defense, deplete his assets, and dismantle Bang Energy's financial structure. This tactic has left the Owocs in a vulnerable position, unable to maintain consistent legal representation, and underscores the need for additional time to secure new counsel.

Mr. Owoc's testimony revealed that Jordi Guso tortiously interfered with his attorneys, specifically Jay Geller of Jay Geller Law and Jeremy Fisher of Drummond Woodsum. Both attorneys resigned hours after being hired by the Owocs, citing conversations with Jordi Guso as the reason for their withdrawal. This interference directly impacted the Owocs' ability to defend themselves and merits a continuance to rectify the harm caused.

The repeated resignations and interference by legal and judicial figures suggest a systemic attack fueled by malicious intent. These actions have exploited the judicial process to perpetrate what can be seen as a significant fraud against Mr. Owoc. A continuance would provide the necessary time to address these abuses and ensure fair legal representation.

Given the systematic destabilization and interference faced by the Owocs, granting a continuance is essential to uphold fairness and due process. It would allow the Owocs sufficient time to find competent legal representation capable of addressing the complex legal challenges they face. Continuity in legal representation is critical in navigating bankruptcy proceedings effectively. The Owocs need adequate time to secure a law firm that can commit to their case without the threat of external interference, ensuring a stable defense moving forward. Without a continuance, the Owocs face prejudicial outcomes due to the lack of adequate legal representation. The court must provide the time necessary for the Owocs to obtain competent counsel, thus preventing an unjust disadvantage in their bankruptcy proceedings.

### III. THE MOTION TO WITHDRAW LACKED JUSTIFICATION AS AN EMERGENCY MOTION

To establish that the harm is "irreparable," there must be no other adequate legal remedies available. Monument Realty LLC v. Wash. Metro. Area Transit Auth., 540 F.Supp.2d 66, 74 (D.D.C.2008).

The standard for an emergency motion requires the movant to demonstrate that immediate and irreparable harm would occur without swift judicial action. See *Hi–Tech Pharmacal Co. v. U.S. Food & Drug Admin.*, 587 F.Supp.2d 1, 11 (D.D.C. 2008).

Here, PHANG & FELDMAN, P.A.'s motion failed to meet this criterion, as the cited irreconcilable differences do not constitute immediate harm. There was no evidence presented to suggest that the Owocs would suffer irreparable damage if the motion was not granted on an emergency basis.

The purported conflict could have been addressed through normal court procedures without resorting to an emergency motion. There was ample time before the May 2, 2024 hearing to resolve the matter without invoking emergency protocols.

The motion did not provide substantial justification for why it should be considered an emergency. The vague reference to irreconcilable differences lacked specific details that would necessitate immediate withdrawal.

IV. **THE GRANTING OF THE MOTION OF PHANG & FELDMAN, P.A. CONSTITUTED FRAUD ON THE COURT DUE TO MISREPRESENTATION OF EMERGENCY**

By presenting a non-emergency matter as an emergency, PHANG & FELDMAN, P.A. misled the Court, constituting a fraudulent act. The firm's motion was a deliberate attempt to circumvent standard legal procedures under the guise of urgency. *Tare v. Bank of Am.*, 2009 U.S. Dist. LEXIS 23125, *21-22 (D.N.J. 2009)

The Court's acceptance and approval of this motion, without due diligence, effectively aided and abetted the fraudulent conduct. Granting such a motion sets a dangerous precedent, undermining the integrity of judicial proceedings and enabling misuse of emergency procedures.

This instance is part of a broader pattern of misconduct during the bankruptcy proceedings. The repeated granting of non-emergency motions as emergencies erodes trust in the bankruptcy process and facilitates unethical behavior by legal practitioners.

V. **VIOLATION OF JUDICIAL CANONS**

**Canon 1: A Judge Shall Uphold the Integrity and Independence of the Judiciary** - Granting a non-emergency motion as an emergency compromises the integrity of the judicial process, suggesting partiality or improper influence, which undermines public confidence in the judiciary's independence and integrity.

**Canon 2: A Judge Shall Avoid Impropriety and the Appearance of Impropriety in All of the Judge's Activities** - Treating a non-emergency matter as an emergency creates an appearance of impropriety, raising questions about the judge's impartiality and the possibility of undue influence by the moving party.

**Canon 3: A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently** - The judge failed to perform duties diligently by not critically evaluating the emergency nature of the motion, undermining the principle of impartiality and due process.

**Canon 4: A Judge Shall Conduct the Judge's Extra-Judicial Activities to Minimize the Risk of Conflict with Judicial Obligations.**

## CONCLUSION

Given these specific circumstances, it is clear that a 60-day continuance is both reasonable and necessary to ensure that the Owocs can secure new legal representation and adequately respond to the court's demands.

Respectively submitted this May 29, 2024

*/s/ John H. Owoc*

**John H. Owoc**

*/s/ Megan E. Owoc*

**Megan E. Owoc**

3052 N Atlantic Blvd Fort Lauderdale FL 33308