**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al*.,<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 22-17842 (PDR) |

**MOTION OF JENNIFER SILVA FOR**
**RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION**

Jennifer Silva (the "Movant"), by and through her undersigned counsel, files this motion (the "Motion") for entry of an order pursuant to 11 U.S.C. § 362(d), Rule 4001(a), Fed. R. Bank. P., Local Rule 4001-1, and the Court's Guidelines for Motions for Relief from the Automatic Stay granting the Movant relief from the automatic stay and any applicable plan injunction. In support of this Motion, Movant respectfully states as follows:

**JURISDICTION**

1. On October 10, 2022, Vital Pharmaceuticals, Inc. (the "Debtor") and its affiliated debtors (collectively, the "Debtors") filed their Chapter 11 Voluntary Petitions with this Court

2. On November 8, 2023, this court entered an order approving and confirming the Debtor's Plan of Liquidation (the "Plan"), which became effective on November 21, 2023.

3. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408(1) and 1409.

6. The statutory predicate for the relief requested herein is section 362(d) of the

4

Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida.

## BACKGROUND

7.   On or about January 26, 2021, a vehicle owned and operated by a male employee of Debtor ("Employee-Driver"), while driving Debtor's vehicle on Orange Blossom Trail, near the intersection of Whisper Lakes Blvd, Orange County, Florida caused Debtor's vehicle to crash into the Movant's vehicle. The Movant sustained injuries as a result of the automobile crash.

8.   On March 23, 2023, the Movant commenced a personal injury action against the Debtor, in the Circuit Court of Florida, County of Orange, under case number 2023-CA-9139-O (the "Personal Injury Action").

9.   Movant has received notice that the Debtor filed the instant Chapter 11 bankruptcy case.

10.   Further, it appears that both Debtor and its Employee-Driver are covered by a Bodily Injury Liability policy through Chubb Insurance (Policy # 000071743202).

## RELIEF REQUESTED

11.   Movant seeks relief from the automatic stay or any injunction imposed under the Plan for the limited purpose of allowing Movant to continue the Personal Injury Action with the Debtor as a named defendant in order to pursue recovery solely against any available insurance proceeds.

12.   Section 362(d)(1) of the Bankruptcy Code provides

> (d)   On a request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such

stay …

11 U.S.C. § 362(d)(1). <u>See also</u> Rule 4001, Fed. R. Bank. P. and Local Rule 4001-1.

13. Additionally, the Debtor's estate will not be prejudiced through granting the Movant relief from the automatic stay or plan injunction as requested herein given that Movant is seeking to continue the Personal Injury Action solely to obtain recovery from any available insurance proceeds, and thus prosecution of and any recovery from Movant's personal injury claim will not financially burden the Debtor's estate. Further, resumption of the Personal Injury Action is the most expeditious means to adjudicate and liquidate Movant's claim.

14. Cause is not defined in the Bankruptcy Code and must be determined on a case-by-case basis based on an examination of the totality of circumstances. *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997). While Congress did not define "cause", Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in non-bankruptcy forums. *In re United Imports, Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb.1996); see also *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir.1992) ("It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."). The determination of whether cause exists to permit movant to proceed with state court litigation is left to the Court's discretion, and it is to be made based upon the facts of the case. *Laguna Assoc. Ltd., v. Aetna Cas. & Sur. Co.,* 30 F.3d 734, 737 (6th Cir. 1994).

15. When a judgment is or would be covered by insurance from an insurance carrier, there is no possibility of prejudicial dissipation of debtor assets. <u>See</u> *In re Bock Laundry Mach. Co.* (N.D. OH 1984) 37 B.R. 557, 566 ("where…the pending action is neither connected with nor

interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy"). <u>See also</u> 3 Collier on Bankruptcy 362.07[3][a][1] (Lawrence P. King, ed. 15th Ed. Revised 1999).

16. To the extent the relief sought herein is granted, Movant: (a) would only seek to recover on any judgment or settlement with respect to the claim solely from available and applicable insurance proceeds, if any, (b) waive any and all claims to any recovery from the Liquidating Trust or the Debtors in the Chapter 11 Cases or otherwise, and (iii) and any party to the Personal Injury Action would be barred from propounding discovery from the Liquidating Trust or the Debtors in connection with the Silva Proceeding.

17. To the extent the relief sought herein is granted, Movant's personal injury counsel may request the cooperation of the Liquidating Trust with respect to discovery served by Movant or a co-defendant. The Liquidating Trustee would have full and absolute discretion to cooperate with or reject such request, and any cooperation may be subject to full reimbursement of the Liquidating Trust's expenses incurred related to such cooperation by Movant or a co-defendant, as applicable; ***provided, however***, that neither the Liquidating Trust nor the Debtors shall be obligated to cooperate with any discovery request from any party related to the Personal Injury Action.

