

ORDERED in the Southern District of Florida on October 1, 2024.



                          **Peter D. Russin, Judge**
                         **United States Bankruptcy Court**

_____

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| In re: | Chapter 11 Cases |
|---|---|
| VITAL PHARMACEUTICALS, INC., *et al*., | Case No. 22-17842 (PDR) |
| Debtors. | |

**ORDER GRANTING JENNIFER SILVA RELIEF FROM STAY**

THIS CAUSE having come before the Court on September 26, 2024, upon the foregoing Motion to Allow Jennifer Silva ("Silva") Relief from Stay (the "Motion:) [D.E. 2674], and the Court having considered same and being otherwise fully advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** as follows:

1. The Motion is hereby **GRANTED**, subject to the following limitations.

2. That by the entry of this proposed Order, the Plan Injunction is hereby modified for the limited purpose, and solely to the extent necessary, to permit Silva to reinstate the Personal Injury Action in the District Court to pursue recovery for and liquidate her claim, if any, against the

Debtors; *provided that,* (i) Silva may only seek to recover on any judgment or settlement with respect to the claim solely from available and applicable insurance proceeds, if any, (ii) Silva waives any and all claims to any recovery from the Liquidating Trust or the Debtors in the Chapter 11 Cases or otherwise, and (iii) Silva and any party to the Silva Proceeding are barred from propounding discovery from the Liquidating Trust or the Debtors in connection with the Personal Injury Action. To the extent Defense Counsel requests the cooperation of the Liquidating Trust with respect to discovery served by Silva or a co-defendant, the Liquidating Trustee has full and absolute discretion to cooperate with or reject such request, and any cooperation may be subject to full reimbursement of the Liquidating Trust's expenses incurred related to such cooperation by Silva or a co-defendant, as applicable; ***provided, however***, that neither the Liquidating Trust nor the Debtors shall be obligated to cooperate with any discovery request from any party related to the Silva Proceeding.

3. Silva shall not directly (i) seek to collect any judgment or settlement arising from, or related to the claim from the Liquidating Trust, the Debtors or their estates and/or any assets or property of the Liquidating Trust, the Debtors or their estates (as defined in section 541 of the Bankruptcy Code), or (ii) seek to compel any of the Debtors to pay any deductible, self-insured retention, retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy.

4. Further, Silva shall not be entitled to file or assert a general unsecured claim under Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 3002 or any other applicable sections of the Bankruptcy Rules or Bankruptcy Code, if any, nor shall Silva be entitled to file or assert an administrative or priority claim under section 503 or 507 or any other applicable sections

of the Bankruptcy Code, if any, against any of the Debtors in the Chapter 11 Cases, the deadline for asserting any such claims having expired.

5. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any allegedly applicable insurance policy or any related agreements; (ii) relieves the Debtors and/or the Liquidating Trust of any obligations to pay any retentions or to pay (or reimburse an insurer or third party administrator for) any deductibles; (iii) relieves the Debtors and/or the Liquidating Trust of any of their other obligations under any allegedly applicable insurance policy or any related agreements; (iv) creates or permits a direct right of action by any claimants against any of the Debtors' insurers that does not otherwise exist under applicable law; (v) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (vi) constitutes a determination or admission that coverage exists with respect to any claims. For the avoidance of doubt, the automatic stay is lifted, if and to the extent applicable, to allow, but not to require, the Debtors' insurers and third party administrators to administer, handle, defend, settle, and/or pay the claimants' claims (and any costs related thereto) subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreement.

### 

**Submitted by:**
David A. Blansky, Esq.
Florida Bar No. 1033002
DUNN LAW, P.A.
66 W. Flagler Street, Suite 400
Miami, FL 33130
dblansky@dunnlawpa.com
*Counsel for Movant*

Copy furnished to Attorney Blansky, who shall serve a conformed copy of this Order on all interested parties and file a certificate of service thereon.