UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                CASE NO.: 22-17842-PDR

VITAL PHARMACEUTICALS, INC., et al.,                 Chapter: 11

    Debtors,
_____/

## UNOPPOSED MOTION OF JOSEPH M. THOMAS, JR., FOR RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION

Movant, JOSEPH M. THOMAS, JR., by his undersigned attorneys, moves this Court for an Order Granting Relief from the Automatic Stay, pursuant to Section 362 and Local Rule 4001-1(c), to permit him to liquidate his personal injury claim against Debtor-in-possession, VITAL PHARMACEUTICALS, INC., in State Court, up to the maximum amount provided by insurance and in support thereof, this Motion states:

1. Pursuant to Local Bankruptcy Rule 4001-1(C): Requests for Relief On Negative Notice:

> **Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

2. On a date prior to the filing of the bankruptcy petition, Debtor-in-possession, VITAL PHARMACEUTICALS, INC.'s, employee negligently operated a vehicle while he was within the course and scope of his employment with Debtor-in-possession, VITAL PHARMACEUTICALS, INC., said vehicle was also owned by Debtor-in-possession, VITAL PHARMACEUTICALS, INC.

3. As a result, the vehicle owned by Debtor-in-possession, VITAL PHARMACEUTICALS, INC., collided into Movant, JOSEPH M. THOMAS, JR., which caused

Movant, JOSEPH M. THOMAS, JR., to suffer bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Movant, JOSEPH M. THOMAS, JR., will continue to suffer losses in the future.

3. Consequently, Movant, JOSEPH M. THOMAS, JR., filed a personal injury lawsuit (negligence action) against Debtor-in-possession, VITAL PHARMACEUTICALS, INC.

4. Thereafter, Debtor-in-possession, VITAL PHARMACEUTICALS, INC., filed a petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

5. As a consequence, Movant, JOSEPH M. THOMAS, JR., is a Creditor of the Bankruptcy Estate, with an unliquidated claim.

6. At the time of the accident, Debtor-in-possession, VITAL PHARMACEUTICALS, INC., maintained a policy of insurance that contains coverage for bodily injury liability.

7. Movant, JOSEPH M. THOMAS, JR., desires to continue prosecuting a pending civil action against Debtor-in-possession, VITAL PHARMACEUTICALS, INC., in State Court, for the purpose of liquidating his claim.

8. However, if Movant, JOSEPH M. THOMAS, JR., obtains a recovery or judgment against Debtor-in-possession, VITAL PHARMACEUTICALS, INC., then Movant, JOSEPH M. THOMAS, JR., will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the recovery or judgment against Debtor-in-possession, VITAL PHARMACEUTICALS, INC.'s, property or property of the estate.

9. Accordingly, Movant, JOSEPH M. THOMAS, JR., requests that this Court enter an order granting relief from the automatic stay, pursuant to Section 362(d)(1) of the United States

Bankruptcy Code and Local Rule 4001-1(c), to proceed with litigation against Debtor-in-possession, VITAL PHARMACEUTICALS, INC., in the State Court Action, only to the extent of any and all available and applicable insurance coverage and to negotiate any possible settlement of the claim (See attached **Exhibit "A"** - Proposed Order).

10. Granting stay relief will not prejudice nor impact the estate or the other creditors in any significant way.

**WHEREFORE**, Movant, JOSEPH M. THOMAS, JR., prays that the Court will grant his Motion for Relief from the Automatic Stay in the manner requested and for whatever additional relief that this Honorable Court deems just and proper.

Dated this 14th day of October, 2024.

        MARC A. KAUFMAN & ASSOCIATES
        Attorneys for Movant
        350 East Las Olas Boulevard, Suite 970
        Fort Lauderdale, Florida 33301
        Telephone Number: (954) 838-8880
        Facsimile Numbers: (561) 997-5660/(305)-688-8688
        Primary e-mail address:   mkaufman@makaufman.com
        Secondary e-mail address:  srosenthal@makaufman.com
                                          jburnett@makaufman.com

        By: _____s/Marc A. Kaufman_____
              MARC A. KAUFMAN, ESQUIRE
              Florida Bar No.: 156568
              H. SETH ROSENTHAL, ESQUIRE
              Florida Bar No.: 0112154

## CERTIFICATE OF COMPLIANCE AND SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2091-1(a) and that on this 14th day of October, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court and served via CM/ECF electronic notice to those parties registered to receive electronic notices and/or U.S. Mail to the parties listed on the Service List.

