UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-17842-PDR

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

    Debtors,

_____/

**CREDITORS DONNA WILLIAMS AND THE KLEPPIN FIRM, P.A.'S MOTION FOR RELIEF FROM STAY TO CONTINUE LITIGATION FOR THE PURPOSE OF RECOVERING INSURANCE PROCEEDS**

Movants, Donna Williams, and The Kleppin Firm, P.A., through their undersigned attorneys, file this motion (the "Motion") for entry of an order pursuant to 11 U.S.C. § 362(d), Rule 4001(a), Fed. R. Bank. P., Local Rule 4001-1, and the Court's Guidelines for Motions for Relief from the Automatic Stay granting the Movants relief from the automatic stay and any applicable plan injunction to permit them to liquidate their claims against Debtor-in-possession, VITAL PHARMACEUTICALS, INC., in State Court, up to the maximum amount provided by applicable insurance proceeds and in support thereof, this Motion states:

Pursuant to Local Bankruptcy Rule 4001-l(C): Requests for Relief On Negative Notice:

> **Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-l(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Jurisdiction and Venue

1.    On October 10, 2022, Vital Pharmaceuticals, Inc. (the " Applicable Debtor") and its affiliated debtors (collectively, the "Debtors") filed their Chapter 11 Voluntary Petitions with this Court.

2. On November 8, 2023, this court entered an order approving and confirming the Debtor's Plan of Liquidation (the "Plan"), which became effective on November 21, 2023.

3. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). 4. 5. 6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408(1) and 1409.

5. Movants request for relief from automatic stay is brought pursuant to Section 362(d) of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida.

## BACKGROUND

Donna Williams and The Kleppin Firm, P.A. are unsecured creditors who timely filed proofs of claim in this case. The proofs of claim are based on a civil lawsuit that The Kleppin Firm, P.A. filed on behalf of Donna Williams against the Debtor and its owner Jack Owoc for employment discrimination and related tort claims (gross negligence). *Williams v. Vital Pharmaceuticals, Inc., et al.*, Case No. 20-003681(18) (Circuit Court Broward County, Fla.). Williams initially brought suit against Debtor pursuant to the Florida Whistleblower Act, *Florida Statutes* § 448.101 *et seq.* ("FWA") (Count I). Thereafter, Williams sought leave to amend her complaint to add claims under FCRA for disability discrimination, gross negligence, and outrage. (*First Amended Complaint* ¶¶ 16-38).

In short, Ms. Williams is a black woman who was battling stage 3 colon cancer while employed by the Debtor; she needed to take time off for undergoing chemotherapy and a continuing course of treatment ordered by her doctors for her disability. At the same time, Ms. Williams had made complaints, objected to, and refused to participate in, various illegal

activities, policies, or practices of Debtor (employing illegal aliens (a felony) and falsifying documents to obtain H1B visas, destruction of evidence in court cases, FLSA violations, IRS violations, race discrimination, etc.). Shortly thereafter, Debtor terminated Ms. Williams.

A few months later, a former co-worker for Debtor shared with her that on the day she was fired, Mr. Owoc sent out a mass email to most of the company stating he needed to "cut all of the cancer out of the company before it metastasizes", which was a clear reference to Williams' disability, and interpreted that way by other employees. This revelation made Williams believe that in addition to racial discrimination and her invocation of her of her rights to object and refuse to participate in the illegal acts, policies and practices of Debtor, she was a victim of disability discrimination.  As a result, Ms. Williams filed an amended charge of discrimination alleging that her disability was also a motivating factor for her termination by Defendant, and amended the suit to bring claims under the Florida Civil Rights Act, *Florida Statutes* § 760.01 *et seq.* and common law tort claims.

These employment claims (the FCRA and FWA claims) are commonly subject to insurance policies referred to in the industry as EPLI (Employer Practices Liability Insurance). Often tort claims are covered under EPLI policies, as well.  Here, the Debtor had EPLI insurance covering both the statutory and common law tort claims. Further, gross negligence claims are also commonly insured by GCL (General Comprehensive Liability Insurance).

