UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re                                                          Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al.*[1]          Case No.: 22-17842-PDR

    Debtors.                                              (Jointly Administered)

_____/

**LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE LIQUIDATING TRUSTEE TO FILE UNREDACTED
MOTION TO APPROVE SETTLEMENT AGREEMENT UNDER SEAL,
AND (II) GRANTING RELATED RELIEF**

The Liquidating Trust[2] in the above-captioned chapter 11 bankruptcy cases (the "Chapter

11 Cases"), by and through undersigned counsel, hereby moves (the "Motion") for entry of an

order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 5005-1(A)(4)(a) & (c)(iii) of the Local Rules of the United States Bankruptcy Court for the

Southern District of Florida (the "Local Rules"): (i) permitting the filing under seal of an

unredacted version of its *Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 (I)*

*Approving Settlement Agreement Between Liquidating Trust and Certain Underwriters at Lloyd's,*

---

[1]    The address of the debtors in the above-captioned cases (the "Debtors") is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined herein) and/or the Motion to Approve Settlement (defined herein), as applicable.

*London and (II) Granting Related Relief* [ECF No. 2765] (the "<u>Motion to Approve Settlement</u>),
and (ii) granting related relief.[3]  In support of the Motion, the Liquidating Trustee states as follows:

## I. <u>Summary of Requested Relief</u>

1.      By this Motion, the Liquidating Trust seeks entry of an order authorizing it to file
an unredacted copy of the Motion to Approve Settlement under seal, so as to protect the
confidentiality of the terms set forth therein.

2.      As set forth in the Motion to Approve Settlement, the Settlement Agreement
contains a confidentiality provision – the inclusion of which was necessary to induce Underwriters
to enter into the Settlement Agreement, which states that the terms of the Settlement Agreement
are confidential and the parties must use their best efforts to maintain the terms of the Settlement
Agreement under seal and/or protective order, but the terms may be disclosed if necessary for any
legal proceeding or if required by law or court order.

3.      In order to appropriately balance the competing interests of the estates, the public
policy in favor of settlement, and the public policy in favor of public disclosure, the Liquidating
Trustee proposes that the Court grant this Motion and maintain the terms of the Settlement
Agreement under seal, but permit access to an unredacted copy of the Motion to Approve
Settlement to the following (upon execution of an agreement to maintain the confidentiality of
same): (i) the Office of the United States Trustee for the Southern District of Florida (the "<u>U.S.
Trustee</u>") and (ii) any interest party that objects to the Motion to Approve Settlement.[4]

---

[3]     A copy of the Motion to Approve Settlement and the Settlement Agreement, which redact all but the
most basic terms of the Settlement Agreement, is being publicly filed simultaneously herewith.

[4]     The Liquidating Trustee will deliver copies of the unredacted Motion to Approve Settlement to the
Court for *in camera* review, and to any other party the Court directs, on a confidential basis.

## II. <u>Relevant Background</u>

4.      The Policy is a claims-made insurance policy issued by Underwriters to VPX for the coverage period effective from December 4, 2017 to December 4, 2018.

5.      On September 4, 2018, VPX was named as a defendant in an action filed in the United States District Court for the Central District of California, *Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.*, Case No. 5:18-cv-1882 (the "<u>Monster Litigation</u>").

6.      VPX tendered the Monster Litigation to Underwriters for coverage consideration under the Policy.

7.      While Underwriters initially acknowledged a duty to defend VPX in the Monster Litigation, on October 23, 2019, Underwriters issued a denial letter and withdrew its defense of VPX.

8.      On April 18, 2022, VPX instituted the Coverage Litigation to enforce the Claim.

9.      In the Coverage Litigation, VPX seeks to recover more than $7 million dollars expended in the defense of the Monster Litigation, which VPX alleges should have been funded by the Policy.

10.     The Coverage Litigation remains pending.

11.     On October 10, 2022, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Cases that are being jointly administered in the above-styled action.

