# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.: 22-17842-PDR

IN RE:

JUDGE PETER D. RUSSIN

VITAL PHARMACEUTICALS, INC., et al.,

Debtors.

_____/

## EMERGENCY MOTION TO DISMISS ALL CLAIMS AGAINST JACK OWOC UNDER THE ONE SATISFACTION RULE AND TO REQUIRE MONSTER ENERGY TO DISMISS ALL CLAIMS AND REMOVE ALL LIENS

(EXPEDITED HEARING REQUESTED DUE TO IMMEDIATE AND IRREPARABLE HARM)

**COMES NOW**, John (aka Jack) Owoc ("Movant"), by and through his undersigned counsel, and hereby moves this Court on an emergency basis to:

1. Dismiss all claims against him under the One Satisfaction Rule.

2. Order Monster Energy Corporation ("MEC") to immediately dismiss all claims against him and remove all liens on his properties and assets.

Immediate and irreparable harm will result if this motion is not granted. Monster Energy has already received full satisfaction through the sale of Bang Energy's assets. Any further claims, actions, or liens violate the One Satisfaction Rule and Florida's mandatory set-off statutes, §§ 768.041(2) and 46.015(2), Fla. Stat. (2010).

## I. INTRODUCTION

The One Satisfaction Rule dictates that a creditor cannot seek additional recovery after receiving full satisfaction for a claim. Florida law mandates that any recovery already received must be set off against any remaining claims, requiring dismissal.

Monster Energy has already received full satisfaction through its acquisition of Bang Energy's assets. Accordingly, any remaining claims against Mr. Owoc must be dismissed, and all liens on his properties and assets must be immediately removed.

This motion is supported by:

1

- Florida statutory and case law mandating set-offs and barring double recovery.
- Independent financial valuations and undisputed evidence confirming that Monster Energy has already full compensation.

## II. FACTUAL BACKGROUND

1. **Monster Energy purchased Bang Energy for $362 million—despite:**

- A 3.2 to 3.7 billion dollar offer from Keurig Dr. Pepper (KDP), confirming the company's much higher market value.

- The authenticity of KDP's multi-billion dollar offer was testified to under oath by both Charles Delo of Rothschild Investment Co. and John Owoc, and is documented in the bankruptcy records.

- Bloomberg also widely reported on August 18, 2022, that Bang Energy's value exceeded $2 billion, with some sources estimating it at more than $3 billion. Bloomberg: "One of the people said the company could be valued at more than $2 billion while another person placed the figure at more than $3 billion." (Source: Bloomberg)

- Kroll's $3.2 billion to $3.7 billion mean valuation, with one model valuing Bang Energy up to $4.8 billion.

- Kroll ranks as one of the top valuation firms in the world. Kroll's multi-billion dollar Valuation Analysis of Bang Energy is contained in the bankruptcy records.

- An $800 million to $1 billion bid from Cerberus Capital, further confirming suppressed fair market value.

- All valuations were confirmed under oath in the bankruptcy records by Charles Delo and John Owoc.

2. **Monster Energy also received significant additional assets and benefits:**

- The Phoenix manufacturing facility (valued at hundreds of millions of dollars) at no additional cost.

- This state-of-the-art facility produces 3,600 cans per minute and has the capacity to produce 70 million cases per year at an estimated profit of $3.72 per case—capable of generating hundreds of millions of dollars in annual revenue or, more specifically, $260,400,000.00 annually. Monster received this facility as part of the $362 million acquisition at no extra cost.

- 115 alcohol-related trademarks and two valuable alcohol-related patents were grossly and unprofessionally undervalued at $10 million in the bankruptcy.

2

- These patents protect the addition of electrolytes to alcoholic beverages, granting a unique monopoly that could be worth billions.

### 3. **IRS-Determined $47 Million Bargain Tax Obligation Confirms Undervaluation**

Furthermore, the Internal Revenue Service (IRS) determined that Monster Energy incurred a $47 million bargain tax obligation due to the undervaluation of assets in its acquisition of Bang Energy.

