

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

Chapter 11 Cases

CASE NO.: 22-17842-PDR

IN RE:                                                              JUDGE PETER D. RUSSIN

VITAL PHARMACEUTICALS, INC., et al.,

Debtors.
_____/

### EMERGENCY MOTION FOR IMMEDIATE RETURN OF PERSONAL PROPERTY CONFISCATED WITHOUT DUE PROCESS AND FOR RELIEF FROM UNLAWFUL SEIZURE RESULTING IN CATASTROPHIC DAMAGES

COMES NOW, John Owoc ("Movant"), by and through undersigned counsel, and respectfully moves this Honorable Court for an Order directing the immediate return of Movant's personal computer, unlawfully confiscated for over two years under the direction of Judge Peter D. Russin. The continued deprivation of this property has directly violated Movant's constitutional rights, prevented his ability to defend himself legally, obstructed access to critical medical and financial information, and inflicted unprecedented financial, emotional, medical, legal, and reputational damage. In support thereof, Movant states as follows:

### I. INTRODUCTION

1. Movant is the lawful owner of the personal computer at issue, which he purchased and possessed for nearly a decade before it was unlawfully confiscated without due process.

2. The Court, through Judge Peter D. Russin, authorized Alexa Gerbert and the Conrad Sherer Law Firm to enter Movant's home against his will and forcibly seize the computer without a legal basis.

1

3. This confiscation was executed unlawfully and in violation of constitutional protections, denying Movant access to critical business data, privileged legal communications, and essential medical records.

4. The computer was later transferred to Avalon Forensics to extract the information sought by the Chapter 11 Trustee, after which the Trustee acknowledged that they do not claim ownership of the computer itself and have received all data they needed.

5. Despite this, Judge Russin continues to unlawfully withhold Movant's personal property, weaponizing the bankruptcy process and legal system to inflict irreparable harm on Movant and his family.

## II. FACTUAL BACKGROUND

### A. Unlawful Seizure Without Due Process

6. In June 2023, Judge Russin ordered the confiscation of Movant's personal computer without notice, warrant, or hearing, violating fundamental due process protections.

7. Movant had possessed and lawfully owned the computer for nearly a decade, and it contained irreplaceable legal, business, medical, and financial data.

8. This seizure was executed through Alexa Gerbert and the Conrad Sherer Law Firm, who forcibly entered Movant's residence to take the device, depriving him of his right to property and legal recourse.

### B. Denial of Right to Legal Defense

9. The computer contained privileged attorney-client communications necessary for Movant's legal defense.

10. Judge Russin's continued withholding of this device has directly prevented Movant from properly defending himself in ongoing legal proceedings, constituting a blatant violation of the Sixth Amendment.

11. The Court's actions deprived Movant of his constitutional right to access legal materials and communicate with counsel, rendering him defenseless in multiple legal battles.

## C. Deprivation of Essential Medical Records

12. The confiscated computer contained Movant's personal medical records, including extensive bloodwork data that he meticulously tracked to maintain his health.

13. Movant requires up to 26 vials of blood drawn two to three times per year, and these records are critical for his ongoing medical care.

14. The unlawful confiscation and refusal to return these records have compromised Movant's ability to manage his health, violating HIPAA privacy protections.

## D. Destruction of Business & Financial Stability

15. The computer housed over two decades of proprietary research and development, crucial for Movant's work in the health and beverage industry.

16. By unlawfully withholding this device, Judge Russin has crippled Movant's ability to develop new products, destroying his financial stability and family's livelihood.

17. In addition, Movant's social media accounts were seized and destroyed, stripping him of his ability to generate income.

18. This has inflicted tens of millions of dollars in damages, not just in lost revenue but in irreversible damage to Movant's career and reputation.

## III. LEGAL ARGUMENT

### A. Judge Russin's Actions Were Criminal and Unconstitutional

19. The continued confiscation of Movant's personal property violates multiple constitutional and legal protections, including:

◦ Fourth Amendment – Unlawful Search and Seizure

◦ Soldal v. Cook County, 506 U.S. 56 (1992) – Holding that seizures of private property without legal justification violate the Fourth Amendment.

◦ Arizona v. Hicks, 480 U.S. 321 (1987) – Finding that government agents cannot seize personal property without due process.

◦ Fifth Amendment – Unlawful Taking Without Just Compensation

◦ Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 (1982) – Holding that government cannot physically occupy personal property without due process.

◦ Sixth Amendment – Denial of Right to Legal Defense

◦ Weatherford v. Bursey, 429 U.S. 545 (1977) – Recognizing that government interference with attorney-client communications is unconstitutional.

◦ Fourteenth Amendment – Deprivation of Property Without Due Process

◦ Fuentes v. Shevin, 407 U.S. 67 (1972) – Holding that seizing property without notice or a hearing violates due process rights.

**B. Judge Russin Weaponized the Legal System**

20. Judge Russin intentionally deprived Movant of his financial stability, legal rights, and medical well-being by:

◦ Ordering an illegal seizure of property.

◦ Blocking access to critical legal and financial documents.

◦ Destroying Movant's ability to generate income.

◦ Vindictively refusing to return property even after the Trustee confirmed they had obtained all necessary data.

4

## IV. REQUEST FOR RELIEF

**WHEREFORE,** Movant respectfully requests that this Honorable Court:

1. Order the immediate return of Movant's personal computer, as the Trustee has already obtained the data they required and has expressly stated they do not claim ownership of the device.

2. Direct Avalon Forensics to coordinate directly with Movant to arrange the swift and proper return of the computer.

3. Declare that the continued retention of Movant's personal property violates constitutional due process and property rights.

4. Issue sanctions against those responsible for the illegal seizure and prolonged retention of Movant's property.

5. Grant any other relief this Court deems just and proper, including potential referrals for misconduct and abuse of power by those responsible for violating Movant's rights.

Respectfully Submitted,

John H. Owoc
Movant
3052 N. Atlantic Blvd.
Fort Lauderdale, FL 33308
Phone: 954-632-7119
Email: jackowoc.ceo@gmail.com

## CERTIFICATE OF SERVICE

HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on all interested parties via mail or personal delivery on this 7th day of March, 2025.

5