

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:
Vital Pharmaceuticals, Inc., et al.,
Debtors.

CASE NO.: 22-17842-PDR
JUDGE PETER D. RUSSIN

## MOTION FOR RULE 2004 EXAMINATIONS

Movants, pro se creditors and among the largest individual creditors in this case, hereby file this Motion pursuant to Federal Rule of Bankruptcy Procedure 2004 seeking authorization to conduct examinations and obtain documents from the parties listed in Exhibit A. Given the substantial evidence of misconduct, mismanagement, and potential fraud surrounding the administration of the Debtors' estate, this Motion should be granted to ensure transparency and accountability in these proceedings.

## I. INTRODUCTION

1. Movants' Standing and Interest: Movants are among the largest creditors in this case, with claims in excess of billions of dollars arising from the forced and allegedly fraudulent bankruptcy of their company, Vital Pharmaceuticals, Inc.

2. Rule 2004's Broad Investigative Scope:

• Federal Rule of Bankruptcy Procedure 2004 grants Movants the right to conduct broad discovery into the acts, conduct, financial condition, and liabilities of the Debtor and any entity that may have participated in fraudulent or improper actions affecting the administration of the estate.

• Courts recognize that Rule 2004 functions as a powerful tool for uncovering mismanagement, fraud, and hidden assets.

3. Entities Subject to Examination:

• Movants seek an order compelling depositions and document production from the parties listed in Exhibit A, which includes:

• Financial institutions with knowledge of transactions, loans, and potential improper dealings related to the Debtor's estate.

• Advisory firms that played a role in the management and financial oversight of the bankruptcy estate.

• Investment banks involved in key financial decisions regarding the estate's assets, including the suppression of higher-value bids such as the $3.7 billion Keurig Dr. Pepper offer.

• Court-appointed fiduciaries with direct influence over estate management, decision-making, and asset disposition.

## II. LEGAL BASIS FOR RELIEF

4. Rule 2004 Discovery Standard:

• Under Federal Rule of Bankruptcy Procedure 2004, any "party in interest" may conduct examinations related to:

• The acts, conduct, or property of the Debtor.

• The liabilities and financial condition of the Debtor.

• Any matter which may affect the administration of the estate or the debtor's right to a discharge.

5. Rule 2004 May Be Used to Investigate Third Parties:
• Courts recognize that creditors may use Rule 2004 to investigate banks, consultants, financial advisors, and any other entities connected to the debtor's estate.


III. JUSTIFICATION FOR THE EXAMINATIONS
6. Potential Suppression of High-Value Offers:
• There is credible evidence that certain financial institutions and advisors deliberately suppressed a $3.7 billion offer from Keurig Dr. Pepper, thereby reducing the value of the estate and harming creditors.
7. Improper Financial Dealings & Conflict of Interest:
• Several advisory firms played a key role in financial oversight of the estate, and their conduct must be examined.
8. Examinations Will Serve the Interests of Justice:
• Movants have been systematically denied transparency in the bankruptcy process.
• A Rule 2004 examination will provide clarity on misconduct, conflicts of interest, and asset mismanagement that harmed Movants as major creditors.


IV. RELIEF REQUESTED

WHEREFORE, Movants respectfully request that the Court:

A. Authorize the Rule 2004 examinations of the entities and individuals listed in Exhibit A.

B. Compel the production of all documents related to:
• The suppression of higher-value bids, including the Keurig Dr. Pepper offer.
• All financial transactions, asset sales, and communications regarding estate valuation.
• Any conflicts of interest involving the named parties.

C. Order depositions of representatives from each entity within [reasonable timeframe, e.g., 30 days].

D. Grant such other and further relief as the Court deems just and proper.


John H Owoc
3052 N Atlantic Blvd
Fort Lauderdale FL 33308

EXHIBIT A – LIST OF INDIVIDUALS & ENTITIES TO BE EXAMINED

The following individuals and entities possess information directly relevant to the Debtor's financial affairs, transactions, insider dealings, and mismanagement of the bankruptcy estate:

Directors & Executives Allegedly Involved in Fraud, Suppression of $3.7 Billion Offer & Bankruptcy Misconduct
• Steve Panagos (CRO and Director): Alleged involvement in multiple acts of fraud, misappropriation of resources, wrongful termination practices, and RICO crimes, including suppression of a $3.7 billion offer to purchase Vital Pharmaceuticals, Inc., rigging the bidding process, and bribing employees with raises, bonuses, and high-ranking titles.
• Bob Dickinson (Director): Accused of committing fraud, manipulating the Board of Directors, and threatening another board member to vote against CEO Jack Owoc. Allegedly rehired without proper authority and collaborated to undermine the company.
• Stephen Gray (Director): Implicated in fraudulent activities, misappropriation of resources, wrongful terminations, and RICO crimes, including suppression of the $3.7 billion offer and corrupt practices influencing the bidding process.
• Gene Bukovi (Director): Accused of fraud, misappropriation of resources, wrongful termination practices, and RICO crimes, including suppression of the $3.7 billion offer and manipulation of the bidding process.

