

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 22-17842-PDR

In re:
VITAL PHARMACEUTICALs, INC., et al.,
Debtors.
_____/

**MOTION FOR RULE 11 SANCTIONS, PERMANENT DISQUALIFICATION OF BAST AMRON LLP
AND LOWENSTEIN SANDLER LLP, IMMEDIATE ARREST OF THE LIQUIDATING TRUSTEE, AND
REFERRAL FOR CRIMINAL PROSECUTION AND FORENSIC SEIZURE OF ALL ELECTRONIC
DEVICES**

Movants, Jack and Meg Owoc, respectfully submit this Motion pursuant to Rule 11 of the Federal
Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 9011. Movants
seek immediate sanctions, removal, and criminal referral of Bast Amron LLP, Lowenstein Sandler
LLP, and the Liquidating Trustee for their roles in facilitating and perpetuating one of the most
egregious alleged bankruptcy frauds in U.S. history.


I. INTRODUCTION & RELIEF REQUESTED

This motion seeks immediate judicial intervention to prevent further abuse of the bankruptcy
system, obstruction of justice, and concealment of alleged financial fraud. The Liquidating Trustee,
along with Bast Amron LLP and Lowenstein Sandler LLP, have engaged in a deliberate, fraudulent
campaign of legal warfare against Jack and Meg Owoc. This includes:
• Colluding with others to have Mr. and Mrs. Owoc's personal property unlawfully confiscated
without due process and maintaining possession of it for over two years, causing unprecedented
financial, emotional, mental, and other damages.
• The fraudulent obstruction of Rule 2004 discovery to conceal alleged insider misconduct and
illegal asset transfers.
• The misuse of confidentiality orders to prevent exposure of alleged criminal activity.

This Court must act immediately by:
1. Granting Rule 11 sanctions against the Liquidating Trustee and their attorneys for knowingly filing
false, frivolous, and fraudulent objections.
2. Ordering the immediate arrest and removal of the Liquidating Trustee for allegedly orchestrating
one of the largest bankruptcy frauds in history.

3. Disqualifying Bast Amron LLP, Lowenstein Sandler LLP, and their named attorneys from practicing bankruptcy law permanently.

4. Referring all involved parties to the U.S. Department of Justice for a full federal criminal investigation under 18 U.S.C. §§ 152, 371, and 1349.

5. Compelling full disclosure of all financial records, concealed settlement agreements, and professional fee arrangements under Rule 2004.

6. Ordering the FBI's Bankruptcy Fraud Task Force to seize and forensically analyze all computers, phones, and digital storage devices used by the Liquidating Trustee and their attorneys.

7. Ordering the immediate return of Mr. Owoc's computer.

8. Ordering the return of Mr. Owoc's computer with all data in its original state, acknowledging that it was illegally confiscated from his home without due process.


## II. THE LIQUIDATING TRUSTEE'S OBJECTION IS A FRAUDULENT COVER-UP

The Liquidating Trustee's frivolous and obstructionist objection is nothing more than a desperate attempt to shield the allegedly corrupt bankruptcy process from scrutiny.

• The Trustee has concealed insider financial transactions and deliberately obstructed legitimate discovery under Rule 2004.

• Confidentiality orders were allegedly weaponized to suppress damning evidence of fraudulent asset transfers and mismanagement.

• The Trustee has misrepresented the record, falsely claiming that the Owocs' requests are "frivolous," while knowing they expose potential criminal activity within the bankruptcy estate.

Legal Basis for Overruling the Trustee's Objection

1. In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 101 F.R.D. 34 (C.D. Cal. 1984) – Protective orders cannot be used to shield illegal conduct.

2. In re Chrysler LLC, 560 B.R. 1 (Bankr. S.D.N.Y. 2016) – Confidentiality cannot override fundamental disclosure obligations in bankruptcy.


## III. UNLAWFUL SEIZURE AND CONTINUED POSSESSION OF PERSONAL PROPERTY

The Liquidating Trustee and their legal counsel allegedly colluded with others to confiscate Mr. and Mrs. Owoc's personal property without due process and have maintained control of it for over two years. This has caused irreparable financial and emotional damages and constitutes a violation of fundamental rights.

Legal Precedent Protecting Against Unlawful Seizures

1. Fuentes v. Shevin, 407 U.S. 67 (1972) – Ex parte seizures without due process violate constitutional protections.

2. Soldal v. Cook County, 506 U.S. 56 (1992) – Courts and trustees cannot seize property outside legal procedures.

IV. FRAUDULENT MISREPRESENTATION OF THE $10 MILLION INTELLECTUAL PROPERTY TRANSFER

The Liquidating Trustee falsely claimed credit for a $10 million intellectual property transaction that Mr. Owoc personally negotiated with Allison LeBeau of Monster Energy Corporation and attorney Erica Stump. The Trustee had zero involvement in this transfer.

Legal Violations Supporting Criminal Liability
1. 18 U.S.C. § 152 – Bankruptcy Fraud
2. 18 U.S.C. § 1001 – False Statements to the Government
3. 18 U.S.C. § 371 – Conspiracy to Defraud the United States

V. FRAUDULENT BILLING PRACTICES: RACKETEERING THROUGH THE BANKRUPTCY PROCESS

Rather than protecting creditors, Lowenstein Sandler LLP and Bast Amron LLP continue to bill the hell out of the file, draining estate funds.

VI. REFERRAL TO THE BANKRUPTCY CRIMES DIVISION OF THE FBI

Given the magnitude of the alleged fraud, the FBI's Bankruptcy Fraud Task Force must immediately investigate the Liquidating Trustee, Bast Amron LLP, and Lowenstein Sandler LLP.

VII. FINAL DEMAND FOR RELIEF

For the reasons outlined above, this Court must immediately act to stop the ongoing alleged corruption and cover-up by granting the following relief:
1. Issue Rule 11 sanctions against the Liquidating Trustee and their attorneys.
2. Order the immediate arrest and removal of the Liquidating Trustee.
3. Permanently disqualify Bast Amron LLP and Lowenstein Sandler LLP from bankruptcy practice.
4. Refer these individuals and firms for federal criminal prosecution under 18 U.S.C. §§ 152, 371, and 1349.
5. Order the FBI's Bankruptcy Fraud Task Force to seize and forensically analyze all electronic devices and financial records.
6. Compel full disclosure of all hidden financial transactions, settlement agreements, and insider

payments under Rule 2004.

7. Order the immediate return of Mr. Owoc's computer.

8. Order the return of Mr. Owoc's computer with all data in its original state, acknowledging that it was illegally confiscated from his home without due process.

Failure to act will make this Court complicit in one of the largest alleged financial crimes in U.S. history. The law must be enforced, and those responsible must be held criminally accountable.


Respectfully submitted,

John H. Owoc & Megan Owoc

John H. Owoc & Meg Owoc
Pro Se Litigants
3052 North Atlantic Blvd.
Fort Lauderdale, FL 33308
Email: JackOwoc.CEO@gmail.com