

ORDERED in the Southern District of Florida on June 20, 2025.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

Vital Pharmaceuticals, Inc., et al.,         Case No. 22-17842-PDR

    Debtors.                                          Chapter 11
                                              (Jointly Administered)
_____/

## ORDER DENYING SUPPLEMENTAL RECUSAL MOTIONS

    This matter came before the Court upon three motions filed by John H. Owoc, one of which is joined by his wife Megan Owoc (together, the "Movants"), again

seeking recusal of the undersigned. Those motions are: (i) *Extreme Time-Sensitive Emergency Motion To Disqualify Judge Peter D. Russin*,[1] (ii) *Motion to Supplement Record in Support of Judicial Disqualification Based on Newly Identified Testimony of Charles Delo Under Oath Confirming KDP's Multi-Billion Dollar Offer,*[2] and (iii) *Extreme Time-Sensitive Second Emergency Motion To Disqualify Judge Peter D. Russin*[3] (collectively, the "Supplemental Motion"). The Court previously entered its *Order Denying Recusal Motions*[4] on June 6, 2025, addressing three overlapping motions filed by the Movants.[5] The Supplemental Motion raises no new grounds for recusal and, for the reasons set forth below, is DENIED.

## I.     Allegations Concerning the Charles Delo Deposition

The Supplemental Motion asserts that newly submitted deposition testimony by Charles Delo, an investment banker at Rothschild & Co, confirms the existence of a $3.2–$3.7 billion acquisition offer from Keurig Dr Pepper ("KDP") that was purportedly concealed during the sale process. The Movants argue that this information undermines the Court's prior findings concerning the integrity of the

---

[1] Doc. No. 2915.

[2] Doc. No. 2916. This motion was jointly filed by Megan Owoc. The Court sealed the motion with its *Order Sealing Confidential Testimony* (Doc. No. 2919), pursuant to the Court's *Order Granting Motion for Protective Order* (Doc. No. 823). Given this *Order Denying Supplemental Recusal Motions* naturally must reveal the Confidential Information in-part, the parties may seek to seal this Order.

[3] Doc. No. 2917. This motion is essentially identical to Mr. Owoc's *Extreme Time-Sensitive Emergency Motion To Disqualify Judge Peter D. Russin*, the only difference being that this motion was addressed to Chief Judge Erik P. Kimball.

[4] Doc. No. 2912

[5] *See* Doc. Nos. 2905, 2907, 2910.

marketing and sale process and provides additional support for disqualification. It does not.

Before turning to the specific content of Mr. Delo's deposition, the Court notes that the entire premise of the Movants' theory—that this Court knowingly suppressed a multi-billion dollar bid to benefit a competing bidder—rests on an implausible foundation. To accept the Movants' argument, one would have to believe that numerous independent fiduciaries, estate professionals, lenders, creditors, and a publicly traded entity engaged in a secretive and unlawful collusion to suppress a superior offer, and that this was done without any evidentiary trace or contemporaneous objection, all under the Court's direction or with its blessing. This theory defies common sense and the robust procedural safeguards that govern court-supervised sales.

The Court has reviewed the newly attached deposition excerpts.[6] Mr. Delo testified that KDP submitted a non-binding indication of interest in or around August 2022, well before the petition date. He further testified that no formal offer materialized and that Rothschild did not receive a binding bid from KDP at any time thereafter. Mr. Delo did not follow up with KDP. As the company's litigation exposure worsened, his testimony confirms that Rothschild, in the exercise of its business judgment, did not deem the early expression of interest to be actionable or capable of being revived under the changed circumstances. Nothing in Mr. Delo's deposition contradicts the Court's prior findings.

---

[6] Doc. No. 2916, exs. A & B.

Importantly, the deposition in question was taken by Mr. Jonathan Feldman, then-counsel for Mr. Owoc. Despite having taken the deposition, Mr. Feldman made no effort to introduce it at the sale hearing. This strongly suggests that both Mr. Feldman and Mr. Owoc understood at the time that KDP's expression of interest was not a current or viable offer, but merely a preliminary inquiry.

The July 12, 2023 hearing transcript[7] confirms that Mr. Delo's sworn testimony in support of the sale was proffered by Debtors' counsel without objection. Mr. Feldman affirmatively declined to cross-examine Mr. Delo or to introduce contrary evidence. The transcript is devoid of any mention of a KDP offer, and no effort was made by Mr. Feldman or any party to admit the Delo deposition or to suggest that an alternative bid had been made or suppressed.

The failure to raise these issues at the sale hearing—when the Court explicitly inquired whether any party objected to the proposed sale—fatally undermines the credibility of the Movants' current assertions. No motion to continue, reopen bidding, or object to the sale was filed. No appeal of the *Sale Order*[8] was made.

Even if the information contained in the Delo deposition were assumed to be relevant, it was not before the Court at the time of the sale hearing and therefore could not have factored into the Court's findings. The Movants may not now rely on documents they chose not to raise when they had the opportunity. The absence of this

---

[7] Doc. No. 1742.

[8] Doc. No. 1658.

information from the hearing record reinforces the conclusion that it does not provide a basis for recusal or reconsideration.

## II. Allegation of a Closed Hearing

The Movants allege, without evidence, that the courtroom was cleared and Zoom access disabled during testimony from Mr. Owoc concerning the alleged KDP offer. The Court has reviewed the transcript of the July 12, 2023 hearing and finds no support for this claim. The hearing was open, transcribed, and conducted in the presence of counsel. At no point was the courtroom sealed, public access restricted, or any evidence excluded by the Court. The record reflects that all exhibits were admitted without objection and that the sale process was fully ventilated in open court.

The Movants offer no docket reference, transcript citation, or supporting declaration to substantiate their claim of a closed hearing. The Court did not order the courtroom cleared or Zoom disabled, and the procedural record confirms that no such measures were taken.

## III. Legal Standards and Application

As stated in the Court's prior order, recusal under 28 U.S.C. §§ 144 and 455 requires a showing of either actual bias or an appearance of partiality that would lead a reasonable person, fully informed of the facts, to question the judge's impartiality. Judicial rulings, even if erroneous, are not grounds for recusal.[9]

---

[9] *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Delo deposition confirms only that KDP expressed early, non-binding interest nearly a year before the asset sale. There is no evidence that KDP submitted a qualified bid under the Bidding Procedures, no suggestion that the Movants attempted to present this issue at the sale hearing, and no basis to infer judicial bias or misconduct. The record does not support the claim that this Court suppressed evidence, excluded public access, or acted to favor one bidder over another.

Moreover, the Movants' theory would require the Court to believe that dozens of independent fiduciaries, professionals, lenders, creditors, and a publicly traded company engaged in a coordinated scheme to suppress a multi-billion dollar bid in favor of a lower one. It would also require the implausible assumption that this conspiracy included the intentional withholding of material evidence and required consideration or inducement to every participant, all without leaving a trace in the voluminous record of this case. The Court finds this theory implausible, unsubstantiated, and unworthy of further judicial inquiry.

### IV. Conclusion

Accordingly, it is **ORDERED**:

1. The Supplemental Motion (Doc. Nos. 2915, 2916, and 2917) is **DENIED**.

# # #

Copies To:
All parties in interest.