


**ORDERED in the Southern District of Florida on July 17, 2025.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

Chapter 11 Cases

VITAL PHARMACEUTICALS, INC., *et al,*[1]

Case No. 22-17842-PDR

(Jointly Administered)

Debtors.
________________________________________/

**ORDER DENYING MOTIONS AND IMPOSING PRE-FILING INJUNCTION AGAINST JOHN H. OWOC AND MEGAN E. OWOC**

Every litigant is entitled to be heard. And this Court has listened — patiently, repeatedly, and at great length. But a litigant is not entitled to be heard forever, nor to use the Court's process as a platform to relitigate settled questions, to hurl accusations untethered to evidence, or to disrupt the fair administration of justice.

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

This matter came before the Court on John H. Owoc's *Second Emergency Motion to Disqualify Judge Peter D. Russin for Bias, Abuse of Authority, and Violation of Constitutional and Ethical Duties* (the "Disqualification Motion")[2] and *Emergency Motion to Vacate Order*[3] (the "Motion to Vacate"). While the Disqualification Motion was titled as a "second" motion to disqualify, this is in reality Mr. Owoc's seventh motion seeking recusal.[4] The six prior motions were denied by the Court's *Order Denying Recusal Motions*[5] and *Order Denying Supplemental Recusal Motions*[6] (together, the "Prior Orders Denying Recusal").

The Motion to Vacate challenges the Court's prior order[7] requiring Mr. Owoc to provide login credentials for his company-issued computer and authorizing the removal of estate property from that device.

Mr. Owoc — joined at times by his wife, Megan E. Owoc[8] (together, the "Movants") — has engaged in a campaign of litigation that has long since ceased to serve any constructive purpose. This includes filing *twenty-six* frivolous motions,[9]

[2] Doc. No. 2937.

[3] Doc. No. 2936.

[4] *See* Doc. Nos. 2905, 2907, 2910, 2915, 2916, 2917.

[5] Doc. No. 2912.

[6] Doc. No. 2922.

[7] Doc. No. 2904.

[8] This Order imposes a pre-filing injunction on both Mr. and Mrs. Owoc, given she jointly filed twelve of the frivolous motions. *See* Doc. Nos. 2820, 2821, 2824, 2825, 2839, 2872, 2873, 2874, 2905, 2907, 2916, 2924.

[9] *See* Doc. Nos. 2692, 2793, 2805, 2806, 2820, 2821, 2822, 2823, 2824, 2825, 2826, 2837, 2838, 2839, 2872, 2873, 2874, 2905, 2907, 2910, 2915, 2916, 2917, 2924, 2936, 2927.

coupled with threatening and inflammatory behavior at hearings. In a series of orders, this Court has addressed — patiently and at length — the many accusations and grievances raised by the Movants. In doing so, the Court has repeatedly explained why their claims are legally and factually unfounded, has denied their motions on the merits, and has warned — clearly and repeatedly — that continued misuse of the process would not be tolerated.

Despite those warnings, the filings have continued. The latest motions — seeking vacatur of a prior order and yet another recusal of the undersigned — raise nothing new. They simply recycle the same arguments that have already been rejected. They mischaracterize the record, ignore the procedural avenues provided to them to resolve their concerns, and impose yet more unnecessary cost and delay on the estate and this Court.

The Court's prior orders have already found that this pattern of filings is frivolous, vexatious, and an abuse of the judicial process.[10] The Court's Vexatious Designation Order warned: "should Mr. Owoc persist in filing frivolous, duplicative, or abusive motions, the Court may decline to set them for hearing and may impose reasonable filing restrictions, including requiring prior leave of court."[11]

In the time since the Vexatious Designation Order was entered on April 23, 2025, Mr. Owoc has filed nine more frivolous and duplicative motions.[12] The latest

---

[10] *See* Doc. No. 2890 (the "Vexatious Designation Order").

[11] Id. at p. 21.

[12] *See* Doc. Nos. 2905, 2907, 2910, 2915, 2916, 2917, 2924, 2936, 2937.

filings do not merely fail to disprove the Court's finding that Mr. Owoc is a vexatious litigant — they strengthen it. They provide yet another illustration of the very conduct that has led this Court to conclude that additional measures are necessary to protect the integrity of these proceedings.