18. To the extent the relief sought herein is granted, Movant will not directly or indirectly (a) seek to collect any judgment or settlement arising from, or related to the claim from the Liquidating Trust, the Debtors or their estates and/or any assets or property of the Liquidating Trust, the Debtors or their estates (as defined in section 541 of the Bankruptcy Code), or (b) seek to compel any of the Debtors to pay any deductible, self-insured retention, retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy.

19. To the extent the relief sought herein is granted, Movant shall not be entitled to

file or assert a general unsecured claim under Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 3002 or any other applicable sections of the Bankruptcy Rules or Bankruptcy Code, if any, nor shall Movant be entitled to file or assert an administrative or priority claim under section 503 or 507 or any other applicable sections of the Bankruptcy Code, if any, against any of the Debtors in the Chapter 11 Cases, the deadline for asserting any such claims having expired.

20. Based on the foregoing, Movant respectfully submits that cause exists to grant Movant relief from the automatic stay or any applicable Plan injunction to allow Movant to continue the Personal Injury Action with the Debtor as a named defendant, on the terms set forth in the proposed order submitted herewith (See Attached **Exhibit "A"**-Proposed Order), so that Movant may pursue any available insurance.

For the foregoing reasons, Movant respectfully requests relief from the automatic stay or any applicable Plan injunction so that she may resume pursuing her claims in the Personal Injury Action to the extent of available insurance coverage.

This 28th day of August 2024.

                                                */s/ David A. Blansky*
                                                David A. Blansky
                                                Florida Bar No. 1033002
                                                Dunn Law, P.A.
                                                Counsel to the Movant
                                                66 West Flagler Street, Suite 400
                                                Miami, Florida 33130
                                                Phone: 786.433.3866 || Fax: 786.260.0269
                                                Direct: 786.534.3669
                                                dblansky@dunnlawpa.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 28, 2024, via Notice of Electronic Filing (CM/ECF) upon all registered users for this case.

By: */s/ David A. Blansky*
David A. Blansky, Esq.

**EXHIBIT "A"**
*Proposed Order*

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 22-17842 (PDR) |

**ORDER GRANTING JENNIFER SILVA RELIEF FROM STAY**

THIS CAUSE having come before the Court on _____, upon the foregoing Motion to Allow Jennifer Silva ("Silva") Relief from Stay (the "Motion:) [D.E. \_\_\_], and the Court having considered same and being otherwise fully advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** as follows:

1. The Motion is hereby **GRANTED**, subject to the following limitations.

2. That by the entry of this proposed Order, the Plan Injunction is hereby modified for the limited purpose, and solely to the extent necessary, to permit Silva to reinstate the Personal Injury

Action in the District Court to pursue recovery for and liquidate her claim, if any, against the Debtors; *provided that,* (i) Silva may only seek to recover on any judgment or settlement with respect to the claim solely from available and applicable insurance proceeds, if any, (ii) Silva waives any and all claims to any recovery from the Liquidating Trust or the Debtors in the Chapter 11 Cases or otherwise, and (iii) Silva and any party to the Silva Proceeding are barred from propounding discovery from the Liquidating Trust or the Debtors in connection with the Personal Injury Action.  To the extent Defense Counsel requests the cooperation of the Liquidating Trust with respect to discovery served by Silva or a co-defendant, the Liquidating Trustee has full and absolute discretion to cooperate with or reject such request, and any cooperation may be subject to full reimbursement of the Liquidating Trust's expenses incurred related to such cooperation by Silva or a co-defendant, as applicable; ***provided, however***, that neither the Liquidating Trust nor the Debtors shall be obligated to cooperate with any discovery request from any party related to the Silva Proceeding.

3. Silva shall not directly or indirectly (i) seek to collect any judgment or settlement arising from, or related to the claim from the Liquidating Trust, the Debtors or their estates and/or any assets or property of the Liquidating Trust, the Debtors or their estates (as defined in section 541 of the Bankruptcy Code), or (ii) seek to compel any of the Debtors to pay any deductible, self-insured retention, retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy.

4. Further, Silva shall not be entitled to file or assert a general unsecured claim under Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 3002 or any other applicable sections of the Bankruptcy Rules or Bankruptcy Code, if any, nor shall Silva be entitled to file or assert an administrative or priority claim under section 503 or 507 or any other applicable sections

of the Bankruptcy Code, if any, against any of the Debtors in the Chapter 11 Cases, the deadline for asserting any such claims having expired.

**Submitted by:**

David A. Blansky, Esq.
Florida Bar No. 1033002
DUNN LAW, P.A.
66 W. Flagler Street, Suite 400
Miami, FL 33130
dblansky@dunnlawpa.com
*Counsel for Movant*

Copy furnished to Attorney Blansky, who shall serve a conformed copy of this Order on all interested parties and file a certificate of service thereon.

3