By: ___s/Marc A. Kaufman_____
MARC A. KAUFMAN, ESQUIRE

## SERVICE LIST

*Debtor*
Vital Pharmaceuticals, Inc., et al.
1600 N. Park Drive
Weston, Florida 33326

*Debtor's Counsel*
Jordi Guso, Esquire
BERGER SINGERMAN LLP
1450 Brickell Avenue
Suite 1900
Miami, Florida 33131

*Defense Attorney for Debtor in State Court*
Pete L. DeMahy, Esquire
Brandt Roen, Esquire
CRUSER, MITCHELL, NOVITZ, et al.
806 Douglas Road
12th Floor
Coral Gables, Florida 33134

U.S. Trustee
Office of the US Trustee
51 S. W. 1st Avenue
Suite 1204
Miami, Florida 33130

K:\MK230058 Thomas, Jr., Joseph\Motion (Unopposed) for Relief from Stay - Bankruptcy Court.docx

**EXHIBIT "A"**
*Proposed Order*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                                                                    **CASE NO.: 22-17842-PDR**

VITAL PHARMACEUTICALS, INC., et al.,                      Chapter: 11

    Debtors,
_____/

**ORDER GRANTING JOSEPH M. THOMAS, JR.,**
**RELIEF FROM THE AUTOMATIC STAY**

THIS CAUSE having come before the Court on Joseph M. Thomas, Jr., foregoing Unopposed Motion for Relief from the Automatic Stay and Plan Injunction (the "Motion:) [D.E. ], and the Court having considered same and being otherwise fully advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** as follows:

1. The Motion is hereby **GRANTED**, subject to the following limitations.

2. That by the entry of this proposed Order, the Plan Injunction is hereby modified for the limited purpose, and solely to the extent necessary, to permit Joseph M. Thomas, Jr., to reinstate

the Personal Injury Action in the State Court to pursue recovery for and liquidate his claim, if any, against the Debtors' insurance company; *provided that,* (i) Joseph M. Thomas, Jr. may only seek to recover on any judgment or settlement with respect to the claim solely from available and applicable insurance proceeds, if any, (ii) Joseph M. Thomas, Jr. waives any and all claims to any recovery from the Liquidating Trust or the Debtors in the Chapter 11 Cases or otherwise, and (iii) Joseph M. Thomas, Jr. is barred from propounding discovery from the Liquidating Trust or the Debtors in connection with the Personal Injury Action. To the extent Defense Counsel requests the cooperation of the Liquidating Trust with respect to discovery served by Joseph M. Thomas, Jr. or a co-defendant, the Liquidating Trustee has full and absolute discretion to cooperate with or reject such request, and any cooperation may be subject to full reimbursement of the Liquidating Trust's expenses incurred related to such cooperation by Joseph M. Thomas, Jr., as applicable; ***provided, however***, that neither the Liquidating Trust nor the Debtors shall be obligated to cooperate with any discovery request from any party related to the Joseph M. Thomas, Jr. Proceeding.

3. Joseph M. Thomas, Jr. shall not directly or indirectly (i) seek to collect any judgment or settlement arising from, or related to the claim from the Liquidating Trust, the Debtors or their estates and/or any assets or property of the Liquidating Trust, the Debtors or their estates (as defined in section 541 of the Bankruptcy Code), or (ii) seek to compel any of the Debtors to pay any deductible, self- insured retention, retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy.

4. Further, Joseph M. Thomas, Jr. shall not be entitled to file or assert a general unsecured claim under Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 3002 or any other applicable sections of the Bankruptcy Rules or Bankruptcy Code, if any, nor shall Joseph M. Thomas, Jr. be entitled to file or assert an administrative or priority claim under section

503 or 507 or any other applicable sections of the Bankruptcy Code, if any, against any of the Debtors in the Chapter 11 Cases, the deadline for asserting any such claims having expired.

**Submitted by:**

Marc A. Kaufman, Esquire
Florida Bar No. 156568
MARC A. KAUFMAN & ASSOCIATES
350 East Las Olas Boulevard
Suite 970
Fort Lauderdale, Florida 33301
Telephone Number: (954) 838-8880
Facsimile Numbers: (561) 997-5660/(305)-688-8688
Primary e-mail address:      mkaufman@makaufman.com
Secondary e-mail address:    srosenthal@makaufman.com
                             jburnett@makaufman.com

*Attorneys for Movant*


Copy furnished to Attorney Kaufman, who shall serve a conformed copy of this Order on all interested parties and file a certificate of service thereon.