Mr. Owoc and his company have a sordid litigation history.  Not only were they hit for the largest award in the history of American jurisprudence $175,000,000 in trademark litigation, but they have a history of discovery abuses and sanctions and findings that (like Ms. Williams has said) they destroy documents in litigation. *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, 2022 WL 3083273 (11th Cir. Aug. 3, 2022) (affirming an award of sanctions against Vital

for discovery abuse); *Monster Energy Co. v. Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, 2022 WL 15997121 (C.D. Cal. 2022) (denying motion for summary judgment and allowing claims to be brought personally against Mr. Owoc for abuse of his position and punitive damages to go forward); *Sony Music, Inc. v. Vital Pharmaceuticals, Inc.*, Case No. 21-22825 (S.D. Fla. June 8, 2022) (Becerra, J.) (sanctioning for the destruction of documents in a court case). These are the abuses that Williams was complaining about before her termination. Ms. Williams's attorney is The Kleppin Firm, P.A., which is also a creditor and which also timely filed a proof of claim.

The attorney (Mr. Kaplan) for the liquidating trustee informed The Kleppin Firm, P.A. that Ms. Williams's claims are governed by insurance. Mr. Kaplan asked for a demand, and suggested that the liquidating trustee was interested in holding a mediation (with the insurance adjuster present) to resolve her claims by paying them out of the insurance coverage as it recently did in the case *Kesten v. Vital Pharmaceuticals, Inc., et al.*, Case No. 20-021163-CA-01 (Fla. Miami-Dade Circuit Court). Williams provided the demand that Mr. Kaplan requested and let Mr. Kaplan know she wanted to mediate her claims or litigate them to obtain insurance proceeds. After approximately 2 months of communications, Mr. Kaplan advised that no mediation would be held and that Williams and The Kleppin Firm, P.A. would have to seek appropriate relief with this Court. Thus, this Motion is filed by Williams and The Kleppin Firm, P.A. seeking relief from the automatic stay and/or any plan injunction imposed under the Plan for the limited purpose of allowing them to continue the *Williams* case in state court with the Debtor as a named defendant in order to pursue recovery solely against any available insurance proceeds.

The insurance proceeds are understood to be EPLI (employer's practices liability insurance) although GCL coverage and D&O coverage could apply. We have not attached the policies here, because the liquidating trustee does not dispute that Ms. Williams claims fall under it—The Kleppin Firm, P.A.'s claims for attorneys' fees also fall under the policy. Ms. Williams and her lawyers are in no way seeking funds that other creditors could claim rights to, only insurance proceeds. Accordingly, they maintain that trial readiness, judicial economy, involvement of state law issues, creditor's right to jury trial, and presence of third parties over which bankruptcy court lacked jurisdiction, support relief from the automatic stay and/or any injunction imposed under the Plan to continue the *Williams* state court action.

## MEMORANDUM OF LAW

Section 362(d) of the Bankruptcy Code provides that the bankruptcy court may grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d). The Bankruptcy Code does not define "cause," but bankruptcy courts have stated that "[c]ause is an intentionally broad and flexible concept which must be determined on a case-by-case basis." *In re Project Orange Associates, LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (quoting *In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004)). Bankruptcy courts have discretion whether to lift the automatic stay on this basis. *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 321 (Bankr. S.D.N.Y. 2001) (citing *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990)). While Congress did not define "cause", Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in non-bankruptcy forums. In re United Imports, Inc., 203 B.R. 162, 166 (Bankr. D. Neb.1996); see also Robbins v. Robbins, 964 F.2d 342, 345 (4th Cir.1992) ("It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the

bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.").

The only issue in this case then is whether "cause" exists under § 362(d).