12.     On November 8, 2023, the Bankruptcy Court entered the *Order (I) Approving On A Final Basis The Second Amended Disclosure Statement For Debtors' Second Amended Joint Plan Of Liquidation, And (II) Confirming The Debtors' Second Amended Joint Plan of Liquidation* [ECF. No. 2258] (the "<u>Confirmation Order</u>"), approving the *Debtors' Second Amended Joint Plan*

*of Liquidation* [ECF No. 1905] (the "Plan") and any supplements thereto, including that certain *Liquidating Trust Agreement* [ECF No. 2115] (the "LTA").

13.    Pursuant to the Plan, Confirmation Order, and LTA, upon the effective date of the Plan on November 21, 2023 (the "Effective Date"), Steven Balasiano was appointed as the Liquidating Trustee of the VPX Liquidating Trust for the estates of VPX and the other Debtors, as successor-in-interest to the Debtors.

14.    Also, pursuant to the Plan, the Claim became an asset of, and property of, the Liquidating Trust. *See* Plan, Art. VI.C.

15.    Consistent with his fiduciary duties and statutory obligations, since shortly after his appointment, the Liquidating Trustee and his professionals have been investigating potential recovery opportunities to be pursued for the benefit of the estates.

### III. The Settlement Discussions and the Settlement[5]

16.    Underwriters vehemently dispute the merits of the Claim and the arguments in favor of coverage asserted by VPX in the Coverage Litigation, and believe that they have various meritorious defenses to the Claim. While the Liquidating Trustee believes that the Liquidating Trust would ultimately prevail in its pursuit of the Claim, in light of, among other things, the expense and uncertainty of continued litigation and to bring complete closure to all matters relating to the Claim and the Coverage Litigation, the parties engaged in arms-length settlement negotiations in an attempt to resolve same. The Liquidating Trustee utilized attorneys from Lowenstein Sandler LLP's Insurance Recovery practice to (i) evaluate the merits of the Underwriters' defenses, and (ii) take the lead on negotiating a potential resolution. After extensive

---

[5]    As noted above, the following is a summary of the key terms of the Settlement. The terms of the Settlement Agreement control and all parties are urged to review same.

settlement discussions, the parties entered into the binding Settlement Agreement to memorialize their resolution of the disputes, which is subject only to entry of an order of this Court approving the Settlement pursuant to Bankruptcy Rule 9019.

17.    One of the key terms of the Settlement Agreement, the inclusion of which was necessary to induce Underwriters to enter into the Settlement Agreement, is that the terms of the Settlement Agreement shall be confidential.  Settlement Agreement ¶ 9.  And although the parties may disclose the terms of the Settlement Agreement if necessary for any legal proceeding or if required by law or court order, the parties must use their best efforts to maintain the terms of the Settlement Agreement under seal and/or protective order. *Id.*

### IV. <u>Applicable Law and Argument</u>

18.    There exists a strong public policy which favors settlement in all types of litigation. *In re Grau,* 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001).

19.    Section 105(a) of the Bankruptcy code provides bankruptcy courts with the power to issue "any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

20.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm that may result from disclosing certain confidential information.  This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

21.     Bankruptcy Rule 9018 sets forth the procedure for seeking relief under section 107 of the Bankruptcy Code.  Under Bankruptcy Rule 9018, the Court, on a motion or upon its own initiative:

> may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

22.     Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to establish "good cause."  *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994); *In re Phar-Mor, Inc.*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *See Orion Pictures*, 21 F.3d at 27 (emphasis in original).

23.     Underwriters' agreement to settle the Claim and the Coverage Litigation was premised upon an agreement with the Liquidating Trustee that the parties would use their best efforts to maintain the confidentiality of the terms of the Settlement Agreement, which gives way only in the face of necessary disclosure in connection with a legal proceeding, by court order, or as required by law.

24.     To protect the interests of the Liquidating Trust in securing and executing upon the Settlement Agreement, as well as Underwriters' interest in protecting the confidentiality of the terms of the Settlement Agreement, which constitutes commercial information of Underwriters, the Liquidating Trustee requests that the Court enter an order authorizing the Liquidating Trustee to file and maintain an unredacted copy of the Motion to Approve Settlement under seal.