- This tax burden is a direct acknowledgment by federal tax authorities that the true market value of Bang Energy's assets was significantly higher than the reported $362 million sale price.

- Given an estimated 25% capital gains tax rate, the $47 million tax liability implies that the actual valuation of Bang Energy was approximately $550 million—far exceeding the artificially suppressed purchase price.

The IRS's recognition of this substantial undervaluation provides conclusive, independent validation that Monster Energy has already received far more than the stated purchase price in economic value, further supporting the One Satisfaction Rule in this case.

Any attempt by Monster to maintain outstanding claims or liens against Owoc violates fundamental principles of tax law, set-off statutes, and the One Satisfaction Rule and must be rejected by this Court.

### 4. **Monster Energy must immediately remove all liens against Owoc's properties and assets.**

### III. CALIFORNIA AND FLORIDA SET-OFF PRINCIPLES: LIMITATIONS ON DOUBLE RECOVERY

**Both California and Florida law prohibit double recovery and require set-offs when a creditor has already received full or partial satisfaction for their claims.**

1. **California Law**

- *Reed v. Wilson*, 73 Cal. App. 4th 439 (1999) – A set-off ensures that a plaintiff will not be unjustly enriched by collecting twice for the same claim.

- *Engle v. Endlich*, 9 Cal. App. 4th 1152 (1992) – A settlement with one tortfeasor reduces claims against others by the full amount of the settlement.

3

- *Hoch v. Allied-Signal, Inc.*, 24 Cal. App. 4th 48 (1994) – A plaintiff cannot recover more than their actual damages.

   2. **Florida Law**

- § 768.041(2), Fla. Stat. (2010) – The court must apply set-offs against any remaining claims.

- *Escadote I Corp. v. Ocean Three, Ltd. P'ship*, 211 So. 3d 1059 (Fla. Dist. Ct. App. 2016) – Courts must set off any amount already received.

- *Buczkowski v. McKay*, 490 So.2d 1282 (Fla. 1986) – Once full satisfaction is received, further claims must be dismissed.
- *Cunningham v. Haroona*, 741 So. 2d 603 (Fla. Dist. Ct. App. 1999) – Florida courts prohibit plaintiffs from receiving additional amounts for the same injury once they have been fully compensated.

- *D'Angelo v. Fitzmaurice*, 863 So. 2d 311 (Fla. 2003) – Set-offs are required where a party has already recovered.

- *Gouty v. Schnepel*, 795 So. 2d 959 (Fla. 2001) – The Florida Supreme Court confirm that a plaintiff may not receive a windfall or double recovery.

- *Boulos v. Morrison*, 880 So. 2d 246 (Fla. Dist. Ct. App. 2004) – Set-offs are required where prior settlements cover damages

Florida law prohibits double recovery and mandates that any prior settlement or compensation must be applied as a set-off against any remaining claims.

   1. § 768.041(2), Fla. Stat. (2010):

- If a party has received compensation that partially or fully satisfies their damages, the court must set off this amount against any further claims.

   2. § 46.015(2), Fla. Stat. (2010):

- Prevents additional recovery when a party has already been compensated for the same loss

## VI. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that the Court:

   1. Dismiss all remaining claims against Jack Owoc under the One Satisfaction Rule.

   2. Order Monster Energy to immediately remove all liens on his properties and assets.

3.      Require Monster Energy to file formal dismissals and lien releases within seven (7) days of this Order.

4.      Impose sanctions or any other relief the Court deems necessary if Monster Energy fails to comply.

### VII. CONCLUSION

Monster Energy has received full satisfaction under the One Satisfaction Rule and Florida set-off law. Therefore:

1. All claims against Owoc must be dismissed.
2. Monster Energy must immediately remove all liens.
3. Failure to comply should result in sanctions.

Respectfully submitted,

**JACK OWOC**
**Pro-Se Movant**
3052 N. Atlantic Blvd,
Fort Lauderdale, FL 33308
Jackowoc.ceo@gmail.com
PHONE: (954) 632-7119