Key Financial & Legal Advisors Allegedly Involved in Fraud & Misrepresentation
• Gregg Metzger (In-House General Counsel): Accused of violating attorney-client privilege, self-dealing, fraud, misrepresentation, and deception of the CEO. Allegedly defrauded the company out of $67 million needed for restructuring and colluded to lift the stay on a $317 million judgment without proper authorization.
• Homer Parkhill (Head of Restructuring, Rothschild): Investigated for Rothschild's role in the suppression of the $3.7 billion offer. Allegedly imposed unnecessary hurdles on bidders, causing the loss of multiple offers, including an $800 million to $1 billion bid by Cerus, which would have made all creditors whole.
• Michael Speller (Head of Debt Advisory, Rothschild & Co.): Suspected of participating in the $3.7 billion suppression scheme. Allegedly colluded with Homer Parkhill in blocking potential buyers and misrepresenting key financial requirements to deter competitive offers.
• Sean Parkhurst (Principal, Rothschild): Allegedly involved in manipulating the bidding process and covering up the suppressed $3.7 billion offer.
• John DiDonato (CTO, Huron Consulting): Accused of bankruptcy mismanagement and misappropriation of funds while leading the restructuring efforts of the Debtor.
• Sury Rodriguez (VP of Finance, Huron Consulting): Allegedly involved in financial misconduct and document suppression regarding key transactions in the bankruptcy case.
• Greg Robbins (Huron Consulting): Under investigation for financial fraud and accounting misrepresentations during bankruptcy proceedings.
• Fritz Tillis (Finance Director, VPX): Alleged mismanagement of financial records and suspected compliance violations related to the bankruptcy estate.

Attorneys Allegedly Involved in Misconduct & Cover-Up of the $3.7 Billion Offer
• Jordi Guso (Attorney, Berger Singerman): Suspected of RICO violations and fraudulent court filings aimed at suppressing the $3.7 billion bid. Allegedly worked with competing entities to undermine the bankruptcy process and shield fraudulent transactions.
• Paul Battista (Mr. Owoc's Personal Bankruptcy Attorney): Under investigation for potential conflict of interest and ethical violations related to bankruptcy negotiations.

• Justin Luna (Mr. Owoc's Personal Bankruptcy Attorney): Suspected of engaging in coercion and legal malpractice in dealings related to the estate's administration.
• Dan Hurtes (Attorney): Investigated for potential misconduct and fraudulent legal filings connected to the bankruptcy case.
• Frank Massabki (General In-House Counsel, VPX): Accused of colluding with opposing parties and engaging in deceptive legal tactics that harmed the estate's value.

Banking Executives Allegedly Engaged in Coercion, Bribery, & Bid Rigging
• Frank McCormack (Principal, Truist Bank): Suspected of using financial coercion and bribery to rig the bankruptcy bidding process, including a $1 million bribe to Gabriel de Alba disguised as an "administrative fee."
• Jade Silver (Principal, Truist Bank): Allegedly involved in loan fraud and bid manipulation, directly influencing the financial collapse of the estate.
• Louis Luberras (Counsel for Truist Bank): Under scrutiny for providing legal cover for fraudulent financial maneuvers and misrepresentations made during the bankruptcy.

Individuals Involved in NDA Violations, RICO Allegations, & Insider Dealings
• James Ben (Rothschild & Co.): Accused of violating Vital Pharmaceuticals' NDA and Keurig Dr. Pepper's NDA by leaking confidential financial information. Allegedly part of a RICO fraud scheme that devalued the Debtor's assets and ensured that the estate was sold for pennies on the dollar.

Marketing, HR, & Media Personnel with Relevant Knowledge
• Esther Polanco (Director of Marketing, VPX): Allegedly aware of internal financial mismanagement and suppression of company value for the benefit of select individuals.
• Lourdes Barsky (VP of Human Resources, VPX): Under investigation for coercive employment practices, wrongful terminations, and participation in efforts to remove key personnel to enable the fraudulent bankruptcy process.
• Christina Weronik (Social Media Manager, VPX): Allegedly involved in the destruction and mismanagement of corporate social media accounts, which significantly devalued the estate's brand assets.
• Daisy Grunwald (Director of Marketing, VPX): Suspected of engaging in fraudulent marketing tactics that misrepresented the company's value to potential investors.

Monster Energy Corporation Board Members & Executives Allegedly Involved in Suppressing $3.7 Billion Offer
• Rodney Sacks (CEO and Chairman of the Board, Monster Energy Corporation): Allegedly engaged in anticompetitive conduct, market manipulation, and fraudulent litigation tactics that forced VPX into bankruptcy. Suspected of coordinating with law firms and financial institutions to block competing bids.
• Hilton Schlosberg (Co-CEO, Monster Energy Corporation): Under investigation for RICO violations and bid-rigging in the forced bankruptcy of Vital Pharmaceuticals.
• Mark Hall (Board Member, Monster Energy Corporation): Suspected of colluding with Rothschild & Co. to suppress competing bids and prevent fair market competition.
• Rachel Naman (Attorney, Loewenstein Sandler): Allegedly orchestrated legal maneuvers to suppress VPX's financial recovery and eliminate market competition on behalf of Monster Energy.
• All Board Members of Monster Energy Corporation (to be identified through discovery): Suspected of participating in anticompetitive business practices aimed at monopolizing the energy drink market through fraudulent bankruptcy strategies and suppression of bids.

Additional Individuals with Relevant Knowledge
• Gabriel de Alba (Alleged Recipient of $1 Million Bribe from Truist Bank to Corrupt Bidding Process): Suspected of bid-rigging, fraudulent transactions, and estate mismanagement.

• Tega (Potential Rothschild Co-Conspirator in $3.7 Billion RICO Scheme): Allegedly involved in bid suppression and asset misappropriation.
• Allison Rincon (Personal Assistant to Mr. Owoc): Allegedly aware of insider dealings, financial mismanagement, and improper transactions related to the bankruptcy estate.


Conclusion

This finalized motion presents a compelling case for Rule 2004 examinations of the key individuals and entities involved in the alleged fraudulent bankruptcy of Vital Pharmaceuticals, Inc. By conducting these depositions and document requests, the Court can uncover hidden financial transactions, expose misconduct, and determine potential legal actions to recover assets for creditors.