A litigant's right of access to the courts is not absolute. As the Eleventh Circuit has emphasized, courts may impose reasonable filing restrictions when appropriate, and "[t]he only restriction on injunctions designed to protect against vexatious litigation is that a litigant cannot be completely foreclosed from any access to the court."[13] When the right to file is abused — through meritless, repetitive, and harassing filings — the Court not only may act but must act. Litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[14]

The Court has reviewed the Motion to Disqualify, which seeks once again to disqualify the undersigned. This is Mr. Owoc's seventh motion to recuse, each advancing the same core allegations of bias, impropriety, and retaliation, none of which have ever been substantiated by fact or law. The latest motion does not raise any new legal or factual grounds that were not already addressed and rejected in the Court's Prior Orders Denying Recusal. As those Orders have already stated, adverse rulings, firm case management, and the enforcement of lawful orders do not

---

[13] *Foley v. Orange Cnty.*, 2024 U.S. App. LEXIS 18143, *6 (11th Cir. 2024) (citing *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc)).

[14] *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1988) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).

constitute bias.[15] Filing a lawsuit against the presiding judge does not, by itself, create a basis for disqualification.[16] The Court finds that the motion merely rehashes arguments already considered and rejected, and it underscores — rather than undermines — the prior findings of vexatiousness. Accordingly, the Motion to Disqualify is denied.

The Court has also reviewed the Motion to Vacate, which challenges the Court's prior order requiring Mr. Owoc to provide login credentials for his company-issued computer and authorizing the removal of estate property from that device. That motion, like so many before it, rests on mischaracterizations of the record and inflammatory accusations unsupported by evidence. As the Court has previously explained in detail, Mr. Owoc was provided ample opportunity to retain his personal property and data — including the return of his data on a hard drive and the computer hardware — by complying with the reasonable and lawful procedures established by this Court.[17] Instead, he chose to disregard those procedures and persist in his campaign of baseless filings.[18] The Court finds that the Motion to Vacate merely continues the pattern of vexatious litigation already documented in the

---

[15] *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

[16] *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) (holding that "a judge is not disqualified merely because a litigant sues or threatens to sue him"); *In re Martin-Trigona*, 573 F. Supp. 1237, 1243–44 (D. Conn. 1983), aff'd, 770 F.2d 157 (2d Cir. 1985) (refusing to recuse despite pro se litigant's multiple lawsuits against judges).

[17] *See* Doc. Nos. 2697, 2777, 2881, 2904.

[18] *See* Doc. Nos. 2692, 2693, 2823, 2837.

Court's prior orders, and it provides yet another basis to conclude that the Movants' conduct cannot continue unchecked. Accordingly, the Motion to Vacate is denied.

Effective immediately, John H. Owoc and Megan E. Owoc are enjoined from filing any further motions, pleadings, or papers in this Chapter 11 case, without first obtaining leave of Court. To seek leave, the Movants must file a written request titled "Request for Leave to File," attach the proposed filing, and certify under penalty of perjury that the proposed filing is made in good faith, is not repetitive of prior arguments, and is not intended to harass any party or to burden the Court.

The Court will review any such request and determine whether the proposed filing may proceed. Unless and until leave is granted, no further filings from the Movants will be entertained.

This injunction does not bar the Movants from filing a timely notice of appeal from any final order of this Court, from responding to motions or discovery where a response is specifically required, or from participating as witnesses if properly noticed.

This Order adopts and incorporates the reasoning and findings of the Court's prior orders — including the Vexatious Designation Order,[19] the Order Denying Recusal Motions,[20] and the Order Denying Supplemental Recusal Motions[21] — each of which documented in detail the Movants' pattern of frivolous and vexatious

[19] Doc. No. 2890.

[20] Doc. No. 2912.

[21] Doc. No. 2922.

litigation. The Court now makes explicit what those orders already demonstrated: the Movants' conduct shall not be tolerated by this Court.

A judge is obliged to stand aside when impartiality is compromised. But a judge is equally obliged to remain and protect the proceedings from those who would abuse them. The record here leaves no doubt about which obligation controls.

This Court has listened, and it has ruled. It has explained, and it has warned. But the rule of law does not oblige the Court to entertain the same grievances endlessly, nor to allow its process to be turned into a weapon against itself. Justice demands both patience and finality — and today, the latter must prevail.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Disqualification Motion is **DENIED**.
2. The Motion to Vacate is **DENIED**.
3. Effective immediately, John H. Owoc (a.k.a. Jack Owoc) and Megan E. Owoc are enjoined from filing any further motions, pleadings, or papers on the docket in this Chapter 11 case, without first obtaining leave of Court.
4. To seek leave, the Movants must file a written request titled "Request for Leave to File," attach the proposed filing, and certify under penalty of perjury that the proposed filing is made in good faith, is not repetitive of prior arguments, and is not intended to harass any party or to burden the Court.

5. The Court will review any such request and determine whether the proposed filing may proceed. Unless and until leave is granted, no further filings from the Movants will be entertained.

6. This injunction does not bar the Movants from filing a timely notice of appeal from any final order of this Court, from responding to motions or discovery where a response is specifically required, or from participating as witnesses if properly noticed.

# # #

Copies to:
All parties in interest.