In determining whether cause exists, courts analyze the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interest of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's succession to other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc.*, 907 F.2d at 1286; *see also In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). In weighing these factors, this Court does not need to specifically address each of the various factors, but instead only needs to consider those factors relevant to particular case, and this Court does not need to assign them equal weight. *In re Sonnax Indus., Inc.,* 907 F.2d at 1286; *In re Bison Resources, Inc.,* 230 B.R. 611, 617–18 (Bankr. N.D. Okla. 1999); *Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship. (In re Burger Boys),* 183 B.R. 682, 688 (S.D.N.Y.1994); *In re Plumberex Specialty Prod., Inc.,* 311 B.R. at 559; *In re N.Y. Med. Group, P.C.,* 265 B.R. at 413; *In re United Imp., Inc.,* 203 B.R. 162, 167 (Bankr.D.Neb.1996); *In re U.S. Brass Corp.,* 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994).

Here, Ms. Williams has made a *prima facie* showing that "cause" exists. First, the state court proceeding has been pending for approximately three (3) years and most of the discovery has been completed. (Factors # 1, # 10, # 11). As stated by Seventh Circuit Court of Appeals, "[w]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed." *IBM v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.),* 938 F.2d 731, 737 (7th Cir.1991); *see e.g., Crown Heights Jewish Cmty. Council, Inc., v. Fischer (In re Fischer),* 202 B.R. 341, 355 (E.D.N.Y.1996); *In re Mid–Atl. Handling Sys., L.L.C.,* 304 B.R. 111, 131 (Bankr.D.N.J.2003); *Murray Indus., Inc. v. Aristech Chem. Corp. (In re Murray Indus., Inc.),* 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990); *In re Kaufman,* 98 B.R. 214, 215 (Bankr.E.D.Pa.1989); *cf. In re Sonnax Indus.,* 907 F.2d at 1287 (declining to lift stay in part because "the litigation in state court has not progressed even to the discovery stage."); *Arnold Dev., Inc., v. Collins (In re Collins),* 118 B.R. 35, 38 (Bankr. D.Md. 1990) (declining to lift stay where parties in state court proceeding had not yet begun discovery).

Second, the debtors will not be negatively affected by granting conditional relief from the automatic stay to allow Ms. Williams litigation to proceed. (Factors # 2 and # 5). The Debtor may argue that the time required to defend the suit would burden the estate. While "it may be inconvenient and physically taxing" on the Debtor to participate in the trial or discovery, "the Court [should] reject[ ] the notion that lifting the stay in this case will impermissibly interfere" with the Debtor's bankruptcy. *See In re Robertson,* 244 B.R. 880, 883 (Bankr. N.D.Ga. 2000) (rejecting the debtor's argument that his "fresh start" would be jeopardized by having to participate in the state court litigation); *In re Doar,* 234 B.R. 203, 206 (Bankr. N.D.Ga. 1999). Furthermore, the estate will not suffer any cost in defending the suit since the insurance company

has assumed the defense for the Debtor in the underlying state court litigation for approximately three (3) years.

Third, the other creditors in the Debtor's bankruptcy will not be harmed by granting the motion because any possible recovery will be limited to the available insurance proceeds, and Ms. Williams will not be able to enforce any judgment against the debtors or the estate without further order of this Court. (Factor # 7). *See In re Loudon,* 284 B.R. 106, 108 (8th Cir. BAP 2002); *In re G.S. Distrib., Inc.,* 331 B.R. 552, 567–68 (Bankr. S.D.N.Y. 2005) (finding that granting stay relief to movant in order to pursue litigation in district court would not prejudice the debtor's other creditors because the movant would not be able to enforce any money judgment it may receive without permission from the court.).

As a consequence of this showing, the burden shifts to the Debtors to demonstrate an absence of "cause."  This, they cannot do.

The Honorable W. Homer Drake has generally encapsulated the proper analysis in *In re Robertson* as follows: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result from prosecution of the lawsuit; (2) whether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor; and (3) whether the creditor has a probability of success on the merits. 244 B.R. 880, 882 (Bankr.N.D.Ga.2000); *see also In re Fernstrom Storage and Van Co.,* 938 F.2d at 735 (observing that three essential themes emerge from the multiple factors relied upon by leading cases).