25.     As set forth herein and in the proposed order attached hereto as Exhibit "A," the Liquidating Trustee will, upon execution of agreement(s) binding any recipient to the same level

of confidentiality as the parties, provide unredacted copies of the Motion to Approve Settlement to: (i) the U.S. Trustee and (ii) any interested party that objects to the Motion to Approve Settlement.

## V. <u>Other Related Relief</u>

### A. *Notice*

26.    The Liquidating Trustee will serve this Motion on all appropriate parties and will file a separate certificate of service identifying the specific parties served with this Motion and the Notice of Hearing when issued.  The Liquidating Trustee requests that the Court make a determination that all necessary parties have received the requisite notice.

### B. *Authority to Execute Necessary Documents and Take Necessary Actions*

27.    Assuming that the Motion is approved, the Liquidating Trustee seeks authority to: (a) take such actions; and (b) execute such documents, as he deems reasonable, necessary and/or desirable to effectuate the relief granted by the Court.

28.    Finally, assuming that the Motion is approved, the Liquidating Trustee requests that the Court retain sole and exclusive personal and subject matter jurisdiction to: (a) interpret, implement, and enforce (i) the terms and conditions of the relief granted pursuant to this Motion, and (ii) all related matters; and (b) adjudicate any and all disputes of any type arising from or related to (i) this Motion, and (ii) all related matters.

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court enter an Order: (1) granting the instant Motion; (2) authorizing the Liquidating Trustee to file an unredacted version of the Motion to Approve Settlement under seal; and (3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

December 27, 2024

**BAST AMRON LLP**

By: ___/s/ Peter J. Klock____
Brett M. Amron (FBN 0148342)
Peter J. Klock, II (FBN 103915)
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (786) 206-8740
Email: bamron@bastamron.com
Email: pklock@bastamron.com


**LOWENSTEIN SANDLER LLP**
Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Michael A. Kaplan, Esq.
Lindsay H. Sklar, Esq.
Erica G. Mannix, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: mkaplan@lowenstein.com
Email: lsklar@lowenstein.com
Email: emannix@lowenstein.com

*Counsel to the Liquidating Trust*

# <u>EXHIBIT A</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842 (PDR) |
| Debtors.[6] | (Jointly Administered) |

**ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE LIQUIDATING TRUSTEE TO FILE UNREDACTED MOTION TO APPROVE SETTLEMENT AGREEMENT UNDER SEAL, AND (II) GRANTING RELATED RELIEF**

This matter came before the court upon the Liquidating Trustee's Motion for Entry of an Order (I) Authorizing the Liquidating Trustee to File Unredacted Motion to Approve Settlement Agreement Under Seal, and (II) Granting Related Relief [ECF No. ___] (the "Motion"). The Court has considered the Motion, the record, and is otherwise fully informed. Accordingly, it is hereby ORDERED that:

---

[1]   The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

1.      The Motion is **GRANTED**;

2.      The Liquidating Trustee is directed to file an unredacted copy of the Motion to Approve Settlement [ECF No. ___] under seal;

3.      The unredacted copy of the Motion to Approve Settlement shall be permanently maintained under seal, but the Liquidating Trustee shall provide an unredacted copy of the Motion to Approve Settlement to the following upon their execution of a written agreement to maintain the confidentiality of the Settlement Agreement: (i) the Office of the United States Trustee for the Southern District of Florida and (ii) any interested party that objects to the Motion to Approve Settlement; and

4.      The Court shall retain jurisdiction to all matters arising from or related to the implementation or interpretation of this Order.

# # #

Submitted by:
BAST AMRON LLP
Brett M. Amron (FBN 0148342)
Peter J. Klock, II (FBN 103915)
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (786) 206-8740
Email: bamron@bastamron.com
Email: pklock@bastamron.com

-and-

LOWENSTEIN SANDLER LLP
Jeffrey L. Cohen, Esq.
Eric Chafetz, Esq.
Michael A. Kaplan, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: mkaplan@lowenstein.com

Copies to:
*Attorney Peter Klock, who shall serve interested parties and file a certificate of service reflecting same.*