In light of the previous discussion, and focusing on this broad test adopted by Judge Drake, the Court should conclude that no great prejudice will befall Debtor or Debtor's estate if this limited relief is granted.  As of this time, the case is being defended by the insurer, and the

relief sought is limited to the proceeds of any applicable coverage. Further, the hardship to Ms. Williams is substantial. For as long as the stay remains in effect, she is being denied her day in court on a claim that has been in litigation for a long time. This hardship outweighs any inconvenience that Debtor may suffer as a result of having to cooperate with the insurer in the defense of this case.

Finally, while *Robertson* assessed the likelihood of success on the merits, the Court should not find that to be relevant here. In the absence of a showing that the case is entirely and unquestionably frivolous (as in the case of a suit brought against the wrong party or beyond the statute of limitations), this factor is of limited relevance. Williams suggests that this Court should be chary to assess likelihood of success on the merits of a case which is not before it, and which would likely never be tried in this Court. *See* 28 U.S.C. § 1334(c).

## CONCLUSION

For the foregoing reasons, Movants respectfully request relief from the automatic stay or any applicable Plan injunction on the terms set forth in the proposed order submitted herewith (See Attached **Exhibit "A"**-Proposed Order) so that Williams may resume the State Court Action and Movants may liquidate their claims only to the extent of available insurance coverage.

By: /s/ Allyson Kisiel
Allyson Kisiel
Fla. Bar No. 01506
allyson@kleppinlaw.com
The Kleppin Firm
*Attorneys for Movants*
8751 W. Broward Blvd, Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Secondary E-Mail:   assistant@kleppinlaw.com

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2091-l(a) and that on this 29th day of October, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court and served via CM/ECF electronic notice to those parties registered to receive electronic notices in this case.

                                                                 By: /s/ *Allyson Kisiel*
                                                                       Allyson Kisiel
                                                                       Fla. Bar No. 91506
                                                                       allyson@kleppinlaw.com
                                                                       The Kleppin Firm, P.A.
                                                                       8751 W. Broward Blvd, Suite 105
                                                                       Plantation, FL 33324
                                                                       Tel. (954) 424-1933
Secondary E-Mail:      assistant@kleppinlaw.com

**EXHIBIT "A"**
*Proposed Order*

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors. | |

**ORDER GRANTING RELIEF FROM STAY**

THIS CAUSE having come before the Court on _____, upon the foregoing Motion to Allow Movants Relief from Stay (the "Motion:) [D.E. _____], and the Court having considered same and being otherwise fully advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** as follows:

1. The Motion is hereby **GRANTED**, subject to the following limitations.

2. That by the entry of this proposed Order, the Plan Injunction is hereby modified for the limited purpose, and solely to the extent necessary, to permit Williams to resume the civil action

in the District Court to pursue recovery for and liquidate their claims, if any, against the Applicable Debtor; *provided that,* (i) Movants may only seek to recover on any judgment or settlement with respect to the claim solely from available and applicable insurance proceeds, if any, (ii) Movants waive any and all claims to any recovery from the Liquidating Trust or the Debtors in the Chapter 11 Cases or otherwise;

3. Movants shall not directly or indirectly (i) seek to collect any judgment or settlement arising from, or related to the claim from the Liquidating Trust, the Debtors or their estates and/or any assets or property of the Liquidating Trust, the Debtors or their estates (as defined in section 541 of the Bankruptcy Code.

**Submitted by:**

By: /s/ _Allyson Kisiel_
Allyson Kisiel
Fla. Bar No. 91506
allyson@kleppinlaw.com
The Kleppin Firm, P.A.
8751 W. Broward Blvd, Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Secondary E-Mail:
assistant@kleppinlaw.com
*Counsel for Movants*

Copy furnished to Attorney Kisiel, who shall serve a conformed copy of this Order on all interested parties and file a certificate of service thereon.